**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | MDL No. 2323<br>No. 12-md-2323-AB |
| THIS DOCUMENT RELATES TO:<br><br>VERNON MAXWELL, et al.<br><br>        Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE, et al.,<br><br>        Defendants. | CIVIL ACTION<br>Case No. 2:12-cv-1023 |

**RIDDELL DEFENDANTS' REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE
RE MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

BOWMAN AND BROOKE LLP
Paul G. Cereghini (SBN: 148016)
*Paul.Cereghini@bowmanandbrooke.com*
Vincent Galvin, Jr. (SBN: 104448)
*Vincent.Galvin@bowmanandbrooke.com*
Marion V. Mauch (SBN: 253672)
*Marion.Mauch@bowmanandbrooke.com*
879 West 190th Street, Suite 700
Gardena, CA 90248-4227
Tel: (310) 768-3068
Fax: (310) 719-1019

Attorneys for Defendants RIDDELL, INC.; ALL AMERICAN SPORTS CORPORATION; RIDDELL SPORTS GROUP, INC.; EASTON-BELL SPORTS, INC.; EASTON-BELL SPORTS, LLC; EB SPORTS CORP.; and RBG HOLDINGS CORP.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON MAXWELL, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL FOOTBALL LEAGUE, et al.,<br><br>Defendants. | CASE NO.: CV 11-8394 R (MANx)<br><br>**RIDDELL DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE RE MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date: February 6, 2012<br>Time: 10:00 a.m.<br>Dept: Courtroom 8<br><br>Judge: Hon. Manuel L. Real<br>Notice of related cases:<br>No. CV 11-08395 R (MANx)<br>No. CV 11-08396 R (MANx) |

1

CV 11-8394 R (MANx)

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. ARGUMENT

Defendants Riddell, Inc. (erroneously styled as "d/b/a Riddell sports Group, Inc."); All American Sports Corporation; Riddell Sports Group, Inc.; Easton-Bell Sports, Inc.; Easton-Bell Sports, LLC; EB Sports Corp.; and RBG Holdings Corp. (collectively, the "Riddell Defendants"),[1] pursuant to L.R. 7-10, submit this reply memorandum in response to Plaintiffs' Opposition to Riddell Defendants' Request for Judicial Notice in Support of Motion to Dismiss Amended Complaints (*Maxwell* ECF No. 83) ("Pls.' Opp.") and in support of the Riddell Defendants' Request For Judicial Notice relating to their Motion to Dismiss Plaintiffs' First Amended Complaint (*Maxwell* ECF No. 73). Because the *Maxwell, Pear,* and *Barnes* oppositions are nearly identical on this issue, and in the interest of economy and avoiding duplication, the Riddell Defendants reply to each opposition with this reply. As set forth herein and in the Riddell Defendants' opening memorandum, this Court can and should take judicial notice of the Complaint filed by Plaintiffs' counsel in *Hardman v. National Football League, et al.*, Los Angeles County Superior Court Case NO. BC471229.

### A. Judicial notice of the *Hardman* complaint filed by Plaintiffs' own counsel is appropriate.

According to Federal Rules of Evidence, Rule 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or, (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Moreover, federal courts routinely take judicial notice of pleadings in other lawsuits, such as the *Hardman* complaint. *See, e.g., Rothman v. Gregor*, 220 F.3d 81, 91-92 (2nd Cir. 2000) (taking judicial notice pursuant to Rule

---

[1] Referring to these Defendants collectively is for convenience only and does not imply or concede that they are properly joined or named as Defendants, and the "Riddell Defendants" reserve the right to move to dismiss some or all of them.

201 of subsequent lawsuit filed by defendants); *National Union Fire Ins. Co. of Pittsburgh, PA v. Petro*, 189 F. Supp. 651, 653 (S.D. Ind. 1960) (taking judicial notice of defendant's prior lawsuit and allegations therein).

**B. Plaintiffs do not provide any authority to support their position that judicial notice of the *Hardman* complaint would be improper.**

Plaintiffs' own counsel clearly states in *Hardman* that "[t]he NFL has estimated that 75% of the helmets used in the League are manufactured by Riddell; Riddell estimated that the figure was 77%." (*Id.* at ¶ 100.) Thus, Plaintiffs' counsel concedes that not all NFL players use helmets manufactured by Riddell. Yet, Plaintiffs' counsel now apparently argues in their Opposition that those statements "lack a high degree of indisputability" without providing any authority for such position. *See Maxwell* Pls. Opp. at 3.

Likewise, Plaintiffs provide no authority for their bald assertion that judicial notice should be denied because the *Hardman* complaint has since been voluntarily dismissed. *See Maxwell* Pls. Opp. at 3. To the contrary, in fact, these same Plaintiffs' counsel – Girardi|Keese, among others – have since restated the same allegations concerning the 75% and 77% figures in more recently filed actions. *See, e.g., Boyd v. Nat'l Football League*, Case No. 2:12-cv-00092-AB (E.D. Pa. Jan. 9. 2012) Compl. (ECF No. 1-16) ¶ 189 ("The NFL has estimated that 75% of the helmets used in the League are manufactured by Riddell; Riddell estimated that the figure was 77%.").

///
///
///
///
///
///
///

## II. CONCLUSION

This Court should grant the Riddell Defendants' Request for Judicial Notice in support of their Motion to Dismiss Plaintiffs' First Amended Complaint in its entirety.

DATED: January 23, 2012     BOWMAN AND BROOKE LLP


By /s/ Paul G. Cereghini
Paul G. Cereghini
Vincent Galvin
Marion V. Mauch
Attorneys for the Riddell Defendants

4

CV 11-8394 R (MANx)

**PROOF OF SERVICE**

**F.R.C.P. Rule 5(b)(2)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 879 West 190th Street, Suite 700, Gardena, CA 90248-4227.

I hereby certify that on **January 23, 2012**, I served the document: **RIDDELL DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE RE MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** on all interested parties in this action by placing **a true copy** thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

( )   **BY MAIL (F.R.C.P. Rule 5(b)(2))**

( )   **BY OVERNIGHT DELIVERY (F.R.C.P. Rule 5(b)(2))**

( )   As follows: I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under the practice, the envelope would be put in a sealed envelope and deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than **1** day after date of deposit for mailing in affidavit.

**(X)**   **BY CM/ECF:** I hereby certify that I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the parties as shown on the attached Service List.

( )   **BY PERSONAL SERVICE (F.R.C.P. 5(2)):** I delivered such envelope by hand to the addressee.

Executed on **January 23, 2012**, at Gardena, California.

**(X)**   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Regina Foley

## SERVICE/MAILING LIST

### Vernon Maxwell et al. v. National Football League, et al.

United States District Court–Central District of California - Western Division Case No: CV 11-8394 R (MANx)

| | |
|---|---|
| Thomas V. Girardi, Esq.<br>GIRARDI | KEESE<br>1126 Wilshire Boulevard<br>Los Angeles, CA 90017 | **Attorneys for Plaintiffs**<br><br>Tel: (213) 977.0211<br>Fax: (213) 481.1554 |
| Herman Russomanno, Esq.<br>Robert Borrello, Esq.<br>RUSSOMANNO & BORRELLO, P.A.<br>150 West Flagler Street – PH 2800<br>Miami, FL 33130 | **Attorneys for Plaintiffs**<br><br>Tel: (305) 373.2101<br>Fax: (305) 373.2103 |
| Jason E. Luckasevic, Esq.<br>John T. Tierney, III, Esq.<br>GOLDBERG, PERSKY & WHITE, P.C.<br>1030 Fifth Avenue<br>Pittsburgh, PA 15219 | **Attorneys for Plaintiffs**<br><br>Tel: (412) 471.3980<br>Fax: (412) 471.8308 |
| Ronald L. Olson, Esq.<br>Glenn d. Pomerantz, Esq.<br>John M. Rappaport, Esq.<br>MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue, 35th<br>Los Angeles, CA 90071-1560 | **Attorneys for Defendants**<br>**NATIONAL FOOTBALL LEAGUE and**<br>**NFL PROPERTIES LLC**<br><br>Tel: (213) 683.9100<br>Fax: (213) 683.5100 |
| Brad S. Karp, Esq.<br>Theodore V. Wells, Jr., Esq.<br>Lynn B. Bayard, Esq.<br>Beth A. Wilkinson, Esq.<br>Bruce Birenboim, Esq.<br>PAUL, WEISS, RIFKIND, WHARTON<br>& GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064 | **Attorneys for Defendants**<br>**NATIONAL FOOTBALL LEAGUE and**<br>**NFL PROPERTIES LLC**<br><br>Tel: (212) 373.3000<br>Fax: (212) 757.3990 |

1496338-WE 1