PETER A. STROTZ, Bar No. 129904
  PStrotz@filicebrown.com
WILLIAM E. STEIMLE, Bar No. 203426
  WSteimle@filicebrown.com
**FILICE BROWN EASSA & MCLEOD LLP**
333 South Grand Avenue, Suite 4200
Los Angeles, CA 90071-3124
Telephone:  (213) 687-2666
Facsimile:   (213) 687-2660

Attorneys for Defendants
ASTRAZENECA LP and
ASTRAZENECA PHARMACEUTICALS LP

JS-6

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ERIC ADAMS, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> I-FLOW CORPORATION, et al., <br><br> Defendants. | Case No. CV09-09550 R (SSx) <br><br> **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6); AND MOTIONS TO STRIKE PURSUANT TO F.R.C.P. 12(f)** |

This matter comes before the Court on the motions to dismiss and/or strike of Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP, Breg Inc., DJO Incorporated, DJO, LLC, I-Flow Corporation, Moog Inc., McKinley Medical, LLC, Curlin Medical Inc., Sorenson Medical Products Inc., Stryker Corporation, and Stryker Sales Corporation (collectively "Defendants"). For the reasons set forth below, the motions to dismiss and strike are GRANTED.

Defendants Abbott Laboratories, Hospira, Inc., APP Pharmaceuticals, LLC, APP Pharmaceuticals, Inc., Abraxis BioScience, LLC, Abraxis BioScience, Inc.,

and Pacfic Medical, Inc. also filed motions to dismiss and/or strike based on the same grounds as the instant motions. Those motions were scheduled to be heard on April 5, 2010, and May 3, 2010. Because these motions present the same issues as the instant motions and because the Court has ordered plaintiffs' claims severed with each plaintiff to file his or her own individual complaint, the Court orders the motions scheduled for April 5, 2010, and May 3, 2010, OFF CALENDAR AS MOOT; and therefore, this case, CV-09-9550-R, is now closed without prejudice to individual plaintiffs filing separate actions against specific defendants under new case numbers, as further indicated in this order.

## I.

## **FACTUAL AND PROCEDURAL BACKGROUND**

This case involves a so-called "mass action" product liability lawsuit removed from the Superior Court of the State of California for the County of Los Angeles pursuant to 28 U.S.C. sections 1332(d) and 1453. As alleged in the Complaint, one-hundred, forty-one (141) plaintiffs underwent separate shoulder surgeries at different times, in different hospitals, in thirty-seven (37) states and Canada, that were performed by different doctors, to treat different injuries to plaintiffs' respective shoulders, over the span of a ten (10) year period. Following each plaintiff's respective surgery, an unidentified pain pump was used to administer an unidentified pain relief medication into the plaintiff's shoulder joint. Plaintiffs claim injury as a result of the unidentified pain pumps' administration of the unidentified anesthetics.

Plaintiffs sue twenty-two (22) defendants who they allege manufactured and distributed either pain pumps or anesthetics, presumably of the type used following plaintiffs' surgeries. Nowhere in their Complaint does even one of the plaintiffs identify the particular pain pump or anesthetic used following his or her specific surgery or the manufacturers of those products. Instead, the Complaint uses

generalized terms to identify these products, such as "pain pump" and "local anesthetic." *See, e.g.*, Complaint, ¶ 1.

Plaintiffs allege the following causes of action against all defendants generally: negligence (and negligence per se), strict products liability, breach of express warranty, breach of implied warranty, negligent misrepresentation, and fraudulent concealment. Plaintiffs assert an additional cause of action for violation of state consumer fraud and deceptive trade practices acts against a group of the defendants, which plaintiffs call the "Defendant Pain Pump Manufacturers"[1]

In their Oppositions to the several defendants' motions, plaintiffs admit that, at the time they filed the Complaint, they did not know the identity of the manufacturer of the pain pump or the anesthetic that was used in any of their respective surgeries. *See, e.g.*, Plaintiffs' Opposition to Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP's Motion to Dismiss; and Motion to Strike Pursuant to F.R.C.P. 12(b)(6) [Document 39] at 3:5-7, 7:9-13. However, in Oppositions to defendants' motions and at oral argument, plaintiffs' counsel represented that they have obtained information that will permit some, but not all, plaintiffs to identify the manufacturer of the pain pump that was used in the surgeries of the individual plaintiffs. *See, e.g.*, *id.* at 7:7-9. The plaintiffs who do not know the identity of the pain pump or anesthetic used following their surgery request discovery to ascertain this information. *See*, *e.g., id.* at 7:9-13.

---

[1] Plaintiffs define "Defendant Pain Pump Manufacturers" to include Defendants I-Flow Corporation, Stryker Corporation, Stryker Sales Corporation, McKinley Medical, LLC, Moog Inc., Curlin Medical Inc., DJO Incorporated, DJO, LLC, Reable Therapeutics, Inc., Pacific Medical, Inc., Breg Inc., Orthofix, Inc., Sgarlato Laboratories, Inc., Sorenson Medical Products Inc.

- 3 -

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS TO STRIKE**
**CASE NO. CV09-09550 R (SSx)**

## II.

## MOTION TO DISMISS

### A. Plaintiffs' Entire Complaint Fails to State a Claim

#### 1. Legal Standard

A defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 8 requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The complaint need not contain detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference *the defendant* is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that *a defendant* has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" *a defendant's* liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (emphasis added).

In resolving a 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). The Court must also accept as true all reasonable inferences to be drawn from the material allegations in the complaint. *Pareto v. F.D.I.C.*, 139 F.3d

- 4 -

696, 699 (9th Cir. 1998). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. *Iqbal*, 129 S.Ct. at 1950, citing *Twombly*, 550 U.S. at 555.

When granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). When it is clear the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *See Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### 2. Discussion

The Complaint fails to state a claim against Defendants under Rule 8, *Twombly*, and *Iqbal*. To state a claim against any of the defendants, each plaintiff must allege that each defendant caused his or her alleged injuries. Specifically, in an action such as this, a plaintiff must allege the identity of the particular defendant who manufactured the pain pump and the particular defendant who manufactured the anesthetic that allegedly injured plaintiff. *See Timmons, et al. v. Linvatec Corporation, et al.*, 2010 WL 476661 *2 (C.D. Cal. 2010).

The Complaint does not allege that any particular plaintiff was administered a particular drug through a particular pain pump that was manufactured by a particular defendant. Instead, plaintiffs plead only generally that they were injured by pain pumps and anesthetics of the type made by defendants. By suing fourteen (14) "Defendant Pain Pump Manufacturers" and eight (8) "Defendant Anesthetic Manufacturers," the Complaint at most alleges that the individual defendants theoretically could have been the one who manufactured the pain pump or anesthetic used following each plaintiff's surgery. But, the Complaint never specifies that any one of the defendants, as opposed to the 21 other defendants, caused each plaintiff's claimed injury. As such, plaintiffs plead nothing more than the sheer possibility that any particular defendant might have manufactured the product that allegedly injured each plaintiff. This sort of speculative pleading is not

permitted under the plain text of Rule 8, which requires a "statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 129 S.Ct. 1937; *see also Timmons, et al. v. Linvatec Corporation, et al.*, 2010 WL 476661 *2 (C.D. Cal. 2010). Accordingly, plaintiffs' Complaint must be dismissed for failure to state a claim.

However, as plaintiffs' counsel has represented to the Court that some of the plaintiffs have the requisite evidentiary support under Rule 11 to plead the identity of some of the manufacturers of the pain pumps used following their surgeries, the Court cannot conclude that leave to amend would be futile as to all of the one-hundred, forty-one (141) plaintiffs. *Compare*, *Timmons, et al. v. Linvatec Corporation, et al.*, 2010 WL 476661 at *4. Accordingly, and as explained in more detail below, plaintiffs are granted leave to amend to identify (1) the particular pain pump used, (2) the particular anesthetic they received, and (3) the manufacturer of those products.

### B. Statute of Limitations

In a federal diversity action based on alleged violations of state law, the state statute of limitations controls. *Bancorp Leasing and Financial Corp. v. Agusta Aviation Corp.*, 813 F.2d 272, 274 (9th Cir. 1987). The present action was removed to this Court pursuant to 28 U.S.C. 1332(d), a subsection of the diversity jurisdiction statute.

California has a two-year statute of limitations with respect to plaintiffs' claims based on negligence and strict product liability theories. Cal. Code Civ. Proc., §§ 335 and 335.1. California law includes a discovery rule that delays the accrual of a cause of action until a plaintiff either became aware of the injury and its cause or could have discovered the injury and cause through reasonable diligence. *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103. Plaintiff, however, must specifically plead facts to show the time and manner of discovery and the inability to have made an earlier discovery despite reasonable diligence. *Fox v. Ethicon*

- 6 -
**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS TO STRIKE**
**CASE NO. CV09-09550 R (SSx)**

1 *Endo-Surgery, Inc.*, 35 Cal.4th 797, 808 (2005).

2      Plaintiffs filed this lawsuit on October 28, 2009. Therefore, several of
3 plaintiffs' claims are facially time-barred based on the dates of their surgeries and
4 corresponding injuries. For example, any claim based on negligence or strict
5 product liability theories for an injury that occurred prior to October 28, 2007, is
6 facially barred by the two-year statute of limitations of California Code of Civil
7 Procedure section 335.1.

8      Plaintiffs' Complaint generically alleges on behalf of all one-hundred, forty-
9 one (141) plaintiffs that they were unaware of a causal link between their alleged
10 injuries and defendants' products until less than one year prior to filing the
11 Complaint. *See* Complaint, ¶ 144. This conclusory allegation fails to state when
12 and how each plaintiff discovered his or her alleged injuries were caused by
13 defendants' products. It also fails to provide any facts that support their assertion as
14 to why each plaintiff could not have discovered this information earlier.
15 Accordingly, plaintiffs have not pled facts that are sufficient to invoke the
16 discovery rule to delay the accrual of their individual causes of action, as required
17 under California law. Thus, several of the plaintiffs' claims, including the
18 negligence and strict product liability claims of the plaintiffs who underwent
19 surgery prior to October 28, 2007, are facially time-barred and are dismissed.
20 Plaintiffs are given leave to amend to state, if they can, the information required
21 under *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797 to delay the accrual of
22 their causes of action.

23     **C.    Plaintiffs' Breach of Warranty Claims**

24      Plaintiffs' Third and Fourth Causes of Action for breach of warranty cannot
25 be maintained under California law and are dismissed with prejudice. Under
26 controlling California law, privity between the patient and the manufacturer of
27 medical device or pharmaceutical product is a necessary component of breach of
28 warranty claims. *See Blanco v. Baxter Healthcare Corp.*, 158 Cal.App.4th 1039,

- 7 -

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS TO STRIKE
CASE NO. CV09-09550 R (SSx)**

Exhibit "A"
Page 34

1058-59 (2008). In the context of prescription medical devices and pharmaceuticals, the transaction is between the manufacturer and the physician, not the patient. *Id.* Plaintiffs' Complaint is devoid of any facts suggesting that plaintiffs relied upon anything other than their physicians' skill and judgment in selecting and prescribing the anesthetics and pain pumps. Indeed, because the Complaint alleges that the local anesthetics and pain pumps were administered post-surgery in a hospital environment, no plausible inference can be drawn that any purchase of a product at issue was based on a warranty from the manufacturer to the plaintiff. There was simply no relationship between the defendant manufacturers and the plaintiffs. Under these circumstances, plaintiffs cannot maintain claims based on breach of express or implied warranty and these claims are dismissed with prejudice.

### D. Plaintiffs' Fraud and Misrepresentation Claims

A cause of action for negligent misrepresentation or fraudulent concealment must be pled with heightened specificity. Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003); *Meridian Project Sys., Inc. v. Hardin Constr. Co.*, 404 F.Supp.2d 1214, 1219 (E.D. Cal. 2005). Thus, a plaintiff must plead "the who, what, when, where and how" of the fraud or misrepresentation. *Vess*, 317 F.3d at 1106. Moreover, when a plaintiff sues multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require(s) plaintiffs to differentiate their allegations when suing more than one defendant … and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMB LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007). Thus, in order to state a valid fraud or misrepresentation claim, plaintiffs must identify the alleged misrepresentations made to them by each defendant with heightened specificity.

The Fifth and Sixth Causes of Action of the Complaint fail to satisfy the heightened pleading requirements of Rule 9(b). The one hundred, forty-one (141)

- 8 -

plaintiffs impermissibly lump together their allegations against all defendants. Further, the allegations fail to set forth any facts concerning the "who, what, when, where, and how" with respect to the alleged fraud and misrepresentations. Accordingly, the Fifth and Sixth Causes of Action for fraud and misrepresentation are dismissed. Plaintiffs are permitted leave to amend these claims in conformity with Rule 9(b) and this order.

### E. Fraud and Deceptive Trade Practices Act Claims

Plaintiffs assert a Seventh Cause of Action for Violation of State Consumer Fraud and Deceptive Trade Practices Act against the defendants they group together as "Defendant Pain Pump Manufacturers." Although not clearly stated, it appears plaintiffs are attempting to allege a claim for violation of California Business and Professions Code sections 17200, *et seq.*, typically referred to as the Unfair Competition Law. Section 17200*, et seq.* prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising. To plead such a claim, however, a plaintiff must allege with reasonable particularity facts to support the statutory elements of the violation. *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612 (1993). Plaintiffs, however, fail to offer any particularity with respect to the alleged violations by each "Defendant Pain Pump Manufacturer."

Plaintiffs offer no particularity with respect their Seventh Cause of Action. They allege no facts as to which misrepresentations were made by which defendants. They have not alleged that any of the "Defendant Pain Pump Manufacturers" conducted any specific business activity or advertising, unfair or not, which in any way caused any loss of money or property to any plaintiff. Thus, plaintiffs' Seventh Cause of Action fails to state a claim on behalf of any particular plaintiff against any particular defendant. Accordingly, the Seventh Cause of Action is dismissed. Plaintiffs are given leave to amend to adequately plead

- 9 -
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS TO STRIKE
CASE NO. CV09-09550 R (SSx)

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

Exhibit "A"
Page 36

plausible claims of relief on behalf of each individual plaintiff against each individual defendant.

///

///

///

# III.

# **MOTION TO STRIKE**

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (reversed on other grounds *sub nom. Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded" and "'[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question.'" *Id*. (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07, 711 (1990)).

### A. Design Defect Allegations

Controlling California law unequivocally bars strict liability claims for design defect against pharmaceutical manufacturers. *See Brown v. Superior Court*, 44 Cal.3d 1049, 1061 (1988) ("[A] drug manufacturer's liability for a defectively designed drug shall not be measured by the standards of strict liability."); *see also Artiglio v. Superior Court of San Diego County*, 22 Cal.App.4th 1388, 1392-93 (1994). In *Brown*, the California Supreme Court held that both of the tests for establishing design defect in California — i.e., the consumer expectations test and the risk-benefit test — are inappropriate in the context of prescription pharmaceutical products.

- 10 -

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS TO STRIKE**
**CASE NO. CV09-09550 R (SSx)**

Plaintiffs' Complaint contains allegations asserting a design defect theory, including allegations concerning the tests for design defect liability. Inasmuch as these allegations are related only to design defect theories of products liability that are unequivocally barred by California law, they are stricken without leave to amend as immaterial and impertinent.

### B. Allegations of Failure to Warn Plaintiffs, the Public, and the FDA

In personal injury cases involving prescription medications and devices, a manufacturer's duty to warn runs only to the physician or other "learned intermediary" — *not* to the patient or the general public. *See Carlin v. Superior Court*, 13 Cal.4th 1104, 1116 (1996) ("in the case of prescription drugs, the duty to warn runs *to the physician*, not to the patient"). "In the case of medical prescriptions . . . 'there is no duty by the drug manufacturer to insure that the warning reaches the doctor's patient for whom the drug is prescribed.'" *Stevens v. Parke, Davis & Co.*, 9 Cal.3d 51, 65 (1973) (internal quotations and citation omitted). The patient is presumed to have learned "through the physician ... of the properties and proper use of the drug or implant." *Valentine v. Baxter Healthcare Corp.*, 68 Cal.App. 4th 1467, 1483 (1999). (emphasis in original); *see also Sherman v. Stryker Corp.*, 2009 WL 2241664, *4 (C.D. Cal. March 30, 2009).

Furthermore, state-law claims predicated on allegations that a manufacturer made misrepresentations to the Food and Drug Administration ("FDA") are prohibited by federal law. *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 350, 353 (2001) (barring state-law "fraud-on-the-FDA" claims because they "inevitably conflict with the FDA's responsibility to police fraud consistently with the Administration's judgment and objectives"); *see also Kimmel, Inc. v. DowElanco,* 275 F.3d 1199, 1204-07 (9th Cir. 2002) (applying *Buckman* to preclude a California state law claim for intentional interference with a prospective economic advantage premised on the allegation that defendant knowingly submitted false information to the EPA).

- 11 -
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS TO STRIKE
CASE NO. CV09-09550 R (SSx)

Plaintiffs' Complaint contains allegations that Defendants failed to warn plaintiffs, the public, and the FDA. As these allegations are unequivocally barred under California and federal law, leave to amend would be futile. The Court strikes these improper allegations without leave to amend.

### C. Plaintiffs' Request for a Constructive Trust Over Defendants' Profits

Based on their Seventh Cause of Action for Violation of State Consumer Fraud and Deceptive Trade Practices Act, Plaintiffs pray for the "[i]mposition of a constructive trust over and restitution of the monies collected and profits realized by the DEFENDANT PAIN PUMP MANUFACTURERS." However, "non-restitutionary disgorgement of profits is not an available remedy in an individual action under the [Unfair Competition Law]." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (2003). Plaintiffs do not contend that, as a result of the alleged unfair, deceptive, and illegal practices, they gave money or property to any of the Defendant Pain Pump Manufacturers. Thus, plaintiffs impermissibly seek non-restitutionary disgorgement of profits. Accordingly, plaintiffs' prayer for "imposition of a constructive trust over and restitution of the monies collected and profits realized by the DEFENDANT PAIN PUMP MANUFACTURERS" is stricken without leave to amend.

### D. Plaintiffs' Request for Injunctive Relief

Based on their Seventh Cause of Action for Violation of State Consumer Fraud and Deceptive Trade Practices Act, Plaintiffs seek to enjoin Defendant Pain Pump Manufacturers from engaging in unspecified acts of unfair competition. Injunctive relief under the Unfair Competition Law, however, is available only to plaintiffs who can establish that they have no adequate remedy at law for damages available to them. *Philpott v. Superior Court*, 1 Cal.App.2d 512, 517 (1934); *Knox v. Phoenix Leasing Inc.,* 29 Cal.App.4th 1357 (1994); *Prudential Home Mortgage Company, Inc. v. Superior Court*, 66 Cal.App.4th 1236 (1998). Should plaintiffs

- 12 -

ultimately prevail on their claims, they will be adequately compensated for their alleged injuries by an award of damages. Accordingly, plaintiffs' request for injunctive relief is improper and is stricken without leave to amend.

## IV.

## MISJOINDER OF CLAIMS

Rule 20 of the Federal Rules of Civil Procedure specifies when parties plaintiff may be joined in one action. In pertinent part, it provides:

> Persons may be joined in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all parties will arise in the action.

Fed. R. Civ. P 20(a)(1). The California rule on joinder of parties plaintiff is practically identical to Rule 20. *See* Cal. Code Civ. Proc. § 378(a)(1) ("All persons may join in one action as plaintiffs if: [¶] (1) They assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action").

Plaintiffs' claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences. As alleged in the Complaint, one-hundred, forty-one (141) plaintiffs underwent separate shoulder surgeries that were performed at different times over the span of a ten (10) year period. These surgeries were performed in different hospitals located in thirty-seven (37) states and Canada. There are numerous different surgeons, anesthesiologists, and other physicians involved with these surgeries who are unlikely to have any common link to any two (2) of these plaintiffs, let alone one-hundred, forty-one (141) of them. Further, the medical histories of the plaintiffs that necessitated the procedures are

- 13 -

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS TO STRIKE
CASE NO. CV09-09550 R (SSx)

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

certainly diverse and likely share no commonality. Moreover, the surgeries at issue apparently involved different pain pumps and anesthetic drugs, as well as numerous other surgical products, risk factors, and circumstances unique to each plaintiff. When faced with the same misjoinder of plaintiffs in different regions, other district courts have severed the claims of multiple plaintiffs, finding that the sole common allegation of pain pump or anesthetic use did not constitute a same transaction, occurrence, or series of transactions or occurrences. *See Warner v. Stryker Corp.*, 2009 WL 1773170 (D. Or. June 22, 2009); *Frobes v. Stryker Corp.*, 2009 WL 3387037 (E.D.N.Y. August 5, 2009).

Based on the above, the Court finds that the claims of these one-hundred, forty-one (141) plaintiffs are misjoined in this single action. Accordingly, the Court hereby severs plaintiffs' claims. The Court retains jurisdiction over these claims pursuant to 28 U.S.C. § 1332(d) (*see Cooper v. R.J. Reynolds Tobacco Co.*, 586 F.Supp.2d 1312 (M.D. Fla. 2008)) and the claims for which the Court has dismissed with leave to amend may only be maintained going forward, if at all, in individual actions.

## V.

## **FURTHER PROCEEDINGS**

As stated above, each individual plaintiff is provided leave to amend to state, in a separate action and under a new case number, his or her claims for negligence, strict products liability, fraudulent concealment, negligent misrepresentation, and violations of state fraud and deceptive practices acts in conformity with this order — i.e., each complaint must specifically identify the actual product(s) alleged to have injured the plaintiff and name only the defendant(s) responsible for manufacturing such product(s). In addition, each plaintiff whose claims are facially

- 14 -
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS TO STRIKE
CASE NO. CV09-09550 R (SSx)

1 barred by the statute of limitations must also adequately plead the applicability of
2 the delayed discovery rule concerning the accrual of their claims.
3
4     IT IS SO ORDERED.
5
6 Dated: March 30, 2010

_____
Hon. Manuel Real
United States District Court Judge

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131