# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | MDL No. 2323<br>No. 12-md-2323-AB |
| THIS DOCUMENT RELATES TO:<br><br>VERNON MAXWELL, et al.<br><br>  Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE, et al.,<br><br>  Defendants. | CIVIL ACTION<br>Case No. 2:12-cv-1023 |

**RIDDELL DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF MOTION TO SEVER; EXHIBITS "A" – "K"**

BOWMAN AND BROOKE LLP
Paul G. Cereghini (SBN: 148016)
*Paul.Cereghini@bowmanandbrooke.com*
Vincent Galvin, Jr. (SBN: 104448)
*Vincent.Galvin@bowmanandbrooke.com*
Marion V. Mauch (SBN: 253672)
*Marion.Mauch@bowmanandbrooke.com*
879 West 190th Street, Suite 700
Gardena, CA 90248-4227
Tel:   (310) 768-3068
Fax:   (310) 719-1019

Attorneys for Defendants RIDDELL, INC.; ALL AMERICAN SPORTS CORPORATION; RIDDELL SPORTS GROUP, INC.; EASTON-BELL SPORTS, INC.; EASTON-BELL SPORTS, LLC; EB SPORTS CORP.; and RBG HOLDINGS CORP.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON MAXWELL, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL FOOTBALL LEAGUE, et al.,<br><br>Defendants. | CASE NO.:  CV 11-8394 R (MANx)<br><br>**RIDDELL DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO SEVER; EXHIBITS "A" - "K"**<br><br>Date:          January 17, 2012<br>Time:         10:00 a.m.<br>Dept:         Courtroom 8<br><br>Judge:  Hon. Manuel L. Real<br><br>Notice of related cases:<br>No. CV 11-08395 R (MANx)<br>No. CV 11-08396 R (MANx) |

1

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:

Defendants RIDDELL, INC. (erroneously styled as "d/b/a Riddell sports Group, Inc."); ALL AMERICAN SPORTS CORPORATION; RIDDELL SPORTS GROUP, INC.; EASTON-BELL SPORTS, INC.; EASTON-BELL SPORTS, LLC; EB SPORTS CORP.; and RBG HOLDINGS CORP (collectively, the "Riddell Defendants")[1] respectfully request that this Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the following items in support of the Riddell Defendants' Motion to Sever:

1. **Undisputed fact that football helmets have changed considerably between 1953 and 2009.**

This Court can and should take judicial notice of the undisputed fact that football helmets have changed considerably between 1953 and 2009. Federal Rules of Evidence, Rule 201 provides that a court can take judicial notice of a fact not subject to reasonable dispute that is either: (1) generally known in the community where the court is located; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *See, e.g., Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102 (N.D. Cal. 2003) (finding that it was appropriate for the court to take judicial notice that refrigerated goods are generally perishable, since that fact is a matter of common knowledge). The fact that football helmets have undergone considerable changes over this fifty-six-year period is generally known.

Moreover, Riddell's website[2] provides a history of football helmets, indicating the considerable changes that have occurred over time. Both the

---

[1] Referring to these Defendants collectively is for convenience only and does not imply or concede that they are properly joined or named as Defendants, and the "Riddell Defendants" reserve the right to move to dismiss some or all of them.

[2] http://www.riddell.com/innovation/history/

*Maxwell* and *Pear* Plaintiffs quote almost verbatim the same Riddell website in their First Amended Complaint where they allege the evolution of helmet design, thus conceding that source's reliability. (*See, e.g., Maxwell* First Am. Compl. ¶¶ 95-98.) Moreover, Plaintiffs extensive discussion of the significant changes in helmet design since the early 1950s further supports their concession of this point and the propriety of the Court taking judicial notice of this fact.

Finally, in addition to the Riddell website, on which both the Riddell Defendants and Plaintiffs alike rely, numerous other sources document that football helmets have, indeed, undergone considerable changes over the past six decades. *See, e.g.*, Andrew Gaffney, *10 Steps in the High-Tech Evolution of Pro Football Helmets*, Popular Mechanics (Dec. 18, 2009, 3:18 PM), http://www.popularmechanics.com/outdoors/ sports/football/4281378 (attached as Ex. A); *see also* Joan Murphy & Sean Dougherty, *Progressions: Evolution of the football helmet since 1946*, USA Today (Dec. 16, 2010, 5:48 PM), http://www.usatoday.com/sports/2010-12-13-progressions-footballhelmets_N.htm ?loc=interstitialskip (attached as Ex. B); *see also* ESPN Zoom Gallery, ESPN.com, http://sports.espn.go.com/espn/flash/ zoomGallery?section=gen&photoGallery Id=4368944 (last visited Dec. 15, 2011) (attached as Ex. C); *see also* NOCSAE, http://nocsae.org/about/history.html (last visited Dec. 15, 2011) (discussing certain changes to football helmets since 1970s) (attached as Ex. D). These additional resources further demonstrate the reality that the fact football helmets have changed considerably over the past six decades is not reasonably in dispute.

Additionally, it should be noted that the *Barnes* Plaintiffs did not challenge this same Request for Judicial Notice when filed in connection with the Riddell Defendants' earlier motion to sever.

/ / /

/ / /

/ / /

2. **Delaware and Illinois Secretaries of States' webpages indicating the dates of incorporation and formation of the Riddell Defendants.**

This Court can and should take judicial notice of the dates of incorporation and formation of the Riddell Defendants as listed on the Delaware and Illinois Secretaries of States' online databases. Such facts are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201; *see also In re Amgen Inc. Secs. Litig.*, 544 F. Supp. 2d 1009, 1023 (C.D. Cal. 2008). Attached hereto as Exhibits "E" through "K" are true and correct copies of the webpages from the Delaware and Illinois Secretaries of State indicating the Riddell Defendants' dates of incorporation and formation. The Riddell Defendants filed an identical request as to this issue earlier, which Plaintiffs did not oppose. *See Maxwell* and *Pear* Plaintiffs' Opp. to Req. for Jud. Not. re Mot. Sever, 1:7-11.

DATED: December 20, 2011                    BOWMAN AND BROOKE LLP


By /s/ Paul G. Cereghini
    Paul G. Cereghini
    Vincent Galvin
    Marion V. Mauch
    Attorneys for Defendants RIDDELL, INC., ALL AMERICAN SPORTS CORPORATION, RIDDELL SPORTS GROUP, INC., EASTON-BELL SPORTS, INC., EASTON-BELL SPORTS, LLC, EB SPORTS CORP., and RBG HOLDINGS CORP.