**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | MDL No. 2323<br>No. 12-md-2323-AB |
| THIS DOCUMENT RELATES TO:<br><br>VERNON MAXWELL, et al.<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE, et al.,<br><br>Defendants. | CIVIL ACTION<br>Case No. 2:12-cv-1023 |

**RIDDELL DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE RE MOTION TO SEVER**

BOWMAN AND BROOKE LLP
Paul G. Cereghini (SBN: 148016)
*Paul.Cereghini@bowmanandbrooke.com*
Vincent Galvin, Jr. (SBN: 104448)
*Vincent.Galvin@bowmanandbrooke.com*
Marion V. Mauch (SBN: 253672)
*Marion.Mauch@bowmanandbrooke.com*
879 West 190th Street, Suite 700
Gardena, CA 90248-4227
Tel: (310) 768-3068
Fax: (310) 719-1019

Attorneys for Defendants RIDDELL, INC.; ALL AMERICAN SPORTS CORPORATION; RIDDELL SPORTS GROUP, INC.; EASTON-BELL SPORTS, INC.; EASTON-BELL SPORTS, LLC; EB SPORTS CORP.; and RBG HOLDINGS CORP.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

VERNON MAXWELL, et al.,

Plaintiffs,

vs.

NATIONAL FOOTBALL LEAGUE, et al.,

Defendants.

CASE NO.: CV 11-8394 R (MANx)

**RIDDELL DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE RE MOTION TO SEVER**

Date: February 6, 2012
Time: 10:00 a.m.
Dept: Courtroom 8

Judge: Hon. Manuel L. Real

Notice of related cases:
No. CV 11-08395 R (MANx)
No. CV 11-08396 R (MANx)

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

### I. ARGUMENT

Defendants Riddell, Inc. (erroneously styled as "d/b/a Riddell sports Group, Inc."); All American Sports Corporation; Riddell Sports Group, Inc.; Easton-Bell Sports, Inc.; Easton-Bell Sports, LLC; EB Sports Corp.; and RBG Holdings Corp. (collectively, the "Riddell Defendants"),[1] pursuant to L.R. 7-10, submit this reply memorandum in response to Plaintiffs' Opposition to Riddell Defendants' Request for Judicial Notice in Support of Motion to Sever (*Maxwell* ECF No. 90 ("Pls.' Opp.")) and in support of the Riddell Defendants' Request For Judicial Notice relating to their Motion to Sever (*Maxwell* ECF No. 75). Because the *Maxwell* and *Pear* oppositions are identical on this issue, and in the interest of economy and avoiding duplication, the Riddell Defendants reply to both oppositions with this reply.[2]

In their Oppositions, Plaintiffs only dispute the request for judicial notice of the fact that football helmets have changed considerably since the early 1950s. However, it is evident and not reasonably deniable that football helmets have, indeed, undergone considerable change since then. In fact, in their own First Amended Complaints ("FAC"), Plaintiffs largely cut and paste from the very same Riddell website they claim this Court should not rely on, to describe many of the changes football helmets have undergone over the period covered in their Complaints. (*See, e.g.*, *Maxwell* FAC, ¶ 96-98(a)-(m).) Moreover, multiple other

---

[1] Referring to these Defendants collectively is for convenience only and does not imply or concede that they are properly joined or named as Defendants, and the "Riddell Defendants" reserve the right to move to dismiss some or all of them.

[2] The *Barnes* Plaintiffs did not file any opposition to the Riddell Defendants' Request for Judicial Notice relating to their Motion to Sever (*Barnes* ECF No. 76). Thus, based on that lack of opposition, the Court can and should take judicial notice of these facts, at least in *Barnes*. *See* L.R. 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.")

sources, in addition to the Riddell website, further establish this fact beyond any reasonable dispute. Accordingly, this Court should grant the Riddell Defendants' Request for Judicial Notice in its entirety.

**A. Reference to the Riddell website is proper, as Plaintiffs' rely on the same website in their FAC to demonstrate the progression and evolution of helmet design.**

Plaintiffs' primary contention is that judicial notice is improper because the Riddell Defendants cite only to their own website. (*E.g.*, *Maxwell* Pls.' Opp. at 2.) This argument is without merit for the simple reason that Plaintiffs rely on the very same Riddell website in their FAC to describe the progression and evolution of helmet design since the 1930s. (*Maxwell* FAC ¶¶ 96-98(a)-(m); *see also* Pls.' Opp. at 2-3.) In fact, while Plaintiffs' FAC does not specifically cite to the Riddell website, their allegations are, in many instances, largely a straight "cut and paste" directly from it. For example (the portions shown in italics are virtually identical):

| **Riddell Website** http://www.riddell.com/innovation/history | ***Maxwell* FAC ¶ 98(e)** |
|---|---|
| "1973: One of the most successful helmets of its time. The *interior system consists of individual vinyl air cushions with layers of fitting and energy absorbing foam. When a blow is struck, the air in the cushion is expelled through a single vent, greatly reducing the initial impact. With the exhausting of the air cushion, the compressed fitting foam is further compressed, reducing impact.*" | "In 1973, Riddell developed, designed, manufactured, sold, and/or distributed an air cushion helmet whose *interior system consisted of individual vinyl air cushions with layers of fitting and energy absorbing foam. When a blow was struck, the air in the cushion was expelled through a single vent, greatly reducing the initial impact. With the exhausting of the air cushion, the compressed fitting foam was further compressed, reducing impact.*" |

The other allegations in their Amended Complaints are likewise largely, if not entirely, cut and pasted from Riddell's website. Thus, Plaintiffs' reliance on Riddell's website belies their argument that the website is not reliable.

**B. Plaintiffs' allegations now concede the very fact on which the Riddell Defendants requested judicial notice.**

To the extent Plaintiffs challenge that Riddell has not presented sufficient support for the proposition that helmet designs and features have, in fact, changed considerably since the early 1950s, their own allegations now concede this point. (*See* Pls.' Opp. at 3.) Specifically, in describing "Riddell," Plaintiffs catalog the various significant design changes and safety innovations in Riddell helmets beginning in the 1940s. (*Maxwell* Pls.' FAC ¶¶ 95-99.)

For example, using information from Riddell's website, Plaintiffs recount how helmets in the 1950s were the first generation to use plastic instead of leather and to introduce a face mask component. (*Id.* ¶¶ 97-98.) From there, Plaintiffs describe various other significant innovations and safety advances, including but not limited to air inflation, injection molding technology, individual vinyl air cushions, energy absorbing foam, stainless steel face masks, combination foam and liquid-filled cells, a Head Impact Telemetry System, on-board electronics, and energy managing materials. (*Id.*)

The Riddell Defendants are not asking the Court to take judicial notice of the specific ways in which helmets have changed over the past fifty-plus years, only that they have changed considerably. Plaintiffs' Amended Complaints now concede this reality. Thus, even to the extent the reality of the considerable changes helmets have undergone was not already generally known or readily attainable from sources whose reliability cannot reasonably be questioned (and it was), Plaintiffs' concession of this reality makes judicial notice of this fact appropriate.

/ / /

**C. While it is obvious that football helmets have changed considerably since the early 1950s, additional resources take this issue out of reasonable dispute.**

In addition to Plaintiffs' concession of the numerous, considerable changes helmets have undergone in over the last fifty-plus years, additional resources further remove this fact from reasonable dispute. *See, e.g.*, Andrew Gaffney, *10 Steps in the High-Tech Evolution of Pro Football Helmets*, Popular Mechanics (Dec. 18, 2009, 3:18 PM), http://www.popularmechanics.com/outdoors/sports/football/4281378; *see also* Joan Murphy & Sean Dougherty, *Progressions: Evolution of the football helmet since 1946*, USA Today (Dec. 16, 2010, 5:48 PM), http://www.usatoday.com/sports/2010-12-13-progressions-footballhelmets_N.htm?loc=interstitialskip; *see also* ESPN Zoom Gallery, ESPN.com, http://sports.espn.go.com/espn/flash/ zoomGallery?section=gen&photoGalleryId=4368944 (last visited Dec. 15, 2011); *see also* NOCSAE, http://nocsae.org/about/history.html (last visited Dec. 15, 2011) (discussing certain changes to football helmets since 1970s).[1]

///

///

///

///

///

///

///

///

///

---

[1] The birth and evolution of the National Operating Committee on Standards for Athletic Equipment ("NOCSAE"), as well as the development of NOCSAE's standards – standards that older helmets do not meet – further support the fact that football helmets undergone considerable changes over the years.

## II. CONCLUSION

As set forth above and in its opening memorandum, this Court should grant the Riddell Defendants' Request for Judicial Notice in support of their Motion to Sever in its entirety.

DATED: January 23, 2012

BOWMAN AND BROOKE LLP

By /s/ Paul G. Cereghini
Paul G. Cereghini
Vincent Galvin
Marion V. Mauch
Attorneys for the Riddell Defendants

**PROOF OF SERVICE**

**F.R.C.P. Rule 5(b)(2)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 879 West 190th Street, Suite 700, Gardena, CA 90248-4227.

I hereby certify that on **January 23, 2012**, I served the document: **RIDDELL DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE RE MOTION TO SEVER** on all interested parties in this action by placing **a true copy** thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

( ) **BY MAIL (F.R.C.P. Rule 5(b)(2))**

( ) **BY OVERNIGHT DELIVERY (F.R.C.P. Rule 5(b)(2))**

( ) As follows: I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under the practice, the envelope would be put in a sealed envelope and deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than **1** day after date of deposit for mailing in affidavit.

**(X)** **BY CM/ECF:** I hereby certify that I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the parties as shown on the attached Service List.

( ) **BY PERSONAL SERVICE (F.R.C.P. 5(2)):** I delivered such envelope by hand to the addressee.

Executed on **January 23, 2012,** at Gardena, California.

**(X)** **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Regina Foley

## SERVICE/MAILING LIST

**Vernon Maxwell et al. v. National Football League, et al.**

United States District Court–Central District of California - Western Division Case No: CV 11-8394 R (MANx)

Thomas V. Girardi, Esq.
GIRARDI | KEESE
1126 Wilshire Boulevard
Los Angeles, CA 90017

**Attorneys for Plaintiffs**

Tel: (213) 977.0211
Fax: (213) 481.1554

Herman Russomanno, Esq.
Robert Borrello, Esq.
RUSSOMANNO & BORRELLO, P.A.
150 West Flagler Street – PH 2800
Miami, FL 33130

**Attorneys for Plaintiffs**

Tel: (305) 373.2101
Fax: (305) 373.2103

Jason E. Luckasevic, Esq.
John T. Tierney, III, Esq.
GOLDBERG, PERSKY & WHITE, P.C.
1030 Fifth Avenue
Pittsburgh, PA 15219

**Attorneys for Plaintiffs**

Tel: (412) 471.3980
Fax: (412) 471.8308

Ronald L. Olson, Esq.
Glenn d. Pomerantz, Esq.
John M. Rappaport, Esq.
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th
Los Angeles, CA 90071-1560

**Attorneys for Defendants NATIONAL FOOTBALL LEAGUE and NFL PROPERTIES LLC**

Tel: (213) 683.9100
Fax: (213) 683.5100

Brad S. Karp, Esq.
Theodore V. Wells, Jr., Esq.
Lynn B. Bayard, Esq.
Beth A. Wilkinson, Esq.
Bruce Birenboim, Esq.
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064

**Attorneys for Defendants NATIONAL FOOTBALL LEAGUE and NFL PROPERTIES LLC**

Tel: (212) 373.3000
Fax: (212) 757.3990