```
 1                    UNITED STATES OF AMERICA
                   UNITED STATES DISTRICT COURT
 2                CENTRAL DISTRICT OF CALIFORNIA
                        WESTERN DIVISION
 3
                            - - -
 4                  HONORABLE MANUEL L. REAL
            UNITED STATES DISTRICT JUDGE PRESIDING
 5                          - - -

 6
      ERIC ADAMS, et al.,              )
 7                                     )
                      PLAINTIFFS,      )      CERTIFIED COPY
 8                                     )
      VS.                              )   CV 09-9550 R
 9                                     )
      I-FLOW CORPORATION, et al.,      )
10                                     )
                      DEFENDANTS.      )
11    _____)

12

13

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS
                  MONDAY, MARCH 15, 2010
16                     A.M. SESSION
                  LOS ANGELES, CALIFORNIA
17

18

19

20

21          SHERI S. KLEEGER, CSR 10340
              FEDERAL OFFICIAL COURT REPORTER
22          312 NORTH SPRING STREET, ROOM 402
              LOS ANGELES, CALIFORNIA 90012
23               PH:  (213)894-6604

24

25
```

Exhibit "A"
Page 57

UNITED STATES DISTRICT COURT

Exhibit "B"
Page 44

```
 1    APPEARANCES OF COUNSEL:
      ON BEHALF OF PLAINTIFF:
 2        GIRARDI & KEESE
              BY:  ROBERT M. KEESE, ESQUIRE
 3            1126 WILSHIRE BOULEVARD
              LOS ANGELES, CA 90017-1904
 4    ON BEHALF OF DEFENDANT:
              SEDGWICK
 5            BY:  STEVEN D. DI SAIA, ESQUIRE
                   CHRISTOPHER P. NORTON, ESQUIRE
 6            801 SOUTH FIGUEROA STREET
              19TH FLOOR
 7            LOS ANGELES, CA 90017
              SABAITIS O'CALLAGHAN LLP
 8            BY:  FRANK T. SABAITIS, ESQUIRE
              975 EAST GREEN STREET
 9            PASADENA, CA 91106
              BOWMAN and BROOKE
10            BY:  STEPHEN J. KELLEY, ESQUIRE
              879 WEST 190TH STREET
11            SUITE 700
              GARDENA, CA 90248
12            FILICE BROWN EASSA & MCLEOD LLP
              BY:  WILLIAM E. STEIMLE, ESQUIRE
13                 PETER A. STROTZ, ESQUIRE
              1999 HARRISON STREET
14            SUITE 1800
              OAKLAND, CA 94612
15            HASSARD BONNINGTON LLP
              BY:  JOANNA L. STOREY, ATTORNEY AT LAW
16            TWO EMBARCADERO CENTER
              SUITE 1800
17            SAN FRANCISCO, CA 94111
              WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
18            BY:  MONA R. PATEL, ATTORNEY AT LAW
              555 SOUTH FLOWER STREET
19            SUITE 2900
              LOS ANGELES, CA 90071
20            MORRIS POLICH & PURDY
              BY:  TAMMARA N. TUKLOFF, ATTORNEY AT LAW
21            501 WEST BROADWAY
              SUITE 500
22            SAN DIEGO, CA 92101

23

24

25
```

```
 1                LOS ANGELES, CALIFORNIA; MONDAY, MARCH 15, 2010

 2                         A.M. SESSION

 3                            - - -

 4

 5                THE CLERK:  Item Number 12, C.V. 09-9550,

 6       Eric Adams, et al. versus I-Flow Corporation, et al.

 7       Counsel, state your appearances, please.

 8                MS. TUKLOFF:  Good morning, Your Honor.

 9                Tammara Tukloff for Defendants DJO, LLC, and DJO,

10       Incorporated.

11                MS. STOREY:  Good morning, Your Honor.

12                Joanna Lee Storey for Defendants McKinley Medical,

13       LLC; Moog, Inc.; and Curlin Medical, Inc.

14                MR. KEESE:  Robert Keese for the plaintiffs.

15                MS. PATEL:  Good morning, Your Honor.

16                Mona Patel on behalf of the Defendant I-Flow

17       Corporation.

18                MR. ELDRIDGE:  Good morning, Your Honor.

19                Brian Eldridge, also on behalf of I-Flow

20       Corporation.

21                MR. SCHNEEWEIS:  Good morning, Your Honor.

22                Gerald Schneeweis on behalf of Sorenson Medical

23       Products.

24                MR. STROTZ:  Good morning, Your Honor.

25                Peter Strotz on behalf of the moving defendants
```

| | |
|---|---|
| 1 | Astrazeneca, LP; and Astrazeneca Pharmaceuticals, LP. |
| 2 | MR. STANLEY: Good morning, Your Honor. |
| 3 | William Stanley on behalf of Astrazeneca, LP; and |
| 4 | Astrazeneca Pharmaceuticals, LP. |
| 5 | MR. NORTON: Good morning, Your Honor. |
| 6 | Christopher Norton on behalf of Stryker Corporation |
| 7 | and Stryker Sales Corporation. |
| 8 | MR. SAIA: Good morning, Your Honor. |
| 9 | Steve Saia, also for Defendants Stryker Corporation |
| 10 | and Stryker Sales Corporation. |
| 11 | MR. SABAITIS: Frank Sabaitis on behalf of Pacific |
| 12 | Medical Corporation. |
| 13 | MR. KELLY: Good morning, Your Honor. |
| 14 | Steven Kelly on behalf of Breg, Inc. |
| 15 | THE COURT: All right. Counsel, anything to add to |
| 16 | the documents which have been filed by any of the parties? |
| 17 | MR. KEESE: Your Honor, I would just -- and I'm |
| 18 | sure the Court is aware of it, but I would like to point out |
| 19 | to the Court because both in oppositions and in reply papers, |
| 20 | it's been said that these defendants don't know what products |
| 21 | are involved either on the pain pump side or on the |
| 22 | medication side. |
| 23 | Specifically, Astrazeneca in its most recent reply |
| 24 | attached a number of documents from the FDA for various years |
| 25 | regarding the approval of the drugs that are involved here. |

 1   It is curious that while in their opposition and in their

 2   reply they say we don't even know what drug is involved, but

 3   they very specifically state they do know what drug is

 4   involved at that's sensorcane (phonetic), which for

 5   Astrazeneca is the brand name for Pupificane (phonetic).

 6   There are no secrets here.  This is one litigation in --

 7   among many filed in the action.

 8           THE COURT:  This is not one litigation.  This is

 9   about -- about, what, 70?

10           MR. KEESE:  140, Your Honor.

11           THE COURT:  140 litigations, all different.  All

12   different because they are different people who have been

13   affected differently by different people and by different

14   drugs.  For instance, can you tell me what drug Carol Behary

15   used?  That's one plaintiff.

16           MR. KEESE:  Your Honor, I can --

17           THE COURT:  Can you tell me that?

18           MR. KEESE:  Marcaine is the generic drug that she

19   received.  I doubt -- I would have to go to my records.

20           THE COURT:  Made by whom?

21           MR. KEESE:  I can't tell the Court that at this

22   point in time.  I can represent to the Court that the drug

23   manufacturers involved in this case have over 95 percent of

24   the market; that upon obtaining medical records -- and we

25   have -- we have sought the medical records of each and every

1   plaintiff who is named in this case; that it is common

2   practice for the doctors and the hospitals to merely enter

3   the generic name Marcaine.  And without discovery directives

4   specifically to the drug manufacturers who supplied these

5   drugs on a nationwide basis we are not going to be able to

6   tell which drug it was in most of these cases.

7           We know what the product was.  It is a pain pump.

8   We know what the medication is.  It is Marcaine.  Under what

9   brand name it was sold to the hospital is something that we

10  can only discover by utilizing the officers of this Court and

11  this lawsuit to do the discovery that's necessary to find out

12  which --

13          THE COURT:  That's not.

14          MR. KEESE:  -- of these four drug manufacturers was

15  responsible.

16          THE COURT:  The purpose of lawsuit is not to do

17  discovery, Counsel.  There is no purpose of a lawsuit to do

18  discovery.  It is to decide a case.  It is to decide a case,

19  some -- some problem against -- one person against another.

20  It is not to do discovery.

21          MR. KEESE:  Your Honor --

22          THE COURT:  It might or might not produce anything.

23  We don't do that.

24          MR. KEESE:  The plaintiffs involved here and our

25  law firm have proceeded diligently to get all the information

1    we can about specific manufacturers.  And I can provide the

2    Court with specific information about pain pump

3    manufacturers.  That's easier because in many of the medical

4    records that's so indicated, and we have even gotten billing

5    records from the hospitals to find out which company was

6    billed for the pain pump.

7            THE COURT:  What you are asking this Court to do is

8    asking each individual plaintiff, 140, that we are going to

9    have into courtroom a list of about 30 companies who have to

10   hire lawyers to come in to defend and not knowing whether or

11   not that person ever or that -- or that defendant ever did

12   anything to that plaintiff.  Every time we are going to have

13   to have all the lawyers come in and answer a complaint either

14   denying that they were the person involved or denying that

15   they did any damage to the person involved.

16           MR. KEESE:  That's --

17           THE COURT:  That's what lawsuits are about.

18           MR. KEESE:  And that is the way this lawsuit would

19   proceed.

20           THE COURT:  Oh, calling all of them in every time?

21           MR. KEESE:  No.

22           THE COURT:  Some plaintiff said I did this --

23           MR. KEESE:  No, I don't think that's.

24           THE COURT:  -- because I want to find out whether

25   or not this was this plaintiff who did what I claim they did.

```
 1              MR. KEESE:  I don't think that will be necessary at
 2   all, Your Honor.  It will not be necessary for them all to
 3   come in when -- when Peter Smith alleges that I-Flow
 4   manufactured the product that was inserted in his shoulder,
 5   and we have the medical records and we have the I-Flow
 6   records, first of all, there probably will no dispute at that
 7   point that I-Flow's product was used.
 8              Secondly, the other manufacturers -- and they are
 9   not 30; there are a dozen -- will have -- will have no need
10   to even interfere in that particular instance.
11              THE COURT:  You have that one -- then separately
12   file that claim and bring that one defendant in to answer the
13   claim, not some 20 or 30.
14              MR. KEESE:  There are multiple common questions of
15   law, in fact, that are going to be involved in this
16   litigation.
17              THE COURT:  No.  This is not -- this is not a class
18   action, Counsel.
19              MR. KEESE:  These defendants all -- that's the
20   reason -- that's the reason why there is now pending, and the
21   end of March I believe there is going to be determination on
22   whether an MDL should be set up.  That's the reason why in
23   Los Angeles County the cases have been -- have been
24   coordinated in front of one judge under one complaint for one
25   orderly progression of discovery, to identify the particular
```

Case 2:11-cv-08396-R-MAN Document 86-4 Filed 03/30/12 Page 60 of 70 Page ID #:1764

```
 1   plaintiffs and particular defendants, and even more so

 2   because these defendants all continue to deny that the

 3   Marcaine drugs destroyed cartilage in the shoulder.

 4            That -- scientifically, that is a fact that's going

 5   to be a disputed issue and a hotly disputed issue, I presume,

 6   in each and every one of these cases.  Experts would have to

 7   be hired and retained and their depositions taken.  It is in

 8   each and every individual case, both before this Court, and

 9   if it were true, nationwide for hundreds or thousands.  That

10   is not an efficient way to administer justice.  The most

11   efficient way to do it --

12            THE COURT:  I didn't make the rules, Counsel.

13            MR. KEESE:  I understand that, Your Honor.  But I

14   don't think this violates the rules.

15            THE COURT:  About, quote, efficiency because I

16   didn't make the rules.

17            MR. KEESE:  This doesn't violate the rules, and the

18   Court has afforded great discretion in managing the cases

19   before it.

20            To break this up into 142 lawsuits would inundate

21   the Court and would cause multiple -- multiple appearances by

22   all counsel would greatly increase the litigation, both on

23   the part of the plaintiff and on the parts of the defendant

24   and on the part of the Court.

25            THE COURT:  Is there a class-action case pending
```

```
 1   somewhere?

 2           MR. KEESE:  No, there's not.

 3           THE COURT:  This is not a class action.

 4           MR. KEESE:  No, Your Honor.

 5           THE COURT:  Then how is it going to get to the

 6   multidistrict litigation panel?

 7           MR. KEESE:  It is before that panel now, and I'm

 8   not -- since I'm here I'm not involved in that particular

 9   motion.  Defense counsel can probably give you better

10   information.  I believe there is a hearing set for

11   March 25th.  I may be mistaken on that.  But I know that

12   there is an application for multidistrict litigation, and

13   I also know that, as I said, in Los Angeles County -- all of

14   Los Angeles County state cases have been coordinated in front

15   of one Judge and there's a petition for the cases in state

16   court and statewide to go in front of that same Judge.

17           I could certainly -- we could certainly brief the

18   reasons for the economy of proceeding in this kind of

19   fashion.  It hasn't been done yet, but I think it is manifest

20   with the number of cases that are involved here.  That's the

21   most expeditious, expedient, and most just way of proceeding

22   with this case.

23           THE COURT:  All right.  Anything further?

24           MR. KEESE:  If there is an adverse ruling for the

25   plaintiff, we do request that it be without prejudice.  We
```

```
 1    request leave to amend, and I would point out to the Court
 2    that as we obtain new information -- and we have obtained new
 3    information since this case came to this Court in October of
 4    last year -- the 142 plaintiffs that are named, we intend to
 5    request dismissal of a significant number of those.
 6           I would request that the Court grant us leave to
 7    dismiss any plaintiff when the plaintiffs' attorneys
 8    determine in their best judgment that those specific cases do
 9    not merit proceeding, rather than making motions on a
10    plaintiff-by-plaintiff basis.
11           THE COURT:  Well, let me start by saying the
12    plaintiff improperly enjoined 141 plaintiffs and
13    22 defendants and the pleading lacking any fact, which
14    establishes a common nexus among the parties.  Each incident
15    alleged in the complaint occurred at separate hospitals, in
16    37 different states, and two different countries over a span
17    of a ten-year period and involved different products and
18    surgeons.
19           Okay.  The various motions present overlapping
20    issues of fact and law and as such the Court consolidates the
21    motions and rules on them as follows:
22           Plaintiffs do not allege that any one of them were
23    administered a particular drug or pain pump manufactured by
24    a particular defendant.  Plaintiffs plead nothing more than
25    the sheer possibility that any particular defendant might
```

```
 1   have manufactured the product plaintiffs received.  As such,
 2   plaintiffs have not pleaded plausible claims for relief.  And
 3   pursuant to Ashcroft versus Eight Ball, the entire
 4   claimplaint must be dismissed for failure to state a claim.
 5            Furthermore, plaintiffs are improperly joined in
 6   this single action.  Plaintiffs do not assert a right to
 7   relief, jointly or severally, and their claims do not arise
 8   out of same transaction, occurrence, or series of
 9   transactions or occurrences.  As such, plaintiffs may not
10   join in a single action pursuant to Rule 20A1 of the Federal
11   Rules of Civil Procedure.
12            As such, plaintiffs claims are hereby severed, and
13   any claims dismissed with leave to amend may only be
14   maintained in going forward in discrete actions.
15            Plaintiffs can amend and plaintiffs may amend their
16   negligence, negligence per se, and strict product liability
17   claims to adequately plead the claims as to each individual
18   plaintiff.  Plaintiffs must also adequately plead the
19   applicability of the delayed discovery rule of any of the
20   claims facially barred by California's two-year statute of
21   limitations as to each particular plaintiff, as to each
22   particular defendant.
23            Plaintiffs may also amend their claims through
24   negligent misrepresentation, fraudulent concealment in
25   violation of state consumer fraud and accepted trade acts in
```

```
 1    order to adequately plead plausible claims of relief as to

 2    each individual plaintiff and as to each individual

 3    defendant.

 4         Plaintiffs may also claim their claim of breach of

 5    expressed warranty.  Privity is generally required to state

 6    a claim for breach of expressed warranty; however, there is

 7    a limited exception for medical products designed solely for

 8    introduction into the body of a human being, as stated in

 9    Gottsdanker versus Cutter Laboratories, 182 Cal.App.2d 602;

10    and recognized Evraets versus Intermedics Intraocular, Inc.,

11    since -- 29 Cal.App.4th 779, since both of the anesthetics

12    and pain pumps resign solely for introduction into the body

13    of a human being.

14         Plaintiffs' claim for breach of an expressed

15    warranty is barred as a matter of California law, and that is

16    dismissed.

17         Plaintiffs' claim for breach of implied warranty is

18    dismissed with prejudice because it cannot allege plaintiffs

19    for breach of implied warranty against defendants because

20    pursuant to Blanco versus Baxter Healthcare Corporation,

21    158 Cal.App.4th 1039, privity is necessary -- is a necessary

22    component of such claims, and there is no evidence to suggest

23    that plaintiffs relied on anything other than their

24    physician's skill and judgment in selecting the anesthetics

25    and pumps.
```

```
 1          Defendants' arguments with respect to the motion to
 2   strike are well taken under the circumstances.  The motion to
 3   strike is granted and defending allegation may be omitted
 4   from any amended pleading.
 5          Plaintiffs cannot allege design defect claims
 6   against the anesthetic manufacturers, nor can plaintiffs
 7   allege a failure of defendants to warn plaintiffs, the
 8   public, and the FDA.
 9          Finally, plaintiffs are not entitled to a
10   constructive trust over the defendants' profits or injunctive
11   relief.  Should plaintiffs prevail on their claims, they will
12   be adequately compensated for their injury they personally
13   sustained by an award of damages in the proper case, in the
14   proper court, at the proper time.
15          All right.  Counsel, you prepare the orders.
16          MR. STANLEY:  Your Honor, if I may speak.
17          THE COURT:  Yes.
18          MR. STANLEY:  William Stanley on behalf of the
19   Astrazeneca defendants.
20          The only thing I would like to add here is that
21   plaintiffs' counsel just advised the Court that he does not
22   know the identity of the anesthetic maker and, therefore,
23   leave to amend would be futile because he is telling the
24   Court I can't do it.
25          THE COURT:  Well, he seemed to indicate that he
```

| | |
|---|---|
| 1 | could somewhere down the line; so we will see if he can. |
| 2 | MR. STANLEY: Leave to amend in how much time, Your |
| 3 | Honor? |
| 4 | THE COURT: I have indicated what amendments can be |
| 5 | made and by whom. |
| 6 | MR. KEESE: Your Honor, if I may. |
| 7 | THE COURT: Against whom. |
| 8 | MR. KEESE: If I may -- |
| 9 | THE COURT: These are separate actions, Counsel. |
| 10 | This is not a single action. This is not a single action. |
| 11 | They're misjoinder -- total misjoinder here because there is |
| 12 | no same law or facts, particularly facts. There may be |
| 13 | overlapping law. |
| 14 | MR. KEESE: Your Honor, may I inquire? |
| 15 | THE COURT: Yes. |
| 16 | MR. KEESE: Would refiling be under a separate |
| 17 | individual case number for each plaintiff? |
| 18 | THE COURT: I have indicated how it is to be as to |
| 19 | each individual plaintiff against each individual defendant |
| 20 | so we know who is being sued and by whom because there is |
| 21 | total failure of joinder here -- total failure of joinder. |
| 22 | I don't know what the state court does with |
| 23 | joinder, but that's against their law, the joinder under |
| 24 | their law. All right. |
| 25 | THE CLERK: Item number 13. |

```
1                MR. KEESE:   Thank you, Your Honor.

2                MR. STANLEY:   Thank you.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1

 2

 3

 4

 5                        CERTIFICATE OF REPORTER

 6

 7    COUNTY OF LOS ANGELES       )

 8                                )  SS.

 9    STATE OF CALIFORNIA         )

10

11    I, SHERI S. KLEEGER, OFFICIAL COURT REPORTER, IN AND FOR THE

12    UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF

13    CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753,

14    TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND

15    CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED

16    PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE

17    TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS

18    OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

19

20

21    DATE:  MARCH 18, 2009

22

23    _____

24    SHERI S. KLEEGER, CSR

25    FEDERAL OFFICIAL COURT REPORTER
```

# PROOF OF SERVICE
## F.R.C.P. Rule 5(b)(2)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 879 West 190th Street, Suite 700, Gardena, CA 90248-4227.

I hereby certify that on **December 20, 2011**, I served the document: **RIDDELL DEFENDANTS' NOTICE OF MOTION AND MOTION TO SEVER PURSUANT TO FRCP 20 AND 21; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF PAUL G. CEREGHINI; EXHIBIT "A" - "B"** on all interested parties in this action by placing **a true copy** thereof enclosed in sealed envelopes addressed as follows:

## SEE ATTACHED SERVICE LIST

( )    **BY MAIL (F.R.C.P. Rule 5(b)(2))**

( )    **BY OVERNIGHT DELIVERY (F.R.C.P. Rule 5(b)(2))**

( )    As follows: I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under the practice, the envelope would be put in a sealed envelope and deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than **1** day after date of deposit for mailing in affidavit.

**(X)**    **BY CM/ECF:** I hereby certify that I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the parties as shown on the attached Service List.

( )    **BY PERSONAL SERVICE (F.R.C.P. 5(2)):** I delivered such envelope by hand to the addressee.

Executed on **December 20, 2011**, at Gardena, California.

**(X)**    **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Regina Foley

# SERVICE/MAILING LIST

## Vernon Maxwell et al. v. National Football League, et al.

United States District Court–Central District of California - Western Division Case No: CV 11-8394 R (MANx)

| | |
|---|---|
| Thomas V. Girardi, Esq. | **Attorneys for Plaintiffs** |
| GIRARDI │ KEESE | |
| 1126 Wilshire Boulevard | Tel:   (213) 977.0211 |
| Los Angeles, CA 90017 | Fax:   (213) 481.1554 |

| | |
|---|---|
| Herman Russomanno, Esq. | **Attorneys for Plaintiffs** |
| Robert Borrello, Esq. | |
| RUSSOMANNO & BORRELLO, P.A. | Tel:   (305) 373.2101 |
| 150 West Flagler Street – PH 2800 | Fax:   (305) 373.2103 |
| Miami, FL 33130 | |

| | |
|---|---|
| Jason E. Luckasevic, Esq. | **Attorneys for Plaintiffs** |
| John T. Tierney, III, Esq. | |
| GOLDBERG, PERSKY & WHITE, P.C. | Tel:   (412) 471.3980 |
| 1030 Fifth Avenue | Fax:   (412) 471.8308 |
| Pittsburgh, PA 15219 | |

| | |
|---|---|
| Ronald L. Olson, Esq. | **Attorneys for Defendants** |
| Glenn d. Pomerantz, Esq. | **NATIONAL FOOTBALL LEAGUE and** |
| John M. Rappaport, Esq. | **NFL PROPERTIES LLC** |
| MUNGER, TOLLES & OLSON LLP | |
| 355 South Grand Avenue, 35th | Tel:   (213) 683.9100 |
| Los Angeles, CA 90071-1560 | Fax:   (213) 683.5100 |

| | |
|---|---|
| Brad S. Karp, Esq. | **Attorneys for Defendants** |
| Theodore V. Wells, Jr., Esq. | **NATIONAL FOOTBALL LEAGUE and** |
| Lynn B. Bayard, Esq. | **NFL PROPERTIES LLC** |
| Beth A. Wilkinson, Esq. | |
| Bruce Birenboim, Esq. | |
| PAUL, WEISS, RIFKIND, WHARTON | Tel:   (212) 373.3000 |
| & GARRISON LLP | Fax:   (212) 757.3990 |
| 1285 Avenue of the Americas | |
| New York, NY 10019-6064 | |

## PROOF OF SERVICE
### F.R.C.P. Rule 5(b)(2)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 879 West 190th Street, Suite 700, Gardena, CA 90248-4227.

I hereby certify that on **December 20, 2011**, I served the document: **RIDDELL DEFENDANTS' NOTICE OF MOTION AND MOTION TO SEVER PURSUANT TO FRCP 20 AND 21; EXHIBIT "A"** on all interested parties in this action by placing **a true copy** thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

( )  **BY MAIL (F.R.C.P. Rule 5(b)(2))**

( )  **BY OVERNIGHT DELIVERY (F.R.C.P. Rule 5(b)(2))**

( )  As follows: I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under the practice, the envelope would be put in a sealed envelope and deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than **1** day after date of deposit for mailing in affidavit.

(**X**)  **BY CM/ECF:** I hereby certify that I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the parties as shown on the attached Service List.

( )  **BY PERSONAL SERVICE (F.R.C.P. 5(2)):** I delivered such envelope by hand to the addressee.

Executed on **December 20, 2011,** at Gardena, California.

(**X**)  (**Federal**) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Regina Foley

CV 11-8396 R (MANx)

# SERVICE/MAILING LIST

## Larry Barnes et al. v. National Football League, et al.

United States District Court–Central District of California - Western Division Case No: CV 11-8396 ODW (JCGx)

| | |
|---|---|
| David A. Rosen<br>ROSE, KLEIN & MARIAS LLP<br>801 S. Grand Avenue, 11th Floor<br>Los Angeles, CA 90017-4645 | **Attorneys for Plaintiffs**<br><br>Tel:   (213) 626.0571<br>Fax:   (213) 623.7755 |
| Ronald L. Olson, Esq.<br>Glenn d. Pomerantz, Esq.<br>MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue, 35th<br>Los Angeles, CA 90071-1560 | **Attorneys for Defendants**<br>**NATIONAL FOOTBALL**<br>**LEAGUE and NFL PROPERTIES**<br>**LLC**<br><br>Tel:   (213) 683.9100<br>Fax:   (213) 683.5100 |
| Brad S. Karp, Esq.<br>Theodore V. Wells, Jr., Esq.<br>Lynn B. Bayard, Esq.<br>PAUL, WEISS, RIFKIND, WHARTON<br>& GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064 | **Attorneys for Defendants**<br>**NATIONAL FOOTBALL**<br>**LEAGUE and NFL PROPERTIES**<br>**LLC**<br><br>Tel:   (212) 373.3000<br>Fax:   (212) 757.3990 |