# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | MDL No. 2323<br>No. 12-md-2323-AB |
| THIS DOCUMENT RELATES TO:<br><br>LARRY BARNES, et al.<br>        Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE, et al.,<br>        Defendants. | CIVIL ACTION<br>Case No. 2:12-cv-1024 |

**RIDDELL DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF MOTION TO SEVER; EXHIBITS "A" – "K"**

| | |
|---|---|
| 1 | BOWMAN AND BROOKE LLP |
| 2 | Paul G. Cereghini (SBN: 148016) |
| | *Paul.Cereghini@bowmanandbrooke.com* |
| 3 | Vincent Galvin, Jr. (SBN: 104448) |
| 4 | *Vincent.Galvin@bowmanandbrooke.com* |
| | Marion V. Mauch (SBN: 253672) |
| 5 | *Marion.Mauch@bowmanandbrooke.com* |
| 6 | 879 West 190th Street, Suite 700 |
| 7 | Gardena, CA 90248-4227 |
| | Tel:  (310) 768-3068 |
| 8 | Fax:  (310) 719-1019 |
| 9 | |
| 10 | Attorneys for Defendants RIDDELL, INC.; ALL AMERICAN SPORTS CORPORATION; RIDDELL SPORTS GROUP, INC.; |
| 11 | EASTON-BELL SPORTS, INC.; EASTON-BELL SPORTS, LLC; EB SPORTS CORP.; and RBG HOLDINGS CORP. |
| 12 | |

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| LARRY BARNES, et al., | CASE NO.:  CV 11-8396 R (MANx) |
|---|---|
| Plaintiffs, | **RIDDELL DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO SEVER; EXHIBITS "A" – "K"** |
| vs. | |
| NATIONAL FOOTBALL LEAGUE, et al., | Date:        January 17, 2012 |
| | Time:       10:00 a.m. |
| Defendants. | Dept:        Courtroom 8 |
| | Judge:  Hon. Manuel L. Real |
| | Notice of related cases: |
| | No. CV 11-08394 R (MANx) |
| | No. CV 11-08395 R (MANx) |

1

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:

Defendants RIDDELL, INC. (erroneously styled as "d/b/a Riddell sports Group, Inc."); ALL AMERICAN SPORTS CORPORATION; RIDDELL SPORTS GROUP, INC.; EASTON-BELL SPORTS, INC.; EASTON-BELL SPORTS, LLC; EB SPORTS CORP.; and RBG HOLDINGS CORP (collectively, the "Riddell Defendants")[1] respectfully request that this Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the following items in support of the Riddell Defendants' Motion to Sever:[2]

1. **Undisputed fact that football helmets have changed considerably between 1953 and 2009.**

This Court can and should take judicial notice of the undisputed fact that football helmets have changed considerably between 1953 and 2009. Federal Rules of Evidence, Rule 201 provides that a court can take judicial notice of a fact not subject to reasonable dispute that is either: (1) generally known in the community where the court is located; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *See, e.g.*, *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102 (N.D. Cal. 2003) (finding that it was appropriate for the court to take judicial notice that refrigerated goods are generally perishable, since that fact is a matter of common knowledge). The fact that football helmets have undergone considerable changes over this fifty-six-year period is generally known.

---

[1] Referring to these Defendants collectively is for convenience only and does not imply or concede that they are properly joined or named as Defendants, and the "Riddell Defendants" reserve the right to move to dismiss some or all of them.

[2] The Riddell Defendants made an identical Request for Judicial Notice earlier, which the *Barnes* Plaintiffs did not challenge.

     Moreover, Riddell's website[1] provides a history of football helmets, indicating the considerable changes that have occurred over time. Both the *Maxwell* and *Pear* Plaintiffs quote almost verbatim the same Riddell website in their First Amended Complaint where they allege the evolution of helmet design, thus conceding that source's reliability. (*See, e.g., Maxwell* First Am. Compl. ¶¶ 95-98.)

     In addition to the Riddell website numerous other sources document that football helmets have, indeed, undergone considerable changes over the past six decades. *See, e.g.*, Andrew Gaffney, *10 Steps in the High-Tech Evolution of Pro Football Helmets*, Popular Mechanics (Dec. 18, 2009, 3:18 PM), http://www.popularmechanics.com/outdoors/ sports/football/4281378 (attached as Ex. A); *see also* Joan Murphy & Sean Dougherty, *Progressions: Evolution of the football helmet since 1946*, USA Today (Dec. 16, 2010, 5:48 PM), http://www.usatoday.com/sports/2010-12-13-progressions-footballhelmets_N.htm?loc=interstitialskip (attached as Ex. B); *see also* ESPN Zoom Gallery, ESPN.com, http://sports.espn.go.com/espn/flash/ zoomGallery?section=gen&photoGalleryId=4368944 (last visited Dec. 15, 2011) (attached as Ex. C); *see also* NOCSAE, http://nocsae.org/about/history.html (last visited Dec. 15, 2011) (discussing certain changes to football helmets since 1970s) (attached as Ex. D). These additional resources further demonstrate the reality that the fact football helmets have changed considerably over the past six decades is not reasonably in dispute.

///
///
///
///
///

---

[1] http://www.riddell.com/innovation/history/

2. **Delaware and Illinois Secretaries of States' webpages indicating the dates of incorporation and formation of the Riddell Defendants.**

This Court can and should take judicial notice of the dates of incorporation and formation of the Riddell Defendants as listed on the Delaware and Illinois Secretaries of States' online databases. Such facts are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201; *see also In re Amgen Inc. Secs. Litig.*, 544 F. Supp. 2d 1009, 1023 (C.D. Cal. 2008). Attached hereto as Exhibits "E" through "K" are true and correct copies of the webpages from the Delaware and Illinois Secretaries of State indicating the Riddell Defendants' dates of incorporation and formation. In the Riddell Defendants' previous filing, the *Barnes* Plaintiffs did not oppose this fact. The *Maxwell* and *Pear* Plaintiffs previously conceded this fact as well. *See Maxwell* and *Pear* Plaintiffs' Opp. to Req. for Jud. Not. re Mot. Sever, 1:7-11.

DATED: December 20, 2011         BOWMAN AND BROOKE LLP

By /s/ Paul G. Cereghini
    Paul G. Cereghini
    Vincent Galvin
    Marion V. Mauch
    Attorneys for Defendants RIDDELL, INC., ALL AMERICAN SPORTS CORPORATION, RIDDELL SPORTS GROUP, INC., EASTON-BELL SPORTS, INC., EASTON-BELL SPORTS, LLC, EB SPORTS CORP., and RBG HOLDINGS CORP.