## IN THE UNITIED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | MDL DOCKET NO. 2323 <br> No. 12-md-2323-AB |
| THIS DOCUMENT RELATES TO: <br><br> CHARLES RAY EASTERLING and his wife, MARY ANN EASTERLING, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL FOOTBALL LEAGUE, INC., <br><br> Defendant. | CIVIL ACTION <br> Case No. 11-CV-05209-AB |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' REQUEST TO
## CONDUCT PRETRIAL DISCOVERY

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RAY EASTERLING and his wife, MARY ANN EASTERLING; WAYNE RADLOFF and his wife, GARLAND RADLOFF; JAMES McMAHON; JOSEPH E. THOMAS and his wife, NICOLE THOMAS; GERALD FEEHERY; STEVE KINER and his wife CAROL KINER, and MICHAEL FURREY and his wife, KOREN FURREY, in their individual capacity and on behalf of all others similarly situated.<br><br>**PLAINTIFFS,**<br><br>V.<br><br>NATIONAL FOOTBALL LEAGUE, INC.<br><br>**DEFENDANT.** | **CIVIL ACTION**<br>**Case No. 11-cv-05209-AB**<br><br><br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' REQUEST TO CONDUCT PRETRIAL DISCOVERY**<br><br><br><br>**JURY TRIAL DEMANDED** |

Pursuant to this Court's request, Plaintiffs in the above cause of action submit the following Memorandum in support of Plaintiffs' request to conduct pretrial discovery as an aid to placing before the Court all facts pertinent to the issues that the Defendant has raised in its pending Motion to Dismiss.[1]  To that end, on December 6, 2011, Plaintiffs sent defense counsel an Amended Deposition Notice submitted pursuant to Rule 30(b)(6).  [Exh A - copy of this Notice is attached to this Motion.] A few days later, Plaintiffs had a telephone conference call with defense counsel to determine if the parties could agree on both the necessity and scope of discovery vis-a-vis this deposition request.  Unfortunately, the parties were unable to reach any agreement.

---

[1]  This information was previously submitted to the Court via ECF letter dated December 16, 2011; however, the Court has requested that Plaintiffs file the instant Memorandum.

Case 2:11-cv-03205-AB   Document 30   Filed 12/20/11   Page 2 of 8

Under the circumstances, and at the direction of the Court, Plaintiffs are now submitting this Memorandum explaining the nature of the discovery Plaintiffs seek and the rationale for allowing this process to move forward with due dispatch.  Plaintiffs make the following basic observations based upon our review of the Defendant's Motion to Dismiss

First, as Plaintiffs read the defendant's Motion to Dismiss, the NFL's fall-back position, if and when it fails to prevail on its "federal preemption arguments", is that some of the claims (according to the NFL), e.g., ". . . 'concealment', and medical monitoring . . ." should be more completely pleaded to satisfy legal criteria the defendant thinks govern these cases.  [See Defendant's Motion to Dismiss, p. 3.]  Consequently, because the Plaintiffs strongly believe that the legal defense asserted by the NFL will not put an end to this lawsuit, some discovery at this juncture is appropriate, particularly to address some of the purported deficiencies mentioned at pages 35 to 40 of its Memorandum.

Second, on the question of the propriety of the NFL's "federal preemption argument", Plaintiffs begin with the view that the Motion to Dismiss is replete with factual representations that are not found in the Amended Complaint _nor_ in the several Collective Bargaining Agreements that Plaintiffs think the Defendant has improperly annexed to its Motion. Nevertheless, at the moment, Plaintiffs assume – until this Court issues a ruling to the contrary – that the Court will consider all the "facts" argued in the Defendant's Motion and will review in detail the several versions of the Collective Bargaining Agreements annexed to its Motion.[2]  To that end, the Plaintiffs believe that discovery is warranted to refute the factual/legal contentions that these Agreements are controlling or for that matter pertinent.  Below are some of the defense

---

[2] Certainly, if the Court is inclined to consider factual information not found in the Complaint and the documents referenced by the NFL, then it may be necessary to convert this Motion to Dismiss to a Motion for Summary Judgment. If that is the course followed, then clearly the Plaintiffs should have opportunities to take pre-trial discovery to refute allegations not contained in the Complaint.

contentions (as Plaintiffs read them) together with a reference to each of the topics listed in our

corporate Notice of Deposition.[3]

**Defense Contention #1:**

> **All the claims for money damages suffered by retired NFL players resulting from their suffering multiple concussions and delayed but serious neurological illnesses <u>are covered</u> by the several Collective Bargaining Agreements.**

<u>Responsive to that defense</u>, Plaintiffs seek to depose NFL representatives who

can testify about the following factual inquiries:

> The decision to exclude former NFL Players from the terms and conditions of Article 65 of the 2011 Collective Bargaining Agreement. [¶ 2 of the Notice of Deposition.] [Article 65 is labeled "Neuro-cognitive Disability Benefit".]

- "The decision to limit funding under the terms and conditions of Article 65 to players who are 55 years old or younger". [¶ 3 of the Notice of Deposition.]

- "The provisions in any NFL Collective Bargaining Agreement specifying any rules or regulations of play regarding concussion identification and/or management." [¶ 8 of the Notice of Deposition.]

- "Every aspect of the current and past Collective Bargaining Agreements that addressed concussions, their identification and management, as well as the identification and treatment of long-term neurological-cognitive illnesses in NFL players." [¶10 of the Notice of Deposition.]

- "The non-legal reasons for including in Section 2 of Article 65 of the current CBA a requirement that a player's right to receive benefits under this Article is contingent on the player's agreement to execute a release and covenant not to sue." [¶ 11 of the Notice of Deposition.]

**Defense Contention #2:**

> **The Collective Bargaining Agreements dictate the "legal duties" that the NFL owes to each player to determine whether or not to**

---

[3] While these topics are pertinent to the "contentions" cited, they can also provide pertinent factual information on other defense contentions.

> **investigate or promulgate rules and regulations governing**
> **concussion management and return to play rules.**

<u>**Responsive to that defense**</u>, Plaintiffs seek to depose NFL representatives

regarding the following factual inquiries:

- "The sources of medical and scientific information that was reviewed in preparation for the publication of Article 65 (Article 65 is labeled "Neuro-cognitive Disability Benefit") of the 2011 Collective Bargaining Agreement."  [¶ 1 of the Notice of Deposition.]

- "Regarding the December 2, 2009 "Return to Play Statement" issued by the NFL, the  following subjects:

  a.     The identity of the people responsible for the wording of this statement;
  b.     The process that was followed in developing this Statement;
  c.     Why it was issued." [¶ 4 of the Notice of Deposition.]

- "Regarding the NFL Sideline Concussion Assessment Tool: Baseline Test, the following subjects:

  a.     Why it was developed?
  b.     When it was developed?
  c.     Who was involved in its development?
  d.     How it was developed?" [¶ 5 of the Notice of Deposition.]

- "The rules issued by the NFL regarding concussion identification and/or management, including but not limited to the historical development of those rules."  [¶ 7 of the Notice of Deposition.]

- "When did the NFL first acknowledge that concussions can lead to long-term permanent neurological problems in players?" [¶ 9 of the Notice of Deposition.]

<u>**Defense Contention #3:**</u>

> **These lawsuits are "fundamentally a labor dispute".**

<u>**Responsive to this argument**</u>, Plaintiffs seek to depose NFL representatives

regarding the following factual inquiries:

- "The identity of every former NFL player who has applied for funds via any program authorized by any CBA because of neurogenic deficits such as dementia, memory loss, etc.

  a.    The identity of every player identified above who has obtained funds based on such medical conditions;

  b.    The identity of each player who has been turned down for such funds;

  c.    The published provisions of any applicable CBA that was pertinent to the decision to allow or disallow the payment of funds to each player."  [¶ 12 of the Notice of Deposition.]

- "All discussions of Executive Committee members of the NFL between 1977 and 2009 regarding the long-term effects of concussions to players and how the NFL should address this topic."  [¶13 of the Notice of Deposition.]

**Defense Contention #4:**

**There is no independent duty to research, study or promulgate rules regarding concussions and the long-term disabilities associated with multiple concussions.**

**Responsive to this factual argument**, Plaintiffs seek to depose NFL representatives regarding the following topics:

- "Regarding the NFL's Medical Committee on Concussion (referred to sometimes as the NFL Concussion Committee), the following subjects:

  a.    Why it was established?
  b.    Who was responsible for the appointment of the Committee leadership?
  c.    How was it funded to conduct studies, research, etc.?
  d.    How was the annual level of funding decided?
  e.    Who approved the publically disseminated statements of this committee?
  f.    When did this Committee begin studying the long-term cognitive problems associated with multiple concussions to NFL players?
  g.    What were the directives of this Committee when it was formulated?
  h.    What authority did this Committee have to change the rules of football in the NFL?

Case 2:11-cv-05209-AB   Document 30   Filed 12/20/11   Page 6 of 8

> i.      Who within the NFL had the authority to add, change or replace the chairs of this committee once it was established?"  [¶ 6 of the Notice of Deposition.]

## DISCUSSION

District courts have broad discretion in controlling discovery.  *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D. Ill. 2005).  Although a party's filing of a motion to dismiss may provide for an appropriate circumstance in which to limit discovery, "[t]he filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion . . . ."  *Simstad v. Scheub*,  2008 U.S. Dist. LEXIS 35522, 2008 WL 1914268, at *1 (N.D. Ind. April 29, 2008).  Rather, to determine whether a stay of discovery is warranted, the court must look at the individual case.  *Id*.  Discovery is appropriate where the motion to dismiss has raised factual contentions that warrant the development of a complete factual record to fairly allow the parties and the court to address the legal arguments.  See, *Kaufman v. American Family Mutual Insurance Company*, 2006 U.S. Dist. LEXIS 71759 (Oct. 2, 2006) (D.C. Colorado); *Wolf v. U.S. A.*, 157 F.R.D. 494 (D.C. Kan. 1994) (Allowed discovery despite pending Motion to Dismiss.)  Even when general/generic discovery should be stayed pending resolution of a dispositive motion, it would be an appropriate exercise of discretion to permit discovery on matters bearing on the dispositive motion, including the opportunity to develop a factual basis for defending against the motion. *Id.*

When the trial court has reviewed the pending dispositive motion and makes a reasonable preliminary determination that it is not ". . . so patently clear or that the arguments are so overwhelmingly in favor of dismissal [of all the claims]. . . ", then a stay of all discovery is not appropriate, particularly when the discovery may be pertinent to the factual issues raised in the dispositive motion.  See, e.g., *Nabi Biopharmaceuticals v. Roxane Laboratories, Inc.*, 2006 U.S. Dist. LEXIS 76514 * 2 (E.D. Ohio); *Bocciolone v. Solowsky*, 2008 U.S. Dist. LEXIS 59170 (S.D. Fla.).

In the instant case, the NFL's Motion to Dismiss contains a plethora of factual assertions that are not supported by merely reading the Plaintiffs' Amended Complaint.  The NFL relies upon several different iterations of the Collective Bargaining Agreements with its players to obtain dismissal based on arguments of "federal preemption" and the absence of a legal duty.[4] To that end, limited but very directed discovery is warranted and necessary.  Under these circumstances, we ask that your Honor enter an Order allowing the Rule 30(b)(6) Depositions to go forward.

ANAPOL SCHWARTZ, P.C.


By:       s/ Larry Coben
Larry E. Coben, Esquire
Attorney I.D. No. 17523
Sol H. Weiss, Esquire
Attorney I.D. No. 15925
1710 Spruce Street
Philadelphia, PA  19103
(215) 735-2098

Attorneys for Plaintiffs

---

[4]  The Plaintiffs do not believe that it is appropriate for the defendant to rely upon the Collective Bargaining Agreements in seeking dismissal.  These Agreements are not "integral to plaintiffs' claims".  In fact, the opposite is the case: these Agreements do not address the issues raised.  And, we would add that the fact that other courts have referenced these Agreements in either deciding to partially dismiss some players' claims or not is not controlling. [Defendant referenced cases such as *Brown v. NFL*, 219 F. Supp. Supp. 2d 372 (S.D.N.Y. 2002) (Denied the Motion to Dismiss -- State tort law established NFL's duty and governed Plaintiff's claims.) and *Stringer v. NFL*, 474 F. Supp. 2d 894 (S.D. Ohio 2007) (Court stated it was obligated to convert the Motion to Dismiss into a Motion for Summary Judgment -- because of the NFL's attachment and reliance of the Collective Bargaining Agreements, and then found some claims were preempted and others were not.  Claims not arising from the CBA are not preempted.)

Case 2:11-cv-05209-AB   Document 30   Filed 12/20/11   Page 8 of 8

**CERTIFICATE OF SERVICE**

I, Larry Coben, hereby certify that on December 20, 2011, Plaintiffs' foregoing

**MEMORANDUM IN SUPPORT OF REQUEST TO CONDUCT PRETRIAL**

**DISCOVERY** was filed electronically and is available for downloading and viewing from the

Court's ECF System by all counsel of record.


Dated:  December 20, 2011                    By:        s/ Larry Coben