Case 2:12-mc-02328-AB Document 46-4 Filed 09/30/12 Page 56 of 70 Page ID #:1069

```
1                    UNITED STATES OF AMERICA
                  UNITED STATES DISTRICT COURT
2                 CENTRAL DISTRICT OF CALIFORNIA
                       WESTERN DIVISION
3
                          -  -  -
4                 HONORABLE MANUEL L. REAL
            UNITED STATES DISTRICT JUDGE PRESIDING
5                         -  -  -

6
     ERIC ADAMS, et al.,              )
7                                     )
                  PLAINTIFFS,         )      CERTIFIED COPY
8                                     )
     VS.                              )   CV 09-9550 R
9                                     )
     I-FLOW CORPORATION, et al.,      )
10                                    )
                  DEFENDANTS.         )
11   _____)

12

13

14

15         REPORTER'S TRANSCRIPT OF PROCEEDINGS
                MONDAY, MARCH 15, 2010
16                  A.M. SESSION
                LOS ANGELES, CALIFORNIA
17

18

19

20

21          SHERI S. KLEEGER, CSR 10340
            FEDERAL OFFICIAL COURT REPORTER
22          312 NORTH SPRING STREET, ROOM 402
            LOS ANGELES, CALIFORNIA 90012
23               PH:  (213)894-6604

24

25
```

```
 1   APPEARANCES OF COUNSEL:
     ON BEHALF OF PLAINTIFF:
 2        GIRARDI & KEESE
               BY:  ROBERT M. KEESE, ESQUIRE
 3             1126 WILSHIRE BOULEVARD
               LOS ANGELES, CA 90017-1904
 4   ON BEHALF OF DEFENDANT:
               SEDGWICK
 5             BY:  STEVEN D. DI SAIA, ESQUIRE
                    CHRISTOPHER P. NORTON, ESQUIRE
 6             801 SOUTH FIGUEROA STREET
               19TH FLOOR
 7             LOS ANGELES, CA 90017
               SABAITIS O'CALLAGHAN LLP
 8             BY:  FRANK T. SABAITIS, ESQUIRE
               975 EAST GREEN STREET
 9             PASADENA, CA 91106
               BOWMAN and BROOKE
10             BY:  STEPHEN J. KELLEY, ESQUIRE
               879 WEST 190TH STREET
11             SUITE 700
               GARDENA, CA 90248
12             FILICE BROWN EASSA & MCLEOD LLP
               BY:  WILLIAM E. STEIMLE, ESQUIRE
13                  PETER A. STROTZ, ESQUIRE
               1999 HARRISON STREET
14             SUITE 1800
               OAKLAND, CA 94612
15             HASSARD BONNINGTON LLP
               BY:  JOANNA L. STOREY, ATTORNEY AT LAW
16             TWO EMBARCADERO CENTER
               SUITE 1800
17             SAN FRANCISCO, CA 94111
               WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
18             BY:  MONA R. PATEL, ATTORNEY AT LAW
               555 SOUTH FLOWER STREET
19             SUITE 2900
               LOS ANGELES, CA 90071
20             MORRIS POLICH & PURDY
               BY:  TAMMARA N. TUKLOFF, ATTORNEY AT LAW
21             501 WEST BROADWAY
               SUITE 500
22             SAN DIEGO, CA 92101

23

24

25
```

```
 1              LOS ANGELES, CALIFORNIA; MONDAY, MARCH 15, 2010

 2                            A.M. SESSION

 3                               - - -

 4

 5              THE CLERK:  Item Number 12, C.V. 09-9550,

 6      Eric Adams, et al. versus I-Flow Corporation, et al.

 7      Counsel, state your appearances, please.

 8              MS. TUKLOFF:  Good morning, Your Honor.

 9              Tammara Tukloff for Defendants DJO, LLC, and DJO,

10      Incorporated.

11              MS. STOREY:  Good morning, Your Honor.

12              Joanna Lee Storey for Defendants McKinley Medical,

13      LLC; Moog, Inc.; and Curlin Medical, Inc.

14              MR. KEESE:  Robert Keese for the plaintiffs.

15              MS. PATEL:  Good morning, Your Honor.

16              Mona Patel on behalf of the Defendant I-Flow

17      Corporation.

18              MR. ELDRIDGE:  Good morning, Your Honor.

19              Brian Eldridge, also on behalf of I-Flow

20      Corporation.

21              MR. SCHNEEWEIS:  Good morning, Your Honor.

22              Gerald Schneeweis on behalf of Sorenson Medical

23      Products.

24              MR. STROTZ:  Good morning, Your Honor.

25              Peter Strotz on behalf of the moving defendants
```

```
 1   Astrazeneca, LP; and Astrazeneca Pharmaceuticals, LP.

 2             MR. STANLEY:  Good morning, Your Honor.

 3             William Stanley on behalf of Astrazeneca, LP; and

 4   Astrazeneca Pharmaceuticals, LP.

 5             MR. NORTON:  Good morning, Your Honor.

 6             Christopher Norton on behalf of Stryker Corporation

 7   and Stryker Sales Corporation.

 8             MR. SAIA:  Good morning, Your Honor.

 9             Steve Saia, also for Defendants Stryker Corporation

10   and Stryker Sales Corporation.

11             MR. SABAITIS:  Frank Sabaitis on behalf of Pacific

12   Medical Corporation.

13             MR. KELLY:  Good morning, Your Honor.

14             Steven Kelly on behalf of Breg, Inc.

15             THE COURT:  All right.  Counsel, anything to add to

16   the documents which have been filed by any of the parties?

17             MR. KEESE:  Your Honor, I would just -- and I'm

18   sure the Court is aware of it, but I would like to point out

19   to the Court because both in oppositions and in reply papers,

20   it's been said that these defendants don't know what products

21   are involved either on the pain pump side or on the

22   medication side.

23             Specifically, Astrazeneca in its most recent reply

24   attached a number of documents from the FDA for various years

25   regarding the approval of the drugs that are involved here.
```

```
 1   It is curious that while in their opposition and in their

 2   reply they say we don't even know what drug is involved, but

 3   they very specifically state they do know what drug is

 4   involved at that's sensorcane (phonetic), which for

 5   Astrazeneca is the brand name for Pupificane (phonetic).

 6   There are no secrets here.  This is one litigation in --

 7   among many filed in the action.

 8           THE COURT:  This is not one litigation.  This is

 9   about -- about, what, 70?

10           MR. KEESE:  140, Your Honor.

11           THE COURT:  140 litigations, all different.  All

12   different because they are different people who have been

13   affected differently by different people and by different

14   drugs.  For instance, can you tell me what drug Carol Behary

15   used?  That's one plaintiff.

16           MR. KEESE:  Your Honor, I can --

17           THE COURT:  Can you tell me that?

18           MR. KEESE:  Marcaine is the generic drug that she

19   received.  I doubt -- I would have to go to my records.

20           THE COURT:  Made by whom?

21           MR. KEESE:  I can't tell the Court that at this

22   point in time.  I can represent to the Court that the drug

23   manufacturers involved in this case have over 95 percent of

24   the market; that upon obtaining medical records -- and we

25   have -- we have sought the medical records of each and every
```

Case 2:11-cv-08395-R-MAN Document 76 Filed 12/20/11 Page 62 of 70 Page ID #:10746

6

```
 1   plaintiff who is named in this case; that it is common

 2   practice for the doctors and the hospitals to merely enter

 3   the generic name Marcaine.  And without discovery directives

 4   specifically to the drug manufacturers who supplied these

 5   drugs on a nationwide basis we are not going to be able to

 6   tell which drug it was in most of these cases.

 7           We know what the product was.  It is a pain pump.

 8   We know what the medication is.  It is Marcaine.  Under what

 9   brand name it was sold to the hospital is something that we

10   can only discover by utilizing the officers of this Court and

11   this lawsuit to do the discovery that's necessary to find out

12   which --

13           THE COURT:  That's not.

14           MR. KEESE:  -- of these four drug manufacturers was

15   responsible.

16           THE COURT:  The purpose of lawsuit is not to do

17   discovery, Counsel.  There is no purpose of a lawsuit to do

18   discovery.  It is to decide a case.  It is to decide a case,

19   some -- some problem against -- one person against another.

20   It is not to do discovery.

21           MR. KEESE:  Your Honor --

22           THE COURT:  It might or might not produce anything.

23   We don't do that.

24           MR. KEESE:  The plaintiffs involved here and our

25   law firm have proceeded diligently to get all the information
```

1    we can about specific manufacturers.  And I can provide the

2    Court with specific information about pain pump

3    manufacturers.  That's easier because in many of the medical

4    records that's so indicated, and we have even gotten billing

5    records from the hospitals to find out which company was

6    billed for the pain pump.

7                THE COURT:  What you are asking this Court to do is

8    asking each individual plaintiff, 140, that we are going to

9    have into courtroom a list of about 30 companies who have to

10   hire lawyers to come in to defend and not knowing whether or

11   not that person ever or that -- or that defendant ever did

12   anything to that plaintiff.  Every time we are going to have

13   to have all the lawyers come in and answer a complaint either

14   denying that they were the person involved or denying that

15   they did any damage to the person involved.

16               MR. KEESE:  That's --

17               THE COURT:  That's what lawsuits are about.

18               MR. KEESE:  And that is the way this lawsuit would

19   proceed.

20               THE COURT:  Oh, calling all of them in every time?

21               MR. KEESE:  No.

22               THE COURT:  Some plaintiff said I did this --

23               MR. KEESE:  No, I don't think that's.

24               THE COURT:  -- because I want to find out whether

25   or not this was this plaintiff who did what I claim they did.

```
 1              MR. KEESE:  I don't think that will be necessary at
 2    all, Your Honor.  It will not be necessary for them all to
 3    come in when -- when Peter Smith alleges that I-Flow
 4    manufactured the product that was inserted in his shoulder,
 5    and we have the medical records and we have the I-Flow
 6    records, first of all, there probably will no dispute at that
 7    point that I-Flow's product was used.
 8              Secondly, the other manufacturers -- and they are
 9    not 30; there are a dozen -- will have -- will have no need
10    to even interfere in that particular instance.
11              THE COURT:  You have that one -- then separately
12    file that claim and bring that one defendant in to answer the
13    claim, not some 20 or 30.
14              MR. KEESE:  There are multiple common questions of
15    law, in fact, that are going to be involved in this
16    litigation.
17              THE COURT:  No.  This is not -- this is not a class
18    action, Counsel.
19              MR. KEESE:  These defendants all -- that's the
20    reason -- that's the reason why there is now pending, and the
21    end of March I believe there is going to be determination on
22    whether an MDL should be set up.  That's the reason why in
23    Los Angeles County the cases have been -- have been
24    coordinated in front of one judge under one complaint for one
25    orderly progression of discovery, to identify the particular
```

```
 1    plaintiffs and particular defendants, and even more so
 2    because these defendants all continue to deny that the
 3    Marcaine drugs destroyed cartilage in the shoulder.
 4            That -- scientifically, that is a fact that's going
 5    to be a disputed issue and a hotly disputed issue, I presume,
 6    in each and every one of these cases.  Experts would have to
 7    be hired and retained and their depositions taken.  It is in
 8    each and every individual case, both before this Court, and
 9    if it were true, nationwide for hundreds or thousands.  That
10    is not an efficient way to administer justice.  The most
11    efficient way to do it --
12            THE COURT:  I didn't make the rules, Counsel.
13            MR. KEESE:  I understand that, Your Honor.  But I
14    don't think this violates the rules.
15            THE COURT:  About, quote, efficiency because I
16    didn't make the rules.
17            MR. KEESE:  This doesn't violate the rules, and the
18    Court has afforded great discretion in managing the cases
19    before it.
20            To break this up into 142 lawsuits would inundate
21    the Court and would cause multiple -- multiple appearances by
22    all counsel would greatly increase the litigation, both on
23    the part of the plaintiff and on the parts of the defendant
24    and on the part of the Court.
25            THE COURT:  Is there a class-action case pending
```

1   somewhere?

2           MR. KEESE:  No, there's not.

3           THE COURT:  This is not a class action.

4           MR. KEESE:  No, Your Honor.

5           THE COURT:  Then how is it going to get to the

6   multidistrict litigation panel?

7           MR. KEESE:  It is before that panel now, and I'm

8   not -- since I'm here I'm not involved in that particular

9   motion.  Defense counsel can probably give you better

10  information.  I believe there is a hearing set for

11  March 25th.  I may be mistaken on that.  But I know that

12  there is an application for multidistrict litigation, and

13  I also know that, as I said, in Los Angeles County -- all of

14  Los Angeles County state cases have been coordinated in front

15  of one Judge and there's a petition for the cases in state

16  court and statewide to go in front of that same Judge.

17          I could certainly -- we could certainly brief the

18  reasons for the economy of proceeding in this kind of

19  fashion.  It hasn't been done yet, but I think it is manifest

20  with the number of cases that are involved here.  That's the

21  most expeditious, expedient, and most just way of proceeding

22  with this case.

23          THE COURT:  All right.  Anything further?

24          MR. KEESE:  If there is an adverse ruling for the

25  plaintiff, we do request that it be without prejudice.  We

Exhibit "A"
Page 66

UNITED STATES DISTRICT COURT

Exhibit "B"
Page 53

```
1    request leave to amend, and I would point out to the Court

2    that as we obtain new information -- and we have obtained new

3    information since this case came to this Court in October of

4    last year -- the 142 plaintiffs that are named, we intend to

5    request dismissal of a significant number of those.

6              I would request that the Court grant us leave to

7    dismiss any plaintiff when the plaintiffs' attorneys

8    determine in their best judgment that those specific cases do

9    not merit proceeding, rather than making motions on a

10   plaintiff-by-plaintiff basis.

11             THE COURT:  Well, let me start by saying the

12   plaintiff improperly enjoined 141 plaintiffs and

13   22 defendants and the pleading lacking any fact, which

14   establishes a common nexus among the parties.  Each incident

15   alleged in the complaint occurred at separate hospitals, in

16   37 different states, and two different countries over a span

17   of a ten-year period and involved different products and

18   surgeons.

19             Okay.  The various motions present overlapping

20   issues of fact and law and as such the Court consolidates the

21   motions and rules on them as follows:

22             Plaintiffs do not allege that any one of them were

23   administered a particular drug or pain pump manufactured by

24   a particular defendant.  Plaintiffs plead nothing more than

25   the sheer possibility that any particular defendant might
```

```
 1    have manufactured the product plaintiffs received.  As such,

 2    plaintiffs have not pleaded plausible claims for relief.  And

 3    pursuant to Ashcroft versus Eight Ball, the entire

 4    claimplaint must be dismissed for failure to state a claim.

 5         Furthermore, plaintiffs are improperly joined in

 6    this single action.  Plaintiffs do not assert a right to

 7    relief, jointly or severally, and their claims do not arise

 8    out of same transaction, occurrence, or series of

 9    transactions or occurrences.  As such, plaintiffs may not

10    join in a single action pursuant to Rule 20A1 of the Federal

11    Rules of Civil Procedure.

12         As such, plaintiffs claims are hereby severed, and

13    any claims dismissed with leave to amend may only be

14    maintained in going forward in discrete actions.

15         Plaintiffs can amend and plaintiffs may amend their

16    negligence, negligence per se, and strict product liability

17    claims to adequately plead the claims as to each individual

18    plaintiff.  Plaintiffs must also adequately plead the

19    applicability of the delayed discovery rule of any of the

20    claims facially barred by California's two-year statute of

21    limitations as to each particular plaintiff, as to each

22    particular defendant.

23         Plaintiffs may also amend their claims through

24    negligent misrepresentation, fraudulent concealment in

25    violation of state consumer fraud and accepted trade acts in
```

```
 1    order to adequately plead plausible claims of relief as to
 2    each individual plaintiff and as to each individual
 3    defendant.
 4           Plaintiffs may also claim their claim of breach of
 5    expressed warranty.  Privity is generally required to state
 6    a claim for breach of expressed warranty; however, there is
 7    a limited exception for medical products designed solely for
 8    introduction into the body of a human being, as stated in
 9    Gottsdanker versus Cutter Laboratories, 182 Cal.App.2d 602;
10    and recognized Evraets versus Intermedics Intraocular, Inc.,
11    since -- 29 Cal.App.4th 779, since both of the anesthetics
12    and pain pumps resign solely for introduction into the body
13    of a human being.
14           Plaintiffs' claim for breach of an expressed
15    warranty is barred as a matter of California law, and that is
16    dismissed.
17           Plaintiffs' claim for breach of implied warranty is
18    dismissed with prejudice because it cannot allege plaintiffs
19    for breach of implied warranty against defendants because
20    pursuant to Blanco versus Baxter Healthcare Corporation,
21    158 Cal.App.4th 1039, privity is necessary -- is a necessary
22    component of such claims, and there is no evidence to suggest
23    that plaintiffs relied on anything other than their
24    physician's skill and judgment in selecting the anesthetics
25    and pumps.
```

```
1          Defendants' arguments with respect to the motion to
2    strike are well taken under the circumstances.  The motion to
3    strike is granted and defending allegation may be omitted
4    from any amended pleading.
5          Plaintiffs cannot allege design defect claims
6    against the anesthetic manufacturers, nor can plaintiffs
7    allege a failure of defendants to warn plaintiffs, the
8    public, and the FDA.
9          Finally, plaintiffs are not entitled to a
10   constructive trust over the defendants' profits or injunctive
11   relief.  Should plaintiffs prevail on their claims, they will
12   be adequately compensated for their injury they personally
13   sustained by an award of damages in the proper case, in the
14   proper court, at the proper time.
15         All right.  Counsel, you prepare the orders.
16         MR. STANLEY:  Your Honor, if I may speak.
17         THE COURT:  Yes.
18         MR. STANLEY:  William Stanley on behalf of the
19   Astrazeneca defendants.
20         The only thing I would like to add here is that
21   plaintiffs' counsel just advised the Court that he does not
22   know the identity of the anesthetic maker and, therefore,
23   leave to amend would be futile because he is telling the
24   Court I can't do it.
25         THE COURT:  Well, he seemed to indicate that he
```

```
1    could somewhere down the line; so we will see if he can.

2              MR. STANLEY:  Leave to amend in how much time, Your

3    Honor?

4              THE COURT:  I have indicated what amendments can be

5    made and by whom.

6              MR. KEESE:  Your Honor, if I may.

7              THE COURT:  Against whom.

8              MR. KEESE:  If I may --

9              THE COURT:  These are separate actions, Counsel.

10   This is not a single action.  This is not a single action.

11   They're misjoinder -- total misjoinder here because there is

12   no same law or facts, particularly facts.  There may be

13   overlapping law.

14             MR. KEESE:  Your Honor, may I inquire?

15             THE COURT:  Yes.

16             MR. KEESE:  Would refiling be under a separate

17   individual case number for each plaintiff?

18             THE COURT:  I have indicated how it is to be as to

19   each individual plaintiff against each individual defendant

20   so we know who is being sued and by whom because there is

21   total failure of joinder here -- total failure of joinder.

22             I don't know what the state court does with

23   joinder, but that's against their law, the joinder under

24   their law.  All right.

25             THE CLERK:  Item number 13.
```

```
 1              MR. KEESE:  Thank you, Your Honor.

 2              MR. STANLEY:  Thank you.

 3

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Case 2:13-cv-02393-R-MAN Document 76-4 Filed 12/20/13 Page 68 of 70 Page ID #:1076
Case 2:12-md-02323-AB Document 46-4 Filed 03/30/12 Page 18 of 22 Page ID #:1026

17

```
 1
 2
 3
 4
 5                     CERTIFICATE OF REPORTER
 6
 7   COUNTY OF LOS ANGELES        )
 8                                )  SS.
 9   STATE OF CALIFORNIA          )
10
11   I, SHERI S. KLEEGER, OFFICIAL COURT REPORTER, IN AND FOR THE
12   UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF
13   CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753,
14   TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND
15   CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED
16   PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE
17   TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS
18   OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.
19
20
21   DATE:  MARCH 18, 2009
22
23   _____
24   SHERI S. KLEEGER, CSR
25   FEDERAL OFFICIAL COURT REPORTER
```

## PROOF OF SERVICE
### F.R.C.P. Rule 5(b)(2)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 879 West 190th Street, Suite 700, Gardena, CA 90248-4227.

I hereby certify that on **December 20, 2011**, I served the document: **RIDDELL DEFENDANTS' NOTICE OF MOTION AND MOTION TO SEVER PURSUANT TO FRCP 20 AND 21; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF PAUL G. CEREGHINI; EXHIBIT "A" - "B"** on all interested parties in this action by placing **a true copy** thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

( )  **BY MAIL (F.R.C.P. Rule 5(b)(2))**

( )  **BY OVERNIGHT DELIVERY (F.R.C.P. Rule 5(b)(2))**

( )  As follows: I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under the practice, the envelope would be put in a sealed envelope and deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than **1** day after date of deposit for mailing in affidavit.

(X)  **BY CM/ECF:** I hereby certify that I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the parties as shown on the attached Service List.

( )  **BY PERSONAL SERVICE (F.R.C.P. 5(2)):** I delivered such envelope by hand to the addressee.

Executed on **December 20, 2011**, at Gardena, California.

(X)  **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Regina Foley

**SERVICE/MAILING LIST**

**Vernon Maxwell et al. v. National Football League, et al.**

United States District Court–Central District of California - Western Division Case No: CV 11-8394 R (MANx)

| | |
|---|---|
| Thomas V. Girardi, Esq. | **Attorneys for Plaintiffs** |
| GIRARDI ⎟ KEESE | |
| 1126 Wilshire Boulevard | Tel:   (213) 977.0211 |
| Los Angeles, CA 90017 | Fax:   (213) 481.1554 |

| | |
|---|---|
| Herman Russomanno, Esq. | **Attorneys for Plaintiffs** |
| Robert Borrello, Esq. | |
| RUSSOMANNO & BORRELLO, P.A. | Tel:   (305) 373.2101 |
| 150 West Flagler Street – PH 2800 | Fax:   (305) 373.2103 |
| Miami, FL 33130 | |

| | |
|---|---|
| Jason E. Luckasevic, Esq. | **Attorneys for Plaintiffs** |
| John T. Tierney, III, Esq. | |
| GOLDBERG, PERSKY & WHITE, P.C. | Tel:   (412) 471.3980 |
| 1030 Fifth Avenue | Fax:   (412) 471.8308 |
| Pittsburgh, PA 15219 | |

| | |
|---|---|
| Ronald L. Olson, Esq. | **Attorneys for Defendants** |
| Glenn d. Pomerantz, Esq. | **NATIONAL FOOTBALL LEAGUE and** |
| John M. Rappaport, Esq. | **NFL PROPERTIES LLC** |
| MUNGER, TOLLES & OLSON LLP | |
| 355 South Grand Avenue, 35th | Tel:   (213) 683.9100 |
| Los Angeles, CA 90071-1560 | Fax:   (213) 683.5100 |

| | |
|---|---|
| Brad S. Karp, Esq. | **Attorneys for Defendants** |
| Theodore V. Wells, Jr., Esq. | **NATIONAL FOOTBALL LEAGUE and** |
| Lynn B. Bayard, Esq. | **NFL PROPERTIES LLC** |
| Beth A. Wilkinson, Esq. | |
| Bruce Birenboim, Esq. | |
| PAUL, WEISS, RIFKIND, WHARTON | Tel:   (212) 373.3000 |
| & GARRISON LLP | Fax:   (212) 757.3990 |
| 1285 Avenue of the Americas | |
| New York, NY 10019-6064 | |

Case 2:13-md-02323-AB Document 46-4 Filed 03/30/12 Page 21 of 22
Case 2:11-cv-08396-ODW-MAN Document 76-1 Filed 12/20/11 Page 26 of 27 Page ID
#:10729

# PROOF OF SERVICE
## F.R.C.P. Rule 5(b)(2)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 879 West 190th Street, Suite 700, Gardena, CA 90248-4227.

I hereby certify that on **December 20, 2011**, I served the document: **RIDDELL DEFENDANTS' NOTICE OF MOTION AND MOTION TO SEVER PURSUANT TO FRCP 20 AND 21; EXHIBIT "A"** on all interested parties in this action by placing **a true copy** thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

( )   **BY MAIL (F.R.C.P. Rule 5(b)(2))**

( )   **BY OVERNIGHT DELIVERY (F.R.C.P. Rule 5(b)(2))**

( )   As follows:  I am "readily familiar" with the firm's practice of collection and processing documents for mailing.  Under the practice, the envelope would be put in a sealed envelope and deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than **1** day after date of deposit for mailing in affidavit.

**(X)**   **BY CM/ECF:**  I hereby certify that I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the parties as shown on the attached Service List.

( )   **BY PERSONAL SERVICE (F.R.C.P. 5(2)):** I delivered such envelope by hand to the addressee.

Executed on **December 20, 2011,** at Gardena, California.

**(X)**   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Regina Foley

CV 11-8396 ODW (JCGx)

**SERVICE/MAILING LIST**

**David Pear, et al. v. National Football League, et al.**

United States District Court – Central District of California - Western Division Case No: CV 11-8395 GAF (PJWx)

| | |
|---|---|
| Thomas V. Girardi, Esq.<br>GIRARDI │ KEESE<br>1126 Wilshire Boulevard<br>Los Angeles, CA  90017 | **Attorneys for Plaintiffs**<br><br>Tel:  (213) 977.0211<br>Fax:  (213) 481.1554 |
| Herman Russomanno, Esq.<br>Robert Borrello, Esq.<br>RUSSOMANNO & BORRELLO, P.A.<br>150 West Flagler Street – PH 2800<br>Miami, FL  33130 | **Attorneys for Plaintiffs**<br><br>Tel:  (305) 373.2101<br>Fax:  (305) 373.2103 |
| Jason E. Luckasevic, Esq.<br>John T. Tierney, III, Esq.<br>GOLDBERG, PERSKY & WHITE, P.C.<br>1030 Fifth Avenue<br>Pittsburgh, PA  15219 | **Attorneys for Plaintiffs**<br><br>Tel:  (412) 471.3980<br>Fax:  (412) 471.8308 |
| Ronald L. Olson, Esq.<br>Glenn d. Pomerantz, Esq.<br>MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue, 35th<br>Los Angeles, CA 90071-1560 | **Attorneys for Defendants NATIONAL FOOTBALL LEAGUE and NFL PROPERTIES LLC**<br><br>Tel:  (213) 683.9100<br>Fax:  (213) 683.5100 |
| Brad S. Karp, Esq.<br>Theodore V. Wells, Jr., Esq.<br>Lynn B. Bayard, Esq.<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064 | **Attorneys for Defendants NATIONAL FOOTBALL LEAGUE and NFL PROPERTIES LLC**<br><br>Tel:  (212) 373.3000<br>Fax:  (212) 757.3990 |

1496332-WE 1