Case 2:12-md-02323-AB Document 48-1 Filed 03/30/12 Page 1 of 24 Page ID
Case 2:11-cv-08395-R-MAN Document 95 Filed 01/23/12 Page 4 of 27 Page ID
#:11212

1  BOWMAN AND BROOKE LLP
2  Paul G. Cereghini (SBN: 148016)
   *Paul.Cereghini@bowmanandbrooke.com*
3  Vincent Galvin, Jr. (SBN: 104448)
4  *Vincent.Galvin@bowmanandbrooke.com*
   Marion V. Mauch (SBN: 253672)
5  *Marion.Mauch@bowmanandbrooke.com*
6  879 West 190th Street, Suite 700
   Gardena, CA 90248-4227
7  Tel:   (310) 768-3068
8  Fax:   (310) 719-1019

9  Attorneys for Defendants RIDDELL, INC.; ALL AMERICAN
10 SPORTS CORPORATION; RIDDELL SPORTS GROUP, INC.;
11 EASTON-BELL SPORTS, INC.; EASTON-BELL SPORTS, LLC;
   EB SPORTS CORP.; and RBG HOLDINGS CORP.
12

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15

16 VERNON MAXWELL, et al.,          CASE NO.:  CV 11-8394 R (MANx)

17          Plaintiffs,             **RIDDELL DEFENDANTS' REPLY**
                                    **MEMORANDUM OF POINTS AND**
18                                  **AUTHORITIES IN SUPPORT OF**
19 v.                               **MOTION TO SEVER PURSUANT**
                                    **TO FRCP 20 AND 21**
20 NATIONAL FOOTBALL LEAGUE,
21 et al.,                          Date:      February 6, 2012
                                    Time:      10:00 a.m.
22          Defendants.             Dept:      Courtroom 8
23
24                                  Judge:  Hon. Manuel L. Real
25
26                                  Notice of related cases:
                                    No. CV 11-08395 R (MANx)
27                                  No. CV 11-08396 R (MANx)
28

1

Case 2:12-md-02323-AB Document 48-1 Filed 03/30/12 Page 2 of 24
Case 2:11-cv-08395-R-MAN Document 95 Filed 01/23/12 Page 5 of 27 Page ID
#:11213

# TABLE OF CONTENTS

I.  ARGUMENT ................................................................................ 1

    A.  The motion to transfer should not preclude this Court
       from ruling on the Riddell Defendants' motion. ................................ 1

    B.  Plaintiffs fail to show that their claims against the Riddell
       Defendants arise out of the same transaction, occurrence,
       or series of transactions or occurrences. ........................................ 2

    C.  Plaintiffs fail to demonstrate a question of law or fact
       common to properly support joinder. . ........................................... 8

    D.  Plaintiffs fail to show that severance of their separate and
       distinct claims would prejudice any substantial right. ..................... 12

    E.  Even if joinder were proper, which it is not, the Court
       should nonetheless exercise its wide discretion to sever. ................... 12

II. CONCLUSION ........................................................................... 15

Exhibit "A"
Page 5
CV 11-8394 R (MANx)

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Phelps*,
655 F. Supp. 560 (M.D. La. 1985)..................................................................... 11

*Boschert v. Pfizer, Inc.*,
No. 4:08-CV-1714 CAS, 2009 WL 1383183
(E.D. Mo. May 14, 2009)............................................................. 5, 6, 7, 8, 9, 12

*Chrysler Credit Corp. v. Country Chrysler, Inc.*,
928 F.2d 1509 (10th Cir. 1991) ................................................................. 13, 14

*Coughlin v. Rogers*,
130 F.3d 1348 (9th Cir. 1997) ......................................................................8, 12

*DIRECTV v. Loussaert*,
218 F.R.D. 639 (S.D. Iowa 2003) ......................................................................... 5

*Grayson v. K-Mart Corp.*,
849 F. Supp. 785 (N.D. Ga. 1994)...................................................................... 11

*Graziose v. Am. Home Prods. Corp.*,
202 F.R.D. 638 (D. Nev. 2001)................................................................. 10, 11,14

*In Re Air Crash Disaster at Tenerife*,
435 F. Supp. 927 (J.P.M.L. 1977)........................................................................ 2

*In re Baycol Prods. Liab. Litig.*,
MDL No. 1431, 2002 WL 32155269 (D. Minn. July 5, 2002) ............................ 6

*In re Diet Drugs Prods. Liab. Litig.*,
294 F. Supp. 2d 667 (E.D. Pa. 2003) ................................................................... 6

*In re Diet Drugs Prods.* Liab. Litig.,
Civ.A 98-20478, 1203, 1999 WL 554584 (E.D. Pa. July 16, 1999) .................... 6

Exhibit "A"
Page 6

CV 11-8394 R (MANx)

Case 2:12-md-02323-AB Document 48-1 Filed 03/30/12 Page 4 of 24
Case 2:11-cv-08395-R-MAN Document 95 Filed 01/23/12 Page 4 of 24 Page ID
#:11215

*In re Medtronic, Inc.*,
    408 F. Supp. 2d 1351 (J.P.M.L. 2005)........................................................ 2, 4

*In re Orthopedic Bone Screw Prods. Liab. Litig.*,
    MDL No. 1014, 1995 WL 428683 (E.D. Pa. July 17, 1995)................................ 6

*In re Orthopedic Bone Screw Prods. Liab. Litig.*,
    MDL No. 1014, 1996 WL 900346 (E.D. Pa. July 11, 1996)................................ 6

*In re Prempro Prods. Liab. Litig.*,
    417 F. Supp. 2d 1058 (E.D. Ark. 2006)..................................................... 7

*In re Repetitive Stress Injury Litig.*,
    11 F.3d 368 (2d Cir. 1993),.............................................................. 9, 10, 14

*In re Rezulin Prods. Liab. Litig.*,
    168 F. Supp. 2d 136 (S.D.N.Y. 2001) ..................................................... 7

*Martinez v. Safeway Stores, Inc.*,
    66 F.R.D. 446 (N.D. Cal. 1975) .......................................................... 11

*McNaughton v. Merck & Co.*,
    No. 04-CV-8297, 2004 WL 5180726 (S.D.N.Y. Dec. 17, 2004)....................... 6

*Mosley v. General Motors Corp.*,
    497 F.2d 1330 (8th Cir. 1974) ............................................................ 5, 8

*Sabolsky v. Budzanoski*,
    457 F.2d 1245 (3d Cir. 1972)............................................................. 12

*Saval v. BL Ltd.*,
    710 F.2d 1027 (4th Cir. 1983) ........................................................... 6, 8

*Smith v. N. Am. Rockwell Corp.*,
    50 F.R.D. 515 (N.D. Okla. 1970).......................................................... 1

## Rules

Fed. R. Civ. P. 5(b)(2) .................................................................... 16

Exhibit "A"
Page 7

Fed. R. Civ. P. 20. ........................................................................................... 5, 9, 11, 15

Fed. R. Civ. P. 20(a) ................................................................................................ 6, 8

Fed. R. Civ. P. 21 ........................................................................... 9, 11, 12, 13, 14, 15

Fed. R. Civ. P. 42 ..................................................................................................... 14

J.P.M.L. Rule 2.1(d) .................................................................................................. 2

L.R. 7-12.................................................................................................................. 10

iv

Case 2:12-md-02323-AB Document 48-1 Filed 03/30/12 Page 6 of 24
Case 2:11-cv-08395-R-MAN Document 95 Filed 01/23/12 Page 9 of 27 Page ID
#:11217

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I.    ARGUMENT

Defendants Riddell, Inc.; All American Sports Corporation; Riddell Sports Group, Inc.; Easton-Bell Sports, Inc.; Easton-Bell Sports, LLC; EB Sports Corp.; and RBG Holdings Corp. (collectively, the "Riddell Defendants"),[1] pursuant to L.R. 7-10, submit this reply memorandum in response to Plaintiffs' Opposition and in support of the Riddell Defendants' motions to sever in all three related cases.[2] In short, Plaintiffs in these three cases fail to cite to any case that has upheld as proper the joinder of claims involving anywhere near the number of plaintiffs attempted to be joined together here in these three related actions, much less for claims spanning more than half a century. As abundant case law shows, Plaintiffs' attempted joinder here is patently improper. Following that case law, including a prior ruling by this very Court, the Court should grant the Riddell Defendants' motions and sever the individual Plaintiffs' claims in all three of these actions.

### A.    The motion to transfer should not preclude this Court from ruling on the Riddell Defendants' motion.

Plaintiffs argue that the instant motion may be premature given the NFL Defendants' pending motion before the Judicial Panel on Multidistrict Litigation ("JPML") to transfer and consolidate these cases with other cases. (*Maxwell* Pls.' Opp. to Riddell Defs.' Mot. to Sever (Dkt No. 91) ("*Maxwell* Opp.") at 3.)  That motion does not preclude this Court from ruling on the motions to sever, nor should it, for several reasons.

---

[1]  Referring to these Defendants collectively does not imply or concede that they are properly joined or named as Defendants, and the "Riddell Defendants" reserve the right to move to dismiss some or all of them.  The collective reference is merely for convenience.

[2]  As with its opening motion and memorandum, the Riddell Defendants address all three sets of Plaintiffs' misjoinder collectively, since their claims in *Maxwell*, *Pear*, and *Barnes* are virtually identical, as are their arguments.

**Exhibit "A"**
**Page 9**
CV 11-8394 R (MANx)

1    *First*, the JPML's rules provide that the mere pendency of a motion to

2    transfer "does not affect or suspend orders and pretrial proceedings in any pending

3    federal district court action and does not limit the pretrial jurisdiction of that

4    court." *See* Rule 2.1(d). The JPML may defer its ruling concerning transfer of

5    particular actions to allow the potential transferor court to rule on pending motions.

6    *See In Re Air Crash Disaster at Tenerife*, 435 F. Supp. 927, 928 n.3 (J.P.M.L.

7    1977) ("On principles of comity, after receiving a request from the judge to whom

8    [one of the actions] is assigned, we are deferring our ruling concerning [that]

9    action pending that judge's decision on a matter he has under consideration."); *In*

10   *re Medtronic, Inc.*, 408 F. Supp. 2d 1351, 1352, 1352 (J.P.M.L. 2005) (deferring

11   transfer of one action at the request of the district judge assigned to that action so

12   that the judge could rule on a pending motion.). Additionally, there is no stay of

13   proceedings before this Court pending a ruling on the motion to transfer. Thus,

14   there is nothing by rule or case law that prevents this Court from proceeding to

15   adjudicate the currently pending matters.

16   *Second*, Plaintiffs neglected to mention that the Riddell Defendants opposed

17   the motion to transfer because, among other reasons, it is premature given the

18   imminent hearing scheduled in this case on this motion. Moreover, this Court's

19   rulings on the Riddell Defendants' pending Motions to Sever (and their Motions to

20   Dismiss) may greatly streamline issues and claims sought to be transferred.

21   **B.    Plaintiffs fail to show that their claims against the Riddell
22         Defendants arise out of the same transaction, occurrence, or series
23         of transactions or occurrences.**

24   In arguing that all of their claims spanning a period of more than fifty (50)

25   years "arise from the same transaction or occurrence," Plaintiffs promote an overly

26   simplified and erroneous interpretation of the appropriate analysis. Essentially,

27   Plaintiffs conclusorily assert that their claims are properly joined because they

28   purportedly all involve "enough related operative facts," that "arise out of a

**Exhibit "A"**
**Page 10**
CV 11-8394 R (MANx)

systematic pattern of events," and are all "logically related." (*See, e.g., Maxwell* Pls.' Opp. at 5-6; *Barnes* Pls.' Opp to Riddell Defs.' Mot. to Sever (Dkt. No. 82) ("*Barnes* Opp.") at 4-5.) Plaintiffs' argue they satisfy these criteria because they "were part of the same league, playing the same sport, and wearing the same brand of helmets while engaging in the same or similar activities or movements." (*Maxwell* Opp. at 7.) They are incorrect both factually and legally.

Plaintiffs' argument for joinder under such a generalized view of their claims would represent a massive expansion of joinder principles which finds no support in the rules or case law. Indeed, Plaintiffs cite no analogous cases finding joinder proper under even remotely similar facts to these. That is because joinder under such facts is not proper.

Under Plaintiffs' interpretation, for example, 136 different plaintiffs from across the country who, over the period from 1953 to 2009, bought, drove, and were differently injured in Ford automobiles ranging from the 1953 Mainline to the 2009 Focus could all sue Ford together in one action alleging that the vehicles were "defective" because they failed to provide "adequate protection" in a crash. Following Plaintiffs' logic, those claims would be properly joined because all of the driver-plaintiffs were part of the same class (Ford owners) who were engaged in the same activity (driving on the roads) while driving "the same brand of [vehicle]" (Ford). (*See id.*) Joinder under those facts would be patently improper, just as it is here.




*1952 Ford Mainline*          *2009 Ford Focus*

Plaintiffs also attempt to avoid the numerous significant differences between all of their claims by arguing that focusing on those dissimilarities "wholly

Exhibit "A"
Page 11
CV 11-8394 R (MANx)

ignore[s] the allegations pertaining to the NFL," which, they allege, support a
pattern of conduct. (*Id.* at 6.) Plaintiffs fail to cite any law to support their
argument that their claims against the NFL are relevant at all in determining
whether their claims against the Riddell Defendants are properly joined.

Plaintiffs offer summary conclusions and bald assertions of a purported
logical relationship between their claims, but they fail to explain in any detail how,
for example, the claims of a player-Plaintiff who played in 1960 for the Los
Angeles Chargers are "logically related" to those of one who played in 2009 for
the St. Louis Rams, given that each player wore a completely different helmet,
played under different rules for different teams in different cities almost fifty (50)
years apart, and allegedly suffers from different symptoms and conditions (e.g.,
dementia versus memory loss). (*Compare, e.g., Maxwell* First Am. Compl.
("*Maxwell* FAC") ¶¶ 342-46 (player-Plaintiff David Kocourek), *with id.* ¶¶ 452-56
(player-Plaintiff Todd Johnson).) Moreover, while the *Maxwell* Plaintiffs resist the
Court taking judicial notice of the fact that football helmets changed considerably
between the earlier- and later-playing Plaintiffs, their own allegations support this
reality.[3] (*See, e.g., Id.* ¶¶ 95-99 (discussing the considerable changes in designs
and the significant safety advancements the Riddell Defendants introduced over
the span covered by Plaintiffs' claims).)

Plaintiffs' oversimplified analysis is similar to that advanced in *Boschert v.
Pfizer, Inc.*, No. 4:08-CV-1714 CAS, 2009 WL 1383183 (E.D. Mo. May 14,
2009), in which four plaintiffs asserted product liability claims, including claims of

---

[3] While the *Maxwell* and *Pear* Plaintiffs challenged the propriety of the Court
taking judicial notice of the seemingly obvious fact that football helmets have
changed considerably since the 1950s, the *Barnes* Plaintiffs did not. Thus, based
on that lack of opposition, the Court can and should take judicial notice of that fact,
at least in *Barnes*. *See* L.R. 7-12 ("The failure to file any required paper, or the
failure to file it within the deadline, may be deemed consent to the granting or
denial of the motion.").

**Exhibit "A"**
**Page 12**
CV 11-8394 R (MANx)

failure to warn, against Pfizer arising out of their use of the smoking-cessation drug Chantix. The *Boschert* plaintiffs argued that their claims arose out of the same transaction or occurrence or series of transactions or occurrences "because they all ingested the drug Chantix, albeit for different times and for different durations, and they all developed, to varying degrees, the same type of mental or behavioral injury as a result of defendant's alleged misconduct." *Id.* at *2. "In short, according to [the *Boschert*] plaintiffs, the common transaction or occurrence in this case is Chantix." *Id.*

The *Boschert* court noted that although the "same transaction or occurrence" requirement under Rule 20 "may be construed liberally, this does not mean joinder is proper in the absence of a transactional link." *Id.* at *3 (quoting *DIRECTV v. Loussaert*, 218 F.R.D. 639, 642 (S.D. Iowa 2003) (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974)). After examining the factual allegations in the complaint, the court held that joinder was improper. *Id.* Specifically, the court noted that the prescriptions were provided through different health care providers, and the drug was taken at different times for various durations." *Id.*

Moreover, while the *Boschert* plaintiffs all alleged behavioral and mental side-effects, their alleged symptoms were not the same and their medical histories differed. *Id.* Finally, the court noted, "not insignificantly," the fact that the plaintiffs were all from different states. *Id.* Thus, the court concluded "the mere fact the four plaintiffs took Chantix at some point in time and suffered some sort of mental or behavioral side-effect is not enough of a logical or factual connection to satisfy the same transaction or occurrence requirement." *Id.* (citing *McNaughton v. Merck & Co.*, No. 04-CV-8297, 2004 WL 5180726, at *2 (S.D.N.Y. Dec. 17, 2004) (rejecting argument that alleged failure to warn consumers and doctor of the potential harms of Vioxx satisfied the requirements of Rule 20(a)); *Saval v. BL Ltd.*, 710 F.2d 1027, 1031-32 (4th Cir. 1983) (rejecting argument that allegations

Exhibit "A"
Page 13
CV 11-8394 R (MANx)

1  of fraud and breach of federal warranties concerning similar problems with

2  automobiles satisfied the transactional test); *In re Prempro Prods. Liab. Litig.*, 417

3  F. Supp. 2d 1058, 1059 (E.D. Ark. 2006) (finding plaintiffs were not properly

4  joined where the only thing common among them was that they took a similar

5  drug); *In re Diet Drugs Prods. Liab. Litig.*, 294 F. Supp. 2d 667, 679 (E.D. Pa.

6  2003) (same); *In re Baycol Prods. Liab. Litig.*, 2002 WL 32155269, at *2 (D.

7  Minn. July 5, 2002) (finding, in a case involving an anti-cholesterol drug, that "the

8  fact that defendants' conduct is common to all of plaintiffs' claims and that the

9  legal issues of duty, breach of duty and proximate cause and resulting harm are

10  common do not satisfy Rule 20's requirements"); *In re Rezulin Prods. Liab. Litig.*,

11  168 F. Supp. 2d 136, 144 (S.D.N.Y. 2001) (finding misjoinder because plaintiffs,

12  who ingested the same drug, had different exposures to the drug, different injuries,

13  and different medical histories); *In re Diet Drugs Prods. Liab. Litig.*, 1999 WL

14  554584, at *3 (E.D. Pa. July 16, 1999) (dropping misjoined plaintiffs from

15  different states whose only commonality was ingestion of the same drugs in

16  question); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 1996 WL 900346, at

17  *3 (E.D. Pa. July 11, 1996) (noting the many differences among the plaintiffs,

18  including their unique medical histories, prevented joinder under Rule 20(a)); *In re

19  Orthopedic Bone Screw Prods. Liab. Litig.*, 1995 WL 428683, at *1 (E.D. Pa. July

20  17, 1995) (same).

21      The relevant factors here on the "same transaction or occurrence" analysis

22  point even more compellingly to misjoinder. Here, there are not four plaintiffs, but

23  136 different player-Plaintiffs alleging injury from purportedly defective products.

24  Moreover, unlike in *Boschert*, in which the plaintiffs all took the same drug, the

25  player-Plaintiffs here are not even attacking the same product, given that they

26  largely all necessarily wore different model helmets over the course of the fifty-six

27  year period at issue, and some still do not even allege that they were injured while

28  wearing helmets designed, manufactured, distributed or sold by any of the named

Exhibit "A"
Page 14
CV 11-8394 R (MANx)

1    defendants.   And like in *Boschert*, although the player-Plaintiffs all allege

2    generally that they received "permanent traumatic brain injuries" (*Maxwell* Pls.'

3    Opp. at 7), their Amended Complaints show they largely allegedly suffer from

4    different symptoms from those alleged injuries.  (*Compare, e.g., Maxwell* FAC ¶

5    210 (alleging "various CTE symptoms including but not limited to frontal and

6    temporal lobe damage, multiple past traumatic brain injuries affecting multiple

7    areas of his brain, intermittent explosive disorder, cognitive impairment, poor

8    judgment in regard to finances and relationships, and early on-set dementia), *with

9    id.* ¶ 215 (alleging as only example of symptoms "short-term memory loss").)

10    Plaintiffs' Oppositions simply ignore that helmet industry standards, state-

11    of-the-art, warnings, competition, available scientific research and knowledge,

12    materials, engineering processes, manufacturing techniques, marketing,

13    advertising, and many, many other facets of helmet design, manufacturing,

14    distribution and sales all changed significantly over almost 60 years, as they have

15    in virtually every industry over the past half century.  At the same time, the state

16    laws governing product liability claims have evolved, though plaintiffs'

17    improperly-consolidated complaints and amended complaints totally ignore player-

18    by-player choice-of-law distinctions just as they ignore the temporal distinctions in

19    choice-of-law issues spanning almost six decades.

20    Finally, while the player-Plaintiffs were all former NFL players, as they

21    implicitly acknowledge, that factor provides little commonality between them,

22    given that the rules of play changed significantly over the fifty-plus-year span

23    covering their claims.  (*See, e.g., Maxwell* FAC ¶ 128 (cataloging various rules

24    changes between 1956 amd 2005).)  Moreover, the CBAs under which the vast

25    majority of them played also changed significantly over that period.  (*See, e.g.,*

26    *Maxwell* NFL Defs.' Opp. to Plfs.' Mot. to Remand (Dkt No. 31)).

27

28

As in *Saval*, Plaintiffs here have "conveniently glosse[d] over the differences between" their claims. 710 F.2d at 1031.[4] Plaintiffs' attempts to crowd all under the same umbrella fail. Their claims do not arise from the same transaction, occurrence, or series of transactions or occurrences. *See* Fed. R. Civ. P. 20(a). Therefore, their claims are misjoined.

**C.      Plaintiffs fail to demonstrate a question of law or fact common to properly support joinder.**

Plaintiffs' failure to show that their claims arise from the same transaction, occurrence, or series of transactions or occurrences, should end the inquiry altogether and result in severance. *See, e.g.*, *Boschert*, 2009 WL 1383183, at *4 ("Because the first requirement of Rule 20, is not met, the Court need not address whether there is a common question of law or fact.") (citing Fed. R. Civ. P. 20(a); *Mosley*, 497 F.2d at 1332). However, even assuming Plaintiffs could make that showing, which they cannot, they must also show common issues of law or fact, which they have also failed to do. *See In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 374 (2d Cir. 1993), *reh'g denied* 35 F.3d 637 (2d Cir. 1994) ("the burden is

---

[4] Plaintiffs also attempt to distance themselves from relevant joinder precedent by arguing that the *Saval* case is "not binding authority" and "distinguishable." (*Maxwell* Pls.' Opp. at 8; *Barnes* Pls.' Opp. at 3.) *Saval* is not distinguishable in any meaningful way. Moreover, both the Ninth Circuit and this Court have recognized the precedential value of *Saval* and both cited and followed it. *See, e.g.*, *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (citing *Saval*); *Huezo v. Westfield Topanga Owner L.P.*, No. CV 11-00800 MMM (PJWx) (C.D. Cal. May 9, 2011) (Morrow, J.) (citing *Saval* as supporting conclusion that plaintiffs' claims of violations of Americans with Disabilities Act involved separate and distinct injuries and, therefore, were distinct transactions). Moreover, Plaintiffs' attempts to distinguish *Huezo* are irrelevant. (*See Maxwell* Pls.' Opp. at 9.) The import of *Huezo* is to demonstrate that this Court has followed *Saval* as valid precedent, which Plaintiffs do not and cannot refute. Thus, *Huezo* squarely rebuts Plaintiffs' argument that this Court should not likewise follow *Saval* because it is "not binding authority."

Exhibit "A"
Page 16
CV 11-8394 R (MANx)

Case 2:12-md-02323-AB Document 48-1 Filed 03/30/12 Page 14 of 24 Page ID
Case 2:11-cv-08395-R -MAN Document 95-1 Filed 04/23/12 Page 17 of 27
#:11225

on the party seeking aggregation to show common issues of law or fact; the burden
is not on the party opposing aggregation to show divergences"); *see also Graziose
v. Am. Home Prods. Corp.*, 202 F.R.D. 638, 640 (D. Nev. 2001) (quoting *In re
Repetitive Stress Injury Litig.*).

Overall, Plaintiffs attempt to over-generalize the nature of their claims and
Rules 20 and 21 analysis by arguing that "[r]egardless of any alleged differences
that the Riddell Defendants point to among Plaintiffs, the Court will ultimately
face the identical question in every case, *i.e.*, whether Defendants are liable to
Plaintiffs for their injuries based upon the allegations of Plaintiffs' First Amended
Complaint." (*Maxwell* Pls.' Opp. at 12.) Such an oversimplified analysis would
completely gut permissive joinder principles and eviscerate Rules 20 and 21.
Contrary to Plaintiffs' urging, it would be improper to disregard the extensive
differences between these Plaintiffs' claims against the Riddell Defendants and to
oversimplify the analysis, as they request.

Plaintiffs point to no genuine common issues of law or fact to properly
support joinder. The only example they proffer is that they all "allege that the
Riddell Defendants failed to warn that their helmets would not prevent concussions
which could lead to later cognitive brain injuries." (*Maxwell* Pls.' Opp. at 12.)
This generalization of their claims presents no common issues of either law or fact.

Primarily, the law on this alleged failure to warn will be different for these
various Plaintiffs, considering that they played for different teams, were allegedly
injured in different places, played at different times, and reside in different states.
Thus, their claims will require not a common analysis, but "separate legal
analyses." *See, e.g., Boschert*, 2009 WL 1383183, at *4 (noting the fact that the
plaintiffs' claims would all be "based on each plaintiff's respective state's laws"
thus requiring "separate legal analyses," further compelled severance).

Moreover, while Plaintiffs offer that the player-Plaintiffs wore "the same
brand of helmets," (*see, e.g., Maxwell* Pls.' Opp. at 7), they still fail to identify

Exhibit "A"
Page 17

Case 2:12-md-02323-AB Document 48-1 Filed 03/30/12 Page 15 of 24 Page ID
#:11226
Case 2:11-cv-08394-R-MAN Document 95-1 Filed 01/23/12 Page 16 of 27

1    what helmets they purportedly wore over the fifty-six-year period or to identify

2    any common fact in terms of a specific alleged defect in each helmet. Instead, they

3    claim that "each Plaintiffs' [sic] injuries resulted from a common defect:

4    Defendants' defective helmets and failure to warn." (*Maxwell* Pls.' Opp. at 10; *see*

5    *also Barnes* Pls.' Opp. at 5 (same quote).) In other words, according to Plaintiffs,

6    the similarity is in their allegation of some vague defect, regardless of myriad

7    differences in the designs of the helmets they wore, the condition of those helmets

8    at the time of their alleged injuries, the distinctions in the warnings and instructions

9    provided with those helmets and dozens of other considerations that are

10   fundamental in a product liability action. Again, it is Plaintiffs' burden to show

11   commonality. *In re Repetitive Stress Injury Litig.*, 11 F.3d at 374. This sort of

12   vague, circular argument fails to make that showing.[5]

13        In *Graziose*, six plaintiffs sued drug manufacturers alleging injuries from

14   medications. 202 F.R.D at 640. In ordering severance, and after noting that the

15   claims did not involve "the same transaction or series of transactions" because they

16   occurred at different times and the retailers and manufacturers were different,[6] the

17   court noted that the "questions of law and fact involved in each claim [are] also

18   different." *Id.* As that court explained:

19

20   _____

21   [5] This vague, circular argument, and Plaintiffs' continued inability to identify any
     specific defect in the helmets also further supports the Riddell Defendants' motions

22   to dismiss.

23   [6] The *Barnes* Plaintiffs argue that the Riddell Defendants "though consisting of
     seven entities are in some form or another the principals [sic], subsidiaries and/or

24   agents of each other," (*Barnes* Pls.' Opp. at 6 n.1.) This wholly unsupported

25   allegation appears nowhere in the parties' Complaints or Amended Complaints.
     Therefore, it is entitled to no consideration. Moreover, Plaintiffs did not oppose

26   the Riddell Defendants' request for the Court to take judicial notice of the facts

27   concerning the actual dates of incorporation of the various "Riddell Defendants,"
     which undermines Plaintiffs' argument that all of these Defendants were even in

28   existence at the relevant times at issue. *See* L.R. 7-12.

**Exhibit "A"**
**Page 18**

CV 11-8394 R (MANx)

Case 2:13-md-02393-AB Document 48-1 Filed 03/30/12 Page 16 of 24
Case 2:11-cv-08394-R-MAN Document 95-8 Filed 04/23/12 Page 99 of 27 Page ID
#:11227

The damages involve different people with different sets of facts. The purchases, the use, the need, the motivation, the knowledge of the parties, the alleged reliance, apparently the exact nature of the injuries or damages, the potential for contributing factors, the relationships between spouses, are all questions peculiar to each claim. While there are the potentially common issues of whether PPA is present, and whether it had an effect on the person who took the medication, or was the cause of some adverse reaction, <u>these are not sufficiently common to warrant joinder</u>. There are distinct and varied individual health conditions and histories, as well as different medicines with distinct propensities, which may have contributed to the effects of the individual medicines on individual persons.[7]

*Id.* (emphasis added). These same disparities exist here among Plaintiffs.

In short, at most, Plaintiffs have only alleged against the Riddell Defendants "claims based on the same general theories of law, but this is not sufficient" to support joinder under Rule 20 or to prevent severance under Rule 21. *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 789 (N.D. Ga. 1994) (quoting *Smith v. N. Am. Rockwell Corp.*, 50 F.R.D. 515, 524 (N.D. Okla. 1970)); *see Anderson v. Phelps*, 655 F. Supp. 560 (M.D. La. 1985) (same); *Martinez v. Safeway Stores, Inc.*, 66 F.R.D. 446, 449 (N.D. Cal. 1975) (same); *see also Graziose*, 202 F.R.D. at 640 ("Common issues of law does not mean common issues of an area of law."). For many of the same reasons why their claims do not arise from the same transaction, occurrence, or series of transactions or occurrences, they likewise lack common issues of law or fact, preventing proper joinder under Rule 20(a) on that basis as well.

---

[7] This last sentence thus disproves Plaintiffs' bald and unsupported assertion that "the fact that each plaintiff may have suffered different effects from the conduct is immaterial for the purposes of determining common issues of fact or law." (*See Maxwell* Pls.' Opp. at 11.)

Exhibit "A"
Page 19
CV 11-8394 R (MANx)

Case 2:12-md-02323-AB Document 48-1 Filed 03/30/12 Page 17 of 24 Page ID
#:11228
Case 2:11-cv-08394-R-MAN Document 95-1 Filed 01/23/12 Page 20 of 27

**D.    Plaintiffs fail to show that severance of their separate and distinct claims would prejudice any substantial right.**

As the Ninth Circuit has explained, if, as here, joined plaintiffs fail to meet both of the requirements for proper joinder under Rule 20(a), "the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance." *Coughlin*, 130 F.3d at 1351 (citing Fed. R. Civ. P. 21; *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972)). Plaintiffs make no argument whatsoever that severance will prejudice any substantial right of theirs. Thus, with no substantial right prejudiced from severance, the Court can and should sever these misjoined claims.

**E.    Even if joinder were proper, which it is not, the Court should nonetheless exercise its wide discretion to sever.**

Plaintiffs urge that the misjoinder of these wildly disparate claims is beneficial because "Plaintiffs and their counsel will be able to coordinate discovery and any pretrial motions can be made with a singular motion to avoid duplication." (*Maxwell* Pls.' Opp. at 13.) Plaintiffs' reasoning is erroneous. Rather than promoting economy, Plaintiffs' joinder of these separate and distinct claims will only confuse these proceedings, including pretrial proceedings.

For example, while Plaintiffs brush aside the choice-of-law issues, those issues are anything but superfluous. The vast majority of pretrial motions will not be generic, with no regard for whatever state's laws properly apply to the claims or the issue. Instead, they will require detailed, case-specific analyses under the appropriate, applicable law, which will likely differ greatly among these 136 different claims.[8] *See, e.g., Boschert*, 2009 WL 1383183, at *4. Motions on the

---

[8] The *Maxwell* and *Pear* Plaintiffs mistakenly argue that "the Riddell Defendants fail to cite a single reported case supporting the proposition that a Court is required to perform a choice of law analysis in deciding a Motion to Sever like the one at present." (*Maxwell* Pls.' Opp. at 12.) The Riddell Defendants are not arguing that the Court must perform a choice-of-law analysis at this time. However, such

1   same general topic would likely require briefing, addressing dozens of different
2   states' laws on the topic.[9] As one court noted, "[v]ery little economy, if any at all,
3   would be realized" under such circumstances. *Id.*

4       Plaintiffs are also mistaken when they argue that severance will "overwhelm
5   . . . the Court with 220 individual cases . . . ," for several reasons. (*See Maxwell*
6   Pls.' Opp. at 13-14.)

7       *First*, the Riddell Defendants are not asking to sever the wife-Plaintiffs'
8   loss-of-consortium claims from their respective husbands' claims. Thus, severance
9   would result in 136 separate actions, not 220.

10      *Second*, those Plaintiffs who may have never worn a Riddell helmet or who
11  do not allege an injury while doing so presumably would not file complaints
12  naming any of the Riddell Defendants in their individual actions.

13      *Third*, Plaintiffs are also mistaken in their assumption that all of those re-
14  filed actions would necessarily remain before this Court, since the overwhelming
15  majority of Plaintiffs have no demonstrated, relevant connection whatsoever with
16  California.[10] (*See, e.g.*, *Maxwell* FAC ¶¶ 226-27 (showing Plaintiff George
17  Jamison lives in Michigan and played only for the Detroit Lions and Kansas City
18  Chiefs)); *see also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509,
19  1519 (10th Cir. 1991) ("But where certain claims in an action are properly severed
20  under Fed.R.Civ.P. 21, two separate actions result; a district court may transfer one
21  action while retaining jurisdiction over the other.") (citing cases ommited). Thus,
22  rather than adding a burden to this Court's docket, severance would permit the

---

analysis will, at some point, be necessary, and given the wide divergence among
the various states' product liability laws, it is highly likely that different states'
laws will properly apply

[9] In addition, given this Court's twenty-five-page limit on supporting memoranda, Plaintiffs' joinder of these 136 different player-Plaintiffs into one action is wholly impractical from a motions-practice perspective, at least without significantly increasing the page limits on all memoranda.
[10]

Case 2:13-md-02323-AB Document 48-1 Filed 03/30/12 Page 19 of 24
Case 2:11-cv-08395-R-MAN Document 95-8 Filed 01/23/12 Page 22 of 27 Page ID
#:11230

1    Court to transfer and clear off many of these Plaintiffs' claims from its docket. *See*

2    *Chrysler Credit*, 928 F.2d at 1519-20 (explaining that transfer of certain claims or

3    parties first requires severance under Rule 21).

4         In fact, given several recently filed lawsuits, Plaintiffs apparently concede

5    that their claims should be adjudicated in other states under different laws. For

6    example, *Barnes* Plaintiff Carolyn Lens recently joined as a plaintiff in a similar

7    lawsuit against the NFL in Pennsylvania, *Boyd v. National Football League,* Case

8    No. 12-cv-00092-AB (E.D. Pa.), asserting the same injuries and damages as in

9    *Barnes*. Likewise, *Pear* Plaintiff Lional Dalton joined as a plaintiff in a similar

10   lawsuit in Florida, *Jones v. National Football League*, Case No. 1:11-cv-24594-

11   JEM (S.D. Fla.), also for the same alleged injuries sued for in *Pear*. Thus,

12   according to Plaintiffs Lens and Dalton, at least, their claims may be pursued

13   elsewhere.

14        Plaintiffs are also incorrect in asserting that severance is premature.

15   (*Maxwell* Pls.' Opp. at 13; *Barnes* Pls.' Opp. at 8.) Severance under Rule 21 is

16   distinct from ordering a separate trial under Rule 42. For sure, these individual

17   actions would have to be tried separately. But they should also be litigated

18   separately, as opposed to in Plaintiffs' proposed "mass tort" approach. Indeed,

19   courts have "warned against the urge to join or consolidate litigation, reminding

20   that we must remember our dedication to individual justice, to ensure that the

21   individual plaintiff's and defendant's causes and rights are not lost in the 'shadow

22   of a towering mass litigation.'" *Graziose*, 202 F.R.D. at 641 (quoting *In re*

23   *Repetitive Stress Injury Litig.*, 11 F.3d at 373).

24   / / /

25   / / /

26   / / /

27

28

14

Case 2:12-md-02323-AB Document 148-1 Filed 03/30/12 Page 20 of 24  Page ID
Case 2:11-cv-08394-R-MAN Document 95-1 Filed 01/23/12 Page 23 of 27 Page ID
#:11231

**II.**   **CONCLUSION**

For the reasons set forth above and in their opening memorandum, the Riddell Defendants respectfully request that, pursuant to FRCP 20 and 21, the Court sever the individual player-Plaintiffs' claims in each of these three actions – *Maxwell*, *Pear*, and *Barnes* – leaving only the first-named Plaintiff in each action, and order that each of the remaining Plaintiffs' claims, if re-filed, be re-filed separately, in an appropriate venue, and captioned with new and separate case numbers, or for such other relief as the Court deems appropriate in its broad discretion to remedy the misjoinder of these disparate claims.

DATED:       January 23, 2012           BOWMAN AND BROOKE LLP


                                         By:   /s/ Paul G. Cereghini
                                               Paul G. Cereghini
                                               Vincent Galvin
                                               Marion V. Mauch
                                               Attorneys for the Riddell Defendants

**PROOF OF SERVICE**

**F.R.C.P. Rule 5(b)(2)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 879 West 190th Street, Suite 700, Gardena, CA 90248-4227.

I hereby certify that on **January 23, 2012**, I served the document: **RIDDELL DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SEVER PURSUANT TO FRCP 20 AND 21**on all interested parties in this action by placing **a true copy** thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

( )   **BY MAIL (F.R.C.P. Rule 5(b)(2))**

( )   **BY OVERNIGHT DELIVERY (F.R.C.P. Rule 5(b)(2))**

( )   As follows: I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under the practice, the envelope would be put in a sealed envelope and deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than **1** day after date of deposit for mailing in affidavit.

(X)   **BY CM/ECF:** I hereby certify that I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the parties as shown on the attached Service List.

( )   **BY PERSONAL SERVICE (F.R.C.P. 5(2)):** I delivered such envelope by hand to the addressee.

Executed on **January 23, 2012,** at Gardena, California.

(X)   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Regina Foley

**Exhibit "A"**
**Page 24**

CV 11-8394 R (MANx)

Case 2:12-md-02323-AB Document 548-1 Filed 03/30/12 Page 22 of 24
Case 2:11-cv-08394-R-MAN Document 95-1 Filed 01/23/12 Page 26 of 27 Page ID
#:11233

# SERVICE/MAILING LIST

## Vernon Maxwell et al. v. National Football League, et al.

United States District Court–Central District of California - Western Division Case
No: CV 11-8394 R (MANx)

| | |
|---|---|
| Thomas V. Girardi, Esq.<br>GIRARDI \| KEESE<br>1126 Wilshire Boulevard<br>Los Angeles, CA 90017 | **Attorneys for Plaintiffs**<br><br>Tel:   (213) 977.0211<br>Fax:  (213) 481.1554 |
| Herman Russomanno, Esq.<br>Robert Borrello, Esq.<br>RUSSOMANNO & BORRELLO, P.A.<br>150 West Flagler Street – PH 2800<br>Miami, FL 33130 | **Attorneys for Plaintiffs**<br><br>Tel:   (305) 373.2101<br>Fax:  (305) 373.2103 |
| Jason E. Luckasevic, Esq.<br>John T. Tierney, III, Esq.<br>GOLDBERG, PERSKY & WHITE, P.C.<br>1030 Fifth Avenue<br>Pittsburgh, PA 15219 | **Attorneys for Plaintiffs**<br><br>Tel:   (412) 471.3980<br>Fax:  (412) 471.8308 |
| Ronald L. Olson, Esq.<br>Glenn d. Pomerantz, Esq.<br>John M. Rappaport, Esq.<br>MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue, 35th<br>Los Angeles, CA 90071-1560 | **Attorneys for Defendants**<br>**NATIONAL FOOTBALL LEAGUE and**<br>**NFL PROPERTIES LLC**<br><br>Tel:   (213) 683.9100<br>Fax:  (213) 683.5100 |
| Brad S. Karp, Esq.<br>Theodore V. Wells, Jr., Esq.<br>Lynn B. Bayard, Esq.<br>Beth A. Wilkinson, Esq.<br>Bruce Birenboim, Esq.<br>PAUL, WEISS, RIFKIND, WHARTON<br>& GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064 | **Attorneys for Defendants**<br>**NATIONAL FOOTBALL LEAGUE and**<br>**NFL PROPERTIES LLC**<br><br>Tel:   (212) 373.3000<br>Fax:  (212) 757.3990 |

# PROOF OF SERVICE
## F.R.C.P. Rule 5(b)(2)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 879 West 190th Street, Suite 700, Gardena, CA 90248-4227.

I hereby certify that on **January 23, 2012**, I served the document: **RIDDELL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEVER PURSUANT TO FRCP 20 AND 21; EXHIBIT "A"** on all interested parties in this action by placing **a true copy** thereof enclosed in sealed envelopes addressed as follows:

## SEE ATTACHED SERVICE LIST

( )   **BY MAIL (F.R.C.P. Rule 5(b)(2))**

( )   **BY OVERNIGHT DELIVERY (F.R.C.P. Rule 5(b)(2))**

( )   As follows: I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under the practice, the envelope would be put in a sealed envelope and deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than 1 day after date of deposit for mailing in affidavit.

(X)   **BY CM/ECF:** I hereby certify that I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the parties as shown on the attached Service List.

( )   **BY PERSONAL SERVICE (F.R.C.P. 5(2)):** I delivered such envelope by hand to the addressee.

Executed on **January 23, 2012**, at Gardena, California.

(X)   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Regina Foley

1

CV 11-8395 R (MANx)

# SERVICE/MAILING LIST

## David Pear, et al. v. National Football League, et al.

United States District Court – Central District of California - Western Division Case No: CV 11-8395 GAF (PJWx)

| | |
|---|---|
| Thomas V. Girardi, Esq. | **Attorneys for Plaintiffs** |
| GIRARDI │ KEESE | |
| 1126 Wilshire Boulevard | Tel: (213) 977.0211 |
| Los Angeles, CA 90017 | Fax: (213) 481.1554 |

| | |
|---|---|
| Herman Russomanno, Esq. | **Attorneys for Plaintiffs** |
| Robert Borrello, Esq. | |
| RUSSOMANNO & BORRELLO, P.A. | Tel: (305) 373.2101 |
| 150 West Flagler Street – PH 2800 | Fax: (305) 373.2103 |
| Miami, FL 33130 | |

| | |
|---|---|
| Jason E. Luckasevic, Esq. | **Attorneys for Plaintiffs** |
| John T. Tierney, III, Esq. | |
| GOLDBERG, PERSKY & WHITE, P.C. | Tel: (412) 471.3980 |
| 1030 Fifth Avenue | Fax: (412) 471.8308 |
| Pittsburgh, PA 15219 | |

| | |
|---|---|
| Ronald L. Olson, Esq. | **Attorneys for Defendants** |
| Glenn d. Pomerantz, Esq. | **NATIONAL FOOTBALL** |
| MUNGER, TOLLES & OLSON LLP | **LEAGUE and NFL PROPERTIES** |
| 355 South Grand Avenue, 35th | **LLC** |
| Los Angeles, CA 90071-1560 | |
| | Tel: (213) 683.9100 |
| | Fax: (213) 683.5100 |

| | |
|---|---|
| Brad S. Karp, Esq. | **Attorneys for Defendants** |
| Theodore V. Wells, Jr., Esq. | **NATIONAL FOOTBALL** |
| Lynn B. Bayard, Esq. | **LEAGUE and NFL PROPERTIES** |
| PAUL, WEISS, RIFKIND, WHARTON | **LLC** |
| & GARRISON LLP | |
| 1285 Avenue of the Americas | Tel: (212) 373.3000 |
| New York, NY 10019-6064 | Fax: (212) 757.3990 |