**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | MDL No. 2323<br>No. 12-md-2323-AB |
| THIS DOCUMENT RELATES TO:<br><br>CHARLES RAY EASTERLING and his wife, MARY ANN EASTERLING, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>NATIONAL FOOTBALL LEAGUE, INC.,<br><br>          Defendant. | CIVIL ACTION<br>Case No. 11-CV-05209-AB |

**THE NATIONAL FOOTBALL LEAGUE'S
MEMORANDUM OF LAW IN OPPOSITION TO
<u>PLAINTIFFS' MOTION TO CONDUCT PRETRIAL DISCOVERY</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RAY EASTERLING and his wife, MARY ANN EASTERLING, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE, INC.,<br><br>Defendant. | CIVIL ACTION<br>Case No. 11-CV-05209-AB |

**THE NATIONAL FOOTBALL LEAGUE'S
MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION TO CONDUCT PRETRIAL DISCOVERY**

Defendant National Football League (the "NFL"), by its attorneys Paul, Weiss, Rifkind, Wharton & Garrison LLP and Duane Morris LLP, respectfully submits this memorandum of law in opposition to plaintiffs' motion to conduct pretrial discovery (Doc. No. 30).

**Preliminary Statement**

The NFL respectfully requests that the Court deny plaintiffs' motion to take merits-based depositions in order to assist plaintiffs in opposing the NFL's Motion to Dismiss, and issue a protective order barring plaintiffs from taking the requested discovery until such time as the NFL's Motion to Dismiss is decided. Plaintiffs filed their Amended Complaint on October 6, 2011 (Doc. No. 4), the NFL filed its Motion to Dismiss on November 9, 2011 (Doc. No. 19), and the parties attended a Rule 16 Conference on November 21, 2011, during which the Court set a February 1, 2012 deadline for plaintiffs' opposition papers (Doc. No. 26). Nine days later, on November 30, 2011, plaintiffs served the NFL with a Rule 30(b)(6) Notice of Deposition ("Deposition Notice")—subsequently amended on December 6—seeking wide-ranging testimony that, according to plaintiffs, is "necessary" to respond to the NFL's Motion to Dismiss. (Pl. Mot. at 7.)

The requested discovery is not "necessary" either to respond to or adjudicate the NFL's Motion. As set forth in the NFL's Motion to Dismiss, all of plaintiffs' claims are preempted by section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185(a), because (1) resolution of their claims substantially depends on an interpretation of the terms of the collective bargaining agreements that plaintiffs played under during their professional football careers (the "CBAs"), and (2)

the claims are premised on rights and obligations that arise under the CBAs. Numerous courts have recognized that no discovery is required to oppose a section 301 preemption motion. The only documents needed to adjudicate such a motion are the complaint and the applicable CBAs. This is so because whether plaintiffs' claims substantially depend upon an interpretation of, or arise under, the CBAs is clear from the plain text of the CBAs themselves.

The case law is equally clear that plaintiffs may not seek extensive, merits-based discovery in order to salvage their insufficiently pleaded claims. As explained in the NFL's Motion to Dismiss, if this Court finds that plaintiffs' claims for concealment, civil conspiracy, and medical monitoring are not preempted, these claims should still be dismissed because they lack the requisite elements of each claim and are not, where applicable, pleaded with the particularity prescribed by Federal Rule of Civil Procedure 9(b). Plaintiffs' current attempt to cure their gap-ridden boilerplate through far-reaching depositions should be rejected.

For these reasons, the NFL respectfully requests that the Court deny plaintiffs' motion, and enter a protective order barring plaintiffs from taking these depositions until the NFL's Motion to Dismiss is resolved.[1]

### Argument

Federal Rule of Civil Procedure 26(c) permits courts to "forbid[] . . . discovery" for "good cause" in order "to protect a party . . . from . . . undue burden or expense." *See McLafferty* v. *Deutsche Lufthansa A.G.*, No. 08-CV-1706, 2008 WL 4612856, at *1-2 (E.D. Pa. Oct. 15, 2008) (granting defendants' motion to stay discovery

---

[1] In accordance with Federal Rule of Civil Procedure 26(c) and Local Rule 26.1(f), the parties met and conferred on December 7, 2011 in an effort to resolve their dispute regarding the Deposition Notice but were unable to reach agreement.

2

pending disposition of motion to dismiss); *Weisman* v. *Mediq, Inc.*, No. 95-CV-1831, 1995 WL 273678, at *1-2 (E.D. Pa. May 3, 1995) (same). Rule 26(c) "was adopted as a safeguard for the protection of parties and witnesses in view of the almost unlimited right of discovery given by Rule 26(b)(1)." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2036 (3d ed. 2011).

Plaintiffs' request that 30(b)(6) depositions proceed, in order to assist plaintiffs in opposing the NFL's Motion to Dismiss, should be denied and plaintiffs should be prohibited from taking these depositions until after the Court adjudicates the pending Motion to Dismiss.

## I.

### NO DISCOVERY IS REQUIRED TO RESPOND TO THE NFL'S ARGUMENT THAT PLAINTIFFS' CLAIMS ARE PREEMPTED BY SECTION 301 OF THE LMRA

On November 30, 2011, plaintiffs served the NFL with a broad Deposition Notice seeking extensive testimony that, according to plaintiffs' counsel, is "necessary" to "plac[e] before the Court all facts pertinent to the issues that the [NFL] has raised in its pending Motion to Dismiss." (Pl. Mot. at 1, 7.) Plaintiffs amended this Deposition Notice on December 6, 2011, adding two topics for a total of thirteen separate Rule 30(b)(6) subjects. (Ex. 1.)

Plaintiffs are not entitled to this discovery. It is well settled that where, as here, defendant has moved to dismiss a complaint on the basis that plaintiffs' claims are preempted by section 301 of the LMRA, no discovery is necessary either to oppose or adjudicate the motion. The complaint and the CBAs are the only documents that the court need analyze in order to determine whether plaintiffs' claims are preempted. *See, e.g., Pagano* v. *Bell Atlantic-New Jersey, Inc.*, 988 F. Supp. 841, 847 n.3 (D.N.J. 1997)

3

(granting motion to dismiss where claims were preempted by section 301: "[Plaintiff] argues that it is premature to dismiss [his claims] and requests an opportunity to conduct discovery in order to show that resolution of these claims do not require construing the CBA. The Court rejects this request and fails to understand how discovery could show that these claims are not inextricably intertwined with the terms of the CBA."); *Levy* v. *Verizon Info. Servs., Inc.*, 498 F. Supp. 2d 586, 595 n.8 (E.D.N.Y. 2007) (granting motion to dismiss where claims were preempted, rejecting plaintiffs' contention "that they would need additional discovery to litigate" the issue, and suggesting the only conceivably relevant discovery would involve evidence disputing "the authenticity of the CBAs . . . or plaintiffs' union membership"); *see also Murray* v. *Tyson Foods, Inc.*, No. 08-CV-4001, 2009 WL 322241, at *3 (C.D. Ill. Feb. 9, 2009) (granting summary judgment where claims were preempted and rejecting plaintiffs' "argu[ment] that because the parties have not had any chance to engage in the discovery process, [defendant's] motion is premature"); *O'Rourke* v. *Carmen M. Pariso, Inc.*, 501 F. Supp. 2d 445, 449-50 (W.D.N.Y. 2007) (converting motion to dismiss to summary judgment motion, granting motion because claims were preempted, and finding plaintiffs' argument that it "had no opportunity for discovery . . . insufficient to avoid the court's consideration of the CBAs" and adjudication of the motion).

Indeed, less than one month ago, a federal judge in the Central District of California, without the aid of any discovery, denied a motion to remand three actions (the "California Actions") filed by former NFL players against the NFL, which alleged substantially identical claims to those pleaded here. The court found the plaintiffs' negligence claim "preempted" because "[i]ts resolution is inextricably intertwined and

4

substantially dependent upon an analysis of certain CBA provisions imposing duties on the clubs with respect to the medical care and treatment of NFL players." (*See* Ex. 2, *Maxwell* v. *Nat'l Football League* (C.D. Cal. No. 11-CV-08394), Dec. 8, 2011 Order at 1.) According to the court, these "provisions . . . must be taken into account in determining the degree of care owed by the NFL and how it relates to the NFL's alleged failure to establish guidelines or policies to protect the mental health and safety of its players."[2] (*Id.* at 2.)

Despite this clear precedent—and plaintiffs' failure to cite any case law demonstrating that discovery is required to oppose a preemption motion—plaintiffs nonetheless argue that "discovery is warranted to refute the factual/legal contentions" in the NFL's Motion to Dismiss and, in particular, to demonstrate that the NFL owed an "independent duty" to plaintiffs outside of the CBAs. (Pl. Mot. at 2, 5.)

That misstates both well-settled preemption law and the Motion to Dismiss. As discussed in the NFL's Motion, a state law claim is preempted by section 301 if the claim (1) is substantially dependent on an interpretation of the terms of a CBA, or (2) arises under a CBA. *Allis-Chalmers Corp.* v. *Lueck*, 471 U.S. 202, 213, 220 (1985); Mot. to Dismiss at 15-17. First, no discovery is needed to determine whether the

---

[2] The three California Actions (*Maxwell* v. *Nat'l Football League*, No. 11-CV-08394; *Pear* v. *Nat'l Football League*, No. 11-CV-08395; *Barnes* v. *Nat'l Football League*, No. 11-CV-08396) and the instant case are the subject of the NFL's motion for transfer and coordination or consolidation pursuant to 28 U.S.C. § 1407, currently pending before the Judicial Panel on Multidistrict Litigation. In addition, eight potential tagalong actions were recently filed in federal court: *Finn* v. *Nat'l Football League* (D.N.J. No. 11-CV-07067; filed Dec. 5, 2011); *Jacobs* v. *Nat'l Football League* (S.D.N.Y. No. 11-CV-9345; filed Dec. 20, 2011); *Levens* v. *Nat'l Football League* (N.D. Ga., Atlanta Div., No. 11-CV-4448; filed Dec. 21, 2011); *Lewis* v. *Nat'l Football League*, (N.D. Ga., Atlanta Div., No. 11-CV-4451; filed Dec. 21, 2011); *Kuykendall* v. *Nat'l Football League*, (N.D. Ga., Atlanta Div., No. 11-CV-4450; filed Dec. 21, 2011); *Stewart* v. *Nat'l Football League*, (N.D. Ga., Atlanta Div., No. 11-CV-4449; filed Dec. 21, 2011); *Jones* v. *Nat'l Football League* (S.D. Fla., Miami Div., No. 11-CV-24594; filed Dec. 22, 2011); and *Rucker* v. *Nat'l Football League* (S.D.N.Y. No. 11-CV-9538; filed Dec. 27, 2011).

claim is substantially dependent upon CBA provisions.  Rather, courts have recognized that, where defendant has assumed duties outside of the applicable CBA, the court must still interpret any CBA provisions that delegate those duties to others in order to assess the scope of defendant's assumed duty and whether defendant acted reasonably under the circumstances.  *See, e.g.*, *Stringer* v. *National Football League*, 474 F. Supp. 2d 894, 910-11 (S.D. Ohio 2007) (relying solely on the CBAs and plaintiff's allegations to determine that plaintiff's wrongful death claim was preempted, where player's spouse alleged that NFL assumed health-related duties and those duties were assigned to others under CBA).  Thus, for purposes of this preemption analysis prong, the NFL's Motion to Dismiss *presumes* that the NFL "assumed" the duties alleged in the Complaint, and the discovery sought by plaintiffs would therefore contribute nothing to the Court's analysis.  (*See* Mot. to Dismiss at 22.)  Second, no discovery is required to respond to the NFL's contention that plaintiffs' claims are premised on duties that "arise under" the CBAs.  (*See id*. at 27-30.)  As this prong of the preemption analysis makes clear, plaintiffs need only refer to the text of the CBAs to respond to the NFL's argument that the alleged duties exist therein.  No amount of discovery could erase or otherwise alter the plain language of the CBAs.

Plaintiffs' Deposition Notice—which seeks extensive testimony on a wide range of topics that are irrelevant both to the NFL's Motion to Dismiss and, in many instances, plaintiffs' Amended Complaint—confirms that discovery is not required to adjudicate the pending motion.  For example, seven of the thirteen noticed topics seek testimony regarding "the 2011 Collective Bargaining Agreement" (the "2011 CBA"),

6

even though none of the named plaintiffs played pursuant to this CBA.[3] (Ex. 1, Nos. 1-3, 8, 10, 11, 12(c).) The NFL neither referenced nor attached the 2011 CBA to its Motion, and testimony regarding this CBA thus could not impact the Court's preemption analysis. Additionally, plaintiffs seek identification of the "provisions in any" CBA that relate to concussions. (*Id*., No. 8; *see also id*., No. 10.) But the NFL has already submitted all of the operative CBAs with its Motion to Dismiss, and identified many of the relevant provisions in its accompanying memorandum of law. (*See* Mot. to Dismiss at 6-12.) No discovery is required on these topics at all, let alone to assist plaintiffs in responding to the pending Motion. Finally, plaintiffs seek testimony regarding several subjects—including "[a]ll discussions . . . between 1977 and 2009 regarding the long-term effects of concussions . . . and how the NFL should address this topic," the NFL's "December 2, 2009 'Return to Play Statement,'" the "NFL Sideline Concussion Assessment Tool," and the "NFL's Medical Committee on Concussion[s]"—that go to the merits of plaintiffs' claims and have nothing to do with the NFL's position that these claims are substantially dependent on an interpretation of, and arise under, the CBAs. (Ex. 1, Nos. 4-6, 13; *see also id*. at Nos. 7, 9.) As discussed, testimony on these subjects, no matter what the nature, could not impact either plaintiffs' response to the Motion or the Court's preemption analysis.

In sum, plaintiffs' Deposition Notice seeks to establish that the NFL assumed the duties alleged in the Amended Complaint, and is therefore irrelevant to a section 301 preemption analysis. Plaintiffs do not seek testimony demonstrating that the

---

[3] While plaintiffs purport to bring a class action on behalf of "current NFL players" who do, in fact, play pursuant to the terms of the 2011 CBA, plaintiffs—all of whom are former NFL players—lack standing to assert such a claim for the reasons discussed in the NFL's Motion to Dismiss. (Am. Compl. ¶ 32; *see also id*. ¶ 59; Mot. to Dismiss at 40-41.)

CBAs are inauthentic or that plaintiffs did not play pursuant to these CBAs. Accordingly, the Court should deny plaintiffs' request that 30(b)(6) depositions proceed prior to plaintiffs' deadline for opposing the NFL's Motion to Dismiss.

## II.

### PLAINTIFFS MAY NOT SEEK DISCOVERY IN ORDER TO RECTIFY THEIR INSUFFICIENTLY PLEADED CLAIMS

The Court should also deny plaintiffs' request for discovery "to address . . . the purported deficiencies" in plaintiffs' concealment, civil conspiracy, and medical monitoring claims. (Pl. Mot. at 2.)

It is axiomatic that plaintiffs may not use discovery to fill the gaps of an otherwise insufficiently pleaded complaint. *Ranke* v. *Sanofi-Synthelabo Inc.*, 436 F.3d 197, 204 (3d Cir. 2006) ("[W]ere we to reverse the dismissal here to allow for discovery, we would be permitting appellants to conduct a fishing expedition in order to find a cause of action"); *Zuk* v. *E. Pa. Psychiatric Inst. of the Med. College of Pa.*, 103 F.3d 294, 299 (3d Cir. 1996) ("discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it"); *Hodczak* v. *Latrobe Specialty Steel Co.*, No. 08-CV-649, 2009 WL 911311, at *9 (W.D. Pa. Mar. 30, 2009) ("the purpose of discovery is to uncover evidence of the facts pleaded in the complaint and should not serve as a fishing expedition during which Plaintiff searches for evidence in support of facts he has not yet pleaded") (quotations and citations omitted).

Yet that is precisely what plaintiffs seek to accomplish here. For example, the NFL's Motion to Dismiss argues that plaintiffs fail to allege the circumstances constituting fraud with particularity; *i.e.*, plaintiffs do not plead "the who, what, when, where, and how of the events at issue." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311

8

F.3d 198, 216-17 (3d Cir. 2002) (internal quotations and citations omitted); Mot. to Dismiss at 32. To shore up its single fraud-related allegation—that the NFL "disputed the results of a scientific study it funded"—plaintiffs now seek testimony regarding "*Who* approved the . . . statements" of the "NFL Concussion Committee," "*What* were the directives of this Committee," "*When* did this Committee begin studying . . . problems associated with multiple concussions," and "*How* was [the Committee] funded to conduct studies . . . ?" (Am. Compl. ¶ 11; Ex. 1, No. 6(c), (e), (f), (g) (emphasis added); *see also id*. at No. 9: "When did the NFL first acknowledge that concussions can lead to long-term permanent neurological problems in players?"). Similarly, in an attempt to salvage its conspiracy claim—which does not identify a single co-conspirator—plaintiffs now demand discovery regarding "[t]he identity of the people responsible for the wording" of the "December 2, 2009 'Return to Play Statement,'" "[w]ho was involved in [the] development" of the "NFL Sideline Concussion Assessment Tool," "[w]ho was responsible for the appointment of the [Concussion] Committee," and "[w]ho approved the publically disseminated statements of this committee?" (Ex. 1, Nos. 4(a), 5(c), 6(b), 6(e).)[4]

In short, plaintiffs' attempt to rescue their facially insufficient claims through far-reaching, merits-based discovery should be rejected. Plaintiffs must first plead their claims adequately in order to be entitled to discovery, not the other way around. *See Franks* v. *Food Ingredients Int'l, Inc.*, No. 09-CV-3649, 2010 WL 3046416, at *7 (E.D. Pa. July 30, 2010) ("it is only after stating a valid claim that a plaintiff can

---

[4] As discussed in the NFL's Motion to Dismiss, plaintiffs' concealment, conspiracy, and medical monitoring claims suffer from numerous, additional pleading defects. (*See* Mot. to Dismiss at 31-41.) Plaintiffs' Deposition Notice appears designed to cure these flaws as well. (*See generally* Ex. 1.)

insist upon a right to discovery" (quoting *Nestor Colon Medina & Sucesores, Inc.* v. *Custodio*, 964 F.2d 32, 39 (1st Cir. 1992))); *Rogers* v. *Conair Corp.*, No. 10-CV-1497, 2011 WL 1809510, at *3 (E.D. Pa. May 12, 2011) ("Rule 9(b) serves a gatekeeping function, assuring that only viable claims reach discovery and preventing [the use of] discovery as a fishing expedition").

## Conclusion

For the foregoing reasons, the NFL respectfully requests that the Court deny plaintiffs' motion to take 30(b)(6) depositions prior to plaintiffs' deadline for opposing the NFL's Motion to Dismiss, and issue a protective order barring plaintiffs from taking the requested discovery until the NFL's Motion to Dismiss is decided.

Dated: January 6, 2012

Respectfully submitted,

By: /s/ Brad S. Karp

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Brad S. Karp (*pro hac vice*)
Theodore V. Wells, Jr. (*pro hac vice*)
Bruce Birenboim (*pro hac vice*)
Beth A. Wilkinson (*pro hac vice*)
Lynn B. Bayard (*pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

DUANE MORRIS LLP
John J. Soroko (Pa. Atty. ID 25987)
Dana B. Klinges (Pa. Atty. ID 57943)
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Brad S. Karp, hereby certify that on January 6, 2012, the foregoing National Football League's Memorandum of Law in Opposition to Plaintiffs' Motion to Conduct Pretrial Discovery and the accompanying exhibits have been filed electronically and are available for downloading and viewing from the Court's ECF system by all counsel of record.

Dated: January 6, 2011      By: /s/ Brad S. Karp