# Exhibit 2

Case 2:12-md-02323-AB  Document 52-3  Filed 04/02/12  Page 2 of 4
Case 2:11-cv-08209-AB  Document 32-3  Filed 01/06/12  Page 2 of 4
Case 2:11-cv-08394-R -MAN  Document 58  Filed 12/08/11  Page 1 of 3  Page ID #:7095

```
 1  MUNGER, TOLLES & OLSON LLP
    RONALD L. OLSON (State Bar No. 44597)
 2  Ron.Olson@mto.com
    JOHN W. SPIEGEL (State Bar No. 78935)
 3  John.Spiegel@mto.com
    JOHN M. RAPPAPORT (State Bar No. 254459)
 4  John.Rappaport@mto.com
    355 South Grand Avenue, Thirty-Fifth Floor
 5  Los Angeles, CA  90071-1560
    Telephone:  (213) 683-9100
 6  Facsimile:  (213) 687-3702

 7  PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
    BRAD S. KARP       (Pro Hac Vice)
 8  bkarp@paulweiss.com
    THEODORE V. WELLS, JR.
 9  twells@paulweiss.com
    BRUCE BIRENBOIM
10  bbirenboim@paulweiss.com
    BETH A. WILKINSON
11  bwilkinson@paulweiss.com
    LYNN B. BAYARD
12  lbayard@paulweiss.com
    1285 Avenue of the Americas
13  New York, NY 10019-6064
    Telephone:  (212) 373-3000
14  Facsimile:  (212) 757-3990

15  Attorneys for Defendants
    NATIONAL FOOTBALL LEAGUE
16  and NFL PROPERTIES LLC
```

17                    UNITED STATES DISTRICT COURT

18                   CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 19  VERNON MAXWELL, et al., | CASE NO. CV 11-08394 R(MANx) |
| 20       Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION TO REMAND |
| 21  v. | Date:     December 5, 2011 |
| 22  NATIONAL FOOTBALL LEAGUE, et al., | Time:     10:00 AM<br>Judge:   Hon. Manuel L. Real |
| 23  | |
| 24       Defendants. | Notice of related cases:<br>No. CV 11-08395 R (MANx)<br>No. CV 11-08396 R (MANx) |
| 25 | |

26
27
28            Plaintiffs' motion to remand this action to state court came on for

15871518.1                              [PROPOSED] ORDER DENYING PLAINTIFFS'
                                                       MOTION TO REMAND

hearing on December 5, 2011, the Honorable Manuel L. Real presiding. After consideration of the briefs and arguments of counsel, and all other matters presented to the Court, the Court DENIES plaintiffs' motion for the reasons that follow.

Generally, under the well-pleaded complaint rule, a defendant cannot remove state-law claims to federal court even if the defendant has a defense based on federal law. *Milne Emps. Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401 (9th Cir. 1991). However, the Supreme Court has concluded that the preemptive force of some statutes is so strong that they completely preempt an area of state law. In such cases, any claim purportedly based on that preempted state law is considered a federal claim, and therefore arises under federal law. *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983).

The Supreme Court has held that federal law exclusively governs suits for breach of a collective bargaining agreement ("CBA"). *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448 (1957). In addition, section 301 of the Labor Management Relations Act preempts state law claims that are substantially dependent upon or inextricably intertwined with the terms of a CBA. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985).

Here, the Court finds the decision in *Stringer v. National Football League*, 474 F. Supp. 2d 894 (S.D. Ohio 2007), to be persuasive and concludes that plaintiffs' second cause of action, for negligence against the defendant National Football League ("NFL"), is preempted. Its resolution is inextricably intertwined with and substantially dependent upon an analysis of certain CBA provisions imposing duties on the clubs with respect to the medical care and treatment of NFL players.

The CBA provisions that relate to the duties of team physicians are implicated. The CBA places primary responsibility for identifying such physical conditions on the team physicians. *Stringer*, 474 F. Supp. 2d at 910. Plaintiffs'

1 complaint alleges a "[f]ailure to ensure accurate diagnosis and recording of
2 concussive brain injury so the condition can be treated in an adequate and timely
3 manner." (Compl. ¶ 548.) The physician provisions of the CBA must be taken into
4 account in determining the degree of care owed by the NFL and how it relates to
5 the NFL's alleged failure to establish guidelines or policies to protect the mental
6 health and safety of its players. The Court reaches a similar conclusion when
7 examining the CBA provisions relating to the teams' athletic trainers.

8     Having concluded that at least one of plaintiffs' claims is preempted
9 by section 301, it is unnecessary at this stage of the proceedings to determine
10 whether plaintiffs' other claims are also preempted. That determination is better
11 left for the motion-to-dismiss stage. As long as at least one federal claim is present,
12 this Court can exercise supplemental jurisdiction over the remaining claims
13 pursuant to 28 U.S.C. § 1367.

14     Thus, defendants' removal of this action was proper and, therefore,
15 plaintiffs' motion to remand is denied.
16     IT IS SO ORDERED.

DATED: December 8, 2011

_____
THE HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT COURT