**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: NATIONAL FOOTBALL PLAYERS' CONCUSSION INJURY LITIGATION** | **No. 2:12-md-02323-AB** <br> **MDL No. 2323** |
| **THIS DOCUMENT RELATES TO: All Actions** | |

**PLAINTIFFS' JOINT APPLICATION FOR APPOINTMENT OF PLAINTIFFS' EXECUTIVE COMMITTEE, PLAINTIFFS' STEERING COMMITTEE, AND PLAINTIFFS' LIAISON COUNSEL**

Pursuant to Case Management Order No. 1 (ECF No. 4), Plaintiffs in the above-captioned matter respectfully submit this joint proposal for an organizational structure necessary to ensure the efficient and orderly litigation of the cases consolidated before this Court, and a joint application for appointment of a Plaintiffs' Executive Committee, a Plaintiffs' Steering Committee ("PSC"), and Plaintiffs' Liaison Counsel.

The structure proposed herein and this joint application for appointment of the PSC, a PSC Executive Committee and Plaintiffs' Liaison Counsel reflect the consensus agreement of all plaintiffs' counsel represented at an organizational meeting of plaintiffs.[1] In complex, multi-

[1] Represented at the organizational meeting were counsel for plaintiffs in the following matters consolidated before this Court: *Easterling v. Nat'l Football League ("NFL")*, No. 11-cv-5209; *Hilgenberg v. NFL*, No. 12-cv-0598; *Duranko v. NFL*, No. 12-cv-702; *Solt v. NFL*, No. 12-cv-262; *Johnson v. NFL*, No. 12-cv-324; *Lelie v. NFL*, No. 12-cv-600; *Hager v. NFL*, No. 12-cv-601; *Everitt v. NFL*, No. 12-cv-731; *Brodie v. NFL*, No. 12-cv-861; *Hairston v. NFL*, No. 12-cv-989; *Pugh v. NFL*, No. 12-cv-1165; *Hopkins v. NFL*, No. 12-cv-1239; *Allen v. NFL*, No. 12-cv-1281; *Kuykendall v. NFL*, No. 12-cv-1030; *Levens v. NFL*, No. 12-cv-1028; *Lewis v. NFL*, No. 12-cv-1031; *Stewart v. NFL*, No. 12-cv-

party litigation, appointment of counsel based on such "private ordering" is the common and preferred approach to selecting leadership, *see*, *e.g.*, *Report of the Third Circuit Task Force, Selection of Class Counsel*, 208 F.R.D. 340, 355 (2002),[2] subject to appropriate Court review.[3] Moreover, the proposed organizational structure is appropriate given the complexity of the matters consolidated before this Court. And the Joint Applicants are well-qualified and have the resources to serve in the positions to which they seek appointment.

## I. Plaintiffs' Proposed Organizational Structure is Appropriate Given the Complexity of the Litigation, and Necessary for the Orderly & Efficient Conduct of this Litigation.

### *A. Plaintiffs' Proposed Organizational Structure.*

Plaintiffs' consensus agreement proposes the creation of, and appointment of attorneys from six firms to a Plaintiffs' Executive Committee of the PSC that will be charged with the overall coordination and management of pretrial proceedings, including the authority to staff and organize subcommittees, in consultation with the PSC. The Executive Committee will also manage all administrative and financial matters, including the Common Benefit and Expenses Fund, *see infra* Section III, tracking time and expenses to ensure that all fees and expenses incurred by the PSC members and others conducting work benefitting all plaintiffs, to avoid

---

1209; *Austin v. NFL*, No. 12-cv-1032; *Dronett v. NFL*, No. 12-cv-1033; *Glover v. NFL*, No. 12-cv-287; *Boyd v. NFL*, No. 12-cv-92; *Adams v. NFL*, No. 12-cv-683; *Jacobs v. NFL*, No. 12-cv-1035; *Barnes v. NFL*, No. 12-cv-1024; *Steed v. NFL*, No. 12-cv-1206; *Jones v. NFL*, No. 12-cv-1027; *Wooden v. NFL*, No. 12-cv-1037; *Barnett v. NFL*, No. 12-cv-546; *Henesey v. NFL*, No. 12-cv-729; *Maxwell v. NFL*, No. 12-cv-1023; *Pear v. NFL*, No. 12-cv-1025; *Wallace v. NFL*, No. 12-cv-336; *Finn v. NFL*, No. 12-cv-1034; *Hughes v. NFL*, No. 12-cv-1423; *Rucker v. NFL*, No. 12-cv-1036; *Parker v. NFL*, No. 12-cv-868.

[2] *See also In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*, MDL No. 1674, 2011 WL 4382942, at *2 (W.D. Pa. Sept. 20, 2011); *In re Intel Corp. Microprocessor Antitrust Litig.*, No. 05-md-1717 (D. Del. Apr. 18, 2006) (ECF No. 51) (citing *Manual for Complex Litigation, Fourth* §21.272 (2004)).

[3] *Manual for Complex Litigation, Fourth* §§ 10.221, 22.62 (2011).

duplication of effort, ensure only necessary work is conducted and that all fees and expenses are reasonable and appropriate.

Plaintiffs also propose the creation and appointment of a 13-member PSC, to include the members of the Executive Committee, that will be charged with performing or delegating all pre-trial tasks necessary for the efficient and orderly prosecution and disposition of the claims consolidated before the Court and in a manner that avoids duplication of effort and controls fees and expenses.  The responsibilities of the proposed PSC include, but are not limited to: conducting and coordinating all pre-trial discovery-related matters; acting as the spokesperson for all plaintiffs at pretrial proceedings; coordinating responses to the Court and other parties for all pretrial proceedings, including jointly submitting, responding to, and arguing all motions within the sphere of the PSC; examining witnesses and introducing evidence at hearings; negotiating stipulations with defendants, subject to this Court's approval; considering and negotiating settlement; maintaining all appropriate pretrial files; preparing periodic status reports on the work of the PSC; and all other tasks necessary to accomplish its responsibilities.

Plaintiffs also propose the appointment of a Plaintiffs' Liaison Counsel. Liaison Counsel who will be responsible for administrative matters, including receiving Orders and Notices from the Court on behalf of all plaintiffs; preparing and transmitting copies of such Orders and Notices to plaintiffs; maintaining complete document files and making such files available to all plaintiffs; circulating status reports prepared by the PSC and Executive Committee to all plaintiffs and otherwise apprising counsel of developments; scheduling meetings of counsel, and other tasks as directed by this court or the PSC.  *See Manual for Complex Litigation, Fourth* § 10.221 (2011).

*B. The Proposed Organizational Structure is Appropriate Given the Complexity of the Matters before the Court and Comparable to that Adopted in Similar MDLs.*

Given the complexity of this litigation, comprising both medical monitoring class actions and more than 700 individual personal injury claims by plaintiffs from dozens of states, the proposed organizational structure is necessary to ensure the orderly conduct of the litigation. The organizational structure and number of committee members proposed herein is consistent with leadership structure adopted by the courts of this Circuit and others managing comparable MDLs. *See, e.g.*, News & Notes (Mar. 12, 2012), *In re Actos (Pioglitazone) Prods. Liab. Litig.* 11-md-2299 (W.D. La.) *available at* http://www.lawd.uscourts.gov/MDL2299/html/news.html (appointing two co-lead counsel, a six-member executive committee, and a twelve-member steering committee); *In re Oil Spill by the Oil Rig of the "Deepwater Horizon" on the Gulf Of Mexico on April 20, 2010*, No. 10-md-02179 (E.D. La. Oct. 8, 10, 2010) (ECF No. 506) (appointing 15-member steering committee); *In re Diet Drugs Prods. Liab. Litig.*, MDL No. 1203, 553 F. Supp. 2d 442, 450 & n.4–6 (E.D. Pa. 2008) (noting appointment of an eleven-member plaintiffs' management committee and a six-member plaintiffs' discovery committee), *aff'd*, 582 F.3d 524 (3d Cir. 2009).[4]

In appointing a 13-member Plaintiffs' Steering Committee, the court in *In re Vioxx Products Liability Litigation* noted that, "[a]ppointment of a supervising Plaintiffs' Steering

[4] *See also In re Guidant Implantable Defibrillator Prods. Liab. Litig.*, MDL No. 05–1708, 2008 WL 682174, at *1 n.5 (D. Minn. Mar. 7, 2008) (noting appointment of 4-member lead counsel committee and 19-member steering committee); *In re Vytorin/Zetia Mtkg., Sales Practices and Prods. Liab. Litig.*, No. 08-cv-285 (D.N.J. June 4, 2008) (ECF No. 52) (adopting plaintiffs' proposed organizational structure for a twelve-member plaintiffs' steering committee and a five-member executive committee, and appointing members as proposed by plaintiffs); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, MDL No. 1014, 1994 WL 923395 (E.D. Pa. Dec. 14, 1995) (appointing nine-member plaintiffs' legal committee); *In re Zyprexa Prods. Liab. Litig.*, MDL No. 1596, 2004 WL 3520245, at *1 (E.D.N.Y. June 17, 2004) (appointing 13-member steering committee).

Committee is necessary to create centralized leadership and control of litigation of this magnitude."[5] And the *Manual for Complex Litigation, Fourth* (2011) likewise recognizes the need for appointment of committees of counsel in appropriate circumstances:

> "*Committees of counsel*. Often called steering committees, coordinating committees, management committees, executive committees, discovery committees, or trial teams. Committees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making. The court or lead counsel may task committees with preparing briefs or conducting portions of the discovery program if one lawyer cannot do so adequately."

*Id*. § 10.221; *see also id*. § 22.62 (describing typical functions of committees of counsel in mass tort litigation).

## II. Plaintiffs' Joint Application for Appointment of the Executive Committee, Steering Committee and Liaison Counsel.

### *A. The Joint Applicants*.

Plaintiffs propose and support the appointment of the attorneys from the following six firms to the Executive Committee:

- Sol. H. Weiss & Larry E. Coben, Anapol Schwartz;
- Thomas V. Girardi & Graham B. LippSmith, Girardi Keese;
- Michael D. Hausfeld & Richard S. Lewis, Hausfeld LLP;
- Gene Locks & David Langfitt, Locks Law Firm;
- Ricardo M. Martínez-Cid & Steven C. Marks, Podhurst Orseck, P.A.; and
- Christopher A. Seeger & David R. Buchanan, Seeger Weiss LLP.

The Executive Committee members will also serve as members of the Plaintiffs' Steering Committee. In addition, Plaintiffs also propose and support the appointment of the following seven additional members to the Steering Committee:

- James R. Dugan II, The Dugan Law Firm;
- Anthony Tarricone, Kreindler & Kreindler LLP;

[5] 802 F. Supp. 2d 740, 762 (E.D. La. 2011).

- Arnold Levin, Levin, Fishbein, Sedran & Berman;
- Michael L. McGlamry, Pope McGlamry, Kilpatrick, Morrison & Norwood, P.C.;
- Dianne M. Nast, RodaNast, PC;
- David A. Rosen, Rose, Klein & Marias, LLP; and
- Charles S. Zimmerman, Zimmerman Reed.

Plaintiffs further propose and support the appointment of Jeannine M. Kenney, of Hausfeld LLP's Philadelphia office, as Plaintiffs' Liaison Counsel.

*B. The Joint Applicants Have the Experience and Expertise in Complex Class Actions and Mass Torts to Ensure the Efficient and Orderly Conduct of this Litigation.*

The resumes and references for each of the applicants for the Executive Committee, Steering Committee, and Plaintiffs' Liaison Counsel are attached as **Exhibits A, B & C**, respectively**.** The joint applicants are uniquely qualified to serve in the positions to which they seek appointment. Each is experienced in complex class actions and individual personal injury and mass tort litigation. The proposed Executive Committee and PSC members have each served in high-profile leadership positions as either lead or co-lead counsel or as members of plaintiffs' leadership committees in complex cases at both the state and federal level. And each firm has the necessary resources and staff to carry out their leadership functions.

Further, the joint applicants are working cooperatively together and with the other law firms with matters consolidated before this Court. The proposed Executive and Steering Committee members have organized and staffed the relevant litigation committees (*e.g.*, legal, discovery, science and others), and the work of those committees is well underway. Further, the joint applicants for the Executive Committee have been meeting weekly to manage the overall litigation, including the meet and confers and related negotiations with Defendants. The pre-appointment leadership of the joint applicants in organizing plaintiffs' counsel demonstrates

precisely how this organizational structure and appointment of the joint applicants will aid in the efficient and orderly conduct of this litigation.

## III. Common Benefit Fee & Cost Fund and Common Settlement Fund Fee Award Proposal

Plaintiffs will submit for this Court's approval a Common Benefit Fee and Cost Fund to reimburse attorneys for their fees and expenses incurred by Executive Committee, PSC members and other attorneys for ongoing work that inures to the common benefit of all plaintiffs. The Fund will be supported by a percentage assessment on any settlements or judgments in individual cases transferred or pending before this Court, and at a rate within the ranges found reasonable by other courts of this Circuit. *See, e.g., In re Diet Drugs*, 553 F. Supp. 2d at 457. Such assessment will be deducted from individual counsel's fee where the settling plaintiff is represented by counsel. The operation of the Fund will be subject to procedures established by this Court governing the recording and auditing of fees and expenses, applications for reimbursement, determinations regarding requests for reimbursement, and payment of such requests. As noted, the Executive Committee will manage the overall work conducted for the common benefit of Plaintiffs to ensure that all work conducted is necessary, appropriate, non-duplicative and in the common interest of all plaintiffs.

In the event of a class-wide settlement or judgment as to some or all claims, and at the appropriate time, the Executive Committee will seek an award for attorneys' fees and expenses for work inuring to the benefit of the class based on a percentage of the settlement amount provided under any such settlement agreement. As is the practice in this Circuit, the reasonableness of such a request will be based upon this Court's assessment of: "(1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3)

the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases." *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000). In addition, reasonableness will determined by a cross-check on lodestar, a process in which the court multiplies the number of hours the attorneys worked by a reasonable hourly billing rate for those attorneys. *Id.*

Plaintiffs have also reached consensus to establish reasonable uniform hourly rates for all partners, associates and paralegals conducting work that benefits all plaintiffs for purposes of reimbursement for fees from the Common Benefit Fund and for lodestar check against a fee and expense request from any class settlement. At the Court's request, Plaintiffs will submit the agreed-upon uniform fee rates to the Court *in camera*. In addition, Joint Applicants' retention agreements with their individual clients provide for payment of attorneys' fees on a contingency basis. Such contingency fee arrangements will be individually submitted to the Court *in camera* upon request. Fee agreements between or among counsel, if any, are identified in each joint applicant's resume.

## IV. Conclusion

For the reasons set forth above, joint applicants respectfully request the Court's approval of the proposed organizational structure and appointment of the joint applicants to the positions of Plaintiffs' Executive Committee, Steering Committee, and Liaison Counsel.

A proposed Case Management Order No. 2 appointing the Executive Committee, the Plaintiffs' Steering Committee and Liaison Counsel is attached as **Exhibit D** for the Court's convenience.

Dated: April 3, 2012

Submitted by:

/s/ Jeannine M. Kenney
Jeannine M. Kenney (PA # 307635)
**HAUSFELD LLP**
1604 Locust St., 2nd Floor
Philadelphia, PA 19103
215-985-3270
215-985-3271 (fax)
jkenney@hausfeldllp.com

***Proposed Plaintiffs' Liaison Counsel***

*Submitted on behalf of, and with the approval of*:

Sol Weiss
Larry E. Coben
**ANAPOL SCHWARTZ**
1710 Spruce Street
Philadelphia, PA 19103
215-735-1130
215-735-2024 (fax)
sweiss@anapolschwartz.com

Thomas V. Girardi
Graham B. LippSmith
**GIRARDI & KEESE**
1126 Wilshire Blvd
Los Angeles, CA 90017
213-977-0211
tgirardi@girardikeese.com

Michael D. Hausfeld
Richard S. Lewis
**HAUSFELD LLP**
1700 K Street, N.W., Suite 650
Washington, D.C. 20006
202-540-7200
202-540-7201 (fax)
mhausfeld@hausfeldllp.com
rlewis@hausfeldllp.com

Gene Locks
David Langfitt
**LOCKS LAW FIRM**

The Curtis Center
Suite 720 East
601 Walnut Street
Philadelphia, PA 19106
215-893-3434
glocks@lockslaw.com

Ricardo M. Martinez-Cid
Steven C. Marks
**PODHURST ORSECK P.A.**
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
305-358-2800
rmartinez-cid@podhurst.com

Christopher A. Seeger
David R. Buchanan
**SEEGER WEISS LLP**
550 Broad Street, Suite 920
Newark, NJ 07102
973-639-9100
cseeger@seegerweiss.com

***Proposed Plaintiffs' Executive Committee Members***

James R. Dugan, II
**THE DUGAN LAW FIRM**
One Canal Place, Suite 1000
365 Canal Street
New Orleans, LA 70130
504-648-0180
504-648-0181 (fax)
jdugan@dugan-lawfirm.com

Anthony Tarricone
**KREINDLER & KREINDLER LLP**
277 Dartmouth Street
Boston, MA 02116
617-424-9100
617-424-9120 (fax)
atarricone@kreindler.com

Arnold Levin
**LEVIN FISHBEIN SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500
alevin@lfsblaw.com

Michael L. McGlamry
**POPE, MCGLAMRY, KILPATRICK MORRISON & NORWOOD, P.C.**
3455 Peachtree Road, NE
The Pinnacle, Suite 925
P.O. Box 191625 (31119-1625)
Atlanta, GA 30326-3243
404-523-7706
404-524-1648 (fax)
efile@pmkm.com

Dianne M. Nast
**RODANAST, PC**
801 Estelle Drive
Lancaster, PA 17601
717-892-3000
717-892-1200 (fax)
dnast@rodanast.com

David A. Rosen
**ROSE, KLEIN & MARIAS LLP**
801 South Grand Avenue, 11th Floor
Los Angeles, CA 90017-4645
213-626-0571
d.rosen@rkmlaw.net

Charles S. Zimmerman
**ZIMMERMAN REED PLLP**
1100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
612-341-0400
charles.zimmerman@zimmreed.com

***Proposed Plaintiffs' Steering Committee Members***