# Exhibit D

# Proposed Order

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | MDL No. 2323<br><br>No. 12-md-2323 (AB) |

### [PROPOSED] CASE MANAGEMENT ORDER NO. 2

**AND NOW**, this ___ day of _____ 2012, upon receipt from plaintiffs of a joint proposal, submitted by consensus of plaintiffs' counsel, for an organizational structure to ensure the efficient and orderly litigation of the matters consolidated before this Court in the above-captioned MDL and appointment of a Plaintiffs' Executive Committee, a Plaintiffs' Steering Committee, and Plaintiffs' Liaison Counsel, and after this Court's independent review of such structure and joint application and upon finding that counsel proposed for such appointments have the requisite experience, expertise and competence to carry out their respective functions, it is hereby **ORDERED** as follows:

1. **Plaintiffs' Executive Committee.** The Court hereby appoints to the Plaintiffs' Executive Committee ("PEC") counsel from the following six firms: Sol. H. Weiss and Larry Coben, Anapol Schwartz; Thomas V. Girardi and Graham B. LippSmith, Girardi Keese; Michael D. Hausfeld and Richard S. Lewis, Hausfeld LLP; Gene Locks and David Langfitt, Locks Law Firm; Ricardo M. Martinez-Cid and Steven C. Marks, Podhurst Orseck, P.A.; and Christopher A. Seeger and David R. Buchanan, Seeger Weiss LLP. Resumes for each of these appointees have been submitted under separate cover.

2. **Plaintiffs' Steering Committee.** The Court appoints to the Plaintiffs' Steering Committee ("PSC") the following counsel: all members of the PEC appointed under this Order; James R. Dugan II, The Dugan Law Firm; Anthony Tarricone, Kreindler & Kreindler LLP; Arnold Levin, Levin, Fishbein, Sedran & Berman; Dianne M. Nast, RodaNast, PC; Michael L. McGlamry, Pope McGlamry, Kilpatrick, Morrison & Norwood, P.C.; David A. Rosen, Rose, Klein & Marias, LLP; and Charles S. Zimmerman, Zimmerman Reed PLLP.  Resumes for each of these appointees have been submitted under separate cover.  Reimbursement for costs and/or fees for services of the PSC will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

3. **Responsibilities of the PEC and PSC.** The Plaintiffs' Executive Committee shall be responsible for overall coordination and management of pretrial proceedings on behalf of Plaintiffs, including authority to organize and staff committees.  The Plaintiffs' Steering Committees shall be responsible for:

    A.    Discovery

        i.    Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions that are consolidated with the instant multidistrict litigation.

        ii.    Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

        iii.    Cause to be issued, in the name of all plaintiffs, the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial discovery of relevant issues found in the pleadings of this litigation.  Similar requests, notices, and subpoenas may be caused to be issued by the PEC and

PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

    iv. Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs. No attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings. Such attorney may suggest questions to be posed to deponents through the designated PSC members provided that such questions are not repetitious.

  B. Hearings and Meetings

    i. Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court.

    ii. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

    iii. Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

    iv. Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject, of course, to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

  C. Other

    i. Submit and argue any verbal or written motions presented to the Court or Magistrate on behalf of the PEC and PSC, as well as oppose, when necessary, any motions submitted by the Defendants or other parties which involve matters within the sphere of the responsibilities of the PEC and PSC.

ii.     Negotiate and enter into stipulations with Defendants regarding this litigation.  All stipulations entered into by the PEC and PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation.  Any attorney not in agreement with a non-administrative stipulation shall, within ten (10) days after he or she knows, or should have reasonably become aware, of the stipulation, file with the Court a written objection thereto.  Failure to object within the time allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

iii.    Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

iv.     Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys.

v.      Prepare periodic status reports summarizing the PEC and PSC's work and progress.  These reports shall be submitted to the Plaintiffs' Liaison Counsel, who will promptly distribute copies to all plaintiffs' counsel.

vi.     Perform any task necessary and proper for the PEC and PSC to accomplish their responsibilities as defined by the Court's Orders.

vii.    Perform such other functions as may be expressly authorized by further Orders of this Court.

4.      **Plaintiffs' Liaison Counsel.**  The Court appoints Jeannine M. Kenney, Hausfeld LLP, as Plaintiffs' Liaison Counsel.  A resume for this appointee has been submitted under separate cover.  Plaintiffs' Liaison Counsel shall be authorized to receive Orders and Notices from the Court on behalf of all plaintiffs and shall be responsible for the preparation and

transmittal of copies of such Orders and Notices to the plaintiffs and perform other tasks determined by the Court.  Plaintiffs' Liaison Counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to plaintiffs upon request.  The expenses incurred in performing the services of Plaintiffs' Liaison Counsel shall be shared equally by all plaintiffs in a manner agreeable to the parties or set by the Court failing such agreement.

It is so **ORDERED.**

**BY THE COURT:**

_____

Anita B. Brody, J.