IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | MDL DOCKET NO. 2323 12-md-2323 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS |  |

## [PROPOSED] CASE MANAGEMENT ORDER No. [3]

**AND NOW**, this __ day of _____ 2012, in order to promote judicial economy and avoid duplication, pursuant to Case Management Order No. 1, and the Manual for Complex Litigation – Fourth Edition (2004) §§ 22.6–22.63, and after the parties having met and conferred and this Court's initial organization conference with the parties, the Court hereby enters the following Order to govern further proceedings in this MDL:

NOW, THEREFORE, THE COURT ORDERS as follows:

1.      This Case Management Order No. 2 shall govern the practice and procedures in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to the Order of January 31, 2012, as well as all actions originally filed in this Court or transferred or removed to this Court. The provisions of Case Management Order No. 1 entered March 6, 2012, remain in effect.

I.      **FILING OF COMPLAINTS AND RESPONSIVE MOTIONS**

2.      The following schedule is hereby established with respect to the filing of Master Administrative Complaints, Short-Form Complaints, Answers and Motions to Dismiss, and Motions to Remand:

Plaintiffs' Proposal:[1]

      (a)      Filing of Master Administrative Complaints

           (i)      Plaintiffs shall, within 45 days of the entry of this Order, file a Master Administrative Complaint For Personal Injury Claims ("Long-form personal injury complaint") and a Master Administrative Medical Monitoring Class Action Complaint.

      (b)      Answers and Motions to Dismiss

           (i)      Defendants shall, within 60 days from the date of service of the Master Administrative Complaints (August 15, 2012),[2] answer or otherwise respond to the Master Administrative Complaints.  Plaintiffs shall file their Opposition, if any, to Defendants' responsive pleading within 60 days of service of Defendants' Answer or response (October 15, 2012).  Defendants shall file their Reply, if any, to Plaintiffs' Opposition, within 30 days after service of Plaintiffs' Opposition (November 15, 2012).

---

[1]   Plaintiffs' (Proposed) Schedule for MDL 2323 is attached as Exhibit A.  Plaintiffs' List of the Fundamental Differences in the Parties' Proposals for a Case Management Order is attached as Exhibit B.  Defendants do not agree with Plaintiffs' characterization of the "fundamental differences" in Proposed Case Management Order No. [3] or Plaintiffs' characterization of  Defendants' positions in Exhibit B.

[2]   All dates in Plaintiffs' proposal are based on the number of days following the entry of this Order.  For purposes of further explanation, an estimate of the actual calendar date is made in parenthesis, assuming this Order is entered May 1, 2012, and subsequent agreed upon orders are entered as indicated herein.  If a date falls on a weekend or court holiday, the due date rolls over to the next weekday.

(c)    <u>Motions to Remand</u>

(i)    Plaintiffs shall file any Motions to Remand to state court within 60 days of the filing of Master Administrative Complaints (August 15, 2012).  Defendants shall file any Opposition to such Motion within 60 days of service of  Plaintiffs' Motions (October 15, 2012).  Plaintiffs shall file their Reply, if any, within 30 days of service of Defendants' response (November 15, 2012).

(d)    <u>Short-Form Complaints</u>

(i)    Plaintiffs and Defendants shall confer regarding the form and content of a "Short-Form (Personal Injury) Complaint" and submit it to the Court (with any disagreements) within 45 days of the date of entry of this Order (June 15, 2012).

(ii)    Plaintiffs with actions consolidated in this MDL at the time of entry of this Order shall file their Short-Form Complaints within 45 days of this Court's approval of the Short-Form Complaint (estimated August 1, 2012).

(iii)    Defendants shall, within 30 days from the date of service of the Short-Form Complaints (September 1, 2012), answer or otherwise respond to any claims or allegations not set forth in the Master Administrative (Long-Form Personal Injury) Complaint.

(iv)    Plaintiffs who filed actions transferred to, or filed in, this Court after the date of entry of this Order, shall have 30 days from the date on which their action is docketed in this Court to serve upon Defendants their Short-Form complaint. Defendants will have 30 days from service of a Short-Form Complaint to answer or otherwise respond to any claims or allegations not set forth in the Master Administrative (Long-Form Personal Injury) Complaint.

NFL Defendants' Proposal:

      (a)     Filing of Master Administrative Complaint(s)[3]

           (i)     The parties shall, within 45 days of the entry of this Order, meet, confer and report to the court regarding the feasibility of filing Administrative Complaints, Short-Form Complaints, or any other form of consolidated or coordinated complaints.   Although the NFL Defendants are agreeable to using administrative complaints in concept with regards to the claims against the NFL Defendants, if the parties cannot reach agreement regarding the actual feasibility of filing such complaints, the Court will resolve the disagreement based on briefing and argument of the parties.

      (b)     Answers, Motions to Dismiss, and Motions to Remand – Filing of Master Administrative Complaint(s)

           (i)     Defendants shall have 90 days from the date of service of the master administrative complaint(s) to answer or otherwise respond.   Plaintiffs shall file any response within 90 days of Defendants' motion.   Defendants shall file their reply, if any, within 60 days after the filing of Plaintiffs' response.

           (ii)     Plaintiffs shall file any motion to remand as a cross-motion to Defendant's motion to dismiss, due within 90 days of the deadline for Defendants motion to dismiss the master administrative complaint.   Defendants shall file any response within

---

[3]    The NFL Defendants include a proposed briefing schedule in contemplation of the filing of a master administrative complaint as a placeholder in compliance with the Court's Case Management Order No. 1.   The parties will discuss the appropriateness and design of a master administrative complaint as outlined in this Order.   Any agreement reached on a master administrative complaint is without prejudice to Defendants' right to move to dismiss that complaint, or any other complaint, for, among other things, failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

60 days of Plaintiffs' motion.  Plaintiffs shall file a reply, if any, within 30 days after the filing of Defendants' response.

       (c)    <u>Answers, Motions to Dismiss, and Motions to Remand – No Master Administrative Complaint(s)</u>

            (i)    In the event that it is determined impractical or inappropriate for Plaintiffs to file a master administrative complaint(s), separate schedules shall apply to each case based on whether motions to dismiss, motions to sever and/or motions for judicial notice are pending as of the date of entry of this Order.

            (ii)    If Defendants have not yet answered or otherwise responded in a particular case:

            (A)    Defendants shall have 120 days from the entry of this Order to answer or otherwise respond to the complaints to which they have not yet answered or responded.  Plaintiffs shall file any response within 120 days after the filing of the motion and Defendants shall file any reply within 90 days after the filing of Plaintiffs' response.

            (B)    In the event a case has been removed to federal court, Plaintiffs shall file any motion to remand as a cross-motion to Defendants' motion to dismiss, due within 120 days after the filing of Defendants' motion to dismiss.  Defendants shall file any opposition within 90 days of Plaintiffs' motion.  Plaintiffs shall file any reply within 60 days after the filing of Defendants' opposition.

            (C)    If a motion to remand is pending as of the date of entry of this Order, Defendants shall file any opposition within 90 days after entry

of this Order. Plaintiffs shall file any reply within 60 days of Defendants' opposition.

(iii)   If a motion to dismiss, motion to sever and/or motion for judicial notice is pending in a particular case:

(A)   Defendants shall have 120 days from the entry of this Order to file any necessary supplement to their motion to dismiss due to a change in jurisdiction. Plaintiffs shall file any opposition and/or any supplement to their opposition within 120 days of Defendants' filing. Defendants shall file any reply and/or supplement to their reply within 90 days of Plaintiffs' opposition or supplement.

(B)   In the event a case has been removed to federal court and the transferor court has not already ruled on a motion for remand, Plaintiffs shall file any motion to remand as a cross-motion to Defendants' motion to dismiss, due within 120 days of Defendants' supplement to their motion to dismiss. Defendants shall file any opposition within 90 days of Plaintiffs' motion. Plaintiffs shall file any reply within 60 days after the filing of Defendants' opposition.

(C)   If a motion to remand is pending as of the date of entry of this Order, Defendants shall file any opposition within 90 days after entry of this Order. Plaintiffs shall file any reply within 60 days of Defendant's opposition.

(d)    Cases Filed In, Transferred To, or Removed After Entry of Order

(i)    In the event new cases are filed in, transferred to, or removed to this Court after the entry of this Order, the parties will stipulate to a schedule or submit proposals to the Court for its consideration.

Riddell Defendants' Proposal:

The Riddell Defendants adopt the NFL Defendants' Proposal regarding the need for further discussion about the feasibility of consolidated or coordinated complaints. The Riddell Defendants believe more discussion between the parties is necessary to address the feasibility of such complaints for the subset of Plaintiffs with individual product liability claims involving a multitude of different helmet models, differing state product liability laws and other factors that distinguish the claims against the Riddell Defendants from the claims against the NFL Defendants  and that differentiate the product liability claims of the individual Plaintiffs who played in the NFL over a 50 to 60 year time period.  Because of the diverse nature of the product liability claims, any briefing schedule would need to address both motions to sever and motions to dismiss.

## II.    JOINDER AND AMENDED PLEADINGS

Plaintiffs' Proposal:

3.    Joinder of additional parties shall be accomplished with the filing of Master Administrative Complaints and the Short-Form Complaints.  After the date of filing of the Master Administrative Complaints, Short-Form Complaints, and any responses thereto, parties must seek leave of Court to join additional parties or otherwise amend their pleadings.

NFL Defendants' Proposal:

3.      The joinder of additional parties, if any, shall be sought no later than 90 days after the resolution of the last motion to dismiss to the extent permitted by the applicable rules and this Court.[4]  Amended pleadings, if any, may be filed to the extent permitted by the applicable rules and this Court, no later than 60 days after the resolution of the last motion to dismiss.  Motions to sever, if any, may be filed at any time to the extent permitted by the applicable rules and this Court.

Riddell Defendants' Proposal:

        The Riddell Defendants adopt the NFL Defendants' Proposal.

## III.     ESI PROTOCOL AND PROTECTIVE ORDER

Plaintiffs' Proposal:

4.      Counsel for Plaintiffs' and Defendants' counsel shall meet and confer to negotiate a protocol for the discovery of electronically stored information ("ESI Protocol") and a proposed ESI Order, and submit to this Court a proposed  order governing the production of non-public, confidential, or proprietary information ("Protective Order").  The parties shall endeavor to reach an agreement on an ESI Protocol and Protective Order no later than 45 days after the date of entry of this Order (June 15, 2012).  If the parties are unable reach an agreement on an ESI Protocol or Protective Order within the time period identified above, each side shall submit their respective positions to the Court within 45 days of the date of entry of this Order (June 15, 2012), detailing all matters agreed to and all matters remaining in dispute.

---

[4] The "resolution of the last motion to dismiss" refers to the date upon which all motions to dismiss addressing a complaint covered by this Order, and filed as of its entry, have been resolved by this Court.

NFL Defendants' Proposal:

4.      Plaintiffs' counsel and Defendants' counsel shall work to negotiate a protocol for the discovery of electronically stored information ("ESI Protocol") and an order governing the production of non-public, confidential, company-sensitive or proprietary information ("Protective Order").  The parties shall endeavor to reach an agreement on an ESI Protocol and Protective Order no later than 30 days after the resolution of the last motion to dismiss.  If the parties are unable to come to an agreement on an ESI Protocol or Protective Order within the 30 day time period identified above, each side shall submit their respective positions to the Court within 10 days of their failure to reach an agreement, detailing all matters agreed to and all matters remaining in dispute.

Riddell Defendants' Proposal:

        The Riddell Defendants adopt the NFL Defendants' proposal.

## IV.     INITIAL DISCLOSURES

Plaintiffs' Proposal:

5.      Initial Discovery and Plaintiff & Defendant Fact Sheets.

        (a)      All case-specific written discovery will be completed through the Fact Sheet Process, described herein.

        (b)      The parties agree to forego preliminary disclosures pursuant to Rule 26(a)(1)(A) in lieu of the Fact Sheet process set forth below.

        (c)      All Plaintiffs with claims consolidated within this MDL as of the date of the entry of this Order, shall, at the start of the fact discovery period (June 15, 2012), produce to Defendants a signed HIPAA medical records release form.  Defendants shall, on that same date, produce to all such Plaintiffs, any records or documents they have as of that date pertaining to such Plaintiffs ("Retired Player File").  In addition, Defendants

shall, at the start of fact discovery (June 15, 2012), produce to Plaintiffs' Liaison Counsel: (a) A list of document custodians who may possess documents pertaining to this litigation, including but not limited to the "Discovery Subjects" identified by Defendants and Plaintiffs in Paragraph 9 of this Order; and (b) Organizational charts for all Defendants for all years in which any Plaintiff played football in the NFL (estimated 1950's – present).

As to all Plaintiffs with claims transferred to this Court after the date of entry of this Order: such Plaintiffs shall, within 30 days of service of their Short-Form Complaint, produce to Defendants a signed HIPAA medical records release form; and Defendants shall, within 30 days of service of the Short-Form Complaint, serve on counsel for any such Plaintiffs and on Plaintiffs' Liaison Counsel, the Retired Player File for such Plaintiff.

(d)     The parties shall meet and confer on the form and content of a Plaintiff Fact Sheet ("PFS") and a Defendant Fact Sheet ("DFS"). The PFS and DFS will cover all case-specific written discovery in lieu of case-specific Interrogatories and case-specific Requests for Production of Documents. The parties will file their agreed upon PFS and DFS (with any disagreements) within 45 days of the date of entry of this Order (June 15, 2012).

(e)     The Court-approved PFS and DFS shall be served on each party. Responses to such Fact Sheets shall be served within 90 days of the date of service of such fact sheets (estimated September 15, 2012).

(f)     As to any plaintiff with claims transferred to, or filed in, this Court after the date of entry of this Order, Defendants shall, upon the docketing of such case in this

MDL, serve upon any such plaintiff the PFS.  Such plaintiffs shall, within 90 days of service of such PFS, serve a completed PFS upon Defendants.  Defendants shall serve upon such plaintiffs a completed DFS within 90 days of service of such DFS upon Defendants.

(g)     Plaintiffs' counsel who have in excess of 50 clients with claims pending in this MDL shall  meet and confer with Defendants to seek agreement  regarding service of their clients' completed PFS's on a rolling basis commencing at 90 days from service and to be completed no later than 150 days of service of the PFS.

NFL Defendants' Proposal:

5.     The parties shall complete their Rule 26(a)(1)(A) initial disclosures no later than 30 days after the resolution of the last motion to dismiss.  The parties shall submit their proposals for plaintiff and defendant fact sheets within 30 days of the resolution of the last motion to dismiss.  Defendants are willing to use fact sheets as a discovery tool in this MDL, but Defendants will not waive their rights to other discovery permitted by the Federal Rules of Civil Procedure as a condition of using fact sheets.

Riddell Defendants' Proposal:

The Riddell Defendants adopt the NFL Defendants' Proposal.

**V.     GENERAL DISCOVERY PLAN**

6.     Discovery shall generally proceed in accordance with the Federal Rules of Civil Procedure and local rules, with the following modifications agreed to by the parties:

(a)     Plaintiffs, collectively, shall prepare two master sets of generic written discovery: one set directed to the NFL Defendants as a group; and one set directed to the Riddell Defendants as a group.  The master sets of written discovery to each group of

Defendants shall be limited to a total number of interrogatories, requests for the production of documents, and requests for admission, as set forth below.

(b)    <u>Requests for Admission</u>.   The following general rules shall apply:   (i) Defendants and Plaintiffs shall each be limited to 75 requests for admission; and (ii) to the extent future circumstances warrant additional requests for admission, the parties reserve their right to seek leave of the Court or to stipulate to such additional requests for admission.

(c)    <u>Supplementation</u>.   The parties shall supplement their disclosures and discovery responses as required by Federal Rule of Civil Procedure 26(e).

(d)    <u>Privilege Designations</u>.  Privileged documents created on or after the date of the commencement of the first-filed case consolidated this MDL (July 19, 2011) need not be listed on a privilege log.

(e)    <u>Format of Documents</u>.   The required production format of documents, including electronically stored information, shall be agreed upon by the parties in the ESI Protocol.

(f)    Evidence which was requested but not disclosed during the discovery period will not be admitted at trial.

<u>Plaintiffs' Proposal:</u>

(g)    There will be no generic discovery of plaintiffs other than contention interrogatories.

(h)    Fact Witness Depositions.

(i)      Although it is difficult to predict at this early stage of the litigation how many fact witness depositions will be necessary, the following general rules shall apply:

- Defendants are permitted to take the deposition of each named Plaintiff;

- the total number of depositions, including third-party witnesses (excluding expert witnesses[5]), shall be determined at a future date;

- each Plaintiff and case-specific fact witness may be deposed only once and for a maximum of 4 hours on the record, as measured by the counter on the videotape;

- each generic fact witness will be deposed only once and for a maximum of 7 hours on the record, as measured by the counter on the videotape; and

- to the extent circumstances warrant additional time beyond the allotted hours for fact witness depositions described above, the parties reserve their rights to seek leave of the Court for additional time or to stipulate to such additional time, subject to approval by this Court.

(ii)     Plaintiffs intend to take depositions in two stages:

- 30(b)(6) depositions to elicit corporate testimony; and

- Depositions of individual fact witnesses

---

[5]    Treating doctors will not be considered expert witnesses for purposes of this Order.

(i)      <u>Interrogatories</u>.   The following general rules shall apply:   (i) Plaintiffs shall be limited to 75 interrogatories, including no more than 25 contention interrogatories; (ii) Defendants shall be limited to 25 contention interrogatories; and (iii) to the extent future circumstances warrant additional interrogatories, the parties reserve their rights to seek leave of Court or to stipulate to such additional interrogatories, subject to Court approval of such stipulation.

(j)      <u>Document Requests</u>.   The following general rules shall apply:   (i) Plaintiffs shall be limited to 75 requests for production of documents on generic topics, including subparts; and (ii) to the extent future circumstances warrant additional requests for the production of documents, the parties reserve their rights to seek leave of the Court or to stipulate to such additional requests for the production of documents, subject to the approval of this Court.

(k)      <u>Medical Record Discovery</u>.  The parties shall meet and confer on the joint-retention of a medical record retrieval service to facilitate production of Plaintiffs' medical records and simultaneous production of such records to the Plaintiff's counsel named on the Short Form Complaint, to Plaintiffs' Liaison Counsel, and to Defendants' Liaison Counsel.  The parties will submit to this Court a joint medical record retrieval plan (and any disagreements) within 45 days of the date of entry of this Order (June 15, 2012).

(l)      <u>Privilege Log Exchange</u>.  The Parties shall, within 90 days of opening of fact discovery (September 15, 2012), exchange privilege logs associated with the production of the PFS and DFS, and any other documents in possession of the Parties

which are responsive to discovery requests, and shall designate and identify the withheld information in accordance with Rule 26(b)(5)(A).

NFL Defendants' Proposal:

(g)     Treatment of Plaintiffs for Written Discovery.  Written discovery of Plaintiffs shall be treated on an individual Plaintiff basis with the limitations on the total number of interrogatories, requests for production of documents, and requests for admission, as set forth below, applying to the NFL Defendants as one group and the Riddell Defendants as a separate group (for example, the NFL Defendants as one group may propound 50 interrogatories to each individual plaintiff and the Riddell Defendants as one group may propound 50 interrogatories to each individual plaintiff).

(h)     Fact Witness Depositions.  Although it is difficult to predict at this early stage of the litigation how many fact witness depositions will be necessary, the following general rules shall apply:  (i) Defendants are permitted to take the deposition of each named Plaintiff; (ii) the total number of depositions, including third-party witnesses (excluding expert witnesses), shall be determined at a future date; (iii) each fact witness will be deposed only once and for a maximum of 7 hours on the record, as measured by the counter on the videotape; and (iv) to the extent circumstances warrant additional time beyond seven hours for fact witness depositions, the parties reserve their rights to obtain leave of the Court or to stipulate to such additional time.

(i)     Interrogatories.  The following general rules shall apply:  (i) Defendants and Plaintiffs shall each be limited to 50 interrogatories, and contention interrogatories shall be included in the 50 interrogatory limit; and (ii) to the extent future circumstances

warrant additional interrogatories, the parties reserve their rights to obtain leave of the Court or to stipulate to such additional interrogatories.

(j)      Document Requests.   The following general rules shall apply:  (i) Defendants and Plaintiffs shall each be limited to 50 requests for production of documents, including subparts; and (ii) to the extent future circumstances warrant additional requests for the production of documents, the parties reserve their rights to obtain leave of the Court or to stipulate to such additional requests for the production of documents.

(k)      Privilege Log Exchanges.  Privilege logs shall be exchanged 60 days prior to the close of fact discovery and shall include information designating and identifying the withheld information in accordance with Rule 26(b)(5)(A).

Riddell Defendants' Proposal:

The Riddell Defendants adopt the NFL Defendants' Proposal.

## VI.      DISCOVERY SUBJECTS

Plaintiffs' Proposal:

7.      Plaintiffs, at a minimum, and with full reservation of their rights to seek additional discovery, will need discovery on the following subjects from Defendants and third parties:

NFL:

(a)      The structure of the NFL and its relationships with its affiliates and subsidiaries, if any;

(b)      The structure of the NFL Players' Association;

(c)      ESI practices, policies and capabilities, including retention policies;

(d)      NFL Return to Play Statements and Protocols;

(e)      NFL Sideline Concussion Assessment Tools;

(f)     NFL-sponsored, -initiated or -funded medical and scientific reports on concussions and head injuries (causation, diagnosis, treatment, etc.);

(g)     NFL Medical Committee (including any committees relating to concussions or head trauma);

(h)     NFL Executive Committee deliberations relating to the NFL's actions or responses relating to concussions or head trauma)

(i)     NFL's misrepresentations concerning concussion research, safety and treatment and NFL"s participation with the NOCSAE;

(j)     All meetings between NFL officials/personnel and medical/scientific experts to obtain information about concussions;

(k)     NFL's withholding and failure to disclose its knowledge of the long-term effects of concussions and head trauma;

(l)     NFL's rules or policies regarding concussions or head trauma;

(m)     NFL's involvement in developing or endorsing safety equipment to prevent or minimize concussion/head injuries;

(n)     NFL's knowledge concerning the efficacy of safety equipment to prevent or minimize concussions or other head trauma;

(o)     NFL medical treatment and records policies and practices;

(p)     Communications with the NFL Players' Association concerning when, how, to what extent to conduct, and the basis for, concussion/head injury research, diagnosis and treatment;

(q)     Communications with the NFL Players' Association concerning discussions/decisions to decline to include concussion/head injury research, diagnosis and treatment within the NFLPA's research plans;

(r)     Discussions/decisions by the NFL to decline to acknowledge that concussion/head injuries can result in long-term cognitive impairments;

(s)     Communications with any retired player;

(t)     Information on brain injury provided to any player; and

(u)     Medical records pertaining to any retired player.

Riddell:
(a)     Business relationship between Riddell and the NFL from 1950 to the present.

(b)      Business relationship between Riddell and NFL Properties from 1963 to the present.

(c)      Evolution of the Riddell football helmet from 1939 to the present.

(d)      Corporate history of Riddell and their affiliated companies.

(e)      History of Riddell's knowledge of the long term risks of concussions and/or head injuries.

(f)      Warnings and/or lack of warnings on Riddell helmets concerning head injuries and their long term risks.

(g)      Studies conducted by Riddell on concussions and concussion risks.

(h)      Alternate football helmet designs.

(i)      Issues concerning manufacturing of new helmets and refurbishing of used helmets.

(j)      Any and all correspondence between Riddell, NFL and NFL Properties concerning concussions and/or head injuries.

(k)      Any and all documents or information by Riddell or its employees from trade associations, organizations or third parties (such as Colleges, Southern Impact Research Center or NOCSAE) on concussions and/or head injuries.

(l)      Record Retention Policy of Riddell.

(m)      Information and/or advertising materials concerning the sales and/or distribution of Riddell helmets to NFL or NFL teams.

(n)      Any and all information concerning the "HITS" system.

(o)      Any and all warranties, guarantees or representations made by Riddell concerning their football helmets.

(p)      Any copies of the "Annual Surveys of Football Injury Research" in the possession of Riddell.

<u>NFL Defendants' Proposal:</u>

8.      Defendants, at a minimum, and with full reservation of their rights to seek additional discovery, will need discovery on the following subjects from Plaintiffs and third parties:

(a)       Histories of Plaintiffs' football participation at all levels of play;

(b)       Football helmets and associated components (face guards, additional padding, chin straps, etc.) worn by Plaintiffs at all levels of play;

(c)       Reconditioning, modifications and/or repairs of football helmets worn by plaintiffs at all levels of play;

(d)       Medical histories of Plaintiffs, including, without limitation, any psychological, neuropsychological and neurological issues;

(e)       Medical histories of Plaintiffs' genetically-related family members concerning neuro-cognitive issues;

(f)       Head injury histories of Plaintiffs, including circumstances surrounding those head injuries;

(g)       Risk factors for Plaintiffs' alleged injuries;

(h)       Cause of Plaintiffs' alleged injuries;

(i)       Risks of playing football;

(j)       Symptoms of Plaintiffs' alleged injuries;

(k)       Plaintiffs' understanding of tackling methodologies;

(l)       Return to play decisions and guidelines;

(m)      Plaintiffs' knowledge of NFL public statements alleged in the Amended Complaint;

(n)       Medical and scientific studies relating to the issues alleged in Plaintiffs' complaint(s);

(o)       Plaintiffs' knowledge and exposure to warnings, instructions, advertisements and other information concerning football equipment at all levels of play;

(p)       Plaintiffs' knowledge regarding risks of head injuries and conditions allegedly caused by head injuries;

(q)       Amateur football rules relating to the issues alleged in Plaintiffs' complaint(s);

(r)       Plaintiffs' purported reliance on alleged conduct of the NFL;

(s)       Plaintiffs' workers compensation claims;

(t)       Plaintiffs' benefits claims;

(u)     Plaintiffs' residency from time of play in the NFL to present;

(v)     Plaintiffs' education history;

(w)     Plaintiffs' employment history since leaving the NFL;

(x)     Plaintiffs' alcohol and drug use history;

(y)     Plaintiffs' family history before, during and after playing in the NFL;

(z)     The nature of any class claim;

(aa)    The appropriateness of certifying a class of plaintiffs;

(bb)    The suitability of any proposed class representatives;

(cc)    Damages.

Riddell Defendants' Proposal:

The Riddell Defendants adopt the NFL Defendants' proposal.

## VII.     FACT DISCOVERY SCHEDULE

9.      The following discovery deadlines shall apply to fact discovery.  Each party, however, reserves the right to seek an extension of any discovery deadline from this Court.  Requests for an extension of the discovery deadline must be made prior to the expiration of the existing discovery deadline.

(a)     The parties reserve the right to seek or to schedule additional fact discovery as may become necessary.

Plaintiffs' Proposal:

(b)     Fact discovery shall commence when Plaintiffs serve the Master Administrative Complaints (June 15, 2012).

(c)     All necessary fact discovery shall be completed by the parties within 12 months of the date of service of Plaintiffs' Master Administrative Complaint(s) (June 15, 2013).  All fact discovery must be initiated so as to ensure that the answers and responses

20

to discovery requests are due before the close of discovery.  For example, interrogatories served by mail must be sent at least thirty-three (33) days prior to the close of discovery so that the opposing party's responses are due at or before the close of discovery.  The Court will not enforce side agreements to conduct discovery beyond the end of the discovery period, nor will the Court compel responses to discovery requests that were not initiated prior to a date sufficient to ensure that responses could be served before the close of fact discovery.

(d)     Interrogatories, requests for admission and requests for the production of documents, other than those described herein, may be served throughout the fact discovery period, with leave of Court.

(e)     Fact witness depositions shall be completed during the 12 month fact-discovery period (June 15, 2012 – June 15, 2013).  The Court will not permit the taking of depositions for the preservation of testimony after the close of discovery absent good cause to do so.  A party must request the Court's leave to conduct a preservation deposition.

(f)     The parties reserve the right to seek leave to conduct additional fact discovery as may become necessary.

(g)     The parties shall, as soon as possible after the date of entry of this order, meet and confer to propose a protocol for discovery of extremis cases and submit such proposal (with any disagreements) to the Court within 45 days of the date of entry of this Order.

NFL Defendants' Proposal: [6]

(b)     Fact discovery shall not commence until after the parties exchange Rule 26(a) initial disclosures, which is to occur no later than 30 days after the resolution of the last motion to dismiss.

(c)     All necessary fact discovery shall be completed by the parties within 24 months after the parties exchange Rule 26(a) initial disclosures, which is to occur no later than 30 days after the resolution of the last motion to dismiss.  All discovery must be initiated so as to ensure that the answers and responses to the discovery are due before the close of discovery.  For example, interrogatories served by mail must be sent at least thirty-three (33) days prior to the close of discovery so that the opposing party's responses are due at or before the close of discovery.  The Court will not enforce side agreements to conduct discovery beyond the end of the discovery period, nor will the Court compel responses to discovery that were not initiated in time for responses to be made before discovery ends.

(d)     A first set of interrogatories shall be served separately by Defendants and Plaintiffs no later than 60 days after the parties exchange Rule 26(a) initial disclosures, which is to occur no later than 30 days after the resolution of the last motion to dismiss.

(e)     A first set of requests for production of documents, if any, shall be served separately by Defendants and Plaintiffs no later than 60 days after the parties exchange

---

[6]   Defendants note that the necessary schedules for fact and expert discovery could vary greatly depending on the Court's resolution of the Defendants' motions to dismiss. Accordingly, Defendants anticipate that the schedules for fact and expert discovery may need to be revised at a future date.

Rule 26(a) initial disclosures, which is to occur no later than 30 days after the resolution of the last motion to dismiss.

(f)     Supplementary interrogatories, requests for admission and requests for the production of documents may be served throughout the fact discovery period.

(g)     Fact witness depositions shall be completed within 24 months after the parties exchange Rule 26(a) initial disclosures, which is to occur no later than 30 days after the resolution of the last motion to dismiss.  The Court will not permit the taking of depositions for the preservation of testimony after the close of discovery, absent a good faith reason to do so.  A party must request the Court's permission to conduct a preservative deposition.

Riddell Defendants' Proposal:

The Riddell Defendants adopt the NFL Defendants' proposal.

## VIII.     EXPERT DISCOVERY SCHEDULE

10.     The following discovery deadlines shall apply to expert discovery.  Each party, however, reserves the right to seek an extension of any discovery deadline from this Court.  Requests for an extension of the discovery deadline must be made prior to the expiration of the existing discovery deadline.

Plaintiffs' Proposal:

(a)     The Parties shall exchange their generic expert disclosures pursuant to Rules 26(a)(2)(B) and (C) no later than 30 days following the close of fact discovery (July 15, 2013).

(b)     The Parties shall exchange generic rebuttal expert disclosures (if any) no later than 60 days following the close of fact discovery (August 15, 2013).

(c)     Defendants shall complete depositions of Plaintiffs' designated generic experts no later than 90 days following the close of fact discovery (September 15, 2013).

(d)     Plaintiffs shall complete depositions of Defendants' designated generic experts no later than 120 days following the close of fact discovery (October 15, 2013).

(e)     Case-specific expert discovery will be carried out in the transferor courts.

NFL Defendants' Proposal:

(a)     Plaintiffs shall provide Defendants with their expert disclosures pursuant to Rules 26(a)(2)(B) and (C) no later than 30 days following the completion of the fact discovery period.

(b)     Defendants shall complete depositions of Plaintiffs' designated experts within 120 days of receipt of Plaintiffs' expert disclosures.

(c)     Defendants shall provide Plaintiffs with their expert disclosures pursuant to Rules 26(a)(2)(B) and (C) no later than 30 days after the deadline to complete depositions of Plaintiffs' designated experts.

(d)     Plaintiffs shall complete depositions of Defendants' designated experts within 120 days of receipt of Defendants' expert disclosures.

(e)     All parties shall provide rebuttal expert designations and disclosures pursuant to Rules 26(a)(2)(B) and (C) no later than 30 days after the deadline for Plaintiffs to complete depositions of Defendants' designated experts.

(f)     All parties shall complete depositions of rebuttal experts within 120 days of receipt of the opposing party's rebuttal expert designations and disclosures.

(g)     Supplemental expert disclosures, if any, must be made in accordance with Rule 26(a)(2)(E).

Riddell Defendants' Proposal:

The Riddell Defendants adopt the NFL Defendants' Proposal.

## IX.　　BRIEFING SCHEDULE FOR CLASS CERTIFICATION

Plaintiffs' Proposal:

11.　　Plaintiffs shall, within 30 days following the close of generic expert discovery, move to certify a class, if at all (November 15, 2013).　Defendants shall file any opposition to such motion within 60 days of service of Plaintiffs' motion (January 15, 2014).　Plaintiffs shall file their reply, if any, within 30 days after the filing of the Defendants' response (February 15, 2014).

NFL Defendants' Proposal:

11.　　Plaintiffs shall have 90 days following the completion of expert discovery to move to certify a class, if at all, against the NFL Defendants.　The NFL Defendants shall file any response within 90 days of Plaintiffs' motion.　Plaintiffs shall file their reply, if any, within 60 days after the filing of the NFL Defendants' response.

Riddell Defendants' Proposal:

The Riddell Defendants adopt the NFL Defendants' proposal.

## X.　　BRIEFING SCHEDULE FOR DISPOSITIVE MOTIONS

Plaintiffs' Proposal:

12.　　All parties shall file any generic dispositive motions no later than 30 days after the close of expert discovery (November 15, 2013).　Oppositions shall be filed no later than 60 days after the service of such motion (January 15, 2014).　Any replies shall be filed no later than 30 days after service of  the opposition brief (February 15, 2014).

NFL Defendants' Proposal:

12.     All parties shall file any dispositive motions no later than 90 days following a decision by the Court on class certification, or, in the event that Plaintiffs do not seek class certification, within 90 days of the close of expert discovery.  Oppositions shall be filed no later than 90 days after the filing of the motion.  Any reply shall be filed no later than 60 days after the filing of the opposition.

Riddell Defendants' Proposal:

        The Riddell Defendants adopt the NFL Defendants' Proposal

## XI.       BRIEFING SCHEDULE FOR *DAUBERT* MOTIONS

Plaintiffs' Proposal:

13.     *Daubert*  motions, if any, shall be filed no later than 30 days after the close of generic expert discovery (November 15, 2013).  Oppositions shall be filed no later than 60 days after service of such motion (January 15, 2014).  Any replies shall be filed no later than 30 days after the service of the opposition (February 14, 2014).

NFL Defendants' Proposal:

13.     *Daubert*  motions, if any, shall be filed no later than 60 days after dispositive motions have been fully briefed.  Oppositions shall be filed no later than 60 days after the filing of the motion.  Any reply shall be filed no later than 30 days after the filing of the opposition.

Riddell Defendants' Proposal:

        The Riddell Defendants adopt the NFL Defendants' proposal.

## XII.       BRIEFING SCHEDULE FOR PRETRIAL MOTIONS

Plaintiffs' Proposal:

14.       Plaintiffs believe all other pretrial motions should be briefed in the Transferor courts.

NFL Defendants' Proposal:

14.       All parties shall file any other pretrial motions properly brought in this MDL and not in a transferor court not later than 60 days after *Daubert* motions have been resolved. Oppositions shall be filed no later than 60 days after the filing of the motion.  Any reply shall be filed no later than 30 days after the filing of the opposition.

Riddell Defendants' Proposal:

       The Riddell Defendants adopt the NFL Defendants' Proposal.

## XIII.    TARGET DATE FOR CONCLUSION OF MDL

Plaintiffs' Proposal:

15.       The target date for the conclusion of the MDL is March 15, 2014.

NFL Defendants' Proposal:

15.       The target date for the conclusion of the MDL is December 31, 2018.

Riddell Defendants' Proposal:

       The Riddell Defendants adopt the position of the NFL Defendants.

## XIV.     SCHEDULE FOR PERIODIC TELEPHONE CONFERENCES

16.       Beginning in May 2012, the parties shall participate in monthly telephone status conferences with the Court.  Subject to the Court's schedule, the status conferences shall be held, for example, at 11:00 a.m. EST on the first Thursday of each month.  The parties

shall meet and confer regarding the agenda for each conference and file an agreed agenda

for each conference three court days before the conference.


Dated: _____          SO ORDERED:


_____

United States District Judge
Anita B. Brody

# EXHIBIT "A"

## PLAINTIFFS' (PROPOSED) SCHEDULE

| DAYS AFTER ENTRY ORDER | DUE DATE | ESTIMATED CALENDAR DATE[1] |
|---|---|---|
| | CMO 3 entered (estimated date)[2] | 5/1/12 |
| +45 | Plaintiffs file Master Administrative Complaints | 6/15/12 |
| +45 | Parties file agreed upon Short Form Complaint (with any disagreements) | 6/15/12 |
| +45 | Parties file agreed upon Confidentiality Order, ESI Protocol and Order (with any disagreements) | 6/15/12 |
| +45 | Parties file agreed upon PFS and DFS (with any disagreements) | 6/15/12 |
| +45 | Fact discovery begins | 6/15/12 |
| +45 | Plaintiffs produce signed HIPAA to Defendants | 6/15/12 |
| +45 | Defendants produce any Retired Player Files in their possession | 6/15/12 |
| +45 | Defendants produce list of document custodians and organizational charts | 6/15/12 |
| +90 | Plaintiffs (In the MDL at time of this Order) File Short Form Complaints | 8/1/12 |
| +105 | Defendants answer or otherwise respond (MTD) to Master Administrative Complaints | 8/15/12 |
| +105 | Plaintiffs file motions to remand | 8/15/12 |
| +120 | Defendants response to any claims/allegations not set forth in Master Administrative Complaint | 9/1/12 |
| +135 | Completed PFS and DFS served | 9/15/12 |
| +135 | Exchange privilege logs | 9/15/12 |
| +165 | Plaintiffs respond to Defendants' MTD | 10/15/12 |
| +165 | Defendants respond to Motion(s) to Remand | 10/15/12 |
| +195 | Defendants reply to MTD | 11/15/12 |
| +195 | Plaintiffs reply to Motion(s) to Remand | 11/15/12 |
| +410 | Fact Discovery ends | 6/15/13 |
| +440 | Parties file generic expert reports | 7/15/13 |
| +470 | Parties file generic rebuttal reports | 8/15/13 |
| +500 | Defendants complete depositions of Plaintiffs' generic experts | 9/15/13 |

---

[1]   All dates in this Order are based on the number of days following the entry of this Order.  For purposes of further explanation, an *estimate* of the actual calendar date is made in parenthesis, *assuming* this Order is entered May 1, 2012, and subsequent agreed upon orders are entered as indicated herein.  If a date falls on a weekend or court holiday, the due date rolls over to the next weekday.

[2]   As soon as possible after the entry of the Case Management Order, the parties shall meet and confer to propose a protocol for discovery in extremis cases and submit such proposal to Court.

| +530 | Plaintiffs complete depositions of Defendants' generic experts | 10/15/13 |
|---|---|---|
| +560 | Plaintiffs file Class Certification motion | 11/15/13 |
| +560 | Parties file Dispositive motions and Daubert motions | 11/15/13 |
| +620 | Defendants respond to Class motion | 1/15/14 |
| +620 | Oppositions to Dispositive motions and Daubert motions | 1/15/14 |
| +650 | Reply to Class motion | 2/15/14 |
| +650 | Replies to Dispositive motions and Daubert motions | 2/15/14 |
| +680 | Remand of all cases to Transferor Courts | 3/15/14 |
|  |  |  |

# EXHIBIT
# "B"

PLAINTIFFS' LIST OF THE FUNDAMENTAL DIFFERENCES
IN THE PARTIES' PROPOSALS FOR A CASE MANAGEMENT ORDER[1]

Plaintiffs believe the following statements reflect the fundamental differences between Defendants' and Plaintiffs' proposals for a case management order:

a.  Plaintiffs believe fact discovery should begin immediately after Plaintiffs file Master Administrative Complaints, and not await resolution of the Defendants' Motion(s) to Dismiss, as Defendants suggest.  (See Combined Draft Sections IV, VI).

b.  Plaintiffs believe fact sheets should be used in lieu of case-specific written discovery by both sides.  Plaintiffs believe 26(a)(1)(A) disclosures are not helpful here. (See Combined Draft Sections IV, V, VI).

c.  Plaintiffs believe fact discovery should take 1 year, Defendants believe it should take 2 years.  (See Plaintiff (Proposed) Schedule and Combined Draft Section VII).

d.  Plaintiffs believe generic expert discovery can be completed in a 120 day period following the close of  fact discovery.  Defendants seek a 420 day period. (See Plaintiff (Proposed) Schedule and Combined Draft Section VIII).

e.  Plaintiffs believe class briefing, generic dispositive motions, and generic *Daubert* motions should be concurrent.  Defendants believe they should be sequential. (See Plaintiff (Proposed) Schedule and Combined Draft Sections VIII, IX, X, XI).

f.  Plaintiffs believe Motions in Limine practice and case-specific expert discovery should occur in transfer court after remand. Defendants believe they should occur in the transferee court.  (See Combined Draft Section XII).

g.  Plaintiffs believe the cases should be ready for remand to the transferor courts after 22 ½ months  (approximately 3/15/14). Defendants believe the cases should be ready for remand  to the transferors court after 4 years and 7 months (approximately  12/31/16). (See Plaintiff (Proposed) Schedule and Combined Draft Section XIII).

---

[1] Defendants do not agree with Plaintiffs' characterization of the "fundamental differences" in Proposed Case Management Order No. [3] or Plaintiffs' characterization of  Defendants' positions.