

HAUSFELD LLP

June 11, 2012

**VIA ECF AND HAND DELIVERY**
The Honorable Anita B. Brody
U.S. District Court for the
   Eastern District of Pennsylvania
James A. Byrne Federal Courthouse
601 Market Street
Philadelphia, PA 19106

> **Re:**  *In re Nat'l Football League Players' Concussion Injury Litig.*, **MDL No. 2323;** *LeMaster, et al. v. Nat'l Football League, et al.*, **No. 12-cv-2464.**

Dear Judge Brody,

Plaintiffs respectfully write in response to the letter filed on Friday, June 8, 2012 by the NFL Defendants (ECF No. 86).  That letter superficially seeks clarification of paragraph 13 of the Court's Case Management Order No. 1 (ECF No. 4) ("CMO 1"), and, based on a single sentence, inappropriately asks this Court to stay briefing on all subsequently filed remand motions, such as the motion pending in *LeMaster, et al. v. NFL, et al.*, No. 12-cv-2464 (E.D. Pa.) (ECF No. 3).

CMO 1 makes clear, however, that the stay of deadlines for filing "all responsive pleadings and responses" applies to those motions that were "pending" when CMO 1 was entered, such as motions filed in transferred cases and in this District (*e.g.*, *Easterling v. NFL*, No. 11-cv-5209 (E.D. Pa.)) prior to the consolidation of all actions before this Court. Notwithstanding that clarity, NFL Defendants now seek an interpretation of CMO 1 that would effectively stay briefing on motions filed subsequent to the Order, regardless of the facts and nature of the motions, the issues they raise, or the need for their timely resolution.

CMO 1 did not address future motions, much less motions for remand in subsequently direct-filed, transferred or removed cases, such as the remand motion at issue in *LeMaster*.  And for good reason: each case and each motion will raise unique issues, and an automatic, blanket stay would be inappropriate and unfair to the moving party.  If the NFL Defendants believe a particular motion merits a briefing stay, they bear the burden of moving for relief and demonstrating in an accompanying memorandum why relief is appropriate in that instance. Here, the NFL Defendants have not demonstrated in their letter request why, in the interest of judicial efficiency and fairness, a stay on all subsequently filed remand or other motions is warranted.  Moreover, an automatic, blanket stay would prejudice the rights of individual plaintiffs whose cases are not and could never be subject to this Court's jurisdiction.

As an alternative to clarification of CMO 1, NFL Defendants propose that the briefing schedules for all motions for remand be coordinated with each other and with the briefing schedule for Defendants' expedited motion to dismiss based on Section 301 of the Labor Management Relations Act ("LMRA"). Plaintiffs respectfully request that the Court reject that proposal. If granted, it would profoundly and adversely affect plaintiffs' rights, and should thus be requested via motion and subject to briefing.

Moreover, it is not true that all state-court cases are the same or will necessarily implicate Section 301 of the LMRA. There are many time periods during which no collective bargaining agreement ("CBA") was in effect, and cases in which remand is sought may include, for example, claims by a player who played before and outside of the first CBA (1968) or during time periods when no CBA existed. As a result, efficient resolution of motions for remand involving such players would not be served by coordinated briefing with Defendants' expedited motion. Rather, they will require consideration of specific factual issues, such as the time periods within which plaintiffs played, when they sustained brain trauma, and whether any CBA covers those time periods. In those cases, whether remand is appropriate is a fact-based inquiry, the resolution of which will be independent of this Court's determination regarding the applicability of Section 301 of the LMRA generally. Accordingly, a stay of briefing on remand motions in such cases would not advance the interests of judicial efficiency and would hold hostage claims over which no subject-matter jurisdiction exists.

In summary, the NFL Defendants should not be allowed a broad procedural stay of remand motions without any briefing or motion for relief at all. This is procedurally and substantively unfair and unwarranted. If granted, it would allow the NFL Defendants to obtain a stay of all state court cases regardless of the facts of those cases and avoid their burden of proving that subject-matter jurisdiction exists. Most significantly, it would deprive the plaintiffs of their right to be heard on the fact-specific inquiry regarding jurisdiction.

Accordingly, Plaintiffs respectfully request that the Court reject the NFL Defendants' proposal, and consider motions for remand (and other motions) on a case-by-case and motion-by-motion basis after full briefing. Should a party believe a stay of briefing is warranted, it should seek such relief upon proper motion to this Court with an accompanying memorandum justifying relief in that case.

Respectfully submitted,

Jeannine M. Kenney
*Plaintiffs' Liaison Counsel*
On behalf of the *Plaintiffs' Executive Committee*

cc:    All Counsel of Record (via ECF)