UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : No. 12-md-2323-AB :  : MDL No. 2323 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : : : |

### RIDDELL DEFENDANTS' BRIEF REGARDING PLAINTIFFS' MASTER ADMINISTRATIVE LONG-FORM COMPLAINT

Pursuant to Section III of Case Management Order No. 2 ("CMO-2") (ECF No. 64), Defendants Riddell, Inc.; All American Sports Corporation; Riddell Sports Group, Inc.; Easton-Bell Sports, Inc.; Easton-Bell Sports, LLC; EB Sports Corp.; and RBG Holdings Corp. (collectively, the "Riddell Defendants") respectfully submit this brief addressing, at this time, one issue with Plaintiffs' Master Administrative Long-Form Complaint ("MAC").

Specifically, without waiving their other arguments as to Plaintiffs' MAC and individual actions presented by the Short Form Complaints ("SFC"), the Riddell Defendants wish to confirm that they are not waiving, and oppose any attempt to avoid compliance with, 28 U.S.C. § 1407 and its mandatory requirement for transfer back to the respective transferor courts[1] of any and all cases involving the Riddell Defendants that have not been previously terminated, on or before the conclusion of these consolidated and/or coordinated pretrial proceedings.

---

[1] Or to the appropriate district in light of any relief granted in connection with the Riddell Defendants' forthcoming motion to sever.

Argument

Per CMO-2, Plaintiffs filed their MAC on June 7, 2012. (ECF No. 83.) Consistent with CMO-2, the parties did not confer on the MAC before Plaintiffs filed it. The parties did, however, confer on the SFC prior to its filing, as directed by CMO-2. (*See* ECF Nos. 92 & 92-1.) In the process of those SFC conferences, the parties agreed, as confirmed in writing, that Plaintiffs may proceed with filing SFCs for individual Plaintiffs, but such filings would be without waiver of the Riddell Defendants' issues raised during the meet-and-confer process, or their ability to pursue those issues through motions practice later. (ECF No. 92.) Thus, the Riddell Defendants will address their issues with the MAC and SFC in the context of upcoming motions practice, including preliminarily motions to sever and to dismiss based on preemption.

At this time, however, the Riddell Defendants wish to clarify their position on one issue involving the MAC. Specifically, the MAC contains a "Jurisdiction and Venue" section that purports to assert original jurisdiction and venue in this Court on several purported grounds. (MAC ¶¶ 25-27.)[2] While the Riddell Defendants do not believe, in light of statutory mandate and controlling precedent, that there should be any question as to whether these cases should be transferred back to the transferor courts at the conclusion of the pretrial proceedings, to the extent there is any question, the Riddell Defendants hereby clarify their position.

---

[2] The parties' proposed CMO-4, submitted on June 19, 2012, states: "The Master Individual Personal Injury Complaint, together with the individual plaintiff's Short Form Complaint, shall remain the controlling pleading if that individual plaintiff's action is not terminated during the course of MDL pretrial proceedings, and, if applicable, is transferred or remanded back to the court from which it was transferred." Before agreeing to this language, the Riddell Defendants confirmed with all parties during a teleconference on June 19, 2012 that the "if applicable" in the preceding quoted sentence was meant only to refer to actions that have already been directly filed in the Eastern District of Pennsylvania, such as *Lelie v. NFL*, No. Case 2:12-cv-00600-AB, and thus would arguably not be "transferred or remanded back" to a different court. The "if applicable" language is not intended to waive the remand/transfer requirements under 28 U.S.C. § 1407 discussed herein, and the Riddell Defendants, by agreeing to the language in proposed CMO-4, intended no such waiver.

The statute governing multidistrict litigation ("MDL") specifically provides that transfer to an MDL court is only for purposes of "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). That statute further provides that "[e]ach action so transferred <u>shall be remanded</u> by the panel at or before the conclusion of such pretrial proceedings <u>to the district from which it was transferred</u> unless it shall have been previously terminated: . . . ." *Id.* (emphases added; proviso without application here omitted); *see also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998) (explaining that § 1407(a) authorizes transfer into an MDL "'for coordinated or consolidated proceedings,' but imposes a duty on the Panel to remand any such action to the original district court 'at or before the conclusion of such pretrial proceedings'"); *id* at 34 ("[Section] 1407 not only authorizes the Panel to transfer for coordinated or consolidated pretrial proceedings, but obligates the Panel to remand any pending case to its originating court when, at the latest, those pretrial proceedings have run their course."); *In re Patenaude*, 210 F.3d 135, 142 (3d Cir. 2000) (discussing *Lexecon* and § 1407's requirement that a case transferred into an MDL be remanded "'to its originating court when, at the latest, those pretrial proceedings have run their course,' which obligation is 'impervious to judicial discretion'").

Thus, consistent with § 1407 and controlling precedent, the Riddell Defendants' position is that, on or before the conclusion of these pretrial proceedings, each of the actions against them must be remanded back to the district from which it was transferred,[3] unless it shall have been previously terminated. The Riddell Defendants do not waive this requirement, and the Riddell Defendants, if necessary, intend to seek remand/transfer at the appropriate time.

---

[3] *See supra* n.1.

3

        Respectfully Submitted,


        /s/ Paul G. Cereghini_____
        Paul G. Cereghini
        Thomas C. Howard
        BOWMAN AND BROOKE LLP
        2901 N. Central Avenue
        Suite 1600
        Phoenix, AZ  85012
        Telephone:  (602) 643-2300
        Fax:  (602)248-0947
        paul.cereghini@bowmanandbrooke.com
        thomas.howard@bowmanandbrooke.com

        Robert L. Wise
        Eden M. Darrell
        BOWMAN AND BROOKE LLP
        1111 E. Main Street, Suite 2100
        Richmond, VA 23219
        Telephone:  (804) 649-8200
        Fax:  (804) 649-1762
        rob.wise@bowmanandbrooke.com
        eden.darrell@bowmanandbrooke.com

        Attorneys for Defendants RIDDELL, INC.;
        ALL AMERICAN SPORTS CORPORATION;
        RIDDELL SPORTS GROUP, INC.;
        EASTON-BELL SPORTS, INC.; EASTON-
        BELL SPORTS, LLC, EB SPORTS CORP.;
        and RBG HOLDINGS CORP.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was electronically filed and served via ECF on all counsel of record registered to receive service via the Court's ECF system.

    /s/ Paul G. Cereghini_____