UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### [PROPOSED] CASE MANAGEMENT ORDER NO. 4

**AND NOW,** on this __ day of June 2012, to promote judicial economy and avoid duplication, and upon consideration of the agreement by representatives of the parties, who have met and conferred;

The Court hereby ORDERS as follows:

1. Plaintiffs' Co-Lead Counsel, Executive Committee and Steering Committee have filed in this district:

   (a) A Master Administrative Long-Form Complaint ("Master Individual Personal Injury Complaint"). All allegations, claims, theories of recovery and/or prayers for relief contained in complaints by individual plaintiffs in cases that have been coordinated and/or consolidated in this Multi-District Litigation ("MDL"), as well as complaints that are filed by individual plaintiffs in cases that are coordinated and/or consolidated in this MDL after the date of this Order, are deemed to be amended, restated and superseded by the allegations, claims, theories of recovery and/or prayers

           for relief contained in the Master Individual Personal Injury Complaint together with the individual plaintiff's Short Form Complaint to be filed pursuant to Case Management Order ("CMO") No. 2 (Docket No. 64). The Master Individual Personal Injury Complaint, together with the individual plaintiff's Short Form Complaint, shall remain the controlling pleading if that individual plaintiff's action is not terminated during the course of MDL pretrial proceedings, and, if applicable, is transferred or remanded back to the court from which it was transferred.

(b)      A Master Administrative Class Action Complaint for Medical Monitoring ("Master Class Action Complaint") that supersedes and replaces all putative class action claims previously filed that plead a national medical monitoring class and have been coordinated and/or consolidated in this MDL, as well as all putative class action claims that plead a national medical monitoring class that are coordinated and/or consolidated in this MDL after the date of this Order. All allegations, claims, proposed classes, proposed subclasses except those based on the state of class members' domiciles, theories of recovery and/or prayers for relief contained within these putative class action complaints that plead a national medical monitoring class are deemed to be amended, restated and superseded by the allegations, claims, proposed classes, theories of recovery and/or prayers for relief in the Master Class Action Complaint. In addition, to the extent that the Court determines class certification on the Master Class Action Complaint's alternative proposed classes based

on state of residence in Florida and California, the Master Class Action Complaint shall supersede and replace all putative class action claims that plead medical monitoring classes based on state of residence in Florida and California that have been or will be coordinated and/or consolidated in this MDL.

2. The Master Class Action Complaint shall not supersede and replace any putative class action complaints filed by plaintiffs in state court that propose non-national classes based on the state of class members' domiciles, which are not covered by Paragraph 1(b), and which have been removed to federal court and have been or will be coordinated and/or consolidated in this MDL, regardless of remedy sought. All such putative non-national class actions, and all motion practice on such actions, including without limitation motion practice regarding motions to remand, shall be held in abeyance until after the Court dismisses the national medical monitoring class contained in the Master Class Action Complaint or rules on class certification of that national medical monitoring class, whichever is earlier.

3. The briefing schedule for a motion to dismiss set forth in Case Management Order No. 2 is applicable to only a motion to dismiss on preemption grounds. Therefore, on August 9, 2012, the NFL Defendants may file a motion to dismiss on preemption grounds and the Riddell Defendants may file both a motion to sever and a motion to dismiss on preemption grounds. By moving to dismiss on only preemption grounds on August 9, 2012, the NFL Defendants and Riddell Defendants do not waive their rights, nor will Plaintiffs make a claim that Defendants have waived their rights, under the Federal Rules of Civil Procedure and applicable local rules to file motions to dismiss on

the basis of any grounds, with the exception of motions based on Rules 12(b)(2), (b)(4) and (b)(5), provided, however, that Defendants do not waive their rights to move based on Rules 12(b)(2), (b)(4) or (b)(5) as to actions that may be severed and re-filed in another jurisdiction. Any such permissible motions to dismiss, including but not limited to motions to dismiss for failure to state a claim or for the running of statutes of limitation, may be filed pursuant to a schedule set forth by the Court at a later date.

It is so **ORDERED**.

_6/21/12_
Date

Anita B. Brody
United States District Judge

**Copies VIA ECF** on _____ to:        **Copies MAILED** on _____ to: