UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL | : | No. 2:12-md-02323-AB |
| LEAGUE PLAYERS' CONCUSSION | : | |
| INJURY LITIGATION | : | MDL No. 2323 |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| All Actions | : | |
| | : | |

### PLAINTIFFS' RESPONSE TO THE RIDDELL DEFENDANTS' BRIEF
### REGARDING THE MASTER ADMINISTRATIVE LONG-FORM COMPLAINT

On June 25, 2012, this Court ordered Plaintiffs to submit a response to the brief filed by the Riddell Defendants concerning the Master Administrative Long-Form Complaint. *See* Order, June 25, 2012, ECF No. 99; Riddell Defs.' Br. Regarding Pls.' Master Administrative Long-Form Compl. ("Riddell Br."), ECF No. 95. Plaintiffs' response is set forth below.

The Riddell Brief does not seek any type of immediate relief. Instead, the Riddell Defendants' commentary can be (respectfully) characterized as an entry on the record regarding their view of the law or an effort to obtain an advisory opinion of this Court. Plaintiffs believe Riddell Defendants' briefing on the law regarding transfer of actions under 28 U.S.C. § 1407 is premature, and thus provide this substantive reply.[1]

---

[1] The Plaintiffs also wish to clarify an assertion made by the Riddell Defendants in their brief related to the statement in stipulated CMO No. 4 ¶ 1(a) that "[t]he Master Individual Personal Injury Complaint, together with the individual plaintiff's Short Form Complaint, shall remain the controlling pleading if that individual plaintiff's action is not terminated during the course of MDL pretrial proceedings, and, if applicable, is transferred or remanded back to the court from which it was transferred." Riddell Br. at 2 n.2 (citing CMO No. 4). Riddell Defendants note that "[b]efore agreeing to this language, they confirmed with all parties . . . that the 'if applicable' in the preceding quoted sentence was meant only to refer to actions that have *already* been directly filed in the Eastern District of Pennsylvania . . . and thus would arguably not be "transferred or remanded back" to a different court." *Id.* (emphasis added). Riddell Defendants' recollection does not reflect Plaintiffs' understanding. Plaintiffs

The Plaintiffs believe that the only substantive issue that merits a response is identified by Riddell Defendants' statements that:

> [T]he MAC contains a "Jurisdiction and Venue" section that purports to assert original jurisdiction and venue in this Court on several purported grounds.  While the Riddell Defendants do not believe, in light of statutory mandate and controlling precedent, that there should be any question as to whether these cases should be transferred back to the transferor courts at the conclusion of the pretrial proceedings, to the extent there is any question, the Riddell Defendants hereby clarify their position.
> . . . .
> [T]he Riddell Defendants' position is that, on or before the conclusion of these pretrial proceedings, each of the actions against them must be remanded back to the district from which it was transferred, unless it has been terminated.

Riddell Br. at 2–3.

It is unquestionable that federal law dictates that, absent a stipulation submitting to the jurisdiction and venue of the transferee court by the party seeking remand and transfer pursuant to 28 U.S.C. § 1407, the trial court assigned to manage MDL litigation is obligated, *after the completion of pretrial proceedings*, to transfer each case back to the transferor court in which the instant lawsuit was originally filed against Riddell.  *See, e.g.*, *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 33–34  (1998); *In re: Carbon Dioxide Indus. Antitrust Litig.,* 229 F. 3d 1321, 1324–27 (11th Cir. 2000).

Those plaintiffs whose cases were removed *from state court*, purportedly on the basis of the "complete preemption" exception to the jurisdictional requirement that a federal question appear on the face of the well-pleaded complaint, wish to emphasize another point: a rule calling for remand to a federal transferor court upon completion of pretrial proceedings *cannot* trump the statutory (and constitutional) requirement that the cases must instead be remanded to state court if this Court finds that it lacks subject-matter jurisdiction.  As the Third Circuit has explained:

---

intended the "if applicable" phrase to apply to *any* matter directly filed in the Eastern District of Pennsylvania, not just those so filed as of the date of entry of CMO No. 4.

> Upon a determination that a federal court lacks subject-matter jurisdiction over a particular action, the plain language of 28 U.S.C. § 1447(c) mandates that the matter be remanded to the state court from which it was removed. Section 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The language of this section is mandatory-once the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court.

*Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997). This requirement has important implications for this Court's consideration of forthcoming briefing on preemption issues. If the Court finds that removed claims are not subject to complete preemption, it must remand those claims to state court without deciding questions as to substantive preemption with respect to the removed claims. *See, e.g.*, *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir. 1995) ("The difference between preemption and complete preemption is important. When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a) [of ERISA], the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption. It lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved."); *Lazorko v. Pa. Hosp.*, 237 F.3d 242, 248 (3d Cir. 2000) ("Complete preemption contrasts, however, with another form of preemption, substantive preemption, which displaces state law but does not, as a defense, confer federal question jurisdiction."). *See generally Whitman v. Raley's Inc.*, 886 F.2d 1177, 1180–81 (9th Cir. 1989) (discussing threshold jurisdictional inquiry into complete preemption, as distinguished from substantive inquiry into preemption defense). Accordingly, if the Court finds that claims against the NFL and Riddell Defendants do not confer subject matter jurisdiction (*i.e.*, there is no "complete preemption"), and finds no other basis for subject-matter jurisdiction, it must remand to state court, leaving consideration of any other preemption defense Defendants may raise to the state court.

Further, what remains to be determined for each of the plaintiffs who have sued both the Riddell Defendants and the NFL Defendants is the appropriate timing to decide any motion that Riddell Defendants may file seeking remand and transfer. The Third Circuit Court of Appeals, in *In re Patenaude*, addressed that issue when it denied a writ of mandamus to compel the transferee court to grant a remand request, stating in pertinent parts:

> [T]he statute imposes two limitations on the kinds of proceedings that the transferee court may conduct: they must be (1) coordinated or consolidated and (2) pretrial. Moreover, the statute "obligates the Panel to remand . . . when, at the latest, those pretrial proceedings have run their course" . . . .
> . . . .
> To be coordinated, it is not necessary that common issues are being contemporaneously addressed. . . . Furthermore, overlapping issues "ha[ve] been considered": the transferee court oversaw the initial attempts at global settlement and set forth procedures applicable to all regarding the mandatory exchange of information, the negotiation process, and the prioritizing of cases. Moreover, the transferee court continues to conduct discovery regarding the use of litigation screenings that overlaps many of the cases in MDL-875. Although there is no allegation that litigation screenings were conducted in any of the plaintiffs' individual cases, this issue is common to many cases from many different transferor districts. Thus, applying the reasoning of *Lexecon*, it appears that the individual settlement negotiations and conferences that are occurring in plaintiffs' cases are in fact "coordinated" proceedings.
> . . . .
>     In conclusion, because individual settlement negotiations and conferences are ongoing in the plaintiffs' individual cases, and because the transferee court is conducting discovery on overlapping issues that affect many asbestos cases, even if not the plaintiffs', coordinated pretrial proceedings have not concluded, and the plaintiffs have not demonstrated a clear and indisputable right to the relief they seek. Therefore the writ of mandamus will not issue.

210 F. 3d 135, 142, 144, 146 (internal citations omitted) (alteration in original). Clearly, Riddell's brief regarding transfer and remand is premature as this case is in its earliest stages, and thus requires no action by the Court until and unless the question of transfer is ripe in any individual case.

**CONCLUSION**

Considering the applicable law and the discretion of this Court in determining the timing of any ruling on a §1407 Motion to Remand, the Plaintiffs respectfully contend that there is no justiciable controversy before the Court based upon the brief filed by Riddell Defendants.

Dated: July 9, 2012

Respectfully Submitted:

*s/ Jeannine M. Kenney*
Jeannine M. Kenney (PA # 307635)
**HAUSFELD LLP**
1604 Locust St., Second Floor
Philadelphia, PA 19103
Phone: (215) 985-3270
Fax: (215) 985-3271
jkenney@hausfeldllp.com

*Plaintiffs' Liaison Counsel*
*on behalf of the undersigned Plaintiffs'*
*Executive Committee*

*Additional Counsel of Record*

Christopher Seeger
**SEEGER WEISS LLP**
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Sol Weiss
**ANAPOL SCHWARTZ**
1710 Spruce Street
Philadelphia, PA 19103
Phone: (215) 735-1130
Fax: (215) 735-2024
sweiss@anapolschwartz.com

*Plaintiffs' Co-Lead Counsel*

David Buchanan
**SEEGER WEISS LLP**
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
dbuchanan@seegerweiss.com

Larry E. Coben
**ANAPOL SCHWARTZ**
1710 Spruce Street
Philadelphia, PA 19103
Phone: (215) 735-1130
Fax: (215) 735-2024
lcoben@anapolschwartz.com

5

| | |
|---|---|
| Thomas V. Girardi<br>Graham B. LippSmith<br>**GIRARDI KEESE**<br>1126 Wilshire Blvd<br>Los Angeles, CA 90017<br>Phone: (213) 977-0211<br>Fax: (213) 481-1554<br>tgirardi@girardikeese.com<br>glippsmith@girardikeese.com | Michael D. Hausfeld<br>Richard S. Lewis<br>**HAUSFELD LLP**<br>1700 K Street, N.W., Suite 650<br>Washington, D.C. 20006<br>Phone: (202) 540-7200<br>Fax: (202) 540-7201<br>mhausfeld@hausfeldllp.com<br>rlewis@hausfeldllp.com |
| Gene Locks<br>David Langfitt<br>**LOCKS LAW FIRM**<br>The Curtis Center<br>Suite 720 East<br>601 Walnut Street<br>Philadelphia, PA 19106<br>Phone: (215) 893-3434<br>Fax: (215) 893-3444<br>glocks@lockslaw.com<br>dlangfitt@lockslaw.com | Ricardo M. Martinez-Cid<br>Steven C. Marks<br>**PODHURST ORSECK P.A.**<br>City National Bank Building<br>25 W. Flagler Street, Suite 800<br>Miami, FL 33130-1780<br>Phone: (305) 358-2800<br>Fax: (305) 358-2382<br>rmartinez-cid@podhurst.com<br>smarks@podhurst.com |

*Plaintiffs' Executive Committee*