IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | § § § § § | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| – – – – – – – – – – – – – – – – – | § § § § § | |
| THIS DOCUMENT RELATES TO:<br><br>Plaintiffs' Master Administrative Long-Form Complaint and<br><br>LEE ROY JORDAN, ET AL<br><br>V.<br><br>THE NATIONAL FOOTBALL LEAGUE NO. 4:12-cv-01296 | § § § § § § § § § § § § § § | SHORT FORM COMPLAINT<br><br>IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION |
| | § | JURY TRIAL DEMANDED |

## SHORT FORM COMPLAINT

1.      Plaintiff(s), <u>Marlene Tubbs, a/n/f of Gerald J. Tubbs, Deceased</u> and, if applicable, Plaintiff's Spouse) _____, bring(s) this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2.      Plaintiff (and, if applicable, Plaintiff's Spouse) is/are filing this Short Form Complaint as required by this Court's Case Management Order No. 2, filed April 26, 2012.

3.      Plaintiff (and, if applicable, Plaintiff's Spouse), incorporate(s) by reference the allegations (as designated below) of the Master Administrative Long-Form

Complaint, as may be amended, as if fully set forth at length in this Short Form Complaint.

4.      [Fill in if applicable] Plaintiff is filing this case in a representative capacity as the Executrix of the Estate of Gerald J. Tubbs having been duly appointed as the Representative by the _____ Court of _____. (Cross out Sentence below if not applicable.)   Copies of the Letters of Administration/Letters Testamentary for a wrongful death claim are annexed hereto if such Letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.

5.      Plaintiff, _____Gerald J. Tubbs_____ is a   resident and citizen of _Dallas, TX_____ and claims damages as set forth below.

6.      [Fill in if applicable] Plaintiff's spouse, _Marlene H. Tubbs___, is a resident and citizen of _Dallas, TX____ and claims damages as a result of loss of consortium proximately caused by the harm suffered by her Plaintiff husband/decedent.

7.      On information and belief, the Plaintiff (or decedent) sustained repetitive, traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices.   On information and belief, Plaintiff suffers (or decedent suffered) from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff (or decedent) sustained during NFL games and/or practices. On information and belief, the Plaintiff's (or decedent's) symptoms arise from injuries that are latent and have developed and continue to develop over time.

8.      [Fill in if applicable] The original complaint by Plaintiff(s) in this matter was filed in the USDC, Southern District of Texas, Houston Division.   If the case is

remanded, it should be remanded to the <u>USDC, Southern District of Texas, Houston Division.</u>

     9.     Plaintiff claims damages as a result of [check all that apply]:

         ✓ Injury to Herself/Himself;

         ✓ Injury to the Person Represented;

         ✓ Wrongful Death;

         ✓ Survivorship Action;

         ✓ Economic Loss;

         ✓ Loss of Services;

         ✓ Loss of Consortium.

     10.    [Fill in if applicable] As a result of the injuries to her husband, <u>Gerald J. Tubbs</u>, Plaintiff's Spouse, <u>Marlene H. Tubbs</u>, suffers from a loss of consortium, including the following injuries:

         ✓ loss of marital services;

         ✓ loss of companionship, affection or society;

         ✓ loss of support; and

         ✓ monetary losses in the form of unreimbursed costs she has had to expend for the heath care and personal care of her husband.

     11.    [Check if applicable] ✓ Plaintiff (and Plaintiff's Spouse, if applicable) reserve(s) the right to object to federal jurisdiction.

**DEFENDANTS**

12.     Plaintiff (and Plaintiff's Spouse, if applicable) bring(s) this case against the following Defendants in this action [check all that apply]:

✓ National Football League;

✓ NFL Properties, LLC;

✓ Riddell, Inc.;

✓ All American Sports, Inc. (d/b/a Riddell Sports Group, Inc.);

✓ Riddell Sports Group, Inc.;

✓ Easton-Bell Sports, Inc.;

✓ Easton-Bell Sports, LLC

✓ EB Sports Corporation;

✓ RBG Holdings Corporation.

13.     [Check where applicable] As to each of the Riddell Defendants referenced above, the claims asserted are: ✓ design defect; ✓ informational defect; __ manufacturing defect.

14.     [Check if applicable] ✓ The Plaintiff (or decedent) wore one or more helmets designed and/or manufactured by the Riddell Defendants during one or more years Plaintiff (or decedent) played in the NFL and/or AFL.

15.     Plaintiff played in [check if applicable] __ the National Football League ("NFL") and/or in [check if applicable] ✓ the American Football League ("AFL") during

 1957 to 1968 _____ for the following teams:  St. Louis Cardinals, San Francisco
49ers and Dallas Cowboys _____ .

## CAUSES OF ACTION

16.    Plaintiff herein adopts by reference the following Counts of the Master
Administrative Long-Form Complaint, along with the factual allegations incorporated by
Reference in those Counts [check all that apply]:

     ✓ Count I (Action for Declaratory Relief – Liability (Against the NFL);

     ✓ Count II (Medical Monitoring [Against the NFL]);

     ✓ Count III (Wrongful Death and Survival Actions [Against the NFL]);

     ✓ Count IV (Fraudulent Concealment [Against the NFL]);

     ✓ Count V (Fraud [Against the NFL]);

     ✓ Count VI (Negligent Misrepresentation [Against the NFL]);

     ✓ Count VII Negligence Pre-1968 Against the NFL]);

     ✓ Count VIII (Negligence Post-1968 [Against the NFL]);

     __ Count IX (Negligence 1987-1993 [Against the NFL]);

     ✓ Count X (Negligence Post-1994 [Against the NFL]);

     ✓ Count XI (Loss of Consortium [Against the NFL and Riddell
        Defendants]);

     ✓ Count XII (Negligent Hiring [Against the NFL]);

     ✓ Count XIII (Negligent Retention [Against the NFL]);

     ✓ Count XIV (Strict Liability for Design Defect [Against the
        Riddell Defendants]);

     __ Count XV (Strict Liability for Manufacturing Defect [Against the

Riddell Defendants]);

✓ Count XVI (Failure to Warn [Against the Riddell Defendants]);

✓ Count XVII (Negligence [Against the Riddell Defendants]);

✓ Count XVIII (Civil Conspiracy/Fraudulent Concealment [Against

the NFL Defendants]).

17.   Plaintiff asserts the following additional causes of action [write in or attach]: _____

_____

_____

_____

_____

## PRAYER FOR RELIEF

Wherefore, Plaintiff (and Plaintiff's Spouse, if applicable), pray(s) for judgment as follows:

A.   An award of compensatory damages, the amount of which will be determined at trial;

B.   For punitive and exemplary damages as applicable;

C.   For all applicable statutory damages of the state whose laws will govern this action;

D.   For medical monitoring, whether denominated as damages or in the form of equitable relief;

E.   For an award of attorneys' fees and costs;

F.   An award of prejudgment interest and costs of suit; and

G.     An award of such other and further relief as the Court deems just and proper.

## **JURY DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff(s) hereby demand(s) a trial by jury.

Respectfully submitted,

PROVOST*UMPHREY LAW FIRM, LLP
P. O. BOX 4905
490 PARK STREET
BEAUMONT, TX 77704-4905
TELEPHONE:  (409) 835-6000
FACSIMILE:  (409) 813-8652

By:    /s/Matthew Matheny
        Walter Umphrey
        State Bar No. 20380000
        Matthew Matheny
        State Bar No. 24032490
        Jacqueline Ryall
        State Bar No. 17469445

ATTORNEYS FOR PLAINTIFF(S)