IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO:<br><br>Plaintiffs' Master Administrative Long-Form Complaint and<br><br>DANNY WHITE, ET AL.<br><br>V.<br><br>THE NATIONAL FOOTBALL LEAGUE<br>NO. 4:12-cv-01727 | No. 12-md-2323 (AB)<br><br>MDL No. 2323<br><br><br><br>SHORT FORM COMPLAINT<br><br>IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br><br><br>JURY TRIAL DEMANDED |

## SHORT FORM COMPLAINT

1. Plaintiff(s), __Andrew Rice, Sr.__ and, if applicable, Plaintiff's Spouse) _____, bring(s) this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2. Plaintiff (and, if applicable, Plaintiff's Spouse) is/are filing this Short Form Complaint as required by this Court's Case Management Order No. 2, filed April 26, 2012.

3. Plaintiff (and, if applicable, Plaintiff's Spouse), incorporate(s) by reference the allegations (as designated below) of the Master Administrative Long-Form

1

Complaint, as may be amended, as if fully set forth at length in this Short Form Complaint.

4. [Fill in if applicable] Plaintiff is filing this case in a representative capacity as the _____ of _____, having been duly appointed as the _____ By the _____ Court of _____. (Cross out Sentence below if not applicable.) Copies of the Letters of Administration/Letters Testamentary for a wrongful death claim are annexed hereto if such Letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.

5. Plaintiff, __Andrew Rice, Sr.__ is a resident and citizen of __Spring, TX__ and claims damages as set forth below.

6. [Fill in if applicable] Plaintiff's spouse, _____, is a resident and citizen of _____ and claims damages as a result of loss of consortium proximately caused by the harm suffered by her Plaintiff husband/decedent.

7. On information and belief, the Plaintiff (or decedent) sustained repetitive, traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices. On information and belief, Plaintiff suffers (or decedent suffered) from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff (or decedent) sustained during NFL games and/or practices. On information and belief, the Plaintiff's (or decedent's) symptoms arise from injuries that are latent and have developed and continue to develop over time.

8. [Fill in if applicable] The original complaint by Plaintiff(s) in this matter was filed in the __USDC, Southern District of Texas, Houston Division__. If the case is

remanded, it should be remanded to the <u>USDC, Southern District of Texas, Houston Division.</u>

9. Plaintiff claims damages as a result of [check all that apply]:

✓ Injury to Herself/Himself;

___ Injury to the Person Represented;

___ Wrongful Death;

___ Survivorship Action;

✓ Economic Loss;

___ Loss of Services;

___ Loss of Consortium.

10. [Fill in if applicable] As a result of the injuries to her husband, _____ _____, Plaintiff's Spouse, _____, suffers from a loss of consortium, including the following injuries:

___ loss of marital services;

___ loss of companionship, affection or society;

___ loss of support; and

___ monetary losses in the form of unreimbursed costs she has had to expend for the heath care and personal care of her husband.

11. [Check if applicable] ✓ Plaintiff (and Plaintiff's Spouse, if applicable) reserve(s) the right to object to federal jurisdiction.

## **DEFENDANTS**

12. Plaintiff (and Plaintiff's Spouse, if applicable) bring(s) this case against the following Defendants in this action [check all that apply]:

☑ National Football League;

☑ NFL Properties, LLC;

☑ Riddell, Inc.;

☑ All American Sports, Inc. (d/b/a Riddell Sports Group, Inc.);

☑ Riddell Sports Group, Inc.;

☑ Easton-Bell Sports, Inc.;

☑ Easton-Bell Sports, LLC

☑ EB Sports Corporation;

☑ RBG Holdings Corporation.

13. [Check where applicable] As to each of the Riddell Defendants referenced above, the claims asserted are: ☑ design defect; ☑ informational defect; ___ manufacturing defect.

14. [Check if applicable] ☑ The Plaintiff (or decedent) wore one or more helmets designed and/or manufactured by the Riddell Defendants during one or more years Plaintiff (or decedent) played in the NFL and/or AFL.

15. Plaintiff played in [check if applicable] ☑ the National Football League ("NFL") and/or in [check if applicable] ☑ the American Football League ("AFL") during

<u>     1966, 1967, 1968 to 1969, 1970 to 1971, and 1972 to 1973 </u> the following teams: <u>Kansas City Chiefs, Houston Oilers, Cincinnati Bengals, San Diego Chargers, Chicago Bears                              </u>.

## CAUSES OF ACTION

16. Plaintiff herein adopts by reference the following Counts of the Master Administrative Long-Form Complaint, along with the factual allegations incorporated by Reference in those Counts [check all that apply]:

✓ Count I (Action for Declaratory Relief – Liability (Against the NFL);

✓ Count II (Medical Monitoring [Against the NFL]);

__ Count III (Wrongful Death and Survival Actions [Against the NFL]);

✓ Count IV (Fraudulent Concealment [Against the NFL]);

✓ Count V (Fraud [Against the NFL]);

✓ Count VI (Negligent Misrepresentation [Against the NFL]);

✓ Count VII Negligence Pre-1968 Against the NFL]);

✓ Count VIII (Negligence Post-1968 [Against the NFL]);

__ Count IX (Negligence 1987-1993 [Against the NFL]);

✓ Count X (Negligence Post-1994 [Against the NFL]);

__ Count XI (Loss of Consortium [Against the NFL and Riddell Defendants]);

✓ Count XII (Negligent Hiring [Against the NFL]);

✓ Count XIII (Negligent Retention [Against the NFL]);

✓ Count XIV (Strict Liability for Design Defect [Against the Riddell Defendants]);

   \_\_ Count XV (Strict Liability for Manufacturing Defect [Against the Riddell Defendants]);

   ✓ Count XVI (Failure to Warn [Against the Riddell Defendants]);

   ✓ Count XVII (Negligence [Against the Riddell Defendants]);

   ✓ Count XVIII (Civil Conspiracy/Fraudulent Concealment [Against the NFL Defendants]).

  17. Plaintiff asserts the following additional causes of action [write in or attach]: _____

_____

_____

_____

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff (and Plaintiff's Spouse, if applicable), pray(s) for judgment as follows:

  A. An award of compensatory damages, the amount of which will be determined at trial;

  B. For punitive and exemplary damages as applicable;

  C. For all applicable statutory damages of the state whose laws will govern this action;

  D. For medical monitoring, whether denominated as damages or in the form of equitable relief;

  E. For an award of attorneys' fees and costs;

F. An award of prejudgment interest and costs of suit; and

G. An award of such other and further relief as the Court deems just and proper.

## JURY DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff(s) hereby demand(s) a trial by jury.

Respectfully submitted,

PROVOST*UMPHREY LAW FIRM, LLP
P. O. BOX 4905
490 PARK STREET
BEAUMONT, TX 77704-4905
TELEPHONE: (409) 835-6000
FACSIMILE: (409) 813-8652

By: /s/Matthew Matheny
Walter Umphrey
State Bar No. 20380000
Matthew Matheny
State Bar No. 24032490
Jacqueline Ryall
State Bar No. 17469445

ATTORNEYS FOR PLAINTIFF(S)