UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | MDL No. 2323 |
| This relates to:<br><br>Plaintiffs' Master Administrative Long-Form Complaint and Mark Rypien, et al. v. NFL, USDC, EDPA, No. 12-cv-1496<br><br>**DARRYL INGRAM** | SHORT FORM COMPLAINT<br><br>IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br>JURY TRIAL DEMANDED |

## SHORT FORM COMPLAINT

1. Plaintiff, **DARRYL INGRAM**, brings this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2. Plaintiff is filing this short form complaint as required by this Court's Case Management Order No. 2, filed April 26, 2012.

3. Plaintiff, incorporates by reference the allegations (as designated below) of the Master Administrative Long-Form Complaint, as may be amended, as if fully set forth at length in this Short Form Complaint.

4. NOT APPLICABLE

5.  Plaintiff, **DARRYL INGRAM,** is a resident and citizen of Racine, Washington and claims damages as set forth below.

6.  NOT APPLICABLE

7.  On information and belief, the Plaintiff sustained repetitive, traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices. On information and belief, Plaintiff suffers from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff sustained during NFL games and/or practices. On information and belief, the Plaintiff's symptoms arise from injuries that are latent and have developed and continue to develop over time.

8.  The original complaint by Plaintiff(s) in this matter was filed in United States District Court, Eastern District of Pennsylvania.

9.  Plaintiff claims damages as a result of [check all that apply]:

   _X_  Injury to Herself/Himself

   _X_  Injury to the Person Represented

   ___  Wrongful Death

   ___  Survivorship Action

   _X_  Economic Loss

   ___  Loss of Services

   ___  Loss of Consortium

10.    NOT APPLICABLE

11.    _X_  Plaintiff, reserves the right to object to federal jurisdiction.

### DEFENDANTS

12.    Plaintiff brings this case against the following Defendants in this action [check all that apply]:

    _X_   National Football League

    _X_   NFL Properties, LLC

    ___   Riddell, Inc.

    ___   All American Sports, Inc. (d/b/a Riddell Sports Group, Inc.)

    ___   Riddell Sports Group, Inc.

    ___   Easton-Bell Sports, Inc.

    ___   Easton-Bell Sports, LLC

    ___   EB Sports Corporation

    ___   RBG Holdings Corporation

13.    NOT APPLICABLE

14.    NOT APPLICABLE

15. Plaintiff played in  X  the National Football League ("NFL") and/or in _____ the American Football League ("AFL") during 1989-94 for the following teams:

   Minnesota Vikings
   San Francisco 49ers
   Cleveland Browns
   Green Bay Packers

## CAUSES OF ACTION

16. Plaintiff herein adopts by reference the following Counts of the Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

   _X_   Count I (Action for Declaratory Relief – Liability (Against the NFL))

   _X_   Count II (Medical Monitoring (Against the NFL))

   ___   Count III (Wrongful Death and Survival Actions (Against the NFL))

   _X_   Count IV (Fraudulent Concealment (Against the NFL))

   _X_   Count V (Fraud (Against the NFL))

   _X_   Count VI (Negligent Misrepresentation (Against the NFL))

   _X_   Count VII (Negligence Pre-1968 (Against the NFL))

   _X_   Count VIII (Negligence Post-1968 (Against the NFL))

    _X_    Count IX (Negligence 1987-1993 (Against the NFL))

    _X_    Count X (Negligence Post-1994 (Against the NFL))

    _X_    Count XI (Loss of Consortium (Against the NFL))

    _X_    Count XII (Negligent Hiring (Against the NFL))

    _X_    Count XIII (Negligent Retention (Against the NFL))

    ___    Count XIV (Strict Liability for Design Defect (Against the Riddell Defendants))

    ___    Count XV (Strict Liability for Manufacturing Defect (Against the Riddell Defendants))

    ___    Count XVI (Failure to Warn (Against the Riddell Defendants))

    ___    Count XVII (Negligence (Against the Riddell Defendants))

    _X_    Count XVIII (Civil Conspiracy/Fraudulent Concealment (Against All Defendants))

17.    Plaintiff asserts the following additional causes of action [write in or attach]:

_____

_____

_____

_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for judgment as follows:

A. An award of compensatory damages, the amount of which will be determined at trial;

B. For punitive and exemplary damages as applicable;

C. For all applicable statutory damages of the state whose laws will govern this action;

D. For medical monitoring, whether denominated as damages or in the form of equitable relief;

E. For an award of attorneys' fees and costs;

F. An award of prejudgment interest and costs of suit; and

G. An award of such other and further relief as the Court deems just and proper.

## JURY DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff(s) hereby demand(s) a trial by jury.

RESPECTFULLY SUBMITTED:

/s/ *Gene Locks*
Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
215-893-0100 (tel.)
215-893-3444 (fax)
glocks@lockslaw.com
mleh@lockslaw.com

dlangfitt@lockslaw.com

and

Craig R. Mitnick, Esquire
Managing Partner
Mitnick Law Offices
Thirty-Five Kings Highway East,
Haddonfield, New Jersey 08033
856.427.9000 (tel.)
F. 856.427.0360 (fax)
craig@crmtrust.com

*Attorneys for Plaintiffs*