# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br><br>**THIS DOCUMENT RELATES TO:**<br><br>**Plaintiffs' Master Administrative Long-Form Complaint and (if applicable)**<br> Vernon Maxwell, et al.<br>**v. National Football League [et al.],**<br>**No.** 2:12-cv-01023 AB | **SHORT FORM COMPLAINT**<br><br>**IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION**<br><br><br>**JURY TRIAL DEMANDED** |

## SHORT FORM COMPLAINT

1.      Plaintiff(s),  Terry Wright                                       , (and, if applicable,

Plaintiff's Spouse) _____, bring(s) this civil action as a related action in

the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION

INJURY LITIGATION, MDL No. 2323.

2.      Plaintiff (and, if applicable, Plaintiff's Spouse) is/are filing this short form

complaint as required by this Court's Case Management Order No. 2, filed April 26, 2012.

3.      Plaintiff (and, if applicable Plaintiff's Spouse), incorporate(s) by reference  the

allegations (as designated  below) of the Master Administrative Long-Form Complaint, as may

be amended, as if fully set forth at length in this Short Form Complaint.

4.      [Fill in if applicable]  Plaintiff is filing this case in a representative capacity as the

_____ of _____, having been duly appointed as the

_____ by the _____ Court of _____. (Cross out

sentence below if not applicable.)  Copies of the Letters of Administration/Letters Testamentary

for a wrongful death claim are annexed hereto if such Letters are required for the commencement

of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the

decedent.

5.      Plaintiff, __Terry Wright__, is a resident and citizen of

_Arizona_____ and claims damages as set forth below.

6.      [Fill in if applicable] Plaintiff's spouse, _____, is a resident and

citizen of _____, and claims damages as a result of loss of consortium

proximately caused by the harm suffered by her Plaintiff husband/decedent.

7.      On information and belief, the Plaintiff (or decedent) sustained repetitive,

traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices.

On information and belief, Plaintiff suffers (or decedent suffered) from symptoms of brain injury

caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff

(or decedent) sustained during NFL games and/or practices.   On information and belief,

the Plaintiff's (or decedent's)  symptoms arise from injuries that  are latent and have developed

and continue to develop over time.

8.      [Fill in if applicable] The original complaint by Plaintiff(s) in this matter was filed

in __the Superior Court of the State of California, County of  Los Angeles on July 19, 2011_____. If the case is remanded, it should be remanded to

_the Superior Court of the State of California, County of Los Angeles_____.

- 2 -

9.     Plaintiff claims damages as a result of [check all that apply]:

☑     Injury to Herself/Himself

☐     Injury to the Person Represented

☐     Wrongful Death

☐     Survivorship Action

☑     Economic Loss

☐     Loss of Services

☐     Loss of Consortium

10.     [Fill in if applicable] As a result of the injuries to her husband,

_____, Plaintiff's Spouse, _____, suffers from a

loss of consortium, including the following injuries:

☐ loss of marital services;

☐ loss of companionship, affection or society;

☐ loss of support; and

☐ monetary losses in the form of unreimbursed costs she has had to expend for the

health care and personal care of her husband.

11.     [Check if applicable] ☑ Plaintiff (and Plaintiff's Spouse, if applicable)

reserve(s) the right to object to federal jurisdiction.

**DEFENDANTS**

12.     Plaintiff (and Plaintiff's Spouse, if applicable) bring(s) this case against the

following Defendants in this action [check all that apply]:

☑     National Football League

☑     NFL Properties, LLC

☑     Riddell, Inc.

☑     All American Sports, Inc. (d/b/a Riddell Sports Group, Inc.)

☑     Riddell Sports Group, Inc.

☑     Easton-Bell Sports, Inc.

☑     Easton-Bell Sports, LLC

☑     EB Sports Corporation

☑     RBG Holdings Corporation

13.     [Check where applicable]  As to each of the Riddell Defendants referenced above,

the claims asserted are: ☑ design defect; ☑ informational defect; ☐ manufacturing defect.

14.     [Check if applicable] ☑ The Plaintiff (or decedent) wore one or more helmets

designed and/or manufactured by the Riddell Defendants during one or more years Plaintiff (or

decedent) played in the NFL and/or AFL.

15.     Plaintiff played in [check if applicable] ☑ the National Football League

("NFL") and/or in [check if applicable] ☐ the American Football League ("AFL") during

1987-1988 _____ for the following teams: _____

Indianapolis Colts _____

_____

_____

_____.

## CAUSES OF ACTION

16.     Plaintiff herein adopts by reference the following Counts of the Master

Administrative Long-Form Complaint, along with the factual allegations incorporated by

reference in those Counts [check all that apply]:

☑     Count I (Action for Declaratory Relief – Liability (Against the NFL))

☑     Count II (Medical Monitoring (Against the NFL))

☐     Count III (Wrongful Death and Survival Actions (Against the NFL))

☑     Count IV (Fraudulent Concealment (Against the NFL))

☑     Count V (Fraud (Against the NFL))

☑     Count VI (Negligent Misrepresentation (Against the NFL))

☐     Count VII (Negligence Pre-1968 (Against the NFL  Defendants))

☐     Count VIII (Negligence Post-1968 (Against the NFL  Defendants))

☑     Count IX (Negligence 1987-1993 (Against the NFL Defendants))

☑     Count X (Negligence Post-1994 (Against the NFL Defendants))

☐    Count XI (Loss of Consortium (Against the NFL and Riddell Defendants))

☑    Count XII (Negligent Hiring (Against the NFL))

☑    Count XIII (Negligent Retention (Against the NFL))

☑    Count XIV (Strict Liability for Design Defect (Against the Riddell Defendants))

☐    Count XV (Strict Liability for Manufacturing Defect (Against the Riddell Defendants))

☑    Count XVI (Failure to Warn (Against the Riddell Defendants))

☑    Count XVII (Negligence (Against the Riddell Defendants))

☑    Count XVIII (Civil Conspiracy/Fraudulent Concealment (Against NFL Defendants))

17.    Plaintiff asserts the following additional causes of action [write in or attach]:

SEE ATTACHMENT "A" TO THIS COMPLAINT.

_____

_____

_____

_____

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff (and Plaintiff's Spouse, if applicable) pray(s) for judgment as follows:

A. An award of compensatory damages, the amount of which will be determined at trial;

B. For punitive and exemplary damages as applicable;

C. For all applicable statutory damages of the state whose laws will govern this action;

D. For medical monitoring, whether denominated as damages or in the form of equitable relief;

E. For an award of attorneys' fees and costs;

F. An award of prejudgment interest and costs of suit; and

G. An award of such other and further relief as the Court deems just and proper.

## **JURY DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff(s) hereby demand(s) a trial by jury.

RESPECTFULLY SUBMITTED:

s/Jason E. Luckasevic
_____

*Attorneys for Plaintiff(s)*
Jason E. Luckasevic, Esquire
Goldberg, Persky & White, P.C.
1030 Fifth Avenue
Pittsburgh, PA  15219
Telephone: (412) 471-3980
Facsimile: (412) 471-8308

and

GIRARDI │ KEESE
Thomas Girardi (California Bar No. 36603)
Graham LippSmith (California Bar No. 221984)
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone:  (213) 977-0211
Facsimile:  (213)481-1554

RUSSOMANNO & BORRELLO, P.A.
Herman J. Russomanno (Florida Bar No. 240346)
Robert J. Borrello (Florida Bar No. 764485)
150 West Flagler Street - PH 2800
Miami, FL 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

**ATTACHMENT "A"**
**TO**
**SHORT FORM COMPLAINT**

**COUNT XIX**
**NEGLIGENCE - Monopolist**
**(As Against the NFL)**

1.      The NFL, by and through its monopoly power, has historically had a duty to invoke rules that protect the health and safety of its players, including Plaintiffs, and the public.

2.      As a monopoly, the NFL has a duty to protect the health and safety of its players, as well as the public at large.

3.      The NFL's failure to exercise reasonable care in its duty increased the risk that the Plaintiffs would suffer long-term neurocognitive injuries.

4.      The Plaintiffs reasonably relied to their detriment on the NFL's actions and omissions on the subject.

5.      Under all of the above circumstances, it was foreseeable that the NFL's failure to exercise reasonable care in the execution of its duties would cause or substantially contribute to the personal injuries suffered by the Plaintiffs.

6.      The NFL's failure to exercise reasonable care in the execution of its duties proximately caused or contributed to Plaintiffs' injuries.

7.      As a result of the NFL's negligence, the NFL is liable to Plaintiffs, and the Plaintiffs are entitled to, and seek, all damages allowed by applicable law.

**COUNT XX**
**NEGLIGENCE**
**(As Against the NFL and NFL Properties)**

8.      The NFL and NFL Properties breached their duty to ensure that the helmets they licensed, required and/or approved were of the highest possible quality and sufficient to protect the NFL players, including Plaintiffs, and/or they increased the plaintiffs' risks of the long term health consequences of concussive brain injury.

9.      The NFL and NFL Properties breached their duty by licensing the Riddell Defendants' helmets, and approving and/or requiring the use of the helmets for the NFL players, knowing or having reason to know that the helmets were negligently and defectively designed and/or lacked an adequate warning.

10.     As a result of these breaches by the NFL and NFL Properties, Plaintiffs suffer personal injuries as a result the long-term health effects of concussive brain injuries.

11.     As a result of the NFL and NFL Properties' negligence, the NFL Defendants are liable to Plaintiffs, and the Plaintiffs are entitled to, and seek, all damages allowed by applicable law.