## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| – – – – – – – – – – – – – – – – – – – – – – – –<br><br>**THIS DOCUMENT RELATES TO:**<br><br>**Plaintiffs' Master Administrative Long-Form Complaint and (if applicable)** George W. Adams, et al.<br>**v. National Football League [et al.],**<br>**No.** 12-0683 | **SHORT FORM COMPLAINT**<br><br>**IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION**<br><br><br>**JURY TRIAL DEMANDED** |

## <u>SHORT FORM COMPLAINT</u>

1.     Plaintiff(s), John Wojciechowski                          , (and, if applicable, Plaintiff's Spouse) Sheryl Wojciechowski            , bring(s) this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2.     Plaintiff (and, if applicable, Plaintiff's Spouse) is/are filing this short form complaint as required by this Court's Case Management Order No. 2, filed April 26, 2012.

3.     Plaintiff (and, if applicable Plaintiff's Spouse), incorporate(s) by reference  the allegations (as designated  below) of the Master Administrative Long-Form Complaint, as may be amended, as if fully set forth at length in this Short Form Complaint.

4.      [Fill in if applicable]  Plaintiff is filing this case in a representative capacity as the

_____ of ~~John Wojciechowski~~_____, having been duly appointed as the

_____ by the _____ Court of _____. (Cross out

sentence below if not applicable.) ~~Copies of the Letters of Administration/Letters Testamentary~~

~~for a wrongful death claim are annexed hereto if such Letters are required for the commencement~~

~~of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the~~

~~decedent.~~

5.      Plaintiff, John Wojciechowski, is a resident and citizen of

Holly, Michigan _____ and claims damages as set forth below.

6.      [Fill in if applicable] Plaintiff's spouse, Sheryl Wojciechowski, is a resident and

citizen of Holly, Michigan _____, and claims damages as a result of loss of consortium

proximately caused by the harm suffered by her Plaintiff husband/decedent.

7.      On information and belief, the Plaintiff (or decedent) sustained repetitive,

traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices.

On information and belief, Plaintiff suffers (or decedent suffered) from symptoms of brain injury

caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff

(or decedent) sustained during NFL games and/or practices.  On information and belief,

the Plaintiff's (or decedent's)  symptoms arise from injuries that  are latent and have developed

and continue to develop over time.

8.      [Fill in if applicable] The original complaint by Plaintiff(s) in this matter was filed

in Eastern District of Pennsylvania _____. If the case is remanded, it should be remanded to

Eastern District of Pennsylvania _____.

9.      Plaintiff claims damages as a result of [check all that apply]:

☑  Injury to Herself/Himself

☐  Injury to the Person Represented

☐  Wrongful Death

☐  Survivorship Action

☑  Economic Loss

☐  Loss of Services

☑  Loss of Consortium

10.     [Fill in if applicable] As a result of the injuries to her husband, John Wojciechowski, Plaintiff's Spouse, Sheryl Wojciechowski, suffers from a loss of consortium, including the following injuries:

☑ loss of marital services;

☑ loss of companionship, affection or society;

☑ loss of support; and

☑ monetary losses in the form of unreimbursed costs she has had to expend for the health care and personal care of her husband.

11.     [Check if applicable] ☐ Plaintiff (and Plaintiff's Spouse, if applicable) reserve(s) the right to object to federal jurisdiction.

## **DEFENDANTS**

12.     Plaintiff (and Plaintiff's Spouse, if applicable) bring(s) this case against the following Defendants in this action [check all that apply]:

- ☑ National Football League

- ☑ NFL Properties, LLC

- ☐ Riddell, Inc.

- ☐ All American Sports, Inc. (d/b/a Riddell Sports Group, Inc.)

- ☐ Riddell Sports Group, Inc.

- ☐ Easton-Bell Sports, Inc.

- ☐ Easton-Bell Sports, LLC

- ☐ EB Sports Corporation

- ☐ RBG Holdings Corporation

13.     [Check where applicable]  As to each of the Riddell Defendants referenced above, the claims asserted are: ☐ design defect; ☐ informational defect; ☐ manufacturing defect.

14.     [Check if applicable] ☐ The Plaintiff (or decedent) wore one or more helmets designed and/or manufactured by the Riddell Defendants during one or more years Plaintiff (or decedent) played in the NFL and/or AFL.

15.     Plaintiff played in [check if applicable] ☑ the National Football League ("NFL") and/or in [check if applicable] ☐ the American Football League ("AFL") during

1987 to 1993_____ for the following teams:_____

Chicago Bears_____

_____

_____

_____.

## CAUSES OF ACTION

16.    Plaintiff herein adopts by reference the following Counts of the Master

Administrative Long-Form Complaint, along with the factual allegations incorporated by

reference in those Counts [check all that apply]:

☑    Count I (Action for Declaratory Relief – Liability (Against the NFL))

☑    Count II (Medical Monitoring (Against the NFL))

☐    Count III (Wrongful Death and Survival Actions (Against the NFL))

☑    Count IV (Fraudulent Concealment (Against the NFL))

☑    Count V (Fraud (Against the NFL))

☑    Count VI (Negligent Misrepresentation (Against the NFL))

☐    Count VII (Negligence Pre-1968 (Against the NFL))

☐    Count VIII (Negligence Post-1968 (Against the NFL))

☑    Count IX (Negligence 1987-1993 (Against the NFL))

☑    Count X (Negligence Post-1994 (Against the NFL))

☑   Count XI (Loss of Consortium (Against the NFL ~~and Riddell Defendants~~))

☑   Count XII (Negligent Hiring (Against the NFL))

☑   Count XIII (Negligent Retention (Against the NFL))

☐   Count XIV (Strict Liability for Design Defect (Against the Riddell Defendants))

☐   Count XV (Strict Liability for Manufacturing Defect (Against the Riddell Defendants))

☐   Count XVI (Failure to Warn (Against the Riddell Defendants))

☐   Count XVII (Negligence (Against the Riddell Defendants))

☑   Count XVIII (Civil Conspiracy/Fraudulent Concealment (Against ~~All~~ NFL Defendants))

17.   Plaintiff asserts the following additional causes of action [write in or attach]:

_____

_____

_____

_____

_____

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff (and Plaintiff's Spouse, if applicable) pray(s) for judgment as follows:

A.  An award of compensatory damages, the amount of which will be determined at trial;

B.  For punitive and exemplary damages as applicable;

C.  For all applicable statutory damages of the state whose laws will govern this action;

D.  For medical monitoring, whether denominated as damages or in the form of equitable relief;

E.  For an award of attorneys' fees and costs;

F.  An award of prejudgment interest and costs of suit; and

G.  An award of such other and further relief as the Court deems just and proper.

**JURY DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff(s) hereby demand(s) a trial by jury.

RESPECTFULLY SUBMITTED:

s/ Brian C. Gudmundson
[signature block]

*Attorneys for Plaintiff(s)*
Charles S. Zimmerman
J. Gordon Rudd, Jr.
Brian C. Gudmundson
ZIMMERMAN REED, P.L.L.P.
1100 IDS Center, 80 South 8th St.
Minneapolis, MN 55402 - (612) 341-0400