UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─<br><br>**THIS DOCUMENT RELATES TO:**<br><br>**Plaintiffs' Master Administrative Long-Form Complaint and (if applicable)**<br>John Alt, et al<br>─────────────────────<br>**v. National Football League [et al.],**<br>**No.** 12-cv-4180-AB<br>─────────────────────── | **SHORT FORM COMPLAINT**<br><br>**IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION**<br><br><br>**JURY TRIAL DEMANDED** |

## SHORT FORM COMPLAINT

1.      Plaintiff(s), Rex Tucker _____, (and, if applicable,

Plaintiff's Spouse) _____, bring(s) this civil action as a related action in

the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION

INJURY LITIGATION, MDL No. 2323.

2.      Plaintiff (and, if applicable, Plaintiff's Spouse) is/are filing this short form

complaint as required by this Court's Case Management Order No. 2, filed April 26, 2012.

3.      Plaintiff (and, if applicable Plaintiff's Spouse), incorporate(s) by reference  the

allegations (as designated  below) of the Master Administrative Long-Form Complaint, as may

be amended, as if fully set forth at length in this Short Form Complaint.

4.      [Fill in if applicable]  Plaintiff is filing this case in a representative capacity as the

_____ of _____, having been duly appointed as the

_____ by the _____ Court of _____. (Cross out

sentence below if not applicable.)  Copies of the Letters of Administration/Letters Testamentary

for a wrongful death claim are annexed hereto if such Letters are required for the commencement

of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the

decedent.

5.      Plaintiff, Rex Tucker_____, is a resident and citizen of

Woodlands, TX
_____ and claims damages as set forth below.

6.      [Fill in if applicable] Plaintiff's spouse, _____, is a resident and

citizen of _____, and claims damages as a result of loss of consortium

proximately caused by the harm suffered by her Plaintiff husband/decedent.

7.      On information and belief, the Plaintiff (or decedent) sustained repetitive,

traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices.

On information and belief, Plaintiff suffers (or decedent suffered) from symptoms of brain injury

caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff

(or decedent) sustained during NFL games and/or practices.   On information and belief,

the Plaintiff's (or decedent's)  symptoms arise from injuries that  are latent and have developed

and continue to develop over time.

8.      [Fill in if applicable] The original complaint by Plaintiff(s) in this matter was filed

in U.S.D.C.E.D. of Pennsylvania_____. If the case is remanded, it should be remanded to

_____.

9.    Plaintiff claims damages as a result of [check all that apply]:

     X     Injury to Herself/Himself

     __     Injury to the Person Represented

     __     Wrongful Death

     __     Survivorship Action

     X     Economic Loss

     __     Loss of Services

     __     Loss of Consortium

10.    [Fill in if applicable] As a result of the injuries to her husband,

_____, Plaintiff's Spouse, _____, suffers from a

loss of consortium, including the following injuries:

    __  loss of marital services;

    __  loss of companionship, affection or society;

    __  loss of support; and

    __  monetary losses in the form of unreimbursed costs she has had to expend for the

health care and personal care of her husband.

11.    [Check if applicable] ___ Plaintiff (and Plaintiff's Spouse, if applicable)

reserve(s) the right to object to federal jurisdiction.

**DEFENDANTS**

12.     Plaintiff (and Plaintiff's Spouse, if applicable) bring(s) this case against the

following Defendants in this action [check all that apply]:

     X     National Football League

     X     NFL Properties, LLC

     __     Riddell, Inc.

     __     All American Sports, Inc. (d/b/a Riddell Sports Group, Inc.)

     __     Riddell Sports Group, Inc.

     __     Easton-Bell Sports, Inc.

     __     Easton-Bell Sports, LLC

     __     EB Sports Corporation

     __     RBG Holdings Corporation

13.     [Check where applicable]  As to each of the Riddell Defendants referenced above,

the claims asserted are: ___ design defect; ___ informational defect; ___ manufacturing defect.

14.     [Check if applicable] ___ The Plaintiff (or decedent) wore one or more helmets

designed and/or manufactured by the Riddell Defendants during one or more years Plaintiff (or

decedent) played in the NFL and/or AFL.

15.     Plaintiff played in [check if applicable] _X_ the National Football League

("NFL") and/or in [check if applicable] ___ the American Football League ("AFL") during

1999-2006 _____ for the following teams: Bears, Rams and Lions _____

_____

_____

_____

_____.

## CAUSES OF ACTION

16.    Plaintiff herein adopts by reference the following Counts of the Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

       X      Count I (Action for Declaratory Relief – Liability (Against the NFL))

       X      Count II (Medical Monitoring (Against the NFL))

       __      Count III (Wrongful Death and Survival Actions (Against the NFL))

       X      Count IV (Fraudulent Concealment (Against the NFL))

       X      Count V (Fraud (Against the NFL))

       X      Count VI (Negligent Misrepresentation (Against the NFL))

       __      Count VII (Negligence Pre-1968 (Against the NFL))

       X      Count VIII (Negligence Post-1968 (Against the NFL))

       __      Count IX (Negligence 1987-1993 (Against the NFL))

       X      Count X (Negligence Post-1994 (Against the NFL))

___     Count XI (Loss of Consortium (Against the NFL ~~and Riddell Defendants~~))

X     Count XII (Negligent Hiring (Against the NFL))

X     Count XIII (Negligent Retention (Against the NFL))

___     Count XIV (Strict Liability for Design Defect (Against the Riddell Defendants))

___     Count XV (Strict Liability for Manufacturing Defect (Against the Riddell Defendants))

___     Count XVI (Failure to Warn (Against the Riddell Defendants))

___     Count XVII (Negligence (Against the Riddell Defendants))

X     Count XVIII (Civil Conspiracy/Fraudulent Concealment ~~(Against All Defendants)~~NFL Defendants)

17.     Plaintiff asserts the following additional causes of action [write in or attach]:

| |
| --- |
| |
| |
| |
| |
| |

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff (and Plaintiff's Spouse, if applicable) pray(s) for judgment as follows:

A.  An award of compensatory damages, the amount of which will be determined at trial;

B.  For punitive and exemplary damages as applicable;

C.  For all applicable statutory damages of the state whose laws will govern this action;

D.  For medical monitoring, whether denominated as damages or in the form of equitable relief;

E.  For an award of attorneys' fees and costs;

F.  An award of prejudgment interest and costs of suit; and

G.  An award of such other and further relief as the Court deems just and proper.

## JURY DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff(s) hereby demand(s) a trial by jury.

RESPECTFULLY SUBMITTED:
/s/ Larry Coben
/s/ Sol Weiss

ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, PA 191103
*Attorneys for Plaintiff(s)*