UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB) <br><br> MDL No. 2323 |
| THIS DOCUMENT RELATES TO: <br><br> Plaintiffs' Master Administrative Long-Form Complaint and (if applicable) Katherine Moppin <br> v. National Football League [et al.], No. 2:12-cv-04028-AB | SHORT FORM COMPLAINT <br><br> IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION <br><br><br> JURY TRIAL DEMANDED |

## SHORT FORM COMPLAINT

1.   Plaintiff(s), Katherine Moppin                           , (and, if applicable, Plaintiff's Spouse) _____, bring(s) this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2.   Plaintiff (and, if applicable, Plaintiff's Spouse) is/are filing this short form complaint as required by this Court's Case Management Order No. 2, filed April 26, 2012.

3.   Plaintiff (and, if applicable Plaintiff's Spouse), incorporate(s) by reference the allegations (as designated below) of the Master Administrative Long-Form Complaint, as may be amended, as if fully set forth at length in this Short Form Complaint.

4.  [Fill in if applicable]  Plaintiff is filing this case in a representative capacity as the __Special Administrator__ of __Estate ofJohn Henry Johnson__, having been duly appointed as the __Special Admin.__ by the __Cal. Superior__ Court of __San Joaquin County__. (Cross out sentence below if not applicable.)  Copies of the Letters of Administration/Letters Testamentary for a wrongful death claim are annexed hereto if such Letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.

5.  Plaintiff, __Katherine Moppin__, is a resident and citizen of __California__ and claims damages as set forth below.

6.  [Fill in if applicable] Plaintiff's spouse, _____, is a resident and citizen of _____, and claims damages as a result of loss of consortium proximately caused by the harm suffered by her Plaintiff husband/decedent.

7.  On information and belief, the Plaintiff (or decedent) sustained repetitive, traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices.  On information and belief, Plaintiff suffers (or decedent suffered) from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff (or decedent) sustained during NFL games and/or practices**.**  On information and belief, the Plaintiff's (or decedent's) symptoms arise from injuries that are latent and have developed and continue to develop over time.

8.  [Fill in if applicable] The original complaint by Plaintiff(s) in this matter was filed in __U.S. Dist. Ct. E.D. of Pennsylvania__.  If the case is remanded, it should be remanded to __U.S. Dist. Ct. E.D. of Pennsylvania__.

9. Plaintiff claims damages as a result of [check all that apply]:

☐ Injury to Herself/Himself

☑ Injury to the Person Represented

☑ Wrongful Death

☑ Survivorship Action

☑ Economic Loss

☑ Loss of Services

☑ Loss of Consortium

10. [Fill in if applicable] As a result of the injuries to her husband, _____, Plaintiff's Spouse, _____, suffers from a loss of consortium, including the following injuries:

☐ loss of marital services;

☐ loss of companionship, affection or society;

☐ loss of support; and

☐ monetary losses in the form of unreimbursed costs she has had to expend for the health care and personal care of her husband.

11. [Check if applicable] ☐ Plaintiff (and Plaintiff's Spouse, if applicable) reserve(s) the right to object to federal jurisdiction.

**DEFENDANTS**

12. Plaintiff (and Plaintiff's Spouse, if applicable) bring(s) this case against the following Defendants in this action [check all that apply]:

- [✓] National Football League
- [✓] NFL Properties, LLC
- [ ] Riddell, Inc.
- [ ] All American Sports, Inc. (d/b/a Riddell Sports Group, Inc.)
- [ ] Riddell Sports Group, Inc.
- [ ] Easton-Bell Sports, Inc.
- [ ] Easton-Bell Sports, LLC
- [ ] EB Sports Corporation
- [ ] RBG Holdings Corporation

13. [Check where applicable] As to each of the Riddell Defendants referenced above, the claims asserted are: [ ] design defect; [ ] informational defect; [ ] manufacturing defect.

14. [Check if applicable] [ ] The Plaintiff (or decedent) wore one or more helmets designed and/or manufactured by the Riddell Defendants during one or more years Plaintiff (or decedent) played in the NFL and/or AFL.

15. Plaintiff played in [check if applicable] [✓] the National Football League ("NFL") and/or in [check if applicable] [✓] the American Football League ("AFL") during

__1954-1966_____ for the following teams: __San Francisco 49ers,___

_Detroit Lions, Pittsburgh Steelers, and Houston Oilers_____

_____

_____

_____.

## CAUSES OF ACTION

16.  Plaintiff herein adopts by reference the following Counts of the Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

- [✓] Count I (Action for Declaratory Relief – Liability (Against the NFL))
- [ ] Count II (Medical Monitoring (Against the NFL))
- [✓] Count III (Wrongful Death and Survival Actions (Against the NFL))
- [✓] Count IV (Fraudulent Concealment (Against the NFL))
- [✓] Count V (Fraud (Against the NFL))
- [✓] Count VI (Negligent Misrepresentation (Against the NFL))
- [✓] Count VII (Negligence Pre-1968 (Against the NFL))
- [ ] Count VIII (Negligence Post-1968 (Against the NFL))
- [ ] Count IX (Negligence 1987-1993 (Against the NFL))
- [✓] Count X (Negligence Post-1994 (Against the NFL))

☐ Count XI (Loss of Consortium (Against the NFL and Riddell Defendants))

☑ Count XII (Negligent Hiring (Against the NFL))

☑ Count XIII (Negligent Retention (Against the NFL))

☐ Count XIV (Strict Liability for Design Defect (Against the Riddell Defendants))

☐ Count XV (Strict Liability for Manufacturing Defect (Against the Riddell Defendants))

☐ Count XVI (Failure to Warn (Against the Riddell Defendants))

☐ Count XVII (Negligence (Against the Riddell Defendants))

☑ Count XVIII (Civil Conspiracy/Fraudulent Concealment (Against ~~All~~ the NFL Defendants))

17. Plaintiff asserts the following additional causes of action [write in or attach]:

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff (and Plaintiff's Spouse, if applicable) pray(s) for judgment as follows:

A. An award of compensatory damages, the amount of which will be determined at trial;

B. For punitive and exemplary damages as applicable;

C. For all applicable statutory damages of the state whose laws will govern this action;

D. For medical monitoring, whether denominated as damages or in the form of equitable relief;

E. For an award of attorneys' fees and costs;

F. An award of prejudgment interest and costs of suit; and

G. An award of such other and further relief as the Court deems just and proper.

## JURY DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff(s) hereby demand(s) a trial by jury.

Dated:  August 3, 2012                     RESPECTFULLY SUBMITTED:

/s/ Anthony Tarricone
_____
Anthony Tarricone
KREINDLER & KREINDLER, LLP
277 Dartmouth Street
Boston, MA 02116
Telephone: (212) 687-8181
Email: atarricone@kreindler.com
Attorney for Plaintiff(s)

- 7 -

**DE-140**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|
| Richard D. Cleary (Bar No. 1416564)<br>Farmer & Ridley LLP<br>444 S. Flower Street, Suite 600<br>Los Angeles CA 90071 | 213-626-0291<br>213-833-7812 | FILED<br>SUPERIOR COURT<br>2012 JUL -5 PM 12: 34<br>ROSA JUNQUEIRO, CLERK<br>BY LAUREEN BROWN<br>DEPUTY |
| ATTORNEY FOR (Name): Katherine Moppin | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 222 E. Weber Avenue
MAILING ADDRESS: 222 E. Weber Avenue
CITY AND ZIP CODE: Stockton CA 92502
BRANCH NAME: Stockton Courthouse

ESTATE OF (Name):

John Henry Johnson
DECEDENT

| ORDER FOR PROBATE | CASE NUMBER: |
|---|---|
| **ORDER** ☐ Executor<br>**APPOINTING** ☐ Administrator with Will Annexed<br>☐ Administrator ☑ Special Administrator<br>☐ Order Authorizing Independent Administration of Estate<br>☐ with full authority ☐ with limited authority | 39-2012-00282153-PR-LA-STK |

**WARNING: THIS APPOINTMENT IS NOT EFFECTIVE UNTIL LETTERS HAVE ISSUED.**

1. Date of hearing: June 29, 2012    Time: 8:45 a.m.    Dept./Room: 32    Judge: David P. Warner

**THE COURT FINDS**
2. a. All notices required by law have been given.
   b. Decedent died on (date): June 3, 2011
      (1) ☑ a resident of the California county named above.
      (2) ☐ a nonresident of California and left an estate in the county named above.
   c. Decedent died
      (1) ☐ intestate
      (2) ☐ testate
      and decedent's will dated:    and each codicil dated:
      was admitted to probate by Minute Order on (date):

**THE COURT ORDERS**
3. (Name): Katherine Moppin
   is appointed **personal representative**:
   a. ☐ executor of the decedent's will          d. ☑ special administrator
   b. ☐ administrator with will annexed              (1) ☐ with general powers
   c. ☐ administrator                                 (2) ☑ with special powers as specified in Attachment 3d(2)
                                                      (3) ☑ without notice of hearing
                                                      (4) ☐ letters will expire on (date):
   and letters shall issue on qualification.
4. a. ☐ **Full authority** is granted to administer the estate under the Independent Administration of Estates Act.
   b. ☐ **Limited authority** is granted to administer the estate under the Independent Administration of Estates Act (there is no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).
5. a. ☑ Bond is not required.
   b. ☐ Bond is fixed at: $               to be furnished by an authorized surety company or as otherwise provided by law.
   c. ☐ Deposits of: $              are ordered to be placed in a blocked account at (specify institution and location):
      and receipts shall be filed. No withdrawals shall be made without a court order. ☐ Additional orders in Attachment 5c.
   d. ☐ The personal representative is not authorized to take possession of money or any other property without a specific court order.
6. ☐ (Name):                         is appointed probate referee.

Date:

JUDGE OF THE SUPERIOR COURT
7. Number of pages attached: 1    ☒ SIGNATURE FOLLOWS LAST ATTACHMENT

Form Approved by the
Judicial Council of California
DE-140 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**ORDER FOR PROBATE**

Probate Code, §§ 8006, 8400

**Estate of John Henry Johnson**
**Case No. 39-2012-00282153-PR-LA-STK**
**Attachment to Order Appointing Special Administrator**

1. The powers granted to the Special Administrator are limited to the filing and prosecution of an action against the National Football League for wrongful death and related claims.

2. The Special Administrator shall notify the Court within 30 days of the receipt of any recovery in the action against the National Football League or if the Special Administrator takes possession of any other property of the Decedent.

Dated:   JUL 0 5 2012               DAVID P. WARNER, JUDGE
                                    Judge of the Superior Court