UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION

No. 12-md-2323 (AB)

MDL No. 2323

**THIS DOCUMENT RELATES TO:**

**Plaintiffs' Master Administrative Long-Form Complaint and (if applicable)** Shane Laakso **v. National Football League [et al.], No.** 2:12-cv-04119-AB

**SHORT FORM COMPLAINT**

**IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION**

**JURY TRIAL DEMANDED**

**SHORT FORM COMPLAINT**

1. Plaintiff(s), Shane Laakso, (and, if applicable, Plaintiff's Spouse) ____________________, bring(s) this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2. Plaintiff (and, if applicable, Plaintiff's Spouse) is/are filing this short form complaint as required by this Court's Case Management Order No. 2, filed April 26, 2012.

3. Plaintiff (and, if applicable Plaintiff's Spouse), incorporate(s) by reference the allegations (as designated below) of the Master Administrative Long-Form Complaint, as may be amended, as if fully set forth at length in this Short Form Complaint.

4. [Fill in if applicable] Plaintiff is filing this case in a representative capacity as the Personal Representative of the Estate of Eric Laakso, having been duly appointed as the Personal Rep. by the Florida Probate Court of Broward County. (Cross out sentence below if not applicable.) Copies of the Letters of Administration/Letters Testamentary for a wrongful death claim are annexed hereto if such Letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.

5. Plaintiff, Shane Laakso, is a resident and citizen of Florida and claims damages as set forth below.

6. [Fill in if applicable] Plaintiff's spouse, _______________, is a resident and citizen of __________________, and claims damages as a result of loss of consortium proximately caused by the harm suffered by her Plaintiff husband/decedent.

7. On information and belief, the Plaintiff (or decedent) sustained repetitive, traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices. On information and belief, Plaintiff suffers (or decedent suffered) from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff (or decedent) sustained during NFL games and/or practices**.** On information and belief, the Plaintiff's (or decedent's) symptoms arise from injuries that are latent and have developed and continue to develop over time.

8. [Fill in if applicable] The original complaint by Plaintiff(s) in this matter was filed in U.S. Dist. Ct. E.D. of Pennsylvania. If the case is remanded, it should be remanded to U.S. Dist. Ct. E.D. of Pennsylvania.

9. Plaintiff claims damages as a result of [check all that apply]:

☐ Injury to Herself/Himself

☑ Injury to the Person Represented

☑ Wrongful Death

☑ Survivorship Action

☑ Economic Loss

☑ Loss of Services

☑ Loss of Consortium

10. [Fill in if applicable] As a result of the injuries to her husband, ________________________, Plaintiff's Spouse, _________________________, suffers from a loss of consortium, including the following injuries:

☐ loss of marital services;

☐ loss of companionship, affection or society;

☐ loss of support; and

☐ monetary losses in the form of unreimbursed costs she has had to expend for the health care and personal care of her husband.

11. [Check if applicable] ☐ Plaintiff (and Plaintiff's Spouse, if applicable) reserve(s) the right to object to federal jurisdiction.

**DEFENDANTS**

12. Plaintiff (and Plaintiff's Spouse, if applicable) bring(s) this case against the following Defendants in this action [check all that apply]:

- [x] National Football League
- [x] NFL Properties, LLC
- [ ] Riddell, Inc.
- [ ] All American Sports, Inc. (d/b/a Riddell Sports Group, Inc.)
- [ ] Riddell Sports Group, Inc.
- [ ] Easton-Bell Sports, Inc.
- [ ] Easton-Bell Sports, LLC
- [ ] EB Sports Corporation
- [ ] RBG Holdings Corporation

13. [Check where applicable] As to each of the Riddell Defendants referenced above, the claims asserted are: [ ] design defect; [ ] informational defect; [ ] manufacturing defect.

14. [Check if applicable] [ ] The Plaintiff (or decedent) wore one or more helmets designed and/or manufactured by the Riddell Defendants during one or more years Plaintiff (or decedent) played in the NFL and/or AFL.

15. Plaintiff played in [check if applicable] [x] the National Football League ("NFL") and/or in [check if applicable] [ ] the American Football League ("AFL") during

1978-1984 for the following teams: Miami Dolphins

.

## CAUSES OF ACTION

16. Plaintiff herein adopts by reference the following Counts of the Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

- [x] Count I (Action for Declaratory Relief – Liability (Against the NFL))
- [ ] Count II (Medical Monitoring (Against the NFL))
- [x] Count III (Wrongful Death and Survival Actions (Against the NFL))
- [x] Count IV (Fraudulent Concealment (Against the NFL))
- [x] Count V (Fraud (Against the NFL))
- [x] Count VI (Negligent Misrepresentation (Against the NFL))
- [ ] Count VII (Negligence Pre-1968 (Against the NFL))
- [x] Count VIII (Negligence Post-1968 (Against the NFL))
- [ ] Count IX (Negligence 1987-1993 (Against the NFL))
- [x] Count X (Negligence Post-1994 (Against the NFL))

☐ Count XI (Loss of Consortium (Against the NFL and Riddell Defendants))

☑ Count XII (Negligent Hiring (Against the NFL))

☑ Count XIII (Negligent Retention (Against the NFL))

☐ Count XIV (Strict Liability for Design Defect (Against the Riddell Defendants))

☐ Count XV (Strict Liability for Manufacturing Defect (Against the Riddell Defendants))

☐ Count XVI (Failure to Warn (Against the Riddell Defendants))

☐ Count XVII (Negligence (Against the Riddell Defendants))

☑ Count XVIII (Civil Conspiracy/Fraudulent Concealment (Against ~~All~~ the NFL Defendants))

17. Plaintiff asserts the following additional causes of action [write in or attach]:

________________________________________

________________________________________

________________________________________

________________________________________

________________________________________

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff (and Plaintiff's Spouse, if applicable) pray(s) for judgment as follows:

A. An award of compensatory damages, the amount of which will be determined at trial;

B. For punitive and exemplary damages as applicable;

C. For all applicable statutory damages of the state whose laws will govern this action;

D. For medical monitoring, whether denominated as damages or in the form of equitable relief;

E. For an award of attorneys' fees and costs;

F. An award of prejudgment interest and costs of suit; and

G. An award of such other and further relief as the Court deems just and proper.

## JURY DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff(s) hereby demand(s) a trial by jury.

Dated: August 3, 2012

RESPECTFULLY SUBMITTED:

/s/ Anthony Tarricone

Anthony Tarricone
KREINDLER & KREINDLER, LLP
277 Dartmouth Street
Boston, MA 02116
Telephone: (212) 687-8181
Email: atarricone@kreindler.com



Attorney for Plaintiff(s)

**IN THE CIRCUIT COURT FOR BROWARD COUNTY, FLORIDA PROBATE DIVISION**

**IN RE: ESTATE OF**

**ERIC LAAKSO**

**Deceased.**

**File No.** 12 - - 2982

**Division** #62J

A TRUE COPY
JUL 19 2012
CLERK OF COURT

**ORDER APPOINTING PERSONAL REPRESENTATIVE**
**(intestate -- single)**

On the petition of Shane Laakso for administration of the estate of Eric Laakso, deceased, the court finding that the decedent died on December 25, 2010, and that Shane Laakso is entitled to appointment as personal representative by reason of he is the decedent's son and a beneficiary of the estate, and is qualified to be personal representative, it is

ADJUDGED that Shane Laakso is appointed personal representative of the estate of the decedent, and that upon taking the prescribed oath, filing designation and acceptance of resident agent, and entering into bond in the sum of \$ —0— , letters of administration shall be issued.

ORDERED on July 17, 2012.

MARK A. SPEISER

Circuit Judge

**IN THE CIRCUIT COURT FOR BROWARD COUNTY, FLORIDA PROBATE DIVISION**

**IN RE: ESTATE OF**

**ERIC LAAKSO**

**Deceased.**

**File No.** 12 - - 2982

**Division** #62J

A TRUE COPY
JUL 19 2012
CLERK OF COURT

**LETTERS OF ADMINISTRATION**
**(single personal representative)**

TO ALL WHOM IT MAY CONCERN

WHEREAS, Eric Laakso, a resident of Broward County, Florida, died on December 25, 2010, owning assets in the State of Florida, and

WHEREAS, Shane Laakso has been appointed personal representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

NOW, THEREFORE, I, the undersigned circuit judge, declare Shane Laakso duly qualified under the laws of the State of Florida to act as personal representative of the estate of Eric Laakso, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

ORDERED on July 17, 2012.

MARK A. SPEISER

Circuit Judge

Upon entry to a safe deposit box, an inventory of the contents must be made in the presence of a bank employee witnessed, and filed with the court

THIS ESTATE MUST BE CLOSED WITHIN 12 MONTHS, IF NOT CONTESTED