UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY LITIGATION

| | | |
|---|---|---|
| Tregg Duerson v. National Football League, Inc., et al., | ) | |
| N.D. Illinois, C.A. No. 1:12-2513 | ) | MDL No. 2323 |

**TRANSFER ORDER**

**Before the Panel:** Pursuant to Panel Rule 7.1, plaintiff moves to vacate our order conditionally transferring this action (*Duerson*) to MDL No. 2323. Defendants National Football League, Inc. (NFL), Riddell Sports Group, Inc., and Riddell, Inc. (collectively Riddell) oppose the motion.

The actions encompassing MDL No. 2323 involve allegations that the NFL is liable for injuries sustained while plaintiffs were playing professional football, including damages resulting from the permanent long-term effects of concussions. In general, plaintiffs allege that the NFL failed to warn and protect NFL players against the long-term brain injury risks associated with football-related concussions and to regulate the sport so as to minimize the risk of such long-term injuries. *See In re: Nat'l Football League Players' Concussion Injury Litig.*, 842 F. Supp. 2d 1378 (J.P.M.L. 2012). Many plaintiffs also allege that Riddell is liable in connection with the sale and manufacturing of football helmets. Plaintiff argues that his action is not appropriate for inclusion in MDL No. 2323 because it differs from the MDL actions in that the decedent's diagnosis of Chronic Traumatic Encephalopathy (CTE) was verified post-mortem, his concussions were documented, and he was not a party to a collective bargaining agreement (CBA) during the time he suffered these documented concussions. Plaintiff also argues that federal jurisdiction over this action is lacking and that transfer would inconvenience plaintiff.

After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2323, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the MDL No. 2323 actions, the *Duerson* action involves allegations that defendants are liable for, *inter alia*, failing to warn and protect players from the long-term risk of concussions, which plaintiff alleges resulted in the decedent suffering from CTE. The Panel has long held that transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues. *See, e.g., In re: Gadolinium Contrast Dyes Prods. Liab. Litig.*, 536 F. Supp. 2d 1380, 1382 (J.P.M.L. 2008). That the *Duerson* plaintiff was diagnosed with CTE post-mortem does not bear on whether transfer is appropriate, as the action and the MDL actions still will share discovery regarding, *inter alia*, (1) the NFL's knowledge about the effect of concussive injuries on players, (2)

-2-

the NFL's monitoring of its players for such injuries, (3) the NFL's policies for returning players to a game or practice after a concussion, and (4) the design and manufacture of Riddell helmets.

Plaintiff's argument that the decedent's documented concussions occurred during years the NFL was not operating under a CBA has been rejected by Judge James F. Holderman of the Northern District of Illinois. Judge Holderman found that a CBA was in effect during at least some of the events alleged in plaintiff's complaint. Therefore, whether plaintiff's claims are preempted by the Labor Management Relations Act will be at issue in the *Duerson* action, as it is in the MDL No. 2323 actions.

Finally, plaintiff's assertions of inconvenience are not persuasive. A ruling on plaintiff's motion for remand to state court will not be delayed, as Judge Holderman has already denied the motion. Moreover, the Panel has repeatedly held that, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Anita B. Brody for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |