# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ <br><br>**THIS DOCUMENT RELATES TO:**<br><br>**Plaintiffs' Master Administrative Long-Form Complaint and (if applicable)** Johnnie Morton, et al. <br>**v. National Football League [et al.],**<br>**No.** 2:12-cv-04087-AB | **SHORT FORM COMPLAINT**<br><br>**IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION**<br><br><br>**JURY TRIAL DEMANDED** |

## SHORT FORM COMPLAINT

1.      Plaintiff(s), Brad Booth_____, (and, if applicable,

Plaintiff's Spouse) _____, bring(s) this civil action as a related action in

the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION

INJURY LITIGATION, MDL No. 2323.


2.      Plaintiff (and, if applicable, Plaintiff's Spouse) is/are filing this short form

complaint as required by this Court's Case Management Order No. 2, filed April 26, 2012.


3.      Plaintiff (and, if applicable Plaintiff's Spouse), incorporate(s) by reference  the

allegations (as designated  below) of the Master Administrative Long-Form Complaint, as may

be amended, as if fully set forth at length in this Short Form Complaint.

4.      [Fill in if applicable]  Plaintiff is filing this case in a representative capacity as the

_____ of _____, having been duly appointed as the

_____ by the _____ Court of _____. (Cross out

sentence below if not applicable.)  Copies of the Letters of Administration/Letters Testamentary

for a wrongful death claim are annexed hereto if such Letters are required for the commencement

of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the

decedent.

5.      Plaintiff, _Brad Booth_____, is a resident and citizen of

_Los Angeles, California_____ and claims damages as set forth below.

6.      [Fill in if applicable] Plaintiff's spouse, _____, is a resident and

citizen of _____, and claims damages as a result of loss of consortium

proximately caused by the harm suffered by her Plaintiff husband/decedent.

7.      On information and belief, the Plaintiff (or decedent) sustained repetitive,

traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices.

On information and belief, Plaintiff suffers (or decedent suffered) from symptoms of brain injury

caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff

(or decedent) sustained during NFL games and/or practices.  On information and belief,

the Plaintiff's (or decedent's)  symptoms arise from injuries that  are latent and have developed

and continue to develop over time.

8.      [Fill in if applicable] The original complaint by Plaintiff(s) in this matter was filed

in _LASC of California, Central District_.  If the case is remanded, it should be remanded to

_LASC of California, Central District_.

9.      Plaintiff claims damages as a result of [check all that apply]:

[✓]    Injury to Herself/Himself

[ ]    Injury to the Person Represented

[ ]    Wrongful Death

[ ]    Survivorship Action

[✓]    Economic Loss

[ ]    Loss of Services

[ ]    Loss of Consortium

10.     [Fill in if applicable] As a result of the injuries to her husband,

_____, Plaintiff's Spouse, _____, suffers from a

loss of consortium, including the following injuries:

[ ] loss of marital services;

[ ] loss of companionship, affection or society;

[ ] loss of support; and

[ ] monetary losses in the form of unreimbursed costs she has had to expend for the

health care and personal care of her husband.

11.     [Check if applicable] [✓] Plaintiff (and Plaintiff's Spouse, if applicable)

reserve(s) the right to object to federal jurisdiction.

## DEFENDANTS

12.     Plaintiff (and Plaintiff's Spouse, if applicable) bring(s) this case against the following Defendants in this action [check all that apply]:

☑  National Football League

☑  NFL Properties, LLC

☑  Riddell, Inc.

☑  All American Sports, Inc. (d/b/a Riddell Sports Group, Inc.)

☑  Riddell Sports Group, Inc.

☑  Easton-Bell Sports, Inc.

☑  Easton-Bell Sports, LLC

☑  EB Sports Corporation

☑  RBG Holdings Corporation

13.     [Check where applicable]  As to each of the Riddell Defendants referenced above, the claims asserted are: ☑ design defect; ☑ informational defect; ☐ manufacturing defect.

14.     [Check if applicable] ☑ The Plaintiff (or decedent) wore one or more helmets designed and/or manufactured by the Riddell Defendants during one or more years Plaintiff (or decedent) played in the NFL and/or AFL.

15.     Plaintiff played in [check if applicable] ☑ the National Football League ("NFL") and/or in [check if applicable] ☐ the American Football League ("AFL") during

- 4 -

1987 to 1988 _____ for the following teams: Houston Oilers _____

_____

_____

_____

_____.

## **CAUSES OF ACTION**

16.     Plaintiff herein adopts by reference the following Counts of the Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

☑ Count I (Action for Declaratory Relief – Liability (Against the NFL))

☑ Count II (Medical Monitoring (Against the NFL))

☐ Count III (Wrongful Death and Survival Actions (Against the NFL))

☑ Count IV (Fraudulent Concealment (Against the NFL))

☑ Count V (Fraud (Against the NFL))

☑ Count VI (Negligent Misrepresentation (Against the NFL))

☑ Count VII (Negligence Pre-1968 (Against the NFL))

☑ Count VIII (Negligence Post-1968 (Against the NFL))

☑ Count IX (Negligence 1987-1993 (Against the NFL))

☑ Count X (Negligence Post-1994 (Against the NFL))

☐     Count XI (Loss of Consortium (Against the NFL and Riddell Defendants))

☑     Count XII (Negligent Hiring (Against the NFL))

☑     Count XIII (Negligent Retention (Against the NFL))

☑     Count XIV (Strict Liability for Design Defect (Against the Riddell Defendants))

☐     Count XV (Strict Liability for Manufacturing Defect (Against the Riddell Defendants))

☑     Count XVI (Failure to Warn (Against the Riddell Defendants))

☑     Count XVII (Negligence (Against the Riddell Defendants))

☑     Count XVIII (Civil Conspiracy/Fraudulent Concealment (Against the NFL Defendants))

17.     Plaintiff asserts the following additional causes of action [write in or attach]:

See Attachment "A" to this Complaint

_____

_____

_____

_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff (and Plaintiff's Spouse, if applicable) pray(s) for judgment as follows:

A. An award of compensatory damages, the amount of which will be determined at trial;

B. For punitive and exemplary damages as applicable;

C. For all applicable statutory damages of the state whose laws will govern this action;

D. For medical monitoring, whether denominated as damages or in the form of equitable relief;

E. For an award of attorneys' fees and costs;

F. An award of prejudgment interest and costs of suit; and

G. An award of such other and further relief as the Court deems just and proper.

## JURY DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff(s) hereby demand(s) a trial by jury.

Dated:                                          RESPECTFULLY SUBMITTED:

/s/ Fred Heather

Fred Heather, ESQ.

Glaser Weil Fink Jacobs Howard

Avchen & Shapiro LLP

10250 Constellation Blvd. 19th Floor

Los Angeles, CA 90067

Tel: 310-553-300; Fax: 310-556-2920

Attorney for Plaintiff(s)

and

GIRADI | KEESE
Thomas Girardi (California Bar No. 36603)
Graham Lippsmith (California Bar No. 221984)
1126 Wilshire Boulevard
Los Angeles, California 90017
Tel: 213-977-0211; Fax: 213-481-1554

**ATTACHMENT "A"**
**TO**
**SHORT FORM COMPLAINT**

**COUNT XIX**

**<u>NEGLIGENCE</u>**

**<u>(As Against NFL Properties)</u>**

1.      NFL Properties is engaged in, among other activities, the approving of licensing and the promotion of equipment used by all NFL teams and NFL players, including Plaintiffs.  As such, NFL Properties has a duty to ensure that the equipment it licensed and approved were of the highest possible quality and were sufficient to protect the NFL players, including Plaintiffs, from the risks associated with concussive brain injuries.

2.      NFL Properties breached its duty by licensing Riddell's helmets and approving and/or requiring the use of Riddell's helmets by the NFL players, including Plaintiffs, while knowing, or having reason to know, that the helmets were negligently and defectively designed and/or manufactured.

3.      As a result of these breaches by NFL Properties, Plaintiffs suffer injuries and the effects of concussive brain injuries, including, but not limited to, short-term memory loss, headaches, blurred vision, sleep deprived anxiety and economic loss.

4.      As a result of Plaintiffs' injuries, Plaintiffs are entitled to damages from NFL Properties in an amount reasonably anticipated to exceed the jurisdictional minimum of $25,000.