UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>*Alexander, et al.* v. *The National Football League*, No. 12-cv-01923<br><br>*Myers* v. *The National Football League*, No. 12-cv-01424<br><br>*Schobel* v. *National Football League*, No. 12-cv-02801 | |

**MEMORANDUM OF LAW IN SUPPORT
OF NATIONAL FOOTBALL LEAGUE'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINTS**

Defendant National Football League (the "NFL") respectfully submits this brief in support of its motion to dismiss Plaintiffs' complaints in the above-captioned actions pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

At issue in this motion are three of the cases included in *In re: National Football League Players' Concussion Injury Litigation*, MDL No. 2323, 12-md-2323 (E.D. Pa.). In each, Plaintiffs failed to serve the NFL with the summons and complaint within 120 days after the complaint was filed, as required by the Federal Rules. For the

reasons set forth below, each complaint should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).[1]

## STATEMENT OF FACTS

Plaintiff in *Myers* v. *The National Football League*, No. 12-cv-01424 (the "*Myers* action") filed his complaint in the Southern District of Texas on February 24, 2012, naming the NFL as the sole defendant.  The Judicial Panel on Multidistrict Litigation transferred the action to this Court on March 14, 2012.  *See* MDL No. 02323, Dkt. No. 78 (Mar. 21, 2012); E.D. Pa. No. 12-cv-01424, ECF Dkt. No. 1 (Mar. 21, 2012). The *Myers* plaintiff has not filed a certificate of service, and Defendant NFL has not been served with a copy of the summons and complaint.  (*See* Declaration of Anastasia Danias, dated August 29, 2012 ("Danias Declaration"), at ¶ 2; *see also* ECF Docket, Case No. 12-cv-00582 (S.D. Tex.), ECF Docket, Case No. 12-cv-01424 (E.D. Pa.) (reflecting no affidavit of service on the NFL).)

Plaintiffs in *Alexander, et al.* v. *The National Football League*, No. 12-cv-01923 (the "*Alexander* action") filed their complaint in the Southern District of Texas on March 14, 2012, naming the NFL as the sole defendant.  The Judicial Panel on Multidistrict Litigation transferred the action to this Court on March 21, 2012.  *See* MDL No. 02323, ECF Dkt. No. 80 (Mar. 21, 2012); E.D. Pa. No. 12-cv-01923, ECF Dkt. No. 1 (Apr. 4, 2012).  The *Alexander* plaintiffs have not filed a certificate of service, and Defendant NFL has not been served with a copy of the summons and complaint.  (*See* Declaration of Anastasia Danias, dated August 29, 2012 ("Danias Declaration"), at ¶ 3;

---

[1]   This motion is being filed at the same time as the NFL's motions to dismiss on preemption grounds as provided for in Case Management Order No. 4.  (*See* CMO No. 4, at ¶ 3 (June 21, 2012, ECF Dkt. No. 98).)

*see also* ECF Docket, Case No. 12-cv-00794 (S.D. Tex.), ECF Docket, Case No. 12-cv-01923 (E.D. Pa.) (reflecting no affidavit of service on the NFL).)

Finally, plaintiff in *Schobel* v. *National Football League*, No. 12-cv-02801 (the "*Schobel* action") filed his complaint in the Southern District of Texas on April 19, 2012, naming the NFL as the sole defendant. The Judicial Panel on Multidistrict Litigation transferred the action to this Court on May 3, 2012. *See* MDL No. 02323, ECF Dkt. No. 100 (May 3, 2012); E.D. Pa. No. 12-cv-02801, ECF Dkt. No. 1 (May 22, 2012). The *Schobel* plaintiff has not filed a certificate of service, and Defendant NFL has not been served with a copy of the summons and complaint. (*See* Danias Declaration, at ¶ 4; *see also* ECF Docket, Case No. 12-cv-01244 (S.D. Tex.), ECF Docket, Case No. 12-cv-02801 (E.D. Pa.) (reflecting no affidavit of service on the NFL).)

## ARGUMENT

Pursuant to Fed. R. Civ. P. 4(c), the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c). Rule 4(m), in turn, provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Moreover, pursuant to Fed. R. Civ. P. 12(b)(5), insufficient service of process is a basis for dismissal of an action.

In each of the *Myers*, *Alexander* and *Schobel* actions, plaintiffs filed their complaints more than 120 days ago: service in the *Myers* action should have occurred by June 23, 2012; service in the *Alexander* action should have occurred by July 12, 2012;

and service in the *Schobel* action should have occurred by August 17, 2012.  Because the NFL has not yet been served in any of these actions—and because there are no other defendants named—the *Myers*, *Alexander* and *Schobel* complaints should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

On a motion to dismiss brought under FRCP 12(b)(5), a plaintiff bears the burden of showing that he or she made proper service.  *See Grand Entm't Grp., Ltd.* v. *Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993) ("[T]he party asserting the validity of service bears the burden of proof on that issue."); *see also State Farm Mut., Auto. Ins. Co.* v. *Tz'Doko V'Chesed of Klausenberg*, 543 F. Supp. 2d 424, 428 (E.D. Pa. 2008) (noting that the party asserting the validity of service must prove that service was effective by a preponderance of the evidence).  Here, there is no evidence at all proving or even suggesting that the NFL was served.

Because the *Myers*, *Alexander* and *Schobel* plaintiffs have failed to effect proper service on Defendant NFL, their claims should be dismissed.

## **CONCLUSION**

For the foregoing reasons, the NFL respectfully requests that this Court grant its motion to dismiss the *Myers*, *Alexander* and *Schobel* complaints in their entirety, and without prejudice, for insufficient service of process.

Dated:  August 30, 2012

s/ Brad S. Karp
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Brad S. Karp
Theodore V. Wells, Jr.
Beth A. Wilkinson
Lynn B. Bayard
1285 Avenue of the Americas
New York, NY 10019-6064
Tel:    (212) 373-3000

DECHERT LLP
Judy L. Leone (Pa. Atty. ID 41165)
Robert C. Heim (Pa. Atty. ID 15758)
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
Tel:    (215) 994-4000

DUANE MORRIS LLP
John J. Soroko (Pa. Atty. ID 25987)
Dana B. Klinges (Pa. Atty. ID 57943)
30 South 17th Street
Philadelphia, PA  19103-4196
Tel:    (215) 979-1000

*Attorneys for the National Football League*