UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : | No. 12-md-2323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | : : : : : | |

## RIDDELL DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO SEVER

Defendants Riddell, Inc.; All American Sports Corporation; Riddell Sports Group, Inc.; Easton-Bell Sports, Inc.; Easton-Bell Sports, LLC; EB Sports Corp.; and RBG Holdings Corp. (collectively, the "Riddell Defendants")[1] respectfully request this Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the following items in support of the Riddell Defendants' Motion to Sever:

**1. Undisputed fact that football helmets have changed considerably between 1950 and 2011**

This Court can and should take judicial notice of the undisputed fact that football helmets have changed considerably between 1950 and 2011. Rule 201 of the Federal Rules of Evidence provides that a court can take judicial notice of a fact not subject to reasonable dispute that is either: (1) generally known in the community where the court is located; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *See also In re NAHC Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (finding

---

[1] Reference to the "Riddell Defendants" is for convenience only, with no implication or concession that they are properly joined or named as Defendants. The "Riddell Defendants" reserve the right to move to dismiss some or all of them.

that district court could take judicial notice of stock prices compiled by the Dow Jones news service); *Gee v. CBS, Inc.*, 471 F. Supp. 600, 656 (E.D. Pa. 1979) (taking judicial notice of the fact that a current Schwann record catalogue (regarded as authoritative in the industry) listed both Volumes 1 and 3 of 1951 series as still available to the record buying public).

The fact that football helmets have undergone considerable changes over this more than sixty-year period is generally known in the community. Additionally, Riddell's website provides a history of football helmets, indicating the considerable changes that have occurred over time. Plaintiffs quote almost verbatim the same Riddell website[2] in their Amended Master Administrative Long-Form Complaint, where they allege facts regarding the evolution of helmet design, thus conceding that source's reliability. (AMAC ¶¶ 384-386(a)-(m).) Moreover, Plaintiffs' extensive discussion of the significant changes in helmet design since the early 1950s further supports their concession of this point and the propriety of the Court taking judicial notice of this fact.

**2. The dates of incorporation and formation of the Riddell Defendants**

This Court can and should also take judicial notice of the dates of incorporation and formation of the Riddell Defendants as listed on the Delaware and Illinois Secretaries of State online databases. According to the Secretaries of State corporate status webpages for each of the Riddell entities, copies of which are attached as Exhibit "A":

- All American Sports Corporation was incorporated in Delaware on September 13, 1991;

- Riddell, Inc., formerly EN&T Associates, Inc., was incorporated in Illinois on April 4, 1988;

---

[2] http://www.riddell.com/innovation/history/

2

- Riddell Sports Group, Inc., was incorporated in Delaware on March 29, 2001;

- Easton-Bell Sports, Inc. was incorporated in Delaware on April 21, 2003;

- Easton-Bell Sports, LLC was incorporated in Delaware on June 13, 2003.

- RBG Holdings Corp. was incorporated in Delaware on September 17, 2004; and

- EB Sports Corp. was incorporated in Delaware on November 15, 2006.

Since these facts are matters of public record, this Court can and should take judicial notice of them. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (recognizing that in resolving the defendant's motion for failure to state a claim, the court could consider matters of public record); *Amalgamated Bank v. Yost*, No. 04-0972, 2005 WL 226117, at *3 (E.D. Pa. Jan. 31, 2005) (denying motion to strike certificate of incorporation attached as exhibit to motion to dismiss since the document was a public document filed with the Delaware Secretary of State).

Respectfully Submitted,

/s/ Paul G. Cereghini
Paul G. Cereghini
Thomas C. Howard
BOWMAN AND BROOKE LLP
2901 N. Central Avenue
Suite 1600
Phoenix, AZ  85012
Telephone:  (602) 643-2300
Fax:  (602)248-0947
paul.cereghini@bowmanandbrooke.com
thomas.howard@bowmanandbrooke.com

Robert L. Wise
Eden M. Darrell
BOWMAN AND BROOKE LLP
1111 E. Main Street, Suite 2100
Richmond, VA 23219
Telephone:  (804) 649-8200
Fax:  (804) 649-1762
rob.wise@bowmanandbrooke.com
eden.darrell@bowmanandbrooke.com


Thomas P. Wagner
Mary C. Doherty
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
2000 Market St.
Suite 2300
Philadelphia, PA 19103
tpwagner@mdwcg.com
mcdoherty@mdwcg.com


Attorneys for Defendants RIDDELL, INC.;
ALL AMERICAN SPORTS CORPORATION;
RIDDELL SPORTS GROUP, INC.;
EASTON-BELL SPORTS, INC.; EASTON-BELL SPORTS, LLC, EB SPORTS CORP.;
and RBG HOLDINGS CORP.

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 30, 2012, the foregoing Riddell Defendants' Request for Judicial Notice in Support of Motion to Sever was electronically filed and served via ECF on all counsel of record registered to receive service via the Court's CM/ECF system.

      /s/ Paul G. Cereghini