# Exhibit A

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: OIL SPILL by the OIL RIG** | : | **MDL NO. 2179** |
| **"DEEPWATER HORIZON" in the** | : | |
| **GULF OF MEXICO, on** | : | **SECTION J** |
| **APRIL 20, 2010** | : | |
| | : | |
| **This document relates to:** | : | **JUDGE BARBIER** |
| **ALL ACTIONS** | : | **MAG. JUDGE SHUSHAN** |

## PRETRIAL ORDER NO. 9

### Plaintiffs' Counsel's Time and Expense Submissions

Reimbursement for costs and/or fees for services of all plaintiff s' counsel performing functions in accordance with this order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing. The following standards and procedures are to be utilized by any counsel seeking fees and/or expense reimbursement.

I.    General Standards

(1)    All time and expenses submitted must be incurred only for work authorized in advance by the Plaintiffs' Steering Committee ("PSC"), through the Plaintiffs' Liaison Counsel or Executive Committee. Prior to the formation of the PSC, such work may only be authorized by Plaintiffs' Liaison Counsel or the Court.

(2)    These Time and Expense Guidelines are intended for all activities performed and expenses incurred by counsel that relate to matters common to all claimants in MDL 2179. Further, any claimants' counsel that may at a later date, seek reimbursement or compensation

-1-

for common benefit time and expenses (including any state court counsel) shall comply with these guidelines and any submission by such counsel shall be in accordance with this Pre-Trial Order.

(3)     Plaintiffs' Liaison Counsel have retained and the Court approves the retention of Philip Garrett, CPA ("PG"), to assist and provide accounting services to Plaintiffs' Liaison Counsel, the Plaintiff's Steering Committee, and the Court in MDL 2179. PG will be assisting in compiling submissions and will provide reports to Plaintiff's Liaison Counsel who shall submit them to the Court on a monthly basis. These reports will include both time and expenses and will summarize, with back-up detail, the submissions of all firms. Submission of time and expense records to PG and the Court shall be considered as if submitted under seal.

(4)     Plaintiffs' Liaison Counsel are authorized to establish, by and through PG, on behalf of the Plaintiffs' Steering Committee, one or more bank accounts for the collection and deposit of assessments and for the payment of Shared Costs as defined herein, as well as any other such functions as may be necessary and appropriate. Any and all such bank statements shall be provided to, and reviewed by, PG, on behalf of the Plaintiffs' Steering Committee.

(5)     Time and expense submissions must be submitted timely, on a monthly basis, to PG electronically at the website set up to handle time/billing submissions "www.GarrettCo-CCMS.com/bp/" It is essential that each firm, on a monthly basis, timely submit its records for the preceding month. All submissions shall be certified by a senior partner in each firm attesting to the accuracy and correctness of the submission.

(6)     The first submission is due on December 15, 2010 and should include all time and expense through November 30, 2010. Thereafter, commencing on January 15, 2011, time and expense records shall be submitted on the 15th of each month, and shall cover the time period through the end of the preceding month. Any time or expense records submitted more than six (6) months in arrears may not be considered or included in any compilation of time or expense calculation and shall be disallowed, except for good cause shown and with Court approval.

II.     Time Reporting

(1)     Only time spent on matters common to all claimants in MDL 2179 will be considered in determining fees. No time spent on developing or processing any case for an individual client (claimant) will be

considered or should be submitted, unless the case is determined by the Plaintiffs Steering Committee or the Court to be a "common benefit case" (*e.g.* "test case" or "bellwether" case), and in such circumstances shall be reported in a separate time submission.

(2)     All time must be accurately and contemporaneously maintained. Time shall be kept according to these guidelines and specifically in accordance with the Litigation Task Definitions as outlined in **Exhibit "A"**. All counsel shall keep a daily record of their time spent in connection with this litigation, indicating with specificity the hours, location and particular activity (such as "conduct of deposition of A.B."). The failure to maintain such records, as well as insufficient description of the activity may result in a forfeiture of fees.

(3)     All time for each firm shall be maintained in quarter-of-an-hour increments. Time for "common benefit cases" (*e.g.* "bellwether" or "test" cases) shall be submitted separately. Failure to do so may result in time being disallowed.

(4)     All time records shall be submitted to the PG website, either electronically or manually. If submitted manually, it will be submitted together with a summarization of the total of member firm time broken down by each separate name of time keeper and Litigation Task Definition the time spent during the preceding month and the accumulated total of all time incurred by the firm during the particular reporting period. The summary report is located on the PG website. If submitted electronically (*via* a "csv file"), the file must detail the timekeeper, the Litigation Task Definition, and the time spent.

(5)     The summary report form shall be certified by a senior partner each month attesting to the accuracy and correctness of the monthly submission.

III. Expense Reporting

(1)     Advanced costs will be deemed as either "Shared" or "Held."

a.     Shared Costs are costs that will be paid out of a separate Plaintiffs' Steering Committee MDL 2179 Fund account to be established and administered by Plaintiffs' Liaison Counsel, in accordance with Paragraph I (4), to be funded by all members of the PSC and others as determined by the PSC.

.

        b.      Held Costs are those that will be carried by each attorney in MDL 2179 and reimbursed as and when determined by the PSC.

(2)     Each member of the PSC and any others as set forth in section (1) above will contribute to the Plaintiffs' Steering Committee MDL 2179 Fund at times and in amounts sufficient to cover the administration of the MDL. The timing and amount of each assessment will be determined by the PSC.

## IV. Shared Costs

(1)     Shared Costs are costs incurred for the common benefit of the MDL as a whole. No individual client-related costs can be considered as Shared Costs, unless the case is determined by the Plaintiffs Steering Committee or the Court to be a "common benefit case" (*e.g.* "test case" or "bellwether" case), which, in such circumstances, shall be noted in the expense submission. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify to be submitted and paid directly from the MDL account. All Shared Costs must be approved by Plaintiffs' Liaison Counsel prior to being incurred and prior to payment. Shared Costs include:

        a.      Court, filing and service costs
        b.      Deposition and court reporter costs
        c.      Document Depository: creation, operation, staffing, equipment and administration
        d.      Plaintiffs' Liaison Counsel administrative matters (e.g., expenses for equipment, technology, courier services, long distance, conference calls, telecopier, electronic service, postage, meeting expenses, travel for administrative matters, photocopy and printing, secretarial/temporary staff, etc.)
        e.      PSC group administration matters such as meetings and conference calls
        f.      Legal and accountant fees
        g.      Expert witness and consultant fees and expenses
        h.      Printing, copying, coding, shipping, scanning (both in and out of house or extraordinary firm cost)
        i.      Research by outside third party vendors/consultants/attorneys
        j.      Common witness expenses including travel
        k.      Translation costs
        l.      Bank or financial institution charges
        m.     Investigative services
        n.      Claims Administrator charges
        o.      Special Master charges.

(2)     Plaintiffs' Liaison Counsel shall prepare and be responsible for
distributing to the appropriate plaintiffs' counsel and the PSC reimbursement
procedures and the forms associated therewith.  Request for payments should
include sufficient information to allow Plaintiffs' Liaison Counsel and the
CPA to account properly for costs and to provide adequate detail to the Court.
All requests shall be subject to review and approval by Plaintiffs' Liaison
Counsel.

V.     Held Costs

(1)     Held Costs are costs incurred for the global benefit of the MDL.  Held costs
are those that do not fall into the above Shared Costs categories but are
incurred for the benefit of all plaintiffs in general.  No specific client-related
costs can be considered as Held Costs, unless the case is determined by the
Plaintiffs Steering Committee or the Court to be a "common benefit case" (*e.g.*
"test case" or "bellwether" case), which, under such circumstances, shall be
reported in a separate expense submission.  All costs of a substantial nature that
meet these requirements and fall under the following categories shall be
considered Held Costs and qualify to be submitted for consideration by the
PSC and the Court for future reimbursement.

I.      Telefax charges
II.     Postage, shipping, courier, certified mail
III.    Printing and photocopying (in-house)
IV.     Computerized research - Lexis/Westlaw
V.      Telephone - long distance (actual charges only)
VI.     Travel -  pursuant to Travel Limitations set forth below, including
travel for attorney to attend depositions, court or legislative matters.
   A.  Airfare
   B.  Reasonable ground transportation
   C.  Hotel
   D.  Reasonable meals and entertainment
   E.  Reasonable other (parking)
   F.  Car rental, cabs, etc.
   G.  Secretarial and clerical overtime

(2) Travel Limitations

Except in extraordinary circumstances approved by Plaintiffs' Liaison Counsel or the
PSC, all travel reimbursements are subject to the following limitations:

(a)     Airfare.  Only the lowest-price available coach airfare at time of
booking (either at restricted coach rates or rates which allow the
reservation to be rebooked without surcharge and other agency fees)
for a reasonable itinerary will be reimbursed.  Notwithstanding the
foregoing, first class airfare shall be allowed for cross-country flights

that are in excess of four hours non-stop flight time or international flights.  Airfare expense submissions must be supported by invoice or receipt for airfare that shows class of airfare purchased, name of traveler, and destination.  If an invoice or receipt is not available, a canceled check or credit card statement may be submitted provided an Affidavit from the traveler is also submitted stating that the expense was for coach airfare, within the limitations of this Pre-Trial Order, and that the trip was for common benefit.  If first class if flown and only coach fare is reimbursable, proof of applicable coach fare shall be provided.

(b)    Hotel.  Hotel room charges will be reimbursed up to the greater of (a) $300 per night excluding taxes, or (b) the average available room rate of the Hyatt, Hilton, and Marriott hotels (or comparable) in that city.  Hotel expense submissions must be supported by a hotel issued receipt.  If a receipt is not available, a credit card statement or canceled check may be submitted provided it is accompanied by an Affidavit that states that the expense was incurred for travel related to common benefit and within the limitations of this Pre-Trial Order.

(c)    Meals.    Meal expenses must be reasonable.    Meal expense submissions must be supported by receipts or credit card statements that reflect the date and those partaking in the meal.

(d)    Cash Expenses.  Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

(e)    Rental Automobiles.  Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available.  If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed.  Rental automobile expense submissions must be supported by receipts or credit card statements.  Such rentals shall be limited for purposes of traveling to or from meetings, hotel, court appearances and airport.  The use of hired limousines is discouraged.

(f)    Mileage.  Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm.  The maximum allowable rate will be the maximum rate allowed by the IRS (currently 50 cents per mile).

(g)    Parking. Shall be limited to actual documented costs.

(3)  Non-Travel Limitations

The following apply:

(1)  Long Distance and Cellular Telephone:  General subscription or monthly lease costs associated with long-distance services and cellular phones are not reimbursable.  Long distance and cellular telephone charges for specific MDL 2179-related calls must be documented.  Copies of the telephone bills must be submitted with notations as to which charges relate to this litigation.

(2)  Shipping, Courier, and Delivery Charges: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

(3)  Postage Charges: A contemporaneous postage log or other supporting documentation must be maintained and submitted.  Postage charges are to be reported at actual cost.

(4)  Telefax Charges: Contemporaneous records should be maintained and submitted showing faxes sent and received.  The per-fax charge shall not exceed $1.00 per page.

(5)  In-House Photocopy: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted.  The maximum copy charge is 25¢ per page.

(6)  Secretarial and Clerical Overtime: An itemized description of the task and time spent must be submitted for secretarial and clerical time.  All such overtime must be approved before submission by Plaintiffs' Liaison Counsel.

(7)  Computerized Research - Lexis/Westlaw: Claims for Lexis, Westlaw, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services.  All such computerized legal research must be approved by Plaintiffs' Liaison Counsel in advance and before submission.

## **Procedures To Be Established by Plaintiffs' Liaison Counsel**

Plaintiffs' Liaison Counsel may establish forms and procedures to implement and carry out the time and expense submissions required by the Court and necessary to compile and maintain the records.  These forms shall be made available by Plaintiff's Liaison Counsel or from the Court's website.

Questions regarding the guidelines or procedures or the completion of any forms should be directed to Plaintiffs' Liaison Counsel, James P. Roy, Domengeaux Wright Roy & Edwards LLC, 556 Jefferson Street, Suite 500, Lafayette, Louisiana 70501, Telephone: (337) 233-3033, Fax No. (337) 233-2796, E-Mail: jimr@wrightroy.com; or Stephen J. Herman, Herman Herman Katz & Cotlar LLP, 820 O'Keefe Avenue, New Orleans, Louisiana 70113, Telephone: (504) 581-4892, Fax No. (504) 561-6024, E-Mail: sherman@hhkc.com; or Philip Garrett, CPA, Garrett and Company CPA's, 117 Fairgrounds Blvd., Bush, Louisiana 70431, PH: (985) 746-9165, E-Mail: pgarrett@garrettco.com; or the Court.

New Orleans, Louisiana, this 8th day of October, 2010.

**THE HONORABLE CARL J. BARBIER**
**UNITED STATES DISTRICT JUDGE**

Exhibit "A"

**LITIGATION TASK CODE DEFINITIONS**

The Litigation Code Set is intended for use in all adversarial matters including litigation, binding arbitrations, and regulatory/administrative proceedings. The following definitions elaborate on the intended scope of each phase and task and should guide attorneys in coding time.

**Case Assessment. Development and Administration**

Focuses on the case as a whole, the "forest" rather than the "trees".

**Fact Investigation/Development.** All actions to investigate and understand the facts of a matter. Covers interviews of client personnel and potential witnesses, review of documents to learn the facts of the case (but not for document production), work with an investigator, and all related communications and correspondence.

**Analysis/Strategy**. The thinking, strategizing, and planning for a case, including discussions, writing, and meetings on case strategy. Also includes initial legal research for case assessment purposes and legal research for developing a basic case strategy. Most legal research will be under the primary task for which the research is conducted. Once concrete trial preparation begins, use "Other Trial Preparation and Support."

**Experts/Consultants.** Identifying and interviewing experts and consultants (testifying or non-testifying), working with them, and developing expert reports. Does not include preparing for expert depositions, see "Expert Discovery" or time spent with experts/consultants during trial preparation and trial, see "Expert Witnesses."

**Document/File Management.** A narrowly defined task that comprises only the processes of creating and populating document and other databases or filing systems. Includes the planning, design, and overall management of this process. Work of outside vendors in building litigation support databases should be an Expense.

**Budgeting.** Covers developing, negotiating, and revising the budget for a matter.

**Settlement/Non-Binding ADR** All activities directed specifically to settlement. Encompasses planning for and participating in settlement discussions, conferences, and hearings and implementing a settlement. Covers pursuing and participating in mediation and other non-binding Alternative Dispute Resolution (ADR) procedures. Also includes pre-litigation demand letters and ensuing discussions.

**CLE.** Continuing Legal Education related specifically to this matter.

**Other Case Assessment, Development and Administration.** Time not attributable to any other overall task. Specific use in a given matter often may be pre-determined jointly by the client and law firm.

**Pre-Trial Pleadings and Motions**

Covers all pleadings and all pretrial motions and procedures other than discovery.

**Pleadings.** Developing (researching, drafting, editing, filing) and reviewing complaints, answers, counter-claims and third party complaints. Also embraces motions directed at pleadings such as motions to dismiss, motions to strike, and jurisdictional motions.

**Preliminary Injunctions/Provisional Remedies.** Developing and discussing strategy for these remedies, preparing motions, affidavits and briefs, reviewing opponent's papers, preparing for and attending court hearing, preparing witnesses for the hearing, and effectuating the remedy.

**Court Mandated Conferences.** Preparing for and attending hearings and conferences required by court order or procedural rules (including Rule 16 sessions) other than settlement conferences.
Dispositive Motions. Developing and discussing strategy for or opposing motions for judgment on the pleadings and motions for complete or partial summary judgment, preparing papers, reviewing opponent's papers, defensive motions (e.g., motion to strike affidavit testimony, Rule 56(f) motion), and preparing for and attending the hearing.

**Other Written Motions/Submissions.** Developing, responding to, and arguing all motions other than dispositive motions, pleadings, and discovery, such as motions to consolidate, to bifurcate, to remand, to stay, to compel arbitration, for MDL treatment and for change of venue.

**Class Action Certification and Notice.** Proceedings unique to class action litigation and derivative suits such as class certification and notice.

**Discovery**

Includes all work pertaining to discovery according to court or agency rules.

**Written Discovery.** Developing, responding to, objecting to, and negotiating interrogatories and requests to admit. Includes mandatory meet-and-confer sessions. Also covers mandatory written disclosures as under Rule 26(a).

**Document Production.** Developing, responding to, objecting to, and negotiating document requests, including the mandatory meet-and-confer sessions to resolve objections. Includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing requested privilege lists. (While a general review of documents produced by other parties falls under this task, coding and entering produced documents into a data base is "Document/File Management" and reviewing documents primarily to understand the facts is "Fact Investigation/Development."

**Depositions.** All work concerning depositions, including determining the deponents and the timing and sequence of depositions, preparing deposition notices and subpoenas, communicating with opposing or other party's counsel on scheduling and logistics, planning for and preparing to take the depositions, discussing deposition strategy, preparing witnesses, reviewing documents for deposition preparation, attending depositions, and drafting any deposition summaries.

**Expert Discovery.** Same as "Depositions," but for expert witnesses.

**Discovery Motions.** Developing, responding to, and arguing all motions that arise out of the discovery process. Includes the protective order process.

**Other Discovery.** Less frequently used forms of discovery, such as medical examinations and on-site inspections.

<u>**Trial Preparation and Trial**</u>

Commences when lawyer and client determine that trial is sufficiently likely and imminent so that the process of actually preparing for trial begins. It continues through the trial and post-trial proceedings in the trial court. Once trial begins, lawyers who appear in court presumptively should bill their court time to "Trial and Hearing Attendance." Litigation work outside the courtroom during this phase (e.g., evenings, weekends and the time of other attorneys and support personnel), should continue to be classified using "Other Trial Preparation and Support."

**Fact Witnesses.** Preparing for examination and cross-examination of non-expert witnesses.

**Expert Witnesses.** Preparing for examination and cross-examination of expert witnesses.

**Written Motions/Submissions.** Developing, responding to and arguing written motions during preparation for trial and trial, such as motions in limine and motions to strike proposed evidence. Also includes developing other written pre-trial and trial filings, such as jury instructions, witness lists, proposed findings of fact and conclusions of law, and trial briefs.

**Other Trial Preparation and Support.** All other time spent in preparing for and supporting a trial, including developing overall trial strategy, preparing opening and closing arguments, establishing an off-site support office, identifying documents for use at trial, preparing demonstrative materials, etc.

**Trial and Hearing Attendance.** Appearing at trial, at hearings and at court-mandated conferences, including the pre-trial conferences to prepare for trial. For scheduling conferences that are denominated as "Pre-Trial Conferences", but not directed toward conduct of the trial, use "Court Mandated Conferences."

**Post-Trial Motions and Submissions.** Developing, responding to and arguing all post-verdict matters in the trial court, such as motions for new trial or j.n.o.v., for stay pending appeal, bills of costs, and requests for attorney's fees.

**Enforcement.** All work performed in enforcing and collecting judgments and asserting or. addressing defenses thereto.

## Appeal

Covers all work on appeal or before a reviewing body.

**Appellate Motions and Submissions.** Developing, responding to and arguing motions and other filings before a reviewing body, such as motions and other filings for stay pending appeal.

**Appellate Briefs.** Preparing and reviewing appellate briefs.

**Oral Argument.** Preparing for and arguing an appeal before a reviewing body.

## Travel

Time spent traveling in connection with the litigation shall be designated separately.

**SAMPLE TIME SHEET**
**In re Deepwater Horizon MDL 2179**

# TASK CODES

**Case Assessment, Development**
**and Administration**
L110 - Fact Investigation/Development
L120 - Analysis/Strategy
L130 - Experts/Consultants
L140 - Documents/File Management
L150 - Budgeting
L160 - Settlement/Non-Binding ADR
L170 - Continuing Legal Education
L190 - Other Case Assessment - Development
       and Administration

**Appeal**
L510 - Appellate Motions and Submissions
L520 - Appellate Briefs
L530 - Oral Argument

**Trial Preparation and Trial**
L410 - Fact Witnesses
L420 - Expert Witnesses
L430 - Written Motions
       and Submissions
L440 - Other Trial Preparation
       and Support
L450 - Trial and Hearing Attendance
L460 - Post-Trial Motions
       and Submissions
L470 - Enforcement

**Discovery**
L310 - Written Discovery
L320 - Document Production
L330 - Depositions
L340 - Expert Discovery
L350 - Discovery Motions
L390 - Other Discovery

**Pre-Trial Pleadings and Motions**
L210 - Pleadings
L220 - Preliminary Injunctions/
       Provisional Remedies
L230 - Court Mandated Conferences
L240 - Dispositive Motions
L250 - Other written motions and
       Submissions
L260 - Class action certification and
       Notice

# ACTIVITY CODES

A101 - Plan and prepare for
A102 - Research
A103 - Prepare/Revise
A104 - Review/Analyze
A105 - Communicate (in firm)
A106 - Communicate (with client)
A107 - Communicate (other outside counsel)
A108 - Communicate (other external)
A109 - Appear for/Attend
A110 - Manage data/files
A111 - Other
A112 - Travel

**Attorney/Paralegal/Secretary:**_____

Specific "Common Benefit" ("Test" or "Bellwether") Case (if any): _____

*Time shall be recorded in increments of 0.25 hours (.25 hr min.)*

| Date | Task Code | Activity Code | TIME | DESCRIPTION OF SERVICES |
|------|-----------|---------------|------|-------------------------|
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |

## MDL 2179: DEEPWATER HORIZON OIL SPILL
## CHECK REQUEST FORM FOR SHARED EXPENSE

| | | GENERAL CHECK REQUEST INFORMATION |
|---|---|---|
| *1.* | *Date:* | |
| 2. | *I am requesting a check from:* | MDL 2179 Plaintiffs' Steering Committee<br>c/o Liaison Counsel, Jim Roy and/or Steve Herman |
| 3. | *Payable To:*<br>(Name & Address) | |
| 4. | *Social Security # or TIN # of the payee:* | |
| 5. | *Invoice No.:* | |
| 6. | *Date check needed (check one):* | Now_____ 30 Days_____ 60 Days_____ 90 Days_____ Other_____ |
| 7. | *Purpose of Check:* | *If associated with specific "common benefit case", please identify case:* _____ |
| 8. | *Amount of Check:* | |
| 9. | *Documentation*[1] | Yes: _____  No: _____ |
| 10. | *Send Check To (check one):* | Requestor _____ OR Payee_____ |
| 11. | *Requesting Attorney's Signature*[2] | |

Allocation of costs;

| | | | |
|---|---|---|---|
| $ _____ | Court filing fees | $ _____ | Common witness expense |
| $ _____ | Deposition/court reporter | $ _____ | Translation Costs |
| $ _____ | Document depository | $ _____ | Bank or financial institution charges |
| $ _____ | PLC (administration) | $ _____ | Investigative services |
| $ _____ | PSC group administration | $ _____ | Claims administrator charges |
| $ _____ | Legal & accounting fees | $ _____ | Special master charges |
| $ _____ | Expert witness/consultant | $ _____ | Other |
| $ _____ | Printing, copying & scanning (bulk or 3rd party) | $ _____ | |
| $ _____ | Research (3rd party) | $ _____ | |

$_____ **TOTAL**

**Liaison Counsel Accounting Use Only:**
Check # _____
Approved by Plaintiffs' Liaison Counsel: _____ Date: _____

---

[1]   Documentation must be provided with check request.

[2]   By signing this request, you certify that the expense request is properly documented, complete and accurate and is being incurred for the common benefit.