# Exhibit B

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ORAL SODIUM PHOSPHATE : | |
| SOLUTION-BASED PRODUCTS : | |
| LIABILITY ACTION : | Case No. 1:09-SP-80000 |
| : | (MDL Docket No. 2066) |
| : | |
| THIS DOCUMENT RELATES TO : | |
| ALL ACTIONS : | JUDGE ALDRICH |
| : | |
| : | **MEMORANDUM AND ORDER** |

In anticipation of the possibility that, at some time in the future, there may be applications to this Court by attorneys for payment of common benefit fees or expenses, the Court now issues the following preliminary procedures and guidelines. Although it issues these guidelines at this early juncture in the case, the Court expresses no opinion regarding whether payment of common benefit fees or expenses will ever become appropriate. The Court merely provides this guidance so that, should the issue become ripe, any attorneys applying for common benefit fees or expenses will have notice of the standards the Court will likely employ in assessing those applications. These guidelines are not meant to be exhaustive, and the Court expects it would issue additional procedures, limitations, and guidelines in the future, if appropriate.

A.  INTRODUCTION.

Common Benefit expenses and billable hours reported pursuant to this litigation must be reasonable and necessary. Time and expense that is part of a *bona fide* effort in litigation which actually advances the interests of a class of plaintiffs will be recognized. The guidelines for reporting Common Benefit expenses and billable hours have been developed with these principles

in mind. Therefore, the Court hereby adopts the following guidelines:

B.     REPORTING GUIDELINES.

1.     Receipts:

Each expense claimed must be properly documented by a receipt or some other form of proof of payment. Original receipts must be available for production upon request. Cash advances will not be considered for reimbursement without evidence of payments made with the cash.

2.     Hotels:

Charges for movies, toiletries or alcoholic beverages will not be reimbursed.

3.     Meals:

A copy of a receipt or other original proof of payment must be submitted. Charges for alcoholic beverages will not be reimbursed. Meals may not be charged unless necessitated by travel; charges for meals in one's home city, especially those solely with members of one's own firm, will not be reimbursed.

4.     Mileage:

Reimbursement for automobile expenses will be on the basis of mileage traveled. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the individual's firm. The maximum allowable rate will be the then-current allowable rate set by the I.R.S.

5.     Air Travel:

Air travel shall be reimbursed based upon what is reasonable and necessary. Reimbursement shall be based on the lowest available coach-class fare. Cost of upgrades shall be borne by counsel.

6.  Long Distance:

Long distance telephone expenses must be documented. Only actual, reasonable charges are reimbursable.

7.  Federal Express, Local Courier Service, or Other Courier:

All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

8.  Postage Charges:

A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

9.  Facsimile Charges:

Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge should be no more than $1.00 per page. Faxes should not be sent if email could be used.

10. In-house Photocopy:

A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is $.25 per page.

11. Secretarial and Clerical Overtime:

An itemized description of the task and time spent must be submitted for secretarial and clerical overtime.

12. LEXIS/WESTLAW:

Claims for expenses relating to computerized legal research, i.e. LEXIS or WESTLAW, should be in the exact amount charged to your firm for these research services.

13. Deposition Costs, Expert Witness Fees, and Exhibit Costs:

Only fees and costs authorized by Lead Counsel or the Executive Committee will be considered. No party will be reimbursed for obtaining his or her own personal copy of a deposition transcript.

14. Equipment Purchases:

Purchases of equipment are not to be claimed, absent special circumstances. Laptop computers purchased for and utilized by the individual attorneys and their staff, even if used primarily for this case, are not reimbursable.

15. Monetary Sanctions:

No monetary sanction levied by the Court on any attorney shall be reported as an expense.

16. Common Benefit Time Sheets:

The Court will require Daily and Monthly Common Benefit Time Summary Sheets to be submitted in order for Common Benefit time to be considered by the Court. Daily records may be computer generated or typed copies of daily records. Such records must be organized by timekeeper. Only time exclusively related to Common Benefit work should be reported. If contemporaneous time records were not kept by the Applicant, then the Applicant shall explain why time devoted to claimed Common Benefit work was not contemporaneously recorded and must make a good faith effort to summarize or categorize the time spent and the work done.

To ensure the accuracy of these time sheets, the Court will require that counsel seeking awards associated with Common Benefit work submit quarterly reports of time and expenses to Lead Counsel.

C.     TIME OR EXPENSE THAT WILL BE DISALLOWED OR DISCOUNTED.

1.     Any submission or report of professional time and expense in which the hours of service and expenses are not properly coded;

2.     Any item of expense for which proper receipts or other proof of payment is not submitted;

3.     Any item of time or expense which was incurred in connection with the trial of individual cases or groups of cases or the case-specific preparation of those cases for trial, unless shown to have a direct common benefit.  This does not mean that coordinated discovery will be disallowed.

4.     Any submission or report of professional time which does not provide hourly rates and/or descriptions of the professional status (i.e., partner, associate, paralegal, law clerk) of each person whose professional time is the subject of the submission or report;

5.     Any submission or report of professional time which does not provide cumulative totals for the reimbursable expenses claimed;

6.     Any item of expense which does not meet the requirements of this Order;

7.     Any item of time or expense which is not described in sufficient detail to determine the nature and purpose of the service or expense involved (entries such as "research," "telephone call to Class Counsel," "conference with JB," without further description, are to be disallowed);

8.     Any submission of professional time in which the amount of "review" time is excessive as a whole when judged in reference to the role which the Attorney, or other timekeeper, had in the litigation;

9.     Any submission of time and expense which is grossly excessive on its face, when

considered as a whole in light of the role which the Attorney, or other timekeeper, had in the litigation.

11. Any submission of time for which an attorney has charged fees above a reasonable or customary hourly rate.

11. Any submission of time or expense associated with attendance or monitoring of any Court proceeding or any deposition or any other litigation-related event, if: (a) the attendance or monitoring of the submitting attorney at the proceeding or deposition or event is not truly and reasonably necessary (e.g., mere attendance at a deposition, without engaging in substantial, non-cumulative questioning or assistance); or (b) there are already two other attorneys from the submitting attorney's law firm attending or monitoring the proceeding or deposition or event who are seeking common benefit reimbursement.

12. Any submission of time or expense associated with attendance or monitoring of any internal organizational meetings, or litigation committee meetings, or meetings that are not directed primarily at this litigation, unless shown to be truly and reasonably necessary.

D. EXPENSE AND FEE PRESENTATION.

If and when appropriate, the Court will require each attorney or law firm seeking an award of Common Benefit Expenses or Fees ("Applicant") to present applications therefor in a prescribed format. The Court will set forth the full guidelines for such applications at the appropriate time, but notes that it will require at least the following information.

1. A description of each item of expense for which reimbursement is claimed, the date it was expended, the person or entity to whom that amount was paid, and a certification that the

6

amount has not been reimbursed by any individual client, group of individual clients or any other person or entity. Where the request for expenses is related to the services of more than one attorney employed by or associated with any law firm, only one "Expense Presentation" may be filed in support of the request.

2. A list of the current hourly billing rates for each attorney and paraprofessional whose professional time is the subject of the Fee Presentation, from the inception of this litigation to the present. If an Applicant temporarily employed an attorney for the sole or primary purpose of working on this case, the Applicant shall disclose the hourly rate at which that attorney was actually paid by the employing law firm.[1]

3. A complete description of any arrangement or agreement under which the Applicant: (a) is obligated or expects to pay to any other person any portion of any fee awarded by the Court; or (b) expects to receive from any other person any portion of any fee awarded by the Court.

4. A complete description of any arrangement or agreement under which the Applicant is entitled or expects to receive any portion of any fee awarded by the Court to persons other than the Applicant.

5. A complete description of any contingent fee agreements and receipts that the Applicant Firm expects to receive, and information on whether and to what extent the Applicant Firm has reduced or waived attorneys fees or expenses.

---

[1] The Court takes notice of the proposed allowable fees recited at page 21 of the "Foley Application for Appointment as Lead Counsel," master docket no. 24.

7

E.  MISCELLANEOUS.

1. Any intentional violation of these Guidelines will be grounds for the Court to deny a request for payment of counsel fees or reimbursement of litigation expenses in whole or in part, as well as for such other sanctions and penalties as may be appropriate under the law.

2. The only exceptions to these Guidelines shall be as specifically approved by the Court.

3. Each attorney submitting a time and expense statement shall be considered as representing to the Court, under oath, that the time and expense submitted meets the criteria set forth herein.

4. The Court has the right to request additional information as may be deemed necessary.

5. All Expense and Fee Applications, and the Court's final ruling on the Applications, shall be publicly filed.

**IT IS SO ORDERED.**

                                                 /s/*Ann Aldrich*
                                                 ANN ALDRICH
                                                 UNITED STATES DISTRICT JUDGE

                                                 **Dated:** September 3, 2009