UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>All Actions | : : : : | |

**[PROPOSED] CASE MANAGEMENT ORDER NO. 5
RE: SUBMISSION OF PLAINTIFFS' TIME AND EXPENSE REPORTS
AND APPOINTMENT OF AUDITOR**

**AND NOW,** this __ day of September, 2012, upon consideration of the uncontested Motion by the Plaintiffs' Executive and Steering Committees for an Order establishing: (1) a protocol for the submission and review of attorneys' fees and expenses, which will guide the payment of fees and expenses to attorneys performing common-benefit work to be paid from a Common Benefit Fund if such Fund is later established by the Court, and help ensure this matter is efficiently prosecuted for the benefit of former-player plaintiffs without unnecessary duplication or undue costs or fees; and (2) appointing an outside auditor, it is hereby **ORDERED** as follows:

**I.      GENERAL PROVISIONS FOR TIME AND EXPENSE REPORTING**

This Order establishes the following protocol for the submission and review of attorneys' fees and expenses in this MDL, and shall be used by all plaintiffs' counsel in this matter who intend to seek attorneys' fees or expense reimbursement from settlements/judgments relating to the NFL Players' Concussion Injury Litigation from a

Common Benefit Fund that may later be established by the Court, regardless of whether a such Fund is established by this Court or any disbursements from it, if established, are ordered.

Each attorney submitting a monthly time or expense report pursuant to this Order shall be considered as representing to the Court, under oath, that the time and expenses submitted meet the criteria set forth below. Each firm is required to maintain contemporaneous and detailed time and expense records. The Court approves the Summary Time and Expense Report Form in Excel format as represented by Attachment A to this Order.

The initial time and expense report shall cover the time period from inception of the case through **September 30, 2012** and shall be submitted by **October 31, 2012**. Thereafter, Counsel shall submit time and expense reports on a quarterly basis (quarters ending June 30, September 30, December 31 and March 31). Such reports shall be submitted by the 30th of the month following the end of each quarter. Failure to keep time and expense reporting current may be grounds for denying any subsequent request for reimbursement.

Members of the Plaintiffs' Executive Committee ("PEC") and the Plaintiffs' Steering Committee ("PSC") and other attorneys assigned by the PEC to conduct common-benefit work shall contribute assessments to the Interim Litigation Fund, established by the PSC for interim funding purposes, at times and in amounts to be agreed upon by the PSC, sufficient to cover Plaintiffs' expenses for the administration of the MDL. Failure to pay assessments may be grounds for suspension from the PEC or PSC or a position within the Plaintiffs' leadership structure in the litigation and bar the firm from performing work in the NFL Players' Concussion Injury Litigation.

A.    **Authorization Required**

Only time and expenses authorized by the PEC and incurred on matters that advance the common-benefit effort will be considered as compensable. "Read and review" time will not be compensated unless the timekeeper was assigned to work on the submission or otherwise had a compelling reason to do so. No time or expense spent on developing or processing a case for an individual client will be considered or should be submitted.

B.   **Compensable Time Categories**

Compensable time categories include, but are not limited to:

- investigation and research;

- conducting discovery (e.g., reviewing, indexing and coding documents);

- drafting and filing pleadings, motions, briefs and orders;

- preparation and attendance at non-case specific depositions;

- preparation for and attendance at state and federal Court hearings;

- attendance at PEC- or PSC-sponsored meetings and addressing lawyers on the status of the litigation;

- other PEC or PSC activities, including committee work;

- work with expert witnesses;

- trial preparation and trial;

- performance of administrative matters; and

- performance of conventional administrative, scheduling, coordination and related liaison tasks performed by Plaintiffs' Liaison Counsel.

C.   **Non-Compensable Time Categories**

To ensure only work that is necessary to the effective and efficient prosecution of this matter is conducted, non-compensable time categories include, but are not limited to:

- time billed for activities prior to the formation of this MDL, January 27, 2012, except that all time expended for briefing, preparation and oral argument before the Judicial Panel on Multi-district Litigation ("JPML") is compensable;

- read and review time for persons not overseeing or directly participating in a project;

- time spent creating and compiling the time and expense reports outlined in these Time and Expense Reporting Guidelines;

- time related to litigating the claims of individual clients;

- clerical time, including time spent preparing hearing or meeting notebooks, copying, filing, making travel arrangements or calendaring dates;

- time billed by multiple people in the same firm, unless justified by the work that has been assigned to the firm in relation to the particular task;

- time that was not authorized by the PEC;

- time entries that are incomplete or provide insufficient detail;

- time that is duplicative or excessive in relation to the work assigned; and

- time spent attending bar association and similar meetings, such as AAJ conventions and Mass Tort Made Perfect Meetings.

**D.     Compensable Expense Categories**

Compensable expense categories include, but are not limited to:

- assessments paid for the operation of the PEC and PSC;

- costs related to obtaining, reviewing, indexing and paying for hard copies or computerized images of documents for Defendants;

- deposition and court reporter costs for non-case specific depositions;

- costs for the electronic storage, retrieval and searches of ESI;

- certain Court, filing and service costs for matters involving MDL-wide application;

- PEC or PSC group administration matters, such as meetings, food and conference calls;

- Plaintiffs' Liaison Counsel administrative matters (e.g., expenses for equipment, technology, courier services, long distance, conference calls, telecopy electronic service, postage, meeting expenses, travel for administrative matters, photocopy and printing, secretarial/temporary staff, etc.);

- reasonable travel expenses, including lodging, meals and expenses incurred in connection with PEC-approved meetings, events and other common benefit issues;

- expert witness and consultant fees and expenses, if such experts and consultants were approved by the PEC;

- investigator fees and expenses, if such investigators were approved by the PEC;

- printing, copying, coding and scanning (out-of-house or extraordinary firm cost);

- research by outside third-party vendors/consultants/attorneys, if such third parties were approved by the PEC;

- common witness expenses, including travel; and

- translation costs.

**E.     Limitations on Compensable Expenses**

To ensure only costs necessary to the effective and efficient prosecution of this matter are incurred, the following limitations on compensable expenses shall apply.

   1.   **Travel Expenses:** Except in extraordinary circumstances approved by the PEC, all travel reimbursements are subject to the following limitations:

- Airfare:  Only the price of a business or full-fare coach seat for a reasonable itinerary will be reimbursed.  First-class airfare will not be reimbursed.  If first-class travel is selected, the then-applicable coach fare should be included on the expense report, and only that fare shall be eligible for consideration for reimbursement.

- Hotel:  Hotel room charges will be reimbursed for the average available room rate of a business hotel, including, but not limited to the Westin and Marriott hotels, in the city in which the stay occurred.  Miscellaneous hotel expenses, such as dry cleaning and movie rentals, will not be reimbursed.

- Meals:  Meal expenses must be no greater than the reasonable and customary charges for the city in which the charge is incurred.  Alcohol expenses will not be reimbursed.

- Cash Expenses:  Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, etc.) will be reimbursed up to $75.00 per trip, as long as the expenses are properly itemized.

- Rental Automobiles:  Standard rates for rentals of automobiles shall be reimbursed if necessary for the common-benefit work.

- Mileage:  Mileage claims must be documented by stating origination point, destination, total actual miles for each trip and the rate per mile paid by the firm.  The maximum allowable rate will be the maximum rate allowed by the IRS.

2. **Non-Travel Expenses**:  All reimbursements unrelated to travel are subject to the following limitations:

- Long Distance and Cellular Telephone:  Long distance and cellular telephone charges must be documented.  Copies of the telephone bills must be submitted with notations as to which charges relate to the NFL Players' Concussion Injury Litigation.

- Shipping, Courier and Delivery Charges:  All claimed expenses must be documented with bills showing the sender, recipient and destination of the package.

- Postage:  A contemporaneous postage log or other supporting documentation must be maintained and submitted.  Postage charges are to be reported at actual cost.

- Facsimile Charges:  Contemporaneous records should be maintained and submitted showing faxes sent and received.  The per-fax charge shall not exceed $.25 per page.

- In-House Photocopies:  A contemporaneous photocopy log or other supporting documentation must be maintained and submitted.  The maximum copy charge is $.10 per page.

- Computerized Research – Lexis/Westlaw:  Claims for Lexis, Westlaw, and other computerized legal research expenses should be in the exact amount charged to or allocated by the firm for these research services.

3. **Non-compensable expenses**:  Non-compensable expense categories

include, but are not limited to:

- expenses billed for activities prior to the formation of this MDL (i.e., expenses billed before January 27, 2012), except that all expenses related to briefing, preparation and oral argument before the JPML are compensable;

- case-specific expenses;

- membership dues, seminars, group meetings such as AAJ or MTMP, and related costs;

- duplicative expenses;

- undocumented expenses;

- expenses related to paying overtime wages; and

- expenses related to non-compensable time.

## II.     TIME AND EXPENSE SUMBISSIONS – TIMING AND GENERAL INFORMATION

The first time and expense report must be submitted **on or before October 31, 2012**, and must include all time and expense entries from the inception of the case through **September 30, 2012**.

Thereafter, Counsel shall submit time on a quarterly basis (quarters ending June 30, September 30, December 31 and March 31). Such reports shall be submitted by the 30th of the month following the end of each quarter.

Each submission must include a certification by a senior partner or shareholder in the firm, attesting to the accuracy of the submission.

Each submission must be sent electronically to Diane Brown (dbrown@rodanast.com), with copies to Dianne M. Nast (dnast@rodanast.com), who, acting under the direction and supervision of the PEC, shall maintain, periodically compile, and submit such records to the auditor appointed by this Order for review.

### III. <u>TIME AND EXPENSE REPORTS – SUMMARY REPORTS</u>

Each time and expense report submission should include a completed Time and Expense Summary Report, using an Excel spreadsheet represented by Attachment A to this Order and to be provided by the PEC to common-benefit attorneys. With the initial submission, the attorney submitting the report shall include the name and email address of the contact person at that firm who will be responsible for completing the reports.

For time entries:

- Enter the firm name where indicated;

- For each timekeeper, enter the name, professional status and current hourly rate in the designated columns;

- For each timekeeper, enter his or her time for the current reporting period, in tenths of an hour, separated by each task category listed;

- Do not make any calculations; they will be automatically made.

For expense entries:

- Enter total expenses for the current time period, separated by each expense category listed;

- Do not make any calculations; they will be automatically made.

Attorneys shall not convert the Excel spreadsheet provided by the PEC to PDF or any other format. It must be submitted in native format. Once an attorney's submission is received and recorded, a report form for the following time period will be returned to the attorney for completion.

### IV. <u>TIME AND EXPENSE REPORTS – DETAILED REPORTS</u>

Each submission should also include a Detailed Time Report with: (1) the name and title of each person who performed common benefit work for the litigation during the reporting

8

period; (2) an itemization of the number of hours each person worked on each day during the reporting period, in tenth-of-an-hour increments, separated by task category; and (3) a detailed description of the work performed in relation to each task category on each day.  There are eleven task categories, which are listed in the Summary Time Report.

Each submission should also include a Detailed Expense Report that itemizes each expense incurred on each date, separated by expense category.  There are twelve expense categories, which are listed in the Summary Expense Report.  Counsel must keep receipts for all expenses, except those for which receipts are generally not available, such as gratuities, and produce copies of those receipts upon request.  Credit card receipts are an appropriate form of verification if accompanied by a statement from a firm partner or shareholder from counsel that work was performed and paid for the common benefit.

Time and expense entries that are not sufficiently detailed, or that are not certified by a senior partner or shareholder to be accurate, will not be considered for common benefit payments if a Common Benefit Fund is later established by this Court.

## V.  APPOINTMENT OF AUDITOR FOR PERIODIC REVIEW OF TIME AND EXPENSE REPORTS

The Court appoints Alan B. Winikur, CPA/ABV/CFF and the firm Zelnick, Mann and Winikur, P.C. to provide accounting services to the PEC and to serve as the auditor to undertake a periodic review of the time and expense reports submitted by common-benefit attorneys for payment from a Common-Benefit Fund that may be established by this Court at a later date, and to submit reports to the Court upon request.  Submission of time and expense records to Zelnick, Mann and Winikur, P.C. shall be considered as if filed under seal.  Payments for Mr. Winikur's work, as approved by the Court, will be paid by Interim Litigation Fund established by the PSC and funded by the PEC and PSC members, and, if a Common Benefit Fund is later established

by this Court, by such Fund upon approval by the Court.

It is so **ORDERED.**

                                                                  Anita B. Brody

_____         _____
              Date                                                United States District Judge

Copies **VIA ECF** on _____to:        Copies **MAILED** on _____ to: