FRED D. HEATHER - State Bar No. 110650
fheather@glaserweil.com
ADAM LEBERTHON - State Bar No. 145226
aleberthon@glaserweil.com
MARY ANN T. NGUYEN - State Bar No. 269099
mnguyen@glaserweil.com
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

THOMAS V. GIRARDI - State Bar No. 36603
GRAHAM B. LIPPSMITH - State Bar No. 221984
CELENE S. CHAN - State Bar No. 260267
GIRARDI KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 977-0211
Facsimile: (213) 481-1154

Attorneys for Plaintiffs
Johnnie Morton, et al.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | MDL No. 2323<br>Master Case No. 12-md-2323<br>Individual Case No. 2:12-cv-04087-AB |
| | Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO:<br><br>Plaintiffs' Master Administrative Long-Form Complaint and (if applicable) Johnnie Morton, et al. v. National Football League [et al.], No.   2:12-cv-04087-AB<br><br>**JIM HUDSON** | **PLAINTIFFS' NOTICE OF ERRATA RE: SHORT FROM COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

# NOTICE OF ERRATA OF SHORT FORM COMPLAINT
# OF PLAINTIFF JIM HUDSON

Plaintiff, Jim Hudson, hereby submits the following Notice of Errata regarding the Short Form Complaint, which was originally filed on September 18, 2012: (a) as document number 3823 in the case captioned *In Re: National Football League Players' Concussion Injury Litigation*, Case No. 2:12-md-2323-AB; and (b) as document number 24 in *Morton et al. v. National Football League et al.*, Case No. 2:12-cv-04087-AB. This Notice of Errata corrects Plaintiff Jim Hudson's Short Form Complaint as filed in both dockets as referenced above.

Plaintiff Jim Hudson submits the following corrections of clerical errors contained in the Short Form Complaint:

1. At page 2, no. 5: "Benjamin J. Scotti" should be omitted and replaced with "Jim Hudson".

2. At page 2, no. 5: "Beverly Hills, California" should be omitted and replaced with "Austin, Texas".

3. At page 5, no. 15: "1959 to 1964" should be omitted and replaced with "1965 to 1970".

4. At page 5, no. 15: "Washington Redskins, Philadelphia Eagles and San Francisco" should be omitted and replaced with "New York Jets".

An amended copy of the Short Form Complaint containing the corrections set forth above is attached hereto as Exhibit "1."

DATED: September 28, 2012
GLASER WEIL FINK JACOBS
HOWARD AVCHEN & SHAPIRO LLP

By: /s/ Fred D. Heather
FRED D. HEATHER
ADAM LEBERTHON
MARY ANN T. NGUYEN

Attorneys for Plaintiffs

1
NOTICE OF ERRATA

780322

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB) <br><br> MDL No. 2323 |
| THIS DOCUMENT RELATES TO: <br><br> Plaintiffs' Master Administrative Long-Form Complaint and (if applicable) Johnnie Morton, et al. <br> v. National Football League [et al.], <br> No. 2:12-cv-04087-AB | SHORT FORM COMPLAINT <br><br> IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION <br><br> JURY TRIAL DEMANDED |

### SHORT FORM COMPLAINT

1.   Plaintiff(s), Jim Hudson_____, (and, if applicable, Plaintiff's Spouse) _____, bring(s) this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2.   Plaintiff (and, if applicable, Plaintiff's Spouse) is/are filing this short form complaint as required by this Court's Case Management Order No. 2, filed April 26, 2012.

3.   Plaintiff (and, if applicable Plaintiff's Spouse), incorporate(s) by reference the allegations (as designated below) of the Master Administrative Long-Form Complaint, as may be amended, as if fully set forth at length in this Short Form Complaint.

-1-

4. [Fill in if applicable] Plaintiff is filing this case in a representative capacity as the _____ of _____, having been duly appointed as the _____ by the _____ Court of _____. (Cross out sentence below if not applicable.) Copies of the Letters of Administration/Letters Testamentary for a wrongful death claim are annexed hereto if such Letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.

5. Plaintiff, Jim Hudson, is a resident and citizen of Austin, Texas and claims damages as set forth below.

6. [Fill in if applicable] Plaintiff's spouse, _____, is a resident and citizen of _____, and claims damages as a result of loss of consortium proximately caused by the harm suffered by her Plaintiff husband/decedent.

7. On information and belief, the Plaintiff (or decedent) sustained repetitive, traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices. On information and belief, Plaintiff suffers (or decedent suffered) from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff (or decedent) sustained during NFL games and/or practices. On information and belief, the Plaintiff's (or decedent's) symptoms arise from injuries that are latent and have developed and continue to develop over time.

8. [Fill in if applicable] The original complaint by Plaintiff(s) in this matter was filed in LASC of California, Central District. If the case is remanded, it should be remanded to LASC of California, Central District.

- 2 -

9. Plaintiff claims damages as a result of [check all that apply]:

- [✓] Injury to Herself/Himself
- [ ] Injury to the Person Represented
- [ ] Wrongful Death
- [ ] Survivorship Action
- [✓] Economic Loss
- [ ] Loss of Services
- [ ] Loss of Consortium

10. [Fill in if applicable] As a result of the injuries to her husband, _____, Plaintiff's Spouse, _____, suffers from a loss of consortium, including the following injuries:

- [ ] loss of marital services;
- [ ] loss of companionship, affection or society;
- [ ] loss of support; and
- [ ] monetary losses in the form of unreimbursed costs she has had to expend for the health care and personal care of her husband.

11. [Check if applicable] [✓] Plaintiff (and Plaintiff's Spouse, if applicable) reserve(s) the right to object to federal jurisdiction.

## **DEFENDANTS**

12. Plaintiff (and Plaintiff's Spouse, if applicable) bring(s) this case against the following Defendants in this action [check all that apply]:

- [✓] National Football League
- [✓] NFL Properties, LLC
- [✓] Riddell, Inc.
- [✓] All American Sports, Inc. (d/b/a Riddell Sports Group, Inc.)
- [✓] Riddell Sports Group, Inc.
- [✓] Easton-Bell Sports, Inc.
- [✓] Easton-Bell Sports, LLC
- [✓] EB Sports Corporation
- [✓] RBG Holdings Corporation

13. [Check where applicable] As to each of the Riddell Defendants referenced above, the claims asserted are: [✓] design defect; [✓] informational defect; [ ] manufacturing defect.

14. [Check if applicable] [✓] The Plaintiff (or decedent) wore one or more helmets designed and/or manufactured by the Riddell Defendants during one or more years Plaintiff (or decedent) played in the NFL and/or AFL.

15. Plaintiff played in [check if applicable] [✓] the National Football League ("NFL") and/or in [check if applicable] [ ] the American Football League ("AFL") during

__1965 to 1970_____ for the following teams: __New York Jets__
_____
_____
_____
_____.

## CAUSES OF ACTION

16. Plaintiff herein adopts by reference the following Counts of the Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

- [x] Count I (Action for Declaratory Relief – Liability (Against the NFL))
- [x] Count II (Medical Monitoring (Against the NFL))
- [ ] Count III (Wrongful Death and Survival Actions (Against the NFL))
- [x] Count IV (Fraudulent Concealment (Against the NFL))
- [x] Count V (Fraud (Against the NFL))
- [x] Count VI (Negligent Misrepresentation (Against the NFL))
- [x] Count VII (Negligence Pre-1968 (Against the NFL))
- [x] Count VIII (Negligence Post-1968 (Against the NFL))
- [x] Count IX (Negligence 1987-1993 (Against the NFL))
- [x] Count X (Negligence Post-1994 (Against the NFL))

☐ Count XI (Loss of Consortium (Against the NFL and Riddell Defendants))

☑ Count XII (Negligent Hiring (Against the NFL))

☑ Count XIII (Negligent Retention (Against the NFL))

☑ Count XIV (Strict Liability for Design Defect (Against the Riddell Defendants))

☐ Count XV (Strict Liability for Manufacturing Defect (Against the Riddell Defendants))

☑ Count XVI (Failure to Warn (Against the Riddell Defendants))

☑ Count XVII (Negligence (Against the Riddell Defendants))

☑ Count XVIII (Civil Conspiracy/Fraudulent Concealment (Against the NFL Defendants))

17. Plaintiff asserts the following additional causes of action [write in or attach]:

See Attachment "A" to this Complaint

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff (and Plaintiff's Spouse, if applicable) pray(s) for judgment as follows:

A. An award of compensatory damages, the amount of which will be determined at trial;

B. For punitive and exemplary damages as applicable;

C. For all applicable statutory damages of the state whose laws will govern this action;

D. For medical monitoring, whether denominated as damages or in the form of equitable relief;

E. For an award of attorneys' fees and costs;

F. An award of prejudgment interest and costs of suit; and

G. An award of such other and further relief as the Court deems just and proper.

## JURY DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff(s) hereby demand(s) a trial by jury.

Dated:                                             RESPECTFULLY SUBMITTED:

/s/ Fred Heather

Fred Heather, ESQ.
Glaser Weil Fink Jacobs Howard
Avchen & Shapiro LLP
10250 Constellation Blvd. 19th Floor
Los Angeles, CA 90067
Tel: 310-553-300; Fax: 310-556-2920
Attorney for Plaintiff(s)

- 7 -

ATTACHMENT "A"
TO
SHORT FORM COMPLAINT

COUNT XIX

NEGLIGENCE

(As Against NFL Properties)

1. NFL Properties is engaged in, among other activities, the approving of licensing and the promotion of equipment used by all NFL teams and NFL players, including Plaintiffs. As such, NFL Properties has a duty to ensure that the equipment it licensed and approved were of the highest possible quality and were sufficient to protect the NFL players, including Plaintiffs, from the risks associated with concussive brain injuries.

2. NFL Properties breached its duty by licensing Riddell's helmets and approving and/or requiring the use of Riddell's helmets by the NFL players, including Plaintiffs, while knowing, or having reason to know, that the helmets were negligently and defectively designed and/or manufactured.

3. As a result of these breaches by NFL Properties, Plaintiffs suffer injuries and the effects of concussive brain injuries, including, but not limited to, short-term memory loss, headaches, blurred vision, sleep deprived anxiety and economic loss.

4. As a result of Plaintiffs' injuries, Plaintiffs are entitled to damages from NFL Properties in an amount reasonably anticipated to exceed the jurisdictional minimum of $25,000.

775379.1