UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>**Plaintiffs' Master Administrative Long-Form Complaint and (if applicable)** Kiwaukee and Tanessa Thomas **v. National Football League [et al.], No.** 2:12-cv-05879-AB | SHORT FORM COMPLAINT<br><br>IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br>JURY TRIAL DEMANDED |

### SHORT FORM COMPLAINT

1.  Plaintiff(s), Kiwaukee Thomas, (and, if applicable, Plaintiff's Spouse) Tanessa Thomas, bring(s) this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2.  Plaintiff (and, if applicable, Plaintiff's Spouse) is/are filing this short form complaint as required by this Court's Case Management Order No. 2, filed April 26, 2012.

3.  Plaintiff (and, if applicable Plaintiff's Spouse), incorporate(s) by reference the allegations (as designated below) of the Master Administrative Long-Form Complaint, as may be amended, as if fully set forth at length in this Short Form Complaint.

4. [Fill in if applicable] Plaintiff is filing this case in a representative capacity as the _____ of _____, having been duly appointed as the _____ by the _____ Court of _____. (Cross out sentence below if not applicable.) Copies of the Letters of Administration/Letters Testamentary for a wrongful death claim are annexed hereto if such Letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.

5. Plaintiff, Kiwaukee Thomas, is a resident and citizen of Tampa, Florida and claims damages as set forth below.

6. [Fill in if applicable] Plaintiff's spouse, Tanessa Thomas, is a resident and citizen of Tampa, Florida, and claims damages as a result of loss of consortium proximately caused by the harm suffered by her Plaintiff husband/decedent.

7. On information and belief, the Plaintiff (or decedent) sustained repetitive, traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices. On information and belief, Plaintiff suffers (or decedent suffered) from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff (or decedent) sustained during NFL games and/or practices. On information and belief, the Plaintiff's (or decedent's) symptoms arise from injuries that are latent and have developed and continue to develop over time.

8. [Fill in if applicable] The original complaint by Plaintiff(s) in this matter was filed in U.S.D.C. Middle District of Florida. If the case is remanded, it should be remanded to U.S.D.C. Middle District of Florida.


9. Plaintiff claims damages as a result of [check all that apply]:

  X  Injury to Herself/Himself

  __ Injury to the Person Represented

  __ Wrongful Death

  __ Survivorship Action

  X  Economic Loss

  X  Loss of Services

  X  Loss of Consortium

10. [Fill in if applicable] As a result of the injuries to her husband, __Kiwaukee Thomas__, Plaintiff's Spouse, __Tanessa Thomas__, suffers from a loss of consortium, including the following injuries:

   X  loss of marital services;

   X  loss of companionship, affection or society;

   X  loss of support; and

   X  monetary losses in the form of unreimbursed costs she has had to expend for the health care and personal care of her husband.

11. [Check if applicable] ___ Plaintiff (and Plaintiff's Spouse, if applicable) reserve(s) the right to object to federal jurisdiction.

**DEFENDANTS**

12.     Plaintiff (and Plaintiff's Spouse, if applicable) bring(s) this case against the following Defendants in this action [check all that apply]:

      X     National Football League

      X     NFL Properties, LLC

      __    Riddell, Inc.

      __    All American Sports, Inc. (d/b/a Riddell Sports Group, Inc.)

      __    Riddell Sports Group, Inc.

      __    Easton-Bell Sports, Inc.

      __    Easton-Bell Sports, LLC

      __    EB Sports Corporation

      __    RBG Holdings Corporation

13.     [Check where applicable]  As to each of the Riddell Defendants referenced above, the claims asserted are: ___ design defect; ___ informational defect; ___ manufacturing defect.

14.     [Check if applicable]  ___ The Plaintiff (or decedent) wore one or more helmets designed and/or manufactured by the Riddell Defendants during one or more years Plaintiff (or decedent) played in the NFL and/or AFL.

15.     Plaintiff played in [check if applicable]  X   the National Football League ("NFL") and/or in [check if applicable] ___ the American Football League ("AFL") during

- 4 -

<u>  2000-2007                              </u> for the following teams:<u> Jacksonville Jaguars,  </u>

<u>Miami Dolphins, and the Buffalo Bills.                                                          </u>

<u>                                                                                                </u>

<u>                                                                                                </u>

<u>                                                      </u>.

## CAUSES OF ACTION

16. Plaintiff herein adopts by reference the following Counts of the Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

<u> X </u>   Count I (Action for Declaratory Relief – Liability (Against the NFL))

<u> X </u>   Count II (Medical Monitoring (Against the NFL))

<u>   </u>   Count III (Wrongful Death and Survival Actions (Against the NFL))

<u> X </u>   Count IV (Fraudulent Concealment (Against the NFL))

<u> X </u>   Count V (Fraud (Against the NFL))

<u> X </u>   Count VI (Negligent Misrepresentation (Against the NFL))

<u>   </u>   Count VII (Negligence Pre-1968 (Against the NFL))

<u> X </u>   Count VIII (Negligence Post-1968 (Against the NFL))

<u>   </u>   Count IX (Negligence 1987-1993 (Against the NFL))

<u> X </u>   Count X (Negligence Post-1994 (Against the NFL))

- 5 -

<u>X</u>   Count XI (Loss of Consortium (Against the NFL and Riddell Defendants))

<u>X</u>   Count XII (Negligent Hiring (Against the NFL))

<u>X</u>   Count XIII (Negligent Retention (Against the NFL))

__   Count XIV (Strict Liability for Design Defect (Against the Riddell Defendants))

__   Count XV (Strict Liability for Manufacturing Defect (Against the Riddell Defendants))

__   Count XVI (Failure to Warn (Against the Riddell Defendants))

__   Count XVII (Negligence (Against the Riddell Defendants))

<u>X</u>   Count XVIII (Civil Conspiracy/Fraudulent Concealment (Against All Defendants))

17.   Plaintiff asserts the following additional causes of action [write in or attach]:

_____

_____

_____

_____

_____

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff (and Plaintiff's Spouse, if applicable) pray(s) for judgment as follows:

A. An award of compensatory damages, the amount of which will be determined at trial;

B. For punitive and exemplary damages as applicable;

C. For all applicable statutory damages of the state whose laws will govern this action;

D. For medical monitoring, whether denominated as damages or in the form of equitable relief;

E. For an award of attorneys' fees and costs;

F. An award of prejudgment interest and costs of suit; and

G. An award of such other and further relief as the Court deems just and proper.

**JURY DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff(s) hereby demand(s) a trial by jury.

RESPECTFULLY SUBMITTED:

 /s/ William T. Mitchell
[signature block]

*Attorneys for Plaintiff(s)*
William T. Mitchell; Andrew S. Ashby
Cruser & Mitchell, LLP
Meridian II, Suite 2000
275 Scientific Drive
Norcross, Georgia 30092
(404) 881-2633