UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB <br><br> MDL No. 2323 |
| THIS DOCUMENT RELATES TO <br><br> *Maxwell, et al.* (Case No. 12-cv-1023) <br> *Pear, et al.* (Case No. 12-cv-1025) <br> *Monk, et al.* (Case No. 12-cv-3533) <br> *Henderson, et al.* (Case No. 12-cv-3534) <br> *Kuechenberg, et al.* (Case No. 12-cv-3535) <br> *Kapp, et al.* (Case No. 12-cv-4575) <br> *Bauman, et al.* (Case No. 12-cv-4576) <br> *Bailey, et al.* (Case No. 12-cv-05372) | |

**MEMORANDUM OF CERTAIN PLAINTIFFS IN OPPOSITION TO DEFENDANTS NATIONAL FOOTBALL LEAGUE'S AND NFL PROPERTIES LLC'S MOTION TO DISMISS CONCERNING ADDITIONAL CAUSE OF ACTION PLED IN SHORT FORM COMPLAINTS**

Jason E. Luckasevic (PA # 85557)
Jason T. Shipp (PA # 87471)
GOLDBERG, PERSKY & WHITE, P.C.
1030 Fifth Avenue
Pittsburgh, Pennsylvania 15219
Phone: (412) 471-3980
Fax: (412) 471-8308
jluckasevic@gpwlaw.com
jshipp@gpwlaw.com

Herman Russomanno
Robert Borrello
RUSSOMANNO & BORRELLO, P.A.
150 West Flagler Street - PH 2800
Miami, Florida 33130
Phone: (305) 373-2101
Fax: (305) 373-2103
hrussomanno@russomanno.com
rborrello@russomanno.com

Thomas V. Girardi
Graham B. LippSmith
Celene S. Chan
GIRARDI KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017
Phone: (213) 977-0211
Fax: (213) 481-1554
tgirardi@girardikeese.com
glippsmith@girardikeese.com
cchan@girardikeese.com

*Counsel for Plaintiffs in Case Nos.*
*12-cv-1023; 12-cv-1025; 12-cv-3533;*
*12-cv-3534; 12-cv-3535; 12-cv-4575;*
*12-cv-4576; 12-cv-05372*

October 31, 2012

## INTRODUCTION

The NFL Defendants moved this Court to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that every claim alleged by Plaintiffs involved in MDL No. 2323 is preempted under Section 301 of the Labor Management Relations Act, 29 U.S.C § 185(a).  Certain Plaintiffs[1] file this supplemental responsive brief on behalf of Certain Plaintiffs alleging additional arguments raised in their Short Form Complaints and join in the entirety of the Memorandum of Plaintiffs in Opposition to Defendants National Football League's and NFL Properties LLC's Motion to Dismiss Plaintiffs' Master Administrative Personal Injury Complaint. .

Specifically, Certain Plaintiffs included an additional cause of action not in the Master Administrative Complaint.  This additional cause of action stems from the NFL Defendants licensing and providing defective Riddell helmets to Plaintiffs, which claim does not arise out of the CBA and therefore is not preempted per *Stringer v. NFL*, 474 F. Supp. 2d 894 (S.D. Ohio 2007).  Accordingly, this Court should DENY the NFL Defendants' Motion to Dismiss as to Certain Plaintiffs in its entirety.

**AS THE COURT HELD IN *STRINGER*, CERTAIN PLAINTIFFS' CLAIMS THAT THE NFL DEFENDANTS LICENSED AND PROVIDED DEFECTIVE RIDDELL HELMETS DO NOT ARISE OUT OF THE CBA AND ARE NOT SUBJECT TO § 301 PREEMPTION**

Certain Plaintiffs filed Short Form Complaints alleging an additional cause of action not found in Plaintiffs' Master Administrative Long-Form Complaint.  Specifically, in Count XX, Certain Plaintiffs allege that the NFL and NFL Properties breached their duty to ensure that the helmets they licensed were of the highest possible quality and sufficient to protect Plaintiffs

---

[1] Specifically, Plaintiffs in *Maxwell, et al.* (Case No. 12-cv-1023); *Pear, et al.* (Case No. 12-cv-1025); *Monk, et al.* (Case No. 12-cv-3533) ; *Henderson, et al.* (Case No. 12-cv-3534); *Kuechenberg, et al.* (Case No. 12-cv-3535); *Kapp, et al.* (Case No. 12-cv-4575); *Bauman, et al.* (Case No. 12-cv-4576); and *Bailey, et al.* (Case No. 12-cv-05372).

against risks of long-term health consequences of concussive brain injury. *See e.g.*, ECF No. 976 ¶ 8).[2] As a result, Certain Plaintiffs allege that the NFL Defendants breached their duty by licensing the Riddell Defendants' helmets to Plaintiffs while knowing or having reason to know that the helmets were negligently designed and lacked an adequate warning. *See e.g.*, *id.* at ¶ 9.

The NFL Defendants are not entitled to preemption under Section 301 of the Labor Management Relations Act, as this identical argument that the Court rejected in *Stringer v. NFL*, 474 F. Supp. 2d 894 (S.D. Ohio 2007). The *Stringer* court explained that:

> questions of whether the NFL mandates the use of Riddell equipment is largely irrelevant to the question of whether Plaintiffs claim is preempted by Section 301 of the LMRA. Plaintiff generally alleges that the NFL and NFL Properties breached their duty to ensure that the players had safe equipment. For preemption purposes, the only relevant questions are whether this claim arose out of the CBA and, if not, whether its resolution is substantially dependent on an interpretation of any provisions of the CBA.

*Id.* at 912. The court reasoned that "Plaintiff's claim does not arise out of the CBA. Neither the NFL nor NFL Properties is a party to the CBA. While both NFL Defendants are mentioned in the CBA, the CBA imposes no duty on either of them to ensure that the equipment used by NFL players adequately protects from risk of injury or illness. Any such duty, if it exists, clearly has its source in the common law." *Id.* The Court further stated that:

> although the CBA creates a "Joint Committee on Player Safety and Welfare … for the purpose of discussing the players safety and welfare aspects of playing equipment," (CBA, Art. XIII, Section 1(a)), the NFL Defendants are not members of that committee and are not required to adopt the committee's recommendations. In short, there is no need to interpret that provision, or any other, to determine whether the NFL Defendants owed Korey Stringer a duty to ensure that he had safe equipment, whether they breached that duty, or whether the alleged breach proximately caused his death. The Court therefore concludes that Count 4 of Plaintiff's complaint is not preempted.

---

[2] This allegation is identical in Short Form Complaints filed by all Plaintiffs in the following eight cases identified in footnote 1.

2

*Id.* at 912-13.

The NFL Defendants cite no authority to dispute Certain Plaintiffs' additional allegations. Rather, the NFL Defendants simply state that the allegations require CBA interpretation and that the *Stringer* court decision was faulty. To the contrary, Certain Plaintiffs' additional cause of action specifically relates to the NFL Defendants' failure to ensure that the Riddell helmets the NFL Defendants licensed and approved were of the highest possible quality to protect Plaintiffs against risks of long-term health consequences of concussive brain injury.

Further frustrating the NFL Defendants' arguments is the fact that NFL Properties was not a party to any CBAs. Yet, in their defense, both the NFL and NFL Properties cite the very same Joint Committee created to handle "Player Safety and Welfare." This reliance is even more tenuous because this provision is only found in a few CBAs (*i.e.*, 1977, 1982, 1993 and 2006 CBAs). But again, this provision requires no interpretation to determine whether the NFL licensed an unsafe helmet to its players since the inception of the league. Certain Plaintiffs allege that NFL Properties is engaged in licensing and merchandising equipment for all teams in the league (ECF No. 2642 ¶ 31)—a claim that in no way relies on substantive provisions of any CBA. Through this relationship, the NFL Defendants chose to license and approve Riddell helmets for Plaintiffs. Significantly, NFL Properties is a not a signatory to any CBA on which they adamantly rely, further supporting the proposition that the CBAs are inapplicable to claims arising from the NFL Defendants' conduct in licensing and endorsing defective Riddell helmets. Therefore, as the court determined in *Stringer*, the NFL Defendants must litigate this claim related to their licensing of unsafe helmets.

**CONCLUSION**

      The NFL's motion to dismiss should be denied.

Dated: October 31, 2012                        Respectfully submitted,

/s/ Thomas V. Girardi

| | |
|---|---|
| Jason E. Luckasevic (PA # 85557) | Thomas V. Girardi |
| Jason T. Shipp (PA # 87471) | Graham B. LippSmith |
| GOLDBERG, PERSKY & WHITE, P.C. | Celene S. Chan |
| 1030 Fifth Avenue | GIRARDI KEESE |
| Pittsburgh, Pennsylvania 15219 | 1126 Wilshire Boulevard |
| Phone: (412) 471-3980 | Los Angeles, California 90017 |
| Fax: (412) 471-8308 | Phone: (213) 977-0211 |
| jluckasevic@gpwlaw.com | Fax: (213) 481-1554 |
| jshipp@gpwlaw.com | tgirardi@girardikeese.com |
| | glippsmith@girardikeese.com |
| Herman Russomanno | cchan@girardikeese.com |
| Robert Borrello | |
| RUSSOMANNO & BORRELLO, P.A. | *Counsel for Plaintiffs in Case Nos.* |
| 150 West Flagler Street - PH 2800 | *12-cv-1023; 12-cv-1025; 12-cv-3533;* |
| Miami, Florida 33130 | *12-cv-3534; 12-cv-3535; 12-cv-4575;* |
| Phone: (305) 373-2101 | *12-cv-4576; 12-cv-05372* |
| Fax: (305) 373-2103 | |
| hrussomanno@russomanno.com | |
| rborrello@russomanno.com | |