## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | :    No. 2:12-md-02323-AB |
| | :    MDL No. 2323 |
| THIS DOCUMENT RELATES TO | : |
| Plaintiffs' Amended Master Administrative Long-Form Complaint and the Applicable Associated Short-Form Complaints | : |

## MEMORANDUM OF PLAINTIFFS IN OPPOSITION TO RIDDELL DEFENDANTS' MOTION TO DISMISS BASED ON LMRA § 301 PREEMPTION

Christopher Seeger
SEEGER WEISS LLP
77 Water Street
New York, New York 10005
Phone:  (212) 584-0700
Fax:  (212) 584-0799
cseeger@seegerweiss.com

Sol Weiss
ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, Pennsylvania 19103
Phone:  (215) 735-1130
Fax:  (215) 735-2024
sweiss@anapolschwartz.com

*Plaintiffs' Co-Lead Counsel*

*(Additional Counsel Listed On Signature Page)*

October 31, 2012

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

THE COURT SHOULD DENY THE  RIDDELL DEFENDANTS' MOTION TO DISMISS
IN ITS ENTIRETY ............................................................................................................... 2

   I.    The LMRA Does Not Preempt Players' Claims Against the Riddell Defendants
        Because the Claims Are Not Substantially Dependent nor Inextricably Intertwined
        on Interpretation of CBA provisions ................................................................... 2

   II.   The Riddell Defendants' Cited Cases Are Neither Binding Authority nor Similar to
        the Instant Case Because they Do Not Involve Personal Injury Claims ........................... 7

   III.  The Claims of Any Player Whose Entire NFL Career Was Either Prior to 1968 or
        Between 1987 and 1993 Should Not be Preempted Because There Was No CBA in
        Effect During Those Time Periods .................................................................... 11

   IV.  If the Court Is Inclined to Grant Any Part of the Riddell Defendants' Motion to
        Dismiss, the Court Should Grant Plaintiffs Leave to Amend .......................................... 11

CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Allis-Chalmers Corp. v. Lueck,*
   471 U.S. 202 (1985)................................................................................................ 2

*Atwater v. Nat'l Football League Players Ass'n,*
   626 F.3d 1170 (11th Cir. 2010) ........................................................................... 8, 9

*Berda v. CBS Inc.,*
   81 F.2d 20 (3d Cir. 1990).......................................................................................... 3

*Caterpillar Inc. v. Williams,*
   482 U.S. 386 (1987).................................................................................................. 3

*DeCoe v. Gen. Motors Corp.,*
   32 F.3d 212 (6th Cir. 1994) ..................................................................................... 4

*DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.,*
   2012 WL 748760 (E.D.N.Y. Mar. 7, 2012) ............................................................ 2

*Dosier v Burns Int'l. Sec. Servs.,*
   729 F. Supp. 695 (N.D. Cal. 1990) ........................................................................ 11

*Foman v. Davis,*
   371 U.S. 178 (1962)................................................................................................ 11

*Green v. Fund Asset Mgmt., L.P.,*
   245 F.3d 214 (3d Cir. 2001)...................................................................................... 2

*Henderson v. Merck & Co., Inc.,*
   998 F. Supp. 532 (E.D. Pa. 1998) ........................................................................ 2, 3

*Int'l Union, United Mine Workers of Am. v. Covenant Coal Corp.,*
   977 F.2d 895 (4th Cir. 1992) ................................................................................ 7, 8

*Johnson v. Auto Handling Corp.,*
   2012 WL 761159 (E.D. Mo. March 8, 2012) ........................................................ 10

*Kline v. Sec. Guards, Inc.,*
   386 F.3d 246 (3d Cir. 2004)................................................................................... 3, 4

*Lingle v. Norge Div. of Magic Chef, Inc.,*
   486 U.S. 399 (1988)................................................................................................. 3

*Mullins v. Int'l Union of Operating Eng'rs Local No. 77 AFL- CIO of Washington, D.C.*,
  214 F. Supp. 2d 655 (E.D. Va. 2002) ......................................................... 8

*Painting & Decorating Contractors Ass'n v. Painters & Decorators Joint Comm.*,
  707 F.2d 1067 (9th Cir. 1983) ................................................................. 8

*Phillips v. Cnty. of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) .................................................................... 2

*Powers v. Cottrell, Inc.*,
  2012 WL 1393044 (M.D. Tenn. April 23, 2012) ....................................... 10

*Rycoline Prods., Inc. v. C&W Unltd.*,
  109 F.3d 883 (3d Cir. 1997) .................................................................... 2

*Shiflett v. I.T.O. Corp. of Baltimore*,
  2000 WL 14214 (4th Cir. 2000) ............................................................... 8

*Stringer v. Nat'l Football League*,
  474 F. Supp. 2d 894 (S.D. Ohio 2007) ........................................... 1, 4, 5, 6

*Trans Penn Wax Corp. v. McCandless*,
  50 F.3d 217 (3d Cir. 1995) ...................................................................... 3

*Wilkes-Barre Pub. Co. v. Newspaper Guild of Wilkes-Barre, Local 120*,
  647 F.2d 372 (3d Cir. 1981) .................................................................... 8

*Wolf v. Rawlings Sporting Goods Co., Inc.*,
  2010 WL 4456984 (S.D.N.Y. Oct. 26, 2010) .............................................. 9

## STATUTES

29 U.S.C. § 141 .......................................................................................... 1

Fed. R. Civ. P. 15(a). ................................................................................ 11

## INTRODUCTION

The Riddell Defendants ask this Court to dismiss player-Plaintiffs' ("Players") negligence and strict liability claims, arguing that these claims are "inextricably intertwined" with provisions of several collective bargaining agreements ("CBAs") to which Riddell was not even a party.  The Court should deny the Riddell Defendants' Motion to Dismiss for the following reasons.  First, the duties of the Riddell Defendants – non-signatories of any CBAs – to this group of Players that brought claims against them arise strictly and entirely from state law.  Evidence necessary to establish these particular Plaintiffs' state law claims against the Riddell Defendants does not involve interpretation of any CBAs.  *See Stringer v. Nat'l Football League*, 474 F. Supp. 2d 894, 914-15 (S.D. Ohio 2007).  Second, the bare fact that Players' claims against the Riddell Defendants involve safety issues and that the CBAs also provide for some other, tangential at best, player safety issues does not render these claims and the CBA provisions "inextricably intertwined."  Indeed, not only are they not *inextricably* intertwined, they are not intertwined at all.  Third, the claims of any player whose entire NFL career occurred either prior to 1968 or between 1987 and 1993 should not be preempted because there was no CBA in effect during those time periods.

Accordingly, this Court should flatly reject the Riddell Defendants' far-fetched arguments that this particular group of Players' claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 141, *et seq.* ("LMRA") and deny the Riddell Defendants' Motion to Dismiss in its entirety.  In the alternative, Plaintiffs respectfully request leave to amend if the Court is inclined to grant any part of the Riddell Defendants' Motion to Dismiss.

## THE COURT SHOULD DENY THE
## RIDDELL DEFENDANTS' MOTION TO DISMISS IN ITS ENTIRETY

Preemption is an affirmative defense on which the Riddell Defendants bear the burden of proof. *See Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 230 (3d Cir. 2001). A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is not the "proper vehicle" for adjudicating such a defense unless it is "apparent on the face of the complaint." *Rycoline Prods., Inc. v. C&W Unltd.*, 109 F.3d 883, 886 (3d Cir. 1997) (internal quotations omitted). In determining whether the Riddell Defendants' preemption defense appears from the face of the Players' allegations, this Court should construe those allegations "in the light most favorable" to Players. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal is proper only if the Riddell Defendants can show that Players' allegations, so construed, are clearly preempted by § 301. *See DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 2012 WL 748760, at *10-11 (E.D.N.Y. Mar. 7, 2012) (denying motion to dismiss based on Section 301 as "premature" because it was "unclear" whether CBA interpretation was required).

**I.     The LMRA Does Not Preempt Players' Claims Against the Riddell Defendants Because the Claims Are Not Substantially Dependent nor Inextricably Intertwined on Interpretation of CBA provisions**

The Supreme Court has stated in relation to preemption under Section 301 of the LMRA:

> Of course, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law .... [I]t would be inconsistent with congressional intent under that section to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

*Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 211-12 (1985).

As this Court clearly noted, "[i]n order for there to be § 301 preemption, the plaintiff must plead an action that requires interpretation of the collective bargaining agreement." *Henderson v. Merck & Co., Inc.*, 998 F. Supp. 532, 536 (E.D. Pa. 1998) (Brody, J.) (citing

2

*Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)).  However, as this Court warned, in a case involving an *employer's* attempt at preemption,

> [t]he fact that as part of a defense to a state law contract action an employer might raise 'a federal question, even a § 301 question' does not mean that the claim is preempted by section 301 . . . Furthermore, '[n]ot every dispute concerning employment, or tangentially involving a provision of the collective bargaining agreement, is preempted by Section 301 or other provisions of federal labor law.' . . . However, when resolution of a state law claim is 'substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law.'

*Henderson*, 998 F. Supp. at 536-37 (internal citations omitted) (quoting *Caterpillar*, 482 U.S. 386); *see also Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 408 (1988) (preemption requires more than mere "parallelism" between a "state-law analysis" and a CBA).

The Third Circuit has held on more than one occasion that preemption under Section 301 is wholly improper where a plaintiff need not refer to a provision in a collective bargaining agreement in order to make out his or her claim.  *See Berda v. CBS Inc.*, 81 F.2d 20 (3d Cir. 1990) (holding that plaintiff's claims for breach of an individual employment contract, promissory estoppel, fraud, and negligent misrepresentation were not preempted under Section 301); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217 (3d Cir. 1995) (holding that plaintiffs' breach of contract, fraud, and intentional infliction of emotional distress claims were not preempted under Section 301).

In *Kline v. Sec. Guards, Inc.*, 386 F.3d 246 (3d Cir. 2004), the Third Circuit held that employees' negligence claims – alleging that their employer subjected them to unreasonable electronic surveillance – were not preempted because a court could "define the scope of the duties alleged to have been breached" without construing any specific

CBA provision. *Id.* at 261. Although the CBA was "part of the context in which [the employees'] claim must be addressed," Section 301 preemption was unjustified "in the absence of some substantial dispute over the meaning" of a CBA provision. *Id.* at 257. Because the employer identified no such interpretive dispute, and instead could show only that the employees' claims might "relate to a subject . . . contemplated by the CBA," the court rejected its preemption argument. *Id.* at 256.

Significantly, the Riddell Defendants' argument that some of the Players' claims against them are "inextricably intertwined" with CBAs between the NFL players union and the NFL has been litigated previously – *and rejected. Stringer*, 474 F. Supp. 2d at 914-15 (S.D. Ohio 2007). In *Stringer*, the plaintiff brought claims for negligence, strict products liability, breach of express or implied warranty, and failure to warn against Riddell alleging, *inter alia*, that Riddell helmets are unreasonably dangerous and not fit for their intended use. *See id.* at 913. The court in *Stringer* reasoned that:

> to determine whether a state-law tort claim is sufficiently "independent" to survive § 301 preemption, the Court must determine whether the right claimed by Plaintiff is created by the CBA or by state law and, if it is created by state law, whether proof of the state-law claim is substantially dependent on an analysis of the terms of the CBA or inextricably intertwined with it.

*Id*. at 914 (*citing DeCoe v. Gen. Motors Corp.*, 32 F.3d 212 (6th Cir. 1994)).

With regard to the first prong of this test, the *Stringer* court reasoned, in a fashion equally applicable to this case:

> The parties agree that Plaintiff's claims against the Riddell Defendants do not arise from the CBA. The Riddell Defendants are not parties to the CBA, and the CBA imposes no duty on them to provide safe equipment. Therefore, Plaintiff's claims against the Riddell Defendants are preempted only if their resolution is substantially dependent on an analysis of the terms of the CBA or inextricably intertwined with it.

*Id.*

4

Turning to the decisive question of whether the plaintiff's claims were substantially dependent on an analysis of the terms of the CBA or inextricably intertwined with it, the *Stringer* court emphatically rejected the Riddell Defendants' arguments, which are virtually identical and indistinguishable from those made in this case:

> The Riddell Defendants point out that the CBA establishes a Joint Committee to address issues of player safety, including the safety of equipment. This, however, is not enough. The question is not whether Plaintiff's claim relates to subject matter contemplated in the CBA but whether resolution of the claim requires an interpretation of the terms of the CBA. *See Kline v. Security Guards,* 386 F.3d 246, 256 (3d Cir. 2004). While the Joint Committee may be charged with discussing the safety of equipment, resolution of Plaintiff's product liability and negligence claims against the Riddell Defendants is not in any way dependent on an interpretation of the meaning of this CBA provision.

*Id.*

The Riddell Defendants in *Stringer* "concede[d] that, standing alone, Plaintiff's claims against them would not be preempted." *Id.* However, in an attempt to escape the implications of this concession, Riddell tried to convince the court that plaintiff's allegations that the NFL mandated use of Riddell helmets supported preemption of plaintiff's claims.[1] The *Stringer* court rejected this strained argument as well, essentially the identical argument raised once again in this case:

> As Plaintiff correctly points out, in order to recover on her claims against the Riddell Defendants, she does not need to show *why* Korey Stringer was wearing Riddell equipment. The fact that he may have been required, as a condition of his employment, to wear Riddell equipment is simply irrelevant to the question of whether that equipment was negligently designed or manufactured or unreasonably dangerous for its intended use.

*Id.* (emphasis in original).

Finally, the Riddell Defendants argued in *Stringer* that the CBAs would have to be interpreted in those proceedings to the extent that they contained requirements that players report

---

[1] Plaintiffs herein challenge the assertion that the NFL mandated the use of Riddell helmets.

to training camp and participate fully, undergo pre-season physical examinations, and be in
excellent physical condition in relation to the foreseeable risks of wearing a Riddell helmet.  *Id*.
at 914-15.  Riddell argued that preemption of the plaintiff's claims necessarily followed because
of these otherwise unrelated CBA provisions.  Once again, the *Stringer* court rejected this
strained argument flatly and succinctly:

> While these facts may be somewhat relevant to Plaintiff's design defect claim,
> resolution of that claim is not substantially dependent on an interpretation of any
> of the CBA provisions cited by Defendants.  The meaning of the CBA provisions
> that require the players to participate fully in training camp, undergo physical
> examinations, and be in excellent physical condition is not in dispute; ***therefore,
> the simple fact that the CBA might be consulted in resolving the design defect
> claim does not require preemption.***  [*Livadas v. Bradshaw*, 512 U.S. 107, 124
> (1994)].  These particular CBA provisions are tangential, at best, to Plaintiff's
> design defect claim.

*Id.* at 915 (emphasis added).  Hence, the court denied the Riddell Defendants' motion to dismiss
in relation to all of the plaintiff's claims against them.

In the instant case and as in *Stringer*, the Riddell Defendants do not attempt to assert that
these Players' claims against them arise from the CBA.  Instead, the Riddell Defendants argue
once again that this sub-group of Players' claims are inextricably intertwined with seventeen
different provisions they have now culled from several of the CBAs, each of which applied to
some but not all of the Players (and, of course, none of which applied to any of the spouse
Plaintiffs).

While the Riddell Defendants *in this action* have labored mightily to find even more
provisions from more CBAs that they claim must be "interpreted," the same argument they made
in *Stringer*, the bottom line is exactly the same.  Each and every one of these newly-unearthed
provisions is tangential, at best, to Players' claims against the Riddell Defendants.

6

Whether Riddell's helmets are defective and whether the Riddell Defendants were negligent are simply not questions that "are dependent" upon provisions within the CBAs, *e.g.*, each team required a board-certified orthopedic surgeon as a "Club physician," all trainers were required to be certified by the National Athletic Trainers Association, or home teams were charged with providing a physician and ambulance available to both teams.  The claims of the smaller group of Players who may have been bound by any particular set of CBA provisions ***when they played*, as opposed to those who were never parties to any CBA,** are not "inextricably intertwined" with such unrelated minutiae.

## II.    The Riddell Defendants' Cited Cases Are Neither Binding Authority nor Similar to the Instant Case Because they Do Not Involve Personal Injury Claims

The Riddell Defendants fail to even mention, let alone attempt to distinguish, *Caterpillar*, *Berda*, *Trans Penn Wax Corp.*, or *Kline*, decisions which are controlling authority in this Court.  Further, they do not cite a single case where state law, personal-injury claims have been preempted by the LMRA.  While the Riddell Defendants rely on cases where courts have found claims against a CBA non-signatory to be preempted under the "substantially dependent" or "inextricably intertwined" test, all of these cases are readily distinguishable from the present actions and, tellingly, none of them involve personal injury claims.

For example, in *Int'l Union, United Mine Workers of Am. v. Covenant Coal Corp.*, 977 F.2d 895 (4th Cir. 1992), the Fourth Circuit considered, *inter alia*, whether Section 301 preempted a union's state-law claims for tortious interference with a collective bargaining agreement against defendant Covenant Coal Corporation.  There, the union entered into CBAs with certain mine operators.  *Id.* at 896.  Covenant subsequently obtained coal production rights to mines run by these mine operators and then compelled them to repudiate their union contracts and resume operations on a non-union basis.  *Id.*  Because one of the elements of the state law

7

claim was the existence of intentional interference inducing or causing breach or termination of the CBA, wholly unlike this case, the court found that the CBA would have to be interpreted to determine if there was a breach. *Id.* at 899. As a result, the Fourth Circuit affirmed dismissal of state law claims.[2]

The Riddell Defendants also cite *Shiflett v. I.T.O. Corp. of Baltimore*, 2000 WL 14214 (4th Cir. 2000), where the plaintiff sued his former employer and former supervisor, a non-signatory to the governing collective bargaining agreement, for defamation, malicious prosecution, and false arrest in connection with his alleged act of stealing an auto part while he was working. The court dismissed plaintiff's claims as preempted under Section 301, and the Fourth Circuit affirmed, finding that resolution of the claims, wholly unlike this case, required interpretation of the relevant CBA, which specifically covered the issue of theft by employees. *Id.* at *5.

The Riddell Defendants further rely on *Mullins v. Int'l Union of Operating Eng'rs Local No. 77 AFL- CIO of Washington, D.C.*, 214 F. Supp. 2d 655 (E.D. Va. 2002), where a former employee sued her employer and former co-workers alleging, *inter alia*, defamation. The court granted the co-workers' motion for summary judgment, finding the defamation claims against them to be "inextricably intertwined with" the CBA because, unlike this case, the defamatory statements were made as a part of a union investigation, authorized by the CBA, of an employment termination. *Id*. at 668-69.

Finally, the Riddell Defendants cite *Atwater v. Nat'l Football League Players Ass'n*, 626 F.3d 1170 (11th Cir. 2010). In *Atwater*, the plaintiffs were former football players who had been

---

[2]Incidentally, the Third and Ninth Circuits have held that such a claim for tortious interference against a non-signatory to a CBA should <u>not</u> be preempted but is instead actionable under the LMRA. *See Wilkes-Barre Pub. Co. v. Newspaper Guild of Wilkes-Barre, Local 120*, 647 F.2d 372 (3d Cir. 1981), *cert. denied,* 454 U.S. 1143 (1982); *Painting & Decorating Contractors Ass'n v. Painters & Decorators Joint Comm.,* 707 F.2d 1067, 1070-71, n. 2 (9th Cir. 1983), *cert. denied,* 466 U.S. 927 (1984).

defrauded by financial advisors. *Id.* The former players brought suit against the NFL for negligence, negligent misrepresentation, and breach of fiduciary duty as a result of the NFL's inadequate background checks for the financial advisors. *Id.* The advisors were part of a "Financial Advisors Program" that, unlike this case, was created *specifically* as a result of a CBA provision that bound the NFL. This provision expressly stated that "players shall be solely responsible for their personal finances." *Id.* at 1176. In this circumstance, with the meaning of an express CBA provision at issue (which applied to *all* of the plaintiffs), the court held that the former players' claims were substantially dependent on interpretation of this specific provision of the CBA.

    None of these cases cited by the Riddell Defendants impacts the claims of the group of Players who were subject to provisions of particular CBAs. Their claims are based strictly upon state law duties and they are not, in any conceivable fashion, dependent upon any interpretation of any CBA provision which might apply to one or more of the Players.

    The Riddell Defendants cite one unpublished case involving personal injury claims, *Wolf v. Rawlings Sporting Goods Co., Inc.*, 2010 WL 4456984 (S.D.N.Y. Oct. 26, 2010), a decision that they characterize as holding that plaintiff's claims alleging head and neurological injuries purportedly due to his defective helmet "could not properly proceed in court." Riddell Defendants' Motion to Dismiss, ECF No. 3592-1 at 14. However, that case considered application of the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*), not the LMRA. *Wolf*, 2010 WL 4456984. at *1. Further, that decision was resolved on the basis of estoppel, not preemption. *Id.* at *2. Hence, it is entirely inapposite to the issues here.

    Other courts considering motions to preempt personal injury claims under the LMRA have found that preemption is not proper. *See, e.g., Powers v. Cottrell, Inc.*, 2012 WL 1393044

(M.D. Tenn. April 23, 2012) ("Here, Plaintiffs' claims are not dependent upon analysis of a CBA. Defendant's duties to Plaintiffs arise under state law (products liability, negligence and breach of warranty), not under a CBA. Plaintiffs' rights are created by state law, not by a CBA. The proof required to establish Plaintiffs' state law claims does not involve a CBA, and this is not an action for violation of a contract. Moreover, Defendant Cottrell is not a party to the CBA at issue and, thus, is not bound or restricted by it and has no rights or obligations thereunder. Its duties exist independent of the CBA and are duties owed to members of the public as a matter of state law."); *Johnson v. Auto Handling Corp.,* 2012 WL 761159 (E.D. Mo. March 8, 2012) (same).

Like *Powers* and *Johnson*, none of the Players' claims depends upon analysis of CBA provisions that applied to only some of the Players. The Riddell Defendants' duties to Players arise under state law, not under any CBA provision relating to their agreement with an unrelated party, the NFL. Similarly, Players' rights are dictated by state law, not by any CBA provision relating to their agreement with an unrelated party, the NFL.

The proof required to establish Plaintiffs' state law claims does not involve nor is it dependent upon any CBA provision. This is not an action for violation of a contract. Moreover, Riddell Defendants are not a party any CBA between the NFL and any of the Players and, thus, they are not and were not bound or restricted by these agreements and have no rights or obligations under them. Hence, there is no basis for preemption under the LMRA, and the Court should deny the Riddell Defendants' Motion.

**III.    The Claims of Any Player Whose Entire NFL Career Was Either Prior to 1968 or Between 1987 and 1993 Should Not be Preempted Because There Was No CBA in Effect During Those Time Periods**

The Riddell Defendants' arguments do not militate in favor of preemption of claims of Players who retired before 1968 as well as those whose careers fell entirely between 1987 and 1993.  No CBA was in effect during those time periods.  Hence, claims arising from head trauma occurring during those time periods have no relevance to any CBA.  *Cf. Dosier v Burns Int'l. Sec. Servs.*, 729 F. Supp. 695 (N.D. Cal. 1990) (finding no preemption of state law claims when no collective bargaining agreement was in force at the time of the acts complained).

**IV.    If the Court Is Inclined to Grant Any Part of the Riddell Defendants' Motion to Dismiss, the Court Should Grant Plaintiffs Leave to Amend**

If a responsive pleading has already been filed, the party seeking amendment may amend its pleading only by leave of court or written consent of the adverse party and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).  Permitting liberal amendment reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules.  *See Foman v. Davis*, 371 U.S. 178 (1962).

Plaintiffs have not amended their complaint following any order of this Court with respect to specific allegations contained within Plaintiffs' complaint.  Denying Plaintiffs the opportunity to do so would contravene the policy under Fed. R. Civ. P. 15, especially given that the Riddell Defendants have not demonstrated that permitting Plaintiffs to amend their complaint would unduly prejudice Defendants, cause delay, or be futile, or that Plaintiffs have acted in bad faith.  Therefore, Plaintiffs submit that any grant or partial grant of the Riddell Defendants' Motion to Dismiss should be done without prejudice to permit Plaintiffs leave to amend.

**CONCLUSION**

The Riddell Defendants' Motion to Dismiss Based on LMRA § 301 Preemption should

be denied.

Dated:  October 31, 2012                          Respectfully submitted,


Christopher Seeger                          /s/ Sol Weiss
SEEGER WEISS LLP                            Sol Weiss
77 Water Street                             ANAPOL SCHWARTZ
New York, New York 10005                    1710 Spruce Street
Phone:  (212) 584-0700                      Philadelphia, Pennsylvania 19103
Fax:  (212) 584-0799                        Phone:  (215) 735-1130
cseeger@seegerweiss.com                     Fax:  (215) 735-2024
                                            sweiss@anapolschwartz.com

                        *Plaintiffs' Co-Lead Counsel*

Jeannine Kenney (PA # 307635)
HAUSFELD LLP
1604 Locust Street
Second Floor
Philadelphia, Pennsylvania 19103
Phone:  (215) 985-3270
Fax:  (215) 985-3271
jkenney@hausfeldllp.com
*Plaintiffs' Liaison Counsel*
*On Behalf of All Undersigned*
*Counsel of Record*




                        *Plaintiffs' Co-Lead Counsel*

David Buchanan
SEEGER WEISS LLP                            Thomas V. Girardi
77 Water Street                             Graham B. LippSmith
New York, New York 10005                    GIRARDI KEESE
Phone:  (212) 584-0700                      1126 Wilshire Blvd
Fax:  (212) 584-0799                        Los Angeles, California 90017
dbuchanan@seegerweiss.com                   Phone:  (213) 977-0211

Fax:  (213) 481-1554
tgirardi@girardikeese.com
glippsmith@girardikeese.com

Larry E. Coben
ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, Pennsylvania 19103
Phone:  (215) 735-1130
Fax:  (215) 735-2024
lcoben@anapolschwartz.com

Michael D. Hausfeld
Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, D.C. 20006
Phone:  (202) 540-7200
Fax:  (202) 540-7201
mhausfeld@hausfeldllp.com
rlewis@hausfeldllp.com

Gene Locks
David D. Langfitt
LOCKS LAW FIRM
The Curtis Center
Suite 720 East
601 Walnut Street
Philadelphia, Pennsylvania 19106
Phone:  (215) 893-3434
Fax:  (215) 893-3444
glocks@lockslaw.com
dlangfitt@lockslaw.com

Steven C. Marks
Ricardo M. Martinez-Cid
PODHURST ORSECK P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, Florida 33130-1780
Phone:  (305) 358-2800
Fax:  (305) 358-2382
rmartinez-cid@podhurst.com
smarks@podhurst.com

*Plaintiffs' Executive Committee*

James R. Dugan, II
THE DUGAN LAW FIRM
One Canal Place, Suite 1000
365 Canal Street
New Orleans, Louisiana 70130
Phone:  (504) 648-0180
Fax:  (504) 648-0181
jdugan@dugan-lawfirm.com

Arnold Levin
LEVIN FISHBEIN SEDRAN
   & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106
Phone:  (215) 592-1500
Fax:  (215) 592-4663
alevin@lfsblaw.com

Dianne M. Nast
RODANAST, PC
801 Estelle Drive
Lancaster, Pennsylvania 17601
Phone:  (717) 892-3000
Fax:  (717) 892-1200
dnast@rodanast.com

Charles S. Zimmerman
ZIMMERMAN REED PLLP
1100 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Phone:  (612) 341-0400
Fax:  (612) 341-0844
charles.zimmerman@zimmreed.com

Derriel McCorvey
THE LAW OFFICE OF
   DERRIEL C. MCCORVEY, LLC
1115 W. Main Street, Suite 14
Lafayette, Louisiana 70501
Phone:  (337) 291-2431
Fax:  (337) 291-2433
derriel@mccorveylaw.com

Anthony Tarricone
KREINDLER & KREINDLER LLP
277 Dartmouth Street
Boston, Massachusetts 02116
Phone:  (617) 424-9100
Fax:  (617) 424-9120
atarricone@kreindler.com

Michael L. McGlamry
POPE, MCGLAMRY, KILPATRICK
   MORRISON & NORWOOD, P.C.
3455 Peachtree Road, NE
The Pinnacle, Suite 925
P.O. Box 191625 (31119-1625)
Atlanta, Georgia 30326-3243
Phone:  (404) 523-7706
Fax:  (404) 524-1648
efile@pmkm.com

David A. Rosen
ROSE, KLEIN & MARIAS LLP
801 South Grand Avenue, 11th Floor
Los Angeles, CA 90017-4645
Phone: (213) 626-0571
Fax: (213) 623-7755
d.rosen@rkmlaw.net

David S. Casey, Jr.
Fred Schenk
CASEY GERRY SCHENK
   FRANCAVILLA BLATT
   & PENFIELD LLP
110 Laurel Street
San Diego, California 92101-1486
Phone:  (619) 238-1811
Fax:  (619) 544-9232
dcasey@cglaw.com
fschenk@cglaw.com

*Plaintiffs' Steering Committee*