**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO<br><br>Plaintiffs' Amended Master Administrative Long-Form Complaint and the Applicable Associated Short-Form Complaints | |

**MEMORANDUM OF PLAINTIFFS IN OPPOSITION TO**
**RIDDELL DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF**
**MOTION TO SEVER**

Christopher Seeger
SEEGER WEISS LLP
77 Water Street
New York, New York 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Sol Weiss
ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, Pennsylvania 19103
Phone: (215) 735-1130
Fax: (215) 735-2024
sweiss@anapolschwartz.com

*Plaintiffs' Co-Lead Counsel*

*(Additional Counsel Listed On Signature Page)*

October 31, 2012

**INTRODUCTION**

The Riddell Defendants filed a Request for Judicial Notice in support of their Motion to Sever.  Plaintiffs object to this Court taking judicial notice of any facts at the present time since Riddell has failed to demonstrate that its helmets "changed considerably" between 1950 and 2011.  Additionally, although Plaintiffs do not dispute the date of incorporation of some of the Riddell Defendants, this Court cannot make a determination as to the purchase of liabilities or any other facts, including when any particular Riddell Defendant first opened for business.

**APPLICABLE LAW**

A court may take judicial notice of an adjudicative fact that is not subject to reasonable dispute.  Fed. R. Evid. 201(b).  A judicially-noticed fact must either be generally known within the jurisdiction of the trial court, or be capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  *In re Warfarin Sodium Antitrust Litig.,* 214 F.3d 395, 398 (3d Cir. 2000).  The effect of judicially noticing a fact is to preclude the opposing party from introducing contrary evidence and essentially direct a verdict against him as to the noticed fact.  *Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001) (citing *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)).

Moreover, evidence must be authenticated in order for the court to take judicial notice – the evidence must come from sources not reasonably subject to dispute.  *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007).  In *Victaulic*, the Third Circuit noted that "courts should be wary of finding judicially noticeable facts amongst all the fluff; private corporate websites, particularly when describing their own business, generally are not the sorts of sources whose accuracy cannot reasonably be questioned."  *Id.*  Additionally, while the Federal Rules of

1

Evidence allow a court to take judicial notice at any stage of a proceeding, the Third Circuit has warned that it should be "done sparingly at the pleadings stage." *Id.*

Rule 201(e) provides an opportunity to be heard on a request for judicial notice as follows: "On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." Fed. R. Evid. 201(e).

## THE COURT SHOULD NOT TAKE JUDICIAL NOTICE OF ANY ALLEGED CHANGES IN FOOTBALL HELMETS BETWEEN THE YEARS 1950 AND 2011

The Riddell Defendants ask this Court to take judicial notice that their football helmets have changed considerably over a period of sixty years. The basis of their request is founded on two sources: (1) Riddell's own website and (2) Plaintiffs' allegations in their Amended Master Administrative Complaint.

As a preliminary matter, judicial notice of the contents of the website is inappropriate. Courts may take judicial notice of publications introduced to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Premier Growth Fund v. Alliance Capital Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2001). The source that the Riddell Defendants offer in support of their request for judicial notice is Riddell's own Internet website, which is far from an authoritative text or treatise, let alone an indisputable fact.

The instant case deals with allegations that the Riddell helmets were defectively designed, unreasonably dangerous, and unsafe for their intended purpose because they did not provide adequate protection against the foreseeable risk of traumatic brain injury to Plaintiffs. The Riddell Defendants' self-serving statement that helmets have changed considerably attempts to take this issue entirely out of the hands of the fact-finder. It is highly unlikely that intricate

facts about the design detail and manufacturing process of Riddell helmets have made their way into realm of "common knowledge." How, why, and when a particular helmet is designed or used is not an adjudicative fact that is not subject to reasonable dispute pursuant to Federal Rule of Evidence 201(b). The characteristics of a helmet are not so well known to be deemed part of fact which those individuals within a territorial jurisdiction simply know. Moreover, the source that Riddell cites (*i.e.*, the Riddell Defendants' own website) is inherently biased and therefore, an inappropriate source for the Court to refer to for a judicially-noticed fact.

Like the facts in *Victaulic*, which the Third Circuit found were inappropriate for judicial notice, the facts that the Riddell Defendants propose in the instant case have been either generated by the Riddell Defendants themselves or are so interconnected with the Riddell Defendants that their accuracy is questionable. The facts that the Riddell Defendants hope to have this Court judicially notice cut right to the very core of Plaintiffs' claims and are more fairly labeled as "issues." Thus, these alleged facts must be tested and then either accepted or rejected by the trier of fact; they are subject to judicial notice by this Court.

As further support that their helmets have changed "considerably," the Riddell Defendants ask this Court to refer to allegations in Plaintiffs' Amended Master Administrative Complaint. Essentially, the Riddell Defendants ask this Court to accept as fact certain "issues," yet, curiously, they file a Motion to Sever to show that there is no commonality of facts. These requests defy common sense. The statement that helmets have "changed considerably" is simply not an adjudicative fact that cannot be reasonably questioned. Nor can the "fact" that helmets have "changed considerably" meet the high degree of indisputability requirement set forth in the Advisory Committee notes to Federal Rule of Evidence 201. Any determination of the extent of changes in helmets is not a readily-known fact that is ascertainable to the general public. The

allegations of Plaintiffs' Master Administrative Complaint simply state that the Riddell Defendants' helmets failed to ever warn of the later life cognitive effects of concussive injury. (ECF No. 2642 ¶ 410.)  This "issue" in and of itself illustrates that there was no change whatsoever to the Riddell helmets as it relates to providing a warning and/or language used therein.  Therefore, Riddell has not met its burden to require this Court to take judicial notice that their helmets have changed considerably over the years.

### THE COURT SHOULD NOT TAKE JUDICIAL NOTICE OF ANY FACTS BEYOND THE DATE OF INCORPORATION OF CERTAIN RIDDELL DEFENDANTS

The Riddell Defendants attached various Secretary of State filings to establish when certain Riddell Defendants were incorporated and "formed."  Plaintiffs have no objection to the dates of incorporation as illustrated.  However, it is premature for this Court to make a determination as to the formation of any company.  Facts from the discovery phase of this case will be used to illustrate, likely without question, when a company was formed and came into existence.  At that time, Plaintiffs will also discover when assets and liabilities of other Riddell Defendants were sold and purchased.  Accepting facts beyond the mere date of incorporation would result in this Court taking judicial notice of legal conclusions, thereby overreaching the purview of Federal Rule of Evidence 201(b).  Therefore, any determination as to any fact beyond when a company was incorporated using the public record filing system is inappropriate at this stage of the case.

### CONCLUSION

The Riddell Defendants' Request for Judicial Notice in support of Motion to Sever should be denied.

Dated:  October 31, 2012	Respectfully submitted,

                                                    /s/ Sol Weiss

| | |
|---|---|
| Christopher Seeger | Sol Weiss |
| SEEGER WEISS LLP | ANAPOL SCHWARTZ |
| 77 Water Street | 1710 Spruce Street |
| New York, New York 10005 | Philadelphia, Pennsylvania 19103 |
| Phone:  (212) 584-0700 | Phone:  (215) 735-1130 |
| Fax:  (212) 584-0799 | Fax:  (215) 735-2024 |
| cseeger@seegerweiss.com | sweiss@anapolschwartz.com |

*Plaintiffs' Co-Lead Counsel*

Jeannine Kenney (PA # 307635)
HAUSFELD LLP
1604 Locust Street
Second Floor
Philadelphia, Pennsylvania 19103
Phone:  (215) 985-3270
Fax:  (215) 985-3271
jkenney@hausfeldllp.com
*Plaintiffs' Liaison Counsel*
*On Behalf of All Undersigned*
*Counsel of Record*

David Buchanan
SEEGER WEISS LLP
77 Water Street
New York, New York 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
dbuchanan@seegerweiss.com

Gene Locks
David D. Langfitt
LOCKS LAW FIRM
The Curtis Center
Suite 720 East
601 Walnut Street
Philadelphia, Pennsylvania 19106
Phone: (215) 893-3434
Fax: (215) 893-3444
glocks@lockslaw.com
dlangfitt@lockslaw.com

Steven C. Marks
Ricardo M. Martinez-Cid
PODHURST ORSECK P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, Florida 33130-1780
Phone: (305) 358-2800
Fax: (305) 358-2382
rmartinez-cid@podhurst.com
smarks@podhurst.com

Larry E. Coben
ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, Pennsylvania 19103
Phone: (215) 735-1130
Fax: (215) 735-2024
lcoben@anapolschwartz.com

Michael D. Hausfeld
Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, D.C. 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
mhausfeld@hausfeldllp.com
rlewis@hausfeldllp.com

*Plaintiffs' Executive Committee*

James R. Dugan, II
THE DUGAN LAW FIRM
One Canal Place, Suite 1000
365 Canal Street
New Orleans, Louisiana 70130
Phone:  (504) 648-0180
Fax:  (504) 648-0181
jdugan@dugan-lawfirm.com

Arnold Levin
LEVIN FISHBEIN SEDRAN
  & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106
Phone:  (215) 592-1500
Fax:  (215) 592-4663
alevin@lfsblaw.com

Dianne M. Nast
RODANAST, PC
801 Estelle Drive
Lancaster, Pennsylvania 17601
Phone:  (717) 892-3000
Fax:  (717) 892-1200
dnast@rodanast.com

Anthony Tarricone
KREINDLER & KREINDLER LLP
277 Dartmouth Street
Boston, Massachusetts 02116
Phone:  (617) 424-9100
Fax:  (617) 424-9120
atarricone@kreindler.com

Michael L. McGlamry
POPE, MCGLAMRY, KILPATRICK
  MORRISON & NORWOOD, P.C.
3455 Peachtree Road, NE
The Pinnacle, Suite 925
P.O. Box 191625 (31119-1625)
Atlanta, Georgia 30326-3243
Phone:  (404) 523-7706
Fax:  (404) 524-1648
efile@pmkm.com

David A. Rosen
ROSE, KLEIN & MARIAS LLP
801 South Grand Avenue, 11th Floor
Los Angeles, CA 90017-4645
Phone: (213) 626-0571
Fax: (213) 623-7755
d.rosen@rkmlaw.net

Charles S. Zimmerman
ZIMMERMAN REED PLLP
1100 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Phone:  (612) 341-0400
Fax:  (612) 341-0844
charles.zimmerman@zimmreed.com

David S. Casey, Jr.
Fred Schenk
CASEY GERRY SCHENK
  FRANCAVILLA BLATT
  & PENFIELD LLP
110 Laurel Street
San Diego, California 92101-1486
Phone:  (619) 238-1811
Fax:  (619) 544-9232
dcasey@cglaw.com
fschenk@cglaw.com

Derriel McCorvey
THE LAW OFFICE OF
  DERRIEL C. MCCORVEY, LLC
1115 W. Main Street, Suite 14
Lafayette, Louisiana 70501
Phone:  (337) 291-2431
Fax:  (337) 291-2433
derriel@mccorveylaw.com

*Plaintiffs' Steering Committee*