## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB    MDL No. 2323 |
| THIS DOCUMENT RELATES TO | |
| Plaintiffs' Amended Master Administrative Long-Form Complaint and the Applicable Associated Short-Form Complaints | |

## MEMORANDUM OF PLAINTIFFS IN OPPOSITION TO
## RIDDELL DEFENDANTS' MOTION TO SEVER

Christopher Seeger
SEEGER WEISS LLP
77 Water Street
New York, New York 10005
Phone:  (212) 584-0700
Fax:  (212) 584-0799
cseeger@seegerweiss.com

Sol Weiss
ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, Pennsylvania 19103
Phone:  (215) 735-1130
Fax:  (215) 735-2024
sweiss@anapolschwartz.com

*Plaintiffs' Co-Lead Counsel*

*(Additional Counsel Listed On Signature Page)*

October 31, 2012

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

THE COURT SHOULD DENY THE  RIDDELL DEFENDANTS' MOTION TO SEVER
IN ITS ENTIRETY ............................................................................................................. 2

  I.   Plaintiffs' Claims are Properly Joined Under Rule 20 ...................................................... 2

      A.  Plaintiffs Assert a Right to Relief Arising Out of the Same Series of Transactions
           or Occurrences ............................................................................................................. 3

      B.  Plaintiffs' Claims are Replete with Common Questions of Law and Fact .................. 7

  II.    Consideration of the Severance Issue is Premature and Any Potential Prejudice to
        Riddell is Outweighed by the Obvious Benefits in Efficiency, Fairness, and
        Promotion of Judicial Economy Served by Keeping These Cases Before this Court .... 9

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Air Crash off Long Island, N.Y. on July 17, 1996*,
  965 F. Supp. 5 (S.D.N.Y. 1997) .......................................................................... 10

*Barnhart v. Town of Parma*,
  252 F.R.D. 156 (W.D.N.Y. 2008) ......................................................................... 4

*Blesedell v. Mobil Oil Co.*,
  708 F. Supp. 1408 (S.D.N.Y. 1999) ...................................................................... 7

*Bridgeport Music, Inc. v. 11C Music*,
  202 F.R.D. 229 (M.D. Tenn. 2001) ....................................................................... 7

*Coffin v. S. Carolina Dep't of Social Servs.*,
  562 F. Supp. 579 (D.S.C. 1983) ............................................................................ 6

*Gideon v. Johns–Manville Sales Corp.*,
  761 F.2d 1129 (5th Cir. 1985) ............................................................................... 3

*Kearney v. Salomon Smith Barney, Inc.*,
  137 P.3d 914 (Cal. 2006) ....................................................................................... 8

*Kedra v. City of Philadelphia*,
  454 F. Supp. 652 (E.D. Pa. 1978) ..................................................................... 4, 6

*King v. Pepsi*,
  86 F.R.D. 4 (E.D. Pa. 1979) .................................................................................. 2

*League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*,
  558 F.2d 914 (9th Cir. 1977) ................................................................................. 3

*Montgomery v. STG Int'l, Inc.*,
  532 F. Supp. 2d 29 (D.D.C. 2008) ........................................................................ 4

*Mosley v. Gen. Motors Corp.*,
  497 F.2d 1330 (8th Cir. 1974) ..................................................................... 3, 4, 7, 9

*Puricelli v. CNA Ins. Co.*,
  185 F.R.D. 139 (S.D.N.Y. 1999) ........................................................................... 6

*Saval v. BL, Ltd.*,
  710 F.2d 1027 (4th Cir. 1983) ............................................................................... 7

*United Mine Workers of Am. v. Gibbs*,
  383 U.S. 715 (1966).................................................................................................................2

**STATUTES**

Fed. R. Civ. P. 2.........................................................................................................................2

Fed. R. Civ. P. 18.......................................................................................................................2

Fed. R. Civ. P. 20.......................................................................................................................2

Fed. R. Civ. P. 20(a)(1)..............................................................................................................2

Fed. R. Civ. P. 42.......................................................................................................................2

**OTHER AUTHORITIES**

7 C. Wright, Federal Practice and Procedure § 1653 (1972)....................................................3

7 C. Wright, Federal Practice and Procedure § 1652 (1972)....................................................3

## INTRODUCTION

The Riddell Defendants move this Court pursuant to Federal Rules of Civil Procedure 20 and 21 to sever hundreds of claims transferred to this Court by the Judicial Panel on Multidistrict Litigation, arguing that joinder of Plaintiffs' claims against them is improper under Rule 20.  The Riddell Defendants contend that even if joinder of Plaintiffs' claims under Rule 20 is proper, issues of prejudice and jury confusion militate in favor of severing each and every one of the hundreds of claims against Riddell, trying to force Plaintiffs to drop their claims or refile them in hundreds of individual actions in dozens of courts all over the country.  The Riddell Defendants complain that disparate factual and legal circumstances predominate over the common elements of Plaintiffs' claims, thus making severance of these cases mandatory.  However, each and every player-Plaintiff ("Player") was a football player in the NFL, wore a Riddell helmet at the NFL's behest, and suffered traumatic brain injury because of the defectiveness of the particular Riddell helmets that he wore.  Moreover, many Players' spouses, who are also Plaintiffs in these actions, bring loss of consortium claims as a direct result of consequences and effects in their martial relationships caused by brain injuries suffered by Players.

This Court should reject the Riddell Defendants' "divide and conquer" ploy. First, Plaintiffs' claims are properly joined under Rule 20 as Plaintiffs clearly assert a right to relief arising out of the same series of transactions or occurrences and Plaintiffs' claims are replete with common questions of law and fact.  Second, consideration of the severance issue is premature, and any potential prejudice to the Riddell Defendants is outweighed by obvious benefits in efficiency, fairness, and promotion of judicial economy by litigating these cases before this Court. Finally, joinder of Plaintiffs' claims is in complete accord with the purpose of Rule 20.  The relief sought by Riddell – simultaneous litigation of identical pre-trial issues in dozens of courts

in hundreds of individual actions all over the country – is so unwieldy and prejudicial that this Court should deny the Riddell Defendants' Motion outright.

Joinder of Plaintiffs' claims in this Court for pre-trial procedure is not only proper under the language of Rule 20 itself, but is also firmly in accord with the purposes of Rule 20, as well as the intent and effect of 28 U.S.C. § 1407.  Hence, this Court should deny the Riddell Defendants' Motion to Sever in its entirety.

### THE COURT SHOULD DENY THE RIDDELL DEFENDANTS' MOTION TO SEVER IN ITS ENTIRETY

**I.      Plaintiffs' Claims are Properly Joined Under Rule 20**

The Supreme Court has expressly and emphatically advised that, "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (citing Fed. R. Civ. P. 2, 18-20, 42); *see also King v. Pepsi*, 86 F.R.D. 4, 5 (E.D. Pa. 1979) ("This court recognizes the policy favoring the broadest possible scope of action consistent with fairness to the parties, strongly encouraging joinder of parties, claims and remedies . . . ") (citing *Gibbs*, 383 U.S. at 724).

Federal Rule of Civil Procedure ("Rule") 20 permits joinder in an action of multiple plaintiffs if:

> (A)    they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B)    any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

Rule 20 is to be "liberally construed" to achieve its specific purpose, which is "to promote trial convenience and expedite the final determination of disputes, ***thereby preventing***

*multiple lawsuits*."  *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974)

(emphasis added) (citing C. Wright, Federal Practice and Procedure § 1652 at 265 (1972));[1] *see*

*also League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir.

1977).  Indeed, the Fifth Circuit has evoked the perils that Rule 20 was expressly designed to

avoid:

> The case-by-case adjudication process will delay decision for years if not decades,
> burden both claimants and manufacturers with massive litigation costs, leave
> claimants uncertain about the possibilities of eventual recovery and manufacturers
> unable to determine their financial exposure, and clog judicial systems so that
> parties to other litigation are also denied speedy resolution of their disputes.

*Gideon v. Johns–Manville Sales Corp.,* 761 F.2d 1129, 1146 (5th Cir. 1985).  Because Plaintiffs'

claims clearly meet the requirements of joinder under Rule 20, this Court should not permit such

an inefficient and unfair fate to befall Plaintiffs.

### A.    Plaintiffs Assert a Right to Relief Arising Out of the Same Series of Transactions or Occurrences

Claims arise from the same transaction or occurrence or series of transactions or

occurrences simply if the claims are "logically related."  *Mosley*, 497 F.2d at 1333

("Accordingly, all 'logically related' events entitling a person to institute a legal action against

another generally are regarded as comprising a transaction or occurrence.") (citing 7 C. Wright,

Federal Practice and Procedure § 1653 at 270 (1972)).  Despite the Riddell Defendants' repeated

but erroneous assertions, the claims need not be identical.  The Eighth Circuit has cogently made

this point:

> In ascertaining whether a particular factual situation constitutes a single
> transaction or occurrence for purposes of Rule 20, a case by case approach is

---

[1] The Riddell Defendants quote the Court's opinion from *In re Diet Drugs Prods. Liab. Litig.*, 1999 WL 554584 (E.D. Pa. July 16, 1999), which in turn quotes this language from *Mosley*.  *See* Brief in Support of Riddell Defendant's Motion to Sever, ECF No. 3593-1 at 12.  However, both the Riddell Defendants and the *In re Diet Drugs* opinion omit the significant, modifying clause "thereby preventing multiple lawsuits."  *See id*; *In re Diet Drugs* at *3.

generally pursued.   7 C. Wright Federal Practice and Procedure § 1653 at 270 (1972).   No hard and fast rules have been established under the rule.   However, construction of the terms "transaction or occurrence" as used in the context of Rule 13(a) counterclaims offers some guide to the application of this test.   For the purposes of the latter rule,

> "Transaction" is a word of flexible meaning.  It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.

*Moore v. New York Cotton Exchange*, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926).  Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence.  7 C. Wright, Federal Practice and Procedure § 1653 at 270 (1972).  The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding.  Absolute identity of all events is unnecessary.

*Mosley*, 497 F.2d at 1333.

Although the Riddell Defendants fail to mention the "logical relationship" test even once in their Motion, this test has nonetheless been widely used by courts throughout the United States, including this Court.  *See, e.g., Kedra v. City of Philadelphia*, 454 F. Supp. 652, 662 (E.D. Pa. 1978) ("Although the events giving rise to plaintiffs' claims in this case occurred over a lengthy time period, they all are 'reasonably related.'"); *Barnhart v. Town of Parma*, 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (explaining that joinder does not depend upon existence of claims arising from the same incident or occurrence, but rather that the term "transaction" is a word of flexible meaning that may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship); *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 35 (D.D.C. 2008) ("Rule 20(a)'s first prong is met if the claims are logically related . . . .  This is a flexible test where the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties.) (internal citations and quotations omitted).

4

In the present actions, each and every Player was part of the same football league with the same rules and regulations, played the same sport, and suffered traumatic brain injury because of the defective helmets each player wore – helmets the NFL required Players to wear and which were manufactured, sold, and distributed by the Riddell Defendants.  Being in the business of providing sports equipment to the NFL, the Riddell Defendants not only provided each of the player Plaintiffs with a defective helmet, they also failed to warn Players that each and every helmet would not protect Players from latent traumatic brain injuries.

The Riddell Defendants largely rely on a number of unreported cases, claiming that mere uniformity of a defendant's conduct in relation to plaintiffs' harm is insufficient to meet the first prong of a Rule 20 analysis.  These cases mostly involve pharmaceuticals or medical devices.  Moreover and unsurprisingly, the Riddell Defendants also emphasize individualized details relating to each Player in an attempt to distinguish Players' claims from one other.  For example, the Riddell Defendants point to different makes and models of helmets that Players wore, possible modifications to helmets that could have occurred, conditions of helmets, availability of alternative designs and technology, warnings and information available, and differing player experience and football positions as evidence that each Player's claims is entirely distinct from that of other Players.  But such a litany of idiosyncratic differences can be cited by defendants in any mass tort case.  No joinder would ever be possible if a focus on such differences was the operative test for joinder.  And, as discussed, it assuredly is not.  The Riddell Defendants downplay the manifestly logical and reasonable relationship that binds the claims of all Players and spouse Plaintiffs, namely that Players were professional athletes playing the same sport in a unique sports league that required them to play that sport with uniformly defective Riddell

helmets, and they all suffered the same latent brain injury that adversely affected their lives, health, and personal relationships.

The relevant decisional law, including holdings by this very Court, expressly conclude that similarity of a defendant's actions against plaintiffs is sufficient to demonstrate the same series of transactions necessary to support joinder. *Coffin v. S. Carolina Dep't of Social Servs.*, 562 F. Supp. 579, 592 (D.S.C. 1983) (holding joinder to be proper where all plaintiffs were victims of the same age employment discrimination).

Such reasoning is notably found in this Court's holding in *Kedra v. City of Philadelphia*, denying severance in a complex 28 U.S.C. § 1983 case:

> The complaint sets forth a series of alleged unlawful detentions, searches, beatings and similar occurrences and charges defendants with "engag[ing] in a systematic pattern of harassment, threats and coercion with the intention of . . . depriving plaintiffs of (their) rights"; each of the incidents set forth is encompassed within the "systematic pattern." There is no logical reason why the systematic conduct alleged could not extend over a lengthy time period and, on the face of these allegations, there is nothing about the extended time span that attenuates the factual relationship among all of these events. The claims against the defendants "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" for purposes of Rule 20(a), and therefore joinder of defendants in this case is proper.

*Kedra*, 454 F. Supp. at 662; *see also Puricelli v. CNA Ins. Co.*, 185 F.R.D. 139, 143 (S.D.N.Y. 1999) ("Plaintiffs have satisfied the 'same transaction or occurrence' prong of the Rule 20(a) analysis. Despite the differences in the factual underpinnings of their respective claims, plaintiffs have alleged a pattern of conduct, commencing after the takeover of Continental, which discriminated against them on the basis of age.").

Using this same approach, this Court should find that Plaintiffs' actions arise out of the same series of transactions or occurrences because the defective quality of Riddell's helmets

uniformly caused  Players' brain injuries, and because the spouse Plaintiffs were universally harmed because of these injuries to their spouses.

The decisions relied upon by the Riddell Defendants are easily distinguishable from the present actions because of the uniformity of the Riddell Defendants' tortious conduct toward Players, the similarity of facts surrounding the harm, *e.g.,* playing in the NFL while being required to and actually wearing a defective Riddell helmet, and the specificity of the harm involved, latent brain injury.[2]  Moreover, in the present actions, on information and belief, Riddell employees were present when Riddell's helmets were distributed to NFL players. Hence, this Court should find that Plaintiffs' actions arise out of the same series of transactions or occurrences.

### B.      Plaintiffs' Claims are Replete with Common Questions of Law and Fact

The second prong of the Rule 20 analysis, that all plaintiffs have a common question of fact or law that will arise in the action, is far less stringent than the same series of transactions prong.[3]  Significantly, "[t]he rule does not require that *all* questions of law and fact raised by the dispute be common.  On the contrary, Rule 20(a) provides for a joinder of parties if there is *any* question of law or fact common to all."  *Blesedell v. Mobil Oil Co.,* 708 F. Supp. 1408, 1422 (S.D.N.Y. 1999) (emphasis in original) (citing *Mosley*, 497 F.2d at 1334).

In all the instant actions, each and every Player was part of the same league, played the same sport subject to the same rules, and each suffered traumatic brain injury because of the

---

[2] The Riddell Defendants cite *Saval v. BL, Ltd.*, 710 F.2d 1027 (4th Cir. 1983), where the Fourth Circuit upheld severance of claims against defendants in relation to defective problems with automobiles.  However, the *Saval* court agreed with the district court that the plaintiffs in that case had "not demonstrated that any of the alleged similar problems resulted from a common defect."  *Id.* at 1031.  Here, the defect is clearly and unquestionably a common one, *i.e.,* Riddell's uniform failure to warn of long-term effects of repetitive head trauma while wearing Riddell helmets.

[3] Indeed, as the Middle District of Tennessee has stated, the common question test is "usually easy to satisfy."  *Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 231 (M.D. Tenn. 2001).

defectiveness of the helmet that each Player was required to and did wear, which were all manufactured, sold, and distributed by the Riddell Defendants.  Additionally, each spouse Plaintiff was uniformly and adversely affected by the same brain injury to her spouse.

The facts concerning Riddell's failure to warn about latent brain injury are uniform for all Plaintiffs' claims (as they are for Plaintiffs' claims against Riddell's co-Defendant, the NFL). Moreover, each Plaintiff has brought strict liability and negligence claims against Riddell, so all Players raise common factual and questions of helmet defect, duty, and breach, and most spouse Plaintiffs have brought claims for loss of consortium raising common questions of law and fact.

The Riddell Defendants do not seriously challenge the fact that Plaintiffs easily meet their burden under the common question requirement of Rule 20.  Nonetheless, they argue at length about largely irrelevant, potential factual variations between Players (while, notably, failing to discuss common issues of law and fact relating to spouse Plaintiffs at all).  The Riddell Defendants also speculate at length about potential choice of laws issues that might lead to potential dissimilarities in the law applicable to various claims.[4]  *See* Riddell Defendants' Brief in Support, ECF No. 3593-1 at 21-22.  However, these arguments do not change the underlying

---

[4] The fact that various state laws relating to product liability and negligent failure to warn may have to be researched and compared is not a reason militating against joinder.  If these cases were severed, an analysis of relevant law would have to be undertaken by courts in thirty-eight different jurisdictions in hundreds of cases.  That task can be accomplished more efficiently and effectively in one multi-district proceeding, which precisely serves the underlying purposes of joinder.  Moreover, under California's "government interest" choice of law analysis, which Riddell suggests would be used by this Court, this Court would only have to consider using non-California law if it found a true conflict among its law and that of another state:

> In brief outline, the governmental interest approach generally involves three steps.  First, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different.  Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists.  Third, if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law 'to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state'.

*Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914, 922 (Cal. 2006).  Hence, Riddell's contention concerning potential conflict of law issues is a red herring.

fact that Plaintiffs raise issues relating to a host of common facts concerning Riddell's liability, as well as a number of common issues of law, and, of course, joinder is appropriate if there is "*any*" such common issue, of *either* fact or law.  As the Eighth Circuit has stated in relation to joinder:

> The right to relief here depends on the ability to demonstrate that each of the plaintiffs was wronged by racially discriminatory policies on the part of the defendants . . .  The discriminatory character of the defendants' conduct is thus basic to each plaintiff's recovery.  The fact that each plaintiff may have suffered different effects from the alleged discrimination is immaterial for the purposes of determining the common question of law or fact.  Thus, we conclude that the second requisite for joinder under Rule 20(a) is also met by the complaint.

*Mosley,* 497 F.2d at 1334.  Raising numerous common issues of *both* fact and law in relation to their claims against the Riddell Defendants, the player and spouse Plaintiffs clearly satisfy the common issue requirement of Rule 20.  Despite alleged idiosyncratic differences that the Riddell Defendants point to among Plaintiffs, this Court will ultimately face at least one identical question in every case, *i.e.*, whether the Riddell Defendants are liable to Plaintiffs for injuries which stemmed from a common source:  Riddell's defective helmets.  Hence, Plaintiffs' claims against Riddell have been properly joined.

## II.   Consideration of the Severance Issue is Premature and Any Potential Prejudice to Riddell is Outweighed by the Obvious Benefits in Efficiency, Fairness, and Promotion of Judicial Economy Served by Keeping These Cases Before this Court

If this Court finds that Plaintiffs' claims are properly joined under Rule 20, the Riddell Defendants argue that this Court should *still* sever these cases because of concerns about prejudice and jury confusion.  *See* Riddell Defendants' Brief in Support, ECF No. 3593-1 at 25. However, these issues, even if meritorious, are matters for ***trial***, which were the courts' concerns in the cases cited by Riddell.

In the instant matters, the parties are in the early pre-trial stages of litigation, centralized in this Court by the Judicial Panel on Multidistrict Litigation for pre-trial procedure. "The purpose of 28 U.S.C. § 1407(a) is to 'promote the just and efficient conduct' of multidistrict actions, in part by 'eliminat[ing] the potential for conflicting contemporaneous rulings by coordinate district and appellate courts.'" *In re Air Crash off Long Island, N.Y. on July 17, 1996*, 965 F. Supp. 5, 7 (S.D.N.Y. 1997) (citations omitted). Any potential issues of possible prejudice to the Defendants at trial as a result of not severing Plaintiffs' claims are simply of no concern at this juncture, rendering the Riddell Defendants' Motion to sever premature.

The Riddell Defendants are attempting to "divide and conquer" Plaintiffs by forcing them to separately litigate each case in a different forum with various judges and the possibility of inconsistent rulings, entailing immeasurable burdens and duplicative expenditure of resources by individual plaintiffs in court after court. This proposal to force Plaintiffs to re-litigate common issues relating to Riddell's design, manufacture, and sale of helmets in case after case in multiple jurisdictions and different courts is simply inefficient. Keeping all of Plaintiffs' claims together for pretrial purposes is clearly the most efficient course of action; Plaintiffs and their counsel will be able to coordinate discovery and any pretrial motions can be made with a singular motion to avoid duplication and inconsistent rulings. The Riddell Defendants may be permitted to revisit the issue of severance for trial once pre-trial procedures are completed in this Court and the actions are remanded back to the transferor courts. But for now, their Motion to Sever should be denied.

## CONCLUSION

The Riddell Defendants' Motion to Sever should be denied.

Dated:  October 31, 2012                     Respectfully submitted,

| | |
|---|---|
| Christopher Seeger<br>SEEGER WEISS LLP<br>77 Water Street<br>New York, New York 10005<br>Phone:  (212) 584-0700<br>Fax:  (212) 584-0799<br>cseeger@seegerweiss.com | /s/ Sol Weiss<br>Sol Weiss<br>ANAPOL SCHWARTZ<br>1710 Spruce Street<br>Philadelphia, Pennsylvania 19103<br>Phone:  (215) 735-1130<br>Fax:  (215) 735-2024<br>sweiss@anapolschwartz.com |
| *Plaintiffs' Co-Lead Counsel* | |

Jeannine Kenney (PA # 307635)
HAUSFELD LLP
1604 Locust Street
Second Floor
Philadelphia, Pennsylvania 19103
Phone:  (215) 985-3270
Fax:  (215) 985-3271
jkenney@hausfeldllp.com
*Plaintiffs' Liaison Counsel*
*On Behalf of All Undersigned*
*Counsel of Record*

Thomas V. Girardi
Graham B. LippSmith
Celene S. Chan
GIRARDI KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017
Phone:  (213) 977-0211
Fax:  (213) 481-1554
tgirardi@girardikeese.com
glippsmith@girardikeese.com
cchan@girardikeese.com

David Buchanan
SEEGER WEISS LLP
77 Water Street
New York, New York 10005
Phone:  (212) 584-0700
Fax:  (212) 584-0799
dbuchanan@seegerweiss.com

Thomas V. Girardi
Graham B. LippSmith
GIRARDI KEESE
1126 Wilshire Blvd
Los Angeles, California 90017
Phone:  (213) 977-0211
Fax:  (213) 481-1554
tgirardi@girardikeese.com
glippsmith@girardikeese.com

Gene Locks
David D. Langfitt
LOCKS LAW FIRM
The Curtis Center
Suite 720 East
601 Walnut Street
Philadelphia, Pennsylvania 19106
Phone:  (215) 893-3434
Fax:  (215) 893-3444
glocks@lockslaw.com
dlangfitt@lockslaw.com

Larry E. Coben
ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, Pennsylvania 19103
Phone:  (215) 735-1130
Fax:  (215) 735-2024
lcoben@anapolschwartz.com

Michael D. Hausfeld
Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, D.C. 20006
Phone:  (202) 540-7200
Fax:  (202) 540-7201
mhausfeld@hausfeldllp.com
rlewis@hausfeldllp.com

Steven C. Marks
Ricardo M. Martinez-Cid
PODHURST ORSECK P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, Florida 33130-1780
Phone:  (305) 358-2800
Fax:  (305) 358-2382
rmartinez-cid@podhurst.com
smarks@podhurst.com

*Plaintiffs' Executive Committee*

James R. Dugan, II
THE DUGAN LAW FIRM
One Canal Place, Suite 1000
365 Canal Street
New Orleans, Louisiana 70130
Phone:  (504) 648-0180
Fax:  (504) 648-0181
jdugan@dugan-lawfirm.com

Arnold Levin
LEVIN FISHBEIN SEDRAN
   & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106
Phone:  (215) 592-1500
Fax:  (215) 592-4663
alevin@lfsblaw.com

Dianne M. Nast
RODANAST, PC
801 Estelle Drive
Lancaster, Pennsylvania 17601
Phone:  (717) 892-3000
Fax:  (717) 892-1200
dnast@rodanast.com

Anthony Tarricone
KREINDLER & KREINDLER LLP
277 Dartmouth Street
Boston, Massachusetts 02116
Phone:  (617) 424-9100
Fax:  (617) 424-9120
atarricone@kreindler.com

Michael L. McGlamry
POPE, MCGLAMRY, KILPATRICK
   MORRISON & NORWOOD, P.C.
3455 Peachtree Road, NE
The Pinnacle, Suite 925
P.O. Box 191625 (31119-1625)
Atlanta, Georgia 30326-3243
Phone:  (404) 523-7706
Fax:  (404) 524-1648
efile@pmkm.com

David A. Rosen
ROSE, KLEIN & MARIAS LLP
801 South Grand Avenue, 11th Floor
Los Angeles, CA 90017-4645
Phone: (213) 626-0571
Fax: (213) 623-7755
d.rosen@rkmlaw.net

*Plaintiffs' Steering Committee*

Charles S. Zimmerman
ZIMMERMAN REED PLLP
1100 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Phone:  (612) 341-0400
Fax:  (612) 341-0844
charles.zimmerman@zimmreed.com

David S. Casey, Jr.
Fred Schenk
CASEY GERRY SCHENK
  FRANCAVILLA BLATT
  & PENFIELD LLP
110 Laurel Street
San Diego, California 92101-1486
Phone:  (619) 238-1811
Fax:  (619) 544-9232
dcasey@cglaw.com
fschenk@cglaw.com

Derriel McCorvey
THE LAW OFFICE OF
  DERRIEL C. MCCORVEY, LLC
1115 W. Main Street, Suite 14
Lafayette, Louisiana 70501
Phone:  (337) 291-2431
Fax:  (337) 291-2433
derriel@mccorveylaw.com

*Plaintiffs' Steering Committee*