UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO<br><br>All Actions | |

**MEMORANDUM OF PLAINTIFFS
IN OPPOSITION TO DEFENDANTS' MOTION
FOR EXTENSION OF PAGE LIMITS ON THEIR RELY BRIEFS**

Plaintiff Class Members respectfully submit this memorandum in opposition to the motion of the Defendants National League and NFL Properties LLC (collectively, the "Defendants") to enlarge the page limits on their reply briefs in support of their motions to dismiss the Amended Master Administrative Long-Form Complaint and the Master Administrative Class Action Complaint on preemption grounds.

The Defendants request leave to double the 15-page limit previously established by this Court for their reply briefs, seeking permission to file two, 30-page reply briefs (for a total of 60 pages of reply briefs). Because Defendants' request—which would supplement the 70 pages of initial briefing already submitted by Defendants in support of their two, nearly identical, motions to dismiss—is unwarranted and would provide a grossly unfair advantage to Defendants on their motions to dismiss, the Court should deny it. Alternatively, if the Court grants their motion, in light of the unfair advantage that such an enlargement would afford Defendants (130 pages of

total briefing by Defendants, versus 70 pages of response briefing by Plaintiffs), Plaintiffs respectfully request leave to file a sur-reply brief.[1]

Defendants' argument that "good cause exists" for their extraordinary request to double the page limits on their reply briefs is belied by the facts and relevant authorities. While case management order no. 2 generously allows Defendants 15 pages of briefing for their respective reply briefs (for a total of 30 pages), they now seek 30 pages for each of their two reply briefs. Such an enlargement would amount to an excessive doubling of the page limits on Defendants' reply papers, which would allow them to file 130 pages of total briefing on their two motions to dismiss, in contrast to Plaintiffs' 70 pages of total briefing.

Given that Plaintiffs' 35-page response briefs were not lengthy by ordinary standards and were only as long as Defendants' initial briefs and addressed solely the preemption issue raised by Defendants, we are somewhat perplexed over the purported need for twice the previously-allotted space for their reply briefs.[2] Defendants characterize the two Complaints at issue as long and containing multiple counts, yet they made no such argument when they sought a mere 5-

---

[1] On November 28, 2012, less than three weeks before the due date for their reply papers, Defendants' counsel sought the consent of Plaintiffs' counsel to a proposed request for leave to double the page limits of Defendants' reply briefs. Our response was not favorable because of the huge paper filings to date.

[2] That Plaintiffs' response briefs remained within the established page limitations of 35 pages further demonstrates that Defendants' conclusory references to the "complex" and "significantly important" nature of this case is an insufficient ground to support their request. *Cf. Dag Petroleum Suppliers, LLC v. BP P.L.C.*, 2006 WL 2345908, at *2 (E.D. Va. 2006) ("[Defendants'] conclusory references to the complexity of this case are an utterly insufficient basis to waive the page limitations imposed by the [court's] rules, especially when the briefs to which [Defendants] must respond are within those [established] page limitations[.]").

...

page extension of their opening briefs.³  Defendants also fail to state that an extraordinarily long reply brief is necessary to address any issue or factual assertion raised by Plaintiffs that is beyond the scope of arguments or facts set forth in Defendants' opening briefs (indeed, Defendants recognize federal preemption as being the sole issue).  Moreover, this Court was aware of, and presumably took into account, the nature of the claims and defenses in this litigation when it set the page limits for the briefs in its April 26, 2012 Order.

Defendants' "boiler plate" and conclusory argument that Courts routinely grant such requests where the parties must address "numerous issues" or the issues are "particularly complex or significant" seems misplaced.  Defendants' briefs in support of their motions to dismiss and Plaintiffs' responses address only <u>one</u> issue, namely, whether Plaintiffs' claims are preempted by federal law.  As such, Defendants' own arguments are inconsistent with their claim that the issues in this case are "numerous" or "complex."

Defendants fail to cite any precedent from this Court or other courts in this Circuit to support its motion.  To the contrary, that precedent and other authorities indicate that the general practice in this Court and others in this Circuit with respect to reply briefs is that they are disfavored and permitted only upon leave of the Court, and only then are usually limited to 5-10 pages at most (indicating that the 15-page limit previously established by the Court for reply briefs in this case is already an outside, generous limit).⁴  *See Brown v. Seven Seventeen HB*

---

³  Defendants point in part to the MDL status of this case (involving "claims of thousands of former NFL players") to justify their request for excessively long reply briefs.  But that rationale is contrary to the purposes of the MDL panel's centralization of proceedings in this Court, which included "promot[ing] the just and efficient conduct of the litigation" and "conserv[ing] the resources of the parties, their counsel and the judiciary."  *In re: Nat'l Football League Players' Concussion Injury Litig.*, 842 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012).

⁴  The Practices and Procedures of the Judges of this Court for reply briefs reflect these

*Philadelphia Corp. No. 2 ta Adam's Mark Hotel*, 2002 WL 31421924, at *5 n.2 (E.D. Pa. 2002) ("[r]eply briefs are generally not helpful and are discouraged by the court; as such, reply briefs cannot be filed without prior leave of court. A reply brief is limited to a maximum of seven (7) pages"); *Horton v. Nicholson*, 435 F. Supp. 2d 429, 437 (E.D. Pa. 2006) (noting Court's 10-page limit on reply briefs); E.D. Pa. R. Civ. P. 7.1(c) (reply briefs not permitted).[5]

In sum, Defendants have failed to establish that "good cause" exists to warrant an extraordinary doubling of the page limit for their reply briefs. Accordingly, the Court should deny Defendants' motion. In the alternative, in the event the Court grants the Defendants' motion, in light of the unfair advantage that such an enlargement would afford Defendants, the

---

restrictions (Judge Gardner: 7 page limit if leave granted): (Judge Yohn: 7 page limit); (Judge Rufe: 10 page limit if leave granted); (Judge Savage: 10 page limit); (Judge Davis: 10 page limit if leave granted); (Judge Brody: replies "encourage[d]"); (Judge Jones: 10 page limit if leave granted; leave for "good cause" necessary for more than 10); (Judge Goldberg: 10 page limit if leave granted); (Judge Sanchez: 10 page limit); (Judge Slomsky: 10 page limit); (Judge Baylson: 15 page limit); (Judge Pratter: replies "strongly discouraged"; 15 page limit; leave needed for more than 15); (Judge Bartle:15 page limit); (Judge Shapiro: replies "not encouraged" and permitted only by order or leave); (Judge Robreno: same); (Judge Joyner: same); (Judge Dalzell: same); (Judge Tucker: same); (Judge Surrick: replies allowed only if "absolutely necessary" and only if they draw attention to previously uncited authority): (Judge Stengel: only if leave granted); (Judge Padova: same).

[5] *See also Jackson v. City of Pittsburgh*, 2011 WL 3443951, at *8 n.12 (W.D. Pa. 2011) ("This Court's Practices and Procedures provide that "[t]he parties must seek leave of Court to file reply and sur-reply briefs and will be limited to five (5) pages, if leave is granted.") (citing *Practices and Procedures of Judge Nora Barry Fischer,* § II.B"); *Karakozova v. Univ. of Pittsburgh*, 2009 WL 3053720, at *1 n.1 (W.D. Pa. 2009) (citing "Practices and Procedures of Judge Arthur J. Schwab" and "stating 'The parties must seek leave of Court to file reply and sur-reply briefs and will be limited to five (5) pages if leave is granted.'"); *In Re Flonase Antitrust Litig*., 2010 WL 3562854, at *1 (E.D. Pa. 2010) (granting, in antitrust class certification context, parties 60 pages for opening briefs and 20 pages for a reply brief); *Chestnut Hill Academy v. Graphic Arts Mut. Ins. Co*., 2005 WL 1715660 (E.D. Pa. 2005) (court's scheduling order pertaining to summary judgment motion limited parties to reply briefs of seven pages); *Morrison v. Carpenter Technology Corp*., 2005 WL 435233, at *1 n.2 (E.D. Pa. 2005) (noting that "[i]n this District, there is no right to file a reply brief," that such briefs must be requested and authorized, and shall not exceed seven pages) (citing E.D. Pa. R. Civ. P. 7.1(c)), *aff'd on other grounds*, 193 F. App'x 148 (3rd Cir. Aug. 22, 2006).

Court should grant the Plaintiffs leave to file a sur-reply brief.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the Court deny the Defendants' Motion for Extension of Page Limits, or, alternatively, if the Court grants that motion, the Court should grant the Plaintiffs leave to file a sur-reply brief.

Dated:  December 7, 2012                    Respectfully Submitted:

*/s/ Christopher A. Seeger*
Christopher A. Seeger
**SEEGER WEISS LLP**
77 Water Street
New York, NY 10005
Phone:  (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com
***Plaintiffs' Co-Lead Counsel***

Sol Weiss
**ANAPOL SCHWARTZ**
1710 Spruce Street
Philadelphia, PA 19103
Phone: (215) 735-1130
Fax: (215) 735-2024
sweiss@anapolschwartz.com

*Plaintiffs' Co-Lead Counsel*

| | |
|---|---|
| David Buchanan<br>**SEEGER WEISS LLP**<br>77 Water Street<br>New York, NY 10005<br>Phone:  (212) 584-0700<br>Fax: (212) 584-0799<br>dbuchanan@seegerweiss.com | Larry E. Coben<br>**ANAPOL SCHWARTZ**<br>1710 Spruce Street<br>Philadelphia, PA 19103<br>Phone: (215) 735-1130<br>Fax: (215) 735-2024<br>lcoben@anapolschwartz.com |
| Thomas V. Girardi<br>Graham B. LippSmith<br>**GIRARDI KEESE**<br>1126 Wilshire Blvd<br>Los Angeles, CA 90017<br>Phone: (213) 977-0211<br>Fax: (213) 481-1554<br>tgirardi@girardikeese.com<br>glippsmith@girardikeese.com | Michael D. Hausfeld<br>Richard S. Lewis<br>**HAUSFELD LLP**<br>1700 K Street, N.W., Suite 650<br>Washington, D.C. 20006<br>Phone: (202) 540-7200<br>Fax: (202) 540-7201<br>mhausfeld@hausfeldllp.com<br>rlewis@hausfeldllp.com |
| Gene Locks<br>David D. Langfitt<br>**LOCKS LAW FIRM**<br>The Curtis Center<br>Suite 720 East<br>601 Walnut Street<br>Philadelphia, PA 19106<br>Phone: (215) 893-3434<br>Fax: (215) 893-3444<br>glocks@lockslaw.com<br>dlangfitt@lockslaw.com | Steven C. Marks<br>Ricardo M. Martinez-Cid<br>**PODHURST ORSECK P.A.**<br>City National Bank Building<br>25 W. Flagler Street, Suite 800<br>Miami, FL 33130-1780<br>Phone: (305) 358-2800<br>Fax: (305) 358-2382<br>rmartinez-cid@podhurst.com<br>smarks@podhurst.com |

*Plaintiffs' Executive Committee*

James R. Dugan, II
**THE DUGAN LAW FIRM**
One Canal Place, Suite 1000
365 Canal Street
New Orleans, LA 70130
Phone: (504) 648-0180
Fax: (504) 648-0181
jdugan@dugan-lawfirm.com

Arnold Levin
**LEVIN FISHBEIN SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com

Dianne M. Nast
**RODANAST, PC**
801 Estelle Drive
Lancaster, PA 17601
Phone: (717) 892-3000
Fax: (717) 892-1200
dnast@rodanast.com

Charles S. Zimmerman
**ZIMMERMAN REED PLLP**
1100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: (612) 341-0400
Fax: (612) 341-0844
charles.zimmerman@zimmreed.com

Anthony Tarricone
**KREINDLER & KREINDLER LLP**
277 Dartmouth Street
Boston, MA 02116
Phone: (617) 424-9100
Fax: (617) 424-9120
atarricone@kreindler.com

Michael L. McGlamry
**POPE, MCGLAMRY, KILPATRICK MORRISON & NORWOOD, P.C.**
3455 Peachtree Road, NE
The Pinnacle, Suite 925
P.O. Box 191625 (31119-1625)
Atlanta, GA 30326-3243
Phone: (404) 523-7706
Fax: (404) 524-1648
efile@pmkm.com

David A. Rosen
**ROSE, KLEIN & MARIAS LLP**
801 South Grand Avenue, 11th Floor
Los Angeles, CA 90017-4645
Phone: (213) 626-0571
Fax: (213) 623-7755
d.rosen@rkmlaw.net

Derriel McCorvey
**THE LAW FIRM OF DERRIEL C. MCCORVEY**
1115 W. Main Street, Suite 14
P.O. Box 2473
Lafayette, LA 70501
Phone: (337) 291-2431
derriel@mccorveylaw.com

David S. Casey, Jr.
Fred Schenk
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP**
110 Laurel Street
San Diego, CA  92101-1486
Phone: (619) 238-1811
Fax: (619) 544-9232
dcasey@cglaw.com
fschenk@cglaw.com

*Plaintiffs' Steering Committee*


Jeannine Kenney
**HAUSFELD LLP**
1604 Locust Street
Second Floor
Philadelphia, PA 19103
Telephone: (215) 985-3270
Facsimile: (215) 985-3271
jkenney@hausfeldllp.com

*Plaintiffs' Liaison Counsel*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE NATIONAL FOOTBALL PLAYERS' CONCUSSION INJURY LITIGATION | : No. 2:12-md-02323-AB :  : MDL No. 2323 |
| THIS DOCUMENT RELATES TO: All Actions | : : : : |

### CERTIFICATE OF SERVICE

     I hereby certify that on December 7, 2012, pursuant to paragraph 8 of Case Management Order No. 1 (ECF No. 4), the foregoing Plaintiffs' Opposition to Defendants' Motion for Extension of Page Limits of Their Reply Briefs was served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the above captioned matter.

                                              */s/ Christopher A. Seeger*
                                              Christopher A. Seeger
                                              **SEEGER WEISS LLP**
                                              77 Water Street
                                              New York, NY 10005
                                              212-584-0700 (phone)
                                              212-584-0799 (fax)
                                              cseeger@seegerweiss.com