UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>Short-Form Complaints in<br><br>*Maxwell* v. *Nat'l Football League*,<br>No. 12-cv-1023;<br>*Pear* v. *Nat'l Football League*,<br>No. 12-cv-1025;<br>*Monk* v. *Nat'l Football League*,<br>No. 12-cv-3533;<br>*Henderson* v. *Nat'l Football League*,<br>No. 12-cv-3534;<br>*Kuechenberg* v. *Nat'l Football League*,<br>No. 12-cv-3535;<br>*Scott* v. *Nat'l Football League*,<br>No. 12-cv-4241;<br>*Kapp* v. *Nat'l Football League*,<br>No. 12-cv-4575;<br>*Bauman* v. *Nat'l Football League*,<br>No. 12-cv-4576;<br>*Duerson* v. *Nat'l Football League*,<br>No. 12-cv-4631;<br>*Andrews* v. *Nat'l Football League*,<br>No. 12-cv-4632<br>*Hoover* v. *Nat'l Football League*,<br>No. 12-cv-5209;<br>*Bailey* v. *Nat'l Football League*,<br>No. 12-cv-5372;<br>*Centers* v. *Nat'l Football League*,<br>No. 12-cv-5402 | |

**REPLY MEMORANDUM OF LAW OF DEFENDANTS
NATIONAL FOOTBALL LEAGUE AND NFL PROPERTIES LLC
IN FURTHER SUPPORT OF MOTION TO DISMISS ADDITIONAL
<u>CAUSES OF ACTION PLED IN CERTAIN SHORT-FORM COMPLAINTS</u>**

Defendants National Football League ("NFL") and NFL Properties LLC ("NFLP," and together with the NFL, the "NFL Defendants") respectfully submit this reply memorandum in support of their motion to dismiss, on preemption grounds, and in response to the Memorandum of Certain Plaintiffs[1] in Opposition to Defendants National Football League's and NFL Properties LLC's Motion to Dismiss Concerning Additional Cause of Action Pled in Short Form Complaints (the "Short-Form Opp."). (*See* ECF Dkt. No. 4132 (Oct. 31, 2012).)

**Preliminary Statement**

The NFL Defendants' moving brief and reply brief in further support of their motion to dismiss Plaintiffs' Amended Master Long-Form Complaint (the "MAC") demonstrate that this action—including additional claims that certain individual Plaintiffs purported to bring through the Short-Form Complaint process—is fundamentally a labor dispute preempted by section 301 of the Labor Management Relations Act ("LMRA") and should be dismissed. In response, the *Maxwell* Plaintiffs—who purport to bring additional claims in their Short-Form Complaints—have filed an opposition to the NFL Defendants' motion to dismiss, arguing that those claims are not preempted. (*See* Short-Form Opp. at 1.) For the reasons set forth in the NFL Defendants' moving and reply briefs in support of their motion to dismiss the MAC, and those set forth below, the *Maxwell* Plaintiffs' arguments against preemption are unavailing.

**Argument**

In their Short-Form Opposition, the *Maxwell* Plaintiffs argue that their additional cause of action—allegedly stemming from the NFL Defendants licensing and providing Riddell helmets to Plaintiffs—"does not arise out of the CBA and therefore is not preempted." (Short-Form Opposition, at 1.) But, as the NFL's moving and reply briefs showed, to resolve whether

---

[1]  For convenience, the NFL Defendants refer to these Plaintiffs as the "*Maxwell* Plaintiffs."

the NFL Defendants breached a purported "duty to ensure that the helmets they licensed, required and/or approved were of the highest possible quality and sufficient to protect the NFL players, including Plaintiffs,"[2] the Court would first need to interpret the terms of the collective bargaining agreements ("CBAs") that allocate responsibility for treating player injuries and implementing safety-related rules and regulations among the NFL, its Member Clubs, and the NFLPA. (*See* Defs. Br. at 14-26; Defs. Reply Br. 5-15.) Moreover, the CBAs established the Joint Committee on Player Safety and Welfare specifically to address, among other issues, "playing equipment." (Defs. Br. Ex. 4, 1977 CBA Art. XI; Ex. 5, 1982 CBA Art. XI; Ex. 6, 1993 CBA Art. XIII § 1(a); Ex. 10, 2006 CBA Art. XIII § 1(a); *see also* Ex. 3, 1970 CBA Art. V.) Thus, the scope of the NFL Defendants' alleged duty to license equipment that adequately protects players can only be assessed by reviewing and interpreting the Joint Committee's concomitant duty to discuss "playing equipment." Accordingly, the *Maxwell* Plaintiffs' "licensing" claim is preempted because its resolution substantially depends on an interpretation of the CBAs' numerous provisions addressing player health and safety. As the NFL's moving brief also showed, this claim is also preempted because it arises under the CBAs, which set forth the NFL's obligations concerning rule-making.

The *Maxwell* Plaintiffs' attempts to refute these arguments are unpersuasive.

First, the *Maxwell* Plaintiffs argue that the claim "is not preempted per *Stringer* v. *NFL*, 474 F. Supp. 2d 894 (S.D. Ohio 2007). (Short-Form Opp. at 1.) But, as the NFL Defendants argued in their moving brief, the decision in *Stringer* holding that a negligence claim against NFLP was not preempted was based on two faulty premises: The *Stringer* court failed

---

(*See* Short-Form Opp. at 1, n.1.)

[2] *See, e.g.*, Abrams Short-Form Compl. Attachment "A" ¶ 8 (July 11, 2012) (ECF Dkt. No. 976).

adequately to consider the role of the Joint Committee on Player Safety and Welfare and its effect on the scope of the duty owed by the NFL Defendants regarding equipment safety, and failed to consider that numerous provisions in the CBAs allocate responsibility to the NFL for implementing equipment-related rules. (Defs. Br. at 33-34 & n.15.) Plaintiffs do not address these flaws in their opposition.

Second, notwithstanding that the NFL Defendants established in their moving brief that it is of no moment that NFLP is not a signatory to the CBAs (Defs. Br. 33 n.14), the *Maxwell* Plaintiffs argue—without further support—that their "licensing" claim is not preempted because NFLP "was not a party to any CBAs." (Short-Form Opp. at 3.) As the NFL Defendant's moving brief showed, that NFLP is not a signatory to the CBAs "is not dispositive" because the "relevant question for preemption purposes is . . . whether Plaintiffs' state-law claims . . . would require the court to apply or interpret the CBA." *Atwater* v. *Nat'l Football League Players Ass'n*, 626 F.3d 1170, 1177-78 (11th Cir. 2010); *see id.* (noting that "courts have governed their determinations on . . . preemption by the necessity of referring to a CBA for resolution of the claim rather than by the individual status of the defendant") (internal quotations omitted). Nowhere in their opposition do the *Maxwell* Plaintiffs address this argument.

\* \* \* \*

Certain other individual Plaintiffs, through the Short-Form Complaint process, purport to bring additional claims beyond those addressed in the instant opposition, including claims for alleged "negligence-monopolist," negligent and intentional infliction of emotional distress, and gross negligence.[3] None avoids the preemptive effect of the LMRA. As the NFL

---

[3] *See, e.g.*, *Scott* v. *Nat'l Football League*, No. 12-cv-4241, Aug. 10, 2012, Short-Form Complaint ¶ 17 (E.D. Pa.) (ECF Dkt. No. 2) ("negligence-monopolist"); Ricks Short-Form Complaint ¶ 17 (Aug. 28, 2012) (ECF Dkt. No. 3520) ("negligence-monopolist"); *Centers* v.

Defendants' moving brief established, these additional claims—each premised on theories of negligence or fraud—are also preempted. (*See* Defs. Br. at 23 n.12.) Claims for negligent and intentional infliction of emotional distress are preempted for an additional reason: a court cannot determine if the alleged conduct is "outrageous" without interpreting the CBAs to determine the relationship of the parties and the conduct authorized by the CBA. *See Smith* v. *Houston Oilers, Inc.*, 87 F.3d 717, 719-20 (5th Cir. 1996) (intentional infliction of emotional distress claim preempted); *Givens* v. *Tennessee Football, Inc.*, 684 F. Supp. 2d 985, 991 (M.D. Tenn. 2010) (negligent infliction of emotional distress claim preempted). As the individual Plaintiffs purporting to bring these additional claims offer no basis to refute this showing, these claims should be dismissed.

## Conclusion

For the foregoing reasons, and those set forth in the NFL Defendants' moving papers, the NFL Defendants respectfully submit that section 301 preempts the *Maxwell* Plaintiffs' claims, which should be dismissed with prejudice.

---

*Nat'l Football League*, No. 12-cv-5042, Sept. 4, 2012, Short-Form Complaint ¶ 17 (E.D. Pa.) (ECF Dkt. No. 2) ("negligence-monopolist"); Beasley Short-Form Complaint ¶ 17 (Sept. 6, 2012) (ECF Dkt. No. 3655) (negligent and intentional infliction of emotional distress); Branch Short-Form Complaint ¶ 17 (Sept. 27, 2012) (ECF Dkt. No. 3833) (gross negligence); Duerson Short-Form Complaint ¶ 17 (Oct. 29, 2012) (ECF. Dkt. No. 4106) (purporting to attach entire state court complaint as additional claims).

Dated: December 17, 2012

                                  Respectfully submitted,

                                    */s/ Brad S. Karp*
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Brad S. Karp
Theodore V. Wells, Jr.
Beth A. Wilkinson
Lynn B. Bayard
1285 Avenue of the Americas
New York, NY 10019-6064
Tel:  (212) 373-3000

BANCROFT PLLC
Paul D. Clement
1919 M Street, N.W., Suite 470
Washington, D.C. 20036
Tel:  (202) 234-0090

DECHERT LLP
Judy L. Leone (Pa. Atty. ID 41165)
Robert C. Heim (Pa. Atty. ID 15758)
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
Tel:  (215) 994-4000

DUANE MORRIS LLP
John J. Soroko (Pa. Atty. ID 25987)
Dana B. Klinges (Pa. Atty. ID 57943)
30 South 17th Street
Philadelphia, PA  19103-4196
Tel:  (215) 979-1000

*Attorneys for the National Football League and NFL Properties LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Certificate of Service** |
| THIS DOCUMENT RELATES TO:<br>*Maxwell* v. *Nat'l Football League*, No. 12-cv-1023;<br>*Pear* v. *Nat'l Football League*, No. 12-cv-1025;<br>*Monk* v. *Nat'l Football League*, No. 12-cv-3533;<br>*Henderson* v. *Nat'l Football League*, No. 12-cv-3534;<br>*Kuechenberg* v. *Nat'l Football League*, No. 12-cv-3535;<br>*Scott* v. *Nat'l Football League*, No. 12-cv-4241;<br>*Kapp* v. *Nat'l Football League*, No. 12-cv-4575;<br>*Bauman* v. *Nat'l Football League*, No. 12-cv-4576;<br>*Duerson* v. *Nat'l Football League*, No. 12-cv-4631;<br>*Andrews* v. *Nat'l Football League*, No. 12-cv-4632<br>*Hoover* v. *Nat'l Football League*, No. 12-cv-5209;<br>*Bailey* v. *Nat'l Football League*, No. 12-cv-5372;<br>*Centers* v. *Nat'l Football League*, No. 12-cv-5402 | |

I hereby certify that on December 17, 2012, I caused a true and correct copy of the foregoing REPLY MEMORANDUM OF LAW OF DEFENDANTS NATIONAL FOOTBALL LEAGUE AND NFL PROPERTIES LLC IN FURTHER SUPPORT OF MOTION TO DISMISS ADDITIONAL CAUSES OF ACTION PLED IN CERTAIN SHORT-FORM COMPLAINTS to be filed via CM/ECF system, which caused notice to be sent to all counsel of record.

Dated: December 17, 2012

/s/ Nathan M. McClellan
Nathan M. McClellan
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Tel:    (215) 994-2436

*Attorney for the National Football League and NFL Properties LLC*