UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY LITIGATION

| | |
|---|---|
| Curtis McClinton, Jr. v. National Football League, et al., W.D. Missouri, C.A. No. 4:12-01275 <br> William H. Mathis, Jr., et al. v. The National Football League, et al., S.D. New York, 1:12-08284 | MDL No. 2323 |

### TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs move to vacate our orders conditionally transferring their actions to MDL No. 2323. Defendants National Football League, Inc. and NFL Properties, LLC (together, the "NFL") oppose the motions to vacate.

The actions comprising MDL No. 2323 involve allegations that the NFL is liable for injuries sustained while plaintiffs were playing professional football, including damages resulting from the permanent long-term effects of concussions. In general, plaintiffs allege that the NFL failed to warn and protect NFL players against the long-term brain injury risks associated with football-related concussions and to regulate the sport so as to minimize the risk of such long-term injuries. *See In re: Nat'l Football League Players' Concussion Injury Litig.*, 842 F. Supp. 2d 1378 (J.P.M.L. 2012). Plaintiffs in these actions argue that their actions are not appropriate for inclusion in MDL No. 2323 because federal subject matter jurisdiction is lacking and transfer would inconvenience plaintiffs.

After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2323, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the MDL No. 2323 actions, the *McClinton* and *Mathis* actions involve allegations that defendants are liable for, *inter alia*, failing to warn and protect players from the long-term risk of concussions and sub-concussive injuries. The Panel has often held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge. *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Indeed, the jurisdictional issues presented by plaintiffs' motions to remand are also implicated in the NFL's motion to dismiss in MDL No. 2323. Transfer will allow a single court to efficiently and consistently address these issues.

---

[*]   Judge Lewis A. Kaplan took no part in the decision of this matter. Judge Kathryn H. Vratil took no part in the decision as to the *McClinton* action.

-2-

The Panel has repeatedly held that, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001). Plaintiffs' concerns regarding the preservation of evidence can be addressed to the transferee court.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Anita B. Brody for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil     W. Royal Furgeson, Jr.
Paul J. Barbadoro     Marjorie O. Rendell
Charles R. Breyer