#02329   TAD\WTG\hdd   1/8/13                                                                 2011N-0155

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>Plaintiffs' Master Administrative Long-Form Complaint and<br>**GERALD B. SULLIVAN; BRUCE W. HERRON; and RAYMOND D. AUSTIN** v. National Football League [et. al.],<br>No. <u>ILN/2:13-cv-00095-AB</u> | SHORT FORM COMPLAINT<br><br>IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br>JURY TRIAL DEMANDED |

## SHORT FORM COMPLAINT

1.  Plaintiff, GERALD B. SULLIVAN brings this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2.  Plaintiff is filing this short form complaint as required by this Court's Case Management Order No. 2, filed April 26, 2012.

3.  Plaintiff incorporates by reference the allegations (as designated below) of the Master Administrative Long-Form Complaint, as may be amended, as if fully set forth at length in his Short Form Complaint.

4.  Not applicable.

5.  Plaintiff, GERALD B. SULLIVAN, is a resident and citizen of Cook County, Illinois and claims damages as set forth below.

6. Not Applicable.

7. On information and belief, Plaintiff sustained repetitive, traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices. On information and belief, Plaintiff suffered from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts that the Plaintiff sustained during NFL games and/or practices. On information and belief, Plaintiff's symptoms arise from injuries that were latent and developed over time.

8. The original complaint by Plaintiff in this matter was filed in Cook County, Illinois and is attached hereto and incorporated hereto. If the case is remanded, it should be remanded to Cook County, Illinois.

9. Plaintiff claims damages as a result of:

√ Injury to Herself/Himself

☐ Injury to the Person Represented

☐ Wrongful death

☐ Survivorship Action

√ Economic Loss

☐ Loss of Services

☐ Loss of Consortium

10. Not Applicable.

11. Plaintiff reserves the right to object to federal jurisdiction.

## DEFENDANTS

12. Plaintiff brings this case against the following Defendants in this action:

√ National Football League

☐ NFL Properties, LLC

√ Riddell, Inc.

√ All American Sports, Inc. (d/b/a Riddell Sports Group, Inc.)

√ Riddell Sports Group, Inc.

√ Easton-Bell Sports, Inc.

√ Easton-Bell Sports, LLC

√ EB Sports Corporation

√ RBG Holdings Corporation

13. As to each of the Riddell Defendants references above, the claims asserted are: design defect and information defect.

14. The Plaintiff wore one or more of the helmets designed and/or manufactured by the Riddell Defendants during one or more years Plaintiff played in the NFL.

15. Plaintiff, GERALD B. SULLIVAN, played in the National Football League ("NFL") during 1974-1982 for the following teams: Cleveland Browns NFL franchise and Chicago Bears NFL franchise.

## CAUSES OF ACTION

16. Plaintiff adopts by reference the following Counts of the Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts:

√ Count I (Action for Declaratory Relief–Liability (Against the NFL))

√ Count II (Medical Monitoring (Against the NFL))

☐ Count III (Wrongful Death (Against the NFL))

√ Count IV (Fraudulent Concealment (Against NFL))

√ Count V (Fraud (Against NFL))

√ Count VI (Negligent Misrepresentation (Against NFL))

☐ Count VII (Negligence Pre-1968 (Against NFL))

√ Count VIII (Negligence Post-1968 (Against NFL))

☐ Count IX (Negligence 1987-1993 (Against NFL))

√ Count X (Negligence Post-1994 (Against NFL))

☐ Count XI (Loss of Consortium (Against NFL and Riddell Defendants))

√ Count XII (Negligent Hiring (Against NFL))

√ Count XIII (Negligent Retention (Against NFL))

√ Count XIV (Strict Liability for Design Defect (Against the Riddell Defendants))

☐ Count XV (Strict Liability for Manufacturing Defect (Against the Riddell Defendants))

√ Count XVI (Failure to Warn (Against the Riddell Defendants))

√ Count XVII (Negligence (Against the Riddell Defendants))

√ Count XVIII (Civil Conspiracy/Fraudulent Concealment (Against All the NFL Defendants))

17.  Plaintiff does not assert additional causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. An award of compensatory damages, the amount of which will be determined at trial;

B. For punitive and exemplary damages as applicable;

C. For all applicable statutory damages of the state whose laws will govern this action;

D. For medical monitoring, whether denominated as damages or in the form of equitable relief;

E. For an award of attorneys' fees and costs;

F. An award of prejudgment interest and costs of suit; and

G. An award of such other and further relief as the Court deems just and proper.

### JURY DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury.

Dated:

RESPECTFULLY SUBMITTED:

_William T. Gibbs_
William T. Gibbs

Thomas A. Demetrio
William T. Gibbs
Corboy & Demetrio, P.C.
Attorneys for Plaintiff
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
Firm I.D. No.02329