UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY LITIGATION
Patricia Abbruzzese v. The National Football League,　　　)
　　et al., S.D. New York, 1:12-09250　　　　　　　　　　　　　　MDL No. 2323


## TRANSFER ORDER

**Before the Panel:**[*]　Pursuant to Panel Rule 7.1, plaintiff moves to vacate our order conditionally transferring her action to MDL No. 2323. Defendants National Football League, Inc. and NFL Properties, LLC (together, the "NFL") oppose the motion to vacate.

The actions comprising MDL No. 2323 involve allegations that the NFL is liable for injuries sustained while plaintiffs were playing professional football, including damages resulting from the permanent long-term effects of concussions. In general, plaintiffs allege that the NFL failed to warn and protect NFL players against the long-term brain injury risks associated with football-related concussions and failed to regulate the sport so as to minimize the risk of such long-term injuries. *See In re: Nat'l Football League Players' Concussion Injury Litig.*, 842 F. Supp. 2d 1378 (J.P.M.L. 2012). Plaintiff in the *Abbruzzese* action argues that *Abbruzzese* is not appropriate for inclusion in MDL No. 2323 because federal subject matter jurisdiction is lacking and because the decedent retired from professional football before a collective bargaining agreement was in place.

After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2323, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the MDL No. 2323 actions, the *Abbruzzese* action involves allegations that defendants are liable for, *inter alia*, failing to warn and protect players from the long-term risk of concussions and sub-concussive injuries. The Panel has often held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge. *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Indeed, the jurisdictional issues presented by plaintiff are also implicated in the NFL's motion to dismiss in MDL No. 2323. Transfer will allow a single court to efficiently and consistently address these issues. Additionally, according to the NFL, MDL No. 2323 includes nearly 150 plaintiffs who retired before the enactment of any collective bargaining agreement. Moreover, the Panel has held that centralization "does not require a complete identity or even a majority of common factual issues

---

[*]　Judge John G. Heyburn II, Judge Lewis A. Kaplan, and Judge Marjorie O. Rendell took no part in the decision of this matter.

-2-

as a prerequisite to centralization," *In re: Zimmer Durom Hip Cup Prods. Liab. Litig.*, 717 F. Supp. 2d 1376, 1378 (J.P.M.L. 2010).

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Anita B. Brody for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.        Paul J. Barbadoro
Charles R. Breyer