# Exhibit A

2013 WL 466262
Only the Westlaw citation is currently available.
United States District Court,
E.D. Missouri,
Eastern Division.

Luther STANLEY, Plaintiff,
v.
COTTRELL, INC., Defendant.

No. 4:10CV1505 HEA.    |    Feb. 7, 2013.

**Attorneys and Law Firms**

Michael T. Blotevogel, Charles W. Armbruster, Armbruster and Dripps, LLC, Alton, IL, Douglas P. Dowd, Dowd and Dowd, P.C., St. Louis, MO, for Plaintiff.

Daniel J. Carpenter, Michael P. Downey, William Ray Price, Jr., Stephen N. Limbaugh, Sr., Amy J. Lorenz–Moser, Armstrong Teasdale, LLP, St. Louis, MO, for Defendant.

**Opinion**

*OPINION, MEMORANDUM AND ORDER*

HENRY EDWARD AUTREY, District Judge.

 **\*1**  This matter is before the Court on defendant Cottrell, Inc.'s Supplement to Motion for Summary Judgment on Preemption and Other Grounds, [Doc. No. 66]. Plaintiff opposes the Motion; Defendant has filed a reply. Defendant filed many supplements to this reply, and Plaintiff has responded accordingly.

*Factual Background* [1]

[1]    These facts are taken from Defendant's Statement of Material Facts Not in Dispute, and Plaintiff's Response to Defendant's Statement of Facts Pertaining to Its Motion for Summary Judgment.

At the time of his injury, Plaintiff was a Teamster car hauler for Allied Systems, Ltd.. Plaintiff worked pursuant to a collective bargaining agreement with his employer. Plaintiff voted to ratify the most recent CBA. Cottrell is not a signatory to the CBA. Plaintiff's employer Allied, who is a signatory to the CBA, is not a party to this action.

Since 1973, the CBA has had a Joint Health and Safety Committee provision, with the purpose to consult on "matters involving highway and equipment safety." According to Article 30 of the CBA, the Joint Health and Safety Committee was to review safety considerations relating to "proper steps, handholds, catwalks," etc, and furthermore, "safety considerations relating to feasibility of handrails and cables on headrack ramps, swing decks and upper decks of tractors and trailers." The Committee was to report its recommendations to the National Joint Arbitration Committee by January 2004. This report was never actually made.

The CBA did not require or approve fall protection systems, nor did it prohibit their use. During the time that the CBA was in effect, both Plaintiff and other drivers at his terminal used trailers with fall protection systems. Defendant offered fall protection to its users in 2009 even though there was no change to the CBA.

After a fall from a Cottrell rig on September 26, 2008, Plaintiff filed this action against Defendant in August of 2010, alleging strict product liability and negligence.

*Arguments of the Parties*

The question of LMRA preemption has been extensively briefed, and both parties offer many arguments. Their essential claims are as follows:

Defendant contends that the parties to a CBA, under the freedom of contract fundamental to labor policy, can agree to the standard of care for determining whether a product "used on the CBA job" is reasonably safe for their use. Defendant declares that, accordingly, CBA interpretation is required to discern this standard of care, thus requiring LMRA preemption. Defendant also contends that its own defenses require CBA interpretation. Furthermore, Defendant contends that CBA party status is unnecessary for preemption to apply.

Plaintiff responds that his claims are not founded on rights created by the CBA, as both parties clearly have rights and obligations stemming from negligence and products liability law. Plaintiff further argues that the CBA did not prevent Defendant from designing reasonably safe rigs, which neither prohibited nor required fall protection in the first place, and

cites the lack of evidence that Defendant ever consulted the CBA. Similarly, Plaintiff points out that his employer had taken advantage of Defendant's offer to retrofit rigs with fall protection systems while the CBA was in effect, showing its irrelevance to Defendant's manufacturing decisions. Plaintiff also contends that Defendant cannot benefit from LMRA preemption when Cottrell is not a party to the CBA.

### Summary Judgment Standard

**\*2** The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir.2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir .2006).* The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir.1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell,* 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.' " *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); " 'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' " *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir.2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990.

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' " *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995) (quotations omitted). *Putman v. Unity Health Sys.,* 348 F.3d 732, 733–34 (8th Cir.2003). A party may not

merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the [party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Assocs. v. Jung* 422 F.3d 630, 638 (8th Cir.2005). Summary judgment is proper if a plaintiff fails to establish any element of the prima facie case. *Nesser v. Trans World Airlines, Inc.,* 160 F.3d 442, 444 (8th Cir.1998) (citing *Weber v. American Express Co.,* 994 F.2d 513, 515–16). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526–27 (8th Cir.2007). Summary judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kan. City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir.2006).

**\*3** Here, Defendant requests summary judgment on the grounds that Plaintiff's claims are preempted by Section 301 of the Labor–Management Relations Act.

### LMRA Preemption

Section 301 of the Labor–Management Relations Act applies to "[s]uits for violation of contracts between an employer and a labor organization," 29 U.S.C. § 185(a); in other words, suits for violations of collective bargaining agreements ("CBAs"). *Williams v. Nat'l Football League,* 582 F.3d 863, 873 (8th Cir.2009). The Supreme Court has held that section 301 preempts state law claims that are substantially dependent on an analysis of a CBA. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 220, (1985), *Williams,* 582 F.3d at 874. Otherwise, the application of state law could lead to inconsistent results, "since there could be as many state-law principals as there are States." *Williams,* 582 F.3d at 874, quoting *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 406 (1988). Rather, "federal labor-law principles—necessarily uniform throughout the nation—must be employed to resolve the dispute." *Williams,* 582 F.3d at 874, quoting *Lingle,* 486 U.S. at 406.

However, the preemption power of section 301 is necessarily limited. "Not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301." *Lueck,* 471 U.S. at 211. Nor does section 301 preempt state law claims merely because the parties involved are subject to a CBA, and the events underlying the claim occurred on the job. *Williams,* 582 F.3d at 874."[E]ven if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for [LMRA] pre-emption purposes." *Bogan v. Gen. Motors Corp.,* 500 F.3d 828, 832 (8th Cir.2007), quoting *Lingle,* 486 U.S. at 409–10.

In determining whether section 301 preemption applies to a claim, courts in the Eighth Circuit start with the claim itself, applying a two-step approach to determine whether it is sufficiently "independent" of the CBA to survive preemption. *Williams,* 582 F.3d at 874, citing *Bogan,* 500 F.3d at 832. Ffirst, a "state-law claim is preempted if it is 'based on' [a] ... provision of the CBA," meaning that the "CBA provision at issue" actually sets forth the right upon which the claim is based. *Id.* Second, section 301 preemption applies where a state-law claim "is 'dependent upon an analysis' of the relevant CBA," meaning that the plaintiff's state-law claim requires interpretation of a provision of the CBA. *Id.* "An otherwise independent claim will not be preempted by the LMRA if the collective bargaining agreement (CBA) need only be consulted during its adjudication." *Williams,* 582 F.3d at 876, quoting *Trustees of the Twin City Bricklayers Fringe Benefit Funds v. Superior Waterproofing, Inc.,* 450 F.3d 324, 330 (8th Cir.2006).

### Discussion

**\*4** Defendant argues that it need not be a party to a CBA in order to invoke LMRA preemption, citing *Stringer v. Nat'l Football League,* a Southern District of Ohio case which held that non-signatories to a CBA can invoke 301 preemption as a *defense* to state law claims. *Stringer,* 474 F.Supp.2d 894, at 901–02. Defendant cites no Eighth Circuit case addressing the rights of non-parties to invoke 301 preemption. However,

to the extent that the *Stringer* case is persuasive authority, its holding regarding defenses is of no avail in this circuit. Here, despite some conflicting precedent, [2] the Eighth Circuit has followed a "narrower approach," holding that defenses to liability "are not relevant to [a] section 301 analysis"; only the plaintiff's claim may provide a basis for preemption. *Williams,* 582 F.3d at 879, *Bogan,* 500 F.3d at 833, *Meyer v. Schnucks Markets, Inc.,* 163 F.3d 1048, 1051 (8th Cir.1998). Accordingly, Cottrell's defenses are not relevant to the Court's analysis, and it cannot use them as a means to overcome its status as nonparty to the CBA.

[2]    For a discussion of the evolution of this rule, and the reasoning behind the 8th Circuit's 2007 holding that it is the correct interpretation of Supreme Court precedent, *see Williams,* 582 F.3d at 879, n. 13.

Further, the adjudication of Plaintiff's claims does not require interpretation of the CBA between Plaintiff's union and his employer. Plaintiff's claims turn upon Defendant's state-law duty to provide reasonably safe products; the mere mention of fall protection in the CBA is irrelevant to Defendant's fulfillment of that duty. It is not based on any provision of the CBA, but upon state law. As to Defendant's argument that the parties to the CBA set a special standard of care, whether or not this argument has merit, the "CBA standard" is irrelevant to whether a non-party to the CBA violated his state-law standard of care. A claim is not preempted merely if it "relates in some way to a provision of the collective-bargaining agreement, or more generally the parties to such an agreement." *Lueck,* 471 U.S. at 220. Here, the relation to any provision of the collective bargaining is tentative at best, and the relation to one of the parties is entirely lacking. The adjudication of Plaintiff's claims does not require interpretation of the CBA.

As such, this Court denies Cottrell's motion for summary judgment on LMRA preemption grounds.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Supplement to Motion for Summary Judgment on Preemption and Other Grounds, [Doc. No. 66], is denied.

---

© 2013 Thomson Reuters. No claim to original U.S. Government Works.

 © 2013 Thomson Reuters. No claim to original U.S. Government Works.