## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAHIM AND DENISE ABDULLAH, THORNTON AND KAREN CHANDLER, ERVIN FARRIS, KELVIN KINNEY, WESLEY LYONS, TONY MCCOMBS, RICKY AND JAN MOORE, DARRYL AND MONICA OLIVER, HENRY AND CAPRICE PHILLIPS, DOMINIQUE ROSS, BENJAMIN AND LESLIE RUDOLPH, TRACY AND TWANDA SANDERS, FERNANDO SMITH, JEWERL THOMAS, GODFREY AND SHARON TURNER, RONALD WAYNE WALKER, and KENNETH WALTER,<br><br>    Plaintiffs,<br><br>    -against-<br><br>NATIONAL FOOTBALL LEAGUE, INC. and NFL PROPERTIES, LLC as successor in interest to NATIONAL FOOTBALL LEAGUE PROPERTIES, INC.,<br><br>    Defendants. | **CIVIL ACTION NO.   12-CV-06774-AB**<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO AMEND CIVIL ACTION COMPLAINT FOR DECLARATORY RELIEF, MEDICAL MONITORING, INJUNCTIVE RELIEF AND DAMAGES**<br><br><br>**JURY TRIAL DEMAND FOR ALL CLAIMS TRIABLE BY A JURY** |

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request leave to amend their Complaint, filed in the Southern District of New York on November 5, 2012, and transferred to this Court on December 5, 2012.  Plaintiffs request leave to submit the Proposed Amended Complaint, attached hereto as Exhibit A.  The proposed Amended Complaint names additional Defendants whose actions, in conjunction with the actions of the current Defendants, caused or contributed to the injuries Plaintiffs sustained.  They should rightfully be part of this action.  The proposed Amended Complaint also withdraws the claims of one Plaintiff.

I.    **Background.**

Plaintiffs Rahim and Denise Abdullah, et al., brought this civil action against National Football League, Inc. and NFL Properties, LLC, successor in interest to National Football League Properties, Inc. (hereinafter "NFL"  or "the League").  Plaintiffs are retired NFL football players and certain of their spouses.  The players seek declaratory relief, medical monitoring, injunctive relief, and compensation for long-term/chronic injuries they suffered as the result of repetitive impacts to their heads during play and practice, and a number of their wives seek loss of consortium.

Plaintiffs seek to amend their Complaint to add Riddell, Inc. (d/b/a/ Riddell Sports Group, Inc.), All American Sports Corporation (d/b/a Riddell\All American), Riddell Sports Group, Inc., Easton-Bell Sports, LLC, and Easton-Bell Sports, Inc.  (hereinafter "Riddell" or "Riddell Defendants").  These entities are engaged in the business of designing, manufacturing, selling, and distributing football equipment, including helmets, to the NFL.  Plaintiffs maintain that these entities are alter egos and agents of one another and were so intertwined as to make it impossible to discern the difference between and among them.

For decades, Riddell has designed, developed, manufactured, sold, and distributed

equipment used in the NFL.  Since 1989, with the support of the NFL, the proposed Riddell

Defendants have manufactured the official helmet for the League.  Riddell is the only helmet

manufacturer allowed to display its logo on helmets used in League games. Plaintiffs are

believed to have worn Riddell helmets at all times relevant to this case while playing and

practicing football during their NFL careers.

  Plaintiffs' proposed Amended Complaint alleges, among other things, that Riddell

developed, designed, manufactured, sold and/or distributed the "Riddell Revolution" helmet in

2002 with the intent of reducing the risk of concussion. Riddell also developed, designed,

manufactured, sold and/or distributed a real-time Head Impact Telemetry System to monitor and

record significant incidents of head impact sustained during a football game or practice.  The

system measured the location, magnitude, duration and direction of head acceleration and

transmitted that information wirelessly to the sidelines.  In 2006, Riddell provided research

grants for an academic study that was said to compare rates of high school athletes who wore the

Riddell Revolution helmet with those who wore traditional helmets.  The study funded by

Riddell was co-authored by physicians who are associated with the League.  The study touted the

Riddell Revolution helmet as reducing the incidence of concussions to players.  Despite the fact

that Riddell has long been aware of the dangers of concussions, it did nothing to prevent the NFL

from embarking on a campaign of disinformation regarding the dangers of head impacts.  Indeed,

Plaintiffs allege that Riddell actively abetted the NFL in its efforts to downplay the danger of

head impacts.

  For these reasons and others, as set forth more fully in the proposed Amended Complaint,

Plaintiffs seek to amend their Complaint to allege that Riddell's helmets have failed to protect

Plaintiffs, are defectively designed, and should and could have been designed in an alternatively

feasible manner to protect Plaintiffs.

## II.    Authority and Argument.

Federal Rule of Civil Procedure 15(a) provides in relevant part that a party may amend its complaint "once as a matter of course at any time before a responsive pleading is filed . . . [otherwise] a party may amend . . . by leave of the court or by written consent of the adverse party." Further, "[t]he court should freely give leave when justice so requires." Rule 15(a)(2).

The liberal standard for amendment stems from the Supreme Court's recognition that a plaintiff "ought to be afforded an opportunity to test his claim on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Leave to amend "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Del Pozo v. Bellevue Hosp. Ctr.*, 2011 U.S. Dist. LEXIS 20986, *12 (S.D.N.Y. Mar. 2, 2011) (quoting *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001)). None of those factors are present or applicable here.

First, and most importantly, this amendment causes no prejudice to Defendants. The Second Circuit has suggested that prejudice to the opposing party is "the most important factor" in determining whether to grant leave to amend. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing 6 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 1487 (2d ed.1990)). To determine what constitutes prejudice in the context of a motion to amend, courts consider whether the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Michalek v. Amplify Sports & Entm't LLC*, 2012 U.S. Dist. LEXIS 85727, *13-*14 (S.D.N.Y. June 20, 2012) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).

- 3 -

Here, there can be no prejudice since no responsive pleading has been filed.  Nor is there bad faith or undue delay behind Plaintiffs' request to amend the Complaint in order to add the Riddell Defendants or withdraw Plaintiff Patrick White's claims against the League. Plaintiffs' proposed amendment is not futile in light of the Riddell Defendants' actions.  *See, e.g., Knoll, Inc. v. Moderno, Inc*., 2012 U.S. Dist. LEXIS 119048, *6 (S.D.N.Y. Aug. 20, 2012) (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)) (holding proposed amendment adding claims not futile where movant alleged enough facts to state a claim that was plausible on its face).  Indeed, juries have rendered verdicts against the Riddell Defendants in similar head injury cases.

**III. Conclusion.**

For the reasons set forth above, and pursuant to an application of well-established case law under Rule 15, Plaintiffs respectfully request leave to file the attached proposed Amended Complaint and request that the attached be deemed so filed.


Dated: April 19, 2013                                      Respectfully submitted,


By:_____
Wendy R. Fleishman, Bar No. WF 3017
LIEFF CABRASER HEIMMAN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  (212) 355-9500
Facsimile: (212) 355-9592

Elizabeth A. Alexander
LIEFF CABRASER HEIMMAN &
BERNSTEIN, LLP
One Nashville Place
Nashville, TN  37219-2423
Telephone: (615) 313-9000
Facsimile:   (615) 313-9965

Elizabeth J. Cabraser
LIEFF CABRASER HEIMMAN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone: (415) 956-1000
Facsimile:   (415) 956-1008

*Attorneys for Plaintiffs*