UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD SCOTT,<br><br>      Plaintiff,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE, INC.<br>and NFL PROPERTIES, LLC as successor<br>in interest to NATIONAL FOOTBALL<br>LEAGUE PROPERTIES, INC.,<br><br>      Defendants. | Case No. 2:12-cv-04241<br><br>MEMORANDUM IN SUPPORT OF MOTION TO AMEND CIVIL ACTION COMPLAINT FOR DECLARATORY RELIEF, MEDICAL MONITORING, INJUNCTIVE RELIEF AND DAMAGES<br><br>JURY TRIAL DEMAND FOR ALL CLAIMS TRIABLE BY A JURY |

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests leave to amend his Complaint, filed on July 2, 2012. Plaintiff requests leave to submit the Proposed Amended Complaint, attached hereto as Exhibit A. The proposed Amended Complaint names additional Defendants whose actions, in conjunction with the actions of the current Defendants, caused or contributed to the injuries Plaintiff sustained. They should rightfully be part of this action.

**I. Background.**

Plaintiff Todd Scott, brought this civil action against National Football League, Inc. and NFL Properties, LLC, successor in interest to National Football League Properties, Inc. (hereinafter "NFL" or "the League"). Plaintiff is a retired NFL football player. The player seeks

declaratory relief, medical monitoring, injunctive relief, and compensation for long-term/chronic injuries he suffered as the result of repetitive impacts to his head during play and practice.

Plaintiff seeks to amend his Complaint to add Riddell, Inc. (d/b/a Riddell Sports Group, Inc.), All American Sports Corporation (d/b/a Riddell/All American), Riddell Sports Group, Inc., Easton-Bell Sports, LLC, and Easton-Bell Sports, Inc. (hereinafter "Riddell" or "Riddell Defendants"). These entities are engaged in the business of designing, manufacturing, selling, and distributing football equipment, including helmets, to the NFL. Plaintiff maintains that these entities are alter egos and agents of one another and were so intertwined as to make it impossible to discern the difference between and among them.

For decades, Riddell has designed, developed, manufactured, sold, and distributed equipment used in the NFL. Since 1989, with the support of the NFL, the proposed Riddell Defendants have manufactured the official helmet for the League. Riddell is the only helmet manufacturer allowed to display its logo on helmets used in League games. Plaintiff is believed to have worn Riddell helmets at all times relevant to this case while playing and practicing football during their NFL careers.

Plaintiff's proposed Amended Complaint alleges, among other things, that Riddell developed, designed, manufactured, sold and/or distributed the "Riddell Revolution" helmet in 2002 with the intent of reducing the risk of concussion. Riddell also developed, designed, manufactured, sold and/or distributed a real-time Head Impact Telemetry System to monitor and record significant incidents of head impact sustained during a football game or practice. The system measured the location, magnitude, duration and direction of head acceleration and transmitted that information wirelessly to the sidelines. In 2006, Riddell provided research grants for an academic study that was said to compare rates of high school athletes who wore the

Riddell Revolution helmet with those who wore traditional helmets. The study funded by Riddell was co-authored by physicians who are associated with the League. The study touted the Riddell Revolution helmet as reducing the incidence of concussions to players. Despite the fact that Riddell has long been aware of the dangers of concussions, it did nothing to prevent the NFL from embarking on a campaign of disinformation regarding the dangers of head impacts. Indeed, Plaintiffs allege that Riddell actively abetted the NFL in its efforts to downplay the danger of head impacts.

For these reasons and others, as set forth more fully in the proposed Amended Complaint, Plaintiff seeks to amend his Complaint to allege that Riddell's helmets have failed to protect Plaintiff, are defectively designed, and should and could have been designed in an alternatively feasible manner to protect Plaintiff.

## II. Authority and Argument.

Federal Rule of Civil Procedure 15(a) provides in relevant part that a party may amend its complaint "once as a matter of course at any time before a responsive pleading is filed ... [otherwise] a party may amend ... by leave of the court or by written consent of the adverse party." Further, "[t]he court should freely give leave when justice so requires." Rule 15(a)(2).

The liberal standard for amendment stems from the Supreme Court's recognition that a plaintiff "ought to be afforded an opportunity to test his claim on the merits." *Williams* v. *Citigroup Inc.,* 659 F.3d 208, 213 (2d Cir. 2011)(quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Leave to amend "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Del Pozo* v. *Bellevue Hosp. Ctr., 2011* U.S. Dist. LEXIS 20986, *12 (S.D.N.Y. Mar. 2, 2011) (quoting *Milanese* v. *Rust-Oleum Corp.,* 244 F.3d 104, 110 (2d Cir. 2001)). None of those factors are present or applicable here.

First, and most importantly, this amendment causes no prejudice to Defendants. The Second Circuit has suggested that prejudice to the opposing party is "the most important factor" in determining whether to grant leave to amend. *See Ruotolo* v. *City of New York,* 514 F.3d 184, 191 (2d Cir. 2008), citing 6 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 1487 (2d ed.1990).  To determine what constitutes prejudice in the context of a motion to amend, courts consider whether the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Michalek* v. *Amplify Sports & Enlm '/ LLC,* 2012 U.S. Dist. LEXIS 85727, *13-*14 (S.D.N.Y. June 20, 2012), quoting *Block v. First Blood Assocs.,* 988 F.2d 344,350 (2d Cir. 1993).

Here, there can be no prejudice since no responsive pleading has been filed. Nor is there bad faith or undue delay behind Plaintiff's request to amend the Complaint in order to add the Riddell Defendants. Plaintiff's proposed amendment is not futile in light of the Riddell Defendants' actions. *See, e.g., Knoll, Inc.* v. *Moderno, Inc.,* 2012 U.S. Dist. LEXIS 119048, *6 (S.D.N.Y. Aug. 20, 2012), citing *Dougherty* v. *Town o/N. Hempstead Bd. o/Zoning Appeals,* 282 F.3d 83,88 (2d Cir. 2002) (holding proposed amendment adding claims not futile where movant alleged enough facts to state a claim that was plausible on its face). Indeed, juries have rendered verdicts against the Riddell Defendants in similar head injury cases.

### III. Conclusion.

For the reasons set forth above, and pursuant to an application of well-established case law under Rule 15, Plaintiff respectfully requests leave to file the attached proposed Amended Complaint and request that the attached be deemed so filed.

Dated: July 24, 2013

Respectfully Submitted,

**WASHINGTON & ASSOCIATES, PLLC**

/s/ Mickey Washington
Mickey Washington
Texas State Bar No.: 24039233
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone No.: (713) 284–5208
Facsimile No.: (713) 284-5250
Email: mw@mickeywashington.com

**The Canady Law Firm**
James Carlos Canady
Texas State Bar No.: 24034357
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone No.: (713) 284–5204
Facsimile No.: (713) 284-5250
Email: ccanady@canadylawfirm.com

**LUBEL VOYLES LLP**
Lance Lubel
Texas State Bar No.: 12651125
Adam Voyles
Texas State Bar No.: 24003121
Montrose Blvd., Suite 800
Houston, TX 77006
Telephone No.: (713) 284-5200
Facsimile No.: (713) 284-5250
Email: adam@lubelvoyles.com
lance@lubelvoyles.com

**ATTORNEYS FOR PLAINTIFFS**