United States District Court for the Eastern District of Pennsylvania

Easterling, et al

v                    No. 2:12-md-02323    -      re joined party David R. Duerson

National Football League, et al

Initial Conditional Component of 10/16/13 of Petition of John A. Dzendrowski ("JAD") for Leave to Intervene into the Adjudication of the Case this Petition Concerns ("this Case) and/or to File an *Amici* Brief Wherein Solely for the Very Limited Purpose of Protecting any and all Wrongful Death and/or Related and/or Similiar Type Claim(s) that Any Investigation Conducted Into the Cause of Death of Co-plaintiff in the Case this Document Concerns ("This Case") David R. Duerson ("DRD") Might Later Reveal would Be Actionable in Regard to Such Cause of Such Death from Any Legitimate Invocation of Any *Res Judicata* Defense That Migh Ever Have Been Viable Were the Intervention Sought Herein Never Sought, Subject to Supersession, Retraction and/or Modification as the Developments of Providence Might Evidently Require, Predicated Upc the Presumption that this Court May Soon Lose Jurisdiction Over the Adjudication of this Case

Now comes prospective Intervenor and/or *Amici* John A. Dzendrowski ("JAD") to move this Court to permit JAD to intervene into the adjudication of this case for the following reasons:

1. "No one can be an expert in all things." (*Ad Sacerdoti Catholici*, 1935) and JAD makes no claim to constitut any type of expert in wrongful death, criminal investigations, poisons, DEW's nor for that matter, in any othe type of law nor investigatory field.

2. Nonetheless, JAD cannot see how from amongst the alternative courses of conduct amongst which JAD must now necessarily make a selection in regard to the matters this document concerns ("these matters"), that the one that it will ultimately be revealed that it will have been least difficult for JAD to justify having now selected would be that of the submission of this petition accompanied by a Federal Court Pauper's Petition according to the formula according to which it will have been submitted to this Court on 10/16/13, for reasons a complete explication of which would be beyond the scope of this document, but in regard to which, an explication whereof will be provided upon JAD's receiving any demand wherefore.

3. The jist of the issue(s) this petition concerns is that to JAD's knowledge no inquest was ever performed in regard to the cause of the death of Co-plaintiff in the case this document concerns ("this case") David R. Duerson ("DRD") and, inter alia, no response was ever provided in regard to inquiries posited in such regard either local authorities and/or the funeral home that received his body, that to some individuals who personally knew DRD it was found that the circumstances surrounding his death seemed to bear more of a

\

resemblance to those of Vince Foster, the Air Traffic Controller who allegedly committed suicide in the Bosni airport the day after the crash of the plane carrying former Commerce Secretary Ron Brown wherein, formei OK City Police Dept. Sgt. Terrence Yeakey, Kenneth Trentadue, and/or those of former FBI Agent Brad Duochette than they did to those of Andre Waters, and the rest of the suicides associated with the concussion-caused brain injuries which establishment media sources ("EMS") claim constituted the cause of death of DRD, and that there are a number of components of evidence in regard to these matters in regard t which JAD is cognizant that JAD has not succeeded in reconciling with the EMS explanation of such cause of death.

4. There are simply too many unanswered questions in JAD's mind regarding the cause of death of DRD for JAD not to now at least execute whatever affirmative acts would have to be executed in order to adequately indemnify any and all wrongful death claim(s) which may in fact exist in regard to such death based upon th actual cause(s) whereof from any invocation of any *res judicata* defense that might ever have been viable were the intervention sought herein never sought.

5. A "Proposed Order of 10/25/13" in regard to these matters accompanies this petition.

6. It is JAD's at least somewhat informed understanding that the entrance of such order or something substantially similar whereto would accomplish the securement of any and all wrongful death, related and/o similiar claims of a type referenced herein supra.

7. None of the parties involved in this case have been notified in regard to JAD's endeavor to file this document according to JAD's understanding that no such notification could legitimately be required as any and all such parties will receive an email when this document is entered into the electronic docket maintaine for this case, notifying any and all of them of the filing or attempted filing whereof.

8. The foundation upon which JAD moves to intervene into the adjudication of this case is in a most abbreviated form, explicated herein:

The Constitution is to be interpreted according to the principles of the common law *Cohen v VA*, (_Cranch_, _U.S._) . The common law is a product of Anglo-American jurisprudence relating back through the Magna Charta and Assize of Clarendon to the principles, requirements and restrictions of the Charter of Liberties which was promulgated 1100 A.D. in what was then an entirely Roman Catholic, England. The basis for suct common law is the principles of the natural law, written on the heart of every man (Rom. 2:17). Only to the demonstrably non-counterfeit Magisterium of the Roman Catholic Church has the authority to ultimately an definitively define, and/or assess the moral character of any application of, the requirements of the natural law to any given collection of circumstances which would ever be encountered by any human being(s) between the date of the Ascension of the Lord into heaven (Matt. 28:20, et seq) until the date of his return (Matt. 25:26 et seq) delegated (Matt. 18:16) and it alone can thus conduct activity in the role which correlati to the exercise of such delegated authority. The primal precedent regarding the provision for the utilization the instrument of intervention upon which JAD relies in the intervention he endeavors to effect into the

adjudication of the case this document concerns ("this case" ) is that of the Prophet Daniel in the 13th Chapt of the Biblical Book of Daniel (a biblical book only found in Catholic Bibles). The SCOTUS has explained that th legitimate purpose(s) which participation in civil litigation serves are not limited to the resolution of civil disputes, but include the effecting of important public policy modifications which an individual cannot procu a political majority to effect, *NAACP v Button*, (_U.S._). It is JAD's understanding that it would not be realistic to expect any other than a handful of licensed attorneys presently practicing law in this Country to ever conduct any investigation into the actual cause of death in the type of situation presently existing regarding the cause of death of DRD which would not be unjustifiably circumscribed and otherwise limited by an unwillingness to conduct such type investigation entirely without regard for the consequences of antagonizir and/or otherwise inducing retaliation from any murderer(s)/assassin(s) who might have in fact caused such death, as except in the rarest of instances, as, attributable to whatever combination of contributing causes, America simply has not been producing the likes of Claus Von Stauffenbergs, Rocky Versaces, nor Lance Corporal Grables for generations.

9. With appropriate respect for whatever may have constituted any legitimate gripe that Mark Zavagnin, and/or Brian DeMarco, Brett Boyd, and/or anyone else may have had against DRD, it is not just the devisees legatees and/or heirs of DRD who possess a substantial interest in the cause of DRD's death, nor just the former employees, teammates, classmates, dormmates, instructees, enrollees, beneficiaries, etc. etc. to whom various components of activity conducted by DRD was the invaluable source of assistance, uplifting and empowerment which it indisputably was in various instances (so as to not risk incurring culpability for ar sin by leaving in place any arrangement which might contribute to the conferrence of the appearance of legitimacy upon activity which possessed no moral legitimacy it is herein added that the author of this document has not intended in its composition to imply in any way that various courses of conduct executed various junctures in his lifetime by DRD were not gravely sinful as his criticism of Mr. Gerard A. Faust's orde to the members of the team he was then coaching to "cover your eyes" in regard to the gross immodesty present in the movie preview shown in the theatre of Moreau Seminary on 11/12/1982 (published in the Chicago Sun Times in October of 1983), his membership in the Freemasons and his intent to remarry while h wife was still alive, not to mention any support ever provided to the openly pro-infanticide Barry Soetoro to get elected to any office, if any such type support was ever, in fact, provided) were among other courses of conduct executed by DRD during his lifetime, courses of conduct which cannot possibly have been morally justified), but rather the entirety of the members of the population whose security is so substantially effecte by the maintenance of minimally acceptable standards for death investigations who also possess such type interest in such matter.

10. As the Frontline production "Post-mortem" so emphatically demonstrated, the arrangements presently place in this Country for death investigations are anything but adequate and the disincentives to murder ant assassination which would correspond to the maintenance of adequate standards in such regard are not, at present, anywhere near being in place herein.

11. JAD has gone to considerable trouble to find someone other than JAD to file this document according to the counsel included in the Imitation of Christ to "seek not the company of a great man", and in order to continue to make progress in JAD's endeavor to incorporate into the entirety of his own activity the principl present in St. Paul's postulation, "Now our lives are hidden with Christ in God." (Col. 3:3), but JAD's efforts i this regard have borne no fruit and so now JAD has simply filed this himself, notwithstanding JAD's commitment to continue to keep himself as far removed from anything having to do with the NFL and for th matter anything and everything constituting any type of "spectacle" as he can possibly keep himself, withou in so doing risking incurring culpability for any sin of omission, in any given instance.

Wherefore, JAD herein moves this Court to provide the consideration referenced in the title to this petition,

Respectfully submitted,

John A. Dzendrowski

3738 W. 60th St
Chicago, ILL 60629

United States District Court for the Eastern District of Pennsylvania

Easterling, et al

v             No. 2:12-md-02323   -   re joined party David R. Duerson

National Football League, et al

Proposed Order of 10/16/13

A "Petition for Leave to Intervene into the Adjudication of the Case this Document Concerns (" this Case")... having been filed or attempted to have been filed by Petitioner for Intervention/Prospective Amici John A. Dzendrowski ("JAD"), this Court finding that no prejudice would evidently be incurred by either any participant in the adjudication of such case, nor by anyone else who might possess any legitimate interest it the matters this order concerns in this Court's now declaring sua sponte that this Court's resolution of the component of this case involving any and all claims concerning Co-plaintiff David R. Duerson based upon the materials having been presented to it as of this date could in no way constitute any basis for any legitimate invocation of any *res judicata* defense to any wrongful death claim which might ever be brought against any person(s) and/or entit(y)(ies) other than those participating in the adjudication of this case, it is hereby ordered, that:

Without any need for the institution of any initiatives beyond those already executed by Mr. Dzendrowski ir regard to the matters this order concerns ("these matters"), this Court herein declares that it is its position that no further intervention need be sought in regard to these matters in order to adequately indemnify an and all claims which any party might ever posit in regard to any wrongful death claims and/or claims of any

similar and/or related type against any person(s), part(y)(ies) and/or entit(y)(ies) not presently involved in th litigation of the dispute this order concerns,

OR:

Petitioner Dzendrowski is granted leave to (intervene) (file an *Amici* petition) in this case according to the following script:

OR:

This Court herein declares as follows in regard to these matters:

_____, _____

Document List of 10/16/13 - DRD

1. D/L of 10/16/13 - DRD     ✗

2. "...Petition ...10/16/13...."     ✗

3. Proposed Order of 10/25/13     ✗

4. Pauper's Petition of 10/16/13     ✗

PAE AO 239 (10/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Pennsylvania

Easterling et al
_____
Plaintiff/Petitioner
v.
National Football League, et al
_____
Defendant/Respondent

Civil Action No. 2:12-md-02323
Prospective Intervention re
David R. Anderson

**APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**
(Long Form)

Prospective Intervenor/Amici John A. Dzendrowski

**Affidavit in Support of the Application**

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested. I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims.

Signed: _____

**Instructions**

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date: Oct 17, 2013

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly income amount during the past 12 months | | Income amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ | $ | $ | $ |
| Self-employment | $ $50.00 | $ | $ | $ |
| Income from real property (such as rental income) | $ | $ | $ | $ |
| Interest and dividends | $ | $ | $ | $ |
| Gifts | $ | $ | $ | $ |
| Alimony | $ | $ | $ | $ |
| Child support | $ | $ | $ | $ |

PAE AO 239 (10/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

| | | | | |
|---|---|---|---|---|
| Retirement *(such as social security, pensions, annuities, insurance)* | $ — | $ | $ | $ |
| Disability *(such as social security, insurance payments)* | $ | $ | $ | $ |
| Unemployment payments | $ — | $ | $ | $ |
| Public-assistance *(such as welfare)* | $ | $ | $ | $ |
| Other *(specify)*: | $ — | $ | $ | $ |
| **Total monthly income:** | $ None | $ | $ | $ |

2. List your employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | None | $ |
| | | | $ |

3. List your spouse's employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)* N/A

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

4. How much cash do you and your spouse have? $ 0

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| | None | $ | $ |
| | | $ | $ |
| | | $ | $ |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

PAE AO 239 (10/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Assets owned by you or your spouse | |
|---|---|
| Home (Value) | $ |
| Other real estate (Value) | $ |
| Motor vehicle #1 (Value) | $ |
| Make and year: Mendn 1985 wagon | |
| Model: | |
| Motor vehicle #2 (Value) | $ 350.00 |
| Make and year: 1983 | $150.00 |
| Model: Mendn | |
| Other assets (Value) | $ |
| Other assets (Value) | $ |

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| N/A | $ | $ |
| | $ | $ |
| | $ | $ |

7. State the persons who rely on you or your spouse for support.

| Name (or, if under 18, initials only) | Relationship | Age |
|---|---|---|
| N/A | | |
| | | |
| | | |

PAE AO 239 (10/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

|  | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment *(including lot rented for mobile home)* <br> Are real estate taxes included? ☐ Yes ☐ No <br> Is property insurance included? ☐ Yes ☐ No | $ | $ |
| Utilities *(electricity, heating fuel, water, sewer, and telephone)* | $ 75.00 | $ |
| Home maintenance *(repairs and upkeep)* | $ | $ |
| Food | $ 210.00 | $ |
| Clothing | $ 50.00 | $ |
| Laundry and dry-cleaning | $ | $ |
| Medical and dental expenses | $ | $ |
| Transportation *(not including motor vehicle payments)* | $ | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ | $ |
| Insurance *(not deducted from wages or included in mortgage payments)* | | |
|     Homeowner's or renter's: | $ | $ |
|     Life: | $ | $ |
|     Health: | $ | $ |
|     Motor vehicle: | $ 175.00 | $ |
|     Other: | $ | $ |
| Taxes *(not deducted from wages or included in mortgage payments) (specify)*: | $ | $ |
| Installment payments | | |
|     Motor vehicle: | $ | $ |
|     Credit card *(name)*: | $ | $ |
|     Department store *(name)*: | $ | $ |
|     Other: | $ | $ |
| Alimony, maintenance, and support paid to others | $ | $ |

PAE AO 239 (10/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

| | | |
|---|---|---|
| Regular expenses for operation of business, profession, or farm *(attach detailed statement)* | $ | $ |
| Other *(specify)*: | $ | $ |
| **Total monthly expenses:** | $ 460 ⁰⁰ | $ |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

   ☐ Yes   ☒ No   If yes, describe on an attached sheet.

10. Have you paid — or will you be paying — an attorney any money for services in connection with this case, including the completion of this form? ☐ Yes ☒ No

    If yes, how much? $ _____
    If yes, state the attorney's name, address, and telephone number:

11. Have you paid — or will you be paying — anyone other than an attorney *(such as a paralegal or a typist)* any money for services in connection with this case, including the completion of this form? ☐ Yes ☒ No

    If yes, how much? $ _____
    If yes, state the person's name, address, and telephone number:

12. Provide any other information that will help explain why you cannot pay the costs of these proceedings.

13. Identify the city and state of your legal residence.

    Your daytime phone number: 212 448-0346
    Your age: 61   Your years of schooling: High school
    Last four digits of your social-security number: 4496

    John Dzendrowski
    3730 W. 60th
    Chicago ILL 60629