UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─<br><br>**THIS DOCUMENT RELATES TO:**<br><br>**Plaintiffs' Master Administrative Long-Form Complaint and (if applicable)**<br><br>**Tamala Raglon, individually and as Attorney in Fact on behalf of Eugene Jeter**<br>v.<br>**National Football League [et al.],**<br><br>No.  2:13-cv-06020 | **SHORT FORM COMPLAINT**<br><br>**IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION**<br><br><br>**JURY TRIAL DEMANDED** |

**SHORT FORM COMPLAINT**

1. Plaintiff, Tamala Raglon, individually and as Attorney in Fact on behalf of her father, Euguene Jeter, bring(s) this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2. Plaintiff (and, if applicable, Plaintiff's Spouse) is/are filing this short form complaint as required by this Court's Case Management Order No. 2, filed April 26, 2012.

3. Plaintiff (and, if applicable Plaintiff's Spouse), incorporate(s) by reference the allegations (as designated below) of the Master Administrative Long-Form Complaint, as may be amended, as if fully set forth at length in this Short Form Complaint.

-1-

4. Plaintiff is filing this case in a representative capacity as the <u>Attorney in Fact</u> of her father <u>Eugene Jeter</u>, pursuant to <u>a valid Power of Attorney under Alabama State Law</u> duly executed by <u>Eugene Jeter</u> . A copy of the Power or Attorney is annexed hereto.

5. Plaintiff, <u>Tamala Raglon</u>, is a resident and citizen of <u>Arkansas</u> and claims damages ~~as set forth below, individually as a result of loss of consortium proximately caused by the harm suffered by her husband _____, as well as~~ on behalf of <u>Warren Livingston</u>, as set forth below.

6. ~~Plaintiff's spouse, _____, is also a resident and citizen of _____.~~

7. On information and belief, the Plaintiff's father sustained repetitive, traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices. On information and belief, Plaintiff's father suffers from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff's father sustained during NFL games and/or practices. On information and belief, the Plaintiff's father's symptoms arise from injuries that are latent and have developed and continue to develop over time.

8. ~~[Fill in if applicable] The original complaint by Plaintiff(s) in this matter was filed in _____. If the case is remanded, it should be remanded to _____.~~

9. Plaintiff claims damages as a result of [check all that apply]:

   \_\_ Injury to Herself/Himself

   X\_ Injury to the Person Represented

    __ Wrongful Death

    __ Survivorship Action

    X_ Economic Loss

    __ Loss of Services

    __ Loss of Consortium

10. [Fill in if applicable] As a result of the injuries to her husband, _____, Plaintiff, _____, suffers from a loss of consortium, including the following injuries:

    __ loss of marital services;

    __ loss of companionship, affection or society;

    __ loss of support; and

    __ monetary losses in the form of unreimbursed costs she has had to expend for the health care and personal care of her husband.

11. [Check if applicable] ___ Plaintiff (and Plaintiff's Spouse, if applicable) reserve(s) the right to object to federal jurisdiction.

## DEFENDANTS

12. Plaintiff (and Plaintiff's Spouse, if applicable) bring(s) this case against the following Defendants in this action [check all that apply]:

    X_ National Football League

    X_ NFL Properties, LLC

    __ Riddell, Inc.

    __ All American Sports, Inc. (d/b/a Riddell Sports Group, Inc.)

    __ Riddell Sports Group, Inc.

  __ Easton-Bell Sports, Inc.

  __ Easton-Bell Sports, LLC

  __ EB Sports Corporation

  __ RBG Holdings Corporation

13. ~~[Check where applicable] As to each of the Riddell Defendants referenced above, the claims asserted are: ___ design defect; ___ informational defect; ___ manufacturing defect.~~

14. ~~[Check if applicable] ___ The Plaintiff (or decedent) wore one or more helmets designed and/or manufactured by the Riddell Defendants during one or more years Plaintiff (or decedent) played in the NFL and/or AFL.~~

15. Plaintiff played in [check if applicable] __ the National Football League ("NFL") and/or in [check if applicable] _X_ the American Football League ("AFL") during _1965 through 1968_ for the following teams: _the Denver Broncos and Buffalo Bills_____

_____

_____

_____

_____.

## CAUSES OF ACTION

16. Plaintiff herein adopts by reference the following Counts of the Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

  X_ Count I (Action for Declaratory Relief – Liability (Against the NFL))

  X_ Count II (Medical Monitoring (Against the NFL))

\_\_ Count III (Wrongful Death and Survival Actions (Against the NFL))

X\_ Count IV (Fraudulent Concealment (Against the NFL))

X\_ Count V (Fraud (Against the NFL))

X\_ Count VI (Negligent Misrepresentation (Against the NFL))

X\_ Count VII (Negligence Pre-1968 (Against the NFL))

X\_ Count VIII (Negligence Post-1968 (Against the NFL))

\_\_ Count IX (Negligence 1987-1993 (Against the NFL))

X\_ Count X (Negligence Post-1994 (Against the NFL))

\_\_ Count XI (Loss of Consortium (Against the NFL ~~and Riddell~~ Defendants))

X\_ Count XII (Negligent Hiring (Against the NFL))

X\_ Count XIII (Negligent Retention (Against the NFL))

\_\_ Count XIV (Strict Liability for Design Defect (Against the Riddell Defendants))

\_\_ Count XV (Strict Liability for Manufacturing Defect (Against the Riddell Defendants))

\_\_ Count XVI (Failure to Warn (Against the Riddell Defendants))

\_\_ Count XVII (Negligence (Against the Riddell Defendants))

X\_ Count XVIII (Civil Conspiracy/Fraudulent Concealment (Against All Defendants))

17. ~~Plaintiff asserts the following additional causes of action [write in or attach]:~~

_____

_____

_____

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff (~~and Plaintiff's Spouse, if applicable~~) pray(s) for judgment as follows:

A. An award of compensatory damages, the amount of which will be determined at trial;

B. For punitive and exemplary damages as applicable;

C. For all applicable statutory damages of the state whose laws will govern this action;

D. For medical monitoring, whether denominated as damages or in the form of equitable relief;

E. For an award of attorneys' fees and costs;

F. An award of prejudgment interest and costs of suit; and

G. An award of such other and further relief as the Court deems just and proper.

**JURY DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff(s) hereby demand(s) a trial by jury.

Dated: October 30, 2013            RESPECTFULLY SUBMITTED:

　　　　　　　　　　　　　　　　　　 /s/ Anthony Tarricone_____
　　　　　　　　　　　　　　　　　Anthony Tarricone
　　　　　　　　　　　　　　　　　KREINDLER & KREINDLER, LLP
　　　　　　　　　　　　　　　　　277 Dartmouth Street
　　　　　　　　　　　　　　　　　Boston, MA 02116
　　　　　　　　　　　　　　　　　Telephone: (212) 687-8181
　　　　　　　　　　　　　　　　　Email: atarricone@kreindler.com

　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff(s)*

## DURABLE POWER OF ATTORNEY

I, Eugene Jeter, residing at 2369 Lower Watumka Road, Montgomery, Alabama 36110, hereby appoint Tamala Venita Jeter Raglon of 984 Eastview Drive, Fayetteville, Arkansas 72701, as my attorney-in-fact ("Agent") to exercise the powers and discretions described below.

If the Agent is unable to serve for any reason, I appoint Tondra Denice Jeter, of 4 Westglen Cove, Little Rock, Arkansas 72211, as my alternate or Successor Agent, as the case may be to serve with the same powers and discretions.

This Power of Attorney shall not be affected by my subsequent incapacity.

I hereby revoke any and all general powers of attorney and special powers of attorney that previously have been signed by me. However, the preceding sentence shall not have the effect of revoking any powers of attorney that are directly related to my health care that previously have been signed by me.

My Agent shall have full power and authority to act on my behalf. This power and authority shall authorize my Agent to manage and conduct all of my affairs and to exercise all of my legal rights and powers, including all rights and powers that I may acquire in the future. My Agent's powers shall include, but not be limited to, the power to:

1. Open, maintain or close bank accounts (including, but not limited to, checking accounts, savings accounts, and certificates of deposit), brokerage accounts, retirement plan accounts, and other similar accounts with financial institutions.

    a. Conduct any business with any banking or financial institution with respect to any of my accounts, including, but not limited to, making deposits and withdrawals, negotiating or endorsing any checks or other instruments with respect to any such accounts, obtaining bank statements, passbooks, drafts, money orders, warrants, and certificates or vouchers payable to me by any person, firm, corporation or political entity.

    b. Add, delete or change beneficiaries to any financial accounts I own including insurance policies, annuities, retirement accounts, payable on death savings or checking accounts or other investments,

    c. Perform any act necessary to deposit, negotiate, sell or transfer any note, security, or draft of the United States of America, including U.S. Treasury Securities.

    d. Have access to any safe deposit box that I might own, including its contents.

2. Provide for the support and protection of myself, my spouse, or of any minor child I have a duty to support or have established a pattern of prior support, including, without limitation, provision for food, lodging, housing, medical services, recreation and travel;

Page | 1

3. Sell, exchange, buy, invest, or reinvest any assets or property owned by me. Such assets or property may include income producing or non-income producing assets and property.

4. Purchase and/or maintain insurance and annuity contracts, including life insurance upon my life or the life of any other appropriate person.

5. Take any and all legal steps necessary to collect any amount or debt owed to me, or to settle any claim, whether made against me or asserted on my behalf against any other person or entity.

6. Enter into binding contracts on my behalf.

7. Exercise all stock rights on my behalf as my proxy, including all rights with respect to stocks, bonds, debentures, commodities, options or other investments.

8. Maintain and/or operate any business that I may own.

9. Employ professional and business assistance as may be appropriate, including attorneys, accountants, and real estate Agents.

10. Sell, convey, lease, mortgage, manage, insure, improve, repair, or perform any other act with respect to any of my property (now owned or later acquired) including, but not limited to, real estate and real estate rights (including the right to remove tenants and to recover possession). This includes the right to sell or encumber any homestead that I now own or may own in the future

11. Prepare, sign, and file documents with any governmental body or agency, including, but not limited to, authorization to:

    a. Prepare, sign and file income and other tax returns with federal, state, local, and other governmental bodies.

    b. Obtain information or documents from any government or its agencies, and represent me in all tax matters, including the authority to negotiate, compromise, or settle any matter with such government or agency.

    c. Prepare applications, provide information, and perform any other act reasonably requested by any government or its agencies in connection with governmental benefits (including medical, military and social security benefits), and to appoint anyone, including my Agent, to act as my "Representative Payee" for the purpose of receiving Social Security benefits.

12. Make gifts from my assets to members of my family and to such other persons or charitable organizations with whom I have an established pattern of giving (or if it is appropriate to make such gifts for estate planning and/or tax purposes), to file state and

federal gift tax returns, and to file a tax election to split gifts with my spouse, if any. No Agent acting under this instrument, except as specifically authorized in this instrument, shall have the power or authority to (a) gift, appoint, assign or designate any of my assets, interests or rights, directly or indirectly, to such Agent, such Agent's estate, such Agent's creditors, or the creditors of such Agent's estate, (b) exercise any powers of appointment I may hold in favor of such Agent, such Agent's estate, such Agent's creditors, or the creditors of such Agent's estate, or (c) use any of my assets to discharge any of such Agent's legal obligations, including any obligations of support which such Agent may owe to others, *excluding* those whom I am legally obligated to support.

13. To transfer any of my assets to the trustee of any revocable trust created by me, if such trust is in existence at the time of such transfer.

14. To create, sign, modify or revoke any trust agreements or other trust documents in an attempt to manage or create a trust that was created for my benefit or the benefit of my dependants, heirs or devisees. This shall include the creation, modification or revocation of any inter vivos, family living, irrevocable or revocable trusts.

15. Have access to my healthcare and medical records and statements regarding billing, insurance and payments.

16. Act on my behalf for the purposes of managing, distributing, and terminating my digital assets. For the purposes of this Power of Attorney, digital assets shall mean electronic assets that are stored on my computers, electronic devices, or on any online account, as identified in Schedule A of this Power of Attorney. Online accounts include, but are not limited to, social-networking sites, online backup services, servers, email accounts, photo and document sharing sites, financial and business accounts, domain names, virtual property, websites, and blogs. An instructional document, titled, Letter of Instructions with associated websites, usernames, passwords, and related information, is hereby incorporated by reference into this Will and shall be distributed to my Agent designated in this Power of Attorney. My Agent shall have the power and authority to manage, conduct, and to exercise all of my legal rights and powers relating to my digital assets, including all rights and powers that I may acquire in the future. My Agents powers shall include, but not be limited to, the power to access, download, and backup digital assets, convert my file formats, access any and all devices necessary to manage digital assets, and clear computer caches and delete files.

This Power of Attorney shall be construed broadly as a General Power of Attorney. The listing of specific powers is not intended to limit or restrict the general powers granted in this Power of Attorney in any manner.

Any power or authority granted to my Agent under this document shall be limited to the extent necessary to prevent this Power of Attorney from causing, (i) my income to be taxable to my Agent, (ii) my assets to be subject to a general power of appointment by my Agent, or (iii) my Agent to have any incidents of ownership with respect to any life insurance policies that I may own on the life of my Agent.

My Agent shall not be liable for any loss that results from a judgment error that was made in good faith. However, my Agent shall be liable for willful misconduct or the failure to act in good faith while acting under the authority of this Power of Attorney. A Successor Agent shall not be liable for acts of a prior Agent.

No person who relies in good faith on the authority of my Agent under this instrument shall incur any liability to me, my estate or my personal representative. I authorize my Agent to indemnify and hold harmless any third party who accepts and acts under this document.

If any part of any provision of this instrument shall be invalid or unenforceable under applicable law, such part shall be ineffective to the extent of such invalidity only, without in any way affecting the remaining parts of such provision or the remaining provisions of this instrument.

My Agent shall be entitled to reasonable compensation for any services provided as my Agent. My Agent shall be entitled to reimbursement of all reasonable expenses incurred as a result of carrying out any provision of this Power of Attorney.

My Agent shall provide an accounting for all funds handled and all acts performed as my Agent as required under state law or upon my request or the request of any authorized personal representative, fiduciary or court of record acting on my behalf.
This Power of Attorney shall become effective immediately, and shall not be affected by my disability or lack of mental competence, except as may be provided otherwise by an applicable state statute. This is a Durable Power of Attorney. This Power of Attorney shall continue effective until my death. This Power of Attorney may be revoked by me at any time by providing written notice to my Agent.

Dated 9/03/13, _____, at Montgomery, Alabama.

_____
Eugene Jeter

STATE OF ~~ALABAMA~~ Arkansas,
COUNTY OF ~~MONTGOMERY~~ Benton, ss:

On this 2nd day of September, 2013, before me, Som Kingkithisak, personally appeared Eugene Jeter, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that he/she executed the same as for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

Som Kingkithisak
Notary Public

My commission expires 10/18/2015

"NOTARY SEAL"
SOM KINGKITHISAK
State of Arkansas, Benton County
My Commission Expires 10/18/2015

Page | 5

## WITNESS ATTESTATION

The foregoing power of attorney was, on the date written above, published and declared by Eugene Jeter in our presence to be his/her power of attorney. We, in his/her presence and at his/her request, and in the presence of each other, have attested to the same and have signed our names as attesting witnesses.

*[signatures]*