IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : <br> : <br> : <br> :   MDL No. 2323 <br> :   12-md-2323 <br> : |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : <br> : |

## ORDER APPOINTING SPECIAL MASTER

Pursuant to Federal Rule of Civil Procedure 53 and the inherent authority of the Court, I appoint Mr. Perry Golkin as Special Master to assist me in evaluating the financial aspects of the proposed settlement between the NFL Defendants and the plaintiffs. I have notified counsel to the parties, and they have consented to the appointment of a special master. The appointment is warranted by the expected financial complexity of the proposed settlement.

**I. BACKGROUND**

More than 6,000 current and former football players and/or their surviving spouses or family members have filed over 250 separate lawsuits against the National Football League, NFL Properties LLC (the "NFL Defendants") and other defendants. The plaintiffs claim damages for the long-term effects of head injuries they say they sustained while playing professional football. In early 2012, these lawsuits were consolidated before me as a multidistrict litigation, pursuant to 28 U.S.C. § 1407. Such consolidation is meant to serve the convenience of the parties and witnesses and to promote the just and efficient conduct of the litigation. *See* Panel on Multidistrict Litigation Transfer Order, Jan. 31, 2012 [ECF No. 1].

On August 29, 2013, the Honorable Layn Phillips, the court-appointed mediator,

informed me that the plaintiffs and the NFL Defendants had signed a Term Sheet incorporating the principal terms of a settlement. The proposed settlement provides for a payment by the NFL Defendants of $760 million to fund medical exams and follow-up treatment, monetary awards for retired players with cognitive impairment, and an educational program to promote safety and injury prevention in football, as well as to cover certain litigation expenses. In addition to this sum, the NFL Defendants have agreed to separately pay court-approved attorneys' fees.

I have been advised that counsel to the parties are finalizing a motion seeking preliminary court approval of the settlement that will incorporate the full documentation relating to the settlement and a related plan of notice to members of the settlement class. I will be required to evaluate the fairness, reasonableness, and adequacy of the settlement before granting preliminary approval.

## II. BASIS FOR APPOINTMENT

### A. Scope of Appointment

The Special Master is appointed to perform tasks in furtherance of my assessment of the parties' request for approval of the proposed settlement. The appointment is warranted because of the expected financial complexity of the proposed settlement.

### B. No Grounds for Disqualification

The Special Master has filed an affidavit that states that he has no relationship to the parties, counsel, action or Court that would require disqualification of a judge under 28 U.S.C. § 455. During the course of these proceedings, the Special Master and counsel to the parties must notify me immediately if they become aware of any potential grounds that would require disqualification.

### C. Fairness Considerations

I have considered the fairness of imposing the likely expenses of the Special Master on the parties. I believe that the appointment and use of the Special Master will materially contribute to the approval process, thereby providing considerable benefits to all parties.

## III. DUTIES, AUTHORITY, AND COMPENSATION

### A. Diligence

I direct the Special Master to proceed with all reasonable diligence in performing his duties.

### B. Scope of Special Master's Duties and Authority

The Special Master will assist me by performing tasks before any approval of the proposed settlement. These tasks will include, but are not limited to, financial analysis of any agreements reached by counsel to the parties. The Special Master may make formal or informal recommendations and reports to counsel for the parties and to me.

The Special Master has the authority to take all appropriate measures necessary to perform fairly and efficiently all duties assigned by me.

### C. Ex Parte Communications

I authorize the Special Master in this proceeding to communicate *ex parte* with me. He may also communicate *ex parte* with counsel to the parties, without notice, as he deems appropriate; such communications shall remain confidential.

### D. Cooperation

The Special Master shall have the full cooperation of the parties and their counsel. Counsel to the parties will readily make available on a confidential basis all appropriate information as requested by the Special Master.

### E. Compensation

The Special Master has agreed to perform his duties without compensation. However, he may receive payment for all expenses reasonably necessary to fulfill his duties. The Special Master must keep a record of all expenses incurred. Prior to the final approval of any proposed settlement, expenses of the Special Master must be paid in equal parts by the plaintiffs and the NFL Defendants. This allocation of the payment of expenses may be adjusted at the time of final approval.

## IV. ACTION ON THE SPECIAL MASTER'S RECOMMENDATIONS

### A. Standard for Court's Review

I will give due consideration to any recommendation communicated to me by the Special Master.

### B. Court's Actions on the Special Master's Recommendations

In acting on any recommendation of the Special Master, I will afford each party an opportunity to be heard. In my discretion, I may receive evidence relating to any recommendation. I may adopt or affirm, modify, wholly or partly reject or reverse, resubmit to the Special Master with instructions, or make any further orders I deem appropriate relating to the recommendation.

**IT IS ORDERED.**

_____
ANITA B. BRODY, J.
12/16/2013

Copies **VIA ECF** on _____ to:          Copies **MAILED** on _____ to:

O:\ABB 2013\L - Z\NFL Order Appointing Special Master.DOCX

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: NATIONAL FOOTBALL
LEAGUE PLAYERS' CONCUSSION
INJURY LITIGATION

: MDL No. 2323
: 12-md-2323

THIS DOCUMENT RELATES TO:
ALL ACTIONS

### AFFIDAVIT OF PERRY GOLKIN
### TENDERED PURSUANT TO FED. R. CIV. P. 53

STATE OF NEW YORK

COUNTY OF NEW YORK

Perry Golkin, being first duly sworn according to law, states the following:

I am an attorney at law, duly licensed to practice law in the State of New York. My New York State Bar Number is 1138312.

I have thoroughly familiarized myself with the issues involved in the Multi-District Litigation captioned In Re: National Football League Players' Concussion Injury Litigation 12-md-2323. As a result of my knowledge of that case, I can attest and affirm that there are no non-disclosed grounds for disqualification under 28 U.S.C. § 455 that would prevent me from serving as the Special Master in the captioned matter.

_____
PERRY GOLKIN

Sworn before me and subscribed in my presence this 16th of December, 2013.

_____
Notary Public
CARLEEN T. RICHARDS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01RI6023935
Qualified in Westchester County
My Commission Expires May 03, 2015