IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE NATIONAL FOOTBALL PLAYERS' CONCUSSION INJURY LITIGATION | : : : : | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO<br><br>All Actions | : : : : : | |

**BRAIN INJURY ASSOCIATION OF AMERICA'S MOTION TO BE DESIGNATED AMICUS CURIAE WITH THE RIGHT TO REVIEW THE PROPOSED SETTLEMENT AND RELEVANT DOCUMENTS, AND FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF**

The Brain Injury Association of America ("BIAA") respectfully moves to be designated *amicus curiae* in the above-captioned action, to be permitted to review the proposed settlement agreement and relevant documents, and for leave to file an *amicus curiae* brief. Founded in 1980, BIAA is the nation's oldest and largest nationwide brain injury advocacy organization. Its mission is to advance brain injury prevention, research, treatment, and education, and to improve the quality of life for all individuals affected by brain injury. Decades of work in the field make BIAA uniquely capable of contributing to the Court's understanding of the consequences of the unprecedented proposed settlement in this case. Accordingly, BIAA asks the Court for leave to participate in this case as *amicus curiae*, with the right to review the proposed settlement agreement (once it is received by the Court) and relevant documents, so that BIAA can file an *amicus curiae* brief to assist the Court in assessing the fairness of the proposed settlement.

As grounds for this motion, BIAA states as follows:

1.      BIAA has at least two special interests in this case.  First, defendant National Football League will reportedly allocate $10 million of the settlement funds toward medical and safety research and education.  As the nation's leading advocate for all persons who have sustained brain injuries, BIAA has an interest in ensuring that these funds are directed toward projects of the greatest scientific promise and benefit for players and the public.  BIAA's deep understanding of the disease-causative and disease-accelerative nature of brain injury, as well as the episodic and long-term treatment and support needs of patients and family caregivers, can help the Court evaluate questions of neuroscience and public health that the parties might not have sufficient incentive or expertise to bring to the Court's attention.  Second, the largest piece of the settlement, reportedly at least $675 million, is to be allocated toward an injury compensation fund for eligible retired players who manifest severe cognitive impairment within 10 years of the date of the proposed settlement.  BIAA and its team of experts (including National Medical Director Brent E. Masel, M.D., who authored the seminal paper, "Conceptualizing Brain Injury as a Chronic Disease"), are uniquely qualified to help the Court evaluate questions of fairness with respect to eligibility parameters and compensation levels in the proposed settlement by analyzing how these determinations relate to the progressive physical, psychiatric, and cognitive disease processes that are caused and/or accelerated by brain injury, but may not manifest in clinically significant symptoms upon initial examination.

2.      BIAA's special interests are not represented currently in the litigation.  Whereas both plaintiffs and defendants represent their own limited constituencies, BIAA is an independent, national organization, whose interest is in the entire field of brain injury, and its work benefits all who suffer from brain injury.  For example, there is no particular reason to expect either the plaintiffs or the defendants to care, to any meaningful degree, where the money

for brain injury research and education is allocated, but the public has a strong interest in ensuring that these funds are not squandered as a public-relations afterthought to the overall settlement.  Similarly, while plaintiffs' counsel are understandably and quite properly focused on the existing plaintiffs, there is a strong public interest in ensuring that the eligibility criteria adopted in this settlement do not exclude individuals who may already be at great risk of future neurological deficits, and who ultimately could make significant claims on public health resources.  BIAA, as the voice of brain injury in the United States, can help the Court ensure that these larger public interests are not neglected in the settlement.

       3.      BIAA proffers timely and useful information that will aid the Court in assessing the fairness of the proposed settlement.  BIAA's expertise regarding brain injury, rooted in its comprehensive, nationwide network of physicians, researchers, rehabilitation experts and facilities, caregivers, and brain injury sufferers and their families, makes it uniquely qualified to proffer useful information to the Court.  In particular, BIAA's expert knowledge of how brain injuries evolve over a lifespan will aid the Court in assessing the fairness of how eligibility for the injury compensation fund is determined, and its work advocating for brain injury prevention, research, treatment, and education will enable BIAA to advise the Court on the fairness of any allocation of funds toward these activities.  Further, because the parties have not yet submitted the proposed settlement to the Court, BIAA's participation and briefing will be timely and will not delay the Court's assessment of the settlement's fairness.

       4.      BIAA is not partial to a particular outcome in this case.  BIAA is not partial to whether the case settles; and if it does, BIAA does not care whether any defendant admits liability as part of the settlement, or whether any particular amount goes to any specific player.  BIAA's mission is to help the victims (and their families) whose lives have been devastated by

brain injury, to educate the public (including present and future participants in contact sports) about brain injury, and to work toward preventing brain injury.

5. BIAA currently has "no place at the table" in the resolution of this important brain injury lawsuit. As the voice of brain injury in the United States, BIAA is a recognized and uniquely qualified stakeholder in the discussion of how best to prevent and treat brain injury, and how to improve the quality of life for all individuals affected by brain injury. The Court should therefore grant BIAA "*amicus*-plus" status, meaning BIAA should be given the right to review case documents and discovery, and file briefs before the Court in order to assist the Court in assessing the fairness of the proposed settlement.

For the foregoing reasons, and for those more fully discussed in BIAA's accompanying memorandum in support, this Court should grant BIAA's motion.

Date:  December 17, 2013            Respectfully submitted,

Brain Injury Association of America, Proposed *Amicus Curiae*

By: /s/  Christopher J. Wright

Christopher J. Wright, DC Bar No. 367384
Mark A. Grannis, DC Bar No. 429268
Stephen W. Miller,* NY Bar No. 4826061
Wiltshire & Grannis LLP
1200 Eighteenth Street NW
12th Floor
Washington, DC 20036
(202) 730-1300
(202) 730-1301 (fax)
cwright@wiltshiregrannis.com
mgrannis@wiltshiregrannis.com
smiller@wiltshiregrannis.com
(Admitted *pro hac vice*)
*Admitted only in New York; supervised by Patrick O'Donnell, a member of the DC Bar, while DC Bar application pending.