# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : | No. 2:12-md-02323-AB |
|  | : | MDL No. 2323 |
|  | : | |
| THIS DOCUMENT RELATES TO: | : : | Hon. Anita B. Brody |
| All Actions | : : : | |

## CO-LEAD COUNSELS' OPPOSITION TO THE MOTION OF BRAIN INJURY ASSOCIATION OF AMERICA TO BE DESIGNATED AMICUS CURIAE WITH THE RIGHT TO REVIEW THE PROPOSED SETTLEMENT AGREEMENT AND RELEVANT DOCUMENTS, AND FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF [ECF #5608]

Plaintiffs' Co-Lead Counsel submits this opposition to the motion of Brain Injury Association of America ("BIAA") "to be designated *amicus curiae* in the above-captioned action, to be permitted to review the proposed settlement agreement and relevant documents, and for leave to file an *amicus curiae* brief" purportedly in order "to assist the Court in assessing the fairness of the proposed settlement." BIAA's motion should be denied because: (1) the motion is premature since the Court imposed a nondisclosure order in this case regarding all settlement discussions, preventing all parties including the plaintiffs themselves from knowing the details of the proposed settlement until it is filed on the public record, at which time all interested parties will be given ample opportunity to evaluate the proposed class settlement prior to its final approval; (2) the Court already has appointed Mr. Perry Golkin pursuant to Fed. R. Civ. P. 53 to serve as a Special Master to assist the Court "in evaluating the financial aspects of the proposed

settlement between the NFL Defendants and the plaintiffs" [ECF #5607 at 1]; and (3) BIAA has not demonstrated any need for its designation as *amicus curiae*-plus in these proceedings.

For the reasons stated below, BIAA's motion should be denied.

## I.     INTRODUCTION

More than 4,500 retired NFL Football players have filed lawsuits against the National Football League and NFL Properties LLC (collectively, "the NFL Defendants") alleging that the NFL breached its duties to Plaintiffs by failing to take reasonable actions to protect players from the chronic risks created by concussive and sub-concussive head injuries and by concealing those risks.    The Plaintiffs seek injunctive relief, medical monitoring, and financial compensation for the long-term cognitive injuries suffered by retired NFL Football players, and other losses.

On January 31, 2012, the Judicial Panel on Multidistrict Litigation ("JPML") transferred the federal actions then-pending against the NFL Defendants to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1407.  *See In re National Football League Players' Concussion Injury Litigation*, MDL 2323, 842 F. Supp. 2d 1378 (J.P.M.L. 2012).  The JPML found that these cases "share factual issues arising from allegations against the NFL stemming from injuries sustained while playing professional football, including damages resulting from the permanent long-term effects of concussions while playing professional football in the NFL" and that "centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation."  *Id.* at 1379.

On July 8, 2013, the Court appointed retired U.S. Dist. Ct. Judge Layn Phillips as a mediator to assist the parties in reaching a global resolution of this dispute [ECF #5128].  The Court instructed the parties and their counsel to refrain from publicly discussing the mediation

process or disclosing any discussions they may have as part of that process, without further order of the Court. *Id.* The Court's nondisclosure order is still in place.

Following Court-ordered mediation, on August 29, 2013, the Court announced that a proposed class action settlement had been reached between the Plaintiffs and the NFL Defendants and that a Term Sheet had been signed [ECF #5235]. The Mediator reported to the Court generally that "the proposed settlement provides for a payment by the NFL defendants of $765,000,000 to fund medical exams, concussion-related compensation, and a program of medical research for retired NFL players and their families, as well as to pay certain litigation expenses. In addition to this, the NFL will pay court-approved attorneys' fees." *Id.* In its Order the Court reserved judgment on the fairness and adequacy of the settlement pending the Settling Parties' presentation of the Settlement Agreement to the Court, along with motions for preliminary and final approval. *Id.*

Over the past several months, the parties have negotiated and finalized the details of the formal Settlement Agreement and exhibits based on the parties' agreed-to Term Sheet. It is anticipated that preliminary approval motion papers will be filed with the Court shortly.

On December 16, 2013, pursuant to Fed. R. Civ. P. 53, the Court appointed Mr. Perry Golkin to serve as Special Master to assist the Court in evaluating the financial aspects of the proposed settlement in view of its expected financial complexities [ECF #5607]. Mr. Golkin agreed to serve in this capacity without compensation. The Court ordered, however, that all expenses reasonably necessary to fulfill his duties will be shared equally by the Plaintiffs and the NFL Defendants prior to final approval, and that the allocation may be adjusted at the time of final approval. *Id.* The Court found that the appointment of the Special Master "will materially contribute to the approval process, thereby providing considerable benefit to all parties." *Id.* at 3.

In light of the Court's jurisdiction over these proceedings and the proposed class settlement, in light of the Court's appointment of a Special Master to assist the Court in the approval process, in light of the fact that all interested parties will be able to review the Settlement Agreement and comment on it once it has been filed on the public record and prior to its final approval, and in light of BIAA's failure to demonstrate any need for it to be designated with *amicus curiae*-plus status at this time, BIAA's motion to assist the Court in "evaluat[ing] questions of fairness with respect to eligibility parameters and compensation levels in the proposed settlement" should be denied.

## II.   <u>ARGUMENT</u>

This MDL Court has jurisdiction over these proceedings, the parties, and the proposed class settlement.  28 U.S.C. § 1407; *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenflura-mine) Prod. Liab. Litig.*, 431 F.3d 141, 149 n.4 (3rd Cir. 2005); *In re Auto Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 297 n.11 (3rd Cir. 2004).  The Court has overseen the multi-district litigation for almost two years, it has been involved in the settlement negotiations between the parties, and it appointed a mediator to achieve a global resolution of the dispute against the NFL Defendants.  Most recently, pursuant to Fed. R. Civ. P. 53, the Court appointed Mr. Perry Golkin as a Special Master to assist the Court in the settlement approval process, given the financial complexities involved.

The parties have not yet presented formal settlement papers, including the Settlement Agreement and exhibits, to the Court for preliminary approval, but will do so shortly.  The Court has in place a nondisclosure order which prevents the parties who are negotiating the Settlement Agreement from disclosing its details to the plaintiffs, the non-settling defendants and the public prior to filing the formal Settlement Agreement on the docket [*see* ECF #5128].  Thus, any

motion by BIAA or other party to intervene in the settlement approval process at this time and review drafts of documents which are still being revised is premature and unnecessary.  Once the Settlement Agreement is placed on the docket and all details are known, BIAA's motion may become moot, or BIAA will have an opportunity to refile its motion at that time.  Moreover, all interested parties will have an opportunity to examine the terms of the proposed settlement and the formal Settlement Agreement prior to its final approval, opt out therefrom, object thereto and/or comment thereon at the Fairness Hearing.  There is simply no need or basis at this juncture to have the input of BIAA or others on the proposed settlement.

Despite its proclaimed good intentions as "the voice of brain injury in the United States," BIAA has not demonstrated any basis for the Court to bestow upon this group *amicus curiae*-plus status prior to the filing of the formal Settlement Agreement, exhibits, and preliminary approval motion papers.  BIAA's motion demonstrates a misunderstanding of certain key terms in the Settlement Agreement, which has not been presented to the Court for preliminary approval.

The BIAA's brief conflates the requirements for a third party to participate as traditional *amicus curiae* with the consideration of whether their participation as *amicus* "plus" is necessary for this case.  Plaintiffs' counsel acknowledges that this Court permitted *amicus* "plus" participation of a third party in *Liberty Resources, Inc. v. Philadelphia Housing Authority*, 395 F. Supp. 2d 206, 209-10 (E.D. Pa. 2005).  The Court allowed this in *Liberty*, in part, "to ensure a complete and plenary presentation of difficult issues." *Liberty*, 395 F. Supp. 2d at 209 (internal quotations and citation omitted).  In the NFL Concussion Litigation MDL, however, the Court has already appointed a Special Master to assist with the evaluation of complex issues.  *See*

E.C.F. # 5607.  Therefore, the participation of a third party with *amicus* "plus" status is simply unnecessary.

### III.      <u>CONCLUSION</u>

Plaintiffs request that the Court deny the motion of BIAA to be designated as *amicus curiae* in these proceedings.

Dated:  December 31, 2013                                  Respectfully Submitted:

 */s/ Christopher A. Seeger*
Christopher A. Seeger
**SEEGER WEISS LLP**
77 Water Street
New York, NY 10005
Phone:  (212) 584-0700
Fax:  (212) 584-0799
cseeger@seegerweiss.com

*Co-Lead Counsel*

Sol Weiss
**ANAPOL SCHWARTZ**
1710 Spruce Street
Philadelphia, PA 19103
Phone:  (215) 735-1130
Fax:  (215) 735-2024
sweiss@anapolschwartz.com

*Co-Lead Counsel*

David Buchanan                                             Larry E. Coben
**SEEGER WEISS LLP**                                       **ANAPOL SCHWARTZ**
77 Water Street                                            1710 Spruce Street
New York, NY 10005                                         Philadelphia, PA 19103
Phone:  (212) 584-0700                                     Phone: (215) 735-1130
Fax: (212) 584-0799                                        Fax: (215) 735-2024
dbuchanan@seegerweiss.com                                  lcoben@anapolschwartz.com

Thomas V. Girardi                                          Michael D. Hausfeld
Graham B. LippSmith                                        Richard S. Lewis
**GIRARDI KEESE**                                          **HAUSFELD LLP**
1126 Wilshire Blvd                                         1700 K Street, N.W., Suite 650
Los Angeles, CA 90017                                      Washington, D.C. 20006

Phone: (213) 977-0211
Fax: (213) 481-1554
tgirardi@girardikeese.com
glippsmith@girardikeese.com

Gene Locks
David D. Langfitt
**LOCKS LAW FIRM**
The Curtis Center
Suite 720 East
601 Walnut Street
Philadelphia, PA 19106
Phone: (215) 893-3434
Fax: (215) 893-3444
glocks@lockslaw.com
dlangfitt@lockslaw.com

Phone: (202) 540-7200
Fax: (202) 540-7201
mhausfeld@hausfeldllp.com
rlewis@hausfeldllp.com

Steven C. Marks
Ricardo M. Martinez-Cid
**PODHURST ORSECK P.A.**
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Phone: (305) 358-2800
Fax: (305) 358-2382
rmartinez-cid@podhurst.com
smarks@podhurst.com

*Plaintiffs' Executive Committee*

James R. Dugan, II
**THE DUGAN LAW FIRM**
One Canal Place, Suite 1000
365 Canal Street
New Orleans, LA 70130
Phone: (504) 648-0180
Fax: (504) 648-0181
jdugan@dugan-lawfirm.com

Arnold Levin
**LEVIN FISHBEIN SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com

Anthony Tarricone
**KREINDLER & KREINDLER LLP**
277 Dartmouth Street
Boston, MA 02116
Phone: (617) 424-9100
Fax: (617) 424-9120
atarricone@kreindler.com

Michael L. McGlamry
**POPE, MCGLAMRY, KILPATRICK MORRISON & NORWOOD, P.C.**
3455 Peachtree Road, NE
The Pinnacle, Suite 925
P.O. Box 191625 (31119-1625)
Atlanta, GA 30326-3243
Phone: (404) 523-7706
Fax: (404) 524-1648
efile@pmkm.com

Dianne M. Nast
**RODANAST, PC**
801 Estelle Drive
Lancaster, PA 17601

David A. Rosen
**ROSE, KLEIN & MARIAS LLP**
801 South Grand Avenue, 11th Floor
Los Angeles, CA 90017-4645

Phone: (717) 892-3000
Fax: (717) 892-1200
dnast@rodanast.com

Charles S. Zimmerman
**ZIMMERMAN REED PLLP**
1100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: (612) 341-0400
Fax: (612) 341-0844
charles.zimmerman@zimmreed.com

Phone: (213) 626-0571
Fax: (213) 623-7755
d.rosen@rkmlaw.net

Derriel McCorvey
**THE LAW FIRM OF DERRIEL
C. MCCORVEY**
1115 W. Main Street, Suite 14
P.O. Box 2473
Lafayette, LA 70501
Phone: (337) 291-2431
derriel@mccorveylaw.com

David S. Casey, Jr.
Fred Schenk
**CASEY GERRY SCHENK
FRANCAVILLA BLATT & PENFIELD
LLP**
110 Laurel Street
San Diego, CA  92101-1486
Phone: (619) 238-1811
Fax: (619) 544-9232
dcasey@cglaw.com
fschenk@cglaw.com

*Plaintiffs' Steering Committee*

Jeannine Kenney
**HAUSFELD LLP**
1604 Locust Street
Second Floor
Philadelphia, PA 19103
Telephone: (215) 985-3270
Facsimile: (215) 985-3271
jkenney@hausfeldllp.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing was served electronically via the

Court's electronic filing system on the 31st day of December, 2013, upon all counsel of record.

Dated: December 31, 2013

/s/ Christopher A. Seeger
Christopher A. Seeger