IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : : | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO<br><br>All Actions | : : : : : : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF BRAIN INJURY ASSOCIATION OF AMERICA'S MOTION TO BE DESIGNATED AMICUS CURIAE WITH THE RIGHT TO REVIEW THE PROPOSED SETTLEMENT AND RELEVANT DOCUMENTS, AND FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF**

**Introduction**

In cases of great public concern, courts regularly receive input from experts in the field as they work to reach a just decision. This Court should avail itself of the Brain Injury Association of America's assistance in this case.

Here, the Court must decide whether to approve the recently filed proposed class settlement, which deals with brain injury among retired National Football League ("NFL") professional football players. The decision will have an immense effect not only on the parties involved here, but also on all current and future victims of brain injury. It is for this reason the nation's oldest and largest nationwide brain injury advocacy organization, the Brain Injury Association of America ("BIAA"), has requested to participate in this case as *amicus curiae* as explained in its motion and memorandum in support. (Dkts. 5608–5608-1.) The benefit to the Court from BIAA's participation in this case as *amicus*-plus is even clearer now that the

proposed class settlement has been submitted to the Court for preliminary approval. (Dkts. 5634–5634-5.) The proposed document, which calls for a settlement amount of $750 million, is dense and sets up a complex eligibility determination structure for proposed class members to receive compensation. (Dkt. 5634-2.) The proposed settlement also calls for an education fund of $10 million to fund, among other things, injury prevention with respect to football players. (*Id.*) BIAA's team of experts could prove immensely helpful to the Court as it assesses the consequences of the proposed settlement and its fairness.

Nevertheless, plaintiffs' co-lead counsel oppose including BIAA in this process, arguing BIAA's motion is untimely and its participation duplicative or unnecessary. Their arguments are misplaced or inapplicable, and this Court should grant BIAA's motion and designate it *amicus curiae* with the right to review the proposed settlement and relevant documents, and grant it leave to file an *amicus curiae* brief.

## Discussion

### A.     BIAA's Motion is Timely.

Plaintiffs' co-lead counsel's first argument against BIAA's participation, specifically that BIAA's motion is "premature" because the settlement documents are still being drafted, has been rendered moot by the filing of the proposed settlement agreement. Further, BIAA's motion is not mooted by the filing of the settlement, as plaintiffs' co-lead counsel suggest, because BIAA asked for more than just the right to review the settlement and relevant documents—BIAA also requested to submit an *amicus curiae* brief addressing the fairness of the proposed settlement. But in any case, BIAA's motion to be granted *amicus*-plus status was timely when it was filed because it could not have delayed the Court's assessment of the proposed settlement. *See Liberty*

*Res., Inc. v. Philadelphia Hous. Auth.*, 395 F. Supp. 2d 206, 209–10 (E.D. Pa. 2005).  The subsequent filing of the settlement only strengthens BIAA's timeliness argument.

>    B.    **BIAA's Participation in this Case is Not Duplicative of the Special Master and Will Assist the Court in Reaching a Just Decision.**

Plaintiff's co-lead counsel's argument that BIAA does not need to be granted *amicus curiae*-plus status, in part because of the appointment of the Special Master, misunderstands the standard for designating *amici curiae*, conflates the roles of the Special Master and proposed *amicus*, and fails to address BIAA's argument that it is a stakeholder without a seat at the table in this case.

First, counsel argue that "BIAA has not demonstrated any need for its designation as *amicus curiae*-plus in these proceedings."  (Opp'n Br. at 2, Dkt. 5633.)  However, "need" appears nowhere in the standard this Court has articulated for granting *amicus*-plus status. *Liberty Res.*, 395 F. Supp. 2d at 209 (requiring that the proposed *amicus* have a "special interest" that is not represented competently or at all in the particular case; that the proffered information be timely and useful; and that the *amicus* not be partial to a particular outcome in the case). BIAA explained how it meets that standard in its original memorandum in support of its motion, and the opposition fails to dispute, in any way, that BIAA has special interests in this case, that it proffers useful information, and that it is not partial to a particular outcome in this case.

Counsel do appear to argue, however, that BIAA's interests are already represented in this action, and make much ado about the Court's appointment of a Special Master.  Specifically, they argue that the appointment of a Special Master with an expertise in finance precludes this Court from also enlisting the assistance of BIAA, even though BIAA offers different, but similarly relevant and important, expertise.  There is no basis for such an argument, and to the extent they argue BIAA will only duplicate the Special Master's function, they are wrong.

3

The Court appointed this Special Master, Mr. Perry Golkin, "because of the expected financial complexity of the proposed settlement."  (Order Appointing Special Master, Dkt. 5607.)  BIAA agrees that the Special Master, and not BIAA, should assist the Court with its assessment of the complex financial questions in the proposed settlement.  But whereas the Special Master is well equipped to assist the Court with those issues, BIAA will aid the Court in evaluating questions of neuroscience and public health as they relate to eligibility determinations for the injury compensation fund, and toward which activities the education fund will be directed.  BIAA's expertise is rooted in its deep understanding of the disease-causative and disease-accelerative nature of brain injury, as well as the episodic and long-term treatment and support needs of brain injury patients and family caregivers.  To illustrate its expertise, BIAA submits, as Exhibits 2-4 to its motion for leave to file a reply memorandum, the *curricula vitae* of three BIAA board members, Drs. Brent Masel, Gregory O'Shanick, and Mark Ashley, who, among others, will review the proposed settlement and, if the Court grants BIAA's original motion, participate in the drafting of BIAA's *amicus curiae* brief.  This cadre of independent experts will be a unique and useful resource to the Court in determining the essential fairness of the proposed settlement.

Finally, BIAA, as the voice of brain injury in the United States, is a recognized and uniquely qualified stakeholder in the discussion of how best to prevent and treat brain injury at large, and how to improve the quality of life for all individuals affected by brain injury.  Like the *amicus*-plus in *Liberty Resources*, BIAA is a "stakeholder" in this case's core debate regarding brain injury, but currently has "no place at the table."  Its participation here will help the Court ensure that the larger public interests implicated by the settlement are not neglected.

## Conclusion

For the foregoing reasons, as well as those stated more fully in its original memorandum of law in support, BIAA respectfully requests that the Court grant BIAA's motion (Dkt. 5608) to participate in this case as *amicus curiae*, with the right to review the proposed settlement agreement and relevant documents, so that BIAA can file an *amicus curiae* brief to assist the Court in assessing the fairness of the proposed settlement.

Dated this 10th day of January, 2014.

Respectfully submitted,

Brain Injury Association of America, Proposed *Amicus Curiae*

By: /s/ Christopher J. Wright

Christopher J. Wright, DC Bar No. 367384
Mark A. Grannis, DC Bar No. 429268
Stephen W. Miller, DC Bar (Admitted 1/10/14)
Wiltshire & Grannis LLP
1200 Eighteenth Street NW
12th Floor
Washington, DC 20036
(202) 730-1300
(202) 730-1301 (fax)
cwright@wiltshiregrannis.com
mgrannis@wiltshiregrannis.com
smiller@wiltshiregrannis.com
Admitted *pro hac vice*