**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:  NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB) |
| | MDL No. 2323 |
| _____ | |
| **THIS DOCUMENT RELATES TO:** | Hon. Anita B. Brody |
| Tobiath Myers, et al.:   Cause No.: 2:12-cv-02800 Dominic Austin, et al.: Cause No.: 2:12-cv-04381 Maurice Aikens, et al.: Cause No.: 2:12-cv-05476 Estes Banks, et al.:    Cause No.: 2:12-cv-07135 Marcus Anderson, et al.: Cause No.: 2:13-cv-05206 | |

**MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFFS'
MOTION OF PROPOSED CO-LEAD CLASS COUNSEL, CLASS COUNSEL,
AND SUBCLASS COUNSEL FOR AN ORDER: (1) GRANTING
PRELIMINARY APPROVAL OF THE CLASS ACTION
SETTLEMENT AGREEMENT ;(2) CONDITIONALLY CERTIFYING
A SETTLEMENT CLASS AND SUBCLASSES; (3) APPOINTING
CO-LEAD CLASS COUNSEL, CLASS COUNSEL, AND SUBCLASS
COUNSEL; (4) APPROVING THE DISSEMINATION OF CLASS NOTICE;
(5) SCHEDULING A FAIRNESS HEARING; AND (6) STAYING CLAIMS
AS TO THE NFL PARTIES AND ENJOINING PROPOSED SETTLEMENT
CLASS MEMBERS FROM PURSUING RELATED LAWSUITS**

## I.    INTRODUCTION

The proposed settlement is unfair to all former players who filed suit against

the NFL. Under the proposal, players who hired lawyers must separately pay their

lawyers for representing them in this litigation. Most of the litigant-players in this

category are subject to contingency fee contracts where a portion of the player's

recovery goes to their attorney as an attorney's fee. In contrast, former players who

did not join the litigation are eligible for the same recoveries. But the non-litigant

players do not have to pay **any** attorneys' fees or other administrative costs. This means that the proposed settlement provides dissimilar treatment to persons with similar claims. As a result, the settlement is not fair, reasonable and adequate under Fed. R. Civ. P. 23(e)(2). For this reason, the Court should immediately reject the proposal and order the parties to resume mediation and attempt to reach a settlement that is fair to all former players.

## II.    FACTS[1]

Although the factual background section in the Class Plaintiffs' memorandum filed on January 6, 2014 [doc. no. 5634] is accurate, it does not tell the whole story. The NFL Concussion Litigation did not settle because of one class action filed in California, or a few other cases filed elsewhere. The litigation settled because an army of former players had the guts to stand up to "The League" and seek compensation for themselves and their brethren. As stated on page 66 of Class Plaintiffs' memorandum: "[t]his is a complex, multi-district litigation involving nearly 300 consolidates actions and over 7,000 plaintiffs….." The 7,000 plaintiffs who sued "The League" are responsible for the settlement—not the other retired players who—for whatever reason—chose to sit out the fight.

The proposed settlement is understandably complex. But the issue of attorney's fees is limited to two paragraphs on page 70 of the proposed settlement agreement. It states in part:

---

[1] The undersigned represent 177 former players in the following actions: *Tobiath Myers, et al.: Cause No.: 2:12-cv-02800, Dominic Austin, et al.: Cause No.: 2:12-cv-0438, Maurice, Aikens, et al.: Cause No.: 2:12-cv-05476, Estes Banks, et al.: Cause No.: 2:12-cv-07135, and Marcus Anderson, et al.: Cause No.: 2:13-cv-05206.*

> Co-Lead Class Counsel, Class Counsel and Subclass Counsel shall be entitled, at an appropriate time to be determined by the Court, to petition the Court on behalf of all entitled attorneys for an award of class attorneys' fees and reasonable costs. Provided that said petition does not seek an award of class attorneys' fees and reasonable costs exceeding One Hundred and Twelve Million, Five Hundred Thousand United States dollars, (U.S. $112,500,000), the NFL Parties agree not to oppose or object to the petition. Ultimately, the award of class attorneys' fees and reasonable costs to be paid by the NFL Parties is subject to the approval of the Court.

Under this provision, only the group of attorneys in the listed categories (which consists of the attorneys who signed the motion to approve the settlement) can file a petition for fees. Other attorneys in this litigation must separately charge their clients a fee under their contingency contracts in order to receive compensation for their work and the risks they assumed. Under the proposed settlement agreement, attorneys who want to try to recoup their fees under the agreement's attorney's fee provision rather than separately charging their clients cannot, since only the "Co-Lead Class Counsel, Class Counsel and Subclass Counsel" can even **ask** for fees under the settlement agreement.

Here is an example of how the proposed settlement works. Fred and Joe both played ten years for an NFL team. At the age of forty, Fred and Joe are inflicted with ALS. Fred hired an attorney and filed a lawsuit against the NFL. Joe did not. Fred has to pay his attorney a contingency fee on his recovery. Joe does not. If Fred's lawyer charges a 1/3 contingency, Fred will pocket $3,300,000 for his injury. Joe, not having a lawyer, pockets $5 million. The following chart summarizes this explanation, assuming one-third contingency fee for the player who filed suit:

| Player | Time in NFL | Injury | Filed suit | Recovery |
|--------|-------------|--------|-----------|----------|
| Fred | 10 years | ALS | yes | $3.3 million |
| Joe | 10 years | ALS | no | $5 million |

It's like the NFL imposed a 15-yard penalty on the players who filed lawsuits.

## III.   ARGUMENT

### A.  Class action settlements must be fair to everyone.

Fed. R. Civ. P. 23(e) states that a class action settlement must be approved by the Court. Rule 23(e)(2) states that the Court may approve a settlement only after finding that it is fair, reasonable, and adequate. "Although the standards and procedures for review and approval of settlements vary, in general the judge is required to scrutinize the proposed settlement to ensure that it is fair to the persons whose interests the court is to protect." Manual for Complex Litigation § 13.14 (4th ed. 2004). A court cannot accept a settlement unless it is fair to all parties.[2] In making this determination, the district court is a fiduciary to the class, and must serve as a guardian of the rights of class members.[3]

### B.  The proposed settlement must disclose all relevant information.

The Manual for Complex Litigation states: "[t]he judge must have information sufficient to consider the proposed settlement fully and fairly." Id. In addition, "[w]hen settlement is proposed early in the litigation, the judge may need

---

[2] *In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 785 (3rd Cir. 1995) (citations omitted).

[3] Id.

additional information necessary for a full review." Id. "A meaningful review of a proposed class settlement in a mass tort case requires an accurate understanding of what benefits the class members will actually receive and on what terms. Rule 23(e)(2) requires disclosure of any side agreements." Manual for Complex Litigation § 22.923 (4th ed. 2004). This specifically includes "collateral agreements that affect attorney fees." Id. (citing *In re Fine Paper Antitrust Litigation*, 98 F.R.D. 48, 70-75 (E.D. Pa. 1983), *aff'd in part, rev'd in part*, 751 F.2d 562 (3rd Cir. 1984)).

The Manual states that "Courts have identified certain features of settlement terms that, if uncorrected, should bar approval." Manual for Complex Litigation § 22.923 (4th ed. 2004). Included as examples are settlements that provide "dissimilar treatment to persons with similar claims." Id. (citing *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 630-31 (3rd Cir. 1996)). Also included are settlements that allow "duplicative or overlapping attorney fees both for serving as class counsel and for representing individual plaintiffs." Manual for Complex Litigation § 22.923 (4th ed. 2004).

### C. The proposed settlement does not adequately disclose the impact of contingency fee agreements between players and their attorneys.

Collateral contingency fee agreements between players and their attorneys impact the proposed settlement. Those agreements are not currently addressed by the proposed settlement agreement or before the Court. A district court commits reversible error when it approves a class settlement without assessing the

reasonableness of the attorneys' fees under the proposed settlement.[4] The proposed settlement and motion to approve settlement address only the attorneys' fees of the Co-Lead Class Counsel, Class Counsel and Subclass Counsel. For this Court's approval of the settlement to be valid, it must assess and approve all attorneys' fees.

In order for the Court to meaningfully review the fairness of the proposed settlement, the Court needs more information on the attorneys' fee issue. The proposed settlement ignores litigant players' contingency agreements with their attorneys. These agreements impact the settlement and result in dissimilar treatment for players, depending on whether they hired an attorney and joined the litigation. The Court should order the parties to provide more information on the attorneys' fee issue.

### D. The proposed settlement is not fair to all former players.

The proposed settlement treats the players who filed suit differently from the players who did not file suit. Players who filed suit must pay a contingency fee to their attorneys while players who did not file suit do not have to pay any attorneys' fees. Therefore, the proposed settlement penalizes the players who filed the lawsuit and forced the settlement. This means that the settlement provides dissimilar treatment to players with similar claims. As a result, the settlement is unfair to players who filed suit against the NFL.[5]

---

[4] See *Piambino v. Bailey*, 610 F.2d 1306, 1328 (5th Cir. 1980) (district court reversed for abdicating responsibility to assess reasonableness of attorneys' fees).

[5] See, e.g., *In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 818 (3rd Cir. 1995)(rejecting class settlement where class members with most valuable claims given least benefits).

### E.  The Court should reject the settlement and suggest changes.

Unfortunately, "[t]he trial court may not rewrite a settlement agreement; if it is unacceptable the court must disapprove it..." Manual for Complex Litigation § 13.14 (4th ed. 2004). However, the Court may suggest changes to the settlement agreement. Id. The proposed settlement is unfair to the players who filed suit and forced the settlement. The Court should reject it.

In addition, the Court should suggest the following changes to the settlement agreement:

1.  Attorneys' fees for all players must be structured to assure that there is no penalty to the players who filed suit;

2.  Any attorney who represented player(s) in the filed litigation may petition for attorneys' fees under the settlement agreement's attorneys' fee provision;

3.  Provide an incentive award to the players who forced the settlement by filing lawsuits; and

4.  Any other suggestions deemed by the Court to be appropriate.

The incentive award for the players who filed suit would reward the players who forced the settlement, as typically provided to the named plaintiff in a class action.

Finally, the Court should consider requesting the parties to amend the settlement agreement so that attorneys' fees are determined as is customary in a multi-district common fund case. See Manual for Complex Litigation § 14.12 (4th ed. 2004). An attorney's fee of 25% of the total recovery is a typical benchmark in a common fund case. Id. at § 14.121. However, courts often set fee percentages at lower amounts in class actions. See id. Obviously, the most important consideration

should be fairness to **all** former players who are covered by the settlement agreement. In order to truly ensure complete fairness, the Court must address the issue of contingency fees when approving attorneys' fees in this litigation.

### F. The Court should appoint liaison counsel to represent players who filed lawsuits.

The Plaintiff executive committee, steering committee and liaison counsel now represent the entire purported class—including players who joined the litigation and those who did not. But under the proposed settlement agreement, these groups of players' interest are not treated equally. As a result, the interests of the players who joined the lawsuits are not adequately represented by the groups of Plaintiff counsel who filed the Motion to Approve Settlement. The Court should appoint the undersigned as liaison counsel for attorneys who represent players who filed lawsuits and take the position that the proposed settlement is unfair to the players who filed lawsuits.

## IV.   CONCLUSION

For these reasons, the Court should deny the entire motion to approve class settlement and order the parties to resume mediation and/or resubmit the settlement agreement to address these issues.

This the 13th day of January, 2014.

Respectfully Submitted,

177 Former NFL Players

By Their attorneys:

/s/ Philip W. Thomas
PHILIP W. THOMAS
MS Bar No. 9667

PHILIP W. THOMAS LAW FIRM
Post Office Box 24464
Jackson, Mississippi 39225-4464
747 North Congress St. (39202)
pthomas@thomasattorney.com
(601) 714-5660

John D. Giddens
Baskin Jones
GIDDENS LAW FIRM
226 North President Street (39236)
Post Office Box 22546
Jackson, Mississippi 39225-2546
Tel: (601) 355-2022
Fax: (601) 355-0012

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

This the 13th day of January, 2014.

/s/ Philip W. Thomas
PHILIP W. THOMAS
