UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : No. 2:12-md-02323-AB<br>:<br>: MDL No. 2323<br>: |
| _____ | : Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO: | :<br>: |
| ALL ACTIONS | : |
| _____ | : |

CO-LEAD CLASS COUNSEL'S RESPONSE TO DUERSON'S MOTION
TO PERMIT THE DISSEMINATION TO COUNSEL OF RECORD
ALL DATA UTILIZED BY CO-LEAD COUNSEL
TO REACH THE PROPOSED SETTLEMENT

Co-Lead Class Counsel submit this response to the motion of Tregg Duerson, on behalf of

the Estate of Dave Duerson, to permit the immediate dissemination to counsel of record of all data

utilized by Co-Lead Counsel to reach the proposed settlement.   Co-Lead Class Counsel defer to

this Court's discretion as to whether, and when, the medical, actuarial, and economic experts that

were consulted to develop an appropriate settlement framework should have their supporting

materials disclosed to putative class members.   Co-Lead Class Counsel respectfully submit that

this Court's discretion should be informed by the discussion provided below.

On January 14, 2014, this Court denied *without prejudice* Co-Lead Class Counsel's

Motion for Preliminary Approval and Class Certification [Doc. Nos. 5657 & 5658].   In its

Memorandum, the Court praised the "commendable effort" of the parties to reach the negotiated

class action settlement.   *See* Memorandum [Doc. No. 5657], at 10.   Nevertheless, the Court

expressed its concern of the adequacy of the Monetary Award Fund.   In particular, the Court

found that the record presented in the motion for preliminary approval, including the Declaration

1

of Judge Layn Phillips, did not sufficiently address the Court's concerns.   The Court recognized

that plaintiffs alleged that economists had conducted analyses to ensure that there would be

sufficient funding to provide benefits to all eligible Class Members given the size of the Settlement

Class and projected incidence rates of all Retired NFL Football Players who may receive

Qualifying Diagnoses.   However, the Court found that no such analyses were provided.   In the

absence of additional supporting evidence, preliminary approval of the class settlement was denied

without prejudice.

Notably, however, the Court stated that, "[a]s a first step toward preliminary approval, I

will order the parties to share the documents referred to in their submissions with the Court

through the Special Master."   *Id*. at 12.   The stepped process contemplated by the Court is a

prudent one.   Allowing the Special Master to first review the materials generated through

Co-Lead Class Counsel and the NFL parties, consider the state of the record, and, if necessary, to

permit the Special Master to request and consider even more information to ensure that the

threshold preliminary fairness evaluation has been met, is sound.   Co-Lead Class Counsel submit

that the stepped process contemplated by the Court's Order should be permitted to reach its

intended purpose before the last step of dissemination of the underlying data to all counsel in the

MDL occurs.   The reasoning for this is simple.   This presentation to the Special Master, like all

of the negotiating parties' efforts preceding this presentation, is understood to be conducted under

the auspices of the Court's existing orders addressing confidentiality.[1]   The so-called

---

[1]Counsel for Duerson claims to have no knowledge of any imposition of confidentiality in
this case "that prevents a Plaintiff's lawyer from informing another Plaintiff's lawyer as to the
specific details on how or why the proposed settlement is fair, reasonable and adequate."   *See*
Affidavit of Thomas A. Demetrio [Doc. No. 5686 at para. 4].   He cannot deny, however, the
existence of a confidentiality order which prevents Co-Lead Counsel from discussing the
mediation process.   Indeed, the Court's Order of July 8, 2013 provides "I ORDER the parties and

"Confidentiality Order" imposed on the negotiating parties by the Court was implemented to ensure confidentiality of these delicate proceedings. In light of the Court's January 14 Order, the stepped process is ongoing and certain confidences may still need to be maintained. Of course, once the purpose of these presentations to the Special Master is achieved, then further dissemination may be considered.

Duerson's request for the immediate dissemination of this material has come to the forefront as a result of Co-Lead Class Counsel's efforts to conduct informational seminars with class members' counsel about the terms and qualities of the class settlement. The initial meeting was held at the Andaz Hotel in New York City on January 21, 2014. Other similar meetings are contemplated to take place at various locations across the country later this year. Due to inclement weather, the New York meeting was abbreviated. Rather than begin with a prepared Powerpoint discussion walking the counsel through all of the major terms of the class settlement, Co-Lead Class Counsel delved directly into a Question & Answer ("Q&A") session. Each and every question directed to the meaning of terms of the Settlement Agreement was answered. Only those questions touching upon the settlement process itself, including Judge Phillips' analysis, and those regarding the Special Master's prospective analysis, were deferred due to the

---

their counsel to refrain from publicly discussing the mediation process or disclosing any discussions they may have as part of that process, without further order of the Court." [Doc. No. 5128] That confidentiality order was only modified to allow the announcement of the terms of the settlement in the Court's Order of August 29, 2013, which announced the signing of the Term Sheet. The Court did not lift the confidentiality order to allow disclosure by the negotiating parties of the negotiations themselves in that August 29, 2013 Order. [Doc. No. 5235] Nor did the Court lift the confidentiality to allow such disclosure in its Order or Memorandum of January 14, 2014, denying Preliminary Approval without prejudice. [Doc. No. 5657 & 5658] Co-Lead Counsel, in compliance with the Court's Orders, simply refused to disclose to those in attendance at the meeting on January 21, 2014 the substance of the discussions that occurred during the mediation process. Co-Lead Counsel were and remain willing to discuss why the settlement is fair, reasonable and adequate.

restraints imposed by the Court's Confidentiality Order.   Obviously, since the Settlement

Agreement is of public record, Co-Lead Counsel were not constrained by the Confidentiality

Order to answer questions directed to the Settlement Agreement itself.

During this Q&A session, a demand for the underlying expert materials by Duerson's

counsel was raised.   Duerson's counsel expressed consternation that Co-Lead Counsel were not at

liberty to provide information about the settlement process due to the Confidentiality Order, and

that he felt excluded from the process.   Mr. Seeger was clear that he was not at liberty to provide

this information without first obtaining Court approval, but within the continuum of the class

action approval process this material should be made available to counsel, as well as PSC

Members who have not been privy to the supporting data and economic models.   Indeed, the

supporting materials to be presented to the Special Master are traditionally made available to

interested parties *after* preliminary approval is granted.   *See, e.g., Mehling v. New York Life

Insurance Co.*, 246 F.R.D. 467, 472 (E.D. Pa. 2007)(noting that the court need not make any

"ultimate conclusions", only "preliminary determinations" at the preliminary approval stage);

Manual for Complex Litigation (Fourth), Section 21.662 (Author's Comments)(2011)("at the

stage of preliminary approval, the questions are simpler, and the Court is not expected to, and

probably should not, engage in analysis as rigorous as is appropriate for final approval.").   The

information requested by the Court to be provided to the Special Master is expected to be provided

to absent class members to permit them a basis and sufficient time to inform their decision as to

how best to evaluate the settlement, but only upon this Court's direction.

Since *Greenfield v. Villager Industries, Inc.*, 483 F.2d 824, 834 & 836 (3d Cir. 1973),[2] courts in the Third Circuit have presumptively deemed a sixty day opt-out period sufficient time to allow absent class members an opportunity to reflect upon and consider any class action settlement.   Such a lengthy period of time to reflect upon the settlement is contemplated to be afforded to Mr. Duerson and other future class members if and when preliminary approval is granted.   Preliminary approval will occur only after the Special Master reviews the material and reports to the Court, and the Court then determines that the reports are appropriate to disseminate, and still further, the Court preliminarily agrees with the Parties' actuarial assumptions in the reports and therefore has the confidence to proceed with the preliminary approval of the class certification.   Then, without doubt, the materials can and should be made available to absent class members, as such access is traditionally allowed in between the time of preliminary approval and the final fairness hearing.   In light of the Court's Order of January 14, we are well before the opt-out period clock even begins to run on absent class members.   Therefore, proceeding in the orderly fashion described by this Court's Order provides the necessary discipline to the process to allow all parties to become informed of the extent and nature of the facts supporting the economic, medical and actuarial assumptions built into the Settlement Agreement.[3]

---

[2]In his dissent, Judge Adams opined that a solution to problems presented by the mere 30 day opt-out period afforded class members was to extend the period for an additional 30 days, *i.e.*, to 60 days.   *Greenfield,* 483 F.2d at 836.

[3]Clear direction from the Court is necessary to avoid the *ad hoc* whims of individual counsel's requests for such documentation.   For example, Co-Lead Class Counsel attaches hereto as Exhibit A, a request to Special Master, Perry Golkin from counsel for absent class members for the material to be submitted to Mr. Golkin pursuant to the Court's January 14, 2014 Order.

Co-Lead Class Counsel agree that ultimately, the evidence supporting the assumptions built into the proposed Class Action Settlement should become available to absent class members. Mr. Duerson asks that the information be made available immediately to all counsel.   Co-Lead Class Counsel request this Court's guidance as to whether the release of the information is appropriate and, if so, when it should be released.   Given this Court's direction that the confidential information is to be provided to the Special Master "as a first step," what the next step is remains uncertain.   The Special Master has not yet provided his report to the Court, which might be subject to supplementation.   Typically, this information is not made available of record until after the notice period begins following preliminary approval; as it stands now, preliminary approval has been denied without prejudice.   The traditional guideposts are not present.

Thus, Co-Lead Class Counsel seek the guidance of this Court regarding disclosure of this data to the PSC and lawyers who have filed cases in the MDL.   Should the Court deem it advisable to make the information available immediately, then it shall be so.   Should the Court instruct us to maintain confidentiality, obviously that ruling will similarly be observed.

Dated:   January 28, 2014                                    Respectfully submitted,


                                                            /s/ Christopher A. Seeger
                                                            Christopher A. Seeger
                                                            SEEGER WEISS LLP
                                                            77 Water Street
                                                            New York, NY 10005
                                                            Phone: (212) 584-0700
                                                            Fax: (212) 584-0799
                                                            cseeger@seegerweiss.com


                                                            **Co-Lead Class Counsel**

6

Sol Weiss
ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, PA 19103
Phone: (215) 735-1130
Fax: (215) 735-2024
sweiss@anapolschwartz.com

**Co-Lead Class Counsel**