IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE | : | MDL No. 2323 |
| PLAYERS' CONCUSSION INJURY | : | 12-md-2323 |
| LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ALL ACTIONS | · : | |

## [PROPOSED] ORDER

AND NOW, this _____ day of _____, 2014, after consideration

of Bloomberg L.P.'s Motion to Intervene to Seek Access to Documents and Information, and any

responses thereto, it is hereby ORDERED that the Motion is GRANTED and that Bloomberg

L.P. is granted leave to intervene to seek access to documents and information and may file the

Motion and Memorandum of Law attached to its Motion to Intervene as Exhibit A.

BY THE COURT:

_____

ANITA B. BRODY
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE | : | MDL No. 2323 |
| PLAYERS' CONCUSSION INJURY | : | 12-md-2323 |
| LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ALL ACTIONS | : | |

**BLOOMBERG L.P.'S MOTION TO INTERVENE TO SEEK**
**DOCUMENTS AND INFORMATION**

Pursuant to Federal Rule of Civil Procedure 24 and for the reasons set forth in the

accompanying Memorandum of Law, Bloomberg L.P. hereby moves this Court for leave to

intervene to seek access to documents and information and for leave to file the Motion and

Memorandum of Law attached hereto as Exhibit A.

WHEREFORE, Bloomberg L.P. respectfully requests that the Court grant it leave

to intervene to seek access to documents and information and grant it leave to file the Motion

and Memorandum of Law attached hereto as Exhibit A.


Respectfully submitted,

/s/ Eli Segal
Amy B. Ginensky (PA I.D. 22623)
Eli Segal (PA I.D. 205845)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Dated: January 31, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE | : | MDL No. 2323 |
| PLAYERS' CONCUSSION INJURY | : | 12-md-2323 |
| LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ALL ACTIONS | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**BLOOMBERG L.P.'S MOTION TO INTERVENE TO SEEK ACCESS TO**
**DOCUMENTS AND INFORMATION**

Bloomberg L.P. ("Bloomberg") operates Bloomberg News, a 24-hour global news service based in New York with more than 2,400 journalists in more than 150 bureaus around the world. Bloomberg supplies real-time business, financial, and legal news to the more than 319,000 subscribers to the Bloomberg Professional service world-wide and is syndicated to more than 1000 media outlets across more than 60 countries. Bloomberg television is available in more than 340 million homes worldwide, and Bloomberg radio is syndicated to 200 radio affiliates nationally. In addition, Bloomberg publishes Bloomberg Businessweek, Bloomberg Markets, and Bloomberg Pursuits magazines with a combined circulation of 1.4 million readers, and Bloomberg.com and Businessweek.com receive more than 24 million visitors each month. In total, Bloomberg distributes news, information, and commentary to millions of readers and listeners each day, and has published more than one hundred million stories.

On January 14, 2014, the Court ordered the parties to share with it, through the Special Master, the documentation that allegedly shows that the proposed $760 million settlement adequately compensates over 20,000 proposed class members. (Docket Nos. 5657 at 3, 10-12 & 5658.) The documentation, however, has not been made publicly available.

Moreover, Proposed Co-Lead Class Counsel has stated that a confidentiality order bars him from disclosing or discussing the documents.  (Docket No. 5699.)

As explained in Bloomberg's Motion for Access and accompanying Memorandum of Law, attached as Exhibit A and incorporated herein as though fully set forth, Bloomberg and the public as a whole have the right to access this documentation, under both the common law and the First Amendment.  Bloomberg now seeks to intervene, under Federal Rule of Civil Procedure 24, to seek such access.  A motion to intervene is the proper "procedural device" for a third party to use to assert its rights in situations like this one. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994).

Thus, Bloomberg respectfully requests leave to intervene pursuant to Rule 24, and it specifically requests leave to file the Motion for Access and Memorandum of Law attached hereto as Exhibit A.

Respectfully submitted,

/s/ Eli Segal
Amy B. Ginensky (PA I.D. 22623)
Eli Segal (PA I.D. 205845)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Dated: January 31, 2014

**CERTIFICATE OF SERVICE**

I, Eli Segal, hereby certify that on this 31st day of January, 2014, a true and correct copy of the foregoing Bloomberg L.P.'s Motion to Intervene to Seek Access to Documents and Information, along with the accompanying Memorandum of Law and Proposed Order, was served electronically upon all counsel of record via the Court's ECF filing system.

/s/ Eli Segal
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE | : | MDL No. 2323 |
| PLAYERS' CONCUSSION INJURY | : | 12-md-2323 |
| LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ALL ACTIONS | : | |

**[PROPOSED] ORDER**

AND NOW, this _____ day of _____, 2014, after consideration

of Bloomberg L.P.'s Motion for Access to Documents and Information, it is hereby ORDERED

that the Motion is GRANTED and that (1) the settlement-related documentation that the Court,

on January 14, 2014, ordered the parties to share with the Court through the Special Master shall

be made make publicly available and (2) the parties are not restricted from discussing the

documentation with or disclosing it to the general public.

BY THE COURT:

_____
ANITA B. BRODY
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE | : | MDL No. 2323 |
| PLAYERS' CONCUSSION INJURY | : | 12-md-2323 |
| LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ALL ACTIONS | : | |

## BLOOMBERG L.P.'S MOTION FOR ACCESS TO DOCUMENTS AND INFORMATION

For the reasons set forth in the accompanying Memorandum of Law, Bloomberg L.P. hereby moves this Court for an Order that (1) makes publicly available the settlement-related documentation that the Court, on January 14, 2014, ordered the parties to share with the Court through the Special Master and (2) clarifies that the parties are not restricted from discussing the documentation with or disclosing it to the general public.

WHEREFORE, Bloomberg L.P. respectfully requests (1) that the settlement-related documentation that the Court, on January 14, 2014, ordered the parties to share with the Court through the Special Master be made publicly available and (2) that the Court clarify that the parties are not restricted from discussing the documentation with or disclosing it to the general public.

Respectfully submitted,

/s/ Eli Segal
Amy B. Ginensky (PA I.D. 22623)
Eli Segal (PA I.D. 205845)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

Dated: January 31, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : | MDL No. 2323 12-md-2323 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : | |

**MEMORANDUM OF LAW IN SUPPORT OF
BLOOMBERG L.P.'S MOTION FOR ACCESS TO DOCUMENTS AND
INFORMATION**

On January 14, 2014, this Court ordered the parties to share with it, through the

Special Master, the documentation that allegedly shows that the proposed $760 million

settlement adequately compensates over 20,000 proposed class members.  Under the common

law and First Amendment right of access to judicial records and proceedings, Bloomberg L.P.

("Bloomberg") respectfully requests that the documentation be made available to the press and

the public once, in accordance with the Court's January 14 order, it has been submitted to the

Special Master.  In addition, in light of Proposed Co-Lead Class Counsel's statements that a July

8, 2013 confidentiality order prohibits him from publicly disclosing or discussing the documents,

Bloomberg further requests that the Court clarify that the confidentiality order does not do so.

**I.    FACTS**

On January 6, 2014, Proposed Co-Lead Class Counsel, Class Counsel, and

Subclass Counsel (collectively "Plaintiffs' Counsel") moved for preliminary approval of the

$760 million class action settlement that they reached with Defendants National Football League

and NFL Properties LLC on behalf of a proposed class of over 20,000 people.  (Docket Nos.

5634 & 5634-5 at 27.)  In their memorandum of law, Plaintiffs' Counsel referenced expert

medical, actuarial, and economic analyses that, according to them, showed that the settlement

would adequately compensate all class members. (Docket No. 5634-5 at 22-23, 36.) In addition, they attached a declaration in which the Court-appointed mediator based his conclusion that the settlement was "fair and reasonable" on these same medical, actuarial, and economic analyses. (Docket No. 5634-4 at ¶¶ 8, 20.) Plaintiffs' Counsel did not include the expert analyses with their motion.

On January 14, 2014, the Court denied Plaintiffs' Counsel's motion without prejudice. (Docket Nos. 5657 & 5658.) The reason: without the actual expert analyses referenced in Plaintiffs' Counsel's submission, the Court was unable to evaluate the fairness, adequacy, or reasonableness of the proposed settlement. (Docket No. 5657 at 10-12.) The same day, "[a]s a first step toward preliminary approval," the Court ordered the parties "to share the documentation referred to in their submissions with the Court through the Special Master." (Docket Nos. 5657 at 12 & 5658.) Thus, the Court effectively ordered Plaintiffs' Counsel to supplement their motion for preliminary approval and specified precisely what that supplemental submission should include.

It is unclear from the docket whether the parties have now provided the settlement-related documentation to the Court via the Special Master. Further, Proposed Co-Lead Counsel, Christopher Seeger, has stated that a confidentiality order bars him from publicly disclosing or discussing the documents. (Docket No. 5699 at 4.) What is clear, however, is that the contents of that Court-ordered submission are judicial records of significant public interest, to which Bloomberg and the public as a whole are entitled access. They should be made available to all who wish to inspect them, and the parties should not be restricted from discussing or disseminating them.

## II.  ARGUMENT

### A.  The Settlement Documentation Should Be Made Publicly Available, Under the Common Law and First Amendment Right of Access.

The common law and the First Amendment provide a general right of public

access to judicial proceedings and records.  *See, e.g., Del. Coalition for Open Gov't, Inc. v.*

*Strine*, 733 F.3d 510 (3d Cir. 2013) (First Amendment); *In re Cendant*, 260 F.3d 183, 192 (3d

Cir. 2001) (common law); *Publicker Indus. v. Cohen*, 733 F.2d 1059 (3d Cir. 1984) (both).  As

for judicial records in particular, the Third Circuit has explained:

> The existence of a pervasive common law right to inspect and copy
> public records and documents, including judicial records and
> documents . . . , which antedates the Constitution and which is
> applicable in both criminal and civil cases, is now beyond dispute.
> In addition, . . . the First Amendment, independent of the common
> law, protects the public's right of access to the records of civil
> proceedings.

*Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 & n.6 (3d Cir. 1994) (internal

quotation marks, citations, and footnotes omitted).

This long-standing tradition of openness is crucial to the functioning of our

democratic society, as it "promotes public confidence in the judicial system, diminishes

possibilities for injustice, incompetence, perjury, and fraud, and provides the public with a more

complete understanding of the judicial system and promotes the public perception of fairness."

*United States v. Wecht*, 484 F.3d 194, 204 (3d Cir. 2007) (internal quotation marks and brackets

omitted).  "People in an open society do not demand infallibility from their institutions, but it is

difficult for them to accept what they are prohibited from observing."  *Richmond Newspapers,*

*Inc. v. Virginia*, 448 U.S. 555, 572 (1980) (plurality).

Whether a document qualifies as a "judicial record" and is thus subject to a right

of access "depends on whether [it] has been filed with the court, or otherwise somehow

incorporated or integrated into a district court's adjudicatory proceedings." *Cendant*, 260 F.3d at 192. Thus, "[w]hile filing clearly establishes such status, a document may still be construed as a judicial record, absent filing, if a court interprets or enforces the terms of that document, or requires that it be submitted to the court under seal." *Id.*

Moreover, the public right of access—be it grounded in the common law, the First Amendment, or both—applies at all stages of civil litigation, including settlement. For example, in *Bank of America National Trust and Savings Ass'n v. Rittenhouse*, 800 F.2d 339, 343-45 (3d Cir. 1986), the court held that the right of access applied to a settlement agreement and a motion to enforce it, declaring that "the court's approval of a settlement or action on a motion are matters which the public has a right to know about and evaluate" and "[d]isclosure of settlement documents serves as a check on the integrity of the judicial process." *See also, e.g., Cendant*, 260 F.3d at 192-93 (bids to be chosen as lead counsel in class action); *Republic of Phil. v. Westinghouse Elec. Corp.*, 949 F.2d 653, 659-62 (3d Cir. 1991) (summary judgment record); *Publicker*, 733 F.2d at 1066-67 (preliminary injunction hearing transcripts); *Leucadia*, 998 F.2d at 165 ("all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not").

Access to judicial records subject to the common law or First Amendment right of access may be denied only in the rarest of circumstances. The common law right creates a "strong" presumption of access, and a party seeking to overcome it must show that "the interests in secrecy outweigh the presumption." *Leucadia*, 998 F.2d at 165. Put differently, a party opposing access "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (citation

omitted). And the party must make that showing as to each and every document that it wishes to protect. *Leucadia*, 998 F.2d at 166. Where the First Amendment right applies, "the presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 510 (1984).

Both the common law and the First Amendment require a court denying access to articulate its justifications and its careful weighing of competing interests. *See Leucadia*, 998 F.2d at 167 (common law); *Press-Enter.*, 464 U.S. at 510-11 (First Amendment). Further, both mandate an opportunity for the public to be heard before closure. *See Miller*, 16 F.3d at 549 (common law); *United States v. Antar*, 38 F.3d 1348, 1362 n.18 (3d Cir. 1994) (First Amendment).

Here, the expert medical, actuarial, and economic analyses that the Court ordered the parties to provide it, through the Special Master, are "judicial records" subject to the common law and First Amendment right of public access. While it might not have been filed, the documentation, in accordance with the Court's January 14 order, either has been or is about to be "incorporated or integrated into [the] district court's adjudicatory proceedings." *Cendant*, 260 F.3d at 192. The Court ordered the parties to provide the documentation "[a]s a first step toward preliminary approval." (Docket Nos. 5657 at 12.) Again, in essence, the Court directed Plaintiffs' Counsel to amend their preliminary approval motion to include documentation that the Court deemed necessary to meaningfully evaluate the motion. *See Cendant*, 260 F.3d at 193 (finding bids to be chosen as lead class counsel, provided to court upon court order but not filed, to be "judicial records" and explaining that bids were "in essence" motions to be appointed lead counsel). And as the Third Circuit put it, a "court's approval of a settlement or action on a

motion are matters which the public has a right to know about and evaluate." *Bank of Am.*, 800

F.2d at 344.

      "The right of public access is particularly compelling" where, as here, the judicial

records are from a class action in which "many members of the 'public' are plaintiffs." *Cendant*,

260 F.3d at 193.  Indeed, the access policy rationales discussed above "apply with even greater

force" in this context:

> Protecting the access right in class actions "promotes [class
> members'] confidence" in the administration of the case.
> Additionally, the right of access diminishes the possibility that
> "injustice, incompetence, perjury, [or] fraud" will be perpetrated
> against those class members who have some stake in the case but
> are not at the forefront of the litigation.  Finally, openness of class
> actions provides class members with "a more complete
> understanding of the [class action process] and a better perception
> of its fairness."

*Cendant*, 260 F.3d at 193 (citations omitted) (brackets in *Cendant*) (quoting *Littlejohn v. BIC*

*Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)).  As the Third Circuit recognized, "lead attorneys have

an unusual amount of control over information concerning the litigation." *Id.*  Unfettered public

access to judicial records in a class action is a vital check on that control.

      Finally, there are no interests here substantial enough to outweigh the strong

presumption of openness that accompanies the common law and First Amendment right of

access.  To the extent the parties show there is a particular document or portion of a particular

document for which continued secrecy is in fact warranted (e.g., trade secret, social security

number, truly private personal medical information), redaction, not wholesale denial of access,

would be the proper approach.

**B.      The Court Should Clarify that the Parties May Publicly Discuss and Disseminate the Settlement Documentation.**

Proposed Co-Lead Class Counsel Mr. Seeger maintains that the Court's July 8, 2013 confidentiality order bars him from discussing or disseminating the expert analyses supporting the proposed settlement.  (Docket No. 5699.)  That order states that the parties and their counsel must "refrain from publicly discussing the mediation process or disclosing any discussions they may have had as part of that process, without further order of the Court." (Docket No. 5128.)  This language does not prohibit discussing or disclosing the expert analyses that the Court ordered, on January 14, 2014, to be shared with it.  Bloomberg respectfully requests that the Court clarify that Bloomberg's interpretation of the order is correct.

## III.      CONCLUSION

For all of these reasons, Bloomberg respectfully requests (1) that the settlement-related documentation that the Court, on January 14, 2014, ordered the parties to share with the Court through the Special Master be made publicly available and (2) that the Court clarify that the parties are not restricted from discussing the documentation with or disclosing it to the general public.  Every day that passes, "the information denied to the press and the public gr[ows] increasingly stale," *Antar*, 38 F.3d at 1362, and the fundamental "value of 'openness' itself" is further threatened, *United States v. Simone*, 14 F.3d 833, 842 (3d Cir. 1994) (internal quotation marks omitted).  Crucially, the right is not just to access; it is to "contemporaneous" access.  *Republic of Phil.*, 949 F.2d at 664.

Respectfully submitted,

/s/ Eli Segal
Amy B. Ginensky (PA I.D. 22623)
Eli Segal (PA I.D. 205845)

PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Dated: January 31, 2014

## CERTIFICATE OF SERVICE

I, Eli Segal, hereby certify that on this 31st day of January, 2014, a true and correct copy of the foregoing Bloomberg L.P.'s Motion for Access to Documents and Information, along with the accompanying Memorandum of Law and Proposed Order, was served electronically upon all counsel of record via the Court's ECF filing system.

/s/ Eli Segal
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000