# Exhibit 5

Eric H. Gibbs (SBN # 178658)
Dylan Hughes (SBN # 209113)
Scott Grzenczyk (SBN # 279309)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
ehg@girardgibbs.com

*Liaison Counsel and Counsel
for Individual and Representative
Plaintiffs Kamneel Maharaj, et al.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HYUNDAI AND KIA FUEL ECONOMY LITIGATION | Case No. 2:13-ml-02424-GW-FFM<br><br>**LIAISON COUNSEL'S REPORT LISTING NON-SETTLING PLAINTIFFS' CASES AND POSITIONS REGARDING PROPOSED SETTLEMENT** |

---

LIAISON COUNSEL'S REPORT LISTING NON-SETTLING PLAINTIFFS' CASES
AND POSITIONS REGARDING PROPOSED SETTLEMENT

At the January 9, 2014 status conference the Court asked Liaison Counsel to prepare a report listing the cases included in the MDL and related cases not currently pending in the MDL, along with their positions on the proposed settlement.

On separate occasions, my office emailed counsel for each of the cases in the MDL and the known related cases. My office also coordinated with Defendants to identify any other related cases, including those not currently pending in the MDL.[1]

The information requested by the Court is included in the report attached as Appendix A. Cases are arranged by filing date. The report provides the following information:

(1) Case name

(2) Filing date

(3) Court of original filings

(4) Plaintiff's counsel name

(5) Plaintiff's counsel firm

(6) Classes

(7) Causes of action

Below each case's information is the position statement we received for that case, highlighted in purple. Two sets of cases provided their positions in separate memoranda, which are included as Exhibits A, B, and C.

Two points of clarification regarding the class information are necessary. To the extent a class definition includes a list of parties excluded from the class, we have not included that information. Additionally, to the extent a complaint includes state sub-classes that are identical to a nationwide class that was also alleged, for the sake of brevity, we put "[State] Sub-Class" instead of writing out the entire sub class definition.

---

[1] Liaison Counsel recently identified the *Sutta* action, and is working with counsel in that case to finalize their position on the settlement, which Liaison Counsel expects to file next week.

1

LIAISON COUNSEL'S REPORT LISTING NON-SETTLING PLAINTIFFS' CASES
AND POSITIONS REGARDING PROPOSED SETTLEMENT

For the Court's convenience, we've also attached Appendix B, which only provides the case name, plaintiff's counsel firm, and settlement position. Appendix B also groups cases with overlapping counsel and identical settlement positions and lists them together. For example, counsel for the *Iocovozzi* action (generally, The Tate Law Group, The Cartwright Law Firm, and Bonsignore and Brewer) also represent plaintiffs in ten other actions: *Bonsignore, Brown, Cestaro, Elliott, Fellers, Martyn, Myers, Setser, Terhost,* and *Woodward*. The *Iocovozzi* action was filed January 31, 2013, and the other actions were filed on March 5 (4 cases), March 15 (4 cases) and March 26, 2013 (2 cases). Each of the eleven actions was brought on behalf of a state-specific class and includes statutory claims under only California law. In Appendix A the ten actions filed in March are listed according to their filing date, whereas in Appendix B they are listed together along with *Iocovozzi*.

We are happy to provide the information in a different format if that would be preferable or to discuss any other issues the Court may have.

DATED: January 30, 2014

Respectfully submitted,

By:   */s/ Eric H. Gibbs*

Eric H. Gibbs
Dylan Hughes
Scott Grzenczyk
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
ehg@girardgibbs.com

*Liaison Counsel and Counsel for Individual and Representative Plaintiffs Kamneel Maharaj, et al.*

# CERTIFICATE OF SERVICE

I, Eric H. Gibbs, hereby certify that on January 30, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will serve notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document upon confirmation of e-filing.

/s/ Eric H. Gibbs
Eric H. Gibbs

3

LIAISON COUNSEL'S REPORT LISTING NON-SETTLING PLAINTIFFS' CASES
AND POSITIONS REGARDING PROPOSED SETTLEMENT

| Case Name | Plaintiff Counsel Firm | Class(es) |
|---|---|---|
| *Espinosa v. Hyundai Motor America* | McCuneWright, LLP | Supports (Settling Plaintiff). |
| *Bird v. Hyundai Motor America* <br><br> *Krauth v. Hyundai Motor America* <br><br> *Hasper v. Hyundai Motor America* | Cotchett Pitre and McCarthy, LLP | Intend to oppose the Proposed Settlment as currently drafted. *See* Exhibit A |
| | Dreyer Babich Buccola Wood Campora LLP | |
| | Consumer Watchdog | |
| | Cuneo Gilbert and LaDuca LLP | |
| *Gordon v. Hyundai Motor America* | Pomerantz LLP | Does not oppose the settlement |
| | Shepherd, Finkelman, Miller & Shah LLP | |
| *Hunter v. Hyundai Motor America* <br><br> *Brady v. Hyundai Motor America* | Hagens Berman Sobol Shapiro LLP | Supports (Settling Plaintiff) |

| Case Name | Plaintiff Counsel Firm | Class(es) |
|---|---|---|
| *Sanders v. Hyundai Motor America* | Minnillo & Jenkins Co., LPA<br>Goldenberg Schneider LPA | Generally support the settlement. Nonetheless, believes there are several areas that should be clarified and / or improved including:<br>• There is nothing in the Settlement Agreement that obligates Defendants to continue the Reimbursement Program. This is very important because this Settlement is essentially a "claims made" settlement. If class members do not file a claim because they are satisfied with the Reimbursement Program or because they simply choose not to take the time to complete the long claim form, there is nothing in the Settlement Agreement to prevent Defendants from terminating or phasing out the Reimbursement Program prematurely. Assuming that the prior EPA involvement and resolution includes such a requirement to continue/complete the Reimbursement Program, the Settlement Agreement should at least incorporate those same requirements. The Class Notice at paragraph 8 represents that the Reimbursement Program will be continued "as long as you own or lease your Class Vehicle"; however, I do not see anything in the Settlement Agreement that obligates Defendants to do so.<br>• The claim form is too long, cumbersome and complicated and should be simplified;<br>• The claim form should not be mailed to each Class Member in its present form because it is too long and complicated. Such a claim form may substantially deter participation. Rather, the mailed Notice should drive Class Member's to the settlement website to file their claim electronically and that electronic claim process should be simplified. If a class member would like a hard copy of the claim form (which should be simplified), they could access the website and print one out or they could call the toll free settlement phone number and request a hard copy of the simplified claim form to be mailed.<br>• Class members should be able to complete and submit their claim form on-line at the Settlement Website; to prevent fraud, each Class Member's mailed notice should contain a unique "claim ID" which will need to be entered during the on-line claim submission process. A properly developed on-line claim process will be relatively simple and will not deter participation (as the current lengthy and complicated claim form is likely to do).<br>• R.L. Polk data combined with Defendants' purchase data (e.g. VIN) should allow the Settlement Administrator to identify the exact benefits to which each (or at least most) class members are entitled. This would simplify the claim process and may even permit the electronic/internet-based claim process to self-populate many of the data fields once the claimant/class member enters the unique "claim ID" contained on the mailed Notice.<br>• The two year expiration period on the "dealer service debit card" (see section 3.2.2) should be raised from two years to four years. These are essentially new vehicles; as such many of the Class Members may not even incur substantial "dealer service" during the next two years. |

| Case Name | Plaintiff Counsel Firm | Class(es) |
|---|---|---|
| *Wilton v. Kia Motors America, Inc.*<br><br>*Carullo v. Kia Motors America, Inc.*<br><br>*Washburn v. Kia Motors Corporation* | Whatley Kallas LLC (*Wilton*)<br>Doyle Lowther LLP (*Wilton*)<br>Mauriello Law Firm APC (*Carullo*)<br>Payne Mitchell Law Group, LLP (*Washburn*)<br>Crowley Norman LLP (*Washburn*) | We generally support the proposed settlement, but several terms should be modified before the Court preliminarily approves the settlement:<br>1. The settlement website should allow online claims submission and include materials that are designed to assist class members in determining which settlement option is best for them. Simple tools would assist class members in determining the best value for their situation. One tool could be a calculator, whereby class members could submit their city of residence, vehicle model, estimated mileage for the lifetime of the vehicle, and previous reimbursement amounts. The calculator then would generate an estimate of the total amount the class member would receive under the reimbursement program. This information could be compared to other options under the settlement, such as their lump sum payment and the service and new vehicle credit amounts. This additional information will enable class members to make a more informed decision as to the best course of action to take.<br>2. For class members who already are participating in the reimbursement program, these persons should be allowed to enter their claim number online and elect to participate in the lump sum program electronically without having to fill out a new claim form. All of their information should be imported from the reimbursement program, and these class members should not be required to re-enter all of their information a second time.<br>3. Former owners must use the reimbursement calculator on Hyundai's and Kia's reimbursement websites to determine their reimbursement amount. These calculations should be available on the settlement website.<br>4. The postcards to consumers who are participating in the reimbursement program should report the amount each participant has already received to aid in decision making.<br>5. Class members must provide proof they owned or leased the vehicle as of November 2, 2012. Kia and Hyundai should have these records, including for warranty and recall purposes, and class members should not be forced to submit this proof, so long as they are on a list provided by Hyundai and Kia. Only if a class member is not included on these lists should that class member be required to provide such.<br>6. The claim forms should be pre-populated with the class-member-specific information that is already in Kia's and Hyundai's possession.<br>7. There should be email notice, given Kia and Hyundai have virtually complete/accurate customer records.<br>8. The process should allow timely assistance for correction of claim forms that may be deficient. |
| *Reeves v. Kia Motors America* | Growe Eisen Karlen<br>The Furniss Law Firm LLC | No opposition to the proposed settlement with Kia. |

| Case Name | Plaintiff Counsel Firm | Class(es) |
|---|---|---|
| *Graewingholt v. Hyundai Motor America* | John P Nash Law Offices<br><br>Meiselman Packman Nealon Scialabba & Baker | Agrees with the position of the Maharaj plaintiffs and Liaison Counsel. |
| *Kievit v. Hyundai Motor America* | Chimicles & Tikellis LLP | Agrees with the position of the Maharaj plaintiffs and Liaison Counsel. |
| *Maturani v. Hyundai Motor America* | Davis and Norris LLP | • Cannot adequately evaluate settlement while additional court ordered discovery is due and promised by defendants<br>• Claims process issue<br>• Manner class members are paid is issue<br>• Reversion of funds back to defendants is an issue |
| *Thomson v. Hyundai Motor America* | The Paynter Law Firm PLLC<br>Walter H Sargent PC | Plaintiffs do not oppose the settlement. |
| *Rezai v. Hyundai Motor America* | Albukerk and Associates | No position statement received. |
| *Rottner v. Hyundai Motor America* | Edelman Combs Latturner and Goodwin LLC | The monetary portion of the settlement is fair. Plaintiff is concerned about the notice and claim form procedure because it seems more complicated that it needs to be and could depress class member participation in the settlement. |
| *Thomas v. Hyundai Motor America* | The Lanier Law Firm | No position statement received. |
| *Olson v. Hyundai Motor Company*<br><br>*Simmons v. Kia Motors Corporation* | Robbins Gellar Rudman and Dowd LLP | Our concerns relate to the claims process and the reversionary nature of the settlement funds. We would be more inclined to support a settlement wherein the debit cards, service credits, or new-car rebates did not have an expiration date and therefore would not revert back to Defendants. In addition, the current claims process is complicated and overwhelming. We would propose that there is no need for any claim form as Defendants should be able to automatically pay class members. Alternatively, if a claim form is required, it should be a simple process that is online. |
| *Lipman v. Hyundai Motor America* | Katten & Temple LLP<br>Law Offices of Richard Linden<br>Peter V. Bustamante Attorney at Law | No position statement received. |

| Case Name | Plaintiff Counsel Firm | Class(es) |
|---|---|---|
| Gudgalis v. Hyundai Motor America<br><br>Quiroz v. Kia Motors America, Inc.<br><br>Woodruff v. Kia Motors America, Inc.<br><br>Armstrong v. Kia Motors America<br><br>Hoessler v. Kia Motors America<br><br>Leggett v. Kia Motors Corporation<br><br>Hammond v. Hyundai Motor America | Simmons Browder Gianaris Angelides & Barnerd LLC<br><br>McCallum Methvin & Terrell PC (*Armstrong* only) | We support the proposed settlement generally but believe improvements could be made to the claims process. |
| Bayard v. Hyundai Motor America | Hyde & Swigart<br>Kazerouni Law Group APC<br>Law Offices of Todd M. Friedman PC | We have some concerns about the settlement in terms of the claims process being too cumbersome, however we do not wish to blow the settlement up. |
| Naythons v. Hyundai Motor Company | Levin, Fishbein, Sedran & Berman Esqs. | No position statement received. |
| Kurash v. Hyundai Motor America | Hagens Berman Sobol Shapiro LLP<br>Berger and Montague PC | No position statement received. |
| Torres v. Kia Motors America, Inc. | Taylor Law Partners LLP<br>Daniels, Woods, Snively & Atwell | No position statement received. |
| Hayes v. Kia Motors America, Inc. | Gilman and Pastor, LLP | No position statement received. |
| Weber, et al. v. Hyundai Motor America | Gustafson Gluek PLLC<br>Tostrud Law Group PC | Plaintiffs approve of the proposed settlement. |
| Young v. Kia Motors America, Inc. | Kaplan Fox and Kilsheimer LLP | Support the settlement but believe the notice and claims process is flawed and needs to be revised. |

| Case Name | Plaintiff Counsel Firm | Class(es) |
|---|---|---|
| *Maharaj v. Hyundai Motor America* | Girard Gibbs LLP<br><br>*(also Liaison Counsel)* | Liaison counsel supports the settlement subject to addressing and modifying the notice and claims process, which we believe must be streamlined so that class members can make informed decisions and ultimately get paid. We believe that, as currently contemplated, the notice and claims program will not achieve those goals and will be the subject of successful collateral attack from objecting class members. We also believe that section 3.2.4, which provides that Hyundai and Kia retain any unused funds from class members' debit cards after their expiration, is inappropriate and should be modified. |
| *Sutta v. Hyundai Motor America* | Glancy Binkow and Goldberg LLP<br><br>Ahdoot & Wolfson APC | Currently evaluating settlement and discussing with Liaison Counsel. |
| *Wilson v. Kia Motors America, Inc.* | Law Office Of Lewis G. Adler<br><br>Law Office Of Paul DePetris | • The proposed administration process is defective.<br>   a. The disclosures fail to adequately explain the differences between the lump sum payment and the reimbursement program<br>   b. The matrix provides for a simple lump sum, there is no basis for a claims form being used. A check should be issued to any class member who fails to take affirmative action.<br>   c. This is a claims made proposal with the expected participation rate of 15% -30% by class members.<br>   d. There is only a plan for mail notice, there is no provision to supplement the notice procedure to include email, or advertisements.<br>   e. There is no provision for online or phone claims filing inclusive of a smart phone tag.<br>   f. The claims period is too short, it should be extended to 180 days.<br>   g. The claims package should include a prepaid envelope to file the claim<br>   h. There should be reminder post cards sent to class members who have not filed a claim during the claims period.<br>• The proposed settlement fails to adequately address state specific relief which requires the addition of subclasses.<br>• The settlement amounts are inadequate as the settlement was represented as a 100% payment to the class members. In addition there is no provision for diminution of value of the vehicles.<br>• The issue of legal fees have not been addressed except to exclude all other counsel from participating.<br>• The issue of incentive payments to class representative has not been addressed. |

| Case Name | Plaintiff Counsel Firm | Class(es) |
|---|---|---|
| *Iocovozzi v. Kia Motors America, Inc.* | The Cartwright Law Firm Inc | We join Consumer Watchdog's position regarding inadequacies with the claim form. *See also* Exhibit B and Exhibit C. |
| *Setser v. Kia Motors America, Inc.* | The Tate Law Group | |
| | Law Office of Drew McElroy | |
| *Fellers v. Kia Motors America, Inc.* | Savage, Turner, Pinckney & Madison | |
| *Elliott v. Hyundai Motor America, Inc.* | Bonsignore and Brewer | |
| *Woodward v. Kia Motors America, Inc.* | | |
| *Brown v. Kia Motors America, Inc.* | | |
| *Myers v. Hyundai Motor America, Inc.* | | |
| *Cestaro v. Hyundai Motor America, Inc.* | | |
| *Terhost v. Kia Motors America, Inc.* | | |
| *Martyn v. Hyundai Motor America, Inc.* | | |
| *Bonsignore v. Kia Motors America, Inc.* | The Cartwright Law Firm Inc | We join Consumer Watchdog's position regarding inadequacies with the claim form. *See also* Exhibit C |
| | The Tate Law Group | |
| | Law Offices of Jae Y. Kim | |
| *Dunst v. Hyundai Motor America* | Berman DeValerio | We support the monetary value offered in the Proposed Settlement. However, we join with other Non-Settling Plaintiffs in opposing the proposed claims and notice process. We believe material changes need to be made to that process to provide relief to Class Members in an efficient manner. We also object to any reversion of funds to Defendants. |
| *Patterson v. Kia Motors America, Inc.* | Bell, Davis & Pitt PA | |

| Case Name | Plaintiff Counsel Firm | Class(es) |
|---|---|---|
| *Figueroa v. Hyundai Motor America* | Cafferty Clobes Meriwether & Sprengel<br><br>Milstein Adelman, LLP | Plaintiff Figueroa opposes the settlement on the following bases:<br>• All named plaintiffs in all consolidated cases should receive identical incentive awards.<br>• The payouts to settlement class members who elect to remain in the reimbursement program should be extended to all settlement class members.<br>• Current, non-original owners should be treated the same as current, original owners for purposes of the proposed settlement.<br>• The proposed claim form is too complicated and needs to be simplified.<br>• A third-party claims administrator must administer the proposed notice program, and claims and distribution process. |
| *Gentry et al v Hyundai Motor America*<br><br>*Abdurahman et.al. v. Hyundai Motor America, et.al.* | Law Offices of James B. Feinman | The plaintiffs in Gentry and Abdurahman vigorously oppose the proposed nationwide settlement on the grounds that it erroneously applies California law to a Virginia cause of action. Without commenting on whether the proposed nationwide settlement has merit under California law, counsel for Gentry and Abdurahman states it is wholly without merit under Virginia law as Virginia has specifically addressed how to remedy the loss occasioned by Hyundai's misconduct. Applying California law, and not Virginia law, will result in the loss of many thousands of dollars for each of the 16,000 Virginians who bought these cars. This is the requested "general basis for the opposition" and will be more fully briefed according to the briefing schedule. |
| *Murphy v. Hyundai Motor America, Inc.* | Henretta Law Offices<br>The Cartwright Law Firm Inc | No position statement received. |