IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : MDL No. 2323<br>: 12-md-2323<br>:<br>: |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | :<br>: |

### BLOOMBERG L.P.'S REPLY IN SUPPORT OF
### DOCKET NO. 5766 (INTERVENTION AND ACCESS)

Plaintiffs, through their Proposed Co-Lead Class Counsel, Class Counsel, and Subclass Counsel (collectively "Plaintiffs' Counsel"), and Defendants National Football League and NFL Properties LLC have agreed to a $760 million class action settlement that requires Court approval to take effect. Federal Rule of Civil Procedure 23(e) makes it the Court's responsibility to determine, on behalf of the over 20,000 proposed class members, whether the settlement is fair, adequate, and reasonable. To help it fulfill this adjudicatory responsibility, the Court ordered the parties to "share . . . with the Court through the Special Master" the documentation that, according to Plaintiff's Counsel, shows that the settlement is, in fact, fair, adequate, and reasonable. (Docket Nos. 5657 at 11-12 & 5658.) Plaintiffs' Counsel insist that neither Bloomberg L.P. ("Bloomberg") nor the general public should have access to this Court-ordered submission at this time. But none of the reasons identified in Plaintiffs' Counsel's opposition brief justifies the wholesale denial of access that they seek to maintain. Bloomberg's motions to intervene and for access should therefore be granted.[1]

*First*, Plaintiffs' Counsel contend that intervention now would "disrupt the resolution of the underlying merits" by "needlessly complicat[ing]" the settlement approval

---

[1] Bloomberg recognizes that the documentation at issue likely contains private personal medical information for which redaction would be appropriate.

process and obliging them "to respond to such motions" in the midst of their efforts to resolve the still-ongoing litigation. (Docket No. 5777 at 2-4.) If this inconvenience argument were a basis for denying intervention, then no third party would ever be permitted to intervene to gain access to documents or proceedings in an ongoing matter. This, of course, is not the case. *See, e.g., Untied States v. Wecht*, 537 F.3d 222, 229 (3d Cir. 2008) ("[T]he value of the right of access would be seriously undermined if it could not be contemporaneous. To delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression." (citation and internal quotation marks omitted)); *Republic of Phil. v. Westinghouse Elec. Corp.*, 949 F.2d 653, 664 (3d Cir. 1991) ("[T]he public interest encompasses the public's ability to make a contemporaneous review of the basis of an important decision of the district court."); *United States v. Simone*, 14 F.3d 833, 842 (3d Cir. 1994) ("[T]he value of 'openness' itself . . . is threatened whenever immediate access to ongoing proceedings is denied, whatever provision is made for public disclosure."). Plaintiffs' Counsel's proposal of allowing public access only after the Special Master, then the Court, and then all other counsel for plaintiffs have the opportunity to review and analyze the documents is thus contrary to the law and should be rejected. (*See* Docket No. 5777 at 2-3, 7-8.)

*Second*, Plaintiffs' Counsel insist that the settlement documentation is not a "judicial record"—and thus not subject to a presumptive right of access—"because it has not yet been filed, and the Court has directed that the materials be furnished directly to the Special Master rather than filed on the docket." (Docket No. 5777 at 5.) But as Bloomberg explained in its opening briefing, the Third Circuit has made clear that filing on the docket is not a judicial-record prerequisite; what matters is that the document has been "somehow incorporated or integrated into a district court's adjudicatory proceedings"—by filing or otherwise. *In re*

*Cendant*, 260 F.3d 183, 192 (3d Cir. 2001). For example, in *Cendant*, it was the trial court's responsibility, under the Private Securities Litigation Reform Act ("PSLRA"), to approve the selection of plaintiffs' lead class counsel. *Id.* at 188, 193. To help it to fulfill that adjudicatory responsibility, the court ordered all attorneys interested in serving as lead counsel to submit sealed bids to the court. *Id.* The Third Circuit held that these bids, which were not filed on the docket but were submitted "in direct response to the court's command," were judicial records to which the right of access applied. *Id.* at 192-93 & n.6. Just like in *Cendant*, this Court has an adjudicatory responsibility (here, to approve the settlement; there, to approve the selection of lead counsel) and required the parties to provide the Court with documentation that the Court deemed necessary to fulfill that responsibility (here, the underlying medical, actuarial, and economic analyses; there, the bids) but ordered the parties to do so by means other than filing on the docket (here, through the Special Master; there, through a sealed submission). Thus, just like in *Cendant*, the documentation warrants judicial-record status.[2]

**Third**, Plaintiffs' Counsel claim that, even if the documents are "judicial records," the interest in maintaining the confidentiality of the settlement-negotiation process outweighs both the common law and First Amendment rights of access. (Docket No. 5777 at 6-7.) Yet this vaguely articulated interest—for which Plaintiffs' Counsel have provided no supporting evidence—falls far short of meeting the heavy burden that the common law imposes on a party opposing public access, let alone the even heavier First Amendment burden. *See Bank of*

---

[2] While Plaintiffs' Counsel argue that *Cendant* is distinguishable because the pro-access decision "was predicated upon a federal statutory scheme" (Docket No. 5777 at 6 n.6), the Third Circuit's treatment of the bids as "judicial records" did not depend on the source of the adjudicatory responsibility—there, the PSLRA—in connection with which the trial court ordered the bids' submission. *See Cendant*, 260 F.3d at 192-93. Thus, it should make no difference that this Court's settlement-approval duty is rooted in Federal Rule of Civil Procedure 23, rather than a specific statute.

*America National Trust and Savings Ass'n v. Rittenhouse*, 800 F.2d 339, 346 (3d Cir. 1986) ("Even if we were to assume that some settlements would not be effectuated if their confidentiality was not assured, the generalized interest in encouraging settlements does not rise to the level of interests that we have recognized may outweigh the public's common law right of access."). As discussed in Bloomberg's opening briefing, overcoming the common law right of access requires, as to each particular document, *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1994), a "showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure," *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (citation omitted); *see also Cendant*, 260 F.3d at 194 ("Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient."). And overcoming the First Amendment right of access requires "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 510 (1984).

      Bloomberg is not, as Plaintiffs' Counsel suggest in advocating their alleged secrecy interest, seeking "all materials involved in [the] settlement negotiations" or "a seat at the negotiating table." (Docket No 5777 at 5, 7 & n.7.) Bloomberg is seeking access to just those settlement-related documents that the Court has ordered the parties to share with the Court "[a]s a first step toward preliminary approval"—documents that Plaintiffs' Counsel told the Court in their motion for preliminary approval demonstrate that the settlement warrants Court approval. (Docket Nos. 5657 at 11-12 & 5658.) To the extent that Plaintiffs' Counsel argue that the parties, in negotiating their settlement, relied on the confidentiality of the actual documents at issue, Plaintiffs' Counsel have not substantiated that reliance with any evidence. (*See* Docket

No. 5777 at 7.) Indeed, the purported reliance is contradicted by Plaintiffs' Counsel's statements elsewhere in their brief that they do not oppose the eventual, phased release of the documents to the public. (*See* Docket No. 5777 at 2-3, 7-8.) Moreover, given that Rule 23(e) provides that the Court must satisfy itself that any settlement is "fair, reasonable, and adequate," any expectation of wholesale confidentiality as to the documentation that, according to the parties themselves, shows that the settlement meets this threshold would have been unreasonable.

      For all these reasons and all those discussed in its opening briefing, Bloomberg respectfully requests that the Court grant its motion to intervene and its motion for access to documents and information, subject to redactions that are necessary to protect truly private personal medical information.

      Respectfully submitted,

/s/ Eli Segal
Amy B. Ginensky (PA I.D. 22623)
Eli Segal (PA I.D. 205845)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Dated: February 19, 2014

## CERTIFICATE OF SERVICE

I, Eli Segal, hereby certify that on this 19th day of February, 2014, a true and correct copy of the foregoing Bloomberg L.P.'s Reply in Support of Docket No. 5766 (Intervention and Access) was served electronically upon all counsel of record via the Court's ECF filing system.

/s/ Eli Segal
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000