IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323 (AB)<br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

THE MYLES PLAINTIFFS' REPLY IN SUPPORT OF DOCKET NO. 5778
(REGARDING SETTLEMENT APPROVAL PROCESS AND REQUEST FOR STATUS
CONFERENCE TO COORDINATE NON-SETTLING PLAINTIFFS)

In response to the Myles[1] Plaintiffs' recent filing—which requested the Court consider appointing liaison counsel to coordinate non-settling plaintiffs' interaction with Class Counsel and the Court—Class Counsel has informed the Court that they "are not opposed to the ultimate appointment of a liaison counsel." ECF No. 5849 at 2. They have acknowledged that several courts have enlisted liaison counsel during the settlement stage of mass torts, including the *Vioxx*, *Chinese Drywall*, and *Diet Drugs* MDLs. *Id.* at 9 (citing cases). And they have specifically noted that the Myles Plaintiffs' counsel—Daniel C. Girard of Girard Gibbs LLP— would serve competently in a liaison counsel role. *Id.*

Class Counsel's primary disagreement with the Myles Plaintiffs is not *if* liaison counsel should be appointed but *when* liaison counsel should be appointed. Class Counsel advocate for a later appointment—after the Special Master has completed his evaluation of the sufficiency of

---

[1] Due to a typographical error, the original pleading was filed by the "Myers" Plaintiffs.

1

the fund and after the Court has granted preliminary approval. *Id.* at 2, 12. They also request that the Myles Plaintiffs provide a list of the discovery they would pursue if appointed liaison counsel. *Id.* at 12-13.

The Myles Plaintiffs respectfully request that the Court appoint liaison counsel sooner rather than later. The liaison counsel role is intended to provide a vehicle for class member concerns to be raised with Class Counsel and (if necessary) the Court in an organized fashion—and through that process to develop a record that will allow individual class members to assess the settlement from their particular point of view, while also ensuring that any personal injury subclasses that are certified can withstand appellate scrutiny. Far from being "improper," as Class Counsel contend, the approach suggested by the Myles Plaintiffs is preferable. *See* AMERICAN LAW INSTITUTE, PRINCIPLES OF THE LAW OF AGGREGATE LITIGATION § 3.03 (2010) ("If feasible, the court should endeavor to notify interested persons, such as counsel with similar cases ... [which] may permit the court to expand the preliminary-review hearing stage into a fuller examination of the merits of the settlement."); *Gates v. Rohm & Hass Co.*, 655 F. 3d 255 (3rd Cir. 2011) (citing to PRINCIPLES OF THE LAW OF AGGREGATE LITIGATION) (Scirica, J.); FEDERAL JUDICIAL CENTER, MANAGING CLASS ACTION LITIGATION: A POCKET GUIDE FOR JUDGES 24 (3d ed. 2010) ("[c]onsider seeking preliminary input into the fairness, reasonableness, and adequacy of the proposed settlement."); MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.632 (2004) ("In settlement classes, however, it is often prudent to hear not only from counsel but also from...attorneys who represent individual class members but did not participate in the settlement negotiations.").

Postponing this process can only lead to delay and will leave Class Counsel and the Court to continue dealing with class member concerns on an *ad hoc* basis. As Class Counsel notes,

four groups of plaintiffs have already filed papers seeking further information and others have expressed similar sentiments to Class Counsel or through the press. These pleas for involvement in the preliminary approval process should be addressed and are unlikely to abate until a mechanism is put in place for concerned class members to express their views.

There is a great deal of work that can begin while the Special Master is evaluating the economic and actuarial documentation submitted by the parties. For example, Class Counsel would like to know the discovery that liaison counsel intends to pursue, but that will require liaison counsel to first coordinate with the other parties and absent class members who want additional information, work with those parties to prioritize their requests, and then work with Class Counsel and the NFL to assess the information that can be provided informally, the information that can only be provided through formal discovery or not at all, and whether Court involvement is required to address any unresolved requests. Class Counsel's concerns with overreaching discovery requests are misplaced, as any discovery will take place at the Court's discretion.

The sufficiency of the settlement fund is certainly one of the concerns that class members have expressed, but as the Myles Plaintiffs discussed in their prior filing, there are many other concerns that will also need to be addressed—not least of which is whether a factual record can be placed before the Court that would support certification of the personal injury subclasses that Class Counsel have proposed. *See, e.g.,* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 22.921 ("The judge must make specific findings on certification … and must ensure that there is a record to support those findings."); *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 334 (3d Cir. 2011) (Scirica, J., concurring) ("[C]lass settlement in mass tort cases (especially personal injury claims) remains problematic ..."); *see also In re Insurance Brokerage Antitrust Litig.*, 579 F.3d

241, 258-59 (3d Cir. 2009) ("the factual determinations necessary to make Rule 23 findings must be made by a preponderance of the evidence") (citation omitted); *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litig.*, 55 F.3d 768, 786-87 (3d Cir. 1995) ("The proponents of the settlement bear the burden of proving that [the relevant] factors weigh in favor of approval."); *In re Literary Works in Electronic Databases Copyright Litig.*, 654 F.3d 242, 252 (2d Cir. 2011) (finding that the participation of impartial mediators did "not compensate for the absence of independent representation" for a particular segment of the class). Nor does the fact that class members have a due process right to opt out lessen Class Counsel's evidentiary burden or the Court's need to conduct a "scrupulous" review. *See, e.g., In re General Motors*, 55 F.3d at 809 ("[T]he rights of parties to opt out does not relieve the court of its duty to safeguard the interests of the class and to withhold approval from any settlement that creates conflicts among the class.").

With so many absent class members already before the Court, represented by counsel, and expressing varied concerns about the proposed settlement subclasses and complex settlement structure, the Myles Plaintiffs believe it is essential for liaison counsel to be appointed promptly. They respectfully request that the Court set a Status Conference or otherwise take up the issue of liaison counsel at its earliest opportunity.

Dated: February 26, 2014                                   Respectfully Submitted,

                                                           /s/ Daniel C. Girard
                                                           Daniel C. Girard
                                                           Geoffrey A. Munroe
                                                           **GIRARD GIBBS LLP**
                                                           601 California Street, 14th Floor
                                                           San Francisco, CA 94108
                                                           Telephone: (415) 981-4800
                                                           Facsimile: (415) 981-4846
                                                           dcg@girardgibbs.com
                                                           gam@girardgibbs.com

4

Philip W. Thomas
**PHILIP W. THOMAS LAW FIRM**
Post Office Box 24464
Jackson, Mississippi 39225-4464
747 North Congress St. (39202)
Telephone: (601) 714-5660
pthomas@thomasattorney.com

John D. Giddens
Baskin Jones
**GIDDENS LAW FIRM**
226 North President Street (39236)
Post Office Box 22546
Jackson, Mississippi 39225-2546
Telephone: (601) 355-2022
Facsimile: (601) 355-0012

*Counsel for 214 Former NFL Players*

## CERTIFICATE OF SERVICE

On February 26, 2014, I electronically filed The Myles Plaintiffs' Reply In Support Of Docket No. 5778 (Regarding Settlement Approval Process And Request For Status Conference To Coordinate Non-Settling Plaintiffs), through the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

      /s/ Daniel C. Girard
Daniel C. Girard
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dcg@girardgibbs.com