UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY LITIGATION                                              MDL No. 2323


### TRANSFER ORDER


**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs move to vacate our order that conditionally transferred this action (*Lewis*) to MDL No. 2323. Defendant Kansas City Chiefs Football Club Inc. (the Chiefs) opposes the motion to vacate.

The actions comprising MDL No. 2323 involve allegations that the National Football League (NFL)—of which the Chiefs is a member—is liable for injuries sustained while plaintiffs were playing professional football, including damages resulting from the permanent long-term effects of concussions. In general, plaintiffs allege that the NFL failed to warn and protect NFL players against the long-term brain injury risks associated with football-related concussions and failed to regulate the sport so as to minimize the risk of such long-term injuries. *See In re: Nat'l Football League Players' Concussion Injury Litig.*, 842 F. Supp. 2d 1378 (J.P.M.L. 2012). Plaintiffs argue that the action before the Panel is not appropriate for inclusion in MDL No. 2323 because (1) federal subject matter jurisdiction is lacking; (2) plaintiffs name the Chiefs as defendant, and not the NFL; and (3) transfer would inconvenience plaintiffs and delay the *Lewis* action.

After considering all argument of counsel, we find that this action involves common questions of fact with the actions previously transferred to MDL No. 2323, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the MDL No. 2323 actions, *Lewis* involves allegations that defendant is liable for, *inter alia*, failing to warn and protect players from the long-term risk of concussions and sub-concussive injuries. The Panel often has held that jurisdictional issues do not present an impediment to transfer.[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiffs argue that their action is non-removable, and that similar issues are not involved in MDL No. 2323. We do not decide the merits of plaintiffs' motion to remand, but it appears that it will involve issues that also are implicated in the NFL's motion to dismiss in MDL No.

---

[*]   Judge Lewis A. Kaplan, and Judge Marjorie O. Rendell took no part in the decision of this matter.

[2]   Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

-2-

2323. Specifically, defendant argues that plaintiffs' state law claims are completely preempted by Section 301 of the Labor Management Relations Act due to the existence of collective bargaining agreements. Transfer will allow a single court to efficiently and consistently address these issues.

We are not persuaded that the absence of the NFL as a defendant weighs against transfer in this instance. Several actions naming other NFL member clubs, as well as the NFL, have been transferred to MDL No. 2323. *See* Transfer Order (*Woods*), MDL No. 2323 (J.P.M.L. Dec. 11, 2012) ("That the *Woods* action names certain football teams as defendants does not counsel against transfer, as the Panel has long held that transfer under Section 1407 does not require a complete identity of parties."). In transferring an action naming only a defendant not previously part of the MDL to MDL No. 2284 – *In re Imprelis Herbicide Marketing, Sales Practices & Products Liability Litigation*, the Panel rejected the argument that transfer of a tag-along action must involve common defendants. *See* Transfer Order (*Buckley*) MDL No. 2284 (J.P.M.L. Dec. 11, 2012) ("Given that common defendant DuPont is currently assuming the defense of Ryan Lawn and defendant's assertion that the extent of any damage to plaintiffs' trees will likely be disputed in *Buckley*, it is almost certain that discovery in the *Buckley* action will overlap with discovery in MDL No. 2284, particularly expert discovery with regard to causation."). As with *Buckley*, the defendant in this action (the Chiefs) shares counsel with the primary MDL defendant (the NFL). Additionally, discovery in this action will overlap with that in the MDL, particularly involving expert discovery regarding causation. Furthermore, eleven of the *Lewis* plaintiffs are, themselves, plaintiffs in MDL No. 2323.

The Panel repeatedly has held that, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Anita B. Brody for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Charles R. Breyer                    Sarah S. Vance
Ellen Segal Huvelle

IN RE:  NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY LITIGATIONMDL No. 2323

## SCHEDULE A

<u>Western District of Missouri</u>

LEWIS, ET AL. V. KANSAS CITY CHIEFS FOOTBALL CLUB, INC., C.A. No. 4:14-00004