UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>*Lewis, et al. v. Kansas City Chiefs Football Club, Inc.*<br>14-cv-01995-AB | : : : : : : | |

**PLAINTIFFS' MOTION TO MODIFY CASE MANAGEMENT ORDER NO. 4**

COMES NOW Plaintiffs, by and through undersigned counsel, and hereby request that this Court modify Case Management Order No. 4. (ECF. No. 98); or, in the alternative, suggest remand. In support of their Motion, Plaintiffs state as follows:

**I.      BACKGROUND**

Plaintiffs are former employees of Defendant Kansas City Chiefs Football Club, Inc. (the "Chiefs") who contracted occupational diseases during the course of their employment.[1] On December 21, 2013, Plaintiffs filed an Amended Petition in the Circuit Court of Jackson County, Missouri, asserting, *inter alia*, claims for occupational diseases against the Chiefs. (See Ex. 1, Plaintiffs' Amended Petition, hereinafter *"Lewis"*). The particular allegations in *Lewis* are that their **employer**, the Chiefs, failed to discharge specific non-delegable and non-negotiable duties imposed on it by Missouri State law. Thus, *Lewis* involves factual and legal issues unique to Missouri and significantly distinct from each of the cases currently comprising MDL No. 2323.

---

[1] Certain of Plaintiffs' wives are also asserting claims for loss of consortium.

1

So for example, while "Plaintiffs' Amended Master Administrative Long-Form Complaint" (Doc. No. 2642) requests a declaration as to the duty owed by the *NFL* in light of its "voluntary undertaking to study the issue of MTBI," in *Lewis*, there is no disputing that the sole defendant, the Kansas City Chiefs, owed Plaintiffs five specific non-delegable and non-negotiable duties relevant to safety that are imposed on every employer in the State of Missouri. Moreover, while in general throughout the United States employees are barred by the exclusivity of each state's workers' compensation remedy from suing their employer, in Missouri, occupational disease claimants may pursue their claims against their employer in circuit court. *See, generally, State ex rel. KCP & L Greater Mo. Operations Co. v. Cook*, 353 S.W.3d 14 (Mo. App. W.D. 2011); *Amesquita v. Gilster-Mary Lee Corp.*, 408 S.W.3d 293, 301 (Mo. Ct. App. 2013); *Francis v. Noranda Aluminum, Inc.*, 1:12CV0104 JAR, 2013 WL 1090300 (E.D. Mo. Mar. 15, 2013)(noting that Missouri's Workers' Compensation Law, as amended in 2005, "expand[ed] the remedies available to victims of occupational injuries and allow[s] them to pursue their claims in circuit court."). Thus, quite unlike those claims asserted in the "Amended Master Administrative Long-Form Complaint," the claims in *Lewis* arise under Missouri's Workers' Compensation Law and the duties owed by Plaintiffs' employer are indisputable and non-negotiable.

In light of the uniqueness of *Lewis*, Plaintiffs seek a modification of Case Management Order No. 4 (ECF. No. 98) ("CMO 4"). As presently written, CMO 4 effectively eliminates Plaintiffs' causes of actions asserted against their employer, the Kansas City Chiefs. In the alternative, Plaintiffs respectfully request that this Court recommend, pursuant to J.P.M.L. Rule 10.1(b), that this case be remanded to the Western District of Missouri.

## II.  ARGUMENT

### A.  Plaintiffs Will Be Prejudiced By Application of CMO 4.

This Court is granted the power to control the orderly disposition of all pretrial proceedings. *See In re Patenaude*, 210 F.3d 135, 144-45 (3d Cir. 2000); *See also generally* § 3866 Jurisdiction and Power of the Transferee Court, 15 Fed. Prac. & Proc. Juris. § 3866 (4th ed.). In the exercise of this power, on April 26, 2012, the honorable Court ordered that plaintiffs in the consolidated action "submit a master administrative complaint and an agreed upon short form complaint." (ECF. 64). Shortly thereafter, the parties (exclusive of the undersigned) met and conferred regarding, among other things, the substance of CMO 4. On June 19, 2012, the parties submitted the "Proposed Case Management Order No. 4." (ECF. No. 94-1). On June 21, 2012, this Court adopted, in whole, the parties' proposal. (ECF. No. 98).

Section 1(a) of CMO 4, entitled "A Master Administrative Long-Form Complaint," provides in pertinent part,

> All allegations, claims, theories of recovery and/or prayers for relief contained in complaints by individual plaintiffs in cases that have been coordinated and/or consolidated in this Multi-District Litigation ("MDL"), as well as complaints that are filed by individual plaintiffs in cases that are coordinated and/or consolidated in this MDL after the date of this Order, **are deemed to be amended, restated and superseded by the allegations, claims, theories of recovery and/or prayers for relief contained in the Master Individual Personal Injury Complaint** together with the individual plaintiff's Short Form Complaint to be filed pursuant to Case Management Order ("CMO") No. 2 (Docket No. 64). The Master Individual Personal Injury Complaint, together with the individual plaintiff's Short Form Complaint, **shall remain the controlling pleading if that individual plaintiff's action is not terminated during the course of MDL pretrial proceedings, and, if applicable, is transferred or remanded back to the court from which it was transferred.**

(emphases added).

The application of CMO 4 to *Lewis* would completely extinguish Plaintiffs' well-pled claims against their employer – an extreme and prejudicial consequence of transfer not

3

contemplated by 28 U.S.C. § 1407. *See In re Propulsid Products Liab. Litig.*, 208 F.R.D. 133, 141 (E.D. La. 2002) (explaining the legal nature of a master complaint and the potential ramifications if it were treated as a traditional complaint). In fact, since the *Lewis* Plaintiffs have alleged the breach of duties arising from their employment with the Kansas City Chiefs, and since no similar allegations are made in the "Amended Master Administrative Long-Form Complaint," application of CMO 4 to *Lewis* would completely defeat Plaintiffs' claims. A master complaint, however, is intended only as an administrative vehicle used to aid in the efficiency and economy of judicial resources, it was not intended as an efficient means of defeating, without due process, Plaintiffs' well-pled, state-based, occupational disease claims. *Id.*

As set forth in detail in Plaintiffs' Memorandum in Support of their Motion to Vacate CTO-82 and Plaintiffs' Memorandum in Support of their Motion to Remand, incorporated by reference herein,[2] Plaintiffs' allegations, claims, theories of recovery and prayers for relief are distinct from those asserted against the NFL in "Plaintiffs' Amended Master Administrative Long-Form Complaint." *C.f. Ex. 1 with* ECF. No. 2642. CMO 4 is therefore entirely inapplicable to *Lewis*.[3]

While Plaintiffs are mindful of the Panel's decision that *Lewis* shares some common questions of fact (i.e. professional football players who sustained concussive and sub-concussive injuries) with the consolidated cases, the fact remains that the theories asserted by Plaintiffs in

---

[2] *See Lewis et al. v. Kansas City Chiefs Football Club, Inc.*, Docket No. 2:14-cv-01995 (E.D. Pa. April 4, 2014). ECF 1, Attachment Nos. 15-16 and 24; *In re: Nat'l Football League Players' Concussion Injury Litig.*, MDL No. 2323, ECF. 510.

[3] Although some plaintiffs have identified in their original complaint certain NFL member clubs, those plaintiffs have apparently abandoned those claims. *See* Transfer Order (Woods), MDL No. 2323 (J.P.M.L. Dec. 11, 2012). The short-form complaints filed by those plaintiffs do not identify a member club as a defendant, nor did those plaintiffs seek a modification of CMO 4. *See e.g.* ECF 5256, Calvin Woods Short-Form Complaint. In any case, the merits of those claims stand on different grounds considering the near nation-wide proscription of civil actions against employers for damages resulting from workplace injuries not arising under Missouri law.

*Lewis* are unique. Unlike each of the cases currently consolidated, the Plaintiffs in *Lewis* are seeking relief from their *employer*. The distinction, though seemingly subtle, is significant. The duties owed by employers in the State of Missouri are non-delegable and non-negotiable duties imposed by state law. There is no debating that the Chiefs owed Plaintiffs the duty to protect against occupational hazards. On the other hand, the NFL is an unincorporated association which *assumed* the duties, the breach of which is the basis of the claims against it. Thus, the origins of the duties which were allegedly breached by the Chiefs, on the one hand, and by the NFL, on the other, are not the same.

The significance of this distinction is especially apparent when one considers the question, raised prior to transfer though left unresolved, whether there exists federal subject-matter jurisdiction. Since *Lewis* arises under the Missouri's Workers' Compensation Law, 28 U.S.C. § 1445(c) expressly forbids removal to federal court. Moreover, since Plaintiffs' claims arise under Missouri's Workers' Compensation Law and are based on the breach of specific duties imposed by state law – thus, wholly independent of any CBA – the preemption analysis in *Lewis* will be entirely unlike the analysis undertaken with regard to the claims asserted against the NFL. Indeed, whereas the duties owed by the NFL do not arise from an employer-employee relationship and, therefore, necessarily arise from another source, the duties owed by the Chiefs to the *Lewis* Plaintiffs clearly arise under state statutory and common law.

Simply put, if Plaintiffs in *Lewis* were to comply with CMO 4, the result would be absurd – Plaintiffs' well-pled claims would be defeated in contravention of the fundamental tenet of American jurisprudence that cases be decided on the merits.

B.   **The *Lewis* Amended Petition Must Be the Controlling Pleading for Resolving all Pretrial Proceedings.**

In light of the substantial unfairness that compliance with CMO 4 would cause, Plaintiffs respectfully request that CMO 4 be modified to include the following:

> 4. Missouri's Workers' Compensation Claims/Theories. For the Plaintiffs named in *Lewis et al. v. Kansas City Chiefs Football Clubs Inc.*, the Amended Petition (attached hereto as Exhibit 1) shall remain the controlling pleading for all pretrial proceedings in this MDL. The Amended Petition shall also remain the controlling pleading if an individual plaintiff's action is transferred or remanded back to the court from which it was transferred. For any additional cases transferred to this MDL which involve claims that arise under Missouri Workers' Compensation Law, those Petitions too shall remain the controlling pleading for all pretrial proceedings in this MDL and if transferred or remanded back to the court from which it was transferred.

C.   **Alternatively, This Court Could Suggest That *Lewis* Be Remanded.**

So as to avoid a modification of CMO 4 altogether, this Court has the authority to recommend remand. J.P.M.L. Rule 10.1(b) grants this Court with the authority to make recommendations to the Panel that certain actions be remanded. Indeed, the Panel's Order which established MDL No. 2323 specifically notes this authority: "If the transferee judge determines after close scrutiny that remand of any claims is appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rules 10.1–10.3, R.P.J.P.M.L. *In re: Nat'l Football League Players' Concussion Injury Litig.*, MDL 2323, 2012 WL 361691 (Jan. 31, 2012).

Although a party is not required to seek a suggestion of remand prior to filing a motion to remand with the JPML, "great weight" is given if the transferee court makes this suggestion. *In re King Resources Co. Securities Litigation*, 458 F.Supp. 220, 222 (Jud.Pan.Mult.Lit.1978); *See also In re Patenaude*, 210 F.3d 135, 141 (3d Cir. 2000).

6

Plaintiffs respectfully submit that due to the unique and localized issues that are involved in this case and the clear lack of federal subject-matter jurisdiction, a suggestion of remand is appropriate.

## III.     CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request a modification of CMO 4; or, in the alternative, a suggestion of remand.

Respectfully submitted, this 24th day of April, 2014.

THE KLAMANN LAW FIRM, P.A.

/s/ Andrew Schermerhorn
| | |
|---|---|
| John M. Klamann, MO | #29335 |
| Andrew Schermerhorn, MO | #62101 |
| Paul D. Anderson, MO | #65354 |

929 Walnut Street, Suite 800
Kansas City, MO 64106
Telephone: (816) 421-2626
Facsimile: (816) 421-8686
jklamann@klamannlaw.com
aschermerhorn@klamannlaw.com
panderson@klamannlaw.com

HUMPHREY, FARRINGTON & McCLAIN, P.C.
| | |
|---|---|
| Kenneth B. McClain, MO | #32430 |
| Lauren E. McClain, MO | #65016 |
| Timothy J. Kingsbury, MO | #64958 |

221 West Lexington, Suite 400
Independence, MO 64051
Telephone: (816) 836-5050
Facsimile: (816) 836-8966
kbm@hfmlegal.com
lem@hfmlegal.com
tjk@hfmlegal.com

THE POPHAM LAW FIRM, P.C.
| | |
|---|---|
| Wm. Dirk Vandever, MO | #24463 |

712 Broadway, Suite 100

Kansas City, MO 64105
Telephone: (816) 221-2288
Facsimile: (816) 221-3999
dvandever@pophamlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## Certificate of Service

      I, Andrew Schermerhorn, hereby certify that on this 24th day of April, 2014, a true and correct copy of the foregoing was served electronically upon all counsel of record via the Court's ECF filing system.

/s/ Andrew Schermerhorn
The Klamann Law Firm
929 Walnut St., Ste. 800
Kansas City, MO 64106
(816) 421-2626
