# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO: | Hon. Anita B. Brody |
| *Lewis, et al.* v. *Kansas City Chiefs Football Club, Inc*. | No. 14-cv-01995 |

## KANSAS CITY CHIEFS FOOTBALL CLUB, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY CASE MANAGEMENT ORDER NO. 4

Defendant, Kansas City Chiefs Football Club, Inc. (the "Chiefs"), respectfully submits this response in opposition to Plaintiffs' Motion to Modify Case Management Order No. 4 ("CMO #4"), and an accompanying proposed order.

## PRELIMINARY STATEMENT

Plaintiffs incorrectly argue that application of CMO #4 has a prejudicial effect on their ability to litigate common law negligence- and fraud- based tort claims against the Chiefs.  That contention simply is not true.  Although Paragraph 1(a) of CMO #4 generally provides that individual complaints are superseded by the Master Administrative Long-Form Complaint, CMO #4 also provides that individual plaintiffs may assert unique causes of action against a defendant through the Short Form Complaints they are required to file within 30 days of joining the MDL under Case Management Order No. 2 ("CMO #2").  In fact, Plaintiffs filed such Short Form Complaints on May 2, 2014, setting forth their causes of action against the Chiefs.  Thus, Plaintiffs' motion is moot and misstates the impact of CMO #4 by omitting the individualized—and already existing—remedy they purport to seek.

Moreover, even if an amendment to CMO #4 were necessary, which it is not, the amendment proposed by Plaintiffs is wholly inappropriate.  Plaintiffs' proposed insert to CMO #4, which seeks to exclude cases involving "claims that arise under Missouri Workers' Compensation Law" from Paragraph 1(a) of CMO #4, is a thinly-veiled effort to gain the Court's blessing over Plaintiffs' central argument seeking remand to state court—that their claims purportedly arise under workers' compensation law and are non-removable to federal court.  Instead, to the extent the Court determines that an amendment to CMO #4 is appropriate, the Chiefs herein propose an alternative provision that can be more broadly applied and that mirrors—in form and substance—the Court's

exclusion from Paragraph 1(a) of putative class action complaints filed by plaintiffs in state court that propose non-national classes based on the state of class members' domiciles.  (*See* CMO #4, ¶ 2.)

Plaintiffs alternatively request that the Court "suggest" to the Judicial Panel on Multidistrict Litigation ("JPML") that *Lewis, et al*. v. *Kansas City Chiefs Football Club, Inc.*, 14-cv-01995-AB (E.D. Pa.) ("*Lewis*") be remanded to the United States District Court for the Western District of Missouri despite the fact that Plaintiffs just litigated—and lost—this very fight before the JPML.  (*See* Pls.' Mot. to Modify CMO #4, p. 6, 12-md-02323, Doc. No. 5941 (E.D. Pa.) ("Pls.' Mot.").)  The circumstances have not changed, and Plaintiffs' request should be denied.  As the JPML held in transferring *Lewis* over Plaintiffs' objection, *Lewis* and the actions comprising MDL No. 2323 "involve[ ] common questions of fact" and the inclusion of *Lewis* in MDL No. 2323 proceedings "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation."  (Transfer Order, p.1, MDL No. 2323, Doc. No. 582 ("*Lewis* Transfer Order").)

For example, the resolution of the claims in *Lewis* and other MDL No. 2323 actions will require interpretation of the same health and safety provisions of NFL Collective Bargaining Agreements ("CBAs").  Although Plaintiffs suggest that *Lewis* is "unique" and involves "localized issues" (Pls.' Mot. at p. 7), eleven of the fourteen former player Plaintiffs in *Lewis* already are plaintiffs in other MDL No. 2323 actions and allege the same common law negligence- and fraud-based causes of action against the NFL, for the same purported injuries that they assert in *Lewis*, in connection with their entire playing careers in the NFL.  Under such circumstances, contrary to Plaintiffs'

2

belief, coordinated MDL pretrial proceedings will streamline motion practice, discovery, and scheduling with regard to these Plaintiffs. Accordingly, Plaintiffs' bare-bones and conclusory arguments for seeking remand to the federal district court in Missouri do not merit any consideration, particularly because the JPML recently ruled on these very issues.

## BACKGROUND

Plaintiffs are fourteen former NFL players (all of whom played some or all of their NFL careers for the Chiefs), and certain of their wives, who, in *Lewis*, assert common law causes of action for negligence, negligent misrepresentation, fraudulent concealment, and loss of consortium against the Chiefs—an NFL Member Club. (Am. Compl. ¶¶ 75-105, 14-cv-01995-AB, Doc. No. 1-1 (E.D. Pa.).) Eleven of the fourteen former player Plaintiffs also have filed complaints in MDL No. 2323 alleging the same common law negligence- and fraud-based causes of action against the NFL, for the same purported injuries, in connection with their entire playing careers in the NFL.[1]

The Chiefs removed *Lewis* from Missouri state court to the United States District Court for the Western District of Missouri and noticed the action to the JPML as a potential tag-along to MDL No. 2323. The JPML issued a conditional transfer order on January 8, 2014, which Plaintiffs thereafter opposed and sought to vacate. (*See* MDL 2323, Doc. Nos. 489, 494, 510.) On April 2, 2014, following the parties' briefing on

---

[1] *See In re: Nat'l Football League Players' Concussion Injury Litig.*, 12-md-02323, Doc. No. 987 (E.D. Pa. July 11, 2012); Doc. No. 2395 (E.D. Pa. July 13, 2012); Doc. No. 2454 (E.D. Pa. July 14, 2012); Doc. No. 2675 (E.D. Pa. July 23, 2012); Doc. No. 2796 (E.D. Pa. July 24, 2012); Doc. No. 3038 (E.D. Pa. Aug. 8, 2012); Doc. No. 3048 (E.D. Pa. Aug. 8, 2012); Doc. No. 3352 (E.D. Pa. Aug. 21, 2012); Doc. No. 3810 (E.D. Pa. Sept. 13, 2012); Doc. No. 4166 (E.D. Pa. Nov. 26, 2012); Doc. No. 5380 (E.D. Pa. Sept. 18, 2012).

Plaintiffs' motion to vacate, the JPML issued a final transfer order sending *Lewis* to MDL No. 2323 because it "involves common questions of fact with the actions previously transferred to MDL No. 2323" and because "transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." (*Lewis* Transfer Order, p. 1.)

The JPML found that "[l]ike the MDL No. 2323 actions, *Lewis* involves allegations that defendant is liable for, *inter alia*, failing to warn and protect players from the long-term risk of concussions and sub-concussive injuries." (*Id*.) The JPML noted that resolution of Plaintiffs' motion to remand (filed in the Western District of Missouri) "appears [to] involve issues that also are implicated in the NFL's motion to dismiss in MDL No. 2323," specifically because the Chiefs argue "that plaintiffs' state law claims are completely preempted by Section 301 of the Labor Management Relations Act due to the existence of collective bargaining agreements." (*Id*. at pp. 1-2.) The JPML held that "[t]ransfer will allow a single court to efficiently and consistently address these issues." (*Id*. at p. 2.) In addition, the JPML found that "discovery in [*Lewis*] will overlap with that in the MDL, particularly involving expert discovery regarding causation," and because "eleven of the *Lewis* plaintiffs are, themselves, plaintiffs in MDL No. 2323." (*Id*.)

In addition, the JPML has conditionally transferred six other substantially similar actions asserting common law negligence- and fraud- based tort claims against the Chiefs or Arizona Cardinals (which previously played in Saint Louis, Missouri) to MDL No. 2323. (*See* MDL 2323, Doc. Nos. 519, 523, 548, 568.) The JPML is in the process of considering motions to vacate filed by those Plaintiffs—the majority of which are

4

represented by the same plaintiffs' counsel as the *Lewis* Plaintiffs and already maintain claims against the NFL in MDL No. 2323.

On May 2, 2014, the *Lewis* Plaintiffs filed Short Form Complaints in MDL No. 2323, through which they assert causes of action against the Chiefs and adopt the Counts, and factual allegations incorporated by reference in those Counts, that are set forth in their previously-filed Amended Complaint. (*See* Short Form Complaints, 12-md-02323, Doc. Nos. 6005-6018.)

## ARGUMENT

### I.  CMO #4 DOES NOT PREJUDICE PLAINTIFFS

Plaintiffs are wrong to claim that this Court has prejudiced them by issuing CMO #4. Paragraph 1(a) of CMO #4 states in part that the Master Administrative Long-Form Complaint "*together with the individual plaintiff's Short Form Complaint to be filed pursuant to [CMO #2]*" amends, restates, and supersedes the complaint filed by individual plaintiffs prior to their inclusion in MDL No. 2323 proceedings. *Id*. (emphasis added). The Short Form Complaint is the vehicle through which plaintiffs inform the Court which causes of action included in the Master Administrative Long-Form Complaint, if any, they are asserting, and against which defendants. (*See* Notice of Filing of Short-Form Complaint, Ex. A (Short Form Complaint), ¶¶ 15, 16, 12-md-02323, Doc. No. 92.) The Short Form Complaint specifically includes a section through which plaintiffs can assert any "additional causes of action." (*Id*. ¶ 17.)

In fact, contrary to their claim of prejudice, the *Lewis* Plaintiffs have successfully followed the administrative process already in place and approved by the Court. On May 2, 2014, Plaintiffs filed Short Form Complaints in this MDL through which they assert their causes of action against the Chiefs and adopt the Counts, and factual allegations

5

incorporated by reference in those Counts, that are set forth in their previously-filed Amended Complaint. (*See* Short Form Complaints, 12-md-02323, Doc. Nos. 6005-6018.) Accordingly, Plaintiffs' motion is without cause.

## II. PLAINTIFFS' PROPOSED AMENDMENT TO CMO #4 SHOULD NOT BE ADOPTED

As explained above, Plaintiffs have mooted this motion by filing Short Form Complaints in this MDL that assert their causes of action against the Chiefs within the structure established by the Court. In so doing, Plaintiffs have demonstrated that they are not prejudiced by CMO #4 and, indeed, that CMO #4 sufficiently addresses Plaintiffs' concerns.

Should this Court consider amending CMO #4, however, the Court should not adopt Plaintiffs' proposed language because it is deficient and misleading in several respects. First, Plaintiffs' proposal characterizes the *Lewis* causes of action as "Workers' Compensation Claims/Theories" and "claims that arise under Missouri Workers' Compensation Law." (Pls.' Mot. at p. 6.) But those characterizations are misleading and potentially prejudicial to the Chiefs. (*See*, *infra*, § III.) In fact, *Lewis* asserts common law tort causes of action for negligence, negligent misrepresentation, fraudulent concealment, and loss of consortium, and the operative complaint specifically disclaims the applicability of the workers' compensation laws. (*See* Am. Compl. ¶ 47 ("Plaintiffs' claims are not within the scope of workers' compensation and they are not subject to the exclusivity provisions of workers' compensation").)

Second, Plaintiffs' proposed language eliminates the application of the Master Administrative Long-Form Complaint to Plaintiffs' claims, or potential claims, against the NFL Defendants and Riddell Defendants. Specifically, Plaintiffs' proposal states that

6

"[f]or the Plaintiffs named in *Lewis* . . ., the Amended Petition . . . shall remain the controlling pleading for *all* pretrial proceedings in this MDL." (*See* Pls. Mot. at p. 6 (emphasis added).) In other words, under Plaintiffs' proposal, the *Lewis* complaint against the Chiefs would supersede the Master Administrative Long-Form Complaint. This change—whether or not intentional—eliminates the efficiency gains of using a master administrative complaint, including with respect to the fully-briefed motions to dismiss on preemption grounds filed by the NFL Defendants and Riddell Defendants.[2]

For the these reasons, the Chiefs respectfully oppose Plaintiffs' request that the Court modify CMO #4 to include Plaintiffs' proposed supplemental provision.

---

[2] As described in § I, an amendment to CMO #4 is not necessary. Should the Court decide to amend CMO #4, however, the Chiefs propose the following alternative language, which is consistent in form and substance with Paragraph 2 of CMO #4, and specifically excludes complaints filed solely against a Member Club of the NFL from Paragraph 1(a), and allows the original complaint to remain operative:

> The Master Individual Personal Injury Complaint shall not supersede and replace any complaints filed by individual plaintiffs that assert claims only against a Member Club of the National Football League, and which have been or will be coordinated and/or consolidated in this MDL, regardless of remedy sought. All such actions, and all motion practice on such actions, including without limitation motion practice regarding motions to remand, shall be held in abeyance until after the Court rules on the NFL Defendants' motion to dismiss the Master Individual Personal Injury Complaint on preemption grounds.

The Chiefs' proposed language eliminates the advocacy in Plaintiffs' proposal and captures the universe of complaints asserting causes of action solely against a Member Club—not the NFL Defendants. For example, it incontestably captures the six other actions asserting claims against the Chiefs or Arizona Cardinals that the

### III.     *LEWIS* SHOULD REMAIN IN MDL NO. 2323

The *Lewis* Plaintiffs already have failed to convince the JPML that *Lewis* should not be transferred to MDL No. 2323 for coordinated or consolidated pretrial proceedings. Plaintiffs turn to this Court seeking a second bite at the apple by "suggesting" that *Lewis* be remanded to the Western District of Missouri. (Pls.' Mot. at pp. 6-7.)  While the transferee court has the power to suggest to the JPML that a case be remanded to the transferor court (*see* JPML Rule 10.1), the JPML transferred this case a mere five weeks ago after hearing and rejecting the very arguments that Plaintiffs make here.  The circumstances surrounding this case have not changed, rendering Plaintiffs' request inappropriate and a waste of judicial and party resources.[3]  Moreover, as implicitly determined by the JPML, Plaintiffs' request is contrary to the very purpose of MDL proceedings because it would eliminate judicial efficiencies, subject the parties to duplicative discovery, and could lead to potentially conflicting rulings—including on § 301 Labor Management Relations Act ("LMRA") preemption.

To reiterate the Panel's considered findings, like the other actions in this MDL, *Lewis* "involves allegations that defendant is liable for, *inter alia*, failing to warn and

---

JPML has already conditionally transferred for inclusion in MDL No. 2323, but that await final transfer orders.

[3]     The cases cited by Plaintiffs are not to the contrary.  Unlike the *Lewis* Plaintiffs who are seeking remand prior to participation in any consolidated pretrial proceedings, and mere weeks after being ordered by the JPML to join the MDL proceedings, *In re King Resources Co. Securities Litigation*, 458 F.Supp. 220 (J.P.M.L. 1978), involved two actions that had been consolidated in the MDL several years earlier and in which consolidated discovery and pretrial proceedings were either complete or nearly complete. *Id*. at 220-22.  Moreover, the JPML actually *denied* plaintiffs' request for a writ of mandamus seeking remand in *In re Patenaude*, 210 F.3d 135 (3d Cir. 2000), because of the ongoing benefits of MDL consolidation, including in the form of settlement negotiations and "discovery on overlapping issues." *Id*. at 146.

protect players from the long-term risk of concussions and sub-concussive injuries." (*Lewis* Transfer Order, p. 1.)  Therefore, *Lewis* "involve[s] issues that also are implicated in the NFL's motion to dismiss in MDL No. 2323," including whether "state law claims are completely preempted by Section 301 of the Labor Management Relations Act due to the existence of collective bargaining agreements."[4]  (*Id.* at pp. 1-2.)  Moreover, *Lewis* and the actions in this MDL share *identical* issues of fact relating to Plaintiffs' alleged injuries because eleven of the fourteen former players in *Lewis* also allege the same causes of action against the NFL for the same purported injuries. (*See, supra,* n.1.)  Because *Lewis* and the other actions in MDL No. 2323 present nearly identical factual and legal issues, maintaining *Lewis* as part of this MDL will promote judicial economy by "allow[ing] a single court to efficiently and consistently address these issues."  (*Lewis* Transfer Order, p. 2.)  Thus, "the interests of fairness, consistency, and judicial economy strongly suggest that the motion to remand—and all pretrial matters—be handled by the MDL Court[.]"  *Pyle* v. *Nat'l Football League*, Order at 2, No. 12-cv-06493 (S.D.N.Y. Oct. 1, 2012) (Doc. No. 24).

Despite these efficiencies, Plaintiffs argue that remand to the Western District of Missouri is appropriate because *Lewis* "involves factual and legal issues unique to Missouri and significantly distinct from each of the cases currently comprising MDL No. 2323," and they submit two arguments as to why their claims involve "unique" issues. (Pls.' Mot. at pp. 1-2.)  Both arguments fail.

---

[4]  In addition to the motion to remand filed in *Lewis*, motions to remand have been filed in over ten cases pending in MDL No. 2323.  *See*, *e.g.*, *Haddix* v. *Nat'l Football League*, No. 12-md-02323-AB, Doc. No. 100 (E.D. Pa.); *LeMaster* v. *Nat'l Football League*, No. 12-cv-2464-AB, Doc. No. 3 (E.D. Pa.).

9

First, Plaintiffs describe their claims as "occupational disease" claims arising under state workers' compensation laws, and argue that such claims are non-removable under 28 U.S.C. § 1445(c). (*Id.* at pp. 1, 5.) Plaintiffs are wrong as a matter of law. The statute on which Plaintiffs' rely—28 U.S.C. § 1445(c)—is inapplicable when removal is based on complete preemption, as it was in *Lewis*. *See Humphrey* v. *Sequentia, Inc.*, 58 F.3d 1238, 1246 n.11 (8th Cir. 1995) ("[W]e believe, as a matter of Congressional intent, that § 1445(c) would not apply to a claim which is completely preempted by federal law and only facially arises under a state's workers' compensation laws."). Moreover, Plaintiffs' causes of action do not arise under Missouri workers' compensation law. Like the other actions in the MDL, the *Lewis* complaint asserts common law negligence- and fraud-based claims for damages sustained during employment as professional football players,[5] and Plaintiffs' complaint expressly disavows the application of workers' compensation laws. (*See*, *supra*, § II.)

Second, Plaintiffs argue that *Lewis* is unique because the claims are purportedly based on non-negotiable duties owed by Missouri employers. (*See* Pls.' Mot. at pp. 1-2.) Plaintiffs are wrong—such duties are negotiable under Missouri law, including through

---

[5] Whether a cause of action "arises under" Missouri's workers' compensation laws, for the purpose of applying § 1445(c), is governed by federal law. *Meisinger* v. *Specialty Risk Servs.*, No. 10-0866, 2010 WL 8354692, at *2 (W.D. Mo. Nov. 19, 2010). Only claims that seek to enforce a specific cause of action created by the workers' compensation statute are non-removable under § 1445(c); general common law tort claims do not fall into that category. *Humphrey*, 58 F.3d at 1244-45; *see also Meisigner*, 2010 WL 8354692, at *3-4 (tort claims "brought under common law are removable" because "if the claim is not expressly provided for in a state's workers' compensation statute, but is fashioned by the courts from a state's common law, the claim *does not* 'arise under' the state's workers' compensation laws") (emphasis in original). Thus, the judicial remedy sought by Plaintiffs, although allowed by Missouri workers' compensation statutes, does not arise under these statutes for purposes of § 1445(c). *See Humphrey*, 58 F.3d at 1246 n.11.

the collective bargaining of health and safety provisions governing workplaces. *See Gore* v. *Trans World Airlines*, 210 F.3d 944, 950 (8th Cir. 2000) (analyzing Missouri law and stating that "[e]mployers and employees are free to negotiate what actions an employer may take to preserve the safety and security of the workplace and the safety of other employees"). Here—in *Lewis and* the other actions in MDL No. 2323—like in *Gore*, unionized workforces negotiated NFL CBAs to govern aspects of workplace safety. Plaintiffs' claims require interpretation of those CBAs to determine any applicable duty, the scope of any such duty, and whether defendants' actions violated any such duty.[6]

In accordance with Congress's desire for uniform federal labor law and interpretation of CBAs—*Lewis* should remain in this MDL so that a single judge can consider and rule on the various preemption-related motions, thereby protecting against inconsistent rulings and interpretations of CBA provisions and conserving judicial resources. *See Allis-Chalmers Corp*. v. *Lueck*, 471 U.S. 202, 209-10 (1985) ("Congress intended doctrines of federal labor law uniformly to prevail over inconsistent local rules.") (internal quotation omitted); *Beidleman* v. *Stroh Brewery Co*., 182 F.3d 225, 234 (3d Cir. 1999) ("[T]he underlying reason for section 301 preemption [is] the need for uniform interpretation of contract terms to aid both the negotiation and the administration of collective bargaining agreements.") (internal quotation omitted).

Finally, although Plaintiffs argue *Lewis* is "significantly distinct" from the other actions in MDL No. 2323, they do not—and, in fact, cannot—contest that its inclusion in

---

[6] Moreover, even if the Missouri common law duties were non-negotiable, which they are not, the Court still must interpret the NFL CBAs to resolve Plaintiffs' claims. *See Lingle* v. *Norge Div. of Magic Chef, Inc*., 486 U.S. 399, 407 n.7 (1988) ("It is conceivable that a State could create a remedy that, although nonnegotiable,

11

this MDL will prevent duplicative discovery.  Such an argument would be facially implausible given that eleven of these *very* Plaintiffs already are litigating the same injuries against the NFL in MDL No. 2323.  Under such circumstances, "discovery in this action will overlap with that in the MDL, particularly involving expert discovery regarding causation," and coordinated MDL pretrial proceedings would streamline motion practice and scheduling.  (*Lewis* Transfer Order, p. 2.)

## Conclusion

For all the reasons set forth above, the Chiefs respectfully request that the Court deny Plaintiffs' motion to modify CMO #4 and their request for a suggestion of remand to the Western District of Missouri.  In the alternative, should the Court determine that an amendment to CMO #4 is appropriate, the Chiefs respectfully request that the Court so order the provision proposed by the Chiefs herein.

---

nonetheless turned on the interpretation of a collective-bargaining agreement for its application" and "[s]uch a remedy would be pre-empted by § 301.")

Dated: May 9, 2014

Respectfully submitted,

/s/  Brad S. Karp

Brad S. Karp (bkarp@paulweiss.com)
Bruce Birenboim (bbirenboim@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

Lee M. Baty, Esq.
Theresa A. Otto, Esq.
W. Christopher Hillman, Esq.
Elizabeth A. Murray, Esq.
BATY, HOLM, NUMRICH & OTTO, P.C.
4600 Madison Avenue, Suite 210
Kansas City, MO  64112-3019
lbaty@batyholm.com
totto@batyholm.com
chillman@batyholm.com
emurray@batyholm.com
Telephone:816-531-7200
Telecopy:  816-531-7201


*ATTORNEYS FOR KANSAS CITY CHIEFS FOOTBALL CLUB, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Response in Opposition to Plaintiffs' Motion to Modify Case Management Order No. 4 has been filed via the ECF system and will be served this 9th day of May, 2014 on all counsel via transmission of Notices of Electronic Filing generated by ECF.

/s/  Brad S. Karp