UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody<br><br>No. 14-cv-01995 |
| THIS DOCUMENT RELATES TO:<br><br>*Lewis, et al., v. Kansas City Chiefs Football Club, Inc.* | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**

Plaintiffs respectfully submit this Notice of Supplemental Authority in Support of their Motion to Remand.

On May 14, 2014, the United States District Court, Eastern District of Missouri, issued an Order remanding *Green v. Arizona Cardinals Football Club, LLC*, 4:14-cv-00461-CDP (E.D. Mo.) ("*Green*"), to the Circuit Court for the Twenty-Second Judicial Circuit, St. Louis, Missouri, from which it was removed. *See* Exhibit 1, Doc. #33, 4:14-cv-00461-CDP. The District Court denied defendant's motion to stay proceedings and remanded *Green* over the defendant's objections. The arguments made by the parties in *Green* are substantially similar to those made in this case.

In *Green,* the Court held that the players' claims were neither created by nor require the interpretation of a CBA. *Id*, at p. 13. As for the negligence claim, the Court held as follows:

> Unlike the negligence claim in *Gore [v. Trans World Airlines*, 210 F.3d 944 (8th Cir. 2000)], here the duties arise out of the common law based upon the employer-employee relationship and not out of any particular terms in the CBAs. The reasonableness of the Team's actions towards [Plaintiff] Scott cannot depend upon an interpretation of a CBA, as Scott was never bound by the contract. It stands to reason, then, that the other plaintiffs' negligence claims do not necessarily depend upon an interpretation of the CBAs, so far as the duties owed

1

them and the standards applied to their claims derive from the same source as for Scott.

*Id.* at p. 13. The same is true in the case *sub judice*.

As for the negligent misrepresentation and fraudulent concealment claims, the District Court held that, "[a]s with their negligence claims, the plaintiffs' negligent misrepresentation and fraudulent concealment actions arise independent of the CBAs as a function of the common law and thus are not preempted." *Id.* at pp. 16-17.

"Because the plaintiffs' claims can be determined without interpreting the CBAs," the Court stated, "I do not have subject-matter jurisdiction over this case." *Id.*

Plaintiffs respectfully request the Court to consider the attached Memorandum and Order as relevant supplemental authority in support of Plaintiffs' Motion to Remand.

Respectfully submitted, this 15th day of May, 2014.

THE KLAMANN LAW FIRM, P.A.

/s/ Andrew Schermerhorn
| John M. Klamann, MO | #29335 |
| Andrew Schermerhorn, MO | #62101 |
| Paul D. Anderson, MO | #65354 |

929 Walnut Street, Suite 800
Kansas City, MO 64106
Telephone: (816) 421-2626
Facsimile: (816) 421-8686
jklamann@klamannlaw.com
aschermerhorn@klamannlaw.com
panderson@klamannlaw.com

HUMPHREY, FARRINGTON & McCLAIN, P.C.
| Kenneth B. McClain, MO | #32430 |
| Lauren E. McClain, MO | #65016 |
| Timothy J. Kingsbury, MO | #64958 |

221 West Lexington, Suite 400
Independence, MO 64051
Telephone: (816) 836-5050
Facsimile: (816) 836-8966
kbm@hfmlegal.com

        lem@hfmlegal.com
        tjk@hfmlegal.com

        THE POPHAM LAW FIRM, P.C.
        Wm. Dirk Vandever, MO         #24463
        712 Broadway, Suite 100
        Kansas City, MO 64105
        Telephone: (816) 221-2288
        Facsimile: (816) 221-3999
        dvandever@pophamlaw.com

        **ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I, Andrew Schermerhorn, hereby certify that on the 15th day of May, 2014, a true and correct copy of the foregoing was served electronically upon all counsel of record via the Court's ECF filling system.

/s/ Andrew Schermerhorn
The Klamann Law Firm
929 Walnut Street, Suite 800
Kansas City, MO 64106
Telephone: (816) 421-2626
Facsimile: (816) 421-8686