## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| INRE: NATIONAL FOOTBALL | : | No. 2:12-md-02323-AB |
| LEAGUE PLAYERS' CONCUSSION | : |  |
| INJURY LITIGATION | : | MDL No. 2323 |
|  | : |  |
|  | : | Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO: | : |  |
|  | : |  |
| All Actions | : |  |
|  | : |  |

## PLAINTIFFS' CO-LEAD COUNSEL'S OPPOSITION TO MOTION TO INTERVENE [D.E. # 6019]

## I.     INTRODUCTION

Plaintiffs' Co-Lead Counsel submit this opposition to the motion of Sean Morey, Alan Faneca, Ben Hamilton, Robert Royal, Roderick "Rock" Cartwright, Jeff Rohrer, and Sean Considine (the "Proposed Intervenors" or "Movants") to intervene. The Proposed Intervenors are Retired NFL Football Players who fall within the Class definition of the proposed Settlement Agreement filed with this Court on January 6, 2014, for which preliminary approval was denied without prejudice [hereafter "Proposed Settlement"]. *See In re National Football League Players' Concussion Injury Litig.,* 961 F. Supp.2d 708 (E.D. Pa. 2014) (hereafter "*NFL Players*"). Movants seek to intervene in this action by claiming that they are not being adequately represented by the Court-appointed Co-Lead Counsel, the Plaintiffs' Executive Committee ("PEC") and the Plaintiffs' Steering Committee ("PSC"), nor by the named Class Representatives, when their real motive is patent: their counsel want a seat at the negotiating table. *See* Memorandum of Law in Support of Motion to Intervene ("Intervenors' Mem.") at 27 (Proposed Intervenors and their counsel seek to intervene "for purposes of participating in

settlement negotiations").  But the leadership of MDL 2323 has hundreds of clients who have walked the same or similar paths as the Proposed Intervenors, and who have suffered similarly. For Movants to say that the interests of persons suffering from the conditions of which they complain were not considered in reaching the Proposed Settlement is thoroughly erroneous.

This Court questioned whether the Proposed Settlement was sufficiently adequate to present to the class and denied preliminary approval of the class settlement without prejudice. *NFL Players*, 961 F. Supp.2d at 716.  As such, there is nothing gained by having new counsel intervene, as there is no settlement presently pending before the Court.  Under the Court's supervision, the Plaintiffs' Co-Lead Counsel are focused on addressing the Court's concerns and acting to present a fair, reasonable and adequate proposal.  Rather than permit intervention, the better course is to abide by the standard practice of allowing those who are not satisfied with the next settlement filing to have the option to object or to opt out at an appropriate time.  One thing is certain though, now is <u>not</u> the time to permit Movants to intervene.

## II.    <u>BACKGROUND</u>

In Case Management Order Nos. 2 & 3 this Court, after careful consideration of the qualifications of the lawyers appearing in this matter, appointed the Co-Lead Counsel, Liaison Counsel, Plaintiffs' Executive Committee, and Plaintiffs' Steering Committee.   [D.E. #'s 64, 72].

On July 8, 2013, the Court ordered Plaintiffs and the NFL Parties to enter mediation and held in abeyance its ruling on the NFL Parties' motions to dismiss on preemption grounds.  The Court appointed retired United States District Court Judge Layn R. Phillips as the mediator, and ordered that Judge Phillips report back to the Court on or before September 3, 2013, with the results of mediation.  [D.E. # 5128].

Following his appointment by the Court, Judge Phillips actively supervised and participated in the mediation process.  He regularly kept the Court apprised of the status of the process.  Judge Phillips presided over numerous negotiation/mediation sessions, including in-person and telephonic meetings with counsel, either jointly or in separate groups.  The mediation process culminated in the execution of a Term Sheet on August 29, 2013.  *See* Declaration of Mediator and Former United States District Court Judge Layn R. Phillips, attached to the Motion for Preliminary Approval and Class Certification ("Phillips Declaration") [D.E.# 5634-4].

In addition to proposed Co-Lead Class Counsel for Plaintiffs, Christopher A. Seeger and Sol Weiss, proposed Class Counsel, Steven C. Marks and Gene Locks, and proposed Subclass Counsel, Arnold Levin and Dianne M. Nast, all highly experienced and qualified counsel, were brought into the mediation on behalf of Plaintiffs.  All of these counsel, who collectively have been retained separately by hundreds of class members, participated in the mediation.  Their clients suffer from the range of injuries reflected in the Proposed Settlement, including those suffered by the Proposed Intervenors.  Indeed, these counsel and counsel appointed to the PEC and PSC filed complaints on behalf of their clients years ago.[1]

Upon receipt of Judge Philips' report that a Term Sheet with principal terms of a settlement had been signed, the Court commented "I commend the parties and their counsel on their extensive and good faith negotiations and thank Judge Phillips for his diligence in assisting the parties in reaching an agreement."  The Court further commented that "the interests of all

---

[1]     In contrast, none of the Proposed Intervenors have complaints on file, and their counsel did not even draft a complaint on their behalf to attach to the instant Motion To Intervene.  They instead attached the Class Action Complaint filed by the undersigned counsel.  *See* Exhibit A to Motion To Intervene.  [D.E. # 6019, at Exhibit A].

parties would be best served by a negotiated resolution of this case.  The settlement holds the prospect of avoiding lengthy, expensive and uncertain litigation …."  [D.E. # 5235].

Following the execution of the Term Sheet, the settling parties negotiated the Proposed Settlement, and prepared the supporting documents and briefing.  These documents were filed, with the motion for preliminary approval, on January 6, 2014.  As noted, the motion was denied without prejudice so as to allow the parties to supplement the record to provide the Court with the information needed to evaluate the fairness, reasonableness and adequacy of the Proposed Settlement.  *NFL Players*, 961 F. Supp.2d at 715-16.

Despite the fact that Co-Lead Counsel's motion for preliminary approval of the Proposed Settlement has been rendered moot as a result of this Court's Order, the Movants contend that not enough benefits were obtained and therefore, they should be entitled to intervene even before a settlement is again before the court.  The defect in their position is made glaringly self-evident by their delving into liability issues like CTE at this juncture, which, like all medical and scientific issues attendant to class jurisprudence, are better left to traditional class procedures, and addressed at the fairness hearing by means of expert testimony, rather than in a motion for intervention.  These objections are misplaced in the context of a motion to intervene, for the reasons discussed below.

III.    **ARGUMENT**

    A.    **MOVANTS HAVE FAILED TO MEET THE STANDARD FOR INTERVENTION AS OF RIGHT**

The standard for intervention as of right under FED. R. CIV. P. 24(a) comprises four components: (1) the application for intervention must be timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in

the litigation.  *Brody v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992); *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987).  None of these requirements has been met by the Proposed Intervenors.

### 1)   The Application for Intervention Is Untimely

"Determining whether a motion to intervene is timely requires an analysis of the facts and circumstances surrounding the proceedings and is decided in light of the totality of the circumstances by the district court in the exercise of its sound discretion."  *In re Safeguard Scientifics*, 220 F.R.D. 43, 46 (E.D. Pa. 2004).   In this case, the Court has lauded Co-Lead Class Counsel for their efforts in representing the proposed class.   Specifically, the Court stated: "Counsel for the Plaintiffs and the NFL Parties have made a commendable effort to reach a negotiated resolution to this dispute.  There is nothing to indicate that the Settlement is not the result of good faith, arm's-length negotiations between adversaries."  *NFL Players*, 961 F. Supp.2d at 715.  The Court's primary concern about the Proposed Settlement was whether each qualified claimant would be paid, and therefore requested that additional information be provided to the Special Master appointed by the Court.  *Id.*

Under these unique circumstances, the timing of the instant motion to intervene is not proper.  Where the Court has expressed confidence in the adequacy of present counsel, it is ill-timed for Movants to now seek to interfere with the ongoing settlement process.  Such additional counsel could only serve to further delay these proceedings and prejudice the delicate settlement efforts presently being conducted before the Court.  *See Safeguard*, 220 F.R.D. at 47.

### 2)   Movants Lack a Sufficient Interest in the Litigation

Proposed Intervenors' moving papers establish an ulterior motive to their seeking intervention, namely, their counsel's interest in controlling the process.  Their counsel are attempting to insert themselves into the settlement efforts already underway by existing Court-

appointed counsel for the Plaintiffs, which process is being overseen by the Special Master and this Court.  Movants' counsel's self-interest should not suffice to require foisting them upon the competent counsel already appointed by this Court to fulfill the leadership role, who thus far have been complemented for their "commendable effort." *NFL Players*, 961 F. Supp.2d at 715.

### 3)  Movants' Interests Will Not Be Affected or Impaired, as a Practical Matter, by the Disposition of the Action

The concern that the Movants assert (which is nothing other than an objection to the Proposed Settlement that is no longer before the Court) can be addressed by litigating their individual claims.  The option to file a short form complaint remains available to these former players.  To this end, the court's opinion in *Waudby v. Verizon Wireless Srvcs.*, LLC., 248 F.R.D. 173, 175 (D.N.J. 2008), is apt:

> Here, Movant has not shown that his interest would be impaired by the case moving forward without him intervening.  In fact, quite the opposite is true because if the class is certified, the Court would deem that Movant's interests are adequately protected.  *See* Fed. R. Civ. P. 23(a)(4).  If, on the other hand, the class is not certified th[e]n Movant remains free to file an independent action to pursue his claims.  Moreover, Movant can opt out of any class that may ultimately be certified in order to pursue his claims independently.  Thus, the Court finds that Movant has not demonstrated a real deprivation of interests.

This reasoning is dispositive.  The Proposed Intervenors, to the extent that they are dissatisfied with the terms of the Proposed Settlement, have nothing to fear.  They can litigate their claims, or, if the Proposed Settlement is presented again and approved, they can opt out at the appropriate time, or file an objection raising the concerns that they currently present in their motion.

**4)  Movants' Interests Already Are Represented Adequately by Counsel Who Were Appointed by the Court**

The burden is on the applicant for intervention to show that his interests are not adequately represented by the existing parties.  *Olden v. Hagerstown Cash Register, Inc.,* 619 F.2d 271, 273 (3d Cir. 1980) (per curiam).    A proposed intervenor may do this in three ways.  First, "the applicant may demonstrate that its interests, though similar to those of an existing party, are nevertheless sufficiently different that the representative cannot give the applicant's interests proper attention."  *See Hoots v. Pennsylvania*, 672 F.2d 1133, 1135 (3d Cir. 1982).  Second, "the applicant may establish collusion between the representative and an opposing party."  *Id.*   And third, the applicant can demonstrate that "the representative has not been diligent in prosecuting the litigation."  *Id.; see also In re Community Bank of Northern Virginia*, 418 F.3d 277, 315 (3d Cir. 2005) ("To overcome the presumption of adequate representation, the proposed intervenor must ordinarily demonstrate adversity of interest, collusion, or nonfeasance on the part of a party to the suit.").

The Proposed Intervenors cannot make any of the requisite showings.  As to the first, "[a] difference of opinion concerning litigation strategy or individual aspects of a remedy does not overcome the presumption of adequate representation."  *Jenkins by Jenkins v. Missouri*, 78 F.3d 1270, 1275 (8th Cir. 1996); *see also In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig.*, No. 11–MD–2247, 2012 WL 2325798, at \*4 (D. Minn. June 19, 2012) (same).  In fact, the presumption of adequate representation is not easily rebutted in the class action context, as the Third Circuit found in *In re Community Bank*:

> To be clear, we are in no way suggesting that absent class members who merely express dissatisfaction with specific aspects of the proposed settlement or that attorneys (who, after finding one or more class members as clients, and wish to

share in the forthcoming fee), have the right to intervene.  The goals of Rule 23 would be seriously hampered if that were permitted.

*Community Bank*, 418 F.3d at 315;[2] *see also In re Pet Foods Products Liab. Litig*., 629 F.3d 333, 349 (3d Cir. 2010) (holding that objectors were not entitled to intervene as a matter of right because, despite differences in claims, allocation amounts and state laws, absent class members' interests were adequately represented).[3]

As to the second and third ways to demonstrate inadequacy of representation, this Court preempted any attempt by the Intervenors to claim collusion or a lack of diligence.  *NFL Players*, 961 F. Supp.2d at 715 (referring to counsel's "commendable effort" and noting that "[t]here is nothing to indicate that the Settlement is not the result of good faith, arm's-length negotiations between adversaries.").

The Proposed Intervenors have failed to demonstrate any interest that is not protected (other than their counsel's transparent interest in obtaining a seat at the settlement table), or that present counsel are inadequate.  Their motion to intervene as of right is unfounded.  Accordingly, the motion should be denied.

---

[2]    The *Community Bank* Court allowed intervention; however, it noted that it was doing so because the district court there, faced with a settlement-only class action, failed to undertake an "independent inquiry into the adequacy of the named parties' and class counsel's representation."  418 F.2d at 315.  In the instant case, there is no doubt that this Court will undertake a full Rule 23 analysis and evaluate the adequacy of representation in full, once a renewed Motion for Preliminary Approval is placed before this Court.  A careful look at the case *sub judice* makes it crystal clear that this Court is fulfilling its judicial role.

[3]    In connection with explaining their failure to draft their own complaint and attach same to their Motion to Intervene and their effort to provide "technical compliance" with Rule 24(c), counsel for Proposed Intervenors acknowledge having attached the undersigned's Class Action Complaint, and admit that "requiring an independent complaint setting forth the same claims as the Class Action Complaint would only result in needless duplication and repetition."  [D.E. # 6019-1, at 27 n.20; D.E. # 6019, at Ex. A].  Based upon their admission, intervention would be inappropriate.

**B.    PERMISSIVE INTERVENTION IS UNWARRANTED BECAUSE IT IS PREJUDICIAL TO THE PARTIES**

The standard for permissive intervention pursuant to Fed. R. Civ. P. 24(b) consists of inquiry into these elements: (1) the existence of a question of law or fact in common with main action; (2) the effect of intervention with respect to delay or prejudice to the rights of the original parties; and (3) the balance of such delay or prejudice, if it would occur, against the weight of the benefits to be derived from intervention.  *Jones v. United Gas Improvement Co*., 69 F.R.D. 398, 401 (E.D. Pa. 1975).  "[T]he law is clear that permissive intervention has universally been left to the sound discretion of the district court."  *Safeguard Scientifics,* 220 F.R.D. at 49.

The Movants' motion for permissive intervention should be denied for several reasons.  First, as noted above, their interests are adequately represented already, and their presence now would interfere with and disturb the existing settlement efforts, and create unnecessary redundancies as well.  This is a sufficient ground to deny the motion.  *See*, *e.g*., *United States v. Territory of the Virgin Islands*, No. 12-4305, 2014 WL 1395669, at *9 (3d Cir. Apr. 11, 2014) (intervention denied where it would "result in the duplication of effort that is unnecessary and unwarranted"); *In re Stingfree Technologies Co.*, 427 B.R. 337, 350 (E.D. Pa. 2010) (permissive intervention denied where it would be "superfluous").

The Movants' motion should also be denied because intervention at this time would threaten months of difficult and complex efforts by introducing new parties to the discussions.[4]

---

[4]    The Proposed Intervenors also contend that Co-Lead Class Counsel's separate negotiation of counsel fees after the terms of the settlement were negotiated entitles them to permissive intervention.  But, courts routinely have countenanced class counsel's ability to wait until *after* they have completed their negotiations for the amount recovered by the class to begin any discussion of their own attorneys' fees. *See Evans v. Jeff D*., 475 U.S. 717, 734-38 (1986); *Cisek v. National Surface Cleaning, Inc*., 954 F. Supp. 110, 111 (S.D.N.Y. 1997) ("while the better practice may be for counsel to (1) abstain from discussion of attorney's fees until an agreement is reached on the relief to be obtained by the plaintiffs themselves or (2) negotiate a

*See, e.g., D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001).  At the direction of this

Court, the parties have been engaged with the Special Master and they have made concerted

efforts to evaluate this Court's directives and address them in a fruitful and productive manner.

That engagement requires great focus and energy to insure that the effort accomplishes the

parties' and the Court's goal.  Introduction of new parties at this juncture would only serve to

---

lump sum settlement and allow the court to allocate the fund between counsel and client, the district court is not required to deny fees or disapprove class action settlements where this course is not followed."); *see also Court Award Attorney Fees – Report of the Third Circuit Task Force*, 108 F.R.D. 237, 266-68 (1985); Manual for Complex Litigation (Fourth) §13.24 (Fed. Judicial Cntr. 2004) ("MCL").  Indeed, courts have even recognized and condoned the ability of class counsel to negotiate their attorneys' fees simultaneous to the amount recovered by the class.  *See* MCL §13.24 (Noting it is "problematic" when simultaneous negotiations occur, but the problem may be overcome by judicial oversight).  Given this background, the Proposed Intervenors' argument against the separately negotiated payment of attorneys' fees lacks any merit.

The Proposed Intervenors initially contend that Co-Lead Class Counsel's fee request raises "red flags" on the trumped-up contention that some value to the class was bargained away in exchange for fees.  Intervenors' Mem. at 25.  The facts of the Proposed Settlement belie this falsehood.  Under the Proposed Settlement, class members were to recover benefits under the Baseline Assessment Program, and, if their injuries warrant same, generous compensation from the Monetary Award Fund.  Since there was no linkage between the funds directed to compensate the class, and the funds designated for attorneys' fees, the absence of any bargaining away of value is patent.

The Proposed Intervenors' second contention – that fee negotiations must first await judicial approval of the settlement – is equally misplaced.  The Third Circuit in *In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 782 (3d Cir. 1995), was especially concerned about class counsel's adequacy in light of their negotiating a settlement only for non-cash relief, coupled with counsel's failure to disclose their negotiated fee award in the class notice.  *Id*. at 803.  With that background the court harkened back to an earlier decision, *Prandini v. National Tea Co.*, 557 F.2d 1015, 1021 (3d Cir. 1977), where the earlier panel determined that counsel should not simultaneously negotiate their fees along with the class recovery, but should await judicial approval.  But, as the court in *GM Pick-Up Truck* recognized, *Prandini* was overruled by the Supreme Court in *Evans, supra*.  *See GM Pick-Up Truck*, 55 F.3d at 804.

Notwithstanding that *Prandini* was overruled and the strict prohibition on simultaneous negotiation of fees is no longer the law, and the obvious adequacy issues of *GM Pick-Up Truck* class counsel brought to light in that case, the present situation is even further distinguishable. Here, the negotiation of this Proposed Settlement was overseen by retired Judge and Mediator Layn Phillips, and this Court.  To suggest that the Proposed Settlement was obtained on collusive terms and not at arms'-length is an affront to the judicial and legal resources applied to the effort. *See NFL Players*, 961 F. Supp.2d at 715.

interrupt these ongoing efforts and to interfere with the Court's directives to expeditiously achieve a settlement program that is fair and adequate for the entire class.

## IV.   <u>CONCLUSION</u>

The Proposed Intervenors will have a clear option when a settlement again is presented to the Court—they can object or opt-out, not intervene.  For these reasons, the motion to intervene should be denied.

Dated: May 19, 2014

Respectfully Submitted:

*/s/ Christopher A. Seeger*
Christopher A. Seeger
**SEEGER WEISS LLP**
77 Water Street
New York, NY 10005
Phone:  (212) 584-0700
Fax:  (212) 584-0799
cseeger@seegerweiss.com

*Co-Lead Counsel*

Sol Weiss
**ANAPOL SCHWARTZ**
1710 Spruce Street
Philadelphia, PA 19103
Phone:  (215) 735-1130
Fax:  (215) 735-2024
sweiss@anapolschwartz.com

*Co-Lead Counsel*

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that a true copy of the foregoing was served electronically via the Court's electronic filing system on the 19th day of May, 2014, upon all counsel of record.


Dated: May 19, 2014


<u>/s/ Christopher A. Seeger</u>
Christopher A. Seeger