**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE:  NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY LITIGATION                    MDL No. 2323

**TRANSFER ORDER**

**Before the Panel:**\*  Pursuant to Panel Rule 7.1, plaintiffs move to vacate our orders that conditionally transferred the five actions listed on Schedule A to MDL No. 2323.  Defendant Kansas City Chiefs Football Club Inc. (the Chiefs) opposes the motions to vacate.

The actions comprising MDL No. 2323 involve allegations that the National Football League (NFL)—of which the Chiefs is a member—is liable for injuries sustained while plaintiffs were playing professional football, including damages resulting from the permanent long-term effects of concussions.  In general, plaintiffs allege that the NFL failed to warn and protect NFL players against the long-term brain injury risks associated with football-related concussions and failed to regulate the sport so as to minimize the risk of such long-term injuries.  *See In re: Nat'l Football League Players' Concussion Injury Litig.*, 842 F. Supp. 2d 1378 (J.P.M.L. 2012).  Plaintiffs argue that the actions before the Panel are not appropriate for inclusion in MDL No. 2323 because (1) federal subject matter jurisdiction is lacking; (2) plaintiffs name the Chiefs as defendant to each action, and not the NFL; (3) transfer would inconvenience plaintiffs and delay the actions; and (4) the application of Case Management Order No. 4 in MDL No. 2323 would effectively void plaintiffs' claims, causing extreme prejudice.  We recently considered the first three arguments with regards to a similar Western District of Missouri action (*Lewis*), which we transferred over plaintiffs' objections.  *See* Transfer Order (*Lewis*), MDL No. 2323 (J.P.M.L. Apr. 2, 2014).

After considering all argument of counsel, we find that these actions involve common questions of fact with the actions previously transferred to MDL No. 2323, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Like the MDL No. 2323 actions, these actions involve allegations that defendant is liable for, *inter alia*, failing to warn and protect players from the long-term risk of concussions and sub-concussive injuries. Moreover, the *Martin*, *Horn*, and *Smith* actions will involve certain issues of fact that are identical to those in MDL No. 2323.  The claims underlying the *Martin* plaintiff's loss of consortium claim already are pending in MDL No. 2323 in the *Lewis* action and six plaintiffs in the *Horn* and *Smith* actions also have filed claims against the NFL in MDL No. 2323, and their allegations include their time spent playing for the Chiefs.  As to plaintiffs' assertion that federal subject matter jurisdiction is lacking, the Panel often has held that jurisdictional issues do not present

---

\* Judge Lewis A. Kaplan, and Judge Marjorie O. Rendell took no part in the decision of this matter.

-2-

an impediment to transfer.[2]  *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Plaintiffs do not provide any persuasive reason for the Panel to decide their motions to vacate differently than we did in *Lewis*.  Plaintiffs argue that the issues of removability involved in their motions to remand to state court are not connected to defendant's assertion of complete preemption under Section 301 of the Labor Management Relations Act and at issue in their motion to dismiss.  There are several motions to remand to state court pending in MDL No. 2323, however, that involve some similar arguments to those presented by plaintiffs here.  Transfer will allow a single court to efficiently and consistently address these issues.

Plaintiffs' concerns about the application of a particular case management order in the transferee court are best addressed by the transferee judge, who "has broad authority to structure pretrial proceedings to account for any differences that may exist among the involved actions."  *In re: BP Sec., Derivative & Emp't Retirement Income Sec. Act (ERISA) Litig.*, 734 F. Supp. 2d 1380, 1382 n.2 (J.P.M.L. 2010).  Indeed, the *Lewis* plaintiffs already have filed a motion with the transferee court seeking to modify Case Management Order No. 4.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Anita B. Brody for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Charles R. Breyer            Sarah S. Vance
Ellen Segal Huvelle          R. David Proctor

---

[2]  Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

**IN RE:  NATIONAL FOOTBALL LEAGUE**
**PLAYERS' CONCUSSION INJURY LITIGATION**                    MDL No. 2323

**SCHEDULE A**

Western District of Missouri

SHEPHERD v. KANSAS CITY CHIEFS FOOTBALL CLUB, INC., C.A. No. 4:14-00131
MARTIN v. KANSAS CITY CHIEFS FOOTBALL CLUB, INC., C.A. No. 4:14-00132
HORN, ET AL. v. KANSAS CHIEFS FOOTBALL CLUB, INC., C.A. No. 4:14-00133
SMITH, ET AL. v. KANSAS CITY CHIEFS FOOTBALL CLUB, INC.,
        C.A. No. 4:14-00195
MANUEL v. KANSAS CITY FOOTBALL CLUB, INC., C.A. No. 4:14-00196