## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : | No. 2:12-md-02323-AB |
| | : | MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,* Plaintiffs, | : | **Hon. Anita B. Brody** |
| v. | : | Civ. Action No. 14-00029-AB |
| National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc., Defendants. | : | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : | |

### ORDER[1]

On June 25, 2014, Plaintiffs Kevin Turner and Shawn Wooden, through their proposed

Co-Lead Class Counsel, Class Counsel, and Subclass Counsel, filed a motion for an order: (1)

granting preliminary approval of the proposed Class Action Settlement Agreement; (2)

conditionally certifying a Settlement Class and Subclasses; (3) appointing Co-Lead Class

Counsel, Class Counsel, and Subclass Counsel; (4) approving the dissemination of class notice;

---

[1] Capitalized terms used in this Order have the same meaning as those defined in the June 25, 2014 Class Action Settlement Agreement. *See* Pl.'s Mot. Ex. B, June 25, 2014, ECF No. 6037.

(5) scheduling a Fairness Hearing; and (6) staying matters as to the Released Parties and enjoining proposed Settlement Class Members from pursuing Related Lawsuits [ECF No. 6073].

**AND NOW**, this 7th day of July, 2014, it is **ORDERED** as follows:

1.  The proposed Class Action Settlement Agreement is preliminarily approved.

2.  The Settlement Class and Subclasses are conditionally certified for settlement purposes only.

    a.  The Settlement Class consists of:

        i.  All living NFL Football Players who, prior to the date of the Preliminary Approval and Class Certification Order,[2] retired, formally or informally, from playing professional football with the NFL or any Member Club, including American Football League, World League of American Football, NFL Europe League and NFL Europa League players, or were formerly on any roster, including preseason, regular season, or postseason, of any such Member Club or league and who no longer are under contract to a Member Club and are not seeking active employment as players with any Member Club, whether signed to a roster or signed to any practice squad, developmental squad, or taxi squad of a Member Club ("Retired NFL Football Players");

---

[2] "Preliminary Approval and Class Certification Order" is defined in the June 25, 2014 Class Action Settlement Agreement as the Court's order preliminarily approving the Class Action Settlement and conditionally certifying the Settlement Class and Subclasses. *See* Pl.'s Mot. Ex. B, June 25, 2014, ECF No. 6037. For the avoidance of any ambiguity, this Order is the "Preliminary Approval and Class Certification Order."

ii.     Authorized representatives, ordered by a court or other

official of competent jurisdiction under applicable state

law, of deceased or legally incapacitated or incompetent

Retired NFL Football Players  ("Representative

Claimants"); and

iii.    Spouses, parents, children who are dependents, or any other

persons who properly under applicable state law assert the

right to sue independently or derivatively by reason of their

relationship with a Retired NFL Football Player or

deceased Retired NFL Football Player ("Derivative

Claimants").

b.    The Settlement Subclasses consist of:

i.     Subclass 1: Retired NFL Football Players who were not

diagnosed with a Qualifying Diagnosis[3] prior to the date of

the Preliminary Approval and Class Certification Order and

their Representative Claimants and Derivative Claimants;

and

ii.     Subclass 2: Retired NFL Football Players who were

diagnosed with a Qualifying Diagnosis prior to the date of

the Preliminary Approval and Class Certification Order and

their Representative Claimants and Derivative Claimants,

---

[3] "Qualifying Diagnosis" is defined in Exhibit 1 of the June 25, 2014 Class Action Settlement Agreement as Level 1.5 Neurocognitive Impairment, Level 2 Neurocognitive Impairment, Alzheimer's Disease, Parkinson's Disease, ALS, and/or Death with CTE.  *See* Pl.'s Mot. Ex. B, June 25, 2014, ECF No. 6037.

and the Representative Claimants of deceased Retired NFL

Football Players who were diagnosed with a Qualifying

Diagnosis prior to death or who died prior to the date of the

Preliminary Approval and Class Certification Order and

who received a post-mortem diagnosis of CTE.

    c.    The Subclass Representatives for each of the Settlement Subclasses are

preliminarily appointed as follows:

        i.    Shawn Wooden is appointed as Subclass Representative for

Subclass 1.

        ii.    Kevin Turner is appointed as Subclass Representative for Subclass

2.

3.    Co-Lead Class Counsel, Class Counsel, Subclass Counsel, and the following

administrators are appointed as follows:

    a.    Christopher A. Seeger, Sol Weiss, Arnold Levin, Dianne M. Nast, Steven

C. Marks, and Gene Locks are appointed as Class Counsel.

    b.    Christopher A. Seeger and Sol Weiss are appointed as Co-Lead Class

Counsel.

    c.    Arnold Levin is appointed as Subclass Counsel for Subclass 1, and Dianne

M. Nast is appointed as Subclass Counsel for Subclass 2.

    d.    Plaintiffs' Executive Committee and Plaintiffs' Steering Committee are

appointed as Of Counsel.

    e.     The Garretson Resolution Group, Inc. is preliminarily appointed to serve as the Baseline Assessment Program ("BAP") Administrator and Lien Resolution Administrator.

    f.     BrownGreer PLC is preliminarily appointed to serve as the Claims Administrator.

    g.     Citibank, N.A. is preliminarily appointed as the Trustee.

    h.     Kinsella Media, LLC is appointed to serve as the Settlement Class Notice Agent.

4.     The dissemination of class notice is approved as follows:

    a.     The protocol for dissemination of notice to Settlement Class and Subclass Members, as set forth in the Settlement Class Notice Plan, is approved.

    b.     The templates[4] of the Long-Form Notice and the Summary Notice, attached to this Order as Exhibits 1 and 2, respectively, are approved.  The parties must submit to the Court completed versions of the Long-Form Notice and the Summary Notice before they are posted on the Settlement Website.

    c.     On or before **July 11, 2014**, the NFL Parties must transfer the Class Notice Payment to Co-Lead Class Counsel.

    d.     On or before **July 14, 2014**, the Long-Form Notice must be posted on the Settlement Website.

    e.     On or before **July 24, 2014**, Co-Lead Class Counsel must cause the Long-Form Notice to be sent via first-class mail, postage prepaid to:  (i) all

---

[4] The Long-Form Notice and the Summary Notice are only templates because additional details must be inserted before dissemination.

known Retired NFL Football Players, their Representative Claimants and Derivative Claimants and (ii) counsel for Retired NFL Football Players, their Representative Claimants and Derivative Claimants, if known. Where an attorney represents more than one Settlement Class Member, it is sufficient to provide that attorney with a single copy of the notice. Notice to a Settlement Class Member's counsel of record constitutes notice to the Settlement Class Member, even if the Settlement Class Member does not receive independent notice.

f.    On or before **September 15, 2014**, Co-Lead Class Counsel must cause publication notice to be initiated in various media as follows:

   i.    Full-page ads featuring the Summary Notice in *Time*, *Ebony*, *People*, *Sports Illustrated*, and senior living trade publications;

   ii.   Thirty-second television commercials on a combination of broadcast and cable networks, including the NFL Network;

   iii.  Thirty-second radio commercials on American Urban Radio Networks;

   iv.   Internet banner ads on targeted websites (NFL.com, CNN.com, Facebook.com, and Weather.com) and Internet advertising networks; and

   v.    Keyword search ads on the Google and Bing search engines.

g.    The Opt Out procedure set forth in Section 14.2 of the Settlement Agreement is approved.  Written requests to Opt Out must be postmarked

on or before **October 14, 2014**.  The attached Long-Form Notice explains the Opt Out procedure.

h.     The objection procedure set forth in Section 14.3 of the Settlement Agreement is approved.  Written objections must be postmarked on or before **October 14, 2014**.  The attached Long-Form Notice explains the objection procedure.

i.     On or before **November 3, 2014**, any Settlement Class Member (or any attorney representing a Settlement Class Member) seeking to speak at the Fairness Hearing must send to the Court written notice of his or her intention to speak at the Fairness Hearing.

j.     On or before **November 3, 2014**, BrownGreer PLC must prepare and file with the Court, and serve on Class Counsel and Counsel for the NFL Parties, a list of all persons who have timely Opted Out of the Settlement Class.

k.     On or before **November 12, 2014**, Class Counsel and Counsel for the NFL Parties must file any response to the objections or any papers in support of final approval of the Settlement.

5.     The request to schedule a Fairness Hearing is granted.  A Fairness Hearing will take place on **Wednesday, November 19, 2014 at 10:00 a.m.**, at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106 in Courtroom 7B in order to consider comments on and objections to the proposed Settlement Agreement and to consider whether: (a) to approve the Settlement Agreement as fair, reasonable and adequate, pursuant to Rule 23 of the Federal

Rules of Civil Procedure, (b) to certify the Settlement Class and Subclasses, and (c) to enter the Final Order and Judgment, as provided in Article XX of the Settlement Agreement.  The Fairness Hearing is subject to postponement or adjournment by the Court without further notice.

6.  This action and all actions consolidated before the Court in this Multidistrict Litigation are stayed.  All proposed Settlement Class Members are enjoined from filing, commencing, prosecuting, intervening in, participating in, continuing to prosecute and/or maintaining, as plaintiffs, claimants, or class members, any other lawsuit, including, without limitation, a Related Lawsuit, or administrative, regulatory, arbitration, or other proceeding in any jurisdiction (whether state, federal or otherwise), against Released Parties based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances at issue, in the Class Action Complaint, Related Lawsuits and/or the Released Claims.  However, claims for workers' compensation and claims alleging entitlement to NFL CBA Medical and Disability Benefits are not stayed or enjoined.  The stay and injunction will remain in effect unless and until a proposed Settlement Class Member's Opt Out becomes effective on the date this Court grants Final Approval, approval of the Settlement Agreement is denied, or the Settlement Agreement is otherwise terminated.  No such stay or injunction applies to the Riddell Defendants.

7.  If the Settlement Agreement is terminated or is not consummated for any reason, the preliminary certification of the Settlement Class and Subclasses is void, and

Plaintiffs and NFL Parties are deemed to have reserved all of their rights to propose or oppose any and all class certification issues.[5]

_Anita B. Brody_
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                    Copies **MAILED** on _____ to:

---

[5] It is further **ORDERED** that the NFL Parties have the right to communicate orally and in writing with, and to respond to inquiries from, Settlement Class Members on matters unrelated to the Class Action Settlement in connection with the NFL Parties' normal business.

9