IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE | : | MDL No. 2323 |
| PLAYERS' CONCUSSION INJURY | : | 12-md-2323 |
| LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ALL ACTIONS | : | |

## [PROPOSED] ORDER

AND NOW, this _____ day of _____, 2014, after consideration

of Bloomberg L.P. and ESPN, Inc.'s Amended Motion to Intervene to Seek Access to

Documents and Information, and any responses thereto, it is hereby ORDERED that the

Amended Motion is GRANTED and that Bloomberg L.P. and ESPN, Inc., are granted leave to

intervene to seek access to documents and information and may file the Amended Motion and

Memorandum of Law attached to their Amended Motion to Intervene as Exhibit A.

BY THE COURT:

_____
ANITA B. BRODY
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE | : | MDL No. 2323 |
| PLAYERS' CONCUSSION INJURY | : | 12-md-2323 |
| LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ALL ACTIONS | : | |

**BLOOMBERG L.P. AND ESPN, INC.'S**
**AMENDED MOTION TO INTERVENE TO SEEK ACCESS TO**
**DOCUMENTS AND INFORMATION**

Pursuant to Federal Rule of Civil Procedure 24, and for the reasons set forth in the

accompanying Memorandum of Law, Bloomberg L.P. and ESPN, Inc., hereby move this Court

for leave to intervene to seek access to documents and information and for leave to file the

Amended Motion and Memorandum of Law attached hereto as Exhibit A.

WHEREFORE, Bloomberg L.P. and ESPN, Inc., respectfully request that the

Court grant them leave to intervene to seek access to documents and information and grant it

leave to file the Amended Motion and Memorandum of Law attached hereto as Exhibit A.

Respectfully submitted,

/s/ Eli Segal
Amy B. Ginensky (PA I.D. 22623)
Eli Segal (PA I.D. 205845)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Dated:  July 24, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE | : | MDL No. 2323 |
| PLAYERS' CONCUSSION INJURY | : | 12-md-2323 |
| LITIGATION | : | |

---

| | | |
|---|---|---|
| THIS DOCUMENT RELATES TO: | : | |
| ALL ACTIONS | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
BLOOMBERG L.P. AND ESPN, INC.'S
AMENDED MOTION TO INTERVENE TO SEEK ACCESS TO
<u>DOCUMENTS AND INFORMATION</u>**

On January 31, 2014, Bloomberg L.P. ("Bloomberg") moved for leave to

intervene (1) to move for access to the settlement-related documentation that the Court ordered

the parties to "to share . . . with the Court through the Special Master" when it denied without

prejudice proposed class counsel's initial motion for preliminary settlement approval and (2) to

move for clarification that the parties are not restricted from discussing or disclosing that

documentation.  (Docket No. 5766 (attached as Ex. 1 to Ex. A).)  On February 26, 2014, the

Court docketed the reply brief that Bloomberg had moved for leave to file.  (Docket No. 5852

(attached as Ex. 2 to Ex. A).)  On April 7, 2014, ESPN, Inc. ("ESPN") moved for leave to join

Bloomberg's motions and related briefing.  (Docket No. 5899 (attached as Ex. 3 to Ex. A).)

On June 25, 2014, proposed class counsel moved for preliminary approval of a

revised settlement agreement (Docket No. 6073), which the Court granted on July 7, 2014

(Docket No. 6083).  Bloomberg and ESPN now amend their prior filings, which they incorporate

herein as though fully set forth, to seek leave to intervene to move for access, as well, to any

other documents or information provided to the Court or the Special Master for consideration in

determining whether the Court should approve a class action settlement.  Thus, Bloomberg and

ESPN respectfully request leave to intervene pursuant to Rule 24, and they specifically request leave to file the Amended Motion for Access and Memorandum of Law attached hereto as Exhibit A.

Respectfully submitted,

/s/ Eli Segal
Amy B. Ginensky (PA I.D. 22623)
Eli Segal (PA I.D. 205845)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Dated: July 24, 2014

## <u>CERTIFICATE OF SERVICE</u>

I, Eli Segal, hereby certify that on this 24th day of July, 2014, a true and correct copy of the foregoing Bloomberg L.P. and ESPN, Inc.'s Amended Motion to Intervene to Seek Access to Documents and Information, along with the accompanying Memorandum of Law and Proposed Order, was served electronically upon all counsel of record via the Court's ECF filing system.

 /s/ Eli Segal
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE | : | MDL No. 2323 |
| PLAYERS' CONCUSSION INJURY | : | 12-md-2323 |
| LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ALL ACTIONS | : | |

**[PROPOSED] ORDER**

AND NOW, this _____ day of _____, 2014, after consideration

of Bloomberg L.P. and ESPN, Inc.'s Amended Motion for Access to Documents and

Information, it is hereby ORDERED that the Amended Motion is GRANTED and that (1) the

settlement-related documentation that the Court, on January 14, 2014, ordered the parties to

share with the Court through the Special Master shall be made publicly available, (2) any other

documentation provided to the Court or the Special Master for consideration in determining

whether the Court should approve a class action settlement shall be made publicly available, and

(3) the parties are not restricted from discussing the above documentation with or disclosing it to

the general public.

BY THE COURT:

_____
ANITA B. BRODY
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE | : | MDL No. 2323 |
| PLAYERS' CONCUSSION INJURY | : | 12-md-2323 |
| LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ALL ACTIONS | : | |

### BLOOMBERG L.P. AND ESPN, INC.'S
### AMENDED MOTION FOR ACCESS TO DOCUMENTS AND INFORMATION

For the reasons set forth in the accompanying Memorandum of Law, Bloomberg

L.P. and ESPN, Inc., hereby move this Court for an Order that (1) makes publicly available the

settlement-related documentation that the Court, on January 14, 2014, ordered the parties to

share with the Court through the Special Master shall, (2) makes publicly available any other

documentation provided to the Court or the Special Master for consideration in determining

whether the Court should approve a class action settlement, and (3) clarifies that the parties are

not restricted from discussing this documentation with or disclosing it to the general public.

WHEREFORE, Bloomberg L.P. and ESPN, Inc., respectfully request (1) that the

settlement-related documentation that the Court, on January 14, 2014, ordered the parties to

share with the Court through the Special Master be made publicly available, (2) that any other

documentation provided to the Court or the Special Master for consideration in determining

whether the Court should approve a class action settlement be made publicly available, and (3)

that the Court clarify that the parties are not restricted from discussing this documentation with

or disclosing it to the general public.

Respectfully submitted,

/s/ Eli Segal
Amy B. Ginensky (PA I.D. 22623)

Eli Segal (PA I.D. 205845)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Dated: July 24, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE | : | MDL No. 2323 |
| PLAYERS' CONCUSSION INJURY | : | 12-md-2323 |
| LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ALL ACTIONS | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
BLOOMBERG L.P. AND ESPN, INC.'S
<u>MOTION FOR ACCESS TO DOCUMENTS AND INFORMATION</u>**

On July 7, 2014, the Court preliminarily approved the new class action settlement that proposed class counsel reached with the National Football League and NFL Properties LLC. The Third Circuit has made clear that court approval of a settlement is a matter "which the public has a right to know about and evaluate," *Bank of Am. Nat'l Trust & Savings Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986), and has emphasized that transparency is particularly important in the class action context, *In re Cendant*, 260 F.3d 183, 193 (3d Cir. 2001). But the settlement-approval process here, in a class action of great interest to the public—not to mention to the over 20,000 proposed class members—has been obscured. To bring that process out into the open, Bloomberg and ESPN respectfully request that this Court:

> (1) make publicly available the settlement-related documentation that the Court ordered the parties to share with the Court through the Special Master when it refused to preliminarily approve the initial class action settlement;
>
> (2) make publicly available any other documentation provided to the Court or the Special Master for consideration in determining whether the Court should approve a class action settlement; and
>
> (3) clarify that the parties are not restricted from discussing this documentation with or disclosing it to the general public.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Federal Rule of Civil Procedure 23(e) makes it the Court's adjudicatory responsibility to determine whether a class action settlement is fair, adequate, and reasonable. On December 17, 2013, to aide it with discharging this responsibility "to evaluate the fairness, reasonableness, and adequacy of the settlement" (Docket No. 5607 at 2), the Court appointed a Special Master. Specifically, in its December 17 order, the Court appointed Perry Golkin as Special Master "to assist me in evaluating the financial aspects of the proposed settlement." (*Id.* at 1; *see also id.* at 2 ("The Special Master is appointed to perform tasks in furtherance of my assessment of the parties' request for approval of the proposed settlement.") & 3 ("The Special Master will assist me by performing tasks before any approval of the proposed settlement. These tasks include, but are not limited to, financial analysis of any agreements reached by counsel to the parties.").).)[1]

On January 6, 2014, proposed class counsel moved for preliminary approval of the class action settlement that they had reached with the NFL parties. (Docket No. 5634.) In their filing, proposed class counsel referenced—but did not attach—expert medical, actuarial, and economic analyses that, according to them, showed that the settlement would adequately compensate all class members. (Docket No. 5634-5 at 22-23, 36.) On January 14, the Court denied the preliminary approval motion without prejudice because, without the actual expert analyses, the Court had "concerns about the fairness, reasonableness, and adequacy of the Settlement"—including whether the $675 million Monetary Award Fund would be large enough to pay all class members with qualifying illnesses. (Docket No. 5657 at 10-12.) "As a first step toward preliminary approval," the Court ordered the parties "to share the documentation referred

---

[1] The Court had already appointed a different individual, retired United States District Court Judge Layn Phillips, to be mediator in the parties' settlement discussions. (Docket No. 5128.)

to in their submissions with the Court through the Special Master." (Docket Nos. 5657 at 12 & 5658.) Proposed Co-Lead Counsel Christopher Seeger has maintained that a July 8, 2013 order bars him from publicly discussing or disseminating this documentation. (Docket No. 5699 at 4.)

On January 31, 2014, Bloomberg L.P. ("Bloomberg") moved for leave to intervene (1) to move for access to the settlement-related documentation that the Court ordered the parties "to share . . . with the Court through the Special Master" and (2) to move for clarification that the parties are not restricted from discussing or disclosing that documentation. (Docket No. 5766 (attached as Ex. 1).) On February 26, 2014, the Court docketed the reply brief that Bloomberg had moved for leave to file. (Docket No. 5852 (attached as Ex. 2).) And on April 7, 2014, ESPN, Inc. ("ESPN") moved for leave to join Bloomberg's motions and related briefing. (Docket No. 5899 (attached as Ex. 3).) The Court has not ruled on these motions.

On June 25, 2014, over five months after the Court denied their initial motion, proposed class counsel moved for preliminary approval of a revised settlement agreement that eliminated the $675 million fund cap about which the Court had expressed concern. (Docket No. 6073). Less than two weeks later, on July 7, the Court granted the motion. (Docket No. 6083.)

But while proposed class counsel's June 25 motion and the Court's July 7 order and opinion were publicly filed, substantial off-the-docket activity appears to have occurred relating to the class action settlement since the Court's January 14 denial of the initial preliminary approval motion. For example, in the first page of their memorandum of law in support of their June 25 preliminary approval motion, proposed class counsel disclosed that the parties had "work[ed] extensively with the Court-appointed Special Master" and that, "over the last six months, the Plaintiffs and the NFL Parties have benefited from [his] advice, wisdom and financial expertise." (Docket No. 6073-5 at 1.) Similarly, proposed class counsel titled one

section of their memorandum, "Denial Without Prejudice of Plaintiffs' Motion for Preliminary

Approval of Class Action Settlement, and *Review of Supporting Documentation by the Special*

*Master*" (*id.* at 11 (emphasis added))—but, once again, they did not include the "supporting

documentation" with their filing.  Further, they stated that  "[g]uided by the Court's [January 14]

Memorandum Opinion and the Special Master, the parties worked from January to June to

provide the Court with the assurance that 'all Retired NFL Football Players who ultimately

receive a Qualifying Diagnosis or their related claimants will be paid.'"  (*Id.* at 12.)  Indeed,

proposed class counsel even referenced "further analyses" that led to the elimination of the fund

cap.  (*Id.*)  And the Court, in its opinion granting preliminary approval, thanked the Special

Master for being "a critical source of advice and financial expertise for the parties and me."

(Docket No. 6083 at 3.)

        These references provide only a glimpse into the recent off-the-docket,

settlement-assessment activity in this case, as all of the following remains unclear:

- whether the parties in fact provided the Special Master with all of the documents that the Court, on January 14, ordered them to share with the Court through the Special Master;

- whether any or all of these documents have been provided to the Court itself;

- whether the parties have submitted any other documents to the Special Master;

- whether any or all of those documents have been provided to the Court itself;

- whether the parties have submitted any settlement-related documents directly to the Court, other than what they filed on the docket, for consideration in determining whether to approve a settlement; and

- whether the Special Master has provided the Court with any formal or informal report or recommendation as to settlement approval.

        This lack of transparency and the continued shielding of any implicated

documents from public view run counter to the long-standing tradition of openness in the courts:

"People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing."  *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572 (1980) (plurality).

## II.    ARGUMENT

### A.    The Court Should Make Publicly Available Any Documents Provided to the Special Master or to the Court Itself for Consideration in Determining Whether the Court Should Approve a Class Action Settlement.

As discussed in Bloomberg's initial briefing, the common law and First Amendment provide a general right of public access to judicial records and proceedings that may only be denied when the interests in secrecy are compelling enough to override the strong presumption of openness that attaches to such records.  (Docket No. 5766, Bloomberg Mem. in Supp. of Mot. for Access at 4-5.)  The Third Circuit has left no doubt that this public right of access applies to documents relating to settlements for which the parties seek court approval, stressing that "the court's approval of a settlement or action on a motion are matters which the public has a right to know about and evaluate" and that "the general interest in encouraging settlement" does not outweigh this need for access.  *Bank of Am.*, 800 F.2d at 344, 346.  Such access "assures that the courts are fairly run" and "promotes informed discussion of governmental affairs by providing the public with a more complete understanding of the judicial system and the public perception of fairness which can be achieved only by permitting full public view of the proceedings."  *Id.* at 345.  Indeed, these policy rationales "apply with even greater force" in the class action context, given that "many members of the 'public' are plaintiffs," but "lead attorneys have an unusual amount of control over information concerning the litigation."  *In re Cendant*, 260 F.3d at 193.

Crucially, the Third Circuit has made clear that neither the filing of a document on the docket nor the pendency of a formal motion is necessary for that document to warrant

"judicial record" status.  *See In re Cendant*, 260 F.3d at 193 (finding bids to be chosen as lead

class counsel, provided to court upon court order but not filed, to be "judicial records" and

explaining that, though not denominated as such, the bids were "essentially" motions to be

appointed lead counsel).  Therefore, the fact that none of the documents to which Bloomberg and

ESPN seek access were filed on the docket and the fact that some or all of them were submitted

to the Special Master and/or the Court when no motion for preliminary approval was pending are

not dispositive.  What matters is whether the documents have been "somehow incorporated or

integrated into a district court's adjudicatory proceedings."  *Id.* at 192.  That is the case with all

of the documents requested here, as Bloomberg and ESPN are only seeking access to those

documents that were provided to the Special Master and/or the Court for consideration in

determining whether Court approval of a settlement was appropriate.  In denying proposed class

counsel's initial preliminary approval motion, the Court directed the parties to submit the

settlement-related documents referenced in it—documents for which Bloomberg moved for

intervention and access on January 31, in a motion that ESPN moved for leave to join on April

7—"*[a]s a first step toward preliminary approval*."  (Docket No. 5657 at 12 (emphasis added).)

And Bloomberg and ESPN have filed this Amended Motion to seek access, as well, to *any other*

documents provided to the Special Master and/or the Court for consideration in determining

whether settlement approval by the Court was warranted.  Thus, all of the documents at issue, by

definition, relate to the fulfillment of the Court's adjudicatory, settlement-assessment

responsibility.

        Denying access based on the fact that some or all of the documents were

submitted to the Special Master and may not ever have been provided to the Court itself would

elevate form over substance, too.  The Court appointed the Special Master to assist the Court in

fulfilling *the Court's* adjudicatory responsibility to assess the fairness, reasonableness, and adequacy of any class action settlement, delegating to him "the financial analysis of any agreements reached by counsel to the parties"—a task that the Court otherwise would have had to perform on its own.  (Docket No. 5607 at 3.)  In other words, the Special Master, as permitted by Federal Rule of Civil Procedure 53, was acting as the Court's agent in his evaluation of any settlement-related documents or information.  He thus should be treated as "the Court" for access purposes, and the submission of a document to him should be accorded the same significance as would the submission of that same document directly to the Court.[2]  To find otherwise would mean that the delegation of adjudicatory functions—as often occurs in complex and high-profile cases this this one—would shroud the judicial process in secrecy.

Therefore, given that no interest sufficient to outweigh the strong presumption of access that attaches to judicial records has been identified, all of the documents to which Bloomberg and ESPN seek access should be made publicly available.  That the provision of those documents to the Special Master and/or the Court—and, presumably, the Special Master's and/or the Court's reaction to them—led to the uncapping of the Monetary Award Fund only adds to their significance and to the importance of making them public.

---

[2] Bloomberg and ESPN recognize that, for certain discrete categories of documents—most significantly, discovery motions and supporting materials—neither submission to a court nor to a special master generally transforms them into "judicial records" subject to a right of access.  *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1994) ("[T]here is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not, but no such right as to discovery motions and their supporting documents.").  Therefore, while a right of access attached here to any documents submitted to the Special Master as the Court's agent for assessing the appropriateness of settlement approval, it is likely that no right of access would attach to documents submitted to a special master as a court's agent for resolving discovery disputes.

**B.     The Court Should Clarify that the Parties May Publicly Discuss and Disseminate the Documents to Which Bloomberg and ESPN Seek Access.**

As discussed in Bloomberg's initial briefing, Proposed Co-Lead Class Counsel Mr. Seeger has maintained that the Court's July 8, 2013 order bars him from publicly discussing or disseminating the expert analyses supporting the initial settlement.  (Docket No. 5699 at 4.) That order states that the parties and their counsel must "refrain from publicly discussing the mediation process or disclosing any discussions they may have had as part of that process, without further order of the Court."  (Docket No. 5128.)  This language does not prohibit the discussion or dissemination of the expert analyses that the Court, on January 14, 2014, ordered to be shared with the Court through the Special Master—or, for that matter, the discussion or dissemination any other settlement-related documentation that the parties have provided to the Special Master or directly to the Court.  Bloomberg and ESPN respectfully request that the Court clarify that their interpretation of the order is correct.

**III.     CONCLUSION**

For all these reasons and all those discussed in their prior filings, which are incorporated herein as though fully set forth, Bloomberg and ESPN respectfully request (1) that the settlement-related documentation that the Court, on January 14, 2014, ordered the parties to share with the Court through the Special Master be made publicly available, (2) that any other documentation provided to the Court or the Special Master for consideration in determining whether the Court should approve a class action settlement be made publicly available, and (3) that the Court clarify that the parties are not restricted from discussing this documentation with or disclosing it to the general public.   Every day that passes, "the information denied to the press and the public grows increasingly stale," *United States v. Antar*, 38 F.3d  1348, 1362 (3d Cir. 1994), and the fundamental "value of 'openness' itself" is further threatened, *United States v.*

*Simone*, 14 F.3d 833, 842 (3d Cir. 1994) (internal quotation marks omitted).  The right is not just to access; it is to "contemporaneous" access.  *Republic of Phil. v. Westinghouse Elec. Corp.*, 949 F.2d 653, 664 (3d Cir. 1991).

<div style="margin-left:40%">

Respectfully submitted,

/s/ Eli Segal
Amy B. Ginensky (PA I.D. 22623)
Eli Segal (PA I.D. 205845)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

</div>

Dated: July 24, 2014

## <u>CERTIFICATE OF SERVICE</u>

I, Eli Segal, hereby certify that on this 24th day of July, 2014, a true and correct copy of the foregoing Bloomberg L.P. and ESPN, Inc.'s Amended Motion for Access to Documents and Information , along with the accompanying Memorandum of Law and Proposed Order, was served electronically upon all counsel of record via the Court's ECF filing system.

<u>/s/ Eli Segal</u>
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000