# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323-AB |
| | MDL No. 2323 |
| THIS DOCUMENT RELATES TO: | Hon. Anita B. Brody |
| *ROY GREEN et al. v. ARIZONA CARDINALS FOOTBALL CLUB, LLC, corporate successor of ST. LOUIS CARDINALS, INC., CASE NO: 1422-CC00005-01, IN THE CIRCUIT COURT OF ST. LOUIS CITY, STATE OF MISSOURI* | |

## REPLY IN FURTHER SUPPORT OF MOTION FOR RELIEF FROM THE STAY AND INJUNCTION AS IT APPLIES TO *GREEN v. ARIZONA CARDINALS FOOTBALL CLUB, LLC* (MDL DKT. NO. 6099)

Co-Lead Class Counsel opposes the Motion by Roy Green, John Thomas "J.T." Smith, Edward Scott, Jade Scott and Monica Smith (hereinafter referred to as "Green Plaintiffs" or "Movants") for Relief from the Stay and Injunction as it Applies to *Green v. Arizona Cardinals Football Club, LLC* (hereinafter, referred to as the "*Green* action") on the basis that the *Green* action *actually* threatens to derail the provisional class action settlement. (*See* Co-Lead Class Counsel's Opposition to Motion for Relief, Dkt. No. 6108). This is in spite of Counsel's admission that the *Green* action is unlike most others that make up MDL 2323. (*Id.* at p. 4, "Unlike most other states, Missouri has carved out an exception to the workers' compensation bar/exclusive remedy doctrine, which enables employees to sue their direct employers for occupational disease claims.") Co-Lead Class Counsel's contention fails under scrutiny.

This Court expressly relied on the "necessary in aid of jurisdiction" exception to the Anti-Injunction Act in granting the stay and injunction at issue. (Dkt. No. 6083) "Without the

requested stay and injunction," this Court reasoned, "the NFL Parties and other Released Parties remain exposed to countless suits in state court despite settlement of the federal claims that would seriously undermine the possibility for settling this large, multi-district class action." (*Id.*)(internal quotation omitted).

The Court's concern is a legitimate one, and, pursuant to 28 U.S.C. § 1651(a), the "All Writs Act," the Court is empowered to address its concern by staying all Related Cases[1] pending in federal court and by enjoining the filing of *any* new cases (in either state *or* federal court). The "Anti–Injunction Act," which limits the Court's authority under the All Writs Act, bars only the entry of an order staying proceedings *already pending* in State court. 28 U.S.C. § 2283. Thus, by entry of an order that complies squarely with the All Writs Act and the Anti-Injunction Act, the Court may, in fact, ensure that the NFL Parties *do not* "remain exposed to countless suits in state court … that would seriously undermine the possibility for settling this large, multi-district class action." By enjoining *Green* however, a pending state case that is admittedly unlike most others in MDL 2323, the Court has, unnecessarily, ventured beyond that which it can clearly do.

**A.      Co-Lead Class Counsel Misconstrues the "Necessary in Aid of Jurisdiction" Exception to the Anti-Injunction Act.**

As set forth in Movant's Motion (Dkt. No 6099), an injunction is considered "necessary in aid of jurisdiction" only in an action involving or determining the status of a thing ("in rem"), where the effect of an injunction is "to draw to the federal court the possession or control, actual or potential, of the res" so that a later-initiated state court with jurisdiction over the same res would not impair or defeat the jurisdiction of the federal court already attached. *Kline v. Burke Const. Co.*, 260 U.S. 226, 229, 43 S. Ct. 79, 81, 67 L. Ed. 226 (1922). The converse of the rule is equally true, so that where the jurisdiction of a state court first attached, "the federal court is

---

[1] "Related Cases" are defined in the Class Action Settlement Agreement as of June 25, 2014.

precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction." *Id.*

A controversy over the question of personal liability, however, "is not a thing." 260 U.S. at 230, 43 S. Ct. at 81. It "does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending." *Id.* Thus, parallel actions in personam pending in both state and federal court are generally "free to proceed in its own way and in its own time, without reference to the proceedings in the other court." *Id.*

Indeed, the Supreme Court declared it a rule that "where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded." *Id. See also Asiatic Petroleum Corp. v. Italia Societa Anonima Di Navigazione*, 119 F.2d 610, 613 (3d Cir. 1941)("It is also settled that the pendency of a suit in personam is not a bar to suits brought in other jurisdictions upon the same cause of action."). Contrary to Co-Lead Class Counsel's suggestion, a class action settlement, by virtue of that categorization alone, does not exempt it from this general rule. *In re Diet Drugs*, 282 F.3d 220, 236 (3d Cir. 2002).

Limiting the grant of an injunction to actions in rem fulfills the requisite that an order directed at a state court proceeding be *necessary* in aid of jurisdiction. It stands to reason that staying a "later-initiated state court proceedings *over the same res* in actions in rem" is *necessary* to prevent "the exercise by the state court of jurisdiction over the same res" thus defeating the jurisdiction of the federal court already attached. *In re Diet Drugs*, 282 F.3d 220, 234 (3d Cir. 2002)(internal quotations and citations omitted).

On the other hand, "in personam actions in federal and state court may proceed concurrently, without interference from either court and," as the Supreme Court observed, "there is no evidence that the ["necessary in aid of"] exception to § 2283 was intended to alter this balance." *Vendo Co. v. Lektro–Vend Corp.*, 433 U.S. 623, 642, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977) (plurality opinion). Nor is there any evidence that the Third Circuit or the Supreme Court intended to alter this balance. *See In re Diet Drugs*, 282 F.3d at 234 ("an order directed at a state court proceeding must be *necessary* in aid of jurisdiction—it is not enough that the requested injunction is related to that jurisdiction.")(emphasis in the original)(internal quotation omitted); *Atlantic Coast Line*, supra, 398 U.S. at 287 ("Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court."). Thus, contrary to the assertion by Co-Lead Class Counsel, courts <u>dot not</u> "liberally invoke the "necessary in aid of its jurisdiction" exception. (*See* Opposition at p. 6). And for good reason. Though "[t]he precise reasons for [the] longstanding public policy against federal court interference with state court proceedings [has] never been specifically identified[,] the primary sources of the policy are plain:"

> What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States. It should never be forgotten that this slogan, 'Our Federalism,' born in the early struggling days of our Union of States, occupies a highly important place in our Nation's history and its future.

*Younger v. Harris,* 401 U.S. 37, 44-45, 91 S. Ct. 746, 750-51, 27 L. Ed. 2d 669 (1971).

The Third Circuit has, however, despite the admonition from the Supreme Court that the statutory prohibition against injunctions "not to be whittled away by judicial improvisation," *Vendo Co.*, 433 U.S. at 631, 97 S. Ct. at 2887, crafted an extremely narrow application of the exception that, as shown, does not apply here. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 134 F.3d 133, 145 (3d Cir. 1998)("In *Carlough*, this Court fashioned a third, and narrow, application of the "necessary in aid of its jurisdiction" exception.").

In *Carlough v. Amchem Products, Inc.,* 10 F.3d 189 (3d Cir. 1993), the Third Circuit described an exception to the Anti-Injunction Act applicable only in the context of a complex class action MDL where a settlement is imminent; where the federal court has already expended considerable time and resources; and where the pending state action actually threatens to derail the provisional settlement. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 134 F.3d 133, 145 (3d Cir. 1998). The applicability of the *Carlough* exception requires an assessment of the character of the pending state court action sought to be enjoined, for "the level of interference with the federal action actually threatened by the state court proceeding" must be such that an injunction is *necessary* in aid of jurisdiction. *In re Diet Drugs*, 282 F.3d at 237. Indeed, an injunction, even when issued in conjunction with complex MDL class action settlement, "must be supported by [a] direct threat to the federal action." *Id.* Thus, contrary to co-lead class counsel's assertion, the fact that a settlement (here, an uncapped one) has been preliminarily approved does not render it a *res* for which an injunction has traditionally been allowed.

    **B.**    **The *Carlough* Exception.**

In *Carlough*, the plaintiffs (referred to as the "*Gore* plaintiffs") were absent class members in an class action brought pursuant to Rule 23(b)(3), in connection with an MDL, for

asbestos-related injuries. 10 F.3d at 193. Simultaneously, the *Gore* plaintiffs were also prosecuting a class action, filed *after* the federal class action complaint, on behalf of themselves and others similarly situated in a West Virginia Circuit Court against the exact same defendants named in the federal class action. *Id.*, at 194-95. The West Virginia class action sought a declaration that the impending *Carlough* settlement was unenforceable as to the *Gore* plaintiffs and that the *Gore* plaintiffs were authorized, on behalf of themselves and the West Virginia class, to "opt out" of the *Carlough* settlement. *Id.* at 195-96.

Understandably, the *Carlough* defendants sought an order from the federal district court enjoining the *Gore* plaintiffs, "their attorneys, agents and employees, and the class they purport to represent, from taking any steps in the further prosecution of their state claim or from pursuing similar 'duplicative' litigation in any other forum." *Id.* at 196. After a hearing on the motion, the district court found that the *Gore* action, which it described as a "preemptive attack" on the federal class action, posed a serious threat to its jurisdiction and issued a temporary restraining order which it later converted into a preliminary injunction. *Id.*

On appeal, the Third Circuit Court of Appeals reviewed the district court's findings and upheld the injunction. The Court reasoned that since a settlement in the federal class action was imminent, and since the *Gore* plaintiffs' attempt to effect a mass opt-out posed an actual threat to the federal class action settlement, a "preemptive strike," the traditional bar against injunctions in actions in personam should cede to the goal of preventing *actual threats* to the finalization of a complex, federal class action settlement. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 134 F.3d 133, 145 (3d Cir. 1998).

The *Gore* plaintiffs in *Carlough*, the Third Circuit reasoned, "were seeking not merely to litigate the same cause of action in state court, but rather to use the state action as a 'preemptive

strike' against the federal suit, attempting to have the state court declare what the federal court should and should not do with respect to the federal settlement." *Id.* at 145. Thus, while the Court broke with the traditional rule that in personam actions may proceed concurrently without interference, the facts of *Carlough* were such that an exception to the rule was justified. Under the "narrow circumstances" of *Carlough*, where plaintiffs attempted "to effectuate a 'mass opting out' " of an entire state of class members, "an injunction was appropriately within the district court's discretion." *Id.*

On the other hand, where a state proceeding does not attempt a mass opt-out or to dictate to the district court the scope and terms of a settlement, the *Carlough* exception does <u>not</u> apply. *See id.* In fact, the *Carlough* exception is applicable *only* when the state action *actually threatens* to derail the provisional settlement and, even then, plaintiffs must remain, individually, "at liberty to pursue litigation of their asbestos-related injury claims in the forum of their choice." 134 F.3d at 145; *Carlough*, 10 F.3d at 204.

Here, the *Carlough* circumstances simply do not exist. First, it cannot be said that the *Green* action is attempting to dictate to the district court the scope and terms of the preliminarily approved settlement. The *Green* action asks for nothing other than the monetary damages provided for under the law in Missouri which Co-Lead Class Counsel admits is unique to the *Green* action and few others. Second, the *Green* action is not a class action seeking to undermine or challenge the validity of the proposed federal settlement. The *Green* action is simply the joinder of individual claims against the players' *employer* for occupational injuries arising under Missouri common law, claims which are not asserted in MDL 2323 and claims for which there is no federal subject-matter jurisdiction. *See Green v. Arizona Cardinals Football Club LLC*, 4:14CV461 CDP, 2014 WL 1920468 (E.D. Mo. May 14, 2014) ("Mere reference to part of a

CBA is insufficient for preemption[.]"). Finally, the *Green* action is not attempting a mass opt-out. Thus, the *Green* action simply poses no threat. *Under no circumstance* will *Green* cause havoc in this Court.

In fact, rather than present a genuine threat to the federal class action settlement, *Green* is representative of the very kind of individual action, the maintenance of which *Carlough* considered to be an important factor in upholding the injunction against a "preemptive attack." In short, the concerns which animated the narrow application of the "necessary in aid of its jurisdiction" exception to the Anti–Injunction Act in *Carlough* do not exist here.

In addition to *Carlough*, Co-Lead Class Counsel also relies on *In re Diet Drugs Products Liability Litigation I,* 282 F.3d 220 (3d Cir.2002) ("*In re Diet Drugs*") as did the Court in its Memorandum (Doc. # 6083).[2] In *In re Diet Drugs*, the Third Circuit upheld an injunction that had been issued under the All Writs Act to stop the parties from litigating in state court. After the consolidation of various class action cases against diet drug manufacturers in the United States District Court for the Eastern District of Pennsylvania, the District Court issued an order conditionally certifying a class action and approving a settlement agreement that had been reached. *Id*. at 225. At the same time, however, one of the plaintiffs whose case had been transferred to the MDL filed a class action in Texas state court and sought an order opting-out all of the members of this new class from the Pennsylvania MDL settlement class. *Id*. at 225. In response, the District Court issued an order enjoining class-wide opt-outs and declaring the Texas court's opt-out order null and void. *Id.* at 228. The Third Circuit upheld the injunction and later analyzed its decision:

---

[2] Co-Lead Class Counsel also relies heavily on *In re Baldwin-United Corp.*, 770 F.2d 328 (2d Cir. 1985). (*See* Opposition at p. 7, 9-10).  However, it is wholly inapplicable. *In re Baldwin-United Corp.*  involved an injunction that issued *before* any suits were commenced in state court and thus, did not implicate the Anti-Injunction Act. *Id.* at 335.

In upholding the injunction, we were careful to explain the narrow circumstances under which such an order would be appropriate: "Without more, it may not be sufficient that prior resolution of a state court action will deprive a federal court of the opportunity to resolve the merits of a parallel action in federal court." *Id.* at 234. Rather, "[t]he traditional notion is that *in personam* actions in federal and state court may proceed concurrently, without interference from either court, and there is no evidence that the exception to § 2283 was intended to alter this balance." *Id.* (quoting *Vendo Co. v. Lektro–Vend Corp.,* 433 U.S. 623, 642, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977) (plurality opinion)) (internal quotation marks omitted).

*Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 329-30 (3d Cir. 2007).

The Court of Appeals also set forth the relevant factors that are to be considered when determining whether sufficient interference is actually threatened by a state court proceeding to justify an injunction otherwise prohibited by the Anti-Injunction Act. First, the court contemplating an injunction must "look to the nature of the federal action to determine what kinds of state court interference would sufficiently impair the federal proceeding." 282 F.3d at 234. Second, the court is to "assess the state court's action, in order to determine whether they present a sufficient threat to the federal action." *Id.* Finally, the court is to "consider principles of federalism and comity." *Id.*

In *In re Diet Drugs*, just as in *Carlough*, it is plain to see that the state court proceeding attempting a mass opt-out presents an actual threat to the federal class action settlement. *Id.* at 238 ("there is no doubt the motion requesting the Texas court to opt *Gonzalez* class members out of the *Brown* class was preemptive strike."). Just as easily, *In re Diet Drugs* satisfied the first factor, since it was an MDL representing the consolidation of over two thousand cases. Finally, since Texas residents retained the option to commence lawsuits, individually, in the forum of their choice, the injunction "did not so much interfere with the state court proceeding as prevent state court inference with the federal proceeding." *Id.* at 239. *Id.* at 203. Thus, the interest in

9

preserving federalism and comity with the state court was not significantly disturbed by the issuance of injunction.

The same, of course, cannot be said here. Whereas in *In re Diet Drugs* the District Court's order enjoined only the pursuit of the attempted mass opt out, the part of state case "that unquestionably interfered with the management" of the federal class action, *id.* at 238-39, the injunction here stays the *Green* case in toto. Movants are *not* free to continue prosecuting their individual action against their employer in state court. Thus, issues of federalism and comity cannot be so easily dismissed.

Moreover, unlike in *In re Diet Drugs* (and in *Carlough*), the *Green* case is *not* attempting a mass opt-out nor does it challenge the propriety of any order entered by this Court. Rather, Movants simply seek to obtain the monetary relief provided them under the laws of the State of Missouri. Movants are unable to conceive of *any* order that could issue from *Green* that would pose a serious threat to the federal class action settlement, and Co-Lead Class Counsel has utterly failed to provide even a single example or scenario in which the *Green* case *actually* threatens to derail the provisional settlement.[3, 4] The failure to identify an actual threat posed by *Green* is decisive.

## C.    The Cases Relied Upon by Co-Lead Class Counsel are Inapposite.

Co-Lead Class Counsel cites *In re Baldwin-United Corp.*, 770 F.2d 328, 333 (2d Cir. 1985) at page 7 of its Opposition for the proposition that a class action settlement is considered a *res* for purposes of the Anti-Injunction Act, but omits to disclose that the case involved an

---

[3] It should also be noted that the *Green* case was filed on December 31, 2013, whereas the class action complaint was filed six days later on January 6, 2014. *Turner v. Nat'l Football League*, Civ. A. No. 2:14-cv-29-AB, Dkt. No. 1 ¶¶ 1, 16 (E.D. Pa. Jan. 6, 2014).

[4] That counsel for the *Green* Plaintiffs has ensured that this Court is aware of the goings on in the Federal District Court for Eastern District of Missouri on behalf of plaintiffs in other actions can hardly be considered an actual threat to this Court's jurisdiction. (*See* Dkt. No. 6108, p. 9).

injunction that issued before any suits were commenced in state court and thus, did not involve the Anti-Injunction Act. *Id.* at 335.  Counsel cites *Battle v. Liberty Nat. Life Ins. Co.*, 877 F.2d 877 (11th Cir. 1989), for the same proposition, but omits to disclose that *Battle* enjoined "class actions which on their face challenge[d] the propriety of the" district court's judgment. *Id.* at 881.

Likewise, *In re Prudential Ins. Co. of Am.*, 261 F.3d 355 (3d Cir. 2001) is equally unavailing. There, the District Court enjoined settlement class members from pursuing *new* claims that were based in whole or part on already settled and released claims. *Id.* It was a "straightforward injunction" mirroring "the familiar rules of claim and issue preclusion that are often applied by courts." *In re Diet Drugs*, 369 F.3d at 305-06. In *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196 (7th Cir. 1996), another case relied upon by Co-Lead Class Counsel, the Seventh Circuit upheld a "narrowly crafted" injunction that prohibited plaintiffs from resorting to a state court for the specific purpose of evading the district court's ruling prohibiting anyone seeking the terms of a settlement agreement. The facts of *Winkler* are clearly inapposite. Finally, *In re Corrugated Container Antitrust Litig.*, 659 F.2d 1332 (5th Cir. 1981), the last of the series of cases relied upon by Co-Lead Class Counsel, consisted of a "duplicative and harassing" class action lawsuit specifically aimed at challenging the propriety of the class action settlement. The same, of course, cannot be said of *Green.*

### D.     Conclusion

For all the reasons stated herein and in Dkt. No. 6099, Movants respectfully request that this Court quash the stay and injunction insofar as it applies to *Green v. Arizona Cardinals Football Club, LLC*, Case No. 1422-CC00005-01, in the Circuit Court of the City of St. Louis, State of Missouri.

Dated: July 30, 2014                    Respectfully Submitted,

                                        THE KLAMANN LAW FIRM, P.A.

                                        /s/ Andrew Schermerhorn
                                        John M. Klamann, MO          #29335
                                        Andrew Schermerhorn, MO      #62101
                                        Paul D. Anderson, MO         #65354
                                        929 Walnut Street, Suite 800
                                        Kansas City, MO 64106
                                        Telephone: (816) 421-2626
                                        Facsimile: (816) 421-8686
                                        jklamann@klamannlaw.com
                                        aschermerhorn@klamannlaw.com
                                        panderson@klamannlaw.com

                                        HUMPHREY, FARRINGTON & McCLAIN, P.C.
                                        Kenneth B. McClain, MO       #32430
                                        Lauren E. McClain, MO        #65016
                                        Timothy J. Kingsbury, MO     #64958
                                        221 West Lexington, Suite 400
                                        Independence, MO 64051
                                        Telephone: (816) 836-5050
                                        Facsimile: (816) 836-8966
                                        kbm@hfmlegal.com
                                        lem@hfmlegal.com
                                        tjk@hfmlegal.com

                                        THE POPHAM LAW FIRM, P.C.
                                        Wm. Dirk Vandever, MO        #24463
                                        712 Broadway, Suite 100
                                        Kansas City, MO 64105
                                        Telephone: (816) 221-2288
                                        Facsimile: (816) 221-3999
                                        dvandever@pophamlaw.com

                                        **ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 30, 2014, I caused the foregoing Motion to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

/s/ *Andrew Schermerhorn*
Andrew Schermerhorn, MO

13