IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323 (AB)<br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

### MOTION OF TWENTY-FOUR PLAINTIFFS TO GAIN ACCESS TO MEDICAL, ACTUARIAL, AND ECONOMIC INFORMATION USED TO SUPPORT THE SETTLEMENT PROPOSAL

For the reasons set forth in the accompanying Memorandum of Law, counsel respectfully requests that the medical, actuarial, and economic information that has been used to support the proposed settlement (the "Supporting Settlement Information") be made available to counsel of record at least sixty (60) days prior to the deadline for opting out or objecting to the settlement.

Respectfully submitted,

s/ Dwight P. Bostwick
Dwight P. Bostwick
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1800
Washington, DC 20036
Tel:  (202) 778-1800
Fax:  (202) 822-8106
E-mail:  dbostwick@zuckerman.com

*Attorney for Plaintiffs*

Dated:  July 31, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323 (AB)<br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF TWENTY-FOUR PLAINTIFFS TO GAIN ACCESS TO MEDICAL, ACTUARIAL AND ECONOMIC INFORMATION USED TO SUPPORT THE SETTLEMENT PROPOSAL

Twenty-four (24) former NFL players and spouses who are Plaintiffs in this litigation bring this motion through their counsel of record to obtain immediate access to the medical, actuarial, and economic information that has been used to support the proposed settlement (the "Supporting Settlement Information").  The Court, the Court's appointed mediator and proposed class counsel have repeatedly referred to the Supporting Settlement Information as the foundation for their assessment that the settlement proposal is fair, reasonable and adequate.  Yet, the lawyers with front line responsibility for advising the individual Plaintiffs in this lawsuit as to whether to join, opt out or object to the proposed settlement still do not have access to this information.  Counsel of record, and all counsel similarly situated, need such access to fulfill the ethical and legal obligations they owe to their individual clients.  Failure to provide timely access to the Supporting Settlement Information would put the settlement in jeopardy under Third Circuit law.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Zuckerman Spaeder law firm is counsel of record to twenty-four Plaintiffs in this lawsuit.[1]

Beginning in July 2011, the first retired players began filing concussion related lawsuits against the National Football League and related parties. These individual former NFL players engaged counsel of their choice to advise and represent them. While the Court appointed proposed class counsel for purposes of mediation, most individual Plaintiffs, like those represented in this motion, continue to look to the lawyers they engaged at the outset of this litigation to provide knowledgeable, objective advice with respect to the proposed settlement.

On January 6, 2014, proposed class counsel filed a motion for preliminary approval of the first proposed class action settlement. ECF No. 5634. On January 14, 2014, the Court denied this motion without prejudice. ECF No. 5658. The reason: the Plaintiffs failed to provide the Court with access to reports from economists and other experts who had conducted medical, actuarial, and economic analyses relating to the funding of future settlement benefits and "projected incident rates" for former NFL players who might be diagnosed with qualifying conditions over the next sixty five years. ECF No. 5657 at 11-12. The Court held that it was not in a position to assess the fairness, reasonableness or adequacy of the settlement proposal without the Supporting Settlement Information. *Id*. at 12. The Court's order concluded: "As a first step toward preliminary approval, I will order the parties to share the documentation referred to in their submissions with the Court through the Special Master." *Id*. The Court's

---

[1]    Zuckerman Spaeder LLP represents Aloyouis Chesley, Delbert Cowsette, James "Scottie" Graham, Frank Grant, Aaron Martin and his wife, Lois Martin, Spain Musgrove, Lonnie Perrin, Ricky Ray, Virgil Seay, John Stufflebeem and his wife, Nan Elizabeth Stufflebeem, Ted Vactor and his wife, Stacey Vactor, Michael Wilcher, Michael Early, James C. Wilson and his wife, Carmen Wilson, Jimmie H. Jones, Charley Taylor, Dustin Fox, Herbert Mul-key and his wife, Patricia Ann Terry, and Dr. Kurt Pierce.

order did not provide for the dissemination of the Supporting Settlement Information to counsel of record representing individual Plaintiffs.

On January 23, 2014, attorneys from the law firm of Corboy & Demetrio, P.C., filed a Motion to Permit the Dissemination to Counsel of Record of All Data Utilized by Co-Lead Counsel to Reach the Proposed Settlement. ECF No. Docket 5686.[2] The NFL Defendants filed no opposition or response to this motion; proposed class counsel did. ECF No. 5699. In its January 28, 2014 response, Co-Lead Class Counsel "defer[red] to this Court's discretion as to whether, and when, the medical, actuarial, and economic experts that were consulted to develop an appropriate settlement framework should have their supporting materials disclosed to putative class members." *Id.* at 1. In their responsive pleading, Co-Lead Class Counsel recommended that the Court provide access to the Supporting Settlement Information in a "stepped" or staged process consistent with Third Circuit law. *Id.* at 2. They wrote:

> [W]ithin the continuum of the class action approval process [the Supporting Settlement Information] should be made available to counsel, as well as PSC Members who have not been privy to the supporting data and economic models. Indeed, the supporting materials to be presented to the Special Master are traditionally made available to interested parties after preliminary approval is granted. *See, e.g.*, *Mehling v. New York Life Insurance Co.*, 246 F.R.D. 467, 472 (E.D. Pa. 2007) . . . . The information requested by the Court to be provided to the Special Master is expected to be provided to absent class members to permit them a basis and sufficient time to inform their decision as to how best to evaluate the settlement, but only upon this Court's direction.

*Id.* at 4.

Citing *Greenfield v. Villager Industries, Inc.*, 483 F.2d 824, 834, 836 (3d Cir. 1973), Co-Lead Class Counsel then noted that, since 1973, courts in the Third Circuit have presumptively

---

[2] On July 29, 2014, the Court denied this motion as moot in light of the filing of a second motion on July 29, 2014 by the same law firm requesting the dissemination of this same data so the issue remains outstanding. ECF No. 6104.

set a sixty (60) day opt-out period after preliminary approval as the minimum time that is sufficient to allow absent class members an opportunity to reflect upon and consider a class action settlement.  ECF No. 5699 at 5.  Significantly, Co-Lead Class Counsel took the position that "Then [after preliminary approval], without doubt, the [Supporting Settlement Information] can and should be made available to absent class members, as such access is traditionally allowed in between the time of preliminary approval and the final fairness hearing." *Id.*  The NFL Defendants did not oppose this recommendation.

On June 25, 2014, after proposed class counsel and counsel for the NFL defendants provided Supporting Settlement Information to the Court-appointed mediator that was reviewed and debated over a period of months by the mediator and those negotiating the settlement, proposed class counsel filed a second motion for preliminary approval of a revised proposed settlement.  ECF No. 6073.  Exhibit D to that motion included a declaration of the mediator, former Judge Layn R. Phillips.  ECF No. 6073-4.  This declaration highlighted the importance of the Supporting Settlement Information to the framework of the settlement and to the mediator's ultimate assessment that the proposed settlement was fair, reasonable and adequate. *Id.* at 4.  In particular, the mediator declared that counsel for both the Plaintiffs and the NFL Defendants had retained medical, actuarial, and economic experts to assist the parties and the mediator "in modeling the likely disease incidence and adequacy of the funding provisions and benefit levels contained in the proposed settlement." *Id.*

On July 7, 2014, the Court granted preliminary approval of the proposed settlement under Fed. R. Civ. P. 23(e).  ECF No. 6083.  In doing so, the Court relied on the mediation process, including the Supporting Settlement Information called for by the Court's January 14, 2014

order. The Court subsequently approved a class notice that, in part, sets forth the following schedule of important dates:

- Exclusion (Opt Out) Deadline        October 14, 2014
- Objection Deadline                  October 14, 2014
- Fairness Hearing                    November 19, 2014

**ARGUMENT**

I. **THE FORMER NFL PLAYERS AND THEIR COUNSEL NEED IMMEDIATE ACCESS TO THE SUPPORTING SETTLEMENT INFORMATION TO MAKE INFORMED DECISIONS ABOUT JOINING, OPTING OUT, OR OBJECTING TO THE PROPOSED SETTLEMENT.**

As of this date, neither counsel of record, nor any counsel similarly situated in this MDL litigation, have access to critical information needed to independently assess the proposed settlement and advise their clients whether to join, opt out or object. The importance of this information is not subject to reasonable debate. The Court, the mediator and proposed class counsel have all repeatedly referred to this information as the foundation of the settlement proposal and as an essential first step in assessing the settlement's fairness, reasonableness and adequacy. That this information is currently off limits to the lawyers charged with advising their clients as to the fairness, reasonableness and adequacy of the settlement, and whether their clients should opt in, object or join the settlement, defies logic and the law of the Third Circuit.

The decision whether to join, opt out or object to the settlement is a monumental and permanent decision. Each individual former NFL Plaintiff is being asked to release any and all claims against the NFL Defendants for concussion-related problems that currently exist or may develop over the course of their lifetime. Each former player is being asked to sign on to a settlement that will only compensate them for having one of five qualifying diagnoses. The

6

qualifying diagnoses largely, if not completely, exclude what many understand to be the most common of all potential concussion related diagnoses – CTE.[3]

In this context, all individual Plaintiffs need information about the likely incidence that former NFL players like themselves will suffer from qualifying diseases and whether the benefit levels contained in the proposed settlement were arrived at in a fair and balanced manner from a medical, actuarial and economic perspective.  According to the Court, the mediator and proposed class counsel this is *precisely* the type of information that the experts have already prepared.  It is *precisely* this information that was provided to the Court through the mediator.  It is *precisely* this information that was used as the foundation of the settlement proposal.  And, it is *precisely* this information that the Court and the mediator have used to justify the fairness, reasonableness and adequacy of the settlement. Plaintiffs and their counsel of record are entitled to review this information themselves before being asked to make decisions on joining, opting out or objecting. As merely one example, it matters to players with current symptoms of CTE who are not eligible to receive benefits whether the experts project that 5% or 55% of former NFL players are expected to develop qualifying conditions over the next 65 years.

The importance of the Supporting Settlement Information is magnified in this case because the proposed settlement was negotiated with no discovery being taken at all – zero.  Settling a mass tort on a class-wide basis without undertaking any adversarial discovery is very unusual.  To protect the integrity of the settlement process, it is extremely important to provide the individual Plaintiffs and their counsel with every opportunity to carefully and thoughtfully review any and all information that does exist in support of the settlement.  Without the benefit of any discovery at all, it is essential to provide attorneys of record with meaningful information

---

[3] CTE's related symptoms include aggression, agitation, impulsivity, depression, suicidality, impaired attention or concentration, memory problems, executive dysfunction, dementia and language impairment.

that does exist, that was exchanged, that did form the foundation of the settlement, and that is being used to justify the settlement.

## II. OBTAINING THE SUPPLEMENTAL SETTLEMENT INFORMATION AFTER THE DEADLINES FOR OPTING OUT OR OBJECTING IS TOO LATE.

It is reported that proposed class counsel plans to provide a summary of the Supplemental Settlement Information at the hearing on final approval scheduled for November 19, 2014.[4] This is too little, too late.

Players need to have the Supporting Settlement Information well in advance of the October 14, 2014 deadline to make informed decisions about whether to opt out or object. It is not sufficient to provide unchallenged summary testimony *after* these deadlines have passed. Co-Lead Class Counsel acknowledged this very fact in their January 28, 2014 filing by

---

[4] For example, in a June 25, 2014, conference call scheduled to explain the proposed settlement process to members of the media for dissemination to the public, Christopher Seeger, Co-Lead Class Counsel, responded, in part, to a question about whether actuarial and economic data would be made public:

> **Seeger**: Ok, I don't want to answer this confusingly. That's a fair way to clarify this. You know at the time we have the final approval hearing, we're going to be putting on evidence and we're going to be putting up actuaries and economists to testify as to those numbers. And we're going to file a report and the report will have some of that information. I thought that the question I was asked was more open ended about am I going to release data about the actuarial numbers, and I wouldn't know where to begin with that because I've been living with this case for so long. So I was saying, if there's something people want, they can ask the judge for any of it and the issue of whether it's released will be the judge's call. We are in the context of what we're doing, Steve, we are going to be issuing a report from actuaries and economists, we are going to put them on the stand at the final approval, and some of the things that we touch on are exactly those points. How many players we expect to develop injuries over a certain period of time. So we are, Plaintiffs are going to make a lot of the information public, but the question was so open ended, I think I probably missed the mark on that. So, I get you now and that's my answer.

recommending that the Supporting Settlement Information be made available to counsel of record after preliminary approval and *before* the final fairness hearing.  They wrote:

> The information requested by the Court to be provided to the Special Master *is expected to be provided to absent class members to permit them a basis and sufficient time to inform their decision as to how to best evaluate the settlement*, but only upon this Court's direction.

ECF No. 5699 at 4 (emphasis added).

> *Then [after preliminary approval], without doubt, the [Supporting Settlement Information] can and should be made available to absent class members, as such access is traditionally allowed in between the time of preliminary approval and the final fairness hearing.*

*Id.* at 5 (emphasis added).

Counsel of record should have at least sixty (60) days to review the Supporting Settlement Information *before* the October 14, 2014 deadline to opt out or object.  Therefore, this information should be provided to counsel of record on or before August 14, 2014, to permit meaningful review by the attorneys and clients before they are forced to decide whether to opt out and whether and on what grounds to object.

If it is impractical to provide this information before August 14, 2014, then the final deadlines should be moved rather than proceeding with a tainted settlement process.

### III. WHETHER TO PROVIDE THE SUPPORTING SETTLEMENT INFORMATION TO THE MEDIA IS A SEPARATE ISSUE.

On January 31, 2014, Bloomberg L.P. filed a motion seeking access to the Supporting Settlement Information.  ECF No. 5766.  Bloomberg and ESPN, Inc. subsequently filed an amended motion for access to this same information.  ECF No. 6101.  These motions raise a related but separate issue.

Without minimizing the issues presented by Bloomberg and ESPN or their arguments that they are also entitled to the Supporting Settlement Information, the ability of counsel of record and the Plaintiffs in this action to receive and review this information in a timely manner that permits them to make informed choices about whether to join, opt out or object is an issue of paramount and immediate importance. It is possible to provide Plaintiffs and their counsel with access to this information with or without providing the same information to Bloomberg and ESPN at the same time. It is also possible to provide this information under a protective order.

## CONCLUSION

WHEREFORE, counsel respectfully requests that the medical, actuarial and economic information that has been used to support the Supporting Settlement Information be made available to counsel of record at least sixty (60) days prior to the deadline for opting out or objecting to the settlement.

s/ Dwight P. Bostwick
Dwight P. Bostwick
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1800
Washington, DC 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
E-mail: dbostwick@zuckerman.com

*Attorney for Plaintiffs*

Dated: July 31, 2014

**CERTIFICATE OF SERVICE**

I, Dwight P. Bostwick, hereby certify that on this 31st day of July, 2014, a true and correct copy of the foregoing Motion of Twenty-four Plaintiffs to Gain Access to Medical, Actuarial, and Economic Information Used to Support the Settlement and Accompanying Memorandum of Law in Support, along with a Proposed Order, was served electronically upon all counsel of record via the Court's ECF filing system.

/s/ Dwight P. Bostwick