# EXHIBIT A

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| ROY GREEN, et al<br><br>and<br><br>       Plaintiffs,<br><br>v.<br><br>ARIZONA CARDINALS<br>FOOTBALL CLUB, LLC corporate successor of<br>ST. LOUIS FOOTBALL<br>CARDINALS, INC.<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1422-CC00005-01<br>)<br>)  Division 1<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S FIRST INTERROGATORIES
## DIRECTED TO DEFENDANT ARIZONA CARDINALS

COME NOW Plaintiff and pursuant to the Missouri Rules of Civil Procedure, Rule 57.01, propounds the following First Interrogatories to Defendant Arizona Cardinals, Football Club, LCC corporate successor of St. Louis Football Cardinals, Inc (hereinafter "Cardinals"), to be answered in writing, under oath, within the time provided by the Missouri Rules of Civil Procedure.

### INSTRUCTIONS

1.  If any Request is objected to on grounds of overbreadth, specifically state the manner in which you contend it is overly broad and respond to the Request as narrowed to conform to your objection.

2.  Each request shall be deemed continuing, so as to require supplemental or mandatory responses should you obtain additional responsive information subsequent to your initial responses.

### DEFINITIONS

1.  The terms "ANY and "ALL" as used herein shall mean any and all.

2.  The term "COMMUNICATIONS" as used herein shall mean ANY DOCUMENT, oral statement, meeting, or conference, formal or informal, at ANY time or place, and under ANY

circumstances whatsoever, whereby information of ANY nature was stated, written, recorded, or in ANY manner transmitted.

3. The terms "DOCUMENT" and "DOCUMENTS" as used herein shall mean ANY kind of written, recorded or graphic material, however produced or reproduced, of ANY kind or description, whether sent or received, including originals, non-identical copies (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise), and drafts and both sides thereof, and including, but not limited to: (1) papers; (2) books; (3) letters; (4) correspondence; (5) memoranda; (6) notes; (7) notations; (8) work papers; (9) transcripts; (10) meeting minutes; (11) reports and recordings or telephone or other conversations, or other interviews, or of conferences or other meetings; (12) affidavits; (13) statements; (14) summaries; (15) opinions; (16) reports; (17) studies; (18) analyses; (19) evaluations; (20) contracts; (21) agreements; (22) ledgers; (23) journals; (24) desk calendars; (25) electronic calendars; (26) appointment books; (27) electronic "tasks" and "to-do lists"; (28) earn-out and revenue projections and reports thereof; (29) photographs; (30) charts; (31) financial statements and reports thereof; (32) emails and all records kept by electronic, photographic, or mechanical means; and (33) things similar to ANY of the foregoing, however denominated. The terms "DOCUMENT" and "DOCUMENTS" as used herein shall mean ANY DOCUMENT, as defined herein, in YOUR possession and/ or control and/or readily obtainable by YOU.

4. The terms "RELATE," "RELATED," "RELATING TO," or "CONSISTING OF" as used herein shall mean comprising, explicitly or implicitly, referring to, reviewed in conjunction with, mentioning, discussing, generated as a result of or in connection with, analyzing, describing, evidencing, pertaining to, having some connection with or relevance to, or concerning, the subject of the request.

5. The terms "PERSON" and "PERSONS" as used herein shall mean and include natural persons, governmental entities and agencies, proprietorships, partnerships, corporations and all other forms of organization or association.

6. The terms "YOU" and "YOUR" and "CARDINALS" and "DEFENDANT" means Defendant Arizona Cardinals, Football Club, LCC, the St. Louis "Football" Cardinals, the Chicago Cardinals, and the Racine Cardinals (hereinafter "Cardinals") and each of its respective agents, employees, officers, directors, representatives, successors, assigns, and anyone acting on behalf of the foregoing.

7. The terms "IDENTITY" and "IDENTIFY" (a) when used in connection with a natural person, means to state his or her full name, job title, current place of employment, last known business and home addresses, and last known business and home telephone numbers; (b) when used in connection with a PERSON other than a natural one, means to state the PERSON's full name, the place of incorporation or formation or association, the address of the principal place of business, and the identity of a least one natural person having knowledge of the matter with respect to which the PERSON is named in an interrogatory answer; and (c) when used in connection with a DOCUMENT, means either to state the Bates number of the DOCUMENT if

2

it has been produced in this action, or, if it has not been produced in this action, to state the nature and substance of the DOCUMENT with sufficient particularity to enable the DOCUMENT to be identified, including the title, author(s), recipient(s), type (e.g. letter, memorandum, email, chart, etc.), dates if ANY, and the location of the DOCUMENT.

8.  The term "NFL" as used herein shall mean the NATIONAL FOOTBALL LEAGUE and its respective agents, employees, officers, directors, representatives, successors, assigns, and anyone acting on behalf of the foregoing as well as the Cardinals and its respective agents, employees, officers, directors, representatives, successors, assigns, and anyone acting on its behalf.

9.  The singular shall be deemed to include the plural and vice-versa so as to bring within the scope of this request all DOCUMENTS which might otherwise be construed to be outside its scope.

10. The term "CONCUSSION" as used herein shall mean any and all brain injuries, neurocognitive diseases, dementia, post-concussion syndrome, and, but not limited to, Chronic Traumatic Encephalopathy and its variations, such as punch-drunk syndrome and dementia pugilistica.

11. The term "PLAINTIFFS" as used herein shall mean Roy Green, John Thomas "J.T." Smith, Edward Scott, Monica Smith and Jade Scott.

## INTERROGATORIES

1.  Are you sued in this case in your correct corporate name? If not, please state your full and proper corporate name.

    **ANSWER**:

2.  IDENTIFY YOUR predecessor(s), subsidiary(ies), affiliate(s), and parent company(ies) from 1920 to the present.

    **ANSWER**:

3.  IDENTIFY ALL insurance carriers who YOU contend provide any insurance coverage, of whatever kind or nature, applicable, directly or indirectly, to PLAINTIFFS' claims.

    a.  IDENTIFY the carrier providing the policy(ies) of insurance;

    b.  IDENTIFY ANY agents or brokers involved in the sale, re-sale or maintenance of such policies;

    c.  State the policy limits for each policy, individual and aggregate;

    d.  State whether the policy was primary, excess or other;

    e.  Attach a copy of the current declaration of coverage page(s) for each such policy.

    **ANSWER**:

3

4.  Please state your current net worth.

   **ANSWER**:

5.  Set forth in detail the business structure of the DEFENDANT and YOUR affiliates, including the identity of any corporation, organization or entity which has a financial interest, controlling interest or ownership interest in the DEFENDANT, and also including the business address of all offices which are owned, managed or used by any company having a financial interest in the DEFENDANT. Additionally, please note whether the DEFENDANT is a wholly owned subsidiary or partially owned subsidiary of another entity.

   **ANSWER**:

6.  IDENTIFY each and every PERSON whom YOU believe to be a witness to any fact alleged in the Petition filed herein or to any fact which YOU intend to prove in his matter. For each such witness, IDENTIFY each fact witnessed by that individual.

   **ANSWER**:

7.  IDENTIFY the date that Plaintiff Roy Green was first employed by DEFENDANT and the date on which his employment was terminated/ended.

   **ANSWER**:

8.  IDENTIFY the date that Plaintiff John Thomas Smith was first employed by DEFENDANT and the date on which his employment was terminated/ended.

   **ANSWER**:

9.  IDENTIFY the date that Plaintiff Edward Scott was first employed by DEFENDANT and the date on which his employment was terminated/ended.

   **ANSWER**:

10. IDENTIFY ALL PERSONS who coached and/or who were responsible for coaching Plaintiff Roy Green during his employment with DEFENDANT. As for each PERSON identified, IDENTIFY the dates during which each PERSON coached and/or was responsible for coaching Plaintiff Roy Green.

   **ANSWER**:

11. IDENTIFY ALL PERSONS who coached and/or who were responsible for coaching Plaintiff John Thomas Smith during his employment with DEFENDANT. As for each PERSON identified, IDENTIFY the dates during which each PERSON coached and/or was responsible for coaching Plaintiff John Thomas Smith.

   **ANSWER**:

12. IDENTIFY ALL PERSONS who coached and/or who were responsible for coaching Plaintiff Edward Scott during his employment with DEFENDANT. As for each PERSON

4

identified, IDENTIFY the dates during which each PERSON coached and/or was responsible for coaching Plaintiff Edward Scott.

**ANSWER**:

13.     IDENTIFY ALL PERSONS who provided medical care and/or who were responsible for providing medical care to Plaintiff Roy Green during his employment with DEFENDANT. As for each PERSON identified, IDENTIFY the dates during which each PERSON provided and/or was responsible for providing medical care to Plaintiff Roy Green. For purposes of this Interrogatory, "medical care" is defined as the diagnosis, treatment, and prevention of disease, illness, injury, and other physical and mental impairments.

**ANSWER**:

14.     IDENTIFY ALL PERSONS who provided medical care and/or who were responsible for providing medical care to Plaintiff John Thomas Smith during his employment with DEFENDANT. As for each PERSON identified, IDENTIFY the dates during which each PERSON provided and/or was responsible for providing medical care to Plaintiff John Thomas Smith. For purposes of this Interrogatory, "medical care" is defined as the diagnosis, treatment, and prevention of disease, illness, injury, and other physical and mental impairments.

**ANSWER**:

15.     IDENTIFY ALL PERSONS who provided medical care and/or who were responsible for providing medical care to Plaintiff Edward Scott during his employment with DEFENDANT. As for each PERSON identified, IDENTIFY the dates during which each PERSON provided and/or was responsible for providing medical care to Plaintiff Edward Scott. For purposes of this Interrogatory, "medical care" is defined as the diagnosis, treatment, and prevention of disease, illness, injury, and other physical and mental impairments.

**ANSWER**:

16.     IDENTIFY ALL PERSONS who researched and/or who were responsible for researching workplace hazards, including without limitation the hazards of CONCUSSION and/or AstroTurf, prior to 1988. As for each PERSON identified, also IDENTIFY the dates during which each PERSON researched and/or was responsible for researching workplace hazards and describe ANY findings RELATING TO CONCUSSION and/or AstroTurf.

**ANSWER**:

17.     IDENTIFY ALL football-related, sports-related, and/or medical-related organizations, societies and/or associations of which YOU were a member during the period prior 1988. For each organization, society and/or association, IDENTIFY each PERSON employed by YOU who was a member of, attended and/or participated in ANY meetings, conferences, committees, assemblies, symposiums, and/or sessions.

**ANSWER**:

18.     IDENTIFY ALL written and/or recorded statement(s) of PLAINTIFF(s) which RELATE TO ANY allegation(s) in the Petition.

5

**ANSWER:**

19. IDENTIFY the full name, address, telephone number and the position of the PERSON(s) who answered or provided information used in answering these interrogatories.

**ANSWER:**

20. IDENTIFY each and every CARDINALS football player, prior to 1988, including his name, position played, current or last known address and telephone number.

**ANSWER:**

21. IDENTIFY each and every former CARDINALS football player, including his name, position played, last known address and telephone number whom you know was diagnosed with any neurological disorder, including post-concussion syndrome, dementia, Alzheimer's, ALS, or Chronic Traumatic Encephalopathy.

**ANSWER:**

22. IDENTIFY each and every former CARDINALS football player, including his name, position played, last known address and telephone number who has filed a workers' compensation claim or lawsuit against YOU RELATING TO CONCUSSION.

**ANSWER:**

23. IDENTIFY the date on which YOU or ANY of YOUR insurers first made a payment for any workers' compensation, grievance, disability benefit and/or lawsuit RELATING TO CONCUSSION. For purposes of this Interrogatory, "payment" is defined as any award, settlement, compromise and release, medical or monetary sum provided in exchange for a release of any of the aforementioned claims.

**ANSWER:**

THE KLAMANN LAW FIRM, P.A.

Andrew Schermerhorn, MO #62101
John M. Klamann, MO # 29335
Paul D. Anderson, MO #65354
929 Walnut Street, Suite 800
Kansas City, MO 64106
Telephone: (816) 421-2626
Facsimile: (816) 421-8686
jklamann@klamannlaw.com
panderson@klamannlaw.com

THE POPHAM LAW FIRM, P.C.

Wm. Dirk Vandever, MO #24463
712 Broadway, Suite 100
Kansas City, MO 64105
Telephone: (816) 221-2288
Facsimile: (816) 221-3999
dvandever@pophamlaw.com

HUMPHREY, FARRINGTON & McCLAIN, P.C.
Kenneth B. McClain
221 West Lexington, Suite 400
Independence, MO 64051
Telephone: (816) 836-5050
Fax: (816) 836-8966
kbm@hfmlegal.com

## CERTIFICATE OF SERVICE

A true and accurate copy of the above and foregoing was e-mailed and mailed, via regular U.S. Mail, this 3rd day of June, 2014 to:

Jeffrey D. Sigmund
Omri E. Praiss
HUSCH BLACKWELL LLP
The Plaza in Clayton, 190 Carondelet Plaza, Suite 600
Saint Louis, MO 63105
Jeffrey.sigmund@huschblackwell.com
Omri.praiss@huschblackwell.com
Telephone: (314) 480-1500

Brad S. Karp
Bruce Birenboim
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
bkarp@paulweiss.com
bbirenboim@paulweiss.com
Telephone: (212) 373-300

***ATTORNEYS FOR DEFENDANT***

ATTORNEYS FOR PLAINTIFF

## DEFENDANT'S SWORN SIGNATURE

STATE OF _____ )
                        )
COUNTY OF _____ )

The undersigned, being duly sworn on oath states that he/she is a representative of the defendant, is authorized to provide the answers for this defendant, and that the answers given are true to the best of affiant's knowledge and belief.

_____

The foregoing answers to interrogatories were subscribed and sworn to before me this _____ day of _____, 2014.

_____
Notary Public

My Commission Expires:

9