# EXHIBIT B

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| ROY GREEN, et al )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ARIZONA CARDINALS )<br>FOOTBALL CLUB, LLC corporate )<br>successor of )<br>ST. LOUIS FOOTBALL )<br>CARDINALS, INC. )<br>Defendant. ) | Case No. 1422-CC00005-01<br><br>Division 1 |

## PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT ARIZONA CARDINALS

COME NOW Plaintiff and pursuant to the Missouri Rules of Civil Procedure, Rule 58.01, propounds this Request for Production of Documents and Things upon Defendant Arizona Cardinals, Football Club, LCC corporate successor of St. Louis Football Cardinals, Inc (hereinafter "Cardinals"). Defendant is requested to produce the following documents and things at the offices of Plaintiff's attorneys located at 929 Walnut, Suite 800, Kansas City, Missouri, 64106, no later than 45 days after receipt of these Requests.

### INSTRUCTIONS

1. If any form of privilege or other protection from disclosure is claimed as ground for withholding a document requested to be produced, provide a written statement that describes the factual basis of the purported privilege or claim of work product in sufficient detail so as to permit the Court to adjudicate the validity of the claim. You are requested to prepare a "privilege log" listing the following information for each document:

   a. The paragraph or subparagraph to which the document is responsive;
   b. The title or general subject matter of the document;
   c. The type of document (e.g., letter, memorandum, note, report, etc.);
   d. The date of the document;
   e. The name of the author of the document;

1

    f.  The person(s) for whom the document was prepared, to whom it was sent, or who received copies; and

    g.  The nature of and the basis for the claim of the privilege.

3.    If, for reasons other than a claim of privilege, you refuse to answer any request, please state the grounds upon which the refusal is based with sufficient specificity to permit determination of the propriety of such refusal.

4.    If any Request is objected to on grounds of overbreadth, specifically state the manner in which you contend it is overly broad and respond to the Request as narrowed to conform to your objection.

5.    Each request shall be deemed continuing, so as to require supplemental or mandatory responses should you obtain additional responsive information subsequent to your initial responses.

## DEFINITIONS

1.    The terms "ANY and "ALL" as used herein shall mean any and all.

2.    The term "COMMUNICATIONS" as used herein shall mean ANY DOCUMENT, oral statement, meeting, or conference, formal or informal, at ANY time or place, and under ANY circumstances whatsoever, whereby information of ANY nature was stated, written, recorded, or in ANY manner transmitted.

3.    The terms "DOCUMENT" and "DOCUMENTS" as used herein shall mean ANY kind of written, recorded or graphic material, however produced or reproduced, of ANY kind or description, whether sent or received, including originals, non-identical copies (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise), and drafts and both sides thereof, and including, but not limited to: (1) papers; (2) books; (3) letters; (4) correspondence; (5) memoranda; (6) notes; (7) notations; (8) work papers; (9) transcripts; (10) meeting minutes; (11) reports and recordings or telephone or other conversations, or other interviews, or of conferences or other meetings; (12) affidavits; (13) statements; (14) summaries; (15) opinions; (16) reports; (17) studies; (18) analyses; (19) evaluations; (20) contracts; (21) agreements; (22) ledgers; (23) journals; (24) desk calendars; (25) electronic calendars; (26) appointment books; (27) electronic "tasks" and "to-do lists"; (28) earn-out and revenue projections and reports thereof; (29) photographs; (30) charts; (31) financial statements and reports thereof; (32) emails and all records kept by electronic, photographic, or mechanical means; and (33) things similar to ANY of the foregoing, however denominated. The terms "DOCUMENT" and "DOCUMENTS" as used herein shall mean ANY DOCUMENT, as defined herein, in YOUR possession and/ or control and/or readily obtainable by YOU.

4.    The terms "RELATE," "RELATED," "RELATING TO," or "CONSISTING OF" as used herein shall mean comprising, explicitly or implicitly, referring to, reviewed in conjunction with,

2

mentioning, discussing, generated as a result of or in connection with, analyzing, describing, evidencing, pertaining to, having some connection with or relevance to, or concerning, the subject of the request.

5.  The terms "PERSON" and "PERSONS" as used herein shall mean and include natural persons, governmental entities and agencies, proprietorships, partnerships, corporations and all other forms of organization or association.

6.  The terms "YOU" and "YOUR" and "CARDINALS" means Defendant Arizona Cardinals, Football Club, LCC, the St. Louis "Football" Cardinals, the Chicago Cardinals, and the Racine Cardinals (hereinafter "Cardinals") and each of its respective agents, employees, officers, directors, representatives, successors, assigns, and anyone acting on behalf of the foregoing.

7.  The term "NFL" as used herein shall mean the NATIONAL FOOTBALL LEAGUE and its respective agents, employees, officers, directors, representatives, successors, assigns, and anyone acting on behalf of the foregoing as well as the Cardinals and its respective agents, employees, officers, directors, representatives, successors, assigns, and anyone acting on its behalf.

8.  The singular shall be deemed to include the plural and vice-versa so as to bring within the scope of this request all DOCUMENTS which might otherwise be construed to be outside its scope.

9.  The term "CONCUSSION" as used herein shall mean any and all brain injuries, neurocogntive diseases, dementia, post-concussion syndrome, and, but not limited to, Chronic Traumatic Encephalopathy and its variations, such as punch-drunk syndrome and dementia pugilistica.

10. The term "PLAINTIFFS" as used herein shall mean Roy Green, John Thomas "J.T." Smith, and Edward Scott.

## DOCUMENT REQUESTS

1.  ALL DOCUMENTS referred to and/or relied on in responding to Plaintiffs' First Interrogatories.

    **RESPONSE:**

2.  ALL DOCUMENTS CONSISTING OF medical records RELATING TO ANY of the PLAINTIFFS in this lawsuit. For purposes of this request, the term "medical records" shall mean ANY DOCUMENT that RELATES TO the individual PLAINTIFF's past, present or future physical or mental health or condition and/or the provision of health care to the individual PLAINTIFF.

    **RESPONSE:**

3

3. ANY written and/or recorded statement of PLAINTIFF(s) which RELATE TO ANY allegation(s) in the Petition.

**RESPONSE:**

4. ANY DOCUMENTS CONSISTING OF playing rules, guidelines, drills, and/or demonstrations, that were provided to and/or made available to Plaintiff(s) during the period from 1966 to 1988.

**RESPONSE:**

5. ANY DOCUMENTS CONSISTING OF or RELATING TO ANY statement(s) made by YOU which relate in any way to Plaintiff(s).

**RESPONSE:**

6. ANY DOCUMENTS CONSISTING OF the PLAINTIFFS' employment and personnel files.

**RESPONSE:**

7. ALL DOCUMENTS RELATING TO CONCUSSION that were created and/or maintained by YOU and/or which were made available to YOU by the NFL prior to 1988. This request includes, but is not limited to, ALL CONCUSSION-RELATED notes, agenda and meeting minutes, created and/or maintained by the NFL Physician Society, the National Athletic Trainers Association, the National Football League Athletic Trainers Society, the National Athletic Trainers Association, and the Professional Football Athletic Trainers Society which were made available to YOU during the period prior to 1988.

**RESPONSE:**

8. ALL DOCUMENTS CONSISTING OF and/or RELATING TO CONCUSSION of which YOU were aware prior to 1988 and which YOU did not IDENTIFY in YOUR response to Request No. 4, above.

**RESPONSE:**

9. ALL DOCUMENTS, meeting notes, agenda and meeting minutes, created and/or maintained by the NFL Physician Society, the National Athletic Trainers Association, the National Football League Athletic Trainers Society, the National Athletic Trainers Association, and the Professional Football Athletic Trainers Society which were made available to YOU during the period prior to 1988.

**RESPONSE:**

10 Copies of ANY Petition(s), Complaint(s) and/or workers' compensation claim(s) brought against YOU RELATING TO CONCUSSION and/or neurocogntive injuries.

**RESPONSE:**

4

11. Copies of ANY records or complaints from YOUR employees (i.e., football players) suffering any type of head injury, head trauma, and/or CONCUSSION.

**RESPONSE**:

12. ALL COMMUNICATIONS sent, maintained and/or received by YOU REFERRING TO CONCUSSION during the period prior 1988. This request includes, but is not limited to, DOCUMENTS sent to and/or received by the NFL.

**RESPONSE**:

13. ALL DOCUMENTS, including without limitation, ALL notes, agenda and meeting minutes, created and/or maintained by any NFL internal working group and/or committee and/or task force charged with researching CONCUSSION which were made available to YOU during the period prior to 1988.

**RESPONSE**:

14. ALL DOCUMENTS CONSISTING OF and/or REFERRING TO YOUR research concerning and/or knowledge of the hazards of CONCUSSION which YOU obtained prior to 1988.

**RESPONSE**:

15. ALL DOCUMENTS CONSISTING OF and/or REFERRING TO ANY efforts made by YOU to discover the dangers associated with football which employees could not reasonably be expected to be aware. This request includes, but is not limited to, CONCUSSION, "Dementia Pugilistica" and degenerative brain disease. This request is limited to the period prior to 1988.

**RESPONSE**:

16. ALL DOCUMENTS CONSISTING OF and/or REFERRING TO the subject matter described in "A War On Ferocity;" Bingham, Walter; last accessed on June 3, 2014, at http://sportsillustrated.cnn.com/vault/article/magazine/MAG1075351/index.htm .

**RESPONSE**:

17. ALL DOCUMENTS CONSISTING OF and/or RELATING TO the treatment and/or management of CONCUSSION that were created and/or maintained by YOU and/or which were made available to YOU by the NFL during the period from 1960 to 1988.

**RESPONSE**:

18. ALL DOCUMENTS CONSISTING OF and/or RELATING TO policies, procedures and/or guidelines which RELATE TO the care and treatment of athletic injuries, and the documentation of athletic injuries during the period from 1960 to 1988.

**RESPONSE**:

19. ALL DOCUMENTS CONSISTING OF and/or RELATING TO the identification and/or diagnosis of a CONCUSSION in any of YOUR football players during the period from 1960 to 1988.

**RESPONSE:**

20. ALL DOCUMENTS CONSISTING OF records, or written materials of every nature within the possession or control of the DEFENDANT which CONSIST OF information concerning any investigation, fine and/or penalty assessed against DEFENDANT for failure to comply with any rules or regulation promulgated by the NFL during the period prior to 1988.

**RESPONSE:**

21. ALL DOCUMENTS CONSISTING OF educational materials, including videos, posters, PowerPoints, and pamphlets relating to injuries and/or protective equipment which were provided to Plaintiffs while they were employed by YOU.

**RESPONSE:**

22. ALL DOCUMENTS CONSISTING OF policies, procedures, guidelines, training, or certifications RELATING TO the training and education YOUR coaches are required to have regarding CONCUSSION.

**RESPONSE:**

23. ALL DOCUMENTS CONSISTING OF policies, procedures, guidelines, training, or certifications RELATING TO the training and education YOUR coaches are required to have regarding tackling.

**RESPONSE:**

24. ALL DOCUMENTS CONSISTING OF educational materials, including videos, posters, PowerPoints, and pamphlets warning about the latent dangers and/or long-term risks of repetitive sub-concussions and CONCUSSIONs provided to Plaintiffs while they were employed by YOU.

**RESPONSE:**

25. ALL DOCUMENTS CONSISTING OF and/or REFERRING TO YOUR document retention policy(ies) during the period from 1920 to the present. This Request includes, without limitation, policies RELATING TO the retention of "medical records" as defined in Request No. 2, above.

**RESPONSE:**

26. ALL DOCUMENTS CONSISTING OF the job descriptions of YOUR employees during the period prior to 1988.

**RESPONSE:**

27. ALL DOCUMENTS CONSISTING OF organizational charts showing ALL departments/divisions and personnel of DEFENDANT during the period prior 1988.

   **RESPONSE:**

28. ALL DOCUMENTS REFERRING TO AstroTurf that were created, maintained and/or obtained by YOU during the period from 1966 to 1988.

   **RESPONSE:**

29. ANY insurance policy held by YOU that may provide coverage for the injuries alleged in the Petition, including any indemnities that may apply along with the amount, or any policies or indemnities that pay for or contribute to the costs of defending the lawsuit.

   **RESPONSE:**

30. A list of each and every CARDINALS football player, prior to 1988, including his name, position played, current or last known address and telephone number.

   **RESPONSE:**

THE KLAMANN LAW FIRM, P.A.

Andrew Schermerhorn, MO #62101
John M. Klamann, KS # 10190
Paul D. Anderson, MO #65354
929 Walnut Street, Suite 800
Kansas City, MO 64106
Telephone: (816) 421-2626
Facsimile: (816) 421-8686
jklamann@klamannlaw.com
panderson@klamannlaw.com

THE POPHAM LAW FIRM, P.C.
   Wm. Dirk Vandever, MO #24463
   712 Broadway, Suite 100
   Kansas City, MO 64105
   Telephone: (816) 221-2288
   Facsimile: (816) 221-3999
   dvandever@pophamlaw.com

HUMPHREY, FARRINGTON & McCLAIN, P.C.
   Kenneth B. McClain

7

221 West Lexington, Suite 400
Independence, MO 64051
Telephone: (816) 836-5050
Fax: (816) 836-8966
kbm@hfmlegal.com

## CERTIFICATE OF SERVICE

A true and accurate copy of the above and foregoing was e-mailed and mailed, via regular U.S. Mail, this 3rd day of June, 2014 to:

Jeffrey D. Sigmund
Omri E. Praiss
HUSCH BLACKWELL LLP
The Plaza in Clayton, 190 Carondelet Plaza, Suite 600
Saint Louis, MO 63105
Jeffrey.sigmund@huschblackwell.com
Omri.praiss@huschblackwell.com
Telephone: (314) 480-1500

Brad S. Karp
Bruce Birenboim
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
bkarp@paulweiss.com
bbirenboim@paulweiss.com
Telephone: (212) 373-300

***ATTORNEYS FOR DEFENDANT***

_____
ATTORNEYS FOR PLAINTIFF