

SILVERMAN|THOMPSON|SLUTKIN|WHITE
ATTORNEYS AT LAW

*A Limited Liability Company*
26th Floor
201 North Charles Street
Baltimore, Maryland 21201

Telephone (410) 385-2225
Facsimile (410) 547-2432
www.mdattorney.com

Baltimore   Washington DC   New York

Writer's Direct Contact:

**(410) 385-9116**

July 11, 2014

<u>**VIA EMAIL AND U.S. MAIL**</u>

Christopher A. Seeger, Esq.
Seeger Weiss LLP
77 Water Street
New York, NY 10005

Sol Weiss, Esq.
Anapol Schwartz
1710 Spruce Street
Philadelphia, PA 19103

Brad S. Karp, Esq.
Theodore V. Wells, Jr., Esq.
Beth A Wilkinson, Esq.
Lynn B. Bayard, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1286 Avenue of the Americas
New York, NY 10019-6064

Paul D. Clement, Esq.
Bancroft PLLC
1919 M Street, N.W. Suite 470
Cira Centre
Washington, DC 20036

Steven C. Marks, Esq.
Podhurst Orseck P.A.
25 W. Flagler St. Suite 800
Miami, FL 33170-1780

Gene Locks, Esq.
Locks Law Firm
601 Walnut St.
Philadelphia, PA 19106

John J. Soroko, Esq.
Dana B. Klinges, Esq.
Duane Morris LLP
30 South 17th St.
Philadelphia, PA 19103-4196

Judy L. Leone, Esq.
Robert C. Heim, Esq.
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104-2808

RE:   *Dent, et al. v. National Football League*
      <u>No. C 14-02324 WHA</u>

Dear Counsel,

      Our firms represent over 1,300 retired NFL players in *Dent, et al., v. National Football League* ("*Dent*"), the above-referenced putative class action pending in the Northern District of California before Judge William H. Alsup. As you may know, the *Dent* Amended Complaint seeks damages and other relief for, among other things, injuries and losses resulting from the NFL's illegal and otherwise improper administration and provision of painkillers, controlled substances and other pharmaceutical and pharmacological agents to NFL players.

We write concerning Exhibit B to the June 25, 2014 Motion of Proposed Class Counsel for an Order ("Exhibit B") in the matter *In re: National Football League Players Concussion Injury Litigation*, No. 2:12-md-02323-AB, MDL No. 2323 and *Keith Turner and Shawn Wooden v. National Football League and NFL Properties, LLC*, Civil Action No: 14-cv-0029 (the "*Turner* and *Wooden* Case") (collectively with the previously-named suit, "the MDL").

The members of the putative classes in *Dent* and the MDL overlap in many respects.

A.   **Releases**

Exhibit B's discharge, waiver, release, covenant not to sue and related language is broad in both textual terms and substantive reach.

Exhibit B can be read to include the allegations, facts, claims and circumstances alleged in *Dent*.

We seek, as we must, to preserve and otherwise protect the rights and claims of the Named Plaintiffs and absent class members in *Dent*.

Accordingly, we respectfully request, pursuant to *Nat'l Super Spuds v. N.Y. Mercantile Exch.*, 660 F.2d 9, 18, n.7 (2d Cir. 1981) (Friendly, J.) and its progeny,[1] that Exhibit B be modified to clarify and confirm, expressly, that the allegations, facts, claims and circumstances in *Dent* are expressly preserved; are neither released, waived, discharged or otherwise limited or impaired; and are expressly excluded from Exhibit B's discharge, waiver, release, and covenant not to sue provisions, and from Exhibit B's definitions and related provisions and language.

One way to accomplish this carve-out is to include in Exhibit B a new Section 18.6 entitled "No Release of Claims in *Dent, et al. v. National Football League*, No. C 14-02324 WHA:"

> Notwithstanding anything to the contrary in this Exhibit B, or in any other document, agreement or other undertaking in this Settlement Agreement ("Settlement Agreement"), or any of its constituent parts ("Constituents"), related documents ("Related Documents") or associated undertakings "Undertakings"), as the Settlement Agreement, Constituents, Related Documents or Undertakings may be modified from time to time (collectively the Settlement Agreement, Constituents, Related Documents and "Undertakings" are the "Settlement Agreement"), all allegations, facts, claims and circumstances currently alleged or that might be alleged in *Dent, et al. v. National Football League*, No. C 14-02324, currently pending in the Northern District of California ("*Dent*") that arise out of, are based on, or are otherwise in connection with the NFL's administration and provision of painkillers, controlled substances and other pharmaceutical and pharmacological agents to NFL players (the "Preserved Painkiller Claims") are **expressly preserved.**

---

[1] Including *Grimes v. Vitalink Comm'ns Corp.*, 17 F.3d 1553 (3d Cir. 1994).

2

The parties to this Settlement Agreement do not intend, and this Settlement Agreement shall not be interpreted or deemed, to release, waive, discharge or otherwise limit, impair or affect the Preserved Painkiller Claims.

Without limiting the generality of this Section 18.6, the <u>Releases</u> described in Sections 18.1 -18.3, <u>Covenant Not to Sue</u> described in Section 18.4, and corresponding <u>Definitions</u> in Section 2.1 for Related Lawsuits (zzz), Released Claims (aaaa), Released Parties (bbbb), Releases (cccc), and Releasors (dddd) are neither intended to, nor do, and shall not be deemed to, include, impair, diminish or in any way affect the Preserved Painkiller Claims.

To the fullest extent recognized by governing law, the Named Plaintiffs and all absent class members in *Dent* are, and shall be considered, third-party beneficiaries of this Section 18.6.

**B.   Notice**

To avoid confusion, and consistent with the due process principles underlying Notice rules, we also ask that the Notice to Class Members in the MDL contain the following statement:

Agreeing to this Settlement Agreement does not in any way release, waive, discharge or otherwise limit, impair, diminish or affect any rights you may have to participate in *Dent, et al. v. National Football League*, No. C 14-02324 WHA.

**C.   Intervention**

Finally, please advise if you will consent to our anticipated motion to intervene in the MDL for purposes of protecting the claims of the Named Plaintiffs and absent class members in *Dent*.

We would very much appreciate hearing from you at your earliest convenience and would appreciate a reply with your position regarding intervention by **Friday, July 25**.

Sincerely,

William N. Sinclair

**cc: (all via Email only)**
Mel Owens, Esq. (mowens@nbolaw.com)
Thomas Byrne, Esq. (tbyrne@nbolaw.com)
Stuart A. Davidson, Esq. (sdavidson@rgrdlaw.com)
Mark Dearman, Esq. (mdearman@rgrdlaw.com)

**Subclass Counsel to MDL Plaintiffs**

Arnold Levin, Esq. (alevin@lfsblaw.com)
Dianne M. Nast, Esq. (DNast@nastlaw.com)

**Of Counsel to MDL Plaintiffs**

Thomas V. Girardi, Esq. (tgirardi@girardikeese.com)
Graham B. LippSmith, Esq. (glippsmith@girardikeese.com)
Michael D. Hausfeld, Esq. (mhausfeld@hausfeldllp.com)
Richard S. Lewis, Esq. (rlewis@hausfeldllp.com)
James R. Dugan, II, Esq. (jdugan@dugan-lawfirm.com)
Anthony Tarricone, Esq. (atarricone@kreindler.com)
Michael L. McGlamry, Esq. (efile@pmkm.com)
David A. Rosen, Esq. (d.rosen@rkmlaw.net)
Charles S. Zimmerman, Esq. (charles.zimmerman@zimmreed.com)
Derriel McCorvey, Esq. (derriel@mccorveylaw.com)
David S. Casey, Jr., Esq. (dcasey@cglaw.com)
Fred Schenk, Esq. (fschenk@cglaw.com)