UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY LITIGATION                         MDL No. 2323


TRANSFER ORDER


**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs move to vacate our order that conditionally transferred the Western District of Missouri action listed on Schedule A (*Kenney*) to MDL No. 2323. Defendant Kansas City Chiefs Football Club Inc. (the Chiefs) opposes the motion to vacate.

The actions comprising MDL No. 2323 involve allegations that the National Football League (NFL)—of which the Chiefs is a member—is liable for injuries sustained while plaintiffs were playing professional football, including damages resulting from the permanent long-term effects of concussions. In general, plaintiffs allege that the NFL failed to warn and protect NFL players against the long-term brain injury risks associated with football-related concussions and failed to regulate the sport so as to minimize the risk of such long-term injuries. *See In re: Nat'l Football League Players' Concussion Injury Litig.*, 842 F. Supp. 2d 1378 (J.P.M.L. 2012).

Plaintiffs argue that the *Kenney* action is not appropriate for inclusion in MDL No. 2323 because (1) federal subject matter jurisdiction is lacking; (2) plaintiffs name the Chiefs as defendant, and not the NFL; (3) plaintiffs' claims arise under Missouri workers' compensation law and are therefore different from the claims in MDL No. 2323; (4) transfer would inconvenience plaintiffs and delay the action; and (5) the application of Case Management Order No. 4 in MDL No. 2323 would effectively void plaintiffs' claims, causing extreme prejudice. We recently considered these arguments with regard to six substantially similar Western District of Missouri actions, and we transferred those actions over plaintiffs' objections. *See* Transfer Order, MDL No. 2323 (J.P.M.L. Jun. 9, 2014); Transfer Order (*Lewis*), MDL No. 2323 (J.P.M.L. Apr. 2, 2014).

After considering all argument of counsel, we find that this action involves common questions of fact with the actions previously transferred to MDL No. 2323, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the MDL No. 2323 actions, *Kenney* involves allegations that defendant is liable for, *inter alia*, failing to warn and protect players from the long-term risk of concussions and sub-concussive injuries. *Kenney* also will involve certain issues of fact that are identical to those in MDL No. 2323 because plaintiffs also have filed complaints in MDL No. 2323, and their allegations include their time

---

[*] Judge Lewis A. Kaplan, Judge Marjorie O. Rendell, and Judge Ellen Segal Huvelle took no part in the decision of this matter.

-2-

spent playing for the Chiefs. As to plaintiffs' assertion that federal subject matter jurisdiction is lacking, the Panel often has held that jurisdictional issues do not present an impediment to transfer.[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiffs do not provide any persuasive reason for the Panel to decide their motion to vacate differently than we did in the six recently transferred Western District of Missouri actions.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Anita B. Brody for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Charles R. Breyer        Sarah S. Vance
R. David Proctor

---

[2] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

IN RE:  NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY LITIGATION      MDL No. 2323

## SCHEDULE A

<u>Western District of Missouri</u>

KENNEY, ET AL. v. KANSAS CITY CHIEFS FOOTBALL CLUB, INC.,
C.A. No. 4:14-00255