**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **Hon. Anita B. Brody** |

**RESPONSE OF THE NATIONAL FOOTBALL LEAGUE
AND NFL PROPERTIES LLC IN OPPOSITION TO
MOTION TO INTERVENE [DOC. # 6131]**

The National Football League ("NFL") and NFL Properties LLC (collectively, the "NFL Parties") submit this opposition to the motion to intervene filed by Richard Dent, Jeremy Newberry, Roy Green, J.D. Hill, Keith Van Horne, Ron Stone, Ron Pritchard, James McMahon, and Marcellus Wiley (the "Proposed Intervenors"). The Proposed Intervenors are Retired NFL Football Players[1] who are members of the Settlement Class that was preliminarily certified by this Court in conjunction with its preliminary approval of the proposed Class Action Settlement. The Proposed Intervenors claim that the Releases contained in the Settlement Agreement violate the law if interpreted to include their claims in a different litigation pending in the United States District Court for the Northern District of California and seek intervention here to litigate that issue. But intervention is unnecessary and unjustified. Federal courts routinely deny motions to intervene in these circumstances as failing to meet the standard for intervention as of right.

---

[1]   Except where otherwise noted, the capitalized terms in this Response in Opposition have the same meaning as those in the Settlement Agreement. *See* Class Action Settlement Agreement dated as of June 25, 2014, MDL 2323, 12-md-02323, Doc. No. 6073-2 (E.D. Pa.) ("Settlement Agreement").

Federal courts also deny motions alternatively seeking permissive intervention, particularly where intervention will unduly delay the class action settlement process and absent class members can otherwise object or opt out.  As Settlement Class Members, the Proposed Intervenors can fully protect their rights by either objecting to the Settlement Agreement or opting out.

The motion to intervene also should be denied because the Proposed Intervenors do not demonstrate, as they must to intervene as of right, that their interests are not being represented adequately by the parties in MDL 2323.  To the contrary, the Class Representatives, through Co-Lead Class Counsel, Class Counsel and Subclass Counsel, have presented a fair, reasonable and adequate proposed Settlement Agreement that has received preliminary approval.  The Court has correctly determined, on a preliminary basis, that Co-Lead Class Counsel, Class Counsel and Subclass Counsel have fulfilled their responsibilities to the Settlement Class.  And, of course, the Court will further review the adequacy of representation as part of the final approval process.

For all these reasons, the motion should be denied.

## FACTUAL BACKGROUND

### Preliminary Approval and Certification

On July 7, 2014, this Court preliminarily approved the Class Action Settlement in *In re: National Football League Players' Concussion Injury Litigation* ("MDL 2323") and preliminarily certified a Settlement Class that includes Retired NFL Football Players defined as "[a]ll living NFL Football Players who . . . retired . . . from playing professional football with the NFL or any Member Club."  (Preliminary Approval Order at ¶ 2(a)(i), MDL 2323, 12-md-02323, Doc. No. 6084 (the "Order").)  The Proposed Intervenors are nine such Retired NFL Football Players who acknowledge that they are "[a]lready included within the MDL settlement class . . .

[and] are part of the MDL litigation." (Proposed Intervenors' Statement of Claim at 2 n.1, MDL 2323, 12-md-02323, Doc. 6131-1 (Aug. 13, 2014) ("Statement of Claim").)  In fact, five of the nine Proposed Intervenors are also named plaintiffs (represented by individual counsel) in actions pending before this Court as part of MDL 2323 where they assert common law fraud and negligence-based claims for injuries allegedly caused by repetitive head trauma while playing NFL Football. (*See*, *e.g*., Short Form Complaints, MDL 2323, 12-md-02323, Doc Nos. 157 (July 6, 2012), 1338 (July 12, 2012) 1572 (July 12, 2012), 1971 (July 13, 2012), 3304 (Aug. 20, 2012).)

In connection with the preliminary approval process, the Court preliminarily appointed Subclass Representatives (Kevin Turner and Shawn Wooden) and appointed Co-Lead Class Counsel, Class Counsel and Subclass Counsel in order to represent Settlement Class Members such as the Proposed Intervenors in connection with the Class Action Settlement process. (Order at ¶¶ 2(c), 3(a)-(c).)  The Court found that the various counsel "possess adequate information concerning the strengths and weaknesses of Plaintiffs' claims against the NFL Parties," conducted "hard-fought negotiations" with two Subclasses separately represented "to ensure that all Settlement Class Members' interests were protected," and reached a proposed Settlement Agreement that "does not appear to provide undue preferential treatment to any individual Settlement Class Member or Subclass." (Preliminary Approval Mem. at 10-11, MDL 2323, 12-md-02323, Doc. No 6083 (July 7, 2014) (the "Opinion").)  Moreover, the Court found that the Subclass Representatives protected the interests of all Settlement Class Members—"both those who have already received a Qualifying Diagnoses and those who remain at risk for receiving one." (*Id*. at 15.)

The Court has established a schedule in which Settlement Class Members may object to the Settlement Agreement, or opt out of the Class Action Settlement, by October 14, 2014. (Order at ¶ 4(g)-(h).)  In addition, any Settlement Class Member who wishes to speak at the November 19, 2014 Fairness Hearing may send the Court a written notice of his or her intent by November 3, 2014.  (*Id.* at ¶¶ 4(i), 5.)  At the Fairness Hearing, the Court will consider comments on and objections to the proposed Settlement Agreement and whether "(a) to approve the Settlement Agreement as fair, reasonable and adequate, pursuant to Rule 23 of the Federal Rules of Civil Procedure, (b) to certify the Settlement Class and Subclasses, and (c) to enter the Final Order and Judgment . . . ."  (*Id.* at ¶ 5.)

**The Motion to Intervene**

On July 11, 2014, the Proposed Intervenors sent a letter to Class Counsel and the NFL Parties requesting that the parties modify the Releases in the Settlement Agreement to exclude the Proposed Intervenors' claims in *Dent, et al.* v. *National Football League*, 14-cv-02324-WHA (N.D. Cal.).  (*See* Ex. B to Mot. to Intervene.)  The Proposed Intervenors also asked for consent to file a motion to intervene in MDL 2323 to address their concerns with the Releases and requested a reply by July 25, 2014.  (*Id.*)  The *Dent* action asserts claims for "long-term chronic injuries, financial losses, expenses, pain and suffering, mental anguish and other losses" purportedly experienced by former NFL players as a result of the NFL's purported "culture of drug misuse" in the medications provided by Member Clubs to players to treat pain and aid return-to-play.  (*See* Ex. A to Motion to Intervene at ¶¶ 1-2.)

On July 25, 2014, the NFL Parties responded by stating that the NFL Parties "cannot agree to [the] request and will oppose any application or objection that seeks to amend the Class Action Settlement in this fashion."  (*See* Ex. C to Mot. to Intervene.)  The NFL Parties noted that

the Class Action Settlement expressly covers Claims (as defined in Section 18.1 of the Settlement Agreement) "arising out of, or relating to, *head, brain and/or cognitive injury* . . . of whatever cause and its damages . . . including, without limitation, Claims for . . . mental or physical pain or suffering, [and] emotional or mental harm . . . . (*Id.*; *see also* Settlement Agreement at § 18.1(a)(ii) (emphasis added).)[2]   The NFL Parties noted that the amended complaint in *Dent* could be read in different ways.  A broad reading could include the very same injuries—that is, "mental injuries" covered by the Settlement Agreement.  (Ex. C to Mot. to Intervene; *see also Dent* Compl. ¶¶ 272(c)-(d), 275, 361, 370, 386, 392.)  A narrow reading could include recovery solely for physical injuries unrelated to head, brain and/or cognitive injuries covered by the Settlement Agreement.  (*See generally id.* ¶¶ 127-32, 145-84.)  The NFL Parties asked the Proposed Intervenors for clarification as to whether they seek to recover for head, brain and/or cognitive injuries or instead solely for physical injuries other than head, brain and/or cognitive injuries—in which case there is no overlap between the cases.  (*See* Ex. C to Mot. to Intervene.)

The Proposed Intervenors failed to respond.  Instead, they filed their motion to intervene in MDL 2323.

---

[2]   The Released Claims include claims "arising out of, in any way relating to or in connection with the allegations, transactions, facts, matters, occurrences, representations or omissions involved, set forth, referred to or relating to the Class Action Complaint and/or Related Lawsuits ("Claims").  (*See* Settlement Agreement at § 18.1.)  The Settlement Agreement thereafter includes a non-exhaustive set of examples, including, for example, Claims "that were, are or could have been asserted in the Class Action Complaint or any other Related Lawsuit," and Claims "arising out of, or relating to, head, brain and/or cognitive injury, as well as any injuries arising out of, or relating to, concussions and/or subconcussive events (including, without limitation, prevention, diagnosis and treatment thereof) of whatever cause and its damages . . . ." (*Id.* at § 18.1(a)(i)(ii).)

## ARGUMENT

### I.   THE PROPOSED INTERVENORS DO NOT MEET THE STANDARD FOR INTERVENION AS OF RIGHT

Under Federal Rule of Civil Procedure 24(a), intervention as of right is permitted only when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."   Fed. R. Civ. P. 24(a)(2).   To meet this standard, the Third Circuit requires potential intervenors to satisfy four criteria:   "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation."   *United States* v. *Territory of the Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014) (quoting *Harris* v. *Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)).   Here, the Proposed Intervenors fail to demonstrate both that their interests may be affected or impaired by the disposition of the action, and that their interests are not adequately represented by the Class Representatives and Class Counsel.

#### A.  The Proposed Intervenors' Interests Will Not Be Affected or Impaired by the Disposition of the Action

The Proposed Intervenors claim that their interests may be impaired because they hypothesize that the Releases may be argued by the NFL to extinguish *all* of their claims in the *Dent* litigation.   (Mem. in Support of Mot. to Intervene ("PI Mem.") at 7-8, MDL 2323, 12-md-02323, Doc. 6131-2 (Aug. 13, 2014).)   To the contrary, as the NFL Parties explained to the Proposed Intervenors in their July 25, 2014 letter:

> To the extent we correctly read the *Dent* complaint as seeking to recover
> for head, brain and/or cognitive injuries, those claims are released as part
> of the Class Action Settlement, and we decline to amend the Class Action
> Settlement to exclude them.  On the other hand, to the extent we misread
> the *Dent* complaint in this regard—and the *Dent* complaint seeks recovery
> solely for physical injuries other than head, brain and/or cognitive
> injuries—then there is no overlap between the cases and there is nothing to
> amend in the Class Action Settlement.   In that event, we suggest that the
> *Dent* plaintiffs amend their complaint to remove any references to head,
> brain and/or cognitive injuries.   In either event, we would appreciate
> clarification from you on this point.

(*See* Ex. C to Mot. to Intervene at 2.)   Despite the NFL Parties' request that the Proposed

Intervenors clarify whether their claims in the *Dent* litigation seek to recover for head, brain

and/or cognitive injuries, they declined to respond.   As such, it is the scope of the *Dent*

complaint—not the Settlement Agreement Releases—that arguably remains unclear.

Regardless, the Proposed Intervenors cannot demonstrate that their legal interests may be

affected or impaired, as a practical matter, by the disposition of the action, without intervention,

because they are Settlement Class Members.   (*See* Statement of Claim at 2 n.1.)   As outlined

below, federal courts routinely deny motions to intervene in these circumstances because

settlement class members have the ability to file objections (and appeal any approval of the class

action settlement) or to opt out of the settlement entirely to preclude any effect on their legal

interests.

### 1.   The Proposed Intervenors May Object and Appeal

The   Proposed   Intervenors'   basis   for   intervention—that   the   Class   Action   Settlement

Releases purportedly violate the law if interpreted to release *Dent* litigation claims (PI Mem. at

15)—is an objection to the Settlement Agreement.[3]   The Court's July 7, 2014 Order provides that

---

[3]    The NFL Parties expressly reserve the right to oppose the merits of the Proposed Intervenors'
contentions   upon   either   a   properly   filed   objection   to   final   approval   of   the   Class   Action

Settlement Class Members, including the Proposed Intervenors, may file objections by October 14, 2014 and request to speak at the November 19, 2014 Fairness Hearing.  (Order at ¶ 4(g)-(i).)  Thus, contrary to the Proposed Intervenors' assertion that "*[a]bsent intervention*, the NFL might subsequently argue in *Dent* that the *Dent* plaintiffs acquiesced to the NFL's position concerning the *Dent* claims and the MDL Settlement Agreement's broad language" (PI Mem. at 15) (emphasis added), the Court has provided the Proposed Intervenors with a vehicle and forum to present their concerns and create the record they claim would not otherwise exist.

Federal courts routinely hold that a potential intervenor's interests will not be affected or impaired by the disposition of an action through the class action settlement approval process when that potential intervenor is an absent class member who has the ability to file an objection and appeal any final approval of such settlement.  For example, the United States District Court for the District of New Jersey recently denied a motion to intervene in a substantially similar circumstance where settlement class members filed a motion to intervene to argue in part that the release contained in a class action settlement was overbroad and would preclude their separate causes of action that were not asserted in the settling litigation.  *Little-King* v. *Hayt Hayt & Landau*, 2013 WL 4874349 (D.N.J. Sept. 10, 2013).   The Court held that the potential intervenors' "rights with respect to the Settlement Agreement are fully preserved without intervention" because, as unnamed settlement class members, they were given the chance at the fairness hearing to object to the settlement, and because they may appeal approval of the settlement as parties.  *Id.* at *21 (citing *Devlin* v. *Scardelletti*, 536 U.S. 1, 14 (2002) ("[N]onnamed class members . . . who have objected in a timely manner to approval of the

---

Settlement or upon the Court's grant of intervention and resulting additional briefing on this issue.

settlement at the fairness hearing have the power to bring an appeal without first intervening.")).

*See also In re Johnson & Johnson Deriv. Litig.*, 900 F. Supp. 2d 467, 477-89 (D.N.J. 2012)

(denying motion to intervene because potential intervenor, "through his role as an objector, . . .

can protect his own interests in challenging the fairness of the proposed settlement," and "if

unsuccessful in challenging the settlement, he may appeal"); *cf. In re Budeprion XL Marketing &*

*Sales Litig.*, No. 09-md-2107, 2012 WL 4322012, at *4 (E.D. Pa. Sept. 21, 2012) (denying

motion to intervene to appeal MDL class action settlement partially because proposed intervenor

failed to explain why presence of class member objector with appeal rights arguing on similar

grounds did not accomplish the objective of the motion to intervene).[4]

### 2.   *The Proposed Intervenors May Opt Out*

Moreover, the Court's July 7, 2014 Order provides that Settlement Class Members may

opt out of the Class Action Settlement by October 14, 2014.  (Order at ¶ 4(g).)  An Opt Out loses

the benefits of the Class Action Settlement but is not bound by its Releases.  This right to opt out

provides another assurance that, as Settlement Class Members, the Proposed Intervenors'

interests are not impaired because it allows them "to protect all of their claims and interests."

*See Townes IV* v. *Trans Union, LLC*, 2007 WL 2457484, at *3 (D. Del. Aug. 30, 2007)

(concluding "the presence of the opt-out provision prevents the impairment of any legal interests

held by those who may also be part of" another litigation that "the pending settlement could bar

---

[4]   Federal courts outside the Third Circuit also routinely deny motions to intervene for this reason.  *See, e.g.*, *Gulbankian* v. *MW Mfrs., Inc.*, 2014 WL 1878441, at *3 (D. Mass. May 9, 2014) (denying motion to intervene because proposed intervenors' interests are not impaired or impeded because they can object at the final fairness hearing if they find fault with the proposed settlement); *Davis* v. *J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 605-06 (W.D.N.Y. 2011) (same); *Doe* v. *Cin-Lan, Inc.*, 2011 WL 379370, at *3 (E.D. Mich. Jan. 5, 2011) (same); *In re DHB Industries, Inc.*, 2007 WL 2907262, at *2 (E.D.N.Y. Sept. 30, 2007) (same); *Ruggles* v. *Bulkmatic Transport Co.*, 2007 WL 496671, at *2 (S.D. Ohio Feb. 7, 2007) (same); *In re Lorazepam and Clorazepate Antitrust Litig.*, 205 F.R.D. 363, 367 (D.D.C. 2001) (same).

them from pursuing") (citing *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 792 (3d Cir. 1995);[5] *In re Lorazepam and Clorazepate Antitrust Litig.*, 205 F.R.D. 363, 367 (D.D.C. 2001) (denying intervention and finding no impairment of interest where class members could opt-out of proposed settlement); and *Shore* v. *Parklane Hosiery Co., Inc.*, 606 F.2d 354, 357-58 (2d Cir. 1979) (concluding that district court did not err in denying motion to intervene on basis that opt-out provision prevented proposed intervenors' interests from being impaired)).[6]

### 3. Plaintiffs Ignore the Objection and Opt Out Processes and Rely on Inapposite Caselaw

The Proposed Intervenors' brief ignores the objection and opt out processes and instead relies heavily on *Benjamin ex rel. Yock* v. *Dep't of Pub. Welfare of Pa.*, 701 F.3d 938 (3d Cir. 2012) in support of their right to intervene argument. (*See*, *e.g.*, PI Mem. at 15.)  The Third Circuit held in *Benjamin* that the district court was wrong to deny intervention as of right where the settlement agreement may affect or impair protectable interests of the potential intervenors who should have been afforded the "opportunity to challenge the parties' Settlement Agreement

---

[5]    In *General Motors*, the Third Circuit stated that use of a settlement class "does not necessarily impair the ability of absentees to protect their own interests" because "[i]ndividual class members retain the right to opt out of the class and settlement, preserving the right to pursue their own litigation." *Id.* at 792.

[6]    Again, federal courts outside the Third Circuit routinely deny motions to intervene for this reason.  *See*, *e.g.*, *Cent. States Se. & Sw. Areas Health & Welfare Fund* v. *Merck-Medco Managed Care, LLC*, 504 F.3d 229, 243-44 (2d Cir. 2007) (intervenor's rights not impaired because it was not part of class and, even if it was, it could opt out); *Gulbankian*, 2014 WL 1878441 at *3 (denying motion to intervene because proposed intervenors' interests are not impaired or impeded because "they can exclude themselves from the settlement class and proceed as planned with their claims"); *Davis*, 775 F. Supp. 2d at 606 (same); *Cin-Lan*, 2011 WL 379370 at *2 (same); *Bergman* v. *Thelen LLP*, 2009 WL 1308019, at *2 (N.D. Cal. May 11, 2009) (same); *In re DHB Industries, Inc.*, 2007 WL 2907262, at *2 (same); *Ruggles*, 2007 WL 496671 at *2-3 (same); *Roberts* v. *Heim*, 1989 WL 804041, at *2 (N.D. Cal. Mar. 30, 1989) (same); *Alaniz* v. *Cal. Processors, Inc.*, 73 F.R.D. 269, 289 (N.D. Cal. 1976) (same).

and to seek decertification of the underlying class." *Id.*, 701 F.3d at 948, 952 (remanding the case with instructions to grant appellants' motions to intervene).  But the Proposed Intervenors fail to acknowledge that *Benjamin* involved potential intervenors who the Third Circuit determined were *not* class members and therefore did not have the right to object or opt out.  *Id.* at 945, 949.  Accordingly, a motion to intervene was the only procedural mechanism to assure that the potential intervenors had an opportunity to challenge the Settlement Agreement that they argued would otherwise affect their legal interests.  *See id.* at 952.  Here, there is no dispute that the Proposed Intervenors are Settlement Class Members able to challenge the Settlement Agreement or otherwise protect their legal interests by filing objections or opting out.

For these reasons, the Court should deny this motion.  *See* Order, MDL No. 2323, 12-md-02323, Doc. 6107 (July 29, 2014) (denying motion to intervene and stating that the "moving parties may object to or opt-out of the settlement under the procedures set forth in my July 7, 2014 order").

### B.  The Proposed Intervenors' Interests Are Represented Adequately

As stated above, to intervene as of right, a movant must satisfy that his or her interest is not adequately represented by an existing party in the litigation.  *United States* v. *Territory of the Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014).  The Proposed Intervenors bear the burden of showing that their interests are not represented adequately by the existing parties.  *Olden* v. *Hagerstown Cash Register, Inc.*, 619 F.2d 271, 273 (3d Cir. 1980) (*per curiam*).  They cannot do so.  In general, there are three grounds to assert inadequate representation:  "(1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not

11

diligently prosecuting the suit." *Territory of the Virgin Islands*, 748 F.3d at 519-20 (quotation omitted).  The Proposed Intervenors do not allege which of these grounds they assert as the basis for their motion.  Instead, they assert that "[n]either the NFL nor the MDL Plaintiffs seem to care about representing the *Dent* Plaintiffs' interests."  (PI Mem. at 17.)  But even had the Proposed Intervenors specified their grounds, as required, they could not carry their burden.

The Proposed Intervenors seek to frame their burden as "minimal" (*id.*), but that is not the law with respect to a settlement class member.  If the interest of the intervenor "is identical to that of one of the present parties, or if there is a party charged by law with representing his interest, then a compelling showing should be required to demonstrate why this representation is not adequate."  *Mountain Top Condominium Assoc* v. *Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 368-69 (3d Cir. 1995) (quotation omitted).  When, as here, the potential intervenor is a class member, there is a presumption of adequate representation and "the proposed intervenor must ordinarily demonstrate adversity of interest, collusion, or nonfeasance on the part of a party to the suit."  *In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 349 n.26 (3d Cir. 2010) (quotation omitted).  This presumption of adequate representation is not easily rebutted, as the Third Circuit has explained:

> To be clear, we are in no way suggesting that absent class members who merely express dissatisfaction with specific aspects of the proposed settlement or that attorneys (who, after finding one or more class members as clients, and wish to share in the forthcoming fee), have the right to intervene. The goals of Rule 23 would be seriously hampered if that were permitted.

*In re Community Bank of N. Va.*, 418 F.3d 277, 315 (3d Cir. 2005).[7]

---

[7]   The *Community Bank* Court allowed intervention; however, it noted that it was doing so because the district court there, faced with a settlement-only class action, failed to undertake an "independent inquiry into the adequacy of the named parties' and class counsel's representation." 418 F.3d at 315. Here, the Court already conducted a preliminary Rule 23

Here, the Proposed Intervenors cannot demonstrate that their interests as Settlement Class Members are so significantly different from those of the Class Representatives, as represented by Co-Lead Counsel, Class Counsel and Subclass Counsel, that they are not receiving proper attention, let alone that there is an adversity of interest.  "A difference of opinion concerning litigation strategy or individual aspects of a remedy does not overcome the presumption of adequate representation." *Jenkins by Jenkins* v. *Missouri*, 78 F.3d 1270, 1275 (8th Cir. 1996); *Bradley* v. *Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) (same); *In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig*., 2012 WL 2325798, at *4 (D. Minn. June 19, 2012) (same); *Milkman* v. *Am. Travellers Life Ins. Co*., 2002 WL 778272, at *22 n.35 (Pa. Com. Pl. Apr. 1, 2002) (same).  As Settlement Class Members in *this* case, the Proposed Intervenors have failed to show how their interests in this case are not fully protected.

Equally important, the Class Representatives in this case, through Co-Lead Class Counsel, Class Counsel and Subclass Counsel, negotiated an uncapped settlement for Settlement Class Members that provides significant benefits, including potential receipt of substantial monetary awards for Qualifying Diagnoses paid for by the NFL Parties *without any necessary showing of proximate causation*.  Those Class Representatives and Counsel have been appointed by the Court to represent the Settlement Class.  (Order at ¶¶ 2(c), 3(a)-(c).)  The Proposed Intervenors' assertion that their interests divert simply because the Releases bar any "head, brain and/or cognitive injuries" alleged in the *Dent* Amended Complaint (PI Mem. at 17) ignores the substantial benefits gained for the Settlement Class in exchange for the appropriately tailored Releases.  The assertion further disregards the scope of the Releases, which release claims for

---

analysis regarding the adequacy of representation and will undertake a full Rule 23 analysis as part of the final certification process.

head, brain and/or cognitive injury "arising out of, relating to or in connection with the allegations, transactions, facts, matters, occurrences, representations or omissions involved, set forth, referred to or relating to the Class Action Complaint and/or Related Lawsuits . . . ." Such Releases properly were agreed to by the parties as part of the proposed Settlement Agreement that provides fair compensation and other benefits for class members that were negotiated by able and responsible counsel for the class. *See Little-King*, 2013 WL 4874349 at *22 (holding Class Counsel adequately represented objectors regarding released claims when release comprised "claims which could have been asserted in the Lawsuit or which arise or relate or arise as a consequence of the acts and omissions complained of therein").

Moreover, the Proposed Intervenors do not allege collusion between the Class Representatives and the NFL Parties. Nor could they. This Court already has held that the proposed settlement appears to be the product of good faith, extensive arm's length negotiations, including through nearly two months of negotiations under the auspices of retired United States District Court Judge Layn R. Phillips and several additional months under the guidance of Special Master Perry Golkin. (Opinion at 9-10.)

Finally, the Proposed Intervenors cannot demonstrate that the Class Representatives, through Co-Lead Class Counsel, Class Counsel and Subclass Counsel, have not been diligent in prosecuting the litigation. As the Court held in ordering preliminary approval and certification of the Class Action Settlement, they "possess adequate information concerning the strengths and weaknesses of Plaintiffs' claims against the NFL Parties," conducted "hard-fought negotiations" with the NFL Parties regarding the Class Action Settlement with two Subclasses separately represented "to ensure that all Settlement Class Members' interests were protected," and reached a Settlement Agreement that "does not appear to provide undue preferential treatment to any

14

individual Settlement Class Member or Subclass." (*Id.* at 10-11.)   Moreover, the Court found that the Subclass Representatives protected the interests of all Settlement Class Members—"both those who have already received a Qualifying Diagnoses and those who remain at risk for receiving one." (*Id.* at 15.)   *See Little-King*, 2013 WL 4874349 at *22 (finding adequate representation by the current parties where the Court found the settlement class sufficiently satisfied the Rule 23 class certification requirements, "including that the representative Plaintiff and settlement Class Counsel will fairly and adequately represent the interests of the settlement class").

For these additional reasons, the Court should deny the motion to intervene.

## II.      THE PROPOSED INTERVENORS DO NOT MEET THE STANDARD FOR PERMISSIVE INTERVENTION

Under Rule 24(b), the Court may allow permissive intervention if a potential intervenor files a timely motion, "has a claim or defense that shares with the main action a common question of law or fact," and intervention will not cause "undue delay or prejudice for the original parties." Fed. R. Civ. P. 24(b)(1)(B), (b)(3).

The Court has discretion whether to grant permissive intervention. *Brody* v. *Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992).   Here, as set forth in Section I, the Proposed Intervenors, as Settlement Class Members, can object (and appeal) or opt out without intervention.   In such circumstances, the Court is justified in exercising, and should exercise, its discretion to deny permissive intervention.   *See Little-King*, 2013 WL 4874349 at *22 (declining request for permissive intervention where movants "have had a chance to be heard, both on paper and at the final fairness hearing" through the objection process).

In addition, the Court should deny permissive intervention because it would "unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3). Here, the Proposed Intervenors filed an unnecessary motion to intervene without explanation as to what they would do next if granted permission to intervene.  Any substantive motion will unduly delay the settlement approval schedule set forth by the Court.  Instead, as Settlement Class Members, the Proposed Intervenors may elect to object and present their concerns about the fairness of the Class Action Settlement and the Releases at the fairness hearing, or they may opt out.  *See In re Johnson & Johnson Deriv. Litig.*, 900 F. Supp. 2d at 478 (denying motion in part because it could cause delay in the resolution of the case where "the substantive challenges raised in his motion can be addressed as objections to the settlement"); *Townes*, 2007 WL 2457484, at *3 (denying motion to intervene permissively in part because parties had "devoted significant time and expense in both negotiating the Settlement Agreement and implementing its terms"); *In re DHB Indus., Inc.*, 2007 WL 2907262, at *3 (denying motion to intervene permissively because court had already set final fairness hearing and "[a]llowing intervention at this point would unduly delay settlement of this matter"); *In re Vitamins Antitrust Litig.*, 2000 WL 1737867, at *7 (D.D.C. Mar. 31, 2000) (denying permissive intervention in part because it "would only serve to unduly delay the Settlement").

## CONCLUSION

For the reasons set forth above, the Court should deny the Proposed Intervenors' motion.

Dated:  September 2, 2014          Respectfully submitted,

                                   /s/ Brad S. Karp
                                   Brad S. Karp
                                   Theodore V. Wells Jr.
                                   Bruce Birenboim
                                   PAUL, WEISS, RIFKIND, WHARTON &
                                       GARRISON LLP
                                   1285 Avenue of the Americas
                                   New York, NY  10019-6064
                                   Main: 212.373.3000
                                   Fax: 212.757.3990
                                   bkarp@paulweiss.com
                                   twells@paulweiss.com
                                   bbirenboim@paulweiss.com

                                   Beth A. Wilkinson
                                   PAUL, WEISS, RIFKIND, WHARTON &
                                   GARRISON LLP
                                   2001 K Street, NW
                                   Washington, DC 20006-1047
                                   Main: 202.223.7300
                                   Fax: 202.223.7420
                                   bwilkinson@paulweiss.com

                                   and

                                   Robert C. Heim (Pa. Atty. ID 15758)
                                   DECHERT LLP
                                   Cira Centre
                                   2929 Arch Street
                                   Philadelphia, PA 19104-2808
                                   Main: 215.994.4000
                                   Fax: 215.994.2222
                                   Robert.heim@dechert.com

                                   **Attorneys for National Football League and
                                   NFL Properties LLC**

### ***Certificate of Service***

On September 2, 2014, I electronically filed a copy of the foregoing document through the CM/ECF system for the United States District Court for the Eastern District of Pennsylvania, which will send a notice of electronic filing to all counsel of record and make it available for viewing and downloading from the CM/ECF system.

/s/ Brad S. Karp
Brad S. Karp