UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | § § § § § § | No. 12-md-2323 (AB) |
| | § § § | MDL No. 2323 |
| THIS DOCUMENT RELATES TO: | § § | |
| Plaintiffs' Amended Master Administrative Long Form Complaint and | § § § | |
| JOSEPH ADDAI, ROYLIN BRADLEY, BENNIE BRAZELL, JOHN CHARLES, SHANE ELAM, STAN GIBBS, BENJAMIN JOPPRU, LUTHER LEVERSON, JAMIE SHARPER, JUSTIN SKINNER, SAMMY WILLIAMS, KENNETH WRIGHT, MARK CLAYTON, FRANK DAVIS, ERIC HERNDERSON, RANDY HYMES, ANTHONY OAKLEY, BRODNEY POOL, RICKEY PRICE, AND MICHAEL SINCLAIR | § § § § § § § § § § § § § § § § | |
| Plaintiffs | § § § § § | SHORT FORM COMPLAINT IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION |
| NATIONAL FOOTBALL LEAGUE; NFL PROPERTIES, LLC, RIDDELL, INC., d/b/a RIDDELL SPORTS GROUP, INC., ALL AMERICAN SPORTS CORPORATION, d/b/a RIDDELL/ALL AMERICAN; RIDDELL SPORTS GROUP INC., EASTON-BELL SPORTS, INC.; EASTON-BELL SPORTS, LLC; EB SPORTS CORP.; AND RBG HOLDINGS CORP.; AND JOHN DOES' 1 through 100, Inclusive, | § § § § § § § § § § § | JURY TRIAL DEMANDED |
| Defendants | § | |

1.  Plaintiffs, JOSEPH ADDAI, ROYLIN BRADLEY, BENNIE BRAZELL, JOHN CHARLES, SHANE ELAM, STAN GIBBS, BENJAMIN JOPPRU, LUTHER LEVERSON, JAMIE SHARPER, JUSTIN SKINNER, SAMMY WILLIAMS, KENNETH WRIGHT, MARK CLAYTON, FRANK DAVIS, ERIC HENDERSON, RANDY HYMES, ANTHONY OAKLEY, BRODNEY POOL, RICKEY PRICE and MICHAEL SINCLAIR bring this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2.  Plaintiffs are filing this short form complaint as required by this Court's Case Management Order No. 2 filed April 26, 2012.

3.  Plaintiffs, incorporate by reference all allegations (as designated below) of the Amended Master Administrative Long-Form Complaint, as may be amended, as is fully set forth at length in this Short Form Complaint.

4.  JOSEPH ADDAI is an individual and is a resident of Texas.

5.  ROYLIN BRADLEY is an individual and is a resident of Texas.

6.  BENNIE BRAZELL is an individual and is a resident of Louisiana.

7.  JOHN CHARLES is an individual and is a resident of Washington.

8.  SHANE ELAM is an individual and is a resident of Texas.

9.  STAN GIBBS is an individual and is a resident of New Jersey.

10. BENJAMIN JOPPRU is an individual and is a resident of Illinois.

11. LUTHER LEVERSON is an individual and is a resident of Florida.

12. JAMIE SHARPER is an individual and is a resident of Texas.

13. JUSTIN SKINNER is an individual and is a resident of California.

14. SAMMY WILLIAMS is an individual and is a resident of Florida.

15. KENNETH WRIGHT is an individual and is a resident of Texas.

16. MARK CLAYTON is an individual and is a resident of Texas.

17. FRANK DAVIS is an individual and is a resident of Arizona.

18. ERIC HENDERSON is an individual and is a resident of Oklahoma.

19. RANDY HYMES is an individual and is a resident of Texas.

20. ANTHONY OAKLEY is an individual and is a resident of Texas.

21. BRODNEY POOL is an individual and is a resident of Texas.

22. RICKEY PRICE is an individual and is a resident of Texas.

23. MICHAEL SINCLAIR is an individual and is a resident of Texas.

24. Defendant NATIONAL FOOTBALL LEAGUE ("the NFL" is a New York non incorporated entity with its headquarters located at 345 Park Avenue, New York, New York 10154. The NATIONAL FOOTBALL LEAGUE has never been the employer of any of the Plaintiffs.

25. Defendant NFL, Properties, LLC, as the successor-in-interest to the National Football Properties, Inc. ("NFL Properties") is a limited liability company organized and existing under the laws of the State of Delaware with its headquarters in the State of New York. NFL Properties is engaged in, among other activities, approving, licensing and promoting equipment used by the NFL teams. NFL Properties regularly conducts business in this state.

26. Defendant "THE NATIONAL FOOTBALL LEAGUE" ("THE NFL"), and NFL PROPERTIES, LLC are herein after referred to as "THE NFL DEFENDANTS" OR "THE NFL."

27. Defendant the NFL, earns more than 9 billion dollars annually, and re-distributes

billions of dollars in earnings from television and digital earnings to its thirty-two (32) teams, and THE NFL does business in this state on a continuous basis in this Judicial District.

28. Defendant Riddell, Inc. (d/b/a Riddell Sports Group, Inc.) us a corporation organized and existing under the laws of the State of Illinois, and is engaged in the business of designing, manufacturing, selling and distributing football equipment, including helmets, to the NFL, and since 1989 has been the official helmet of the NFL. Riddell, Inc. regularly conducts business in this state.

29. Defendant All American Sports Corporation, d/b/a Riddell/All American is a corporation organized and existing under the laws of the State of Ohio and is engaged in the business of designing, manufacturing, selling and distributing football equipment, including helmets, to the NFL and since 1989 has been the official helmet of the NFL. All American Sports regularly conducts business in this state.

30. Defendant Riddell Sports Group, Inc. is a Delaware corporation with its principle place of business at 6255 No. State Highway, Suite 300, Irving, Texas 76038. Riddell Sports Group, Inc. regularly conducts business in this state.

31. Defendant Easton-Bell Sports, Inc. is a California corporation, incorporated in Delaware with its principle place of business at 7855 Haskell Ave., Suite 200, Van Nuys, California 91406, and is a parent corporation of Riddell Sports Group, Inc.

32. Defendant Easton-Bell Sports, LLC is the parent corporation if Easton-Bell Sports, Inc. and is incorporated in Delaware, with a principal place of business at 152 West 57th Street, New York, New York 10019. Easton-Bell Sports, LLC regularly conducts business in this state.

33. Defendant EB Sports Corp. is a Delaware corporation with its principle place of business at 7855 Haskell Avenue, Van Nuys, California 91406.

34. Defendant RBG Holding Corp. is a Delaware corporation with its principle place of business at 7855 Haskell Avenue, Suite 350, Van Nuys, California 91406.

35. Defendant Riddell, Inc., Riddell Sports Group Inc., All American Sports Corporation, Easton-Bell Sports, Inc., EB Sports Corp., Easton-Bell Sports, LLC, and RBG Holdings Corp., shall hereinafter be referred to collectively as the "Riddell Defendants."

36. Plaintiff JOSEPH ADDAI claims damages as a result of:

    x       Injury to Herself/Himself

    ___    Injury to the Person Represented

    ___    Wrongful Death

    ___    Survivorship Action

    x       Economic Loss

    ___    Loss of Service

    ___    Loss of Consortium

37. Plaintiff ROYLIN BRADLEY claims damages as a result of:

    x       Injury to Herself/Himself

    ___    Injury to the Person Represented

    ___    Wrongful Death

    ___    Survivorship Action

    x       Economic Loss

    ___    Loss of Service

    ___    Loss of Consortium

38. Plaintiff BENNIE BRAZELL claims damages as a result of:

    x       Injury to Herself/Himself

| | |
|---|---|
| ___ | Injury to the Person Represented |
| ___ | Wrongful Death |
| ___ | Survivorship Action |
| _x_ | Economic Loss |
| ___ | Loss of Service |
| ___ | Loss of Consortium |

39. Plaintiff JOHN CHARLES claims damages as a result of:

| | |
|---|---|
| _x_ | Injury to Herself/Himself |
| ___ | Injury to the Person Represented |
| ___ | Wrongful Death |
| ___ | Survivorship Action |
| _x_ | Economic Loss |
| ___ | Loss of Service |
| ___ | Loss of Consortium |

40. Plaintiff SHANE ELAM claims damages as a result of:

| | |
|---|---|
| _x_ | Injury to Herself/Himself |
| ___ | Injury to the Person Represented |
| ___ | Wrongful Death |
| ___ | Survivorship Action |
| _x_ | Economic Loss |
| ___ | Loss of Service |
| ___ | Loss of Consortium |

41. Plaintiff STAN GIBBS claims damages as a result of:

     __x__      Injury to Herself/Himself

     \_\_\_      Injury to the Person Represented

     \_\_\_      Wrongful Death

     \_\_\_      Survivorship Action

     __x__      Economic Loss

     \_\_\_      Loss of Service

     \_\_\_      Loss of Consortium

42. Plaintiff BENJAMIN JOPPRU claims damages as a result of:

     __x__      Injury to Herself/Himself

     \_\_\_      Injury to the Person Represented

     \_\_\_      Wrongful Death

     \_\_\_      Survivorship Action

     __x__      Economic Loss

     \_\_\_      Loss of Service

     \_\_\_      Loss of Consortium

43. Plaintiff LUTHER LEVERSON claims damages as a result of:

     __x__      Injury to Herself/Himself

     \_\_\_      Injury to the Person Represented

     \_\_\_      Wrongful Death

     \_\_\_      Survivorship Action

     __x__      Economic Loss

     \_\_\_      Loss of Service

___   Loss of Consortium

44. Plaintiff JAMIE SHARPER claims damages as a result of:

  _X_   Injury to Herself/Himself

  ___   Injury to the Person Represented

  ___   Wrongful Death

  ___   Survivorship Action

  _X_   Economic Loss

  ___   Loss of Service

  ___   Loss of Consortium

45. Plaintiff JUSTIN SKINNER claims damages as a result of:

  _X_   Injury to Herself/Himself

  ___   Injury to the Person Represented

  ___   Wrongful Death

  ___   Survivorship Action

  _X_   Economic Loss

  ___   Loss of Service

  ___   Loss of Consortium

46. Plaintiff SAMMY WILLIAMS claims damages as a result of:

  _X_   Injury to Herself/Himself

  ___   Injury to the Person Represented

  ___   Wrongful Death

  ___   Survivorship Action

  _X_   Economic Loss

_____     Loss of Service

_____     Loss of Consortium

47. Plaintiff KENNETH WRIGHT claims damages as a result of:

  x      Injury to Herself/Himself

_____     Injury to the Person Represented

_____     Wrongful Death

_____     Survivorship Action

  x      Economic Loss

_____     Loss of Service

_____     Loss of Consortium

48. Plaintiff MARK CLAYTON claims damages as a result of:

  x      Injury to Herself/Himself

_____     Injury to the Person Represented

_____     Wrongful Death

_____     Survivorship Action

  x      Economic Loss

_____     Loss of Service

_____     Loss of Consortium

49. Plaintiff FRANK DAVIS claims damages as a result of:

  x      Injury to Herself/Himself

_____     Injury to the Person Represented

_____     Wrongful Death

_____     Survivorship Action

    __x__      Economic Loss

    ____      Loss of Service

    ____      Loss of Consortium

50. Plaintiff ERIC HENDERSON claims damages as a result of:

    __x__      Injury to Herself/Himself

    ____      Injury to the Person Represented

    ____      Wrongful Death

    ____      Survivorship Action

    __x__      Economic Loss

    ____      Loss of Service

    ____      Loss of Consortium

51. Plaintiff RANDY HYMES claims damages as a result of:

    __x__      Injury to Herself/Himself

    ____      Injury to the Person Represented

    ____      Wrongful Death

    ____      Survivorship Action

    __x__      Economic Loss

    ____      Loss of Service

    ____      Loss of Consortium

52. Plaintiff ANTHONY OAKLEY claims damages as a result of:

    __x__      Injury to Herself/Himself

    ____      Injury to the Person Represented

    ____      Wrongful Death

    \_\_\_    Survivorship Action

    _x_    Economic Loss

    \_\_\_    Loss of Service

    \_\_\_    Loss of Consortium

53. Plaintiff BRODNEY POOL claims damages as a result of:

    _x_    Injury to Herself/Himself

    \_\_\_    Injury to the Person Represented

    \_\_\_    Wrongful Death

    \_\_\_    Survivorship Action

    _x_    Economic Loss

    \_\_\_    Loss of Service

    \_\_\_    Loss of Consortium

54. Plaintiff RICKEY PRICE claims damages as a result of:

    _x_    Injury to Herself/Himself

    \_\_\_    Injury to the Person Represented

    \_\_\_    Wrongful Death

    \_\_\_    Survivorship Action

    _x_    Economic Loss

    \_\_\_    Loss of Service

    \_\_\_    Loss of Consortium

55. Plaintiff MICHAEL SINCLAIR claims damages as a result of:

    _x_    Injury to Herself/Himself

    \_\_\_    Injury to the Person Represented

    \_\_\_    Wrongful Death

    \_\_\_    Survivorship Action

   x    Economic Loss

    \_\_\_    Loss of Service

    \_\_\_    Loss of Consortium

56. As to each of the Riddell Defendants referenced above, the claims asserted are: _x_ design defect; _x_ informational defect; _x_ manufacturing defect.

57. The Plaintiffs each wore one or more helmets designed and/or manufactured by the Riddell Defendants during one or more years each Plaintiff played in the NFL and/or AFL.

58. Plaintiff JOSEPH ADDAI played in [check if applicable] _x_ the National Football League ("NFL") and/or in [check if applicable] \_\_\_\_\_ the American Football League ("AFL") during 2006 – 2011 and 2012 for the following teams: Indianapolis Colts and New England Patriots.

59. Plaintiff ROYLIN BRADLEY played in [check if applicable] _x_ the National Football League ("NFL") and/or in [check if applicable] \_\_\_\_\_ the American Football League ("AFL") during 2001 and 2002 for the following teams: Seattle Seahawks and New Orleans Saints.

60. Plaintiff BENNIE BRAZELL played in [check if applicable] _x_ the National Football League ("NFL") and/or in [check if applicable] \_\_\_\_\_ the American Football League ("AFL") during 2006 – 2008 for the following teams: Cincinnati Bengals.

61. Plaintiff JOHN CHARLES played in [check if applicable] _x_ the National Football League ("NFL") and/or in [check if applicable] \_\_\_\_\_ the American Football League ("AFL") during 1993 for the following teams: Atlanta Falcons.

62. Plaintiff SHANE ELAM played in [check if applicable] __x__ the National Football League ("NFL") and/or in [check if applicable] _____ the American Football League ("AFL") during 2001 for the following teams: San Francisco 49ers.

63. Plaintiff STAN GIBBS played in [check if applicable] __x__ the National Football League ("NFL") and/or in [check if applicable] _____ the American Football League ("AFL") during 2001 for the following teams: Tampa Bay Buccaneers.

64. Plaintiff BENJAMIN JOPPRU played in [check if applicable] __x__ the National Football League ("NFL") and/or in [check if applicable] _____ the American Football League ("AFL") during 2003 – 2006 and 2006 – 2008 for the following teams: Houston Texans, Chicago Bears, and Seattle Seahawks.

65. Plaintiff LUTHER LEVERSON played in [check if applicable] __x__ the National Football League ("NFL") and/or in [check if applicable] _____ the American Football League ("AFL") during 2000 – 2001 for the following teams: Carolina Panthers.

66. Plaintiff JAMIE SHARPER played in [check if applicable] __x__ the National Football League ("NFL") and/or in [check if applicable] _____ the American Football League ("AFL") during 1997 – 2001, 2002-2004 and 2005 for the following teams: Baltimore Ravens, Houston, Texans, and Seattle Seahawks.

67. Plaintiff JUSTIN SKINNER played in [check if applicable] __x__ the National Football League ("NFL") and/or in [check if applicable] _____ the American Football League ("AFL") during 1998 – 2000 and 2001 for the following teams: Jacksonville Jaguars and Philadelphia Eagles.

68. Plaintiff SAMMY WILLIAMS played in [check if applicable] __x__ the National Football League ("NFL") and/or in [check if applicable] _____ the American Football

League ("AFL") during 1998 – 2001, 2002 – 2003 and 2004 – 2005 for the following teams: Baltimore Ravens, San Diego Chargers, and Jacksonville Jaguars.

69. Plaintiff KENNETH WRIGHT played in [check if applicable] __x__ the National Football League ("NFL") and/or in [check if applicable] _____ the American Football League ("AFL") during 1999 – 2001, 2002 – 2004, 2005, 2006, and 2007 for the following teams: Minnesota Vikings, Houston Texans, Jacksonville Jaguars, Washington Redskins, and Cleveland Browns.

70. Plaintiff MARK CLAYTON played in [check if applicable] __x__ the National Football League ("NFL") and/or in [check if applicable] _____ the American Football League ("AFL") during 2005 – 2010 and 2010 – 2011 for the following teams: Baltimore Ravens and St. Louis Rams.

71. Plaintiff FRANK DAVIS played in [check if applicable] __x__ the National Football League ("NFL") and/or in [check if applicable] _____ the American Football League ("AFL") during 2006 – 2007 and 2008 for the following teams: Detroit Lions and Cincinnati Bengals.

72. Plaintiff ERIC HENDERSON played in [check if applicable] __x__ the National Football League ("NFL") and/or in [check if applicable] _____ the American Football League ("AFL") during 2006 – 2010 for the following teams: Cincinnati Bengals.

73. Plaintiff RANDY HYMES played in [check if applicable] __x__ the National Football League ("NFL") and/or in [check if applicable] _____ the American Football League ("AFL") during 2002 – 2005, 2006, and 2007 for the following teams: Baltimore Ravens, Jacksonville Jaguars, and Minnesota Vikings.

74. Plaintiff ANTHONY OAKLEY played in [check if applicable] __x__ the National Football League ("NFL") and/or in [check if applicable] _____ the American Football League ("AFL") during 2004, 2005 – 2007 and 2008 for the following teams: Cleveland Browns and Chicago Bears, Arizona Cardinals, Kansas City Chiefs, and Houston Texans.

75. Plaintiff BRODNEY POOL played in [check if applicable] __x__ the National Football League ("NFL") and/or in [check if applicable] _____ the American Football League ("AFL") during 2005 – 2009, 2010 – 2011, and 2012 for the following teams: Cleveland Browns, New York Jets, and Dallas Cowboys.

76. Plaintiff RICKEY PRICE played in [check if applicable] __x__ the National Football League ("NFL") and/or in [check if applicable] _____ the American Football League ("AFL") during 2009 – 2010 for the following teams: Kansas City Chiefs.

77. Plaintiff MICHAEL SINCLAIR played in [check if applicable] __x__ the National Football League ("NFL") and/or in [check if applicable] _____ the American Football League ("AFL") during 1991 – 2001, 1992, and 2002 for the following teams: Seattle Seahawks, Sacramento Surge, and Philadelphia Eagles.

## CAUSES OF ACTION

78. Plaintiffs herein adopt by reference the following Counts of the Amended Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

x_Count I (Action for Declaratory Relief – Liability (Against the NFL))

x_Count II (Medical Monitoring (Against the NFL))

__Count III (Wrongful Death and Survival Actions (Against the NFL))

x_Count VI (Fraudulent Concealment (Against the NFL))

x_Count V (Fraud (Against the NFL))

x_Count VI (Negligent Misrepresentation (Against the NFL))

__Count VII (Negligence Pre-1968 (Against the NFL))

__Count VIII (Negligence Post-1968 (Against the NFL))

x_Count IX (Negligence 1987-1993 (Against the NFL))

x_Count X (Negligence Post-1994 (Against the NFL))

x_Count XI (Loss of Consortium (Against the NFL and Riddell Defendants))

x_Count XII (Negligent Hiring (Against the NFL))

x_Count XIII (Negligent Retention (Against the NFL))

x_Count XIV (Strict Liability for Design Defect (Against the Riddell Defendants))

x_Count XV (Strict Liability for Manufacturing Defect (Against the Riddell Defendants))

x_Count XVI (Failure to Warn (Against the Riddell Defendants))

x_Count XVII (Negligence (Against the Riddell Defendants))

x_Count XVIII (Civil Conspiracy/Fraudulent Concealment (Against All Defendants))

79. Plaintiffs assert the following additional causes of action:

  a. The aforementioned acts and omissions of Defendants demonstrate that they acted deliberately, willfully and wantonly and with indifference to the rights and duties owed and consequences to Plaintiffs.

  b. Defendants knew that a substantial risk of physical and mental harm to Defendant NFL players, including Plaintiffs, existed in connection with concussions suffered while playing Defendant NFL football, including but not limited to, irreversible brain damage.

  c. Defendants willfully and deliberately, however, disregarded the safety and

health of Defendant NFL players, including Plaintiffs, by continually failing to warn Defendant NFL players of the risk to their brain and health of head injuries and concussions, despite the use of Defendant Riddell helmets.

        d.  Defendant NFL also willfully and deliberately disregarded the safety and health of Defendant NFL players, including Plaintiffs, by continually undertaking to establish and promulgate safety rules for Defendant NFL that failed to protect Defendant NFL players from the risk of the long-term consequences of head injuries and concussions to their brain and health.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

    A.  An award of compensatory damages, the amount of which will be determined at trial;

    B.  For punitive and exemplary damages as applicable;

    C.  For all applicable statutory damages of the state whose laws will govern this action;

    D.  For medical monitoring, whether denominated as damages or in the form of equitable relief;

    E.  For an award of attorneys' fees and costs;

    F.  An award of prejudgment interest and costs of suit; and

    G.  An award of such other and further relief as the Court deems just and proper.

## JURY DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury.

    **DATED this 2nd day of September 2014.**

Respectfully submitted,
**STERN LAW GROUP**

_____
**Jeffrey M. Stern**
Federal ID No. 8586
4909 Bissonnet St., Suite 100
Bellaire, Texas 77401-4051
Tel. No. (713) 661-9900
Fax No. (713) 666-5922
jstern@stern-lawgroup.com

and

**ATTORNEY DAVID BUCKLEY, PLLC**

_____
**David J. Buckley, JR., ESQ.**
Federal ID No: 1465981
TBN: 24078281
1811 Bering Drive, Suite 300
Houston, TX 77057
Tel. No.  (281) 719-9312
Fax No.  (281) 719-9307
dbuckley@davidbuckleylaw.com

and

**MOKARAM LAW FIRM**

_____
**Ali Mokaram**
TBN: 00794318
2500 West Loop South, Suite 450
Houston, Texas 77027
Tel. No. (713) 952-4445
Fax No. (713) 952-4525
Ali@mokaramlawfirm.com
**COUNSEL FOR PLAINTIFFS
JOSEPH ADDAI, ROYLIN BRADLEY,
BENNIE BRAZELL, JOHN CHARLES, SHANE ELAM,
STAN GIBBS, BENJAMIN JOPPRU, LUTHER
LEVERSON, JAMIE SHARPER, JUSTIN SKINNER,
SAMMY WILLIAMS, KENNETH WRIGHT, MARK
CLAYTON, FRANK DAVIS, ERIC HENDERSON,
RANDY HYMES, ANTHONY OAKLEY, BRODNEY
POOL, RICKEY PRICE, and MICHAEL SINCLAIR**

Page **18** of **18**

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _Joseph Addai - 4909 Bissonnet Suite 100 Bellaire, TX 77401_

Address of Defendant: _National Football League - 345 Park Avenue, New York, New York 10154_

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒

Does this case involve multidistrict litigation possibilities?          Yes☒  No☐

*RELATED CASE, IF ANY:*

Case Number: _12-md-2323_  Judge _Anita Brody_  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                 Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                 Yes☒  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                                 Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                                 Yes☐  No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
     (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
     (Please specify) _Fraud, Negligence + Product Liability_

---

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Jeffrey M. Stern_, counsel of record do hereby certify:

   ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

   ☐ Relief other than monetary damages is sought.

DATE: _9/2/14_  _____  _8536_
                     Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _9/2/14_  _____  _8536_
                     Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

Plaintiffs' addresses:

2.      Roylin Bradley
        c/o Jeffrey M. Stern
        Stern Law Group
        4909 Bissonnet, Suite 100
        Bellaire, Texas 77401

3.      Bennie Brazell
        c/o Jeffrey M. Stern
        Stern Law Group
        4909 Bissonnet, Suite 100
        Bellaire, Texas 77401

4.      John Charles
        c/o Jeffrey M. Stern
        Stern Law Group
        4909 Bissonnet, Suite 100
        Bellaire, Texas 77401

5.      Shane Elam
        c/o Jeffrey M. Stern
        Stern Law Group
        4909 Bissonnet, Suite 100
        Bellaire, Texas 77401

6.      Stan Gibbs
        c/o Jeffrey M. Stern
        Stern Law Group
        4909 Bissonnet, Suite 100
        Bellaire, Texas 77401

7.      Benjamin Joppru
        c/o Jeffrey M. Stern
        Stern Law Group
        4909 Bissonnet, Suite 100
        Bellaire, Texas 77401

8.      Luther Leverson
        c/o Jeffrey M. Stern
        Stern Law Group
        4909 Bissonnet, Suite 100
        Bellaire, Texas 77401

9.      Jamie Sharper
        c/o Jeffrey M. Stern

Stern Law Group
4909 Bissonnet, Suite 100
Bellaire, Texas 77401

10.    Justin Skinner
       c/o Jeffrey M. Stern
       Stern Law Group
       4909 Bissonnet, Suite 100
       Bellaire, Texas 77401

11.    Sammy Williams
       c/o Jeffrey M. Stern
       Stern Law Group
       4909 Bissonnet, Suite 100
       Bellaire, Texas 77401

12.    Kenneth Wright
       c/o Jeffrey M. Stern
       Stern Law Group
       4909 Bissonnet, Suite 100
       Bellaire, Texas 77401

13.    Mark Clayton
       c/o Jeffrey M. Stern
       Stern Law Group
       4909 Bissonnet, Suite 100
       Bellaire, Texas 77401

14.    Frank Davis
       c/o Jeffrey M. Stern
       Stern Law Group
       4909 Bissonnet, Suite 100
       Bellaire, Texas 77401

15.    Eric Henderson
       c/o Jeffrey M. Stern
       Stern Law Group
       4909 Bissonnet, Suite 100
       Bellaire, Texas 77401

16.    Randy Hymes
       c/o Jeffrey M. Stern
       Stern Law Group
       4909 Bissonnet, Suite 100
       Bellaire, Texas 77401

17.     Anthony Oakley
        c/o Jeffrey M. Stern
        Stern Law Group
        4909 Bissonnet, Suite 100
        Bellaire, Texas 77401

18.     Brodney Pool
        c/o Jeffrey M. Stern
        Stern Law Group
        4909 Bissonnet, Suite 100
        Bellaire, Texas 77401

19.     Rickey Price
        c/o Jeffrey M. Stern
        Stern Law Group
        4909 Bissonnet, Suite 100
        Bellaire, Texas 77401

20.     Michael Sinclair
        c/o Jeffrey M. Stern
        Stern Law Group
        4909 Bissonnet, Suite 100
        Bellaire, Texas 77401


Defendants' Addresses:

2.      Defendant Riddell, Inc. d/b/a Riddell Sports Group, Inc.
        6255 No. State Highway, Suite 300
        Irving, Texas 76038

3.      Defendant Easton-Bell Sports, Inc.
        7855 Haskell Ave., Suite 200
        Van Nuys, California 91406

4.      Defendant RBG Holdings Corp.
        7855 Haskell Ave., Suite 200
        Van Nuys, CA 91406

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Joseph Addai, Roylin Bradley, Bennie Brazell, John Charles, Shane Elam, Stan Gibbs, Benjamin Joppru, Luther Leverson, Jamie Sharper, Justin Skinner, Sammy Williams, Kenneth Wright, Mark Clayton, et al | National Football League, NFL Properties, LLC, Riddell, Inc., et al |

**(b)** County of Residence of First Listed Plaintiff    Harris County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Bronx County, NY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
      THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeffrey M. Stern, Stern Law Group
4909 Bissonnet, Suite 100, Bellaire, Texas 77401
713-661-9900

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
     Plaintiff

☐ 3   Federal Question
     *(U.S. Government Not a Party)*

☐ 2   U.S. Government
     Defendant

☒ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☒ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |     Liability   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Pharmaceutical | | ☐ 820 Copyrights | ☐ 450 Commerce |
|    & Enforcement of Judgment |     Slander    Personal Injury | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted |     Liability   ☐ 368 Asbestos Personal | | |     Corrupt Organizations |
|    Student Loans | ☐ 340 Marine    Injury Product | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|    (Excludes Veterans) | ☐ 345 Marine Product    Liability | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment |     Liability   **PERSONAL PROPERTY** |     Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |     Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending |     Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract |     Product Liability   ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| ☐ 196 Franchise |     Injury   ☐ 385 Property Damage |     Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury -    Product Liability | ☐ 790 Other Labor Litigation | |     Act |
| |     Medical Malpractice | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** |     Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | |     or Defendant) |     Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party |     Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | |     26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence | | |     State Statutes |
| ☐ 245 Tort Product Liability |     Accommodations   ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | | |
| |     Employment    **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |     Other   ☐ 550 Civil Rights |     Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| |    ☐ 560 Civil Detainee - | | | |
| |     Conditions of | | | |
| |     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
     Proceeding

☐ 2   Removed from
     State Court

☐ 3   Remanded from
     Appellate Court

☐ 4   Reinstated or
     Reopened

☐ 5   Transferred from
     Another District
     *(specify)*

☒ 6   Multidistrict
     Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
NFL Negligence & Product Case

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
     UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE   NFL Concussion Multi District Litigation    DOCKET NUMBER   12-md-2323 (AB)

DATE   9.2.14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Joseph Addai, et al

       :     CIVIL ACTION

     v.      :    NO. 12-md-2323(AB)

National football league,   :   MDL NO. 2323
NFL Properties, LLC, et al

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
  and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
  exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
  commonly referred to as complex and that need special or intense management by
  the court. (See reverse side of this form for a detailed explanation of special
  management cases.)   (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

9.2.14    JEFFREY M. STERN   Plaintiffs Joseph Addai, et al
**Date**      **Attorney-at-law**     **Attorney for**

713.666.9900   713.666.5922   jstern@stern-lawgroup.com
**Telephone**     **FAX Number**     **E-Mail Address**

(Civ. 660) 10/02