UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION : : : : : | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS : : : : |  |

### CO-LEAD CLASS COUNSEL'S RESPONSE TO BLOOMBERG L.P. AND ESPN, INC.'S AMENDED MOTION TO INTERVENE TO SEEK ACCESS TO DOCUMENTS AND INFORMATION AND RESPONSE TO BLOOMBERG L.P. AND ESPN, INC.'S AMENDED MOTION FOR ACCESS TO DOCUMENTS AND INFORMATION

Proposed Intervenors, Bloomberg L.P. and ESPN, INC. ("Proposed Media Intervenors" or "Movants"), in the first instance, seek leave to intervene. [ECF No. 6101, at 1-5.] Assuming they are granted leave, Proposed Media Intervenors represent that they intend to file the Amended Motion for Access to Documents and Information and a supporting memorandum, attached to their intervention motion. [ECF No. 6101, at 7-19 (Exhibit A).] Co-Lead Class Counsel respond to both motions herein.

As per their attached Memorandum of Law in Support of Bloomberg L.P. and ESPN, Inc.'s Motion For Access to Documents and Information ("Movants' Access Mem."), the Proposed Media Intervenors want the Court to make publicly available all settlement-related documentation that the Court ordered the parties to submit to the Special Master in its January 14, 2014 Order, and any other documentation that the parties provided to the Court and/or to the Special Master for consideration in determining whether the Court should preliminarily approve

the proposed class action settlement. Further, they want the Court to clarify that the parties are no longer restricted from discussing this documentation with or disclosing it to the general public, pursuant to the Court's Orders of July 8, 2013 [ECF No. 5128] and August 29, 2013 [ECF No. 5235].

However, in support of intervention, Movants cite only to Rule 24 and do not specify in their attached two-page Memorandum of Law in Support of Bloomberg L.P. and ESPN, Inc.'s Amended Motion To Intervene For Access to Documents and Information ("Movants' Intervention Mem.") [ECF No. 6101, at 3-4], nor in the previously filed and incorporated two-page Memorandum of Law in Support of Bloomberg L.P.'s Motion To Intervene To Seek Access to Documents and Information, filed on January 31, 2014 [ECF No. 6101-1, at 4-5;  ECF No. 5766, at 3-4],[1] whether they are seeking intervention as of right under Rule 24(a) or permissive intervention under Rule 24(b).  These memoranda contain no argument or caselaw, save a bare citation to *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994).  Co-Lead Class Counsel assume that permissive intervention is being sought pursuant to Rule 23(b), as was the procedural device used in *Pansy*.

As per Movants' Access Memorandum, the intervention is being sought for a limited purpose. "Bloomberg and ESPN are **only seeking** access to those documents that were provided to the Special Master and/or the Court for consideration in determining whether Court approval of a settlement was appropriate." *See* Movants' Access Mem. at 6 [ECF No. 6101, at 15] (emphasis added).  As per *Pansy*, "a district court may properly consider a motion to intervene permissively for the limited purpose of modifying or vacating a confidentiality order." 23 F.3d

---

[1] Co-Lead Class Counsel's opposition to Bloomberg L.P.'s prior intervention motion, filed on February 10, 2014, appears at ECF No. 5777.

at 780 (internal quotations and brackets deleted). Co-Lead Class Counsel do not oppose permissive intervention for that limited, stated purpose.[2]

Consistent with the Court's January 14, 2014 Order, Co-Lead Class Counsel provided the Special Master with a report prepared by Plaintiffs' expert actuarial and economic consultant. The actuarial firm was initially retained in advance of and in connection with the mediation process that occurred in the summer of 2013, as referenced in Co-Lead Class Counsel's initial motion for preliminary approval, filed on January 6, 2014. Following submission of the report, in response to requests from the Special Master, Co-Lead Class Counsel also provided additional tabulations prepared by Plaintiffs' expert. The report and tabulations were provided in connection with evaluating the sufficiency of the then-capped Monetary Award Fund to compensate all those Class Members who qualified for benefits during the life of the fund. The current Class Action Settlement Agreement as of June 25, 2014 is no longer subject to the $675 million cap.

Co-Lead Class Counsel did not provide said report and tabulations to the Court. When Co-Lead Class Counsel provided the report and tabulations to the Special Master, they were provided subject to the confidentiality provisions of the July 8, 2013 and August 29, 2013 Orders, along with the separate confidentiality agreement that Special Master Golkin signed. *See Pansy*, 23 F.3d at 790 ("[O]ne of the factors the court should consider in determining whether to modify the order is the reliance by the original parties on the confidentiality order."). Input from

---

[2] While Movants want the Court to clarify that the parties are no longer restricted from discussing this documentation with or disclosing it to the general public, as they had been under the Orders of July 8, 2013 and August 29, 2013, Movants do not seek clarification from the Court as to the parties' continuing restriction under those Orders from publicly discussing the mediation process. Indeed, such bar remains in full force and effect. Movants specifically claim that the expert documentation they seek is wholly separate from the mediation process. *See* Movants' Access Mem. at 8 [ECF No. 6101, at 17].

the Special Master guided the parties' continuing settlement negotiations, and resulted in reaching the new uncapped deal.

Though the actuarial analysis was provided only to the Special Master (and provided in confidence), Co-Lead Class Counsel do not oppose release of this report and tabulations, if the Court so orders.  Co-Lead Class Counsel's lack of opposition to disclosure of the actuarial expert's opinion, as reduced to a formal report, and the supplemental tabulations that were prepared, that were submitted to Special Master Golkin, is limited to the current request for documentation by the Proposed Media Intervenors.[3]  Though proprietary information of Co-Lead Class Counsel's actuarial consultant and certain third parties, client information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Public Law 104-91, 42 U.S.C. § 1320d-2, attorney-client privileged information, and our own work product, underlie the report, we do not appreciate Proposed Media Intervenors' limited request to touch upon such materials.  Co-Lead Class Counsel do not waive any arguments as to the protections afforded to such materials and the underlying data.  Further, as Co-Lead Class Counsel remain bound by the Court's Orders of July 8, 2013 and August 29, 2013, we await direction from the Court and rely upon the sound discretion of the Court as to whether to disclose this information, and if so, the scope and manner of the disclosure and as to whom the information should be disclosed (*i.e.*, to the public, or only to those counsel of record for Class Members and the Class Members themselves, under a separate confidentiality order).

---

[3] "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).

In conclusion, Co-Lead Class Counsel defer to the Court as to how to proceed concerning the limited request that is before the Court on the Proposed Media Intervenors' Motion for Access.

Dated:  September 2, 2014

        Respectfully submitted,
        /s/ Christopher A. Seeger
        Christopher A. Seeger
        SEEGER WEISS LLP
        77 Water Street
        New York, NY 10005
        Phone: (212) 584-0700
        Fax: (212) 584-0799
        cseeger@seegerweiss.com

        **Co-Lead Class Counsel**

        Sol Weiss
        ANAPOL SCHWARTZ
        1710 Spruce Street
        Philadelphia, PA 19103
        Phone: (215) 735-1130
        Fax: (215) 735-2024
        sweiss@anapolschwartz.com

        **Co-Lead Class Counsel**

**CERTIFICATE OF SERVICE**

It is hereby certified that a true copy of the foregoing was served electronically via the Court's electronic filing system on the 2nd day of September, 2014, upon all counsel of record.

Dated: September 2, 2014

/s/ Christopher A. Seeger

Christopher A. Seeger