IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION LITIGATION | § § § § | |
| _____ | § | No. 12-md-2323 (AB) |
| | § | |
| THIS DOCUMENT RELATES TO: Plaintiffs' Amended Master Administrative Long Form Complaint and | § § § | MDL No. 2323 |
| | § | |
| RAMON ARMSTRONG; NATHANIEL NEWTON, JR.; LARRY BROWN; KENNETH DAVIS; MICHAEL MCGRUDER; CLIFTON L. ODOM; AND GEORGE TEAGUE     Plaintiffs | § § § § § § § § § | |
| VS. | § § | |
| NATIONAL FOOTBALL LEAGUE; NFL PROPERTIES, LLC; RIDDELL, INC. D/B/A RIDDELL SPORTS GROUP, INC.; ALL AMERICAN SPORTS CORPORATION, D/B/A RIDDELL/ALL AMERICAN; RIDDELL SPORTS GROUP, INC.; EASTON-BELL SPORTS, INC.; EASTON-BELL SPORTS, LLC; EB SPORTS CORP; RBG HOLDINGS CORP.; AND JOHN DOES' 1-100, INCLUSIVE     Defendants | § § § § § § § § § § § § § | **JURY TRIAL DEMANDED** |

**SHORT FORM COMPLAINT OF ARMSTRONG GROUP**

1. Plaintiffs, Ramon Armstrong, Nathaniel Newton, Jr.; Larry Brown; Kenneth Davis; Michael McGruder; Clifton L. Odom; and George Teague (collectively, the "Armstrong Group"),

bring this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2. Plaintiffs are fling this Short Form Complaint as required by this Court's Case Management Order No. 2 filed April 26, 2012.

3. Plaintiffs incorporate by reference all allegations (as designated below) of the Amended Master Administrative Long-Form Complaint, as may be amended, as is fully set forth at length in this Short Form Complaint.

4. Ramon Anderson is an individual residing in the State of Texas.

5. Nathaniel Newton, Jr., is an individual residing in the State of Texas.

6. Larry Brown is an individual residing in the State of Texas.

7. Kenneth Davis is an individual residing in the State of Texas.

8. Michael McGruder is an individual residing in the State of Texas.

9. Clifton L. Odom is an individual residing in the State of Texas.

10. George Teague is an individual residing in the State of Texas.

11. Defendant NATIONAL FOOTBALL LEAGUE ("the NFL" is a New York non-incorporated entity with its headquarters located at 345 Park Avenue, New York, NY 10154. The NATIONAL FOOTBALL LEAGUE has never been the employer of any of the Plaintiffs.

12. Defendant NFL, Properties, LLC, as the successor-in-interest to the National Football Properties, Inc. ("NFL Properties") is a limited liability company organized and existing under the laws of the State of Delaware with its headquarters in the State of New York. NFL Properties is engaged in, among other activities, approving, licensing and promoting equipment used by the NFL teams. NFL Properties regularly conducts business in this state.

13. Defendant "THE NATIONAL FOOTBALL LEAGUE" ("THE NFL"), and NFL PROPERTIES, .LLC are herein after referred to as "THE NFL DEFENDANTS" OR "THE NFL."

14. Defendant, the NFL, earns more than $9 billion annually and re-distributes billions of dollars in earnings from television and digital earnings to its thirty-two (32) teams, and THE NFL does business in this state on a continuous basis in this Judicial District.

15. Defendant Riddell, Inc. (d/b/a Riddell Sports Group, Inc.) us a corporation organized and existing under the laws of the State of Illinois, and is engaged in the business of designing, manufacturing, selling and distributing football equipment, including helmets, to the NFL, and since 1989 has been the official helmet of the NFL. Riddell, Inc. regularly conducts business in this state.

16. Defendant All American Sports Corporation, d/b/a Riddell/All American is a corporation organized and existing under the laws of the State of Ohio and is engaged in the business of designing, manufacturing, selling and distributing football equipment, including helmets, to the NFL and since 1989 has been the official helmet of the NFL. All American Sports regularly conducts business in this state.

17. Defendant Riddell Sports Group, Inc. is a Delaware corporation with its principle place of business at 6255 No. State Highway, Suite 300, Irving, Texas 76038. Riddell Sports Group, Inc. regularly conducts business in this state.

18. Defendant Easton-Bell Sports, Inc. is a California corporation, incorporated in Delaware with its principle place of business at 7855 Haskell Ave., Suite 200, Van Nuys, California 91406, and is a parent corporation of Riddell Sports Group, Inc.

19. Defendant Easton-Bell Sports, LLC is the parent corporation if Easton-Bell Sports, Inc. and is incorporated in Delaware, with a principal place of business at 152 West 57th Street, New York, New York 10019. Easton-Bell Sports, LLC regularly conducts business in this state.

20. Defendant EB Sports Corp. is a Delaware corporation with its principle place of business at 7855 Haskell Avenue, Van Nuys, California 91406.

21. Defendant RBG Holding Corp. is a Delaware corporation with its principle place of business at 7855 Haskell Avenue, Suite 350, Van Nuys, California 91406.

22. Defendant Riddell, Inc., Riddell Sports Group Inc., All American Sports Corporation, Easton-Bell Sports, Inc., EB Sports Corp., Easton-Bell Sports, LLC, and RBG Holdings Corp., shall hereinafter be referred to collectively as the "Riddell Defendants."

23. Plaintiff Ramon Armstrong claims damages as a result of:

    ☒ Injury to Herself/Himself
    ☐ Injury to the Person Represented Wrongful Death
    ☐ Survivorship Action
    ☒ Economic Loss
    ☐ Loss of Service
    ☐ Loss of Consortium

24. Plaintiff Nathaniel Newton, Jr. claims damages as a result of:

    ☒ Injury to Herself/Himself
    ☐ Injury to the Person Represented Wrongful Death
    ☐ Survivorship Action
    ☒ Economic Loss
    ☐ Loss of Service
    ☐ Loss of Consortium

25. Plaintiff Larry Brown claims damages as a result of:

    ☒ Injury to Herself/Himself
    ☐ Injury to the Person Represented Wrongful Death
    ☐ Survivorship Action
    ☒ Economic Loss

☐Loss of Service
☐Loss of Consortium

26. Plaintiff Kenneth Davis claims damages as a result of:

☒Injury to Herself/Himself
☐Injury to the Person Represented Wrongful Death
☐Survivorship Action
☒Economic Loss
☐Loss of Service
☐Loss of Consortium

27. Plaintiff Michael McGruder claims damages as a result of:

☒Injury to Herself/Himself
☐Injury to the Person Represented Wrongful Death
☐Survivorship Action
☒Economic Loss
☐Loss of Service
☐Loss of Consortium

28. Plaintiff Clifton L. Odom claims damages as a result of:

☒Injury to Herself/Himself
☐Injury to the Person Represented Wrongful Death
☐Survivorship Action
☒Economic Loss
☐Loss of Service
☐Loss of Consortium

29. Plaintiff George Teague claims damages as a result of:

☒Injury to Herself/Himself
☐Injury to the Person Represented Wrongful Death
☐Survivorship Action
☒Economic Loss
☐Loss of Service
☐Loss of Consortium

30. As to each of the Riddell Defendants referenced above, the claims asserted are as

follows:   ☒design defect; ☒informational defect; ☒manufacturing defect.

31. The Plaintiffs each wore one or more helmets designed and/or manufactured by the Riddell Defendants during one or more years each Plaintiff played in the NFL and/or AFL.

32. Plaintiff Ramon Armstrong played in [check if applicable] ☐ the National Football League ("NFL") and/or in [check if applicable]☒the American Football League ("AFL") during the 1960's for the following teams: Oakland Raiders.

33. Plaintiff Nathaniel Newton, Jr., played in [check if applicable] ☒ the National Football League ("NFL") and/or in [check if applicable]☐the American Football League ("AFL") during 1986 through 1999 for the following teams: Dallas Cowboys and Carolina Panthers.

34. Plaintiff Larry Brown played in [check if applicable] ☒ the National Football League ("NFL") and/or in [check if applicable]☐the American Football League ("AFL") during 1991 through 1998 Season for the following teams: Dallas Cowboys and Oakland Raiders.

35. Plaintiff Michael McGruder played in [check if applicable] ☒ the National Football League ("NFL") and/or in [check if applicable]☐the American Football League ("AFL") during 1989 through 1997 for the following teams: Green Bay Packers, Miami Dolphins, San Francisco 49ers, Tampa Bay Buccaneers, and New England Patriots.

36. Plaintiff Kenneth Davis played in [check if applicable] ☒ the National Football League ("NFL") and/or in [check if applicable]☐the American Football League ("AFL") during 1986 through 1994 for the following teams: Green Bay Packers and Buffalo Bills.

37. Plaintiff Clifton L. Odom played in [check if applicable] ☒ the National Football League ("NFL") and/or in [check if applicable]☐the American Football League ("AFL") during 1980 through 1993 for the following teams: Cleveland Browns, Baltimore and Indianapolis Colts, and Miami Dolphins.

38.     Plaintiff George Teague played in [check if applicable] ☒ the National Football League ("NFL") and/or in [check if applicable] ☐ the American Football League ("AFL") during 1993 through 2001 for the following teams: Green Bay Packers, Dallas Cowboys and Miami Dolphins.

CAUSES OF ACTION

39.     Plaintiffs herein adopt by reference the following Counts of the Amended Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

☒ Count I (Action for Declaratory Relief -Liability (Against the NFL))
☒ Count II (Medical Monitoring (Against the NFL))
☐ Count III (Wrongful Death and Survival Actions (Against the NFL))
☒ Count VI (Fraudulent Concealment (Against the NFL))
☒ Count V (Fraud (Against the NFL))
☒ Count VI (Negligent Misrepresentation (Against the NFL))
☒ Count VII (Negligence Pre-1968 (Against the NFL))
☐ Count VIII (Negligence Post-1968 (Against the NFL))
☒ Count IX (Negligence 1987-1993 (Against the NFL))
☒ Count X (Negligence Post-1994 (Against the NFL))
☐ Count XI (Loss of Consortium (Against the NFL and Riddell Defendants))
☒ Count XII (Negligent Hiring (Against the NFL))
☒ Count XIII (Negligent Retention (Against the NFL))
☒ Count XIV (Strict Liability for Design Defect (Against the Riddell Defendants))
☒ Count XV (Strict Liability for Manufacturing Defect) (Against the Riddell Defendants))
☒ Count XVI (Failure to Warn (Against the Riddell Defendants))
☒ Count XVII (Negligence (Against the Riddell Defendants))
☒ Count XVIII (Civil Conspiracy/Fraudulent Concealment (Against All Defendants))

47. Plaintiffs assert the following additional causes of action:

a.     The aforementioned acts and omissions of Defendants demonstrate that they acted deliberately, willfully and wantonly and with indifference to the rights and duties owed and consequences to Plaintiffs.

    b.    Defendants knew that a substantial risk of physical and mental harm to Defendant NFL players, including Plaintiffs, existed in connection with concussions suffered while playing Defendant NFL football, including but not limited to, irreversible brain damage.

    c.    Defendants willfully and deliberately, however, disregarded the safety and health of Defendant NFL players, including Plaintiffs, by continually failing to warn Defendant NFL players of the risk to their brain and health of head injuries and concussions, despite the use of Defendant Riddell helmets.

    d.    Defendant NFL also willfully and deliberately disregarded the safety and health of Defendant NFL players, including Plaintiffs, by continually undertaking to establish and promulgate safety rules for Defendant NFL that failed to protect Defendant NFL players from the risk of the long-term consequences of head injuries and concussions to their brain and health.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

a. An award of compensatory damages, the amount of which will be determined at trial;
b. For punitive and exemplary damages as applicable;
c. For all applicable statutory damages of the state whose laws will govern this action;
d. For medical monitoring, whether denominated as damages or in the form of equitable relief;
e. For an award of attorneys' fees and costs;
f. An award of prejudgment interest and costs of suit; and
g. An award of such other and further relief as the Court deems just and proper.

## JURY DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury.

Date:  September 3, 2014

                              Respectfully submitted,

/s/  Mitchell A. Toups
Mitchell A. Toups
**WELLER, GREEN, TOUPS & TERRELL, LLP**
2615 Calder Ave., Suite 400
Beaumont, TX 77702
Telephone: (409) 838-0101
Facsimile: (409) 838-6780
Email: matoups@wgttlaw.com

Richard L. Coffman
**THE COFFMAN LAW FIRM**
505 Orleans St., Ste. 505
Beaumont, TX 77701
Telephone: (409) 833-7700
Facsimile: (866) 835-8250
Email: rcoffman@coffmanlawfirm.com

Jason Webster
**THE WEBSTER LAW FIRM**
6200 Savoy, Suite 515
Houston, TX 77036
Telephone: (713) 581-3900
Facsimile: (713) 409-6464
Email: jwebster@thewebsterlawfirm.com

Mike Warner
**THE WARNER LAW FIRM**
101 Southeast 11th Suite 301
Amarillo, TX 79101
Telephone:  (806) 372-2595
Facsimile:
Email:  mike@thewarnerlawfirm.com

## CERTIFICATE OF SERVICE

     I certify that a true copy of the Objection to the June 25, 2014 Revised Class Settlement by Nathaniel Newton, Jr., Ramon Armstrong, Larry Brown, Kenneth Davis, Michael McGruder, Clifton L. Odom, and George Teague was served on all counsel of record, via the Court's ECF System, on September 3, 2014.

                                              /s/  Mitchell A. Toups
                                              Mitchell A. Toups