IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs, and<br><br>Richard Dent, Jeremy Newberry, Roy Green, J.D. Hill, Keith Van Horne, Ron Stone, Ron Pritchard, James McMahon, and Marcellus Wiley, *on behalf of themselves and other similarly situated,*<br><br>Proposed Intervenor-Plaintiffs<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

Proposed Intervenor-Plaintiffs Richard Dent, Jeremy Newberry, Roy Green, J.D. Hill, Keith Van Horne, Ron Stone, Ron Pritchard, James McMahon and Marcellus Wiley ("Intervenors"), by and through undersigned counsel and pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure, file this reply memorandum in support of their Motion to Intervene and state as follows.

## INTRODUCTION

Almost two months ago, Intervenors sought to avoid intervention by writing to Co-Lead Counsel and the NFL Parties and asking them to confirm what seemed an uncontroversial point – that the Concussion release would not bar Intervenors' *Dent* claims.  Intervenors thought Co-Lead Counsel, charged with protecting Intervenors' interests, would agree to not extinguish the very different *Dent* claims that were never pleaded or litigated, nor compensated for that matter, here.  And while the NFL Parties may not have been thrilled at the prospect of limiting the release, given the long line of precedent stretching back to Judge Friendly's landmark 1981 opinion in *Nat'l Super Spuds Inc. v. N.Y. Mercantile Exch.*, 660 F.2d 9 (2d Cir. 1981), they would be giving up little, if anything, by acquiescing to Intervenors' modest request.

But rather than work with Intervenors, Co-Lead Counsel and the NFL Parties circled the wagons and opposed the limited relief sought here.  Intervenors had not wanted to burden the Court with this issue in the first place and recent progress with the NFL Parties has Intervenors hopeful that the issue can be resolved before the Court has to rule on the instant Motion.  But until then, Intervenors must protect their rights as absent class members in this case. *See, e.g., Harris v. Vector Marketing Corp.*, 2010 WL 3743532, at * 4 (N.D. Cal. 2010) (citing cases describing attorneys' fiduciary duty to absent class members of even uncertified class, including *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 801 (3d Cir. 1995) ("'[b]eyond their ethical obligations to their clients, class attorneys, purporting to represent a class, also owe the entire class a fiduciary duty once the complaint is filed'")). *See also, e.g., Dunford v. Am. DataBank, LLC*, 2014 WL 3956774,  at *15 (Aug. 12, 2014, N.D. Cal.) (describing "important fiduciary duties" that "class representatives owe … to absent class members").

If intervention and the resultant protection of the *Dent* claims is denied, Intervenors will be compelled to object to, and perhaps opt out of, the Concussion settlement. These actions, and their potential ripple effects, could imperil the settlement that the Co-Lead Counsel and the NFL Parties tout so highly in their briefs.

And while Co-Lead Counsel and the NFL Parties are correct that denial of the instant Motion does not preclude Intervenors from objecting, they seemingly fail to realize that by having to object, or opt out and give up the benefits of the settlement, rather than intervene, Intervenors are being charged a higher settlement price than the other class members. They face the Hobson's choice of accepting the settlement and potentially imperiling their *Dent* claims or giving up the benefits of settlement unnecessarily to seek confirmation (which *Super Spuds* in essence provides) that the release does not apply to their *Dent* claims. Such a result does not equate to the adequate representation of absent class members.

In any event, should Co-Lead Counsel and the NFL Parties choose to maintain their present course, their arguments against intervention have a long way to go. They concede two of the four elements at issue and fail to address a third – whether Intervenors' interest may be impaired – or for that matter Third Circuit case law explaining that the forgoing element is satisfied when absent class members seek to intervene. The analysis thus comes down to the fourth element – adequacy of representation – which is satisfied for the reasons set forth in Intervenors' Motion as well as below. The Court should grant Intervenors' Motion.

## **ARGUMENT**

"[T]o intervene as a matter of right … the prospective intervenor must establish that: (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of

the action; and (4) the interest is not adequately represented by an existing party." *In re: Community Bank of N. Virginia and Guaranty National Bank of Tallahassee Second Mortg. Loan Litig.*, 418 F.3d 277, 314 (3d Cir. 2005). The *Community Bank* Court explained that in the "class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation." *Id.* Accordingly, "when absent class members seek intervention as a matter of right, the gravamen of a court's analysis must be on the timeliness of the motion to intervene and on the adequacy of representation." *Id.*

Co-Lead Counsel and the NFL Parties concede elements one and two. And though both rely heavily on *Community Bank* in their briefs, and while proposed Intervenors are absent class members, they ignore *Community Bank's* directive that the "third prong[] of the Rule 24(a)(2) inquiry [is] satisfied by the very nature of Rule 23 representative litigation." Instead, they take Intervenors to task for "ignor[ing]" *Devlin v. Scardelletti*, 536 U.S. 1 (2002), which supposedly is dispositive of the third prong of the inquiry.

Intervenors did not discuss *Devlin* because it is irrelevant. In *Devlin*, the Supreme Court found that a class member could appeal the denial of an objection. But whether Intervenors can appeal an objection is not at issue. Nor, for that matter, is the broader issue of whether the right to object adequately protects an absent class member (as discussed herein, it does not here). Rather, the issue is whether Intervenors can establish an "interest [that] may be affected or impaired, as a practical matter by the disposition of the action."

Intervenors do so in spades. The NFL Parties may seek to extinguish the valuable *Dent* claims by raising the Concussion release as a defense in *Dent* even though there was no compensation for those claims, which were not pleaded or litigated in the instant matter. *See* Intervenors' Motion at 7 – 9; 15 – 17. Doing so would be legally impermissible.

Since *Super Spuds*, federal courts across the country have routinely denied class case settlements that attempt to release claims based on different factual predicates and legal theories.  *Id.* at 15 – 17.  Neither Co-Lead Counsel nor the NFL Parties address that line of cases in their briefs.  That silence is unsurprising as those cases prohibit the result that Co-Lead Counsel and NHL Parties seem to desire.  But until the NFL Parties confirm they will not raise the release as a defense in *Dent*, intervenors have an interest that may be impaired by the disposition of this action.

Focusing on *Devlin* and failing to address the real issue head-on, Co-Lead Counsel and the NFL Parties implicitly concede that Intervenors can establish an "interest [that] may be affected or impaired, as a practical matter by the disposition of the action," a concession consistent with *Community Bank's* pronouncement on this issue in the class action context.  Because the opposition has effectively conceded three of the four elements at issue, the "gravamen" of this Court's analysis should be the "adequacy of representation" prong.

"Representation will be considered inadequate [in the Rule 24 context] where, although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests." *In re Johnson & Johnson Derivative Litig.*, 900 F. Supp. 2d 467, 476 – 77 (D.N.J. 2012).  Co-Lead Counsel and the NFL Parties rely heavily on *Community Bank*, with the former stating that case stands for the proposition that "the presumption of adequate representation is virtually non-rebuttable in these circumstances."  Co-Lead Counsel Brief at 15.  At least the latter recognize that *Community Bank* "allowed intervention," though it appears they seek to distinguish *Community Bank* on the grounds that it was a settlement class and the Court here has conducted a preliminary Rule 23 analysis regarding adequacy of representation.  NFL Parties' Brief at 12 – 13, n. 7.

5

But here too the parties seek to certify a settlement class and, had the NFL Parties dug a little deeper, or just read the page preceding the quote they cite from *Community Bank*, they would have seen that the *Community Bank* court remanded in part because the District Court had conducted only a preliminary analysis of the adequacy of representation issue and found that it had failed to rigorously address this issue in denying intervention.  418 F.3d at 315.  And while the panel apparently was "not in a position to characterize the settlement as collusive … the circumstances of the present case require closer scrutiny by the District Court than it appears to have given." *Id.*  Those circumstances included class counsel failing to assert "what appear[ed] to be facially viable TILA and HOEPA claims, conduct[ing] no formal discovery, and negotiate[ing] an extremely generous fee." *Id.*

No discovery was taken on, and no development was made of, the *Dent* claims in this case and the parties here agreed to a release that, in arguably including the *Dent* claims, appears to violate the established *Super Spuds* rule.  The NFL Parties' posture is completely distinguishable from the relevant facts in *Community Bank*, which does not stand for the proposition that under "these circumstances," "the presumption of adequate representation is virtually non-rebuttable." *Community Bank* stands for the contrary presumption: under these circumstances, the presumption of adequate representation is easily rebutted.  That tenet is consistent with *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 958 (3d Cir. 2012), and other already-cited cases, teaching that Intervenors' burden is "minimal."  In short, *Community Bank* instructs a District Court to rigorously analyze this issue or face reversal.

## CONCLUSION

Co-Lead Counsel and the NFL Parties' oppositions frame the issue as the protection of rights, arguing that Intervenors can do so through objections or opt-outs.  Intervenors should not

have to do so. Intervenors have not raised a "difference of opinion concerning litigation strategy or individual aspects of a remedy." NFL Parties' Brief at 13; Co-Lead Counsel Brief at 15. Nor do Intervenors ask the Court to "rewrite the terms of the proposed settlement." *Id.* at 13.

Intervenors simply seek an undertaking, a simple and clear side letter will do, from the NFL acknowledging that the League will not raise the Concussion release as a defense in *Dent* except to the extent, if any, the *Dent* class seeks to recover for concussions. Absent that acknowledgment, Intervenors have no choice but to protect their rights here through any and all means available. Intervention is the primary, and best, means by which to do so. Intervenors therefore respectfully ask this Court to grant the instant Motion and allow them to intervene as of right or permissively.

Respectfully submitted,

Date: September 10, 2014

              /s/
Ramsay M. Whitworth Esq. (Fed. Bar No. 85208)
rwhitworth@mdattorney.com
Stephen G. Grygiel (Admitted *Pro Hac Vice*)
sgrygiel@mdattorney.com
William N. Sinclair (Admitted *Pro Hac Vice*)
bsinclair@mdattorney.com
SILVERMAN|THOMPSON|SLUTKIN|WHITE|LLC
201 North Charles Street, Suite 2600
Baltimore, Maryland 21201
Tel: (410) 385-2225
Fax: (410) 547-2432

Stuart A. Davidson (Admitted *Pro Hac Vice*)
SDavidson@rgrdlaw.com
Mark J. Dearman (Admitted *Pro Hac Vice*)
MDearman@rgrdlaw.com
Robbins Geller Rudman & Dowd LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432
Tel:    (561) 750-3000
Fax:    (561) 750-3364

*Attorneys for Dent Plaintiffs*

7