# <u>Exhibit A</u>

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civil Action No. 2:14-cv-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**MOVANTS' LIMITED DISCOVERY REQUESTS**
**TO ALL SETTLING PARTIES**

Sean Morey, Alan Faneca, Roderick Cartwright, Robert Royal, Ben Hamilton, Jeff Rohrer, and Sean Considine (collectively "Movants"), through undersigned counsel, request that the Representative Plaintiffs and the NFL Parties each produce the documents requested below, and answer the interrogatories below, on or before September 26, 2014.

As under Rule 26(e)(1) of the Federal Rules of Civil Procedure, these document requests are continuing and any additional documents relating in any way to these requests which Representative Plaintiffs or the NFL acquire subsequent to the date of answering them, up to and including the time of the fairness hearing, shall be furnished to Movants promptly after such documents are acquired.

## DEFINITIONS

1.      Unless otherwise defined herein, all definitions from the June 25, 2014 Settlement Agreement (Dkt. No. 6073-2) are adopted and incorporated by reference.

2.      "ALS" shall mean the disease known as amyotrophic lateral sclerosis, often referred to as Lou Gehrig's Disease or as ALS.

3.      "Mediator" shall refer to retired U.S. District Judge Layn Phillips, as well as anyone at the law firm Irell & Manella LLP and anyone working on his behalf.

4.      The "NFL Parties" shall mean Defendants National Football League and NFL Properties, LLC, as well as their legal counsel, retained or advising experts, or agents.

5.      "Representative Plaintiffs" shall mean Kevin Turner and Shawn Wooden, as well as their legal counsel (including both class counsel and counsel for the two subclasses), retained or advising experts, or agents.

6.      "Settlement" shall mean the Settlement Agreement adopted by the Settling Parties on June 25, 2014, and preliminarily approved by the Court on July 7, 2014.

7.      "Special Master" shall refer to Perry Golkin, the Court-appointed special master in this case, or anyone acting on his behalf.

8.      "TBI" shall mean any sort of traumatic brain injury, including but not limited to a mild traumatic brain injury, concussion, or sub-concussive brain injury.

9.      The word "document" or "documents" as used in these requests shall be construed as broadly as permitted under the Federal Rules of Civil Procedure and includes, without limitation, any notes, drafts, agendas, memoranda, transactional or marketing material, letters, e-mails or other electronic mailings, reports, telegrams, facsimile transmissions, text messages, publications, presentations, contracts, drawings, designs, data sheets, specifications, research, analyses, valuations, records, calendars, journals, diaries, summaries, voicemail, audio

2

recordings, transcripts of recordings, videotapes, agreements, assignments, books, binders, accounts, photographs, business records, electronic data, and electronic or computerized data compilations, relating or pertaining in any way to the subject matter to which the requests for production refer.  A draft, non-identical copy, or identical document in a separate file or location, or maintained by a different custodian, is a separate document within the meaning of this term.

## DOCUMENT REQUESTS

1.      The documents exchanged among one or more of Representative Plaintiffs, the NFL Parties, the Mediator, and/or the Special Master, to the extent not already disclosed in Docket Entries 6167 and 6168, relating to settlement discussions in this lawsuit.

2.      All drafts of the Settlement and all drafts of the earlier settlement agreement that was filed in this action on January 6, 2014.

3.      All drafts of the long form and short form notice sent to the class.

4.      All player surveys, physician surveys, and data sets regarding the consequences of TBIs among football players.

5.      All documents reflecting any cost/benefit analyses performed concerning injuries resulting from TBIs and changes to NFL football, including changes to the rules of the game.

6.      All documents regarding projections of the incidence of CTE, Alzheimer's Disease, Parkinson's Disease, or ALS in retired NFL players, including any documents consulted or relied upon in determining responses to Interrogatory Nos. 1 and 2 below.

7.      Materials provided by the NFL Parties to members of the MTBI Committee, and agendas and minutes of  the meetings of the MTBI Committee.

8.      All documents reflecting communications by the NFL Parties to NFL players or teams concerning the risks, or lack thereof, associated with TBIs.

9.      All documents reflecting health risks to football players associated with TBIs.

## <u>INTERROGATORIES</u>

1.      State your best estimate as to how many retired NFL players had each of Alzheimer's Disease, Parkinson's Disease, ALS, and CTE at any time prior to July 7, 2014, and state how each estimate was determined.  For the estimate as to CTE, specify how many of the estimated number of players were alive and how many were deceased as of July 7, 2014.  If any of the estimates include players who also are included in your estimate for another of the listed maladies, please specify that for those estimates.

2.      State your best estimate as to how many retired NFL players will have each of Alzheimer's Disease, Parkinson's Disease, ALS, and CTE during the 65 years following July 7, 2014, and state how each estimate was determined.  If any of the estimates include players who also are included in your estimate for another of the listed maladies, please specify that for those estimates.

3.      Why does the Settlement provide a Monetary Award of up to $4 million to retired NFL players who died with CTE prior to July 7, 2014, but does not provide the same Monetary Award to a retired NFL player who dies with CTE after that date?

4.      Why does the Settlement provide a 75% reduction in any Monetary Award to retired NFL players who suffer a stroke or who incur a single TBI?

5.      Why does the Settlement exclude credit for years played in the World League of American Football, the NFL Europe League, or the NFL Europa League?

6.      Identify any information that was exchanged between the Representative Plaintiffs and the NFL Parties and that is not contained in the documents being produced in response to Document Request No. 1 above.

7.     Provide the name and professional qualifications of each individual on whose testimony (written or oral) any of the Settling Parties intends to rely at the fairness hearing, and for each such person identify the substance of the testimony.

|                                   |                                   | Respectfully submitted,                     |
| Dated: September 13, 2014         |                                   | */s/ Steven F. Molo*                        |

| William T. Hangley                | Linda S. Mullenix                 | Steven F. Molo                   |
| Michele D. Hangley               | 2305 Barton Creek Blvd.           | Thomas J. Wiegand                |
| HANGLEY ARONCHICK SEGAL           | Unit 2                            | Kaitlin R. O'Donnell             |
| PUDLIN & SCHILLER                 | Austin, TX 78735                  | MOLOLAMKEN LLP                   |
| One Logan Square                  | (512) 263-9330 (telephone)        | 540 Madison Ave.                 |
| 18th & Cherry Streets             | lmullenix@hotmail.com             | New York, NY 10022               |
| 27th Floor                        |                                   | (212) 607-8160 (telephone)       |
| Philadelphia, PA 19103            |                                   | (212) 607-8161 (facsimile)       |
| (215) 496-7001 (telephone)        |                                   | smolo@mololamken.com             |
| (215) 568-0300 (facsimile)        |                                   | twiegand@mololamken.com          |
| whangley@hangley.com              |                                   | kodonnell@mololamken.com         |
| mdh@hangley.com                   |                                   |                                  |

Eric R. Nitz
MOLOLAMKEN LLP
600 New Hampshire Ave., N.W.
Washington, DC 20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)
enitz@mololamken.com

*Attorneys for Objectors*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>        Plaintiffs,<br><br>        v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>        Defendants. | Civil Action No. 2:14-cv-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Class Members Sean Morey, Alan Faneca, Roderick Cartwright, Robert Royal, Ben Hamilton, Jeff Rohrer, and Sean Considine (collectively "Movants"), through undersigned counsel, hereby notice the deposition of the National Football League ("NFL") as an organization on the topics detailed below. This deposition may be videotaped. The NFL shall identify the person(s) who will speak on its behalf on each topic below at least seven days before the deposition(s). The taking of this deposition may be adjourned from day to day until completed.

**DATE OF DEPOSITION:**          October 3, 2014

**LOCATION OF DEPOSITION:**   MoloLamken LLP
540 Madison Avenue
New York, NY 10022

## DEFINITIONS AND INSTRUCTIONS

### DEFINITIONS

1.      "ALS" shall mean the disease known as amyotrophic lateral sclerosis, often referred to as Lou Gehrig's Disease or as ALS.

2.      The "Complaint" shall mean the Plaintiffs' Class Action Complaint filed on January 6, 2014 in action 2:14-cv-00029 (Dkt. No. 1).

3.      "Mediator" shall refer to retired U.S. District Judge Layn Phillips, as well as anyone at the law firm Irell & Manella LLP and anyone working on his behalf.

4.      The "NFL Parties" shall mean Defendants National Football League and NFL Properties, LLC, as well as their legal counsel, retained or advising experts, or agents.

5.      "Representative Plaintiffs" shall mean Kevin Turner and Shawn Wooden, as well as their legal counsel (including both class counsel and counsel for the two sub-classes), retained or advising experts, or agents.

6.      "Settlement" shall mean the Settlement Agreement adopted by the Settling Parties on June 25, 2014, and preliminarily approved by the Court on July 7, 2014.

7.      "Special Master" shall refer to Perry Golkin, the Court-appointed special master in this case, or anyone acting on his behalf.

8.      "TBI" shall mean any sort of traumatic brain injury, including but not limited to a mild traumatic brain injury, concussion, or sub-concussive brain injury.

9.      Unless otherwise defined herein, all definitions from the June 25, 2014 Settlement are adopted and incorporated by reference.

## **DEPOSITION TOPICS**

1.     Whether "the NFL has been aware that multiple blows to the head can lead to long-term brain injury, including but not limited to memory loss, dementia, depression, and CTE and its related symptoms," as alleged in paragraph 89 of the Complaint.

2.     Whether "the NFL misled players, coaches, trainers, and the public, and actively spread disinformation" regarding the potential consequences of TBIs, as alleged in paragraph 223 of the Complaint.

3.     The exchange of information and negotiations that resulted in the Settlement.

4.     The analysis of the number of retired NFL players who had Alzheimer's Disease, Parkinson's Disease, ALS, or CTE at any time prior to July 7, 2014.

5.     The analysis and projections of the number of retired NFL players who will have Alzheimer's Disease, Parkinson's Disease, ALS, or CTE at any time after July 7, 2014.

6.     How the amounts were calculated for the Baseline Assessment Program in the Settlement as well as the Monetary Award Fund in the initial settlement proposed to the Court on January 6, 2014.

Dated:  September 13, 2014                                  Respectfully submitted,

                                                          */s/ Steven F. Molo*

William T. Hangley              Linda S. Mullenix          Steven F. Molo
Michele D. Hangley             2305 Barton Creek Blvd.    Thomas J. Wiegand
HANGLEY ARONCHICK SEGAL        Unit 2                     Kaitlin R. O'Donnell
PUDLIN & SCHILLER              Austin, TX 78735           MOLOLAMKEN LLP
One Logan Square               (512) 263-9330 (telephone)  540 Madison Ave.
18th & Cherry Streets          lmullenix@hotmail.com      New York, NY 10022
27th Floor                                                (212) 607-8160 (telephone)
Philadelphia, PA 19103                                    (212) 607-8161 (facsimile)
(215) 496-7001 (telephone)                                smolo@mololamken.com
(215) 568-0300 (facsimile)                                twiegand@mololamken.com
whangley@hangley.com                                      kodonnell@mololamken.com
mdh@hangley.com
                                                          Eric R. Nitz
                                                          MOLOLAMKEN LLP
                                                          600 New Hampshire Ave., N.W.
                                                          Washington, DC 20037
                                                          (202) 556-2000 (telephone)
                                                          (202) 556-2001 (facsimile)
                                                          enitz@mololamken.com


                   *Attorneys for Objectors*

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of Pennsylvania

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | ) ) ) | |
| _____ | ) | Civil Action No.   2:12-md-02323 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                           Arnold Levin

_____

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Hangley Aronchick Segal & Pudlin One Logan Square, 27th Floor Philadelphia, PA 19103-6933 | Date and Time: 09/30/2014 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenographic and video recording

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

              *CLERK OF COURT*

                                                            OR

_____          _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Sean Morey, Alan Faneca, Ben Hamilton, Robert Royal, Roderick Cartwright, et al.                    , who issues or requests this subpoena, are:

Thomas J. Wiegand, MoloLamken LLP,  540 Madison Avenue, New York, NY 10022
email: twiegand@mololamken.com, phone: (212) 607-8180

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:12-md-02323

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

IN RE: NATIONAL FOOTBALL                )
LEAGUE PLAYERS' CONCUSSION                )
INJURY LITIGATION                )          Civil Action No.    2:12-md-02323
_____                )
THIS DOCUMENT RELATES TO:                )
ALL ACTIONS                )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                     Dianne M. Nast

_____

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Hangley Aronchick Segal & Pudlin One Logan Square, 27th Floor Philadelphia, PA 19103-6933 | Date and Time: 10/01/2014 9:00 am |
|---|---|

The deposition will be recorded by this method:    stenographic and video recording

❐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

        *CLERK OF COURT*

                                                OR

_____                        _____
*Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Sean Morey, Alan
Faneca, Ben Hamilton, Robert Royal, Roderick Cartwright, et al._____ , who issues or requests this subpoena, are:
Thomas J. Wiegand, MoloLamken LLP,  540 Madison Avenue, New York, NY 10022
email: twiegand@mololamken.com, phone: (212) 607-8180

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:12-md-02323

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br>_____<br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | )<br>)<br>)<br>)<br>)<br>) |

Civil Action No.    2:12-md-02323

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                      Christopher A. Seeger

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  MoloLamken LLP<br>540 Madison Avenue<br>New York, New York 10022 | Date and Time:<br><br>10/02/2014 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenographic and video recording

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  |  |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Sean Morey, Alan Faneca, Ben Hamilton, Robert Royal, Roderick Cartwright, et al.            , who issues or requests this subpoena, are:

Thomas J. Wiegand, MoloLamken LLP,  540 Madison Avenue, New York, NY 10022
email: twiegand@mololamken.com, phone: (212) 607-8180

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:12-md-02323

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify a subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).