IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## EMERGENCY MOTION TO MODIFY OR AMEND THE JULY 7, 2014 ORDER [6048] REQUIRING OPT-OUTS ON OR BEFORE OCTOBER 14, 2014

Plaintiffs, TREGG DUERSON, Personal Representative of the Estate of DAVID R. DUERSON, Deceased, and Ray Austin, move this Honorable Court to modify or amend paragraph 4(g) of its July 7, 2014 Order and, in support, state:

This historic Multi-District Litigation stemming from the repercussions of the NFL's denial of, and spinning of the science on, the link between repetitive head trauma and later-in-life cognitive and mental health decline was preliminarily approved for settlement on July 7, 2014. (ECF 6048.) Paragraph 4(g) of that Order requires that "requests to Opt-Out be postmarked on or before October 14, 2014." But, the October 14, 2014 Opt-Out date is unrealistic as many former NFL Players cannot, and will not, comprehend the ramifications of such a critical decision by that time.

The opt-out period is intended to allow absent class members an opportunity to reflect on and consider the settlement and its affect. *See Greenfield v. Villager Industries, Inc.*, 483 F. 2d 824, 834-6 (3d Cir 1973). Here, in the time that has elapsed since this Court granted Preliminary Approval of the Revised Proposed Settlement, the real terms of that settlement have remained shrouded in secrecy. Instead of transparency, little has been accomplished to adequately inform

Absent Class Members of the Proposed Settlement's real terms.[1] Indeed, the little that has been accomplished by the settling parties (Notice to the Class[2] and the Court-ordered disclosure of very limited data[3]), has only further confused, muddled and distorted the real terms of the settlement.

Because of the settling parties advocacy for the settlement they crafted, and their resulting failure to volunteer all the information needed to fully understand the settlement's real terms and their effect, many Absent Class Members and their families were not aware of the significant rights that were negotiated away in this Proposed Settlement. Many still may not be aware of the enormity of this proposal and its consequences upon them and their families if/when they develop disease as a result of their NFL career.

Recently, on September 12, 2014, the settling parties finally disclosed, pursuant to Court

---

[1] Plaintiff, Duerson, has tried, time and that again, to ascertain how this settlement was reached. (Duerson's Motion for Data, ECF No. 5686; Duerson's Second Motion for Data, ECF No. 6102; Duerson's Motion for Deposition of Mr. Seeger, ECF No. 6165.)

[2] The notice is misleading former players and their families into believing that death with CTE will be compensated, when, in fact, any such death after July 7, 2014 will not be entitled to compensation.
For example, the Notice defines "Qualifying Diagnosis" as "the diagnosis of ALS, Parkinson's Disease, Alzheimer's Disease, Level 2 neurocognitive impairment (i.e. moderate dementia), level 1.5 neurocognitive impairment (i.e. early dementia) or Death with CTE." Then, the Notice inaccurately promises that "a Qualifying Diagnosis may occur at any time until the end of the sixty-five year term of the settlement." This is simply untrue. As bluntly stated in the recently released reports - **"Only pre-settlement diagnoses of Death with CTE are eligible for compensation."** (ECF No. 6167 at p. 18, fn 12.)

[3] On September 12, 2014, the Special Master filed with the Court <u>certain</u> reports provided to him by the settling parties. Plaintiff, Duerson, still awaits ruling on his Second Motion to Permit the Dissemination of *All* Data Utilized by Co-Lead Counsel to negotiate both proposed settlements. (ECF No. 6102.)

Order, their reports that were provided to the Special Master in January. These reports demonstrate that:

- Only 3,488 - 3,600 former NFL players, in a class of 21,000 (approx. 16.5%) are expected to receive compensation.[4] (ECF No. 6167 at pp. 8; ECF No. 6168 at p. 40)

- For those that do receive compensation, the amount will be minimal - the average compensation amount for former NFL players diagnosed with Dementia, Alzheimer's or Parkinson's is $190,000, $270,000, or $230,000, respectively. (ECF No. 6167 at pp. 4.)

- The settling parties have agreed to, once and for all, resolve every claim of Chronic Traumatic Encephalopathy ('CTE'), for all time, for a grand total of $64.9 million. (ECF No. 6167; 6168.)

This Court was proactive in initially denying preliminary approval of the Initial Proposed Settlement in January, 2014. (ECF Nos. 5657, 5658.) Thousands upon thousands of former NFL players and their families who are affected by this settlement pray for further proactive judicial oversight at the Fairness Hearing on November 19, 2014.

Former Players and their families should not have to decide whether or not to opt-out until after the Fairness Hearing. The hearing will be eye-opening for many Absent Class Members. Should families hear Objectors' challenges to the terms of the settlement and be swayed, they should be afforded a chance to re-consider. The Fairness Hearing may result in modifications to the settlement. If/when this Court demands modification of certain terms, the

---

[4] Most (approximately 83.5%) former NFL players' brain damage claims will be forever extinguished in consideration of a benefit equal to three-thousand-two-hundred dollars ($3,200.00). In the recently released "NFL Concussion Liability Forecast", published by Thomas Vasquez and presented to the Special Master by Seeger Weiss, it is projected that the vast majority of the class (approximately 15,000 out of a class of 21,000 former NFL players) will only ever qualify for a baseline examination that costs $3,200.00. (ECF 6167 - p. 42.)

3

former players should be afforded a chance to re-consider. Once the distribution plan is adequately related to former NFL Players, and they can determine how much they may actually recover (or, if not modified or further negotiated, how their rights have been relinquished), a delayed opportunity to opt-out should be permitted.

The settlement, as currently crafted, requires the impossible of retired players who fear or suspect they may have or may develop CTE: Accept the settlement as is, and forever extinguish his and his heir's rights to legal recourse if/when their brain demonstrates CTE (while living or upon post-mortem examination); Object to the settlement and forego the right to opt-out, even if the objection is over-ruled; or, Opt-Out by October 14, 2014 and potentially miss out on a modified settlement agreement that fairly and adequately represents their interests and reasonably compensates them and their families for their damages.

It is well within this Court's discretion to amend or modify the order preliminarily approving the settlement to allow additional opt-outs beyond the October 14, 2014 deadline currently established. See David F. Herr, *Annotated Manual for Complex Litigation* §22.924, §21.611 (4th ed. 2006) *citing Amchem Products, Inc. v. Webster*, 521 U.S. 591 (1997); Fed. R. Civ. Pro. 23(e)(3). Justice demands an appropriate exercise of this discretion, under these circumstances, to protect the thousands of Absent Class Members that will be forever adversely affected by this settlement.

WHEREFORE, Plaintiffs, TREGG DUERSON, Personal Representative of the Estate of DAVID R. DUERSON, Deceased, and Ray Austin, move this Honorable Court to amend and/or modify paragraph 4(g) in its July 7, 2014 Order and extend the Opt-Out Date to an appropriate time following the Fairness Hearing of November 19, 2014.

                                              /s/ William T. Gibbs  
                                              William T. Gibbs

Thomas A. Demetrio  
William T. Gibbs  
Corboy & Demetrio, P.C.  
Attorneys for Plaintiffs  
33 North Dearborn Street  
Suite 2100  
Chicago, Illinois 60602  
312-346-3191  
Attorney I.D. No. 6282949

## Certificate of Service

On September 19, 2014, I electronically filed a copy of the foregoing document through the CM/ECF system for the United States District Court for the Eastern District of Pennsylvania, which will send a notice of electronic filing to all counsel of record and make it available for viewing and downloading from the CM/ECF system.

*/s/William T. Gibbs*
William T. Gibbs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

### [PROPOSED] ORDER

AND NOW, on this _____ day of _____, 2014, upon consideration of Plaintiffs' Emergency Motion to Modify or Amend the July 7, 2014 Order [6048] Requiring Opt-Outs on or Before October 14, 2014, it is hereby **ORDERED** that:

Paragraph 4[g] in this Court's Order of July 8, 2014 [6048] is modified and amended to permit written requests to opt-out or to be post-marked on a date(s) subsequent to November 19, 2014, such date(s) to be determined at the Fairness Hearing of November 19, 2014.

SO ORDERED this _____ day of _____, 2014.

_____
Anita B. Brody
United States District Court Judge