## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION** | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | |

### [PROPOSED] ORDER

AND NOW, this _____ day of _____, 2014, after consideration of the Myles Plaintiffs' Emergency Motion to Modify the July 7, 2014 Order (ECF No. 6048) by Continuing the Objection and Opt-Out Deadlines to a Date After Class Counsel File Their Final Approval Papers and any responses thereto, it is hereby ORDERED that the motion is GRANTED.  The schedule is modified as follows:

| Event | Current Date | New Date |
|---|---|---|
| Deadline for Class Counsel to file papers in support of final approval | November 12, 2014 | November 12, 2014 |
| Status Conference | | Week of December 1, or at the Court's convenience |
| Deadline to postmark opt outs<br><br>Deadline to postmark objections | October 14, 2014 | January 12, 2014 |
| Deadline for class members to send written notice to Court of their intent to speak at the Fairness Hearing | November 3, 2014 | January 12, 2014 |
| Deadline for Class Counsel to respond to objections | November 12, 2014 | February 12, 2014 |

| Event | Current Date | New Date |
|---|---|---|
| Deadline for Brown Greer PLC to file and serve list of opt outs | | February 12, 2014 |
| Fairness Hearing | November 19, 2014 | Week of February 16, or at the Court's convenience |

IT IS SO ORDERED.

BY THE COURT:

_____
HONORABLE ANITA B. BRODY
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION** | No. 2:12-md-02323-AB <br><br> MDL No. 2323 <br><br> **Hon. Anita B. Brody** |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | |

## EMERGENCY MOTION TO MODIFY THE JULY 7, 2014 ORDER (ECF NO. 6048) BY CONTINUING THE OBJECTION AND OPT-OUT DEADLINES TO A DATE AFTER CLASS COUNSEL FILE THEIR FINAL APPROVAL PAPERS

For the reasons set forth in the accompanying Memorandum of Law, the Myles Plaintiffs respectfully request that the Court modify the final approval schedule by continuing the deadlines for objections and opt-out requests until after Class Counsel file their motions for final approval of the settlement and for an award of attorneys' fees, class members have an opportunity to review the motions, and the Court holds a status conference to discuss whether any class member discovery is necessary and appropriate. The Myles Plaintiffs further request that the Court address their motion during on the October 7 telephone conference and include their counsel in the telephone conference.

Dated: September 23, 2014

Respectfully Submitted,

   /s/ Daniel C. Girard
Daniel C. Girard
Amanda M. Steiner
Adam. E. Polk
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846

dcg@girardgibbs.com

Philip W. Thomas
**PHILIP W. THOMAS LAW FIRM**
Post Office Box 24464
Jackson, Mississippi 39225-4464
747 North Congress St. (39202)
Telephone:  (601) 714-5660
pthomas@thomasattorney.com

John D. Giddens
Baskin Jones
**GIDDENS LAW FIRM**
226 North President Street (39236)
Post Office Box 22546
Jackson, Mississippi 39225-2546
Telephone:  (601) 355-2022
Facsimile:  (601) 355-0012

*Counsel for 214 Former NFL Players*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION** | No. 2:12-md-02323-AB <br><br> MDL No. 2323 <br><br> **Hon. Anita B. Brody** |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | |

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION
TO MODIFY THE JULY 7, 2014 ORDER (ECF NO. 6048) BY
CONTINUING THE OBJECTION AND OPT-OUT DEADLINES TO A DATE
AFTER CLASS COUNSEL FILE THEIR FINAL APPROVAL PAPERS**

## I.     Introduction

The Myles Plaintiffs are 214 retired NFL players who are members of the proposed settlement class.  They request that the Court modify the final approval schedule because the existing schedule requires class members to postmark their objections and opt-out requests by October 14, four weeks before Class Counsel file their papers in support of final approval of the settlement on November 12.  The order should be reversed.  Class Counsel should file their papers before class members must decide whether to opt out, object or support the settlement.

Modifying the schedule so that Class Counsel file their final approval papers before the objection and opt-out deadlines will give class members the opportunity to review the evidence Class Counsel intend to rely on to support the findings the Court needs to make to certify the class, grant final approval of the settlement, and award attorneys' fees.  This approach is consistent with the Advisory Committee Note accompanying Rule 23 and other authority, and is particularly appropriate in this case because the claims being settled are for serious personal injuries, actuarial information concerning the settlement was only made available for the first time 50 days after notice issued and 32 days before the deadline to opt out or object, and class members do not have the benefit of a developed record upon which to assess their options.  The proposed modification, if ordered by the Court, may also alleviate the need for the discovery requested by other class members and will eliminate a potential basis for objection to the settlement, thereby benefitting all settling parties.

The Myles Plaintiffs therefore request that the Court enter a modified schedule that continues the deadlines for objections and opt-out requests until after Class Counsel file their motions for final approval of the settlement and for an award of attorneys' fees, class members have an opportunity to review the motions, and the Court holds a status conference to discuss

whether any class member discovery is necessary.  The Myles Plaintiffs further request that the Court address their motion during on the October 7 telephone conference and include their counsel in the telephone conference.

## II.     Procedural Background

Class Counsel filed a motion for preliminary approval of the revised settlement on June 25, 2014.  ECF No. 6073.  On July 7, 2007, the Court granted preliminary approval and entered an order setting the following deadlines and hearing related to final approval of the proposed settlement:

| Date | Event |
|------|-------|
| October 14, 2014 | Deadline to postmark opt outs<br>Deadline to postmark objections |
| November 3, 2014 | Deadline for class members to send written notice to Court of their intent to speak at the Fairness Hearing<br>Deadline for Brown Greer PLC to file and serve list of opt outs |
| November 12, 2014 | Deadline for Class Counsel to respond to objections and file papers in support of final approval |
| November 19, 2014 | Fairness Hearing |

ECF No. 6084 at ¶¶ 4(g)-(k) & 5.  The Court's order directed that notice of the proposed settlement be posted on the settlement website by July 14, 2014 and mailed to class members by July 24, 2014.  *Id.* at ¶ 4(e).

Shortly after the Court granted preliminary approval, three separate requests for access to information related to the settlement were filed, two by class members and one by Bloomberg LLP and ESPN, Inc.  *See* ECF Nos. 6101, 6102, 6115.  In response to these motions, the NFL

defendants and Class Counsel agreed to produce actuarial reports and supplemental tabulations prepared by their experts that were provided to the Special Master.  ECF Nos. 6141, 6142, 6143, 6144, 6146, 6147.  The reports were filed on September 12.  ECF Nos. 6167 & 6168.  Some class members filed motions requesting the opportunity to conduct discovery in preparation for the Fairness Hearing, including requests for production, interrogatories and depositions.  *See* ECF Nos. 6165 & 6169.

Recently, class members filed emergency motions asking the Court to modify the final approval schedule by continuing the opt-out deadline until after the Fairness Hearing.  ECF Nos. ECF Nos. 6172 & 6173.  The court scheduled a telephone conference for October 7 to address these motions.  ECF No. 6176.

### III.   Class Members Should Have the Opportunity to Review Class Counsel's Final Approval Submissions Before the Comment and Opt-Out Deadlines

Although this litigation began as a series of personal injury cases, Class Counsel have proposed a class action settlement that requires court approval under Rule 23(e).  In moving for final approval of the settlement, Class Counsel must provide the Court with the evidence it needs to make findings on the Rule 23 requirements and the fairness and adequacy of the settlement. *See In re Pet Food Products Liability Litig.*, 629 F.3d 333, 351 (3d Cir. 2010) ("[C]ognizant that Rule 23(e) places a duty on district courts to safeguard the interests of class members, we believe courts may find it necessary to drill down into the case and into the agreement to make an independent, 'scrupulous' analysis of the settlement terms"); *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 318-20 (3d Cir. 2008) (holding that the district court must conduct a rigorous analysis of the evidence in deciding whether certification is warranted); *see also* Manual for Complex Litigation (Fourth) § 22.921 ("The judge must make specific findings on certification and settlement approval and must ensure that there is a record to support those

3

findings.").  In their previous filings, the Myles Plaintiffs identified some of the issues that courts must grapple with when considering class certification and settlement of personal injury claims, particularly when the settlement is reached before formal discovery has been conducted.  *See* ECF Nos. 5778, 5856.

The function of counsel for absent class members is to advise their clients of both the relative risks and rewards of settlement and the procedural risks associated with the proposed settlement.  In deciding whether to support the settlement or not, a class member is entitled to his counsel's assessment of whether the settlement is likely to pass muster both in the district court and upon appellate review.  The Myles Plaintiffs have no control over other class members' decisions to contest the settlement or pursue an appeal, but those decisions could result in the settlement being delayed and possibly overturned on appeal if the settlement is not supported by sufficient evidence.  Similarly, the settlement provides for payment of a significant attorneys' fee.  Without taking a position as to the propriety of the fee, class members should at least know the basis for the application before they decide whether or not to raise an objection.  Modifying the final approval schedule will ensure that class members have an opportunity to review Class Counsel's evidence in support of the settlement before having to make these important decisions.

A.    **Commentators and Courts Recognize That Class Members Must Have Access to Sufficient Information to Evaluate Class Action Settlements**

Both commentators and courts have recognized the importance of providing class members with sufficient information to evaluate a proposed class action settlement before they must decide whether to object or opt out.  In the Principles of the Law of Aggregate Litigation, the American Law Institute explained that the filing of class counsel's motion for final approval and attorneys' fee should precede the deadline for objections and exclusions:  "In any order following preliminary review, the court must establish a schedule for the submission of papers

4

supporting the motion to approve the settlement and the motion for attorneys' fees.  Absent

special circumstances, the schedule should provide a reasonable time for class members and

objectors to respond after the submission of the moving papers."  American Law Institute,

Principles of the Law of Aggregate Litigation § 3.03 (2010).  Setting an appropriate schedule is

"[a]n important determinant in whether objectors are able to make meaningful submissions

regarding the fairness of a class settlement and a request for attorneys' fees."  *Id.*, cmt. a.  As

with typical motion practice, "class members should not be required to make their submissions

until after the moving record is complete."  *Id.*

Federal Rule of Civil Procedure 23(h) states that class members may object to a motion

for an award of attorneys' fees.  Fed. R. Civ. P. 23(h).  In its 2003 Committee Notes, the

Advisory Committee on Rules of Civil Procedure said that "[i]n setting the date objections are

due, the court should provide sufficient time after the full fee motion is on file to enable potential

objectors to examine the motion."   Fed. R. Civ. P. 23, 2003 Advisory Committee Notes, ¶ 68.

The Ninth Circuit cited this provision in holding that "[w]hen the district court sets a schedule

that denies the class an adequate opportunity to review and prepare objections to class counsel's

completed fee motion, it fails to fulfill its fiduciary responsibilities to the class."  *In re Mercury*

*Interactive Corp. Securities Litig.*, 618 F.3d 988, 993-95 (9th Cir. 2010).

The Third Circuit has also recognized the importance of ensuring that class members are

well informed about their claims and the facts supporting class action settlements.  In the typical

case, where the parties have engaged in formal discovery before negotiating a settlement, class

members should be given access to the discovery.  *See, e.g., In re Prudential Insurance Co. of*

*America Sales Practices Litig.*, 148 F.3d 283, 325 (3d Cir. 1996) (noting that an objecting class

member "had ample opportunity to avail himself of the substantial discovery provided to Lead

Counsel"); *see also* Manual for Complex Litigation (Fourth) § 21.643 (2004) ("Parties to the settlement agreement should generally provide access to discovery produced during the litigation phases of the class action (if any) as a means of facilitating appraisal of the strengths of the class positions on the merits.").  Class members in the other recent cases involving the settlement of personal injury claims cited in Class Counsel's motion for preliminary approval had the benefit of substantial discovery that had been conducted before the settlements were negotiated.  *See, e.g., In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, 295 F.R.D. 112, 148 (E.D. La. 2013) (more than 300 fact and expert witnesses were deposed, 90 million pages of documents were produced, and more than 80 expert witness reports were exchanged); *In re Diet Drugs Products Liability Litig.*, 2000 WL 1222042, at *3-4 (E.D. Pa. Aug. 28, 2000) (more than 6 million documents were produced by the defendant, about 100 fact depositions had been taken, and extensive expert discovery had been conducted, including production of reports and depositions).

The courts that approved the personal injury settlements relied upon by Class Counsel also ensured that class members were adequately informed before they had to decide whether to object or opt out.  In *Deepwater Horizon*, the court ordered the final approval and attorney fee motions to be filed on August 13, 2012, objections to be filed nearly four weeks later on September 7, and opt outs to be postmarked by November 1, after class members had a chance to review the final approval and fee motions, all of the objections, and the parties' responses to the objections.  910 F. Supp. 2d at 902.  In the *Diet Drugs* litigation, Judge Bartle incorporated a discovery period into the settlement process to ensure that class members were adequately informed about the settlement and their options.  The court established a "Special Discovery Court" that convened on a weekly basis leading up to the final approval hearing.  *In re Diet*

*Drugs*, 2000 WL 1222042, at *5.  Ten weeks before the fairness hearing, the court required class

counsel and the defendants to file with the court a list of all fact witnesses they intended to call at

the hearing along with a statement of their expected testimony, copies of all documents and other

exhibits they intended to offer into evidence, a list of all expert witnesses to be called, and copies

of the experts' written reports and other material required by Rule 26(a)(2).  *Id.* at *6.

### B.       Unless the Schedule Is Modified, Class Members Will Not Have Information They Need to Evaluate the Settlement

Unlike more typical class action settlements of consumer or financial claims, where class

members' recoveries are easily calculable, this case involves diverse and serious personal

injuries.  Class members have developed or risk developing severe and potentially life-

threatening illnesses as a result of the traumatic brain injuries they suffered during their NFL

careers.  Treatment for these illnesses and lost employment opportunities could cost class

members many millions of dollars.  Because the stakes are so high and the future so uncertain,

class members must carefully evaluate whether it is in their best interest to participate in the

settlement or to opt out, and whether to object to any of the terms of the settlement if they choose

to participate.

The motion for final approval will presumably be supported by evidence relating to class

members' claims and the relief offered by the settlement, the very type of evidence that class

members (and the Court) need to evaluate the settlement.  Class members have some of that

information now that the actuarial reports prepared by Class Counsel's and the NFL defendants'

experts have been provided to them.  But as Class Counsel have previously acknowledged, class

members should also be permitted to review the materials prepared by the medical, actuarial and

economic experts Class Counsel used "to develop an appropriate settlement framework," ECF

No. 5699 at 1, not just the actuarial reports prepared for the Special Master after the settlement

had been negotiated.  As Class Counsel recognized, the expert materials should "be provided to absent class members to permit them a basis and sufficient time to inform their decision as to how best to evaluate the settlement."  *Id.*  The attorney fee motion is also relevant to class members' evaluation of the proposed settlement, in part because the settlement will require the ongoing attention of Class Counsel and their successors as they must protect class members' interests and monitor the work of the various professionals involved in the administration of the settlement benefits over its 65-year term.[1]

By modifying the schedule to set the objection and opt-out deadlines after Class Counsel have filed their papers in support of final approval, the Court will ensure that class members have the opportunity to review all of the evidence supporting the settlement before having to make important decisions about their participation in the settlement and whether to file objections.  The modification may also alleviate the need for the discovery that some class members have requested, and the Myles Plaintiffs therefore propose a schedule that includes a status conference at which the Court can determine whether any discovery is necessary and appropriate.  Although this schedule requires the Court to continue the Fairness Hearing,[2] the notice informed class members that the hearing might be moved to a different date and to check the settlement website for updates.  *See* ECF No. 6093-1 at 19.

The Myles Plaintiffs propose the following schedule:

---

[1] This unique aspect of the proposed settlement distinguishes it from the more typical financial settlement and percentage-of-the-fund fee award in *Cassese v. Williams*, where the Second Circuit found no due process violation in requiring the objections to be filed before the fee motion under the particular circumstances of that case.  503 F. App'x 55, 57-58 (2d Cir. 2012).

[2] If the Court prefers to maintain the November 19 date for the Fairness Hearing, it would need to accelerate the deadline for Class Counsel to file their papers in support of final approval.

| Event | Current Date | New Date |
|---|---|---|
| Deadline for Class Counsel to file papers in support of final approval | November 12, 2014 | November 12, 2014 |
| Status Conference | | Week of December 1, or at the Court's convenience |
| Deadline to postmark opt outs<br><br>Deadline to postmark objections | October 14, 2014 | January 12, 2014 |
| Deadline for class members to send written notice to Court of their intent to speak at the Fairness Hearing | November 3, 2014 | January 12, 2014 |
| Deadline for Class Counsel to respond to objections | November 12, 2014 | February 12, 2014 |
| Deadline for Brown Greer PLC to file and serve list of opt outs | | February 12, 2014 |
| Fairness Hearing | November 19, 2014 | Week of February 16, or at the Court's convenience |

## IV.    Conclusion

The Myles Plaintiffs respectfully request that the Court modify the existing schedule by continuing the deadlines for objections and opt-out requests until after Class Counsel file their motions for final approval of the settlement and for an award of attorneys' fees, class members have an opportunity to review the motions, and the Court holds a status conference to discuss whether any class member discovery is necessary and appropriate.  The Myles Plaintiffs further request that the Court address their motion during on the October 7 telephone conference and include their counsel in the telephone conference.

Dated: September 23, 2014                    Respectfully Submitted,

                                                     /s/ Daniel C. Girard
                                                    Daniel C. Girard

Amanda M. Steiner
Adam. E. Polk
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846
dcg@girardgibbs.com

Philip W. Thomas
**PHILIP W. THOMAS LAW FIRM**
Post Office Box 24464
Jackson, Mississippi 39225-4464
747 North Congress St. (39202)
Telephone:  (601) 714-5660
pthomas@thomasattorney.com

John D. Giddens
Baskin Jones
**GIDDENS LAW FIRM**
226 North President Street (39236)
Post Office Box 22546
Jackson, Mississippi 39225-2546
Telephone:  (601) 355-2022
Facsimile:  (601) 355-0012

*Counsel for 214 Former NFL Players*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323 (AB) MDL No. 2323 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**CERTIFICATE OF SERVICE**

On September 23, 2014, I electronically filed the foregoing documents the CM/ECF system for the United States District Court for the Eastern District of Pennsylvania, which will send a notice of electronic filing to all counsel of record and make it available for viewing and downloading from the CM/ECF system,

Respectfully Submitted,

    /s/ Daniel C. Girard

Daniel C. Girard
Amanda M. Steiner
Adam. E. Polk
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846
dcg@girardgibbs.com

Philip W. Thomas
**PHILIP W. THOMAS LAW FIRM**
Post Office Box 24464
Jackson, Mississippi 39225-4464
747 North Congress St. (39202)
Telephone:  (601) 714-5660
pthomas@thomasattorney.com

John D. Giddens
Baskin Jones
**GIDDENS LAW FIRM**
226 North President Street (39236)
Post Office Box 22546
Jackson, Mississippi 39225-2546
Telephone:  (601) 355-2022
Facsimile:  (601) 355-0012

*Counsel for 214 Former NFL Players*