# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Hon. Anita B. Brody |
| | No. 12-md-2323-AB |
| THIS DOCUMENT RELATES TO: | No. 14-01995-AB |
| *ALBERT LEWIS et al., v. KANSAS CITY CHEIFS FOOTBALL CLUB, INC.,* | No. 14-03383-AB |
| and | MDL No. 2323 |
| *NEIL SMITH et al., v. KANSAS CITY CHIEFS FOOTBALL CLUB, INC.* | |

**RESPONSE TO EMERGENCY MOTIONS TO MODIFY OR AMEND THE JULY 7, 2014 ORDER [6084] REQUIRING OPT-OUTS ON OR BEFORE OCTOBER 14, 2014 AND FOR JOINDER IN THE MOTION TO MODIFY OR AMEND THE JULY 7, 2014 ORDER [6084] REQUIRING OPT-OUT ON OR BEFORE OCTOBER 14, 2014**

Plaintiffs, Twenty-Three Former Employee-Players of the Kansas City Chiefs (hereinafter collectively referred to as "Plaintiffs") respectfully file the following response to the Motion to Modify or Amend the July 7, 2014 Order [6084] Requiring Opt-Out on or Before October 14, 2014, (ECF No. 6172), and the Emergency Motion for Joinder in the Motion to Modify or Amend the July 7, 2014 Order [6084] Requiring Opt-Out on or Before October 14, 2014, (ECF No. 6173), in accordance the Court's Order [6177].

Plaintiffs join in and incorporate by reference the argument and prayer set forth in ECF 6172. Counsel therein succinctly stated the necessity of extending the Opt-Out Date. Plaintiffs, however, make the following additional observation in an effort to facilitate the Court's consideration of the issue.

Fed.R.Civ.P. 23(e) sets forth the following procedures applicable to a proposed settlement class:

(1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.

(2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

(3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.[1]

(4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

(5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

It is evident in the Rule that *prior* to the approval of a class action settlement (which may be granted only after a hearing and on finding that it is fair, reasonable, and adequate), notice must be sent to all persons who would be bound by a proposed settlement. Fed.R.Civ.P. 23(e)(1)-(2). Moreover, the Rule requires that the parties seeking approval of the class action settlement file a statement, prior to its approval, identifying any agreement made in connection with the proposal. Fed.R.Civ.P. 23(e)(3). Finally, subpart (4) provides that if the class was *previously certified* under Rule 23(b)(3), the proposed settlement must afford class members a *new* opportunity to request exclusion to class members who earlier chose not to request exclusion.

Although Rule 23(e) says nothing of affording class members an opportunity to request exclusion in the event that a class was <u>not</u> previously certified, reason dictates and the Rules

---

[1] Moreover, the Advisory Committee Notes further provide that "in cases subject to court review of a proposed settlement under Rule 23(e), it would be important to require the filing of at least the initial [fee] motion in time for inclusion of information about the motion in the notice to the class about the proposed settlement that is required by Rule 23(e)." Fed.R.Civ.P. 23(h) Adv. Comm. Notes 2003.

require that if the class was not previously certified, the proposed settlement must afford class members an opportunity to request exclusion *after* its approval.

### I.      Rule 23 No Longer Allows the Court to Conditionally Certify a Class Action.

As a result of the 2003 amendments to Rule 23(c)(1)(C), a district Court may no longer conditionally certify a class action. *See In re Initial Pub. Offerings Sec. Litig.,* 471 F.3d 24, 39 (2d Cir. 2006) decision clarified on denial of reh'g sub nom. *In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70 (2d Cir. 2007)("[T]he amended rule removes from prior Rule 23(c)(1)(C) the provision that class certification "may be conditional."). Rather, the Advisory Committee states that "[a] court that is not satisfied that the requirements of Rule 23 have been met should refuse certification until they have been met." Fed.R.Civ.P. 23(c)(1)(C) Adv. Comm. Notes 2003.[2] The Third Circuit has confirmed that as a result of the Rule's change, a court may no longer conditionally certify a class action. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 320 (3d Cir. 2008), as amended (Jan. 16, 2009)("While these amendments do not alter the substantive standards for class certification, they guide the trial court in its proper task-to consider carefully all relevant evidence and make a *definitive* determination that the requirements of Rule 23 have been met before certifying a class.")(Emphasis added). It necessarily follows that if a Court may not conditionally certify a class action, "class members" may not be required to request exclusion from a class that does not yet exist.

In the case *sub judice*, the Court has not yet certified a class action. Thus, members of the Rule 23(e)(1) "notice class" may not yet be required to request exclusion from the as-yet certified class.

---

[2] *But see Denney v. Deutsche Bank AG*, 443 F.3d 253, 270 (2d Cir. 2006)(deciding that a district judge may approve a settlement, even if it does not allow a new opportunity to members of a *previously certified class* to elect exclusion, where the terms of the settlement have improved since the original opt-out period).

**II.    Absent Circumstances not Present Here, Notice of a Proposed Class Action Settlement Must be Sent *Prior* to Certification of the Class for Settlement Purposes.**

Although a class has not yet been certified, this is not to say that notice of the proposed settlement should wait until after certification. Notice of a proposed settlement must be sent to "class members" who would be bound by a settlement proposal in accordance with Rule 23(e) whether or not the class was previously certified under Rule 23(b)(3). Where a settlement is proposed prior to certification, as in this case, notice of the settlement will most often be sent *prior* to certification and apart from the notice of class certification. Indeed, the Rule itself as well as the Advisory Committee Notes accompanying the Rule include numerous references both to the "settlement notice" as well as to the nature of the action, during the settlement notice period, as "pre-certification." *See e.g.,* Fed.R.Civ.P. 23(h) Adv. Comm. Notes 2003; Fed.R.Civ.P. 23(g)(2)(a) Adv. Comm. Notes 2003.

The Advisory Committee Notes to Fed.R.Civ.P. 23(e)(3), for example, state that "[a]n agreement by the parties themselves to permit class members to elect exclusion [after the settlement terms are known] may be one factor supporting approval of the settlement." Indeed, subdivision (e)(3) authorizes the court to refuse to approve a settlement unless the settlement affords class members an opportunity to request exclusion *after* settlement terms are known. In rare circumstances, not applicable here, it may be possible to provide simultaneous notice of class certification and notice of settlement. *See* Fed.R.Civ.P. 23(e)(3) Adv. Comm. Notes 2003 ("In some cases, particularly if settlement appears imminent *at the time of certification*, it may be possible to achieve equivalent protection by deferring notice and the opportunity to elect exclusion until actual settlement terms are known. This approach avoids the cost and potential confusion of providing two notices and makes the single notice more meaningful. But notice should not be delayed unduly after certification in the hope of settlement.")(Emphasis added).

However, in most cases, and certainly here, providing two notices— (1) notice of the proposed settlement and (2) notice of certification and permission to elect exclusion—is necessary.

### III. Notice of Class Certification, Which May be Sent Only After Actual Certification, Must Afford Class Members an Opportunity to Request Exclusion.

In short, notice of a proposed class action settlement, which serves to apprise persons potentially bound by the settlement of its terms and of their right to object prior to or at a fairness hearing, is a distinct creature from the notice which is sent to members of a certified class affording them the right to request exclusion from the class. Only when a class action is first certified under Rule 23(b)(3) and shortly thereafter a proposed settlement is reached can a single notice serve both purposes. *See* Fed.R.Civ.P. 23(e)(3) Adv. Comm. Notes 2003. In this case, a class has <u>not</u> been certified under Rule 23(b)(3). *See* ECF No. 6084. Therefore, the notice which was ordered to be sent to persons potentially bound by the settlement cannot serve both to notify persons of the proposed settlement terms *and* require that putative class members elect whether to opt out prior to their becoming members of a certified class.

Thus, while the Court was correct to direct notice to all persons potentially bound by the proposed settlement, Plaintiffs respectfully urge that the Court erred insofar as it established an opt-out date prior to certifying the class.

Having already ordered that notice be sent to the "notice class," Plaintiffs urge that the next step, after affording the "notice class" an opportunity to object to the proposed settlement in accordance with Rule 23(e)(5), is to either grant or refuse certification of the class and, if certified and if the settlement is finally approved, then, and only then, may the court provide class members an opportunity to request exclusion.[3]

---

[3] This Court, as many others have, relied on the *Manual for Complex Litigation (Fourth)* in fashioning the notice and opt-out procedures established in its order preliminarily approving the

WHEREFORE, Plaintiffs respectfully join in moving this Court to amend and/or modify paragraph 4(g) in its July 7, 2014 Order and extend the Opt-Out Date to an appropriate date after the Fairness and Class Certification Hearing. Plaintiffs further request that the Court include their counsel in the telephone conference on October 7, 2014 as such counsel wish to be heard by the Court on this subject.

Dated: September 26, 2014               Respectfully Submitted,

                                        THE KLAMANN LAW FIRM, P.A.

                                        /s/ Andrew Schermerhorn
                                        John M. Klamann, MO
                                        Andrew Schermerhorn, MO
                                        Paul D. Anderson, MO
                                        4425 Main Street, Ste. 150
                                        Kansas City, MO 64111
                                        Telephone: (816) 421-2626
                                        Facsimile: (816) 421-8686
                                        jklamann@klamannlaw.com
                                        aschermerhorn@klamannlaw.com
                                        panderson@klamannlaw.com

                                        HUMPHREY, FARRINGTON & McCLAIN, P.C.
                                        Kenneth B. McClain, MO
                                        Lauren E. McClain, MO
                                        Timothy J. Kingsbury, MO
                                        221 West Lexington, Suite 400
                                        Independence, MO 64051
                                        Telephone: (816) 836-5050
                                        Facsimile: (816) 836-8966
                                        kbm@hfmlegal.com
                                        lem@hfmlegal.com
                                        tjk@hfmlegal.com

---

terms of the proposed settlement. *See* ECF No. 6083. Generally, Plaintiffs would be seriously remiss to suggest that the Manual is wrong. However, in this case, Plaintiffs suspect that the Manual has led the Court astray, as it has others in the past. For example, the Manual still refers to Fed.R.Civ.P. 23(e)(1)(B) in describing the class action settlement notice. *Manual for Complex Litigation (Fourth)* § 21.632 (2013). However, there is currently no Rule 23(e)(1)(B).

THE POPHAM LAW FIRM, P.C.
Wm. Dirk Vandever, MO
712 Broadway, Suite 100
Kansas City, MO 64105
Telephone: (816) 221-2288
Facsimile: (816) 221-3999
dvandever@pophamlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2014, I caused the foregoing Motion to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

/s/ *Andrew Schermerhorn*
Andrew Schermerhorn, MO