IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : : | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO<br><br>All Actions | : : : : : | |

**BRAIN INJURY ASSOCIATION OF AMERICA'S MOTION
FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

The Brain Injury Association of America ("BIAA") respectfully moves for leave to file an *amicus curiae* brief to aid the Court in its assessment of the preliminarily-approved settlement's ultimate fairness. BIAA is the nation's oldest and largest nationwide brain injury advocacy organization. Its mission is to advance brain injury prevention, research, treatment, and education, and to improve the quality of life for all individuals affected by brain injury. Decades of work in the field make BIAA uniquely capable of contributing to the Court's understanding of the consequences of the unprecedented settlement in this case. Accordingly, BIAA asks the Court for leave file an *amicus curiae* brief in advance of the Fairness Hearing scheduled for November 19, 2014 (Dkt. 6084 at 7) to assist the Court in assessing the fairness of the preliminarily-approved settlement.

As grounds for this motion, BIAA states as follows:

1. The Court earlier denied as moot BIAA's initial request to assist the Court as "*amicus*-plus" in assessing what became the first, and ultimately rejected, proposed settlement in

this case. (Dkt. 6103.)  BIAA here moves simply for leave to file an *amicus curiae* brief addressing the fairness of the new, preliminarily-approved settlement.

      2.      BIAA has at least two special interests justifying its request to participate in this case.  First, under the preliminarily-approved settlement, defendant National Football League will allocate $10 million of the settlement funds toward medical and safety education for football players, including children, and their families.  As the nation's leading advocate for all persons who have sustained brain injuries, BIAA has an interest in ensuring that these funds are directed toward projects with the greatest scientific backing and benefit for players and the public.  BIAA's deep understanding of the disease-causative and disease-accelerative nature of brain injury, as well as the episodic and long-term treatment and support needs of patients and family caregivers, can help the Court evaluate questions of neuroscience and public health that the parties might not have sufficient incentive or expertise to bring to the Court's attention.  Second, the largest piece of the settlement is to be allocated toward an injury compensation fund for eligible retired players who manifest severe cognitive impairment.  BIAA and its team of experts (including National Medical Director Brent E. Masel, M.D., who authored the seminal paper, "Conceptualizing Brain Injury as a Chronic Disease"), are uniquely qualified to help the Court evaluate questions of fairness with respect to eligibility parameters and compensation levels in the proposed settlement by analyzing how these determinations relate to the progressive physical, psychiatric, and cognitive disease processes that are caused and/or accelerated by brain injury, but may not manifest in clinically significant symptoms upon initial examination.  The Declaration of Drs. Brent E. Masel and Gregory J. O'Shanick, attached as Exhibit 2 to this Motion, provides further detail on the types of information BIAA is prepared to provide.

3. BIAA's special interests are not represented in the litigation. Whereas both plaintiffs and defendants represent their own limited constituencies, and the Special Master provided independent financial-related assistance, BIAA is an independent, national organization, whose interest is in the entire field of brain injury, and its work benefits all who suffer from brain injury. BIAA's interests correspond to the strong public interest in ensuring that the eligibility criteria adopted in this settlement do not exclude individuals who may already be at great risk of future neurological deficits, and who ultimately could make significant claims on public health resources. BIAA, as the voice of brain injury in the United States, can help the Court ensure that these larger public interests are not neglected in the settlement.

4. BIAA proffers timely and useful information that will aid the Court in assessing the fairness of the proposed settlement. BIAA's expertise regarding brain injury, such as its expert knowledge of how brain injuries evolve over a lifespan, will aid the Court in assessing the fairness of how eligibility for the injury compensation fund is determined, and its work advocating for brain injury education, prevention, research, and treatment will enable BIAA to advise the Court on the fairness of any allocation of funds toward these activities. BIAA's submission of an *amicus curiae* brief before the Fairness Hearing will be timely and will not delay the Court's assessment of the settlement's fairness.

5. BIAA is not partial to a particular outcome in this case. BIAA is not partial to whether the case settles; and if it does, BIAA does not care whether any defendant admits liability as part of the settlement, or whether any particular amount goes to any specific player or group of players. BIAA's mission is to help the victims (and their families) whose lives have been devastated by brain injury, to educate the public (including present and future participants in contact sports) about brain injury, and to work toward preventing brain injury.

For the foregoing reasons, and for those more fully discussed in BIAA's accompanying memorandum in support and in the attached Declaration of Drs. Masel and O'Shanick, this Court should grant BIAA's motion.

Date:  September 30, 2014

Respectfully submitted,

Brain Injury Association of America, Proposed *Amicus Curiae*

By: /s/ Christopher J. Wright

Christopher J. Wright, DC Bar No. 367384
Stephen W. Miller, DC Bar No. 1018103
Harris, Wiltshire & Grannis LLP
1919 M Street, NW, Eighth Floor
Washington, DC 20036
(202) 730-1300
(202) 730-1301 (fax)
cwright@hwglaw.com
smiller@hwglaw.com
(Admitted *pro hac vice*)