UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: NATIONAL FOOTBALL
LEAGUE PLAYERS' CONCUSSION
INJURY LITIGATION

THIS DOCUMENT RELATES TO:
ALL ACTIONS

: No. 2:12-md-02323-AB
:
: MDL No. 2323

### CO-LEAD CLASS COUNSEL'S RESPONSE TO DUERSON'S MOTION TO PERMIT THE TAKING OF MR. SEEGER'S DEPOSITION

Absent Class Member, Tregg Duerson, Personal Representative of the Estate of David Duerson, deceased ("Movant" or "Duerson"), through his attorneys, Corboy & Demetrio, P.C., moves this Court for an Order allowing his counsel, Thomas A. Demetrio, to take the deposition of Co-Lead Class Counsel, Christopher A. Seeger ("Duerson's Motion for Seeger's Deposition") [ECF No. 6165]. Co-Lead Class Counsel submit that Movant has not and, in fact, cannot demonstrate that this "admittedly rare request," to take Mr. Seeger's deposition should be granted. *See* Affidavit of Thomas A. Demetrio ("Demetrio Affidavit") [ECF No. 6165-1], at ¶ 2.

Again, as in Duerson's Second Motion for Dissemination of Data [ECF No. 6102] and his original Motion To Permit the Dissemination to Counsel of Record All Data Utilized by Co-Lead Counsel To Reach the Proposed Settlement [ECF No. 5686], Duerson fails to submit a memorandum of law in support of his request. Again, he relies solely upon the Affidavit of his counsel, *i.e.*, upon Mr. Demetrio's beliefs. In this Affidavit, Mr. Demetrio asserts that "it is important to question Mr. Seeger" in order to gain "an informed understanding of the dynamics of the settlement discussions and negotiations." *See* ECF No. 6165-1 at ¶¶5 and 2(c). Thus,

Movant readily admits that the sole reason he seeks Mr. Seeger's deposition is to delve into the settlement negotiations.  Yet, Movant fails even to attempt to satisfy the clear requirement for any inquiry into settlement negotiations – the demonstration of collusion among the parties in reaching the settlement, through independent evidence.

Additionally, the single quote to legal authority contained in the two-page Duerson's Motion for Seeger's Deposition, *i.e.*, "[i]t is important to have an informed understanding of the dynamics of the settlement discussions and negotiations, the participants, and the steps taken by those negotiating on the plaintiffs' behalf to protect the procedural and substantive rights and interests of those whose claims they propose to settle," is taken out of context.  *See* ECF No. 6165, at 1 (citing Manual for Complex Litigation (Fourth) § 22.921 (2004) ("MCL")).  This discussion in the MCL speaks to the importance of the possession of this informed understanding by *the court*, not by *the objectors*.  Indeed, Duerson conspicuously omits the sentence that follows the quoted language.  The next sentence reads: "[a] judge should consider conducting such an inquiry in chambers if necessary to preserve confidential aspects of negotiations."  *Id.*

Further, it is axiomatic that a request for discovery concerning settlement negotiations cannot even be entertained unless there has been an independent showing of collusion between the settling parties that leads the court to conclude that additional information regarding the settlement negotiations is relevant to the court's evaluation of the settlement's fairness.  MCL at § 21.643 ("A court should not allow discovery into the settlement-negotiation process unless the objector makes a preliminary showing of collusion or other improper behavior.").  *See Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co. of Chicago*, 834 F.2d 677, 684 (7th Cir. 1987) (holding that discovery of settlement negotiations "is proper only where the party seeking it lays a foundation by *adducing from other sources* evidence indicating that the

settlement may be collusive.")(emphasis added). *See also Lobatz v. U.S. West Cellular of California, Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000) (citing to *Mars, supra,* denying discovery requested and holding "[w]e agree with the Seventh Circuit that "discovery [of settlement negotiations] is proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive."); *Hemphill v. San Diego Ass'n of Realtors*, 225 F.R.D. 616, 620 (S.D. Cal. 2005)(same); *In re Domestic Air Transp. Antitrust Litig.*, 144 F.R.D. 421, 424 (N.D. Ga. 1992) ("objectors are not entitled to discovery concerning settlement negotiations between the parties in the absence of evidence indicating that there was collusion between plaintiffs and defendants in the negotiating process"); *In re Lupron® Marketing and Sales Practices Litig.*, MDL No. 1430, 2005 WL 613492, at *3-4 (D. Mass. Mar. 16, 2005) (finding that objectors "failed to make any independent showing that the settlement may have been reached as the result of collusion," and that purported "'evidence' of collusion" put forth by objectors failed to demonstrate any collusion, and granting motions to quash subpoenas to depose MDL plaintiff counsel and defense counsel); *Smith v. Sprint Commun. Co., L.P.*, No. 99-C-3844, 2003 WL 715748, at * 2 (N.D. Ill. Feb. 27, 2003) ("This evidence must come from sources other than the settlement agreement itself, and only a showing of wrongdoing separate from the claim that the settlement is unfair or inadequate will meet this test.").

Movant has not even attempted to make the independent showing of collusion required to justify such discovery – nor could he. As recognized by this Court multiple times, the settling parties negotiated in good faith and at arm's length, and through the involvement of objective, court-appointed third parties, a Mediator and a Special Master. On August 29, 2013, upon being advised by the court-appointed Mediator, Layn Phillips, that the parties had signed a Term Sheet

3

incorporating principal terms of a settlement, this Court "commend[ed] the parties and their counsel on their extensive and good faith negotiations and thank[ed] Judge Phillips for his diligence in assisting the parties in reaching an agreement." [ECF No. 5235.] Again, on January 14, 2014, when the Court denied preliminary approval of the then-proposed settlement, without prejudice, the Court observed, "Counsel for the Plaintiffs and the NFL Parties have made a commendable effort to reach a negotiated resolution to this dispute.  There is nothing to indicate that the Settlement is not the result of good faith, arm's-length negotiations between adversaries." [ECF No. 5657, at 10.]  Finally, in preliminarily approving the settlement proposed in June 2014, on July 7, 2014, the Court held:

> Here, the parties participated in settlement discussions under the auspices of Judge Phillips. *See generally* Pl.'s Mot. Ex. D, Declaration of Layn R. Phillips ("Phillips Decl."), June 25, 2014, ECF No. 6073. Judge Phillips guided the parties through nearly two months of negotiations.  The parties attended numerous mediation sessions and aggressively asserted their respective positions.  The discussions were at times contentious.  *See* Phillips Decl. ¶¶ 5-6.  In the end, the parties arrived at an agreement that remains the foundation for the revised Settlement.  Since the denial without prejudice of the prior motion for preliminary approval, the parties, with guidance from Special Master Golkin, conducted further hard-fought negotiations to satisfy my concerns.  Therefore, it appears that the proposed Settlement is the product of good faith, arm's length negotiations.

[ECF No. 6083, at 10.]

4

As Duerson utterly ignores the requirement of an independent showing of collusion, we respectfully request that Duerson's Motion for Seeger's Deposition be denied.

Dated: October 2, 2014

                          Respectfully submitted,
                          /s/ Christopher A. Seeger
                          Christopher A. Seeger
                          SEEGER WEISS LLP
                          77 Water Street
                          New York, NY 10005
                          Phone: (212) 584-0700
                          Fax: (212) 584-0799
                          cseeger@seegerweiss.com

                          **Co-Lead Class Counsel**

                          Sol Weiss
                          ANAPOL SCHWARTZ
                          1710 Spruce Street
                          Philadelphia, PA 19103
                          Phone: (215) 735-1130
                          Fax: (215) 735-2024
                          sweiss@anapolschwartz.com

                          **Co-Lead Class Counsel**

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing was served electronically via the Court's electronic filing system on the 2nd day of October, 2014, upon all counsel of record.

Dated: October 2, 2014

/s/ Christopher A. Seeger

Christopher A. Seeger