# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | **Hon. Anita B. Brody** |
| | No. 12-md-2323-AB |
| THIS DOCUMENT RELATES TO: | No. 14-01995-AB |
| *ALBERT LEWIS et al., v. KANSAS CITY CHEIFS FOOTBALL CLUB, INC.*, | No. 14-03383-AB |
| and | MDL No. 2323 |
| *NEIL SMITH et al., v. KANSAS CITY CHIEFS FOOTBALL CLUB, INC.* | |

**REPLY BY 23 FORMER EMPLOYEE-PLAYERS OF THE KANSAS CITY CHIEFS TO CO-LEAD CLASS COUNSEL'S AND TO THE NATIONAL FOOTBALL LEAGUE AND NFL PROPERTIES LLC RESPONSE OMNIBUS RESPONSE TO: (1) DUERSON'S EMERGENCY MOTION TO MODIFY OR AMEND THE JULY 7, 2014 ORDER REQUIRING OPT-OUTS ON OR BEFORE OCTOBER 14, 2014 ["DEURSON MOTION"] [ECF NO. 6172]; (2) BUSH FAMILY'S JOINDER IN DUERSON MOTION [ECF NO. 6173]; AND (3) RESPONSE OF 23 FORMER EMPLOYEE-PLAYERS OF THE KANSAS CITY CHIEFS TO DEURSON MOTION AND JOINDER IN DUERSON MOTION [ECF NO. 6179]**

Co-Lead Class Counsel insists that "in addition to the [Manual on Complex Litigation] 4th § 21.632, [] Third Circuit precedent forecloses [the] argument" that Rule 23 requires that this Court either grant or refuse certification of the class and, then, and only then, may this Court provide class members an opportunity to request exclusion. [ECF No. 6184 at 13.] Co-Lead Class Counsel is wrong.

Co-Lead Class Counsel relies on *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768 (3d Cir.), *cert. denied*, 516 U.S. 8 (1995), for its assertion that the 3rd Circuit has "squarely addressed" whether a court may require persons identified as

members of a "tentative," "temporary," or "provisional" class must request exclusion from a class action prior to an actual order certifying the class under Rule 23. Contrary to Counsels assertion, it has not. Co-Lead Class Counsel further relies on section 21.632 of the Manual on Complex Litigation for its assertion that Rule 23 provides that notice may be sent to persons not yet members of a class action of their obligation to request exclusion from a class not yet certified. Counsel's reliance, again, is misplaced.

***First***, *In re General Motors Corp.* was decided *before* the 2003 Amendments to Rule 23(c)(1)(C) eliminated conditionally-certified class actions. Thus, the 3rd Circuit did not have to contend either with the amendments to Rule 23 or with its own admonition against "tentative" class certification in light of the amendments. *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 319-320 (3d Cir. 2008), as amended (Jan. 16, 2009)(holding that the 2003 amendments to Rule 23 "reject tentative decisions on certification."). As a result, *In re General Motors Corp.* did not squarely address the issue presented here: whether, in light of the 2003 Amendments to Rule 23(c)(1)(C), *this* Court may require persons to request exclusion from a class not yet certified.[1]

***Second***, although it is urged that the Manual on Complex Litigation (*Fourth*) may have led the Court astray, [ECF. No. 6179, fn. 3], the Manual nevertheless does not endorse the process adopted in this case. Section 21.632, which Co-Lead Class Counsel relies on, says nothing of providing notice to persons of their obligation to request exclusion from a class not

---

[1] Lest there be any doubt, Co-Lead Class Counsel, themselves, have asserted that this Court has not granted class action certification. *See* Plaintiffs-Respondents' Answer to Fed.R.Civ.P.23(f) Petition for Permission to Appeal Preliminary Settlement Approval Order Conditionally Certifying Settlement Class, *In Re: National Football League Players Concussion Injury Litigation*, Case No. 14-8103 (July 29, 2014)("The predicate for relief under Rule 23(f) is 'an order granting or denying class action certification.' Fed. R. Civ. P. 23(f). There is no such order below[.]").

yet certified. In fact, section 21.632, titled "Preliminary Fairness Review" provides that a court should make a "preliminary" determination that the proposed class satisfies the criteria set out in Rule 23 before sending *notice of the fairness hearing*.[2]

Section 21.633, which follows, goes on to provide that *notice of the fairness hearing* under Rule 23(e) is only *sometimes combined* with notice of class action Rule 23(c)(2). *See* Fed.R.Civ.P. 23(e)(3) Adv. Comm. Notes 2003 ("In some cases, particularly if settlement appears imminent *at the time of certification*, it may be possible to achieve equivalent protection by deferring notice and the opportunity to elect exclusion until actual settlement terms are known.")(Emphasis added). However, in most cases, and certainly here, providing two notices— (1) notice of the proposed settlement and (2) notice of certification and permission to elect

---

[2] Although section 21.632 says nothing of notifying members of a *certified class* of their right to request exclusion, it nevertheless makes a single mistake in otherwise setting forth the proper procedure. Section 21.632 states in pertinent part:

> Review of a proposed class action settlement generally involves two hearings. First, counsel submit the proposed terms of settlement and the judge makes a preliminary fairness evaluation… If the case is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined. The judge should make a ***preliminary*** determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one the subsections of Rule 23(b). See section 21.22. If there is a need for subclasses, the judge must define them and appoint counsel to represent them. The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.

*Manual for Complex Litigation (Fourth)* § 21.632 (2013)(emphasis added). The term "preliminary" is defined as "[c]oming before and usu. leading up to the main part of something." BLACK'S LAW DICTIONARY 1218 (8th ed. 2004). In light of the 2003 Amendments to Rule 23(c)(1)(C), the court may no longer make a "preliminary" determination. It must decide whether to grant or refuse certification when presented with the request. In all other respects, however, section 21.632 states the procedure properly and does not otherwise refer to certification as "preliminary."

3

exclusion—is necessary. Section 21.311 of the Manual, titled "Certification Notice," and § 21.312, titled "Settlement Notice," make this abundantly clear.

Co-Lead Class Counsel provide no support, other than "tradition," for ignoring the plain text of Rule 23 and requiring that persons be required to request exclusion from a class not yet certified. Tradition per se, however, has no positive or negative significance. There are good traditions, and there are bad traditions. *See Baskin v. Bogan*, 14-2386, 2014 WL 4359059 (7th Cir. Sept. 4, 2014). In this case, tradition fails under the weight of the Rule. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997)("The text of a rule thus proposed and reviewed limits judicial inventiveness. Courts are not free to amend a rule outside the process Congress ordered[.]")

The NFL and NFL Properties LLC make many of the same arguments as Co-Lead Class Counsel in their response. They, too, assert that in spite the Rules change and the admonition against conditional certification, the Court may nevertheless "conditionally" certify a settlement class. The NFL and NFL Properties LCC contend that the certification of the class is "conditional," however, only insofar as there remains the possibility that, should the settlement fall apart, the defendants may successfully contest certification of a litigation class. (ECF No. 6186, p. 17.) In other words, the NFL and NFL Properties LLC maintain that the Court *has granted class certification* (for purposes of settlement).

However, the NFL and NFL Properties LLC contention here does not square with the position they took before the 3rd Circuit Court of Appeals. There, the NFL and NFL Properties LLC vigorously argued that this Court *has not* granted class certification.[3] The NFL and NFL

---

[3] *See* Answer in Opposition to Petition of Certain Objecting Class Members Pursuant to Fed.R.Civ.P. 23(f) for Permission to Appeal from the District Court's Order Granting Preliminary Settlement Class Certification. *In Re: National Football League Players Concussion*

Properties LCC cannot have it both ways. If the Court has, in fact, granted class certification, it should say so. If it has not, it must do so before notifying class members of their right to request exclusion.

| | |
|---|---|
| Dated: October 3, 2014 | Respectfully Submitted, |
| | THE KLAMANN LAW FIRM, P.A. |
| | /s/ Andrew Schermerhorn |
| | John M. Klamann, MO |
| | Andrew Schermerhorn, MO |
| | Paul D. Anderson, MO |
| | 4425 Main Street, Ste. 150 |
| | Kansas City, MO 64111 |
| | Telephone: (816) 421-2626 |
| | Facsimile: (816) 421-8686 |
| | jklamann@klamannlaw.com |
| | aschermerhorn@klamannlaw.com |
| | panderson@klamannlaw.com |
| | |
| | HUMPHREY, FARRINGTON & McCLAIN, P.C. |
| | Kenneth B. McClain, MO |
| | Lauren E. McClain, MO |
| | Timothy J. Kingsbury, MO |
| | 221 West Lexington, Suite 400 |
| | Independence, MO 64051 |
| | Telephone: (816) 836-5050 |
| | Facsimile: (816) 836-8966 |
| | kbm@hfmlegal.com |
| | lem@hfmlegal.com |
| | tjk@hfmlegal.com |
| | |
| | THE POPHAM LAW FIRM, P.C. |
| | Wm. Dirk Vandever, MO |
| | 712 Broadway, Suite 100 |
| | Kansas City, MO 64105 |

---

*Injury Litigation*, Case No. 14-8103 (July 31, 2014)("[T]he district court's preliminary approval order is not an order fully adjudicating class certification issues and thus is not an order 'granting or denying class-action certification' within the meaning of Rule 23(f)").

>Telephone: (816) 221-2288
>Facsimile: (816) 221-3999
>dvandever@pophamlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2014, I caused the foregoing Motion to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

>/s/ *Andrew Schermerhorn*
>Andrew Schermerhorn, MO