UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**CO-LEAD CLASS COUNSEL'S MEMORANDUM OF LAW
IN RESPONSE TO EMERGENCY MOTION
TO MODIFY THE JULY 7, 2014 ORDER
BY CONTINUING THE OBJECTION AND OPT_OUT DEADLINES
TO A DATE AFTER CLASS COUNSEL FILE
THEIR FINAL APPROVAL PAPERS**

The Myles Plaintiffs, who are 214 Retired NFL Players, who are also absent Class members ("Movants" or "Myles Plaintiffs"), by and through their counsel, move the Court to modify the final approval schedule (1) by requiring Class Counsel to file papers in support of final approval, including the request for fees, prior to the deadline for objections and opt-outs;[1] (2) by delaying the objection and opt-out deadline; (3) by requiring Class Counsel to file a separate, second set of papers responding to objections; and (4) by rescheduling the Fairness Hearing from November 19, 2014 to sometime in February 2015 ("Motion To Alter the

---

[1] Movants also suggest a status conference, prior to the new opt-out/objection deadline they propose, to determine what discovery may be needed by absent class members. *See* ECF No. 6178, at 6-7. They ignore the fact that only objectors may be permitted to seek leave to conduct discovery and they have not objected. Only after an absent class member has made the election to remain in the class and to object, *i.e.*, he/she has decided to not opt out, can he/she seek to conduct discovery. *See In re Lorazepam & Clorazepate Antitrust Litig.,* 205 F.R.D. 363, 365 (D.D.C. 2001). *See also* Co-Lead Class Counsel's Response to Motion of Sean Morey, *et al.*, For Leave To Conduct Limited Discovery, at ECF No. 6183, at 1-2.

Schedule") [ECF No. 6178].[2]  Movants' Motion To Alter the Schedule should be denied as such alteration is unnecessary, will only cause confusion among the Class members, and will delay Class members' recovery.

Further, under the current schedule, which Co-Lead Class Counsel submit is appropriate, Co-Lead Class Counsel is to file a single submission prior to the Fairness Hearing, "any response to the objections or any papers in support of final approval of the Settlement." *See* Order, dated July 7, 2014 ("Preliminary Approval Order") [ECF No. 6084], at 7, ¶ 4.k.  It would be unduly burdensome to require Co-Lead Class Counsel to file two submissions in advance of the Fairness Hearing.  In addition to being unduly burdensome, it would be inappropriate to require Co-Lead Class Counsel to petition for fees in advance of the Fairness Hearing.[3]

I. **AN ALTERATION OF THE SCHEDULE IS UNNECESSARY BECAUSE ABSENT CLASS MEMBERS ALREADY HAVE BEEN ADEQUATELY INFORMED AND GIVEN SUFFICIENT TIME TO DECIDE WHAT ACTION THEY WANT TO TAKE -- ALTERING THAT SCHEDULE NOW WOULD ONLY CAUSE CONFUSION AND DELAY CLASS MEMBERS' RECOVERY.**

Movants' request for an extension of the deadlines that this Court set in the Preliminary Approval Order should be denied as unnecessary.  Since at least July 2014, when the Long-Form Notice and the Settlement Agreement were publicly filed and posted on the Settlement website

---

[2] The Myles Plaintiffs' request is different from the modification to the final approval schedule sought by Duerson's Emergency Motion To Modify or Amend the July 7, 2014 Order Requiring Out-Outs On or Before October 14, 2014 [ECF No. 6172];  the Bush Family's Joinder in Emergency Motion To Modify or Amend the July 7, 2014 Order Requiring Opt-outs on or Before October 14, 2014 [ECF No. 6173]; and the Twenty-Three Former Kansas City Chiefs' Response to Emergency Motions To Modify or Amend the July 7, 2014 Order Requiring Opt-Outs On or Before October 14, 2014 and for Joinder in the Motion To Modify or Amend the July 7, 2014 Order Requiring Opt-Out On or Before October 14, 2014 [ECF No. 6179].  These movants, in contrast to the Myles Plaintiffs, seek to move the Opt-Out deadline to a date after the Fairness Hearing.

[3] This Court is intimately familiar with the facts and procedural history of this case.  These have been set forth in numerous memoranda by Co-Lead Class Counsel and we decline to do again here.

and Long-Form Notice was sent via direct mail, as per the Court's Order, absent Class members have had all of the information they require in order to decide whether to support the Settlement, opt out or object.  Indeed, the Class Action Settlement Agreement as of June 25, 2014 ("Settlement Agreement") and its Exhibits are the operative documents.  [ECF No. 6087.]  Specifically, the Class member or his/her counsel can and should review the Injury Definitions [ECF No. 6087, at 106-110, Exhibit 1 to the Settlement Agreement], the Baseline Neuropsychological Test Battery and Specific Impairment Criteria [ECF No. 6087, at 112-120, Exhibit 2 to the Settlement Agreement], the Monetary Award Grid [ECF No. 6087, at 122, Exhibit 3 to the Settlement Agreement],[4] and the Settlement terms, to determine what action the Class member wants to take on the October 14, 2014 objection/opt-out deadline.[5]

Additionally, as per this Court's direction, Special Master Golkin released the actuarial reports and other tabulations of the settling parties' experts on September 12, 2014.  [ECF Nos. 6167, 6168]  Thus, the absent Class members also have those materials to aid them in their decision-making.

Movants point to the fact that the actuarial data was released "32 days" before the opt-out/objection deadline of October 14, 2014.  *See* Movants' Memorandum, at 1 [ECF No. 6178, at 6].  They intimate that the release of the actuarial data has now become the touchstone, and somehow shrinks the opt-out/objection period, making it insufficient.  Such is clearly not the case.  When the Long-Form Notice was posted and disseminated in July, the opt-out/objection period began.  That period of over 80 days is clearly sufficient for Class members to make opt-

---

[4]  Notably, the Monetary Award Grid is identical to that which was submitted to the Court and placed on the public record in January.  [ECF No. 5634-2, at 112.]
[5]  Class members may also find helpful the publicly available Declaration of Mediator and Former United States District Court Judge Layn R. Phillips in Support of Preliminary Approval of Settlement.  [ECF No. 6073-4.]

out/objection decision.[6] Further, the 119-day period from July 24, 2014, the date Notice was mailed, to November 19, 2014, is also a sufficient time period for any Class member wanting to object or to speak at the Fairness Hearing to prepare.

While orders granting preliminary approval of class action settlements and class notices of preliminary approval usually include language notifying absent Class members that the district court has the ability postpone or reschedule the Fairness Hearing,[7] district courts rarely do so. Changing the deadlines in this case, and doing so less than two weeks prior to the objection/opt-out deadline, will result in confusion not only to Class members who received Notice of the Settlement and the important dates weeks ago, but also to the thousands who, since receiving the Notice, have visited the Settlement website to confirm the important dates, as well as to review other pertinent information.

Additionally, as this Court recognized in its Memorandum in support of the Order granting preliminary approval, "[m]any members of the proposed Settlement Class suffer from severe neurodegenerative conditions that may worsen over time. The proposed class action Settlement should more quickly make resources and compensation available for these retired

---

[6] An allowance of "forty-five days to opt out of the class after receiving the Class Notice" was deemed to be "unquestionably sufficient." *In re Prudential Ins. Co. of Am. Sales Practices Litig*., 962 F. Supp. 450, 562 (D.N.J. 1997). *See White v. National Football League*, 41 F.3d 402, 408 (8th Cir. 1994) (finding that notice mailed "approximately one month prior to the first settlement hearing" was adequate notice); *Torrisi v. Tucson Elec. Power Co*., 8 F.3d 1370, 1375 (9th Cir. 1993) (finding that notice mailed thirty-one days before deadline for objections and forty-five days prior to hearing was timely); *see also generally* Herbert B. Newberg & Alba Conte, 2 Newberg § 8.37, at 8–118 (3d ed.) (observing that the bulk of notices incorporate intervals of between thirty and sixty days between the mailing or publishing of class notice and the deadline for the recipient to respond).

[7] *See* Preliminary Approval Order [ECF No. 6084, at 8, ¶5 ("The Fairness Hearing is subject to postponement or adjournment by the Court without further notice.")]; Long-Form Notice, at 19 [ECF No. 6093-1, at 20 ("The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.NFLConcussionSettlement.com or call 1-855-887-3485.")].

players." [ECF No. 6083, at 17.]  Pushing back the Fairness Hearing three months, as Movants suggest, would unnecessarily and unduly delay recovery to these Class members.  *See In re Lupron® Marketing and Sales Practices Litig.*, MDL No. 1430, 2005 WL 613492, at *3 (D. Mass. Mar. 16, 2005)(denying request for delay of Fairness Hearing where extension would prejudice the class of elderly cancer patients).

II.     **CO-LEAD CLASS COUNSEL SHOULD NOT BE REQUIRED TO FILE THEIR PAPERS IN SUPPORT OF FINAL APPROVAL BEFORE OBJECTIONS TO THE SETTLEMENT HAVE BEEN FILED.**

It would be unduly burdensome to require Co-Lead Class Counsel to file two submissions in advance of final approval, one in further support of final approval now, and a second submission in response to objections.  Having had to prepare numerous filings in this Court and in the United States Court of Appeals for the Third Circuit, related to premature, unsupported and frivolous motions and appeals by various absent Class member counsel and other third parties, Class Counsel already have been unduly burdened during this period when we are attempting to prepare to respond to objections and to present at the Fairness Hearing.

Tellingly, Movants fail to cite any Third Circuit precedent or precedent from any other circuit court in which it has been held to be error for a district court to set the objection/opt-out deadline prior to the deadline for the proponents of the settlement to file supporting papers. There is no reason to alter the schedule set in this Court's Preliminary Approval Order [ECF No. 6084].  Clearly, this Court has the discretion to "employ the procedures that it perceives will best permit it to evaluate the fairness of the settlement."  *In re Community Bank of N. Va.*, 418 F.3d 277, 316 (3d Cir. 2005) (quoting *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 563 (D.N.J. 1997)).

If, following the Fairness Hearing, any objectors deem that further briefing by them is called for, and the Court agrees, Co-Lead Class counsel will not object to same, as long as the briefing period is short (*i.e.*, less than two weeks) and we are given the opportunity to respond.

### III. CO-LEAD CLASS COUNSEL SHOULD BE ABLE TO FILE THEIR FEE PETITION FOLLOWING FINAL APPROVAL.

Class Counsel are presently focused on achieving final approval of the Settlement, and thereafter, will be focused on delivering Settlement benefits to Class members, including important testing under the BAP [Baseline Assessment Program] and payments for approved claims for monetary awards after the Effective Date.  Further, the Court has not yet directed Co-Lead Class Counsel to petition for fees.  Indeed, the Settling Parties agreed:

> [T]he NFL Parties shall pay class attorney's fees and reasonable costs.  Class Counsel shall be entitled, *at an appropriate time to be determined by the Court*, to petition the Court on behalf of all entitled attorneys for an award of class attorneys' fees and reasonable costs.  Provided that said petition does not seek an award of class attorneys' fees and reasonable costs exceeding One Hundred and Twelve Million, Five Hundred Thousand United States dollars (U.S. $112,500,000), the NFL Parties agree not to oppose or object to the petition.  Ultimately, the award of class attorneys' fees and reasonable costs to be paid by the NFL Parties is subject to the approval of the Court.

Settlement Agreement, at Section 21.1 [ECF No. 6087, 79-80;  Settlement Agreement, at 76-77] (emphasis added).

These fees are coming not out of the Class members' pockets.  Indeed, the Monetary Award Fund is uncapped.  The Court recognized "[t]he NFL Parties will also pay attorneys' fees and costs and have agreed not to object to a petition for fees and costs that does not exceed $112.5 million.  This amount is *in addition* to the amounts that the NFL Parties will pay to satisfy all Monetary Awards, finance the BAP Fund and Education Fund, and cover the costs for Class Notice and other administrative expenses."  Memorandum Opinion [ECF No. 6083], at 6-7 (emphasis in original).

Thus, Class members have been put on notice as to the maximum award that Class Counsel are able to petition for the NFL Parties to pay in attorney's fees and costs. Class members can certainly object on October 14, 2014 to the cap of $112.5 million that the NFL Parties have agreed to pay, subject to Court approval. But, the fact that Class members have the opportunity to object now should not dictate when Class Counsel should be required to petition for these fees and costs.

Certainly, at such time as Class Counsel file their petition for an award of attorney's fees and costs, as per direction from the Court, all Class members will have the opportunity to comment on and/or to object to Co-Lead Class Counsel's petition for fees. *See* Memorandum of Law in Support of Preliminary Approval, at 31 [ECF No. 6073-5, at 42] ("Settlement Class Members will have an opportunity to comment on or object to these fees at an appropriate time.").[8] Indeed, Rule 23(h) of the Federal Rules of Civil Procedure provides:

> (h) **Attorney's Fees and Nontaxable Costs**. In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:
> > (1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), *at a time the court sets*. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.
> > (2) *A class member*, or a party from whom payment is sought, *may object* to the motion.
> > (3) The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a).

---

[8] Thus, the situation herein is clearly distinguishable from *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010), upon which Movants rely. *See* Movants' Mem. at 5 [ECF No. 6178, at 10]. In *In re Mercury*, the district court had denied objectors due process because they were not afforded "a full and fair opportunity to contest class counsel's fee motion." 618 F.3d at 993. Here, it is clear that objectors will be afforded that opportunity.

> (4) The court may refer issues related to the amount of the award to a special master or a magistrate judge, as provided in Rule 54(d)(2)(D).

FED. R. CIV. P. 23 (h) (emphasis added).  Further, Rule 54(d)(2) provides (in pertinent part) the procedure to be followed, which Rule plainly contemplates that the motion may be filed after the entry of judgment, again at the discretion of the Court:

> (2) **Attorney's Fees**.
>     (A) *Claim To Be by Motion*. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>     (B) *Timing and Contents of the Motion*. Unless a statute or a court order provides otherwise, the motion must:
>         (i) be filed no later than 14 days after the entry of judgment;
>         (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>         (iii) state the amount sought or provide a fair estimate of it; and
>         (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.
>     (C) *Proceedings*. Subject to Rule 23(h), the court must, on a party's request, give an opportunity for adversary submissions on the motion in accordance with Rule 43(c) or 78.  The court may decide issues of liability for fees before receiving submissions on the value of services.  The court must find the facts and state its conclusions of law as provided in Rule 52(a).

FED. R. CIV. P. 54(d)(2).  Accordingly, in connection with discussing the contents of notice under Rule 23(e), it has been recognized that the notice "should at a minimum generally apprise class members that fees will be sought and awarded by the court at the settlement hearing *or a subsequent hearing* and indicate whether the defendants or the settlement fund will bear such costs."  2 Newberg on Class Actions, § 8:32 (emphasis added).  *See also* Alba Conte, 1 Attorney Fee Awards § 2:21 (3d ed.)(in context of an award of fees from a common fund, "fee petitions are normally filed after a common fund has been created and before *or after* final judgment on the merits")(emphasis added).

       This procedure comports with applicable class action fee jurisprudence.  *See*, *e.g.*, *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL 2047, 2013 WL 499474 (E.D. La. Feb.

7, 2013) & PTO 28 (attached hereto as Exhibit A) (approving class settlement that provided for separate fund for attorneys' fees to be paid by defendant subject to court approval and additional settlements that set maximum percentage fee award subject to court approval, whereby plaintiffs' management committee would apply for an award of attorneys' fees at future date and objections would be permitted); *see also In re Diet Drugs*, 582 F.3d 524 (3d Cir. 2009) (upholding award of attorneys' fees where application for said fees was made after final approval of settlement and objections to fees were permitted); *Fanning v. AcroMed Corp.*, Civ. Act. No. 97-381, 2000 WL 1622741 (E.D. Pa. Oct. 23, 2000) (awarding attorneys' fees from limited fund class settlement where application for fees was made after settlement was approved and objections were allowed). There is no reason to require that Class Counsel petition for fees and costs in advance of the Fairness Hearing in this case.

### IV. CONCLUSION

For the foregoing reasons, Co-Lead Class Counsel respectfully request that the Myles Plaintiffs' Motion To Alter the Schedule be denied.

Dated: October 3, 2014

                                        Respectfully submitted,
                                        /s/ Christopher A. Seeger
                                        Christopher A. Seeger
                                        SEEGER WEISS LLP
                                        77 Water Street
                                        New York, NY 10005
                                        Phone: (212) 584-0700
                                        Fax: (212) 584-0799
                                        cseeger@seegerweiss.com

                                        **Co-Lead Class Counsel**

                              Sol Weiss
                              ANAPOL SCHWARTZ
                              1710 Spruce Street
                              Philadelphia, PA 19103
                              Phone: (215) 735-1130
                              Fax: (215) 735-2024
                              sweiss@anapolschwartz.com

                              **Co-Lead Class Counsel**

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing was served electronically via the Court's electronic filing system on the 3rd day of October, 2014, upon all counsel of record.

Dated: October 3, 2014

/s/ Christopher A. Seeger

Christopher A. Seeger