# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **Hon. Anita B. Brody** |

## RESPONSE OF THE NATIONAL FOOTBALL LEAGUE AND NFL PROPERTIES LLC IN OPPOSITION TO EMERGENCY MOTION TO MODIFY THE JULY 7, 2014 ORDER BY CONTINUING THE OBJECTION AND OPT-OUT DEADLINES TO A DATE AFTER CLASS COUNSEL FILE THEIR FINAL APPROVAL PAPERS (DOC. NO. 6178)

The National Football League ("NFL") and NFL Properties LLC (collectively, the "NFL Parties") submit this Response in Opposition to the Myles Plaintiffs' Emergency Motion to Modify the July 7, 2014 Order by Continuing the Objection and Opt-Out Deadlines to a Date After Class Counsel File Their Final Approval Papers.  (Doc. No. 6178.)

## PRELIMINARY STATEMENT

The Myles Plaintiffs' motion—seeking to disturb this Court's carefully structured schedule for final approval of the proposed Class Action Settlement—should be denied.

The Myles Plaintiffs are 214 Retired NFL Football Players[1] who are members of the Settlement Class that was preliminarily certified by this Court in conjunction with its preliminary approval of the proposed Class Action Settlement.  By their motion, the Myles Plaintiffs seek to delay the objection and opt out deadlines to a date after Class Counsel has filed its moving

---

[1] Except where otherwise noted, the capitalized terms in this Response in Opposition have the same meaning as those in the Settlement Agreement.  (*See* Class Action Settlement Agreement as of June 25, 2014, Doc. No. 6087 ("Settlement Agreement").)

papers in support of final approval of the Class Action Settlement.  The Myles Plaintiffs further seek a status conference in advance of the Fairness Hearing at which they apparently intend to seek discovery relating to the Class Action Settlement.  (Emergency Mot. 1, Doc. No. 6178.)

There is no support for the Myles Plaintiffs' requested relief.  The Myles Plaintiffs do not, and cannot, contend that the carefully constructed final approval schedule set forth by this Court violates their legal rights.

Under Federal Rule of Civil Procedure 23 and due process, a court must provide settlement class members with sufficient notice of the terms of the proposed settlement and sufficient time to review and evaluate those terms.  Those requirements were fully satisfied here because the Settlement Class Notice—approved by the Court as satisfying Rule 23 and due process—informed Settlement Class Members of the nature of the pending litigation, the general terms of the Settlement Agreement, and the process through which Settlement Class Members may object to or opt out of the Class Action Settlement.  Moreover, the 90-day period between the mailing of the Settlement Class Notice and the objection and opt out deadlines provides more than sufficient opportunity—indeed, a generous one—for Settlement Class Members to make their election to remain in or opt out of the Settlement Class.

The Myles Plaintiffs' argument that they nevertheless will not have the information they need to evaluate the Class Action Settlement unless the schedule is modified has no merit.  In addition to the Settlement Agreement and the Settlement Class Notice, the Myles Plaintiffs have access to abundant additional information, including Class Counsel's moving papers; the affidavit of the Court-appointed mediator; the actuarial reports and supplemental tabulations prepared by experts for Class Counsel and the NFL Parties, respectively; and the Settlement Website and hotline.  Moreover, even without all of this information, Settlement Class Members

2

can amply assess the substantial risks of continued litigation, including the NFL Parties' numerous legal defenses and the challenges of proof that they would face in continued litigation. Additionally, in advance of the Fairness Hearing, Settlement Class Members will have the entire moving record, and the parties' responses to any objections to the Class Action Settlement, all of which is more than sufficient to ensure meaningful participation in the Fairness Hearing, should they elect to remain in the Settlement Class.

Finally, the Court should reject the Myles Plaintiffs' claim that they are entitled to Class Counsel's petition for attorneys' fees before opting out or objecting to the Class Action Settlement.  Consistent with Rule 23(h), the Settlement Agreement provides Settlement Class Members with the opportunity to object to Class Counsel's attorneys' fee petition *after* the Fairness Hearing at an appropriate time to be determined by the Court.  Plaintiffs cite no authority that would entitle them to the attorneys' fee petition before they have even determined whether to remain in the Settlement Class.  Moreover, courts do not require attorneys' fee petitions to be evaluated as part of the fairness hearing determination absent some evidence of collusion between the parties, particularly where, as here, the attorneys' fee will be paid by the NFL Parties separate and apart from the funds available to Settlement Class Members.  Here, where there was no collusion among the settling parties and the settlement negotiations were arm's length and hard-fought, this Court was correct to exclude the issue of attorneys' fees from the matters to be dealt with at the Fairness Hearing.  Because the Myles Plaintiffs will have an opportunity to object to any attorneys' fee petition should they choose to remain in the Settlement Class, they have no right to the approval schedule they seek.

For all of these reasons, the motion should be denied.

## FACTUAL BACKGROUND

**Preliminary Settlement Approval and Certification**

On July 7, 2014, this Court preliminarily approved the Class Action Settlement and preliminarily certified a Settlement Class.  (Order, July 7, 2014, Doc. No. 6084 ("Prelim. Approval Order").)  The Court also approved the settling parties' Settlement Class Notice and Settlement Class Notice Plan as "meet[ing] the requirements of Rule 23 and due process." (Mem. Op. 20, Doc. No. 6083.)

The Court's July 7, 2014 Order also established a schedule for considering final approval of the Settlement Agreement and the Settlement Class.  Pursuant to the Court's order:  (i) Class Counsel was required to post the Settlement Class Notice on the Settlement Website by July 14, 2014; (ii) Class Counsel was required to mail the Settlement Class Notice to all known Settlement Class Members and their counsel by July 24, 2014; (iii) any Settlement Class Members wishing to opt out must request to do so by October 14, 2014—which is over 90 days after Settlement Class Notice was published on the Settlement Website and over 80 days after Class Counsel mailed Settlement Class Notice to known Settlement Class Members and their counsel; (iv) any Settlement Class Members wishing to object must do so by October 14, 2014; (v) the settling parties must file any responses to objections and papers in support of final approval of the settlement by November 12, 2014; and (iv) the Court will hold a Fairness Hearing to determine whether to grant final approval of the Settlement Agreement and certify the Settlement Class on November 19, 2014.  (Prelim. Approval Order ¶¶ 4-5.)

Class Counsel mailed the long-form Settlement Class Notice to Settlement Class Members based on lists of Settlement Class Members maintained by the NFL and/or the National Football League Players Association.  (Mot. for Approval of Completed Versions of Long-Form

Notice and Summ. Notice, Ex. 1, Doc. No. 6086-1 ("Long-Form Notice").)  This direct mailing describes the Settlement Agreement in plain, easily understood language and advises Settlement Class Members of the definition of the Settlement Class, their rights regarding opting out of the Class Action Settlement or objecting thereto, and the date, time, and location of the Fairness Hearing.  The Settlement Class Notice also objectively and neutrally apprises all Settlement Class Members of the nature of the action and the terms of the Settlement.  (*See* Long-Form Notice.)

Pursuant to the Court's July 7, 2014 Order, Class Counsel also published the one-page short-form notice in various publications, including *Time*, *Ebony*, *People*, and *Sports Illustrated*. (Prelim. Approval Order ¶ 4.)  The short-form notice provides similar information in condensed form.  (*See* Mot. for Approval of Completed Versions of Long-Form Notice and Summ. Notice, Ex. 2, Doc. No. 6086-2 ("Short-Form Notice").)

Both the Short-Form Notice and Long-Form Notice are also available on the Settlement Website.  The Settlement Website has links to numerous other documents and information related to the Class Action Settlement, including the Settlement Agreement, the Court's preliminary approval order and opinion, Class Counsel's moving papers in support of preliminary approval, and the declaration of Judge Layn R. Phillips in support of preliminary approval.  (*See* https://www.nflconcussionsettlement.com/.)  The Settlement Website also includes a Frequently Asked Questions page explaining, among other things, the basics of the Settlement Agreement and how to access additional information, including through use of a toll-free hotline.  (*See id*.)

**The Myles Plaintiffs' Motion**

The Myles Plaintiffs are 214 Retired NFL Football Players who are members of the Settlement Class that was preliminarily certified by this Court in conjunction with its preliminary approval of the proposed Class Action Settlement.[2]  On September 23, 2014, the Myles Plaintiffs filed the instant motion seeking to modify the settlement approval schedule already in place and move the objection and opt out deadlines to a date "after Class Counsel file their motions for final approval of the settlement *and* for an award of attorneys' fees, [*and*] class members have an opportunity to review the motions, *and* the Court holds a status conference to discuss whether any class member discovery is necessary and appropriate."  (Emergency Mot. 1, Doc. No. 6178 (emphasis added).)   The Myles Plaintiffs claim that modifying the schedule will "give class members the opportunity to review the evidence Class Counsel intend to rely on to support the findings the Court needs to make to certify the class, grant final approval of the settlement, and award attorneys' fees."  (Mem. In Supp. of Emergency Mot. 1, Doc. No. 6178 ("Mov. Br.").)

In particular, they request the schedule be revised as follows:

- November 12, 2014:  Class Counsel's filing of papers in support of final approval

- Week of December 1, 2014, or at the Court's convenience:  Status Conference regarding Settlement Class Members' discovery requests

- January 12, 2014:  Opt out deadline and objection deadline for Settlement Class Members to file a notice of intent to speak at the Fairness Hearing

- February 12, 2014:  Deadline for Class Counsel to respond to objections

- Week of February 16, 2014, or at the Court's convenience:  Fairness Hearing

(Mov. Br. 9.)

---

[2]   The Myles Plaintiffs are plaintiffs in MDL 2323.  *See* Nos. 2:12-cv-02800, 2:12-cv-0438, 2:12-cv-05476, 2:12-cv-07135, 2:13-cv-05206 and 2:14-cv-00860 (E.D. Pa.).

For the reasons below, the motion should be denied.

## ARGUMENT

**I.  THE MYLES PLAINTIFFS ARE NOT ENTITLED TO THE SCHEDULE THEY SEEK**

The Myles Plaintiffs seek to delay the Court's consideration of the fairness of the Class Action Settlement by at least four months—and almost certainly more given their goal to obtain discovery—under the premise that they need more information to assess the terms of the Settlement Agreement.  The Myles Plaintiffs are wrong.  Like all other Settlement Class Members, the Myles Plaintiffs—consistent with Rule 23 and due process—have been provided more than sufficient information regarding the Class Action Settlement and more than sufficient time to review that information to enable them to decide whether to opt out of the Settlement Class or remain in the Settlement Class and object to the Class Action Settlement, if they so desire.  Moreover, Settlement Class Members who do not opt out also retain the right to object to Class Counsel's petition for attorneys' fees at a later date to be determined by the Court. Accordingly, because the Myles Plaintiffs cannot show that their legal rights or interests are injured by the current schedule, their request to modify the schedule and delay the Fairness Hearing should be denied.

**A.  The Current Schedule Provides Settlement Class Members with Sufficient Information to Make an Informed Decision About Whether to Opt Out or Object to the Class Action Settlement**

The Myles Plaintiffs' request to delay the proceedings so that they can obtain even more information about the Class Action Settlement has no basis in law.  To make an informed decision about whether to opt out or remain in a settlement class, Rule 23 and due process require that settlement class members receive notice of the terms of the class settlement agreement and sufficient time to evaluate the settlement's terms. *In re Prudential Ins. Co. of Am.*

*Sales Practices Litig.*, 177 F.R.D. 216, 230-32 (D.N.J. 1997); *In re CertainTeed Corp. Roofing Shingle Prods. Liab. Litig.*, 269 F.R.D. 468, 483 (E.D. Pa. 2010) (holding that when "the substantive information contained in the notice complie[s] with the specific requirements of Rule 23(c)," then notice is "sufficient under Rule 23 and due process").  Both requirements are more than satisfied here.

To constitute sufficient notice, Rule 23 and due process require that notice of the proposed settlement "must inform [settlement] class members (1) of the nature of the pending litigation, (2) of the settlement's general terms, (3) that complete information is available from the court files, and (4) that any [settlement] class member may appear and be heard at the Fairness Hearing."  *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 177 F.R.D. at 230; *see also* Fed. R. Civ. P. 23(c)(2)(B) (listing topics the notice must cover "clearly and concisely" and "in plain, easily understood language").

Here, the Settlement Class Notice and the information available to Settlement Class Members go well beyond the requirements of Rule 23 and due process.  As this Court recognized, "[t]he form and content of the proposed Long-Form Notice and Summary Notice . . . satisfy the requirements of Rule 23 and the Due Process clause."  (Mem. Op. 19, Doc. No. 6083.) The Court also found that the Settlement Class Notice was written in plain and straightforward language and apprised all Settlement Class Members of the nature of the action, the definition of the Settlement Class, the Settlement Class claims and issues, that Settlement Class Members may enter an appearance through an attorney at the Fairness Hearing, that Settlement Class Members may elect to opt out of the Class Action Settlement, the binding effect of a class judgment on Settlement Class Members, and the date, time, and location of the Fairness Hearing.  (*Id.*; *see also* Fed. R. Civ. P. 23(c)(2)(B).)  Settlement Class Members not only have access to the

Settlement Class Notice—they have a wealth of information regarding the terms of the Settlement. The agreement itself has been publicly available since June 25, 2014.  And in other pleadings made in MDL 2323, Settlement Class Members have been given access to:  Class Counsel's moving papers—which comprise nearly 100 pages—in support of the motion for preliminary approval; the affidavit of the Court-appointed mediator, Retired Judge Layn R. Phillips; the Court's Preliminary Approval Order and Opinion, which held that the various counsel "possess adequate information concerning the strengths and weaknesses of Plaintiffs' claims against the NFL Parties," "ensure[d] that all Settlement Class Members' interests were protected," and reached a proposed Settlement Agreement that "does not appear to provide undue preferential treatment to any individual Settlement Class Member or Subclass," (Mem. Op. 10, 11); the actuarial reports and supplemental tabulations prepared by experts for Class Counsel and the NFL Parties, respectively, that were provided to the Special Master (Doc. Nos. 6167, 6168), which the Myles Plaintiffs admit constitute "the very type of evidence that class members (and the Court) need to evaluate the settlement" (Mov. Br. 7); and the Settlement Website and hotline, which have been available and utilized by Settlement Class Members to obtain information about the Class Action Settlement and to answer any questions regarding it. There has also been tremendous publicity about the Class Action Settlement and potential objections to it.

Simply put, there can be no serious debate that the Myles Plaintiffs have sufficient information regarding the terms of the Settlement Agreement to inform their decision whether to opt out of or object to the Class Action Settlement.

Moreover, even without this information, Settlement Class Members can amply assess the substantial risks of continued litigation.  Those risks include the NFL Parties' numerous legal

defenses, including, but not limited to preemption, statutes of limitation, and assumption of risk. Most of these issues have already been briefed by the parties in connection with the NFL Parties' motions to dismiss various complaints, including the NFL Parties' motion to dismiss the Master Administrative Class Action Complaint, and are publicly available.  And the Settlement Class Members are also in a position today to assess the challenges of proof that they would face in continued litigation, including, but not limited to, establishing causation between their alleged injuries and their careers in the NFL, particularly given the lack of medical and scientific consensus today and in the past regarding the alleged injuries raised in this litigation.

In addition to being provided clear notice of the Class Action Settlement, Settlement Class Members were given more than adequate time to evaluate it and elect whether to opt out. It is widely recognized that 30 to 60 days between mailing of adequate notice and the opt out deadline satisfies due process.  *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 562 (D.N.J. 1997) (citing cases).  Here, the Court provided approximately 90 days for Settlement Class Members to evaluate the Settlement Class Notice and the terms of the proposed Settlement Agreement before requiring them to object or opt out.  The duration of the opt out period more than satisfies due process.

The Myles Plaintiffs not only fail to identify how their rights are being violated, they also fail to identify a single precedent to support the proposition that motion papers must be filed in advance of the opt out deadline or the deadline for objections.  On the contrary, the approval schedule set forth by this Court is consistent with scheduling orders that courts in this Circuit have routinely approved in other complex class actions.  *See, e.g.*, *In re CertainTeed Fiber Cement Siding Litig.*, No. 2:11-md-02270 (E.D. Pa.), Doc. Nos. 72, 118 (opt out and objection deadline of December 31, 2013; deadline for settling parties' moving papers of January 29,

2014).  Although the Myles Plaintiffs cite the final approval schedule ordered by the district court in *In re Oil Spill by Oil Rig Deepwater Horizon*, 295 F.R.D. 112, 119 (E.D. La. 2013) (*see* Mov. Br. 6), the *Deepwater Horizon* court merely adopted, without analysis, the schedule proposed by the settling parties in their papers in support of preliminary approval of the settlement.  *See* Mem. in Supp. of Prelim. Approval at 38, *In re Deepwater Horizon*, 10-md-02179, Doc. No. 6267 (E.D. La. Apr. 18, 2012); Prelim. Approval Order ¶ 33, *id.*, Doc. No. 6419 (May 2, 2012).  The court did *not* hold as a matter of law that motion papers must—or even should—be filed in advance of the deadline for objections.  Plaintiffs' reliance on *In re Diet Drugs Products Liability Litigation*, 2000 WL 1222042, at *5-6 (E.D. Pa. Aug. 28, 2000) (*see* Mov. Br. 6-7) is similarly unpersuasive, as the decision says nothing about whether the moving papers in support of final approval must precede the objection and opt out deadline.

The Myles Plaintiffs rely on a non-binding *suggestion* from the American Law Institute ("ALI") in arguing that "the filing of class counsel's motion for final approval and attorneys' fee should precede the deadline for objections and exclusions." (Mov. Br. 4.)  Such reliance is misplaced.  Even if the ALI's suggestion were binding on this Court—which it is not—the ALI itself cites no case law in support of its suggestion; nor has it been cited by any federal court in the Third Circuit or elsewhere in support of a modified schedule of the type the Myles Plaintiffs seek here.  Rather, the weight of the authority does not permit class members to access the full moving record in advance of opting out or filing objections.  *See, e.g., Olden* v. *LaFarge Corp.*, 472 F. Supp. 2d 922, 936 (E.D. Mich. 2007) ("As long as the dissatisfied class member has the right either to object and attempt to influence the settlement from within the class, or to leave the class and make a separate peace with the defendant, as is the case here, due process is satisfied."); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 177 F.R.D. 216, 231 (D.N.J.

1997) ("The notice of the Proposed Settlement, to satisfy both Rule 23(e) requirements and constitutional due process protections, need only be reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections."); Newberg on Class Actions § 13:29 (5th ed.) (stating that the nature and timing of the notice must be such as to give class members a fair opportunity to review and respond to the settlement's terms); McLaughlin on Class Actions §§ 6:17-18 (10th ed.) (same); A Practitioner's Guide to Class Actions § 7(VI) (2010) (same); Manual for Complex Litigation § 21.633 (4th ed.) (same).

### B. The Current Schedule Provides Settlement Class Members With The Opportunity to Meaningfully Participate in the Fairness Hearing

In addition to having more than sufficient information about and time to review the terms of the Settlement Agreement, the Settlement Class Members have the opportunity to meaningfully participate in the Fairness Hearing under the current schedule set by this Court. Thus, the Myles Plaintiffs cannot demonstrate any prejudice associated with the current schedule or need to significantly delay it.

Objectors are entitled to a reasonable opportunity to participate meaningfully in the fairness hearing and to "develop a record in support of [their] contentions by means of cross[-] examination and argument to the court." *See, e.g.*, *Greenfield* v. *Villager Indus., Inc.*, 483 F.2d 824, 833 (3d Cir. 1973). Two leading treatises on class actions note several factors for consideration in determining whether objectors have sufficient information to participate meaningfully, including whether settlement class members were provided notice of the Fairness Hearing and alerted to the fact that they may present their views on the proposed settlement at that time, *see* Manual for Complex Litigation § 21.633 (4th ed.), whether notice was

disseminated to settlement class members sufficiently in advance of the fairness hearing, *see* Newberg on Class Actions § 13:29 (5th ed.), and whether settlement class members had an opportunity to review the record of the case. *See id* § 13:32.

Here, as described above, Settlement Class Members will have more than sufficient information in advance of the Fairness Hearing to ensure meaningful participation. Beyond the substantial information about the Class Action Settlement that is already in the possession of Settlement Class Members, under the current schedule, objectors will have the settling parties' final approval papers on November 12, 2014 in advance of the Fairness Hearing on November 19, 2014. (Prelim. Approval Order 6084 ¶¶ 4(k), 5.) Settlement Class Members will also have the benefit of Class Counsel's and the NFL Parties' responses to any objections to the Class Action Settlement.

Such information is more than sufficient for objectors to meaningfully participate in the Fairness Hearing according to settled law in this Circuit. *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 562-64 (D.N.J. 1997) (finding that the fairness hearing format was fair given that the class notice was mailed approximately 45 days before the objection and opt out deadline, the objectors had no need of additional independent discovery, and objectors were permitted to observe and be heard—through both written and oral submissions—at the fairness hearing), *aff'd sub nom. In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998).

The Myles Plaintiffs' claim that the objection and opt out deadline should be moved to a date after "the Court holds a status conference to discuss whether any class member discovery is necessary" (Mov. Br. 1-2) is similarly unjustified and will only cause unnecessary delay. The law is clear that Settlement Class Members are not entitled to discovery to help them decide

whether to remain in the Settlement Class or opt out.  *See In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 363, 365 (D.D.C. 2001) (agreeing that "[u]ntil [class members] have made their decision to stay in the class by not opting out or until they have properly intervened . . . the [class members] are not entitled discovery.").

Instead, only *objectors*—individuals who have elected to remain in the settlement class and, in turn, filed formal objections to final approval of the settlement—should be permitted to seek discovery in advance of the fairness hearing.  *See* Manual for Complex Litigation § 21.643 (4th ed. 2004) ("*Objectors* might seek . . . discovery to demonstrate the inadequacy of the settlement." (emphasis added)); Newberg on Class Actions § 13:32 (5th ed.) ("[O]bjectors have a due process right to present their challenge in a meaningful way, but . . . they do not have an absolute right to discovery." (citation and quotation marks omitted) (emphasis added)); *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 316 (3d Cir. 2005) ("*Girsh* cannot stand for the proposition that, as a general matter, *objectors* have an absolute right to discovery" (emphasis added) (citing *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 24 (D.D.C. 2001))); *Greenfield* v. *Villager Indus., Inc.*, 483 F.2d 824, 833 (3d Cir.1973) ("An *objector* . . . is entitled to an opportunity to develop a record in support of his contentions by means of cross[-]examination and argument to the court." (emphasis added)); *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 325 (3d Cir. 1998) (same).

Because the Myles Plaintiffs have not yet determined whether to remain in the Settlement Class, let alone filed objections, they are not entitled to seek discovery.  Therefore, their suggestion that this Court extend the objection deadline until after it holds a conference to determine whether *objectors* are entitled to discovery makes no sense.  *Lorazepam*, 205 F.R.D. 363, 366-67 (finding that if courts permitted absent class members access to class discovery in

order to help them decide whether to opt out of the settlement class, all parties "could be overwhelmed with discovery and information requests by innumerable potential class members whose ultimate allegiance may not be disclosed until an election is made to participate within the class or to be excluded" (citations and quotation marks omitted)).

None of the cases the Myles Plaintiffs cite hold otherwise. (*See* Mov. Br. 3-4.) Instead, the cases on which they rely in support of a modified schedule make clear that the relevant inquiry is whether the Court has sufficient information to evaluate the settlement's fairness, not whether Settlement Class Members have enough information to decide whether to opt out. *See In re Pet Food Prods. Liability Litig.,* 629 F.3d 333, 351 (3d Cir. 2010) ("[*C*]*ourt* may find it necessary to drill down into the case and into the agreement to make an independent, scrupulous analysis of the settlement terms." (citations and quotation marks omitted) (emphasis added)); *In re Hydrogen Peroxide Antitrust Litig*., 552 F.3d 305, 318-20 (3d Cir. 2008) ("class certification is proper only if the *trial court* is satisfied, after a rigorous analysis that the prerequisites of Rule 23 are met[.]" (citations and quotation marks omitted) (emphasis added)); Manual for Complex Litigation § 22.921 (4th ed.) ("The *judge* must make specific findings on certification and settlement approval and must ensure that there is a record to support those findings." (emphasis added)).

In sum, the Myles Plaintiffs' request to delay the current schedule lacks legal support. The Settlement Class Notice alone sufficiently informed Settlement Class Members of the terms of the Class Action Settlement and Settlement Class Members were given more than enough time to review those terms. But beyond the Settlement Class Notice, Settlement Class Members have an abundance of information about the terms of the Class Action Settlement, including the Court's Opinion granting preliminary approval, pleadings made by the moving parties,

objections or other motions filed by various Settlement Class Members, and the extensive media coverage of the terms of the Class Action Settlement.  Not only can Settlement Class Members review the terms of the Settlement Agreement; they are fully able to assess the risks and benefits of continued litigation.   The current schedule should not be amended or delayed.

### C.      Settlement Class Members Will Have an Opportunity to Object to Class Counsel's Attorneys' Fee Petition at an Appropriate Time

The Myles Plaintiffs' contention that they should know the basis for the attorneys' fee application before they decide whether or not to raise an objection (Mov. Br. 4) is similarly misplaced for at least two reasons.

Consistent with Rule 23(h), the Class Action Settlement already provides a vehicle for Settlement Class Members—*i.e.*, individuals who have elected to remain in the Settlement Class—and the NFL Parties to object to Class Counsel's petition for attorneys' fees *after* the Fairness Hearing at an appropriate time to be determined by the Court.   (*See* Settlement Agreement § 21.1 ("Class Counsel shall be entitled, at an appropriate time to be determined by the Court, to petition the Court on behalf of all entitled attorneys for an award of class attorneys' fees and reasonable costs. . . .  Ultimately, the award of class attorneys' fees and reasonable costs to be paid by the NFL Parties is subject to the approval of the Court."); Fed. R. Civ. P. 23(h)(2) ("A class member . . . may object to the [attorneys' fees] motion.").)  Because such a vehicle is already in place and the approval process comports with Rule 23(h), the Court's July 7, 2014 Order properly omitted the evaluation of Class Counsel's attorneys' fee petition from its agenda for the November 19, 2014 Fairness Hearing.   (*See* Prelim. Approval Order ¶ 5; Newberg on Class Actions § 13:31 (5th ed.) ("[O]ccasionally courts will undertake the settlement approval first and the fee approval later, meaning that objections would be staggered similarly.).)

Contrary to the Myles Plaintiffs' contentions, neither Rule 23(h) nor any of the cases on which they rely require Class Counsel to file a petition for attorneys' fees *before* the Fairness Hearing.  On the contrary, the cases cited by the Myles Plaintiffs suggest just the *opposite*—that the petition should be filed *after* the Fairness Hearing and after the Court's ruling on the fairness of the Class Action Settlement.  *See In re Oil Spill by Oil Rig Deepwater Horizon*, 295 F.R.D. 112, 126 (E.D. La. 2013) (Br. 6) ("Class Counsel will file a fee petition [following the Fairness Hearing] that class members will be free to contest under Rule 23(h)."); *Cassese* v. *Williams*, 503 F. App'x 55, 57-58 (2d Cir. 2012) (Br. 8 n.1) (no due process violation when objections were to be filed before the fee petition); *see also In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993-95 (9th Cir. 2010) (Br. 5) (holding that class counsel's fee petition should be filed before class members are required to object to such fees, but saying nothing as to whether such filing must happen in advance of the fairness hearing).

Here, deferring review of Class Counsel's fees (and objections to such fees) until after the Fairness Hearing is particularly appropriate because, pursuant to the Settlement Agreement, such fees will not be paid out of the uncapped settlement fund available to Settlement Class Members and will thus have no bearing on the ability of Settlement Class Members to obtain settlement benefits, including Monetary Awards and access to the Baseline Assessment Program, under the Settlement Agreement.[3]  (*See* Settlement Agreement § 21.1 ("Separately and in

---

[3]   Although the court in *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768 (3d Cir. 1995), stated in dicta that even attorneys' fees paid from a separate fund could impact class members' interests, *id.* at 819-20, that case arose in a completely different context from the one here.  In that case, the district court had initially awarded attorneys' fees without any independent review of the fees whatsoever on the basis that the fee arrangement was a private "matter of contract between the parties . . . and . . . will have no impact on the class members." *Id.* at 819.  On appeal, the Third Circuit reversed and remanded on other grounds, but stating that "a thorough judicial review of fee applications is required in all class action settlements."  *Id.*  The court went on to note, in dicta, that,

addition to the NFL Parties' payment of the monies set forth in ARTICLE XXIII ["NFL Payment Obligations"] and any consideration received by Settlement Class Members under this Settlement, the NFL Parties shall pay class attorneys' fees and reasonable costs."); Mem. Op. 6, Doc. No. 6083 ("The NFL Parties will also pay attorneys' fees and costs . . . *in addition* to the amounts that the NFL Parties will pay to satisfy all Monetary Awards, finance the BAP Fund and Education Fund, and cover the costs for Class Notice and other administrative expenses." (emphasis in original).)

Finally, the Myles Plaintiffs' suggestion that the amount of attorneys' fees is somehow relevant to this Court's determination of whether the Class Action Settlement is fair and reasonable is entirely misplaced.  (*See* Mov. Br. 8 ("The attorney fee motion is also relevant to class members' evaluation of the proposed settlement.").)   Courts consistently hold that the attorneys' fee motion is irrelevant to the determination of a settlement's fairness absent evidence of collusion or serious improprieties in the negotiation of the settlement.  *See, e.g.*, *In re Oil Spill*, 295 F.R.D. at 146-47 ("[Because p]arties did not negotiate attorneys' fees for Class Counsel until after they agreed on the relief to be afforded Class Members . . . there is no threat

---

contrary to the district court's holding, the fee award to be paid by General Motors could, in theory, impact the total amount available to settlement class members to the extent the defendant is concerned with limiting his total liability arising from the lawsuit; therefore, paying a higher attorney fee could result in the defendant paying a lower settlement amount, particularly where—as in the case before it—the attorneys' fees and the settlement amount were likely negotiated simultaneously.  *Id.* at 803-04 (quoting *Prandini* v. *Nat'l Tea Co.*, 557 F.2d 1015, 1021 (3d Cir. 1977)).  Here, attorneys' fees and the settlement terms were *not* negotiated simultaneously, *see infra* p. 19.  Moreover, unlike in *General Motors,* the Settlement Agreement provides a vehicle for the Court to thoroughly review Class Counsel's attorneys' fee petition at an appropriate time after the Fairness Hearing, at which time Settlement Class Members will have a full opportunity to object to the petition.  Moreover, unlike *General Motors*—where settlement class members received, upon request, a $1,000 certificate toward the purchase of a new truck for a 15-month period (*id.* at 780)—the Settlement Agreement here provides for significant, guaranteed and uncapped monetary awards of up to $5 million for each claimant over a 65-year term, and those payments will be made independently of any attorneys' fee award.  Thus, the dicta from *General Motors* is inapposite.

of the issue explicitly tainting the fairness of settlement bargaining." (citations and quotation omitted)).

No such evidence of collusion exists here because no such collusion took place.  On the contrary, the Court's preliminary approval opinion concluded that the proposed settlement was the "product of good faith, arm's length negotiations."  (Mem. Op. 10, Doc. No. 6083; *see also* Decl. of Layn R. Phillips In Supp. of Prelim. Approval of Settlement ¶¶ 5-6, Doc. No. 6073-4 (declaring that "the parties engaged in arm's-length, hard-fought negotiations").)   As Class Counsel stated in its memorandum in support of preliminary approval, "[t]he Settling Parties did not *discuss* the issue of attorneys' fees at any point during the mediation sessions (except to defer the issue), until *after* an agreement in principal was reached on all material Settlement terms providing benefits to the Settlement Class and Subclass Members and *after* the Term Sheet was inked, in an abundance of caution and consistent with *Prandini* v. *National Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978)."  (Mem. In Supp. of Prelim. Approval 30, Doc. No. 6073-5 (first emphasis added, second and third emphases in original).)  Unlike cases in which such attorneys' fees were negotiated simultaneously with the settlement terms, here, there is no concern that Class Counsel "colluded with the defendant to bargain away benefits to the class in exchange for a better fee." 2 McLaughlin on Class Actions § 6:10 (10th ed.).

## <u>CONCLUSION</u>

For the reasons set forth above, the Court should deny the Myles Plaintiffs' motion.

Dated:  October 3, 2014                    Respectfully submitted,

                                           /s/ Brad S. Karp
                                           Brad S. Karp
                                           Theodore V. Wells Jr.
                                           Bruce Birenboim
                                           Lynn B. Bayard
                                           PAUL, WEISS, RIFKIND, WHARTON &
                                               GARRISON LLP
                                           1285 Avenue of the Americas
                                           New York, NY  10019-6064
                                           Main: 212.373.3000
                                           Fax: 212.757.3990
                                           bkarp@paulweiss.com
                                           twells@paulweiss.com
                                           bbirenboim@paulweiss.com
                                           lbayard@paulweiss.com

                                           Beth A. Wilkinson
                                           PAUL, WEISS, RIFKIND, WHARTON &
                                               GARRISON LLP
                                           2001 K Street, NW
                                           Washington, DC 20006-1047
                                           Main: 202.223.7300
                                           Fax: 202.223.7420
                                           bwilkinson@paulweiss.com

                                           and

                                           Robert C. Heim (Pa. Atty. ID 15758)
                                           DECHERT LLP
                                           Cira Centre
                                           2929 Arch Street
                                           Philadelphia, PA 19104-2808
                                           Main: 215.994.4000
                                           Fax: 215.994.2222
                                           Robert.heim@dechert.com

                                           **Attorneys for National Football League and
                                           NFL Properties LLC**

### *Certificate of Service*

On October 3, 2014, I electronically filed a copy of the foregoing document through the CM/ECF system for the United States District Court for the Eastern District of Pennsylvania, which will send a notice of electronic filing to all counsel of record and make it available for viewing and downloading from the CM/ECF system.

/s/  Brad S. Karp
Brad S. Karp