UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| _____ | |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated, | Civil Action No. 2:14-cv-00029-A |
| Plaintiffs, | |
| v. | |
| National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc., | |
| Defendants. | |
| _____ | |

**MOTION OF PUBLIC CITIZEN, INC.
FOR LEAVE TO FILE MEMORANDUM AS AMICUS CURIAE
WITH RESPECT TO
APPROVAL OF CLASS ACTION SETTLEMENT**

Public Citizen, Inc. is a non-profit consumer advocacy organization with approximately 300,000 members and supporters nationwide. Public Citizen is not a member of the proposed settlement class in this action, and neither Public Citizen nor any of its attorneys represents any class member. As explained in part in this motion and more fully in the attached memorandum, because it is not affiliated with any party or class member, the views of Public Citizen will be valuable to the Court because Public Citizen is in a position to raise serious problems with the

settlement class, which the structure of the settlement effectively precludes most lawyers who represent class members from making.

Public Citizen believes that class actions are an important tool for seeking justice where a defendant's wrongful conduct has harmed many people and resulted in injuries that are large in the aggregate, but not cost effective to redress individually. In that situation, a class action offers the best means for both individual redress and deterrence of wrongful conduct, while also serving the defendant's interest in achieving a binding resolution of the claims on a broad basis, consistent with due process.

At the same time, Public Citizen attorneys have represented class members whose rights have been compromised by the improper certification of classes and the approval of settlements that are not in their interests or that have been entered in violation of their Rule 23 and due process rights. *See, e.g., Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997); *Day v. Persels & Assocs., LLC*, 729 F.3d 1309 (11th Cir. 2013); *In re Katrina Canal Breaches Litig.*, 628 F.3d 185 (5th Cir. 2010); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315 (3d Cir. 2001; *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768 801 (3d Cir. 1995). Public Citizen believes that the interests of both named and absent class members, defendants, the judiciary, and the public at large are best served by adherence to the principles incorporated in Federal Rule of Civil Procedure 23.

Some cases in which class certification is sought carry a significant potential for intra-class conflict. This is one such case because the proposed settlement would extinguish the claims of a large number of class members yet exclude them from any damages award. Moreover, in many of the individual cases that are part of this MDL, lawyers for those plaintiffs represent multiple players who have suffered concussions while playing in the NFL and who have a

variety of present conditions and diseases, some of which are on the settlement grid but many of which are not. Those lawyers had no conflict in representing that range of clients *until the proposed settlement* created a situation in which some players would be categorically excluded from the damages fund, while others could receive substantial sums. The result is that ethical lawyers, who have clients with diseases both on the grid and off the grid, cannot take a position for or against settlement without arguing against the interests of some of their clients. Furthermore, as explained more fully in the attached memorandum, even among players whose diseases are on the grid, there are substantial differences in awards among the diseases, based on age of diagnosis and years played, that create conflicts that should disable ethical attorneys from taking positions for or against the settlement. As an un-conflicted party, Public Citizen can ethically make an un-conflicted presentation to the Court, raising points that might otherwise go unidentified.

     Further, in addition to providing for a fee for class counsel of up to $112.5 million, the settlement would allow all counsel with contingent fee retainer agreements with class members (a category that likely includes counsel for most represented members of the class) to take their own fee from the class members' recovery. Indeed, the retainer provision allows even class counsel to recover additional fees from all of their clients, on top of the $112.5 million that they are seeking from the NFL. The attached memorandum explains why the class notice was highly misleading on this issue, a point that counsel for the class and for objectors are unlikely to raise.

     Third, the objection procedures contain an unusual and, we believe, unique requirement that class members personally sign their objections, even when they are represented by counsel, and that they submit with their objections "written evidence" of their class membership (whatever that means). Those requirements are unnecessary, burdensome, and probably

unauthorized, and their main function will be to suppress objections, especially for those lawyers who have large numbers of clients but cannot logistically comply with the requirement for all of them. Public Citizen's memorandum explains why this procedure, which has not been the focus of discussion among objectors to date, is improper.

Finally, another serious problem with this settlement is the impact of the Medicare Secondary Payer Act (and the similar provisions under Medicaid) on the ability of all class members (regardless of where they fall on the grid) to obtain the immediate payment for their injuries that is so often touted by class counsel as a reason for the settlement to be approved. This problem affects all class members and is buried in the class notices in ways that only those who are very knowledgeable about the issue would even notice, let alone understand. Briefly stated, under those laws and as expressly provided in the settlement agreement, no money will be paid to any class member until all of that person's Medicare and Medicaid liens are satisfied. However, because most services for class members that are to be paid for under those laws will occur in the future, there is no present means by which the amounts of those liens can be determined. As a result, class members cannot be paid promptly, even if the settlement were finally approved on November 19th. As explained in the attached memorandum, there is a means by which the problem might be ameliorated if not resolved, but class counsel have precluded the Lien Resolution Administrator, who has been retained to handle all lien issues, from taking action until this Court approves the settlement and all appeals are exhausted. At the very least, the class has not been adequately informed of this very serious problem, and at worst it presents a major obstacle to approval on the merits. To date, others have not raised this objection, which is discussed in Public Citizen's amicus memorandum.

4

The attached memorandum does not repeat the citations to the legal and medical authorities in the filings of the Morey objectors and the Brain Injury Association, but concentrates on the aspects of the settlement agreement and class notice that are not the principal focus on those objections and, to the extent known, of other objectors to the settlement. Public Citizen was granted leave to file a brief as amicus curiae in the Court of Appeals for the Third Circuit in support of the Rule 23(f) petition, in which it made a number of the points raised in its proposed amicus memorandum in this Court.

For the foregoing reasons, the motion of Public Citizen for leave to file the attached memorandum amicus curiae with respect to the proposed class action settlement should be granted.

October 14, 2014

Respectfully submitted,

*/s Alan B. Morrison*
Alan B. Morrison
George Washington University
 Law School
2000 H Street NW
Washington, DC 20052
(202) 994-7120
abmorrison@law.gwu.edu

Allison M. Zieve
Scott L. Nelson
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
azieve@citizen.org

Counsel for Amicus Curiae
Public Citizen, Inc.