UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Hon. Anita B. Brody |
| | No. 12-md-2323-AB |
| THIS DOCUMENT RELATES TO: All Actions and John Kinard, Representative Claimant of Decedent Frank M. "Bruiser" Kinard, *on behalf of himself and other similarly situated* | |

**OBJECTION BY JOHN KINARD, REPRESENTATIVE CLAIMANT OF DECEDENT FRANK M. "BRUISER" KINARD, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED**

I.      INTRODUCTION

Representative Claimant John Kinard (hereinafter "*Representative Claimant*")[1] is the son of Decedent Frank M. "Bruiser" Kinard (hereinafter "Decedent"). *Representative Claimant* hereby submits this *Objection* on behalf of himself and others similarly situated.

Decedent, a *Retired NFL Football Player*, is a 1971 NFL Hall of Fame Inductee. From 1938 through 1947, Decedent played for the Brooklyn Dodgers/Tigers and the New York Yankees.[2] Throughout his career, he sustained repetitive concussive and sub-concussive blows that caused or contributed to cause his fatal neurological injuries. At no time during his career and employment with various *Released Parties* was Decedent warned about the long-term risks of repetitive brain trauma. Indeed, on the contrary, through various affirmative acts, the *Released*

---

[1] Capitalized and Italicized terms identified herein have the same meaning as those in the June 25, 2014 Settlement Agreement. ECF Doc. 6087.
[2] Not to be confused with the Major League Baseball teams with similar names.

1

*Parties* actively sought to conceal and deny the link between football-induced repetitive brain trauma and various neurological diseases. *See Class Action Complaint* ¶¶ 89-210.

Following his decorated career, Decedent subsequently suffered from a debilitating neurological disease. At no time during his life did he know, or have reason to know, his condition was the result of repetitive brain trauma he sustained during his professional football career. Decedent was diagnosed with a *Qualifying Diagnosis* of Dementia and/or Alzheimer's in 1980. After a grueling battle with the aforesaid neurological disease, Decedent died in 1985 at the age of 70.

*Representative Claimant* did not become aware of the allegations asserted in the *Class Action Complaint* until very recently. This was a direct result of the *Released Parties'* active and affirmative efforts to conceal and misrepresent the link between repetitive brain trauma and neurological diseases. Since *Representative Claimant* is a putative *Settlement Class Member*, he did not file a wrongful death and/or survival action on behalf of Decedent.

## II.    OBJECTION

Pursuant to Section 6.2(b) of the Settlement Agreement, *Representative Claimant* is a putative *Settlement Class Member* entitled to relief. Although Decedent died before January 1, 2006, *Representative Claimant* will prove that "a wrongful death or survival claim filed by the *Representative Claimant* would not be barred by the statute of limitations under applicable state law[.]" *Id. See Gen. Stencils, Inc. v. Chiappa*, 18 N.Y.2d 125, 128, 219 N.E.2d 169, 171 (1966)("Our courts have long had the power, both at law and equity, to bar the assertion of the affirmative defense of the Statute of Limitations where it is the defendant's affirmative wrongdoing—a carefully concealed crime here—which produced the long delay between the accrual of the cause of action and the institution of the legal proceeding.").

For *Retired NFL Football Players* who died before January 1, 2006, Section 6.2(b) provides an exception for those individuals who can prove that their claim would not be "barred by the statute of limitations." Section 6.2(b) provides,

> A Representative Claimant of a deceased Retired NFL Football Player will be eligible for a Monetary Award only if the deceased Retired NFL Football Player died on or after January 1, 2006, or if the Court determines that a wrongful death or survival claim filed by the Representative Claimant would not be barred by the statute of limitations under applicable state law as of: (i) the date the Representative Claimant filed litigation against the NFL (and, where applicable, NFL Properties) relating to the subject matter of these lawsuits, if such a wrongful death or survival claim was filed prior to the Settlement Date; or (ii) the Settlement Date, where no such suit has previously been filed.

Of prime import to *Representative Claimant's* present *Objection*, the aforesaid exception unfairly and prejudicially seeks to circumscribe certain vested rights. Section 6.2(b) provides for two alternative dates in analyzing whether a claim is barred by the statute of limitations. First, if the *Representative Claimant* filed litigation against the NFL, then the statute of limitation analysis focuses on the date of filing. *See* Section 6.2(b)(i). Alternatively, if the *Representative Claimant* did not file litigation against the NFL, the critical date for statute of limitation purposes is the *Settlement Date* – i.e. June 25, 2014. *See* Section 6.2(b)(ii).

This latter, superficially-imposed date is illogical, unfair and contrary to black-letter law of class action procedure. It is well established that the "commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974). The Third Circuit has expanded this rule by holding that the commencement of a class action, irrespective of a district court's ruling on class certification, tolls the statute of limitations for all members of the putative class. *See Leyse v. Bank of Am.,*

*Nat. Ass'n*, 538 F. App'x 156, 161 (3d Cir. 2013) (*quoting American Pipe* and *McKowan Lowe & Co. v. Jasmine*, Ltd., 295 F.3d 380, 384 (3d Cir. 2002)).

The Third Circuit has elaborated on the rationale of the so-called *American Pipe* tolling rule,

> Moreover, the driving rationale for the *American Pipe* tolling rule would be severely undermined under the District Court's interpretation. *American Pipe* is compelled by the fact that class actions are "designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions." *American Pipe,* 414 U.S. at 550, 94 S.Ct. 756. The *American Pipe* rule is necessary to "encourage[ ] unnamed plaintiffs to rely on the class action already filed on their behalf." *McKowan,* 295 F.3d at 384. As we have explained, "[i]f the claims of unnamed plaintiffs were not tolled, claimants would have an incentive to file claims themselves to protect their causes of action, 'precisely the multiplicity of activity which Rule 23 was designed to avoid.' " *Id.* (quoting *American Pipe,* 414 U.S. at 551, 94 S.Ct. 756).

*Leyse* at 161. That "driving rationale" is especially applicable here where *Released Parties* actively sought to conceal *Representative Claimant's* cause of action. *Id.* Not only does the filing of a class action avoid unnecessary congestion, but it also preserves precious rights that a putative class member may not be aware of – such as the right to prosecute a claim against the NFL for its alleged fraudulent conduct, or the right afforded to a class member when the statute of limitations is tolled. Both are rights that must not be negotiated away.

Here, under the *American Pipe* tolling rule, the statute of limitations was tolled on the date the first federal class action was filed against the NFL, i.e. **August 17, 2011**. *See Charles Ray Easterling, et al. v. NFL*, No. 11-cv-0509 (E.D. PA). The current *Settlement Agreement* eliminates this right by moving the statute of limitations date unfavorably forward nearly three years to June 25, 2014. *See* Section 6.2(b). In other words, many absent *Settlement Class Members'* right to recovery will be foreclosed by this three-year, pro-defendant extension granted to the *Released Parties*.

4

For example, this is the harsh result. Under the current settlement, a *Representative Claimant* whose family member died before January 1, 2006, will have to prove that his claim is not barred by the statute of limitations. *See* Section 6.2(b). The initial inquiry will analyze the date on which the claim accrued. Assuming *arguendo* the claim accrued on December 1, 2010, and the statute of limitations is two years, the *Representative Claimant's* claim would be barred since, under Section 6.2(b)(ii), the "filing date" is superficially declared to be June 25, 2014.[3] On the other hand, if the *American Pipe* tolling rule applied, the claim would not be barred since the claim would be tolled as of **August 17, 2011**. The same unfairness is potentially inflicted upon other putative *Class Members* like the families of Mike Webster, Terry Long, Andre Waters and Justin Strzelczyk, as well as several other deceased *Retired NFL Football Players* who died before January 1, 2006. *See Class Action Complaint* ¶¶ 113-116, 170-174. Since this is an "uncapped settlement" all valid claims should be paid – especially for those players whose lives and brains were sacrificed at the hands of the *Released Parties*.

Clearly, the effect of Section 6.2(b) is patently unfair, prejudicial and contrary to the law.[4] Accordingly, *Representative Claimant* respectfully submits the following suggestion to cure this harsh result:

> A Representative Claimant of a deceased Retired NFL Football Player will be eligible for a Monetary Award only if the deceased Retired NFL Football Player died on or after January 1, 2006, or if the Court determines that a wrongful death or survival claim filed by the Representative Claimant would not be barred by the statute of limitations under applicable state law as of: (i) the date the Representative Claimant filed litigation against the NFL (and, where applicable, NFL Properties) relating to the subject matter of these lawsuits, if such a wrongful

---

[3] This example is made purely as a hypothetical. Representative Claimant does not concede the claim accrued in December 2010.

[4] Even more troubling, the Settlement Parties entered into a Tolling Agreement on February 24, 2012, which purports to toll the limitations period for certain claims. *See* ECF Doc. 75. Class Counsel apparently bargained this right away to the detriment of Class Members.

death or survival claim was filed prior to the Settlement Date; or (ii) **August 17, 2011**. *See Charles Ray Easterling, et al. v. NFL*, No. 11-cv-0509.

### III. CONCLUSION

Based on the foregoing, *Representative Claimant* respectfully requests that this Honorable Court entertain his Objection and grant said relief as requested herein.

Dated: October 14, 2014                                  Respectfully Submitted,

                                                                       THE KLAMANN LAW FIRM, P.A.

                                                                       /s/ *Paul D. Anderson*
                                                                       John M. Klamann, MO
                                                                       Andrew Schermerhorn, MO
                                                                       Paul D. Anderson, MO
                                                                       4425 Main Street, Ste. 150
                                                                       Kansas City, MO 64111
                                                                       Telephone: (816) 421-2626
                                                                       Facsimile: (816) 421-8686
                                                                       jklamann@klamannlaw.com
                                                                       aschermerhorn@klamannlaw.com
                                                                       panderson@klamannlaw.com

                                                                       HUMPHREY, FARRINGTON & McCLAIN, P.C.
                                                                       Kenneth B. McClain, MO
                                                                       Lauren E. McClain, MO
                                                                       Timothy J. Kingsbury, MO
                                                                       221 West Lexington, Suite 400
                                                                       Independence, MO 64051
                                                                       Telephone: (816) 836-5050
                                                                       Facsimile: (816) 836-8966
                                                                       kbm@hfmlegal.com
                                                                       lem@hfmlegal.com
                                                                       tjk@hfmlegal.com

                                                                       THE POPHAM LAW FIRM, P.C.
                                                                       Wm. Dirk Vandever, MO
                                                                       712 Broadway, Suite 100

Kansas City, MO 64105  
Telephone: (816) 221-2288  
Facsimile: (816) 221-3999  
dvandever@pophamlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2014, I caused the foregoing Notice to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

/s/ *Paul Anderson*  
Paul Anderson, MO