IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Hon. Anita B. Brody<br><br>Civil Action No. 2:13-cv-04930-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### OBJECTION BY RETIRED NFL PLAYER STEVEN COLLIER TO PROPOSED CLASS SETTLEMENT

**I.     INTRODUCTION**

Steven Collier, by his attorney, Parag Shah, hereby objects to the proposed Class Action Settlement ("Settlement") because the neurocognitive illnesses included in the "Qualifying Diagnoses" do not include Multiple Sclerosis ("MS"). Because of this unfairly narrow list of diagnoses and arbitrary exclusion of MS, Mr. Collier may not receive a Monetary Award. As discussed below, Mr. Collier submits that the Settlement should include Multiple Sclerosis, as there is no material distinction between MS and some of the other conditions that are included as Qualifying Diagnoses, such as Amyotrophic Lateral Sclerosis ("ALS").

1

## II. OBJECTION

### A. Steven Collier's NFL Career

Steven Collier is a retired NFL Player who played the position of tight end for portions of 4 seasons in the NFL from 1985 through 1989, first with the Cleveland Browns, then with the San Diego Chargers, then the Green Bay Packers, and finally with the Detroit Lions.

### B. Basis for the Objection

Under the proposed Settlement, the receipt of a Monetary Award is premised on a retired NFL Player being diagnosed with a neurocognitive disorder. However, the proposed Settlement limits the qualifying neurocognitive disorders to Alzheimer's, Parkinson's, ALS, Death with CTE (prior to July 7, 2014), and Levels 1.5 and 2.0 Neurocognitive Disorders.

The basis for limiting the qualifying neurocognitive disorders to these six disorders is not explained in the proposed Settlement. The core theme of the Master Complaint is that for decades, the NFL deliberately ignored the risk of head injuries and created a culture in which concussions and head injuries were dismissed as minor incidents of having your "bell rung." Players understood that if they did not return to the field after suffering such injuries, they risked losing their jobs; and they were reassured by the NFL coaches and trainers that it was perfectly safe to return to playing.

Multiple Sclerosis is a neurodegenerative disease that impacts the central nervous system, just like ALS. Both diseases attack the body's nerves and muscles, particularly the brain. Both diseases can cause memory problems and cognitive impairment. While ALS is considered fatal because of the more rapid deterioration of motor nerve cells that results in the wasting away of a person's muscles, people diagnosed with MS can often live a near-normal lifespan with frequent

and consistent treatment.[1] However, it is MS that typically causes more severe neurocognitive changes, including mood swings, depression and an inability to focus; whereas ALS symptoms remain largely physical.[2]

### C. A Better Approach

The list of "Qualifying Diagnoses" in the proposed Settlement does not take into account other serious injuries that result from or are exacerbated by repeated traumatic brain injuries. The arbitrary exclusion of as serious of a disease as Multiple Sclerosis is unfair to players who are suffering from many of the exact same symptoms as those players who do have a "Qualifying Diagnosis" such as ALS or Parkinson's disease. A player who is suffering from such a debilitating disease as MS should not be denied a Monetary Award because he was unlucky enough to have a disorder that counsel failed to include as a Qualifying Diagnosis when arbitrarily determining what those qualifying diagnoses would be.

To be fair to players like Mr. Collier, the Settlement should include Multiple Sclerosis as a "Qualifying Diagnosis." Adding Multiple Sclerosis to the qualifying diagnoses would hardly increase the projected amount of money the NFL can expect to pay out over the life of the Settlement as the incidence of MS is relatively small, even in at-risk populations like football players.

### III. CONCLUSION

Mr. Collier objects to the proposed Settlement because the neurocognitive illnesses included in the "Qualifying Diagnoses" do not include Multiple Sclerosis. The failure to include MS, a neurodegenerative disease that impacts the central nervous system much like the included

---

[1] "ALS, MS and MD: Fact Sheet," ALS Society of Canada, available at http://www.als.ca/sites/default/files/files/ALS-MS-MD.pdf.
[2] Holland, Kimberly, "Multiple Sclerosis vs. ALS: Similarities and Differences," Healthline, available at http://www.healthline.com/health/multiple-sclerosis/ms-vs-als#Overview1, Mar. 12, 2014.

diagnosis of ALS is both unfair to Mr. Collier and a completely arbitrary decision on the part of Lead Counsel and the NFL.

Respectfully submitted,

Dated: October 14, 2014

Parag Shah
The Shah Law Firm
1355 Peachtree St.
Suite 1800
Atlanta, Georgia 30309
Tel. (404) 844-4874
Fax (404) 410-6933
Shah@shahlawfirm.com
*Attorney for Steven Collier*

Dated: October 14, 2014

*(see attached verification)*
Steven Collier
3120 S. Giles
Chicago, Illinois 60616
(773) 469-7691
DOB: 04/19/1963

## VERIFICATION

I declare under penalty of perjury that all of the information provided above regarding my decision to object to the proposed Settlement in *In Re: National Football League Players' Concussion Injury Litigation*, MDL No. 2323, is true and correct to the best of my knowledge. I understand that my decision to object to the proposed Settlement means that although I am raising an objection to the proposed Settlement, I have decided to participate in the Settlement.

Date: 10-13-14

Signature: *[signed]*

Printed Name: STEVEN COGEL