**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | ) ) ) No. 2:12-md-02323-AB ) ) MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,* | ) ) ) ) |
| Plaintiffs, | ) ) Civil Action File No. 2:14-cv-01480-AB ) |
| v. | ) ) |
| National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc., | ) ) ) ) |
| Defendants. | ) ) ) ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) |

**OBJECTION BY ESTATE OF RETIRED NFL PLAYER DELANO ROPER WILLIAMS TO PROPOSED CLASS SETTLEMENT**

## I.    INTRODUCTION

Linda Williams, individually, and as representative of the Estate of Delano R. Williams ("Ms. Williams"), by her attorney, Parag Shah, hereby objects to the proposed Class Action Settlement ("Settlement") for two reasons. First, it unfairly and arbitrarily permits the Defendant to assert a defense that the statute of limitations bars her claim simply because Delano R. Williams ("Mr. Williams") became deceased prior to January 1, 2006. Therefore, under the terms of the proposed Settlement Ms. Williams may only recover if her claim would not be barred by the applicable statute of limitations. Second, the proposed Settlement unfairly prejudices claimants whose access to their medical records has been diminished by the passage

1

of time.  Ms. Williams has made a diligent search for the medical records required to establish

Mr. Williams' neurocognitive injury under the proposed Settlement, but the records are

unavailable.  Since Mr. Williams died in 1984, any obligation that a medical facility would have

had to maintain Mr. Williams' records has expired, and the records have likely been destroyed.

Therefore, Ms. Williams is unable to comply with the provisions of the proposed Settlement to

the extent that requires medical records to prove a qualifying diagnosis.  As discussed below,

Ms. Williams' claims should not be subject to the statute of limitations, and she should not be

prejudiced by her inability to provide medical records to support her claim.  There is no material

distinction between her claims and those asserted by the representatives of deceased retired NFL

players who died after January 1, 2006, and even though Mr. Williams' records are no longer

available, he still died from Amyotrophic Lateral Sclerosis ("ALS").

## II.    OBJECTION

### A. Delano R. Williams' NFL Career

At the time of his death, Mr. Williams was a retired NFL Player who played the brutally

physical position of right guard for the New Orleans Saints from 1967 through 1973.  He played

in the NFL for 7 seasons, and during his career in the NFL he played nearly 100 games.

### B.  Basis for the Objection

#### a.  A Representative Claimant's Claims Should not be Subject to the Statute of Limitations Simply because the Retired NFL Player became Deceased Prior to January 1, 2006.

Under the proposed Settlement, the receipt of a Monetary Award is premised on a retired

NFL Player being diagnosed with certain neurocognitive disorders.  In cases where a

neurocognitive disorder is adequately established, the retired NFL Player or his representative

will be eligible for a Monetary Award.  However, if the retired NFL player succumbed to the

neurocognitive disorder or a condition caused by the neurocognitive disorder before January 1, 2006, his family and/or representative is only eligible for a Monetary Award if the Court determines that a wrongful death or survival claim would not be barred by the statute of limitations. The proposed Settlement arbitrarily impedes the ability of a Representative Claimant to pursue a successful claim in cases where the retired NFL Player has become deceased prior to January 1, 2006, and therefore does not fairly compensate the families and/or representatives of certain retired NFL players.

The basis for imposing additional criteria on Representative Claimants of retired NFL Players who became deceased prior to January 1, 2006, is not explained in the proposed Settlement, and the requirement is not consistent with basic notions of fair play and justice. Certain Representative Claimants should not be required to withstand a defense based on the statute of limitations, while others may make claims free from the defense. This is especially true as the core theme of the Master Complaint is that for decades, the NFL deliberately ignored the risk of head injuries and created a culture in which concussions and head injuries were dismissed as minor incidents of having your "bell rung." Players, including Mr. Williams, understood that if they did not return to the field after suffering such injuries, they risked losing their jobs; and they were reassured by the NFL coaches and trainers that it was perfectly safe to return to playing as well.

Mr. Williams got his "bell rung" for 7 straight seasons in the NFL, and in September of 1983, he began experiencing symptoms of ALS. In January of 1984, Mr. Williams was diagnosed with ALS by Dr. Peter J. Dyck at the Mayo Clinic in Rochester, Minnesota, and in November of 1984, the fatal disease took his life. He was only 39 years old. Since Mr. Williams died in 1984, the proposed Settlement requires Ms. Williams to obtain a decision from the Court

that her claims are not barred by the statute of limitations in order to receive a Monetary Award for ALS. The NFL only recently acknowledged the link between ALS and concussion injuries, and Mr. Williams could not have reasonably discovered that his bout with ALS was caused by the NFL's conduct. Therefore his claims are not barred by the statute of limitations. Nevertheless, Ms. Williams should not be treated differently than other Representative Claimants whose loved ones had the exact same experience as Mr. Williams, only 30 years later.

### b. A Claimant Should not be Unfairly Prejudiced by a Lack of Access to Medical Records Caused by an Event that is Beyond his or her Control.

Mr. Williams died in 1984, well before medical records were routinely kept in electronic format. Ms. Williams has requested medical records demonstrating that Mr. Williams was diagnosed with and died from ALS, but the medical facilities where he was treated no longer have his medical records, and any obligation that a medical facility may have had to maintain his records expired long ago. Moreover, the hospital where Mr. Williams died was destroyed by hurricane Katrina, along with everything in it. Therefore, Ms. Williams is unable to provide medical records documenting that Dr. Dyck, who is a board certified neurologist, diagnosed Mr. Williams with ALS.

The primary purpose of requiring proof that a retired NFL Player received a Qualified Diagnosis is to avoid fraud and manipulation of the Monetary Award Fund, and the primary way of providing such proof is through medical records. However, in instances where medical records are unavailable for legitimate reasons, such as the passage of time or a natural disaster, the proposed Settlement should make clear that other means of reasonable proof will be valid and acceptable. For example, a death certificate, obituary and/or the sworn testimony of persons with knowledge.

Ms. Williams can produce a death certificate demonstrating that Mr. Williams died from ALS, an obituary published in the New York Times that states Mr. Williams had ALS, and the sworn testimony from family and friends of Mr. Williams that he suffered and died from ALS. The proposed Settlement can be amended, so that Ms. Williams and others who are similarly situated will not be unfairly prejudiced by a lack of access to medical records.

### C. A Better Approach

#### a. A Representative Claimant's Claims Should not be Subject to the Statute of Limitations Simply because the Retired NFL Player became Deceased Prior to January 1, 2006.

Removing language from the proposed Settlement that arbitrarily requires Representative Claimants to obtain a Court ruling that their claims are not barred by the statute of limitations is a better approach. Not only is it more fair, but it better addresses the fraudulent conduct described in the Master Complaint.  Permitting all Representative Claimants to pursue claims regardless of the statute of limitations would hardly increase the projected amount of money the NFL can expect to pay out over the life of the Settlement because these claimants would still have to demonstrate that the deceased player was diagnosed with a compensable injury under the Settlement and the number of deceased retired NFL Players that can adequately demonstrate a compensable injury is finite and can be accounted for.

#### b. A Claimant Should not be Unfairly Prejudiced by a Lack of Access to Medical Records Caused by an Event that is Beyond his or her Control.

The proposed Settlement can and should be amended to expressly provide Claimants a reasonable alternative for proving a Qualified Diagnosis when they have a legitimate reason why they are unable to access their medical records.  This can be accomplished by requiring sufficient proof through the testimony of independent individuals and other documents that support a

Qualified Diagnosis. The concern for fraud and abuse of the Monetary Award Fund will still be met in these limited cases.

## III.    CONCLUSION

Ms. Williams objects to the proposed Settlement because it unfairly and arbitrarily permits the Defendant to assert a defense that the statute of limitation bars her claim.

Respectfully submitted,

Dated: October 14, 2014

Parag Shah
The Shah Law Firm
1355 Peachtree St.
Suite 1800
Atlanta, Georgia 30309
Tel. (404) 844-4874
Fax (404) 410-6933
Shah@shahlawfirm.com
*Attorney for Linda Williams*

Dated: October 14, 2014

*(see verification attached)*
Linda Williams
2815 Hilo Street
Diamond Head, MS 39525
(228) 255-3864

## VERIFICATION

I declare under penalty of perjury that all of the information provided above regarding my decision to object to the proposed Settlement in *In Re: National Football League Players' Concussion Injury Litigation,* MDL No. 2323, is true and correct to the best of my knowledge. I understand that my decision to object to the proposed Settlement means that although I am raising an objection to the proposed Settlement, I have decided to participate in the Settlement.

Date: October 10, 2014

Signature: *Linda F Williams*

Printed Name: Linda F. Williams