IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB <br><br> MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,* <br><br> Plaintiffs, <br><br> v. <br><br> National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc., <br><br> Defendants. | Hon. Anita B. Brody <br><br> Civil Action No. 2:12-CV-06449-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## OBJECTION BY ESTATE OF RETIRED NFL PLAYER WILLIAM "JEFF" KOMLO TO PROPOSED CLASS SETTLEMENT

### I.    INTRODUCTION

Kathryn Komlo, as Administrator of the Estate of William "Jeff" Komlo, by her attorney, Parag Shah, hereby objects to the proposed Class Action Settlement ("Settlement"). The primary basis for the objection is that the Settlement improperly limits proof of Chronic Traumatic Encephalopathy ("CTE") to a "post-mortem diagnosis by a board-certified neuropathologist of CTE" when there are other, medically sound ways in which CTE can be established. The limitation is particularly unfair to those deceased NFL players who died who did not have a post-mortem autopsy done on their brains to look for the presence of CTE.

1

## II. OBJECTION

The Plaintiff's objection is that the proposed Settlement Agreement improperly limits the manner in which CTE can be established to a "post-mortem diagnosis by a board-certified neuropathologist of CTE"  Section 6.3(f).  For a deceased player who died before January 1, 2006, the Court should allow a claimant to establish the existence of CTE through means not limited to those set out in the Settlement, particularly for those players who did not have the benefit of a post-mortem autopsy examination of the brain.  There is no legitimate basis for the settlement to dictate the sole means by which the family of a deceased player should be allowed to present evidence that the player had CTE at the time of his death.  The Court should modify the proposed settlement to allow CTE to be established by any means that is properly supported by medical or scientific evidence to the satisfaction of the claims panel, and not merely limit proof solely to be established by a board certified neuropathologist.  Such an arbitrary requirement precludes Mr. Komlo's family from even attempting to establish that Jeff Komlo had CTE when he died, which is improper, unjust and wrong.

After an illustrious career at the University of Delaware, William "Jeff" Komlo was drafted by the Detroit Lions in 1979.  The Lions' starting quarterback, Gary Danielson, was injured in the preseason and Jeff was forced to play quarterback the rest of that year.  The Lions did not have a great season and Mr. Komlo had the dubious distinction of setting the single season record for the most times being sacked.  Mr. Komlo played a total of 5 seasons overall, his last being the 1983 season with Tampa Bay.

For a time after his football career ended, Mr. Komlo had what appeared to be a very successful life both personally and professionally.   He married his college sweetheart, Jennifer Komlo and they had 4 children, Kathryn, Courtney, Christine and Caroline.  Mr. Komlo was a

successful business man who started his own financial firm and did very well.  The Komlos owned homes on Philadelphia's affluent Main Line and in Palm Beach, Florida.  Then, quite suddenly and with no real fanfare or explanation, Mr. Komlo started to engage in bizarre and unexplainable, and sometimes violent, behavior.  He stole from his children's college funds.  He became a fugitive from the law, accused of burning down his home in Palm Beach, FL to collect the insurance proceeds and then later burning down another residence in Pennsylvania.  He had multiple criminal charges lodged against him from an assortment of actions.  He was accused of stealing hundreds of thousands of dollars from business associates.  He abandoned his family and disappeared, his whereabouts unknown.  At one point, he was on the FBI's Most Wanted list.

In March, 2009, Jeff Komlo's body was found in Greece.  He died in a single vehicle car wreck.  No autopsy was performed.

Quite understandably, Mr. Komlo's ex-wife and children grew up thinking that their father had abandoned them for various reasons, including that he was (in no particular order) a jerk, a criminal, that he did not love them, that he was a drug addict, etc., and who could blame them for feeling that way.  There was no other way to explain their father's behavior.  However, as information regarding the present litigation came to light, it became crystal clear what had happened to their father:  Jeff Komlo had a diseased brain.  He had CTE.  All of his behaviors could only be explained by the brain damage that ate away at his brain as a result of his professional football career.

As a result of this revelation, the Komlo family joined in the present litigation and sued the NFL.  Yet when the settlement was announced, the specific terms excluded the family from

3

being able to establish their father's CTE and, therefore, rendered them unable to participate in any of the Settlement's benefits. As such, the Komlo's file the present objection.

The diagnosis of CTE is a relatively recent development. Within the last few years especially, research into CTE has intensified. Where the very existence of CTE was once disputed, medical researchers have not only confirmed that CTE is a real disease, but that it can also be diagnosed by means other than having a pathologist perform an autopsy. The science of establishing CTE is rapidly evolving and the ability to diagnose the disease is changing too. As such, the Komlo family should be allowed the opportunity to present a claim that Jeff Komlo had CTE through credible medical and scientific evidence as determined by the claims panel, and not merely limited to the unnecessarily restrictive method set out in the proposed settlement.

### III.  CONCLUSION

The family of the late Mr. Komlo, through Kathryn Komlo as Administrator of his Estate, objects to the proposed Settlement because restrictive means of proving the existence of CTE ignores other available means of proving that an eligible player died with CTE. The requirement that CTE can only be established through a post-mortem diagnosis by a board-certified neuropathologist is both unfair to the Plaintiff and an unnecessarily restrictive means of establishing CTE, which is the seminal diagnosis at the heart of all the claims brought in the present litigation. The Court should open up the proof of CTE in players who died during the time period to be qualified for the settlement to any means that is medically and/or scientifically valid.

Respectfully submitted,

Dated: October 14, 2014

_____
Parag Shah
The Shah Law Firm

                                        1355 Peachtree St.
Suite 1800
Atlanta, Georgia 30309
Tel. (404) 844-4874
Fax (404) 410-6933
Shah@shahlawfirm.com
*Attorney for Kathryn Komlo, as Administrator for the Estate of William "Jeff" Komlo*

Dated: October 14, 2014               *(see verification attached)*
Kathryn Komlo
252 Reinhard Avenue
Columbus, OH 43206

## VERIFICATION

I declare under penalty of perjury that all of the information provided above regarding my decision to object to the proposed Settlement in *In Re: National Football League Players' Concussion Injury Litigation*, MDL No. 2323, is true and correct to the best of my knowledge. I understand that my decision to object to the proposed Settlement means that although I am raising an objection to the proposed Settlement, I have decided to participate in the Settlement.

Date: October 10, 2014

Signature: *Kathryn Seward*

Printed Name: Kathryn Seward