UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *On behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | CIVIL ACTION NO: 14-cv-0029 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## OBJECTION OF PRESTON JONES AND KATHERINE JONES TO CLASS ACTION SETTLEMENT

Objectors Preston Jones and Katherine Jones (sometimes referred to together as the "Jones Objectors") object to the proposed Class Action Settlement Agreement of June 25, 2014 (Doc. No. 6087, filed 7/7/14).

### The Jones Objectors

Objector Preston Jones is a "Retired NFL Football Player" under section 2.1(ffff) of the proposed Settlement Agreement who has not "opted out" of the Settlement Class, and is therefore a member of the Settlement Class under section 1.1 of the proposed Settlement

Agreement. Most of his NFL league play occurred in the NFL Europe League. He exhibits multiple neurocognitive symptoms linked to repetitive mild traumatic brain injury, including symptoms associated with chronic traumatic encephalopathy ("CTE"). He is retired from playing football, and no longer under contract, with the NFL or any NFL "Member Club," nor seeking active employment as a player. As of "the date of Preliminary Approval and Class Certification Order," Preston Jones was alive and not diagnosed with "a Qualifying Diagnosis," and is accordingly a member of "Subclass 1" under section 1.2(a) of the proposed Settlement Agreement.

Objector Katherine Jones is the spouse of Retired NFL Football Player Preston Jones, and has not "opted out" of the Settlement Class. She is therefore a "Derivative Claimant" under section 2.1(ee) and a member of the Settlement Class under section 1.1 of the proposed Settlement Agreement, and a member of "Subclass 1" under section 1.2(a) of the proposed Settlement Agreement.

### Objections to the Proposed Settlement Agreement

The Jones Objectors share the objections to Class Action Settlement of Sean Morey *et al.*, filed October 6, 2014 (Doc. No. 6201).

The Jones Objectors further and more specifically object to the proposed Settlement Agreement because it overwhelmingly favors certain Settlement Class Members to the great exclusion of others, for no discernible logical, legal, or medical reasons. The proposed Settlement Agreement discriminates irrationally[1] among Class Members—to the detriment of the Jones Objectors, and all others similarly situated (which includes Settlement Class Members in

---

[1] That is to say that the dramatic disparate treatment of Class Members is objectively irrational, and hence unreasonable and unfair—not that counsel for Plaintiffs and the NFL lacked cold economic reasons for favoring the skewed proposed Settlement.

both Subclass 1 and Subclass 2). The dramatic differential treatment within the Settlement Class (*both* within *and* between the two curiously-contrived Subclasses) lacks any coherent basis and renders the proposed Settlement Agreement unfair and unreasonable.

First, although players in the NFL's former international league (known serially over the years as the "World League of American Football," "NFL Europe League," and "NFL Europa") are automatically members of the Settlement Class (sections 1.1(a) and (ffff)), the proposed Settlement Agreement expressly and totally excludes all seasons of play in such NFL leagues from the definition of "Eligible Seasons." (Sections 1.1 (kk) and 6.7(c)(i).) As a result, for example, an NFL football player who played exclusively for NFL teams in its Europe League—even as a starter for several years—is regarded in the proposed Settlement Agreement as having played zero Eligible Seasons, and thereby automatically loses 97.5% of the monetary benefits otherwise promised by the proposed Settlement (see section 6.7(b)(i)(10)). This is extraordinary, and makes no rational sense. The NFL originated and maintained ownership and control of its European league equivalent to its league in the United States. There is no evidence in the record, nor any reason to believe, that the effects of repetitive mild traumatic brain injury are less in magnitude or prevalence among NFL players who played in Europe versus in the United States. Indeed, many of the same players have played in the NFL leagues in each place. Most of Objector Preston Jones's playing time occurred in the NFL Europe League. There is no justification for the proposed Settlement to exclude benefits for NFL players (in both Subclasses) who played in Europe, in dramatic preference for NFL players who played in the United States. This arbitrary differential treatment among retired NFL players is unfair and unreasonable.

Second, the proposed Settlement Agreement requires Objector Katherine Jones, like the great majority of Derivative Claimants in the Settlement Class, to relinquish all her rights against

the NFL, but then in section 6.3(f) *expressly freezes her out* of the proposed Agreement's *singular substantial spousal survivor benefit* (up to a $4 million payment following a post-mortem diagnosis of CTE) for the sole reason that her husband was alive on July 7, 2014 (the date of preliminary approval of the proposed Settlement). Proposed Settlement Agreement, § 6.3(f) and Ex. B-1 at p. 5. This survivor benefit is valued at up to $4 million in the proposed Settlement Agreement prior to July 7, 2014, but plummets to zero on July 8, 2014 and thereafter. This too makes absolutely no sense. That payment is the primary benefit payable to spouses and other survivor claimants, for what is likely to be (based on autopsy evidence to date) the most prevalent diagnosis among all Retired NFL Football Players—and it is made expressly *unavailable* to the vast majority of spousal claimants based on an already-passed arbitrary cutoff date for no just reason.[2] The result is a proposed settlement that ostensibly recognizes the significance of a CTE diagnosis with a $4 million survivor award—but then cuts off the vast majority of spousal claimants from receiving it (while still imposing the full waiver of rights on all of them). This arbitrary differential treatment among surviving spouses—evidently to the great detriment of the vast majority—is unfair and unreasonable.

### Reservation of Further Briefing

Pursuant to this Court's Order of October 9, 2014 (Doc. No. 6203) regarding further briefing by agreement of the Court following timely filing of objections, the Jones Objectors request to submit further briefing on their objections on or before December 1, 2014, in the event written or oral argument is submitted in support of final approval of the proposed Settlement Agreement. It is currently unknown to the Jones Objectors, and difficult to speculate or

---

[2] The terms of the proposed Settlement Agreement require that a "Qualifying Diagnosis" of CTE may occur *only* post-mortem, so the substantial award associated with any Qualifying Diagnosis of CTE would never be paid to the retired football player, but only to a spouse or one or more other survivors.

anticipate what responsive argument may be proffered in support of the proposed Settlement Agreement and its demonstrably massive differential treatment of Class Members without any apparent coherent justification.

Dated: October 14, 2014

Respectfully submitted,

/s/ Don K. Ledgard
James T. Capretz
Don K. Ledgard
Capretz & Associates
5000 Birch Street, Suite 2500
Newport Beach, California 92660
dledgard@capretz.com
(949) 724-3000 (telephone)
(949) 209-2090 (facsimile)

*Attorneys for Objectors*
*Preston Jones and Katherine Jones*

Date: __Oct 14__, 2014

Preston Jones
111 Augusta National
Anderson, South Carolina, 29621

Telephone: (864)

Date of Birth: ___ Redacted L.R. 5.1.3

Date: __Oct 14__, 2014

Katherine Jones
111 Augusta National
Anderson, South Carolina, 29621

Telephone: (864)

Date of Birth: ___ Redacted L.R. 5.1.3

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2014, I caused the foregoing Objection to the June 25, 2014 Class Action Settlement to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

/s/ Don K. Ledgard
Don K. Ledgard