UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>       Plaintiffs,<br><br>       v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>       Defendants. | Civil Action No. 2:14-cv-00029-AB |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**MOTION OF SEAN MOREY, ALAN FANECA, BEN HAMILTON, ROBERT ROYAL, RODERICK CARTWRIGHT, JEFF ROHRER, AND SEAN CONSIDINE FOR SCHEDULING CONFERENCE**

Sean Morey, Alan Faneca, Ben Hamilton, Robert Royal, Roderick "Rock" Cartwright, Jeff Rohrer, and Sean Considine (the "Movants") respectfully move for this Court to order the parties to participate in a scheduling conference before this Court's November 19, 2014 fairness hearing, for purposes of setting a schedule for the fairness hearing. A proposed order is attached. In support of this motion, Movants state as follows:

1.      This Court has scheduled a fairness hearing for November 19, 2014 to determine whether the Settlement should be approved. Dkt. No. 6084, at 7. The Settlement is long and complex – it is a 95-page document (plus almost 60 pages of appendices) that purports to resolve

all Mild Traumatic Brain Injury (MTBI)-related claims of every member of a class of retired NFL players.

2.  Absent class members have raised significant objections to the Settlement. *See, e.g.*, Dkt. No. 6201. For example, even though Co-Lead Class Counsel have proclaimed that "CTE is believed to be the most serious and harmful disease that results from NFL and concussions,"[1] the Settlement fails to compensate all current and future cases of CTE. *Id.* at 21-32. It also imposes a 75% offset for a single instance of non-football-related traumatic brain injury or stroke and fails to credit seasons played in NFL Europe. *Id.* at 32-36. The short and long form notices, moreover, both contain numerous false and misleading statements that preclude class members from understanding even the basic terms of the Settlement. *Id.* at 37-53. And the confusing and arbitrary hurdles to be eligible for compensation will preclude many individuals who otherwise qualify for compensation from recovering under the Settlement. *Id.* at 72-77. In addition to these criticisms, four of the world's leading experts on MTBI have filed declarations

---

[1] Co-Lead Class Counsel Seeger Weiss used to explain on its website the prevalence of CTE among current and future NFL players:

> Frequent brain trauma or multiple football concussions . . . has shown to cause serious mental health problems. **Thousands of football players, many of whom are thought to have suffered more than one hundred mild traumatic brain injuries, are dealing with horrible and debilitating symptoms**.
>
> Multiple medical studies have found direct correlation between football concussions and suffering from symptoms of chronic traumatic encephalopathy, also known as CTE. **CTE is believed to be the most serious and harmful disease that results from NFL and concussions.** CTE is a progressive degenerative disease that causes damage to the brain tissue and the accumulation of Tau Proteins.

*Up-To-Date Information on NFL Football Concussions*, Seeger Weiss LLP, (Sept. 3, 2014), http://www.seegerweiss.com/football-concussions/#ixzz3CByVHxui (emphasis added) (Objection 2 n.1 & Ex. 1). Seeger Weiss quickly removed that language from its website after oral argument in the Third Circuit on September 10, 2014, after the inadequate representation and failure to compensate CTE, as well as this language on their website, was raised.

pointing out further fatal flaws in the Settlement. *See* Dkt. No. 6201-16 (Stern Decl.); Dkt. No. 6232-1 (Gandy Decl.); Dkt. No. 6180-2 (Masel & O'Shanick Decl.).

3. The NFL and Class Counsel have failed to address any of these issues despite having ample time and opportunity to do so. Movants raised many of these issues in their May 5, 2014, Motion to Intervene. Dkt. No. 8, at 13-23. Movants also raised these issues in their July 2, 2014, Objection to Class Action Settlement and Opposition to Motion for Preliminary Approval, Dkt. No. 6082, at 18-40, as well as during proceedings in the Third Circuit appealing the preliminary approval, Doc. No. 003111686114 (3d Cir. No. 14-8103). Neither the NFL nor Class Counsel have addressed these issues on the merits in their responsive pleadings.

4. Instead, the NFL and Class Counsel have both stated that they intend to present – at the fairness hearing and not a moment earlier – evidence supporting the fairness and adequacy of the proposed Settlement. *See* Dkt. No. 6183 (Class Counsel), at 22 ("at the Fairness Hearing, the undersigned will provide the Court with all it needs to determine whether the proposed Settlement should be finally approved"); Dkt. No. 6185 (NFL), at 2 ("Class Counsel and the NFL Parties will submit and present to the Court ample evidence to support the fairness of the Class Action Settlement, including affidavits, briefing and testimony").

5. Even though the Settlement will adjudicate substantial rights involving the health and well-being of approximately 20,000 class members, absent class members have been given absolutely no indication of what that evidence will be. Nor have their wives, their girlfriends, and others around them, even though they will also be affected by the Settlement. Going into the fairness hearing without being informed of Class Counsel's and the NFL's positions on significant issues, not to mention their "ample evidence," puts absent class members at a major

disadvantage.  The lack of information provided to absent class members will also dilute the value of any cross-examination.

6. This Court may order a scheduling conference in the interest of orderly presentation of the evidence at the fairness hearing.  Under Rule 23(d), this Court may issue any order to "determine the course of proceedings or prescribe measures to prevent undue repetition or complication in presenting evidence or argument" or "deal with similar procedural matters." Fed. R. Civ. P. 23(d)(1)(A), (E).  Moreover, courts have substantial discretion in fashioning procedures for a Rule 23(e) fairness hearing to provide for the effective and orderly presentation of evidence.[2]

7. Because Class Counsel appear to have conducted no formal discovery whatsoever, Movants filed a motion for leave to conduct limited discovery for purposes of preparing for the fairness hearing.  Dkt. No. 6169.  Even though absent class members have been kept in the dark regarding the negotiations that led to the Settlement as well as the strength of the defenses to the core allegations, both Class Counsel and the NFL opposed Movants' limited request.  See Dkt. Nos. 6183 (Class Counsel), 6185 (NFL).  Movants then filed a motion for leave to file a reply in support of their motion for limited discovery.  Dkt. No. 6211.  Those motions remain pending.

---

[2] *See Manual for Complex Litigation* § 22.924 (4th ed.) (describing procedures for obtaining information before a fairness hearing and stating that "some trial-type procedures for the fairness hearing" or "an evidentiary hearing" might be called for if "there are objections to the settlement or reasons for the court to be skeptical of its fairness"); *Carlough v. Amchem Prods., Inc.*, 5 F.3d 707, 711 (3d Cir. 1993) (describing the district court's appointment of a special master to "assist in discovery and other pre-hearing matters" in a case where objectors were granted leave to conduct discovery); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, No. MDL 1203, Civ. A. 99-20593, 2002 WL 32067308, at *1-2 (E.D. Pa. Nov. 26, 2002) (describing the district court's scheduling of two status conferences before a fairness hearing, which "provided the objectors with ample opportunity to identify the type of information that they hoped to glean from [discovery]").

8. A scheduling conference is necessary here because of the complexity of the Settlement; the significance of the life-and-death issues raised by this case; the significance of the defects in the Settlement that have been raised by absent class members; the NFL's and Class Counsel's failure to respond meaningfully to the objections of absent class members; and the NFL's and Class Counsel's statements that they intend to proffer evidence at the fairness hearing without indicating what that evidence might be.

WHEREFORE, for the reasons stated above, Sean Morey, Alan Faneca, Ben Hamilton, Robert Royal, Roderick Cartwright, Jeff Rohrer, and Sean Considine respectfully request that the Court set a scheduling conference before the November 19, 2014 fairness hearing for purposes of addressing the manner in which the fairness hearing will proceed, and to the extent the Court will allow, for purposes of addressing outstanding discovery motions before the fairness hearing.

Dated: October 15, 2014

William T. Hangley
Michele D. Hangley
HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER
One Logan Square
18th & Cherry Streets
27th Floor
Philadelphia, PA 19103
(215) 496-7001 (telephone)
(215) 568-0300 (facsimile)
whangley@hangley.com
mdh@hangley.com

/s/ Steven F. Molo

Steven F. Molo
Thomas J. Wiegand
Kaitlin R. O'Donnell
MOLOLAMKEN LLP
540 Madison Ave.
New York, NY 10022
(212) 607-8160 (telephone)
(212) 607-8161 (facsimile)
smolo@mololamken.com
twiegand@mololamken.com
kodonnell@mololamken.com

Martin V. Totaro
Eric R. Nitz
MOLOLAMKEN LLP
600 New Hampshire Ave., N.W.
Washington, DC 20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)
mtotaro@mololamken.com
enitz@mololamken.com

Linda S. Mullenix
2305 Barton Creek Blvd., Unit 2
Austin, TX 78735
(512) 263-9330 (telephone)
lmullenix@hotmail.com

*Attorneys for Movants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 15, 2014, I caused the foregoing Motion for Scheduling Conference and Proposed Order to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel and parties.

                                    /s/ Steven F. Molo