UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIG., | ) ) ) ) | 2:12-md-02323-AB |

**CURTIS L. ANDERSON'S OBJECTIONS TO SETTLEMENT**

Class member Curtis L. Anderson ("Anderson") hereby objects to the proposed settlement and gives notice of his intention to appear at the November 19, 2014 fairness hearing through his undersigned counsel. Anderson played one season in the NFL as a defensive end for the Kansas City Chiefs.

For cause, Anderson hereby requests the Court's consideration of his objections despite missing the official deadline for timely submission by two days. First, Anderson only recently learned that the class notice does not accurately summarize the actual settlement. Second, Anderson's tardiness is *de minimus*. Third, it will not unduly delay proceedings or prejudice the parties. Fourth, all objectors have been given permission to supplement their objections after the fairness hearing. Finally, class counsel has not moved for a fee award or supported its fee request.

In the interest of time, Anderson adopts all timely objections previously submitted and the legal bases asserted by counsel. Anderson also reserves the right to supplement his objections with additional legal and factual support after the fairness hearing, as provided in the Court's order of October 9, 2014 (D.E. 6203). Specifically, Anderson lists the following objections to the settlement's fairness:

1. The objection procedures are burdensome and unauthorized at law.

2. The eligibility for class membership is too restrictive in that any and all

        individuals listed on active roster with any qualified team at any time should be allowed to participate.

3.      An "eligible season" excludes seasons where a player is placed on the injured reserved list prior to the third game of the regular season for reasons other than concussion or head injury.

4.      The named plaintiffs failed to adequately represent class members who are at risk of developing CTE in the future. Specifically, the settlement arbitrarily favors the subclass of players who died with CTE prior to July 7, 2014, at the expense of those who will die with CTE in the future.

5.      The intra-class equity requirement cannot be met because class members will suffer a wide variety of injuries under diverse circumstances. One conflict is between the "haves"—those on the settlement's damages grid—and the "have nots", those not on the grid.

6.      A second conflict involves distinctions based on type of disease and player's age at time of diagnosis. Specifically, the age bracket breakdowns should take into account situations where there is credible evidence that the date of diagnosis is significantly later than the date of onset of the illness or symptoms.

7.      For the same reasons, neither can the representative plaintiffs satisfy the typicality and commonality requirements.

8.      The 75% offsets demonstrate lack of adequate representation.

9.      The RSA is unfair, unreasonable and inadequate. For example, the Qualifying Diagnoses do not include multiple sclerosis or numerous other physical and behavioral consequences of traumatic brain injury.

10.     The Notice is ambiguous and misleading on the issue of whether future deaths with CTE are eligible for monetary compensation.

11.     The Court should require the parties to narrow the release to except claims for CTE and Death with CTE. Alternatively, the Court should require independent representation of the CTE subclass.

12.     The complete absence of discovery weighs against approval of the settlement.

13.     The NFL's ability to withstand a far greater judgment than that provided by the settlement also weighs against its approval.

14.     The proffered value of the settlement is illusory because the settlement requires

    class members to navigate a complex procedural maze to secure recovery. Because the settlement creates unfair barriers designed to throttle recovery, the actual recovery realized by most class members will be unfair and minimal.

15. The negotiation of a separate fee payment to Class Counsel in excess of the maximum fee allowable by law indicates collusion and self-dealing. Class counsel is also permitted to "double dip" their clients for a contingency fee. The maximum attorneys' fee that a court could shift to a defendant is Class Counsel's lodestar without any enhancement. These questionable provisions demonstrate a conflict of interest that should preclude settlement.

16. The improper use of a *cy pres* funds breaches class counsel's fiduciary duty to the class.

17. The impact of the Medicare Secondary Payer Act could indefinitely block payments to class members.

## CONCLUSION

For all of the foregoing reasons, the Court must reject the proposed settlement as unfair and unreasonable.

    Respectfully submitted,
    Curtis L. Anderson,
    By his attorney,

    */s/ George W. Cochran*
    George W. Cochran (92855)
    1385 Russell Drive
    Streetsboro, Ohio 44241
    Tel:   (330) 626-5600
    Fax:   (330) 230-6136
    Email: lawchrist@gmail.com

Date:  October ___, 2014        (*Original signature to follow*)
    Curtis L. Anderson
    967 Kemper Meadow Dr
    Cincinnati, OH 45240-1463
    Email: clasr90@yahoo.com
    DOB: May 16, 1957

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing document was filed via the ECF filing system on October 16, 2014, and that as a result electronic notice of the filing was served upon all attorneys of record.

                                            */s/ George W. Cochran*
                                            George W. Cochran