UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>    Plaintiffs,<br><br>    v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>    Defendants. | Civil Action No. 2:14-cv-00029-AB |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**MOTION OF SEAN MOREY, ALAN FANECA, BEN HAMILTON, ROBERT ROYAL, RODERICK CARTWRIGHT, JEFF ROHRER, AND SEAN CONSIDINE TO ORDER CLASS COUNSEL AND THE NFL TO PRODUCE EVIDENCE**

Sean Morey, Alan Faneca, Ben Hamilton, Robert Royal, Roderick "Rock" Cartwright, Jeff Rohrer, and Sean Considine (the "Movants") respectfully move for this Court to order Class Counsel and the NFL to produce the evidence upon which they intend to rely at this Court's November 19, 2014 fairness hearing and the evidence upon which they relied when they agreed to the Settlement. A proposed order is attached. In support of this motion, Movants state as follows:

1.   This Court has scheduled a fairness hearing for November 19, 2014 to determine whether the Settlement is fair, adequate, and reasonable, and thus, should be approved. Dkt. No. 6084, at 7.

2. On October 6, 2014, Movants filed their objection to the proposed Settlement, in which they raised substantial challenges to the Settlement's adequacy and fairness. Dkt. No. 6201. The objection demonstrates how, on its face, the Settlement fails to meet the requirements of Rule 23 and due process. Objectors have also submitted affidavits of eminent researchers who have analyzed the Settlement information and have raised issues—for example, inappropriate testing procedures—the settling parties are likely to contend are fact-bound and will attempt to rebut with information not in the Settlement.

3. As Movants noted in their motion for limited discovery, Class Counsel has conducted no formal discovery in this proceeding. Dkt. No. 6169-1, at 2. Neither Class Counsel nor the NFL denied that fact in their oppositions. Dkt. No. 6183 (Class Counsel); Dkt. No. 6185 (NFL Parties). Instead, they stated their intention to provide evidence of the fairness of the Settlement at the fairness hearing. *See* Dkt. No. 6183 (Class Counsel), at 22 ("at the Fairness Hearing, the undersigned will provide the Court with all it needs to determine whether the proposed Settlement should be finally approved"); Dkt. No. 6185 (NFL), at 2 ("Class Counsel and the NFL Parties will submit and present to the Court ample evidence to support the fairness of the Class Action Settlement, including affidavits, briefing and testimony"). Movants' Motion for Leave to Conduct Limited Discovery was denied on October 15, 2014. Dkt. No. 6245.

4. Because of the absence of any formal discovery by Class Counsel and the inability to conduct any discovery on their own, Movants have been left completely in the dark as to the evidence supporting the fairness of the Settlement.

5. It is the burden of the settling parties to demonstrate the Settlement is fair, adequate, and reasonable. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995). Movants have a right to the evidence: (1) Class Counsel

and the NFL intend to rely on at the fairness hearing; and (2) on which Class Counsel and the NFL relied when they agreed to enter into the Settlement. "Parties to the settlement agreement should generally provide access to discovery produced during the litigation phases of the class action (if any) as a means of facilitating appraisal of the strengths of the class positions on the merits." *Manual for Complex Litigation*, § 21.643 (4th ed.); *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 316 (3d Cir. 2005). In opposing Movants' motion for limited discovery, Class Counsel and the NFL assured this Court that they will present at the fairness hearing "ample evidence" and "all it needs to determine whether the proposed Settlement should be finally approved." *See* Dkt. No. 6183 (Class Counsel), 22; Dkt. No. 6185 (NFL), at 2. But Movants are entitled to access that evidence ***before*** the fairness hearing so that they can properly prepare and meaningfully participate in the fairness hearing. *See Rogel v. Am. Broad. Cos.*, 74 F.3d 40, 44 (3d Cir. 1996) (holding that imposition of sanctions without an evidentiary hearing is not consistent with due process).

      WHEREFORE, for the reasons stated above, Sean Morey, Alan Faneca, Ben Hamilton, Robert Royal, Roderick "Rock" Cartwright, Jeff Rohrer, and Sean Considine, request an order that Class Counsel and the NFL produce the evidence they relied on when they agreed to the Settlement and the evidence upon which they intend to rely at the November 19, 2014 fairness hearing, including: (i) the names, contact information, and a summary of testimony of any witness they intend to call; (ii) a declaration of any expert setting forth the basis for that expert's testimony; and (iii) any documents they intend to introduce.

<table>
<tr><td>

Dated: October 21, 2014

William T. Hangley  
Michele D. Hangley  
HANGLEY ARONCHICK SEGAL  
PUDLIN & SCHILLER  
One Logan Square  
18th & Cherry Streets  
27th Floor  
Philadelphia, PA 19103  
(215) 496-7001 (telephone)  
(215) 568-0300 (facsimile)  
whangley@hangley.com  
mdh@hangley.com

</td><td>

/s/ Steven F. Molo

Steven F. Molo  
Thomas J. Wiegand  
Kaitlin R. O'Donnell  
MOLOLAMKEN LLP  
540 Madison Ave.  
New York, NY 10022  
(212) 607-8160 (telephone)  
(212) 607-8161 (facsimile)  
smolo@mololamken.com  
twiegand@mololamken.com  
kodonnell@mololamken.com

Martin V. Totaro  
Eric R. Nitz  
MOLOLAMKEN LLP  
600 New Hampshire Ave., N.W.  
Washington, DC 20037  
(202) 556-2000 (telephone)  
(202) 556-2001 (facsimile)  
mtotaro@mololamken.com  
enitz@mololamken.com

Linda S. Mullenix  
2305 Barton Creek Blvd., Unit 2  
Austin, TX 78735  
(512) 263-9330 (telephone)  
lmullenix@hotmail.com

</td></tr>
</table>

*Attorneys for Movants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2014, I caused the foregoing Motion for Production of Evidence to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel and parties.

/s/ Steven F. Molo