UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : No. 2:12-md-02323-AB<br>:<br>: MDL No. 2323<br>: |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | : Hon. Anita B. Brody<br>:<br>:<br>:<br>: |

**CO-LEAD CLASS COUNSEL'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO STRIKE
THE LATE-FILED OBJECTION OF CURTIS L. ANDERSON**

**I.  INTRODUCTION**

Co-Lead Class Counsel submit this memorandum of law in support of their motion to strike the late-filed objection of Curtis L. Anderson [ECF No. 6248].  As set forth below, Mr. Anderson's objection was filed late and fails to comply with this Court's Preliminary Approval Order of July 7, 2014, and thus, it should be stricken.

**II.  FACTUAL BACKGROUND**

On July 7, 2014, this Court entered its Order granting preliminary approval of the Class Action Settlement Agreement as of June 25, 2014 (the "Settlement Agreement").  Regarding objections, this Court adopted and approved the objection procedures of the Settlement Agreement with an October 14, 2014 deadline, as follows:

> The objection procedure set forth in Section 14.3 of the Settlement Agreement is approved.  <u>Written objections must be postmarked on or before October 14, 2014</u>.  The attached Long-Form Notice explains the objection procedure.

*In re: National Football League Players' Concussion Injury Litig.*, No. 2:12–md–02323–AB, 2014 WL 3054250, at *14 (E.D. Pa. July 7, 2014) (emphasis added).

Section 14.3 of the Settlement Agreement sets forth the procedures for objecting Settlement Class Members to timely object.  These procedures detail that the following must be provided by October 14, 2014:

1)   a detailed statement of their objection;

2)   their printed name, address, telephone number, and date of birth; and

3)   the dated Personal Signature of the Retired NFL Football Player, Representative Claimant, or Derivative Claimant making the objection (<u>not</u> an electronic signature).

If the objecting Settlement Class Member is represented by counsel, his/her attorney must:

1)   timely file a notice of appearance by October 14, 2014;

2)   file a sworn declaration attesting to his or her representation of each objecting Settlement Class Member; and

3)   comply with the other procedures of the section.

Settlement Agreement [ECF No. 6087], Section 14.3 (a) & (b).

Mr. Anderson, who is represented by counsel, George W. Cochran, Esq., filed his objection out of time, on October 16, 2014.  The objection is nothing more than a "copy-cat" or "me too" recital of others' objections.  Mr. Anderson, through his counsel George Cochran, shamelessly "adopts all timely objections previously submitted and the legal bases asserted by counsel," purportedly out of concern for "the interest of time."  Anderson Objection at 1.  In addition to being two (2) days late, the objection is not personally signed by Mr. Anderson.  Instead, it is electronically signed, "(*Original signature to follow*)."  Mr. Anderson acknowledges

that he missed "the official deadline for timely submissions," but suggests his late filing of merely cumulative objections should be excused.  *Id.*   Co-Lead Class Counsel disagree.

## III.  ARGUMENT

This Court has absolute discretion to excuse a late-filed objection under the terms of the Settlement Agreement, and as a matter of law.  *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).   This Court's discretion should be informed by several concerns of importance.

First, Mr. Anderson, through George Cochran, acknowledges his tardiness.   His justification for being late is that he "only recently learned that the class notice does not accurately summarize the actual settlement."   Anderson Objection at 1.[1]   This tardiness, however, is likely due to the fact that Mr. Anderson's retention of (and possibly solicitation by) George Cochran did not occur until *after* the Preliminary Approval Order's deadline of October 14th.   George Cochran's Declaration of retention concedes as much, as it too is dated October 16, 2014.   *See* ECF No. 6248-1.

Second, George Cochran is a professional objector[2] and a habitual late filer of objections. Indeed, this is not the first time George Cochran has ignored the deadline to object in a class action settlement in the Eastern District of Pennsylvania.   In the *Diet Drugs* litigation, MDL No. 1203,

---

[1] As the Court is aware, the Notice program approved by this Court began immediately after the Order of Preliminary Approval issued – in July.   Notice issued using first class mail, television, print media, and the internet, *e.g.*, www.nflconcussionsettlement.com.   In addition to the official notice program, widespread news coverage of the settlement has and continues to occur.   For Mr. Anderson to claim that he only recently learned of the settlement defies credulity.

[2] *See Devlin v. Scardelletti*, 536 U.S. 1, 21-22 & n. 5 (2002)(Scalia, J., dissenting)(noting that professional objectors are those "who seek out class actions to simply extract a fee by lodging generic, unhelpful protests.").

for example, George Cochran *never* filed of record his clients' objections. Instead, on their behalf, he moved to intervene in the litigation almost a month *after* the deadline for filing objections. Class Counsel opposed George Cochran's late-filed motion.³ Then-Chief Judge Bechtle denied the motion. *See In re Diet Drugs (Phentermine/ Fenflura-mine/Dexfenfluramine) Prods. Liab. Litig.*, MDL 1203, PTO No. 1295 (E.D. Pa. May 8, 2000), attached hereto as Exhibit "B." *See also In re: TFT-LCD Flat Panel Antitrust Litig.*, No. 07-md-1827 (N.D. Cal.) [ECF No. 5497, at 2] (George W. Cochran acknowledges that the objection deadline was April 13, 2012, yet he filed the objection on his clients' behalf five (5) days later, on April 18, 2012), attached hereto as Exhibit "C."

Third, Mr. Anderson's objections, through George Cochran here, are at best cumulative and duplicative of other objectors, including Mr. Cochran's brother, Edward W. Cochran, also a professional objector, but one who managed to file timely his clients' objections in this case. *See* ECF No. 6213 (Objection of Cleo Miller, *et al.*, filed by Edward W. Cochran, and yet another professional objector, John J. Pentz).⁴ Mr. Anderson expressly adopts the objections of those who *timely* filed. As a late adopter, no new insights or perspective on the Settlement Agreement are gained by considering the objections repeated by George Cochran. Instead, the Court, the class, and Co-Lead Class Counsel are subjected to the "generic, unhelpful protests" of a professional objector who has lodged objections in an obvious attempt to extract an extortionate fee for his own self-aggrandizement.

---

³Because these events occurred 14 years ago, only a copy of the electronic version of the opposition in MDL 1203's files is currently available, and is attached hereto as Exhibit "A."

⁴*See In re Initial Public Offering Sec. Litig.*, 671 F. Supp.2d 467, 496 n. 219 (S.D.N.Y. 2009) (citing cases characterizing Mr. Pentz as a "professional objector").

All told, there is no justification for considering these late-filed objections. The terms of the Settlement Agreement should apply, *i.e.*, by failing to comply with terms of this Court's order adopting the provisions of Section 14.3, Mr. Anderson has waived and forfeited his rights to object. Settlement Agreement, Section 14.3(d).

## IV.  CONCLUSION

For the reasons stated herein, the late-filed objections of Mr. Anderson should not be considered. Co-Lead Class Counsel's motion to strike the objections should be granted.

Dated: October 21, 2014                                     Respectfully submitted,


/s/ Christopher A. Seeger
Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

**Co-Lead Class Counsel**

Sol Weiss
ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, PA 19103
Phone: (215) 735-1130
Fax: (215) 735-2024
sweiss@anapolschwartz.com

**Co-Lead Class Counsel**