# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE DIET DRUGS (Phentermine/ Fenfluramine/Dexfenfluramine) PRODUCTS LIABILITY LITIGATION | : : : | MDL Docket No. 1203 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | : : : | |
| SHEILA BROWN, SHARON GADDIE, VIVIAN NAUGLE, QUINTIN LAYER, and JOBY JACKSON-REID, Individually and all others similarly situated, | : : : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 99-20593 |
| v. | : : | |
| AMERICAN HOME PRODUCTS CORPORATION, | : : : | |
| Defendant. | : : : | |

RESPONSE IN OPPOSITION TO MOTION TO
INTERVENE BY THE GEORGE W. COCHRAN OBJECTORS

## I. INTRODUCTION

On April 25, 2000, the George W. Cochran objectors, i.e., Phyllis M. Rodriguez, Frances Rammage, Sherri D. Weineke, Pam Butler, Lynn Reed, Carl Wolf, Ted Doak, Sherrie Brichetto and Kim Heaton, moved pursuant to Fed.R.Civ.P. 24 to intervene as of right into the Brown litigation. As the Cochran litigants' intervention needlessly duplicates the objections and requests of other intervenors, the motion is unnecessary, as well as substantively defective.

Accordingly, class counsel respectfully request that the motion be denied.

## II.  FACTUAL BACKGROUND

The Cochran objectors served their motion to intervene on April 25, 2000.  In their motion, the Cochran objectors suggest that on March 28, 2000 they jointly noticed their intention to appear and object to the proposed Settlement Agreement.  Class counsel were never served with that alleged pleading.  Moreover, the pleading does not appear on the official docket of the Court in MDL 1203.  It is highly questionable whether the objection was timely, vis a vis, the March 30, 2000 deadline imposed by the Settlement Agreement and PTO No. 997.  Despite these objections allegedly being filed on March 28, 2000, the Cochran objectors now seek to move to intervene pursuant to Fed.R.Civ.P. 24(a)(2) as a matter of right on the mistaken grounds that their untimely  motion to intervene is necessary to preserve their standing to object.

## III.  ARGUMENT

A.      The Cochran Objectors Can Not Satisfy the
        Requirements For Intervention as of Right.

In Kleisser v. U.S. Forest Services, 157 F.3d 964 (3d Cir. 1998), the Third Circuit pronounced the four criteria for intervention as of right.  These four elements for intervention under Rule 24(a) are:  (1) a timely application for intervention exists; (2) sufficient interests in the litigation; (3) the threat of impairment of that interest exists; and (4) inadequate representation of the applicant's interests.  Id. at 969.  As discussed below, these four criteria have not been met here.

First, the motion to intervene, served on April 25, 2000, less than a week before the

Final Fairness hearing is untimely. Because a significant question exists as to whether the objections by these objectors were ever properly made, to allow intervention for persons whose objections were untimely in the first instance provides no meaningful relief. Intervention for the purpose of stating an objection that is prohibited from being stated as a consequence of its untimeliness is a useless gesture. Since the objection is untimely and the motion for intervention was filed at the eleventh hour, it too should be found to be untimely. Further, because the Third Circuit does not require the intervention of objectors to present their objections at the Final Fairness Hearing or require intervention as predicate to standing by which an objector may appeal the determination of this Court following the Final Fairness Hearing, intervention is entirely unnecessary. See Bell Atlantic v. Bolger, 2 F.3d 1304 (3d Cir. 1993).

Second, class counsel assume that the factual averments that the objectors are U.S. citizens that ingested Pondimin or Redux is accurate. Accordingly, it would appear that they have an interest in the subject matter of the settlement. However, class counsel are uncertain as to whether any of these persons have opted out of the settlement or whether their counsel have other clients that are participating in the settlement in which case, a disqualifying conflict under Corn Derivatives exists. Further, since their counsel have violated PTO No. 1244, as to the obligations to provide an affidavit regarding the composite of their client base, or to provide discovery of their clients, it is unclear whether a satisfactory interest remains in the subject matter of this litigation.

Third, while the objectors correctly suggest that they will be bound by the judgment if this Court finally approves the proposed class settlement, it is not clear that any of their

3

interests will be impaired by the final approval of the settlement. The objectors continually refer to "their interests" as being impaired. However, they do not indicate what interests will be impaired by the settlement or how their interest will be impaired or impeded by the settlement. Indeed, because the Settlement Agreement is fair, reasonable and adequate, no meaningful interest will be impaired or impeded.

Fourth, the objectors self-serving statement that adequate representation is in question, is simply not correct. These objectors present a new twist on the adequacy requirement of Rule 23(a)(4). Under these objectors' views, although counsel may have been adequate during the litigation, or indeed during the settlement negotiations, however, once the settlement is presented for preliminary approval, counsel's adequacy is rendered doubtful because they may actually seek to have the settlement finally approved. This strange dialectic is not the law. Indeed, this Court and others have found class counsel to be adequate counsel for purposes of administering the MDL as well as presenting class claims. See PTO Nos. 6, 865, 997 and Vadino v. American Home Products Corp., No. MID-L-425-98 (N.J. Super. Jan. 26, 1999). Accordingly, class counsel are more than adequate representatives for the class.

Class counsel also suggest that to the extent these objectors feel that their claims are not being adequately presented, similar objections have been presented by a variety of other counsel, some of whom may in fact be associated with counsel for these objectors.[1] Thus, as

---

[1] Because of the untimeliness of the objection by the George W. Cochran objectors, class counsel never had an opportunity to take discovery of their counsel. Nor did these counsel submit their clients for depositions as required by PTO No. 1244 or provide a Corn Derivatives affidavit describing the composite of their client base. Class counsel, therefore, have no database from which to understand these Cochran objectors' motives.

other objectors are making similar presentations, the necessity for duplicative and cumulative

objections such as those presented by these objectors through the form of a motion to

intervene becomes all the more attenuated and unnecessary.

IV.  CONCLUSION

As a consequence of these objectors inability to meet the criteria for intervention as of

right, class counsel respectfully request that the motion be denied.

Dated: April 30, 2000                                  Respectfully submitted,
                                                       Class Counsel


_____          _____
Arnold Levin, Esq.                                     Gene Locks, Esq.
LEVIN FISHBEIN SEDRAN & BERMAN        GREITZER & LOCKS
Suite 500                                              20th Floor
510 Walnut Street                                      1500 Walnut Street
Philadelphia, Pennsylvania 19106     Philadelphia, Pennsylvania 19102
(215) 592-1500                                         (800) 828-3489


_____          _____
Michael D. Fishbein, Esq.                              Sol H. Weiss, Esq.
LEVIN FISHBEIN SEDRAN & BERMAN        ANAPOL SCHWARTZ WEISS COHAN
Suite 500                                                  FELDMAN & SMALLEY, P.C.
510 Walnut Street                                      1900 Delancey Place
Philadelphia, Pennsylvania 19106     Philadelphia, Pennsylvania 19103
(215) 592-1500                                         (215) 735-2098

---

Stanley Chesley, Esq.
WAITE SCHNEIDER BAYLESS
   & CHESLEY
1513 Central Trust Tower
Fourth & Vine Streets
Cincinnati, Ohio 45202
(513) 621-0267

---

Charles R. Parker, Esq.
Hill & Parker
5300 Memorial, Ste. 700
Houston, TX  77007
(713) 868-5581

---

John J. Cummings, Esq.
CUMMINGS CUMMINGS & DUDENHEFER
416 Gravier Street
New Orleans, Louisiana 70130
(504) 586-0000

For the Plaintiffs' Management Committee

For Subclass 1(a):                                For Subclass 2(b):

---

Dianne Nast, Esq.
RODA & NAST
801 Estelle Drive
Lancaster, PA  17601
(717) 892-3000

---

R. Eric Kennedy, Esq.
WEISMAN, GOLDBERG, WEISMAN
   & KAUFMAN
1600 Midland Building
   101 Prospect Avenue West
   Cleveland, OH  44115
   (216) 781-1111

6

For Subclass 1(b):                              For Subclass 3:

_____          _____
Richard Lewis, Esq.                         Richard Wayne, Esq.
COHEN, MILSTEIN, HAUSFELD & TOLL            STRAUSS & TROY
1100 New York Avenue, N.W.                   The Federal Reserve Building
Suite 500, West Tower                        150 East 4th
Washington, D.C.  20005                      Cincinnati, OH  45202-4018
(202) 408-4600                               (513) 621-2120


For Sublcass 2(a):

_____
Mark W. Tanner, Esq.
FELDMAN, SHEPHERD & WOHLGELERNTER
1845 Walnut Street, 25th Floor
Philadelphia, PA  19103
(215) 567-8300