# EXHIBIT C

OBJECTORS:

Maria Marshall
Wayne Marshall

Geri Maxwell
538 Village Drive
Port Hueneme, CA 93041
Tel: (805) 488-6503

Gerri Marshall
9838 Twitty Lane
Downey, CA 90249
Tel: (562) 806-5006

OBJECTORS COUNSEL:

George W. Cochran, Esq.
2016 Sherwood Avenue
Louisville, Kentucky 40205
Tel: (502) 690-7012
Email: lawchrist@gmail.com





FILED

APR 18 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFOR"

## UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: TFT-LCD (FLAT PANEL ANTITRUST LITIGATION,** ) | No. m 07-1827 SI |
| ) | **MDL No. 1827** |
| **APPLIES TO ALL INDIRECT-PURCHASER CLASS ACTIONS** ) | |

### OBJECTION TO SETTLEMENT AND MOTION FOR ATTORNEY'S FEES

Now come class members Geri Maxwell, Maria Marshall, Wayne Marshall and

Gerri Marshall ("Objectors"), by and through counsel, and object to the proposed

settlement and requested attorneys' fees. Objectors have standing to make this

objection because they indirectly purchased a qualified LCD product in California

from a settling Defendant during the class period. Objectors intend to attend the

fairness hearing on May 18, 2012 through undersigned or associated counsel.

Pursuant to the Court's Order (DE 4688), following is "a brief explanation of

[Objectors'] reasons".

1

## I. There Is Insufficient Information To Determine Whether The Proposed Settlements And Attorneys' Fees Are Fair And Reasonable.

At the fairness hearing scheduled for May 18, 2012, the Court will determine whether: (1) the proposed settlements are fair, reasonable and adequate; and (2) final judgments should be entered dismissing class claims against the settling defendants with prejudice. To exclude herself from class treatment, Objectors had to notify the Court by April 13, 2012. The same deadline applies for objecting to the fairness of either the settlement or the attorneys' fees.

Although the deadline for "opting out" or objecting has arrived, there is insufficient information available upon which to make a reasoned decision. To quote the Notice of Proposed Settlement: "*At this time, it is unknown how much each Class Member who submits a valid claim will receive.*" The notice indicates a general intent to establish a minimum award, but no commitment or figure is mentioned. Neither does it disclose the criteria for establishing a "valid" claim. How can class members decide whether to participate in a proposed settlement that doesn't even say if they will meet the standard for proving a claim?

For the same reason, Plaintiffs' "motion" for attorneys' fees is premature. Class counsel is seeking up to <u>one-third</u> of total recovery—far above this Circuit's normal ceiling—without providing any documentation to test the reasonableness of their request. When the Court approved attorneys' fees in the direct purchaser settlements, it was able to cross check the reasonableness of the request with the lodestar. Since much of the direct purchaser discovery also applies to the instant settlement, Objectors anticipate a much higher lodestar this time around. Absent full

2

disclosure of counsels' itemized billable hours and expenses, there is no way to gauge the reasonableness of Plaintiffs' request. Class members should not be expected to waive fundamental rights without knowing what they are signing. Because class counsel did not justify exceeding the Circuit's "bright line" test of 25%, their motion must fail.

## II.    What **Is** Known Is Enough To Deny The Proposed Settlement.

What the class notice does disclose about the settlement is enough to see it is unreasonable. Significant financial incentives to class representatives and counsel betray any pretense of adequately representing class members' claims. On top of hundreds of millions of dollars promised to class counsel, each lead Plaintiff stands to gain $15,000 if the settlement is approved. As guardian for the absentee members, the Court is duty-bound to closely scrutinize the fairness of the settlement proposed.

Upon close inspection, the settlement's blemishes stand out. The "pro rata" distribution of net settlement proceeds is probably the largest. This simplistic approach to allocating funds fails to recognize that not all state indirect purchaser laws—known as *Illinois Brick* repealer statutes—are created equal. California's legendary Cartwright Act raised the bar on consumer antitrust protection so high that most states have yet to clear it. Any litigator worth his salt would use California's statute to put the fear of God into these corporate Goliaths. That's really the only reason we are having a fairness hearing at all. In all "fairness", the settlement funds should be apportioned among class members according to the relative strength of their state protection.

3

Other glaring flaws in the proposed settlement include: (1) failure to establish criteria for proof of claim; (2) failure to guarantee a minimum recovery; (3) cy pres distribution of excess funds without trebling damages to successful claimants (as permitted by state statute); and (4) establishing deadlines for exclusions and objections before the motion for fees is properly supported.

### III.    Class Counsel's Motion For Fees Is Patently Unreasonable.

Finally, there is no way counsel for Plaintiffs can justify a fee request equal to one-third of total recovery as it currently stands. As discussed, they provide no evidentiary support to rebut the presumption that a request exceeding 25% is unreasonable *per se*. The truth is that most class settlements of this magnitude fall closer to 20%. Moreover, the litigation's complexity and risk—primary factors relied upon in the direct purchaser litigation—do not apply with equal force to indirect purchasers. For the most part, pretrial discovery obtained in the former proceeding have benefitted the latter proceeding. As a result, the indirect purchaser litigation has been far less "labor intensive". To be logically consistent with its prior analysis, the Court would apply the same factors to significantly reduce the fee awarded.

CONCLUSION

For the foregoing reasons, Objectors respectfully request that the Court:

(1)  Reject the proposed settlement as presented;

(2)  Refuse to enter final judgments dismissing class claims against the settling
      defendants with prejudice;

(3)  Deny the motion for attorneys' fees as presented;

4

(4) Order an amended notice of proposed settlement that includes:

    (i)      apportioning settlement funds among class members according to relative strength of each state's indirect purchaser statute;

    (ii)     establishing clear criteria for proof of claim;

    (iii)    guaranteeing a minimum recovery for each eligible claimant;

    (iv)    allocating excess funds among successful claimants up to three times their initial award prior to cy pres distribution;

    (v)     extending "opt out" and objection deadlines until counsel's motion for attorneys' fees is properly documented.

Respectfully Submitted,
Geri Maxwell, Maria Marshall, Wayne Marshall, Gerri Marshall
By their attorney,

AUTHORIZED SIGNATURE:

George W. Cochran
2016 Sherwood Avenue
Louisville, Kentucky 40205
Tel: (502) 690-7012

## Certificate of Service

In compliance with the Court's Order regarding service of objections, I

hereby certify that a true copy of the foregoing was mailed to the following on or

before April 13, 2012:

Clerk's Office
United States District Court for the
District of Northern California
16th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

LCD Indirect Objections
P.O. Box 8025
Faribault, MN 55021-9425

George W. Cochran