UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIG., | ) ) ) ) | 2:12-md-02323-AB |

### CLASS MEMBER ANDERSON'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE HIS OBJECTIONS TO THE CLASS SETTLEMENT

Plaintiffs' desire to silence one of the very players they are duty-bound to represent is a fitting testament to the need for independent representation of absent class members once a tentative settlement is reached. In light of the conflict between class counsel and class members once an agreement is signed, the court's independent evaluation of fundamental fairness is imperative. *Bowen v. SouthTrust Bank of Alabama*, 760 F.Supp. 889 (M.D.Ala. 1991). An objector's ability to raise awareness of a settlement's negative consequences is critical to fulfilling the court's mandate. *Great Neck Capital Appreciation Inv. Partnership, L.P. v. PricewaterhouseCoopers*, 212 F.R.D. 400 (E.D.Wis.,2002). The court explained why:

> Class counsel and defendants' counsel may reach a point where they are cooperating in an effort to consummate the settlement. Courts, too, are often inclined toward favoring the settlement, and the general atmosphere may become largely cooperative. *In re Prudential Ins. Co. of Am. Sales Practice Litig. Agent Actions,* 278 F.3d 175, 202 (3d Cir.2002) (Rosenn, J., concurring and dissenting). Thus, objectors serve as a highly useful vehicle for class members, for the court and for the public generally. From conflicting points of view come clearer thinking. *Id.* Therefore, a lawyer for an objector who raises pertinent questions about the terms or effects, intended or unintended, of a proposed settlement renders an important service.

*Id*. at 412-13. To condemn Anderson's right to exercise this fundamental right because he retained professional counsel is the height of hypocrisy. Plaintiffs forget that

1

adequate representation is just as critical in *settling* class claims as in *certifying* them. As will be demonstrated, there are significant grounds for denying Plaintiffs' motion.

A. **A Motion to Strike Is Inappropriate Under These Circumstances.**

Plaintiffs' first mistake is to request inappropriate relief. According to FRAP 12(f): "The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" (emphasis added). Since Anderson's objection does not fit any of the "pleadings" allowed by FRAP 7(a), Plaintiffs' motion is inappropriate as a matter of law. It follows that granting the motion is reversible error. A district court abuses its discretion "if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Brown v. Ala. Dept. of Transp.,* 597 F.3d 1160, 1173 (11th Cir.2010) (quoting *Citizens for Police Accountability Political Comm. V. Browning,* 572 F.3d 1213, 1216–17 (11th Cir.2009)).

Even if striking Anderson's objection is within the court's discretion, erasing his concerns entirely from the record is an excessive penalty for being two days tardy. The case cited by Plaintiffs to justify this harsh response represents the most extreme sanction for flagrant discovery abuse that demonstrates "bad faith, willful or intentional" conduct. See *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 641 (U.S.Pa.,1976). In the present case, no such showing has been made.

B. **The Equities Favor Allowing Anderson's Objections.**

All things considered, Anderson's only "crime" was missing an arbitrary deadline set by the parties by two days. The attack on Anderson's counsel should be seen for what it is: a *smokescreen*. The only difference between Anderson and other objectors

represented by professional counsel is that their concerns were timely filed. This distinction is insufficient to single out Anderson's objection. Other courts have accepted objections to a class action settlement agreement when filed *before the judgment becomes final*. *See, e.g., Hirshon v. Republic of Bolivia,* 979 F.Supp. 908, 912–13 (D.D.C.1997) (denying a motion challenging the approved settlement which was not presented to the court prior to approval, either in writing or at the final fairness hearing). After all, the very objective of the final fairness hearing is for parties to object to a settlement's terms, class, or process. *Henderson v. Eaton,* No. Civ.A. 01–138, 2002 WL 31415728, at *2 (E.D.La. Oct. 25, 2002) ("[T]he Court held a final fairness hearing for the purpose of receiving and ruling on any objections or opt-outs.").

That Anderson should retain his right to be heard is supported by several considerations. Anderson's explanation for being tardy, in fact, lines up with other objections. First and foremost are the burdensome requirements for registering a class member's objections (including the unusual requirement that Anderson bear his own signature on the objection). That the notice sent to class members does not accurately summarize the actual terms of agreement is another recurring theme. Once Anderson learned of the discrepancy, he was quick to assert his opposition. Citing Plaintiffs' failure to disclose the basis for waiving significant class rights, some objectors went so far as to request an extension of the objection and exclusion deadlines. In response, the Court decided to allow supplemental briefing after the evidentiary support for the settlement is presented at the fairness hearing. As a result, Anderson's *de minimus* tardiness will not prejudice the parties in any way.

### C. The Quantity of Objections Is Just As Important As Their Diversity.

Neither is the novelty of Anderson's concerns dispositive of his right to assert them as a member of the class. To begin, some of Anderson's objections rely on amicus arguments that may not ultimately be accepted by the Court. In any case, the *quantity* of objections has long been recognized as a reliable sign of fairness. To the extent Anderson's objection adds any force to the rising tide against the proposed settlement, he should be allowed to participate in the process.

### D. Objecting To Fairness Is The *Quid Pro Quo* to Forfeiting Rights.

Last, but not least, the Court should remember that Anderson stands to forfeit all of his rights against the Defendants once settlement is finally approved. That Plaintiffs are so eager to silence his voice under such grave circumstances is proof positive that Anderson's objections should weigh in the balance in the interest of justice. For all of the foregoing reasons, Plaintiffs' motion to strike should be denied.

Respectfully submitted,

*/s/ George W. Cochran*
George W. Cochran (92855)
1385 Russell Drive
Streetsboro, Ohio 44241
Tel:   (330) 626-5600
Fax:   (330) 230-6136
Email: lawchrist@gmail.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed via the ECF filing system on October 22, 2014, and that as a result electronic notice of the filing was served upon all attorneys of record.

*/s/ George W. Cochran*
George W. Cochran