IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO<br><br>All Actions | : : : : : | |

**BRAIN INJURY ASSOCIATION OF AMERICA'S MOTION FOR LEAVE
TO FILE REPLY MEMORANDUM IN SUPPORT OF ITS MOTION
FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF**

The Brain Injury Association of America ("BIAA") respectfully moves for leave to file a reply memorandum in support of its motion for leave to file an *amicus curiae* brief, a copy of which is attached to this motion.

In support, BIAA states as follows:

1. On September 30, 2014, BIAA filed a motion for leave to file an *amicus curiae* brief. (Dkt. 6180.)

2. On October 17, 2013, Co-Lead Class Counsel filed an opposition to BIAA's motion, arguing that (1) BIAA has no special interests in this case; (2) any interests BIAA does have are already competently represented; (3) the proffered information is not timely or useful; and (4) BIAA is partial to the objectors. (Dkt. 6250.)

3. BIAA should be given the opportunity to respond to Co-Lead Class Counsel's opposition because it mischaracterizes BIAA's arguments. As the nation's leading brain injury patients' advocacy organization, BIAA has special interests in a proposed settlement that seeks

to educate football players generally about, and compensate retired NFL players for, brain injuries. Among others, BIAA has a specific interest in how this Court (via the proposed settlement) defines and discusses brain injury.

4. BIAA's interests are not competently represented even though some objecting class members have or will submit medical evidence, and even though some objecting class members seek to incorporate BIAA's positions. BIAA has unique expertise in the field of brain injury due to its nationwide network of physicians, researchers, rehabilitation experts and facilities, caregivers, and brain injury sufferers and their families. This unique expertise cannot be duplicated and presented to the Court by someone other than BIAA.

5. BIAA proffers useful information about brain injury to the Court as it assesses the fairness of a settlement that defines and seeks to educate others about brain injury, and this information is timely as it can be presented at the Court's leisure before the Fairness Hearing.

6. Co-Lead Class Counsel are mistaken that BIAA is a partisan or partial proposed *amicus*—raising concerns about a settlement does not transform an outside party into a *de facto* objector, and BIAA has nothing to gain depending on which way the Court rules on the proposed settlement.

7. BIAA's request for leave to file a reply memorandum is timely because it will not delay the Court's consideration of the settlement, and because it is timely filed within ten days after Co-Lead Class Counsel's opposition brief was filed.

For the foregoing reasons, this Court should grant BIAA's motion.

Date: October 27, 2014                    Respectfully submitted,

                                          Brain Injury Association of America, Proposed
                                          *Amicus Curiae*

2

By: /s/ Christopher J. Wright

Christopher J. Wright, DC Bar No. 367384
Stephen W. Miller, DC Bar No. 1018103
Harris, Wiltshire & Grannis LLP
1919 M Street, NW, 8th Floor
Washington, DC 20036
(202) 730-1300
(202) 730-1301 (fax)
cwright@hwglaw.com
smiller@hwglaw.com
Admitted *pro hac vice*