IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : : | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO<br><br>All Actions | : : : : : | |

REPLY MEMORANDUM OF LAW IN SUPPORT OF BRAIN INJURY ASSOCIATION
OF AMERICA'S MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF

### Introduction

When this Court assesses the fairness of the proposed settlement involving brain injury among retired NFL players, Co-Lead Class Counsel would prefer if the Court did not receive an *amicus curiae* brief from the nation's premier brain injury patients' advocacy organization. According to Co-Lead Class Counsel, BIAA has nothing to offer this Court—neither a different "perspective" than the parties or present objectors, nor any "unique information," nor the sort of "special expertise" that would be of assistance in this case. These assertions are belied by BIAA's unique experience and expertise in the area of brain injury, which have been fully described in BIAA's opening motion, memorandum, and in the Declaration of Drs. Brent E. Masel and Gregory J. O'Shanick. The Court has a difficult task before it in assessing the settlement's fairness—BIAA's expertise regarding the nature and progression of brain injury can help. Accordingly, this Court should grant BIAA's motion and grant it leave to file an *amicus curiae* brief.

**Discussion**

"*Amicus curiae* status is generally granted when (1) the petitioner has a "special interest" in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Liberty Resources Inc. v. Philadelphia Housing Authority*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005). Participation by an *amicus* may be particularly appropriate where the *amicus* will "ensure a 'complete and plenary presentation of difficult issues' in a case involving important public interests," *id.* at 209-10, or where the *amicus* "can contribute to the court's understanding of the consequences of the settlement proposed by the parties," *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987). Despite Co-Lead Class Counsel's misplaced arguments to the contrary, BIAA easily meets these guidelines.

    A.    **Co-Lead Class Counsel Misunderstand BIAA's Special Interests.**

Co-Lead Class Counsel's primary argument against BIAA's submission of an *amicus curiae* brief is that despite BIAA's status as the nation's premier brain injury patient advocacy organization, it does not have special interests in a settlement seeking to (a) educate football players (from the NFL to "pee-wee" leagues) about concussion prevention and treatment, and (b) compensate retired NFL players suffering from brain injury. This is nonsense. As aptly demonstrated in its opening brief and in the Declaration of its current and former National Medical Directors, BIAA has both unique interests and expertise in this case that qualify it, with the Court's permission, to submit an *amicus curiae* brief.

Regarding the Education Fund, Counsel objects that BIAA does not have expertise in "football-specific issues" and thus has no special interest in this piece of the settlement. (Dkt. 6250 at 6.) With due respect, brain injuries, and concussions in particular, are not unique to

football.  While BIAA does not suggest it should help design tackling drills that should be taught to youth football players, it is unquestionable that its expertise would be useful in helping the Court determine whether, as currently contemplated, the activities to be funded by the Education Fund will accurately and fully educate current and future players (and their families) about brain injuries and their prevention.

On the injury compensation fund, Co-Lead Class Counsel does not seem to oppose BIAA's position that it has an interest in how this Court defines and discusses brain injury. Indeed, this is a key point on which BIAA "can contribute to the court's understanding of the consequences of the settlement proposed by the parties."  *Harris*, 820 F.2d at 603.  Of course, BIAA is mindful, as it must be, that this case *directly* affects only retired NFL players who are members of the class.  But Co-Lead Class Counsel is mistaken to suggest that this settlement, for a variety of reasons, will have no effect beyond the present parties.

Although BIAA in its opening brief explained how it is similarly situated to the approved *amicus* in *Liberty Resources Inc. v. Philadelphia Housing Authority*, 395 F. Supp. 2d 206 (E.D. Pa. 2005), it bears emphasis that the court's assessment there was whether the party should be "*amicus*-plus" status, which would have included the ability to participate in settlement negotiations.  While BIAA initially asked for this relief in its December 2013 motion, BIAA now asks only for leave to file an *amicus curiae* brief.  To the extent the court in *Liberty Resources* viewed the factors strictly, here, where BIAA seeks only to submit a brief, the Court should be free to view the factors as guides rather than stringent requirements.  Under any scrutiny, however, BIAA has demonstrated it has special interests in this case.

### B.     BIAA's Interests are Not Competently Represented.

Co-Lead Class Counsel next argue that BIAA's interests are now represented in this litigation because some objecting class members have either referenced or incorporated BIAA's motion and the Masel-O'Shanick Declaration, and that some objectors have indicated they will (or already have) put forward medical evidence. (Dkt. 6250 at 8.)  To the extent objecting class members have incorporated BIAA's arguments, they are simply echoing BIAA and thus are not representing BIAA's interests.  That these objecting class members happen to agree with BIAA does not mean that those parties have a deep understanding of the complexities of brain injury— the Court would benefit from receiving BIAA's expertise directly from BIAA.  For those objecting class members who have put forth their own medical evidence, BIAA respectfully submits that its own experts are uniquely qualified to represent its interests in this case due to BIAA's nationwide network of physicians, researchers, rehabilitation experts and facilities, caregivers, and brain injury sufferers and their families.

### C.     BIAA's Motion is Timely and it Seeks to Proffer Useful Information.

Co-Lead Class Counsel next argue that BIAA does not proffer timely or useful information.  Counsel appear to argue that BIAA is trying to sandbag them at the last minute with a motion for leave to file an *amicus curiae* brief, despite the fact that all parties were aware of BIAA's desire to submit such a brief since December 2013 (when BIAA first moved for *amicus* status), and despite the fact that Counsel will have the opportunity to respond to any point BIAA makes following the Fairness Hearing under the Court's revised scheduling order (*see* Dkt. 6203 at 1).  Further, all parties now are aware, from the Declaration of Drs. Masel and O'Shanick, of the outline of what BIAA would proffer in an *amicus curiae* brief.  BIAA's

4

submission of a full brief at the Court's leisure in advance of the Fairness Hearing therefore would be timely.

Moreover, BIAA's proposed brief would be a useful resource for the Court. BIAA has substantial expertise in the area of brain injury and seeks to provide the Court the benefit of its expertise in an underdeveloped and potentially misperceived area relating to the proposed settlement, *i.e.*, the many physical and psychosocial (behavioral) consequences that can result from mild traumatic brain injury. BIAA can provide a "complete and plenary presentation" of whether mild traumatic brain injury and the inadequacies in the proposed detection, monitoring, and compensation for those injuries makes the proposed settlement unfair, unreasonable, or inadequate. Indeed, the usefulness of BIAA's information, which has not yet fully been given to this Court, is apparent from the inclusion and citation of the Masel-O'Shanick Declaration in subsequent filings by objecting class members.

### D. Raising Concerns about the Proposed Settlement Does Not Make BIAA Partial to the Objectors.

Finally, Co-Lead Class Counsel takes the position that a proposed *amicus* must not favor any particular side in the case. As an initial matter this understanding does not comport with the reality that *amicus curiae* briefs take positions on issues before the court and need not be totally disinterested. *See Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 131-32 (3d Cir. 2002). Indeed, that BIAA seeks to raise concerns about the settlement does not transform BIAA into an objector; instead, it is simply an organization with special interests in this litigation. BIAA has nothing to gain, financially or otherwise, from the Court's decision on the settlement—it simply seeks to provide the Court useful information about brain injuries that it is uniquely positioned to offer.

Counsel finally surmises that BIAA has nothing positive to say about the settlement because the affidavit of Drs. Masel and O'Shanick raises only concerns. Although there is no requirement that a proposed *amicus* identify every positive or negative aspect of a case in order to submit a brief, BIAA wishes to make clear that it does not dispute that counsel for both sides worked diligently to arrive at the proposed settlement, and that a settlement in this case has certain benefits over protracted and costly litigation. Further, BIAA agrees that it is appropriate to compensate players who are diagnosed with severe neurocognitive impairment and related diseases. However, BIAA believes it is imperative that this Court hears from brain injury specialists that traumatic brain injuries can produce consequences that are not currently identified in the settlement. Failure to acknowledge these equally debilitating effects of brain injury would tend to limit or restrict access to diagnosis, treatment, and long-term care by the 2.5 million American children and adults, current NFL players among them, who sustain these injuries each year.

## Conclusion

For the foregoing reasons, BIAA respectfully requests that the Court grant BIAA's motion (Dkt. 6180) for leave to file an *amicus curiae* brief to assist the Court in assessing the fairness of the proposed settlement.

Dated this 27th day of October, 2014.

                                        Respectfully submitted,

                                        Brain Injury Association of America, Proposed *Amicus Curiae*

                                        By: /s/ Christopher J. Wright

                                        Christopher J. Wright, DC Bar No. 367384
                                        Stephen W. Miller, DC Bar No. 1018103
                                        Harris, Wiltshire & Grannis LLP

1919 M Street, NW, 8th Floor
Washington, DC 20036
(202) 730-1300
(202) 730-1301 (fax)
cwright@hwglaw.com
smiller@hwglaw.com
Admitted *pro hac vice*