# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ————————————— : | No. 2:12-md-02323-AB |
| IN RE: NATIONAL FOOTBALL : | |
| LEAGUE PLAYERS' CONCUSSION : | MDL No. 2323 |
| INJURY LITIGATION : | |
| ————————————— : | |
| : | |
| THIS DOCUMENT RELATES TO: : | |
| ALL ACTIONS : | |
| : | |

## CO-LEAD CLASS COUNSEL'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO STRIKE THE LATE-FILED OBJECTION OF CURTIS L. ANDERSON

### I.     INTRODUCTION

Co-Lead Counsel submit this reply memorandum of law in further support of their motion to strike the late-filed objection of Curtis Anderson and in reply to the Anderson's Response to Co-Lead Class Counsel's Motion To Strike.  *See* ECF No. 6248 (Anderson Late-Filed Objection); ECF No. 6253 (Co-Lead Class Counsel's Motion To Strike) and ECF No. 6255 (Anderson's Response).  As discussed below, Mr. Anderson's Response incorrectly states that Co-Lead Class Counsel have acted in a procedurally improper manner in filing their motion to strike.  Moreover, because Mr. Anderson provides no coherent reason for his late filing, Co-Lead Class Counsel's motion to strike the objection should be granted.

### II.     ARGUMENT

Mr. Anderson contends that Co-Lead Class Counsel's "first mistake is to request inappropriate relief."  ECF No. 6255 at 2.  This argument is quickly dispatched.  In *in re Diet Drugs*, then Chief-Judge Bechtle granted a motion to strike objections to the settlement

agreement in that litigation.  *See In re Diet Drugs*, MDL No. 1203, Pretrial Order # 1435, Sept. 21, 2000.[1]  Co-Lead Class Counsel's procedural route is correct, and the Court has the discretion to grant this motion.

In his opposition to the motion to strike, Mr. Anderson's given reason for being late – that the requirements for registering a class member's objections are "burdensome" – rings false.[2]  The procedure is straightforward, and he offers no explanation as to why the other objectors – some *pro se* – were able to formulate timely objections.  His excuse for the late filing is the objection itself – that he "only recently learned that the class notice does not accurately summarize the actual settlement" (ECF No. 6248 at 1) – is similarly unpersuasive.  The notice and the Settlement Agreement have been available to class members for months, and have been the subject of extensive media coverage and analysis.

Mr. Anderson argues that  Co-Lead Class Counsel have a "desire to silence one of the very players they are duty bound to represent."  ECF No. 6255 at 1.  This argument is specious.  Co-Lead Class Counsel have not moved to strike a single timely-filed objection.  Co-Lead Class Counsel merely request that the Court enforce the scheduling order in this case which has been in

---

[1]     The following documents from I*n re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation,* MDL No. 1203, are attached as Exhibits to this brief:
Exhibit 1:  American Home Products Corporations' Motion to Strike Objections of Rachel Mares, Jane Scuteri, and Leonard Corbin, dated Aug. 28, 2000.
Exhibit 2:  Class Counsel's Joinder in Motion to Strike Objections of Mares, Scuteri, and Corbin, dated Aug. 29, 2000.
Exhibit 3:  Pretrial Order # 1435, dated Sept. 21, 2000, granting Motion to Strike Objections of Mares, Scuteri, and Corbin.

[2]     Mr. Anderson contends that his only "'crime' was missing an arbitrary deadline."  ECF No. 6255 at 2.  Setting aside the fact that every other objector filed his/her objection on time, this argument suggests that the Court's deadlines are unimportant and can be missed without consequence, and that a settlement involving a class estimated at 20,000 members can be effectively administered without a set schedule.

effect for months, to ensure the timely and efficient administration of the settlement process.  *See* ECF No. 6084 (July 7, 2014 Preliminary Approval Order).

Mr. Anderson contends that "an objector's ability to raise awareness of a settlement's negative consequences is critical to fulfilling the courts' mandate."  *Id*.  But Mr. Anderson, through his counsel, brings absolutely nothing new to the group of already filed objections.  In fact, as Plaintiffs note in their motion, Mr. Anderson's objection is completely derivative of earlier filings.  ECF No. 6253-1.

**III.    CONCLUSION**

In conclusion, Co-Lead Class Counsel submit that their motion to strike this late-filed objection should be granted.


Dated:  October 27, 2014

<div style="margin-left:50%">

Respectfully submitted,
/s/ Christopher A. Seeger
Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

**Co-Lead Class Counsel**

Sol Weiss
ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, PA 19103
Phone: (215) 735-1130
Fax: (215) 735-2024
sweiss@anapolschwartz.com

**Co-Lead Class Counsel**

</div>

**<u>CERTIFICATE OF SERVICE</u>**

I, Christopher A. Seeger, hereby certify that on the 27th day of October 2014, I electronically transmitted a true and correct copy of the foregoing document to the Clerk of the Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all attorneys of record who are ECF registrants.

<div align="right">

<u>/s/Christopher A. Seeger</u>
Christopher A. Seeger

</div>

Exhibit 1



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL No. 1203 |
| SHEILA BROWN, et al. v. AMERICAN HOME PRODUCTS CORPORATION | CIVIL ACTION No. 99-20593 |

FILED

AUG 2 8 2000

_____ E. KU\_\_L, Clerk
By _____ Dep. Clerk

**AMERICAN HOME PRODUCTS CORPORATION'S**
**MOTION TO STRIKE OBJECTIONS OF**
**RACHEL MARES, JANE SCUTERI, AND LEONARD CORBIN**

Defendant American Home Products Corporation ("AHP") hereby moves to

strike objections to the Nationwide Class Action Settlement Agreement ("the Settlement

Agreement") filed by Rachel Mares, Jane Scuteri, and Leonard Corbin.[1]  Each of these

purported objectors lacks standing to object because he or she opted out of the Settlement

Agreement.  Accordingly, this Court should strike their objections.

I.      **FACTUAL BACKGROUND**

On November 19, 1999, AHP and the plaintiffs in the above-captioned action

entered into the Settlement Agreement.  Pursuant to Pretrial Order 997, the parties to the

Settlement Agreement distributed to class members a notice packet, which included

---

[1] Rachel Mares is represented by Jerry Alexander of Alexander & Associates.  Jane Scuteri and Leonard Corbin are represented by Paul J. Napoli of Napoli, Kaiser & Bern.

certain registration forms. *See* Settlement Agreement, Exs. 6, 9, 21, 22. The notice packet informed class members of their right to opt out of the Settlement Agreement by executing an "Orange Form" by March 30, 2000. *See id.* at Exs. 12 & 13.

Ms. Mares, Ms. Scuteri, and Mr. Corbin each timely executed an Orange Form. *See* Attachments A, B, and C. Each of these individuals subsequently filed an objection to the Settlement Agreement. *See* Attachments D and E.

## II. LEGAL ARGUMENT

A class member who opts out of a settlement agreement does not have standing to object to that settlement. *See Gilbert v. Prudential-Bache Sec.*, Civ. A. No. 83-1513, 1987 WL 6884, at *1 (E.D. Pa. Feb. 18, 1987) (noting that objector "plainly lacks standing to object, since he opted out of the class");[2] *see also* PTO 1283 (denying motion of Joseph Petito and Terry Stubbs to intervene for the limited purpose of objecting because "[m]ovants have opted out of the settlement in this action and thus have no standing to assert an objection.").

---

[2] *See also In re Synthroid Marketing Litig.*, No. 97 C 6017, 2000 WL 1100403, at *1 (N.D. Ill. Aug. 7, 2000) (parties "that opted out lack standing to object"); *Martens v. Smith Barney, Inc.*, 190 F.R.D. 134, 138 (S.D.N.Y. 1999) (class members who opted out of the settlement were not permitted to raise objections at fairness hearing); *Turner v. Beneficial Corp.*, 67 F. Supp.2d 1325, 1329-30 (M.D. Ala. 1999) ("Class members [have] an incentive to voice their objections," while those who "are outside the definition of the class or have opted out, are on a different footing."); *In re Financial Partners Class Action Litig.*, No. 82 C 5910, 1987 WL 20150, at *1 (N.D. Ill. Nov. 19, 1987) ("[T]he Ryans lack standing to object to the present [attorneys' fees] petition because they opted out of the class and pursued an independent course of action . . . ."); *In re Warner Communications Sec. Litig.*, 618 F. Supp. 735, 753 (S.D.N.Y. 1985) (objectors who opted out of settlement "no longer have standing to challenge the settlement and their objection is dismissed.").

Ms. Mares, Ms. Scuteri, and Mr. Corbin executed and filed Orange Forms, thereby exercising their right to opt out of the Settlement and pursue private litigation against AHP. *See* Settlement Agreement at § IV.D.2.b & Ex. 6. Accordingly, they have no standing to object to the Settlement Agreement. *See Gilbert*, 1987 WL 6884, at *1; PTO 1283.

## III.   CONCLUSION

For the foregoing reasons, this Court should grant AHP's motion to strike the objections filed by Rachel Mares, Jane Scuteri, and Leonard Corbin.

Respectfully submitted,

Peter L. Zimroth
ARNOLD & PORTER
399 Park Avenue
New York, New York  10022
(212) 715-1000

Daniel S. Pariser
ARNOLD & PORTER
555 Twelfth Street
Washington, D.C.  20004
(202) 942-5000

Michael T. Scott
REED SMITH SHAW & MCCLAY LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103
(215) 851-8100

Attorneys for Defendant
American Home Products Corporation

Dated:  August 28, 2000

08/28/00   09:46 FAX 202 942 5209          ARNOLD & PORTER                    002

AUG 25 2000 13:31 FR                    TO 12029425999      P.02

# ORANGE FORM #1

# Diet Drug Settlement With American Home Products Corporation

This ORANGE FORM may be used by any person who wants to exercise <u>initial</u> Opt-Out Rights and be excluded from the Settlement with American Home Products Corporation.

If you want to choose the accelerated implementation option ("AIO") do not complete this form. Complete the PINK FORM instead.

If you use this form to exercise your initial Opt-Out Right, this form must be completed in its entirety and returned to the Claims Administrators and to American Home Products Corporation by the time provided in the *Official Court Notice of Settlement.*

1.  State your name, address and telephone number:

    _Rachel Arlene Mabes_
    (First Name)          (Middle Initial)        (Last Name)

    _6509 South 27th Street_
    (Street Address)

    _Omaha, Nebraska        68107_
    (City)                (State)              (Zip Code)

    _402 932-3382_                _402 932-3382_
    (Daytime Phone Number & Area Code)    (Evening Phone Number & Area Code)

2.  If you have a lawyer in connection with the Diet Drug Litigation, list his/her name, office address, telephone number, fax number, and E-mail address, if any:

    _Alexander & Associates, P.C._
    (Law Firm Name)

    _Mr. Jerry Alexander_
    (Attorney's Name)

    _1019 North 90th Street_
    (Street Address)

    _Omaha          Nebraska        68114_
    (City)              (State)              (Zip Code)

Remove label from mailing envelope
and affix here.

Please return this form to:
Diet Drug Settlement
P.O. Box 7939
Philadelphia, PA 19101

ORANGE FORM #1 - 1

08/28/00   09:46 FAX 202 942 3208      ARNOLD & PORTER                                    003

AUG 25 2000 13:31 FR                                     TO 12029425999        P.03

_402, 390 - 9339_                          _402, 390 - 9383_
(Daytime Phone Number & Area Code)          (Fax Number)

_Jerry.D.alexander.legal.com_
(Email Address, if any)

3.  If you have a lawsuit presently filed against American Home Products Corporation
    arising from the use of the diet drugs Pondimin® and/or Redux™, list the caption
    (title) of the lawsuit, the court it is filed in, and the docket or civil action number:

    _____
    (Caption/Title of lawsuit)

    _____
    (Docket/Civil Action Number of lawsuit)

4.  **(Answering this question is optional.)** If you believe that you have an adverse med-
    ical condition related to the use of Pondimin® and/or Redux™, please briefly describe
    your condition below:

    _____

    _____

    _____

5.  CERTIFICATION: I have had an opportunity to read the *Official Court Notice* transmit-
    ted to Class Members in connection with the nationwide Class Action Settlement with
    American Home Products Corporation and to consult with physicians and attorneys con-
    cerning the terms and conditions of the proposed Class Action Settlement. HAVING
    HAD THAT OPPORTUNITY, I HEREBY KNOWINGLY AND PERMANENTLY RELIN-
    QUISH, WAIVE AND GIVE UP ALL OF THE RIGHTS WHICH I WOULD OTHERWISE
    HAVE HAD AS A CLASS MEMBER UNDER THE SETTLEMENT AGREEMENT WITH
    AMERICAN HOME PRODUCTS CORPORATION AND I AFFIRMATIVELY AND FOR-
    EVER OPT-OUT OF THE CLASS WITH FULL KNOWLEDGE OF THE LEGAL, FACTU-
    AL AND MEDICAL CONSEQUENCES OF MY ACTIONS.

    _3/17/00_                      _Rachel Mahes_
    (Date)                          (Signature)

    Return this form to **both** the Claims Administrators and American Home Products
    Corporation at the following addresses:

    Claims Administrators
    Diet Drug Settlement              American Home Products Corporation
    P.O. Box 7939                     c/o Michael T. Scott, Esq.
    Philadelphia, PA 19101            MDL Liaison Counsel for AHP
                                      Reed, Smith, Shaw & McClay
                                      One Liberty Place
                                      1650 Market Street
                                      Philadelphia, PA 19103

                            ORANGE FORM #1 - 2

.08/28/00  09:48 FAX 202 942 5209          ARNOLD & PORTER                    ☑002/003

AUG 25 2000 13:32 FR                          TO 12029425999        P.06

## DIET DRUG SETTLEMENT WITH AMERICAN HOME PRODUCTS CORPORATION

## ORANGE FORM

**THIS FORM MAY BE USED BY ANY PERSON WHO WANTS TO
EXERCISE INITIAL OPT-OUT RIGHTS AND BE EXCLUDED FROM
THE SETTLEMENT WITH AMERICAN HOME PRODUCTS CORPORATION.**

**IF YOU WANT TO CHOOSE
THE ACCELERATED IMPLEMENTATION OPTION ("AIO"),
DO NOT COMPLETE THIS FORM.
COMPLETE THE PINK FORM INSTEAD.**

**IF YOU USE THIS FORM TO EXERCISE YOUR INITIAL OPT-OUT RIGHT,
THIS FORM MUST BE COMPLETED IN ITS ENTIRETY AND RETURNED
TO THE CLAIMS ADMINISTRATOR(S) AND
TO AMERICAN HOME PRODUCTS CORPORATION BY
THE TIME PROVIDED IN THE OFFICIAL COURT NOTICE OF SETTLEMENT.**

1.   State your name, address and telephone number:

JANE Scufer i
NAME

4005 Brooklyn Avenue
ADDRESS

Seaford                    NY          11783
CITY                       STATE       ZIP CODE

DAYTIME TELEPHONE NUMBER (WITH AREA CODE)

EVENING TELEPHONE NUMBER (WITH AREA CODE)

2.   If you have a lawyer in connection with the Diet Drug Litigation, list his/her name; office
address, telephone number, fax number, an E-mail address, if any:

NAPOLI KAISER & BERN, LLP
NAME

115 Broadway - 12th Floor
OFFICE ADDRESS

New York                   New York     10006
CITY                       STATE        ZIP CODE

(212) 267-3700
TELEPHONE NUMBER (WITH AREA CODE)

(212) 216-9435
FAX NUMBER

pnapoli@napolikaiser.com
E-MAIL ADDRESS

3.   If you have a lawsuit presently filed against American Home Products Corporation
arising from the use of the diet drugs Pondimin and/or Redux, list the caption
(title) of the lawsuit and the docket and civil action number:

Scaferi v. AHP, et al
[CAPTION/TITLE OF THE LAWSUIT]

Supreme
[DOCKET/CIVIL ACTION NUMBER OF LAWSUIT]

AUG 25 2000 13:32 FR                          TO 12029425999        P.07

4.      (Answering this question is optional.) If you believe that you have an adverse
        medical condition related to the use of Pondimin and/or Redux, please briefly
        describe your condition below.

        N/A
        _____
        _____
        _____
        _____
        _____

5.      **CERTIFICATION:**   I have had an opportunity to read the Official Court Notice
        transmitted to Class Members in connection with the nationwide Class Action
        Settlement with American Home Products Corporation and to consult with
        physicians and attorneys concerning the terms and conditions of the proposed Class
        Action Settlement.   **HAVING HAD THAT OPPORTUNITY, I HEREBY
        KNOWINGLY AND PERMANENTLY RELINQUISH, WAIVE AND GIVE
        UP ALL RIGHTS WHICH I WOULD OTHERWISE HAVE HAD AS
        A CLASS MEMBER UNDER THE SETTLEMENT AGREEMENT WITH
        AMERICAN HOME PRODUCTS CORPORATION AND I
        AFFIRMATIVELY AND FOREVER OPT OUT OF THE CLASS WITH
        FULL KNOWLEDGE OF THE LEGAL, FACTUAL AND MEDICAL
        CONSEQUENCES OF MY ACTIONS.**

3-27-00
_____                      _Jane M. Scoturi_____
DATE                                          SIGNATURE

**RETURN THIS FORM TO BOTH THE CLAIMS ADMINISTRATOR(S) AND AMERICAN
HOME PRODUCTS CORPORATION AT THE FOLLOWING ADDRESSES:**

SETTLEMENT ADMINISTRATOR(S):          AMERICAN HOME PRODUCTS CORPORATION:

_____              _____
_____              _____
_____              _____

AUG 25 2000 13:32 FR                    TO 12029425999      P.03

5.

# DIET DRUG SETTLEMENT WITH AMERICAN HOME PRODUCTS CORPORATION

## ORANGE FORM

**THIS FORM MAY BE USED BY ANY PERSON WHO WANTS TO
EXERCISE INITIAL OPT-OUT RIGHTS AND BE EXCLUDED FROM
THE SETTLEMENT WITH AMERICAN HOME PRODUCTS CORPORATION.**

**IF YOU WANT TO CHOOSE
THE ACCELERATED IMPLEMENTATION OPTION ("AIO"),
DO NOT COMPLETE THIS FORM.
COMPLETE THE PINK FORM INSTEAD.**

**IF YOU USE THIS FORM TO EXERCISE YOUR INITIAL OPT-OUT RIGHT,
THIS FORM MUST BE COMPLETED IN ITS ENTIRETY AND RETURNED
TO THE CLAIMS ADMINISTRATOR(S) AND
TO AMERICAN HOME PRODUCTS CORPORATION BY
THE TIME PROVIDED IN THE OFFICIAL COURT NOTICE OF SETTLEMENT.**

1.  State you name, address and telephone number:

    Leonard Corbin
    NAME

    5C Lakeview Manor(Is this old address?)  1700 New Combrion RD· 5-C
    ADDRESS

    Milville_____ NJ_____ 08332____
    CITY              STATE      ZIP CODE

    (609) 785-1300  ( 856) area Code Change
    DAYTIME TELEPHONE NUMBER (WITH AREA CODE)

    (609) 825-9388  ( 856)
    EVENING TELEPHONE NUMBER (WITH AREA CODE)

AUG 25 2000 13:33 FR                          TO 12029425999      P.09

**ORANGE FORM**

**Page 1**

2.   If you have a lawyer in connection with the Diet Drug Litigation, list his/her name, office
     address, telephone number, fax number, an E-mail address, if any:

     NAPOLI KAISER & BERN, LLP
     NAME

     115 Broadway-- 12th Floor
     OFFICE ADDRESS

     New York              New York           10006
     CITY                  STATE              ZIP CODE

     (212) 267-3700
     TELEPHONE NUMBER (WITH AREA CODE)

     (212) 216-9435
     FAX NUMBER

     pnapoli@napolikaiser.com
     E-MAIL ADDRESS

3.   If you have a lawsuit presently filed against American Home Products Corporation
     arising from the use of the diet drugs Pondimin and/or Redux, list the caption
     (title) of the lawsuit and the docket or civil action number:

          Leonard Corbin et al. v. AHP, et al
          [CAPTION/TITLE OF THE LAWSUIT]

          NY-Kings Supreme 31283/99
          [DOCKET/CIVIL ACTION NUMBER OF LAWSUIT

4.   (Answering this question is optional.)  If you believe that you have an adverse
     medical condition related to the use of Pondimin and/or Redux, please briefly
     describe your condition below.

     N/A

AUG 25 2000 13:33 FR                        TO 12029425999        P.10

ORANGE FORM

Page 2
5.     CERTIFICATION: I have had an opportunity to read the Official Court Notice
transmitted to Class Members in connection with the nationwide Class Action
Settlement with American Home Products Corporation and to consult with
physicians and attorneys concerning the terms and conditions of the proposed Class
Action Settlement. **HAVING HAD THAT OPPORTUNITY, I HEREBY
KNOWINGLY AND PERMANENTLY RELINQUISH, WAIVE AND GIVE
UP ALL RIGHTS WHICH I WOULD OTHERWISE HAVE HAD AS
A CLASS MEMBER UNDER THE SETTLEMENT AGREEMENT WITH
AMERICAN     HOME     PRODUCTS     CORPORATION     AND     I
AFFIRMATIVELY AND FOREVER OPT OUT OF THE CLASS WITH
FULL KNOWLEDGE OF THE LEGAL, FACTUAL AND MEDICAL
CONSEQUENCES OF MY ACTIONS.**

_Dec 17, 1999_                    _Bernard Corvin_
DATE                                 SIGNATURE

**RETURN THIS FORM TO BOTH THE CLAIMS ADMINISTRATOR(S) AND AMERICAN
HOME PRODUCTS CORPORATION AT THE FOLLOWING ADDRESSES:**

SETTLEMENT ADMINISTRATOR(S):          AMERICAN HOME PRODUCTS CORPORATION:

** TOTAL PAGE.10 **

08/28/00  09:51 FAX 202 942 5209        ARNOLD & PORTER                                    ☑002/006

COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS (PHENTERMINE/
FENFLURAMINE/DEXFENFLURAMINE
PRODUCTS LIABILITY LITIGATION)                    MDL DOCKET NO. 1203

**FILED**
MAR 3 1 2000
MICHAEL E. KUNZ, Clerk

## MOTION IN OPPOSITION TO THE PROPOSED
## NATIONAL SETTLEMENT ON NEUROTOXICITY CLAIMS

COMES NOW Patricia Dimari (MDL Civil Action No.: 00-20100) and Rachel Mares, on
behalf of themselves and others similarly situated, and for the reasons set forth below, object to the
National Settlement as being unfairly prejudicial to their respective rights to bring claims for Toxic
Encephalopathy (brain damage) secondary to fenfluramine and/or dexfenfluramine use.

1.      The March 30, 2000 deadline for initial Opt-Out of the Proposed National Settlement
in MDL 1203, may leave thousands, if not millions, who have suffered Toxic Encephalopathy (brain
damage) secondary to use of fenfluramine (Pondimin) and/or dexfenfluramine (Redux) without
recourse.

        By the terms of the Proposed National Settlement, individuals who fail to exercise their
initial opt-out right are automatically members of the class action and subject to the Proposed
Settlement.  Pursuant to the Proposed Settlement, once an individual is subject to its terms, those
individuals can only bring a claim against American Home Products or the other settling Defendants
for heart damage.  According to the Proposed Settlement, "'Settled Claims' shall mean any and all
claims, including assigned claims, whether known or unknown, asserted or unasserted, regardless
of the legal theory, existing now or arising in the future by any or all members of the Settlement
Class. . .".  Accordingly, arguably all neurotoxicity claims will be waived if an individual does not
exercise initial Opt-Out.

2.      As drafted, the Proposed Settlement precludes individuals who do not opt-out and
who have suffered brain damage caused by fenfluramine or dexfenfluramine from bringing claims
for compensation, even though the nature and extent of such claims are unknown to such individuals
at the present time.

3.      Moreover, despite offering no compensation or other consideration for individuals
who have suffered Toxic Encephalopathy, the National Settlement seeks to vitiate the right to bring
such a claim in the future.

**REC'D**
APR - 6 2000

4.      Patricia Dimari is a 36 year old individual who ingested fenfluramine for a period in excess of 5 months. Thereafter, Patricia Dimari was diagnosed with severe mitral regurgitation and heart failure. Pursuant to the terms of the settlement, Mrs. Dimari is entitled to approximately $580,759.00 as a result of her Matrix level heart condition. Due to Mrs. Dimari's present financial condition, she would like to settle her heart damage claim for the grid amount. Unfortunately, however, Mrs. Dimari also suffers from permanent brain damage secondary to her fenfluramine use. Attached hereto and marked as Exhibit "1" is an Affidavit of her treating physician supporting the findings of Toxic Encephalopathy secondary to fenfluramine use.

5.      Because the terms of the National Settlement, as drafted, seeks to preclude Mrs. Dimari and individuals similarly situated from bringing a claim for Toxic Encephalopathy if they do not Opt-Out of the National Settlement, the National Settlement, as drafted, is unfair and should not be approved by this Court.

6.      Rachel Mares is a 34 year old who used fenfluramine for approximately 3 months. On February 15, 2000 she was diagnosed with Toxic Encephalopathy secondary to fenfluramine exposure. Although Mrs. Mares is not at present "FDA positive", as defined within the National Settlement, she has suffered from symptoms of shortness of breath and would like to be a class member in the event she develops a compensable claim in the future. Unfortunately, however, she must Opt-Out of the National Settlement covering heart damage so that she can pursue her brain damage claim. Attached hereto and marked as Exhibit "2" is an Affidavit of her treating physician supporting the findings of Toxic Encephalopathy secondary to fenfluramine use.

7.      Because the terms of the National Settlement, as drafted, seeks to preclude Mrs. Mares and individuals similarly situated from bringing a claim for Toxic Encephalopathy if they do not Opt-Out of the National Settlement, the National Settlement, as drafted, is unfair and should not be approved by this Court.

WHEREFORE, Plaintiffs pray, on behalf of themselves and others similarly situated, that the National Settlement not be approved or that this Court enter an Order finding that claims for injuries other than heart damage, such as Toxic Encephalopathy, are not covered by the terms of the National Settlement. Plaintiffs further ask this Court for an opportunity to be heard on this motion and to present evidence on or before the Fairness Hearing scheduled for May 1, 2000 - May 5, 2000.

08/28/00  09:52 FAX 202 942 5209        ARNOLD & PORTER        ☑004/006

Respectfully Submitted,

BY: _____

JERRY ALEXANDER   #20819
Alexander & Associates, P.C.
619 North 90th Street
Omaha, Nebraska   68114
(402) 390-9339
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 28th day of March, 2000, a true and correct copy of the above and foregoing document was sent via Certified Mail, Return Receipt Requested to the following individual(s):

Clerk of the U.S. District Court        CM, RRR # Z 559 099 952
United States Courthouse
601 Market Street
Philadelphia, PA 19106

Claims Administrators        CM, RRR # Z 559 099 953
Diet Drug Settlement
P.O. Box 7939
Philadelphia, PA 19101

Mr. Michael T. Scott, Esq.        CM, RRR # Z 559 099 954
MDL Liaison Counsel for AHP
Reed Smith Shaw & McClay
One Liberty Place, 1650 Market Street
Philadelphia, PA 19103

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS (PHENTERMINE/          :
FENFLURAMINE/DEXFENFLURAMINE             :
PRODUCTS LIABILITY LITIGATION)           :          MDL DOCKET NO. 1203

### AFFIDAVIT OF DR. RICHARD M. FLEMING

STATE OF NEBRASKA    )
                     )  ss.
COUNTY OF DOUGLAS    )

Dr. Richard M. Fleming, being first duly sworn on oath, states as follows:

1.      That I am a Board-Certified Internist, licensed to practice medicine in the States of
Texas, Iowa and Nebraska.

2.      That I am a Board-Certified Nuclear Cardiologist and I have been trained and
certified in the use of positron emission tomography (PET).

3.      That my practice involves weight management, the implications thereof, and
preventive cardiology.

4.      Patricia Dimari is a patient who was seen in my office for complications related to
her heart.  During my examination Mrs. Dimari provided a history of symptoms consistent with
neurological abnormalities.  In light of her symptoms, I ordered a nuclear brain scan (PET) which
revealed evidence of toxic encephalopathy which I believe to a reasonable degree of medical
certainty is secondary to Mrs. Dimaris' use of fenfluramine and/or dexfenfluramine.

5.      That I am basing all of my opinions contained herein on the medical records and
history provided by Mrs. Dimari.



EXHIBIT____1____

DATED this ___28th___ day of March, 2000.

FURTHER AFFIANT SAYETH NAUGHT.


Richard M. Fleming, M.D., Affiant
The Fleming Heart & Health Institute
9290 W. Dodge Road, Suite 204
Omaha, Nebraska  68114
(402) 343-0800

Subscribed and sworn to before me this 28 day of March, 2000.

GENERAL NOTARY-State of Nebraska
KELLY L. SOUDER
My Comm. Exp. April 5, 2001

NOTARY PUBLIC

2

08/28/00   09:53 FAX 202 942 5209        ARNOLD & PORTER                      ☐002/002

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE DIET DRUGS (Phentermine/ Fenfluramine/Dexfenfluramine) PRODUCTS LIABILITY LITIGATION ) ) ) | MDL DOCKET NO. 1203 |

THIS DOCUMENT RELATES TO:               )
                                        )
SHEILA BROWN, SHARON GADDIE,            )
JOSE GADDIE, VIVIAN NAUGLE,             )              4/4/cc
QUENTIN LAYER, JOAN S. LAYER,           )
JOBY JACKSON-REID and HARVEY            )
E. REID, Individually and               )
all others similarly situated,          )        CIVIL ACTION NO. 99-20593
                                        )
                    Plaintiffs,         )
                                        )        CLASS ACTION
          v.                            )
                                        )                                    ∂
AMERICAN HOME PRODUCTS                  )
CORPORATION,                            )
                                        )
                    Defendant.          )

## OBJECTIONS OF JANE SCUTERI, ET AL.,
## AND REQUEST TO APPEAR THROUGH
## COUNSEL AT THE FAIRNESS HEARING

PAUL J. NAPOLI
MARC JAY BERN
NAPOLI, KAISER & BERN, LLP
115 Broadway, 12th Floor
New York, NY 10006
(212) 267-3700
Attorneys for Plaintiffs Jane Scuteri, et al.

Of Counsel:

KENNETH J. CHESEBRO
1600 Massachusetts Avenue
Cambridge, MA 02138
(617) 661-4423

March 30, 2000

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of American Home Products Corporation's Motion to Strike Objections of Rachel Mares, Jane Scuteri, and Leonard Corbin was served on this 28th day of August, 2000, upon the following, as noted:

### *VIA FACSIMILE*

Arnold Levin, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Jerry Alexander, Esquire
Alexander & Associates, P.C.
Historic Inns of Court Building
619 North 90th Street
Omaha, Nebraska 68114

Edward Blizzard, Esquire
Blizzard & McCarthy, L.L.P.
440 Louisiana, Suite 1710
Houston, Texas 77002

Paul J. Napoli, Esquire
Napoli, Kaiser & Bern, LLP
115 Broadway, 12th Floor
New York, NY 10006

### *VIA FEDERAL EXPRESS*

Robert Curran, Esquire
Curran & Byrne, PC
606 E. Baltimore Pike
Media, Pennsylvania 19063

Edward Blizzard, Esquire
Blizzard & McCarthy, L.L.P.
440 Louisiana, Suite 1710
Houston, Texas 77002

Fred S. Longer, Esquire
Arnold Levin, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, Pa 19106

Gerald J. Valentini, Esquire
1800 J.F. Kennedy Boulevard, Suite 1300
Philadelphia, PA 19103

Robert Spinelli, Esquire
Kelley, Jasons, McGuire & Spinelli
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103

Peter L. Resnik, Esquire
McDermott, Will & Emery
28 State Street
Boston, MA 02109-1775

John Fitzpatrick, Esquire
LeClair and Ryan
707 East Main Street, 11th Floor
Richmond, VA 23219

Edward W. Madeira, Jr., Esquire
Pepper, Hamilton & Scheetz
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799

Edward S. Weltman, Esquire
Schneck, Weltman & Hashmall
1285 Avenue of the Americas
New York, NY 10019

Barbara Wrubel, Esquire
Skadden, Arps, Slate, Meagher & Flom
Four Times Square
New York, NY 10022

Gregory Miller, Esquire
Miller, Alfano & Raspanti
1818 Market Street, Suite 3402
Philadelphia, PA 19102

Michael D. Fishbein, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Richard L. Berkman, Esquire
Christine C. Levin, Esquire
Dechert, Price & Rhodes
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103

John J. Cummings, Esquire
Cummings, Cummings & Dudenhefer
416 Gravier Street
New Orleans, LA 70130

Stanley Chesley, Esquire
Waite, Schneider, Bayless & Chesley
1513 Central Trust Tower
Fourth & Vine Streets
Cincinnati, OH 45202

Sol H. Weiss, Esquire
Anapol, Schwartz, Weiss, Cohan
  Feldman & Smalley, P.C.
1900 Delancey Place
Philadelphia, PA 19103

Gene Locks, Esquire
Greitzer & Locks
1500 Walnut Street, 20th Floor
Philadelphia, PA 19102

Richard Lewis, Esquire
Cohen, Milstein, Hausfeld & Toll
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005-3934

Dianne Nast, Esquire
Roda & Nast
801 Estelle Drive
Lancaster, PA 17601

R. Eric Kennedy, Esquire
Weisman, Goldberg, Weisman & Kaufman
1600 Midland Building
101 Prospect Avenue West
Cleveland, OH 44115

Mark W. Tanner, Esquire
Feldman, Shepherd & Wohlgelernter
1845 Walnut Street, 25th Floor
Philadelphia, PA 19103

Richard Wayne, Esquire
Strauss & Troy
The Federal Reserve Building
150 East 4th
Cincinnati, OH 45202-4018

George M. Fleming, Esquire
Fleming & Associates, L.L.P.
1330 Post Oak Boulevard
Suite 3030
Houston, Texas 77056

Thomas W. Pirtle, Esquire
O'Quinn & Laminack
2300 Lyric Centre Building
440 Louisiana
Houston, TX 77002

Douglas G. Thompson, Esquire
Tracy Rezvani, Esquire
L. Kendall Satterfield, Esquire
Finkelstein, Thompson & Loughran
1055 Thomas Jefferson Street, NW
Suite 601
Washington, DC 20007

Paul J. Napoli, Esquire
Napoli, Kaiser & Bern, LLP
115 Broadway, 12th Floor
New York, NY 10006

Frank Stepnowski, Esquire
Coghlan, Kukankos, Cook
One North Franklin Street, Suite 900
Chicago, IL 60602

Neal S. Manne, Esquire
Susman Godfrey, LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096

Joseph W. Gibley, Esquire
Gibley & McWiliams
436-38 E. Baltimore Pike, Suite 200
Box 1107
Media, PA 19063-0807

Wendell H. Gauthier, Esquire
James R. Dugan
Gauthier, Downing, LaBarre, Beiser & Dean
3500 N. Hullen
Metairie, LA 70002

J. Clayton Undercofler, Esquire
Saul, Ewing, Remick & Saul, LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102

Rhona Silverman, Esquire
Bruce G. Clark & Associates
233 Broadway
New York, NY 10279

Charlie Parker, Esquire
Hill & Parker
5300 Memorial, Suite 700
Houston, TX 77007-8292

Thomas J. Knight, Esquire
Hubbard & Knight
1125 Noble Street
Anniston, AL 36202-1850

Mark D. Fischer, Esquire
1700 One Waterfront Plaza
325 West Main Street
Louisville, KY 40201-7427

James L. Johnson, Esquire
The Johnson Law Firm
6500 Greenville Avenue, Suite 345 LB 30
Dallas, TX 75206

Ervin A. Gonzalez, Esquire
Robles & Gonzalez, P.A.
One Bayfront Plaza, Suite 900
100 South Biscayne Boulevard
Miami, Florida 33131

Patrick J. Mulligan, Esquire
Law Offices of Patrick J. Mulligan
2651 N. Harwood, Suite 250
Dallas, TX 75201

John J. Seaman
3974 Kim Road
Collegeville, PA 19426-3330

Geo. Michael Jamail, Esquire
801 Laurel Street
Beaumont, Texas 77720-6005

Jerry Alexander, Esquire
Alexander & Associates, P.C.
Historic Inns of Court Building
619 North 90th Street
Omaha, Nebraska 68114


Michael T. Scott

# Exhibit 2

*C M 2020 30*
*8/29/00*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE DIET DRUGS (Phentermine/         :
Fenfluramine/Dexfenfluramine)          :        MDL Docket No. 1203
PRODUCTS LIABILITY LITIGATION          :
_____

THIS DOCUMENT RELATES TO:              :
                                       :
SHEILA BROWN, et al.,                  :
                                       :
                 Plaintiffs,           :        CIVIL ACTION NO. 99-20593
                                       :
        v.                             :
                                       :
AMERICAN HOME PRODUCTS CORP.,          :
                                       :
                 Defendant.            :
_____

### CLASS COUNSEL'S JOINDER IN AMERICAN HOME PRODUCTS CORPORATION'S MOTION TO STRIKE OBJECTIONS OF RACHEL MARES, JANE SCUTERI AND LEONARD CORBIN

Class Counsel hereby joins in American Home Products Corporation's (AHP's) Motion to Strike Objections of Rachel Mares, Jane Scuteri and Leonard Corbin.

Each of these purported objectors opted out of the settlement and as such lack standing. Objector Rachel Mares is represented by Alexander & Associates, and Jane Scuteri and Leonard Corbin are represented by Napoli, Kaiser & Bern. Neither of objectors' counsel formally notified the Court of their clients opting out of this settlement and thus their lack of standing to pursue their objections. Ms. Mares opted out on March 17, 2000 and filed her objection on March 28, 2000. Jane Scuteri opted out on March 27, 2000 and Leonard Corbin opted out on December 17, 1999. Ms. Scuteri and Mr. Corbin filed their objections on March 30, 2000.

Each of these objectors lack standing at the time that their objections were filed.

For the above reasons and those specifically set forth in American Home Product's Motion, these objections should be stricken.

Dated:   August 29, 2000

**Respectfully submitted,**

**Class Counsel**

Arnold Levin, Esq.
LEVIN FISHBEIN SEDRAN & BERMAN
Suite 500
510 Walnut Street
Philadelphia, PA  19106
(215) 592-1500

Gene Locks, Esq.
GREITZER & LOCKS
20th Floor
1500 Walnut Street
Philadelphia, PA  19102
(800) 828-3489

Michael D. Fishbein, Esq.
LEVIN FISHBEIN SEDRAN & BERMAN
Suite 500
510 Walnut Street
Philadelphia, PA  19106
(215) 592-1500

Sol H. Weiss, Esq.
ANAPOL SCHWARTZ WEISS COHAN
   FELDMAN & SMALLEY, P.C.
1900 Delancey Place
Philadelphia, PA  19103
(215) 735-2098

Stanley M. Chesley, Esq.
WAITE SCHNEIDER BAYLESS
   & CHESLEY
1513 Central Trust Tower
Cincinnati, Ohio  45202
(513) 621-0267

Charles R. Parker, Esquire
HILL & PARKER
53 Memorial, Suite 700
Houston, TX  77007
(713) 868-5581

John J. Cummings, III, Esq.
CUMMINGS, CUMMINGS, & DUDENHEFER
416 Gravier Street
New Orleans, Louisiana  70130
(504) 586-0000

**For the Plaintiffs' Management
         Committee**

-2-

FOR SUBCLASS 1(A):

DIANNE NAST, ESQUIRE
RODA & NAST
801 ESTELLE DRIVE
LANCASTER, PA   17601
717-892-3000

FOR SUBCLASS 1(b):

RICHARD LEWIS, ESQUIRE
COHEN, MILSTEIN, HAUSFELD & TOLL
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC   20005-3934
202-408-4600

FOR SUBCLASS 2(a):

MARK W. TANNER, ESQUIRE
FELDMAN, SHEPHERD & WOHLGELERNTER
1845 WALNUT STREET, 25TH FLOOR
PHILADELPHIA, PA   19103
215-567-8300

FOR SUBCLASS 2(b):

R. ERIC KENNEDY, ESQUIRE
WEISMAN, GOLDBERG, WEISMAN & KAUFMAN
1600 MIDLAND BUILDING
101 PROSPECT AVENUE WEST
CLEVELAND, OH   44115
216-781-1111

FOR SUBCLASS 3:

RICHARD WAYNE, ESQUIRE
STRAUSS & TROY
THE FEDERAL RESERVE BUILDING
150 EAST 4TH
CINCINNATI, OH   45202-4018
513-621-2120

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Class Counsel's Joinder in American Home Products Corporation's Motion to Strike Objections of Rachel Mares, Jane Scuteri and Leonard Corbin was served on the following counsel on this 29th day of August, 2000 via United States First Class Mail, postage prepaid upon the following:

Barbara Wrubell, Esquire
Skadden, Arps, Slate, Meacher &
Flom
919 Third Avenue
New York, NY 10022

Robert Spinelli, Esquire
Kelley, Jasons, McGuire & Spinelli
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103

Andrew Clausen, Esquire
Carr, Alford, Clausen & McDonald
One St. Louis Center, Suite 500
Mobile, AL 36601

John Fitzpatrick, Esquire
LeClair and Ryan
707 East Main Street, 11th Floor
Richmond, VA 23219

Peter L. Resnick, Esquire
McDermott, Will & Emery
28 State Street
Boston, MA 02109-1775

Edward S. Weltman, Esquire
Schneck, Weltman & Hashmall
1285 Avenue of the Americas
New York, NY 10019

Edward W. Madeira, Jr., Esquire
Pepper, Hamilton & Scheetz
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799

Michael T. Scott, Esquire
Reed Smith Shaw & McClay LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Peter L. Zimroth, Esquire
Arnold & Porter
399 Park Avenue
New York, NY 10022

Ms. Deborah A. Hyland
Plaintiffs' Management Committee
325 Chestnut Street, Suite 200
Philadelphia, PA 19106

Gregory Miller, Esquire
Miller, Alfano & Raspanti
1818 Market Street, Suite 3402
Philadelphia, PA 19102

Edward Blizzard, Esquire
Blizzard & McCarthy, LLP
They Lyric Centre Building
440 Louisiana, Suite 1710
Houston, Texas 77002

Jerry Alexander, Esquire
ALEXANDER & ASSOCIATES, PC
619 North 90th Street
Omaha, Nebraska 68114

Paul J. Napoli, Esquire
NAPOLI, KAISER & BERN
115 Broadway, 12th Floor
New York, NY 10016

**ARNOLD LEVIN**

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS (PHENTERMINE/          :
FENFLURAMINE/DEXFENFLURAMINE             :
PRODUCTS LIABILITY LITIGATION)           :      MDL DOCKET NO. 1203

PRETRIAL ORDER # /435

AND NOW, this *21st* day of September, 2000, at a hearing held on
September 20, 2000, the court ruled as follows:

1.    Class Counsel's Motion to Impose Bond for Costs on Appeal Noticed By
Attorney Lawrence W. Schonbrun in Brown, Civ. No. 99-20593 (Document #201908)
is GRANTED.

2.    Defendant's Motion to Strike Objections of Rachel Mares, Jane Scuteri, and
Leonard Corbin in Brown, Civ. No. 99-20593 (Document #202024) is GRANTED.

3.    Defendant's Motion to Strike Objection of John J. Seaman in Brown, Civ.
No. 99-20593 (Document #202020) is GRANTED.

4.    Motion to Allow Filing of Petition in Intervention of Becnel Attorneys for
the Purpose of Establishing a Claim to Entitlement of Common Benefit
Attorneys' Fees and Expenses in Brown, Civ. No. 99-20593 (Document #201982)
and Motion to Allow Filing of Petition in Intervention of Becnel Attorneys and
Motion to Allow the Filing of the Becnel Attorneys' First Supplemental
Petition in Intervention (Document #202058) are DENIED.

5.    Motion of Daniel E. Becnel, Jr. to Intervene in Brown, Civ. No. 99-20593
(Document #201620) is DENIED without prejudice.

6. Defendant's Motion to Dismiss the Plaintiff's Amended Complaint in
Glincher, Civ. No. 99-20131 (Document #202018) is GRANTED.

7.    Plaintiff's Motion to Strike Order Entered in Ohio Dismissing Count I of

Plaintiff's Complaint in Schnell, Civ. No. 00-20750 (Document #202011) is GRANTED.  Count 1 of the complaint is reinstated.

8.  Defendant's Motion to Enforce PTO 21 in Hazen, Civ. No. 00-20415 (Document #202026) is WITHDRAWN.

9.  Plaintiff's Motion for Reconsideration of Defendant's Motion to Dismiss Interpleader Actions as Moot in Columbia Casualty Co., Civ. No. 99-20037 (Document #202019) is DENIED without prejudice.

10.  Plaintiffs' New Hampshire Insurance Co., et al. motion for Reargument of Defendant Interneuron Pharmaceuticals, Inc.'s Motion to Dismiss the Interpleader Actions and to Vacate Paragraph Six of Pretrial Order #1405 (Document #202029) are DENIED.

11.  Defendants' Motion to Dismiss or For a More Definite Statement in Metheney, Civ. No. 00-20427 (Document #201940) is GRANTED.

12.  The next status conference will be held on October 25, 2000 at 10:00 a.m. in Courtroom 17-B, 17th Floor, United States Courthouse, 601 Market Street, Philadelphia, PA 19106.


ATTEST:                        or     BY THE COURT



BY:_____         _____
        Deputy Clerk                       Judge

Civ 12 (9/83)