class members to navigate a complex procedural maze to secure recovery. Because the settlement creates unfair barriers designed to throttle recovery, the actual recovery realized by most class members will be unfair and minimal.

15. The negotiation of a separate fee payment to Class Counsel in excess of the maximum fee allowable by law indicates collusion and self-dealing. Class counsel is also permitted to "double dip" their clients for a contingency fee. The maximum attorneys' fee that a court could shift to a defendant is Class Counsel's lodestar without any enhancement. These questionable provisions demonstrate a conflict of interest that should preclude settlement.

16. The improper use of a *cy pres* funds breaches class counsel's fiduciary duty to the class.

17. The impact of the Medicare Secondary Payer Act could indefinitely block payments to class members.

## CONCLUSION

For all of the foregoing reasons, the Court must reject the proposed settlement as unfair and unreasonable.

> Respectfully submitted,
> Curtis L. Anderson,
> By his attorney,
>
> /s/ George W. Cochran
> George W. Cochran (92855)
> 1385 Russell Drive
> Streetsboro, Ohio 44241
> Tel: (330) 626-5600
> Fax: (330) 230-6136
> Email: lawchrist@gmail.com
>
> Curtis L. Anderson
> 967 Kemper Meadow Dr
> Cincinnati, OH 45240-1463
> Email: clasr90@yahoo.com
> DOB: May 16, 1957

Date: October 20, 2014