## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

IN RE: NATIONAL FOOTBALL

LEAGUE PLAYERS' CONCUSSION        No. 2:12-md-02323-AB

INJURY LITIGATION                 MDL No. 2323

_____

Kevin Turner and Shawn Wooden,         Civil Action No. 2:14-cv-00029-A

on behalf of themselves and

others similarly situated,

                     Plaintiffs,

     v.

National Football League and

NFL Properties, LLC,

successor-in-interest to

NFL Properties, Inc.,

                     Defendants.

_____

## MOTION OF PUBLIC CITIZEN, INC.
## FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE
## AT THE NOVEMBER 19, 2014 HEARING

On October 14, 2014, Public Citizen, Inc. moved to file a memorandum as amicus curiae

with respect to the proposed settlement of this action (ECF 6214).  The memorandum, which was

submitted with the motion, raised objections concerning (1) the adequacy of the notice to the

class with respect to certain issues, (2) the adequacy of representation as to significant portions

of the class, which could defeat class certification, and (3) problems with the merits of the

proposed settlement, in particular the manner in which the settlement fails to deal with the

Medicare Secondary Payer Act and other similar laws.  More than two weeks have passed, and neither class counsel nor the defendants have filed a response to that motion.

Under the Court's scheduling order, requests by class members to participate at the November 19, 2014 hearing are required to be submitted by November 3, 2014.  Although Public Citizen has not been granted leave to file its amicus memorandum, it is filing this request for leave to participate in the November 19 hearing at this time to comply with the November 3rd deadline.  Briefly stated, the reasons why its participation at the hearing would be of assistance to the Court are as follows.

Public Citizen has no legal interest in this proposed settlement, but has offered its views because it is concerned that many members of the class are not being adequately represented and that, because of the way that the proposed settlement is structured, many lawyers who might otherwise file objections cannot ethically do so.  The reason is that the proposed settlement provides quite generous benefits to some class members, while providing little or no benefits to others.  If a lawyer has some clients who would receive substantial benefits under the settlement, and others who would not, the structure of the settlement places the lawyer in a difficult ethical situation.  Public Citizen, however, as an amicus and with no ethical obligations to any class members, does not face that conflict, and so it has been able to express its views on the problems with the settlement, based on its long experience in class action settlements and its thorough review of the proposed certification and settlement.

Second, Public Citizen's memorandum raises procedural issues that are not raised by other objectors, but go to the heart of whether the Court may approve this settlement.  These include two problems with the notice:  the failure to explain the impact of retainer agreements on the amounts that many class members will recover and the lack of any meaningful discussion of

the major problems caused by the Medicare Secondary Payer Act. In addition, Public Citizen has pointed out the unnecessarily burdensome requirement that each class member who objects to the settlement must personally sign the objection and provide written evidence of class membership, which is likely to suppress the number of objectors and thereby present the Court with an unrealistic impression that the settlement is favored by the class as a whole.

Third, only Public Citizen has raised a detailed objection to the problems created by the Medicare Secondary Payer Act and shown why, unless those problems are resolved before the Court acts, the settlement should not be approved. It also pointed out that, under the settlement, class counsel will, in effect, be double-dipping by being paid from the $112.5 million attorneys' fee fund and also taking a contingent fee from their individual clients.

Finally, because of its extensive class action experience, amicus may have responses to the arguments and evidence put forth by class counsel and the defendants' which are not due until November 12th, which may not occur to other objectors or that they may not make because of the structural impediments that this settlement places in the way of full participation by counsel with some clients who will benefit from the settlement and others who will not.

For these reasons, Public Citizen requests that its undersigned counsel, Alan B. Morrison, be permitted to present argument at the November 19, 2014 hearing.

October 29, 2014                                      Respectfully submitted,

                                                     */s/ Alan B. Morrison*

Allison M. Zieve                                     Alan B. Morrison
Scott L. Nelson                                      George Washington University
Public Citizen Litigation Group                      Law School
1600 20th Street NW                                  2000 H Street NW
Washington, DC 20009                                 Washington, DC 20052
(202) 588-1000                                       (202) 994-7120

Counsel for Amicus Curiae
Public Citizen, Inc.

3