UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br><br>**THIS DOCUMENT RELATES TO:**<br><br>**ALL ACTIONS** | No. 12-md-2323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |

**CO-LEAD CLASS COUNSEL'S RESPONSE TO
MOTIONS OF PUBLIC CITIZEN, INC. (1) FOR LEAVE TO FILE MEMORANDUM AS
*AMICUS CURIAE* WITH RESPECT TO APPROVAL OF CLASS ACTION
SETTLEMENT AND (2) FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE* AT
THE NOVEMBER 19, 2014 HEARING**

Co-Lead Class Counsel hereby respond to two related motions filed by non-party, Public Citizen, Inc.: its motion for leave to participate as *amicus curiae* to file a memorandum akin to an objection to the proposed Settlement [ECF No. 6214] and its subsequent motion for leave to participate at the Fairness Hearing [ECF No. 6271]. While Co-Lead Class Counsel elect not to object to the submission of the proffered *amicus* memorandum, Public Citizen's participation should end at that point. There are ample parties giving voice to the objections Public Citizen wishes to raise, and the effective management of the upcoming hearing precludes every purportedly interested member of the public from jumping into the fray.

## DISCUSSION

**I.  Co-Lead Class Counsel Elect Not To Object to the Court's Consideration of Public Citizen's Memorandum.**

Co-Lead Class Counsel believe that Public Citizen's unorthodox request to file an *amicus* memorandum is inappropriate, for the reasons set forth below, yet ultimately choose not to

oppose this request should the Court deem it worthwhile to consider the largely redundant views of a "consumer advocacy organization" [ECF No. 6214 at 1] that is apparently philosophically opposed to the use of class actions for personal injury and medical monitoring claims. Co-Lead Class Counsel do not, of course, respond to Public Citizen's proposed objections on the merits here, but merely note that the organization's views are already well represented by existing participants in these proceedings (with the exception of its philosophical opposition to the application of Rule 23 to this case).[1]

As a threshold matter, it is highly unusual to permit *amicus* participation on fact-dependent decisions in the district court. Co-Lead Class Counsel recently surveyed the law governing motions like the present one in the context of responding to the Brain Injury Association of America's motion to file an *amicus* brief:

> The decision whether or not to allow the filing of an *amicus curiae* brief is "a matter of judicial grace." *Nat'l Org.for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000). Several established principles have emerged from decisions on the subject to guide the Court's discretion. First, leave to participate as *amicus curiae* should be denied when the petitioners "do not purport to represent any individual or organization with a legally cognizable interest in the subject matter at issue, and give only their concern about the manner in which [the] court will interpret the law as the basis for their brief." *American College of Obstetricians & Gynecologists v. Thornburgh*, 699 F.2d 644, 645 (3d Cir. 1983). Second, leave should be denied "[w]hen a court determines the parties are already adequately represented and participation of a potential *amicus curiae* is unnecessary because it will not further aid in consideration of the relevant issues." *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993). Third, leave should be denied when the proffered brief is partisan in nature. *See Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) ("The term '*amicus curiae*' means friend of the court, not friend of the party."); *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982) ("[I]f the proffer comes from an individual with a partisan, rather than an impartial view, the motion for leave to file an amicus brief must be denied."). Fourth, leave should be denied when the proffered brief "merely duplicates the brief of one of the parties." *Scheidler*, 223 F.3d at 617.

---

[1] Indeed, objectors, who have personal stakes in this case, did not assert that Rule 23 could not be applied to a case like this one.

> Additionally, "[a]t the trial level, where issues of fact as well as law predominate, the aid of *amicus curiae* may be less appropriate than at the appellate level." *Liberty Lincoln Mercury, Inc.*, 149 F.R.D. at 82 (quoting *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985)). Similarly, "a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an *amicus* brief unless . . . the party has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).
>
> In sum, as this Court has recognized, *amicus curiae* status is generally granted only when "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to the outcome in the case." *Liberty Resources, Inc. v. Philadelphia Housing Authority*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005).

[ECF No. 6250 at 3-4]. Given that Public Citizen lacks a legally cognizable interest in the subject matter of this case and that, as shown below, the inchoate interests it advocates as to how Rule 23 should be applied already are being advocated by actual objectors with personal stakes in the action, Co-Lead Class Counsel doubt that Public Citizen meets the criteria for participation as *amicus* at the trial level in this case.

Public Citizen overstates the uniqueness of the perspective it claims to bring to the litigation since other objectors – who are class members – have articulated many of the same arguments Public Citizen seeks to voice. Public Citizen's motion itself acknowledges the existence of redundancy to "the filings of the Morey objectors." [ECF No. 6214 at 5 (referring to ECF No. 6201)]. In addition, two of the objectors have expressly adopted Public Citizen's proposed memorandum of law [ECF No. 6230 at 2; ECF No. 6241 at 34], so, as a practical matter, its views are already before the Court. In addition, various class members have independently articulated many of the arguments that Public Citizen wishes to raise.[2]

---

[2] For instance, objectors contend that there is supposedly intra-class conflict because the settlement, in their view, does not compensate all class members [ECF No. 6201 at 20-32; ECF

3

Given that counsel for objectors have either adopted Public Citizen's positions or made similar points, Public Citizen's request to file its memorandum as an *amicus* is effectively moot. The organization has succeeded in registering its views, and the objectors who have adopted them have thereby ensured that they will be before the Court.

## II.     Public Citizen Should Not, However, Be Permitted to Participate at the Hearing.

Had Public Citizen stopped with its first motion, filed on October 14, Co-Lead Class Counsel would have had no objection to raise, since the limited relief of filing an *amicus* brief should suffice to satisfy the ends of an *amicus*. It appears, however, that Public Citizen wishes to take on a much more aggressive role. Its second motion, filed on October 29, reveals that the organization's initial motion – seeking *amicus* status purportedly just to file a memorandum voicing objections to the settlement – was really a Trojan horse: Public Citizen wishes to get into court and to use the hearing as a soapbox for its views on class actions.

But there is already a crowded field of objectors and their counsel clamoring to participate in the upcoming final approval hearing, *e.g.*, ECF Nos. 6256, 6261, 6263, 6264, 6266, 6267, 6268, 6268, 6269, 6270, 6272, and there is no good reason to add yet another set of lawyers to the mix, especially when they represent a non-party which already has had the opportunity to express its views on the settlement through a memorandum that other objectors have adopted by reference.

Permitting Public Citizen to voice its views by way of written submission only would be consistent with the approach that the Third Circuit took in response to the organization's similar motions during the unsuccessful FED. R. CIV. P. 23(f) appeal. Public Citizen filed an *amicus*

---

No. 6213 at 2-5; ECF No. 6230 at 7-8; ECF No. 6237 at 2], and because of differences in monetary awards based on disease type [ECF No. 6230 at 11], and that the 5% fee set-aside provision is an issue [ECF No. 6201 at 79; ECF No. 6213 at 7; ECF No. 6230 at 24; ECF No. 6223 at 28-29; ECF No. 6237 at 5].

brief in that proceeding and also moved for leave to participate in oral argument.  The Morey objectors *opposed* Public Citizen's request to participate in oral argument.  Their response is equally *apropos* here:

> However, Public Citizen is a successful self-described "consumer advocacy organization."  This case involves actual injured individuals . . . who are seeking a prompt remedy and a fair settlement that works.  Extending oral argument time to *amicus* may provide an opportunity to explore certain legal nuances, but will likely detract from the focus of addressing [objectors' arguments].

Petitioners' Opp. to Motion of *Amicus Curiae* Public Citizen, Inc. for Leave to Present Oral Argument at 1, *In Re: Nat'l Football League Players Concussion Injury Litig.*, No. 14-8103 (3d Cir. Sept. 4, 2014).  The objectors added that they – not Public Citizen – "are best positioned to argue" issues that they have raised, *id.* at 2, and that "[a]rgument devoted to the [other] issues Public Citizen raises, by contrast, could detract from" the issues that the objectors wish the court to focus upon, *id.* at 3.  The Third Circuit then *denied* Public Citizen's motion to participate in oral argument.  *In Re: Nat'l Football League Players Concussion Injury Litig.*, No. 14-8103 (3d Cir. Sept. 5, 2014).

      The Court should draw the line in the same place where the Third Circuit did – allow Public Citizen to file the memorandum it wishes to file, but deny its request to participate in the hearing itself.  *See Commonwealth of the N. Mariana Islands v. United States*, No. 08-1572(PLF), 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (allowing *amicus* to file brief but denying its request to participate in motions hearing).  The Court has broad discretion to manage these proceedings in an orderly and efficient way, and limiting the participation of outsiders to the case furthers the goals of sound judicial management.

## **CONCLUSION**

Accordingly, Co-Lead Class Counsel respectfully request that the Court deny Public Citizen's motion for leave to participate in the November 19, 2014 hearing.

Dated:  October 31, 2014

                                         Respectfully submitted,

                                         /s/ Christopher A. Seeger
                                         Christopher A. Seeger
                                         SEEGER WEISS LLP
                                         77 Water Street
                                         New York, NY 10005
                                         Phone:  (212) 584-0700
                                         Fax:  (212) 584-0799
                                         cseeger@seegerweiss.com

                                         **Co-Lead Class Counsel**

                                         Sol Weiss
                                         ANAPOL SCHWARTZ
                                         1710 Spruce Street
                                         Philadelphia, PA 19103
                                         Phone:  (215) 735-1130
                                         Fax:  (215) 735-2024

                                         **Co-Lead Class Counsel**

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true copy of the foregoing was served electronically via the Court's electronic filing system on the 31st day of October, 2014, upon all counsel of record.

Dated:   October 31, 2014

/s/ Christopher A. Seeger
Christopher A. Seeger
