## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| : | | |
| IN RE: NATIONAL FOOTBALL LEAGUE: | No. 2:12-md-02323-AB | |
| PLAYERS' CONCUSSION : | | |
| INJURY LITIGATION : | MDL No. 2323 | |
| : | | |
| : | | |
| Kevin Turner and Shawn Wooden, : | | |
| *on behalf of themselves and* : | | |
| *others similarly situated,* : | | |
| Plaintiffs, : | CIVIL ACTION NO: 14-cv-0029 | |
| : | | |
| v. : | | |
| : | | |
| National Football League and : | **Hon. Anita B. Brody** | |
| NFL Properties LLC, : | | |
| successor-in-interest to : | | |
| NFL Properties, Inc., : | | |
| Defendants. : | | |
| : | | |
| : | | |
| THIS DOCUMENT RELATES TO: : | | |
| ALL ACTIONS : | | |
| : | | |

**RESPONSE OF THE NATIONAL FOOTBALL LEAGUE AND NFL PROPERTIES LLC
IN OPPOSITION TO THE MOTIONS FOR SCHEDULING CONFERENCE
(DOC. NOS. 6244, 6249) AND TO ORDER CLASS COUNSEL AND THE NFL TO
PRODUCE EVIDENCE (DOC. NO. 6252)**

The National Football League ("NFL") and NFL Properties LLC (collectively, the "NFL

Parties") submit this Response in Opposition to (a) the Motion for a Scheduling Conference

(Doc. No. 6244) and the Motion to Order Class Counsel and the NFL to Produce Evidence (Doc.

No. 6252) filed by Sean Morey, Alan Faneca, Ben Hamilton, Robert Royal, Roderick "Rock"

Cartwright, Jeff Rohrer and Sean Considine (the "Morey Objectors"),[1] and (b) the Motion for a Scheduling Conference (Doc. No. 6249) filed by The Estate of David Duerson, Deceased, The Estate of Forrest Blue, Deceased, Thomas DeLeone, Gerald Sullivan, Barry Darrow, Ray Austin, Bruce Herron, John Cornell, Tori Noel, and Mike Adamle (the "Duerson Objectors") (collectively, the "Objectors").

The Objectors collectively seek the following relief: (i) immediate production of the evidence on which Class Counsel and the NFL Parties will rely at the November 19, 2014 Fairness Hearing (Doc. No. 6252); (ii) a scheduling conference in advance of the Fairness Hearing (Doc. Nos. 6244, 6249); and (iii) production of the evidence on which Class Counsel and the NFL Parties relied when they "agreed" to the Class Action Settlement (Doc. No. 6252 at 1). Their requests are unnecessary, moot, and/or duplicative of requests already made to and denied by this Court. Accordingly, for the following reasons, the Objectors' motions should be denied.

## ARGUMENT

## I.   OBJECTORS HAVE AMPLE OPPORTUNITY TO MEANINGFULLY PARTICIPATE IN THE FAIRNESS HEARING

This Court's Preliminary Approval Order provides that on or before November 12, 2014—one week in advance of the Fairness Hearing—Class Counsel and the NFL Parties must file their "papers in support of final approval of the Settlement" and "any response to the objections." (Order at 7, July 7, 2014, Doc. No. 6084.) Here, the papers will include the written testimony, exhibits and legal argument on which the parties will rely at the Fairness Hearing.

---

[1]   The Morey Objectors named in Doc. Nos. 6244 and 6252 include Messrs. Sean Morey, Ben Hamilton, Robert Royal, and Roderick "Rock" Cartwright, who, on October 14, 2014—prior to the filing of the at-issue motions—opted out of the Settlement. As Opt Outs, they are no longer proper Objectors.

Thus, the Morey Objectors' request for production of "the evidence upon which [Class Counsel and the NFL Parties] intend to rely at the November 19, 2014 fairness hearing" "*before* the fairness hearing so that they can properly prepare and meaningfully participate" (Doc. No. 6252 at 3 (emphasis in original)) already has been addressed by this Court in the Preliminary Approval Order.  Because the Morey Objectors—and all Objectors—will have an opportunity to review Class Counsel's and the NFL Parties' materials in support of final approval in advance of the Fairness Hearing, their request is unnecessary and duplicative of the process that the Court has put in place; accordingly, it should be denied as moot.[2]

The Court's briefing schedule for both objections to and moving papers in support of the Settlement Agreement is fully consistent with the Third Circuit's view of "meaningful participation" by objectors at a fairness hearing.  *See, e.g.*, *Greenfield* v. *Villager Indus., Inc.*, 483 F.2d 824, 833 (3d Cir. 1973) (stating that a hearing must "afford a meaningful opportunity to be heard").  The Fairness Hearing is not "a full trial on the merits," but an opportunity for the Court to referee an efficient and orderly evaluation of the settlement.  *See Bell Atl. Corp.* v. *Bolger*, 2 F.3d 1304, 1315 (3d. Cir. 1993); *Union Asset Mgmt. Holding A.G.* v. *Dell, Inc.*, 669 F.3d 632, 641 (5th Cir. 2012) ("Objectors have a right to be heard, but a fairness hearing is not a full trial proceeding. The court does not need to open to question and debate every provision of

---

[2]   There is no prejudice to the Objectors under the Court's schedule.  Settlement Class Members had 90 days to evaluate the Settlement Agreement, determine whether they wanted to object, opt out, or accept the Settlement Agreement, and, if objecting, draft and file their objections.  By contrast, Class Counsel and the NFL Parties have been allotted one third of that time to respond to dozens of submissions filed by Objectors on or before October 14 in accordance with the Court's schedule, which include lengthy legal memoranda and affidavits from medical experts on various issues.  This schedule is reasonable by any standard and is fully consistent with the schedules set in other large cases.  *See, e.g.*, *In re CertainTeed Fiber Cement Siding Litig.*, No. 2:11-md-02270 (E.D. Pa.), Doc. Nos. 86, 87, 108 (final moving papers submitted January 29, 2014; fairness hearing held February 19, 2014).  Moreover, the Court also has provided for post-hearing submissions.

the proposed compromise, and it may limit its proceeding to whatever is necessary to aid it in reaching an informed, just and reasoned decision." (footnotes omitted) (internal quotation marks omitted)).

Here, the procedures established for participation are more than sufficient. *First*, the objectors, including the Morey Objectors, already have been provided robust procedural rights in accordance with Rule 23 and due process, including ample notice of the Class Action Settlement and sufficient time to evaluate it and make an informed decision about whether to opt out or object. *See In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 177 F.R.D. 216, 231, 240 (D.N.J. 1997) (stating that Class Notice need only be "a summary of the litigation and the settlement" and "Courts have routinely approved Class Notice mailings where the deadline to opt out was between thirty and sixty days" (internal quotation marks omitted)).[3] *Second*, Settlement Class Members received ample information regarding the substance of the Settlement, including Class Counsel's moving papers—which comprise nearly 100 pages—in support of the motion for preliminary approval; the affidavit of the Court-appointed mediator, Retired Judge Layn R. Phillips; the actuarial and economic reports and supplemental tabulations prepared by experts for Class Counsel and the NFL Parties, respectively, that were provided to the Special Master (Doc. Nos. 6167-68); and the Settlement Website and hotline, which have been available and utilized by Settlement Class Members to obtain information about the Settlement Agreement. *Third*, Objectors had 90 days to review the Agreement and posit objections, if any—a period of time

---

[3]   For a more detailed discussion of the procedural protections Objectors have received to date, see Response of the NFL Parties in Opposition to Emergency Motion to Modify the July 7, 2014 Order by Continuing the Objection and Opt-Out Deadlines to a Date After Class Counsel File Their Final Approval Papers at 8-10, Doc. No. 6190, and Response of the NFL Parties in Opposition to Emergency Motion to Modify or Amend the July 7, 2014 Order Requiring Opt-Outs on or Before October 14, 2014 and Joinder in Emergency Motion at 8-11, Doc. No. 6186.

well in excess of other large settlement agreements.  (*See* Order at 5-7, July 7, 2014, Doc. No. 6084.)  *Fourth*, in addition to allowing Objectors to submit written objections, complete with affidavits and other supporting documentation, this Court has indicated it would permit oral argument at the Fairness Hearing by Objectors.  (*Id.* at 7 ("[A]ny Settlement Class Member . . . seeking to speak at the Fairness Hearing must send to the Court written notice of his or her intention to speak" by November 3, 2014.).)  *Finally*, following a teleconference held on October 7, 2014, the Court ordered that "any Settlement Class Members who file timely and valid objections to the Settlement *may submit supplemental briefing* on such matters requested by the objectors and agreed to by the Court at the Fairness Hearing . . . ."  (Doc. No. 6203 at 1 (emphasis added).)  Objectors, therefore, will have a full opportunity to respond to Class Counsel's and the NFL Parties' submissions and argument at the Fairness Hearing and—again, if agreed to by the Court—through written submissions due no later than December 1, 2014.[4]  (*Id.*)

Taken together, this procedure is more than sufficient for Objectors to meaningfully participate in the Fairness Hearing according to settled law in this Circuit. *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 562-64 (D.N.J. 1997) (finding that the fairness hearing format was fair given that the class notice was mailed approximately 45 days before the objection and opt out deadline, the objectors had no need of additional independent discovery, and objectors were permitted to observe and be heard— through both written and oral submissions—at the fairness hearing), *aff'd sub nom. In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998); *Dewey* v. *Volkswagen Aktiengesellschaft*, 681 F.3d 170, 177 n.8 (3d Cir. 2012) ("District Court

---

[4]   Class Counsel and the NFL Parties may file responses to any supplemental briefing on or before December 11, 2014.  (Doc. No. 6203 at 1.)

has discretion to 'employ the procedures that it perceives will best permit it to evaluate the fairness of the settlement.'" (quoting *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 316 (3d Cir. 2005)).

## II.   THE FAIRNESS HEARING SHOULD INCLUDE ORAL ARGUMENT

The Morey and Duerson Objectors' request for a scheduling conference in advance of the Fairness Hearing is unnecessary, given the clear and orderly procedure already established by the Court to date.[5]

To the extent the Court wishes to set an agenda for argument at the Fairness Hearing, the NFL Parties respectfully propose the following:

- The Fairness Hearing should consist only of oral argument based on the written record; and

- The Court shall determine in advance of the Fairness Hearing the length and allocation of time for argument, with the proponents of settlement able to reserve time for rebuttal.[6]

---

[5] To the extent the Duerson Objectors argue that a scheduling conference is necessary to address "outstanding discovery motions before the fairness hearing," (Doc. No. 6244 at 5; Doc. No 6249 at 3), the Court already has denied such discovery motions.  (*See* Order, Oct. 15, 2014, Doc. No. 6245.)

[6] Courts routinely limit the amount of time for objectors to present oral argument to eliminate repetition and extraneous information that would not aid the Court in its determination of whether the settlement is fair, reasonable and adequate.  *See* Manual for Complex Litigation § 21.634 (4th ed.) (court may impose time limits on objectors' arguments at the fairness hearing and eliminate unnecessary repetition where matter has already been presented to the court); Order Regarding Procedures for November 8 Fairness Hearing at 4, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 2:10-md-02179 (E.D. La. Sept. 11, 2012), Doc. No. 7358 (stating that the court would limit duplicative argument or argument adequately dealt with in written submissions, and allocating three minutes of argument to each objector); Order, *In re CertainTeed Fiber Cement Siding Litig.*, No. 2:11-md-02270 (E.D. Pa. Feb. 12, 2014), Doc. No. 101 (allocating 15 minutes of argument to each objector).

Although the Morey Objectors seek the "names, contact information, and a summary of testimony of any witness [Class Counsel or the NFL Parties] intend to call," (Doc. No. 6252 at 3), there is no need for a live evidentiary hearing where, as here, the credibility and demeanor of witnesses—virtually all of whom are addressing expert medical and scientific matters—is not a material issue.  It is fully consistent with applicable law and the procedure adopted in other complex cases for the Fairness Hearing to be conducted through oral argument only on the basis of the papers and evidence submitted to the Court.  *See Prudential*, 962 F. Supp. at 563-64 (rejecting objector's argument that "the Court's refusal to allow testimony and cross-examination at the Fairness Hearing made the hearing unfair," and stating that "having experts testify would be redundant and wasteful of the Court's time because experts ordinarily testify in accordance with their written reports"); *Union Asset*, 669 F.3d at 642 ("Historically, courts have commonly relied on affidavits, declarations, arguments made by counsel, and other materials in the record without also requiring live testimony." (quoting *UAW* v. *Gen. Motors Corp.*, 235 F.R.D. 383, 387 (E.D. Mich. 2006))); *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am.* v. *Gen. Motors Corp.*, 497 F.3d 615, 636 (6th Cir. 2007) ("[N]o court of appeals, to our knowledge, has demanded that district courts invariably conduct a full evidentiary hearing with live testimony and cross-examination before approving a settlement."); Order Regarding Procedures for November 8 Fairness Hearing at 3, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 2:10-md-02179 (E.D. La. Sept. 11, 2012), Doc. No. 7358 ("The Court does not intend to receive live testimony at the fairness hearing and does not plan to hear from any live witnesses.  Rather, the Court intends to entertain arguments from counsel, and for such argument to rely upon documents in the record, including affidavits and declarations."); District Judge Daybook Entry,

Fairness Hearing, *In re Serzone Prods. Liab. Litig.*, No. 2:02-md-01477 (S.D. W. Va. June 29, 2005), Doc. No. 261 (no witness testimony presented or evidence submitted at fairness hearing); Transcript of Proceedings (Motions Hearing), *Dryer* v. *NFL*, No. 0:09-cv-02182 (D. Minn. Oct. 23, 2013), Doc. No. 426 (same); *Rutter & Wilbanks Corp.* v. *Shell Oil Co.*, 314 F.3d 1180, 1187 (10th Cir. 2002) ("Although the right to be heard is an integral part of due process, an individual entitled to such process is not entitled to dictate to the court the precise manner in which he is to be heard." (quoting *Jones* v. *Nuclear Pharmacy, Inc.*, 741 F.2d 322, 325 (10th Cir. 1984))); *Petrovic* v. *Amoco Oil Co.*, 200 F.3d 1140, 1149 (8th Cir. 1999) (rejecting argument that district court should have required an evidentiary hearing prior to ruling on settlement when proponents "submitted voluminous supporting memoranda with citations to affidavits and deposition testimony").

## III. THE MOREY OBJECTORS' RENEWED REQUEST FOR DISCOVERY INTO SETTLEMENT NEGOTIATIONS SHOULD BE DENIED

This Court already has considered and rejected the Morey Objectors' requests for discovery concerning settlement negotiations, including the evidence on which the parties relied when negotiating the Settlement Agreement. (*See* Order at 1, Oct. 15, 2014, Doc. No. 6245.) As this Court held, and as demonstrated by the NFL Parties in their opposition brief, discovery into the settlement negotiations is improper absent evidence of collusion between class counsel and the defendants, of which there is none here. (*See* Doc. No. 6185 at 16-19 (citing *Lobatz* v. *U.S. W. Cellular of Cal., Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000) ("[s]ettlement negotiations involve sensitive matters" and "'discovery of settlement negotiations is proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive'" (quoting *Mars Steel Corp.* v. *Cont'l Ill. Nat'l Bank & Trust Co. of*

*Chi.*, 834 F.2d 677, 684 (7th Cir. 1987) (Posner, J.))); *Thornton* v. *Syracuse Sav. Bank*, 961 F.2d 1042, 1046 (2d Cir. 1992) (quoting the same)).)  The Morey Objectors present no new facts or error of law such that the Court should reconsider or reverse its earlier order.  Accordingly, the Morey Objectors' discovery request should be denied.

*     *     *

In sum, Class Counsel and the NFL Parties will make an ample record in support of final approval of the Settlement Agreement—both through submissions in advance of the Fairness Hearing and at the Hearing itself—and in response to objections.  In addition, Objectors have had the opportunity to present their arguments through written objections, and will have the opportunity to present oral argument at the Fairness Hearing, in addition to supplemental briefing after the Hearing, should the Court permit it.  The orderly schedule set forth by the Court in its July 7, 2014 Order will serve the interests of all interested parties.

### CONCLUSION

For the reasons set forth above, the Court should deny the Objectors' motions and adopt the format for the Fairness Hearing proposed herein.

Dated:  October 31, 2014               Respectfully submitted,

                                       /s/ Brad S. Karp
                                       Brad S. Karp
                                       Theodore V. Wells Jr.
                                       Bruce Birenboim
                                       Lynn B. Bayard
                                       PAUL, WEISS, RIFKIND, WHARTON &
                                           GARRISON LLP
                                       1285 Avenue of the Americas
                                       New York, NY  10019-6064
                                       Main: 212.373.3000
                                       Fax: 212.757.3990
                                       bkarp@paulweiss.com
                                       twells@paulweiss.com

bbirenboim@paulweiss.com
lbayard@paulweiss.com

Beth A. Wilkinson
PAUL, WEISS, RIFKIND, WHARTON &
    GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Main: 202.223.7300
Fax: 202.223.7420
bwilkinson@paulweiss.com

and

Robert C. Heim (Pa. Atty. ID 15758)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Main: 215.994.4000
Fax: 215.994.2222
Robert.heim@dechert.com

**Attorneys for National Football League and
NFL Properties LLC**

### ***Certificate of Service***

On October 31, 2014, I electronically filed a copy of the foregoing document through the CM/ECF system for the United States District Court for the Eastern District of Pennsylvania, which will send a notice of electronic filing to all counsel of record and make it available for viewing and downloading from the CM/ECF system.

/s/ Brad S. Karp
Brad S. Karp