# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB) |
| | MDL No. 2323 |
| **THIS DOCUMENT RELATES TO:** **ALL ACTIONS** | |

### CO-LEAD CLASS COUNSEL'S RESPONSE TO MOTION OF ESTATE OF DAVID DUERSON, ESTATE OF FORREST BLUE, THOMAS DELEONE, GERALD SULLIVAN, BARRY DARROW, RAY AUSTIN, BRUCE HERRON, JOHN CORNELL, TORI NOEL and MIKE ADAMLE FOR SCHEDULING CONFERENCE [ECF No. 6249]
### and
### MOTIONS OF SEAN MOREY, ALAN FANECA, BEN HAMILTON, ROBERT ROYAL, RODERICK CARTWRIGHT, JEFF ROHRER, AND SEAN CONSIDINE (1) FOR SCHEDULING CONFERENCE [ECF No. 6244] AND (2) TO ORDER CLASS COUNSEL AND THE NFL TO PRODUCE EVIDENCE [ECF No. 6252]

Attorney Thomas Demetrio of Corboy & Demetrio, PC has filed a motion on behalf of the Estate of David Duerson, Deceased, the Estate of Forrest Blue, Deceased, Thomas DeLeone, Gerald Sullivan, Barry Darrow, Ray Austin, Bruce Herron, John Cornell, Tori Noel, and Mike Adamle (collectively "Duerson") for a scheduling conference to set a schedule for the Fairness Hearing [ECF No. 6249]. Attorneys Steven F. Molo of MoloLamken, LLP, William T. Hangley of Hangley, Aronchick, Segal, Pudlin & Schiller, and Professor Linda S. Mullinex, have filed two new motions on behalf of Retired NFL Football Players Sean Morey, Alan Faneca, Ben Hamilton, Robert Royal, Roderick Cartwright, Jeff Rohrer, and Sean Considine (collectively, the "Morey Plaintiffs"). The first seeks a status conference before the Fairness Hearing scheduled for November 19, 2014 [ECF No. 6244], and the second asks the Court to order Class Counsel and the NFL Parties "to produce the evidence upon which they intend to rely at this Court's

November 19, 2014 [F]airness [H]earing and the evidence upon which they relied when they agreed to the Settlement." [ECF No. 6252].

The Court already denied the Morey Plaintiffs' request for "discovery into the process through which the settlement … was negotiated…." [ECF No. 6169-1 at 2]. *See* Order dated October 15, 2014 denying Morey Plaintiffs' Motion for limited discovery [ECF No. 6245]. And, yet, just days after the Court rejected their attempt to delve into the parties' settlement deliberations, the Morey Plaintiffs again are attempting to seek the same relief by way of a new motion with a different title. The only change, however, since the filing of their earlier motion for discovery is that on October 14, 2014, four of the Morey Plaintiffs submitted requests for exclusion from the Settlement. Specifically, Messrs. Sean Morey, Robert S. Royal, Jr., Roderick R. Cartwright, and Benjamin Hamilton have opted out of the Settlement, which means they have no standing even to participate in the Fairness Hearing or to object to the Settlement.[1] For this reason alone, their motions should be denied.

In any event, these Morey Plaintiffs have not alleged any grounds, let alone sufficient grounds, for the Court to reconsider its recent ruling on their discovery requests. As shown by Co-Lead Class Counsel in response to the Morey Plaintiffs' motion for discovery, *see* ECF No. 6183, it is axiomatic that discovery concerning settlement negotiations cannot even be entertained unless there has been an *independent* showing of collusion between the settling parties that leads the Court to conclude that additional information regarding the settlement negotiations is relevant to the Court's evaluation of the settlement's fairness. MANUAL FOR COMPLEX LITIGATION (FOURTH) ("MCL") § 21.643 (2004) ("A court should not allow discovery

---

[1]  *See*, *e.g.*, *Mayfield v. Barr*, 985 F.2d 1090 (D.C. Cir. 1993); *Olden v. LaFarge Corp.*, 472 F. Supp. 2d 922, 931 (E.D. Mich. 2007); *Brown v. Esmor Correctional Services, Inc.*, No. Civ. 98-1282, 2005 WL 2474835, at *3 (D.N.J. Oct. 5, 2005); *In re Vitamins Antitrust Litig.*, No. 99-197, 2000 WL 1737867, at *5 (D.D.C. Mar. 31, 2000).

into the settlement-negotiation process unless the objector makes a preliminary showing of collusion or other improper behavior."). *See Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co. of Chicago*, 834 F.2d 677, 684 (7th Cir. 1987); *Lobatz v. U.S. West Cellular of California, Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000); *Hemphill v. San Diego Ass'n of Realtors*, 225 F.R.D. 616, 620 (S.D. Cal. 2005); *In re Domestic Air Transp. Antitrust Litig.*, 144 F.R.D. 421, 424 (N.D. Ga. 1992); *In re Lupron® Marketing and Sales Practices Litig.*, No. MDL 1430, 2005 WL 613492, at *3-4 (D. Mass. Mar. 16, 2005); *Smith v. Sprint Commun. Co., L.P.*, No. 99-C-3844, 2003 WL 715748, at *2 (N.D. Ill. Feb. 27, 2003).  The Morey Plaintiffs have not alleged collusion of any sort here, nor could they.  As attested by Ret. Judge Layn Phillips:  "[t]he parties negotiated this settlement under my supervision.  The talks were vigorous, at arm's length, and in good faith."  [ECF No. 6073-4, ¶ 2].  Therefore, the motion for production of all evidence relied upon by the parties should be denied.[2]

As for the requests of the Duerson and Morey Plaintiffs for a scheduling/status conference before the Fairness Hearing, Co-Lead Class Counsel submit that these requests should be denied.  Co-Lead Counsel trust that the Court will notify the parties and the Objectors as to how the Court intends to run the Fairness Hearing at a time when the Court sees fit to do so.  Further, Co-Lead Class Counsel agree with the NFL parties' proposal for the Fairness Hearing, specifically that (1) the Fairness Hearing should feature only oral argument based on the written record; (2) the Court will determine, prior to the Fairness Hearing, the length and allocation of time for argument, with the proponents able to reserve time for rebuttal.[3]  This format will eliminate duplicative argument, and comports with applicable law regarding fairness hearing

---

[2]  It is worth noting that Special Master Golkin already released, as per the Court's Order, the actuarial reports of Co-Lead Class Counsel's and the NFL Parties' respective experts [ECF Nos. 6167, 6168].

[3]  *See* ECF No. 6332.

procedures.  *See, e.g., Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 642 (5th Cir. 2012) (Fairness hearing format of "affidavits, declarations, arguments made by counsel, and other materials in the record without also requiring live testimony" is common); *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 636 (6th Cir. 2007) (District court not required to "invariably conduct a full evidentiary hearing with live testimony and cross-examination before approving a settlement."); *Bell Atlantic Corp. v. Bolger,* 2 F.3d 1304, 1315 (3d Cir. 1993) ("The temptation to convert a settlement hearing into a full trial on the merits must be resisted."); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 562-64 (D.N.J. 1997) (describing suitable fairness hearing format).

## CONCLUSION

For the foregoing reasons, the Court should deny the Objectors' motions.  Furthermore, Co-Lead Class Counsel request that the Court utilize the procedures for the Fairness Hearing discussed in this response.

Dated:  October 31, 2014

Respectfully submitted,

/s/ Christopher A. Seeger
Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone:  (212) 584-0700
Fax:  (212) 584-0799
cseeger@seegerweiss.com

**Co-Lead Class Counsel**

Sol Weiss
ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, PA 19103
Phone:  (215) 735-1130
Fax:  (215) 735-2024

**Co-Lead Class Counsel**

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing was served electronically via the Court's electronic filing system on the 31st day of October, 2014, upon all counsel of record.

Dated:   October 31, 2014

/s/ Christopher A. Seeger
Christopher A. Seeger