UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: NATIONAL FOOTBALL

LEAGUE PLAYERS' CONCUSSION      No. 2:12-md-02323-AB

INJURY LITIGATION      MDL No. 2323

_____

Kevin Turner and Shawn Wooden,      Civil Action No. 2:14-cv-00029-A

on behalf of themselves and

others similarly situated,

        Plaintiffs,

  v.

National Football League and

NFL Properties, LLC,

successor-in-interest to

NFL Properties, Inc.,

        Defendants.

_____

**REPLY OF PUBLIC CITIZEN, INC.
TO OBJECTION OF CLASS COUNSEL TO MOTION
FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE
AT THE NOVEMBER 19, 2014 HEARING**

      Class counsel does not object to the filing of Public Citizen's amicus memorandum, but does oppose its motion to participate in the November 19, 2014 hearing. We respond briefly to indicate some of the ways in which Public Citizen can assist the Court by participating at the hearing.

      One issue discussed by amicus – the impact of the Medicare Secondary Payer Act and other similar laws on the amounts that class members will receive and when they will receive

them – that has not been discussed in any objection filed by any class member, in part because it is a complex problem that is buried in the settlement agreement and barely mentioned in the notice. Class counsel will probably respond to the objections raised by Public Citizen on this issue, but unless Public Citizen is permitted to respond at the hearing, there will be no counter to what class counsel asserts. Moreover, unlike most of the objections to this settlement, this objection affects virtually every class member who will receive benefits, even if the class were to be certified as proposed and none of the benefits were changed. In short, this issue is too important to be excluded from being discussed at the hearing.

Three other issues of lesser complexity, but also applicable to large segments of the class, were raised by Public Citizen, but barely mentioned, if at all, by objectors. They are (1) the misleading nature of the notice as applied to the effect of retainer agreements on the amounts that class members will recover; (2) the undue and unnecessary requirement of personal signatures on all objections that is likely to suppress opposition to the settlement; and (3) the lack of any objective basis for the numbers assigned on the settlement grid, including but not limited to, the reductions based on age of diagnosis and years played in the NFL.

For the foregoing reasons and those contained in its motion, Public Citizen's motion for leave to participate in the November 19, 2014 hearing should be granted.

October 31, 2014                                      Respectfully submitted,

                                                      */s/ Alan B. Morrison*

Allison M. Zieve                                      Alan B. Morrison
Scott L. Nelson                                       George Washington University
Public Citizen Litigation Group                        Law School
1600 20th Street NW                                   2000 H Street NW
Washington, DC 20009                                  Washington, DC 20052
(202) 588-1000                                        (202) 994-7120

Counsel for Public Citizen, Inc.