UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>        Plaintiffs,<br><br>        v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>        Defendants. | Civil Action No. 2:14-cv-00029-AB |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**NOTICE OF STEVEN F. MOLO, ALAN J. FANECA, SEAN J. MOREY,
DR. ROBERT A. STERN, DR. SAMUEL E. GANDY, AND REBECCA CARPENTER
OF THEIR INTENT TO APPEAR AT NOVEMBER 19, 2014 FAIRNESS HEARING**

Steven F. Molo, Alan J. Faneca, Sean J. Morey, Dr. Robert A. Stern, Dr. Samuel E. Gandy, and Rebecca Carpenter submit this notice of their intent to appear, present argument, and testify at the Fairness Hearing currently scheduled for November 19, 2014.

On October 6, 2014, Sean Morey, Alan Faneca, Ben Hamilton, Robert Royal, Roderick "Rock" Cartwright, Jeff Rohrer, and Sean Considine (collectively, "Objectors") submitted their formal objection to the proposed Settlement. Dkt. No. 6201. In support of their Objection, they have requested that the counsel, medical experts, and witnesses identified herein (collectively, "Speakers") participate in support of their Objection at the Fairness Hearing. The testimony and

evidence that the Speakers request to present at the Fairness Hearing will show that the proposed Settlement should not be approved. The Speakers intend to testify on the following topics:

I.     **Arguments Opposing the Proposed Settlement**

**<u>Steven F. Molo</u>**

Steven Molo is an attorney for the Objectors. At the fairness hearing, Mr. Molo intends to present arguments consistent with the filed Objection, Dkt. No. 6201, including, *inter alia*:

- ***The failure to compensate core class injuries.*** The Settlement releases all current and future claims of CTE – a disease Co-Lead Class Counsel has rightfully described as "the most serious and harmful disease that results from NFL and concussions."[1] – without meaningful consideration.

- ***The failure to provide adequate representation to absent class members.*** The Settlement fails to compensate players who are living with CTE or who die with it after July 7, 2014 – notwithstanding that the family of a player who died with CTE before July 7, 2014 can receive $4 million. Neither class representative alleges that he has CTE or is at increased risk of developing CTE. The Settlement also reduces a claimant's award by 75% for a single instance of non-football-related traumatic brain injury ("TBI") or stroke. Neither Mr. Turner nor Mr. Wooden claims an increased risk of non-football-related TBI or stroke. Moreover, the Settlement fails to award class members "Eligible Seasons" credit for time spent playing in NFL Europe or its predecessors. Neither Mr. Turner nor Mr. Wooden alleges that he played in NFL

---

[1] Co-Lead Class Counsel previously explained on its website the prevalence of CTE among current and future NFL players:

> Frequent brain trauma or multiple football concussions . . . has shown to cause serious mental health problems. ***Thousands of football players, many of whom are thought to have suffered more than one hundred mild traumatic brain injuries, are dealing with horrible and debilitating symptoms***.

> Multiple medical studies have found direct correlation between football concussions and suffering from symptoms of chronic traumatic encephalopathy, also known as CTE. ***CTE is believed to be the most serious and harmful disease that results from NFL and concussions.*** CTE is a progressive degenerative disease that causes damage to the brain tissue and the accumulation of Tau Proteins.

*Up-To-Date Information on NFL Football Concussions*, Seeger Weiss LLP, (Sept. 9, 2014), http://www.seegerweiss.com/football-concussions/#ixzz3CByVHxui (emphasis added) (Dkt. No. 6201 2 n.1 & Ex. 1). Seeger Weiss removed that language from its website after oral argument in the Third Circuit on September 10, 2014, after the inadequate representation and failure to compensate CTE, as well as this language on their website, was raised.

Europe. These examples demonstrate that the Settlement includes conflicts between class members who will receive compensation and those who will not.

- ***The failure to provide notice consistent with the requirements of Rule 23 and due process.*** The notice contains overtly false and misleading statements. *See* Dkt. No. 6201, at 37-48. Further, Class Counsel has engaged in a propaganda campaign that has resulted in confusion as to what the Settlement covers and what it does not. *See id.* at 48-52.

- ***The failure to satisfy Rule 23's requirement that the Settlement be fair, adequate, and reasonable.*** The Settlement does not meet the requirements of Rule 23(e) because: (1) Class Counsel has failed to conduct any discovery in this case; (2) the NFL can withstand a far greater judgment than the Settlement; (3) class members' negative reaction to the Settlement; (4) Class Counsel understates the Plaintiffs' ability to establish liability; (5) the Settlement's discount relative to the class's best possible recovery is unreasonable and unjustified; (6) the procedural hurdles put into place in the Settlement will result in a lower value to the class than purported; and (7) conflicts are created by the exclusion of certain categories of players from compensation. *See Girsh v. Jepson,* 521 F.2d 153, 157 (3d Cir. 1975).

## II.     Testimony Opposing the Proposed Settlement

Objectors have requested that the following witnesses provide testimony on their behalf. The substance of that testimony is set forth below:

### Dr. Robert A. Stern

Dr. Stern is a Professor of Neurology, Neurosurgery, and Anatomy & Neurobiology at Boston University School of Medicine, where he is also the Director of Clinical Research at the BU CTE Center, and the Clinical Core Director of the BU Alzheimer's Disease Center. At the fairness hearing, Dr. Stern intends to testify on topics consistent with his declaration filed in support of the Objection, Dkt. No. 6201-16, including, *inter alia*:

- ***The impact of CTE.*** The primary clinical features of CTE include impaired cognition, mood, and behavior. Class members who suffer from many of the most disturbing and disabling symptoms of CTE, however, would not be compensated under the Settlement.

- ***Diagnosing CTE.*** Within the next five to ten years, there will likely be accurate, clinically accepted methods to diagnose CTE during life. These tests will likely include the ability to distinguish CTE from other brain diseases and conditions, including Alzheimer's disease.

- *The proposed test battery.* The proposed test battery in the baseline assessment program is inappropriate for identifying neurocognitive impairment in individuals with documented cognitive defects who should otherwise qualify for compensation.

- *The criteria to define dementia.* The metrics adopted in the Settlement to define dementia include a category of "Level 1.5" dementia that is too stringent and ultimately will result in a failure to identify significantly impaired individuals who should qualify under the Settlement.

**Dr. Samuel E. Gandy**

Dr. Gandy is a Professor of Alzheimer's Disease Research, Professor of Neurology and Psychiatry, and Associate Director of the Alzheimer's Disease Research Center at Mount Sinai hospital. He is also Chairman Emeritus of the National Medical and Scientific Advisory Council of the Alzheimer's Association. At the fairness hearing, Dr. Gandy intends to testify on topics consistent with his declaration filed in support of the Objection, Dkt. No. 6232, including, *inter alia*:

- *The clinical and pathological features of CTE.* CTE is a neurodegenerative disease that is different from the neurodegenerative diseases of Alzhemier's Disease, ALS, and Parkinson's Disease. CTE includes serious and devastating mood and behavior disorders that present earlier in an affected person's life than do the disorders associated with the other neurocognitive diseases.

- *Dementia.* Dementia is a descriptor of a person's neurocognitive decline; each of Alzheimer's, CTE, ALS, and Parkinson's are neurodegenerative diseases that can lead to dementia; many individuals with CTE do not have dementia at the time of their death, but they will have lived with decades of disability due to the devastating mood and behavioral symptoms of CTE.

- *Diagnosing CTE.* Ongoing medical research is moving toward giving physicians the ability to detect and diagnose CTE in living people, including through the use of tracers that bind to tau proteins and are detectable using standard imaging technology; as research continues such tracers will become more sensitive, more accurate, and more reliable in diagnosing CTE during life.

- *The Settlement's Testing Protocol.* The test protocol identified in the Settlement focuses only on cognition, and omits several of the recommended diagnostic protocols for individuals who may have CTE.

**Alan J. Faneca**

Alan Faneca is a former NFL player, and one of the Objectors.  He played in the NFL for 13 seasons with the Pittsburgh Steelers, New York Jets, and Arizona Cardinals.  At the fairness hearing, Mr. Faneca intends to testify about, *inter alia*:

- *Personal experiences in the NFL.*  Mr. Faneca will address his personal experiences with concussions in the NFL, including the immediate and long-term effect of those concussions.  He will also address the behavior and symptoms he witnessed in other players who suffered repeated head trauma from playing in the NFL as well as the effects of families and other people who are close to those players.

- *Medical treatment in the NFL.*  Mr. Faneca will discuss the types of medical treatment the NFL provided for players during his NFL career, as well as the sideline pressure for players to return to the field despite sustaining serious head injuries, including the NFL's practice of administering Toradol to best maximize players' playing time.

- *Failure to warn.*  Mr. Faneca will testify about the NFL's failure to warn players of the dangers of repeated concussions and head trauma.

- *Post-NFL career.*  Mr. Faneca will address the effect concussions have had on his daily life since retirement, including short- and long-term memory loss, difficulty sleeping, and other symptoms.

**Sean J. Morey**

Sean Morey is a former NFL player, and one of the Objectors.  He played in the NFL for nine seasons with the New England Patriots, the Philadelphia Eagles, the Pittsburgh Steelers, the Arizona Cardinals, and the Seattle Seahawks.  He also played three seasons in NFL Europe.  Mr. Morey served as a Collective Bargaining Representative in the NFL and on the Mackey-White Traumatic Brain Injury Committee, giving him critical insight into the inner-workings of the NFL's views on player safety and health.  At the fairness hearing, Mr. Morey intends to testify about, *inter alia*:

- *Personal experiences in the NFL and NFL Europe.*  Mr. Morey will discuss his personal experiences with concussions in the NFL, including the short- and long-term symptoms he sustained on account of those concussions.  He will also address the behavior and symptoms he witnessed in other players who suffered repeated head

trauma from playing in the NFL as well as the effects of families and other people who are close to those players. He will further testify to how his experiences in the NFL compared to his experiences in NFL Europe.

- **NFL culture.** Mr. Morey will address the NFL's environment and culture, including its practice of administering Toradol to players and the inherent pressure to return to the field despite medical injuries.

- **Failure to warn.** Mr. Morey will testify about the NFL's failure to warn players of the dangers of repeated concussions or of head trauma generally.[2]

**Rebecca Carpenter**

Rebecca Carpenter is the daughter of former NFL player Lewis Carpenter, who played in the NFL from 1953 to 1963 and coached in the NFL for 30 years after that. Lewis Carpenter died on November 14, 2010, and his autopsy revealed that he had been suffering from Stage 4 CTE. Ms. Carpenter is currently working on a documentary about the men with whom her father played football. At the fairness hearing, Ms. Carpenter intends to testify about, *inter alia*:

- **Her father's CTE.** Ms. Carpenter will address the behavioral and mood symptoms that manifested as a result of her father's CTE and that she observed firsthand, including how these effects of CTE impacted her, her sisters, and her mother.

---

[2] Class Counsel have stated that Mr. Morey has "no standing" to participate in the fairness hearing because he has "opted out." Dkt. No. 6333, at 2. That is incorrect. Under the Settlement, opting out is not effective until final approval: "Prior to the Final Approval Date, any Retired NFL Football Player, Representative Claimant, or Derivative Claimant ***may seek to revoke his or her Opt Out from the Settlement Class and thereby receive the benefits of this Class Action Settlement***." Settlement § 14.2(c), Dkt. No. 6073-2, at 66 (emphasis added). Thus, until the Final Approval Date, no opt out decision takes effect. Because no opt out decision is effective until final approval, Mr. Morey has the right to participate in the fairness hearing. The rule that non-settling parties typically may not object to a Settlement (or participate in a fairness hearing) only applies where those parties are "not affected by such a settlement." *Eichenholtz v. Brennan*, 52 F.3d 478, 482 (3d Cir. 1995) (concluding that non-settling defendants had standing to object to a partial settlement because their rights to indemnification and contribution would be limited). Because Mr. Morey retains the legal right to revoke his opt out and participate as a member of the class, however, the Settlement plainly does affect him. *See Newberg on Class Actions* § 13:23 (5th ed.) ("While the black letter rule is that opt-outs have no standing to object because they are not impacted, if the settlement does, for some reason, impact the rights of opt-outs, that effect could provide standing to file an objection.").

6

- *Other players.* Ms. Carpenter will address her observations of many other players who played with and for her father and displayed the same symptoms that her father exhibited before his death and post-mortem diagnosis with CTE.

**III.  Speakers' Contact Information**

Below is the requested contact information for each of the identified speakers.

- **Steven F. Molo**
  MoloLamken LLP
  540 Madison Avenue
  New York, NY 10022
  (212) 607-8170

- **Dr. Robert A. Stern**
  Center for the Study of Traumatic Encephalopathy
  Alzheimer's Disease Center
  Boston University School of Medicine
  72 East Concord Street, B7380
  Boston, MA 02118-2526
  (617) 638-5678

- **Dr. Samuel E. Gandy**
  Annenberg Building Floor 14 Room 73
  1468 Madison Avenue
  New York, NY 10029
  (212) 241-7076

- **Alan J. Faneca**
  8112 Spring Hill Farm Drive
  McLean, VA 22102
  (504) 234-5967

- **Sean J. Morey**
  14 Riverside Drive
  Princeton, NJ 08540
  (781) 718-3058

- **Rebecca Carpenter**
  3611 Colonial Ave.
  Los Angeles, CA 90066
  (310) 702-2359

### IV.     Additional Testimony

In addition to these witnesses, Objectors request that the settling parties produce the following for testimony as adverse witnesses:

**Christopher A. Seeger.**   Objectors wish to examine Mr. Seeger, Co-Lead Class Counsel, on topics including: the process for investigating the claims against the NFL Defendants at issue in this case; the good-faith basis for the allegations in *Turner v. National Football League*, Civ. A. No. 2:14-cv-29-AB, Dkt. No. 1 (E.D. Pa. Jan. 6, 2014); information exchanged with the NFL Defendants during the course of and after settlement negotiations; information related to why the Settlement does not include compensation for current and future cases of CTE even though, as noted above, Co-Lead Class Counsel has described CTE as "the most serious and harmful disease that results from NFL and concussions"; and the justification and basis for Class Counsel's $112.5 million attorneys' fee award.

**Dr. Ira Casson.**   Objectors wish to examine Dr. Casson, former chairman of the NFL's MTBI Committee (which has been renamed the "Head, Neck, and Spine Medical Committee"), on topics including: how he obtained his appointment as head of the NFL's MTBI Committee; his knowledge of any influence the NFL had over the MTBI Committee's research and findings while he served on the Committee; the justification and basis for the MTBI Committee's statements during his tenure on the Committee that there was no scientific evidence to determine whether repeat head impacts in professional football result in long-term brain injury; and when he determined that head trauma suffered while playing in the NFL can have long-term, negative effects on players' brains.

**Dr. Elliott Pellman.**   Objectors wish to examine Dr. Pellman, NFL Medical Director, on topics including: how he obtained his appointment as head of the NFL's MTBI Committee; his knowledge of any influence the NFL had over the MTBI Committee's research and findings

8

while he served on the Committee; the justification and basis for the MTBI Committee's statements during his tenure on the Committee that there was no scientific evidence to determine whether repeat head impacts in professional football result in long term brain injury; why he fired Dr. William Barr from Dr. Barr's position as a neuropsychologist for the New York Jets; and the circumstances surrounding his removal from the MTBI Committee.

| | |
|---|---|
| Dated: November 3, 2014 | /s/ Steven F. Molo |
| William T. Hangley<br>Michele D. Hangley<br>HANGLEY ARONCHICK SEGAL<br>PUDLIN & SCHILLER<br>One Logan Square<br>18th & Cherry Streets<br>27th Floor<br>Philadelphia, PA 19103<br>(215) 496-7001 (telephone)<br>(215) 568-0300 (facsimile)<br>whangley@hangley.com<br>mdh@hangley.com | Steven F. Molo<br>Thomas J. Wiegand<br>Kaitlin R. O'Donnell<br>MOLOLAMKEN LLP<br>540 Madison Ave.<br>New York, NY 10022<br>(212) 607-8160 (telephone)<br>(212) 607-8161 (facsimile)<br>smolo@mololamken.com<br>twiegand@mololamken.com<br>kodonnell@mololamken.com<br><br>Martin V. Totaro<br>Eric R. Nitz<br>MOLOLAMKEN LLP<br>600 New Hampshire Ave., N.W.<br>Washington, DC 20037<br>(202) 556-2000 (telephone)<br>(202) 556-2001 (facsimile)<br>mtotaro@mololamken.com<br>enitz@mololamken.com<br><br>Linda S. Mullenix<br>2305 Barton Creek Blvd., Unit 2<br>Austin, TX 78735<br>(512) 263-9330 (telephone)<br>lmullenix@hotmail.com |

*Attorneys for Objectors*

I wish to appear and present argument at the November 19, 2014 fairness hearing in *In re NFL Players' Concussion Injury Litigation*, No. 12-md-2323, as set forth above.

Date: \_\_November 3\_\_\_\_\_, 2014         \_/s/ Steven F. Molo_____
                                          Steven F. Molo
                                          540 Madison Avenue
                                          New York, NY 10022

                                          Telephone: (212) 607-8170

I wish to appear and provide testimony at the November 19, 2014 fairness hearing in *In re NFL Players' Concussion Injury Litigation*, No. 12-md-2323, as set forth above.

Date: _____October 30_____, 2014

_____
Robert A. Stern, Ph.D.
41 Sargent Street
Needham, MA 02492

Telephone: (781) 956-3096



Sam Gandy, M.D., Ph.D.
Mount Sinai Chair in Alzheimer's Research
Director, Center for Cognitive Health
Director, NFL Neurological Center
Associate Director, Alzheimer's Disease Research Center
Professor of Psychiatry and Neurology

One Gustave L. Levy Place, Box 1137
New York, NY 10029-6574
Tel: (212) 241-7076
Fax: (215) 689-3741

I wish to appear and provide testimony at the November 19, 2014 fairness hearing in *In re NFL Players' Concussion Injury Litigation*, No. 12-md-2323, as set forth above.

Date: __11/1/2014_____          _____*Samuel E. Gandy*_____
                                          Samuel E. Gandy
                                          Annenberg Bldg. Floor 14 Room 73
                                          1468 Madison Avenue
                                          New York, NY 10029

                                          Telephone: (212) 241-7076

SAM GANDY MD PhD

Digitally signed by SAM GANDY MD PhD
DN: cn=SAM GANDY MD PhD, o=MOUNT SINAI MEDICAL CENTER, ou=MOUNT SINAI NEUROLOGY, email=samuel.gandy@mssm.edu, c=US
Date: 2014.11.01 20:49:06 -04'00'

I wish to appear and provide testimony at the November 19, 2014 fairness hearing in *In re NFL Players' Concussion Injury Litigation*, No. 12-md-2323, as set forth above.

Date: October 30, 2014

Alan Faneca
8112 Spring Hill Farm Drive
McLean, VA  22102

Telephone: (504) 234-5967

I wish to appear and provide testimony at the November 19, 2014 fairness hearing in *In re NFL Players' Concussion Injury Litigation*, No. 12-md-2323, as set forth above.

Date: October 31st, 2014

_____
Sean J. Morey
14 Riverside Drive
Princeton, New Jersey 08540

Telephone: (781) 718-3058

I wish to appear and provide testimony at the November 19, 2014 fairness hearing in *In re NFL Players' Concussion Injury Litigation*, No. 12-md-2323, as set forth above.

Date: __Oct. 30__, 2014

_____
Rebecca Carpenter
Address: 3611 COLONIAL AVE
LOS ANGELES, CA 90066
Telephone: (310) 702-2359

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2014, I caused the foregoing Notice of Intent to Appear at November 19, 2014 Fairness Hearing with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel and parties.

/s/ Steven F. Molo