UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br><br>**THIS DOCUMENT RELATES TO:**<br><br>**Plaintiffs' Master Administrative Long Form Complaint and:**<br><br>**BEN UTECHT, Only**<br>**v. National Football League**, *et al.*,<br>**No. 12-cv-4180-AB (E.D.P.A.)** | **OPPOSITION TO MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF BEN UTECHT** |

COMES NOW, Ben Utecht, by and through counsel, hereby opposes the *Motion for Leave to Withdraw as Counsel for Plaintiff Ben Utecht* filed by Sol H. Weiss and Larry E. Coben of Anapol Schwartz (collectively "Anapol Schwartz") on October 30, 2014.

**I.   OPPOSITION TO ANAPOL SCHWARTZ'S MOTION TO WITHDRAW AS COUNSEL FOR MR. UTECHT**

   A.   <u>The Law Requires the Court to Deny Anapol Schwartz's Motion to Withdraw.</u>

      1.   *The Pennsylvania Rules of Professional Conduct do not permit Anapol Schwartz to withdraw.* In their motion, Anapol Schwartz cites Rule 1.16(b)(1) of the Pennsylvania Rules of Professional Conduct, which states:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if: (1) withdrawal can be accomplished <u>without material adverse effect</u> on the interests of the client; . . . (Emphasis added).

Here, withdrawal by Anapol Schwarz will have a material adverse effect on Mr. Utecht.

Although Mr. Utecht's personal business lawyer, Scott Hillstrom, has filed an appearance for the limited purpose of filing Mr. Utecht's objections, he is not qualified to and has declined to represent Mr. Utecht in place of Mr. Weiss and Anapol Schwartz.  (*See* ¶ I.B.2., *infra.*) **Granting Anapol Schwartz's motion to withdraw will leave Mr. Utecht unrepresented**. Furthermore, Mr. Utecht will not accept any other lawyer or firm to be imposed upon him.  He has a retainer agreement[1] with Mr. Weiss and Anapol Schwartz and he insists that it be properly honored.

2. *Mr. Utecht's retainer agreement with Anapol Schwartz, itself, does not permit them to withdraw for the reasons stated in their motion.*  The retainer agreement states:

> It is further understood and agreed that upon notification to me/us (certified, registered or regular U.S. mail) said attorneys may withdraw as counsel in the event of me/our [*sic*] failure to cooperate *if* they conclude in their sole judgment that the claim cannot be successfully prosecuted by them.  (Exhibit A at p.1) (emphasis added).

Mr. Utecht has followed Mr. Weiss' advice and decided not to opt out of the Settlement Agreement but he has objections to the Settlement Agreement with which Mr. Weiss does not agree.  So his personal lawyer, Mr. Hillstrom, has appeared and filed objections on Mr. Utecht's behalf.  Mr. Utecht should not be required to forfeit his right to object as a condition of Mr. Weiss' fulfillment of obligations to Mr. Utecht under his retainer agreement.  That agreement provides that Mr. Weiss and Anapol Schwartz can withdraw only if Mr. Utecht fails to cooperate and for that reason his claim cannot be successfully prosecuted.  So far only issues of the class as a whole are before the Court.  There is no reason that Mr. Utecht's personal case cannot be successfully prosecuted by Anapol Schwartz when Mr. Utecht seeks a Monetary Award under the Settlement Agreement.

---

[1] The retainer agreement is titled: "*Contingent Fee Agreement/Power of Attorney*."

2

B. <u>Mr. Utecht Opposes Anapol Schwartz's Motion to Withdraw From Representing Him and Urges the Court to Deny Their Motion for the Following Reasons</u>.

1. *Mr. Weiss should not be allowed to fire Mr. Utecht as his client just because he has exercised his right to object to provisions of the Settlement Agreement.*

a. Presently, Mr. Utecht is exercising his right to pose objections to the Settlement Agreement: Most notably that the Statutory Trust in Sec. 25 <u>does not</u>, in fact, guarantee funds sufficient to pay Monetary Awards from year 11 through year 65 as purported: For example (i) the NFL has the unilateral right to determine how much to deposit into the trust regardless of the opinions of Plaintiffs, financial experts, claims experts, or anyone else, for that matter; (ii) the NFL has the right to withdraw money from the trust anytime it believes there is more money than needed to pay future Monetary Awards; and (iii) there is no requirement for the NFL to put more money into the trust if it runs out of money. (*See* Exhibit B at p. 10, ¶ II.C.3.).

b. Mr. Utecht is highly sensitive to the risk that the reserves promised to pay awards of younger Plaintiffs like himself might not, in fact, be available and he hopes that this problem will be rectified before the Settlement Agreement is finally approved. But whether or not it is, <u>he absolutely insists that the Anapol Schwartz represent him when the time comes for him to seek an award</u>. If the reserve funds promised in Sec. 25 are not really going to be available, Mr. Utecht will need the very best legal representation possible because <u>he'll have to sue the NFL directly under the Settlement Agreement for breach of contract</u>. The NFL's resistance to plaintiffs is legendary. He is depending on the equally legendary services of Anapol Schwartz to collect for him.

c. Mr. Utecht invested significant efforts early in the class action case

3

considering what law firm to hire to represent him as a member of the Class and also to represent him, individually, in the event he seeks a Monetary Award. He chose Sol Weiss and Anapol Schwartz based on the recommendation of a leading law firm in Minneapolis where Mr. Utecht resides because Mr. Weiss was described as a national leader in the litigation with exceedingly strong experience in personal injury law, class action law, and in this particular class action lawsuit. Since then, Mr. Utecht has relied upon Mr. Weiss' advice. He even decided not to opt out in spite of his objections based on the advice of Mr. Weiss. He has a contract with Mr. Weiss and his firm, Anapol Schwartz, to represent him. He should not be denied the benefit of that contract.

    d. Mr. Utecht hopes that his objections will facilitate improvements in the Settlement Agreement—particularly to guarantee that funds sufficient to pay claims really will be sufficient as promised. But win or lose, Mr. Utecht has not opted out in reliance upon Mr. Weiss' advice and also upon his contract for representation by Mr. Weiss and Anapol Schwartz. And Mr. Utecht strongly insists that he have his representation going forward.

    2. *Scott Hillstrom is not qualified to represent Mr. Utecht in this litigation.* Mr. Hillstrom is Mr. Utecht's personal business lawyer; he has neither personal injury nor class action litigation experience. Mr. Hillstrom has stated that while he arranged Mr. Utecht's referral to Mr. Weiss, he is not qualified to represent Mr. Utecht in this litigation except to file objections with the Court based upon contract interpretation issues with which Mr. Hillstrom is experienced. He has filed an appearance only for the limited purpose of posing objections and only because Mr. Weiss does not agree with the objections and, therefore, could not file them himself.

  Mr. Weiss errs in claiming that Mr. Hillstrom represented Mr. Utecht in his grievance

arbitration with the NFL.  Mr. Hillstrom served as his personal attorney but litigation counsel for the NFPLA actually represented Mr. Utecht in the arbitration.  While Mr. Hillstrom is able to support Mr. Utecht's litigation counsel he declines to represent him in the pending litigation because he lacks the necessary experience.  <u>Therefore, if Anapol Schwartz is allowed to withdraw, Mr. Utecht will no longer be represented by legal counsel.</u>

3. *Mr. Utecht's retainer agreement with Anapol Schwartz dated July 17, 2012 provides:* "They [i.e. Anapol Schwartz] have further advised me/us that I/we <u>are free to communicate with them and **ask them questions** from time to time as appropriate</u>." (Exhibit A at p. 1) (emphasis added).  Messrs. Utecht and Hillstrom asked Mr. Weiss numerous questions about the Settlement Agreement even speaking with him for nearly an hour on October 2, 2014.  These questions concerned numerous issues about the language of the Settlement Agreement including clauses referenced in Mr. Utecht's objections filed with the Court on October 14, 2014. (Exhibit B).

4. *Summary of Mr. Utecht's main objections filed with the Court on October 14, 2014.*  While it appears that the Settlement Agreement holds out the possibility that new Qualified Diagnoses might be added in the future, closer inspection suggests little or no possibility that this could ever happen.  (Exhibit B at p.7, ¶ II.C.1.).  While it appears that payments during the first ten years are "secured", closer inspection shows that they definitely are not.  (Exhibit B at p.8, ¶ II.C.2.).  While it appears that Plaintiffs' releases might be voided so that they can once again sue the NFL if the NFL breaches the Settlement Agreement, closer examination shows that this can't happen.  **<u>Most serious of all by far is this</u>**:  While the Settlement Agreement purports to guarantee that sufficient funds will be available for years 11 – 65, closer examination shows that this purported guarantee is decidedly bogus.  <u>It would not be</u>

unreasonable to view this new Settlement Agreement as less reliable for payment to Plaintiff than the previous one that was rejected. (Exhibit B at p.10, ¶ II.C.3.).

## II.     RELIEF REQUESTED

For all the reasons stated herein and in the record, Mr. Utecht respectfully requests that the Court deny Anapol Schwartz's *Motion for Leave to Withdraw as Counsel for Plaintiff Ben Utecht* filed on October 30, 2014 and order Anapol Schwartz to continue representing Mr. Utecht in this matter pursuant to Mr. Utecht's retainer agreement with Anapol Schwartz (*see* Exhibit A).

DATED: November 3, 2014

RESPECTFULLY SUBMITTED,

/s/ Scott D. Hillstrom
Scott D. Hillstrom, *pro hac* vice
**GUARDIAN LAW GROUP, LLC**
527 Marquette Ave. S., Suite 1660
Minneapolis, Minnesota 55402
Phone: (612) 332-8063
Email: scot.hillstrom@me.com

*Attorney for Ben Utecht*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Guardian Law Group, LLC and on October 31, 2014 I caused a true and correct copy of the foregoing *Opposition to Motion for Leave to Withdraw as Counsel for Plaintiff Ben Utecht* to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

Dated: November 3, 2014

/s/ Andrew R. Lewis
Andrew R. Lewis