James Brian Duncan
739 Elm Street
Graham, TX. 76450
(817)-578-6628
DOB: 03-31-1952

OCT -6 2014

October 3, 2014
VIA U.S. MAIL

Honorable Anita B. Brody United States District Judge
Eastern District of Pennsylvania
7613 United States Courthouse
601 Market Street
Philadelphia, PA. 19106-1797

Re: National Football League Players' Concussion Injury Litigation
    No. 2:12-md-02323

Dear Judge Brody,

I am a former NFL player and I am writing you to respectfully draw your attention to what I perceive are two major flaws in the proposed class settlement: (1) arbitrary pro-rata accounting method based on five-year career; and (2) limited compensation after the age of 80. These two items will significantly impact a large number of former NFL players with meritorious concussion claims. Therefore, I pray that the honorable Court will consider my concerns, review these aspects of the proposed class settlement, and make appropriate changes so that all former NFL players with valid concussion claims are treated equitably under the settlement.

### I. The proposed pro-rata accounting method based on a five-year NFL career is arbitrary and would unfairly impact hundreds of players who have potentially suffered serious brain injuries during their NFL careers, but were unable to play a full five seasons.

Hundreds of athletes have had careers in the National Football League that lasted less than five years. Many of these players are well known, such as Bo Jackson, RB, Oakland Raiders, 1987-1990, (ESPN's "The Greatest Athlete of All Time") and Ickey Woods, RB, Cincinnati Bengals, 1988-1991, (team leader in rushing touchdowns in 1988), and scores of additional lesser-known players. Many of these players suffered concussions and head injuries during their careers. There is no rational reason why these players should be entitled to less compensation for their brain injuries than players who played five years or more. Additionally, a smaller player, playing a skilled position, such as a kick off

returnee, has a much higher risk of suffering a head injury when hit by a larger player than a larger player whose position does not require him to move as far or with the same amount of speed. Why should a backup quarterback, place kicker, wide receiver, or other player, who was blessed with a lengthy career and may not have sustained repetitive head trauma early in their career, be entitled to more compensation than the NFL players who sustained repetitive head trauma during their shorter career?

The settlement should fairly cover certain medical expenses of <u>all</u> persons who suffered concussion related brain injuries while playing in the National Football League. The pro rata accounting method, based on a five-year career, has no sound justification. I am unaware of any conclusive scientific studies that show that the length of time in the League has a direct causal link to the amount of brain damage a player sustains as opposed to the amount of traumatic head trauma sustained by the player during his career. On the contrary, some studies have shown that brain damage is sustained from the intensity and severity of the incident and could result from a single hit. This provision only penalizes the former players who played less than 5 years.

This is not a case regarding how much service a player had in the league, but rather about brain injury, which could have occurred at any time beginning with the first day of practice. Injuries play a significant role in the longevity of a player's career. Players in skill positions are at a much higher risk of injury and therefore are at risk to have a shorter career. It is unequitable to reduce the amount of compensation a player receives for a brain injury just because the brain injury occurred during his one, two, three, or four year career and for whatever reason he was unable to play a fifth season.

**II. The amount of compensation after the age of 80 unfairly penalizes players who have maintained a healthy lifestyle and, as a result, the brain related issues associated with the traumatic trauma suffered during their NFL careers do not appear until later in life.**

The amount of compensation after the age of 80 is significantly too low. It has been fairly well-substantiated in medical literature that a person's lifestyle choices, such as a healthy diet and regular exercise play a major role in improving and prolonging the onset of some of the brain related issues this settlement is intended to provide compensation for. People are living much longer, staying healthier, and more research is being done to find ways to improve brain health. 80 years of age is not old. In the next 10 to 20 years, being 80-years-old will not be viewed the same as it is today. In addition, I am aware of a recent study, soon to be published, that shows a strong correlation for brain damage based on the severity of the hit and the damage not manifesting until after the age of 65. I am afraid that if this aspect of the settlement is approved, there will be players whose problems from brain injuries suffered during their NFL careers appear later in life, and that these players will find themselves without

adequate help or compensation in their time of need. Accordingly, greater compensation should be available for players over the age of 80 who come down with brain related issues as a result of suffering traumatic brain injuries during their NFL careers.

Thank you for your valuable time and consideration of my concerns.

Sincerely,

*[signature]* 10/3/14

Brian Duncan
Cleveland Browns 1976-77,
Houston Oilers 1978