Lance Zeno
7301 E 3rd Ave #210
Scottsdale, Az 85251

October 10, 2014

Clerk of the District Court/NFL Concussion Settlement
U.S. District Court for the Eastern District of Pennsylvania
United States Courthouse
601 Market Street
Philadelphia, PA 19106-1797



RE: National Football League Players' Concussion Injury Litigation, No. 2:12-md-02323;

Dear Judge Brody,

I am a retired NFL player that is included in the National Football League Players' Concussion Injury Litigation, No. 2:12-md-02323. I am writing you to state my objections to the proposed settlement. My situation is unique and different because I am one of the eight living players that has been diagnosed with CTE. Although the study is in the early stages I believe future research will prove the validity of the study. A recent article regarding retired players found that 76 out of 79 deceased players are found to have degenerative brain disease. As a former offensive lineman in the NFL it is estimated that I have sustained up to 10,000 sub-concussive hits. I am also one of the retired players involved in the original concussion study by Dr. Amen that showed traumatic brain trauma.

Another reason why I am objecting to CTE not being included in the settlement is because of my experience playing in the World Football League (WFL) which was owned and operated by the NFL. In 1996 I was allocated by the St Louis Rams to play in the WFL during the NFL off season. I signed a new contract with the St. Louis Rams who immediately requested I play in the World Football League. During my time in the WFL I was not properly fitted for a helmet due to the limited budget that restricted amount of equipment each team was allocated. For the first several weeks of the season I was forced to play using a helmet that did not properly fit. I sustained multiply concussions during that time. The NFL and the St. Louis Rams were negligent in allowing this risk to continue for multiple weeks. I sustained multiple sub-concussive hits during the time I was recovering from the initial concussion. The NFL and the St. Louis Rams were also negligent in allowing me to be the only offensive center on the team during this time. I took every play in practice and games which is unheard of in professional

football. The team did not sign another offensive center until several weeks into the season. There is significant proof to suggest that I suffered Second-impact syndrome (SIS) which occurs when the brain swells rapidly after a person suffers a second concussion before the symptoms from an earlier one has subsided.

Another objection I have to the settlement is the lack of inclusion of the WFL in terms of years played. We do not get credit for years played in the WFL even though I was under contract and allocated by the St. Louis Rams. I played another previous year in the WFL without begin allocated. The two seasons in the WFL are not considered in the settlement which deducts any settlement I may receive in the future by 60 percent.

My grandfather played for the 1942 World Champion Washington Redskins and was one of the players who made the NFL what it is today. I watched his health deteriorate due to Parkinson's disease. I think about my future and the challenges I will have. I hope there is help for me, all the retired players and their families when we get older. I appreciate all you are doing to help the former players. I know the commitment you have made to do what is in the best interest of the NFL and the retired players.

Respectfully,

Lance Zeno

Lance Zeno
7301 E 3rd Ave #210
Scottsdale, AZ 85251
714-457-6363
DOB: 4-15-67



Clerk of the District Court / NFL
US District Court for the Concussion Settlement
United States E.D. District
601 Market Street Courthouse
Philadelphia, PA
19106

Z. Eno
216 17th St.
Hunt. Beach, CA
92648

U.S. POSTAGE PAID
SANTA ANA, CA 92707
OCT 14, 14
AMOUNT $3.30
00013155-14

7013 3020 0001 8077 3051

CERTIFIED MAIL