**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| **THIS DOCUMENT RELATES TO:**<br><br>ALL ACTIONS | |

**CO-LEAD CLASS COUNSEL'S MEMORANDUM OF LAW IN SUPPORT**
**OF MOTION TO STRIKE THE BARBER OBJECTORS' LATE-FILED NOTICE**
**OF INTENT TO APPEAR AND TO PRECLUDE THEIR COUNSEL**
**FROM APPEARING AT THE FAIRNESS HEARING**

**I.     INTRODUCTION**

Co-Lead Class Counsel submit this memorandum of law in support of their motion to strike the late-filed notice of intent to appear at the November 19, 2014, Fairness Hearing filed by objectors Michael Barber, *et al*. (the "Barber objectors") [ECF No. 6370],[1] and to preclude their counsel from appearing at the Fairness Hearing.   As set forth below, the Barber objectors' notice should be stricken because it was not timely filed and the Barber objectors' counsel should therefore be precluded from presenting argument at the Fairness Hearing.

**II.     FACTUAL BACKGROUND**

On July 7, 2014, this Court entered its Order granting preliminary approval of the Class Action Settlement Agreement as of June 25, 2014.   The Court set an October 14, 2014, deadline for class members to postmark objections to the proposed settlement and scheduled a Fairness

---

[1]   The Notice of Intent to Appear at Fairness Hearing, ECF No. 6370, was filed on behalf of objectors Michael Barber, Myron Bell, Jeff Blake, Larry Bowie, Ben T. Coates, Daunte Culpepper, Edgerton Hartwell II, Johnny McWilliams, Adrian Murrell, Marques Murrell, Derek Ross, Benjamin Rudolph, Anthony Smith, Fernando Smith, and Anthony ("Tony") Smith on November 5, 2014.

1

Hearing for November 19, 2014. *In re: National Football League Players' Concussion Injury Litig.*, 301 F.R.D. 191, 206 (E.D. Pa. July 7, 2014). The Court also set a November 3, 2014, deadline for class members to notify the court of their intention to speak at the Fairness Hearing:

> On or before ***November 3, 2014,*** any Settlement Class Member (or any attorney representing a Settlement Class Member) seeking to speak at the Fairness Hearing must send to the Court written notice of his or her intention to speak at the Fairness Hearing.

*Id*. (emphasis in original). The November 3, 2014, deadline was also included in the Long Form Notice distributed to class members. On November 4, 2014, the Court issued a further order requesting that objectors coordinate their arguments, but noting that anyone "***who has given timely notice of intent to appear*** at the Fairness Hearing and still wishes to speak will have the opportunity to be heard." [ECF No. 6344] (emphasis added).

The Barber objectors, who are represented by Marc Davies and Edward Stone, timely filed their objections on October 14, 2014 [ECF No. 6226], but did not file their Notice of Intent to Appear at Fairness Hearing until November 5, 2014, two days after the deadline [ECF No. 6370]. The Barber objectors provided no explanation for why they did not timely file their notice. It should be noted that a *pro se* Class member managed to meet the deadline.

### III.   ARGUMENT

Courts have discretion to determine whether objectors may appear at a fairness hearing, so long as the objectors have been given a meaningful opportunity to present their objections to the court. *See* William B. Rubenstein, *Newberg on Class Actions* § 13:42 (5th ed. 2011) ("The district court need not give every objector the opportunity to appear personally, as long as they have the opportunity to object in some manner and have their concerns considered by the court."). Where, as here, class members have been afforded an opportunity to file written

objections, the court is not required to also permit the class members to present their objections at a fairness hearing.  *See id.* n.5 ("[Rule 23] never links [the requirement that a court hold a fairness hearing and class members' right to object] by . . . requiring that objectors be given an opportunity to appear at the fairness hearing").

Although the Court has provided objectors with an opportunity to appear at the Fairness Hearing, the Court conditioned an objector's ability to do so on the timely filing of a notice of intent to appear.  In its November 4, 2014, order the Court reiterated that only an objector "who has given timely notice of intent to appear" may be heard at the Fairness Hearing.  [ECF No. 6344]  The Barber objectors failed to timely submit their request and provided no good cause for their late filing.  The Court should therefore strike the Barber objectors' Notice of Intent to Appear at the Fairness Hearing and preclude their counsel from presenting argument at the Fairness Hearing.

Because the Barber objectors filed written objections to the settlement, the Court will be able to consider their arguments without their counsel appearing at the hearing.  In addition, the Barber objectors' arguments are duplicative of arguments made by other objectors and are therefore likely to be addressed at the Fairness Hearing irrespective of whether Barber's counsel is permitted to present argument.  For example, the Barber objectors argue that the Monetary Award Grid should be expanded to include other forms of cognitive impairment that have been associated with repeated head trauma.  [ECF No. 6226 at 3-5.]  Other objectors made this same argument.  *See, e.g.,* Morey Objection [ECF No. 6201] at 43-44; Armstrong Objection [ECF No. 6233] at 10-14; Duerson Objection [ECF No. 6241] at 21-24.  The Barber objectors also challenge the use of players' ages to arrive at the Monetary Awards in the Monetary Award Grid.  [ECF No. 6226 at 5-6.]  Other objectors made this argument as well.  *See, e.g.,* Owens

Objection [ECF No. 6210] at 2; Armstrong Objection [ECF No. 6233], at 16; Duerson Objection [ECF No. 6241], at 21-23.   Finally, the Barber objectors argue that the 75% offset for non-football-related traumatic brain injury or stroke is unfair.   [ECF No. 6226 at 6-8]   Other objectors also made this objection.   *See, e.g.,* Morey Objection, [ECF No. 6201], at 32-34; Duerson Objection [ECF No. 6241], at 25-27.

## IV. CONCLUSION

For the reasons stated herein, Co-Lead Class Counsel request that the Court grant their motion to strike the Barber objectors' notice of intent to appear and to preclude the Barber objectors and their counsel from appearing at the Fairness Hearing should be granted.

Dated: November 7, 2014               Respectfully submitted,

/s/ Christopher A. Seeger
Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

**Co-Lead Class Counsel**

Sol Weiss
ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, PA 19103
Phone: (215) 735-1130
Fax: (215) 735-2024
sweiss@anapolschwartz.com

**Co-Lead Class Counsel**