UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | No. 12-md-2323 (AB)<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |

**BARBER OBJECTORS MEMORANDUM OF LAW IN RESPONSE TO CO-LEAD CLASS COUNSEL'S MOTION TO STRIKE THE BARBER OBJECTORS' LATE-FILED NOTICE OF INTENT TO APPEAR AND TO PRECLUDE THEIR COUNSEL FROM APPEARING AT THE FAIRNESS HEARING**

## I. INTRODUCTION

The undersigned attorneys for Michael Barber, *et al* (the "Barber Objectors") and R.J. Owens (the "Owens Objection") submit this memorandum of law in support of their response to the motion filed by Co-Lead Class Counsel to strike the Barber Objectors notice of intent to appear at the November 19, 2014 Fairness Hearing, and to preclude their counsel from appearing at the Fairness Hearing [ECF No. 6413].  As set forth below, the Barber Objectors' notice [ECF No. 6370] should be accepted to avoid prejudice and to uphold the presentation schedule already established by the group tasked by this Court with coordinating objections.  That group's efforts to ensure the orderly presentation of arguments and to avoid duplication includes a presentation by the Barber Objectors and the Owens Objection.  Their counsel should therefore be permitted to present those unique arguments at the Fairness Hearing.

1

## II.     ARGUMENT

Co-Lead Class Counsel's attempt to silence the presentation of a valid and unique objection to the proposed settlement misses the mark [ECF No. 6413]. Co-Lead Class Counsel (presumably on behalf of only those former NFL players who do not stand to gain from the relief sought by the Barber Objectors) first point out that the notice of intent to appear was filed two days late, and without explanation. While it is true that a clerical oversight caused a delay in that filing, the motion raises no argument regarding any prejudice arising from the two-day delay.

The motion then improperly characterizes the objectors' points in an attempt to make them seem completely duplicative of other objections. It points to the "Owens" objection, for example, as a challenge to "the use of players' ages to arrive at the Monetary Awards." [ECF No. 6413 at 3] This overgeneralization does not come close to representing the objection presented so eloquently by Mrs. Owens, in her own hand, on behalf of her late husband. No other objector makes all of the points raised by Mrs. Owens.

Fortunately, this Court's request that the objecting parties coordinate their arguments to prevent duplication leads to the very proof that completely and utterly rebuts Mr. Seeger's motion to strike. After numerous emails, and several conference calls, the coordinating group of objectors, at this Court's direction, reached consensus regarding the order, timing and scope of presentations necessary to ensure an orderly presentation of arguments that avoids duplication. That group identified portions of the Barber and Owens Objections as unique, and planned to have Edward Stone present those objections to the Court at the fairness hearing. Mr. Stone worked extensively with the cooperating and coordinating group, and agreed not to address the objections related to his clients that will be addressed by other counsel, and to limit his presentation to ten minutes. Mr.

Stone has unique objections that will not be properly raised to the Court should his voice be silenced.

Our firm represents thirty individual plaintiff's, some of whom are seriously cognitively impaired. Our efforts to coordinate objections with our clients took a significant amount of time and contributed to our inadvertent error in not filing our intent to speak at the Fairness Hearing in a timely fashion.

In determining "whether a party's failure to meet a deadline constitutes "excusable neglect" Courts should apply a four-factor equitable test, examining (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith". Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010); citing Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship,507 U.S. 380, 395 (1993).

Mr. Seeger's motion presents no plausible argument that militates in favor of disturbing the orderly presentation of arguments agreed upon by the coordinating objectors.  While a clerical error unfortunately resulted in the two-day late-filed notice of intent to appear at the fairness hearing, no prejudice arises from that timing, nor is one even argued.  In fact, the objection itself was timely filed weeks before, the issues raised by the objectors are properly before this Court and the two-day delay had absolutely no impact on the proceedings.  In fact, this Court specifically asked the MoloLamken firm to coordinate presentations to avoid duplication and yet still cover the key issues raised in this highly complex case and counsel for the Barber objectors participated in those efforts to coordinate presentations and streamline the issues before the Court with other objectors and counsel has at all times acted in good faith.  On the other hand, real prejudice could flow from denying the Barber Objectors' right to have their unique issues heard in open Court

at the fairness hearing.  Such a result would be contrary to established case law and basic notions of fairness.  Ironically, Co-Lead Class Counsel's motion, if granted, would make the presentations more difficult to coordinate in accordance with this Court's directive.  Additional burdens will be placed on other counsel for objectors to replace the role that Edward Stone had agreed to fill at the Fairness Hearing and the result could be more rather than less duplication.  The interests of justice will be served by allowing counsel for the Barber Objectors a brief voice at the Fairness Hearing to present their unique objections and no party will suffer any prejudice whatsoever.

### III.    CONCLUSION

For the reasons stated herein, Edward Stone Law, P.C. requests that the Court deny the motion of Co-Lead Class Counsel to strike the Barber objectors' notice of intent to appear and to preclude the Barber objectors and their counsel from appearing at the Fairness Hearing.

Dated:  November 12, 2014                    Respectfully submitted,

*/s/ Marc Davies*
Marc Davies (PA#81789), *Of Counsel*
Edward S. Stone (*pro hac vice* pending)
EDWARD STONE LAW P.C.
175 West Putnam Avenue, 2nd Floor
Greenwich, CT  06830
Telephone:  203-504-8425
Fax:  203-348-8477

*Attorneys for Plaintiffs Barber, et al*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above document was served on all parties on this 12th[th] day of November 2014, by filing the document in the Court's ECF filing system, which gives e-mail notice to all attorneys of record.

/s/ Marc Davies_____
Marc Davies, Esq.
*Attorneys for Plaintiffs, Michael Barber, et al*