**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL | § | |
| LEAGUE PLAYERS' CONCUSSION | § | |
| LITIGATION | § | |
| _____ | § | **No. 12-md-2323 (AB)** |
| | § | |
| | § | **MDL No. 2323** |
| **THIS DOCUMENT RELATES TO:** | § | |
| **ALL ACTIONS** | § | |

---

**OBJECTION AND MOTION FOR CONTINUANCE OF THE NOVEMBER 19, 2014
FAIRNESS HEARING**

---

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

On November 12, 2014 – only one week before the scheduled fairness hearing – Class Counsel and the NFL submitted two book-length responses to the objections that have been filed in this Court. Class Counsel's filing totaled almost 1,000 pages. (Dkt. No. 6423). Class Counsel included a 103-page memorandum and appendix in support of their motion for an order granting final approval of the Settlement. They included three affidavits and 14 declarations (including six expert declarations). Their massive filing was literally at the 11th hour; the filing occurred at 11:06 PM on the day of the deadline. The NFL's filing was over 600 pages. (Dkt. No. 6422). The NFL's memorandum in support of approval totaled 162 pages. The NFL included five expert declarations and a total of 38 exhibits. The NFL filed at 8:19 PM on the day of the deadline.

Settlement Class Members Liyongo Patrise Alexander, Charlie Anderson, Charles E. Arbuckle, Cassandra Bailey, as Representative of the Estate of Johnny Bailey Jr., deceased, Ben Bronson, Curtis Ceaser, Jr., Larry Centers, Darrell Colbert, Harry Colon, Christopher Crooms, Jerry W. Davis, Tim Denton, Michael Dumas, Corris Ervin, Doak Field, Baldwin Malcolm

Frank, Derrick Frazier, Murray E. Garrett, Clyde Glosson, Roderick Harris, Wilmer K. Hicks, Jr., Patrick W. Jackson, Gary D. Jones, Ryan McCoy, Jerry James Moses, Anthony E. Newsom, Rance Olison, John Owens, Robert Pollard, Derrick Pope, Glenell Sanders, Thomas Sanders, Dwight Scales, Todd C. Scott, Frankie Smith, Jermaine Smith, Tyrone Smith, James A. Young Sr. (collectively, the "Alexander Objectors") object and file this motion for continuance of the November 19, 2014 Fairness Hearing, and respectfully show the following:

## PROCEDURAL HISTORY

1.      This MDL was created in early 2012 as a result of complaints by former NFL players about the long-term, deleterious effects of mild traumatic brain injuries and the NFL's pattern and practice of hiding that information from them. (Dkt. No. 6073).

2.      Recognizing the importance of discovery in evaluating claims and defenses, Class Counsel filed a motion requesting pretrial discovery. (Dkt. No. 40).  That motion does not appear to have been addressed by the Court.  Moreover, no discovery was subsequently ever permitted or obtained from the NFL, and Class Counsel never re-urged its request for the discovery that it thought was so important to its evaluation of the claims.

3.      Then, in July 2013, the Court ordered the parties through their respective lead counsels to engage in mediation and ordered the parties to keep the mediation processes and discussions confidential absent further order of the Court. (Dkt. No. 6073).

4.      On August 29, 2013, Class Counsel and the NFL announced a proposed class settlement. (Dkt. No. 5235).  At that time, none of the details of the proposed settlement were disclosed and none of the information used in reaching the settlement was shared with the class or their counsel.

5.      Anticipating the complexity of the proposed settlement and appreciating the

importance of being able to make an informed evaluation, the Court appointed a Special Master to assist the Court in its evaluation of the as yet undisclosed proposed settlement. (Dkt. No. 5607).

6.  After announcing the settlement, Class Counsel and the NFL did not actually file the proposed settlement and seek preliminary approval until January 6, 2014--more than five (5) months later. (Dkt. No. 5634).

7.  Within ten (10) days of the settlement being filed, the Court summarily rejected the settlement on grounds that the analysis underpinning the settlement had not been provided. Memorandum, at 12. (Dkt. No. 5634). As such, the Court expressly recognized the necessity for data, documents, and analysis (*i.e.*, discovery) to effectively, scrupulously and judiciously evaluate its terms. Without such information, the Court appropriately denied its preliminary approval.

8.  While the record becomes foggy at this stage, Class Counsel and the NFL presumably re-visited their negotiations. But, to be clear, no additional information regarding the settlement, including the documents and data underpinning the negotiations, was shared with members of the class.

9.  However, taking a lead from the Court and the case law supporting its decision to deny preliminary approval absent adequate information; on January 23, 2014, members of the class sought the dissemination to counsel of record all data utilized by Class Counsel to reach the proposed settlement. (Dkt. No. 5686).

10.  While the motion to obtain the information utilized by Class Counsel to reach the proposed settlement remained pending (Dkt. No. 5686), on June 25, 2014, Class Counsel announced another proposed settlement and again sought preliminary approval, (Dkt. No. 6073),

again without disseminating any information to class members at large.

11.     Eight business days later the Court granted preliminary approval to the second proposed settlement and set the Fairness Hearing for the consideration of Final Approval and Judgment for November 19, 2014. (Dkt. No. 6083).

12.     With the first request for the dissemination of all data utilized by Class Counsel to reach the proposed settlement still unaddressed (since January 2014), a second, similar motion was filed. (Dkt. No. 6102).   This second motion for the dissemination of information was opposed by both Class Counsel and the NFL. (Dkt. No. 6146 & 6142, respectively)

13.     On September 8, 2014, the Court ordered the Special Master to produce actuarial and/or economic reports provided by the NFL and Class Counsel (Dkt. No. 6160), but the request for the dissemination of the actual information relied upon by Class Counsel to reach either the first or second proposed settlement was never granted.

14.     Class members also filed motions to depose Class Counsel and to obtain limited discovery relating to the proposed settlement on September 11th & 13th, 2014, respectively. (Dkt. No. 6165 & 6169, respectively).   Both of those motions were subsequently denied.

15.     Then, on November 12, 2014, less than five (5) business days before the Fairness Hearing, Class Counsel and the NFL filed motions for Final Approval and Judgment in support of their proposed class settlement. (Dkt. No. 6423 & 6422, respectively).   Those motions are comprised of more than 300 pages of briefing and over 1600 pages of evidentiary exhibits.

16.     Tellingly, the NFL and Class Counsel specifically withheld their document dump until the Court had already advised the objectors and their counsel that their opportunity to contest the merits of the proposed settlement at the November 19th Fairness Hearing would be limited to no more than three (3) hours and would be restricted to oral argument.   Stated

differently, the NFL and Class Counsel made a strategic decision not to share any of this information with the class as a whole or the objectors until they knew that the objectors would not be given an opportunity to challenge the evidence, present witnesses or cross-examine the NFL and Class Counsel's witnesses at the November 19, 2014 Fairness Hearing.[1]

## ARGUMENT

17.     As the Court correctly recognized in its Memorandum denying Class Counsel's and the NFL's first purported settlement, "review must be exacting and thorough" and "[t]he task is demanding because adversariness of litigation is often lost after the agreement to settle." Memorandum, at 9. (Dkt. No. 5657).  To that end and recognizing the importance of discovery to 'scrupulously' and 'judiciously' evaluate the merits of the settlement, the Court denied the initial proposed settlement because it was not supplied the necessary information to fully evaluate it. Id., at 11-12.  The same principles hold true for the members of the class at large now.

18.     Not only has no discovery been conducted, but the NFL and Class Counsel have not disclosed the information on which they relied in reaching the settlement.  Even worse, on the veritable eve of the Fairness Hearing in a case that has been pending for more than three (3) years, the NFL and Class Counsel waited until less than five (5) business days to dump more than 1900 pages of briefing and previously undisclosed evidence into the laps of its class members.

19.     Nothing could be less just, fair or reasonable.  It is beyond credible to suggest that the Court and members of the class as a whole are not extremely prejudiced by the NFL's and Class Counsel's conduct.  The NFL and Class Counsel have had at least since it announced its

---

[1] It is worth noting that extensive evidentiary nature of the final settlement approval process undertaken in both *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 630 (1997) and *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 870 (1999) for the benefit of the Court.  In *Amchem*, "the District's Court's certification decision rests upon more than 300 findings of fact reached after five weeks of comprehensive hearings." *Amchem*, at 630.  In *Ortiz*, the District Court had the benefit of "eight days of hearings." *Ortiz*, at 870.

original settlement on August 29, 2103 to share with the class as a whole what data, documents and information they were relying on in crafting their proposed settlement.  There is simply no justification for the NFL and Class Counsel to withhold this information until the very last minute unless to intentionally prejudice the rights of the individual class member, their counsel and the Court.  Indeed, the Court, in evaluating the settlement, will be without the benefit of having the class and their counsel's careful and measured analysis of at least some of the materials relied upon by the NFL and Class Counsel in promoting their settlement.

20.     As absent class members have demonstrated in their objections, the settlement should not be approved.  Nothing in the settling parties' filings changes that.  But the filings do highlight the secretive negotiations between the settlement parties that have permeated this entire process.  Absent class members have made clear to the settling parties that a primary flaw in the settlement is the disparate treatment of, and lack of compensation for all current and future cases of CTE.  Indeed, some class members filed a motion to intervene on May 5, 2014, pointing out this critical failure in the settlement.  (Dkt. No. 6019, at 1-2, 13-21).  The settling parties did not file anything that addressed the merits of that argument.  To partially remedy the absent class members' lack of adequate information, some class members filed a motion on September 13, 2014 for leave to conduct limited discovery, (Dkt. No. 6160), and a motion on October 21, 2014, requesting an order that Class Counsel and the NFL produce the evidence upon which they intend to rely at this Court's November 19, 2014 Fairness Hearing and the evidence upon which they relied when they agree to the settlement. (Dkt. No. 6252).  Rather than make information publicly available, the settling parties opposed that modest request.

21.     The settling parties' 11th-hour document dump on the Court, absent class members, and the public is as unfortunate as it is unfair.  There is simply too much at stake for

these proceedings to be as rushed as the settling parties would desire.  Everyone affected by this Settlement should have a meaningful opportunity to evaluate the submissions that seek to carry the settling parties' burden of proving that the Settlement is fair, adequate, and reasonable and otherwise meets the requirements of Rule 23 and due process.  The settling parties' filings all but prevent that opportunity.

22.     Accordingly, the Alexander Objectors respectfully request that the Fairness Hearing be continued, that the class members through their counsel be given a reasonable opportunity to review the last minute filings by the NFL and Class Counsel, file a appropriate responses and/or objections, and that the class and the Court be given the benefit of conducting limited but targeted discovery on key measures purportedly supported by the last-minute evidentiary filings.

## REQUEST FOR RELIEF

For the reasons stated above, the Alexander Objectors respectfully request that the Court continue the Fairness Hearing, allow members of the class a reasonable opportunity to conduct basic discovery of the evidence relied upon by the NFL and Class Counsel, a full evidentiary hearing on the merits of Class Counsel and the NFL's proposed settlement, and all such other and further relief to the former NFL players the Court deems just and proper.

Date:   November 17, 2014                          Respectfully Submitted,


                                                                  */s/ Lance H. Lubel*
Mickey Washington                          Lance H. Lubel
Texas State Bar No.: 24039233              Texas State Bar No.: 12651125
WASHINGTON & ASSOCIATES, PLLC             Adam Voyles
1314 Texas Ave., Suite 811                Texas State Bar No.: 24003121
Houston, Texas 77002                       LUBEL VOYLES  LLP
Telephone: (713) 225-1838                  Montrose Blvd., Suite 800
Facsimile: (713) 225-1866                  Houston, TX 77006

Email: mw@mickeywashington.com

James Carlos Canady
Texas State Bar No.: 24034357
MCGINNIS FEATHERSTON  CANADY
1080 W Sam Houston Pkwy N., Suite 260
Houston, Texas 77043
Telephone: (713) 973-2050
Facsimile: (713) 973-2060
Email: carlos@lawfirm2012.com

Telephone: (713) 284-5200
Facsimile: (713) 284-5250
Email: lance@lubelvoyles.com
adam@lubelvoyles.com

ATTORNEYS FOR THE ALEXANDER PLAINTIFFS/OBJECTORS

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for the Alexander Objectors attempted to confer by telephone with Class Counsel, Mr. Christopher Seeger, and counsel for the NFL Parties, Mr. Brad Karp, regarding the relief requested in this motion.  Mr. Seeger was out of the office. Accordingly, it is unknown whether Class Counsel opposes this motion.  Counsel for the NFL Parties has advised that the NFL Parties are opposed.  Accordingly, this matter is presented to the Court for resolution.

/s/ Lance H. Lubel
Lance H. Lubel

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 17th day of November, 2014, a true and correct copy of the foregoing ***Objection amd Motion for Continuance of the November 19, 2014 Fairness Hearing*** has filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel of record and a copy is also being served by First Class Mail on:

Clerk of the District Court/NFL Concussion Settlement
U.S. District Court for the Eastern District of Pennsylvania
United States Courthouse
601 Market Street
Philadelphia, PA 19106-1797


/s/ Adam Q. Voyles
Adam Q. Voyles