## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | ) ) ) ) No. 2:12-md-02323-AB<br>) MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,* | ) ) Hon. Anita B. Brody ) ) ) |
| Plaintiffs, | ) Civil Action File Nos. ) 2:13-cv-04378-AB and |
| v. | ) 2:12-cv-03716-AB ) |
| National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc., | ) ) ) ) |
| Defendants. | ) ) ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) |

## SUPPLEMENT TO OBJECTION BY RETIRED NFL PLAYERS REGINALD SLACK AND MATTHEW RICE TO PROPOSED CLASS SETTLEMENT

Reggie Slack and Matthew Rice (collectively, "Objectors"), by their attorney, Parag Shah, submit this motion in further support of their Objection filed on October 14, 2014, Dkt. No. 6223 ("Objection").    Objectors supplement their argument, set forth in Part II.C.b of the Objection, that the release language of the Proposed Settlement includes NFL Europe[1], and it is unfair and unreasonable to require players to release their claims against NFL Europe when they will receive no credit for the time they played abroad toward their "Eligible Season" calculation.

---

[1] NFL Europe, referenced herein, collectively refers to the World League of American Football (WLAF), NFL Europe, and NFL Europa League.

In their memorandum in support of the final approval of the class action settlement agreement, the NFL and NFL Properties LLC seek to distinguish NFL Europe from the NFL, stating it was "a developmental league with a shorter season." The Defendants failed to acknowledge that participation in the Settlement releases NFL Europe, despite the fact that they admit in their memorandum that "[t]he now defunct NFL Europe . . . was an affiliate of the NFL." Under the proposed Settlement, Section 2.1 (bbbb) defines "Released Parties" as follows:

> "Released Parties" for purposes of the Release Claims means (i) the NFL Parties (including all persons, **entities, subsidiaries, divisions, and business units** composed thereby), together with (ii) each of the Member Clubs, (iii) each of the NFL Parties' and Member Clubs' respective past, present and future agents, directors, officers, employees, independent contractors, **general or limited partners**, members, **joint venturers**, shareholders, attorneys, trustees, insurers (solely in their capacities as liability insurers of those persons or entities referred to in subparagraphs (i) and (ii) above and/or arising out of their relationship as liability insurers to such persons or entities), predecessors, successors, indemnitees, and assigns, and their past, present, and future spouses, heirs, beneficiaries, estates, executors, administrators, and personal representatives, including, without limitation, all past and present physicians who have been employed or retained by any Member Club and members of all past and present NFL Medical Committees; and (iv) any natural, legal, or juridical person or entity acting on behalf of or having liability in respect of the NFL Parties of the Member Clubs, in their respective capacities as such; and, as to (i)-(ii) above, each of their respective Affiliates, including their Affiliates' officers, directors, shareholders, employees, and agents. For the avoidance of any doubt, Riddell is not a Released Party. (emphasis added)

NFL Europe clearly falls in the category of an entity, subsidiary, division, business unit, or joint venture of the NFL Parties. The WLAF was formed in 1989, when NFL owners decided by a unanimous vote to expand American football to Europe.[2] In 1991, twenty-six of the twenty-eight NFL teams contributed $50,000 each in start-up money, in addition to setting up a line of credit, to establish the WLAF.[3] Furthermore, the NFL posted articles regarding the closing of NFL Europa on their website, which stated that "The NFL has determined that it will switch the

---

[2] Timothy W. Smith, *Football; World League vs. N.F.L., In a Board Room, That Is*, N.Y. TIMES, May 7, 1992, *available at* http://www.nytimes.com/1992/05/07/sports/football-world-league-vs-nfl-in-a-board-room-that-is.html.
[3] Chris Dufresne, *Europe Takes to WLAF, but Will It Catch on Here?*, L.A. TIMES, May 21, 1991, *available at* http://articles.latimes.com/1991-05-21/sports/sp-2214_1_wlaf-owners.

focus of its international business strategy . . . and will discontinue NFL Europa."[4]  Thus

claimants who participate in the Settlement are absolutely releasing their claims against NFL

Europe.

As the proposed settlement stands, players will not receive any credit for their time spent

playing in NFL Europe and thus should not have to release their claims against the organization.

This situation is akin to the original proposed settlement filed on January 6, 2014, where players

were going to have to release their claims against the National Collegiate Athletic Association

("NCAA") in addition to the NFL.  This provision was removed from the current Settlement

Agreement because the lack of quid pro quo on the part of the NCAA was unfair and

unreasonable.  That same lack of quid pro quo is happening here; the proposed Settlement

includes players who played with NFL Europe, and includes NFL Europe in the definition of

"NFL Football," but the players get nothing for it.

Under the proposed Settlement, Section 2.1 (ffff) defines "Retired NFL Football Players"

as follows:

> "Retired NFL Football Players" means all living NFL Football players who, prior to the
> date of the Preliminary Approval and Class Certification Order, retired, formally or
> informally, from playing professional football with the NFL or any Member Club,
> including American Football League, **World League of American Football, NFL**
> **Europe League and NFL Europa League** players, or were formerly on any roster,
> including preseason, regular season, or postseason, of any such Member Club or league
> and who no longer are under contract to a Member Club and are not seeking active
> employment as players with any Member Club, whether signed to a roster or signed to
> any practice squad, developmental squad, or taxi squad of a Member Club. (emphasis
> added)

Although the Settlement class includes veterans of NFL Europe, time spent playing for

NFL Europe or its related leagues does not apply to the "Eligible Season" determination.  In fact,

Section 6.7(c)(i) specifically states:

---

[4] *NFL Europa Closes*, Aug. 3, 2007, http://www.nfl.com/nfl-europa-closes.

For the avoidance of any doubt, seasons in the World League of American Football, the NFL Europe League, or the NFL Europa League are ***specifically excluded*** from the calculation of an Eligible Season (emphasis added).

The NFL argues that because the NFL Europe season was shorter than the NFL season in the United States, and occurred during the offseason thus not precluding participation in the NFL, players should not get credit for the seasons they spent abroad. This argument is baseless, however, as there were 10 games in an NFL Europe regular season, followed by a "World Bowl," and to get credit for one season in the NFL, a player only has to have been "(i) on a Member Club's Active List on the date of three (3) or more regular or postseason games." (Settlement § 2.1 (kk).)

The NFL and NFL Europe are clearly interrelated. NFL Europe played on the same size field, for the same length of time, and adopted rules that were rooted in the NFL Rulebook.[5] And because the NFL Europe season did not overlap with the NFL season, at least some players would play *full seasons* in *both leagues*. Because the NFL and NFL Europe are so interrelated, for the proposed settlement to be a comprehensive settlement that gives a comprehensive release, the best solution is to provide Eligible Season credit to players who played in NFL Europe. Class Counsel and the NFL offer no justification for the arbitrary discrimination against class members who played in NFL Europe, a Released Party.

### CONCLUSION

Mr. Slack and Mr. Rice renew their objection to the proposed Settlement and the NFL's response to their original objection, because NFL Europe is clearly an entity included in the definition of "Released Parties." Such a release of NFL Europe without credit for time played there is both unfair to the plaintiffs and a completely arbitrary decision on the part of Lead

---

[5] Football Rules- National Football League Europe, http://www.sportsknowhow.com/football/rules/national-football-league-europe.html.

Counsel and the NFL.  Furthermore, a settlement that does not include the NFL's affiliate, NFL

Europe, is not a complete, comprehensive settlement.

                              Respectfully submitted,


Dated: November 17, 2014

                              Parag Shah
                              The Shah Law Firm
                              1355 Peachtree St.
                              Suite 1800
                              Atlanta, Georgia 30309
                              Tel. (404) 844-4874
                              Fax (404) 410-6933
                              Shah@shahlawfirm.com