UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : No. 2:12-md-02323-AB<br>:<br>: MDL No. 2323<br>:<br>: Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | :<br>:<br>:<br>: |

CO-LEAD CLASS COUNSEL'S RESPONSE TO
MOTION OF PARENTS CONCUSSION COALITION
FOR LEAVE TO FILE MEMORANDUM AS AMICUS CURIAE

I.   INTRODUCTION

Co-Lead Class Counsel submit this memorandum of law in response to the motion of Parents Concussion Coalition for Leave to File Memorandum as Amicus Curiae [ECF No. 6427].   Co-Lead Class Counsel oppose the motion because the Parents Concussion Coalition ("PCC") cannot satisfy any of the well-established requirements to participate as *amicus curiae*. The PCC acknowledges that it has no interest in the case, much less a "special interest," because it does not represent any individuals with a legally cognizable interest in the litigation.   The PCC's filing offers no new information that would be useful to the Court in addressing the fairness, reasonableness, and adequacy of the Settlement.   Instead, the PCC's position is that class members should be denied the benefits of the Settlement until the parties have engaged in formal discovery, an argument that has already been made by objectors to the Settlement.

In addition, representatives of the PCC never contacted Co-Lead Class Counsel to discuss their concerns and instead filed this motion at the eleventh hour, two days before the Fairness Hearing and long after the October 15, 2014 deadline for filing objections.   Because Co-Lead

1

Class Counsel know nothing about the organization and do not have time to research it as they are preparing for the Fairness Hearing, they cannot agree to the PCC's request for "friend of the court" status.

## II.   ARGUMENT

### A.   The Standards Governing Participation as *Amicus Curiae*

The decision whether or not to allow the filing of an *amicus curiae* brief is "a matter of judicial grace."  *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000). Several established principles have emerged from decisions on the subject to guide the Court's discretion.   First, leave to participate as *amicus curiae* should be denied when the movants "do not purport to represent any individual or organization with a legally cognizable interest in the subject matter at issue, and give only their concern about the manner in which [the] court will interpret the law as the basis for their brief."  *American College of Obstetricians & Gynecologists v. Thornburgh*, 699 F.2d 644, 645 (3d Cir. 1983).   Second, leave should be denied "[w]hen a court determines the parties are already adequately represented and participation of a potential *amicus curiae* is unnecessary because it will not further aid in consideration of the relevant issues."  *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993).   Third, leave should be denied when the proffered brief "merely duplicates the brief of one of the parties."  *Scheidler*, 223 F.3d at 617.   Fourth, leave should be denied when the proffered brief is partisan in nature.  *See Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) ("The term 'amicus curiae' means friend of the court, not friend of a party."); *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982) ("[I]f the proffer comes from an individual with a partisan, rather than an impartial view, the motion for leave to file an amicus brief must be denied.").

In sum, as this Court has recognized, *amicus curiae* status is generally granted only when "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to the outcome in the case." *Liberty Resources, Inc. v. Philadelphia Housing Authority*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005). But "[a]t the trial level, where issues of fact as well as law predominate, the aid of *amicus curiae* may be less appropriate than at the appellate level." *Liberty Lincoln Mercury*, 149 F.R.D. at 82 (quoting *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985)). Thus, "a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless … the party has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).

### B.     The PCC Does Not Satisfy the Requirements to Participate as *Amicus Curiae*

The PCC does not satisfy any of the four requirements to participate as *amicus curiae*. First, it has no "special interest" in the case. To satisfy the "special interest" requirement, the movant generally must have either (1) "a direct interest in another case, and the case in which he seeks permission to file an amicus curiae brief may, by operation of stare decisis or res judicata, materially affect that interest," *Scheidler*, 223 F.3d at 617,[1] or (2) "represent [an] individual or organization with a legally cognizable interest in the subject matter at issue," *Thornburgh*, 699 F.2d at 645. The PCC represents student athletes and their parents and acknowledges that it "does not have an interest in the outcome of the instant litigation." ECF No. 6427 at 1. The PCC only claims an interest "in the debate concerning concussion-related injuries," *id.*, which is not the kind of

---

[1] *See also Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 130, 133 (3d Cir. 2002) (finding that proposed *amici* had adequate interest in litigation because one party intended to induce court to address issue that would impact rights of proposed *amici* in related case).

"special interest" that courts require an *amicus curiae* to possess. *See, e.g., Sciotto v. Marple Newtown School District*, 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999) (finding that "a trade association with a generalized interest in all cases related to school district liability and insurance" did not have "the kind of special interest that warrants amicus status").

Second, the PCC's interest is already competently represented. The PCC's position is that the Court should deny final approval of the settlement and require the parties to engage in discovery that will force the NFL to disclose "what it knew about the connection between MTBI [mild traumatic brain injuries] and CTE." ECF No. 6427 at 2. Numerous objectors represented by skilled and competent counsel have argued that the Court should deny final approval of the settlement, and some have argued that the Court should require the parties to engage in formal discovery so that information about the NFL's knowledge will be disclosed to the public. *See, e.g.,* Morey Objection [ECF No. 6201] at 55-57; McFarland Objection [ECF No. 6400] at ¶ 21. Since the PCC's position already has been presented to the Court, there is no need for it to participate as *amicus curiae*. *See Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 545 (7th Cir. 2003) (denying leave to file briefs as *amicus curiae* where proposed briefs covered "the same ground" as earlier briefs and "merely announce the 'vote' of the amici on the decision").

Third, the PCC has not proffered timely or useful information. The PCC's motion is untimely as it was filed only two days before the Fairness Hearing and well after the October 14, 2014 deadline to file objections to the Settlement. In addition, the PCC's proposed brief does not provide any new information that will be useful to the Court's determination of the fairness and adequacy of the Settlement. *See Voices for Choices*, 339 F.3d at 545 ("No matter who a would-be amicus curiae is, … the criterion for deciding whether to permit the filing of an amicus brief should be the same: whether the brief will assist the judges by presenting ideas, arguments,

4

theories, insights, facts, or data that are not to be found in the parties' briefs."). The PCC explains the work it does on behalf of student athletes and their parents and schools, which, while admirable, is not relevant to the proposed Settlement of former NFL football players' claims against the NFL. ECF No. 6427-1 at 1-3. The PCC then joins in the objections that argue the Settlement should be denied so that the factual record can be further developed. *Id.* at 4. The PCC's motion should be denied because its brief offers no new facts, data, arguments or theories. *See Liberty Lincoln Mercury*, 149 F.R.D. at 83 (denying motions to appear as *amicus curiae* where briefs "merely repeat the arguments already submitted" in earlier briefs).

Finally, the PCC is partial to the outcome advocated by the objectors to the Settlement and thus does not provide an "objective, dispassionate, neutral discussion of the issues." *United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991); *see also Liberty Lincoln Mercury*, 149 F.R.D. at 82 ("Where a petitioner's attitude toward a litigation is patently partisan, he should not be allowed to appear as *amicus curiae*." (citation omitted)). A non-partisan perspective would have to acknowledge, as this Court has, that the alternative to settling now is "years of expensive, difficult, and uncertain litigation, with no assurance of recovery, while retired players' physical and mental conditions continue to deteriorate." *See* ECF No. 6083 at 17. The trade-off for continued litigation is substantial delay and expense with no guarantee that class members will recover anything more—or anything at all. *See* Supplemental Declaration of Mediator and Former U.S. District Court Judge Layn R. Phillips [ECF No. 6432-6] at ¶ 30 ("I believe that the Settlement is fair and reasonable in light of the parties' claims and defenses, and the expense, uncertainty and time inherent in litigating the players' claims to judgment. In particular, it is my considered judgment that Plaintiffs would be unlikely to have obtained more money and benefits without going through years of discovery and trial, where they would face

5

substantial risks of loss due to their inability to prove negligence or fraud on the part of the NFL Parties or judgments below what they will receive in this proposed Settlement."). The PCC is utterly unconcerned by the delays, expense and litigation risk that would result from the rejection of the Settlement and the commencement of the discovery they urge, because they do not represent Retired NFL Football Players. The PCC, much like Public Citizen, Inc., has its own agenda. Similarly, PCC's effort to insert itself into this matter, particularly at this late juncture, should not be countenanced. *Accord* ECF No. 6415 (Order denying Public Citizen, Inc.'s Motion for Leave to Participate as Amicus Curiae). Because the PCC offers no unique or objective information, its motion to participate as *amicus curiae* should be denied.

### III.    CONCLUSION

Because the PCC does not satisfy the requirements to participate as *amicus curiae*, Co-Lead Class Counsel respectfully request that the Court deny the PCC's motion.

Dated: November 18, 2014                                Respectfully submitted,

/s/ Christopher A. Seeger
Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

**Co-Lead Class Counsel**

Sol Weiss
ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, PA 19103
Phone: (215) 735-1130
Fax: (215) 735-2024
sweiss@anapolschwartz.com

**Co-Lead Class Counsel**

**<u>CERTIFICATE OF SERVICE</u>**

It is hereby certified that a true copy of the foregoing document was served electronically via the Court's electronic filing system on the 18th day of November, 2014, upon all counsel of record.

Dated: November 18, 2014          <u>/s/ Christopher A. Seeger</u>

                                                               Christopher A. Seeger