# Exhibit A

# SEEGERWEISS LLP

77 Water Street, New York, NY 10005   P 212.584.0700   F 212.584.0799   www.seegerweiss.com

November 17, 2014

**<u>Via Email</u>**
Alan B. Morrison
George Washington University Law School
2000 H Street NW
Washington, DC  20052
abmorrison@law.gwu.edu
Counsel for Public Citizen, Inc.

       Re:    *In re National Football League Players' Concussion Injury Litigation*, MDL 2323
              <u>Final Approval of Settlement and Certification of Class and Subclasses</u>

Dear Mr. Morrison:

      It has come to our attention that you have inappropriately communicated *ex parte* with Professor Robert H. Klonoff, an expert consultant retained by Co-Lead Class Counsel whose declaration we submitted in support of Class Plaintiffs' Motion for Final Approval of Class Settlement and Certification of Class and Subclasses [ECF No. 6423-9].  In your email to Prof. Klonoff this weekend (attached hereto), you insinuated certain improprieties regarding his declaration and asked that he tell you directly before the Fairness Hearing on Wednesday, November 19th whether he has been paid by Class Counsel for his declaration, and if so, how much.  Beyond what is an apparent attempt to intimidate or pressure a tendered expert in a pending legal matter, your *ex parte* communication with our expert constitutes an inappropriate invasion of counsel's relationship with Prof. Klonoff and attempt at discovery self-help.  As the Federal Rules make plain, the relationship between a party and its consulting or testifying expert is a protected one.  A party or counsel is not permitted to invade that relationship through direct communication with the expert.  We view your communication with Prof. Klonoff as an effort on your part to do just that.  This is quite serious.  *See Erickson v. Newmar Corp.*, 87 F.3d 298, 301-02 (9th Cir.1996) ("Since existing rules of civil procedure carefully provide for limited and controlled discovery of an opposing party's expert witnesses, all other forms of contact are impliedly prohibited.  Therefore, an attorney who engages in prohibited communications violates the attorney's ethical duty to obey the obligations of the tribunal.") (quoting 2 Geoffrey C. Hazard & W. William Hodes, *The Law of Lawyering* § 3.4:402 (2d ed. Supp.1994)); *cf.* FED.R.CIV.P. 26(b)(4) (delimiting a lawyer's contact with an opponent's expert in litigation).

      What is more, beyond the violation of such basic tenets and rules of conduct, your conduct violates the Court's orders setting forth the orderly procedures governing these settlement approval proceedings.  We are aware of Public Citizen's disapproval of this Settlement based on numerous filings you have made in the District Court and the Third Circuit Court of Appeals.  However, the Court denied Public Citizen, Inc.'s Motion For Leave to

Participate as Amicus Curiae at the Fairness Hearing [ECF No. 6415]. The Court also denied several requests for discovery of information related to the Settlement [ECF No. 6245]. The Court ordered that Messrs. Molo and Hangley (copied below) coordinate the arguments of the Objectors who wish to be heard at the Fairness Hearing on November 19, 2014 [ECF No. 6344]. You are attempting by your email to Prof. Klonoff to circumvent the Court's decisions.

Accordingly, we demand that you inform us:

1. Whether you have communicated or attempted to communicate in any manner with any other person or persons who have submitted either affidavits or declarations in support of final approval of the NFL Concussion Settlement, and if so, please provide the details of those communications.
2. Whether you or anyone representing Public Citizen reached out to any clients, consultants, or experts of Class Counsel or the NFL Parties, and if so, please provide the details of those communications immediately.
3. Whether you contacted Prof. Klonoff on behalf of any Objectors to the Settlement, and if so, whom.
4. Whether you shared with anyone any information or work product obtained from any clients, consultants, or experts of Class Counsel or the NFL Parties, and if so, please inform us what that information is, with whom it has been shared, and the details surrounding the transmission of that information to others.

We await your imminent response. Until then, we reserve our right to pursue all available and appropriate relief regarding your communications to Prof. Klonoff and any other related actions on your part on behalf of Public Citizen and/or any Objectors to the Settlement. *Frazier v. Heebe*, 482 U.S. 641, 645 (1987) (recognizing that District Courts have clear statutory authority to promulgate rules governing the admission and conduct of attorneys who appear before them); *Int'l Bus. Mach. Corp. v. Levin*, 579 F.2d 271, 283 (3d Cir. 1978) ("The maintenance of public confidence in the propriety of the conduct of those associated with the administration of justice is so important a consideration that we have held that a court may disqualify an attorney for failing to avoid even the appearance of impropriety"); *Kramer v. Scientific Control Corp.*, 534 F.2d 1085, 1088 (3d Cir.), *cert. denied*, 429 U.S. 830 (1976) (it is "an axiomatic norm, if not a legal doctrine or conception, *viz.*, that the appearance of conduct associated with institutions of the law be as important as the conduct itself."); *Griffin-El v. Beard*, 2009 WL 2929802, *10 (E.D. Pa. 2009) ("attorneys must always avoid the appearance of impropriety.").

                Sincerely,

                Christopher A. Seeger

cc:      Honorable Anita B. Brody, U.S.D.C. (via hand delivery)

    Allison M. Zieve, Public Citizen Litigation Group (via email)
    Steven F. Molo (via email)
    William T. Hangley (via email)
    Brad S. Karp (via email)
    Sol H. Weiss (via email)
    Steven C. Marks (via email)
    Gene Locks (via email)
    Arnold Levin (via email)
    Dianne M. Nast (via email)

Attachment

Begin forwarded message:
From: Alan Morrison <abmorrison@law.gwu.edu>
Date: November 15, 2014, 9:33:39 AM PST
To: Robert Klonoff <Klonoff@lclark.edu>
Subject: NFL concussion case

Bob -

I looked at your declaration and did not see anything about whether you were being paid by class counsel and if so, how much.  I think that those facts are relevant, don't you? I hope you will provide this information before the hearing on Wednesday.

Alan