# Exhibit B

**Alan B. Morrison**
**George Washington University Law School**
**2000 H Street NW**
**Washington D.C. 20052**
abmorrison@law.gwu.edu
**202 994 7120**

November 17, 2014

Christopher A. Seeger
SeegerWeiss, LLP
77 Water Street
New York N.Y. 10005
cseeger@seegerweiss.com

Dear Mr. Seeger:

    I received your letter of November 17, 2014, and here are my responses to the four questions that you asked on page 2:

    1. I have neither communicated nor attempted to communicate with any person described in this question other than Professor Robert Klonoff.

    2. Neither I nor anyone else representing Public Citizen has reached out to anyone described in this question, other than my email to Professor Klonoff.

    3. My email to Professor Klonoff was not sent on behalf of any objectors, nor have I provided a copy of the email to any of them or their counsel.

    4. I have not obtained any information of the kind described in this question, and hence have not shared it with anyone.

    Because you have sent a copy of your letter to Judge Brody before awaiting my response, I think it appropriate to provide some additional information relating to my email to Professor Klonoff. Professor Klonoff and I are friends. We have known each other for many years and have worked together on a number of projects. He has twice invited me to teach and lecture at law schools where he was a faculty member, most recently in October 2013 at Lewis & Clark, where he was then the Dean. I have the highest regard for him and his work.

    As I was reviewing the materials submitted by class counsel in support of the settlement, I saw Professor Klonoff's lengthy declaration (Exhibit 7), expressing what he states are his opinions as to the appropriateness of class certification and the reasonableness of the settlement, among other issues. His submission is 56 pages and contains scores of citations and 234 footnotes. In all respects except the label, it appeared to me to be an amicus brief in support of the settlement, which the Court should welcome, along with other amicus briefs.

If the submission were in fact an amicus brief, and if in fact class counsel had paid to have it prepared, that fact should surely be disclosed. If an amicus brief, other than one on behalf of a governmental entity, were submitted to a United States Court of Appeals or the Supreme Court, a disclosure stating whether the brief had been paid for by a party or its counsel would be required. See Federal Rule of Appellate Procedure 29(c)(5); Supreme Court Rule 37.6. Similarly, even if the submission is properly considered to be an expert's report, whether the expert is being paid, and if so, how much, are surely relevant. In this case, the issue of payment is particularly relevant in light of the high praise that Professor Klonoff provided regarding class counsel in paragraph 32, the final two sentences of which are as follows:

> In short, this team of lawyers is a "who's who" of plaintiffs' attorneys who specialize in mass tort cases. Their stature and experience represent an important piece of the puzzle in assessing the fairness of the settlement, especially in analyzing objections claiming that a better deal should have been negotiated.

I do not believe that my brief inquiry to Professor Klonoff about whether he was compensated for preparing his submission violated ethical requirements. The circumstances are certainly different from those in a case such as *Erickson v. Newmar Corp.*, 87 F.3d 298, 301-02 (9th Cir.1996), where counsel for a party hired an opposing party's expert witness in an effort to interfere with his testimony. I am aware of no decisions that address a contact of the nature of the one here, where counsel for an amicus curiae inquired only whether another academic submitting contrary opinions and argument had received compensation for doing so.

The statement you cite from the treatise of Professors Hazard and Hodes pertains to circumstances where expert disclosures and discovery are governed by Rule 26(a)(2) and (b)(4). Professor Klonoff's declaration does not appear to have been submitted within the framework of Rule 26's expert provisions, which contemplate testimony at a trial and a structure for provision of an expert's report and discovery. Moreover, the sole subject of my email to him—his possible compensation—is one that Rule 26(b)(4)(C)(i) excludes from the scope of confidentiality between counsel and retained experts, and that Rule 26(a)(2)(B)(vi) would require to be affirmatively disclosed if the submission had been made under the Rule 26 framework.

I also do not believe that my inquiry attempts to or does circumvent any of the judge's orders, which do not appear to me to speak to this question. And my communication was certainly not intended to "intimidate or pressure a tendered expert," nor is it reasonably likely that it could have had any such effect on Professor Klonoff. The text of the email, as attached to your letter, amply demonstrates that it neither insinuates misconduct nor attempts to influence him to do anything other than inform the Court whether he was compensated.

I trust that your questions have been answered and that, now that you understand my rationale for inquiring as to whether Professor Klonoff was being paid, and if so, how much, you will provide that information for the Court, the objectors, and all other interested persons.

Sincerely,

Alan B. Morrison

Honorable Anita B. Brody, U.S.D.C. (via hand delivery)
Allison M. Zieve, Public Citizen Litigation Group (via email)
Steven F. Molo (via email)
William T. Hangley (via email)
Brad S. Karp (via email)
Sol H. Weiss (via email)
Steven C. Marks (via email)
Gene Locks (via email)
Arnold Levin (via email)
Dianne M. Nast (via email)



November 18, 2014

**Via Email**
Alan B. Morrison
George Washington University Law School
2000 H Street NW
Washington, DC  20052
abmorrison@law.gwu.edu
Counsel for Public Citizen, Inc.

      Re:    *In re National Football League Players' Concussion Injury Litigation*, MDL 2323
              Final Approval of Settlement and Certification of Class and Subclasses

Dear Mr. Morrison:

    If the Declaration of Robert H. Klonoff were intended to be an *amicus* brief, it would have been styled as such.  Just the fact that Prof. Klonoff (whom you call your friend) forwarded us your email to him demonstrates that he, like Class Counsel, was offended by your communication.

                                                  Sincerely,

                                                  Christopher A. Seeger

cc:      Honorable Anita B. Brody, U.S.D.C. (via hand delivery)
           Allison M. Zieve, Public Citizen Litigation Group (via email)
           Steven F. Molo (via email)
           William T. Hangley (via email)
           Brad S. Karp (via email)
           Sol H. Weiss (via email)
           Steven C. Marks (via email)
           Gene Locks (via email)
           Arnold Levin (via email)
           Dianne M. Nast (via email)