UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civil Action No. 2:14-cv-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**MOTION OF SEAN MOREY, ALAN FANECA, BEN HAMILTON, ROBERT ROYAL, RODERICK CARTWRIGHT, JEFF ROHRER, AND SEAN CONSIDINE FOR AN ORDER REQUIRING THE NFL TO DISCLOSE CERTAIN DOCUMENTS RELEVANT TO WHETHER THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE**

Sean Morey, Alan Faneca, Ben Hamilton, Robert Royal, Roderick "Rock" Cartwright, Jeff Rohrer, and Sean Considine (collectively, "Movants") respectfully move for this Court to order the NFL to disclose certain documents relevant to whether the settlement is fair, adequate, and reasonable.

1.  This Court may order the NFL to disclose the relevant documents in its possession particularly where, as here, objectors have been allowed no discovery. *See Manual for Complex Litigation* § 21.643 (4th ed.) ("The important role some objectors play might justify . . . access to information obtained by class counsel."); *Newberg on Class Actions* § 13:32

(5th ed.) ("[T]he Third Circuit has held that refusal by settling parties to provide access to discovery information is a reason supporting objector discovery."). Accordingly, Objectors request that the Court order the NFL to produce the following categories of documents forthwith.

**Documents Regarding CTE**

2. The central allegations of this litigation are that the NFL knew about the link between playing football and brain injuries; fraudulently misrepresented to players the dangers of brain injuries, including CTE; and in connection with that fraud funded sham research. *See generally Turner v. Nat'l Football League*, Civ. A. No. 2:14-cv-29-AB, Dkt. No. 1 (E.D. Pa. Jan. 6, 2014). For example, the Class Action Complaint alleges:

- "The NFL's ***accumulated knowledge*** about head injuries to players, and the associated health risks therefrom, ***was at all times vastly superior*** to that readily available to the Retired NFL Football Players, their Representative Claimants, or Derivative Claimants." *Id.* ¶ 66 (emphasis added).

- "[F]rom 1994 until 2010, the NFL publicly inserted itself into the business of ***head injury research*** and openly disputed that any short-term or long-term harmful effects arose from football-related sub-concussive and concussive injuries." *Id.* ¶ 84 (emphasis added).

- "For decades, the NFL has been aware that multiple blows to the head ***can lead to*** long-term brain injury, including but not limited to memory loss, dementia, depression, and ***CTE*** and its related symptoms." *Id.* ¶ 89 (emphasis added).

- "[T]he NFL engaged in fraudulent and negligent conduct, which included a campaign of misinformation designed to (a) dispute accepted and valid neuroscience regarding the ***connection between repetitive traumatic brain injuries*** and concussions and degenerative brain disease such as **CTE**; and (b) to create a ***falsified body of research*** which the NFL could cite as proof that ***truthful and accepted neuroscience on the subject was inconclusive and subject to doubt***." *Id.* ¶ 131 (emphasis added).

- "As a proximate result of the ***NFL's tortious conduct***, the Retired NFL Football Players in the Class and Subclass have experienced an increased risk of developing serious latent neurodegenerative disorders and diseases, including but not limited to ***CTE*** . . . ." *Id.* ¶ 260 (emphasis added).

3. At the fairness hearing, the NFL emphasized that "the science" purportedly "supports the reasonableness of the settlement." Fairness Hearing Tr. 187. The numerous declarations submitted in support of Objectors refute that assertion. *See* Dkt. No. 6455, at 6-8.[1]

4. Given the overwhelming scientific support for Objectors' position regarding the link between CTE and playing in the NFL, and given the profile of this issue within the NFL for many years, it is reasonable to believe the NFL has documents within its possession and control that reveal its current and historical knowledge regarding the link between CTE and playing in the NFL. Disclosure of the full extent of the NFL's knowledge about CTE and the link between playing football and CTE will allow this Court to assess whether the NFL's current position regarding CTE is consistent with the documents in its possession.

**Documents Regarding *League of Denial***

5. The NFL should also be required to disclose any documents relating to its interactions with ESPN, Inc. regarding the Public Broadcasting Service documentary and book, *League of Denial*. ESPN originally sponsored the project, but news reports indicate that the NFL pressured ESPN to revoke its sponsorship.[2] The NFL's conduct is related to its alleged efforts to poison the well of public knowledge about CTE and the link between football and CTE, and is

---

[1] In an effort to understand the science that led the NFL and Class Counsel to enter into this Settlement, Objectors have requested discovery in this case. On September 13, 2014, Objectors filed a Motion for Leave To Conduct Limited Discovery. Dkt. No. 6169. The NFL and Class Counsel opposed that motion on October 2, 2014. Dkt. Nos. 6183 (Class Counsel), 6185 (NFL). That motion was denied on October 15, 2014. Dkt. No. 6245. Objectors also filed a Motion for an Order for Class Counsel and the NFL To Produce Evidence on October 21, 2014. Dkt. No. 6252. The NFL and Class Counsel opposed that motion on October 31, 2014. Dkt. Nos. 6332 (NFL), 6333 (Class Counsel). That motion was not formally denied, but the NFL and Class Counsel were not required to, and did not, submit the requested evidence.

[2] Miller & Belson, *NFL Pressure Said To Lead ESPN To Quit Film Project*, N.Y. Times (Aug. 23, 2013), http://www.nytimes.com/2013/08/24/sports/football/nfl-pressure-said-to-prompt-espn-to-quit-film-project.html?pagewanted=all&_r=2&.

therefore relevant now that the NFL has invoked the supposed immaturity of the science of CTE to defend the proposed settlement.

**Documents Regarding Insurance**

6. Finally, the NFL should be required to disclose the extent to which its liability for this Settlement will be covered by insurance proceeds. In an effort to avoid having to pay for the Settlement out of its own pocket, the NFL is currently embroiled in litigation with its insurers. *See Discover Prop. & Cas. et al. v. NFL*, Index No. 652933-2012 (N.Y. Sup. Ct. filed Aug. 21, 2012); *NFL v. Fireman's Fund Ins. Co.*, Index No. 490342 (Sup. Ct. L.A. Cnty. filed Aug. 15, 2012); *Alterra Am. Ins. Co. v. NFL*, Index No. 652813-2012 (N.Y. Sup. Ct. filed Aug. 13, 2012). According to the media, if the NFL prevails in these cases, its liability for the Settlement "likely will be paid with a combination of insurer funds and higher prices for game tickets and media rights."[3]

7. As noted in Objectors' supplemental objection, the NFL is a veritable money machine with substantial individual income streams that could be dedicated to enhancing the value of the settlement to the class and providing meaningful care under the Baseline Assessment Program as well as compensation for CTE. Dkt. No. 6420. For example, the NFL will receive almost $1 billion over the next four years from Verizon Wireless, just for mobile phone streaming rights to Sunday afternoon and playoff games. *Id.* at 6. This Court and the Class are entitled to consider the defendant's ability to pay in considering the fairness of the settlement, and insurance bears on that.

---

[3] Harrison, *NFL Concussion Settlement Funds Will Come from Insurers and Higher Ticket Prices*, BusinessInsurance.com (Aug. 17, 2014), http://www.businessinsurance.com/article/ 20140817/NEWS06/140819894?tags=%257C329%257C75%257C302%257C304%257C92.

WHEREFORE, for the reasons stated above, Objectors request an order requiring the NFL and NFL Properties, LLC, to disclose: (1) documents showing the full extent of their knowledge regarding Chronic Traumatic Encephalopathy ("CTE") and its link to playing football; (2) any documents in their possession relating to any interactions between the NFL and ESPN involving the PBS documentary and book *League of Denial*, authored by Mark Fainaru-Wada and Steve Fainaru; and (3) documents reflecting the extent to which insurance may pay for some or all of the Settlement.

<div style="display: flex;">
<div>

Dated: December 9, 2014

William T. Hangley
Michele D. Hangley
HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER
One Logan Square
18th & Cherry Streets
27th Floor
Philadelphia, PA 19103
(215) 496-7001 (telephone)
(215) 568-0300 (facsimile)
whangley@hangley.com
mdh@hangley.com

</div>
<div>

/s/ Steven F. Molo

Steven F. Molo
Thomas J. Wiegand
Kaitlin R. O'Donnell
MOLOLAMKEN LLP
540 Madison Ave.
New York, NY 10022
(212) 607-8160 (telephone)
(212) 607-8161 (facsimile)
smolo@mololamken.com
twiegand@mololamken.com
kodonnell@mololamken.com

Martin V. Totaro
Eric R. Nitz
MOLOLAMKEN LLP
600 New Hampshire Ave., N.W.
Washington, DC 20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)
mtotaro@mololamken.com
enitz@mololamken.com

Linda S. Mullenix
2305 Barton Creek Blvd., Unit 2
Austin, TX 78735
(512) 263-9330 (telephone)
lmullenix@hotmail.com

</div>
</div>

*Attorneys for Movants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2014, I caused the foregoing Motion for Order Requiring the NFL To Disclose Documents to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel and parties.

/s/ Steven F. Molo