UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>　　　　Defendants. | Civil Action No. 2:14-cv-00029-AB |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**MOTION OF SEAN MOREY, ALAN FANECA, BEN HAMILTON, ROBERT ROYAL, RODERICK CARTWRIGHT, JEFF ROHRER, AND SEAN CONSIDINE FOR AN ORDER REQUIRING DISCLOSURE OF PAYMENTS TO, AND FINANCIAL RELATIONSHIPS WITH, EXPERTS**

Sean Morey, Alan Faneca, Ben Hamilton, Robert Royal, Roderick Cartwright, Jeff Rohrer, and Sean Considine (collectively, "Movants") respectfully move to seek disclosure of any compensation Class Counsel and the NFL paid to their experts or their experts' employees for their assistance and/or preparation of materials relating to the November 19, 2014 fairness hearing and any subsequent briefing.

　　　　1.　　In support of their Motion for an Order Granting Final Approval of Settlement and Certification of Class and Subclasses, and Memorandum of Law in Support of Final Approval of the Class Action Settlement Agreement and in Response to Objections, Class

Counsel and the NFL submitted eleven expert declarations, including eight medical expert declarations, many of which purported to address the link between CTE and brain trauma.[1]  At the fairness hearing, both the NFL and Class Counsel emphasized that the Settlement should be rejected or approved based on current science – including whether there is a link between brain trauma and playing in the NFL.  *See, e.g.*, Fairness Hearing Tr. 33 (Class Counsel noting that this is "a science-driven case"); *id.* at 188 (counsel for the NFL relying on "the current state of scientific knowledge").

2. Objectors submitted two expert declarations before the fairness hearing and eleven more after the fairness hearing, all demonstrating that, among other things, playing in the NFL is a cause of CTE.[2]  Objectors voluntarily disclosed that they did not pay their experts ***anything***.  *See, e.g.*, Dkt. No. 6455, at 5-7.  The NFL and Class Counsel, by contrast, have remained silent – even after being directly challenged on this very point – as to what compensation their experts received in exchange for their services.  Fairness Hearing Tr. 73-74; Dkt. No. 6455, at 11.

3. Class Counsel also submitted a declaration from a law professor – who conceded the Settlement was flawed in its treatment of time spent playing in NFL Europe, *see* Klonoff

---

[1] The NFL Parties submitted three medical expert declarations in support of their motion for final approval of the Settlement Agreement.  *See* Millis Decl. (Dkt. No. 6422-34); Schneider Decl. (Dkt. No. 6422-35); Yaffe Decl. (Dkt. No. 6422-36).  Class Counsel submitted five medical expert declarations in support of their position.  *See* Fischer Decl. (Dkt. No. 6423-17); Giza Decl. (Dkt. No. 6423-18); Hovda Decl. (Dkt. No. 6423-19); Keilp Decl. (Dkt. No. 6423-20); Hamilton Decl. (Dkt. No. 6423-25).  Class Counsel also submitted three additional non-medical expert affidavits.  *See* Klonoff Decl. (Dkt. No. 6423-9); Kinsella Decl. (Dkt. No. 6423-12); Vasquez Decl. (Dkt. No. 6423-21).

[2] *See* Stern Decl. (Dkt. No. 6201-16); Gandy Decl. (Dkt. No. 6232-1); Stern Supp. Decl. (Dkt. No. 6455-1); Gandy Supp. Decl. (Dkt. No. 6455-2); Hof Decl. (Dkt. No. 6455-3); Zhang Decl. (Dkt. No. 6455-4); Shenton Decl. (Dkt. No. 6455-5); Bernick Decl. (Dkt. No. 6455-6); Weiner Decl. (Dkt. No. 6455-7); Stone Decl. (Dkt. No. 6455-8); Wisniewski Decl. (Dkt. No. 6455-9); DeKosky Decl. (Dkt. No. 6455-10); Gordon Decl. (Dkt. No. 6455-11).

Decl. ¶ 16 ("[T]he parties should consider modifications to the settlement agreement to address the NFL Europe issue.") (Dkt. No. 6423-9) – as well as a declaration from the president of an advertising and legal notification firm who addressed implementation of the Settlement's Notice Program, *see* Kinsella Decl. (Dkt. No. 6423-12), and a declaration from a management consultant who assessed the Settlement's Monetary Award Matrix, *see* Vasquez Decl. (Dkt. No. 6423-21).

4. To promote transparency in a settlement that has been a black box to all but the select few who directly participated in its negotiation, this Court should require disclosure of payments made by the NFL and/or Class Counsel to experts who have submitted declarations in support of the Settlement.[3]

5. The law recognizes the importance of disclosing expert compensation to assess bias and credibility. For example, Rules 26(a)(2)(B)(v) and 26(a)(2)(B)(vi) require that an expert who is "retained or specially employed to provide expert testimony in [a] case" provide "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition," Fed. R. Civ. P. 26(a)(2)(B)(v), as well as "a statement of the compensation to be paid for [his or her] study and testimony in the case," Fed. R. Civ. P. 26(a)(2)(B)(vi). Similarly, Rule 26(b)(4)(C)(i) makes communications between an expert and an attorney regarding "compensation for the expert's study or testimony" in a case discoverable. Fed. R. Civ. P. 26(b)(4)(C)(i). That discovery "is not limited to compensation for work forming the opinions to be expressed, but extends to all compensation for the study and testimony

---

[3] *See, e.g., Rector Church Wardens v. Hussman Corp.*, No. 91-7310, 1993 WL 29147 (E.D. Pa. Feb. 4, 1993) (directing plaintiff to respond to interrogatories seeking discovery of expert compensation to examine bias or impartiality); *Behler v. Hanlon*, 199 F.R.D. 553 (D. Md. 2001) (ordering defense expert in personal injury case to produce percentage of gross income earned for each of the preceding five years that related to expert witness services provided on behalf of insurance companies or attorneys defending personal injury cases to assess bias or prejudice).

provided in relation to the action," including "work done by a person or organization associated with the expert." Fed. R. Civ. P. 26 (2010 amendment note).

6. The purpose of disclosing expert compensation "is to permit full inquiry into . . . potential sources of bias." *Id.*; *see also Cary Oil Co. v. MG Ref. & Mktg., Inc.*, 257 F. Supp. 2d 751, 756-57 (S.D.N.Y. 2003) (describing Rule 26's requirement of expert compensation disclosure as going beyond mere billing rates to also encompass a witness's possible bias or improper interest in a litigation). Concerns over bias, partiality, or other improper interests are thus grounds supporting disclosure of expert compensation.[4]

7. In this case, the NFL and Class Counsel should be required to disclose what compensation their experts or experts' employees received in exchange for their support of a settlement rife with problems.

8. Class Counsel's apparent hesitancy to disclose what compensation its experts or experts' employees may have received in exchange for their support is disconcerting. Class Counsel "owe[s] *the entire class*" – not simply a select portion of class members – a fiduciary duty to act in its best interests and establish a settlement that is fair, adequate, and reasonable. *Greenfield v. Villager Indus., Inc.*, 483 F.2d 824, 832 (3d Cir. 1973) (emphasis added); *In re Cendant Corp. Litig.*, 264 F.3d 201, 231 (3d Cir. 2001) (similar). If the Settlement truly is fair,

---

[4] *See, e.g., United States v. 412.93 Acres of Land*, 455 F.2d 1242, 1247 (3d Cir. 1972) (affirming trial court's granting disclosure of an expert witness's per diem fee to show possible bias); *Hunt v. McNeil Consumer Healthcare*, No. 11-0457, 2012 WL 234264, at *4 (E.D. La. June 20, 2012) (ordering production of records showing compensation paid to expert in other litigations involving similar claims following defendants' argument that such records "may give light to a lack of impartiality and/or bias"); *Thayer v. Liggett & Myers Tobacco Co.*, 13 Fed. R. Serv. 2d 976 (W.D. Mich. 1970) (stating "compensation, in whatever form, received by defendants' experts . . . was relevant to the credibility of their testimony" as such compensation may "dilute the[ir] persuasiveness").

4

adequate, and reasonable for all class members, the NFL and Class Counsel should have no reason to oppose disclosing expert compensation.

WHEREFORE, for the reasons set forth herein, Movants respectfully request that the Court require Class Counsel and the NFL to disclose: (i) any direct or indirect financial payments or donations made to their experts, their experts' employees or associates, or organizations with which their experts are affiliated, which were made since January 1, 2009; and (ii) any agreements, formal or informal, to make direct or indirect payments or donations to their experts, their experts' employees or associates, or organizations with which their experts are affiliated, at any time in the future.

Dated:  December 9, 2014

William T. Hangley
Michele D. Hangley
HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER
One Logan Square
18th & Cherry Streets
27th Floor
Philadelphia, PA 19103
(215) 496-7001 (telephone)
(215) 568-0300 (facsimile)
whangley@hangley.com
mdh@hangley.com

/s/ Steven F. Molo

Steven F. Molo
Thomas J. Wiegand
Kaitlin R. O'Donnell
MOLOLAMKEN LLP
540 Madison Ave.
New York, NY 10022
(212) 607-8160 (telephone)
(212) 607-8161 (facsimile)
smolo@mololamken.com
twiegand@mololamken.com
kodonnell@mololamken.com

Martin V. Totaro
Eric R. Nitz
MOLOLAMKEN LLP
600 New Hampshire Ave., N.W.
Washington, DC 20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)
enitz@mololamken.com

Linda S. Mullenix
2305 Barton Creek Blvd., Unit 2
Austin, TX 78735
(512) 263-9330 (telephone)
lmullenix@hotmail.com

*Attorneys for Movants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2014, I caused the foregoing Motion to Seek Disclosure of Payments to Experts to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel and parties.

/s/ Steven F. Molo