

Steven F. Molo
Molo Lamken LLP
540 Madison Avenue
New York, NY 10022
T: 212.607.8160
F: 212.607.8161
smolo@mololamken.com
www.mololamken.com

December 23, 2014

The Honorable Anita B. Brody
U.S. District Judge
7613 U.S. Courthouse
601 Market Street
Philadelphia, PA  19106

      Re:   *In re National Football League Concussion Injury Litigation*,
              No. 2:12-md-2323

Dear Judge Brody:

      We write to inform you of recent supplemental authority that bears on whether the Settlement in the above-captioned case should be approved. In *In re: NCAA Student-Athlete Concussion Injury Litigation*, Judge Lee of the Northern District of Illinois denied preliminary approval to a proposed class-action settlement. *See* Memorandum Opinion, *In re: NCAA Student-Athlete Concussion Injury Litig.*, No. 1:13-cv-09116 (N.D. Ill. Dec. 17, 2014), Dkt. No. 115 (attached hereto as Exhibit A).

### Background

      Following the Fairness Hearing, Objectors submitted a supplemental brief supported by declarations of nine of the world's most prominent neurologists and neuropsychologists who further affirmed that CTE is a unique neurodegenerative disease – distinct from ALS, Alzheimer's, or Parkinson's disease – and that repetitive brain trauma is a necessary condition for developing CTE. Dkt. No. 6455, at 6-7. They also affirmed that mood and behavioral impairments manifested more frequently in individuals suffering from CTE, and that such symptoms can cause significant disability for patients long before the onset of CTE-related dementia. *Id.* Finally, they reiterated the scientific judgment that an accepted diagnostic test for CTE would be available long before the end of the 65-year Settlement term. *Id.* at 8. Dr. Stern and Dr. Gandy also submitted supplemental declarations opposing Counsel's distortions of their work at the Fairness Hearing. All eleven of these pre-eminent experts submitted their declarations for free. *Id.* at 9.

      Class Counsel and the NFL each submitted their own supplemental brief in response to the post-hearing supplemental brief of Objectors. Dkt. Nos. 6466, 6467.

The Honorable Anita B. Brody        - 2 -        December 23, 2014

Perhaps not surprisingly, neither Class Counsel nor the NFL made a serious attempt at refuting the overwhelming consensus about the medical science concerning CTE, which was most forcefully set forth in Objectors' post-hearing brief. Indeed, neither could muster a single expert to state, in essence, "the world is flat."[1]

The confusion in their own position concerning CTE and how it is treated in the Settlement persisted in the post-hearing briefs of Class Counsel and the NFL. Of course, Class Counsel has conceded that CTE is "the most serious and harmful disease that results from NFL and concussions."[2] And in their filings prior to the Fairness Hearing, both the NFL and Class Counsel stated clearly that – except for those who died before July 7, 2014 – the Settlement does not compensate CTE. *See* Seeger Decl. ¶ 9 (Dkt. No. 6423-3); NFL Brief at 77-78 (Dkt. No. 6422). Yet the NFL, in its post-hearing brief, now claims that "CTE [i]s [i]ncluded in the Settlement." Dkt. No. 6466, at 5.

As Objectors explained at the Fairness Hearing and in their post-hearing brief, this attempt to back into some type of faux compensation for CTE simply does not work. First, it does not address why a class member gets up to $4 million for death with CTE on July 7, 2014, but gets $0 for death with CTE one day later. Second, the possibility of compensation for dementia simply does not equal compensation for CTE, as this chart demonstrates:



---

[1] The weak-kneed briefs of Class Counsel and the NFL were stunning in their failure to engage on central issues. For example, they **offer no response** to the challenge to the discriminatory short-changing of class members who played in NFL Europe – a defect their own expert says must be addressed. Nor do they even attempt to justify the lack of any named plaintiff alleging that they have CTE or are at an increased risk of suffering from CTE. And despite being challenged to do so at the Fairness Hearing and later in a motion before this Court, neither Class Counsel nor the NFL have disclosed the pay and other economic incentives of their experts.

[2] Co-Lead Class Counsel Seeger Weiss used to have on its website a tutorial relating to MTBI and football. *Up-To-Date Information on NFL Concussions*, Seeger Weiss LLP, (Sept. 9, 2014), http://www.seegerweiss.com/football-concussions/#ixzz3CByVHxui (emphasis added) (Dkt. No. 6201-2, Ex. 1).

The Honorable Anita B. Brody         - 3 -         December 23, 2014

### The NCAA Decision

The NCAA case involves allegations that the NCAA improperly handled college player concussions and concussion-related risks. The Settlement – reached after what the court described as "extensive discovery" – provides medical monitoring and other associated relief for the class. Slip. Op. at 1. The court rejected preliminary approval, noting: "[a] district court may not abandon the Federal Rules merely because a Settlement seems fair, or even if the Settlement is a 'good deal.' Indeed, the Rule 23 requirement may be even more important for Settlement classes, for which . . . the district court must act almost as a fiduciary of the class when approving settlements." Slip. Op. at 9-10 (citations omitted). It then addressed its questions about fairness, raising several issues relevant to the questions before this Court.

*First*, the court recognized CTE as a unique degenerative disease with symptoms that may be delayed "for many years." Slip. Op. at 18. The court faulted the Settlement's failure to account for the possible delayed manifestation of CTE. *Id*.

*Second*, the court rejected the Settlement's discriminatory treatment of certain class members, finding that not conferring benefits to players of so-called non-contact sports who lacked a representative at the bargaining table rendered it unfair.[3] Slip. Op. at 11. Similarly, the Settlement here discriminates within the class – and the rights of class members with CTE, those who played in NFL Europe, and those who experienced strokes or non-NFL traumatic brain injuries had their rights bargained away without adequate representation.

*Third*, the court ruled the settling parties failed to demonstrate that the $70 million fund established for a 50-year medical monitoring program would cover the actual costs of the program over 50 years. Slip. Op. at 12. Similarly, the capped BAP cannot possibly offer all of the benefits claimed by Class Counsel and the NFL over the 65-year life of the Settlement.

---

[3] Conflating the position of amicus Public Citizen and other objectors with the Morey Objectors, Class Counsel assert that a conflict-free set of class representatives would require "a separate subclass for each injury and condition" with a "dozen or so subclasses." Dkt. No. 6467, at 15. While Public Citizen has advanced a form of this argument, *see* Dkt. No. 6214, at 2-5, to be clear, Objectors have not. To the contrary, Objectors have consistently maintained that only "fundamental conflict[s]" prevent class certification, *see Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 184, 187-88 (3d Cir. 2012) – including the complete failure of the Settlement to compensate current and future cases of CTE even though CTE is "the most serious and harmful disease that results from NFL and concussions." *See* p. 3 n.3, *supra*. Extensive subclassing simply is unnecessary here. As Objectors have made clear, there are relatively simple solutions that would go a long way to curing the major flaws in the Settlement. *See* Dkt. No. 6455, at 30-31.

The Honorable Anita B. Brody           - 4 -                    December 23, 2014

*Fourth*, the court criticized the fact that the medical evaluations contemplated in the Settlement would only be administered at certain locations.  Slip. Op. at 18-19.  This criticism mirrors Objectors' concern regarding the nationwide scarcity of neurologists certified to render a Qualifying Diagnosis under the terms of the Settlement.

## Conclusion

Like the Settlement in *In re: NCAA Student-Athlete Concussion Injury Litigation*, the Settlement here is unfair, inadequate, and unreasonable.  It, too, should be rejected.

               Respectfully submitted,

               /s/ Steven F. Molo
               Steven F. Molo

Cc:     Christopher Seeger (via ECF)
        Brad Karp (via ECF)