UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : : | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | : : : : : | |

**CO-LEAD CLASS COUNSEL'S RESPONSE TO MOTION OF
SEAN MOREY, ALAN FANECA, BEN HAMILTON, ROBERT ROYAL,
RODERICK CARTWRIGHT, JEFFREY ROHRER, AND SEAN CONSIDINE
FOR AN ORDER REQUIRING DISCLOSURE OF PAYMENTS TO, AND FINANCIAL
RELATIONSHIPS WITH, EXPERTS**

**I.      INTRODUCTION**

Co-Lead Class Counsel respectfully submit this Response to the Motion of Sean Morey, Alan Faneca, Ben Hamilton, Robert Royal, Roderick Cartwright, Jeffrey Rohrer, and Sean Considine ("Movants" or "Morey Objectors"), for discovery relating to payments to, and financial relationships with, experts [ECF No. 6462].[1]  These Movants previously sought to obtain similar discovery in anticipation of the Fairness Hearing [ECF No. 6169], which request was denied by this Court [ECF No. 6245].   The current motion to discover the compensation paid to Co-Lead Class Counsel's and the NFL Parties' experts is equally wanting and should suffer the same result.

For the reasons set forth below, the motion should be denied.

---

[1]  Mr. Morey and three of the other Movants previously have opted out of the class action settlement, and therefore have no standing to object to the settlement, nor have they standing to seek discovery relevant to such an objection.  *See* Final Fairness Hearing Transcript at 89-90.

## II. FACTUAL BACKGROUND

The Morey Objectors' efforts to disrupt and derail the class action settlement with the NFL Parties are well known to this Court. Previously, this Court has had to address the Morey Objectors' efforts 1) to intervene into the action [ECF No. 6107], 2) to take extensive discovery from the proponents of the settlement [ECF No. 6245], 3) to maintain a counterfeit website to improperly communicate with class members by seeking opt-outs and objections [ECF No. 6334], and 4) to appeal this Court's order preliminarily approving the class action settlement.

On November 12, 2014, Co-Lead Class Counsel and the NFL Parties separately submitted their papers (including expert declarations and reports) in support of final approval of the settlement and certification of the class and subclasses [ECF No. 6423]. Thereafter, on November 19, 2014, this Court conducted a Fairness Hearing to determine the reasonableness of the settlement in accordance with FED. R. CIV. P. 23 and *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975). Following the Fairness Hearing, in accordance with this Court's orders of October 9, 2014 [ECF No. 6203] and November 24, 2014 [ECF No. 6444], the Morey Objectors submitted supplemental briefing in which, *inter alia*, they challenged the absence of the terms of expert compensation by the proponents of the settlement. [ECF No. 6455 at 9-11]. On December 12, 2014, both the NFL and Co-Lead Class Counsel responded to all of the supplemental briefing, including that of the Morey Objectors' particular issue related to expert compensation. Specifically, Co-Lead Class Counsel responded to the objection, as follows:

> The Morey Objectors mistakenly contend that Co-Lead Class Counsel's and the NFL Parties' experts are biased because they received compensation. Morey Supp. Brief, at 9. The premise underlying their contention is, of course, specious: "[b]ias cannot be presumed from the fact that an expert receives compensation from one party." *Goble v. Aztec Min. Co., Inc.*, 454 Fed. Appx. 500 (6th Cir. 2012) (*citing Greene v. King James Coal Mining, Inc.*, 575 F.3d 628, 637 n.6 (6th Cir. 2009). *See also*

> *Richardson v. Perales*, 402 U.S. 389, 403 (1971) ("We cannot, and do not, ascribe bias to the work of these independent physicians, or any interest on their part in the outcome of the administrative proceeding beyond the professional curiosity a dedicated medical man possesses" for receiving compensation to testify in legal proceeding); *Banks v. United States*, 102 Fed. Cl. 115, 170 n.85 (2011) ("[T]he fact that [witness] was paid for his services as an expert is not, without more, evidence of bias.").

Nor, for example, is the Objectors' inference of bias by Drs. Hovda and Giza reasonable simply because they are employed by UCLA, which institution (not the individuals) received a philanthropic donation by the owner of the New York Giants. Such cavalier assertions of bias are not well taken. Moreover, these assertions of bias emanate from Objectors whose own experts' biases are acknowledged – they "so strongly believe" in their position that they have relinquished any request for compensation. Morey Supp. Brief, at 9. These experts' immediate renouncement of payment does not preclude them from delayed gratification. An ulterior purpose appears to be lurking: these experts are using this litigation as a platform by which they can attempt to garner acceptance of their still formative theories in the medical community.

The present record fully supports the generally accepted principles pronounced by the NFL and Co-Lead Class Counsel's experts. There is no support for this Court to be dissuaded from relying on these experts' opinions based upon the speculative assertions of bias by Mr. Molo. *See* Co-Lead Class Counsel's Reply Brief in Further Support of Motion for an Order Granting Final Approval of Settlement and Certification of Class and Subclasses and Omnibus Response to Post-Fairness Hearing Submissions at 36-37 [ECF No. 6467]. Despite our refuting the relevancy of the information, and after already being instructed by this Court's order denying discovery akin to that sought in the instant motion, the Morey Objectors nevertheless maintain that they are

3

entitled to discovery related to the compensation paid to the experts of the proponents of the settlement. They are not.

**III.     ARGUMENT**

There is no absolute right to discovery by objectors to a proposed class action settlement. *In re Community Bank of Northern Virginia*, 418 F.3d 277, 316 (3d Cir. 2005); *In re Lorazepam & Clorazepate Antitrust Litig*., 205 F.R.D. 24, 26 (D.D.C. 2001). *See In re General Tire & Rubber Co. Sec. Litig.,* 726 F.2d 1075, 1084 n. 6 (6th Cir. 1984) ("While objectors are entitled to 'meaningful participation' in the settlement proceedings ... and 'leave to be heard' ... they are not automatically entitled to discovery or 'to question and debate every provision of the proposed compromise.'"). Indeed, this Court has properly employed its discretion to restrict discovery in this matter to instead focus on the merits of the settlement itself. *See In re Community Bank*, 418 F.3d at 316 (district court has the discretion to "employ the procedures that it perceives will best permit it to evaluate the fairness of the settlement") (quoting *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 563 (D.N.J. 1997)). *See also* A. Conte and H. Newberg, NEWBERG ON CLASS ACTIONS § 11.57 (4th ed. 2002)("The objector does not have an absolute right to discovery and presentation of evidence. The court, in its discretion, may limit the discovery or presentation of evidence to that which may assist it in determining the fairness and adequacy of the settlement."). The Court should continue to refuse to permit distracting discovery such as that sought by Movants in the motion *sub judice*.

Movants' additional argument – that the settlement proponents' experts' compensation must be disclosed to comport with FED. R. CIV. P. 26 – also is misplaced. The expert materials assembled for purposes of the Fairness Hearing are not required to fit within the strictures of Rule 26's framework for presentations leading to trial because, after all, settlement is intended to avoid

trial.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Sullivan v. DB Investment, Inc*., 667 F.3d 273, 310-12 (3d Cir. 2011)(en banc).   Nor is the Fairness Hearing intended to become a substitute for a trial.   *See Bell Atlantic Corp. v. Bolger,* 2 F.3d 1304, 1315 (3d Cir. 1993)("[t]he temptation to convert a settlement hearing into a full trial on the merits must be resisted.") (quoting *Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust Co.*, 834 F.2d 677, 684 (7th Cir. 1987)); *see also Union Asset Management Holding A.G. v. Dell, Inc*., 669 F.3d 632 (5th Cir. 2012)("[A] fairness hearing is not a full trial proceeding.").   Movants' adherence to the strictures of Rule 26 in the context of the Fairness Hearing is therefore mistaken.

Thus, Co-Lead Class Counsel submit that Movants have failed to justify this Court requiring the production of unnecessary and distracting discovery.   The broad-based, impermissible discovery sought by the instant motion will not assist this Court in conducting the requisite Rule 23 or *Girsh* analyses, and as such, the motion should be denied.

## IV.     CONCLUSION

Finding that the settlement is fair, reasonable and adequate may be determined from the terms of the Settlement agreement, not from the level of compensation received by the parties' experts.   There is no need for discovery of this information.   The motion should be denied.

Dated: December 24, 2014

Respectfully submitted,
/s/ Christopher A. Seeger
Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

**Co-Lead Class Counsel**

Sol Weiss
ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, PA 19103
Phone: (215) 735-1130
Fax: (215) 735-2024
sweiss@anapolschwartz.com

**<u>Co-Lead Class Counsel</u>**

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true copy of the foregoing document was served electronically via the Court's electronic filing system on the 24th day of December, 2014, upon all counsel of record.

Dated: December 24, 2014                             /s/ Christopher A. Seeger

                                                                         Christopher A. Seeger