# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br>　　　　　　　　　　Defendants. | CIVIL ACTION NO: 14-cv-0029<br><br><br><br>**Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS |  |

**NATIONAL FOOTBALL LEAGUE AND NFL PROPERTIES LLC'S
RESPONSE IN OPPOSITION TO THE MOTION OF SEAN MOREY, ALAN
FANECA, BEN HAMILTON, ROBERT ROYAL, RODERICK CARTWRIGHT,
JEFF ROHRER, AND SEAN CONSIDINE FOR AN ORDER
REQUIRING DISCLOSURE OF PAYMENTS TO, AND FINANCIAL
<u>RELATIONSHIPS WITH, EXPERTS (DOC. NO. 6462)</u>**

Defendants National Football League ("NFL") and NFL Properties LLC (together with the NFL, the "NFL Parties") respectfully submit this Response in Opposition to the Motion for an Order Requiring Disclosure of Payments to, and Financial Relationships with, Experts filed by Sean Morey, Alan Faneca, Ben Hamilton, Robert Royal, Roderick Cartwright, Jeffrey Rohrer, and Sean Considine (the "Morey Objectors").[1]  For the reasons set forth below, the Motion should be denied.

## PRELIMINARY STATEMENT

This Court has already considered and rejected repeated efforts by the Morey Objectors to obtain expansive discovery that is inappropriate and unhelpful in evaluating the fairness of the Class Action Settlement Agreement, which was preliminarily approved by this Court on July 7, 2014.  Despite this Court's prior ruling denying discovery, the Morey Objectors have again moved this Court for unnecessary discovery—this time concerning any fees paid by the NFL Parties to their experts for assistance and/or preparation of materials relating to the Fairness Hearing and any subsequent briefing.  As the NFL Parties explained in their response to the previously-denied motion,[2] the Morey Objectors must show that, without their requested discovery,

---

[1] As a preliminary matter, this Court should not entertain discovery requests purportedly seeking information relevant to the fairness, reasonableness and adequacy of the Settlement when those requests are filed on behalf of individuals who have noticed their intent to opt out of the Settlement—here, by Sean Morey, Ben Hamilton, Robert Royal and Roderick Cartwright. (*See* Fourth Opt Out Report Submitted by the Claims Administrator, Ex. 1, Doc. No. 6465-1.)  They do not have standing to seek such discovery, and their continued efforts to disrupt the Settlement process are improper.

[2] (Resp. of NFL Parties in Opp'n to Mot. for Leave to Conduct Limited Disc. at 1-3, Doc. No. 6185.)

the record would be inadequate to determine if the Settlement is fair, reasonable and adequate—a standard the Morey Objectors cannot meet.

Here, the Morey Objectors seek fee information under the misguided theory that payment somehow makes the NFL Parties' highly credentialed and objective experts biased. Not so. Payment of expert fees to professionals for secondary work that takes them away from their primary responsibilities is standard practice and does not show bias. Accordingly, the Morey Objectors have not—and cannot—demonstrate that this information will aid the Court in determining the fairness of the Settlement, and their Motion should, therefore, be denied.

## ARGUMENT

The Morey Objectors request disclosure of all expert fees paid by the NFL Parties for assistance and/or preparation of materials relating to the Fairness Hearing and any subsequent briefing.[3] (*See* Mot. for Disclosure of Financial Relationships with Experts at 1, Doc. No. 6462.) This request should be denied. Objectors do not have an absolute right to discovery in the context of opposing a class action settlement. *See, e.g.*, *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 316 (3d Cir. 2005); *see also In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 24, 26 (D.D.C. 2001) ("Class members who

---

[3] Although the Morey Objectors spend most of the Motion trying to defend this request, they misleadingly conclude by requesting discovery well beyond expert fees relating to assistance or preparation of materials having to do with the Fairness Hearing. Specifically, in the Motion's final paragraph, the Morey Objectors (for the first time) purport to seek "(i) any direct or indirect financial payments or donations made to [the NFL Parties'] experts, their experts' employees or associates, or organizations with which their experts are affiliated, which were made since January 1, 2009; and (ii) any agreements, formal or informal, to make direct or indirect payments or donations to [the NFL Parties'] experts, their experts' employees or associates, or organizations with which their experts are affiliated, at any time in the future." (Mot. for Disclosure of Financial Relationships with Experts at 5, Doc. No. 6462.) The Morey Objectors have failed to justify either request.

object to a class action settlement do not have an absolute right to discovery."); Newberg on Class Actions § 13:32 (5th ed.) (same).

Instead, in contrast to pre-trial discovery as contemplated by Rule 26 of the Federal Rules of Civil Procedure, the "touchstone for discovery" in the class action settlement context "is that it will ultimately assist the court in determining the fairness of the settlement." Newberg on Class Actions § 13:32 (5th ed.); *see also* Manual for Complex Litigation § 21.643 (4th ed.) ("Discovery should be minimal and conditioned on a showing of need, because it will delay settlement, introduce uncertainty, and might be undertaken primarily to justify an award of attorney fees to the objector's counsel.").

Discovery of experts' compensation will not aid the Court in evaluating the fairness of the Settlement at issue here. The NFL Parties' experts are leading practitioners or researches in their fields and have offered objective opinions in their declarations; bias is not to be presumed from the mere fact that an expert receives compensation. *See, e.g.*, *Goble* v. *Aztec Mining Co., Inc.*, 454 F. App'x 500, 502 (6th Cir. 2012) ("Bias cannot be presumed from the fact that an expert receives compensation from one party."); *Greene* v. *King James Coal Mining, Inc.*, 575 F.3d 628, 637 n.6 (6th Cir. 2009) ("The Supreme Court has held [] that bias cannot be presumed merely because an expert is compensated for his opinion." (citing *Richardson* v. *Perales*, 402 U.S. 389, 403 (1971))); *see also Banks* v. *United States*, 78 Fed. Cl. 603, 643 (Fed. Cl. 2007) ("the fact that [an expert] was paid for his services as an expert is not, without more, evidence of bias").

Indeed, it is standard for experts to receive hourly compensation for secondary work that takes them away from their primary responsibilities. *See generally*

28 U.S.C. § 2412(d)(2)(A) (defining "fees and other expenses" to include reasonable expert fees "necessary for the preparation of the party's case"); C.J.S. Witnesses § 86 ("[A]n expert witness is entitled to reasonable compensation for court appearances and work in preparation of his or her testimony."); Fed. Evid. § 6:78 (4th ed.) ("[I]t is of course not only permissible, but indeed standard practice, to pay witnesses for aid in preparing the case."). Cases cited by Objectors are not to the contrary—in fact, they explicitly acknowledge that even fees that may appear "exorbitant" are unobjectionable. *Behler* v. *Hanlon*, 199 F.R.D. 553, 561-62 (D. Md. 2001) ("By their very nature, expert witnesses are knowledgeable of information that is scientific, technical, or specialized, generally acquired by long, hard study and experience. When asked to provide expert testimony, they are in a position to request compensation that matches their qualifications, which can seem shockingly high to those not familiar with the costs of modern litigation.").

The cases cited by Objectors are also inapposite. Those cases arose in the context of pre-trial discovery, where the "primary purpose" of disclosure pursuant to Rule 26 is to "facilitate effective cross-examination and rebuttal of expert testimony" *at trial*. *Rector Church Warden's* v. *Hussman Corp.*, No. 2:91-cv-07310, 1993 WL 29147, at *2 (E.D. Pa. Feb. 4, 1993). But the case law is clear that settlement proceedings are not mini-trials on the merits. *Bell Atl. Corp.* v. *Bolger*, 2 F.3d 1304, 1315 (3d Cir. 1993) (stating that the "temptation to convert a settlement hearing into a full trial on the merits must be resisted" (quoting *Mars Steel Corp.* v. *Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 834 F.2d 677, 684 (7th Cir. 1987)) (internal quotation marks omitted)). Thus, the scope of discovery contemplated by Rule 26 is inappropriate in the settlement context. *See In*

*re Amsted Indus., Inc. Litig.*, 521 A.2d 1104, 1107 (Del. Ch. 1986) ("the full scope of discovery afforded by Rule 26(b), which is designed to place a litigant in position to litigate his claims at trial, is not appropriate" outside of the trial setting because the question currently before the Court is "not the final determination of the merits of claims or defenses asserted in such litigation, but, rather, an assessment of the overall fairness of the compromise" (citation omitted)).

In sum, the Morey Objectors have raised no colorable claim that the NFL Parties' experts are biased or that information related to their payments has any bearing whatsoever on the fairness of the Settlement pending before this Court.

## CONCLUSION

For the foregoing reasons, the NFL Parties respectfully submit that this Court should deny the Morey Objectors' Motion for an Order Requiring Disclosure of Payments to, and Financial Relationships with, Experts.

Dated:  December 24, 2014　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Brad S. Karp
　　　　　　　　　　　　　　　　　　　　　　Brad S. Karp
　　　　　　　　　　　　　　　　　　　　　　Theodore V. Wells Jr.
　　　　　　　　　　　　　　　　　　　　　　Bruce Birenboim
　　　　　　　　　　　　　　　　　　　　　　Lynn B. Bayard
　　　　　　　　　　　　　　　　　　　　　　PAUL, WEISS, RIFKIND, WHARTON &
　　　　　　　　　　　　　　　　　　　　　　　　GARRISON LLP
　　　　　　　　　　　　　　　　　　　　　　1285 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　　　New York, NY  10019-6064
　　　　　　　　　　　　　　　　　　　　　　Main: 212.373.3000
　　　　　　　　　　　　　　　　　　　　　　Fax: 212.757.3990
　　　　　　　　　　　　　　　　　　　　　　bkarp@paulweiss.com
　　　　　　　　　　　　　　　　　　　　　　twells@paulweiss.com
　　　　　　　　　　　　　　　　　　　　　　bbirenboim@paulweiss.com
　　　　　　　　　　　　　　　　　　　　　　lbayard@paulweiss.com

Beth A. Wilkinson
PAUL, WEISS, RIFKIND, WHARTON &
    GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Main: 202.223.7300
Fax: 202.223.7420
bwilkinson@paulweiss.com

and

Robert C. Heim (Pa. Atty. ID 15758)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Main: 215.994.4000
Fax: 215.994.2222
Robert.heim@dechert.com

**Attorneys for National Football League and NFL Properties LLC**

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing document was served electronically via the Court's electronic filing system on the 24th day of December, 2014, upon all counsel of record.

Dated: December 24, 2014                    /s/ Brad S. Karp
                                                                             Brad S. Karp