UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br>                              Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br>                              Defendants. | : : : : : : : : : : : : : : | CIVIL ACTION NO: 14-cv-0029<br><br><br><br>**Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : : : | |

**NATIONAL FOOTBALL LEAGUE AND NFL PROPERTIES LLC'S
RESPONSE IN OPPOSITION TO THE MOTION OF SEAN MOREY,
ALAN FANECA, BEN HAMILTON, ROBERT ROYAL, RODERICK
CARTWRIGHT, JEFF ROHRER, AND SEAN CONSIDINE FOR AN
ORDER REQUIRING THE NFL TO DISCLOSE CERTAIN DOCUMENTS
RELEVANT TO WHETHER THE SETTLEMENT IS FAIR,
<u>ADEQUATE, AND REASONABLE (DOC. NO. 6461)</u>**

The National Football League ("NFL") and NFL Properties LLC (collectively, the "NFL Parties") submit this Response in Opposition to the Motion for an Order Requiring the NFL to Disclose Certain Documents Relevant to Whether the Settlement Is Fair, Adequate, and Reasonable filed by Sean Morey, Alan Faneca, Ben Hamilton, Robert Royal, Roderick Cartwright, Jeff Rohrer, and Sean Considine (the "Morey Objectors").[1] For the reasons set forth below, the Motion should be denied.

## PRELIMINARY STATEMENT

Approximately eight weeks after this Court denied their *first* motion for discovery, three weeks after the Fairness Hearing, and one week after the Court-ordered deadline for Objectors to submit supplemental briefing relating to final approval of the Settlement, the Morey Objectors have submitted yet another motion seeking discovery. These requests—largely concerning chronic traumatic encephalopathy ("CTE")—are mere repackages of the discovery requests that previously were denied by the Court. The Morey Objectors fail to provide this Court with any compelling explanation of why it should reverse itself and grant this eleventh-hour request. Nor could they, because their Motion has no merit.

As already set forth in the NFL Parties' brief opposing the prior discovery requests, the Morey Objectors have not shown (and cannot show) that discovery is

---

[1] As a preliminary matter, this Court should not entertain discovery requests purportedly seeking information relevant to the fairness, reasonableness and adequacy of the Settlement when those requests are filed on behalf of individuals who have noticed their intent to opt out of the Settlement—here, by Sean Morey, Ben Hamilton, Robert Royal and Roderick Cartwright. (*See* Fourth Opt Out Report Submitted by the Claims Administrator, Ex. 1, Doc. No. 6465-1.) They do not have standing to seek such discovery, and their continued efforts to disrupt the Settlement process are improper.

necessary to create an adequate record for the Court to determine if the Settlement is fair, reasonable and adequate—the relevant question for purposes of this Motion.  The record before this Court is substantial and more than sufficient to allow the Court to assess the fairness of the Settlement.  Class Counsel, the NFL Parties, and Objectors have submitted voluminous papers and thorough expert affidavits addressing the Settlement's fairness, including on issues relating to CTE, and they have meaningfully participated in a day-long Fairness Hearing held by this Court.  The Morey Objectors—like all Objectors—have been given the opportunity at every phase of the process to submit materials into the record before this Court, and they have done so to a great extent.

The Morey Objectors' discovery requests, at bottom, seek two categories of information.  First, they request discovery into the merits of the action.  Those requests—which focus on the NFL Parties' purported knowledge and concealment of CTE—seek information having no bearing on the fairness of the Settlement.  Rather, what is relevant to the Court's fairness determination is information on the state of the science regarding CTE and the Settlement's treatment of CTE—as well as the significant litigation risks faced by plaintiffs, including the NFL Parties' preemption defense[2]—and the record is already significantly and adequately developed with respect to these fairness issues.

---

[2] *See* Order re Mots. to Dismiss at 21-22, *Dent* v. *Nat'l Football League*, No. 3:14-cv-02324 (N.D. Cal. Dec. 17, 2014), Doc. No. 106 (dismissing claims of retired NFL football players as preempted by Section 301 of the Labor Management Relations Act because it would be "impossible" to resolve the plaintiffs' claims—including negligence- and fraud-based common law claims—"without taking into account the adequacy and scope of the [Collective Bargaining Agreement] duties already in place," including those related to player medical care).

Second, the Morey Objectors' seek documents reflecting the extent to which insurance may cover some or all of the NFL Parties' Settlement funding obligations. This request is equally misguided. Under the law of the Third Circuit, the ability of the NFL Parties to pay more does not mean that they are obligated to do so; instead, the Court balances that ability against the likelihood that a plaintiff could obtain a greater judgment at trial, and courts in this Circuit regularly find class action settlements to be fair even though the defendant has the practical ability to pay greater amounts. Here, it is already undisputed that the NFL Parties possess significant revenue streams. Information about the NFL Parties' access to insurance proceeds, therefore, will not materially alter the Court's analysis or assist the Court in determining the fairness of the Settlement.

Accordingly, the Morey Objectors' Motion should be denied.

## BACKGROUND

Since the Court preliminarily approved the Class Action Settlement on July 7, 2014, the Morey Objectors have made repeated requests for discovery seeking documents and information relating to the merits of Plaintiffs' claims. On September 13, 2014, the Morey Objectors filed their first motion seeking discovery, purportedly "in preparation for" the Fairness Hearing.[3] (Morey Objectors' Notice of Mot. for Leave to Conduct Limited Disc. at 1, Doc. No. 6169.) That motion included nine document

---

[3] In addition, the Morey Objectors filed a motion on October 21, 2014 seeking information related to the negotiation of the Settlement. (*See* Morey Objectors' Mot. to Order Class Counsel and the NFL to Produc. Evid., Doc. No. 6252.) That discovery request, as explained in the NFL Parties' opposition to that motion, was without support and should be denied. (*See* NFL Parties' Resp. in Opp'n to Mots. for Scheduling Conf. and to Order Class Counsel and NFL to Produc. Evid., Doc. No. 6332.) The motion remains pending.

3

requests, seven interrogatories, and several deposition notices.  (*Id.*, Ex. A, Doc. No. 6169-2 ("Morey Objectors' First Request").)  Much of the information the Morey Objectors sought related to the merits of Plaintiffs' case, including what the NFL Parties knew about the alleged connection between neurocognitive injuries, including CTE, and football.[4]

The NFL Parties opposed the Morey Objectors' motion on October 2, 2014, on the ground that discovery should be granted to objectors only when it is necessary to create an adequate record for the court to assess the fairness of the class action settlement—a standard for which the Morey Objectors fell far short.  (*See* NFL Parties' Resp. in Opp'n to Mot. for Leave to Conduct Limited Disc. (the "NFL Parties' Resp. in Opp'n") at 1-3, Doc. No. 6185.)  The NFL Parties explained that there is no presumption of discovery for Objectors simply because formal discovery has not occurred in the case—here because the Court had previously stayed discovery while ruling on the threshold legal issue of whether Plaintiffs' claims are preempted by Section 301 of the Labor Management Relations Act.  Instead, the Morey Objectors are required to show that without discovery the record would be inadequate to determine if the Settlement is fair, reasonable and adequate.  (*Id*. at 2, 4, 12-15.)  The Morey Objectors

---

[4] For instance, the Morey Objectors requested "player surveys, physician surveys, and data sets regarding the consequences of TBIs among football players," "documents reflecting any cost/benefit analyses performed concerning injuries resulting from TBIs and changes to NFL football, including changes to the rules of the game," "documents regarding projections of the incidence of CTE, Alzheimer's Disease, Parkinson's Disease, or ALS in retired NFL players," "[m]aterials provided by the NFL Parties to members of the MTBI Committee, and agendas and minutes of the meetings of the MTBI Committee," "documents reflecting communications by the NFL Parties to NFL players or teams concerning the risks, or lack thereof, associated with TBIs," and "documents reflecting health risks to football players associated with TBIs."  (*See* Morey Objectors' First Request, Doc. Reqs. #4-9.)

did not (and could not) make this showing because they sought material related to the merits of Plaintiffs' claims—rather than related to the Settlement's fairness—and Class Counsel and the NFL Parties would be submitting and presenting to the Court ample evidence to support the fairness of the Class Action Settlement.  (*Id*. at 2, 19-21.)  Moreover, the NFL Parties noted that the Objectors would have a meaningful opportunity to contest the Settlement's approval through briefing, the submission of affidavits, and participation at the Fairness Hearing.  (*See id*. at 12-15.)  On October 15, 2014, the Court denied the Morey Objectors' motion in its entirety.  (Order, Oct. 15, 2014, Doc. No. 6245.)

As previewed in the NFL Parties' Response in Opposition to the Morey Objectors' First Request, the parties soon thereafter filed substantial pleadings, including affidavits and other exhibits, which provided a detailed and wide-ranging record on the fairness, reasonableness and adequacy of the Settlement.  In sum, Class Counsel and the NFL Parties submitted 253 pages of briefing and 8 affidavits from medical or scientific experts, which addressed the state of the science with respect to Settlement-related issues, including with respect to CTE.  (*See* NFL Parties' Mem. of Law in Supp. of Final Approval of the Class Action Settlement Agreement and in Resp. to Objections (the "NFL Parties' Final Approval Mem."), Doc. No. 6422; Class Counsel's Mem. of Law in Supp. of Final Approval of Settlement and Certification of Class and Subclasses, Doc. No. 6423-1.)

Objectors also had a robust opportunity to meaningfully participate in the Settlement approval process.  (*See* NFL Parties' Resp. in Opp'n at 12-15; *see also* NFL Parties' Resp. in Opp'n to Mots. for Scheduling Conf. and to Order Class Counsel and

NFL to Produc. Evid. at 6-9, Doc. No. 6332.) Objectors submitted 82 written objections to the Settlement prior to the Fairness Hearing, including an 86-page objection filed by the Morey Objectors that attached two expert affidavits purporting to address the scientific connection between neurocognitive injuries—including CTE—and football. (*See* Morey Objections to Class Action Settlement, Doc. No. 6201; Morey Objectors' Suppl. to Oct. 6, 2014 Objection, Oct. 14, 2014, Doc. No. 6232.) The Court also allocated significant time at the Fairness Hearing for Objectors to speak. In fact, counsel for the Morey Objectors received 70 minutes to argue, while other Objectors and their counsel divided 90 additional minutes of argument time. (*See* Notice, Nov. 17, 2014 (Doc. No. 6428).) In addition, the Court permitted Objectors to file post-hearing supplemental briefing in response to the issues addressed in papers filed in support of final approval of the Settlement or arguments made at the Fairness Hearing, and many Objectors, including the Morey Objectors, did so. The Morey Objectors' supplemental brief was over 30 pages and attached 11 expert affidavits. (*See* Morey Objectors' Post-Fairness Hr'g Suppl. Br'g, Doc. No. 6455.)[5] Both Class Counsel and the NFL Parties filed replies, thereby concluding the scheduled briefing for the Court. (*See* NFL Parties' Reply Mem. of Law in Further Supp. of Final Approval of the Class Action Settlement Agreement and in Resp. to Objections, Doc. No. 6466; Class Counsel's Reply Br. in Further Supp. of Mot. for an Order Granting Final Approval of Settlement and

---

[5] In addition to this submission, the Morey Objectors filed other supplemental briefings on October 14, 2014, concerning the Settlement's testing protocols and compensation of CTE, and on November 11, 2014, addressing the reasons that the NFL Parties could purportedly withstand a greater judgment. (*See* Morey Objectors' Suppl. to Oct. 6, 2014 Objection, Oct. 14, 2014, Doc. No. 6232; Morey Objectors' Suppl. to Oct. 6, 2014 Objection, Nov. 11, 2014, Doc. No. 6420.)

Certification of Class and Subclasses and Omnibus Resp. to Post-Fairness Hr'g Submissions, Doc. No. 6467.)

On December 9, 2014, one week after the deadline to file supplemental briefing, three weeks after the Fairness Hearing, and almost eight weeks after having had their prior discovery request denied, the Morey Objectors filed the current Motion seeking discovery.  (*See* Morey Objectors' Mot. for an Order Requiring NFL to Disclose Certain Docs. Relevant to Whether Settlement is Fair, Adequate, and Reasonable, Doc. No. 6461 (the "Morey Objectors' Second Request").)  Although styled as a request for documents "relevant to whether the Settlement is fair, adequate and reasonable," the Morey Objectors again seek documents that pertain solely to the merits of the litigation being settled and do not bear at all on the fairness of the Settlement. (*See id*.)  The Morey Objectors request: (1) "documents showing the full extent of [the NFL Parties'] knowledge regarding Chronic Traumatic Encephalopathy ('CTE') and its link to playing football"; (2) "documents in the NFL Parties' possession relating to any interactions between the NFL and ESPN involving the PBS documentary and book *League of Denial*" (together, the "Merits Requests"); and (3) "documents reflecting the extent to which insurance may pay for some or all of the Settlement" (the "Insurance Request").  (*Id.* at 5.)

7

## ARGUMENT

The Morey Objectors' Second Request should be denied in its entirety.

The two Merits Requests should be denied for the reasons set forth in the NFL Parties' Response in Opposition to the Morey Objectors' First Request.[6]  Merits discovery has been stayed, and Objectors have no presumptive right to discovery.  (*See* NFL Parties' Resp. in Opp'n at 4, 12-15.)  Instead, the Court has discretion to permit minimal discovery where it will aid the Court in evaluating if the Settlement is fair, reasonable and adequate.  (*Id*. at 12-13.)  Where the record is sufficiently developed to allow the Court to assess the Settlement's fairness, there is no reason to conduct discovery (merits or otherwise).  (*See id*.)[7]

Here, the Court already possesses a substantial and more than sufficient record—as submitted by Class Counsel, the NFL Parties and Objectors—on the fairness,

---

[6] The Merits Requests are improper attempts to circumvent the Court's previous denial of the Morey Objectors' First Request.  Document Requests # 4-9 of the Morey Objectors' First Request concerned what the NFL knew about neurocognitive injuries, including CTE, in NFL Football, and their consequences.  (*See* Morey Objectors' First Request; *see also supra* n.4.)  The Merits Request for "documents showing the full extent of [the NFL Parties'] knowledge regarding [CTE] and its link to playing football" is, therefore, duplicative of these prior requests, and the Court should reject the Morey Objectors' attempt to renew a request already rejected.  (*See* Order, Oct. 15, 2014, Doc. No. 6245.)

[7] The Morey Objectors' quotations of treatises miss the point.  They contend that the "important role some objectors play might justify . . . *access to information obtained by class counsel*" (Morey Objectors' Second Request at 1 (quoting Manual for Complex Litigation § 21.643 (4th ed.)) (alteration in original, emphasis added, and internal quotation marks omitted)), and that the "Third Circuit has held that refusal by settling parties to provide *access to discovery information* is a reason supporting objector discovery." (*Id*. at 1-2 (quoting Newberg on Class Actions § 13:32 (5th ed.)) (emphasis added and internal quotation marks omitted).)  But the Morey Objectors are not requesting "access to discovery information" that existed in underlying litigation or information "obtained by class counsel."  Therefore, these citations are of no consequence.

reasonableness and adequacy of the Settlement.  Class Counsel, the NFL Parties and Objectors have submitted numerous affidavits from medical experts on scientific matters, including CTE, and the NFL Parties explained in their final approval papers how the Settlement indisputably compensates the manifest neurocognitive deficits allegedly associated with CTE according to the research of Objectors' own experts.  (*See* NFL Parties' Final Approval Mem. at 77-89.)  This information—concerning the state of the science and how CTE is addressed under the Settlement—is more than sufficient for the Court to determine the Settlement's fairness.

By contrast, the Morey Objectors' first Merits Request for discovery into the NFL Parties' historic knowledge of CTE and its alleged "link to playing football" squarely goes to the merits of the litigation being settled and relates not at all to the fairness of the Settlement.  (Morey Objectors' Second Request at 5.)  This discovery request concerns elements of Plaintiffs' litigation claims, including causation, scienter and misrepresentation.  As the NFL Parties explained in their reply memorandum, however, the Settlement does not require that a Retired NFL Football Player establish causation in order to obtain compensation for any Qualifying Diagnosis.  Thus, any causal relationship between football and CTE is irrelevant to the fairness of the Settlement because the Settlement compensates neurocognitive deficits of a certain severity, regardless of their underlying cause or pathology—whether CTE, Alzheimer's Disease, frontotemporal dementia, Lewy body dementia, or otherwise. (*See* NFL Parties' Resp. in Opp'n at 19-21; NFL Parties' Final Approval Mem. at 77-89.)  Nor do Settlement Class Members seeking Monetary Awards under the Settlement need to establish that the NFL Parties misrepresented the neurocognitive risks of football or that

they did so knowingly. Because the Morey Objectors cannot "demonstrate how their discovery is required to enable them to support their *objections*," the Merits Requests should be dismissed. *See In re Oil Spill by Oil Rig Deepwater Horizon*, 2012 WL 11875861, at *3 (E.D. La. Sept. 25, 2012) (emphasis added).

The Morey Objectors' second Merits Request—for documents "relating to any interactions between the NFL and ESPN involving the PBS documentary and book *League of Denial*"—also should be denied. (Morey Objectors Second Request at 5.) The Morey Objectors argue that the request relates to the NFL's purported "efforts to poison the well of public knowledge about CTE and the link between football and CTE, and is therefore relevant now that the NFL has invoked the supposed immaturity of the science of CTE to defend the proposed settlement." (*Id*. ¶ 5.) But the Morey Objectors fail to explain—because they cannot—what the NFL Parties' alleged efforts have to do with the fairness of the Settlement as opposed to their purported potential liability on a litigation claim for fraudulent concealment. Moreover, as stated above, the Court possesses an ample and sufficient record on the issue of CTE to determine the fairness of the Settlement, and, regardless of the state of CTE science, the Settlement indisputably compensates the manifest neurocognitive deficits allegedly associated with CTE.

Finally, the Insurance Request should be denied because documents pertaining to the NFL Parties' litigation insurance policies will not add meaningfully to the already well-developed Settlement record. The Morey Objectors argue the Insurance Request is appropriate because the NFL Parties may be able to withstand a greater judgment—a factor considered under *Girsh* v. *Jepson*, 521 F.2d 153 (3d Cir. 1975)—if the NFL Parties' payments under the Settlement are covered by an insurance policy. But

where, as here, the settling defendant is not arguing that its resources are limited—in fact, it is not in dispute that the NFL Parties already possess substantial revenue streams (*see* Suppl. to Oct. 6, 2014 Objection of the Morey Objectors at 3-9, Doc. No. 6420)—information about the defendant's insurance policies would not further develop the record on this *Girsh* factor in a meaningful way.

Indeed, the law of the Third Circuit places the ability of the defendant to pay more in context when considering the fairness of the Settlement. That the NFL Parties "could afford to pay more does not mean that [they are] obligated to pay any more than what the . . . class members are entitled to under the theories of liability that existed at the time the settlement was reached." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 538 (3d Cir. 2004); *see also* NFL Parties' Final Approval Mem. at 69-70. Where the benefits to the settlement class members are significant—as they are here—the theoretical ability of the defendant to pay a greater judgment has to be balanced against the likelihood that a plaintiff could obtain a greater judgment. *See Warfarin*, 391 F.3d at 538. Courts in this Circuit "regularly find a settlement to be fair even though the defendant has the practical ability to pay greater amounts." *Chakejian* v. *Equifax Info. Servs., LLC*, 275 F.R.D. 201, 214 (E.D. Pa. 2011) (internal quotation marks omitted). Thus, the Court already has "sufficient facts to intelligently approve the settlement offer," and the Morey Objectors' unnecessary Insurance Request should be denied. *Wal-Mart Stores, Inc.* v. *Visa U.S.A., Inc.*, 396 F.3d 96, 120 (2d Cir. 2005).

## **CONCLUSION**

For the foregoing reasons, the NFL Parties respectfully submit that this Court should deny the Morey Objectors' Motion for an Order Requiring the NFL to

11

Disclose Certain Documents Relevant to Whether the Settlement Is Fair, Adequate, and Reasonable.

Dated:  December 24, 2014        Respectfully submitted,

        /s/ Brad S. Karp
        Brad S. Karp
        Theodore V. Wells Jr.
        Bruce Birenboim
        Lynn B. Bayard
        PAUL, WEISS, RIFKIND, WHARTON &
           GARRISON LLP
        1285 Avenue of the Americas
        New York, NY  10019-6064
        Main: 212.373.3000
        Fax: 212.757.3990
        bkarp@paulweiss.com
        twells@paulweiss.com
        bbirenboim@paulweiss.com
        lbayard@paulweiss.com

        Beth A. Wilkinson
        PAUL, WEISS, RIFKIND, WHARTON &
           GARRISON LLP
        2001 K Street, NW
        Washington, DC 20006-1047
        Main: 202.223.7300
        Fax: 202.223.7420
        bwilkinson@paulweiss.com

        and

        Robert C. Heim (Pa. Atty. ID 15758)
        DECHERT LLP
        Cira Centre
        2929 Arch Street
        Philadelphia, PA 19104-2808
        Main: 215.994.4000
        Fax: 215.994.2222
        Robert.heim@dechert.com

        **Attorneys for National Football League**
        **and NFL Properties LLC**

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing document was served electronically via the Court's electronic filing system on the 24th day of December, 2014, upon all counsel of record.

Dated: December 24, 2014                                /s/ Brad S. Karp
                                                                                              Brad S. Karp