

January 5, 2015

**VIA ECF and Hand Delivery**

The Honorable Anita B. Brody
United States District Court
  for the Eastern District of Pennsylvania
601 Market Street
Room 7613
Philadelphia, PA   19106

      Re:   *In Re: National Football League Players' Concussion Injury Litig.*,
               No. 2:12-md-02323-AB

Dear Judge Brody:

      The Retired NFL Football Players represented by Mr. Molo recently submitted as alleged supplemental authority the Memorandum Opinion and Order in *In re National Collegiate Athletic Association Student-Athlete Concussion Injury Litig.*, MDL No. 2492 (N.D. Ill. Dec. 17, 2014) [ECF No. 6470-1]. However, that opinion is not relevant to the motion before the Court seeking final approval of the Settlement and certification of the Class and Subclasses in this MDL.

      The *NCAA* decision involved the denial of preliminary approval of a proposed $70 million class action settlement involving a sprawling class of collegiate athletes spanning several Contact Sports – football, lacrosse, wrestling, ice hockey, field hockey, soccer, and basketball – who were to receive different treatment from collegiate players of non-Contact Sports, who made up over half of the approximately 4.2 million potential class members. The *NCAA* court expressed numerous reservations regarding the adequacy of the class representatives, the

sufficiency of the Medical Monitoring Fund for such a large number of collegiate athletes over the proposed 50-year monitoring period, the plausibility, appropriateness and reach of the class notice, and the ability of the NCAA to bind its member institutions, among other issues.

Immersed within the *NCAA* court's discussion about the limitations imposed on student athletes' ability to complete Medical Monitoring questionnaires is a discussion about CTE-related symptoms.  Slip op. at 18.  But this tangential reference to CTE in the context of completing Medical Monitoring questionnaires is hardly the basis for the excursive attempt to revisit the issues in the matter *sub judice*.  Indeed, the Notice of Supplemental Authority appears to be nothing more than an effort to submit without leave of court a sur-reply brief.

The procedural posture of the *NCAA* case and the substance of the issues addressed by that court have no bearing on the final approval of the Settlement Agreement and class certification pending before this Court.  Accordingly, this Court should reject the supplemental authority submitted by Mr. Molo or give it the little weight that it deserves.

                                                Respectfully submitted,

                                                /s/ Christopher A. Seeger
                                                Christopher A. Seeger

cc:     All counsel of record (via ECF)

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true copy of the foregoing document was served electronically via the Court's electronic filing system on the 5th day of January, 2015, upon all counsel of record.

Dated: January 5, 2015                                        /s/ Christopher A. Seeger

                                                                    Christopher A. Seeger