IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION § § § § § § § § § | No. 12-md-2323 (AB) <br><br> MDL No. 2323 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### ARMSTRONG OBJECTORS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR AMENDED OBJECTION TO THE JUNE 25, 2014 CLASS ACTION SETTLEMENT AGREEMENT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Settlement Class Members Ramon Armstrong, Nathaniel Newton, Jr., Larry Brown, Kenneth Davis, Michael McGruder, Clifton L. Odom, George Teague, Drew Coleman, Dennis DeVaughn, Alvin Harper, Ernest Jones, Michael Kiselak, Jeremy Loyd, Gary Wayne Lewis, Lorenzo Lynch, Hurles Scales, Gregory Evans, David Mims, Evan Oglesby, Phillip E. Epps, Charles L. Haley, Sr., Kevin Rey Smith, Darryl Gerard Lewis, Curtis Bernard Wilson, Kelvin Mack Edwards, Sr., Dwayne Levels, Solomon Page, Tim McKyer, Larry Barnes, Mary Hughes, and Barbara Scheer (collectively, the "Armstrong Objectors") file this Supplemental Authority in support of their Amended Objection to the revised settlement set forth in the June 25, 2014 Class Action Settlement Agreement (Doc. #6087) (the "RSA"), and respectfully show the following:

Over the last several years, federal courts of appeals have closely scrutinized *cy pres* distributions to charitable organizations in class action settlements. The general thrust of these decisions is that *cy pres* should be used sparingly, employed only when it is not feasible to make further distributions of *leftover funds* to class members, and the recipient charitable organization(s) should be closely tied to the objective of the lawsuit.

1

The Eighth Circuit recently addressed the *cy pres* issue in *In re BankAmerica Corp. Sec. Litig.*, No. 13-2620, 2015 WL 110334 (8th Cir. Jan. 8, 2015) (Exhibit A), a national class action involving a $490 million settlement. After two distributions to class members, $2.4 million remained in the settlement fund. The district court ordered a *cy pres* distribution to the Legal Services of Eastern Missouri, Inc., to which an objector objected.

In vacating the district court's order, the Eighth Circuit, like the Armstrong Objectors in their Amended Objection (Doc. #6233 at 31-32), cited § 3.07 of the American Law Institute's PRINCIPLES OF THE LAW OF AGGREGATE LITIGATION, holding, in pertinent part, that:

- "Because the settlement funds are the property of the class, a *cy pres* distribution to a third party of unclaimed settlement funds is permissible '*only* when it is not feasible to make further distributions to class members' . . . . except where an additional distribution would provide a windfall to class members with *liquidated*-damages claims that were 100 percent satisfied by the initial distribution." *BankAmerica*, 2015 WL 110334, at *2 (citation omitted).

- Simply because class members submitting claims have received the amounts they are due under the terms of the settlement does not mean they have been "fully compensated," and thus does not necessarily justify a *cy pres* award. *Id.* at *3.

- A settlement agreement and settlement approval order providing for a *cy pres* distribution of unclaimed funds is not binding on the court with respect to disposing of unclaimed funds. *Id.* at *4.

As part of their Amended Objection, the Armstrong Objectors object to the Education Fund in the RSA as an improper up-front *cy pres* because it diverts $10 million away from the class member players to unnamed recipients for undefined activities. Amended Objection at 29-34. It is indisputable the RSA will not make the players whole. That being the case, the RSA should be revised to eliminate the Education Fund so that the $10 million can be utilized for the direct benefit of the players, rather than directed from the get-go to unidentified third parties with no claims in this litigation. If—and only if—there are leftover funds at the end of the day that it is not economically feasible to distribute to class members should a *cy pres* even be considered.

The Armstrong Objectors commend the Eighth Circuit's *BankAmerica* to the Court, and respectfully request the Court to consider it in determining whether to give final approval to the revised settlement set forth in the June 25, 2014 Class Action Settlement Agreement.

Date:  February 12, 2015

    Respectfully submitted,

/s/  Mitchell A. Toups
Mitchell A. Toups
**WELLER, GREEN, TOUPS & TERRELL, LLP**
2615 Calder Ave., Suite 400
Beaumont, TX 77702
Telephone: (409) 838-0101
Facsimile: (409) 838-6780
Email: matoups@wgttlaw.com

Richard L. Coffman
**THE COFFMAN LAW FIRM**
505 Orleans St., Ste. 505
Beaumont, TX 77701
Telephone: (409) 833-7700
Facsimile: (866) 835-8250
Email: rcoffman@coffmanlawfirm.com

Jason Webster
**THE WEBSTER LAW FIRM**
6200 Savoy, Suite 515
Houston, TX 77036
Telephone: (713) 581-3900
Facsimile: (713) 409-6464
Email: jwebster@thewebsterlawfirm.com

Mike Warner
**THE WARNER LAW FIRM**
101 Southeast 11th Suite 301
Amarillo, TX 79101
Telephone:  (806) 372-2595
Facsimile:
Email:  mike@thewarnerlawfirm.com

**COUNSEL FOR THE ARMSTRONG OBJECTORS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Armstrong Objectors' Notice of Supplemental Authority in Support of their Amended Objection to the June 25, 2014 Class Action Settlement Agreement was served on the following counsel of record, via the Court's ECF System, on February 12, 2015.

/s/ *Mitchell A. Toups*
Mitchell A. Toups