# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br>                              Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br>                              Defendants. | CIVIL ACTION NO: 14-cv-0029<br><br><br><br>**Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**CLASS COUNSEL AND THE NFL PARTIES' JOINT SUBMISSION
<u>IN RESPONSE TO THE FEBRUARY 2, 2015 ORDER OF THE COURT</u>**

Class Counsel and Defendants National Football League and NFL Properties LLC (collectively, the "Parties") jointly submit this response to the Court's February 2, 2015 order (the "Order").

## INTRODUCTION

The Order directed the Parties to address the following issues related to the proposed Class Action Settlement Agreement dated June 25, 2014 ("Settlement Agreement" or "Settlement"):

- Whether the Settlement should provide for some Eligible Seasons credit for play in the World League of American Football, the NFL Europe League, and the NFL Europa League;

- How the Settlement will assure that all living Retired NFL Football Players who timely register for the Settlement, who are eligible to participate in the Baseline Assessment Program, and who timely seek a BAP baseline assessment examination, will receive the examination regardless of any funding limitations in the Settlement Agreement;

- Whether the Qualifying Diagnosis of Death with CTE should include Retired NFL Football Players who die between preliminary approval and final approval of the Settlement;

- Whether the Settlement should provide a hardship provision with respect to the appeal fee for Settlement Class Members; and

- Whether the Settlement should allow reasonable accommodation for Settlement Class Members who do not possess medical records in support of

a Qualifying Diagnosis due to *force majeure* type events.

(Doc. No. 6479.)

The Parties have met and conferred on these matters and have agreed to amend the Settlement to address each of these issues. The Settlement Agreement, as amended as of February 13, 2015, is attached as Exhibit A, and a redline showing the amendments is attached as Exhibit B. A summary of the amendments follows.

**SETTLEMENT AGREEMENT AMENDMENTS**

**NFL Europe**

The Settlement Agreement currently provides no credit for time played in certain developmental leagues, such as NFL Europe. The Settlement, as amended, provides one-half of an Eligible Season when a Retired NFL Football Player or deceased Retired NFL Football Player was on a World League of American Football, NFL Europe League, or NFL Europa League (collectively, "NFL Europe") team's active roster on the date of three or more regular season or postseason games or on the active roster on the date of one or more regular or postseason games, and then spent at least two regular or postseason games on the NFL Europe injured reserve list or team inactive list due to a concussion or head injury. (*See* Settlement Agreement, as amended, § 2.1(kk).) Each half of an Eligible Season may be summed together with other earned Eligible Seasons or half Eligible Seasons up to a maximum of one Eligible Season per year (with each year defined to include any spring NFL Europe season and the following fall NFL season). (*Id.* § 6.7(c).)

The above treatment of NFL Europe is fair and reasonable for several reasons. NFL Europe was a developmental league. (Decl. of T. David Gardi ¶ 14

("Gardi Decl."), Doc. No. 6422-33.) The Settlement, as amended, is uniform in awarding a maximum of one-half of an Eligible Season for developmental participation. (*See* Settlement Agreement, as amended, § 2.1(kk) (providing one-half of an Eligible Season for participation in at least eight regular or postseason games on an NFL Member Club's developmental roster).) Moreover, NFL Europe is further distinguished from the NFL because it had a shorter regular season than the NFL—10 games rather than 16—and fewer practices (Gardi Decl. ¶14), further justifying a credit of one-half an Eligible Season. In addition, NFL Europe players face a particular litigation risk due to workers' compensation exclusivity laws. (*See* NFL Parties' Mem. of Law in Supp. of Final Approval of the Class Action Settlement Agreement and in Resp. to Objections at 110-11, Doc. No. 6422.)

Second, capping a Retired NFL Football Player's Eligible Seasons at one Eligible Season per year is reasonable. The Parties negotiated at arm's length and reached a compromise to limit the maximum Eligible Seasons to one, regardless of the number of games in which a Retired NFL Football Player was on an active roster. This is because an Eligible Season is a proxy for—and not a precise calculation of—exposure to alleged repetitive mild traumatic head impacts, and it establishes the minimum level of exposure needed to receive Eligible Season credit.

**BAP Examination**

The Settlement Agreement currently provides that all Retired NFL Football Players with at least one-half of an Eligible Season who timely register to participate in the Settlement will be entitled to one baseline assessment examination. (Settlement Agreement § 5.1; *see also id*. § 23.1(b) ($75 million BAP Fund provided that

"every qualified Retired NFL Football Player, as set forth in Section 5.1, is entitled to one baseline assessment examination.") Although the Parties are confident that the Settlement Agreement currently provides sufficient funding to pay the cost of these baseline assessment examinations, the Parties have agreed to amend the Settlement Agreement to add the following language to remove any ambiguity: "For the avoidance of any doubt, if the Seventy-Five Million United States dollars (U.S. $75,000,000) is insufficient to cover the costs of one baseline assessment examination for every qualified Retired NFL Football Player electing to receive an examination by the deadline set forth in Section 5.3, the NFL Parties agree to pay the amount of money necessary to provide the examinations in accordance with this Settlement Agreement." (Settlement Agreement, as amended, § 23.1(b); *see also id.* § 23.3(d).)

**Death with CTE**

The Settlement Agreement currently provides for a Death with CTE Qualifying Diagnosis for Retired NFL Football Players who died prior to the date of the Preliminary Approval and Class Certification Order and who had a post-mortem diagnosis of CTE made by a board-certified neuropathologist. (Settlement Agreement, Ex. 1.) The Settlement Agreement, as amended, extends this deadline from the date of preliminary approval to the Final Approval Date, which is defined as the date that the Court enters the Final Order and Judgment. (Settlement Agreement, as amended, §§ 2.1(mm), 6.3(f), Ex. 1.) In addition, consistent with the Parties' intent under the original Settlement Agreement, and recognizing that obtaining such a diagnosis may take several months post-death, the Parties have provided for a grace period of 270 days following

any date of death between preliminary approval and the Final Approval Date to allow Claimants to obtain the necessary diagnosis. (*Id*. § 6.3(f), Ex. 1.)

**Appeal Fee Hardship Provision**

The Settlement Agreement requires a payment of $1,000 for a Settlement Class Member to appeal determinations regarding Monetary Awards and Derivative Claimant Awards. (Settlement Agreement § 9.6(a).) The Settlement, as amended, allows Settlement Class Members to make a hardship request to the Claims Administrator for the appeal fee to be waived for good cause. (Settlement Agreement, as amended, § 9.6(a)(i).) The Claims Administrator will have sole discretion to approve or deny the request based upon a review of the Settlement Class Member's financial information as may be necessary to decide the request. (*Id*.)

**Unavailability of Medical Records Due to *Force Majeure* Type Events**

The Settlement Agreement requires the submission of certain medical records under specified circumstances. (*See* Settlement Agreement § 8.2(a).) The Settlement Agreement, as amended, provides a limited exception to this requirement in the event of the unavailability of the required medical records for Representative Claimants of deceased Retired NFL Football Players because—unlike living Retired NFL Football Players—deceased Retired NFL Football Players cannot return to their diagnosing physician for examination and the creation of replacement medical records.[1] In those cases where a deceased Retired NFL Football Player received a Qualifying Diagnosis in the past but the medical records reflecting the Qualifying Diagnosis are unavailable because of a *force majeure* type event (*e.g.*, flood, fire), the Settlement, as

---

[1] The eligibility requirements for Representative Claimants of deceased Retired NFL Football Players to receive a Monetary Award remain as set forth in Section 6.2(b).

amended, allows the Representative Claimant to petition the Claims Administrator to accept the Claim Package as valid without the medical records if the Representative Claimant makes a showing of a reasonable effort to obtain the medical records from any available source, states the reasons such records could not be obtained, and presents a certified death certificate referencing the Qualifying Diagnosis made while the Retired NFL Football Player was living.  (Settlement Agreement, as amended, § 8.2(ii).)  If the unavailability of medical records also causes the diagnosing physician to be unable to provide a Diagnosing Physician Certification, the Representative Claimant may petition the Claims Administrator to allow a sworn affidavit from the diagnosing physician attesting to the reasons why the diagnosing physician is unable to provide a Diagnosing Physician Certification without the medical records.  (*Id*.)  The sufficiency of these showings shall be in the sole discretion of the Claims Administrator, subject to the appeal rights set forth in Section 9.5 of the Settlement.  (*Id*.)

*   *   *

In sum, the Settlement, as amended, addresses in full the issues raised by the Court.  The Parties therefore respectfully request that the Court grant final approval of the Settlement, as amended.

| | |
|---|---|
| Dated:  February 13, 2015 | Respectfully submitted, |
| /s/ Christopher A. Seeger<br>Christopher A. Seeger<br>SEEGER WEISS LLP<br>77 Water Street<br>New York, NY 10005<br>Main: (212) 584-0700<br>Fax: (212) 584-0799<br>cseeger@seegerweiss.com<br><br>and<br><br>Sol Weiss<br>ANAPOL SCHWARTZ<br>1710 Spruce Street<br>Philadelphia, PA 19103<br>Main: (215) 735-1130<br>Fax: (215) 735-2024<br>sweiss@anapolschwartz.com<br><br>***Co-Lead Class Counsel*** | /s/ Brad S. Karp<br>Brad S. Karp<br>Theodore V. Wells Jr.<br>Bruce Birenboim<br>Lynn B. Bayard<br>PAUL, WEISS, RIFKIND, WHARTON &<br>    GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY  10019-6064<br>Main: 212.373.3000<br>Fax: 212.757.3990<br>bkarp@paulweiss.com<br>twells@paulweiss.com<br>bbirenboim@paulweiss.com<br>lbayard@paulweiss.com<br><br>Beth A. Wilkinson<br>PAUL, WEISS, RIFKIND, WHARTON &<br>    GARRISON LLP<br>2001 K Street, NW<br>Washington, DC 20006-1047<br>Main: 202.223.7300<br>Fax: 202.223.7420<br>bwilkinson@paulweiss.com<br><br>and<br><br>Robert C. Heim (Pa. Atty. ID 15758)<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104-2808<br>Main: 215.994.4000<br>Fax: 215.994.2222<br>Robert.heim@dechert.com<br><br>***Attorneys for National Football League and NFL Properties LLC*** |

*Class Counsel*

| | |
|---|---|
| Steven C. Marks<br>PODHURST ORSECK P.A.<br>City National Bank Building<br>25 W. Flagler Street, Suite 800<br>Miami, FL 33130-1780<br>Main: (305) 358-2800<br>Fax: (305) 358-2382<br>smarks@podhurst.com | Gene Locks<br>LOCKS LAW FIRM<br>The Curtis Center<br>Suite 720 East<br>601 Walnut Street<br>Philadelphia, PA 19106<br>Main: 866-562-5752<br>Fax: (215) 893-3444<br>glocks@lockslaw.com |

*Subclass Counsel*

| | |
|---|---|
| Arnold Levin<br>LEVIN FISHBEIN SEDRAN &<br>BERMAN<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br>Main: (215) 592-1500<br>Fax: (215) 592-4663<br>alevin@lfsblaw.com | Dianne M. Nast<br>NAST LAW LLC<br>1101 Market Street, Suite 2801<br>Philadelphia, Pennsylvania 19107<br>Main: (215) 923-9300<br>Fax: (215) 923-9302<br>dnast@nastlaw.com |
| *Counsel for Subclass 1* | *Counsel for Subclass 2* |

*Of Counsel*

| | |
|---|---|
| Thomas V. Girardi<br>Graham B. LippSmith<br>GIRARDI KEESE<br>1126 Wilshire Blvd<br>Los Angeles, CA 90017<br>Main: (213) 977-0211<br>Fax: (213) 481-1554<br>tgirardi@girardikeese.com<br>glippsmith@girardikeese.com | Michael D. Hausfeld<br>Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W., Suite 650<br>Washington, D.C. 20006<br>Main: (202) 540-7200<br>Fax: (202) 540-7201<br>mhausfeld@hausfeldllp.com<br>rlewis@hausfeldllp.com |
| James R. Dugan, II<br>THE DUGAN LAW FIRM<br>One Canal Place, Suite 1000<br>365 Canal Street<br>New Orleans, LA 70130<br>Phone: (504) 648-0180<br>Fax: (504) 648-0181<br>jdugan@dugan-lawfirm.com | Anthony Tarricone<br>KREINDLER & KREINDLER LLP<br>277 Dartmouth Street<br>Boston, MA 02116<br>Main: (617) 424-9100<br>Fax: (617) 424-9120<br>atarricone@kreindler.com |

Michael L. McGlamry
POPE, MCGLAMRY, KILPATRICK
    MORRISON & NORWOOD, P.C.
3455 Peachtree Road, NE
The Pinnacle, Suite 925
P.O. Box 191625 (31119-1625)
Atlanta, GA 30326-3243
Main: (404) 523-7706
Fax: (404) 524-1648
efile@pmkm.com

Charles S. Zimmerman
ZIMMERMAN REED PLLP
1100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Main: (612) 341-0400
Fax: (612) 341-0844
charles.zimmerman@zimmreed.com

David S. Casey, Jr.
Fred Schenk
CASEY GERRY SCHENK
    FRANCAVILLA BLATT &
    PENFIELD LLP
110 Laurel Street
San Diego, CA 92101-1486
Main: (619) 238-1811
Fax: (619) 544-9232
dcasey@cglaw.com
fschenk@cglaw.com

David A. Rosen
ROSE, KLEIN & MARIAS LLP
801 South Grand Avenue, 11th Floor
Los Angeles, CA 90017-4645
Main: (213) 626-0571
Fax: (213) 623-7755
d.rosen@rkmlaw.net

Derriel McCorvey
THE LAW FIRM OF DERRIEL C.
    MCCORVEY
115 W. Main Street, Suite 14
P.O. Box 2473
Lafayette, LA 70501
Main: (337) 291-2431
derriel@mccorveylaw.com

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing document and all exhibits were served electronically via the Court's electronic filing system on the 13th day of February, 2015, upon all counsel of record.

Dated: February 13, 2015                                /s/ Brad S. Karp
                                                        Brad S. Karp