IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL<br>LEAGUE PLAYERS' CONCUSSION<br>LITIGATION<br>_____<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | §<br>§<br>§<br>§  No. 12-md-2323 (AB)<br>§<br>§  MDL No. 2323<br>§<br>§ |

### ARMSTRONG OBJECTORS' SUPPLEMENTAL OBJECTION TO THE AMENDED CLASS ACTION SETTLEMENT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Settlement Class Members Ramon Armstrong, Nathaniel Newton, Jr., Larry Brown, Kenneth Davis, Michael McGruder, Clifton L. Odom, George Teague, Drew Coleman, Dennis DeVaughn, Alvin Harper, Ernest Jones, Michael Kiselak, Jeremy Loyd, Gary Wayne Lewis, Lorenzo Lynch, Hurles Scales, Gregory Evans, David Mims, Evan Ogelsby, Phillip E. Epps, Charles L. Haley, Sr., Kevin Rey Smith, Darryl Gerard Lewis, Curtis Bernard Wilson, Kelvin Mack Edwards, Sr., Dwayne Levels, Solomon Page, Tim McKyer, Larry Barnes, Mary Hughes, and Barbara Scheer (collectively, the "Armstrong Objectors") file this Supplemental Objection to the Class Action Settlement (Doc. #6087), as amended by the amendments in Class Counsel's and the NFL Parties' Joint Submission in Response to the Court's February 2, 2015 Order (Doc. #6481). The Armstrong Objectors respectfully state the following:

1.  In their original Objection (Doc. #6353) (submitted *in camera* on September 3, 2014 and later filed by the Court) and Amended Objection (Doc. #6233), the Armstrong Objectors articulate sixteen detailed, multi-part objections to the class action settlement, as well as concrete proposals for curing the defects—none of which are meaningfully addressed by Class

1

Counsel's and the NFL Parties' recent settlement amendments. As a threshold matter, therefore, the Armstrong Objectors incorporate all of their previously stated objections, by reference, and reiterate them here as to the amended class action settlement in its current form. The recent amendments (Doc. #6481) are limited in scope and cosmetic at best. The resolution of thousands of unique, individual head injury claims does not fit within the "one size fits all" class action settlement framework proposed by Class Counsel and the NFL Parties.

2. Class Counsel and the NFL Parties had an opportunity to go above and beyond the Court's directive, seriously consider the substantive objections lodged by the Armstrong Objectors, cure the numerous significant defects in the settlement, and re-structure the settlement to provide meaningful relief to thousands of suffering former players and their families. The only relief granted by the amendments, however, is for the benefit of the NFL Parties; they are further relieved of any obligation to provide substantive relief to former players and their families. By its February 2, 2015 Order (Dox. #6479), the Court gave Class Counsel and the NFL Parties an extra down at the goal line. Unfortunately, they fumbled the ball.

3. For example, the Armstrong Objectors objected to several aspects of the Death with CTE provisions in the settlement. *See, e.g.,* Doc. #6233. Notwithstanding the new amendments, the Death with CTE provisions remain severely limited. While expanding the covered deaths to those occurring between the preliminary approval and final approval dates, and extending the deadline to secure the necessary post-mortem diagnosis until 270 days after the date of death, are steps in the right direction, in truth, there should be no deadline for Death with CTE benefits since death is one of the elements of the claim. The amended class action settlement does not assign similar deadlines to former players diagnosed with ALS, Alzheimer's or Parkinson's. Why is CTE singled out and treated differently? There is no credible answer to

this question. If there must be a deadline to qualify for Death with CTE benefits, it should be pegged to a former player's date of death—to wit, 270 days from the date of death or 270 days from the date the final approval order becomes final and non-appealable, whichever is later.

4. The Armstrong Objectors also objected to the Death with CTE provisions on other grounds (*see* Doc. #6233)—none of which are addressed by the recent amendments. The Armstrong Objectors, therefore, incorporate all of their "Death with CTE" objections, by reference, and reiterate them here.

5. The Armstrong Objectors also objected to several aspects of the "Baseline Assessment Program" (BAP). *See, e.g.,* Doc. #6233. Notwithstanding the new BAP amendment—that every eligible former player will be entitled to a baseline assessment examination regardless of the funds available under the BAP—the BAP essentially remains unchanged. Since Class Counsel and the NFL Parties did not address the Armstrong Objectors' BAP objections in any meaningful way, the Armstrong Objectors incorporate all of their BAP objections, by reference, and reiterate them here.

6. The Armstrong Objectors also objected to several aspects of the appeals procedure. *See, e.g.,* Doc. #6233. Notwithstanding the new amendment waiving the $1000 adverse decision appellate fee in hardship cases, the appeals process remains flawed. Simply stated, requiring a $1000 appellate fee for any reason is mean spirited. This paltry amount of money will not come close to defraying the actual cost of an appeal. It is nothing more than a barrier to entry. There should be no appellate fee of any kind for any reason at any time. *See* Doc. #6233. Since Class Counsel and the NFL Parties did not address the Armstrong Objectors'

objections to the appeal procedures in any meaningful way, the Armstrong Objectors incorporate all of their appeal procedures objections, by reference, and reiterate them here.[1]

**WHEREFORE,** the Armstrong Objectors respectfully request that the Court enter an order (i) denying final approval of the settlement embodied in the June 25, 2014 Class Action Settlement Agreement (Doc. #6087), as amended by the amendments set forth in Class Counsel's and the NFL Parties' Joint Submission in Response to the Court's February 2, 2015 Order (Doc. #6481), (ii) recommending that Class Counsel and the NFL Parties revise the class action settlement to cure the defects identified in the Armstrong Objectors' objections, and (iii) granting all other appropriate relief to the Armstrong Objectors and Settlement Class Members.

Date:  April 13, 2015

                Respectfully submitted,

                /s/  *Richard L. Coffman*
                Richard L. Coffman
                **THE COFFMAN LAW FIRM**
                505 Orleans St., Ste. 505
                Beaumont, TX 77701
                Telephone: (409) 833-7700
                Facsimile: (866) 835-8250
                Email: rcoffman@coffmanlawfirm.com

                Mitchell A. Toups
                **WELLER, GREEN, TOUPS & TERRELL, LLP**
                2615 Calder Ave., Suite 400
                Beaumont, TX 77702
                Telephone: (409) 838-0101
                Facsimile: (409) 838-6780
                Email: matoups@wgttlaw.com

---

[1] The other two amendments in Class Counsel's and the NFL Parties' Joint Submission (Doc. #6481) (*i.e.*, credit for time played in the World League of American Football, NFL Europe League, and NFL Europa League *and* waiver of the necessity of medical records when they are unavailable because of a *force majeure*-type event) do not pertain to any of the Armstrong Objectors' objections; the Armstrong Objectors do not take a position on them here.

4

> Jason Webster
> **THE WEBSTER LAW FIRM**
> 6200 Savoy, Suite 515
> Houston, TX 77036
> Telephone: (713) 581-3900
> Facsimile: (713) 409-6464
> Email: jwebster@thewebsterlawfirm.com
>
> Mike Warner
> **THE WARNER LAW FIRM**
> 101 Southeast 11th Suite 301
> Amarillo, TX 79101
> Telephone: (806) 372-2595
> Email: mike@thewarnerlawfirm.com
>
> **COUNSEL FOR THE ARMSTRONG OBJECTORS**

## CERTIFICATE OF SERVICE

I certify that a true copy of the Armstrong Objectors' Supplemental Objection to the Amended Class Action Settlement was served on all counsel of record, via the Court's ECF system, on April 13, 2015.

> /s/ *Richard L. Coffman*
> Richard L. Coffman