# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION** | Hon. Anita B. Brody |
| | No. 12-md-2323-AB |
| | MDL No. 2323 |
| THIS DOCUMENT RELATES TO: | *Hearing Requested* |
| *ALBERT LEWIS et al., v. KANSAS CITY CHEIFS FOOTBALL CLUB, INC.,* No. 14-01995-AB | |
| and | |
| *NEIL SMITH et al., v. KANSAS CITY CHIEFS FOOTBALL CLUB, INC.* No. 14-03383-AB | |
| and | |
| *JOE HORN et al., v. KANSAS CITY CHIEFS FOOTBALL CLUB, INC.* No. 14-03382-AB | |

## JOINT MOTION FOR SUGGESTION OF REMAND OR, IN THE ALTERNATIVE, A STATUS CONFERENCE PURSUANT TO FRCP 16

Plaintiffs in the above-listed cases (hereinafter referred to as "Movants"), respectfully request that the Court file a suggestion of remand with the Judicial Panel on Multidistrict Litigation for the above-listed cases. In the alternative, Movants join in the request that the Court schedule a status conference, as soon as possible, pursuant to Federal Rule of Civil Procedure 16. *See* ECF No. 6511.

I.      Introduction

Movants are former employees of the Kansas City Chiefs Football Club, Inc. (referred to herein as the "Chiefs"). [1] Like all employers in Missouri, the Chiefs owed Movants the following five specific, non-negotiable and non-delegable duties relevant to safety:

> (1) to provide a safe workplace; (2) to provide safe equipment in the workplace; (3) to warn employees about the existence of dangers of which the employees could not reasonably be expected to be aware; (4) to provide a sufficient number of competent fellow employees; and (5) to promulgate and enforce rules governing employee conduct for the purpose of enhancing safety.

*See Green v. Ariz. Cardinals Football Club LLC,* No 14-0461, 2014 WL 1920468, at *10 (E.D. Mo. May 14, 2014)(citing *Carman v. Wieland*, 406 S.W.3d 70, 76-77 (Mo. Ct. App. 2013)). Through various acts, errors, omissions and misrepresentations, Movants allege that the Chiefs breached each of these duties causing or contributing to cause Movants' occupational diseases. Therefore, on December 21, 2013, pursuant to Missouri's Workers' Compensation Law, Movants filed petitions in the Circuit Court of Jackson County, Missouri, seeking relief from the Chiefs for their employment-related occupational diseases. Movants' lawsuits were subsequently removed to the Western District of Missouri. While Movants' Motions for Remand were pending, the Judicial Panel on Multidistrict Litigation ("JPML") transferred Movants' matters to this Court for "coordinated or consolidated pretrial proceedings" as part of a multidistrict litigation ("MDL"). MDL No. 2323, ECF Nos. 582 (*Lewis*) and 625 (*Smith* and *Horn*).

Since consolidation, two crucial developments have taken place. *First*, in *Green v. Ariz. Cardinals Football Club LLC*, the U.S. District Court for the Eastern District of Missouri ruled, in a case identical in all relevant respects to Movants', that common-law claims for negligence, negligent misrepresentation, fraudulent concealment, and loss of consortium premised upon

---

[1] Movants also include some of Plaintiffs' spouses who are asserting claims for loss of consortium.

Missouri's state-based, common law duties to maintain a safe working environment do **not** require a judge to interpret provisions of the Retired Players' Collective Bargaining Agreements. *Green*, 2014 WL 1920468, at *17. In this regard, as this Court observed in its Memorandum approving the Class Action Settlement, Missouri appears to be an "outlier."[2] *See* ECF No. 6509, at p. 68. Since Missouri's common and statutory laws provide the relief sought by Movants, without the need to interpret any CBA, the Chiefs cannot not rely upon § 301 of the LMRA as establishing federal jurisdiction. *Green*, 2014 WL 1920468.

*Second*, on April 22, 2015, this Court approved the Class Action Settlement against the NFL Parties in its entirety, eliminating any vestige of judicial efficiency gained through the inclusion of the above-captioned cases in MDL 2323. ECF. No. 6509. Since the vast majority of cases have been settled, no efficiency is gained by the inclusion of the above-captioned cases in what remains of MDL 2323.[3] In fact, inclusion of Movants' cases would lead to <u>less</u> efficiency, not more. This is because the issue of preemption differs as between Movants and the remaining plaintiffs. *See* ECF No. 6509, at p. 68. Since Movants' claims arise under Missouri substantive law, as did those in *Green*, any preemption analysis will differ as between Movants and the remaining plaintiffs. *Green* is an outlier not because it came to a different result than that of other courts, but because it considered a different issue altogether. The NLF already admits to this. *See* ECF No. 4253, at p. 1 ("Nor are [Players] even ordinary employees suing their employer.").

---

[2] Indeed, in Missouri, unlike in various other jurisdictions, the exclusivity provision of the state's workers' compensation law does not apply to Movants' claims. *See Amesquita v. Gilster-Mary Lee Corp.*, 408 S.W.3d 293 (Mo. App. 2013); *State ex rel. KCP&L Greater Mo. Operations Co. v. Cook*, 353 S.W.3d 14 (Mo. App. 2011). Thus, unlike elsewhere, Movants were permitted to bring solely state-based, common-law negligence claims against their former employer, the Kansas City Chiefs.

[3] Movants are mindful of the remaining claims against the remaining parties. However, Movants have not asserted claims against the remaining defendants, further evidencing the uniqueness of Movants' claims.

For example, this Court cited the unpublished decision of *Duerson v. Nat'l Football League*, No. 13 C 2513, 2012 WL 1658353 (N.D. Ill. May 11, 2012), as having decided that resolution of Duerson's claims would implicate provisions of the CBA. *See* ECF No. 6509, at p. 68. However, *Duerson* was a wrongful death case asserted against the NFL, *which was not decedent's employer*. Thus, *Duerson* could not have relied solely on the duties imposed by law on employers to maintain a safe work environment. Rather *Duerson* had to look elsewhere to find both the existence of a duty and the standard by which to measure the NFL's fulfillment. *Duerson*, 2012 WL 1658353, at *3. Since the duty owed to *Duerson* did not arise from an employer-employee relationship, the court reasoned that Duerson's claims were substantially dependent on an interpretation of the CBA. *Id.* On the other hand, since the non-delegable duty imposed on the Chiefs to provide a safe workplace to Movants, and its attendant standard of care, exist wholly independent of a CBA, the analysis undertaken in *Duerson* is inapplicable. *See Jurevicius v. Cleveland Browns Football Co. LLC*, 1:09 CV 1803, 2010 WL 8461220 (N.D. Ohio Mar. 31, 2010) ("The standard for which claims are preempted depends on whether they arose from the CBA or from common law tort because the relevant inquiry for preemptions purposes [...] is not to whom the duty is owed, but how it came into being." [quotation omitted]); *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994) ("If the plaintiff can prove all of the elements of his claim without the necessity of contract interpretation, then his claim is independent of the labor agreement."); *Brocail v. Detroit Tigers, Inc.*, 268 S.W.3d 90, 102 (Tex. App. 2008). The same is true of the other cases cited by this Court. *See Maxwell v. Nat'l Football League*, 11-8394, ECF No. 58 (C.D. Cal. Dec. 8, 2011)("[P]laintiffs' second cause of action, for negligence against the defendant National Football League … is inextricably intertwined with and substantially dependent upon an analysis of certain CBA provisions

imposing duties on the clubs with respect to the medical care and treatment of NFL."); *Pear v. Nat'l Football League*, No. 11-8395, ECF No. 61 (C.D. Cal. Dec. 8, 2011)("[P]laintiffs' second cause of action, for negligence against the defendant National Football League … is inextricably intertwined with and substantially dependent upon an analysis of certain CBA provisions imposing duties on the clubs with respect to the medical care and treatment of NFL players."); *Barnes v. Nat'l Football League*, No. 11-8396, ECF No. 58 (C.D. Cal. Dec. 8, 2011)("[P]laintiffs' second cause of action, for negligence against the defendant National Football League ("NFL"), is preempted. Its resolution is inextricably intertwined with and substantially dependent upon an analysis of certain CBA provisions imposing duties on the clubs with respect to the medical care and treatment of NFL players.").

Those cases cited by this Court as having decided the preemption issue opposite *Green* reveal that *Green* is, in fact, an outlier, but not because the same issue was decided differently. Rather, *Green* is an outlier because the facts in *Green*, as in the above-captioned cases, differ so significantly from those of other Retired Players. Thus, if this Court were to embark on a preemption analysis of all claims, it would have to conduct a separate analysis of Movants' claims, apart from those of all other remaining plaintiffs. On this point, Movants' wish to make clear that the pending Motion to Dismiss, ECF No. 3589, does not address a single one of their claims.[4]

---

[4] *See* ECF No. 5941; ECF No. 6027 ("The *Lewis* Plaintiffs have […] protected themselves, and their various claims, by filing Short Form Complaints (*see* D.E. #s 6005 – 6018) alleging claims against the Kansas City Chiefs Football Club, Inc., pursuant to Missouri's Workers' Compensation Law. Nothing further needs to be done at this juncture."); Order, July, 31, 2014, ECF No. 6113 ("[T]he Lewis plaintiffs have […] filed short-form complaints in MDL No. 2323 alleging claims exclusively against the Chiefs and adopting by reference the claims in their Missouri state court Amended Petition.]

To make matters even less efficient, unlike the claims of most of the remaining MLD plaintiffs, this Court does not have jurisdiction over Movants' claims based upon diversity of citizenship under 28 U.S.C. § 1332. Thus, there remains the significant threshold legal question, unique to Movants, whether removal of Movants' claims to Federal Court was proper to begin with. The scope of § 301's *jurisdictional* grant is far narrower than its application to disputes touching upon a CBA. *Textron Lycoming Reciprocating Engine Div., Avco Corp. v. UAW*, 523 U.S. 653 (1998)("By its terms, [section 301] confers federal subject-matter jurisdiction ***only over 'suits for violations of contracts between an employer and a labor organization representing employees.'*** " *Id.* at 656 (emphasis added). Thus, an analysis of § 301 for purposes of addressing solely whether certain claims are preempted will differ from an analysis made for purposes of addressing whether this Court has subject matter jurisdiction over certain claims. Since *less* efficiency is achieved by inclusion of Movant' cases in the MDL, they must be remanded. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34, 118 S. Ct. 956, 962, 140 L. Ed. 2d 62 (1998).

Indeed, while section 1407(a) authorizes the JPML to transfer civil actions with common issues of fact "to any district for coordinated or consolidated pretrial proceedings," it also "obligates" the Panel to remand any such action to the original district "at or before the conclusion of such pretrial proceedings." *Id*. *In re Wilson*, 451 F.3d 161, 172 (3d Cir. 2006); *see also Lexecon*, 523 U.S. at 28 (1997) (recognizing the "duty" of the Panel to remand transferred actions before trial). Thus, where pre-trial proceedings have either run their course or are such that efficiency is no longer promoted by the inclusion of particular actions, remand is required. Movants submit that the posture of MDL No. 2323 is such that inclusion of the above-listed cases promotes neither justice nor efficiency and thus, requires remand.

6

## II. The Above-Captioned Cases Must be Remanded to Their Original, Transferor Courts

While Movants' cases at first glance appear to share some factual issues in common with others pending before this Court, upon examination, they are clearly uniquely distinct from the remaining consolidated cases. Indeed, the preemption issue as it pertains to Movants' claims is *so* dissimilar from that raised by the consolidated cases that further inclusion of the above-captioned cases in the MDL, as it is presently postured, is dubious if not unequivocally erroneous.

*First*, in nearly all of the cases presently pending before this Court, the allegations are, *inter alia*, that the National Football League, Inc., and NFL Properties, LLC (together, the "NFL Parties"), failed to take reasonable actions to protect players from the chronic risks created by concussive and sub-concussive head injuries and fraudulently concealed those risks from players. *See* ECF No. 6509, at p. 4. Many MDL Plaintiffs also brought suit against Riddell, Inc., All American Sports Corporation, Riddell Sports Group, Inc., Easton-Bell Sports Inc., Easton-Bell Sports, LLC, EB Sports Corp., and RBG Holdings Corp. *See* ECF No. 6509, at p. 5. Movants, however, brought suit only against the Kansas City Chiefs, their former employer, premised solely upon Missouri's state-based, common law duties to maintain a safe working environment. While this might seem a minor difference, it is rather a major distinction. One recognized by the Federal District Judge in *Green.* And, while a complete identity of common factual issues is not required, judicial efficiency is. Since Movants' claims are unlike all others, requiring a unique preemption analysis and, potentially, a different result, inclusion of Movants' matters will **not** provide the efficiencies of generic discovery and consolidated pre-trial conduct.

Indeed, this Court observed that a meaningful and crucial difference exists between Movants' claims against the Chiefs and the claims of all others against the NFL Parties. *See* ECF

No. 6509, at p. 68. That is to say, on the preemption issue, the Court recognized the split on the question of whether the kinds of claims made by Retired Players require the interpretation of a Collective Bargaining Agreement. As for claims against the NFL Parties <u>not</u> premised on an employer's duty to maintain a safe work environment, some courts have held the claims preempted under Section 301 of the Labor Management Relations Act ("LMRA"). *See* ECF No. 6509, at p. 67-68 citing cases). On the other hand, as for claims against a player's *employer* premised on the employer's duty to maintain a safe work environment, a Federal District Court has held the claims <u>not</u> preempted under § 301 of the LMRA. *Green*, 2014 WL 1920468, at *17.

In *Green*, to be more specific, the court considered claims identical to those made by Movants. Just as in *Green*, Movants' claims are premised on Missouri's state-based, common law duty to maintain a safe working environment. Also, just as in *Green*, Movants are pursuing claims only against their former employer and not against the NFL Parties. In fact, in every relevant respect, Movants' claim are identical to the claims asserted in *Green*. Thus, if there is efficiency to be had, it will be had only upon remand of Movants' claims to Missouri.[5]

*Second*, since their cases were removed, Movants have consistently asserted that the federal courts lack subject-matter jurisdiction. As Movants' cases proceed, their challenges to federal subject matter jurisdiction must be decided. Undeniably, the resolution of Movants' jurisdictional challenges will require a court to consider and decide detailed issues of substantive

---

[5] Courts routinely suggest remand despite pending dispositive motions, *see, e.g., In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Practices Litig.*, 840 F. Supp. 2d 1193, 1200 (D. Minn. 2012); *In re State St.,* 2011 WL 1046162, at *4–6 (suggesting remand notwithstanding pending motions for summary judgment); *In re Ford Motor Co.,* 1998 WL 308013, at *2 & n. 11 (same), and the JPML has repeatedly remanded cases under such circumstances, *see, e.g., In re Baseball Bat,* 112 F.Supp.2d at 1177 (remanding cases despite pending motions to dismiss in transferee court); *In re Evergreen Valley,* 435 F.Supp. at 924 (same). Indeed, where dispositive motions raise state-law issues unique to a case, remand is especially appropriate. *In re Activated Carbon-Based Hunting Clothing*, 840 F. Supp. 2d at 1200.

Missouri state statutory and common law. *See In re Ins. Brokerage Antitrust Litig.*, No. CIV. 04-5184 (GEB), 2009 WL 1874085, at *3-4 (D.N.J. June 30, 2009). "[S]uch a detailed review may best be undertaken by the court that sits in that state and more frequently applies the law that controls [Movants'] cases. For that to happen, the MDL Panel must remand this case to the [Western] District of Missouri." *Id.*

In light of the factors noted above, Movants' cases will no longer benefit from further coordinated proceedings as part of the MDL.[6] Everything that remains to be done relative to Movants' claims is specific to their cases. Movants respectfully urge that the role of this Court in Movants' cases has ended.

### III.  Conclusion

WHEREFORE, Movants respectfully move the Court to file a suggestion of remand with the Judicial Panel on Multidistrict Litigation for the above-listed cases or, in the alternative, schedule a status conference, as soon as possible, pursuant to Federal Rule of Civil Procedure 16.

Dated: April 27, 2015                    Respectfully Submitted,

                                                         THE KLAMANN LAW FIRM, P.A.

                                                         /s/ Andrew Schermerhorn
                                                         John M. Klamann, MO
                                                         Andrew Schermerhorn, MO
                                                         Paul D. Anderson, MO
                                                         4425 Main Street, Ste. 150
                                                         Kansas City, MO 64111
                                                         Telephone: (816) 421-2626

---

[6] "When actions are transferred pursuant to Section 1407, it is recognized that in some cases situations exist where the purpose of the statute has been satisfied and[, even though] areas of discovery remain[, they may] more properly [ ] be concluded in the original transferor district." *In re A. H. Robins Co., Inc. "Dalkon Shield" IUD Products Liab. Litig.*, 453 F. Supp. 108, 110 (J.P.M.L. 1978).

Facsimile: (816) 421-8686
jklamann@klamannlaw.com
ajs@klamannlaw.com
panderson@klamannlaw.com

HUMPHREY, FARRINGTON & McCLAIN, P.C.
Kenneth B. McClain, MO
Lauren E. McClain, MO
Timothy J. Kingsbury, MO
221 West Lexington, Suite 400
Independence, MO 64051
Telephone: (816) 836-5050
Facsimile: (816) 836-8966
kbm@hfmlegal.com
lem@hfmlegal.com
tjk@hfmlegal.com

THE POPHAM LAW FIRM, P.C.
Wm. Dirk Vandever, MO
712 Broadway, Suite 100
Kansas City, MO 64105
Telephone: (816) 221-2288
Facsimile: (816) 221-3999
dvandever@pophamlaw.com

GREGORY LEYH, P.C.
Gregory Leyh
104 N.E. 72nd Street, Ste. A
Gladstone, MO 64118
Telephone: (816) 283-3380
Facsimile: (816) 283-0489
gleyh@leyhlaw.com
**ATTORNEYS FOR MOVANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2015, I caused the foregoing Motion to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

                                                          /s/ *Andrew Schermerhorn*
                                                          Andrew Schermerhorn, MO