# EXHIBIT

# "C"

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br>                      Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                      Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## AMENDED FINAL ORDER AND JUDGMENT[1]

**AND NOW**, this 8th day of __MAY__, 2015, in accordance with the Court's Memorandum (ECF. No. 6509), it is **ORDERED**:

    1.    The Court has jurisdiction over the subject matter of this action.

    2.    The Court certifies the Settlement Class and Subclasses under Federal Rule of Civil Procedure 23.

---

[1] Unless otherwise noted, the terms used in this Order that are defined in the Settlement Agreement have the same meanings in this Order as in the Settlement Agreement.

The Settlement Class is defined as follows:

(i) All living NFL Football Players who, prior to the date of the Preliminary Approval and Class Certification Order, retired, formally or informally, from playing professional football with the NFL or any Member Club, including American Football League, World League of American Football, NFL Europe League and NFL Europa League players, or were formerly on any roster, including preseason, regular season, or postseason, of any such Member Club or league and who no longer are under contract to a Member Club and are not seeking active employment as players with any Member Club, whether signed to a roster or signed to any practice squad, developmental squad, or taxi squad of a Member Club ("Retired NFL Football Players"); and

(ii) Authorized representatives, ordered by a court or other official of competent jurisdiction under applicable state law, of deceased or legally incapacitated or incompetent Retired NFL Football Players ("Representative Claimants"); and

(iii) Spouses, parents, children who are dependents, or any other persons who properly under applicable state law assert the right to sue independently or derivatively by reason of their relationship with a Retired NFL Football Player or deceased Retired NFL Football Player ("Derivative Claimants").

The Subclasses are defined as follows:

(i) "Subclass 1" means Retired NFL Football Players who were not diagnosed with a Qualifying Diagnosis prior to the date of the Preliminary Approval and Class Certification Order and their Representative Claimants and Derivative Claimants.

(ii) "Subclass 2" means Retired NFL Football Players who were diagnosed with a Qualifying Diagnosis prior to the date of the Preliminary Approval and Class Certification Order and their Representative Claimants and Derivative Claimants, and the Representative Claimants of deceased Retired NFL Football Players who were diagnosed with a Qualifying Diagnosis prior to death or who died prior to the date of the Preliminary Approval and Class Certification Order and who received a post-mortem diagnosis of CTE.

3. The Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b). The Settlement Class Members are so numerous that their joinder is impracticable. There are questions of law and fact common to the Class and Subclasses. The claims of the Class Representatives and Subclass Representatives are typical of the Settlement Class Members and the respective Subclass Members. The Class Representatives and Subclass Representatives and

2

Co-Lead Class Counsel, Class Counsel and Subclass Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members. The questions of law or fact common to the Class and Subclasses predominate over any questions affecting only individual Settlement Class Members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court finds that the dissemination of the Settlement Class Notice and the publication of the Summary Notice were implemented in accordance with the Order granting preliminary approval, and satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e), the United States Constitution and other applicable laws and rules, and constituted the best notice practicable under the circumstances. The Notice given by the NFL Parties to state and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

5. The Court confirms the appointment of Shawn Wooden and Kevin Turner as Class Representatives and Shawn Wooden as Subclass 1 Representative and Kevin Turner as Subclass 2 Representative.

6. Pursuant to Federal Rule of Civil Procedure 23(g), the Court confirms the appointment of Christopher A. Seeger, Sol Weiss, Steven C. Marks, Gene Locks, Arnold Levin and Dianne M. Nast as Class Counsel. In addition the Court confirms the appointment of Christopher A. Seeger and Sol Weiss as Co-Lead Class Counsel, and confirms the appointments of Arnold Levin and Dianne M. Nast as Subclass Counsel for Subclasses 1 and 2, respectively.

7. Pursuant to Federal Rule of Civil Procedure 23, the Court finds that the Settlement Agreement is fair, reasonable and adequate and approves the Settlement Agreement in its entirety.

8. The Court expressly incorporates into this Final Order and Judgment: (a) the Settlement Agreement and exhibits originally filed with the Court on June 25, 2014, as amended and filed on February 13, 2015, and (b) the Settlement Class Notice Plan and the Summary Notice, both of which were filed with the Court on June 25, 2014.

9. The Parties are ordered to implement each and every obligation set forth in the Settlement Agreement in accordance with the terms and provisions of the Settlement Agreement.

10. So there can be no misunderstanding, Article XVIII of the Settlement Agreement is expressly incorporated in this Order. Therefore the Settlement Class, the Class and Subclass Representatives and each Settlement Class Member, on his or her own behalf and on behalf of his or her respective predecessors, successors, assigns, assignors, representatives, attorneys, agents, trustees, insurers, heirs, next of kin, estates, beneficiaries, executors, administrators, and any natural, legal, or juridical person or entity to the extent he, she, or it is entitled to assert any claim on behalf of any Settlement Class Member (the "Releasors"), waive and release, forever discharge and hold harmless the Released Parties, and each of them, of and from all Released Claims.

11. Any judgment or award obtained by the Releasors against any alleged tortfeasor, co-tortfeasor, co-conspirator or co-obligor, other than Riddell, by reason of judgment or settlement, for any claims that are or could have been asserted in the Class Action Complaint or in any Related Lawsuit, or that arise out of or relate to any claims that are or could have been

asserted in the Class Action Complaint or in any Related Lawsuit, or that arise out of or relate to any facts in connection with the Class Action Complaint or any Related Lawsuit (collectively, "Tortfeasors"), shall be reduced by the amount or percentage, if any, necessary under applicable law to relieve the Released Parties of all liability to such Tortfeasors on claims for contribution or indemnity (whether styled as a claim for contribution, indemnity or otherwise). Such judgment reduction, partial or complete release, settlement credit, relief, or setoff, if any, shall be in an amount or percentage sufficient under applicable law to compensate such Tortfeasors for the loss of any such claims for contribution or indemnity (whether styled as a claim for contribution, indemnity or otherwise) against the Released Parties.

12. Notwithstanding anything to the contrary in this Final Order and Judgment, this Final Order and Judgment and the Settlement Agreement are not intended to and do not effect a release of any rights or obligations that any insurer has under or in relation to any contract or policy of insurance to any named insured, insured, additional insured, or other insured person or entity thereunder, including those persons or entities referred to in Section 2.1(bbbb)(i)-(ii) of the Settlement Agreement.

13. The Court confirms the appointment of The Garretson Resolution Group, Inc. as the BAP Administrator, BrownGreer PLC as the Claims Administrator, The Garretson Resolution Group, Inc. as the Lien Resolution Administrator and Citibank, N.A. as the Trustee, and confirms that the Court retains continuing jurisdiction over those appointed. Pursuant to Federal Rule of Civil Procedure 53 and the inherent authority of the Court, the Court appoints Wendell Pritchett and Jo-Ann M. Verrier as Special Master to perform the duties of the Special Master as set forth in the Settlement Agreement for a five-year term commencing from the Effective Date of the Settlement Agreement.

14. As provided in the Settlement Agreement, this Final Order and Judgment and the related documents and any actions taken by the NFL Parties or the Released Parties in the negotiation, execution, or satisfaction of the Settlement Agreement: (a) do not and shall not, in any event, constitute, or be construed as, an admission of any liability or wrongdoing, or recognition of the validity of any claim made by the Class and Subclass Representatives, the Settlement Class, or any Settlement Class Member in this or any other action or proceeding; and (b) shall not, in any way, be construed as, offered as, received as, used as, or deemed to be evidence, admissible or otherwise, of any kind, or used in any other fashion, by the Class and Subclass Representatives, the Settlement Class, any Settlement Class Member, Class Counsel, or any of the Released Parties in any litigation, action, hearing, or any judicial, arbitral, administrative, regulatory or other proceeding for any purpose, except a proceeding to resolve a dispute arising under, or to enforce, the Settlement Agreement. Neither the Settlement Agreement nor any of its provisions, negotiations, statements, or court proceedings relating to its provisions, nor any actions undertaken in this Settlement Agreement, will be construed as, offered as, received as, used as, or deemed to be evidence, admissible or otherwise, or admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, the Released Parties, or as a waiver by the Released Parties of any applicable defense, or as a waiver by the Class and Subclass Representatives, the Settlement Class, or any Settlement Class Member, of any claims, causes of action, or remedies. This Paragraph shall not apply to disputes between the NFL Parties and their insurers, as to which the NFL Parties reserve all rights.

15. The Class Action Complaint is dismissed with prejudice, without further costs, including claims for interest, penalties, costs and attorneys' fees, except that motions for an award of attorneys' fees and reasonable incurred costs, as contemplated by the Parties in Section 21.1 of the Settlement Agreement, may be filed at an appropriate time to be determined by the Court, after the Effective Date of the Settlement Agreement.

16. All Related Lawsuits pending in the Court are dismissed with prejudice.

17. The Court retains continuing and exclusive jurisdiction over this action including jurisdiction over the Parties and their counsel, all Settlement Class Members, the Special Master, BAP Administrator, Claims Administrator, Lien Resolution Administrator, Appeals Advisory Panel, Appeals Advisory Panel Consultants, and Trustee. In accordance with the terms of the Settlement Agreement, the Court retains continuing and exclusive jurisdiction to interpret, implement, administer and enforce the Settlement Agreement, and to implement and complete the claims administration and distribution process. The Court also retains continuing jurisdiction over any "qualified settlement funds," that are established under the Settlement Agreement as defined under § 1.468B-1 of the Treasury Regulations promulgated under Sections 461(h) and 468B of the Internal Revenue Code of 1986, as amended.

18. Without further approval from the Court, and without the express written consent of Class Counsel and Counsel for the NFL Parties, the Settlement Agreement is not subject to any change, modification, amendment, or addition.

19. The terms of the Settlement Agreement and of this Final Order and Judgment are forever binding on the Parties, as well as on their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns. The Opt Outs are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Settlement

Agreement or this Final Order and Judgment. The Claims Administrator has posted a list of Opt Outs. *See* ECF No. 6533.

s/Anita B. Brody

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:    Copies **MAILED** on _____ to: