UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO: | |
| *Albert Lewis, et al.,* v. *Kansas City Chiefs Football Club, Inc.* | No. 14-cv-01995-AB |
| and | |
| *Neil Smith, et al.* v. *Kansas City Chiefs Football Club, Inc.* | No. 14-cv-03383-AB |
| and | |
| *Joe Horn, et al.* v. *Kansas City Chiefs Football Club, Inc.* | No. 14-cv-03382-AB |

**KANSAS CITY CHIEFS FOOTBALL CLUB, INC.'S OPPOSITION TO MOVANTS' JOINT MOTION FOR SUGGESTION OF REMAND OR, IN THE ALTERNATIVE, A STATUS CONFERENCE PURSUANT TO FRCP 16**

The Kansas City Chiefs Football Club, Inc. (the "Chiefs") respectfully submits this response in opposition to Movants' Joint Motion for Suggestion of Remand or, in the Alternative, a Status Conference Pursuant to Federal Rule of Civil Procedure 16 (ECF No. 6526) (the "Motion").[1]

---

[1] Because the Court has noticed a Rule 16 conference for May 27, 2015, Plaintiffs' request for such a conference is moot, and thus the Chiefs do not address it.

**PRELIMINARY STATEMENT**

Plaintiffs'[2] request that this Court recommend to the Judicial Panel on Multidistrict Litigation (the "JPML") that their cases (the Chiefs Cases) be remanded to the transferor federal court—resting on the same erroneous arguments rejected by the JPML when it first transferred these actions to MDL 2323, and by this Court when it denied the *Lewis* Plaintiffs' first motion for suggestion of remand—should be denied. The circumstances underpinning consolidation of Plaintiffs' actions in MDL 2323 have not changed, and Plaintiffs' arguments to the contrary have no merit.

First, Plaintiffs argue that final approval of the Class Action Settlement eliminates the judicial efficiency gained by inclusion of their actions in the MDL. But consolidated MDL treatment remains appropriate here because 60 actions involving 112 former player Opt Outs remain pending against the National Football League and, in some cases, NFL Properties LLC (collectively, the "NFL Parties") in MDL 2323. As recognized by the JPML, Plaintiffs' actions, and the other actions pending in MDL 2323, involve common questions of fact. Although Plaintiffs nonetheless assert that their actions raise "unique" issues and that they "are pursuing claims only against their former employer [*i.e.*, the Chiefs] and not against the NFL Parties" (Mot. at 8; *see also* Mot. at 3 n.3, 6-7), 15 of the 21 former player Plaintiffs in the Chiefs Cases are also plaintiffs in other pending MDL 2323 actions alleging the *same* common law negligence- and fraud-based claims against the NFL Parties for the *same* purported injuries that they assert against the Chiefs.

---

[2] The term "Plaintiffs" includes solely plaintiffs in the *Lewis*, *Smith*, and *Horn* actions (the "Chiefs Cases") but does not include Darrell Colbert or Tamarick Vanover—named plaintiffs in *Smith* and *Horn*, respectively—because Colbert did not opt out of the Class Action Settlement and Vanover revoked his opt-out request. Their claims are therefore dismissed with prejudice pursuant to the Court's Amended Final Order and Judgment dated May 8, 2015.

2

Discovery, including expert discovery regarding causation, will significantly overlap in these actions. Similarly, consolidation will streamline motion practice, including on the issue of Section 301 Labor Management Relations Act preemption, where, for example, the resolution of the claims in Plaintiffs' actions against the Chiefs and the other MDL 2323 actions will require interpretation of the same health and safety provisions of the NFL Collective Bargaining Agreements (the "CBAs"). For these reasons—all of which the JPML recognized when transferring the Chiefs Cases to this Court in the first place—maintaining consolidation of pretrial matters serves the interests of fairness, consistency, and judicial economy.

Second, Plaintiffs argue that the Eastern District of Missouri's remand decision in *Green* v. *Arizona Cardinals Football Club LLC*, 21 F. Supp. 3d 1020 (E.D. Mo. 2014) is another "crucial development[ ]" counseling against consolidation in MDL 2323. (Mot. at 2.) But the JPML transferred two of Plaintiffs' three actions against the Chiefs to the MDL *after* the *Green* remand decision and *after* Plaintiffs provided the JPML with notice of that decision. Thus, there have been no developments affecting the merits of consolidation. Even if *Green* were a "new" development, it is of no consequence that this Court would need to consider Plaintiffs' arguments about the effect of Missouri law on the Chiefs' preemption motion because MDL transferee courts routinely apply the law of other jurisdictions. At bottom, where, as here, Plaintiffs' remand motions (with regard to federal jurisdiction) and the NFL Defendants' motions to dismiss on the basis of preemption require the Court to interpret the same NFL CBA provisions, it promotes judicial efficiency for this Court to consider all motions.

For the reasons set forth below, Plaintiffs' motion for suggestion of remand

should be denied.

## BACKGROUND

Plaintiffs are 21 former players (all of whom played some or all of their NFL careers for the Chiefs, an NFL Member Club), who in the *Lewis*, *Smith*, and *Horn* actions assert common law causes of action for negligence, negligent misrepresentation, and fraudulent concealment against the Chiefs. *See* Am. Pet. ¶¶ 75-105, *Lewis* v. *Kansas City Chiefs Football Club, Inc.*, No. 14-cv-01995-AB (E.D. Pa.), ECF No. 1-1; Pet. ¶¶ 58-88, *Smith* v. *Kansas City Chiefs Football Club, Inc.*, No. 14-cv-03383-AB (E.D. Pa.), ECF No. 1-2; Pet. ¶¶ 42-68, *Horn* v. *Kansas City Chiefs Football Club, Inc.*, No. 14-cv-03382-AB (E.D. Pa.), ECF No. 1-1. 15 Plaintiffs have also filed separate complaints in MDL 2323 alleging the same common law negligence- and fraud-based causes of action against the NFL Parties, arising out of the same purported injuries allegedly sustained during their entire playing careers in the NFL.[3]

The Chiefs removed the Chiefs Cases from Missouri state court to the United States District Court for the Western District of Missouri on the ground that Plaintiffs' claims are completely preempted by Section 301 of the Labor Management Relations Act (the "LMRA"). After the Chiefs noticed these actions as potential tag-along actions to MDL 2323 based on common questions of fact, Plaintiffs filed motions to remand with the district court and motions to oppose MDL transfer with the JPML. Plaintiffs asserted the same arguments as they do here, including that the transferor court should decide remand of Plaintiffs' cases instead of this Court because (i) the Chiefs Cases purportedly

---

[3] *See* Short Form Complaints, MDL 2323, 12-md-02323 (E.D. Pa.), ECF Nos. 987, 1525, 1902, 2395, 2454, 2604, 2675, 2796, 3038, 3048, 3352, 3810, 4166, 5380; Short Form Complaint, *Smith* v. *Nat'l Football League*, 13-cv-0300 (E.D. Pa.), ECF No. 2.

4

are factually distinct from the other cases consolidated in MDL 2323 because they assert claims against the Chiefs as opposed to the NFL Parties, and (ii) there purportedly is no federal subject matter jurisdiction, as held in the United States District Court for the Eastern District of Missouri's remand of *Green* v. *Arizona Cardinals*, 21 F. Supp. 3d 1020 (E.D. Mo. 2014).  *See, e.g.*, Pls.' Mot. to Vacate CTO-89, *In re Nat'l Football League Players' Concussion Injury Litig.*, MDL No. 2323 (J.P.M.L. Mar. 28, 2014), ECF No. 572; Pls.' Notice of Suppl. Authority in Supp. of Mot. to Vacate CTO-89, *In re: Nat'l Football League Players' Concussion Injury Litig.*, MDL No. 2323 (J.P.M.L. May 15, 2014), ECF No. 619 (discussing *Green*).

The JPML rejected Plaintiffs' arguments and transferred the cases to this Court. The Panel reasoned that because the actions involve "common questions of fact with the actions previously transferred to MDL No. 2323"—including "allegations that defendant is liable for, *inter alia*, failing to warn and protect players from the long-term risk of concussions and subconcussive injuries"—transfer "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." Transfer Order at 1, *In re: Nat'l Football League Players' Concussion Injury Litig.*, MDL 2323 (J.P.M.L. April 2, 2014), ECF No. 582 ("*Lewis* Transfer Order"); Transfer Order at 1, *In re: Nat'l Football League Players' Concussion Injury Litig.*, MDL 2323 (J.P.M.L. June 9, 2014), ECF No. 625 ("*Smith* and *Horn* Transfer Order").  Moreover, the JPML found that MDL 2323 shares factual issues with the Chiefs Cases because the majority of Plaintiffs are "themselves, plaintiffs in MDL No. 2323," having filed parallel litigation against the NFL Parties premised on the *same* alleged injuries asserted as the basis of the claims against the Chiefs.  *See Lewis* Transfer Order at 2; *Smith* and *Horn* Transfer Order

at 1. For these reasons, the JPML recognized "discovery in th[ese] action[s] will overlap with that in the MDL, particularly involving expert discovery regarding causation." *Lewis* Transfer Order at 2.

The JPML also rejected the notion that "jurisdictional issues . . . present an impediment to transfer." *See id.*; *Smith* and *Horn* Transfer Order at 1-2. While not deciding the merits of Plaintiffs' motions to remand, the JPML concluded those motions:

> [W]ill involve issues that also are implicated in the NFL's motion to dismiss in MDL No. 2323. Specifically, defendant argues that plaintiffs' state law claims are completely preempted by Section 301 of the Labor Management Relations Act due to the existence of collective bargaining agreements. Transfer will [therefore] allow a single court to efficiently and consistently address these issues.

*Lewis* Transfer Order at 2; *see also Smith* and *Horn* Transfer Order at 2.

Following transfer to MDL 2323, the *Lewis* Plaintiffs promptly filed a motion with this Court arguing—as they do again here—that the Court should suggest remand "due to the unique and localized issues" in the case and the alleged lack of federal subject matter jurisdiction. (Pls.' Mot. to Modify CMO No. 4 at 7, ECF No. 5941.) The Chiefs opposed that motion, explaining how the JPML had already rejected the *Lewis* Plaintiffs' arguments. (Chiefs' Response in Opp'n to Pls.' Mot. Modify CMO No. 4 at 8-9, ECF No. 6028.) This Court denied the *Lewis* Plaintiffs' motion. (Order Den. Pls.' Mot. to Modify CMO No. 4, ECF No. 6113.)

Subsequently, on June 25, 2014, the NFL Parties and Co-Lead Counsel in MDL 2323 entered into a Class Action Settlement, which the Court approved on April 22, 2015. 159 former players, including 112 that are named plaintiffs in the MDL, opted out of the settlement. (*See* Table 1, Posting of List of Opt Outs Pursuant to the Final Order & J., ECF No 6533-1.) The Opt Outs remain subject to pending motions before this

6

Court—either motions to remand filed by Plaintiffs and/or motions to dismiss filed by the NFL Parties—that turn on the threshold issue of Section 301 preemption. (*See, e.g.*, Def.'s Mem. of Law in Supp. of Mot. to Dismiss the Am. Master Admin. Long-Form Compl. on Preemption Grounds, ECF No. 3589-1; Mot. to Remand, *Lewis* v. *Kansas City Chiefs Football Club, Inc.*, No. 14-cv-01995-AB (E.D. Pa. Apr. 4, 2014), ECF No. 1-14.)

## ARGUMENT

28 U.S.C. § 1407(a) requires that each action transferred by the JPML "shall be remanded by the panel at or before the conclusion of . . . pretrial proceedings." 28 U.S.C. 1407(a). Where a party, as here, seeks "remand [of] an action prior to the completion of pretrial proceedings," it must demonstrate "good cause." *In re Maxim Integrated Prods., Inc.*, MDL No. 2354, 2015 WL 1757779, at *3 (W.D. Pa. Apr. 17, 2015). Ultimate authority to issue the remand order lies with the JPML, but "[t]ypically, the [MDL] judge [first] recommends remand of an action." J.P.M.L. Rule 10.1(b). "A judge should make such a suggestion when he or she perceives his or her role in the case has ended." *In re Integrated Res., Inc. Real Estate Ltd. P'ships Sec. Litig.*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994); *see also In re Air Crash Near Nantucket Island, Mass.*, 162 F. Supp. 2d 694, 695-96 (J.P.M.L. 2001) (same).

Plaintiffs' request for a suggestion of remand falls far short of the requisite good cause showing. Plaintiffs' request here hinges on two alleged "crucial developments"—the final approval of the Class Action Settlement and the *Green* remand decision—that purportedly show "the posture of MDL No. 2323 is such that inclusion of [Plaintiffs'] cases promotes neither justice nor efficiency and thus, requires remand." (Mot. at 6.) But, notwithstanding those "developments," the very reasons that the JPML transferred

7

Plaintiffs' actions, and that this Court denied the *Lewis* Plaintiffs' suggestion of remand, remain valid and compelling today. *See Lewis* Transfer Order at 1; *Smith* and *Horn* Transfer Order at 1; *see also Integrated Res.*, 851 F. Supp. at 562 (denying motion for suggestion of remand when "the factors relied on by the Panel for the original transfer remain valid"). Simply put, the opt-out litigation in MDL 2323 shares common questions of fact with the Chiefs Cases, and consolidation of the various actions in MDL 2323 serves the convenience of the parties and witnesses; promotes the just and efficient conduct of the litigation by eliminating duplicative discovery and preventing inconsistent pretrial rulings (including on the threshold issue of preemption); and conserves the resources of the parties, their counsel, and the judiciary. Nothing in Plaintiffs' motion shows otherwise.

**I.     Consolidation in MDL 2323 Remains Appropriate
        After the Court's Final Approval of the Class Action Settlement**

First, Plaintiffs argue that the Court's approval of the Class Action Settlement "eliminat[es] any vestige of judicial efficiency gained" by including Plaintiffs' actions in MDL 2323. (Mot. at 3.) That is not true. Plaintiffs ignore that 60 actions on behalf of 112 former player Opt Outs remain pending against the NFL Parties in MDL 2323.[4] Thus, the advantages of centralization remain in full force because Plaintiffs' and the other MDL Opt Outs' actions share common factual issues "stemming from injuries sustained while playing professional football." *Maxwell* Transfer Order at 1; *Smith* and *Horn* Transfer Order at 1 ("Like the MDL No. 2323 actions, [*Smith* and *Horn*] involve

---

[4]   By comparison, the JPML's initial transfer order creating MDL 2323 centralized four actions. *See generally* Transfer Order, *In re: Nat'l Football League Players' Concussion Injury Litig.*, MDL No. 2323 (J.P.M.L. Jan. 31, 2012), ECF No. 61 ("*Maxwell* Transfer Order"); *see also Maxim Integrated Prods.*, 2015 WL 1757779, at *3-4 (denying motion for suggestion of remand when only one active case remained in the MDL).

allegations that defendant is liable for, *inter alia*, failing to warn and protect players from the long-term risk of concussions and subconcussive injuries."); *Lewis* Transfer Order at 1 (same).

For example, because Plaintiffs' complaints assert negligence- and fraud-based claims for allegedly failing to warn and actively misleading retired football players about the dangers of concussions and head injuries, their claims necessarily share a host of other issues of fact in common with those asserted by other plaintiffs in the MDL, including, without limitation: (i) the state of the science regarding concussions and head injuries that Plaintiffs allege the NFL and its Member Clubs, including the Chiefs, knew or should have known, and of which defendants allegedly failed to warn Plaintiffs; (ii) whether the alleged neuromuscular and neurocognitive injuries are caused by concussive and subconcussive head impacts in professional football; (iii) the terms and effective dates of the NFL CBAs, and the accompanying NFL Constitutions and By-Laws and Standard Player Contracts, governing NFL football; (iv) the actions or inactions of the NFL and its Member Clubs, including the Chiefs, in educating and/or warning NFL players about the risks of concussions and head injuries; (v) the actions or inactions of the Chiefs' coaching, medical, and athletic training staffs during a given season and related policies and/or procedures concerning injuries; and (vi) NFL football playing rules, including penalties and related disciplinary actions for improper hits to the head.

Moreover, contrary to Plaintiffs' representation that they "are pursuing claims only against their former employer and not against the NFL Parties" (Mot. at 8; *see also* Mot. at 3 n.3, 7), 15 of the 21 Plaintiffs maintain parallel litigation in the MDL against the NFL Parties, and thus these actions and the others in the MDL necessarily share

9

numerous *identical* issues of fact relating to Plaintiffs' alleged injuries purportedly resulting from playing NFL football. The final approval of the Class Action Settlement does not change that conclusion. Thus, coordinated proceedings in the MDL will not only eliminate duplicative discovery that would otherwise burden both the parties and the judicial system, but also streamline motion practice and scheduling and avoid potentially inconsistent pretrial rulings. *See Lewis* Transfer Order at 2 ("[D]iscovery in this action will overlap with that in the MDL, particularly involving expert discovery regarding causation."); *see also Maxwell* Transfer Order at 1-2.

In sum, for the very reasons that the JPML transferred the Chiefs Cases to this Court, and this Court denied the *Lewis* Plaintiffs' motion for suggestion of remand, MDL treatment remains compelling and justified here and will serve the interests of fairness, consistency, and judicial economy.

## II.   Consolidation in MDL 2323 Remains Appropriate After the Non-Binding Remand Decision in *Green* v. *Arizona Cardinals*

Plaintiffs next argue that, given the remand decision by the United States District Court for the Eastern District of Missouri in *Green* v. *Arizona Cardinals Football Club LLC*, 21 F. Supp. 3d 1020 (E.D. Mo. 2014), it "would lead to less efficiency, not more" to keep the Chiefs Cases in the MDL. (Mot. at 3 (emphasis omitted).) They reason that, under *Green*, Plaintiffs are differently situated from the other plaintiffs in the MDL with respect to Section 301 preemption, and it therefore would be inefficient for the Court to address these issues simultaneously. Not so.

As an initial matter, Plaintiffs misrepresent the timing of this so-called "development[ ]." (Mot. at 2.) *Green* was not decided "[s]ince consolidation" of the Chiefs Cases with MDL 2323. (Mot. at 2.) Instead, the JPML transferred two of

Plaintiffs' three actions against the Chiefs to this Court *after* the *Green* remand decision and *after* receiving notices of supplemental authority addressing that decision.[5]  *See generally* Pls.' Notice of Suppl. Authority in Supp. of Mot. to Vacate CTO-89, *In re: Nat'l Football League Players' Concussion Injury Litig.*, MDL No. 2323 (J.P.M.L. May 15, 2014), ECF No. 619 (discussing *Green*).  Therefore, far from a new development, the JPML had already considered the *Green* decision when it ruled that Plaintiffs' jurisdictional challenge was no reason to deny consolidation.  Accordingly, *Green* provides no reason to transfer the Chiefs Cases back to the United States District Court for the Western District of Missouri for a decision on their jurisdictional remand motions.  *See*, *e.g.*, *Lewis* Transfer Order at 1 (holding "jurisdictional issues do not present an impediment to transfer"); *Smith* and *Horn* Transfer Order at 1-2 (same).

Second, Plaintiffs do not explain why it would be more efficient for the United States District Court for the Western District of Missouri to decide their pending remand motions as opposed to this Court.  Nor could they.  As the JPML already has held, it would *promote* judicial efficiency for this Court to consider whether Section 301 preempts both Plaintiffs' claims (on Plaintiffs' motions to remand)[6] and the other MDL

---

[5]  The JPML transferred the *Smith* and *Horn* actions to this Court in June 2014; it transferred the *Lewis* action in April 2014.

[6]  Despite Plaintiffs' assertion that "[c]ourts routinely suggest remand despite pending dispositive motions," those courts faced significantly different circumstances than those present here.  *See In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Practices Litig.*, 840 F. Supp. 2d 1193, 1198 (D. Minn. 2012) (suggestion of remand was proper when discovery had been completed and the "primary purpose behind assigning multidistrict litigation to a transferee court is to promote efficiency through the coordination of discovery" (internal quotation marks omitted)); *In re State Street Bank & Trust Co. Fixed Inc. Funds Inv. Litig.*, MDL No. 1945, 2011 WL 1046162, at *4 (S.D.N.Y. Mar. 22, 2011) (suggestion of remand was proper when coordinated fact and expert discovery was complete which is among the "primary purposes of multidistrict litigation"); *In re Ford Motor Co. Bronco II Prods. Liab.*

11

plaintiffs' claims (on the NFL Parties' motions to dismiss). *See Lewis* Transfer Order at 1-2 (noting that Plaintiffs' remand motions "will involve issues that also are implicated in the NFL's motion to dismiss in MDL No. 2323" and "[t]ransfer will allow a single court to efficiently and consistently address these issues"). Instead of requiring a "separate" or "unique preemption analysis," as Plaintiffs claim (Mot. at 5, 7), both the Chiefs and the NFL Parties argue that the Court must interpret the health and safety provisions of the NFL CBAs to decide their motions. This Court already has heard oral argument concerning these CBA provisions on the NFL Parties' motions to dismiss, and thus already has invested time and resources on this issue. Requiring different federal courts to review these same CBAs is duplicative and wastes judicial resources. *See In re Maxim Integrated Prods., Inc.*, MDL No. 2354, 2015 WL 1757779, at *5 (W.D. Pa. Apr. 17, 2015) ("[I]t would be detrimental to the 'just and efficient conduct of the litigation' to remand the case, prior to the completion of pretrial proceedings," given that the "court has significant familiarity with th[e] case."); *In re Duarte, Cal. Air Crash Disaster*, 354 F. Supp. 278, 279 (J.P.M.L. 1973) ("While different legal issues may be raised . . . , we think the factual issues in the case are sufficiently common to warrant transfer for pretrial coordination or consolidation.").

This is true even if this Court also must consider Plaintiffs' arguments about the effect of Missouri law on the preemption issue. MDL transferee courts routinely apply

---

*Litig.*, No. 991, 1998 WL 308013, at *2 (E.D. La. June 8, 1998) (suggesting remand when pretrial discovery was concluded); *In re Baseball Bat Antitrust Litig.*, 112 F. Supp. 2d 1175, 1176-77 (J.P.M.L. 2000) (adopting district judge's suggestion of remand when only one action remained pending in the MDL); *In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924-25 (J.P.M.L. 1977) (adopting district judge's suggestion of remand when it was "obviously an expression that [the judge] perceive[d] his role under Section 1407 to be completed").

the law of other jurisdictions as part of the MDL pretrial proceedings. *See In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 407 F. Supp. 244, 246-47 (J.P.M.L. 1976) ("[I]t is within the very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation for the transferee judge to be called upon to apply the law of more than one state."); *Duarte, Cal. Air Crash Disaster*, 354 F. Supp. at 279 (rejecting argument that "the action should be left with the transferor court for decision of the motion to dismiss because the transferor court has a greater familiarity with the relevant laws," and noting that "the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges."); *see also* 19 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4506 (2d ed. 1996) ("In actions transferred under Section 1407 for consolidated pretrial discovery, . . . the transferee court should apply the substantive law of the transferor state."). To the extent that Plaintiffs imply this is "inefficient," they misunderstand the overarching nature and purpose of MDL proceedings.[7]

---

[7] Plaintiffs are incorrect that there is no subject matter jurisdiction on the basis of complete preemption of their claims under Section 301 of the LMRA. Plaintiffs argue their actions are unique because the claims are purportedly based on non-negotiable duties owed by Missouri employers. (Mot. at 2-3.) This is incorrect—such duties are negotiable under Missouri law, including through the collective bargaining of health and safety provisions governing workplaces. *See Gore* v. *Trans World Airlines*, 210 F.3d 944, 950 (8th Cir. 2000) (analyzing Missouri law and stating that "[e]mployers and employees are free to negotiate what actions an employer may take to preserve the safety and security of the workplace and the safety of other employees"). Here—in Plaintiffs' and the other actions in MDL 2323—like in *Gore*, unionized workforces negotiated NFL CBAs to govern aspects of workplace safety. Plaintiffs' claims require interpretation of those CBAs to determine any applicable duty, the scope of any such duty, and whether defendants' actions violated any such duty. Moreover, even if the Missouri common law duties were non-negotiable, which they are not, the Court still must interpret the NFL CBAs to resolve Plaintiffs' claims. *See Lingle* v. *Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 n.7 (1988) ("It is conceivable that a State could create a remedy that, although

Moreover, plaintiffs in *Kenney* v. *Kansas City Chiefs Football Club, Inc.*, 14-cv-04779-AB (E.D. Pa.) also opted out of the Class Action Settlement and raise the exact same jurisdictional issue purportedly "unique" to Plaintiffs in the MDL.  *See Kenney* v. *Kansas City Chiefs Football Club, Inc.*, 14-cv-00255-BP (W.D. Mo. Apr. 16, 2014), ECF No. 20.  It would risk potentially inconsistent rulings for two separate federal district courts to decide substantially similar remand motions.

Finally, Plaintiffs' reliance on *In re Insurance Brokerage Antitrust Litigation*, MDL No. 1663, 2009 WL 1874085 (D.N.J. June 30, 2009) for the argument that the transferor federal district court should hear their motion to remand is misplaced.  The motion in that case involved whether the specific parties were fraudulently joined so as to destroy diversity jurisdiction, and the resolution of Plaintiffs' jurisdictional challenges required a court to consider and decide "detailed issues of substantive Missouri state statutory and common law."  *Id*. at *4.  That is not the case where, as here, the Court must consider primarily federal law (Section 301 of the LMRA).  Moreover, central to the court's decision to suggest remand in *In re Insurance Brokerage* was that "minimal discovery . . . remain[ed]," and "continued participation in MDL 1663 actually impedes the filing of dispositive motions, and thus a potentially prompt resolution to these nearly five-year-old cases."  *Id*. at *3.  By contrast, the Chiefs Cases are at the very beginning of the pretrial process.

*          *          *

In sum, there have been no developments to alter the JPML's and this Court's

---

nonnegotiable, nonetheless turned on the interpretation of a collective-bargaining agreement for its application" and "[s]uch a remedy would be pre-empted by § 301.").

carefully considered prior determinations that the Chiefs Cases should be consolidated in MDL 2323.

## CONCLUSION

For the reasons stated, the Chiefs respectfully request that this Court deny Plaintiffs' motion for suggestion of remand.

Dated:  May 14, 2015	Respectfully submitted

/s/ Brad S. Karp
Brad S. Karp
Bruce Birenboim
Lynn B. Bayard
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
bkarp@paulweiss.com
bbirenboim@paulweiss.com
lbayard@paulweiss.com
(with respect to all actions)

and

Lee M. Baty, Esq.
Theresa A. Otto, Esq.
W. Christopher Hillman, Esq.
Elizabeth A. Murray, Esq.
BATY, HOLM, NUMRICH & OTTO, P.C.
4600 Madison Avenue, Suite 210
Kansas City, MO 64112-3019
lbaty@batyholm.com
totto@batyholm.com
chillman@batyholm.com
emurray@batyholm.com
(816) 531-7200
(with respect to *Lewis* and *Smith* actions)

and

15

Gregory S. Gerstner, Esq.
Frederick H. Riesmeyer II, Esq.
Christopher M. McHugh, Esq.
Kendra D. Hanson, Esq.
SEIGFREID BINGHAM, P.C.
2323 Grand Blvd., Suite 1000
Kansas City, Missouri 64108
ggerstner@seigfreidbingham.com
friesmeyer@seigfreidbingham.com
cmchugh@seigfreidbingham.com
khanson@seigfreidbingham.com
(816) 421-4460
(with respect to *Horn* action)

***Attorneys for the Kansas City Chiefs Football Club, Inc.***

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing document was served electronically via the Court's electronic filing system on the 14th day of May, 2015, upon all counsel of record.


Dated: May 14, 2015                              /s/ Brad S. Karp
                                                 Brad S. Karp