PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
PO BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3165

WRITER'S DIRECT FACSIMILE
(212) 492-0165

WRITER'S DIRECT E-MAIL ADDRESS
bbirenboim@paulweiss.com

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
ALLAN J. ARFFA
ROBERT A. ATKINS
DAVID J. BALL
JOHN F. BAUGHMAN
LYNN B. BAYARD
DANIEL J. BELLER
CRAIG A. BENSON
MITCHELL L. BERG
MARK S. BERGMAN
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L. BROCHIN
RICHARD J. BRONSTEIN
DAVID W. BROWN
SUSANNA M. BUERGEL
PATRICK S. CAMPBELL*
JESSICA S. CAREY
JEANETTE K. CHAN
YVONNE Y. F. CHAN
LEWIS R. CLAYTON
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
CHARLES E. DAVIDOW
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY
HARRIS B. FREIDUS
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D. GOLDBAUM
NEIL GOLDMAN
CATHERINE L. GOODALL
ERIC GOODISON
CHARLES H. GOOGE JR.
ANDREW G. GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
GAINES GWATHMEY III
ALAN S. HALPERIN
JUSTIN G. HAMILL
CLAUDIA HAMMERMAN
GERARD E. HARPER
BRIAN S. HERMANN
MICHELE HIRSHMAN
MICHAEL S. HONG
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
BRIAN M. JANSON
JAREN JANGHORBANI
MEREDITH J. KANE

ROBERTA A. KAPLAN
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
ALAN W. KORNBERG
DANIEL J. KRAMER
DAVID K. LAKHDHIR
STEPHEN P. LAMB*
JOHN E. LANGE
DANIEL J. LEFFELL
XIAOYU GREG LIU
JEFFREY D. MARELL
MARCO V. MASOTTI
EDWIN S. MAYNARD
DAVID W. MAYO
ELIZABETH R. McCOLM
MARK F. MENDELSOHN
WILLIAM B. MICHAEL
TOBY S. MYERSON
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
KELLEY D. PARKER
MARC E. PERLMUTTER
VALERIE E. RADWANER
CARL L. REISNER
LORIN L. REISNER
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JACQUELINE P. RUBIN
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
STEPHEN J. SHIMSHAK
DAVID R. SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J. SIMONS
AUDRA J. SOLOWAY
SCOTT M. SONTAG
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F. TARNOFSKY
MONICA K. THURMOND
DANIEL J. TOAL
LIZA M. VELAZQUEZ
MARIA T. VULLO
ALEXANDRA M. WALSH*
LAWRENCE G. WEE
THEODORE V. WELLS JR.
BETH A. WILKINSON
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
JULIA MASON WOOD
JENNIFER H. WU
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TALRIE M. ZEITZER
T. ROBERT ZOCHOWSKI JR.

*NOT ADMITTED TO THE NEW YORK BAR

August 17, 2015

*By ECF*

Honorable Anita B. Brody
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 7613
Philadelphia PA, 19106

      *Lewis* v. *Kansas City Chiefs Football Club*, 14-cv-01995; *Horn* v. *Kansas City Chiefs Football Club*, 14-cv-03382; *Smith* v. *Kansas City Chiefs Football Club*, 14-cv-03383; and *Kenney* v. *Kansas City Chiefs Football Club*, 14-cv-04779

Dear Judge Brody:

      We write on behalf of our client the Kansas City Chiefs Football Club (the "Chiefs") concerning the motion to remand (the "Motion") filed on July 30, 2015 by Plaintiffs in the above-captioned actions pending in *In re National Football League Players' Concussion Injury Litigation* ("MDL 2323"). For the reasons set forth below, the Motion is procedurally improper and premature. Accordingly, the Chiefs respectfully request that it be denied without prejudice at this time or, at the least, held in abeyance until the Court issues a case management order permitting and scheduling supplemental briefing on all preemption-related motions in the Opt Out litigation.

First, the plaintiffs in these actions already have motions to remand pending before this Court. Filing successive motions seeking the same relief as a motion that remains pending before the Court is improper. *See, e.g., UFCW Local 880-Retail Food Emp'rs Joint Pension Fund* v. *Newmont Mining Corp.*, 2007 WL 2871013, at *5 (D. Colo. Sept. 26, 2007) ("[Proposed intervenor] proffers no explanation as to why it had a good faith legal basis to file repetitive motions seeking the same relief that remained *sub judice* as a result of its first request for entry of default."), *aff'd*, 276 F. App'x 747 (10th Cir. 2008); *see also Scott* v. *Cunningham*, 2012 WL 1536312, at *8 (W.D. Wash. Apr. 12, 2012) ("'[T]he case represents an example of abusive pleading practice where multiple motions are filed asking for the same relief and the plaintiff does not wait for a response from the court before filing the same motion again. Motion practice of this nature cannot be for a proper purpose and only delays and increases the cost of litigation.'"), *aff'd*, 516 F. App'x 672 (9th Cir. 2013).

Here, Plaintiffs do not contest—nor could they—that motions to remand were pending at the time they filed the Motion. Indeed, the *Lewis* Plaintiffs acknowledged the pendency of their remand motion by filing a notice of supplemental authority with this Court on May 15, 2014. (*See* Pls.' Notice of Suppl. Authority In Supp. of Pls.' Mot. to Remand at 2, ECF No. 6039.) The pending motions argue that the actions should be remanded to state court because there is no federal jurisdiction on the basis of Section 301 Labor Management Relations Act preemption—the same argument made in the instant Motion. Thus, the Motion should be denied without prejudice at the outset as duplicative of pending motions.

Second, the Motion is an attempted end-run around this Court's effort to administer the MDL proceedings in an orderly fashion by coordinating supplemental briefing on all preemption-related motions, including Plaintiffs' pending remand motions. By filing a new remand motion, Plaintiffs wholly disregard the Court's express instructions at the parties' June 10, 2015 Rule 16 scheduling conference on how these Opt Out litigations would proceed. At that conference, the Court directed Plaintiffs' counsel to resolve any client representation issues and then to notify the Court so that a subsequent conference could be scheduled to address the timing of any supplemental briefing on pending motions. The Court has broad discretion to manage its docket in this fashion in order to maximize judicial efficiency and minimize burden on the parties. *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013) ("[D]istrict judges 'must have authority to manage their dockets, especially during [a] massive litigation'" (alteration in original) (quoting *In re Fannie Mae Sec. Litig.*, 553 F.3d 814, 823 (D.C. Cir. 2009))); *see also In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006) (stating that district courts managing multidistrict litigation cases need "to have broad discretion to administer the proceeding as a whole, which necessarily includes keeping the parts in line"). To achieve those goals, supplemental briefing on Plaintiffs' motions to remand should be coordinated with supplemental briefing on the NFL Parties' pending motion to dismiss the other cases pending before the Court in this MDL proceeding. As Plaintiffs' Memorandum in Support of their Motion illustrates, both motions—despite involving different

defendants—will require the Court to consider substantially overlapping arguments concerning provisions of the NFL Collective Bargaining Agreements and Section 301 Labor Management Relations Act case law. The coordination of supplemental briefing (and argument) on preemption-related motions would be consistent with the Court's intent to prioritize and coordinate the resolution of related motions while maintaining structured, efficient MDL proceedings. It would also be consistent with the Court's June 13, 2012 order that stayed "[t]he time for NFL Defendants and Riddell Defendants to respond to any motion to remand . . . until further order from this Court." (Order at 1, ECF No. 89.) By staying those responses, the Court recognized then that it would be inefficient to address preemption-related motion practice in piecemeal fashion. The same holds true for the instant Motion.

Although Plaintiffs argue that their motions to remand should be decided "as soon as possible," none of the cases cited by Plaintiffs supports the proposition that the Court should accelerate Plaintiffs' motions over all the other preliminary motions pending in cases comprising this MDL proceeding or that a court must resolve all jurisdictional challenges before conducting any docket management. Instead, the cases simply hold that a district court has discretion to consider remand promptly *if it so chooses*, see *J.C. ex rel. Cook v. Pfizer, Inc.*, 2012 WL 4442518 (S.D. W.V. Sept. 25, 2012), and that jurisdictional motions should be decided before motions addressing the merits. See *Coggins v. Keystone Foods, LLC*, No. 15-480, 2015 WL 3400938 (E.D. Pa. May 27, 2015); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998). Plaintiffs ignore that the motion to dismiss on preemption grounds *is* a jurisdictional motion—and the Court has already prioritized such motions over motions on the merits. There is no reason to proceed with one jurisdictional motion before the other when judicial efficiency would be best served by coordinated briefing and consideration.

In sum, the Chiefs respectfully request that the Motion be denied without prejudice as procedurally improper at this time or held in abeyance until the Court issues a case management order permitting and scheduling supplemental briefing on all preemption-related motions in the Opt Out litigation. In the event that the Court alternatively determines that the parties should proceed with new briefing on the motions to remand filed in the above-captioned actions, the Chiefs respectfully request the right to submit a consolidated opposition brief on the merits of the motion on a briefing schedule agreed to by the parties or ordered by the Court.

                        Respectfully submitted,

                        Bruce Birenboim

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing document was served electronically via the Court's electronic filing system on the 17th day of August, 2015, upon all counsel of record.

Dated:  August 17, 2015　　　　　　　/s/ Bruce Birenboim
　　　　　　　　　　　　　　　　　　Bruce Birenboim