# THE KLAMANN LAW FIRM

*4435 Main Street • Suite 150 • Kansas City, MO 64111*
*Telephone (816) 421-2626 • Fax (816) 421-8686*

August 19, 2015

*By ECF*

The Honorable Judge Anita B. Brody
United States District Court, Eastern District Of Pennsylvania
U.S. Courthouse
601 Market St Rm 7613
Philadelphia, PA 19106-1717

    Re:    *Lewis, et al. v. Kansas City Chiefs Football Club, Inc.*, 14-01995-AB;
             *Smith, et al. v. Kansas City Chiefs Football Club, Inc.*, 14-03383-AB;
             *Horn, et al. v. Kansas City Chiefs Football Club, Inc.*, 14-03382-AB; and
             *Kenney, et al. v. Kansas City Chiefs Football Club, Inc.*, 14-04779-AB.

Dear Judge Brody:

       I write in reply to the letter submitted by counsel for the Kansas City Chiefs Football Club (the "Chiefs") in response to the Motions to Remand filed on July 30, 2015 by Plaintiffs in the above-captioned actions ("Plaintiffs"). I write simply to address a few points made by the Chiefs.

       **First**, the Chiefs state that Plaintiffs' Motion to Remand is "procedurally improper" since Plaintiffs previously filed Motions to Remand in the District Court for the Western District of Missouri. While Plaintiffs admit that they have long sought remand of their state-based claims, the Chiefs wholly ignore Plaintiffs' explanation as to why they filed a new Motion to Remand in this Court. As Plaintiffs stated in both their covering letter to the Court as well as in their Suggestions in Support of their Motion to Remand, the authority upon which Plaintiffs' assertions rely must be supplemented. On matters of federal procedural law, this Court must apply federal law as interpreted by the Third Circuit. *See In re Diet Drugs Prods. Liab. Litig.*, 294 F.Supp.2d 667, 672 (E.D.Pa.2003). Thus, Plaintiffs consolidated their motions and presented a revised Motion to Remand so as to reflect federal procedural law as interpreted by the Third Circuit. Thus, unlike those cases cited by the Chiefs, Plaintiffs offer a good faith legal basis for filing a consolidated motion seeking the same relief requested long ago. If, however, the refiling of their Motions to Remand is unnecessary, Plaintiffs expressly urge the Court to rule as quickly as possible on the motions that have now been pending for nearly a year and a half.

       **Second**, the Chiefs insist that Plaintiffs' Motion to Remand is substantially similar to and should be consolidated with the pending motion to dismiss for failure to state a claim. Remarkably, the Chiefs assert that Plaintiffs' Motion to Remand, which challenges this Court's original jurisdiction, is not unlike the NFL's 12(b)(6) motion to dismiss. Such an argument is

false and frivolous. The Chiefs state that "Plaintiffs ignore that the motion to dismiss on preemption grounds *is* a jurisdictional motion." But, while the CBAs relied upon by the NFL in its motion to dismiss might very well limit the remedies afforded players in the actions to which the motion to dismiss was addressed, they do not limit this Court's subject-matter or diversity jurisdiction. Thus, not surprisingly, the Court's jurisdiction was never raised by the NFL in the motion to dismiss. In fact, the absurdity of the Chiefs' assertion that the previously argued motion to dismiss "*is* a jurisdictional motion" is made evident by reading the statute upon which the NFL wholly relies upon in moving for dismissal. Section 301 of the LMRA states:

> "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... *may be brought in any district court of the United States having jurisdiction of the parties....*"

29 U.S.C. § 185(a)(emphasis added). Unless counsel for the Chiefs is disclaiming application of § 301 to the claims asserted in the Amended Master Administrative Long-Form Complaint, the Chiefs cannot seriously contend that this Court lacks subject-matter jurisdiction over those claims. Indeed, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)(quotation omitted). Thus, while the NFL is seeking dismissal of the claims asserted in the Amended Master Administrative Long-Form Complaint, it does not do so on the grounds that the Court lacks subject-matter jurisdiction over the claim. Put simply, the NFL's motion to dismiss is *not* a jurisdictional motion.

Plaintiffs' Motion to Remand, on the other hand, *does* directly challenge this Court's subject-matter jurisdiction. And, contrary to the Chiefs' assertion, the Court "must consider the jurisdictional challenge first," before it considers other issues. *See McCasland v. City of Castroville*, 478 F. App'x 860, 861 (5th Cir. 2012). *See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006)("courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

Moreover, the facts and issues that will be considered by the Court in ruling on Plaintiffs' Motion to Remand are substantially different than those that will be considered in ruling on the NFL's motion to dismiss. This is made evident in Plaintiffs' Suggestions in Support of Their Motion to Remand and need not be repeated here. It suffices to say, however, that in briefing the motion to dismiss, the NFL declared that those whose claims are asserted in the Amended Master Administrative Long-Form Complaint are not "even ordinary employees suing their employer." (Doc. No. 4252, p. 7.) Plaintiffs in the above-captioned cases, however, *are ordinary employees suing their employer.* This single distinction renders Plaintiffs' claims substantially different than those asserted in the Amended Master Administrative Long-Form Complaint.

**Finally**, contrary to the Chiefs' assertion, the Court may not simply ignore, suspend, postpone, or defer Plaintiffs' Motion to Remand. The Court must first deem it within or without its province to consider *any* other questions involving Plaintiffs. *See Mansfield, C. & L.M. Ry.*

*Co. v. Swan*, 111 U.S. 379, 381 (1884). To act with regard to Plaintiffs' causes of actions, even if to ignore, suspend, postpone, or defer Plaintiffs' Motion to Remand, is to assume jurisdiction over Plaintiffs' cases. *See Trent Realty Associates v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29, 36 (3d Cir. 1981)("*Whenever it appears* by suggestion of the parties or *otherwise that the court lacks jurisdiction of the subject matter, the action must be dismissed.*" emphases added)); 28 U.S.C. § 1447 ("If *at any time* before final judgment *it appears* that the district court lacks subject matter jurisdiction, the case *shall* be remanded." (emphases added)). If the Court were to permit the continued pendency of Plaintiffs' Motion to Remand, it, in effect, will have exercised its jurisdiction where none exists. Thus, Plaintiffs respectfully request that the Court consider and rule upon the Motion to Remand as soon as practical.

                                        Respectfully submitted,

                                        Andrew Schermerhorn