UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HARRY E HAMILTON :

    Plaintiff :
    v. : CIVIL CASE NO. 14-6353

BERT BELL/ PETE ROZELLE
NFL PLAYER RETIREMENT PLAN,
RETIREMENT BOARD OF THE BERT BELL NFL
PLAYER RETIREMENT PLAN,
BECKY SUE THOMPSON, ESQ.,
JOHN DOE, JANE DOE, ABC CORPORATION
(FICTIOUS ENTITIES OR PERSONS TO BE DISCOVERED)

    Defendants

MOTION FOR TEMPORARY RESTRAINING ORDER

**AND NOW** comes, Plaintiff, proceeding pro se, and pursuant to Federal Rule of Civil Procedure 65 (b) and files this Complaint and avers as follows:

Plaintiff (Hamilton) maintains that Hamilton never consented to be bound by the divorce code in Pennsylvania and more specifically had plural marriages as the court has recognized (whether the effects of Chronic Traumatic Encephalopathy or not). Hamilton maintains that 42 USC 651 et. seq. (Title IV D of the Social Security Act – providing state funding and court grants based on amounts of collections in child custody and spousal support) is an impediment to an impartial tribunal in the state court causing the court to not only find a common law marriage by going outside the evidence presented but also to find Hamilton to be bound by equitable distribution under the Pennsylvania Divorce Code. Hamilton maintains that ERISA protects Hamilton's benefits from being subject to the disposition by a partial tribunal with a state actor in the form of a licensed attorney pursuing the matter.

RECEIVED
OCT 29 2015

1. Plaintiff incorporates by reference herein paragraphs 1 through 12 of the complaint for declaratory and injunctive relief as well as the introductory paragraphs as if more fully and completely set forth herein.

2. Ms. Thompson has sought information about the Bert Bell plan in contravention of notice and opportunity to be heard and seeks the information to a case that has been dismissed.

3. Hamilton is now threatened with incarceration for asserting the case is over and that no information is due and owing. Most specifically, Hamilton cannot raise to an impartial tribunal that Hamilton did not consent to be bound by the divorce code of Pennsylvania.

4. Ms. Thompson and Defendant Bert Bell are aware that there are issues to be resolved before providing any information over Hamilton's objection that Hamilton cannot raise before the partial tribunal of the state court.

5. Hamilton incorporates by reference herein all filings in whatever form in the Federal District Court for Eastern District of Pennsylvania pertaining to Hamilton

Wherefore, Hamilton seeks an immediate restraining order against defendants jointly and severally from providing any information relating to Hamilton and retirement funds.

                                                Respectfully submitted,

                                                Harry Hamilton, Defendant Pro Se
                                                167 Oak Street
                                                P.O. Box 1737
                                                Wilkes-Barre, Pa. 18703
October 27, 2015                              Cellular (973) 951-9091

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HARRY E HAMILTON :

    Plaintiff :
    v. : CIVIL CASE NO. 14-6353

BERT BELL/ PETE ROZELLE
NFL PLAYER RETIREMENT PLAN,
RETIREMENT BOARD OF THE BERT BELL NFL
PLAYER RETIREMENT PLAN,
BECKY SUE THOMPSON, ESQ.,
JOHN DOE, JANE DOE, ABC CORPORATION
(FICTIOUS ENTITIES OR PERSONS TO BE DISCOVERED)

    Defendants

### DECLARATORY JUDGEMENT AND PRELIMINARY INJUNCTION

**AND NOW** comes, Plaintiff, proceeding pro se, and pursuant to F.R.C.P. 65 and files this Complaint and avers as follows:

1. Plaintiff, Harry Hamilton (Hamilton), incorporates by reference herein the introductory paragraphs in the motion for temporary restraining order.

2. The plaintiff, Harry Hamilton, is an adult individual resident and citizen of the County of Luzerne, State of Pennsylvania, with an address of 167 Oak Street, PO Box 1737, Wilkes-Barre, Pennsylvania, 18702.[1] Hamilton's military home of record has and remains in Long Branch, NJ.

3. Defendant Bert Bell/Pete Rozelle NFL Retirement Plan is an entity managing player retirement benefits with a place of business in Baltimore, MD.

---

[1] Hamilton has a home/office that Hamilton has frequented in Centre County, Lemont, Pa. for the past 24 years. Hamilton also has a home in New Jersey that at divers times Hamilton considered his domicile since 1998. These locations caused the since recused President Judge who at one time presided over the underlying child custody case to highlight causing a negative attitude that permeates the underlying child custody case.

4.     Defendant Becky Sue Thompson, Esq. is an attorney licensed to practice law in Pennsylvania with an address in State College, Pennsylvania.

5.     Defendants Jane Does and John Does and ABC Corporations are unnamed defendants who either directly or indirectly participated by acts or omissions in concert with other named defendants to deny Hamilton equal protection under the law and due process under the First, Fifth, Eighth, Fourteenth Amendments to the United States Constitution, the Employee Retirement Income Security Act of 1974, Civil Rights Act 42 USC 2000d et. seq. and the state statues more particularly contained in title 23 Pa.C.S. sections 101 et. seq. [2] Given the state court action or order attached to this pleading, the Federal District Court for the Eastern District of Pennsylvania should also be a named defendant since the court directs a statement that Hamilton contends is not due but will nonetheless be found to attempt to compel.

6. In addition to the above referenced statutes, this Honorable Court has jurisdiction under 42 USC 1983, 42 USC 2000d et. seq.. While the federal funding statues of the 42 USC 651 et. seq. do not provide federal access, ERISA has in its declaration of policy "ready access to Federal courts" 29 USC §1001 (b). Additional considerations are likely to arise since Hamilton has also been directed to provide a statement from the United States Government.

### Introduction

7.     This case is about a common law marriage as determined in Pennsylvania that has a financial interest in the outcome through 42 USC 651 et. seq. making an impartial tribunal least likely. While Hamilton may have been found to have contracted to marry, a self-serving finding, Hamilton did not contract with Pennsylvania to distribute property.

---

[2] Hamilton contends that this request for declaratory and injunctive relief applies to other Federal entities to include this Honorable Court that has been directed or ordered to provide a statement to Hamilton that Hamilton contends is not due or owed.

8. By and through its agent Becky Sue Thompson, Esq. now that judges in Centre County Court have recused and another County judge has taken the case, Pennsylvania seeks recompense from Hamilton and the federal government through court grants for the common law marriage.

9. Demonstrating the improbably of a fair tribunal is the absence of due process concerning a contempt of court proceeding.[3] Hamilton has not been allowed a hearing respecting a purge of the contempt and Becky Sue Thompson, Esq. (and the court) pursues an incarceration remedy.[4]

10. At present, Ms. Thompson seeks information concerning Hamilton's pension and Hamilton contends Ms. Thompson nor the court is entitled since (a) Hamilton never consented to being subjected to the divorce code and no jurisdiction exists, (b) jurisdiction also goes lacking because the case upon which the information is sought is concluded, and (c) all property is that of another as the court recognizes the concern of at least one other marriage.

11. Hamilton faces jail and given the Pennsylvania Court's financial interest in the outcome of the case, Hamilton's attempt to have Pennsylvania's highest court take jurisdiction have been futile (perhaps due to improper phrasing of the issue). Nonetheless, Hamilton finds that the certification present in Hill v. Bert Bell, No. 10-4577 (non-precedential decision filed November 26, 2013 in the Third Circuit) may well serve in this case.

---

[3] Hamilton can only hope to utilize a habeas provision or anything akin to that which allowed a professional football player to gain access to the court for a failure of due process.

[4] Prior to entering the case, Hamilton sought counsel from Ms. Thompson on the advice of a mutual friend. Months before the President Judge had to withdraw his name from consideration to be appointed to the Pennsylvania Supreme Court following his sending 'Christmas' email featuring an African/Aboriginal American male in prison attire or in prison, Hamilton explained the predisposition concerning Hamilton as a Black African/Aboriginal American male (forget any status as an attorney). Hamilton explained that Hamilton's NFL pension and property exceeding the opposing party is what would drive the court's decisions and Hamilton would be powerless given the import of 42 USC 651 et. seq.. With this knowledge and unbeknownst to Hamilton as Ms. Thompson specifically explained a distance from the opposing party, Ms. Thompson soon after the conversations entered the case.

12. Hamilton contends that tragedy, i.e. Hamilton's death (or completely succumbing to the effects of chronic traumatic encephalopathy) should not have to come to fruition for this Honorable Court to discern the issues commencing with the absence of an impartial tribunal in state court.[5]

### Count I

13. Paragraphs 1-12 are incorporated by reference.

14. Defendant Bert Bell has a policy of providing information about the plan essentially to any person who submits with a color of authority, i.e. a discerned marriage without any finding or consideration of entitlement to equitable distribution.

15. Hamilton contends that prior to releasing information, Hamilton consent to be bound by the marriage law as codified is a necessary pre-requisite to releasing information.

16. Further, Hamilton contends that nowhere in ERISA is there a provision respecting polygamy allowing multiple spouses to claim entitlement to equitable distribution under the common law marriage doctrine of the fewer than ten states still recognizing common law marriage.

17. Hence, Hamilton contends no information or money should inure to the benefit of another without Hamilton's consent and Hamilton does not consent to providing any spouse however determined any of Hamilton's retirement.

18. Hamilton respectfully contends that all federal entities to include the Federal District Court for the Eastern District of Pennsylvania is precluded from providing statements or documents without Hamilton's express written consent.

---

[5] In order to become a full time responsible parent, Hamilton has 'self-medicated' by reducing stress to include stressful employment and trying to reduce the effects of short term memory loss and other matters that have effected Hamilton (more specifically chronicled in letters to or forwarded to this Honorable Court) of

19. ERISA provides protection for employees and Hamilton seeks the protection so that only persons contemplated under ERISA fit all appropriate definitions as determined in an impartial tribunal.

## Count II

18. Hamilton incorporates by reference paragraphs 1-19 as if more fully set forth herein. Defendant Becky Sue Thompson, Esq. licensed to practice law in the Commonwealth of Pennsylvania has acted contrary to the Rules of Professional Conduct and has acted as an agent for the state capitalizing on the financial interest Hamilton explained in detail inuring to the state through 42 USC 651 et. seq. (Title IV D of the Social Security Act linked to child support and spousal support).

19. Ms. Thompson has sought incarceration despite the effect and impact to Hamilton's children seeking only to fulfill the conversation Hamilton had during the summer of 2014 that the state will act against the deeper pocket to ensure federal funding through 42 USC 651 et. seq.

20. Ms. Thompson is an agent of the state and Hamilton contends is a disqualified person under ERISA to pursue property on a case in which Hamilton did not consent to part with property. Through conversations, Ms. Thompson is aware that Hamilton's only contract was to provide health benefits for his unborn son and mother utilizing Pennsylvania's common law marriage doctrine to ensure benefits. Ensuring health benefits was Hamilton's only intent.

21. Ms. Thompson knows that she does not have to follow any of the rules of civil procedure respecting jurisdiction to accomplish before a partial tribunal a division of Hamilton's assets based on a common law marriage found based upon affidavits.[6]

---

[6] Demonstrating the impossibility of an impartial tribunal is that Hamilton is likely the only living person found to be married based on an affidavit and only the opposing parties testimony.

22. Ms. Thompson has subpoenaed records that she knows she is not entitled to receive as there is no jurisdiction concerning the matter and no right to the information under ERISA.

23. As explained to Ms. Thompson during the summer of 2014, the handling of federal grants received provides incentive to deprive assets and rights contrary to 42 USC 1983, 42 USC 2000d and 23 Pa.C.S. 101 et. seq.

## Count III

24. Hamilton incorporates by reference paragraphs 1-23 as if more fully set forth herein.

25. Unnamed Defendants are conspirators in the above referenced actions or subject to the efforts of depriving Hamilton and his children of property.

26. Hamilton and Hamilton's children should be punished financially in contravention of

27. Hamilton and Hamilton's children are entitled to a fair impartial tribunal.

28. Hamilton seeks to enjoin the issuance of any information until all issues affecting Hamilton and Hamilton's children have been fully litigated concerning any property rights under the common law doctrine of marriage.

Wherefore Hamilton requests declaratory and permanent injunctive relief.

Respectfully submitted,

Harry Hamilton, Defendant Pro Se
167 Oak Street
P.O. Box 1737
Wilkes-Barre, Pa. 18703
Cellular (973) 951-9091

October 27, 2015

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HARRY E HAMILTON             :

   Plaintiff                :
      v.                    :       CIVIL CASE NO.  14-6353

BERT BELL/ PETE ROZELLE
NFL PLAYER RETIREMENT PLAN,
RETIREMENT BOARD OF THE BERT BELL NFL
PLAYER RETIREMENT PLAN,
BECKY SUE THOMPSON, ESQ.,
JOHN DOE, JANE DOE, ABC CORPORATION
(FICTIOUS ENTITIES OR PERSONS TO BE DISCOVERED)

Defendants

### AFFIDAVIT OF HARRY HAMILTON

Synopsis

This is an exceptional case in that both parties to a finding of a common law marriage case are alive and there is no testimony concerning words spoken in praesenti, the case was dismissed, the final divorce decree did not comply with statute and all judges from the County taking jurisdiction have recused and I never consented to be bound by the Pennsylvania Divorce Code.

Sherrilyn Washington, with whom I chose not to have a ceremonial marriage, obtained what I contend is state court support (the trial judge who made the finding of a common law marriage actually acted contrary to Judicial Cannon by going outside the record and searching for a marriage license in Colorado – actions upheld at the appellate level) to pursue money due to my status as a former National Football League player by suit for divorce from a common law marriage following the execution of affidavits to obtain health insurance for Ms. Washington and our unborn child. Ms. Washington did not believe there could be a common law marriage until 7 years had passed so she physically separated and waited to file until after 7 years had passed. The state court that has a financial interest in the pursuit of money through court grants secured through 42 USC 651 et. seq. has heretofore essentially conspired with Ms. Washington who brought forth no witnesses during proceedings to ensure money flows through the coffers of the Commonwealth and now the fifth attorney has appeared to help with the pursuit (after first speaking to me over a period of several days about possible representation and my theory of the case).

## Background

1. That I am an adult individual licensed attorney in Pennsylvania involved in a protracted litigation commencing in June 2004 (actually before that, 1998 another third party custody litigation commenced involving the parties to the litigation in 2004) when a child custody and divorce proceeding was commenced in Centre County. Based in part on the realities as documented in the prior litigation, I challenged jurisdiction in Centre County (the first of many legal challenges that remain).

2. That I respectfully contend while adherence to principles of res judicata, law-of-the-case, waiver-of- issues has been and remains a recurring theme; over 15 years of litigation in child custody matters convinces me that the adherence illustrates a seeming conspiracy between retained counsel (no less than five counsel have appeared since the June 2004 commencement of actions concerning the parties) and since recused judges to deprive me of due process for ultimately what could only be financial gain.[7]

3. That I see the issues as (a) refraining from any inclination to abstain since I cannot get a fair trial given the financial interest of the tribunal and the resulting overall failure of due process that includes selective enforcement of orders (b) the current state of law in Pennsylvania concerning not just common law marriage, case conclusion, and the required contents of divorce decrees but ultimately (all else being overcome by those with financial interest) the putative spouse doctrine as illustrated by the attached documents.

4. That I believe family law issues are definitely part of, if not intricately intertwined with, the most unfortunate happenstances whereupon chronic traumatic encephalopathy was later found.

## Ms. Washington and State Court Actions

5. That I met Sherrilyn Washington in the fall of 1980 either just before or just after her 16th birthday. We have been a part of each other's life since that time. Becky Sue Thompson, Esq. with whom I had extensive conversations based upon the recommendation of a mutual friend about how fathers with deeper pockets are treated and how the court will be spurred by 42 USC

---

[7] I am convinced there have been other attorneys consulted in the matter. The first counsel, Stephen Fleming, Esq. left in or around 2006/2007 I believe because Ms. Washington was untruthful about her initial claim of a ceremony on a cruise ship. Next retained counsel Jennifer Bierly, Esq. worked at the same firm as the then sitting judge (and later President Judge **who has since let feelings about Black African Americans be known by sending a Christmas time picture featuring an African American male in prison garb precipitating the judge's withdrawing from a Supreme Court nomination – in addition to the history of the case dating to 2004, all rulings respecting the absence of due process, the use of "we" in the latest order leads to the conclusion that I as a Black African/Aboriginal American MALE cannot get a fair trial or hearing in the state court currently headed by the President Judge)** on the case who had also clerked for the president judge at the time of the commencement of actions followed thereafter by Bobbie Rabuck, Esq. who clerked for the judge who initially decided the marriage of the parties in 2005, both withdrew in 2012. After a period of two years of self-representation Karen Muir, Esq. made one appearance on behalf of Ms. Washington before current counsel took over in or about March 2015 after speaking with me over the course of several days about possible representation of me (see letters at Exhibit ).

651 et. seq. to find against the deeper pocket and may status as a retired football player made the decision easy, has now undertaken representation of Ms. Washington.

6. That pursuant to the United States Army investigation in to bigamy and other charges (that I contend was started by Ms. Washington), there are sworn statements already available.

7. That already part of many records is that I executed an affidavit of common law marriage in order to obtain health coverage for Ms. Washington and our unborn son, SHEH d.o.b. 8-5-01 from the United States Army and I saw no other alternative to ensuring health coverage.

8. That I did not intend to consent to marriage or pay alimony as a result of any separation or disagreement and that we both agreed that there would be no court involvement.

9. That I could not go through with any ceremonial marriage or obtain a marriage license due in primary part to having to answer any questions about a prior marriage in the affirmative.

10. That Ms. Washington filed in Pennsylvania for custody and divorce in June 2004 (case number 04-2534) and I timely filed a verified answer upon which there has never been a hearing or requested jury trial.

11. That as part of Pennsylvania's ongoing bifurcated handling of these matters Ms. Washington filed a separate action for spousal support and child support (concluded case number 04-0339).

12. That testimony exists showing Ms. Washington could not recall any words in praesenti and that all physical separation occurred when she found out about another pregnancy months after the execution of affidavits

> We have not, however, dispensed with the rule that a common law marriage does not come into existence unless the parties uttered the verba in praesenti, the exchange of words in the present tense for the purpose of establishing the relationship of husband and wife

Staudenmayer v. Staudenmayer, 714 A.2d 1016 (1998)

13. That in a combined appeal challenging the formation of the marriage to Ms. Washington, the appellate court found the formation of a common law marriage based on findings in case number 04-0339 and despite the absence of any hearing in case number 04-2534.

14. That most recently and for the first time, the trial court by and through a judge from another county has recognized the prior marriage.

15. That during the pendency of the proceedings in 2013 when Ms. Washington was unrepresented by counsel and alleged that I had provided 'nothing' or had not provided 'anything' ("never provided anything") I was found in contempt of court for failing to 'respond' to discovery requests from 2011 at a time when Ms. Washington had retained counsel and

discovery along with child custody was all that remained because the case had been dismissed in 2007. See exhibit

16. That by order and subsequent filing of a separate case at 07-1480 the parties agreed that case number 04-2534 had been dismissed. See exhibits

17. That notwithstanding the dismissal of the case, the Honorable Bradley Lunsford entered a divorce decree and bifurcation on April 9, 2013 but then upon appeal and challenge to the proceeding upon motion of plaintiff, Judge Lunsford entered simply a divorce decree on July 11, 2013 without expressly providing for property rights.

18. That the Honorable Bradley Lunsford has recused based in part on my allegations of bias and at the same time Judge Lunsford had been accused of sending text messages to prosecutors during pending cases and Judge Lunsford just announced he will not seek re-election.

19. That Judge Lunsford had invoked a stay (with no order lifting the stay) due in part to my raising Fifth Amendment protection as the United States Army investigated bigamy among other violations of the Uniform Code of Military Justice. The status of the entirety of the investigation is uncertain at this time. See exhibit

Issues

Whether federal entities to include the Federal District Court for the Eastern District of Pennsylvania must recognize the finding of a common law marriage void ab initio in Pennsylvania due to a prior marriage when there was no recollection of words in "praesenti", the contesting parties agreed the case was previously dismissed, the final divorce decree did not contain statutory language, there was a lack of consent to marriage (possibly the lack of capacity to consent due to Chronic Traumatic Encephalopathy) and there is evidence (possibly of extrinsic fraud) including the recusal of all County Judges of extra- ordinary circumstances combined with allegations of the impossibility of a fair tribunal due to financial interests obtained by 42 USC 651 et. seq.?

20. That given the selective enforcement of orders, rules, and statutes and the financial interest associated with 42 USC 651 et. seq. precludes a fair impartial tribunal in the Centre County Court of Common Pleas (and perhaps any state court given a through dissecting of the words of Honorable Max Baer a sitting Supreme Court Justice on February 4, 2010 concerning child custody) and creating exceptional circumstances for jurisdiction in this court.

21. That Becky Sue Thompson, Esq. sat with me over several days discussing the aspects of the case to include the issues mentioned in this affidavit and has since proclaimed that she disclosed her close friendship with Ms. Washington when the exact opposite was her representation as she sat listening to my plight having been recommended to her by a mutual friend. Only now, after 11 years of litigation can Ms. Washington and Becky Sue Thompson, Esq. can be seen in social

settings (with Ms. Thompson placing multiple filings before the court to justify or correct the actions taken while Ms. Washington was unrepresented). See exhibits

22. That a permanent injunction precluding any documents or payments to Ms. Washington is necessary, prudent under applicable law, and in the best interest of the affected child.

23. That I have been directed to provide a statement concerning my involvement in the National Football League and retired players concussion settlement (case number 2:12-md-02323-AB) and I believe no statement is due.

24. That I have been directed to provide a statement from the United States Government when the Army has been engaged in investigation concerning bigamy and I contend no statement is due.

25. That I arranged for property disbursement as part of a prior marriage and prior divorce.

26. That the prior divorce controls all aspects of any subsequently found marriage.

27. That all Centre County Judges have recused following allegations of bias and the latest order from an out-of-County Judge reflects "we" indicating in conjunction with other judges or in conjunction with Ms. Washington and demonstrating in either event that an impartial tribunal is not possible (I believe the "we" is a demonstration of adherence to the prior judgements of recused judges).

28. That I incorporate by reference a letter of clarification with attachments sent following a call to chambers and prior to commencement of the action.

29. That the prospect of extrinsic fraud and lack of jurisdiction of the state court and my ability to proceed under 23 Pa.C.S. 3303 and 3304.

30. That Chronic Traumatic Encephalopathy may have effected consent to marriage as I maintain now that there was never consent to marriage and be bound by the divorce code of any state but only to ensure health insurance and the putative spouse doctrine does not save Ms. Washington.

31. That my income as a result of reducing stress and seeking only to be a full time parent is now about $3750 a month with liabilities and cost of living about $4100 a month.

32. That I cannot afford the cost of litigating these matters affected by the federal funding statute of 42 USC 651 et. seq.

Further Affiant sayeth naught

Harry Hamilton

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HARRY E HAMILTON :

    Plaintiff :

    v. : CIVIL CASE NO. 1Y-6353

BERT BELL/ PETE ROZELLE
NFL PLAYER RETIREMENT PLAN,
RETIREMENT BOARD OF THE BERT BELL NFL
PLAYER RETIREMENT PLAN,
BECKY SUE THOMPSON, ESQ.,
JOHN DOE, JANE DOE, ABC CORPORATION
(FICTIOUS ENTITIES OR PERSONS TO BE DISCOVERED)

    Defendants

## VERIFICATION

    I, Harry Hamilton, Plaintiff in the above-captioned matter, verify that the statements in the foregoing affidavit, complaint for declaratory and injunctive relief and motion for temporary restraining order are true and correct to the best of my knowledge, information and belief understanding the penalties relating to penalty for perjury and unsworn falsification to authorities under 28 USC 1746 and 18 Pa.S.C. 4904.

                                                         Harry Hamilton, Defendant Pro Se
                                                         167 Oak Street
                                                         P.O. Box 1737
                                                         Wilkes-Barre, Pa. 18703
October 27, 2015                               Cellular (973) 951-9091