UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | **Hon. Anita B. Brody** |
| | No. 12-md-2323-AB |
| THIS DOCUMENT RELATES TO: | No. 14-01995-AB |
| *LEWIS et al., v. KANSAS CITY CHEIFS FOOTBALL CLUB, INC.,* | No. 14-03383-AB |
| and | No. 14-03382-AB |
| *SMITH et al., v. KANSAS CITY CHIEFS FOOTBALL CLUB, INC.*, | No. 14-04779-AB |
| and | MDL No. 2323 |
| *HORN, et al. v. KANSAS CITY CHIEFS FOOTBALL CLUB, INC.* | |
| and | |
| *KENNEY, et al. v. KANSAS CITY CHIEFS FOOTBALL CLUB, INC.* | |

**AMENDED MOTION TO REMAND (# 6660) AND MEMORANDUM IN SUPPORT**

Kenneth B. McClain
Lauren E. McClain
Timothy J. Kingsbury
HUMPHREY, FARRINGTON & MCCLAIN
221 West Lexington, Suite 400
Independence, MO 64051
Telephone: (816) 836-5050
Facsimile: (816) 836-8966

Paul D. Anderson
Andrew Schermerhorn
John Klamann
THE KLAMANN LAW FIRM
4435 Main, Ste. 150
Kansas City, MO 64111
Telephone: (816) 421-2626
Facsimile: (816) 421-8686

Wm. Dirk Vandever
THE POPHAM LAW FIRM
712 Broadway, Suite 100
Kansas City, Missouri
Telephone: (816) 221-2288
Facsimile: (816) 221-3999

Plaintiffs[1] (hereinafter "Movants"), by and through their undersigned counsel, respectfully submit this Amended Motion to Remand and Memorandum in Support.

**INTRODUCTION**

Movants assert workplace claims against their former employer, the Kansas City Chiefs Football Club, Inc. (the "Kansas City Chiefs"). Movants' claims against the Kansas City Chiefs are made in one or the other of four separate actions originating in the Circuit Court of Jackson County, Missouri. The crux of Movants' allegations is that the Kansas City Chiefs, *their former employer*, failed to discharge Missouri's common law duties owed by employers: (1) to maintain a safe working environment, (2) not to expose employees to unreasonable risks of harm, and (3) to warn employees about the existence of dangers of which they could not reasonably be expected to be aware. Movants have sued the Kansas City Chiefs, *only*, and their claims are based *solely* on the employer-employee relationship.

Previously, Movants filed motions to remand in each of their respective actions while they were pending in the United States District Court, for the Western District of Missouri.[2] While their motions to remand were pending, however, the United Sates Judicial Panel on Multidistrict Litigation transferred Movants' cases to this Court for consolidation or coordinated pretrial proceedings. Movants then presented a consolidated Motion to Remand to this Court,

---

[1] Albert Lewis, Art Still, Lizabeth Still, Barry Hackett, Cynthia Hackett, Todd McNair, Lynette McNair, Fred Jones, Tim Barnett, Chelonda Barnett, Walker Lee Ashley, Emile Harry, Lori Harry, Chris Smith, Billie Smith, Alexander Cooper, Leonard Griffin, Dawn Griffin, Christopher Martin, Yolanda Thompson-Martin, Joseph Phillips, Kevin Porter, Annjela Hynes-Porter, Neil Smith, Jayice Pearson, Trent Bryant, Robin Bryant, Charles Mincy, Paul Palmer, Douglas Terry, Joseph Horn, William Kenney, Sandra Louise Kenney, Thomas Baugh, and Jean Baugh

[2] *Lewis, et al. v. Kansas City Chiefs Football Club, Inc.,* 4:14-cv-00004-BP, Doc. 17 (W.D. Mo. Jan. 21, 2014); *Horn, et al. v. Kansas City Chiefs Football Club, Inc.,* 4:14-cv-00133-BP, Doc. No. 21 (W.D. Mo. March 10, 2014); *Smith, et al. v. Kansas City Chiefs Football Club, Inc.,* 4:14-cv-00195, Doc. No. 18 (W.D. Mo March 18, 2014); *Kenney et al. v. Kansas City Chiefs Football Club, Inc*, 4:14-cv-00255-BP, Doc. No. 20 (W.D. Mo. April 16, 2014).

adding relevant and governing Third Circuit law supplementing the authority upon which their original assertions for remand relied. (*See* ECF No. 6660, hereinafter the "Motion to Remand.") The Motion to Remand is specifically incorporated herein as if fully set forth.

Recently, this Court ordered that Movants file an amended Motion to Remand limited to addressing why the issue of preemption with respect to Movants' claims differs from and should be considered separate and apart from the issue of preemption previously briefed and considered by the Court in connection with the Motion to Dismiss (the "Motion to Dismiss") filed by the National Football League and NFL Properties LCC (hereinafter referred to collectively as the "NFL"). (ECF No. 6705.) Therefore, in accordance with the Court's request, Movants will focus below on the question of why it is that the Motion to Remand (ECF No. 6660) should be considered first and separately from the Motion to Dismiss.

## ARGUMENT

As an initial matter, it should be noted that the Motion to Dismiss filed by the NFL and previously considered by the Court seeks dismissal only of the claims asserted in the Amended Master Administrative Long-Form Complaint against the NFL (hereinafter referred to as the "MAC"). The Motion to Dismiss is not directed at nor is it dispositive of Movants' claims against the Kansas City Chiefs. In other words, even if the Court were to grant the NFL's Motion to Dismiss, the Court will not have resolved Movants' claims against the Kansas City Chiefs. Thus, the Court is correct to focus initially upon why the two motions differ and why Movants' Motion to Remand (ECF No. 6660) must be considered separately.

The Motion to Dismiss and the Motion to Remand differ in two critical and decisive respects. **First**, Movants are suing their former ***employer, only, and not the NFL***. For this reason alone, the Motion to Remand and the Motion to Dismiss differ and must be considered

separately. **Second**, the procedural posture of Movants' claims differs significantly from those asserted in the MAC. In the MAC, it is expressly asserted that this Court ***has*** jurisdiction over the claims therein alleged (ECF No. 2642, ¶ 25), whereas Movants assert in the Motion to Remand that this Court ***does not*** have jurisdiction over their claims against the Kansas City Chiefs. (ECF Nos. 6660, 6660-1.) This distinction alters both the sequence in which, and the standard against which, the two motions must be decided.

      **I.**      **Movants' Claims are *Factually* Different than those Asserted in the Amended Master Administrative Long-Form Complaint.**

In the Motion to Dismiss, the NFL urges that the claims asserted in the MAC must be dismissed as preempted since they necessarily depend upon a CBA as providing the source and scope of the duties alleged. (ECF No. 3589-1, pp. 7, 31.) Indeed, since the NFL did not directly employ those whose claims are asserted in the MAC, it was not alleged that the duty owed by the NFL arose as a result of the ordinary common law duty to exercise reasonable care in providing a safe workplace. *See Int'l Bhd. of Elec. Workers, AFL–CIO v. Hechler*, 481 U.S. 851, 859 (1987)("Under the common law ... it is the *employer* ... that owes employees a duty to exercise reasonable care in providing a safe workplace."). Rather, it is repeatedly alleged in the MAC that the NFL violated a duty arising as a result of its *assumed* and *voluntary* undertaking to study the issue of mild traumatic brain injury.[3] Thus, in deciding the Motion to Dismiss, the Court will necessarily have to look elsewhere, beyond the ordinary employer-employee relationship, to determine first, whether the NFL owed the duties alleged in the MAC and, second, whether the scope of those duties can be measured without having to interpret the provisions of a CBA.

---

[3] *See* ECF No. 2642, ¶¶ 6, 12, 14, 17, 90, 91, 150, 244, 248, 257, 304, 323, 324, 324, 340, 343, 358, 361, 372, 378.

Movants, however, *have* sued their former employer. Thus, unlike the claims asserted in the MAC, Movants claims are grounded *solely* in the unique substantive rights granted them under Missouri state law to sue their former employer for failing to provide a safe workplace.[4] Therefore, in deciding the Movants' Motion to Remand, the Court need *not* search for the source and the scope of the duty owed by the Kansas City Chiefs – the sole source of the duty is the ordinary common-law duty to provide a safe workplace and the scope of the duty is determined solely by reference to Missouri state law.[5] In sum, unlike the Motion to Dismiss, Movants' Motion to Remand can be resolved in a simple and straightforward manner.

Indeed, this Court recently twice considered and granted motions to remand that are, in all relevant respects, identical to the Motion to Remand submitted by Movants. *See Stellar v.*

---

[4] *See State ex rel. KCP & L Greater Missouri Operations Co. v. Cook,* 353 S.W.3d 14, 29 (Mo. Ct. App. 2011)(recognizing as "unusual" that Missouri provides repeat-exposure occupational disease claimants with the right of pursuing a tort claim against the employer in civil court).

[5] *See Hechler*, ; *McNeal v. ArcelorMittal USA, Inc.*, No. CV 15-03517, 2015 WL 7014654, at *6 (E.D. Pa. Nov. 12, 2015)("[T]he duty at issue here—a parent company's duty to maintain a safe work environment for a subsidiary's employees—is a duty that precedes and stands independent of the CBA[.]" (citing *Kline v. Security Guards, Inc.*, 386 F.3d 246, 261 (3d Cir.2004)); *Stellar v. Allied Signal, Inc.*, 98 F. Supp. 3d 790, 798 (E.D. Pa. 2015)("The duty to provide a safe work environment preceded and exists independent of the CBAs."); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 232 (3d Cir. 1995)("An examination of the employer's behavior, motivation, and statements does not substantially depend upon the terms of the collective bargaining agreement. The essence of the employees' case is proof of justifiable reliance on the separate guarantees, not on the collective bargaining agreements."); *Green v. Arizona Cardinals Football Club LLC*, 21 F. Supp. 3d 1020, 1027-28 (E.D. Mo. 2014) ("[H]ere the duties arise out of the common law based upon the employer-employee relationship and not out of any particular terms in the CBAs."). *See also Arceneaux v. Amstar Corp.*, No. 03–3588, 2004 WL 574718, at *4 (E.D.La. Mar. 22, 2004) ("Plaintiffs do not allege that defendants violated the applicable health and safety provisions of the CBA. To determine whether defendants violated their duty to plaintiffs, a court need look only as far as [Louisiana state law]."); *McKnight v. Dresser, Inc.*, 676 F.3d 426, 434 (5th Cir.2012) (holding employees' negligence claim not preempted by § 301); *Highlands Hosp.*, No. 2:12-CV-733, 2012 WL 4762197, at *3 (W.D. Pa. Oct. 5, 2012) (citing *Kline v. Sec. Guards, Inc.*, 386 F.3d 246, 254-56 (3d Cir. 2004)). *See also Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 261, 114 S. Ct. 2239, 2248, 129 L. Ed. 2d 203 (1994)(observing that the existence of a potential CBA-based remedy does not deprive an employee of independent remedies available under state law.)

*Allied Signal, Inc.*, 98 F. Supp. 3d 790 (E.D. Pa. 2015); *McNeal v. ArcelorMittal USA, Inc.*, No. CV 15-03517, 2015 WL 7014654 (E.D. Pa. Nov. 12, 2015). In both *Stellar* and *McNeal*, this Court applied the well-stablished and straightforward rule that claims based upon the common law duty to provide a safe workplace are not removable to federal court under § 301 of the Labor Management Relations Act.

In *Stellar*, for example, Judge Robreno observed that since "the duty to provide a safe work environment precede[s] and exists independent of [a] CBA," the duty does not arise from nor depend upon the interpretation of a CBA. *Stellar*, 98 F. Supp. 3d at 800. Likewise, in *McNeal*, Judge Pappert reasoned that the common law duty to provide a safe workplace "is a duty that precedes and stands independent of the CBA[.]" *McNeal*, 2015 WL 7014654, at *5.[6]

Thus, in accord with *Stellar* and *McNeal*, this Court need look no further than the employer-employee relationship to determine that Movants' Motion to Remand must be granted. In fact, the NFL conceded as much when, in its efforts to distinguish the claims asserted in the MAC from those which clearly arise independent of a CBA, the NFL exclaimed that those whose claims are asserted in the MAC are not "even ordinary employees suing their employer." (ECF No. 4252, p. 7.) Movants, however, *are* "ordinary employees suing their employer." Thus, as the NFL admits, Movants' claims are distinct from those asserted in the MAC.

This distinction – that Movants rely solely on the common law duty to provide a safe workplace – compels both that the Motion to Remand be considered separately from the Motion to Dismiss and that it be granted post haste.

---

[6] The same was also held by Judge Catherine Perry in an identical case as the one *sub judice*. *See Green*, 21 F. Supp. 3d. at 1027-1028.

## II. The Motion to Remand is in a Different *Procedural* Posture than the Motion to Dismiss.

In addition to the fact that Movants' claims are against their *employer*, and **not the NFL**, Movants' claims are also in a vastly different procedural posture.

In the MAC, it is expressly asserted that this Court *has* jurisdiction. (ECF No. 2642, ¶ 25.)[7] Movants, however, expressly assert that this Court *does not* have jurisdiction over their claims. (ECF Nos. 6660, 6660-1.) Put another way, the NFL does not dispute that this Court has jurisdiction over the claims asserted in the MAC; rather, the NFL asks that this Court exercise its jurisdiction over the claims asserted in the MAC and find that the NFL has borne its burden of proving preemption as an *affirmative defense* to those claims.

Movants, on the other hand, directly challenge this Courts' jurisdiction over their workplace claims. And, while both motions generally present the issue of preemption, the NFL admits that "[t]he standard for complete preemption [subject-matter jurisdiction] is *higher* than that for ordinary preemption [affirmative defense]." (ECF No. 4252, p. 17 (emphasis added).)[8] Indeed, the doctrine of complete preemption is a not a preemption doctrine at all, it is a

---

[7] 28 U.S.C. § 1332(d)(11) confers original jurisdiction over the claims asserted in the MAC.

[8] *See Krashna v. Oliver Realty, Inc*., 895 F.2d 111, fn. 7 (3d Cir. 1990)(reasoning that since it held the claims not removable by the complete preemption doctrine, it may not consider whether the claims are barred by *ordinary preemption*); *Collins v. Baxter Healthcare Corp.*, 949 F. Supp. 1143, 1148 (D.N.J. 1996)(referring to *Krashna* as establishing that mere ordinary preemption of plaintiff's claims is not dispositive on the issue of complete preemption). *See also Textron Lycoming Reciprocating Engine Div., Avco Corp. v. United Auto., Aerospace, Agric. Implement Workers of Am., Int'l Union*, 523 U.S. 653, 656-67 (1998)(holding that the § 301 confers federal subject-matter jurisdiction only over suits for violation of a CBA because it is alleged that a contract has been violated); *Voilas v. Gen. Motors Corp*., 170 F.3d 367, 375, n.1 (3d Cir. 1999)(noting that *Textron* took "a very narrow view of federal jurisdiction under section 301," and that it "signal[ed] a narrow approach to section 301 jurisdiction.");; *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987) (holding that "the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand" and that if there is any doubt as to the propriety of removal, the case should be remanded.).

*jurisdictional* doctrine.[9] The NFL is therefore right to concede that establishing this Court's subject-matter jurisdiction requires *more* than is necessary to establish an affirmative defense.[10] Thus, the two motions must be decided separately.

In addition, when faced with a jurisdictional challenge, the Court *must* first decide whether it has jurisdiction before it considers and/or decides other matters.[11] Since Movants'

---

[9] *Lister v. Stark*, 890 F.2d 941, 943 n. 1 (7th Cir.1989) ("The use of the term 'complete preemption' is unfortunate, since the complete preemption doctrine is not a preemption doctrine but rather a federal jurisdiction doctrine."); *Greenawalt v. Philip Rosenau Co.*, 471 F. Supp. 2d 531, 533 (E.D. Pa. 2007)(Brody, J.)("Complete preemption is not to be confused with 'ordinary' preemption."). *See also Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 273 n. 7 (2d Cir.2005) ("Some commentators seem to equate the defense of field preemption, which defeats a plaintiff's state-law claim because federal law 'occupies the field' within which the state-law claim falls, with the doctrine of complete preemption, which creates federal subject-matter jurisdiction over preempted state-law claims.... But no Supreme Court case has ever held the two forms of preemption to be equivalent. It is true that the defense of field preemption and the doctrine of complete preemption both rest on the breadth, in some crude sense, of a federal statute's preemptive force. The two types of preemption are, however, better considered distinct." (citations omitted)); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854-55 (11th Cir. 1999)("The inclusion of the term 'preemption' within the doctrine's label, while not inaccurate, has enkindled a substantial amount of confusion between the complete preemption doctrine and the broader and more familiar doctrine of ordinary preemption. Stated simply, complete preemption functions as a narrowly drawn means of assessing federal removal jurisdiction, while ordinary preemption operates to dismiss state claims on the merits and may be invoked in either federal or state court.")

[10] *McNeal*, No. CV 15-03517, 2015 WL 7014654, at *2 ("The defendant's right to remove and the plaintiff's right to choose the forum are not equal[.]" (citing 16 James Wm. Moore et al., Moore's Federal Practice § 107.05 (3d ed. 2003))). Indeed, when faced with a motion to remand, all doubts and uncertainties are resolved in favor or remand. *Id.* ("If there is any doubt as to the propriety of removal, that case should not be removed to federal court."). This admonition does not apply, of course, to the Motion to Dismiss.

[11] 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)(jurisdiction is a "first and fundamental question" that a court is "bound to ask and answer for itself") (quotations omitted); *J.C. ex rel. Cook v. Pfizer, Inc.*, No. 3:12-CV-04103, 2012 WL 4442518, at *1 (S.D.W. Va. Sept. 25, 2012)("[T]he propriety of removal jurisdiction should be determined as soon as possible."); *Huss v. Green Spring Health Servs., Inc.*, No. CIV. A. 98-6055, 1999 WL 225885, at *2 (E.D. Pa. Apr. 16, 1999)("Before addressing [the] motion to dismiss, this court must first determine the motion to remand."); *Coggins v. Keystone Foods, LLC*, No. CIVA. 15-480, 2015 WL 3400938, at *2 (E.D. Pa. May 27, 2015).

have challenged this Courts' jurisdiction over their workplace claims, the Court must decide the Motion to Remand forthwith. On the other hand, the Court is free to consider and determine the Motion to Dismiss in accord with the broad discretion it has over matters properly pending on its docket. Indeed, Movants' do not quarrel with the decision to hold the Motion to Dismiss in abeyance while the Court facilitates the settlement. Movants' Motion to Remand, however, may not be similarly suspended.

Finally, although cited above, Movants would be remiss not to mention that a far more thorough explanation is provided in their prior memoranda (ECF Nos. 6660 and 6672), which are incorporated as if fully set forth herein, and in the well-reasoned decisions recently handed down by Judge Pappert in *McNeal*, 2015 WL 7014654, Judge Robreno in *Stellar*, 98 F. Supp. 3d 790, and Judge Perry in *Green*, 21 F. Supp. 3d 1020.

## **CONCLUSION**

For the reasons provided herein and in their previously filed memoranda (ECF Nos. 6660 and 6672), Movants respectfully request that the Court enter an order remanding the cases and requiring that the Kansas City Chiefs pay just costs and actual expenses, including attorney fees, in accordance with 28 U.S.C. § 1447(c).

Respectfully submitted on December 17, 2015.

                THE KLAMANN LAW FIRM, P.A.

                  /s/ Andrew Schermerhorn
                Paul D. Anderson, MO    #65354
                Andrew Schermerhorn, MO  #62101
                John M. Klamann, MO    #29335
                4435 Main Street, Ste. 150
                Kansas City, MO 64111
                Telephone: (816) 421-2626
                Facsimile: (816) 421-8686
                panderson@klamannlaw.com
                ajs@klamannlaw.com

jklamann@klamannlaw.com

Kenneth B. McClain, MO      #32430
Lauren E. McClain, MO       #65016
Timothy J. Kingsbury, MO    #64958
HUMPHREY, FARRINGTON & McCLAIN, P.C.
221 West Lexington, Suite 400
Independence, MO 64051
Telephone: (816) 836-5050
Facsimile: (816) 836-8966
kbm@hfmlegal.com
lem@hfmlegal.com
tjk@hfmlegal.com

Wm. Dirk Vandever, MO      #24463
THE POPHAM LAW FIRM, P.C.
712 Broadway, Suite 100
Kansas City, MO 64105
Telephone: (816) 221-2288
Facsimile: (816) 221-3999
dvandever@pophamlaw.com

**ATTORNEYS FOR PLAINTIFFS**

9

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2015, I caused the foregoing to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

/s/ *Andrew Schermerhorn*
Andrew Schermerhorn, MO