IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | ) No 12-md-2323-AB ) ) MDL No. 2323 ) |
| THIS DOCUMENT RELATES TO ALL ACTIONS AGAINST THE RIDDELL DEFENDANTS SEVERED BY THIS COURT'S DECEMBER 1, 2015 ORDER | ) ) ) ) ) ) |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO REMAND
SEVERED RIDDELL ACTIONS FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiffs that are represented by undersigned counsel, identified in Exhibit A to Plaintiffs Motion, move this court to remand all their actions against the Riddell Defendants[1] that were severed by this Court's December 1, 2015 Order ("Severance Order") because this Court lacks subject matter jurisdiction over said actions ("Severed Actions"). Hence this Court should remand these actions to the Superior Court of California, Los Angeles County.

**INTRODUCTION**

Plaintiffs herein originally brought their claims against, *inter alia*, the Riddell Defendants, in 10 Complaints filed in the Superior Court of California, Los Angeles County from 2011 to 2014.[2] The NFL subsequently removed these actions to the United States District

---

[1] Namely, Riddell, Inc., All American Sports Corporation, Riddell Sports Group, Inc., Easton-Bell Sports Group, Inc., Easton-Bell Sports, Inc., EB Sports Corp., and RBG Holdings Corp.

[2] Specifically, *Maxwell v. National Football League, et al,* filed July 19, 2011, docketed at No. CV 11-08394 after removal to the United States District Court for the Central District of California, *Pear v. National Football League, et al,* filed August 3, 2011, docketed at No. CV 11-08395 after removal, *Henderson v. National Football League, et al*, filed May 3, 2012,

1

Court for the Central District of California,[3] and later transferred to this Court as part of MDL 2323 by the Judicial Panel on Multidistrict Litigation.

On August 30, 2012, the Riddell Defendants filed a Motion to Sever those actions, claiming, *inter alia*, that Plaintiffs' claims against them had been misjoined at their filing. *See* ECF No. 3593. On December 1, 2015, this Court granted the Riddell Defendants Motion, ordering that (1) any claims against the Riddell Defendants be severed from any claims against the NFL or NFL Properties, LLC, and (2) each of the multi-plaintiff actions filed against any Riddell Defendant be severed into individual actions ("Severed Actions"). *See* ECF No. 6706. Hence, there are now several hundred Severed Actions pending in this Court against the Riddell Defendants. However, because of the severance, this Court now lacks subject matter jurisdiction over these actions and therefore they should all be remanded to the Superior Court of California, Los Angeles County.

---

docketed at No. CV 12-04761 after removal, *Monk v. National Football League*, et al, filed May 3, 2012, docketed at No. CV 12- 04759 after removal, *Kuechenberg v. National Football League, et al*, filed May 4, 2012, docketed at No. CV 12-04763 after removal, *Bauman v. National Football League, et al*, filed May 31, 2012, docketed at No. CV 12-05835 after removal *Bailey v. National Football League, et al*, filed July 26, 2012, docketed at No. CV 12-07251 after removal, *Sweet v. National Football League, et al*, filed October 25, 2012, docketed at No. CV 12-10184 after removal, *Duckworth v. National Football League, et al*, filed May 28, 2013, docketed at No. CV 13-04718 after removal, *Jani v. National Football League, et al*, filed February 14, 2014, docketed at No. CV 14-02077 after removal.

[3] The sole basis for the NFL's removal of these actions was pursuant to federal question jurisdiction under 28 U.S.C. § 1331, with the NFL claiming that the claims against it were preempted by § 301 of the Labor Management Relations Act (29 U.S.C. § 185), and that federal jurisdiction was proper over the other claims in Plaintiffs' actions against it, including those against Riddell, pursuant to the supplemental jurisdiction provisions of 28 U.S.C. § 1367(a). *See, e.g.*, October 11, 2014 Notice of Removal of Civil Action Under 28 U.S.C. § 1441, *Maxwell v. National Football League, et al,* No. CV 11-08394 (C.D. Cal.), attached as Exhibit A. The Riddell Defendants joined in and consented to these removals. *See, e.g.*, October 14, 2011, Notice of Consent to and Joinder in Removal to the United States Court for the Central District of California Under 28 U.S.C. § 1441, *Maxwell v. National Football League, et al,* No. CV 11-08394 (C.D. Cal.), attached as Exhibit B.

ARGUMENT

**A.    This Court lacks subject matter jurisdiction over the Severed Actions and hence this Court should remand these actions to the Superior Court of California, Los Angeles County.**

A federal court presented with a substantial question as to the existence of subject matter jurisdiction must resolve that question before proceeding further in relation to an action.

> The initial inquiry in any suit filed in federal court must be whether the federal court possesses subject-matter jurisdiction." *Rice v. Rice Foundation,* 610 F.2d 471, 474 (7th Cir.1979). *See also Leroy v. Great Western United Corp.,* 443 U.S. 173, 180 (1979) (subject-matter jurisdiction is "fundamentally preliminary" issue).

*Com. of Pa., Dep't of Pub. Welfare v. Markiewicz*, 930 F.2d 262, 266 (3d Cir. 1991). *See also, e.g.*, *Douglas v. Ashcroft*, 374 F.3d 230, 234 (3d Cir. 2004) ("each court must first satisfy itself of its own jurisdiction").  Indeed, "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'"  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998), quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382 (1884).

**1.    The Severance Order is inconsistent with this Court exercising supplemental jurisdiction over the Severed Actions.**

The only articulated basis for this Court's subject matter jurisdiction over Plaintiffs' claims against the Riddell Defendant is supplemental jurisdiction pursuant to 28 U.S.C. § 1367, because these claims were joined in Plaintiffs' original filings with their claims against the NFL, and the NFL claimed federal question jurisdiction over Plaintiffs' claims against it. *See* Exhibits A and B, *supra*.  However, the Third Circuit has explained the three prerequisites to supplemental jurisdiction under section 1367:

> "The federal claim must have substance sufficient to confer subject matter jurisdiction on the court." [*United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725 (1966)] The state and federal claims must derive from a common

3

nucleus of operative facts, and the claims must be such that they would ordinarily be expected to be tried in one judicial proceeding. *See id.*

*MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1102 (3d. Cir. 1995).

The Riddell Defendants repeatedly stated in their Brief in Support of their Motion to Sever that Plaintiffs claims against it had been misjoined because a common nucleus of operative facts were lacking in Plaintiffs' claims against them and expressly stated, *e.g.*, that "Plaintiffs' claims will involve vastly different questions of fact and law". Brief in Support of Riddell Defendants Motion to Sever, ECF No. 3593-1, at 12. Moreover, Riddell complained of, *e.g.*, "layer[s] of distinct legal issues" in relation to Plaintiffs' claims against them. *Id.* at 22. Having argued so vociferously for severance, the Riddell Defendants cannot now be heard to argue that Plaintiffs' claims against them, along with their claims against the NFL, derive from a common nucleus of operative facts, nor can they be heard to argue that the claims against them are such that they would ordinarily be expected to be tried in one judicial proceeding. Hence, the Riddell Defendants have conceded that two of the three requirements of this Court's exercise of supplemental jurisdiction over Plaintiffs' claims against them do not exist in the Severed Actions.

This Court's reasoning in its December 1, 2015 Order severing Plaintiffs' claims against Riddell from their claims against the NFL (and from one another) is in accord with the proposition that Plaintiffs' state law claims against Riddell and the arguably federal question claims against the NFL lack a common nucleus of operative facts and would not ordinarily be expected to be tried in one judicial proceeding. *See* December 1, 2015 Order, ECF No. 6706. Therein, this Court stated:

> Severance is appropriate to promote the efficient administration of justice in the resolution of these claims because, for example, the plaintiffs may have played for different teams, used different Riddell helmets at different times, and suffer from

different symptoms and injuries. Moreover, certain Riddell Defendants may not have been in existence at the time some plaintiffs played in the NFL. *See In re Asbestos Prods. Liability Litig.*, MDL No. 875, Nos. 01-00162, 08-71147, 2009 WL 959539, at *1 (E.D. Pa. Apr. 6, 2009) ("We note that claims of different plaintiffs which involve common legal issues, but totally different alleged facts, may not be grouped into a single action . . ."); *In re Diet Drugs*, 325 F. Supp. 2d at 541 (severing claims where the plaintiffs suffered injuries as a result of consuming two drugs produced by Wyeth because their claims did not "arise out of the same transaction . . . or series of transactions")

*Id.* at n. 2.

The federal removal statute, 28 U.S.C. § 1441, provides in part:

**(c) Joinder of Federal law claims and State law claims.--(1)** If a civil action includes—

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

**(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and ***shall remand the severed claims to the State court from which the action was removed***. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

(emphasis added).

Plaintiffs' claims against Riddell are not within the original or supplemental jurisdiction of this Court. *See supra.* This Court has already severed Plaintiffs' claims against Riddell from their claims against the NFL (and from each other). Hence, pursuant to the dictates of Section 1441(c), this Court should remand all the Severed Actions to the Superior Court of California, Los Angeles County.

**2.     The Severance Order is inconsistent with the existence of this Court's supplemental jurisdiction over the Severed Actions.**

This Court may properly exercise supplemental jurisdiction "in any civil action where the district courts have original jurisdiction". 28 U.S.C. § 1367(a). Supplemental jurisdiction over the claims of the Severed Actions, based on this Court's putative jurisdiction over Plaintiffs' claims against the NFL, was extinguished by the Severance Order. Hence, this Court should remand all the Severed Actions to the Superior Court of California, Los Angeles County.

Dated: January 18, 2016                                                    Respectfully Submitted,

By: /s/ *Jason E. Luckasevic*
GOLDBERG, PERSKY & WHITE, P.C.
Jason E. Luckasevic
PA ID #No. 85557
Jason T. Shipp
PA ID #No. 87471
11 Stanwix Street, Suite 1800
Pittsburgh, PA 15222
Telephone: (412) 471-3980
Facsimile: (412) 471-8308

GIRARDI KEESE
Thomas Girardi
Christopher Aumais
Nicole DeVanon
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 977-0211
Facsimile: (213)481-1554

RUSSOMANNO & BORRELLO, P.A.
Herman J. Russomanno
Robert J. Borrello
150 West Flagler Street - PH 2800
Miami, FL 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served upon all counsel of record via the CM/ECF system, this 18th day of January, 2016

                                            */s/ Jason E. Luckasevic*
                                            Jason E. Luckasevic, Esquire

                                            Counsel for Plaintiff