## WILLIAM H. "PETE" and TERESA MANDLEY

344.   Plaintiff William H. "Pete" Mandley was born on July 29, 1961 Mesa, Arizona. He is married to Teresa Mandley. They live in Gilbert, Arizona. They have eight children, two of which are minors ages 11 and 14 years old.

345.   Plaintiff William H. "Pete" Mandley played Wide Receiver and Kick Returner for the Detroit Lions from 1984 to 1988 and for the Kansas City Chiefs from 1989 to 1990.

346.   Plaintiff William H. "Pete" Mandley suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

347.   Plaintiff William H. "Pete" Mandley was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

348.   Plaintiff William H. "Pete" Mandley suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including lack of focus, headaches, and memory loss.

## SHANTE CARVER

349.   Plaintiff Shante Carver was born on February 12, 1971 in Stockton, California. He lives in Mesa, Arizona.

350.   Plaintiff Shante Carver played Defensive End for the Dallas Cowboys from 1994 to 1997.

351.   Plaintiff Shante Carver suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

-48-

---

COMPLAINT FOR DAMAGES

352. Plaintiff Shante Carver was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

353. Plaintiff Shante Carver suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including headaches, lack of focus, confusion, and short-term memory loss.

## GEORGE and GENEVA GOEDDEKE

354. Plaintiff George Goeddeke Carver was born on July 29, 1945 in Detroit, Michigan. He is married to Geneva Goeddeke. They live in White Lake, Michigan. They have five children, with the youngest age 18.

355. Plaintiff George Goeddeke played Offensive Guard for the Denver Broncos from 1967 to 1974.

356. Plaintiff George Goeddeke suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

357. Plaintiff George Goeddeke was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

358. Plaintiff George Goeddeke suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including short-term memory loss.

## JAMES MICHAEL "MIKE" and BEVERLEE SCHNITKER

359. Plaintiff James Michael "Mike" Schnitker was born on December 30, 1946 in Langdon, Missouri. He is married to Beverlee Schnitker. They have three children.

-49-

COMPLAINT FOR DAMAGES

Ex A_000068

360. Plaintiff James Michael "Mike" Schnitker played Offensive Guard for the Denver Broncos from 1969 to 1974.

361. Plaintiff James Michael "Mike" Schnitker suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

362. Plaintiff James Michael "Mike" Schnitker was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

363. Plaintiff James Michael "Mike" Schnitker suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including memory loss.

## CHRISTOPHER "CHRIS" CALLOWAY

364. Plaintiff Christopher "Chris" Calloway was born on March 29, 1968 in Chicago, Illinois.

365. Plaintiff Christopher "Chris" Calloway played Wide Receiver for the Pittsburgh Steelers from 1990 to 1991, for the New York Giants from 1992 to 1998, for the Atlanta Falcons in 1999, and for the New England Patriots in 2000.

366. Plaintiff Christopher "Chris" Calloway suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

367. Plaintiff Christopher "Chris" Calloway was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

-50-

COMPLAINT FOR DAMAGES

368. Plaintiff Christopher "Chris" Calloway suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including tingling in the head and neck, memory loss, and headaches.

## THOMAS C. and EVELYN RANDOLPH

369. Plaintiff Thomas C. Randolph, II was born on October 5, 1970 in Norfolk, Virginia. He is married to Evelyn Randolph. They live in McLean, Virginia. They have two children ages 10 and 11 months.

370. Plaintiff Thomas C. Randolph played Defensive Back for the New York Giants from 1994 to 1997, for the Cincinnati Bengals in 1998, and for the Indianapolis Colts in 1999.

371. Plaintiff Thomas C. Randolph suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

372. Plaintiff Thomas C. Randolph was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

373. Plaintiff Thomas C. Randolph suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including short-term memory loss and severe headaches.

## GARY and TINA JONES

374. Plaintiff Gary Jones was born on November 30, 1967 in San Augustine, Texas. He is married to Tina Jones. They live in Cedar Hill, Texas.

375. Plaintiff Gary Jones played Safety for the Pittsburgh Steelers from 1990 to 1994, and for the New York Jets from 1995 to 1996.

-51-

Ex A_000070

376. Plaintiff Gary Jones suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

377. Plaintiff Gary Jones was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

378. Plaintiff Gary Jones suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including depression, mood disorder, anxiety problems and memory loss.

## OTTIS "O.J" and WANDA ANDERSON

379. Plaintiff Ottis "O.J." Anderson was born on January 19, 1957 in West Palm Beach, Florida. He lives in Orange, New Jersey. He is married to Wanda.

380. Plaintiff O.J. Anderson played Running Back for the St. Louis Cardinals from 1979 to 1985 and the New York Giants from 1986 to 1992. He is one of 22 Running Backs to rush for over 10,000 career yards. He is a two time All-Pro selection. He is a two time Super Bowl champion. He was selected as the MVP of Super Bowl XXV.

381. Plaintiff O.J. Anderson suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

382. Plaintiff O.J. Anderson was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

383. Plaintiff O.J. Anderson suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Short term memory loss and headaches.

-52-

COMPLAINT FOR DAMAGES

Ex A_000071

**LEONARD and TASHA RUSSELL**

384.   Plaintiff Leonard Russell was born on November 17, 1969.  He was born in California.  He currently lives in Riverside, California.  He is married to Tasha Russell.

385.   Plaintiff Leonard Russell played Running Back for the New England Patriots from 1991 to 1993, Denver Broncos in 1994, St. Louis Rams in 1995 and San Diego Chargers in 1996. He was selected as the AP Offensive Rookie of the Year in 1991.

386.   Plaintiff Leonard Russell suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

387.   Plaintiff Leonard Russell was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury.  This was a substantial factor in causing his current injury.

388.   Plaintiff Leonard Russell suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including memory loss, headaches and blurry vision.

**RORY GRAVES**

389.   Plaintiff Rory Graves was born on July 21, 1963.  He was born in Atlanta, Georgia. He currently lives in Doraville, Georgia.

390.   Plaintiff Rory Graves played Offensive Tackle for the Oakland Raiders from 1988 to 1991 and the Minnesota Vikings in 1993.

391.   Plaintiff Rory Graves suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

392.   Plaintiff Rory Graves was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-

-53-

COMPLAINT FOR DAMAGES

Ex A_000072

mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

393. Plaintiff Rory Graves suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including memory loss and headaches.

## DAVID M. and MONICA WHITE

394. Plaintiff David M. White was born on February 27, 1970. He is married to Monica White. He was born in Oak Ridge, Tennessee. He currently lives in New York with his wife, Monica.

395. Plaintiff David M. White played Line Backer for New England Patriots and Buffalo Bills between 1993 and 1997.

396. Plaintiff David M. White suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

397. Plaintiff David M. White was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

398. Plaintiff David M. White suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including memory loss, headaches and difficulty sleeping.

## PHILIP and GAIL SMITH

399. Plaintiff Philip Smith was born on April 28, 1961. He is married to Gail. He currently lives in Los Angeles, California. They have 3 children ages 13, 10 and 8 years old.

400. Plaintiff Philip Smith played Wide Receiver and Kick Returner for Baltimore/Indianapolis Colts, Philadelphia Eagles, and Los Angeles Rams from 1983 to 1989.

-54-

COMPLAINT FOR DAMAGES

Ex A_000073

401. Plaintiff Philip Smith suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

402. Plaintiff Philip Smith was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

403. Plaintiff Philip Smith suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Short Term Memory Loss.

### W. VERNON DEAN

404. Plaintiff W. Vernon Dean was born on May 5, 1959. He was born in Texas and currently lives in Missouri City, Texas. He has 2 children ages 28 and 12 years old.

405. Plaintiff W. Vernon Dean played Defensive Back for the Washington Redskins from 1982 to 1988 and for the Seattle Seahawks in 1999. He won Super Bowl XVII and XXII.

406. Plaintiff W. Vernon Dean suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

407. Plaintiff W. Vernon Dean was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

408. Plaintiff W. Vernon Dean suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Short Term Memory Loss and Headaches.

### ANTHONY "TONY" COVINGTON

-55-

COMPLAINT FOR DAMAGES

409.  Plaintiff Tony Covington was born on December 26, 1967.  He was born in North Carolina.  He currently lives in Philadelphia, Pennsylvania.

410.  Plaintiff Tony Covington played Safety for the Tampa Bay Buccaneers from 1991 to 1994 and Seattle Seahawks in 1995.

411.  Plaintiff Tony Covington suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

412.  Plaintiff Tony Covington was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury.  This was a substantial factor in causing his current injury.

413.  Plaintiff Tony Covington suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Short Term Memory Loss and Buzzing Sounds in his Ears.

## ANTHONY and VALERIE JONES

414.  Plaintiff Anthony Jones was born on May 16, 1960.  He is married to Valerie and has 2 children ages 17 and 13.  He was born in Maryland and currently lives in Meridianville, Alabama.

415.  Plaintiff Anthony Jones played Tight End for Washington Redskins from 1984 to 1988, San Diego Chargers in 1988 and Dallas Cowboys in 1989.  He won Super Bowl XXII.

416.  Plaintiff Anthony Jones suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

417.  Plaintiff Anthony Jones was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-

-56-

COMPLAINT FOR DAMAGES

Ex A_000075

mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

418. Plaintiff Anthony Jones suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Headaches and Memory Loss.

## STEVE and MARILYN REESE

419. Plaintiff Steve Reese was born on January 7, 1952. He is married to Marilyn. He was born in Columbus, Georgia and currently lives in Stone Mountain, Georgia.

420. Plaintiff Steve Reese played Line Backer for the New York Jets from 1974 to 1976, Tampa Bay Buccaneers in 1976, Minnesota Vikings in 1977 and the Cleveland Browns in 1978.

421. Plaintiff Steve Reese suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

422. Plaintiff Steve Reese was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

423. Plaintiff Steve Reese suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Headaches, poor vision and Memory Loss.

## DONALD BESSILLIEU

424. Plaintiff Donald Bessillieu was born on May 4, 1956. He lives in Columbus, Georgia.

425. Plaintiff Donald Bessillieu played Defensive Back for the Miami Dolphins from 1979 to 1982, St. Louis Cardinals in 1983, and Oakland Raiders from 1983 to 1985.

426. Plaintiff Donald Bessillieu suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

-57-

COMPLAINT FOR DAMAGES

Ex A_000076

427.   Plaintiff Donald Bessillieu was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury.  This was a substantial factor in causing his current injury.

428.   Plaintiff Donald Bessillieu suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Memory Loss, Headaches and confusion.

### HAROLD L. and CAROLYN JACKSON

429.   Plaintiff Harold Jackson was born on January 6, 1946.  He is married to Carolyn.  He was born in Mississippi and he currently lives in Los Angeles, California.  They have one child who is 18 years old.

430.   Plaintiff Harold Jackson played Wide Receiver for the Los Angeles Rams in 1968, the Philadelphia Eagles from 1969 to 1972, Los Angeles Rams from 1973 to 1977, New England Patriots from 1978 to 1981, Minnesota Vikings in 1982, Seattle Seahawks in 1983 and New England Patriots in 1987.  He is a 5 time Pro-Bowl Selection.  He led the NFL in receiving yards in 1969 and 1972.

431.   Plaintiff Harold Jackson suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

432.   Plaintiff Harold Jackson was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury.  This was a substantial factor in causing his current injury.

433.   Plaintiff Harold Jackson suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including severe Headaches and Memory Loss.

-58-

COMPLAINT FOR DAMAGES

Ex A_000077

## TODD and SHANNON JOHNSON

434.  Plaintiff Todd Johnson was born on December 18, 1978.  He is married to Shannon and they have 2 children ages 1 ½ years old and 2 months old.  They reside in Sarasota, Florida.

435.  Plaintiff Todd Johnson played Safety for the Chicago Bears from 2003 to 2006, St. Louis Rams from 2007 to 2009 and Buffalo Bills in 2009.

436.  Plaintiff Todd Johnson suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

437.  Plaintiff Todd Johnson was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury.  This was a substantial factor in causing his current injury.

438.  Plaintiff Todd Johnson suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Memory Loss.

## CHRIS GOODE

439.  Plaintiff Chris Goode was born on September 17, 1963.  He lives in Birmingham, Alabama.  He has 3 children and their ages are 17, 15, and 14 years old.

440.  Plaintiff Chris Goode played Defensive Back for the Indianapolis Colts from 1987 to 1994.

441.  Plaintiff Chris Goode suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

442.  Plaintiff Chris Goode was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury.  This was a substantial factor in causing his current injury.

443.  Plaintiff Chris Goode suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including memory loss and headaches.

-59-

COMPLAINT FOR DAMAGES

Ex A_000078

## BRUCE and VANISHA WALKER

444. Plaintiff Bruce Walker was born on July 18, 1972. He is married to Vanisha and has one child age 9 years old. They reside in Bellflower, California.

445. Plaintiff Bruce Walker played Defensive Tackle for the New England Patriots in 1994 to 1996 and was on the squad of the San Diego Chargers from 1998 to 1999.

446. Plaintiff Bruce Walker suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

447. Plaintiff Bruce Walker was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

448. Plaintiff Bruce Walker suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including retaining information, Short Term Memory Loss and Headaches.

## DERRICK S. "RICKY" REYNOLDS

449. Plaintiff Ricky Reynolds was born on January 19, 1965. He has 3 children ages 18, 17 and 14 years old. He lives in Dade City, Florida.

450. Plaintiff Ricky Reynolds played Defensive Back for the Tampa Bay Buccaneers from 1987 to 1993 and the New England Patriots from 1994 to 1996.

451. Plaintiff Ricky Reynolds suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

452. Plaintiff Ricky Reynolds was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the

-60-

COMPLAINT FOR DAMAGES

Ex A_000079

league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

453: Plaintiff Ricky Reynolds suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Short Term Memory Loss, Dizziness and Ringing in his ears.

### DAVID and BONNIE LEWIS

454. Plaintiff David Lewis was born on October 15, 1952. He is married to Bonnie and has one child age 23 years old. They reside in Dover, Florida.

455. Plaintiff David Lewis played Line Backer for the Tampa Bay Buccaneers from 1977 to 1982, San Diego Chargers from 1982 to 1983 and Los Angeles Rams from 1983 to 1984.

456. Plaintiff David Lewis suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

457: Plaintiff David Lewis was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

458. Plaintiff David Lewis suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Memory Loss and Headaches.

### RONNIE and SHERYL LIPPETT

459. Plaintiff Ronnie Lippett was born on December 10, 1960. He was born in Florida. He is married to Sheryl and has 3 children. They reside in South Easton, Massachusetts.

460. Plaintiff Ronnie Lippett played Defensive Back for the New England Patriots from 1983 to 1991. He was selected to the New England Patriots all 1980's team.

-61-

COMPLAINT FOR DAMAGES

Ex A_000080

461.   Plaintiff Ronnie Lippett suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

462.   Plaintiff Ronnie Lippett was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

463.   Plaintiff Ronnie Lippett suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Memory Loss, Depression, Sleep problems and Post Traumatic Stress Disorder.

## ROLAND and CARMEL JAMES

464.   Plaintiff Roland James was born on February 18, 1958. He was born in Ohio. He is married to Carmel and has 4 children. They reside in Sharon, Massachusetts.

465.   Plaintiff Roland James played Defensive Back for the New England Patriots from 1980 to 1990. He was selected to the New England Patriots all 1980's team.

466.   Plaintiff Roland James suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

467.   Plaintiff Roland James was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

468.   Plaintiff Roland James suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Memory Loss, Depression and Sleep problems.

## MARK S. DUPER

-62-

COMPLAINT FOR DAMAGES

469. Plaintiff Mark S. Duper was born on January 25, 1959. He lives in Margate, Florida. He has five children, and two of them are ages 15 and 16 years old.

470. Plaintiff Mark S. Duper played Wide Receiver for the Miami Dolphins from 1982 to 1992. He was selected to the Pro-Bowl three times. He was inducted into the Miami Dolphins Honor Roll.

471. Plaintiff Mark S. Duper suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

472. Plaintiff Mark S. Duper was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

473. Plaintiff Mark S. Duper suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including memory loss and headaches.

### BRIAN and SARCA INGRAM

474. Plaintiff Brian Ingram was born on October 31, 1959. He was born in Memphis, Tennessee. He is married to Sarca and they have 5 children. They reside in Stone Mountain, Georgia.

475. Plaintiff Brian Ingram played Line Backer for the New England Patriots from 1982 to 1986 and the San Diego Chargers from 1987 to 1988.

476. Plaintiff Brian Ingram suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

477. Plaintiff Brian Ingram was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

-63-

COMPLAINT FOR DAMAGES

478. Plaintiff Brian Ingram suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Short Term Memory Loss, Headaches and Ringing in his ears.

## ANTHONY "TONY" and TRUDY COLLINS

479. Plaintiff Tony Collins was born on May 27, 1959. He is married to Trudy and has eight children of which two of them are minors ages 15 and 13 years old. They reside in Winterville, North Carolina.

480. Plaintiff Tony Collins played Running Back for the New England Patriots from 1981 to 1989 and the Miami Dolphins in 1990. He was selected to the Pro Bowl in 1983.

481. Plaintiff Tony Collins suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

482. Plaintiff Tony Collins was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

483. Plaintiff Tony Collins suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Memory Loss and Sleeping problems.

## STEVE and ANGELA NELSON

484. Plaintiff Steve Nelson was born on April 26, 1951. He was born in Farmington, Minnesota. He is married to Angela and has 5 children, with one of them is 5 years old. They reside in Middleboro, Massachusetts.

485. Plaintiff Steve Nelson played Line Backer for the New England Patriots from 1974 to 1987. He was selected to the Pro Bowl three times. His jersey was retired by the New England Patriots.

-64-

COMPLAINT FOR DAMAGES

Ex A_000083

486.   Plaintiff Steve Nelson suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

487.   Plaintiff Steve Nelson was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury.  This was a substantial factor in causing his current injury.

488.   Plaintiff Steve Nelson suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Short Term Memory Loss, Headaches, vision problems, sleep problems, depression and anxiety attacks.

## JAMES E. and SHALANE WILLIS

489.   Plaintiff James E. Willis was born on September 2, 1972.  He is married to Shalane and has 3 children ages 15, 10 and 3 years old.  They reside in Huntsville, Alabama.

490.   Plaintiff James E. Willis played Line Backer for the Green Bay Packers from 1993 to 1996, Philadelphia Eagles from 1996 to 1999 and Seattle Seahawks in 2000.

491.   Plaintiff James E. Willis suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

492.   Plaintiff James E. Willis was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury.  This was a substantial factor in causing his current injury.

493.   Plaintiff James E. Willis suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Short Term Memory Loss, Headaches, and vision problems.

## ANTHONY and PAULA HANCOCK

-65-

COMPLAINT FOR DAMAGES

494.  Plaintiff Anthony Hancock was born on June 10, 1960.  He was born in Cleveland, Ohio.  He is married to Paula and they have 2 children.  They currently reside in Knoxville, Tennessee.

495.  Plaintiff Anthony Hancock played Wide Receiver for the Kansas City Chiefs from 1982 to 1988.

496.  Plaintiff Anthony Hancock suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

497.  Plaintiff Anthony Hancock was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury.  This was a substantial factor in causing his current injury.

498.  Plaintiff Anthony Hancock suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Short Term Memory Loss and Headaches.

## JEFF BURRIS

499.  Plaintiff Jeff Burris was born on June 7, 1972.  He was born in Rock Hill, South Carolina.  He has 2 children ages 13 and 11 years old.  He currently resides in Indianapolis, Indiana.

500.  Plaintiff Jeff Burris played Defensive Back for the Buffalo Bills from 1994 to 1997, Indianapolis Colts from 1998 to 2001 and Cincinnati Bengals from 2002 to 2003.

501.  Plaintiff Jeff Burris suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

502.  Plaintiff Jeff Burris was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-

-66-

COMPLAINT FOR DAMAGES

mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

503.   Plaintiff Jeff Burris suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Memory Loss, Depression, Headaches and difficulty speaking.

## WILLIAM C. "BILL" AND SUSAN BRADLEY

504.   Plaintiff Bill Bradley was born on January 24, 1947. He is married to Susan and they reside in Spring Ranch, Texas.

505.   Plaintiff Bill Bradley played Free Safety for the Philadelphia Eagles from 1969 to 1976 and the St. Louis Cardinals in 1977. He was a 3 time Pro Bowl selection. In 1971 and 1972, he led the NFL in interceptions.

506.   Plaintiff Bill Bradley suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

507.   Plaintiff Bill Bradley was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury. This was a substantial factor in causing his current injury.

508.   Plaintiff Bill Bradley suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Memory Loss and Headaches.

## KERRY and TANJA GOODE

509.   Plaintiff Kerry Goode was born on July 28, 1965. He is married to Tanja and they have 4 children ages 16, 14, 11 and 6 years old. They reside in Fairburn, Georgia.

510.   Plaintiff Kerry Goode played Running Back for the Tampa Bay Buccaneers in 1988 and the Miami Dolphins in 1989.

-67-

COMPLAINT FOR DAMAGES

Ex A_000086

511.   Plaintiff Kerry Goode suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

512.   Plaintiff Kerry Goode was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury.  This was a substantial factor in causing his current injury.

513.   Plaintiff Kerry Goode suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including frequent Headaches and blurred vision.

## RAYMOND and KIMBERLEY CLAYBORN

514.   Plaintiff Raymond Clayborn was born on January 2, 1955.  He is married to Kimberley and they have 3 children ages 25, 15, and 12 years old.  They reside in Katy, Texas.

515.   Plaintiff Raymond Clayborn played Defensive Back for the New England Patriots from 1977 to 1989 and Cleveland Browns from 1990 to 1991.  He was selected to the Pro-Bowl 3 times.  He is a memo

516.   Plaintiff Raymond Clayborn suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

517.   Plaintiff Raymond Clayborn was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury.  This was a substantial factor in causing his current injury.

518.   Plaintiff Raymond Clayborn suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including Short Term Memory Loss, headaches, buzzing in his ears, and sleep problems.

-68-

COMPLAINT FOR DAMAGES

## STEVEN and SUSAN ZABEL

519.   Plaintiff Steven Zabel was born on March 20, 1948.  He is married to Susan and they have 3 children.  They reside in Edmond, Oklahoma.

520.   Plaintiff Steven Zabel played Line Backer for the New England Patriots from 1970 to 1974, New England Patriots from 1975 to 1978 and Baltimore Colts in 1979.

521.   Plaintiff Steven Zabel suffered multiple concussions that were improperly diagnosed and improperly treated throughout his career as a professional football player in the NFL.

522.   Plaintiff Steven Zabel was not warned by the NFL, NFL Properties, Inc., or Riddell Defendants of the risk of long-term injury due to football-related concussions or that the league-mandated equipment did not protect him from such injury.  This was a substantial factor in causing his current injury.

523.   Plaintiff Steven Zabel suffers from multiple past traumatic brain injuries that include but are not limited to his various problems including frequent pain in his head, sleeping difficulties and memory loss.

## FIRST CAUSE OF ACTION

## NEGLIGENCE- Monopolist

## (As Against the NFL)

524.   Plaintiffs incorporate by reference paragraphs 1 through 523 as if fully set forth herein at length.

525.   The NFL, by and through its monopoly power, has historically had a duty to invoke rules that protect the health and safety of its players and the public.  Nevertheless, by its actions, it has violated California Business and Professional Code Section 17001 by engaging in practices that restrain the development of good science on the problem and epidemic of concussion injuries.

526.   As a monopoly, the NFL has a duty to protect the health and safety of its players, as well as the public at large.

-69-

COMPLAINT FOR DAMAGES

Ex A_000088

527. Throughout the history of the NFL, the NFL organization has consistently breached its duty to protect the health and safety of its players by failing to enact rules, policies and regulations to best protect its players.

528. The NFL breached its duty to its players, including Plaintiffs, to use ordinary care to protect the physical and mental health of players by failing to implement standardized post-concussion guidelines by failing to enact rules to decrease the risk of concussions during games or practices, and by failing to implement mandatory rules that would prevent a player who suffered a mild traumatic brain injury from re-entering a football game and being placed at further risk of injury.

529. Throughout its many years, the NFL has repeatedly established its duty to protect the health and safety of its players when known and foreseeable risk exists. Until August 14, 2007, the NFL failed to create and implement league-wide guidelines concerning the treatment and monitoring of players who suffer concussive brain injuries.

530. It has been well established since 1928 that repeated blows to the head can lead to CTE, commonly known as "punch drunk syndrome." Punch Drunk Syndrome has been prevalent in boxers who have repeatedly suffered concussions.

531. Despite the fact that other sporting associations exist, such as the National Hockey League and the World Boxing Association, which have decades ago established standardized association-wide concussion management rules, until August 14, 2007, the NFL failed to establish any guidelines or policies to protect the mental health and safety of its players.

532. Nonetheless, it took the NFL until June of 2010 to finally acknowledge the long-term risks associated with concussions, including dementia, memory loss, CTE and its related symptoms. At that time, the NFL warned active players of those risks. To date, the NFL has never warned any past players, including Plaintiffs, or the public of the long- term brain injury caused from concussions.

533. The NFL's failure to fulfill its duty to protect its players, the plaintiffs and the public, include, but are not limited to, the following failures:

-70-

COMPLAINT FOR DAMAGES

(a)  Failure to institute acclimation requirements or procedures to ensure proper acclimation of the NFL players before they participate in practices or games;

(b)  Failure to regulate and monitor practices, games, equipment, and medical care so as to minimize the long-term risks associated with concussive brain injuries suffered by the NFL players, including Plaintiffs;

(c)  Failure to require that an adequate concussive brain injury history be taken of NFL players;

(d)  Failure to ensure accurate diagnosis and recording of concussive brain injury so the condition can be treated in an adequate and timely manner;

(e)  Failure to invoke league-wide guidelines, policies, and procedures regarding the identification and treatment of concussive brain injury, and the return to play insofar as such matters pertain to concussive brain injury;

(f)  Failure to properly inform the public and other American Rules Football leagues and players of the health risks associated with concussive injury;

(g)  Failure to license and approve the best equipment available that will reduce the risk of concussive brain injury; and

(h)  Failure to warn of the harm of repetitive concussion injuries.

534.  The NFL breached its duty to protect the health and safety of its players by subjecting NFL players to an increased risk of concussive brain injury.

535.  The NFL failed to provide complete, current, and competent information and directions to NFL athletic trainers, physicians, and coaches regarding concussive brain injuries and its prevention, symptoms, and treatment.

536.  If the NFL would have taken the necessary steps to oversee and protect the NFL players, including Plaintiffs, by developing and implementing necessary guidelines, policies, and procedures; providing reasonably safe helmets; and educating and training all persons involved

-71-

COMPLAINT FOR DAMAGES

with the NFL Teams in the recognition, prevention, and treatment of concussive brain injuries, then NFL players, such as Plaintiffs, would not have suffered from the subject condition or the effects of that condition, would have recovered more rapidly, or would not have suffered long-term brain injuries.

537. Under all of the above circumstances, it was foreseeable that the NFL's violating its duties would cause or substantially contribute to the personal injuries suffered by Plaintiffs.

538. The NFL committed acts of omission and commission, which collectively and severally, constituted negligence. The NFL's negligence was a proximate and producing cause of the personal injuries and other damages suffered by Plaintiffs.

539. As a result of the personal injuries, Plaintiffs are entitled to damages, as alleged herein or allowed by law, from the NFL in an amount reasonably anticipated to exceed the jurisdictional minimum of $25,000.

## SECOND CAUSE OF ACTION:
## NEGLIGENCE
### (As Against the NFL)

540. Plaintiffs incorporate by reference paragraphs 1 through 539 of this Complaint as if fully set forth herein at length.

541. The NFL has historically assumed an independent tort duty to invoke rules that protect the health and safety of its players, but it has violated Section 323 of the Restatement (Second) of Torts as adopted by the Courts in California.

542. Throughout the history of the NFL, the NFL organization has consistently exercised its duty to protect the health and safety of its players by implementing rules, policies and regulations in an attempt to best protect its players.

543. By enacting rules to protect the health and safety of its players, the NFL has repeatedly confirmed its duty to take reasonable and prudent actions to protect the health and safety of its players when known and foreseeable risks exist.

-72-

COMPLAINT FOR DAMAGES

544.    The NFL breached its duty to its players, including Plaintiffs, to use ordinary care to protect the physical and mental health of players by implementing standardized post-concussion guidelines and by failing to implement mandatory rules that would prevent a player who suffered a mild traumatic brain injury from re-entering a football game or practice.

545.    Throughout the many years that the NFL has repeatedly established its duty to protect the health and safety of its players when known and foreseeable risks exist, until August 14, 2007, the NFL failed to create and implement league-wide guidelines concerning the treatment and monitoring of players who suffer a concussive brain injury during a game.

546.    It has been well established since 1928 that repeated blows to the head can lead to CTE, commonly known as "punch drunk syndrome." Punch Drunk Syndrome has been prevalent in boxers who have repeatedly suffered concussions.

547.    Despite the fact that other sporting associations exist, such as the World Boxing Association, which have decades ago established standardized association-wide concussion management rules, until August 14, 2007, the NFL failed to establish any guidelines or policies to protect the mental health and safety of its players.

548.    The NFL's failure to fulfill its assumed duty to protect its players includes but is not limited to the following failures:

(a)    Failure to institute acclimation requirements or procedures to ensure proper acclimation of the NFL players before they participate in practices or games;

(b)    Failure to regulate and monitor practices, games, rules, equipment, and medical care so as to minimize the long-term risks associated with concussive brain injuries suffered by the NFL players, including Plaintiffs;

(c)    Failure to require that an adequate concussive brain injury history be taken of NFL players;

(d)    Failure to ensure accurate diagnosis and recording of concussive brain injury so the condition can be treated in an adequate and timely manner;

-73-

COMPLAINT FOR DAMAGES

Ex A_000092

(e)    Failure to invoke league-wide guidelines, policies, and procedures regarding the identification and treatment of concussive brain injury, and the return to play insofar as such matters pertain to concussive brain injury; and,

(f)    Failure to license and approve the best equipment available that will reduce the risk of concussive brain injury.

549.    The NFL breached its assumed duty to protect the health and safety of its players by subjecting NFL players to an increased risk of concussive brain injury.

550.    The NFL failed to provide complete, current, and competent information and directions to NFL athletic trainers, physicians, and coaches regarding concussive brain injuries and its prevention, symptoms, and treatment.

551.    If the NFL would have taken the necessary steps to oversee and protect the NFL players, including Plaintiffs, by developing and implementing necessary guidelines, policies, and procedures; providing reasonably safe helmets; and educating and training all persons involved with the NFL Teams in the recognition, prevention, and treatment of concussive brain injuries, then NFL players, such as Plaintiffs, would not have suffered from the subject condition or the effects of that condition, would have recovered more rapidly, or would not have suffered long-term brain damage, dementia, and depression related to dementia and CTE.

552.    Under all of the above circumstances, it was foreseeable that the NFL's violations of its duties would cause or substantially contribute to the personal injuries suffered by the Plaintiffs.

553.    The NFL committed acts of omission and commission, which collectively and severally, constituted negligence.  The NFL's negligence was a proximate and producing cause of the personal injuries and other damages suffered by Plaintiff.

554.    As a result of the personal injuries of Plaintiffs, they are entitled to damages, as alleged herein or allowed by law, from the NFL in an amount reasonably anticipated to exceed the jurisdictional minimum of $25,000.

-74-

COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION:

## FRAUD

### (As Against the NFL)

555.   Plaintiffs incorporate by reference paragraphs 1 through 554 of this Complaint as if fully set forth herein at length.

556.   From 2005 through June of 2010, the NFL made through its "Mild Traumatic Brain Injury Committee" and others, its agents, material misrepresentations to its players, former players, the Congress and the public at large that there was no link between concussions and later life cognitive/brain injury, including CTE and its related symptoms.

557.   The persons who made the misrepresentations as agents of the NFL and the NFL knew they were false.

558.   The persons who made the misrepresentations as agents of the NFL and the NFL intended to defraud, among others, the Plaintiffs in this action.

559.   The Plaintiffs, among others, justifiably relied on these misrepresentations to their detriment in getting care for their injuries.

560.   The Plaintiffs, among others, were damaged by these misrepresentations.  Among other things, they require increased home care, loss of consortium, loss of employment, medical costs and pain and suffering.

561.   As a result of the personal injuries of Plaintiffs, they are entitled to damages, as alleged herein or allowed by law, from the NFL in an amount reasonably anticipated to exceed the jurisdictional minimum of $25,000.

## FOURTH CAUSE OF ACTION

## NEGLIGENCE

### (As Against NFL Properties)

562.   Plaintiffs incorporate by reference paragraphs 1 through 561 as if fully set forth herein at length.

-75-

COMPLAINT FOR DAMAGES

563. NFL Properties breached its duty to ensure that the equipment it licensed and approved were of the highest possible quality and sufficient to protect the NFL players, including Plaintiffs, from the risk of concussive brain injuries.

564. NFL Properties breached its duty by licensing the Riddell Defendants' helmets, and approving and/or requiring the use of the helmets for the NFL players, knowing or having reason to know that the helmets were negligently and defectively designed and/or manufactured.

565. As a result of these breaches by NFL Properties, Plaintiffs suffer personal injuries as a result the long-term health effects of concussive brain injuries.

566. As a result of the personal injuries of Plaintiffs, Plaintiffs are entitled to damages from NFL Properties, LLC in an amount reasonably anticipated to exceed the jurisdictional minimum of $25,000.00.

## FIFTH CAUSE OF ACTION
## STRICT LIABILITY FOR DESIGN DEFECT
### (As Against Riddell Defendants)

567. Plaintiffs incorporate by reference paragraphs 1 through 566 as if set fully herein at length.

568. At the time the helmets were designed, manufactured, sold, and distributed by the Riddell Defendants, the helmets were defective in design, unreasonably dangerous, and unsafe for their intended purpose because they did not provide adequate protection against the foreseeable risk of concussive brain injury. The design defect includes, but is not limited to the following:

(a) Negligently failing to design the subject helmet with a safe means of attenuating and absorbing the foreseeable forces of impact in order to minimize and/or reduce the forces and energy directed to the player's head;

(b) Negligently designing the subject helmet with a shock attenuating system which was not safely configured;

-76-

COMPLAINT FOR DAMAGES

Ex A_000095

(c)     Negligently failing to properly and adequately test the helmet model;

(d)     Other acts of negligence that may be discovered during the course of this matter; and

(e)     Failing to warn Plaintiffs that their helmets would not protect against the long-term health consequences of concussive brain injury.

569.     The defective design and unreasonably dangerous condition were a proximate and producing cause of the personal injuries suffered by the Plaintiffs and other damages, including but not limited to, economic damages and non-economic damages.

570.     The Riddell Defendants are strictly liable for designing a defective and unreasonably dangerous product and for failing to warn which were proximate and producing causes of the personal injuries and other damages including, but not limited to, economic damage as alleged herein. A safer alternative design was economically and technologically feasible at the time the product left the control of the Riddell Defendants.

571.     As a result of the personal injuries of Plaintiffs, Plaintiffs are entitled to damages from Riddell Defendants in an amount reasonably anticipated to exceed the jurisdictional minimum of $25,000.00.

## SIXTH CAUSE OF ACTION
## (STRICT LIABILITY FOR MANUFACTURING DEFECT)
### (As Against Riddell Defendants)

572.     Plaintiffs incorporate by reference paragraphs 1 through 571 as if set forth herein at length.

573.     At the time the helmets were designed, manufactured, sold and distributed by the Riddell Defendants, the helmets were defective in their manufacturing and unreasonably dangerous and unsafe for their intended purpose because they did not provide adequate protection against the

-77-

COMPLAINT FOR DAMAGES

foreseeable risk of concussive brain injury. The Riddell Defendants' failure to design the helmets to design and manufacturing specifications resulted in, among other things, the following:

(a)    Negligently failing to manufacture the subject helmet with a safe means of attenuating and absorbing the foreseeable forces of impact in order to minimize and/or reduce the forces and energy directed to the player's head;

(b)    Negligently manufacturing the subject helmet with a shock attenuating system which was not safely configured;

(c)    Negligently failing to properly and adequately inspect and/or test the helmet model;

(d)    Other acts of negligence that may be discovered during the course of this matter; and

(e)    Failure to warn Plaintiffs that its helmets wouldn't protect against concussive brain injury.

574.    The manufacturing defect was a proximate and producing cause of the personal injuries suffered by Plaintiffs and other damages, including but not limited to, economic damages and non-economic damages.

575.    The Riddell Defendants are strictly liable for manufacturing and placing in the stream of commerce a defective and unreasonably dangerous product which was a proximate and producing cause of the personal injuries and other damages, including but not limited to, economic damages and non-economic damages. A safe alternative design was economically and technologically feasible at the time the product left the control of the Riddell Defendants.

576.    As a result of the personal injuries of Plaintiffs, Plaintiffs are entitled to damages from Riddell Defendants in an amount reasonably anticipated to exceed the jurisdictional minimum of $25,000.00.

-78-

COMPLAINT FOR DAMAGES

Ex A_000097

## SEVENTH CAUSE OF ACTION

## FAILURE TO WARN

### (As Against Riddell Defendants)

577. Plaintiffs incorporate by reference paragraphs 1 through 576 as if set forth herein at length.

578. The Riddell Defendants failed to provide necessary and adequate safety and instructional materials and warnings of the risk and means available to reduce and/or minimize the risk of concussive brain injuries while playing football.

579. The Riddell Defendants failed to provide necessary and adequate information, warnings, and/or instructional materials regarding the fact that other model helmets provided greater shock attenuation from blows to the head area.

580. The Riddell Defendants' failure to warn caused the Plaintiffs' personal injuries.

581. As a result of the personal injuries of Plaintiffs, Plaintiffs are entitled to damages from the Riddell Defendants, in an amount reasonably anticipated to exceed the jurisdictional minimum of $25,000.00.

## EIGHTH CAUSE OF ACTION

## NEGLIGENCE

### (As Against Riddell Defendants)

582. Plaintiffs incorporate by reference paragraphs 1 through 581 as if set forth herein at length.

583. The Riddell Defendants should have been well aware that since 1928 repeated blows to the head can lead to CTE, commonly known as "punch-drunk syndrome".

584. The Riddell Defendants breached their duty of reasonable care by failing to provide necessary and adequate safety and instructional materials and warnings of the risk and means available to reduce and/or minimize the risk of concussive brain injuries while playing football using their helmets.

-79-

COMPLAINT FOR DAMAGES

585. As a result of the Riddell Defendants' breach of duty, Plaintiffs have sustained permanent injury.

586. For the personal injuries of Plaintiffs, Plaintiffs are entitled to damages from the Riddell Defendants in an amount reasonably anticipated to exceed the jurisdictional minimum of $25,000.00.

## NINTH CAUSE OF ACTION

## LOSS OF CONSORTIUM

### (As Against All Defendants)

587. Plaintiffs incorporate by reference paragraphs 1 through 586 as if set forth herein at length.

588. As a direct and proximate result of the carelessness, negligence and recklessness of all Defendants and of the aforesaid injuries to their husbands, the wife Plaintiffs have been damaged as follows:

a. They have been and will continue to be deprived of the services, society and companionship of their husbands;

b. They have been and will continue to be required to spend money for medical care and household care for the treatment of their husbands; and

c. They have been and will continue to be deprived of the earnings of their husbands.

589. As a result of the injuries to Plaintiffs, wife Plaintiffs are entitled to damages from the Defendants, in an amount reasonably anticipated to exceed the jurisdictional minimum of $25,000.00.

-80-

COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For compensatory and general damages according to proof;

2. For special and incidental damages according to proof;

3. For punitive damages according to proof;

4. For costs of the proceedings herein; and

5. For all such other and further relief as the Court deems just.

DATED: July 19, 2011                    **GIRARDI | KEESE**

BY: _____

**THOMAS V. GIRARDI**
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims so triable.

DATED: July 19, 2011                    **GIRARDI | KEESE**

BY: _____

**THOMAS V. GIRARDI**
Attorney for Plaintiffs

-81-

COMPLAINT FOR DAMAGES

Ex A_000100

# ORIGINAL

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
**THOMAS V. GIRARDI, SBN 36603**
**GIRARDI KEESE**
1126 Wilshire Boulevard
Los Angeles, California 90017-1904

TELEPHONE NO.: 213/977-0211    FAX NO.: 213/481-1554
ATTORNEY FOR (Name): **Plaintiffs**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME: Maxwell, et al. v. National Football League, et al.

| **FOR COURT USE ONLY** |
|---|
| **FILED** SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES |
| **JUL 19 2011** |
| John A. Clarke, Executive Officer/Clerk |
| BY _____, Deputy |
| Shaunya Wesley |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **B C 4 6 5 8 4 2** |
|---|---|---|
| [X] Unlimited  [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[X] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): 9
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 19, 2011
**THOMAS V. GIRARDI**
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**    Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

BY FAX

Ex A_000101

# ORIGINAL

| SHORT TITLE: Maxwell, et al. v. National Football League, et al. | CASE NUMBER |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**BY FAX**

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [x] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 4 [ ] HOURS/ [x] DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [x] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

LA-CV109

Ex A_000102

| SHORT TITLE: Maxwell, et al. v. National Football League, et al. | CASE NUMBER |
|---|---|

| A Type of Action (Check only one) | B Applicable Reasons - See Step 3 Above | C Applicable Reasons |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** — Business Tort (07) | A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | A6005 Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | A6010 Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | A6013 Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | A6017 Legal Malpractice | 1., 2., 3. |
| | A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** — Wrongful Termination (36) | A6037 Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | A6024 Other Employment Complaint Case | 1., 2., 3. |
| | A6109 Labor Commissioner Appeals | 10. |
| **Contract** — Breach of Contract/ Warranty (06) (not insurance) | A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | A6012 Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | A6009 Contractual Fraud | 1., 2., 3., 5. |
| | A6031 Tortious Interference | 1., 2., 3., 5. |
| | A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** — Eminent Domain/Inverse Condemnation (14) | A7300 Eminent Domain/Condemnation      Number of parcels _____ | 2. |
| Wrongful Eviction (33) | A6023 Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | A6018 Mortgage Foreclosure | 2., 6. |
| | A6032 Quiet Title | 2., 6. |
| | A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** — Unlawful Detainer-Commercial (31) | A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Post-Foreclosure (34) | A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

Ex A_000103

| SHORT TITLE: Maxwell, et al. v. National Football League, et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one which best describes action) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

Ex A_000104

| SHORT TITLE: Maxwell, et al. v. National Football League, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☐3.☒4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:  3556 South Van Ness Ave |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90018 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the SUPERIOR _____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: July 19, 2011

(SIGNATURE OF ATTORNEY/FILING PARTY)

THOMAS V. GIRARDI

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

Ex A_000105

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

THOMAS V. GIRARDI, SBN 36603
GIRARDI KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017-1904

TELEPHONE NO.: 213/977-0211  FAX NO. (Optional): 213/481-1554
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFFS

**FILED**
**LOS ANGELES SUPERIOR COURT**

**JUL 25 2011**

JOHN A. CLARKE, CLERK

BY ALISON ALBA, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

**REC'D**
JUL 25 2011
**FILING WINDOW**

PLAINTIFF/PETITIONER: VERNON MAXWELL, et al.,

DEFENDANT/RESPONDENT: NATIONAL FOOTBALL LEAGUE, et al.,

**REQUEST FOR DISMISSAL**

[ ] Personal Injury, Property Damage, or Wrongful Death
　　[ ] Motor Vehicle  [ ] Other
[ ] Family Law  [ ] Eminent Domain
[X] Other (specify):

CASE NUMBER:
BC465842

D-51

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please **dismiss** this action as follows:
　a. (1) [ ] With prejudice  (2) [X] Without prejudice
　b. (1) [X] Complaint  (2) [ ] Petition
　　(3) [ ] Cross-complaint filed by (name):　　　　　on (date):
　　(4) [ ] Cross-complaint filed by (name):　　　　　on (date):
　　(5) [ ] Entire action of all parties and all causes of action
　　(6) [X] Other (specify):* **As to Plaintiff Tina Jones ONLY**

2. (Complete in all cases except family law cases.)
　[ ] Court fees and costs were waived for a party in this case. (This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).

Date: JULY 25, 2011

THOMAS V. GIRARDI
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

(SIGNATURE)
Attorney or party without attorney for: Vernon Maxwell, et al.
[X] Plaintiff/Petitioner  [ ] Defendant/Respondent
[ ] Cross - complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
　Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

(SIGNATURE)
Attorney or party without attorney for:
[ ] Plaintiff/Petitioner  [ ] Defendant/Respondent
[ ] Cross - Complainant

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

(To be completed by clerk)
4. [ ] Dismissal entered as requested on (date): JUL 25 2011
5. [✓] Dismissal entered on (date): JUL 25 2011 as to only (name): above
6. [ ] Dismissal **not** entered as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
　b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
　　　[ ] a copy to be conformed  [ ] means to return conformed copy

Date: JUL 25 2011
Clerk, by _____ A. L. ALBA, Deputy

Form Adopted for Mandatory use
Judicial Council of California
CIV-110 [Rev. July 1, 2009]

**REQUEST FOR DISMISSAL**

Page 1 of 2

Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390

CIV-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: VERNON MAXWELL, et al., | CASE NUMBER: |
| DEFENDANT/RESPONDENT: NATIONAL FOOTBALL LEAGUE, et al., | |

## Declaration Concerning Waived Court Fees

> The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for *(name)*:

2. The person in item 1 *(check one):*
   a. ☐ is not recovering anything of value by this action.
   b. ☐ is recovering less than $10,000 in value by this action.
   c. ☐ is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____   ▶   _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)          (SIGNATURE)

Ex A_000107

ORIGINAL

51

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| THOMAS V. GIRARDI<br>GIRARDI KEESE<br>1126 Wilshire Boulevard<br>Los Angeles, California 90017-1904 | **FILED**<br>LOS ANGELES SUPERIOR COURT |

TELEPHONE NO.: 213/977-0211        FAX NO. *(Optional):* 213/481-1554

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS: same as above

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Central

PLAINTIFF/PETITIONER: VERNON MAXWELL, et al.,

DEFENDANT/RESPONDENT: NATIONAL FOOTBALL LEAGUE, et al.,

**JUL 25 2011**

JOHN A. CLARKE, CLERK

BY ALISON ALBA, DEPUTY

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|
| ☐ Personal Injury, Property Damage, or Wrongful Death<br>  ☐ Motor Vehicle   ☐ Other<br>☐ Family Law   ☐ Eminent Domain<br>☒ Other *(specify)* : Products | BC 465842   **BY FAX**<br>D-51 |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) ☐ With prejudice   (2) ☒ Without prejudice
   b. (1) ☒ Complaint   (2) ☐ Petition
      (3) ☐ Cross-complaint filed by *(name):*                               on *(date):*
      (4) ☐ Cross-complaint filed by *(name):*                               on *(date):*
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☒ Other *(specify):* **As to Plaintiffs, Ottis Anderson and Wanda Anderson, his wife, ONLY**

2. *(Complete in all cases except family law cases.)*
   ☐ Court fees and costs were waived for a party in this case. *(This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed.)*

Date: July 22, 2011

THOMAS V. GIRARDI

(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.*

▶

(SIGNATURE)

Attorney or party without attorney for: Vernon Maxwell, et al.

☒ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross - complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

▶

(SIGNATURE)

Attorney or party without attorney for:

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross - Complainant

*(To be completed by clerk)*

4. ☐ Dismissal entered as requested on *(date):* JUL 25 2011
5. ☒ Dismissal entered on *(date):* JUL 25 2011 as to only *(name):* ABOVE
6. ☐ Dismissal not entered as requested for the following reasons *(specify):*

7. a. ☐ Attorney or party without attorney notified on *(date):*
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed ☐ means to return conformed copy

Date: JUL 25 2011        Clerk, by                    A. L. ALBA    Deputy

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. July 1, 2009]

**REQUEST FOR DISMISSAL**

Legal<br>Solutions<br>Plus

Code of Civil Procedure, § 581 et seq.;<br>Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390

Ex A_000108

FILED
LOS ANGELES SUPERIOR COURT

JUL 2 6 2011

JOHN A. CLARKE, CLERK

BY ALISON ALBA, DEPUTY

NOTICE SENT TO:

Luckasevic, Jason E.
Goldberg, Persky & White, P.C.
1030 Fifth Ave.
Pittsburgh          PA   15219-4127

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| VERNON MAXWELL ET AL          Plaintiff(s), VS. | BC465842 |
| NATIONAL FOOTBALL LEAGUE ET AL          Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for November 21, 2011 at 8:45 am in Dept. 51 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**      **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: July 26, 2011

Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ X ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[   ] by personally giving the party notice upon filing the complaint.

Date: July 26, 2011

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

Ex A_000109

51

CIV-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
THOMAS V. GIRARDI, SBN 36603
GIRARDI KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017-1904

11/21

TELEPHONE NO: 213/977-0211    FAX NO. (Optional): 213/481-1554
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFFS

FOR COURT USE ONLY

**FILED**
LOS ANGELES SUPERIOR COURT

AUG 2 9 2011

JOHN A. CLARKE, CLERK

BY ALISON ALBA, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

PLAINTIFF/PETITIONER: VERNON MAXWELL, et al.,

DEFENDANT/RESPONDENT: NATIONAL FOOTBALL LEAGUE, et al.,

**REQUEST FOR DISMISSAL**

☐ Personal Injury, Property Damage, or Wrongful Death
    ☐ Motor Vehicle   ☐ Other
☐ Family Law   ☐ Eminent Domain
☒ Other (specify) :

CASE NUMBER:
BC465842

D-51

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice  (2) ☒ Without prejudice
   b. (1) ☒ Complaint      (2) ☐ Petition
      (3) ☐ Cross-complaint filed by (name):                           on (date):
      (4) ☐ Cross-complaint filed by (name):                           on (date):
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☒ Other (specify):* **As to Plaintiffs BRETT ROMBERG AND EMILY ROMBERG ONLY**

2. (Complete in all cases except family law cases.)
   ☐ Court fees and costs were waived for a party in this case. (This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed.)

Date: August 29, 2011

THOMAS V. GIRARDI
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)
*If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶                                          (SIGNATURE)
Attorney or party without attorney for: Vernon Maxwell, et al.
☒ Plaintiff/Petitioner      ☐ Defendant/Respondent
☐ Cross - complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)
** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

                                           (SIGNATURE)
Attorney or party without attorney for:
☐ Plaintiff/Petitioner      ☐ Defendant/Respondent
☐ Cross - Complainant

(To be completed by clerk)
4. ☐ Dismissal entered as requested on (date):
5. ☒ Dismissal entered on (date): AUG 2 9 2011 as to only (name): above
6. ☐ Dismissal not entered as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
         ☐ a copy to be conformed    ☐ means to return conformed copy
   Date: AUG 2 9 2011           Clerk, by _____ A. L. ALBA, Deputy

Form Adopted for Mandatory use
Judicial Council of California
CIV-110 [Rev. July 1, 2009]

**REQUEST FOR DISMISSAL**

Page 1 of 2
Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390

Legal
Solutions
Plus

Ex A_000110

CIV-110

| PLAINTIFF/PETITIONER: VERNON MAXWELL, et al., | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: NATIONAL FOOTBALL LEAGUE, et al., | BC465842 |

### Declaration Concerning Waived Court Fees

The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for *(name):*

2. The person in item 1 *(check one):*
   a. ☐ is not recovering anything of value by this action.
   b. ☐ is recovering less than $10,000 in value by this action.
   c. ☐ is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____          ▶ _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)          (SIGNATURE)

Ex A_000111

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| THOMAS V. GIRARDI          SBN: 36603<br>GIRARDI AND KEESE<br>1126 WILSHIRE BLVD.  LOS ANGELES, CA 900170000 | |

TELEPHONE NO.: (213) 977-0211        FAX NO.(Optional):    (213) 481-1554
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): **Plaintiff**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**SEP 27 2011**

John A. Clark, Executive Officer/Clerk

By _____, Deputy
GEORIETTA ROBINSON

Los Angeles County Superior Court - Stanley Mosk
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

| PLAINTIFF/PETITIONER: MAXWELL, ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: NFL, ET AL. | BC465842   51 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:   2011211 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):*
      Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case
      Assignment; Voluntary Efficient Litigation Stipulations; Request for Dismissals

3. a. Party served *(specify name of party as shown on documents served):*
      **ALL AMERICAN SPORTS CORPORATION, D/B/A RIDDELL/ ALL AMERICAN**

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
      item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      **PAUL MATHEWS - MANAGING AGENT/AUTHORIZED TO ACCEPT SERVICE**

4. Address where the party was served:  CORPORATION SERVICE COMPANY
                                        2711 CENTERVILLE RD., # 400
                                        WILMINGTON, DE 19808

5. I served the party *(check proper box)*
   a. ☒ by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date):* 9/9/2011   (2) at *(time):* 3:30 PM

   b. ☐ by substituted service. On *(date):*  at  *(time):*  I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3b):*

      *(1)* ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the
         person to be served.  I informed him or her of the general nature of the papers.

      *(2)* ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
         abode of the party.  I informed him or her of the general nature of the papers.

      *(3)* ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
         address of the person to be served, other than a United States Postal Service post office box.  I informed him or
         her of the general nature of the papers.

      *(4)* ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
         place where the copies were left (Code Civ. Proc., §415.20).  I mailed the documents on
         *(date):*  from *(city):*                         or ☐ a declaration of mailing is attached.

      *(5)* ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/LA109081337 |
|---|---|---|

Ex A_000112

| PETITIONER: MAXWELL, ET AL. | CASE NUMBER: |
| RESPONDENT: NFL, ET AL. | BC465842 |

c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                    (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ by other means *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.
    b. ☐ as the person sued under the fictitious name of *(specify):*
    c. ☐ as occupant.
    d. ☒ On behalf of *(specify):* **ALL AMERICAN SPORTS CORPORATION, D/B/A RIDDELL/ ALL AMERICAN**
        under the following Code of Civil Procedure section:

| | | |
|---|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. Person who served papers
    a. Name: **Daniel Newcomb - Janney and Janney Attorney Service, Inc.**
    b. Address: **1545 Wilshire Blvd., #311 Los Angeles, CA 90017**
    c. Telephone number: **(213) 628-6338**
    d. The fee for service was: $ **145.10**
    e. I am:

        (1) ☒ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☐ registered California process server:
            (i) ☐ owner     ☐ employee     ☐ independent contractor.
            (ii) Registration No.:
            (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 9/14/2011

**Janney and Janney Attorney Service, Inc.**
**1545 Wilshire Blvd., #311**
**Los Angeles, CA 90017**
**(213) 628-6338**

_____          _____
    **Daniel Newcomb**                          (SIGNATURE)
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

Ex A_000113

POS-010

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>THOMAS V. GIRARDI                    SBN: 36603<br>GIRARDI AND KEESE<br>1126 WILSHIRE BLVD.  LOS ANGELES, CA 900170000 | |
| TELEPHONE NO.: (213) 977-0211        FAX NO.*(Optional)*:  (213) 481-1554<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:  Plaintiff: | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>SEP 27 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>GLORIETTA ROBINSON |

Los Angeles County Superior Court - Stanley Mosk

STREET ADDRESS: **111 N. Hill St.**

MAILING ADDRESS:

CITY AND ZIP CODE: **Los Angeles, CA 90012**

BRANCH NAME: **Central**

| | |
|---|---|
| PLAINTIFF/PETITIONER: MAXWELL, ET AL.<br><br>DEFENDANT/RESPONDENT: NFL, ET AL. | CASE NUMBER:<br>**BC465842** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**2011211** |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents)*:
       **Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location;Notice of Case Assignment; Voluntary Efficient Litigation Stipulations; Request for Dismissals**

3. a. Party served *(specify name of party as shown on documents served)*:
      **EASTON- BELL SPORTS, INC.**

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      **BECKY DeGEORGE - PERSON AUTHORIZED TO ACCEPT SERVICE**

4. Address where the party was served:  **CSC LAWYERS**
                                        **2730 GATEWAY OAKS DR., # 100**
                                        **SACRAMENTO, CA 95833**

5. I served the party *(check proper box)*

   a. ☒ by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 9/9/2011   (2) at *(time)*: 3:19 PM

   b. ☐ by substituted service. On *(date)*:  at  *(time)*:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:  from *(city)*:                         or ☐  a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/LA109081346 |

Ex A_000114

| PETITIONER: **MAXWELL, ET AL.** | CASE NUMBER: |
|---|---|
| RESPONDENT: **NFL, ET AL.** | BC465842 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                          (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* **EASTON- BELL SPORTS, INC.**
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                            ☐ other:

7. **Person who served papers**
  a. Name: **GARRY DICK - JANNEY & JANNEY ATTORNEY SERVICE**
  b. Address: **1545 WILSHIRE BLVD., STE 311  LOS ANGELES, CA 90017**
  c. Telephone number: **(213) 628-6338**
  d. The fee for service was: $ **168.00**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
      (i) ☐ owner   ☐ employee   ☒ **independent contractor.**
      (ii) Registration No.: **08-013**
      (iii) County: **PLACER**

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **9/14/2011**

**JANNEY & JANNEY ATTORNEY SERVICE**
**1545 WILSHIRE BLVD., STE 311**
**LOS ANGELES, CA 90017**
**(213) 628-6338**

**GARRY DICK**                      *(SIGNATURE)*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

Ex A_000115

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|

THOMAS V. GIRARDI    SBN: 36603
GIRARDI AND KEESE
1126 WILSHIRE BLVD.  LOS ANGELES, CA 900170000
TELEPHONE NO.: (213) 977-0211    FAX NO. (Optional): (213) 481-1554
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 27 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
GLORIETTA ROBINSON

Los Angeles County Superior Court - Stanley Mosk
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

| PLAINTIFF/PETITIONER: MAXWELL, ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: NFL, ET AL. | BC466842 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 2011211 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet (served in complex cases only)
   e. ☐ cross-complaint
   f. ☒ other (specify documents):
      Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location;Notice of Case Assignment; Voluntary Efficient Litigation Stipulations; Request for Dismissals
3. a. Party served (specify name of party as shown on documents served):
      **EASTON- BELL SPORTS, LLC.**

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
      **PAUL MATHEWS  - MANAGING AGENT/AUTHORIZED TO ACCEPT SERVICE**

4. Address where the party was served: CORPORATION SERVICE COMPANY
      2711 CENTERVILLE RD., # 400
      WILMINGTON, DE 19808
5. I served the party (check proper box)
   a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 9/9/2011   (2) at (time): 3:30 PM
   b. ☐ by substituted service. On (date): at (time): I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3b):
      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on (date): from (city): or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]    **PROOF OF SERVICE OF SUMMONS**    Page 1 of 2
Code of Civil Procedure, § 417.10
POS010-1/LA109081347

Ex A_000116

| PETITIONER: MAXWELL, ET AL. | CASE NUMBER: |
| --- | --- |
| RESPONDENT: NFL, ET AL. | BC466842 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                (2) *from (city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☒ On behalf of *(specify):* **EASTON- BELL SPORTS, LLC.**
    under the following Code of Civil Procedure section:

| | |
| --- | --- |
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☒ other: **LIMITED LIABILITY COMPANY** |

7. **Person who served papers**
  a. Name: **Daniel Newcomb - Janney and Janney Attorney Service, Inc.**
  b. Address: **1545 Wilshire Blvd., #311  Los Angeles, CA 90017**
  c. Telephone number: **(213) 628-6338**
  d. The fee for service was: **$ 76.50**
  e. I am:

    (1) ☒ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
        (i) ☐ owner      ☐ employee      ☐ independent contractor.
        (ii) Registration No.:
        (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **9/14/2011**

**Janney and Janney Attorney Service, Inc.**
**1545 Wilshire Blvd., #311**
**Los Angeles, CA 90017**
**(213) 628-6338**

_____**Daniel Newcomb**_____           _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)      (SIGNATURE)

Ex A_000117

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br>THOMAS V. GIRARDI       SBN: 36603<br>GIRARDI AND KEESE<br>1126 WILSHIRE BLVD.  LOS ANGELES, CA 900170000<br><br>    TELEPHONE NO.: (213) 977-0211      FAX NO. *(Optional):*  (213) 481-1554<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY |
|---|---|

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 27 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
GLORIETTA ROBINSON

| Los Angeles County Superior Court - Stanley Mosk |
|---|
| STREET ADDRESS: 111 N. Hill St. |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles, CA 90012 |
| BRANCH NAME: Central |

| PLAINTIFF/PETITIONER: MAXWELL, ET AL. |
|---|
| DEFENDANT/RESPONDENT: NFL, ET AL. |

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | BC465842 |
| | Ref. No. or File No.: 2011211 |

51

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):*
       Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location;Notice of Case Assignment; Voluntary Efficient Litigation Stipulations; Request for Dismissals

3. a. Party served *(specify name of party as shown on documents served):*
       EB SPORT CORP.
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
       PAUL MATHEWS - MANAGING AGENT/AUTHORIZED TO ACCEPT SERVICE

4. Address where the party was served: CORPORATION SERVICE COMPANY
                                2711 CENTERVILLE RD., # 400
                                WILMINGTON, DE 19808

5. I served the party *(check proper box)*
   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 9/9/2011    (2) at *(time):* 3:30 PM
   b. [ ] by substituted service. On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

       (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.
       (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
       (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.
       (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* or [ ] a declaration of mailing is attached.
       (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/LA109081348 |
|---|---|---|

Ex A_000118

| PETITIONER: MAXWELL, ET AL. | CASE NUMBER: |
|---|---|
| RESPONDENT: NFL, ET AL. | BC465842 |

c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*          (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ by other means *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☒ On behalf of *(specify):* EB SPORT CORP.
under the following Code of Civil Procedure section:

☒ 416.10 (corporation)      ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
☐ 416.50 (public entity)      ☐ 415.46 (occupant)
                                     ☐ other:

7. Person who served papers
a. Name: Daniel Newcomb - Janney and Janney Attorney Service, Inc.
b. Address: 1545 Wilshire Blvd., #311 Los Angeles, CA 90017
c. Telephone number: (213) 628-6338
d. The fee for service was: $ 76.50
e. I am:

(1) ☒ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☐ registered California process server:
     (i) ☐ owner    ☐ employee      ☐ independent contractor.
     (ii) Registration No.:
     (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 9/14/2011

Janney and Janney Attorney Service, Inc.
1545 Wilshire Blvd., #311
Los Angeles, CA 90017
(213) 628-6338

_____        _____
Daniel Newcomb
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

Ex A_000119

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| THOMAS V. GIRARDI       SBN: 36603 | |

GIRARDI AND KEESE
1126 WILSHIRE BLVD.  LOS ANGELES, CA 900170000

TELEPHONE NO.: (213) 977-0211     FAX NO.(Optional): (213) 481-1554
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff

**FILED**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 27 2011

John A. Clar...
By _____
GLINNY T. ROBINSON

Los Angeles County Superior Court - Stanley Mosk
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

PLAINTIFF/PETITIONER: MAXWELL, ET AL.

DEFENDANT/RESPONDENT: NFL, ET AL.

| CASE NUMBER: |
|---|
| BC465842 |

| | Ref. No. or File No.: |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | · 2011211 |

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet (served in complex cases only)
   e. [ ] cross-complaint
   f. [X] other (specify documents):
      Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location;Notice of Case Assignment; Voluntary Efficient Litigation Stipulations; Request for Dismissals

3. a. Party served (specify name of party as shown on documents served):
   **NATIONAL FOOTBALL LEAGUE**

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
      **DOUG PAOLETTI - PERSON AUTHORIZED TO ACCEPT SERVICE**

4. Address where the party was served: **NFL HEADQUARTERS**
   **280 PARK AVE**
   **NEW YORK, NY 10017**

5. I served the party (check proper box)
   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 9/12/2011  (2) at (time): 4:33 PM

   b. [ ] by substituted service. On (date): at (time): I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3b):

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on (date): from (city): or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|
| Judicial Council of California | | POS010-1/LA109081325 |
| POS-010 [Rev. January 1, 2007] | | |

Ex A_000120

| PETITIONER: **MAXWELL, ET AL.** | CASE NUMBER: |
| RESPONDENT: **NFL, ET AL.** | BC465842 |

c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ by other means *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* **NATIONAL FOOTBALL LEAGUE**
     under the following Code of Civil Procedure section:

     ☒ 416.10 (corporation)      ☐ 415.95 (business organization, form unknown)
     ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
     ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
     ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
     ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                                ☐ other:

7. Person who served papers
  a. Name: **GERALD MURRAY - JANNEY AND JANNEY ATTORNEY SERVICE, INC.**
  b. Address: **1545 WILSHIRE BLVD., #311 LOS ANGELES, CA 90017**
  c. Telephone number: **(213) 628-6338**
  d. The fee for service was: **$ 329.38**
  e. I am:

    (1) ☒ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
      (i) ☐ owner  ☐ employee    ☐ independent contractor.
      (ii) Registration No.: LIC# 0872285
      (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **9/14/2011**

**JANNEY AND JANNEY ATTORNEY SERVICE, INC.**
**1545 WILSHIRE BLVD., #311**
**LOS ANGELES, CA 90017**
**(213) 628-6338**

       **GERALD MURRAY**                              (SIGNATURE)
   (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

Ex A_000121

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number, and address)* | FOR COURT USE ONLY |
|---|---|
| THOMAS V. GIRARDI    SBN: 36603 GIRARDI AND KEESE 1126 WILSHIRE BLVD.  LOS ANGELES, CA 900170000 | **FILED** |

TELEPHONE NO.: (213) 977-0211    FAX NO. *(Optional):* (213) 481-1554
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 27 2011

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
GLORIETTA ROBINSON

Los Angeles County Superior Court - Stanley Mosk
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

| PLAINTIFF/PETITIONER: MAXWELL, ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: NFL, ET AL. | BC465842   $S1$ |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 2011211 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):*
      Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location;Notice of Case Assignment; Voluntary Efficient Litigation Stipulations; Request for Dismissals
3. a.  Party served *(specify name of party as shown on documents served):*
      **NFL PROPERTIES, LLC.**

   b. [X]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      **SCOTT LaSCALA - MANAGING AGENT/AUTHORIZED TO ACCEPT SERVICE**
4. Address where the party was served:  CORPORATION TRUST CENTER
                                         1209 ORANGE ST.
                                         WILMINGTON, DE 19801
5. I served the party *(check proper box)*
   a. [X]  by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 9/9/2011    (2) at *(time):* 2:50 PM
   b. [ ]  by substituted service. On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      *(1)* [ ]  (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      *(2)* [ ]  (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      *(3)* [ ]  (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      *(4)* [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*                          or [ ] a declaration of mailing is attached.

      *(5)* [ ]  I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/LA109081329

Ex A_000122

| PETITIONER: MAXWELL, ET AL. | CASE NUMBER: |
| RESPONDENT: NFL, ET AL. | BC465842 |

c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                 (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ by other means *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* NFL PROPERTIES, LLC.
     under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☒ other: LIMITED LIABILITY COMPANY |

7. Person who served papers
  a. Name: Daniel Newcomb - Janney and Janney Attorney Service, Inc.
  b. Address: 1545 Wilshire Blvd., #311  Los Angeles, CA 90017
  c. Telephone number: (213) 628-6338
  d. The fee for service was: $ 276.50
  e. I am:
    (1) ☒ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
      (i) ☐ owner     ☐ employee     ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 9/14/2011

Janney and Janney Attorney Service, Inc.
1545 Wilshire Blvd., #311
Los Angeles, CA 90017
(213) 628-6338

_____       _____
      Daniel Newcomb
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)             (SIGNATURE)

Ex A_000123

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| THOMAS V. GIRARDI  SBN: 36603  GIRARDI AND KEESE  1126 WILSHIRE BLVD.  LOS ANGELES, CA 900170000 | |

TELEPHONE NO.: (213) 977-0211  FAX NO. *(Optional):* (213) 481-1554
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff

**FILED**
**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

**SEP 27 2011**

John A. Clarke, Executive Officer/Clerk
By _____, Deput
GLORIETTA ROBINSON

Los Angeles County Superior Court - Stanley Mosk
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

| PLAINTIFF/PETITIONER: MAXWELL, ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: NFL, ET AL. | BC466842 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 2011211 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):*
      Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location;Notice of Case
      Assignment; Voluntary Efficient Litigation Stipulations; Request for Dismissals

3. a.  Party served *(specify name of party as shown on documents served):*
      **RBG HOLDINGS CORP.**

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
      item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      **PAUL MATHEWS - MANAGING AGENT/AUTHORIZED TO ACCEPT SERVICE**

4. Address where the party was served: **CORPORATION SERVICE CO.**
      **2711 CENTERVILLE RD., #400**
      **WILMINGTON, DE 19808**

5. I served the party *(check proper box)*
   a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date):* 9/13/2011    (2) at *(time):* 3:45 PM

   b. ☐ by substituted service. On *(date):* at *(time):* I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3b):*

      *(1)* ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the
         person to be served. I informed him or her of the general nature of the papers.

      *(2)* ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
         abode of the party. I informed him or her of the general nature of the papers.

      *(3)* ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
         address of the person to be served, other than a United States Postal Service post office box. I informed him or
         her of the general nature of the papers.

      *(4)* ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
         place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
         *(date):* from *(city):*                                    or ☐ a declaration of mailing is attached.

      *(5)* ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
POS010-1/LA109081349

Ex A_000124

| PETITIONER: MAXWELL, ET AL. | CASE NUMBER: |
|---|---|
| RESPONDENT: NFL, ET AL. | BC465842 |

c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid.

    (1) on *(date):*          (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ by other means *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☒ On behalf of *(specify):* **RBG HOLDINGS CORP.**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. Person who served papers
  a. Name: **Daniel Newcomb - Janney and Janney Attorney Service, Inc.**
  b. Address: **1545 Wilshire Blvd., #311 Los Angeles, CA 90017**
  c. Telephone number: **(213) 628-6338**
  d. The fee for service was: $ 326.50
  e. I am:

    (1) ☒ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
      (i) ☐ owner     ☐ employee     ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

    Date: **9/14/2011**

**Janney and Janney Attorney Service, Inc.**
**1545 Wilshire Blvd., #311**
**Los Angeles, CA 90017**
**(213) 628-6338**

_____
**Daniel Newcomb**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

Ex A_000125

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| THOMAS V. GIRARDI         SBN: 36603<br>GIRARDI AND KEESE<br>1126 WILSHIRE BLVD.  LOS ANGELES, CA 900170000<br><br>TELEPHONE NO: (213) 977-0211    FAX NO.(Optional):  (213) 481-1554<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):  Plaintiff; | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>**SEP 27 2011**<br><br>John A. Clarke, executive Officer/Clerk<br>By_____, Deputy<br>GLORIETTA ROBINSON |

Los Angeles County Superior Court - Stanley Mosk
    STREET ADDRESS: 111 N. Hill St.
    MAILING ADDRESS:
    CITY AND ZIP CODE: Los Angeles, CA 90012
    BRANCH NAME: Central

| PLAINTIFF/PETITIONER: MAXWELL, ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: NFL, ET AL. | BC465842  51 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:  2011211 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):*
       Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case
       Assignment; Voluntary Efficient Litigation Stipulations; Request for Dismissals

3. a. Party served *(specify name of party as shown on documents served):*
       RIDDELL, INC., D/B/A RIDDELL SPORTS GROUP, INC.

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
       item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
       DEANNA DILLON - PERSON AUTHORIZED TO ACCEPT SERVICE

4. Address where the party was served:  ILLINOIS CORPORATION SERVICE
                                 801 ADLAI STEVENSON DR.
                                 SPRINGFIELD, IL 62703

5. I served the party *(check proper box)*
   a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
       receive service of process for the party (1) on *(date):* 9/12/2011   (2) at *(time):* 2:20 PM
   b. ☐ by substituted service. On *(date):* at *(time):* I left the documents listed in item 2 with or
       in the presence of *(name and title or relationship to person indicated in item 3b):*

       *(1)* ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the
                person to be served. I informed him of her of the general nature of the papers.

       *(2)* ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
                abode of the party. I informed him or her of the general nature of the papers.

       *(3)* ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
                address of the person to be served, other than a United States Postal Service post office box. I informed him of
                her of the general nature of the papers.

       *(4)* ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
                place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
                *(date):* from *(city):*             or ☐ a declaration of mailing is attached.

       *(5)* ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10<br>POS010-1/LA109081335A

Ex A_000126

| PETITIONER: **MAXWELL, ET AL.** | CASE NUMBER: |
| RESPONDENT: **NFL, ET AL.** | BC465842 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                       (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐   Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☒ On behalf of *(specify):* **RIDDELL, INC., D/B/A RIDDELL SPORTS GROUP, INC.**
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)              ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)              ☐ 415.46 (occupant)
                                  ☐ other:

7. **Person who served papers**
    a. Name: **GREG WILLING - JANNEY AND JANNEY ATTORNEY SERVICE, INC.**
    b. Address: **1545 WILSHIRE BLVD., #311 LOS ANGELES, CA 90017**
    c. Telephone number: **(213) 628-6338**
    d. The fee for service was: **$ 276.50**
    e. I am:

        (1) ☒ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☐ registered California process server:
            (i) ☐ owner     ☐ employee     ☐ independent contractor.
            (ii) Registration No.: 129-261847
            (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

    Date: **9/14/2011**

**JANNEY AND JANNEY ATTORNEY SERVICE, INC.**
**1545 WILSHIRE BLVD., #311**
**LOS ANGELES, CA 90017**
**(213) 628-6338**

        **GREG WILLING**                                           
      (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)             (SIGNATURE)

        **PROOF OF SERVICE OF SUMMONS**         

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| THOMAS V. GIRARDI  SBN: 36603<br>GIRARDI AND KEESE<br>1126 WILSHIRE BLVD. LOS ANGELES, CA 900170000<br> TELEPHONE NO.: (213) 977-0211  FAX NO. *(Optional):* (213) 481-1554<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff: | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>SEP 27 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>GLORIETTA ROBINSON |

Los Angeles County Superior Court - Stanley Mosk

STREET ADDRESS: 111 N. Hill St.

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Central

| PLAINTIFF/PETITIONER: MAXWELL, ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: NFL, ET AL. | BC465842 *51* |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 2011211 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. [X] summons
   - b. [X] complaint
   - c. [X] Alternative Dispute Resolution (ADR) package
   - d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   - e. [ ] cross-complaint
   - f. [X] other *(specify documents):*
     Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; Voluntary Efficient Litigation Stipulations; Request for Dismissals
3. a. Party served *(specify name of party as shown on documents served):*
   RIDDELL, INC., D/B/A RIDDELL SPORTS GROUP, INC.

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   DEANNA DILLON - PERSON AUTHORIZED TO ACCEPT SERVICE
4. Address where the party was served: ILLINOIS CORPORATION SERVICE
     801 ADLAI STEVENSON DR.
     SPRINGFIELD, IL 62703
5. I served the party *(check proper box)*
   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 9/12/2011 (2) at *(time):* 2:20 PM
   b. [ ] by substituted service. On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
      - *(1)* [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      - *(2)* [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      - *(3)* [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      - *(4)* [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* or [ ] a declaration of mailing is attached.
      - *(5)* [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10
POS010-1/LA109081335A

Ex A_000128

| PETITIONER: MAXWELL, ET AL. | CASE NUMBER: |
|---|---|
| RESPONDENT: NFL, ET AL. | BC465842 |

c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date):               (2) from (city):

    (3) ☐ with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ by other means (specify means of service and authorizing code section):

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of (specify):

c. ☐ as occupant.

d. ☒ On behalf of (specify): RIDDELL, INC., D/B/A RIDDELL SPORTS GROUP, INC.
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)             ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)             ☐ 415.46 (occupant)

                                            ☐ other:

7. Person who served papers

    a. Name: GREG WILLING - JANNEY AND JANNEY ATTORNEY SERVICE, INC.

    b. Address: 1545 WILSHIRE BLVD., #311  LOS ANGELES, CA 90017

    c. Telephone number: (213) 628-6338

    d. The fee for service was: $ 276.50

    e. I am:

        (1) ☒ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☐ registered California process server:

            (i) ☐ owner      ☐ employee     ☐ independent contractor.

            (ii) Registration No.: 129-261847

            (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

    Date: 9/14/2011

**jj**

**JANNEY AND JANNEY ATTORNEY SERVICE, INC.**
**1545 WILSHIRE BLVD., #311**
**LOS ANGELES, CA 90017**
**(213) 628-6338**

_____        _____
     GREG WILLING                          (SIGNATURE)
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

POS-010 [Rev January 1, 2007]         **PROOF OF SERVICE OF SUMMONS**         Page 2 of 2
                                                  POS-010/LA109081335A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA


### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY


This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV11- 8394 R (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.


Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.


**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]** **Western Division** 312 N. Spring St., Rm. G-8 Los Angeles, CA 90012 | **[ ]** **Southern Division** 411 West Fourth St., Rm. 1-053 Santa Ana, CA 92701-4516 | **[ ]** **Eastern Division** 3470 Twelfth St., Rm. 134 Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

VERNON MAXWELL, et al. (See attachment)

**DEFENDANTS**

NATIONAL FOOTBALL LEAGUE, et al. (See attachment)

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

(See attachment)

Attorneys (If Known)

(See attachment)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** $25,000+ (according to proof)

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
(See attachment)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☑ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | |
| | ☐ 290 All Other Real Property | |

CV11-08394

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): **(Please see separately filed Notice of Related Cases regarding cases being removed concurrently with this case.)**

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| (See attachment) | (See attachment) |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| (See attachment) | (See attachment) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | (See attachment) |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):    Date  October 11, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

*Attachment to Civil Cover Sheet for Maxwell, et al. v. National Football League, et al.*

<u>Section I:</u>

| PLAINTIFFS | DEFENDANTS |
|---|---|
| VERNON MAXWELL; BRODERICK JONES; KENDALL WILLIAMS and INGRID WILLIAMS, his wife; MIKE C. RICHARDSON; RENARD YOUNG and VANESSA YOUNG, his wife; LONZELL HILL and LANITA HILL, his wife; GEORGE VISGER and KRISTIE VISGER, his wife; TERRY WRIGHT; NEWTON WILLIAMS; DUANE GALLOWAY; GEORGE JAMISON and ARNELLA JAMISON, his wife; BRYAN HOOKS; FRED McNEILL and TIA McNEILL, his wife; REGINALD ROGERS, SR.; MELVIN JENKINS and JAVONI JENKINS, his wife; ANTONIO GIBSON and BETTY GIBSON, his wife; ALVIN MOORE and ODETTA MOORE, his wife; LYVONIA A. MITCHELL; KIRK CAMERON JONES; JAMES E. ROBBINS and SHANEETA ROBBINS, his wife; ROBERT J. FREDRICKSON and BARBARA FREDRICKSON, his wife; CHARLES E. MILLER; EDWARD P. LEE and SUSAN LEE, his wife; PATRICK HEENAN and SHARRON HEENAN, his wife; TOBY L. WRIGHT; KELLY KIRCHBAUM; JAMES HOOD and BONITA HOOD, his wife; RICHARD MERCIER and YADIRA MERCIER, his wife; BRETT ROMBERG and EMILY ROMBERG, his wife; STEVE KORTE and KARELIS KORTE, his wife; JOE HARRIS and LYDIA HARRIS, his wife; RODNEY HAMPTON and ANDETRIA HAMPTON, his wife; LEWIS D. TILLMAN and KATHY TILLMAN, his wife; LARRY KAMINSKI and LINDA KAMINSKI, his wife; DAVID KOCOUREK and MARY LEE KOCOUREK, his wife; ROBERT WEATHERS and DENISE WEATHERS, his wife; WAYNE HAWKINS and SHARON HAWKINS, his wife; ANTHONY HARGAIN; EDWARD PAYTON and RICA PAYTON, his wife; WILLIAM H. MANDLEY and TERESA MANDLEY, his wife; SHANTE CARVER; GEORGE | NATIONAL FOOTBALL LEAGUE; NFL PROPERTIES LLC; RIDDELL, INC. d/b/a RIDDELL SPORTS GROUP, INC.; ALL AMERICAN SPORTS CORPORATION, d/b/a RIDDELL/ALL AMERICAN; RIDDELL SPORTS GROUP, INC.; EASTON-BELL SPORTS, INC.; EASTON-BELL SPORTS, LLC; EB SPORTS CORP.; and RBG HOLDINGS CORP. |

GOEDDEKE and GENEVA GOEDDEKE, his
wife; JAMES MICHAEL SCHNITKER and
BEVERLEE SCHNITKER, his wife;
CHRISTOPHER CALLOWAY; THOMAS C.
RANDOLPH, II and EVELYN RANDOLPH,
his wife; GARY JONES and TINA JONES, his
wife; OTTIS ANDERSON and WANDA
ANDERSON, his wife; LEONARD RUSSELL
and TASHA RUSSELL, his wife; RORY
GRAVES; DAVID M. WHITE and MONICA
WHITE, his wife; PHILIP SMITH and GAIL
SMITH; W. VERNON DEAN; ANTHONY
COVINGTON; ANTHONY JONES and
VALERIE JONES, his wife; STEVE REESE
and MARILYN REESE, his wife; DONALD
BESSELLIEU; HAROLD L. JACKSON and
CAROLYN JACKSON, his wife; TODD
JOHNSON and SHANNON JOHNSON,
his wife; CHRIS GOODE; BRUCE WALKER and
VANISHA WALKER, his wife; DERRICK S.
REYNOLDS; DAVID LEWIS and BONNIE
LEWIS, his wife; RONNIE LIPPETT and
SHERYL LIPPETT, his wife; ROLAND
JAMES and CARMEL JAMES, his wife;
MARK S. DUPER; BRIAN INGRAM and
SARCA INGRAM, his wife; ANTHONY
COLLINS and TRUDY COLLINS, his wife;
STEVE NELSON and ANGELA NELSON, his
wife; JAMES E. WILLIS and SHALANE
WILLIS, his wife; ANTHONY HANCOCK and
PAULA HANCOCK, his wife; JEFF BURRIS;
WILLIAM C. BRADLEY and SUSAN
BRADLEY, his wife; KERRY GOODE and
TANJA GOODE, his wife; RAYMOND
CLAYBORN and KIMBERLEY CLAYBORN,
his wife: STEVEN ZABEL and SUSAN
ZABEL, his wife.

| *Attorneys for Plaintiffs:* | *Attorneys for Defendants National Football League and NFL Properties LLC:* |
|---|---|
| GIRARDI \| KEESE<br>THOMAS V. GIRARDI<br>1126 Wilshire Boulevard<br>Los Angeles, CA  90017<br>Telephone:    (213) 977-0211<br>Facsimile:    (213) 481-1554<br><br>RUSSOMANNO & BORRELLO, P.A.<br>HERMAN RUSSOMANNO<br>ROBERT BORRELLO<br>150 West Flagler Street - PH 2800<br>Miami, FL  33130<br>Telephone:    (305) 373-2101<br>Facsimile:    (305) 373-2103<br><br>GOLDBERG, PERSKY & WHITE, P.C.<br>JASON E. LUCKASEVIC<br>1030 Fifth Avenue<br>Pittsburgh, PA  15219<br>Telephone:    (412) 471-3980<br>Facsimile:    (412) 471-8308 | MUNGER, TOLLES & OLSON LLP<br>RONALD L. OLSON<br>JOHN M. RAPPAPORT<br>355 South Grand Avenue, Thirty-Fifth Floor<br>Los Angeles, CA  90071-1560<br>Telephone:    (213) 683-9100<br>Facsimile:    (213) 687-3702<br><br>*(Pro Hac Vice applications to be filed)*<br>PAUL, WEISS, RIFKIND, WHARTON &<br>   GARRISON LLP<br>BRAD S. KARP<br>THEODORE V. WELLS, JR.<br>LYNN B. BAYARD<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Telephone:    (212) 373-3000<br>Facsimile:    (212) 757-3990 |

<u>Section VI:</u>

United States Civil Statute:  Labor Management Relations Act, 29 U.S.C. § 141, *et seq.*;  suit for negligence, "negligence-monopolist," fraud and loss of consortium against the National Football League and NFL Properties LLC, arising from and/or substantially dependent on collective bargaining agreements.

<u>Section IX:</u>

| a.  **Plaintiffs:** | |
|---|---|
| *California Counties:* | *States other than California* |
| Contra Costa<br>Los Angeles<br>Riverside<br>Sacramento | Alabama          Mississippi<br>Arizona          Nevada<br>Colorado          New Jersey<br>Florida          New York<br>Georgia          North Carolina<br>Indiana          Ohio<br>Kentucky          Pennsylvania<br>Louisiana          Tennessee<br>Maryland          Texas<br>Massachusetts          Virginia<br>Michigan          Washington |

## b. Defendants:

Plaintiffs allege that Defendants reside as follows:

National Football League is an unincorporated association with its headquarters located in the State of New York. The National Football League regularly conducts business in California.

NFL Properties, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its headquarters in the State of New York. NFL Properties, LLC regularly conducts business in California.

Riddell, Inc. (*d/b/a* Riddell Sports Group, Inc.) is a corporation organized and existing under the laws of the State of Illinois. Riddell, Inc. regularly conducts business in California.

All American Sports Corporation, d/b/a Riddell/All American, is a corporation organized and existing under the laws of the State of Delaware. All American Sports Corporation regularly conducts business in California.

Riddell Sports Group, Inc. is a Delaware corporation with its principal place of business in Texas. Riddell Sports Group, Inc. regularly conducts business in California.

Easton-Bell Sports, Inc. is a California corporation, incorporated in Delaware with a principal place of business in California.

Easton-Bell Sports, LLC is incorporated in Delaware, with a principal place of business in New York. Easton-Bell Sports, LLC regularly conducts business in California.

EB Sports Corp. is a Delaware corporation with its principal place of business in California.

RBG Holdings Corp. is a Delaware corporation with its principal place of business in California.

## c. Claims

On information and belief, as of this time, and based on the allegations set forth in the Complaint, all of the claims against the National Football League and NFL Properties LLC arose in New York, and possibly other states.