IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | ) No 12-md-2323-AB ) ) MDL No. 2323 ) |
| THIS DOCUMENT RELATES TO ALL ACTIONS AGAINST THE RIDDELL DEFENDANTS SEVERED BY THIS COURT'S DECEMBER 1, 2015 ORDER | ) ) ) ) ) ) |

**BRIEF IN SUPPORT OF MOTION FOR
RECONSIDERATION AND STAY OF DECEMBER 1, 2015 ORDER**

Plaintiffs represented by the undersigned counsel ("Movants"),[1] argue in support of their Motion for Reconsideration and Stay of this Court's December 1, 2015 Order (ECF No. 6706) (the "Severance Order"), as follows:

**Introduction**

On December 1, 2015 this Court entered the Severance Order, granting the August 30, 2012 Motion to Sever (ECF No. 3593) of the "Riddell Defendants" (as defined in the Severance Order), severing all claims against the Riddell Defendants and requiring Plaintiffs who have asserted such claims to file individual Severed Complaints and to pay an additional filing fee of $400 each. The Riddell Defendants' Motion to Dismiss all of the same claims (ECF No. 3592), also filed on August 30, 2012, remains pending.

---

[1] Movants are identified with particularity in a schedule attached as Exhibit A to their Motion for Reconsideration and Stay.

1

Movants, who comprise a substantial majority of the Plaintiffs who have asserted claims against the Riddell Defendants, have filed contemporaneously herewith a Motion to Remand Severed Riddell Actions for Lack of Subject Matter Jurisdiction on the grounds that (i) this Court's implicit acceptance of the Riddell Defendants' contention that the severed claims were misjoined, and (ii) the severance of those claims into separate actions, are incompatible with the exercise of supplemental jurisdiction under 28 U.S.C. § 1367.

In their present Motion for Reconsideration and Stay, Movants request reconsideration of the provision of the Severance Order requiring payment of additional filing fees; stay of the Severance Order pending rulings on the Riddell Defendants' Motion to Dismiss and Movants Motion to Remand; and modification of the Severance Order to permit a single filing of papers that pertain to all of the severed actions.

## Argument

**1. Reconsideration of Filing Fee Requirement.**

Paragraph 9 of the Severance Order requires each Movant who does not wish his claims against the Riddell Defendants to be dismissed with prejudice to pay an additional filing fee of $400. Movants contend that exacting such a fee in an already-pending action is not authorized by the applicable statute.[2]

28 U.S.C. § 1914 provides that:

---

[2] Movants note that this Court previously held that an additional filing fee is required under 28 U.S.C. § 1914(a) upon severance of an action. *See In re Diet Drugs*, 325 F. Supp.2d 540 (E.D. Pa. 2004). Movants submit that, for the reasons set forth below, the *Diet Drugs* case was erroneously decided.

> The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee . . . .

Movants contend that it is clear that, in complying with this Court's direction to facilitate the ministerial task of transferring their existing severed actions to new docket numbers, Movants will not be "instituting" any civil actions, suit or proceeding.

In common parlance, to "institute" means to "commence". *See, e.g.*, Black's Law Dictionary (7th ed. 1999) (defining "institute" as "[t]o begin or start; commence"). But Movants' actions against the Riddell Defendants were commenced years ago; and the essential effect of severance is to *continue* them as separate actions, rather than to start them over.

Federal courts, including the Third Circuit, have consistently recognized that a severed action is continued rather than recommenced. *See, e.g.*, *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209 n.5 (3d Cir. 2009) ("When a court 'severs' a claim against a defendant under Fed.R.Civ.P. 21, the suit simply continues against the defendant in another guise."); *Taylor v. Brown*, 787 F.3d 851, 856 (7th Cir. 2015) ("A newly severed case does not spring into existence *ex nihilo;* it's more like a fork in a stream, and events that occurred pre-severance are logically common to both cases.");[3] *Lee v. Cook County, Ill.*, 635 F.3d 969, 971 (7th Cir. 2011) ("When a federal civil action is severed, it is not dismissed. Instead, the clerk of court creates multiple docket numbers for the action already on file, and the severed claims proceed as if suits had been filed separately."); *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000 (Posner, J.) ("As

---

[3] The district court in Taylor held that an *in forma pauperis* prisoner-plaintiff would be required to pay an additional filing fee on a severed claim, and the plaintiff did not challenge that aspect of the court's holding on appeal. Taylor and other prisoner cases are distinguishable, however, because of the policy mandating full payment of fees by *in forma pauperis* prisoner-plaintiffs under the Prisoner Litigation Reform Act, codified at 28 U.S.C. § 1915. *See generally Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004).

an offshoot of the original suit, Elmore's separate, severed suit . . . . would have been a continuation of the original suit so far as he was concerned.").[4]

Because filing of Severed Complaints cannot commence or "institute" the already-existing severed actions, requiring payment of a case-opening is not authorized under 28 U.S.C. § 1914.  Accordingly, this Court should reconsider that aspect of the Severance Order, and should strike ¶ 9 thereof.

**2. Stay Pending Ruling on Riddell Defendants' Motion to Dismiss.**

Although Movants believe that the Riddell Defendants' Motion to Dismiss is patently lacking in merit, they nevertheless contend that this Court should dispose of that long-pending motion prior to imposing substantial burdens on Movants under the Severance Order.  If this Court were to grant the Motion to Dismiss, the processing of hundreds of Severed Complaints with associated case opening documents would prove to have been wasted effort; and the imposition of a $400 fee prior to dismissal for each of the affected Movants would seem manifestly unfair.

Moreover, there is no apparent reason that the severance and re-docketing – which has already been delayed over three years – must be accomplished prior to disposition of the Motion to Dismiss.  Accordingly, Movants submit that this Court should stay the Severance Order pending determination of the Motion to Dismiss.

---

[4] *Cf. DirecTV, Inc. v. Leto*, 467 F.3d 842, 846 (3d Cir. 2006) (characterizing *Elmore* as holding that "[t]he district court . . . should have severed the claim and allowed it "to ***continue*** as a separate suit") (emphasis added).  In *DirecTV*, the district court required the plaintiff, which had misjoined claims against multiple defendants, to pay additional filing fees in severed actions. The Plaintiff did not challenge this requirement on appeal, and the Court of Appeals did not address the issue.

### 3. Stay Pending Ruling on Movants' Motion to Remand.

Movants have filed a Motion to Remand Severed Riddell Actions for Lack of Subject Matter Jurisdiction, which raises at least a substantial question as to whether this Court has jurisdiction to adjudicate the severed claims.  It is a fundamental principle of constitutional law that a federal court presented with a substantial question as to the existence of subject matter jurisdiction must resolve that question before proceeding further.

> The initial inquiry in any suit filed in federal court must be whether the federal court possesses subject-matter jurisdiction." *Rice v. Rice Foundation,* 610 F.2d 471, 474 (7th Cir.1979). *See also Leroy v. Great Western United Corp.,* 443 U.S. 173, 180 (1979) (subject-matter jurisdiction is "fundamentally preliminary" issue).

*Com. of Pa., Dep't of Pub. Welfare v. Markiewicz*, 930 F.2d 262, 266 (3d Cir. 1991) (parallel citations omitted).  *See also, e.g.*, *Douglas v. Ashcroft*, 374 F.3d 230, 234 (3d Cir. 2004) ("each court must first satisfy itself of its own jurisdiction").  "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998), quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382 (1884) (parallel citations omitted).

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co.*, 523 U.S. at 94, quoting *Ex parte McCardle,* 7 Wall. 506, 514, 19 L.Ed. 264 (1868).

Accordingly, Movants suggest that this Court should rule upon their Motion to Remand prior to opening separate docket numbers for the severed actions and prior to undertaking any further proceedings therein; and to that end this Court should stay the Severance Order.

### 4. Modification to Permit Single Filing of Papers pertaining to all severed actions.

Movants anticipate that there will be several hundred Severed Complaints filed pursuant to the Severance Order. Movants also anticipate that there is likely to be motions practice and/or other filings common to all of the Severed Complaints.

In the interest of the efficient administration of justice, Plaintiffs suggest that this Court should create a common docket for filing of papers that pertain to all of the severed actions. Otherwise, it is very likely that the time and good offices of the parties and the Court will be unduly consumed with the filing of identical motions, briefs, orders, etc. across hundreds of separate dockets.

### Conclusion

For the foregoing reasons, this Court should grant the relief requested in Movants' Motion for Reconsideration and Stay.

Dated: January 18, 2016                                    Respectfully Submitted,


By: /s/ *Jason E. Luckasevic*
GOLDBERG, PERSKY & WHITE, P.C.
Jason E. Luckasevic
PA ID #No. 85557
Jason T. Shipp
PA ID #No. 87471
11 Stanwix Street, Suite 1800
Pittsburgh, PA 15222
Telephone: (412) 471-3980
Facsimile: (412) 471-8308

GIRARDI KEESE
Thomas Girardi
Christopher Aumais
Nicole Devanon
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 977-0211

Facsimile:  (213)481-1554

RUSSOMANNO & BORRELLO, P.A.
Herman J. Russomanno
Robert J. Borrello
150 West Flagler Street - PH 2800
Miami, FL 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served upon all counsel of record via the CM/ECF system, this 18th day of January, 2016

*/s/ Jason E. Luckasevic*
Jason E. Luckasevic, Esquire

Counsel for Plaintiff