# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB <br><br> MDL No. 2323 |
| THIS DOCUMENT RELATES TO: <br> MAXWELL v. NFL, et al.         12-cv-1023 <br> PEAR v. NFL, et al.            12-cv-1025 <br> MONK v. NFL, et al.            12-cv-3533 <br> HENDERSON v. NFL, et al.       12-cv-3534 <br> KUECHENBERG v. NFL, et al.     12-cv-3535 <br> BAUMAN v. NFL, et al.          12-cv-4576 <br> BAILEY v. NFL, et al.          12-cv-5372 <br> SWEET v. NFL, et al.           12-cv-7214 <br> DUCKWORTH v. NFL              13-cv-4231 <br> JANI v. NFL                   14-cv-2064 <br> ABDULLAH v. NFL, et al.        12-cv-8055 <br> ADAMS v. NFL, et al.           13-cv-8763 <br> ALLEN v. NFL, et al.           13-cv-6102 <br> ANDREWS v. NFL, et al.         12-cv-5633 <br> BAGGS v. NFL, et al.           13-cv-5691 <br> BALLARD v. NFL, et al.         13-cv-2273 | Hon. Anita B. Brody |

## RIDDELL DEFENDANTS' RESPONSE TO THE PLAINTIFFS' MOTIONS TO SCHEDULE RULE 16 PRETRIAL CONFERENCE (ECF NOS. 6753 & 6754)

The Riddell defendants[1] respond to the two motions filed by plaintiffs in the above-listed cases asking the Court to schedule a Rule 16 pretrial conference "with counsel for Plaintiffs and the Riddell Defendants" (ECF Nos. 6753 & 6754). The plaintiffs don't identify either the scope of what they would hope to accomplish during a pretrial conference or any agenda for it, nor do they explain why they believe such a conference would "expedite the disposition of these

---

[1] Collectively, Riddell, Inc., defendants All-American Sports Corporation, Riddell Sports Group, Inc., Easton-Bell Sports, Inc., Easton-Bell Sports, LLC, EB Sports Corp., and RBG Holdings Corp.

actions."[2] Regardless, while the Court obviously has the authority to convene a pretrial conference for various purposes,[3] the Riddell defendants believe that a Rule 16(a) pretrial conference would not be helpful at this time and would instead be premature and inappropriate in light of several factors.

First, the Court and the parties are still awaiting the Third Circuit's decision in *In re National Football League Players Concussion Injury Litigation*, No. 14-8103. The outcome of that appeal will likely bear on decisions to be made concerning how this litigation can and should proceed. Thus, convening a Rule 16(a) pretrial conference prior to the Court having the benefit of the Third Circuit's ruling would be premature, nonproductive, and possibly even wasteful.

Second, as the plaintiffs' note, the Court still has yet to decide various motions, including motions by both the Riddell defendants and the NFL defendants. The Third Circuit's ruling may likewise bear on the disposition of those motions, as well as on the timing and desired phasing of the Court's resolution of them. This is another reason to wait for the Third Circuit's decision.

Third, the parties, through their Court-appointed and recognized lead counsel, have been conferring on a regular basis concerning the status of this litigation, including on how best to proceed in light of the pending Third Circuit appeal. The Riddell defendants maintain that such continued communications are appropriate and sufficient at this time, pending the outcome of the Third Circuit's decision. Once the Third Circuit rules, it may be appropriate for the Court to convene a more formal conference among the parties, through their leadership counsel. Until that time, a formal Rule 16(a) conference would be premature.

Finally, there are numerous plaintiffs within the actions identified above who opted out of the NFL settlement and appear on the final opt-out list (ECF No. 6533-1). In light of the Court's

---

[2] (ECF No. 6753 ¶ 7; ECF No. 6754 ¶ 7.)

vacating of its severance order, the actions listed above remain—at least for the time being—as against both the NFL defendants and the Riddell defendants. As a result, a conference involving only the plaintiffs and the Riddell defendants could be inappropriate, unhelpful, and potentially wasteful.

For these reasons, the Riddell defendants respectfully ask the Court to deny the plaintiffs' motions for a Rule 16 pretrial conference (ECF Nos. 6753, 6754).

Respectfully Submitted,

*/s/ Paul G. Cereghini*_____
Paul G. Cereghini
Thomas C. Howard
BOWMAN AND BROOKE LLP
2901 N. Central Avenue
Suite 1600
Phoenix, AZ  85012
Telephone:  (602) 643-2300
Facsimile:  (602) 248-0947
paul.cereghini@bowmanandbrooke.com
thomas.howard@bowmanandbrooke.com

Robert L. Wise
BOWMAN AND BROOKE LLP
901 E. Byrd Street, Suite 1650
Richmond, VA 23219
Telephone:  (804) 649-8200
Facsimile:  (804) 649-1762
rob.wise@bowmanandbrooke.com

Eden M. Darrell
BOWMAN AND BROOKE LLP
750 B Street, Suite 1740
San Diego, CA  92101
Telephone: (619) 376-2500
Facsimile: (619) 376-2501
eden.darrell@bowmanandbrooke.com

Thomas P. Wagner

---

[3] Fed. R. Civ. P. 16(a).

3

                              MARSHALL DENNEHEY WARNER
                              COLEMAN & GOGGIN
                              2000 Market St.
                              Suite 2300
                              Philadelphia, PA 19103
                              Telephone: (215) 575-4562
                              Facsimile: (215) 575-0856
                              tpwagner@mdwcg.com

Attorneys for Defendants RIDDELL, INC.;  ALL AMERICAN SPORTS CORPORATION; RIDDELL SPORTS GROUP, INC.; EASTON-BELL SPORTS, INC.; EASTON-BELL SPORTS, LLC, EB SPORTS CORP.; and RBG HOLDINGS CORP.

4

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was electronically filed and served via ECF on all counsel of record registered to receive service via the Court's ECF system.

    /s/ Paul G. Cereghini_____