IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No 12-md-2323-AB <br> MDL No. 2323 |
| THIS DOCUMENT RELATES TO THE FOLLOWING ACTIONS: | |
| MAXWELL v NFL, et al.,            12-cv-1023 <br> PEAR v NFL, et al.,                  12-cv-1025 <br> MONK v NFL, et al.,                12-cv-3533 <br> HENDERSON v NFL, et al.,     12-cv-3534 <br> KUECHENBERG v NFL, et al., 12-cv-3535 <br> BAUMAN v NFL, et al.,           12-cv-4576 <br> BAILEY v NFL, et al.,               12-cv-5372 <br> SWEET v NFL, et al.,               12-cv-7214 <br> DUCKWORTH v NFL, et al.,  13-cv-4231 <br> JANI v NFL, et al.                    14-cv-2064 | |

**PLAINTIFFS' REPLY TO RIDDELL'S RESPONSE TO
PLAINTIFFS' MOTION TO SCHEDULE RULE 16 PRETRIAL CONFERENCE**

Plaintiffs, by and through undersigned counsel, reply to the Riddell Defendants[1] Response to Plaintiffs' Motion schedule a pretrial conference pursuant to F.R.C.P. 16.  Riddell claims that scheduling that a conference in relation to Plaintiffs' claims against it, some of which have been pending for almost five years, would be "premature and inappropriate".  However, it is Plaintiffs' position that the scheduling a pretrial conference would be both timely and proper.

---

[1] Namely, Riddell, Inc., All American Sports Corporation, Riddell Sports Group, Inc., Easton-Bell Sports  Group, Inc., Easton-Bell Sports, Inc., EB Sports Corp., and RBG Holdings Corp.

The Riddell Defendants first claim that this Court should not schedule a conference because this Court and the parties are still awaiting the Third Circuit's decision in *In re National Football League Player's Concussion Injury Litigation*, No. 14-8103, and because some of the Plaintiffs who have claims against Riddell in the above-captioned actions have opted-out of the settlement with the NFL that this Court approved.  *See* ECF No. 6767 at 2-3.  However, these assertions contradict the Riddell Defendants' request that the Court sever all claims against it and require the Plaintiffs to file individual actions against them alone because of a lack of common questions of law and fact.  *See* Riddell Defendants Motion to Sever, ECF No. 3593.  Riddell previously argued that the Plaintiffs' claims against them should be pursued separately from the Plaintiffs' claims against the NFL, and now they contend that the claims against them require waiting for a determination by the Third Circuit concerning the propriety of the Plaintiffs' settlement with the NFL

Riddell also notes that this Court has not yet ruled on motions "including motions by both the Riddell defendants and the NFL defendants", and that somehow the Third Circuit's ruling "may bear on the disposition of these motions." ECF No. 6767 at 2.  However, the Riddell Defendants do not attempt to explain how the Third Circuit's determination of the propriety of a class action settlement with the NFL under F.R.C.P. 23 would have any effect on this Court's analysis of their outstanding Motion to Sever and Motion to Dismiss based on preemption (ECF Nos. 3592 and 3593).  Plaintiffs submit that the Third Circuit's determination will have absolutely no bearing on the legal issues pending in relation to the Riddell Defendants' Motions.[2]

Finally, the Riddell Defendants state that there have been communications between the parties through their leadership counsel and that this is sufficient until the Third Circuit issues its

---

[2] There are no class action claims pending against the Riddell Defendants in this Court.

ruling.  Again, there are no class action allegations against the Riddell Defendants before this Court.  Undersigned counsel represent several hundred Plaintiffs in relation to their claims against Riddell.  They respectfully request a conference for the purpose of determining what may be done to expedite the determination of these claims, some of which that have been held in abeyance for nearly half a decade.

Undersigned counsel represent that a dozen of the Plaintiffs they represent have passed away just in the time since the Riddell Defendants filed their Motion to Dismiss some 42 months ago.  Plaintiffs are getting older, and potentially determinative testimony continues to fade.  Hence, this Court should schedule a pretrial conference for the purpose of expediting the disposition of the Plaintiffs' claims against Riddell.

March 21, 2016                                              Respectfully submitted,


*Jason T. Shipp*
GOLDBERG, PERSKY & WHITE, P.C.
Jason E. Luckasevic, Esq.
PA ID #No. 85557
Jason T. Shipp, Esq.
PA ID #No. 87471
11 Stanwix Street, Suite 1800
Pittsburgh, PA 15222
Telephone: (412) 471-3980
Facsimile: (412) 471-8308

GIRARDI KEESE
Thomas Girardi, Esq.
Christopher T. Aumais, Esq.
Nicole DeVanon, Esq.
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone:  (213) 977-0211
Facsimile:  (213)481-1554

RUSSOMANNO & BORRELLO, P.A.
Herman J. Russomanno, Esq.
Robert J. Borrello, Esq.

150 West Flagler Street - PH 2800
Miami, FL 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served upon all counsel of record via the CM/ECF system this 21st day of March, 2016.

*Jason T. Shipp*
Jason T. Shipp, Esq.

Counsel for Plaintiff