IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | ) ) ) MDL No. 2323 |
| This relates to: | ) ) ) |
| Plaintiffs' Master Administrative Long Form Complaint and (if applicable) | ) ) PETITION TO ESTABLISH ) ATTORNEY'S LIEN |
| **This document relates to:** | ) ) |
| **KENNETH B. CALLICUTT** and **MARY E. CALLICUTT**, Plaintiffs, USDC, EDPA, Docket No. 2:12-cv-04086-AB | ) ) ) |

_____

## PETITION TO ESTABLISH ATTORNEY'S LIEN

Now comes the Petitioner Manoj S. Varghese for Bondurant, Mixson & Elmore, LLP ("BME"), pursuant to O.C.G.A. § 15-19-14 and executed employment contract section titled "Termination and Withdrawal," and states as follows:

(1) The Petitioner is an attorney at law, and files this Petition to establish his and BME's lien for attorney's fees as set forth hereinafter.

(2) On or about May 2, 2012, BME was retained and employed by the Plaintiffs, Kenneth B. Callicutt and Mary E. Callicutt, his wife, pursuant to a contingent fee agreement, to pursue a claim for injuries and damages related

1401958.1

1

thereto possibly caused by the National Football League's and all other responsible parties' liability for former and/or retired NFL players' long-term brain injuries and other head injuries and damages associated with football-related concussions, head and brain injuries.

(3) The specifics of the contingent fee agreement are as follows: If no recovery (by settlement or trial) is obtained client will not owe a legal fee or expenses. If BME obtains settlement or judgment for Client, Client will pay to BME thirty three and thirty-three one hundredths percent (33.33%) of the net recovery after reimbursement of expenses. Net recovery is the total recovery minus expenses.

(4) When BME entered into contract with Plaintiffs, BME entered into the risk and expense of the litigation before any settlement discussion had been held. Pursuant to this agreement, Petitioner filed a Complaint on May 17, 2012 in this matter on behalf of the Plaintiffs, which is the subject of the instant action.

(5) From the date BME was authorized to proceed on behalf of the Plaintiffs, the Petitioner, and other BME attorneys have actively and diligently applied themselves to the investigation, preparation, and pursuit of Plaintiffs' claims, and have taken all steps necessary to prosecute those claims, including, but not limited to, the preparation and filing of a Complaint; correspondence and communications

with the client; review of Questionnaire, interview and documentation relating to medical symptoms; preparing for and holding teleconferences on 10/3/13, 9/11/14, 5/13/15; other calls and emails with Plaintiff on 4/27/12, 5/2/12, 5/3/12, 5/7/12, 5/8/12, 5/29/12, 6/13/12, 7/3/12, 7/30/12, 1/23/13, 9/17/13, 10/29/13, 4/8/14, 6/18/15; and drafting and providing client email updates on 5/18/12, 6/20/12, 7/10/12, 10/29/12, 11/5/12, 11/19/12, 1/24/13, 4/4/13, 8/29/13, 9/11/13, 9/25/13, 10/2/13, 1/9/14, 1/14/14, 6/26/14, 7/11/14, 8/12/14, 2/4/15, 2/14/15, 4/22/15, 5/6/15, 5/14/15, 9/28/15.

(6) The Plaintiffs have recently discharged the Petitioner and BME as their attorneys in this matter, and it is expected that a new attorney will shortly be entering an appearance for the Plaintiffs in this action.

(7) The Petitioner and BME were not terminated by the Plaintiffs for cause, and the termination was not due to any malfeasance or other improper action on the part of the Petitioner and/or BME.

(8) The Petitioner claims the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiffs in this action.

WHEREFORE, the Petitioner prays:

(1)   That his attorney's lien be determined;

(2)   That the amount of the lien be established;

(3)   That the Court order that the Petitioner be entitled to enforce his attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

(4)   That the Defendant or the Defendant's insurer be prohibited from paying to the Plaintiffs any sums of money until said lien has been satisfied;

(5)   For such other and further relief as this Court deems just.

Dated: April 1, 2016.

                                              Respectfully submitted,

                                              /s/ Manoj S. Varghese
                                              Manoj S. Varghese
                                              Georgia Bar No. 734668

BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
Tel: (404) 881-4100

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing *Petition to Establish Attorney's Lien* to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the litigation.

DATED:  April 1, 2016.

                                        /s/ Manoj S. Varghese
                                      Manoj S. Varghese
                                      Georgia Bar No. 734668