UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY LITIGATION                MDL No. 2323


TRANSFER ORDER


**Before the Panel:**[*] Plaintiffs in the action listed on Schedule A move under Panel Rule 7.1 to vacate our order conditionally transferring the action (*Smith*) to MDL No. 2323. Defendant Arizona Cardinals Football Club, LLC (the Cardinals) opposes the motion to vacate.

After considering the argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2323, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like many of the already-centralized actions, *Smith* alleges the Cardinals—a member club of the National Football League (NFL)— failed to warn and protect its players against the long-term brain injury risks associated with football-related concussions and failed to regulate the sport so as to minimize the risk of such long-term injuries. *See In re: Nat'l Football League Players' Concussion Injury Litig.*, 842 F. Supp. 2d 1378 (J.P.M.L. 2012).

In support of the motion to vacate, plaintiffs argue that the transferor court has ruled that remand to state court is appropriate in this case, and that, under the law of the case doctrine, *Smith* should not proceed in federal court. *See Green v. Arizona Cardinals Football Club LLC*, 21 F. Supp. 3d 1020 (E.D. Mo. 2014). After the ruling in *Green*, plaintiffs filed an amended complaint in state court. Defendant again removed this action, and argues that the original and amended complaints are sufficiently different that the law of the case doctrine is not applicable. While the procedural history presented here is somewhat unusual, it is not for the Panel to determine whether re-removal was appropriate after plaintiffs amended their complaint. Moreover, the Panel regularly holds that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). A different result is not required here.

---

[*] Judge Marjorie O. Rendell and Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

Plaintiffs also argue that *Smith* presents unique factual and legal issues regarding (1) the law of the case doctrine, (2) the alleged breach of duties owed by an employer to its employees under Missouri law, and (3) the unique defendant named by the *Smith* plaintiffs.  Though this jurisdictional issue presents some unique considerations regarding the previous ruling of the transferor court, the presence of uncommon legal theories is not a bar to Section 1407 transfer.  *See, e.g., In re: U.S. Office of Personnel Mgmt. Data Sec. Breach Litig.*, MDL No. 2664, __ F. Supp. 3d __, 2015 WL 6044952, at *2 (J.P.M.L. Oct. 9, 2015).  *Smith* shares questions of fact with MDL No. 2323 regarding allegations that the NFL and its member clubs were negligent and failed to warn former football players of the risks of neurological injuries as a result of concussions and sub-concussive head impacts suffered while playing football.  Discovery will overlap with that in MDL No. 2323, particularly expert discovery regarding causation.  Indeed, *Smith* will share some nearly identical questions of fact and discovery because plaintiffs Mr. Scott and Mr. Smith also have filed claims against the NFL in MDL No. 2323 regarding the same alleged injuries.  Moreover, there are similar allegations regarding the violation of duties by a Missouri employer arising out of the employer-employee relationship pending in actions previously transferred to MDL No. 2323.  *See, e.g.*, Transfer Order (*Kenney*), MDL No. 2323, ECF No. 631 (J.P.M.L. Aug. 13, 2014).  And the Panel has transferred actions naming only an individual member club as defendant, and has rejected the argument that such actions are unique.  *See, e.g., id*.

Finally, plaintiffs argue that transfer will not promote the just and efficient conduct of the litigation, because a class action settlement has been approved in MDL No. 2323.  But there are well over 100 opt-out claims pending in MDL No. 2323, and these actions are in a similar procedural posture to the *Smith* action, with motions to dismiss and motions to remand to state court pending.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Anita B. Brody for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Charles R. Breyer                    Ellen Segal Huvelle
R. David Proctor                     Catherine D. Perry

IN RE:  NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY LITIGATION				MDL No. 2323

## SCHEDULE A

<u>Eastern District of Missouri</u>

SMITH, ET AL. v. ARIZONA CARDINALS FOOTBALL CLUB, LLC,
C.A. No. 4:15-01903