PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON   (1946-1991)
RANDOLPH E. PAUL   (1946-1956)
SIMON H. RIFKIND   (1950-1995)
LOUIS S. WEISS   (1927-1950)
JOHN F. WHARTON   (1927-1977)

WRITER'S DIRECT DIAL NUMBER
(212) 373-3165

WRITER'S DIRECT FACSIMILE
(212) 492-0165

WRITER'S DIRECT E-MAIL ADDRESS
bbirenboim@paulweiss.com

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
ALLAN J. ARFFA
ROBERT A. ATKINS
DAVID J. BALL
SCOTT A. BARSHAY
JOHN F. BAUGHMAN
LYNN B. BAYARD
DANIEL J. BELLER
CRAIG A. BENSON
MITCHELL L. BERG
MARK S. BERGMAN
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L. BROCHIN
RICHARD J. BRONSTEIN
DAVID W. BROWN
SUSANNA M. BUERGEL
PATRICK S. CAMPBELL*
JESSICA S. CAREY
JEANETTE K. CHAN
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
CHARLES E. DAVIDOW
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY
HARRIS B. FREIDUS
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D. GOLDBAUM
NEIL GOLDMAN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
ERIC GOODISON
CHARLES H. GOOGE, JR
ANDREW G. GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
GAINES GWATHMEY, III
ALAN S. HALPERIN
JUSTIN G. HAMILL
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
MICHAEL S. HONG
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
BRIAN M. JANSON
JAREN JANGHORBANI

MEREDITH J. KANE
ROBERTA A. KAPLAN
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
ALAN W. KORNBERG
DANIEL J. KRAMER
DAVID K. LAKHDHIR
STEPHEN P. LAMB*
JOHN E. LANGE
GREGORY F. LAUFER
DANIEL J. LEFFELL
XIAOYU GREG LIU
JEFFREY D. MARELL
MARCO V. MASOTTI
EDWIN S. MAYNARD
DAVID W. MAYO
ELIZABETH R. McCOLM
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
TOBY S. MYERSON
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
KELLEY D. PARKER
MARC E. PERLMUTTER
VALERIE E. RADWANER
CARL L. REISNER
LORIN L. REISNER
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JACQUELINE P. RUBIN
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
STEPHEN J. SHIMSHAK
DAVID R. SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J. SIMONS
AUDRA J. SOLOWAY
SCOTT M. SONTAG
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F. TARNOFSKY
MONICA K. THURMOND
DANIEL J. TOAL
LIZA M. VELAZQUEZ
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
JULIA MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

May 6, 2016

**By ECF**

Honorable Anita B. Brody
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 7613
Philadelphia PA, 19106

*Smith, et al.*, v. *Arizona Football Club, LLC*, 16-cv-01704

Dear Judge Brody:

      We write on behalf of the Arizona Cardinals Football Club, LLC (the "Cardinals") concerning the motion to remand (the "Motion") filed on April 19, 2016 by Plaintiffs in the above-captioned action pending in *In re National Football League Players' Concussion Injury Litigation* ("MDL 2323"). For the reasons set forth below, the Motion is procedurally improper and premature. Accordingly, the Cardinals respectfully request that it be denied without prejudice at this time or, at the least, held in abeyance until the Court issues a case management order permitting and scheduling supplemental briefing on all or certain preemption-related motions in the Opt Out litigation.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Anita B. Brody                                                                 2

    First, Plaintiffs already filed a motion to remand prior to MDL transfer that is pending before this Court. (*See* 4:15-cv-01903 (E.D. Mo), Doc. Nos. 16-17.) Filing a successive motion seeking the same relief as a motion that remains pending before the Court is improper. *See, e.g., UFCW Local 880-Retail Food Emp'rs Joint Pension Fund v. Newmont Mining Corp.*, 2007 WL 2871013, at *5 (D. Colo. Sept. 26, 2007) ("[Proposed intervenor] proffers no explanation as to why it had a good faith legal basis to file repetitive motions seeking the same relief that remained *sub judice* as a result of its first request for entry of default."), *aff'd*, 276 F. App'x 747 (10th Cir. 2008); *see also Scott v. Cunningham*, 2012 WL 1536312, at *8 (W.D. Wash. Apr. 12, 2012) ("'[T]he case represents an example of abusive pleading practice where multiple motions are filed asking for the same relief and the plaintiff does not wait for a response from the court before filing the same motion again. Motion practice of this nature cannot be for a proper purpose and only delays and increases the cost of litigation.'"), *aff'd*, 516 F. App'x 672 (9th Cir. 2013). Here, Plaintiffs do not contest—nor could they—that their motion to remand was pending at the time they filed the Motion. The already pending motion argues that the actions should be remanded to state court because there is no federal jurisdiction on the basis of Section 301 Labor Management Relations Act preemption—the same argument made in the instant Motion. Thus, the Motion should be denied without prejudice at the outset as duplicative of a pending motion.

    Second, the Motion—filed by the same counsel who represent plaintiffs suing the Kansas City Chiefs in four substantially similar actions pending in MDL 2323—ignores that this Court issued an order in the Chiefs actions which requested that counsel *first* brief the issue of whether the Court should hear plaintiffs' remand motions before or at the same time that it hears the preemption issues raised in the NFL Defendants' motion to dismiss. (*See* 12-md-02323, Doc No. 6705.) The Court issued a notice which clarified that only *after* the Court decides the timing issue will the parties be required to brief the substance of the remand arguments. (*See id.*, Doc. No. 6710.) Instead of alerting the Court that Plaintiffs seek joinder of this action on that pending briefing, the Motion instead seeks to skip ahead to the substantive briefing and further uses its introduction as a sur-reply to argue why the Court should expedite its consideration of the Cardinals and Chiefs remand motions. Again, this is plainly improper.

    Third, the Motion concedes that the transfer of Plaintiffs' action to MDL 2323 will promote the just and efficient conduct of the multidistrict litigation. (*See* Motion at 2 ("The United States Judicial Panel on Multidistrict Litigation, however, found that transfer of this action would likely promote the just and efficient conduct of the litigation. Upon further consideration, Plaintiffs agree.").) By filing a new remand motion, however, Plaintiffs are interfering with this Court's effort to administer the MDL proceedings in an orderly fashion. It is incontestable that the Court has broad discretion to manage its docket in a fashion intended to maximize judicial efficiency and minimize burden on the parties. *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 243 (3d Cir. 2013) ("[D]istrict judges 'must have authority to manage their dockets, especially during a massive litigation'" (quoting *In re Fannie Mae Sec. Litig.*, 552 F.3d

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Anita B. Brody                                                                 3

814, 822-23 (D.C. Cir. 2009))); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006) (stating that district courts managing multidistrict litigation cases need "to have broad discretion to administer the proceeding as a whole, which necessarily includes keeping the parts in line"). There is no reason for Plaintiffs' motion to depart from coordinated management of the Court's docket (including the Chiefs actions)—the very purpose of having an MDL.

To achieve those goals, as set forth in the Chiefs' responsive briefing (12-md-02323, Doc. No. 6719), supplemental briefing on the motions to remand should be coordinated with supplemental briefing on the NFL Parties' pending motion to dismiss the other cases pending before the Court in this MDL proceeding. As Plaintiffs' Memorandum in Support of their Motion illustrates, both motions—despite involving different defendants—will require the Court to consider substantially overlapping arguments concerning provisions of the NFL Collective Bargaining Agreements and Section 301 Labor Management Relations Act case law. The coordination of supplemental briefing (and argument) on preemption-related motions would be consistent with the Court's intent to prioritize and coordinate the resolution of related motions while maintaining structured, efficient MDL proceedings. It would also be consistent with the Court's June 13, 2012 order that stayed "[t]he time for NFL Defendants and Riddell Defendants to respond to any motion to remand . . . until further order from this Court." (Order at 1, 12-md-02323, Doc. No. 89.) By staying those responses, the Court recognized then that it would be inefficient to address preemption-related motion practice in piecemeal fashion. The same holds true for the instant Motion.

In sum, the Cardinals respectfully request that the Motion be denied without prejudice as procedurally improper at this time or held in abeyance until the Court issues a case management order permitting and scheduling supplemental briefing on all or certain preemption-related motions in the Opt Out litigation. At such time, the Cardinals respectfully request the right to submit an opposition brief on the merits of the motion on a briefing schedule agreed to by the parties or ordered by the Court.

Respectfully submitted,

Bruce Birenboim

Cc:  Kenneth B. McClain (via ECF)
     Lauren E. McClain (via ECF)
     John M. Klamann (via ECF)
     Andrew Schermerhorn (via ECF)
     Paul D. Anderson (via ECF)
     Patrick R. Dowd (via ECF)
     Timothy J. Kingsbury (via ECF)
     William D. Vandever (via ECF)

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing document was served electronically via the Court's electronic filing system on the 6th day of May, 2016, upon all counsel of record.


Dated:  May 6, 2016                    /s/ Bruce Birenboim
                                       Bruce Birenboim