IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION** | MDL No. 2323 |
| This relates to: | **PETITION TO ESTABLISH ATTORNEY'S LIEN** |
| Plaintiffs' Master Administrative Long Form Complaint and (if applicable) | |
| **This document relates to:** | |
| **DAMEN ROBINSON,** Plaintiff, USDC, EDPA, Docket No. 2:12-cv-04378-AB | |

Now, comes, the Petitioner, Michael L. McGlamry for Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. ("Pope McGlamry"), pursuant to O.C.G.A. § 15-19-14 and executed employment contract section titled "Termination of this Agreement," and states as follows:

(1)  The Petitioner is an attorney at law admitted to practice before the courts of this state, and files this Petition to establish his lien for attorney's fees as set forth hereinafter.

(2)  On or about June 8, 2012, Petitioner was retained and employed by the Plaintiff Damien Robinson, pursuant to a contingent fee agreement, to pursue a claim for injuries and damages related thereto possibly caused by

the National Football League's and all other responsible parties' liability for former and/or retired NFL players' long-term brain injuries and other head injuries and damages associated with football-related concussions, head and brain injuries.

(3)   The specifics of the contingent fee agreement are as follows:  If no recovery (by settlement or trial) is obtained client will not owe a legal fee or expenses. If Pope McGlamry obtains settlement or judgment for Client, Client will pay to Pope McGlamry twenty percent (20%) of the net recovery after reimbursement of expenses.  Net recovery is the total recovery minus expenses.

(4)   When Petitioner entered into contract with Plaintiff, he entered into the risk and expense of the litigation before any settlement discussion had been held. Pursuant to this agreement, the Petitioner filed a Complaint on July 6, 2012 in this matter on behalf of the Plaintiff, which is the subject of the instant action.

(5)   From the date the Petitioner was authorized to proceed on behalf of the Plaintiff, the Petitioner has actively and diligently applied himself to the investigation, preparation, and pursuit of Plaintiff's claims, and has taken all steps necessary to prosecute those claims, including, but not limited to, the preparation and filing of two Complaints; correspondence and

      communications with the client; review of Questionnaire, preparation of Medical Symptom Form; preparing for and holding teleconferences on 9/27/2013, 1/7/2014, 6/26/2014, 8/26/2014, 4/28/2015, 6/1/2015, 4/21/2016; and drafting and providing client email updates on 6/13/2012, 4/4/2013, 7/29/2013, 8/13/2013, 8/29/2013, 8/30/2013, 9/3/2013, 9/24/2013, 1/6/2014, 1/8/2014, 1/15/2014, 7/7/214, 8/21/2014, 9/11/2014, 9/15/2014, 11/20/2014, 2/3/2015, 3/25/2015, 4/22/2015, 5/15/2015, 5/26/2015, 7/6/2015, 7/14/2015, 8/28/2015, 9/23/2015, 11/20/2015, 4/18/2016, 5/24/2016 and 6/2/2016; coordinating event *Your Brain's Health* event on 5/20/2014 at Emory University Hospital with Emory doctors, preparing for presentation, coordinating filming.

(6)    Throughout this litigation, Petitioner has served and continues to serve on the Plaintiff Steering Committee, as co-lead of the Discovery Committee, a member of the Communications Committee and the Sub-Committee on Attorney-Client Matters, all of which has inured to the Plaintiff's benefit with Pope McGlamry's representation.

(7)    The Plaintiff has recently discharged the Petitioner as his attorney in this matter, and it is expected that a new attorney will shortly be entering an appearance for the Plaintiff in this action.

(8)  The Petitioner was not terminated by the Plaintiff for cause, and the termination was not due to any malfeasance or other improper action on the part of the Petitioner.

(9)  The Petitioner claims the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiff in this action.

WHEREFORE, the Petitioner prays:

(1)  That his attorney's lien be determined;

(2)  That the amount of the lien be established;

(3)  That the Court order that the Petitioner be entitled to enforce his attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

(4)  That the Defendant or the Defendant's insurer be prohibited from paying to the Plaintiff any sums of money until said lien has been satisfied;

(5)  For such other and further relief as this Court deems just.

Dated:  June 30, 2016

    Respectfully submitted,

    POPE, McGLAMRY, KILPATRICK,
    MORRISON & NORWOOD, P.C.

/s/ *Michael L. McGlamry*
Michael L. McGlamry
Georgia Bar No. 492515
3391 Peachtree Road, NE, Suite 300
P.O. Box 191625 (31119-1625)
Atlanta, GA 30326
Ph: (404) 523-7706
Fax: (404) 524-1648
efile@pmkm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing *Petition to Establish Attorney's Lien* to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Easter District of Pennsylvania, on all parties registered for CM/ECF in the litigation.

DATED:  June 30, 2016

/s/ *Michael L. McGlamry*
Michael L. McGlamry
Georgia Bar No. 492515
3391 Peachtree Road, NE, Suite 300
P.O. Box 191625 (31119-1625)
Atlanta, GA 30326
Ph: (404) 523-7706
Fax: (404) 524-1648
efile@pmkm.com