IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Hon. Anita B. Brody |

## ORDER

AND NOW, this 13th day of July, 2016, under Federal Rule of Civil Procedure 53(a)(1), it is ordered that Wendell Pritchett, Presidential Professor of Law and Education at the University of Pennsylvania Law School, and JoAnn Verrier, Vice Dean for Administrative Services at the University of Pennsylvania Law School, are appointed as Special Masters in *In re National Football League Players' Concussion Injury Litigation*, Case No. 12-md-2323, to implement and administer the Class Action Settlement Agreement (the "Agreement") entered into between the NFL and NFL Properties LLC (the "NFL Parties") and the Class Representatives and Subclass Representatives, individually and on behalf of the Settlement Class and Subclasses, by and through Class Counsel.[1]

---

[1] The Court previously appointed Mr. Pritchett and Ms. Verrier as Special Masters in its Final Order & Judgment. *See* ECF No. 6510 ¶ 12. Pursuant to the requirements of Fed. R. Civ. P. 53, this Order sets out the terms and conditions of Mr. Pritchett's and Ms. Verrier's appointment.

## I. BACKGROUND

- The parties agree to the appointment of a special master to oversee the implementation and administration of the Agreement. The Court gave the parties notice and an opportunity to be heard on the Court's proposals regarding the appointment of Mr. Pritchett and Ms. Verrier ("Special Masters" or "Masters") as Masters pursuant to Fed. R. Civ. P. 53(a)(1)(A) and (C) and their duties and responsibilities. The parties have consented to the Court's proposals.

- The Court is satisfied that Mr. Pritchett and Ms. Verrier have the requisite experience and qualifications to fulfill the tasks contemplated by the Court under Fed. R. Civ. P. 53.

- Pursuant to Fed. R. Civ. P. 53(b)(3)(A), Mr. Pritchett and Ms. Verrier have filed affidavits stating that no grounds exist for disqualification. These affidavits are attached to this Order.

- Pursuant to Fed. R. Civ. P. 53(a)(3), the Court has considered the fairness of imposing the expenses associated with the Special Masters on the parties, and has taken steps to ensure that there will not be unreasonable expense or delay associated with this procedure.

- Pursuant to Fed. R. Civ. P. 53(g), the Masters' compensation will be $350 per hour, in addition to reasonable out-of-pocket costs and expenses the Masters incur as a result of the performance of their responsibilities. The Masters' compensation and reasonable out-of-pocket costs and expenses will be paid out of the uncapped Monetary Award Fund.[2] The Court reserves the right to alter the basis and terms of the Masters' compensation after giving the parties notice and an opportunity to be heard. The total compensation (excluding costs and expenses) will not exceed one million dollars ($1,000,000) over a five-year term, unless otherwise ordered by the Court upon a showing of good cause.

---

[2] The Masters' compensation will not affect the amount of funds available to compensate Settlement Class Members because the Monetary Award Fund is uncapped.

## II. GENERAL DUTIES AND RESPONSIBILITIES OF THE MASTER

Mr. Pritchett and Ms. Verrier are appointed as Masters under the following general terms and conditions:

- The Masters must proceed with all reasonable diligence.
- The Masters must be guided by the appropriate law in this circuit.
- The Masters have authority to take all appropriate measures to perform the assigned duties fairly and efficiently.
- The Masters must keep appropriate records of their activities.
- The Masters may communicate ex parte with the parties on administrative matters.
- The Masters may communicate ex parte with the Court.
- In allocating tasks between themselves, the Masters must ensure that their work is not duplicative.
- The Masters must submit a written report to the Court every six months after the Effective Date of the Agreement that addresses their implementation and administration of the Agreement, and must provide any other information requested by the Court on a timely basis.

## III. SPECIFIC DUTIES AND RESPONSIBILITIES

The Masters are appointed to fulfill several specific duties and responsibilities. These duties and responsibilities include those highlighted below, as well as all other duties enumerated in the Agreement that are not discussed in this Order. Additionally, as stated in the Agreement, the Masters are authorized to "take all steps necessary to faithfully oversee the implementation and administration of the Settlement Agreement." Agreement § 10.1(a)(ii). The Court retains the

authority to alter the Masters' duties and responsibilities, as necessary, after providing the parties notice and an opportunity to be heard.

*Registration Review*

- The Master(s) will hear any appeal of a Notice of Challenge Determination by a purported Settlement Class Member or the NFL Parties that is limited to challenging the purported Retired NFL Football Player's or subject Retired NFL Football Player's status as a Retired NFL Football Player. Pursuant to Fed. R. Civ. P. 53(f)(3)(B), the parties agree that the decision of the Master(s) of any such appeal will be final and binding. Pursuant to Fed. R. Civ. P. 53(f)(4), the Court will review de novo any objection to the Master(s)' conclusions of law.

- The Master(s) will hear any appeal by Co-Lead Counsel or Counsel for the NFL Parties related to whether the Claims Administrator has issued a Notice of Registration Determination that reflects an improper interpretation of the Settlement Class definition set forth in the Agreement. Pursuant to Fed. R. Civ. P. 53(f)(4), the Court will review de novo any objection to the Master(s)' conclusions of law.

*Monetary Awards and Derivative Claimant Awards*

- With respect to a claim made by a Representative Claimant of a deceased Retired NFL Player who did not die on or after January 1, 2006, the Master(s) will determine whether the Representative Claimant is eligible for an Award based on whether a wrongful death or survival claim filed by the Representative Claimant would not be barred by the statute of limitations as specified in § 6.2(b) of the Agreement. Pursuant to Fed. R. Civ. P. 53(f)(3) and (4), the Court will review de novo any objection to the Master(s)' determinations.

- With respect to the auditing of Monetary Awards and Derivative Claimant Awards, the Master(s) will review any claims referred by the Claims Administrator and determine whether a misrepresentation, omission, or concealment of material fact was made in connection with the claim. The Master(s) will make findings and grant appropriate relief as authorized by § 10.3(i) of the Agreement. Pursuant to Fed. R. Civ. P. 53(f)(3)(B), the parties agree that the decision of the Master(s) findings will be final and binding. Pursuant to Fed. R. Civ. P. 53(f)(4), the Court will review de novo any objection to the Master(s)' conclusions of law.

- With respect to an appeal of a Monetary Award or Derivative Claimant Award determination, an appellant must submit an appeal to the Court. The Court may, in its discretion, refer an appeal to the Master(s). The Court or the Master(s) will decide an appeal of a Monetary Award or Derivative Claimant Award based upon a showing by the appellant of clear and convincing evidence. The Master(s) will oversee[3] the Appeals Advisory Panel and the Appeals Advisory Panel Consultants, and the Court or the Master(s) may be assisted by any member of the Appeals Advisory Panel and/or an Appeals Advisory Panel Consultant in considering an appeal. If an appeal is referred to the Master(s), the parties agree, pursuant to Fed. R. Civ. P. 53(f)(3)(B), that the factual determinations of the Master(s) will be final and binding. Pursuant to Fed. R. Civ. P. 53(f)(4), the Court will review de novo any objection to the Master(s)' conclusions of law.

---

[3] The Masters may, in their discretion, request reports or information from the Appeals Advisory Panel and the Appeals Advisory Panel Consultants.

*Compensation, Costs and Expenses of the BAP Administrator, Claims Administrator, and Lien Administrator*

- The Master(s) will review and approve the annual budget of the BAP Administrator, Claims Administrator, and Lien Administrator. Pursuant to Fed. R. Civ. P. 53(f)(3) and (4), the Court will review de novo any objection to the Master(s)' determinations.

- Upon a challenge by either Co-Lead Class Counsel or Counsel for the NFL Parties, the Master(s) will determine the reasonableness of any costs and expenses incurred by the BAP Administrator, Claims Administrator, or Lien Administrator. Pursuant to Fed. R. Civ. P. 53(f)(3) and (4), the Court will review de novo any objection to the Master(s)' determinations.

*Funding*

- The Master(s) will approve the determination of the maximum per player BAP Supplemental Benefit payable, as determined on the one-year anniversary of the commencement of the BAP by Co-Lead Class Counsel and Counsel for the NFL Parties in consultation with the BAP Administrator. At the conclusion of the term of the BAP, and at such other times as the Master(s) may direct or as may be requested by Co-Lead Class Counsel or Counsel for the NFL Parties, Co-Lead Class Counsel and Counsel for the NFL Parties will review and adjust, if necessary, the maximum benefit, in consultation with the BAP Administrator and with the approval of the Master(s), to ensure that there are sufficient funds to pay for all baseline assessment examinations without exceeding the $75,000,000 cap on the BAP Fund. Pursuant to Fed. R. Civ. P. 53(f)(3) and (4), the Court will review de novo any objection to the Master(s)' determinations.

- The Master(s) will decide any unresolved objection raised by Co-Lead Class Counsel or Counsel for the NFL Parties to the Claims Administrator's written monthly funding request

for the Monetary Award Fund. Pursuant to Fed. R. Civ. P. 53(f)(3) and (4), the Court will review de novo any objection to the Master(s)' determinations.

- The Master(s) will decide any objection to the appropriateness of the Claims Administrator's payment of costs and expenses from the Monetary Award Fund targeted reserve. Pursuant to Fed. R. Civ. P. 53(f)(3) and (4), the Court will review de novo any objection to the Master(s)' determinations.

- The Master(s) will have signatory authority over the Settlement Trust established under the Agreement and will have the authority to direct the Trustee to transfer funds within the Settlement Trust to the BAP Fund, Monetary Award Fund, and Education Fund, and to make disbursements from those Funds.

_____
ANITA B. BRODY, J.


Copies **VIA ECF** on _____ to:          Copies **MAILED** on _____ to:

O:\ABB 2016\L - Z\NFL Special Master Order FINAL.docx

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | CIVIL ACTION<br><br>NO. 2:12-md-02323-AB<br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Hon. Anita B. Brody |

## SPECIAL MASTER AFFADAVIT

Wendell E. Pritchett, being duly sworn, deposes and states as follows:

1. I understand that the Honorable Anita B. Brody (U.S.D.C., U.D.PA) intends to appoint me as a special master in the case of *In Re: National Football League Players' Concussion Injury Litigation*, Civil Action No. 2:12-md-02323-AB.

2. I am submitting this Affidavit in accordance with Federal Rule of Civil Procedure 53(b)(3)(A).

3. I have familiarized myself with the issues and parties involved in the case.

4. I hereby confirm that I do not have a relationship to any of the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. §455.

_____
Wendell E. Pritchett

Sworn to and subscribed

before me this __13__ day

of __July__, 2016.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Robin L. Harris, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 30, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : | CIVIL ACTION<br><br>NO. 2:12-md-02323-AB<br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | : : : | Hon. Anita B. Brody |

## SPECIAL MASTER AFFADAVIT

Jo-Ann M. Verrier, being duly sworn, deposes and states as follows:

1. I understand that the Honorable Anita B. Brody (U.S.D.C., U.D.PA) intends to appoint me as a special master in the case of *In Re: National Football League Players' Concussion Injury Litigation,* Civil Action No. 2:12-md-02323-AB.

2. I am submitting this Affidavit in accordance with Federal Rule of Civil Procedure 53(b)(3)(A).

3. I have familiarized myself with the issues and parties involved in the case.

4. I hereby confirm that I do not have a relationship to any of the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. §455.

_____
Jo-Ann M. Verrier

Sworn to and subscribed

before me this 7TH day

of JULY, 2016.

_____
Notary Public

ROBERT MULLEN
NOTARY PUBLIC OF NEW JERSEY
ID # 2425408
My Commission Expires 9/24/2017