# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323 |
| | MDL No. 2323 |
| THIS DOCUMENT RELATES TO: | Hon. Anita B. Brody |
| *Lewis, et al. v. Kansas City Chiefs Football Club, Inc.*, 14-1995<br>*Horn, et al. v. Kansas City Chiefs Football Club, Inc.*, 14-3382<br>*Smith, et al. v. Kansas City Chiefs Football Club, Inc.*, 14-3383<br>*Kenney, et al. v. Kansas City Chiefs Football Club, Inc.*, 14-4779 | |

## ORDER

**AND NOW,** on this __13th___ day of July, 2016, it is **ORDERED** that Plaintiffs' Amended Motion to Remand (ECF No. 6712)[1] is **DENIED WITHOUT PREJUDICE**. Briefing on the merits of Plaintiffs' Motion to Remand will be coordinated with any further briefing the Court may order on the NFL Defendants' Motion to Dismiss.[2]

---

[1] The identical motion was also filed in the following cases:
- *Lewis et al. v. Kansas City Chiefs Football Club, Inc.*, 14-1995 (ECF No. 31)
- *Horn et al. v. Kansas City Chiefs Football Club, Inc.*, 14-3382 (ECF No. 21)
- *Smith et al. v. Kansas City Chiefs Football Club, Inc.*, 14-3383 (ECF No. 21)
- *Kenney et al. v. Kansas City Chiefs Football Club, Inc.*, 14-4779 (ECF No. 12)

[2] Pursuant to the Court's December 1, 2015 Order (ECF No. 6705), Plaintiffs filed an Amended Motion to Remand addressing why their motion should be addressed before the NFL Defendants' Motion to Dismiss. Plaintiffs argue that their Motion to Remand should be addressed first because: (1) Plaintiffs' claims are only brought against the Kansas City Chiefs Football Club, and not the NFL, and are premised solely on Missouri state law governing employer-employee relations; and (2) unlike the NFL Defendants' motion, Plaintiffs' motion argues that this Court lacks jurisdiction.

Plaintiffs' Motion to Remand and the NFL Defendants' Motion to Dismiss, while procedurally distinct, both raise the question of whether the alleged duties owed to NFL players were modified by the *same* Collective Bargaining Agreement ("CBA") provisions. Therefore, to conserve judicial resources and promote the just and efficient conduct of this litigation, I will consider both motions at the same time. *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 247 (3d Cir. 2013) (noting that in an MDL, "the district judge must be given wide latitude with regard to case management in order to effectively achieve the goals set forth by the legislation that created the Judicial Panel on Multidistrict Litigation").

1

                                                s/Anita B. Brody

                                                _____
                                                ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                  Copies **MAILED** on _____ to:

---

Although a federal court must address jurisdiction before reaching the merits of a claim, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-101 (1998), coordination of the Plaintiffs' Motion to Remand and the NFL Defendants' Motion to Dismiss does not violate this principle. Plaintiffs have not presented a compelling reason why their motion should be addressed immediately, especially in light of the Court's "broad discretion to administer the proceeding as a whole." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006).