IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS INVOLVING ANY RIDDELL DEFENDANT | Hon. Anita B. Brody |

**RIDDELL DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE
WHY THE COURT SHOULD NOT SUGGEST REMAND OF THE CLAIMS
AGAINST THE RIDDELL DEFENDANTS TO THE PANEL**

Riddell[1] responds to this Court's Order to Show Cause[2] why the Court should not suggest remand of the claims against them to the Judicial Panel on Multidistrict Litigation (the Panel) pursuant to the Panel's Rule of Procedure 10.1(b)(i). For the reasons explained below, Riddell maintains that the Court should refrain from suggesting remand at this time. But if it chooses to suggest remand, the Court should include in that suggestion a recommendation of continued MDL treatment for the claims against Riddell.

Several issues warrant the Court withholding any suggestion of remand at this time, including the need for a ruling on Riddell's motion to dismiss based on preemption, which was fully briefed and argued in this Court, as well as addressing issues raised by numerous

---

[1] Riddell refers to defendants Riddell, Inc., All-American Sports Corporation, Riddell Sports Group, Inc., Easton-Bell Sports, Inc., Easton-Bell Sports, LLC, EB Sports Corp., and RBG Holdings Corp. collectively for convenience only.
[2] (ECF No. 6870.)

1

irregularities with various plaintiffs' actions. Moreover, deferring a decision on remand would address the concern raised by the NFL that, until its settlement is effective, the number of actions involving claims against both the NFL defendants and Riddell is uncertain, and the Court therefore cannot yet determine what is in the best interests of judicial economy.[3] Riddell shares this concern.

If the Court, however, is inclined to suggest to the Panel that the claims against Riddell should not remain in "*this* MDL,"[4] that suggestion should include a recommendation that the Panel transfer the actions against Riddell to their own MDL. Continued MDL coordination for pretrial proceedings of the actions against Riddell is appropriate because it will continue to serve the interests that the Panel sought to advance in ordering coordination in the first place—i.e., conservation of party and judicial resources, elimination of duplicative discovery, and avoiding conflicting rulings.

For these reasons, as explained more fully below, Riddell respectfully requests that the Court refrain from suggesting remand at this time so that it may first address various issues not yet resolved in this MDL. Following that path would best ensure that, if and when there is any suggestion of remand, any remaining actions against Riddell may proceed in a more efficient manner.

---

[3] (Resp. of NFL to Order to Show Cause, ECF No. 6879.)
[4] (ECF No. 6870 at 1 n.1 (emphasis in original).)

**ARGUMENT**

**I.     The Court should refrain from suggesting remand at this time.**

A decision by the transferee court that remand is appropriate because its role under Section 1407 has ended, "generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL."[5] Remand is proper when all that remains to be done is case-specific, and there is "no efficiency or other benefit to be gained from MDL proceedings."[6]

Here, much remains to be done in terms of coordinated rulings, and the cases against Riddell will benefit from continued coordinated proceedings within this MDL, making remand at this time premature. For one, Riddell's motion to dismiss based on preemption (as well as the NFL's motion) has been pending here for over three years, with this Court already having studied the briefing and heard oral argument.[7] Additionally, the Court has under advisement other motions raising many of the same LMRA section 301 legal and factual questions at issue in Riddell's motion to dismiss.,[8] and resolution of the preemption motions by this Court in coordinated fashion will avoid the risk of inconsistent rulings.[9]

---

[5] *In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001); *see also In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977) (discussing when and how transferee judge should file suggestion of remand).

[6] *In re Bank of Am. Home Affordable Modification Program Contract Litig.*, No. 1:10-md-02193, 2014 WL 5310106, at *1 (D. Mass. Aug. 19, 2014 (citations omitted); *see also In re Maxim Integrated Prods., Inc.*, No. 12-945, 2015 WL 1757779 (W.D. Pa. Apr. 17, 2015) (denying motion for suggestion of remand because the case was not trial-ready).

[7] (Mot. to Dismiss, ECF No. 3592; NFL's Mot. to Dismiss, ECF No. 3589.)

[8] (*See* July 13, 2016 Order at n.2, ECF No. 6873 (pointing out that the plaintiffs' motion to remand cases against the Kansas City Chiefs will be coordinated with briefing on the NFL's motion to dismiss to "promote the just and efficient conduct of this litigation.").)

[9] *See, e.g.*, *In re Patenaude*, 210 F.3d 135,144 (3d Cir. 2000) (recognizing that pre-trial proceedings in an MDL include coordinated dispositive motions, such as summary judgment); *Diaz v. Ameriquest Mortg. Co.*, No. 05-cv-7097, 2014 WL 26265, at *2 (N.D. Ill. Jan. 2, 2014) (denying a motion for suggestion of remand where coordinated summary judgment was incomplete).

Prior to any suggestion of remand, Riddell also respectfully requests that the Court address problematic issues with plaintiffs' filings in this MDL. For example, many plaintiffs filed SFCs checking off at least one box for a Riddell defendant without ever having filed an underlying complaint naming a Riddell defendant—much less, having properly effectuated service of process. As another example, even though this Court ordered plaintiffs to timely file SFCs,[10] numerous plaintiffs never filed one. And some plaintiffs who did file an SFC didn't check any Riddell entities off as defendants in their SFCs, even though they originally sued Riddell. Resolution of the status of claims such as these is best determined by the Court that entered the case management orders, that oversaw the SFC filings, and that has presided over this litigation for the last four years.[11] Retaining the claims against Riddell within this MDL will allow this Court to address these and numerous other irregularities resulting from plaintiffs' noncompliance with the rules and the Court's prior orders. Issues such as these should be resolved by this Court *before* any suggestion of remand, to ensure that actions that were improperly filed and are procedurally defective aren't remanded to the Panel, for some other court to resolve.

In addition, the NFL has also responded that suggesting remand of the claims against Riddell would be premature before the deadline has expired for any further appeal of this Court's approval of the settlement.[12] Riddell agrees that this is a valid concern and shares the NFL's view that the Court should not suggest remand at this time.

---

[10] (Case Management Order No. 2, ECF No. 64.)
[11] Riddell maintains that many plaintiffs do not have viable causes of action for among other reasons, some never filed an underlying complaint against a Riddell defendant and some appear to have abandoned their claims against Riddell by not filing an SFC naming a Riddell defendant (or for other reasons).
[12] (Resp. of NFL to Order to Show Cause at 2.)

## II.  Continued MDL coordination of the claims against Riddell is appropriate, whether in this MDL or another.

Coordination or consolidation under 28 U.S.C. § 1407 is appropriate where the cases involve one or more common questions of fact and consolidation will promote the convenience of the parties and witnesses and the just and efficient conduct of the actions.[13] The claims against Riddell by roughly 1,265 player-plaintiffs[14] meet these criteria.

The plaintiffs' products liability-based actions all allege warnings causes of action of some type,[15] and most plaintiffs also allege theories of strict liability for design defect and negligence. About half of the plaintiffs also allege a claim for strict liability based on manufacturing defect.[16] Thus, even though the plaintiffs' product liability claims are individualized and factually disparate (which precludes them from being joined and tried together as explained in Riddell's motion to sever), the claims satisfy the minimal requirements for coordination and MDL treatment under section 1407, as the Panel determined in forming MDL 2323.[17]

Once cases like the actions against Riddell are transferred and consolidated under section 1407, remand to the transferor courts is usually inappropriate if continued consolidation will eliminate duplicative discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel, and the judiciary.[18] Continued coordination of the Riddell actions

---

[13] 28 U.S.C. § 1407(a); *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002).
[14] For simplicity, Riddell includes here an approximate number of plaintiffs who filed at least one SFC against one or more of the Riddell defendants, although whether or not a plaintiff has a valid pending claim against a Riddell defendant is still questionable. *See supra* n.11.
[15] (AMAC ¶¶ 390–96; 406–15; *generally* SFCs.)
[16] (*Generally* SFCs.)
[17] *In re Nat'l Football League Players' Concussion Injury Litig.* (*NFL Litig.*), 842 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012) (finding that centralization under Section 1407 would serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation).
[18] *E.g.*, *In re Aredia & Zometa Prods. Liab. Litig.*, Case No. 3:06-md-1760, 2010 WL 5387695, at *2 (M.D. Tenn. Dec. 22, 2010).

for pretrial proceedings will further the convenience of parties and promote the just and efficient litigation of the actions, since it will prevent duplication of discovery and eliminate the possibility of conflicting pre-trial rulings.

To date, there has been no discovery conducted in any of the actions, either against the NFL or Riddell. Without the benefit of continued coordinated pretrial proceedings, however, there will inevitably be duplicative discovery. Moreover, continued MDL treatment of the claims against Riddell (whether as part of this MDL or in a separate MDL) will allow for better coordination of potentially overlapping discovery by opt-out plaintiffs against the NFL—a concern that the NFL raised.[19]

In addition, without coordinated pretrial proceedings within an MDL, there is also the potential for—if not the inevitability of—inconsistent rulings with respect to Riddell's pending motions, as well as others likely to be filed in these actions. And there is likewise the potential for inconsistent rulings as between Riddell's motions and motions by the NFL on the same or similar issues—e.g., on LMRA preemption.

These actions have been pending as coordinated MDL proceedings for over four years. For the same reasons as the Panel sought to advance when it transferred the actions against Riddell to this MDL in the first place, the claims against it should continue to receive MDL treatment—here, but if not here, then in another MDL—until such time as either the claims are dismissed, or the coordinated pretrial proceedings are properly concluded.

---

[19] (Resp. of NFL to Order to Show Cause at 2.)

**CONCLUSION**

For the foregoing reasons, Riddell respectfully maintains that the Court should not suggest remand at this time. To the extent that the Court is inclined to suggest remand, however, Riddell respectfully requests that the Court include in its suggestion a recommendation of continued MDL treatment for the claims against Riddell.

Respectfully submitted,

*/s/ Paul G. Cereghini*_____
Paul G. Cereghini
Thomas C. Howard
BOWMAN AND BROOKE LLP
2901 N. Central Avenue
Suite 1600
Phoenix, AZ  85012
Telephone:  (602) 643-2300
Facsimile:  (602) 248-0947
paul.cereghini@bowmanandbrooke.com
thomas.howard@bowmanandbrooke.com

Robert L. Wise
BOWMAN AND BROOKE LLP
901 E. Byrd Street, Suite 1650
Richmond, VA 23219
Telephone:  (804) 649-8200
Facsimile:  (804) 649-1762
rob.wise@bowmanandbrooke.com

Eden M. Darrell
BOWMAN AND BROOKE LLP
750 B Street, Suite 1740
San Diego, CA  92101
Telephone: (619) 376-2500
Facsimile: (619) 376-2501
eden.darrell@bowmanandbrooke.com

                                                Thomas P. Wagner
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
2000 Market St.
Suite 2300
Philadelphia, PA 19103
Telephone: (215) 575-4562
Facsimile: (215) 575-0856
tpwagner@mdwcg.com

Attorneys for Defendants RIDDELL, INC.;  ALL AMERICAN SPORTS CORPORATION; RIDDELL SPORTS GROUP, INC.; EASTON-BELL SPORTS, INC.; EASTON-BELL SPORTS, LLC, EB SPORTS CORP.; and RBG HOLDINGS CORP.

8

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was electronically filed and served via ECF on all counsel of record registered to receive service via the Court's ECF system.

                                               _/s/ Paul G. Cereghini_____