# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br>                              Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                              Defendants. | Civ. Action No.: 14-cv-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

AB

## STIPULATION AND [~~PROPOSED~~] ORDER[1]

This Stipulation and Agreement, dated October [14], 2016, is made and entered into by and among the National Football League and NFL Properties LLC (the "NFL Parties"), and Class Counsel (collectively, the "Parties").

WHEREAS, on April 22, 2015, this Court issued a Memorandum (ECF No. 6509) and Final Order and Judgment (ECF No. 6510), and on May 8, 2015, an amended Final Order and Judgment (ECF No. 6534), approving the Settlement Agreement in its entirety;

---

[1] Unless otherwise noted, the terms used in this Order that are defined in the Settlement Agreement have the same meanings in this Order as in the Settlement Agreement.

WHEREAS, on May 4, 2015, Claims Administrator BrownGreer PLC, in accordance with the Final Order and Judgment and the Settlement Agreement, filed the list of Opt Outs who timely submitted proper requests to opt out in compliance with Section 14.2(a) of the Settlement Agreement, including Retired NFL Football Player Donald Ray Jones (ECF No. 6533);

WHEREAS, Donald Ray Jones has since submitted a written request seeking to revoke his Opt Out request (*see* Exhibit 1 (Declaration of Orran L. Brown, Sr.));

WHEREAS, the Parties have agreed to accept the revocation request submitted by Donald Ray Jones, subject to Court approval, because he submitted the request before Opt Out litigation has commenced in this Court;

**AND NOW**, this [14th] day of October, 2016, it is hereby stipulated and agreed by the Parties that the revocation request submitted by Donald Ray Jones is accepted, subject to Court approval, because he submitted the request before Opt Out litigation has commenced in this Court.

It is so **STIPULATED AND AGREED,**

By: _____

Date: _____10/14/16_____

Christopher Seeger
**SEEGER WEISS LLP**
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
cseeger@seegerweiss.com

*Class Counsel*

By: _____

Date: _____Oct. 14, 2016_____

Brad S. Karp
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: (212) 373-3000
bkarp@paulweiss.com

*Counsel for the NFL Parties*

It is so **ORDERED**, based on the above Stipulation and the accompanying Declaration of Orran L. Brown, Sr., that the revocation request submitted by Donald Ray Jones is approved and the Claims Administrator is **DIRECTED** to post a revised list of Opt Outs forthwith excluding Donald Ray Jones.

_____
ANITA B. BRODY, J.

10/24/16

Copies **VIA ECF** on _____ to:       Copies **MAILED** on _____ to:

3

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

## DECLARATION OF ORRAN L. BROWN, SR.

I, ORRAN L. BROWN, SR., hereby declare and state as follows:

1. My name is Orran L. Brown, Sr. I am the Chairman and a founding partner of BrownGreer PLC ("BrownGreer"), located at 250 Rocketts Way, Richmond, Virginia 23231.

2. I am over the age of 21. The matters set forth in this Declaration are based upon my personal knowledge and information.

3. I submit this Declaration to describe the Opt Out revocation request by Donald Ray Jones that BrownGreer, as the Claims Administrator under the Class Action Settlement Agreement in this action, received on October 13, 2016.

4. In its April 22, 2015 Final Approval Order and Judgment, the Court directed the Claims Administrator to post a list of Opt Outs as of that date. Accordingly, we posted on the official Settlement website a list of the 175 Opt Outs that were timely and included all elements required for a valid Opt Out under Section 14.2(a) of the Settlement Agreement and a list of the 33 Opt Outs that were untimely and/or were missing one or more of Section 14.2(a)'s required elements. Section 14.2(c) of the Settlement Agreement provides

1

that a Class Member who had opted out but wished to revoke that Opt Out could submit a written request to do so "[p]rior to the Final Approval Date."

5. At various times after the April 22, 2015 Final Approval Date, eleven persons who opted out submitted requests to revoke their Opt Outs. The Parties to the Settlement Agreement agreed to accept those revocation requests, subject to Court approval. In each instance, the Parties reported the revocation requests to the Court. By Orders of July 15, 2015 (Document 6642), December 22, 2015 (Document 6713), January 26, 2016 (Document 6739), and September 15, 2016 (Document 6907), the Court approved all the revocations. As a result, we no longer counted those persons as Opt Outs and posted on the Settlement website a revised list of Opt Outs, now called the Timely Opt Out Requests Containing All Information Required by Section 14.2(a) or Otherwise Approved by the Court, to reflect results in the Orders.

6. By Order of September 8, 2016 (Document 6902), the Court approved a motion to include five plaintiffs on the List of Pending Actions in MDL 2323 Involving Opt Out Plaintiffs. We then moved those five persons to the list of Timely Opt Out Requests Containing All Information Required by Section 14.2(a) or Otherwise Approved by the Court, which now contains 169 names.

7. On October 13, 2016, we received by mail a letter from Mr. Donald Ray Jones, who is one of the 169 persons on the list of Timely Opt Out Requests Containing All Information Required by Section 14.2(a) or Otherwise Approved by the Court, asking to revoke his Opt Out. I have attached to this Declaration a copy of his letter, after redacting his personal identifying information. The Parties to the Settlement Agreement have agreed to accept his revocation request, subject to Court approval. If the Court grants its approval, we

will no longer count Mr. Jones as an Opt Out and, upon direction of the Court, will post on the Settlement website a revised list of Timely Opt Out Requests Containing All Information Required by Section 14.2(a) or Otherwise Approved by the Court.

I, Orran L. Brown, Sr., declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on this 14th day of October, 2016.

_____
Orran L. Brown, Sr.



**DONALD RAY JONES**

Address ███████████████
████████████████
phone: ███████████
email: ████████████

**VIA CERTIFIED MAIL**
NFL Concussion Settlement
P.O. Box 25369
Richmond, VA 23260

Re: Request to revoke timely Opt Out under the NFL Concussion Settlement

To whom it may concern:

I wish to revoke my request to be excluded from the Settlement Class as set forth in that certain Class Action Settlement Agreement (as amended) in the case known as In re: National Football League Players' Concussion Injury Litigation, No. 2:12-md-02323, which was filed in the U.S. District Court for the Eastern District of Pennsylvania.

My full name, address and telephone number are set forth above. My date of birth is ████████ and my Notice ID under the aforementioned litigation is ████████.

Please confirm receipt of this letter and revocation of my previous request to be excluded from the Settlement Class.

Sincerely,

*/s/ Donald Ray Jones/*

Donald Ray Jones

cc: Anoush Hakimi, Esq.

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true copy of the foregoing document was served electronically via the Court's electronic filing system on the 14th day of October, 2016, upon all counsel of record.


Dated:  October 14, 2016         /s/ Brad S. Karp
                                 Brad S. Karp