UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY E. HAMILTON,<br>Plaintiff<br><br>v.<br><br>BERT BELL/PETE ROZELLE<br>NFL PLAYER RETIREMENT PLAN,<br>RETIREMENT BOARD OF THE BERT<br>BELL NFL RETIREMENT PLAN,<br>BECKY SUE THOMPSON, ESQ.<br>JOHN DOE, JANE DOE, ABC<br>CORPORATION (FICTIOUS ENTITIES<br>OR PERSONS TO BE DISCOVERED)<br>Defendants | MDL No. 2323<br>12-md-2323 and 14-6353 |

## SECOND AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER AND RECONIDERATION IF NECESSARY

AND NOW, Comes Harry E. Hamilton, Plaintiff appearing pro se, and in accordance with appropriate Rules of Federal Civil Procedure files this motion averring as follows:

12. Plaintiff, Harry Hamilton (Hamilton) incorporates by reference paragraphs 1-4 in the prior filing for a restraining order and 5-11 of the amended motion for temporary restraining order and reconsideration as if more fully set forth herein noting the prior denial entered November 7, 2016 and unaware of any other order.

13. Hamilton files blindly because of the urgency of funds for Hamilton and family.

14. Because Hamilton believes and therefore avers that there is a strong likelihood of ex parte communication with the state court generated to benefit defendants and other third party beneficiaries perhaps pressuring the deciding jurist, Hamilton seeks the immediate involvement of this Honorable Court and attaches the relevant portion of

an order dated December 1, 2016, the date of the filing of the amended motion but entered/filed December 5, 2016.[1]

15. For the foregoing reasons, Hamilton respectfully requests an immediate restraining order and a permanent injunction plus an immediate installment payment of $30,000 on the $5,000,000 claimed.

Wherefore Hamilton requests a temporary restraining order on the withholding of retirement pay currently withheld with direction to make payment of all funds currently withheld immediately pending further order of court, a permanent injunction, an immediate installment payment of $30,000 on $5,000,000 claimed and any other appropriate relief.

Respectfully submitted,

December 7, 2016

Harry Hamilton, Plaintiff, Pro Se
167 Oak Street
P.O. Box 1737
Wilkes-Barre, PA 18702
Cellular (973)-951-9091

---

[1] Hamilton makes this allegation due not only to the nature of defendant Becky Sue Thompson, Esq. (wherein the court refers to Ms. Thompson as proceeding pro se when this litigation does not appear of record in the state court proceeding to the best of Hamilton's knowledge) but also because Hamilton cannot find in Pennsylvania jurisprudence, dating to legislation of May 5, 1682 respecting common law marriage, any precedent for moving the state case from common law to equity, much less, notice of such a procedural result. Further, paragraph 2 under statutory factors would render the case/marriage for which payment is purportedly withheld and sought void. Kindly see specifically, 23 Pa.C.S. 3304 (b) (concerning collateral proceedings), Reynolds v. United States, 98 US 145 (1879) (at common law the second marriage is void), Com. of Pa. ex rel Alexander v. Alexander, 289 A. 2d 83, 85 (dicta that a prior marriage not terminated would not entitle subsequent 'wife' to support) and Steadman v. Turner, 516 A.2d 21 (Pa.Super 1986).

### C. NEW JERSEY PROPERTY

Similarly, with respect to the home in Long Branch, New Jersey, Wife calculated the four year increase in value at Twenty-Three Thousand Nine Hundred Thirty-Five Dollars ($23,935.00). We value the Long Branch property at Five Thousand Nine Hundred Eighty-Four Dollars ($5,984.00).

### D. NFL PENSION

Husband's career in the NFL ended prior to the date of marriage. As best we understand the evidence, Husband did not begin receiving benefits until after the date of separation. No definitive evidence was presented with regard to any increase in value between 2000 and 2001 in Husband's NFL Pension. Because of the brief length of the marriage, we find Wife is not entitled to any portion of Husband's pension or any future recovery under pending concussion litigation.

### STATUTORY FACTORS

1. As previously discussed, we are bound by Judge Grine's determination that the marriage occurred on November 7, 2000 and we have found that the separation occurred in the fall of 2001.

2. Wife was not previously married. It is unclear from the record how many times Husband has been married; in fact, it appears Husband may well have been married to several different women during his marriage to Wife.

3. Wife is fifty-one (51) years of age, a graduate of Penn State University with serous health issues linked to the stress caused by this litigation. Wife is a paraprofessional in the State College School District earning Thirteen Thousand

J. MICHAEL WILLIAMSON
SENIOR JUDGE

COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY E. HAMILTON,<br>    Plaintiff<br><br>    v.<br><br>BERT BELL/PETE ROZELLE<br>NFL PLAYER RETIREMENT PLAN,<br>RETIREMENT BOARD OF THE BERT<br>BELL NFL RETIREMENT PLAN,<br>BECKY SUE THOMPSON, ESQ.<br>JOHN DOE, JANE DOE, ABC<br>CORPORATION (FICTIOUS ENTITIES<br>OR PERSONS TO BE DISCOVERED)<br>    Defendants | MDL No. 2323<br>12-md-2323 and 14-6353 |

## CERTIFICATE OF SERVICE

I, Harry Hamilton, Plaintiff in the above-captioned matter, hereby certify that I am causing a true and correct copy of the foregoing to be served this 7th day of December 2016 via United States mail postage prepaid to the following:

NFL through Ms. Meyli Markward
C/O Groom Law Group, Chartered
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006-5811
(also via email)

Becky Sue Thompson, Esq.
112 W. Foster Av
State College, PA 16801

Harry Hamilton, Plaintiff, Pro Se
167 Oak Street
P.O. Box 1737
Wilkes-Barre, PA 18702