# EXHIBIT H

| | |
|---|---|
| **From:** | Robert Penza |
| **Sent:** | Tuesday, May 03, 2016 10:21 AM |
| **To:** | STEVEN C. MARKS |
| **Subject:** | RE: NFL - Kevin Turner |

Steve,

I have reviewed your additional revised proposed Authority to Represent and I am sorry but it is still not agreeable. I do not believe it is appropriate for the Estate of Paul Kevin Turner (the "Estate") to execute the 2012 retainer agreement signed by Kevin, even with the qualifier that the Estate reserves the right to object to the fee percentages stated in the 2012 retainer agreement.

This 2012 retainer agreement was signed before there was even any class action proceedings, let alone the class action settlement with the NFL. It is my belief that once Kevin agreed to limit his recovery to the class action settlement award, became a class representative for the class action settlement and your firm agreed to serve as class counsel, the 2012 retainer agreement is no longer applicable. Instead, Kevin, and now his Estate, is limited to the class action award, $5 million, and his attorney's fees are to be paid separately by the NFL, not out of the Estate's recovery and class action award, subject to the Court's approval. If Kevin opted out of the proposed NFL Settlement Agreement, so that he could continue to pursue his own individual award, with individual counsel, not class counsel, which may have far exceeded the $5 million class action set figure, then I would totally understand a contingent fee retainer agreement, such as the 2012 retainer agreement Kevin signed with your firm. However, Kevin did not opt out, indeed he supported the NFL class action settlement to help make it possible for others, and in so doing, he is limited to the class action recovery, when this matter reaches a final non-appealable order. Likewise, your firm is limited to the recovery of attorney's fees as provided by the NFL class action settlement.

Please understand I do admire the hard work performed by you and your firm to accomplish the results obtained so far with the NFL class action settlement. Also, you deserve to be well compensated for your accomplishments, and I expect you will be, just not out of the Estate's class action award. I agree with Judge Ambro's Appellate decision that this class action settlement is fair, even if it is not perfect. Accordingly, there is little risk now that any further procedural challenges will be able to disturb the Class Action Settlement Agreement reached by the parties, approved by Judge Brody and now affirmed by the Appellate Court. This settlement agreement is going to happen, I want the Estate to receive the full award when it is soon to be available, so that Kevin's estate planning intentions can be fulfilled. Also, the attorneys involved that helped make this NFL settlement happen, such as you, should be well compensated for their efforts, as I believe they will. The settlement agreement provides that the NFL will not object to paying a total fee award of $112.5 million to class counsel, of which your firm is one of six (6) firms.

If you believe I am still misunderstanding something in the settlement agreement, court decisions or your 2012 retainer agreement, all of which I have reviewed carefully, which provides your firm with the right to recover fees from some percentage of the Estate's class action award, please direct me where to look or what legal authority I should be considering, I just want to do what is right, as I know Kevin would as well. Thanks.

Bob

**Robert Penza**
*Shareholder*

rpenza@polsinelli.com
**302.252.0945**
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801

polsinelli.com

1