# EXHIBIT I



222 Delaware Avenue, Suite 1101, Wilmington, DE 19801    (302) 252-0920

August 15, 2016

Robert A. Penza
(302) 252-0945
(302) 252-0921  Fax
rpenza@polsinelli.com

***Via Email and U.S. Mail***
Steven C. Marks
Podhurst Orseck. P.A.
25 W. Flager Street, Suite 800
Miami, FL 33130

> **Re:**   **In Re: National Football League Players' Concussion Injury
> Litigation No. 2:12-md-02323-AB**

Dear Steve,

As you know, we represent the Estate of Paul Kevin Turner (the "Estate"). Hopefully no further appeals are filed by objectors to the NFL Settlement Agreement by August 30, 2016, with the Effective Date occurring following the expiration of this deadline. In anticipation of the ability of the Estate to seek the monetary award under the NFL Settlement Agreement ("Monetary Award") relatively soon, we now need to finally resolve the ongoing dispute as to whether PodHurst Orseck, P.A., ("PodHurst") or any other attorneys are entitled to receive fees or expenses, out of the Estate's Monetary Award.

Earlier this summer you have referenced an executed Authority to Represent contingency fee agreement dated on or about January 18, 2012, between Paul Kevin Turner ("Kevin") and PodHurst, et. al, ("Contingency Fee Agreement") as a contractual basis to claim a portion of the Monetary Award. You have indicated it is your position that PodHurst has the ability to collect a fee from both the Monetary Award, due to this Contingency Fee Agreement, and also from the NFL, as provided in the NFL Settlement Agreement. As you know, we disagree.



Steven C. Marks
August 15, 2016
Page 2

We have indicated it is the Estate's position, that if the only recovery PodHurst obtains for the Estate is through the NFL Settlement Agreement, then we expect PodHurst to seek recovery for all of its fees and expenses related to their representation of Kevin and the Estate from the $112.5 Million Attorney's Fees Qualified Settlement Fund, as provided under Article XXI, Section 21.2 of the NFL Settlement Agreement.

To resolve this fee dispute, we propose the enclosed Amended Authority to Represent, between PodHurst, et al. and the Estate. We have reviewed these terms with the personal representative of the Estate, Paul Raymond Turner ("Raymond") and they are acceptable to the Estate. This Amended Authority to Represent is intended to define the parties' position, going forward, with regard to fees. If PodHurst remains unwilling to execute this Amended Authority to Represent, to assure the Estate that PodHurst will not attempt to collect fees or expenses out of the Monetary Award, then the Estate will engage other counsel to collect the Monetary Award after the Effective Date, at no charge to the Estate.

Our fundamental disagreement is over the legal concept of whether the Contingency Fee Agreement remains enforceable, in light of the circumstances of this case. Namely, Kevin agreed to forgo his pending claims in favor of supporting the NFL Settlement Agreement and serving as a Class Representative. We do not disagree as to whether PodHurst should be well compensated for its efforts on behalf of Kevin and your role in reaching the terms contained in the NFL Settlement Agreement. Indeed, we believe this NFL Settlement Agreement is a good and fair result for all parties and PodHurst is deserving of compensation, just not from the Monetary Award for the Estate.

We have researched our respective legal fee disagreement with PodHurst and we direct your attention to *Warnell v Ford Motor Co.*, 205 F.Supp. 2d 956 (N.D.Ill 2002) and *Dunn v. H.K Porter Co.*, 602 F.2d 1105 (3d Cir. 1979). If we remain at an impasse and PodHurst continues to contend it has a contractual or other basis to seek recovery for fees or expenses of any amount from the Monetary


POLSINELLI

Steven C. Marks
August 15, 2016
Page 3


Award, then we are prepared to have this dispute resolved by the Honorable Anita B. Brody of the United States District Court for the Eastern District of Pennsylvania. We are hopeful this dispute does not come to that, but it is and has been within your power for some time now to avoid this result.

Please review the enclosed Amended Authority to Represent and if acceptable, return a duly authorized executed copy back to me no later than August 25, 2016. I will in turn provide you with a counter-signed copy from the Estate prior to August 30, 2016. I thank you in advance for your prompt attention to this issue.


Very truly yours,

Robert A. Penza


RAP:wmh

Enclosure

cc:    Raymond Turner
       Jack Brady, Esq.
       Brisa Wolfe, Esq.

## <u>AMENDED AUTHORITY TO REPRESENT</u>

I, Paul Raymond Turner, the duly appointed, Personal Representative of the Estate of Paul Kevin Turner (the "Client") acknowledge that my deceased son, Paul Kevin Turner, previously retained and employed the law firms of Podhurst Orseck, P.A.; James E. Doddo, P.A.; and Bradley K. Blank, Esq., as his attorneys to represent him in a claim for damages that he made against the National Football League and against other persons, firms or corporations that might be liable for the injuries that Paul Kevin Turner sustained while he was a player in the National Football League.  Attached hereto is a copy of the Authority to Represent dated January 18, 2012 that my son signed which engaged these three law firms to represent him in his claims.

As is reflected in the attached Authority to Represent, my son agreed to pay the three law firms that he employed a contingent fee of forty percent (40%) of any recovery, plus an additional five (5%) if an appellate proceeding had to be filed post judgment in order to recover on any judgment.

It is now time because of subsequent developments to amend the original Authority to Represent. Therefore, all parties to that original agreement have agreed to execute this Amended Authority to Represent and wish to set forth their agreed to reasons for entering into this Amend agreement.

After filing the lawsuit on behalf of Paul Kevin Turner, Paul Kevin Turner and his undersigned lawyers agreed to convert my son's case into a class action lawsuit where my son would ask the Court to appoint him as the class representative for thousands of other National Football League players.  It is my further understanding that in agreeing to become a class representative, and thereafter supporting the class action settlement that was reached with the National Football League, ("NFL Concussion Settlement Agreement") that my son gave up a

number of very valuable rights, including his right to a jury trial and his right to recover substantially more money than he will be entitled to under the class settlement.

It is also my understanding that once my son agreed to be a class representative that his lawyers from the law firm Podhurst Orseck, P.A., were subsequently then appointed class counsel not only for my son but also for thousands of other National Football League players, and that his attorneys have, pursuant to the NFL Concussion Settlement Agreement, the right to request, along with other class counsel, that the Court approve payment from the National Football League of up to $112,500,000 in attorneys' fees and expenses for their representation of my son and other class members.

It is agreed and understood that my attorneys will divide whatever fee they earn from the NFL Concussion Settlement Agreement in accordance with the Canon of Ethics and will divide that fee among themselves depending upon the performance of services as provided by each of them in representing my son and his estate.

It is also agreed and understood that (1) my attorneys will make the appropriate claim for a Monetary Award on behalf of the estate once the NFL Concussion Settlement Agreement has attained the Effective Date as defined in the agreement, (2) my attorneys will seek compensation on behalf of the estate for Paul Kevin Turner's services as class representative, and (3) that my attorneys will not seek any payment of a contingent fee or reimbursement of case expenses out of the $5,000,000 Monetary Award or from the compensation obtained for Paul Kevin Turner's services as class representative that the estate is entitled to pursuant to the NFL Concussion Settlement Agreement.

The undersigned Client has, before signing this Amended Authority to Represent, received and read the Statement of Client's Rights, and understands each of the rights set forth

54439597.1

therein.  The undersigned Client has signed this statement and received a signed copy to keep to refer to while being represented by assigned attorneys.

This Amended Authority to Represent may be cancelled by written notification to the attorneys at any time within three (3) business days of the date of the Amended Authority to Represent is signed as shown below and if cancelled, the client shall not be obligated to pay any fees to the attorneys for the work performed during that time.

This _____ day of August, 2016,


_____
Paul Raymond Turner, Duly Appointed Personal
Representative of the Estate of Paul Kevin Turner

The above employment is hereby accepted on the terms stated.

**Podhurst Orseck P.A.**
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, Florida  33130
Telephone: (305) 358-2800

By: _____
      Steven C. Marks
      Florida Bar No. _____


**James E. Doddo, P.A.**
7695 SW 104th Street, Suite 210
Miami, Florida  33156
Telephone: (305) 668-0003

By: _____
      James E. Doddo
      Florida Bar No. 173028


**Bradley K. Blank, Esq.**
1800 Sunset Harbour Drive, Suite 2402
Miami, Florida  33139
Telephone: (617) 247-9800

By: _____
      Bradley K. Blank
      Florida Bar No. _____

54439597.1



*Kevin Turner*
*106*

## AUTHORITY TO REPRESENT

I, the undersigned client, do hereby retain and employ the firms of PODHURST ORSECK, P.A., JAMES E. DODDO, P.A., and BRADLEY K. BLANK, ESQ. as my attorneys to represent me in my claim for damages against THE NATIONAL FOOTBALL LEAGUE, or any other person, firm or corporation liable, resulting from injuries sustained while a player in the NFL.

I hereby agree to pay from any recovered amount, the cost of investigation including reasonable charges for in-house charges for services and, should it be necessary to institute suit, the court costs including the actual amount charged by third party providers of services to the attorney. As compensation for their services, I agree to pay my said attorneys, from the proceeds of any gross recovery, including any awarded attorneys' fees, the following fees:

  a.    40% of any recovery; plus

  b.    An additional 5% of any recovery after institution of any appellate proceeding is filed or post-judgment relief or action is required for recovery on the judgment.

JAMES E. DODDO, P.A., BRADLEY K. BLANK, ESQ. and the law firm of PODHURST ORSECK, P.A. will participate in the fees set forth above, and JAMES E. DODDO, P.A. and BRADLEY K. BLANK, ESQ. will be responsible and available to the client for consultation, will participate and assist in preparation of the case, and will bear full responsibility to the client, for its processing, up to final conclusion together with PODHURST ORSECK, P.A. PODHURST ORSECK, P.A. will be the lead trial and appellate counsel.

On the basis of work performed in accordance with the Canon of Ethics, and depending upon performance of services as anticipated under this agreement, PODHURST ORSECK, P.A. will share in the fees derived to the extent of 75%, JAMES E. DODDO, P.A. to the extent of 15%, and BRADLEY K. BLANK, ESQ. to the extent of 10%.

It is agreed and understood that this employment is upon a contingent fee basis, and if no recovery is made, I will not be indebted to my said attorneys for any sum whatsoever as attorneys' fees and costs.

The undersigned client has, before signing this Authority to Represent, received and read the Statement of Client's Rights, and understands each of the rights set forth therein. The undersigned client has signed the statement and received a signed copy to keep to refer to while being represented by the undersigned attorneys.

---

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

This Authority to Represent may be canceled by written notification to the attorneys at any time within 3 business days of the date the Authority to Represent was signed, as shown below, and if canceled the client shall not be obligated to pay any fees to the attorneys for the work performed during that time.  If the attorneys have advanced funds to others in representation of the client, the attorneys are entitled to be reimbursed for such amounts as they have reasonably advanced on behalf of the client.

Dated at Miami, Florida, this _____ day of _____, 2012.

KEVIN TURNER

The above employment is hereby accepted upon the terms stated therein.

**PODHURST ORSECK, P.A.**
City National Bank Building
25 West Flagler Street, Suite 800
Miami, FL 33130
Telephone: (305) 358-2800
Fax: (305) 358-2382

By: _____  1/19/12
Ricardo M. Martinez-Cid   Fla. Bar No. 0131458
Florida Bar No. 383988

**JAMES E. DODDO, P.A.**
7695 SW 104 Street, Suite 210
Miami, FL 33156-3159
Telephone: (305) 663-3333
Fax: (305) 668-0003

By: _____
James E. Doddo
Florida Bar No. 173028

**BRADLEY K. BLANK, ESQ.**
1800 Sunset Harbour Drive, Suite 2402
Miami Beach, FL 33139
Telephone: (617) 247-9800

-2-

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382  •  Fort Lauderdale 954.463.4346        www.podhurst.com

## STATEMENT OF CLIENT'S RIGHTS

Before you, the prospective client, arrange a contingency fee agreement with a lawyer, you should understand this Statement of your rights as a client. This Statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1.      There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2.      Any contingent fee contract must be in writing and you have three (3) business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within three (3) business days of signing the contract. If you withdraw from the contract within the first three (3) business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the three-day period, you may have to pay a fee for work the lawyer has done.

3.      Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training and experience. If you ask, the lawyer should tell you specifically about his or her actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4.      Before signing a contingency fee contract with you, a lawyer must advise you whether he or she intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, he or she should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least one lawyer from each law firm must sign the contingency fee contract.

5.      If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6.      You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346      www.podhurst.com

periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

7.     You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money which you might have to pay to your lawyer for costs and liability you might have for attorney's fees, costs, and expenses to the other side.

8.     You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement your lawyer cannot pay any money to anyone, including you, without an appropriate order of the court. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9.     You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10.     You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11.     If at any time, you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 850-561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under *Chapter 682, Florida Statutes*, or under the fee arbitration rule of the *Rules Regulating The Florida Bar*) be included in your fee contract.

DATE: _____          _____

                                      KEVIN FURNER

DATE: _____          _____

-4-

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

**PODHURST ORSECK, P.A.**
City National Bank Building
25 West Flagler Street, Suite 800
Miami, FL 33130
Telephone: (305) 358-2800
Fax: (305) 359-2382

DATE: _____     By: _____  1/18/12
                            Ricardo M. Martinez-Cid   Fla. Bar No. 0131458
                            Florida Bar No. 383988

**JAMES E. DODDO, P.A.**
7695 SW 104 Street, Suite 210
Miami, FL 33156-3159
Telephone: (305) 663-3333
Fax: (305) 668-0003

DATE: 1/19/12     By: _____
                     James E. Doddo
                     Florida Bar No. 173028

**BRADLEY K. BLANK, ESQ.**
1800 Sunset Harbour Drive, Suite 2402
Miami Beach, FL 33139
Telephone: (617) 247-9800

DATE: _____

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com