# EXHIBIT J



# PodhurstOrseck
TRIAL & APPELLATE LAWYERS

Aaron S. Podhurst
Robert C. Josefsberg
Joel D. Eaton
Steven C. Marks
Peter Prieto
Stephen F. Rosenthal
Ricardo M. Martinez-Cid
Ramon A. Rasco
John Gravante III
Roy K. Altman
Lea P. Valdivia
Matthew P. Weinshall
Alissa Del Riego

Robert Orseck (1934-1978)
Walter H. Beckham, Jr. (1920-2011)

Karen Podhurst Dern
Of Counsel

October 17, 2016
*Via Email: rpenza@polsinelli.com and U.S. Mail*

Robert A. Penza
Polsinelli
202 Delaware Avenue
Suite 1101
Wilmington, Delaware 19801

      **Re:** *In re National Football League Players' Concussion Injury Litigation,*
           **No. 2:12-md-02323-AB**

Dear Bob,

      I am writing in response to your August 15, 2016 letter regarding our representation of Paul Kevin Turner ("Kevin") in connection with the above-referenced matter. Thank you for extending the deadline from August 25, 2016 until today to respond to your letter.

      My partners and I have considered the proposal set forth in your letter and the "Amended Authority to Represent" attached thereto, and after researching and discussing the issue at length, we have determined that we cannot agree to the terms you have proposed, for a number of reasons. Still, since your proposal depends on us receiving court-awarded attorneys' fees pursuant to the settlement, we believe that it is premature to present our apparent dispute to the Court, as no fees have been requested from, much less awarded by, the Court yet.

      It is a shame that we find ourselves in this adversarial position. I came to be very close to Kevin over the five years that I was fortunate to know him, and every member of our firm who had the pleasure of dealing with him came to cherish him as a human being. It was a true privilege to represent such a wonderful person. You will recall that our relationship with Kevin began back on September 26, 2011, when you accompanied him to Miami to meet with my partners Stephen Rosenthal and Ricardo Martinez-Cid. After the meeting, Kevin decided that he wished to be represented by our firm, notwithstanding overtures to him by other law firms. Kevin ultimately signed the Authority to Represent with our firm that is attached to your letter and sent it to our office in Miami. Stephen Rosenthal then signed it in Miami on January 18,

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2700, Miami, FL 33131 Miami 305.358.2800 Fax 305.358.2382 • Ft. Lauderdale 954.463.4346 | www.podhurst.com

Robert A. Penza
October 17, 2016
Page 2

2012. Under the Authority to Represent, Kevin agreed to pay "40% of any recovery" plus "[a]n additional 5% of any recovery after institution of any appellate proceeding" as attorneys' fees for our services.

For the next four-plus years, we proudly and zealously represented Kevin under this contingency agreement, investing substantial amounts of our time and resources with the knowledge that we would not receive any compensation unless Kevin prevailed on his claims. We originally filed suit on Kevin's behalf in the U.S. District Court for the Southern District of Florida, and when an MDL was established, we filed a short-form complaint for Kevin in the MDL in the U.S. District Court for the Eastern District of Pennsylvania. Our representation of Kevin in his individual case involved myriad tasks, including contacting his doctors and collecting relevant medical records, accompanying him to various speaking events at his request, coordinating with his worker's compensation counsel in connection with Kevin's deposition in his worker's compensation case, advising him regarding his individual media appearances, which he often did for the Kevin Turner Foundation, and generally being available to speak with him on a regular basis to address his concerns. During this lengthy relationship, my partners, staff, and I developed close personal bonds with Kevin, met his children, and became true friends.

Our dedicated work on Kevin's behalf led to the class action settlement with the NFL, which ultimately won approval as fair and reasonable from both the federal district court and Third Circuit Court of Appeals. Kevin was thrilled with and proud of the settlement, and therefore agreed to serve as a class representative for players who would be entitled to compensation immediately. Although your letter recognizes that the settlement is "a good and fair result for all parties," your proposed Amended Authority to Represent suggests otherwise, stating that Kevin "gave up a number of very valuable rights, including his right to a jury trial and his right to recover substantially more money than he will be entitled under the class settlement." To be clear, we believe that the monetary award we secured for Kevin under the settlement represents fair compensation for his claims, given the defenses that the NFL presented and the risks of continued litigation.

As I have emphasized during our prior conversations, the last thing I want is to have a fee dispute with Kevin's estate. On both a personal and a professional level, I would be saddened by that. Our firm remains open to exploring creative ideas towards resolving the impasse, and we have been trying to brainstorm ways in which it might be possible to both receive just compensation for our efforts on behalf of Kevin's individual claim and maximize the award to Kevin's estate. Much remains to be decided in the district court regarding fees, and because of the objectors' petitions for certiorari in the Supreme Court, it is unlikely that any decision on fees will be made for several months. I am sending you this response now, to respect the deadline you have established, but I hope that you receive it in the non-adversarial spirit with which it is intended. In the interest of advancing the discussion between us regarding how to handle the present disagreement, let me address below some of the legal points you have raised.

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2700, Miami, FL 33131  Miami 305.358.2800  Fax 305.358.2382 • Ft. Lauderdale 954.463.4346    www.podhurst.com

Robert A. Penza
October 17, 2016
Page 3

Your letter asserts that our fee agreement with Kevin is unenforceable because his claims were settled through a class settlement. Respectfully, we disagree with this argument. Courts routinely enforce contingency agreements in connection with class settlements and similar mass-tort settlements. *See, e.g., In re Zyprexa Prod. Liab. Litig.*, 424 F. Supp. 2d 488 (E.D.N.Y. 2006); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine)*, No. CIV.A. 99-20593, 2004 WL 1243736 (E.D. Pa. June 4, 2004); *In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.*, 290 F. Supp. 2d 840 (N.D. Ohio 2003); *Fanning v. Acromed Corp.*, No. 1014, 2000 WL 1622741, at *1 (E.D. Pa. Oct. 23, 2000).

Indeed, in one of the two cases cited in your letter, *Dunn v. H.K. Porter Co.*, 602 F.2d 1105, 1113 (3d Cir. 1979), the Third Circuit reversed a district court order invalidating a contingency fee agreement in connection with a class settlement, holding that numerous factors "favor deference to the parties' contractual arrangement" if it was entered into prior to the litigation, as occurred here. *Id.* at 1111. The other case cited in your letter, *Warnell v. Ford Motor Co.*, 205 F. Supp. 2d 956, 961 (N.D. Ill. 2002), is inapplicable, because the attorneys there failed to disclose that they would be enforcing contingency fee agreements when they petitioned the court for fees from the settlement. Here, in contrast, the settlement agreement itself recognizes that individual contingency fee agreements will be applied to monetary awards (*see* Section 21.1, addressing how set-aside amounts will be deducted from fees payable to individual counsel), and while class counsel has not petitioned the Court for fees yet, all requisite disclosures will be made when such a petition is filed.

Even though the law is clear that our fee agreement remains enforceable and your letter recognizes that our firm is "deserving of compensation," your proposed Amended Authority to Represent asks us to waive our fee entirely as to Kevin's monetary award. That is not a reasonable proposal. As the settlement was reached when our fee agreement was indisputably in effect, we are permitted to "rely on the contingency agreement for [our] fee." *Cooper v. Ford & Sinclair, P.A.*, 888 So. 2d 683, 690 (Fla. 4th DCA 2004). Nonetheless, as I have assured you on several occasions, although the contract to which Kevin agreed calls for a 45% fee, we will not seek the full 45% fee from Kevin's monetary award. We had already decided some time ago that we would not seek the full contractual fee under our contingency agreements in this matter. After having met with my partners this weekend, I can be more precise regarding our intentions with respect to the fee on Kevin's case. I can now assure you that we will not seek more than 25% of Kevin's monetary award for our fee under the Authority to Represent to which Kevin agreed. That is consistent with our intentions with respect to all of our clients in the concussion litigation.

As you are aware, we will also be seeking class counsel fees under Section 21.1 of the settlement. At this time, however, the total amount of fees that will be awarded by the Court to class counsel and the amount of those fees that will be allocated to our firm are completely unknown, as a fee petition has not been filed yet. Still, even if our firm receives an award of class counsel fees, which would represent compensation for our work on behalf of, and the benefits conferred on, the entire class, including unrepresented class members, we would still be permitted to receive compensation under our agreement with Kevin for our work on his case in

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2700, Miami, FL 33131 Miami 305.358.2800 Fax 305.358.2382 • Ft. Lauderdale 954.463.4346    www.podhurst.com

Robert A. Penza
October 17, 2016
Page 4

particular. This work included not only what I listed above in connection with Kevin's individual claims, but it also included – after the achievement of the settlement – advising him individually regarding the settlement and negotiating an advance of his monetary award.

Even though we cannot agree to the Amended Authority to Represent that you have proposed, which asks us to sacrifice entirely any fee for the work we did on behalf of Kevin individually, we remain hopeful that the current disagreement can be resolved without Court intervention. At a minimum, even if a negotiated resolution cannot be reached, we do not believe that our apparent dispute is ripe for the Court's consideration at this time. Since your proposal depends on our firm petitioning the Court for and receiving fees under Section 21.1 of the settlement, it is necessary to wait until such fees are awarded and allocated before presenting our apparent dispute to the Court.

In the meantime, we would be pleased to assist Kevin's estate in submitting a claim for a monetary award, if you and Raymond Turner, as the personal representative of Kevin's estate, authorize us to do so. Such additional authorization is required because our fee agreement was with Kevin and not his estate, and his untimely death extinguished our authority to act on his behalf. *Rogers v. Concrete Scis., Inc.*, 394 So. 2d 212, 213 (Fla. 1st DCA 1981). Of course, we also understand if you wish to retain separate counsel to submit a claim on behalf of Kevin's estate, as indicated in your letter. If the estate chooses to retain separate counsel to submit a claim, we do not believe that it is necessary to file anything in the U.S. District Court for the Eastern District of Pennsylvania at this time, as any claim would be submitted, in the first instance, to the Claims Administrator, not the Court.

As always, please contact me if you have any questions or would like to discuss this further.

Sincerely,

Steven C. Marks

cc:  Ricardo M. Martinez-Cid
     Stephen F. Rosenthal
     Matthew P. Weinshall

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2700, Miami, FL 33131  Miami 305.358.2800  Fax 305.358.2382 • Ft. Lauderdale 954.463.4346    www.podhurst.com