# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br><div align=right>Plaintiffs,</div><br><div align=center>v.</div><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><div align=right>Defendants.</div> | Civ. Action No.:  14-cv-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## STIPULATION AND [PROPOSED] ORDER[1]

This Stipulation and Agreement, dated January [12], 2017, is made and entered into by and among the National Football League and NFL Properties LLC (the "NFL Parties"), and Class Counsel (collectively, the "Parties").

WHEREAS, on April 22, 2015, this Court issued a Memorandum (ECF No. 6509) and Final Order and Judgment (ECF No. 6510), and on May 8, 2015, an amended Final Order and Judgment (ECF No. 6534), approving the Settlement Agreement in its entirety;

---

[1] Unless otherwise noted, the terms used in this Order that are defined in the Settlement Agreement have the same meanings in this Order as in the Settlement Agreement.

WHEREAS, on May 4, 2015, Claims Administrator BrownGreer PLC, in accordance with the Final Order and Judgment and the Settlement Agreement, filed the list of Opt Outs who timely submitted proper requests to opt out in compliance with Section 14.2(a) of the Settlement Agreement, including Retired NFL Football Player Charles Mincy (ECF No. 6533);

WHEREAS, Charles Mincy has since submitted a written request seeking to revoke his Opt Out request (*see* Exhibit 1 (Declaration of Orran L. Brown, Sr.));

WHEREAS, the Parties have agreed to accept the revocation request submitted by Charles Mincy, subject to Court approval, because he submitted the request before Opt Out litigation has commenced in this Court;

**AND NOW**, this [12] day of January, 2017, it is hereby stipulated and agreed by the Parties that the revocation request submitted by Charles Mincy is accepted, subject to Court approval, because he submitted the request before Opt Out litigation has commenced in this Court.

It is so **STIPULATED AND AGREED,**


By: _____          By: _____

Date: _____1/12/17_____            Date: _____Jan. 12, 2017_____

Christopher Seeger                     Brad S. Karp
**SEEGER WEISS LLP**                   **PAUL, WEISS, RIFKIND, WHARTON**
77 Water Street                        **& GARRISON LLP**
New York, NY 10005                     1285 Avenue of the Americas
Phone: (212) 584-0700                  New York, NY 10019-6064
cseeger@seegerweiss.com                Phone: (212) 373-3000
                                       bkarp@paulweiss.com

*Class Counsel*                        *Counsel for the NFL Parties*


        It is so **ORDERED**, based on the above Stipulation and the accompanying

Declaration of Orran L. Brown, Sr., that the revocation request submitted by Charles

Mincy is approved and the Claims Administrator is **DIRECTED** to post a revised list of

Opt Outs forthwith excluding Charles Mincy.

_____
ANITA B. BRODY, J.
1/16/17


Copies **VIA ECF** on _____ to:      Copies **MAILED** on _____ to:

3

# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE | : | No. 2:12-md-02323-AB |
| PLAYERS' CONCUSSION INJURY | : | |
| LITIGATION | : | MDL No. 2323 |
| | : | |
| | : | Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| ALL ACTIONS | : | |
| | : | |

## DECLARATION OF ORRAN L. BROWN, SR.

I, ORRAN L. BROWN, SR., hereby declare and state as follows:

1.      My name is Orran L. Brown, Sr.  I am the Chairman and a founding partner of BrownGreer PLC, located at 250 Rocketts Way, Richmond, Virginia 23231.  BrownGreer PLC is the Claims Administrator under the Class Action Settlement Agreement in this action.

2.      I am over the age of 21.  The matters set forth in this Declaration are based upon my personal knowledge and information.

3.      I submit this Declaration to describe an Opt Out revocation request that we received recently.

4.      In its April 22, 2015 Final Approval Order and Judgment, the Court directed the Claims Administrator to post a list of Opt Outs as of that date.  Accordingly, we posted on the official Settlement website a list of the Opt Outs that were timely and included all the elements required for a valid Opt Out under Section 14.2(a) of the Settlement Agreement (175 names at the time) and a list of the Opt Outs that were untimely and/or were missing one or more of Section 14.2(a)'s required elements (33 names at the time).

5.      Section 14.2(c) of the Settlement Agreement provides that a Class Member who had Opted Out but wished to revoke that Opt Out could submit a written request to do

1

so "[p]rior to the Final Approval Date." At various times after the April 22, 2015 Final Approval Date, 14 persons who had Opted Out submitted requests to revoke their Opt Outs. The Parties to the Settlement Agreement agreed to accept those revocation requests, subject to Court approval, and reported the revocation requests to the Court. By Orders of July 15, 2015 (Document 6642), December 22, 2015 (Document 6713), January 26, 2016 (Document 6739), September 15, 2016 (Document 6907), October 25, 2016 (Document 6924), November 8, 2016 (Document 6937), and December 21, 2016 (Document 7033), the Court approved all the revocations. As a result, we no longer counted those persons as Opt Outs and posted on the Settlement website a revised list of Timely Opt Out Requests Containing All Information Required by Section 14.2(a) or Otherwise Approved by the Court (the "Timely Opt Out List") to reflect the results in the Orders. That Timely Opt Out List now contains 166 names, including the five persons whose Opt Outs the Court directed be added to that list in its Order of September 8, 2016 (Document 6902).

6.      On January 9, 2017, we received a letter from Mr. Charles Anthony Mincy, asking to revoke his Opt Out. Mr. Mincy is on the Timely Opt Out List. I have attached to this Declaration a copy of his letter, after redacting his personal identifying information. The Parties to the Settlement Agreement have agreed to accept his revocation request, subject to Court approval. If the Court grants its approval, we no longer will count Mr. Mincy as an Opt Out and, upon direction of the Court, will post on the Settlement website a revised Timely Opt Out List.

I, Orran L. Brown, Sr., declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on this 10th day of January, 2017.

_____
Orran L. Brown, Sr.

2

**CHARLES ANTHONY MINCY**

phone:
email:

**VIA CERTIFIED MAIL**
NFL Concussion Settlement
P.O. Box 25369
Richmond, VA 23260

Re: Request to revoke timely Opt Out under the NFL Concussion Settlement

To whom it may concern:

I wish to revoke my request to be excluded from the Settlement Class as set forth in that certain Class Action Settlement Agreement (as amended) in the case known as In re: National Football League Players' Concussion Injury Litigation, No. 2:12-md-02323, which was filed in the U.S. District Court for the Eastern District of Pennsylvania.

My full name, address and telephone number are set forth above. My date of birth is
and my Notice ID under the aforementioned litigation is

Please confirm receipt of this letter and revocation of my previous request to be excluded from the Settlement Class.

Sincerely,

CHARLES ANTHONY MINCY

cc: Anoush Hakimi, Esq.

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing document was served electronically via the Court's electronic filing system on the 12th day of January, 2017, upon all counsel of record.


Dated:  January 12, 2017          /s/ Brad S. Karp
                                  Brad S. Karp