# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>　　　Plaintiffs,<br><br>　　　　　v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>　　　Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**CO-LEAD CLASS COUNSEL'S INITIAL RESPONSE TO PETITION OF FANECA OBJECTORS' COUNSEL FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

I.      **INTRODUCTION AND ARGUMENT**

On January 11, 2017, just four days after the historic and ground-breaking class action settlement negotiated by Class Counsel and approved by this Court became effective,[1] counsel for the Faneca Objectors[2] filed a petition for an award of $20 million in attorneys' fees plus reimbursement of nearly $52,000 in costs. ECF Nos. 7070 to 7070-3.[3] The Faneca Objectors' counsel seek this $20+ million award out of the fee and costs award to be made by the Court to Class Counsel. *See* ECF No. 7070-1, at 45, 54.

---

[1] This Court gave final approval to the settlement on April 22, 2015, and entered an Amended Final Order and Judgment on May 8, 2015. *In re Nat'l Football League Players' Concussion Injury Litig.*, 307 F.R.D. 351 (E.D. Pa.), *amended final order and judgment entered*, No. 2:12-MD-02323-AB, 2015 WL 12827803 (2015). The Third Circuit unanimously affirmed this Court's final approval on April 18, 2016. *In re Nat'l Football League Players' Concussion Injury Litig.*, 821 F.3d 410 (3d Cir. 2016). On December 12, 2016, the Supreme Court denied the two petitions for *certiorari* that challenged the Third Circuit's decision. *Gilchrist v. NFL*, ___ S. Ct. ___, 2016 WL 4585281 (U.S. Dec. 12, 2016) (No. 16-283); *Armstrong v. NFL*, ___ S. Ct. ___, 2016 WL 7182246 (U.S. Dec. 12, 2016) (No. 16-413). In accordance with Sup. Ct. R. 44(2) & 45(2)-(3), the Supreme Court's disposition became final on January 6, 2017, upon the expiration of the time for the filing of rehearing petitions by the unsuccessful petitioners for *certiorari*. Accordingly, by its terms, the settlement became effective on January 7, 2017, the day after no further appeal of this Court's Final Order and Judgment was possible. *See* ECF No. 6481-1 (Feb. 13, 2015), at 12-13 (Class Action Settlement Agreement (as amended) ["Settlement Agreement"]) (section 2.1(jj), defining "Effective Date").

[2] The Faneca Objectors (formerly the Morey Objectors) are class members Alan Faneca, Ben Hamilton, Robert Royal, Roderick "Rock" Cartwright, Jeff Rohrer, and Sean Considine, who unsuccessfully sought to formally intervene in this litigation (ECF Nos. 6019, 6107), and who filed objections to the settlement on October 6, 2014 (ECF No. 6201; *see also* ECF Nos. 6232, 6455, 6469-70). Three of their cohorts, including the former lead objector in this objector faction (Sean Morey), dropped out as objectors in favor of opting out of the class. *See* ECF No. 7070-1, at 14 n.11; *see also* ECF No. 6507-1, at 2, 4 (Claims Administrator's Eighth Opt-Out Report, noting timely opt-outs of Sean Morey, Ben Hamilton, and Robert Royal).

[3] For all ECF citations in this memorandum, page number references are to the ECF pagination rather than the pagination at the bottom of the original document.

As the Court is aware, Class Counsel are entitled to petition the Court for an award of fees and reasonable costs, and the NFL[4] has agreed not to oppose any award of up to $112.5 million. *See* ECF No, 6481-1, at 81-82 (Settlement Agreement § 21.1).

Co-Lead Class Counsel intend to fully respond on the merits to the Faneca Objectors' counsel's fee petition, but it would make the most sense for the Court and all parties concerned that Class Counsel do so at the appropriate time, which is not now. At this juncture, this Court's consideration of their fee petition would be premature and would frustrate the interests of judicial efficiency and economy.

The NFL's deadline to fund the $112.5 million Attorneys' Fees Qualified Settlement Fund is not until March 8, 2017 – 60 days after the settlement's Effective Date – which is some six weeks hence. ECF No, 6481-1, at 82, 90 (Settlement Agreement §§ 21.2, 23.7). More to the point, Class Counsel have not yet filed their fee petition. Class Counsel have been addressing settlement implementation matters. While doing that, they have been preparing their fee petition papers – a substantial task given, among other things, all of the drafting entailed and the numerous supporting declarations from various law firms and other sources that have to be obtained.

It would be both premature and inefficient for the Faneca Objectors' counsel's petition to be briefed and decided before Class Counsel's own fee petition is filed and before the NFL funds the available pool for payment of attorneys' fees and costs. Once Class Counsel file their fee petition papers (which they expect to do shortly) – upon which the Court will be asked to make a determination as to the total fees and costs to be awarded – counsel for the Faneca Objectors can refile their papers. The Court should be in a position to adjudicate all fee petitions at the same

---

[4] For the sake of brevity and simplicity, this memorandum refers to Defendants National Football League and National Football League Properties, LLC collectively as "the NFL."

time and make a single determination of what total fees and costs award it will make to Class Counsel and what amount (if any) out of that sum should be awarded to counsel for the Faneca Objectors. Taking up the Faneca Objectors counsel's petition now in a vacuum would put the proverbial cart before the horse by forcing the Court to determine in isolation what (if any) award the Faneca Objectors' counsel should receive, before it can adjudicate a total overall award of fees and reimbursement of costs and expenses to Class Counsel. Proceeding out of order and in such a piecemeal fashion makes little or no sense.

Therefore, the Court should deny the Faneca Objectors' counsel's petition without prejudice to renewal after the filing of Class Counsel's fee petition. In this respect, Class Counsel request that, after the Faneca Objectors' counsel's petition is refiled, they be afforded twenty-one days (*i.e.*, seven additional days beyond the fourteen afforded by Local Civil Rule 7.1(c)) to file their response on the merits. This is a reasonable period of time because, in order to fully respond to the arguments of the Faneca Objectors' counsel, Class Counsel will need to address, among other things, their argument that the Faneca Objectors were responsible for the post-Rule 23(e)(2) Fairness Hearing changes to the settlement that the Court proposed on February 2, 2015 (ECF No. 6479) and that those changes added $102.5 million in value to the settlement. ECF No. 7070-1 at 23-24, 26-34.

## II.     CONCLUSION

For the foregoing reasons, the Court should deny the Faneca Objectors' counsel's fee petition without prejudice to renewal, and allow Class Counsel twenty-one days after the re-filing of the petition to file their response on the merits.

Respectfully submitted,

Date: January 25, 2017

/s/ Christopher A. Seeger
Christopher A. Seeger
Seeger Weiss LLP
77 Water Street
New York, NY  10005
cseeger@seegerweiss.com
(T) 212-584-0700
(F) 212-584-0799

*Co-Lead Class Counsel*

Sol Weiss
ANAPOL WEISS
One Logan Square
130 N. 18th St. Ste. 1600
Philadelphia, PA  19103
(T) 215- 735-1130
(F) 215-735-2024
sweiss@anapolweiss.com

*Co-Lead Class Counsel*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's ECF system on January 25, 2017.

      /s/ Christopher A. Seeger
      Christopher A. Seeger