# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>　　　　　　　　　Defendants. | Civ. Action No.: 14-cv-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |



RECEIVED FEB - 2 2017

## STIPULATION AND [~~PROPOSED~~] ORDER[1] AGP

This Stipulation and Agreement, dated February [1], 2017, is made and entered into by and among the National Football League and NFL Properties LLC (the "NFL Parties"), and Class Counsel (collectively, the "Parties").

WHEREAS, on April 22, 2015, this Court issued a Memorandum (ECF No. 6509) and Final Order and Judgment (ECF No. 6510), and on May 8, 2015, an amended Final Order and Judgment (ECF No. 6534), approving the Settlement Agreement in its entirety;

---

[1] Unless otherwise noted, the terms used in this Order that are defined in the Settlement Agreement have the same meanings in this Order as in the Settlement Agreement.

WHEREAS, on May 4, 2015, Claims Administrator BrownGreer PLC, in accordance with the Final Order and Judgment and the Settlement Agreement, filed the list of Opt Outs who timely submitted proper requests to opt out in compliance with Section 14.2(a) of the Settlement Agreement, including Retired NFL Football Player Mark Washington (ECF No. 6533);

WHEREAS, Mark Washington has since submitted a written request seeking to revoke his Opt Out request (*see* Exhibit 1 (Declaration of Orran L. Brown, Sr.));

WHEREAS, the Parties have agreed to accept the revocation request submitted by Mark Washington, subject to Court approval, because he submitted the request before Opt Out litigation has commenced in this Court;

**AND NOW**, this [1st] day of February, 2017, it is hereby stipulated and agreed by the Parties that the revocation request submitted by Mark Washington is accepted, subject to Court approval, because he submitted the request before Opt Out litigation has commenced in this Court.

2

It is so **STIPULATED AND AGREED,**

By: _____    By: _Brad S. Karp_ _(JB)_

Date: ___February 1, 2017___           Date: _February 1, 2017_

Christopher Seeger                     Brad S. Karp
**SEEGER WEISS LLP**                   **PAUL, WEISS, RIFKIND, WHARTON**
77 Water Street                        **& GARRISON LLP**
New York, NY 10005                     1285 Avenue of the Americas
Phone: (212) 584-0700                  New York, NY 10019-6064
cseeger@seegerweiss.com                Phone: (212) 373-3000
                                       bkarp@paulweiss.com

*Class Counsel*                        *Counsel for the NFL Parties*


It is so **ORDERED**, based on the above Stipulation and the accompanying Declaration of Orran L. Brown, Sr., that the revocation request submitted by Mark Washington is approved and the Claims Administrator is **DIRECTED** to post a revised list of Opt Outs forthwith excluding Mark Washington.

_____
ANITA B. BRODY, J.

2/2/17

Copies **VIA ECF** on _____ to:       Copies **MAILED** on _____ to:

3

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

## DECLARATION OF ORRAN L. BROWN, SR.

I, ORRAN L. BROWN, SR., hereby declare and state as follows:

1.  My name is Orran L. Brown, Sr. I am the Chairman and a founding partner of BrownGreer PLC, located at 250 Rocketts Way, Richmond, Virginia 23231. BrownGreer PLC is the Claims Administrator under the Class Action Settlement Agreement in this action.

2.  I am over the age of 21. The matters set forth in this Declaration are based upon my personal knowledge and information.

3.  I submit this Declaration to describe an Opt Out revocation request that we received recently.

4.  In its April 22, 2015 Final Approval Order and Judgment, the Court directed the Claims Administrator to post a list of Opt Outs as of that date. Accordingly, we posted on the official Settlement website a list of the Opt Outs that were timely and included all the elements required for a valid Opt Out under Section 14.2(a) of the Settlement Agreement (175 names at the time) and a list of the Opt Outs that were untimely and/or were missing one or more of Section 14.2(a)'s required elements (33 names at the time).

5.  Section 14.2(c) of the Settlement Agreement provides that a Class Member who had Opted Out but wished to revoke that Opt Out could submit a written request to do

1

so "[p]rior to the Final Approval Date." At various times after the April 22, 2015 Final Approval Date, 18 people who had Opted Out submitted requests to revoke their Opt Outs. The Parties to the Settlement Agreement agreed to accept those revocation requests, subject to Court approval, and reported the revocation requests to the Court. By Orders of July 15, 2015 (Document 6642), December 22, 2015 (Document 6713), January 26, 2016 (Document 6739), September 15, 2016 (Document 6907), October 25, 2016 (Document 6924), November 8, 2016 (Document 6937), December 21, 2016 (Document 7033), January 18, 2017 (Document 7084), and January 20, 2017 (Document 7097), the Court approved all the revocations. As a result, we no longer counted those people as Opt Outs and posted on the Settlement website a revised list of Timely Opt Out Requests Containing All Information Required by Section 14.2(a) or Otherwise Approved by the Court (the "Timely Opt Out List") to reflect the results of the Orders. That Timely Opt Out List now contains 162 names, including the five people whose Opt Outs the Court directed be added to that list in its Order of September 8, 2016 (Document 6902).

6. On January 31, 2017, we received a letter from Mr. Mark Washington asking to revoke his Opt Out. Mr. Washington is on the Timely Opt Out List. I have attached a copy of his letter, with his address redacted, to this Declaration. The Parties to the Settlement Agreement have agreed to accept this revocation request, subject to Court approval. If the Court grants its approval, we no longer will count Mr. Washington as an Opt Out and, upon the Court's direction, we will post a revised Timely Opt Out List on the Settlement website.

I, Orran L. Brown, Sr., declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on this 31st day of January, 2017.

_____
Orran L. Brown, Sr.

2

## MARK WASHINGTON

January 18, 2017

**VIA FACSIMILE: 212-757-3990**
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
Attn: Brad S. Karp
1285 Avenue of the Americas
New York, NY 10019-6064

**VIA FACSIMILE: 212-584-0799**
Seeger Weiss LLP
Attn: Christopher A. Seeger
77 Water Street
New York, NY 10005

**VIA FACSIMILE: 212-521-7299**
Orran L. Brown, Sr.
Claims Administrator
Brown Greer PLC
250 Rockets Way
Richmond, VA 23231

> Re: *In re National Football League Players' Concussion Injury Litigation*;
> Case No. 12md2323; MDL No. 2323;
> Revocation of Opt-Out of Plaintiff Mark Washington

Dear Sirs:

Pursuant to Section 14.2(e) of the Class Action Settlement Agreement (as amended), in the above-referenced litigation, I, MARK WASHINGTON, hereby state that I wish to revoke my Opt-Out request to be excluded from the Settlement Class.

It is my wish that I be restored to a member of the Settlement Class.

Thank you.

Sincerely,

*Mark H. Washington*

Mark Washington

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing document was served electronically via the Court's electronic filing system on the 1st day of February, 2017, upon all counsel of record.

Dated: February 1, 2017          /s/ Brad S. Karp
                                 Brad S. Karp