UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, | No. 12-md-2323 (AB) |
| **THIS DOCUMENT RELATES TO:** | **PETITION TO ESTABLISH ATTORNEY'S LIEN** |
| Plaintiffs' Master Administrative Long-Form Complaint, and | |
| *Andre Hastings, et al.* v. *National Football League, et al.,* No. 2:14-cv-00022-AB | |

Now comes the Petitioner, Kathryn Honecker for Rose Law Group, pc, ("Petitioner"), pursuant to Arizona law and the employment agreement executed by Petitioner and Andre Hastings, who hereby states as follows:

1. Kathryn Honecker of Rose Law Group, pc, is an attorney at law admitted to practice before the courts of Arizona and files this Petition to establish a lien for attorney's fees on behalf of Rose Law Group, pc.

2. Under Arizona law, "[t]o establish . . . a common-law charging lien on the judgment, an attorney or firm 'must demonstrate, at a minimum, that it is owed attorneys' fees under its contingency fee contract with [the former client] and that there is some judgment in [the former client's] favor to which a charging lien can attach.'" *Langerman Law Offices, P.A. v. Glen Eagles At Princess Resort, LLC*, 220 Ariz. 252, 254, 204 P.3d 1101, 1103 (App. 2009). As set forth below, Petitioner satisfies this requirement for an attorney's charging lien as to Mr. Hastings.

3. On or about September 22, 2014, Petitioner and Mr. Hastings executed a contract for legal representation on a contingent fee basis (the "Contingency Fee Agreement"), to pursue a claim for injuries and damages sustained by Mr. Hastings as a former National Football League football player.

4. The Contingency Fee Agreement expressly provided that Petitioner would be paid attorney's fees on a 20% contingency fee basis, distributable amongst Petitioner and co-counsel, and reimbursed for reasonable costs expended out of any recovery earned for Mr. Hastings. The Contingency Fee Agreement further provided that in the event Mr. Hastings elected to discharge Petitioner, Mr. Hastings "shall reimburse all advanced costs, expenses and disbursements" and Petitioner "may seek a lien on, or otherwise seek recovery from, any settlement, judgment or other recovery that [Mr. Hastings] may obtain, as payment for the reasonable value of Attorneys' legal services."

5. From the date Petitioner was authorized to proceed on behalf of Mr. Hastings, Rose Law Group, pc, and its co-counsel performed work on behalf of Mr. Hastings and incurred reasonable costs in actively pursuing Mr. Hastings' claims. Such work and costs include, but are not limited to, some or all of the following: interviewing the Mr. Hastings to gather information relevant to his claims, collecting pertinent medical and educational records, analyzing the Mr. Hastings standing for a claim, analyzing Mr. Hastings' need for medical testing, updating the Mr. Hastings on the status of the litigation, and conducting telephone calls with Mr. Hastings concerning

6. Additionally, on request of Mr. Hastings and in order to ensure his claims were actively pursued, Rose Law Group, pc, and its co-counsel incurred costs associated with initial testing under the Baseline Assessment Program.

7. On or about January 2, 2017, Mr. Hastings served the Petitioner with a notice of termination of employment.

8. This termination was not for cause owing to any malfeasance or other improper action by Petitioner.

9. Although Petitioner has not yet sought to collect any fee from Mr. Hastings, it is presumed that he will dispute that he owes Petitioner any compensation for the work done on his behalf.

10. This petition is being timely asserted in this action while it remains active, and the Court has reserved jurisdiction over the parties, their counsel, and all settlement class members, and to consider matters concerning attorneys' fees and costs.  *See* ECF No. 6534, ¶¶ 15, 17.

11. The Petitioner claims the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Mr. Hastings in this action.

WHEREFORE, Petitioner respectfully requests that the Court:

(i) Determine Petitioner's charging lien with respect to Andre Hastings;

(ii) Establish the amount of such charging lien;

(iii) Order that Petitioner be entitled to enforce its lien against the proceeds to be derived from any settlement or judgment in this action;

(iv) Order that the Defendant, its insurer, and the Claims Administrator be prohibited from paying to Andre Hastings any such recovery until said lien has been satisfied; and

(v) Grant such other relief as the Court deems appropriate.

Dated:  February 8, 2017

Respectfully submitted,

**ROSE LAW GROUP pc**

/s/ Kathryn Honecker
Kathryn Honecker

7144 E Stetson Drive, Suite 300,
Scottsdale, AZ 85251
Telephone:  480-505-3936
Fax:  480-505-3925
khonecker@roselawgroup.com
docket@roselawgroup.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing PETITION TO ESTABLISH ATTORNEY'S LIEN was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Pennsylvania by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2323, on this 8th day of February, 2017.

**ROSE LAW GROUP pc**

By: s/ Kathryn Honecker
     Kathryn Honecker