# EXHIBIT C

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden,<br>*on behalf of themselves and*<br>*others similarly situated*,<br><br>          Plaintiffs,<br><br>               v.<br><br>National Football League and<br>NFL Properties LLC,<br>successor-in-interest to<br>NFL Properties, Inc.,<br><br>          Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

### DECLARATION OF LEVIN SEDRAN & BERMAN IN SUPPORT OF CO-LEAD CLASS COUNSEL'S PETITION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF COSTS AND EXPENSES

Arnold Levin declares as follows pursuant to 28 U.S.C. § 1746:

1.      I am a Senior Partner of the law firm of Levin Sedran & Berman ("LSB").[1]  I was appointed by the Court to serve on the Plaintiffs' Steering Committee ("PSC") and as Subclass Counsel for Subclass 1 class members.  I submit this declaration in support of Co-Lead Class Counsel's Petition for an Award of Attorney's Fees and Reimbursement of Costs and Expenses in connection with and for services rendered and expenses incurred for the common benefit of

---

[1] On December 19, 2016, the law firm of Levin, Fishbein, Sedran & Berman changed its name to Levin Sedran & Berman.

the Settlement Class in the above-captioned multidistrict litigation ("Action") from the inception

of the litigation through July 15, 2016, as well as for the payment of expenses incurred therewith.

I have personal knowledge of the matters set forth in this declaration and, if called upon, I could

and would testify competently thereto.

2.       Our firm's role and services in the common benefit litigation against Defendants

National Football League and NFL Properties LLC (together "the NFL Parties"), as directed by

Plaintiffs' Co-Lead Counsel, include the following:

a.       At the inception of the litigation in February 2012, I met with Co-Lead

Counsel Chris Seeger and other Plaintiffs' leadership counsel regarding the organization of the

Action and jurisdictional issues.  I participated in all PSC meetings and several Plaintiffs'

Executive Committee meetings, as requested by Mr. Seeger.

b.       Our firm's attorneys conducted initial research on a number of topics

including medical monitoring (50 state survey), tolling, preemption, and fraudulent concealment.

LSB prepared a master class action complaint, medical monitoring complaint and tolling

agreement, and we worked on preemption briefing.

c.       Beginning in June 2012, at the request of Co-Lead Counsel Chris Seeger,

my former partner Michael D. Fishbein[2] met with medical experts regarding brain injuries, a

medical monitoring program, and potential settlement.

d.       Beginning in or about March 2013, my partner Frederick S. Longer and I

worked with Plaintiffs' Co-Lead Counsel to prepare for oral argument on the NFL Parties'

preemption motion.  I also analyzed the collective bargaining benefits of the NFL players.

e.       Beginning in April 2013, at the request of Mr. Seeger, I began working on

a structure for a potential settlement with the NFL Parties.  I reviewed and analyzed relevant

---

[2] Mr. Fishbein resigned from our firm as of June 30, 2016, due to health reasons.

medical literature and studies and analyzed medical monitoring programs based on my extensive experience as Co-Lead and Class Counsel in the *Diet Drugs* Litigation.  I travelled numerous times to New York and Washington, D.C. with my partner Mr. Fishbein to participate in preliminary settlement meetings with Plaintiffs' Co-Lead Counsel and counsel for the NFL Parties.  We also met with Co-Lead Counsel in Philadelphia to work on settlement issues and a draft Term Sheet, including class and subclass definitions, an injury grid, baseline testing protocols and a baseline assessment program, reduction factors, injury definitions and criteria, medical experts, actuarial calculations, settlement funding, fraud prevention mechanisms, settlement administrators, and lien administrators.

    f.  Beginning in July 2013, Mr. Seeger invited me to participate in settlement negotiations with the NFL Parties as counsel for a proposed subclass ("Subclass 1") of retired players who were not diagnosed with injuries associated with concussive and sub-concussive head trauma but were at increased risk of developing a range of neuromuscular and neurocognitive diseases associated with mild traumatic brain injuries.

    g.  Pursuant to Co-Lead Counsel's direction, my partner Sandra L. Duggan and I assisted with the negotiations of a Settlement Term Sheet.  Ms. Duggan and I participated in numerous in-person negotiation sessions in New York with counsel for the NFL Parties, which were mediated by Ret. Judge Layn R. Phillips, and we worked virtually full-time, sometimes around the clock, on the settlement.  We worked closely with Mr. Seeger and other attorneys at Seeger Weiss, including David Buchanan, TerriAnne Benedetto, Scott George, and Chris Van de Kieft.  We also coordinated with Dianne Nast, the proposed Subclass Counsel for Subclass 2 class members.  After the Term Sheet was signed by all parties at the end of August 2013, Ms. Duggan and I continued to work with Mr. Seeger and his firm virtually full-time to

draft a settlement agreement.  We met with Co-Lead Counsel and counsel for the NFL Parties in New York many times and also participated in negotiation sessions over the telephone.  We were involved in meetings with various proposed settlement administrators and class notice specialists.

       h.      After the principal terms of the settlement were reached, LSB partners Arnold Levin, Sandra Duggan, and Fred Longer, along with additional attorneys from our firm, assisted Seeger Weiss with preparation of preliminary settlement approval and class certification papers, a new class complaint, a proposed short-form and long-form class notice, a notice plan, a list of Frequently Asked Questions, and a settlement website.  We also conducted research on assumption of risk, statutes of limitation, prescription defenses, statutory employer defense, proximate causation, and subclassing issues.

       i.      LSB assisted Mr. Seeger and his firm with extensive briefing in opposition to objections to the settlement, motions to intervene, and motions to remand.

       j.      After the Court appointed Special Master Perry Golkin to assess certain financial aspects of the settlement, Ms. Duggan and I met with him over the phone and she met with him in New York at his office in December 2013, at Co-Lead Counsel's direction.

       k.      Through the spring and early summer of 2014, Ms. Duggan and I worked with Mr. Seeger, Mr. Buchanan, and other attorneys from Seeger Weiss to renegotiate a number of settlement provisions, including an uncapped settlement fund, injury criteria, security, and proofs of claim.  We worked on revised preliminary settlement approval and class certification papers, publication class notices, a media plan, a chart of settlement required tasks, and we also helped with briefing in response to settlement objections, motions to lift stays, motions to intervene, and motions for settlement discovery.

l.       In July 2014, LSB assisted Co-Lead Counsel with opposing a Rule 23(f) appeal to the Third Circuit Court of Appeals.  We also met with Co-Lead Counsel and Professor Sam Issacharoff in New York and Philadelphia to assist in preparations for oral argument in September 2014.

m.      After the Rule 23(f) appeal was unsuccessful, LSB helped Mr. Seeger and his firm prepare papers for final approval of the settlement, including declarations of Mr. Seeger as Plaintiffs' Co-Lead Counsel and Counsel for Subclass 1 and Subclass 2, and a declaration of Ret. Judge Layn Phillips.  We also assisted Co-Lead Counsel with preparations for the Fairness Hearing in November 2014 and with additional briefing related to settlement objections and motions to extend the opt-out period.  Following the Fairness Hearing, Ms. Duggan and I assisted Seeger Weiss with preparation of joint proposed Findings of Fact and Conclusions of Law and an Executive Summary of the settlement.  We also helped with post-Hearing briefing in support of approval of the settlement and certification of the settlement class and subclasses.

n.      Following final approval of the settlement by the District Court in April 2015, LSB assisted Seeger Weiss with research, briefing and oral argument in opposition to appeals to the Third Circuit from objectors to the settlement.

o.      Following the Third Circuit's affirmance of the District Court's approval of the settlement, LSB provided comments on the brief in opposition to certain objectors' petitions for writs of certiorari.

p.      As an integral part of my representation of Subclass 1 members, I met with proposed Subclass 1 representative Retired NFL Football Player Corey J. Swinson.  Sadly, Mr. Swinson passed away suddenly and unexpectedly on September 10, 2013.  During the negotiations of settlement terms in the summer of 2013, Co-Lead Class Counsel Chris Seeger

and I conferred with Mr. Swinson concerning the terms of the proposed Settlement.  Prior to his death, I met with Mr. Swinson.

       q.     Following Mr. Swinson's death, Plaintiff Shawn Wooden became the proposed and eventually appointed Subclass 1 representative.  I met with Mr. Wooden in my office in Philadelphia regarding his representation of Subclass 1 Class Members in the proposed class action.  My partner Daniel Levin attended the meeting as well.  I determined that Mr. Wooden had standing to assert the rights of Subclass 1 members and he was an adequate representative for the undiagnosed players who are at increased risk for developing a Qualifying Diagnosis during their lifetime.

       r.     After the Court appointed me as Subclass Counsel for Subclass 1 members, from time to time my office received inquiries from Subclass 1 class members seeking information about the settlement.  My partners Mr. Longer and Ms. Duggan fielded those questions.  These were not clients of the firm and, for that reason, the services we provided should be considered for the common benefit.

       3.     The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of common benefit time spent by the attorneys and professional support staff of my firm who were involved in, and billed fifty or more hours to, this Action, and the lodestar calculation for those individuals based on my firm's current billing rates.  For personnel who are no longer employed by my firm, the lodestar calculation is based on the billing rates of such personnel in their final year of employment by my firm.  The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm.  Time expended in preparing this application for attorney's fees and expenses has been excluded.

4.      The hourly rates for the attorneys and professional support staff of my firm included in Exhibit 1 are the same as the regular rates charged for their services in other contingent matters and have been accepted by other federal courts in other class action cases prosecuted by my firm.

5.      The total number of hours expended on the common benefit of this Action by my firm during the time period is 5021.25 hours.  The total lodestar for my firm for those hours is $6,031,806.25, consisting of $6,002,331.25 for attorneys' time and $29,475.00 for professional support staff time.

6.      My firm's lodestar figures are based solely upon my firm's billing rates, which rates do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7.      As detailed in Exhibit 2 hereto, my firm is seeking reimbursement of a total of $519,893.97 in common benefit expenses incurred in connection with the prosecution of this Action.  These expenses are reflected on the books and records of my firm.  These books and records are prepared from expense vouchers, check records, and other source material, and are an accurate record of the expenses incurred.

8.      With respect to the standing of my firm to share in an award of fees, costs, and expenses, attached hereto as Exhibit 3 is a biography of my firm, including the attorneys in my firm who were principally involved in this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 28, 2016 at Philadelphia, Pennsylvania.

Arnold Levin, Esquire

# EXHIBIT 1

**IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION**

**No. 12-md-2323-AB**

**LEVIN SEDRAN & BERMAN**

**LODESTAR REPORT**

**Inception through July 15, 2016**

| NAME | HOURS | HOURLY RATE | AMOUNT |
|------|-------|-------------|--------|
| **PARTNERS:** | | | |
| **Arnold Levin** | 1444.75 | $1350 | $1,950,412.50 |
| **Michael D. Fishbein** | 180.25 | $1250 | $225,312.50 |
| **Laurence S. Berman** | 20.50 | $1200 | $24,600.00 |
| **Fred S. Longer** | 694.75 | $1200 | $833,700.00 |
| **Sandra Duggan** | 2053.50 | $1200 | $2,464,200.00 |
| **Daniel C. Levin** | 402.00 | $975 | $391,950.00 |
| **Charles E. Schaffer** | 19.75 | $975 | $19,256.25 |
| **PARTNER TOTAL** | **4815.50** | | **$5,909,431.25** |
| **ASSOCIATES:** | | | |
| **Matthew Gaughan** | 38.00 | $850 | $32,300.00 |
| **Brian Fox** | 87.50 | $525 | $45,937.50 |
| **ASSOCIATES TOTAL** | **125.50** | | **$78,237.50** |
| **CONTRACT ATTORNEY TOTAL** | | | |
| **David P. McLafferty** | 17.25 | $850 | $14,662.50 |
| **CONTRACT ATTORNEY** | **17.25** | | **$14,662.50** |
| **PARALEGALS:** | | | |
| **Thomas Shrack** | 45.00 | $475 | $21,375.00 |
| **Marion Hutson** | 9.00 | $450 | $4,050.00 |
| **Monica Lord** | 9.00 | $450 | $4,050.00 |
| **PARALEGAL TOTAL** | **63.00** | | **$29,475.00** |
| **TOTALS:** | **5021.25** | | **$6,031,806.25** |

# EXHIBIT 2

**IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION**

**No. 12-md-2323-AB**

**LEVIN SEDRAN & BERMAN**

**COST AND EXPENSE REPORT**

**Inception through July 15, 2016**

| NUMBER | CATEGORY | AMOUNT |
|---|---|---|
| 1 | Assessments | $425,000.00 |
| 2 | Commercial Copies | $520.45 |
| 3 | Computerized Research | $33,372.31 |
| 4 | Court Reporters/Transcripts | $0.00 |
| 5 | Expert Services | $0.00 |
| 6 | Facsimile | $236.00 |
| 7 | Filing & Service Fees | $700.00 |
| 8 | In-House Copies | $11,584.60 |
| 9 | Long Distance Telephone | $374.05 |
| 10 | Postage/Express Delivery | $364.09 |
| 11 | Travel/Meals/Lodging | $47,617.23 |
| 12 | Miscellaneous - supplies | $125.24 |
| **TOTAL EXPENSES** | | **$519,893.97** |

# EXHIBIT 3

# LEVIN SEDRAN & BERMAN

## FIRM BIOGRAPHY

The law firm of Levin Sedran & Berman (formerly known as Levin, Fishbein, Sedran & Berman, and before that, Levin & Fishbein) was established on August 17, 1981.  Earlier, the founding partners of Levin, Fishbein, Sedran & Berman, Messrs. Arnold Levin and Michael D. Fishbein, were with the law firm of Adler, Barish, Levin & Creskoff, a Philadelphia firm specializing in litigation.  Arnold Levin was a senior partner in that firm and Michael D. Fishbein was an associate.  Laurence S. Berman was also an associate in that firm.

The curricula vitae of the attorneys are as follows:

(a)      **ARNOLD LEVIN**, a member of the firm, graduated from Temple University, B.S., in 1961, with Honors and Temple Law School, LLB, in 1964.  He was Articles Editor of the Temple Law Quarterly.  He served as a Captain in the United States Army (MPC).  He is a member of the Philadelphia, Pennsylvania, American and International Bar Associations.  He is a member of the Philadelphia Trial Lawyers Association, Pennsylvania Trial Lawyers Association and the Association of Trial Lawyers of America.  He is admitted to the Supreme Court of Pennsylvania, United States District Court for the Eastern District of Pennsylvania, United States District Court for the Middle District of Pennsylvania, the Third, Fourth, Fifth, Sixth, Seventh, Tenth and Eleventh Circuit Courts of Appeals and the United States Supreme Court.  He has appeared pro hac vice in various federal and state courts throughout the United States.  He has lectured on class actions, environmental, antitrust and tort litigation for the Pennsylvania Bar Institute, the Philadelphia Trial Lawyers Association, the Pennsylvania Trial Lawyers Association, The Association of Trial Lawyers of America, The Belli Seminars, the Philadelphia Bar Association, American Bar Association, the New York Law Journal Press, and the ABA-ALI London Presentations.

Mr. Levin is a past Chairman of the Commercial Litigation Section of the Association of Trial Lawyers of America, and is co-chairman of the Antitrust Section of the Pennsylvania Trial Lawyers Association.  He is a member of the Pennsylvania Trial Lawyers Consultation Committee, Class Action Section, a fellow of the Roscoe Pound Foundation and past Vice-Chairman of the Maritime Insurance Law Committee of the American Bar Association.  He is also a fellow of the International Society of Barristers,

and chosen by his peers to be listed in Best Lawyers of America. He has been recognized as one of 500 leading lawyers in America by Lawdragon and The Legal 500 USA. U.S. News and World Report has designated Levin, Fishbein, Sedran & Berman as one of the top 22 national plaintiffs' firms in mass torts and complex litigation In addition, he has been further recognized as one of the top 100 trial lawyers by The National Trial Lawyers Association. He was also named to the National Law Journal's Inaugural List of America's Elite Trial Lawyers. He also has an "av" rating in Martindale-Hubbell and is listed in Martindale-Hubbell's Register of Preeminent Lawyers.

Mr. Levin was on the Executive Committee as well as various other committees and Lead Trial Counsel in the case of *In re Asbestos School Litigation*, Master File No. 83-0268 (E.D. Pa.), which was certified as a nationwide class action on behalf of all school districts. Mr. Levin was also on the Plaintiffs' Steering Committee in *In re Copley Pharmaceutical, Inc., "Albuterol" Products Liability Litigation*, MDL 1013 (D. Wyoming); *In re Norplant Contraceptive Products Liability Litigation*, MDL 1038 (E.D. Tex.); and *In re Telectronics Pacing Systems, Inc., Accufix Atrial "J" Lead Products Liability Litigation*, MDL 1057 (S.D. Ohio).

Mr. Levin was appointed by the Honorable Sam J. Pointer as a member of the Plaintiffs' Steering Committee in the *Silicone Gel Breast Implants Products Liability Litigation*, Master File No. CV-92-P-10000-S, MDL 926 (N.D. Ala.). The Honorable Louis L. Bechtle appointed Mr. Levin as Co-Lead Counsel of the Plaintiffs' Legal Committee and Liaison Counsel in *In re Orthopedic Bone Screw Products Liability Litigation*, MDL 1014 (E.D. Pa.). Mr. Levin also served as Co-Chair of the Plaintiffs' Management Committee, Liaison Counsel, and Class Counsel in *In re Diet Drugs Litigation*, MDL 1203 (E.D. Pa.). He was also a member of a four lawyer Executive Committee in *In re Rezulin Products Liability Litigation*, MDL No. 1348 (S.D.N.Y.) and is a member of a seven person Steering Committee in *In re Propulsid Products Liability Litigation*, MDL No. 1355 (E.D. La.). He was Chair of the State Liaison Committee in *In re Phenylpropanolamine (PPA) Products Liability Litigation*, MDL 1407 (W.D. Wash.); and is a member of the Plaintiffs' Steering Committee and Plaintiffs' Negotiating Committee in *In re Vioxx Products Liability Litigation*, MDL No. 1657 (E.D. La.) and the Court approved Medical Monitoring Committee in *In re Human Tissue Products Liability Litigation*, MDL No. 1763 (D.N.J.).

He is currently Plaintiffs' Lead Counsel, Class Counsel and Co-Chair of the Fee Committee in *In re Chinese-Manufactured Drywall Product Liability Litigation,* MDL No. 2047 (E.D. La.). He was Plaintiffs' Liaison Counsel in *In re CertainTeed Corp. Roofing Shingles Products Liability Litigation*, MDL No. 1817 (E.D. Pa.). He is a member of the Plaintiffs' Steering Committee in *In re National Football League Players' Concussion Litigation*, MDL No. 2323 (E.D. Pa.) and was appointed as Subclass Counsel for Subclass 1 in the NFL Concussion Class Action Settlement. Mr. Levin is a member of the Plaintiffs' Steering Committee in *In re Pool Products Distribution Market Antitrust Litigation*, MDL 2328); *In re Testosterone Replacement Therapy Products Liability Litigation*, MDL 2545 (N.D. Ill.); *In re Zoloft (Sertraline Hydrochloride) Products Liability Litigation*, MDL 2342 (E.D. Pa.); and *In re Yasmin and Yaz Marketing, Sales Practices and Relevant Products Liability Litigation*, MDL 2100 (S.D. Ill.). He is a member of Plaintiffs' Executive Committee in *In re Fresenius Granuflo/ Naturalyte Dialysate Products Liability Litigation*, MDL 2428 (D. Mass). Mr. Levin was appointed by the Honorable Carl J. Barbier to serve as Special Counsel to the Plaintiffs' Fee and Cost Committee in the BP Oil Spill Litigation, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL 2179 (E.D. La.).

Mr. Levin was also a member of the Trial and Discovery Committees in the *Exxon Valdez Oil Spill Litigation*, No. 89-095 (D. Alaska) In addition, Mr. Levin was Lead Counsel in the prosecution of individual fishing permit holders, native corporations, native villages, native claims and business claims.

(b)     **MICHAEL D. FISHBEIN**, a retired member of the firm as of June 30, 2016, is a graduate of Brown University (B.A., 1974). He graduated from Villanova University Law School with Honors, receiving a degree of Juris Doctor in 1977. Mr. Fishbein was a member of the Villanova Law Review and is a member of the Villanova University Law School Chapter of the Order of Coif. He is admitted to practice before the Pennsylvania Supreme Court, the United States District Court for the Eastern District of Pennsylvania, and the Third Circuit Court of Appeals. Mr. Fishbein was extensively involved in the prosecution of a variety of commercial class actions. He was Class Counsel in *In re Diet Drugs Litigation*, MDL 1203, and the principal architect of the seminal National Diet Drugs Settlement Agreement. He was also a member of the Plaintiffs' Steering Committee in *In re Phenylpropanolamine*

*(PPA) Products Liability Litigation*, MDL 1407 (W.D. Wash.).

(c)     **HOWARD J. SEDRAN**, a member of the firm, graduated cum laude from the University of Miami School of Law in 1976. He was a law clerk to United States District Court Judge, C. Clyde Atkins, of the Southern District of Florida from 1976-1977. He is a member of the Florida, District of Columbia and Pennsylvania bars and is admitted to practice in various federal district and appellate courts. From 1977 to 1981, he was an associate at the Washington, D.C. firm of Howrey & Simon which specializes in antitrust and complex litigation. During that period he worked on the following antitrust class actions: *In re Uranium Antitrust Litigation*; *In re Fine Paper Antitrust Litigation*; *Bogosian v. Gulf Oil Corporation*; *FTC v. Exxon, et al.*; and *In re Petroleum Products Antitrust Litigation*.

In 1982, Mr. Sedran joined the firm and has continued to practice in the areas of environmental, securities, antitrust and other complex litigation. Mr. Sedran also has extensive trial experience. In the area of environmental law, Mr. Sedran was responsible for the first certified "Superfund" class action.

As a result of his work in an environmental case in Missouri, Mr. Sedran was nominated to receive the Missouri Bar Foundation's outstanding young trial lawyer's award, the Lon Hocker Award.

Mr. Sedran has also actively participated in the following actions: *In re Dun & Bradstreet Credit Services Customer Litigation*, Civil Action Nos. C-1-89-026, C-1-89-051, 89-2245, 89-3994, 89-408 (S.D. Ohio); *Raymond F. Wehner, et al. v. Syntex Corporation and Syntex (U.S.A.) Inc.*, No. C-85-20383(SW) (N.D. Cal.); *Harold A. Andre, et al. v. Syntex Agribusiness, Inc., et al.*, Cause No. 832-05432 (Cir. Ct. of St. Louis, Mo.); *In re Petro-Lewis Securities Litigation*, No. 84-C-326 (D. Colo.); *In re North Atlantic Air Travel Antitrust Litigation*, No. 84-1013 (D.D.C.); *Jaroslawicz v. Engelhard Corp.*, No. 84-3641 (D. N.J.); *Gentry v. C & D Oil Co.*, 102 F.R.D. 490 (W.D. Ark. 1984); *In re EPIC Limited Partnership Securities Litigation*, Nos. 85-5036, 85-5059 (E.D. Pa.); *Rowther v. Merrill Lynch, et al.*, No. 85-Civ-3146 (S.D.N.Y.); *In re Hops Antitrust Litigation*, No. 84-4112 (E.D. Pa.); *In re Rope Antitrust Litigation*, No. 85-0218 (M.D. Pa.); *In re Asbestos School Litigation*, No. 83-0268 (E.D. Pa.); *In re Catfish Antitrust Litigation*, MDL 928 (Plaintiffs' Executive Committee); *In re Carbon Dioxide Antitrust Litigation*, MDL 940 (N.D. Miss.) (Plaintiffs' Executive Committee); *In re Alcolac, Inc. Litigation*, No. CV490-261 (Marshall, Mo.); *In re Clozapine Antitrust Litigation*,

MDL 874 (N.D. Ill.) (Co-Lead Counsel); *In re Infant Formula Antitrust Litigation*, MDL 878 (N.D. Fla.); *Cumberland Farms, Inc. v. Browning-Ferris Industries, Inc.*, Civil Action No. 87-3713 (E.D. Pa.); *In re Airlines Antitrust Litigation*, MDL 861 (N.D. Ga.); *Lazy Oil, Inc. et al. v. Witco Corporation, et al.*, C.A. No. 94-110E (W.D. Pa.) (Plaintiffs' Co-Lead Counsel); *In re Nasdaq Market-Makers Antitrust Litigation*, MDL 1023 (S.D.N.Y.) (Co-Chair Discovery); and *In re Travel Agency Commission Antitrust Litigation*, Master File No. 4-95-107 (D. Minn.) (Co-Chair Discovery); *Erie Forge and Steel, Inc. v. Cyprus Minerals Co.*, C.A. No. 94-0404 (W.D. Pa.) (Plaintiffs' Executive Committee); *In re Commercial Explosives Antitrust Litigation*, MDL 1093 (Plaintiffs' Co-Lead Counsel); *In re Brand Name Prescription Drug Antitrust Litigation*, MDL 997; *In re High Fructose Corn Syrup Antitrust Litigation*, MDL 1087; *In re Carpet Antitrust Litigation*, MDL 1075; *In re Graphite Electrodes Antitrust Litigation*, C.A. No 97-CV-4182 (E.D. Pa.) (Plaintiffs' Co-Lead Counsel); *In re Flat Glass Antitrust Litigation*, MDL 1200 (Discovery Co-Chair); *In re Commercial Tissue Products Antitrust Litigation*, MDL 1189; *In re Thermal Fax Antitrust Litigation*, C.A. No. 96-C-0959 (E.D. Wisc.); *In re Lysine Indirect Purchaser Antitrust Litigation*, (D. Minn.); *In re Citric Acid Indirect Purchaser Antitrust Litigation*, C.A. No. 96-CV-009729 (Cir. Ct. Wisc.). Most recently, Mr. Sedran serves as one of the court-appointed Co-Lead Counsel in *In re Air Cargo Shipping Services Antitrust Litigation*, MDL No. 1775 (E.D. N.Y.).

In *Lazy Oil Co. v. Witco Corp., et. al.*, *supra*, the District Court made the following comments concerning the work of Co-Lead Counsel:

> [t]he Court notes that the class was represented by very competent attorneys of national repute as specialists in the area of complex litigation. As such Class Counsel brought considerable resources to the Plaintiffs' cause. The Court has had the opportunity to observe Class counsel first-hand during the course of this litigation and finds that these attorneys provided excellent representation to the Class. The Court specifically notes that, at every phase of this litigation, Class Counsel demonstrated professionalism, preparedness and diligence in pursuing their cause.

(d)    **LAURENCE S. BERMAN**, a member of the firm, was born in Philadelphia, Pennsylvania on January 17, 1953.  He was admitted to the bar in 1977.  He is admitted to practice before the U.S. Courts of Appeals for the Third, Fourth and Seventh Circuits; the U.S. District Court, Eastern District of Pennsylvania; and the Bar of Pennsylvania.  He is a graduate of Temple University (B.B.A., magna cum laude, 1974, J.D. 1977).  He is a member of the Beta Gamma Sigma Honor Society.  Mr. Berman was the law clerk to the Honorable Charles R. Weiner, U.S. District Court for the Eastern District of Pennsylvania 1978-1980.  Member:  Philadelphia, Pennsylvania and American Bar Associations. In 1982, Mr. Berman joined the law firm of Levin & Fishbein as an associate and became a partner in 1985 when the firm name was changed to Levin, Fishbein, Sedran & Berman.

Mr. Berman has had extensive experience in litigating and managing complex litigation.  In the early 1980's he became a member of the discovery, law and trial committees of *In re: Asbestos School Litigation,* Master File No. 83-0268 (E.D. Pa.). As a member of those committees, he drafted discovery and legal briefs that lead to the successful resolution of the case on behalf of a nationwide class of schools seeking recovery of damages for the costs and expenses they were required to expend to assess the presence of asbestos in school buildings and to remediate under newly enacted rules and regulations of the Environmental Protection Agency, promulgated in the 1970's.  In connection with that litigation, he was one of the architects of approaching class certification issues for a nationwide class by the use of a "50" state analysis of the law, in order to demonstrate the similarity of laws and therefore the manageability of a nationwide class action.  The "50" state approach has been followed in other cases.

During the early stages of his career, he litigated numerous environmental class/mass tort cases to successful conclusions.  He successfully litigated a lead contamination case for the residents of a community in the Port Richmond area of Philadelphia, where he drafted the legal briefs and presented the oral argument to obtain class certification of a property damage and medical monitoring class against NL Industries and Anzon. That litigation produced a multi-million-dollar recovery for the residents in the class area. *Ursula Stiglich Wagner, et al. v. Anzon, Inc., et al.*, No. 4420, June Term, 1987 (C.C.P. Phila. Cty.)

Similarly, he represented homeowners located near Ashland, Kentucky for environmental pollution

damage. This case involved representing approximately 700 individual clients for personal injury and medical monitoring relief that also resulted in a multi-million-dollar recovery for his clients.

Beginning in the 1990's Mr. Berman began his representation of victims of the Three Mile Island accident. The firm represented approximately 2,000 plaintiffs in that matter, and Mr. Berman was responsible for the legal briefing and experts in the case, along with addressing *Daubert* issues. The presiding Court (Middle District of Pennsylvania) determined to conduct extensive *Daubert* hearings in Three Mile Island, resulting in approximately ten full weeks of in court live hearings, and thousands of pages of legal briefing. Ultimately the trial court determined that several of the expert witnesses offered by the plaintiffs did not meet the *Daubert* requirements, and an appeal was taken to the Third Circuit Court of Appeals, where Mr. Berman both briefed and argued the issues. The Third Circuit affirmed parts of the decision and remanded for further proceedings by the trial court. His representation of clients in the Three Mile Island litigation spanned well over a decade.

In 1989, Mr. Berman represented approximately 1,000 plaintiffs who suffered damages as a result of the Exxon Valdez oil spill. In that role, he managed the claims of each of his firm's clients and worked in the development of their expert evidence and claim materials. As a subset of that litigation, he handled the claims of the Native Opt-Out Settlement Class. This representation also spanned well over a decade.

Mr. Berman began his role in litigating *In re Diet Drugs*, MDL 1203 (E.D. Pa.) in 1997 at the outset of that litigation. The *Diet Drugs* case is still active to this date. Mr. Berman's firm was appointed as Co-Lead Counsel, Co-Class Counsel and Liaison Counsel. The massive size of the *Diet Drugs* case required the commitment of three of the named partners to the case, Arnold Levin, Michael Fishbein and Mr. Berman, as well as a substantial commitment by partner Fred Longer. While Messrs. Levin and Fishbein were formally named as Co-Class counsel to the case, Mr. Berman had a *de facto* role as Co-Class Counsel and Co-Lead counsel for the case. Mr. Berman briefed many legal issues, argued issues in court, participated in discovery, appeared frequently before the Special Discovery Master, helped negotiate the settlement(s) and helped in the management of the oversight of both the AHP Settlement Trust that was created to oversee the Settlement and the Seventh Amendment Fund Administrator that was created to oversee the Seventh Amendment aspect of the Settlement. He also managed the claims of the

firm's individual clients.

Although the *Diet Drugs* case remains active today, and still occupies some of Mr. Berman's time, over the recent years he became active in various other pharmaceutical cases. In particular, beginning in about 2010, he became active in *In re Yaz/Yasmin/Ocella*, MDL 2100 (S. D. Ill.) where he was appointed as a member of the discovery and legal briefing committees. Mr. Berman worked with his partner Michael Weinkowitz as Co-Liaison Counsel in the parallel state court litigation pending in the Court of Common Pleas of Philadelphia.

As the *Yaz* case began to wind down, Mr. Berman became active in litigation Tylenol cases where he was appointed and remains currently Plaintiffs' Co-Lead and Liaison Counsel. *In re Tylenol*, MDL 2436, (E.D. Pa.). As Plaintiffs' Co-Lead and Liaison Counsel, Mr. Berman has appeared in Court for the Plaintiffs at virtually all of the monthly status conferences, drafted numerous briefs, engaged in discovery, drafted numerous case management orders that were entered by the Court, argued motions and otherwise managed the case on behalf of the Plaintiffs.

Mr. Berman is also a *de facto* member of the executive committee of *In re Granuflo*, MDL MDL 2428 (D. Mass.). Mr. Berman's partner Arnold Levin was formally appointed to that case's Executive Committee for the Plaintiffs and Mr. Berman was appointed as a Co-Chair of the law and briefing committee. He has acted as a *de facto* member of the Executive Committee for the firm. In his role on the Law and Briefing Committee, he drafted numerous briefs for the case, including *Daubert* briefs, drafted various case management orders that were entered by the Court, and assisted in the negotiation of the global settlement including the drafting of the settlement documents and the allocation plan.

In *In re Fosamax*, MDL 2243 (D.N.J.), Mr. Berman spearheaded the plaintiffs' position relating to privilege log issues as well as preemption and *in limine* issues raised in the bellwether case. Most recently, Mr. Berman was appointed to the Plaintiffs' Steering Committee by the Honorable Freda L. Wolfson in *In re Johnson & Johnson Talcum Powder Products*, MDL 2738 (D. N.J.).

Mr. Berman has lectured about mass tort matters. He lectured about the Tylenol case at several seminars and is a member of the American Association of Justice (AAJ) litigation group for the case. He is also a member of various other AAJ litigation groups involving pharmaceutical products. Mr. Berman

has been a frequent speaker for the Pennsylvania Bar Institute, Mealy's Publications and Harris Martin.

His lectures have been accredited for providing CLE credit to the attendees.  Mr. Berman has an A.V.

Peer Review rating by Martindale-Hubbell, and is an AAJ National College of Advocacy Advocate.  He

is also a member of The National Trial Lawyers, as well as a member of the American, Pennsylvania and

Philadelphia Bar Associations and has been recognized as a Super Lawyer.  His published works include

"Class Actions in State and Federal Courts," Pennsylvania Bar Institute (Continuing Legal Education),

November, 1997; "New Pennsylvania Rule of Civil Procedure 207.1," Pennsylvania Bar Institute

(Continuing Legal Education), November, 2001, and membership on the Board of Editors, "Fen-Phen

Litigation Strategist," Leader Publications, (1998).

      (e)    **FREDERICK S. LONGER**, specializes in representing individuals who have been harmed

by dangerous drugs, medical devices, other defective products and antitrust violations.  Mr. Longer has

extensive experience in prosecuting individual, complex and class action litigations in both state and federal

courts across the country.  Mr. Longer has been involved in the resolution of several of the largest

settlements involving personal injuries including the $6.75 billion settlement involving Diet Drugs and the

$4.85 billion settlement involving Vioxx.  Mr. Longer was a member of the negotiating counsel responsible

for the settlements in the *Chinese Drywall* litigation involving various suppliers and manufacturers of

Chinese Drywall valued in excess of $1 billion.  Mr. Longer has a wealth of experience in mass torts and

has frequently been the chairman or member of the Law and Briefing Committee in numerous multi-district

litigations in *In re Propulsid Products Liability Litigation*, MDL No. 1355 (E.D. La.); *In re Rezulin

Products Liability Litigation*, MDL No. 1348 (S.D.N.Y.); *In re Vioxx Products Liability Litigation*,

MDL 1657 (E.D. La.); *In re Orthopedic Bone Screw Products Liability Litigation*, MDL 1014 (E.D.

Pa.); and *In re Diet Drug Litigation*, MDL 1203 (E.D. Pa.).   He is a court-appointed member of the

Plaintiffs' Steering Committee in *In re Mirena Products Liability Litigation*, MDL 2434 (S.D.N.Y.) and

*In re Xarelto Products Liability Litigation*, MDL No. 2592 (E.D. La.).   Mr. Longer also assisted

Co-Lead Counsel and Subclass Counsel with negotiating the class settlement in *In re National Football

League Players' Concussion Litigation*, MDL No. 2323 (E.D. Pa.).

      Mr. Longer has substantial trial experience and is one of the few counsel in the country to have a

client's claim involving Baycol tried to verdict in Philadelphia County Court of Common Pleas.

Mr. Longer, originally from Philadelphia, Pennsylvania, completed his undergraduate work at Carnegie Mellon University. He then attended the University Pittsburgh School of Law and was a Notes and Comments Editor for the University of Pittsburgh Law Review. Mr. Longer practiced for 3 years in Allegheny County with the law firm of Berger, Kapatan, Malakoff & Myers on complex litigation and civil rights matters, including *Kelly v. County of Allegheny*, No. 6D 84-17962 (C.P. Allegheny County, PA). Thereafter, Mr. Longer joined the firm and is now a member in the firm.

Mr. Longer is a frequent lecturer and has presented numerous seminars on various legal topics for professional groups. Some of Mr. Longer's speaking engagements include: *Plaintiff Only Consumer Warranty Class Action Litigation Seminar*, American Association for Justice Education and the National Association of Consumer Advocate (June 3-4, 2014)*; "No Injury" and "Overbroad" Class Actions After Comcast, Glazer and Butler: Implications for Certification-Navigating Complex Issues of Overbreadth and Damages in Consumer Product Cases*, Strafford Webinar (April 1, 2014); *Service of Process in China*, ABA Annual Conference (April 18-20, 2012); Chinese Drywall Litigation Conference, Harris Martin (October 20-21, 2011); *Current Issues in Multi-district Litigation Practice*, Harris Martin (September 26, 2011); *FDA Preemption: Is this the end?*, Mass Torts Made Perfect (May 2008). He has authored several articles including, *The Federal Judiciary's Super Magnet,* TRIAL (July 2009). He also contributed to Herbert J. Stern & Stephen A. Saltzburg, TRYING CASES TO WIN: ANATOMY OF A TRIAL (Aspen 1999).

Mr. Longer is a member of the American Bar Association, American Association for Justice, Pennsylvania and Philadelphia Association for Justice, the Pennsylvania Bar Association and the Philadelphia Bar Association. He is an active member of the Historical Society for the Eastern District of Pennsylvania. He is admitted to practice before the Supreme Court of Pennsylvania and the Supreme Court of New Jersey, the United States Supreme Court; the United States Courts of Appeals for the Second, Third, Fourth, Fifth, Seventh and Ninth Circuits, and the United States District Courts for the Western and Eastern Districts of Pennsylvania, United States District Court Northern District of New York; United States District Court for the Western District of New York; United States District Court of

New Jersey; United States District Court for District of Arizona; and the United States District Court District of Nebraska.

Mr. Longer has received Martindale-Hubbell's highest rating (AV) as a pre-eminent lawyer for his legal ability and ethical standards. He has also been recognized by his peers as a Super Lawyer since 2008.

(f)      **SANDRA L. DUGGAN**, is Of-Counsel to the firm. She received her J.D. degree in 1985 from Columbia Law School and a B.A. from Washington University in St. Louis, where she was Phi Beta Kappa. Since 1989, Ms. Duggan has focused her practice on class action and multidistrict litigation. She was a named partner in the firm of Kronfeld Newberg & Duggan prior to joining Levin Sedran & Berman. She has served as a member of the Plaintiffs' Executive Committee in the national asbestos property damage class action, *Prince George Center, Inc. v. U.S. Gypsum, et al.* (C.C.P. Phila.), and she is counsel for class plaintiffs in the Title IX discrimination suit, *Cohen v. Brown University, et al.*, (D.R.I.). Ms. Duggan's former firm was Co-Lead Counsel in *In re School Asbestos Litigation*, (E.D. Pa.) and she participated in the Asbestos Claimants Committees in Celotex and National Gypsum Chapter 11 bankruptcies. She has also worked on the *In re EXXON VALDEZ* litigation and other securities fraud, shareholder and property damage class actions in federal and state courts. Ms. Duggan has worked with Levin Sedran & Berman extensively in *In re Orthopedic Bone Screw Products Liability Litigation*, MDL 1014 (E.D. Pa.); *In re Diet Drugs Litigation*, MDL 1203 (E.D. Pa.); *In re Chinese-Manufactured Drywall Products Liability Litigation,* MDL 2047 (E.D. La.); *In re VIOXX Products Liability Litigation*, MDL 1657 (E.D. La.), and she assisted Co-Lead Counsel and Subclass Counsel with negotiating the class settlement in *In re National Football League Players' Concussion Litigation*, MDL No. 2323 (E.D. Pa.). In July 2015, Ms. Duggan and Mr. Levin were appointed by the Honorable Carl J. Barbier to serve as Special Counsel to the Plaintiffs' Fee and Cost Committee in the BP Oil Spill Litigation, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL 2179 (E.D. La.).

Ms. Duggan served as a class action expert in *In re "Non-Filing" Insurance Fee Litigation*, MDL 1130 (M.D. Ala.). She was a contributing author and editor of the Third Edition of Herbert

-11-

Newberg, Newberg On Class Actions, (3d ed. 1992) and she earned a Public Justice Achievement Award in July, 1999 from Public Justice for her work on the Brown University Title IX Litigation.

(g)　　**DANIEL C. LEVIN**, a member of the firm, was born in Philadelphia, Pennsylvania.  He received his undergraduate degree from the University of Pittsburgh (B.A. 1994) and his law degree from Oklahoma City University (J.D. 1997).  He is a member of Phi Delta Phi.  He serves on the Board of Directors for the Philadelphia Trial Lawyers Association.  He is also member of the Pennsylvania Bar Association; Pennsylvania Trial Lawyers Association, and the Association of Trial Attorneys of America. He is admitted to practice before the Supreme Court of Pennsylvania; the United States District Court for The Eastern District of Pennsylvania, and the United States Court of Appeals for the Second and Third Circuits.  Mr. Levin has been part of the litigation team in *In re Orthopedic Bone Screw Products Liability Litigation*, MDL 1014 (E.D. Pa.); *In re Diet Drugs Litigation*, MDL 1203 (E.D. Pa.); *Galanti v. The Goodyear Tire and Rubber Co.*, Civil Action No: 03-209; *Muscara v. Nationwide,* October Term 2000, Civil Action No. 001557, Philadelphia County; and *Wong v. First Union*, May Term 2003, Civil Action No. 001173, Philadelphia County, *Harry Delandro, et al v. County of Allegheny, et al*, Civil Action No. 2:06-CV-927; *Nakisha Boone, et al v. City of Philadelphia, et al*, Civil Action No. 05-CV-1851; *Mary Gwiazdowski v. County of Chester*, No. 08-4463 (E.D.Pa.); *Helmer, et al. v. the Goodyear Tire & Rubber Co.,* D. Co. Civil Action No. 1:12-00685-RBJ*; Cobb v. BSH Home Appliance Corporation, et al*, C.D. Cal. Case No.  SACV10-711 DOC (ANx) and *In Re Human Tissue Products Liability Litigation*, MDL 1763 (D.N.J.).

Mr. Levin was lead counsel in *Joseph Meneghin v. Exxon Mobil Corporation, et al.*, Superior Court of New Jersey, Docket No. OCN-L-002696-07; *Johnson, et al. v. Walsh, et al*, PCCP April Term, 2008, No. 2012; *Kowa, et al. v. The Auto Club Group*, N.D.Ill. Case No. 1:11-cv-07476.  Mr. Levin is currently lead counsel in *Ortiz v. Complete Healthcare Resources, Inc., et al,* Montgomery CCP No. 12-12609; *Gordon v. Maxim Healthcare Services, Inc.*, E.D. Pa. Civil Action No. 2:13-cv-07175 and *Shafir v. Continuum Health Partners, Inc.*

Daniel Levin is recognized by his peers as a Super Lawyer.

(h)    **CHARLES E. SCHAFFER**, a member of the firm, born in Philadelphia, Pennsylvania, is a graduate of Villanova University, (B.S., *Magna Cum Laude*, 1989) and Widener University School of Law (J.D. 1995) and Temple University School of Law (LL.M. in Trial Advocacy, 1998). He is admitted to practice before the Supreme Court of Pennsylvania, the Supreme Court of New Jersey, the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the Western District of Pennsylvania and the Third Circuit Court of Appeals. He is also a member of the American Bar Association, Association of Trial Attorneys of America, Pennsylvania Association for Justice, Philadelphia Trial Lawyers Association, and the National Trial Lawyers Association.

Mr. Schaffer has participated in, *inter alia*, the following actions: *Davis v. SOH Distribution Company, Inc.*, Case No. 09-CV-237 (M.D. Pa.) (Plaintiffs' Co-Lead Counsel); *In re CertainTeed Corporation Roofing Shingles Products Liability Litigation,* MDL No. 1817 (E.D. Pa.) (Plaintiffs' Discovery and Settlement Committees); *Gwaizdowski v. County of Chester*, Civil Action No. 08-CV-4463 (E.D. Pa. 2012); *Meneghin, v. The Exxon Mobile Corporation, et al.,* Civil Action No. OCN-002697-07 (Superior Court, Ocean County, NJ 2012) (Plaintiffs' Co-lead Counsel); *Gulbankian et. al. v. MW Manufacturers, Inc.,* Case No. 1:10-cv-10392-RWZ (D.C. Mass.) (Plaintiffs' Discovery and Settlement Committees); *Eliason, et al. v. Gentek Building Products, Inc., et al.*, Case No. 1:10-cv-2093 (N.D. Ohio) (Plaintiffs' Executive Committee); *Smith, et al. v. Volkswagon Group of America, Inc.*, Case No. 3:13-cv-00370-SMY-PMF (S.D. Ill.) (Plaintiffs' Discovery and Settlement Committees); *Melillo, et al. v. Building Products of Canada Corp.*, Civil Action No. 1:12-CV-00016-JGM (D. Vt. Dec. 2012); *Vought, et al., v. Bank of America, et al*., Civil Action No. 10-CV-2052 (C.D. Ill. 2013) (Plaintiffs' Discovery and Settlement Committees); *In re Navistar Diesel Engine Products Liability Litigation*, MDL No. 2223 (N.D. Ill.) (Plaintiffs' Steering Committee); *United Desert Charities, et al. v. Sloan Valve, et al.*, Case No. 12-cv-06878 (C.D. Ca.) (Plaintiffs' Executive Committee); *Kowa, et. el. v. The Auto Club Group AKA AAA* Chicago, Case No. 1:11-cv-07476 (N.D. Ill.); *In re Chinese-Manufactured Drywall Product Liability Litigation,* MDL 2047 (E.D. La.); *In re Vioxx Products Liability Litigation*, MDL 1657 (E.D. La.); *In re Orthopedic Bone Screw Products Liability Litigation*, MDL 1014 (E.D. Pa.); *In re Diet Drugs Litigation*, MDL 1203 (E.D. Pa.); *In re: CertainTeed Fiber*

*Cement Siding Litigation,* MDL 2270 (E.D. Pa. 2014) (Plaintiffs' Discovery and Settlement Committees) and *In re JP Mortgage Modification Litigation,* MDL 2290 (D. Mass.) (Plaintiffs' Co-Lead Counsel).

Currently, Mr. Schaffer is serving as lead counsel in *In re IKO Roofing Products Liability Litigation*, MDL 2104 (C.D. Ill.), a member of Plaintiffs' Steering Committee in *In re Pella Corporation Architect And Designer Series Windows Marketing Sales Practices and Product Liablility Litigation*, MDL 2514 (D.S.C.); a member of the Plaintiffs' Executive Committee in *In re Azek Decking Sales Practices Litigation*, Civil Action No. 12-6627 (KM)(MCA)(D.NJ.), a member of the Plaintiffs' Executive Committee in *In re Citimortgage, Inc. Home Affordable Modification ("HAMP")*, MDL 2274 (C.D. Cal.); a member of the Plaintiffs' Executive Committee in *In re Carrier IQ Consumer Privacy Litigation*, MDL 2330 (N.D. Cal*.);* a member of the Plaintiffs' Executive Committee *In re Dial Complete Marketing and Sales Practices Litigation*; MDL 2263 (D.N.H.); a member of Plaintiffs' Executive Committee in *In re Emerson Electric Co. Wet/Dry Vac Marketing and Sales Litigation,* MDL 2382 (E.D. Miss.); a member of the Plaintiffs' Executive Committee *In re Colgate  Palmolive Soft Soap Antibacterial Hand Soap Marketing and Sales Practice Litigation*, (D.N.H.); a member of the Plaintiffs' Executive Committee *In re HardiePlank Fiber Cement Siding* Litigation, MDL 2359 (D. Minn.) and is actively participating in a number of other class actions and mass tort actions across the United States in leadership positions.

In recognition of his accomplishments, Mr. Schaffer has achieved and maintained an AV Martindale-Hubbell rating. Mr. Schaffer speaks nationally on a multitude of topics relating to class actions and complex litigation.

(i)      **AUSTIN B. COHEN**, a member of the firm, is a graduate of the University of Pennsylvania (B.A., 1990) and a graduate of the University of Pittsburgh School of Law (J.D., cum laude, 1996) where he served on the Journal of Law and Commerce as an assistant and executive editor.  He has authored an article titled "Why Subsequent Remedial Modifications Should Be Inadmissible in Pennsylvania Products Liability Actions," which was published in the Pennsylvania Bar Association Quarterly.  He is a member of the Pennsylvania and New Jersey bars, and is a member of the Pennsylvania and American Bar Associations.

(j)　　**MICHAEL M. WEINKOWITZ**, a member of the firm, born Wilmington, Delaware, June 11, 1969; admitted to bar 1995, Pennsylvania and New Jersey, U.S. District Courts, Eastern District of Pennsylvania, District of New Jersey; U.S. Court of Appeals, Third Circuit. Education: West Virginia University (B.A., magna cum laude, 1991); Temple University (J.D., cum laude, 1995); Member, Temple International & Comparative Law Journal, 1994-95; American Jurisprudence Award for Legal Writing.

(k)　　**MATTHEW C. GAUGHAN,** born in Boston, Massachusetts, is a graduate of the University of Massachusetts at Amherst, (B.B.A., 2000) and Villanova University School of Law (J.D., *Cum Laude*, 2003). He is admitted to practice in the States of New Jersey, New York and Pennsylvania. He is also admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. Mr. Gaughan has extensive involvement in products liability and commercial litigation cases.

(l)　　**KEITH J. VERRIER,** is a graduate of Temple University School of Law (J.D., magna cum laude, 2000), where he was a member of the Law Review, and the University of Rhode Island (B.S., 1992).   After law school, he was a law clerk for the Honorable Herbert J. Hutton in the United States District Court for the Eastern District of Pennsylvania.  Mr. Verrier has experience litigating a wide range of commercial disputes with an emphasis on litigating and counseling clients on antitrust matters.  He currently spends the majority of his time litigating antitrust class actions, predominantly those seeking overcharge damages on behalf of direct purchasers of products under both Section 1 and Section 2 of the Sherman Act.  He is admitted to practice in the Commonwealth of Pennsylvania and the State of New Jersey as well as in the United States Court of Appeals for the Third Circuit, the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey.  He is a member of the American Bar Association.

(m)　　**LUKE T. PEPPER**, is a graduate of King's College (B.A. 1997) and the Temple University School of Law (J.D. 2000). While in law school, Mr. Pepper served as an intern for United States Magistrate Judge Peter Scuderi.  He is admitted to the Pennsylvania Supreme Court, and the U.S. District Court for the Eastern District of Pennsylvania, U.S. Court of Appeals, Third Circuit, and United States Court of Appeals for the Armed Forces.  He is a member of the Pennsylvania and American Association

of Justice. He served as claimant and attorney liaison for Class Counsel MDL 1203 *In re Diet Drugs*, (E.D. Pa.). His responsibilities included assisting claimants with the adjudication of their claims and resolution of settlement issues.  In addition, Mr. Pepper is part of the litigation teams *In re Pradaxa (Dabigatran Etexilate) Products Liability Litigation*, MDL 2385 (S.D. Ill.), *In re: Yasmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, MDL 2100 (S.D. Ill.); *Municipal Derivatives* MDL 1950 (S.D.N.Y.); *Tylenol (Acetaminophen) Marketing, Sales Practices and Products Liability Litigation* MDL 2436 (E.D. Pa.); *Pool Products Distribution Market Antitrust Litigation*, MDL 2328 (E.D. La.).

(n)     **NICOLA F. SERIANNI**, is a graduate of The Johns Hopkins University (B.A. International Relations, 2000) and Widener University School of Law (J.D., 2006). While in law school, Ms. Serianni served as an intern for Pennsylvania Superior Court Judge Susan Peikes Gantman, and upon graduation continued to work in the Superior Court of Pennsylvania for Judges Richard B. Klein (Ret.) and Anne E. Lazarus. Ms. Serianni is admitted to practice in the Commonwealth of Pennsylvania, the State of New Jersey as well as in the United States District Court for the Eastern District of Pennsylvania. Ms. Serianni works extensively on products liability and class action litigation cases.

### SUCCESSFULLY LITIGATED CLASS CASES

Levin Sedran & Berman's extensive class action practice includes many areas of law, including: Securities, ERISA, Antitrust, Environmental and Consumer Protection.  The firm also maintains a practice in personal injury, products liability, and admiralty cases.

The firm has successfully litigated the following class action cases: *James J. and Linda J. Holmes, et al. v. Penn Security Bank and Trust Co., et al.*, U.S.D.C., Middle District of Pennsylvania Civil Action No. 80-0747; *In re Glassine & Greaseproof Antitrust Litigation*, MDL 475, U.S.D.C., Eastern District of Pennsylvania; *In re First Pennsylvania Securities Litigation*, Master File No. 80-1643, U.S.D.C., Eastern District of Pennsylvania; *In re Caesars World Shareholder Litigation*, Master File No. MDL 496 (J.P. MDL); *In re Standard Screws Antitrust Litigation*, Master File No. MDL 443, U.S.D.C., Eastern District of Pennsylvania; *In re Electric Weld Steel Tubing Antitrust Litigation - II*,

Master File No. 83-0163, U.S.D.C., Eastern District of Pennsylvania; *Leroy G. Meshel, et al. v. Nutri-Systems, Inc., et al.*, U.S.D.C., Eastern District of Pennsylvania, Civil Action No. 83-1440; *In re Corrugated Container Antitrust Litigation*, U.S.D.C., Southern District of Texas, Houston Division, MDL 310; *In re Three Mile Island Litigation*, U.S.D.C., Middle District of Pennsylvania, Civil Action No. 79-0432; *Township of Susquehanna, et al. v. GPU, et al.*, U.S.D.C., Middle District of Pennsylvania, Civil Action No. 81-0437 (a Three Mile Island case); *Donald A. Stibitz, et al. v. General Public Utilities Corporation, et al.*, No. 654 S 1985 (C.P. Dauphin County, Pa.) (a Three Mile Island case); *Raymond F. Wehner, et al. v. Syntex Corporation and Syntex (U.S.A.) Inc.*, No. C-85-20383(SW) (N.D. Cal.) (first Superfund Class Action ever certified); *In re Dun & Bradstreet Credit Services Customer Litigation*, U.S.D.C., Southern District of Ohio, Civil Action Nos. C-1-89-026, 89-051, 89-2245, 89-3994, 89-408; *Malcolm Weiss v. York Hospital, et al.*, U.S.D.C., Middle District of Pennsylvania, Civil Action No. 80-0134; *In re Ramada Inns Securities Litigation*, U.S.D.C., District of Delaware, Master File No. 81-456; *In re Playboy Securities Litigation*, Court of Chancery, State of Delaware, New Castle County, Civil Action No. 6806 and 6872; *In re Oak Industries Securities Litigation*, U.S.D.C., Southern District of California, Master File No. 83-0537-G(M); *Dixie Brewing Co., Inc., et al. v. John Barth, et al.*, U.S.D.C., Eastern District of Pennsylvania, Civil Action No. 84-4112; *In re Warner Communications Securities Litigation*, U.S.D.C., Southern District of New York, Civil Action No. 82-CV-8288; *In re Baldwin United Corporation Litigation*, U.S.D.C., Southern District of New York, MDL No. 581; *Zucker Associates, Inc., et al. v. William C. Tallman, et al. and Public Service Company of New Hampshire*, U.S.D.C., District of New Hampshire, Civil Action No. C86-52-D; *In re Shopping Carts Antitrust Litigation*, MDL 451, Southern District of New York; *Charal v. Andes, et al.*, C.A. No. 77-1725; *Hubner v. Andes, et al.*, C.A. No. 78-1610 U.S.D.C., Eastern District of Pennsylvania; *In re Petro-Lewis Securities Litigation*, 84-C-326, U.S.D.C., District of Colorado; *Gentry v. C & D Oil Co.*, 102 F.R.D. 490 (W.D. Ark. 1984); *In re Hops Antitrust Litigation*, C.A. No. 84-4112, U.S.D.C., Eastern District of Pennsylvania; *In re North Atlantic Air Travel Antitrust Litigation*, No. 84-1013, U.S.D.C., District of Columbia; *Continental/Midlantic Securities Litigation*, No. 86-6872, U.S.D.C., Eastern District of Pennsylvania; *In re Fiddler's Woods*

-17-

*Bondholders Litigation*, Civil Action No. 83-2340 (E.D. Pa.) (Newcomer, J.); *Fisher Brothers v. Cambridge-Lee Industries, Inc , et al.*, Civil Action No. 82-4941, U.S.D.C., Eastern District of Pennsylvania; *Silver Diversified Ventures Limited Money Purchase Pension Plan v. Barrow, et al.*, C.A. No. B-86-1520-CA (E.D. Tex.) (*Gulf States Utilities Securities Litigation*); *In re First Jersey Securities Litigation*, C.A. No. 85-6059 (E.D. Pa.); *In re Crocker Shareholder Litigation*, Cons. C.A. No. 7405, Court of Chancery, State of Delaware, New Castle County; *Mario Zacharjasz, et al. v. The Lomas and Nettleton Co.*, Civil Action No. 87-4303, U.S.D.C., Eastern District of Pennsylvania; *In re People Express Securities Litigation*, Civil Action No. 86-2497, U.S.D.C., District of New Jersey; *In re Duquesne Light Shareholder Litigation*, Master File No. 86-1046 U.S.D.C., Western District of Pennsylvania (Ziegler, J.); *In re Western Union Securities Litigation*, Master File No. 84-5092 (JFG), U.S.D.C., District of New Jersey; *In re TSO Financial Litigation*, Civil Action No. 87-7903, U.S.D.C., Eastern District of Pennsylvania; *Kallus v. General Host*, Civil Action No. B-87-160, U.S.D.C., District of Connecticut; *Staub, et al. v. Outdoor World Corp.*, C.P. Lancaster County, No. 2872-1984; *Jaroslawicz, et al. v. Englehard Corp.*, U.S.D.C., District of New Jersey, Civil Action No. 84-3641F; *In re Boardwalk Marketplace Securities Litigation*, U.S.D.C., District of Connecticut, MDL 712 (WWE); *In re Goldome Securities Litigation*, U.S.D.C., Southern District of New York, Civil Action No. 88-Civ-4765; *In re Ashland Oil Spill Litigation*, U.S.D.C., Western District of Pennsylvania, Master File No. M-14670; *Rosenfeld, et al. v. Collins & Aikman Corp.*, U.S.D.C., Eastern District of Pennsylvania, Civil Action No. 87-2529; *Gross, et al. v. The Hertz Corporation*, U.S.D.C., Eastern District of Pennsylvania, Master File, No. 88-661; *In re Collision Near Chase, Maryland on January 4, 1987 Litigation*, U.S.D.C., District of Maryland, MDL 728; *In re Texas International Securities Litigation*, U.S.D.C., Western District of Oklahoma, MDL No. 604, 84 Civ. 366-R; *In re Chain Link Fence Antitrust Litigation*, U.S.D.C., District of Maryland, Master File No. CLF-1; *In re Winchell's Donut House, L.P. Securities Litigation*, Court of Chancery of the State of Delaware, New Castle County, Consolidated Civil Action No. 9478; *Bruce D. Desfor, et al. v. National Housing Ministries, et al.*, U.S.D.C., Eastern District of Pennsylvania, Civil Action No. 84-1562; *Cumberland Farms, Inc., et al. v. Browning-Ferris Industries, Inc., et al.*, U.S.D.C., Eastern District of Pennsylvania, Master File

-18-

No. 87-3717; *In re SmithKline Beckman Corp. Securities Litigation*, U.S.D.C., Eastern District of Pennsylvania, Master File No. 88-7474; *In re SmithKline Beecham Shareholders Litigation*, Court of Common Pleas, Phila. County, Master File No. 2303; *In re First Fidelity Bancorporation Securities Litigation*, U.S.D.C., District of New Jersey, Civil Action No. 88-5297 (HLS); *In re Qintex Securities Litigation*, U.S.D.C., Central District of California, Master File No. CV-89-6182; *In re Sunrise Securities Litigation*, U.S.D.C., Eastern District of Pennsylvania, MDL 655; *David Stein, et al. v. James C. Marshall, et al.*, U.S.D.C., District of Arizona, No. Civ. 89-66 (PHX-CAM); *Residential Resources Securities Litigation*, Case No. 89-0066 (D. Ariz.); *In re Home Shopping Network Securities Litigation -- Action I (Consolidated Actions)*, Case No. 87-428-CIV-T-13A (M.D. Fla.); *In re Kay Jewelers Securities Litigation*, Civ. Action Nos. 90-1663-A through 90-1667-A (E.D. Va.); *In re Rohm & Haas Litigation*, Master File Civil Action No. 89-2724 (Coordinated) (E.D. Pa.); *In re O'Brien Energy Securities Litigation*, Master File No. 89-8089 (E.D. Pa.); *In re Richard J. Dennis & Co. Litigation*, Master File No. 88-Civ-8928 (MP) (S.D. N.Y.); *In re Mack Trucks Securities Litigation*, Consolidated Master File No. 90-4467 (E.D. Pa.); *In re Digital Sound Corp., Securities Litigation*, Master File No. 90-3533-MRP (BX) (C.D. Cal.); *In re Philips N.V. Securities Litigation*, Master File No. 90-Civ.-3044 (RPP) (S.D.N.Y.); *In re Frank B. Hall & Co., Inc. Securities Litigation*, Master File No. 86-Civ.-2698 (CLB) (S.D.N.Y.); *In re Genentech, Inc. Securities Litigation*, Master File No. C-88-4038-DLJ (N.D. Cal.); *Richard Friedman, et al. v. Northville Industries Corp.*, Supreme Court of New York, Suffolk County, No. 88-2085; *Benjamin Fishbein, et al. v. Resorts International, Inc., et al.*, No. 89 Civ.6043(MGC) (S.D.N.Y.); *In re Avon Products, Inc. Securities Litigation*, No. 89 Civ. 6216 (MEL) (S.D.N.Y.); *In re Chase Manhattan Securities Litigation*, Master File No. 90 Civ. 6092 (LJF) (S.D.N.Y.); *In re FPL Group Consolidated Litigation*; Case No. 90-8461 Civ. Nesbitt (S.D. Fla.); *Daniel Hwang, et al v. Smith Corona Corp., et al*, Consolidated No. B89-450 (TFGD) (D. Ct.); *In re Lomas Financial Corp. Securities Litigation*, C.A. No. CA-3-89-1962-G (N.D. Tex.); *In re Tonka Corp. Securities Litigation*, Consolidated Civil Action No. 4-90-2 (D. Minnesota); *In re Unisys Securities Litigation*, Master File No. 89-1179 (E.D. Pa.); *In re Alcolac Inc. Litigation*, Master File No. CV490-261 (Cir. Ct. Saline Cty. Marshall, Missouri); *In re Clozapine Antitrust Litigation*,

-19-

Case No. MDL874 (N.D. Ill.); *In re Jiffy Lube Securities Litigation*, C.A. No. JHY-89-1939 (D. Md.); *In re Beverly Enterprises Securities Litigation*, Master File No. CV-88-01189 RSWL (Tex.) [Central District CA]; *In re Kenbee Limited Partnerships Litigation*, CV-91-2174 (GEB) (D.N.J.); *Greentree v. Procter & Gamble Co.*, C.A. No. 6309, April Term 1991 (C.C.P. Phila. Cty.); *Moise Katz, et al v. Donald A. Pels, et al and Lin Broadcasting Corp.*, No. 90 Civ. 7787 (KTD) (S.D.N.Y.); *In re Airlines Antitrust Litigation*, MDL No. 861 (N.D. GA.); *Fulton, Mehring & Hauser Co., Inc., et al. v. The Stanley Works, et al.*, No. 90-0987-C(5) (E.D. Mo.); *In re Mortgage Realty Trust Securities Litigation*, Master File No. 90-1848 (E.D. Pa.); *Benjamin and Colby, et al. v. Bankeast Corp., et al.*, C.A. No. C-90-38-D (D.N.H.); *In re Royce Laboratories, Inc. Securities Litigation*, Master File Case No. 92-0923-Civ-Moore (S.D. Fla.); *In re United Telecommunications, Inc. Securities Litigation*, Case No. 90-2251-0 (D. Kan.); *In re U.S. Bioscience Securities Litigation*, C.A. No. 92-678 (E.D. Pa.); *In re Bolar Pharmaceutical Co., Inc. Securities Litigation*, C.A. No. 89 Civ. 17 (E.D. N.Y.); *In re PNC Securities Litigation*, C.A. No. 90-592 (W.D. Pa.); *Raymond Snyder, et al. v. Oneok, Inc., et al.*, C.A. No. 88-C-1500-E (N.D. Okla.); *In re Public Service Company of New Mexico*, Case No. 91-0536M (S.D. Cal.); *In re First Republicbank Securities Litigation*, C.A. No. CA3-88-0641-H (N.D. Tex, Dallas Division); and *In re First Executive Corp. Securities Litigation*, Master File No. CV-89-7135 DT (C.D. Calif.).

\*   \*   \*

Several courts have favorably commented on the quality of work performed by Arnold Levin, Levin, Fishbein, Sedran & Berman, and Mr. Levin's former firm, Adler, Barish, Levin & Creskoff.

Judge Rambo of the United States District Court for the Middle District of Pennsylvania has favorably acknowledged the quality of work of the law firm in her opinion in *In re Three Mile Island Litigation*, 557 F. Supp. 96 (M.D. Pa. 1982).  In that case, the firm was a member of the Executive Committee charged with overall responsibility for the management of the litigation.  Notably, the relief obtained included the establishment of a medical monitoring fund for the class.  *See also*, *Township of Susquehanna, et al. v. GPU, et al.*, U.S.D.C., Middle District of Pennsylvania, Civil Action No. 81-0437.

-20-

In certifying the class in *Weiss v. York Hospital*, Judge Muir found that "plaintiff's counsel are experienced in the conduct of complex litigation, class actions, and the prosecution of antitrust matters." *Weiss v. York Hospital*, No. 80-0134, Opinion and Order of May 28, 1981 at 4 (M.D. Pa. Mar. 1981). *See also*, *Weiss v. York Hospital*, 628 F. Supp. 1392 (M.D. Pa. 1986). Judge Muir, in certifying a class for settlement purposes, found plaintiff's attorneys to be adequate representatives in *In re Anthracite Coal Antitrust Litigation*, Nos. 76-1500, 77-699, 77-1049 and found in the decision that "the quality of the work performed by Mr. Levin and by the attorneys from Adler-Barish [a predecessor to Levin, Fishbein, Sedran & Berman] who assisted him -- as exhibited both in the courtroom and in the papers filed -- has been at a high level." *In re Anthracite Coal Antitrust Litigation*, (M.D. Pa., Jan. 1979). Judge Muir also approved of class counsel in the certification decision of *Holmes, et al. v. Penn Security and Trust Co., et al.*, No. 80-0747. Chief Judge Nealon found plaintiffs' counsel to satisfy the requirement of adequate representation in certifying a class in *Beck v. The Athens Building & Loan Assn.*, No. 73-605 at 2 (D. Pa. Mar. 22, 1979). Judge Nealon's opinion relied exclusively on the Court's Opinion in *Sommers v. Abraham Lincoln Savings & Loan Assn.*, 66 F.R.D. 581, 589 (E.D. Pa. 1975), which found that "there is no question that plaintiffs' counsel is experienced in the conduct of a class action...."

Judge Bechtle in the *Consumer Bags Antitrust Litigation*, Civil Action No. 77-1516 (E.D. Pa.), wherein Arnold Levin was lead counsel for the consumer class, stated with respect to petitioner:

> Each of the firms and the individual lawyers in this case have extensive experience in large, complex antitrust and securities litigation.

> Furthermore, the Court notes that the quality of the legal services rendered was of the highest caliber.

In *Gentry v. C&D Oil Company*, 102 F.R.D. 490 (W.D. Ark. 1984), the Court described counsel as "experienced and clearly able to conduct the litigation."

In *Jaroslawicz v. Engelhard Corp.*, No. 84-3641 (D.N.J.), in which this firm played a major role, the Court praised plaintiffs' counsel for their excellent work and the result achieved.

In *In re Orthopedic Bone Screw Products Liability Litigation,* 2000 WL 1622741, *7 (E.D. Pa. 2000), the Court lauded Levin, Fishbein, Sedran & Berman counsel as follows: "The court also finds

-21-

that the standing and expertise of counsel for [plaintiffs] is noteworthy. First, class counsel is of high caliber and most PLC members have extensive national experience in similar class action litigation."

In *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation*, MDL 1203, the Court commented on Levin, Fishbein, Sedran & Berman's efforts regarding the creation of the largest nationwide personal injury settlement to date as a "remarkable contribution". PTO No. 2622 (E.D. Pa. Oct. 3, 2002).

The firm has played a major role in most pharmaceutical litigation in the last 20 years. The firm is listed by Martindale-Hubbell in the Bar Register of Preeminent Lawyers.