# EXHIBIT N

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### DECLARATION OF BRUCE A. HAGEN IN SUPPORT OF CO-LEAD CLASS COUNSEL'S PETITION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF COSTS AND EXPENSES

BRUCE A. HAGEN declares as follows pursuant to 28 U.S.C. § 1746:

1. I am senior partner of the law firm of Hagen, Rosskopf & Earle, LLC. I submit this declaration in support of Co-Lead Class Counsel's Petition for an Award of Attorney's Fees and Reimbursement of Costs and Expenses in connection with and for services rendered and expenses incurred for the common benefit of the Settlement Class in the above-captioned multidistrict litigation ("Action") from the inception of the litigation through July 15, 2016, as well as for the

payment of expenses incurred therewith. I have personal knowledge of the matters set forth in this declaration and, if called upon, I could and would testify competently thereto.

2. I have been a member of the Communications and Public Relations Subcommittee (the "CPR") to the Plaintiff's Steering Committee since its inception. Other members of the CPR were Anthony Tarricone, Steve Marks, Michael McGlamry, David Rosen and the Co-Lead Counsel. The CPR was tasked with the critical function of shaping and managing the media outreach to guide the message being put forth on behalf of the players. The CPR was instrumental in working with members of the media to unearth and expose facts about the NFL's conduct that served as a proxy for information that would normally only be developed in discovery. Since discovery efforts had been stayed by the Court until after a resolution of the preemption argument, the CPR's efforts were the only means available to develop the facts that ultimately led to the parties reaching an agreement to settle the case.

My personal involvement on the CPR was in many different areas, all of which served the overall purpose of the CPR and supported the efforts of the Co-Lead Counsel. These activities included, but are not limited to, interviewing and selecting a Public Relations firm to assist the CPR and Lead Counsel; establishing relationships with members of the media who were following the issues raised in the case; crafting the messaging to be put forth by both counsel and players; facilitating media access to players; strategy regarding media outreach and efforts; working with media, players and counsel to coordinate and conduct press conferences; discussion with various media members about issues critical to the success of the players' claims in the litigation; daily review of media coverage of the concussion litigation and issues surrounding same; working with website development to put forth a clear message in support of the players' claims and the

settlement efforts; participation in regular meetings with the PR firm and members of the CPR; coordination with the efforts being made by the CPR and the overall efforts of the PSC, PEC and lead counsel; various other tasks done in furtherance of the overall effort to secure a favorable result for the players in the NFL Concussion litigation.

All of the above efforts were done separately from any work performed on behalf of individual clients, and was done to provide a benefit to the common efforts of all plaintiffs.

3. The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of common benefit time spent by the attorneys and professional support staff of my firm who were involved in, and billed fifty or more hours to, this Action, and the lodestar calculation for those individuals based on my firm's current billing rates. For personnel who are no longer employed by my firm, the lodestar calculation is based on the billing rates of such personnel in their final year of employment by my firm. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm. Time expended in preparing this application for attorney's fees and expenses has been excluded.

4. The hourly rates for the attorneys and professional support staff of my firm included in Exhibit 1 are the same as the regular rates charged for their services in other contingent matters.

5. The total number of hours expended on the common benefit of this Action by my firm during the time period is 540.8 hours. The total lodestar for my firm for those hours is $324,480.00, consisting of $324,480.00 for attorney's time.

6. My firm's lodestar figures are based solely upon my firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7. As detailed in Exhibit 2 hereto, my firm is seeking reimbursement of a total of $16,998.08 in common benefit expenses incurred in connection with the prosecution of this Action. These expenses are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source material, and are an accurate record of the expenses incurred.

8. With respect to the standing of my firm to share in an award of fees, costs, and expenses, attached hereto as Exhibit 3 is a biography of my firm, including the attorneys in my firm who were principally involved in this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 28, 2016 at Decatur, Georgia.

_____
BRUCE A. HAGEN

Sworn to and subscribed before me
this __28th__ day of December, 2016

_____
NOTARY PUBLIC

[Notary Seal: DAN PRUITT, NOTARY PUBLIC, GWINNETT COUNTY, GEORGIA]

4

# EXHIBIT 1

RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION

No. 12-md-2323-AB

HAGEN, ROSSKOPF & EARLE, LLC

LODESTAR REPORT

Inception through July 15, 2016

| NAME | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| PARTNERS: | | | |
| Bruce A. Hagen | 540.8 | 600.00 | 324,480.00 |
| | | | |
| | | | |
| ASSOCIATES: | | | |
| | | | |
| | | | |
| STAFF ATTORNEYS: | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| CONTRACT ATTORNEYS: | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| PARALEGALS: | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTALS: | 540.8 | | $324,480.00 |

Exhibit "1"

# EXHIBIT 2

IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION

No. 12-md-2323-AB

Hagen, Rosskopf & Earle, LLC

COST AND EXPENSE REPORT

Inception through July 15, 2016

| NUMBER | CATEGORY | AMOUNT |
|---|---|---|
| 1 | Assessments | 10,000.00 |
| 2 | Commercial Copies | |
| 3 | Computerized Research | |
| 4 | Court Reporters/Transcripts | |
| 5 | Expert Services | |
| 6 | Facsimile | |
| 7 | Filing & Service Fees | |
| 8 | In-House Copies | |
| 9 | Long Distance Telephone | |
| 10 | Postage/Express Delivery | |
| 11 | Travel/Meals/Lodging | 6,998.08 |
| 12 | Miscellaneous | |
| **TOTAL EXPENSES** | | $16,998.08 |

# Exhibit "2"

# EXHIBIT 3

IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION

No. 12-md-2323-AB

BIOGRAPHY

Bruce A. Hagen has been a licensed attorney in the State of Georgia since 1986. After spending 6 years working for other firms, Bruce A. Hagen started his own firm, Bruce A. Hagen, P.C., in 1992. Since that time, Bruce has been lead counsel on behalf of more than 10,000 clients in personal injury claims and has been lead counsel on approximately 200 trials. Bruce is widely recognized as one of the top trial lawyers in Georgia, having been named as a Georgia Super Lawyer for 14 consecutive years. Bruce is a Champion Member of the Georgia trial Lawyers Association and is a frequent speaker at GTLA conferences, most recently in December, 2016 at the annual GTLA Holiday Seminar and in April, 2016 at the GTLA Annual Conference. Bruce is also a regular lecturer for programs put on by ICLE, NBI and AAJ, having spoken at the AAJ Brain Injury Section Jazz Fest Seminar. A member of AAJ, Bruce is also the co-author of a 3 volume set published by AAJ Press called Litigating Minor Impact Soft Tissue Injury Cases.

Bruce is a regular media commentator on issues relating to Sports and the Law. Bruce has a regular segment on the top Sports Radio show in Atlanta on WCNN 680 The Fan where he discusses relevant topics on the intersection of sports and the law and is frequently sought after for media commentary by multiple local TV news sources in the Atlanta area.

Bruce first became involved in what would become known as the "NFL Concussion Litigation" in mid-2011 when he was contacted by a former player. From that initial contact, Bruce became intimately involved with the litigation, including the history of the NFL's actions as it related to the medical issue of concussions and head injuries. Bruce connected with many of the writers and journalists who were involved in exposing the NFL's conduct. Bruce also began a joint effort with other likeminded lawyers around the country to hold the NFL accountable in what ultimately led to the settlement of the present matter.

Based on Bruce's personal experience as a lawyer since 1986, his professional accomplishments and his involvement in the present case since inception, the fees and expenses that are sought in the present petition are all reasonable and appropriate and should be approved without revision by the Court.

# Exhibit "3"