# EXHIBIT V

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### DECLARATION OF FREDERICK SCHENK IN SUPPORT OF CO-LEAD CLASS COUNSEL'S PETITION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF COSTS AND EXPENSES

FREDERICK SCHENK declares as follows pursuant to 28 U.S.C. § 1746:

1.      I am a partner of the law firm of Casey, Gerry, Schenk, Francavilla, Blatt & Penfield, LLP.  I submit this declaration in support of Co-Lead Class Counsel's Petition for an Award of Attorney's Fees and Reimbursement of Costs and Expenses in connection with and for services rendered and expenses incurred for the common benefit of the Settlement Class in the above-captioned multidistrict litigation ("Action") from the inception of the litigation through July 15, 2016, as well as for the payment of expenses incurred therewith.  I have personal

knowledge of the matters set forth in this declaration and, if called upon, I could and would testify competently thereto.

2.     Casey Gerry became involved in the steering committee in April, 2012 when we were appointed by the US District Court to serve on the plaintiff's steering committee. Casey Gerry was appointed to the communication and media subcommittee which played a critical role in managing of the messaging, content and press releases that were shared with the public. Also, the daily dissemination of content that was being sent out on social media was forwarded to us. Frederick Schenk has a degree in communications from UCLA. With that background in media and journalism, he was selected as the representative for our law firm to review and determine what, if any, responses needed to be crafted and to determine who would best be able to respond to the messaging. He was prepared to help respond to adverse media issues that were brought to the steering committee and was prepared to assess appropriate responses that would have to be crafted on behalf of the committee.

There were several scheduled steering committee meetings which took place in New York which Mr. Schenk attended and at which topics included discussions regarding the committees assessment of the press and the messaging which was being crafted by the committee and the professional staff whom we hired to assist us. Mr. Schenk also attended the preemption oral arguments in the US District Court, Eastern District of Pennsylvania. The day prior to that hearing, Mr. Schenk met with our team of counsel in order to participate in the discussion where we were invited to pose mock questions for the purpose of seeking out responses from our counsel. In addition, there were scheduled phone conferences which occurred throughout the time the case was pending that involved.

2

Mr. Schenk also attended meetings in New York where invitations had been extended to all plaintiff's attorneys who had clients or who wanted to learn more about the proposed class action. There were many scheduled phone conference calls in anticipation of and in preparation of that event. Mr. Schenk participated in most of those calls and in the meeting which occurred in New York where the proposed plan was presented and where a lively discussion took place. This meeting included individual discussions between those of us on the steering committee and lawyers from around the country who were invited to attend in order to learn more about the anticipated terms of the settlement.

During the course of the litigation, Mr. Schenk was often contacted by lawyers on the committee to discuss and to share information that would help us stay on targeted messaging. As steering committee members, we often served as ombudsmen to make sure that those who had cases, but were not on the steering committee, were properly advised as to the process and to share what information was permitted to be disclosed in order for non-committee counsel to advise their own clients of the status of the potential class action.

3.      The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of common benefit time spent by the attorneys and professional support staff of my firm who were involved in, and billed fifty or more hours to, this Action, and the lodestar calculation for those individuals based on my firm's current billing rates. For personnel who are no longer employed by my firm, the lodestar calculation is based on the billing rates of such personnel in their final year of employment by my firm. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm. Time expended in preparing this application for attorney's fees and expenses has been excluded.

4.      The hourly rates for the attorneys and professional support staff of my firm included in Exhibit 1 are the same as the regular rates charged for their services in other matters.

5.      The total number of hours expended on the common benefit of this Action by my firm during the time period is 417.40 hours.  The total lodestar for my firm for those ours is $333,920 consisting of $333,920 for attorneys' time.

6.      My firm's lodestar figures are based solely upon my firm's billing rates, which rates do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7.      As detailed in Exhibit 2 hereto, my firm is seeking reimbursement of a total of $86,651.72 in common benefit expenses incurred in connection with the prosecution of this Action.  These expenses are reflected on the books and records of my firm.  These books and records are prepared from expense vouchers, check records, and other source material, and are an accurate record of the expenses incurred.

8.      With respect to the standing of my firm to share in an award of fees, costs, and expenses, attached hereto as Exhibit 3 is a biography of my firm, including the attorneys in my firm who were principally involved in this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 5, 2017 at San Diego, California.

_____
FREDERICK SCHENK
CASEY, GERRY, SCHENK,
FRANCAVILLA, BLATT & PENFIELD,
LLP

4

# EXHIBIT 1

**IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION**

**No. 12-md-2323-AB**

**EXHIBIT #1**

**Casey, Gerry, Schenk, Francavilla, Blatt & Penfield, LLP**

**LODESTAR REPORT**

**Inception through July 15, 2016**

| NAME | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| **PARTNERS:** | | | |
| **Frederick Schenk** | 417.40 | 800 | $333,920 |
| | | | |
| **ASSOCIATES:** | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **STAFF ATTORNEYS:** | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **CONTRACT ATTORNEYS:** | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **PARALEGALS:** | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS:** | 417.40 | | $333,920 |

# EXHIBIT 2

**IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION**

**No. 12-md-2323-AB**

**EXHIBIT #2**

**Casey, Gerry, Schenk, Francavilla, Blatt & Penfield, LLP**

**COST AND EXPENSE REPORT**

**Inception through July 15, 2016**

| NUMBER | CATEGORY | AMOUNT |
|---|---|---|
| 1 | Assessments | $75,000.00 |
| 2 | Commercial Copies | |
| 3 | Computerized Research | |
| 4 | Court Reporters/Transcripts | |
| 5 | Expert Services | |
| 6 | Facsimile | |
| 7 | Filing & Service Fees | |
| 8 | In-House Copies | |
| 9 | Long Distance Telephone | |
| 10 | Postage/Express Delivery | |
| 11 | Travel/Meals/Lodging | $11,651.72 |
| 12 | Miscellaneous | |
| **TOTAL EXPENSES** | | $86,651.72 |

# EXHIBIT 3

**EXHIBIT #3**

CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP
(CASEYGERRY)
FIRM BIO

Casey Gerry Schenk Francavilla Blatt & Penfield, LLP (CaseyGerry), founded in 1947, is one of the oldest plaintiffs' firms in the State of California.  Partners David S. Casey, Jr. and Frederick Schenk represented Gray Davis in bringing a 17200 action on behalf of the State of California, as well as playing a leadership and co-trial role in the Exxon Valdez litigation.  The firm has extensive experience in mass and/or multi-party class action in the complex litigation area, including the Scott class action in Louisiana, the Brown class action in California, as well as playing a leadership role (with Herman Mathis Casey & Kitchens) in In Re Propulsid Products Liability Litigation (MDL 1355) and In Re: Rezulin Products Liability Litigation (MDL 1348).  The firm helped lead a recovery of $40 million in improper sewage rate charge cases involving Shames v. City of San Diego and in representing POW's from World War II against companies which enslaved them in In Re World War II Era, et al. v. Mitsui & Co., Ltd. (MDL 1347).  The firm also played a role in one of the largest commercial fraud cases against Honda of America on behalf of dealers who were defrauded by paying bribes for new car allocations.  The firm has over 30 years of experience in asbestos litigation, automobile product litigation (Barrett v. GM seatbacks, Carter v. GM gas tanks), hypodermic needle stick cases, and an improper tax case resulting in a multi-million dollar recovery in Villa v. City of Chula Vista.  The firm has represented the City of San Diego and County of San Diego in asbestos litigation and has played a lead role in wage & hour litigation in Galvez v. Waste Management.  The firm also played a leadership role in In Re Incretin Mimetics Products Liability Litigation (MDL 2452) and In Re Ephedra Products Liability Litigation (MDL 1598), and currently serves on the Plaintiffs' Steering Committee for In Re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation (MDL 2672).

The firm currently serves on the Plaintiffs' Steering Committee for the NFL Players Concussion Injury Litigation and CaseyGerry partner Frederick Schenk is a member of its Communications/Media Committee.  Members of the firm include two past presidents of the Association of Trial Lawyers of American (now AAJ) and the past president of the State Bar of California.  Firm members have been recognized as members of the International Academy of Trial Lawyers and International Society of Barristers and included multiple times in the *Los Angeles Daily Journal* list of Top 100 Lawyers in California.  Five of the firm's partners are members of the American Board of Trial Advocates (ABOTA), and partner Frederick Schenk currently serves on the Executive Committee of the San Diego chapter of ABOTA.