**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL | § | |
| LEAGUE PLAYERS' CONCUSSION | § | |
| LITIGATION | § | |
| _____ | § | **No. 12-md-2323 (AB)** |
| | § | |
| | § | **MDL No. 2323** |
| **THIS DOCUMENT RELATES TO:** | § | |
| **ALL ACTIONS** | § | |

---

**MOTION FOR ENTRY OF CASE MANAGEMENT ORDER GOVERNING**
**APPLICATIONS FOR ATTORNEYS' FEES; COST REIMBURSEMENTS; AND**
**FUTURE FEE SET-ASIDE**

---

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Settlement Class Members Liyongo Patrise Alexander, Charlie Anderson, Charles E. Arbuckle, Cassandra Bailey, as Representative of the Estate of Johnny Bailey Jr., deceased, Ben Bronson, Curtis Ceaser, Jr., Larry Centers, Darrell Colbert, Harry Colon, Christopher Crooms, Jerry W. Davis, Tim Denton, Michael Dumas, Corris Ervin, Doak Field, Baldwin Malcolm Frank, Derrick Frazier, Murray E. Garrett, Clyde Glosson, Roderick Harris, Wilmer K. Hicks, Jr., Patrick W. Jackson, Gary D. Jones, Ryan McCoy, Jerry James Moses, Anthony E. Newsom, Rance Olison, John Owens, Robert Pollard, Derrick Pope, Glenell Sanders, Thomas Sanders, Dwight Scales, Todd C. Scott, Frankie Smith, Jermaine Smith, Tyrone Smith, James A. Young Sr. (collectively, the "Alexander Objectors") respectfully submit the following and request that the Court enter a Case Management Order that establishes a schedule of deadlines governing Applications for Attorneys Fees, Cost Reimbursements, and Future Fee Set-Aside and, in support, would show as follows:

### *The Court deferred determination of the "appropriate time" for such Applications:*

In paragraph 14 of this Court's April 22, 2015, Final Order and Judgment, the Court

ordered that "motions for an award of attorneys' fees and reasonably incurred costs, as contemplated by the Parties in Section 21.1 of the Settlement Agreement, may be filed at an appropriate time to be determined by the Court, after the Effective Date of the Settlement Agreement." The Effective Date of the Settlement Agreement has arrived. As such, and for the orderly presentation of these mounting and competing Applications and the inevitable competition to be "first to the 112.5 million dollar table," the Alexander Objectors respectfully ask that this Court enter a Case Management Order establishing all of the "appropriate time[s]" for the resolution of the fee issues.

As the Court is aware, the NFL Parties have agreed to pay attorneys' fees and reasonable costs and expenses incurred by Plaintiffs' Counsel provided that the request does not exceed $112.5 million dollars. As the Court is also aware, Applications already on file exceed the sum of $112.5 million dollars.

### _Counsel are engaged in a Race to the Courthouse in the absence of guidance:_

Co-Class Counsel was not the first to the Courthouse seeking fees, but they have argued that their Application should go first. And, no wonder. Co-Class Counsel' has just recently submitted an Application seeking the _full amount_ of $112.5 million dollars. The amount of the Application arises from the following calculation:

1. a request for 9% of the "value of benefits conferred" as calculated by Co-Counsel

2. a lodestar cross-check ($40,559,978.60)

3. an enhancement via 2.6 multiplier.

In addition to the Co-Class counsel petition, the Court has also received additional Applications for Fees for professional services alleged to benefit the Class bringing the requested total fees well above $112.5 million.

Moreover, the Court will be receiving additional Applications in light of the attorneys' fees that were not submitted by Co-Class Counsel. Co-Class Counsel, Mr. Seeger, solicited attorney's time and expenses "incurred for the common benefit of all class members" in preparation for "the petition for award of class attorneys' fees and expenses." *See* July 25, 2016 Letter from Mr. Seeger, Exhibit A.  However, Mr. Seeger did not include all attorneys' common benefit submissions he received with the Co-Class Counsel's Fee Application. Thus, for example, the February, 2017 Application by Co-Class Counsel was the first notice the undersigned had that his professional fees incurred for the benefit of the entire Class would not be submitted by Co-Class Counsel.  If Co-Class Counsel has unilaterally decided which attorneys are "entitled" to an award of fees, the decision has not been communicated to this Court or to the counsel involved.

### ***The Court is facing complicated questions on class fees:***

The Co-Class Counsel Petition for fees, costs, and a set-aside candidly acknowledges that the Settlement contains unique fee features.  Without regard to whether Co-Class Counsel is correct in their argument that such features constitute an additional basis for praise, there is no doubt that such features provide a complicating factor for this Court.  For example, the NFL parties have set aside an agreed maximum sum for attorneys' fees in the amount of $112.5 million dollars.  The Settlement itself is comprised of three principle components: (1) the uncapped MAF, (2) the BAP; and (3) the education fund.  The Settlement timetable is 65 years. Although the Settlement has become effective, no claim history is yet established.  Indeed, the 180 day class member registration deadline could materially impact the amount ultimately paid by the NFL and the analysis of monies set aside for future attorneys services.

The existing competing fee applications and objections teach that the following is a list of

issues that already face this Court:

### 1. What is the proper fee-analysis methodology?

The unique aspects of this Settlement have caused the Co-Class Counsel to characterize the appropriate analysis for their fee Application as neither pure percentage-of-recovery nor pure lodestar; instead, Co-Class Counsel urges the Court to accept a characterization of "constructive common fund." The objectors have criticized this hybrid methodology. The Miller Objectors, for example, propose Co-Class Counsel be compensated in the sum of 15% of "any amounts actually paid to qualifying class members." And, to be sure, for this Court to accept a hybrid methodology will require this Court to write on a largely clean slate. A Case Management Order could establish legal briefing deadlines so that the propriety of a chosen methodology is fully considered.

### 2. What is the proper methodology for establishing the "value for the Class"?

Co-Class Counsel posit a methodology for establishing the value of the Settlement to the Class: Add together:

(1) an actuarial 65-year projection of $900-$950 million that the uncapped MAF "will pay out";

(2) the $75 million BAP medical testing and benefit program;

(3) the $10 million education fund "to promote safety and injury prevention for football players of all ages."

(4) the $4,000,000 Notice Costs

(5) the $11,925,000 Claims Administration Fee; and

(6) the $112,500,000 attorneys' fee provision;

for a grand total of $1,163,425,000.

The objectors have criticized this methodology; as characterized by one objector, the proposed value is based upon "unrealistic assumptions."

This Court should have the opportunity to entertain competing value methodologies. The Court should have the opportunity to read or hear arguments about whether, for example, an education fund for non-class members is – though valuable – of value to the Class.

> **3.   What is the proper method for the Court to verify the hours alleged expended by counsel in service of the Class and costs incurred in that connection?**

Using Co-Class Counsel's application as an example, this Court has little beyond experience with the litigation by which to measure the services rendered. Counsel seek fees alleged to have been incurred not just by the six (6) counsel confirmed by this Court. Instead, Class Counsel seeks fees for twenty-three (23) law firms, eighty-one (81) lawyers, seventeen (17) paralegals, six (6) law clerks, and one (1) Information Technology. Neither the application nor the supporting affidavits provide a detailed breakdown of any of the hours. In fact, more than 80% of the affidavits submitted in support of the application are, in fact, virtually identical in substance and vary only in the attached listing of hours and fee. The fees for these eight-one (81) lawyers range from approximately $250.00 to $1,350 without explanation beyond the fact that such fees have been paid before. The lawyers hired by this Court have hired additional lawyers; and those lawyers have hired more lawyers, paralegals and law clerks. And, then one of the lawyers hired an information technologist whose hours in excess of 1,000 are billed without explanation. If the Court determines that information technology services may be reimbursed, the Court will no doubt receive additional requests for information-technologist assistance as lawyers uniformly require such help.

It is not a question of whether the Court finds that, in the abstract, 50,912.39 hours is a reasonable amount of time for lawyers to work on a case of this type. It is a question of whether

it is reasonable in this case, based upon the work performed, and the competing claims to a limited resource. It would be inappropriate to simply trust any lawyer on the hours expended; and, limited discovery between the parties would shed light on an appropriate allocation of the limited fund.  Unexplained hours multiplied by a global range of fees hardly provides the Court with a lodestar check.

A Case Management Order would permit the Court to vet the reasonableness of the fees through careful consideration of objections.  *See In re Baby Products Antitrust Litigation*, 708 F.3d 163, 177 (3d Cir. 2013) (noting that it is appropriate for the Court to address issues raised in objections to fee award).

### 4.  *Is it premature to apply an enhancing multiple to current fee applications?*

The Settlement is now effective, but only just effective.  As, Co-Class Counsel pointed out in their objection to the Faneca Objectors' Petition, the deadline for the NFL Parties to fund the Settlement does not occur until March 8, 2017.  Therefore, Co-Class Counsel has characterized as "premature and inefficient" for any fee petition to be briefed and decided before the Petition filed by Co-Class Counsel.  And, yet, if this Court decides Co-Class Counsel's Petition first, the fee fund will be completely exhausted, not because Co-Class Counsel have $112.5 million in fees, but because Co-Class Counsel are already asking for a multiplier.

This Court might determine that, although Co-Class Counsel and the other attorneys need not wait 65 years to submit fee enhancement requests, they need not submit them on the first day when any entitlement to enhancement is, necessarily, gauged by the success of a Settlement that has not yet been implemented in any way.

A schedule for assessing participation and a resultant multiplier for success could be a part of a Case Management Order.

### 5. *Is it premature to order a set-aside for future fees?*

The Settlement permits a petition to the Court "to set aside up to five percent" of each monetary award for future fees.  It is axiomatic that, by the "up to" language selected by the Court, that this Court needs sufficient information to know whether to award 5% or something less than 5%.  Co-Class Counsel has given the Court nothing upon which to base the assessment that 5% will be necessary – and they could not do so at this time inasmuch as any need for future fees before administration of the Settlement begins is the definition of speculative.  Co-Class Counsel do not know any more now about the likely participation in the Settlement or the need for legal counsel then they did at the time the Court invited a petition "up to" 5%.

Moreover, the only pressing need for a set-aside for future fees is the exhaustion of the $112.5 million fund already established for fees.  Co-Class Counsel should not be allowed to apply for credit to others' detriment until they demonstrate that it is reasonable to exhaust the existing account.

Time will tell more – the petition for a set-aside should wait.  The timing could be addressed by a Case Management Order.

### Conclusion

The Court and the parties would benefit by a Case Management Order directed to the related issues of Fees, Costs, and a Set-Aside.  A Case Management Order will permit this Court to direct all Applications to be filed by a date certain, all objections to be filed by a date certain, all requests for information among counsel to be completed by a date certain, all legal briefing to be completed by a date certain; and all of these dates certain to be coordinated on a schedule naturally already established by the Settlement.  By contrast, piecemeal adjudication of these issues is calculated to create confusion, duplication of effort, and unintended consequences.

Respectfully Submitted,


/s/ Lance H. Lubel

Mickey Washington                        Lance H. Lubel
Texas State Bar No.: 24039233            Texas State Bar No.: 12651125
WASHINGTON & ASSOCIATES, PLLC            Adam Voyles
1314 Texas Ave., Suite 811               Texas State Bar No.: 24003121
Houston, Texas 77002                     LUBEL VOYLES LLP
Telephone: (713) 225-1838                Montrose Blvd., Suite 800
Facsimile: (713) 225-1866                Houston, TX 77006
Email: mw@mickeywashington.com           Telephone: (713) 284-5200
                                         Facsimile: (713) 284-5250
                                         Email: lance@lubelvoyles.com
James Carlos Canady                              adam@lubelvoyles.com
Texas State Bar No.: 24034357
THE CANADY LAW FIRM
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 284-5204
Facsimile: (713) 284-5250
Email: ccanady@canadylawfirm.com

ATTORNEYS FOR THE ALEXANDER PLAINTIFFS/OBJECTORS


Date:   February 21, 2017

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that counsel for the Alexander Objectors attempted to confer by telephone with Class Counsel, Mr. Christopher Seeger, and counsel for the NFL Parties, Mr. Brad Karp, regarding the relief requested in this motion.  I forwarded a draft to Mr. Seeger and suggested a phone conference but did not hear back.  Accordingly, it is unknown whether Class Counsel opposes this motion.  Accordingly, this matter is presented to the Court for resolution.

/s/ Lance H. Lubel
Lance H. Lubel

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of February, 2017, a true and correct copy of the foregoing ***Motion for Entry of Case Management Order Governing Applications for Attorneys' Fees, Cost Reimbursements, and Future Fee Set Aside*** has been filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel of record and a copy is also being served by First Class Mail on:

      Clerk of the District Court/NFL Concussion Settlement
      U.S. District Court for the Eastern District of Pennsylvania
      United States Courthouse
      601 Market Street
      Philadelphia, PA 19106-1797

                           /s/ Adam Q. Voyles
                           Adam Q. Voyles