UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>*Maxwell et al.* v. *National Football League et al.*, 2:12-cv-01023-AB | Hon. Anita B. Brody |

**RESPONSE OF THE NATIONAL FOOTBALL LEAGUE
AND NFL PROPERTIES LLC IN OPPOSITION TO
PLAINTIFF SHANTE CARVER'S MOTION TO GRANT
PLAINTIFF'S REQUEST FOR EXCLUSION FROM SETTLEMENT CLASS**

The National Football League ("NFL") and NFL Properties LLC (the "NFL Parties") submit this response in opposition to Plaintiff Shante Carver's Motion to Grant Plaintiff's Request for Exclusion from the Settlement Class (12-md-2323, Doc. No. 7121; 12-cv-1023, Doc. No. 108 ("Carver Mot.")). Plaintiff's Motion is untimely, unreasonably delayed and prejudicial, coming 28 months after the opt-out deadline, 22 months after the date of Final Approval, and more than a month after the Effective Date of the Class Action Settlement. Moreover, Plaintiff seeks Court relief more than 21 months after the Claims Administrator, BrownGreer PLC, informed Plaintiff's counsel in writing that Plaintiff's prior opt-out request was deficient under the terms of the Settlement Agreement. For these reasons, Plaintiff's Motion should be denied.

## ARGUMENT

On October 7, 2014, Plaintiff Shante Carver signed an Opt Out form that failed to provide his phone number, as required under Section 14.2(a) of the Class Action Settlement Agreement—a requirement that was repeated in the Settlement Class Notice. He mailed that form to the Claims Administrator on October 8, 2014. (*See* Carver Mot. ¶ 2, Ex. A.) On November 3, 2014, the Claims Administrator filed an Opt Out Report that notified Plaintiff that his submission was invalid because it failed to provide all of the necessary information under the Settlement Agreement. (Opt Out Report ¶ 17(c), 12-md-02323, Doc. No. 6340; *id.* Ex. 1, 12-md-02323, Doc. No. 6341-1 (*see* Row 41).) The Claims Administrator provided additional notice of the submission's deficiency in seven subsequent Opt Out Reports filed before Final Approval, and thereafter in the May 4, 2015 Posting of List of Opt Outs Pursuant to the Final Order and Judgment ("Final Approval Opt Out List"), which listed Carver in Table 2 among the Opt Out Requests That Were Untimely and/or Did Not Contain All Information Required by Section 14.2(c)). (*See* Doc. 6533-2.)

Upon review of the Final Approval Opt Out List, Plaintiff's Counsel wrote a letter to the Claims Administrator claiming that the Opt Out submission included the necessary phone number. (*See* Carver Mot. Ex. B.) The Claims Administrator responded by presenting Plaintiff's Counsel with evidence that the submission it received did <u>not</u> include the necessary information. (*See* Carver Mot. Ex. C.) In turn, Plaintiff's Counsel elected to take no further action. Now, *more than 21 months later*—after the Class Action Settlement became effective and the NFL Parties understood that they had

certainty as to the universe of Opt Outs—Counsel for Plaintiff petitions the Court to be excluded from the Settlement Class. Such unreasonable delay should not be excused.

Plaintiff's unreasonable delay in seeking exclusion from the Settlement Class after receiving notice that an initial effort did not comply with the requirements approved by this Court does not meet the standard of excusable neglect. *See Pioneer Inv. Servs. Co*. v. *Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (setting forth four factors to be considered in connection with an assertion of "excusable neglect" as justification for a missed judicial deadline: (1) "the danger of prejudice" to the party opposing the extension; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control" of the party seeking the extension; and (4) whether the party seeking the extension "acted in good faith.").

The Settlement Agreement and Court-approved Settlement Class Notice set forth the clear requirements to Opt Out of this Settlement Class. Plaintiff did not comply with those requirements by the deadline. A settling defendant is entitled to the certainty that these requirements and deadlines provide, and is prejudiced where Settlement Class Members are allowed to opt out long after the defendant understood the potential exposure that remained after settlement. *See, e.g.*, *In re Am. Exp. Fin. Advisors Secs. Litig*., 672 F.3d 113, 130 (2d Cir. 2011) (holding "there is, moreover, little doubt that [defendant] would suffer prejudice if [plaintiff] were permitted to opt out of the Class Settlement three years late, as it would be exposed to liability that it had every reason to think had been foreclosed by the entry of the Settlement Agreement in federal court"). To the contrary, Plaintiff will not be similarly prejudiced because he will be entitled to

the Settlement benefits provided in the Class Action Settlement, which this Court and the Third Circuit found fair, reasonable and adequate.

Moreover, upon learning of Plaintiff's mistake, Plaintiff's Counsel failed to raise the issue with the Court in a timely fashion—waiting an unreasonably long 21 months, and without presenting any reason for the delay.  *See, e.g.*, *In re Imprelis Herbicide Mktg., Sales Practices and Prods. Liab. Litig.*, Nos. 11-md-02884, 2:11-cv-7599, 2014 WL 348593, at *2, 5 (E.D. Pa. Jan. 31, 2014) (finding inexcusable delay where counsel received the filed opt-out list, from which its client was missing, yet took more than three additional months to take action).   Under these circumstances, this Court has significant discretion to deny Plaintiff's untimely motion.  *Id*. at *3 ("Where [the district court's] equitable powers are exercised in the form of case management decisions in a complex class action, district court discretion is at its greatest." (quoting *In re Ins. Brokerage Antitrust Litig.*, 374 F. App'x 263, 266 (3d Cir. 2010))).

For these reasons, Plaintiff's Motion should be denied.  To the extent that this Court approves Plaintiff's Motion, however, the NFL Parties respectfully request that, in the interest of finality and certainty, this Court promptly cease entertaining further exclusion requests by Settlement Class Members who have had multiple years to cure their known deficiencies.

Dated:  February 27, 2017               Respectfully submitted,

/s/ Brad S. Karp
Brad S. Karp
Bruce Birenboim
Lynn B. Bayard
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

                              1285 Avenue of the Americas
                              New York, NY 10019-6064
                              Main: 212.373.3000
                              Fax: 212.757.3990
                              bkarp@paulweiss.com
                              bbirenboim@paulweiss.com
                              lbayard@paulweiss.com

*Attorneys for the National Football League and NFL Properties LLC*

5