**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**RESPONSE AND LIMITED OPPOSITION OF THE ESTATE OF KEVIN TURNER TO CO-LEAD CLASS COUNSELS'**
**PETITION FOR AN AWARD OF ATTORNEYS' FEES**
**AND ADOPTION OF A SET-ASIDE OF EACH MONETARY AWARD**

Pursuant to Fed. R. Civ. P. 23(h)(2), the Estate of Kevin Turner ("Turner Estate") hereby

responds to Co-Lead Class Counsels' Fee Petition filed on February 13, 2017 (Doc. No. 7151). [1]

**I.      Introduction.**

The Court must ensure that the attorneys' fees sought are reasonable.

Fed. R. Civ. P. 23(h). In determining whether and how much to award class counsel in attorneys'

---

[1] As the Court is aware, a fee dispute between the Turner Estate and Podhurst Orseck, P.A. is the subject of a prior, pending motion. In the interest of brevity, the Turner Estate incorporates by reference and respectfully refers the Court to each of its arguments opposing the extraction of additional fees by the Podhurst firm from the Monetary Award contained in the briefing filed in support of the Turner Estate's Motion to Resolve Attorney Fee Dispute. *See* Doc. Nos. 7029 and 7114.

fees, the Court must conduct a "thorough judicial review," *Perry v. FleetBoston Fin. Corp.*, 229 F.R.D. 105, 118 (E.D. Pa. 2005), in effect acting as a fiduciary for the class.

The Turner Estate is fully supportive of the settlement. It has no objection to Class Counsel (including Plaintiffs' Counsel as defined in the Memorandum of Law in Support of the Fee Petition, Doc. No. 7151-1, at p. 2 n.4 and p. 9) receiving an award of attorneys' fees and expenses to be paid by the NFL Parties. Nor does the Turner Estate object to the total amount of fees and expenses that the NFL Parties agreed to make available for an attorney fee award. The Turner Estate also does not object to Co-Lead Class Counsel Christopher Seeger divvying up the attorneys' fees and expenses as awarded and directed by the Court. Finally, the Turner Estate does not contest the request for an Incentive Award to the Class Representatives.

However, under no circumstances should funds from the Turner Estate's recovery be used to pay attorneys' fees. The NFL Parties agreed to pay and Class Counsel agreed to accept attorneys' fees and expenses of up to $112.5 million. The Turner Estate should not be responsible to pay any additional attorneys' fees, particularly as those may be ostensibly outside the purview of the Court's approval.[2] Nor should the 5% holdback payments be taken from the Turner Estate's claim. As Kevin Turner was one of the lead plaintiffs, it is expected his $5 million claim will be one of the first paid and there will be no controversy over doing so. Thus, there is no reason any funds should be held back for post-settlement work. And certainly not 5% ($250,000) when the claim will be submitted by the undersigned firm *pro bono* on the Turner Estate's behalf. No further work will be necessary to obtain his award.

---

[2] While attorney Steven Marks of Podhurst Orseck, P.A. submitted a declaration in support of the Petition (Doc. No. 7151-8), no separate fee petition was filed seeking approval of additional attorneys' fees.

The NFL Parties have agreed to pay attorneys' fees and expenses up to $112.5 million and Class Counsel have agreed to accept up to that amount. Nothing prohibits counsel from entering into a contract in which they agree to accept those fees even though they may be less than what possibly could have been recovered had the case proceeded to trial either as a class or individual suit. The Settlement Agreement was negotiated fully and at arms-length and the fee provision clearly was and is a material term. The Court should give effect, then, to the common intent of the parties to that agreement. This means that Class Counsel receives their compensation for the settlement from the NFL Parties, not the Turner Estate.

**II.     Plaintiffs' Counsel Will be Richly Rewarded by the NFL's Payment of Attorney Fees and Anything More is Unconscionable and Excessive.**

The Turner Estate agrees that this Court should award a fee based upon the value of benefits actually conferred upon the Class under the constructive common fund method,[3] and use the lodestar as a cross-check. However, the Court should approve of Co-Lead Counsels' Petition only after rigorously evaluating the propriety of the amounts sought by each lawyer. Attached as Exhibit "A" is a compilation of the hours, fees and expenses of counsel totaling $46 million submitted in the supporting declarations from all Plaintiffs' Counsel to the Memorandum of Law in Support of the Fee Petition.[4]

---

[3] Class Counsel appropriately refer to the factors this Court should consider as set forth by the Third Circuit in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 197 (3d Cir. 2000). With respect to the fifth factor, however, Class Counsel focus entirely on the risk of recovery. (Memorandum of Law in Support of the Fee Petition, Doc. No. 7151-1, at pp. 39–42.) The Turner Estate does not minimize the risk Class Counsel undertook to assert the settled claims, but the risk of non-payment by the NFL Parties cannot seriously be questioned. *See McDonough v. Toys "R" Us, Inc.*, 80 F. Supp.3d 626, 653 (E.D. Pa. 2015).

[4] The attorneys' fee request is $106,817,220.62 after reimbursement of expenses totaling $5,682,779.38. (Doc. No. 7151-1, at p. 3) Accordingly for a total Lodestar from Plaintiffs' Counsel of $40,680,272.35, the Lodestar multiplier for this fee request is 2.62.

As stated in the Memorandum of Law in Support of the Fee Petition, Seeger Weiss has appropriately waived any fees and expenses from class members whom the firm represents on an individual basis (Memorandum of Law in Support of the Fee Petition, Doc. No. 7151-1, at p. 4 n.8) since the requested attorneys' fees already represent a 2.62 multiplier on their lodestar, which would more than cover any additional work that remains to be done with respect to class members' claims. However, other Class Counsel firms have not reached the same conclusion, including the Podhurst attorneys for Kevin Turner. Podhurst said they intend to seek an additional 25% from the Turner Estate's award, even though the requested attorney fee award by Co-Lead Class Counsel will make Podhurst more than whole for any fees they have incurred on their individual clients' behalf, likely over 2.62 times their lodestar.[5] As shown in its Opposition to the Turner Estate's Motion to Resolve Attorney Fee Dispute, the Podhurst firm seeks an additional 25% of the Turner Estate's $5,000,000 award—a $1,250,000 windfall above their fee earned in the case. (Doc. No. 7071, at p. 1)

The fees sought here will amply compensate for what is in reality virtually all if not all of the work in the case. Kevin Turner retained the Podhurst firm on January 18, 2012. Podhurst filed his suit two days later on January 20, 2012, along with 98 other players they were representing. The MDL was established January 31, 2012. As a result, almost all of the work performed in his case was common benefit work. Any work related solely to his individual case was *de minimus*.

---

[5] The Podhurst firm is one of the six Class Counsel firms. The total Lodestar of Plaintiffs' Counsel contained in the Memorandum of Law in Support of the Fee Petition includes seventeen other law firms, who are not Class Counsel. Accordingly it should be anticipated that the Podhurst firm will seek and obtain as Class Counsel a Lodestar multiplier higher than the average 2.62 multiplier paid to all Plaintiffs' Counsel.

**III.     The Turner Estate Opposes the Requested 5% Holdback on All Monetary Awards.**

The Turner Estate also opposes Class Counsel's request for a 5% holdback on the Turner Estate's award to compensate Class Counsel for common benefit work going forward. Any multiplier of the lodestar that Class Counsel may receive as part of this Court's fee award already is sufficient to compensate Class Counsel. There are more than sufficient funds in the fee fund to cover all reasonable fees that Class Counsel may incur, whether for common benefit work, or for clerical work on other individual clients' claims, for the next 65 years. In particular, however, Class Counsel should receive nothing more in the way of a holdback from the Turner Estate.

In the Memorandum of Law in Support of the Fee Petition for approval of attorneys' fees, Class Counsel assert: "[I]t bears repeating that not a penny of the fee award will come out of the pockets of a single Class Member." (Doc. No. 7151-1, at p. 34.) Yet the 5% hold back would do just that. None of the tasks that possibly may be undertaken over the next 65 years apply to Kevin Turner or the Turner Estate (*id.* pp. 61–64). As Mr. Turner is deceased, already has a qualifying claim, and is the lead plaintiff of the sub-class he represents, there is no reason to think payment of his claim will be delayed. No further work will be required. It would be incredibly unjust and unfair to reduce the Turner Estate's claim by $250,000 when no future work is necessitated.

**CONCLUSION**

The Estate of Kevin Turner opposes any fee award to Class Counsel until such time as the Court performs a thorough judicial review of the fees sought by each lawyer, in particular the fees sought by the Podhurst firm. Any fees awarded should be limited to an allocation from the NFL Parties' payment, not deducted from the Turner Estate's claim. The Court also should deny Class Counsel's request for a 5% holdback on the Turner Estate's claim.

5

Respectfully submitted,

*/s/ R. Montgomery Donaldson*

R. MONTGOMERY DONALDSON   (PA #63400)
ROBERT A. PENZA (*pro hac vice* motion pending)
**POLSINELLI PC**
222 Delaware Avenue
Suite 1101
Wilmington, Delaware  19801
(302) 252-0920
(302) 252-0921 (FAX)
rmdonaldson@polsinelli.com
rpenza@polsinelli.com

P. JOHN BRADY (*pro hac vice* motion pending)
**POLSINELLI PC**
900 W 48th Place
Suite 900
Kansas City, Missouri  64112-1895
(816) 753-1000
(816) 753-1536 (FAX)
jbrady@polsinelli.com

ATTORNEYS FOR ESTATE OF KEVIN
TURNER

Dated: February 27, 2017

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed via the ECF filing system on February 27, 2017, and that as a result electronic notice of the filing was served upon all attorneys of record.

/s/ R. Montgomery Donaldson
Attorney for Estate of Kevin Turner