**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIG., | ) ) ) ) | 2:12-md-02323-AB |

**OPPOSITION TO CO-LEAD CLASS COUNSEL'S**
**MOTION TO SET COORDINATED BRIEFING SCHEDULE**

Class member Cleo Miller hereby opposes Class Counsel's Motion to Set a Coordinated Briefing Schedule, because the proposed schedule improperly incorporates Class Counsel's illogical assertion that any fee petition not already on file is somehow time-barred. To the contrary, all fee petitions are currently premature, because there is currently no evidence before the Court of the value of benefits conferred upon the class on which to base a percentage fee award.[1] The universe of potential settlement beneficiaries will not be known until August 7, 2017, and the number of class members with Qualifying Diagnoses will not be known until several months after the BAP program commences. Therefore, there is no reason for this Court to set an arbitrarily premature deadline for the filing of fee petitions, when those petitions would not be ripe at this time.

Class Counsel's assertion that the deadline for filing a fee petition was 14 days after their fee petition was filed is illogical and wrong. While that was the deadline for opposing Class Counsel's fee petition, there is no reason why objectors should have rushed to file incomplete fee petitions within that two week period. While exhaustion of the fee fund could render subsequent fee petitions moot, due to a lack of funds to pay

---

[1] As noted in Mr. Miller's Opposition to Class Counsel's Fee Petition, Class Counsel may be entitled to an immediate first stage fee award based upon the guaranteed portion of the BAP fund, but that is all.

them, there is no reason to be concerned about this if this Court follows Mr. Miller's recommendation, which has long been followed in this Circuit, to stage the fee awards and award fees only as benefits to the Class are paid out. In this case, it should be easy to identify which claims are attributable to the objectors' amendments, and which were included in the original settlement, for purposes of allocation of credit for the settlement benefits.

## CONCLUSION

Objector Cleo Miller opposes any fee award to Class Counsel or anyone else at this time, and requests that this Court (1) defer any fee awards until a date after August 7, 2017, and then (2) award Class Counsel no more than 15% of the value of settlement benefits that are guaranteed to be paid to Class Members during the first year of the Settlement Claims Process; and (3) consider any fee petitions filed by counsel for objectors as they are made, with no arbitrary deadline, based upon proven benefits conferred upon Class members as a result of the amendments.

Respectfully submitted,
Cleo Miller,
By his attorneys,

/s/ John J Pentz
John J. Pentz
19 Widow Rites Lane
Sudbury, MA 01776
Phone: (978) 261-5725
jjpentz3@gmail.com

Edward W. Cochran
20030 Marchmont Rd.
Cleveland Ohio 44122
Phone: (216) 751-5546
EdwardCochran@wowway.com

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that the foregoing document was filed via the ECF filing system on March 1, 2017, and that as a result electronic notice of the filing was served upon all attorneys of record.

                 */s/ John J. Pentz*
                 John J. Pentz