# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION LITIGATION | § § § § No. 12-md-2323 (AB) § |
| KEVIN TURNER & SHAWN WOODEN on behalf of themselves and others similarly situated | § MDL No. 2323 § § Civ. Action No. 14-00029-AB § |
| v. | § § |
| National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc. | § § § § § |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | § § § |

## DECLARATION OF MITCHELL A. TOUPS IN SUPPORT OF THE ARMSTRONG OBJECTORS' PETITION FOR AWARD OF ATTORNEYS' FEES

Pursuant to 28 U.S.C. § 1746, I, Mitchell A. Toups, declare as follows:

1. I am an attorney in good standing licensed to practice law in the State of Texas and the State of New York. I am also admitted to practice in the United States District Courts for the Eastern, Northern and Southern Districts of Texas, the Northern District of Illinois, the Eastern District of Wisconsin, the United States Court of Appeals for the Third, Fifth, Sixth, Seventh, Ninth and Eleventh Circuits, the United States Court of Federal Claims, and the United States Supreme Court. I also have been, and am, admitted *pro hac vice* in various other state and federal courts throughout the United States.

2.  I am a partner in the law firm of Weller, Green, Toups & Terrell, L.L.P., in Beaumont, Texas. I have practiced law for over thirty-three years. I am AV peer review rated by the Martindale-Hubbell Law Directory. My practice has focused on business cases, consumer cases, complex commercial litigation, class actions, and mass actions in state and federal courts throughout the United States.

3.  I am Co-Counsel for the group of the thirty-four Objectors known as the "Armstrong Objectors" who are identified in their Petition for an Award of Attorneys' Fees and Supporting Memorandum of Law. I have personal knowledge of the statements in this Declaration and, if called as a witness, I could, and would, testify competently them. I make this Declaration in support of the Armstrong Objectors' Petition for an Award of Attorneys' Fees and Supporting Memorandum of Law.

4.  As Co-Counsel for the Armstrong Objectors in this matter, I, assisted by my staff where appropriate, (i) reviewed the June 25, 2014 Class Action Settlement Agreement that was subsequently amended to become the Final Settlement approved by the Court, (ii) met with and counseled clients and other Class Members over the phone and in person regarding the Final Settlement, their concerns about it, and objections to it, (iii) researched and drafted the Armstrong Objectors' Objection, Amended Objection, and Supplemental Objection to the Final Settlement, (iv) reviewed the Court's order and opinion giving final approval to the Final Settlement, (v) conferred and communicated with the Armstrong Objectors, other Class Members, and co-counsel about the Court's approval of the Final Settlement and appealing the approval order to the Third Circuit Court of Appeals, (vi) worked with Co-Counsel to review and edit the Armstrong Objectors' appellate briefs filed in the Third Circuit, (vii) subsequently advised the Armstrong Objectors and other Class Members about the November 19, 2015 oral argument in the Third

Circuit, (viii) reviewed the Third Circuit' opinion, and conferred and communicated with the Armstrong Objectors and co-counsel about appealing the decision to the United States Supreme Court, (ix) worked with Co-Counsel to review and edit the Armstrong Objectors' petition for writ of *certiorari* filed in the Supreme Court, (x) advised the Armstrong Objectors and other Class Members about its denial, and (xi) counseled the Armstrong Objectors and other Class Members about their post-denial options and potential benefits under the Final Settlement once it became effective on January 7, 2017.

5. The above-described work performed by my Firm (working with Co-Counsel) on behalf of the Armstrong Objectors benefitted all Class Members by (i) transforming the settlement process into a true adversarial proceeding, (ii) enhancing the Final Settlement by opening up the Baseline Assessment Program for all eligible Class Members, expanding the eligibility period for Death with CTE benefits, and securing a waiver of the $1000 appeal fee for good cause, and (iii) in the process, delivering the Collateral Time Benefit—which provided Class Members with over nineteen months of additional time to be examined by their own board certified neuro-specialist physician for purposes of securing a Qualified Diagnosis and receiving a monetary award under the Final Settlement. As a result of the above-described work performed by my Firm (working with Co-Counsel), the Final Settlement was significantly enhanced for the benefit of all Class Members.

6. My Firm spent three years working on behalf of the Armstrong Objectors to enhance the Final Settlement for the benefit of all Class Members. In doing so, my Firm (i) spent 328.00 hours, yielding a lodestar of $236,600.00 of attorneys' fees at my Firm's current hourly billing rates for this type of litigation, and (ii) advanced $38,346.83 of out-of-pocket expenses. A

3

Lodestar Summary of the time spent by Firm's attorneys and paralegals working on this matter and their billing rates is attached as Exhibit A.

7. Throughout the litigation, my staff and I maintained contemporaneous daily time records of the time and expenses incurred. My Firm's lodestar is based solely upon my Firm's billing rates, which do not include charges for expense items. Expense items are billed separately and are not duplicated in my Firm's billing rates.

8. My Firm represented the Armstrong Objectors on a 100% contingency basis, assuming full risk of non-payment. That said, I only seek an award of my Firm's straight time hourly fees ($236,600.00) with no multiplier. I also do not seek reimbursement of the out-of-pocket expenses advanced by my Firm representing the Armstrong Objectors for the benefit of all Class Members. Nor is the time incurred to prepare the Armstrong Objectors' Petition for an Award of Attorneys' Fees, Supporting Memorandum of Law, and this Declaration included in my requested fee award.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 24, 2017, at Beaumont, Texas.

_____
Mitchell A. Toups

# EXHIBIT A

## IN RE: NFL PLAYERS' CONCUSSION INJURY LITIGATION
## No. 12-md-2323-AB

### WELLER, GREEN, TOUPS & TERRELL, L.L.P.
### LODESTAR SUMMARY

### January 2014-January 2017

| NAME | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| **PARTNER** | | | |
| Mitchell A. Toups | 336.00 | $700.00 | $236,600.00 |
| **Totals** | 336.00 | $700.00 | $236,600.00 |