UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIG., | ) ) ) ) | 2:12-md-02323-AB |

### CURTIS L. ANDERSON'S SUPPLEMENTAL OBJECTION TO CLASS COUNSEL'S FEE PETITION

Class member Curtis L. Anderson ("Anderson") hereby supplements his original objection to the settlement's fee provision (DE 6248) with the following points germane to class counsels' actual fee petition (DE 7151):

**1.** *Plaintiffs failed to notify class members of their fee petition*.

Procedurally, Plaintiffs' fee petition is fatally flawed because class members have been deprived of their fundamental right to object to its reasonableness. According to Plaintiffs' memorandum in support of their motion for settlement approval (DE 6423-1, p. 19): "Co-Lead Class Counsel will file a petition for an award of attorneys' fees and reimbursement of costs after the Effective Date. *Settlement Class Members will have an opportunity to comment on or object to the petition*." (emphasis added) The long-form notice to class members was more specific:

> At a later date to be determined by the Court, Co-Lead Class Counsel, Class Counsel and Subclass Counsel will ask the Court for an award of attorneys' fees and reasonable costs. The NFL Parties have agreed not to oppose or object to the request for attorneys' fees and reasonable incurred costs if the request does not exceed $112.5 million. These fees and incurred costs will be paid separately by the NFL Parties and not from the Baseline Assessment Program Fund, Education Fund or Monetary Award Fund. *Settlement Class Members will have an opportunity to comment on and/or object to this request at an appropriate time.* Ultimately, the award of attorneys' fees and reasonable costs to be paid by the NFL Parties is subject to the approval of the Court. (emphasis added)

1

Settlement Notice, at 20. In response to complaints that such a fee-deferral procedure violates class members' due process rights, this court noted that interested parties would still have an opportunity to object to the fee petition **when filed**. *In re Nat'l Football League Players' Concussion Injury Litig.*, 307 F.R.D. at 396. On appeal, the Third Circuit affirmed the propriety of separating the settlement and fee motions ***provided*** class members are notified each time:

> Nowhere does the provision require that class counsel move for its fee award at the same time that it moves for final approval of the settlement. Under the Rule, a fee petition must be made by motion served on all parties and, ***when the motion is made by class counsel, notice must be "directed to class members in a reasonable manner***." Fed. R. Civ. P. 23(h)(1). Class members may then object and the court may hold a hearing. Fed. R. Civ. P. 23(h)(2)–(3). And the court "must find the facts and state its legal conclusions" and "may refer issues related to the amount of the award to a special master." Fed. R. Civ. P. 23(h)(3)–(4). ***So long as these conditions are met***, the procedure for awarding attorneys' fees that the District Court approved in this case will not run afoul of subsection (h).  (emphasis added)

*In re National Football League Players Concussion Injury Litig.*, 821 F.3d 410, 445 (3rd Cir. 2016). Despite this important caveat, no separate class notice of class counsels' actual fee petition has been served upon absent class members in order to preserve their right to object to its reasonableness. Neither has the fee petition been posted to the settlement's website (unlike other important court documents) as a minimal effort to inform interested parties of this major event.

As a result of Plaintiffs' failure to follow proper protocol, the only class members with a real opportunity to object are the precious few who already secured legal representation to object to the settlement's fairness. This is a far cry from the separate notice assumed by the Third Circuit in affirming Plaintiffs' separate fee petition. If anything, Anderson concurs with Objector Cleo Miller's observation: "[A]ll fee petitions are currently premature, because there is currently no evidence before the Court of the value of benefits conferred upon the class on which to base a percentage fee award." (DE 7229, p. 1).

**2.** *Even if the fee petition does not require supplemental notice, the Court should establish an appropriate objection deadline and briefing schedule after it is published on the settlement website.*

Despite the unique issues associated with awarding fees in this complex class action, Plaintiffs apparently also hope to treat their petition like an ordinary motion. Accordingly, they point to the local rule on motions *between parties* to cut off further objections to their fee petition. (DE 7228, p. 2, fn. 1). At the same time, Plaintiffs have requested an extension to "streamline the attorneys' fees proceedings and serve the interests of judicial efficiency and economy by having a single, consolidated response filed on one date instead of piecemeal replies or responses to the various filings, thereby sparing the Court from having to consult a multiplicity of briefs for Class Counsel's responses to the various arguments of objectors made either in opposition to the Class Counsel Petition or in support of their own cross-petition for fees." (DE 7228, p. 3).

Such a blatant double standard cannot withstand judicial review. To rigidly apply E.D. Pa. Civ. R. 7.1(c) as a means of foreclosing objections to a fee petition unknown to class members would be to ignore unique rights beyond the "parties" to the litigation long recognized at law. Instead, the Court should: (1) require publication of the fee petition on the settlement website by a date certain; (2) include a notice of the fee objection deadline with the publication; and (3) establish an appropriate briefing schedule leading up to the hearing on Plaintiffs' fee request. At minimum, Anderson alternatively requests leave to file his objections to the fee petition within 7 days of the Court's order.

**3.** *Even if Plaintiffs' fee petition is procedurally proper, it is substantively deficient.*

In the interim, Anderson registers his agreement with Objector Miller regarding the following substantive objections to Plaintiffs' fee petition and corrective actions in order to preserve the record on appeal: (a) to defer any fee award until a date after August 7, 2017,

(b) to award Class Counsel no more than 15% of the value of settlement benefits that are guaranteed to be paid to Class Members during the first year of the Settlement Claims Process; (c) to void all individual fee contracts between class members and law firms that receive common benefit fee awards; (d) to deny Class Counsel's request for a 5% holdback on all monetary awards; (e) to require that Class Counsel periodically return to this Court and make incremental fee requests as benefits are actually paid to class members; and (f) to defer all fee awards to objectors until such time as the benefits conferred by objectors, if any, may be quantified.

## CONCLUSION

For all of the foregoing reasons, Anderson asks the Court:

1. To require supplemental notice of Plaintiffs' fee petition to class members (including notice of objection deadline, briefing schedule and fee hearing date);

2. Alternatively, require publication of Plaintiffs' fee petition on the settlement website (including notice of objection deadline, briefing schedule and fee hearing date);

3. Alternatively, grant Anderson leave to file objections to the fee petition within 7 days of the Court's order.

Date:   March 1, 2017                        Respectfully submitted,
                                              Curtis L. Anderson,
                                              By his attorney,

                                               */s/ George W. Cochran*
                                              George W. Cochran (Ohio 92855)
                                              1385 Russell Drive
                                              Streetsboro, Ohio 44241
                                              Tel:   (330) 607-2187
                                              Fax:   (330) 230-6136
                                              Email: lawchrist@gmail.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing document was filed via the ECF filing system on March 1, 2017, and that as a result electronic notice of the filing was served upon all attorneys of record.

                                                */s/ George W. Cochran*
                                                  George W. Cochran