UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB) <br><br> MDL No. 2323 |
| **THIS DOCUMENT RELATES TO:** <br><br> Vernon Maxwell, et al. <br> v. National Football League et al. <br> No. 2:12-cv-01023-AB <br><br><br> **As to Plaintiff <u>SHANTE CARVER</u> Only** | |

**PLAINTFF'S REPLY TO RESPONSE OF
THE NATIONAL FOOTBALL LEAGUE TO PLAINTIFF'S MOTION TO GRANT
PLAINTIFF'S REQUEST FOR EXCLUSION FROM SETTLEMENT CLASS**

Plaintiff, by and through counsel, files the instant Reply to the National Football League's ("NFL") Response to Plaintiff's Motion to Grant Plaintiff's Exclusion from Settlement Class. Plaintiff does not dispute the NFL's relevant factual recitation. Plaintiff did indeed wait until the Effective Date of the Settlement to ask for exclusion from the class, but this was for reasons of judicial economy. Indeed, on August 31, 2016 counsel for the NFL asked this Court to adjourn the scheduled September 12, 2016 Organizational Meeting of Opt Out Plaintiffs until after the Supreme Court of the United States considered and ruled on the petitions for certiorari filed in relation the Settlement Agreement in this action for reasons of "prudence and in the interests of judicial economy". *See* August 31, 2016 letter of Brad S. Karp to the Honorable Anita S. Brody, attached as Exhibit A.

To the extent this Court agrees with the NFL that the four factor test found in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 398 (1993) should govern this Court's decision in this matter, Plaintiff points out that (1) the NFL has not articulated any actual prejudice to it should the instant Motion be granted, (2) there would be no discernable potential impact on the current judicial proceeding, (3) interests of judicial economy are valid and (4) Plaintiff Shante Carver acted in good faith.  Mr. Carver merely forgot to include his phone number on his request for exclusion from the class.  More importantly, the Defendant, NFL, upon information and belief, has possessed Mr. Carver's phone number for decades.  Mr. Carver, nonetheless, still desires to be excluded.  It is in this Court's discretion to grant Mr. Carver's request.  He humbly asks that this Court grant it.

## CONCLUSION

For the previously stated reasons, this Court should grant Plaintiff's Motion.

Dated: March 3, 2017

Respectfully submitted,

GOLDBERG, PERSKY & WHITE, P.C.

By: s/ *Jason E. Luckasevic*
Jason E. Luckasevic, Esquire
(PA Bar No. 85557)
11 Stanwix Street, Suite 1800
Pittsburgh, PA  15222
Telephone:  (412) 471-3980
Facsimile: (412) 471-8308
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 3, 2017 the foregoing PLAINTFF'S REPLY TO RESPONSE OF THE NATIONAL FOOTBALL LEAGUE TO PLAINTIFF'S MOTION TO GRANT PLAINTIFF'S REQUEST FOR EXCLUSION FROM SETTLEMENT CLASS was electronically filed. Notification of this filing will be sent to all parties via the Court's CM/ECF system.

                GOLDBERG, PERSY & WHITE, P.C.

                By: s/ *Jason E. Luckasevic*