UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>　　　　Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## ORDER

Pursuant to Sections 21.1, 21.2 and 23.7 of the Settlement Agreement, dated June 25, 2014, as amended February 13, 2015 (the "Settlement Agreement"), IT IS HEREBY ORDERED that:

　　　　1.　　The Garretson Resolution Group, Inc. is appointed as the Fund Administrator of the Attorneys' Fees Qualified Settlement Fund under the Settlement Agreement out of which attorneys' fees will be paid per order of this Court as set forth in Article XXI of the Settlement Agreement. The Administrator shall have the authority to conduct any and all activities necessary to administer this fund in accordance with the relevant terms, conditions and

-2-

restrictions set forth in the Settlement Agreement and any related orders of the Court, which the Administrator is responsible to implement.

2. The fund, known as the "Attorneys' Fees QSF" (herein, the "Fund") satisfies the requirements of a qualified settlement fund under Treas. Reg. § 1.468B-1 *et seq.*, promulgated under Sections 461(h) and 468B of the Internal Revenue Code of 1986, as amended.

3. The Fund and its Administrator will operate under this Court's supervision and control.

4. The Fund is separate from the Settlement Trust qualified settlement fund described in Section 23.5(c) of the Settlement Agreement, and the NFL Parties have no reversionary interest in the Fund.

5. In accordance with Sections 21.1 and 21.2 of the Settlement Agreement, the NFL Parties are depositing One Hundred Twelve Million Five Hundred Thousand Dollars and zero cents ($112,500,000) (the "Deposit Amount") into the Fund, which shall constitute delivery of the full amount of the Deposit Amount to the class attorneys, regardless of whether the full amount of the Deposit Amount is ultimately paid out to the class attorneys from the Fund, including, without limitation, due to a reduction in the amount available in the Fund as a result of loss of investment value or fees or indemnification paid to the Bank.

6. The Administrator shall serve without bond, provided that all monies received by the Fund, which includes all principal and interest earned thereon, shall be deposited in an escrow account held in custody at PNC Bank, N.A. (the "Bank") for the benefit of and titled in the legal name of the Fund, and held pursuant to the escrow agreement to be executed in substantial form (and attached as Exhibit A) between the Administrator and its escrow agent, the

Bank.  The Bank shall remain responsible for any and all asset custody decisions, following the instructions of the Administrator of the Fund pursuant to these terms and conditions, such that a principal preservation driven asset custody policy is implemented.  Notwithstanding the foregoing, the Bank shall not be allowed to distribute any income or principal from the Fund except upon instructions of the Administrator pursuant to later direction or order of this Court.  The Administrator retains the right to remove the Bank and may designate a replacement bank upon the written consent of Co-Lead Class Counsel and this Court.  In the event of such replacement, the terms and conditions of this Order, including without limitation, those addressing bond requirements, asset custody arrangements, and distributions from the Fund, shall apply to any such replacement bank as escrow agent.

7. Upon final distribution of all monies paid into the Fund, the Fund Administrator is authorized to take appropriate steps to wind down the Fund. Upon satisfactory final reporting to the Court on the winding down of the Fund, the Fund Administrator will be discharged from any further responsibility with respect to the Fund aside from future reporting to this Court as may be appropriate.

8. This Order will have no impact on the Court's determination of any award of attorneys' fees.

        **s/Anita B. Brody**

        _____
        Anita B. Brody
        United States District Judge   3/7/2017

Copies **VIA ECF** on _____ to:        Copies **MAILED** on _____ to: