UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____
:
IN RE: NATIONAL FOOTBALL LEAGUE:     No. 2:12-md-02323-AB
PLAYER'S CONCUSSION             :     MDL No. 2323
INJURY LITIGATION                 :
_____
:
Kevin Turner and Shawn Wooden, :
*On behalf of themselves and*
*others similarly situated,* :
:
      Plaintiffs,      :     CIVIL ACTION NO. 14-CV-0029
:
      v. :
:
National Football League and :
NFL Properties, LLC, :
successor-in-interest to :
NFL Properties, Inc., :
:
      Defendants. :
_____

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE TO
RESOLVE FEE DISPUTES WITH ANAPOL WEISS**

John Lorentz, by his attorneys, Michael Moirano and Claire Kenny, moves to intervene, under Federal Rule of Civil Procedure 24, to resolve fee disputes with class counsel Anapol Weiss. In support of his Motion, Lorentz states:

**BRIEF STATEMENT OF RELEVANT BACKGROUND FACTS**

Mr. Lorentz is an attorney licensed to practice law in Minnesota, who maintains an office in St. Paul, Minnesota. Mr. Lorentz specializes in representing retired professional

athletes with their post-career disability claims. Many of Mr. Lorentz's clients are retired NFL football players.

In or around 2011, Mr. Lorentz was contacted by a partner at the law firm of Anapol Schwartz (now Anapol Weiss) about potential class representatives for class litigation the Anapol firm was contemplating filing against the NFL for concussion injuries sustained by former players. When Lorentz was first contacted by the Anapol firm, he was told that he would receive a co-counsel fee equal to one-third of any fee the Anapol firm earned in consideration for the referral of former NFL players who would serve as class representatives in the litigation. Lorentz promptly referred three clients to the Anapol firm: Jim McMahon, Joseph Thomas and Michael Flurry. All three agreed and ultimately served as class representatives in the class action suit the firm filed against the NFL.

During the litigation, Lorentz referred over 200 additional former NFL players or their representatives to the Anapol firm. In the contingent fee agreements those players and representatives executed, it was disclosed that Lorentz was to receive "a referral fee out of the total attorney's fee from ANAPOL SCHWARTZ, P.C. for acting as cooperating counsel." The agreements specifically mention "any common benefit fee received by our lawyers."

During the litigation Lorentz also assisted the Anapol firm in attaining a leadership position in the litigation by, among other things, (i) urging the former celebrity NFL player Jim McMahon to vocally support the class litigation and the Anapol firm, and to appear at press conferences with an Anapol partner to promote the litigation and the firm; (ii) referring at least 235 additional players who engaged the Anapol firm to represent them;

and (iii) counseling and providing information and data regarding all the players referred to the Anapol during the entire course of the litigation.

In the Court's Case Management Order No. 1 (ECF Doc. 4), the Court ordered that, prior to a scheduled April 25, 2012 Organization Conference, any counsel wishing to serve as Lead Counsel, Liaison Counsel, or a Steering Committee Member, to submit an application that included a disclosure of "any side agreements on compensation with any other attorney(s)." Before the leadership applications were to be filed, "Plaintiffs' Joint Application for Appointment of Plaintiffs' Executive Committee, Plaintiffs' Steering Committee, and Plaintiff's Liaison Counsel" was filed. (ECF Doc. 54)  In the Joint Petition, plaintiffs proposed an organizational structure to manage the litigation. Ultimately, the Court appointed Christopher A. Seeger of Seeger Weiss LLP and, and by agreement of the plaintiffs, Sol H. Weiss of the Anapol firm to serve as Lead Co-Counsel. (See ECF Doc. 64 and Doc 72). Because the class counsel structure was presented as a joint and agreed application, there was no disclosure of any "side agreements on compensation" made by any of the appointed attorneys or firms.

Lorentz has recently been advised by the Anapol firm he will receive no portion of the common benefit fees the firm will receive because of the class settlement, including no portion the firm's share of the pending $112,000 million fee application or the 5% administrative fees the firm may receive from the settlement pay-outs to individual players or their representatives.

In addition, there is a dispute between the parties regarding Lorentz's share of the contingent fees the Anapol firm will receive from recoveries obtained for the individual

3

clients Lorentz referred to the firm. Initially, it was agreed that Lorentz would receive one-third of all fees received by the Anapol firm. However, after Lorentz learned that Anapol reduced its contingent fee to 23.5% from 33.33% without his knowledge or consent, Sol Weiss told Lorentz that, due to the reduction, Anapol would split all fees received on Lorentz's clients 50/50. Recently, Mr. Weiss and the Anapol firm reneged on this agreement.

Finally, Lorentz just recently learned that at least 40 of the clients he referred to Anapol terminated their contingent fee agreements with the firm apparently because the firm, unlike many other firms representing individual claimants in the NFL Concussion litigation, were not actively pursuing the claims on behalf of the clients.

Efforts to resolve amicably all issues through counsel for the parties have failed.

## ARGUMENT

Federal Rule of Civil Procedure 24 provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
> (A) In General. On timely motion, the court may permit anyone to intervene who:
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24. Here, Lorentz has an interest in the attorneys' fees to be awarded for common benefit work and on recoveries for the individual clients he referred to the Anapol firm, and disposing of this action as it pertains to those fees will impair or impede his ability to protect that interest. Existing parties do not represent Lorentz's interest, rather, his interests are adverse to those parties. Accordingly, Lorentz should be allowed to intervene as a matter of right under Rule 24(a). Alternatively, Lorentz should be permitted to intervene under Rule 24(b), as his claim shares a common question of law with the main action in this case (regarding attorneys' fees), namely – the propriety of the fee award and division thereof amongst class counsel.

This Court can properly exercise its jurisdiction over the present dispute. It is well-established that courts have "ancillary jurisdiction over disputes regarding fees and costs." *See Novinger v. E.I. DuPont de Nemours & Co., Inc.,* 809 F.2d 212 (3d Cir.1987); *see also Kant v. Seton Hall University,* 422 Fed.Appx. 186, 188 n. 3 (3d Cir.2011) (citing *Kalyawongsa v. Moffett,* 105 F.3d 283 (6th Cir.1997), for the proposition that " 'although attorneys' fee arrangements are contracts under state law, the federal court's interest in fully and fairly resolving the controversies before it requires courts to exercise supplemental jurisdiction over fee disputes that are related to the main action.")

In *Novinger,* the Third Circuit recognized that "the federal forum has a vital interest in [attorneys' fee arrangements] because they bear directly upon the ability of the court to dispose of cases before it in a fair and reasonable manner." 809 F.2d at 217. Therefore, the Third Circuit held that the district court properly concluded that "although there was no diversity of citizenship between the [plaintiffs] and their former counsel there was ancillary

5

jurisdiction over the dispute over fees and expenses." *Id. United States v. Cooper Health Sys.*, 940 F. Supp. 2d 208, 212 (D.N.J. 2013). This Court not only has jurisdiction over this dispute, but a "vital interest" in attorneys' fees arrangements such as the arrangement at issue.

As a final matter, the present motion is timely. The timeliness inquiry for a Rule 24 Motion requires consideration of the totality of the circumstances arising from three factors: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005); *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982) (treating the timeliness inquiry the same for both types of Rule 24 motions).

These three factors are bound up in one another, *see, e.g.*, *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 370 (3d Cir. 1995) ("[T]he stage of the proceeding is inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved."), and courts maintain "a general reluctance to dispose of a motion to intervene as of right on untimeliness grounds because the would-be intervenor actually may be seriously harmed if not allowed to intervene," *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 949 (3d Cir. 2012); *Wallach v. Eaton Corp.*, 837 F.3d 356, 371–72 (3d Cir. 2016). Here, because there was no disclosure of the Anapol firm's side agreements on compensation with Lorentz or any other firms, and the Anapol firm's entitlement to common benefit fees only recently matured following the recent Effective Date of the Class Action Settlement Agreement, Lorentz's petition to intervene at this stage of the litigation is timely and appropriate.

6

WHEREFORE, John Lorentz respectfully requests the Court to permit him to intervene to seek resolution of his claims related to the common benefit fees to be awarded by the Court and fees to be paid to the Anapol firm on recoveries for clients Lorentz referred to the firm.

Respectfully submitted,

**JOHN LORENTZ,**

/s/  Michael H. Moirano
One of his attorneys

Michael H. Moirano
Claire Gorman Kenny
**MOIRANO GORMAN KENNY, LLC**
135 S. LaSalle St, Suite 3025
Chicago, IL 60603
(312) 614-1260
mmoirano@mgklaw.com
cgkenny@mgklaw.com