UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| _____ | : | |
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| _____ | : : | **Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*    Plaintiffs, | : : : : | Civ. Action No. 14-00029-AB |
|       v. | : : : | |
| National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,    Defendants. | : : : : : | |
| _____ | : : | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS _____ | : : : | |

**UNCONTESTED MOTION FOR ENTRY OF ORDER REGARDING RETENTION, EXCHANGE, AND CONFIDENTIALITY OF CLAIMS INFORMATION IN <u>NFL CONCUSSION SETTLEMENT PROGRAM</u>**

In aid of implementation of the Amended Class Action Settlement Agreement filed on February 13, 2015 (the "Settlement Agreement"), Co-Lead Class Counselhaving consulted with Counsel for the NFL Parties, who have no objection, respectfully move this Court for entry of the proposed Order Regarding Retention, Exchange, and Confidentiality of Claims Information in NFL Concussion Settlement Program ("Order") accompanying this Motion.  In support of this Motion, Co-Lead Class Counsel respectfully state as follows:

1.      All terms used in this Motion that are defined in the Settlement Agreement and/or the Order have the same meanings in this Motion given to such terms in the Settlement Agreement and/or the Order.

2.      On May 8, 2015, the Court entered its Amended Final Order and Judgment in this action, in which the Court certified the Settlement Class and Subclasses under Federal Rule of Civil Procedure 23 and approved the Settlement Agreement.  (ECF No. 6534 ¶¶ 2, 7.)  It also ordered the Parties "to implement each and every obligation set forth in the Settlement Agreement in accordance with the terms and provisions of the Settlement Agreement" (*id.* ¶ 9). To further the implementation of the Settlement Agreement, the Court confirmed the appointment of The Garretson Resolution Group, Inc. ("GRG") as the BAP Administrator and Lien Resolution Administrator, and BrownGreer PLC ("BrownGreer") as the Claims Administrator (*id.* ¶ 13).  In addition, the Court retained continuing and exclusive jurisdiction over the implementation and administration of the Settlement Agreement, as follows:

> The Court retains continuing and exclusive jurisdiction over this action[,] including jurisdiction over the Parties and their counsel, all Settlement Class Members, the Special Master, BAP Administrator, Claims Administrator, Lien Resolution Administrator, Appeals Advisory Panel, Appeals Advisory Panel Consultants, and Trustee.  In accordance with the terms of the Settlement Agreement, the Court retains continuing and exclusive jurisdiction to interpret, implement, administer and enforce the Settlement Agreement, and to implement and complete the claims administration and distribution process. . . .

(*Id.* ¶ 17.)

3.      Article XVII of the Settlement Agreement, entitled "Treatment of Confidential Information," sets forth general restrictions and requirements related to the treatment of Confidential Information by the Parties and GRG, BrownGreer,  Special Masters, Qualified BAP Providers, Appeals Advisory Panel and Appeals Advisory Panel Consultants (collectively "Settlement Entities"), and contemplates that they will obtain and disclose Confidential

Information, including information relating to Retired NFL Football Players, in the course of executing their rights, duties and functions under the terms of the Settlement Agreement. Section 8.3(c)(i) of the Settlement Agreement grants the Claims Administrator and Lien Resolution Administrator rights to access all information submitted to them by the Settlement Class Members in order to perform their responsibilities. The proposed Order implements Article XVII and expands Section 8.3(c)(i) by more clearly defining what information may be accessed, who may access it, the methods for obtaining access, and the permitted uses of such information.

4. The Settlement Agreement charges the Parties and the Settlement Entities with a variety of rights, duties and functions that will require them to exchange information with one another and with other persons or entities involved in the implementation and administration of the Settlement Agreement. Such information may include Protected Health Information and other personal information about Settlement Class Members, and must be kept confidential to protect the Settlement Class Members from unwarranted disclosures to unauthorized recipients.

5. Authorizing the Parties and Settlement Entities to exchange this information in the manner set forth in the accompanying Order would further efficient and effective implementation and administration of the Settlement Agreement, to the benefit of the Settlement Class Members participating in the BAP and claims process.

6. The accompanying Order will also establish consistent document preservation obligations. With the exception of Article V, which addresses retention of medical records and program-defined forms in the BAP, the Settlement Agreement does not speak to any other retention or preservation obligations. Entering an order assigning preservation duties to GRG, BrownGreer, Qualified BAP Providers, Qualified BAP Pharmacy Vendors, and Qualified MAF

Physicians will ensure that medical records and documents are adequately and uniformly retained during and after the administration of the Settlement Agreement.

7. Accordingly, Co-Lead Class Counsel respectfully request that the Court exercise the jurisdiction it retained in its Amended Final Order and Judgment to enter an order substantially in the form of the proposed order presented with this Motion.

8. A Certificate of Uncontested Motion is attached.

Dated: March 10, 2017

                      Respectfully submitted,

                      <u>/s/ Christopher A. Seeger</u>
                      Christopher A. Seeger
                      SEEGER WEISS LLP
                      77 Water Street
                      New York, NY 10005
                      Main: (212) 584-0700
                      Fax: (212) 584-0799
                      cseeger@seegerweiss.com

                      ***Co-Lead Class Counsel***

**CERTIFICATE OF UNCONTESTED MOTION**

Pursuant to Local Rule 7.1(b), the undersigned certifies that the Motion for Entry of Order Regarding Retention, Exchange, and Confidentiality of Claims Information in the NFL Concussion Settlement Program is uncontested by the Parties to the Settlement Agreement.

Dated:  March 10, 2017

                                              Respectfully submitted,

                                              /s/ Christopher A. Seeger
                                              Christopher A. Seeger
                                              SEEGER WEISS LLP
                                              77 Water Street
                                              New York, NY 10005
                                              Main: (212) 584-0700
                                              Fax: (212) 584-0799
                                              cseeger@seegerweiss.com

                                              ***Co-Lead Class Counsel***

## CERTIFICATE OF SERVICE

On March 10, 2017, I electronically filed the foregoing documents through the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

          /s/Christopher A. Seeger
          Christopher A. Seeger