# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : : : | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br>    Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br>    Defendants. | : : : : : : : : : : : : : : | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : : | |

## ORDER REGARDING RETENTION, EXCHANGE, AND CONFIDENTIALITY OF CLAIMS INFORMATION IN NFL CONCUSSION SETTLEMENT PROGRAM

Considering the Uncontested Motion of Co-Lead Class Counsel, Class Counsel, and Subclass Counsel for entry of an Order in aid of implementation of the NFL Concussion Settlement Program (the "Program"), pursuant to this Court's continuing and exclusive jurisdiction under Article XVII of the NFL Concussion Settlement (the "Settlement Agreement") and the May 8, 2015 Amended Final Approval Order and Judgment, and being fully apprised, and with the consent of Counsel for the NFL Parties, **IT IS HEREBY ORDERED** as follows:

**1.** *Defined Terms.* All terms used in this Order have the same meanings given to such terms in the Settlement Agreement. In addition, these terms are used in this Order:

(a) "Administrator" or "Administrators" means the Claims Administrator, BAP Administrator, and Lien Resolution Administrator.

(b) "Claims Information" means all documents and electronically-stored information

relating to a Settlement Class Member (and/or the subject Retired NFL Football Player if the Settlement Class Member is a Representative Claimant or Derivative Claimant) disclosed to or obtained by the Parties or the Settlement Entities in connection with the administration of the Settlement Agreement.  Claims Information does not include general or statistical information regarding Settlement Class Members and claims for Monetary Awards or Derivative Claimant Awards that does not reveal the identity or any other identifying information of any particular Settlement Class Member.

(c) "Counsel for the Parties" means Co-Lead Class Counsel and Counsel for the NFL Parties.

(d) "Derivative Claimant Representative" means an authorized representative, ordered by a court or other official of competent jurisdiction under applicable state law, of a living Derivative Claimant who is a minor, legally incapacitated, or incompetent.

(e) "Document" means any documents or electronically-stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained.

(f) "HIPAA" means the administrative simplification provisions of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) (codified as amended in scattered sections of 42 U.S.C.) and implementing regulations issued by the United States Department of Health Information Technology for Economic and Clinical Health Act (Title XIII of Division A and Title IV of Division B of the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5 (2009)) pertaining to Protected Health Information.

(g) "Legal Process" means a subpoena or other legal process, including from a bankruptcy trustee, received by or addressed to a Party or Settlement Entity requiring the production of Claims Information.

(h) "Party" or "Parties" means Co-Lead Class Counsel, Class Counsel, Subclass Counsel, Counsel for the NFL Parties, and the NFL Parties.  In any instance in which a Party has access to Claims Information under this Order, such access extends to the respective insurers, reinsurers, agents, representatives, and professionals of that Party (including any independent auditor(s) employed by the Parties pursuant to Section 10.3(a) of the Settlement Agreement), who shall be subject to all provisions of this Order.

(i) "Protected Health Information" has the definition in 45 C.F.R. § 160.103.

(j) "Settlement Entity" or "Settlement Entities" means any Special Masters appointed by the Court, the Administrators, the Appeals Advisory Panel, and the Appeals Advisory Panel Consultants.  In any instance in which a Settlement Entity has access to Claims Information under this Order, such access extends to the respective agents,

representatives, and professionals of that Settlement Entity, who shall be subject to all provisions of this Order.

(k) "Specifically Authorized Recipient" means any person or entity expressly authorized by a Settlement Class Member, in writing substantially similar to the form of Appendix A to this Order, to have access to the Claims Information submitted by the Settlement Class Member.

**2.** *Settlement Agreement.* This Order implements and does not supersede the provisions regarding the treatment of Confidential Information in Article XVII of the Settlement Agreement.

**3.** *Confidentiality of Claims Information.* All Claims Information must be kept confidential and cannot be disclosed except as allowed by this Order, the Settlement Agreement, or other order of the Court.

**4.** *Use of Claims Information.* Subject to Paragraph 18 of this Order, any person or entity receiving any Claims Information pursuant to this Order may use such information only for the purpose for which the recipient was permitted to receive it. All such recipients must take such steps as are necessary to preserve the confidentiality of Claims Information in their possession. If a Party or Settlement Entity discloses Claims Information that includes Protected Health Information to a person or entity that is not a Party or Settlement Entity, when permitted under this Order, the disclosing Party or Settlement Entity shall observe any applicable law, including HIPAA, authorizations provided by Settlement Class Members, and any order of the Court regarding the use or disclosure of Protected Health Information, and use its best efforts to redact and/or anonymize the Claims Information as is practicable in the circumstance.

**5.** *Access by the Parties and the Settlement Entities.* Each Party, each Settlement Entity, and the Court shall have access to all Claims Information to perform its respective rights, functions, and duties under the Settlement Agreement and orders of the Court, and each Party and Settlement Entity may exchange Claims Information among themselves as is necessary to do so in accordance with the terms of the Settlement Agreement.

**6.** *Access by a Retired NFL Football Player, a Specifically Authorized Recipient, or a Derivative Claimant.*

(a) A Retired NFL Football Player shall have access to (1) his Claims Information and (2) information on any Derivative Claimant that the Claims Administrator determines is reasonably necessary for the Retired NFL Football Player (or his Representative Claimant) to assess and potentially challenge on the basis of the purported relationship with that Retired NFL Football Player, but not to any other Claims Information, unless permitted by this Order. The Representative Claimant of a deceased or legally incapacitated or incompetent Retired NFL Football Player shall have the same access that the Retired NFL Football Player for whom the Representative Claimant serves as the representative would have.

(b) A Specifically Authorized Recipient of a Settlement Class Member shall have full access to the Claims Information concerning that Settlement Class Member but not to any other Claims Information.

(c) A Derivative Claimant, or his or her Derivative Claimant Representative, shall have access to (1) his or her Claims Information and (2) other Claims Information that the Claims Administrator determines is reasonably necessary for the Derivative Claimant to submit and complete his or her Derivative Claim Package, such as the identity of the Retired NFL Football Player on which the Derivative Claimant's claim is based, the status of his Monetary Award claim, the amount of his Monetary Award (if any), and the identities of any other Derivative Claimants.  Such Claims Information shall not include the Retired NFL Football Player's Protected Health Information unless specifically permitted for cause by the Court and/or Special Masters.

**7.** *Provision of Claims Information to Detect and Deter Fraud and Resolve Duplicative Submissions.*  The Claims Administrator may provide Claims Information on a Settlement Class Member to a health care provider or other third party that may have relevant documents or information necessary for the verification of a claim or other submission in the Program, or to other Settlement Class Members and/or their counsel only as necessary:  (a) for the investigation of potential fraud under Sections 10.3 and 10.4 of the Settlement Agreement; or (b) to prevent processing or payment on duplicate claims.  Such Claims Information will not include Protected Health Information unless specifically permitted for cause by the Court and/or Special Masters.

**8.** *Provision of Claims Information to the Department of Justice and Other Law Enforcement or Investigative Agencies or Officials.*  For a legitimate law enforcement purpose and upon request and without the necessity of subpoena or other legal process, the Claims Administrator and Special Masters may provide Claims Information to the United States Department of Justice and other federal, state, or local law enforcement agencies or officials and their agents and representatives, in connection with a fraud investigation or prosecution or other criminal proceeding.

**9.** *Response to Legal Process.*  A Party or Settlement Entity will follow this process if it receives Legal Process:

(a) A Party or Settlement Entity shall promptly notify the Parties that it received Legal Process.

(b) A Party or Settlement Entity is responsible for responding to Legal Process only as to requested Claims Information in its possession.

(c) A Party or Settlement Entity shall provide notice to the subject Settlement Class Member that the Party or Settlement Entity received Legal Process.  The Settlement Class Member shall be allowed seven days from the date of the notice to object to the Legal Process or such shorter time as may be necessary for the recipient of the Legal Process to comply with it, which shall be specified in the notice.  The Settlement Class Member shall send the objection to the recipient of the Legal Process at the

address and in the method specified in the notice and shall include a copy of any action filed with the issuing court to oppose the Legal Process.

(d) If the Settlement Class Member does not timely object to the Legal Process, the recipient of the Legal Process may produce the requested Claims Information.  If a Settlement Class Member timely objects to the Legal Process:

(1) The Settlement Class Member shall promptly take any steps necessary to obtain final resolution of the objection to the Legal Process;

(2) The recipient of the Legal Process shall not produce Claims Information until notified of a final resolution of the objection, unless the recipient of the Legal Process would be exposed to a possible finding of contempt in connection with the Legal Process; and

(3) The recipient of the Legal Process need not undertake any further responsibility for the Legal Process until the resolution of any objections that were lodged by the Settlement Class Member.

(e) The recipient of the Legal Process may seek reimbursement from the requesting party for the reasonable costs of responding to Legal Process, including time spent in responding to the request, researching and producing the information, and any testimony required.  This Court has continuing and exclusive jurisdiction over any collateral proceedings regarding the validity, enforceability, scope, compliance, and other issues regarding any such Legal Process.

10.  *Limitation on Access and Disclosure.*  Nothing in this Order requires any Party or Settlement Entity to disclose to Settlement Class Members or their counsel any information disclosed to, obtained by, or generated by the Party, Settlement Entities or any other person in preparation for or in the course of an audit, investigation, or law enforcement activity.

11.  *Use of Confidential Information in Legal Actions.*  Nothing in this Order affects the ability of a Party or Settlement Entity to use Claims Information in any suit or other legal proceeding relating to the operation of the Program and initiated by a Settlement Class Member or as necessary to enforce the terms of the Settlement Agreement or any order of the Court as to Settlement Class Members or other parties.  A Party or Settlement Entity using or disclosing Claims Information pursuant to this Paragraph 11 shall use or disclose only the minimum Claims Information necessary, and, as appropriate, shall apply for a protective order governing the use and disclosure of such information, which shall not be inconsistent with this Order.

12.  *Recipients of Claims Information.*  Any person or entity receiving Claims Information from a Party or Settlement Entity shall be bound by this Order, is considered to have submitted to the jurisdiction of this Court for purposes of enforcing this Order, may use the Claims Information only for the purpose for which the recipient was permitted access to such information, and must keep the Claims Information confidential and not disclose it to any party not necessary for the performance of such authorized purpose or as required by law.

**13.**     *Method of Access.*  A Party or Settlement Entity has the discretion to determine the method by which to provide Claims Information when disclosure to a person or entity that is not a Party or Settlement Entity is authorized under the terms of this Order.

**14.**     *Preservation Duty of the Administrators.*  Unless otherwise ordered by the Court, each Administrator shall, as to Documents it receives or generates during the administration of the Settlement Agreement:

   (a) Convert all hardcopy Documents to electronic form.

   (b) Preserve and retain hardcopy Documents for six months.

   (c) Preserve and retain all electronically-stored Documents for the shorter of ten years after (1) the termination of the Program, or (2) termination of the Administrator's service in the Program.  At the end of the ten-year period, such Documents shall be transferred or disposed of as directed by the Court.

Notwithstanding the above, an Administrator is not required to preserve or retain Documents it determines are not relevant to the Program and should be returned to the submitting party or destroyed.

**15.**     *Preservation Duty of Qualified BAP Providers, Qualified BAP Pharmacy Vendors, and Qualified MAF Physicians.*  Qualified BAP Providers who provide BAP baseline assessment examinations (and any medical institutions or facilities at or through which they provide such examinations), Qualified BAP Pharmacy Vendors providing pharmaceuticals covered as BAP Supplemental Benefits to Retired NFL Football Players, and Qualified MAF Physicians authorized to make Qualifying Diagnoses for Retired NFL Football Players (and any medical institutions or facilities at or through which they provide such examinations), must retain all medical records from such visits in compliance with applicable state and federal laws and, notwithstanding any shorter time period permitted under applicable law, must retain such medical records for not less than ten years after the conclusion of the BAP Term or, in the case of Qualified MAF Physicians, for not less than ten years from the date of any examination.

**16.**     *Exclusive Retained Jurisdiction.*  This Court retains continuing and exclusive jurisdiction over the interpretation, implementation, and enforcement of this Order.

**17.**     *Implementation of this Order.*  The Parties and Settlement Entities have the discretion to develop and maintain internal policies and procedures they deem necessary to implement this Order.

**18.** *Effect on Other Law.* Nothing in this Order is intended to restrict or prohibit the use or disclosure of Protected Health Information that is otherwise permitted or required under applicable federal or state law, including, but not limited to, HIPAA.

SO ORDERED this _____day of _____, 2017.

_____
**Anita B. Brody
United States District Court Judge**

**APPENDIX A**



# NFL CONCUSSION SETTLEMENT
IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION
No. 2:12-md-02323 (E.D. Pa.)

| AUTHORIZATION FOR RELEASE OF CLAIMS INFORMATION | | | |
|---|---|---|---|
| **A. Settlement Class Member** | | | |
| **Name:** | Last Name | First Name | Middle Initial |
| **Settlement Program ID:** | | | |
| **B. Specifically Authorized Recipient** | | | |
| **Name:** | Last Name | First Name | Middle Initial |
| **Organization:** | Full Name of Organization | | |
| | Street | | Apt/Suite/Unit |
| | City | State | Zip Code |
| | Telephone | Email | |
| **Purpose of Disclosure** (briefly describe the purpose for which the recipient will use this information): | | | |
| **C. Signature** | | | |
| I authorize the NFL Concussion Settlement Program (the "Program") to release to the Specifically Authorized Recipient named above all information and documents regarding any claim I have submitted to the Program. My consent to release of my Claims Information, which includes Protected Health Information, and documents shall continue to be in force and effect unless and until I notify the Program in writing that I revoke this authorization. | | | |
| **Signature:** | | | |
| **Name of Person Signing** | Last Name | First Name | Middle Initial |
| **Representative Capacity** (If Settlement Class Member is Deceased, a Minor, or Legally Incapacitated)**:** | | | |
| **Date:** | _____/_____/_____ (Month/Day/Year) | | |

1