Rickey Dixon

 **Law**Cash

First Request
53

April 30, 2014

Zimmerman Reed, Attorneys
ATTN: Brian Gudmundson
1100 IDS Center, 80 South 8th Street
Suite 1100
Minneapolis, Minnesota 554020000

Re: LawCash Client - Audit Confirmation

We are engaged in a quarterly review of our accounts.  In connection with this review, we desire
that you confirm with our lender the following information in our records as of **March 31, 2014**.

Per the Funding Agreement executed for this matter, please indicate the status of your client's
claim by completing the form enclosed and mailing it in the return envelope provided.

Yours sincerely,

Plaintiff Funding Corporation ("LAWCASH")

*NOTE: This is an audit confirmation. Please direct all questions regarding current payoff
amounts separately to LawCash.*

# Plaintiff Support Services - A Division of Plaintiff Funding Holding Inc.
## 6400 Main Street
### Suite 120
### Williamsville, New York   14221-0000
### (800) 352-9676

January 27, 2014

Brian Gudmundson, Esq.
Zimmerman Reed, Attorneys
1100 IDS Center
80 South 8th Street
Suite 1100
Minneapolis, Minnesota   55402-0000

Re:   Rickey Dixon

Dear Brian Gudmundson, Esq.:

As you are aware, your client recently received a cash advance against their accident case in the amount of $50,000.00.   This amount was distributed as follows.

■  $50,000.00 made payable to Dixon, Ricky.

Please note that these amounts do not include any application fees or other charges previously agreed to by your client.   A copy of the executed funding agreement and/or distribution check(s) will be made available at your request. In addition, a copy of your client's payment schedule is attached to this letter.

I have also included a sticker which should be affixed to your file to remind your office of the lien Plaintiff Support Services - A Division of Plaintiff Funding Holding Inc. has against this case.   We appreciate your help and assistance.   Please contact us when the case nears settlement for a payoff figure.

Regards,

Plaintiff Support Services - A Division of

Plaintiff Funding Holding Inc.

6400 Main Street, Suite 120
Williamsville, New York  14221-0000
Phone: (800) 352-9676
Fax: (716) 639-8382

**FAX**

Plaintiff Support Services - A Division of Plaintiff
Funding Holding Inc.

| To: | Brian Gudmundson, Esq. | From: | Funding Department |
|---|---|---|---|
| Fax: | (612) 341-0844 | Pages: | 10 pages (including cover sheet) |
| Phone: | (612) 341-0400 | Date: | January 16, 2014 |
| Re: | Rickey Dixon | CC: | |

Dear Sir/Madame:

Please find the following documents for execution by both you and your client.

· <u>Survey</u> (1 pg) - must be filled out by client
· <u>Declaration</u> (1 pg) - requires client's signature and <u>notarization</u>
· <u>Irrevocable Letter of Instruction</u> (1 pg) - must be <u>notarized</u>; signed by client & attorney
· <u>Funding Agreement</u> (5 pgs)
    - Pages 1 - 4 requires client's initials in bottom right corner
    - Page 5 requires client's signature and must be notarized
· <u>**PROOF OF IDENTIFICATION**</u> **(i.e. driver's license, passport, etc.) - WE WILL NOT
  DISBURSE FUNDS UNTIL WE RECEIVE PROOF OF IDENTIFICATION.**

Kindly review and execute the attached documents.  Please note that **<u>ALL</u>** outlined **items** must be
executed and returned to our office via **fax** at **716-639-8382** or **email** at **hjones@plaintiffsupport.com**.

**PLAINTIFF SUPPORT SERVICES - A DIVISION OF PLAINTIFF FUNDING HOLDING INC.
SHALL NOT BE BOUND BY THIS AGREEMENT UNTIL IT IS FULLY EXECUTED
TOGETHER WITH ALL ATTORNEY DOCUMENTS AND MAY CANCEL THIS
TRANSACTION WITHOUT LIABILITY AT ANY TIME PRIOR TO THE RELEASE OF
FUNDS.**

**YOUR CLIENT IS SCHEDULED TO RECEIVE FUNDS AS FOLLOWS:**

☒ Via CHECK - we must receive fully executed documents before 2:00 pm (EST) to be overnighted and
  the check will be sent to your office unless otherwise indicated

Thank you for your cooperation.  Should you have any questions, please feel free to contact me at (800)
352-9676.

**Plaintiff Support Services – A Division of Plaintiff Funding Holding Inc.**
**6400 Main Street**
Suite 120
**Williamsville, New York  14221-0000**
**(800) 352-9676**

**Plaintiff Support Services – A Division of Plaintiff Funding Holding Inc.** would like to know
how we can serve you best.

Please take a moment to write a short paragraph telling us how we have helped you in your time of need and what
we can do to improve our services.

Print Name: Rickey Dixon

_____

_____         _____
Applicant Signature                                      Date

Minnesota

**Plaintiff Support Services - A Division of Plaintiff Funding Holding Inc.**
**6400 Main Street**
Suite 120
**Williamsville, New York  14221-0000**
**(800) 352-9676**

## DECLARATION

Prior to receiving funding from Plaintiff Support Services - A Division of Plaintiff Funding Holding Inc., I have not received any funds of any kind of a similar nature.

I am aware that I may not solicit or accept any funds or advances against my legal case from any other funding company unless I first repay Plaintiff Support Services - A Division of Plaintiff Funding Holding Inc. in full.

I acknowledge that I am waiving my rights to further funding of this kind and further acknowledge that if I accept any such funding I will be violating my agreement with Plaintiff Support Services - A Division of Plaintiff Funding Holding Inc..

_____          _____
            Rickey Dixon                                              Date

State of                            )
County of                       )  ss.:

       On the              day of                              , 2014, before me personally came Rickey Dixon, (each) known to me, and known to me to be the individual (s) described in and who executed the within document and duly acknowledged to me that s/he executed the same.

_____
            NOTARY PUBLIC

# Plaintiff Support Services - A Division of Plaintiff Funding Holding Inc.
## 6400 Main Street
### Suite 120
### Williamsville, New York 14221-0000
### (800) 352-9676

January 16, 2014

Brian Gudmundson, Esq.
Zimmerman Reed, Attorneys
1100 IDS Center
80 South 8th Street
Suite 1100
Minneapolis, Minnesota 55402-0000

Re:     **Irrevocable Letter of Instruction**
        Client:     Rickey Dixon
        Case:       Ricky Dixon for the incident that occurred on or about 01/01/2011, or any other related actions

Dear Brian Gudmundson, Esq.:

This letter, along with copies of the Plaintiff Support Services - A Division of Plaintiff Funding Holding Inc. Funding Agreement will confirm that I am irrevocably assigning an interest in the proceeds from any settlement of my pending case (as described above) to Plaintiff Support Services - A Division of Plaintiff Funding Holding Inc. ("PSS - PFHI").

**I hereby instruct you and any future attorney representing me to honor and follow my irrevocable instructions to you listed below:**

1. Before disbursements of any settlement or judgment proceeds from my claim, have your office contact PSS - PFHI at (800) 352-9676 to confirm the amount due under the terms of my Plaintiff Support Services - A Division of Plaintiff Funding Holding Inc. Funding Agreement. PLEASE BE ADVISED THAT YOU MAY NOT DISBURSE ANY FUNDS FROM MY PORTION OF THE SETTLEMENT, COLLECTION, JUDGEMENT, COMPROMISE, OR ANY OTHER COLLECTION RESULTING FROM THIS CASE WITHOUT FIRST SATISFYING PSS - PFHI'S LIEN.
2. Upon disbursement of any settlement or judgment proceeds from my claim, deduct and forward all amounts payable to Plaintiff Support Services - A Division of Plaintiff Funding Holding Inc. before any proceeds are distributed to me, via mail to:
   **Plaintiff Holding V, LLC, PO Box 3027, Hicksville, New York 11802-3027**
3. Upon request from PSS - PFHI, disclose the gross settlement amount from my claim for internal purposes only.
4. Promptly notify PSS - PFHI if there are any other assignments or liens on this claim now and in the future.
5. If in the future you are no longer representing me in this claim, promptly notify PSS - PFHI within 48 hours.
6. Cooperate with PSS - PFHI by providing, upon request, any information regarding my claim and the defendant(s) to PSS - PFHI that does not violate the attorney/client privilege.

Very truly yours,

Sworn to and subscribed before me on _____.

_____
Rickey Dixon

_____
Notary Public

## Attorney Acknowledgement

As your attorney, I acknowledge receipt of this letter and further acknowledge notice of the fact that you have granted Plaintiff Support Services - A Division of Plaintiff Funding Holding Inc. ("PSS - PFHI") a Security Interest and Lien in the proceeds of your case as a consequence of your Funding Agreement with them. I acknowledge that pursuant to the Funding Agreement, you have assigned a portion of your proceeds to them. I further acknowledge that I will follow all of your irrevocable instructions to me as outlined above in this letter and will honor the terms of your Plaintiff Support Services - A Division of Plaintiff Funding Holding Inc. Funding Agreement. I know of no other lien in this case as a result of funding similar in nature to PSS - PFHI and acknowledge that my client's Funding Agreement prohibits the client from creating any other liens resulting from funding similar in nature to PSS - PFHI. Prior to making any distribution to my client, I will contact PSS - PFHI to ascertain the amount due and will not pay any portion of my client's proceeds to client or on client's behalf (other than attorney's fee for this case and any prior liens) until PSS - PFHI's lien is satisfied in full. I understand that marking a check or accompanying letter to the effect of a release of claim or "in full satisfaction", absent a written confirmation that you will accept a lesser sum, will not have a legal effect and that you are authorized to deposit said check without prejudice to your rights to collect payment in full.

I represent that this case is still pending in active status and that there presently are no motions for final disposition, including but not limited to summary judgment. However, I further represent that this case is being vigorously defended as to both liability and injury and that there is no guarantee that the plaintiff will be successful or will recover sufficiently to satisfy your lien in whole or in part.

I am the attorney of record in the above-captioned case. I further certify that I have received a copy of and reviewed the PSS - PFHI Funding Agreement, and explained the terms to my client. This certification shall be deemed a material part of the PSS - PFHI Funding Agreement.

_____          _____          _____
Attorney Signature                                    Print Name                                          Date

## PLAINTIFF SUPPORT SERVICES - A DIVISION OF PLAINTIFF FUNDING HOLDING INC.
## FUNDING AGREEMENT

This Funding Agreement, made as of January 16, 2014, is between Rickey Dixon, residing at 908 Country Creek Lane , Redding, Texas  75154- (hereinafter "I"), and Plaintiff Support Services - A Division of Plaintiff Funding Holding Inc. having its principal place of business at 6400 Main Street, Suite 120,  Williamsville, New York  14221-0000 (hereinafter "PSS - PFHI").

### RECITALS

A.  I am currently engaged in a pending legal claim and/or lawsuit as a result of injuries arising out of a personal injury claim defined as Ricky Dixon for the incident that occurred on or about 01/01/2011, or any other related actions, (hereinafter referred to as "Lawsuit") or any other related action which shall include, without limitation, any lawsuits or claims in which I am asserting my right to recovery for my injury, whether it is against the defendants named in the lawsuits, or others, and shall include any claims I may or will have for the handling of my original claim or lawsuit.

B.  I have been advised by PSS - PFHI to discuss this matter with my attorney and/or such other legal counsel of my own choosing prior to signing this Agreement and that I have either received such counsel or expressly waived it.

C.  You have advised me to assess all of my alternatives to funding my immediate economic needs prior to accepting this funding. Because PSS - PFHI is taking a high risk in giving me this funding, I understand that PSS - PFHI may make a large profit. However, PSS - PFHI will be paid only from the proceeds of the Lawsuit, and agrees not to seek money from me directly in the event that the Lawsuit is not successful.  I will use the proceeds advanced to me for my life needs only.

D.  This Funding Agreement and all of its principal terms have been fully explained to me, and all questions that I might have about this transaction have been fully explained to me in English or such other language that I speak best.

E.  I represent that there are no pending tax claims nor are there any pending criminal allegation(s) or charge(s) against me.

### SECTION 1.  FULL DISCLOSURE

| | |
|---|---|
| Total to be advanced to me under THIS agreement: | $50,000.00 |
| Total to be advanced to me under ALL agreements: | $50,000.00 |
| Case Monitoring Fee (total of all fundings): | $100.00 |
| Application Fee (total of all fundings): | $250.00 * |

Total amount to be repaid by me under ALL agreements:

| Date of Payment to PSS - PFHI | Amount Due |
|---|---|
| If payment is made on 07/15/2014 | $59,302.99 |
| If payment is made on 01/15/2015 | $70,035.24 |
| If payment is made on 07/15/2015 | $82,488.58 |
| If payment is made on 01/15/2016** | $97,416.81 |

\*   Other fees may apply as per agreement but are not anticipated at the time of funding.

\*\*   This chart includes example dates only.  Dates in-between and after those shown may reflect other pay-off amounts.  Always contact PSS - PFHI for your exact pay-off amount.

Client's Initials _____

**SECTION 2. FUNDING AND REPAYMENT TERMS**

1. In consideration for the receipt of the sum of fifty thousand and xx / 100 dollars ($50,000.00) from PSS - PFHI, I am assigning an interest equal to the funded amount, together with accrued use fee, compounded monthly, and other fees or costs, from the proceeds of my lawsuit to PSS - PFHI.  The monthly use fee shall be a charge in an amount equal to 2.75% monthly of the amount funded to me herein.  This funded amount includes the Application Fee that I agreed to when first applying for this funding. **(Together, this makes my total funded amount $50,350.00.)**  In the event that any funding is repaid with proceeds within the first 3 months, the pay-off amount will be computed as if it were repaid at the end of that period.  The monthly use fee is charged from this date until the end of the 1 month interval during which payment of proceeds is made to PSS - PFHI.  In the case of multiple fundings, then these fees shall accrue on each funded sum from the date of each individual funding.  These amounts will be deducted from the proceeds of my lawsuit. If I do not recover any money from my lawsuit, I will not owe PSS - PFHI anything. If I recover money from my lawsuit, which is insufficient to pay the full amount due to PSS - PFHI, then PSS - PFHI's recovery will be limited to the proceeds of the lawsuit.

2. I hereby direct said amount to be distributed as follows:  $50,000.00 payable to Dixon, Ricky.

3. I understand and agree that any funds that you advance to me for the purpose of receiving any medical treatment of any kind, including but not limited to surgery, physical therapy or psychological treatments or therapy, shall be returned to you immediately in the event that I opt not to undergo such treatment for any reason whatsoever. Under these limited circumstances, I will remain indebted to you for the return of these funds, together with all appurtenant costs and fees regardless of the outcome of my Lawsuit.

4. Before re-paying you, I instruct my attorney to verify the full payment balance owed. I understand that should my attorney, any payer  or I send you a check for less than the sum actually due in pay-off of my obligations, even if such check is marked in any way to indicate that it is in full satisfaction or in full release of your claim, and absent written acceptance of said lesser sum from you, I consent to your immediate deposit of such check though my fiduciary and I will remain liable for the balance still due and owing with such charges and fees as may accrue until you are paid in full.

5. The term "proceeds" shall include any money paid as a consequence of the Lawsuit whether by settlement, judgment or otherwise.

6. PSS - PFHI reserves the right, at its sole and absolute discretion, to decline any advances not yet made under this agreement. This shall not affect my obligations regarding any funds which actually were advanced, including but not limited to fees and charges.

7. I hereby waive any defense to payment of the sums due and promise not to seek to avoid payment of any money due to PSS - PFHI under this Agreement.

8. I will instruct my attorney to mail all payments to:

    **Plaintiff Holding V, LLC**
    **PO Box 3027**
    **Hicksville, New York  11802-3027**

9. I understand that the payment instructions set forth herein are irrevocable and are not subject to modification in any manner, except by PSS - PFHI or any successor lender so identified by them and only by written notice rescinding or modifying the payment instructions contained herein.

10. **Cut and Cap Program**.  Provided that I have not violated any term of this Funding Agreement, or related documents, if my case has not reached a final disposition (i.e. trial verdict which is not being appealed or a settlement) thirty six (36) months after the date of each actual funding made under this Funding Agreement, you will reduce my monthly use fee for the period commencing with the first day of the thirty-seventh (37th) month to one percent (1%) per month of the amount outstanding on the first day of the 37th  month, without further compounding. I understand that this may materially *decrease* the Annual Percentage Rate that is indicated in the Full Disclosure Box on page one of the Funding Agreement. In the case of multiple or "Rolling" Funding Agreements, the thirty six (36) month period shall be calculated from the date of each funding.  Additionally, your recovery of my repayment will be capped on the following terms and conditions: provided that I have not violated any term of this Funding Agreement, or related documents, my obligation to repay you shall never exceed the principal amount that you have advanced to me (the "total funded amount" as indicated in Section 2, paragraph 1 of this Funding Agreement) in addition to a sum equal to one-third (1/3) of the gross recovery (before costs, liens, and attorneys'

Client's Initials _____

fees) in my Lawsuit ("Proceeds"). I understand that this may materially *decrease* the Annual Percentage Rate indicated in the Full Disclosure Box on page one of this Funding Agreement. I understand that I will remain eligible for the "Cut and Cap Program" if and only if I violate no term of this Funding Agreement, or related documents, and if and only if my attorney complies with the terms and conditions set forth herein, including but not limited to providing timely progress reports to PSS - PFHI and providing a timely notification of receipt of Proceeds.

## SECTION 3. SECURITY INTEREST

1. I hereby grant PSS - PFHI a Lien and Security Interest in the proceeds of the Lawsuit. The amount due you shall be withheld from any money collected as a result of the Lawsuit and paid immediately upon collection to PSS - PFHI. The amount due shall be paid immediately after my attorney fees (including the expenses charged by my attorney for costs) and after payment to any lien holders that might exist of record as of this date, or which may have priority by law. I will not receive any money from the proceeds of the Lawsuit until PSS - PFHI has been paid in full. This shall also apply to any structured settlement of my lawsuit. I acknowledge that my receipt or use of any funds prior to the full re-payment to PSS - PFHI shall constitute an illegal conversion and may well be a crime.

2. In the event that the assignment of my interest in the proceeds of the Lawsuit is not permitted by law, then I agree to pay PSS - PFHI all of the funds due under this Agreement immediately upon the payment of the Lawsuit proceeds as a separate and independent obligation.

3. I hereby agree that I will not knowingly create additional liens against the proceeds without the prior written consent of PSS - PFHI except those as may be necessary to the prosecution of the case. I specifically promise not to create any liens against the proceeds of the case as a result of any funding or loans that I might receive after the date of this agreement.

4. I understand that I am not assigning my cause of action (lawsuit) to you, but rather a portion of the proceeds of the Lawsuit.

5. I direct my attorney, and any future attorney representing me in the lawsuit, to honor this lien. If PSS - PFHI must engage the services of any attorney to collect the sum due, then I will be responsible for reasonable attorneys fees and costs for such. I agree that a fee equal to one-third of the money due PSS - PFHI is a reasonable fee for such purpose. If I am required to engage an attorney to defend myself against an improper claim by PSS - PFHI, then the prevailing party shall be entitled to reasonable attorneys fees in an amount equal to one-third of the money that PSS - PFHI has wrongfully claimed.

6. **PSS - PFHI SHALL HAVE NO RIGHT TO AND WILL NOT MAKE ANY DECISIONS WITH RESPECT TO THE CONDUCT OF THE UNDERLYING CIVIL ACTION OR CLAIM OR ANY SETTLEMENT OR RESOLUTION THEREOF AND THAT THE RIGHT TO MAKE THOSE DECISIONS REMAINS SOLELY WITH ME AND MY ATTORNEY IN THE CIVIL ACTION OR CLAIM.**

7. PSS - PFHI may, in its sole discretion, file a Uniform Commercial Code Form 1 (UCC-1) instrument in whatever jurisdiction it chooses, and notice any party it may choose, of its Security Interest and Lien and is appointed attorney in-fact solely for such purposes.

## SECTION 4. RIGHT OF CANCELLATION

CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PSS - PFHI. In order for the cancellation to be effective, I understand that I must return all money given to me by PSS - PFHI simultaneously with my rescission. I may do this by making personal delivery to PSS - PFHI's offices of: (a) the undeposited (or un-cashed) check that PSS - PFHI gave to me; (b) a Certified or Bank check in the exact amount that PSS - PFHI gave me; or (c) a Money Order in the exact amount that PSS - PFHI gave me. I may also mail by insured, registered or certified U.S. mail, postmarked within five (5) business days of receipt of funds from PSS - PFHI, a notice of cancellation together with PSS - PFHI's un-cashed check, or a certified or registered check or money order for the full amount of the disbursed funds

## SECTION 5. ACCURACY OF INFORMATION

If PSS - PFHI should become aware that you made a material misstatement in your application or in connection with your Lawsuit, or committed a fraudulent or criminal act either in connection with this transaction, or in a matter that would adversely and significantly impact on your lawsuit (unless disclosed to us prior to funding), then you will be liable to PSS - PFHI for all sums advanced, together with outstanding fees and charges without regard to the outcome of your Lawsuit. In the case of

Client's Initials _____

multiple fundings, should PSS - PFHI become aware of any of the foregoing between fundings, PSS - PFHI may, additionally, at its sole and exclusive option, discontinue any future funding.

## SECTION 6.  NOTIFICATIONS

1.  I understand that should I decide not to pursue my case I will notify PSS - PFHI within FIVE (5) BUSINESS DAYS of that decision.

2.  I have instructed my attorney to cooperate with you and to give you periodic updates of the status of my case as you request. If I change attorneys, I will notify you within 48 hours of the change, and provide you with the name, address and phone number of my new attorney.  If I choose to drop my case, I will contact PSS - PFHI within 5 business days.

3.  I will receive any notices required at the address I have first listed above. If I move, I will notify you within 72 hours of my new address.

## SECTION 7.  MISCELLANEOUS

1.  This Agreement constitutes the entire agreement between the parties and there are no representations, warranties, covenants or obligations except as set forth herein.    This Agreement supercedes all prior and contemporaneous agreements, understandings, negotiations, or discussions, written or oral, of the parties hereto, relating to any transaction contemplated by the agreement, however, this Agreement does not supersede any previously execute funding agreements between the parties. This Agreement shall be binding on, and inure to the benefit of, the parties hereto and their successors and assigns.

2.  In the event that there is a dispute as to the amount owed at the time that the Lawsuit is resolved, it is expressly understood that my attorney shall not disburse any funds to me, or on my behalf, except for attorney's fees and/or actual disbursements incurred by my attorney in connection with the prosecution of the Lawsuit. I hereby make the foregoing an irrevocable direction to my attorney, or his successors.

3.  If any provision of this Agreement shall be deemed invalid or unenforceable, it shall not affect the validity or enforceability of any other provision hereof. This written agreement represents the entire agreement between the parties. It may only be modified in writing. This Agreement takes precedence over any prior understandings, representations or agreements.

4.  Certain jurisdictions prohibit "Champerty". Basically, champerty makes it illegal for an individual or company to acquire someone else's right to sue. In entering into this agreement, the parties acknowledge that PSS - PFHI is in no way acquiring my right to sue; that I have already started the Lawsuit; that the Lawsuit absolutely belongs to me and no one else; and that PSS - PFHI will in no way be involved in the decisions that me and my attorney(s) make in connection with the Lawsuit. This is an investment and not a loan, but should a Court of competent jurisdiction construe it to be the latter, then I agree that interest shall accrue at the maximum rate permitted by law.

5.  I agree that any disputes that may arise out of this Agreement shall be adjudicated in either the Supreme Court, or the Civil Court in the County of Kings. This agreement will be construed in accordance with the laws of the State of New York.  I understand that in the event that you do not receive payment as required by this Agreement and that you need to take action to pursue such payment, you may collect, in addition to the amount due and owing, reasonable attorneys fees and costs in enforcing your efforts. I agree that an amount equal to one third (33 1/3%) of the amount due and owing is a reasonable attorney's fee.    Notwithstanding the foregoing, the prevailing party in any legal action shall be entitled to reasonable attorney's fees and costs, and that one-third (33½%) of the sum at issue is a reasonable attorney's fee.

6.  This Agreement may be executed in separate counterparts. A signature transmitted by FAX shall be effective with the same force and effect as an original signature.

7.  Notwithstanding any other provision of this contract, at the sole and exclusive option of PSS - PFHI, any controversy or claim arising out of or relating to this contract, including without limitation the interpretation, validity, enforceability or breach thereof, shall be settled by final, binding arbitration administered by the American Arbitration Association (hereinafter referred to as "AAA") in accordance with its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The arbitrator shall be a practicing attorney or a retired judge licensed to practice in the State of New York. The parties also agree that the AAA Optional Rules for Emergency Measures of Protection shall apply to the proceedings. The arbitrator shall award to the prevailing party, if any, as determined by the arbitrator, all of its costs and fees. "Costs and fees" mean all pre-award expenses of the arbitration, including the arbitrator's fees, administrative fees, travel expenses, out-of-pocket expenses such as copying and telephone, court costs, witness fees, and attorneys' fees. The award shall be in writing, shall be signed by the arbitrator, and shall include a statement regarding the reasons for the disposition of any claim. PSS - PFHI may exercise its sole and exclusive

Client's Initials _____

option to arbitrate at any time whatsoever, unless PSS - PFHI has commenced a litigation or interposed a counter claim in litigation that you have commenced. This option is not waived in the event that PSS - PFHI interposes an Answer in an action that you have commenced.    I HEREBY EXPRESSLY WAIVE THE RIGHT TO CONSOLIDATE, OR TO HAVE HANDLED AS A CLASS ACTION,   ANY PROCEEDINGS, CONTROVERSIES, ARBITRATIONS     OR   DISPUTES   OF   ANY   NATURE   WITH   ANY   PROCEEDINGS, CONTROVERSIES, ARBITRATIONS OR DISPUTES INVOVLVING ANY PERSON OR ENTITY WHO IS NOT A PARTY TO THIS AGREEMENT.

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

Client's Initials _____

A copy of this contract will be sent to both me and my attorney.

I hereby accept PSS - PFHI's funding as per the terms of this agreement, grant PSS - PFHI a Security Interest and Lien as per the terms hereof, and assign the proceeds of my lawsuit to the extent specified in this agreement on the _____ day of _____, 2014.

**DO NOT SIGN THIS CONTRACT BEFORE YOU HAVE READ IT COMPLETELY, OR IF IT CONTAINS ANY BLANK SPACES.   BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF YOUR ATTORNEY.   YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT.**

_____

Rickey Dixon

State of _____ )
County of _____ ) ss.:

On the _____ day of _____, 2014, before me personally came Rickey Dixon, (each) known to me, and known to me to be the individual (s) described in and who executed the within document and duly acknowledged to me that s/he executed the same.

_____

NOTARY PUBLIC