IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : Case No. 2:12-md-02323-AB<br>: MDL No. 2323<br>:<br>:<br>: Hon. Anita B. Brody |
| Kevin Turner and Shawn Wooden,<br>*on behalf of themselves and others similarly situated*,<br>      Plaintiffs,<br>      v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>      Defendants. | :<br>:<br>:<br>: CIVIL ACTION NO. 14-cv-29<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ANAPOL WEISS RESPONSE TO MOTION TO INTERVENE

Anapol Weiss, P.C. ("Anapol Weiss"), by and through its counsel, Pietragallo Gordon Alfano Bosick & Raspanti, LLP, hereby responds to Attorney John Lorentz's ("Lorentz's") Motion to Intervene. Dkt. # 7263.

Anapol Weiss does not contest this Court's jurisdiction to resolve Lorentz's Motion to Intervene. However, it strenuously opposes the relief that he seeks. Lorentz is not entitled to any amount of common benefit fees that Anapol Weiss receives under any legal theory, including but not limited to contract or class action principles.

Lorentz's motion fails because not a single document exits to support his contention that Anapol Weiss promised or agreed to share its common benefit fees with him. Absent any legitimate grounds for this unprecedented claim, Lorentz mischaracterizes the clear language of the individual Contingent Fee Agreement/Power of Attorney ("Contingent Fee Agreement"),

which Anapol Weiss entered into with each of the clients he referred to the law firm. *See* Exhibit 1. That agreement, while acknowledging Lorentz's right to a referral fee for a client's individual recovery from the Monetary Award Fund, neither explicitly nor implicitly bestowed any other benefit on Lorentz. .

Lorentz is not a signatory to the contract, which governs the relationship between Anapol Weiss (then Anapol Schwartz, P.C.) and the player that it filed suit for in this litigation. All the fee contract memorializes is that Lorentz will receive a referral fee and that Lorentz's referral fee will not decrease the players' recovery (because Lorentz's referral fee will be paid out of the attorneys' fee described in the contract). The contract does not memorialize or reveal the percentage of the fee to which Lorentz is entitled, nor does the contract provide that Lorentz will share in any common benefit fees. *Id.*

Anapol Weiss anticipates that Lorentz will argue, as he has in correspondence preceding the filing of the Motion to Intervene, that he is entitled to a portion of common benefit fees because the Contingent Fee Agreement states that (1) his referral fee will come from "the total attorney's fee," and (2) the attorney's fee is defined as "one third of the net recovery reduced proportionally by any common benefit received by our lawyers." *Id.* On its face, that language means the opposite of what Lorentz suggests it means. It *excludes* the common benefit fee from the attorney's fee the client must pay.

Lorentz's motion concedes that, several years ago, Anapol Weiss reduced  the individual client contract contingency fee from 33% to 23.5% in anticipation of Anapol Weiss receiving common benefit fees-- so that the client would not pay for common benefit work. Because Lorentz did not perform any common benefit work, Anapol Weiss at the same time graciously agreed to calculate his fee based upon a full one-third fee. Lorentz never objected to this

proposal, nor did he seek a portion of the common benefit fee until after class counsel filed its omnibus request for fees and expenses. Thus, contrary to Lorentz's representation, Dkt. # 7263-1 at 4, he has instead opted to pursue a portion of Anapol Weiss's common benefit fees rather than increase his referral fees from the individual client contracts.

The purpose of common benefit fees further undermines Lorentz's baseless interpretation of the Contingent Fee Agreement. "Under the common benefit doctrine, an award of attorney's fees is appropriate where 'the plaintiff's successful litigation confers a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them.'" *Polonski v. Trump Taj Mahal Assocs.*, 137 F.3d 139, 145 (3d Cir. 1998) (quoting *Hall v. Cole,* 412 U.S. 1, 5 (1973); *see also In re Diet Drugs,* 582 F.3d 524, 546 (3d Cir. 2009) ("in order to obtain common benefit fees, an attorney must confer a substantial benefit to members of an ascertainable class . . ."). *Id.*

Lorentz did not provide any value whatsoever to the development and processing of this class action. He did not enter his appearance, and he did not provide any input or services to the Plaintiffs' Steering Committee, the Executive Committee, or any sub-group of the attorneys appointed by the Court to pursue this action. The value that Lorentz provided to Anapol Weiss was limited to the players that he referred and who became part of the litigation. It stands to reason that his fee would be based on those players' recovery and not the "substantial benefit" that Anapol Weiss conferred on the entire class.

The significant common benefit work that Anapol Weiss performed is documented in the Memorandum of Law in Support of Co-Lead Counsels' Petition for an Award of Attorneys' Fees, Reimbursement of Costs and Expenses, Adoption of a Set-Aside of Fiver Percent of Each Monetary Award and Derivative Claimant Award, and Case Contribution Awards to Class Representatives. Dkt.

# 7151-1, at 8-27. Among countless tasks that Anapol Weiss has been responsible for in this action are: the origination of the first case filed in this Court; the pursuit of the assignment of this case to this Court via the MDL process; the drafting of the Master Administrative Complaints; the development and implementation of a public relations strategy; the acquisition of the scientific data and experts upon which this case was pursued; the coordination of pleadings addressing Plaintiffs' opposition to the motions to dismiss; the negotiations of the complex settlement structure through months of grueling work; the briefing and filing of the class certification motions; renegotiating the settlement to address the Court's concerns with the size of the Monetary Award Fund; litigating appeals to the settlement in this Court and the Third Circuit; and filing opposition briefs to petitions for writ of *certiorari* with the U.S. Supreme Court.

By contrast, Lorentz describes his contributions to the litigation as: (1) referring 235 players into the lawsuit; (2) counseling and providing those players with information; and (3) urging former NFL star Jim McMahon to support and promote this litigation. Clearly, these contributions, both individually and in tandem, only support Lorentz's role as a referring attorney rather than the development and success of this class action. If Lorentz believes that this work substantially benefited the class, he is free to apply to the Court for common benefit fees. It is clear that Lorentz has no claim to the common benefit fees that Anapol Weiss has earned.

|  |  |
|---|---|
| | PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP |
| Dated: March 23, 2017 | |
| | By:  <u>GAETAN J. ALFANO /s/</u><br>GAETAN J. ALFANO, ESQUIRE<br>DOUGLAS E. ROBERTS, ESQUIRE<br>PA Bar Nos.: 32971, 321950<br>1818 Market Street, Suite 3402<br>Philadelphia, PA 19103<br>(215) 320-6200 |
| | *Attorneys for Anapol Weiss, P.C.* |

3365136v3

## CERTIFICATE OF SERVICE

I hereby certify that, on March 23, 2017, I caused a true and correct copy of the foregoing Response to Motion to Intervene to be filed via the CM/ECF system, which caused notice to be sent to all counsel of record.

Dated: March 23, 2017

                      PIETRAGALLO GORDON ALFANO
                      BOSICK & RASPANTI, LLP

By:  <u>DOUGLAS E. ROBERTS /s/</u>
      DOUGLAS E. ROBERTS, ESQUIRE
      PA Bar No.: 321950
      1818 Market Street, Suite 3402
      Philadelphia, PA 19103
      (215) 320-6200

      *Attorneys for Anapol Weiss, P.C.*