UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: Document 7151 | |

**MEMORANDUM IN OPPOSITION TO CO-LEAD CLASS COUNSEL'S PETITION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS AND EXPENSES, ADOPTION OF A SET-ASIDE OF FIVE PERCENT OF EACH MONETARY AWARD AND DERIVATIVE CLAIMANT AWARD, AND <u>CASE CONTRIBUTION AWARDS TO CLASS REPRESENTATIVES</u>**

## I. INTRODUCTION

This Memorandum is filed on behalf of more than one hundred and fifty (150) Class Members represented by the undersigned, some of which are Kenyon Coleman, Timothy Rother, Garrick Jones, Quentin Harris, Zuriel Smith, Hurvin McCormack, Henry Taylor, Jacoby

Rhinehart, Alvis Whitted and Robert Taylor III, who are Retired NFL Players and members of the Class certified in this matter.

Co-Lead Class Counsel ("Class Counsel") filed its petition for an Award of Attorneys' Fees, Reimbursement of Costs and Expenses, Adoption of a Set-Aside of Five Percent of Each Monetary Award, and Case Contribution Award to Class Representatives, and memorandum in support thereof on February 13, 2017 (the "Petition").

The Court should deny Class Counsel's Petition to the extent Class Counsel requests a maximum set-aside of five percent, because the Petition for a set-aside fails to satisfy the requirements of the Settlement Agreement, Class Counsel's attempt to collect the maximum set-aside is premature and will irreparably harm the most injured Class Members, and the set-aside interferes with Class Members' ability to retain independent legal counsel of their choice.

## II. CLASS COUNSEL'S PETITION FOR A SET-ASIDE FAILS TO SATISFY THE REQUIREMENTS OF THE SETTLEMENT AGREEMENT

Section 21.1 of the Settlement Agreement provides the requirements for the Set-Aside as follows:

> Any future petition for a set-aside will describe: (i) ***the proposed amount***; (ii) ***how the money will be used***; and (iii) any other relevant information (for example, the assurance that any "set-aside" from a Monetary Award or Derivative Claimant Award for a Settlement Class Member represented by his/her individual counsel will reduce the attorney's fee payable to that counsel by the amount of the "set-aside"). No money will be held back or set aside from any Monetary Award or Derivative Claimant Award without Court approval. The NFL Parties believe that any such proposed set aside application is a matter strictly between and among Settlement Class Members, Class Counsel, and individual counsel for Settlement Class Members. The NFL Parties therefore take no position on the proposed set aside and will take no position on the proposed set aside in the event such an application is made. [Emphasis Added]

It is clear from the plain language of the Settlement Agreement that any future petition for a set-aside is <u>required to describe</u> "the proposed amount" and "how the money will be used". Class Counsel's Petition fails in this regard.

With respect to "the proposed amount" requirement of the three-part test, Class Counsel prematurely asserts that 5% of each Monetary Award should be set-aside now, rather than the court determining <u>a set aside to pay for future attorney fees</u> *up to 5%*. Class counsel is trying to do this backwards. Section 21.1's meaning of "proposed amount" refers to the total amount of monies collected from a set-aside, rather than individual levy amounts.

First, Class Counsel's assertion that the set-aside refers to the individual amount, rather than the total amount of the set-aside, ignores Class Counsel's own stated purpose of the set-aside, which is to cover the collective common benefit costs of Class Counsel. If the purpose of the set-aside is to cover the collective common benefit costs of Class Counsel, then Class Counsel is required to inform the Court and the Class (that is having its recovery substantially reduced by the set-aside) the actual or estimated cost of such collective common benefit activities. Only after the Court has approved the collective common benefit costs as "the proposed amount" should the amount of the levy, if any, to be imposed on the Class be determined, *up to 5%* (which is inconceivable given the amount of work which will be reasonably involved). Rather than present the attorney fees which are or will be incurred, Class Counsel has simply elected to misinterpret this requirement to mean an arbitrary percentage tax of each Monetary Award, to be imposed on the Class, without any reference to any quantity of the number of hours or billable rates for any attorney fees.

Second, taken with the other text of Section 21.1 it is clear that "the proposed amount" of the set-aside refers to the total collective common benefit costs of Class Counsel, as opposed to the individual levy amount. Specifically, sub-part (iii) of the text quoted above requires Class Counsel to state "how the money will be used". Based on this, the correct interpretation is that the total amount collected will be based on how the money collected is used. However, applying Class

Counsel's interpretation, it is impossible to state how or even if an individual five percent (5%) levy will be used for any purpose for work which might or might not be done in the future.

Finally, Class Counsel's interpretation that "the proposed amount" of the set-aside refers to the individual levy amount is simply an unfair interpretation against the Class, the same Class that Class Counsel is charged with representing. A fair interpretation requires transparency and at a minimum that Class Counsel inform the Court and the Class of the amount they believe will be incurred in common benefit costs. In other words "the proposed amount." Class Counsel is attempting to work backwards, asking to sell a service without providing the cost of the service. That sort of arrangement does not occur in any area of life or business, as it is offensive to any reasonable person's understanding of equity.

With respect to the "how the money will be used" element of the three-part test, Class Counsel simply asserts the general tasks that will be required without any sort of allocations as to the time and people hours that will be required. Class Counsel's descriptions are entirely vague and ambiguous and render any sort of actual assessment impossible. Class Counsel admits as much in the Petition when they state "…Plaintiffs' Counsel cannot fully or accurately predict the scope or extent of those necessary services…" (See Petition page 64). If Class Counsel cannot predict the scope or extent of those necessary services isn't it premature to levy such a heavy-handed assessment on the Monetary Awards of the Class?

### III. CLASS COUNSEL SHOULD NOT ATTEMPT TO COLLECT ENOUGH MONEY FOR THE ENTIRE 65-YEAR LIFE OF THE SETTLEMENT WITH THIS FIRST PETITION FOR A SET-ASIDE

Class Counsel's attempt to collect (with this first Petition for a set-aside) all of the money it claims is necessary to fund the common benefit costs for the entire 65-year life of the Settlement is detrimental to the class and rooted in self-interest for Class Counsel and should be denied.

Section 21.1 of the Settlement Agreement provides in part that "*[a]ny future petition* for a set-aside will describe…" [Emphasis added]. This means that Class Counsel is not limited to one petition for a set-aside and can make as many petitions as it deems appropriate as time goes by. By providing this flexibility the Settlement Agreement protects the rights of the Class to adjust upwards or downwards the amount of a set-aside, if any, to fund common benefit costs. There is no requirement in the Settlement Agreement that the first petition for a set-aside capture so much money to fund the entire 65-year life of the Settlement, especially where it is unclear what the amounts will be and when they are unlikely to be so high.

There is no such requirement for precisely the reason that there is a far greater chance of inaccuracy and miscalculation when projecting costs over a 65-year time period than on a much shorter time period. It is indisputable that a 1-year budget will be exponentially more accurate than a 65-year budget. Because Class Counsel can adjust the amount of the set-aside as often as it likes and it is clear that a 65-year projection will be rife with errors[1], there is no valid reason to attempt to levy the maximum set-aside now to collect for 65 years, especially without any projections of how many attorney hours will be involved and the dollar value of what would be reasonably necessary will only be a fraction of what is being request by Class Counsel today. Class Counsel's

---

[1] It is plain that the proposed 5% set aside currently requested is in error. It is inconceivable that tens of millions of dollars in attorney fees and costs will be incurred by Class Counsel in the future for common interest activities.

inconvenience of monitoring its own spending and making an annual petition is not a reasonable justification for the tremendous additional financial hardship they are attempting to impose on the Class.

Class Members who have the maximum set-aside levied against their Monetary Awards are the most likely to suffer irreparable harm. There are two reasons. First, it is the most disabled and needy Class Members who will seek a monetary recovery early in the claims process and will be penalized more by front-loading the maximum set-aside. The life expectancy of especially damaged Class Members is much lower than the average public. Once the Settlement has matured a few years and Class Counsel realizes that they collected far too much money from Class Members, many of those Class Members who were penalized will have long since died. The detriment to Class Members who have to pay Class Counsel those precious extra dollars that should have been used to help them live out the last few years of their lives in mild comfort and with some dignity is irreversible.

If Class Counsel's Petition is granted and the maximum levy of five percent is immediately applied now to Monetary Awards, Class Counsel will have easy access to a large, hard to monitor and manage, slush fund. This invitation of moral hazard directly into its offices will definitely lead to padded bills and internal billable targets. Solutions will seek problems when there is a guarantee of payment without accountability.

There are many better alternatives than immediately charging the maximum levy on the Class in order to collect for a 65-year period for attorney time that will likely never be necessary. As an example, the Court may grant a much smaller and more reasonable set-aside now and Class Counsel may present a reconciliation of actual costs incurred in twelve months. In the event of a shortfall, Class Counsel may then petition for an increase of the set-aside to cover projected costs

for the next twelve months and the shortfall. There will be enough information twelve months from now as to the actual common benefits costs of maintaining the Settlement, permitting an accurate set-aside based on reality. Class Counsel is seeking the maximum amount for a set-aside, even though it is highly unlikely to actually cost that much, rather than trying to get it right.

### IV. THE FIVE PERCENT SET-ASIDE INTERFERES WITH CLASS MEMBERS' RIGHT AND ABILITY TO RETAIN EFFECTIVE INDEPENDENT LEGAL COUNSEL OF THEIR CHOICE

The five percent set-aside is harmful to the Class because it interferes with Class Members' ability to retain effective independent legal counsel who will represent their specific needs. The detrimental impact of this interference far outweighs any supposed benefit of levying the maximum permitted set-aside on Class Members' Monetary Award amounts.

#### A. INDEPENDENT LEGAL COUNSEL ARE NECESSARY FOR CLASS MEMBERS

A key point that Class Counsel omit in their Petition is that for the vast majority of Class Members independent legal counsel is necessary to properly handle each Class Member's claim through the complex and elaborate claims administration process.

Class Counsel's position is that Class Members do not need independent legal counsel to represent them in the claims administration process of the Settlement. Class Counsel ignores the reality of the litigation: mild traumatic brain injury on Retired NFL Players makes it difficult or impossible for most of the damaged players to obtain a monetary recovery without effective legal counsel. To be clear: the most mild form of medical diagnosis that qualifies a Class Member for a Monetary Award is commensurate with mild-dementia. Any Class Members that qualify for a Monetary Award under the Settlement will suffer from some level of neurocognitive impairment, which means that they will have much difficulty with basic administrative tasks, and prohibitive

difficulty in dealing with more complicated tasks, such as those required in connection with applying for and receiving a Monetary Award under the Settlement.

Certain nuances that are particular to this Class also elevate the amount of care and personal attention that Class Members require from their individual claims attorneys. Many Class Members suffer from mood disorders and emotional disability resulting from the brain trauma. This makes representing them more difficult, especially where those neurocognitive impairments have driven away family and friends who may have helped the attorney in communicating with the client or collecting information. Independent legal counsel must cope with clients who act erratically, can be unreliable and who have trouble with communicating with the attorney, providing information and keeping appointments. The individual attention required, and expected, by Class Members necessitates commensurate compensation from their individual attorneys to provide sufficient financial incentive for independent legal counsel for this type of representation.

In addition to suffering from neurocognitive issues, many Class Members are victims of educational institutions who historically disregarded the quality of the Class Members' higher education in exchange for their performance in sport. This is worsened by a system of forced dependency on outside experts readily available throughout their professional careers. The result is an impaired individual who has failed to learn the skills required to independently complete administrative tasks which are required in the claims process. They need help from lawyers and those lawyers must provide more attention and effort than the average client because of the socioeconomic disadvantages many of the Class Members have historically suffered from.

As individual counsel for more than one hundred and fifty Class Members we understand that time and attention is not only required with respect to the Retired NFL Players, but also their family members. Something that is not addressed in the Petition is that the responsibility for taking

care of a severely impaired Class Member typically falls on the family of that Class Member. The family members of Class Members play a vital and large role in all matters of their lives. Independent legal counsel such as our firm are asked to provide intensive counseling and advice to Class Members, as well as their family members.

The large size of the Class makes it impossible for Class Counsel to provide the individualized attention independent legal counsel will be in a position to provide. According to Class Counsel's own Petition the Class is estimated to include more than 20,000 Class Members (See Petition page 17). Surely, Class Counsel doesn't propose that it will act as a counselor to all of these more than 20,000 Class Members, and their families? Class Counsel is not suggesting this as Class Counsel recognizes that the services being provided by independent legal counsel to Class Members in the claims administration process is a wholly separate and distinct set of services. Class Counsel alone, with all of its resources, would not be in a position to provide these services to even a small percentage of the Class Members. Independent legal counsel are absolutely necessary to avoid unfairly disenfranchising the vast majority of otherwise eligible and deserving Class Members.

### B. THE FIVE PERCENT SET-ASIDE INTERFERES WITH CLASS MEMBERS' ABILITY TO RETAIN INDIVIDUAL COUNSEL

Independent legal counsel is necessary with respect to the vast majority of Class Members, and any interference with a Class Member's ability to retain such counsel should be rejected by the Court. The Court should reject the maximum five percent set-aside requested by Class Counsel, because it significantly interferes with Class Members' fundamental right and ability to retain independent legal counsel, and ultimately results in irreparable harm to Class Members.

Independent legal counsel operate in a free market environment, and offer their services to the public at a rate determined by the market. If Class Counsel's Petition is granted and the

maximum five percent set-aside is deducted from independent legal counsel's payment (which is proportionally between 20-50% of their attorney fees), independent legal counsel will have to increase the cost of their service by between 20-50% in most cases to their future clients. The immediate harm to Class Members is that the cost of absolutely necessary independent legal counsel for Class Members will instantly increase by the amount of the set-aside.

The imposition of this maximum five percent set-aside will also lead to a proliferation of low quality legal services for Class Members. As qualified independent legal counsel raise rates, unqualified independent legal counsel will not increase their rates to compete, since their only competitive advantage will be cost. Class Members who seek independent representation will be faced with two market choices: qualified attorneys who provide quality legal services but charge seemingly too much for their services and on the other hand unqualified attorneys who provide beguilingly lower cost representation but at low quality in terms of legal services. Many Class Members will simply choose the low cost alternative to the detriment of the outcome of their claim. Class Counsel's Petition effectively pushes Class Members into the arms of unqualified, low cost legal service providers, many of whom will fail to properly handle the Class Members claim, leaving them with nothing and no way to rehabilitate their claim. Many Class Members will be irreparably harmed without any justification.

The quality of legal services received by Class Members will also be negatively impacted when independent legal counsel are forced to spend less resources on each claim. Independent legal counsel who represent a large number of Class Members will be forced to reduce the time and effort on each individual claim to make up for the dramatically lower, projected revenues even a 2% set aside would cause. This is due to the simple economics of the business of a law practice. The net result will be a reduction in the quality and amount of services received by Class Members.

Finally, Class Counsel and the other law firms designated as co-lead counsel in this matter will have an unfair advantage over independent legal counsel which will work to the detriment of Class Members. Class Counsel and the other law firms designated as co-lead counsel, when representing individual clients in the claims administration process can simply write off the five percent set-aside, knowing that the set-aside will enter a pool that they will eventually be paid from. This artificially inflates the value of their services in the marketplace because all other comparable independent legal counsel will have to raise rates and lower the level of service. The result is to the ultimate detriment of Class Members because it stifles competition and funnels Class Members to Class Counsel which are unable and not incentivized to provide effective representation to individual Class Members who come to them for representation. Competition forces firms to provide the highest quality services for the lowest amount. These firms can afford to be less competitive (i.e. provide lower quality services at a higher cost) because they will have a built-in, systemic advantage (no impact of set-aside). The only beneficiary is Class Counsel.

WHEREFORE, this Court should deny Class Counsel's Petition to the extent Class Counsel's Petition requests a five percent set-aside to be withheld from Monetary Awards otherwise payable to Class Members. In the alternative, the Court should approve a less than one percent (1%) set-aside upon Class Counsel's delivery of satisfactory evidence supporting the use of funds for the common benefit.

Respectfully submitted,

**Top NFL Lawyers,**
**Attorneys at Law**

s//Anoush Hakimi//
**Anoush Hakimi, Esq.**
Ca. Bar No. 228858
1420 S. Figueroa Street, Suite 107
Los Angeles, California 90015
Telephone: (213) 275 – 1269
Facsimile: (213) 402 – 2170
anoush@topnfllawyer.com
Attorney for Individual Class Members
Identified on Notice of Appearance, and
other Class Members

## **CERTIFICATE OF SERVICE**

I CERTIFY that the above has been filed with the Clerk of Court's CM / ECF system, which will provide service to all parties designated to receive service this March 27, 2017.

s//Anoush Hakimi//
Anoush Hakimi, Esq.
