**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: Document 7151 | |

**CLASS MEMBERS' OBJECTION TO PETITION FOR ATTORNEYS' FEES,
COSTS, AND 5% HOLDBACK ON AWARDS**

Class Members Winfred Tubbs and Greg Hill, through their individual counsel, object to

Class Counsel's request for a 5% set-aside from Monetary Awards received by players who

received a Qualifying Diagnosis prior to the Effective Date and state as follows:

1. **The Problem and Basis for this Objection.**

Retired NFL players who received a Qualifying Diagnosis prior to the Effective Date and

their individual counsel entered into retainer/fee agreements based upon the assumption that

Class Counsel would not be receiving any of the claimants' Monetary Award.  In some

CLASS MEMBERS' OBJECTION TO PETITION FOR ATTORNEYS' FEES,
COSTS, AND 5% HOLDBACK ON AWARDS – Page 1

instances, those fee agreements call for a very small percentage (some as low as 1%) of the Monetary Award as the individual counsel's fee, because the individual counsel was not involved in and did not assist in obtaining the Qualifying Diagnosis. Instead, in those cases individual counsel is only assisting with the administrative issues regarding registration and the submission of claims.   In these circumstances, the 5% set-aside requested by Class Counsel would leave individual counsel **with no fee**, which would in practical effect leave those players with Qualifying Diagnoses before the Effective Date without effective representation in the claims process.   More importantly, it would result in certain players paying more – in this case *four* times more – for attorneys' fees than they individually bargained for.   In other instances, individual counsel spent thousands of dollars in time and money assisting their clients with obtaining Qualifying Diagnoses, including helping them find qualified physicians, scheduling them for testing, arranging and paying for travel, fostering the testing, interacting with the physician, ensuring that all requirements of the settlement are satisfied, and paying for the physicians' time and testing.   Allowing Class Counsel to take 5% of the Monetary Award from the individual counsel's fee would result in unfair results.  For example, if a retired NFL player's Monetary Award is $1,500,000, and he has a 20% fee agreement with his individual counsel, individual counsel would be entitled to a $300,000 fee.  If Class Counsel were given a 5% set-aside, Class Counsel would receive $75,000, and individual counsel would only receive $225,000.  This would thus award Class Counsel 25% of the total fee awarded – one part to individual counsel's three parts – as to any particular player *witho*ut having assumed any of the risks of representation, and the significant costs and time associated with individual counsel's representation of each individual player and his individualized claim.  This is inherently unfair, is not proportionate to the work done by Class Counsel as to each individualized claim, and would

CLASS MEMBERS' OBJECTION TO PETITION FOR ATTORNEYS' FEES, COSTS, AND 5% HOLDBACK ON AWARDS – Page 2

frustrate the benefit of the bargain upon which the player and individual counsel's agreement was struck.  Significantly, the common benefit of the class settlement has already compensated Class Counsel for their work to date.  For this reason, any amount held back should compensate class counsel solely for the limited work not already performed.  Any fee award to the contrary would permit double dipping by Class Counsel to the detriment of the members of the class and their chosen counsel with whom they contracted.

2.   **When Applied as Proposed, The 5% Holdback Impermissibly Interferes With the Individual Attorney's Fees Agreements.**

Each class member entered into a separate individualized contingent fee agreement with his retained counsel.   The validity of those agreements should be respected. *See, e.g., Waynesborough Country Club of Chester County v. Diedrich Niles Bolton Architects, Inc.*, 2008 WL 4916029, at *3 (E.D. Pa. Nov. 12, 2008) ("in terms of allocating attorneys' fees and costs, contracting parties may structure their agreement as they choose, and the Court should enforce such unambiguous contracts as they are written.").  Indeed, "courts should be reluctant to disturb contingent fee arrangements freely entered into by knowledgeable and competent parties." *McKenzie Const., Inc. v. Maynard,* 758 F.2d 97, 101 (3rd Cir. 1985).

As one firm, which serves on the Class Counsel Executive Committee, has noted on its website:  "The NFL committed within the Settlement Agreement to pay COMMON BENEFIT FEES <u>itself</u>, so they are NOT coming out of the INDIVIDUAL CASE FEES."[1]   In defending Class Counsel's own entitlement to individual case fees (in addition to the award of any common benefit fees), the website explains:

---

[1] http://www.lockslaw.com/blog/2017/03/23/nfl-common-benefit-fees-vs-individual-case-fees (emphasis in original).

"INDIVIDUAL CASE FEES are the cornerstone of every case. That is how all of the lawyers get paid for representing individual clients with individual cases. It's the one guarantee by contract on which the lawyers can rely. The lawyer analyzes a client's case, makes sure the client is examined by the best possible specialist now or in the future, and she submits a claim if the diagnosis supports it.

***

The NFL often denies benefit plan applications for players who unquestionably should receive benefits. We've seen it, and we have fought that fight. The players should expect no less in this Settlement Agreement. As a result, having an experienced lawyer work with the player to understand and receive the maximum benefit under this Agreement is the wisest way to go; it's also why the INDIVIDUAL CASE FEES are so important. Without them, the attorneys have no incentive to help the players at all."[2]

The 5% set-aside essentially disregards the significance and purpose of each class member's right to individualized representation – on the terms he agreed to. Class Members are entitled to the benefit of the reasonable and individualized bargain they reached with their individual counsel. And, the fact remains that no lawyer wants to work for free (or for less than contracted). In the interests of fairness in compensation, no court order should approve a fee award order condoning that.

3. **The Solution.**

The 5% set-aside should not apply to Monetary Awards of NFL players who received a Qualifying Diagnosis before the Effective Date. Rather, the 5% set-aside should only apply to NFL players who receive a Qualifying Diagnosis after the Effective Date. This makes sense because only qualified MAF and BAP physicians can make those diagnoses, and Class Counsel will be involved in selecting and monitoring those MAF and BAP physicians, and assisting those players with their claims. Moreover, individual counsel who represent such players can sign them up with their eyes wide open, knowing that whatever fee deal they reach will be reduced by 5% of the Monetary Award.

---

[2] *Id.*

CLASS MEMBERS' OBJECTION TO PETITION FOR ATTORNEYS' FEES, COSTS, AND 5% HOLDBACK ON AWARDS – Page 4

Alternatively, Class Counsel should be given a 5% (or less) set-aside, but it should be 5% of individual counsels' fees, rather than 5% of the Monetary Award.  This alternative, although still intrusive on the bargain between individual counsel and their clients, is more proportionately reflective of the contribution made by Class Counsel as to each individual player's individualized claims.  Further, it is the least disruptive alterative to the valid contractual agreements between each individual class member and his individual counsel and takes into account the strong and clear public policy against any court interference with reasonable and valid fee agreements.

Respectfully submitted,

**STECKLER GRESHAM COCHRAN**

/s/ R. Dean Gresham
R. Dean Gresham
dean@stecklerlaw.com
Bruce W. Steckler
bruce@stecklerlaw.com
Stuart Cochran
stuart@stecklerlaw.com
Kirstin Rogers
krogers@stecklerlaw.com
12720 Hillcrest Rd.
Suite 1045
Dallas, Texas 75230
(972) 387-4040
(972) 387-4041

**COUNSEL FOR CLASS MEMBERS
WINFRED TUBBS AND GREG HILL**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's ECF system on March 27, 2017.

/s/ R. Dean Gresham
R. Dean Gresham

CLASS MEMBERS' OBJECTION TO PETITION FOR ATTORNEYS' FEES, COSTS, AND 5% HOLDBACK ON AWARDS – Page 5