IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | MDL No. 2323<br>No. 2:12-md-2323-AB |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br>          v.<br><br>National Football League, et al.,<br><br>        Defendants. | **Hon. Anita B. Brody**<br><br>Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO Document 7151 | |

**CERTAIN PLAINTIFFS' RESPONSE IN OPPOSITION
TO PETITION FOR ADOPTION OF SET-ASIDE OF FIVE PERCENT
OF EACH MONETARY AWARD AND DERIVATIVE CLAIMANT AWARD**

Certain Plaintiffs,[1] by and through their attorneys Thomas Girardi of Girardi Keese along with Herman J. Russomanno and Robert J. Borello of Russomanno & Borrello, and Jason E. Luckasevic and Jason T. Shipp of Goldberg, Persky & White, P.C., respond in opposition to Co-Lead Class Counsel's Petition for Adoption of Set-Aside of Five Percent of Each Monetary Award and Derivative Claimant Award (ECF No. 7151). Pursuant to the Court's Amended Final Order and Judgment dated May 11, 2015 and the Settlement Agreement entered

---

[1] Undersigned counsel represent more than 500 Retired NFL Players in this matter.

1

among the class action parties in this Multidistrict Litigation, Co-Lead Class Counsel ("CCC") filed its Petition on February 13, 2017. Certain Plaintiffs herein only object to the Petition in relation to the proposed five percent set-aside.

## ARGUMENT

**A. This Court should not permit a five percent tax on each award from the Monetary Award Fund without some evidentiary basis of what the actual facilitation costs of the Settlement program will be.**

Section 21.1 of the Settlement Agreement states:

> After the Effective Date, Co-Lead Class Counsel may petition the Court to set aside up to five percent (5%) of each Monetary Award and Derivative Claimant Award to facilitate the Settlement program and related efforts of Class Counsel. These set-aside monies shall be held in a separate fund overseen by the Court. Any future petition for a set-aside will describe: (i) the proposed amount; (ii) how the money will be used; and (iii) any other relevant information (for example, the assurance that any "set-aside" from a Monetary Award or Derivative Claimant Award for a Settlement Class Member represented by his/her individual counsel will reduce the attorney's fee payable to that counsel by the amount of the "set-aside"). No money will be held back or set aside from any Monetary Award or Derivative Claimant Award without Court approval.

ECF No. 6481-1 at 82.

CCC's Petition includes the proposed amount of the set-aside, a description of how the money will be used, and an assurance that all represented Settlement Class Members will have their attorney's fees reduced by the amount of the set-aside. However, it is starkly barren in relation to crucial relevant information, namely any evidence of what the actual facilitation costs of the Settlement program will be. While CCC spends a little more than three pages in their Memorandum in Support of their Petition reciting potential duties in

2

relation to facilitation of the Settlement program,[2] they candidly admit they "cannot fully or accurately predict the scope or extent of those necessary services". ECF No. 7151-1 at 63-64.

Nonetheless, CCC asks this Court to levy a tax on all Monetary Awards that will amount to $40-$50 million or even more over the life of the Settlement program. They offer no projections of the costs, no expert reports, nothing empirical whatsoever to support the imposition of a $50 million tax. Plaintiffs submit that the mere three pages of general descriptions of facilitation duties offered by CCC to this Court in support of it Petition should not be remotely sufficient for the levying of a tax of tens of millions of dollars on Monetary Awards.

CCC states that, should the Court approve the proposed five percent set-aside, it will submit a detailed plan of administration to the Court. This is putting the cart before the horse. Considering the vast amount of money that CCC has requested be set-aside, it is certainly not too onerous for CCC to supply this Court with some kind of projection of what the actual facilitation costs of the settlement program will be.

Certain Plaintiffs recognize that there will be significant facilitation costs in relation to the Settlement program and they desire that the program runs smoothly and effectively. However, before a $50 million tax is levied on Monetary Awards, this Court should have some evidentiary basis of what the actual costs will be. Hence, this Court should deny CCC's Petition in relation to the five percent set aside until it has some evidence before it to determine its reasonableness.

**B.     Should this Court grant CCC's Petition in relation to the five percent set-aside, it should periodically assess the set-aside fund to determine if there is a surplus.**

---

[2] ECF No. 7151-1 at 61-64.

Should this Court approve the five percent set-aside, whether with a factual basis or not, it should periodically assess the set-aside fund to determine if there is a surplus sufficient to prospectively reduce the set-off percentage.

## CONCLUSION

For the previously stated reasons, CCC's Petition in relation to the five percent set off should be denied until CCC provides evidence sufficient for this Court to approve it.

Dated: March 27, 2017                                   Respectfully Submitted:

/s/ Thomas V. Girardi
Thomas V. Girardi
Girardi & Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017
tgirardi@girardikeese.com
(T) 213-977-0211
(F) 213-481-1554

## CERTIFICATE OF SERVICE

I hereby certify that I have, this day, electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all counsel of record on this 27th day of March 2017.

/s/ Thomas V. Girardi
Girardi & Keese