**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**OBJECTION OF ESTATE OF WALLY HILGENBERG AND ESTATE OF PETER DURANKO TO PETITION FOR ATTORNEYS FEES BY <u>CLASS COUNSEL ANAPOL WEISS</u>**

Eric Hilgenberg, as trustee of the estate of Wally Hilgenberg (the "Hilgenberg Estate") and Janet Duranko, as the executrix of the estate of Peter Duranko (the "Duranko Estate") submit the following objection to Class Counsel's intention to enforce contingent fee agreements signed by representatives of the estates prior to the establishment of this MDL. The estates also object to Class Counsel's request for a 5% holdback fee from the families' settlement funds for prospective future work. As detailed herein, allowing Class Counsel to collect on its contingent fee agreements and set-aside request would result in a back-door windfall of over $2,500,000 to Class Counsel.

1

## I. BACKGROUND

As required by the Court's March 8 Order, the Hilgenberg Estate and Duranko Estate provide the following information:

### A. Name of Case and Multidistrict Litigation

- *Eric Hilgenberg, Trustee of Wally Hilgenberg Estate v. National Football League, et al*.; No. 2:12-cv-0589-AB
- *Janet Duranko, as Executrix of the Estate of Peter Duranko v. National Football League, et al;* No. 2:12-cv-0702-AB

### B. Name, Address, and Date of Birth

- Eric Hilgenberg, as trustee of the Estate of Wally Hilgenberg
    - 18526 Judicial Road, Prior Lake, MN 55372
    - 612-708-0923
    - 01/08/1973
- Janet Duranko, executrix of the estate of Peter Duranko
    - 417 S. Clearfield St., Johnstown, PA 15905
    - 814-255-3060
    - 05/16/1946

### C. Name of Player

- Wally Hilgenberg
- Peter Duranko

## II. STATEMENT OF OBJECTIONS

### A. Facts

Wally Hilgenberg played in the NFL for 12 seasons with the Minnesota Vikings and 4 seasons with the Detroit Lions. Wally Hilgenberg retired from the NFL in 1979 after suffering multiple concussions. Following his retirement, Wally Hilgenberg began to suffer extreme muscle weakness and in 2008 was given the horrific diagnosis of ALS. The injuries from his NFL career lead to progressive problems with his speech, swallowing, breathing, and ultimately resulted in his complete paralysis and death.

2

Peter Duranko played in the NFL for 8 seasons with the Denver Broncos. Peter Duranko retired from the NFL in 1974 after suffering multiple concussions. Following his retirement, Peter Duranko began to suffer memory loss, headaches, and depression and was diagnosed with ALS. Peter Duranko ultimately required hospice and in-home medical care, and suffered from respiratory failure until his death.

Following the passing of Wally Hilgenberg and Peter Duranko, the players' respective families began to explore relief against the NFL for the injuries suffered by the players during their careers. Both families ultimately retained Co-Lead Class Counsel Anapol Weiss[1] to represent them against the NFL. Specifically, on January 17, 2012, Janet Duranko signed a contingency fee agreement with Class Counsel that grants the firm a 35% contingency fee against any recovery obtained for the Duranko Estate. On January 24, 2012, Eric Hilgenberg signed a contingency fee agreement with Class Counsel that grants the firm a 35% contingency fee against any recovery obtained for the Hilgenberg Estate. This MDL was established on January 31, 2012.

As the Court is aware, the parties were subsequently able to reach a settlement of the MDL. In relevant part, under the settlement, the Hilgenberg Estate will receive $2,800,000 and the Duranko Estate will receive $3,500,000. At the same time, Class Counsel will be sharing in a $112.5 million attorney fee award. Class Counsel nevertheless intends to enforce its contingent fee agreements[2], seeking to extract an additional $2,205,000 from the families ($980,000 from

---

[1] At the time the families retained Class Counsel, the agreements were signed by Larry E. Coben for Anapol Schwarz as opposed to Anapol Weiss.

[2] Co-Lead Class Counsel, Seeger Weiss LLP, has indicated that it does not intend to pursue the same draconian relief from individual class members it represents. Doc. No. 7151-1, n. 8.

the Hilgenberg Estate and $1,225,000 from the Duranko Estate).[3] Class Counsel has also requested that the Court approve a 5% holdback from their settlement funds in order to cover prospective future work. The families object to both requests of Class Counsel and ask that the Court prevent Class Counsel from enforcing its contingent fee agreements and withholding 5% of the families settlement funds.

**B. Law**[4]

1. <u>Standard</u>

Under Fed R. Civ. P. 23(h), the Court may award attorneys' fees that are reasonable in a certified class action. FED. R. CIV. P. 23(h). In making a determination as to how much to award class counsel, the Court should conduct a thorough review. *Perry v. FleetBoston Fin. Corp.*, 229 F.R.D. 105, 118 (E.D. Pa. 2005). The Court is vested with the authority to set aside a contingent fee agreement with class members in the event of a class-wide settlement. *Dunn v. H.K. Porter*, 602 F.2d 1105, 1108 – 1109 (3rd Cir. 1979). This is particularly true when the contingent fee agreement would result in an unreasonable fee. <u>Id</u>.

2. <u>Argument</u>

Allowing Class Counsel to enforce their contingent fee agreements would result in an unreasonable award of attorneys' fees. Class Counsel will be fairly compensated for its work in this matter, and neither the Hilgenberg Estate nor the Duranko Estate suggests that should not be the case. However, what both the Hilgenberg Estate and the Duranko Estate object to is Class Counsel's efforts to secure a back-door windfall of an additional $2,205,000. Both families

---

[3] In an attempt to avoid an objection to their intentions, Class Counsel has indicated to both the Hilgenberg Estate and the Duranko Estate that it would lower its contingent fee agreement to 23%. This still results in an additional payment of $1,449,000 to Class Counsel ($644,000 from the Hilgenberg Estate and $805,000 from the Duranko Estate).

[4] For the sake of brevity and because these issues are before the Court on a number of other well articled objections, the Hilgenberg Estate and Duranko Estate will not devote excessive argument in their objection. *See* Doc. No. 7029, 7114, 7205, 7282, 7344, 7346.

signed their contingent fee agreements on the event of the MDL establishment. The complaints filed by Class Counsel on behalf of the families are largely identical (presumably as are all complaints filed in that time period by Class Counsel) and reflect common benefit work, not work devoted specifically to a given class member. Given the timing of Class Counsel's retention and the establishment of this MDL, it is clear that Class Counsel's work was common benefit and any work related specifically to the Hilgenberg Estate or the Duranko Estate would be *de minimis*. There is no justification to award Class Counsel an additional $2,205,000 for that work when counsel is already being compensated fairly out of the $112.5 million common fun for the time it invested in this lawsuit.

As the same time, the Hilgenberg Estate and Duranko Estate object to Class Counsel's request for a 5% holdback on the families' settlement funds for prospective work. There are sufficient funds in the fee fund to cover fees, if any, that Class Counsel may incur in the future during the administration of the class. There is nothing in the Settlement Agreement or the Court's orders allowing Class Counsel to hold those funds back from the individual class members. At the same time, Class Counsel's request is speculative, based on assumption and guesswork, and fails to justify the monetary penalty the holdback imposes on the individual class members. Class Counsel's request would result in a $47,500,000 holdback against the individual class members and, given the stage of these proceedings, that amount can hardly be justified. More specifically, granting Class Counsel's request would result in a holdback of $315,000 against the Hilgenberg Estate and Duranko Estate in favor of Class Counsel. Such a request cannot, and has not, been justified by Class Counsel. This request amounts to another attempt by Class Counsel to double dip and extract additional fees from the Hilgenberg Estate and Duranko

Estate. Accordingly, the families request that Court deny Class Counsel's request for a 5% holdback.

Respectfully submitted,

TUCKER LAW GROUP, LLC

Dated: March 27, 2017

By: /s/ Joe H. Tucker, Jr.
Joe H. Tucker, Jr., Esquire
Kevin L. Golden, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
*Attorneys for Eric Hilgenberg, as Trustee of the Estate of Wally Hilgenberg and Janet Duranko, as Executrix of the Estate of Peter Duranko*

CLIENT VERIFICATION

By: __/s/ Eric W. Hilg_____        March 27, 2017
Eric Hilgenberg, as Trustee of the Estate of Wally Hilgenberg        Date

By: _____        _____
Janet Duranko, as Executrix of the Estate of Peter Duranko        Dated

6

members. Class Counsel's request would result in a $47,500,000 holdback against the individual class members and, given the stage of these proceedings, that amount can hardly be justified. More specifically, granting Class Counsel's request would result in a holdback of $315,000 against the Hilgenberg Estate and Duranko Estate in favor of Class Counsel. Such a request cannot, and has not, been justified by Class Counsel. This request amounts to another attempt by Class Counsel to double dip and extract additional fees from the Hilgenberg Estate and Duranko Estate. Accordingly, the families request that Court deny Class Counsel's request for a 5% holdback.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Dated: March 27, 2017

By: /s/ Joe H. Tucker, Jr.
Joe H. Tucker, Jr., Esquire
Kevin L. Golden, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
*Attorneys for Eric Hilgenberg, as Trustee of the Estate of Wally Hilgenberg and Janet Duranko, as Executrix of the Estate of Peter Duranko*

**CLIENT VERIFICATION**

By: _____     _____
Eric Hilgenberg, as Trustee of the Estate of Wally Hilgenberg    Date

By: _____     3/27/17
Janet Duranko, as Executrix of the Estate of Peter Duranko    Dated

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> National Football League and NLF Properties, LLC, successor-in-interest to NFL Properties, Inc., <br><br> Defendants. | No. 2:12-md-02323-AB <br><br> MDL No. 2323 <br><br> **Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**DECLARATION OF KEVIN L. GOLDEN IN SUPPORT OF OBJECTION OF ESTATE OF WALLY HILGENBERG AND ESTATE OF PETER DURANKO TO PETITION FOR ATTORNEYS FEES BY CLASS COUNSEL ANAPOL WEISS**

I, Kevin L. Golden, being duly sworn, deposes and says:

1. I am an attorney with the law firm Tucker Law Group, LLC.

2. My firm has been retained by the Estate of Wally Hilgenberg to represent its interests in opposing Class Counsel's efforts to enforce its contingent fee agreement with the Estate of Wally Hilgenberg and Class Counsel's request for a holdback against the estate's settlement funds.

3.  My firm has been retained by the Estate of Peter Duranko to represent its interests in opposing Class Counsel's efforts to enforce its contingent fee agreement with the Estate of Peter Duranko and Class Counsel's request for a holdback against the estate's settlement funds.

4.  In this capacity, my office has prepared and submitted an objection raising my clients' concerns and objections.

5.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 3/27/2017.

Kevin L. Golden

## **CERTIFICATE OF SERVICE**

I, Joe H. Tucker, Jr., hereby certify that a copy of the foregoing document was filed through the Court's ECF system on March 27, 2017, and that such filing generates a notice of filing that constitutes service on all counsel of record.

                                                  /s/ Joe H. Tucker, Jr.
                                                  Joe H. Tucker, Jr.