# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL §<br>LEAGUE PLAYERS' CONCUSSION §<br>LITIGATION §<br> §<br> §<br> §<br>THIS DOCUMENT RELATES TO: §<br>ALL ACTIONS §<br> § | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |

### OBJECTIONS TO JUNE 25, 2014 CLASS ACTION SETTLEMENT AGREEMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Settlement Class Members Liyongo Patrise Alexander, Charlie Anderson, Charles E. Arbuckle, Cassandra Bailey, as Representative of the Estate of Johnny Bailey Jr., deceased, Ben Bronson, Curtis Ceaser, Jr., Larry Centers, Darrell Colbert, Harry Colon, Christopher Crooms, Jerry W. Davis, Tim Denton, Michael Dumas, Corris Ervin, Doak Field, Baldwin Malcolm Frank, Derrick Frazier, Murray E. Garrett, Clyde Glosson, Roderick Harris, Wilmer K. Hicks, Jr., Patrick W. Jackson, Gary D. Jones, Ryan McCoy, Jerry James Moses, Anthony E. Newsom, Rance Olison, John Owens, Robert Pollard, Derrick Pope, Glenell Sanders, Thomas Sanders, Dwight Scales, Todd C. Scott, Frankie Smith, Jermaine Smith, Tyrone Smith, James A. Young Sr. (collectively, the "Alexander Objectors") file these Objections to the revised settlement in the Class Action Settlement Agreement as of June 25, 2014 (Doc. #6087) (the "RSA"), and respectfully show the following:

### **OBJECTIONS TO THE RSA**

The Alexander Objectors, all Retired NFL Football Players (or Representative Claimants) represented by the undersigned counsel (see attached declarations), object to the RSA because of

Page | 1

the following deficiencies:

1. *Lack of adequate representation*. The Alexander Objectors object to the RSA because the class representatives have not fairly and adequately protected the interests of the class given intra-class conflicts. Fed. R. Civ. P. 23(a)(4). This is evidenced in part by the RSA limiting compensation for CTE to individuals who died before preliminary approval of the Settlement; a class member whose CTE is discovered in the future receives nothing. Additionally, lack of adequate representation is evidenced by the RSA's significant offsets for non-football-related traumatic brain injury or stroke; the class representatives did not adequately represent objectors' interest in eliminating or reducing such offset. Finally, intra-class conflicts exist as to players, unlike the class representatives, with experience playing in NFL Europe, given that the RSA purports to release those claims but fails to give the players "eligible season" credit for playing in NFL Europe. These intra-class conflicts preclude certification of the settlement class. *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997). On these points, the Alexander Objectors incorporate by reference as though fully set forth at length herein the Objection of Sean Morey, Alan Faneca, Ben Hamilton, Robert Royal, Roderick "Rock" Cartwright, Jeff Rohrer, and Sean Considine to Class Action Settlement (Dkt. No. 6201, pp. 20-36).

2. *The notice is misleading and inadequate under Rule 23*. The Alexander Objectors further object to the RSA because the notice is ambiguous, misleading and inadequate. Notice is insufficient when it is false or misleads class members about the terms of the settlement. *See, e.g., Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). Here, the notice is misleading to class members for the reason that it fails to alert them to the fact that they will not be compensated for current or future CTE; fails to reveal that the estimated age of diagnosis will significantly reduce