# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| KEVIN TURNER and SHAWN WOODEN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE and NFL PROPERTIES, LLC, successor-in-interest to NFL PROPERTIES, INC.,<br><br>Defendants. | Civil Action No. 2:14-cv-00029-AB |
| THIS DOCUMENTS RELATES TO: ALL ACTIONS | |

## OBJECTION OF CRAIG HEIMBURGER AND DAWN HEIMBURGER

adopts it in full, in particular the arguments relating to NFL Europe and the arguments relating to the problem of narrow settlement benefits that arbitrarily exclude many class members who suffer injury. (It is unclear whether Mr. Heimburger's suffering will be deemed to rise to the level of "Level 1.5 Cognitive Impairment," and unfair that he is being required to guess what "approved" doctors will say.) Two settlement classes are not enough for a fact-pattern this complex (and even if it were, the separate representation is questionable when each of the attorneys for each of the subclasses separately represented individual clients in the other subclass and did not ever disclose that conflict). There are many intra-class conflicts, but the one affecting Heimburger personally is particularly egregious: NFL Europe players had their rights bargained away to increase the recovery to more prestigious players who were valued enough to be given an offseason to recover and not have to play in both a spring season and a fall season. The failure to credit this service time is especially problematic because it falls most heavily on journeymen players who (1) faced especially brutal practices in an attempt to prove themselves worthy of staying on the team and (2) are less likely to have five years of full NFL service time. Class counsel has explicitly admitted that he compromised this unrepresented subclass of players. Morey Obj. 35. None of the class representatives played for NFL Europe, and even if they had, separate representation would have been required. *Dewey v. Volkswagen AG*, 681 F.3d 170 (3d Cir. 2012). Indeed, this settlement is *worse* for the prejudiced unrepresented subclass than the one in *Dewey*. In *Dewey*, the disfavored unrepresented and uncertified subclass still had a right of recovery, but the *hypothetical* prejudice to the disfavored subgroup required class decertification in the absence of separate representation—even though there was an explicit finding by the district court, affirmed by the Third Circuit, that all of the subgroups were treated fairly and received adequate relief.

Moreover, put simply, the intra-class equity requirement cannot be met when class members suffered a wide variety of diverse injuries in diverse circumstances. *In re Katrina Canal Breaches Litig.*, 628 F.3d 185, 193-194 (5th Cir. 2010). Settlement approval and the U.S. Constitution require a finding of adequacy of class representatives under Rule 23(a)(4). The Rule

8