**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

### NOTICE OF JOINDER IN ESTATE OF KEVIN TURNER'S MOTION TO RESOLVE ATTORNEY FEE DISPUTE AND APPEARANCE AS COUNSEL FOR STEVEN ANTHONY SMITH

1. Class plaintiff Steven Anthony Smith (Steven Smith) hereby joins, adopts, and incorporates by reference, in its entirety, Estate of Kevin Turner's motion to resolve attorney fee dispute ("Motion") (ECF 7029) and Estate of Kevin Turner's reply in further support of the Motion (ECF 7114).

2. Steven Smith respectfully moves the Court to resolve an attorney fee dispute between himself and the law firm of Podhurst Orseck P.A ("Podhurst"), also Class Counsel in this litigation. The dispute hinges on whether Podhurst is entitled to recover any portion of Steven Smith's $5million class recovery pursuant to a contingency fee agreement that Steven Smith and Podhurst entered into in 2012 before any class action proceedings began and was

1

terminated in July of 2016. This Joinder arises as a result of Podhurst's failure to provide a clear answer on whether any attorneys' fees would be taken out of plaintiff's award.

3. Steven Smith is not represented by Class Counsel for individual representation in this settlement. However, he signed a retainer agreement with Podhurst Orseck, P.A. (Podhurst) on January 25, 2012, attached as Exhibit "A", which he later effectively terminated on July 19, 2016, attached as Exhibit "B". Plaintiff is currently being represented *pro bono* by Catherina Watters, who is a member in good standing of the California and Florida state bar associations (*pro hac* vice admission to be submitted), and Joe H. Tucker Jr. and Kevin L. Golden of the Tucker Law Group located at Ten Penn Center, 1801 Market Street, Suite 2500, Philadelphia, PA 19103. Ms. Watters is the wife of a former NFL Running Back and class member in this action. Steven Smith requests the Court allow Mr. Tucker, Mr. Golden and Ms. Watters to serve as his counsel for the remainder of the case and for the purposes of submitting a claim and collecting the Monetary Award authorized under the Class Action Settlement Agreement. Their representation will eliminate the apparent conflict of interest between Podhurst and Steven Smith in collecting the Monetary Award. In further support of this Joinder, Steven Smith asserts as follows:

Introduction

4. Steven Smith was diagnosed with Amyotrophic Lateral Sclerosis ("ALS") in July 2002, after playing in the National Football League ("NFL") for nine years. Similar to Kevin Turner, Steven was a Running Back, specifically a Full Back, which most would agree is the position that requires the most physical contact in the NFL. The average career length for Running backs estimated by the NFL Players' Association is 2.57 years which is below the 3.3 year average estimated for all other positions. Like Kevin, Steven gradually lost muscle

movement, motor function, the ability to speak, bathe, and feed himself. In 2006, he lost the ability to breathe independently and was placed on a ventilator. Steven's wife of 28 years, Chie T. Smith (Chie Smith) serves as his Durable Power of Attorney, attached as Exhibit "C", and primary caregiver. She retains independently contracted health care providers to assist her in the 24-hour/7 days a week care of her husband. Steven and Chie have two children in college.

5. Steven Smith's retainer agreement with Podhurst was terminated when he and his wife realized that Podhurst intended on taking a percentage of Steven's personal monetary award. Prior to this date, Steven Smith and his wife believed Podhurst would not be taking any monies out of his award.

6. Despite numerous requests, Podhurst has not provided plaintiff with written confirmation that Podhurst will not pursue a claim for attorneys' fees out of plaintiff's award; however, plaintiff does not anticipate Podhurst to pursue any such claims based on several factors, including email correspondence between Chie Smith and Steven Marks and Stephen Rosenthal of Podhurst attached as and included in Exhibit "D" and a phone conversation between Chie Smith and Steven Marks indicating that no attorneys' fees will be taken out of Steven Smith's award.

7. Steven Smith objects to any set aside amount sought out of his monetary award by Class Counsel. As he was diagnosed with ALS at the age of 38, he is entitled to receive the full $5 Million award as compensation for his injury and the pain and suffering his injury has caused not only himself, but his wife and children. This amount is not nearly sufficient to make up for his loss of life and the resulting diminished quality of life of his loved ones; however, he concedes that he accepted the terms of the settlement in an effort to benefit the class members as a whole.

8. Steven Smith objects to any fees sought out of his monetary award by Podhurst. In the event Podhurst intends on pursuing a claim for fees based on individual representation, Steven Smith requests assistance from the Court to prohibit such collection of fees.

Statement of Facts

9. Chie Smith, as durable power of attorney for her husband, signed a retainer agreement with Podhurst and James E. Doddo, P.A on January 25, 2012. Such agreement was countersigned by James E. Doddo on 5/15/12 and provided for a 40% contingency fee of any recovery plus an additional 5% of any recovery after institution of any appellate proceeding is filed or post-judgment relief or action is required for recovery on the judgment. Chie Smith signed a similar retainer agreement on her own behalf on February 3, 2012, attached as Exhibit "E".

10. On April 15, 2016, Steven signed an affidavit, attached as Exhibit "F", which presented to the Court plaintiff's willingness to "…step into the shoes of my fellow Retired NFL football Player, Kevin Turner, as the Subclass 2 Representative…." Such affidavit also stated that he had filed a complaint against defendants in this case on January 20, 2012 through his attorney, Steven Marks of Podhurst. It further stated that he and his wife had "…countless meetings, telephone conferences and email exchanges with my counsel, Steve Marks, about the status of proceedings." This was not the case.

11. Subsequently, on a date unknown, Chie Smith signed a supplemental retainer agreement on behalf of her husband with the law firm of NastLaw, LLC, (NastLaw) at the request and recommendation of Podhurst Orseck, P.A, attached as Exhibit "G". This separate retainer was for representation by NastLaw on behalf of Steven because he had agreed to serve in role of Class Representative. He has never spoken with anyone from NastLaw nor received any

correspondence from NastLaw.

12. Chie Smith believes that at most, 9 or 10 emails were sent directly to her. Most of the emails were mass mailings to class members as a whole. Many of the updates on the settlement were learned through other plaintiffs' wives or Christopher Seeger, not Podhurst.

13. Leading up to Plaintiff's termination of Podhurst and decision to withdraw in his role of Class Representative, Chie engaged in several email conversations with Podhurst attempting to understand the retainer agreement signed by Plaintiff and herself in 2012, attached as Exhibit D. Her attempts to clarify and confirm whether any attorneys' fees would come out of Steven's award was unsuccessful. Reaching out to Christopher Seeger for assistance in this resolving this matter proved unsuccessful as well. Neither party provided a clear response.

14. Specifically, Chie Smith states to Podhurst in an email dated July 7, 2016 "It was our understanding that your fees will be paid out of the settlement. I recall asking Mark about this as well and he assured me Podhurst Orseck would be paid out of the settlement so no additional fees should be coming out of the settled amount." She is confused and requests clarification from Steven Marks, Steven Smith's attorney at Podhurst and expresses the urgency. Later that same day, Chie is notified that Steven Marks is out of the country and her email will be passed on and he will respond as soon as he is able.

15. On July 9, 2016, Chie receives a mass email from Steven Marks providing an update on the settlement. At the time, Chie mistakes this email as a response to her request to hear from Steven Marks. On July 13, 2016, Chie again emails Steven Mark's paralegal requesting to speak with Steven Marks.

16. On July 14, 2016, Steven and Chie Smith receive an email response from Stephen Rosenthal on behalf of Steven Marks, because Mr. Marks is "out of internet range."

Unfortunately, his response still does not answer Steven and Chie Smith's question, and in fact refers to Class Counsel receiving fees from the Court for Class Work performed up until that point (July 14, 2016) and in a separate paragraph refers to fees for individual fee contracts as based on "future work". This shows that Podhurst acknowledges that no individual work was performed on behalf of Steven Smith prior to this date. Thus, no fees under Steven Smith's contingency fee agreement with Podhurst are due out of his monetary award.

17. On July 15, 2016, Steven and Chie Smith receive another mass email from Steven Marks which she again mistakes as a response from Mr. Marks. In fact, Steven Marks has yet to respond to Chie Smith's initial request to speak with him on July 7, 2016; yet, he is able to communicate information to Podhurst's class clients as a whole. On July 16, 2017, Chie Smith "responds" in frustration and confusion to Steven Marks July 15th email and again requests a response. Chie Smith emails Steven Marks again on July 18, 2016 reminding him that neither she or Steven Smith contacted Podhurst for representation, but were "…contacted by Ricardo Martinez asking if we would consider Podhurst to be our representatives." Chie Smith finishes her email asking for confirmation on whether the contingency agreement signed by Steven Smith obligates him to pay any attorney fees out of his award.

18. Steven Marks of Podhurst responds to Chie Smith in an email on July 18, 2016 with information and language that is vague, misleading and evasive, such as "The point is that we have no idea how this will play out…Bottom line is that the resolution of whatever fees we receive or might be entitled to is not ripe. Most importantly, you can be sure that before anything occurs, we will discuss it with you and our other clients and work out a fair and reasonable resolution." This email appears to be a general response to Podhurst clients collectively.

19. Finally, Chie Smith very clearly asks Steven Marks "Do we need an attorney to

represent us with this class action suit?" Steven Marks fails to answer this very simple question in his email response on July 19, 2016 where he begins with "I recently saw a legal advertisement which provided false and misleading information. I don't know if your questions were prompted by that…." where he himself offers misleading information.  Ultimately, in a phone conversation between Chie Smith and Steven Marks of Podhurst the evening of August 10, 2016, Mr. Marks assures Chie that he has no intention of pursuing any further judgment for services.

20. On January 31, 2017, through the claims administrator's website, Chie Smith submitted a question intended for Judge Brody, attached as Exhibit "H", specifically asking for clarification on her husband's retainer agreement with Podhurst. She did not receive a response to her question during the status conference. As a result, she was forced to rely on statements made by Podhurst that they had no intention of pursuing attorneys' fees out of plaintiff's award and Christopher Seeger's assurance that Podhurst would not be permitted to collect the full amount of the contingency fee agreement. This by no means eased her concern. If anything, these statements caused more confusion.

Conclusion

21. In summary, the positions of Steven and Chie Smith have remained consistent since the beginning of this litigation. Their understanding of zero attorneys' fees coming out of Steven's monetary award has remained consistent as well and was based on the representations of Podhurst and Co-Lead Counsel, Christopher Seeger. There will be no controversy over Steven Smith's claim for his expected recovery of $5Million and no work on the part of Class Counsel as he has already been registered by his wife Chie and his claim will be submitted by the undersigned counsel *pro bono*. No further or future work will be necessary to obtain his award.

22. In addition, no individual legal services were performed on behalf of plaintiff to warrant any attorneys' fees to be taken out of plaintiff's award. Even if the Court found that nominal services were performed prior to termination of the retainer agreement such as administrative emails, it would be unjust to allow Podhurst to pursue any claims as Podhurst mislead Steven and Chie Smith into believing that under no circumstances would any attorneys' fees come out of Steven's monetary award from the beginning. This belief was further reinforced when Steven Marks of Podhurst verbally assured plaintiff's wife he had no intention of pursuing a judgment for fees following the termination of their individual retainer agreement in 2016.

23. For these reasons, Steven Smith respectfully requests (a) that the Court resolve the attorney fee dispute between himself and Class Counsel at Podhurst in Steven Smith's favor so that he will be able to recover the full Monetary Award provided under the Class Action Settlement Agreement and (b) that the Court allow Catherina Watters, Joe H. Tucker Jr. and Kevin L. Golden to serve as counsel for Steven Smith for the remainder of the case and for the purposes of submitting a claim and collecting the Monetary Award.

Respectfully submitted,

<u>    /s/ Joe H. Tucker, Jr.    </u>
Joe H. Tucker, Jr. (PA 56617)
Kevin L. Golden (PA 94210)
**Tucker Law Group, LLC**
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
Tel: (215) 875-0609
Fax: (215) 559-6209
jtucker@tlgattorneys.com
kgolden@tlgattorneys.com

Catherina Watters (*pro hac vice* to be filed)
**Catherina Watters, Attorney at Law**

P.O. Box 2252
Orinda, CA 94563
Tel: (321) 278-7237
Fax: (407) 351-5159
catherina@changwatters.com

ATTORNEYS FOR STEVEN ANTHONY SMITH

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NLF Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody**<br><br>No. 12-2017 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**DECLARATION OF KEVIN L. GOLDEN IN SUPPORT OF JOINDER OF STEVEN ANTHONY SMITH TO RESOLVE ATTORNEY FEE DISPUTE**

I, Kevin L. Golden, state as follows:

1. I am an attorney with the law firm Tucker Law Group, LLC.

2. My firm has been retained by Steven A. Smith to represent him, along with Catherine Watters, in joining the Estate of Kevin Turner's motion to resolve attorney fee dispute.

3. In this capacity, my office has prepared and submitted an objection raising my clients' concerns and objections.

4. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on  3/27/2017  .

_____
Kevin L. Golden

**CERTIFICATE OF SERVICE**

I, Joe H. Tucker, Jr., hereby certify that a copy of the foregoing document was filed through the Court's ECF system on March 27, 2017, and that such filing generates a notice of filing that constitutes service on all counsel of record.

/s/ Joe H. Tucker, Jr.
Joe H. Tucker, Jr.
