UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL FOOTBALL LEAGUE; et. al.,<br><br>Defendants.<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS and DK#7151 | No. 2:12-md-02323-AB MDL No. 2323<br><br>Hon. Anita B. Brody<br><br>Civil Action NO. 14-00029-AB |

**OBJECTIONS TO CO-LEAD CLASS COUNSEL'S
REQUEST FOR 5% SET ASIDE**

I.     **INTRODUCTION**

This Memorandum is filed by retired National Football League players and class members MICHAEL MERRIWEATHER, BRIAN WILLIAMS, GEORGE KOONCE, JOHN HARRIS, VIDAL CARLIN, DERRICK MAYES, COURTNEY GRIFFIN, BOBBY ABRAMS, BOBBY WATKINS, HONOR JACKSON, CHARLIE SMITH, KEVIN SMITH, GUS PARHAM, JEFF STOVER, JUDE WADDY, DUVAL LOVE, TRAVIS JERVEY, LOUIS LEONARD, KARL MORGAN, SIRAN STACY and J. DOUGLASS HOLLIE ("Objectors").

1

In their petition for attorneys' fees, Co-Lead Class Counsel ("CCC") seeks an award of $112.5 million for attorneys' fees and costs to date, plus an additional 5% set aside. CCC argues that the 5% set aside is necessary to compensate CCC for future work in monitoring the settlement. Objectors do not challenge CCC's request for $112.5 in fees and costs. Instead, Objector's contend that awarding the 5% set aside is not appropriate at this time for two reasons.

First, CCC has not fully disclosed their ongoing interests in recovery from class members through individual retainer agreements. CCC has secured individual retainers from class members entitling them to a portion of class members' individual awards. Full knowledge of the number of class members who have signed individual contingent fee agreements with CCC, the terms of those agreements and the anticipated recovery of class awards by CCC through contingent fee agreements is crucial to assessing the propriety of future fees. Second, assuming a set aside is appropriate for future fees and costs, CCC have shown no correlation between projected monitoring duties and the amount of the set aside.

## II.    CLASS COUNSEL'S REQUEST FOR A SET ASIDE IS PREMATURE

### A. Full Disclosure of Class Counsel's Potential Fee Recovery From Class Members Is Needed Before The Court Can Determine Whether A Set Aside Is Necessary

In a brief passage, CCC notes in their Petition that they have individual fee agreements with class members and, with the exception of Seeger Weiss LLP, all CCC will seek recovery of fees pursuant to the presumably contingent fee agreements:

> This petition does not include attorney time or expenses specific to their individual clients' cases. Fn. 8   Co-Lead Class Counsel's firm, Seeger Weiss LLP, had been individually retained by a number of Class Members. Seeger Weiss has waived attorneys' fees and expenses from Class Members whom the firm represents on an individual basis, and will seek compensation solely from common benefit funds given that its work and expenditures have overwhelmingly focuses on common benefit efforts…*Other firms, however, are asserting their rights to be compensated pursuant to their retainers for work done on behalf of their individual clients.* (Emphasis added.)

2

CCC's Fee Petition, ECF 7151-1 at p. 15.

Thus, CCC seeks recovery of fees in three ways. First, they request an award of $112.5 million for work through the effective date of the Settlement. Additionally, CCC request a 5% set aside, a projected $47.5 million, for efforts contributing to the common benefit of the class post-settlement. On top of that, CCC acknowledges they have individual retainer agreements with class members for an unspecified portion of class members' awards.[1]

CCC anticipates $950,000,000 in class awards. If CCC has individual agreements with just half of the class members and the contingent fee agreements are in the 33% range, CCC may recover an additional $156,750,000 in fees. Combined with the $112.5 million in initial fees and $47,500,000 in set aside, CCC's fee recovery could total $275 million or more.

On an individual basis, a class member who secures a $1 million award would pay 5% or $50,000 to CCC and, assuming he is represented by CCC, possibly another $333,000 to CCC. In the end, CCC could recover nearly 40% of individual class member's monetary award in addition to the $112.5 million it now seeks.

Absent a full disclosure of the number of individual class members represented by CCC and terms of the contingent fee agreements, it is impossible for the Court to assess the reasonableness of a 5% set aside.

### B. Assuming A Set Aside Is Warranted, There Is No Correlation Between The Post Settlement Activities Listed By Class Counsel And The Requested Set Aside

---

[1] Co-Lead Class Counsel Seeger Weiss states that it will not seek recovery of individual fees from class members under its agreements. However, those class members may eventually be represented by other class counsel.

3

CCC sets forth a series of activities they must undertake in overseeing the settlement, including:

- finalization and dissemination of Supplemental Class Notice regarding the registration and benefits timetable;
- finalizing and overseeing the effectuation of registration forms;
- overseeing the transition of call center operations to the Claims Administrator;
- continuing revisions to the Settlement website;
- review of applications of MAF Physicians and vetting candidates for retention;
- finalizing claim forms and processes, and finalizing appeals forms and processes;
- consulting with experts to stay abreast of medical developments;
- working with the administrative appeals process;
- providing assistance for all claimants who have not retained lawyers;
- in some instances assisting counsel representing individual Plaintiffs;
- establishing, reviewing, and conducting ongoing auditing and financial reporting on the BAP and MAF programs; and
- monitoring and ensuring the NFL Parties' compliance with the funding and the maintenance of the targeted reserves for the MAF and BAP, as well as to monitoring the Settlement Trust and Trustee under Article 23 of the Settlement.

CCC believes the 5% set aside "provides a source to facilitate fair and reasonable compensation for these and other necessary services of Plaintiffs' Counsel for the benefit of the Class over the coming years." *See*, Fee Petition, ECF 7151-1 at p. 63-64. However, CCC makes no projection on the cost of such services. Instead, they state "Plaintiffs' Counsel cannot fully or accurately predict the scope or extent of those necessary services." *Id.*

Given CCC's extensive experience in comparable class litigation, they can provide a reasonably accurate cost range. For example, having managed similar settlements, they could explain whether they expect monitoring fees to be in the $3-$5 million range or maybe $5-$10 million. A range of fees and costs would provide guidance on a reasonable set aside. Whatever the projection, it is unlikely that monitoring the settlement will cost the $47.5 million CCC seeks.

As noted in the Fee Petition, Plaintiffs' counsel incurred 51,000 billable hours for the dozens of lawyers and paralegals that litigated this case through settlement. *See*, Fee Petition, ECF 7151-1 at p. 52. Monitoring the settlement would take relatively few lawyers and significantly less legal work. Although the settlement period is prolonged, 65 years, the vast majority of the work is frontloaded and the parties have done an excellent job delegating duties to the Claims Administrator, Special Master and administrative support staff. Before a set aside is considered, CCC should provide a reasonable calculation of projected fees and costs through the conclusion of the settlement.

### III. CONCLUSION

Objectors' believe CCC's request for a 5% set aside is not appropriate at this time because too many questions remain unanswered. CCC should discuss the number and nature of its individual fee agreements with class members regarding class members' fees; and provide a detailed estimate of fees and costs to be incurred in monitoring the settlement.

Date: March 27, 2017                    Respectfully submitted,
                                        **LAWSON LAW OFFICES**

                                        /s/ Antonio Lawson
                                        Antonio M. Lawson
                                        CA State Bar No. 140823
                                        **Lawson Law Offices**

5

6146 Mazuela Drive
Oakland, CA 94611
Telephone: (510) 418-2656

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served via overnight mail on March 27, 2017 to the Court for filing and service through the ECF filing system, and that as a result electronic notice of the filing was served upon all attorneys of record.

Antonio M. Lawson

Clerk of the District Court/NFL Concussion Settlement
Judge Anita B. Brody (1 copy)
Eric Sobieski, MDL Docketing (1 copy)
US District Court, Eastern District of Pennsylvania
2609 US Courthouse
601 Market Street
Philadelphia, PA 19106-1797