# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>    Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>    Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### CO-LEAD CLASS COUNSEL'S LIMITED RESPONSE TO FRED WILLIS' UNAUTHORIZED ADDITIONAL FILINGS AND IN FURTHER SUPPORT OF MOTION FOR INJUNCTION PROHIBITING IMPROPER COMMUNICATIONS WITH THE CLASS

Co-Lead Class Counsel respectfully submit this Limited Response to unauthorized sur-reply filings by Fred Willis after Co-Lead Class Counsel filed their reply brief – namely, Fred Willis' Further Response/Opposition to Attorney Seager's [sic] Reply in Response to Fred Willis' Opposition to the Motion for Injunctive Relief, filed on March 9, 2017 [ECF No. 7265], and Affidavit in Response/Opposition to Motion for Injuctive [sic] Relief, dated March 24, 2017

[ECF No. 7342].[1]  Co-Lead Class Counsel is filing this Limited Response for two reasons: (1) to make clear that Willis' "belief that players can still be tested outside of the BAP in order to obtain [a] qualifying diagnosis" is wrong, *see* ECF No. 7342 at ¶15; and (2) to bring to the Court's attention information about Willis' continued misrepresentations and other activities of which Co-Lead Class Counsel learned after the filing of their Reply [ECF No. 7245].

As this Court recognized, "[a]fter the Effective Date of the Settlement, only pre-approved Qualified MAF Physicians and Qualified BAP Providers may render Qualifying Diagnoses." *In re Nat'l Football League Players' Concussion Injury Litig.*, 307 F.R.D. 351, 366 (E.D. Pa. 2015).  Indeed, the Settlement Agreement clearly provides the following:

> (b) Following the Effective Date, a Qualifying Diagnosis of Level 1.5 Neurocognitive Impairment, Level 2 Neurocognitive Impairment, Alzheimer's Disease, Parkinson's Disease, or ALS shall be made only by Qualified MAF Physicians, except that a Qualifying Diagnosis of Level 1.5 Neurocognitive Impairment or Level 2 Neurocognitive Impairment may also be made by Qualified BAP Providers as set forth in Section 5.2 and consistent with the terms of Exhibit 1 (Injury Definitions).

Class Action Settlement Agreement (As Amended) [ECF No. 6481-1] ("Settlement Agreement") at § 6.3(b).  The Effective Date for the Settlement was January 7, 2017.  Thus, Willis is incorrect in his continuing representations since January 7, 2017 that his group of physicians could provide a Retired NFL Football Player with a Qualifying Diagnosis under the Settlement.

Ignoring Section 6.3(b), Willis relies instead upon Sections 5.2 and 5.4 of the Settlement Agreement.  He contends that he is "not sure what these sections could possibly mean other than people can get tested outside of the BAP" and is "also unsure of what purpose the 10% reduction could serve unless you can be tested outside of the BAP."  ECF No. 7342, at ¶¶ 16, 17.  These Sections of the Settlement Agreement do nothing to alter the salient fact that, once

---

[1]  Willis entitles the document as an "Affidavit," but it is neither sworn and notarized, nor is it a 28 U.S.C. § 1746 declaration executed under penalty of perjury.

2

the Effective Date was triggered, Qualifying Diagnoses can no longer be obtained other than from Qualified MAF Physicians and Qualified BAP Providers.

Section 5.2 defines the scope of the BAP and notes that "a Qualifying Diagnosis of Alzheimer's Disease, Parkinson's Disease, ALS or Death with CTE shall not be made through the BAP baseline assessment examination." This means that for living Retired NFL Football Players, Alzheimer's Disease, Parkinson's Disease, and ALS either had to have been diagnosed prior to the Effective Date, by the types of medical professionals described in Section 6.3(c) and (d),[2] or, if after the Effective Date, then, these particular diagnoses must be made by MAF Physicians in order to be deemed Qualifying Diagnoses under the Settlement.

Section 5.4 provides as follows:

If a Retired NFL Football Player in Subclass 1 chooses not to participate in the BAP and receives a Qualifying Diagnosis on or after the Effective Date, that Retired NFL Football Player will be subject to a Monetary Award Offset (as set forth in Section 6.7(b)(iv)) based on his non-participation in the BAP unless the Qualifying Diagnosis is of ALS or if he receives any Qualifying Diagnosis other than ALS prior to his deadline to receive a BAP baseline assessment examination

---

[2] Section 6.3 provides, in relevant part:

(c) From the date of the Preliminary Approval and Class Certification Order through the Effective Date, a Qualifying Diagnosis of Level 1.5 Neurocognitive Impairment, Level 2 Neurocognitive Impairment, Alzheimer's Disease, Parkinson's Disease, or ALS shall be made only by board-certified neurologists, board certified neurosurgeons, or other board-certified neuro-specialist physicians, except as set forth in Section 6.3(e).

(d) Prior to the date of the Preliminary Approval and Class Certification Order, a Qualifying Diagnosis of Level 1.5 Neurocognitive Impairment, Level 2 Neurocognitive Impairment, Alzheimer's Disease, Parkinson's Disease, or ALS shall be made only by board-certified neurologists, board-certified neurosurgeons, or other board-certified neuro-specialist physicians, or otherwise qualified neurologists, neurosurgeons, or other neuro-specialist physicians, except as set forth in Section 6.3(e).

Settlement Agreement, § 6.3(c)-(d).

>    as set forth in Section 5.3. This Offset does not apply to a Retired NFL Football Player who is in Subclass 2.

Settlement Agreement, § 5.4.  The purpose of the 10% reduction is to encourage Class Members who do not already have Qualifying Diagnoses, *i.e.*, those in Subclass 1, to participate in the BAP.  What Willis clearly is not considering, when he says he cannot conceive of a purpose for this Section other than allowing for diagnosis outside of the BAP, is that a Class Member in Subclass 1 could register, fail to participate in the BAP and then, say, fifteen years from now, obtain a Qualifying Diagnosis.  That Class Member would be subject to the Monetary Award Offset.  Willis' reasoning that somehow Section 5.4 anticipates that diagnoses other than by Qualified MAF Physicians and Qualified BAP Providers can be made going forward is flawed.  They cannot.

Unfortunately, Willis insists on continuing to spread his false belief to the Retired NFL Football Player community as factual.  Co-Lead Class Counsel have received reports that he is causing confusion among Class Members.  *See* Supplemental Declaration of Christopher A. Seeger in Limited Response to Fred Willis, dated March 28, 2017 ("Seeger Decl."), at Exhibit 1 ("Ex. 1") (March 4, 2017 email) and Ex. 4 (March 21, 2017 email).  Most distressing are reports of Class Members deciding to not register for the Settlement benefits while they await Willis' making good on his promises to fly them to California to be tested by his physicians.  Seeger Decl., Ex. 4.  Also disturbing is the report that Willis allegedly is setting players up with physicians in Los Angeles for a 20% cut of their Monetary Award and guaranteeing Qualifying Diagnoses and expedited processing.  *Id.*, Ex. 1.  Plain and simple, he cannot properly make these guarantees.

Co-Lead Class Counsel reassert their request that the Court allow them to take discovery of Willis, so that they can explore the extent and scope of his misrepresentations, and whether

any Class Members have entered into agreements with him, their identities and the nature of the agreements. Furthermore, notwithstanding his denials, Co-Lead Class Counsel seek to determine through discovery whether Willis is working with or has any financial arrangements with lawyers or litigation funders. *See* Seeger Decl., Exs. 2-3.

Dated: March 28, 2017							Respectfully submitted,

/s/ Christopher A. Seeger
Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
cseeger@seegerweiss.com
*Co-Lead Class Counsel*

Sol Weiss
ANAPOL WEISS
One Logan Square
130 N. 18th St. Ste. 1600
Philadelphia, PA 19103
Phone: (215) 735-1130
sweiss@anapolweiss.com
*Co-Lead Class Counsel*

**CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the foregoing, along with the accompanying declaration, was served electronically via the Court's electronic filing system on the date below upon all counsel of record in this matter. True and correct copies of the foregoing were served via certified mail, return receipt requested, and via Federal Express, Priority Overnight Delivery, upon Fred Willis, who is not on the ECF service list for this MDL. Willis is being served at the address that was provided when he registered for Settlement benefits, as well as by email.

Dated: March 28, 2017

/s/ Christopher A. Seeger
Christopher A. Seeger