UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Case No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## OBJECTION TO FIVE PERCENT SET-ASIDE FROM ALL AWARDS REQUESTED IN CO-LEAD COUNSELS' PETITION FOR AN AWARD OF ATTORNEY'S FEES, AND INCORPORATED MEMORANDUM OF LAW

In accordance with this Court's Order dated March 8, 2017 [MDL ECF No. 7261] setting deadlines to file objections or responses to Co-Lead Counsels' Petition for Attorney's Fees [MDL ECF No. 7151] (the "Petition"), Class Members and Retired Players DeAndra' Cobb, Robert Brannon, Tim McTyer, Eric Starr, Randy Phillips, Eric Green, Reggie Freeman, Siupeli Malamala, Holbert Johnson, Scot Kirby, Eric Streater, Woodrow Lowe, Javarris James, DaJuan Morgan, Dedrick Epps, Steven Harris, Davlin Mullen, Michael Merritt, Cornel Webster, Ron Edwards, Claude Wroten, Johnnie Lynn, David Sims, Gary Mullen, Kim Anderson, Brandon Banks-McNair, Shawn Banks, Fred Bennet, Lyther Broughton, Marquice Cole, Walter Curry, Joshua Bell, Emanuel

Cook, Corvey Irvin, Anthony Allen, Michael Coe, Creico Murray, Ed Phillon, Stefan Logan, Britt Davis, Kynan Forney, Deveron Harper, Robert Hicks, Dale Jones, Frank Leatherwood, Durwood Roquemore, Derek Walker, Markus White and Jenorris James (collectively the "Cobb Class Members") object to the Set-Aside of Five Percent of all Monetary Awards requested in the Petition.

In support of their objections, the Cobb Class Members file the following incorporated Memorandum of Law.

## MEMORANDUM OF LAW

### I. SUMMARY OF COBB CLASS MEMBERS' OBJECTION

On February 13, 2017, Co-Lead Counsel filed the Petition (MDL ECF No. 7151-1, p. 45[1]) requesting an award of attorney's fees, and other relief, under Rule 23(h) of the Federal Rules of Civil Procedure and Section 21.1 of the Settlement Agreement (MDL ECF No. 6481-1). In addition to permitting a petition for attorney's fees, the Settlement Agreement provides that "[a]fter the Effective Date, Co-Lead Counsel may petition the Court to set aside up to five percent (5%) of each Monetary Award and Derivative Claimant Award to facilitate the Settlement program and related efforts of Class Counsel." *See* MDL ECF No. 7151, p. 78.

Although the Settlement Agreement allows Plaintiffs' Counsel to make the request, numerous factors weigh heavily against granting the Set-Aside at this time. Specifically, award of the Five Percent Set-Aside: (a) is arbitrary to the extent five percent bears no relationship to an analysis of potential actual costs to administer or oversee this matter; (b) is not supported by the controlling case law and would amount to an excessive fee for Plaintiffs' Counsel; (c) lacks written, definitive protocol that would allow this Court to analyze its merit and impact on the Class and is not warranted, required or likely to provide any benefit. Under the circumstances, the Cobb Class

Members object to Co-Lead Counsel's Petition for the Set-Aside of Five Percent of all Awards.

## II. LEGAL STANDARD

"In determining how much to award in a common fund case, the Court of Appeals for the Third Circuit has historically instructed courts to consider the factors set forth in *Gunter u. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir.2000), which include: (1) the size of the fund created and the number of persons benefited; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.* ("*Avandia*") MDL No. 1871, 2012 WL 6923367, at *2 (E.D. Pa. Oct. 19, 2012).

## III. ARGUMENT

### A. The Proposed Five Percent Set-Aside is Arbitrary.

In the Petition, Co-Lead Class Counsel asserts that "Plaintiffs' Counsel secured a benefit of nearly $1.2 Billion for the Class" comprised of: (a) the Monetary Award Fund - $950,000,000; (b) Baseline Assessment Program ("BAP") - $75,00,000; (c) Education Fund - $10,000,000; (d) Notice Costs - $4,000,000; (e) Claims Administration - $11,925,000; and (f) Attorney's Fee Provision - $112,500,000 (total of $1,163,425,000). *See* MDL ECF No. 7151-1, p. 45. Not surprisingly, Class Counsel requests an award of the entire dedicated Attorney's Fee Provision of $112,500,000.

In addition, Class Counsel requests that the Court award the Five Percent Set-Aside. Section 21.1 of the Settlement Agreement provides as follows:

After the Effective Date, Co-Lead Counsel may petition the Court to set aside up to

---

[1] Page numbers refer to the ECF stamped page numbers unless otherwise indicated.

five percent (5%) of each Monetary Award and Derivative Claimant Award to facilitate the Settlement program and related efforts of Class Counsel. These set-aside monies shall be held in a separate fund overseen by the Court. Any future petition for a set-aside will describe: (i) the proposed amount; (ii) how the money will be used; and (ii) any other relevant information (for example, the assurance that any "set-aside" from a Monetary Award or Derivative Claimant Award or Derivative Claimant Award for a Settlement Class Member represented by his/her individual counsel will reduce the attorney's fee payable to that counsel by the amount of the "set-aside"). No money will be held back or set aside from any Monetary Award or Derivative Claimant Award without Court Approval.

*See* MDL ECF No. 7151-1, p. 70-1.

Keeping in mind that the "uncapped" Monetary Award Fund - $950,000,000 is not actually funded, the Five Percent Set-Aside ostensibly amounts to an additional $47,500,000 in attorney's fees to Class Counsel. Aside from asserting a good deal more work is necessary, and the comparison to "similar" cases, Co-Lead Counsel fails to provide any analysis to support a set aside of that magnitude. There is no pro forma analysis estimating the cost of potential future work. In addition, the controlling cases cited by Co-Lead Counsel do not support the Five Percent Set-Aside and are differentiated by the source and structure of fee awards in relation to the set asides.

### B. The Proposed Five Percent Set-Aside is Not Supported by Controlling Case Law and Results in an Excessive Fee.

#### *Avandia*

Co-Lead Counsel cites to an Eastern District of Pennsylvania MDL, *In re Avandia Mktg. Sales Practices & Prods. Liab. Litig.* ("*Avandia*") in support of the Set-Aside. *See* MDL ECF No. 7151-1, p. 71. The *Avandia* MDL was formed on October 16, 2007 and ended February 14, 2012 when the Plaintiffs' Steering Committee was not renewed. *See* MDL No. 1871, 2012 WL 6923367, at *1 (E.D. Pa. Oct. 19, 2012). On August 26, 2009, the *Avandia* Court entered Pretrial Order ("PTO") No. 70, which provided that seven percent (7%) of individual settlements be paid to a common benefit fund to be used for payment of court-approved common benefit attorneys' fees. *See*

MDL No. 1871, 2012 WL 6923367, at *1 (E.D. Pa. Oct. 19, 2012); Exhibit A, PTO No. 70.

When the steering committee was not renewed, Avandia lead class counsel moved for an award of common benefit attorneys' fees, requesting 6.25% of the estimated gross settlement amounts to be paid out of the common benefit fund created by PTO No. 70. *See* MDL No. 1871, 2012 WL at *1. The Court performed a detailed analysis of similar cases, held that the fee award of 6.25% was reasonable and awarded the fee petition. *Id.* at *6-7, 11.

Recognizing that lead class counsel might incur additional attorney's fees and expenses, the Court awarded an additional $10,050,000 to be held in reserve for payment of future administrative fees and expenses. *Id.* at *11. In making the reserve determination, the Court considered evidence indicating that the value of the collective settlements in the case was approximately $2.3 billion.[2] Comparing the amount of the *Avandia* paid settlement funds ($2.3 billion) to the amount of the set aside of ($10,050,000) this Court allowed for a reserve of approximately four tenths of a percent, .437% (less than one half of one percent) of the settlement monies ($10,050,000 / $2.3 billion) to be set-aside for additional fees. The reserve paid both the future set aside and all of the common fund attorney's fees. Moreover, the future set aside was approximately seven percent (7%) of the total fees and costs awarded to plaintiffs' counsel ($10,050,000 / $143,750,000).

### Diet Drugs

In another Eastern District of Pennsylvania MDL, *In re Diet Drugs, Sales Practices & Prods. Liab. Litig.* ("*Diet Drugs*"), the Court ordered percentages of the settlement funds to be set-aside to create funds to compensate plaintiffs' counsel as well as post-award fees and expenditures. MDL 1203, 553 F.Supp.2d 442 (E.D. Pa. Apr. 8, 2008). The Court initially allowed for assessments out of

---

[2] The Court never expresses the total value in its holding. However, it does estimate the 6.25% award at $143,750,000. Using these amounts as a basis, the total estimated value of the settlement

the individual settlement amounts between six percent (6%) and nine percent (9%), which were later lowered to six percent (6%) and four (4%) in 2002. The assessments of settlement awards were withheld and placed into various accounts in anticipation of a final fee award to class counsel. *Id.* at 456-59.

In 2002, this Court approved an interim award of attorneys' fees and costs to be paid out of the assessments of approximately $171 million, *Id.* at 459, which was later reduced to approximately $159 million. *In re Diet Drugs*, MDL 1203, 2003 WL 2161958, at *15-16 (E.D. Pa. May 15, 2003). Five years later, the parties renewed their petition for a final award of attorneys' fees and costs, and the Court awarded plaintiffs' counsel a total of approximately $567 million.[3] *Diet Drugs*, 553 F.Supp. 2d at 498-500.

In making this award, the Court was presented with evidence that the value of the collective settlements in the case was approximately $6.4 billion. *Id.* at 472. In addition, the Court allowed for a reserve fund of approximately $20 million to compensate the class counsel for future attorneys' fees and costs (the Court also declined class counsel's request that an additional $4 million be added to the reserve fund from amounts held from the assessments). *Id.* at 487-88.

At the end of the litigation, this Court allowed for a reserve of slightly more than one third of one percent (.3125%) of the total settlement payments ($20 million / $6.4 billion) to be set-aside for additional fees. Looked at another way, the Court allowed for reserve funds of approximately 3.5% of the total fees and costs awarded to plaintiffs' counsel ($20 million / $567 million).

---

was $2.3 billion ($143,750,000 / .0625 = $2.3 billion).
3 This amount includes the initial $159 million from the interim award, approximately $357 million

### NFL Concussion

The payment structure of the instant case is strikingly different from that of *Avandia* and *Diet Drugs*. In Avandia and Diet, the reserve funded common benefit attorney's fees for class counsel as well as the designated set-asides for attorney's fees. The percentages used for assessments in those cases (7% in *Avandia* and 6% – 9% in *Diet Drugs*) cited by Co-Lead Class Counsel funded all attorney's fees, not just the reserves. Accordingly, Co-Lead Class Counsel's assertion that the Five Percent Set-Aside is on par with Avandia and Diet Drugs must fail because the NFL Parties are paying $112.5 million directly to compensate attorneys for common benefit work performed in the MDL to date. *See* MDL ECF No. 7151-1, p. 15.

Instead of seeking a five percent set-aside to compensate Class Counsel for their common benefit work on the MDL as a whole (which is approximately Class Counsels' fee before the multiplier), the Set-Aside is merely for future work. It is worth noting that both *Avandia* and *Diet Drugs* required significant administration post-settlement[4] and yet the set-asides for future attorney's fees amounted to less than one half of a percent of the total value of the settlement.

The Set-Aside amount of approximately $47.5 million is simply over the top. Adding the Set-Aside to the $112.5 million spikes the percentage of recovery ratio from almost 12% to almost 17%. In addition, the Set-Aside represents approximately 42% of the final award of attorneys' fees and costs to Class Counsel compared to 7% in *Avandia* and 3.5% in *Diet Drugs*.[5] Because the

---

awarded out of Fund A and Fund B, and $56 million awarded out of a MDL fee and cost account.
4 For instance, the settlement agreement in *Diet Drugs* involved extensive medical diagnostic services to class claimants (of which there were hundreds of thousands) as well as an ongoing medical research program. 553 F.Supp.2d at 451-52.
5 Moreover, the Defendant in this case agreed to pay an estimated $11,925,000 in claims administration fees and $4,000,000 in Notice Costs, a factor not present in *Diet Drugs* or *Avandia*. (MDL ECF No. 7151-1, p. 44 of 82)

requested reserve is wildly disproportionate to those allowed in the past, it should be rejected by this Court.

    C.    **The Proposed Five Percent Set-Aside lacks any Written Protocols, Procedures or Safeguards that would allow the Court to Conduct a Meaningful Analysis and is not Warranted, Required or likely to Provide any Benefit at this Time.**

Co-Lead Counsel requests that the Court set aside approximately $47.5 million without providing any of the requisite protocols to oversee and administer the funds. The Court has no guidance regarding the benefit to the class and there is no need to provide a fund to set aside an additional $40 million dollars on top of the $112 million.

## IV.   CONCLUSION

The Set-Aside provides nothing in the way of benefit to the class at this time, would result in an excessive fee and unsupported by the law.

Dated: March 27, 2017

                                      Respectfully Submitted,

                                      /s/ *Michael St. Jacques*
                                      Michael G. St. Jacques, II
                                      Attorneys for Plaintiffs/Cobb Objectors
                                      7111 Fairway Drive, Suite 302
                                      Palm Beach Gardens, FL 33418
                                      Phone: 561-615-5701
                                      Fax:   561-615-5708
                                      mstjacques@lorenkeanlaw.com
                                      Florida Bar No. 0783471

                                      Patrick J. Tighe
                                      Attorneys for Plaintiffs/Cobb Objectors
                                      X1LAW, P.A. f/k/a Patrick J. Tighe, P.A.
                                      721 US Highway 1, Ste 121
                                      North Palm Beach, FL 33408
                                      Phone: 561-537-3319
                                      Fax:   561-537-7193
                                      Pat@X1LAW.com
                                      Florida Bar No. 568155

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2017, the foregoing document was electronically filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, and that the filing is available for downloading and viewing from the electronic court filing system by counsel for all parties.

                            **LOREN & KEAN LAW**

                            */s/ Michael St. Jacques*
                            **MICHAEL G. ST. JACQUES, II**