UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB <br><br> MDL No. 2323 |
| THIS DOCUMENT RELATES TO: <br><br> ALLAN CLARK <br> Case No. 2:12-cv-00092-AB | |

## PETITION TO ESTABLISH ATTORNEY'S LIEN

Now, comes, the Petitioner, Richard S. Lewis and Hausfeld LLP, pursuant to D.C. Rule Prof. Cond. 1.8(i); and *Redevelopment Land Agency v. Dowdey*, 618 A.2d 153, 159-60 (D.C. 1992), and the Contract to Hire Attorney, executed by Petitioner and Plaintiff ALLAN CLARK, who hereby states as follows:

1. The Petitioner is an attorney at law admitted to practice *Pro Hac Vice* before this court, in the above captioned matter, and files this Petition to establish a lien for attorney's fees as set forth hereinafter.

2. On or about February 21, 2012, Petitioner was retained by the Plaintiff, ALLAN CLARK (the "Client" or the "Plaintiff"), pursuant to a contingent fee agreement, to pursue a claim for injuries and damages against the National Football League (the "NFL"), and any other entities who are or may be legally liable or responsible, in whole or in part, incurred by the Plaintiff as a result of head injuries and concussions sustained while playing in the NFL.

3. The specifics of the fee agreement include, for services rendered, compensation to the Petitioner on a contingent fee basis before all expenses and costs are deducted from the

    Plaintiff's share of recovery. In the event of no recovery, the Plaintiff shall owe Petitioner nothing for attorney's fees, or for costs or expenses.

4. When Petitioner entered into contract with the Plaintiff, Petitioner entered into the risk and expense of the litigation before any settlement discussions had been held. Pursuant to this Agreement, the Petitioner filed a Complaint on April 11, 2012, in this matter on behalf of the Plaintiff, which is the subject of the instant action.

5. From the date the Petitioner was authorized to proceed on behalf of the Plaintiff, the Petitioner has actively and diligently applied himself to the investigation, preparation, and pursuit of the Plaintiff's potential claims, and has taken all steps necessary to prosecute said claims, including, but not limited to, the preparation and filing of complaints; correspondence and communication with the Plaintiff; research of the potential preemption issue; preparation and review of Plaintiff's factual and legal circumstances, retaining experts, drafting and providing updates, requesting medical records from all doctors and medical facilities, analyzing Plaintiff's medical status and assessing need for additional testing; communications with neurologist and neuropsychologist; payment of invoices for neurological examination and neuropsychological testing, and obtaining a diagnosis certification letter from a board certified neurologist (May 29, 2015).

6. On April 15, 2016, <u>after</u> the Petitioner concluded the work outlined in ¶5, and obtained a diagnosis certification letter from a board certified neurologist (May 29, 2015), the Plaintiff terminated the Petitioner as his attorney in this matter, and it is expected that a new attorney will be pursuing representation of the Plaintiff in this action.

7. The Petitioner was not terminated by the Plaintiff for cause, and the termination was not due to any malfeasance or other improper action on the part of the Petitioner.

8. The Petitioner claims the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by the Plaintiff in this action.

WHEREFORE, the Petitioner prays:

1. That his attorney's lien be determined;

2. That the amount of the lien be established;

3. That the Court order that the Petitioner be entitled to enforce his attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

4. That the Defendant or the Defendant's insurer be prohibited from paying to the Plaintiff any sums of money until said lien has been satisfied;

5. For such other and further relief as this Court deems just.

Dated: <u>March 30, 2017</u>                                              Respectfully submitted,

                                                                                                   /s/ Richard S. Lewis
                                                                                                Richard S. Lewis
                                                                                                Jeannine Kenney
                                                                                                HAUSFELD LLP
                                                                                                1700 K Street, N.W.
                                                                                                Suite 650
                                                                                                Washington, DC 20006
                                                                                                Phone: (202) 540-7200
                                                                                                Fax: (202) 540-7201
                                                                                                rlewis@hausfeld.com
                                                                                                jkenney@hausfeld.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on March 30, 2017, the foregoing *Petition to Establish Attorney's Lien* was electronically filed via the Court's CM/ECF system which will send a notice of electronic filing to all counsel of record, and served the following by U.S. mail, first-class postage:

Orran L. Brown, Sr.
Claims Administrator
BrownGreer PLC
250 Rocketts Way
Richmond, VA 23231

                                /s/ Richard S. Lewis