UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSIONINJURY LITIGATION | No. 2:12-md-02323-AB  <br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:  <br>LORENZO HAMPTON  <br>Case No. 2:12-cv-00092-AB |  |

### PETITION TO ESTABLISH ATTORNEY'S LIEN

Now, comes, the Petitioner, Mark Stallworth and Smith & Stallworth, P.A., pursuant to D.C. Rule Prof. Cond. 1.8(i); and *Redevelopment Land Agency v. Dowdey*, 618 A.2d 153, 159-60 (D.C. 1992), and the Authority to Represent, executed by Petitioner and Plaintiff LORENZO HAMPTON, who hereby states as follows:

1. The Petitioner is an attorney at law and filed a Notice of Appearance of the Smith and Stallworth, P.A., law firm on behalf of approximately Fifty-Five (55) Claimants/Plaintiffs in the above captioned matter, and now files this Petition to establish a lien for attorney's fees as set forth hereinafter.

2. On July 14, 2015, Petitioner was retained by the Plaintiff, LORENZO HAMPTON (the "Client" or the "Plaintiff"), pursuant to a contingent fee agreement, to pursue a claim for injuries and damages against the National Football League (the "NFL"), and any other entities who are or may be legally liable or responsible, in whole or in part, incurred by the Plaintiff as a result of head injuries and concussions sustained while playing in the NFL.

3. The specifics of the fee agreement include, for services rendered, compensation to the Petitioner on a contingent fee basis before all expenses and costs are deducted from the

Plaintiff's share of recovery. In the event of no recovery, the Plaintiff shall owe Petitioner nothing for attorney's fees, or for costs or expenses.

4. When Petitioner entered into contract with the Plaintiff, Petitioner entered into the risk and expense of the litigation before any settlement discussions had been held.

5. From the date the Petitioner was authorized to proceed on behalf of the Plaintiff, the Petitioner has actively and diligently applied himself to the investigation, preparation, and pursuit of the Plaintiff's potential claims, and has taken all steps necessary to prosecute said claims, including, but not limited to, correspondence and communication with the Plaintiff; research of the potential preemption issue; preparation and review of Plaintiff's factual and legal circumstances, retaining experts, drafting and providing updates, requesting medical records from all doctors and medical facilities, analyzing Plaintiff's medical status and assessing need for additional testing; and communications with neurologist and neuropsychologist.

6. On March 27, 2017, after the Petitioner concluded the work outlined in ¶5, and after arranging both neurological and neuropsychological evaluation and obtaining a medical report for the Plaintiff, Petitioner received notice from Plaintiff advising that Petitioner was terminated as Plaintiff's attorney in this matter.

7. The Petitioner was not terminated by the Plaintiff for cause, and the termination was not due to any malfeasance or other improper action on the part of the Petitioner.

8. Plaintiff knowingly and voluntarily agreed to the following term when executing the Authority to Represent:

> In the event the client discharges ATTORNEY without cause, CLIENT agrees to pay ATTORNEY twenty five percent (25%) of any outstanding offer and/or formally indicated settlement award. Otherwise, once attorney has expended time and/or costs having

   secured qualified physicians opinion(s) made in consideration for qualifying CLIENT's claim for the subject class action NFL Concussion Settlement, <u>upon scheduling said appointments and/or the issuance of said opinions, CLIENT agrees ATTORNEYS have earned, and shall be paid, the full twenty five percent (25%) contingency fee based on, and from, the CLIENT's entire settlement amount received pursuant to the subject suit guidelines</u>;

9. Accordingly, the Petitioner claims the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by the Plaintiff in this action.

WHEREFORE, the Petitioner prays:

1. That his attorney's lien be determined;

2. That the amount of the lien be established;

3. That the Court order that the Petitioner be entitled to enforce his attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

4. That the Defendant or the Defendant's insurer be prohibited from paying to the Plaintiff any sums of money until said lien has been satisfied; and

5. For such other and further relief as this Court deems just.

## CERTIFICATE OF SERVICE

I CERTIFY that the above has been filed with the Clerk of Court's EF/ECM system, which will provide service to all parties designated to receive service this April 4, 2017.

> **/s/Mark Stallworth**
> **MARK STALLWORTH, ESQUIRE**
> **COUNSEL FOR CLAIMANTS/PLAINTIFFS**
> **FLORIDA BAR NUMBER 0506079**
> **SANGA TURNBULL, ESQUIRE**
> **FLORIDA BAR NUMBER 0585327**
> **SMITH AND STALLWORTH P.A.**
> **500 SOUTH FLORIDA AVENUE, SUITE 510**
> **LAKELAND, FLORIDA 33801**
> **TELEPHONE: 863-535-2030**
> **FACSIMILE: 863-940-4888**