UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                        :
IN RE: NATIONAL FOOTBALL                : No. 2:12-md-02323-AB
LEAGUE PLAYERS' CONCUSSION              :
INJURY LITIGATION                       : MDL No. 2323
_____
                                          **Hon. Anita B. Brody**
THIS DOCUMENT RELATES TO                :
ALL ACTIONS                             :
_____

### UNCONTESTED MOTION OF CO-LEAD CLASS COUNSEL TO AUTHORIZE DISCLOSURE OF SETTLEMENT CLASS MEMBERS' PROTECTED HEALTH INFORMATION[1]

Pursuant to 45 C.F.R. § 164.512(e)(1)(i), and in furtherance of the settlement of the above-captioned action, as memorialized in the Settlement Agreement, Co-Lead Class Counsel, on behalf of the Settlement Class and Subclasses, having consulted with Counsel for the NFL Parties, who have no objection, respectfully move this Court for entry of an order authorizing the disclosure, as specifically set forth below, of the Settlement Class Members' Protected Health Information[2] to facilitate the implementation and administration of the Settlement Agreement. For the avoidance of any doubt, the proposed order neither modifies the requirement for Settlement Class Members to complete and sign HIPAA authorization forms for use and disclosure of Protected Health Information relating to the Baseline Assessment Program and in connection with their submission of Claim Packages for Monetary Awards or Derivative Claimant Awards, nor the terms of such use and disclosure set forth therein. Instead, the proposed order would create significant efficiencies for Governmental Payors, Medicare Part C

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.
[2] "Protected Health Information," as used herein, means protected health information, as that term is defined in 45 C.F.R. § 160.103.

and Part D Program sponsors, other private health plans, payors, and providers, and the Lien Resolution Administrator in identifying and resolving medical Liens pursuant to Article XI of the Settlement Agreement by relieving them of the burden of reviewing each individual Settlement Class Member's HIPAA authorization for completeness and validity.  These efficiencies would inure to the benefit of the Settlement Class Members by allowing their claims to be finalized more quickly and by allowing the Settlement Class Members to more quickly receive any unused portion of the amount withheld from their Monetary Awards or Derivative Claimant Awards to satisfy potential Liens.

In support of this motion, Co-Lead Class Counsel respectfully states as follows:

1.   On May 8, 2015, this Court entered its Amended Final Order and Judgment in this action.  In the order, the Court certified the Settlement Class and Subclasses under Federal Rule of Civil Procedure 23 and approved the Settlement Agreement.  (ECF No. 6534 ¶¶ 2, 7.)  It also ordered the Parties "to implement each and every obligation set forth in the Settlement Agreement in accordance with the terms and provisions of the Settlement Agreement" (*id.* ¶ 9) and, to further the implementation of the Settlement Agreement, confirmed the appointment of The Garretson Resolution Group, Inc. ("GRG") as the Lien Resolution Administrator (*id.* ¶ 13). In addition, the Court retained continuing and exclusive jurisdiction over the implementation and administration of the Settlement Agreement, as follows:

> The Court retains continuing and exclusive jurisdiction over this action[,] including jurisdiction over the Parties and their counsel, all Settlement Class Members, the Special Master, BAP Administrator, Claims Administrator, Lien Resolution Administrator, Appeals Advisory Panel, Appeals Advisory Panel Consultants, and Trustee.  In accordance with the terms of the Settlement Agreement, the Court retains continuing and exclusive jurisdiction to interpret, implement, administer and enforce the Settlement Agreement, and to implement and complete the claims administration and distribution process. . . .

(*Id.* ¶ 17.)

2. The Settlement Agreement charges GRG, as the Lien Resolution Administrator, with a variety of responsibilities that will require it to exchange the Settlement Class Members' Protected Health Information with Governmental Payors, Medicare Part C and Part D Program sponsors, and other Covered Entities and Business Associates and with entities involved in the implementation and administration of the Settlement Agreement, such as the Claims Administrator and the Special Master.[3] For example, the Settlement Agreement tasks GRG as the Lien Resolution Administrator with the following responsibilities, among others:

- a. "administer[ing] the process for the identification and satisfaction of all applicable Liens, as set forth in Section 11.3" (*id.* § 11.1(b)), which includes
   - i. fulfilling all state and federal reporting obligations (*id.* § 11.3(c)(iii)),
   - ii. "[s]atisfy[ing] Lien amounts owed to a Governmental Payor or, to the extent identified by the Class Member pursuant to Section 11.3(a), Medicare Part C or Part D Program sponsor for medical items, services, and/or prescription drugs" (*id.* § 11.3(c)(iv)), and
   - iii. "[t]ransmit[ting] all information received from any Governmental Payor or Medicare Part C or Part D Program sponsor pursuant to such authorizations (i) to the NFL Parties, Claims Administrator, and/or Special Master solely for purposes of verifying compliance with the MSP Laws or other similar reporting obligations and for verifying satisfaction and full discharge of all such Liens" (*id.* § 11.3(c)(v)).

3. Under HIPAA, a Covered Entity may not use or disclose Protected Health Information unless the use or disclosure is permitted by HIPAA. 45 C.F.R. § 164.502(a). One instance in which a Covered Entity is permitted to disclose protected health information is when it is presented with a valid authorization for the disclosure of that information. *Id.* § 164.502(a)(1)(iv). Another is when the disclosure is "required by law." *Id.* §§ 164.502(a)(1)(vi), 164.512(a). Specifically, the HIPAA regulations provide:

(a) Standard: Uses and disclosures required by law.

---

[3] As used herein, the terms "Covered Entity" and "Business Associate" have the meanings set forth in 45 C.F.R. § 160.103.

> (1) A covered entity may use or disclose protected health information to the extent that such use or disclosure is required by law and the use or disclosure complies with and is limited to the relevant requirements of such law.
>
> (2) A covered entity must meet the requirements described in paragraph (c), (e), or (f) of this section for uses or disclosures required by law.

45 C.F.R. § 164.512(a). The regulations define "required by law" to mean "a mandate contained in law that compels an entity to make a use or disclosure of protected health information and that is enforceable in a court of law. Required by law includes, but is not limited to, court orders and court-ordered warrants . . . ." Furthermore, 45 C.F.R. § 164.512(e)(1)(i) provides, "A covered entity may disclose protected health information in the course of any judicial or administrative proceeding . . . [i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order. . . ." Thus, a Covered Entity may disclose Protected Health Information in response to a court order as long as it discloses only the Protected Health Information permitted by the order.

4.  Like Covered Entities, Business Associates are generally prohibited from disclosing Protected Health Information but are permitted to do so to the extent they are presented with a valid authorization for the disclosure (and the disclosure is permitted by their business associate contracts) or the disclosure is "required by law." 45 C.F.R. § 164.502(a)(3) ("A business associate may use or disclose protected health information only as permitted or required by its business associate contract or other arrangement pursuant to § 164.504(e) or as required by law.").

5.  In class action and aggregate settlements with numerous claimants, the task of reviewing individual HIPAA authorizations to determine their completeness and validity can place a significant administrative burden on Governmental Payors, Medicare Part C and Part D Program sponsors, and private health plans, payors, and providers, which delays the resolution of

4

liens and the release of funds. Accordingly, courts routinely enter orders to facilitate the exchange of Protected Health Information with respect to medical liens in class action and aggregate settlements, including in the following matters and others in which GRG has served as the Lien Resolution Administrator:

    a. *In re National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation*, Case No. 1:13-cv-9116, MDL No. 2492, ECF No. 279 (N.D. Ill. July 15, 2016);

    b. *In re ACTOS (Pioglitazone) Products Liability Litigation*, Case No. 6:11-md-2299, ECF No. 5797 (W.D. La. July 30, 2015);

    c. *In re Boston Scientific Corporation Pelvic Repair System Products Liability Litigation*, Case No. 2:12-md-2326, ECF No. 1054 (S.D. W. Va. Feb. 26, 2015);

    d. *In re American Medical Systems, Inc., Pelvic Repair Systems Products Liability Litigation*, Case No. 2:12-md-2325, ECF No. 1144 (S.D. W. Va. Feb. 26, 2014);

    e. *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, Case No. 2:10-md-2179, ECF No. 6673 (E.D. La. June 14, 2012); and

    f. *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, Case No. 2:07-md-01871, ECF No. 690 (E.D. Pa. June 11, 2010).

6.    Entering an order authorizing GRG as the Lien Resolution Administrator to exchange Settlement Class Members' Protected Health Information with Covered Entities, the Business Associates of Covered Entities, and the other entities involved in the implementation and administration of the Settlement Agreement in the manner set forth below would expedite the lien resolution process and would allow Settlement Class Members to more quickly receive

any unused portion of the amount withheld from their Monetary Awards or Derivative Claimant Awards to satisfy potential Liens. In the event a Covered Entity or Business Associate refuses to disclose a Settlement Class Member's Protected Health Information in response to such an order, the Lien Resolution Administrator would be able to provide the person or entity with the HIPAA authorization the Settlement Class Member executed as part of the Claim Package and would be able to continue the lien resolution process without interruption. By combining the use of the proposed order with individual HIPAA authorizations where necessary, the Lien Resolution Administrator is able to administer a process that is efficient, robust, and of maximum benefit to the Settlement Class Members.

7. Accordingly, Co-Lead Class Counsel respectfully requests that the Court exercise the jurisdiction it retained in its Amended Final Order and Judgment to enter an order that:

   a. authorizes and requires any Governmental Payor, Medicare Part C or Part D Program sponsor, other private health plan (whether insured or self-funded), payor, or provider, or other Covered Entity, and any Business Associate of one of the foregoing persons or entities (each, a "Healthcare Entity"), who receives a request from GRG, in the performance of its functions and duties as the Lien Resolution Administrator, for a Settlement Class Member's Protected Health Information to disclose that information to GRG in response to the request;

   b. authorizes any Healthcare Entity who receives a request from GRG, in the performance of its functions and duties as the Lien Resolution Administrator, to disclose Settlement Class Members' Protected Health Information in a list or other aggregated format to disclose the information in the format requested in lieu of submitting such information on a case-by-case basis;

   c. authorizes GRG to disclose a Settlement Class Member's Protected Health Information to a Healthcare Entity in the performance of its functions and duties as the Lien Resolution Administrator;

   d. authorizes GRG, in making a disclosure contemplated by Paragraph 7(c) of this motion, to disclose Settlement Class Members' Protected Health Information to Healthcare Entities in lists or other aggregated formats in lieu of submitting such information on a case-by-case basis;

    e.    authorizes GRG, as the Lien Resolution Administrator, to disclose a Settlement Class Member's Protected Health Information to the Claims Administrator, NFL Parties, Court, Special Master, Class Counsel, Counsel for NFL Parties, Appeals Advisory Panel, Appeals Advisory Panel Consultants, and GRG itself (as the BAP Administrator) in the performance of its functions and duties as the Lien Resolution Administrator;

    f.    authorizes the disclosures contemplated in Paragraph 7(e) of this motion to be made in lists or other aggregated formats in lieu of providing such information on a case-by-case basis;

    g.    authorizes GRG, as the Lien Resolution Administrator, to act as the agent for Settlement Class Members for the purpose of identifying and resolving potential liens or recovery claims for medical items, services, and/or prescription drugs with Governmental Payors and Medicare Part C or Part D Program sponsors in any manner deemed necessary or advisable by GRG, including, but not limited to, (i) *en masse* data submissions with Healthcare Entities for the purpose of identifying healthcare coverage and related claims itemizations for Settlement Class Members, and (ii) accessing Internet-based healthcare coverage information sources, including, but not limited to, mymedicare.gov; and

    h.    clarifies that the order eliminates the need for individual HIPAA authorizations for disclosures requested or made pursuant to the order, consistent with 45 C.F.R. § 164.512(a), (e)(1)(i).

8.    A proposed order granting this motion is attached hereto as Exhibit A.

Dated: April 6, 2017.                          Respectfully Submitted:

                                        /s/Christopher A. Seeger
                                        Christopher A. Seeger
                                        Seeger Weiss LLP
                                        77 Water Street
                                        New York, NY 10005
                                        Phone: (212) 584-0700
                                        Fax: (212) 584-0799
                                        Email: cseeger@seegerweiss.com

                                        *Co-Lead Class Counsel*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on April 6, 2017, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

                                              /s/ Christopher A. Seeger
                                              Christopher A. Seeger