# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____ :
                                                                         :
IN RE: NATIONAL FOOTBALL                        :     No. 2:12-md-02323-AB
LEAGUE PLAYERS' CONCUSSION              :
INJURY LITIGATION                                     :     MDL No. 2323
_____
                                                                               **Hon. Anita B. Brody**
THIS DOCUMENT RELATES TO               :
ALL ACTIONS                                              :
_____

**ORDER AUTHORIZING DISCLOSURE OF SETTLEMENT
CLASS MEMBERS' PROTECTED HEALTH INFORMATION**

Before the Court is the Uncontested Motion of Co-Lead Class Counsel to Authorize Disclosure of Settlement Class Members' Protected Health Information (the "Motion"), submitted by Co-Lead Class Counsel on behalf of the Settlement Class and Subclasses, as defined in the Settlement Agreement memorializing the settlement of the above-captioned action.[1]  Having considered the Motion, the record of these proceedings, the arguments and recommendation of Co-Lead Class Counsel, and the requirements of law, the Court hereby **GRANTS** the Motion.  Accordingly, pursuant to 45 C.F.R. § 164.512(e)(1)(i),

**IT IS ORDERED** as follows:

1. The Garretson Resolution Group, Inc. ("GRG") is serving as the Lien Resolution Administrator under the Settlement Agreement.

2. Any Healthcare Entity who receives a request from GRG, in the performance of its functions and duties as the Lien Resolution Administrator, for a Settlement Class Member's Protected Health Information is authorized and required to disclose that information to GRG in response to the request.  If GRG requests that the Healthcare Entity

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

disclose Settlement Class Members' Protected Health Information in a list or other aggregated format, the Healthcare Entity may disclose the Settlement Class Members' Protected Health Information to GRG in the format requested in lieu of submitting such information on a case-by-case basis.

3. GRG is authorized to disclose a Settlement Class Member's Protected Health Information to Healthcare Entities in the performance of its functions and duties as the Lien Resolution Administrator. In making such disclosures, GRG is authorized to disclose Settlement Class Members' Protected Health Information to Healthcare Entities in lists or other aggregated formats in lieu of submitting such information on a case-by-case basis.

4. GRG also is authorized to disclose a Settlement Class Member's Protected Health Information to the Claims Administrator, NFL Parties, Court, Special Master, Class Counsel, Counsel for NFL Parties, Appeals Advisory Panel, Appeals Advisory Panel Consultants and GRG itself (as the BAP Administrator) in the performance of its functions and duties as the Lien Resolution Administrator. Such disclosures may be made in lists or other aggregated formats in lieu of submitting such information on a case-by-case basis.

5. GRG, as the Lien Resolution Administrator, is authorized to act as the agent for Settlement Class Members for the purpose of identifying and resolving potential liens or recovery claims for medical items, services, and/or prescription drugs with Governmental Payors and Medicare Part C or Part D Program sponsors in any manner deemed necessary or advisable by GRG, including, but not limited to, (a) *en masse* data submissions with Healthcare Entities for the purpose of identifying healthcare coverage and related claims itemizations for Settlement Class Members, and (b) accessing Internet-based healthcare coverage information sources, including, but not limited to, mymedicare.gov.

6. Consistent with 45 C.F.R. § 164.512(e)(1)(i), individual HIPAA authorizations are not required for any disclosure requested or made pursuant to this Order.

7. As used herein, "Healthcare Entity" means any Governmental Payor, Medicare Part C or Part D Program sponsor, other private health plan (whether insured or self-funded), payor, or provider, or other Covered Entity, and any Business Associate of one of the foregoing persons or entities.

8. As used herein, "Governmental Payors" shall have the meaning ascribed to that term in the Settlement Agreement, namely, "[A]ny federal, state, or other governmental body, agency, department, plan, program, or entity that administers, funds, pays, contracts for, or provides medical items or services, and/or prescription drugs, including, but not limited to, the Medicare Program, the Medicaid Program, Tricare, the Department of Veterans Affairs, and the Department of Indian Health Services."

9. As used herein, "Medicare Part C or Part D Program" shall have the meaning ascribed to that term in the Settlement Agreement, namely, "[T]he program(s) under which Medicare Advantage, Medicare cost, and Medicare health care prepayment plan benefits and Medicare Part D prescription drug plan benefits are administered by private entities that contract with CMS."

10. As used herein, "Covered Entity" has the meaning set forth in 45 C.F.R. § 160.103.

11. As used herein, "Business Associate" has the meaning set forth in 45 C.F.R. § 160.103.

12. As used herein, "Protected Health Information" has the meaning set forth in 45 C.F.R. § 160.103.

**SIGNED AND ENTERED** this _____ day of _____, 2017.

_____
Honorable Anita B. Brody
United States District Judge