UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____
:
IN RE: NATIONAL FOOTBALL LEAGUE: : No. 2:12-md-02323-AB
PLAYER'S CONCUSSION : MDL No. 2323
INJURY LITIGATION :
_____
:
Kevin Turner and Shawn Wooden, :
*On behalf of themselves and* :
*others similarly situated,* :
:
    Plaintiffs, : CIVIL ACTION NO. 14-CV-0029
:
    v. :
:
National Football League and :
NFL Properties, LLC, :
successor-in-interest to :
NFL Properties, Inc., :
:
    Defendants. :
_____

**PETITION TO ADJUDICATE FEE DISPUTES WITH ANAPOL WEISS**

John Lorentz, by his attorneys, Michael Moirano and Claire Kenny, petitions this Court to resolve his fee disputes with class counsel Anapol Weiss. In support hereof, Lorentz states:

    1.    Mr. Lorentz is an attorney licensed to practice law in Minnesota, who maintains an office in St. Paul, Minnesota.

    2.    Mr. Lorentz specializes in representing retired professional athletes with their post-career disability claims. Many of Mr. Lorentz's clients are retired NFL football players.

3. In or around 2011, Mr. Lorentz was contacted by a partner at the law firm of Anapol Schwartz (now Anapol Weiss) about potential class representatives for class litigation the Anapol firm was contemplating filing against the NFL for concussion injuries sustained by former players.

4. When Lorentz was first contacted by the Anapol firm, he was told that he would receive a referral fee equal to one-third of any fee the Anapol firm earned in consideration for the referral of former NFL players who would serve as class representatives in the litigation.

5. Lorentz promptly referred several NFL players to the Anapol firm who were potentially interested in serving as class representatives in the concussion litigation.

6. Three players Lorentz referred and who were selected by the Anapol firm, Jim McMahon, Joseph Thomas and Michael Furrey, agreed and ultimately served as class representatives in the class action suit the Anapol firm filed against the NFL, *Easterling, et al., v. National Football League, Inc.*, 11-cv-05209 (E.D. Pa. August 17, 2011).

7. Lorentz's referrals, McMahon, Thomas and Furrey, were three of seven named plaintiffs and class representatives in *Easterling* action. McMahon verified the Complaint. On information and belief, the *Easterling* action was one of the first, if not the first, suit filed against the NFL for concussion related injuries in the United States.

8. On January 31, 2012, the Judicial Panel on Multidistrict Litigation transferred four pending NFL concussion injury actions (including the *Easterling* action) for centralized proceedings before this Court. (ECF Doc. 1) Subsequently, all related tag-along actions were transferred by the JPML to this Court.

9. In the Court's Case Management Order No. 1 (ECF Doc. 4), the Court ordered that, prior to a scheduled April 25, 2012 Organization Conference, any counsel wishing to serve as Lead Counsel, Liaison Counsel, or a Steering Committee Member submit an application that included a disclosure of "any side agreements on compensation with any other attorney(s)."

10. Before the leadership applications were to be filed, "Plaintiffs' Joint Application for Appointment of Plaintiffs' Executive Committee, Plaintiffs' Steering Committee, and Plaintiff's Liaison Counsel" was filed. (ECF Doc. 54)

11. In the Joint Petition, plaintiffs proposed an organizational structure to manage the litigation. Because the class counsel structure was presented as a joint and agreed application, there was no disclosure of any "side agreements on compensation" made by any of the appointed attorneys or firms.

12. Ultimately, the Court appointed Christopher A. Seeger of Seeger Weiss LLP and, and by agreement of the plaintiffs, Sol H. Weiss of the Anapol firm to serve as Lead Co-Counsel. (See ECF Doc. 64 and Doc 72).

13. Lorentz assisted the Anapol firm in attaining a leadership position in the MDL litigation by, among other things, urging the former celebrity NFL player Jim McMahon to vocally support the class litigation and the Anapol firm, and persuading him to appear at press conferences and on national television with an Anapol partner to promote the litigation and the firm.

14. Lorentz also referred at least 235 additional players to Anapol, who engaged the Anapol firm to represent them. Lorentz counseled and continues to counsel these

players regarding the concussion litigation, and provided the Anapol firm with information and data regarding all the referred players and continues to assist in pursuing their individual claims.

15. In the contingent fee agreements the referred players and their representatives executed, Anapol agreed to charge a contingent fee equal to "one third of the net recovery reduced proportionally by any common benefit fee received by our lawyers." However, it was also disclosed that Lorentz was to receive "a referral fee out of *the total attorney's fee* from ANAPOL SCHWARTZ, P.C. for acting as cooperating counsel." (emphasis added)

16. Despite the parties' initial agreement that Lorentz would receive a referral fee equal to one-third of any fee the Anapol firm earned in consideration for his referral of McMahon, Thomas and Furrey to serve as class representatives in the class action litigation, and the written contingent fee agreements that state Lorentz was to receive a referral fee out of the total attorney's fee Anapol receives, Lorentz was recently advised by the Anapol firm he will receive no portion of the common benefit fees the firm will receive because of the class settlement, including no portion the firm's share of the pending $112,000 million fee application or the 5% administrative fees the firm may receive from the settlement pay-outs to individual players or their representatives.

17. In addition, there is a dispute between the parties regarding Lorentz's share of the contingent fees the Anapol firm will receive from recoveries obtained for the individual clients Lorentz referred to the firm.

18. Initially, it was agreed that Lorentz would receive one-third of all fees received by the Anapol firm.

19. However, after Lorentz learned that Anapol reduced its contingent fee to 23.5% from 33.33% without his knowledge or consent, Sol Weiss told Lorentz that, due to the reduction, Anapol would split all fees received on Lorentz's clients 50/50.

20. Recently, Mr. Weiss and the Anapol firm reneged on this agreement and advised Lorentz he will only receive one-third of the reduced 23.5% fee.

21. Finally, Lorentz just recently learned that at least 40 of the clients he referred to Anapol terminated their contingent fee agreements with the firm apparently because the firm, unlike many other firms representing individual claimants in the concussion litigation, were not actively pursuing the claims on his clients' behalf. As a consequence, Lorentz lost his ability to share on any basis in any fees earned from the representation of these clients. Lorentz's loss is undetermined, but will be substantial.

22. Efforts to resolve amicably all issues through counsel for the parties have failed.

WHEREFORE, John Lorentz requests this Court enter an Order:

a. Finding that Lorentz is entitled to a one third share of all common benefit fees to be awarded to the Anapol firm in this case;

b. Finding that Lorentz is entitled to 50% of any fees received by the Anapol firm from settlements of claims on behalf of the individuals Lorentz referred to the firm;

    c.  Awarding Lorentz damages for the losses he has sustained as a result the Anapol's firm failure to actively pursue the claims of individuals Lorentz referred to the firm; and

    d.  Granting such other or further relief as the Court deem just.

                                    **JOHN LORENTZ,**

                                    <u>/s/   Michael H. Moirano</u>
                                    One of his attorneys

                                    Michael H. Moirano
                                    Claire Gorman Kenny
                                    **MOIRANO GORMAN KENNY, LLC**
                                    135 S. LaSalle St, Suite 3025
                                    Chicago, IL 60603
                                    (312) 614-1260
                                    mmoirano@mgklaw.com
                                    cgkenny@mgklaw.com