# Exhibit BB

No. 14-8103

IN THE

# United States Court of Appeals
### FOR THE THIRD CIRCUIT

IN RE NATIONAL FOOTBALL LEAGUE PLAYERS
CONCUSSION INJURY LITIGATION

On Petition to Appeal from an Order of the
Eastern District of Pennsylvania Granting Settlement Class Certification
2:12-md-2323-AB (E.D. Pa.)

**REPLY IN SUPPORT OF PETITION OF OBJECTING
CLASS MEMBERS PURSUANT TO FED. R. CIV. P. 23(f)
FOR LEAVE TO APPEAL FROM THE DISTRICT COURT'S
ORDER GRANTING SETTLEMENT CLASS CERTIFICATION**

William T. Hangley
Michele D. Hangley
HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER
One Logan Square
18th & Cherry Streets
27th Floor
Philadelphia, PA  19103
(215) 496-7001 (telephone)
(215) 568-0300 (facsimile)
whangley@hangley.com

Steven F. Molo
 *Counsel of Record*
Thomas J. Wiegand
Kaitlin R. O'Donnell
MOLOLAMKEN LLP
540 Madison Avenue
New York, NY  10022
(212) 607-8160 (telephone)
(212) 607-8161 (facsimile)
smolo@mololamken.com

*Counsel for Objecting Class Members*

*(Additional Counsel Listed on Inside Cover)*

Linda S. Mullenix
2305 Barton Creek Boulevard
Unit 2
Austin, TX  78735
(512) 263-9330 (telephone)
lmullenix@hotmail.com

Martin V. Totaro
Eric R. Nitz
MOLOLAMKEN LLP
The Watergate, Suite 660
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)
mtotaro@mololamken.com

*Counsel for Objecting Class Members*

# **TABLE OF CONTENTS**

Page

INTRODUCTION ...................................................................................................1

ARGUMENT ...........................................................................................................1

I. This Court Has Jurisdiction To Review the Certification Order......................1

II. This Court Should Exercise Its Discretion Under Rule 23(f) To
Review the Class Certification Order at Issue Here..........................................5

    A. The District Court's Certification Order Is Erroneous..........................5

    B. Defects in the Settlement Process Require Immediate Review............8

    C. For Many Class Members, Time Is of the Essence...............................9

CONCLUSION ......................................................................................................10

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)..............................................6

*In re Asbestos Sch. Litig.*, 46 F.3d 1284 (3d Cir. 1994) ............................................5

*Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170 (3d Cir. 2012) ...................6

*Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014)................................................9

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
　55 F.3d 768 (3d Cir. 1995) ...............................................................................4, 6, 8

*Glover v. Standard Fed. Bank*, 283 F.3d 953 (8th Cir. 2002) ...................................2

*Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138 (4th Cir. 2001) ...................................1, 5

*Liles v. Del Campo*, 350 F.3d 742 (8th Cir. 2003) ....................................................4

*Matz v. Household Int'l Tax Reduction Inv. Plan*, 687 F.3d 824
　(7th Cir. 2012)..........................................................................................................2

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154
　(3d Cir. 2001)..........................................................................................1, 2, 5, 8

**RULES**

Fed. R. Civ. P. 23 .......................................................................................................2

Fed. R. Civ. P. 23(a)..................................................................................................3

Fed. R. Civ. P. 23(a)(4)..........................................................................................4, 6

Fed. R. Civ. P. 23(b) .................................................................................................3

Fed. R. Civ. P. 23(c)(1)(C) ........................................................................................3

Fed. R. Civ. P. 23(f).........................................................................................*passim*

Fed. R. Civ. P. 23, 2003 Advisory Committee note .................................................3

# OTHER AUTHORITIES

BU CTE Center, *What Is CTE?*, http://www.bu.edu/cte/about/what-is-cte/ ................................................................................................................7

McKee *et al.*, *The Spectrum of Disease in Chronic Traumatic Encephalopathy*, 136 Brain: A Journal of Neurology 43 (2013) .........................7

Civil Rules Advisory Committee, *Minutes* (May 1-2, 1997), http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/Minutes/cv5-97.htm ...................................................................................................2

Prince *et al.*, *World Alzheimer Report 2011: The Benefits of Early Diagnosis and Intervention* (2011) ......................................................................9

Rubenstein, *Newberg on Class Actions* § 7:51 (5th ed.) ............................................2

Willging *et al.*, *Empirical Study of Class Actions in Four Federal District Courts: Final Report to the Advisory Committee on Civil Rules* (1996) ...........................................................................................................5

1 *Working Papers of the Advisory Committee on Civil Rules on Proposed Amendments to Civil Rule 23* (1996) .......................................................2

# INTRODUCTION

Class Counsel and the NFL conflate and confuse the authority controlling whether this Court can and should review the district court's order certifying the settlement class. Five basic points govern the analysis:

- Rule 23(f) states: A "court of appeals may permit an appeal from an order granting or denying class-action certification under this rule." The word "final" does not appear in the rule.

- Rule 23(f) is intended to afford an opportunity for prompt correction of error to spare the parties significant litigation or settlement costs. *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 144-45 (4th Cir. 2001).

- This Court has "unfettered discretion" to grant a Rule 23(f) petition. *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 163 (3d Cir. 2001) (quotation marks omitted).

- This Court has held that a basis for granting Rule 23(f) review is when the district court's "ruling on class certification [wa]s ***likely erroneous***." *Id.* at 164 (emphasis added).

- In exercising its discretion, this Court may grant review "on the basis of any consideration that [it] finds persuasive." *Id.* at 165.

The erroneous certification of a conflict-riddled class – along with the other "persuasive considerations" of fundamental defects in the notice and claims process, as well as the deteriorating health of class members – justifies review.

# ARGUMENT

## I. THIS COURT HAS JURISDICTION TO REVIEW THE CERTIFICATION ORDER

This Court has "unfettered discretion" to grant Rule 23(f) petitions and may do so "on the basis of any consideration that [it] finds persuasive." *Newton*, 259

F.3d at 163, 165. That "wide latitude," *id.* at 165, extends to review of a certification order that "is likely erroneous," *id.* at 164. Other courts similarly apply Rule 23(f) flexibly.[1] This approach reflects the intent of the Rule's drafters, who "removed" passages "predicting that permission to appeal would be granted with restraint." Civil Rules Advisory Committee, *Minutes* (May 1-2, 1997), http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/Minutes/cv5-97.htm. The drafters also noted that "early review is desirable." 1 *Working Papers of the Advisory Committee on Civil Rules on Proposed Amendments to Civil Rule 23*, at 272 (1997).

Nonetheless, Class Counsel contend that, "[p]lain and simple, there is no jurisdictional basis" for the petition. Class Opp. 1. The NFL echoes that contention, arguing that the "certification order issued by the district court was expressly based on a 'preliminary' review of the requirements under Rule 23." NFL Opp. 10. Yet, the NFL and Class Counsel cite **no case** holding that courts of appeals lack jurisdiction under Rule 23(f) over a "preliminary" certification order.

Rule 23 draws no distinction among different class certification orders. "Preliminary" class certification is nowhere in the Rule's text. Rather, Rule 23

---

[1] *See, e.g.*, *Matz v. Household Int'l Tax Reduction Inv. Plan*, 687 F.3d 824, 826 (7th Cir. 2012) (order amending scope of class reviewable under Rule 23(f)); *Glover v. Standard Fed. Bank*, 283 F.3d 953, 958-59 (8th Cir. 2002) (granting petition where order added class members to an already-certified class). Rather than adopting respondents' rigid approach, "courts have allowed some flexibility in appealable orders where they have been convinced that significant changes were still being made to the class." Rubenstein, *Newberg on Class Actions* § 7:51 (5th ed.).

2

speaks only of "class certification" and identifies certain "prerequisites" that must be met to obtain class certification. *See* Fed. R. Civ. P. 23(a)-(b). "A court that is not satisfied that the requirements of Rule 23 have been met should refuse certification until they have been met." Fed. R. Civ. P. 23, 2003 Advisory Committee note. Thus, the district court has ruled that Rule 23's requirements have been met.

The NFL concedes that ***every*** "order that grants or denies class certification may be altered or amended before final judgment." NFL Opp. 12; *see* Fed. R. Civ. P. 23(c)(1)(C). But it argues that review now would "threaten[] to create a circumstance where the district court's final decision moots this court's appellate review." NFL Opp. 11. This argument makes no sense. Given that every order granting or denying certification may be altered or amended prior to final judgment, there is always the possibility that a district court might later "moot" appellate review.[2]

Further, contrary to respondents' contention, immediate review does not require this Court to act as an appellate factfinder. Class Opp. 3, 7; NFL Opp. 10-

---

[2] Class Counsel – but not the NFL – speculate that the Advisory Committee's 1998 statement that "tentative" certifications are reviewable is no longer accurate because "conditional" certifications were eliminated in 2003. Class Opp. 7-8. But they offer no reason why "tentative" and "conditional" should be conflated. Rather, the Advisory Committee's reference to "tentative" certifications is merely an acknowledgement that all certifications are tentative because every "order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). If the deletion of "conditional" class certification was intended to eliminate interlocutory appeal of tentative certification decisions, the 2003 amendment notes would have expressly stated that.

3

11. Petitioners have challenged the structure of the class based on the lack of adequate representation – one of the four requirements for certification. Fed. R. Civ. P. 23(a)(4). This Court must "focus on the settlement's distribution terms . . . to detect situations where some class members' interests diverge from those of others in the class." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 797 (3d Cir. 1995). Those terms are already before this Court. The district court made the factual finding – over the objection of petitioners – that "the interests of all Settlement Class Members" are "protected." Pet. Ex. B at 15.[3]

Respondents also invoke *Liles v. Del Campo*, 350 F.3d 742 (8th Cir. 2003). Class Opp. 12-13; NFL Opp. 17-18. But that case supports petitioners. The Eighth Circuit ***did not*** rule that it had no jurisdiction. Rather, it declined to exercise its discretion to grant the petition. In doing so, it emphasized that settlement claims were to be paid from a fund that also covered litigation costs. 350 F.3d at 745. Thus, interlocutory review would "jeopardize the limited assets available for resolving the claims." *Id.* at 745-46. Here, by contrast, no such limits exist, and interlocutory review will expedite the cure of the fatal flaws in the class structure.

The fundamental purpose of Rule 23(f) is to allow a court of appeals to

---

[3] Petitioners raised the conflicts within the class twice before the district court – first in their motion to intervene (that was denied after petitioners sought leave to appeal) and then in their objection to preliminary approval. Nothing suggests the third time will be the charm and the district court will change its view absent direction from this Court.

address a problem with certification in an efficient, timely manner. *See Lienhart*, 255 F.3d at 145; Willging *et al.*, *Empirical Study of Class Actions in Four Federal District Courts: Final Report to the Advisory Committee on Civil Rules* 80 (1996) (Rule 23(f) "is intended to afford an opportunity to prompt correction of error before the parties incur significant litigation or settlement costs"). Respondents read non-existent limitations into the rule that would thwart that purpose.[4]

## II. THIS COURT SHOULD EXERCISE ITS DISCRETION UNDER RULE 23(f) TO REVIEW THE CLASS CERTIFICATION ORDER AT ISSUE HERE

"Permission to appeal may be granted or denied on the basis of any consideration that the courts of appeals finds persuasive." *Newton*, 259 F.3d at 165. Multiple considerations warrant review at this juncture.

### A. The District Court's Certification Order Is Erroneous

This Court has expressly recognized that review is proper when the district court's "ruling on class certification is likely erroneous." *Newton*, 259 F.3d at 164. An "error in the class certification decision that does not implicate novel or unsettled legal questions may still merit interlocutory review given the consequences likely to ensue." *Id.* The certification order here was erroneous because it

---

[4] Before Rule 23(f), courts could correct erroneous class certification decisions through mandamus. But mandamus set a high bar: "[T]he district court's decision [had to] lie[] far outside the bounds of established . . . law." *In re Asbestos Sch. Litig.*, 46 F.3d 1284, 1289 (3d Cir. 1994). Rule 23(f) "was explicitly promulgated to replace the use of mandamus in reviewing manifestly erroneous class certifications [so] it would be inappropriate to review such petitions under standards as stringent as those which govern mandamus." *Lienhart*, 255 F.3d at 144.

5

failed to account for serious intra-class conflicts.[5]

"[A]dversity among subgroups" requires denial of class certification. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 627 (1997) (denying certification where conflict existed between present and future claimants). Here, the settlement compensates cases of CTE in individuals who died before July 7, 2014 but gives nothing to individuals living with CTE or who die with CTE after July 7, 2014. Pet. 10. Respondents offer no explanation for that glaring, illogical discrepancy.

Respondents suggest that the settlement need not compensate CTE specifically because it compensates "actual" or "demonstrated" neurocognitive or neuromuscular "impairment" or "deficits." Class Opp. 14 & 15 n.6; NFL Opp. 18. But that is inconsistent with compensating those who died with CTE before preliminary approval. And it is inconsistent with accepted medical and scientific literature, as well as the allegations Class Counsel and others have made throughout the litigation. CTE should still be compensated alongside ALS, Alzheimer's Disease, Parkinson's Disease, and dementia:

- CTE *is* a demonstrated neurocognitive impairment or deficit: It is "a ***progressive degenerative disease of the brain*** found in athletes . . . with a

---

[5] Respondents label these intra-class conflicts as an attack on the settlement, not certification. Class Opp. 9-10; NFL Opp. 18-19. But this Court properly addresses intra-class conflicts resulting from settlement distribution terms as class certification questions. *See, e.g.*, *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 187-88 (3d Cir. 2012) (finding inadequate representation under Rule 23(a)(4)); *GM Trucks*, 55 F.3d at 800-04 (same).

6

- history of repetitive brain trauma." BU CTE Center, *What Is CTE?*, http://www.bu.edu/cte/about/what-is-cte/ (emphasis added).

- The Class Action Complaint alleges that CTE is an ***independent, MTBI-related disease***: "[T]he NFL has known for decades that MTBI can and does lead to long-term brain injury, including, but not limited to memory loss, dementia, Alzheimer's Disease, Parkinson's Disease, ALS, depression, and CTE and its related symptoms." Compl. ¶ 127.

- CTE presents with serious symptoms beyond neurocognitive or neuromuscular impairment, including headache, depression, impulsivity, explosivity, aggression, visuospatial difficulties, and language impairment. McKee *et al.*, *The Spectrum of Disease in Chronic Traumatic Encephalopathy*, 136 Brain: A Journal of Neurology 43, 54-56 (2013) (tbls. 3 & 4).

- The correlation between CTE and another qualifying diagnosis is weak. In one study of 68 individuals with CTE, eight presented with motor neuron disease (such as ALS), seven presented with Alzheimer's Disease, and six presented with Parkinson's Disease. McKee, *supra*, at 43, 50-51, 61. But over ***two-thirds*** presented ***only*** with CTE.

CTE is a disease that results in neurocognitive impairment. And it should be compensated under any settlement regardless of when a player dies with that illness.

Class Counsel (at 14) acknowledge that an "autopsy diagnosis of CTE serves as sufficient evidence of harm for purposes of establishing compensation" for class members who died before July 7, 2014. But there is no reason why such a diagnosis is insufficient for individuals who died after July 7. CTE diagnosed in the living merits compensation too. *See* Pet. 12 & n.5; Pet. Ex. C at 9-11.

In addition to the discriminatory treatment of class members with CTE, the class contains conflicts based on the arbitrary 75% reduction of payments to members suffering a stroke or a concussion unrelated to NFL play. *See* Pet. 14-15. It

7

also arbitrarily rejects credit for seasons played with NFL Europe. *See id.* at 15-16.

Respondents insist that the intra-class conflicts petitioners have identified are factual questions that require additional development before the district court. Class Opp. 11-12; NFL Opp. 16-18. But, again, this issue can be determined from reviewing the settlement on its face. *See GM Trucks*, 55 F.3d at 797.[6]

Significantly, respondents devote little effort to justifying these obvious conflicts. That is because they cannot be justified. These conflicts result in inappropriately awarding "considerably more value to one class of plaintiffs." *GM Trucks*, 55 F.3d at 797. Accordingly, the class members at whose expense the handful who qualify are enriched lack adequate representation.

### B. Defects in the Settlement Process Require Immediate Review

Numerous other deficiencies in the settlement – including inadequate notice and an overly burdensome claims process – justify granting immediate review. Respondents urge this Court to ignore those considerations. Class Opp. 9-10; NFL Opp. 18-20. But this Court may consider "any consideration that [it] finds persuasive." *Newton*, 259 F.3d at 165. Those deficiencies render the settlement ***process*** unfair to the point of violating due process. The class notice has already been sent, but it fails to explain clearly the limitations on CTE compensation. Pet. 17. The claims process, moreover, erects hurdle after hurdle that threatens to deprive class

---

[6] It is ironic that Class Counsel argue that factual development is necessary given that they conducted no discovery before settling.

8

members of the recovery promised to them. If a class member does not register within 180 days, he receives nothing. Pet. 18. And the appeals process is weighted in the NFL's favor. *Id.* These deficiencies will doom the settlement in a later appeal. *See Eubank v. Pella Corp.*, 753 F.3d 718, 724-25 (7th Cir. 2014) (rejecting settlement that "strews obstacles in the path of" valid claimants).

### C. For Many Class Members, Time Is of the Essence

For many class members, a settlement that is consummated years from now will come too late. Respondents do not suggest otherwise. Indeed, they ignore petitioners' argument of the urgency of many class members' situations.

The diseases resulting from MTBI are debilitating, degenerative, and expensive to treat. *See* Pet. 18-19. The condition of those who are sick will worsen if appellate review of this settlement class occurs only after final approval. Many who are healthy will become sick, going without the benefit of diagnostic examinations that a fair settlement would provide. Delaying diagnosis and treatment will have disproportionately large consequences because early intervention and treatment of these neurodegenerative conditions can increase quality of life, slow the progression of the disease, and decrease the overall cost of caring for those afflicted. *See, e.g.*, Prince *et al.*, *World Alzheimer Report 2011: The Benefits of Early Diagnosis and Intervention* 6, 23-31 (2011). And all class members would carry on their own the burdensome costs of medical treatment, lost wages,

9

and other losses resulting from the injuries they suffered at the hands of the NFL.

## CONCLUSION

Substantial defects were raised with the district court twice and it certified the class nonetheless – albeit in a commendable effort to resolve a complex litigation. Allowing the case to proceed to a fairness hearing will inevitably result in substantial delay, as the case will eventually return to this Court to address problems that can be fixed now.

This Court has jurisdiction over this matter. The language and history of the rule make that clear. Nothing in respondents' arguments demonstrates otherwise. Indeed, this case presents a classic circumstance to effect the purpose of Rule 23(f) – avoiding unnecessary delay and expense, as well as a waste of judicial resources.

The injured members of the class are entitled to a prompt resolution. To that end, we suggest that briefing of this matter occur on a reasonably expedited basis. The key issues have been addressed already and certainly are familiar to the parties. Class Counsel and the NFL have moved with less than deliberate speed thus far – taking four months to file the initial settlement with the district court after announcing it, and then taking five months to file a revised settlement after their first effort was rejected.[7] We respectfully request that the petition be granted and a reasonably expedited briefing schedule be set.

---

[7] It is unclear how much of this time was spent negotiating Class Counsel's nine-figure attorneys' fee, plus the potential for 5% of the awards to class members.

10

August 14, 2014                              Respectfully submitted,

                                          /s/ Steven F. Molo
William T. Hangley                           Steven F. Molo
Michele D. Hangley                             *Counsel of Record*
Hangley Aronchick Segal                      Thomas J. Wiegand
Pudlin & Schiller                            Kaitlin R. O'Donnell
One Logan Square                             MoloLamken LLP
18th & Cherry Streets                        540 Madison Avenue
27th Floor                                   New York, NY  10022
Philadelphia, PA  19103                      (212) 607-8160 (telephone)
(215) 496-7001 (telephone)                   (212) 607-8161 (fax)
(215) 568-0300 (fax)                         smolo@mololamken.com
whangley@hangley.com                         twiegand@mololamken.com
mdh@hangley.com                              kodonnell@mololamken.com

Linda S. Mullenix                            Martin V. Totaro
2305 Barton Creek Blvd.                      Eric R. Nitz
Unit 2                                       MoloLamken LLP
Austin, TX  78735                            The Watergate, Suite 660
(512) 263-9330 (telephone)                   600 New Hampshire Avenue, N.W.
lmullenix@hotmail.com                        Washington, D.C.  20037
                                          (202) 556-2000 (telephone)
                                          (202) 556-2001 (fax)
                                          mtotaro@mololamken.com
                                          enitz@mololamken.com

      *Counsel for Objecting Class Members*

## **CERTIFICATE OF COMPLIANCE**

1. This reply complies with the page limitation of Federal Rules of Appellate Procedure 5(c) and 27(d)(2) because it does not exceed 10 pages, exclusive of the disclosure statement, the proof of service, and the accompanying documents required by Rule 5(b)(1)(E).

2. This reply complies with the typeface requirements of Federal Rule of Appellate Procedure 32(c)(2) and 32(a)(5) and the type style requirements of Rule 32(a)(6) because this reply has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 point font.


August 14, 2014                    /s/ Steven F. Molo
                                   Steven F. Molo

## CERTIFICATE OF SERVICE

I certify that today, August 14, 2014, the foregoing Reply in Support of Petition for Permission to Appeal was filed with the Clerk of the Court for the U.S. Court of Appeals for the Third Circuit using the CM/ECF system, which will send notice of filing to all parties.

August 14, 2014

/s/ Steven F. Molo
Steven F. Molo