# Exhibit EE

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 15-2272 and 15-2294

IN RE: NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY LITIGATION

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

**OPPOSITION OF CLASS PLAINTIFFS-APPELLEES
TO ARMSTRONG APPELLANTS'
MOTION FOR JUDICIAL NOTICE**

Class Plaintiffs-Appellees ("Plaintiffs") respectfully submit this Opposition to the Armstrong Appellants' Motion for Judicial Notice, filed in Appeals Nos. 15-2272 and 15-2294 ("Motion"). Counsel for the NFL Parties-Appellees have authorized the undersigned to represent that they concur that the Motion should be denied.

The Armstrong Appellants make no argument that the multiple complaints they seek to lodge with this Court have not been long available. They do not claim that they were prevented in any way from

presenting them to the district court; that the district court was unaware of the information (despite its role in overseeing the MDL); or that the information would have impacted the outcome had the court addressed it in its decision. Instead, they seek to make a specific argument about a specific claimed conflict for the first time on appeal – and not only on appeal, but as part of a *reply brief*.[1]

The Armstrong Appellants knew that if they held back this particular argument until the reply stage on appeal, Plaintiffs would not have an opportunity to oppose this new argument in writing. Their attempt to deprive not only the appellees, but also the district court, of the opportunity to address this particular argument relating to the adequacy of counsel for Subclass 1 – by asking this Court in the first instance to take "judicial notice" of complaints that have been on file below for years – should not be countenanced.

---

[1] In their reply brief, the Armstrong Appellants contend that they addressed the issue of Mr. Levin's adequacy in their opening brief at pages 42-43. *See* Armstrong Reply Brief [Doc. No. 003112095595] at 7-8. The thrust of the few sentences in their opening brief allegedly addressing this issue were actually directed at attorneys' fees, an issue which the district court has yet to address. *See* Armstrong Opening Brief [Doc. No. 003112073560], at 42-43. In contrast, the Armstrong Appellants spend seven pages, a third of their reply brief, attacking Mr. Levin's adequacy to serve as subclass counsel. *See* Armstrong Reply Brief at 6-13.

Of paramount concern, however, is not the prejudice to the parties of raising an issue for the first time in a reply brief on appeal. Rather, of necessity, appellate courts sit in review of actions taken by a district court. The issue on appeal is always whether the court below erred. This, in turn, requires that a reviewing appellate court examine the record as it stood before the district court, not as it has been reshaped on appeal by some clever lawyering. Thus, "[j]udicial notice may be taken at any stage of proceeding … including appeal … *as long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority." In re Indian Palms Assocs.*, 61 F.3d 197, 205 (3d Cir. 1995) (internal quotations and citations omitted; emphasis added). Put simply, the district court did not abuse its discretion by not considering arguments that were available to the Armstrong Appellants in the proceedings below, but never raised. "The Court of Appeals exists to correct errors made by the district courts, and it makes no sense for an appellant to assert that the district court erred when it had no opportunity to even address a particular issue." *Venuto v. Carella,*

*Byrne, Bain, Gilfillin, Cecchi & Stewart, P.C.*, 11 F.3d 385, 393 (3d Cir. 1993) (Nygaard, J., concurring).[2]

The combination of failing to raise arguments below and then raising such arguments for the first time in a reply brief violates well-settled law of this Court. The "tactic of reserving new arguments for [a] reply brief amounts to impermissible 'sandbagging.'" *Rockwell Techs., LLC v. Spectra-Physics Laser, Inc.*, No. 00-589 GMS, 2002 WL 531555, at *3 (D. Del. Mar. 26, 2002) (citing *Jordan v. Bellinger,* 2000 U.S. Dist. LEXIS 19233, at *18 (D. Del. Apr. 28, 2000)). By waiting until the reply brief, the Armstrong Appellants have deprived appellees, both Plaintiffs and the NFL Parties, from addressing and responding to these arguments and the use of the complaints to bolster them.

Furthermore, the Third Circuit Practice Guide provides: "As the name implies, a reply brief should respond to the arguments in the appellee's brief. New arguments are not permitted, nor should a reply

---

[2] As Judge Ambro pointed out in his dissent from this Court's rationale for denying the Fed. R. Civ. P. 23(f) petition in *In re NFL Players' Concussion Injury Litig.*, 775 F.3d 570 (3d Cir. 2014), objectors were creating "inefficient (indeed, chaotic) piecemeal litigation that would interfere with the formal fairness hearing on the settlement." *Id.* at 589 (Ambro, J., dissenting). This latest tactic similarly fits Judge Ambro's description.

Case 2:12-md-02323-AB   Document 7464-7   Filed 04/10/17   Page 6 of 12

brief be used simply to restate or elaborate on an argument made in an opening brief." Bar Ass'n for the Third Fed. Cir., U.S. Court of Appeals for the Third Cir. Practice Guide, at 17 (2012). Waiting until the reply brief stage to submit these complaints that were readily available at the time the opening brief was filed makes a mockery of the appellate process.

This Court has "repeatedly emphasized that failure to raise a theory as an issue on appeal constitutes a waiver because 'consideration of that theory would vitiate the requirement of the Federal Rules of Appellate Procedure and our own local rules that, absent extraordinary circumstances, briefs must contain statements of all issues presented for appeal, together with supporting arguments and citations.'" *Int'l Raw Materials, Ltd. v. Stauffer Chem. Co.*, 978 F.2d 1318, 1327 n.11 (1992) (quoting *Simmons v. Philadelphia*, 947 F.2d 1042, 1065 (3d Cir. 1991)).[3] By raising the theory for the first time on appeal in their reply brief, the Armstrong Appellants have waived the argument. *Id.* (citing *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 205 n.29 (3d Cir.

---

[3] This particular argument as to Mr. Levin's adequacy as counsel for Subclass 1 clearly was not identified in the Armstrong Appellants' Statement of the Issues. *See* Armstrong Opening Brief [Doc. No. 003112073560], at 4-5.

Case 2:12-md-02323-AB Document 7464-7 Filed 04/10/17 Page 7 of 12

1990) ("As a general matter, the courts of appeal will not consider arguments raised on appeal for the first time in a reply brief,")); *accord Norris v. Brooks*, 794 F.3d 401, 406 (3d Cir. 2015); *Brenner v. United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1298 (3d Cir. 1991).

Critically, the Armstrong Appellants offer no explanation as to why these materials and the related argument were not presented to the district court (or, at a minimum, why they were not offered at the time of the filing of their opening brief). It cannot be disputed that these complaints were readily available. They date back to 2011 and 2012 and were filed on the PACER System. The objectors were represented below by dozens of lawyers who knew about these complaints and had easy access to them. The Armstrong Appellants cannot credibly claim that these complaints are "newly discovered," having been publicly filed in or transferred to this MDL years before final or even preliminary approval. *Cf.* Fed. R. Civ. P. 60(b) (defining "newly discovered evidence" for purposes of granting relief from final judgment as that "with reasonable diligence, could not have been discovered in time to move for a new trial").

At any rate, the district court was well aware that Mr. Levin represented numerous clients who had already filed individual lawsuits prior to the commencement of settlement negotiations.  Indeed, all of the members of the Executive and Steering Committees, who were appointed by the district court when it initially assumed handling of this MDL, represented the vast majority of those Retired NFL Football Players who had cases on file.  JA685-90.  In light of the over 5,000 individually-represented retired players with cases on file, statistically, some would be Subclass 1 members and some would be Subclass 2 members.  Therefore, the district court was aware of and implicitly found no conflict or adequacy problems by virtue of Mr. Levin's individual representation of many class members, who necessarily exhibited a variety of symptoms and conditions.  That the district court's 132-page opinion does not specifically discuss this issue among the myriad issues actually raised by the objectors below, is a function of the objectors' failure to raise this particular adequacy issue with the district court and with the precision and evidentiary support that they have suddenly mustered in a reply brief on appeal.  It cannot be said that the district court was not mindful of this issue or that it erred in its

7

finding of adequacy of representation, as to Mr. Levin, or as to any of the other appointed Co-Lead Class Counsel, Subclass Counsel or Class Counsel.[4]

For the foregoing reasons, the Court should deny the Motion and strike the portions of the Armstrong Appellants' Reply Brief addressing the issues discussed herein, particularly, pages 6 through 13, which rely upon the materials at issue.

Dated:  October 13, 2015    Respectfully submitted,

<br>

        /s/ Christopher A. Seeger
        Christopher A. Seeger (NY
        2425304)
        David R. Buchanan
        TerriAnne Benedetto
        Diogenes P. Kekatos
        SEEGER WEISS LLP
        77 Water Street
        New York, NY 10005
        Phone: (212) 584-0700
        Fax: (212) 584-0799
        cseeger@seegerweiss.com

        *Co-Lead Class Counsel for*
        *Plaintiffs-Appellees*

---

[4] To the extent that these arguments relate to the attorneys' fees issue, the district court has not yet even been presented with a petition for fees, let alone ruled on one.  As such, the issue of fees is not properly before this Court.

Sol Weiss
ANAPOL WEISS
One Logan Square
130 North 18th Street
Suite 1600
Philadelphia, PA 19103
(215) 735-1130
sweiss@anapolweiss.com

*Co-Lead Class Counsel for
Plaintiffs-Appellees*

Samuel Issacharoff
40 Washington Square South
New York, NY 10012
(212) 998-6580
Si13@nyu.edu

*Special Counsel for Class
Plaintiffs-Appellees*

Arnold Levin
Frederick S. Longer
LEVIN FISHBEIN SEDRAN &
BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania
19106
(215) 592-1500
*Subclass 1 Class Counsel for
Plaintiffs-Appellees*

Dianne M. Nast
NAST LAW LLC
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania
19107
(215) 923-9300
*Subclass 2 Class Counsel for
Plaintiffs-Appellees*

Steven C. Marks
Stephen F. Rosenthal
PODHURST ORSECK P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, Florida 33130
(305) 358-2800
*Class Counsel for*
*Plaintiffs-Appellees*

Gene Locks
David D. Langfitt
LOCKS LAW FIRM
The Curtis Center
601 Walnut Street, Suite 720
East
Philadelphia, Pennsylvania
19106
(866) 562-5752
*Class Counsel for*
*Plaintiffs-Appellees*

Case 2:12-md-02323-AB    Document 7464-7    Filed 04/10/17    Page 12 of 12

## CERTIFICATE OF SERVICE

I, Christopher A. Seeger, hereby certify that on the 13th day of October 2015, I electronically transmitted a true and correct copy of the foregoing document, **OPPOSITION OF CLASS PLAINTIFFS-APPELLEES TO ARMSTRONG APPELLANTS' MOTION FOR JUDICIAL NOTICE**, to the Clerk of the Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all attorneys of record who are ECF registrants.

/s/ *Christopher A. Seeger*
Christopher A. Seeger