# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden,  on behalf of themselves and others similarly situated,<br><br>                        Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC,  successor-in-interest to NFL Properties, Inc.,<br>                        Defendants.<br><br>– – – – – – – – – – – – – – – – – – – – – – –<br><br>**THIS DOCUMENT RELATES TO:**<br>***Steven Smith, et al., v. National Football League, et al.,***<br><br>**E.D. Pa. No. 2:12-cv-01027**<br>**S.D. Fla.: No. 11-cv-24594** | **Hon. Anita B. Brody** |

## RESPONSE IN OPPOSITION TO
## STEVEN SMITH'S NOTICE OF JOINDER IN THE ESTATE OF KEVIN TURNER'S
## MOTION TO RESOLVE ATTORNEY'S FEE DISPUTE

Podhurst Orseck, P.A. ("Podhurst") responds in opposition to Steven Smith's notice of joinder (ECF No. 7365) in the motion to resolve an attorney's fee dispute (ECF No. 7029) filed by the Estate of Kevin Turner (the "Turner Estate").

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2700, Miami, FL 33131 Miami 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346    www.podhurst.com

**INTRODUCTION**

Steven Smith, who played in the NFL for nine years and suffers from Amyotrophic Lateral Sclerosis ("ALS"), entered into a retainer agreement with Podhurst in January 2012 to pursue his claim for damages against the NFL.  Under this retainer agreement, Podhurst devoted itself to representing Smith and pursuing his claim for the next four years, bearing the significant risk that it would not be compensated for its services unless Smith prevailed on his claim.  This representation and pursuit proved to be successful, as Smith will receive a substantial Monetary Award for his claim through the landmark settlement in this action.  Nonetheless, in July 2016, after the Third Circuit affirmed this Court's Order granting final approval of the settlement, Smith terminated his relationship with Podhurst without cause.

Now, in joining the Turner Estate's motion on the same issue, Smith seeks to nullify the 2012 retainer agreement that underpinned Podhurst's entire four-year representation of him and deny Podhurst any compensation for its significant work over the past four years on his behalf.  This extremist position threatens not just Podhurst's hard-earned contractual rights, but also thousands of similar retainer agreements in this MDL.  Podhurst must oppose Smith's joinder for the same reasons it opposed the Turner Estate's motion.

A full discussion of the decisive legal flaws of the Turner Estate's position is contained in Podhurst's response in opposition to the Turner Estate's motion (ECF No. 7071), which Podhurst respectfully incorporates herein.  As explained in that response, Smith's identical request to invalidate his retainer agreement is inconsistent with binding Third Circuit decisions (*id.* at 9-13) and countless persuasive authorities (*id.* at 13-17).  It also finds no support in Rule 23 or the text of the approved settlement (*id.* at 17-19), and would create alarming problems in class action and mass tort litigation (*id.* at 19-20).

2

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2700, Miami, FL 33131 Miami 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346     www.podhurst.com

Since Smith neither offers any legal argument in support of the Turner Estate's motion nor addresses any of its decisive legal flaws, we will not repeat the reasons for denying the Turner Estate's motion here.  Instead, we rely on the full analysis contained in Podhurst's response to the Turner Estate's motion, and limit this brief response to setting the record straight regarding several erroneous assertions in Smith's notice of joinder, namely, the inaccurate claims that Podhurst performed no individual work on behalf of Smith and that Podhurst indicated to Smith that it would not enforce its contractual right to receive compensation for its work from Smith's Monetary Award.

Significantly, in simply joining the Turner Estate's motion, Smith necessarily seeks the same relief that the Tuner Estate sought: "an order prohibiting Podhurst from collecting attorney[s'] fees from [Smith's] Monetary Award" (ECF No. 7029 at 14); (ECF No. 7365 at 4 (seeking "assistance from the Court to prohibit such collection of fees")).  Neither the Turner Estate's motion nor Smith's notice of joinder expresses a view as to what a reasonable contractual fee would be, in the event that the contract is enforced, and neither seeks such a ruling from the Court.[1]  Podhurst is optimistic that a ruling that denies the Turner Estate's motion and validates Podhurst's well-established legal right to charge a contract-based fee for the work it performed and result it achieved for its client—the sole issue presented in the Turner Estate's motion and Smith's notice of joinder—will enable the parties to work out privately an agreement

---

[1] Indeed, beyond the question of whether individual retainer agreements are enforceable given the class-action nature of the settlement, the determination of a fair and reasonable fee under the thousands of retainer agreements involved in this litigation may require analysis of, among other things, the laws of the different states where such contracts were executed to determine whether the contingency contemplated in the agreements occurred before termination, and if not, the measure of a fair and reasonable fee under the circumstances.  Given the complexity and scope of these issues, it may be more efficient and appropriate to remand such fee disputes to the transferor courts where the cases originated.  *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998).

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3ʳᵈ Avenue, Suite 2700, Miami, FL 33131 Miami 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346          www.podhurst.com

as to a reasonable fee, if any dispute even remains, without the need for further Court intervention.

<u>BACKGROUND</u>

In early January 2012, Smith's wife, Chie Smith ("Chie"), expressed to an intermediary her interest in retaining Podhurst to pursue Smith's claim against the NFL and asked the intermediary to share her phone number with Podhurst.  After being notified of Chie's interest, Ricardo Martinez-Cid, a Podhurst partner, contacted her on January 5, 2012, to discuss Smith's potential claim.  Smith chose to retain Podhurst later that month, executing an Authority to Represent on January 25, 2012.[2]  (ECF No. 7365-1.)  This is the operative retainer agreement at issue in this dispute.[3]

Under the Authority to Represent, Smith agreed to pay "40% of any recovery" plus "[a]n additional 5% of any recovery after institution of any appellate proceeding" as attorneys' fees for Podhurst's services.  (*Id.*)  Nothing in the Authority to Represent suggests that Smith's agreement to pay these fees was conditioned on his recovery through an individual settlement, as opposed to a class action settlement.

Nonetheless, Podhurst proactively reduced the contingency fee percentage in its retainer agreements for all of its clients in this litgation, to account for the efficiencies of the class action settlement and ensure that fees paid to attorneys, whether they are paid to Class Counsel or individual attorneys, would not exceed a reasonable percentage of the amount awarded to class

---

[2] Two other law firms, James E. Doddo, P.A. and Bradley K. Blank, Esq., are also parties to the Authority to Represent.  This response is filed on behalf of these firms, as well.

[3] Chie entered into separate retainer agreement in February 2012 (ECF No. 7365-6), which she acknowledges was executed on her own behalf (ECF No. 7365 at 4.)  As the present dispute centers on whether Podhurst may recover a free from Smith's Monetary Award, the relevant agreement is the January 25, 2012 contract between Smith and Podhurst.

4

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2700, Miami, FL 33131 Miami 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346          www.podhurst.com

members.  Thus, Podhurst informed Smith in writing of its commitment to seek no more than a 25% fee from Smith's Monetary Award.

In July 2016, after the Third Circuit affirmed this Court's Order granting final approval of the settlement, Smith terminated his relationship with Podhurst without cause.

<u>**ARGUMENT**</u>

**I.      Podhurst Invested Significant Time And Resources Representing Smith On His Individual Claim.**

Smith claims that "no individual work was performed on [his] behalf" by Podhurst (ECF No. 7365 at 6), and that "at most, 9 or 10 emails were sent directly" to Smith or his wife, most of which were "mass mailings to class members as a whole" (*id*. at 5).  These allegations find no support in any evidence submitted by Smith and simply are incorrect.

In fact, as Smith apparently recognizes, these allegations conflict with Smith's own sworn statements.  In an April 2016 affidavit submitted to this Court, Smith (through his wife Chie, by a durable power of attorney) attested that "[m]y wife and I have had countless meetings, telephone conferences and email exchanges with my counsel, Steve Marks, about the status of the proceedings."  (ECF No. 7365-7 at 4.)  In his effort to deny Podhurst compensation for representing him, however, Smith now contradicts his own sworn statements, claiming, without any explanation, that his sworn description of events "was not the case."  (ECF No. 7365 at 4.) Smith's unsworn and unexplained attempt to undermine his own sworn statements should be rejected.

As indicated in Smith's own affidavit, Podhurst invested significant time and resources in Smith's case during its successful four-year representation, which involved myriad tasks.  After having thoroughly investigated and researched potential claims against the NFL for several months, Podhurst originally filed suit on Smith's behalf in the U.S. District Court for the

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2700, Miami, FL 33131 Miami 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346          www.podhurst.com

Southern District of Florida on February 8, 2012, and then filed a short-form complaint for him in this Court on July 12, 2012.[4]  (Ex. A (Marks Decl.), ¶ 3.)  Podhurst attorneys and staff spoke with his doctors and collected, organized, and reviewed Smith's medical records and information pertaining to insurance liens.  (*Id.*, ¶ 6.)  Podhurst commissioned and advised on the production of a "day in the life" video of Smith, documenting the overwhelming impact of ALS on his life.  (*Id.*, ¶ 7.)  Its attorneys counseled him and answered his questions regarding the settlement.  (*Id.*, ¶ 4.)  Its attorneys advised him and his wife regarding other litigation involving the NFL and the NCAA to assist them in making a decision to pursue those actions.  (*Id.*, ¶ 5.)  Its attorneys located, and represented the Smiths in negotiations over the course of several months with, a lender for an advance of Smith's Monetary Award, the terms of which were significantly more favorable than the loans the Smiths initially were considering.  (*Id.*, ¶ 8.)  And in general, its attorneys and staff made themselves available to speak with him and Chie on a regular, ongoing basis, exchanging countless emails and phone calls and meeting in person, to address their myriad concerns over the years.  (*Id.*, ¶ 3.)

As this summary of Podhurst's work on behalf of Smith demonstrates, Podhurst invested a significant amount of its time and resources in Smith's individual case on a contingency basis, bearing the risk that it would not receive any compensation unless Smith prevailed on his claim. To prohibit Podhurst from recovering any compensation whatsoever for this substantial work and risk, as Smith requests, would be unreasonable and cannot be squared with the law, as explained in response to the Turner Estate's motion.

---

[4] *See* Second Amended Complaint, *Jones v. National Football League*, No. 11-cv-24594 (S.D. Fla.)) at 1, 26, 116-17; Short Form Complaint, *Jones v. National Football League*, No. 12-cv-01027 (E.D. Pa.) (ECF No. 124).

6

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2700, Miami, FL 33131 Miami 305.358.2800 Fax  305.358.2382 • Ft. Lauderdale 954.463.4346                    www.podhurst.com

## II.     Podhurst Repeatedly Informed Smith That It Would Seek Reasonable And Fair Compensation Under Its Retainer Agreement.

Smith claims that Podhurst made statements "that [it] had no intention of pursuing attorneys' fees out of plaintiff's award." (ECF No. 7365 at 7.) This claim also finds no support in the emails submitted with Smith's joinder and is inaccurate. Indeed, Smith's notice of joinder itself belies this claim.

During the more than four years that Podhurst represented Smith, no Podhurst attorney ever told Smith or Chie that Podhurst would forego its contractual right to seek compensation from Smith's Monetary Award for its work on Smith's individual case. In fact, every email from a Podhurst attorney submitted with Smith's notice of joinder confirms that Podhurst repeatedly notified Smith and Chie that Podhurst would seek a reasonable and fair fee for its work on behalf of Smith.

The email correspondence upon which Smith relies covers a narrow eleven-day period immediately preceding the date on which Smith terminated Podhurst's representation. (ECF No. 7365-4; 7365-5.) In the correspondence, there are three emails from Podhurst attorneys. (ECF No. 7365-4 at 6-7; 7365-5 at 3; 7365-5 at 5.) In each email, the attorneys explained Podhurst's commitment not to seek the full, contractually entitled fee, but instead to reduce the fee to a reasonable and fair percentage under the circumstances. (*Id.*)[5] In line with these statements,

---

[5] Smith places particular emphasis on a July 14, 2016 email from Stephen F. Rosenthal, a Podhurst partner. (ECF No. 7365 at 5-6.) Smith misinterprets references to "future work" in that email as a concession that "no individual work was performed on behalf of Steven Smith prior to [the date of the email]." (*Id.* at 6.) But the email says no such thing. Instead, as Podhurst still represented Smith at that time, the email focusses on the additional work that Podhurst anticipated performing on behalf of Smith. It simply did not, and had no reason to, address the work that Podhurst had already performed on Smith's behalf.

7

---

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2700, Miami, FL 33131 Miami 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346          www.podhurst.com

Podhurst has committed to seeking no more than a 25% contract-based fee from its clients in this litigation.

Smith also claims that, during a phone call on August 10, 2016, Steven C. Marks, a Podhurst partner, told Chie that Podhurst had no intention of seeking any fee from Smith's Monetary Award.  As Marks's declaration submitted in support of this response establishes, however, Chie apparently misunderstood the conversation, because Marks never stated that Podhurst would decline to enforce its contractual right to the payment of a reasonable fee for its representation of Smith.  (Ex. A, ¶¶ 9-11.)

To the contrary, Marks explained, as he had on numerous occasions, the distinction between work performed on behalf of an individual case and common benefit work; that Podhurst would seek a fair and reasonable fee from Smith's Monetary Award for the work performed on behalf of his individual case; and that Podhurst would seek compensation for its common benefit work from the Court-awarded fees that the NFL agreed to pay.  (*Id.*)  Indeed, it appears that the Smiths understood this, as the Smiths acknowledged Podhurst's claim for compensation for its work representing Smith in this litigation when they signed an Assignment of Interest document in connection with an advance of Smith's Monetary Award they received from a lender.  (*Id.*, ¶ 8.)

## CONCLUSION

For the foregoing reasons and those explained in Podhurst's response to the Turner Estate's motion, Podhurst respectfully requests that the Court deny Smith's request to prohibit Podhurst from seeking any fee for its services from Smith's Monetary Award.

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2700, Miami, FL 33131 Miami 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346                    www.podhurst.com

Dated: April 10, 2017

Respectfully submitted,

**PODHURST ORSECK, P.A.**
SunTrust International Center
One S.E. 3rd Ave, Suite 2700
Miami, FL 33131
Telephone: (305) 358-2800
Fax: (305) 358-2382

By:     /s/ Steven C. Marks

STEVEN C. MARKS
Fla. Bar. No. 516414
Email: smarks@podhurst.com
STEPHEN F. ROSENTHAL
Fla. Bar No. 0131458
Email: srosenthal@podhurst.com
RICARDO M. MARTÍNEZ-CID
Fla. Bar No. 383988
Email: rmcid@podhurst.com
MATTHEW P. WEINSHALL
Fla. Bar No. 84783
Email: mweinshall@podhurst.com

*Attorneys for Plaintiffs*

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2700, Miami, FL 33131 Miami 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346     www.podhurst.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 10th day of April, 2017, I caused the foregoing Notice of Change of Address, to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the above-captioned matter.

By:   /s/ Steven C. Marks
      STEVEN C. MARKS

10

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2700, Miami, FL 33131 Miami 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346          www.podhurst.com