IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | § § § § § § § § § § § § § § § § § § § | No. 12-md-2323 (AB) <br><br> MDL No. 2323 <br><br> Hon. Anita B. Brody <br><br><br> PETITION TO ESTABLISH ATTORNEYS' LIEN |
| ------------------------------------------- | | |
| THIS DOCUMENT RELATES TO: <br><br> Plaintiffs' Master Administrative Long-Form Complaint and White, et al v. The National Football League No. 4:12-cv-01727 USDC, EDPA. 2:12-cv-03778-AB <br><br> SCOTT KELLAR | | |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Now come the Petitioners, Matthew C. Matheny and Jacqueline Ryall for Provost Umphrey Law Firm, L.L.P., pursuant to executed employment agreement and state as follows:

(1) Provost Umphrey Law Firm, L.L.P., is a Limited Liability Partnership comprised of lawyers practicing law. It is based in Beaumont, Texas. Matthew C. Matheny and Jacqueline Ryall are attorneys admitted to practice before the courts of Texas, and file this lien for attorneys' fees plus expenses as set forth hereinafter.

(2) On or about May 17, 2012, Petitioners were retained and employed by the Plaintiffs, Scott Kellar and Dana Kellar, pursuant to a contingent fee agreement, to pursue a claim for injuries and damages related thereto possibly caused by the National Football League's and all other responsible parties' liability for former

1

and/or retired NFL players' long-term brain injuries and other head injuries and damages associated with football-related concussions, head and brain injuries.

(3) From May 17, 2012 through November 20, 2016, Matthew C. Matheny and Jacqueline Ryall of the Provost Umphrey Law Firm, L.L.P. represented Scott Kellar and Dana Kellar in this matter under a 33.3 % contingency fee agreement. The document was signed by Scott Kellar and Dana Kellar. The specifics of the contingent fee agreement are as follows: If no recovery (by settlement or trial) is obtained, client will not owe a legal fee or expenses. If a settlement or judgment for the client is obtained, client(s) will pay to Provost Umphrey Law Firm thirty-three and a third (33.3) percent of the net recovery. In addition, it is agreed that all costs, out of pocket expenses, computer-assisted legal research expenses, financing expenses and/or interest incurred in borrowing the money necessary to finance the expenses on this case, as well as any offsets, will be paid by the client by deduction from client's share of the recovery after calculation of attorney's contingent fee.

(4) When Petitioners entered into the contract with the Kellars, they entered into the risk and expense of the litigation before any settlement discussion had been held. Pursuant to this agreement, the Petitioners filed a Long-Form Complaint on June 15, 2012, which is the subject of the instant action.

(5) From the date the Petitioners were authorized to proceed on behalf of the Kellars, the Petitioners have actively and diligently applied themselves to the investigation, preparation, and pursuit of Plaintiffs' claims, and have taken all steps necessary to prosecute those claims, including, but not limited to, the

preparation and filing of two complaints; correspondence and communications with the client; review of the NFL Questionnaire, ordering Plaintiff, Scott Kellar's, medical records and the review and summarizing of these records, conducting medical research of Plaintiff's medical condition, preparation for and holding teleconferences, and preparation for and attending meetings and hearings on this case in Pennsylvania as well as New York City.

(6) The necessity of the withdrawal of the below signed counsel is due to notice from the client, Scott Kellar, that he wishes to terminate the attorney-client relationship. It is anticipated that a new attorney will shortly be entering an appearance for the Plaintiffs in this action.

(7) Petitioners were not terminated by Plaintiffs for cause, and the termination was not due to malfeasance or other improper action on the part of Petitioners.

(8) The Petitioners claim the right to have a lien for attorneys' fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiffs in this action.

WHEREFORE, the Petitioners pray:

(1) That their attorneys' lien be determined;

(2) That the amount of the lien be established;

(3) That the Court order that the Petitioners be entitled to enforce their attorneys' lien against the proceeds to be derived from any settlement or judgment in this action;

(4) That the Defendant or the Defendant's insurer be prohibited from paying to the Plaintiffs any sum of money until said lien has been satisfied;

(5) For such other and further relief as this Court deems just.

Dated: April 11, 2017.

By:_____/s/_____
MATTHEW C. MATHENY
STATE BAR NUMBER: 24039040
mmatheny@provostumphrey.com
JACQUELINE RYALL
STATE BAR NUMBER: 17469445
jryall@provostumphrey.com

PROVOST ☆ UMPHREY
LAW FIRM, L.L.P.
Attorney at Law
Post Office Box 4905
Beaumont, Texas 77704
(409) 835-6000
(409) 838-8888 - Fax Number

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2017, I caused the foregoing Petition to Establish Attorneys' Lien to be served via the Electronic Case Filing (ECF) system in the United States District of Pennsylvania, on all parties registered for CM/ECF in the above captioned matter.

By:_____/s/_____
MATTHEW C. MATHENY