# EXHIBIT K

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc., <br><br> Defendants. | No. 2:12-md-02323-AB <br><br> MDL No. 2323 <br><br> **Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### <u>AFFIDAVIT OF CHIE T. SMITH</u>

STATE OF TEXAS:

COUNTY OF COLLIN:

I, Chie T. Smith, being duly sworn according to law, depose and state as follows:

I have been married to Steven Anthony Smith since December 8, 1989. I serve as Steven Smith's fiduciary agent under the powers of the Statutory Durable Power of Attorney dated March 17, 2016 executed and recorded in Collin County, Texas (Exhibit 1). I submit this affidavit in support of Steven Smith's Reply to Podhurst's Response in Opposition to Steven Smith's Notice of Joinder in the Estate of Kevin Turner's Motion to Resolve Attorney's Fee Dispute. I make this affidavit based on my own personal knowledge.

1. It was and still is my understanding that once the lawsuit became a certified class action, Podhurst would no longer collect attorney's fees from Steven's award based on the language in our retainer agreements and based on my conversations with Podhurst.

2. I do not recall an intermediary as referenced in Podhurst's response. I do not recall expressing to an intermediary that I was interested in hiring Podhurst. I do not recall hearing the name Podhurst until the day Ricardo Martinez-Cid called me and said he was an attorney at Podhurst and was interested in representing us.

3. I have never met James E. Doddo, communicated with him or received any correspondence from him. The only information I know is that his name is on our retainer agreements with Podhurst. I am not aware of any work he has performed on my behalf or on Steven's behalf.

4. I have have never met Diane M. Nast, communicated with her or received any correspondence from her. The only information I know is that her name is on our retainer agreements with Podhurst. I am not aware of any work she has performed on my behalf or on Steven's behalf.

5. No attorney or representative of Podhurst has ever traveled to my home or the city in which I live to visit me or my husband Steven.

6. I believed Ricardo Martinez-Cid was our attorney at Podhurst from the time we signed our retainer agreements. I did not know who Steven Marks was until I searched his name on the Podhurst website. I met Steven Marks for the first time in Philadelphia when I attended the Court hearing.

2

7. Podhurst approached me with the proposal to film the "Day in the Life" video and recommended that we do so. It was not our idea. We agreed to do it because we trusted our attorney.

8. The Affidavit of Steven A. Smith dated April 15, 2016 was sent to me already drafted by Podhurst. I was instructed by my attorney to sign it. I trusted my attorney and signed the document on behalf of my husband. I made no changes to the document. I arranged for a mobile notary to travel to our home to notarize the affidavit.

9. I spoke with Chris Seeger around 11am on August 10, 2016. During this call, I learned that Chris Seeger was responsible for locating Esquire Bank and negotiating our interest rate. I maintained handwritten notes taken at the time of the phone call which I have kept in original condition and can make available to the Court upon request.

10. I spoke with Steven Marks around 4pm on August 10, 2016. I specifically recall Steven Marks stating that he would not be pursuing any further actions against us prior to ending the call. I asked if he could provide this statement in writing and he stated that he was not legally required to do so. I maintained handwritten notes taken at the time of the phone call which I have kept in original condition and can make available to the Court upon request.

11. I never received a letter from Podhurst stating our fees were reduced from the fees stated in our retainer agreements.

I declare that the foregoing is true and correct.

Executed this _20_ day of April 2017.

CHIE T. SMITH

April 20, 2017

4