# EXHIBIT L

## ASSIGNMENT OF INTEREST IN LAWSUIT

Assignment of Interest in Lawsuit dated as of December 6, 2015 ("Assignment Agreement") made by Steven Anthony Smith and Chie T. Smith (collectively "Assignor" or "Borrower") to Esquire Bank, National Association ("Bank").

In consideration of Bank providing credit to Borrower, Assignor hereby agrees as follows:

Section 1. <u>Definitions</u>. As used in this Assignment Agreement, the following terms have the following meanings (terms defined in the singular to have the same meaning when used in the plural and vice versa):

"Assignment Agreement" means this Assignment of Interest in Lawsuit Agreement.

"Borrower" means, collectively, Steven Anthony Smith, an individual with an address at 2717 Millwood Drive, Richardson, Texas 75082 and Chie T. Smith, an individual with an address at 2717 Millwood Drive, Richardson, Texas 75082.

"Case" means the matter entitled "In Re National Football League Concussion Litigation", filed under Civil No 2:12-MD 02323-AB in the United States District Court in the Eastern District of Pennsylvania.

"Collateral" has the meaning specified in "Grant of Security Interest" (Section 3) of that certain Security Agreement between Borrower and Bank. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Loan Documents.

"Loan Documents" means each document executed in connection with the providing of the Line of Credit Loans, whether executed by Borrower, or any other Person, including the Line of Credit Note, the Security Agreement, the Irrevocable Letter of Instruction, the Spousal Consent, this Assignment Agreement, and any other document executed in connection with the Line of Credit Loan, or any or all of the foregoing, all as the context may require.

"Secured Obligations" means any and all present and future liabilities and obligations of Borrower to Bank, including all liabilities and obligations under or pursuant to any interest rate hedging or management agreement, such as a swap agreement, whether incurred by Borrower as principal or guarantor or otherwise, and whether due or to become due, secured or unsecured, absolute or contingent, joint or several, direct or indirect, acquired outright, conditionally or as collateral security by Bank from another, liquidated or unliquidated, arising by operation of law or otherwise, together with all fees and expenses incurred in collecting any or all of the items specified in this definition or enforcing any rights under any of the documents executed in connection with any such liabilities and obligations, including all fees and expenses of Bank's counsel and of any experts and agents which may be paid or incurred by Bank in collecting any such items or enforcing any such rights.

Section 2. <u>Rules of Interpretation</u>. When used in this Assignment Agreement: (1) "or" is not exclusive, (2) a reference to a law includes any amendment or modification to such law, and (3) a reference to an agreement, instrument or document includes any amendment or modification of such agreement, instrument or document.

Section 3. <u>Assignment of Interest in Collateral</u>. Assignor hereby assigns, transfers and sets over to Bank all of Borrower's rights, title and interest in the Collateral.

Assignor agrees that, without detracting from the generality of the foregoing assignment of the Borrower's interest in the Collateral, the following specific rights are included in this assignment and pass by virtue of this Assignment Agreement: (1) the sole right to collect from any individual or entity the net proceeds of the Case, including the Case proceeds, (2) the sole right to obtain one or more loans or advances on the Collateral, at any time, from other persons, and to pledge or assign the Collateral as security for such loans or advances, (3) the sole right to collect and receive all distributions or additions to the Collateral now or hereafter made or apportioned to such Collateral, (4) the sole right to exercise any and all options conferred upon Borrower with respect to the Collateral; and (5) the sole right to exercise all nonforfeiture rights permitted by the terms of the Case and to receive all benefits and advantages derived from such Collateral.

Section 4. <u>Security for Secured Obligations</u>. The Borrower's interest in the Collateral secures the

prompt and complete payment when due of all Secured Obligations.

Section 5. Application of Payments. Assignor agrees that all payments received by Bank with respect to the Collateral shall be applied as follows: first, to the payment of accrued and unpaid interest, including default interest, as applicable, second, to the payment of all fees and expenses, including Late Fees, due from Borrower to Bank, and third, to the payment of principal on the Line of Credit Loans.

Section 6. Defendant(s) in the Case Authorized to Recognize Claim. Any and all parties named as Defendants in the Case are hereby authorized to recognize Bank's claims to rights under this Assignment Agreement without investigating the reason for any action taken by Bank, or the validity or the amount of the Secured Obligations or the existence of any default therein, or the giving of any notice under this Assignment Agreement or otherwise, or the application to be made by Bank of any amounts to be paid to Bank. The sole signature of Bank shall be sufficient for the exercise of any rights under the Borrower's interest in the Collateral assigned under this Assignment Agreement.

Section 7. Actions to Perfect Assignment. Assignor agrees that from time to time, it will promptly execute and deliver all instruments and documents, and take all actions, that may be necessary or desirable, or that Bank may request, for the assignment of the Borrower's interest in the Collateral or to enable Bank to exercise and enforce any and all of its rights, powers and remedies under this Assignment Agreement and/or any other Loan Document.

Section 8. Representations and Warranties. At the time of execution of this Assignment Agreement and each time Bank provides credit as noted above, Assignor represents and warrants to Bank as follows:

(1) Name of Assignor. The exact legal name of Assignor is the name specified in the preamble to this Assignment Agreement.

(2) Type of Legal Entity. Assignor is an individual.

(3) No Contravention. The execution, delivery and performance by Assignor of this Assignment Agreement does not and will not (a) violate any provision of any law, order, writ, judgment, injunction, decree, determination, or award presently in effect applicable to Assignor, (b) result in a breach of or constitute a default under any indenture or loan or credit agreement or any other agreement, lease, or instrument to which Assignor is a party or by which Assignor's properties may be bound or affected, or (c) result in, or require, the creation or imposition of any lien upon or with respect to any of the properties now owned or hereafter acquired by Assignor other than Bank's lien on Borrower's interest in the Collateral.

(4) Governmental Authority. No authorization, approval or other action by, and no notice to or filing with, any governmental authority is required for the due execution, delivery and performance by Assignor of this Assignment Agreement.

(5) Legally Enforceable Assignment Agreement. This Assignment Agreement is the legal, valid and binding obligation of Assignor, enforceable against Assignor in accordance with its terms, except to the extent that such enforcement may be limited by (a) applicable bankruptcy, insolvency, and other similar laws affecting creditors' rights generally, or (b) general equitable principles, regardless of whether the issue of enforceability is considered in a proceeding in equity or at law.

(6) No Restrictions. Borrower warrants and represents that Borrower's interest in the Collateral is not subject to a restriction that prohibits, restricts or limits the assignment of such interest in the Collateral pursuant to this Assignment Agreement, the perfection of the security interest granted by this Assignment Agreement (including the priority of such security interest) or any other Loan Document, or the exercise by Bank of its rights, remedies and powers under this Assignment Agreement, any other Loan Document or otherwise.

(7) Security Interest and Claims. This Assignment Agreement creates a valid assignment of Borrower's interest in the Collateral and such assignment secures the payment of all Secured Obligations. The assignment to Bank of the Borrower's interest in the Collateral is a first priority assignment which is subject only to any lien of Podhurst Orseck P.A. resulting from attorneys' fees due to Podhurst Orseck P.A. in connection with its representation of Borrower in the Case. Borrower's interest in the Collateral is not subject to any other assignments. There are no outstanding loans against the Borrower's interest in the Collateral and Borrower's interest in the Collateral is clear of any

2

assignment, security interest, claim or other encumbrance, except for the assignment created by this Assignment Agreement or any other Loan Document.

Section 9. <u>Covenants</u>. Assignor agrees:

(1) <u>Reporting Requirements</u>. Assignor will immediately notify Bank if (a) any claim, including any attachment, levy, execution or other legal process, is made against the Borrower's interest in the Collateral and (b) any representation and warranty included in this Assignment Agreement would no longer be true if made on such date or (c) Borrower received all or any portion of the Collateral. Borrower will immediately deliver to Bank any notice received by him with respect to the Borrower's interest in the Collateral.

(2) <u>Restrictions on Collateral</u>. Assignor will not enter into any agreement or undertaking that restricts or limits the right or ability of Assignor or Bank to sell, assign or transfer Borrower's interest in the Collateral other than this Assignment Agreement or any other Loan Document.

(3) <u>Defense of Collateral</u>. Borrower will defend the Collateral against all claims and demands of all parties, other than Bank.

(4) <u>No Transfers, Assignment or Claims</u>. Assignor shall not sell, assign (by operation of law or otherwise), transfer or otherwise dispose of the Borrower's interest in the Collateral. Assignor will not create, permit or suffer to exist, any assignment, security interest, claim or other encumbrance on the Collateral other than the assignment under this Assignment Agreement or pursuant to any other Loan Document. At the request of Bank, Assignor will discharge or cause to be discharged all security interests, claims and other encumbrances on the Collateral, except for the assignment under this Assignment Agreement or pursuant to any other claim, right or lien in favor of Bank. Assignor will pay promptly when due all property and other taxes, assessments and governmental charges or levies imposed upon, and all claims against the Collateral.

(5) <u>Compliance</u>. Assignor will comply with all laws, rules, and regulations applicable to the Collateral.

(6) <u>Maintenance</u>. Assignor shall, at its own expense, take any and all actions required to maintain Borrower's interest in the Collateral in full force and effect.

Section 10. <u>Rights and Remedies</u>. If Assignor fails to perform any agreement contained in this Assignment Agreement, Bank may itself perform, or cause performance of, such agreement.

Upon a failure to pay when due any or all of the Secured Obligations, Bank may exercise all rights, remedies and powers provided for in this Assignment Agreement, any other Loan Document, by law, in equity or otherwise available to it, including.

The exercise of any right, option, privilege or power given herein to Bank shall be at the option of Bank, but Bank may exercise any such right, option, privilege or power without notice to, or assent by, or affecting the liability of, or releasing any interest hereby assigned by Assignor.

Bank shall not by any act, delay, omission or otherwise be deemed to have waived any of its rights or remedies under this Assignment Agreement. A waiver by Bank of any right or remedy under this Assignment Agreement on any one occasion, shall not be construed as a bar to or waiver of any such right or remedy which Bank would have had on any future occasion nor shall Bank be liable for exercising or failing to exercise any such right or remedy.

Section 11. <u>Appointment of Bank Attorney-in-Fact</u>. Assignor hereby irrevocably appoints Bank attorney-in-fact, with full authority in the place and stead of Assignor and in the name of Assignor, Bank or otherwise (1) to take any and all action and exercise all rights and remedies granted to Bank under this Assignment Agreement, and (2) to execute any instrument which Bank may deem necessary or advisable to accomplish the purpose of this Assignment Agreement.

Assignor hereby ratifies and approves all acts of Bank as its attorney in-fact pursuant to this Section, and Bank, as its attorney in-fact, will not be liable for any acts of commission or omission, nor for any error of judgment or mistake of fact or law, other than those which result from Bank's gross negligence or willful misconduct. This power, being coupled with an interest, is irrevocable so long as this Assignment Agreement remains in effect.

Section 12. <u>Assignor Remains Liable</u>. In all events, including the exercise by Bank of any of the rights under this Assignment Agreement, Assignor remains liable to perform all of its duties with respect

3

to the Collateral to the same extent as if this Assignment Agreement had not been executed. Bank shall not have any obligation or liability under by reason of this Assignment Agreement, nor shall Bank be obligated to perform any of the obligations or duties of Assignor under, or to take any action to collect or enforce any claim or rights under the Collateral.

The powers conferred on Bank under this Assignment Agreement are solely to protect its interest in the Collateral and shall not impose any duty upon Bank to exercise any such powers. Except for the accounting for moneys actually received by Bank under this Assignment Agreement, Bank shall not have any duty as to the taking of any necessary steps to preserve rights against prior parties or any other rights pertaining to the Collateral.

Section 13. <u>Waiver of Notices</u>. Assignor hereby waives any and all notices including (1) notice of or proof of reliance by Bank upon this Assignment Agreement or acceptance of this Assignment Agreement, (2) notice of the incurrence of any Secured Obligations or the renewal, extension or accrual of any such Secured Obligations, (3) notice of any actions taken by Bank or any party obligated to pay a Secured Obligation or any other person under any agreement or document related to or executed in connection with a Secured Obligation, and (4) notices of nonpayment or nonperformance, protest, notices of protest and notices of dishonor.

Section 14. <u>Waiver of Defenses</u>. Assignor hereby waives any and all defenses to the performance by Assignor of its duties and obligations under this Assignment Agreement or any other Loan Document, including any defense based on any of the following: (1) any failure of Bank to disclose to Assignor any information relating to the business, condition (financial or otherwise), operations, performance, properties or prospects of any party obligated to make payment on any or all Secured Obligations, whether as principal or guarantor, now or hereafter known to Bank, (2) any defense to the payment of any or all the Secured Obligations, including lack of validity or enforceability of any of the Secured Obligations or any documents or agreements executed in connection with any or all of the Secured Obligations, (3) any change in the time, manner or place of payment of, or in any other term in respect of, all or any of the Secured Obligations, or any other amendment or waiver of, or consent to any departure from, any documents or agreements executed in connection with any or all of the Secured Obligations, (4) any exchange or release of, or non-perfection of any security interest on or in any assets securing the payment of any or all of the Secured Obligations, (5) any failure to execute any other guaranty for all or any part of the Secured Obligations, or any release or amendment or waiver of, or consent to any departure from, any other guaranty for any or all of the Secured Obligations, (6) any subordination of any or all of the Secured Obligations, (7) any act or omission of Bank in connection with the enforcement of, or the exercise of rights and remedies, including any election of, or the order of exercising any, remedies, with respect to (a) the Secured Obligations, (b) any guarantor of the Secured Obligations, or (c) any assets securing the payment of the Secured Obligations, (8) any manner of application of any funds received by Bank to Secured Obligations or any other obligations owed to Bank, whether from the sale or disposition of any assets securing the Secured Obligations, from a guarantor of the Secured Obligations or otherwise, and (9) any failure to give or provide any notices, demands or protests, including those specified under "Waiver of Notices" (Section 13).

Section 15. <u>Indemnity and Expenses</u>. Assignor agrees to indemnify Bank and each of its directors, officers, employees, agents and affiliates from and against any and all claims, losses and liabilities growing out of or resulting from this Assignment Agreement or the transactions contemplated by this Assignment Agreement, including enforcement of this Assignment Agreement, except claims, losses or liabilities resulting from the gross negligence or willful misconduct of the person to be indemnified.

Assignor will upon demand pay to Bank the amount of any and all expenses, including the reasonable fees and out of pocket disbursements of its counsel and of any experts and agents, which Bank may incur in connection with (1) any amendment to this Assignment Agreement, (2) the administration of this Assignment Agreement, (3) filing or recording fees incurred with respect to or in connection with this Assignment Agreement, (4) the custody, preservation, use or operation of, or the sale of, collection from, or other realization upon, any of the Collateral, (5) the exercise or enforcement of any of the rights of Bank under this Assignment Agreement, or (6) the failure by Assignor to perform or observe any of the provisions of this Assignment Agreement.

Section 16. <u>Amendments</u>. No amendment or waiver of any provision of this Assignment Agreement, nor consent to any departure by Assignor

4

from this Assignment Agreement, shall in any event be effective unless the same shall be in writing and signed by Bank and Assignor, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

Section 17. <u>Addresses for Notices</u>. All notices and other communications provided for under this Assignment Agreement shall be in writing and, mailed or delivered by messenger or overnight delivery service, addressed, in the case of Assignor to the address of Assignor specified below its signature, and in the case of Bank to the address specified below; or as to any such party at such other address as shall be designated by such party in a written notice to the other party complying as to delivery with the terms of this Section.

> Esquire Bank
> Lending Department
> 320 Old Country Road, Suite 101
> Garden City, New York 11530
> Attention: Chief Lending Officer
>
> With a copy to:
>
> Cullen and Dykman LLP
> 100 Quentin Roosevelt Boulevard
> Garden City, New York 11530
> Attention: Marna E. Bernstein, Esq.

All such notices and other communications shall be effective, in the case of delivery by messenger or overnight delivery service, one (1) day after being delivered to the messenger or overnight delivery service, and in the case of delivery by mail, three (3) days after being deposited in the mail.

Section 18. <u>Continuing Assignment, Transfer of Secured Obligations</u>. Notwithstanding the fact that there may be no Secured Obligations outstanding from time to time, this Assignment Agreement shall create a continuing assignment of the Borrower's interest in the Collateral. This Assignment Agreement shall be binding upon Assignor, Assignor's legal representatives, the estate of Borrower and Borrower's heirs and assigns and inure to Bank and its successors, transferees and assigns. Assignor may not transfer or assign its obligations under this Assignment Agreement. Bank may assign or otherwise transfer all or a portion of its rights or obligations with respect to the Secured Obligations to any other party, and such other party shall then become vested with all the benefits in respect of such transferred Secured Obligations and the assignment granted to Bank pursuant to this Assignment Agreement or otherwise. Assignor agrees that Bank can provide information regarding Assignor to any prospective or actual successor, transferee or assign.

Section 19. <u>Submission to Jurisdiction</u>. Assignor hereby irrevocably submits to the jurisdiction of any federal or state court sitting in the County of Nassau in the State of New York over any action or proceeding arising out of or related to this Assignment Agreement, and agrees with Bank that personal jurisdiction over Assignor rests with such courts for purposes of any action on or related to this Assignment Agreement. Assignor hereby waives personal service by manual delivery and agrees that service of process may be made by prepaid certified mail directed to Assignor at the address of Assignor for notices under this Assignment Agreement, or at such other address as may be designated in writing by Assignor to Bank, and that upon mailing of such process such service will be effective as if Assignor was personally served. Assignor agrees that a final judgment in any such action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any manner provided by law. Assignor further waives any objection to venue in any such action or proceeding on the basis of inconvenient forum. Assignor agrees that any action on or proceeding brought against Bank shall only be brought in such courts.

Section 20. <u>Governing Law</u>. This Assignment Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its principles of conflicts of laws, except to the extent that the validity or perfection of the security interest under this Assignment Agreement, or remedies under this Assignment Agreement, with respect to the Collateral are governed by the laws of a jurisdiction other than the State of New York. Notwithstanding the foregoing, the execution and delivery of this Assignment Agreement and/or any other Loan Document shall be governed by the laws of the State of Texas without regard to Texas's conflict of laws principles.

Section 21. <u>Miscellaneous</u>. This Assignment Agreement is in addition to and not in limitation of any other rights and remedies Bank may have by virtue of any other instrument or agreement heretofore, contemporaneously herewith or hereafter executed by Assignor or by law or otherwise. If any provision of this Assignment Agreement is contrary to applicable law, such provision shall be deemed ineffective without invalidating the remaining

5

provisions of this Assignment Agreement. The headings in this Assignment Agreement are for convenience of reference only, and shall not affect the interpretation or construction of this Assignment Agreement.

Section 22. WAIVER OF JURY TRIAL. ASSIGNOR EXPRESSLY WAIVES ANY AND EVERY RIGHT TO A TRIAL BY JURY IN ANY ACTION ON OR RELATED TO THIS ASSIGNMENT AGREEMENT.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, Assignor has duly executed and delivered this Assignment Agreement as of the date of this Assignment Agreement.

*Steven Anthony Smith* by Emily T. Bank
Steven Anthony Smith

Chie T. Smith, as agent for
Steven Anthony Smith, pursuant to power
of attorney dated 8th Dec. 2015

Chie T. Smith

Address for Notices:
2717 Millwood Drive
Richardson, Texas 75082

7

F:\DOCS\00181 (Esquire Bank)\00190 (Steven Anthony Smith)\Assignment of Interest v 4.docx

Signature of STEVEN ANTHONY SMITH affixed by notary in the presence of **Brooke Ginsburg** _____ (insert name of disinterested witness), a disinterested witness, under section 406.0165 of the Texas Government Code.

WITNESS CERTIFICATION:

I certify that I was present when STEVEN ANTHONY SMITH directed the notary to affix his signature to the foregoing instrument and that I have no legal or equitable interest in any real or personal property that is the subject of or is affected by this instrument.

Signed on the **8** day of December in the year 2015.

*Brooke Gins[l]*
Signature of Witness

THE STATE OF TEXAS
COUNTY OF **COLLIN**

Before me, the undersigned authority, on this day personally appeared STEVEN ANTHONY SMITH, a person having a physical impairment that impedes his ability to sign the foregoing instrument, who is personally known to me or who has produced **TX ID card** (type of identification) as identification proving him to be the person named in the foregoing instrument as a party thereto and directed me to affix his signature to the foregoing instrument in the presence of **Brooke Ginsburg** (insert name of disinterested witness), a person having no legal or equitable interest in any real or personal property that is the subject of or is affected by this instrument and a person proved to me by identification card issued by **Texas** (insert issuer of identification card) that contained the photograph and signature of **Brooke Ginsburg** (insert name of disinterested witness), and STEVEN ANTHONY SMITH acknowledged to me that he directed me to execute the instrument on his behalf for the purpose and consideration therein expressed.

Given under my hand and seal of office on the **8** day of December in the year 2015.

*Mica Chesher*
Notary Public, State of Texas



MICA CHESHIER
Notary Public
STATE OF TEXAS
My Comm. Exp. 10-07-2019

STATE OF TEXAS          )
                        ) ss:
COUNTY OF **COLLIN**    )

This instrument was acknowledged before me on December **8**, 2015 by Chie T. Smith (name of attorney-in-fact) as attorney-in-fact on behalf of Steven Anthony Smith (name of principal).

_____
Notary Public

Printed Name: **Mica Cheshier**
My Commission Expires: **10-7-19**

[Notary Seal: MICA CHESHIER, Notary Public, STATE OF TEXAS, My Comm. Exp. 10-07-2019]

STATE OF TEXAS          )
                        ) ss:
County of **COLLIN**    )

This instrument was acknowledged before me on December **8**, 2015 by Chie T. Smith (name or names of person or persons acknowledging).

_____
Notary Public

Printed Name: **Mica Cheshier**
My Commission Expires: **10-7-19**

[Notary Seal: MICA CHESHIER, Notary Public, STATE OF TEXAS, My Comm. Exp. 10-07-2019]

9

F:\DOCS\00181 (Esquire Bank)\00190 (Steven Anthony Smith)\Assignment of Interest v 4.docx