IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION LITIGATION § § § § § § § § § | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**ALEXANDER OBJECTORS' MOTION FOR LEAVE
TO SERVE FEE-PETITION DISCOVERY**

The Alexander Objectors respectfully submit the following and request that the Court grant leave to the Alexander Objectors to serve Requests for Production of Documents pursuant to Fed. R. Civ. P. 34 and, in support, would show as follows:

**I.   The Court has Insufficient Information to Perform the Third Circuit's "Thorough Review" of Co-Lead Class Counsel's Petition for an Award of Attorneys' Fees, Reimbursement of Costs and Expenses, Adoption of A Set-Aside of Five Percent of Each Monetary Award and Derivative Claimant Award ("Co-Lead Class Counsel's Fee Petition")**

A district court must conduct a "through judicial review" of a fee application in a class action settlement. *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 819 (3d Cir. 1995). Attempting the review without adequate procedures or bases for an award is, standing alone, an abuse of discretio*n.  See In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 727 (3d Cir.

2001).

To date, Class Counsel has advanced nothing more than an *ipse dixit* as a basis for an award of fees: Mr. Seeger states that he "deemed all work being billed reasonably, necessary, and non-duplicative." *See* ECF No. 7152-2 at ¶¶ 72-73, 75-76. It is an insufficient basis for making an award of $112.5 million and withholding an additional 5% from every Class Member. The Alexander Objectors previously requested the entry of a Case Management Order that would permit the Court to vet the reasonableness of the fees through careful consideration of objections, along with an opportunity to seek information to develop those objections. *See* ECF 7176; *see also In re Baby Products Antitrust Litigation*, 708 F.3d 163, 177 (3d Cir. 2013) (noting that it is appropriate for the Court to address issues raised in objections to fee award). To date, Co-Lead Class Counsel has failed or refused to submit data that would form a basis for the Court to review Co-Lead Class Counsel's Fee Petition. Therefore, the Alexander Objectors now specifically request leave to serve discovery pursuant to Fed. R. Civ. P. 34

**II.     The Court Should Permit the Alexander Objectors to Serve Requests for production of Documents that form the basis of Co-Lead Class Counsel's statements in support of (a) $112.5 in attorneys fees; and (b) a full 5% set aside from every award from the Settlement.**

In order that the Court will have a sufficient basis to review Co-Lead Class Counsel's Fee Petition and the Alexander Objectors will have meaningful opportunity to object to Co-Lead Class Counsel's Fee Petition, the Alexander

Objectors seek leave to serve the following document requests:

1. Any and all documents prepared or submitted pursuant to Case Management Order No. 5, including but not limited to requests for extension of time to file reports or other formal or informal requests for relief from Case Management Order No. 5.

2. Every "Detailed Time Report" prepared in accordance with Case Management Order No. 5.

3. Every senior partner or shareholder certification of accuracy for time and expense entries prepared in accordance with Case Management Order No. 5.

4. Every document that pertains to an Interim Litigation Fund.

5. Every document reflecting an audit of a common-benefit time or expense report.

6. Any and all "contemporaneous daily time records regularly prepared and maintained" for any common-benefit fee award sought by any attorney pursuant to Co-Lead Class Counsel's Fee Petition.

7. Any and all "expense vouchers, check records, and other source material" that substantiates the record of expenses incurred by counsel seeking common benefit expenses.

8. Any and all documents submitted to Seeger Weiss per Mr. Seeger's July, 2016 letters to "Counsel" concerning requests for common benefit time as described in that letter:

    a. Every submission of "a report of a full, itemized list of each and every common benefit task with important supporting information";

    b. Every submission of "a report for total time and fees by task category";

    c. Every submission of "a report for each expense incurred for the common benefit with important supporting information."

      d.      Every "Time and Expense Reporting" spreadsheet submitted.

9. Any and all communications between plaintiffs' class counsel and lawyer or firm submitting common benefit time in Request No. 8 above pertaining to those submissions.

10. Any and all drafts of attorney declarations prepared in connection with Co-Lead Class Counsel's Fee Petition.

11. Any document that reflects contemporaneous recording of common-benefit time by any attorney seeking fees as part of Co-Lead Class Counsel's Fee Petition.

12. Any and all documents reflecting the review of common-benefit submissions by "attorneys and staff working at [Mr. Seeger's] direction." (ECF 7151-2, ¶ 75)

13. Any document that reflects a segregation of "time and expenses that inured [only] to the common benefit of the Class." (ECF 7151-2, Paragraph 76).

14. Any and all documents reflecting the division of hours or segregation of time between contingency contract clients and common benefit time for the firms seeking common benefit fees.

15. Any and all documents submitted by parties or their lawyers to the Court or any Special Master that refer or relate to forecasts or predictions of number of class members who are estimated to be eligible for Settlement funds and/or the funds necessary to adequately fund the settlement.

16. Any and all documents that refer or relate to the attorneys fee negotiations between the parties regarding the set aside provision in the Settlement, including any document pertaining to the negotiation of a decision tot modify the proposed settlement to add or include a set aside or hold back of up to 5% from any monetary award.

17. Any and all documents that refer or relate to the reasons the attorneys fee agreement between the parties was changed after the January 6, 2014 agreement was submitted for court approval.

18. Any and all documents reflecting the reasons for any changes to the settlement agreement after the January 6, 2014 agreement was rejected without prejudice.

19. Any and all documents sent to or received from Thomas Vasquez concerning this matter.

## PRAYER

For these reasons, the Alexander Objectors respectfully request the Court enter an order granting them leave to serve on Co-Lead Class Counsel the above-referenced discovery requests pursuant to Fed. R. Civ. P. 34.

Date:  April 21, 2017                                          Respectfully Submitted,

                                                               */s/ Lance H. Lubel*

Mickey Washington                                              Lance H. Lubel
Texas State Bar No.: 24039233                                  Texas State Bar No.: 12651125
WASHINGTON & ASSOCIATES, PLLC                                  Adam Voyles
1314 Texas Ave., Suite 811                                     Texas State Bar No.: 24003121
Houston, Texas 77002                                           Justin R. Goodman
Telephone: (713) 225-1838                                      Texas State Bar No.: 24036660
Facsimile: (713) 225-1866                                      LUBEL VOYLES LLP
Email: mw@mickeywashington.com                                 Montrose Blvd., Suite 800
                                                               Houston, TX 77006
James Carlos Canady                                            Telephone: (713) 284-5200
Texas State Bar No.: 24034357                                  Facsimile: (713) 284-5250
THE CANADY LAW FIRM                                            Email: lance@lubelvoyles.com
5020 Montrose Blvd., Suite 800                                 adam@lubelvoyles.com
Houston, TX 77006                                              jgoodman@lubelvoyles.com
Telephone: (713) 284-5204
Facsimile: (713) 284-5250
Email: ccanady@canadylawfirm.com

Attorneys for Melvin Aldridge, Trevor Cobb, Jerry W. Davis, Michael Dumas, Corris Ervin, Robert Evans, Anthony Guillory, Wilmer K. Hicks, Jr., Richard Johnson, Ryan McCoy, Emanuel McNeil, Robert Pollard, Frankie Smith, Tyrone

Smith, James A. Young Sr., and Baldwin Malcom Frank

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's ECF system on April 21, 2017.

*/s/ Justin R. Goodman*
