UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | **Hon. Anita B. Brody**<br><br>Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**REPLY IN SUPPORT OF PETITION OF OBJECTORS PRESTON AND KATHERINE JONES FOR AWARD OF ATTORNEYS' FEES FOR SUCCESSFUL EFFORTS TO IMPROVE THE SETTLEMENT FOR <u>NFL EUROPE LEAGUE PLAYERS (ECF # 7364)</u>**

Co-Lead Class Counsel's Omnibus Reply Memorandum in Further Support of Petition for Award of Attorneys' Fees etc. ("Omnibus Reply")[1] erroneously lumps in the Jones Objectors with so-called "losing objectors" (page 36) who "unsuccessfully battled the Settlement" (page 1) and tried to "scuttle the Settlement" (pages 3, 36). The Jones Objectors did not oppose the final

---

[1] ECF No. 7464. The Omnibus Reply is in part a reply to several oppositions filed against Class Counsel's Petition for Award of Attorneys' Fees and Reimbursement of Expenses, and in remaining part an opposition to three objector petitions for attorneys' fees, including that of the Jones Objectors (ECF No. 7364). Page references herein are to the pagination of the original document, rather than the ECF numbering.

Settlement and were successful in their objection efforts, as measured by benefits accruing to the Class.[2]

Class Counsel's Omnibus Reply is totally silent on the point that a portion of the fees Class Counsel is seeking is based on substantial NFL Europe-league playing-season benefits eligibility that Class Counsel not only did not achieve, but actually worked (and billed time) to oppose. Class Counsel's argument that objectors are collectively "outlandish" and "asking to be paid for acting *to the detriment of the Class*" (Omnibus Reply at p. 36) completely flips reality <u>in the context of the benefits for Europe-league retired players</u>. In that arena, it was not objectors who "lost" (*id.*); objectors succeeded, and the Class substantially benefitted as the result. Class Counsel's own logic *directly supports* a fee award to objector counsel rather than to Class Counsel for the Settlement's Europe-league benefits. This logic applies to any basic award from the Attorneys' Fees Qualified Settlement Fund, as well as the so-called five-percent "set-aside" Class Counsel has requested.[3]

Further, as Class Counsel also argues, "'the court can easily evaluate not only the quality of the objector's work but also the impact it had on the court's ultimate decision,' and it is thus 'able to measure the dollar value of the objector's contribution to the class's net recovery.'" ECF No. 7464, Omnibus Reply at pages 37-38 (quoting *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 201 n.17 (3d Cir. 2005)). The Jones Objectors' fee petition (ECF No. 7364) attempted to present

---

[2] In addition to arguing for NFL Europe league playing season credit, the Jones Objectors also concurred in the Faneca Objectors' objection to the July 7, 2014 termination of eligibility for benefits payable to survivors of retired players who died with CTE after preliminary settlement approval. Even that additional objection achieved some success inasmuch as the Court's February 2, 2015 Order instructed that such survivor benefits be extended through the date of final approval of the Settlement. The Jones Objectors seek no fees based on that interim enhancement.

[3] The logical point is unaffected by Class Counsel's perplexing assertion (Omnibus Reply at pp. 22-23) that its requested additional set-aside of five percent of monetary awards to claimants will be paid or reimbursed by individual claimants' *counsel* (at least for those claimants who have counsel at the time), rather than be diverted from benefits otherwise payable to claimants (which is what the Settlement Agreement actually provides), even if the assertion were assumed to be correct. But the assertion in fact appears as simply a wishful suggestion by Class Counsel, reflected in a purported "example" in Section 21.1 of the Agreement. Neither current nor currently unknown potential future individual claimant counsel were even parties to the Settlement Agreement, which in any event makes no attempt at any provision or mechanism to reduce the impact of the set-aside on a claimant who has retained or will retain counsel.

all the potentially relevant papers to the Court on the Europe season credit enhancement, on the expectation that this might assist the Court in doing exactly that.

Class Counsel at times seems to suggest that any objectors who were not "first" to file their brief must not have assisted the Court or helped the Class, noting that the Faneca Objectors (who pressed objections on multiple grounds during the settlement approval process) filed their objections to the June 25, 2014 proposed settlement eight days before other objectors, on October 6, 2014 (ECF No. 7464, Omnibus Reply at p. 64 n.61). Of course, that was also exactly eight days before the October 14, 2014 deadline for objections set by the Court's July 7, 2014 preliminary approval Order (ECF No. 6084), so the sequence of briefs was made virtually inevitable, and may reflect a preference by the Faneca Objectors to be "first," as they were again with their attorneys' fee petition to this Court (ECF No. 7070). In all events, in exercise of its "broad discretion" on objector fees (Omnibus Reply at p. 37), the Court may certainly include consideration of whether the order of the briefs affected their usefulness to the Court in any respect.

Finally, Class Counsel curiously describes the Jones Objectors as "minor objectors" (ECF No. 7464, Omnibus Reply at p. 63). This may have been intended to diminish their arguments without fully engaging them. But the Jones Objectors' central concern was with the treatment of NFL Europe league players in the June 25, 2014 proposed settlement, because like many retired players, Preston Jones played most of his NFL career in Europe. On that issue, the Jones Objectors were no more "minor" than any other objector or objector group; the voluminous and wide-ranging briefs, expert declarations, and appeals that might render certain other objectors as comparatively "major" litigation players are not logically relevant to the Court's evaluation of common benefit counsel fees specifically for benefits achieved for Europe-league retired players and their families. Again, it falls to the Court to assess the usefulness to the Court of the Europe-league season credit objections leading to the Court's February 2, 2015 Order (ECF No. 6479) declining to approve the June 25, 2014 proposed settlement on enumerated grounds, which accordingly gave rise eleven days later (ECF No. 6481-1) to what would become the final improved Settlement (see ECF No. 6509 at p. 4 & n. 1).

On the expectation that the Court will agree with Class Counsel that "losing" arguments and indeed arguments advanced to the detriment of the ultimate interests of the Class do *not* generally merit common benefit compensation, while successful efforts that demonstrably and substantially benefit the Class *do*, the Jones Objectors respectfully request that the Court consider their petition for a discretionary award of fees for the substantial European-league season credit enhancement to the Settlement.

Dated:  April 25, 2017

                                           Respectfully submitted,

                                           */s/ James T. Capretz*
                                           _____
                                           James T. Capretz
                                           CAPRETZ & ASSOCIATES
                                           5000 Birch Street, Suite 4600
                                           Newport Beach, California 92660
                                           Telephone: (949) 724-3000
                                           Facsimile: (949) 757-2635
                                           Email: jcapretz@capretz.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's ECF system on April 26, 2017.

*/s/ James T. Capretz*
James T. Capretz