## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE RETIRED PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO: ALL OPT OUT ACTIONS | Hon. Anita B. Brody |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED MASTER ADMINISTRATIVE LONG-FORM COMPLAINT

Pursuant to Rule 15(a)(2), Plaintiffs respectfully move for leave to file the attached Second Amended Master Administrative Long-Form Complaint ("Second Amended Complaint").

### PRELIMINARY STATEMENT

The Opt Out Plaintiffs are retired professional football players who played as part of the National Football League and have opted out of the settlement that has recently commenced in this matter. These Plaintiffs' claims remain unresolved after they elected not to settle with Defendants under the terms of the Class Action Settlement Agreement entered into on February 13, 2015 ("Settlement Agreement"). The Opt Out Plaintiffs allege, *inter alia*, that they were deceived by the Defendants and never told that repeated impacts to the head would cause long term brain injuries. As Plaintiffs who are not part of the Settlement Class and who elected not to participate in the Settlement, the Opt Out Plaintiffs wish to bring forth pleadings that adequately and specifically address their individual claims. The Proposed Second Amended Master Administrative Long Form Complaint, along with the corresponding Short Form Complaint for each Opt Out Plaintiff, are meant to reconcile the Opt Out Plaintiffs' allegations, claims, and

-1-

theories of recovery that remain centralized in this MDL and to serve the administrative

functions of efficiency and economy as described by the Court in *in Re: Propulsid Product*

*Liability Litigation*, 208 F.R.D. 133, 141 (E.D. La. 2002).


## PROCEDURAL HISTORY

On February 13, 2015, a Settlement Agreement was entered into between the National

Football League and NFL Properties LLC ("NFL Defendants") and Class Counsel on behalf of

the Plaintiffs.  *See* Dkt. 6481-1.  The Settlement Agreement defined "Opt Outs" as individuals

who would otherwise have been included in the Settlement Class but exercised the right to

exclude himself or herself from the Settlement Class in accordance with Fed. R. Civ. P. 23(c)(2).

*Id.* at 12.  Each Opt Out Plaintiff herein exercised that right to be excluded from the Settlement

Class and the Settlement Agreement.

On March 27, 2017, the Court held an Organizational Meeting for all Opt Out Plaintiffs

in this MDL who continue to have pending claims.  See Dkt. 7477 at *1.  As a result of that

meeting, on April 12, 2017, the Court issued an Order stating:

> Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Lead
> Counsel for Opt Out Plaintiffs may file a motion for leave to file a Second
> Amended Master Administrative Long-Form Complaint and an Amended
> Short Form Complaint Template (not to exceed twenty-five (25) pages,
> exclusive of the Second Amended Master Administrative Long-Form
> Complaint and the Amended Short Form Complaint Template) on or
> before April 26, 2017. Any such motion shall be accompanied by a
> supporting memorandum describing how the Second Amended Master
> Administrative Long-Form Complaint and the Amended Short Form
> Complaint Template comport with Rule 15(a)(2).

> Dkt. 7477 at *1-2.

Plaintiffs respectfully submit this Motion and Memorandum in Support in accordance to

the Court's April 12, 2017 Order.

## **LEGAL ARGUMENT**

The Court has broad discretion under Fed. R. Civ. P. 15(a)(2) to grant leave to amend pleadings, and Rule 15 provides that such leave be given freely. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).  A court should only deny a motion for leave to amend where: "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."  *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000); see also *USW v. Rohm & Haas Co.*, No. 05-CV-0039, 2008 U.S. Dist. LEXIS 62387 (E.D. Pa. Aug. 14, 2008) (allowing plaintiffs to amend complaint to add new facts); *Wilmington Fin., Inc. v. Blue Star Fin. Servs.*, No. 07-3489, 2008 U.S. Dist. LEXIS 1793, at *7 (E.D. Pa. Jan. 9, 2008) (amendment allowed as no futility); *Revelle v. Trigg*, No. 95-5885, 1999 U.S. Dist. LEXIS 382 (E.D. Pa. Jan. 19, 1999) (granting motion to amend complaint to add defendant).

Courts reviewing these factors have stressed that "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).  The burden of showing prejudice falls to the non-moving party, who may not merely claim prejudice.  Rather, the non-moving party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Bechtel*, 886 F.2d at 652 (internal quotation marks omitted).  Even where granting leave to amend might extend litigation, such "delay alone is insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Assn'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Cornell*, 573 F.2d at 823).

First, Plaintiffs have not delayed or exhibited bad faith in seeking leave to amend the Complaint. No evidence exists that Plaintiffs exhibited undue delay, bad faith, or dilatory motives. The "mere passage of time" is not sufficient to deny a motion for leave to amend on the basis of undue delay. See *Cureton*, 252 F. 3d at 273. See also *Arthur v. Maersk, Inc*., 434 F. 3d 196, 205 (3d Cir. 2006) ("There is, of course, no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue' "). Rather, the focus of the inquiry is the facts and circumstances of the particular case. See *Romero v. Allstate Ins. Co.*, No. 01-3894, 2010 U.S. Dist. LEXIS 76050, at *17 (E.D. Pa. July 28, 2010). The Plaintiffs herein timely submitted their requests to "opt out" of the Settlement Class and not participate in the settlement. Meanwhile, the Court and the parties have been administrating the settlement for those plaintiffs that did elect to "opt in." Furthermore, the Court only recently appointed counsel to coordinate the representation of the Opt Out Plaintiffs and directed that this Motion be filed. These Plaintiffs would not have otherwise had a reasonable opportunity to bring forth an amended complaint at an earlier time. For the foregoing reasons, no delay, bad faith, or dilatory motives should be found.

Second, the amendment is not be futile. An amendment is considered futile "if the amended complaint cannot withstand a renewed motion to dismiss." *Wolfson v. Lewis*, 168 F.R.D. 530, 534 (E.D. Pa. 1996) (quoting *Jablonski v. Pan Am. World Airways, Inc*., 863 F.2d 289, 292 (3d Cir. 1988)). Plaintiffs' claims continue to be actionable and still may overcome a motion to dismiss. Plaintiffs have pleaded sufficient facts to show, *inter alia*, plausible claims that Defendants engaged in a fraudulent and negligent manner by omitting material information about repetitive head impacts causing brain injuries. This request to amend the Complaint is an effort to efficiently reconcile the allegations, claims, and theories of recovery of Opt Out

Plaintiffs that remain consolidated in this MDL.  These Plaintiffs specifically elected not to be a part of the previous Settlement Class, and wish for pleadings tailored to their individual cases be heard.  The proposed Second Amended Complaint, along with the Proposed Short Form Complaint, supplements the previous Amended Complaint's claims by providing additional factual support about the conduct being alleged and by describing the harm caused to each individual Plaintiff.   All of the proposed amendments would still overcome a motion to dismiss. For these reasons, Plaintiff's proposed amendments cannot and should not be considered futile.

Third, the amendment would not prejudice Defendants.  To establish undue prejudice, the non-moving party must demonstrate that the amendment would leave the non-moving party "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the allegations in the amended complaint been timely made." *Romero*, 2010 U.S. Dist. LEXIS 76050, at *45 (internal quotation marks omitted).  However, even where a proposed amendment adds new allegations against a defendant, "where the evidence required to meet these new allegations is substantially similar to that which was originally required, prejudice does not exist." *Id.* at *46 (internal quotation marks omitted).  In addition, "the need for additional discovery due to amendment does not, without more, prejudice the non-moving party." *Id.*  (citing *Dole v. Arco Chem. Co*., 921 F.2d 484, 488 (3d Cir. 1990) and *Amquip Corp. v. Admiral Ins. Co*., 231 F.R.D. 197, 200-01 (E.D. Pa. 2005)).

The Defendants herein were well aware that not all plaintiffs in this litigation would be entering into the Settlement Agreement.  Plaintiffs were always entitled to opt out of the settlement class under Fed. R. Civ. P. 23(c)(2).  Further, provisions acknowledging the procedure for opting out of the Settlement Class were written into the Settlement Agreement itself.  It should be no surprise to Defendants that the Opt Out Plaintiffs would continue to pursue their

individual claims.  Opt Out Plaintiffs have not pled all of the same claims as were initially pled, and have added significant detail from their investigative efforts.  No discovery has yet commenced.  Defendants cannot show that they were unfairly disadvantaged or deprived of any opportunity to present facts or evidence.   Therefore, granting leave to file the Second Amended Complaint poses no prejudice to Defendants.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court grant their Motion for Leave to File Second Amended Master Administrative Long-Form Complaint.


Dated:  April 26, 2017                              Respectfully Submitted,


By:     */s/ Wendy R. Fleishman*_____
          Wendy R. Fleishman

Adam H. Weintraub
Andrew R. Kaufman
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street
8th Floor
New York, New York 10013
Telephone: (212) 355-9000
Facsimile:  (212) 355-9592
wfleishman@lchb.com

*Lead Counsel on Behalf of Opt Out
Plaintiffs*

Bradford R. Sohn
The Brad Sohn Law Firm
2600 South Douglas Road
Suite 1007
Coral Gables, Florida 33134
Telephone: (786) 708-9750
Facsimile:  (305) 397-0650
brad@sohn.com

*Attorney for Plaintiffs*