# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION LITIGATION | § § § § No. 12-md-2323 (AB) § |
| KEVIN TURNER & SHAWN WOODEN on behalf of themselves and others similarly situated | § MDL No. 2323 § § Civ. Action No. 14-00029-AB § |
| v. | § § |
| National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc. | § § § § § |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | § § § |

**ARMSTRONG OBJECTORS' REPLY IN RE: THEIR ATTORNEYS' FEE PETITION**

Class Counsel's opposition to the Armstrong Objectors' admittedly reasonable fee petition[1] is high on drama, but light on substance. The Armstrong Objectors respectfully file this brief Reply to Co-Lead Class Counsel's Omnibus Fee and Expense Brief (Doc. #7464 at 56-63) to re-focus the discussion on the cold, hard facts.

## I. The Armstrong Objectors' efforts resulted in the Collateral Time Benefit for Class Members.

Class Counsel claims that the Armstrong Objectors' appeals did not confer a Collateral Time Benefit on Class Members, feigning indignation at the Armstrong Objectors' "attack on the integrity of the MAF physicians" (Omnibus Fee and Expense Brief at 60). How self-serving. Class Counsel further accuse the Armstrong Objectors of making a "vaporous statement that Class Members 'distrust' the NFL." *Id*. Vaporous. Really?

Now that the settlement is final, Class Counsel apparently forget this is litigation. The NFL and Class Members are adversaries. The litigation arose out of Class Members' distrust of the NFL's billionaire owners who allegedly put profits before safety and defrauded Class Members out of their health and well-being. Because of Class Members' distrust, this litigation commenced. And because of Class Members' distrust, Class Counsel stand to be paid a handsome fee for performing little substantive work. Just because there is a settlement does not mean that Class Members' deep-seated and long-standing distrust of the NFL magically disappeared. To suggest otherwise is intellectually dishonest.

The Collateral Time Benefit conferred upon Class Members by the Armstrong Objectors' appeals is both real and valuable. *See, e.g*., Declaration of McDonald Worley (Exhibit A). The minimal time delay in implementing the settlement is more than outweighed by the benefit to Class Members of being tested by neurosurgeons of their choosing—thereby potentially

---

[1] Doc. #7230 and #7232.

1

maximizing their settlement benefits. *Id*. Class Counsel do not offer a scintilla of evidence to the contrary. The Armstrong Objectors' Counsel should be compensated for delivering this benefit.

## II. The final settlement contains improvements benefitting Class Members mirroring suggestions made by the Armstrong Objectors.

Here, it's first important to note that Class Counsel do not dispute that on September 3, 2014, *more than a month before the objection deadline*, and long before any objections were *filed* on the Court's ECF by anyone, the Armstrong Objectors mailed their Objection to the Clerk of the Court as directed by the Court's preliminary approval order—which the Court eventually filed on the ECF. *See* Doc. #6353. In other words, the Armstrong Objectors—not the Faneca Objectors—were the first objectors to the table. In their comprehensive Objection (Doc. #6353) and subsequently filed Amended Objection (Doc. #6233), the Armstrong Objectors articulated sixteen detailed, multi-part objections to the Revised Settlement and concrete proposals for curing the defects—including, among others, suggestions to open up the BAP, extend the Death with CTE benefits eligibility period, and eliminate the $1,000 appeal fee.

Although the final settlement does not include the precise enhancements for opening up the BAP, extending the Death with CTE benefits eligibility period, and eliminating the appeal fee advocated by the Armstrong Objectors (they advocated for more expansive revisions), the Armstrong Objectors' efforts certainly contributed to what was achieved.

Boiling Class Counsel's position down to its least common denominator, Class Counsel argues that the Armstrong Objectors' Counsel are not entitled to compensation for securing these enhancements because what was actually achieved does not precisely line up with what the Armstrong Objectors requested. Omnibus Fee and Expense Brief at 61-63. But that is not the standard. Nor does Class Counsel, in truth, want it to be the standard. Class Counsel did not settle this litigation for 100% of what they demanded. Thus, under Class Counsel's articulated

standard, they also should receive nothing for their efforts since they did not secure all of the relief they sought.

But again, that's not the standard. It's the concerted effort that counts. These three settlement enhancements were secured by the Armstrong Objectors' Counsel's efforts. It is undisputed they were the first ones to the table to suggest them. They should be compensated accordingly.[2]

***

"'[I]t is well settled that objectors have a valuable and important role to perform in preventing . . . unfavorable settlements, and . . . they are entitled to an allowance as compensation for attorneys' fees and expenses where a proper showing has been made that the settlement was improved as a result of their efforts.'" *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 743 (3d Cir. 2001) (citation omitted).

The Armstrong Objectors' efforts improved the settlement, conferring additional benefits on Class Members. Their Counsel's requested fee award (straight time, no multiplier, and no expense request) is more than reasonable. Accordingly the Armstrong Objectors respectfully request that the Court award them attorneys' fees of $599,700, and such other and further relief to which they are justly entitled.

Date: May 5, 2017

---

[2] Class Counsel (and the Faneca Objectors) suggest the Armstrong Objectors' fee petition is a "knockoff" of the Faneca Objectors' fee petition. Omnibus Fee and Expense Brief at 56. But it's not. Class Counsel confuse the concept of a "knockoff" with hoisting the Faneca Objectors on their own petard. WILLIAM SHAKESPEARE, HAMLET, ACT 3, SC. 4.

        Respectfully submitted,

        */s/ Richard L. Coffman*
        Richard L. Coffman
        **THE COFFMAN LAW FIRM**
        505 Orleans, Fifth Floor
        Beaumont, Texas  77701
        Telephone: (409) 833-7700
        Email: rcoffman@coffmanlawfirm.com

        Mitchell A. Toups
        **WELLER, GREEN, TOUPS &TERRELL, LLP**
        2615 Calder Ave., Suite 400
        Beaumont, TX 77702
        Telephone: (409) 838-0101
        Email: matoups@wgttlaw.com

        Jason C. Webster
        **THE WEBSTER LAW FIRM**
        6200 Savoy, Suite 150
        Houston, TX 77036
        Telephone: (713)581-3900
        Email: jwebster@thewebsterlawfirm.com

        Mike Warner
        **THE WARNER LAW FIRM**
        101 Southeast 11th Suite 301
        Amarillo, TX 79101
        Telephone: (806) 372-2595
        Email: mike@thewarnerlawfirm.com

        **COUNSEL FOR THE ARMSTRONG OBJECTORS**

## CERTIFICATE OF SERVICE

I certify that a true copy of the Armstrong Objectors' Reply in re: their Attorneys' Fee Petition was served on all counsel of record, via the Court's ECF system, on May 5, 2017.

        */s/ Richard L. Coffman*
        Richard L. Coffman

        **COUNSEL FOR THE ARMSTRONG OBJECTORS**

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION LITIGATION | § § § § § § § § |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | No. 12-md-2323 (AB) MDL No. 2323 Civ. Action No. 14-00029-AB |

## DECLARATION OF MCDONALD WORLEY

Pursuant to 28 U.S. C. §1746, I, **McDonald Worley**, declare as follows:

1. My name is McDonald Worley. I am an attorney licensed to practice law in the State of Texas, New York and D.C. and in the United States District Courts for the Eastern and Southern Districts of Texas.

2. I am an attorney in the law firm of McDonald Worley, P.C. I have been practicing law for twenty (20) years. I have personal knowledge of the facts stated in this declaration and, if called upon, I could, and would, testify competently to them. This declaration is made at the request of the Armstrong Objectors.

3. My law firm and I represent a number of NFL players in the above litigation. The Effective date of the settlement was not going into effect until all appeals were final. The final version of the settlement allowed for class members prior to the Effective Date to be evaluated by credentialed physicians of their choosing using testing and documentation that is "general consistent" but less onerous than required after the Effective Date. After the Effective Date, the living class members are now required to be evaluated by physicians specifically part of the

network created by the settlement who use the testing protocol and documentation specifically set out in the settlement.

4. While I understand that the appeals that were presented to the Third Circuit, and ultimately with an Application for Certiorari to the Supreme Court, were not for the reason of extending this deadline, it became a collateral benefit to the class that the Effective Date was extended. The Effective Date of the settlement became January 7, 2017, which gave all class members almost 19 extra months to obtain testing with their own neurosurgeons for purposes of obtaining a qualified diagnosis. Under the settlement, the effective date would have been 30 days after approval of the District Court (i.e., May 23, 2015). Due to these objections and appeals, the entire class was given a very important benefit. This benefit, in my opinion, is that it is more likely that each player I represent, as well as other class members, were given a better opportunity to qualify for one of the categories of benefits and/or qualify for a higher category of benefits, which will mean many more settlement dollars to my clients and all class members. In addition, many of my clients are, and have been, distrustful of the NFL for years, and having more time to choose their own doctor to obtain a qualified diagnosis is very valuable to them for peace of mind in the entire process and will more likely qualify them for a higher monetary benefit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___April 27th___, 2017.

_____
McDonald Worley, Esquire
McDonald Worley, P.C.
1770 St. James Place, Suite 100
Houston, TX 77056
713-523-5500
Email: don@mcdonaldworley.com