# SEEGERWEISS LLP

77 Water Street, New York, NY 10005   P 212.584.0700   F 212.584.0799   www.seegerweiss.com

May 12, 2017

**Via ECF**

The Honorable Anita B. Brody
United States District Court
  for the Eastern District of Pennsylvania
601 Market Street
Room 7613
Philadelphia, PA   19106

       Re:    *In Re: National Football League Players' Concussion Injury Litigation*,
              No. 2:12-md-02323-AB

Dear Judge Brody:

      As Co-Lead Class Counsel, we submit this status report to advise the Court that we have reached an impasse in negotiations with counsel for the entity formerly known as NFL Case Consulting, LLC (now known as Case Strategies Group) and Jim McCabe (collectively referred to herein as "CSG"), related to Co-Lead Class Counsel's Motion for an Injunction Prohibiting Improper Communications with the Class (ECF No. 7347) ("Motion"), filed on March 27, 2017. Unfortunately, despite having met and conferred in good faith, the parties continue to have a fundamental difference of opinion. While Co-Lead Class Counsel are mindful of the Court's docket and loathe to call upon the Court to intervene further this matter, in our view, further negotiations would be futile and would serve only to allow CSG more time to continue to communicate unfettered with Class Members and to continue to persuade Class Members to contract away 10% to 15% of their monetary awards in exchange for the "technology driven outsourced claims management services" that CSG purports to provide, based upon possible misrepresentations or misunderstandings.

      Specifically, as we have communicated to counsel for CSG, we remain concerned on several fronts. These concerns prevent us from agreeing to any offer to resolve the matters raised in our Motion (as well as troubling facts concerning misrepresentations that have come to light since the Motion was filed) that does not include CSG's disclosure of the identities of Class Members with whom it has entered into agreements and the identity of the law firm(s) to whom it refers its client Class Members.

                New York              Newark              Philadelphia

Initially, we pointed out to counsel for CSG that as Court-appointed Class Counsel, we owe a fiduciary duty to Class Members, which includes protecting them from misinformation about the Settlement that could influence the exercise of their rights under the deal or shortchange the relief to which they are entitled. Given the very nature of this case, many Class Members with whom CSG communicated and entered into agreements, or will communicate and enter into agreements in the future, are neurocognitively impaired. Thus, the possibility of misinformation influencing Class Members is considerably heightened.

Further, Co-Lead Class Counsel are concerned that, based upon CSG's prior version of its website – a version that was launched *after* we filed the Motion and which contained numerous misrepresentations[1] – Class Members may have decided to contract with CSG, in whole or in part in reliance upon CSG's misrepresentations in that website, and/or upon verbal statements made by CSG's employees, consistent with those website misrepresentations, during telephone calls with Class Members. CSG's offer to attempt to determine, through further written and verbal communications with Class Members, without any oversight by Co-Lead Class Counsel or the Court, whether any of the Class Members with whom they have contracted did so based upon misrepresentations, is insufficient. As we explained to CSG's counsel, consistent with our fiduciary duty, we must be able to determine for ourselves whether Class Members who contracted with CSG were influenced by these or other misrepresentations.

Additionally, the version of the agreement that CSG had been using to contract with Class Members, which Co-Lead Class Counsel acquired after the Motion was filed, contained at least one critical misrepresentation – reference to the possibility that a Qualifying Diagnosis could be obtained outside of the Settlement after the Effective Date. Although counsel for CSG have represented to the undersigned that CSG has since changed the version of the contract it is using and has provided the new version of same, Co-Lead Class Counsel have no idea how many or which Class Members entered into contracts with CSG based upon that prior version of the agreement.

---

[1] CSG has since taken down that version of the website. Nevertheless, Co-Lead Class Counsel have no way of knowing how many Class Members relied upon the content of that prior website, which contained several misrepresentations, in deciding to enter into contracts with CSG. The misrepresentations contained in that version of the website were outlined in Co-Lead Class Counsel's email to CSG's counsel, dated April 18, 2017, which is attached hereto as Exhibit A, along with the then-existing website pages that were attached to the email. Included among the several misrepresentations were the contentions that the Claims Administrator is an "adversary" of Class Members and that a Qualifying Diagnosis could be obtained outside of the Settlement Program after the Effective Date. Co-Lead Class Counsel expect to fully detail these misrepresentations in the renewed motion for injunctive relief they expect to file.

Finally, CSG is refusing to identify the law firm(s) to whom it refers its client Class Members. Because the issue of attorney's fees for privately retained counsel is before the Court, it is likely that the Court will want to know the identity of the Class Members and the law firm(s) involved in arrangements wherein a Class Member has contracted both with CSG and with a law firm for a contingency fee, which could possibly reduce the Class Member's monetary award by almost half.

It is Co-Lead Class Counsel's intention to file a new motion for injunctive relief by next Friday, May 19, 2017, requesting that the Court: (1) direct that CSG refrain from making misrepresentations to Class Members; (2) compel CSG to disclose the identity of the Class Members with whom it has contracted and the identities of any law firm(s) involved; and (3) permit Co-Lead Class Counsel to communicate with these Class Members in writing and verbally concerning their agreements with CSG in order to determine whether misrepresentations were involved. For each Class Member who reports to Co-Lead Class Counsel that he entered into the agreement with CSG based upon misrepresentations, Co-Lead Class Counsel will provide a detailed report to the Court and request, if the Class Member so desires, that the Court void the agreement with CSG.

We thank the Court for its consideration of this matter.

Respectfully submitted,

 /s/ Christopher A. Seeger
Christopher A. Seeger
SEEGER WEISS LLP

*Co-Lead Class Counsel*

Sol Weiss
ANAPOL WEISS

*Co-Lead Class Counsel*

Encl.
cc:   All counsel of record (via ECF)