IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION LITIGATION | § § § § § § § § § | No. 12-md-2323 (AB) MDL No. 2323 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

**MEMORANDUM OF LAW IN SUPPORT OF THE ALEXANDER OBJECTOR'S RESPONSE TO CO-LEAD CLASS COUNSEL'S MOTION TO STRIKE OR DISREGARD THE ALEXANDER OBJECTORS' UNAUTHORIZED SUR-REPLY 'RESPONSE AND OBJECTION' TO FEE PETITION REPLY PAPERS OR, ALTERNATIVELY, TO ACCEPT CLASS COUNSEL'S SUR-SURREPLY**

The Alexander Objectors ask that this Court deny Co-Lead Class Counsel's Motion to Strike or Disregard the Alexander Objectors' Unauthorized Sur-Reply "Response and Objection" to Fee Petition Reply Papers (ECF 7605, 7606) and for support would show as follows. The Alexander Objectors have no objection to Co-Lead Class Counsel's alternative Motion to Accept Class Counsel's Sur-Surreply.

### I.   ARGUMENT

**A.   <u>Co-Lead Class Counsel's motion to strike is an attempted end run around Fed. R. Civ. P. 23(h)(2).</u>**

On March 8, 2017 the Court ordered that anyone objecting to Co-Lead Class Counsel's Petition for an Award of Attorneys Fee "must" file such

objection, in the prescribed form by March 27, 2017. On that same day, the Court ordered Co-Lead Class Counsel to distribute "Notice to All Settlement Class Members of Petition for Attorneys' Fees, Costs, and 5% Holdback on Awards," a notice—pursuant to Federal Rule of Civil Procedure 23(h)—that set forth the form of the objection and directed objectors to file "[a]ny other supporting papers, materials or briefs that you want the Court to consider in support of your objection." The Alexander Objectors complied with the Court's Order as set forth in the Notice.

At the same time on March 8, 2017, the Court authorized Co-Lead Class Counsel to "file an omnibus memorandum in reply to all objections, petitions, and other responses by April l0, 2017." More to the point, the Court's order <u>did not authorize</u> Co-Lead Class Counsel to file a reply <u>with supporting papers or evidence</u>. Nevertheless, Co-Lead Class Counsel attempted backfill the gaps in its fee petition with new evidence. Specifically, Co-Lead Class Counsel added several affidavits, including a new expert affidavit, in support of its fee-petition assertion that the attorneys' fees sought are reasonable.

By filing the new evidence, Co-Lead Class Counsel disregarded this Court's Rule 23(h) construct. The settlement class members did not have Notice of the new evidence before being required to respond to it. And, if Co-Lead Class Counsel succeeds in striking the Alexander Objectors' response and

objection to the new evidence, Co-Lead Class Counsel will have thereby deprived the Alexander Objectors, as well as each and every other settlement class member, of the opportunity to object to the new evidence and point out the evidentiary flaws in that evidence.  As the Court recognized in ordering the Notice provided at the outset, Rule 23(h)(2) affords the Class Members an opportunity to object to a Rule 23(h) petition for award of fees.  Such notice and opportunity to be heard is completely eviscerated if, after a class member objects, the fee petition may be supplemented without a further opportunity to object.

Furthermore, the Alexander Objectors made substantive objections to the new (April 10, 2017) affidavit of Dr. Thomas Vasquez, an economist whose original and supplemental testimony are relied upon by Co-Lead Class Counsel to forecast, *e.g.*, how many Level 1.5 and Level 2 Settlement diagnoses may be anticipated based entirely upon dementia data.  Because the magnitude of the flaw in the methodology of Dr. Vasquez' testimony is not readily apparent on its face, the Alexander Objectors relied upon a declaration of a neurologist—Jamshid Lotfi, Md.[1]—to support the objection and show the analytical gap in Dr.

---

[1] Ironically, Co-Lead Class Class Counsel criticizes Dr. Lotfi for rendering opinions to a reasonable degree of medical probability rather than certainty – and yet, Co-Lead Class Counsel has offered this Court no neurological opinion whatsoever.  The failure is significant as Co-Lead Class Counsel has the burden of proof on its Petition for Award of Fees.  Where, then, is Co-Lead Class Counsel's expert testimony that:  The criteria used for diagnosing a patient with Dementia using generally accepted diagnosing criteria are *materially the same* as the qualifying diagnosing criteria for a Level 1.5 or Level 2 neurocognitive impairment under

Vasquez opinion.[2]

Particularly where, as here, class counsel are asking the Court to award fees based upon a speculative model of benefits that may be paid—before any benefits have been paid—the uncompensated class members should have a chance to object to all evidence offered in support of that model. And where, as here, class counsel wish to be paid up front on a hypothetical settlement fund much of which may never be paid by the NFL[3], class members should have a chance to object to all evidence offered to quantify the benefit they are allegedly going to receive. Due process requires it.

---

the Settlement Agreement. An economist is unable to do so. *See Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579 (1993).

[2] Co-Lead Class Counsel now attempts to shore up their economist's use of old dementia studies to extrapolate likely Level 1.5 and Level 2 diagnoses with reference to Settlement "findings." The Court will recall that Co-Lead Class Counsel did not state during the Fairness Hearing that these levels are dementia; instead Co-Lead Class Counsel stated Level 1.5 is "what we call early or mild dementia" and Level 2 is "what we call moderate dementia." *See* EFC 6463, 23-21, p. 13. This is hardly sound scientific methodology to rest a finding of "reasonable" fees on a guesstimated fund. Reference to the Settlement definition of these categories belies the bright-line tag Co-Lead Class Counsel urged their economist to use. And, Dr. Vasquez certainly did not rely upon the May, 2013 DSM-5 to support his analysis; in fact, Dr. Vasquez excluded every study mentioned after 2001 as "outliers." *See* EFC 6423-21, p. 42.

[3] According to Co-Lead Class Counsel, the Settlement negotiated with the NFL sets forth a "10-year track record" methodology for NFL funding obligations. *See* EFC 6463, P. 203 (stating that "[w]e will have ten-year track record of having seen what claims have been approved by the claims administrator up to that point and we will be able to make reasoned assumptions going forward."); *see also* Settlement, Article XXIII, 23.3(c). Co-Lead Counsel recognized – at least with regard to obtaining funds to pay class members – that historical eligibility data is the sound way to determine the funds needed from the NFL. Yet, with regard to fees, Co-Lead Class Counsel no longer feels such a track record is necessary for reasoned assumptions about the size of the fund.

**B.      If granted, Co-Lead Counsel's motion to strike would deprive the Alexander Objectors of the opportunity to preserve error through objection.**

Fed. R. Evid. 103(a) requires a party to timely object, specifically, to an offer of inadmissible evidence. F.R.E. 103(a). Rule 103(a) must be read in conjunction with Fed. R. Civ. P. 46. *See American Home Assur. Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 324 (3d Cir. 1985). While it is the general rule that an objection must be brought to the attention of the trial court to be raised on appeal, that rule presumes the "opportunity to do so. . . ." Fed. R. Civ. P. 46. The Alexander Objectors have had no other opportunity to object to the newly filed evidence. If this Court strikes the response and objection, as urged by Co-Lead Class Counsel and deprives the Alexander Objectors of the opportunity to be heard on the objections to the new evidence, Rule 46 teaches that the Alexander Objectors may raise these evidentiary objections on appeal because they have been denied the opportunity to do so before this Court. And, to the extent that the Court believes that the Alexander Objectors' objections to newly-filed evidence or any other portion of the Response and Objections constitutes an "unauthorized sur-reply," the Alexander Objectors ask this Court to grant them leave to permit the opportunity to object and show that Co-Lead Class Counsel is relying upon methodologically-unsound evidence.

**C.     The Alexander Objector's Have No Objection to Co-Lead Class Counsel's Alternative Motion to Accept Class Counsel's Sur-Surreply**

The Alexander Objectors want the Court to have all admissible evidence and all argument before deciding Co-Lead Class Counsel's request for hundreds of millions of dollars in fees. Therefore, assuming the Court's consideration of the Alexander Objectors' Response and Objection to the new evidence, the Alexander Objectors do not oppose the Court's receipt, filing and consideration of Co-Lead Class Counsel's self-titled Sur-Surreply.

The Alexander Objectors want the Court to read that Co-Lead Class Counsel now emphasizes that the lodestar cross-check is not mandatory and therefore its inadequate fee declarations need not "be examined with pinpoint precision." See ECF 7606, p. 18. This is not a common fund. Co-Lead Class Counsel acknowledges that much. Arguing that this is a "constructive common fund", Co-Lead Class Counsel urged that the lodestar cross-check reveals the reasonableness of their fees without the need to perform "bean counting." *See* ECF 7151-1, p. 28, 53. Yet, Co-Lead Class Counsel still do not address (a) CMO 5 in which this Court ordered those "bean counting" records submitted and (b) the proffered declarations give the Court a mere two beans: hours and rate.

Because the Third Circuit says that performing a lodestar cross-check is "sensible," Co-Lead Class Counsel should not lead this Court into error. See *In re Rite Aid*, 396 F.3d 294, 305 (3d Cir. 2005). And, Co-Lead Class Counsel

7

should provide this Court and the parties through discovery, the CMO 5 data so that the Court can perform a meaningful lodestar cross-check.

## II.  PRAYER

For the reasons stated, the Alexander Objectors request the Court (i) deny Co-Lead Class Counsel's Motion to Strike or Disregard the Alexander Objectors' Unauthorized Sur-Reply "Response and Objection" to Fee Petition Reply Papers and (ii) grant them such other relief as they show themselves entitled to receive.

Date:  May 12, 2017                                    Respectfully Submitted,

|  |  |
|---|---|
|  | */s/ Lance H. Lubel* |
| Mickey Washington | Lance H. Lubel |
| Texas State Bar No.: 24039233 | Texas State Bar No.: 12651125 |
| WASHINGTON & ASSOCIATES, PLLC | Adam Voyles |
| 1314 Texas Ave., Suite 811 | Texas State Bar No.: 24003121 |
| Houston, Texas 77002 | Justin R. Goodman |
| Telephone: (713) 225-1838 | Texas State Bar No.: 24036660 |
| Facsimile: (713) 225-1866 | LUBEL VOYLES LLP |
| Email: mw@mickeywashington.com | 675 Bering Drive, Suite 850 |
|  | Houston, TX 77057 |
| James Carlos Canady | Telephone: (713) 284-5200 |
| Texas State Bar No.: 24034357 | Facsimile: (713) 284-5250 |
| THE CANADY LAW FIRM | Email: lance@lubelvoyles.com |
| 675 Bering Drive, Suite 850 | adam@lubelvoyles.com |
| Houston, TX 77057 | jgoodman@lubelvoyles.com |
| Telephone: (713) 284-5204 |  |
| Facsimile: (713) 284-5250 |  |
| Email: ccanady@canadylawfirm.com |  |

Attorneys for Melvin Aldridge, Trevor Cobb, Jerry W. Davis, Michael Dumas, Corris Ervin, Robert Evans, Anthony Guillory, Wilmer K. Hicks, Jr., Richard Johnson, Ryan McCoy, Emanuel McNeil, Robert Pollard, Frankie Smith, Tyrone Smith, James A. Young Sr., and Baldwin Malcom Frank

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's ECF system on May 12, 2017.

<em>/s/ Justin R. Goodman</em>