UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civil Action No. 2:14-cv-00029-AB |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**FANECA OBJECTORS' REPLY IN FURTHER SUPPORT OF THEIR
PETITION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

Like a lost soldier re-emerging from a cave long after the war has ended, attorney Craig Mitnick has re-emerged in this litigation. Early on, Mitnick signed a large number of former players to contingent-fee deals that will pay Mitnick handsomely when players begin receiving settlement awards.[1] As the docket reveals, and as Mitnick admits,[2] Mitnick did little substantive work – allowing Co-Lead Class Counsel to do the heavy lifting of negotiating with the NFL and

---

[1] Mitnick's website says that he represents over 1,400 retired NFL players and that he charges a 15% contingency fee. *See* Mitnick Law Office, LLC, *NFL Concussion Claim Resolution Center*, https://playerinjury.com/ (accessed May 9, 2017).

[2] *See* Dkt. 7151-23 ¶2.

litigating the fairness of the settlement. But the prospect of a double-dip has lured Mitnick out into the light.

In addition to the fortune Mitnick will be paid for processing the paperwork of the players he signed up, he seeks a substantial payout – likely more than $2 million – from the Attorneys' Fees Qualified Settlement Fund.[3] He apparently now considers the Faneca Objectors' petition for a fee award from the same large, but limited, fund a threat to his application. So, incredibly, *five months* after the Faneca Objectors filed their fee petition, Mitnick has filed a fantastical response. Mitnick's lateness alone justifies disregard of his arguments.[4] More fundamentally, the extensive misstatements of fact and law in Mitnick's belated memorandum reveal that he is unaware of what transpired in the fighting, as well as in the peace, while he was absent.

## ARGUMENT

### I.   Mitnick's Misstatements of Fact

*Mitnick claims* the Faneca Objectors' appeal has caused class members to receive "substantially less compensation" than if the appeal were not taken because the age offset causes the "value of a class member's claim [to] substantially decrease[ ] each year that the implementation of the settlement claims process is delayed." In fact, the age offset is tied to the

---

[3] The Faneca Objectors take no position on Mitnick's request for attorneys' fees. Mitnick submitted a declaration in support of Co-Lead Class Counsel's petition claiming a lodestar of nearly $900,000. *See* Dkt. 7151-23 ¶5. If Mitnick receives the same 2.6 lodestar multiplier sought by Co-Lead Class Counsel, his fee award could exceed $2.3 million.

[4] *See* Dkt. 7261 (Order setting April 10, 2017 deadline to respond to objector fee petitions).

class member's "age at the time of the Qualifying Diagnosis," not the age at the time a claim is made.[5]

***Mitnick claims*** the Faneca Objectors "should be responsible for an additional eight month delay caused by the filing of a writ of certiorari by objectors with the United States Supreme Court." In fact, the Faneca Objectors did not file for a writ of certiorari. Their fee petition clearly explains they studied the issue and determined – correctly – that the Court would not grant review.[6]

***Mitnick claims*** the Faneca Objectors' counsel, MoloLamken LLP, spent "numerous hours . . . performing discovery." In fact, no discovery was performed and the Faneca Objectors' request for discovery was denied.[7]

***Mitnick claims*** the "Faneca Objectors took their time in filing and briefing their meritless appeals." In fact, the Faneca Objectors supported Co-Lead Class Counsel's request for expedited briefing on the merits appeal in the Third Circuit and never requested an extension of the briefing schedule.[8] As for the Faneca Objectors' Rule 23(f) petition – that proceeded on an expedited basis and caused no delay in the fairness hearing, which was scheduled prior to the filing of the Rule 23(f) petition.[9]

---

[5] *Compare* Dkt. 7621 at 6, 12-13, *with* Dkt. 6481-1 § 6.7(b) (age offset determined by "age at the time of the Qualifying Diagnosis"); *id.* § 6.3(c)-(d) (providing for Qualifying Diagnosis prior to Effective Date).

[6] *Compare* Dkt. 7621 at 9, *with* Dkt. 7070-2 ¶ 44 (Molo Declaration).

[7] *Compare* Dkt. 7621 at 14, *with* Dkt. 6245 (denying Faneca Objectors' Motion for Limited Discovery).

[8] *Compare* Dkt. 7621 at 13, *with* Faneca Objectors-Appellants' Notification of Consent to Class Plaintiffs-Appellees' Motion To Consolidate and To Expedite Appeals, *In re NFL Players' Concussion Injury Litig.*, 821 F.3d 410 (3d Cir. 2016) (No. 15-2304), Doc. No. 003111974350.

[9] *See* Dkt. 6084 (July 7, 2014 Order setting fairness hearing for November 19, 2014).

*Mitnick claims* the Faneca Objectors "fail to demonstrate how their conduct has improved the settlement." In fact, the Faneca Objectors set forth in detail how their extensive efforts resulted in credit being given for play in NFL Europe, a waiver of the appeal fee in cases of hardship, the uncapping of the BAP for examinations, and enhancement of the benefit for CTE. The value of the enhanced benefits brought about through their advocacy is explained in detail in their fee petition and corroborated by expert analysis.[10]

## II.  Mitnick's Misstatements of Law

*Mitnick claims* that the law does not allow objectors to be paid from the Attorneys' Fees Qualified Settlement Fund. In fact, Co-Lead Class Counsel has acknowledged that they can be,[11] and that conclusion is supported by ample authority, *see, e.g.*, *In re Ikon Office Sols., Inc. Sec. Litig.*, 194 F.R.D. 166, 197 (E.D. Pa. 2000) (awarding objectors' fees paid from class counsel's award).

*Mitnick claims* the "qualifications of MoloLamken and/or its attorneys"; the "novel arguments . . . presented by MoloLamken"; the "expert witnesses . . . developed by Molo-Lamken"; the "voluminous submissions prepared by MoloLamken"; the "numerous hours spent by associates and partners of MoloLamken in preparing for and attending hearings, drafting briefs, performing discovery, attempting to independently negotiate a settlement with the NFL[,] and otherwise planning their strategies relating to this class action"; and MoloLamken's 100% contingent-fee engagement "matter little" or are "irrelevant."[12]  In fact, this Circuit's *Gunter/Prudential* analysis calls for a district court to consider "the skill and efficiency of the

---

[10] *Compare* Dkt. 7261 at 6-7, *with* Dkt. 7070-1 at 5-20, 32-39 (Faneca Objectors' fee petition); Dkts. 7366-1, 7550-1 (supporting expert declarations).

[11] *Compare* Dkt. 7261 at 7, *with* Dkt. 7151-1 at 59 (Co-Lead Class Counsel's fee petition).

[12] Dkt. 7261 at 14, 16.

attorneys," "the complexity and duration of the litigation," "the risk of nonpayment," "the amount of time devoted to the case by . . . counsel," and "any innovative terms of the settlement." *In re Diet Drugs Prods. Liab. Litig.*, 582 F.3d 524, 541 (3d Cir. 2009).

*Mitnick claims* the Faneca Objectors' appeal to the Third Circuit was "fruitless" and "meritless," accusing them of "blindly insist[ing] to move forward with their appeals."[13] But the procedure for dealing with an obviously meritless or frivolous appeal is summary dismissal, *see* 3d Cir. R. 27.4, or summary decision without oral argument, *see* 3d Cir. R. 34.1(a). The Third Circuit did not do that. Instead, it heard over one hour of argument and issued a thorough, seventy-page opinion noting the Faneca Objectors were "well-intentioned" and made "thoughtful arguments" that "aim[ed] to ensure that the claims of retired players are not given up in exchange for anything less than a generous settlement agreement negotiated by very able representatives." *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 447 (3d Cir. 2016).

## **CONCLUSION**

The actual law and facts – as set forth in detail in the Faneca Objectors' filings – support the requested fee award.

---

[13] *See* Dkt. 7621 at 5, 14.

Dated:  May 18, 2017                                      Respectfully Submitted,

/s/ Steven F. Molo

| | |
|---|---|
| William T. Hangley<br>Michele D. Hangley<br>HANGLEY ARONCHICK SEGAL<br>PUDLIN & SCHILLER<br>One Logan Square<br>18th & Cherry Streets<br>27th Floor<br>Philadelphia, PA  19103<br>(215) 496-7001 (telephone)<br>(215) 568-0300 (facsimile)<br>whangley@hangley.com<br>mdh@hangley.com<br><br>Linda S. Mullenix<br>2305 Barton Creek Blvd., Unit 2<br>Austin, TX  78735<br>(512) 263-9330 (telephone)<br>lmullenix@hotmail.com | Steven F. Molo<br>Thomas J. Wiegand<br>MOLOLAMKEN LLP<br>430 Park Ave.<br>New York, NY  10022<br>(212) 607-8160 (telephone)<br>(212) 607-8161 (facsimile)<br>smolo@mololamken.com<br>twiegand@mololamken.com<br><br>Eric R. Nitz<br>MOLOLAMKEN LLP<br>600 New Hampshire Ave., NW<br>Washington, DC  20037<br>(202) 556-2000 (telephone)<br>(202) 556-2001 (facsimile)<br>enitz@mololamken.com |

*Counsel for the Faneca Objectors*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2017, I caused the foregoing Faneca Objectors' Further Reply in Support of Their Petition for an Award of Attorneys' Fees and Expenses to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel and parties.

*/s/ Steven F. Molo*