# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>ALL RIDDELL CASES (*see attachment A for a complete list of pending actions involving at least one plaintiff who filed an original complaint, a short-form complaint, or both against Riddell defendants*) | **Hon. Anita B. Brody** |

## ORDER

WHEREAS, the Court held an Organizational Meeting to address all cases in MDL No. 2323 with claims against Riddell, Inc., All-American Sports Corporation, Riddell Sports Group, Inc., Easton-Bell Sports, Inc., Easton-Bell Sports, LLC, EB Sports Corp., and RBG Holdings Corp. (the cases are collectively referred to as "the Riddell cases" and the Defendants are collectively referred to as the "Riddell Defendants") on Tuesday, May 9, 2017; and

WHEREAS, as a result of that Organizational Meeting, and following the Parties' meet-and-confer and joint submission of this proposed Order, the Court has determined that further initial motion practice in MDL No. 2323, as defined below, should proceed in accordance with the schedule and the terms set forth below;

IT IS HEREBY ORDERED that:

**Motion for Leave to File a Second Amended Master Administrative Long-Form Complaint and an Amended Short-Form Complaint Template Against the Riddell Defendants**

1.      Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, as they requested, Co-Lead Counsel for Plaintiffs in the Riddell cases may file a motion for leave to file a Second Amended Master Administrative Complaint Against the Riddell Defendants (SAMAC-Riddell) and an Amended Short-Form Complaint Template for claims against the Riddell Defendants (SFC-Riddell) on or before May 24, 2017.  Any such motion shall be accompanied by a supporting memorandum (not to exceed twenty-five (25) pages) describing how the SAMAC-Riddell and the SFC-Riddell comport with Rule 15(a)(2).

2.       The Riddell Defendants may file an opposition to any such motion for leave (not to exceed twenty-five (25) pages) on or before June 26, 2017.

3.      Co-Lead Counsel for the Plaintiffs in the Riddell cases may file a reply brief in support of any such motion for leave (not to exceed ten (10) pages) on or before July 12, 2017.

4.      If the Court grants the motion for leave, the Court expects to follow the agreed-upon schedule outlined in the remaining portion of this order. **Following the Court's ruling on the motion for leave, the Parties must submit a follow-up scheduling order that includes dates certain.**

5.      If the Court grants the motion for leave, those Plaintiffs as permitted by the Court shall file the SAMAC-Riddell on the 2:12-md-02323 docket on or before thirty (30) days after the Court's Order granting the motion for leave and shall file an SFC-Riddell on both the 12-md-02323 docket and the applicable underlying docket for the

given action on or before  thirty (30) days after the Court's Order granting the motion for leave.

6.      As provided in Case Management Order No. 4 (ECF No. 98), upon the filing of any SAMAC-Riddell, together with any individual Plaintiff's SFC-Riddell (together, the "Second Amended Riddell Complaint"), all allegations, claims, theories of recovery and/or prayers for relief against the Riddell Defendants contained in complaints by Plaintiffs in cases that have been coordinated and/or consolidated in this MDL, as well as complaints that are filed by individual Plaintiffs in cases that are coordinated and/or consolidated in this MDL after the date of this Order, shall be deemed to be amended, restated and superseded by the allegations, claims, theories of recovery and/or prayers for relief against the Riddell Defendants contained in the Second Amended Riddell Complaint.  The Second Amended Riddell Complaint shall remain the controlling pleading of any individual Plaintiff's action against the Riddell Defendants if that individual Plaintiff's action is not terminated during the course of MDL pretrial proceedings, and, if applicable, is transferred or remanded back to the court from which it was transferred.

**Riddell Defendants' Motions to Dismiss**

7.      If the Court grants the motion for leave, the Riddell Defendants may move against the SAMAC-Riddell under the Federal Rules of Civil Procedure, including but not limited to Rule 8, 9(b), and 12(b), on or before sixty (60) days after the filing of the SAMAC-Riddell. The Riddell Defendants shall file two motions, with supporting briefs for each: (i) a motion for dismissal on preemption grounds; and (ii) a motion for dismissal of the SAMAC-Riddell or any other relief on any other grounds with respect to

the SAMAC-Riddell. Each supporting brief shall not exceed thirty-five (35) pages. The Court will address a scheduling order for and entertain motions as to any individual, player-specific SFC-Riddell after resolution of motions filed against the SAMAC-Riddell.

8.      Co-Lead Counsel for Plaintiffs in the Riddell cases may file opposition briefs to the Riddell Defendants' motions to dismiss the SAMAC-Riddell on or before sixty (60) days after the Riddell Defendants file their motions. Each opposition brief shall not exceed thirty-five (35) pages.

9.      The Riddell Defendants may file reply briefs in further support of their motions on or before forty-five (45) days after Co-Lead Counsel for the Plaintiffs in the Riddell cases file any opposition briefs. Each reply brief shall not exceed thirty (30) pages.

**Motions to Remand**

10.      During the May 9, 2017 Organizational Conference, counsel for certain Plaintiffs represented by Thomas Girardi, Jason Luckasevic and William Gibbs represented that they wished to file motions to remand their actions to their respective transferor courts. Should these Plaintiffs wish to pursue remand, they may file motions to remand fifteen (15) days after the Court's Order on the motion for leave to file the Second Amended Riddell Complaint.[1] The supporting brief shall not exceed thirty-five (35) pages.

11.      Counsel for the Riddell Defendants may file a consolidated opposition brief(s) to the Girardi, Luckasevic, and Gibbs Plaintiffs' motions to remand on or before

---

[1] This deadline is similar to the deadline for motions to remand included in the Court's prior order of April 12, 2017 (ECF No. 7477) regarding litigation between Opt-Out Plaintiffs and the NFL.

sixty (60) days after these Plaintiffs' filings of motions to remand. The consolidated opposition brief(s) shall not exceed thirty-five (35) pages.

12.     The Girardi, Luckasevic, and Gibbs Plaintiffs may file reply briefs in further support of their motions to remand on or before forty-five (45) days after the filing of the Riddell Defendants' opposition briefs. Each brief shall not exceed twenty-five (25) pages.

### Adjudication of Riddell Defendants' Motion to Dismiss

13.     The Court shall hear argument on, and rule on, the Riddell Defendants' motion to dismiss on preemption grounds before hearing argument on, and ruling on, the Riddell Defendants' other motion on other grounds.

14.     The Court shall coordinate argument and ruling on any remand motions and ruling on the Riddell Defendants' motion to dismiss on preemption grounds pursuant to Paragraph 7.

### Other Motions Practice and Discovery

15.     The Riddell Defendants' motion to sever (ECF No. 3593) remains pending, per the Court's Order of January 27, 2016 (ECF No. 6740 n.2.). If the Court grants leave to amend, such a ruling will moot the current motion to sever. If such leave is granted, nothing in this Order precludes the Riddell Defendants from filing a new motion to sever at an appropriate time.

16.     All discovery proceedings remain stayed until further order of the Court.[2]

### IT IS ORDERED.

---

[2] A similar stay of discovery was included in the Court's prior order of April 12, 2017 (ECF No. 7477) regarding litigation between Opt-Out Plaintiffs and the NFL.

5/18/2017                                      s/Anita B. Brody
_____            _____
            Date                               ANITA B. BRODY, J.
                                               United States District Judge


Copies **VIA ECF** on _____ to:           Copies **MAILED** on _____ to:


O:\ABB 2017\L - Z\NFL Riddell Scheduling Order.docx

6

## ATTACHMENT A

| | |
|---|---|
| 1. | *Abdullah, et al. v. NFL, et al.* (12-cv-06774) |
| 2. | *Adams, et al. v. NFL, et al.* (13-cv-07661) |
| 3. | *Alexander, et al. v. NFL, et al.* (12-cv-01923) |
| 4. | *Allen, et al. v. NFL, et al.* (13-cv-05439) |
| 5. | *Allison, et al. v. NFL, et al.* (14-cv-04399) |
| 6. | *Anderson, et al. v. NFL, et al.* (13-cv-01981) |
| 7. | *Andrews, et al. v. NFL, et al.* (12-cv-04632) |
| 8. | *Armstrong, et al. v. NFL, et al.* (12-md-2323) |
| 9. | *Aronson, et al. v. NFL, et al.* (12-cv-06904) |
| 10. | *Baggs, et al. v. NFL, et al.* (13-cv-05309) |
| 11. | *Bailey, et al. v. NFL, et al.* (12-cv-05372) |
| 12. | *Ballard, et al. v. NFL, et al.* (13-cv-02244) |
| 13. | *Barnes, et al. v. NFL, et al.* (12-cv-01024) |
| 14. | *Bauman, et al. v. NFL, et al.* (12-cv-04576) |
| 15. | *Bell, et al. v. NFL, et al.* (13-cv-01790) |
| 16. | *Blue v. NFL, et al.* (13-cv-05258) |
| 17. | *Brooks, et al. v. NFL, et al.* (12-cv-02505) |
| 18. | *Brooks v. NFL, et al.* (14-cv-00561) |
| 19. | *Bush v. NFL, et al.* (13-cv-04549) |
| 20. | *Caldwell, et al. v. NFL, et al.* (13-cv-05200) |
| 21. | *Centers, et al. v. NFL, et al.* (12-cv-05042) |
| 22. | *Clarks, et al. v. NFL, et al.* (13-cv-05642) |
| 23. | *Cochran, et al. v. NFL, et al.* (13-cv-07533) |
| 24. | *Compton, et al. v. NFL, et al.* (13-cv-01186) |
| 25. | *Cunningham, et al. v. NFL, et al.* (12-cv-04574) |
| 26. | *DeLeone v. NFL, et al.* (13-cv-04230) |
| 27. | *Demarie, et al. v. NFL, et al.* (13-cv-07659) |
| 28. | *Dickerson, et al. v. NFL, et al.* (12-cv-03338) |
| 29. | *Douglas v. NFL, et al.* (13-cv-07376) |
| 30. | *Duckworth, et al. v. NFL, et al.* (13-cv-04231) |
| 31. | *Duerson v. NFL, et al.* (12-cv-04631) |
| 32. | *Fassitt, et al. v. NFL, et al.* (14-cv-02396) |
| 33. | *Francis, et al. v. NFL, et al.* (12-cv-06671) |
| 34. | *Gay, et al. v. NFL, et al.* (12-cv-04573) |
| 35. | *Gayle v. NFL, et al.* (12-cv-05212) |
| 36. | *Granger, et al. v. NFL, et al.* (12-cv-03337) |
| 37. | *Gregg, et al. v. NFL, et al.* (13-cv-03092) |
| 38. | *Hayes, et al. v. NFL, et al.* (12-cv-06196) |
| 39. | *Henderson, et al. v. NFL, et al.* (12-cv-03534) |
| 40. | *Hilliard, et al. v. NFL, et al.* (13-cv-00961) |

| 41. | *Holt, et al. v. NFL, et al.* (13-cv-02802) |
| 42. | *Hoopes v. NFL, et al.* (14-cv-01617) |
| 43. | *House, et al. v. NFL, et al.* (13-cv-06681) |
| 44. | *Hudson, et al. v. NFL, et al.* (13-cv-07628) |
| 45. | *Hughes, et al. v. NFL, et al.* (12-cv-01423) |
| 46. | *Jackson, et al. v. NFL, et al.* (12-cv-02799) |
| 47. | *Jani, et al. v. NFL, et al.* (14-cv-02064) |
| 48. | *Jones, et al. v. NFL, et al.* (12-cv-05308) |
| 49. | *Jordan, et al. v. NFL, et al.* (12-cv-02802) |
| 50. | *Kapp, et al. v. NFL, et al.* (12-cv-04575) |
| 51. | *Kernek, et al. v. NFL, et al.* (13-cv-05766) |
| 52. | *Kuechenberg, et al. v. NFL, et al.* (12-cv-03535) |
| 53. | *Leibson v. NFL, et al.* (14-cv-01750) |
| 54. | *Lewis, et al. v. NFL, et al.* (13-cv-06159) |
| 55. | *Malone, et al. v. NFL, et al.* (13-cv-05211) |
| 56. | *Maxwell, et al. v. NFL, et al.* (12-cv-01023) |
| 57. | *McElroy v. NFL, et al.* (13-cv-05259) |
| 58. | *Means, et al. v. NFL, et al.* (12-cv-05781) |
| 59. | *Melton, et al. v. NFL, et al.* (12-cv-07138) |
| 60. | *Monk, et al. v. NFL, et al.* (12-cv-03533) |
| 61. | *Morris, et al. v. NFL, et al.* (12-cv-05210) |
| 62. | *Morton, et al. v. NFL, et al.* (12-cv-04087) |
| 63. | *Moses, et al. v. NFL, et al.* (13-cv-06164) |
| 64. | *Moss, et al. v. NFL, et al.* (14-cv-04480) |
| 65. | *Myers v. NFL, et al.* (12-cv-01424) |
| 66. | *Myles v. NFL, et al.* (12-cv-02800) |
| 67. | *Neil v. NFL, et al.* (14-cv-03842) |
| 68. | *Ortego v. NFL, et al.* (13-cv-01891) |
| 69. | *Parrish v. NFL, et al.* (12-cv-01700) |
| 70. | *Pear, et. al. v. NFL, et al.* (12-cv-01025) |
| 71. | *Phillips v. NFL, et al.* (14-cv-02623) |
| 72. | *Pruitt, et al. v. NFL, et al.* (13-cv-05841) |
| 73. | *Rademacher v. NFL, et al.* (12-cv-03776) |
| 74. | *Rafferty, et al. v. NFL, et al.* (12-cv-04741) |
| 75. | *Rhett, et al. v. NFL, et al.* (12-cv-03537) |
| 76. | *Schobel v. NFL, et al.* (12-cv-02801) |
| 77. | *Scott v. NFL, et al.* (12-cv-04241) |
| 78. | *Seau, et al. v. NFL, et al.* (13-cv-01531) |
| 79. | *Seau, et al. v. NFL, et al.* (13-cv-01532) |
| 80. | *Sherman v. NFL, et al.* (14-cv-01616) |
| 81. | *Simmons, et al. v. NFL, et al.* (13-cv-06354) |

| 82. | *Simpson, et al. v. NFL, et al.* (12-cv-04379) |
| 83. | *Steed v. NFL, et al.* (12-cv-01026) |
| 84. | *Sullivan, et al. v. NFL, et al.* (13-cv-00095) |
| 85. | *Sweet, et al. v. NFL, et al.* (12-cv-07214) |
| 86. | *Taylor v. NFL, et al.* (12-cv-05475) |
| 87. | *Thomas, et al. v. NFL, et al.* (12-cv-05933) |
| 88. | *Walker v. NFL, et al.* (12-cv-04699) |
| 89. | *Wallace v. NFL, et al.* (12-cv-03715) |
| 90. | *White, et al. v. NFL, et al.* (12-cv-03778) |
| 91. | *Williams, et al. v. NFL, et al.* (12-cv-03777) |
| 92. | *Williams v. NFL, et al.* (13-cv-00962) |
| 93. | *Williams, et al. v. NFL, et al.* (13-cv-05437) |
| 94. | *Woods, et al. v. NFL, et al.* (12-cv-07015) |
| 95. | *Young v. NFL, et al.* (12-cv-05908) |