UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB <br><br> MDL No. 2323 <br><br> **Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, <br><br>     Plaintiffs, <br><br>     v. <br><br> National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., <br><br>     Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**CO-LEAD CLASS COUNSEL'S REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE OR DISREGARD THE <u>ALEXANDER OBJECTORS' UNAUTHORIZED SUR-REPLY</u>**

## I. INTRODUCTION

Co-Lead Class Counsel respectfully submit this short reply memorandum in further support of their motion (ECF No. 7605) to strike the Alexander Objectors' unauthorized sur-reply memorandum filed on April 21, 2017 (ECF No. 7533), and specifically to address the arguments in the Alexander Objectors' memorandum in opposition to Co-Lead Class Counsel's motion (ECF No. 7627) ("Opposition Memorandum" or "Opp. Mem.").[1]

## II. THE ALEXANDER OBJECTORS OFFER NO VALID REASON FOR THE COURT NOT TO STRIKE OR DISREGARD THEIR UNAUTHORIZED SUR-REPLY

The Alexander Objectors' opposition memorandum dishes out more of the same rhetoric about Class Counsel's fee petition and long-settled matters but fails to address the salient issue here: namely, that they did not request, let alone obtain, leave of this Court before filing the Response and Objection. In fact, they implicitly concede as much by asking the Court to accept their unauthorized sur-reply brief after the fact. *See* Opp. Mem. at 6.

Moreover, the Alexander Objectors pour more oil on the fire by continuing to take issue with Dr. Vasquez' valuation of the Settlement, which they attack as "speculative." *See* Opp. at 2-4. As Class Counsel pointed out, however, the issue of the Settlement's valuation is a ship that has long since sailed. Tellingly, the Alexander Objectors ignore Co-Lead Class Counsel's numerous references to this Court's detailed findings, already affirmed by the Third Circuit, as to the correlation between mild and moderate dementia and Level 1.5 and Level 2 Neurocognitive Impairment. *See* ECF No. 7606, at 14-18. That such judicial determinations are the law of the case is a fact from which the Alexander Objectors cannot run, try as they may.

---

[1] This memorandum adopts the shorthand definitions employed in Co-Lead Class Counsel's opening and reply memoranda in support of their fee petition (ECF Nos. 7151-1, 7464), and opening memorandum in support of the instant motion (ECF No. 7606). Citations to docketed filings are to the ECF pagination.

Nor is there any merit to the Alexander Objectors' lament that striking their unauthorized sur-reply would deprive them of the opportunity to preserve objections. Opp. at 2-6. As previously noted, their sur-reply went well beyond merely asserting evidentiary objections by renewing their attack on the valuation of the Settlement and, indirectly, on the Settlement itself (for which they proffered a declaration from a neurologist); re-arguing that Class Counsel are entitled to fees only on a lodestar basis, not as a percentage of the recovery, and to no multiplier on their lodestar; disputing the reasonableness of Class Counsel's lodestar; and reasserting their opposition to a holdback on monetary awards. *See* ECF No. 7606, at 7, 9-10, 14-20; ECF No. 7533, at 1-8.

But even if the Alexander Objectors had some legitimate evidentiary objection to assert, they were obligated to request this Court's leave to do so. Neither the Federal Rules of Civil Procedure nor this Court's Local Rules give litigants an unfettered right to lodge objections to their adversaries' reply papers. Besides, any right or opportunity to preserve objections certainly does not carry with it the right to adduce sur-rebuttal evidence – which is what the Alexander Objectors unilaterally proffered in the form of Dr. Lotfi's declaration (ECF No. 7533-1).

No more availing are the Alexander Objectors efforts to take refuge in Rule 23(h) as the justification for their unilateral filing. *See* Opp. Mem. at 1-3. Any suggestion that the rule has not been satisfied in this case borders on the frivolous.

To begin with, as to the Rule 23(h)(1) requirement that a class receive notice of class counsel's fee application, Class Members were informed about a claim or potential claim for fees on no fewer than three separate occasions. *First*, the Class Notice had explicitly advised Class Members that (i) the NFL Parties would pay Class Counsel's fees separately from the Settlement funds; (ii) the NFL Parties had agreed not to oppose an award of up to $112.5 million; (iii) there could be an additional set-aside of up to five percent of monetary awards for the purpose of

2

facilitating the Settlement program and Class Counsel's efforts in connection with it; (iv) the matter of Class Counsel's fees would be taken up after final approval of the Settlement; and (v) Class Members would have an opportunity to comment upon or object to a fee application at an appropriate time.  ECF No. 6084-1, at 17 (§ 34: "How will the lawyers be paid?").  The short-form (*i.e.*, publication) Class Notice had similarly advised that the NFL Parties had agreed to pay Class Counsel's fees of up to $112.5 million separately from the Settlement funds and that a fee application would be made at a later date.  ECF No. 6084-2.

*Second*, Class Members or their counsel who were registered on the Court's ECF system received instantaneous notice of the filing of the petition on February 13th and were able to download the complete set of Class Counsel's fee petition papers immediately upon their filing.  *See* ECF No. 7151.

*Third*, in accordance with the Court's March 8, 2017 Order (ECF No. 7260), Class Counsel mailed separate written notice of the filing of the fee petition to all Class Members.  That notice advised Class Members of the deadline for lodging objections to the petition and that a complete set of the papers could be downloaded from the dedicated Settlement website (www.NFLConcussionSettlement.com), and it also set forth the procedure for filing objections (*see* ECF No. 7260, at 2-3).

All of this went over and above what the rule mandates.  Rule 23(h)(1) "does not require [that] the moving attorney disseminate the entire text of the memoranda and declarations supporting the motion for fees, only that notice of the motion be given."  *In re Royal Dutch/Shell Transp. Secs. Litig.*, No. 04-374 JAP, 2008 WL 9447623, at *35 n.12 (D.N.J. Dec. 9, 2008); *accord Stair ex rel. Smith v. Thomas & Cook*, 254 F.R.D. 191, 203 (D.N.J. 2008) (Rule 23(h)(1) "does not necessarily require such [fee] motion to be served on class members, but rather that it be 'directed'

3

to them in a reasonable manner") (quoting Rule); *see also Willisch v. Nationwide Ins. Co. of Am.*, No. 09-5276, 2015 WL 12781606, at *4 (E.D. Pa. Sept. 10, 2015) ("Notice of Class Counsel's *intention to apply* for an award of attorneys' fees and expenses has been provided to all persons in the class in a reasonable manner *and satisfies the requirements of Federal Rule of Civil Procedure 23(h)(1).*") (emphasis added); *Moskalenko v. Express Stores, LLC*, No. 14-3684, 2015 WL 12803591, at *4 (E.D. Pa. July 29, 2015) (same).

Here, not only were Class Members informed of Class Counsel's intention to seek a fee award (and for how much), but they were also given notice of the fee petition itself, either by ECF notice or by the separate mail notice that furnished instructions on how to obtain a full set of the papers and file objections.  *See In re Holocaust Victim Assets Litig.*, No. 06-0983 FB JO, 2007 WL 805768, at *7 (E.D.N.Y. Mar. 15, 2007) (Rule 23(h)(1)'s mandate satisfied where "fee application [was] published on the Internet web site devoted to this case"), *report and recommendation adopted*, 528 F. Supp. 2d 109, 114 n.8 (2007).

As to the right under Rule 23(h)(2) of members of a class to object to a fee petition, the Alexander Objectors were plainly afforded that right here and they availed themselves of it by filing copious objections and adducing evidence on March 27th (ECF Nos. 7354-55).  The Alexander Objectors' contentions that their unauthorized sur-reply can be excused because Class Counsel "attempted to backfill the gaps in is fee petition with new evidence" (Opp. Mem. at 2) and that they would be denied due process if the Court strikes the sur-reply (Opp. Mem. at 4) are utterly devoid of merit.  As Class Counsel have already explained (ECF No. 7606, at 12), the limited rebuttal evidence submitted as part of their reply papers addressed *only* (i) the Faneca Objectors' cross-petition for fees (specifically, those objectors' valuation of the February 2015 post-Fairness Hearing amendments to the Settlement, the majority of which they claim credit for

having brought about) and (ii) Class Counsel's request for a 5% holdback from monetary awards. As has been their wont, the Alexander Objectors simply tune out all of this.

The submission of this narrowly focused evidence did not confer *carte blanche* on the Alexander Objectors to adduce additional evidence and revisit issues relating to an entirely distinct application: Class Counsel's request for an award of common benefit fees. Whether because of a lack of understanding or otherwise, the Alexander Objectors have repeatedly confused and conflated Class Counsel's request for an award of common benefit fees (ECF No. 7151, at 1 [request no. i]; ECF No. 7151-1, at 13, 38-70; ECF No. 7151-2, at 1-31 [Seeger Decl. ¶¶ 1-100]) with Class Counsel's distinct request for the imposition of a set-aside or holdback on monetary awards (ECF No. 7151, at 2 [request no. iii]; ECF No. 7151-1, at 70-75; ECF No. 7151-2, at 1, 31-35 [Seeger Decl. ¶¶ 1, 101-19]). The former seeks compensation of counsel (out of the Attorneys' Fees Qualified Settlement Fund established pursuant Sections 21.2 and 23.7 of the Settlement and this Court's March 7, 2017 Order [ECF No. 7246]) for the work done through the end of 2016 that conferred a common benefit on the Class, whereas the latter does not guarantee a particular amount of fees to any attorney or firm but, rather, would create a pool of available funds to compensate counsel who perform *future* common benefit work in connection with the Settlement's implementation (and then only upon application to the Court). Evidence relating to one application is not necessarily pertinent to the other.

Irrespective of this critical distinction, no formulation of due process mandates that objectors be afforded the last word on a fee petition and the final evidentiary proffer in connection with it, much less that they be permitted to use Class Counsel's submission of rebuttal evidence addressing a fee petition filed by another objector as the pretext for doing so.

The Alexander Objectors' remaining arguments simply compound the impropriety of their unsanctioned sur-reply.  They state that they have no objection to Co-Lead Class Counsel's alternative request that the Court accept a substantive response to their arguments as a sur-surreply (Opp. Mem. at 7-8) but then *proceed to make further substantive arguments in rebuttal*.  Their additional arguments, though, are of no moment.  The Alexander Objectors simply repeat their unsupported contention that this is not a constructive common fund case (ignoring Class Counsel's authorities to the contrary) and ignore all of the authorities cited by Co-Lead Class Counsel that a lodestar cross-check is not obligatory and, if one is undertaken, it is to be employed only as a rough calculation, not the full-fledged audit that the Alexander Objectors seek, including through unwarranted discovery (ECF No, 7606, at 24-25).  For this reason, their citation of *In re Rite Aid Corporation Securities Litigation*, 396 F.3d 294 (3d Cir. 2005) (Opp. Mem. at 7), is puzzling.  As Co-Lead Class Counsel noted in their April 10th reply memorandum in support of their petition, the Third Circuit in *Rite Aid* made clear that a lodestar cross-check "does not trump the primary reliance on the percentage of common fund method" and thus does not entail "mathematical precision []or bean-counting."  *Id*. at 306-07 (cited in ECF No. 7464, at 23).

### III. **CONCLUSION**

For the foregoing reasons and those set forth in Co-Lead Class Counsel's opening memorandum (ECF No. 7606), the Court should strike or disregard the Alexander Objectors' April 21, 2017 "Response and Objection" (ECF No. 7533).

Date:  May 19, 2017

Respectfully submitted,

/s/ Christopher A. Seeger
Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
cseeger@seegerweiss.com
(T) 212-584-0700
(F) 212-584-0799

*CO-LEAD CLASS COUNSEL*

Sol Weiss
ANAPOL WEISS
One Logan Square
130 N. 18th St. Ste. 1600
Philadelphia, PA 19103
(T) 215- 735-1130
(F) 215-735-2024
sweiss@anapolweiss.com

*CO-LEAD CLASS COUNSEL*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's ECF system on May 19, 2017.

/s/ Christopher A. Seeger
Christopher A. Seeger
