# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br>    Plaintiffs,<br>v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>    Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### UNCONTESTED MOTION FOR ENTRY OF ORDER EXTENDING QUASI-JUDICIAL IMMUNITY TO SPECIAL MASTERS IN NFL CONCUSSION SETTLEMENT PROGRAM

In furtherance of the settlement of the above-captioned action, as memorialized in the Amended Class Action Settlement Agreement filed on February 13, 2015 (the "Settlement Agreement"), Co-Lead Class Counsel, on behalf of the Settlement Class and Subclasses, having consulted with Counsel for the NFL Parties, who have no objection, respectfully move this Court for entry of the proposed Order Extending Quasi-Judicial Immunity to the Special Masters ("Order") submitted with this Motion. In support of this Motion, Movants respectfully state as follows:

1. The capitalized terms used in this Motion that are defined in the Settlement Agreement have the same meanings given them in that Settlement Agreement.

2. On May 8, 2015, the Court entered its Amended Final Order and Judgment in this action that certified the Settlement Class and Subclasses under Rule 23 of the Federal Rules of Civil Procedure and approved the Settlement Agreement. (ECF No. 6534 ¶¶ 2, 7.) It also ordered the Parties "to implement each and every obligation set forth in the Settlement Agreement in accordance with the terms and provisions of the Settlement Agreement." (*Id.* ¶ 9.)

3. To implement the terms of the Settlement Agreement, pursuant to Rule 53 of the Federal Rules of Civil Procedure and the inherent authority of the Court, the Court appointed Wendell Pritchett and Jo-Ann M. Verrier each as a Special Master (together, the "Special Masters") to perform the duties as set forth in the Settlement Agreement for a five-year term commencing on the Effective Date of the Settlement Agreement. (*Id.* ¶ 13.)

4. The Court retained continuing and exclusive jurisdiction over the implementation and administration of the Settlement Agreement, as follows:

> The Court retains continuing and exclusive jurisdiction over this action[,] including jurisdiction over the Parties and their counsel, all Settlement Class Members, the Special Master, BAP Administrator, Claims Administrator, Lien Resolution Administrator, Appeals Advisory Panel, Appeals Advisory Panel Consultants, and Trustee. In accordance with the terms of the Settlement Agreement, the Court retains continuing and exclusive jurisdiction to interpret, implement, administer and enforce the Settlement Agreement, and to implement and complete the claims administration and distribution process . . . .

(ECF No. 6534 ¶ 17.)

5. In the performance of their duties under the Settlement Agreement, the Special Masters will make, or assist in making, adjudicatory decisions that apply the terms of the Settlement Agreement to claims, disputes, or appeals submitted by Settlement Class Members and to Liens asserted against the interests of the Settlement Class Members. In so doing, the

Special Masters will make determinations with which a Settlement Class Member, person or entities asserting Liens, or others may disagree.

6. To protect the Special Masters from exposure to litigation beyond the bounds of the Program, Movants request that the Court grant the Special Masters quasi-judicial immunity. Extension of quasi-judicial immunity to the Special Masters is appropriate on two independently sufficient grounds: (1) in performance of their duties under the Settlement Agreement, the Special Masters will perform judicial functions; and (2) they will be doing so pursuant to an order of this Court.

7. The well-settled doctrine of quasi-judicial immunity provides absolute immunity to individuals other than judges who perform judicial functions. *See Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985). Judicial functions are "functions of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435–36 (1993). Immunity is necessary to protect "the independent and impartial exercise of judgment" that is central to these functions. *Id.* at 435. It is the "discretionary decisionmaking that the doctrine of judicial immunity is designed to protect." *Id.* When judicial immunity is extended to individuals other than judges, it is because their judgments are "functionally comparable" to those of judges, meaning, "they, too, exercise a discretionary judgment as a part of their function." *Id.* at 436 (internal quotations omitted). Under this "functional approach," courts look to "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993); *see also Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001).

8. The nature of the duties of the Special Masters in administering the Settlement Agreement are "functionally comparable to that of a judge" – in advising the court, "resolving

3

disputes between parties" and "adjudicating private rights," the Special Masters "exercise a discretionary judgment." *Antoine*, 508 U.S. at 436. Specifically, the Special Masters will perform the following tasks that are comparable to that of a judge, require exercise of discretionary judgment and are, ultimately, subject to supervision by and pursuant to an order of this Court:

> (a) Oversee directly, and assist the Court in its review of, the implementation and administration of the Settlement Agreement;
>
> (b) Oversee complaints raised by Co-Lead Class Counsel, Counsel for the NFL Parties, the BAP Administrator, Claims Administrator and/or the Lien Resolution Administrator regarding aspects of the Class Action Settlement;
>
> (c) Hear appeals of registration determinations, if requested by the Court;
>
> (d) Determine if certain Representative Claimants are eligible for Monetary Awards;
>
> (e) Review any claims relating to the auditing of Monetary Awards and Derivative Claimant Awards referred by the Claims Administrator, as well as appeals of such award determinations, if referred by the Court;
>
> (f) Oversee the BAP Administrator, Claims Administrator and Lien Resolution Administrator, including any challenge by either Co-Lead Class Counsel or Counsel for the NFL Parties to the reasonableness of any costs and expenses incurred by those administrators;
>
> (g) Approve the determination of, and review and adjust if necessary, the maximum per player BAP Supplemental Benefit;
>
> (h) Review and decide any unresolved objection relating to the Monetary Fund Award;
>
> (i) Maintain signatory authority over the Settlement Trust established under the Agreement, including the authority to direct the Trustee to transfer funds and to make disbursements from those funds; and
>
> (j) Oversee fraud detection and prevention procedures, and review and decide the appropriate disposition of potentially fraudulent claims.

9. Courts in this and other Circuits have extended quasi-judicial immunity in similar circumstances to a number of individuals, both public officials and private persons. *See, e.g., Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001) (extending immunity to a social worker and others who conducted a court-ordered evaluation of parents in a custody proceeding because "they acted as arms of the court" in "gather[ing] information, conduct[ing] an evaluation, and

mak[ing] a recommendation to aid the custody determination.") *McArdle v. Tronetti*, 961 F.2d 1083 (3d Cir. 1992) (a court-appointed physician who, at the request of the court, provided a psychiatric evaluation of a prisoner and furnished a written report and recommendations); *Rieco v. Hebe*, 633 F. App'x 567, 569 (3d Cir. 2015) (a court-appointed guardian ad litem "exercising functions such as testifying in court, prosecuting custody or neglect petitions, and making reports and recommendations to the court"). Such individuals have specifically included Special Masters who performed functions directly comparable in nature to those performed by the Special Masters in this case. *See, e.g.*, *Kulesa v. Rex*, 519 Fed. Appx. 743, 746 (3d Cir. 2013) (holding that a "Support Master" was entitled to quasi-judicial immunity because his judgment was "functionally comparable to those of judges—that is, because [he], too, exercise[s] a discretionary judgment as a part of [his] function.") (internal citations omitted); *Wallace v. Abell*, 318 F. App'x 96, 99 (3d Cir. 2009) (holding that a Special Master, "serving as a neutral adjudicator by appointment of Court of Federal Claims," qualifies for absolute immunity); *Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993) (extending immunity to a Special Master who, as such, "clearly exercised discretionary judgment"); *In re Silicone Gel Breast Implants Prods. Liab. Litig.* (MDL 926), 174 F. Supp. 2d. 1242, 1267 (N.D. Ala. Sept. 26, 2001) ("However, the Escrow Agent was appointed by the court as a special master to carry out limited judicial functions under the direction of the court. In that role, the Escrow Agent is acting in a judicial capacity and enjoys judicial immunity. Accordingly, claims for damages cannot be maintained against the Escrow Agent.").

10. Courts have also extended quasi-judicial immunity to individuals who, even if not acting in judicial capacity, are carrying out judicial orders. *See, e.g.*, *Funches v. Bucks Cty.*, 586 F. App'x 864, 868 (3d Cir. 2014) (finding that court personnel who were performing a

ministerial, rather than judicial, function are protected by quasi-judicial immunity because they were acting pursuant to a court order); *Bush v. Rauch,* 38 F.3d 842 (6th Cir. 1994) (individual carrying out a court order is protected by quasi-judicial immunity). An actor "who faithfully and carefully carries out the orders of his appointing judge must share the judge's absolute immunity." *Kermit Const. Corp. v. Banco Credito Y Ahorro Ponceno*, 547 F.2d 1, 3 (1st Cir. 1976). Holding otherwise would make that actor, "a lightning rod for harassing litigation aimed at judicial orders." *Id.*

11. In performing their duties, the Special Masters will be acting pursuant to this Court's Final Approval Order. The Court specifically ordered the Parties "to implement each and every obligation set forth in the Settlement Agreement in accordance with the terms and provisions of the Settlement Agreement." (ECF No. 6534 ¶ 9.) The Court also appointed, pursuant to an order under Federal Rule of Civil Procedure 53(a)(1), the Special Masters to perform the functions necessary to implement and administer the Settlement Agreement. (*See* ECF No. 6871.)

12. Granting quasi-judicial immunity protection to the Special Masters will discourage Settlement Class Members, persons or entities pursuing Lien claims, and any other persons or entities from bringing frivolous lawsuits regarding the implementation of the Settlement Agreement.

13. In addition, "the safeguards built into" the judicial process and the Settlement Agreement, "tend to reduce the need for private damages actions." *Butz* 438 U.S. at 512. The Court's Order appointing the Special Masters provides mechanisms for challenging and/or appealing any conclusions of law made by the Special Masters to the Court for *de novo* review,

with the Court sitting as the ultimate decision-maker. Those procedures provide adequate opportunities and protections for appropriate redress of disagreements with those decisions.

14. The proposed Order submitted with this Motion provides liability protection to the Special Masters in the performance of their duties necessary to accomplish the goals of the Settlement Agreement that are quasi-judicial. While the full extension of quasi-judicial immunity would give the Special Masters absolute immunity for their discretionary acts, the proposed Order would not shield the Special Masters from liability for willful misconduct. With this exception, to spare the Special Masters from the burden and expense of unwarranted litigation, Movants request that the Court exercise its retained jurisdiction to extend quasi-judicial immunity to the Special Masters and enter an order substantially in the form of the suggested Order.

15. A Certificate of Uncontested Motion is attached.

Dated: May 22, 2017.                                    Respectfully Submitted:

/s/Christopher A. Seeger  
Christopher A. Seeger  
SEEGER WEISS LLP  
77 Water Street  
New York, NY 10005  
Main: (212) 584-0700  
Fax: (212) 584-0799  
cseeger@seegerweiss.com  

***Co-Lead Class Counsel***

/s/Sol Weiss  
Sol Weiss  
ANAPOL WEISS  
130 North 18th Street  
Suite 1600  
Philadelphia, PA 19103  
Main: (215) 735-1130  
Fax: (215) 735-2024  
sweiss@anapolweiss.com  

***Co-Lead Class Counsel***

**CERTIFICATE OF UNCONTESTED MOTION**

Pursuant to Local Rule 7.1(b), the undersigned certifies that the attached Uncontested Motion for Entry of Order Extending Quasi-Judicial Immunity to Special Masters in the NFL Concussion Settlement Program is uncontested.

Dated:  May 22, 2017                                                                                  Respectfully submitted,

| | |
|---|---|
| /s/Christopher A. Seeger | /s/Sol Weiss |
| Christopher A. Seeger | Sol Weiss |
| SEEGER WEISS LLP | ANAPOL WEISS |
| 77 Water Street | 130 North 18th Street |
| New York, NY 10005 | Suite 1600 |
| Main: (212) 584-0700 | Philadelphia, PA 19103 |
| Fax: (212) 584-0799 | Main: (215) 735-1130 |
| cseeger@seegerweiss.com | Fax: (215) 735-2024 |
| | sweiss@anapolweiss.com |
| *Co-Lead Class Counsel* | |
| | *Co-Lead Class Counsel* |

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's ECF system on May 22, 2017.

                                                 /s/Christopher A. Seeger  
                                                 Christopher A. Seeger