# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB <br> MDL No. 2323 |
| | **Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*     Plaintiffs, | Civ. Action No. 14-00029-AB |
| v. | |
| National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,     Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### UNCONTESTED MOTION FOR ENTRY OF ORDER EXTENDING QUASI-JUDICIAL IMMUNITY TO SETTLEMENT ENTITIES IN NFL CONCUSSION SETTLEMENT PROGRAM

In furtherance of the settlement of the above-captioned action, as memorialized in the Amended Class Action Settlement Agreement filed on February 13, 2015 (the "Settlement Agreement"), Co-Lead Class Counsel, on behalf of the Settlement Class and Subclasses, having consulted with Counsel for the NFL Parties, who have no objection, respectfully move this Court for entry of the proposed Order Extending Quasi-Judicial Immunity to Settlement Entities ("Order") submitted with this Motion. In support of this Motion, Movants respectfully state as follows:

1.	The capitalized terms used in this Motion that are defined in the Settlement Agreement have the same meanings given them in that Settlement Agreement.

2.	On May 8, 2015, the Court entered its Amended Final Order and Judgment in this action that certified the Settlement Class and Subclasses under Rule 23 of the Federal Rules of Civil Procedure and approved the Settlement Agreement.  (ECF No. 6534 ¶¶ 2, 7.)  It also ordered the Parties "to implement each and every obligation set forth in the Settlement Agreement in accordance with the terms and provisions of the Settlement Agreement."  (*Id.* ¶ 9.)

3.	To implement the terms of the Settlement Agreement, the Court appointed BrownGreer PLC ("BrownGreer") as the Claims Administrator and The Garretson Resolution Group, Inc. ("Garretson Group") as the BAP Administrator and Lien Resolution Administrator. (*Id.* ¶ 13.)  The Court also has the authority to appoint members of the Appeals Advisory Panel to review certain Qualifying Diagnoses and advise the Court with respect to medical aspects of the Class Action Settlement (ECF No. 6481 Ex. A at 49), and to appoint Appeals Advisory Panel Consultants to advise the Court and the Special Masters on the neuropsychological testing in the Settlement Agreement.  (*Id.* at 53.)

4.	The Court retained continuing and exclusive jurisdiction over the implementation and administration of the Settlement Agreement, as follows:

> The Court retains continuing and exclusive jurisdiction over this action[,] including jurisdiction over the Parties and their counsel, all Settlement Class Members, the Special Master, BAP Administrator, Claims Administrator, Lien Resolution Administrator, Appeals Advisory Panel, Appeals Advisory Panel Consultants, and Trustee.  In accordance with the terms of the Settlement Agreement, the Court retains continuing and exclusive jurisdiction to interpret, implement, administer and enforce the Settlement Agreement, and to implement and complete the claims administration and distribution process . . . .

(ECF No. 6534 ¶ 17.)

5. In the performance of their duties under the Settlement Agreement, the Garretson Group, BrownGreer, the Appeals Advisory Panel and the Appeals Advisory Panel Consultants (each a "Settlement Entity" and, collectively, the "Settlement Entities") will make, or assist in making, adjudicatory decisions that apply the terms of the Settlement Agreement to claims, disputes, or appeals submitted by Settlement Class Members and to Liens asserted against the interests of the Settlement Class Members. In so doing, the Settlement Entities will make determinations with which a Settlement Class Member, person or entities asserting Liens, or others may disagree.

6. To protect the Settlement Entities from exposure to litigation beyond the bounds of the Program, Movants request that the Court grant the Settlement Entities quasi-judicial immunity. Extension of quasi-judicial immunity to the Settlement Entities is appropriate on two independently sufficient grounds: (1) in performance of their duties under the Settlement Agreement, the Settlement Entities will perform judicial functions; and (2) they will be doing so pursuant to an order of this Court.

7. The well-settled doctrine of quasi-judicial immunity provides absolute immunity to individuals other than judges who perform judicial functions. *See Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985). Judicial functions are "functions of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435–36 (1993). Immunity is necessary to protect "the independent and impartial exercise of judgment" that is central to these functions. *Id.* at 435. It is the "discretionary decisionmaking that the doctrine of judicial immunity is designed to protect." *Id.* When judicial immunity is extended to individuals other than judges, it is because their judgments are "functionally comparable" to those of judges, meaning, "they, too, exercise a discretionary judgment as a part

of their function." *Id.* at 436 (internal quotations omitted). Under this "functional approach," courts look to "the nature of the function performed, not the identity of the actor who performed it" *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993); *see also Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001).

8. The nature of the duties of the Settlement Entities in administering the Settlement Agreement are "functionally comparable to that of a judge" – in advising the court, "resolving disputes between parties" and "adjudicating private rights," Settlement Entities "exercise a discretionary judgment." *Antoine*, 508 U.S. at 436. Specifically, the Settlement Entities will perform the following tasks that are comparable to that of a judge, require exercise of discretionary judgment and are, ultimately, subject to supervision by and pursuant to an order of this Court:

*As the Claims Administrator*, BrownGreer will:

(a) Review registrations to determine validity and sufficiency;
(b) Determine if Settlement Class Members are entitled to Monetary Awards or Derivative Claimant Awards based on Claim Package submissions; and
(c) Implement procedures to prevent fraudulent submissions and payments from the MAF.

*As the Lien Resolution Administrator and BAP Administrator*, Garretson Group will:

(a) Identify and coordinate resolution of all applicable Liens;
(b) Oversee the Qualified BAP Providers and the Qualified BAP Pharmacy Vendors; and
(c) Establish procedures for disbursing the BAP Supplemental Benefits.

*The Appeals Advisory Panel* members, in addition to their role advising the Court and Special Masters, will:

(a) Review and decide the level of Neurocognitive Impairment in cases of a disagreement between Qualified BAP Providers regarding a potential Qualifying Diagnosis for a Retired NFL Football Player;

(b) Review certain claims for Qualifying Diagnoses made prior to January 7, 2017; and

(c) Assist the Court in its review and decision of Settlement Class Member appeals of certain Monetary Award determinations.

***The Appeals Advisory Panel Consultants*** will:

(a) Advise the Appeals Advisory Panel, Court, or Special Masters on the neuropsychological testing referenced in the Settlement Agreement, as pertaining to the Qualifying Diagnoses of Levels 1.0, 1.5 and 2.0 Neurocognitive Impairment; and

(b) Assist the Court in its review and decision of Settlement Class Member appeals of certain Monetary Award determinations.

9. Courts in this and other Circuits have extended quasi-judicial immunity in similar circumstances to a number of individuals, both public officials and private persons. *See, e.g., Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001) (extending immunity to a social worker and others who conducted a court-ordered evaluation of parents in a custody proceeding because "they acted as arms of the court" in "gather[ing] information, conduct[ing] an evaluation, and mak[ing] a recommendation to aid the custody determination."); *McArdle v. Tronetti*, 961 F.2d 1083 (3d Cir. 1992) (a court-appointed physician who, at the request of the court, provided a psychiatric evaluation of a prisoner and furnished a written report and recommendations); *Wallace v. Abell*, 318 F. App'x 96, 99 (3d Cir. 2009) (a Special Master, "serving as a neutral adjudicator by appointment of Court of Federal Claims"); *Rieco v. Hebe*, 633 F. App'x 567, 569 (3d Cir. 2015) (a court-appointed guardian ad litem "exercising functions such as testifying in court, prosecuting custody or neglect petitions, and making reports and recommendations to the court"); *Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993) (extending immunity to a Special Master who, as such, "clearly exercised discretionary judgment"). These individuals performed functions comparable to those performed by the Settlement Entities.

5

10.     Courts have also extended quasi-judicial immunity to individuals who, even if not acting in judicial capacity, are carrying out judicial orders. *See, e.g., Funches v. Bucks Cty.*, 586 F. App'x 864, 868 (3d Cir. 2014) (finding that court personnel who were performing a ministerial, rather than judicial, function are protected by quasi-judicial immunity because they were acting pursuant to a court order); *Bush v. Rauch,* 38 F.3d 842 (6th Cir. 1994) (individual carrying out a court order is protected by quasi-judicial immunity). An actor "who faithfully and carefully carries out the orders of his appointing judge must share the judge's absolute immunity." *Kermit Const. Corp. v. Banco Credito Y Ahorro Ponceno*, 547 F.2d 1, 3 (1st Cir. 1976). Holding otherwise would make that actor, "a lightning rod for harassing litigation aimed at judicial orders." *Id.* Although not a reported opinion, District Judge Harvey Bartle III of the Eastern District of Pennsylvania, entered an Order in the Diet Drugs Products Liability Litigation which granted qualified judicial immunity to physician members of a Consensus Expert Panel (CEP) appointed under a Court Approved Procedure. In re Diet Drugs Products Liability Litigation, MDL 1203, Civil Action 99-20593, Doc. No. 2352 at p. 4 (12/7/2005, unreported) The members of the CEP were appointed by Judge Bartle to audit certain claims for medical benefits in the Diet Drugs settlement.  The role of the CEP in the Diet Drugs case is similar to the roles of the Appeals Advisory Panel and the Appeals Advisory Panel Consultants in the present case.  A copy of Judge Bartle's order is attached.

11.     In performing their duties, the Settlement Entities will be acting pursuant to this Court's Final Approval Order. The Court specifically ordered the Parties "to implement each and every obligation set forth in the Settlement Agreement in accordance with the terms and provisions of the Settlement Agreement." (ECF No. 6534 ¶ 9.) The Court also appointed, by an order, the Claims Administrator, the BAP Administrator and the Lien Administrator to perform

the functions necessary to implement the Settlement Agreement. (*Id.* ¶ 13.) The Appeals Advisory Panel and the Appeals Advisory Panel Consultants will similarly be appointed by court order (if the Court so chooses). (ECF No. 6481 Ex. A at 49, 53.)

12. Granting quasi-judicial immunity protection to the Settlement Entities will discourage Settlement Class Members, persons or entities pursuing Lien claims, and any other persons or entities from bringing frivolous lawsuits regarding the implementation of the Settlement Agreement.

13. In addition, "the safeguards built into" the judicial process and the Settlement Agreement, "tend to reduce the need for private damages actions." *Butz* 438 U.S. at 512. The Settlement Agreement provides mechanisms for challenging and/or appealing certain determinations made by the Settlement Entities, with the Court sitting as the ultimate decision-maker. Those procedures provide adequate opportunities and protections for appropriate redress of disagreements with those decisions.

14. The proposed Order submitted with this Motion provides liability protection to the Settlement Entities in the performance of their duties necessary to accomplish the goals of the Settlement Agreement that are quasi-judicial. While the full extension of quasi-judicial immunity would give the Settlement Entities absolute immunity for their discretionary acts, the proposed Order would not shield the Settlement Entities from liability for willful misconduct. Nor would it prevent or even affect claims against them for breach of any contractual obligations of the Settlement Entities. With those two exceptions, to spare the Settlement Entities from the burden and expense of unwarranted litigation, Movants request that the Court exercise its retained jurisdiction to extend quasi-judicial immunity to the Settlement Entities and enter an order substantially in the form of the suggested Order.

15. A Certificate of Uncontested Motion is attached.

Dated: May 22, 2017.                                             Respectfully Submitted:

/s/Christopher A. Seeger                                         /s/Sol Weiss
Christopher A. Seeger                                            Sol Weiss
**SEEGER WEISS LLP**                                             **ANAPOL WEISS**
77 Water Street                                                  130 North 18th Street
New York, NY 10005                                               Suite 1600
Main: (212) 584-0700                                             Philadelphia, PA 19103
Fax: (212) 584-0799                                              Main: (215) 735-1130
cseeger@seegerweiss.com                                          Fax: (215) 735-2024
                                                                 sweiss@anapolweiss.com

*Co-Lead Class Counsel*

                                                                 *Co-Lead Class Counsel*

**CERTIFICATE OF UNCONTESTED MOTION**

Pursuant to Local Rule 7.1(b), the undersigned certifies that the attached Uncontested Motion for Entry of Order Extending Quasi-Judicial Immunity to Settlement Agreement Administrators, Appeals Panelists, and Appeals Advisory Panel Consultant in the NFL Concussion Settlement Program is uncontested.

Dated:  May 22, 2017                                                                 Respectfully submitted,

/s/Christopher A. Seeger                                   /s/Sol Weiss
Christopher A. Seeger                                         Sol Weiss
SEEGER WEISS LLP                                          ANAPOL WEISS
77 Water Street                                                    130 North 18th Street
New York, NY 10005                                          Suite 1600
Main: (212) 584-0700                                          Philadelphia, PA 19103
Fax: (212) 584-0799                                             Main: (215) 735-1130
cseeger@seegerweiss.com                                 Fax: (215) 735-2024
                                                                              sweiss@anapolweiss.com

*Co-Lead Class Counsel*

                                                                              *Co-Lead Class Counsel*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's ECF system on May 22, 2017.

                                                 /s/Christopher A. Seeger
                                                 Christopher A. Seeger