# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE DIET DRUGS (Phentermine/Fenfluramine/Dexfenfluramine) PRODUCTS LIABILITY LITIGATION | MDL NO. 1203 |
| THIS DOCUMENT RELATES TO: | |
| SHEILA BROWN, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 99-20593 |
| AMERICAN HOME PRODUCTS CORPORATION, | |
| Defendant. | |

PRETRIAL ORDER NO. 6100

AND NOW, this 31st day of March, 2005, upon consideration of the Joint Motion of Class Counsel, Wyeth, and the AHP Settlement Trust, it is hereby ORDERED that the Court-Approved Procedure relating to the audit of Matrix claims attached hereto as Exhibit A and the Court-Approved Procedure relating to the re-audit of certain Matrix claims attached hereto as Exhibit B are hereby APPROVED.

BY THE COURT:

Harvey Bartle III, J.

Case 2:99-cv-20593-HB   Document 2352-1   Filed 12/07/2005   Page 2 of 20

# Exhibit A

Case 2:99-cv-20593-HB   Document 2952-2   Filed 12/07/2005   Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 1203 |
| THIS DOCUMENT RELATES TO: SHEILA BROWN, ET AL. V. AMERICAN HOME PRODUCTS CORPORATION | CIVIL ACTION No. 99-20593 |

Court Approved Procedure No. \_\_\_\_
(AUDIT OF MATRIX CLAIMS)

AND NOW, in accordance with the Nationwide Class Action Settlement Agreement and the agreement of the AHP Settlement Trust, Class Counsel and Wyeth, it is hereby ORDERED as follows:

1. *Incorporation of Settlement Agreement Definitions.* The capitalized terms used in this Procedure shall have the same meaning as those terms have in the Settlement Agreement, as amended. Additional capitalized terms defined in this Procedure shall have the meanings given to them in this Procedure.

2. *Applicability.* This Procedure applies to all Claims for Matrix Compensation Benefits subject to audit ("Audit") pursuant to Pretrial Order No. 2662 (and any related Pretrial Orders), on which as of the Effective Date of this Procedure the Trust has not issued a Post-Audit Determination under Rule 15 of the Rules for the Audit of Matrix Compensation Claims approved by Pretrial Order No. 2807 (which constitutes the Tentative Determination on a Claim for Matrix Compensation Benefits required by Section VI.C.4.e of the Settlement Agreement).

3. *Appointment of the CEP.* The Court hereby appoints a three member "Consensus Expert Panel" (the "CEP") consisting of John Dent, M.D. (designated by the Trust), Neil Weissman, M.D. (designated by Wyeth), and Harry Rakowski, M.D.(designated by Class Counsel), to assist the Trust in the administration of Claims, as set forth in this Procedure. If any member of the CEP hereafter becomes unwilling or unable to serve in that capacity, then the party who designated that member may nominate a replacement for approval by the Court. The members of the CEP may be removed or replaced only by order of the Court for good cause shown.

~~Case 2:99-cv-20593-HB   Document 2352-2   Filed 12/07/2005   Page 2 of 6~~

4.  ***Consulting Cardiologist to the Trust.*** The Court hereby approves of the Trust's retention of Joseph F. Kisslo, M.D. to serve as a Consulting Cardiologist to the Trust for any appropriate purposes under the Settlement Agreement, including advising the Trust regarding the integrity of Claims and the adequacy of the Audit process.

5.  ***General Role of the CEP.*** The CEP shall have authority to monitor the performance of the Auditing Cardiologists and to develop procedures for quality assurance in the Audit of Claims for Matrix Compensation Benefits. The CEP and its individual members shall have qualified judicial immunity for all actions or inactions under the terms of this Procedure. Each member of the CEP may at any time provide to the party that designated that person as a CEP member any information relating to the CEP.

6.  ***Decisions by the CEP.*** The CEP shall decide all matters before it by consensus.

7.  ***Auditing Cardiologist Training.*** The CEP shall provide training and re-training, as it deems necessary, to the Auditing Cardiologists in accordance with the principles reflected in the Audit training module approved by the Court in Pretrial Order No. 2825 and the methodology used for training approved in Pretrial Order No. 4992, and any other applicable Pretrial Orders.

8.  ***Quality Assurance of the Audit Program.*** The CEP shall develop and implement such quality assurance measures as it believes are appropriate to provide a reasonable degree of assurance that the Audits conducted by the Auditing Cardiologists fairly and accurately distinguish between those Claims that are payable and those in which there is no reasonable medical basis for the Claim. In doing so, the CEP shall consider medical information supplied by the Trust's Consulting Cardiologists and other medical consultants, Wyeth, Class Counsel and Class Members.

9.  ***Other Functions of the CEP.*** If the CEP determines that the result(s) of the review of a Claim or group of Claims in Audit depart from accepted standards of practice in applying the medical criteria of the Settlement Agreement (and any applicable Pre-Trial Orders), then the Trust may take appropriate actions to remedy the situation, including any or all of the following:

    (a)  Suspending or terminating the use of an Auditing Cardiologist;

    (b)  Requiring that an Auditing Cardiologist be re-trained by the CEP as a condition to the resumption of Audits by the Auditing Cardiologist; and/or

    (c)  Where the CEP has determined that an Audit result on a Claim or group of Claims for Matrix Compensation Benefits is not reliable, requiring the re-Audit of any such Claim or group of Claims for Matrix Compensation

Benefits, provided that no Claim shall be subjected to Audit more than twice. Within 15 days after the date on which a determination is made that a Claim or group of Claims shall be re-Audited, the Trust shall send the affected Class Member a copy of the report issued by the Auditing Cardiologist in connection with the first Audit of the Claim (redacting the Auditing Cardiologist's name and identification number) and written notice of the determination that the Claim should be re-Audited, with a summary of the reasons for the CEP's determination that the Claim is eligible for re-Audit under this Paragraph 9(c). If the affected Class Member receives a Final Determination denying Matrix Compensation Benefits, in whole or in part, and is subject to Show Cause proceedings, then the reports issued by the Auditing Cardiologists in connection with the Audit and the re-Audit of the Claim and the written notice of the determination that the Claim should be re-Audited under this Paragraph 9(c), with a summary of the reasons for the CEP's determination that the Claim is eligible for re-Audit under this Paragraph 9(c), shall be included in the Show Cause record on the Claim. Any actions pursuant to this Paragraph 9(c) shall apply to and affect only the Claims identified as subject to such actions.

  **10.** *Other Issues.* If after the Audit or re-Audit of a Claim for Matrix Compensation Benefits, the Trust intends to issue a Post-Audit Determination denying such claim on the ground that the Class Member intentionally made a material misrepresentation of fact in connection with the Claim, the Trust shall so notify Class Counsel, the affected Class Member and Wyeth and afford them a period of at least 15 days before issuing such a Post-Audit Determination to take such action as either party may deem appropriate.

  **11.** *Matrix Processing Database.* On a monthly basis, the Trust shall supply the Parties with a database in Microsoft Access format that accurately reflects the following information:

  (a) The name of the Class Member and Trust assigned DDR number for every Claim for Matrix Compensation Benefits that is subject to Audit under this Procedure;

  (b) The date when the Claim became complete and, if not completed, a description of the items necessary to make the Claim complete;

  (c) The date on which the Claim was transmitted to an Auditing Cardiologist for Audit;

3

Case 2:99-cv-20593-HB   Document 2952-2   Filed 12/07/2005   Page 4 of 6

(d) The date on which the Trust received from the Auditing Cardiologist the results of the Auditing Cardiologist's review of the Claim under Audit Rule 7;

(e) Whether the Audit result supports any payment by the Trust and, if so, at what Level and on what Matrix;

(f) Whether the Trust issued a "CAP 4 Notice" on the Claim and the date on which such a notice was issued to the Class Member;

(g) Whether a Post-Audit Determination has been issued by the Trust with respect to the Claim and, if so, when the Tentative Determination was issued and the amount of the Determination;

(h) Whether the Trust has received a Contest on the Claim and, if so, the date such Contest was received;

(i) Whether a Final Post-Audit Determination has been issued by the Trust with respect to the Claim and, if so, when the Final Post-Audit Determination was issued and the amount of the Determination;

(j) Whether payment has been made to the Class Member and, if so, the amount and date of payment.

12. *Access to Information.* The Trustee shall keep Wyeth and Class Counsel fully and timely apprised of all material policies, practices, and procedures of the Trust relating to the Audit of Claims. Before the Trust implements any material change to any such policy, practice, or procedure, the Trustee shall provide reasonable notice to Class Counsel and Wyeth and a meaningful opportunity for comment.

13. *Effective Date and Duration of this Procedure.* This Procedure shall become effective on the date of entry by the Court and shall remain in effect until further order of the Court.

BY THE COURT:

HARVEY J. BARTLE, III, U.S.D.J.

4

**AGREED:**

**CLASS COUNSEL:**

*/s/ Michael D. Fishbein*

Michael D. Fishbein, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Date: December 7, 2005

**WYETH**

*/s/ Peter L. Zimroth*

Peter L. Zimroth
ARNOLD & PORTER
399 Park Avenue
New York, NY 10022

Date: December 7, 2005

*/s/ Orran L. Brown*

Orran L. Brown
BrownGreer PLC
115 S. 15th Street, Suite 400
Richmond, Virginia 23219

**AHP SETTLEMENT TRUST**

_/s/ Martin Rudolph_

Martin Rudolph
Trustee/Claims Administrator
AHP Settlement Trust
1818 Market Street
Philadelphia, PA  19103

Date:  December 7, 2005

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 1203 |
| THIS DOCUMENT RELATES TO: SHEILA BROWN, ET AL. V. AMERICAN HOME PRODUCTS CORPORATION | CIVIL ACTION No. 99-20593 |

**Court Approved Procedure No. \_\_\_\_**
(RE-AUDIT OF CERTAIN CLAIMS FOR MATRIX COMPENSATION BENEFITS)

AND NOW, in accordance with the Nationwide Class Action Settlement Agreement and the agreement of the AHP Settlement Trust, Class Counsel and Wyeth, it is hereby ORDERED as follows:

1. ***Incorporation of Settlement Agreement Definitions.*** The capitalized terms used in this Procedure shall have the same meaning as those terms have in the Settlement Agreement, as amended. Additional capitalized terms defined in this Procedure shall have the meanings given to them in this Procedure.

2. ***Re-Audit of Certain Claims in the Audit Process.*** Within ten days after the Effective Date of this Procedure, the Trust shall: (a) supply to each Class Member identified on Exhibit A to this Procedure and their counsel, if any, hard copies of the materials created and submitted to the Trust by the Auditing Cardiologist under Rule 7 of the Rules for the Audit of Matrix Compensation Claims (approved in Pretrial Order No. 2807) in connection with any Audit of the Claim, including those created and submitted to the Trust prior to the date on which John Dent, M.D., on behalf of the Trust, contacted the Auditing Cardiologist in connection with the Audit of the Claim; and (b) notify the Class Member that the Trust shall re-Audit the Claim, unless the Class Member, within 30 days after the date of the notice from the Trust, notifies the Trust that the Class Member objects to having the Claim re-Audited. The Trust shall cause each of the Claims of those Class Members who do not timely object to the re-Audit of their Claims to be re-Audited by an independent Auditing Cardiologist other than the Auditing Cardiologist who conducted the original review of the Claim, and the Claim shall be processed, determined and paid or not paid based on the outcome of the re-Audit of the Claim. The Trust shall process the

Case 2:99-cv-20593-HB   Document 2352-3   Filed 12/07/2005   Page 2 of 5

Claim of each Class Member who timely objects to the re-Audit of the Claim on the basis of the final conclusion of the Auditing Cardiologist on the Claim, and without conducting a re-Audit of the Claim.

3. *Effective Date and Duration of this Procedure.* This Procedure shall become effective on the date of entry by the Court and shall remain in effect until further order of the Court.

BY THE COURT:

_____
HARVEY J. BARTLE, III, U.S.D.J.

AGREED:
CLASS COUNSEL:

_____
Michael D. Fishbein, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Date: December 7, 2005

2

Case 2:99-cv-20593-HB   Document 2352-3   Filed 12/07/2005   Page 3 of 3

**WYETH**

*[signature]*

Peter L. Zimroth
ARNOLD & PORTER
399 Park Avenue
New York, NY 10022

Date: December 7, 2005

**AHP SETTLEMENT TRUST**

*[signature]*

Martin Rudolph
Trustee/Claims Administrator
AHP Settlement Trust
1818 Market Street
Philadelphia, PA 19103

Date: December 7, 2005

*[signature]*

Orran L. Brown
BrownGreer PLC
115 S. 15th Street, Suite 400
Richmond, Virginia 23219

# Exhibit A to
# Matrix Re-Audit CAP

| | **MATRIX CLAIMS TO BE RE-AUDITED** |
|---|---|
| | **DDR Number** |
| 1. | 869719 |
| 2. | 8011668 |
| 3. | 8034293 |
| 4. | 8150698 |
| 5. | 452029 |
| 6. | 2454114 |
| 7. | 3018975 |
| 8. | 3109568 |
| 9. | 3186350 |
| 10. | 3426905 |
| 11. | 8000764 |
| 12. | 8019787 |
| 13. | 8173803 |

**EXHIBIT A**