UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| _____ | : | |
| IN RE:  NATIONAL FOOTBALL LEAGUE | : | No. 2:12-md-02323 –AB |
| PLAYERS' CONCUSSION | : | |
| INJURY LITIGATION | : | MDL No. 2323 |
| _____ | : | |
| **THIS DOCUMENT RELATES TO:** | : | |
| | : | **PETITION TO ESTABLISH** |
| **JOHN SANDERS, PLAINTIFF,** | : | **ATTORNEY'S LIEN** |
| **SHORT FORM, DOC 3009** | : | |
| | : | |

Now, comes, the Petitioner, John D. Giddens, for John D. Giddens P.A., Philip W. Thomas Law Firm, pursuant to U.C.C. 8 9-303, and *Stephens v. Wetzel,* 762 Sb.2d 293 (Miss. 2000) and their executed employment contract and states as follows:

(1) The Petitioner is an attorney at law admitted to practice before any court in the State of Mississippi, and files this petition to establish his lien for attorney's fees as set forth hereinafter;

(2) On or about April 26, 2012, the Petitioner and additional counsel listed below were retained and employed by the Plaintiff, John Sanders, pursuant to a contingent fee agreement, to pursue a claim for injuries and damages on the plaintiff's behalf in the NFL Concussion MDL against the NFL and any other responsible parties for any football-related injuries.

(3) Mr. Sanders' contingency fee agreement contains the following terms: If no recovery (by settlement or trial) is obtained, the client will not owe any legal fee or expenses. If Plaintiff's counsel obtains settlement or judgment for Client prior to suit being filed in this matter, Client will pay to counsel one-third (33 1/3%) of the net recovery after

reimbursement of expenses. If Plaintiff's counsel obtains settlement or judgment for Client after suit being filed in this matter, Client will pay to counsel forty percent (40%) of the net recovery after reimbursement of expenses.

(4) When Petitioner entered into contract with Plaintiff, he entered into the risk and expense of the litigation. Pursuant to this agreement, the additional counsel listed below, Philip Thomas, filed a Complaint on August 6, 2012 (Doc. 3009) in this matter on behalf of the Plaintiff, which is the subject of the instant action.

(5) From the date the Petitioner was authorized to proceed on behalf of the Plaintiff, the Petitioner has actively and diligently applied himself to the investigation, preparation, and pursuit of Plaintiff's claims, and has taken all steps necessary to prosecute those claims, document the Plaintiff's diagnoses, retrieve medical records, and continue to pursue the best interests of the Plaintiff in this matter.

(6) The Plaintiff has recently discharged the Petitioner as his attorney in this matter, and it is expected that a new attorney will shortly be entering an appearance for the Plaintiff in this action.

(7) The Petitioner was not terminated by the Plaintiff for cause, and the termination was not due to any malfeasance or other improper action on the part of the Petitioner.

(8) The Petitioner claims the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiff in this action.

WHEREFORE, the Petitioner prays:

(1) That his attorney's lien be determined;

(2) That the amount of the lien be established;

(3) That the Court order that the Petitioner be entitled to enforce his attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

(4) That the Defendant or the Defendant's insurer be prohibited from paying to the Plaintiffs any sums of money until said lien has been satisfied;

(5) For such other and further relief as this Court deems just.

Dated: May 24, 2017

Respectfully Submitted By:

s/John D. Giddens
John D. Giddens

John D. Giddens
GIDDENS LAW FIRM
226 North President Street (39236)
Post Office Box 22546
Jackson, Mississippi 39225-2546
Tel: (601) 355-2022
Fax: (601) 355-0012

Philip W. Thomas
PHILIP W. THOMAS LAW FIRM
Post Office Box 24464
Jackson, Mississippi 39225-4464
747 North Congress St. (39202)
pthomas@thomasattorney.com
(601) 714-5660

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

This the 24th day of May, 2017.

s/John D. Giddens
John D. Giddens