UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE RETIRED PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Hon. Anita B. Brody |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED MASTER ADMINISTRATIVE LONG-FORM COMPLAINT**

Pursuant to Rule 15(a)(2), Plaintiffs respectfully move for leave to file the attached Second Amended Master Administrative Long-Form Complaint Against Riddell Defendants ("SAMLC-Riddell").

**PRELIMINARY STATEMENT**

Plaintiffs are retired professional football players who played as part of the National Football League while using Riddell Defendants' helmets. These Plaintiffs' claims against Riddell Defendants remain unresolved after a Class Action Settlement Agreement was entered into with certain plaintiffs and the NFL Defendants on February 13, 2015 ("Settlement Agreement"). Plaintiffs allege, *inter alia*, that Plaintiffs were deceived by the Defendants, that Defendants' helmets were defective, that Defendants represented their helmets as safer than they were, that Defendants knew that the helmets were unsafe, and that Defendants knew and never informed Plaintiffs that repeated impacts to the head while wearing Riddell helmets would cause long term brain injuries. And as a result of the Riddell Defendants' misconduct and defective helmets, Plaintiffs suffered and continue to suffer severe personal injuries and losses.

Plaintiffs wish to bring forth pleadings that adequately and specifically address their individual claims against Riddell Defendants.  The Proposed Second Amended Master Administrative Long Form Complaint Against Riddell Defendants (SAMLC-Riddell), along with the corresponding Short Form Complaint (SFC-Riddell) seek to reconcile the Plaintiffs' allegations, claims, and theories of recovery against Riddell Defendants that remain centralized in this MDL and the proposed SAMLC-Riddell is intended to serve the administrative functions of efficiency and economy as described by the Court in *in Re: Propulsid Product Liability Litigation*, 208 F.R.D. 133, 141 (E.D. La. 2002).

## **PROCEDURAL HISTORY**

On February 13, 2015, a Settlement Agreement was entered into between the National Football League and NFL Properties LLC ("NFL Defendants") and the NFL Litigation's Plaintiffs' Class Counsel on behalf of the Plaintiffs.  *See* Dkt. 6481-1.  Many Plaintiffs who entered into the settlement with the NFL Defendants continue to maintain claims against the Riddell Defendants for Riddell's part in causing their injuries.  In addition, other Plaintiffs that never entered into the Settlement with the NFL Defendants also continue to maintain claims against the Riddell Defendants.

On May 9, 2017, the Court held an Organizational Meeting to address all cases in MDL No. 2323 remaining with claims against Riddell Defendants.  As a result of that meeting, on May 18, 2017, the Court issued an Order stating:

> Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, as they requested, Co-Lead Counsel for Plaintiffs in the Riddell cases may file a motion for leave to file a Second Amended Master Administrative Complaint Against the Riddell Defendants (SAMAC-Riddell) and an Amended Short-Form Complaint Template for claims against the Riddell Defendants (SFC-Riddell) on or before May 24, 2017. Any such motion

>shall be accompanied by a supporting memorandum (not to exceed twenty-five (25) pages) describing how the SAMAC-Riddell and the SFC-Riddell comport with Rule 15(a)(2).

>Dkt. 7709 at *2.

Plaintiffs respectfully submit this Motion and Memorandum in Support in accordance to the Court's May 18, 2017 Order.

## LEGAL ARGUMENT

The Court has broad discretion under Fed. R. Civ. P. 15(a)(2) to grant leave to amend pleadings, and Rule 15 provides that such leave be given freely. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). A court should only deny a motion for leave to amend where: "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000); see also *USW v. Rohm & Haas Co.*, No. 05-CV-0039, 2008 U.S. Dist. LEXIS 62387 (E.D. Pa. Aug. 14, 2008) (allowing plaintiffs to amend complaint to add new facts); *Wilmington Fin., Inc. v. Blue Star Fin. Servs.*, No. 07-3489, 2008 U.S. Dist. LEXIS 1793, at *7 (E.D. Pa. Jan. 9, 2008) (amendment allowed as no futility); *Revelle v. Trigg*, No. 95-5885, 1999 U.S. Dist. LEXIS 382 (E.D. Pa. Jan. 19, 1999) (granting motion to amend complaint to add defendant).

Courts reviewing these factors have stressed that "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). The burden of showing prejudice falls to the non-moving party, who may not merely claim prejudice. Rather, the non-moving party "must show that it was unfairly

disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Bechtel*, 886 F.2d at 652 (internal quotation marks omitted). Even where granting leave to amend might extend litigation, such "delay alone is insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Assn'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Cornell*, 573 F.2d at 823).

First, Plaintiffs have not delayed or exhibited bad faith in seeking leave to amend the Complaint. No evidence exists that Plaintiffs exhibited undue delay, bad faith, or dilatory motives. The "mere passage of time" is not sufficient to deny a motion for leave to amend on the basis of undue delay. See *Cureton*, 252 F. 3d at 273. See also *Arthur v. Maersk, Inc*., 434 F. 3d 196, 205 (3d Cir. 2006) ("There is, of course, no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue'"). Rather, the focus of the inquiry is the facts and circumstances of the particular case. See *Romero v. Allstate Ins. Co.*, No. 01-3894, 2010 U.S. Dist. LEXIS 76050, at *17 (E.D. Pa. July 28, 2010). The Court and the parties have been actively administrating the settlement for those plaintiffs that settled with the NFL Defendants, and Plaintiffs have not been able to pursue their claims against the Riddell Defendants until now. Furthermore, the Court only recently appointed counsel to coordinate the representation of the Plaintiffs against Riddell and directed that this Motion be filed. Plaintiffs would not have otherwise had a reasonable opportunity to bring forth an amended complaint at an earlier time. For the foregoing reasons, no delay, bad faith, or dilatory motives should be found.

Second, the amendment is not futile. An amendment is considered futile "if the amended complaint cannot withstand a renewed motion to dismiss." *Wolfson v. Lewis*, 168 F.R.D. 530, 534 (E.D. Pa. 1996) (quoting *Jablonski v. Pan Am. World Airways, Inc*., 863 F.2d 289, 292 (3d

Cir. 1988)).  Plaintiffs' claims against Riddell Defendants continue to be actionable and still may overcome a motion to dismiss.  Plaintiffs have pleaded sufficient facts to show, *inter alia*, plausible claims that the Riddell Defendants engaged in a fraudulent and negligent manner by conspiring with the NFL Defendants, by omitting material information about repetitive head impacts causing brain injuries, by making inaccurate statements about the safety of their helmets, and by manufacturing and marketing defective helmets.  This request to amend the Complaint is an effort to efficiently reconcile the allegations, claims, and theories of recovery of Plaintiffs claims against Riddell Defendants that remain consolidated in this MDL.  These Plaintiffs specifically wish for pleadings tailored to their individual cases be heard.  The proposed SAMLC-Riddell, along with the Proposed SFC-Riddell, supplements the previous Amended Complaint's claims by providing additional factual support about the conduct being alleged and by describing the harm caused to each individual Plaintiff.   All of the proposed amendments would still overcome a motion to dismiss.  For these reasons, Plaintiff's proposed amendments cannot and should not be considered futile.

      Third, the amendment will not prejudice Defendants.  To establish undue prejudice, the non-moving party must demonstrate that the amendment would leave the non-moving party "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the allegations in the amended complaint been timely made." *Romero*, 2010 U.S. Dist. LEXIS 76050, at *45 (internal quotation marks omitted).  However, even where a proposed amendment adds new allegations against a defendant, "where the evidence required to meet these new allegations is substantially similar to that which was originally required, prejudice does not exist." *Id.* at *46 (internal quotation marks omitted).  In addition, "the need for additional discovery due to amendment does not, without more, prejudice the non-moving

party." *Id.* (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990) and *Amquip Corp. v. Admiral Ins. Co.*, 231 F.R.D. 197, 200-01 (E.D. Pa. 2005)).

The Riddell Defendants are well aware that Plaintiffs' claims against Riddell remained in this litigation after a settlement was entered into with the NFL Defendants. It should be no surprise to Defendants that the Plaintiffs would continue to pursue their claims against Riddell. The allegations against Riddell that they engaged in a fraudulent and negligent manner, that they knew about MTBIs, that they omitted material information about MTBIs, that they made inaccurate statements about the safety of their helmets, and that they manufactured and marketed defective helmets are substantially similar to previous allegations such that the evidence presented would be virtually identical. Moreover, discovery has not even commenced, and there is therefore no risk of duplicative or protracted discovery. Defendants also cannot show that they were unfairly disadvantaged or deprived of any opportunity to present facts or evidence. Therefore, granting leave to file the SAMLC-Riddell poses no prejudice to Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant their Motion for Leave to File Second Amended Master Administrative Long-Form Complaint against Riddell Defendants.

Dated: May 24, 2017

Respectfully Submitted,

By: */s/ Wendy R. Fleishman*
Wendy R. Fleishman

Adam H. Weintraub
Andrew R. Kaufman
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street
8th Floor
New York, New York 10013
Telephone: (212) 355-9000
Facsimile: (212) 355-9592
wfleishman@lchb.com

Christopher Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

*Co-Lead Counsel on Behalf of Plaintiffs Against Riddell*