# Exhibit A

| | |
|---|---|
| **From:** | Scheff, Richard |
| **Sent:** | Monday, June 05, 2017 6:01 PM |
| **To:** | 'TBenedetto@seegerweiss.com' |
| **Cc:** | Herman, David F.; 'CSeeger@seegerweiss.com'; 'sweiss@anapolweiss.com' |
| **Subject:** | Re: NFL Concussion Litig - CSG |

Terri,

We are disappointed in this response from Co-Lead Class Counsel.  Since the filing of your motion for injunctive relief, our client has worked diligently and cooperatively with Co-Lead Class Counsel to address each and every concern raised by Co-Lead Class Counsel.  In response, Co-Lead Class Counsel has repeatedly changed its demands of our client, each time in response to our addressing your concerns.   Indeed, our most recent communication addressed all of Co-Lead Class Counsel's requests short of agreeing to an ongoing, indefinite reporting requirement.  Despite agreeing to essentially all of Co-Lead Class Counsel's requests, your latest e-mail indicates that Co-Lead Class Counsel intends to again declare an impasse given reports of "Class Member confusion," the detail and sources of which have never been shared with us or our client despite our repeated requests.

To be absolutely clear – our client stands ready and willing  to investigate fully all reports of "confusion" by Class Members regarding the services our client offers to Class Members, just as we have done since our first communication with you.  As Co-Lead Class Counsel is well aware, our client has already investigated the one potentially verifiable example of alleged misrepresentations by our client and found that Co-Lead Class Counsel's anonymous claims were not substantiated by the evidence.  Indeed, Co-Lead Class Counsel's publication of unsubstantiated and anonymous allegations – which turned out to be false – has caused at least one employee of our client to suffer ongoing harm.  Yet since this first investigation, Co-Lead Class Counsel has not shared any specific reports of misrepresentations by our client.  Instead Co-Lead Class Counsel has only recently informed us of vague and completely anonymous allegations of "confusion" – not misrepresentations— which do not contain any information which could permit those allegations to be verified by either our client or the Court.  Again, if Co-Lead Class Counsel wishes to have our client fully investigate these allegations of confusion, we are willing to do so.

Further, to the extent there is any confusion regarding the services offered by our client,  Co-Lead Class Counsel is fully aware that Class Members with whom our client has contracted are all represented by able individual counsel who fully understand their ethical duties both to their clients and to the Court.  Indeed, it appears that Co-Lead Class Counsel has contacted several firms representing Class Members with whom our client has contracted, and as far as we are aware, each of those firms informed Co-Lead Class Counsel that the Class Members were ably represented and understood the services offered by our clients.  It is also our understanding that both Class Members and their individual counsel have specifically informed Co-Lead Class Counsel that intervention in this matter is both unnecessary and improper – with each of our clients affirmatively representing they did not wish to be contacted individually by Co-Lead Class Counsel.  Finally, we note Co-Lead Class Counsel is fully aware our clients possess signed disclosures from each Class Member with whom our clients have a contract.  These written disclosures confirm verbal disclosures provided to Class Members and fully inform Class Members of precisely who our client is and what services our client performs.  While Co-Lead Class Counsel may now have additional disclosures it wishes to make to Class Members,  we remind Co-Lead Class Counsel that despite possessing our proposed disclosures long before they were provided to Class Members, Co-Lead Class Counsel failed to provide any feedback and instead declared an impasse.

Despite everything, our client is still willing to work with Co-Lead Class Counsel to amicably resolve this matter without the need for intervention by the Court.  Let us confirm again:

-	Our client will fully investigate any alleged misrepresentations to, or confusion by, Class Members brought to us by

Co-Lead Class Counsel.  Co-Lead Class Counsel need only provide us with information enabling our clients to investigate the alleged misrepresentation or confusion.  Thus far, Co-Lead Class Counsel has failed to do so.

- Our client will provide Co-Lead Class Counsel with a list containing our clients proprietary and confidential client list upon the signing of a confidentiality agreement which has been largely agreed to.  Should Co-Lead Class Counsel have a legitimate need for an update to that client list, our client will work with Co-Lead Class Counsel to provide updates as necessary.

- Our client has fully and completely addressed each and every concern actually raised by Co-Lead Class Counsel regarding the content and marketing materials utilized by our client.

Given all this, we do not believe there is any issue to present to the Court in a status report or by way of motion.  Should Co-Lead Class Counsel wish to bring any new issue to our attention, our client will evaluate Co-Lead Class Counsel's request and address it in a timely fashion – just as our client has done with each and every request from Co-Lead Class Counsel to date.

Thank you.

---

**From**: TerriAnne Benedetto [mailto:TBenedetto@seegerweiss.com]
**Sent**: Monday, June 05, 2017 01:39 PM
**To**: Scheff, Richard
**Cc**: Herman, David F.; Chris Seeger <CSeeger@seegerweiss.com>; 'sweiss@anapolweiss.com' (sweiss@anapolweiss.com) <sweiss@anapolweiss.com>
**Subject**: NFL Concussion Litig - CSG

Richard,

We appreciate your and your clients' efforts to resolve this matter amicably.  At this point, however,  given increasing reports of Class Member confusion that we're receiving (which are also giving the Claims Administrator concern), we need to bring to the Court's attention all of the facts concerning the various claims service providers, including your client, of which we've become aware, and to seek approval of appropriate steps to lessen or remediate Class Members' confusion.  As such, unfortunately we're not in a position to enter into an agreement with your client, at least at this time.  I plan to advise the Court of same in a Status Report tomorrow.

Thank you,

TerriAnne Benedetto
Seeger Weiss LLP
1515 Market Street
Suite 1380
Philadelphia, PA 19102
(t) 215-564-2300
(d) 215-553-7981
(f) 215-851-8029

---

**From:** Scheff, Richard [mailto:rscheff@mmwr.com]
**Sent:** Thursday, June 01, 2017 4:42 PM

**To:** TerriAnne Benedetto <TBenedetto@seegerweiss.com>
**Cc:** Herman, David F. <DHerman@mmwr.com>; Chris Seeger <CSeeger@seegerweiss.com>; 'sweiss@anapolweiss.com' (sweiss@anapolweiss.com) <sweiss@anapolweiss.com>
**Subject:** COG/NFL

Terri,

Our client is not willing to enter into an open-ended reporting regime with Co-Lead Class Counsel, based upon anonymous "recent reports" from Class Members concerning alleged verbal misrepresentations.  If our clients are going to enter into an agreement to provide any updates of its proprietary client list, such updates must be subject to a set of agreed upon conditions – one of which is ultimately the termination of all periodic reports to Co-Lead Class Counsel.  Specifically, we propose the following:

- COG will provide Co-Lead Class Counsel a current copy of its client list upon the signing of the Confidentiality Agreement;
- COG will provide Co-Lead Class Counsel with an updated copy of its client list ninety (90) days after the signing of the Confidentiality Agreement;
- With each update of its client list, COG will provide Co-Lead Class Counsel with a list of all law firms that COG presents to Class Members that express an interest in retaining individual counsel;
- If Co-Lead Class Counsel becomes aware of any alleged misrepresentation by COG to a Class Member, Co-Lead Class Counsel will disclose the details of the misrepresentation to COG and COG will investigate the allegations related to the alleged misrepresentation.  To the extent any allegation of misrepresentations by COG are verified, COG will provide Co-Lead Class Counsel with a written statement identifying whether the Class Member is a client of COG and whether the Class Member is represented by individual counsel.

While we reiterate our client's desire to work with Co-Lead Class Counsel to identify and verify the existence of any alleged misrepresentations, Co-Lead Class Counsel's anonymous allegations concerning at least one of SC's employees, Andrew Schneider, have already been proven entirely false.  These unproven and false allegations already have caused Mr. Schneider substantial harm in that his admission to the Bar of the Supreme Court of New Jersey has been delayed and/or suspended in light of the allegations filed on the public docket which he was compelled to disclose.  While our client has no issues working with Co-Lead Class Counsel to resolve all potential legitimate issues in SC's interactions with Class Members, our client will not agree to have Co-Lead Class Counsel indefinitely involved in its business based upon anonymous allegations.  To this end, once we have reached agreement on these issues, and after Co-Lead Class Counsel has verified that SC's clients are all adequately represented and have a full and fair understanding of the extent of their contracts with COG, we look forward to Co-Lead Class Counsel withdrawing their Motion for Injunction.  We hope the parties can then jointly file a stipulation which corrects the misstatements as to SC's employees contained within that motion and permits each of us to focus on serving the Class Members.

Finally, our client is hereby providing you with the contact information for the following firms:

1. McMullen & Associates
   **Stephen McMullen**
   11 Broadway, Suite 615
   New York, NY 10004
   **Office: (212) 882-1606**
   Fax: (866) 750-7586
   Email: stephen@mcmullinlawfirm.com

2. Dutton Law Group
   **Adam Tannin**
   Miami Office
   **(786) 871-7971**

Email: atannen@duttonlawgroup.com


**Richard L. Scheff** | Executive Chairman
**Montgomery McCracken Walker & Rhoads LLP**
123 South Broad Street | Avenue of the Arts | Philadelphia, PA 19109
Tel: 215-772-7502 | Fax: 215-731-3922 | Mobile: 267-250-5494
437 Madison Avenue, 29th Floor | New York, NY 10022
Tel: 212-551-7719
 rscheff@mmwr.com | Attorney Profile

Notice: This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution and/or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender and please immediately delete this message from your computer as well as any storage device(s). Thank you.