# Exhibit I



May 31, 2017

<u>**Via: Email and Certified Mail**</u>
Seeger Weiss LLP
ATTN: Co-Lead Class Counsel
77 Water Street
New York, NY 10005

Re: Response to Correspondence Dated May 19th, 2017

Dear Co-Lead Counsel,

Pursuant to the call we had on Tuesday with TerriAnne Benedetto pertaining certain disclosures you requested that we make to our clients concerning Case Strategies Group ("CSG"), I have additional concerns/questions that require clarification so that we are all on the same page. Before getting into the specific disclosures themselves, having discussed your correspondence with my partners and staff, I want to make sure I am clear on a few general points:

> 1 - We are not aware of, or otherwise have not had, any clients that have contracted with CSG voice to us any confusion or misunderstanding of any facts pertaining to the NFL Concussion Settlement Claims Process ("NCSCP").

> 2 - We are not aware of, or otherwise have not had, any clients that have contracted with CSG express any concern about the terms of any agreement that they entered.

> 3 - All our clients that have contracted with CSG have pretty much expressed a very fluid grasp of the NCSCP, and they generally do not have very many questions at all about what will be the immediate next steps of the process.

As all licensed attorneys are required to do, had we been made aware of any misrepresentations or issues concerning our clients' understanding of the NCSCP, we would have certainly addressed those issues with CSG and clarified any misrepresentations with the client. Nevertheless, while we will comply in good faith with any efforts to make sure only accurate information is relayed to our clients by any party, we just want to ensure that we are not clarifying or disclosing what you referred to as "misrepresentations" that have not been made at all.

<u>Analysis of Proposed Class Counsel Disclosures</u>
With regards to the list of eighteen disclosures that have been provided, I have attached a chart which outlines questions/concerns (*if any*), pertaining to the disclosures themselves. ***"Ex. A"***. Please review this chart and respond with any information that you can provide that adds clarity and allows us to inform our clients appropriately. Please be advised that the questions/concerns that we have posed are not

intended in any way to offend, frustrate, or annoy, but solely to understand so that we can fulfill our fiduciary duties to our clients.

<u>Proposed Solution</u>
If the goal and spirit of this is to ensure that Class Members do not receive misinformation, I believe that our FAQ that we send to all clients in their welcome packages would be the best place to address any potentially misrepresentations that have been made without requiring any party or attorney with skating along a dangerous line of alleging that any company that our clients have contracted with, has misrepresented information that they relied on when that may not be factually accurate. I have attached a copy a of a sample of our abbreviated FAQs, which pulls information directly from the NCSP website. ***"Ex. B"***.   Please review and provide any feedback that you may have.  We can supplement to or put in specific FAQ's that address any concerns that you may have regarding the Class Members receiving any misinformation, without making any accusations towards another entity.  Our concern in placing the impression in our clients' minds that CSG is conclusively and actively making misrepresentations, could be perceived as us making disparaging comments about this company; exposing us to potential causes of action by them as well.


No matter what is required or what you would like our help with to aid with the distribution of correct facts and information, we will certainly do our part to work with all entities who share in the same accord. Should you have any questions and/or concerns about any of the information in this letter, please do not hesitate to give me a call.


Respectfully,


*/s/ Joey M. McCall*_____
Joey McCall, Esq.
*Managing Partner*
**McCall | Atten**
One Alhambra Plaza
Penthouse Floor
Coral Gables, FL 33134
(786) 749-2218
Email: Joey@McCallAtten.com

| # | Class Counsel Requested Disclosure | Question/Concern about the Disclosure | Settlement Reference or Other Authority on Point |
|---|---|---|---|
| 1 | A Class Member does not need CSG in order to: register, participate in the BAP by scheduling an appointment with a Qualified BAP Provider, schedule an appointment with a Qualified MAF Physician or file a Claim.  In fact, your law firm could handle all of these details for the client. | While a Class Member does not need CSG, isn't it that Class Member's sole choice as to whether they retain CSG's services?  While it is well understood that the BAP is free and is easy to schedule with medical records are still required and can be costly to obtain; a service I believe CSG provides.  Additionally, for clients who opt to use a qualitied MAF Physician there is a cost involved that some of these Class Members don't have.   Isn't it beneficial for Class Members to have options to prepare their cases in the best position possible?  Not having to pay out of pocket costs goes a long way in relieving the client of the obligation to be so heavily involved, and I can also tell you, as I'm sure you know, no law firm wants to pay costs and expenses if they don't have to. | • *See* 5.08 - 5.11 Re: Qualified MAF Physicians |
| 2 | Registering is not a complicated process. | As I stated on our call, I think the complexity of any process is purely subjective and depends on the Class Member.  For one of my clients who is 76 and does not even have an e mail address or know how to use a computer; how can it be asserted that he does not need assistance or that this process is not complicated for him? | *N/A* |
| 3 | Scheduling an examination with a Qualified BAP Provider or Qualified MAF Physician is not | See question/concern to proposed disclosure #2 | *N/A* |

| | a complicated process | | |
|---|---|---|---|
| 4 | The examination by a Qualified BAP Provider is free. | No Issue w/ Disclosure | *N/A* |
| 5 | Class Members *must* go through the BAP Administrator to schedule a BAP Examination. | No Issue w/ Disclosure | *N/A* |
| 6 | Filing a claim is not a complicated process | See question/concern to proposed disclosure #2 | *N/A* |
| 7 | The valuation of the Monetary Award is a simple calculation based upon the Retired Player's age at diagnoses, Qualifying Diagnoses, Eligible Seasons played, ad certain other offsets .  The Monetary Grid is on the Settlement Website. | No Issue w/ Disclosure | *N/A* |
| 8 | The Claims Administrator is independent of the NFL and was appointed by the Court, with the input of Class Counsel.  Therefore, he is not adverse to, or somehow | No Issue w/ Disclosure | *N/A* |

| 9 | The independent BAP Administrator was similarly appointed by the Court, with the input of Class Counsel,  and is not adverse to, or somehow predisposed against, Class Members | No Issue w/ Disclosure | *N/A* |
|---|---|---|---|
| 10 | The Court has appointed (without input from the NFL Parties, their counsel, or Class Counsel) the Special Masters | No Issue w/ Disclosure | *N/A* |
| 11 | After January 7th, 2017, Class Member cannot obtain a Qualifying Diagnosis from anyone other than a Qualified BAP Provider or Qualified MAF Physician | The presumption based on this assertion is that a Class Member cannot utilize a private doctor, where there is nothing in the information listed in the settlement agreement or on the information page that states that a Class Member cannot utilize a private doctor.  Is it your assertion that if a Class Member utilizes a private doctor who has the same credentials as the Qualified MAF Physicians listed on the settlement website, any qualifying diagnosis that derives from the private doctor will not be accepted?  What if a Class Member gets denied by the BAP and seeks a second opinion with a private doctor with the same credentials as the Qualified MAF Physician; that documentation will not be accepted either?  If there is a private doctor who is not on the list of Qualified MAF Physicians, but has all of the same credentials listed in 5.08, | • *See 5.08 Re: Qualifications for MAF Physicians*<br><br>• *See 5.11 Class Members ability to obtain private doctors* |

| | | why wouldn't that be honored? 5.11 is not exactly clear on the matter as it relates to qualifications | |
|---|---|---|---|
| 12 | If CSG or any other person or entity sent a Class Member for a medical examination after January 7th, 2017 and he received a diagnosis, he still must be examined by a Qualified BAP Provider or Qualified MAF Physician in order to obtain a Qualifying Diagnosis and make a claim for Monetary Award. | No Issue w/ Disclosure but please clarify as to whether this implies that no information surrounding the prior diagnoses will be evaluated or utilized for the Class Member's claim? | *N/A* |
| 13 | The Qualified BAP Providers and Qualified MAF Physicians were selected and contracted by the BAP Administrator and the Claims Administrator, respectively.  They are independent and are not biased. | No Issue w/ Disclosure | *N/A* |
| 14 | The physicians and Providers serving on the Appeals Advisory Panel and as the Appeals Advisory Panel Consultants were jointly selected by Co-Lead Class | No Issue w/ Disclosure | *N/A* |

|  | | | |
|---|---|---|---|
|  | Counsel and counsel for the NFL Parties. It was the Court that reviewed their nominations and ultimately appointed them. Like other officials appointed in connection with the effectuation of the Settlement, they are independent and are not biased. | | |
| 15 | If a claim is denied for deficiencies in the submission, the Claims Administrator will work with Class Members or their counsel to correct the deficiency | No Issue w/ Disclosure | *N/A* |
| 16 | Co-Lead Class Counsel stand ready to assist any Class Member at any point in the process | No Issue w/ Disclosure | *N/A* |
| 17 | If a Class Member is eligible for the BAP, but does not participate, the Monetary Award for any later Qualifying Diagnosis (except for a Qualifying Diagnosis of ALS), may be reduced by 10% unless the Qualifying Diagnosis | No Issue w/ Disclosure | *N/A* |

|  | is made before the deadline for the Retired Player's BAP examination. |  |  |
|---|---|---|---|
| 18 | A Class Member who received a Qualifying Diagnosis prior to January 7th, 2017 will in most instances, have his claim reviewed by the Appeals Advisory Panel. | After a review of all information available to us, we could not find any information that explains or supports why.  This is important because when making these disclosures to Class Members we represent, if we are requested to elaborate further, and have no information in order to do so, saying, "just because", or, "we are not really aware why," calls into question our own knowledge and competency. | *N/A* |



Dear Client,

We wanted to take a minute to thank you for considering our firm for your legal work and to share with you some information about our firm. We realize this may be your first experience working with a law firm, so we hope the enclosed packet will ease your mind and you find it to be helpful. We certainly appreciate your business(sounds too formal?) and want to make sure you are receiving exceptional service in all interactions with our firm. Your contact for the following NFL concussion settlement will be_____. The enclosed packet contains the following items:

- o  Contact information and how to best reach me or my staff
- o  Frequently asked questions regarding the NFL concussion settlement
- o  Important dates to remember regarding the process of this settlement
- o  Disclosures
- o  The next steps in moving forward with your case (Including registration, submission)

If you have any questions or concerns, please contact me at 786-749-2218. It would be my pleasure to hear from you and to answer your questions. We truly appreciate the opportunity to work with you.



# Frequently Asked Questions

**What is the Settlement about?**
- o Retired NFL Football Players ("Plaintiffs") who have experienced head trauma during their NFL Football careers resulting in brain injuries, which caused or may cause them long-term neurological problems.  Plaintiffs accused the NFL of being aware of the evidence and the risks associated with repetitive traumatic brain injuries, but failed to warn and protect players against the long-term risks, and ignored and concealed this information from players.

**Who is included in the Settlement Class?**
- o All living NFL Football players who, prior to July 7, 2014, (1) retired from playing professional football with the NFL or any Member Club, including AFL, World League of American Football, NFL Europe League and NFL Europa League players or (2) were formerly on any roster, including preseason, regular season, or postseason, of any such Member Club or league and no longer are under contract to a Member Club and were not seeking active employment as a player with any Member Club.
- o Authorized representatives, ordered by a court or other official of competent jurisdiction under applicable state law, of deceased, legally incapacitated or incompetent Retired NFL Football Players.
- o Spouses, parents, dependent children, or any other persons who properly under applicable state law assert the right to sue independently or derivatively because of their relationship with a living or deceased Retired NFL Football Player.

**What are the benefits of the Settlement?**
- o The Baseline Assessment Program, which provides baseline neuropsychological and neurological examinations for eligible Retired NFL Football Players and additional medical testing, counseling and/or treatment if they are diagnosed with moderate cognitive impairment during their baseline examinations.
- o Monetary Awards.



## Important Dates to Remember:

| Event: | Date: |
|---|---|
| **Start of the Registration Period** | **February 6, 2017** |
| **Claim Submission Opens** | **March 23, 2017** |
| **MAF Physician List Available** | **April 7, 2017** |
| **Start of the Baseline Assessment Program** | **June 6, 2017** |
| **Registration Deadline for Retired NFL Football Players** | **August 7, 2017** |
| **Deadline to Receive a Baseline Assessment Program Examination** | 1. **For Retired NFL Football Players born on or before January 7, 1974: June 6, 2019.**<br>2. **For Retired NFL Football Players born after January 7, 1974: June 7, 2027, or before Age 45, whichever comes sooner.** |
| **Deadline to Submit a Monetary Award Claim Package** | 1. **For Retired NFL Football Players diagnosed by the <u>Effective Date:</u> February 6, 2019.**<br>2. **For Retired NFL Football Players diagnosed after the <u>Effective Date:</u> Within two years from the date of diagnosis.** |

