# Exhibit N

# NFL CONCUSSION CONTINGENT FEE AGREEMENT

TO:  **Slater Slater Schulman LLP**          **Levy Baldante Finney & Rubenstein, PC**
     123 S. Broad Street, Suite 2140         Rittenhouse Square
     Philadelphia, PA 19109                  1845 Walnut Street, Suite 1300
                                             Philadelphia, PA 10103

I, _____, hereby constitute and appoint the law firms of Levy, Baldante, Finney & Rubenstein, P.C. and **Slater Slater Schulman LLP** as my attorneys to represent me under the NFL Concussion Litigation - Class Action Settlement of June 25, 2014 (referenced herein as the "NFL Concussion Litigation"), and to prosecute any and all potential claims pursuant to this NFL Concussion Litigation for damages and related injuries suffered by me arising out of my employment with the NATIONAL FOOTBALL LEAGUE AND NFL PROPERTIES, LLC, SUCCESSOR IN INTEREST TO NFL PROPERTIES INC., from which league I am now retired.

I hereby agree that the compensation of my attorney for services shall be determined as follows:

1. **LEGAL SERVICES:** General conduct of my claim(s) shall include overall handling, management, medical assessment, registration, institution and maintenance of any legal claim(s) deemed necessary by my attorney to recover damages under the NFL Concussion Litigation and/or to effect an amicable settlement or successful verdict of such claim(s).

2. **FEE PERCENTAGE:** I and the law firms agree that the law firms shall be paid Thirty-Three and one-third (33.33%) Percent of the sum recovered, whether by suit, settlement or otherwise (the "Attorney's Fee"). In the event there is no recovery, the Client shall not be obligated to pay the law firms a legal fee for services rendered.

3. **DISBURSEMENTS:** Disbursements may include some of the following expenses: court filing fees, sheriff fees, medical and hospital report/record fees, doctor's report, court stenographer fees, deposition costs, expert fees for expert depositions and court appearances, trial exhibits, computer on-line search fees, WestLaw search fees, express mail, postage, photocopy charges, document management charges (i.e., OCR'ing, PDF conversion costs, etc.), long distance telephone charges, travel and accommodation expenses, postage and mailing charges, among other charges. At the time of the final settlement or distribution of judgment proceeds, these expenses shall be deducted from the Client's share after computation of the Attorney's Fee.

Since this firm has been retained by others having the same claim or a similar case, disbursements regarding the liability and/or damages of the defendants may be shared proportionately by all such plaintiffs. It is contemplated that this may be accomplished by participating with other firms nationally in a pooling of research and information for which a case-by-case membership fee will be necessary. As such, this will be deemed Disbursements, which will be deducted from the gross settlement prior to the computation of the Attorney's Fee.

The disbursements involved in prosecuting the case may be advanced by the client or by the law firms. The client may choose either option. If the client elects to advance the money for disbursements, the client must pay each disbursement as it is incurred. If the client elects to have the law firm advance the money for disbursements, at the end of the case, the law firm shall be reimbursed from the recovery for any disbursements and related costs that the law firm advanced.

In the event client elects to advance the disbursements, at the time of the final settlement or distribution of judgment proceeds, these expenses shall be deducted prior to the computation of the Attorney's Fee.

In the event client elects to have the law firm advance the disbursements, at the time of the final settlement or distribution of judgment proceeds, these expenses shall be deducted from the client's share after the computation of the Attorney's Fee.

In the event no choice is affirmatively selected by the client, it will be assumed that the client wishes to have the law firm advance all disbursements.

4. **MEDICAL BILLS:** All medical bills incurred which are not paid by your medical insurance and are due and owing shall be chargeable to the Client's portion of the settlement. There may be additional deductions representing outstanding medical bills, liens to doctors for unpaid medical services rendered, or medical services not covered by medical insurance. The recovery of these medical services are included in the gross settlement and shall be paid from the net settlement. Unpaid medical providers often will wait for payment until the conclusion of the case, however, in consideration for such abeyance, they will request a lien upon the settlement proceeds. The Client expressly authorizes the firm to sign such lien forms which may be requested by physicians and to directly pay outstanding medical bills for treatment to such physicians or other health care providers at the conclusion of the case. This authorization shall include medical and hospital expenses, and subrogation claims. The Client understands that medical providers do not provide medical services contingent upon the outcome of a case, and that in the event that there is no recovery, or an insufficient recovery, the Client may remain responsible for the payment of such medical bills.

5. **WITHDRAWAL:** The law firms expressly reserve the right to withdraw their representation at any time upon reasonable notification to the Client. In the event that the Client advises the law firms to discontinue the handling of this claim, or if the Client fails to cooperate with the law firms in the handling of this claim, Client agrees to compensate the law firms a reasonable amount for its services, and for the time spent on this claim on an hourly basis or under such other arrangement that may be agreed upon by the parties. The Client understands that the law firms have conditionally accepted this case based upon independent confirmation of all facts and injuries claimed to have been sustained by Client. In the event that the Client desires to transfer the file from this office, the Client shall be responsible to compensate the law firms for the reasonable value of their services and the total expenses up to the date of transfer. Such transfer shall not include documents or attorney work product regarding the general liability of the defendants.

6. **APPEALS:** The above contingency fee does not contemplate any appeal. The law firm is under no duty to perfect or prosecute such appeal until a satisfactory fee arrangement is made in writing regarding costs and counsel fees.

7. **FINANCING OF CASE:** If the firm borrows money from any lending institution to finance the cost of the client's case, the amounts advanced by this firm to pay the cost of prosecuting or defending a claim or action or otherwise protecting or promoting the client's interest will bear interest at the highest lawful rate allowed by applicable law. In no event will the interest be greater than the amount paid by the firm to the lending institution.

8. **RESULTS NOT GUARANTEED:** No attorney can accurately predict the outcome of any legal matter, accordingly, no representations are made, either expressly or impliedly as to the final outcome of this matter. I further understand that I must immediately report any changes in my residence, telephone number and/or health to the law firms.

9. **APPROVAL NECESSARY FOR SETTLEMENT:** Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation including settlement upon the Client's instruction and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could do so in person. Attorneys are also authorized and empowered to act as Client's negotiator in any and all negotiations concerning the subject of this Agreement, and are authorized to negotiate my claim as part of an aggregate settlement with other plaintiffs' cases should the opportunity arise.

10. **ASSOCIATION OF OTHER ATTORNEYS:** Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client. Client understands that **the law firms** identified in the Agreement have a number of attorneys. Various firm attorneys may work on Client's case. Law firms and attorneys associated in accordance with the terms herein may participate in the division of fees in this case and assume joint responsibility for the representation of the Client. The total fee to the Client, however, does not increase as a result of the division of fees among the attorneys, and that the attorneys involved have agreed to the division of fees and assumption of joint responsibility.

11. **PENNSYLVANIA LAW TO APPLY:** This Agreement shall be considered construed under and in accordance with the laws of the Commonwealth of Pennsylvania and the rights, duties and obligations of Client and of the law firms regarding the law firms' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the Commonwealth of Pennsylvania.

12. **ARBITRATION:** Any and all disputes, controversies, claims or demands arising out of or relating to (1) this Agreement or (2) any provision hereof or (3) the providing of services by the law firms to Client or (4) the relationship between the law firms and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association. Client shall not file a class action against the law firms or seek to assert any claims or demands against the law firms by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph. Any such arbitration proceeding shall be conducted in Philadelphia County, Pennsylvania. This arbitration provision shall be enforceable in either federal or state court in Philadelphia County, Pennsylvania pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any Court in Philadelphia County, Pennsylvania having jurisdiction.

13. **PARTIES BOUND:** This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

14. **LEGAL CONSTRUCTION:** In case any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

**15. PRIOR AGREEMENTS SUPERSEDED:** This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

**I understand that this Contingent Fee Agreement is a binding legal contract. I expressly agree that I will fully and freely cooperate with my attorneys in all aspects required for the prosecution of this legal matter and that I will take no actions that frustrate or impair the success of this claim.**

(Initials)

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of the terms and conditions.

**SIGNED AND ACCEPTED ON THIS DATE** _____/_____/_____

**Print Client/NFL Player's Name:** ███████████ _____

**Signature:** _____