# Exhibit P-3

*Legacy Pro Sports*

CONSULTING/MANAGEMENT CONTRACT

This contract is made and entered as of the date last executed by a party hereto, and is by and between Legacy Pro Sports LLC, a Florida limited liability Company ("Legacy"), and the party executing the contract as "Client" in the acknowledgement section below ("Client"). Client and Legacy agree as follows:

1. Engagement. Client engages Legacy as an independent contractor for Client to provide consulting and management services to Client to assist Client obtain certain funds that Client may be entitled to under The National Football League Concussion Class Action Settlement Agreement and related cases (the "Client Benefit"). Nothing contained in this contract creates an employment relationship, partnership, joint venture or other association between any of the parties or causes any party to be responsible in any way for the debts or obligations of any other party(ies), other than as expressly set forth in this contract.

2. Legacy Services. Legacy will provide the following services for Client:
   a. Educate and inform Client on Client Benefit and other similar matters;
   b. Assist Client with full data gathering and submissions;
   c. Consult Client on necessary and/or recommended professional services (ex. legal or medical);
   d. Coordinate all travel and logistics as needed; and
   e. Act as a liaison between Client and Professional (ex. legal or medical) service providers.

   The Client acknowledges and agrees that: neither Legacy, nor any of its Managers, Members, or any of its employees, are licensed attorneys in any state; that neither Legacy, nor any of its Managers, Members, or any of its employees have given or will give the Client any legal advice; Legacy, as part of its services may recommend attorneys to provide legal services; however, Legacy is neither affiliated with those attorneys nor will Legacy be paid any fee or other compensation by those attorneys.

3. Compensation. Client will pay Legacy ten percent (10%) of all monetary awards that client receives from the Client Benefit (the "Consulting Fee"). Client will pay Legacy the Consulting Fee within fifteen (15) calendar days of Client's receipt of monetary awards that Client received from the Client Benefit. Client hereby authorizes Client's attorneys to disburse Legacy's Consulting Fee directly to Legacy from the Client Benefit. In the event Client is late on any payment to Legacy, Client will pay Legacy a reasonable late fee of 18% per anum calculated at 1.5% per month.

4. Expenses. Client will reimburse Legacy for any expenses that Legacy incurs on behalf of Client so long as those expenses are preapproved by Client in writing.

5. **Legacy's Communication Authorization**. Client hereby authorizes Legacy to communicate with any third party regarding Legacy's services contained in this contract. This includes, but is not limited to, **Client's other agents, managers, attorneys and doctors.**

6. Confidential Information. Legacy agrees to maintain in strict confidence all confidential information Legacy receives in connection with Legacy's performance under this contract. Legacy will use confidential information only for the specific purpose of performing Legacy's duties under this contract. Legacy will never publish, disseminate, or otherwise make available any inventions, patents, data, information, intellectual property, documentation, software, enhancements, know-how, trade secrets, procedures, methods, concepts, leads, customer lists, prospect lists, business contacts, suppliers, subcontractors, financial, business and operational information that otherwise affects Client, or any other tangible or intangible matters relating to Client. Within seven (7) calendar days of termination of this contract, whether initiated by Client, or by operation of law, for whatever reason, Legacy will deliver to Client all physical and/or electronic confidential information, keeping no copies thereof, and permanently deleting all electronic confidential information from all software and/or hardware in every medium. The provisions of this paragraph will survive the termination of this contract.

7. Representations and Warranties. Legacy and Client represent and warrant to each other that each: has the legal right to enter into this contract; will not infringe the intellectual property of any third party by entering into this contract; and will not violate other rights of any third party by performing this contract.

8. Term and Termination. This contract will remain in effect until either party terminates this contract for any reason with seven (7) calendar day's written notice to the other party.

9. Effect of Termination. **The parties' duties under this contract terminate at the termination of this contract without further liability of either par**ty to the other, except those duties that survive the expiration of this contract. If Client terminates this contract subsequent **to Legacy's** commencement of services related to obtaining a Client Benefit, then Client is required to pay Legacy the Consulting Fee for that Client Benefit. For example, Client engages Legacy on 1 January 2017. On 5 January 17, Legacy educates and informs Client of the Client Benefit. On 25 January 2017, Client terminates Client's contract with Legacy. On 1 June 2017, Client receives settlement funds from the Client Benefit. Legacy is entitled to 10% of those settlement funds from Client.

*Legacy Pro Sports*

10. Enforcement Costs. In the event any disputes arise out of this contract, including but not limited to litigation, mediation, arbitration or those otherwise involving legal counsel, the prevailing party(ies) will be entitled to recover reasonable legal fees, expenses and court costs through appeal and final judgment on all issues in addition to any other relief to which the party(ies) may be entitled.

11. Interpretation; Savings Clause; Severability. Should any word, phrase, sentence, paragraph, section or other portion or provision of this contract be rendered impossible, void, invalid, unenforceable, or otherwise prohibited by any court or governmental agency or authority of any jurisdiction for any reason, the offensive word, phrase, sentence, paragraph, section or other portion or provision of this contract will be deemed omitted or stricken to the extent necessary so that the offensive word, phrase, sentence, paragraph, section or other portion or provision of this contract does not render impossible, void, invalid, unenforceable, or otherwise prohibited any other word, phrase, sentence, paragraph, section or other portion or provision of this contract.

12. Choice of Laws; Venue; Waiver of Jury Trial. In the event of any dispute arising out of the performance of this contract, whether based in contract, tort, or other body of law, the parties agree that the laws of the State of Florida will govern the dispute. The parties further agree that the venue for any dispute, including any dispute where the citizenship of the parties is diverse, will be solely and exclusively in the state court Lee County, Florida. If, and only if, the state court for Lee County, Florida does not have jurisdiction, then the dispute will be brought in the U.S. District Court in or having jurisdiction over the Lee County, Florida. The parties expressly waive the right to trial by jury, if any. The provisions of this paragraph will survive the termination of this contract.

13. Advice of Counsel. Each party acknowledges that this is a negotiated contract between sophisticated parties, and each had opportunity to review this document with independent legal counsel. Each party executes this document freely, without duress, coercion or undue influence, after becoming satisfied with the contents of this contract, whether or not the party retained independent legal counsel. Rules of construction will not be applied to interpret or construe the terms of this contract against any party on the basis that **the party, or the party's counsel, drafted this** contract.

14. Notices. All notices, requests, consents and other communications required or permitted under this Agreement shall be in writing and shall be (as elected by the person giving such notice) telecommunicated via facsimile transmission, electronic mail, hand delivered by messenger or courier service, telecommunicated, or mailed by registered or certified mail (postage prepaid), return receipt requested, addressed to the party hereunder at the address set forth in the Acknowledgment Section below.

15. Final Contract; Amendments; Counterparts; Signatures. This instrument embodies the whole contract of the parties to this contract and there are no promises, duties, terms, conditions or obligations between the parties other than those herein contained or expressly referenced. The parties may execute this contract in counterparts, each deemed an original, but all taken together will constitute the same instrument. Confirmation of execution by electronic transmission of a facsimile signature page in accordance with the notice provisions hereof will be binding upon any party so confirming, and facsimile signatures will have the same effect as originals. Modifications must be in writing and executed by the party charged.

## Acknowledgement Section

Agreed to and acknowledged this ____day of _____ 20_____ by:
Legacy Pro Sports LLC
    By _____
    _____, its _____
Notice Information:
Legacy Pro Sports LLC
25 Carrotwood Court
Fort Myers, Florida 33919
E-mail : Brandon.Siler@LegacyProSports.US

Agreed to and acknowledged this ____day of _____ 20_____ by:
Client
    Client Sign: _____
    Client Print Name: _____
    Notice Information: _____
    E-mail: _____ _____