UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE RETIRED PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Hon. Anita B. Brody |

**<u>OPT OUT PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED MASTER ADMINISTRATIVE LONG-FORM COMPLAINT</u>**

1351474.4

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION .................................................................................................. 1

II.    DEFENDANTS' ARGUMENTS ARE PREMATURE. ..................................................... 1

III.    PLAINTIFFS SHOULD BE PERMITTED TO PLEAD ESTOPPEL ALLEGATIONS. ................................................................................................. 2

    A.    In *Henderson* and *Sampson*, the NFL Successfully Argued that State-law Personal Injury Claims Were Not Arbitrable Under the CBA. ............................. 3

    B.    Defendants are Now Precluded from Arguing that State-Law Personal Injury Tort Claims are Subject to the CBA. ........................................................ 4

    C.    Defendants' Arguments Against Estoppel are Without Merit. ............................. 5

        1.    In *Henderson* and *Sampson*, Defendants argued—and prevailed—on the same issue presented here. ............................................................. 5

        2.    The NFL's argument that it was not a party to the arbitrations is simply wrong. .................................................................................. 6

        3.    The preemption issue was essential to the arbitration judgments. .............. 7

IV.    CONCLUSION ..................................................................................................... 8

# TABLE OF AUTHORITIES

Page

**Cases**

*Bentley v. Cleveland Browns Football Co.*, 2011-Ohio-3390,
 194 Ohio App. 3d 826 (2011) .................................................................................. 6
*Dann v. Lincoln Nat'l Corp.*,
 274 F.R.D. 139 (E.D. Pa. 2011) ............................................................................... 2
*DeLa Cruz v. Piccari Press,*
 521 F. Supp.2d 424 (E.D. Pa. 2007) ........................................................................ 2
*In re United Brands Co. Sec. Litig.*,
 No. 85-5445, 1990 WL 16164 (S.D.N.Y. Feb. 15, 1990) ....................................... 2
*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*,
 458 F.3d 244 (3d Cir. 2006) .................................................................................... 7
*Jurevicius v. Cleveland Browns Football Co.*, LLC, No. 1:09 CV 1803,
 2010 WL 8461220 (N.D. Oh. Mar. 31, 2010) ........................................................ 6
*Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*,
 337 F.3d 314 (3d Cir. 2003) .................................................................................... 4
*McInerney v. Moyer Lumber & Hardware, Inc.*,
 244 F. Supp. 2d 393 (E.D. Pa. 2002) ....................................................................... 2
*Nat'l Football League Mgmt. Council & Miami Dolphins* v. *Nat'l Football League Players' Ass'n & Henderson*
 (Jan. 22, 1988) ................................................................................................ passim
*Nat'l Football League Players' Ass'n ex rel. Sampson* v. *Nat'l Football League Mgmt. Council ex rel. Houston Oilers*
 (July 28, 1988) ................................................................................................ passim
*Oneida Motor Freight, Inc. v. United Jersey Bank*,
 848 F.2d 414 (3d Cir. 1988) .................................................................................... 4
*Rider v. Com. of Pa.*,
 850 F.2d 982 (3d Cir. 1988) ................................................................................. 4, 5
*Sherwin v. Indianapolis Colts, Inc.*,
 752 F. Supp. 1172 (N.D.N.Y. 1990) ................................................................... 5, 6
*Synthes, Inc. v. Marotta*,
 281 F.R.D. 217 (E.D. Pa. 2012) .............................................................................. 3
*Tynes v. Buccaneers Ltd. Partnership*,
 134 F.Supp.3d 1351 (M.D. Fl. 2015) ...................................................................... 6
*Witkowski v. Welch*,
 173 F.3d 192 (3d Cir. 1999) .................................................................................... 4
*Zinman v. Prudential Ins. Co. of Am.*,
 909 F. Supp. 279 (E.D. Pa. 1995) ............................................................................ 7

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 1

1351474.4

-iii-

## TABLE OF AUTHORITIES
### (continued)

**Page**

Fed. R. Civ. P. 12(f) ............................................................................................................... 2

## I. INTRODUCTION

The NFL and the NFL Properties' ("Defendants") Opposition makes premature and inapplicable arguments about plaintiffs' claims being governed by the Collective Bargaining Agreements (CBAs). In fact, as demonstrated by the arbitrations in *Henderson* and *Sampson*, Defendants' position for nearly three decades has been that the injuries alleged in this case are *not* governed by the CBAs. Defendants would have it both ways, arguing on the one hand that Plaintiffs may not sue in court because of CBA language, but maintaining that Plaintiffs' claims are not proper subjects of CBA arbitration, denying Plaintiffs of any forum at all. That is inequitable and wrong.

*First*, the Defendants' requested relief comes at the wrong time. Preemption issues should, and will be, decided on motions to dismiss or for summary judgment. There is no reason to decide whether estoppel applies before permitting the filing of the new complaints. *Second*, the Defendants are wrong on the merits and therefore, the amended complaint is not futile. Under the doctrines of judicial estoppel and collateral estoppel, the Defendants' successful position in *Henderson* and *Sampson* precludes them from taking the opposite position now. The motion for leave to file should be granted in its entirety.

## II. DEFENDANTS' ARGUMENTS ARE PREMATURE.

Defendants' brief is styled as an opposition to Plaintiffs' motion for leave to amend, but takes no issue with the filing of the vast majority of the proposed amended complaint. Instead, Defendants have filed a lengthy brief on preemption targeting a few isolated paragraphs.[1] This is inappropriate and premature for three reasons. First, the Court has already ordered Rule 12(b)(6) briefing on preemption. *See* Doc. 7477, at 3-4. If Defendants' only issue with the proposed

---

[1] The NFL and the NFL Properties ("NFL P") seek to strike paragraphs 27 through 31 of the proposed amended complaint. Defense Br. at 3.

amended complaint is that they believe its claims are preempted, then they should not have filed an opposition to leave to amend.

Second, by opposing a few paragraphs of the amended complaint, the Opposition is really a motion to strike under Rule 12(f), a motion that plainly, should be denied.  *See, e.g.*, *DeLa Cruz v. Piccari Press,* 521 F. Supp.2d 424, 428 (E.D. Pa. 2007)(Pratter, J.) (explaining that "striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice and should be used sparingly") (internal quotation marks omitted); *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, (E.D. Pa. 2002) (Rufe, J.) ("Motions to strike are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.").  Defendants cite *In re United Brands Co. Sec. Litig.*, No. 85-5445, 1990 WL 16164, at *3 (S.D.N.Y. Feb. 15, 1990), but there, the Court struck certain paragraphs only because the plaintiff re-pleaded claims already dismissed on summary judgment.  Here, no determination as to the merits of Plaintiffs' claims, including any preemption issues, has been decided.  *See, e.g.*, *Dann v. Lincoln Nat'l Corp.*, 274 F.R.D. 139, 143 (E.D. Pa. 2011) (Brody, J.) ("[A] motion to strike . . . is not meant to afford an opportunity to determine disputed and substantial questions of law.") (internal quotation marks omitted).

Third, Defendants' Opposition is premature because whether the NFL is estopped from asserting preemption on individual Plaintiffs' claims may well depend on Plaintiffs' individual set of facts as alleged in their proposed Short Form Complaints.

**III.     PLAINTIFFS SHOULD BE PERMITTED TO PLEAD ESTOPPEL ALLEGATIONS.**

Even if the Court exercises its discretion to resolve estoppel issue now, the Motion for Leave to Amend should still be granted.  Unless "a proposed amendment is [] *clearly* futile, then

denial of leave to amend is improper." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 229 (E.D. Pa. 2012) (citation omitted).  Here, Plaintiffs' estoppel argument is *correct*; it certainly is not so clearly wrong that denial of leave is warranted.

### A. In *Henderson* and *Sampson*, the NFL Successfully Argued that State-law Personal Injury Claims Were Not Arbitrable Under the CBA.

In *Henderson v. Dolphins*,[2] the player suffered an injury during play, the team's doctor allegedly mistreated the player's injury, and the team refused to pay injury protection benefit.  *Henderson.* at 2-3.  The player filed a grievance against his team for denial of injury protection benefit and negligence under Florida law based on the team doctor's mistreatment.  *See Henderson* at 7, 11.  The NFL, on behalf of the team, successfully argued that the "negligence [claim] warranting damages under Florida law is … not properly addressed in [a CBA arbitration proceeding]." *Id.* at 17.

In *Sampson v. Oilers*,[3] the player suffered an injury on the field and filed a grievance against his team for the remaining salary in his contract.  *Sampson* at 4.  In addition to the negligence claims, the player sought punitive damages for alleged mistreatment that the doctors provided for his injury.  *Id.* at 1-2.  With regard to the negligence claim, the NFL argued that this claim was not arbitrable under the CBA.  *Id.* at 15.  The arbitrator agreed and found that "whether such an action would involve misdiagnosis or malpractice, the fact remains that the claim is not in this case properly within the scope of the [CBA]." *Id.* at 19.

---

[2] *Nat'l Football League Mgmt. Council & Miami Dolphins* v. *Nat'l Football League Players' Ass'n & Henderson* (Jan. 22, 1988), attached as Exhibit A to Defendants' Opposition to Plaintiffs Motion for Leave (Dkt. 7767-2).

[3] *Nat'l Football League Players' Ass'n ex rel. Sampson* v. *Nat'l Football League Mgmt. Council ex rel. Houston Oilers* (July 28, 1988), attached as Exhibit B to Defendants' Opposition to Plaintiffs' Motion for Leave (Dkt. 7767-3).

### B. Defendants are Now Precluded from Arguing that State-Law Personal Injury Tort Claims are Subject to the CBA.

The NFL's successful advocacy in the two arbitrations precludes them from taking the position they now advance. Defendants are precluded under two doctrines: judicial estoppel and collateral estoppel.

Judicial estoppel "preclude[s] a party from assuming a position in a legal proceeding inconsistent with one previously asserted." *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 419 (3d Cir. 1988). "[A]bsent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 319 (3d Cir. 2003). Defendants are judicially estopped from advancing the theory that state-law tort claims are arbitrable because they (successfully) took the opposite position in *Henderson* and *Sampson* and lack good explanation for seeking an inconsistent advantage by pursuing an incompatible theory.

Under collateral estoppel (commonly known as issue preclusion), "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Rider v. Com. of Pa.*, 850 F.2d 982, 989 (3d Cir. 1988). "[A]rbitration proceedings and their findings are considered final judgments for the purposes of collateral estoppel. *Witkowski v. Welch*, 173 F.3d 192, 199 (3d Cir. 1999). There are four elements for issue preclusion to apply: "1) the issue decided in the prior adjudication was identical with the one presented in the later action, 2) there was a final judgment on the merits, 3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication ["identical parties"], and 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior

action." *Rider*, 850 F.2d at 989–90. Defendants are collaterally estopped from arguing that state law tort claims are subject to the CBA because this issue was previously litigated and decided in *Henderson* and *Sampson*.

### C. Defendants' Arguments Against Estoppel are Without Merit.

#### 1. In *Henderson* and *Sampson*, Defendants argued—and prevailed—on the same issue presented here.

Both *Henderson* and *Sampson* decided the issue raised here—whether state-law personal injury claims are arbitrable under the CBA. In both decisions, the plaintiffs alleged claims against their respective teams under state law. In both decisions, the NFL argued for, and the arbitrators found, that a claim that "constituted negligence under [state] law is . . . a question not properly addressed in this forum." See *Henderson* at 17; see also *Sampson* at 19 ("whether such an action would involve misdiagnosis or malpractice . . . such a claim . . . is not properly addressed in the forum of this Collective Bargaining Agreement").

Even assuming that Defendants can distinguish *Sampson* (on the argument that the arbitrator's decision may have turned on that fact that the negligence claims were against third-party doctors), that does nothing to solve Defendants' *Henderson* problem. The doctor in *Henderson* was employed by the team, and the NFL also successfully argued there that the state law tort claims there were not subject to the CBA.

Defendants' reliance on *Sherwin v. Indianapolis Colts, Inc.*, 752 F. Supp. 1172 (N.D.N.Y. 1990), is unavailing, for several reasons. First, it does not appear that the Plaintiff argued, or the court ever considered, estoppel. Instead, the court viewed *Sampson* and *Henderson* merely as persuasive authority, not sources of preclusion. *See Sherwin*, 752 F. Supp. at 1179 (noting that the arbitrations were "not binding on the court"). Second, *Sherwin* did not appreciate the significance of the fact that the doctor in *Henderson* was an employee of the team.

And third, any persuasive force of the *Sherwin* opinion is undermined by more recent cases finding state-law tort actions are not subject to the CBA. In *Bentley v. Cleveland Browns Football Co.*, the Court specifically found that *Sherwin* was distinguishable. 2011-Ohio-3390, 194 Ohio App. 3d 826, 832. The Court there found that the state law tort claims like "fraud and negligent misrepresentation do not implicate the CBA." *Id. See also*, *Tynes v. Buccaneers Ltd. Partnership*, 134 F.Supp.3d 1351, 1358 (M.D. Fl. 2015) (plaintiff's personal injury "claims neither arise from the CBA nor does their resolution depend upon the meaning of any provision of the CBA"); *Jurevicius v. Cleveland Browns Football Co.*, LLC, No. 1:09 CV 1803, 2010 WL 8461220, at *12–*14 (N.D. Oh. Mar. 31, 2010) (granting a motion to remand for negligence and negligent misrepresentation claims because they do not arise out of the CBA).

### 2. The NFL's argument that it was not a party to the arbitrations is simply wrong.

Defendants wrongly assert that *Henderson* and *Sampson* did not reflect claims against the NFL. That is wrong because the NFL was in privity with the defendants in both decisions. Both *Henderson* and *Sampson* involved claims by players who alleged that they received inadequate care from their respective teams. *Henderson* at 11; *Sampson* at 1. In the arbitration proceedings, the teams were represented by the National Football League Management Council ("NFLMC"). The NFLMC is the "sole and exclusive bargaining representative of present and future employer member Clubs of the National Football League." See NFL and NFL Players Association, *Collective Bargaining Agreement*, at xiv, (Aug. 4, 2011), http://nfllabor.files.wordpress.com/2010/01/collective-bargaining-agreement-2011-2020.pdf. As the coordinating committee representing the interests of all the NFL teams, the NFLMC undeniably represents the NFL's interests and was in privity with the NFL. At minimum, the role of the NFLMC is a fact question not resolvable at this stage.

-6-

1351474.4

-7-

### 3. The preemption issue was essential to the arbitration judgments.

Defendants cite *Zinman v. Prudential Ins. Co. of Am.*, claiming that the *Henderson* and *Sampson* opinions on the state law tort issue were incidental and not essential to the prior judgment. 909 F. Supp. 279, 282 (E.D. Pa. 1995). In *Zinman*, the defendant challenged the plaintiff's right to a jury trial, and the plaintiff claimed collateral estoppel based on a previous decision denying the defendant's challenge. *Id.* at 281-82. The court rejected the collateral estoppel argument there, noting that "[t]he decision that plaintiff was entitled to a jury trial was incidental to any judgment of the court. It does not go to the merits of the case…." *Id.* at 282.

Here, there is simply no argument that the arbitrability issues were not essential to the arbitration judgments. The right to a jury trial is, to be sure, an important claim, but also a *procedural* one, resolution of which is rarely essential to a substantive ruling on the merits. Here, the argument that state-law tort claims are not subject to the CBA was one of the NFL's *substantive* defenses in *Sampson* and *Henderson*; one that the arbitrators accepted. And, it is well-accepted that alternative holdings can have preclusive effect. *See, e.g.*, *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 255 (3d Cir. 2006) ("[I]ndependently sufficient alternative findings should be given preclusive effect.").

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for leave to file the proposed amended complaint.

Dated:  June 12, 2017

Respectfully Submitted,

By: */s/ Wendy R. Fleishman*
Wendy R. Fleishman

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street
8th Floor
New York, New York 10013
Telephone: (212) 355-9000
Facsimile:  (212) 355-9592
wfleishman@lchb.com

*Lead Counsel on Behalf of Opt Out Plaintiffs*

-9-

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true copy of the foregoing document was served electronically via the Court's electronic filing system on the 12th day of June, 2017, upon all counsel of record.

Dated: June 12, 2017  /s/ *Wendy R. Fleishman*
Wendy R. Fleishman

-9-

1351474.4