# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br>          Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>          Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## ORDER REGARDING EXTENSION OF QUASI-JUDICIAL IMMUNITY TO SETTLEMENT ENTITIES IN
## NFL CONCUSSION SETTLEMENT PROGRAM

Considering the Uncontested Motion of Co-Lead Class Counsel for entry of an Order in aid of implementation of the NFL Concussion Settlement Program (the "Program"), pursuant to this Court's continuing and exclusive jurisdiction under Article XXVII of the NFL Concussion Settlement (the "Settlement Agreement") and the May 8, 2015 Amended Final Approval Order and Judgment, and being fully apprised, and with the consent of Counsel for the NFL Parties, **IT IS HEREBY ORDERED** as follows:

   **1.**   *Defined Terms.*   All terms used in this Order have the meanings given to such terms in the Settlement Agreement. In addition, these terms are used in this Order:

   **2.**   *Settlement Entity.*   In this Order, "Settlement Entity" means the BAP Administrator, Claims Administrator, Lien Resolution Administrator, Appeals Advisory Panel

members, Appeals Advisory Panel Consultants, and their employees, agents, representatives, owners and officers.

      **3.**      ***Protection of Settlement Entities.*** Each Settlement Entity shall be deemed to have immunity in the performance of its tasks in the Program, except with respect to the Settlement Entity's willful misconduct. No person or entity shall have the right to institute any action against any Settlement Entity for any matter covered by this immunity, except with respect to the Settlement Entity's willful misconduct. However, this Order shall not affect the right of a party in privity of contract with a Settlement Entity to institute and maintain actions against the Settlement Entity for breach of the Settlement Agreement or breach of the Settlement Entity's contractual responsibilities in connection with the Program.

      **4.**      ***Exclusive Retained Jurisdiction.*** This Court retains continuing and exclusive jurisdiction over the interpretation, implementation, and enforcement of this Order.

SO ORDERED this 13th day of June, 2017.

                                                       **Anita B. Brody**
                                                       **United States District Court Judge**