## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB |
| | MDL No. 2323 |
| | **Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, Plaintiffs, | |
| | CIVIL ACTION NO: 14-00029-AB |
| v. | |
| National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc., Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## JOINT STATUS REPORT ON THE
## IMPLEMENTATION OF THE SETTLEMENT PROGRAM

Co-Lead Class Counsel and the National Football League and NFL Properties LLC (collectively, the "Parties") submit this Joint Status Report on the Implementation of the Settlement Program (the "Report"). Accompanying the Report as Exhibit A and B are true and correct copies of the Declaration of Orran L. Brown, Sr. for Claims Administrator BrownGreer PLC, and the Declaration of Matthew Garretson for BAP Administrator and Lien Resolution Administrator Garretson Resolution Group, Inc.

On January 7, 2017, the Settlement became Effective[1] and commenced the timeline for implementing the Settlement program.  Notable milestones have included the February 6, 2017 opening of registration, the March 23, 2017 launch of the claims process for Monetary Awards, and the June 6, 2017 commencement of the Baseline Assessment Program.  As detailed below, the Parties have worked on a daily basis with the Claims, BAP and Lien Resolution Administrators, as well as the Special Masters, to ensure that each milestone is met and that the Settlement is implemented in accordance with the Settlement Agreement.

**Registration**

On February 6, 2017, the Claims Administrator mailed paper copies of the registration form to the Settlement Class as part of the Court-approved Settlement Class Supplemental Notice, and then launched the online Registration Portal on February 6, 2017.  The Claims Administrator, in consultation with the Parties, Special Masters and Court, spent months developing a user-friendly registration process, including policies, notices and procedures that allow for efficient processing.  Settlement Class Members can register online by clicking the "Register Now" button on the Settlement Website and providing basic information about themselves and their basis for membership in the Settlement Class.  Settlement Class Members may also obtain a hard copy of the registration form on the Settlement Website or by contacting the Claims Administrator by phone or email.

---

[1]    Two sets of objectors who had opposed the Settlement in both this Court and the Third Circuit filed petitions for *writ of certiorari* to the United States Supreme Court.  On December 12, 2016, the Supreme Court denied both petitions.  *Gilchrist v. NFL*, 137 S. Ct. 591 (2016); *Armstrong v. NFL*, 137 S. Ct. 607 (2016).  Because no petitions for rehearing were filed with the Supreme Court, and no further appeal was possible, the Settlement became effective on January 7, 2017.  *See* Settlement Agreement, §2.1(jj).

Beyond the Court-approved Settlement Class Supplemental Notice, the Claims Administrator and the Parties have undertaken numerous efforts to ensure that Settlement Class Members understand the need for and ease of registration in the Settlement program, and that registration will close on August 7, 2017.[2]  Key among these efforts was the February 8, 2017 Status Conference at which the Court heard from the Parties and the settlement administrators about the status of Settlement implementation, with particular focus on the registration process. The Court allowed the Status Conference to be viewed live via the Internet, and video of the Conference remains available for viewing on the Settlement Website.  Co-Lead Class Counsel has worked with the Claims Administrator to send emails to Settlement Class Members who have not yet registered, addressed registration directly with Settlement Class Members at NFL alumni events and webinars, and sought to reach the Settlement Class indirectly through continuing media and social-media outreach.   In addition, the Claims Administrator, in conjunction with the Parties, has consistently maintained an up-to-date Settlement Website that provides reminders about and guidance on registration.

As of June 5, 2017, 14,507 people have submitted registration forms, including 12,082 Retired NFL Football Players, 546 Representative Claimants, and 1,879 Derivative Claimants. The Settlement Class Members are registering overwhelmingly through the online Registration Portal (over half of the registrations to date were submitted on an individual basis through the portal, while 39% of the registrations were submitted in bulk by law firms representing larger numbers of Settlement Class Members), and 55% of the Settlement Class Members are

---

[2]      Representative Claimants may also register within 180 days of receiving authorization by a court or other official of competent jurisdiction to be the authorized representative of the subject deceased or legally incapacitated or incompetent Retired NFL Football Player, and Derivative Claimants may register within 30 days of the date when their Retired NFL Football Player files a claim for a Monetary Award.

represented by counsel.[3]  BrownGreer is continuously processing registration submissions and working with Settlement Class Members to cure any deficiencies that may exist.  In addition, BrownGreer is working to confirm claims of legal representation asserted on behalf of Settlement Class Members, including conflicting claims by different lawyers and/or law firms.

Finally, as of June 5, 2017, 14,244 Settlement Class Members already have received Notices of Registration Determination that confirm their membership in the Settlement Class.  Of these successful registrants, at least 9,526 of the Retired NFL Football Players are eligible to participate in the Baseline Assessment Program.

**The Claims Process**

The claims process for Monetary Awards opened on March 23, 2017.  The Claims Administrator, in consultation with the Parties and Special Masters, spent months developing a user-friendly claims process, including policies, notices and procedures that cover each stage of submission, review, determination, notice, potential appeal, and payment.  The Claims Administrator will have an on-going dialogue with Settlement Class Members to ensure the completeness of claims packages and that they understand the steps in the claims process.

As of June 5, 2017, 869 Settlement Class Members have submitted Claim Packages or Derivative Claim Packages and BrownGreer has been continuously working with Settlement Class Members when their submissions are incomplete to ensure that any deficiencies are promptly cured.  On May 26, 2017, BrownGreer issued the first Notice of Monetary Award Claim Determination to a Retired NFL Football Player, setting forth a $5 million Monetary Award for a Qualifying Diagnosis of ALS, subject to resolution of certain healthcare liens and

---

[3]     Among the registration submissions received to date are 27 from Settlement Class Members who had initially opted out.  Of these 27, 13 have decided to revoke their request to opt out as of June 5, 2017.

other holdbacks.  On June 5, 2017, BrownGreer issued a second Notice to a Representative Claimant setting forth a $4 million Monetary Award for a Qualifying Diagnosis of CTE, subject to certain holdbacks.  BrownGreer will continue to review complete claim packages promptly and efficiently.

### Appeals Advisory Panel

On May 5, 2017, the Court appointed the candidates jointly recommended by the Parties[4] for the Appeals Advisory Panel ("AAP") and the Appeals Advisory Panel Consultants ("AAPC").  The AAP plays several roles in the administration of the Settlement, including, with limited exceptions, review of claims for Monetary Awards based on Qualifying Diagnoses made before the Effective Date.  The Claims Administrator has begun assigning claims based on pre-Effective Date Qualifying Diagnoses to AAP members, who will review them on a rolling basis to allow for prompt resolution.

### Qualified MAF Physicians

On April 7, 2017, the Claims Administrator posted an initial list of Qualified MAF Physicians on the Settlement Website, and additional Qualified MAF Physicians have been, and will continue to be, regularly added to this national network of board-certified neurologists. Retired NFL Football Players may visit Qualified MAF Physicians anytime over the next sixty-five years to be evaluated for potential Qualifying Diagnoses.  In addition to professional credentials and board certifications, the Claims Administrator has prioritized geographic location as a key criterion to ensure that the Qualified MAF Physicians are reasonably convenient to the Retired NFL Football Players.  As of June 5, 2017, the Claims Administrator has engaged in

---

[4]     The Parties spent months identifying leaders in the fields of neurology and neuropsychology and, with the assistance of the Claims Administrator, interviewed each of the candidates before making their final proposal to the Court.

contract negotiations with 99 potential Qualified MAF Physicians and contracted with 67 Qualified MAF Physicians in or near 49 of the 53 target cities closest to where the majority of living Retired NFL Football Players reside.  Although the Parties approved and consulted with the Claims Administrator on contracts, forms and procedures, the Qualified MAF Physicians operate independent of the Parties and contract directly with the Claims Administrator.

**Launch of the Baseline Assessment Program**

The Baseline Assessment Program launched on June 6, 2017.  Each eligible Retired NFL Football Player who registers may receive a baseline assessment examination (consisting of a standardized neuropsychological examination and a basic neurological examination) performed by two Qualified BAP Providers who have been selected by and contracted with the BAP Administrator.  As of June 5, 2017, the BAP Administrator has engaged in contract negotiations with 371 potential Qualified BAP Providers and contracted with 141 Qualified BAP Providers, including in 42 of the 53 target cities in or near where the majority of the living Retired NFL Football Players reside.  The BAP Administrator is continuing its efforts to contract with Qualified BAP Providers in the remaining target cities.  As stated above with respect to Qualified MAF Physicians, although the Parties provided approvals and consulted with the BAP Administrator on contracts, forms and procedures, the Qualified BAP Providers operate independent of the Parties and contract directly with the BAP Administrator.

**Lien Resolution**

Finally, the Lien Resolution Administrator has continued negotiations with governmental agencies to resolve related healthcare liens on terms that are very favorable to the Settlement Class Members and protect their future benefits.  In addition to a global resolution negotiated with the Centers for Medicare & Medicaid Services ("CMS") on recovery for Medicare Part A

and Part B liens for certain Qualifying Diagnoses (*see* Exhibit B to the October 7, 2016 Joint Report on Preparation to Implement the Settlement Program After the Effective Date, ECF No. 6919-2), the Lien Administrator has secured CMS' agreement to not assert recovery claims against: (i) the BAP or Education Fund; (ii) Monetary Awards of Retired NFL Football Players whose last Eligible Season ended prior to December 5, 1980; and (iii) Derivative Claimant Awards.[5]  Moreover, where the Lien Resolution Administrator must resolve recovery claims through an individual expenditure-based process, it has established procedures designed to ensure that Settlement Class Members receive Monetary Awards as quickly as possible and achieve recovery claim reductions where appropriate.

The Lien Resolution Administrator has also negotiated standard protocol agreements with 45 of the 52 Medicaid agencies it asked to enter into such agreements.  These standard protocol agreements include terms that ensure each Medicaid agency's recovery claim will not exceed a certain percentage of a Settlement Class Member's gross settlement award and terms that provide for automatic reductions of the Medicaid agency's recovery claim.  In addition to the 45 Medicaid agencies with whom the Lien Resolution Administrator has protocol agreements in place to date, two other Medicaid agencies are subject to statutory limits on their recovery. Thus, at present, there are forty-seven Medicaid agencies with established caps on their recovery claims.  Finally, the Lien Resolution Administrator has secured an agreement with 22 Medicaid agencies to not assert a recovery claim against Derivative Claimant Awards.  Three Medicaid agencies rejected the agreement, and the Lien Resolution Administrator is continuing its discussions with the remaining 27 Medicaid agencies.

---

[5]      CMS has agreed to this term conditioned on the amount of the Derivative Claimant Award being included in the gross Monetary Award amount for purposes of resolving CMS' Medicare Secondary Payer Act recovery claim for the associated Retired NFL Football Player.

For these reasons, and others, the Lien Resolution program will provide a substantial benefit to Settlement Class Members, as the Court noted in its final approval opinion. *See In re Nat'l Football League Players' Concussion Injury Litig.*, 307 F.R.D. 351, 421 (E.D. Pa. 2015), *amended* No. 2:12-MD-02323-AB, 2015 WL 12827803 (E.D. Pa. May 8, 2015), *and aff'd* 821 F.3d 410 (3d Cir. 2016), *as amended* (May 2, 2016) ("[T]he Lien Resolution program that accompanies [Settlement Agreement provisions mandating satisfaction of a Class Member's governmental health insurance liens] is a substantial benefit for Class Members").

Dated:  June 15, 2017                                            Respectfully Submitted:

   _/s/_ Christopher Seeger_____                _/s/_ Brad Karp_____
Christopher Seeger                                            Brad S. Karp
**SEEGER WEISS LLP**                                  Bruce Birenboim
77 Water Street                                                  Lynn B. Bayard
New York, NY 10005                                      **PAUL, WEISS, RIFKIND, WHARTON &**
Phone:  (212) 584-0700                                  **GARRISON LLP**
Fax:  (212) 584-0799                                        1285 Avenue of the Americas
cseeger@seegerweiss.com                              New York, NY 10019-6064
                                                                          Phone: (212) 373.3000
**Co-Lead Class Counsel**                              Fax: (212)757.3990
                                                                          bkarp@paulweiss.com
                                                                          bbirenboim@paulweiss.com
Sol Weiss                                                            lbayard@paulweiss.com
**ANAPOL WEISS**
130 North 18th Street, Suite 1600
Philadelphia, PA 19103                                  **Attorneys for National Football League and**
Phone:  (215) 735-1130                                  **NFL Properties LLC**
Fax:  (215) 735-2024
sweiss@anapolweiss.com

**Co-Lead Class Counsel**