UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

IN RE:  NATIONAL FOOTBALL
LEAGUE PLAYERS' CONCUSSION
INJURY LITIGATION
_____

THIS DOCUMENT RELATES TO:

Plaintiffs' Master Administrative Long-form Complaint and:

<u>Robert Holt, et </u>al v. National Football League, et al. (Plaintiffs Rickey Dixon and Lorraine Dixon ONLY)

Court File No.  12-cv-4185
_____

§ MDL No. 2323

§ C.A. No. 2:12-md-02323-AB

## JOINDER OF RICKEY DIXON AND LORRAINE DIXON IN ESTATE OF KEVIN TURNER'S MOTION TO RESOLVE ATTORNEY'S FEE DISPUTE

Come now Rickey Dixon and Lorraine Dixon and file this their joinder in the Estate of Kevin Turner's motion to resolve attorney's fee dispute, and would respectfully show as follows:

1. Rickey Dixon played in the NFL for six years.  He and his spouse, Lorraine Dixon, are members of the class in this case.  Mr. Dixon was diagnosed in July, 2013 with ALS.

2. In May, 2012, the Dixons signed a retention agreement with the Zimmerman Reed firm.  This agreement provided for a contingent fee of 33 1/3%.  Zimmerman Reed filed a short-form complaint on the Dixons' behalf in this proceeding on August 14, 2012 (Doc. 3159).

3. On October 7, 2015, the Dixons discharged Zimmerman Reed.  Zimmerman Reed thereafter moved to withdraw as counsel for the Dixons, and the Court granted this motion on March 7, 2016 (Doc. 6762).

4. Zimmerman Reed filed a notice of attorneys' fee lien, pursuant to Minn. Stat. § 481.13, on March 10, 2017 (Doc. 7266). On March 20, 2017, Rickey Dixon filed a response to this notice (Doc. 7299), and on March 21, Lorraine Dixon filed a separate response (Doc. 7313).

5. Meanwhile, other players had also discharged their attorneys, and were objecting strenuously to the stated position of those attorneys that in addition to receiving court-awarded fees as class counsel, to be paid by the NFL, they intended to enforce contingency fee agreements with their individual clients. This was their stated position even though in many cases, little or no meaningful work was done on individual cases. In particular, the Estate of Kevin Turner filed a Motion to Resolve Attorney's Fee Dispute (Doc. 7029), and a reply in support of that motion (Doc. 7114). Steven Smith filed a joinder in that motion (Doc. 7365), and a reply in support of his joinder (Doc. 7524). Numerous other players have also objected to the requested "5% set aside." *See* Objections and Memorandum in Opposition to Co-Lead Counsel's Petition for an Award of Attorneys' Fees, Reimbursement of Costs and Expenses, Adoption of Set Aside of Each Monetary Award and Other Relief, filed March 27, 2017 (Doc. 7350).

6. Rickey and Lorraine Dixon hereby adopt the briefing and arguments in the above pleadings filed by the Estate of Kevin Turner and Steven Smith (Docs. 7029, 7114, 7365 and 7524).[1] To avoid duplicative briefing, the Dixons adopt the arguments and authority in these briefs to the effect that, while it is not necessarily impermissible for an attorney firm *ever* to both collect class counsel fees and enforce a contingent fee agreement, enforcement of the contingent fee must depend on the overall circumstances in the class action, the circumstances in each

---

[1] The Dixons also join in and adopt the arguments and briefing in the objection to the 5% set aside (Doc. 7350).

individual case, and the work done by counsel, if any, in each individual case that is asserted to justify enforcement of the contingent fee.

7. The Dixons do not object to the requested overall class counsel fee request. The Dixons likewise do not oppose substantial contingent fees in the abstract; indeed, Lorraine Dixon is an attorney and recognizes the vital role played by contingent fees in "leveling the playing field" against well-funded opponents and affording access to justice in general. The Dixons simply do not agree, however, that enforcement of the contingent fee in the circumstances of this case is fair or reasonable.

8. The undersigned attorneys have only recently entered their appearance as counsel to the Dixons. They are in the process of familiarizing themselves with the facts of the Dixons' case, the history of this litigation as a whole, and the record as regards what work may have been done on the Dixons' individual case. They are also researching Minn. Stat. § 481.13, the basis for the lien asserted by Zimmerman Reed. Counsel expects to file a further objection or motion in the near future, setting forth in more detail their arguments as to why Zimmerman Reed's position with regard to enforcement of the contingent fee in this case is untenable.

Wherefore, premises considered, Rickey and Lorraine Dixon respectfully join in the Estate of Kevin Turner's Motion to Resolve Attorney's Fee Dispute, and Steven Smith's joinder therein, and request similar relief as to the attorneys' fee lien asserted in their case by the Zimmerman Reed firm.

                    **WATERS & KRAUS, LLP**

                    */s/ Charles S. Siegel*
                    Charles S. Siegel
                    Texas Bar No. 18341875
                    Pennsylvania Bar No. 310882
                    Charlie P. Stern
                    Georgia Bar No. 204787
                    3141 Hood Street, Suite 700
                    Dallas, Texas 75204
                    Tel. (214) 357-6244
                    Fax. (214) 357-7252
                    siegel@waterskraus.com
                    cstern@waterskraus.com

                    ATTORNEYS FOR
                    LORRAINE DIXON AND
                    RICKEY DIXON

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and correct copy of the foregoing document, and all related attachments, was served via electronically through the CM-ECF (Electronic Case Filing) system to all counsel of record and to those registered to receive a Notice of Electronic Filing for this case on this the 27th day of June, 2017.

                    */s/ Charles S. Siegel*
                    Charles S. Siegel