**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

IN RE:  NATIONAL FOOTBALL
LEAGUE PLAYERS'
CONCUSSION INJURY
LITIGATION

No. 2:12-md-02323-AB

MDL No. 2323

---

THIS DOCUMENT RELATES TO
ALL ACTIONS

**Hon. Anita J. Brody**

---

## UNOPPOSED MOTION OF CO-LEAD CLASS COUNSEL FOR APPROVAL OF CENTRALIZED PROCESS FOR REPRESENTATIVE CLAIMANTS AND DERIVATIVE CLAIMANT REPRESENTATIVES

In aid of implementation of the Amended Class Action Settlement Agreement finally approved on April 22, 2015, as amended May 8, 2015 (the "Settlement Agreement"), Co-Lead Class Counsel, having consulted with Counsel for the NFL Parties, who have no objection, and the Claims Administrator, respectfully move this Court for entry of the proposed Order Approving Centralized Process for Representative Claimants and Derivative Claimant Representatives (the "Order") accompanying this Motion.   In support of this Motion, Co-Lead Class Counsel respectfully state as follows:

1.     ***The Purpose of this Motion.***  This Motion seeks a centralized process before this Court, or its designee, to facilitate the implementation of the Settlement Agreement in these aspects:

> (a) <u>Appointment of Representative Claimants</u>:  Establish a streamlined procedure for persons attempting to register on or before the Registration Deadline and seeking appointment to serve as the authorized Representative Claimant of a deceased, legally incapacitated or incompetent Retired NFL Football Player, if that person has not already been appointed as such by  a court or other official of competent jurisdiction under applicable state law.  This procedure shall also be available to

1

persons seeking to substitute themselves as Representative Claimant for: (1) a Retired NFL Football Player who timely registered but died or became legally incapacitated or incompetent before his claim was fully resolved; or (2) a Representative Claimant who timely registered but is no longer able to act on behalf of the Retired NFL Football Player because the Representative Claimant has died, become legally incapacitated or incompetent, or his or her authority has been curtailed, surrendered, withdrawn, or terminated before the Retired NFL Football Player's claim was fully resolved.

(b) <u>Authority of Representative Claimants</u>:  Confirm that the Claims Administrator, BAP Administrator and Lien Resolution Administrator may recognize as the authorized Representative Claimant of a deceased, legally incapacitated or incompetent Retired NFL Football Player the person who submits proof to the Claims Administrator of the person's appointment by a court or other official of competent jurisdiction under applicable state law or by order of this Court under its centralized process.

(c) <u>Payment to Representative Claimants</u>:  Confirm that the Claims Administrator may pay to the appointed Representative Claimant any final Monetary Award or Supplemental Monetary Awards found payable to the deceased, legally incapacitated or incompetent Retired NFL Football Player represented by such Representative Claimant.

(d) <u>Appointment of Derivative Claimant Representatives</u>:  Establish a streamlined procedure for the appointment of a person to serve as the authorized Derivative Claimant Representative of a minor, legally incapacitated or incompetent Derivative Claimant, if that person has not already been appointed as such by  a court or other official of competent jurisdiction under applicable state law.

(e) <u>Authority of Derivative Claimant Representatives</u>:   Confirm that the Claims Administrator, BAP Administrator and Lien Resolution Administrator may recognize as the authorized Derivative Claimant Representative of a minor, legally incapacitated or incompetent Derivative Claimant the person who submits proof to the Claims Administrator of the person's appointment by a court or other official of competent jurisdiction under applicable state law or by order of this Court under its centralized process.

(f) <u>Payment to Derivative Claimant Representatives</u>:   Confirm that the Claims Administrator may pay to the appointed Derivative Claimant Representative any final Derivative Claimant Award found payable to the minor, legally incapacitated or incompetent Derivative Claimant represented by such Derivative Claimant Representative.

(g) <u>Additional Documents</u>:  Authorize the Claims Administrator to accept certain additional documents as proof of representative capacity of Representative

Claimants and Derivative Claimant Representatives and permit the Parties to agree jointly upon such acceptable proof.

(h) <u>Compliance with State Law</u>:  Direct each Representative Claimant and Derivative Claimant Representative who receives an award payment to comply with all substantive laws of the applicable Retired NFL Football Player's state of domicile, the applicable Derivative Claimant's state of domicile, or any other applicable law concerning the compromise and distribution of a Monetary Award, Supplemental Monetary Award or Derivative Claimant Award.

(i) <u>Protection for the Program</u>:  Require each Representative Claimant and Derivative Claimant Representative who receives an award payment to indemnify and hold harmless the Released Parties under the Settlement Agreement, Co-Lead Class Counsel, Class Counsel, and the administrators and Special Masters from claims arising out of or relating to his or her actions as a Representative Claimant or Derivative Claimant Representative in connection with the NFL Concussion Settlement program.

This centralized process will expedite and reduce costs for the registration of, and payment of awards to, Representative Claimants for Retired NFL Football Players and Derivative Claimant Representatives.

2.     ***The Terms Used in this Motion.***  All capitalized terms used in this Motion that are defined in the Settlement Agreement have the same meanings in this Motion given to them in the Settlement Agreement. Certain other capitalized terms are defined in this Motion.  In addition, "Derivative Claimant Representative" shall mean the authorized representative, as ordered by this Court or a court or other official of competent jurisdiction under applicable state law or as approved by the Claims Administrator in accordance with this Order, of a minor, legally incapacitated or incompetent Derivative Claimant.

3.     ***The Court's Retained Jurisdiction.***  On May 8, 2015, the Court entered its Amended Final Order and Judgment in this action, in which the Court certified the Settlement Class and Subclasses under Federal Rule of Civil Procedure 23 and approved the Settlement

Agreement.  (ECF No. 6534 ¶¶ 2, 7.)  The Court retained continuing and exclusive jurisdiction over the implementation and administration of the Settlement Agreement, as follows:

> The Court retains continuing and exclusive jurisdiction over this action[,] including jurisdiction over the Parties and their counsel, all Settlement Class Members, the Special Master, BAP Administrator, Claims Administrator, Lien Resolution Administrator, Appeals Advisory Panel, Appeals Advisory Panel Consultants, and Trustee.  In accordance with the terms of the Settlement Agreement, the Court retains continuing and exclusive jurisdiction to interpret, implement, administer and enforce the Settlement Agreement, and to implement and complete the claims administration and distribution process. . . .

(*Id.* ¶ 17.)

4.     ***The Role of Representative Claimants.***   The Settlement Agreement defines Representative Claimants as "authorized representatives, ordered by a court or other official of competent jurisdiction under applicable state law, of deceased or legally incapacitated or incompetent Retired NFL Football Players." (Settlement Agreement §2.1(eeee).)   A Representative Claimant must take all actions to register and pursue claims on behalf of a deceased, legally incapacitated, or incompetent Retired NFL Football Player and must submit a copy of his or her court appointment during registration.  (Settlement Agreement §4.2(b)(i).)

5.     ***Proof Challenges Faced by Potential Representative Claimants.***   Over 500 individuals have registered with the Claims Administrator as Representative Claimants on behalf of a deceased, legally incapacitated, or incompetent Retired NFL Football Player.  Of these, nearly 300 have not submitted documents showing court appointment as a personal representative authorized to act on behalf of the Retired NFL Football Player.  The Claims Administrator has issued Notices of Incomplete Registration to each of those persons, explaining that Sections 2.1(eeee) and 4.2(b)(i) of the Settlement Agreement require proof of court appointment to serve as the authorized Representative Claimant on behalf of a deceased, legally incapacitated or incompetent Retired NFL Football Player and to register and pursue benefits under the Settlement

Agreement.  Many recipients of those Notices of Incomplete Registration have responded saying they have not been appointed by a local court and that (a) they are not required to be court-appointed under the law of the state where the Retired NFL Football Player is or was domiciled or (b) they cannot be appointed because the Retired NFL Football Player is deceased and the deadline under applicable state law to institute a probate proceeding after death has passed.  Others have questioned the time, filing fee, legal fees and other burdens of a proceeding to obtain a local judicial appointment before they know whether there is any Monetary Award forthcoming.  Section 4.2(c)(i) of the Settlement Agreement permits a person who has not been court appointed by the registration deadline to register within 180 days of authorization by the court or other official of competent jurisdiction, but this delays registration and the ability to seek benefits until that time and does not alleviate the need to pursue a local court proceeding to secure appointment.

6.    *Payments of Awards to Representative Claimants.*  In addition to the proof of representative capacity required of a Representative Claimant to permit registration in the Settlement, Section 9.3(b) of the Settlement Agreement mandates:

> In connection with a Monetary Award issued to a Representative Claimant, the Claims Administrator will abide by all substantive laws of the domicile of such Representative Claimant concerning distribution and will not issue payment until the Claims Administrator has received from the Settlement Class Member proof of such court approvals or other documents necessary to authorize payment.  Where short form procedures exist concerning such distribution that do not require domiciliary court approval or supervision, the Claims Administrator is authorized to adopt those procedures as part of the claims administration process applicable to such Representative Claimant. The Claims Administrator also is authorized to adopt procedures as are approved by the Court to aid or facilitate in the payment of claims to minor, incapacitated or incompetent Settlement Class Members or their guardians.

This provision requires court approvals of payments of awards to Representative Claimants but also permits the Claims Administrator to adopt "short form" processes to expedite that process and adopt steps approved by the Court to aid or facilitate such payments.

7.      ***Derivative Claimants.***  Section 2.1(b)(ee) of the Settlement Agreement defines Derivative Claimants as "spouses, parents, children who are dependents, or any other persons who properly under applicable state law assert the right to sue independently or derivatively by reason of their relationship with a Retired NFL Football Player or deceased Retired NFL Football Player."  The living Derivative Claimants of a Retired NFL Football Player share in 1% of that Player's Monetary Award or Supplemental Monetary Award as a Derivative Claimant Award under Section 2.1(b)(ff) and Section 7.3 of the Settlement Agreement.

8.      ***The Role of Derivative Claimant Representatives.***  Although Derivative Claimant Awards are not payable to deceased spouses, children or other family members of a Retired NFL Football Player, some Derivative Claimants may be minors or legally incapacitated or incompetent and must proceed in this Settlement Program through a Derivative Claimant Representative acting on their behalf.  Unlike Representative Claimants of Retired NFL Football Players, the Settlement Agreement does not require Derivative Claimant Representatives to submit proof of court appointment to register.  The Claims Administrator must, however, take steps to ensure that a person purporting to act on behalf of a minor, legally incapacitated or incompetent Derivative Claimant is in fact authorized to do so.  These Derivative Claimant Representatives face the same obstacles of time, cost, and other burdens required to obtain judicial appointment and, in some cases, the costs may outweigh any Derivative Claimant Award to which they are entitled.

9.      ***Payment of Derivative Claimant Awards to Derivative Claimant Representatives.***  Section 9.4(b) of the Settlement Agreement establishes requirements for payments of Derivative Claimant Awards similar to those in Section 9.3(b) for Monetary Awards:

> In paying a Derivative Claimant Award to a minor, the Claims Administrator will abide by all substantive laws of the domicile of such Settlement Class Member concerning distribution and will not issue payment until the Claims Administrator has received from the Settlement Class Member proof of such court approvals or other documents necessary

to authorize payment.  Where short form procedures exist concerning such distribution that do not require domiciliary court approval or supervision, the Claims Administrator is authorized to adopt those procedures as part of the claims administration process applicable to such Settlement Class Members.  The Claims Administrator also is authorized to adopt procedures as are approved by the Court to aid or facilitate in the payment of claims to minor, incapacitated or incompetent Settlement Class Members or their guardians.

10.     ***The Advantages of a Centralized Procedure in This Court.***  Co-Lead Class Counsel, Counsel for the NFL Parties, the Claims Administrator and the Special Masters appointed by the Court have developed a proposed streamlined centralized process for appointment of Representative Claimants and Derivative Claimant Representatives and for approval of payment of awards to them.  This centralized process will benefit Settlement Class Members by:

(a) <u>Avoiding Delay</u>:  Obtaining state court appointment to act on behalf of a deceased or legally incapacitated or incompetent person can take months.  Because this extends the time required to complete registration, it delays legally incapacitated or incompetent Retired NFL Football Players from participating in the Baseline Assessment Program and prevents persons acting for deceased or legally incapacitated or incompetent Retired NFL Football Players from submitting Monetary Award Claim Packages until they are appointed.  Requiring additional court approval before paying an award to a Representative Claimant or Derivative Claimant Representative will add further delay.

(b) <u>Avoiding Costs</u>:  Settlement Class Members needing to initiate state court appointment actions will be required to pay filing fees to do so.  Unrepresented Settlement Class Members may struggle to follow local appointment rules without hiring a lawyer to guide them through the process.

(c) <u>Avoiding Legal Impediments</u>:  Based on applicable state law, some registrants acting on behalf of deceased Retired NFL Football Players may be time barred from obtaining court approval as a personal representative.

(d) <u>Avoiding Complexity</u>:  Using a uniform, simple process in this Court will be easier for Settlement Class Members, especially those who are proceeding *pro se*, to navigate.

(e) <u>Achieving Efficiency</u>:  Setting up this process now to establish the authority of the Claims Administrator to issue payments to Representative Claimants and Derivative Claimant Representatives without the need to file in a state court or in this Court every to seek approval every time a payment will be made will be tremendously more efficient.

11. ***The Proposed Centralized Process.***    Accordingly, Co-Lead Class Counsel respectfully requests that the Court exercise its retained jurisdiction and enter an order establishing a centralized process by which individuals who seek to act as Representative Claimants on behalf of deceased, legally incapacitated or incompetent Retired NFL Football Players or as Derivative Claimant Representatives on behalf of minor, legally incapacitated or incompetent Derivative Claimants, but do not have court appointment documents, may seek appointment by this Court and may be paid their awards without the need for individual court approvals.[1]  This advance approval of the payment of awards would eliminate the need to return to this Court for that approval every time an award is to be paid to a Representative Claimant or a Derivative Claimant Representative and will relieve state courts from evaluating the sufficiency of the awards made under the Settlement Agreement.

(a) **Representative Claimant Process:**    Regarding Representative Claimants, the proposed Order would:

(1)    Authorize the Claims Administrator to recognize as the Representative Claimant of a deceased, legally incapacitated or incompetent Retired NFL Football Player any person who submits documents establishing that the person has been ordered by a court or other official of competent jurisdiction under applicable state law as the representative of such Retired NFL Football Player, in accordance with Sections 2.1(eeee),4.2(b)(i) and 4(c) of the Settlement Agreement. (*See* Paragraph 2 of the Proposed Order.)

(2)    Authorize the Claims Administrator to accept a durable or springing power of attorney agreement as proof of a Representative Claimant's authority to act on behalf of a legally incapacitated or incompetent Retired NFL Football Player. To be sufficient, the power of attorney must name the Representative Claimant as agent for the Retired NFL Football Player, be properly executed, and still be in effect at the time of registration. The Parties have agreed that such a power of attorney, signed by the Retired NFL Football Player while competent and designed to remain in force or spring into action if the Player should ever become legally incapacitated or incompetent, is sufficient proof of a

[1] The proposed order is attached as Exhibit A to this Motion.  In turn, the proposed order includes, as exhibits, the proposed form Petition and associated proposed order, copies of the Declarations, and lists of the types of documents that may be submitted as a proposed representative's basis of authority for both versions Representative Claimants and Derivative Claimant Representatives.

8

Representative Claimant's authority to act on behalf of that Player without the need for court appointment at the local level or by this Court. (*See* Paragraph 3 of the Proposed Order.)

(3)   Provide the Parties discretion to approve jointly additional documents the Claims Administrator may accept as proof of a Representative Claimant's authority to act on behalf of a deceased, legally incapacitated or incompetent Retired NFL Football Player and allow the Parties and Claims Administrator to implement such approvals without further order of this Court. (*See* Paragraph 4 of the Proposed Order.)

(4)   Authorize the Claims Administrator to assist proposed Representative Claimants attempting to register on or before the Registration Deadline or seeking to substitute themselves as Representative Claimants for Settlement Class Members who timely registered to obtain approval to act on behalf of a deceased, legally incapacitated or incompetent Retired NFL Football Player through a centralized process in this Court if they do not already possess court appointment documents or other forms of proof that the Claims Administrator has been authorized by the Court or the Parties to accept. To participate, a proposed Representative Claimant must submit to the Claims Administrator:

   (i)    A Petition for Appointment of Representative Claimant, on a form provided by the Claims Administrator (the "Representative Claimant Petition");

   (ii)   A completed Representative Claimant Declaration appropriate to the type of proposed Representative;

   (iii)  Documents evidencing that the Retired NFL Football Player is deceased, legally incapacitated or incompetent; and

   (iv)  Documents supporting the Representative Claimant's claimed basis for authority to act on behalf of the Retired NFL Football Player.

   (*See* Paragraph 5 of the Proposed Order.)

(5)   Authorize the Claims Administrator, the BAP Administrator and the Lien Resolution Administrator to recognize as the authorized Representative Claimant of a deceased, legally incapacitated or incompetent Retired NFL Football Player the person whose authority has been established in accordance with paragraphs (1) through (5). (*See* Paragraph 6 of the Proposed Order.)

(6)   Approve as fair, reasonable and adequate any final Monetary Award or Supplemental Monetary Award amount the Claims Administrator shall determine and award to or on behalf of a deceased, legally incapacitated or incompetent Retired NFL Football Player in accordance with the Settlement Agreement. (*See* Paragraph 7 of the Proposed Order.)

(7)   Authorize the Claims Administrator to pay any such Monetary Award or Supplemental Monetary Award to the Representative Claimant of such deceased, legally incapacitated or incompetent Retired NFL Football Player without requiring additional court approvals or other documents under Section 9.3(b) of the Settlement Agreement.  (*See* Paragraph 8 of the Proposed Order.)

(8)   Require each Representative Claimant of a deceased, legally incapacitated or incompetent Retired NFL Football Player to abide by all substantive laws of such Retired NFL Football Player's state of domicile or any other applicable state law concerning the compromise and distribution of any such award. (*See* Paragraph 16 of the Proposed Order.)

(9)   Require each Representative Claimant to indemnify and hold harmless the Released Parties, as defined in Section 2.1(bbbb) of the Settlement Agreement, and their attorneys and insurers, Class Counsel, Co-Lead Class Counsel, the Claims Administrator, the BAP Administrator, Lien Resolution Administrator, the Special Masters, and the agents and representatives of any of the foregoing, from any and all claims, demands, or expenses of any kind arising out of or relating to his or her action in connection with the NFL Concussion Settlement program, including, without limitation, as set forth in Section 11.4 of the Settlement Agreement.  (*See* Paragraph 17 of the Proposed Order.)

**(b) Derivative Claimant Representative Process:**   Regarding Derivative Claimant Representatives, the proposed Order would:

(1)   Authorize the Claims Administrator to recognize as the Derivative Claimant Representative of a minor, legally incapacitated or incompetent Derivative Claimant any person who submits documents establishing that the person has been ordered by a court or other official of competent jurisdiction under applicable state law as the representative of such Derivative Claimant.  (*See* Paragraph 9 of the Proposed Order.)

(2)   Authorize the Claims Administrator to accept a durable or springing power of attorney agreement as proof of a Derivative Claimant Representative's authority to act on behalf of a legally incapacitated or incompetent Derivative Claimant. To be sufficient, the power of attorney must name the Derivative Claimant Representative as agent for the Derivative Claimant, be properly executed, and must still be in effect at the time of payment. The Parties have agreed that such a power of attorney, signed by the Derivative Claimant while competent and designed to remain in force or spring into action if the Derivative Claimant should ever become legally incapacitated or incompetent, is sufficient proof of a Derivative Claimant Representative's authority to act on behalf of that Derivative Claimant without the need for court appointment at the local level or by this Court.  (*See* Paragraph 10 of the Proposed Order.)

(3)     Authorize the Claims Administrator to accept a birth certificate or baptismal certificate identifying the Derivative Claimant Representative as parent of a minor Derivative Claimant.   To be sufficient, the Derivative Claimant Representative's parental rights must not have been terminated.  (*See* Paragraph 10 of the Proposed Order.)

(4)     Provide the Parties discretion to approve jointly additional documents the Claims Administrator may accept as proof of a Derivative Claimant Representative's authority to act on behalf of a minor, legally incapacitated or incompetent Derivative Claimant and allow the Parties and Claims Administrator to implement such approvals without further order of this Court.  (*See* Paragraph 11 of the Proposed Order.)

(5)     Authorize the Claims Administrator to assist proposed Derivative Claimant Representatives to obtain approval to act on behalf of minor, legally incapacitated or incompetent Derivative Claimants through a centralized process in this Court if they do not already possess court appointment documents or other forms of proof that the Claims Administrator has been authorized by the Court or the Parties to accept.  To participate, a proposed Derivative Claimant Representative must submit to the Claims Administrator:

> (i)    A Petition for Appointment of Derivative Claimant Representative, on a form provided by the Claims Administrator (the "Derivative Claimant Representative Petition");

> (ii)   A completed Derivative Claimant Representative Declaration appropriate to the type of proposed Derivative Claimant Representative;

> (iii)  Documents evidencing that the Derivative Claimant is a minor, legally incapacitated or incompetent; and

> (iv)   Documents supporting the Derivative Claimant Representative's claimed basis for authority to act on behalf of the Derivative Claimant.

> (*See* Paragraph 12 of the Proposed Order.)

(6)     Authorize the Claims Administrator, the BAP Administrator and the Lien Resolution Administrator to recognize as the authorized Derivative Claimant Representative of a minor, legally incapacitated or incompetent Derivative Claimant the person whose authority has been established in accordance with paragraphs (1) through (5).  (*See* Paragraph 13 of the Proposed Order.)

(7)     Approve any final Derivative Claimant Award amount the Claims Administrator shall determine and award to or on behalf of a minor, legally incapacitated or incompetent Derivative Claimant in accordance with the Settlement Agreement as fair, reasonable and adequate.  (*See* Paragraph 14 of the Proposed Order.)

(8)   Approve the Claims Administrator to pay any such Derivative Claimant Award to the Derivative Claimant Representative of such minor, legally incapacitated or incompetent Derivative Claimant without requiring additional court approvals or other documents under Section 9.4(b) of the Settlement Agreement. (*See* Paragraph 15 of the Proposed Order.)

(9)   Require each Derivative Claimant Representative of a minor, legally incapacitated or incompetent Derivative Claimant to abide by all substantive laws of such Derivative Claimant's state of domicile or any other applicable state law concerning the compromise and distribution of any such award. (*See* Paragraph 16 of the Proposed Order.)

(10)   Require each Derivative Claimant Representative to indemnify and hold harmless the Released Parties, as defined in Section 2.1(bbbb) of the Settlement Agreement, and their attorneys and insurers, Class Counsel, Co-Lead Class Counsel, the Claims Administrator, the BAP Administrator, the Lien Resolution Administrator, the Special Masters, and the agents and representatives of any of the foregoing, from any and all claims, demands, or expenses of any kind arising out of or relating to his or her action in connection with the NFL Concussion Settlement program, including, without limitation, as set forth in Section 11.4 of the Settlement Agreement.  (*See* Paragraph 17 of the Proposed Order.)

**12.**   ***Submission of Proposed Order.***   A proposed Order directing the process described in Paragraph 11 is submitted along with this Motion.

Dated:  June 30, 2017.                              Respectfully Submitted:

                                        /s/Christopher A. Seeger
                                       Christopher A. Seeger
                                       Seeger Weiss LLP
                                       77 Water Street
                                       New York, NY 10005
                                       Phone: (212) 584-0700
                                       Fax: (212) 584-0799
                                       Email: cseeger@seegerweiss.com

                                       *Co-Lead Class Counsel*

## <u>CERTIFICATE OF UNCONTESTED MOTION</u>

Pursuant to Local Rule 7.1(b), the undersigned certifies that the Motion of Co-Lead Class Counsel for Approval of Centralized Process for Representative Claimants and Derivative Claimant Representatives in the NFL Concussion Settlement Program is uncontested by the Parties to the Settlement Agreement.

Dated:  June 30, 2017

Respectfully submitted,

/s/Christopher A. Seeger_____
Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Main: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

*Co-Lead Class Counsel*

13

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2017, the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/Christopher A. Seeger
Christopher A. Seeger