UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br>**Opt-Out Plaintiffs' Second Amended Master Administrative Long-Form Complaint and (if applicable) Bailey, et al. v. National Football League [et al.], No. 12-CV-5372** | No. 12-md-2323(AB)<br><br>MDL No. 2323<br><br>SHORT FORM COMPLAINT<br><br>IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br>JURY TRIAL DEMANDED |

**OPT OUT PLAINTIFF SHORT FORM COMPLAINT AGAINST NFL DEFENDANTS**

1. Plaintiff, Michael Fanning and Plaintiff's Spouse ____ bring this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2. Plaintiffs are filing this short form complaint as required by this Court's Case Management Order filed April 12, 2017.

3. Plaintiff and Plaintiff's Spouse opted-out of the Class Action Settlement approved by the Court on May 8, 2015.

4. Plaintiff and Plaintiff's Spouse incorporate by reference the allegations (as designated below) of the Second Amended Master Administrative Long-Form Complaint, as is fully set forth at length in this Short Form Complaint.

5. [Fill in if applicable] Plaintiff is filing this case in a representative capacity as the _____ of _____, having been duly appointed as the _____ by the Court of _____. (Cross out sentence below if not applicable.) Copies of the Letters of Administration/Letters Testamentary for a wrongful death claim are annexed hereto if such

1

~~Letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent~~.

  6. Plaintiff Michael Fanning is a resident and citizen of Oklahoma and claims damages as set forth below.

  7. Plaintiff's Spouse \_\_\_\_ is a resident and citizen of \_\_\_\_ and claims damages as a result of loss of consortium proximately caused by the harm suffered by her Plaintiff husband.

  8. Upon information and belief, the Plaintiff sustained repetitive, traumatic subconcussive and/or concussive head impacts during NFL games and/or practices. Upon information and belief, Plaintiff suffers from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff sustained during NFL games and/or practices. Upon information and belief, the Plaintiff's symptoms arise from injuries that are latent and have developed and continue to develop over time.

  9. The original complaint by Plaintiffs in this matter was filed in the Superior Court of California (Los Angeles) on July 26, 2012. If the case is remanded, it should be remanded to the Superior Court of California (Los Angeles).

  10. Plaintiff(s) claim damages as a result of [check all that apply]:

☑ Injury to Herself/Himself
☐ Injury to the Person Represented
☐ Wrongful Death
☐ Survivorship Action
☑ Economic Loss
☐ Loss of Services
☐ Loss of Consortium

  11. [Fill in if applicable] As a result of the injuries to her husband, \_\_\_, Plaintiff's Spouse, \_\_\_, suffers from a loss of consortium, including the following injuries:

☐ Loss of marital services;

☐ Loss of companionship, affection or society;

☐ Loss of support; and

☐ Monetary losses in the form of unreimbursed costs she has had to expend for the health care and personal care of her husband.

12. [Check if applicable] ☑ Plaintiff and Plaintiff's Spouse reserve the right to object to federal jurisdiction.

13. Plaintiff and Plaintiff's Spouse bring this case against the following Defendants in this action [check all that apply]:

☑ National Football League
☑ NFL Properties, LLC

15. Plaintiff played in [check if applicable] ☑ the National Football League ("NFL") and/or in [check if applicable] ☐ the American Football League ("AFL") during 1975-1980 for the following teams: Los Angeles Rams, Detroit Lions, Seattle Seahawks.

16. Plaintiff retired from playing professional football after the 1980 season.

## CAUSES OF ACTION

18. Plaintiffs herein adopt by reference the following Counts of the Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

☑ Count I (Declaratory Relief (Against Defendant NFL))
☑ Count II (Negligence (Against Defendant NFL))
☑ Count III (Negligent Marketing (Against all Defendants))
☑ Count IV (Negligence (Against Defendant NFL))
☑ Count V (Negligent Misrepresentation (Against Defendant NFL)
☑ Count VI (Negligent Hiring (Against Defendant NFL))
☑ Count VII (Negligent Retention/Supervision (Against Defendant NFL))
☑ Count VIII (Fraud (Against all Defendants))
☑ Count IX (Civil Conspiracy (Against all Defendants))
☑ Count X (Fraudulent Concealment (Against all Defendants)

3

☐ Count XI (Wrongful Death (Against all Defendants))

☐ Count XII (Survival Action) (Against all Defendants))

☐ Count XIII (Loss of Consortium (Against all Defendants))

☒ Count XIV (Punitive Damages under All Claims (Against all Defendants))

☒ Count XV (Declaratory Relief: Punitive Damages (Against all Defendants))

19. Plaintiffs assert the following additional causes of action [write in or attach]: SEE ATTACHMENT A.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and/or Plaintiff's Spouse pray for judgment as follows:

A. An award of compensatory damages, the amount of which will be determined at trial;

B. For loss of consortium;

C. For punitive and exemplary damages as applicable;

D. For all applicable statutory damages of the state whose laws will govern this action;

E. For an award of attorneys' fees and costs;

F. An award of prejudgment interest and costs of suit; and

G. An award of such other and further relief as the Court deems just and proper.[1]

**JURY DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury on all issues so triable.

---

[1] Plaintiff further reserves any and all rights and relief to request to revoke his opt out from the settlement class in order to participate in the settlement.

4

Dated: July 14, 2017                              Respectfully submitted,

                                                        By: */s/ Robert A. Stein*
                                                        ROBERT A. STEIN
2313 Cedar Shore Drive
Minneapolis, MN 55416
Tel: (612) 886-3582
Email: rastein66@aol.com

By: */s/ Daniel J. Kurowski*
Daniel J. Kurowski
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Phone: (708) 628-4963
Fax: (708) 628-4963
Email: dank@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel:  (206) 623-7292
Fax: (206) 623-0594
Email: steve@hbsslaw.com

*Attorneys for Plaintiff*

ATTACHMENT "A" TO
SHORT FORM COMPLAINT

COUNT XVI
NEGLIGENCE - Monopolist
(As Against the NFL)

1. The NFL, by and through its monopoly power, has historically had a duty to invoke rules that protect the health and safety of its players, including Plaintiffs, and the public.

2. As a monopoly, the NFL has a duty to protect the health and safety of its players, as well as the public at large.

3. The NFL's failure to exercise reasonable care in its duty increased the risk that the Plaintiffs would suffer long-term neurocognitive injuries.

4. The Plaintiffs reasonably relied to their detriment on the NFL's actions and omissions on the subject.

5. Under all of the above circumstances, it was foreseeable that the NFL's failure to exercise reasonable care in the execution of its duties would cause or substantially contribute to the personal injuries suffered by the Plaintiffs.

6. The NFL's failure to exercise reasonable care in the execution of its duties proximately caused or contributed to Plaintiffs' injuries.

7. As a result of the NFL's negligence, the NFL is liable to Plaintiffs, and the Plaintiffs are entitled to, and seek, all damages allowed by applicable law.

COUNT XVII
NEGLIGENCE
(As Against the NFL and NFL Properties)

8. The NFL and NFL Properties breached their duty to ensure that the helmets they licensed, required and/or approved were of the highest possible quality and sufficient to protect the NFL players, including Plaintiffs, and/or they increased the plaintiffs' risks of the long term health consequences of concussive brain injury.

6

9. The NFL and NFL Properties breached their duty by licensing the Riddell Defendants' helmets, and approving and/or requiring the use of the helmets for the NFL players, knowing or having reason to know that the helmets were negligently and defectively designed and/or lacked an adequate warning.

10. As a result of these breaches by the NFL and NFL Properties, Plaintiffs suffer personal injuries as a result the long-term health effects of concussive brain injuries.

11. As a result of the NFL and NFL Properties' negligence, the NFL Defendants are liable to Plaintiffs, and the Plaintiffs are entitled to, and seek, all damages allowed by applicable law.