UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br><br>Hon. Anita B. Brody<br><br>JURY TRIAL DEMANDED |
| THIS DOCUMENT RELATES TO:<br>2:12-md-02323-AB (as applicable)<br>12-cv-4634 (*only to Ted Johnson v. NFL et al*) | |

**OPT-OUT PLAINTIFF SHORT-FORM COMPLAINT AGAINST NFL AND NFLP**

1. Three-time Super Bowl champion Plaintiff Ted C. Johnson, Jr. brings this action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2. Plaintiff files this Short Form Complaint against NFL Defendants as required by this Court's Case Management Order, filed April 12, 2017.

3. On or before October 14, 2014, Plaintiff Ted Johnson validly opted out of the settlement class, which received an entry of Final Judgment as of May 8, 2015.

4. Plaintiff Ted Johnson incorporates by reference the Second Amended Master Administrative Long-Form Complaint (D.E. 8026) **with the exception of the following allegations**: ¶¶ 9, 15, n.2 (footnote deleted only), 17 (deleting from this allegation "because this is a 'Mass Action' and the amount in controversy exceeds $75,000, exclusive of interest and costs. In addition, this Court has"), 25, 48, 50 (deleting the words "overwhelmingly", "professional", and "games" from the first sentence; and deleting the phrase "mild traumatic brain injuries ('MTBI'), which have" from the second sentence), 51-54, 56 (deleting from the allegation "went a step

further. The") 60, 61 (deleting "while in the NFL"), 63, 64-83, 93-100, 102 (deleting "during NFL games and practices"; "despite their historic and proactive role as the guardian of player safety."; and "during NFL games and practices."), 184 (deleting both phrases referencing "NFL players and"), 185, 389(a). **As to these allegations, Plaintiff Ted Johnson adamantly disclaims and/or modifies these in the stated fashion according to each parenthetical, respectively**.  At bottom, Ted Johnson sues Defendants only they owed him duties of care as a member of the general public, and *not ever* alleging that any contractual relationship he had with the New England Patriots originated any duties of care owed to him by the NFL or—to the extent even possible—by NFLP.

5.   Plaintiff Ted Johnson presently resides in Houston, Texas, but he is the natural parent of children residing in Boston, Massachusetts—where he also played NFL football for more than 10 years with the New England Patriots, and where he also made his full-time residence for even longer.

6.   Prominently featured in the New York Times as one of the most important faces of the football-brain-damage concealment-conspiracy, Plaintiff Johnson began experiencing early-onset Alzheimers-like sequelae in his 30s.  He suffers from a chronic, degenerative brain injury that numerous experts in including Dr. Robert Cantu and numerous others at top Harvard teaching hospitals in Boston have found to have been proximately caused from football exposure.  Plaintiff Ted Johnson's chronic brain damage has multifactorial symptoms effecting mood and cognition, including but not limited to: severe depression, impulsivity, irritability, and more.  His also at risk for neurobehavioral disease such as amyotrophic lateral sclerosis ("ALS"), Parkinson's disease, and/or further (generalized) major cognitive impairment.

7.   As has been publicly reported, Plaintiff Johnson has been institutionalized, has lost his marriage, spent years of his life unable to leave his home due to light and noise sensitivity, has

lost custody of his children, experiences severe physical injury proximately caused by his brain injuries, has incurred past and future economic loss due to these same personal physical injuries, has incurred economic loss due to the inability to purchase life insurance, has experienced and will experience severe emotional distress, has experienced and will experience severe physical pain and suffering, and has entitlement to punitive damages.

8. Had Johnson understood that repetitive subclinical MTBI and/or repetitive clinical MTBI caused chronic brain damage and appreciated the meaning of this, Johnson would have made materially different choices with this information and with respect to his football play including but not limited to the fact that had Johnson known this information prior to playing football altogether, he may have opted against playing football.

9. The original Complaint in this matter was filed in the United States District Court for the Southern District of Florida. If this case is remanded, reserving all rights to amend this allegation, Plaintiffs believe they would seek remand to the United States District Court for the District of Massachusetts.

10. Plaintiff Johnson claims all available damages on his own behalf and on behalf of his dependent minor children:

   ☒ Injury to Himself

   ☒ Economic Loss

   ☒ Loss of Services (parental)

   ☒ Loss of Parental Consortium (as applicable)

11. N/A

12. N/A

13. Plaintiff brings this claim against the following Defendants [check all that apply]:

  ☒  National Football League

  ☒  NFL Properties, LLC (individually, and as successor in interest to NFL Properties, Inc.)

14. Plaintiff Ted Johnson played in the ☒ National Football League ("NFL"), entirely for the New England Patriots, playing between 1995 and 2005.

15. Plaintiff Ted Johnson last played in an NFL football game on February 6, 2005, in Super Bowl XXXIX; his retirement was announced during training camp in July of 2005.

## CAUSES OF ACTION

16. Plaintiff herein adopts by reference the following Counts of the Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

  ☐  Count I (Declaratory Relief (Against Defendant NFL))

  ☒  Count II (Negligence (Against Defendant NFL))

  ☒  Count III (Negligent Marketing (Against all Defendants))

  ☒  Count IV (Negligence (Against Defendant NFL P)

  ☒  Count V (Negligent Misrepresentation (Against Defendant NFL)

  ☒  Count VI (Negligent Hiring (Against Defendant NFL))

  ☒  Count VII (Negligent Retention/Supervision (Against Defendant NFL))

  ☒  Count VIII (Fraud (Against all Defendants))

  ☒  Count IX (Civil Conspiracy (Against all Defendants))

  ☒  Count X (Fraudulent Concealment (Against all Defendants))

  ☐  Count XI (Wrongful Death (Against all Defendants))

  ☐  Count XII (Survival Action (Against all Defendants))

    ☒    Count XIII (Loss of Consortium (Against all Defendants)) - parental

    ☒    Count XIV (Punitive Damages under All Claims (Against all Defendants))

    ☒    Count XV (Declaratory Relief: Punitive Damages (Against all Defendants))

17. Plaintiff asserts the following additional causes of action [write in or attach]:

- Regarding <u>Count IV</u>, pursuant to *Stringer v. NFL*, 474 F.Supp. 2d 894, 912 (N.D. Ohio 2007) (finding identical claim outside the scope of the CBA), Plaintiff Ted Johnson includes Defendant NFL.

- <u>Within Counts VI and VII</u> (¶¶ 372-387), Plaintiff Ted Johnson alleges that "at no time did any of the MTBI Committee members nor Drs. Pellman or Viano in particular render clinical medical care to Mr. Johnson."

- Either in addition to or in lieu of Count X (Fraudulent Concealment), Plaintiff Ted Johnson pleads a count for *intentional concealment*, which alleges that Defendants NFL and NFLP actively and intentionally concealed the material information alleged within the Complaint beginning with their knowledge of Dr. S.E. Reid's studies in 1962. This claim requires no "duty to speak" because it alleges intentional concealment, and " Pennsylvania law recognizes a difference between active concealment and mere silence in the context of common law fraud." *Gnagey Gas & Oil Co. v. Pa. Underground Storage Tank Indemnification Fund*, 82 A.3d 485, 500 (Pa. Commw. Ct. 2013) (*citing Wilson v. Donegal Mut. Ins. Co.*, 598 A.2d 1310, 1315-16 (Pa. Super. Ct. 1991); *Smith v. Renaut*, 564 A.2d 188, 192 (Pa. Super. Ct. 1989)); *see Am. Planned Cmty., Inc. v. State Farm Ins. Co.*, 28 F. Supp. 2d 964, 968 (E.D. Pa. 1998) (*citing Wilson*) (acknowledging that "[c]oncealment

alone may create a sufficient basis for finding that a party engaged in fraud so long as the other elements of fraud are present"). Pennsylvania common law subsumes and recognizes the tort of of fraudulent concealment as stated in the *Restatement (Second) of Torts* § 550 ("*Restatement* § 550"), which imposes liability for intentional concealment of material information regardless of fraudulent concealment as stated in the *Restatement (Second) of Torts* § 550 ("*Restatement* § 550"), which imposes liability for intentional concealment of material information regardless of any duty to disclose. *Am. Planned*, 28 F. Supp. 2d. at 968 (*citing Roberts v. Estate of Barbagallo*, 531 A.2d 1125 (Pa. Super. Ct. 1987)).

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff Ted Johnson respectfully requests that this Court enter Judgment in its favor as follows:

A. An award of compensatory damages including all non-economic damages past and future, in amount to be determined at trial;

B. An award of economic damages including but not limited to: past and future medical expenses; out of pocket expenses; lost earnings; impaired earning capacity; childcare expenses; childcare counseling expenses; and all other economic damages in an amount to be determined at trial;

C. For loss of parental consortium/support damages, pursuant to applicable law, on behalf of his minor children;

D. For punitive and exemplary damages as available;

E. For all available statutory damages as available;

F. For an award of reasonable attorneys' fees and costs;

G. For an award of prejudgment interest and costs of suit; and

H. An award of such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: July 18, 2017                 /s/ Bradford R. Sohn

                                              Bradford R. Sohn, Esquire
                                              FL Bar No. 98788
                                              THE BRAD SOHN LAW FIRM, PLLC
                                              2600 S. Douglas Road, Suite 1007
                                              Coral Gables, Florida 33134
                                              Ph: (786) 708.9750
                                              Email: Brad@Sohn.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will provide electronic notice to all counsel of record.

DATED: July 18, 2017                 /s/ Bradford R. Sohn

                                              Bradford R. Sohn, Esquire
                                              FL Bar No. 98788
                                              THE BRAD SOHN LAW FIRM, PLLC
                                              2600 S. Douglas Road, Suite 1007
                                              Coral Gables, Florida 33134
                                              Ph: (786) 708.9750
                                              Email: Brad@Sohn.com