UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br><br>Hon. Anita B. Brody<br><br>JURY TRIAL DEMANDED |
| THIS DOCUMENT RELATES TO:<br>2:12-md-02323-AB (as applicable)<br>11-cv-2:12-cv-01034-AB<br>(only to Sean Berton v. NFL et al) | |

### OPT-OUT PLAINTIFF SHORT-FORM COMPLAINT AGAINST NFL AND NFLP

1. Plaintiff Sean Berton brings this action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2. Plaintiff Berton files this Short Form Complaint against NFL Defendants as required by this Court's Case Management Order, filed April 12, 2017.

3. On or before October 14, 2014, Plaintiff Berton validly opted out of the settlement class, which received an entry of Final Judgment as of May 8, 2015.

4. Plaintiff Berton incorporates by reference the Second Amended Master Administrative Long-Form Complaint (D.E. 8026) **with the exception of the following allegations:** ¶¶ 9, 15, n.2 (footnote deleted only), 17 (deleting from this allegation "because this is a 'Mass Action' and the amount in controversy exceeds $75,000, exclusive of interest and costs. In addition, this Court has"), 25, 48, 50 (deleting the words "overwhelmingly", "professional", and "games" from the first sentence; and deleting the phrase "mild traumatic brain injuries ('MTBI'), which have" from the second sentence), 51-54, 56 (deleting from the allegation "went a step

further. The") 60, 61 (deleting "while in the NFL"), 63, 64-83, 93-100, 102 (deleting "during NFL games and practices"; "despite their historic and proactive role as the guardian of player safety."; and "during NFL games and practices."), 184 (deleting both phrases referencing "NFL players and"), 185, 389(a). **As to these allegations, Plaintiff Sean Berton adamantly disclaims and/or modifies these in the stated fashion according to each parenthetical, respectively**. At bottom, Sean Berton sues Defendants only they owed him duties of care as a member of the general public, and *not ever* alleging that any contractual relationship he had with the New England Patriots originated any duties of care owed to him by the NFL or—to the extent even possible—by NFLP.

5. Plaintiff Berton presently resides in Philadelphia, Pennsylvania.

6. Plaintiff Berton in his late 30s and suffers from, *inter alia*, chronic brain damage proximately caused by his exposure to football, receives disability income due to his neurological impairments including from the Bert Bell/Pete Rozelle disability plan (e.g., self-funded employee benefit welfare plan for disability from pro football). Berton's degenerative brain injury has been found to be proximately caused from football exposure by the NFL itself. It includes, but is not limited to symptoms such as multifactorial symptoms effecting mood and cognition, severe depression, impulsivity, irritability, elevated risk for neurobehavioral diseases such as amyotrophic lateral sclerosis ("ALS"), Parkinson's disease, and/or further (generalized) major cognitive impairment.

7. Berton, as a proximate cause of his football exposures and chronic brain damage, has incurred past and future economic loss due to these alleged personal physical injuries, has incurred economic losses exceeding that covered by social security and disability, has experienced and will experience severe emotional distress, has experienced and will experience severe physical pain and suffering, and has entitlement to punitive damages.

8. Had Berton understood that repetitive subclinical MTBI and/or repetitive clinical MTBI caused chronic brain damage and appreciated the meaning of this, Berton would have made materially different choices with this information and with respect to his football play including but not limited to the fact that had Berton known this information prior to playing football altogether, he may have opted against playing football.

9. The original Complaint in this matter was filed in the United States District Court for the District of New Jersey. Berton presently resides within the Eastern District of Pennsylvania and, reserving all rights to amend this allegation, anticipates requesting the action remain within this Court.

10. Plaintiff Berton claims all available damages on his own behalf and on behalf of his wife and also his dependent minor children:

- ☒ Injury to Himself
- ☒ Economic Loss
- ☒ Loss of Services (spousal and parental)
- ☒ Loss of Parental Consortium (as applicable)

11. N/A

12. N/A

13. Plaintiff brings this claim against the following Defendants [check all that apply]:

- ☒ National Football League
- ☒ NFL Properties, LLC (individually, and as successor in interest to NFL Properties, Inc.)

14. Plaintiff Sean Berton played in the ☒ National Football League ("NFL"), last for the New York Giants (14 games during 2005; released in the spring of 2006) and previously for the Minnesota Vikings, April of 2003 through the time that he signed with the Giants.

15. Plaintiff Berton last played in an NFL football game on December 17, 2005 for the Giants. He was released during an off-season camp in the spring of 2006.

## CAUSES OF ACTION

16. Plaintiff herein adopts by reference the following Counts of the Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

- ☐ Count I (Declaratory Relief (Against Defendant NFL))
- ☒ Count II (Negligence (Against Defendant NFL))
- ☒ Count III (Negligent Marketing (Against all Defendants))
- ☒ Count IV (Negligence (Against Defendant NFL P)
- ☒ Count V (Negligent Misrepresentation (Against Defendant NFL)
- ☒ Count VI (Negligent Hiring (Against Defendant NFL))
- ☒ Count VII (Negligent Retention/Supervision (Against Defendant NFL))
- ☒ Count VIII (Fraud (Against all Defendants))
- ☒ Count IX (Civil Conspiracy (Against all Defendants))
- ☒ Count X (Fraudulent Concealment (Against all Defendants))
- ☐ Count XI (Wrongful Death (Against all Defendants))
- ☐ Count XII (Survival Action (Against all Defendants))
- ☒ Count XIII (Loss of Consortium (Against all Defendants)) – parental; spousal

    ☒       Count XIV (Punitive Damages under All Claims (Against all Defendants))

    ☒       Count XV (Declaratory Relief: Punitive Damages (Against all Defendants))

17. Plaintiff asserts the following additional causes of action [write in or attach]:

- Regarding Count IV, pursuant to *Stringer v. NFL*, 474 F.Supp. 2d 894, 912 (N.D. Ohio 2007) (finding identical claim outside the scope of the CBA), Plaintiff Sean Berton includes Defendant NFL.

- Within Counts VI and VII (¶¶ 372-387), Plaintiff Sean Berton alleges that "at no time did any of the MTBI Committee members nor Drs. Pellman or Viano in particular render clinical medical care to Mr. Berton."

- Either in addition to or in lieu of Count X (Fraudulent Concealment), Plaintiff Sean Berton pleads a count for *intentional concealment*, which alleges that Defendants NFL and NFLP actively and intentionally concealed the material information alleged within the Complaint beginning with their knowledge of Dr. S.E. Reid's studies in 1962. This claim requires no "duty to speak" because it alleges intentional concealment, and " Pennsylvania law recognizes a difference between active concealment and mere silence in the context of common law fraud." *Gnagey Gas & Oil Co. v. Pa. Underground Storage Tank Indemnification Fund*, 82 A.3d 485, 500 (Pa. Commw. Ct. 2013) (*citing Wilson v. Donegal Mut. Ins. Co.*, 598 A.2d 1310, 1315-16 (Pa. Super. Ct. 1991); *Smith v. Renaut*, 564 A.2d 188, 192 (Pa. Super. Ct. 1989)); *see Am. Planned Cmty., Inc. v. State Farm Ins. Co.*, 28 F. Supp. 2d 964, 968 (E.D. Pa. 1998) (*citing Wilson*) (acknowledging that "[c]oncealment alone may create a sufficient basis for finding that a party engaged in fraud so long as the other elements of fraud are present"). Pennsylvania common law subsumes

and recognizes the tort of of fraudulent concealment as stated in the *Restatement (Second) of Torts* § 550 ("*Restatement* § 550"), which imposes liability for intentional concealment of material information regardless of fraudulent concealment as stated in the *Restatement (Second) of Torts* § 550 ("*Restatement* § 550"), which imposes liability for intentional concealment of material information regardless of any duty to disclose. *Am. Planned*, 28 F. Supp. 2d. at 968 (*citing Roberts v. Estate of Barbagallo*, 531 A.2d 1125 (Pa. Super. Ct. 1987)).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Sean Berton respectfully requests that this Court enter Judgment in its favor as follows:

A. An award of compensatory damages including all non-economic damages past and future, in amount to be determined at trial;

B. An award of economic damages including but not limited to: past and future medical expenses; out of pocket expenses; lost earnings; impaired earning capacity; childcare expenses; childcare counseling expenses; and all other economic damages in an amount to be determined at trial;

C. For loss of spousal and parental consortium/support damages, pursuant to applicable law, on behalf of his wife and minor children;

D. For punitive and exemplary damages as available;

E. For all available statutory damages as available;

F. For an award of reasonable attorneys' fees and costs;

G. For an award of prejudgment interest and costs of suit; and

H. An award of such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

*[Signature] 7-25-17*