UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| ———————————————<br><br>THIS DOCUMENT RELATES TO:<br><br>Eran T. Scoggins, Estate of Eric T. Scoggins, Sr., Short Form, Doc 2 | Hon. Anita B. Brody |

## NOTICE OF ATTORNEY'S LIEN

Pursuant to U.C.C. § 9-3-3, and *Stephens v. Wetzel*, Sb.2d 293 (Miss. 2000), the Petitioners, Sol H. Weiss and Larry E. Coben, attorneys for the Plaintiff in the above entitled action, hereby notify this Court and all parties that they have a lien in this case for reasonable attorney's fees, plus expenses, as set forth in the accompanying Petition to Establish Attorney's Lien.

Dated: July 25, 2017

RESPECTFULLY SUBMITTED,

/s/ Sol H. Weiss
Sol H. Weiss, Esquire (I.D. 15925)
Larry E. Coben, Esquire (I.D. 17523)
**ANAPOL WEISS**
One Logan Square, 130 North 18th Street
Suite 1600
Philadelphia, Pennsylvania 19103
(215) 735-1130 Telephone
(215) 875-7700 Facsimile
sweiss@anapolweiss.com
lcoben@anapolweiss.com

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing Notice of Attorney's Lien was served electronically via the Court's electronic filing system on the 25th day of July 2017, upon all counsel of record.

Dated: July 25, 2017

s/ Sol H. Weiss
Sol H. Weiss, Esquire (I.D. 15925)
**ANAPOL WEISS**
One Logan Square, 130 North 18th Street
Suite 1600
Philadelphia, Pennsylvania 19103
(215) 735-1130 Telephone
(215) 875-7700 Facsimile
sweiss@anapolweiss.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>Eran T. Scoggins, Estate of Eric T. Scoggins, Sr., Short Form, Doc 2 | PETITION TO ESTABLISH ATTORNEY'S LIEN |

    AND NOW come Petitioners, Sol H. Weiss, Esquire and Larry E. Coben, Esquire, of Anapol Weiss, pursuant to an executed Agreement for Legal Services to Petition to Establish Attorney's Lien and state as follows:

1. Petitioners are admitted to practice in the United States District Court for the Eastern District of Pennsylvania, The Pennsylvania Supreme Court and various other courts.

2. On or about May 23, 2013, Petitioners, Anapol Weiss, were retained by the Plaintiff, Eran T. Scoggins, pursuant to an agreement for legal services, to pursue a claim for injuries and damages allegedly caused by the National Football League's conduct associated with football related concussions, head and brain injuries.

3. The specifics of the agreement for legal services are as follows: Should no money be recovered by suit or settlement, said attorneys are to have no claim of any kind against me for any professional services rendered. We further agree that should "I

discharge said attorneys, my attorneys shall be entitled to immediate reimbursement of costs and disbursements and that I shall be liable to pay attorneys either a payment of a fee according to the agreed upon percentage of any settlement offers obtained prior to discharge or a payment based upon time expended or reasonably estimated at the attorney's prevailing rates for work performed prior to discharge." [See Exhibit A which is the Attorney-Client Fee Agreement.]

4. When Petitioners entered into contract with Plaintiff, Petitioners entered into the risk and expense of the litigation before any settlement discussion had been held.

5. Pursuant to the Agreement for Legal Services being executed, Petitioners filed a short form complaint on behalf of Plaintiff, *Eran T. Scoggins, Estate of Eric T. Scoggins, Sr. v. National Football League, et al*, No. 13-cv-2915-AB, in the Eastern District of Pennsylvania, Document 2, on May 28, 2013. Prior to the filing of the Complaint, counsel spent considerable time and effort studying the nature of the injuries and losses suffered by Plaintiff's decedent.

6. From the date the Petitioner was authorized to proceed on behalf of the Plaintiff, the Petitioner has actively and diligently investigated, prepared, and pursued Plaintiff's claims, and has taken all steps necessary to prosecute those claims, including, but not limited to, correspondence and communications with the clients, preparation and review of client's factual and legal circumstances, and drafting and providing client updates.

7. The Petitioners reduced the Fee Agreement percentage of recovery from thirty-three and one-third percent to twenty-three percent of the net recovery because of

the Petitioner's expectation to recieve a common benefit fee. The Plaintiff authorized and the Petitioners registered Plaintiff for the Settlement Benefits on March 2, 2017 and on May 8, 2017, the Petitioners filed a Claims Package. On June 13, 2017, the Petitoner received a Notice of Approval of Monetary Award Claim Determination.

8. On June 28, 2017, Petitioners received notice from Plaintiff that he was discharging Petitioners as his attorneys in this matter.

9. Petitioners were not terminated due to any malfeasance or other improper action.

10. The Petitioners claim the right to have a lien for attorney's fees and expenses established and enforced upon the sums to be obtained by Plaintiff in this action.

WHEREFORE, the Petitioners pray:

1. That an attorney's lien be established;
2. That the amount of the lien be determined;
3. That the Court order that Petitioner be entitled to enforce an attorney's lien against the proceeds to be derived from any settlement or judgment in this action;
4. That the Claims administrator retain 23% of an award for payment of attorneys fees which includes the 5% hold back for future work on settlement implementation.

Dated: July 25, 2017

                                      RESPECTFULLY SUBMITTED,

/s/ Sol H. Weiss
Sol H. Weiss, Esquire (I.D. 15925)
Larry E. Coben, Esquire (I.D. 17523)
**ANAPOL WEISS**
One Logan Square, 130 North 18th Street
Suite 1600
Philadelphia, Pennsylvania 19103
(215) 735-1130 Telephone
(215) 875-7700 Facsimile
sweiss@anapolweiss.com
lcoben@anapolweiss.com

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing Petition to Establish Attorney's Lien was served electronically via the Court's electronic filing system on the 25th day of July 2017, upon all counsel of record.

Dated: July 25, 2017

                                              s/ Sol H. Weiss  
                                              Sol H. Weiss, Esquire (I.D. 15925)  
                                              **ANAPOL WEISS**  
                                              One Logan Square, 130 North 18th Street  
                                              Suite 1600  
                                              Philadelphia, Pennsylvania 19103  
                                              (215) 735-1130 Telephone  
                                              (215) 875-7700 Facsimile  
                                              sweiss@anapolweiss.com

# EXHIBIT A

Case 2:12-md-02323-AB   Document 8110   Filed 07/25/17   Page 9 of 10

# ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, Pennsylvania 19103

## CONTINGENT FEE AGREEMENT/POWER OF ATTORNEY

This is a binding legal document. Read it carefully before you sign it and keep a copy for your records.

Date: 5/23/13

I/We, **Estate of Eric Scoggins** hereby hire **Larry Coben, Esquire and Sol H. Weiss, Esquire** of the law firm ANAPOL SCHWARTZ to prosecute a claim against **The National Football League**. The claimant is **Estate of Eric Scoggins** and the cause of action arose **on or after September 30, 2009**.

ANAPOL SCHWARTZ has agreed, at my/our request, to represent me/us for the above specific claim without payment of any retainer or an hourly fee for the investigations and legal work they will perform. Counsel may not receive any compensation, whatsoever, and may be required to wait a considerable period of time to receive any payment.

I/We hereby agree that, out of whatever sum is obtained by settlement or verdict, the attorney fee shall be one third of the net recovery, reduced proportionally by any common benefit fee received by our lawyers. From the net balance remaining, I/we agree to pay the expenses of suit, including filing fees, costs to obtain records, deposition costs, investigation fees, cost of witnesses, including expert witnesses and consultants to ensure Medicare/Medicaid compliance and costs for trial.

Pursuant to this agreement, said attorneys shall represent me/us and may institute suit on my/our behalf when, and if, they believe suit should be instituted.

I/We are aware that **Dermot Givens, Esquire** will receive a referral fee out of the total attorney's fee from ANAPOL SCHWARTZ for acting as cooperating counsel. I/We understand that the payment of the cooperating counsel fee does not increase or affect the total contingent fee paid by me/us. I/We do not object to this division of fees.

I/We acknowledge that my/our attorneys have advised me/us that the relationship of attorney and client is based upon mutual trust and confidence and that they will endeavor to keep me/us advised of important developments in their representation of me/us. They have further advised me/us that I/we are free to communicate with them and ask them questions from time to time as appropriate.

It is further understood and agreed that, upon notification to me/us (certified, registered or regular U.S. mail), said attorneys may withdraw as counsel in the event of me/our failure to cooperate, if they conclude, in their sole judgment, that the claim cannot be successfully prosecuted by them. In the event the attorneys withdraw as my/our counsel, they agree that I/we will not be obligated to pay them for any professional services they have rendered.

I/We further agree that the notification to me/us shall be considered to take place upon mailing of said notification to the last address for me/us known to the attorneys in a pre-paid envelope deposited with the U.S. mail.

Page 1

I/We hereby authorize said attorneys to pay medical bills on my/our behalf directly to the physician(s) or hospital(s) concerned.

I/We further agree that should I/we discharge said attorneys, my attorneys shall be entitled to immediate reimbursement of costs and disbursements and that I/we shall be liable to pay attorneys either a payment of a fee according to the above-agreed percentage of any settlement offers obtained prior to discharge or a payment based upon time actually expended or reasonably estimated at the attorney's prevailing rates for work performed prior to discharge. The obligation to reimburse ANAPOL SCHWARTZ for attorney's fees and costs shall be payable immediately after discharge.

Both client and attorney acknowledge that an attorney is prohibited from revealing confidential information about a client unless the client consents. In that connection, client acknowledges that attorney and client will communicate with each other through the use of cellular telephone and will discuss matters, which may be confidential. The client hereby consents to said communications occurring on cellular phone, even though the client acknowledges that confidential communications between attorney and client may be intercepted by third parties and become public. Notwithstanding said facts, client instructs attorney to communicate with client by way of cellular telephone at any and all times subsequent hereto as desired by attorney.

With regard to e-mail communication, although most courts and the American Bar Association have concluded that e-mail can qualify as confidential communication, there is still a chance that you may be waiving these protections if you use e-mail to communicate with us regarding a legal matter. It is possible that an e-mail message could be intercepted or sent to the wrong person. If you choose to communicate with us via e-mail (and some clients do), you need to understand that you are taking these risks. You should definitely avoid transmitting highly sensitive information by unencrypted e-mail.

I/We hereby acknowledge that a copy of this document has been given to me/us and that I/we have been advised to retain it in my/our possession, and that I/we have read and understood the contents of this document before I/we signed it.

SHOULD NO MONEY BE RECOVERED BY SUIT OR SETTLEMENT, SAID ATTORNEYS ARE TO HAVE NO CLAIM OF ANY KIND AGAINST ME/US FOR ANY PROFESSIONAL SERVICES RENDERED.

_Eran T Scoggins_
Signature

_____
Signature

Eran T. Scoggins
Print Name

_____
Print Name

6729 Spring Park Ave #3
Address

_____
Address

LA, CA 90056
City, State, Zip

_____
City, State, Zip

Page 2