## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : : | No.:2:12-md-02323-AB<br><br>MDL No. 2323 |
| | : | |
| THIS DOCUMENT RELATES TO: CHARLIE MCSHANE, PLAINTIFF, Case No. 2:12-cv-03352-AB | : : : : | |

### NOTICE OF ATTORNEY'S LIEN

Pursuant to rules of procedure, and the executed Retainer Agreement dated May 14, 2012, Petitioners, Gene Locks, Esquire, Michael B. Leh, Esquire, and David D. Langfitt, Esquire, of LOCKS LAW FIRM, attorneys for the Plaintiff in the above-entitled action, hereby notify this Court and all parties that they have a lien in this case for reasonable attorney's fees, plus expenses, as set forth in the accompanying Petition to Establish Attorney's Lien.

Respectfully submitted,

LOCKS LAW FIRM

Dated: July 25, 2017          By: _____

Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: NATIONAL FOOTBALL LEAGUE  :  No.:2:12-md-02323-AB
PLAYERS' CONCUSSION                      :
INJURY LITIGATION                          :  MDL No. 2323
                                                        :
                                                        :
_____  :
                                                        :
THIS DOCUMENT RELATES TO:        :
CHARLIE MCSHANE,                          :
                              PLAINTIFF,          :
Case No. 2:12-cv-03352-AB              :

## PETITION TO ESTABLISH ATTORNEY'S LIEN

NOW, comes, Petitioners, Gene Locks, Esquire, Michael B. Leh, Esquire, and David D. Langfitt, Esquire, of LOCKS LAW FIRM, pursuant to rules of procedure, and the executed Retainer Agreement dated May 14, 2012, and states as follows:

(1) Petitioners are attorneys at law admitted to practice before any court in the State of Pennsylvania, and files this petition to establish their lien for attorney's fees as set forth hereinafter;

(2) On or about May 14, 2012, Petitioners were retained and employed by Plaintiff, Charlie McShane, pursuant to a Retainer Agreement, to pursue a claim for injuries and damages on Plaintiff's behalf in the NFL Concussion MDL against the NFL and any other responsible parties for any football-related injuries. A copy of the Retainer Agreement, dated May 14, 2012, is attached as Exhibit A.

(3) The Retainer Agreement contains the following terms:

a. "4. The parties acknowledge and agree that the CLIENT retain the Attorneys on a contingency fee basis, and that CLIENT shall pay Attorneys a fee for their services in any civil action authorized by the CLIENT in an amount equal to 33.33% (thirty-three and one-third) of the gross proceeds of recovery by the CLIENT, whether by settlement, judgment, or otherwise."

b. "5. In the event the Attorneys recover attorneys' fees for the CLIENT, or are awarded attorneys' fees, the attorneys' fees recovered shall be applied against the amounts to which the Attorneys would be entitled under this Agreement. If any attorneys' fee award exceeds the amount of the contingent fee under this Agreement, the Attorneys shall be entitled to the higher of the attorneys' fee award or the contingency fee."

c. "6. The CLIENT understands and agrees that the filing of an action or suit on his behalf will require the expenditure of funds for litigation expenses and costs, such as filing fees, discovery expenses, witness fees, and transcripts. The Attorneys and the CLIENT agree that the Attorneys will initially pay and thus advance all such litigation costs and expenses on the CLIENT's behalf, and that in the event of a recovery or award, the CLIENT will reimburse the Attorneys for such expenses and costs out of CLIENT's recovery or award."

d. "7. The CLIENT and Attorneys agree that the CLIENT's responsibility for the payment of attorneys' fees to the Attorneys is limited to the contingent fee provided in paragraph four (4) and that those sums shall be derived from the CLIENT's recovery of an award, whether by judgment or settlement."

(4) From the date Petitioners were authorized to proceed on behalf of Plaintiff, Petitioners have actively and diligently applied themselves to the investigation, preparation, and pursuit of Plaintiff's claims, and have taken all steps necessary to prosecute those claims, document Plaintiff's diagnoses, retrieve medical records, and continue to pursue the best interests of Plaintiff in this matter.

(5) After investigation and preparation, Petitioners filed the instant action on behalf of Plaintiff. On July 12, 2012, Petitioners filed a Short Form Complaint on behalf of Plaintiff. A copy of the Short-Form Complaint is attached as Exhibit B.

(6) The specific services performed required expenses incurred by Petitioners.

(7) Plaintiff has recently discharged Petitioners as his attorneys in this matter, and he is now being represented by a new attorney in this action.

(8) Petitioners were not terminated by Plaintiff for cause, and the termination was not due to any malfeasance or other improper action on the part of Petitioners.

(9) Petitioners claim the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiff in this action.

WHEREFORE, Petitioners pray:

(1) That their attorney's lien for fees and expenses be determined and established;

(2) That the Court order that Petitioners be entitled to enforce their attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

(3) For such other and further relief as this Court deems just.

Respectfully submitted,

**LOCKS LAW FIRM**

Dated: July 25, 2017              By:    _____

Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: NATIONAL FOOTBALL LEAGUE :    No.:2:12-md-02323-AB
PLAYERS' CONCUSSION : 
INJURY LITIGATION :    MDL No. 2323
                                          : 
                                          : 
THIS DOCUMENT RELATES TO: : 
CHARLIE MCSHANE, : 
                    PLAINTIFF, : 
Case No. 2:12-cv-03352-AB : 

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Notice

of Attorney's Lien and accompanying Petition to Establish Attorney's Lien was filed via the

Electronic Case Filing System in the United States District Court for the Eastern District of

Pennsylvania, on all parties registered for CM/ECF in the litigation.

Respectfully submitted,

**LOCKS LAW FIRM**

Dated: July 25, 2017        By: _____

Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

# EXHIBIT A

# LOCKS LAW FIRM

### RETAINER AGREEMENT

Client Name:   CHARLIE MCSHANE

Address:   815 Wildwood Court

City:   Montesano                                                     State:  WA                Zip Code:  98563

Home Telephone:   206-313-8866                      Office Telephone:

Cell Phone:            253-297-7572                      Email:   june@charlieandjune.com

Date of Birth:        01/04/1954                          Social Security:

### RETAINER AGREEMENT

The CLIENT, CHARLIE MCSHANE and the LOCKS LAW FIRM, 601 Walnut Street, Suite 720
East, Philadelphia, PA  19106, their associates, partners and co-counsel (hereinafter collectively
"Attorneys"), in consideration of the mutual promises contained herein, for the purposes of providing legal
services to the CLIENT, agree as follows:

1.       The CLIENT hereby retains and employs the Attorneys to represent him in the investigation and
prosecution by civil action, any and all claims CLIENT may have arising out of his participation as a player
in games, practices, or training sponsored or approved by the National Football League, any one or more of
the member teams of the National Football League, and/or the National Football League Players'
Association, as those claims relate to head injuries, concussions, and/or brain trauma of any kind.

2.       Any such action or suit is subject to the investigation by the Attorneys of the facts of the claim
and the applicable law.  This agreement does not include appeals and/or ancillary proceedings.

3.       The CLIENT understands that after investigating the claims, if the Attorneys decide that in their
best judgment no case should be filed, the Attorneys may withdraw as counsel and have no further obligation
to the CLIENT under this Retainer Agreement.

4.      The parties acknowledge and agree that the CLIENT retains the Attorneys on a contingency fee basis, and that CLIENT shall pay Attorneys a fee for their services in any civil action authorized by the CLIENT in an amount equal to 33.33 % (thirty-three and one-third) of the gross proceeds of recovery by the CLIENT, whether by settlement, judgment, or otherwise.

5.      In the event the Attorneys recover attorneys' fees for the CLIENT, or are awarded attorneys' fees, the attorneys' fees recovered shall be applied against the amounts to which the Attorneys would be entitled under this Agreement.  If any attorneys' fee award exceeds the amount of the contingent fee under this Agreement, the Attorneys shall be entitled to the higher of the attorneys' fee award or the contingency fee.

6.      The CLIENT understands and agrees that the filing of an action or suit on his behalf will require the expenditure of funds for litigation expenses and costs, such as filing fees, discovery expenses, witness fees, and transcripts.  The Attorneys and the CLIENT agree that the Attorneys will initially pay and thus advance all such litigation costs and expenses on the CLIENT's behalf, and that in the event of a recovery or award, the CLIENT will reimburse the Attorneys for such expenses and costs out of CLIENT's recovery or award.

7.      The CLIENT and Attorneys agree that the CLIENT's responsibility for the payment of attorneys' fees to the Attorneys is limited to the contingent fee provided in paragraph four (4) and that those sums shall be derived from the CLIENT's recovery of an award, whether by judgment or settlement.

8.      The CLIENT shall keep the Attorneys informed at all times of all current addresses, telephone numbers, and e-mail address(es).

9.      The CLIENT understands that there have been no representations or promises made as to the outcome of the case or any phase of the case.

10.     The CLIENT agrees not to discuss and/or negotiate any settlement and/or accept any settlement regarding the subject matter of the case with any defendant, and/or potential defendant, without first consulting the Attorneys.

**ACCEPTED AND AGREED:**

CLIENT: _____     Dated: 5 - 18 - 12
              CHARLIE MCSHANE

ATTORNEYS:

By: _____     Dated: 7/15/12
              LOCKS LAW FIRM

-3-

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | MDL No. 2323 |
| _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br><br>**This relates to:**<br><br>**Plaintiffs' Master Administrative Long-Form Complaint and Jeff Nixon, et al. v. NFL, USDC, EDPA, No. 12-cv-3352**<br><br>**CHARLIE MCSHANE** | **SHORT FORM COMPLAINT**<br><br>**IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION**<br><br>JURY TRIAL DEMANDED |

## SHORT FORM COMPLAINT

1.      Plaintiff, **CHARLIE MCSHANE**, brings this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2.      Plaintiff is filing this short form complaint as required by this Court's Case Management Order No. 2, filed April 26, 2012.

3.      Plaintiff, incorporates by reference the allegations (as designated below) of the Master Administrative Long-Form Complaint, as may be amended, as if fully set forth at length in this Short Form Complaint.

4.      NOT APPLICABLE

5.     Plaintiff, **CHARLIE MCSHANE,** is a resident and citizen of Montesano, Washington and claims damages as set forth below.

6.     NOT APPLICABLE

7.     On information and belief, the Plaintiff sustained repetitive, traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices.  On information and belief, Plaintiff suffers from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff sustained during NFL games and/or practices.   On information and belief, the Plaintiff's symptoms arise from injuries that are latent and have developed and continue to develop over time.

8.     The original complaint by Plaintiff(s) in this matter was filed in United States District Court, Eastern District of Pennsylvania.

9.     Plaintiff claims damages as a result of [check all that apply]:

   _X_   Injury to Herself/Himself

   _X_   Injury to the Person Represented

   __   Wrongful Death

   __   Survivorship Action

   _X_   Economic Loss

   __   Loss of Services

   __   Loss of Consortium

- 2 -

10.    NOT APPLICABLE

11.    _X_ Plaintiff, reserves the right to object to federal jurisdiction.


## DEFENDANTS

12.    Plaintiff brings this case against the following Defendants in this action [check all

       that apply]:

       _X_    National Football League

       _X_    NFL Properties, LLC

       ___    Riddell, Inc.

       ___    All American Sports, Inc. (d/b/a Riddell Sports Group, Inc.)

       ___    Riddell Sports Group, Inc.

       ___    Easton-Bell Sports, Inc.

       ___    Easton-Bell Sports, LLC

       ___    EB Sports Corporation

       ___    RBG Holdings Corporation

13.    NOT APPLICABLE

14.    NOT APPLICABLE

15.    Plaintiff played in  X the National Football League ("NFL") and/or in _____ the

American Football League ("AFL") during 1976-80 for the following

teams:

Dallas Cowboys
Seattle Seahawks
New York Giants


## CAUSES OF ACTION

16.    Plaintiff herein adopts by reference the following Counts of the Master

Administrative Long-Form Complaint, along with the factual allegations

incorporated by reference in those Counts [check all that apply]:

_X_    Count I (Action for Declaratory Relief – Liability (Against the NFL))

_X_    Count II (Medical Monitoring (Against the NFL))

__     Count III (Wrongful Death and Survival Actions (Against the NFL))

_X_    Count IV (Fraudulent Concealment (Against the NFL))

_X_    Count V (Fraud (Against the NFL))

_X_    Count VI (Negligent Misrepresentation (Against the NFL))

_X_    Count VII (Negligence Pre-1968 (Against the NFL))

_X_    Count VIII (Negligence Post-1968 (Against the NFL))

_X_    Count IX (Negligence 1987-1993 (Against the NFL))

   X     Count X (Negligence Post-1994 (Against the NFL))

   X     Count XI (Loss of Consortium (Against the NFL))

   X     Count XII (Negligent Hiring (Against the NFL))

   X     Count XIII (Negligent Retention (Against the NFL))

   ___     Count XIV (Strict Liability for Design Defect (Against the Riddell Defendants))

   ___     Count XV (Strict Liability for Manufacturing Defect (Against the Riddell Defendants))

   ___     Count XVI (Failure to Warn (Against the Riddell Defendants))

   ___     Count XVII (Negligence (Against the Riddell Defendants))

   X     Count XVIII (Civil Conspiracy/Fraudulent Concealment (Against All Defendants))

17.    Plaintiff asserts the following additional causes of action [write in or attach]:

_____

_____

_____

_____

_____

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, prays for judgment as follows:

A.  An award of compensatory damages, the amount of which will be determined at trial;

B.  For punitive and exemplary damages as applicable;

C.  For all applicable statutory damages of the state whose laws will govern this action;

D.  For medical monitoring, whether denominated as damages or in the form of equitable relief;

E.  For an award of attorneys' fees and costs;

F.  An award of prejudgment interest and costs of suit; and

G.  An award of such other and further relief as the Court deems just and proper.

## JURY DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff(s) hereby demand(s) a trial by jury.

RESPECTFULLY SUBMITTED:


_____/s/ Gene Locks_____
Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
215-893-0100 (tel.)
215-893-3444 (fax)
glocks@lockslaw.com
mleh@lockslaw.com
dlangfitt@lockslaw.com

and

Craig R. Mitnick, Esquire
Managing Partner
Mitnick Law Offices
Thirty-Five Kings Highway East,
Haddonfield, New Jersey 08033
856.427.9000 (tel.)
F. 856.427.0360 (fax)
craig@crmtrust.com

*Attorneys for Plaintiffs*