UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323 (AB)<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>Opt-Out Plaintiffs' Second Amended Master Administrative Long-Form Complaint and *Demarie, et al. v. National Football League, et al.,* No. 2:13-cv-07659 | SHORT FORM COMPLAINT<br><br>IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br>JURY TRIAL DEMANDED |

## AMENDED OPT OUT PLAINTIFF SHORT FORM COMPLAINT AGAINST NFL DEFENDANTS

1. Plaintiff Patrick Stant and Plaintiff's Spouse Helene Stant bring this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2. Plaintiffs are filing this Short Form Complaint against the NFL Defendants as required by this Court's Case Management Order filed July 18, 2017.

3. Plaintiff and Plaintiff's Spouse opted-out of the Class Action Settlement approved by the Court on May 8, 2015.

4. Plaintiff and Plaintiff's Spouse incorporate by reference the allegations (as designated below) of the Second Amended Master Administrative Long-Form Complaint Against NFL Defendants, as is fully set forth at length in this Short Form Complaint.

5. ~~[Fill in if applicable] Plaintiff is filing this case in a representative capacity as the _____ of _____, having been duly appointed as the _____ by the Court of~~

~~_____. (Cross out sentence below if not applicable.) Copies of the Letters of Administration/Letters Testamentary for a wrongful death claim are annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~

6. Plaintiff Patrick Stant is a resident and citizen of Louisiana, and claims damages as set forth below.

7. Plaintiff's Spouse, Helene Stant, is a resident and citizen of Louisiana, and claims damages as a result of loss of consortium proximately caused by the harm suffered by her Plaintiff husband.

8. Upon information and belief, the Plaintiff sustained repetitive, traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices. Upon information and belief, Plaintiff suffers from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff sustained during NFL games and/or practices. Upon information and belief, the Plaintiff's symptoms arise from injuries that are latent and have developed and continue to develop over time.

9. The original complaint by Plaintiffs in this matter was filed in the United States District Court for the Eastern District of Louisiana. If the case is remanded, it should be remanded to the United States District Court for the Eastern District of Louisiana.

10. Plaintiff(s) claim damages as a result of [check all that apply]:

☑  Injury to Herself/Himself

☐  Injury to the Person Represented

☐  Wrongful Death

☐  Survivorship Action

    ☑  Economic Loss

    ☑  Loss of Services

    ☑  Loss of Consortium

11. As a result of the injuries to her husband, Patrick Stant, Plaintiff's Spouse, Helene Stant, suffers from a loss of consortium, including the following injuries:

    ☑  Loss of martial services;

    ☑  Loss of companionship, affection or society;

    ☑  Loss of support; and

    ☐  Monetary losses in the form of unreimbursed costs she has had to expend for the health care and personal care of her husband.

12. Plaintiff and Plaintiff's Spouse reserve the right to object to federal jurisdiction.

13. Plaintiff and Plaintiff's Spouse bring this case against the following Defendants in this action [check all that apply]:

    ☑  National Football League

    ☑  NFL Properties, LLC

14. Plaintiff played in ☑ the National Football League ("NFL") and/or in ☐ the American Football League ("AFL") during the 1990 football season for the following teams: New Orleans Saints.

15. Plaintiff retired from playing professional football after the 1990 season.

## CAUSES OF ACTION

16. Plaintiffs herein adopt by reference the following Counts of the Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

    ☑    Count I (Action for Declaratory Relief – Liability (Against Defendant NFL)

    ☑    Count II (Negligence (Against Defendant NFL))

    ☑    Count III (Negligent Marketing (Against all Defendants))

    ☑    Count IV (Negligence (Against Defendant NFL P))

    ☑    Count V (Negligent Misrepresentation (Against Defendant NFL))

    ☑    Count VI (Negligent Hiring (Against Defendant NFL))

    ☑    Count VII (Negligent Retention/Supervision (Against Defendant NFL))

    ☑    Count VIII (Fraud (Against all Defendants))

    ☑    Count IX (Civil Conspiracy (Against all Defendants))

    ☑    Count X (Fraudulent Concealment (Against all Defendants))

    ☐    Count XI (Wrongful Death (Against all Defendants))

    ☐    Count XII (Survival Action (Against all Defendants))

    ☑    Count XIII (Loss of Consortium (Against all Defendants))

    ☑    Count XIV (Punitive Damages under All Claims (Against all Defendants))

    ☑    Count XV (Declaratory Relief: Punitive Damages (Against all Defendants))

17. Plaintiff assert the following additional causes of action [write in or attach]:

    SEE ATTACHMENT "A" TO THIS COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Plaintiff's Spouse pray for judgment as follows:

A. An award of compensatory damages, the amount of which will be determined at trial;

B.	An Award of economic damages in the form of medical expenses, out of pocket expenses, lost earnings and other economic damages in an amount to be determined at trial;

C.	For loss of consortium as applicable;

D.	For punitive and exemplary damages as applicable;

E.	For all applicable statutory damages of the state whose laws will govern this action;

F.	For an award of attorneys' fees and costs;

G.	An award of prejudgment interest and costs of suit; and

H.	An award of such other and further relief as the Court deems just and proper.

## JURY DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: July 25, 2017				Respectfully submitted,

*s/ David B. Franco*
David B. Franco (TX# 24072097)
**FRANCOLAW, PLLC**
1001 Studewood Street, 2nd Floor
Houston, Texas  77008
Telephone: (504) 226-5226
Facsimile: (504) 229-6730
Email: dfranco@dfrancolaw.com

Norman F. Hodgins, III
**HODGINS LAW GROUP, LLC**
4700 Highway 22, Suite 596
Mandeville, LA 70471
Tel: (504) 571-9211
Facsimile: (504) 571-9112
Email: norman@hodginslawgroup.com

*Counsel for Plaintiffs*

5

**ATTACHMENT "A" TO AMENDED OPT OUT PLAINTIFF
<u>SHORT FORM COMPLAINT</u>**

**COUNT XVI
NEGLIGENCE – Monopolist**
(As Against the NFL)

1. The NFL, by and through its monopoly power, has historically had a duty to invoke rules that protect the health and safety of its players, including Plaintiffs, and the public.

2. As a monopoly, the NFL has a duty to protect the health and safety of its players as well as the public at large.

3. The NFL's failure to exercise reasonable care in its duty increased the risk that the Plaintiffs would suffer long-term neurocognitive injuries.

4. The Plaintiffs reasonably relied to their detriment on the NFL's actions and omissions on the subject.

5. Under all of the above circumstances, it was foreseeable that the NFL's failure to exercise reasonable care in the executing of its duties would cause or substantially contribute to the personal injuries suffered by the Plaintiffs.

6. The NFL's failure to exercise reasonable care in the execution of its duties proximately caused or contributed to Plaintiffs' injuries.

7. As a result of the NFL's negligence, the NFL is liable to Plaintiffs, and the Plaintiffs are entitled to, and seek, all damages allowed by applicable law.

**COUNT XVII
NEGLIGENCE**
(As Against the NFL and NFL Properties)

8. The NFL and NFL Properties breached their duty to ensure that the helmets they licensed, required and/or approved were of the highest possible quality and sufficient to protect

1

the NFL players, including Plaintiffs, and/or they increased the Plaintiffs' risks of the long term health consequences of concussive brain injury.

9. The NFL and NFL Properties breached their duty by licensing the Riddell Defendants' helmets, and approving and/or requiring the use of the helmets for the NFL players, knowing or having reason to know that the helmets were negligently and defectively designed and/or lacked an adequate warning.

10. As a result of these breaches by the NFL and NFL Properties, Plaintiffs suffer personal injuries as a result of the long-term health effects of concussive brain injuries.

11. As a result of the NFL and NFL Properties' negligence, the NFL Defendants are liable to Plaintiffs, and the Plaintiffs are entitled to, and seek, all damages allowed by applicable law.