IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : No.:2:12-md-02323-AB :   : MDL No. 2323 : : |
| THIS DOCUMENT RELATES TO: JORGE A. DIAZ AND KATHERINE BENNET DIAZ, PLAINTIFFS, Case No. 2:12-cv-03125-AB | : : : : : |

### NOTICE OF ATTORNEY'S LIEN

Pursuant to rules of procedure, and the executed Retainer Agreement dated April 1, 2013, Petitioners, Gene Locks, Esquire, Michael B. Leh, Esquire, and David D. Langfitt, Esquire, of LOCKS LAW FIRM, attorneys for the Plaintiffs in the above-entitled action, hereby notify this Court and all parties that they have a lien in this case for reasonable attorney's fees, plus expenses, as set forth in the accompanying Petition to Establish Attorney's Lien.

Respectfully submitted,

LOCKS LAW FIRM

Dated: July 25, 2017        By: _____
Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION : : : : : : : THIS DOCUMENT RELATES TO: : JORGE A. DIAZ AND : KATHERINE BENNET DIAZ, PLAINTIFFS, : Case No. 2:12-cv-03125-AB : | No.:2:12-md-02323-AB<br><br>MDL No. 2323 |

## PETITION TO ESTABLISH ATTORNEY'S LIEN

NOW, comes, Petitioners, Gene Locks, Esquire, Michael B. Leh, Esquire, and David D. Langfitt, Esquire, of LOCKS LAW FIRM, pursuant to rules of procedure, and the executed Retainer Agreement dated April 1, 2013, and states as follows:

(1) Petitioners are attorneys at law admitted to practice before any court in the State of Pennsylvania, and files this petition to establish their lien for attorney's fees as set forth hereinafter;

(2) On or about April 1, 2013, Petitioners were retained and employed by Plaintiffs, Jorge A. Diaz and Katherine Bennet Diaz, pursuant to a Retainer Agreement, to pursue a claim for injuries and damages on Plaintiffs' behalf in the NFL Concussion MDL against the NFL and any other responsible parties for any football-related injuries. A copy of the Retainer Agreement, dated April 1, 2013, is attached as Exhibit A.

(3) The Retainer Agreement contains the following terms:

a. "4. The parties acknowledge and agree that the CLIENT retain the Attorneys on a contingency fee basis, and that CLIENT shall pay Attorneys a fee for their services in any civil action authorized by the CLIENT in an amount equal to 33.33% (thirty-three and one-third) of the gross proceeds of recovery by the CLIENT, whether by settlement, judgment, or otherwise."

b. "5. In the event the Attorneys recover attorneys' fees for the CLIENT, or are awarded attorneys' fees, the attorneys' fees recovered shall be applied against the amounts to which the Attorneys would be entitled under this Agreement. If any attorneys' fee award exceeds the amount of the contingent fee under this Agreement, the Attorneys shall be entitled to the higher of the attorneys' fee award or the contingency fee."

c. "6. The CLIENT understands and agrees that the filing of an action or suit on his behalf will require the expenditure of funds for litigation expenses and costs, such as filing fees, discovery expenses, witness fees, and transcripts. The Attorneys and the CLIENT agree that the Attorneys will initially pay and thus advance all such litigation costs and expenses on the CLIENT's behalf, and that in the event of a recovery or award, the CLIENT will reimburse the Attorneys for such expenses and costs out of CLIENT's recovery or award."

d. "7. The CLIENT and Attorneys agree that the CLIENT's responsibility for the payment of attorneys' fees to the Attorneys is limited to the contingent fee provided in paragraph four (4) and that those sums shall be derived from the CLIENT's recovery of an award, whether by judgment or settlement."

(4) From the date Petitioners were authorized to proceed on behalf of Plaintiffs, Petitioners have actively and diligently applied themselves to the investigation, preparation, and pursuit of Plaintiffs' claims, and have taken all steps necessary to prosecute those claims, document Plaintiff Jorge Diaz's diagnoses, retrieve medical records, and continue to pursue the best interests of Plaintiffs in this matter.

(5) After investigation and preparation, Petitioners filed the instant action on behalf of Plaintiffs. On June 17, 2013, Petitioners filed a Short Form Complaint on behalf of Plaintiffs. A copy of the Short-Form Complaint is attached as Exhibit B.

(6) The specific services performed required expenses incurred by Petitioners.

(7) Plaintiffs have recently discharged Petitioners as his attorneys in this matter, and he is now being represented by a new attorney in this action.

(8) Petitioners were not terminated by Plaintiffs for cause, and the termination was not due to any malfeasance or other improper action on the part of Petitioners.

(9) Petitioners claim the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiffs in this action.

WHEREFORE, Petitioners pray:

   (1) That their attorney's lien for fees and expenses be determined and established;

   (2) That the Court order that Petitioners be entitled to enforce their attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

   (3) For such other and further relief as this Court deems just.

|  |  |
|---|---|
| Dated: July 25, 2017 | Respectfully submitted,<br>LOCKS LAW FIRM<br>By: _____<br>Gene Locks, Esquire (PA ID No. 12969)<br>Michael B. Leh, Esquire (PA ID No. 42962)<br>David D. Langfitt, Esquire (PA ID No. 66588)<br>THE CURTIS CENTER<br>601 Walnut Street, Suite 720 East<br>Philadelphia, PA 19106<br>(215) 893-0100 |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : No.:2:12-md-02323-AB<br>:<br>: MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>JORGE A. DIAZ AND<br>KATHERINE BENNET DIAZ, PLAINTIFFS,<br>Case No. 2:12-cv-03125-AB | :<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Notice of Attorney's Lien and accompanying Petition to Establish Attorney's Lien was filed via the Electronic Case Filing System in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the litigation.

Respectfully submitted,

LOCKS LAW FIRM

Dated: July 25, 2017            By: _____
Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

# EXHIBIT A

# RETAINER AGREEMENT

Client Name: Jorge A Diaz

Spouse Name: Katherine Bennett Diaz

Address: 9395 126th Ave

City: Largo   State: Fl   Zip Code: 33773

Home Telephone: ___   Office Telephone: ___

Cell Phone: 727 482 3350   Email: elnino64@aol.com

Date of Birth: 11/15/1973   Social Security: 451 81 5167

## RETAINER AGREEMENT

The CLIENT, Jorge Diaz, and, Katherine Diaz (spouse), and the LOCKS LAW FIRM, 601 Walnut Street, Suite 720 East, Philadelphia, PA 19106, their associates, partners and co-counsel (hereinafter collectively "Attorneys"), in consideration of the mutual promises contained herein, for the purposes of providing legal services to the CLIENT, agree as follows:

1.  The CLIENT hereby retains and employs the Attorneys to represent him in the investigation and prosecution by civil action, any and all claims CLIENT may have arising out of his participation as a player in games, practices, or training sponsored or approved by the National Football League, any one or more of the member teams of the National Football League, and/or the National Football League Players' Association, as those claims relate to head injuries, concussions, and/or brain trauma of any kind.

2.  Any such action or suit is subject to the investigation by the Attorneys of the facts of the claim and the applicable law. This agreement does not include appeals and/or ancillary proceedings.

3. The CLIENT understands that after investigating the claims, if the Attorneys decide that in their best judgment no case should be filed, the Attorneys may withdraw as counsel and have no further obligation to the CLIENT under this Retainer Agreement.

4. The parties acknowledge and agree that the CLIENT retains the Attorneys on a contingency fee basis, and that CLIENT shall pay Attorneys a fee for their services in any civil action authorized by the CLIENT in an amount equal to 33.33 % (thirty-three and one-third) of the gross proceeds of recovery by the CLIENT, whether by settlement, judgment, or otherwise.

5. In the event the Attorneys recover attorneys' fees for the CLIENT, or are awarded attorneys' fees, the attorneys' fees recovered shall be applied against the amounts to which the Attorneys would be entitled under this Agreement. If any attorneys' fee award exceeds the amount of the contingent fee under this Agreement, the Attorneys shall be entitled to the higher of the attorneys' fee award or the contingency fee.

6. The CLIENT understands and agrees that the filing of an action or suit on his behalf will require the expenditure of funds for litigation expenses and costs, such as filing fees, discovery expenses, witness fees, and transcripts. The Attorneys and the CLIENT agree that the Attorneys will initially pay and thus advance all such litigation costs and expenses on the CLIENT's behalf, and that in the event of a recovery or award, the CLIENT will reimburse the Attorneys for such expenses and costs out of CLIENT's recovery or award.

7. The CLIENT and Attorneys agree that the CLIENT's responsibility for the payment of attorneys' fees to the Attorneys is limited to the contingent fee provided in paragraph four (4) and that those sums shall be derived from the CLIENT's recovery of an award, whether by judgment or settlement.

8. The CLIENT shall keep the Attorneys informed at all times of all current addresses, telephone numbers, and e-mail address(es).

9. The CLIENT understands that there have been no representations or promises made as to the outcome of the case or any phase of the case.

10. The CLIENT agrees not to discuss and/or negotiate any settlement and/or accept any settlement regarding the subject matter of the case with any defendant, potential defendant, and/or the Department of Justice, without first consulting the Attorneys.

**ACCEPTED AND AGREED:**

CLIENT: _____ Dated: 4-1-13

CLIENT: _____ (spouse) Dated: 4-1-13

ATTORNEYS:

By: _____ Dated: 7/15/13
Locks Law Firm

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | MDL No. 2323 |
| This relates to:<br><br>Plaintiffs' Master Administrative Long-Form Complaint and (if applicable) Johnnie Walton, et al. v. NFL, USDC, EDPA, No. 13-cv-03125<br><br>JORGE A. DIAZ | SHORT FORM COMPLAINT<br><br>IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br>JURY TRIAL DEMANDED |

## SHORT FORM COMPLAINT

1. Plaintiffs, **JORGE A. DIAZ**, and Plaintiff's Spouse **KATHERINE BENNET DIAZ**, bring this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2. Plaintiff and Plaintiff's Spouse are filing this short form complaint as required by this Court's Case Management Order No. 2, filed April 26, 2012.

3. Plaintiff and Plaintiff's Spouse, incorporate by reference the allegations (as designated below) of the Master Administrative Long-Form Complaint, as may be amended, as if fully set forth at length in this Short Form Complaint.

4. NOT APPLICABLE

5.  Plaintiff, **JORGE A. DIAZ,** is a resident and citizen of Largo, Florida and claims damages as set forth below.

6.  Plaintiff's spouse, **KATHERINE BENNET DIAZ,** is a resident and citizen of Largo, Florida, and claims damages as a result of loss of consortium proximately caused by the harm suffered by her Plaintiff husband.

7.  On information and belief, the Plaintiff sustained repetitive, traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices. On information and belief, Plaintiff suffers from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff sustained during NFL games and/or practices. On information and belief, the Plaintiff's symptoms arise from injuries that are latent and have developed and continue to develop over time.

8.  The original complaint by Plaintiff(s) in this matter was filed in United States District Court, Eastern District of Pennsylvania.

9.  Plaintiff claims damages as a result of [check all that apply]:

    _X_  Injury to Herself/Himself

    _X_  Injury to the Person Represented

    __   Wrongful Death

    __   Survivorship Action

    _X_  Economic Loss

    __   Loss of Services

___ Loss of Consortium

10. As a result of the injuries to her husband, **JORGE A. DIAZ**, Plaintiff's Spouse, **KATHERINE BENNET DIAZ**, suffers from a loss of consortium, including the following injuries:

_X_ loss of marital services;

_X_ loss of companionship, affection or society;

_X_ loss of support; and

_X_ monetary losses in the form of unreimbursed costs she has had to expend for the health care and personal care of her husband.

11. _X_ Plaintiff and Plaintiff's Spouse, reserve the right to object to federal jurisdiction.

## DEFENDANTS

12. Plaintiff and Plaintiff's Spouse, bring this case against the following Defendants in this action [check all that apply]:

    _X_ National Football League

    _X_ NFL Properties, LLC

    ___ Riddell, Inc.

    ___ All American Sports, Inc. (d/b/a Riddell Sports Group, Inc.)

    \_\_    Riddell Sports Group, Inc.

    \_\_    Easton-Bell Sports, Inc.

    \_\_    Easton-Bell Sports, LLC

    \_\_    EB Sports Corporation

    \_\_    RBG Holdings Corporation

13. NOT APPLICABLE

14. NOT APPLICABLE

15. Plaintiff played in X the National Football League ("NFL") and/or in the American Football League ("AFL") during 1996-01 for the following teams:

Tampa Bay Buccaneers
Dallas Cowboys

## CAUSES OF ACTION

16. Plaintiff herein adopts by reference the following Counts of the Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

      X    Count I (Action for Declaratory Relief – Liability (Against the NFL))

      X    Count II (Medical Monitoring (Against the NFL))

      \_\_    Count III (Wrongful Death and Survival Actions (Against the NFL))

_X_   Count IV (Fraudulent Concealment (Against the NFL))

_X_   Count V (Fraud (Against the NFL))

_X_   Count VI (Negligent Misrepresentation (Against the NFL))

_X_   Count VII (Negligence Pre-1968 (Against the NFL))

_X_   Count VIII (Negligence Post-1968 (Against the NFL))

_X_   Count IX (Negligence 1987-1993 (Against the NFL))

_X_   Count X (Negligence Post-1994 (Against the NFL))

_X_   Count XI (Loss of Consortium (Against the NFL))

_X_   Count XII (Negligent Hiring (Against the NFL))

_X_   Count XIII (Negligent Retention (Against the NFL))

__    Count XIV (Strict Liability for Design Defect (Against the Riddell Defendants))

__    Count XV (Strict Liability for Manufacturing Defect (Against the Riddell Defendants))

__    Count XVI (Failure to Warn (Against the Riddell Defendants))

__    Count XVII (Negligence (Against the Riddell Defendants))

_X_   Count XVIII (Civil Conspiracy/Fraudulent Concealment (Against All Defendants))

17.  Plaintiff asserts the following additional causes of action [write in or attach]:

_____

_____

_____

_____

_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Plaintiff's Spouse, pray for judgment as follows:

A.  An award of compensatory damages, the amount of which will be determined at trial;

B.  For punitive and exemplary damages as applicable;

C.  For all applicable statutory damages of the state whose laws will govern this action;

D.  For medical monitoring, whether denominated as damages or in the form of equitable relief;

E.  For an award of attorneys' fees and costs;

F.  An award of prejudgment interest and costs of suit; and

G.  An award of such other and further relief as the Court deems just and proper.

## JURY DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff(s) hereby demand(s) a trial by jury.

RESPECTFULLY SUBMITTED:

_/s/ Gene Locks_
Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
215-893-0100 (tel.)
215-893-3444 (fax)
glocks@lockslaw.com
mleh@lockslaw.com
dlangfitt@lockslaw.com

*Attorneys for Plaintiffs*