UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br><br>THIS DOCUMENT RELATES TO:<br><br>Eric Hilgenberg, Trustee for the Estate of Wally Hilgenberg, Short Form, Doc 184 | **Hon. Anita B. Brody** |

NOTICE OF ATTORNEY'S LIEN

Pursuant to U.C.C. § 9-3-3, and *Stephens v. Wetzel*, Sb.2d 293 (Miss. 2000), the Petitioners, Sol H. Weiss and Larry E. Coben, attorneys for the Plaintiff in the above entitled action, hereby notify this Court and all parties that they have a lien in this case for reasonable attorney's fees, plus expenses, as set forth in the accompanying Petition to Establish Attorney's Lien.

Dated: July 26, 2017

RESPECTFULLY SUBMITTED,

/s/ Larry E Coben_____
Sol H. Weiss, Esquire (I.D. 15925)
Larry E. Coben, Esquire (I.D. 17523)
**ANAPOL WEISS**

One Logan Square, 130 North 18th Street  
Suite 1600  
Philadelphia, Pennsylvania 19103  
(215) 735-1130 Telephone  
(215) 875-7700 Facsimile  
sweiss@anapolweiss.com  
lcoben@anapolweiss.com

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the foregoing Notice of Attorney's Lien was served electronically via the Court's electronic filing system on the 26th day of July 2017, upon all counsel of record.

Dated: July 26, 2017

/s/ Larry E Coben_____
Sol H. Weiss, Esquire (I.D. 15925)
Larry E. Coben, Esquire (I.D. 17523)
**ANAPOL WEISS**
One Logan Square, 130 North 18th Street
Suite 1600
Philadelphia, Pennsylvania 19103
(215) 735-1130 Telephone
(215) 875-7700 Facsimile
sweiss@anapolweiss.com

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB) <br><br> MDL No. 2323 |
| **THIS DOCUMENT RELATES TO:** <br><br> **Eric Hilgenberg, Trustee for the Estate of Wally Hilgenberg, Short Form, Doc 184** | **PETITION TO ESTABLISH ATTORNEY'S LIEN** |

     AND NOW come Petitioners, Sol H. Weiss, Esquire and Larry E. Coben, Esquire, of Anapol Weiss, pursuant to an executed Agreement for Legal Services to Petition to Establish Attorney's Lien and state as follows:

1. Petitioners are admitted to practice in the United States District Court for the Eastern District of Pennsylvania, The Pennsylvania Supreme Court and various other courts.

2. On or about January 24, 2012, Petitioners, Anapol Weiss, were retained by the Plaintiff, Eric Hilgenberg, pursuant to an Agreement for legal services, to pursue a claim for injuries and damages allegedly caused by the National Football League's conduct associated with football related concussions, head and brain injuries. The Agreement provided for a contingency fee of thirty-five percent of the Client-Plaintiff's recovery. [See **Exhibit A -** Attorney-Client Fee Agreement.]

3. Other pertinent specifics of the Agreement for legal services are as follows: "In the event no recovery is made, no fee will be charged by Attorneys for such representation. In return for the contingent fee, Attorneys agree to represent Client by providing services including the investigation and preparation of the claim for trial in court, consultation and preparation of medical and other damage elements, settlement efforts and actual trial of the lawsuit. . . . The Client shall have the right to terminate Attorneys' services at any time, but, in such event, should a favorable settlement or verdict be reached in the future, the Client must reasonably compensate Attorneys for services performed up to the date of termination, together with all costs and expenses incurred to such date." [See **Exhibit A -** Attorney-Client Fee Agreement.]

4. When Petitioners entered into this Agreement/contract with Plaintiff, Petitioners entered into the risk and expense of the litigation before any settlement discussion had been held.

5. Pursuant to the Agreement for Legal Services, the Petitioners filed a short form complaint on behalf of Plaintiff, *Eric Hilgenberg, Trustee for the Estate of Wally Hilgenberg v. National Football League, et al*, No. 2:12-cv-0598-AB, in the Eastern District of Pennsylvania, Document 184, on July 6, 2012. Prior to the filing of the Complaint, counsel spent considerable time and effort studying the nature of the injuries and losses suffered by Plaintiff's decedent, and developed theories of liability to address anticipated legal and medical issues.

6. From the date the Petitioner was authorized to proceed on behalf of the Plaintiff, the Petitioner has actively and diligently investigated, prepared, and pursued

> Plaintiff's claims, and has taken all steps necessary to prosecute those claims, including, but not limited to, correspondence and communications with the clients, preparation and review of client's factual, medical and legal circumstances, and drafting documents and providing client updates.

7. The Petitioners voluntarily reduced the Fee Agreement percentage of recovery from thirty-five percent to twenty-three percent of the net recovery because of the Petitioner's expectation to receive a common benefit fee.

8. The Plaintiff authorized and the Petitioners registered Plaintiff for the Settlement Benefits on February 15, 2017.

9. On July 18, 2017, after several telephone conversations with the Plaintiff regarding the anticipated filing for Settlement Benefits, the Petitioners received notice from Plaintiff that he was discharging Petitioners as his attorneys in this matter and that the Petitioners should not file any further documents regarding Settlement Benefits.

10. Petitioners were not terminated due to any malfeasance or other improper action.

11. The Petitioners claim the right to have a lien for attorney's fees and expenses established and enforced upon the sums to be obtained by Plaintiff in this action.

WHEREFORE, the Petitioners pray:

1. That an attorney's lien be established;
2. That the amount of the lien be determined;
3. That the Court order that Petitioner be entitled to enforce an attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

4. That the Claims administrator retain 23% of an award for payment of attorneys fees which includes the 5% hold back for future work on settlement implementation.

Dated: July 26, 2017

                                            RESPECTFULLY SUBMITTED,

/s/ Larry Coben_____
Sol H. Weiss, Esquire (I.D. 15925)
Larry E. Coben, Esquire (I.D. 17523)
**ANAPOL WEISS**
One Logan Square, 130 North 18th Street
Suite 1600
Philadelphia, Pennsylvania 19103
(215) 735-1130 Telephone
(215) 875-7700 Facsimile
sweiss@anapolweiss.com
lcoben@anapolweiss.com

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the foregoing Petition to Establish Attorney's Lien was served electronically via the Court's electronic filing system on the 26th day of July 2017, upon all counsel of record.

Dated: July 26, 2017

                                                   /s/ Larry Coben_____
                                                   Sol H. Weiss, Esquire (I.D. 15925)
                                                   Larry E. Coben, Esquire (I.D. 17523)
                                                   **ANAPOL WEISS**
                                                   One Logan Square, 130 North 18th Street
                                                   Suite 1600
                                                   Philadelphia, Pennsylvania 19103
                                                   (215) 735-1130 Telephone
                                                   (215) 875-7700 Facsimile
                                                   sweiss@anapolweiss.com
                                                   lcoben@anapolweiss.com

# Exhibit A

## CONTINGENT FEE AGREEMENT

This agreement is made and entered into this 24th day of January, 2012, by and between **Eric Hilgenberg in his representative capacity as the Trustee for the Estate of his father, Wally Hilgenberg** (hereinafter referred to as "Client"), and the law firm of ANAPOL SCHWARTZ (hereinafter referred to as "Attorneys"), 1710 Spruce Street, Philadelphia, Pennsylvania 19103.

Client hereby retains Attorneys to represent him, in his representative capacity for the Estate of Wally Hilgenberg, in connection with claims against the National Football League. In this connection, the Attorneys agree to undertake said representation and use their best efforts for and on behalf of the Clients.

*It is understood, and it has been explained to the Client, that there are several legal hurdles that need to be overcome to prevail in this case, including but not limited to the argument that the claim is time barred by the statute of limitations and that the NFL cannot be sued because of the application of Collective Bargaining Agreements entered into by the players and the NFL. Nevertheless, the Attorneys have advised the Client that there is a good faith basis to proceed with this lawsuit at this time. If, the Courts should determine that these claims are time barred or prohibited because of the Collective Bargaining Agreements, the Client understands that this lawsuit will be dismissed by the Court.*

Attorneys will be paid a contingent fee equal to thirty-five percent (35%) of the recovered amount. In the event no recovery is made, no fee will be charged by Attorneys for such representation. In return for the contingent fee, Attorneys agree to represent Client by providing services including the investigation and preparation of the claim for trial in court, consultation and preparation of medical and other damage elements, settlement efforts and actual trial of the lawsuit. Should Client desire to appeal any adverse result, Attorneys are not obligated to handle an appeal unless Attorneys agree the proposed appeal has merit.

Attorneys will advance the reasonable necessary costs and expenses incurred in the prosecution of the Client's claim. These costs and expenses shall be reimbursed to the Attorneys by Client out of any recovery for the claim. In the event of any recovery, the reimbursement of costs and expenses will be excluded from the contingent fee payable to Attorneys for their services.

Client agrees that no guarantees have been made as to what amounts, if any, Client may be entitled to recover on the claim. However, Client agrees that, because of the contingent fee, Client will not compromise or settle the claim without Attorneys' consent, which consent shall not be unreasonably withheld.

Client agrees to keep Attorneys advised of Client's whereabouts at all times and to cooperate in the preparation and trial of the case, and to appear on reasonable notice from Attorneys in connection with the preparation and presentation of this case. The Client

understands that failure to provide this cooperation could result in court-imposed sanctions which may include dismissal of Client's claim.

The Client shall have the right to terminate Attorneys' services at any time, but, in such event, should a favorable settlement or verdict be reached in the future, the Client must reasonably compensate Attorneys for services performed up to the date of termination, together with all costs and expenses incurred to such date. Likewise, Attorneys shall have the right to withdraw at any time if it is determined that it is not feasible to continue with the case. In the latter event, Attorneys shall not receive payment for costs and expenses incurred by Attorneys up to the date of withdrawal.

The parties agree that any disputes regarding this agreement will be governed in accordance with the applicable law. Attorneys agree at the request of Client to submit any disagreement regarding fees to binding arbitration in accordance with the rules of the Fee Arbitration Committee of the State Bar.

I acknowledge that I have read and understand the terms and provisions of this agreement and have received a copy of the executed agreement.

DATED this 24⁹ day of January, 2012.

_____  1-24-2012
Eric Hilgenberg           Date

_____
Larry E. Coben, Esquire   Date