## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323<br><br>**JURY TRIAL DEMANDED** |
| Second Amended Master Administrative Long-Form Complaint Against ~~NFL Defendants~~ Arizona Cardinals Football Club, LLC.<br><br>THIS DOCUMENT RELATES TO:<br><br>*SMITH et al., v. ARIZONA CARDINALS FOOTBALL CLUB, LLC.,* No. 16-01704-AB | |

## OPT OUT PLAINTIFF SHORT FORM COMPLAINT AGAINST ~~NFL DEFENDANTS~~ ARIZONA CARDINALS FOOTBALL CLUB, LLC

1.      Plaintiff, <u>John Thomas Smith</u>, and Plaintiff's Spouse <u>Monica Smith</u> bring this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL NO. 2323.

2.      Plaintiff(s) are filing this Short Form Complaint against ~~NFL Defendants~~ Arizona Cardinals Football Club, LLC, corporate successor of St. Louis Football Cardinals, Inc., as required by this Court's Case Management Order, filed, July 18, 2017 (Doc. 8030).

3.      Plaintiff and Plaintiff's Spouse opted-out of the Class Action Settlement approved by the Court on May 8, 2015.

4.      Plaintiff and Plaintiff's Spouse incorporate by reference the allegations (as designated below) of the ~~Second Amended Master Administrative Long-Form Complaint Against NFL Defendants~~ state court Petition filed in the Circuit Court of the City of St. Louis,

Missouri, Case No. 1422-CC00005-01, and attached hereto as Attachment A, as is fully set forth at length in this Short Form Complaint.

5.      [Fill in if applicable] Plaintiff is filing this case in a representative capacity as the _____ of _____, having been duly appointed as the _____ by the Court of _____. (Cross out sentence below if not applicable.) ~~Copies of the Letter of Administration/Letters of Testamentary for a wrongful death claim are annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~

6.      Plaintiff John Thomas Smith is a resident and citizen of Texas, and claims damages as set forth below.

7.      Plaintiff's Spouse, Monica Smith, is a resident and citizen of Texas, and claims damages as a result of loss of consortium proximately caused by the harm suffered by her Plaintiff husband.

8.      Upon information and belief, the Plaintiff sustained repetitive, traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices. Upon information and belief, Plaintiff suffers from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts that Plaintiff sustained during NFL games and/or practices. Upon information and belief, the Plaintiff's symptoms arise from injuries that are latent and have developed and continue to develop over time.

9.      The original complaint by Plaintiff(s) in this matter was filed in the Circuit Court of the City of St. Louis, Missouri. If the case is remanded, it should be remanded to the Circuit Court of the City of St. Louis, Missouri.

10.     Plaintiff(s) claim damages as a result of [check all that apply]:

    ☑    Injury to Herself/Himself

    ☐    Injury to the Person Represented

    ☐    Wrongful Death

    ☐    Survivorship Action

    ☑    Economic Loss

    ☑    Loss of Services

    ☑    Loss of Consortium

11.    [Fill in if applicable] As a result of the injuries to Plaintiff, Plaintiff's Spouse suffers from a loss of consortium, including the following injuries:

    ☑    Loss of marital services

    ☑    Loss of companionship, affection or society

    ☑    Loss of support

    ☑    Monetary losses in the form of unreimbursed costs expended for the health care and personal care of Plaintiff

12.    [Check if applicable] ☑ Plaintiff and Plaintiff's Spouse reserve the right to object to federal jurisdiction.

13.    Plaintiff and Plaintiff's Spouse bring this case against the following Defendants in this action [check all that apply]:

    ☐    National Football League

    ☐    NFL Properties, LLC

    ☑    Arizona Cardinals Football Club, LLC

14.    Plaintiff played in [check if applicable] ☑ the National Football League ("NFL") and/or in [check if applicable] ☐ the American Football League ("AFL") during the following

3

period of time 1978 - 1990 for the following teams: St. Louis/Arizona Cardinals, Kansas City Chiefs and Washington Redskins.

15. Plaintiff retired from playing professional football after the 1990 season.

## CAUSES OF ACTION

16. ~~Plaintiffs herein adopt by reference the following Counts of the Master Administrative Long-Form Complaint, along with the factual allegations incorporate by reference in those Counts [check all that apply]:~~

☐ Count I (Declaratory Relief (Against Defendant NFL))

☐ Count II (Negligence (Against Defendant NFL))

☐ Count III (Negligent Marketing (Against all Defendants))

☐ Count IV (Negligence (Against Defendant NFL P))

☐ Count V (Negligent Misrepresentation (Against Defendant NFL))

☐ Count VI Negligent Hiring (Against Defendant NFL))

☐ Count VII (Negligent Retention/Supervision (Against Defendant NFL))

☐ Count VIII (Fraud (Against all Defendants))

☐ Count IX (Civil Conspiracy (Against all Defendants))

☐ Count X (Fraudulent Concealment (Against all Defendants))

☐ Count XI (Wrongful Death (Against all Defendants))

☐ Count XII (Survival Action (Against all Defendants))

☐ Count XIII (Loss of Consortium (Against all Defendants))

☐ Count XIV (Punitive Damages under All Claims (Against all Defendants))

☐ Count XV (Declaratory Relief: Punitive Damages (Against all Defendants))

17. Plaintiffs assert the following ~~additional~~ causes of action [write in or attach]:

<u>Plaintiffs herein adopts by reference the factual allegations and Counts set forth in Plaintiff's Petition, filed in the Circuit Court of the City of St. Louis, Missouri, Case No. 1422-CC00005-01, and attached hereto as Attachment A.</u>

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Plaintiff's Spouse pray for judgment as follows:

A.   An award of compensatory damages, the amount of which will be determined at trial;

B.   An award of economic damages in the form of medical expenses, out of pocket expenses, lost earnings and other economic damages in an amount to be determined at trial;

C.   For loss of consortium as applicable;

D.   For punitive and exemplary damages as applicable;

E.   For all applicable statutory damages of the state whose laws will govern this action;

F.   For an award of attorneys' fees and costs;

G.   An award of prejudgment interest and costs of suit; and

H.   An award of such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: July 27, 2017                          Respectfully Submitted,

                                                        THE KLAMANN LAW FIRM, P.A.

_/s/ Paul D. Anderson_

John M. Klamann, MO       #29335
Andrew Schermerhorn, MO  #62101
Paul D. Anderson, MO       #65354
4435 Main Street, Ste. 150
Kansas City, MO 64111
Telephone: (816) 421-2626
Facsimile: (816) 421-8686
jklamann@klamannlaw.com
ajs@klamannlaw.com
panderson@klamannlaw.com


Kenneth B. McClain, MO       #32430
Lauren E. McClain, MO       #65016
Timothy J. Kingsbury, MO   #64958
HUMPHREY, FARRINGTON & McCLAIN, P.C.
221 West Lexington, Suite 400
Independence, MO 64051
Telephone: (816) 836-5050
Facsimile: (816) 836-8966
kbm@hfmlegal.com
lem@hfmlegal.com
tjk@hfmlegal.com


Wm. Dirk Vandever, MO       #24463
THE POPHAM LAW FIRM, P.C.
712 Broadway, Suite 100
Kansas City, MO 64105
Telephone: (816) 221-2288
Facsimile: (816) 221-3999
dvandever@pophamlaw.com
**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of July, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide electronic notice to all counsel of record.

/s/ *Paul D. Anderson*
Paul D. Anderson

ATTACHMENT A

Electronically Filed - City of St. Louis - December 10, 2015 - 02:58 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | | |
|---|---|---|
| JOHN THOMAS "J.T." SMITH and his wife MONICA SMITH | ) ) ) | |
| and | ) ) | Case No.    1422-CC00005-01 |
| EDWARD SCOTT and his wife JADE SCOTT | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| ARIZONA CARDINALS FOOTBALL CLUB, LLC corporate successor of ST. LOUIS FOOTBALL CARDINALS, INC. | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

### SECOND AMENDED PETITION[1]

COMES NOW Plaintiffs, and for their claims and causes of action against Defendant, upon information and belief, state:

### PLAINTIFFS

1.    Plaintiffs John Thomas "J.T." Smith and his wife Monica Smith are residents of Texas. Mr. Smith was employed as a professional football player with the St. Louis Football Cardinals between 1985 and 1987.

2.    During his employment with the St. Louis Football Cardinals, Mr. Smith justifiably relied upon the St. Louis Football Cardinals to provide a safe workplace in accordance with the common law duties owed by employers pursuant to Missouri law, including the duties

---

[1] In accordance with Rule 55.33(a), Plaintiffs make this amendment with the consent of Defendant.

ATTACHMENT A

Electronically Filed - City of St. Louis - December 10, 2015 - 02:58 PM

to maintain a safe working environment, not to expose employees to unreasonable risks of harm, and to warn employees about the existence of concealed dangers.

3.      Mr. Smith justifiably relied on the St. Louis Cardinals to warn about the existence of dangers which he could not reasonably be expected to be aware, including the increased risk of and potential development of neurodegeneration, including the progressive neurodegenerative disease known as Chronic Traumatic Encephalopathy ("CTE") (hereinafter referred to collectively as "neurodegenerative diseases"). Unlike Defendant, Mr. Smith had no familiarity with or reason to access any medical or scientific literature concerning the risks to which he was exposed at work since he relied on Defendant to inform him of and to protect him against such risks and to correct past misstatements and/or omissions that Defendant knew or should have known were made to Mr. Smith during the course of his employment.

4.      During his employment with Defendant, Mr. Smith was exposed to multiple concussive and sub-concussive blows to the head which subsequently caused or contributed to cause an increased risk of developing neurodegenerative diseases and which ultimately resulted in the development of neurodegeneration in Mr. Smith. At the time of his employment, Mr. Smith's exposures did not produce objective symptoms of neurodegenerative diseases. It was not until later that Mr. Smith discovered that his symptoms were a result of repetitive brain trauma he was exposed to during his employment with Defendant.

5.      Defendant's wrongful conduct, as alleged herein, directly caused or directly contributed to cause Mr. Smith to suffer an increased risk of developing neurodegenerative diseases and ultimately resulted in the development of neurodegenerative diseases.

Electronically Filed - City of St. Louis - December 10, 2015 - 02:58 PM

ATTACHMENT A

6.      Plaintiffs Edward Scott and his wife Jade Scott are residents of Louisiana. Mr. Scott was employed as a professional football player with the St. Louis Football Cardinals in 1987.

7.      During his employment with the St. Louis Football Cardinals, Mr. Scott justifiably relied upon the St. Louis Football Cardinals to provide a safe workplace in accordance with the common law duties owed by employers pursuant to Missouri law, including the duties to maintain a safe working environment, not to expose employees to unreasonable risks of harm, and to warn employees about the existence of concealed dangers.

8.      Mr. Scott justifiably relied on the St. Louis Cardinals to warn about the existence of dangers which he could not reasonably be expected to be aware, including the increased risk of and potential development of neurodegeneration, including the progressive neurodegenerative disease known as CTE. Unlike Defendant, Mr. Scott had no familiarity with or reason to access any medical or scientific literature concerning the risks to which he was exposed at work since he relied on Defendant to inform him of and to protect him against such risks and to correct past misstatements and/or omissions that Defendant knew or should have known were made to Mr. Scott during the course of his employment.

9.      During his employment with Defendant, Mr. Scott was exposed to multiple concussive and sub-concussive blows to the head which subsequently caused or contributed to cause an increased risk of developing neurodegenerative diseases and which ultimately resulted in the development of neurodegeneration in Mr. Scott. At the time of his employment, Mr. Scott's exposures did not produce objective symptoms of neurodegenerative diseases. It was not until later that Mr. Smith discovered that his symptoms were a result of repetitive brain trauma he was exposed to during his employment with Defendant.

3

ATTACHMENT A

10.    Defendant's wrongful conduct, as alleged herein, directly caused or directly contributed to cause Mr. Scott to suffer an increased risk of developing neurodegenerative diseases and ultimately resulted in the development of neurodegeneration.

### DEFENDANT

11.    Defendant Arizona Cardinals Football Club, LLC ("Arizona Cardinals"), previously known and operating in the state of Missouri as the St. Louis Football Cardinals, Inc. ("St. Louis Football Cardinals"), is a company organized under the laws of Delaware with its principal place of business at: P.O. Box 888, Phoenix, Arizona 85001. It has a registered agent in the state of Missouri which can be served at 100 North Broadway, Suite 2000, St. Louis, Missouri, 63102. From 1960 through 1987, the St. Louis Football Cardinals was a Missouri corporation that regularly transacted business in the State of Missouri, City of St. Louis. In 1988, the St. Louis Football Cardinals moved to Arizona and merged, after a series of name changes, into the Arizona Cardinals. In this transaction: (1) Defendant expressly or impliedly agreed to assume St. Louis Football Cardinals' liabilities and debts, (2) the transaction amounted to a merger of the corporations, and (3) Defendant Arizona Cardinals is merely a continuation of St. Louis Football Cardinals.

### JURISDICTION

12.    Jurisdiction is proper in this Court pursuant to RSMo § 506.500(1) in that the tortious acts alleged herein took place in Missouri. This Court has long-arm jurisdiction over Defendant Arizona Cardinals, by and through its predecessor, because it has significant contacts with the state of Missouri, including the commission of tortious acts, the transaction of business and the making of contracts with Plaintiffs.

Electronically Filed - City of St. Louis - December 10, 2015 - 02:58 PM

ATTACHMENT A

Electronically Filed - City of St. Louis - December 10, 2015 - 02:58 PM

13.     This is an action requesting relief solely under the common and statutory laws of the State of Missouri. *See Green v. Arizona Cardinals Football Club LLC*, 21 F. Supp. 3d 1020 (E.D. Mo. 2014). Plaintiffs' claims are premised upon the common law and do not arise from nor do they require the interpretation of a CBA. *See id.*

14.     Plaintiffs' claims do not arise out of an "accident," as that term is defined under Missouri's Workers' Compensation Law. Plaintiffs' occupational disease-related claims were not caused by a specific event during a single work shift injury; rather, the disease complained of is distinct from the concussive and sub-concussive injuries sustained by Plaintiffs during their employment with Defendant and occurred years after their exposure to repetitive brain trauma. The injury complained of is the increased risk of and the development of neurodegenerative diseases.

15.     Plaintiffs' claims are not subject to the exclusivity provisions of the Workers' Compensation Act in effect at the time this action was commenced.

## VENUE

16.     Venue is proper with this Court pursuant to RSMo § 508.010. Upon information and belief, Plaintiffs were first injured by the wrongful acts and negligent conduct alleged herein in St. Louis, Missouri.

## JOINDER OF CLAIMS

17.     Joinder of Plaintiffs' claims is permissible pursuant to Rule 52.05(a) in that the claims alleged herein arise out of the same series of occurrences and involve common questions of law and fact.

Electronically Filed - City of St. Louis - December 10, 2015 - 02:58 PM

ATTACHMENT A

## TOLLING

18.     Plaintiffs' membership in the putative class action previously filed in the Eastern District of Pennsylvania[2] tolled the running of any statute of limitations. In addition, Defendant's improper acts and omissions, as alleged herein, prevented the ascertainment of Plaintiffs' neurodegenerative diseases and related damages and Defendant is therefore equitably estopped from pleading the statute of limitations and/or the statute of repose as a defense.

## GENERAL ALLEGATIONS

19.     For decades, the Defendant has known or should have known that repetitive brain trauma can lead to permanent and debilitating neurological impairments and neurodegenerative diseases, including CTE.

20.     Neurodegenerative diseases are caused by repetitive brain trauma. The clinical manifestations of neurodegenerative diseases often do not occur until several years after the final exposure.

21.     As a result of its relationship with Plaintiffs, Defendant was obligated to inform itself of those matters of scientific knowledge that relate to the hazards of the business and to correspondingly relay that knowledge to Plaintiffs, including the risk of developing permanent and debilitating neurodegenerative diseases, such as CTE, and their associated symptoms and manifestations. Instead, Defendant, its management, medical and coaching staff, concealed or otherwise withheld this information from Plaintiffs.

22.     Indeed, as their employer, Defendant owed Plaintiffs a continuous duty to keep abreast of the scientific developments relating to brain trauma which its employees were regularly exposed, and to notify, inform and educate Plaintiffs of the potential risks and diseases

---

[2] *In re NFL Players' Concussion Injury Litigation,* No. 2:12-md-02323-AB; *See also, Charles Ray Easterling, et al v. NFL*, No. 11-cv-0509 (filed August 17, 2011).

Electronically Filed - City of St. Louis - December 10, 2015 - 02:58 PM

ATTACHMENT A

resulting from repetitive head trauma, including those manifestations relating to neurodegenerative diseases, including CTE.

23.    Defendant knew or should have known of the devastating nature and long-term effects of concussive and sub-concussive injuries long before Plaintiffs were exposed to repetitive brain trauma. Defendant had or should have had knowledge of studies that demonstrated a positive link between repetitive head trauma and neurological diseases in the 1920s, 1930s, 1940s, 1950s, 1960s, 1970s, 1980s, and 1990s. During those decades, Defendant's knowledge about the hazards and symptoms of repetitive head trauma continued to accumulate. However, during their employment, Defendant denied, concealed and/or failed to disclose to Plaintiffs the existence of and the risk of developing neurodegenerative diseases, including CTE, and their associated symptoms and manifestations, and thereafter failed to correct any material misinformation which it knew or should have known was given to Plaintiffs during their employment.

24.    As its employees, Plaintiffs relied upon Defendant to inform itself of those matters of scientific knowledge that relate to the hazards of its business and to relay that knowledge to Plaintiffs and not to remain silent as to the true state of affairs or to material facts relating to the hazards of its business which it knew or should have known were not understood by Plaintiffs. Plaintiffs also relied upon Defendant to correct any material misinformation which it knew or should have known was given to Plaintiffs during their employment.

25.    Defendant's failure to warn about the dangers of neurodegenerative diseases was a tacit assurance by Defendant that no unusual dangers existed. Plaintiffs rightfully relied upon Defendant's silence as an affirmation that they would not develop neurodegenerative diseases

Electronically Filed - City of St. Louis - December 10, 2015 - 02:58 PM

ATTACHMENT A

later in life and thus Plaintiffs had no reason to know that the symptoms they experienced were related to the repetitive brain trauma they sustained during their employment.

## COUNT I
## NEGLIGENCE

26.     Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 25 as if fully set forth herein.

27.     During the period of their employment, Defendant owed a non-delegable and non-negotiable duty, which arise from and can be adjudged in accordance with the common law of Missouri, to maintain a safe working environment, not to expose Plaintiffs to unreasonable and/or increased risks of harm, to warn Plaintiffs about the existence of dangers of which Plaintiffs could not reasonably be expected to be aware in light of their reasonable reliance upon Defendant, and a duty to exercise reasonable care so as not to unnecessarily expose Plaintiffs to conditions which it knew or should have known ultimately results in the development of neurodegenerative diseases.

28.     Defendant failed to use due care under the circumstances and failed to warn Plaintiffs about the existence of dangers of which they could not reasonably be expected to be aware in light of their reasonable reliance upon Defendant and, as a result, was negligent in the performance of its non-delegable and non-negotiable duties.

29.     Defendant, by its active and passive negligence, failed to exercise the standard of care and skill it was obligated to exercise by reason of its relationship with Plaintiffs thereby causing, creating or permitting an increased risk of exposure to repetitive brain trauma and an increased risk of developing neurodegenerative diseases and thus failed to properly safeguard and warn Plaintiffs.

Electronically Filed - City of St. Louis - December 10, 2015 - 02:58 PM

ATTACHMENT A

30.     Such negligence directly caused or directly contributed to cause Plaintiffs to develop neurodegenerative diseases.

31.     Since the true and developing nature of the Plaintiffs injuries were fraudulently concealed by Defendants, and since Plaintiffs justifiably relied on Defendants to disclose the true nature of their injuries, Plaintiffs' injuries were not capable of ascertainment until the evidence was such as to place a reasonably prudent person in Plaintiffs' position on notice of a potentially actionable injury.

32.     The conduct of Defendant as alleged herein was willful, wanton and/or in reckless disregard for the rights of Plaintiffs and punitive and exemplary damages should be assessed against Defendant.

WHEREFORE, Plaintiffs pray judgment against Defendant in excess of Fifteen Thousand Dollars ($15,000.00) for actual damages, punitive damages, for the costs of this action, and for such relief as the Court deems fair and reasonable.

## COUNT II
## NEGLIGENT MISREPRESENTATION (NONDISCLOSURE)

33.     To the extent they are not inconsistent with the allegations in this Count, Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 32 as if fully set forth herein.

34.     During the period of their employment, Defendant owed Plaintiffs a duty to warn about the existence of dangers which Plaintiffs could not reasonably be expected to be aware in light of their reasonable reliance upon Defendant and, during the period after their employment, Defendant owed Plaintiffs the duty to correct any material misinformation which it knew or should have known was given to Plaintiffs during their employment.

ATTACHMENT A

35.     During the relevant period, Defendant was in a position of superior knowledge with regard to the increased risk of neurodegenerative diseases and their onset and symptoms, which was not within the fair and reasonable reach of the Plaintiffs, nor would it have been discovered through the exercise of Plaintiffs' ordinary diligence since Plaintiffs justifiably relied on Defendant to provide material information regarding the risk of developing neurodegenerative diseases and to warn about their onset and symptoms and to correct any material misinformation which it knew or should have known was given to Plaintiffs during their employment.

36.     Defendant failed to disclose to Plaintiffs the increased risk of neurodegenerative diseases and their onset and symptoms and failed to exercise reasonable care and competence when communicating, or failing to communicate, information regarding the dangers of repetitive brain trauma.

37.     During the period from 1985 to the present, Defendant, including, in particular, William "Bill" Bidwill (the principal owner of Defendant), as well as the team physicians and medical staff, knowingly failed to disclose and/or misrepresented to Plaintiffs the risks of repetitive head trauma, including the risk of developing neurodegenerative diseases, intending that Plaintiffs would rely upon such misrepresentations and/or omissions

38.     The risk of developing permanent and debilitating neurodegenerative diseases, such as CTE, and their associated symptoms and manifestations are material facts which Plaintiffs could not reasonably be expected to be aware in light of their reasonable reliance upon Defendant.

39.     Plaintiffs' reliance upon Defendant to warn and otherwise provide accurate information regarding the dangers of concussion and sub-concussive injuries and to warn of the development of neurodegenerative diseases was justified since Defendant was Plaintiffs'

Electronically Filed - City of St. Louis - December 10, 2015 - 02:58 PM

ATTACHMENT A

Electronically Filed - City of St. Louis - December 10, 2015 - 02:58 PM

employer and therefore owed to Plaintiffs the duty to correct any material misinformation which it knew or should have known was given to Plaintiffs during their employment.

40.     Defendant's negligent misrepresentations directly caused or directly contributed to cause Plaintiffs to develop neurodegenerative diseases.

41.     Since the true and developing nature of the Plaintiffs' injuries were fraudulently concealed by Defendants, and since Plaintiffs justifiably relied on Defendant to disclose the true nature of their injuries, their injuries were not capable of ascertainment until the evidence was such to place a reasonably prudent person in Plaintiffs' position on notice of a potentially actionable injury.2011, when Plaintiffs were made aware of the risks of repetitive head trauma.

42.     The conduct of Defendant as alleged herein was willful, wanton and/or in reckless disregard for the rights of Plaintiff and punitive and exemplary damages should be assessed against the Defendant.

WHEREFORE, Plaintiffs pray judgment against Defendant in excess of Fifteen Thousand Dollars ($15,000.00) for actual damages, punitive damages, for the costs of this action, and for such relief as the Court deems fair and reasonable.

## COUNT III
## FRAUDULENT MISREPRESENTATION (NONDISCLOSURE)

43.     To the extent they are not inconsistent with the allegations in this Count, Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 42 as if fully set forth herein.

44.     At all relevant times hereto, Defendant was in a position of superior knowledge, which was not within the fair and reasonable reach of the Plaintiffs, nor would it have been discovered through the exercise of Plaintiffs' ordinary diligence since Plaintiffs justifiably relied

ATTACHMENT A

on Defendant to provide material information regarding the risk of developing neurodegenerative diseases and warning about its onset and symptoms.

45. Defendant knew that such information was material to Plaintiffs, and knew that Plaintiffs would rely upon it to inform itself of those matters of scientific knowledge that relate to the hazards of its business and to relay that knowledge to Plaintiffs and to correct any material misinformation which it knew or should have known was given to Plaintiffs during their employment.

46. During the period from 1985 to the present, Defendant, including, in particular, Mr. Bidwill, as well as the team physicians and medical staff, knowingly and fraudulently concealed from Plaintiffs the risks of repetitive head trauma, including the risk of developing neurocognitive diseases, intending that Plaintiffs would rely upon such concealment.

47. Defendant's concealment was effectuated by its refusal to inform Plaintiffs of the dangers known to be associated with repetitive head trauma and by refusing to correct misinformation which it knew or should have known was provided to Plaintiffs.

48. Plaintiffs justifiably relied upon the Defendant's concealment and/or nondisclosure of material information until the evidence was such to place a reasonably prudent person in Plaintiffs' position on notice of a potentially actionable injury.

49. Defendant's fraudulent concealment directly caused or directly contributed to cause Plaintiffs to develop neurodegenerative diseases.

50. The conduct of Defendant as alleged herein was willful, wanton and/or in reckless disregard for the rights of Plaintiff and punitive and exemplary damages should be assessed against Defendant.

Electronically Filed - City of St. Louis - December 10, 2015 - 02:58 PM

Electronically Filed - City of St. Louis - December 10, 2015 - 02:58 PM

# ATTACHMENT A

WHEREFORE, Plaintiffs pray judgment against Defendant in excess of Fifteen Thousand Dollars ($15,000.00) for actual damages, punitive damages, for the costs of this action, and for such relief as the Court deems fair and reasonable.

## COUNT IV
## LOSS OF CONSORTIUM

51.     To the extent they are not inconsistent with the allegations in this Count, Plaintiffs-Spouses incorporate by reference the allegations set forth in Paragraphs 1 through 46 as if fully set forth herein.

52.     As a result of Defendant's misconduct as alleged herein, Defendant is liable to the Plaintiffs-Spouses.

53.     As a direct and proximate result of the carelessness, negligence, and recklessness of Defendant and of the aforesaid injuries to their husbands, Plaintiffs-Spouses have been damaged as follows:

   a.   They have been and will continue to be deprived of the services, support, maintenance, guidance, companionship and comfort of their husbands;

   b.   They have been and will continue to be required to spend money for medical care and household care for the treatment of their husbands; and

   c.   They have been and will continue to be deprived of the earnings of their husbands.

54.     The conduct of the Defendant as alleged herein was willful, wanton and/or in reckless disregard for the rights of Plaintiffs-Spouses and punitive and exemplary damages should be assessed against Defendant.

ATTACHMENT A

Electronically Filed - City of St. Louis - December 10, 2015 - 02:58 PM

WHEREFORE, Plaintiffs-Spouses pray for judgment against Defendant in excess of Fifteen Thousand Dollars ($15,000.00) for actual damages, punitive damages, for the costs of this action, and for such relief as the Court deems fair and reasonable.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues in this matter.

THE KLAMANN LAW FIRM, P.A.
John M. Klamann, MO                    #29335
Andrew Schermerhorn, MO                #62101
Paul D. Anderson, MO                   #65354
The Klamann Law Firm
4435 Main St., Suite 150
Kansas City, MO 64111
Telephone: (816) 421-2626
Facsimile:  (816) 421-8686
jklamann@klamannlaw.com
ajs@klamannlaw.com
panderson@klamannlaw.com

HUMPHREY, FARRINGTON & McCLAIN, P.C.
Kenneth B. McClain,                    #32430
Lauren E. McClain                      #65016
Timothy J. Kingsbury                   #64958
221 West Lexington, Suite 400
Independence, MO 64051
Telephone: (816) 836-5050
Facsimile: (816) 836-8966
kbm@hfmlegal.com

THE POPHAM LAW FIRM, P.C.
Wm. Dirk Vandever, MO                  #24463
712 Broadway, Suite 100
Kansas City, MO 64105
Telephone: (816) 221-2288
Facsimile:  (816) 221-3999
dvandever@pophamlaw.com

THE JAMES M. DOWD LAW FIRM, P.C.
Patrick R. Dowd                        #64820

14

# ATTACHMENT A

Electronically Filed - City of St. Louis - December 10, 2015 - 02:58 PM

15 N. Gore Ave., Ste. 210
Telephone: (314) 961-4442
Facsimile: (314) 961-4452
Patrick@jimdowdlaw.com

**ATTORNEYS FOR PLAINTIFFS**