IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : : : | No.:2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>DEMETRIC EVANS AND<br>AUNGEL EVANS,    PLAINTIFFS,<br>Case No. 2:12-cv-01037-AB | : : : : | |

## NOTICE OF ATTORNEY'S LIEN

Pursuant to rules of procedure, and the executed Retainer Agreement dated December 8, 2016, Petitioners, Gene Locks, Esquire, Michael B. Leh, Esquire, and David D. Langfitt, Esquire, of LOCKS LAW FIRM, attorneys for the Plaintiffs in the above-entitled action, hereby notify this Court and all parties that they have a lien in this case for reasonable attorney's fees, plus expenses, as set forth in the accompanying Petition to Establish Attorney's Lien.

Respectfully submitted,

LOCKS LAW FIRM

Dated: July 27, 2017        By: _____
Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : : : | No.:2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>DEMETRIC EVANS AND<br>AUNGEL EVANS,       PLAINTIFFS,<br>Case No. 2:12-cv-01037-AB | : : : : | |

### PETITION TO ESTABLISH ATTORNEY'S LIEN

NOW, comes, Petitioners, Gene Locks, Esquire, Michael B. Leh, Esquire, and David D. Langfitt, Esquire, of LOCKS LAW FIRM, pursuant to rules of procedure, and the executed Retainer Agreement dated December 8, 2016, and states as follows:

(1) Petitioners are attorneys at law admitted to practice before any court in the State of Pennsylvania, and files this petition to establish their lien for attorney's fees as set forth hereinafter;

(2) On or about December 8, 2016, Petitioners were retained and employed by Plaintiffs, Demetric Evans and Aungel Evans, pursuant to a Retainer Agreement, to pursue a claim for injuries and damages on Plaintiffs' behalf in the NFL Concussion MDL against the NFL and any other responsible parties for any football-related injuries. A copy of the Retainer Agreement, dated December 8, 2016, is attached as Exhibit A.

(3) The Retainer Agreement contains the following terms:

a. "4. The parties acknowledge and agree that the CLIENT retain the Attorneys on a contingency fee basis, and that CLIENT shall pay Attorneys a fee for their services in any civil action authorized by the CLIENT in an amount equal to 20% (twenty percent) of the gross proceeds of recovery by the CLIENT, whether by settlement, judgment, or otherwise."

b. "5. In the event the Attorneys recover attorneys' fees for the CLIENT, or are awarded attorneys' fees, the attorneys' fees recovered shall be applied against the amounts to which the Attorneys would be entitled under this Agreement. If any attorneys' fee award exceeds the amount of the contingent fee under this Agreement, the Attorneys shall be entitled to the higher of the attorneys' fee award or the contingency fee."

c. "6. The CLIENT understands and agrees that the filing of an action or suit on his behalf will require the expenditure of funds for litigation expenses and costs, such as filing fees, discovery expenses, witness fees, and transcripts. The Attorneys and the CLIENT agree that the Attorneys will initially pay and thus advance all such litigation costs and expenses on the CLIENT's behalf, and that in the event of a recovery or award, the CLIENT will reimburse the Attorneys for such expenses and costs out of CLIENT's recovery or award."

d. "7. The CLIENT and Attorneys agree that the CLIENT's responsibility for the payment of attorneys' fees to the Attorneys is limited to the contingent fee provided in paragraph four (4) and that those sums shall be derived from the CLIENT's recovery of an award, whether by judgment or settlement."

(4) From the date Petitioners were authorized to proceed on behalf of Plaintiffs, Petitioners have actively and diligently applied themselves to the investigation, preparation, and pursuit of Plaintiff Demetric Evans' claims, and have taken all steps necessary to prosecute those claims, document Plaintiff's diagnoses, retrieve medical records, and continue to pursue the best interests of Plaintiffs in this matter.

(5) The specific services performed required expenses incurred by Petitioners.

(6) Plaintiffs have recently discharged Petitioners as his attorneys in this matter, and he is now being represented by a new attorney in this action.

(7) Petitioners were not terminated by Plaintiffs for cause, and the termination was not due to any malfeasance or other improper action on the part of Petitioners.

(8) Petitioners claim the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiffs in this action.

WHEREFORE, Petitioners pray:

(1) That their attorney's lien for fees and expenses be determined and established;

(2) That the Court order that Petitioners be entitled to enforce their attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

(3) For such other and further relief as this Court deems just.

Respectfully submitted,

**LOCKS LAW FIRM**

Dated: July 27, 2017       By: _____
Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No.:2:12-md-02323-AB <br><br> MDL No. 2323 |
| DEMETRIC EVANS AND AUNGEL EVANS, PLAINTIFFS, Case No. 2:12-cv-01037-AB | |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Notice of Attorney's Lien and accompanying Petition to Establish Attorney's Lien was filed via the Electronic Case Filing System in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the litigation.

Respectfully submitted,

LOCKS LAW FIRM

Dated: July 27, 2017

By: _____
Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

# EXHIBIT A

# LOCKS LAW FIRM
# NFL CONCUSSION CASE
# RETENTION AGREEMENT

Client Name: Demetric Evans

Spouse Name: Aungel Evans

Years Played: 10

Actual Games on Active Team Roster for Each Year: 2001-2011 → 176 games

Positions Played: defensive end, defensive tackle

Address: 2257 Wakefield Lane

City: Allen   State: TX   Zip Code: 75013

Home Telephone: n/a   Office Telephone: n/a

Cell Phone: 214-502-5757   Email: demetricevans@gmail.com

Date of Birth: 9/3/1979   Social Security: ███

    The CLIENT, _____Demetric Evans_____ (hereinafter the "CLIENT"), and THE LOCKS LAW FIRM (601 Walnut Street, Suite 720 East, Philadelphia, PA 19106) (hereinafter "Attorneys"), in consideration of the mutual promises contained herein, for the purposes of providing legal services to the CLIENT, agree as follows:

    1.    The CLIENT hereby retains and employs the Attorneys to represent him in connection with any and all claims the CLIENT may have arising out of HIS participation as a player in games, practices, or training sponsored or approved by the National Football League ("NFL") as those claims relate to head

-1-

injuries, concussions, and/or brain trauma of any kind, and the CLIENT retains the attorneys specifically in connection with the pending case captioned *IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*, No. 2:12-md-02323-AB-MDL No. 2323, Civ. Action No. 14-00029-AB and all administrative and/or settlement procedures and actions that arise from that case.

2. The parties acknowledge and agree that the CLIENT retains the Attorneys on a contingency fee basis for the claims and/or civil actions filed on the CLIENT'S behalf, and that CLIENT shall pay Attorneys a fee for their services in an amount equal **to 20% (twenty percent)** of the gross proceeds of recovery by the CLIENT, if any, whether by settlement, verdict, award, judgment, or otherwise.

3. The CLIENT and Attorneys agree that the CLIENT'S responsibility for the payment of attorneys' fees to the Attorneys is limited to the contingent fee provided in paragraph two (2) above and that those sums shall be derived from the CLIENT'S recovery, whether by judgment, verdict, award, settlement, or otherwise. Under no circumstances shall the attorneys charge the CLIENT attorney's fees greater than 20% (twenty percent).

4. In the event the Attorneys recover attorneys' fees in connection with the CLIENT'S individual claim, the attorneys' fees recovered shall be applied against the amounts to which the Attorneys would be entitled under paragraphs two (2) and three (3) of this Agreement. If any attorneys' fee award exceeds the amount of the contingent fee under paragraphs two (2) and three (3) of this Agreement, the Attorneys shall be entitled to the higher of the attorneys' fee award or the contingency fee.

5. The CLIENT understands and agrees that recovering for his individual claim and/or in connection with the pending Settlement has and will require the expenditure of funds for case-related and administrative-related expenses and costs, such as the costs of medical examinations, travel expenses, settlement administrative costs and fees, filing fees, discovery expenses, witness fees, and transcripts. The

Attorneys and the CLIENT agree that the Attorneys will initially pay and thus advance all such expenses and costs on the CLIENT'S behalf, and that in the event of a recovery or award, the CLIENT will reimburse the Attorneys for such expenses and costs out of CLIENT'S recovery or award.

6. The CLIENT will have no obligation to reimburse the Attorneys for expenses and costs if the Attorneys fail to recovery an award, verdict, settlement, or judgment on behalf of the CLIENT.

7. In the context of any administrative procedures connected with the current Settlement Agreement, the CLIENT authorizes the ATTORNEYS to execute and sign any and all administrative and procedural documents, including disbursement checks, related to (a) the registration of the CLIENT for the Settlement and (b) any Claim the CLIENT asserts and files under the Settlement.

8. The CLIENT shall keep the Attorneys informed at all times of all current address(es), telephone numbers, and e-mail address(es).

9. The CLIENT understands that there have been no representations or promises made as to the outcome of any individual claim or civil action or any phase of any individual claim or civil action.

10. The CLIENT agrees not to discuss and/or negotiate with any defendant or potential defendant, without first consulting the Attorneys, any settlement and/or accept any settlement regarding the subject matter of any individual claim or civil action that the Attorneys may file on his behalf.

11. The CLIENT agrees not to discuss and/or negotiate with any defendant and/or potential defendant, without first consulting the Attorneys, any individual settlement claim (in the context of any pending Settlement Agreement) the Attorneys may file and/or administratively prosecute on his behalf.

12. It is understood and agreed that the firm representing the undersigned client shall have legal responsibilities to the undersigned client and shall be available to the undersigned CLIENT for consultation concerning the case and all administrative actions in connection with the Settlement Agreement.

13. This agreement may be signed in counterparts, and each counterpart is valid. Together, the signed counterparts of each party shall constitute a fully executed agreement.

ACCEPTED AND AGREED:

CLIENT: _____Demetric Evans_____     Dated: 12/4/16

CLIENT: _____     Dated:_____

ATTORNEYS:

By: _____ Dated: 12/8/16
David D. Langfitt
LOCKS LAW FIRM