UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>*Maxwell et al.* v. *National Football League et al.*, 2:12-cv-01023-AB | Hon. Anita B. Brody |

**RESPONSE OF THE NATIONAL FOOTBALL LEAGUE
AND NFL PROPERTIES LLC IN OPPOSITION TO
PLAINTIFF GREGORY BINGHAM'S MOTION TO GRANT
PLAINTIFF'S REQUEST FOR EXCLUSION FROM SETTLEMENT CLASS**

The National Football League ("NFL") and NFL Properties LLC (the "NFL Parties") submit this response in opposition to the Motion for Exclusion from Settlement Class by Gregory Bingham and Request For Leave to File Short Form Complaint (12-md-2323, Doc. No. 8019 ("Bingham Mot.")). Plaintiff's Motion is untimely, unreasonably delayed and prejudicial, coming nearly three years after the opt-out deadline, over two years after the date of Final Approval, six months after the Effective Date of the Class Action Settlement, and five months after his counsel represented another Retired NFL Football Player on a substantially similar motion seeking to excuse such delay (12-md-02323 Docs. No. 7121 (Feb. 8, 2017), 7240 (Mar. 3, 2017)). Moreover, Plaintiff seeks Court relief more two years after the Claims Administrator, BrownGreer PLC, informed Plaintiff's counsel in writing that Plaintiff's prior opt-out

request was deficient under the terms of the Settlement Agreement.  For these reasons, Plaintiff's Motion should be denied.

## ARGUMENT

On October 11, 2014, Plaintiff Gregory Bingham signed an Opt Out form that failed to provide his phone number, as required under Section 14.2(a) of the Class Action Settlement Agreement—a requirement that was repeated in the Settlement Class Notice. He mailed that form to the Claims Administrator.  On November 3, 2014, the Claims Administrator filed an Opt Out Report that notified Plaintiff that his submission was invalid because it failed to provide all of the necessary information under the Settlement Agreement.   (Opt Out Report ¶ 17(c), 12-md-02323, Doc. No. 6340; *id.* Ex. 1, 12-md-02323, Doc. No. 6340-1 (*see* Row 24).)  The Claims Administrator provided additional notice of the submission's deficiency in seven subsequent Opt Out Reports filed before Final Approval, and thereafter in the May 4, 2015 Posting of List of Opt Outs Pursuant to the Final Order and Judgment ("Final Approval Opt Out List"), which listed Bingham in Table 2 among the Opt Out Requests That Were Untimely and/or Did Not Contain All Information Required by Section 14.2(c)).  (*See* Doc. 6533-2.)

Now, *more than two years later*—after the Class Action Settlement became effective and the NFL Parties understood that they had certainty as to the universe of Opt Outs—Counsel for Plaintiff petitions the Court to be excluded from the Settlement Class. Such unreasonable delay should not be excused.

Plaintiff's unreasonable delay in seeking exclusion from the Settlement Class after receiving notice that an initial effort did not comply with the requirements approved by this Court does not meet the standard of excusable neglect.  *See Pioneer Inv. Servs.*

*Co*. v. *Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (setting forth four factors to be considered in connection with an assertion of "excusable neglect" as justification for a missed judicial deadline: (1) "the danger of prejudice" to the party opposing the extension; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control" of the party seeking the extension; and (4) whether the party seeking the extension "acted in good faith").

The Settlement Agreement and Court-approved Settlement Class Notice set forth the clear requirements to Opt Out of this Settlement Class. Plaintiff did not comply with those requirements by the deadline. A settling defendant is entitled to the certainty that these requirements and deadlines provide, and is prejudiced where Settlement Class Members are allowed to opt out long after the defendant understood the potential exposure that remained after settlement. *See, e.g.*, *In re Am. Exp. Fin. Advisors Secs. Litig.*, 672 F.3d 113, 130 (2d Cir. 2011) (holding "there is, moreover, little doubt that [defendant] would suffer prejudice if [plaintiff] were permitted to opt out of the Class Settlement three years late, as it would be exposed to liability that it had every reason to think had been foreclosed by the entry of the Settlement Agreement in federal court"). To the contrary, to the extent Plaintiff registers for the Settlement program by August 7, 2017, he will not be similarly prejudiced because he will be entitled to the Settlement benefits provided in the Class Action Settlement, which this Court and the Third Circuit found fair, reasonable and adequate.

Moreover, Plaintiff's Counsel failed to raise the issue with the Court in a timely fashion—waiting multiple years, and five months after raising the issue for another client,

and without presenting any valid reason for the delay.  Instead, Plaintiff's motion suggests that he availed himself of the additional time to consider his options and *"[a]fter further evaluation . . .* wishes to be excluded from the Settlement Class in this matter." (Pl.'s Mot. at ¶ 2 (emphasis added.)  That is not reasonable delay.  *See, e.g.*, *In re Imprelis Herbicide Mktg., Sales Practices and Prods. Liab. Litig.*, Nos. 11-md-02884, 2:11-cv-7599, 2014 WL 348593, at *2, 5 (E.D. Pa. Jan. 31, 2014) (finding inexcusable delay where counsel received the filed opt-out list, from which its client was missing, yet took more than three additional months to take action).  Under these circumstances, this Court has significant discretion to deny Plaintiff's untimely motion.  *Id*. at *3 ("Where [the district court's] equitable powers are exercised in the form of case management decisions in a complex class action, district court discretion is at its greatest." (quoting *In re Ins. Brokerage Antitrust Litig*., 374 F. App'x 263, 266 (3d Cir. 2010))).

  For these reasons, Plaintiff's Motion should be denied.  To the extent that this Court approves Plaintiff's Motion, however, the NFL Parties respectfully request that, in the interest of finality and certainty, this Court promptly cease entertaining further exclusion requests by Settlement Class Members who have had multiple years to cure their known deficiencies.

  Dated:  July 28, 2017           Respectfully submitted,

                  /s/ Brad S. Karp
                  Brad S. Karp
                  Bruce Birenboim
                  Lynn B. Bayard
                  PAUL, WEISS, RIFKIND,
                  WHARTON & GARRISON LLP
                  1285 Avenue of the Americas
                  New York, NY 10019-6064

Main: 212.373.3000
Fax: 212.757.3990
bkarp@paulweiss.com
bbirenboim@paulweiss.com
lbayard@paulweiss.com

*Attorneys for the National Football League and NFL Properties LLC*

5