### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | MDL No. 2323 |
| This relates to: | **PETITION TO ESTABLISH ATTORNEY'S LIEN** |
| Plaintiffs' Master Administrative Long Form Complaint and (if applicable) | |
| **This document relates to:** | |
| **MAURICE HURST,** Plaintiff, USDC, EDPA Docket No. 2:12-cv-01423 | |

**NOW COMES** Petitioner, James R. Dugan, II, for The Dugan Law Firm, APLC, pursuant to executed Attorney-Client Contract, and states as follows:

1) The Petitioner is an attorney at law, and files this Petition to establish his lien for attorney's fees as set forth hereinafter.

2) On or about February 16, 2012, Petitioner was retained and employed by the Plaintiff, Maurice Hurst, pursuant to a contingent fee agreement, to pursue a claim for injuries and damages related thereto, possibly caused by the National Football League's and all other responsible parties' liability for former and/or retired NFL players' long-term brain injuries and other head injuries and damages associated with football-related concussions, head and brain injuries.

3) The specifics of the contingent fee agreement are as follows:  If The Dugan Law Firm, APLC obtains a settlement or judgment for Client, Client will pay to The Dugan Law Firm thirty percent (30%) of the gross recovery.  Gross recovery is the total recovery prior to the repayment of expenses.

4)   When Petitioner entered into a contract with Plaintiff, he entered into the risk and expense of the litigation before any settlement discussion had been held. Pursuant to this agreement, the Petitioner filed a Complaint on July 16, 2012 in this matter on behalf of Plaintiff, which is the subject of the instant action.

5)   From the date the Petitioner was authorized to proceed on behalf of the Plaintiff, the Petitioner has actively and diligently applied himself to the investigation, preparation, and pursuit of Plaintiff's claims, and has taken all steps necessary to prosecute those claims, including, but not limited to, the preparation and filing of two Complaints; correspondence and communications with client; review of Questionnaire and medical records, preparation of Medical Symptom Form; preparing for and conducting teleconferences; and drafting and providing client updates.

6)   Throughout this litigation, Petitioner has served and continues to serve on the Plaintiff's Steering Committee, as co-lead of the Discovery Committee, a member of the Communications Committee and the Sub-Committee on Attorney-Client Matters, all of which has inured to the Plaintiff's benefit with The Dugan Law Firm's representation.

7)   The Plaintiff has recently discharged the Petitioner as his attorney in this matter.

8)   The Petitioner was not terminated by the Plaintiff for cause, and the termination was not due to any malfeasance or other improper action on the part of the Petitioner.

9)   The Petitioner claims the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiff in this action.

**WHEREFORE**, the Petitioner prays;

1)   That his attorney's lien be determined;

2) That the amount of the lien be established;

3) That the Court order that the Petitioner be entitled to enforce his attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

4) That the Defendant or the Defendant's insurer be prohibited from paying to the Plaintiff any sums of money until said lien has been satisfied;

5) For such other and further relief as this Court deems just.

**DATED:** July 31, 2017

Respectfully Submitted:

 */s/ James R. Dugan, II*
**James R. Dugan, II (LSBA No. 24785)**
**The Dugan Law Firm, APLC**
One Canal Place
365 Canal Street, Suite 1000
New Orleans, LA  70130
Telephone:  (504) 648-0180
Facsimile:  (504) 648-0181
E-mail:  *jdugan@dugan-lawfirm.com*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused the foregoing *Petition to Establish Attorney's Lien* to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the litigation.

                                                                  /s/ James R. Dugan, II
                                                                **James R. Dugan, II**