UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION <br><br> All Former Legal Counsel of the Players Listed at Exhibit "A", on behalf of themselves and/or their law firms, <br><br> Petitioners, <br><br> v. <br><br> All Former NFL Players Listed at Exhibit "A", <br><br> Respondents. | No. 2-12-md-02323-AB <br><br> MDL No. 2323 <br><br> Hon. Anita B. Brody |

## RESPONDENTS' AMENDED OBJECTIONS TO PRIOR ATTORNEY LIENS AND INCORPORATED MEMORANDUM OF LAW

By and through their undersigned counsel of record, Respondents, all of the former NFL players listed at Exhibit "A", file these amended objections to the liens for attorney's fees asserted by discharged prior individual counsel against the claims of the former NFL players listed at Exhibit "A". The prior objections filed with the Court on August 4, 2017 [Doc. No. 8216] are withdrawn. Said former NFL players state the following amended objections:

1.   Neurocognitive Football Lawyers, PLLC is a Florida professional limited liability company consisting of four Florida law firms who pooled their resources to represent the former NFL players at Exhibit "A" both to prepare, and to submit their administrative claims pursuant to this Court's approved settlement. See Court's Docket No. 7325.

1

2. On March 23, 2017, a formal Notice of Appearance was filed on behalf of these former NFL players. Id.

3. Neurocognitive Football Lawyers, PLLC currently represents all of the listed former NFL players and has either submitted administrative claims packages on their behalves, or has been preparing to submit such packages.

4. During the course of this litigation, various prior attorneys and/or law firms have filed charging liens against some of the claims.

5. The vast majority of the liens were asserted by former individual counsel who filed boilerplate lien notices either with no detail, or with scant detail reflecting any beneficial service that may have been performed for each listed NFL player before the effective date of the settlement.

6. Neurocognitive Football Lawyers, PLLC hereby formally objects to all charging liens asserted by said prior counsel both as to the entitlement, and as to the amount.

7. Neurocognitive Football Lawyers, PLLC acknowledges that the Court referred these matters to the Honorable David R. Strawbridge for recommended findings by Order of April 27, 2017. See Court's Docket No. 7446.

8. Although nearly all of the individual prior counsels' potential liens have not yet ripened based on awards to the individual claimants at Exhibit "A", Neurocognitive Football Lawyers, PLLC appreciates the judicial resources which the Magistrate Judge may need to expend on the task and provides these objections well in advance to assist the Court.

9. To further assist, Neurocognitive Football Lawyers, PLLC attaches grids of the known potential liens asserted by discharged prior individual counsel. See Grids of Asserted Liens at Exhibit "B".

10. If other discharged prior individual counsel have asserted liens which are not listed in the attached grids, then Neurocognitive Football Lawyers, PLLC welcomes the assistance of the Court, the Claim Administrator, said prior counsel, and anyone else who may have input.

11. By filing charging liens with the Court, Neurocognitive Football Lawyers, PLLC presumes that said individual prior counsel have submitted themselves to the personal jurisdiction of this Court for all purposes related to those liens.

12. In response to the liens asserted by the discharged prior individual counsel, Neurocognitive Football Lawyers, PLLC presents the following objections:

  a. in many cases, the discharged prior individual counsel did not submit the official form for a charging lien to the Claim Administrator;

  b. in many cases, the discharged prior individual counsel did not file fee agreements with the Court which were signed by the listed former NFL players;

  c. in some cases, the discharged prior individual counsel asserted an impermissible contingency fee before the contingency has occurred, i.e. former counsel were discharged before the effective date of the settlement and long before any of the listed former NFL players will have been qualified for compensation by the claims administrator;

  d. in many cases, the discharged prior individual counsel provided either no legal services of material benefit, or minimal legal services of material benefit to each respective former NFL player in this case; and

  e. in many cases, the discharged prior individual counsel seek a *quantum meruit* lien without providing a report of expended beneficial time in accepted temporal increments, e.g. tenths of a billable hour with a description of each service performed;

13. In support of the foregoing five objections, Neurocognitive Football Lawyers, PLLC submits the following:

## MEMORANDUM OF LAW

### INTRODUCTION

Based on the five objections stated above, the discharged prior individual counsel have failed to prove an entitlement to attorney's fees, or failed to prove a reasonable amount of attorney's fees based on beneficial services, or both. In the Third Circuit, it is well-settled that trial courts have a vested interest in deciding such fee liens both to prevent attorneys from charging unreasonable fees, and to ensure that attorneys are justly compensated. Schlesinger v. Teitelbaum, 475 F.2d 137, 141 (3d Cir. 1973); In Re: Orthopedic Bone Screw Products Liability Litigation, 176 F.R.D. 158, 184 (E.D.Pa. 1997). Where a client discharges a law firm before the fulfillment of the contingency stated in a contingency fee agreement, the prior law firm must assert a properly-supported quantum meruit lien. Novinger v. E.I. Dupont de Nemours & Co. Inc., 809 F.2d 212, 218 (3d Cir. 1987). Where the discharged prior individual counsel's services did not confer any material benefit to a former NFL player in the pursuit of his claim, the prior counsel should not receive compensation from the settlement. Recht v. Urban Redevelopment Authority, 402 Pa. 599, 608, 168 A.2d 134, 139 (1961).[1] In ruling on a lien for attorney's fees, the gravamen of the issue is the material benefit to the client. If the prior counsel cannot show that any legal services provided a material benefit to the former NFL player, then there is no entitlement. If the prior counsel's services provided minimal benefit to the former NFL player,

---

[1] The undersigned do not know of any prior counsel who specifically raised a choice-of-law argument in their lien submissions. Based on the waiver of that argument, the substantive law of the forum, i.e. Pennsylvania law, should apply here for the sake of uniformity. Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 822-23 (1985) (in a class action, "the law of the forum should be applied unless compelling reasons exist for applying a different law").

4

then the amount must be reasonable based on a clear description of how the services benefitted the player in proper temporal increments. Until prior discharged counsel prove both the entitlement and the amount, they should not be unjustly enriched.

### FIRST OBJECTION: WAIVER

To the extent that the NFL Claim Administrator requires discharged prior individual counsel to provide formal notice of a charging lien on an official form, then the filing of the official form should be considered a condition precedent to asserting a valid lien. All discharged prior individual counsel who did not submit the official form waived any lien.

### SECOND OBJECTION: LACK OF A SIGNED FEE AGREEMENT

While it is questionable whether prior counsel can assert a charging lien without a fee agreement under Pennsylvania law, prior counsel should at least produce a fee agreement for the Court to weigh in deciding the issue of entitlement. Feingold v. Pucello, 439 Pa. Super. 509, 511-12, 654 A.2d 1093, 1094, appeal denied, 544 Pa. 646, 664 A.2d 975 (1995). Some of the discharged prior individual counsel did not file signed fee agreements with this Court. When weighing the equities of whether to deny a charging lien, the evidence of a signed fee agreement is paramount where the signing client alleges a traumatic brain injury. Prior counsel must show this Court both that an attorney-client relationship was formed, and that there was a meeting of the minds on the provision of any prior legal services.

### THIRD OBJECTION: THE BAN ON UNMATURED CONTINGENCY FEES

All contingency fee liens asserted by the discharged prior individual counsel must be denied as a matter of law. Under Pennsylvania law, a discharged attorney cannot assert a lien for an unmatured contingency fee, because the earning of such a fee is impossible when the attorney is discharged before the occurrence of the contingency. Hiscott & Robinson v. King, 426 Pa.

Super. 338, 343-44, 626 A.2d 1235, 1236 (1993), appeal denied, 537 Pa. 641, 644 A.2d 163 (1994). "Where the contingency has not occurred, the fee has not been earned." Mager v. Bultena, 2002 Pa. Super. 85, 797 A.2d 948, 958 (2002). Following Hiscott & Robinson and Mager, none of the prior counsel discharged by the listed former NFL players may claim a percentage of the player's award. Moreover, to the extent that the prior counsel's own fee agreement limits any charging lien to a contingency fee which never matured, prior counsel cannot show entitlement to a lien as a matter of law.

### FOURTH OBJECTION: THE FAILURE TO CONFER MATERIAL BENEFIT

While prior counsel may assert a quantum meruit lien after being discharged, most of the discharged counsel failed to prove that their legal services conferred substantial benefits to their clients, the former NFL players. According to the Supreme Court of Pennsylvania, the discharged counsel must prove that "the services . . . operated substantially or primarily to secure the fund out of which he seeks to be paid." Recht, 402 Pa. 599, 608, 168 A.2d 134, 139 (1961). At equity, a claim of quantum meruit is a species of unjust enrichment, requiring the attorney to prove that the former client had "realized" the benefits of the services. Powers v. Lycoming Engines, 328 Fed.Appx. 121, 126 (3d Cir. 2009); Bunnion v. Conrail, 108 F.Supp. 2d 403, 427 (E.D.Pa.), aff'd sub nom., 168 F.3d 671 (3d Cir. 1999) (setting forth the three legal elements of unjust enrichment at common law). In this case, many of the prior discharged counsel failed to prove that they conferred any material benefit to the former NFL players as individual claimants. In the instance of many players' claims, the discharged counsel did not even register the player with the Claim Administrator. Where the former NFL player did not receive any benefit from the discharged counsel's services, the discharged counsel cannot be unjustly enriched with a fee.

Barring entitlement to a quantum meruit lien, no services provided by the discharged prior individual counsel led to the realization of a formal NFL player's administrative award. Quantum meruit means "'as much as deserved' and measures compensation under an implied contract to pay compensation as reasonable value of services rendered." Agino & Rovner v. Jeffrey R. Lessin & Associates, 2016 PA. Super. LEXIS 2, **12, 131 A.3d 502, 508 (2016). For example, sending emails and form letters to the former NFL players with updates on the progress of the concussion class action before the claims process opened constitutes an immaterial legal service. Where the former NFL player could simply google the case web site or secondary news sources for updates on the progress of the case, legal services which merely updated the clients provided no "reasonable value." Such services did not operate "substantially" to secure a recovery for the player from the settlement fund.

While prior discharged counsel may assert valid liens for the advancement of costs in obtaining the medical records of former NFL players, such legal services largely provided little or no benefit to the players from the standpoint of asserting a valid fee lien. For the discharged counsel to prove a benefit to the players in gathering their medical records, the discharged counsel should produce proof that the records were either forwarded to the players, or to their new counsel. Without proof that the records were forwarded, the discharged counsel cannot show how the records would have been useful either in analyzing the merits of the administrative claim, or in the later submission of that claim. In some cases, prior counsel ignored the request of new counsel for copies of the players' case files. The players cannot realize the benefits of gathered records, if neither the players, nor their new counsel knew what was gathered.

**FIFTH OBJECTION: NO TIME REPORTS TO SHOW A REASONABLE FEE**

Without billable hour reports, the discharged prior individual counsel collapse under their burden to prove a reasonable fee. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The Third Circuit stated:

> The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable. To meet its burden, the fee petitioner must submit evidence supporting the hours worked and rates claimed.

Rode, 892 F.2d at 1183. Most of the discharged prior individual counsel did not file reports of their billable hours with this Court. The Third Circuit's use of the term, "evidence," suggests that the billable hour reports must be sworn. To be compensable, the billable hours must be "reasonably expended." Hensley v. Eckerhart, 461 U.S. 424, 434 (U.S. 1983). To decide whether the hours are reasonable, a reviewing court will scrutinize the services listed on the billable hour reports and "exclude those that are excessive, redundant, or otherwise unnecessary." Loughner v. University of Pittsburg, 260 F.3d 173, 178 (3d Cir. 2001). Following Rode and Loughner, discharged prior individual counsel cannot file a bare notice of lien without a detailed report of the billable hours and demand to receive attorney's fees from the former NFL player's award.

## CONCLUSION

For the foregoing five reasons, the former NFL players in the attached Exhibit "A" object both to the entitlement, and to the amount of any quantum meruit lien asserted by their discharged prior individual counsel.

**WHEREFORE,** said former NFL players request that their objections be SUSTAINED.

/s/ Ted E. Karatinos
THEODORE "TED" E. KARATINOS, ESQ.
HOLLIDAY KARATINOS LAW FIRM, PLLC
NEUROCOGNITIVE FOOTBALL LAWYERS, PLLC
722 East Fletcher Avenue
Tampa, FL 33612

(813) 975-4444 (telephone)
(813) 975-4445 (telefax)
tedkaratinos@helpinginjuredpeople.com
ko@gibbsandparnell.com
Florida Bar No. 983209

and

HEATHER N. BARNES, ESQ.
C. STEVEN YERRID, ESQ
THE YERRID LAW FIRM
NEUROCOGNITIVE FOOTBALL LAWYERS, PLLC
101 E. Kennedy Boulevard, Suite 3910
Tampa, FL 33602
(813) 222-8222 (telephone)
(813) 222-8224 (telefax)
hbarnes@yerridlaw.com
cjameson@yerridlaw.com
Florida Bar No. 207594
Florida Bar No. 85522

THOMAS E. PARNELL, ESQ.
GIBBS AND PARNELL, P.A.
NEUROCOGNITIVE FOOTBALL LAWYERS, PLLC
722 E. Fletcher Avenue
Tampa, FL 33612
(813) 975-4444 (telephone)
(813) 975-4445 (telefax)
tomparnell5@aol.com
Florida Bar No. 441988

and

JEFFREY D. MURPHY, ESQ.
JEFFREY D. MURPHY, P.A.
NEUROCOGNITIVE FOOTBALL LAWYERS, PLLC
800 W. De Leon Street
Tampa, FL 33606-2722
(813) 443-5553 (telephone)
(813) 436-5190 (telefax)
Florida Bar No. 860808

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of August, 2017, I served the foregoing Amended Objections via the Court's CM/ECF system, and that the filing is available for downloading and viewing from the electronic court filing system by counsel for all parties.

*/s/ Ted E. Karatinos*
HOLLIDAY KARATINOS LAW FIRM, PLLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNYSLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL FOOTBALL LEAGUE; et. al.,<br><br>Defendants.<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:12-md-02323-AB<br><br>MDL No. 2323 |

### NOTICE OF APPEARANCE OF COUNSEL FOR FORMER NFL PLAYERS

Pursuant to MDL Rule 2.1(c) and MDL No. 2323 Case Management Order No. 1 paragraph 14, the undersigned Plaintiffs' counsel gives notice that The Yerrid Law Firm, Gibbs and Parnell, P.A., Holliday Karatinos Law Firm, PLLC, Jeff Murphy, P.A., and The Neurocognitive Football Lawyers, PLLC represent the following former NFL players:

1. Gary Anderson
2. Neal Anderson
3. Reidel Anthony
4. Aaron Barrett
5. Doug Beaudoin
6. Gerard Bell
7. Charles Bennett
8. Gregory Boone
9. Michael Butler
10. Patrick Chukwurah
11. Michael Clark
12. Kenneth Clarke
13. Cosey Coleman
14. Mark Cotney
15. Craig Curry
16. Jamie Duncan


EXHIBIT "A"

17. Donald Elder
18. Jeff George
19. Earnest Graham
20. Kenneth Greene
21. David Greenwood
22. James Harrell
23. Frank Hartley
24. Jeff Herrod
25. Ezra Johnson
26. Ellis Johnson
27. Reginald Johnson
28. James Jones
29. Derek Kennard
30. Shaun King
31. Sean Love
32. George McCullough
33. Tyrone McKenzie
34. Michael Meade
35. Ernie Mills
36. Keith Newman
37. Jason Odom
38. Joseph Odom
39. Anthony Office
40. Charles Pitcock, Jr.
41. Thomas Reaves
42. Derrick Reynolds
43. Charles Riggins
44. Mark Robinson
45. Donald Smith
46. Dwight Smith
47. Oscar Smith
48. Bruce Taylor
49. Yancey Thigpen
50. Torrin Tucker
51. Tavares Washington
52. Carnell Williams
53. John Williams
54. Clarence Williams
55. Gerald Wunsch
56. Stefon Adams
57. Chidi Ahanotu
58. Mike Alstott
59. Harvey Armstrong
60. Carlton Bailey-Jones
61. Rodney Bailey
62. Rod Barksdale

63. Brian Blades
64. Horatio Blades
65. Anthony Blaylock
66. Scot Brantley
67. Larry Brinson
68. Daryon Brutley
69. Jeff Bryant
70. Gil Byrd
71. Alphonso Carreker
72. Wendell Carter
73. Melvin Carver
74. Richard Chapura
75. Anthony Chickillo
76. Ben Coates
77. Arthur Cox
78. Joe Cribbs
79. Randolph Crowder
80. Demarcus Curry
81. James Michael Curtis
82. Chartric Darby
83. Phil Darns
84. Rod Davis
85. Enoch Demar
86. Jorge Diaz
87. Chris Dieterich
88. Kevin Dogins
89. Keldrick Dunn
90. Henry Ellard
91. Major Everett
92. Gregory Favors
93. Gerry Feehery
94. Phillip Freeman
95. David Galloway
96. Charlie Garner
97. Samuel Gash
98. William Gay
99. Ronnie Ghent
100. John Gilmore
101. Nesby Glasgow
102. Chris Goode
103. Cornell Green
104. Eric Green
105. Anthony Griggs
106. Clark Haggans
107. Keith Hamilton
108. Roland Harper

109. Willard Harrell
110. Robert Harris
111. Roy Harris
112. Eric Hayes
113. Earl Holmes
114. Brian Holloway
115. Oliver Hoyte
116. Patrick Hunter
117. Demetrious Johnson
118. Darrel Earl Jones
119. Mark Jones
120. Andrew Jordan
121. Ester James Junior, III
122. Kerry Justin
123. Terry LeCount
124. Mark Lee
125. Dennis Lundy
126. Kendall Mack
127. Glenn Martinez
128. Reese McCall
129. Central McClellion
130. Dwight McDonald
131. Kevin McLeod
132. Wilbert Montgomery
133. Maurice Morris
134. Frank Murphy
135. Yo Murphy
136. Ricky Nattiel
137. Mark Nichols
138. Don Nottingham
139. Kalvin Pearson
140. Mike Pelton
141. Michael Perry
142. William Perry
143. Reggie Phillips
144. Ricky Porter
145. Mickey Pruitt
146. Mike Reichenbach
147. Damien Robinson
148. Mark Royals
149. Leon Seals
150. Ray Seals
151. Stacey Simmons
152. Clifton Smith
153. Fernando Smith
154. Lance Smith

| | |
|---|---|
| 155. | Wayne Smith |
| 156. | David Taylor |
| 157. | Rob Taylor |
| 158. | Terry Taylor |
| 159. | Ben Thomas |
| 160. | Calvin Thomas |
| 161. | Pat Thomas |
| 162. | Michael Timpson |
| 163. | Vernon Turner |
| 164. | Jackie Walker |
| 165. | Aaron Wallace |
| 166. | Lionell Washington |
| 167. | Larry Watkins |
| 168. | Curtis Weathers |
| 169. | Larry Whigham |
| 170. | Adrian White |
| 171. | Steve White |
| 172. | Bernard Whittington |
| 173. | Daniel Wilcox |
| 174. | James Wilder |
| 175. | Terrance Williams |
| 176. | Tony Williams |
| 177. | Ken Woodard |
| 178. | Donnell Woolford |
| 179. | Mark Word |
| 180. | Eric Wright |
| 181. | Felix Wright |
| 182. | Glenn Young |
| 183. | Kenny Bryan |
| 184. | Robert Goff |

Their undersigned legal counsel requests that all court filings and communications regarding their claims be served upon this law firm at the addresses and telephone numbers listed below.

/s/ Ted E. Karatinos
THEODORE "TED" E. KARATINOS
HOLLIDAY KARATINOS LAW FIRM, PLLC
NEUROCOGNITIVE FOOTBALL LAWYERS, PLLC
722 East Fletcher Avenue
Tampa, Florida 33612
(813) 975-4444 (telephone)
(813) 975-4445 (telefax)
tedkaratinos@helpinginjuredpeople.com
ko@gibbsandparnell.com
Florida Bar No. 983209

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2017, the foregoing Notice of Appearance was electronically filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, and that the filing is available for downloading and viewing from the electronic court filing system by counsel for all parties.

*/s/ Ted E. Karatinos*
THEODORE "TED" E. KARATINOS

| CLIENT | PRIOR ATTORNEY |
|---|---|
| Butler, Michael | Zimmerman Reed |
| Chukwurah, Patrick | Giddens Law Firm |
| Clark, Michael | Zimmerman Reed |
| Clarke, Kenneth | Pope McGlamry |
| Coleman, Cosey | Pope McGlamry |
| Dunn, Keldrick | Pope McGlamry |
| Greene, Kenneth | Zimmerman Reed |
| Greenwood, David | Locks Law Firm |
| Hartley, Frank | Locks Law Firm |
| Herrod, Jeff | Podhurst Orseck |
| Kennard, Derek | Goldberg, Persky & White |
| Love, Sean | Pope McGlamry |
| Mills, Ernie | Zimmerman Reed |
| Odom, Joseph | Podhurst Orseck |
| Reynolds, Derrick | Goldberg, Persky & White |
| Tucker, Torrin | Podhurst Orseck |

EXHIBIT "B"

| CLIENT | PRIOR ATTORNEY |
|---|---|
| Adams, Stefon | Goldberg Persky White |
| Ahanotu, Chidi | Goldberg Persky White |
| Bailey, Carlton | Goldberg Persky White |
| Blades, Brian | Goldberg Persky White |
| Blades, Horatio | Goldberg Persky White |
| Blaylock, Anthony | Pope McGlamry |
| Bryant, Jeffrey | Pope McGlamry |
| Carreker, Alphonso | Pope McGlamry |
| Carter, Wendell Patrick | Goldberg Persky White |
| Darby, Chartric | Podhurst Orseck |
| Davis, Rod | Locks Law Firm |
| Deberg, Steve | Locks Law Firm |
| Diaz, Jorge | Locks Law Firm |
| Ghent, Ronnie | Locks Law Firm |
| Griggs, Anthony | Podhurst Orseck |
| Hamilton, Keith | Locks Law Firm |
| Harper, Roland | Locks Law Firm |
| Harris, Robert | Podhurst Orseck |
| Holloway, Brian | Giggens |
| Hunter, Patrick | Goldberg Persky White |
| Jones, Darrel Earl | Locks Law Firm |
| Jordan, Andrew | Locks Law Firm |
| McCall, Reese | Locks Law Firm |
| McLeod, Kevin | Goldberg Persky White |
| Nattiel, Ricky | Locks Law Firm |
| Reichenbach, Mike | Locks Law Firm |
| Robinson, Damien | Pope McGlamry |
| Simmons, Stacey | Locks Law Firm |
| Smith, Fernando | Pope McGlamry |
| Walker, Jackie | Locks Law Firm |
| Woolford, Donnell | Zimmerman Reed |
| Wright, Eric | Locks Law Firm |
| Wright, Felix | Locks Law Firm |
| Young, Glen | Locks Law Firm |