# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, Successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## MOTION TO CONDUCT LIMITED DISCOVERY

PLEASE TAKE NOTICE that third-party, Legacy Pro Sports, LLC, by and through its undersigned counsel, hereby moves the Court, for an order permitting it to serve limited reciprocal discovery on Co-Lead Counsel, and requiring Co-Lead Counsel to respond within 14 days of the Court's Order. In support of this Motion, Legacy Pro Sports, LLC, submits the attached Memorandum of Law.

Dated: August 8, 2017

*By: Jeff M. Ostrow*
JEFF M. OSTROW
DAVID L. FERGUSON
**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
*ostrow@kolawyers.com*
*ferguson@kolawyers.com*
*Attorneys for Pro Sports Legacy, LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a true and complete copy of the Motion to Conduct Limited Discovery and Memorandum of Law to be served via CM/ECF on all counsel of record.

This 8th day of August 2017.

*By: Jeff M. Ostrow*
JEFF M. OSTROW

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB <br> MDL No. 2323 <br> **Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> National Football League and NFL Properties LLC, Successor-in-interest to NFL Properties, Inc., <br><br> Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## MEMORANDUM OF LAW IN SUPPORT OF LEGACY PRO SPORTS, LLC MOTION TO CONDUCT LIMITED DISCOVERY

### I.     Background

1.     On July 19, 2017, this Court, at Co-Lead Class Counsel's request, authorized Co-Lead Class Counsel to conduct discovery on an expedited basis, including interrogatories, document requests, and depositions to address "allegedly deceptive or misleading solicitations received by Settlement Class Members." The Court also scheduled a hearing on September 19, 2017, to address Co-Lead Class Counsel's concerns. [DE #8037].

2.      As a result, on July 26, 2017, Co-Lead Class Counsel propounded Requests for Production of Documents and Interrogatories on Legacy Pro Sports, LLC and Brandon Siler (collectively "Legacy"), with an expedited response date of August 9, 2017. Co-Lead Class Counsel also requested deposition dates for those at Legacy with knowledge of the facts pertinent herein.

3.      Legacy is fully cooperating with Co-Lead Class Counsel, and shall respond within the time proscribed by the Court. Further, Legacy has already offered and confirmed August 21 and 22 for the depositions of Legacy's principles – dates requested by Co-Lead Class Counsel.

**II.     Legacy Should be Entitled to Conduct Limited Reciprocal Discovery**

4.      In order to avoid a trial by ambush, streamline the issues to be brought before the Court at the September 19 hearing, and take affirmative steps to defend the business practices being questioned by Co-Lead Class Counsel, Legacy likewise requested that Co-Lead Class Counsel agree to respond to similar requests for production and interrogatories. *See* Legacy's proposed Requests for Production and Interrogatories attached hereto as Exhibit A.

5.      Co-Lead Class Counsel refused Legacy's request to conduct discovery, stating that, "We are in the post-judgment phase of this litigation. Judge Brody's July 19 Order authorized only Co-Lead Class Counsel to conduct discovery. It did not authorize reciprocal discovery." *See* August 5-7 written communications between Legacy and Co-Lead Class Counsel attached as Exhibit B.

6.      Co-Lead Class Counsel's refusal to participate in basic reciprocal discovery has forced Legacy to seek an order allowing it to serve the discovery responses attached as Exhibit A, and asking that Co-Lead Counsel respond to the requests within 14 days of an order, which is the same amount of time Legacy had to comply with the initial order allowing for discovery.

7.     Legacy's request to conduct discovery should be granted for several reasons. First, preventing Legacy from thoroughly vetting Co-Lead Class Counsel's allegations will unfairly force Legacy to attend the September 19 hearing at a huge disadvantage. Legacy will be required to defend itself against broad allegations of "deceptive or misleading solicitations" without the benefit of basic discovery regarding the allegations—a fundamental right in any proceeding.

8.     Also, although the Court's July 19, 2017, Order does not address whether Legacy may conduct reciprocal discovery, it is clear that the Court expected Legacy to defend itself against Co-Lead Class Counsel's allegations when it stated that "Requests to be heard, along with a short statement of the information to be presented must be emailed on or before September 12, 2017." *See* [DE #8037]. Here, Legacy can only "present" relevant information and be properly "heard" if it is given the opportunity to conduct discovery. It would not be fair for one side to have the benefit of presenting evidence it obtained through discovery, without affording the other the same right. Allowing only one side to conduct discovery would be an unreasonable interpretation of the Order.

9.     Finally, the fact that this case is proceeding "post-judgment"[1], as Co-Lead Class Counsel has stated, is of no consequence to Legacy's right to properly defend itself before this Court. Co-Lead Class Counsel's position would make sense if this were discovery in aide of exexution upon a judgment. However, Legacy is a non-party that has not participated in this litigation, and has not had the opportunity to conduct "pre-judgment" discovery.

---

[1] Unilateral "post-judgment" discovery is typically reserved for situations where a party propounds discovery in aide of execution of a judgment. Here, unlike in a situation where a party is propounding discovery related to the execution of a judgment, no judgment has been entered against Legacy, and Legacy has not had the opportunity to defend itself (including the opportunity to conduct discovery) through a civil proceeding. As such, Legacy should be given the opportunity to conduct discovery.

10.     As such, this Court should enter an order allowing Legacy to serve the discovery requests, and requiring Co-Lead Counsel to respond within 14 days of the Court's order so requiring. *See Thompson v. Glenmeade Trust*, 1995 WL 752422, at *2 n.4 (E.D.Pa. 1995) ("district courts are empowered with broad discretion to manage discovery").

### III.   Conclusion

For the foregoing reasons, Legacy Pro Sports, LLC, respectfully requests that the Court enter the Proposed Order attached hereto.

Dated: August 8, 2017

Respectfully submitted,

By: <u>Jeff M. Ostrow</u>
JEFF M. OSTROW
DAVID L. FERGUSON
**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
*ostrow@kolawyers.com*
*ferguson@kolawyers.com*
*Attorneys for Pro Sports Legacy, LLC*