UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br>_____<br><br>Kevin Turner and Shawn Wooden,<br>on behalf of themselves and<br>others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and<br>NFL Properties LLC,<br>Successor-in-interest to<br>NFL Properties, Inc.,<br><br>Defendants.<br>_____<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody**<br><br>Civ. Action No. 14-00029-AB |

**LEGACY PRO SPORTS FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Legacy Pro Sports ("Legacy"), by and through their attorneys of record, hereby requests that Co-Lead Class Counsel, Seeger Weiss LLP and Anapol Weiss ("Co-Lead Counsel") respond to the following written interrogatories under oath within thirty (30) days after service to the law offices of Kopelowitz Ostrow Ferguson Weiselberg Gilbert, One West Las Olas, Suite 500, Ft. Lauderdale FL 33301.

**DEFINITIONS**

As used herein the following terms have the following meanings:

1. "Legacy" means Legacy Pro Sports, LLC, and includes Brandon Siler, Ryan Sherry, and their present and former directors, officers, employees, contractors, agents, consultants, and affiliates and their attorneys, or other persons acting for or on behalf of any of them.

2. "You" means Co-Lead Counsel, the Seeger Weiss LLP law firm and the Anapol Weiss law firm, and their present and former directors, officers, employees, contractors, agents, consultants, and affiliates and their attorneys, or other persons acting for or on behalf of any of them.

3. The "Settlement" means the Class Action Settlement (As Amended), dated February 13, 2015 [ECF No. 6481-1], and finally approved by the Honorable Anita Brody of the United States District Court for the Eastern District of Pennsylvania on April 22, 2015 [ECF No. 6509], available at https://www.nflconcussionsettlement.com/Documents.aspx.

4. "Medical Services" means any consultation, evaluation, examination, treatment, or diagnosis with or from a medical professional.

5. "Identify," when used with respect to a person, means to state the full name, current address, or if not available, las known address, telephone number and email address, if known, and affiliation with any organization, corporation, firm or other entity. "Identify," when used with respect to a document, means to state the author(s), date, recipient(s), type, subject matter and any other identifying information with respect to the document.

6. "Retired NFL Player" means all living retired NFL football players, as that term is specifically defined in section 2.1(ffff) of the Settlement.

**INSTRUCTIONS**

1. These interrogatories shall be deemed to be continuing, and to require you to supplement your response based upon any documents or other information of which you become aware after you serve your initial response to these interrogatories.

2. You are to answer each interrogatory by providing all responsive information. If you object to any interrogatory, specify the part to which you object, state your objections, state all factual and legal justifications that you believe support your objections, and respond to the remainder to which you do not object.

3. If you cannot respond fully and completely to any interrogatory or part thereof, then answer to the fullest extent possible and state the reason for your inability to provide a full and complete answer.

4. To the extent that any information called for by any interrogatory is unknown to you, so state and set forth such information as is known to you. If any estimate can reasonably be made in place of unknown information, set forth your best estimate, clearly designated as such, and describe the basis upon which the estimate is made.

5. Each interrogatory shall be construed to include information and documents within your knowledge, possession or control as of the date you answer to these interrogatories, and any supplemental information, knowledge, data, documents or communications responsive to these interrogatories that is generated, obtained or discovered after the date of your answers.

6. If you contend that any documents required to be identified herein are protected by attorney-client privilege, the attorney work product doctrine or any other privilege, provide a list of each document and, as to each, state (a) the type of document (*e.g.*, letter, memo, e-mail), (b)

name and title or position of the author(s), (c) name and title or position of the recipient(s), including all cc: and bcc: recipient(s), (d) the date of the document, (e) the title or subject matter, (f) the privilege or privileges claimed, and (g) the interrogatory to which the document relates.

7. You are required to promptly supplement your responses to these interrogatories throughout the duration of this action pursuant to Federal Rule of Civil Procedure 26(e).

8. All definitions and instruction set forth herein are expressly incorporated by reference into the following interrogatories as if fully set forth therein.

9. When information is requested regarding overdraft fees, please provide separate answers for overdraft fees and sustained overdraft fees.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Set forth in detail all wrongful or improper acts or omissions that You contend Legacy has committed or is committing in the course of its business pertaining to the Settlement. With regard to each such act or omission, identify any documents pertaining to such conduct and all witnesses that you are aware of that have knowledge of such conduct.

**RESPONSE:**

**INTERROGATORY NO. 2:**

Identify with specificity all laws, rules, ordinances, codes, contractual provisions, court Orders, or any contractual, legal, or ethical obligations that you contend Legacy is violating in the course of its business practices pertaining to the Settlement, and with regard to each violation set forth how Legacy is in violation of each law(s), rule(s), ordinance(s), code(s), contractual provision(s), court Order(s), or any contractual, legal, or ethical obligation.

**RESPONSE:**

**INTERROGATORY NO. 3:**

Specify exactly how you contend Legacy has mislead or is misleading its clients and prospective clients.

**RESPONSE:**

**INTERROGATORY NO. 4:**

Identify every Retired NFL Player for whom You, or anyone working on Your behalf, or working in conjunction with You in any way, have been involved in the payment, directly or through others, for a Retired NFL Player's expenses (whether on a non-recourse or recourse basis) in connection with obtaining any Medical services to assist the Retired NFL Player in any way participating in the Settlement.

**RESPONSE:**

Dated August 8, 2017

> *By: Jeff M. Ostrow*
> JEFF M. OSTROW
> DAVID L. FERGUSON
> **KOPELOWITZ OSTROW**
> **FERGUSON WEISELBERG GILBERT**
> One West Las Olas Blvd., Suite 500
> Fort Lauderdale, FL 33301
> Telephone: (954) 525-4100
> Facsimile: (954) 525-4300
> *ostrow@kolawyers.com*
> *ferguson@kolawyers.com*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION <br> _____ <br><br> Kevin Turner and Shawn Wooden, <br> on behalf of themselves and <br> others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> National Football League and <br> NFL Properties LLC, <br> Successor-in-interest to <br> NFL Properties, Inc., <br><br> Defendants. <br> _____ <br><br> THIS DOCUMENT RELATES TO: <br> ALL ACTIONS | No. 2:12-md-02323-AB <br><br> MDL No. 2323 <br><br> **Hon. Anita B. Brody** <br><br> Civ. Action No. 14-00029-AB |

### **LEGACY PRO SPORTS FIRST REQUEST FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Legacy Pro Sports ("Legacy"), by and through their attorneys of record, hereby requests that Co-Lead Class Counsel, Seeger Weiss LLP and Anapol Weiss ("Co-Lead Counsel") produce the original of the documents described below for inspection and copying within third (30) days after service to the law offices of Kopelowitz Ostrow Ferguson Weiselberg Gilbert, One West Las Olas, Suite 500, Ft. Lauderdale FL 33301.

### **DEFINITIONS**

As used herein the following terms have the following meanings:

7. "Legacy" means Legacy Pro Sports, LLC, and includes Brandon Siler, Ryan Sherry, and their present and former directors, officers, employees, contractors, agents, consultants, and affiliates and their attorneys, or other persons acting for or on behalf of any of them.

8. "You" means Co-Lead Counsel, the Seeger Weiss LLP law firm and the Anapol Weiss law firm, and their present and former directors, officers, employees, contractors, agents, consultants, and affiliates and their attorneys, or other persons acting for or on behalf of any of them.

9. "Communication" means any oral, written, or electronic utterance, notation, or statement of any nature whatsoever, draft or final, potential or actual, by and to whomever made or attempted to be made, including, but not limited to, correspondence, memoranda, conversations, dialogues, discussions, meetings, interviews, consultations, agreements, electronic messages (including electronic-mail, text messages, instant messages, and company intranet, electronic bulletin board or Internet site posting) and other understandings between two or more persons.

10. The "Settlement" means the Class Action Settlement (As Amended), dated February 13, 2015 [ECF No. 6481-1], and finally approved by the Honorable Anita Brody of the United States District Court for the Eastern District of Pennsylvania on April 22, 2015 [ECF No. 6509], available at https://www.nflconcussionsettlement.com/Documents.aspx.

## INSTRUCTIONS

1. These document requests shall be deemed to be continuing, and to require you to supplement your response based upon any documents or other information of which you become aware after you serve your initial response to these requests.

2.  These document requests call for the production of all responsive documents in your possession, custody or control without regard to the physical location of such documents. If any part of a document is responsive to any request, the whole document should be produced.

3.  In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your agents, representatives, or by your attorneys or their agents, employees, representatives or investigators.

4.  Any alteration of a requested document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a final document is a separate and distinct document and it should be produced. Every time a request calls for production of any responsive documents, that request should be read to encompass all drafts of the responsive documents, whether or not the request specifically asks for drafts.

5.  If you are unable respond fully to any document request, respond to the extent possible and specify the reasons for your inability to respond in full.

6.  If you object to any of the definitions or instructions, state your objection(s) in your response and indicate whether you are complying with the direction or instruction in spite of your objection. If your objection goes to only part of a request, produce all documents which do not fall within the scope of your objection.

7.  The documents produced in response to each Request should be segregated and clearly marked or labeled as to the specific request to which such documents are responsive and are being produced. Otherwise, such documents shall be produced as they are kept in the usual

course of business, including a production of the files from which such documents are taken, along with all other documents residing in those files.

8. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural Person in whose possession it was found and the business address of each document's custodian(s).

9. Documents attached to each other, whether physically or electronically, should not be separated and should be produced together.

10. Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to or explain the documents which are called for by this discovery request, or if such documents are attached to documents called for by this discovery request and constitute routing slips, transmittal memoranda, letters, comments, evaluations or similar materials.

11. If any document is withheld, in whole or in part, for any reason, including but not limited to, any claim of privilege or other protection, whether work-product or attorney-client, confidentiality or trade secret, set forth separately with respect to each such document: (a) the nature of the privilege or ground of confidentiality claimed; (b) the type of document; (c) the authors of the document; (d) the addressees of the document; (e) all persons who received copies of the document or to whom the document's contents have otherwise been disclosed; (f) the date of the document, the date it bears, the date it was sent, and the date it was received; (g) the location of the document, and (h) the general subject matter of the document.

12. Without in any way limiting the definition of "document" herein, you are specifically instructed to search all document management systems, computer archives, backup tapes or disks, PDAs, smart phones, personal computers, and/or electronic mail, instant messaging,

or text messaging accounts for documents responsive to the following requests, and production of such documents should be made regardless of whether such documents exist in tangible or "hard" copy form. Production is also sought regardless of whether the user purported to "delete" the document, if such document is capable of being retrieved from archives and/or backup tapes or disks.

13. If the requested documents are stored electronically or in a computer, please identify the location of each document, the computer program by which the document was created, the computer software program, if any, that compresses the document, and the configuration of the computer on which the document is found. As used herein, the term "configuration," when used in reference to any computer, includes, but is not limited to, the following information: (1) computer type, brand, model and serial number; (2) brand and version of all software, including operating system, private and custom developed applications, commercial applications, shareware and/or work-in-progress; and (3) communications capability, including asynchronous and/or synchronous, and including, but not limited to, terminal to mainframe emulation, data download and/or upload capability to mainframe, and computer to computer connections via network, modem, and/or direct connect.

14. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware. In construing the inquiry and request herein: (i) the singular shall include the plural and the plural shall include the singular; (ii) a masculine, feminine, or neuter pronoun shall not exclude the other genders; (iii) the terms "any" and "all" shall be understood to mean "any and all"; and

(iv) the words "and" and "or" shall be read in the conjunctive or disjunctive or both, as the case may be, all to the end that the interpretation applied results in the more expansive production.

15. Where a document request refers to a specific time period, the request shall encompass all documents concerning events and circumstances during that time period, even if such documents were dated, prepared, generated, received, or reviewed prior to or after that period.

## REQUESTS FOR PRODUCTION

1. All Communications and Documents sent by or received by You, or anyone acting on your behalf, and any of the following pertaining to Legacy, the subject of which is the Settlement:

   a. Any Retired NFL Football Player

   b. Any attorney or other representative of a law firm

   c. Any reporter or other representative of a media company

   d. Any third party claims administration company, including, but not limited to, NFL Case Consulting, LLC, X1 Law, P.A., Joe Pisarcik and Slater Slater Schulman, LLP, and Levy, Baldante, Finney & Rubenstein, P.C.

   e. The Claims Administrator or any representative of the Claims Administrator

   f. Any member of the Executive Committee

2. All Communications and Documents exchanged between any Claimant's attorney or representative of the Claimant's attorney and any member of the Executive Committee or Lead Counsel or their representatives pertaining to Legacy.

3. Any and all Communications made by anyone complaining about Legacy.

4.       Any and all Discovery Responses and documents from NFL Case Consulting, LLC, X1Law, P.A., Joe Pisarcik and Slater Slater Shulman, LLP, and Levy, Baldante, Finnet & Rubenstein, P.C., related to the Settlement.

5.       Any and all recordings of Legacy related to the Settlement.

Dated August 8, 2017

*By: Jeff M. Ostrow*
JEFF M. OSTROW
DAVID L. FERGUSON
**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
*ostrow@kolawyers.com*
*ferguson@kolawyers.com*