UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>　　　　Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**CO-LEAD CLASS COUNSEL'S MEMORANDUM OF LAW
IN OPPOSITION TO LEGACY PRO SPORTS, LLC'S
MOTION TO CONDUCT LIMITED DISCOVERY**

　　Co-Lead Class Counsel ("Class Counsel") respectfully submit this memorandum in opposition to Legacy Pro Sports, LLC's Motion to Conduct Limited Discovery [ECF No. 8234] ("Motion"). Legacy Pro Sports, LLC and its principal, Brandon Siler (collectively "Legacy"), remarkably maintain that the Court's July 19, 2017 Order (ECF No. 8037) contemplated reciprocal discovery. *See* ECF No. 8234 at ¶ 8. Notwithstanding that there is no basis for their contention in the plain text of the Order, they circuitously reason that "the Court expected Legacy to defend itself against Co-Lead Class Counsel's allegations" when it provided for the September 12

deadline for submissions of requests to be heard at the September 19 hearing, and Legacy purportedly cannot defend itself without discovery from Class Counsel; thus, Legacy contends the Court anticipated reciprocal discovery. *Id.* Legacy's logic is seriously flawed.

This Court's Order is clear; it directs Class Counsel alone to conduct discovery, including, interrogatories, document requests and depositions. The Court also set forth a list of the possible areas of inquiry for Class Counsel to delve into, including but not limited to communications, contracts, retainers and referral agreements, involving Class Members and those who may have engaged in conduct that was deceptive or misleading.

What Legacy wants is to ascertain which of its communications, contracts, retainers and referral agreements Class Counsel already possesses, which may be used as exhibits at the upcoming depositions.[1] Its contention that it needs discovery "[i]in order to avoid a trial by ambush" is unavailing. Requiring Class Counsel to reveal to third parties what documents and information they possess would defeat the spontaneity of any deposition. Class Counsel are not required to "show their hand" before the depositions and are entitled to truthful and spontaneous answers.[2] Tellingly, Legacy cites not a sliver of precedent in which a court granted a request by a *third party* subject to a *post-judgment* discovery to take reciprocal discovery of the plaintiff.

---

[1] Legacy also wants to discover the documents that Class Counsel has received in response to discovery propounded upon others, namely, NFL Case Consulting, LLC, X1Law, P.A., Joe Pisarcik and Slater Slater Shulman, LLP, and Levy, Baldante, Finney & Rubenstein, P.C. *See* ECF No. 8234-1, at 13 (Document Request No. 4). Any suggestion that Legacy needs documents produced by others subject to similar discovery taken by Class Counsel in order to defend itself is dubious on its face.

[2] "[C]ounsel is not typically required to provide advance notice of documents they intend to show a witness during a deposition." *In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2011 WL 13074295, at *2 (D. Kan. Dec. 22, 2011) (recognizing validity of counsel's concerns that "that those who are represented by counsel and are told in advance exactly what documents they will be questioned about tend to provide rehearsed testimony"); *see also Hall v. Clifton Precision*, 150 F.R.D. 525, 529 n.8, 532 (E.D. Pa. 1993) (although Fed. R. Evid. 613(a) entitles witness' counsel

Furthermore, there is nothing "limited" about the discovery that Legacy seeks. Its proposed discovery requests boil down to a seven-word blunderbuss demand: "Give us everything you have on us." Besides, Legacy already has knowledge and possession of its own communications, contracts, retainers and referral agreements relating to Class Members, so it should not need discovery from Class Counsel to prepare witnesses for depositions or to defend its own conduct at the September 19, 2017 hearing. Legacy's cries of prejudice simply ring hollow.

Moreover, the Court directed that the discovery be conducted on an expedited basis so as to allow it to be concluded in advance of the September 19, 2017 hearing. In light of the number of persons and entities upon which Class Counsel have served discovery requests, should Legacy be entitled to reciprocal discovery and other third parties follow suit with similar demands, the burden that would be placed upon Class Counsel would be onerous and would seriously hinder Class Counsel's efforts to handle the task at hand – collecting information so that the Court can

---

to be furnished a copy of any document shown the witness at his deposition, "the requirement that counsel be shown the document exists only to assure counsel that the document actually exists, not to allow counsel to prepare the witness to testify about it"; "[t]he witness and the witness's counsel d[id] not have the right to discuss documents privately before the witness answers questions about them"); *cf. Nat'l Life Ins. Co. v. Hartford Acc. & Indem. Co.*, 615 F.2d 595, 600 n.5 (3d Cir. 1980) ("there are strong reasons why a party will select to proceed by oral deposition rather than alternat[ive] means, most significantly the spontaneity of the responses"); *Machi v. Metro. Life Ins. Co.*, No. 02:07cv1754, 2008 WL 2412947, at *2 (W.D. Pa. June 10, 2008) ("The court chose to protect the impeachment value of the surveillance films by ordering that defendant be allowed to depose the plaintiff about the plaintiff's injuries, their effects, and the plaintiff's present disabilities before disclosure of the surveillance information.") (citing *Snead v. Am. Export Isbrandtsen Lines, Inc.*, 59 F.R.D. 148, 151 (E.D. Pa. 1973) ("The only time there will be substantial need to know about surveillance pictures will be in those instances where there would be a major discrepancy between the testimony the plaintiff will give and that which the films would seem to portray. By the same token this would be the only instance where there is a substantial need to withhold that information from plaintiff's counsel. If the discrepancy would be the result of the plaintiff's untruthfulness, the substantial need for his counsel to know of the variance can hardly justify making the information available to him.")).

determine "the legality of any agreements entered into by Settlement Class Members as a result of these solicitations[.]"  ECF No. 8037.

For these reasons, the Court should deny Legacy's Motion.

Dated:  August 9, 2017                                    Respectfully submitted,

/s/ Christopher A. Seeger
Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

*Co-Lead Class Counsel*

Sol Weiss
ANAPOL WEISS
One Logan Square
130 N. 18th St. Ste. 1600
Philadelphia, PA 19103
Phone: (215) 735-1130
Fax: (215) 735-2024
sweiss@anapolweiss.com

*Co-Lead Class Counsel*

4

**CERTIFICATE OF SERVICE**

It is hereby certified that a true copy of the foregoing was served electronically via the Court's electronic filing system on the date below upon all counsel of record in this matter. Counsel for Legacy has entered his appearance.

Dated: August 9, 2017

/s/ Christopher A. Seeger
Christopher A. Seeger