UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION <br> _____ <br><br> Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> National Football League and NFL Properties LLC, Successor-in-interest to NFL Properties, Inc., <br><br> Defendants. <br> _____ <br><br> THIS DOCUMENT RELATES TO: <br> ALL ACTIONS | No. 2:12-md-02323-AB <br><br> MDL No. 2323 <br><br> **Hon. Anita B. Brody** <br><br> Civ. Action No. 14-00029-AB |

**LEGACY PRO SPORTS, LLC'S AND BRANDON SILER'S
REPLY IN SUPPORT OF THEIR MOTION TO CONDUCT LIMITED DISCOVERY**

Legacy Pro Sports, LLC and Brandon Siler (collectively "Legacy"), respectfully submit this Reply in Support of their Motion to Conduct Limited Discovery ("Motion") [DE #8234].

In its response to the Motion, Co-Lead Class Counsel ("Class Counsel") argues that Legacy should be denied the right to reciprocal discovery[1] for the following reasons, all of which the Court should outright reject: (1) adversaries are not required to "show their hand" before a deposition;

---

[1] To be clear, although Legacy refers to the requests as "reciprocal discovery" in this reply, the actual requests are not entirely reciprocal as they do not include depositions. Legacy has only asked for requests for production and interrogatories.

(2) reciprocal discovery is not permitted "post-judgment;" and (3) the requests are both overly broad and responding to them may be overly burdensome.

### Legacy's Motion Does Not Request the Discovery Prior to Legacy's Depositions

Class Counsel's lead off argument is that Legacy is requesting the discovery so that it can see the documents (which may be used as exhibits by Class Counsel) in advance of the scheduled depositions of Legacy's principles on August 21st and 22nd. Although the element of surprise should have no place in our judicial system, even if it did, Class Counsel's contention is inaccurate and should be rejected as a basis to deny the Motion. Nowhere in the Motion does Legacy ask the Court to require Class Counsel to respond to discovery before the depositions. Legacy's Motion asks for 14 days from the date of an order, which by design, is the same amount of time the Court gave Legacy to respond to discovery. Legacy's Motion was filed on August 8, 2017, in the late afternoon. Even if the Court entered an order that day – which would have been highly unlikely because no litigant should expect an order until a motion is fully briefed – the earliest the discovery would have been due was at the end of the day on August 22nd, 2017, which would have been *after* the depositions had already concluded.

Legacy is by no means looking for an unfair advantage in these proceedings. To the contrary, by contesting Legacy's request to discover what Class Counsel may present to the Court on September 19, 2017, in support of an argument to invalidate Legacy's clients' agreements, Class Counsel appears to be the one attempting to gain an unfair advantage. Legacy is perfectly fine receiving the discovery 14 days from the Court's order, provided it is before the hearing so that Legacy has time to review and can adequately prepare to defend its position.

### These Are Not Post-Judgment Proceedings and
### Legacy Should Have the Same Rights as Class Counsel

Class Counsel's argument that the posture of the case is post-judgment, and therefore only one party is entitled to discovery, is illogical. These proceedings are not post-judgment. This is not a collection action and we are not engaging in discovery in aid of execution of a judgment. Legacy is not a party to this case. Legacy has not been before this Court, has not had the opportunity to conduct discovery, and is being asked to attend a hearing to defend itself against unknown and untested facts where the Court's ruling will have serious consequences to Legacy. This situation does not resemble typical "post-judgment" litigation. As such, Legacy should be given the opportunity to conduct discovery so that it can properly defend itself from evidence that *only* Class Counsel has and that Class Counsel decides should be presented to the Court.

### The Discovery Requested is Limited to the Issues Being Addressed by the Court

That Legacy's requests are "blunderbuss" and are akin to "give us everything you have" is equally unpersuasive. Legacy has asked for documentation and information directly material to the claims Class Counsel has made against Legacy and the others it has grouped with Legacy. Class Counsel has accused, in conclusory fashion, Legacy and other third parties of engaging in the same deceptive and misleading business practices. Unsurprisingly, in response, Legacy seeks discovery related to information that Class Counsel has that will demonstrate that Legacy, like the other third parties, are engaged in deceptive and misleading business practices. Legacy has the right to know what information and documentation Class Counsel has and may use in support of its attempt to invalidate Legacy's clients' agreements. Further, the argument that it is conducting similar discovery with a few other entities and therefore does not have the time to respond by the September 19, 2017, lacks credibility. Class Counsel and the other firms leading this case consist of over 100 attorneys and are overseeing a billion dollar plus settlement involving 20,000 plus

class members. The number of documents and information that Class Counsel will have to produce pales in comparison to the voluminous production Legacy has already delivered to Class Counsel. There can be no dispute that Class Counsel has enough able bodies to respond to five interrogatories and four categories of documents. Lastly, Legacy notes that Class Counsel is concerned that others may ask for reciprocal discovery. First, none of the others have requested discovery. Second, if they do, they have a fundamental right to it. Third, if Class Counsel does have to respond, much of the information and documentation requested will be likely be the same for each entity.

For the foregoing reasons, Legacy requests that the Court grant the relief in the Motion.

Dated: August 10, 2017

                Respectfully submitted,

                *By: Jeff M. Ostrow*
                JEFF M. OSTROW
                DAVID L. FERGUSON
                **KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
                One West Las Olas Blvd., Suite 500
                Fort Lauderdale, FL 33301
                Telephone: (954) 525-4100
                Facsimile: (954) 525-4300
                *ostrow@kolawyers.com*
                *ferguson@kolawyers.com*
                *Attorneys for Legacy Pro Sports, LLC*
                *and Brandon Siler*