UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Yvonne Sagapolutele, individually and as representative of the Estate of Pio Sagapolutele, Deceased on behalf of herself and others similarly situated,<br>　　Plaintiff / Absent Class Member<br><br>v.<br><br>National Football League and NFL Properties LLC, Successor-in-interest to NFL Properties, Inc.,<br>　　Defendants<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Civ. Action No. 14-00029-AB |

**ABSENT CLASS MEMBER AND PLAINTIFF YVONNE SAGAPOLUTELE'S MOTION TO MODIFY THE AMENDED FINAL ORDER AND JUDGMENT [ECF 6534] BY CONFORMING THE DEFINITION OF "DEATH WITH CTE" TO THE VERSION CONTEMPLATED IN THE FAIRNESS HEARING ORDER [ECF 6479] AND NOTICED TO THE CLASS IN THE LONG FORM NOTICE [ECF 6093-1] AND SUMMARY NOTICE [ECF 6093-2] PURSUANT TO RULE 60 AND THE AUTHORITY RETAINED IN THE SETTLEMENT AGREEMENT**

Plaintiff and Absent Class Member Yvonne Sagapolutele, by and through counsel, individually and as representative of the Estate of Pio Sagapolutele, a deceased Retired NFL Football Player, brings this Motion to Modify the Amended Final Order and

Judgment [ECF No. 6534], pursuant to Rules 60(a) and 60(b)(6) of the Federal Rules of Civil Procedure and the Court's inherent authority. Plaintiff respectfully requests the Court remove the May 8, 2015 deadline to obtain a Qualifying Diagnosis of Death with CTE. This deadline was added to the Settlement Agreement in February 2015 without notice to the Class, and without giving class members an opportunity to opt out of the Settlement. The deadline was incorporated into the Final Judgment and including this deadline effectively prevented Class Members in Subclass 1 from obtaining a Qualifying Diagnosis of Death with CTE. By stripping these Class Members of their opportunity to recover settlement funds, this deadline materially prejudices the constitutional due process rights of these Class Members, who received no meaningful notice of this prejudicial change to the Settlement.

The proposed order, attached as Exhibit 1, seeks (1) modification of the Final Order and Judgment by removal of the deadline to obtain a Qualifying Diagnosis of Death with CTE and (2) instruction to the settlement administrator to develop forms and procedures that allows Class Members to obtain a Qualifying Diagnosis of Death with CTE by obtaining a post-mortem diagnosis by a board-certified neuropathologist at any time during the 65-year term of the Monetary Award Fund.

The relief sought in this Motion is supported by the Memorandum of Law In Support of Absent Class member and Plaintiff Yvonne Sagapolutele's Motion for an Order Modifying the Amended Final Order and Judgment, attached as Exhibit 2.

WHEREFORE, Plaintiff and Absent Class Member Yvonne Sagapolutele respectfully

requests the Court enter the proposed order modifying the Final Order and Judgment and for any further relief at law or in equity to which she is entitled.

Dated:  August 15, 2017

Respectfully Submitted:

/s/ Justin Demerath

**Justin Demerath**
Texas State Bar No. 24034415
**David Campbell**
Texas State Bar No. 24057033
O'HANLON, DEMERATH & CASTILLO
808 West Avenue
Austin, TX 78701
Telephone: (512) 494-9949
Facsimile: (512) 494-9919
jdemerath@808west.com
dcampbell@808west.com

**Counsel for Plaintiff and Absent Class Member Yvonne Sagapolutele** *pro hac vice*

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing document was served electronically via the Court's electronic filing system on the 15th day of August, 2017, upon all counsel of record.

Dated: August 15, 2017                                        */s/ Justin B. Demerath*_____
                                                                           Justin B. Demerath

## CERTIFICATE OF CONFERENCE

I hereby certify that I have attempted to confer with counsel for the NFL Parties, Brad Karp, and with Lead Class Counsel, Christopher Seeger and Sol Weiss, via correspondences, conference calls, and/or e-mail regarding the issues in this motion. As of today's date, it is my understanding that the NFL parties are opposed to the instant motion; I have received no response regarding whether other parties are opposed to this motion.

Dated: August 15, 2017                                        */s/ Justin B. Demerath*_____
                                                                           Justin B. Demerath