# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>　　　　　　　　　　Defendants. | Civ. Action No.: 14-cv-00029-AB |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

### RESPONSE OF THE NATIONAL FOOTBALL LEAGUE AND NFL PROPERTIES LLC IN OPPOSITION TO EMERGENCY MOTION FOR AN EXTENSION OF TIME UP TO ONE YEAR FOR THOSE NFL CLAIMANTS THAT ARE INSTITUTIONALIZED TO FILE A CLAIM FOR BENEFITS UNDER THE CLASS ACTION SETTLEMENT AGREEMENT AS OF JUNE 25, 2014

The National Football League ("NFL") and NFL Properties LLC (the "NFL Parties") submit this response in opposition to Howard & Associates, P.A.'s ("Howard's") Emergency Motion for an Extension of Time Up to One Year for Those

NFL Claimants That Are Institutionalized to File a Claim for Benefits Under the Class Action Settlement Agreement as of June 25, 2014 (the "Motion").[1]

The Motion should be denied. It does not present a legal issue ripe for judicial determination. In fact, Howard did not file the Motion on behalf of *any* of his clients who are Settlement Class Members. Instead, Howard effectively seeks to fill the role of Class Counsel and moves this Court on behalf of the entire Settlement Class—despite the fact that this Court specifically appointed other counsel for that very purpose.

More important, Class Counsel and the NFL Parties already provided for this very situation. The Settlement Agreement includes a provision for "good cause" extension of the August 7, 2017 Settlement program registration deadline and also provides a "substantial hardship" exception for failure to comply with the deadline to file Claim Packages. (*See* Settlement Agreement §§ 4.2(c), 8.3(a)(i), 12-md-02323, Doc. No. 6481-1.) This Court appointed BrownGreer PLC ("BrownGreer") as the Claims Administrator to administer the Settlement program. BrownGreer, in conjunction with Co-Lead Class Counsel and Counsel for the NFL Parties—and, in turn, the Special Masters and Court, when necessary—will address specific petitions seeking relief after missed deadlines when presented and ripe for consideration. The Motion ignores the Settlement's terms and improperly skips multiple steps ahead by prematurely and unnecessarily seeking judicial intervention before Settlement Class Members have even filed any such petitions with respect to the registration deadline.

For these reasons, the Motion should be denied.

---

[1] The Motion was erroneously filed as Doc. No. 58 on the 14-cv-00029 docket instead of the overarching 12-md-2323 docket.

## BACKGROUND

On August 3, 2017, without meeting and conferring with the NFL Parties, Howard filed a motion seeking an order that would provide "Institutionalized Claimants"[2] until August 7, 2018 "to file a claim for benefits" in the Settlement Program. (*See* Proposed Order attached to the Motion.) Despite referencing the filing of a "claim," the Motion instead appears to seek a one-year extension of the Settlement Agreement's *registration* deadline from August 7, 2017 to August 7, 2018. (*See id.*)[3]

Howard represents over 200 registrants in the NFL Settlement program, but has not been appointed by this Court to any role on behalf of the Settlement Class. The parties responsible for representing the interests of the Settlement Class and overseeing the execution of the Settlement program according to its negotiated and judicially approved terms were established by prior order of this Court. The April 22, 2015 Final Approval Order, as amended on May 8, 2015, confirmed the appointment of Co-Lead Class Counsel, Class Counsel, and Subclass Counsel, and also ordered the Parties "to implement each and every obligation set forth in the Settlement Agreement in accordance with the terms and provisions of the Settlement Agreement." (Am. Final Approval Order, ¶¶ 6, 9, 12-md-02323, Doc. No. 6534.) The Court also confirmed the appointment of BrownGreer as Claims Administrator to implement and administer the Settlement Agreement, including the claims administration process, and appointed the Special Masters in part to oversee the Claims Administrator. (*Id.* ¶ 13.)

---

[2] The Motion also fails to define "Institutionalized Claimants," but appears to include the homeless and others who are "too ill to exercise their rights." (*See*, *e.g.*, Mot. ¶ 13.)

[3] No such extension of the deadline to submit Claim Packages is necessary because Settlement Class Members who received Qualifying Diagnoses prior to February 6, 2017 already have until February 6, 2019 to submit their claims for Monetary Awards.

Pursuant to Section 4.2(c) of that Settlement Agreement, *unless for good cause*, Settlement Class Members had until August 7, 2017 to register for the Settlement program. The Settlement Agreement specifically provides that this deadline can be extended for good cause where "a Representative Claimant had not been ordered by a court or other official of competent jurisdiction to be the authorized representative of [a] . . . *legally incapacitated or incompetent Retired NFL Football Player* prior to the registration deadline" and "the Representative Claimant seeks to register within 180 days of [such] authorization." (Settlement Agreement § 4.2(c)(i) (emphasis added).) Through this negotiated provision, the Parties specifically protected the rights of Retired NFL Football Players who were legally incapacitated or incompetent prior to the registration deadline, but did not yet have authorized representatives to serve their interests and register for the Settlement program.

In addition, the official Settlement Website prominently instructs Settlement Class Members that while the deadline to register has passed, a Retired NFL Football Player (or his Representative Claimant) still may submit registration information to BrownGreer, but that BrownGreer cannot accept such late attempts to register *unless good cause is shown*.[4] The first step is for the Settlement Class Member who did not meet the registration deadline to present the necessary registration-related information to BrownGreer and provide an explanation of the good cause grounds for having missed the deadline. To date, the NFL Parties are unaware of Howard presenting any such request to BrownGreer on behalf of an actual Settlement Class Member.

---

[4] *See* Settlement Website landing page, *available at* https://nflconcussionsettlement.com/Home.aspx.

**ARGUMENT**

As a threshold matter, the Motion must be dismissed because it is not brought on behalf of a client of Howard who is a Settlement Class Member with a legal issue that necessitates a decision of this Court. To the contrary, Howard states that he plans to locate *new* clients who may require the relief sought. (Motion ¶ 14.)[5] Simply put, the Motion does not present a live controversy. *See Porwisz* v. *Atty. Gen. of U.S.*, 625 Fed. Appx. 49, 53 (3d Cir. 2015) (stating "the basic rationale [of the ripeness doctrine] is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements" (quoting *Abbott Labs.* v. *Gardner*, 387 U.S. 136, 148 (1967)); *Sixth Angel Shepherd Rescue Inc.* v. *Pennsylvania SPCA*, 10-cv-3101, 2011 WL 605697, at *7 (E.D. Pa. Feb. 15, 2011) (finding that the "fears" and "speculation" of plaintiff of what might happen do "not constitute a live controversy between the parties").

In addition, to the extent that Howard ultimately is retained to represent a Settlement Class Member who did not register by the deadline established in the Settlement Agreement and believes that good cause exists for relief, Howard should contact BrownGreer, provide the necessary registration information on behalf of that client, and present the good cause basis for not complying with the registration deadline. BrownGreer, in consultation with Co-Lead Class Counsel and Counsel for the NFL Parties, will review the petition. This Court or its designated Special Masters may

---

[5] Howard cites a newspaper article and "internet research" about an institutionalized Retired NFL Football Player whom he argues "cannot exercise his rights pursuant to the NFL Concussion Settlement" (Mot. ¶¶ 10-12), but neglects to refer this Court to its own docket that plainly contradicts that argument. The natural parents of the retired player, in their representative capacity and as represented by counsel, filed litigation against the NFL Parties and Riddell in 2012 and later filed a Short Form Complaint in this Court in 2013. (*See, e.g.*, Short Form Complaint, 12-md-02323, Doc. No. 5256.)

ultimately review any resulting disputes that are raised at an appropriate time and in an appropriate manner, but doing so now on a hypothetical set of facts and circumstances is unnecessary, wasteful, improper, and in conflict with the clear terms of the Settlement Agreement.

For the above reasons, the NFL Parties respectfully submit that the Motion should be denied.

Dated: August 17, 2017

Respectfully submitted,

/s/ Brad S. Karp
Brad S. Karp
Bruce Birenboim
Lynn B. Bayard
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Main: 212.373.3000
Fax: 212.757.3990
bkarp@paulweiss.com
bbirenboim@paulweiss.com
lbayard@paulweiss.com

*Attorneys for the National Football League and NFL Properties LLC*