IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : No.:2:12-md-02323-AB : : MDL No. 2323 |
| THIS DOCUMENT RELATES TO: WALT HARRIS, PLAINTIFF, | : : : : |

## NOTICE OF ATTORNEY'S LIEN

Pursuant to rules of procedure, and the executed Retainer Agreement dated June 17, 2016, Petitioners, Gene Locks, Esquire, Michael B. Leh, Esquire, and David D. Langfitt, Esquire, of LOCKS LAW FIRM, attorneys for the Plaintiff in the above-entitled action, hereby notify this Court and all parties that they have a lien in this case for reasonable attorney's fees, plus expenses and costs, as set forth in the accompanying Petition to Establish Attorney's Lien.

Respectfully submitted,

LOCKS LAW FIRM

Dated: August 18, 2017        By: _____
Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : : : : : : : | No.:2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>WALT HARRIS,<br>          PLAINTIFF, | | |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Notice of Attorney's Lien was filed via the Electronic Case Filing System in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the litigation.

Respectfully submitted,

LOCKS LAW FIRM

Dated: August 18, 2017          By: _____
Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : No.:2:12-md-02323-AB<br>:<br>: MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>WALT HARRIS,<br>          PLAINTIFF, | :<br>:<br>:<br>: |

### PETITION TO ESTABLISH ATTORNEY'S LIEN

NOW, comes, Petitioners, Gene Locks, Esquire, Michael B. Leh, Esquire, and David D. Langfitt, Esquire, of LOCKS LAW FIRM, pursuant to rules of procedure, and the executed Retainer Agreement dated June 17, 2016, and states as follows:

(1) Petitioners are attorneys at law admitted to practice before any court in the State of Pennsylvania, and files this petition to establish their lien for attorney's fees as set forth hereinafter;

(2) On or about June 17, 2016, Petitioners were retained and employed by Plaintiff, Walt Harris, pursuant to a Retainer Agreement, to pursue a claim for injuries and damages on Plaintiff's behalf in the NFL Concussion MDL against the NFL and any other responsible parties for any football-related injuries. A copy of the Retainer Agreement, dated June 17, 2016, is attached as Exhibit A.

(3) The Retainer Agreement contains the following terms:

a. "4. The parties acknowledge and agree that the CLIENT retain the Attorneys on a contingency fee basis, and that CLIENT shall pay Attorneys a fee for their services in any civil action authorized by the CLIENT in an amount equal to 20% (twenty percent) of the gross proceeds of recovery by the CLIENT, whether by settlement, judgment, or otherwise."

b. "5. In the event the Attorneys recover attorneys' fees for the CLIENT, or are awarded attorneys' fees, the attorneys' fees recovered shall be applied against the amounts to which the Attorneys would be entitled under this Agreement. If any attorneys' fee award exceeds the amount of the contingent fee under this Agreement, the Attorneys shall be entitled to the higher of the attorneys' fee award or the contingency fee."

c. "6. The CLIENT understands and agrees that the filing of an action or suit on his behalf will require the expenditure of funds for litigation expenses and costs, such as filing fees, discovery expenses, witness fees, and transcripts. The Attorneys and the CLIENT agree that the Attorneys will initially pay and thus advance all such litigation costs and expenses on the CLIENT's behalf, and that in the event of a recovery or award, the CLIENT will reimburse the Attorneys for such expenses and costs out of CLIENT's recovery or award."

d. "7. The CLIENT and Attorneys agree that the CLIENT's responsibility for the payment of attorneys' fees to the Attorneys is limited to the contingent fee provided in paragraph four (4) and that those sums shall be derived from the CLIENT's recovery of an award, whether by judgment or settlement."

(4) From the date Petitioners were authorized to proceed on behalf of Plaintiff, Petitioners have actively and diligently applied themselves to the investigation, preparation, and pursuit of Plaintiff's claims, and have taken all steps necessary to prosecute those claims, document Plaintiff's diagnoses, retrieve medical records, and continue to pursue the best interests of Plaintiff in this matter.

(5) The specific services performed required expenses and costs incurred by Petitioners.

(6) Plaintiff has recently discharged Petitioners as his attorneys in this matter, and he is now being represented by a new attorney in this action.

(7) Petitioners were not terminated by Plaintiff for cause, and the termination was not due to any malfeasance or other improper action on the part of Petitioners.

(8) Petitioners claim the right to have a lien for attorney's fees, expenses and costs established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiff in this action.

WHEREFORE, Petitioners pray:

(1) That their attorney's lien for fees, expenses, and costs be determined and established;

(2) That the Court order that Petitioners be entitled to enforce their attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

(3) For such other and further relief as this Court deems just.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
|  |  | LOCKS LAW FIRM |
| Dated: August 18, 2017 | By: | _____ |

Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No.:2:12-md-02323-AB <br><br> MDL No. 2323 |
| THIS DOCUMENT RELATES TO: <br> WALT HARRIS, <br>         PLAINTIFF, | |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Petition to Establish Attorney's Lien was filed via the Electronic Case Filing System in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the litigation.

Respectfully submitted,

LOCKS LAW FIRM

Dated: August 18, 2017      By: _____
Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

# EXHIBIT A

# RETENTION AGREEMENT

Client Name: Walt Harris

Spouse Name: _____

Address: 245 River Point Dr

City: Lagrange    State: GA    Zip Code: 30240

Home Telephone: _____    Office Telephone: _____

Cell Phone: 408-504-0055    Email: Waltharrisnfl@gmail.com

Date of Birth: 8-10-74    Social Security: _____

The CLIENT, Walt Harris (hereinafter the "CLIENT"), and THE LOCKS LAW FIRM (601 Walnut Street, Suite 720 East, Philadelphia, PA 19106) AND THE LAW OFFICE OF BYRON CUTHBERT & ASSOCIATES, LLC (1143 Cameron Creek, Marietta, GA 30062), (hereinafter "Attorneys"), in consideration of the mutual promises contained herein, for the purposes of providing legal services to the CLIENT, agree as follows:

1. The CLIENT hereby retains and employs the Attorneys to represent him in connection with any and all claims the CLIENT may have arising out of HIS participation as a player in games, practices, or training sponsored or approved by the National Football League ("NFL") as those claims relate to head injuries, concussions, and/or brain trauma of any kind, and the CLIENT retains the attorneys specifically in connection with the pending litigation captioned *IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*, No. 2:12-md-02323-AB-MDL No. 2323, Civ. Action No. 14-00029-AB.

2. The parties acknowledge and agree that the CLIENT retains the Attorneys on a contingency fee basis for the claims and/or civil actions filed on the CLIENT'S behalf, and that CLIENT shall pay

Attorneys a fee for their services in an amount equal to 20% (twenty percent) of the gross proceeds of recovery by the CLIENT, if any, whether by settlement, verdict, award, judgment, or otherwise.

3. The CLIENT and Attorneys agree that the CLIENT'S responsibility for the payment of attorneys' fees to the Attorneys is limited to the contingent fee provided in paragraph two (2) above and that those sums shall be derived from the CLIENT'S recovery, whether by judgment, verdict, award, settlement, or otherwise. Under no circumstances shall the attorneys charge the CLIENT attorney's fees greater than 20% (twenty percent).

4. In the event the Attorneys recover attorneys' fees in connection with the CLIENT'S claim and/or civil action, or are awarded attorneys' fees, the attorneys' fees recovered shall be applied against the amounts to which the Attorneys would be entitled under paragraphs two (2) and three (3) of this Agreement. If any attorneys' fee award exceeds the amount of the contingent fee under paragraphs two (2) and three (3) of this Agreement, the Attorneys shall be entitled to the higher of the attorneys' fee award or the contingency fee.

5. The CLIENT understands and agrees that the claim and/or civil action has and will require the expenditure of funds for litigation expenses and costs, such as medical examinations, travel expenses, filing fees, discovery expenses, witness fees, and transcripts. The Attorneys and the CLIENT agree that the Attorneys will initially pay and thus advance all such litigation costs and expenses on the CLIENT'S behalf, and that in the event of a recovery or award, the CLIENT will reimburse the Attorneys for such expenses and costs out of CLIENT'S recovery or award.

6. The CLIENT will have no obligation to reimburse the Attorneys for expenses and costs if the Attorneys fail to recovery an award, verdict, settlement, or judgment on behalf of the CLIENT.

7. The CLIENT shall keep the Attorneys informed at all times of all current address(es), telephone numbers, and e-mail address(es).

8. The CLIENT understands that there have been no representations or promises made as to the outcome of any claim, case, or civil action or any phase of any claim, case or civil action.

9. The CLIENT agrees not to discuss and/or negotiate any settlement and/or accept any settlement regarding the subject matter of any case (that the Attorneys may file on his behalf) with any defendant, and/or potential defendant, without first consulting the Attorneys.

10. The CLIENT understands and agrees that the attorneys, THE LOCKS LAW FIRM AND THE LAW OFFICE OF BYRON CUTHBERT & ASSOCIATES LLC., will work jointly on the CLIENT'S case and that they will divide the net attorney's fees (set forth in paragraphs two (2) through five (5) above) among themselves.

11. THE LOCKS LAW FIRM shall be due *70%* of the net attorney's fees recovered or awarded in accordance with the percentages set forth above. THE LAW OFFICE OF BYRON CUTHBERT & ASSOCIATES LLC. ("CUTHBERT") shall be due *30%* of the net attorney's fees recovered or awarded in accordance with the percentages set forth above.

12. The CLIENT understands and agrees that the division of net attorneys' fees among the lawyers and law firms shall not in any way increase the total attorneys' fees the CLIENT has agreed to pay pursuant to paragraphs two (2) through five (5) above.

13. It is understood and agreed that the firms representing the undersigned client shall have the same legal responsibilities to the undersigned client and shall be available to the undersigned client for consultation concerning the case.

14. This agreement may be signed in counterparts, and each signed, and the collective signed counterparts equate to a fully executed agreement.

**ACCEPTED AND AGREED:**

CLIENT: _/s/_ Dated: 6-17-16

SPOUSE: _____ Dated: _____

**ATTORNEYS:**

By: _/s/_
LOCKS LAW FIRM
David D. Langfitt, Esquire

Dated: 6-24-16

By: _/s/_
LAW OFFICE OF BYRON CUTHBERT
& ASSOCIATES LLC
Byron Cuthbert, Esquire

Dated: 6/20/2016

-4-