## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE | : | No.:2:12-md-02323-AB |
| PLAYERS' CONCUSSION | : | |
| INJURY LITIGATION | : | MDL No. 2323 |
| | : | |
| _____ | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| RENALDO WYNN AND | : | |
| LATANYA WYNN, PLAINTIFFS, | : | |
| Case No. 2:12-cv-02490-AB | : | |

## NOTICE OF ATTORNEY'S LIEN

Pursuant to rules of procedure, and the executed Retainer Agreement dated May 12, 2012, Petitioners, Gene Locks, Esquire, Michael B. Leh, Esquire, and David D. Langfitt, Esquire, of LOCKS LAW FIRM, attorneys for the Plaintiffs in the above-entitled action, hereby notify this Court and all parties that they have a lien in this case for reasonable attorney's fees, plus expenses and costs, as set forth in the accompanying Petition to Establish Attorney's Lien.

Respectfully submitted,

**LOCKS LAW FIRM**

Dated: August 18, 2017           By: _____

Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE | : | No.:2:12-md-02323-AB |
| PLAYERS' CONCUSSION | : | |
| INJURY LITIGATION | : | MDL No. 2323 |
| | : | |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| RENALDO WYNN AND | : | |
| LATANYA WYNN, PLAINTIFFS, | : | |
| Case No. 2:12-cv-02490-AB | : | |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Notice of Attorney's Lien was filed via the Electronic Case Filing System in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the litigation.

Respectfully submitted,

**LOCKS LAW FIRM**

Dated: August 18, 2017            By:    _____
Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE | : | No.:2:12-md-02323-AB |
| PLAYERS' CONCUSSION | : | |
| INJURY LITIGATION | : | MDL No. 2323 |
| | : | |
| _____ | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| RENALDO WYNN AND | : | |
| LATANYA WYNN, PLAINTIFFS, | : | |
| Case No. 2:12-cv-02490-AB | : | |

## PETITION TO ESTABLISH ATTORNEY'S LIEN

NOW, comes, Petitioners, Gene Locks, Esquire, Michael B. Leh, Esquire, and David D. Langfitt, Esquire, of LOCKS LAW FIRM, pursuant to rules of procedure, and the executed Retainer Agreement dated May 12, 2012, and states as follows:

(1) Petitioners are attorneys at law admitted to practice before any court in the State of Pennsylvania, and files this petition to establish their lien for attorney's fees as set forth hereinafter;

(2) On or about May 12, 2012, Petitioners were retained and employed by Plaintiffs, Renaldo Wynn and LaTanya Wynn, pursuant to a Retainer Agreement, to pursue a claim for injuries and damages on Plaintiffs' behalf in the NFL Concussion MDL against the NFL and any other responsible parties for any football-related injuries. A copy of the Retainer Agreement, dated May 12, 2012, is attached as Exhibit A.

(3) The Retainer Agreement contains the following terms:

a.   "4. The parties acknowledge and agree that the CLIENT retain the Attorneys on a contingency fee basis, and that CLIENT shall pay Attorneys a fee for their services in any civil action authorized by the CLIENT in an amount equal to 33.33% (thirty-three and one-third) of the gross proceeds of recovery by the CLIENT, whether by settlement, judgment, or otherwise."

b.   "5. In the event the Attorneys recover attorneys' fees for the CLIENT, or are awarded attorneys' fees, the attorneys' fees recovered shall be applied against the amounts to which the Attorneys would be entitled under this Agreement.  If any attorneys' fee award exceeds the amount of the contingent fee under this Agreement, the Attorneys shall be entitled to the higher of the attorneys' fee award or the contingency fee."

c.   "6. The CLIENT understands and agrees that the filing of an action or suit on his behalf will require the expenditure of funds for litigation expenses and costs, such as filing fees, discovery expenses, witness fees, and transcripts.  The Attorneys and the CLIENT agree that the Attorneys will initially pay and thus advance all such litigation costs and expenses on the CLIENT's behalf, and that in the event of a recovery or award, the CLIENT will reimburse the Attorneys for such expenses and costs out of CLIENT's recovery or award."

d.   "7. The CLIENT and Attorneys agree that the CLIENT's responsibility for the payment of attorneys' fees to the Attorneys is limited to the contingent fee provided in paragraph four (4) and that those sums shall be derived from the CLIENT's recovery of an award, whether by judgment or settlement."

(4) From the date Petitioners were authorized to proceed on behalf of Plaintiffs, Petitioners have actively and diligently applied themselves to the investigation, preparation, and pursuit of Plaintiffs' claims, and have taken all steps necessary to prosecute those claims, document Plaintiff Renaldo Wynn's diagnoses, retrieve medical records, and continue to pursue the best interests of Plaintiffs in this matter.

(5) After investigation and preparation, Petitioners filed the instant action on behalf of Plaintiffs. On July 12, 2012, filed a Short Form Complaint on behalf of Plaintiffs. A copy of the Short-Form Complaint is attached as Exhibit B.

(6) The specific services performed required expenses and costs incurred by Petitioners.

(7) Plaintiffs have recently discharged Petitioners as his attorneys in this matter, and he is now being represented by a new attorney in this action.

(8) Petitioners were not terminated by Plaintiffs for cause, and the termination was not due to any malfeasance or other improper action on the part of Petitioners.

(9) Petitioners claim the right to have a lien for attorney's fees, expenses, and costs established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiffs in this action.

WHEREFORE, Petitioners pray:

(1) That their attorney's lien for fees, expenses, and costs be determined and established;

(2) That the Court order that Petitioners be entitled to enforce their attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

(3) For such other and further relief as this Court deems just.

Respectfully submitted,

**LOCKS LAW FIRM**

Dated: August 18, 2017          By: _____

Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE | : | No.:2:12-md-02323-AB |
| PLAYERS' CONCUSSION | : | |
| INJURY LITIGATION | : | MDL No. 2323 |
| | : | |
| _____ | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| RENALDO WYNN AND | : | |
| LATANYA WYNN, PLAINTIFFS, | : | |
| Case No. 2:12-cv-02490-AB | : | |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Petition to Establish Attorney's Lien was filed via the Electronic Case Filing System in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the litigation.

Respectfully submitted,

**LOCKS LAW FIRM**

Dated: August 18, 2017          By: _____
Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

# EXHIBIT A

CULPEPPER

# LOCKS LAW FIRM

### RETAINER AGREEMENT

Client Name:  RENALDO WYNN

Spouse Name:  *La Tanya Wynn*

Address:   9504 Empire Rock Street

City:  Las Vegas                    State:  NV          Zip Code:  89143

Home Telephone:  *702-655-8143*        Office Telephone:

Cell Phone:        571-233-1671        Email:  *rlKwynn@hotmail.com*

Date of Birth:  *09/03/1974*            Social Security:

### RETAINER AGREEMENT

The CLIENT, RENALDO WYNN and *La Tanya Wynn*            (spouse), and the

LOCKS LAW FIRM, 601 Walnut Street, Suite 720 East, Philadelphia, PA 19106, their associates, partners

and co-counsel (hereinafter collectively "Attorneys"), in consideration of the mutual promises contained

herein, for the purposes of providing legal services to the CLIENT, agree as follows:

1.      The CLIENT hereby retains and employs the Attorneys to represent him in the investigation and

prosecution by civil action, any and all claims CLIENT may have arising out of his participation as a player

in games, practices, or training sponsored or approved by the National Football League, any one or more of

the member teams of the National Football League, and/or the National Football League Players'

Association, as those claims relate to head injuries, concussions, and/or brain trauma of any kind.

2.      Any such action or suit is subject to the investigation by the Attorneys of the facts of the claim

and the applicable law.  This agreement does not include appeals and/or ancillary proceedings.

3.      The CLIENT understands that after investigating the claims, if the Attorneys decide that in their

best judgment no case should be filed, the Attorneys may withdraw as counsel and have no further obligation

to the CLIENT under this Retainer Agreement.

4.      The parties acknowledge and agree that the CLIENT retains the Attorneys on a contingency fee basis, and that CLIENT shall pay Attorneys a fee for their services in any civil action authorized by the CLIENT in an amount equal to 33.33 % (thirty-three and one-third) of the gross proceeds of recovery by the CLIENT, whether by settlement, judgment, or otherwise.

5.      In the event the Attorneys recover attorneys' fees for the CLIENT, or are awarded attorneys' fees, the attorneys' fees recovered shall be applied against the amounts to which the Attorneys would be entitled under this Agreement. If any attorneys' fee award exceeds the amount of the contingent fee under this Agreement, the Attorneys shall be entitled to the higher of the attorneys' fee award or the contingency fee.

6.      The CLIENT understands and agrees that the filing of an action or suit on his behalf will require the expenditure of funds for litigation expenses and costs, such as filing fees, discovery expenses, witness fees, and transcripts. The Attorneys and the CLIENT agree that the Attorneys will initially pay and thus advance all such litigation costs and expenses on the CLIENT's behalf, and that in the event of a recovery or award, the CLIENT will reimburse the Attorneys for such expenses and costs out of CLIENT's recovery or award.

7.      The CLIENT and Attorneys agree that the CLIENT's responsibility for the payment of attorneys' fees to the Attorneys is limited to the contingent fee provided in paragraph four (4) and that those sums shall be derived from the CLIENT's recovery of an award, whether by judgment or settlement.

8.      The CLIENT shall keep the Attorneys informed at all times of all current addresses, telephone numbers, and e-mail address(es).

9.      The CLIENT understands that there have been no representations or promises made as to the outcome of the case or any phase of the case.

10.     The CLIENT agrees not to discuss and/or negotiate any settlement and/or accept any settlement regarding the subject matter of the case with any defendant, and/or potential defendant, without first consulting the Attorneys.

**ACCEPTED AND AGREED:**

CLIENT: _____          Dated: 5/12/12
          RENALDO WYNN

SPOUSE: _____          Dated: 5/2/12

ATTORNEYS:

By: _____          Dated: 5/14/12
          LOCKS LAW FIRM

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | MDL No. 2323 |
| ------------------------------ | |
| This relates to: | **SHORT FORM COMPLAINT** |
| **Plaintiffs' Master Administrative Long-Form Complaint and Brad Culpepper, et al. v. NFL, USDC, EDPA, No. 12-cv-2490** | **IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION** |
| **RENALDO WYNN** | |
| | **JURY TRIAL DEMANDED** |

## SHORT FORM COMPLAINT

1.    Plaintiffs, **RENALDO WYNN**, and Plaintiff's Spouse **LATANYA WYNN**, bring this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2.    Plaintiff and Plaintiff's Spouse are filing this short form complaint as required by this Court's Case Management Order No. 2, filed April 26, 2012.

3.    Plaintiff and Plaintiff's Spouse, incorporate by reference the allegations (as designated below) of the Master Administrative Long-Form Complaint, as may be amended, as if fully set forth at length in this Short Form Complaint.

4.    NOT APPLICABLE

-1-

5.      Plaintiff, **RENALDO WYNN,** is a resident and citizen of Las Vegas, Nevada
claims damages as set forth below.

6.      Plaintiff's spouse, **LATANYA WYNN,** is a resident and citizen of Las Vegas,
Nevada, and claims damages as a result of loss of consortium proximately caused by the harm
suffered by her Plaintiff husband.

7.      On information and belief, the Plaintiff sustained repetitive, traumatic sub-
concussive and/or concussive head impacts during NFL games and/or practices.  On information
and belief, Plaintiff suffers from symptoms of brain injury caused by the repetitive, traumatic
sub-concussive and/or concussive head impacts the Plaintiff sustained during NFL games
and/or practices.   On information and belief, the Plaintiff's symptoms arise from injuries that
are latent and have developed and continue to develop over time.

8.      The original complaint by Plaintiff(s) in this matter was filed in United States
District Court, Eastern District of Pennsylvania.

9.      Plaintiff claims damages as a result of [check all that apply]:

        _X_    Injury to Herself/Himself

        _X_    Injury to the Person Represented

        __     Wrongful Death

        __     Survivorship Action

        _X_    Economic Loss

        __     Loss of Services

-2-

___   Loss of Consortium

10.     As a result of the injuries to her husband, _____, Plaintiff's

Spouse, _____, suffers from a loss of consortium, including the

following injuries:

   __X__   loss of marital services;

   __X__    loss of companionship, affection or society;

   __X__  loss of support; and

   __X__  monetary losses in the form of unreimbursed costs she has had to expend for the

health care and personal care of her husband.

11.     __X__  Plaintiff and Plaintiff's Spouse, reserve the right to object to federal

jurisdiction.


**DEFENDANTS**

12.     Plaintiff and Plaintiff's Spouse, bring this case against the following Defendants

in this action [check all that apply]:

      __X__     National Football League

      __X__     NFL Properties, LLC

      ___     Riddell, Inc.

      ___     All American Sports, Inc. (d/b/a Riddell Sports Group, Inc.)

__  Riddell Sports Group, Inc.

__  Easton-Bell Sports, Inc.

__  Easton-Bell Sports, LLC

__  EB Sports Corporation

__  RBG Holdings Corporation

13.   NOT APPLICABLE

14.    NOT APPLICABLE

15.   Plaintiff played in  X the National Football League ("NFL") and/or in   the

American Football League ("AFL") during 1997-09 for the following teams:

Jacksonville Jaguars
Washington Redskins
New Orleans Saints
New York Giants


**CAUSES OF ACTION**

16.   Plaintiff herein adopts by reference the following Counts of the Master

Administrative Long-Form Complaint, along with the factual allegations incorporated by

reference in those Counts [check all that apply]:

__X__   Count I (Action for Declaratory Relief – Liability (Against the NFL))

__X__   Count II (Medical Monitoring (Against the NFL))

- 4 -

___ Count III (_____ Survival Actions (Against the NFL))

_X_ Count IV (_____ (Against the NFL))

_X_ (Count _____ the NFL))

_X_ _____ Misrepresentation (Against the NFL))

___ _____ Negligence Pre-1968 (Against the NFL))

___ _____ Negligence Post-1968 (Against the NFL))

___ Count IX (Negligence 1987-1993 (Against the NFL))

___ Count X (Negligence Post-1994 (Against the NFL))

___ Count XI (Loss of Consortium (Against the NFL))

___ Count XII (Negligent Hiring (Against the NFL))

_X_ Count XIII (Negligent Retention (Against the NFL))

___ Count XIV (Strict Liability for Design Defect (Against the Riddell

Defendants))

___ Count XV (Strict Liability for Manufacturing Defect (Against the Riddell

Defendants))

___ Count XVI (Failure to Warn (Against the Riddell Defendants))

___ Count XVII (Negligence (Against the Riddell Defendants))

- 5 -

      <u>X</u>    Count XVIII (Civil Conspiracy/Fraudulent Concealment (Against All Defendants))

17.    Plaintiff asserts the following additional causes of action [write in or attach]:

_____

_____

_____

_____

_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Plaintiff's Spouse, pray for judgment as follows:

A.  An award of compensatory damages, the amount of which will be determined at trial;

B.  For punitive and exemplary damages as applicable;

C.  For all applicable statutory damages of the state whose laws will govern this action;

D.  For medical monitoring, whether denominated as damages or in the form of equitable relief;

E.  For an award of attorneys' fees and costs;

F.  An award of prejudgment interest and costs of suit; and

G.  An award of such other and further relief as the Court deems just and proper.

## JURY DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff(s) hereby demand(s) a trial by jury.

RESPECTFULLY SUBMITTED:


_____ /s/ *Gene Locks* _____
Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
215-893-0100 (tel.)
215-893-3444 (fax)
glocks@lockslaw.com
mleh@lockslaw.com
dlangfitt@lockslaw.com

*Attorneys for Plaintiffs*