# Exhibit F



VIA EMAIL AND
FIRST-CLASS MAIL

**DAVID K. WILLINGHAM**
dwillingham@bsfllp.com

August 8, 2017

Christopher A. Seeger
SeegerWeiss LLP
77 Water Street
New York, NY 10005
cseeger@seegerweiss.com

Re:  *In re National Football League Players' Concussion Injury Litigation*, No. 2:12-md-02323-AB (E.D. Pa.)

Dear Mr. Seeger:

I represent non-parties RD Legal Funding, LLC; RD Legal Finance, LLC; RD Legal Funding Partners, LP; and Roni Dersovitz (collectively, "RD Legal"). Enclosed please find RD Legal's Response to the Requests for Production of Documents and Interrogatories served by Co-Lead Class Counsel.

As set forth in the enclosed Response, RD Legal declines to provide information in response to the discovery requests. As an initial matter, the requests do not comply with Federal Rule of Civil Procedure 45, which governs non-party discovery and requires that any demand for the production of non-party documents be made pursuant to a valid subpoena. In addition, non-party interrogatories are not authorized by Rule 45 or any other authority of which I am aware. I am aware that Co-Lead Class Counsel purports to propound these requests pursuant to the Court's July 19, 2017 Order. The Order, however, does not suspend the requirements of Rule 45, nor could it. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988) (Federal Rule of Civil Procedure is "as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions"). If you have any authority that you believe authorizes Co-Lead Class Counsel to propound the Requests for Production of Documents and Interrogatories, please provide it for our consideration.

In addition, RD Legal is differently situated from the non-party persons and entities that appear to be the focus of the Court's July 19 Order. Although RD Legal is under no obligation to do so, enclosed are the seven Assignment and Sales Agreements RD Legal



Christopher A. Seeger
August 8, 2017
Page 2

entered into with plaintiffs in the above-referenced action. As you will see, RD Legal purchased portions of the settlement proceeds from seven former NFL players; RD Legal does not provide "claims services," facilitate medical examinations, or lend funds to any former NFL players. The contracts leave no room for misunderstanding: they describe the deal in plain language and reflect the sale of a portion of the settlement award in exchange for an immediate lump sum cash payment. The transactions also advise the seller multiple times—in bold print—to seek the advice of legal counsel. For each transaction, the seller and (where applicable) his wife signed the agreement, and the seller's lawyer acknowledged receipt of a Notice of Assignment of the award and agreed to hold in escrow for disbursement to RD Legal any funds that are subject to the agreement. RD Legal also required each seller to register for free counseling services with GreenPath—a national company that provides credit and debt counseling—as a precondition to the purchase.

There is no basis for Co-Lead Class Counsel to speculate about potential claims that the sellers have not asserted and are not properly before the Court, and to seek discovery based on those speculations. In the event a seller disputes any of the terms of sale—or in the event you seek to challenge the contracts' enforceability on behalf of any seller—that dispute must be submitted to binding arbitration, as is required by the relevant agreements.

Please contact me at 213.629.9040 or dwillingham@bsfllp.com if you wish to meet and confer regarding these issues.

Very truly yours,

*/s/ Dan W/JMH*

DAVID K. WILLINGHAM

Enclosures

**BOIES SCHILLER FLEXNER LLP**
DAVID K. WILLINGHAM
California Bar No. 198874
MICHAEL D. ROTH
California Bar No. 217464
JEFFREY M. HAMMER
California Bar No. 264232
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Non-Parties RD LEGAL FUNDING, LLC; RD LEGAL FINANCE, LLC; RD LEGAL FUNDING PARTNERS, LP; AND RONI DERSOVITZ

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Honorable Anita B. Brody |

**RESPONSE OF NON-PARTIES RD LEGAL FUNDING, LLC; RD LEGAL FINANCE, LLC; RD LEGAL FUNDING PARTNERS, LP; AND RONI DERSOVITZ TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

Non-Parties RD Legal Funding, LLC; RD Legal Finance, LLC; RD Legal Funding Partners, LP; and Roni Dersovitz (collectively "RD Legal") hereby respond and object to the Requests for Production of Documents ("RFPs") and Interrogatories (collectively, "Discovery Requests") served by Co-Lead Class Counsel as follows:

## GENERAL OBJECTIONS TO DISCOVERY REQUESTS

1.   RD Legal objects to the Discovery Requests in their entirety because they do not comply with Federal Rule of Civil Procedure 45, which governs the discovery of information from non-parties such as RD Legal. In particular, the Discovery Requests were not made pursuant to a valid subpoena in accordance with Rule 45(a)-(c).

2.   RD Legal objects to the Interrogatories in their entirety on the ground that the Federal Rules of Civil Procedure do not authorize propounding interrogatories on non-parties such as RD Legal.

3.   RD Legal objects to the Discovery Requests in their entirety because they seek the production of information relating to contracts that are not "relevant to any party's claim or defense" in the above-referenced lawsuit, Fed. R. Civ. P. 26(b)(1), and thus are outside the scope of discovery.

4.   RD Legal objects to the Discovery Request in their entirety on the ground that any dispute regarding contracts RD Legal entered with any class members in the above-referenced lawsuit must be submitted to arbitration and may not be adjudicated by this Court.

5.   RD Legal objects to each Discovery Request to the extent that it purports to seek information protected by the attorney-client privilege or the work product doctrine.

6.   RD Legal objects to each Discovery Request to the extent that it seeks information that is or may be confidential or information otherwise protected by any right of privacy.

7.   RD Legal objects to each Discovery Request to the extent that it seeks proprietary business information, trade secrets, or other confidential information.

## RESPONSES TO REQUESTS FOR PRODUCTION

Notwithstanding and without waiving any of its General Objections, which are incorporated into each of its Responses as though set forth in full, RD Legal responds to the Requests for Production as follows:

**REQUEST FOR PRODUCTION NO. 1:**

Produce exemplars of all Solicitations that You directed toward Retired NFL Football Players.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

RD Legal objects to this Request on the grounds that (1) it does not comply with Federal Rules of Civil Procedure 45, which governs non-party discovery; (2) it seeks information that is not relevant to any party's claim or defense in this litigation, and thus it outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1); and (3) the burden and expense on non-party RD Legal to respond to this Request far outweigh the likely benefit. Fed. R. Civ. Proc. 26(b)(1). RD Legal further objects to the defined term "Solicitations" as vague and ambiguous. Based upon these objections, RD Legal declines to provide documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all Communications that You had with Retired NFL Football Players related to the Settlement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

RD Legal objects to this Request on the grounds that (1) it does not comply with Federal Rules of Civil Procedure 45, which governs non-party discovery; (2) it seeks information that is not relevant to any party's claim or defense in this litigation, and thus it outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1); and (3) the burden and expense on non-party RD Legal to respond to this Request far outweigh the likely benefit. Fed. R. Civ. Proc.

26(b)(1). RD Legal objects to this request to the extent that it seeks information that is or may be confidential or information otherwise protected by any right of privacy. Based upon these objections, RD Legal declines to provide documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all Communications that You had with any other person or entity related to the Settlement, including, but not limited to MAF or BAP examinations, other Medical services, or related in any way to MAF Monetary Awards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

RD Legal objects to this Request on the grounds that (1) it does not comply with Federal Rules of Civil Procedure 45, which governs non-party discovery; and (2) it seeks information that is not relevant to any party's claim or defense in this litigation, and thus it outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). RD Legal further objects to this Request as overbroad and unduly burdensome to the extent it seeks Communications related in any way to the Class Action Settlement. RD Legal objects to this request to the extent that it seeks information that is or may be confidential or information otherwise protected by any right of privacy. RD Legal further objects to this Request because it seeks information protected by the attorney-client privilege or the work product doctrine. Based upon these objections, RD Legal declines to provide documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all agreements that You entered into with any other person or entity related to the Settlement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

RD Legal objects to this Request on the grounds that (1) it does not comply with Federal Rules of Civil Procedure 45, which governs non-party discovery; (2) it seeks information that is not relevant to any party's claim or defense in this litigation, and thus it outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1); and (3) the burden and expense on non-party RD Legal to respond to this Request far outweigh the likely benefit. Fed. R. Civ. Proc.

26(b)(1). RD Legal further objects to the phrase "any other person or entity" as vague and ambiguous. RD Legal further objects to this Request as overbroad and unduly burdensome to the extent it seeks agreements related in any way to the Class Action Settlement. RD Legal further objects to this Request because it seeks information protected by the attorney-client privilege. Based upon these objections, RD Legal declines to provide documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all agreements that You entered into with any Retired NFL Football Player.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

RD Legal objects to this Request on the grounds that (1) it does not comply with Federal Rules of Civil Procedure 45, which governs non-party discovery; and (2) it seeks information that is not relevant to any party's claim or defense in this litigation, and thus it outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). Based upon these objections, RD Legal declines to provide documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all agreements that You entered into related to any MAF Monetary Awards that might be made through the Settlement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

RD Legal objects to this Request on the grounds that (1) it does not comply with Federal Rules of Civil Procedure 45, which governs non-party discovery; and (2) it seeks information that is not relevant to any party's claim or defense in this litigation, and thus it outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). Based upon these objections, RD Legal declines to provide documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all agreements that You entered into related to any other benefit that may be provided through the Settlement, including through the BAP or any comparable Medical services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

RD Legal objects to this Request on the grounds that (1) it does not comply with Federal Rules of Civil Procedure 45, which governs non-party discovery; and (2) it seeks information that is not relevant to any party's claim or defense in this litigation, and thus it outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). Based upon these objections, RD Legal declines to provide documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Produce any recordings of conversations related to the Settlement that You had with any person or entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

RD Legal objects to this Request on the grounds that (1) it does not comply with Federal Rules of Civil Procedure 45, which governs non-party discovery; (2) it seeks information that is not relevant to any party's claim or defense in this litigation, and thus it outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1); and (3) the burden and expense on non-party RD Legal to respond to this Request far outweigh the likely benefit. Fed. R. Civ. Proc. 26(b)(1). RD Legal further objects to this Request as overbroad and unduly burdensome to the extent it seeks recordings related in any way to the Class Action Settlement. RD Legal objects to this request to the extent that it seeks information that is or may be confidential or information otherwise protected by any right of privacy. RD Legal further objects to this Request because it seeks information protected by the attorney-client privilege. Based upon these objections, RD Legal declines to provide documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all Settlement-related deposition and/or interview transcripts, along with any exhibits thereto (whether the witness was You, a Retired NFL Football Player, or someone else), conducted in connection with any of the following cases, conducted in connection with investigations related to the following cases, or in way related to the following cases: *Consumer Financial Protection Bureau. v. RD Legal Funding, LLC*, No. 17-cv-00890-LAP (S.D.N.Y.); *RD*

*Legal Funding, LLC v. Consumer Fin. Prot. Bureau*, No. 17-cv-00010-LAP (S.D.N.Y.); and *RD Legal Funding, LLC. v. Schneiderman*, No. 1:17-cv-00681-LAP (S.D.N.Y.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

RD Legal objects to this Request on the grounds that (1) it does not comply with Federal Rules of Civil Procedure 45, which governs non-party discovery; (2) it seeks information that is not relevant to any party's claim or defense in this litigation, and thus it outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1); and (3) the burden and expense on non-party RD Legal to respond to this Request far outweigh the likely benefit. Fed. R. Civ. Proc. 26(b)(1). RD Legal objects to this request to the extent that it seeks information that is or may be confidential or information otherwise protected by any right of privacy. RD Legal further objects to this Request because it seeks information protected by the attorney-client privilege or the work product doctrine. Based upon these objections, RD Legal declines to provide documents in response to this Request.

**RESPONSES TO INTERROGATORIES**

Notwithstanding and without waiving any of its General Objections, which are incorporated into each of its Responses as though set forth in full, RD Legal responds to the Interrogatories as follows:

**INTERROGATORY NO. 1:**

Identify every Retired NFL Football Player with whom You have entered into any agreement related to the Settlement and state the nature of each agreement into which You entered with each Retired NFL Football Player.

**RESPONSE TO INTERROGATORY NO. 1:**

RD Legal objects to this Interrogatory on the grounds that (1) Federal Rules of Civil Procedure 45, which governs non-party discovery, does not authorize the service of interrogatories on non-parties; (2) even if interrogatories were permitted, they were not served

6

pursuant to a valid subpoena under Federal Rule of Civil Procedure 45; and (3) it seeks information that is not relevant to any party's claim or defense in this litigation, and thus it outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). Based upon these objection, RD Legal declines to provide documents in response to this Interrogatory.

**INTERROGATORY NO. 2:**

Identify every Retired NFL Football Player referred for, sent to, or scheduled for any type of medical services, by You, anyone working on Your behalf, or working in conjunction with You in any way, regardless of whether the medical services were performed by someone affiliated with You or Your organizations or not.

**RESPONSE TO INTERROGATORY NO. 2:**

RD Legal objects to this Interrogatory on the grounds that (1) Federal Rules of Civil Procedure 45, which governs non-party discovery, does not authorize the service of interrogatories on non-parties; (2) even if interrogatories were permitted, they were not served pursuant to a valid subpoena under Federal Rule of Civil Procedure 45; and (3) it seeks information that is not relevant to any party's claim or defense in this litigation, and thus it outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). RD Legal further objects to this Interrogatory as compound and unintelligible. Based upon these objection, RD Legal declines to provide documents in response to this Interrogatory.

**INTERROGATORY NO. 3:**

Identify every Retired NFL Football Player for whom You, or anyone working on Your behalf, or working in conjunction with You in any way, have been involved in the payment, directly or through others, for a Retired NFL Football Player's expenses (whether on a non-recourse or recourse basis) in connection with obtaining any Medical services to assist the Retired NFL Football Player in any way in participating in the Settlement.

**RESPONSE TO INTERROGATORY NO. 3:**

RD Legal objects to this Interrogatory on the grounds that (1) Federal Rules of Civil Procedure 45, which governs non-party discovery, does not authorize the service of

interrogatories on non-parties; (2) even if interrogatories were permitted, they were not served pursuant to a valid subpoena under Federal Rule of Civil Procedure 45; and (3) it seeks information that is not relevant to any party's claim or defense in this litigation, and thus it outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). RD Legal further objects to this Interrogatory as compound and unintelligible. Based upon these objection, RD Legal declines to provide documents in response to this Interrogatory.

**INTERROGATORY NO. 4:**

Identify every individual and entity with whom You, anyone working on Your behalf, or working in conjunction with You in any way, have worked or Communicated in connection with any Retired NFL Football Player's obtaining any Medical services to assist the Retired NFL Football Player in any way in participating in the Settlement, including, but not limited to, medical providers. For each such individual and/or entity, explain the details of the relationship and identify each Retired NFL Football Player involved.

**RESPONSE TO INTERROGATORY NO. 4:**

RD Legal objects to this Interrogatory on the grounds that (1) Federal Rules of Civil Procedure 45, which governs non-party discovery, does not authorize the service of interrogatories on non-parties; (2) even if interrogatories were permitted, they were not served pursuant to a valid subpoena under Federal Rule of Civil Procedure 45; and (3) it seeks information that is not relevant to any party's claim or defense in this litigation, and thus it outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). RD Legal further objects to this Interrogatory as compound and unintelligible. RD Legal further objects to this Interrogatory as overbroad and unduly burdensome. Based upon these objection, RD Legal declines to provide documents in response to this Interrogatory.

**INTERROGATORY NO. 5:**

Identify every individual and entity with whom You, anyone working on Your behalf, or working in conjunction with You in any way, have any financial relationship or understanding, whether recourse or non-recourse, whether in writing or verbal, related to any Retired NFL

Football Player's participation in the Settlement. For each such individual and entity, explain the details of the relationship and identify each Retired NFL Football Player involved. Identify any document related to the relationship.

**RESPONSE TO INTERROGATORY NO. 5:**

RD Legal objects to this Interrogatory on the grounds that (1) Federal Rules of Civil Procedure 45, which governs non-party discovery, does not authorize the service of interrogatories on non-parties; (2) even if interrogatories were permitted, they were not served pursuant to a valid subpoena under Federal Rule of Civil Procedure 45; and (3) it seeks information that is not relevant to any party's claim or defense in this litigation, and thus it outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). RD Legal further objects to this Interrogatory as compound and unintelligible. RD Legal further objects to this Interrogatory as overbroad and unduly burdensome. Based upon these objections, RD Legal declines to provide documents in response to this Interrogatory.

**INTERROGATORY NO. 6:**

Identify every individual and entity from whom You have obtained contact information for any Retired NFL Football Player, including their home or cellular telephone numbers, home or business addresses and email addresses.

**RESPONSE TO INTERROGATORY NO. 6:**

RD Legal objects to this Interrogatory on the grounds that (1) Federal Rules of Civil Procedure 45, which governs non-party discovery, does not authorize the service of interrogatories on non-parties; (2) even if interrogatories were permitted, they were not served pursuant to a valid subpoena under Federal Rule of Civil Procedure 45; and (3) it seeks information that is not relevant to any party's claim or defense in this litigation, and thus it outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). RD Legal further objects to this Interrogatory as compound and unintelligible. RD Legal further objects to this Interrogatory as overbroad and unduly burdensome. RD Legal further objects to this Interrogatory to the extent it seeks private or confidential information of former NFL players.

Based upon these objections, RD Legal declines to provide documents in response to this Interrogatory.

DATED: August 8, 2017

BOIES SCHILLER FLEXNER LLP

By _____
JEFFREY M. HAMMER
Attorneys for Non-Parties RD LEGAL FUNDING, LLC; RD LEGAL FINANCE, LLC; RD LEGAL FUNDING PARTNERS, LP; AND RONI DERSOVITZ

10

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 725 South Figueroa Street, 31st Floor, Los Angeles, CA 90017-5524.

On August 8, 2017, I served true copies of the following document(s) described as **RESPONSE OF NON-PARTIES RD LEGAL FUNDING, LLC; RD LEGAL FINANCE, LLC; RD LEGAL FUNDING PARTNERS, LP; AND RONI DERSOVITZ TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES** on the interested parties in this action as follows:

Christopher A. Seeger
SeegerWeiss LLP
77 Water Street
New York, NY 10005
cseeger@seegerweiss.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Boies Schiller Flexner LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address smejia@bsfllp.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 8, 2017, at Los Angeles, California.

Sonia Mejia