# Exhibit G-1

(Redacted)



NOV 3 0 2015

**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE
SUPERVISION OF AN ATTORNEY**

### ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is made on November 25, 2015, between ▊▊▊ and ▊▊▊ (also known as ▊▊▊ ("you"), with a residence address located at      REDACTED      Riverview, FL  33578 and RD Legal Finance, LLC ("RD Finance", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ  07626 (each a "Party", and together the "Parties").  If more than one individual is named above, "you" shall mean each and every such individual.

**YOUR ATTENTION IS DRAWN TO THE DISPUTE RESOLUTION
PROVISION IN SECTION 8.  IF A DISPUTE ARISES BETWEEN US, YOU OR WE
MAY REQUIRE THAT IT BE RESOLVED THROUGH BINDING ARBITRATION,
RATHER THAN BY JURY TRIAL.**

**WHEREAS**, you are the client of Holliday Karatinos Law Firm, PLLC, the law firm that represented you and other plaintiff(s), with reference to In Re:  National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323 (the "Case"), and you have an interest in the Case;

**WHEREAS**, per the Settlement Agreement amended and filed February 13, 2015, along with the Amended Final Court Order and Judgment dated May 08, 2015, the Monetary Award Fund to be overseen by Special Masters Wendell Pritchett and Jo-Ann M. Verrier and Claims Administrator BrownGreer, PLC is to be set-up for claimants who are deemed to have proved they have a Qualifying Diagnosis based on the requirements as set-forth in the Settlement Agreement, from which an award is anticipated to be received by you in the amount of $1,500,000.00 (the "Award") based upon your qualified medical diagnosis constituting an impairment Level 1.5 and prior to any Offsets and/or Set-asides being applied.

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award, which may be subject to increase upon appeal, to RD Finance; and

NOW, THEREFORE, you and we agree as follows:

1.   **Assignments and Consideration**

(a)   You hereby sell and assign to RD Finance your interest in $425,166.66 of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

US_ACTIVE-110091304-RMJAWORS

**EXHIBIT B-1**

193293v2 9/19/13(08/04/15.icl/bl.bg.11/25/15)

(b) In return for the Property, RD Finance will pay to you the sum of $202,460.31 (the "Purchase Price"). You consent to have a portion of the Purchase Price applied or withheld to cover the current outstanding liens(s) and/or judgments along with any penalties and interest that may have accrued in the combined amount of $179,963.96, broken down as follows:

- **$6,178.03** – to be **applied to pay-off** Atlas Legal Funding II, L.P. (amount applicable if paid by December 08, 2015)

- **$162,467.78** – to be **applied to pay-off IRS Federal Tax obligation** (amount applicable if paid by December 05, 2015) (Filing dated 03/06/2013 / ▮▮▮▮▮ plus Filing dated 10/12/2011 / ▮▮▮▮▮ )

- **$11,318.15** to be **withheld with reference to the FL Small Claims Judgment owed** ▮▮▮▮▮. The withheld amount will be refunded to you, along with accrued interest at the rate of .04932% per diem, upon receipt by RD Finance of the Purchased Amount or receipt of supporting documentation that the lien/judgment has been satisfied in full.

(c) **This transaction is a true sale and assignment of the Property to RD** Finance **and provides RD Finance with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(d) Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to RD Finance a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

## 2. Procedure for Paying Property Amount to RD Finance

The entire Property Amount will be paid to RD Finance from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

US_ACTIVE-11009:304-RM.AWORS

EXHIBIT B-1

J93293v2 9/19/13(08/04/15.iel/bl.bg.11/25/15)

3. **Representations, Warranties and Assignments:** You represent and warrant to RD Finance that:

   (a) Holliday Karatinos Law Firm, PLLC are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any reduction or defense.

   (b) You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RD Finance. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon RD Finance's payment to you of the Purchase Price, RD Finance will own the Property free and clear of any Adverse Interests.

   (c) You have the legal capacity to execute and perform this Agreement.

   (d) You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

   (e) The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

   (f) There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

   (g) All of the information that you have provided to RD Finance is true and complete in all respects. You understand that RD Finance has relied and will continue to rely on this information in acquiring and RD Finance dealing with the Property.

   (h) You have not engaged in any acts or conduct or made any omissions that will potentially result in RD Finance receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

   (i) You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

   (j) This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-1

193293v2 9/19/13(08/04/15.iel/bl.bg.11/25/15)

(k)     You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

4.          **Covenants.**  You covenant to RD Finance that:

(a)     If before payment of the full Purchase Price RD Finance discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RD Finance may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RD Finance for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RD Finance the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)     When requested, you will promptly execute any additional documents and take whatever further actions RD Finance reasonably determines are necessary or desirable to perfect the assignment of the Property to RD Finance or to carry out the terms of this Agreement.

(c)     You will immediately advise RD Finance if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RD Finance in accordance with RD Finance's instructions.  If you fail to do so, you will be in breach of the Agreement.

(d)     At RD Finance's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RD Finance may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RD Finance instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

(f)     You will notify RD Finance in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

I.      A Breach occurs;

II.     You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

US_ACTIVE-115091304-RMJAWORS

EXHIBIT B-1

193293v2 9/19/13(08/04/15.iel/bl.bg.11/25/15)

III.   Any other event which could potentially encumber the Property; or

IV.   A change in the information that RD Finance may use to contact you (including, but not limited to a change of address, telephone number, etc.).

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

or to such other address or addresses that RD Finance may otherwise provide. The notice required by this provision shall be considered to have been given by you when it is received by RD Finance.

5.      **Other Agreements**

(a)   Excess Payment to RD Finance. If RD Finance receives payment with respect to the Case in an amount that exceeds the Property Amount, RD Finance will promptly pay the excess amount to you.

(b)   Best Evidence. In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

(c)   Equitable Relief. Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

(d)   Entire Agreement. This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

(e)   Enforcement. The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-1

193293v2 9/19/13(08/04/15.iel/bl.bg.11/25/15)

matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

(f) Assignment. RD Finance may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person. RD Finance may also pledge or grant a security interest in the Property. This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

(g) Third-Party Beneficiary. This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RD Finance.

(h) No Recourse. RD Finance is purchasing all of your interest in the Property without recourse against you (other than for a Breach). This means that, in the event RD Finance for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RD Finance any portion of the Purchase Price that RD Finance paid to you.

(i) Severability. If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

6. **Governing Law; Exclusive Jurisdiction:** This Agreement is governed by and construed in accordance with the laws of the State of New Jersey. If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey. The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

7. **DISPUTE RESOLUTION**

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. THIS SECTION CONTAINS IMPORTANT INFORMATION REGARDING HOW DISPUTES UNDER THIS AGREEMENT WILL BE RESOLVED. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.**

**Agreement to Arbitrate Disputes.** Either you or we may elect, without the other's consent, to require that any dispute between us relating to this Agreement be resolved by binding arbitration.

US_ACTIVE:110091304:RMJAWORS

EXHIBIT B-1

193293v2 9/19/13(08/04/15.iel/bl.bg.11/25/15)

**Disputes Covered by Arbitration.** Any claim or dispute relating to or arising out of this Agreement, or our relationship will be subject to arbitration. All disputes are subject to arbitration, no matter on what legal theory they are based or what remedy (damages, or injunctive or declaratory relief) they seek. Disputes include any unresolved claims concerning payments made or due under the terms of this Agreement, any Breach of this Agreement or of any of the representations, warranties or covenants agreed to under this Agreement.

Disputes include not only claims made directly by you, but also made by anyone connected with you or claiming through you, such as a parent, child, guardian, representative, agent, heir, or trustee in bankruptcy. Disputes also include not only claims that relate directly to RD Finance, but also its parent, affiliates, successors, assignees, employees, and agents and claims for which we may be directly or indirectly liable, even if we are not properly named at the time the claim is made. Disputes include claims based on any theory of law, contract, statute, regulation, tort (including fraud or any intentional tort), or any other legal or equitable ground, and include claims made as counterclaims, cross-claims, third party claims, interpleaders or otherwise.

A Party who initiates a proceeding in court may elect arbitration with respect to any dispute advanced in that proceeding by any other party. Disputes include claims made as part of a class action or other representative action, it being expressly understood and agreed to that the arbitration of such claims must proceed on an individual (non-class, non-representative) basis. Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions. Any questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

**Commencing an Arbitration.** The Party filing an arbitration must choose one of the following neutral arbitration forums and follow its rules and procedures for initiating and pursuing an arbitration: American Arbitration Association or JAMS. If you initiate the arbitration, you must notify us in writing at RD Legal Finance, LLC, 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, Attn: Roni Dersovitz. If we initiate the arbitration, we will notify you in writing at your last known address on file. You may obtain a copy of the arbitration rules for these forums, as well as additional information about initiating an arbitration by contacting these arbitration forums:

American Arbitration Association        JAMS
1-800-778-7879 (toll-free)              1-800-352-5267 (toll-free)
Website: www.adr.org                    Website: www.jamsadr.com.

The arbitration shall be conducted in the same city as the U.S. District Court closest to your home address, unless the parties agree to a different location in writing.

**Administration of Arbitration.** The arbitration will be decided by a single, neutral arbitrator. The arbitrator will be either a lawyer with at least ten years experience or a retired or former judge, selected in accordance with the rules of the arbitration forum. The arbitrator shall

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-1

193293v2 9/19/13(08/04/15.iel/bl.bg.11/25/15)

follow procedures and rules of the arbitration forum in effect on the date the arbitration is filed unless those rules and procedures are inconsistent with this arbitration provision, in which case this arbitration provision will prevail. Those procedures and rules may limit the discovery available to you or us. The arbitrator will take reasonable steps to protect personal information and other confidential information if requested to do so by you or us. The arbitrator shall decide the dispute in accordance with applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, will honor claims of privilege recognized at law, and will be empowered to award any damages or other relief provided for under applicable law. The arbitrator will not have the power to award relief to, or against, any person who is not a party to the arbitration.

An award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the claims in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other dispute. You or we may choose to have a hearing and be represented by counsel. The decision rendered by the arbitrator shall be in writing; however, the arbitrator need not provide a statement of his reasons unless one is requested by you or us.

**Costs.** The Party initiating the arbitration shall pay the initial filing fee. If you file the arbitration and an award is rendered in your favor, we will reimburse you for your filing fee. If there is a hearing, we will pay the fees and costs for the first day of that hearing. All other fees and costs will be allocated in accordance with the rules of the arbitration forum. However, we will advance or reimburse filing and other fees if the arbitrator rules that you cannot afford to pay them or finds other good cause for requiring us to do so, or if you ask us and we determine there is good reason for doing so. Each party shall bear the expense of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

**No Class Action or Joinder of Parties.** You and we agree that no class action, private attorney general or other representative claims may be pursued in arbitration, nor may such action be pursued in court if either you or we elect arbitration. Unless mutually agreed to by you and us, claims of two or more persons may not be joined, consolidated, or otherwise brought together in the same arbitration (unless those persons are parties to a single transaction or related transaction); this is so whether or not the claim may have been assigned.

**Right to Resort to Provisional Remedies Preserved.** Nothing in this section shall be deemed to limit or constrain our right to resort to self-help remedies, such as the right of setoff or the right to exercise any security interest or lien we may hold on property, or to comply with legal process, or to obtain provisional remedies such as injunctive relief, attachment, or garnishment by a court having appropriate jurisdiction; provided, however, that you or we may elect to arbitrate any dispute related to such provisional remedies.

**Arbitration Award.** The arbitrator's award shall be final and binding unless a party appeals it in writing to the arbitration forum within fifteen days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators selected in accordance with the rules of the same arbitration forum. The panel will consider all factual and

US_ACTIVE-110091304-RMJAWORS

193293v2 9/19/13(08/04/15.iel/bl.bg.11/25/15)

legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated before a single arbitrator. An award by a panel is final and binding on the parties after fifteen (15) days have passed. A final and binding award is subject to judicial intervention or review only to the extent allowed under the Federal Arbitration Act. A Party may seek to have a final and binding award entered as a judgment in any court having jurisdiction.

**Governing Law.** You and we agree that our relationship includes transactions involving interstate commerce and that these arbitration provisions are governed by, and enforceable under, the Federal Arbitration Act.

**Severability, Survival.** These arbitration provisions shall survive: (i) termination of this Agreement; (ii) the bankruptcy of any Party; and (iii) the transfer or assignment of this Agreement. If any portion of this arbitration provision is deemed invalid or unenforceable, the entire arbitration provision shall not remain in force. No provision of this arbitration provision may be amended, severed or waived absent a written agreement between you and us.

8.    WAIVER OF TRIAL BY JURY.

EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.

### RIGHT TO CANCEL

CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.

For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to:  RD Legal Finance, LLC, PO Box 12428, Newark, NJ 07101-3528.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-1

193293v2 9/19/13(08/04/15.icl/bl.bg.11/25/15)

IMPORTANT NOTICE

This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.

DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CIVIL ACTION OR CLAIM HAS PROVIDED NO TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE REGARDING THIS TRANSACTION.

9.     **Date of Execution:** This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RD Finance at its offices (all containing original signatures). (ii) RD Finance receives from Holliday Karatinos Law Firm, PLLC or "you" the Notice of Assignment to Holliday Karatinos Law Firm, PLLC and the letter addressed to RD Finance from Holliday Karatinos Law Firm, PLLC acknowledging RD Finance's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RD Finance.

10.    **Wire Instructions:** *Please send or transmit payment subject to this Agreement to RD Legal Finance, LLC at:*

Bank: BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL 60603
Account Title: RD Legal Finance, LLC
Account Number: REDACTED
ABA Number: 071000288

US ACTIVE 110091304-RM.AWORS

EXHIBIT B-1

193293v2 9/19/13(08/04/15.iel/bl.bg.11/25/15)

## IMPORTANT NOTICE

**This is a complex financial transaction.  By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case.  In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning.  You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.



RD LEGAL FINANCE, LLC

By: _____

_____ LEO S. ZATTA _____
Printed Name

_____ CFO _____
Title

US_ACTIVE-110091304.RMJAWORS

EXHIBIT B-1

193293v2 9/19/13(08/04/15.iel/bl.bg.11/25/15)

### Limited Irrevocable Power of Attorney

We, ▮▮▮▮▮▮ and ▮▮▮▮▮▮ (also known as ▮▮▮▮▮), appoint
Roni Dersovitz or any other managers, members or officers of RD Legal Finance, LLC ("RD
Finance"), whose principal place of business is located at 45 Legion Drive, 2nd Floor, Cresskill,
NJ 07626, as my true and lawful attorney for the following purposes:

(A) To endorse and deposit any and all checks payable to me with respect to my Award
in the matter entitled In Re: National Football League Players' Concussion Injury Litigation No.
2:12-md-02323-AB, MDL-2323 (the "Checks"), a portion of which I assigned to RD as
evidenced by the attached Agreement.

I understand that by executing this Power of Attorney, I am giving up the right to endorse
and deposit the Checks, except as otherwise authorized by RD Finance. This Power of Attorney
may not be revoked or changed except upon written agreement of RD Finance.

By: ▮▮▮▮▮▮▮▮▮▮▮                    Date: 11/27/15

By (Spouse) ▮▮▮▮▮▮▮▮▮              Date: 11/27/15

US_ACTIVE \*\*5091304-RMJAWORS

EXHIBIT B-1

193293v2 9/19/13(08/04/15.ie\/bl.bg.11/25/15}

## ACKNOWLEDGMENT

STATE OF FLORIDA      }

                    SS:

COUNTY OF HILLSBOROUGH}

     **BE IT REMEMBERED** that on date before me personally appeared ▮▮▮▮▮ who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

                               NOTARY PUBLIC

MATTHEW PARSONS
Notary Public - State of Florida
My Comm. Expires Jan 27, 2017
Commission # EE 868624

## ACKNOWLEDGMENT

STATE OF FLORIDA      }

                    SS:

COUNTY OF HILLSBOROUGH}

     **BE IT REMEMBERED** that on date before me personally appeared ▮▮▮▮▮ (also known as ▮▮▮▮▮. who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

                               NOTARY PUBLIC

MATTHEW PARSONS
Notary Public - State of Florida
My Comm. Expires Jan 27, 2017
Commission # EE 868624

US_ACTIVE-110651304-RM.AWORS

**EXHIBIT B-1**

193293v2 9/19/13(08/04/15,iel/bl.bg.11/25/15)

## CERTIFICATION OF TRUTHFULNESS

We, ▮▮▮▮▮▮ and ▮▮▮▮▮▮ (also known as ▮▮▮▮▮▮ ), hereby certify
that all of my statements in the Agreement and the ancillary documents that I have provided to
RD Legal Finance, LLC, including but not limited to the Limited Irrevocable Power of Attorney
and the document entitled "Affidavit- Global (Plaintiff Client)", are true and correct and that I
know I am subject to punishment if any of those statements are willfully false.

By: _____     Date: 11 | 27 | 15

By (Spouse) _____     Date: 11 | 27 | 15

US_ACTIVE 110091304-RM.AWORE

193293v2 9/19/13(08/04/15.iel/bl.hg.11/25/15)

## Spousal Acknowledgment

I, ▮▮▮▮▮▮▮▮▮▮ hereby acknowledge the following:

(1) I am the spouse of ▮▮▮▮▮▮ who is a Party to this Agreement;

(2) I have read and understood the terms of, and been provided with, a copy of the Agreement;

(3) By virtue of this Agreement, my spouse has assigned $425,166.66 of his interest in the case regarding In Re: National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323 (the "Property") to RD Legal Finance, LLC ("RD Finance"); and

(4) To the best of my knowledge, my spouse (a) is not involved in any bankruptcy, insolvency or other legal proceedings that could affect his/her assets, (b) has paid or made adequate provision for payment of all federal, state and local taxes that are due, (c) has no tax or other governmental liens against him/her or his/her interest in the judgment, (d) is not indebted to me or any former spouse for support, maintenance or similar obligations, or to any child or the child's guardian for any child support or similar payments, and (e) has not transferred or assigned, and has no plans to transfer or assign, any portion of his/her interest in the judgment to any other party or person.

(5) To the best of my knowledge, my spouse is of sound mind and possesses the appropriate mental capacity to understand the nature and consequences of this Agreement and to sign legal documents.

▮▮▮▮▮▮▮▮▮▮ nowledgment as of _November 27_, 20_15_.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## ACKNOWLEDGMENT

STATE OF FLORIDA          }
                                   SS:   **REDACTED**
COUNTY OF HILLSBOROUGH}

I certify that on this _17_ day of _Nov_, 20_15_, ▮▮▮▮▮▮▮▮ personally came before me and acknowledged under oath, to my satisfaction, that this person is the person named in and who personally signed this Acknowledgment and signed, sealed and delivered such Acknowledgment as his or her own act and deed.

*Note: corrected orig. to be rec'd via reg mail rec'd faxed copy. TP 11/30/15*

                                            _____
                                            NOTARY PUBLIC

[Notary seal:]
MATTHEW PARSONS
Notary Public - State of Florida
My Comm. Expires Jan 27, 2017
Commission # EE 868624

- 15 -                                US_ACTIVE-125091304-RM.LAWCRS

EXHIBIT B-1

193293v2 9/19/13(08/04/15.iel/bl.hg.11/25/15)

## NOTICE OF ASSIGNMENT

TO:     Holliday Karatinos Law Firm, PLLC
        H&K Building
        15316 Cortez Boulevard
        Brooksville, Fl  34613

        Attn:  James W. Holliday, II, Esq.

RE:     In Re:  National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
        MDL-2323 - ▇▇▇▇▇▇

        You are hereby notified that on November 25, 2015, ▇▇▇▇▇▇▇ ("Assignor") transferred and
assigned to the undersigned ("RD Finance") a portion of the Assignor's right, title and interest regarding
In Re:  National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-
2323 (the "Judgment") and that the portion of Assignor's interest in that Judgment is assigned to RD
Finance is in the amount of $425,166.66 (the "Property Amount").

        You are hereby instructed that, promptly following receipt of funds representing Assignor's
interest in the Judgment, you are to issue a check to RD Finance (RD Legal Finance, LLC) in the sum of
the Property Amount pursuant to the Agreement(s) between the parties.  You are further instructed that
any distribution of the Property Amount to any person other than RD Finance shall be in violation of the
Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for
any loss suffered by RD Finance hereunder.

RD Legal Finance, LLC *(Payment address only)*          Tax I.D. No.REDACTED
PO Box 12428
Newark, NJ 07101-3528

By: _____               Date: _11/30/15_____
        Authorized Representative

**Assignor:** ▇▇▇▇▇▇▇▇▇▇

By: _____               Date: _11/27/15_____

By (Spouse ▇▇▇▇▇▇▇▇▇▇▇▇                              Date: _11/27/15_____

- 16 -                                               US_ACTIVE-110051304-RMJAWORS

EXHIBIT B-1

193293v2 9/19/13(08/04/15,iel/bl.bg 11/25/15)

### Holliday Karatinos Law Firm, PLLC
### H&K Building, 15316 Cortez Boulevard
### Brooksville, FL  34613

November 25, 2015

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:    In Re:  National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
        MDL-2323 - █████████

Dear Mr. Dersovitz:

This will acknowledge that our client, █████████ ("Assignor"), has assigned $425,166.66 of his interest in the judgment proceeds of the referenced case to RD Legal Finance, LLC ("RD Finance") pursuant to the Assignment and Sale Agreement(s) dated November 25, 2015, a copy of which is attached to and made a part of this communication.  We acknowledge receipt of the Notice of Assignment duly executed by our client, █████████.  In this regard, it is our understanding that, to the best of our knowledge, our client, █████████ is of sound mind and possesses the appropriate mental capacity to understand the nature and consequences of this Assignment and Sale Agreement dated November 25, 2015.

Holliday Karatinos Law Firm, PLLC, by the signature below of James W. Holliday, II, advises you that as of the above date, Holliday Karatinos Law Firm, PLLC has reviewed its files and confirms that it has not been notified of any liens (i.e.: medical, Medicare, Medicaid, etc.) in connection with Plaintiff client █████████ claim against the NFL - In Re:  National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323.  In addition, Holliday Karatinos Law Firm, PLLC is not in written receipt of any past lien upon the judgment proceeds which may be received by the Assignor.

Furthermore, with the direction and consent of our client, █████████ we enclose for your review the various medical records and narratives that Holliday Karatinos Law Firm, PLLC has on file for Mr. ████.

We further acknowledge RD Finance's lien on Assignor's interest in the subject judgment proceeds.  By signing below, we agree to hold any funds constituting proceeds of the judgment received on behalf of the Assignor in an appropriate escrow account for disbursement to RD Legal Finance, LLC at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated November 25, 2015.

This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile.  Each such executed copy shall be deemed an original for all purposes.

Holliday Karatinos Law Firm, PLLC

James W. Holliday, II, Esq.

- 17 -

US_ACTIVE  10091304-5M.LAWORS

EXHIBIT B-1

193293v2 9/19/13(08/04/15.iel/bl.hg.11/25/15)

## NOTICE OF ASSIGNMENT

TO:     Monetary Award Fund
        Claim Processing


        Attn: Claims Administrator

RE:     In Re: National Foothal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
        MDL-2323 - ▓▓▓▓▓▓▓

        You are hereby notified that on November 25, 2015, ▓▓▓▓▓▓ ("Assignor") transferred and
assigned to the undersigned ("RD Finance") a portion of the Assignor's right, title and interest regarding
In Re: National Foothal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
MDL-2323 (the "Judgment") and that the portion of Assignor's interest in that Judgment is assigned to
RD Finance is the amount of $425,166.66 (the "Property Amount").

        You are hereby instructed that, promptly following receipt of funds representing Assignor's
interest in the Judgment, you are to issue a check to RD Legal Finance, LLC in the sum of the Property
Amount pursuant to the Agreement(s) between the parties. You are further instructed that any
distribution of the Property Amount to any person other than RD Finance shall be in violation of the
Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for
any loss suffered by RD Finance hereunder.

RD Legal Finance, LLC *(Payment address only)*          Tax I.D. No. REDACTED
PO Box 12428
Newark, NJ 07101-3528

By: _____
         Authorized Representative                       Date: 11/20/15


Assignor: ▓▓▓▓▓▓▓▓▓▓▓▓                                   Date: 11/27/15


Spouse: ▓▓▓▓▓▓▓▓▓▓▓                                      Date: 11/27/15


- 18 -                                          I:S_AGT VE-1*009133-RMLAWORS

EXHIBIT B-1

193293v2 9/19/13(08/04/15.iel/bl.bg.11/25/15)

**Holliday Karatinos Law Firm, PLLC**
**H&K Building, 15316 Cortez Boulevard**
**Brooksville, FL  34613**

November 25, 2015

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn:  Roni Dersovitz

Re:    In Re: National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
       MDL-2323 - ▮▮▮▮▮▮

Dear Mr. Dersovitz:

This will acknowledge that our client, ▮▮▮▮▮▮ ("Assignor"), has assigned $425,166.66 of
his interest in the judgment proceeds of the referenced case to RD Legal Finance, LLC ("RD Finance")
pursuant to the Assignment and Sale Agreement(s) dated November 25, 2015, a copy of which is attached
to and made a part of this communication.  We acknowledge receipt of the Notice of Assignment duly
executed by our client, ▮▮▮▮▮▮  In this regard, it is our understanding that, to the best of our
knowledge, our client, ▮▮▮▮▮▮ is of sound mind and possesses the appropriate mental capacity to
understand the nature and consequences of this Assignment and Sale Agreement dated November 25,
2015.

Holliday Karatinos Law Firm, PLLC, by the signature below of James W. Holliday, II, advises
you that as of the above date, Holliday Karatinos Law Firm, PLLC has reviewed its files and confirms
that it has not been notified of any liens (i.e.: medical, Medicare, Medicaid, etc.) in connection with
Plaintiff client ▮▮▮▮▮▮ claim against the NFL - In Re:  National Football League Players'
Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323.  In addition, Holliday Karatinos Law
Firm, PLLC is not in written receipt of any past lien upon the judgment proceeds which may be received
by the Assignor.

Furthermore, with the direction and consent of our client, ▮▮▮▮▮▮, we enclose for
your review the various medical records and narratives that Holliday Karatinos Law Firm, PLLC
has on file for Mr. ▮▮▮▮.

We further acknowledge RD Finance's lien on Assignor's interest in the subject judgment
proceeds.  By signing below, we agree to hold any funds constituting proceeds of the judgment received
on behalf of the Assignor in an appropriate escrow account for disbursement to RD Legal Finance, LLC
at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s)
dated November 25, 2015.

This letter may be executed in counterparts and a copy delivered via electronic mail or
facsimile.  Each such executed copy shall be deemed an original for all purposes.

Holliday Karatinos Law Firm, PLLC

James W. Holliday, II, Esq.

- 17 -

US_ACTIVE-116061804-RMJAW.ORS

EXHIBIT B-1

193293v2 9/19/13(08/04/15.iel/bl.bg.11/25/15)

## NOTICE OF ASSIGNMENT

TO:  Holliday Karatinos Law Firm, PLLC
     H&K Building
     15316 Cortez Boulevard
     Brooksville, FL 34613

     Attn: James W. Holliday, II, Esq.

RE:  In Re: National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
     MDL-2323 - ▉▉▉▉▉▉

     You are hereby notified that on November 25, 2015, ▉▉▉▉▉▉ ("Assignor") transferred and
assigned to the undersigned ("RD Finance") a portion of the Assignor's right, title and interest regarding
In Re: National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-
2323 (the "Judgment") and that the portion of Assignor's interest in that Judgment is assigned to RD
Finance is in the amount of $425,166.66 (the "Property Amount").

     You are hereby instructed that, promptly following receipt of funds representing Assignor's
interest in the Judgment, you are to issue a check to RD Finance (RD Legal Finance, LLC) in the sum of
the Property Amount pursuant to the Agreement(s) between the parties.  You are further instructed that
any distribution of the Property Amount to any person other than RD Finance shall be in violation of the
Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for
any loss suffered by RD Finance hereunder.

RD Legal Finance, LLC *(Payment address only)*          Tax I.D. No. REDACTED
PO Box 12428
Newark, NJ 07101-3528

By: _____                             Date: 11/30/15
        Authorized Representative

Assignor: ▉▉▉▉▉▉

By: _____                             Date: 11/27/15

By (S ▉▉▉▉▉▉                                             Date: 11/27/15

US_ACTIVE-110081304-RMJAWORS

EXHIBIT B-1

RECEIVED

JAN 2 8 2016

**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE
SUPERVISION OF AN ATTORNEY**

## ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is made on January 22, 2016, between ▮▮▮▮▮▮▮▮▮ ("you"), with residences located at the following three addresses: (1)  REDACTED   Blaine, WA 98230; (2)  REDACTED   Surrey, BC V3Z 0Y3; (3)  REDACTED  , St. Ann, Jamaica and RD Legal Finance, LLC ("RDL Finance", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

## DISCLOSURE STATEMENT

| | | |
|---|---|---|
| 1. | Total amount to be paid to you under this Agreement for the portion of your Award that we are purchasing: | $343,120.53 |
| 2. | Fees: | $ -0- |
| 3. | Amount of your Award that we are purchasing: | $665,234.45 |
| 4. | Additional amount that we will pay you if we recover the full amount of the portion of the Award that we are purchasing: | |

| | | |
|---|---|---|
| | in 6 months: | $290,514.79 |
| | in 12 months: | $258,184.71 |
| | in 18 months: | $223,065.25 |
| | in 24 months: | $184,915.75 |
| | in 30 months: | $143,474.79 |
| | in 36 months: | $ 98,458.39 |
| | in 42 months: | $ 49,558.06 |
| | in 48 months: | $ -0- |

5.    Annual percentage rate of return on our investment compounded annually    18%

**YOUR ATTENTION IS DRAWN TO THE DISPUTE RESOLUTION
PROVISION IN SECTION 8. IF A DISPUTE ARISES BETWEEN US, YOU OR WE
MAY REQUIRE THAT IT BE RESOLVED THROUGH BINDING ARBITRATION,
RATHER THAN BY JURY TRIAL.**

**WHEREAS**, you are the client of Rosenthal Lurie LLC, the law firm that represented you and other plaintiff(s), with reference to In Re: National Foothal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323 (the "Case"), and you have an interest in the Case;

**WHEREAS**, per the Settlement Agreement amended and filed February 13, 2015, along with the Amended Final Court Order and Judgment dated May 08, 2015, the Monetary Award Fund to be overseen by Special Masters Wendell Pritchett and Jo-Ann M. Verrier and Claims

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-2

Administrator BrownGreer, PLC is to be set-up for claimants who are deemed to have proved they have a Qualifying Diagnosis based on the requirements as set-forth in the Settlement Agreement, from which an award is anticipated to be received by you in the amount of $2,470,000.00 (the "Award") based upon your qualified medical diagnosis indicating Parkinson's Disease and prior to any Offsets and/or Set-asides being applied.

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award, which may be subject to increase upon appeal, to RDL Finance; and

NOW, THEREFORE, you and we agree as follows:

1.   **Assignments and Consideration**

   (a)   You hereby sell, transfer and assign to RDL Finance your interest in $665,234.45 of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any and all liens, claims and interests on or in the Award held, obtained or claimed by any party including without limitation any attorney's fees payable with respect to the Award ("Adverse Interests").

   (b)   In return for the Property, RDL Finance will pay to you the sum of $343,120.53 (Three Hundred Forty Three Thousand One Hundred Twenty Dollars and 53 Cents) (the "Purchase Price").

      (i)   You consent to have a portion of the Purchase Price in the amount of $243,830.00 applied to pay-off the current outstanding lien(s) along with any penalties and interest that may have accrued with reference to Peachtree Pre-Settlement Funding SPV, LLC payoff confirmation letter dated July 14, 2015.

   (c)   **This transaction is a true sale and assignment of the Property to RDL Finance and provides RDL Finance with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

   (d)   Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

- 2 -

You grant to RDL Finance a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

If the transaction under this Agreement were determined to be a loan rather than an absolute sale despite the intent of the Parties, and the implied interest on such loan would violate any law or regulation, then the amount of interest that would otherwise be payable hereunder shall be reduced to the maximum amount allowed under said laws or regulations.

2.   **Procedure for Paying Property Amount to RDL Finance**

The entire Property Amount will be paid to RDL Finance from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

3.       **Representations, Warranties and Assignments:** You represent and warrant to RDL Finance that:

(a)   Rosenthal Lurie LLC are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any reduction or defense.

(b)   You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RDL Finance. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon RDL Finance's payment to you of the Purchase Price, RDL Finance will own the Property free and clear of any Adverse Interests.

(c)   You have the legal capacity to execute and perform this Agreement.

(d)   You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)   The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)   There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

US_ACTIVE-110091804-RMJAWORS

EXHIBIT B-2

(g)    All of the information that you have provided to RDL Finance is true and complete in all respects. You understand that RDL Finance has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)    You have not engaged in any acts or conduct or made any omissions that will potentially result in RDL Finance receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)    You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)    This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)    You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

(l)    You have made an independent analysis and decision to enter into the Agreement, based on such information as you have deemed appropriate under the circumstances, and without reliance on us (except for reliance on any express representations, warranties and covenants made by us pursuant to this Agreement).

(m)    No payment or other distribution has been received by or on behalf of you on or before the date of this Agreement, in full or partial satisfaction of the Award.

(n)    You have not transferred, assigned or sold the Property to any other party, or granted to any other party, a participation or other interest in the Property.

4.    **Covenants.** You covenant to RDL Finance that:

(a)    If before payment of the full Purchase Price RDL Finance discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RDL Finance may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RDL Finance for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RDL Finance the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less,

- 4 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-2

calculated from the date of payment of the Purchase Price to the date of repayment.

(b)     When requested, you will promptly execute any additional documents and take whatever further actions RDL Finance reasonably determines are necessary or desirable to perfect the assignment of the Property to RDL Finance or to carry out the terms of this Agreement.

(c)     You will immediately advise RDL Finance if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RDL Finance in accordance with RDL Finance's instructions. If you fail to do so, you will be in breach of the Agreement.

(d)     At RDL Finance's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RDL Finance may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to RDL Finance instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

(f)     You will notify RDL Finance in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

    I.      A Breach occurs;

    II.     You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

    III.    Any other event which could potentially encumber the Property; or

    IV.     A change in the information that RDL Finance may use to contact you (including, but not limited to a change of address, telephone number, etc.).

        The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-2

or to such other address or addresses that RDL Finance may otherwise provide. The notice required by this provision shall be considered to have been given by you when it is received by RDL Finance.

5.      **Other Agreements**

(a)     Excess Payment to RDL Finance. If RDL Finance receives payment with respect to the Case in an amount that exceeds the Property Amount, RDL Finance will promptly pay the excess amount to you.

(b)     Best Evidence. In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

(c)     Equitable Relief. Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

(d)     Entire Agreement. This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

(e)     Enforcement. The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

(f)     Assignment. RDL Finance may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person. RDL Finance may also pledge or grant a security interest in the Property. This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

(g)     Third-Party Beneficiary. This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RDL Finance.

(h)     No Recourse. RDL Finance is purchasing all of your interest in the Property without recourse against you (other than for a Breach). This means that, in the event RDL Finance for any reason (other than your Breach of this Agreement)

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-2

does not receive all of the Property Amount, you will have no obligation to pay RDL Finance any portion of the Purchase Price that RDL Finance paid to you.

(i)   <u>Severability</u>.  If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

6.   **Governing Law; Exclusive Jurisdiction:**  This Agreement is governed by and construed in accordance with the laws of the State of New Jersey.  If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey.  The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

7.   **DISPUTE RESOLUTION**

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.  THIS SECTION CONTAINS IMPORTANT INFORMATION REGARDING HOW DISPUTES UNDER THIS AGREEMENT WILL BE RESOLVED.  IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING ARBITRATION.  ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING.  IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY.  ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.**

**Agreement to Arbitrate Disputes.**  Either you or we may elect, without the other's consent, to require that any dispute between us relating to this Agreement be resolved by binding arbitration.

**Disputes Covered by Arbitration.**  Any claim or dispute relating to or arising out of this Agreement, or our relationship will be subject to arbitration.  All disputes are subject to arbitration, no matter on what legal theory they are based or what remedy (damages, or injunctive or declaratory relief) they seek. Disputes include any unresolved claims concerning payments made or due under the terms of this Agreement, any Breach of this Agreement or of any of the representations, warranties or covenants agreed to under this Agreement.

Disputes include not only claims made directly by you, but also made by anyone connected with you or claiming through you, such as a parent, child, guardian, representative, agent, heir, or trustee in bankruptcy. Disputes also include not only claims that relate directly to RDL Finance, but also its parent, affiliates, successors, assignees, employees, and agents and claims for which we may be directly or indirectly liable, even if we are not properly named at the time the claim is made. Disputes include claims based on any theory of law, contract, statute, regulation, tort (including fraud or any intentional tort), or any other legal or equitable ground,

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-2

and include claims made as counterclaims, cross-claims, third party claims, interpleaders or otherwise.

A Party who initiates a proceeding in court may elect arbitration with respect to any dispute advanced in that proceeding by any other party. Disputes include claims made as part of a class action or other representative action, it being expressly understood and agreed to that the arbitration of such claims must proceed on an individual (non-class, non-representative) basis. Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions. Any questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

**Commencing an Arbitration.** The Party filing an arbitration must choose one of the following neutral arbitration forums and follow its rules and procedures for initiating and pursuing an arbitration: American Arbitration Association or JAMS. If you initiate the arbitration, you must notify us in writing at RD Legal Finance, LLC, 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, Attn: Roni Dersovitz. If we initiate the arbitration, we will notify you in writing at your last known address on file. You may obtain a copy of the arbitration rules for these forums, as well as additional information about initiating an arbitration by contacting these arbitration forums:

| | |
|---|---|
| American Arbitration Association | JAMS |
| 1-800-778-7879 (toll-free) | 1-800-352-5267 (toll-free) |
| Website: www.adr.org | Website: www.jamsadr.com. |

The arbitration shall be conducted in the same city as the U.S. District Court closest to your home address, unless the parties agree to a different location in writing.

**Administration of Arbitration.** The arbitration will be decided by a single, neutral arbitrator. The arbitrator will be either a lawyer with at least ten years experience or a retired or former judge, selected in accordance with the rules of the arbitration forum. The arbitrator shall follow procedures and rules of the arbitration forum in effect on the date the arbitration is filed unless those rules and procedures are inconsistent with this arbitration provision, in which case this arbitration provision will prevail. Those procedures and rules may limit the discovery available to you or us. The arbitrator will take reasonable steps to protect personal information and other confidential information if requested to do so by you or us. The arbitrator shall decide the dispute in accordance with applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, will honor claims of privilege recognized at law, and will be empowered to award any damages or other relief provided for under applicable law. The arbitrator will not have the power to award relief to, or against, any person who is not a party to the arbitration.

An award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the claims in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other dispute. You or we may choose to have a hearing and be represented by counsel. The decision rendered by the

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-2

arbitrator shall be in writing; however, the arbitrator need not provide a statement of his reasons unless one is requested by you or us.

**Costs.** The Party initiating the arbitration shall pay the initial filing fee. If you file the arbitration and an award is rendered in your favor, we will reimburse you for your filing fee. If there is a hearing, we will pay the fees and costs for the first day of that hearing. All other fees and costs will be allocated in accordance with the rules of the arbitration forum. However, we will advance or reimburse filing and other fees if the arbitrator rules that you cannot afford to pay them or finds other good cause for requiring us to do so, or if you ask us and we determine there is good reason for doing so. Each party shall bear the expense of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

**No Class Action or Joinder of Parties.** You and we agree that no class action, private attorney general or other representative claims may be pursued in arbitration, nor may such action be pursued in court if either you or we elect arbitration. Unless mutually agreed to by you and us, claims of two or more persons may not be joined, consolidated, or otherwise brought together in the same arbitration (unless those persons are parties to a single transaction or related transaction); this is so whether or not the claim may have been assigned.

**Right to Resort to Provisional Remedies Preserved.** Nothing in this section shall be deemed to limit or constrain our right to resort to self-help remedies, such as the right of setoff or the right to exercise any security interest or lien we may hold on property, or to comply with legal process, or to obtain provisional remedies such as injunctive relief, attachment, or garnishment by a court having appropriate jurisdiction; provided, however, that you or we may elect to arbitrate any dispute related to such provisional remedies.

**Arbitration Award.** The arbitrator's award shall be final and binding unless a party appeals it in writing to the arbitration forum within fifteen days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators selected in accordance with the rules of the same arbitration forum. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated before a single arbitrator. An award by a panel is final and binding on the parties after fifteen (15) days have passed. A final and binding award is subject to judicial intervention or review only to the extent allowed under the Federal Arbitration Act. A Party may seek to have a final and binding award entered as a judgment in any court having jurisdiction.

**Governing Law.** You and we agree that our relationship includes transactions involving interstate commerce and that these arbitration provisions are governed by, and enforceable under, the Federal Arbitration Act.

**Severability, Survival.** These arbitration provisions shall survive: (i) termination of this Agreement; (ii) the bankruptcy of any Party; and (iii) the transfer or assignment of this Agreement. If any portion of this arbitration provision is deemed invalid or unenforceable, the

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-2

entire arbitration provision shall not remain in force. No provision of this arbitration provision may be amended, severed or waived absent a written agreement between you and us.

8.   **WAIVER OF TRIAL BY JURY.**

EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.

9.   **CONDITIONS PRECEDENT.**

(a)   Our obligations to pay the Purchase Amount and to acquire the Property shall be subject to the following conditions:

(i)   Your representations and warranties in this Agreement are true and correct as of the date of this Agreement;

(ii)   This Agreement and the attached documents (Spousal Acknowledgment and Notice of Sale and Assignment) are signed by you before a Notary Public and returned to us (all containing original signatures);

(iii)   You have complied in all material respects with all covenants required by this Agreement to be complied with by you before this Agreement is fully executed; and

(b)   Your obligation to sell to us and transfer the Property to us shall be subject to the following conditions:

(i)   Our representations and warranties in this Agreement are true and correct as of the date of this Agreement;

(ii)   We have complied in all material respects with all covenants required by this Agreement to be complied with by us before this Agreement is fully executed; and

(iii)   You have received this Agreement duly executed on behalf of us.

10.   **ADDITIONAL PURCHASE PRICE**

If no Breach has occurred and RDL Finance receives payment of the full Property Amount by any of the following dates, RDL Finance will pay to you the following additional consideration in the form of an increase in the Purchase Price:

(A)   If RDL FINANCE receives the Property Amount on or before January 31, 2016,

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-2

it will pay you an Additional Purchase Price of $320,277.04

(B)     If RDL FINANCE receives the Property Amount between February 01, 2016 and February 29, 2016
it will pay you an Additional Purchase Price of $315,486.13

(C)     If RDL FINANCE receives the Property Amount between March 01, 2016 and March 31, 2016
it will pay you an Additional Purchase Price of $129,648.63

(D)     If RDL FINANCE receives the Property Amount between April 01, 2016 and April 30, 2016
it will pay you an Additional Purchase Price of $305,703.75

(E)     If RDL FINANCE receives the Property Amount between May 01, 2016 and May 31, 2016
it will pay you an Additional Purchase Price of $300,710.44

(F)     If RDL FINANCE receives the Property Amount between June 01, 2016 and June 30, 2016
it will pay you an Additional Purchase Price of $295,647.77

(G)     If RDL FINANCE receives the Property Amount between July 01, 2016 and July 31, 2016
it will pay you an Additional Purchase Price of $290,514.79

(H)     If RDL FINANCE receives the Property Amount between August 01, 2016 and August 31, 2016
it will pay you an Additional Purchase Price of $285,310.52

(I)     If RDL FINANCE receives the Property Amount between September 01, 2016 and September 30, 2016
it will pay you an Additional Purchase Price of $280,033.98

(J)     If RDL FINANCE receives the Property Amount between October 01, 2016 and October 31, 2016
it will pay you an Additional Purchase Price of $274,684.15

(K)     If RDL FINANCE receives the Property Amount between November 01, 2016 and November 30, 2016
it will pay you an Additional Purchase Price of $269,260.01

(L)     If RDL FINANCE receives the Property Amount between December 01, 2016 and December 31, 2016
it will pay you an Additional Purchase Price of $263,760.55

(M)     If RDL FINANCE receives the Property Amount between January 01, 2017 and January 31, 2017
it will pay you an Additional Purchase Price of $258,184.71

(N)     If RDL FINANCE receives the Property Amount between February 01, 2017 and February 28, 2017
it will pay you an Additional Purchase Price of $252,531.43

(O)     If RDL FINANCE receives the Property Amount between March 01, 2017 and March 31, 2017
it will pay you an Additional Purchase Price of $246,799.63

(P)     If RDL FINANCE receives the Property Amount between April 01, 2017 and April 30, 2017
it will pay you an Additional Purchase Price of $240,988.23

(Q)     If RDL FINANCE receives the Property Amount between May 01, 2017 and May 31, 2017
it will pay you an Additional Purchase Price of $235,096.11

- II -

EXHIBIT B-2

(R)   If RDL FINANCE receives the Property Amount between June 01, 2017 and June 30, 2017
it will pay you an Additional Purchase Price of $229,122.17

(S)   If RDL FINANCE receives the Property Amount between July 01, 2017 and July 31, 2017
it will pay you an Additional Purchase Price of $223,065.25

(T)   If RDL FINANCE receives the Property Amount between August 01, 2017 and August 31, 2017
it will pay you an Additional Purchase Price of $216,924.21

(U)   If RDL FINANCE receives the Property Amount between September 01, 2017 and September 30, 2017
it will pay you an Additional Purchase Price of $210,697.89

(V)   If RDL FINANCE receives the Property Amount between October 01, 2017 and October 31, 2017
it will pay you an Additional Purchase Price of $204,385.09

(W)   If RDL FINANCE receives the Property Amount between November 01, 2017 and November 30, 2017
it will pay you an Additional Purchase Price of $197,984.62

(X)   If RDL FINANCE receives the Property Amount between December 01, 2017 and December 31, 2017
it will pay you an Additional Purchase Price of $191,495.25

(Y)   If RDL FINANCE receives the Property Amount between January 01, 2018 and January 31, 2018
it will pay you an Additional Purchase Price of $184,915.75

(Z)   If RDL FINANCE receives the Property Amount between February 01, 2018 and February 28, 2018
it will pay you an Additional Purchase Price of $178,244.88

(AA)   If RDL FINANCE receives the Property Amount between March 01, 2018 and March 31, 2018
it will pay you an Additional Purchase Price of $171,481.36

(BB)   If RDL FINANCE receives the Property Amount between April 01, 2018 and April 30, 2018
it will pay you an Additional Purchase Price of $164,623.91

(CC)   If RDL FINANCE receives the Property Amount between May 01, 2018 and May 31, 2018
it will pay you an Additional Purchase Price of $157,671.21

(DD)   If RDL FINANCE receives the Property Amount between June 01, 2018 and June 30, 2018
it will pay you an Additional Purchase Price of $150,621.95

(EE)   If RDL FINANCE receives the Property Amount between July 01, 2018 and July 31, 2018
it will pay you an Additional Purchase Price of $143,474.79

(FF)   If RDL FINANCE receives the Property Amount between August 01, 2018 and August 31, 2018
it will pay you an Additional Purchase Price of $136,228.37

(GG)   If RDL FINANCE receives the Property Amount between September 01, 2018 and September 30, 2018
it will pay you an Additional Purchase Price of $128,881.31

(HH)   If RDL FINANCE receives the Property Amount between October 01, 2018 and October 31, 2018

- 12 -

it will pay you an Additional Purchase Price of $121,432.20

(II)   If RDL FINANCE receives the Property Amount between November 01, 2018 and November 30, 2018 it will pay you an Additional Purchase Price of $113,879.64

(JJ)   If RDL FINANCE receives the Property Amount between December 01, 2018 and December 31, 2018 it will pay you an Additional Purchase Price of $106,222.19

(KK)   If RDL FINANCE receives the Property Amount between January 01, 2019 and January 31, 2019 it will pay you an Additional Purchase Price of $98,458.39

(LL)   If RDL FINANCE receives the Property Amount between February 01, 2019 and February 28, 2019 it will pay you an Additional Purchase Price of $90,586.76

(MM)   If RDL FINANCE receives the Property Amount between March 01, 2019 and March 31, 2019 it will pay you an Additional Purchase Price of $82,605.80

(NN)   If RDL FINANCE receives the Property Amount between April 01, 2019 and April 30, 2019 it will pay you an Additional Purchase Price of $74,514.01

(OO)   If RDL FINANCE receives the Property Amount between May 01, 2019 and May 31, 2019 it will pay you an Additional Purchase Price of $66,309.83

(PP)   If RDL FINANCE receives the Property Amount between June 01, 2019 and June 30, 2019 it will pay you an Additional Purchase Price of $57,991.70

(QQ)   If RDL FINANCE receives the Property Amount between July 01, 2019 and July 31, 2019 it will pay you an Additional Purchase Price of $49,558.06

(RR)   If RDL FINANCE receives the Property Amount between August 01, 2019 and August 31, 2019 it will pay you an Additional Purchase Price of $41,007.28

(SS)   If RDL FINANCE receives the Property Amount between September 01, 2019 and September 30, 2019 it will pay you an Additional Purchase Price of $32,337.74

(TT)   If RDL FINANCE receives the Property Amount between October 01, 2019 and October 31, 2019 *it will pay you an Additional Purchase Price of $23,547.80*

(UU)   If RDL FINANCE receives the Property Amount between November 01, 2019 and November 30, 2019 it will pay you an Additional Purchase Price of $14,635.78

(VV)   *If RDL FINANCE receives the Property Amount between December 01, 2019 and December 31, 2019* it will pay you an Additional Purchase Price of $5,599.99

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-2

## RIGHT TO CANCEL

**CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.**

**For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to: RD Legal Finance, LLC, PO Box 12428, Newark, NJ 07101-3528.**

### IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CIVIL ACTION OR CLAIM HAS PROVIDED NO TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE REGARDING THIS TRANSACTION.**

**11.** **Date of Execution:** This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RDL Finance at its offices (all containing original signatures), (ii) RDL Finance receives from Rosenthal Lurie LLC or "you" the Notice of Assignment to Rosenthal Lurie LLC and the letter addressed to RDL Finance from Rosenthal Lurie LLC

- 14 -

EXHIBIT B-2

acknowledging RDL Finance's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RDL Finance.

12.     **Wire Instructions:** *Please send or transmit payment subject to this Agreement to RD Legal Finance, LLC at:*

Bank: BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL 60603
Account Title: RD Legal Finance, LLC
Account Number:REDACTED
ABA Number: 071000288

### IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CIVIL ACTION OR CLAIM HAS PROVIDED NO TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE REGARDING THIS TRANSACTION.**

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-2

ecuted this Agreement as of the date first written above.

Signature of Individual

Prin

Signature of Spouse.

Printed Name of Spouse

RD LEGAL FINANCE, LLC

By: _____

_____
LEO J. ZATTA
Printed Name

C FO
_____
Title

US_ACTIVE-110091304-R9JJAWORS

ACKNOWLEDGMENT

STATE OF WASHINGTON}

                    SS:

COUNTY OF WHATCOM }   REDACTED

> Notary Public
> State of Washington
> BRIANA ISENHOUR
> My Appointment Expires May 9, 2019

     **BE IT REMEMBERED** that on date before me personally appeared ▮▮▮▮▮▮ who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.



NOTARY PUBLIC

ACKNOWLEDGMENT

STATE OF WASHINGTON}

                    SS:

COUNTY OF WHATCOM }   REDACTED

> Notary Public
> State of Washington
> BRIANA ISENHOUR
> My Appointment Expires May 9, 2019

     **BE IT REMEMBERED** that on date before me personally appeared ▮▮▮▮▮▮ who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.



NOTARY PUBLIC

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-2

## CERTIFICATION OF TRUTHFULNESS

      I, ▓▓▓▓▓▓▓▓ hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Finance, LLC, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit- Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By ▓▓▓▓▓▓▓▓        Date _01/25/16_

BY (Spouse): ▓▓▓▓▓▓▓▓      Date _Jan 25, 2016_

- 18 -

EXHIBIT B-2

### Spousal Acknowledgment

I, ▮▮▮▮▮▮▮▮▮ hereby acknowledge the following:

(1) I am the spouse of ▮▮▮▮▮▮▮▮ who is a Party to this Agreement;

(2) I have read and understood the terms of, and been provided with, a copy of the Agreement;

(3) By virtue of this Agreement, my spouse has assigned $665,234.45 of his interest in the case regarding In Re: National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323 (the "Property") to RD Legal Finance, LLC ("RDL Finance"); and

(4) To the best of my knowledge, my spouse (a) is not involved in any bankruptcy, insolvency or other legal proceedings that could affect his/her assets, (b) has paid or made adequate provision for payment of all federal, state and local taxes that are due, (c) has no tax or other governmental liens against him/her or his/her interest in the judgment, (d) is not indebted to me or any former spouse for support, maintenance or similar obligations, or to any child or the child's guardian for any child support or similar payments, and (e) has not transferred or assigned, and has no plans to transfer or assign, any portion of his/her interest in the judgment to any other party or person.

(5) To the best of my knowledge, my spouse is of sound mind and possesses the appropriate mental capacity to understand the nature and consequences of this Agreement and to sign legal documents.

The undersigned has executed this Acknowledgment as of _Jan 25_, 20 16.

▮▮▮▮▮▮▮▮▮▮▮▮▮

Signature

▮▮▮▮▮▮▮▮▮▮▮▮▮

Printed Name

### ACKNOWLEDGMENT

STATE OF WASHINGTON}

                      SS:

COUNTY OF WHATCOM }

Notary Public
State of Washington
DEBORAH K GROENIG
My Appointment Expires May 8, 2019

I certify that on this _25th_ day of _January_, 20 16, ▮▮▮▮▮▮▮▮▮▮▮▮▮ personally came before me and acknowledged under oath, to my satisfaction, that this person is the person named in and who personally signed this Acknowledgment and signed, sealed and delivered such Acknowledgment as his or her own act and deed.

DEBORAH K GROENIG
COMMISSION EXPIRES
NOTARY
PUBLIC
05-08-2019
STATE OF WASHINGTON

▮▮▮▮▮▮▮▮▮▮▮▮

NOTARY PUBLIC

- 19 -

US_ACTIVE-110091304-RMJAWORKS

EXHIBIT B-2

## NOTICE OF ASSIGNMENT

TO:     Rosenthal Lurie LLC
        1500 JFK Boulevard, Suite 1230
        Philadelphia, PA, 19102

        Attn: Michael H. Rosenthal. Esq.

RE:     In Re: National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
        MDL-2323 - █████████████

        You are hereby notified that on January 22, 2016, ████████████ ("Assignor") transferred
and assigned to the undersigned ("RDL Finance") a portion of the Assignor's right, title and interest
regarding In Re: National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
MDL-2323 (the "Judgment") and that the portion of Assignor's interest in that Judgment is assigned to
RDL Finance is in the amount of $665,234.45 (the "Property Amount").

        You are hereby instructed that, promptly following receipt of funds representing Assignor's
interest in the Judgment, you are to issue a check to RDL Finance (RD Legal Finance, LLC) in the sum of
the Property Amount pursuant to the Agreement(s) between the parties. You are further instructed that
any distribution of the Property Amount to any person other than RDL Finance shall be in violation of the
Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for
any loss suffered by RDL Finance hereunder.

RD Legal Finance, LLC *(Payment address only)*           Tax I.D. No. REDACTED
PO Box 12428
Newark, NJ 07101-3528

By: _____                            Date: ___1/29/16___
        Authorized Representative


**Assigno**█

By: _____                            Date: ___01|25|2016___


By (Spous█                                               Date: __01.25.2016__

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-2

**Rosenthal Lurie LLC**
**1500 JFK Boulevard, Suite 1230**
**Philadelphia, PA  19102**

January 22, 2016

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:     In Re:  National Football League Players' Concussion Injury Litigation No. 2:12-md-
02323-AB, MDL-2323 - ███████████

Dear Mr. Dersovitz:

This will acknowledge that our client, ███████████ ("Assignor"), has assigned
$665,234.45 of his interest in the judgment proceeds of the referenced case to RD Legal Finance,
LLC ("RDL Finance") pursuant to the Assignment and Sale Agreement(s) dated January 22,
2016, a copy of which is attached to and made a part of this communication. Our review of the
materials that have been provided to us to date, indicate that ███████████ will receive
$1,605,500.00 in connection with ███████████ claim against the NFL - In Re:  National
Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323,
following the application of all offsets and set-asides.

We acknowledge receipt of the Notice of Assignment duly executed by our client,
███████████  In this regard, it is our understanding that, to the best of our knowledge, our
client, ███████████ is of sound mind and possesses the appropriate mental capacity to
understand the nature and consequences of this Assignment and Sale Agreement dated January
22, 2016.

Rosenthal Lurie LLC, by the signature below of Michael H. Rosenthal, advises you that
as of the above date, Rosenthal Lurie LLC has reviewed its files and confirms that it has not been
notified of any liens (i.e.:  medical, Medicare, Medicaid, etc.) in connection with Plaintiff client
███████████ claim against the NFL - In Re:  National Football League Players'
Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323.  In addition, Rosenthal Lurie
LLC is not in written receipt of any past lien upon the judgment proceeds which may be received
by the Assignor.

Furthermore, with the direction and consent of our client, ███████████ I enclose
for your review the various medical records and narratives that Rosenthal Lurie LLC has on file
for Mr. ███████

- 21 -

US_ACTIVE-110841304-RMJAWORS

EXHIBIT B-2

## ACKNOWLEDGMENT BY COUNSEL

The undersigned attorney, individually and as authorized representative on behalf of **Rosenthal Lurie, LLC,** hereby acknowledges and agrees that:

1.  I represent ▮▮▮▮▮▮▮▮ ("Assignor") in the "Case," as defined in that certain Assignment and Sale Agreement (the "Agreement"), dated as of **January 22, 2016,** by and between Assignor and RD Legal Finance, LLC ("Purchaser").

2.  I will honor the assignment by Assignor to Purchaser as contemplated under the Agreement, and hold any funds constituting proceeds of the Case on behalf of the Assignor in an appropriate escrow account for disbursement to RDL Finance at P.O. Box 12428, Newark, NJ, 7101-5328, in accordance with the Agreement.

3.  A copy of this letter may be delivered via email or facsimile. Each such executed copy shall be deemed an original for all purposes.

Rosenthal Lurie, LLC

_Michael H. Rosenthal_ (signature)

_____                    **Dated:** January 26, 2016
Michael H. Rosenthal

EXHIBIT B-2

## NOTICE OF ASSIGNMENT

TO:   Monetary Award Fund
       Claim Processing


       Attn: Claims Administrator

RE:   In Re: National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
      MDL-2323 - ▮▮▮▮▮▮

     You are hereby notified that on January 22, 2016 ▮▮▮▮▮▮ ("Assignor") transferred and
assigned to the undersigned ("RDL Finance") a portion of the Assignor's right, title and interest regarding
In Re: National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
MDL-2323 (the "Judgment") and that the portion of Assignor's interest in that Judgment is assigned to
RDL Finance is the amount of $665,234.45 (the "Property Amount").

     You are hereby instructed that, promptly following receipt of funds representing Assignor's
interest in the Judgment, you are to issue a check to RDL Legal Finance, LLC in the sum of the Property
Amount pursuant to the Agreement(s) between the parties.  You are further instructed that any
distribution of the Property Amount to any person other than RDL Finance shall be in violation of the
Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for
any loss suffered by RDL Finance hereunder.

RD Legal Finance, LLC *(Payment address only)*          Tax I.D. No. REDACTED
PO Box 12428
Newark, NJ  07101-3528

By: _____          Date: _1/28/11_____
     Authorized Representative


**Assignor:** ▮▮▮▮▮▮

By: _____          Date: _1/25/2016_____

By (Spouse): ▮▮▮▮▮▮          Date: _Jan 25, 2016_

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-2



02/22/2016

### THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY

### ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is made on February 2, 2016 between _____ ("you"), with a residence address located at ___REDACTED___ Boecher, IL 60401 and RD Legal Finance, LLC ("RDL Finance", "we" or "us"), with offices located at 45 Legion Drive, 2ⁿᵈ Floor, Cresskill, NJ 07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

### DISCLOSURE STATEMENT

1. Total amount to be paid to you under this Agreement for the portion of your Award that we are purchasing:      $249,574.46
2. Fees:      $ -0-
3. Amount of your Award that we are purchasing:      $510,000.00
4. Additional amount that we will pay you if we recover the full amount of the portion of the Award that we are purchasing as indicated in Item 10 (Additional Purchase Price):

| | |
|---|---|
| in 6 months: | $233,153.22 |
| in 12 months: | $207,283.75 |
| in 18 months: | $178,996.96 |
| in 24 months: | $148,066.95 |
| in 30 months: | $114,246.75 |
| in 36 months: | $77,266.27 |
| in 42 months: | $36,830.22 |
| in 48 months: | $0 |

    4a. Alternatively, the total dollar amount to be repaid by the consumer (including all fees)^:

| | |
|---|---|
| in 6 months: | $276,846.78 |
| in 12 months: | $302,716.25 |
| in 18 months: | $331,003.04 |
| in 24 months: | $361,933.05 |
| in 30 months: | $395,753.25 |
| in 36 months: | $432,733.73 |
| in 42 months: | $473,169.78 |
| in 48 months: | $510,000.00 |

5. Annual percentage rate of return on our investment if we recover the full amount of the portion of the Award that we are purchasing:      **18%**

US_ACTIVE-1100813103-HR0.JAVECCER

EXHIBIT B-3

**YOUR ATTENTION IS DRAWN TO THE DISPUTE RESOLUTION PROVISION IN SECTION 8. IF A DISPUTE ARISES BETWEEN US, YOU OR WE MAY REQUIRE THAT IT BE RESOLVED THROUGH BINDING ARBITRATION, RATHER THAN BY JURY TRIAL.**

**WHEREAS**, you are the client of Edward Stone Law, PC, the law firm that represented you and other plaintiff(s), with reference to In Re: National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323 (the "Case"), and you have an interest in the Case;

**WHEREAS**, per the Settlement Agreement amended and filed February 13, 2015, along with the Amended Final Court Order and Judgment dated May 08, 2015, the Monetary Award Fund to be overseen by Special Masters Wendell Pritchett and Jo-Ann M. Verrier and Claims Administrator BrownGreer, PLC is to be set-up for claimants who are deemed to have proved they have a Qualifying Diagnosis based on the requirements as set-forth in the Settlement Agreement, from which an award is anticipated to be received by you in the amount of $1,500,000 (the "Award") based upon your qualified medical diagnosis constituting an impairment Level 1.5 and prior to any Offsets and/or Set-asides being applied.

**WHEREAS**, *you own all right, title and interest in the Award;*

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award, which may be subject to increase upon appeal, to RDL Finance; and

NOW, THEREFORE, you and we agree as follows:

1.   **Assignments and Consideration**

    (a)   You hereby sell, transfer and assign to RDL Finance your interest in $510,000 of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any and all liens, claims and interests on or in the Award held ,obtained or claimed by any party including without limitation any attorney's fees payable with respect to the Award ("Adverse Interests").

    (b)   In return for the Property, RDL Finance will pay to you the sum of $249,574.46 (Two Hundred Forty Nine Thousand Five Hundred Seventy Four Dollars & 46 Cents) (the "Purchase Price").

        (i)   You consent to have a portion of the Purchase Price in the amount of $68,712 applied to pay-off the current outstanding lien(s) along with any penalties and interest that may have accrued with reference to Peachtree Pre-Settlement Funding SPV, LLC payoff confirmation letter dated January 22, 2016.

(ii)    You also consent to have withheld from the Purchase Price the amount of $6,282.71 to cover the current outstanding lien/judgment(s) along with any penalties and interest that may have accrued with reference to IL Civil New Filing (Creditor: Amli at Fox Valley – Filing Date: 07/16/2004) and the amount of $2,624.37 to cover the current outstanding lien/judgment(s) along with any penalties and interest that may have accrued with reference to IL Judgment (Creditor: Prairie Crossing Homeowners Association – Filing Date: 07/24/2012) for a combined total of $8,907.08 The withheld amount will be refunded to you, along with accrued interest at the rate of .04932% per diem, upon receipt by RDL Finance of the Purchased Amount or receipt of supporting documentation that the lien/judgment has been satisfied in full.

(c)    **This transaction is a true sale and assignment of the Property to RDL Finance and provides RDL Finance with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(d)    Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to RDL Finance a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

If the transaction under this Agreement were determined to be a loan rather than an absolute sale despite the intent of the Parties, and the implied interest on such loan would violate any law or regulation, then the amount of interest that would otherwise be payable hereunder shall be reduced to the maximum amount allowed under said laws or regulations.

2.    **Procedure for Paying Property Amount to RDL Finance**

The entire Property Amount will be paid to RDL Finance from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

EXHIBIT B-3

3.      **Representations, Warranties and Assignments:** You represent and warrant to RDL Finance that:

(a)     Edward Stone Law, PC are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any reduction or defense.

(b)     You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to RDL Finance. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon RDL Finance's payment to you of the Purchase Price, RDL Finance will own the Property free and clear of any Adverse Interests.

(c)     You have the legal capacity to execute and perform this Agreement.

(d)     You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)     The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)     There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)     All of the information that you have provided to RDL Finance is true and complete in all respects. You understand that RDL Finance has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)     You have not engaged in any acts or conduct or made any omissions that will potentially result in RDL Finance receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)     You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)     This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

EXHIBIT B-3

(k)   You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

(l)   You have made an independent analysis and decision to enter into the Agreement, based on such information as you have deemed appropriate under the circumstances, and without reliance on us (except for reliance on any express representations, warranties and covenants made by us pursuant to this Agreement).

(m)   No payment or other distribution has been received by or on behalf of you on or before the date of this Agreement, in full or partial satisfaction of the Award.

(n)   You have not transferred, assigned or sold the Property to any other party, or granted to any other party, a participation or other interest in the Property.

4.        **Covenants.** You covenant to RDL Finance that:

(a)   If before payment of the full Purchase Price RDL Finance discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), RDL Finance may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse RDL Finance for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to RDL Finance the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)   When requested, you will promptly execute any additional documents and take whatever further actions RDL Finance reasonably determines are necessary or desirable to perfect the assignment of the Property to RDL Finance or to carry out the terms of this Agreement.

(c)   You will immediately advise RDL Finance if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to RDL Finance in accordance with RDL Finance's instructions. If you fail to do so, you will be in breach of the Agreement.

(d)   At RDL Finance's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and RDL Finance may also notify that person or firm) of the terms of this Agreement and will direct

EXHIBIT B-3

that person or firm to pay the Property Amount to RDL Finance instead of (and not to) you.

(e)    You understand that you are giving up all of your interest in the Property.

(f)    You will notify RDL Finance in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

     I.    A Breach occurs;

     II.    You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

     III.    Any other event which could potentially encumber the Property; or

     IV.    A change in the information that RDL Finance may use to contact you (including, but not limited to a change of address, telephone number, etc.).

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

or to such other address or addresses that RDL Finance may otherwise provide. The notice required by this provision shall be considered to have been given by you when it is received by RDL Finance.

5.       **Other Agreements**

(a)    <u>Excess Payment to RDL Finance</u>. If RDL Finance receives payment with respect to the Case in an amount that exceeds the Property Amount, RDL Finance will promptly pay the excess amount to you.

(b)    <u>Best Evidence</u>. In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

EXHIBIT B-3

(c)     Equitable Relief. Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

(d)     Entire Agreement. This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

(e)     Enforcement. The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

(f)     Assignment. RDL Finance may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person. RDL Finance may also pledge or grant a security interest in the Property. This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

(g)     Third-Party Beneficiary. This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of RDL Finance.

(h)     No Recourse. RDL Finance is purchasing all of your interest in the Property without recourse against you (other than for a Breach). This means that, in the event RDL Finance for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay RDL Finance any portion of the Purchase Price that RDL Finance paid to you.

(i)     Severability. If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

6.      **Governing Law; Exclusive Jurisdiction:** This Agreement is governed by and construed in accordance with the laws of the State of New Jersey . If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey . The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

EXHIBIT B-3

7.        DISPUTE RESOLUTION

PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. THIS
SECTION CONTAINS IMPORTANT INFORMATION REGARDING HOW DISPUTES
UNDER THIS AGREEMENT WILL BE RESOLVED. IT PROVIDES THAT EITHER
YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING
ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT,
INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR
PROCEEDING. IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL
PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY. ARBITRATION
PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE
IN COURT.

**Agreement to Arbitrate Disputes.** Either you or we may elect, without the other's
consent, to require that any dispute between us relating to this Agreement be resolved by binding
arbitration.

**Disputes Covered by Arbitration.** Any claim or dispute relating to or arising out of this
Agreement, or our relationship will be subject to arbitration. All disputes are subject to
arbitration, no matter on what legal theory they are based or what remedy (damages, or
injunctive or declaratory relief) they seek. Disputes include any unresolved claims concerning
payments made or due under the terms of this Agreement, any Breach of this Agreement or of
any of the representations, warranties or covenants agreed to under this Agreement.

Disputes include not only claims made directly by you, but also made by anyone
connected with you or claiming through you, such as a parent, child, guardian, representative,
agent, heir, or trustee in bankruptcy. Disputes also include not only claims that relate directly to
RDL Finance, but also its parent, affiliates, successors, assignees, employees, and agents and
claims for which we may be directly or indirectly liable, even if we are not properly named at the
time the claim is made. Disputes include claims based on any theory of law, contract, statute,
regulation, tort (including fraud or any intentional tort), or any other legal or equitable ground,
and include claims made as counterclaims, cross-claims, third party claims, interpleaders or
otherwise.

A Party who initiates a proceeding in court may elect arbitration with respect to any
dispute advanced in that proceeding by any other party. Disputes include claims made as part of
a class action or other representative action, it being expressly understood and agreed to that the
arbitration of such claims must proceed on an individual (non-class, non-representative) basis.
Disputes also include claims relating to the enforceability or interpretation of any of these
arbitration provisions. Any questions about whether disputes are subject to arbitration shall be
resolved by interpreting this arbitration provision in the broadest way the law will allow it to be
enforced.

**Commencing an Arbitration.** The Party filing an arbitration must choose one of the
following neutral arbitration forums and follow its rules and procedures for initiating and
pursuing an arbitration: American Arbitration Association or JAMS. If you initiate the
arbitration, you must notify us in writing at RD Legal Finance, LLC, 45 Legion Drive, 2nd Floor,

EXHIBIT B-3

Cresskill, NJ 07626, Attn: Roni Dersovitz. If we initiate the arbitration, we will notify you in writing at your last known address on file. You may obtain a copy of the arbitration rules for these forums, as well as additional information about initiating an arbitration by contacting these arbitration forums:

| | |
|---|---|
| American Arbitration Association | JAMS |
| 1-800-778-7879 (toll-free) | 1-800-352-5267 (toll-free) |
| Website: www.adr.org | Website: www.jamsadr.com. |

The arbitration shall be conducted in the same city as the U.S. District Court closest to your home address, unless the parties agree to a different location in writing.

**Administration of Arbitration.** The arbitration will be decided by a single, neutral arbitrator. The arbitrator will be either a lawyer with at least ten years experience or a retired or former judge, selected in accordance with the rules of the arbitration forum. The arbitrator shall follow procedures and rules of the arbitration forum in effect on the date the arbitration is filed unless those rules and procedures are inconsistent with this arbitration provision, in which case this arbitration provision will prevail. Those procedures and rules may limit the discovery available to you or us. The arbitrator will take reasonable steps to protect personal information and other confidential information if requested to do so by you or us. The arbitrator shall decide the dispute in accordance with applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, will honor claims of privilege recognized at law, and will be empowered to award any damages or other relief provided for under applicable law. The arbitrator will not have the power to award relief to, or against, any person who is not a party to the arbitration.

An award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the claims in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other dispute. You or we may choose to have a hearing and be represented by counsel. The decision rendered by the arbitrator shall be in writing; however, the arbitrator need not provide a statement of his reasons unless one is requested by you or us.

**Costs.** The Party initiating the arbitration shall pay the initial filing fee. If you file the arbitration and an award is rendered in your favor, we will reimburse you for your filing fee. If there is a hearing, we will pay the fees and costs for the first day of that hearing. All other fees and costs will be allocated in accordance with the rules of the arbitration forum. However, we will advance or reimburse filing and other fees if the arbitrator rules that you cannot afford to pay them or finds other good cause for requiring us to do so, or if you ask us and we determine there is good reason for doing so. Each party shall bear the expense of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

**No Class Action or Joinder of Parties.** You and we agree that no class action, private attorney general or other representative claims may be pursued in arbitration, nor may such action be pursued in court if either you or we elect arbitration. Unless mutually agreed to by you

and us, claims of two or more persons may not be joined, consolidated, or otherwise brought together in the same arbitration (unless those persons are parties to a single transaction or related transaction); this is so whether or not the claim may have been assigned.

**Right to Resort to Provisional Remedies Preserved.** Nothing in this section shall be deemed to limit or constrain our right to resort to self-help remedies, such as the right of setoff or the right to exercise any security interest or lien we may hold on property, or to comply with legal process, or to obtain provisional remedies such as injunctive relief, attachment, or garnishment by a court having appropriate jurisdiction; provided, however, that you or we may elect to arbitrate any dispute related to such provisional remedies.

**Arbitration Award.** The arbitrator's award shall be final and binding unless a party appeals it in writing to the arbitration forum within fifteen days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators selected in accordance with the rules of the same arbitration forum. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated before a single arbitrator. An award by a panel is final and binding on the parties after fifteen (15) days have passed. A final and binding award is subject to judicial intervention or review only to the extent allowed under the Federal Arbitration Act. A Party may seek to have a final and binding award entered as a judgment in any court having jurisdiction.

**Governing Law.** You and we agree that our relationship includes transactions involving interstate commerce and that these arbitration provisions are governed by, and enforceable under, the Federal Arbitration Act.

**Severability, Survival.** These arbitration provisions shall survive: (i) termination of this Agreement; (ii) the bankruptcy of any Party; and (iii) the transfer or assignment of this Agreement. If any portion of this arbitration provision is deemed invalid or unenforceable, the entire arbitration provision shall not remain in force. No provision of this arbitration provision may be amended, severed or waived absent a written agreement between you and us.

8.    WAIVER OF TRIAL BY JURY.

EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.

9.    CONDITIONS PRECEDENT.

(a)    Our obligations to pay the Purchase Amount and to acquire the Property shall be subject to the following conditions:

(i)    Your representations and warranties in this Agreement are true and correct as of the date of this Agreement;

EXHIBIT B-3

(ii)    This Agreement and the attached documents (Notice of Sale and Assignment) are signed by you before a Notary Public and returned to us (all containing original signatures);

(iii)    You have complied in all material respects with all covenants required by this Agreement to be complied with by you before this Agreement is fully executed; and

(b)    Your obligation to sell to us and transfer the Property to us shall be subject to the following conditions:

(i)    Our representations and warranties in this Agreement are true and correct as of the date of this Agreement;

(ii)    We have complied in all material respects with all covenants required by this Agreement to be complied with by us before this Agreement is fully executed; and

(iii)    You have received this Agreement duly executed on behalf of us.

10.    **ADDITIONAL PURCHASE PRICE**

If no Breach has occurred and RDL Finance receives payment of the full Property Amount by any of the following dates, RDL Finance will pay to you the following additional consideration in the form of an increase in the Purchase Price:

(A)    If RDL Finance receives the Property Amount on or before February 29, 2016, it will pay you an Additional Purchase Price of $256,811.94

(B)    If RDL Finance receives the Property Amount between March 01, 2016 and March 31, 2016 it will pay you an Additional Purchase Price of $253,014.12

(C)    If RDL Finance receives the Property Amount between April 01, 2016 and April 30, 2016 it will pay you an Additional Purchase Price of $129,648.63

(D)    If RDL Finance receives the Property Amount between May 01, 2016 and May 31, 2016 it will pay you an Additional Purchase Price of $245,246.72

(E)    If RDL Finance receives the Property Amount between June 01, 2016 and June 30, 2016 it will pay you an Additional Purchase Price of $241,275.42

(F)    If RDL Finance receives the Property Amount between July 01, 2016 and July 31, 2016 it will pay you an Additional Purchase Price of $237,244.55

(G)     If RDL Finance receives the Property Amount between August 01, 2016 and August 31, 2016 it will pay you an Additional Purchase Price of $233,153.22

(H)     If RDL Finance receives the Property Amount between September 01, 2016 and September 30, 2016 it will pay you an Additional Purchase Price of $229,000.52

(I)     If RDL Finance receives the Property Amount between October 01, 2016 and October 31, 2016 it will pay you an Additional Purchase Price of $224,785.53

(J)     If RDL Finance receives the Property Amount between November 01, 2016 and November 30, 2016 it will pay you an Additional Purchase Price of $220,507.31

(K)     If RDL Finance receives the Property Amount between December 01, 2016 and December 31, 2016 it will pay you an Additional Purchase Price of $216,164.92

(L)     If RDL Finance receives the Property Amount between January 01, 2017 and January 31, 2017 it will pay you an Additional Purchase Price of $211,757.39

(M)     If RDL Finance receives the Property Amount between February 01, 2017 and February 28, 2017 it will pay you an Additional Purchase Price of $207,283.75

(N)     If RDL Finance receives the Property Amount between March 01, 2017 and March 31, 2017 it will pay you an Additional Purchase Price of $202,743.01

(O)     If RDL Finance receives the Property Amount between April 01, 2017 and April 30, 2017 it will pay you an Additional Purchase Price of $198,134.15

(P)     If R RDL Finance receives the Property Amount between May 01, 2017 and May 31, 2017 it will pay you an Additional Purchase Price of $193,456.17

(Q)     If RDL Finance receives the Property Amount between June 01, 2017 and June 30, 2017 it will pay you an Additional Purchase Price of $188,708.01

(R)     If RDL Finance receives the Property Amount between July 01, 2017 and July 31, 2017 it will pay you an Additional Purchase Price of $183,888.63

(S)     If RDL Finance receives the Property Amount between August 01, 2017 and August 31, 2017 it will pay you an Additional Purchase Price of $178,996.96

(T)     If RDL Finance receives the Property Amount between September 01, 2017 and September 30, 2017 it will pay you an Additional Purchase Price of $174,031.91

EXHIBIT B-3

(U)      If RDL Finance receives the Property Amount between October 01, 2017 and
         October 31, 2017 it will pay you an Additional Purchase Price of $168,992.39

(V)      If RDL Finance receives the Property Amount between November 01, 2017 and
         November 30, 2017 it will pay you an Additional Purchase Price of $163,877.28

(W)      If RDL Finance receives the Property Amount between December 01, 2017 and
         December 31, 2017 it will pay you an Additional Purchase Price of $158,685.44

(X)      If RDL Finance receives the Property Amount between January 01, 2018 and
         January 31, 2018 it will pay you an Additional Purchase Price of $153,415.72

(Y)      If RDL Finance receives the Property Amount between February 01, 2018 and
         February 28, 2018 it will pay you an Additional Purchase Price of $148,066.95

(Z)      If RDL Finance receives the Property Amount between March 01, 2018 and
         March 31, 2018 it will pay you an Additional Purchase Price of $142,637.96

(AA)     If R RDL Finance receives the Property Amount between April 01, 2018 and
         April 30, 2018 it will pay you an Additional Purchase Price of $137,127.53

(BB)     If RDL Finance receives the Property Amount between May 01, 2018 and May
         31, 2018 it will pay you an Additional Purchase Price of $131,534.44

(CC)     If RDL Finance receives the Property Amount between June 01, 2018 and June
         30, 2018 it will pay you an Additional Purchase Price of $125,857.46

(DD)     If RDL Finance receives the Property Amount between July 01, 2018 and July 31,
         2018 it will pay you an Additional Purchase Price of $120,095.32

(EE)     If RDL Finance receives the Property Amount between August 01, 2018 and
         August 31, 2018 it will pay you an Additional Purchase Price of $114,246.75

(FF)     If RDL Finance receives the Property Amount between September 01, 2018 and
         September 30, 2018 it will pay you an Additional Purchase Price of $108,310.45

(GG)     If RDL Finance receives the Property Amount between October 01, 2018 and
         October 31, 2018 it will pay you an Additional Purchase Price of $102,285.11

(HH)    If RDL Finance receives the Property Amount between November 01, 2018 and November 30, 2018 it will pay you an Additional Purchase Price of $96,169.38

(II)    If RDL Finance receives the Property Amount between December 01, 2018 and December 31, 2018 it will pay you an Additional Purchase Price of $89,961.92

(JJ)    If R RDL Finance receives the Property Amount between January 01, 2019 and January 31, 2019 it will pay you an Additional Purchase Price of $83,661.35

(KK)    If RDL Finance receives the Property Amount between February 01, 2019 and February 28, 2019 it will pay you an Additional Purchase Price of $77,266.27

(LL)    If RDL Finance receives the Property Amount between March 01, 2019 and March 31, 2019 it will pay you an Additional Purchase Price of $70,775.27

(MM)    If RDL Finance receives the Property Amount between April 01, 2019 and April 30, 2019 it will pay you an Additional Purchase Price of $64,186.90

(NN)    If RDL Finance receives the Property Amount between May 01, 2019 and May 31, 2019 it will pay you an Additional Purchase Price of $57,499.70

(OO)    If RDL Finance receives the Property Amount between June 01, 2019 and June 30, 2019 it will pay you an Additional Purchase Price of $50,712.20

(PP)    If RDL Finance receives the Property Amount between July 01, 2019 and July 31, 2019 it will pay you an Additional Purchase Price of $43,822.88

(QQ)    If RDL Finance receives the Property Amount between August 01, 2019 and August 31, 2019 it will pay you an Additional Purchase Price of $36,830.22

(RR)    If R RDL Finance receives the Property Amount between September 01, 2019 and September 30, 2019 it will pay you an Additional Purchase Price of $29,732.68

(SS)    If RDL Finance receives the Property Amount between October 01, 2019 and October 31, 2019 it will pay you an Additional Purchase Price of $22,528.67

(TT)    If RDL Finance receives the Property Amount between November 01, 2019 and November 30, 2019 it will pay you an Additional Purchase Price of $15,216.60

(UU)    If RDL Finance receives the Property Amount between December 01, 2019 and December 31, 2019 it will pay you an Additional Purchase Price of $7,794.84

EXHIBIT B-3

## RIGHT TO CANCEL

**CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.** **For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to: RD Legal Finance, LLC, PO Box 12428, Newark, NJ 07101-3528.**

### IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CIVIL ACTION OR CLAIM HAS PROVIDED NO TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE REGARDING THIS TRANSACTION.**

**10.     Date of Execution:** This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to RDL Finance at its offices (all containing original signatures), (ii) RDL Finance receives from Edward Stone Law, PC or "you" the Notice of Assignment to Edward Stone Law, PC and the letter addressed to RDL Finance from Edward Stone Law, PC acknowledging RDL Finance's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of RDL Finance.

EXHIBIT B-3

11.    **Wire Instructions:** *Please send or transmit payment subject to this Agreement to RD Legal Finance, LLC at:*

Bank:  BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603
Account Title:  RD Legal Finance, LLC
Account Number:  REDACTED
ABA Number:  071000288

### IMPORTANT NOTICE

**This is a complex financial transaction.  By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case.  In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning.  You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CIVIL ACTION OR CLAIM HAS PROVIDED NO TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE REGARDING THIS TRANSACTION.**

EXHIBIT B-3



he date first written above.

RD LEGAL FINANCE, LLC

By: _____

_____ LEO J. ZATTA _____
Printed Name

_____ CFO _____
Title

EXHIBIT B-3

ACKNOWLEDGMENT

STATE OF ILLINOIS}

SS: REDACTED

COUNTY OF WILL   }

   **BE IT REMEMBERED** that on date before me personally appeared ▮▮▮▮▮▮
who I am satisfied is authorized to execute the Agreement and Power of Attorney and who
executed those documents and acknowledged on the Agreement that he signed, sealed, and
delivered the Agreement as his act and deed for the uses and purposes expressed therein.

NOTARY PUBLIC

OFFICIAL SEAL
WANDA MOREHEAD
Notary Public - State of Illinois
My Commission Expires 6/15/2019

EXHIBIT B-3

## CERTIFICATION OF TRUTHFULNESS

I, [redacted] hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Finance, LLC, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit- Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those stat

By [redacted]

Date 2/2/2016

EXHIBIT B-3

## NOTICE OF ASSIGNMENT

TO:    Edward Stone Law, PC
175 West Putnam Avenue, 2nd Floor
Greenich, CT 06830

      Attn:  Edward S. Stone Esq.

RE:    In Re: National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
MDL-2323 - ████████

      You are hereby notified that on February 2, 2016, █████████ ("Assignor") transferred and
assigned to the undersigned ("RDL Finance") a portion of the Assignor's right, title and interest regarding
In Re: National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-
2323 (the "Judgment") and that the portion of Assignor's interest in that Judgment is assigned to RDL
Finance is in the amount of $510,000 (the "Property Amount").

      You are hereby instructed that, promptly following receipt of funds representing Assignor's
interest in the Judgment, you are to issue a check to RDL Finance (RD Legal Finance, LLC) in the sum of
$510,000.00 the Property Amount pursuant to the Agreement(s) between the parties. You are further
instructed that any distribution of the Property Amount to any person other than RDL Finance shall be in
violation of the Agreement and shall result in Fund Administrator being held liable for damages and
attorneys' fees for any loss suffered by RDL Finance hereunder.

RD Legal Finance, LLC *(Payment address only)*       Tax I.D. No.REDACTED
PO Box 12428
Newark, NJ  07101-3528

By: _____
      Authorized Representative           Date: _____2/5/16_____

Ass ████████████████████

By: ████████████████████        Date: 2/2/2016

EXHIBIT B-3

**Edward Stone Law, PC**
175 West Putnum Avenue, 2nd Floor
Greenich, CT 06830

**February 2, 2016**

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:   In Re:  National Football League Players' Concussion Injury Litigation No. 2:12-md-
02323-AB, MDL-2323 -

Dear Mr. Dersovitz:

  This will acknowledge that our client, ▮▮▮▮▮▮▮▮ ("Assignor"), has assigned
$510,000 of his interest in the judgment proceeds of the referenced case to RD Legal Finance,
LLC ("RDL Finance") pursuant to the Assignment and Sale Agreement(s) dated February 2,
2016, a copy of which is attached to and made a part of this communication. Our review of the
materials that have been provided to us to date, indicate that ▮▮▮▮▮▮ will receive
$1,275,000.00 in connection with ▮▮▮▮▮▮ claim against the NFL - In Re:  National
Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323, following
the application of all offsets and set-asides.

  We acknowledge receipt of the Notice of Assignment duly executed by our client,
▮▮▮▮▮▮  In this regard, it is our understanding that, to the best of our knowledge, our
client, ▮▮▮▮▮▮ is of sound mind and possesses the appropriate mental capacity to
understand the nature and consequences of this Assignment and Sale Agreement dated February
2, 2016.

  Edward Stone Law, PC, by the signature below of Edward S. Stone Esq., advises you that
as of the above date, Edward Stone Law, PC has reviewed its files and confirms that it has not
been notified of any liens (i.e.: medical, Medicare, Medicaid, etc.) in connection with Plaintiff
client ▮▮▮▮▮▮ claim against the NFL - In Re:  National Football League Players'
Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323.  In addition, Edward Stone
Law, PC is not in written receipt of any past lien upon the judgment proceeds which may be
received by the Assignor.

  Furthermore, with the direction and consent of our client, ▮▮▮▮▮▮  I enclose
for your review the various medical records and narratives that Edward Stone Law, PC has on
file for Mr. ▮▮▮▮

  We further acknowledge RDL Finance's lien on Assignor's interest in the subject
judgment proceeds.  By signing below, we agree to hold any funds constituting proceeds of the

EXHIBIT B-3

judgment received on behalf of the Assignor in an appropriate escrow account for disbursement to RDL Finance at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated 01/15/2016.

This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile.  Each such executed copy shall be deemed an original for all purposes.

Sincerely,

Edward S. Stone, Esq.
On behalf of Edward Stone Law, PC

EXHIBIT B-3

## NOTICE OF ASSIGNMENT

TO:     Monetary Award Fund
        Claim Processing


        Attn: Claims Administrator


RE:     In Re: National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
        MDL-2323 - ██████████████

        You are hereby notified that on February 2, 2016 ████████████ ("Assignor") transferred and
assigned to the undersigned ("RDL Finance") a portion of the Assignor's right, title and interest regarding
In Re: National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
MDL-2323 (the "Judgment") and that the portion of Assignor's interest in that Judgment is assigned to
RDL Finance is the amount of $510, 000 (the "Property Amount").

        You are hereby instructed that, promptly following receipt of funds representing Assignor's
interest in the Judgment, you are to issue a check to RD Legal Finance, LLC in the sum of $510,000.00
the Property Amount  pursuant to the Agreement(s) between the parties.  You are further instructed that
any distribution of the Property Amount  to any person other than RDL Finance shall be in violation of
the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees
for any loss suffered by RDL Finance hereunder.

RD Legal Finance, LLC *(Payment address only)*          Tax I.D. No. REDACTED
PO Box 12428
Newark, NJ 07101-3528

By: _____
        Authorized Representative                        Date: _2/5/16_


███████████████████████████
Assig███████████████████████
By: ████████████████████████                            Date: 2/2/2016
    ███████████████████████