# Exhibit G-2

(Redacted)

Case 2:12-md-02323-AB   Document 8301-10   Filed 08/21/17   Page 2 of 79
Case 1:17-cv-00890-LAP   Document 30-6   Filed 05/15/17   Page 1 of 78

MAR 2 3 2016

**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE
SUPERVISION OF AN ATTORNEY**

### ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is made on March 22, 2016, between ▮▮▮▮▮▮ ("you"), with a residence address located at     REDACTED Eastampton, NJ  08060 and RD Legal Finance, LLC ("FINCO", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ  07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

#### DISCLOSURE STATEMENT

| | | | |
|---|---|---|---|
| 1. | Total Amount to be paid to you under this Agreement for the portion of your Award that we are purchasing: | | $ 249,574.46 |
| 2. | Fees: | $        0.00 | |
| 3. | Amount of your Award that we are purchasing: | | $ 510,000.00 |
| 4. | Additional amount that we will pay you if we recover the full amount of the portion of the Award that we are purchasing: | | |

| | | |
|---|---|---|
| in 6 months: | $ | 235,922.34 |
| in 12 months: | $ | 210,311.63 |
| in 18 months: | $ | 182,307.77 |
| in 24 months: | $ | 151,687.14 |
| in 30 months: | $ | 118,205.21 |
| in 36 months: | $ | 81,594.63 |
| in 42 months: | $ | 41,563.03 |
| in 48 months: | $ | 0.00 |

4a.   Alternatively, the total dollar amount to be repaid by the consumer (including all fees)*:

| | | |
|---|---|---|
| in 6 months: | $ | 274,077.66 |
| in 12 months: | $ | 299,688.37 |
| in 18 months: | $ | 327,692.23 |
| in 24 months: | $ | 358,312.86 |
| in 30 months: | $ | 391,794.79 |
| in 36 months: | $ | 428,405.37 |
| in 42 months: | $ | 468,436.97 |
| in 48 months: | $ | 510,000.00 |

5.   Annual percentage rate of return on our investment if we recover the full amount of the portion of the Award that we are purchasing:     18%

**YOUR ATTENTION IS DRAWN TO THE DISPUTE RESOLUTION
PROVISION IN SECTION 8.  IF A DISPUTE ARISES BETWEEN US, YOU OR WE**

US_ACTIVE-110091304-RMJAWOR

EXHIBIT B-4

**MAY REQUIRE THAT IT BE RESOLVED THROUGH BINDING ARBITRATION, RATHER THAN BY JURY TRIAL.**

**WHEREAS**, you are the client of Podhurst Orseck, P.A., the law firm that represented you and other plaintiff(s), with reference to In Re: National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323 (the "Case"), and you have an interest in the Case;

**WHEREAS**, per the Settlement Agreement amended and filed February 13, 2015, along with the Amended Final Court Order and Judgment dated May 08, 2015, the Monetary Award Fund to be overseen by Special Masters Wendell Pritchett and Jo-Ann M. Verrier and Claims Administrator BrownGreer, PLC is to be set-up for claimants who are deemed to have proved they have a Qualifying Diagnosis based on the requirements as set-forth in the Settlement Agreement, from which an award is anticipated to be received by you in the amount of $1,500,000.00 (the "Award") based upon your qualified medical diagnosis constituting an impairment Level 1.5 (Posttraumatic Head Syndrome / Early Dementia) and prior to any Offsets and/or Set-asides being applied.

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award, which may be subject to increase upon appeal, to RDL Finance; and

NOW, THEREFORE, you and we agree as follows:

1.  **Assignments and Consideration**

    (a)   You hereby sell, transfer and assign to FINCO your interest in $510,000.00 of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any and all liens, claims and interests on or in the Award held ,obtained or claimed by any party including without limitation any attorney's fees payable with respect to the Award ("Adverse Interests").

    (b)   In return for the Property, FINCO will pay to you the sum of $249,574.46 (Two Hundred Forty Nine Thousand Five Hundred Seventy Four Dollars and 46 Cents) (the "Purchase Price").

    You consent to have a portion of the Purchase Price in the total amount of $26,351.08 applied to pay-off the following liens/judgments:

    - $992.14 applied to pay-off the current outstanding debt owed Aarons Sales & Amp Lease as per their letter dated February 22, 2016

    - $3,864.02 applied to pay-off the current outstanding debt owed Avalon Bay Community as per their letter dated March 18, 2016.

EXHIBIT B-4

- $13,984.04 applied to pay-off the current outstanding debt owed Laurel Creek Country Club, Inc. as per Jonathan L. Bender, Esq. correspondence dated February 22, 2016.

- $6,601.58 applied to pay-off the current outstanding New Jersey state tax lien owed as per their letter dated March 17, 2016.

- $373.43 applied to pay-off the current outstanding debt owed Klinger DDS Barry as per their letter dated February 22, 2016.

- $535.87 applied to pay-off the current outstanding New York state tax warrant owed as per their letter dated March 21, 2016.

You also consent to have withheld from the Purchase Price the total amount of $21,989.08 to cover the following liens/judgments currently outstanding.

- $5,226.74 to cover the current outstanding Tolentine Financial, LLC New Jersey civil judgment, along with penalties and interest that may have accrued. The withheld amount will be refunded to you, along with accrued interest at the rate of .04932% per diem, upon receipt by FINCO of the Purchased Amount or receipt of supporting documentation that the lien/judgment has been satisfied in full.

- $16,762.34 to cover the current outstanding New Jersey state tax lien, along with any penalties and interest that may have accrued. The withheld amount will be refunded to you, along with accrued interest at the rate of .04932% per diem, upon receipt by FINCO of the Purchased Amount or receipt of supporting documentation that the lien/judgment has been satisfied in full.

(c)   **This transaction is a true sale and assignment of the Property to FINCO and provides FINCO with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(d)   Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to FINCO a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the

Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

If the transaction under this Agreement were determined to be a loan rather than an absolute sale despite the intent of the Parties, and the implied interest on such loan would violate any law or regulation, then the amount of interest that would otherwise be payable hereunder shall be reduced to the maximum amount allowed under said laws or regulations.

2.   **Procedure for Paying Property Amount to FINCO**

The entire Property Amount will be paid to FINCO from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

3.              **Representations, Warranties and Assignments:** You represent and warrant to FINCO that:

(a)   Podhurst Orseck, P.A. are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any reduction or defense.

(b)   You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to FINCO. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon FINCO's payment to you of the Purchase Price, FINCO will own the Property free and clear of any Adverse Interests.

(c)   You have the legal capacity to execute and perform this Agreement.

(d)   You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)   The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)   There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)   All of the information that you have provided to FINCO is true and complete in all respects. You understand that FINCO has relied and will continue to rely on this information in acquiring and dealing with the Property.

EXHIBIT B-4

(h)     You have not engaged in any acts or conduct or made any omissions that will potentially result in FINCO receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)     You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment.  There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)     This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)     You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

(l)     You have made an independent analysis and decision to enter into the Agreement, based on such information as you have deemed appropriate under the circumstances, and without reliance on us (except for reliance on any express representations, warranties and covenants made by us pursuant to this Agreement).

(m)    No payment or other distribution has been received by or on behalf of you on or before the date of this Agreement, in full or partial satisfaction of the Award.

(n)     You have not transferred, assigned or sold the Property to any other party, or

granted to any other party, a participation or other interest in the Property.

**4.**      **Covenants.**  You covenant to FINCO that:

(a)     If before payment of the full Purchase Price FINCO discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), FINCO may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse FINCO for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to FINCO the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)     When requested, you will promptly execute any additional documents and take whatever further actions FINCO reasonably determines are necessary or desirable

EXHIBIT B-4

to perfect the assignment of the Property to FINCO or to carry out the terms of this Agreement.

(c)     You will immediately advise FINCO if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to FINCO in accordance with FINCO's instructions.  If you fail to do so, you will be in breach of the Agreement.

(d)     At FINCO's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and FINCO may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to FINCO instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

(f)     You will notify FINCO in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

   I.     A Breach occurs;

   II.    You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

   III.   Any other event which could potentially encumber the Property; or

   IV.    A change in the information that FINCO may use to contact you (including, but not limited to a change of address, telephone number, etc.).

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

   RD Legal Finance, LLC
   45 Legion Drive, 2nd Floor
   Cresskill, NJ 07626
   Attn: Roni Dersovitz
   Phone: (201) 568-9007
   Fax: (201) 568-9307

or to such other address or addresses that FINCO may otherwise provide.  The notice required by this provision shall be considered to have been given by you when it is received by FINCO.

EXHIBIT B-4

5.        **Other Agreements**

(a)     Excess Payment to FINCO.  If FINCO receives payment with respect to the Case in an amount that exceeds the Property Amount, FINCO will promptly pay the excess amount to you.

(b)     Best Evidence.  In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

(c)     Equitable Relief.  Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

(d)     Entire Agreement.  This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

(e)     Enforcement.  The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

(f)     Assignment.  FINCO may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person.  FINCO may also pledge or grant a security interest in the Property.  This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

(g)     Third-Party Beneficiary.  This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of FINCO.

(h)     No Recourse.  FINCO is purchasing all of your interest in the Property without recourse against you (other than for a Breach).  This means that, in the event FINCO for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay FINCO any portion of the Purchase Price that FINCO paid to you.

(i)   <u>Severability</u>.  If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

6.   **Governing Law; Exclusive Jurisdiction:** This Agreement is governed by and construed in accordance with the laws of the State of New Jersey.  If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey.  The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

7.   DISPUTE RESOLUTION

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.  THIS SECTION CONTAINS IMPORTANT INFORMATION REGARDING HOW DISPUTES UNDER THIS AGREEMENT WILL BE RESOLVED.  IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING ARBITRATION.  ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING.  IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY.  ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.**

**Agreement to Arbitrate Disputes.**  Either you or we may elect, without the other's consent, to require that any dispute between us relating to this Agreement be resolved by binding arbitration.

**Disputes Covered by Arbitration.**  Any claim or dispute relating to or arising out of this Agreement, or our relationship will be subject to arbitration.  All disputes are subject to arbitration, no matter on what legal theory they are based or what remedy (damages, or injunctive or declaratory relief) they seek.  Disputes include any unresolved claims concerning payments made or due under the terms of this Agreement, any Breach of this Agreement or of any of the representations, warranties or covenants agreed to under this Agreement.

Disputes include not only claims made directly by you, but also made by anyone connected with you or claiming through you, such as a parent, child, guardian, representative, agent, heir, or trustee in bankruptcy.  Disputes also include not only claims that relate directly to FINCO, but also its parent, affiliates, successors, assignees, employees, and agents and claims for which we may be directly or indirectly liable, even if we are not properly named at the time the claim is made.  Disputes include claims based on any theory of law, contract, statute, regulation, tort (including fraud or any intentional tort), or any other legal or equitable ground, and include claims made as counterclaims, cross-claims, third party claims, interpleaders or otherwise.

EXHIBIT B-4

A Party who initiates a proceeding in court may elect arbitration with respect to any dispute advanced in that proceeding by any other party. Disputes include claims made as part of a class action or other representative action, it being expressly understood and agreed to that the arbitration of such claims must proceed on an individual (non-class, non-representative) basis. Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions. Any questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

**Commencing an Arbitration.** The Party filing an arbitration must choose one of the following neutral arbitration forums and follow its rules and procedures for initiating and pursuing an arbitration: American Arbitration Association or JAMS. If you initiate the arbitration, you must notify us in writing at RD Legal Finance, LLC, 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, Attn: Roni Dersovitz. If we initiate the arbitration, we will notify you in writing at your last known address on file. You may obtain a copy of the arbitration rules for these forums, as well as additional information about initiating an arbitration by contacting these arbitration forums:

American Arbitration Association      JAMS
1-800-778-7879 (toll-free)            1-800-352-5267 (toll-free)
Website: www.adr.org                  Website: www.jamsadr.com.

The arbitration shall be conducted in the same city as the U.S. District Court closest to your home address, unless the parties agree to a different location in writing.

**Administration of Arbitration.** The arbitration will be decided by a single, neutral arbitrator. The arbitrator will be either a lawyer with at least ten years experience or a retired or former judge, selected in accordance with the rules of the arbitration forum. The arbitrator shall follow procedures and rules of the arbitration forum in effect on the date the arbitration is filed unless those rules and procedures are inconsistent with this arbitration provision, in which case this arbitration provision will prevail. Those procedures and rules may limit the discovery available to you or us. The arbitrator will take reasonable steps to protect personal information and other confidential information if requested to do so by you or us. The arbitrator shall decide the dispute in accordance with applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, will honor claims of privilege recognized at law, and will be empowered to award any damages or other relief provided for under applicable law. The arbitrator will not have the power to award relief to, or against, any person who is not a party to the arbitration.

An award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the claims in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other dispute. You or we may choose to have a hearing and be represented by counsel. The decision rendered by the arbitrator shall be in writing; however, the arbitrator need not provide a statement of his reasons unless one is requested by you or us.

EXHIBIT B-4

**Costs.** The Party initiating the arbitration shall pay the initial filing fee. If you file the arbitration and an award is rendered in your favor, we will reimburse you for your filing fee. If there is a hearing, we will pay the fees and costs for the first day of that hearing. All other fees and costs will be allocated in accordance with the rules of the arbitration forum. However, we will advance or reimburse filing and other fees if the arbitrator rules that you cannot afford to pay them or finds other good cause for requiring us to do so, or if you ask us and we determine there is good reason for doing so. Each party shall bear the expense of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

**No Class Action or Joinder of Parties.** You and we agree that no class action, private attorney general or other representative claims may be pursued in arbitration, nor may such action be pursued in court if either you or we elect arbitration. Unless mutually agreed to by you and us, claims of two or more persons may not be joined, consolidated, or otherwise brought together in the same arbitration (unless those persons are parties to a single transaction or related transaction); this is so whether or not the claim may have been assigned.

**Right to Resort to Provisional Remedies Preserved.** Nothing in this section shall be deemed to limit or constrain our right to resort to self-help remedies, such as the right of setoff or the right to exercise any security interest or lien we may hold on property, or to comply with legal process, or to obtain provisional remedies such as injunctive relief, attachment, or garnishment by a court having appropriate jurisdiction; provided, however, that you or we may elect to arbitrate any dispute related to such provisional remedies.

**Arbitration Award.** The arbitrator's award shall be final and binding unless a party appeals it in writing to the arbitration forum within fifteen days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators selected in accordance with the rules of the same arbitration forum. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated before a single arbitrator. An award by a panel is final and binding on the parties after fifteen (15) days have passed. A final and binding award is subject to judicial intervention or review only to the extent allowed under the Federal Arbitration Act. A Party may seek to have a final and binding award entered as a judgment in any court having jurisdiction.

**Governing Law.** You and we agree that our relationship includes transactions involving interstate commerce and that these arbitration provisions are governed by, and enforceable under, the Federal Arbitration Act.

**Severability, Survival.** These arbitration provisions shall survive: (i) termination of this Agreement; (ii) the bankruptcy of any Party; and (iii) the transfer or assignment of this Agreement. If any portion of this arbitration provision is deemed invalid or unenforceable, the entire arbitration provision shall not remain in force. No provision of this arbitration provision may be amended, severed or waived absent a written agreement between you and us.

EXHIBIT B-4

8.    WAIVER OF TRIAL BY JURY.

EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.

9.    CONDITIONS PRECEDENT.

(a)    Our obligations to pay the Purchase Amount and to acquire the Property shall be subject to the following conditions:

(i)    Your representations and warranties in this Agreement are true and correct as of the date of this Agreement;

(ii)    This Agreement and the attached documents (Spousal Acknowledgment and Notice of Sale and Assignment) are signed by you before a Notary Public and returned to us (all containing original signatures);

(iii)    You have complied in all material respects with all covenants required by this Agreement to be complied with by you before this Agreement is fully executed; and

(b)    Your obligation to sell to us and transfer the Property to us shall be subject to the following conditions:

(i)    Our representations and warranties in this Agreement are true and correct as of the date of this Agreement;

(ii)    We have complied in all material respects with all covenants required by this Agreement to be complied with by us before this Agreement is fully executed; and

(iii)    You have received this Agreement duly executed on behalf of us.

10.    ADDITIONAL PURCHASE PRICE

If no Breach has occurred and FINCO receives payment of the full Property Amount by any of the following dates, FINCO will pay to you the following additional consideration in the form of an increase in the Purchase Price:

(A)    If FINCO receives the Property Amount on or before March 31, 2016, it will pay you an Additional Purchase Price of $259,344.41

(B)    If FINCO receives the Property Amount between April 01, 2016 and April 30, 2016 it will pay you an Additional Purchase Price of $255,584.58

(C)    If FINCO receives the Property Amount between May 01, 2016 and May 31, 2016

EXHIBIT B-4

it will pay you an Additional Purchase Price of $129,648.63

(D)     If FINCO receives the Property Amount between June 01, 2016 and June 30, 2016
        it will pay you an Additional Purchase Price of $247,894.87

(E)     If FINCO receives the Property Amount between July 01, 2016 and July 31, 2016
        it will pay you an Additional Purchase Price of $243,963.30

(F)     If FINCO receives the Property Amount between August 01, 2016 and August 31, 2016
        it will pay you an Additional Purchase Price of $239,972.75

(G)     If FINCO receives the Property Amount between September 01, 2016 and September 30, 2016
        it will pay you an Additional Purchase Price of $235,922.34

(H)     If FINCO receives the Property Amount between October 01, 2016 and October 31, 2016
        it will pay you an Additional Purchase Price of $231,811.17

(I)     If FINCO receives the Property Amount between November 01, 2016 and November 30, 2016
        it will pay you an Additional Purchase Price of $227,638.34

(J)     If FINCO receives the Property Amount between December 01, 2016 and December 31, 2016
        it will pay you an Additional Purchase Price of $223,402.92

(K)     If FINCO receives the Property Amount between January 01, 2017 and January 31, 2017
        it will pay you an Additional Purchase Price of $219,103.96

(L)     If FINCO receives the Property Amount between February 01, 2017 and February 28, 2017
        it will pay you an Additional Purchase Price of $214,740.52

(M)     If FINCO receives the Property Amount between March 01, 2017 and March 31, 2017
        it will pay you an Additional Purchase Price of $210,311.63

(N)     If FINCO receives the Property Amount between April 01, 2017 and April 30, 2017
        it will pay you an Additional Purchase Price of $205,816.30

(O)     If FINCO receives the Property Amount between May 01, 2017 and May 31, 2017
        it will pay you an Additional Purchase Price of $201,253.55

(P)     If FINCO receives the Property Amount between June 01, 2017 and June 30, 2017
        it will pay you an Additional Purchase Price of $196,622.35

(Q)     If FINCO receives the Property Amount between July 01, 2017 and July 31, 2017
        it will pay you an Additional Purchase Price of $191,921.68

(R)     If FINCO receives the Property Amount between August 01, 2017 and August 31, 2017
        it will pay you an Additional Purchase Price of $187,150.51

(S)     If FINCO receives the Property Amount between September 01, 2017 and September 30, 2017
        it will pay you an Additional Purchase Price of $182,307.77

(T)     If FINCO receives the Property Amount between October 01, 2017 and October 31, 2017
        it will pay you an Additional Purchase Price of $177,392.38

(U)     If FINCO receives the Property Amount between November 01, 2017 and November 30, 2017
        it will pay you an Additional Purchase Price of $172,403.27

(V)     If FINCO receives the Property Amount between December 01, 2017 and December 31, 2017
        it will pay you an Additional Purchase Price of $167,339.32

(W)     If FINCO receives the Property Amount between January 01, 2018 and January 31, 2018
        it will pay you an Additional Purchase Price of $162,199.41

(X)     If FINCO receives the Property Amount between February 01, 2018 and February 28, 2018
        it will pay you an Additional Purchase Price of $156,982.40

(Y)     If FINCO receives the Property Amount between March 01, 2018 and March 31, 2018
        it will pay you an Additional Purchase Price of $151,687.14

(Z)     If FINCO receives the Property Amount between April 01, 2018 and April 30, 2018
        it will pay you an Additional Purchase Price of $146,312.44

(AA)    If FINCO receives the Property Amount between May 01, 2018 and May 31, 2018
        it will pay you an Additional Purchase Price of $140,857.13

(BB)    If FINCO receives the Property Amount between June 01, 2018 and June 30, 2018
        it will pay you an Additional Purchase Price of $135,319.99

(CC)    If FINCO receives the Property Amount between July 01, 2018 and July 31, 2018
        it will pay you an Additional Purchase Price of $129,699.79

(DD)    If FINCO receives the Property Amount between August 01, 2018 and August 31, 2018
        it will pay you an Additional Purchase Price of $123,995.28

(EE)    If FINCO receives the Property Amount between September 01, 2018 and September 30, 2018
        it will pay you an Additional Purchase Price of $118,205.21

(FF)    If FINCO receives the Property Amount between October 01, 2018 and October 31, 2018
        it will pay you an Additional Purchase Price of $112,328.29

(GG)    If FINCO receives the Property Amount between November 01, 2018 and November 30, 2018
        it will pay you an Additional Purchase Price of $106,363.22

(HH)    If FINCO receives the Property Amount between December 01, 2018 and December 31, 2018
        it will pay you an Additional Purchase Price of $100,308.66

(II)    If FINCO receives the Property Amount between January 01, 2019 and January 31, 2019
        it will pay you an Additional Purchase Price of $94,163.29

(JJ)    If FINCO receives the Property Amount between February 01, 2019 and February 28, 2019
        it will pay you an Additional Purchase Price of $87,925.74

(KK)    If FINCO receives the Property Amount between March 01, 2019 and March 31, 2019
        it will pay you an Additional Purchase Price of $81,594.63

(LL)    If FINCO receives the Property Amount between April 01, 2019 and April 30, 2019
        it will pay you an Additional Purchase Price of $75,168.55

(MM)    If FINCO receives the Property Amount between May 01, 2019 and May 31, 2019
        it will pay you an Additional Purchase Price of $68,646.08

(NN)    If FINCO receives the Property Amount between June 01, 2019 and June 30, 2019
        it will pay you an Additional Purchase Price of $62,025.77

(OO)    If FINCO receives the Property Amount between July 01, 2019 and July 31, 2019
        it will pay you an Additional Purchase Price of $55,306.15

(PP)    If FINCO receives the Property Amount between August 01, 2019 and August 31, 2019
        it will pay you an Additional Purchase Price of $48,485.75

EXHIBIT B-4

(QQ)    If FINCO receives the Property Amount between September 01, 2019 and September 30, 2019 it will pay you an Additional Purchase Price of $41,563.03

(RR)    If FINCO receives the Property Amount between October 01, 2019 and October 31, 2019 it will pay you an Additional Purchase Price of $34,536.48

(SS)    If FINCO receives the Property Amount between November 01, 2019 and November 30, 2019 it will pay you an Additional Purchase Price of $27,404.53

(TT)    If FINCO receives the Property Amount between December 01, 2019 and December 31, 2019 it will pay you an Additional Purchase Price of $20,165.59

(UU)    If FINCO receives the Property Amount between January 01, 2020 and January 31, 2020 it will pay you an Additional Purchase Price of $12,818.08

(VV)    If FINCO receives the Property Amount between February 01, 2020 and February 29, 2020 it will pay you an Additional Purchase Price of $5,360.35

## RIGHT TO CANCEL

**CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.**

**For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to: RD Legal Finance, LLC, PO Box 12428, Newark, NJ 07101-3528.**

### IMPORTANT NOTICE

This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.

US_ACTIVE-110051304-RMJAWORS

EXHIBIT B-4

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CIVIL ACTION OR CLAIM HAS PROVIDED NO TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE REGARDING THIS TRANSACTION.**

**10.    Date of Execution:**  This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to FINCO at its offices (all containing original signatures), (ii) FINCO receives from Podhurst Orseck, P.A. or "you" the Notice of Assignment to Podhurst Orseck, P.A. and the letter addressed to FINCO from Podhurst Orseck, P.A. acknowledging FINCO's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of FINCO.

**11.    Wire Instructions:** *Please send or transmit payment subject to this Agreement to RD Legal Finance, LLC at:*

Bank:  BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603

Account Title: RD Legal Finance, LLC

Account Number: REDACTED

ABA Number:  071000288

**IMPORTANT NOTICE**

**This is a complex financial transaction.  By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case.  In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning.  You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CIVIL ACTION OR CLAIM HAS PROVIDED NO**

EXHIBIT B-4

**TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE
REGARDING THIS TRANSACTION.**

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-4

The Parties have executed this Agreement as of the date first written above.

Signature of Individual

Printed Name of Individual

Printed Name of Spouse

RD LEGAL FINANCE, LLC

By: _____

Printed Name

Title

US_ACTIVE-11009304-RMJAWORS

EXHIBIT B-4

ACKNOWLEDGMENT

STATE OF NEW JERSEY      }

        SS:     CARLO J. CHINOSI
              NOTARY PUBLIC OF NEW JERSEY
              My Commission Expires June 9, 2020

COUNTY OF BURLINGTON}

    **BE IT REMEMBERED** that on date before me personally appeared ▮▮▮▮▮
who I am satisfied is authorized to execute the Agreement and Power of Attorney and who
executed those documents and acknowledged on the Agreement that he signed, sealed, and
delivered the Agreement as his act and deed for the uses and purposes expressed therein.

             _____  3 - 2 2 - 16
             NOTARY PUBLIC


ACKNOWLEDGMENT

STATE OF NEW JERSEY      }

        SS:
              CARLO J. CHINOSI
              NOTARY PUBLIC OF NEW JERSEY
COUNTY OF BURLINGTON}    My Commission Expires June 9, 202❓

    **BE IT REMEMBERED** that on date before me personally appeared ▮▮▮▮▮
who I am satisfied is authorized to execute the Agreement and Power of Attorney and who
executed those documents and acknowledged on the Agreement that he signed, sealed, and
delivered the Agreement as his act and deed for the uses and purposes expressed therein.

             _____  3 - 2 2 - 16
             NOTARY PUBLIC

EXHIBIT B-4

## CERTIFICATION OF TRUTHFULNESS

I, ███████████, hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Finance, LLC, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit- Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.



By: _____     Date _3 - 2 2 - 1 6_

BY (Spouse _____     Date _3-22-16_

EXHIBIT B-4

## Spousal Acknowledgment

I, ▇▇▇▇▇▇▇▇ hereby acknowledge the following:

(1) I am the spouse of ▇▇▇▇▇▇▇▇ who is a Party to this Agreement;

(2) I have read and understood the terms of, and been provided with, a copy of the Agreement;

(3) By virtue of this Agreement, my spouse has assigned $510,000.00 of his interest in the case regarding In Re: National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323 (the "Property") to RD Legal Finance, LLC ("FINCO"); and

(4) To the best of my knowledge, my spouse (a) is not involved in any bankruptcy, insolvency or other legal proceedings that could affect his/her assets, (b) has paid or made adequate provision for payment of all federal, state and local taxes that are due, (c) has no tax or other governmental liens against him/her or his/her interest in the judgment, (d) is not indebted to me or any former spouse for support, maintenance or similar obligations, or to any child or the child's guardian for any child support or similar payments, and (e) has not transferred or assigned, and has no plans to transfer or assign, any portion of his/her interest in the judgment to any other party or person.

(5) To the best of my knowledge, my spouse is of sound mind and possesses the appropriate mental capacity to understand the nature and consequences of this Agreement and to sign legal documents.

▇▇▇▇▇▇▇dgment as of ___March 22___, 20 16 .

## ACKNOWLEDGMENT

STATE OF NEW JERSEY      }

                                                                CARLO J. CHINOSI
                                                          NOTARY PUBLIC OF NEW JERSEY
                                                SS:       My Commission Expires June 9, 2020

COUNTY OF BURLINGTON}

    I certify that on this _22_ day of ___March___, 20 16, ▇▇▇▇▇▇▇▇ personally came before me and acknowledged under oath, to my s▇▇▇▇▇▇▇ person named in and who personally signed this Acknowledgment and signed, sealed and delivered such Acknowledgment as his or her own act and deed.

_____
NOTARY PUBLIC

EXHIBIT B-4

## NOTICE OF ASSIGNMENT

TO:  Podhurst Orseck, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL, 33130

Attn: Ricardo M. Martinez-Cid, Esq.

RE:  In Re: National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323 - ███████

You are hereby notified that on March 22, 2016, ██████████ ("Assignor") transferred and assigned to the undersigned ("FINCO") a portion of the Assignor's right, title and interest regarding In Re: National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323 (the "Judgment") and that the portion of Assignor's interest in that Judgment is assigned to FINCO is in the amount of $510,000.00 (the "Property Amount").

You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to FINCO (RD Legal Finance, LLC) in the sum of the Property Amount pursuant to the Agreement(s) between the parties. You are further instructed that any distribution of the Property Amount to any person other than FINCO shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by FINCO hereunder.

RD Legal Finance, LLC *(Payment address only)*
PO Box 12428
Newark, NJ 07101-3528                                    Tax I.D. No. REDACTED

By: _____                           Date: _____
Authorized Representative


**Assignor:**

By: _____                           Date: 3-22-16


By (Spouse) _____                   Date: 3-22-16

EXHIBIT B-4

## NOTICE OF ASSIGNMENT

TO:     Monetary Award Fund
        Claim Processing

        Attn:

RE:     In Re:  National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
        MDL-2323 - ████████

        You are hereby notified that on March 22, 2016 ████████ ("Assignor") transferred and
assigned to the undersigned ("FINCO") a portion of the Assignor's right, title and interest regarding In
Re:  National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
MDL-2323 (the "Judgment") and that the portion of Assignor's interest in that Judgment is assigned to
FINCO is the amount of $510,000.00 (the "Property Amount").

        You are hereby instructed that, promptly following receipt of funds representing Assignor's
interest in the Judgment, you are to issue a check to RD Legal Finance, LLC in the sum of the Property
Amount pursuant to the Agreement(s) between the parties.  You are further instructed that any
distribution of the Property Amount to any person other than FINCO shall be in violation of the
Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for
any loss suffered by FINCO hereunder.

RD Legal Finance, LLC *(Payment address only)*                      Tax I.D. No. REDACTED
PO Box 12428
Newark, NJ  07101-3528

By: _____                                      Date: _____
        Authorized Representative


Assignor:

By: _____                                      Date:  3-22-16

By: _____                                      Date:  3-22-16

EXHIBIT B-4

RECEIVED

MAR 1 0 2016

## THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY

## ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is made on March 7, 2016, between ███████████ ("you"), with a residence address located at   REDACTED Boxford, MA  01921 and RD Legal Finance, LLC ("FINCO", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ  07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

**YOUR ATTENTION IS DRAWN TO THE DISPUTE RESOLUTION PROVISION IN SECTION 8.  IF A DISPUTE ARISES BETWEEN US, YOU OR WE MAY REQUIRE THAT IT BE RESOLVED THROUGH BINDING ARBITRATION, RATHER THAN BY JURY TRIAL.**

**WHEREAS**, you are the client of Edward Stone Law, P.C., the law firm that represented you and other plaintiff(s), with reference to In Re:  National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323 (the "Case"), and you have an interest in the Case;

**WHEREAS**, per the Settlement Agreement amended and filed February 13, 2015, along with the Amended Final Court Order and Judgment dated May 08, 2015, the Monetary Award Fund to be overseen by Special Masters Wendell Pritchett and Jo-Ann M. Verrier and Claims Administrator BrownGreer, PLC is to be set-up for claimants who are deemed to have proved they have a Qualifying Diagnosis based on the requirements as set-forth in the Settlement Agreement, from which an award is anticipated to be received by you in the amount of $1,500,000 (the "Award") based upon your qualified medical diagnosis constituting an impairment Level 1.5 and prior to any Offsets and/or Set-asides being applied.

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award, which may be subject to increase upon appeal, to FINCO; and

NOW, THEREFORE, you and we agree as follows:

1.  **Assignments and Consideration**

    (a)     You hereby sell and assign to FINCO your interest in $510,000 of the Award and any future payments made in satisfaction of the Award (the "Property" or

EXHIBIT B-5

1193293v2 9/19/13(08/04/15.tel/bf.bg.11/25/15)

"Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

(b) In return for the Property, FINCO will pay to you the sum of $242,857.14 (Two Hundred Forty Two Thousand Eight Hundred Fifty Seven Dollars & 14 Cents (the "Purchase Price").

  (i) You also consent to have withheld from the Purchase Price the amount of $2,130.40 to cover the current outstanding lien/judgment(s) along with any penalties and interest that may have accrued with reference to MN Small Claims Judgment (Creditor: Stereoland Inc. – Filing Date: 05/23/2006 – Amount: $510).The withheld amount will be refunded to you, along with accrued interest at the rate of .04932% per diem, upon receipt by FINCO of the Purchased Amount or receipt of supporting documentation that the lien/judgment has been satisfied in full.

(c) **This transaction is a true sale and assignment of the Property to FINCO and provides FINCO with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(d) Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to FINCO a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

2.   **Procedure for Paying Property Amount to FINCO**

The entire Property Amount will be paid to FINCO from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

3.   **Representations, Warranties and Assignments:** You represent and warrant to FINCO that:

- 2 -

EXHIBIT B-5

19329502 9/19/13(08/04/15.18/bl.bg.11/25/15)

(a)   Edward Stone Law, P.C. are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any reduction or defense.

(b)   You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to FINCO. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon FINCO's payment to you of the Purchase Price, FINCO will own the Property free and clear of any Adverse Interests.

(c)   You have the legal capacity to execute and perform this Agreement.

(d)   You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)   The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)   There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)   All of the information that you have provided to FINCO is true and complete in all respects. You understand that FINCO has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)   You have not engaged in any acts or conduct or made any omissions that will potentially result in FINCO receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)   You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)   This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)   You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-5

19329392 9/19/13(08/04/13.tef/bl.bg.11/25/13)

4.      **Covenants.** You covenant to FINCO that:

(a)     If before payment of the full Purchase Price FINCO discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), FINCO may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse FINCO for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to FINCO the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)     When requested, you will promptly execute any additional documents and take whatever further actions FINCO reasonably determines are necessary or desirable to perfect the assignment of the Property to FINCO or to carry out the terms of this Agreement.

(c)     You will immediately advise FINCO if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to FINCO in accordance with FINCO's instructions.  If you fail to do so, you will be in breach of the Agreement.

(d)     At FINCO's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and FINCO may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to FINCO instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

(f)     You will notify FINCO in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

   I.     A Breach occurs;

   II.    You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

   III.   Any other event which could potentially encumber the Property; or

   IV.    A change in the information that FINCO may use to contact you (including, but not limited to a change of address, telephone number, etc.).

- 4 -                           US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-5

19329302 9/19/13(08/04/13.let/bt.bg.11/25/13)

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

> RD Legal Finance, LLC
> 45 Legion Drive, 2nd Floor
> Cresskill, NJ 07626
> Attn: Roni Dersovitz
> Phone: (201) 568-9007
> Fax: (201) 568-9307

or to such other address or addresses that FINCO may otherwise provide. The notice required by this provision shall be considered to have been given by you when it is received by FINCO.

5.        **Other Agreements**

(a)     Excess Payment to FINCO. If FINCO receives payment with respect to the Case in an amount that exceeds the Property Amount, FINCO will promptly pay the excess amount to you.

(b)     Best Evidence. In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

(c)     Equitable Relief. Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

(d)     Entire Agreement. This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

(e)     Enforcement. The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

(f)     Assignment. FINCO may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person.   FINCO

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-5

I93293V2 9/19/13(08/04/15.1e//01.0g.11/25/15)

may also pledge or grant a security interest in the Property. This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

(g)   <u>Third-Party Beneficiary.</u>  This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of FINCO.

(h)   <u>No Recourse.</u>  FINCO is purchasing all of your interest in the Property without recourse against you (other than for a Breach). This means that, in the event FINCO for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay FINCO any portion of the Purchase Price that FINCO paid to you.

(i)   <u>Severability.</u>  If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

6.        **Governing Law; Exclusive Jurisdiction:**  This Agreement is governed by and construed in accordance with the laws of the State of New Jersey. If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey. The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

7.        **DISPUTE RESOLUTION**

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. THIS SECTION CONTAINS IMPORTANT INFORMATION REGARDING HOW DISPUTES UNDER THIS AGREEMENT WILL BE RESOLVED. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.**

**Agreement to Arbitrate Disputes.**  Either you or we may elect, without the other's consent, to require that any dispute between us relating to this Agreement be resolved by binding arbitration.

**Disputes Covered by Arbitration.**  Any claim or dispute relating to or arising out of this Agreement, or our relationship will be subject to arbitration. All disputes are subject to arbitration, no matter on what legal theory they are based or what remedy (damages, or injunctive or declaratory relief) they seek. Disputes include any unresolved claims concerning

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-5

19329372 9/19/13(08/04/15.tel/bl.bg.11/25/15)

payments made or due under the terms of this Agreement, any Breach of this Agreement or of any of the representations, warranties or covenants agreed to under this Agreement.

Disputes include not only claims made directly by you, but also made by anyone connected with you or claiming through you, such as a parent, child, guardian, representative, agent, heir, or trustee in bankruptcy. Disputes also include not only claims that relate directly to FINCO, but also its parent, affiliates, successors, assignees, employees, and agents and claims for which we may be directly or indirectly liable, even if we are not properly named at the time the claim is made. Disputes include claims based on any theory of law, contract, statute, regulation, tort (including fraud or any intentional tort), or any other legal or equitable ground, and include claims made as counterclaims, cross-claims, third party claims, interpleaders or otherwise.

A Party who initiates a proceeding in court may elect arbitration with respect to any dispute advanced in that proceeding by any other party. Disputes include claims made as part of a class action or other representative action, it being expressly understood and agreed to that the arbitration of such claims must proceed on an individual (non-class, non-representative) basis. Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions. Any questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

**Commencing an Arbitration.**   The Party filing an arbitration must choose one of the following neutral arbitration forums and follow its rules and procedures for initiating and pursuing an arbitration: American Arbitration Association or JAMS.   If you initiate the arbitration, you must notify us in writing at RD Legal Finance, LLC, 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, Attn: Roni Dersovitz.  If we initiate the arbitration, we will notify you in writing at your last known address on file. You may obtain a copy of the arbitration rules for these forums, as well as additional information about initiating an arbitration by contacting these arbitration forums:

| | |
|---|---|
| American Arbitration Association | JAMS |
| 1-800-778-7879 (toll-free) | 1-800-352-5267 (toll-free) |
| Website: www.adr.org | Website: www.jamsadr.com. |

The arbitration shall be conducted in the same city as the U.S. District Court closest to your home address, unless the parties agree to a different location in writing.

**Administration of Arbitration.**  The arbitration will be decided by a single, neutral arbitrator. The arbitrator will be either a lawyer with at least ten years experience or a retired or former judge, selected in accordance with the rules of the arbitration forum. The arbitrator shall follow procedures and rules of the arbitration forum in effect on the date the arbitration is filed unless those rules and procedures are inconsistent with this arbitration provision, in which case this arbitration provision will prevail. Those procedures and rules may limit the discovery available to you or us. The arbitrator will take reasonable steps to protect personal information and other confidential information if requested to do so by you or us. The arbitrator shall decide

- 7 -

EXHIBIT B-5

19329302 9/19/15(08/04/15.lev/01.bg.11/25/15)

the dispute in accordance with applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, will honor claims of privilege recognized at law, and will be empowered to award any damages or other relief provided for under applicable law. The arbitrator will not have the power to award relief to, or against, any person who is not a party to the arbitration.

An award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the claims in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other dispute. You or we may choose to have a hearing and be represented by counsel. The decision rendered by the arbitrator shall be in writing; however, the arbitrator need not provide a statement of his reasons unless one is requested by you or us.

**Costs.** The Party initiating the arbitration shall pay the initial filing fee. If you file the arbitration and an award is rendered in your favor, we will reimburse you for your filing fee. If there is a hearing, we will pay the fees and costs for the first day of that hearing. All other fees and costs will be allocated in accordance with the rules of the arbitration forum. However, we will advance or reimburse filing and other fees if the arbitrator rules that you cannot afford to pay them or finds other good cause for requiring us to do so, or if you ask us and we determine there is good reason for doing so. Each party shall bear the expense of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

**No Class Action or Joinder of Parties.** You and we agree that no class action, private attorney general or other representative claims may be pursued in arbitration, nor may such action be pursued in court if either you or we elect arbitration. Unless mutually agreed to by you and us, claims of two or more persons may not be joined, consolidated, or otherwise brought together in the same arbitration (unless those persons are parties to a single transaction or related transaction); this is so whether or not the claim may have been assigned.

**Right to Resort to Provisional Remedies Preserved.** Nothing in this section shall be deemed to limit or constrain our right to resort to self-help remedies, such as the right of setoff or the right to exercise any security interest or lien we may hold on property, or to comply with legal process, or to obtain provisional remedies such as injunctive relief, attachment, or garnishment by a court having appropriate jurisdiction; provided, however, that you or we may elect to arbitrate any dispute related to such provisional remedies.

**Arbitration Award.** The arbitrator's award shall be final and binding unless a party appeals it in writing to the arbitration forum within fifteen days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators selected in accordance with the rules of the same arbitration forum. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated before a single arbitrator. An award by a panel is final and binding on the parties after fifteen (15) days have passed. A final and binding award is subject to judicial intervention

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-5

193293v2 9/19/13(08/04/15.iei/bi.bg.11/25/15)

or review only to the extent allowed under the Federal Arbitration Act. A Party may seek to have a final and binding award entered as a judgment in any court having jurisdiction.

**Governing Law.**  You and we agree that our relationship includes transactions involving interstate commerce and that these arbitration provisions are governed by, and enforceable under, the Federal Arbitration Act.

**Severability, Survival.**  These arbitration provisions shall survive:  (i) termination of this Agreement; (ii) the bankruptcy of any Party; and (iii) the transfer or assignment of this Agreement.  If any portion of this arbitration provision is deemed invalid or unenforceable, the entire arbitration provision shall not remain in force. No provision of this arbitration provision may be amended, severed or waived absent a written agreement between you and us.

8.     WAIVER OF TRIAL BY JURY.

EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.

## RIGHT TO CANCEL

**CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.**

**For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation.  All checks intended to cancel the transaction should be mailed to:  RD Legal Finance, LLC, PO Box 12428, Newark, NJ  07101-3528.**

### IMPORTANT NOTICE

**This is a complex financial transaction.  By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning.  You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction**

- 9 -

EXHIBIT B-5

195295V2 9/19/15(08/04/15.1el/bl.bg.11/25/15)

will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.

DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CIVIL ACTION OR CLAIM HAS PROVIDED NO TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE REGARDING THIS TRANSACTION.

9.      **Date of Execution:**  This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to FINCO at its offices (all containing original signatures), (ii) FINCO receives from Edward Stone Law, P.C. or "you" the Notice of Assignment to Edward Stone Law, P.C.,and the letter addressed to FINCO from Edward Stone Law, P.C., acknowledging FINCO's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of FINCO.

10.     **Wire Instructions:**  *Please send or transmit payment subject to this Agreement to RD Legal Finance, LLC at:*

Bank: BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603
Account Title:  RD Legal Finance, LLC
Account Number:  REDACTED
ABA Number:  071000288

US_ACTIVE-116091304-RMJAWORS

EXHIBIT B-5

I93293v2 9/19/15(08/04/15.iei/bi.bg.11/25/15)

## IMPORTANT NOTICE

**This is a complex financial transaction.  By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case.  In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning.  You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.

Signature of Individual

Printed Name of Spouse

RD LEGAL FINANCE, LLC

By: _____

_____
Printed Name

_____
Title

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-5

193293v2 9/19/13(08/04/13.1e1/01.bg.11/25/13)

# ACKNOWLEDGMENT

STATE OF MASSACHUSETTS}

                        SS:

COUNTY OF ESSEX                }

     **BE IT REMEMBERED** that on date before me personally appeared 
 who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

KATERINA E. YEE
Notary Public
Massachusetts
Commission Expires Mar 5, 2021

NOTARY PUBLIC  3/7/16

# ACKNOWLEDGMENT

STATE OF MASSACHUSETTS}

                        SS:

COUNTY OF ESSEX                }

     **BE IT REMEMBERED** that on date before me personally appeared  who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.

KATERINA E. YEE
Notary Public
Massachusetts
Commission Expires Mar 5, 2021

NOTARY PUBLIC  3/7/16

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-5

193293v2 9/19/13(08/04/15.lei/bi.bg.11/25/15)

## CERTIFICATION OF TRUTHFULNESS

      I, ████████████ hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Finance, LLC, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit- Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: ████████████████████   Date _3- 7- /6_____

BY ████████████████████   Date _3 / 7 / /6_____

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-5

19329302 9/19/15(08/04/15.1e1/b1.bg.11/23/15)

## Spousal Acknowledgment

I, ▯▯▯▯▯▯▯ hereby acknowledge the following:

(1) I am the spouse of ▯▯▯▯▯▯▯ who is a Party to this Agreement;

(2) I have read and understood the terms of, and been provided with, a copy of the Agreement;

(3) By virtue of this Agreement, my spouse has assigned $510,000.00 of his interest in the case regarding In Re: National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323 (the "Property") to RD Legal Finance, LLC ("FINCO"); and

(4) To the best of my knowledge, my spouse (a) is not involved in any bankruptcy, insolvency or other legal proceedings that could affect his/her assets, (b) has paid or made adequate provision for payment of all federal, state and local taxes that are due, (c) has no tax or other governmental liens against him/her or his/her interest in the judgment, (d) is not indebted to me or any former spouse for support, maintenance or similar obligations, or to any child or the child's guardian for any child support or similar payments, and (e) has not transferred or assigned, and has no plans to transfer or assign, any portion of his/her interest in the judgment to any other party or person.

(5) To the best of my knowledge, my spouse is of sound mind and possesses the appropriate mental ▯▯▯▯▯▯▯ ement and to sign legal documents.

▯▯▯ ʰ March , 20 16 .

## ACKNOWLEDGMENT

STATE OF MASSACHUSETTS}

                                    SS:

COUNTY OF ESSEX          }

        I certify that on this 7ᵗʰ day of March , 20 16 , ▯▯▯▯▯▯▯ personally came before me and acknowledged under oath, to my satisfaction, that this person is the person named in and who personally signed this Acknowledgment and signed, sealed and delivered such Acknowledgment as his or her own act and deed.

*Katerina E. Yee*
NOTARY PUBLIC

KATERINA E. YEE
Notary Public
Massachusetts
Commission Expires Mar 5, 2021

- 14 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-5

19329372 9/19/13(08/04/15.tet/bt.bg.11/25/15)

## NOTICE OF ASSIGNMENT

TO:     Edward Stone Law, PC
        175 West Putnam Avenue, 2ⁿᵈ Floor
        Greenwich, CT 06830


        Attn: Edward S. Stone, Esq.

RE:     In Re: National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
        MDL-2323 - ▓▓▓▓▓▓▓

        You are hereby notified that on March 7, 2016, ▓▓▓▓▓▓▓▓▓▓ ("Assignor") transferred and
assigned to the undersigned ("FINCO") a portion of the Assignor's right, title and interest regarding In
Re: National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323
(the "Judgment") and that the portion of Assignor's interest in that Judgment is assigned to FINCO is in
the amount of $510,000.00 (the "Property Amount").

        You are hereby instructed that, promptly following receipt of funds representing Assignor's
interest in the Judgment, you are to issue a check to FINCO (RD Legal Finance, LLC) in the sum of
$510,000.00, the Property Amount pursuant to the Agreement(s) between the parties. You are further
instructed that any distribution of the Property Amount to any person other than FINCO shall be in
violation of the Agreement and shall result in Fund Administrator being held liable for damages and
attorneys' fees for any loss suffered by FINCO hereunder.


        RD Legal Finance, LLC *(Payment address only)*          Tax I.D. No. REDACTED
        PO Box 12428
        Newark, NJ 07101-3528

By: _____
        Authorized Representative                              Date: _____


Assignor: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓

By: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓                                             Date: 3-7-16

By ▓▓▓▓▓▓▓▓▓▓▓▓▓▓                                              Date: 3/1/16


US_ACTIVE-110091304-RMJAWORS


EXHIBIT B-5

19329302 9/19/13(08/04/15.tel/bl.bg.11/25/15)

## NOTICE OF ASSIGNMENT

TO:     Monetary Award Fund
        Claim Processing


        Attn:  Claims Administrator


RE:     In Re:  National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
        MDL-2323 – ████████████

        You are hereby notified that on March 7, 2016 ████████████ ("Assignor") transferred and
assigned to the undersigned ("FINCO") a portion of the Assignor's right, title and interest regarding In
Re:  National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
MDL-2323 (the "Judgment") and that the portion of Assignor's interest in that Judgment is assigned to
FINCO is the amount of $510,000.00 (the "Property Amount").

        You are hereby instructed that, promptly following receipt of funds representing Assignor's
interest in the Judgment, you are to issue a check to RD Legal Finance, LLC in the sum of the Property
Amount pursuant to the Agreement(s) between the parties.  You are further instructed that any
distribution of the Property Amount to any person other than FINCO shall be in violation of the
Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for
any loss suffered by FINCO hereunder.

RD Legal Finance, LLC *(Payment address only)*           Tax I.D. No.REDACTED
PO Box 12428
Newark, NJ 07101-3528

By: _____                            Date: _____
        Authorized Representative


Assignor ████████████

By ████████████                                          Date: 3-7-16

By ████████████                                          Date: 3-7-16

- 18 -                                          US_ACTIVE-10091304-RMJAWORS

[9529Sv2 9/19/15(08/04/15.let/bl.bg.11/25/15)]

**Edward Stone Law, PC**
175 West Putnam Avenue, 2nd Floor
Greenwich, CT 06830

**March 7, 2016**

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:    In Re:  National Footbal League Players' Concussion Injury Litigation No. 2:12-md-
02323-AB, MDL-2323 -

Dear Mr. Dersovitz:

This will acknowledge that our client,                                   ("Assignor"), has assigned
$510,000.00 of his interest in the judgment proceeds of the referenced case to RD Legal Finance,
LLC ("FINCO") pursuant to the Assignment and Sale Agreement(s) dated March 7, 2016, a copy
of which is attached to and made a part of this communication. Our review of the materials that
have been provided to us to date, indicate that                               will receive $1,275,000.00
in connection with                               claim against the NFL - In Re:  National Footbal League
Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323, following the application
of all offsets and set-asides.

We acknowledge receipt of the Notice of Assignment duly executed by our client,
                               In this regard, it is our understanding that, to the best of our knowledge,
our client,                       is of sound mind and possesses the appropriate mental capacity
to understand the nature and consequences of this Assignment and Sale Agreement dated March
7, 2016.

Edward Stone Law, P.C., by the signature below of Edward S. Stone, Esq., advises you
that as of the above date, Edward Stone Law, P.C. has reviewed its files and confirms that it has
not been notified of any liens (i.e.:  medical, Medicare, Medicaid, etc.) in connection with
Plaintiff client                       claim against the NFL - In Re:  National Footbal League
Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323.  In addition, Edward
Stone Law, P.C. is not in written receipt of any past lien upon the judgment proceeds which may
be received by the Assignor.

Furthermore, with the direction and consent of our client,                       I enclose
for your review the various medical records and narratives that Edward Stone Law, P.C. has on
file for Mr.

- 16 -                                US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-5

193293v2 9/19/13(08/04/15.iei/bt.og.11/25/15)

We further acknowledge FINCO's lien on Assignor's interest in the subject judgment proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment received on behalf of the Assignor in an appropriate escrow account for disbursement to FINCO at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated March 7, 2016.

This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile. Each such executed copy shall be deemed an original for all purposes.

Sincerely,

Edward S. Stone, Esq.
On behalf of Edward Stone Law, PC

_____

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-5

19329302 9/19/15(08/04/15.lev/bl. og.11/25/15)

## NOTICE OF ASSIGNMENT

TO:   Edward Stone Law, PC
      175 West Putnam Avenue, 2nd Floor
      Greenwich, CT 06830

      Attn:  Edward S. Stone, Esq.

RE:   In Re:  National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
      MDL-2323 - █████████████

      You are hereby notified that on March 7, 2016, ████████████ ("Assignor") transferred and
assigned to the undersigned ("FINCO") a portion of the Assignor's right, title and interest regarding In
Re:  National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323
(the "Judgment") and that the portion of Assignor's interest in that Judgment is assigned to FINCO is in
the amount of $510,000.00 (the "Property Amount").

      You are hereby instructed that, promptly following receipt of funds representing Assignor's
interest in the Judgment, you are to issue a check to FINCO (RD Legal Finance, LLC) in the sum of
$510,000.00, the Property Amount  pursuant to the Agreement(s) between the parties.  You are further
instructed that any distribution of the Property Amount to any person other than FINCO shall be in
violation of the Agreement and shall result in Fund Administrator being held liable for damages and
attorneys' fees for any loss suffered by FINCO hereunder.

RD Legal Finance, LLC *(Payment address only)*                    Tax I.D. No REDACTED
PO Box 12428
Newark, NJ  07101-3528

By: _____
      Authorized Representative
                                                                  Date: _____

Assignor: ████████████████████

By: ████████████████████                                          Date: 3-7-16

By (S████████████████████                                         Date: 3/7/16

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-5

19329532 9/19/15(08/04/15.rev.01.bg.11/25/15)

**Edward Stone Law, PC**
175 West Putnam Avenue, 2nd Floor
Greenwich, CT 06830

March 7, 2016

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:    In Re:  National Football League Players' Concussion Injury Litigation No. 2:12-md-
        02323-AB, MDL-2323 - ▮▮▮▮▮▮▮▮▮▮▮

Dear Mr. Dersovitz:

        This will acknowledge that our client, ▮▮▮▮▮▮▮▮ ("Assignor"), has assigned
$510,000.00 of his interest in the judgment proceeds of the referenced case to RD Legal Finance,
LLC ("FINCO") pursuant to the Assignment and Sale Agreement(s) dated March 7, 2016, a copy
of which is attached to and made a part of this communication. Our review of the materials that
have been provided to us to date, indicate that ▮▮▮▮▮▮ will receive $1,275,000.00
in connection with ▮▮▮▮▮ claim against the NFL - In Re:  National Football League
Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323, following the application
of all offsets and set-asides.

        ▮▮▮▮▮▮ We acknowledge receipt of the Notice of Assignment duly executed by our client,
▮▮▮▮▮▮▮▮▮ In this regard, it is our understanding that, to the best of our knowledge,
our client, ▮▮▮▮▮▮▮, is of sound mind and possesses the appropriate mental capacity
to understand the nature and consequences of this Assignment and Sale Agreement dated March
7, 2016.

        Edward Stone Law, P.C., by the signature below of Edward S. Stone, Esq., advises you
that as of the above date, Edward Stone Law, P.C. has reviewed its files and confirms that it has
not been notified of any liens (i.e.:  medical, Medicare, Medicaid, etc.) in connection with
Plaintiff client ▮▮▮▮▮▮▮ claim against the NFL - In Re:  National Football League
Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323. In addition, Edward
Stone Law, P.C. is not in written receipt of any past lien upon the judgment proceeds which may
be received by the Assignor.

        Furthermore, with the direction and consent of our client, ▮▮▮▮▮▮▮▮ I enclose
for your review the various medical records and narratives that Edward Stone Law, P.C. has on
file for Mr. ▮▮▮▮.

- 16 -

EXHIBIT B-5

1952953v2 9/19/13(08/04/15.let/01.bg.11/25/15)

We further acknowledge FINCO's lien on Assignor's interest in the subject judgment proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment received on behalf of the Assignor in an appropriate escrow account for disbursement to FINCO at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated March 7, 2016.

This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile. Each such executed copy shall be deemed an original for all purposes.

Sincerely,

Edward S. Stone, Esq.
On behalf of Edward Stone Law, PC

- 17 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-5

195295v2 9/19/15(08/04/15.1er/b1.bg.11/25/15)

## NOTICE OF ASSIGNMENT

TO:   Monetary Award Fund
      Claim Processing


      Attn:  Claims Administrator

RE:   In Re: National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
      MDL-2323 - ▉▉▉▉▉

    You are hereby notified that on March 7, 2016 ▉▉▉▉▉▉▉▉▉ ("Assignor") transferred and assigned to the undersigned ("FINCO") a portion of the Assignor's right, title and interest regarding In Re: National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323 (the "Judgment") and that the portion of Assignor's interest in that Judgment is assigned to FINCO is the amount of $510,000.00 (the "Property Amount").

    You are hereby instructed that, promptly following receipt of funds representing Assignor's interest in the Judgment, you are to issue a check to RD Legal Finance, LLC in the sum of the Property Amount pursuant to the Agreement(s) between the parties. You are further instructed that any distribution of the Property Amount to any person other than FINCO shall be in violation of the Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for any loss suffered by FINCO hereunder.

RD Legal Finance, LLC *(Payment address only)*        Tax I.D. No. REDACTED
PO Box 12428
Newark, NJ  07101-3528

By: _____
    Authorized Representative           Date: _____

Assignor: ▉▉▉▉▉▉▉▉▉

By: ▉▉▉▉▉▉▉▉▉           Date: 3- 7- /6

By (▉▉▉▉▉▉▉▉▉           Date: 3-7-/6

- 18 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-5

RECEIVED

APR 1 4 2016

## THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY

### ASSIGNMENT AND SALE AGREEMENT

This Assignment and Sale Agreement (the "Agreement") is made on March 30, 2016, between ███████████ ("you"), with a residence address located at      REDACTED Pittsburgh, PA  15203 and RD Legal Finance, LLC ("FINCO", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ  07626 (each a "Party", and together the "Parties"). If more than one individual is named above, "you" shall mean each and every such individual.

**YOUR ATTENTION IS DRAWN TO THE DISPUTE RESOLUTION PROVISION IN SECTION 8.  IF A DISPUTE ARISES BETWEEN US, YOU OR WE MAY REQUIRE THAT IT BE RESOLVED THROUGH BINDING ARBITRATION, RATHER THAN BY JURY TRIAL.**

**WHEREAS**, you are the client of The Law Office of Norman A. Abood, the law firm that represented you and other plaintiff(s), with reference to In Re: National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323 (the "Case"), and you have an interest in the Case;

**WHEREAS**, per the Settlement Agreement amended and filed February 13, 2015, along with the Amended Final Court Order and Judgment dated May 08, 2015, the Monetary Award Fund to be overseen by Special Masters Wendell Pritchett and Jo-Ann M. Verrier and Claims Administrator BrownGreer, PLC is to be set-up for claimants who are deemed to have proved they have a Qualifying Diagnosis based on the requirements as set-forth in the Settlement Agreement, from which an award is anticipated to be received by you in the amount of $1,500,000.00 (the "Award") based upon your qualified medical diagnosis constituting an impairment Level 1.5 and prior to any Offsets and/or Set-asides being applied.

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award, which may be subject to increase upon appeal, to RDL Finance; and

NOW, THEREFORE, you and we agree as follows:

1.    **Assignments and Consideration**

       (a)     You hereby sell and assign to FINCO your interest in $510,000.00 of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

US_ACTIVE-11009′304-RMJAWORS

EXHIBIT B-6

193293v2 9/19/13(02/04/16.rd)

(b)     In return for the Property, FINCO will pay to you the sum of $242,857.14 (Two Hundred Forty Two Thousand Eight Hundred Fity Seven Dollars and 14 Cents) (the "Purchase Price").

You consent to have withheld from the Purchase Price the amount of $21,251.82 to cover the following liens/judgments currently outstanding:

- ○ $7,581.71 to cover the current outstanding ███████████ California Small Claims Judgment, along with any penalties and interest that may have accrued. The withheld amount will be refunded to you, along with accrued interest at the rate of .04932% per diem, upon receipt by FINCO of the Purchased Amount or receipt of supporting documentation that the lien/judgment has been satisfied in full.

- ● $5,480.15 to cover the current outstanding Pennsylvania State Tax Lien, along with any penalties and interest that may have accrued. The withheld amount will be refunded to you, along with accrued interest at the rate of .04932% per diem, upon receipt by FINCO of the Purchased Amount or receipt of supporting documentation that the lien/judgment has been satisfied in full.

- ● $5,238.27 to cover the current outstanding Groth Bros. Oldsmobile Inc. California Small Claims Judgment, along with any penalties and interest that may have accrued. The withheld amount will be refunded to you, along with accrued interest at the rate of .04932% per diem, upon receipt by FINCO of the Purchased Amount or receipt of supporting documentation that the lien/judgment has been satisfied in full.

- ● $2,951.69 to cover the current outstanding Maryland State Tax Lien, along with any penalties and interest that may have accrued. The withheld amount will be refunded to you, along with accrued interest at the rate of .04932% per diem, upon receipt by FINCO of the Purchased Amount or receipt of supporting documentation that the lien/judgment has been satisfied in full.

(c)     **This transaction is a true sale and assignment of the Property to FINCO and provides FINCO with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(d)     Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-6

193293v2 9/19/13(02/04/16.rd)

financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to FINCO a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

### 2.   Procedure for Paying Property Amount to FINCO

The entire Property Amount will be paid to FINCO from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

### 3.        Representations, Warranties and Assignments:  You represent and warrant to FINCO that:

(a)   The Law Office of Norman A. Abood are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any reduction or defense.

(b)   You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to FINCO.  You have not previously sold or assigned the Property, in whole or in part, to any other party.  Upon FINCO's payment to you of the Purchase Price, FINCO will own the Property free and clear of any Adverse Interests.

(c)   You have the legal capacity to execute and perform this Agreement.

(d)   You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)   The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)   There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets.  You are not the subject of any legal proceeding.  The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)   All of the information that you have provided to FINCO is true and complete in all respects.  You understand that FINCO has relied and will continue to rely on this information in acquiring and dealing with the Property.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-6

193293v2 9/19/13(02/04/16.rd)

(h)     You have not engaged in any acts or conduct or made any omissions that will potentially result in FINCO receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)     You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding: (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)     This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)     You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

4.      **Covenants.** You covenant to FINCO that:

(a)     If before payment of the full Purchase Price FINCO discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), FINCO may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse FINCO for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to FINCO the Purchase Price, plus interest calculated at 19.562 percent per annum , or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)     When requested, you will promptly execute any additional documents and take whatever further actions FINCO reasonably determines are necessary or desirable to perfect the assignment of the Property to FINCO or to carry out the terms of this Agreement.

(c)     You will immediately advise FINCO if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to FINCO in accordance with FINCO's instructions. If you fail to do so, you will be in breach of the Agreement.

(d)     At FINCO's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and FINCO may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to FINCO instead of (and not to) you.

(e)     You understand that you are giving up all of your interest in the Property.

- 4 -

EXHIBIT B-6

193293v2 9/19/13(02/04/16.rd)

    (f)    You will notify FINCO in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

        I.    A Breach occurs;

        II.    You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

        III.    Any other event which could potentially encumber the Property; or

        IV.    A change in the information that FINCO may use to contact you (including, but not limited to a change of address, telephone number, etc.).

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

or to such other address or addresses that FINCO may otherwise provide. The notice required by this provision shall be considered to have been given by you when it is received by FINCO.

5.        **Other Agreements**

    (a)    Excess Payment to FINCO. If FINCO receives payment with respect to the Case in an amount that exceeds the Property Amount, FINCO will promptly pay the excess amount to you.

    (b)    Best Evidence. In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

    (c)    Equitable Relief. Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

        US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-6

193293v2 9/19/13(02/04/16.rd)

(d)  <u>Entire Agreement</u>. This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

(e)  <u>Enforcement</u>. The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

(f)  <u>Assignment</u>. FINCO may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person.  FINCO may also pledge or grant a security interest in the Property. This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

(g)  <u>Third-Party Beneficiary.</u> This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of FINCO.

(h)  <u>No Recourse</u>. FINCO is purchasing all of your interest in the Property without recourse against you (other than for a Breach). This means that, in the event FINCO for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay FINCO any portion of the Purchase Price that FINCO paid to you.

(i)  <u>Severability</u>. If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

6.  **Governing Law; Exclusive Jurisdiction:** This Agreement is governed by and construed in accordance with the laws of the State of New Jersey. If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey. The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

7.  **DISPUTE RESOLUTION**

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. THIS SECTION CONTAINS IMPORTANT INFORMATION REGARDING HOW DISPUTES UNDER THIS AGREEMENT WILL BE RESOLVED. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING**

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-6

193293v2 9/19/13(02/04/16.rd)

**ARBITRATION.   ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING.  IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY.  ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.**

**Agreement to Arbitrate Disputes.**  Either you or we may elect, without the other's consent, to require that any dispute between us relating to this Agreement be resolved by binding arbitration.

**Disputes Covered by Arbitration.**  Any claim or dispute relating to or arising out of this Agreement, or our relationship will be subject to arbitration.  All disputes are subject to arbitration, no matter on what legal theory they are based or what remedy (damages, or injunctive or declaratory relief) they seek. Disputes include any unresolved claims concerning payments made or due under the terms of this Agreement, any Breach of this Agreement or of any of the representations, warranties or covenants agreed to under this Agreement.

Disputes include not only claims made directly by you, but also made by anyone connected with you or claiming through you, such as a parent, child, guardian, representative, agent, heir, or trustee in bankruptcy. Disputes also include not only claims that relate directly to FINCO, but also its parent, affiliates, successors, assignees, employees, and agents and claims for which we may be directly or indirectly liable, even if we are not properly named at the time the claim is made. Disputes include claims based on any theory of law, contract, statute, regulation, tort (including fraud or any intentional tort), or any other legal or equitable ground, and include claims made as counterclaims, cross-claims, third party claims, interpleaders or otherwise.

A Party who initiates a proceeding in court may elect arbitration with respect to any dispute advanced in that proceeding by any other party. Disputes include claims made as part of a class action or other representative action, it being expressly understood and agreed to that the arbitration of such claims must proceed on an individual (non-class, non-representative) basis. Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions. Any questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

**Commencing an Arbitration.**  The Party filing an arbitration must choose one of the following neutral arbitration forums and follow its rules and procedures for initiating and pursuing an arbitration: American Arbitration Association or JAMS.  If you initiate the arbitration, you must notify us in writing at RD Legal Finance, LLC, 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, Attn: Roni Dersovitz.  If we initiate the arbitration, we will notify you in writing at your last known address on file. You may obtain a copy of the arbitration rules for these forums, as well as additional information about initiating an arbitration by contacting these arbitration forums:

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-6

193293v2 9/19/13(02/04/16.rd)

American Arbitration Association          JAMS
1-800-778-7879 (toll-free)               1-800-352-5267 (toll-free)
Website: www.adr.org                     Website: www.jamsadr.com.

The arbitration shall be conducted in the same city as the U.S. District Court closest to your home address, unless the parties agree to a different location in writing.

**Administration of Arbitration.** The arbitration will be decided by a single, neutral arbitrator. The arbitrator will be either a lawyer with at least ten years experience or a retired or former judge, selected in accordance with the rules of the arbitration forum. The arbitrator shall follow procedures and rules of the arbitration forum in effect on the date the arbitration is filed unless those rules and procedures are inconsistent with this arbitration provision, in which case this arbitration provision will prevail. Those procedures and rules may limit the discovery available to you or us. The arbitrator will take reasonable steps to protect personal information and other confidential information if requested to do so by you or us. The arbitrator shall decide the dispute in accordance with applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, will honor claims of privilege recognized at law, and will be empowered to award any damages or other relief provided for under applicable law. The arbitrator will not have the power to award relief to, or against, any person who is not a party to the arbitration.

An award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the claims in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other dispute. You or we may choose to have a hearing and be represented by counsel. The decision rendered by the arbitrator shall be in writing; however, the arbitrator need not provide a statement of his reasons unless one is requested by you or us.

**Costs.** The Party initiating the arbitration shall pay the initial filing fee. If you file the arbitration and an award is rendered in your favor, we will reimburse you for your filing fee. If there is a hearing, we will pay the fees and costs for the first day of that hearing. All other fees and costs will be allocated in accordance with the rules of the arbitration forum. However, we will advance or reimburse filing and other fees if the arbitrator rules that you cannot afford to pay them or finds other good cause for requiring us to do so, or if you ask us and we determine there is good reason for doing so. Each party shall bear the expense of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

**No Class Action or Joinder of Parties.** You and we agree that no class action, private attorney general or other representative claims may be pursued in arbitration, nor may such action be pursued in court if either you or we elect arbitration.  Unless mutually agreed to by you and us, claims of two or more persons may not be joined, consolidated, or otherwise brought together in the same arbitration (unless those persons are parties to a single transaction or related transaction); this is so whether or not the claim may have been assigned.

- 8 -                                    US_ACTIVE-110091304-RMJAWDRS

EXHIBIT B-6

193293v2 9/19/13(02/04/16.rd)

**Right to Resort to Provisional Remedies Preserved.** Nothing in this section shall be deemed to limit or constrain our right to resort to self-help remedies, such as the right of setoff or the right to exercise any security interest or lien we may hold on property, or to comply with legal process, or to obtain provisional remedies such as injunctive relief, attachment, or garnishment by a court having appropriate jurisdiction; provided, however, that you or we may elect to arbitrate any dispute related to such provisional remedies.

**Arbitration Award.** The arbitrator's award shall be final and binding unless a party appeals it in writing to the arbitration forum within fifteen days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators selected in accordance with the rules of the same arbitration forum. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated before a single arbitrator. An award by a panel is final and binding on the parties after fifteen (15) days have passed. A final and binding award is subject to judicial intervention or review only to the extent allowed under the Federal Arbitration Act. A Party may seek to have a final and binding award entered as a judgment in any court having jurisdiction.

**Governing Law.** You and we agree that our relationship includes transactions involving interstate commerce and that these arbitration provisions are governed by, and enforceable under, the Federal Arbitration Act.

**Severability, Survival.** These arbitration provisions shall survive: (i) termination of this Agreement; (ii) the bankruptcy of any Party; and (iii) the transfer or assignment of this Agreement. If any portion of this arbitration provision is deemed invalid or unenforceable, the entire arbitration provision shall not remain in force. No provision of this arbitration provision may be amended, severed or waived absent a written agreement between you and us.

8.   WAIVER OF TRIAL BY JURY.

EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.

RIGHT TO CANCEL

CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.

For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-6

J93293v2 9/19/13(02/04/16.rd)

United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to: RD Legal Finance, LLC, PO Box 12428, Newark, NJ 07101-3528.

IMPORTANT NOTICE

This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.

DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CIVIL ACTION OR CLAIM HAS PROVIDED NO TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE REGARDING THIS TRANSACTION.

9.    **Date of Execution:** This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, Spousal Acknowledgment and Notice of Assignment) are signed by you before a Notary Public and returned to FINCO at its offices (all containing original signatures), (ii) FINCO receives from The Law Office of Norman A. Abood or "you" the Notice of Assignment to The Law Office of Norman A. Abood and the letter addressed to FINCO from The Law Office of Norman A. Abood acknowledging FINCO's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of FINCO.

10.    **Wire Instructions:** *Please send or transmit payment subject to this Agreement to RD Legal Finance, LLC at:*

Bank: BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603<br>
Account Title: RD Legal Finance, LLC<br>
Account Number: REDACTED<br>
ABA Number: 071000288

- 10 -

EXHIBIT B-6

193293v2 9/19/13(02/04/16.rd)

## IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

The Parties have executed this Agreement as of the date first written above.

Signature of Individual

Printed Name of Individual

RD LEGAL FINANCE, LLC

By: _____

_____
Printed Name

_____
Title

- 11 -

US_ACTIVE-110091304-RMJAVIORS

EXHIBIT B-6

193293v2 9/19/13(02/04/16.rd)

# ACKNOWLEDGMENT

STATE OF PENNSYLVANIA }

SS:

COUNTY OF ALLEGHENY  }


**BE IT REMEMBERED** that on date before me personally appeared ▓▓▓▓▓▓ who I am satisfied is authorized to execute the Agreement and Power of Attorney and who executed those documents and acknowledged on the Agreement that he signed, sealed, and delivered the Agreement as his act and deed for the uses and purposes expressed therein.


NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Lisa A. Moretti, Notary Public
Carnegie Boro, Allegheny County
My Commission Expires Nov. 5, 2017
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

- 12 -

EXHIBIT B-6

193293v2 9/19/13(02/04/16.rd)

## CERTIFICATION OF TRUTHFULNESS

I, ███████████ hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Finance, LLC, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit- Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: ████████████████          Date  4/13/16

- 13 -

US_ACTIVE-11009130-RMJAWORS

EXHIBIT B-6

193293v2 9/19/13(02/04/16.rd)

## NOTICE OF ASSIGNMENT

TO:     The Law Office of Norman A. Abood
        203 Fort Industry Square
        152 North Summit Street
        Toledo, OH, 43604


        Attn:  Norman A. Abood, Esq.

RE:     In Re:  National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
        MDL-2323 - ▓▓▓▓▓▓

        You are hereby notified that on March 30, 2016, ▓▓▓▓▓▓▓▓▓ "Assignor") transferred and
assigned to the undersigned ("FINCO") a portion of the Assignor's right, title and interest regarding In
Re:  National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323
(the "Judgment") and that the portion of Assignor's interest in that Judgment is assigned to FINCO is in
the amount of $510,000.00 (the "Property Amount").

        You are hereby instructed that, promptly following receipt of funds representing Assignor's
interest in the Judgment, you are to issue a check to FINCO (RD Legal Finance, LLC) in the sum of the
Property Amount pursuant to the Agreement(s) between the parties.  You are further instructed that any
distribution of the Property Amount to any person other than FINCO shall be in violation of the
Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for
any loss suffered by FINCO hereunder.

RD Legal Finance, LLC *(Payment address only)*          Tax I.D. No. REDACTED
PO Box 12428
Newark, NJ  07101-3528

By: _____
        Authorized Representative                        Date:  4/14/16


Assignor: ▓▓▓▓▓▓▓▓▓▓▓▓

By: _____                     Date:  4/15/16

US_ACTIVE-110091304-RNJAWORS


EXHIBIT B-6

193293v2 9/19/13(02/04/16.rd)

**The Law Office of Norman A. Abood**
**203 Fort Industry Square**
**152 North Summit Street**
**Toledo, OH  43604**

March 30, 2016

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:   In Re:  National Footbal League Players' Concussion Injury Litigation No. 2:12-md-
         02323-AB, MDL-2323 - ███████████

Dear Mr. Dersovitz:

       This will acknowledge that our client, ████████████ ("Assignor"), has assigned
$510,000.00 of his interest in the judgment proceeds of the referenced case to RD Legal Finance,
LLC ("FINCO") pursuant to the Assignment and Sale Agreement(s) dated March 30, 2016, a
copy of which is attached to and made a part of this communication. Our review of the materials
that have been provided to us to date, indicate that ████████████ will receive $1,275,000.00
in connection with ████████████ claim against the NFL - In Re: National Footbal League
Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323, following the application
of all offsets and set-asides.

       We acknowledge receipt of the Notice of Assignment duly executed by our client, ████████
██████████ In this regard, it is our understanding that, to the best of our knowledge, our client,
████████████ is of sound mind and possesses the appropriate mental capacity to understand
the nature and consequences of this Assignment and Sale Agreement dated March 30, 2016.

       The Law Office of Norman A. Abood, by the signature below of Norman A. Abood,
advises you that as of the above date, The Law Office of Norman A. Abood has reviewed its files
and confirms that it has not been notified of any liens (i.e.: medical, Medicare, Medicaid, etc.) in
connection with Plaintiff client ████████████ claim against the NFL - In Re:  National
Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323.  In
addition, The Law Office of Norman A. Abood is not in written receipt of any past lien upon the
judgment proceeds which may be received by the Assignor.

       Furthermore, with the direction and consent of our client, ████████████ I enclose for
your review the various medical records and narratives that The Law Office of Norman A.
Abood has on file for Mr. ██████

US_ACTIVE-110091904-RNJAV/ORS

193293v2 9/19/13(02/04/16.rd)

     We further acknowledge FINCO's lien on Assignor's interest in the subject judgment proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment received on behalf of the Assignor in an appropriate escrow account for disbursement to FINCO at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment and Sale Agreement(s) dated March 30, 2016.

     This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile. Each such executed copy shall be deemed an original for all purposes.

Sincerely,

Norman A. Abood, Esq. On behalf of The Law Office of Norman A. Abood

_____

- 16 -

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-6

193293v2 9/19/13(02/04/16.rd)

## NOTICE OF ASSIGNMENT

TO:    Monetary Award Fund
       Claim Processing


       Attn:  Norman A. Abood, Esq.


RE:    In Re:  National Footbal League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
       MDL-2323 - ▓▓▓▓▓▓

       You are hereby notified that on March 30, 2016, ▓▓▓▓▓▓▓▓ ("Assignor") transferred and
assigned to the undersigned ("FINCO") a portion of the Assignor's right, title and interest regarding In
Re:  National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
MDL-2323 (the "Judgment") and that the portion of Assignor's interest in that Judgment is assigned to
FINCO is the amount of $510,000.00 (the "Property Amount").

       You are hereby instructed that, promptly following receipt of funds representing Assignor's
interest in the Judgment, you are to issue a check to RD Legal Finance, LLC in the sum of the Property
Amount pursuant to the Agreement(s) between the parties.  You are further instructed that any
distribution of the Property Amount to any person other than FINCO shall be in violation of the
Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for
any loss suffered by FINCO hereunder.

RD Legal Finance, LLC *(Payment address only)*            Tax I.D. No.REDACTED
PO Box 12428
Newark, NJ 07101-2528

By: _____
        Authorized Representative                         Date: _4/14/16_____


Assignor:

By: ▓▓▓▓▓▓▓▓▓▓▓                                           Date: _4/13/16_____


- 17 -                                      US_ACTIVE-110091304-RNJAWORS


EXHIBIT B-6



**THIS IS A LEGAL DOCUMENT AND SHOULD BE EXECUTED UNDER THE SUPERVISION OF AN ATTORNEY**

**ASSIGNMENT AND SALE AGREEMENT** *(amended and restated as of 10/19/2016)*

This Assignment and Sale Agreement (the "Agreement") is made on October 19, 2016, between ▆▆▆▆▆▆ ("you"), with a residence address located at   REDACTED REDACTED Houston, Texas  77057 and RD Legal Finance, LLC ("FINCO", "we" or "us"), with offices located at 45 Legion Drive, 2nd Floor, Cresskill, NJ  07626 (each a "Party", and together the "Parties").  If more than one individual is named above, "you" shall mean each and every such individual.

**YOUR ATTENTION IS DRAWN TO THE DISPUTE RESOLUTION PROVISION IN SECTION 8.  IF A DISPUTE ARISES BETWEEN US, YOU OR WE MAY REQUIRE THAT IT BE RESOLVED THROUGH BINDING ARBITRATION, RATHER THAN BY JURY TRIAL.**

**WHEREAS**, you are the client of Heard Robins Cloud LLP, currently known as Robins Cloud LLP, the law firm that represented you and other plaintiff(s), with reference to In re: National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323 (the "Case"), and you have an interest in the Case;

**WHEREAS**, per the Settlement Agreement amended and filed February 13, 2015, along with the Amended Final Court Order and Judgment dated May 08, 2015, the Monetary Award Fund to be overseen by Special Masters Wendell Pritchett and Jo-Ann M. Verrier and Claims Administrator BrownGreer, PLC is to be set-up for claimants who are deemed to have proved they have a Qualifying Diagnosis based on the requirements as set-forth in the Settlement Agreement, from which an award is anticipated to be received by you in the amount of $1,500,000.00 (One Million Five Hundred Thousand Dollars and No Cents) (the "Award") based upon your qualified medical diagnosis constituting an impairment Level 1.5 (Early Dementia) and prior to any Offsets and/or Set-asides being applied.

**WHEREAS**, you own all right, title and interest in the Award;

**WHEREAS**, you wish to receive an immediate lump sum cash payment in return for selling and assigning a portion of the Award, which may be subject to increase upon appeal, to RDL Finance; and

NOW, THEREFORE, you and we agree as follows:

1.   **Assignments and Consideration**

     (a)   You hereby sell and assign to FINCO your interest in $300,000.00 (Three Hundred Thousand Dollars and No Cents) of the Award and any future payments made in satisfaction of the Award (the "Property" or "Property Amount") free and

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-7

193293v2 9/19/13(02/04/16.rd)

clear of any interests in the Award held or obtained by third parties ("Adverse Interests").

(b)     In return for the Property, FINCO will pay to you the sum of $100,000.00 (One Hundred Thousand Dollars and No Cents) (the "Purchase Price").

You consent to have a portion of the Purchase Price in the total amount of $7,906.18 (Seven Thousand Nine Hundred Six Dollars and 18 Cents) applied to pay-off the following lien:

- $7,906.18 (Seven Thousand Nine Hundred Six Dollars and 18 Cents) applied to pay-off the current outstanding Georgia Federal State Tax Lien as per their statement dated October 5, 2016, plus and/or minus any adjustments or additional penalties and/or interest that may be applied after October 5, 2016.

You consent to have a portion of the Purchase Price in the total amount of $11,959.14 (Eleven Thousand Nine Hundred Fifty Nine Dollars and 14 Cents) applied to pay-off the following lien:

- $11,959.14 (Eleven Thousand Nine Hundred Fifty Nine Dollars and 14 Cents) applied to pay-off the current outstanding Ohio State Tax Lien, filing number 07JG529, as per the statement provided by Reliant Capital Solutions, LLC dated August 24, 2016, reflecting account number 6376471(*Note: Payoff amount has been updated as of October 19, 2016*), plus and/or minus any adjustments or additional penalties and/or interest that may be applied after October 19, 2016.

(c)     **This transaction is a true sale and assignment of the Property to FINCO and provides FINCO with the full risks and benefits of ownership of the Property.** However, you retain all obligations, liabilities and expenses under or in respect of the Award.

(d)     Notwithstanding that you and we intend that this Agreement is a true sale, we may at our option and in addition to all other notices provided for in this Agreement, and without your signature or further authorization, file a financing statement and amendments under the Uniform Commercial Code ("UCC") giving notice of this Agreement. This would be done in an abundance of caution to protect our interest in the Property in the event that this sale and assignment might be characterized in a judicial, administrative or other proceeding as a loan or other financial accommodation and not as a true sale, or as being for any reason ineffective or unenforceable.

You grant to FINCO a security interest within the meaning of Article 9 of the UCC in your interest in and to the Property to secure advancement of the Purchase Price plus interest calculated at 19.562 percent per annum compounded

US_ACTIVE-*10091304-RMJAWORS

193293v2 9::9/13(02/04/16.rd)

annually, or the maximum rate permitted by law in the jurisdiction in which you reside, whichever is less.

2.      **Procedure for Paying Property Amount to FINCO**

The entire Property Amount will be paid to FINCO from any funds received in full or partial satisfaction of the Award, regardless of the source of those funds, before any payment is made from the Award to you or any other person.

3.      **Representations, Warranties and Assignments:** You represent and warrant to FINCO that:

(a)     Heard Robins Cloud LLP, currently know as Robins Cloud LLP are and have been your attorneys in the Case, the Award is true and correct, and you are entitled to the Property Amount without any reduction or defense.

(b)     You own the Property free and clear of any Adverse Interests and have the unrestricted right to assign the Property to FINCO. You have not previously sold or assigned the Property, in whole or in part, to any other party. Upon FINCO's payment to you of the Purchase Price, FINCO will own the Property free and clear of any Adverse Interests.

(c)     You have the legal capacity to execute and perform this Agreement.

(d)     You are under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the Property.

(e)     The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated in this Agreement, will not violate any law, rule, regulation, order, agreement or instrument affecting you or the Property.

(f)     There are no bankruptcy or insolvency proceedings in progress or in prospect affecting you, the Property or any of your assets. You are not the subject of any legal proceeding. The Property has not been and is not in jeopardy of being subject to a levy or any type of Adverse Interest.

(g)     All of the information that you have provided to FINCO is true and complete in all respects. You understand that FINCO has relied and will continue to rely on this information in acquiring and dealing with the Property.

(h)     You have not engaged in any acts or conduct or made any omissions that will potentially result in FINCO receiving less in payments for the Property than is received by other parties holding a similar interest in the Judgment.

(i)     You have paid all federal, state and local taxes due through and including this date or has made adequate provision for such payment. There are no outstanding:

- 3 -                                    US. ACT VF:170391304:RMJAWORS

193293v2 9/19/13(02/04/16.rd)

    (i) tax liens or judgments against you or the Property, (ii) liens owed by you to any County, City or State Government entity; or (iii) liens owed by you to the United States Government or other person or entity for any social service or other benefit that you have received and are obligated to repay.

(j)    This Agreement constitutes your legal, valid and binding obligation and is enforceable against you in accordance with its terms.

(k)    You are not indebted to any present or former spouse for support, maintenance or similar obligations, or to any child or any guardian of a child for any child support or similar payments.

4.    **Covenants.** You covenant to FINCO that:

(a)    If before payment of the full Purchase Price FINCO discovers that there has been a breach of any of the representations, warranties or covenants of this Agreement (a "Breach"), FINCO may pursue any or all of the following remedies: (i) apply all or any portion of the Purchase Price to cure the Breach including, without limitation, to satisfy and remove any Adverse Interests and reimburse FINCO for the costs of doing so; (ii) terminate its obligations under this Agreement at which time you will return to FINCO the Purchase Price, plus interest calculated at 19.562 percent per annum compounded annually, or the maximum rate permitted by law in the jurisdiction in which you resides, whichever is less, calculated from the date of payment of the Purchase Price to the date of repayment.

(b)    When requested, you will promptly execute any additional documents and take whatever further actions FINCO reasonably determines are necessary or desirable to perfect the assignment of the Property to FINCO or to carry out the terms of this Agreement.

(c)    You will immediately advise FINCO if you receive any portion of the Award and, within five Business Days (defined as every day except Sundays and federal holidays) thereafter, will pay that portion or the Property Amount, whichever is less, to FINCO in accordance with FINCO's instructions. If you fail to do so, you will be in breach of the Agreement.

(d)    At FINCO's request, you will notify the accounting firm or attorney responsible for distribution of the funds to satisfy the Award (and FINCO may also notify that person or firm) of the terms of this Agreement and will direct that person or firm to pay the Property Amount to FINCO instead of (and not to) you.

(e)    You understand that you are giving up all of your interest in the Property.

(f)    You will notify FINCO in writing of any of the following events as soon as possible but no later than five Business Days after you discover that the event has occurred (unless another timeframe is indicated):

US_ACTIVE:\110091304\RM:JAW\CRS

EXHIBIT B-7

193293v2 9/19/13(02/04/16.rd)

I.   A Breach occurs;

II.  You file for bankruptcy, become the subject of a tax lien or other lien, become indebted to any present or former spouse for support, maintenance or similar obligations, or become indebted to any child or to a guardian of any child for any child support or similar payments;

III. Any other event which could potentially encumber the Property; or

IV.  A change in the information that FINCO may use to contact you (including, but not limited to a change of address, telephone number, etc.).

The required written notice will be (i) sent by overnight courier or registered mail, postage prepaid and return receipt requested, or (ii) transmitted by facsimile and confirmed by a similar mailed writing, to the following address:

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626
Attn: Roni Dersovitz
Phone: (201) 568-9007
Fax: (201) 568-9307

or to such other address or addresses that FINCO may otherwise provide. The notice required by this provision shall be considered to have been given by you when it is received by FINCO.

5.       **Other Agreements**

(a)    Excess Payment to FINCO. If FINCO receives payment with respect to the Case in an amount that exceeds the Property Amount, FINCO will promptly pay the excess amount to you.

(b)    Best Evidence. In any proceeding involving this Agreement or any other document related to this Agreement, a photocopy or digital copy of this Agreement will be irrefutable proof and constitute the best evidence of the Agreement and neither you nor we will object to it.

(c)    Equitable Relief. Each of the Parties will be irreparably harmed if any of the provisions of this Agreement is not performed in accordance with its terms or is breached, and will thereby be entitled to the remedy of specific performance or injunctive or similar equitable relief, in addition to any other remedy available at law or in equity.

(d)    Entire Agreement. This Agreement contains the entire agreement between the Parties, supersedes all previous oral or written agreements with regard to the same subject matter, and may be modified only by a written instrument duly executed by both Parties.

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-7

193293v2 9/19/13(02/04/16.rd)

(e)  Enforcement.  The prevailing Party in any action or other proceeding involving the interpretation, defense, or enforcement of this Agreement will be entitled to recover its reasonable attorney's fees and expenses from the unsuccessful Party. Reasonable attorney's fees and expenses will be presumed to be the product of the number of hours spent on the matter by the prevailing Party's attorney and the hourly billing rate charged to the prevailing Party by its attorney in similar matters (subject to rebuttal only by the introduction of competent evidence to the contrary).

(f)  Assignment.  FINCO may, and you may not, assign this Agreement or any of the rights, interests or obligations under this Agreement to any other person.  FINCO may also pledge or grant a security interest in the Property.  This Agreement is binding on the Parties' successors [heirs] and permitted assignees.

(g)  Third-Party Beneficiary.  This Agreement does not create, and shall not be construed to create, any rights enforceable by any person that is not a Party to this Agreement, other than a permitted assignee of FINCO.

(h)  No Recourse.  FINCO is purchasing all of your interest in the Property without recourse against you (other than for a Breach).  This means that, in the event FINCO for any reason (other than your Breach of this Agreement) does not receive all of the Property Amount, you will have no obligation to pay FINCO any portion of the Purchase Price that FINCO paid to you.

(i)  Severability.  If any portion of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the remainder of the Agreement will continue in full force and effect unless a failure of consideration would result.

6.  **Governing Law; Exclusive Jurisdiction:** This Agreement is governed by and construed in accordance with the laws of the State of New Jersey. If a lawsuit or other proceeding arises out of this Agreement, the Parties consent to the exclusive jurisdiction of the State or Federal Courts of the State of New Jersey. The Parties waive any objection that they may have, now or later, to the venue of any lawsuit or proceeding or that any such lawsuit or proceeding is brought in an inconvenient court.

7.  **DISPUTE RESOLUTION**

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.  THIS SECTION CONTAINS IMPORTANT INFORMATION REGARDING HOW DISPUTES UNDER THIS AGREEMENT WILL BE RESOLVED. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY.  ARBITRATION**

- 6 -

EXHIBIT B-7

193293v2 9/19/13(02/04/16.rd)

## PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.

**Agreement to Arbitrate Disputes.** Either you or we may elect, without the other's consent, to require that any dispute between us relating to this Agreement be resolved by binding arbitration.

**Disputes Covered by Arbitration.** Any claim or dispute relating to or arising out of this Agreement, or our relationship will be subject to arbitration. All disputes are subject to arbitration, no matter on what legal theory they are based or what remedy (damages, or injunctive or declaratory relief) they seek. Disputes include any unresolved claims concerning payments made or due under the terms of this Agreement, any Breach of this Agreement or of any of the representations, warranties or covenants agreed to under this Agreement.

Disputes include not only claims made directly by you, but also made by anyone connected with you or claiming through you, such as a parent, child, guardian, representative, agent, heir, or trustee in bankruptcy. Disputes also include not only claims that relate directly to FINCO, but also its parent, affiliates, successors, assignees, employees, and agents and claims for which we may be directly or indirectly liable, even if we are not properly named at the time the claim is made. Disputes include claims based on any theory of law, contract, statute, regulation, tort (including fraud or any intentional tort), or any other legal or equitable ground, and include claims made as counterclaims, cross-claims, third party claims, interpleaders or otherwise.

A Party who initiates a proceeding in court may elect arbitration with respect to any dispute advanced in that proceeding by any other party. Disputes include claims made as part of a class action or other representative action, it being expressly understood and agreed to that the arbitration of such claims must proceed on an individual (non-class, non-representative) basis. Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions. Any questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

**Commencing an Arbitration.** The Party filing an arbitration must choose one of the following neutral arbitration forums and follow its rules and procedures for initiating and pursuing an arbitration: American Arbitration Association or JAMS.  If you initiate the arbitration, you must notify us in writing at RD Legal Finance, LLC, 45 Legion Drive, 2nd Floor, Cresskill, NJ 07626, Attn: Roni Dersovitz.  If we initiate the arbitration, we will notify you in writing at your last known address on file. You may obtain a copy of the arbitration rules for these forums, as well as additional information about initiating an arbitration by contacting these arbitration forums:

American Arbitration Association
1-800-778-7879 (toll-free)
Website: www.adr.org

JAMS
1-800-352-5267 (toll-free)
Website: www.jamsadr.com.

US_ACTIVE-110091334.RM.JAWORS

EXHIBIT B-7

193293v2 9/19/13(02/04/16.rd)

The arbitration shall be conducted in the same city as the U.S. District Court closest to your home address, unless the parties agree to a different location in writing.

**Administration of Arbitration.** The arbitration will be decided by a single, neutral arbitrator. The arbitrator will be either a lawyer with at least ten years experience or a retired or former judge, selected in accordance with the rules of the arbitration forum. The arbitrator shall follow procedures and rules of the arbitration forum in effect on the date the arbitration is filed unless those rules and procedures are inconsistent with this arbitration provision, in which case this arbitration provision will prevail. Those procedures and rules may limit the discovery available to you or us. The arbitrator will take reasonable steps to protect personal information and other confidential information if requested to do so by you or us. The arbitrator shall decide the dispute in accordance with applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, will honor claims of privilege recognized at law, and will be empowered to award any damages or other relief provided for under applicable law. The arbitrator will not have the power to award relief to, or against, any person who is not a party to the arbitration.

An award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the claims in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other dispute. You or we may choose to have a hearing and be represented by counsel. The decision rendered by the arbitrator shall be in writing; however, the arbitrator need not provide a statement of his reasons unless one is requested by you or us.

**Costs.** The Party initiating the arbitration shall pay the initial filing fee. If you file the arbitration and an award is rendered in your favor, we will reimburse you for your filing fee. If there is a hearing, we will pay the fees and costs for the first day of that hearing. All other fees and costs will be allocated in accordance with the rules of the arbitration forum. However, we will advance or reimburse filing and other fees if the arbitrator rules that you cannot afford to pay them or finds other good cause for requiring us to do so, or if you ask us and we determine there is good reason for doing so. Each party shall bear the expense of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

**No Class Action or Joinder of Parties.** You and we agree that no class action, private attorney general or other representative claims may be pursued in arbitration, nor may such action be pursued in court if either you or we elect arbitration. Unless mutually agreed to by you and us, claims of two or more persons may not be joined, consolidated, or otherwise brought together in the same arbitration (unless those persons are parties to a single transaction or related transaction); this is so whether or not the claim may have been assigned.

**Right to Resort to Provisional Remedies Preserved.** Nothing in this section shall be deemed to limit or constrain our right to resort to self-help remedies, such as the right of setoff or the right to exercise any security interest or lien we may hold on property, or to comply with legal process, or to obtain provisional remedies such as injunctive relief, attachment, or

US_ACTIVE.110091304 RMJAWORS

EXHIBIT B-7

193293v2 9/19/13(02/04/16.rd)

garnishment by a court having appropriate jurisdiction; provided, however, that you or we may elect to arbitrate any dispute related to such provisional remedies.

**Arbitration Award.** The arbitrator's award shall be final and binding unless a party appeals it in writing to the arbitration forum within fifteen days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators selected in accordance with the rules of the same arbitration forum. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated before a single arbitrator. An award by a panel is final and binding on the parties after fifteen (15) days have passed. A final and binding award is subject to judicial intervention or review only to the extent allowed under the Federal Arbitration Act. A Party may seek to have a final and binding award entered as a judgment in any court having jurisdiction.

**Governing Law.** You and we agree that our relationship includes transactions involving interstate commerce and that these arbitration provisions are governed by, and enforceable under, the Federal Arbitration Act.

**Severability, Survival.** These arbitration provisions shall survive: (i) termination of this Agreement; (ii) the bankruptcy of any Party; and (iii) the transfer or assignment of this Agreement. If any portion of this arbitration provision is deemed invalid or unenforceable, the entire arbitration provision shall not remain in force. No provision of this arbitration provision may be amended, severed or waived absent a written agreement between you and us.

8.   **WAIVER OF TRIAL BY JURY.**

EACH OF YOU AND US HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES ANY RIGHT THAT SUCH PARTY MAY HAVE TO REQUEST A TRIAL BY JURY IN CONNECTION WITH ANY PROCEEDING RELATING TO THIS AGREEMENT.

## RIGHT TO CANCEL

**CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM PURCHASER.**

**For the cancellation to be effective, you must either return to us the full amount of disbursed funds by delivering our uncashed check to our offices in person within five business days of the disbursement of funds, or mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds in the form of our uncashed check, or a registered or certified check or money order, by insured, registered or certified United States mail, postmarked within five business days of receiving funds from the company, at the address specified in the contract for the cancellation. All checks intended to cancel the transaction should be mailed to: RD Legal Finance, LLC, PO Box 12428, Newark, NJ 07101-3528.**

US_ACTIVE-110091304.RM,JAWORS

EXHIBIT B-7

!93293v2 9/19/13(02/04/16.rd)

### IMPORTANT NOTICE

**This is a complex financial transaction. By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case. In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning. You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.**

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CIVIL ACTION OR CLAIM HAS PROVIDED NO TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE REGARDING THIS TRANSACTION.**

9.      **Date of Execution:**  This Agreement will be deemed executed only when: (i) the Agreement and the attached documents (Limited Irrevocable Power of Attorney, Certification of Truthfulness, and Notice of Assignment) are signed by you before a Notary Public and returned to FINCO at its offices (all containing original signatures), (ii) FINCO receives from Heard Robins Cloud LLP, currently known as Robins Cloud LLP, or "you" the Notice of Assignment to Heard Robins Cloud LLP, currently known as Robins Cloud LLP, and the letter addressed to FINCO from Heard Robins Cloud LLP, currently known as Robins Cloud LLP, acknowledging FINCO's lien on your interest in the Judgment, and (iii) the Agreement is signed by an agent, servant and/or employee of FINCO.

10.     **Wire Instructions:**  *Please send or transmit payment subject to this Agreement to RD Legal Finance, LLC at:*

> Bank:  BMO Harris Bank, N.A., 111 West Monroe, Chicago, IL  60603
> Account Title:  RD Legal Finance, LLC
> Account Number:  REDACTED
> ABA Number:  071000288

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-7

193293v2 9/19/13(C2/04/16.rd)

## IMPORTANT NOTICE

This is a complex financial transaction.  By signing this Agreement, you are assigning your rights to a portion of the Award that you may receive in regard to the Case.  In return for your assignment, you will receive an immediate cash payment that is significantly less than the portion of the Award that you are assigning.  You are strongly encouraged before signing this Agreement to consult with an attorney and/or trusted financial advisor of your choice, who can assist you in determining whether this transaction will best fulfill your financial needs and objectives and protect your interests in the event you choose to proceed with this transaction.

The Parties have executed this Agreement as of the date first written above.

_____

Signature of Individual

_____

Printed Name of Individual


RD LEGAL FINANCE, LLC

By: _____

_____
Printed Name *Roni Dersovitz, as Manager of*

_____
Title *RD Legal Finance Management*
*Company, LLC*

US_ACTIVE-110091304-RMJAWORS

EXHIBIT B-7

193293v2 9/19/15(02/04/16.rd)

## ACKNOWLEDGMENT

STATE OF TEXAS        }

                                                        SS:

COUNTY OF HARRIS}

**BE IT REMEMBERED** that on date before me personally appeared ▮▮▮▮▮▮
▮▮▮▮ who I am satisfied is authorized to execute the Agreement and Power of Attorney and
who executed those documents and acknowledged on the Agreement that he signed, sealed, and
delivered the Agreement as his act and deed for the uses and purposes expressed therein.

_____
NOTARY PUBLIC

JS_ACTIVE 115091304 RM/JAWORS

EXHIBIT B-7

193293v2 9/19/13(02/04/16.rd)

## CERTIFICATION OF TRUTHFULNESS

I, ███████████ hereby certify that all of my statements in the Agreement and the ancillary documents that I have provided to RD Legal Finance, LLC, including but not limited to the Limited Irrevocable Power of Attorney and the document entitled "Affidavit- Global (Plaintiff Client)", are true and correct and that I know I am subject to punishment if any of those statements are willfully false.

By: ███████████        Date  /0 - 28 - 16

US_ACTIVE-110091304-RMJ4WORS

EXHIBIT B-7

193293v2 9/19/13(02/04/16.rd)

## NOTICE OF ASSIGNMENT

TO:   Robins Cloud LLP
      2000 West Loop South
      Suite 2200
      Houston, Texas 77027

      Attn:  Karen Beyea-Schroeder, Esq.

RE:   In Re: National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
      MDL-2323 - ▮▮▮▮▮▮▮

      You are hereby notified that on October 19, 2016, ▮▮▮▮▮▮▮▮▮ ("Assignor") transferred
and assigned to the undersigned ("FINCO") a portion of the Assignor's right, title and interest regarding
In Re: National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-
2323 (the "Judgment") and that the portion of Assignor's interest in that Judgment is assigned to FINCO
is in the amount of $300,000.00 (Three Hundred Thousand Dollars and No Cents) (the "Property
Amount")

      You are hereby instructed that, promptly following receipt of funds representing Assignor's
interest in the Judgment, you are to issue a check to FINCO (RD Legal Finance, LLC) in the sum of
$300,000.00 (Three Hundred Thousand Dollars and No Cents) the Property Amount pursuant to the
Agreement(s) between the parties. You are further instructed that any distribution of the Property
Amount to any person other than FINCO shall be in violation of the Agreement and shall result in Fund
Administrator being held liable for damages and attorneys' fees for any loss suffered by FINCO
hereunder.

RD Legal Finance, LLC *(Payment address only)*          Tax I.D. No. REDACTED
PO Box 12428
Newark, NJ  07101-3528

By: _____          Date: 11-1-16
      Authorized Representative

      Ron Dessatz as Managing
      Member of RD Legal Finance Management Co, LLC
Assignor: ▮▮▮▮▮▮▮

By: ▮▮▮▮▮▮▮▮▮▮                                Date: 10-28-16

US_ACTIVE 110091304:RMJAWORS

EXHIBIT B-7

193293v2 9/19/13(02/04/16.rd)

**Robins Cloud LLP**
**2000 West Loop South, Suite 2200**
**Houston, Texas  77027**

Changes approved
by RD on August
29, 2016

October 19, 2016

RD Legal Finance, LLC
45 Legion Drive, 2nd Floor
Cresskill, NJ 07626

Attn: Roni Dersovitz

Re:   In Re:  National Football League Players' Concussion Injury Litigation No. 2:12-md-
      02323-AB, MDL-2323 - ███████

Dear Mr. Dersovitz:

     This will acknowledge that our client, █████████████ ("Assignor"), has assigned
$300,000.00 (Three Hundred Thousand Dollars and No Cents) of his interest in the judgment
proceeds of the referenced case to RD Legal Finance, LLC ("FINCO") pursuant to the
Assignment and Sale Agreement(s) dated October 19, 2016, a copy of which is attached to and
made a part of this communication. Our review of the materials that have been provided to us to
date, indicate that ████████ will ~~receive $1,275,000.00 (One Million Two Hundred~~ *be eligible for*
*Compensation* ~~Seventy-Five Thousand Dollars and No Cents)~~ in connection with ██████████ claim
against the NFL - In Re:  National Football League Players' Concussion Injury Litigation No. 2:12-md-
02323-AB, MDL-2323, following the application of all offsets and set-asides. *RD Legal Finances*
*has been supplied the draft expert reports and Mr. ___ supplied documents to allow a determination*
*of monetary compensation.* We acknowledge receipt of the Notice of Assignment duly executed by our client,
████████████

     Robins Cloud LLP, by the signature below of Karen Beyea-Schroeder, Esq., advises you
that as of the above date, Robins Cloud LLP has reviewed its files and confirms that it has not
been notified of any liens (i.e.: medical, Medicare, Medicaid, etc.) in connection with Plaintiff
client ████████ claim against the NFL - In Re:  National Football League Players'
Concussion Injury Litigation No. 2:12-md-02323-AB, MDL-2323. In addition, Robins Cloud
LLP is not in written receipt of any past lien upon the judgment proceeds which may be received
by the Assignor.

     Furthermore, with the direction and consent of our client, ████████████ I enclose
for your review the various medical records and narratives that Robins Cloud LLP has on file for
Mr. ███.

     We further acknowledge FINCO's lien on Assignor's interest in the subject judgment
proceeds. By signing below, we agree to hold any funds constituting proceeds of the judgment
received on behalf of the Assignor in an appropriate escrow account for disbursement to FINCO

- 15 -

EXHIBIT B-7

193293v2 9/19/13(02/04/16 rd)

at P.O. Box 12428, Newark, NJ 07101-5328, in accordance with the Assignment ~~and Sale~~ for this transaction Agreement(s) dated October 19, 2016. Robins Cloud does not represent Mr. ███ & therefore has not reviewed any of these documents with Mr. ███

This letter may be executed in counterparts and a copy delivered via electronic mail or facsimile. Each such executed copy shall be deemed an original for all purposes.

Sincerely,

Karen Beyea-Schroeder, Esq., on behalf of Robins Cloud LLP (f/k/a Heard Robins Cloud LLP)

- 16 -

US_ACTIVE-111009<u>1</u>004<u>A</u>KMJA.WORS

EXHIBIT B-7

193293v2 9/19/13(02'04/16.rd)

## NOTICE OF ASSIGNMENT

TO:     Monetary Award Fund
        Claim Processing

        Attn: Claims Administrator

RE:     In Re: National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
        MDL-2323 - ██████████

        You are hereby notified that on October 19, 2016 ████████████ ("Assignor") transferred
and assigned to the undersigned ("FINCO") a portion of the Assignor's right, title and interest regarding
In Re: National Football League Players' Concussion Injury Litigation No. 2:12-md-02323-AB,
MDL-2323 (the "Judgment") and that the portion of Assignor's interest in that Judgment is assigned to
FINCO is the amount of $300,000.00 (Three Hundred Thousand Dollars and No Cents) (the "Property
Amount").

        You are hereby instructed that, promptly following receipt of funds representing Assignor's
interest in the Judgment, you are to issue a check to RD Legal Finance, LLC in the sum of the Property
Amount pursuant to the Agreement(s) between the parties. You are further instructed that any
distribution of the Property Amount to any person other than FINCO shall be in violation of the
Agreement and shall result in Fund Administrator being held liable for damages and attorneys' fees for
any loss suffered by FINCO hereunder.

RD Legal Finance, LLC *(Payment address only)*          Tax I.D. No. REDACTED
PO Box 12428
Newark, NJ 07101-3528

By: _____                          Date: 11-1-16
        Authorized Representative


Assignor: _____

By: ██████████████████                                 Date: 10-28-16

EXHIBIT B-7