**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| _____ | : | |
| IN RE: NATIONAL FOOTBALL | : | No. 2:12-md-02323-AB |
| LEAGUE PLAYERS' CONCUSSION | : | |
| INJURY LITIGATION | : | MDL No. 2323 |
| _____ | : | **Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, | : | |
| *on behalf of themselves and* | : | |
| *others similarly situated,* | : | |
| Plaintiffs, | : | Civ. Action No. 14-00029-AB |
| | : | |
| v. | : | |
| | : | |
| National Football League and | : | |
| NFL Properties, LLC, | : | |
| successor-in-interest to | : | |
| NFL Properties, Inc., | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ALL ACTIONS | : | |
| _____ | : | |

**UNCONTESTED MOTION FOR ENTRY OF ORDER**
**REGARDING NON-MEDICAL LIENS IN THE**
**NFL CONCUSSION SETTLEMENT PROGRAM**

        In aid of implementation of the Amended Class Action Settlement Agreement finally

approved on April 22, 2015, as amended May 8, 2015 (the "Settlement Agreement"), Co-Lead

Class Counsel, on behalf of the Settlement Class and Subclasses, having consulted with Counsel

for the NFL Parties, who have no objection, respectfully move this Court for entry of the

proposed Order Regarding Non-Medical Liens in the NFL Concussion Settlement Program

("Order") submitted with this Motion.  In support of this Motion, Movants respectfully state as

follows:

1.      The capitalized terms used in this Motion that are defined in the Settlement Agreement have the same meanings given them in that Settlement Agreement.

2.      "Non-Medical Lien" shall mean any mortgage, lien, pledge, charge, security interest, or legal encumbrance, of any nature whatsoever, held by any person or entity, where there is a legal obligation to withhold payment of a Monetary Award, Supplemental Monetary Award, Derivative Claimant Award, or some portion thereof, to a Settlement Class Member under applicable federal or state law, other than Liens of (a) Governmental Payors; (b) Medicare Part C or Part D Program sponsors; (c) private healthcare plans (insured or self-funded), whether no fault or otherwise; (d) private healthcare payors or providers; and (e) entities who claim a right of recovery through or on behalf of such healthcare plans, payors, or providers.

3.      On May 8, 2015, the Court entered its Amended Final Order and Judgment in this action, in which the Court certified the Settlement Class and Subclasses under Federal Rule of Civil Procedure 23 and approved the Settlement Agreement.  (ECF No. 6534 ¶¶ 2, 7.)  It also ordered the Parties "to implement each and every obligation set forth in the Settlement Agreement in accordance with the terms and provisions of the Settlement Agreement" (*Id.* ¶ 9). In addition, the Court retained continuing and exclusive jurisdiction over the implementation and administration of the Settlement Agreement, as follows:

> The Court retains continuing and exclusive jurisdiction over this action[,] including jurisdiction over the Parties and their counsel, all Settlement Class Members, the Special Master, BAP Administrator, Claims Administrator, Lien Resolution Administrator, Appeals Advisory Panel, Appeals Advisory Panel Consultants, and Trustee.  In accordance with the terms of the Settlement Agreement, the Court retains continuing and exclusive jurisdiction to interpret, implement, administer and enforce the Settlement Agreement, and to implement and complete the claims administration and distribution process. . . .

(*Id.* ¶ 17.)

4.      Article XI of the Settlement Agreement, entitled "Identification and Satisfaction of Liens," sets out the general requirements for resolving Liens asserted against Retired NFL Football Players and Derivative Claimants.  The NFL Concussion Settlement Program (the "Program") receives Non-Medical Liens asserted by attorneys, child support agencies, federal and state tax agencies, and judgment creditors against the payments of Monetary Awards, Supplemental Monetary Awards and Derivative Claimant Awards (each, an "Award") to be made by the Claims Administrator to eligible Settlement Class Members under the Settlement Agreement.  Section 11.3(h) of the Settlement Agreement requires the Claims Administrator to withhold payment from an Award if notified of a Non-Medical Lien and there is a legal obligation to resolve that Lien under applicable federal or state law.

5.      The proposed Order would implement Section 11.3(h) by establishing methods of service, recognized types of Non-Medical Liens, processing criteria, dispute resolution processes, and payment provisions to promote the efficient administration of Non-Medical Liens in the Program:

(a)  **Service Requirements.**

Paragraph 3 of the proposed Order would require attorneys to file notices of attorney's Liens in the Court, Case No.:  2:12-md-02323-AB, for work in connection with representing individual registrants and/or claimants in the NFL concussion litigation and/or the Program for such claims to be honored in the Program.  This approach provides the Court with jurisdiction over these Liens and relieves the Claims Administrator from the burden of needing to search other federal and state court dockets for attorney's Liens against Settlement Class Members.

Paragraph 4 of the proposed Order would require lienholders to serve Non-Medical Liens on the Claims Administrator using one of the prescribed methods of email, facsimile, mail,

overnight delivery, or direct upload to a secure, web-based page to be established by the Claims Administrator.  Non-Medical Liens served in any other manner would not be honored by the Program.  This approach centralizes all Non-Medical Lien submissions with the Claims Administrator and similarly eliminates the need to locate Non-Medical Lien assertions filed in other courts across the country or presented in other ways.

These provisions ensure notice to the Claims Administrator and do not negate applicable state law requirements for the service and perfection of a Non-Medical Lien.  Such requirements are common in national class action settlement programs to enhance the efficiency and uniformity of their implementation.

**(b) <u>Non-Medical Liens Recognized in the Program</u>.**

Paragraph 5 of the proposed Order delineates the types of Non-Medical Liens recognized in the Program.  Specifically, the Program recognizes:

(1) Liens for attorney's fees and costs for work in connection with representing individual registrants and/or claimants in the NFL concussion litigation and/or the Program;

(2) Liens from a federal or state child support agency for unpaid child support arrears;

(3) Liens from a federal or state tax agency for unpaid tax obligations; and

(4) Liens for debts based on final judgments entered in federal or state court in favor of the lienholder.

The proposed Order would require the lienholder to provide information sufficient to identify the Settlement Class Member against whom the Non-Medical Lien is asserted, and the

documentary proof requested by the Claims Administrator, before the Claims Administrator

initiates the process to pay the affected Settlement Class Member's Award.

Paragraph 5 of the proposed Order also provides examples of attempted Non-Medical

Liens that are not recognized in the Program, including:

(1) Claims against attorneys representing Settlement Class Members in the
Program or against any other individual or entity other than a Settlement Class
Member;

(2) Claims against a Settlement Class Member not reduced to a judgment, such as
a lending agreement or a contract signed by a Settlement Class Member, other
than for attorney work in connection with representing individual registrants
and/or claimants in the NFL concussion litigation and/or the Program; and

(3) Claims against a Settlement Class Member based on his or her assignment of
rights in or proceeds of an Award.  Any such assignment or attempt to assign
is prohibited by Section 30.1 of the Settlement Agreement.

**(c) <u>Settlement Class Member's Consent to or Dispute of a Non-Medical Lien
Before Payment</u>.**

Paragraph 6 of the proposed Order would provide that, after receipt of sufficient

identifying information and documentary proof of a Non-Medical Lien, the Claims

Administrator will issue a notice to the Settlement Class Member and the lienholder before it

issues any Award.  The Settlement Class Member's notice will include copies of the

documentary proof of the Non-Medical Lien and provide the Settlement Class Member with at

least 20 days to consent to or dispute the Non-Medical Lien.  If the Settlement Class Member

fails to consent to or disputes the Non-Medical Lien, the Claims Administrator will withhold the

appropriate Lien amount, to the extent funds are available, and issue a notice to the Settlement

Class Member and the lienholder explaining the available methods to resolve the dispute.

This process ensures that the Claims Administrator protects a Settlement Class Member's

funds by confirming that the debt is recognized by the Settlement Class Member before the

Claims Administrator uses Award funds to pay the Non-Medical Lien.

### (d) Dispute Resolution.

Paragraph 7 of the proposed Order sets forth how disputed Non-Medical Liens would

ultimately be resolved.  If a Settlement Class Member fails to consent to or disputes an attorney's

Lien, the proposed Order would require the Claims Administrator to refer the matter to

Magistrate Judge Strawbridge pursuant to this Court's April 4, 2017 Order referring such matters

to him for a Report and Recommendation (ECF No. 7446).  The Court will issue a final decision

resolving the dispute, and the Claims Administrator shall disburse the withheld funds in

accordance with the final decision by the Court.  Separately, the Claims Administrator shall only

pay a child support, tax, or judgment Lien after its resolution by the involved parties or a final

decision from the applicable federal or state agency or court.

The dispute resolution process will ensure that the Claims Administrator honors all valid

Non-Medical Lien obligations.

### (e) Payment of Competing Non-Medical Liens.

Non-Medical Liens are paid from remaining Award funds after the Lien Resolution

Administrator deducts funds sufficient to satisfy Liens of Governmental Payors, Medicare Part C

or Part D Program sponsors, and private healthcare Liens.  Among Non-Medical Liens,

Paragraph 8 of the proposed Order would establish a hierarchy for payment where there are

insufficient funds available in the Award to satisfy those Lien obligations.  It would give priority

to attorney's Liens for work performed in connection with representing individual registrants and/or claimants in the NFL concussion litigation and/or the Program, followed by other Non-Medical Liens according to a "first in time, first in right" policy.  The laws of most states protect the fees of an attorney who procures a judgment or settlement on behalf of a claimant from other creditor claims based on the equitable theory that there would be no recovery for any creditors without the attorney's efforts.  *See, e.g.*, *Estate Partners, Ltd. v. Leckey*, 196 Fed. Appx. 105 (3d Cir. 2006) (citing *Recht v. Clairton Urban Redevelopment Auth.*, 402 Pa. 599, 168 A.2d 134, 138-39 (Pa. 1961)) [1]; *Recht,* 402 Pa. 599, 603 ("The right of an attorney to secure an *equitable charging lien* upon a fund has been frequently recognized by the appellate courts of the Commonwealth.") (emphasis in original); *Kelly v. Vennare*, 144 A.3d 201 (Pa. Super. Ct. 2016); *see also Morrone v. Thuring*, 759 A.2d 1238 (N.J. Super. Ct. Law Div. 2000); *Doroshow v. Nanticoke Mem'l Hosp., Inc.*, 36 A.3d 336 (Del. 2012); *Gilman v. Dalby*, 98 Cal. Rptr. 3d 231 (Ct. App. 2009); *LMWT Realty Corp. v. Davis Agency Inc.*, 649 N.E.2d 1183 (N.Y. 1995). Similarly, the Internal Revenue Code recognizes the superiority of attorney's liens over federal tax liens.  I.R.C. § 6323(b)(8) (2017).  *See also Almi, Inc. v. Dick Corp.,* 375 A.2d 1343 (Pa. Comm. Ct. 1977); *Adco Serv., Inc. v. Graphic Color Plate*, 347 A.2d 549 (N.J. Super. Ct. Law Div. 1975).

The basic federal rule for determining priority of Non-Medical Liens against settlement payments is "first in time, first in right."  *See United States v. City of New Britain*, 347 U.S. 81

---

[1] Under Pennsylvania law, five criteria must be satisfied before a charging lien is recognized and applied:

> [I]t must appear (1) that there is a fund in court or otherwise applicable for distribution on equitable principles, (2) that the services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid, (3) that it was agreed that counsel look to the fund rather than the client for his compensation, (4) that the lien claimed is limited to costs, fees or other disbursements incurred in the litigation by which the fund was raised and (5) that there are equitable considerations which necessitate the recognition and application of the charging lien.

(1954); I.R.C. § 6323(a).  Many states follow this general rule, but also have statutory provisions granting priority to specific types of Non-Medical Liens in certain circumstances.  *See, e.g.*, 23 PA. CONS. STAT. § 4348(q) (2016) (an attachment for child support has priority over any attachment, execution, garnishment, or wage assignment); N.J. REV. STAT.  § 2A:17-56.23b(1)(a) (2016) (state income tax liens have priority over child support liens against the net proceeds of a settlement); DEL. CODE ANN. tit. 13, § 513(b)(1)(7) (2016) (federal tax liens have priority over child support liens); CAL. FAM. CODE § 17523(e) (2016) (priority between child support liens and state tax liens depends on specific circumstances); N.Y. C.P.L.R. 5242(d) (2016) (child support liens have priority over "any other assignment, levy or process" even if filed later).

The proposed Order would implement a "first in time, first in right" hierarchy, in accordance with the federal rule, for the payment of competing Non-Medical Liens after payment of attorney's Liens.  The Court should adopt this rule pursuant to its continuing and exclusive jurisdiction under Article XXVII of the Settlement Agreement to implement, administer, and enforce its terms to promote the efficient resolution of Liens asserted against Settlement Class Members nationwide.  This would establish a uniform and consistent rule for payment of competing Non-Medical Liens where there are insufficient funds available to satisfy all Non-Medical Lien obligations and would eliminate the need to perform a conflict of laws analysis for Liens originating in different jurisdictions or from various federal or state agencies or courts where a single state's law does not control the order of payment.

6.      The accompanying proposed Order would facilitate the efficient and effective implementation and administration of the Settlement Agreement, to the benefit of the Settlement Class Members.

7.      Accordingly, Movants respectfully request that the Court exercise its retained jurisdiction and enter an order substantially in the form of the proposed Order presented with this Motion.

8.      A Certificate of Uncontested Motion is attached.

Dated:  August 23, 2017

Respectfully Submitted:

/s/*Christopher A. Seeger*
Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Main: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

*Co-Lead Class Counsel*

/s/*Sol Weiss*
Sol Weiss
ANAPOL WEISS
130 North 18th Street
Suite 1600
Philadelphia, PA 19103
Main: (215) 735-1130
Fax: (215) 735-2024
sweiss@anapolweiss.com

*Co-Lead Class Counsel*

## <u>CERTIFICATE OF UNCONTESTED MOTION</u>

Pursuant to Local Rule 7.1(b), the undersigned certifies that the attached Uncontested Motion for Entry of Order Regarding Non-Medical Liens in the NFL Concussion Settlement Program is uncontested.

Dated:  August 23, 2017                                        Respectfully submitted,


/s/*Christopher A. Seeger*                                     /s/*Sol Weiss*
Christopher A. Seeger                                          Sol Weiss
SEEGER WEISS LLP                                               ANAPOL WEISS
77 Water Street                                                130 North 18th Street
New York, NY 10005                                             Suite 1600
Main: (212) 584-0700                                           Philadelphia, PA 19103
Fax: (212) 584-0799                                            Main: (215) 735-1130
cseeger@seegerweiss.com                                        Fax: (215) 735-2024
                                                               sweiss@anapolweiss.com

***Co-Lead Class Counsel***

***Co-Lead Class Counsel***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's ECF system on August 23, 2017.


_/s/Christopher A. Seeger_

Christopher A. Seeger