**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| _____ | : | |
| IN RE: NATIONAL FOOTBALL | : | No. 2:12-md-02323-AB |
| LEAGUE PLAYERS' CONCUSSION | : | |
| INJURY LITIGATION | : | MDL No. 2323 |
| _____ | : | |
| | : | **Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, | : | |
| *on behalf of themselves and* | : | |
| *others similarly situated,* | : | |
| Plaintiffs, | : | Civ. Action No. 14-00029-AB |
| | : | |
| v. | : | |
| | : | |
| National Football League and | : | |
| NFL Properties, LLC, | : | |
| successor-in-interest to | : | |
| NFL Properties, Inc., | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ALL ACTIONS | : | |
| _____ | : | |

**ORDER REGARDING NON-MEDICAL LIENS IN THE
NFL CONCUSSION SETTLEMENT PROGRAM**

Considering the Uncontested Motion of Co-Lead Class Counsel, on behalf of the Settlement Class and Subclasses, for entry of an Order Regarding Non-Medical Liens in the NFL Concussion Settlement Program (the "Program"), pursuant to the Court's continuing and exclusive jurisdiction under Article XXVII of the Amended Class Action Settlement Agreement filed on February 13, 2015 (the "Settlement Agreement"), and the May 8, 2015 Amended Final Approval Order and Judgment, and being fully apprised, and with the consent of Counsel for the NFL Parties, **IT IS HEREBY ORDERED** as follows:

1.     *Defined Terms.*  The capitalized terms used in this Order that are defined in the Settlement Agreement have the same meanings given to them in the Settlement Agreement.  In addition, "Non-Medical Lien" shall mean any mortgage, lien, pledge, charge, security interest, or legal encumbrance, of any nature whatsoever, held by any person or entity, where there is a legal obligation to withhold payment of a Monetary Award, Supplemental Monetary Award, Derivative

Claimant Award, or some portion thereof, to a Settlement Class Member under applicable federal or state law, other than Liens of (a) Governmental Payors; (b) Medicare Part C or Part D Program sponsors; (c) private healthcare plans (insured or self-funded), whether no fault or otherwise; (d) private healthcare payors or providers; and (e) entities who claim a right of recovery through or on behalf of such healthcare plans, payors, or providers.

2.      ***Scope.***  This Order sets forth the process by which the Claims Administrator will: (1) receive service of Non-Medical Liens asserted by attorneys, child support agencies, federal or state tax agencies, and judgment creditors under Article XI of the Settlement Agreement against the payments of Monetary Awards, Supplemental Monetary Awards and Derivative Claimant Awards (each, an "Award') to be made by the Claims Administrator to Settlement Class Members; (2) establish recognized Non-Medical Lien types and processing criteria; (3) process disputed Non-Medical Liens; and (4) pay competing Non-Medical Liens from the proceeds of a single Award where there are insufficient funds to satisfy all Non-Medical Lien obligations.

3.      ***Required Method of Service of Attorney's Liens.***  Attorneys shall file all notices of attorney's Liens in the Court, Case No.:  2:12-md-02323-AB, for work performed in connection with representing individual registrants and/or claimants in the NFL concussion litigation and/or the Program.  Attorney's Liens filed with any other court are not binding on the Claims Administrator or effective in the Program.

4.      ***Required Methods of Service of Non-Medical Liens.***  Third parties shall serve Non-Medical Liens on the Claims Administrator, and the Claims Administrator shall accept service of process of such Non-Medical Liens, by any of the following methods:

> (a)  Email to ClaimsAdministrator@NFLConcussionSettlement.com, by a secured and encrypted method;
>
> (b)  Facsimile to (804) 521-7299, ATTN:  NFL Liens;
>
> (c)  Mail to NFL Concussion Settlement, Claims Administrator, P.O. Box 25369, Richmond, VA  23260, ATTN: Liens;
>
> (d)  Delivery by overnight carrier to NFL Concussion Settlement, c/o BrownGreer PLC, 250 Rocketts Way, Richmond, VA  23231, ATTN: NFL Liens; or
>
> (e)  Direct upload to a secure, web-based page to be established by the Claims Administrator for this purpose.

Non-Medical Liens served in any other manner are not binding on the Claims Administrator or effective in the Program.

5.      ***Non-Medical Liens Recognized in the Settlement Program.***  The Program recognizes the following types of Non-Medical Liens upon receipt of information sufficient to identify the Settlement Class Member against whom the Non-Medical Lien is asserted and the documentary proof requested by the Claims Administrator, and so long as received before the Claims Administrator initiates the process to pay an Award:

(a) Liens for attorney's fees and costs for work in connection with representing individual registrants and/or claimants in the NFL concussion litigation and/or the Program;

(b) Liens from a federal or state child support agency for unpaid child support arrears;

(c) Liens from a federal or state tax agency for unpaid tax obligations; and

(d) Liens for debts based on final judgments entered in federal or state court in favor of the lienholder.

The Program does not recognize as Non-Medical Liens:

(a) Claims against attorneys representing Settlement Class Members in the Program or against any other individual or entity other than a Settlement Class Member;

(b) Claims against a Settlement Class Member not reduced to a judgment, such as a lending agreement or a contract signed by a Settlement Class Member, other than for attorney work in connection with representing individual registrants and/or claimants in the NFL concussion litigation and/or the Program; and

(c) Claims against a Settlement Class Member based on an assignment of rights in or proceeds of an Award by a Settlement Class Member.

**6.** ***Settlement Class Member's Consent to or Dispute of a Non-Medical Lien Before Payment.*** After receipt of sufficient identifying information and all requested documentary proof of a Non-Medical Lien, the Claims Administrator shall issue a notice to the Settlement Class Member and the lienholder before it issues any Award. The Settlement Class Member's notice shall include copies of the documentary proof of the Non-Medical Lien and provide the Settlement Class Member with at least 20 days to consent to or dispute the Non-Medical Lien.

If the Settlement Class Member fails to consent to or disputes the Non-Medical Lien, the Claims Administrator shall withhold the appropriate Lien amount, to the extent funds are available, and issue a notice to the Settlement Class Member and the lienholder explaining the available methods to resolve the dispute.

**7.** ***Resolution of Disputes Over Non-Medical Liens.*** The Claims Administrator shall not participate in the resolution of Non-Medical Lien disputes and shall withhold the appropriate Lien amount, to the extent funds are available, until the dispute is resolved.

(a) Attorney's Liens. If a Settlement Class Member fails to consent to or disputes an attorney's Lien, the Claims Administrator shall refer the dispute to the Honorable David R. Strawbridge, United States Magistrate Judge for the Eastern District of Pennsylvania, to prepare a Report and Recommendation to the Court pursuant to the Court's April 4, 2017 Order (ECF No. 7446). The

Court will issue a final decision, and the Claims Administrator shall disburse the withheld funds in accordance with the Court's final decision.

(b) <u>Child Support Liens, Tax Liens, and Judgment Liens</u>.  If a Settlement Class Member and a child support agency, federal or state tax agency, or judgment creditor cannot reach an agreement, the dispute shall be resolved pursuant to the procedures of the applicable agency or court.  The Claims Administrator shall disburse the withheld funds in accordance with a final decision from the applicable agency or court.

8. ***Payment of Competing Non-Medical Liens***.  Non-Medical Liens shall be paid from the remaining Award funds after the Lien Resolution Administrator deducts funds sufficient to satisfy Liens of Governmental Payors, Medicare Part C or Part D Program sponsors, and private healthcare Liens.  If there are competing Non-Medical Liens to be paid from a single Award and there are insufficient funds available to satisfy those Lien obligations, the Claims Administrator will pay the Liens in the following order:

(a) Attorney's Liens for work performed in connection with representing individual registrants and/or claimants in the NFL concussion litigation and/or the Program; followed by

(b) Liens from child support agencies, federal and state tax agencies, and judgment creditors according to a "first in time, first in right" policy in the date order in which the debt was perfected with or recognized by the applicable agency or court.  If there are sufficient funds to satisfy the first Lien, the Claims Administrator will apply the remaining funds to the second Lien, and each subsequent Lien until no available funds remain.

9. ***Exclusive Retained Jurisdiction***.  This Court retains continuing and exclusive jurisdiction over the interpretation, implementation, and enforcement of this Order.

10. ***Implementation of this Order***.  The Claims Administrator has discretion to develop and maintain internal policies and procedures it deems necessary to implement this Order.

SO ORDERED this _____day of August, 2017.


_____
**Anita B. Brody**
**United States District Court Judge**