**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Case No. 12-md-2323 (AB) |
| | MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, | **Hon. Anita B. Brody** |
| Plaintiffs, | |
| National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., | |
| Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**RESPONSE TO NFL PARTIES' AND CO-LEAD CLASS COUNSEL'S JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DETERMINE PROPER <u>ADMINISTRATION OF</u> <u>CLAIMS UNDER THE SETTLEMENT AGREEMENT</u>**

Retired NFL Players Anthony Allen, Brandon Banks, Josh Bell, Fred Bennett, Michael Coe, Emanuel Cook, Dedrick Epps, Steven Harris, Javarris James, Stefan Logan, Tony Nathan, Durwood Roquemore, Maurice Smith, Reggie Smith, Eric Streater and Cornell Webster (collectively the "Movants") file this Response to The National Football League and NFL Properties LLC ( the "NFL Parties") and Co-Lead Class Counsel's ("CLC") Joint Motion for Extension of Time to Respond to Motion to Determine Proper Administration of Claims Under the Settlement Agreement [MDL ECF No. 8302 ] (the "Response"), and in support state as follows:

1.      Movants oppose CLC's and the NFL Parties' Joint Motion for Extension of Time to Respond to Motion to Determine Proper Administration of Claims Under the Settlement Agreement due to the impending deadlines to respond to the Deficiency Notices issued to Movants.  Specifically, the deadlines under which Movants are required to respond to the Deficiency Notices identified in MDL ECF No. 8302 have not been tolled or stayed.

2.      Granting the relief requested by CLC and the NFL Parties eliminates thirty days of the short time period within which Movants must cure the alleged deficiencies with no direction.  After the thirty days passes, Movants will need to reply to CLC's and the NFL Parties' Response, which may request a hearing, and the Court may need some time to analyze and rule.

3.      Movants anticipate that they may need time to comply with any determination and, with no relief from the Deficiency Notice deadline, cannot agree to put themselves in a worse position to allow the CLC and the NFL Parties to attend to other business.

4.      Moreover, Movants are not requesting a modification of the Settlement Agreement as alleged by the CLC and the NFL Parties.  Movants have legitimate concern regarding the Administration of the Settlement Agreement following Movants' counsel's call with David Smith, Esq. of the Claims Administrator.  *See* Affidavits of Michael G. St. Jacques, Esq., Patrick Tighe, Esq. and Sharon Seldow, attached hereto as Composite Exhibit A.

5.      Movants have valid questions regarding whether the Agreement has been amended without notice to the Class Members and whether the NFL Parties have influenced the Claims Administrator.  CLC was clear that the NFL Parties shall not steer the Claims Administrator under this Settlement:

> The Monetary and Derivative Awards programs will not be run under the NFL's auspices but, rather, by an independent Court-appointed

Administrator (ECF No. 6534, at ¶ 13 [confirming appointment of BrownGreer PLC as Claims Administrator]), and Class Counsel's role in overseeing the Settlement's implementation and ensuring fair treatment of Class Members need not be discussed again here. The Court is well aware of it. Any suggestion that the appeal rate will be the same as for the NFL's disability program is pure conjecture.

*See* CLC's Omnibus Reply Memorandum, MDL ECF No. 7464, p.55.

6.  The Joint Motion's request for additional time further calls into question whether the Claims process identified in the Settlement Agreement is as simple a process, as many have claimed, that can easily be navigated by Class Members without assistance of independent counsel.  So far, administration has proven challenging.  The Class Members deserve the attention and time of the CLC and the NFL Parties to investigate and respond to whether claims are being administered properly.

7.  Granting an extension of time will cause Class Members undue prejudice and potentially eliminate their ability to timely respond and cure the deficient Deficiency Notices (which cure must be correct or the Claim is denied).

WHEREFORE, the Movants respectfully request that this Honorable Court enter an order denying the Joint Motion and for all other relief this Court deems necessary.

Dated:  August 23, 2017

Respectfully Submitted,

Patrick J. Tighe
Attorneys for Plaintiffs/Movants
X1LAW, P.A.f/k/a Patrick J. Tighe, P.A.
721 US Highway 1, Ste 121
North Palm Beach, FL 33408
Phone: 561-537-3319
Fax: 561-537-7193
Pat@X1LAW.com
Florida Bar No. 568155

Attorneys for Plaintiffs/Movants
LOREN & KEAN LAW
7111 Fairway Drive, Suite 302
Palm Beach Gardens, FL  33418
Phone: 561-615-5701
Fax: 561-615-5708
mstjacques@lorenkeanlaw.com
Florida Bar No. 0783471

*s/ Michael St. Jacques*
Michael G. St. Jacques, II

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2017, the foregoing document was electronically filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, and that the filing is available for downloading and viewing from the electronic court filing system by counsel for all parties.

**LOREN & KEAN LAW**

*s/ Michael St. Jacques*
**MICHAEL G. ST. JACQUES, II**