## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>       Plaintiffs,<br><br> v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>       Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**DECLARATION OF CHRISTOPHER A. SEEGER IN SUPPORT OF
CO-LEAD CLASS COUNSEL'S MOTION TO COMPEL
(1) CASE STRATEGIES GROUP (F/K/A NFL CASE CONSULTING, LLC),
IT STRATEGIES GROUP, INC., CRAIG SIENEMA, AND JAMES MCCABE; AND
(2) LIBERTY SETTLEMENT SOLUTIONS, LLC,
LIBERTY CONTINGENT RECEIVABLES, LLC, LIBERTY SETTLEMENT FUNDING,
JMMHCS HOLDINGS, LLC, MARC HERMES,
CRAIG SIENEMA, AND JAMES MCCABE
TO RESPOND TO THE DISCOVERY REQUESTS PROPOUNDED
IN ACCORDANCE WITH THE COURT'S ORDER OF JULY 19, 2017**

CHRISTOPHER A. SEEGER declares, pursuant to 28 U.S.C. § 1746, based upon his

personal knowledge, information and belief, the following:

1.       Having been appointed as Co-Lead Class Counsel, I am fully familiar with the

matters set forth herein, including the procedural history of this litigation and the class-wide

Settlement that this Court approved on April 22, 2015 ("Settlement"), as well as the facts and procedural history leading up to the Court's issuance of the July 19, 2017 Order.  I submit this Declaration in support of Co-Lead Class Counsel's Motion to Compel (1) Case Strategies Group (F/K/A NFL Case Consulting, LLC), IT Strategies Group, Inc., Craig Sienema, and James McCabe; and (2) Liberty Settlement Solutions, LLC, Liberty Contingent Receivables, LLC, Liberty Settlement Funding, JMMHCs Holdings, LLC, Marc Hermes, Craig Sienema, and James McCabe to Respond to the Discovery Requests Propounded in Accordance with the Court's Order of July 19, 2017.

2.      Attached hereto as Exhibit A is the cover letter to counsel for Case Strategies Group (F/K/A NFL Case Consulting, LLC), IT Strategies Group, Inc., Craig Sienema, and James McCabe ("CSG Entities") and Liberty Settlement Solutions, LLC, Liberty Contingent Receivables, LLC, Liberty Settlement Funding, JMMHCs Holdings, LLC, Marc Hermes, Craig Sienema, and James McCabe ("Liberty Entities"), dated July 26, 2017.

3.      Attached hereto as Exhibit B is the Requests for Production of Documents and Interrogatories propounded by Co-Lead Class Counsel upon the CSG Entities, on July 26, 2017.

4.      Attached hereto as Exhibit C is the Requests for Production of Documents and Interrogatories propounded by Co-Lead Class Counsel upon the Liberty Entities, on July 26, 2017.

5.      Attached hereto as Exhibit D is the August 2, 2017 letter from counsel for the CSG Entities and the Liberty Entities.

6.      Attached hereto as Exhibit E is the August 4, 2017 letter from Class Counsel to counsel for the CSG Entities and the Liberty Entities.

7.      Attached hereto as Exhibit F is the August 15, 2017 email exchange between counsel and the cover letter to Justice Funds, LLC, dated August 3, 2017.

8.      I have conferred with my partner, TerriAnne Benedetto, who advises that counsel for the CSG Entities and the Liberty Entities represented during the August 1, 2017 meet-and-confer telephone conference call, that Liberty Settlement Solutions, LLC, d/b/a Liberty Settlement Funding, sent mailings and handled telephone calls, related to the efforts to enter into contracts with Class Member for the provision claims services, up until late March or early April of 2017.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 24, 2017

/s/ Christopher A. Seeger
CHRISTOPHER A. SEEGER
Co-Lead Class Counsel

# Exhibit A

# SEEGERWEISS LLP

77 Water Street, New York, NY 10005    P 212.584.0700    F 212.584.0799    www.seegerweiss.com

July 26, 2017

<u>Via Email and Federal Express Overnight Mail</u>

Richard L. Scheff
Montgomery, McCracken, Walker & Rhoads LLP
123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109

  Re: *In re National Football League Players' Concussion Injury Litigation*,
    No. 2:12-md-02323-AB (E.D. Pa.)

Dear Mr. Scheff,

  As you know from our previous communications, I am Co-Lead Class Counsel for the certified and finally approved Settlement Class in the above-referenced *In re: National Football League Players' Concussion Injury Litigation* ("NFL Concussion Litigation").  I am writing to you related to an Order issued on July 19, 2017 by the MDL Judge presiding over the NFL Concussion Litigation, the Honorable Anita B. Brody, a copy of which is included in the attachment hereto.

  This Order authorizes me to conduct discovery of entities and individuals soliciting and/or entering into agreements with the Class Members in the NFL Concussion Litigation, including those purporting to be claims service providers or lenders (or settlement proceeds purchasers).  Therefore, I am propounding the enclosed two sets of Requests for Production of Documents and Interrogatories – one directed at Case Strategies Group (formerly known as NFL Case Consulting, LLC), IT Strategies Group, Inc., Craig Sienema and James McCabe; and one directed at Liberty Settlement Solutions, LLC, Liberty Contingent Recievables, LLC, Liberty Settlement Funding, JMMHCS Holdings, LLC, Marc Hermes, Craig Sienema and James McCabe.  If you will not be representing any of the aforementioned entities or persons relating to the matters addressed in Judge Brody's July 19 Order, please advise me immediately.

  As per Judge Brody's Order, the deadline for responding to this discovery is fourteen days.  Accordingly, the responses to the attached are due on August 9, 2017.

  In connection with this discovery, I am also authorized to conduct depositions for the purpose of presenting evidence to the Court at the hearing scheduled for September 19, 2017 to address the matters discussed in the Order.  As such, please provide me with dates during the weeks of August 14, August 21, and August 28, on which the following individuals will be

New York    Newark    Philadelphia

Mr. Scheff – CSG and Liberty Funding entities
July 26, 2017
Page 2

available for depositions and the preferred location(s) for same: Messrs. Hermes, Sienema, McCabe, and Hendrik (a/k/a Henry) Sienema, Andrew Schneider, Jason Fingerhut, Robert Hirsch, Amy Polanco, Kevin Johnston, V. Milaccio, and any other current or former employee, contractor or agent of the aforementioned entities possessing relevant information.

     If you have any questions, please contact my partner in our Philadelphia office, TerriAnne Benedetto, at 215-564-2300, or tbenedetto@seegerweiss.com.

                    Very truly yours,

                    /s/ Christopher A. Seeger

                    Christopher A. Seeger
                    *Co-Lead Class Counsel*

Enclosures

cc (w/encls.):

     Brad Karp, Esq. (*Counsel for the NFL Parties*)
     Sol Weiss, Esq. (*Co-Lead Class Counsel*)

# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>            Plaintiffs,<br><br>            v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>            Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES DIRECTED TO RESPONDENTS, CASE STRATEGIES GROUP (FORMERLY KNOWN AS NFL CASE CONSULTING, LLC), IT STRATEGIES GROUP, INC., CRAIG SIENEMA AND JAMES MCCABE**

Pursuant to the Court's Order dated July 19, 2017 (ECF No. 8037), Co-Lead Class Counsel hereby serve the following Requests for Production of Documents and Interrogatories (collectively "Discovery Demands") to be responded to by August 9, 2017 by respondents, Case Strategies Group (formerly known as NFL Case Consulting, LLP), IT Strategies Group, Inc., Craig Sienema and James McCabe.  A copy of that July 19, 2017 Order accompanies these discovery demands.

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, the following definitions and terms shall be applicable to the Discovery Demands contained herein, and you are requested to provide the information required by each definition, where applicable.

1.     The "Settlement" means the Class Action Settlement (As Amended), dated February 13, 2015 [ECF No. 6481-1], and finally approved by the Honorable Anita Brody of the United States District Court for the Eastern District of Pennsylvania on April 22, 2015 [ECF No. 6509], available at https://www.nflconcussionsettlement.com/Documents.aspx.

2.     The "BAP" means the Baseline Assessment Program, as defined in section 2.1(i) an Article V of the Settlement.

3.     The "MAF" means the Monetary Award Fund, as defined in section 2.1(bbb) and Article VI of the Settlement.

4.     "Medical services" means any consultation, evaluation, examination, treatment, or diagnosis with or from a medical professional.

5.     "Solicitation" means any communication, whether printed, electronic, telephonic, mailed, emailed, on the internet, which was intended, in whole or in part, to seek representation of, or to provide monies or other services to Retired NFL Football Players.

6.      "Communication" means any written statement whether in print or electronic form, as well as any oral communications, in person or over the telephone or internet medium.

7.     "Identify," when used with respect to a person, means to state the full name, current address, or if not available, last known address, telephone number and email address, if known, and affiliation with any organization, corporation, firm or other entity.  "Identify," when used with respect to a document, means to state the author(s), date, recipient(s), type, subject

matter and any other identifying information with respect to the document.

8.      "Retired NFL Football Player" means all living retired NFL football players, as that term is specifically defined in section 2.1(ffff) of the Settlement.

9.      "You" or "Your" means Case Strategies Group (formerly known as NFL Case Consulting, LLC), IT Strategies Group, Inc., Craig Sienema and James McCabe, and their present and former directors, officers, employees, contractors, agents, consultants, and affiliates and their attorneys, or other persons acting for or on behalf of any of them.

10.      In order to bring within the scope of these interrogatories and request for production of documents all conceivably relevant information that might otherwise be construed to be outside their scope:

a.      the singular of each word shall be construed to include its plural and vice versa;

b.      "and," as well as "or," shall be construed conjunctively as well as disjunctively; and

c.      "all," "any," "each," and "every" shall each be construed as all, any, each and every.

## REQUESTS FOR PRODUCTION

**Request No 1.**

Produce exemplars of all Solicitations that You directed toward Retired NFL Football Players.

**Request No 2.**

Produce all Communications that You had with Retired NFL Football Players related to the Settlement.

**Request No 3.**

Produce all Communications that You had with any other person or entity related to the Settlement, including, but not limited to MAF or BAP examinations, other Medical services, or related in any way to MAF Monetary Awards.

**Request No 4.**

Produce all agreements that You entered into with any other person or entity related to the Settlement.

**Request No 5.**

Produce all agreements that You entered into with any Retired NFL Football Player.

**Request No 6.**

Produce all agreements that You entered into related to any MAF Monetary Awards that might be made through the Settlement.

**Request No 7.**

Produce all agreements that You entered into related to any other benefit that may be provided through the Settlement, including through the BAP or any comparable Medical services.

**Request No 8.**

Produce any recordings of conversations related to the Settlement that You had with any person or entity.

## INTERROGATORIES

**Interrogatory No 1.**

Identify every Retired NFL Football Player with whom You have entered into any agreement related to the Settlement and state the nature of each agreement into which You entered with each Retired NFL Football Player.

**Interrogatory No 2.**

Identify every Retired NFL Football Player referred for, sent to, or scheduled for any type of medical services, by You, anyone working on Your behalf, or working in conjunction with You in any way, regardless of whether the medical services were performed by someone affiliated with You or Your organizations or not.

**Interrogatory No 3.**

Identify every Retired NFL Football Player for whom You, or anyone working on Your behalf, or working in conjunction with You in any way, have been involved in the payment, directly or through others, for a Retired NFL Football Player's expenses (whether on a non-recourse or recourse basis) in connection with obtaining any Medical services to assist the Retired NFL Football Player in any way in participating in the Settlement.

**Interrogatory No 4.**

Identify every individual and entity with whom You, anyone working on Your behalf, or working in conjunction with You in any way, have worked or Communicated in connection with any Retired NFL Football Player's obtaining any Medical services to assist the Retired NFL Football Player in any way in participating in the Settlement, including, but not limited to, medical providers.  For each such individual and/or entity,

explain the details of the relationship and identify each Retired NFL Football Player involved.

**Interrogatory No 5.**

Identify every individual and entity with whom You, anyone working on Your behalf, or working in conjunction with You in any way, have any financial relationship or understanding, whether recourse or non-recourse, whether in writing or verbal, related to any Retired NFL Football Player's participation in the Settlement. For each such individual and entity, explain the details of the relationship and identify each Retired NFL Football Player involved. Identify any document related to the relationship.

**Interrogatory No. 6.**

Identify every individual and entity from whom You have obtained the contact information for any Retired NFL Football Player, including their home or cellular telephone numbers, home or business addresses and email addresses.

**Interrogatory No. 7.**

Identify every individual and entity to whom You have provided any contact information for any Retired NFL Football Player.

**Interrogatory No. 8.**

Identify every person or entity with whom you have entered into any agreement, whether written or verbal, related to the Settlement, including but not limited to the referral of Retired NFL Football Players for representation or Medical services related to the Settlement, or the suggestion to Retired NFL Football Players that they contact individuals or entities in connection with representation or Medical services related to

the Settlement, and state the nature of each agreement.


Dated: July 26, 2017


   _/s/ Christopher A. Seeger_____
Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

**_Co-Lead Class Counsel_**

Exhibit C

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB |
| | MDL No. 2323 |
| | **Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, | |
| Plaintiffs, | Civ. Action No. 14-00029-AB |
| v. | |
| National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., | |
| Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**<u>REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES DIRECTED TO RESPONDENTS, LIBERTY SETTLEMENT SOLUTIONS, LLC, LIBERTY CONTINGENT RECIEVABLES, LLC, LIBERTY SETTLEMENT FUNDING, JMMHCS HOLDINGS, LLC, MARC HERMES, CRAIG SIENEMA AND JAMES MCCABE</u>**

Pursuant to the Court's Order dated July 19, 2017 (ECF No. 8037), Co-Lead Class

Counsel hereby serve the following Requests for Production of Documents and Interrogatories

(collectively "Discovery Demands") to be responded to by August 9, 2017 by respondents,

Liberty Settlement Solutions, LLC, Liberty Contingent Recievables, LLC, Liberty Settlement

Funding, JMMHCS Holdings, LLC, Marc Hermes, Craig Sienema and James McCabe.  A copy

of that July 19, 2017 Order accompanies these discovery demands.

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise indicated, the following definitions and terms shall be applicable to the

Discovery Demands contained herein, and you are requested to provide the information required

by each definition, where applicable.

1.      The "Settlement" means the Class Action Settlement (As Amended), dated

February 13, 2015 [ECF No. 6481-1], and finally approved by the Honorable Anita Brody of the

United States District Court for the Eastern District of Pennsylvania on April 22, 2015 [ECF No.

6509], available at https://www.nflconcussionsettlement.com/Documents.aspx.

2.      The "BAP" means the Baseline Assessment Program, as defined in section 2.1(i)

an Article V of the Settlement.

3.      The "MAF" means the Monetary Award Fund, as defined in section 2.1(bbb) and

Article VI of the Settlement.

4.      "Medical services" means any consultation, evaluation, examination, treatment, or

diagnosis with or from a medical professional.

5.      "Solicitation" means any communication, whether printed, electronic, telephonic,

mailed, emailed, on the internet, which was intended, in whole or in part, to seek representation

of, or to provide monies or other services to Retired NFL Football Players.

6.       "Communication" means any written statement whether in print or electronic

form, as well as any oral communications, in person or over the telephone or internet medium.

7.       "Identify," when used with respect to a person, means to state the full name,

current address, or if not available, last known address, telephone number and email address, if

known, and affiliation with any organization, corporation, firm or other entity. "Identify," when used with respect to a document, means to state the author(s), date, recipient(s), type, subject matter and any other identifying information with respect to the document.

8.      "Retired NFL Football Player" means all living retired NFL football players, as that term is specifically defined in section 2.1(ffff) of the Settlement.

9.      "You" or "Your" means Liberty Settlement Solutions, LLC, Liberty Contingent Recievables, LLC, Liberty Settlement Funding, JMMHCS Holdings, LLC, Marc Hermes, Craig Sienema and James McCabe, and their present and former directors, officers, employees, contractors, agents, consultants, and affiliates and their attorneys, or other persons acting for or on behalf of any of them.

10.      In order to bring within the scope of these interrogatories and request for production of documents all conceivably relevant information that might otherwise be construed to be outside their scope:

a.      the singular of each word shall be construed to include its plural and vice versa;

b.      "and," as well as "or," shall be construed conjunctively as well as disjunctively; and

c.      "all," "any," "each," and "every" shall each be construed as all, any, each and every.

## REQUESTS FOR PRODUCTION

### Request No 1.

Produce exemplars of all Solicitations that You directed toward Retired NFL Football Players.

**Request No 2.**

Produce all Communications that You had with Retired NFL Football Players related to the Settlement.

**Request No 3.**

Produce all Communications that You had with any other person or entity related to the Settlement, including, but not limited to MAF or BAP examinations, other Medical services, or related in any way to MAF Monetary Awards.

**Request No 4.**

Produce all agreements that You entered into with any other person or entity related to the Settlement.

**Request No 5.**

Produce all agreements that You entered into with any Retired NFL Football Player.

**Request No 6.**

Produce all agreements that You entered into related to any MAF Monetary Awards that might be made through the Settlement.

**Request No 7.**

Produce all agreements that You entered into related to any other benefit that may be provided through the Settlement, including through the BAP or any comparable Medical services.

**Request No 8.**

Produce any recordings of conversations related to the Settlement that You had with any person or entity.

## **INTERROGATORIES**

**Interrogatory No 1.**

Identify every Retired NFL Football Player with whom You have entered into any agreement related to the Settlement and state the nature of each agreement into which You entered with each Retired NFL Football Player.

**Interrogatory No 2.**

Identify every Retired NFL Football Player referred for, sent to, or scheduled for any type of medical services, by You, anyone working on Your behalf, or working in conjunction with You in any way, regardless of whether the medical services were performed by someone affiliated with You or Your organizations or not.

**Interrogatory No 3.**

Identify every Retired NFL Football Player for whom You, or anyone working on Your behalf, or working in conjunction with You in any way, have been involved in the payment, directly or through others, for a Retired NFL Football Player's expenses (whether on a non-recourse or recourse basis) in connection with obtaining any Medical services to assist the Retired NFL Football Player in any way in participating in the Settlement.

**Interrogatory No 4.**

Identify every individual and entity with whom You, anyone working on Your behalf, or working in conjunction with You in any way, have worked or Communicated in connection with any Retired NFL Football Player's obtaining any Medical services to assist the Retired NFL Football Player in any way in participating in the Settlement, including, but not limited to, medical providers.  For each such individual and/or entity,

explain the details of the relationship and identify each Retired NFL Football Player involved.

**Interrogatory No 5.**

Identify every individual and entity with whom You, anyone working on Your behalf, or working in conjunction with You in any way, have any financial relationship or understanding, whether recourse or non-recourse, whether in writing or verbal, related to any Retired NFL Football Player's participation in the Settlement.  For each such individual and entity, explain the details of the relationship and identify each Retired NFL Football Player involved.  Identify any document related to the relationship.

**Interrogatory No. 6**

Identify every individual and entity from whom You have obtained the contact information for any Retired NFL Football Player, including their home or cellular telephone numbers, home or business addresses and email addresses.

Dated: July 26, 2017

 _/s/ Christopher A. Seeger ___
Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

***Co-Lead Class Counsel***

6

# Exhibit D

# MONTGOMERY McCRACKEN

ATTORNEYS AT LAW

**Richard L. Scheff**
Executive Chairman
Admitted in: Pennsylvania, New York &
Massachusetts

123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109
Tel:  215-772-1500

Direct Dial:      215-772-7502
Fax:                215-731-3922
Email:            rscheff@mmwr.com

August 2, 2017

<u>**By Email**</u>

TerriAnne Benedetto, Esquire
Seeger Weiss LLP
1515 Market Street
Suite 1380
Philadelphia, PA 19102

>       Re:      **In re: National Football League Players' Concussion Injury Litigation**
>                   **No. 2:12-md-02323-AB**
>                   <u>**Case Strategies Group** *et al.*</u>

Dear TerriAnne:

    We represent Case Strategies Group, IT Strategies Group, Inc., Liberty Settlement
Solutions, LLC, Liberty Contingent Receivables, LLC, Liberty Settlement Funding, JMMHCS
Holdings, LLC, and certain individuals related to those entities whom you seek to depose.  This
letter summarizes our recent meet and confer regarding the discovery requests you issued to our
clients.

## I.      <u>BACKGROUND</u>

    As you know, on March 27, 2017, Class Counsel filed a motion seeking to enjoin two of
our clients from making misrepresentations to Class Members associated with their lawful claims
management services offered to the class.  (ECF No. 7347.)  Through numerous meet and confer
sessions in April and May, our clients demonstrated that each of the alleged misrepresentations
set forth in that motion was either entirely false, wholly unsupported, or based upon Class
Counsel's subjective beliefs.  Nevertheless, in an effort to address all of Class Counsel's and
counsel for the NFL's concerns, and ensure that Class Members have a full and complete
understanding of CSG's services, on May 10, 2017, our client Case Strategies Group
implemented a procedure whereby its clients would be given a series of ten disclosures – both
orally and in writing – addressing all concerns raised as of that date by Class Counsel.  If, after
receiving those disclosures, a Class Member wished to remain a client of Case Strategies Group,
he was required to affirmatively opt in to his contract with Case Strategies Group.  All Case
Strategies Group clients were given unilateral authority to choose to reaffirm or terminate their

M O N T G O M E R Y  McC R A C K E N  W A L K E R  &  R H O A D S  L L P

P E N N S Y L V A N I A  •  N E W  Y O R K  •  N E W  J E R S E Y  •  D E L A W A R E

A  P E N N S Y L V A N I A  L I M I T E D  L I A B I L I T Y  P A R T N E R S H I P
J O H N  J .  L E V Y ,  N E W  J E R S E Y  R E S P O N S I B L E  P A R T N E R

Montgomery McCracken Walker & Rhoads LLP

TerriAnne Benedetto
August 2, 2017
Page 2

contracts with no penalty of any sort.  If a client did not affirmatively opt in to his contract, that contract was canceled, again without any penalty.  This process was begun soon after May 10 and completed by the end of May, 2017.  Class Counsel ultimately withdrew its motion seeking injunctive relief on June 9, 2017 without taking any action against Case Strategies Group.  (ECF No. 7779.)

## II.      THE DISCOVERY REQUESTS

On July 19, 2017, Judge Brody issued a Notice and Order providing notice of an upcoming hearing and permitting Class Counsel to "conduct discovery on an expedited basis, including interrogatories, document requests, and depositions."  (ECF No. 8037 at 2.)  Acting pursuant to the Court's July 19, 2017 Order, on July 26, 2017 Class Counsel served interrogatories and document requests on our clients by letter from Christopher A. Seeger.  The letter also demanded at least ten depositions of our clients' executives and employees.  Copies of the Letter and Discovery Requests are attached hereto as Exhibits 1 and 2.  Each discovery request propounded upon our clients begins with the statement, "Pursuant to the Court's Order dated July 19, 2017 (ECF No. 8037), Co-Lead Class Counsel hereby serve the following Requests for Production of Documents and Interrogatories . . . ."  (Exhibit 2.)  The discovery requests were not accompanied by any form of subpoena issued pursuant to Rule 45, and appear to have been served as if our clients were parties to the NFL Concussion Litigation, which they are not.

## III.     CERTAIN OF OUR CLIENTS ARE WILLING TO PARTICIPATE IN PROPERLY SERVED AND RELEVANT DISCOVERY

On August 1, 2017 the parties met and conferred via teleconference to discuss compliance with the discovery requests. Among other issues, the parties discussed the proper scope of, and procedures for, the discovery requests.

### A.      Class Counsel has failed to serve subpoenas on the CSG Entities

During the meet and confer teleconference, the parties discussed that Class Counsel had failed to serve subpoenas on our clients – all of whom are nonparties to the NFL Concussion Litigation currently pending before Judge Brody.  While Judge Brody's July 19, 2017 Order permits Class Counsel to "take discovery" regarding the subject of the Order, nothing in the Order suggests that Class Counsel can circumvent the Federal Rules of Civil Procedure.  Here, because our clients are nonparties, the proper procedural mechanism through which Class Counsel can obtain discovery is by subpoena under Fed. R. Civ. P. 45.  As the Advisory Committee made clear in 2013, "[s]ubpoenas are essential to obtain discovery *from nonparties*." Fed. R. Civ. P. 45, 2013 advisory committee note (emphasis added).  This understanding is confirmed within the text of Rule 34.  *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").

Montgomery McCracken Walker & Rhoads LLP

TerriAnne Benedetto
August 2, 2017
Page 3

Because our clients are not parties to the litigation, Class Counsel's interrogatories are clearly improper.   In short, interrogatories can only be served on parties.  See Fed. R. Civ. P. 33(a) ("a *party* may serve on any other *party* no more than 25 written interrogatories…." (emphasis added)).  Service of interrogatories upon nonparties is plainly inappropriate, and courts will regularly deny motions to compel answers to interrogatories directed to nonparties. *See, e.g., Ledcke v. Pennsylvania Dep't of Corr.*, No. 1:12-CV-1580, 2013 WL 1632573, at *2 (M.D. Pa. Apr. 16, 2013); *Ward v. Empire Vision Centers, Inc.*, 262 F.R.D. 256, 261 (W.D.N.Y. 2009).  Further, by serving a subpoena Class Counsel is required to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P.45(d)(1).  And, our clients would be entitled to significant protections regarding the location of compliance for both testimony and the production of documents.  Fed. R. Civ. P. 45(c).

It is our hope that Class Counsel will comply with the proper procedures under the Federal Rules and serve subpoenas on our clients  And, as we stated during our recent meet and confer conference, we are fully willing to assist Class Counsel in complying with the rules by accepting service of any subpoenas issued to our clients  Further, as discussed and in the interest of efficiency, CSG is fully willing to produce the equivalent of a 30(b)(6) witness in response to a properly served subpoena which details the subject matters to be inquired into consistent with that Rule.[1]  While we do not believe additional depositions will be necessary, we are willing, based on the record developed at the 30(b)(6) deposition, to keep an open mind on this issue.

## B.      <u>Much of Class Counsel's proposed discovery is irrelevant and objectionable</u>

Provided that Class Counsel proceeds using the proper procedural mechanism to request discovery from our clients, the document requests, as written, are still overbroad and seek irrelevant information given the prior dealings between Case Strategies Group and Class Counsel.

First, as we stated during our meet and confer, Class Counsel has sought discovery from individuals and entities with no connection to the NFL Concussion Litigation.  For example, IT Strategies Group, Inc., Liberty Contingent Receivables, LLC, and JMMHCS Holdings, LLC, have had no contact with any Class Members and have no connection with the NFL Concussion Settlement.  Given this, we do not believe these entities are the fair subject of discovery in this matter.

Second, in response to prior concerns raised Class Counsel and counsel for the NFL, Case Strategies Group engaged in significant remedial measures designed to address all concerns regarding CSG and the services it offered to Class Members.  Indeed, in response to specific concerns raised by Class Counsel and counsel for the NFL, beginning April 18, 2017 CSG did the following:

---

[1] As discussed, our client has suggested Henry Sienema as the person best able to provide Class Counsel with any requested and relevant information relating to the CSG Entities.

Montgomery McCracken Walker & Rhoads LLP

TerriAnne Benedetto
August 2, 2017
Page 4

- Permanently ceased all outbound marketing to Class Members and temporarily ceased inbound marketing;

- Redesigned CSG's branding, website, mailers, and all outward facing customer materials;

- Engaged outside compliance counsel to scrutinize and edit all marketing materials and scripts used in connection with Class Members;

- Provided ten specific disclosures to Class Members – both orally and in writing – regarding CSG, its services to its Class Member clients, its relation (or lack thereof) to the Court and Claims administrator;[2]

- Required Class Members to affirmatively opt in to their contracts – any Class Member who did not want to proceed with CSG's services, for any reason, had their contract with CSG automatically cancelled absent an affirmative statement that the Class Member wished to continue utilizing CSG's services.

Given these significant remedial steps, both the Court and Class Counsel can be assured that all current clients of CSG have affirmatively entered into agreements with CSG based upon a full and fair understanding of the valuable claims management services offered by CSG.

Because these remedial efforts began on April 18, 2017, we do not believe that you are entitled to information that pre-dates April 18th. To be clear, all of CSG's clients are fully informed of the considerable efforts CSG is expending on their behalf, are fully aware of the role CSG plays in assisting them and their attorneys in the claims process, and each has affirmatively indicated that they want CSG to assist them and their counsel with the claims process.  As a result, none of CSG's clients have been misled in any way, and CSG is willing to open its doors to Class Counsel to demonstrate that its remedial efforts adequately addressed all of Class Counsel's concerns.  In addition, and as Class Counsel knows, counsel for all of CSG's clients also has notified Class Counsel that their clients have not been misled and understand the value of the services CSG is providing to them.  Accordingly, any discovery targeted to the period before our clients' remedial efforts cannot concern the sole purpose of the September 19, 2017 hearing: "address[ing] the legality of any agreements entered into by Settlement Class Members *as a result of these solicitaitons*…." (ECF No. 8037) (emphasis added).  Given the affirmative opt-in procedure, no current client of CSG could possibly have relied upon any alleged misrepresentation prior to the implementation of CSG's remedial actions.

Accordingly, consistent with the above, CSG, Liberty Settlement Solutions, and Liberty Settlement Funding, are happy to fully comply with subpoenas addressing their current client list in a fashion which recognizes their significant efforts to date, to the extent those entities have

---

[2] Again, as you are aware, we provided you with a list of these disclosures prior to their being sent to Class Members.  No objections or revisions from Class Counsel were ever received.

Montgomery McCracken Walker & Rhoads LLP

TerriAnne Benedetto
August 2, 2017
Page 5

any documents.  As described below, this will result in significant discovery produced to Class Counsel.

      **C.**     <u>**Certain of our Clients are willing to produce a significant volume of relevant documents and discovery**</u>

As discussed during the meet and confer, certain of our clients are willing to produce a large amount of material in response to a subpoena from Class Counsel.  Specifically, CSG is willing to produce:

- All contracts with Class Members who are current clients of CSG;

- All communications with Class Members who are current clients of CSG, including e-mails;

- All written acknowledgments concerning the opt-in disclosures signed by Class Members who are current clients of CSG;

- Copies of all mailers sent to Class Members who are current clients of CSG after April 18, 2017;

- Copies of all marketing materials sent to Class Members who are current clients of CSG after April 18, 2017;

- Copies of all scripts, if any, used with Class Members after April 18, 2017;

- Copies of all websites used by CSG after April 18, 2017;

- Agreements with all Third-Parties relating to services to Class Members;

- The equivalent of a 30(b)(6) deposition for CSG to discuss any of the above for the period after April 18, 2017.

This should demonstrate our clients' sincere desire to cooperate with Class Counsel's duty to fairly investigate any credible allegations of misrepresentations to Class Members.  Indeed, our clients' actions to date reflect their sincere desire to provide necessary and meaningful services to members of the Class who desire to utilize a claims management service.

As we expressed during our recent meet and confer, we hope that we can reach an amicable solution to your goal of obtaining information relevant to the September 19th hearing..  Thank you for your consideration of these issues.  We look forward to hearing from you soon.

Sincerely yours,

/s/ Richard L. Scheff
Richard L. Scheff

Montgomery McCracken Walker & Rhoads LLP

TerriAnne Benedetto
August 2, 2017
Page 6

cc:    Christopher A. Seeger, Esquire
        Sol H. Weiss, Esquire

# Exhibit E

# SＷ SEEGERWEISS LLP

1515 Market Street, Suite 1380, Philadelphia, PA 19102   P 215.564.2300   F 215.851.8029   www.seegerweiss.com

August 4, 2017

**By Email**
Richard L. Scheff, Esq.
Montgomery McCracken
123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109

Re: *In re National Football League Players' Concussion Injury Litig.*,
     No. 2:12-md-02323-AB

Dear Richard:

I am writing in response to your letter dated August 2, 2017, and in follow-up to the conference call we had on Tuesday, August 1, 2017. This letter is not designed to address every assertion set forth in your letter.

In short, we are proceeding in accordance with the Court's Order of July 19, 2017, to conduct the discovery as outlined therein. We do not agree that Judge Brody lacks the authority to order your clients (collectively referred to herein as "the CSG entities") to respond to discovery. Judge Brody is the MDL judge, possessing express and inherent authority over parties and non-parties, as related to the Settlement and the administration thereof, over which she presides, under the MDL statute, 28 U.S.C. § 1407, Fed. R. Civ. P. 23(d), and the All Writs Act, 28 U.S.C. § 1651. Judge Brody finally approved the Settlement and has plenary jurisdiction over the settlement corpus and payments made therefrom.

We expect the CSG entities to respond to the interrogatories and to produce documents responsive to the requests on or before August 9, 2017, fourteen days after Co-Lead Class Counsel served the discovery requests, consistent with the Court's Order. If the CSG entities believe Co-Lead Class Counsel is proceeding inappropriately, their recourse is to move for a protective order. Should they fail to do so, and should we not receive timely responses, Co-Lead Class Counsel will move to compel.

In addition, Co-Lead Class Counsel are not willing to agree to forgo discovery of documents, solicitations, communications, and events, occurring before April 18, 2017. The CSG entities' alleged attempts at "remediating" the inaccurate and misleading communications to Class Members which they disseminated, whether in ignorance or willful disregard of the facts

New York              Newark              Philadelphia

Richard L. Scheff, Esq.
August 4, 2017
Page | 2

pertaining to the Settlement,[1] does not insulate their pre-April 18, 2017 conduct from discovery. In fact, that alleged "remediation"[2] brought to light the Class Members' continued confusion as to who your clients are and with whom they are affiliated, which resulted in Co-Lead Class Counsel requesting the Court's approval for the issuance of notice to Class Members regarding sundry third-party solicitations received by Class Members [ECF Nos. 7811, 7812] ("Third-Party Solicitation Notice") .[3]

Indeed, the communications, documents, and conduct from pre-April 18, 2017 are very relevant because they provided the basis for the Class Members' initial decision to engage in communications and ultimately enter into agreements with the CSG entities.  Those communications formed the basis for the relationship between your clients and Class Members, many of whom suffer from neurocognitive impairment.  Indeed, the statement in your letter that "[g]iven the affirmative opt-in procedure, no current client of CSG could possibly have relied upon any alleged misrepresentation prior to the implementation of CSG's remedial actions," demonstrates the utter failure to recognize the very nature of the Settlement – providing compensation for those who are neurocognitively impaired.  "Remediation" notwithstanding, the communications from pre-April 18, 2017 are discoverable.

In particular, we are not willing to forgo the call scripts, call notes, emails concerning calls and audiotapes[4] from the pre-April 18, 2017 period.  It is clear that a significant amount of

---

[1]  *See* my email dated April 18, 2017 [ECF No. 7625-1, at 2-3], detailing the misrepresentations on the CSG entities' website, which likely informed and were consistent with call scripts and verbal communications with Class Members by the CSG entities' employees prior to April 18 (and possibly thereafter, as well).

[2]  Co-Lead Class Counsel never agreed that the remediation process proposed would satisfy their concerns that Class Members had been and were continuing to be misled by the CSG entities.

[3]  Co-Lead Class Counsel confirmed the continuing confusion on the part of Class Members, when they received calls from the Class Members who had failed to return the signed "opt-in" letter to the CSG entities, and thus received a termination letter directing them to call the Claims Administrator, and when Co-Lead Class Counsel received reports concerning these Class Members' confusion from the Claims Administrator.  Those Class Members (after receiving the "remediation" telephone call and letter) still believed that the CSG entities were formally affiliated with the Settlement Program.  *See* my emails of May 26, 2017 and June 5, 2017 [ECF No. 7782-1] and Declaration, dated June 9, 2017 [ECF No. 7812], at ¶¶ 26-27.  As noted in the memorandum in support of the motion for approval of the Third-Party Solicitation Notice [ECF No. 7811-2, at 10 n.3], Co-Lead Class Counsel were never provided with a copy of the "opt-in" letter containing the disclosures that the CSG entities sent to their clients.

[4]  During our prior meet and confers, you represented that the CSG entities recorded and maintained audiotapes of the telephone calls with Class Members.  *See, e.g.,* ECF No. 7624-1, at

Richard L. Scheff, Esq.
August 4, 2017
Page | 3

the communications were verbal. The fact that there are no audiotapes from the time period after April 18, 2017, as you represented during our August 1 call, is very telling.

As to the depositions, we are not willing to agree to depose only Henry Sienema and only in a Fed. R. Civ. P. 30(b)(6) context. Indeed, while Co-Lead Class Counsel may not ultimately need to take the deposition of every person identified in the cover letter, we do intend to take depositions of fact witnesses with personal knowledge of communications with Class Members and the handling of telephone solicitations and other communications by the CSG entities on a day-to-day basis.

Also, please advise as to which individuals, in addition to Henry Sienema, listed in Mr. Seeger's letter of July 26, 2017, namely, Craig Sienema, James McCabe, Andrew Schneider, Jason Fingerhut, Robert Hirsch, Amy Polanco, Kevin Johnston, and V. Milaccio, remain employed by the CSG entities. The only one of the other employees or principals of the CSG entities that we discussed was Kevin Johnston. You indicated that he represented that he knows nothing about this case. I assume, however, that he is still an employee.

As to any of the entities (controlled by or affiliated with Messrs. Sienema or Mr. McCabe or Mr. Hermes) to which discovery was directed and which purportedly had no involvement whatsoever with the NFL Concussion Litigation, some of which we discussed on the call,[5] please advise as to whether one of the principals will be willing to sign a sworn statement, under penalty of perjury, to that effect.

Consistent with Co-Lead Class Counsel's position set forth above relating to the responses to the discovery requests, if it is the intention of the CSG entities to not produce witnesses under their control for depositions, absent the service of subpoenas, they should move for a protective order. If not, Co-Lead Class Counsel will move to compel the depositions.

Very truly yours,

/s/ TerriAnne Benedetto
TerriAnne Benedetto

---

2-3; ECF No. 7625-1, at 2-3. We trust that these audiotapes have been preserved. If they have been destroyed, please advise us immediately.

[5] I noted on our August 1 call that an IT Strategies Group, Inc. email address had been used to communicate with Class Members and you indicated that the employee used the wrong email address. Presumably, the employee had email addresses for both Case Strategies Group (formerly NFL Case Consulting, LLC) and IT Strategies Group, Inc. and any affidavit by a principal of IT Strategies Group, Inc. would address that issue.

# Exhibit F

**From:** Scheff, Richard [mailto:rscheff@mmwr.com]
**Sent:** Tuesday, August 15, 2017 11:18 PM
**To:** TerriAnne Benedetto <TBenedetto@seegerweiss.com>
**Cc:** Chris Seeger <CSeeger@seegerweiss.com>; Herman, David F. <DHerman@mmwr.com>
**Subject:** Re: NFL Concussion Litigation - Justice Funds

Terri:

Sorry for the delayed response, but I am traveling and with clients. Yes, we represent Justice Funds. Let's schedule a call for tomorrow or Thursday as a follow-up to our call late last week. Do you have time tomorrow morning to talk?

Thanks.

**From**: TerriAnne Benedetto [mailto:TBenedetto@seegerweiss.com]
**Sent**: Tuesday, August 15, 2017 04:18 PM
**To**: Scheff, Richard
**Cc**: Chris Seeger <CSeeger@seegerweiss.com>
**Subject**: NFL Concussion Litigation - Justice Funds

Dear Richard:

Counsel for Signal Funding advised me that he believed that Montgomery McCracken is representing Justice Funds and Steven W. Pasko regarding the discovery addressed in Judge Brody's July 19 Order. Both Signal and Justice Funds are located at 777 Brickell Avenue, Suite 1100 in Miami, FL. Attached please find the discovery directed to Mr. Pasko and Justice Funds, dated August 3. Please advise me as to whether or not you represent Justice Funds and Mr. Pasko.

Thank you,

TerriAnne Benedetto
Partner
Seeger Weiss LLP
1515 Market Street
Suite 1380
Philadelphia, PA 19102
(t) 215-564-2300
(d) 215-553-7981
(f) 215-851-8029

# SEEGERWEISS LLP

77 Water Street, New York, NY 10005    P 212.584.0700    F 212.584.0799    www.seegerweiss.com

August 3, 2017

<u>Via Federal Express Overnight Mail</u>

Justice Funds LLC
777 Brickell Avenue
Suite 1100
Miami, FL 33131

69 Charlton Street
Suite 331
New York, NY 10014

c/o CT Corporation System
1200 South Pine Island Rd.
Plantation, FL 33324

> *Re:*    *In re National Football League Players' Concussion Injury Litigation*,
> No. 2:12-md-02323-AB (E.D. Pa.)

Dear Sir/Madam:

I am Co-Lead Class Counsel for the certified and finally approved Settlement Class in the above-referenced *In re: National Football League Players' Concussion Injury Litigation* ("NFL Concussion Litigation"). I am writing to you related to an Order issued on July 19, 2017 by the MDL Judge presiding over the NFL Concussion Litigation, the Honorable Anita B. Brody, a copy of which is included in the attachment hereto.

This Order authorizes me to conduct discovery of entities and individuals soliciting and/or entering into agreements with the Class Members in the NFL Concussion Litigation and/or facilitating agreements between Class Members and others. Therefore, I am propounding the enclosed Requests for Production of Documents and Interrogatories upon your organization. If your organization is represented by counsel, please forward this letter and attachment to your counsel immediately.

As per Judge Brody's Order, the deadline for responding to this discovery is fourteen days. Accordingly, the responses to the attached are due on August 18, 2017.

In connection with this discovery, I am also authorized to conduct depositions for the purpose of presenting evidence to the Court at the hearing scheduled for September 19, 2017, to

Justice Funds LLC
August 3, 2017
Page 2

address the matters discussed in the July 19th Order.  As such, please provide me with dates during the weeks of August 21 and August 28, on which Frederick Love, Steven W. Pasko, Joshua C. Wander, Jason Fingerhut, Andrew Schneider and V. Milaccio and any other person(s) from your organization who have information related to these matters, will be available for depositions and the preferred city for same.

       If you have any questions, please contact my partner in our Philadelphia office, TerriAnne Benedetto, at 215-564-2300, or tbenedetto@seegerweiss.com.


                     Very truly yours,

                     /s/ Christopher A. Seeger

                     Christopher A. Seeger
                     *Co-Lead Class Counsel*

Enclosures

cc (via email)(w/encls.):

       Brad Karp, Esq. (*Counsel for the NFL Parties*)