# EXHIBIT 1

**SEEGERWEISS**LLP

1515 Market Street, Suite 1380, Philadelphia, PA 19102   P 215.564.2300   F 215.851.8029   www.seegerweiss.com

August 16, 2017

**By Email**
David K. Willingham
Boies Schiller Flexner, LLP
725 South Figueroa Street
31st Floor
Los Angeles, CA 90017-5524

Re:   *In re National Football League Players' Concussion Injury Litig.,*
        No. 2:12-md-02323-AB

Dear Mr. Willingham:

I am writing in response to your letter to Christopher Seeger, dated August 8, 2017, with attached response to the discovery requests Co-Lead Class Counsel propounded upon your clients (collectively referred to herein as "RD Legal").

In short, we do not intend to serve subpoenas under Fed. R. Civ. P. 45. We are proceeding in accordance with the Court's Order of July 19, 2017, to conduct the discovery as outlined therein. We do not agree that Judge Brody lacks the authority to order your clients to respond to discovery. Judge Brody is the MDL judge, possessing express and inherent authority over parties and non-parties, as related to the Settlement and the administration thereof, over which she presides, under the MDL statute, 28 U.S.C. § 1407, Fed. R. Civ. P. 23(d), and the All Writs Act, 28 U.S.C. § 1651. Judge Brody finally approved the Settlement and has plenary jurisdiction over the settlement corpus and payments made therefrom. She ordered discovery and is holding the hearing on September 19, 2017, so that the Court may, *inter alia*, "address the legality of any agreements entered into by Settlement Class Members as a result of these solicitations…."

Further, as you know from the letter and proposed amicus brief we filed in *Consumer Financial Protection Bureau, et al. v. RD Legal, et al.*, No. 1:17-cv-00890 (LAP) (S.D.N.Y.) [ECF Nos. 45, 45-1], Co-Lead Class Counsel maintain that the Settlement prohibits assignments, including the Assignment and Sales Agreements into which RD Legal entered into with Settlement Class Members. Based upon RD Legal's filings in *CFPB v. RD Legal*, we understand that they do not agree.

We acknowledge that RD Legal produced seven such Assignment and Sales Agreements with Settlement Class Members, along with your August 8th letter. Co-Lead Class Counsel

New York          Newark          Philadelphia

David K. Willingham, Esq.
August 16, 2017
Page | 2

already were in possession of those documents; they were publically filed on ECF in *CFPB v. RD Legal*. At any rate, Co-Lead Class Counsel do not agree that "[t]he contracts leave no room for misunderstanding," as you contend in your letter. Whether the contracts are void ab initio or voidable, Co-Lead Class Counsel are seeking discovery related to the solicitations and other communications in connection with these Assignment and Sales Agreements as related to Class Members' monetary awards, consistent with the Court's Order.

In view of the difference of opinion as between Co-Lead Class Counsel and RD Legal on the above-referenced matters, we are not optimistic that we will be able to avoid court intervention. However, I am available this afternoon/evening and tomorrow to meet and confer. Should we be unable to resolve these differences by close of business tomorrow, we intend to move to compel RD Legal to provide full and complete responses to the discovery requests and depositions.

Very truly yours,

/s/ TerriAnne Benedetto
TerriAnne Benedetto