# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE; NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Case No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>The Honorable Anita B. Brody |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>    Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## OPPOSITION OF RD LEGAL FUNDING, LLC, RD LEGAL FINANCE, LLC, RD LEGAL FUNDING PARTNERS, LP, AND RONI DERSOVITZ TO CLASS COUNSEL'S MOTION TO COMPEL DISCOVERY RESPONSES

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

I.    INTRODUCTION ...................................................................................................1

II.   BACKGROUND ...................................................................................................2

      A.    The Assignment and Sale Agreements ......................................................2

      B.    Class Counsel's Improper Attempt to Obtain Non-Party Discovery.......................4

III.  THE COURT SHOULD DENY THE MOTION TO COMPEL NON-PARTY
      DISCOVERY...........................................................................................................5

      A.    The Federal Rules of Civil Procedure Do Not Authorize the Discovery
            Sought by Class Counsel ...........................................................................5

      B.    The Motion to Compel Should Be Denied Based on RD Legal's
            Remaining Objections................................................................................8

IV.   RD LEGAL SHOULD BE AWARDED ITS ATTORNEYS FEES AND COSTS..........11

V.    CONCLUSION........................................................................................................12

## TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Au New Haven, LLC v. YKK Corp.*,
   210 F. Supp. 3d 549, 556 (S.D.N.Y. 2016)................................................................9

*Bank of Nova Scotia v. United States*,
   487 U.S. 250 (1988).................................................................................................6

*Barry v. Medtronic, Inc.*,
   No. 16-47, 2016 WL 1056783 (E.D. Pa. Mar. 17, 2016) ........................................11

*Blazek v. Capital Recovery Assocs., Inc.*,
   222 F.R.D. 360 (E.D. Wisc. 2004)...........................................................................5

*CFPB, et al. v. RD Legal Funding, LLC, et al.*,
   No. 1:17-cv-890-LAP (S.D.N.Y.)...................................................................8, 9, 10

*Ellis v. Cambra*,
   No. 1:02CV-05646AWI-SMSPC, 2008 WL 860523 (E.D. Cal. Mar. 27, 2008) ....................8

*Harco Nat'l Ins. Co. v. Sleegers Eng'g, Inc.*,
   No. 06-CV-11314, 2014 WL 5421237 (E.D. Mich. Oct. 22, 2014) ........................5

*Highland Tank & Mfg. Co. v. PS Int'l, Inc.*,
   227 F.R.D. 374 (W.D. Pa. 2005) ...........................................................................5, 6

*Hupp v. San Diego Cty.*,
   No. 12CV0492 GPC RBB, 2014 WL 2480586 (S.D. Cal. June 3, 2014) ...............8

*ImagePoint, Inc. v. JPMorgan Chase Bank, Nat'l Ass'n*,
   27 F. Supp. 3d 494, 508-10 (S.D.N.Y. 2014) .......................................................10

*In re Domestic Drywall Antitrust Litig.*,
   300 F.R.D. 234 (E.D. Pa. 2014)...........................................................................11

*In re Mucelli*,
   21 B.R. 601 (Bankr. S.D.N.Y. 1982)....................................................................10

*In re Payment Card Interchange Fee & Merchant Disc. Antitrust Litig.*,
   No. 05-MD-1720 (JG), 2014 WL 4966072 (E.D.N.Y. Oct. 3, 2014).....................7

*In re Visa Check/Mastermoney Antitrust Litig.*,
   No. CV-96-5238 (JG), 2006 WL 1025588 (E.D.N.Y. Mar. 31, 2006)...................7

*Ledcke v. Pa. Dep't of Corr.*,
    1:12-CV-1580, 2013 WL 1632573 (M.D. Pa. Apr. 16, 2013)...................................6

*Marjam Supply Co. of Florida, LLC v. Pliteq, Inc.*,
    No. 17-MC-102, 2017 WL 3334065 (E.D. Pa. Aug. 4, 2017)..................................5

*Myers v. Andzel*,
    No. CIV 06–14420 RWS, 2007 WL 3256879 (S.D.N.Y. Oct. 15, 2007)............................5, 6

*Sonnino v. Univ. of Kan. Hosp. Auth.*,
    221 F.R.D. 661 (D. Kan. 2004)...................................8

*Taggart v. Wells Fargo Home Mortg., Inc.*,
    No. 10-cv-00843, 2012 WL 4462633 (E.D. Pa. Sept. 27, 2012)...........................1, 5


**Statutes**

28 U.S.C. § 1407 ....................................................................................7

28 U.S.C. § 1651 ....................................................................................7

N.Y. Oblig. Law § 13-101(1).......................................................................10

N.Y. U.C.C. Law § 1-201(35) ......................................................................9

N.Y. U.C.C. Law § 9-109 cmt. 15 .................................................................10

N.Y. U.C.C. Law § 9-408(a).........................................................................10

N.Y. U.C.C. Law § 9-408, cmt. 2 .................................................................10

N.Y. U.C.C. Law § 9-408, cmt. 4 .................................................................10


**Other Authorities**

Fed. R. Civ. P. 23(d) ...............................................................................7

Fed. R. Civ. P. 26(b)(1).............................................................................8

Fed. R. Civ. P. 33(a)(1)..............................................................................1

Fed. R. Civ. P. 34(c) ................................................................................1

Fed. R. Civ. P. 45 ............................................................................ *passim*

iii

Fed. R. Civ. P. 45(d)(1)...........................................................................................................11

NFL Concussion Settlement Website, Frequently Asked Question 5.31, *available at* https://goo.gl/Ujg4VM.............................................................................................4

# I.      INTRODUCTION

The Motion to Compel filed by Co-Lead Class Counsel ("Class Counsel") is an improper attempt to sidestep its own failure to comply with the basic rules governing non-party discovery. RD Legal Funding, LLC, RD Legal Finance, LLC, RD Legal Funding Partners, LP, and Roni Dersovitz (collectively, "RD Legal") are not parties to this action, and "[d]iscovery of non-parties must be conducted by subpoena pursuant to [Federal Rule of Civil Procedure] 45." *Taggart v. Wells Fargo Home Mortg., Inc.*, No. 10-cv-00843, 2012 WL 4462633, at *2 (E.D. Pa. Sept. 27, 2012).

Indeed, the Federal Rules of Civil Procedure are explicit:  documents may only be obtained from a non-party pursuant to Rule 45, and "interrogatories served on nonparties are nullity." *Taggart*, 2012 WL 4462633, at *2; *see also* Fed. R. Civ. P. 33(a)(1) (interrogatories are served only on parties); Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").  Rather than follow the Rules of Civil Procedure and issue subpoenas for the documents it seeks, Class Counsel served Requests for Production of Documents *and* Interrogatories on RD Legal and insisted it was not bound by Rule 45 and the other rules governing non-party discovery.

Class Counsel, however, fails to provide any justification for propounding non-party discovery that does not comply with Rule 45, and instead resorts to misrepresenting the record. Initially, Class Counsel claims that RD Legal "refused to respond to the discovery" (Motion at 1), when in fact RD Legal timely served a ten-page response that addressed each request.  (*See* Declaration of Christopher A. Seeger ("Seeger Decl."), Ex. F.)  Class Counsel also claims that RD Legal "takes the position that this Court does not possess the authority to order the discovery" (Motion at 1-2), when in fact RD Legal acknowledges that this Court (like any trial

court) has broad discretion to manage discovery.  Such discovery must comply with the Federal Rules of Civil Procedure, however, and neither this Court's July 19, 2017 Order nor any authority on which Class Counsel relies in any way relieves Class Counsel of its obligations under Rule 45.  Accordingly, the Court should deny the Motion.

The Court should also deny the Motion to Compel based on the remaining objections asserted in RD Legal's Responses, which Class Counsel altogether failed to address.  Even if it had, Class Counsel cannot justify the expansive discovery it seeks from non-parties, especially given that the purported basis for the discovery—allegations in a separate lawsuit that the assignment of settlement proceeds from this action are barred by the Class Action Settlement Agreement—is wrong, as a matter of law, and does not require the far-reaching discovery sought by Class Counsel.

For these reasons, and as further explained below, RD Legal respectfully requests that the Court deny Class Counsel's Motion to Compel.

## II.    BACKGROUND

### A.    *The Assignment and Sale Agreements*

Between December 2015 and November 2016, RD Legal Finance, LLC ("FINCO") entered into Assignment and Sale Agreements ("Agreements") with seven former NFL players, whereby FINCO paid the players a collective total of more than $1.6 million in exchange for portions of the future settlement proceeds to which they are entitled.[1]  Three of the Agreements include an additional purchase price that was ignored by Class Counsel and that FINCO will pay according to a schedule set forth in the Agreements.  The additional payment is based on the date

---

[1] The Agreements have been provided to Class Counsel and are attached as Ex. G to the Declaration of Christopher A. Seeger (ECF No. 8301-2).  To avoid burdening the Court with duplicative submissions, RD Legal cites to the exhibits attached to the Seeger Declaration.

the settlement proceeds are distributed to FINCO.  Thus, if the settlement proceeds are distributed

according to the Agreements by October 31, 2017, the total amounts paid to the sellers and

assigned to FINCO will be as follows:

| Player | Initial Payment by FINCO to Player | Additional Payments to Player if Settlement Paid by 10/31/2017 | Total Payments to Player if Settlement Paid by 10/31/2017 | Amounts Assigned to FINCO | Players' Total Anticipated Awards |
|---|---|---|---|---|---|
| No. 1 | $202,460.31 | NA | $202,460.31 | $425,166 | $1,500,000 |
| No. 2 | $343,120.53 | $204,385.09 | $547,505.62 | $665,234.45 | $2,470,000 |
| No. 3 | $249,574.46 | $168,992.39 | $418,566.85 | $510,000.00 | $1,500,000 |
| No. 4 | $249,574.46 | $177,392.38 | $426,966.84 | $510,000.00 | $1,500,000 |
| No. 5 | $242,857.14 | NA | $242,857.14 | $510,000.00 | $1,500,000 |
| No. 6 | $242,857.14 | NA | $242,857.14 | $510,000.00 | $1,500,000 |
| No. 7 | $100,000 | NA | $100,000 | $300,000 | $1,500,000 |
| **Total** | **$1,630,444.04** | **$550,769.86** | **$2,181,213.90** | **$3,430,400.45** | **$11,470,000** |

Each transaction was documented in a manner to ensure that the seller understood its

terms and knowingly entered into the Agreement:

- The terms describe the deal in plain language and reflect the sale of a portion of the settlement award in exchange for an immediate lump sum cash payment.

- Each seller represented and warranted that he "ha[s] the unrestricted right to assign the" proceeds to FINCO; "ha[s] the legal capacity to execute and perform" the Agreement; and is "under no contractual or other restrictions or obligations which are or might be inconsistent with the execution of this Agreement or the sale and assignment of the" proceeds.  (*See, e.g.*, Seeger Decl., Ex. G (ECF No. 8301-9) at 4.)[2]  The seller also signed a "Certification of Truthfulness," certifying that all statements in the Agreement are truthful.  (*Id.* at 15.)

- Where applicable, the seller's spouse also signed the Agreement and certified that she read and understood its terms and that her "spouse is of sound mind and possesses the appropriate mental capacity to understand the nature and consequences of this Agreement and to sign legal documents."  (*Id.* at 16.)

- Each agreement advised the seller multiple times—in bold print—to seek advice of legal counsel (*id.* at 11-12), and the seller's lawyer acknowledged receipt of a Notice of Assignment of the award and agreed to hold in escrow for disbursement to FINCO any funds that are subject to the agreement (*id.* at 20).

---

[2] Page numbers refer to the ECF-stamped page number.

- FINCO required each seller to register for free counseling services with GreenPath—a national company that provides credit and debt counseling—as a precondition to the purchase.

- The Agreements give the seller a right to cancel the Agreement within five business days after receiving payment from FINCO.  (*Id.* at 10.)

Although the Agreements authorize FINCO to demand payment directly from the Claims Administrator (*id.* at 19), it has not done so, and the Claims Administrator has indicated it will not disburse funds to non-party legal funders, such as FINCO.[3]  To date, FINCO has not received any of the proceeds it purchased under the Agreements.

### B.     Class Counsel's Improper Attempt to Obtain Non-Party Discovery

On July 25, 2017, without prior notice, Class Counsel served a single document entitled Requests for Production of Documents and Interrogatories not only on FINCO—the party to the Agreements—but on RD Legal Funding, LLC, RD Legal Funding Partners, LP, and Roni Dersovitz, seeking virtually every document related to the Agreements, including patently privileged and confidential information.  Contrary to Class Counsel's assertion that RD Legal "refused to respond to the discovery requests," (Mot. at 1), RD Legal served a Response to the discovery on August 8, 2017, objecting to each discovery request on numerous grounds, including Class Counsel's failure to comply with Federal Rule of Civil Procedure 45.  (Seeger Decl., Ex. F.)

The transmittal letter accompanying RD Legal's Response further explained and provided legal authority for the Response, and invited Class Counsel to provide any authority it believed authorized the discovery requests.  (*Id.*)  Class Counsel responded by letter dated August 16, 2017, but did not respond to the authority provided by RD Legal or cite to any

---

[3] *See* NFL Concussion Settlement Website, Frequently Asked Question 5.31, *available at* https://goo.gl/Ujg4VM.

authority that authorized its non-party discovery. (Declaration of Michael D. Roth ("Roth Decl."), Ex. 1.) Class Counsel and counsel for RD Legal conferred by telephone on August 18, but were unable to resolve their dispute. (*Id.* at ¶ 3.)

## III. THE COURT SHOULD DENY THE MOTION TO COMPEL NON-PARTY DISCOVERY

### A. *The Federal Rules of Civil Procedure Do Not Authorize the Discovery Sought by Class Counsel*

"Discovery of non-parties must be conducted by subpoena pursuant to [Federal Rule of Civil Procedure] 45." *Taggart*, 2012 WL 4462633, at *2; *see also Myers v. Andzel*, No. CIV 06–14420 RWS, 2007 WL 3256879, at *1 (S.D.N.Y. Oct. 15, 2007) (same) (quoting *Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001)); *accord Harco Nat'l Ins. Co. v. Sleegers Eng'g, Inc.*, No. 06-CV-11314, 2014 WL 5421237, at *4 (E.D. Mich. Oct. 22, 2014) ("Federal Rule Civil Procedure 45 establishes the rules for discovery directed to individuals and entities that are not parties to the underlying suit through the use of a subpoena."); *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 379 (W.D. Pa. 2005) ("Rule 45 is the only discovery method whereby information may be obtained from a nonparty to the suit."); *Blazek v. Capital Recovery Assocs., Inc.*, 222 F.R.D. 360, 361 (E.D. Wisc. 2004) ("the party seeking such discovery must utilize a subpoena to compel . . . discovery" of documents from a non-party); *see also Marjam Supply Co. of Florida, LLC v. Pliteq, Inc.*, No. 17-MC-102, 2017 WL 3334065, at *2 (E.D. Pa. Aug. 4, 2017) ("Rule 45 of the Federal Rules of Civil Procedure establishes the rules for subpoenas served upon individuals and entities that are not parties to the underlying lawsuit.")

Despite the clear authority on this point, Class Counsel made no attempt to comply with Rule 45, and instead served RD Legal with the Requests for Production of Documents and Interrogatories.  Even after counsel for RD Legal notified Class Counsel that any non-party discovery must be sought by subpoena under Rule 45, Class Counsel still refused to remedy the problem.  The Court should therefore deny Class Counsel's Motion to Compel based on its failure to comply with Rule 45.  *See Highland Tank & Mfg.*, 227 F.R.D. 374, 379 (W.D. Pa. 2005) (denying motion to compel where party did not serve subpoena and thus "has not complied with the first step of seeking discovery from a non-party").  In addition, the Motion to Compel should be denied as to the Interrogatories because—even if Class Counsel had served a valid subpoena—Rule 45 does not authorize non-party interrogatories.  *See Myers*, 2007 WL 3256879, at *1 ("[I]nterrogatories may only be served upon parties to an action."); *Ledcke v. Pa. Dep't of Corr.*, 1:12-CV-1580, 2013 WL 1632573, at *2 (M.D. Pa. Apr. 16, 2013) (denying motion to compel because "'the federal rules provide that interrogatories may only be served upon parties to the lawsuit'") (quoting *Ward v. Empire Vision Ctrs., Inc.*, 262 F.R.D. 256, 261 (W.D.N.Y. 2009) and citing Fed. R. Civ. P. 33)).

Class Counsel provides no authority that relieves it of Rule 45's requirements.  Class Counsel purports to have propounded the discovery pursuant to the Court's July 19, 2017 Order, but the Order merely authorizes certain third-party discovery—it does not suspend the requirements of Rule 45, nor could it.  *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988) (stating that a Federal Rule of Civil Procedure is "as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions").  Class Counsel also claims that RD Legal "subjected themselves to this Court's jurisdiction by entering into" the Agreements

6

and "step[ping] into Class Members' shoes" (Motion at 2, 6), but this bald assertion finds no

support in the law—which Class Counsel does not provide—or the terms of the Agreements,

which make FINCO only an assignee for the limited purpose of receiving settlement proceeds,

not a party to this action.  Likewise, none of the statutory authorities Class Counsel cites

authorizes non-party discovery outside of Rule 45, *see* 28 U.S.C. § 1407, Fed. R. Civ. P. 23(d),

28 U.S.C. § 1651, and none of the cases Class Counsel cites mentions discovery, let alone

authorizes a party to seek discovery from a non-party through some method outside of Rule 45.

*See In re Visa Check/Mastermoney Antitrust Litig.*, No. CV-96-5238 (JG), 2006 WL 1025588, at

*4 (E.D.N.Y. Mar. 31, 2006); *In re Payment Card Interchange Fee & Merchant Disc. Antitrust

Litig.*, No. 05-MD-1720 (JG), 2014 WL 4966072, at *31 (E.D.N.Y. Oct. 3, 2014).[4]

    There is no justification for Class Counsel's failure to comply with Rule 45, and its

Motion should be denied for this reason alone.

---

[4] Class Counsel's discussion of *Visa Check* is a transparent attempt to bypass the discovery
dispute at issue and address the Court's authority to adjudicate the enforceability of the
Agreements.  (Motion at 6-8.)  That issue is not before the Court but, even if it were, the facts of
*Visa Check* differ significantly from the facts here.  In *Visa Check*, the court found that a
company that had entered contracts with 4,800 class members to provide "claim filing and fund
recovery service[s]" had disseminated misleading marketing materials.  *In re Visa
Check/Mastermoney Antitrust Litig.*, 2006 WL 1025588, at *2, *6.  The court permitted class
members to "void those contracts" based on the company's statement that it was "willing to
voluntarily void contracts at [class members'] requests" and to avoid the "unfair[ness] and
inefficiencie[s]" of requiring each class member to affirmatively challenge the enforceability of
the contract.  *Id.* at *7-8.  Here, there is no allegation that RD Legal used misleading marketing
materials and the underlying contracts do not involve filing of claims or the administration of the
settlement all.  In addition, and unlike in *Visa Check*, the sellers here have *already* received more
than $1.6 million and the contracts cannot simply be unilaterally declared void without the need
for further adjudication.

**B.      The Motion to Compel Should Be Denied Based on RD Legal's Remaining Objections**

RD Legal responded and objected to each request on numerous grounds in addition to Class Counsel's failure to comply with Rule 45.  (*See generally* Seeger Decl., Ex. F.)  Class Counsel did not meet and confer with RD Legal regarding these objections (Roth Decl. at ¶ 3) and does not contend—let alone attempt to explain in its Motion—that these objections are unjustified.  "If the moving party fails to address an objection in its motion to compel, the objecting party need not raise it, and the objection will stand."  *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 671 n.37 (D. Kan. 2004); *accord Hupp v. San Diego Cty.*, No. 12CV0492 GPC RBB, 2014 WL 2480586, at *5 (S.D. Cal. June 3, 2014); *Ellis v. Cambra*, No. 1:02CV-05646AWI-SMSPC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  Accordingly, the Court should deny the Motion to Compel with prejudice in light of the remaining objections RD Legal asserts.

Class Counsel did not respond to RD Legal's objections because it has no legitimate basis to justify its exceedingly broad discovery requests.  For example, Class Counsel's requests—which seek virtually all information in RD Legal's possession that relates to the Agreements, (*see, e.g.,* Seeger Decl., Ex. F, Request Nos. 1-3)—would impose a burden and expense on RD Legal that far outweigh any benefit.  *See* Fed. R. Civ. P. 26(b)(1).  The justification for the discovery Class Counsel seeks is based exclusively on a complaint filed by the Consumer Financial Protection Bureau ("CFPB") and New York Attorney General—which has not even survived a pending motion to dismiss—in the Southern District of New York.  *CFPB, et al. v. RD Legal Funding, LLC, et al.*, No. 1:17-cv-890-LAP (S.D.N.Y.) (the "CFPB Action").  In that action, the government claims RD Legal misled former NFL players by merely entering the

Agreements to purchase settlement proceeds because, according to the government, the proceeds are not assignable under Section 30.1 of the Class Action Settlement Agreement.[5]  (*See* Seeger Decl., Ex. A, Compl. ¶¶ 34-43.)

To assess this allegation (which RD Legal strongly disputes) the Court need only review the Agreements and Section 30.1 of the Settlement Agreement.  As discussed in RD Legal's Motion to Dismiss and Reply filed in the CFPB Action, the Settlement Agreement—which prohibits only the assignment of "rights or claims relating to the *subject matter of the Class Action Complaint*" (ECF No. 6481-01 at § 30.1 (emphasis added))—does not prohibit the assignment of *settlement proceeds* for at least the following reasons:

- The "subject matter of the Class Action Complaint" must be read narrowly,[6] and thus is limited by the allegations of the complaint—*i.e.*, the players' personal injury claims—which necessarily do not include proceeds under a later settlement agreement.

- The parties express reference to "the subject matter of this Settlement Agreement" elsewhere in the agreement (*Id.* at §§ 13.5, 25.5, 30.3), confirms that the parties *deliberately* chose to limit the anti-assignment clause to personal injury *claims*—not future settlement *proceeds*.

- The Settlement Agreement expressly recognizes that the proceeds may be subject to "Liens," a defined term that refers broadly to "any mortgage, lien, pledge, charge, security interest, or legal encumbrance, of any nature whatsoever" (*Id.* at § 2.1(uu)), and includes the assignment of settlement proceeds.[7]

---

[5]  In the CFPB Action, the government also alleges that RD Legal "falsely claim[ed] to expedite funding and 'cut through red tape'" on its webpage devoted specifically to different funding agreements, not the NFL Agreements at issue here.  (Seeger Decl., Ex. A, Compl. at 9, ¶¶ 45-48.)  RD Legal disputes this allegation, but in any event it does not apply to the Agreements here.

[6]  "[A]nti-assignment provision[s]" must be construed "narrowly as dictated by New York law." *Au New Haven, LLC v. YKK Corp.*, 210 F. Supp. 3d 549, 556 (S.D.N.Y. 2016).

[7]  While several of the enumerated terms included in the definition of a "lien" apply to the transactions between FINCO and the players, the sales agreements undoubtedly create a "security interest" under the Uniform Commercial Code.  *See* N.Y. U.C.C. Law § 1-201(35) (defining "security interest" to include "any interest of a consignor and a buyer of accounts, chattel paper, a payment intangible, or a promissory note in a transaction that is subject to Article 9").

9

- The Amended Final Order and Judgment that approved the Settlement Agreement—and which is incorporated into the Settlement Agreement, (*Id.* at 3)—expressly ordered that "[t]he terms of the Settlement Agreement . . . are forever binding on the Parties, as well as on their respective . . . assigns," (ECF No.6534, Amended Final Order and Judgment ¶ 19), which necessarily means that certain assignments are permitted.

This distinction between the underlying *claims* and the *settlement proceeds* is consistent with the Uniform Commercial Code ("UCC") as adopted by New York, which renders unenforceable contractual provisions that prohibit the assignment of payment intangibles, such as the settlement proceeds here.[8]  Specifically, N.Y. U.C.C. Law § 9-408(a) "makes ineffective any attempt to restrict the assignment of a general intangible," *id.* at § 9-408, cmt. 2, including "payment intangibles" such as the settlement proceeds, *id.* at § 9-408, cmt. 4 (Section 9-408(a) applies to the "sale of . . . payment intangibles"); *id.* at § 9-109 cmt. 15 ("[O]nce a claim arising in tort has been settled and reduced to a contractual obligation to pay, the right to payment becomes a payment intangible and ceases to be a claim arising in tort.").  The UCC thus categorically renders ineffective anti-assignment clauses pertaining to payment intangibles, like the proceeds of the settlement agreement that were sold and assigned to RD Legal.  *Cf. ImagePoint, Inc. v. JPMorgan Chase Bank, Nat'l Ass'n*, 27 F. Supp. 3d 494, 508-10 (S.D.N.Y. 2014) (finding contractual anti-assignment clauses invalid under Section 9-406(d)).

Considering that the Agreements and Settlement Agreement are sufficient to address the allegation that serves as the purported rationale for Class Counsel's discovery—whether Section 30.1 prohibits the Agreements—the broad discovery Class Counsel seeks imposes on RD Legal a

---

[8] The Settlement Agreement's distinction between tort claims (which are not assignable) and settlement proceeds (which are assignable) is also well-established under New York law. *Compare* N.Y. Oblig. Law § 13-101(1) (prohibiting the transfer of a "claim . . . to recover damages for a personal injury") *with In re Mucelli*, 21 B.R. 601, 603 (Bankr. S.D.N.Y. 1982) ("Under [] section 13-101 an assignment or transfer of a personal injury is prohibited . . . [but] [u]nder New York State law the *proceeds* of a personal injury claim are assignable and transferable.") (emphasis added).

10

burden and expense that far outweigh its benefit.[9]  Indeed, given that the Claims Administrator has indicated it will not honor assignments—and thus any payment will be distributed to the seller or his attorney—the Court should altogether refrain from adjudicating whether the Agreements are prohibited under the Settlement Agreement.  Each seller may elect to either voluntarily comply with the terms of the Agreement and turn over the funds to FINCO, or decline to do so, in which case FINCO will seek to enforce the terms of the contract under the arbitration provision in each Agreement.  Adjudicating the enforceability of the Agreements in this forum—with no Complaint addressing their enforceability and without subject matter or personal jurisdiction being asserted over the dispute—would disregard the arbitration terms to which each seller agreed would govern any dispute; potentially grant sellers a windfall; and violate RD Legal's due process rights by depriving it of its property interests without a meaningful opportunity to be heard.

## IV.   RD LEGAL SHOULD BE AWARDED ITS ATTORNEYS FEES AND COSTS

Rule 45 imposes an affirmative obligation on an attorney taking third-party discovery to "take reasonable steps to avoid imposing undue burden and expense on a person subject to [a Rule 45 subpoena]."  Fed. R. Civ. P. 45(d)(1).  When an attorney seeking third-party discovery deliberately fails to do so, the "court *must* enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees."  *Id.* (emphasis added).  Here, where Class Counsel has obstinately refused to comply with the most basic

---

[9] The burden such discovery imposes is especially excessive considering that RD Legal is a non-party, and all of the discovery recipients other than FINCO were not even parties to the underlying transactions.  *See Barry v. Medtronic, Inc.*, No. 16-47, 2016 WL 1056783, at *1 (E.D. Pa. Mar. 17, 2016) (noting that "party seeking discovery [from non-party] must take reasonable steps to avoid imposing undue burden or expense on" non-party); *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 240 (E.D. Pa. 2014) ("[T]he standards for non-party discovery require a stronger showing of relevance than for party discovery.").

requirements of issuing a subpoena under Rule 45, and instead has forced non-resident third-parties to come to Pennsylvania to insist on having the Federal Rules of Civil Procedure complied with prior to providing discovery, sanctions are warranted.  Even in this Motion, Class Counsel requests that the Court *reward* its failure to comply with Rule 45 by authorizing in advance of its issuance, 48-hour compliance with any future subpoena (an unreasonably short time period that would in and of itself violate Rule 45).  Such abusive conduct is the absolute opposite of what is affirmatively required by Rule 45 and is sanctionable.

## V.    CONCLUSION

For the reasons stated above, non-parties RD Legal Funding, LLC, RD Legal Finance, LLC, RD Legal Funding Partners, LP, and Roni Dersovitz respectfully request that the Court deny Class Counsel's Motion to Compel.

Dated this 29th day of August, 2017.       Respectfully submitted,

/s/ Michael D. Roth

| | |
|---|---|
| BROTMAN LAW | BOIES SCHILLER FLEXNER LLP |
| ELLEN C. BROTMAN, ESQ. | DAVID K. WILLINGHAM (pro hac vice application forthcoming) |
| 150 North Radnor Chester Road | |
| Suite F200 | *dwillingham@bsfllp.com* |
| Radnor, Pennsylvania 19087 | MICHAEL D. ROTH (pro hac vice application forthcoming) |
| Telephone:  (610) 977-2412 | *mroth@bsfllp.com* |
| Facsimile:  (610) 977-0043 | JEFFREY M. HAMMER (pro hac vice application forthcoming) |
| | *jhammer@bsfllp.com* |
| | 725 South Figueroa Street, 31st Floor |
| | Los Angeles, California 90017-5524 |
| | Telephone: (213) 629-9040 |
| | Facsimile: (213) 629-9022 |
| | |
| | Attorneys for Defendants RD LEGAL FUNDING, LLC; RD LEGAL FINANCE, LLC; RD LEGAL FUNDING PARTNERS, LP; and RONI DERSOVITZ |

12