# Exhibit C

**Robbins Geller**
**Rudman & Dowd** LLP

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

December 6, 2013

<u>VIA ECF</u>

The Honorable Judge John Gleeson
United States District Court
   for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Magistrate Judge James Orenstein
United States District Court
   for the Eastern District of New York
225 Cadman Plaza East
Room 1227 South
Brooklyn, NY 11201

      Re:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
             No. 1:05-MD-1720-(JG)(JO)

Dear Judge Gleeson and Magistrate Judge Orenstein:

      In accordance with this Court's November 25, 2013 Order, Class Counsel respectfully submit this letter to inform the Court that, in their view, discovery regarding third-party claims filing company Settlement Recovery Group, LLC ("SRG") and its relationship with its partner, Premier Enterprises Group ("Premier"), is necessary and appropriate. Despite this Court's Order requiring SRG to provide Class Counsel with all contacts between it and Premier, SRG has not provided information sufficient to determine what entity was responsible for the communications that were the subject of Class Counsel's November 14, 2013 letter (Dkt. No. 6088), what persons made the misleading communications and what the appropriate relief for such conduct should be. Accordingly, Class Counsel believe discovery is appropriate and have served discovery requests on SRG and Premier. The discovery sent to Premier and SRG is attached hereto as Exhibit 1.

      As the Court stated in its December 3, 2013 Order, a full record will enable the Court to determine the appropriate relief as to the party or parties responsible for the communications, and will enable the Court to better understand the nature of these types of referral agreements in order to determine if other, broader prophylactic relief is necessary to protect Class members.[1]

---

[1]     Class Counsel is preparing a motion seeking broader relief as to other third parties claims processors and expects to file that motion in the coming days. This is in response to the Court's statement that it is "still considering a further injunction that's broader in scope so there can be a deterrent, a message that may convey some deterrence to the other would-be claims processors out there." Nov. 25, 2013 Hrg. Tr. at 16:6-9.

# Robbins Geller
## Rudman & Dowd LLP

The Honorable Judge John Gleeson
Magistrate Judge James Orenstein
December 6, 2013
Page 2

    This limited discovery is necessary because SRG has not yet provided complete information to Class Counsel as ordered by the Court. In its November 25, 2013 Order, the Court instructed SRG to provide its contract with Premier. This document was provided on November 26, 2013 and was submitted under seal to the Court on the same day. Dkt. No. 6109. SRG was also ordered to describe all contacts with Premier before Wednesday, November 27, 2013. *See* Nov. 25, 2013 Order. On Friday, November 29, 2013 (two days after the date the Court ordered), SRG provided Class Counsel a letter containing minimal information. *See* Ex. 2.

    The information provided is insufficient to determine the agency relationship between the parties and underscores why discovery is needed.[2] In order to determine whether there is an agency relationship between SRG and Premier, Class Counsel has requested discovery from SRG about its relationship with Premier, its relationship with other third parties with whom it has referral contracts and its direct communications with putative class members. Similar discovery was directed at Premier.

    On Monday, December 2, 2013, Class Counsel wrote to SRG informing it that the information provided in the letter was insufficient to determine the nature of the Premier/SRG relationship. Class Counsel asked SRG to provide answers to detailed questions regarding the SRG/Premier relationship and sought specific information regarding all contacts between the two entities as the Court had ordered. In a meet and confer on December 5, 2013, counsel for SRG indicated that it intends to comply with all discovery requests and that the information sought by the Court and Class Counsel will be provided.

    The parties have agreed to some minor changes to the letter ordered to be sent to Class members that signed up with SRG through the SRG/Premier agreement. *See* Ex. 3. Counsel for SRG asked that Class Counsel provide this letter to the Court for its approval. SRG has stated that

---

I'm interested in relief that goes far beyond what's being asked here. I don't know why I should allow SRG to participate in any way, shape, or form in any claims processing having anything to do with any future settlement in this case. And then maybe if there are other people, like-minded people, out there who see that relief was granted, I'm not going to have to deal with them.

*Id.* at 7:25-8:6.

[2]    The elements of an agency relationship are: (1) "a manifestation by the principal that the agent shall act for him;" (2) "accept[ance] [of the] undertaking" by the agent; and (3) "an understanding between the parties that the principal is to be in control of the undertaking." *In re Rubin Bros. Footwear, Inc.*, 119 Bankr. 416, 422 (S.D.N.Y. 1990). Of these, the critical element is control of the agent by the principal. *In re Shulman Transp. Enters., Inc.*, 744 F.2d 293, 295 (2d Cir. 1984).

**Robbins Geller**
**Rudman & Dowd LLP**

The Honorable Judge John Gleeson
Magistrate Judge James Orenstein
December 6, 2013
Page 3

it intends to comply with the Court's December 3, 2013 Order and will send the letter out within the time set by the Court.

Respectfully submitted,

| | | |
|---|---|---|
| */s/ K. Craig Wildfang* | */s/ H. Laddie Montague, Jr.* | */s/ Bonny E. Sweeney* |
| K. Craig Wildfang | H. Laddie Montague, Jr. | Patrick J. Coughlin |
| Thomas J. Undlin | Merrill G. Davidoff | Bonny E. Sweeney |
| **Robins, Kaplan, Miller** | **Berger & Montague, P.C.** | **Robbins Geller Rudman** |
| **& Ciresi L.L.P.** | | **& Dowd LLP** |

Attachments

cc:     All Counsel (via ECF)
         Daniel L. Brown (via Electronic Mail)

898395_1

# EXHIBIT 1

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:05-md-1720(JG)(JO) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Settlement Recovery Group, c/o Neil S. Binder, Binder & Schwartz,
28 West 44th Street, 6th Floor, New York, NY 10036

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule A.

| Place: Robbins Geller Rudman & Dowd LLP 30 Vesey Street, Suite 200 New York, NY 10007 | Date and Time: 12/20/2013 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
_____ , who issues or requests this subpoena, are:

Alexandra S.Bernay, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101
email: XanB@rgrdlaw.com; phone: (619) 231-1058

### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:05-md-1720(JG)(JO)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                        *Server's signature*

                                              _____
                                                        *Printed name and title*

                                              _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**
**(Settlement Recovery Group, LLC)**

**I.**   **DOCUMENTS RELATING TO THE AGREEMENT BETWEEN SETTLEMENT RECOVERY GROUP, LLC AND PREMIER ENTERPRISES GROUP**

1.     All documents relating to communications between Settlement Recovery Group, LLC ("SRG") and Premier Enterprises Group ("Premier") regarding the negotiation of the referral agreement between Premier and SRG.

2.     All documents relating to subsequent communications between Premier and SRG, including registers of merchants who signed up for SRG's claims filing services through Premier, documents demonstrating the process for making and returning merchant calls and scripts that SRG provided to Premier or reviewed from Premier.

3.     All documents relating to communications between Premier and SRG related to any business relationship in relation to *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-1720 (JG)(JO) (E.D.N.Y.) or any other litigation.

4.     Documents reflecting any instructions or training received by any persons working for or on behalf of SRG regarding solicitation of class members.

5.     Documents reflecting the identity and nature of employment of all employees of Premier who contacted putative merchant class members, including "Mark," "Ryan" and "Seth."

6.     Documents regarding the calls made to putative class member merchants including the number of calls, call records detailing the origination location and identity of the recipients of the calls and recordings of calls between employees of Premier and putative class members.

7.     Data regarding the number of merchants that received communications from Premier, including website hit data and mailing lists.

898429_1

8.  Documents sufficient to show the owner of the Premier website.

## II.  DOCUMENTS RELATING TO SRG'S OTHER COMMUNICATIONS WITH CLASS MEMBERS

1.  All contracts or agreements with any third-party companies who refer merchants to SRG (other than Premier) for the filing of claims in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-1720 (JG)(JO) (E.D.N.Y.).

2.  Documents related to any agreement with the company Matrix Payments Systems, including documents showing the nature of the relationship and materials exchanged between the companies.

3.  Documents sufficient to show the type of solicitations that SRG created to market to the putative class, including documents demonstrating the process for making and returning merchant calls and scripts used by third parties or used by SRG as well as any mailings or other methods through which SRG signs up merchants for its services.

4.  Registers of merchants who have signed up with SRG for the processing of merchant claims in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-1720 (JG)(JO) (E.D.N.Y.).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Eastern District of New York

| | | |
|---|---|---|
| In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 1:05-md-1720(JG)(JO) |
| | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Settlement Recovery Group, LLC, c/o Neil S. Binder, Binder & Schwartz LLP

28 West 44th Street, 6th Floor New York, NY 10036

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached Schedule A.

| Place: Robbins Geller Rudman & Dowd LLP<br>30 Vesey Street, Suite 200<br>New York, NY 10007 | Date and Time:<br><br>12/20/2013 9:00 am |
|---|---|
| The deposition will be recorded by this method: | |

☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Plaintiffs
_____, who issues or requests this subpoena, are:

Alexandra S.Bernay, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101
email: XanB@rgrdlaw.com; phone: (619) 231-1058

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:05-md-1720(JG)(JO)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

   ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

   ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

                     _____
                                          *Server's signature*

                     _____
                                          *Printed name and title*

                     _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**
**(Settlement Recovery Group, LLC)**

## I.    DEPOSITION TOPICS

1.    Settlement Recovery Group, LLC's ("SRG") negotiation of any and all contracts for the referral of claims filing with Premier Enterprises Group ("Premier") and other third-party referral companies.

2.    SRG's involvement in the creation of any materials used by third-party referrers of clients, including websites, scripts and FAQs.

3.    The identity of all persons employed by SRG or a partner of SRG who had any role in any solicitation of any class members for claims filing services.

4.    Information related to the sharing of any information between Premier and SRG concerning the case *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-1720 (JG)(JO) (E.D.N.Y.) or other litigation.

5.    Information regarding any other business relationships between SRG and any party regarding the case *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-1720 (JG)(JO) (E.D.N.Y.).

6.    SRG's solicitations and other communications with members of the putative class that relate to *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-1720 (JG)(JO) (E.D.N.Y.).

7.    The circumstances surrounding the termination of Premier's contract with SRG.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of California

In re Payment Card Interchange Fee and Merchant
Discount Antitrust Litigation

|   |   |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:05-md-1720(JG)(JO) |
|   | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Lane Courkamp, Premier Enterprises Group, c/o Daniel S. Brown, Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza, New York, New York 10112

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Robbins Geller Rudman & Dowd LLP | Date and Time: |
|---|---|
| 655 West Broadway, Suite 1900 San Diego, CA 92101 | December 20, 2013 9:00 a.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|   |   |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
_____ , who issues or requests this subpoena, are:
Alexandra S.Bernay, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101
email: XanB@rgrdlaw.com; phone: (619) 231-1058

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:05-md-1720(JG)(JO)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A
### (Premier Enterprises Group)

**I. DOCUMENTS RELATING TO THE AGREEMENT BETWEEN SETTLEMENT RECOVERY GROUP, LLC AND PREMIER ENTERPRISES GROUP**

1. All documents relating to communications between Premier Enterprises Group ("Premier") and Settlement Recovery Group, LLC ("SRG") regarding the negotiation of the referral agreement between Premier and SRG.

2. All documents concerning communications between Premier and SRG related to any business dealings regarding *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-1720 (JG)(JO) (E.D.N.Y.) or any other litigation.

3. All documents relating to any business relationships between Premier and any other entity regarding *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-1720 (JG)(JO) (E.D.N.Y.).

4. All documents relating to communications between Premier and SRG, including registers of merchants who signed up for SRG's claims filing services through Premier, documents demonstrating the process for making and returning merchant calls and scripts that were used in making such solicitations via any means including telephone solicitation, mailings and the use of the website www.merchantclaims.com.

5. Documents reflecting the identity of and contracts of employment of all employees of Premier including "Mark," "Ryan" and "Seth" who contacted or were contacted by putative merchant class members.

6. Documents reflecting any instructions or training received by any persons working for or on behalf of Premier regarding solicitation of class.

7.     Documents regarding the calls made to putative class member merchants including the number of calls made, call records detailing the origination location and identity of the recipients of the calls and all recordings of calls between employees of Premier and putative class members.

8.     Data regarding the number of merchants that received communications from Premier, including website hit data from the website www.merchantclaims.com.

9.     Documents sufficient to show the owner of the Premier website.

10.    Documents reflecting the source of identifying information for merchants with whom Premier contacted.

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of California

| In re Payment Card interchange Fee and Merchant Discount Antitrust Litigation | ) |
|---|---|
| _Plaintiff_ | ) |
| v. | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.   1:05-md-1720(JG)(JO)

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Lane Courkamp, Premier Enterprises Group, c/o Daniel S. Brown, Sheppard, Mullin, Richter & Hampton LLP 30 Rockefeller Plaza, New York, NY 10012

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached Schedule A.

| Place: Robbins Geller Rudman & Dowd LLP 655 West Broadway, Suite 1900 San Diego, CA 92101 | Date and Time: 12/20/2013 9:00 am |
|---|---|

The deposition will be recorded by this method: _____

☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  |  |  |
|---|---|---|
| _CLERK OF COURT_ | OR | |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ ___Plaintiffs___ _____ , who issues or requests this subpoena, are:

Alexandra S.Bernay, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 email: XanB@rgrdlaw.com; phone: (619) 231-1058

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:05-md-1720(JG)(JO)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:12-md-02323-AB Document 8348-3 Filed 08/30/17 Page 22 of 28
Case 1:05-md-01720-MKB-JO Document 8348-3 Filed 12/08/18 Page 84 of 94 PageID #:
71255

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition*.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery*.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions*.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection*.**
  **(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena*.**
  **(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information*.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection*.**
  **(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A
### (Premier Enterprises Group)

### I.    DEPOSITION TOPICS

1.    Premier Enterprises Group's ("Premier") negotiation of any and all contracts related to the referral of merchants for claims filing services provided by Settlement Recovery Group, LLC ("SRG").

2.    Premier's role in the creation of any materials used to solicit class members to sign up for claims-filing services with SRG, including websites, scripts and FAQs.

3.    Information related to the sharing of any information between Premier and SRG concerning the case *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-1720 (JG)(JO) (E.D.N.Y.).

4.    The identity of all persons employed by Premier who had any role in any solicitation of any class members for claims filing services.

5.    Information regarding whether Premier has any other business relationships with any party regarding the case *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-1720 (JG)(JO) (E.D.N.Y.).

6.    The circumstances surrounding the termination of Premier's contract with SRG.

898417_1

EXHIBIT 2

**From:** Neil Binder [mailto:nbinder@binderschwartz.com]
**Sent:** Friday, November 29, 2013 6:48 AM
**To:** Xan Bernay
**Cc:** Daniel Clark
**Subject:** In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation, MDL No. 1720 (E.D.N.Y.)

Xan,

I just saw the attached letter did not get sent Wednesday.  I apologize for the delay.

Regards,

Neil

**Neil S. Binder**
Binder & Schwartz LLP
28 West 44th Street, 6th Floor
New York, NY 10036
Tel: 347.334.5081
Cell: 917.946.5245
Fax: 347.772.3072
email: nbinder@binderschwartz.com

binderschwartz.com



Neil S. Binder
**Binder & Schwartz LLP**
28 West 44th Street, 6th Floor, New York, NY 10036
Tel 347.334.5081  Fax 347.772.3072
nbinder@binderschwartz.com

November 27, 2013

**Via Email**

Alexandra S. Bernay, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

      Re:    *In re Payment Card Interchange Fee and Merchant Discount Antitrust Lit.*,
             No. 1:05-MD-1720-(JG)(JO)

Dear Ms. Bernay:

      As ordered by the Court on November 25, 2013, I write to provide you with a description of contacts between Settlement Recovery Group ("SRG") and Premier Enterprises Group ("Premier") relating in any way to this case.  Please note that although this information reflects SRG's best understanding of such contacts, it has been gathered in the short time since the Court's order and thus may be incomplete.

      The contacts between SRG and Premier began in June 2013.  Premier was referred to SRG as an Independent Sales Organization with merchant clients and contacts who might be interested in the use of SRG's services.  Mr. Rosenberg of SRG had email communications and calls with Lane Courkamp of Premier to negotiate the terms of the referral agreement between Premier and SRG and to set up the mechanics by which Premier would deliver to SRG executed claims filing agreements acquired by Premier through its solicitation efforts.  During this process, SRG provided Mr. Courkamp with answers to typical questions from merchants.  Mr. Rosenberg also communicated with Mr. Courkamp and his staff to confirm the receipt of executed agreements and verify merchant information.

      In addition, Mr. Rosenberg had contact with Mr. Courkamp to renegotiate the terms of the referral agreement to provide Premier with additional value.  SRG and Premier also communicated in relation to the matters currently before the Court and the termination of the SRG-Premier agreement.

                  Sincerely,

                  /s/ Neil S. Binder

                  Neil S. Binder

# EXHIBIT 3

**DATE**

**NAME**
**ADDRESS**
**CITY, STATE ZIP**

   Re: *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
     No. 1:05-MD-1720-(JG)(JO) (E.D.N.Y.)

Dear **NAME**:

   On **DATE**, you filled out a Claims Recovery Agreement Authorization Form, authorizing
Settlement Recovery Group, LLC ("SRG") to file a claim on your behalf in the case entitled *In
re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-MD-
1720-(JG)(JO) (E.D.N.Y.), a case about certain fees paid by merchants who accept Visa and
MasterCard, with SRG receiving 35% of the face value of any claim you would receive should a
settlement be approved.

   The Court overseeing the proposed settlement in the case has determined that the
communications were misleading and did not appropriately apprise class members of their
options with respect to the settlement.  Specifically, the Court found that communications may
have confused or misled merchants into believing they were required to sign up with our
company in order to collect cash benefits from the proposed settlement. This is not the case.

   Because of this, the Court has ordered all contracts with SRG to be voided and your
contract with SRG is terminated and no longer in force.  Accordingly, SRG will not file your
claim on your behalf.

   The Court has not yet approved a settlement.  If the Court does approve a settlement, you
will receive a claim form from the Class Administrator.  In order to participate in the settlement,
you must submit a claim form.  The Court-Appointed Class Administrator and Class Counsel can
assist class members with claims filing at no cost and you are not required to use SRG, or any
third party, to file your claim.  Information is available at www.paymentcardsettlement.com.

   If you choose to reinstate your contract with SRG, please either send an email to EMAIL
or call PHONE or write to XXX.  Please include your business legal name and contact
information.

       Very truly yours,

       **NAME**