# Exhibit A

# MONTGOMERY McCRACKEN
ATTORNEYS AT LAW

**Richard L. Scheff**
Executive Chairman
Admitted in: Pennsylvania, New York & Massachusetts

123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109
Tel: 215-772-1500

Direct Dial: 215-772-7502
Fax: 215-731-3922
Email: rscheff@mmwr.com

May 17, 2017

**By Email**
Christopher A. Seeger, Esq.
Seeger Weiss LLP
77 Water Street
New York, NY 10005

Re:   In re: National Football League Players' Concussion Injury Litigation
      No. 2:12-md-02323-AB
      NFL Case Consulting, LLC and Jim McCabe

Dear Chris:

This letter addresses issues raised in Co-Lead Class Counsel's May 12, 2017 status update letter (ECF No. 7625). That letter states that Co-Lead Class Counsel intends to file a second motion for injunctive relief on or before May 19, 2017 seeking: (1) to enjoin our client from making any misrepresentations to Class Members; (2) require our client to produce a list of Class Members who have contracted with our clients as well as a list of those Class Members' attorneys; and (3) permission to contact each Class Member that has contracted with our clients – notwithstanding that most are represented by counsel – with an ultimate goal of voiding a Class Member's contract with our client if the Class Member so desires. We write again seeking to reach an amicable solution without burdening the Court with expensive and time-consuming litigation. To that end, we would like to schedule a call with you l tomorrow morning at 9:30 AM..

As you are well aware, Case Strategies Group ("CSG")[1]  has already addressed the issues to be raised in your proposed motion. Indeed, correspondence to date and CSG's recent status report, (ECF No. 7624), makes clear that CSG's marketing materials, websites, and contracts do not contain any misrepresentations regarding the services provided to Class Members. And, given the disclosures and affirmative opt-in procedures detailed in our May 10, 2017 letter, CSG has already ensured that any Class Member who does not wish to continue receiving its services can void their contract with no penalty – in fact, each Class Member will see its contract with CSG voided *unless* it affirmatively opts in to remain a party to the contract. Further, CSG is not

---

[1] In this letter we refer to NFL Case Consulting, LLC by its new name, Case Strategies Group.

Montgomery McCracken Walker & Rhoads LLP

TerriAnne Benedetto, Esq.
May 17, 2017
Page 2

actively marketing its services to Class Members beyond its website, and no new contracts are being executed between CSG and Class Members. Given CSG's considerable efforts, it is our belief that any motion from Co-Lead Class Counsel seeking prospective injunctive relief is redundant, without merit, and we continue to have difficulty understanding your purpose in filing it.

To a point raised in your Status report, it is simply untrue that a Class Member's retention of CSG and an attorney "could possibly reduce [the] Class Member's monetary award by almost half." Rather than engage in unsupported and incorrect speculation as to what Class Members may have agreed to in their contracts with CSG, Co-Lead Class Counsel must be prepared to address the facts, none of which support filing a new motion. To that end, CSG has authorized us to share the following information regarding the law firms recommended to Class Members by CSG.

CSG currently recommends seven law firms to Class Members who request information regarding legal representation: (1) Reich & Binstock, LLP; (2) Jesse Dean-Kluger, P.A.; (3) The Law Offices of Ronald T. Bevans; (4) McCall | Atten International, P.A.; (5) Farrell & Patel, Attorneys at Law; (6) McMullin & Associates; and (7) Dutton Law Group. Each law firm has a contingent fee agreement with a Class Member that ranges between 8% and 10%, and each Class Member has full control over the selection of his counsel. Together with the contingent fee agreement between CSG and Class Members ranging from between 8% and 15%, no Class Member has contracted for more than a 25% contingency fee in total, and many Class Members have contracted at much lower rates. Even a cursory review of the attorney liens filed on the public docket shows that these contingent fee agreements, even in tandem, are well within the range of reasonable fees charged by firms representing Class Members in this litigation.

CSG has already begun providing the verbal and written disclosures to Class Members described in the May 10, 2017 letter, and 55 Class Members have returned a signed opt-in form to continue receiving services from CSG with another 63 confirming their intent to do so in the near future. Of the 118 Class Members who have signaled their intent to continue retaining CSG, all but 13 are represented by counsel. Any Class Member who does not affirmatively represent that they wish to continue to retain CSG before tomorrow, May 18, 2017, will receive a cancellation notice via certified mail. All 118 Class Members who wish to continue to retain CSG, however, have stated to CSG that they do not wish to have their identities disclosed to Co-Lead Class Counsel.

Given that 105 of CSG's clients are currently represented by counsel, and 118 have affirmatively stated that they do not wish to have their identities provided to Co-Lead Class Counsel, CSG cannot disclose the identity of Class Members who have contracted with CSG. Further, given that the overwhelming majority of CSG's clients are represented by counsel, Co-Lead Class Counsel's unsolicited contact of a represented party could represent a serious violation of the Rules of Professional Conduct governing contact with represented parties. We therefore suggest that Co-Lead Class Counsel contact a Class Member's attorney should Co-Lead Class Counsel wish to discuss any specific matter.

Montgomery McCracken Walker & Rhoads LLP

TerriAnne Benedetto, Esq.
May 17, 2017
Page 3

      We make these disclosures to you in an effort to avoid costly and wasteful litigation. There is no issue raised by Co-Lead Class Counsel that has not been addressed fully and completely by CSG. No Class Members have been misled as to CSG's services. CSG does not make any misrepresentations to Class Members. And, importantly, the affirmative opt-in procedure provides for the identical remedy sought by Co-Lead Class Counsel. As such, CSG has gone far beyond what is required under the law and what Co-Lead Class Counsel has requested. Indeed, the only relief that Co-Lead Class Counsel's new motion seeks that has not already been provided is a list of CSG's clients – none of whom wish to be contacted by Co-Lead Class Counsel – and permission from the Court to contact those Class Members notwithstanding the Rules of Professional Conduct.

      As officers of the Court, Co-Lead Class Counsel have an obligation to present the full and complete facts to the Court in any filing – including those facts which demonstrate CSG's affirmative steps to address all concerns of Co-Lead Class Counsel over the past six weeks.[2] Given these facts, we believe any motion by Co-Lead Class Counsel to be wholly without merit. Under these circumstances, we request that you not file a further motion for injunctive relief and, instead, that we jointly notify the Court that this dispute has been resolved amicably.

      As we stated previously, we are hopeful that, together with these disclosures, a conference call tomorrow morning can fully and completely resolve these issues. To that end, please advise us whether you are available at 9:30 am tomorrow, May 18th, for such a call.

                                  Very truly yours,

                                  /s/ Richard L. Scheff
                                  Richard L. Scheff

cc:    TerriAnne Benedetto, Esq. (via e-mail)
        Sol Weiss, Esq. (via e-mail)

---

[2] We also caution Co-Lead Class Counsel against including anonymous and unfounded allegations in any new motion filed with the Court. Such statements are clearly inadmissible hearsay, cannot be authenticated, and, as we have repeatedly informed Co-Lead Class Counsel, are wholly unfounded. We cannot stress enough the damage your inclusion of false and misleading anonymous statements have caused to employees of CSG.