# Exhibit G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE**:**  NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                 Plaintiffs,<br><br>           v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                             Defendants. | CIVIL ACTION NO:  14-cv-0029 |

## RESPONSES TO CLASS COUNSEL INTERROGATORY REQUESTS PROPOUNDED TO MCCALL | ATTEN, INTERNATIONAL, P.A.

Pursuant to the Court's Order dated July 19th, 2017 (ECF No. 8037), MCCALL |

ATTEN, INTERNATIONAL., P.A. hereby responds to Co-Lead Counsel's Request for

Interrogatories, dated July 28th, 2017 as follows:

## Interrogatory No. 1

Identify every Retired NFL Football Player with whom You have entered into any agreement related in any way to the Settlement and state the nature of each agreement into which You entered with each Retired NFL Football Player.  Include the date that each agreement was signed by the Retired NFL Football Player or on his behalf, the fee arrangement (i.e., the contingent fee percentage or other monies You are to be paid) and, if applicable, the date on which the Retried Football Player discharged You.  Additionally, to the extent that any Retired NFL Football Player entering into an agreement with You, also entered into an agreement(s) with a third party in connection with the Settlement, whether You were directly involved in that agreement or not, identify that third party (including, but not limited to, Case Strategies Group (formerly known as

NFL Case Consulting, LLC)("CSG"), other claims services providers, lenders or others), the nature of that agreement, the fee arrangement thereunder and the date on which that agreement was signed by the Retired NFL Football Player or on his behalf.  In lieu of responding to this Interrogatory, you may produce to the undersigned copies of all agreements concerning which information is requested.

ANSWER:     Objection, over-broad, attorney client privilege.  To the extent the named Retired Players entered into agreements with Case Strategies Group or any other entity, McCall Atten is unaware of the nature of any agreements and were not a party to those agreements.  McCall Atten objects to the extent this interrogatory seeks confidential information of its clients.  Subject to and without waiving the objection, attached are redacted copies of the retainer agreements executed by all clients that are the subject of this interrogatory.

## Interrogatory No. 2

Identify every Retired NFL Football Player referred for, sent to, or scheduled for any type of Medical Services, by You, anyone working on Your behalf, or working in conjunction with You in any way, and the date(s) the Medical Services were rendered and the name and location of the medical provider who rendered these Medical Services.

ANSWER:     None.

## Interrogatory No. 3

Identify every Retired NFL Football Player for who You, or anyone working on Your behalf, or working in conjunction with You in any way, have been involved in the payment, directly or through others, for a Retired NFL Football Player's travel and related expenses (whether on a non-recourse or recourse basis) in connection with obtaining any Medical Services to assist the Retired NFL Football Player in any way in participating in the Settlement.

ANSWER:     None.

## Interrogatory No. 4

Identify every individual and entity with whom You, anyone working on Your behalf, or working in conjunction with You in any way, have worked or Communicated in connection with any Retired NFL Football Player's obtaining any Medical Services to assist the Retired NFL Football Player in any way participating in the Settlement, including, but not limited to, medical providers, claims services providers, lenders or others.  For each such individual and/or entity, explain the details of the relationship and identify each Retired NFL Football Player involved.

ANSWER:    Objection, work-product, attorney-client privilege.  This interrogatory seeks to obtain the mental impressions of counsel and privileged communications with persons counsel may have consulted with for the benefit of his client's claim.  Subject to and without waiving said objection, none.

## Interrogatory No. 5

Identify every individual and entity, including, but not limited to CSG, with whom You, anyone working on Your behalf, or working in conjunction with You in any way, have any financial relationship or understanding, whether recourse or non-recourse, whether in writing or verbal, related to any Retired NFL Football Player's participation in the Settlement.  For each such individual and entity, explain the details of the relationship and identify each Retired NFL Football Player involved. Identify any document related to the relationship.

ANSWER:    Objection, attorney-client privilege.   This Interrogatory seeks privileged communications between attorney and client, to the extent they exist. McCall Atten has no knowledge of contracts with CSG or any other entity, relating to the terms of any contract, retainer or nature of any relationship.  The circumstances surrounding any contractual relationship with CSG or any other entity are solely between the Retired NFL Football Player and the other party to which McCall Atten has no knowledge of.

## Interrogatory No. 6

Identify every individual and entity from whom You have obtained the contact information for any Retired NFL Football Player, including their home or cellular telephone numbers, home or business address, and email addresses.

ANSWER:    CSG provided Retired NFL Football Players' telephone numbers

**Interrogatory 7**

Identify every individual and entity to whom You have provided any contact information for any Retired NFL Football Player.


ANSWER:     None.


**Interrogatory No. 8**

Identify every person or entity with whom You have entered into any agreement, whether written or verbal, related to the Settlement, including but not limited to the referral of Retired NFL Football Players for legal representation, Settlement benefits claims services, Medical Services, or any other services or provisions of monies, related to the Settlement, or the suggestion to Retired NFL Football Players that they contact individuals or entities in connection with the provision of any representation, services or monies related to the Settlement, and state the nature of each agreement.


ANSWER:     Objection, attorney-client privilege.  Subject to and without waiving said objection, none.


**Interrogatory No. 9**

Identify every individual and entity with whom You, anyone working on Your behalf, or working in conjunction with You in any way, Communicated related to the Solicitation of Retired NFL Football Players.


ANSWER:     None.


*/s/Joey M. McCall, Esq.*
**Joey M. McCall, Esq.**
**McCall | Atten, International, P.A.**
One Alhambra Plaza, PH Floor
Coral Gables, FL 33134
Office: 786-749-2218
Facsimile: 786-749-2201
Joey@McCallAtten.com



Dear Client:

Thank you for selecting McCall|Atten (the "Firm") to provide legal services to you ("Client") to recover any and all monetary damages through the pursuit of your claim in the NFL Concussion Claims Settlement Facility.

The purpose of this letter is to set forth the terms upon which we understand you intend for us to proceed. Although this letter is somewhat lengthy, it is better for both attorney and client to address matters up front in order to minimize the likelihood of subsequent misunderstandings or disagreement.

## 1.      Scope of Services ▮▮▮▮

Client has engaged the Firm to represent it in connection with providing legal services reasonably related to the recovery of economic and non-economic damages resulting from the NFL Players' Concussion Injury Litigation ("NFL PCIL"), MDL 2323.

This engagement letter does not engage us to undertake any matter not described above. For example, this engagement letter does not include: representing Client in any formal legal actions commenced by the filing of a separate complaint, any appeals related to litigation against Client, any workman's compensation claims, unemployment claims, or any other representation of any affiliates, subsidiaries, or agents of Client.

Any non-legal related services the Client may require or request in connection with the claims process, such as medical costs, Independent Medical Examinations or Opinions, advances for health or palliative care or any other non-legal cost or service shall not be within the Firm's Scope of Services and shall not be provided for or paid in advance by the Firm.

## 2.      Conflicts of Interest (▮▮▮▮

As we have discussed, there are currently no conflicts of interest that are raised by your request that we undertake this matter. However, should any conflicts of interest become known to us throughout the course of our providing legal representation, said conflicts will be addressed in another letter. Please note that in the event of any conflicts of interest that may arise, we may not be able to continue with this representation if we do not receive signed waivers back from all parties whose consent is required.

3.      **Firm Personnel** ████

Joey M. McCall, Esq ("Managing Partner") will be primarily responsible for the supervision of Client's matter, but Client is engaging the Firm as a, whole and not Managing Partner individually. As and when necessary, Managing Partner will draw upon the skill and expertise of other partners and associates within the Firm and utilize paralegal and/or administrative staff to handle administrative tasks. If necessary to retain counsel in a jurisdiction in which the Firm does not practice, Firm will retain counsel in the necessary jurisdiction.

4.      **Legal Fees (**████**)**

The Firm will represent Client on a Contingency Fee basis with no retainer or other money due in advance from the Client. In consideration for the Firm's services, **the Firm shall and is entitled to receive and/or recover a 10% fee of any and all funds recovered from the** *NFL PCIL, MDL 2323 Settlement for Client.* The Firm's fee will be deemed earned upon the initiation of its pursuit for recovery on behalf of the Client from the *NFL PCIL, MDL 2323.* A subsequent fee agreement will be necessary for recovery outside of settlement and will be taken on a case by case basis with both the Firm's and Client's express written consent.

Under the *NFL PCIL, MDL 2323 Settlement,* Co-Lead Class Counsel may request payment of up to five percent (5%) of the benefits due to you (the "Set Aside"). If such a request is made, the Court must first approve the Co-Lead Class Counsel's request before payment of any percentage of the benefits to which you may be entitled. The Firm, at its sole discretion, may oppose such request for a Set Aside. If, however, the Court authorizes a Set Aside, Client specifically and expressly agree in advance the total amount of the Firm's contingency fee shall increase by the same amount of any future Court Authorized Set Aside so that the Contingent Fee due to the Firm does not fall below the fee arrangement described above and in this section.

5.      **Costs and Disbursements (**████

Client is responsible for payment of all costs, expenses, and disbursements reasonably incurred by the Firm on the Client's behalf. Client expressly acknowledges Firm is not obligated to advance such costs, expenses, and disbursements. Such costs, expenses, and disbursements may include, but are not limited to; photocopy and facsimile charges, long distances telephone calls, travel expenses, and computer research charges. The Firm may, at its sole discretion, advance litigation expenses related to the costs of obtaining medical examinations and reports for use in the Concussion Settlement Claims process, including reasonable travel and stay accommodations. All costs, including those related to medical examination and travel shall be deducted from the client's recovery after application of the fee recoverable to the Firm.

6.      **Trust Account** ████

In the event that our Firm recovers compensation, all payments will be paid to our Firm's trust account first, where they will be then distributed to the Client with a detailed accounting minus the agreed upon attorney's fees and costs, expenses, and disbursements. Funds will be held in our Firm's IOTA trust account and the interest, if any, will be sent to the appropriate and applicable bar foundation.

7.      **No Guarantees of Fees, Costs, or Results** ▮▮▮▮

It is difficult to estimate, in advance, the amount of fees and costs, expenses, or disbursements that we will incur in connection with this matter.  Please note that statement or estimate about this subject that we have given you is just that – an estimate – and not a commitment to a flat or fixed fee.

Similarly, and although we will give you our reasoned judgment and advice at all times, we cannot guarantee any particular outcome of any engagement and thus cannot guarantee that the ultimate outcome will be consistent with the client's wishes.

8.      **Term; Termination and/or Withdrawal** ▮▮▮▮

This agreement is contemplated as continuing for the duration that may be necessary to pursue claims, in relation to the scope of services described in Section 1, which shall commence on the date that this agreement is executed by both parties ("Effective Date").  Thereafter, Client may terminate the attorney-client relationship at any time and for any reason by providing notice to the Firm.  Such a termination does not, however, absolve Client of the responsibility to pay for services or costs, expenses, and disbursements incurred prior to our receipt of notice of termination or incurred subsequent to notice but, in or view, are reasonably necessary to protect Client's interests.  In the event the client chooses to terminate the representation prior to any receipt of *NFL PCIL, MDL 2323 Settlement* funds, the Client shall immediately reimburse the Firm for all costs, expenses and disbursements incurred on behalf of the client including, but not limited to, the costs, expenses or disbursements related to medical examinations and travel to such examinations, plus the fee for the work done on the client's file at the firm's' standard h o u r l y  rate.  The current rates are: Attorneys $400 per hour; paralegals and staff $250 per hour.  Hourly rates are not charged on contingency fee cases unless the case is terminated before all work is completed.  Upon early termination by the Client, Client specifically authorizes and acknowledges the Firm shall be entitled to place a charging lien on any funds to which the Client would be otherwise entitled under the *NFL PCIL, MDL 2323 Settlement.*

To the extent permitted by the applicable rules of professional conduct, we also reserve the right to terminate the attorney-client relationship at any time.  Similarly, and again to the extent permitted by the applicable rules of professional conduct, Client will remain liable for services or costs, expenses, and disbursements incurred prior to our decision to withdraw or incurred subsequent to our decision but, in our view, reasonable necessary to protect Client's interests.

The Firm does not ordinarily undertake to keep clients informed about subsequent developments once the matter in question is at an end.   <u>If you would like the Firm to do so, please provide notification in writing so that an arrangement can be made.</u>

9.      **Arbitration and Fee Disputes** ▮▮▮▮

Any and all fee disputes that the parties are unable to resolve between themselves shall unequivocally be arbitrated in accordance with applicable state or country bar fee arbitration procedures or, if no such procedures exist, in accordance with the commercial arbitration rules of the American Arbitration Association, and any award issued in such arbitration shall be enforceable in any court with jurisdiction.   To the extent permitted by applicable law, the arbitration

proceedings shall be strictly confidential.  Unless otherwise agreed by the parties in writing, venue for any arbitration proceedings shall occur in Miami, Florida.

**10.    Special Arrangements and Third-Party Contracts (**■■■■

You, the Client, may have entered into a special arrangement or contracted a third-party with respect to a contractual debt or repayment arrangement with other individuals or entities who are to be reimbursed out of any benefits payable to you as a result of the Firm's efforts on your behalf and under the *NFL PCIL, MDL 2323 Settlement*. Such individuals' or entities' claims shall and will be the sole responsibility of the Client. Client expressly acknowledges the Firm is not now nor will the Firm agree to be in the future a party to any special arrangements or contract with a third-party with respect to any contractual debt or repayment arrangement with any third party individual or entity. Any individual or entity with such a right to reimbursement shall have absolutely no control in any fashion over the Firm's handling of the legal aspects of the Client's case. The Firm shall not share any part of its Contingent Fee with any such individuals or entities.

**11.    Severability** ■■■■

In case any provision in this Agreement shall be invalid, illegal, or unenforceable, then (to the extent permitted by law) the validity, legality, or enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

**12.    Binding and Entire Agreement** ■■■■

This letter represents the entire agreement between the parties, and no party is relying or entitled to rely on any representation not expressly contained herein.  In addition, no changes to this letter may be made without the express written consent of all the parties hereto.

If this letter reflects your understanding of our relationship, please sign and return the enclosed duplicate copy.  Please note that unless and until we hear from you to the contrary, we will assume that we are entitled to proceed under the terms of this letter.  Consistent with firm policy, however, we reserve the right to delay commencement of work on this matter until you have signed and returned the engagement letter to us.

**13.    Acknowledgement of Prior Provisions** ■■■■

Now that you have read through this document in its entirety, please go back to the beginning of the document and initial next to each provision where space within parenthesis is provided for you to do so.  By initialing on each space allotted, you are confirming that you have ready the provision, understand the provision in its entirety, and have no additional questions regarding the information provided in the provision.

Again, we thank you for your trust in us and look forward to a mutually satisfactory and productive relationship.

Respectfully,

_____
Joey M. McCall, Esq.
Managing Partner
McCall | Atten

By signing this contract, the individual is stating that they are the authorized representative to make agreements, contracts, and claims for the injured party. The authorized representative acts as an agent for the injured party to contract for legal services from the Firm.

Accepted and Agreed to by:

Client Signature:_█████████-_____

Client Name:_███████_____

Date:_███████_____

Client Phone Number(s):_████████_____

Client Email Address(s):_██████████_____



Dear Client:

Thank you for selecting McCall|Atten (the "Firm") to provide legal services to you ("Client") to recover any and all monetary damages through the pursuit of your claim in the NFL Concussion Claims Settlement Facility.

The purpose of this letter is to set forth the terms upon which we understand you intend for us to proceed. Although this letter is somewhat lengthy, it is better for both attorney and client to address matters up front in order to minimize the likelihood of subsequent misunderstandings or disagreement.

## 1.    Scope of Services█████

Client has engaged the Firm to represent it in connection with providing legal services reasonably related to the recovery of economic and non-economic damages resulting from the NFL Players' Concussion Injury Litigation ("NFL PCIL"), MDL 2323.

This engagement letter does not engage us to undertake any matter not described above. For example, this engagement letter does not include: representing Client in any formal legal actions commenced by the filing of a separate complaint, any appeals related to litigation against Client, any workman's compensation claims, unemployment claims, or any other representation of any affiliates, subsidiaries, or agents of Client.

Any non-legal related services the Client may require or request in connection with the claims process, such as medical costs, Independent Medical Examinations or Opinions, advances for health or palliative care or any other non-legal cost or service shall not be within the Firm's Scope of Services and shall not be provided for or paid in advance by the Firm.

## 2.    Conflicts of ████████____)

As we have discussed, there are currently no conflicts of interest that are raised by your request that we undertake this matter. However, should any conflicts of interest become known to us throughout the course of our providing legal representation, said conflicts will be addressed in another letter. Please note that in the event of any conflicts of interest that may arise, we may not be able to continue with this representation if we do not receive signed waivers back from all parties whose consent is required.

**3.      Firm Personne██ ▬**

Joey M. McCall, Esq ("Managing Partner") will be primarily responsible for the supervision of Client's matter, but Client is engaging the Firm as a, whole and not Managing Partner individually. As and when necessary, Managing Partner will draw upon the skill and expertise of other partners and associates within the Firm and utilize paralegal and/or administrative staff to handle administrative tasks. If necessary to retain counsel in a jurisdiction in which the Firm does not practice, Firm will retain counsel in the necessary jurisdiction.

**4.      Legal Fee██**

The Firm will represent Client on a Contingency Fee basis with no retainer or other money due in advance from the Client. In consideration for the Firm's services, **the Firm shall and is entitled to receive and/or recover a 20% fee of any and all funds recovered from the *NFL PCIL, MDL 2323 Settlement for Client.*** The Firm's fee will be deemed earned upon the initiation of its pursuit for recovery on behalf of the Client from the *NFL PCIL, MDL 2323*. A subsequent fee agreement will be necessary for recovery outside of settlement and will be taken on a case by case basis with both the Firm's and Client's express written consent.

Under the *NFL PCIL, MDL 2323 Settlement,* Co-Lead Class Counsel may request payment of up to five percent (5%) of the benefits due to you (the "Set Aside"). If such a request is made, the Court must first approve the Co-Lead Class Counsel's request before payment of any percentage of the benefits to which you may be entitled.  The Firm, at its sole discretion, may oppose such request for a Set Aside. If, however, the Court authorizes a Set Aside, Client specifically and expressly agree in advance the total amount of the Firm's contingency fee shall increase by the same amount of any future Court Authorized Set Aside so that the Contingent Fee due to the Firm does not fall below the fee arrangement described above and in this section.

**5.      Costs and Disbursements██**

Client is responsible for payment of all costs, expenses, and disbursements reasonably incurred by the Firm on the Client's behalf. Client expressly acknowledges Firm is not obligated to advance such costs, expenses, and disbursements.  Such costs, expenses, and disbursements may include, but are not limited to; photocopy and facsimile charges, long distances telephone calls, travel expenses, and computer research charges. The Firm may, at its sole discretion, advance litigation expenses related to the costs of obtaining medical examinations and reports for use in the Concussion Settlement Claims process, including reasonable travel and stay accommodations. All costs, including those related to medical examination and travel shall be deducted from the client's recovery after application of the fee recoverable to the Firm.

**6.      Trust Account██**

In the event that our Firm recovers compensation, all payments will be paid to our Firm's trust account first, where they will be then distributed to the Client with a detailed accounting minus the agreed upon attorney's fees and costs, expenses, and disbursements. Funds will be held in our Firm's IOTA trust account and the interest, if any, will be sent to the appropriate and applicable bar foundation.

**7.        No Guarantees of Fees, Costs, or Result█████**

It is difficult to estimate, in advance, the amount of fees and costs, expenses, or disbursements that we will incur in connection with this matter.  Please note that statement or estimate about this subject that we have given you is just that – an estimate – and not a commitment to a flat or fixed fee.

Similarly, and although we will give you our reasoned judgment and advice at all times, we cannot guarantee any particular outcome of any engagement and thus cannot guarantee that the ultimate outcome will be consistent with the client's wishes.

**8.        Term; Termination and/or Withdrawa█████**

This agreement is contemplated as continuing for the duration that may be necessary to pursue claims, in relation to the scope of services described in Section 1, which shall commence on the date that this agreement is executed by both parties ("Effective Date").  Thereafter, Client may terminate the attorney-client relationship at any time and for any reason by providing notice to the Firm.  Such a termination does not, however, absolve Client of the responsibility to pay for services or costs, expenses, and disbursements incurred prior to our receipt of notice of termination or incurred subsequent to notice but, in or view, are reasonably necessary to protect Client's interests.  In the event the client chooses to terminate the representation prior to any receipt of *NFL PCIL, MDL 2323 Settlement* funds, the Client shall immediately reimburse the Firm for all costs, expenses and disbursements incurred on behalf of the client including, but not limited to, the costs, expenses or disbursements related to medical examinations and travel to such examinations, plus the fee for the work done on the client's file at the firm's' standard h o u r l y  rate. The current rates are: Attorneys $400 per hour; paralegals and staff $250 per hour. Hourly rates are not charged on contingency fee cases unless the case is terminated before all work is completed. Upon early termination by the Client, Client specifically authorizes and acknowledges the Firm shall be entitled to place a charging lien on any funds to which the Client would be otherwise entitled under the *NFL PCIL, MDL 2323 Settlement.*

To the extent permitted by the applicable rules of professional conduct, we also reserve the right to terminate the attorney-client relationship at any time.  Similarly, and again to the extent permitted by the applicable rules of professional conduct, Client will remain liable for services or costs, expenses, and disbursements incurred prior to our decision to withdraw or incurred subsequent to our decision but, in our view, reasonable necessary to protect Client's interests.

The Firm does not ordinarily undertake to keep clients informed about subsequent developments once the matter in question is at an end.   If you would like the Firm to do so, please provide notification in writing so that an arrangement can be made.

**9.        Arbitration and Fee Disputes█████**

Any and all fee disputes that the parties are unable to resolve between themselves shall unequivocally be arbitrated in accordance with applicable state or country bar fee arbitration procedures or, if no such procedures exist, in accordance with the commercial arbitration rules of the American Arbitration Association, and any award issued in such arbitration shall be enforceable in any court with jurisdiction.   To the extent permitted by applicable law, the arbitration

proceedings shall be strictly confidential.  Unless otherwise agreed by the parties in writing, venue for any arbitration proceedings shall occur in Miami, Florida.

**10.    Special Arrangements and Third-Party Contracts** ████

You, the Client, may have entered into a special arrangement or contracted a third-party with respect to a contractual debt or repayment arrangement with other individuals or entities who are to be reimbursed out of any benefits payable to you as a result of the Firm's efforts on your behalf and under the *NFL PCIL, MDL 2323 Settlement*. Such individuals' or entities' claims shall and will be the sole responsibility of the Client. Client expressly acknowledges the Firm is not now nor will the Firm agree to be in the future a party to any special arrangements or contract with a third-party with respect to any contractual debt or repayment arrangement with any third party individual or entity. Any individual or entity with such a right to reimbursement shall have absolutely no control in any fashion over the Firm's handling of the legal aspects of the Client's case. The Firm shall not share any part of its Contingent Fee with any such individuals or entities.

**11.    Severability** ████

In case any provision in this Agreement shall be invalid, illegal, or unenforceable, then (to the extent permitted by law) the validity, legality, or enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

**12.    Binding and Entire Agreement** ████

This letter represents the entire agreement between the parties, and no party is relying or entitled to rely on any representation not expressly contained herein.  In addition, no changes to this letter may be made without the express written consent of all the parties hereto.

If this letter reflects your understanding of our relationship, please sign and return the enclosed duplicate copy.  Please note that unless and until we hear from you to the contrary, we will assume that we are entitled to proceed under the terms of this letter.  Consistent with firm policy, however, we reserve the right to delay commencement of work on this matter until you have signed and returned the engagement letter to us.

**13.    Acknowledgement of Prior Provision** ████

Now that you have read through this document in its entirety, please go back to the beginning of the document and initial next to each provision where space within parenthesis is provided for you to do so.  By initialing on each space allotted, you are confirming that you have ready the provision, understand the provision in its entirety, and have no additional questions regarding the information provided in the provision.

Again, we thank you for your trust in us and look forward to a mutually satisfactory and productive relationship.

Respectfully,

_____
Joey M. McCall, Esq.
Managing Partner
McCall | Atten

By signing this contract, the individual is stating that they are the authorized representative to make agreements, contracts, and claims for the injured party. The authorized representative acts as an agent for the injured party to contract for legal services from the Firm.

Accepted and Agreed to b█

Client Signature:_____ █████_____

Client Name:█████████_____

Date:██████ _____

Client Phone Number(s):████████_____

Client Email Address(██████████████ █████████████████



Dear Client:

Thank you for selecting McCall|Atten (the "Firm") to provide legal services to you ("Client") to recover any and all monetary damages through the pursuit of your claim in the NFL Concussion Claims Settlement Facility.

The purpose of this letter is to set forth the terms upon which we understand you intend for us to proceed.  Although this letter is somewhat lengthy, it is better for both attorney and client to address matters up front in order to minimize the likelihood of subsequent misunderstandings or disagreement.

## 1.    Scope of Services (█ __)

Client has engaged the Firm to represent it in connection with providing legal services reasonably related to the recovery of economic and non-economic damages resulting from the NFL Players' Concussion Injury Litigation ("NFL PCIL"), MDL 2323.

This engagement letter does not engage us to undertake any matter not described above. For example, this engagement letter does not include: representing Client in any formal legal actions commenced by the filing of a separate complaint, any appeals related to litigation against Client, any workman's compensation claims, unemployment claims, or any other representation of any affiliates, subsidiaries, or agents of Client.

Any non-legal related services the Client may require or request in connection with the claims process, such as medical costs, Independent Medical Examinations or Opinions, advances for health or palliative care or any other non-legal cost or service shall not be within the Firm's Scope of Services and shall not be provided for or paid in advance by the Firm.

## 2.    Conflicts of Interest (█ __)

As we have discussed, there are currently no conflicts of interest that are raised by your request that we undertake this matter.  However, should any conflicts of interest become known to us throughout the course of our providing legal representation, said conflicts will be addressed in another letter.  Please note that in the event of any conflicts of interest that may arise, we may not be able to continue with this representation if we do not receive signed waivers back from all parties whose consent is required.

3.    **Firm Personnel (■__)**

Joey M. McCall, Esq ("Managing Partner") will be primarily responsible for the supervision of Client's matter, but Client is engaging the Firm as a, whole and not Managing Partner individually. As and when necessary, Managing Partner will draw upon the skill and expertise of other partners and associates within the Firm and utilize paralegal and/or administrative staff to handle administrative tasks. If necessary to retain counsel in a jurisdiction in which the Firm does not practice, Firm will retain counsel in the necessary jurisdiction.

4.    **Legal Fees (■__)**

The Firm will represent Client on a Contingency Fee basis with no retainer or other money due in advance from the Client. In consideration for the Firm's services, **the Firm shall and is entitled to receive and/or recover a 10% fee of any and all funds recovered from the *NFL PCIL, MDL 2323 Settlement for Client*.** The Firm's fee will be deemed earned upon the initiation of its pursuit for recovery on behalf of the Client from the *NFL PCIL, MDL 2323*. A subsequent fee agreement will be necessary for recovery outside of settlement and will be taken on a case by case basis with both the Firm's and Client's express written consent.

Under the *NFL PCIL, MDL 2323 Settlement,* Co-Lead Class Counsel may request payment of up to five percent (5%) of the benefits due to you (the "Set Aside"). If such a request is made, the Court must first approve the Co-Lead Class Counsel's request before payment of any percentage of the benefits to which you may be entitled.  The Firm, at its sole discretion, may oppose such request for a Set Aside. If, however, the Court authorizes a Set Aside, Client specifically and expressly agree in advance the total amount of the Firm's contingency fee shall increase by the same amount of any future Court Authorized Set Aside so that the Contingent Fee due to the Firm does not fall below the fee arrangement described above and in this section.

5.    **Costs and Disbursements (■__)**

Client is responsible for payment of all costs, expenses, and disbursements reasonably incurred by the Firm on the Client's behalf. Client expressly acknowledges Firm is not obligated to advance such costs, expenses, and disbursements.  Such costs, expenses, and disbursements may include, but are not limited to; photocopy and facsimile charges, long distances telephone calls, travel expenses, and computer research charges. The Firm may, at its sole discretion, advance litigation expenses related to the costs of obtaining medical examinations and reports for use in the Concussion Settlement Claims process, including reasonable travel and stay accommodations. All costs, including those related to medical examination and travel shall be deducted from the client's recovery after application of the fee recoverable to the Firm.

6.    **Trust Account (■__)**

In the event that our Firm recovers compensation, all payments will be paid to our Firm's trust account first, where they will be then distributed to the Client with a detailed accounting minus the agreed upon attorney's fees and costs, expenses, and disbursements. Funds will be held in our Firm's IOTA trust account and the interest, if any, will be sent to the appropriate and applicable bar foundation.

7.      **No Guarantees of Fees, Costs, or Results (▇ __)**

It is difficult to estimate, in advance, the amount of fees and costs, expenses, or disbursements that we will incur in connection with this matter.  Please note that statement or estimate about this subject that we have given you is just that – an estimate – and not a commitment to a flat or fixed fee.

Similarly, and although we will give you our reasoned judgment and advice at all times, we cannot guarantee any particular outcome of any engagement and thus cannot guarantee that the ultimate outcome will be consistent with the client's wishes.

8.      **Term; Termination and/or Withdrawal (▇ __)**

This agreement is contemplated as continuing for the duration that may be necessary to pursue claims, in relation to the scope of services described in Section 1, which shall commence on the date that this agreement is executed by both parties ("Effective Date").  Thereafter, Client may terminate the attorney-client relationship at any time and for any reason by providing notice to the Firm. Such a termination does not, however, absolve Client of the responsibility to pay for services or costs, expenses, and disbursements incurred prior to our receipt of notice of termination or incurred subsequent to notice but, in or view, are reasonably necessary to protect Client's interests. In the event the client chooses to terminate the representation prior to any receipt of *NFL PCIL, MDL 2323 Settlement* funds, the Client shall immediately reimburse the Firm for all costs, expenses and disbursements incurred on behalf of the client including, but not limited to, the costs, expenses or disbursements related to medical examinations and travel to such examinations, plus the fee for the work done on the client's file at the firm's' standard h o u r l y  rate. The current rates are: Attorneys $400 per hour; paralegals and staff $250 per hour. Hourly rates are not charged on contingency fee cases unless the case is terminated before all work is completed. Upon early termination by the Client, Client specifically authorizes and acknowledges the Firm shall be entitled to place a charging lien on any funds to which the Client would be otherwise entitled under the *NFL PCIL, MDL 2323 Settlement.*

To the extent permitted by the applicable rules of professional conduct, we also reserve the right to terminate the attorney-client relationship at any time.  Similarly, and again to the extent permitted by the applicable rules of professional conduct, Client will remain liable for services or costs, expenses, and disbursements incurred prior to our decision to withdraw or incurred subsequent to our decision but, in our view, reasonable necessary to protect Client's interests.

The Firm does not ordinarily undertake to keep clients informed about subsequent developments once the matter in question is at an end.   <u>If you would like the Firm to do so, please provide notification in writing so that an arrangement can be made.</u>

9.      **Arbitration and Fee Disputes (▇ __)**

Any and all fee disputes that the parties are unable to resolve between themselves shall unequivocally be arbitrated in accordance with applicable state or country bar fee arbitration procedures or, if no such procedures exist, in accordance with the commercial arbitration rules of the American Arbitration Association, and any award issued in such arbitration shall be enforceable in any court with jurisdiction.   To the extent permitted by applicable law, the arbitration

proceedings shall be strictly confidential.  Unless otherwise agreed by the parties in writing, venue for any arbitration proceedings shall occur in Miami, Florida.

**10.     Special Arrangements and Third-Party Contracts (■ __)**

You, the Client, may have entered into a special arrangement or contracted a third-party with respect to a contractual debt or repayment arrangement with other individuals or entities who are to be reimbursed out of any benefits payable to you as a result of the Firm's efforts on your behalf and under the *NFL PCIL, MDL 2323 Settlement*. Such individuals' or entities' claims shall and will be the sole responsibility of the Client. Client expressly acknowledges the Firm is not now nor will the Firm agree to be in the future a party to any special arrangements or contract with a third-party with respect to any contractual debt or repayment arrangement with any third party individual or entity. Any individual or entity with such a right to reimbursement shall have absolutely no control in any fashion over the Firm's handling of the legal aspects of the Client's case. The Firm shall not share any part of its Contingent Fee with any such individuals or entities.

**11.     Severability (■ __)**

In case any provision in this Agreement shall be invalid, illegal, or unenforceable, then (to the extent permitted by law) the validity, legality, or enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

**12.     Binding and Entire Agreement (■ __)**

This letter represents the entire agreement between the parties, and no party is relying or entitled to rely on any representation not expressly contained herein.  In addition, no changes to this letter may be made without the express written consent of all the parties hereto.

If this letter reflects your understanding of our relationship, please sign and return the enclosed duplicate copy.  Please note that unless and until we hear from you to the contrary, we will assume that we are entitled to proceed under the terms of this letter.  Consistent with firm policy, however, we reserve the right to delay commencement of work on this matter until you have signed and returned the engagement letter to us.

**13.     Acknowledgement of Prior Provisions (■ __)**

Now that you have read through this document in its entirety, please go back to the beginning of the document and initial next to each provision where space within parenthesis is provided for you to do so.  By initialing on each space allotted, you are confirming that you have ready the provision, understand the provision in its entirety, and have no additional questions regarding the information provided in the provision.

Again, we thank you for your trust in us and look forward to a mutually satisfactory and productive relationship.

Respectfully,

_____
Joey M. McCall, Esq.
Managing Partner
McCall | Atten

By signing this contract, the individual is stating that they are the authorized representative to make agreements, contracts, and claims for the injured party. The authorized representative acts as an agent for the injured party to contract for legal services from the Firm.

Accepted and Agreed to by:

Client Signature:__███████_____

Client Name:__███████████████

███████████████████

███████████████████████

███████████████████████



Dear Client:

Thank you for selecting McCall|Atten (the "Firm") to provide legal services to you ("Client") to recover any and all monetary damages through the pursuit of your claim in the NFL Concussion Claims Settlement Facility.

The purpose of this letter is to set forth the terms upon which we understand you intend for us to proceed. Although this letter is somewhat lengthy, it is better for both attorney and client to address matters up front in order to minimize the likelihood of subsequent misunderstandings or disagreement.

## 1.      Scope of Services (■■__)

Client has engaged the Firm to represent it in connection with providing legal services reasonably related to the recovery of economic and non-economic damages resulting from the NFL Players' Concussion Injury Litigation ("NFL PCIL"), MDL 2323.

This engagement letter does not engage us to undertake any matter not described above. For example, this engagement letter does not include: representing Client in any formal legal actions commenced by the filing of a separate complaint, any appeals related to litigation against Client, any workman's compensation claims, unemployment claims, or any other representation of any affiliates, subsidiaries, or agents of Client.

Any non-legal related services the Client may require or request in connection with the claims process, such as medical costs, Independent Medical Examinations or Opinions, advances for health or palliative care or any other non-legal cost or service shall not be within the Firm's Scope of Services and shall not be provided for or paid in advance by the Firm.

## 2.      Conflicts of Interest (■__)

As we have discussed, there are currently no conflicts of interest that are raised by your request that we undertake this matter. However, should any conflicts of interest become known to us throughout the course of our providing legal representation, said conflicts will be addressed in another letter. Please note that in the event of any conflicts of interest that may arise, we may not be able to continue with this representation if we do not receive signed waivers back from all parties whose consent is required.

Ew

3.      **Firm Personnel (▇__)**

Joey M. McCall, Esq ("Managing Partner") will be primarily responsible for the supervision of Client's matter, but Client is engaging the Firm as a, whole and not Managing Partner individually. As and when necessary, Managing Partner will draw upon the skill and expertise of other partners and associates within the Firm and utilize paralegal and/or administrative staff to handle administrative tasks. If necessary to retain counsel in a jurisdiction in which the Firm does not practice, Firm will retain counsel in the necessary jurisdiction.

4.      **Legal Fees (▇__)**

The Firm will represent Client on a Contingency Fee basis with no retainer or other money due in advance from the Client. In consideration for the Firm's services, **the Firm shall and is entitled to receive and/or recover a 10% fee of any and all funds recovered from the *NFL PCIL, MDL 2323 Settlement for Client.*** The Firm's fee will be deemed earned upon the initiation of its pursuit for recovery on behalf of the Client from the *NFL PCIL, MDL 2323*. A subsequent fee agreement will be necessary for recovery outside of settlement and will be taken on a case by case basis with both the Firm's and Client's express written consent.

Under the *NFL PCIL, MDL 2323 Settlement,* Co-Lead Class Counsel may request payment of up to five percent (5%) of the benefits due to you (the "Set Aside"). If such a request is made, the Court must first approve the Co-Lead Class Counsel's request before payment of any percentage of the benefits to which you may be entitled.  The Firm, at its sole discretion, may oppose such request for a Set Aside. If, however, the Court authorizes a Set Aside, Client specifically and expressly agree in advance the total amount of the Firm's contingency fee shall increase by the same amount of any future Court Authorized Set Aside so that the Contingent Fee due to the Firm does not fall below the fee arrangement described above and in this section.

5.      **Costs and Disbursements (▇__)**

Client is responsible for payment of all costs, expenses, and disbursements reasonably incurred by the Firm on the Client's behalf. Client expressly acknowledges Firm is not obligated to advance such costs, expenses, and disbursements.  Such costs, expenses, and disbursements may include, but are not limited to; photocopy and facsimile charges, long distances telephone calls, travel expenses, and computer research charges. The Firm may, at its sole discretion, advance litigation expenses related to the costs of obtaining medical examinations and reports for use in the Concussion Settlement Claims process, including reasonable travel and stay accommodations. All costs, including those related to medical examination and travel shall be deducted from the client's recovery after application of the fee recoverable to the Firm.

6.      **Trust Account (▇__)**

In the event that our Firm recovers compensation, all payments will be paid to our Firm's trust account first, where they will be then distributed to the Client with a detailed accounting minus the agreed upon attorney's fees and costs, expenses, and disbursements. Funds will be held in our Firm's IOTA trust account and the interest, if any, will be sent to the appropriate and applicable bar foundation.

Ew

7.      **No Guarantees of Fees, Costs, or Results (██__)**

It is difficult to estimate, in advance, the amount of fees and costs, expenses, or disbursements that we will incur in connection with this matter.  Please note that statement or estimate about this subject that we have given you is just that – an estimate – and not a commitment to a flat or fixed fee.

Similarly, and although we will give you our reasoned judgment and advice at all times, we cannot guarantee any particular outcome of any engagement and thus cannot guarantee that the ultimate outcome will be consistent with the client's wishes.

8.      **Term; Termination and/or Withdrawal (██__)**

This agreement is contemplated as continuing for the duration that may be necessary to pursue claims, in relation to the scope of services described in Section 1, which shall commence on the date that this agreement is executed by both parties ("Effective Date").  Thereafter, Client may terminate the attorney-client relationship at any time and for any reason by providing notice to the Firm.  Such a termination does not, however, absolve Client of the responsibility to pay for services or costs, expenses, and disbursements incurred prior to our receipt of notice of termination or incurred subsequent to notice but, in or view, are reasonably necessary to protect Client's interests.  In the event the client chooses to terminate the representation prior to any receipt of *NFL PCIL, MDL 2323 Settlement* funds, the Client shall immediately reimburse the Firm for all costs, expenses and disbursements incurred on behalf of the client including, but not limited to, the costs, expenses or disbursements related to medical examinations and travel to such examinations, plus the fee for the work done on the client's file at the firm's' standard h o u r l y  rate.  The current rates are: Attorneys $400 per hour; paralegals and staff $250 per hour. Hourly rates are not charged on contingency fee cases unless the case is terminated before all work is completed. Upon early termination by the Client, Client specifically authorizes and acknowledges the Firm shall be entitled to place a charging lien on any funds to which the Client would be otherwise entitled under the *NFL PCIL, MDL 2323 Settlement.*

To the extent permitted by the applicable rules of professional conduct, we also reserve the right to terminate the attorney-client relationship at any time.  Similarly, and again to the extent permitted by the applicable rules of professional conduct, Client will remain liable for services or costs, expenses, and disbursements incurred prior to our decision to withdraw or incurred subsequent to our decision but, in our view, reasonable necessary to protect Client's interests.

The Firm does not ordinarily undertake to keep clients informed about subsequent developments once the matter in question is at an end.  <u>If you would like the Firm to do so, please provide notification in writing so that an arrangement can be made.</u>

9.      **Arbitration and Fee Disputes (██__)**

Any and all fee disputes that the parties are unable to resolve between themselves shall unequivocally be arbitrated in accordance with applicable state or country bar fee arbitration procedures or, if no such procedures exist, in accordance with the commercial arbitration rules of the American Arbitration Association, and any award issued in such arbitration shall be enforceable in any court with jurisdiction.   To the extent permitted by applicable law, the arbitration

Ew

proceedings shall be strictly confidential.  Unless otherwise agreed by the parties in writing, venue for any arbitration proceedings shall occur in Miami, Florida.

## 10.   Special Arrangements and Third-Party Contracts (█▁)

You, the Client, may have entered into a special arrangement or contracted a third-party with respect to a contractual debt or repayment arrangement with other individuals or entities who are to be reimbursed out of any benefits payable to you as a result of the Firm's efforts on your behalf and under the *NFL PCIL, MDL 2323 Settlement*. Such individuals' or entities' claims shall and will be the sole responsibility of the Client. Client expressly acknowledges the Firm is not now nor will the Firm agree to be in the future a party to any special arrangements or contract with a third-party with respect to any contractual debt or repayment arrangement with any third party individual or entity. Any individual or entity with such a right to reimbursement shall have absolutely no control in any fashion over the Firm's handling of the legal aspects of the Client's case. The Firm shall not share any part of its Contingent Fee with any such individuals or entities.

## 11.   Severability (█▁)

In case any provision in this Agreement shall be invalid, illegal, or unenforceable, then (to the extent permitted by law) the validity, legality, or enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

## 12.   Binding and Entire Agreement (█▁)

This letter represents the entire agreement between the parties, and no party is relying or entitled to rely on any representation not expressly contained herein.  In addition, no changes to this letter may be made without the express written consent of all the parties hereto.

If this letter reflects your understanding of our relationship, please sign and return the enclosed duplicate copy.  Please note that unless and until we hear from you to the contrary, we will assume that we are entitled to proceed under the terms of this letter.  Consistent with firm policy, however, we reserve the right to delay commencement of work on this matter until you have signed and returned the engagement letter to us.

## 13.   Acknowledgement of Prior Provisions (█▁)

Now that you have read through this document in its entirety, please go back to the beginning of the document and initial next to each provision where space within parenthesis is provided for you to do so.  By initialing on each space allotted, you are confirming that you have ready the provision, understand the provision in its entirety, and have no additional questions regarding the information provided in the provision.

Ew

Again, we thank you for your trust in us and look forward to a mutually satisfactory and productive relationship.

Respectfully,

_____
Joey M. McCall, Esq.
Managing Partner
McCall | Atten

By signing this contract, the individual is stating that they are the authorized representative to make agreements, contracts, and claims for the injured party. The authorized representative acts as an agent for the injured party to contract for legal services from the Firm.

Accepted and Agreed to by:

Client Signature:__█████████_____

Client Name:__████████_____

Date:__███████_____

Client Phone Number(s):__████████_____

Client Email Address(s):__██████████_____

Ew

 **CONCUSSION SETTLEMENT**

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## BASELINE ASSESSMENT PROGRAM HIPAA AUTHORIZATION FORM

You must complete and sign this Form if you are a **Retired NFL Football Player** or the **Representative Claimant** of a Retired NFL Football Player and want to participate in the Baseline Assessment Program (the "BAP"). This Form authorizes the use and disclosure of "Protected Health Information" as that term is defined in 45 C.F.R. § 160.103, relating to your participation in the BAP. Protected Health Information includes, but is not limited to, information regarding the Retired NFL Football Player's medical care, treatment, physical or mental condition, and medical expenses.

Complete and sign this Authorization and submit it to the BAP Administrator.

The capitalized terms not defined in this form are defined in the Settlement Agreement, which is available at www.nflconcussionsettlement.com or by calling toll free (855) 887-3485.

You should retain a copy of all materials submitted to the BAP Administrator.

| **BASELINE ASSESSMENT PROGRAM HIPAA AUTHORIZATION FORM** |
|---|

### I.    RETIRED NFL FOOTBALL PLAYER INFORMATION

| **Settlement Program ID** | | | | | | | |
|---|---|---|---|---|---|---|---|

| **Retired NFL Football Player Name** | First | M.I. | Last | Suffix |
|---|---|---|---|---|

| **Social Security Number, Taxpayer ID or Foreign ID Number** (if Retired NFL Football Player is not a U.S. Citizen) **of Retired NFL Football Player** (if known) | \|_\|_\|_\|_-\|_\|_-\|_\|_\|_\| <br> or <br> \|_\|_\|_\|_\|_\|_\|_\|_\| | **Date of Birth of Retired NFL Football Player** | ___/___/___ <br> (Month/Day/Year) |
|---|---|---|---|

### II.    PARTIES AUTHORIZED TO USE AND DISCLOSE PROTECTED HEALTH INFORMATION

By signing and submitting this Form, I authorize the use and disclosure of all Protected Health Information regarding my (or the Retired NFL Football Player's, if signed by a Representative Claimant) medical care, treatment, physical or mental condition, and medical expenses by the Claims Administrator, Special Master, BAP Administrator, Lien Resolution Administrator, Qualified BAP Providers, Qualified BAP Pharmacy Vendors, Qualified MAF Physicians, Appeals Advisory Panel members, Appeals Advisory Panel Consultants, the Court, Class Counsel, Counsel for the NFL Parties, and the NFL Parties (which, in turn, may share Protected Health Information with the NFL Parties' insurers or reinsurers) in the performance of their functions and duties relating to the BAP under the Settlement Agreement.

### III.    AUTHORIZATION

By signing below, I acknowledge and understand all of the following:

| 1. | I have the right to revoke this authorization at any time.  If I wish to revoke the authorization, I must do so in writing and must provide my written revocation to the BAP Administrator.  The written revocation must be signed and dated.  The revocation will not apply to any disclosures that already have been made in reliance on this authorization prior to the date upon which the BAP Administrator receives my written revocation. |
|---|---|
| 2. | My authorization of the disclosure of the subject Retired NFL Football Player's Protected Health Information is voluntary, which means I can refuse to sign this Form.  I do not need to sign this Form to obtain health treatment from any medical provider or to enroll in or be eligible for any health plan benefits.  However, I recognize that if I do not sign this Form and submit it to the BAP Administrator, the BAP Administrator may be unable to process the results of my baseline assessment examination for the purposes set forth in the Settlement Agreement and may be unable to provide the information that certain third parties, such as the Claims Administrator, need to process a potential claim for a Monetary Award or BAP Supplemental Benefits, or otherwise perform their rights and obligations under the Settlement Agreement. |

| | **BASELINE ASSESSMENT PROGRAM HIPAA AUTHORIZATION FORM** |
|---|---|
| 3. | Any Protected Health Information or other information released to the Claims Administrator, Special Master, BAP Administrator, Lien Resolution Administrator, Qualified BAP Providers, Qualified BAP Pharmacy Vendors, Qualified MAF Physicians, Appeals Advisory Panel members, Appeals Advisory Panel Consultants, the Court, Class Counsel, Counsel for the NFL Parties, and the NFL Parties (including the NFL Parties' insurers or reinsurers) may be subject to re-disclosure by such person/entity, and may no longer be protected by applicable federal and state privacy laws.  Each of those persons and entities, however, is permitted to use and disclose your information only in accordance with this Form, the Settlement Agreement, a contract executed pursuant to the Settlement Agreement, orders of the Court, and/or applicable law. |
| 4. | My Protected Health Information may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome ("AIDS"), or human immunodeficiency virus ("HIV"), behavioral or mental health services and treatment for alcohol and drug abuse. |
| 5. | This Form is valid from the date of my signature in Section V and expires on December 31, 2032. |
| 6. | I have a right to receive and retain a copy of this Form. |
| 7. | Any photostatic copy of this Form shall have the same authority as the original, and may be substituted in its place. |

| **IV.    CONSENT TO PARTICIPATE IN RESEARCH** |
|---|
| ☐ By checking this box, the Retired NFL Football Player elects to provide his medical records (and, as such, his Protected Health Information) for use in connection with medical research into cognitive impairment and safety and injury prevention with respect to football players pursuant to Section 5.10(a) of the Settlement Agreement.  Any personally identifying information concerning the Retired NFL Football Player will be redacted from medical records or information provided pursuant to this consent in accordance with the standards set forth in 45 C.F.R. § 164.514(a)-(b). |

| **V.    SIGNATURE** |
|---|

The Retired NFL Football Player or Representative Claimant of the Retired NFL Football Player named in Section I must sign and date this Form below.  **By signing below, I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that all information provided in this HIPAA Authorization Form is true and correct to the best of my knowledge, information and belief.**

| **Signature** | | **Date** | _|_|_/_|_|_/_|_|_|_|_  (Month/Day/Year) |
|---|---|---|---|
| **Printed Name** | Fi                              M.I.  Last | | Suffix |

| If you are signing this Form as a Representative Claimant, describe your relationship to the Retired NFL Football Player and your authority to act on his behalf: | |
|---|---|

| BASELINE ASSESSMENT PROGRAM HIPAA AUTHORIZATION FORM | | |
|---|---|---|
| **VI.         HOW TO SUBMIT THIS FORM** | | |
| You may submit this Form in one of three ways: | | |
| **By U.S. Mail:** | | NFL Class Action Settlement<br>BAP Administrator<br>P.O. Box 53407<br>New Orleans, LA 70153 |
| **By Delivery** | | NFL Class Action Settlement<br>c/o Garretson Resolution Group<br>935 Gravier St., Suite 1400<br>New Orleans, LA 70112 |

 **CONCUSSION SETTLEMENT**

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## MONETARY AWARD CLAIM PACKAGE HIPAA AUTHORIZATION FORM

You must complete and sign this Form if you are a **Retired NFL Football Player** or the **Representative Claimant** of a Retired NFL Football Player and want to apply for a Monetary Award. This Form authorizes the use and disclosure of "Protected Health Information" as that term is defined in 45 C.F.R. § 160.103, relating to the processing of your claim in the NFL Concussion Settlement Program. Protected Health Information includes, but is not limited to, information regarding the Retired NFL Football Player's medical care, treatment, physical or mental condition, and medical expenses.

### I.    RETIRED NFL FOOTBALL PLAYER INFORMATION

| | |
|---|---|
| **Settlement Program ID** | \|_\|_\|_\|_\|_\|_\|_\|_\|_\| |
| **Player Name** | First          M.I.   Last                     Suffix |
| **Social Security Number, Taxpayer ID or Foreign ID Number** (if Retired NFL Football Player is not a U.S. Citizen) **of Retired NFL Football Player** (if known) | \|_\|_\|_\| - \|_\|_\| - \|_\|_\|_\|_\| <br> or <br> \|_\|_\|_\|_\|_\|_\|_\|_\|_\|_\|_\| |
| **Date of Birth of Retired NFL Football Player** | \|_\|_\|/\|_\|_\|/\|_\|_\|_\|_\| <br> (Month/Day/Year) |

### II.    ENTITIES AUTHORIZED TO USE AND DISCLOSE PROTECTED HEALTH INFORMATION

By signing and submitting this Form, I authorize the use and disclosure of all Protected Health Information regarding my (or the Retired NFL Football Player's, if signed by a Representative Claimant) medical care, treatment, physical or mental condition, and medical expenses relating to my claim in the *In re: National Football League Players' Concussion Injury Litigation* Settlement program, as follows: (1) by the Claims Administrator, Special Masters, BAP Administrator, Lien Resolution Administrator, designated Qualified BAP Providers, Qualified BAP Pharmacy Vendors, Qualified MAF Physicians, Appeals Advisory Panel members, Appeals Advisory Panel Consultants, the Court, Class Counsel, Counsel for the NFL Parties and the NFL Parties (which, in turn, may share the Protected Health Information with the NFL Parties' insurers or reinsurers) for use and/or disclosure with one another in the performance of their functions and duties pursuant to the Settlement Agreement; (2) by the Lien Resolution Administrator for use and/or disclosure to the holders of any liens, claims, or rights of subrogation, indemnity, reimbursement, conditional or other payments, or interests of any type, including all Governmental Payors (such as the Medicare Program, any state Medicaid Program, the Department of Veterans Affairs, Tricare, Indian Health Services, and their respective contractors), Medicare Part C or Part D Programs, private health care providers, health plans, and health insurers, and any contractors or recovery agents of the foregoing persons and entities (collectively, "Lienholders"), for the purpose of identifying and resolving any potential Liens in connection with any Monetary Award that I may receive; and (3) by the Lienholders for disclosure to the Lien Resolution Administrator and Claims Administrator for the purpose of identifying and resolving any potential Liens in connection with any Monetary Award that I may receive.

## MONETARY AWARD CLAIM PACKAGE HIPAA AUTHORIZATION FORM

### III.   AUTHORIZATION

By signing below, I acknowledge and understand all of the following:

| | |
|---|---|
| 1. | I have the right to revoke this authorization at any time.  If I wish to revoke the authorization, I must do so in writing and must provide my written revocation to the Claims Administrator.  The written revocation must be signed and dated.  The revocation will not apply to any disclosures that already have been made in reliance on this authorization prior to the date upon which the Claims Administrator receives my written revocation. |
| 2. | My authorization of the disclosure of the subject Retired NFL Football Player's Protected Health Information is voluntary, which means I can refuse to sign this Form.  I do not need to sign this Form to obtain health treatment from any medical provider or to enroll in or be eligible for any health plan benefits.  However, I recognize that if I do not sign this Form and submit it to the Claims Administrator, my Claim Package will be incomplete under the terms of the Settlement Agreement and will not be processed. |
| 3. | Any Protected Health Information or other information released to the Claims Administrator, Special Masters, BAP Administrator, Lien Resolution Administrator, Qualified BAP Providers, Qualified BAP Pharmacy Vendors, Qualified MAF Physicians, Appeals Advisory Panel members, Appeals Advisory Panel Consultants, the Court, Class Counsel, Counsel for the NFL Parties and the NFL Parties (including the NFL Parties' insurers or reinsurers) may be subject to re-disclosure by such person/entity, and may no longer be protected by applicable federal and state privacy laws. Each of those persons and entities, however, is permitted to use and disclose your information only in accordance with this Form, the Settlement Agreement, a contract executed pursuant to the Settlement Agreement, orders of the Court, and/or applicable law. |
| 4. | My Protected Health Information may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome ("AIDS"), or human immunodeficiency virus ("HIV"), behavioral or mental health services and treatment for alcohol and drug abuse. |
| 5. | This Form is valid from the date of my signature in Section IV until the date that the Claims Administrator performs the last act to process the claim for a Monetary Award that I submitted with this Form. |
| 6. | I have a right to receive and retain a copy of this Form. |
| 7. | Any photostatic copy of this Form shall have the same authority as the original, and may be substituted in its place. |

### IV.   SIGNATURE

The Retired NFL Football Player or Representative Claimant of the Retired NFL Football Player named in Section I must sign and date this Form below.  **By signing below, I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that all information provided in this HIPAA Authorization Form is true and correct to the best of my knowledge, information and belief.**

| **Signature** | ████████ | | **Date** | |  |  | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | (Month/Day/Year) | | | | |
| **Printed Name** | First | | M.I. | Last | | | | | | | | | Suffix |

| |
|---|
| If you are signing this Form as a Representative Claimant, describe your relationship to the Retired NFL Football Player and your authority to act on his behalf: |

| MONETARY AWARD CLAIM PACKAGE HIPAA AUTHORIZATION FORM | |
|---|---|
| **V.     HOW TO SUBMIT THIS FORM** | |
| You may submit this Form in one of two ways: | |
| **By U.S. Mail:** | NFL Class Action Settlement<br>Claims Administrator<br>P.O. Box 25369<br>Richmond, VA 23260 |
| **By Delivery:** | NFL Class Action Settlement<br>c/o BrownGreer PLC<br>250 Rocketts Way<br>Richmond, VA 23231 |

 **CONCUSSION SETTLEMENT**

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## REQUEST FOR CHANGE IN REPRESENTATION STATUS

Use this form to update your representation status in the NFL Concussion Settlement Program.  You can use this form to notify the Claims Administrator that you have changed lawyers, added representation when you previously were unrepresented, or removed representation and will proceed as unrepresented.

### I.  SETTLEMENT CLASS MEMBER INFORMATION

| Settlement Program ID: | | | |
|---|---|---|---|
| **Name:** | First | M.I. | Last |

### II.  CHANGE FROM ONE LAWYER TO ANOTHER LAWYER

Complete this Section if you have been represented by a lawyer and are notifying the Claims Administrator of the change to your being represented by a different lawyer.  Only one lawyer can represent each Settlement Class Member.

| **Prior Lawyer:** | Law Firm Name | | | |
|---|---|---|---|---|
| | Lawyer First Name | M.I. | Lawyer Last Name | Suffix |

| **New Lawyer:** | Law Firm Name | | | |
|---|---|---|---|---|
| | Lawyer First Name | M.I. | Lawyer Last Name | Suffix |
| | Street | | | Suite |
| | City | | State/Province | |
| | Postal Code | | Country | |
| | Email | | Telephone | |

### III.  REMOVE REPRESENTATION BY CURRENT LAWYER

Complete this Section if you have been represented by a lawyer and are notifying the Claims Administrator of your removal of representation by that lawyer.

| **Prior Lawyer:** | Law Firm Name | | | |
|---|---|---|---|---|
| | Lawyer First Name | M.I. | Lawyer Last Name | Suffix |

## IV. ADD REPRESENTATION FOR LAWYER

Complete this Section if you have been unrepresented and are notifying the Claims Administrator of your representation by a lawyer.

| New Lawyer: | Law Firm Name | | | |
|---|---|---|---|---|
| | Lawyer First Name | M.I. | Lawyer Last Name | Suffix |
| | Street | | | Suite |
| | City | | State/Province | |
| | Postal Code | | Country | |
| | Email | | Telephone | |

## V. SIGNATURE

I ask the Claims Administrator to change my representation status as set forth above.

| Class Member Signature: | ███████████ | Date: | / / (Month/Day/Year) |
|---|---|---|---|
| Name: | First Name | Last Name | M.I |

Submit this form using one of the methods listed below.  If you have portal access, you can also upload a completed copy of this form to your file.

| By Email: | ClaimsAdministrator@NFLConcussionSettlement.com |
|---|---|
| By U.S. Mail: | NFL Concussion Settlement<br>Claims Administrator<br>P.O. Box 25369<br>Richmond, VA 23260 |
| By Delivery: | NFL Concussion Settlement<br>c/o BrownGreer PLC<br>250 Rocketts Way<br>Richmond, VA 23231 |



Dear Client:

Thank you for selecting McCall|Atten (the "Firm") to provide legal services to you ("Client") to recover any and all monetary damages through the pursuit of your claim in the NFL Concussion Claims Settlement Facility.

The purpose of this letter is to set forth the terms upon which we understand you intend for us to proceed. Although this letter is somewhat lengthy, it is better for both attorney and client to address matters up front in order to minimize the likelihood of subsequent misunderstandings or disagreement.

## 1.      Scope of Services (███_)

Client has engaged the Firm to represent it in connection with providing legal services reasonably related to the recovery of economic and non-economic damages resulting from the NFL Players' Concussion Injury Litigation ("NFL PCIL"), MDL 2323.

This engagement letter does not engage us to undertake any matter not described above. For example, this engagement letter does not include: representing Client in any formal legal actions commenced by the filing of a separate complaint, any appeals related to litigation against Client, any workman's compensation claims, unemployment claims, or any other representation of any affiliates, subsidiaries, or agents of Client.

Any non-legal related services the Client may require or request in connection with the claims process, such as medical costs, Independent Medical Examinations or Opinions, advances for health or palliative care or any other non-legal cost or service shall not be within the Firm's Scope of Services and shall not be provided for or paid in advance by the Firm.

## 2.      Conflicts of Interest (███_)

As we have discussed, there are currently no conflicts of interest that are raised by your request that we undertake this matter. However, should any conflicts of interest become known to us throughout the course of our providing legal representation, said conflicts will be addressed in another letter. Please note that in the event of any conflicts of interest that may arise, we may not be able to continue with this representation if we do not receive signed waivers back from all parties whose consent is required.

EAR

3.     **Firm Personnel (██████)**

Joey M. McCall, Esq ("Managing Partner") will be primarily responsible for the supervision of Client's matter, but Client is engaging the Firm as a, whole and not Managing Partner individually. As and when necessary, Managing Partner will draw upon the skill and expertise of other partners and associates within the Firm and utilize paralegal and/or administrative staff to handle administrative tasks. If necessary to retain counsel in a jurisdiction in which the Firm does not practice, Firm will retain counsel in the necessary jurisdiction.

4.     **Legal Fees (██████)**

The Firm will represent Client on a Contingency Fee basis with no retainer or other money due in advance from the Client. In consideration for the Firm's services, **the Firm shall and is entitled to receive and/or recover a 10% fee of any and all funds recovered from the *NFL PCIL, MDL 2323 Settlement for Client*.** The Firm's fee will be deemed earned upon the initiation of its pursuit for recovery on behalf of the Client from the *NFL PCIL, MDL 2323*. A subsequent fee agreement will be necessary for recovery outside of settlement and will be taken on a case by case basis with both the Firm's and Client's express written consent.

Under the *NFL PCIL, MDL 2323 Settlement,* Co-Lead Class Counsel may request payment of up to five percent (5%) of the benefits due to you (the "Set Aside"). If such a request is made, the Court must first approve the Co-Lead Class Counsel's request before payment of any percentage of the benefits to which you may be entitled.  The Firm, at its sole discretion, may oppose such request for a Set Aside. If, however, the Court authorizes a Set Aside, Client specifically and expressly agree in advance the total amount of the Firm's contingency fee shall increase by the same amount of any future Court Authorized Set Aside so that the Contingent Fee due to the Firm does not fall below the fee arrangement described above and in this section.

5.     **Costs and Disbursements (██████)**

Client is responsible for payment of all costs, expenses, and disbursements reasonably incurred by the Firm on the Client's behalf. Client expressly acknowledges Firm is not obligated to advance such costs, expenses, and disbursements.  Such costs, expenses, and disbursements may include, but are not limited to; photocopy and facsimile charges, long distances telephone calls, travel expenses, and computer research charges. The Firm may, at its sole discretion, advance litigation expenses related to the costs of obtaining medical examinations and reports for use in the Concussion Settlement Claims process, including reasonable travel and stay accommodations. All costs, including those related to medical examination and travel shall be deducted from the client's recovery after application of the fee recoverable to the Firm.

6.     **Trust Account (██████)**

In the event that our Firm recovers compensation, all payments will be paid to our Firm's trust account first, where they will be then distributed to the Client with a detailed accounting minus the agreed upon attorney's fees and costs, expenses, and disbursements. Funds will be held in our Firm's IOTA trust account and the interest, if any, will be sent to the appropriate and applicable bar foundation.

EAR

7.      **No Guarantees of Fees, Costs, or Results (████_)**

It is difficult to estimate, in advance, the amount of fees and costs, expenses, or disbursements that we will incur in connection with this matter.  Please note that statement or estimate about this subject that we have given you is just that – an estimate – and not a commitment to a flat or fixed fee.

Similarly, and although we will give you our reasoned judgment and advice at all times, we cannot guarantee any particular outcome of any engagement and thus cannot guarantee that the ultimate outcome will be consistent with the client's wishes.

8.      **Term; Termination and/or Withdrawal (████_)**

This agreement is contemplated as continuing for the duration that may be necessary to pursue claims, in relation to the scope of services described in Section 1, which shall commence on the date that this agreement is executed by both parties ("Effective Date").  Thereafter, Client may terminate the attorney-client relationship at any time and for any reason by providing notice to the Firm.  Such a termination does not, however, absolve Client of the responsibility to pay for services or costs, expenses, and disbursements incurred prior to our receipt of notice of termination or incurred subsequent to notice but, in or view, are reasonably necessary to protect Client's interests.  In the event the client chooses to terminate the representation prior to any receipt of *NFL PCIL, MDL 2323 Settlement* funds, the Client shall immediately reimburse the Firm for all costs, expenses and disbursements incurred on behalf of the client including, but not limited to, the costs, expenses or disbursements related to medical examinations and travel to such examinations, plus the fee for the work done on the client's file at the firm's' standard h o u r l y  rate. The current rates are: Attorneys $400 per hour; paralegals and staff $250 per hour. Hourly rates are not charged on contingency fee cases unless the case is terminated before all work is completed. Upon early termination by the Client, Client specifically authorizes and acknowledges the Firm shall be entitled to place a charging lien on any funds to which the Client would be otherwise entitled under the *NFL PCIL, MDL 2323 Settlement.*

To the extent permitted by the applicable rules of professional conduct, we also reserve the right to terminate the attorney-client relationship at any time.  Similarly, and again to the extent permitted by the applicable rules of professional conduct, Client will remain liable for services or costs, expenses, and disbursements incurred prior to our decision to withdraw or incurred subsequent to our decision but, in our view, reasonable necessary to protect Client's interests.

The Firm does not ordinarily undertake to keep clients informed about subsequent developments once the matter in question is at an end.  <u>If you would like the Firm to do so, please provide notification in writing so that an arrangement can be made.</u>

9.      **Arbitration and Fee Disputes (████_)**

Any and all fee disputes that the parties are unable to resolve between themselves shall unequivocally be arbitrated in accordance with applicable state or country bar fee arbitration procedures or, if no such procedures exist, in accordance with the commercial arbitration rules of the American Arbitration Association, and any award issued in such arbitration shall be enforceable in any court with jurisdiction.   To the extent permitted by applicable law, the arbitration

EaR

proceedings shall be strictly confidential.  Unless otherwise agreed by the parties in writing, venue for any arbitration proceedings shall occur in Miami, Florida.

**10.    Special Arrangements and Third-Party Contracts (███)**

You, the Client, may have entered into a special arrangement or contracted a third-party with respect to a contractual debt or repayment arrangement with other individuals or entities who are to be reimbursed out of any benefits payable to you as a result of the Firm's efforts on your behalf and under the *NFL PCIL, MDL 2323 Settlement*. Such individuals' or entities' claims shall and will be the sole responsibility of the Client. Client expressly acknowledges the Firm is not now nor will the Firm agree to be in the future a party to any special arrangements or contract with a third-party with respect to any contractual debt or repayment arrangement with any third party individual or entity. Any individual or entity with such a right to reimbursement shall have absolutely no control in any fashion over the Firm's handling of the legal aspects of the Client's case. The Firm shall not share any part of its Contingent Fee with any such individuals or entities.

**11.    Severability (███)**

In case any provision in this Agreement shall be invalid, illegal, or unenforceable, then (to the extent permitted by law) the validity, legality, or enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

**12.    Binding and Entire Agreement (███)**

This letter represents the entire agreement between the parties, and no party is relying or entitled to rely on any representation not expressly contained herein.  In addition, no changes to this letter may be made without the express written consent of all the parties hereto.

If this letter reflects your understanding of our relationship, please sign and return the enclosed duplicate copy.  Please note that unless and until we hear from you to the contrary, we will assume that we are entitled to proceed under the terms of this letter.  Consistent with firm policy, however, we reserve the right to delay commencement of work on this matter until you have signed and returned the engagement letter to us.

**13.    Acknowledgement of Prior Provisions (███)**

Now that you have read through this document in its entirety, please go back to the beginning of the document and initial next to each provision where space within parenthesis is provided for you to do so.  By initialing on each space allotted, you are confirming that you have ready the provision, understand the provision in its entirety, and have no additional questions regarding the information provided in the provision.

EAR

Again, we thank you for your trust in us and look forward to a mutually satisfactory and productive relationship.

Respectfully,

_____
Joey M. McCall, Esq.
Managing Partner
McCall | Atten

By signing this contract, the individual is stating that they are the authorized representative to make agreements, contracts, and claims for the injured party. The authorized representative acts as an agent for the injured party to contract for legal services from the Firm.

Accepted and Agreed to by:

Client Signature:___██████_____

Client Name:___██████_____

Date:__██████_____

Client Phone Number(s):__██████_____

Client Email Address(s):__██████_____

EAR



Dear Client:

Thank you for selecting McCall|Atten (the "Firm") to provide legal services to you ("Client") to recover any and all monetary damages through the pursuit of your claim in the NFL Concussion Claims Settlement Facility.

The purpose of this letter is to set forth the terms upon which we understand you intend for us to proceed. Although this letter is somewhat lengthy, it is better for both attorney and client to address matters up front in order to minimize the likelihood of subsequent misunderstandings or disagreement.

## 1.      Scope of Services (███)

Client has engaged the Firm to represent it in connection with providing legal services reasonably related to the recovery of economic and non-economic damages resulting from the NFL Players' Concussion Injury Litigation ("NFL PCIL"), MDL 2323.

This engagement letter does not engage us to undertake any matter not described above. For example, this engagement letter does not include: representing Client in any formal legal actions commenced by the filing of a separate complaint, any appeals related to litigation against Client, any workman's compensation claims, unemployment claims, or any other representation of any affiliates, subsidiaries, or agents of Client.

Any non-legal related services the Client may require or request in connection with the claims process, such as medical costs, Independent Medical Examinations or Opinions, advances for health or palliative care or any other non-legal cost or service shall not be within the Firm's Scope of Services and shall not be provided for or paid in advance by the Firm.

## 2.      Conflicts of Interest ███

As we have discussed, there are currently no conflicts of interest that are raised by your request that we undertake this matter. However, should any conflicts of interest become known to us throughout the course of our providing legal representation, said conflicts will be addressed in another letter. Please note that in the event of any conflicts of interest that may arise, we may not be able to continue with this representation if we do not receive signed waivers back from all parties whose consent is required.

### 3.      Firm Personnel █████

Joey M. McCall, Esq ("Managing Partner") will be primarily responsible for the supervision of Client's matter, but Client is engaging the Firm as a, whole and not Managing Partner individually. As and when necessary, Managing Partner will draw upon the skill and expertise of other partners and associates within the Firm and utilize paralegal and/or administrative staff to handle administrative tasks. If necessary to retain counsel in a jurisdiction in which the Firm does not practice, Firm will retain counsel in the necessary jurisdiction.

### 4.      Legal Fees (█████

The Firm will represent Client on a Contingency Fee basis with no retainer or other money due in advance from the Client. In consideration for the Firm's services, **the Firm shall and is entitled to receive and/or recover a 10% fee of any and all funds recovered from the *NFL PCIL, MDL 2323 Settlement for Client*.** The Firm's fee will be deemed earned upon the initiation of its pursuit for recovery on behalf of the Client from the *NFL PCIL, MDL 2323*. A subsequent fee agreement will be necessary for recovery outside of settlement and will be taken on a case by case basis with both the Firm's and Client's express written consent.

Under the *NFL PCIL, MDL 2323 Settlement,* Co-Lead Class Counsel may request payment of up to five percent (5%) of the benefits due to you (the "Set Aside"). If such a request is made, the Court must first approve the Co-Lead Class Counsel's request before payment of any percentage of the benefits to which you may be entitled.  The Firm, at its sole discretion, may oppose such request for a Set Aside. If, however, the Court authorizes a Set Aside, Client specifically and expressly agree in advance the total amount of the Firm's contingency fee shall increase by the same amount of any future Court Authorized Set Aside so that the Contingent Fee due to the Firm does not fall below the fee arrangement described above and in this section.

### 5.      Costs and Disbursements (█████

Client is responsible for payment of all costs, expenses, and disbursements reasonably incurred by the Firm on the Client's behalf. Client expressly acknowledges Firm is not obligated to advance such costs, expenses, and disbursements.  Such costs, expenses, and disbursements may include, but are not limited to; photocopy and facsimile charges, long distances telephone calls, travel expenses, and computer research charges. The Firm may, at its sole discretion, advance litigation expenses related to the costs of obtaining medical examinations and reports for use in the Concussion Settlement Claims process, including reasonable travel and stay accommodations. All costs, including those related to medical examination and travel shall be deducted from the client's recovery after application of the fee recoverable to the Firm.

### 6.      Trust Account (█████

In the event that our Firm recovers compensation, all payments will be paid to our Firm's trust account first, where they will be then distributed to the Client with a detailed accounting minus the agreed upon attorney's fees and costs, expenses, and disbursements. Funds will be held in our Firm's IOTA trust account and the interest, if any, will be sent to the appropriate and applicable bar foundation.

7.      **No Guarantees of Fees, Costs, or Results** ▮▮▮

It is difficult to estimate, in advance, the amount of fees and costs, expenses, or disbursements that we will incur in connection with this matter.  Please note that statement or estimate about this subject that we have given you is just that – an estimate – and not a commitment to a flat or fixed fee.

Similarly, and although we will give you our reasoned judgment and advice at all times, we cannot guarantee any particular outcome of any engagement and thus cannot guarantee that the ultimate outcome will be consistent with the client's wishes.

8.      **Term; Termination and/or Withdrawal (**▮▮**)**

This agreement is contemplated as continuing for the duration that may be necessary to pursue claims, in relation to the scope of services described in Section 1, which shall commence on the date that this agreement is executed by both parties ("Effective Date").  Thereafter, Client may terminate the attorney-client relationship at any time and for any reason by providing notice to the Firm.  Such a termination does not, however, absolve Client of the responsibility to pay for services or costs, expenses, and disbursements incurred prior to our receipt of notice of termination or incurred subsequent to notice but, in or view, are reasonably necessary to protect Client's interests.  In the event the client chooses to terminate the representation prior to any receipt of *NFL PCIL, MDL 2323 Settlement* funds, the Client shall immediately reimburse the Firm for all costs, expenses and disbursements incurred on behalf of the client including, but not limited to, the costs, expenses or disbursements related to medical examinations and travel to such examinations, plus the fee for the work done on the client's file at the firm's' standard h o u r l y  rate. The current rates are: Attorneys $400 per hour; paralegals and staff $250 per hour. Hourly rates are not charged on contingency fee cases unless the case is terminated before all work is completed. Upon early termination by the Client, Client specifically authorizes and acknowledges the Firm shall be entitled to place a charging lien on any funds to which the Client would be otherwise entitled under the *NFL PCIL, MDL 2323 Settlement.*

To the extent permitted by the applicable rules of professional conduct, we also reserve the right to terminate the attorney-client relationship at any time.  Similarly, and again to the extent permitted by the applicable rules of professional conduct, Client will remain liable for services or costs, expenses, and disbursements incurred prior to our decision to withdraw or incurred subsequent to our decision but, in our view, reasonable necessary to protect Client's interests.

The Firm does not ordinarily undertake to keep clients informed about subsequent developments once the matter in question is at an end.   If you would like the Firm to do so, please provide notification in writing so that an arrangement can be made.

9.      **Arbitration and Fee Disputes (**▮▮**)**

Any and all fee disputes that the parties are unable to resolve between themselves shall unequivocally be arbitrated in accordance with applicable state or country bar fee arbitration procedures or, if no such procedures exist, in accordance with the commercial arbitration rules of the American Arbitration Association, and any award issued in such arbitration shall be enforceable in any court with jurisdiction.   To the extent permitted by applicable law, the arbitration

proceedings shall be strictly confidential.  Unless otherwise agreed by the parties in writing, venue for any arbitration proceedings shall occur in Miami, Florida.

**10.     Special Arrangements and Third-Party Contracts (**█████

You, the Client, may have entered into a special arrangement or contracted a third-party with respect to a contractual debt or repayment arrangement with other individuals or entities who are to be reimbursed out of any benefits payable to you as a result of the Firm's efforts on your behalf and under the *NFL PCIL, MDL 2323 Settlement*. Such individuals' or entities' claims shall and will be the sole responsibility of the Client. Client expressly acknowledges the Firm is not now nor will the Firm agree to be in the future a party to any special arrangements or contract with a third-party with respect to any contractual debt or repayment arrangement with any third party individual or entity. Any individual or entity with such a right to reimbursement shall have absolutely no control in any fashion over the Firm's handling of the legal aspects of the Client's case. The Firm shall not share any part of its Contingent Fee with any such individuals or entities.

**11.     Severability  (**████**)**

In case any provision in this Agreement shall be invalid, illegal, or unenforceable, then (to the extent permitted by law) the validity, legality, or enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

**12.     Binding and Entire Agreement (**████

This letter represents the entire agreement between the parties, and no party is relying or entitled to rely on any representation not expressly contained herein.  In addition, no changes to this letter may be made without the express written consent of all the parties hereto.

If this letter reflects your understanding of our relationship, please sign and return the enclosed duplicate copy.  Please note that unless and until we hear from you to the contrary, we will assume that we are entitled to proceed under the terms of this letter.  Consistent with firm policy, however, we reserve the right to delay commencement of work on this matter until you have signed and returned the engagement letter to us.

**13.     Acknowledgement of Prior Provisions** ████

Now that you have read through this document in its entirety, please go back to the beginning of the document and initial next to each provision where space within parenthesis is provided for you to do so.  By initialing on each space allotted, you are confirming that you have ready the provision, understand the provision in its entirety, and have no additional questions regarding the information provided in the provision.

Again, we thank you for your trust in us and look forward to a mutually satisfactory and productive relationship.

Respectfully,

_____
Joey M. McCall, Esq.
Managing Partner
McCall | Atten

By signing this contract, the individual is stating that they are the authorized representative to make agreements, contracts, and claims for the injured party. The authorized representative acts as an agent for the injured party to contract for legal services from the Firm.

Accepted and Agreed to by:

Client Signature:___██████_____

Client Name:__███████_____

Date:__██████_____

Client Phone Number(s):__███████_____

Client Email Address(s):__█████████_____



Dear Client:

Thank you for selecting McCall|Atten (the "Firm") to provide legal services to you ("Client") to recover any and all monetary damages through the pursuit of your claim in the NFL Concussion Claims Settlement Facility.

The purpose of this letter is to set forth the terms upon which we understand you intend for us to proceed. Although this letter is somewhat lengthy, it is better for both attorney and client to address matters up front in order to minimize the likelihood of subsequent misunderstandings or disagreement.

## 1.      Scope of Services (███)

Client has engaged the Firm to represent it in connection with providing legal services reasonably related to the recovery of economic and non-economic damages resulting from the NFL Players' Concussion Injury Litigation ("NFL PCIL"), MDL 2323.

This engagement letter does not engage us to undertake any matter not described above. For example, this engagement letter does not include: representing Client in any formal legal actions commenced by the filing of a separate complaint, any appeals related to litigation against Client, any workman's compensation claims, unemployment claims, or any other representation of any affiliates, subsidiaries, or agents of Client.

Any non-legal related services the Client may require or request in connection with the claims process, such as medical costs, Independent Medical Examinations or Opinions, advances for health or palliative care or any other non-legal cost or service shall not be within the Firm's Scope of Services and shall not be provided for or paid in advance by the Firm.

## 2.      Conflicts of Interest (███)

As we have discussed, there are currently no conflicts of interest that are raised by your request that we undertake this matter.  However, should any conflicts of interest become known to us throughout the course of our providing legal representation, said conflicts will be addressed in another letter.  Please note that in the event of any conflicts of interest that may arise, we may not be able to continue with this representation if we do not receive signed waivers back from all parties whose consent is required.

KM

3.      **Firm Personnel (██████)**

Joey M. McCall, Esq ("Managing Partner") will be primarily responsible for the supervision of Client's matter, but Client is engaging the Firm as a, whole and not Managing Partner individually. As and when necessary, Managing Partner will draw upon the skill and expertise of other partners and associates within the Firm and utilize paralegal and/or administrative staff to handle administrative tasks. If necessary to retain counsel in a jurisdiction in which the Firm does not practice, Firm will retain counsel in the necessary jurisdiction.

4.      **Legal Fees (██████)**

The Firm will represent Client on a Contingency Fee basis with no retainer or other money due in advance from the Client. In consideration for the Firm's services, **the Firm shall and is entitled to receive and/or recover a 10% fee of any and all funds recovered from the *NFL PCIL, MDL 2323 Settlement for Client.*** The Firm's fee will be deemed earned upon the initiation of its pursuit for recovery on behalf of the Client from the *NFL PCIL, MDL 2323.* A subsequent fee agreement will be necessary for recovery outside of settlement and will be taken on a case by case basis with both the Firm's and Client's express written consent.

Under the *NFL PCIL, MDL 2323 Settlement,* Co-Lead Class Counsel may request payment of up to five percent (5%) of the benefits due to you (the "Set Aside"). If such a request is made, the Court must first approve the Co-Lead Class Counsel's request before payment of any percentage of the benefits to which you may be entitled.  The Firm, at its sole discretion, may oppose such request for a Set Aside. If, however, the Court authorizes a Set Aside, Client specifically and expressly agree in advance the total amount of the Firm's contingency fee shall increase by the same amount of any future Court Authorized Set Aside so that the Contingent Fee due to the Firm does not fall below the fee arrangement described above and in this section.

5.      **Costs and Disbursements ██████**

Client is responsible for payment of all costs, expenses, and disbursements reasonably incurred by the Firm on the Client's behalf. Client expressly acknowledges Firm is not obligated to advance such costs, expenses, and disbursements.  Such costs, expenses, and disbursements may include, but are not limited to; photocopy and facsimile charges, long distances telephone calls, travel expenses, and computer research charges. The Firm may, at its sole discretion, advance litigation expenses related to the costs of obtaining medical examinations and reports for use in the Concussion Settlement Claims process, including reasonable travel and stay accommodations. All costs, including those related to medical examination and travel shall be deducted from the client's recovery after application of the fee recoverable to the Firm.

6.      **Trust Account ██████**

In the event that our Firm recovers compensation, all payments will be paid to our Firm's trust account first, where they will be then distributed to the Client with a detailed accounting minus the agreed upon attorney's fees and costs, expenses, and disbursements. Funds will be held in our Firm's IOTA trust account and the interest, if any, will be sent to the appropriate and applicable bar foundation.

km

**7.      No Guarantees of Fees, Costs, or Results (** ▮ **)**

It is difficult to estimate, in advance, the amount of fees and costs, expenses, or disbursements that we will incur in connection with this matter.  Please note that statement or estimate about this subject that we have given you is just that – an estimate – and not a commitment to a flat or fixed fee.

Similarly, and although we will give you our reasoned judgment and advice at all times, we cannot guarantee any particular outcome of any engagement and thus cannot guarantee that the ultimate outcome will be consistent with the client's wishes.

**8.      Term; Termination and/or Withdrawal (** ▮ **)**

This agreement is contemplated as continuing for the duration that may be necessary to pursue claims, in relation to the scope of services described in Section 1, which shall commence on the date that this agreement is executed by both parties ("Effective Date").  Thereafter, Client may terminate the attorney-client relationship at any time and for any reason by providing notice to the Firm. Such a termination does not, however, absolve Client of the responsibility to pay for services or costs, expenses, and disbursements incurred prior to our receipt of notice of termination or incurred subsequent to notice but, in or view, are reasonably necessary to protect Client's interests. In the event the client chooses to terminate the representation prior to any receipt of *NFL PCIL, MDL 2323 Settlement* funds, the Client shall immediately reimburse the Firm for all costs, expenses and disbursements incurred on behalf of the client including, but not limited to, the costs, expenses or disbursements related to medical examinations and travel to such examinations, plus the fee for the work done on the client's file at the firm's' standard h o u r l y rate. The current rates are: Attorneys $400 per hour; paralegals and staff $250 per hour. Hourly rates are not charged on contingency fee cases unless the case is terminated before all work is completed. Upon early termination by the Client, Client specifically authorizes and acknowledges the Firm shall be entitled to place a charging lien on any funds to which the Client would be otherwise entitled under the *NFL PCIL, MDL 2323 Settlement.*

To the extent permitted by the applicable rules of professional conduct, we also reserve the right to terminate the attorney-client relationship at any time.  Similarly, and again to the extent permitted by the applicable rules of professional conduct, Client will remain liable for services or costs, expenses, and disbursements incurred prior to our decision to withdraw or incurred subsequent to our decision but, in our view, reasonable necessary to protect Client's interests.

The Firm does not ordinarily undertake to keep clients informed about subsequent developments once the matter in question is at an end.   If you would like the Firm to do so, please provide notification in writing so that an arrangement can be made.

**9.      Arbitration and Fee Disputes** ▮

Any and all fee disputes that the parties are unable to resolve between themselves shall unequivocally be arbitrated in accordance with applicable state or country bar fee arbitration procedures or, if no such procedures exist, in accordance with the commercial arbitration rules of the American Arbitration Association, and any award issued in such arbitration shall be enforceable in any court with jurisdiction.   To the extent permitted by applicable law, the arbitration

KM

proceedings shall be strictly confidential.  Unless otherwise agreed by the parties in writing, venue for any arbitration proceedings shall occur in Miami, Florida.

**10.     Special Arrangements and Third-Party Contracts███ )**

You, the Client, may have entered into a special arrangement or contracted a third-party with respect to a contractual debt or repayment arrangement with other individuals or entities who are to be reimbursed out of any benefits payable to you as a result of the Firm's efforts on your behalf and under the *NFL PCIL, MDL 2323 Settlement*. Such individuals' or entities' claims shall and will be the sole responsibility of the Client. Client expressly acknowledges the Firm is not now nor will the Firm agree to be in the future a party to any special arrangements or contract with a third-party with respect to any contractual debt or repayment arrangement with any third party individual or entity. Any individual or entity with such a right to reimbursement shall have absolutely no control in any fashion over the Firm's handling of the legal aspects of the Client's case. The Firm shall not share any part of its Contingent Fee with any such individuals or entities.

**11.     Severability (███ )**

In case any provision in this Agreement shall be invalid, illegal, or unenforceable, then (to the extent permitted by law) the validity, legality, or enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

**12.     Binding and Entire Agreement (███**

This letter represents the entire agreement between the parties, and no party is relying or entitled to rely on any representation not expressly contained herein.  In addition, no changes to this letter may be made without the express written consent of all the parties hereto.

If this letter reflects your understanding of our relationship, please sign and return the enclosed duplicate copy.  Please note that unless and until we hear from you to the contrary, we will assume that we are entitled to proceed under the terms of this letter.  Consistent with firm policy, however, we reserve the right to delay commencement of work on this matter until you have signed and returned the engagement letter to us.

**13.     Acknowledgement of Prior Provisions (███ )**

Now that you have read through this document in its entirety, please go back to the beginning of the document and initial next to each provision where space within parenthesis is provided for you to do so.  By initialing on each space allotted, you are confirming that you have ready the provision, understand the provision in its entirety, and have no additional questions regarding the information provided in the provision.

KM

Again, we thank you for your trust in us and look forward to a mutually satisfactory and productive relationship.

Respectfully,

_____
Joey M. McCall, Esq.
Managing Partner
McCall | Atten

By signing this contract, the individual is stating that they are the authorized representative to make agreements, contracts, and claims for the injured party. The authorized representative acts as an agent for the injured party to contract for legal services from the Firm.

Accepted and Agreed to by:

Client Signature:____██████_____

Client Name:___██████_____

Date:___█████_____

Client Phone Number(s):__█████_____

Client Email Address(es):__██████_____

km



Dear Client:

Thank you for selecting McCall|Atten (the "Firm") to provide legal services to you ("Client") to recover any and all monetary damages through the pursuit of your claim in the NFL Concussion Claims Settlement Facility.

The purpose of this letter is to set forth the terms upon which we understand you intend for us to proceed. Although this letter is somewhat lengthy, it is better for both attorney and client to address matters up front in order to minimize the likelihood of subsequent misunderstandings or disagreement.

## 1.      Scope of Services (███

Client has engaged the Firm to represent it in connection with providing legal services reasonably related to the recovery of economic and non-economic damages resulting from the NFL Players' Concussion Injury Litigation ("NFL PCIL"), MDL 2323.

This engagement letter does not engage us to undertake any matter not described above. For example, this engagement letter does not include: representing Client in any formal legal actions commenced by the filing of a separate complaint, any appeals related to litigation against Client, any workman's compensation claims, unemployment claims, or any other representation of any affiliates, subsidiaries, or agents of Client.

Any non-legal related services the Client may require or request in connection with the claims process, such as medical costs, Independent Medical Examinations or Opinions, advances for health or palliative care or any other non-legal cost or service shall not be within the Firm's Scope of Services and shall not be provided for or paid in advance by the Firm.

## 2.      Conflicts of Interest (███

As we have discussed, there are currently no conflicts of interest that are raised by your request that we undertake this matter. However, should any conflicts of interest become known to us throughout the course of our providing legal representation, said conflicts will be addressed in another letter. Please note that in the event of any conflicts of interest that may arise, we may not be able to continue with this representation if we do not receive signed waivers back from all parties whose consent is required.

**3.      Firm Personnel (███)**

Joey M. McCall, Esq ("Managing Partner") will be primarily responsible for the supervision of Client's matter, but Client is engaging the Firm as a, whole and not Managing Partner individually. As and when necessary, Managing Partner will draw upon the skill and expertise of other partners and associates within the Firm and utilize paralegal and/or administrative staff to handle administrative tasks. If necessary to retain counsel in a jurisdiction in which the Firm does not practice, Firm will retain counsel in the necessary jurisdiction.

**4.      Legal Fees ███**

The Firm will represent Client on a Contingency Fee basis with no retainer or other money due in advance from the Client. In consideration for the Firm's services, **the Firm shall and is entitled to receive and/or recover a 10% fee of any and all funds recovered from the *NFL PCIL, MDL 2323 Settlement for Client*.** The Firm's fee will be deemed earned upon the initiation of its pursuit for recovery on behalf of the Client from the *NFL PCIL, MDL 2323*. A subsequent fee agreement will be necessary for recovery outside of settlement and will be taken on a case by case basis with both the Firm's and Client's express written consent.

Under the *NFL PCIL, MDL 2323 Settlement,* Co-Lead Class Counsel may request payment of up to five percent (5%) of the benefits due to you (the "Set Aside"). If such a request is made, the Court must first approve the Co-Lead Class Counsel's request before payment of any percentage of the benefits to which you may be entitled.  The Firm, at its sole discretion, may oppose such request for a Set Aside. If, however, the Court authorizes a Set Aside, Client specifically and expressly agree in advance the total amount of the Firm's contingency fee shall increase by the same amount of any future Court Authorized Set Aside so that the Contingent Fee due to the Firm does not fall below the fee arrangement described above and in this section.

**5.      Costs and Disbursements (███**

Client is responsible for payment of all costs, expenses, and disbursements reasonably incurred by the Firm on the Client's behalf. Client expressly acknowledges Firm is not obligated to advance such costs, expenses, and disbursements.  Such costs, expenses, and disbursements may include, but are not limited to; photocopy and facsimile charges, long distances telephone calls, travel expenses, and computer research charges. The Firm may, at its sole discretion, advance litigation expenses related to the costs of obtaining medical examinations and reports for use in the Concussion Settlement Claims process, including reasonable travel and stay accommodations. All costs, including those related to medical examination and travel shall be deducted from the client's recovery after application of the fee recoverable to the Firm.

**6.      Trust Account (███**

In the event that our Firm recovers compensation, all payments will be paid to our Firm's trust account first, where they will be then distributed to the Client with a detailed accounting minus the agreed upon attorney's fees and costs, expenses, and disbursements. Funds will be held in our Firm's IOTA trust account and the interest, if any, will be sent to the appropriate and applicable bar foundation.

**7.      No Guarantees of Fees, Costs, or Results (█████)**

It is difficult to estimate, in advance, the amount of fees and costs, expenses, or disbursements that we will incur in connection with this matter.  Please note that statement or estimate about this subject that we have given you is just that – an estimate – and not a commitment to a flat or fixed fee.

Similarly, and although we will give you our reasoned judgment and advice at all times, we cannot guarantee any particular outcome of any engagement and thus cannot guarantee that the ultimate outcome will be consistent with the client's wishes.

**8.      Term; Termination and/or Withdrawal (████)**

This agreement is contemplated as continuing for the duration that may be necessary to pursue claims, in relation to the scope of services described in Section 1, which shall commence on the date that this agreement is executed by both parties ("Effective Date").  Thereafter, Client may terminate the attorney-client relationship at any time and for any reason by providing notice to the Firm.  Such a termination does not, however, absolve Client of the responsibility to pay for services or costs, expenses, and disbursements incurred prior to our receipt of notice of termination or incurred subsequent to notice but, in or view, are reasonably necessary to protect Client's interests.  In the event the client chooses to terminate the representation prior to any receipt of *NFL PCIL, MDL 2323 Settlement* funds, the Client shall immediately reimburse the Firm for all costs, expenses and disbursements incurred on behalf of the client including, but not limited to, the costs, expenses or disbursements related to medical examinations and travel to such examinations, plus the fee for the work done on the client's file at the firm's' standard h o u r l y  rate.  The current rates are: Attorneys $400 per hour; paralegals and staff $250 per hour. Hourly rates are not charged on contingency fee cases unless the case is terminated before all work is completed. Upon early termination by the Client, Client specifically authorizes and acknowledges the Firm shall be entitled to place a charging lien on any funds to which the Client would be otherwise entitled under the *NFL PCIL, MDL 2323 Settlement.*

To the extent permitted by the applicable rules of professional conduct, we also reserve the right to terminate the attorney-client relationship at any time.  Similarly, and again to the extent permitted by the applicable rules of professional conduct, Client will remain liable for services or costs, expenses, and disbursements incurred prior to our decision to withdraw or incurred subsequent to our decision but, in our view, reasonable necessary to protect Client's interests.

The Firm does not ordinarily undertake to keep clients informed about subsequent developments once the matter in question is at an end.  <u>If you would like the Firm to do so, please provide notification in writing so that an arrangement can be made.</u>

**9.      Arbitration and Fee Disputes (█████)**

Any and all fee disputes that the parties are unable to resolve between themselves shall unequivocally be arbitrated in accordance with applicable state or country bar fee arbitration procedures or, if no such procedures exist, in accordance with the commercial arbitration rules of the American Arbitration Association, and any award issued in such arbitration shall be enforceable in any court with jurisdiction.   To the extent permitted by applicable law, the arbitration

proceedings shall be strictly confidential.  Unless otherwise agreed by the parties in writing, venue for any arbitration proceedings shall occur in Miami, Florida.

**10.    Special Arrangements and Third-Party Contracts (██████**

You, the Client, may have entered into a special arrangement or contracted a third-party with respect to a contractual debt or repayment arrangement with other individuals or entities who are to be reimbursed out of any benefits payable to you as a result of the Firm's efforts on your behalf and under the *NFL PCIL, MDL 2323 Settlement*. Such individuals' or entities' claims shall and will be the sole responsibility of the Client. Client expressly acknowledges the Firm is not now nor will the Firm agree to be in the future a party to any special arrangements or contract with a third-party with respect to any contractual debt or repayment arrangement with any third party individual or entity. Any individual or entity with such a right to reimbursement shall have absolutely no control in any fashion over the Firm's handling of the legal aspects of the Client's case. The Firm shall not share any part of its Contingent Fee with any such individuals or entities.

**11.    Severability  (█████**

In case any provision in this Agreement shall be invalid, illegal, or unenforceable, then (to the extent permitted by law) the validity, legality, or enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

**12.    Binding and Entire Agreement (█████)**

This letter represents the entire agreement between the parties, and no party is relying or entitled to rely on any representation not expressly contained herein.  In addition, no changes to this letter may be made without the express written consent of all the parties hereto.

If this letter reflects your understanding of our relationship, please sign and return the enclosed duplicate copy.  Please note that unless and until we hear from you to the contrary, we will assume that we are entitled to proceed under the terms of this letter.  Consistent with firm policy, however, we reserve the right to delay commencement of work on this matter until you have signed and returned the engagement letter to us.

**13.    Acknowledgement of Prior Provisions (█████)**

Now that you have read through this document in its entirety, please go back to the beginning of the document and initial next to each provision where space within parenthesis is provided for you to do so.  By initialing on each space allotted, you are confirming that you have ready the provision, understand the provision in its entirety, and have no additional questions regarding the information provided in the provision.

Again, we thank you for your trust in us and look forward to a mutually satisfactory and productive relationship.

Respectfully,

_____
Joey M. McCall, Esq.
Managing Partner
McCall | Atten

By signing this contract, the individual is stating that they are the authorized representative to make agreements, contracts, and claims for the injured party. The authorized representative acts as an agent for the injured party to contract for legal services from the Firm.

Accepted and Agreed to by:

Client Signature:____███_____

Client Name:__███_____

Date:__███_____

Client Phone Number(s):__███_____

Client Email Address(s):__███_____



Dear Client:

Thank you for selecting McCall|Atten (the "Firm") to provide legal services to you ("Client") to recover any and all monetary damages through the pursuit of your claim in the NFL Concussion Claims Settlement Facility.

The purpose of this letter is to set forth the terms upon which we understand you intend for us to proceed. Although this letter is somewhat lengthy, it is better for both attorney and client to address matters up front in order to minimize the likelihood of subsequent misunderstandings or disagreement.

## 1.      Scope of Services (████

Client has engaged the Firm to represent it in connection with providing legal services reasonably related to the recovery of economic and non-economic damages resulting from the NFL Players' Concussion Injury Litigation ("NFL PCIL"), MDL 2323.

This engagement letter does not engage us to undertake any matter not described above. For example, this engagement letter does not include: representing Client in any formal legal actions commenced by the filing of a separate complaint, any appeals related to litigation against Client, any workman's compensation claims, unemployment claims, or any other representation of any affiliates, subsidiaries, or agents of Client.

Any non-legal related services the Client may require or request in connection with the claims process, such as medical costs, Independent Medical Examinations or Opinions, advances for health or palliative care or any other non-legal cost or service shall not be within the Firm's Scope of Services and shall not be provided for or paid in advance by the Firm.

## 2.      Conflicts of Interest ████

As we have discussed, there are currently no conflicts of interest that are raised by your request that we undertake this matter. However, should any conflicts of interest become known to us throughout the course of our providing legal representation, said conflicts will be addressed in another letter. Please note that in the event of any conflicts of interest that may arise, we may not be able to continue with this representation if we do not receive signed waivers back from all parties whose consent is required.

**3.      Firm Personnel (████)**

Joey M. McCall, Esq ("Managing Partner") will be primarily responsible for the supervision of Client's matter, but Client is engaging the Firm as a, whole and not Managing Partner individually. As and when necessary, Managing Partner will draw upon the skill and expertise of other partners and associates within the Firm and utilize paralegal and/or administrative staff to handle administrative tasks. If necessary to retain counsel in a jurisdiction in which the Firm does not practice, Firm will retain counsel in the necessary jurisdiction.

**4.      Legal Fees (████)**

The Firm will represent Client on a Contingency Fee basis with no retainer or other money due in advance from the Client. In consideration for the Firm's services, **the Firm shall and is entitled to receive and/or recover a 10% fee of any and all funds recovered from the *NFL PCIL, MDL 2323 Settlement for Client.*** The Firm's fee will be deemed earned upon the initiation of its pursuit for recovery on behalf of the Client from the *NFL PCIL, MDL 2323.* A subsequent fee agreement will be necessary for recovery outside of settlement and will be taken on a case by case basis with both the Firm's and Client's express written consent.

Under the *NFL PCIL, MDL 2323 Settlement,* Co-Lead Class Counsel may request payment of up to five percent (5%) of the benefits due to you (the "Set Aside"). If such a request is made, the Court must first approve the Co-Lead Class Counsel's request before payment of any percentage of the benefits to which you may be entitled.  The Firm, at its sole discretion, may oppose such request for a Set Aside. If, however, the Court authorizes a Set Aside, Client specifically and expressly agree in advance the total amount of the Firm's contingency fee shall increase by the same amount of any future Court Authorized Set Aside so that the Contingent Fee due to the Firm does not fall below the fee arrangement described above and in this section.

**5.      Costs and Disbursements ████**

Client is responsible for payment of all costs, expenses, and disbursements reasonably incurred by the Firm on the Client's behalf. Client expressly acknowledges Firm is not obligated to advance such costs, expenses, and disbursements.  Such costs, expenses, and disbursements may include, but are not limited to; photocopy and facsimile charges, long distances telephone calls, travel expenses, and computer research charges. The Firm may, at its sole discretion, advance litigation expenses related to the costs of obtaining medical examinations and reports for use in the Concussion Settlement Claims process, including reasonable travel and stay accommodations. All costs, including those related to medical examination and travel shall be deducted from the client's recovery after application of the fee recoverable to the Firm.

**6.      Trust Account (████)**

In the event that our Firm recovers compensation, all payments will be paid to our Firm's trust account first, where they will be then distributed to the Client with a detailed accounting minus the agreed upon attorney's fees and costs, expenses, and disbursements. Funds will be held in our Firm's IOTA trust account and the interest, if any, will be sent to the appropriate and applicable bar foundation.

Va

**7.      No Guarantees of Fees, Costs, or Results ( █████ )**

It is difficult to estimate, in advance, the amount of fees and costs, expenses, or disbursements that we will incur in connection with this matter.  Please note that statement or estimate about this subject that we have given you is just that – an estimate – and not a commitment to a flat or fixed fee.

Similarly, and although we will give you our reasoned judgment and advice at all times, we cannot guarantee any particular outcome of any engagement and thus cannot guarantee that the ultimate outcome will be consistent with the client's wishes.

**8.      Term; Termination and/or Withdrawal ( █████ )**

This agreement is contemplated as continuing for the duration that may be necessary to pursue claims, in relation to the scope of services described in Section 1, which shall commence on the date that this agreement is executed by both parties ("Effective Date").  Thereafter, Client may terminate the attorney-client relationship at any time and for any reason by providing notice to the Firm.  Such a termination does not, however, absolve Client of the responsibility to pay for services or costs, expenses, and disbursements incurred prior to our receipt of notice of termination or incurred subsequent to notice but, in or view, are reasonably necessary to protect Client's interests.  In the event the client chooses to terminate the representation prior to any receipt of *NFL PCIL, MDL 2323 Settlement* funds, the Client shall immediately reimburse the Firm for all costs, expenses and disbursements incurred on behalf of the client including, but not limited to, the costs, expenses or disbursements related to medical examinations and travel to such examinations, plus the fee for the work done on the client's file at the firm's' standard h o u r l y  rate.  The current rates are: Attorneys $400 per hour; paralegals and staff $250 per hour.  Hourly rates are not charged on contingency fee cases unless the case is terminated before all work is completed.  Upon early termination by the Client, Client specifically authorizes and acknowledges the Firm shall be entitled to place a charging lien on any funds to which the Client would be otherwise entitled under the *NFL PCIL, MDL 2323 Settlement.*

To the extent permitted by the applicable rules of professional conduct, we also reserve the right to terminate the attorney-client relationship at any time.  Similarly, and again to the extent permitted by the applicable rules of professional conduct, Client will remain liable for services or costs, expenses, and disbursements incurred prior to our decision to withdraw or incurred subsequent to our decision but, in our view, reasonable necessary to protect Client's interests.

The Firm does not ordinarily undertake to keep clients informed about subsequent developments once the matter in question is at an end.  <u>If you would like the Firm to do so, please provide notification in writing so that an arrangement can be made.</u>

**9.      Arbitration and Fee Disputes ( █████ )**

Any and all fee disputes that the parties are unable to resolve between themselves shall unequivocally be arbitrated in accordance with applicable state or country bar fee arbitration procedures or, if no such procedures exist, in accordance with the commercial arbitration rules of the American Arbitration Association, and any award issued in such arbitration shall be enforceable in any court with jurisdiction.   To the extent permitted by applicable law, the arbitration

Va

proceedings shall be strictly confidential.  Unless otherwise agreed by the parties in writing, venue for any arbitration proceedings shall occur in Miami, Florida.

**10.    Special Arrangements and Third-Party Contracts███ )**

You, the Client, may have entered into a special arrangement or contracted a third-party with respect to a contractual debt or repayment arrangement with other individuals or entities who are to be reimbursed out of any benefits payable to you as a result of the Firm's efforts on your behalf and under the *NFL PCIL, MDL 2323 Settlement*. Such individuals' or entities' claims shall and will be the sole responsibility of the Client. Client expressly acknowledges the Firm is not now nor will the Firm agree to be in the future a party to any special arrangements or contract with a third-party with respect to any contractual debt or repayment arrangement with any third party individual or entity. Any individual or entity with such a right to reimbursement shall have absolutely no control in any fashion over the Firm's handling of the legal aspects of the Client's case. The Firm shall not share any part of its Contingent Fee with any such individuals or entities.

**11.    Severability  (███ )**

In case any provision in this Agreement shall be invalid, illegal, or unenforceable, then (to the extent permitted by law) the validity, legality, or enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

**12.    Binding and Entire Agreement (███ )**

This letter represents the entire agreement between the parties, and no party is relying or entitled to rely on any representation not expressly contained herein.  In addition, no changes to this letter may be made without the express written consent of all the parties hereto.

If this letter reflects your understanding of our relationship, please sign and return the enclosed duplicate copy.  Please note that unless and until we hear from you to the contrary, we will assume that we are entitled to proceed under the terms of this letter.  Consistent with firm policy, however, we reserve the right to delay commencement of work on this matter until you have signed and returned the engagement letter to us.

**13.    Acknowledgement of Prior Provisions (███ )**

Now that you have read through this document in its entirety, please go back to the beginning of the document and initial next to each provision where space within parenthesis is provided for you to do so.  By initialing on each space allotted, you are confirming that you have ready the provision, understand the provision in its entirety, and have no additional questions regarding the information provided in the provision.

Va

Again, we thank you for your trust in us and look forward to a mutually satisfactory and productive relationship.

Respectfully,

_____
Joey M. McCall, Esq.
Managing Partner
McCall | Atten

By signing this contract, the individual is stating that they are the authorized representative to make agreements, contracts, and claims for the injured party. The authorized representative acts as an agent for the injured party to contract for legal services from the Firm.

Accepted and Agreed to by:

Client Signature:___█████████_____

Client Name:___██████████_____

Date:___███████_____

Client Phone Number(s):___████████_____

Client Email Address(s):___███████████_____

Va



Dear Client:

Thank you for selecting McCall|Atten (the "Firm") to provide legal services to you ("Client") to recover any and all monetary damages through the pursuit of your claim in the NFL Concussion Claims Settlement Facility.

The purpose of this letter is to set forth the terms upon which we understand you intend for us to proceed. Although this letter is somewhat lengthy, it is better for both attorney and client to address matters up front in order to minimize the likelihood of subsequent misunderstandings or disagreement.

## 1.      Scope of Services (█ __)

Client has engaged the Firm to represent it in connection with providing legal services reasonably related to the recovery of economic and non-economic damages resulting from the NFL Players' Concussion Injury Litigation ("NFL PCIL"), MDL 2323.

This engagement letter does not engage us to undertake any matter not described above. For example, this engagement letter does not include: representing Client in any formal legal actions commenced by the filing of a separate complaint, any appeals related to litigation against Client, any workman's compensation claims, unemployment claims, or any other representation of any affiliates, subsidiaries, or agents of Client.

Any non-legal related services the Client may require or request in connection with the claims process, such as medical costs, Independent Medical Examinations or Opinions, advances for health or palliative care or any other non-legal cost or service shall not be within the Firm's Scope of Services and shall not be provided for or paid in advance by the Firm.

## 2.      Conflicts of Interest (█ __)

As we have discussed, there are currently no conflicts of interest that are raised by your request that we undertake this matter. However, should any conflicts of interest become known to us throughout the course of our providing legal representation, said conflicts will be addressed in another letter. Please note that in the event of any conflicts of interest that may arise, we may not be able to continue with this representation if we do not receive signed waivers back from all parties whose consent is required.

wf

3.      **Firm Personnel (** ▇ **_)**

Joey M. McCall, Esq ("Managing Partner") will be primarily responsible for the supervision of Client's matter, but Client is engaging the Firm as a, whole and not Managing Partner individually. As and when necessary, Managing Partner will draw upon the skill and expertise of other partners and associates within the Firm and utilize paralegal and/or administrative staff to handle administrative tasks. If necessary to retain counsel in a jurisdiction in which the Firm does not practice, Firm will retain counsel in the necessary jurisdiction.

4.      **Legal Fees (** ▇ **_)**

The Firm will represent Client on a Contingency Fee basis with no retainer or other money due in advance from the Client. In consideration for the Firm's services, **the Firm shall and is entitled to receive and/or recover a 10% fee of any and all funds recovered from the *NFL PCIL, MDL 2323 Settlement for Client.*** The Firm's fee will be deemed earned upon the initiation of its pursuit for recovery on behalf of the Client from the *NFL PCIL, MDL 2323.* A subsequent fee agreement will be necessary for recovery outside of settlement and will be taken on a case by case basis with both the Firm's and Client's express written consent.

Under the *NFL PCIL, MDL 2323 Settlement,* Co-Lead Class Counsel may request payment of up to five percent (5%) of the benefits due to you (the "Set Aside"). If such a request is made, the Court must first approve the Co-Lead Class Counsel's request before payment of any percentage of the benefits to which you may be entitled. The Firm, at its sole discretion, may oppose such request for a Set Aside. If, however, the Court authorizes a Set Aside, Client specifically and expressly agree in advance the total amount of the Firm's contingency fee shall increase by the same amount of any future Court Authorized Set Aside so that the Contingent Fee due to the Firm does not fall below the fee arrangement described above and in this section.

5.      **Costs and Disbursements** ▇ **_)**

Client is responsible for payment of all costs, expenses, and disbursements reasonably incurred by the Firm on the Client's behalf. Client expressly acknowledges Firm is not obligated to advance such costs, expenses, and disbursements. Such costs, expenses, and disbursements may include, but are not limited to; photocopy and facsimile charges, long distances telephone calls, travel expenses, and computer research charges. The Firm may, at its sole discretion, advance litigation expenses related to the costs of obtaining medical examinations and reports for use in the Concussion Settlement Claims process, including reasonable travel and stay accommodations. All costs, including those related to medical examination and travel shall be deducted from the client's recovery after application of the fee recoverable to the Firm.

6.      **Trust Account (** ▇ **_)**

In the event that our Firm recovers compensation, all payments will be paid to our Firm's trust account first, where they will be then distributed to the Client with a detailed accounting minus the agreed upon attorney's fees and costs, expenses, and disbursements. Funds will be held in our Firm's IOTA trust account and the interest, if any, will be sent to the appropriate and applicable bar foundation.

wf

**7.      No Guarantees of Fees, Costs, or Results (███_)**

It is difficult to estimate, in advance, the amount of fees and costs, expenses, or disbursements that we will incur in connection with this matter.  Please note that statement or estimate about this subject that we have given you is just that – an estimate – and not a commitment to a flat or fixed fee.

Similarly, and although we will give you our reasoned judgment and advice at all times, we cannot guarantee any particular outcome of any engagement and thus cannot guarantee that the ultimate outcome will be consistent with the client's wishes.

**8.      Term; Termination and/or Withdrawal (███**

This agreement is contemplated as continuing for the duration that may be necessary to pursue claims, in relation to the scope of services described in Section 1, which shall commence on the date that this agreement is executed by both parties ("Effective Date").  Thereafter, Client may terminate the attorney-client relationship at any time and for any reason by providing notice to the Firm. Such a termination does not, however, absolve Client of the responsibility to pay for services or costs, expenses, and disbursements incurred prior to our receipt of notice of termination or incurred subsequent to notice but, in or view, are reasonably necessary to protect Client's interests. In the event the client chooses to terminate the representation prior to any receipt of *NFL PCIL, MDL 2323 Settlement* funds, the Client shall immediately reimburse the Firm for all costs, expenses and disbursements incurred on behalf of the client including, but not limited to, the costs, expenses or disbursements related to medical examinations and travel to such examinations, plus the fee for the work done on the client's file at the firm's' standard h o u r l y  rate. The current rates are: Attorneys $400 per hour; paralegals and staff $250 per hour. Hourly rates are not charged on contingency fee cases unless the case is terminated before all work is completed. Upon early termination by the Client, Client specifically authorizes and acknowledges the Firm shall be entitled to place a charging lien on any funds to which the Client would be otherwise entitled under the *NFL PCIL, MDL 2323 Settlement.*

To the extent permitted by the applicable rules of professional conduct, we also reserve the right to terminate the attorney-client relationship at any time.  Similarly, and again to the extent permitted by the applicable rules of professional conduct, Client will remain liable for services or costs, expenses, and disbursements incurred prior to our decision to withdraw or incurred subsequent to our decision but, in our view, reasonable necessary to protect Client's interests.

The Firm does not ordinarily undertake to keep clients informed about subsequent developments once the matter in question is at an end.   <u>If you would like the Firm to do so, please provide notification in writing so that an arrangement can be made.</u>

**9.      Arbitration and Fee Disputes (███_)**

Any and all fee disputes that the parties are unable to resolve between themselves shall unequivocally be arbitrated in accordance with applicable state or country bar fee arbitration procedures or, if no such procedures exist, in accordance with the commercial arbitration rules of the American Arbitration Association, and any award issued in such arbitration shall be enforceable in any court with jurisdiction.   To the extent permitted by applicable law, the arbitration

wf

proceedings shall be strictly confidential.  Unless otherwise agreed by the parties in writing, venue for any arbitration proceedings shall occur in Miami, Florida.

**10.    Special Arrangements and Third-Party Contracts (█▌_)**

You, the Client, may have entered into a special arrangement or contracted a third-party with respect to a contractual debt or repayment arrangement with other individuals or entities who are to be reimbursed out of any benefits payable to you as a result of the Firm's efforts on your behalf and under the *NFL PCIL, MDL 2323 Settlement*. Such individuals' or entities' claims shall and will be the sole responsibility of the Client. Client expressly acknowledges the Firm is not now nor will the Firm agree to be in the future a party to any special arrangements or contract with a third-party with respect to any contractual debt or repayment arrangement with any third party individual or entity. Any individual or entity with such a right to reimbursement shall have absolutely no control in any fashion over the Firm's handling of the legal aspects of the Client's case. The Firm shall not share any part of its Contingent Fee with any such individuals or entities.

**11.    Severability (█████**

In case any provision in this Agreement shall be invalid, illegal, or unenforceable, then (to the extent permitted by law) the validity, legality, or enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

**12.    Binding and Entire Agreement (█████)**

This letter represents the entire agreement between the parties, and no party is relying or entitled to rely on any representation not expressly contained herein.  In addition, no changes to this letter may be made without the express written consent of all the parties hereto.

If this letter reflects your understanding of our relationship, please sign and return the enclosed duplicate copy.  Please note that unless and until we hear from you to the contrary, we will assume that we are entitled to proceed under the terms of this letter.  Consistent with firm policy, however, we reserve the right to delay commencement of work on this matter until you have signed and returned the engagement letter to us.

**13.    Acknowledgement of Prior Provisions (███__)**

Now that you have read through this document in its entirety, please go back to the beginning of the document and initial next to each provision where space within parenthesis is provided for you to do so.  By initialing on each space allotted, you are confirming that you have ready the provision, understand the provision in its entirety, and have no additional questions regarding the information provided in the provision.

wf

Again, we thank you for your trust in us and look forward to a mutually satisfactory and productive relationship.

Respectfully,

_____
Joey M. McCall, Esq.
Managing Partner
McCall | Atten

By signing this contract, the individual is stating that they are the authorized representative to make agreements, contracts, and claims for the injured party. The authorized representative acts as an agent for the injured party to contract for legal services from the Firm.

Accepted and Agreed to by:

Client Signature:_███████████_____

Client Name:_██████████_____

Date:_████████_____

Client Phone Number(s):_██████████████████████████

████████████████████████████████

 **CONCUSSION SETTLEMENT**

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*

No. 2:12-md-02323 (E.D. Pa.)

---

### BASELINE ASSESSMENT PROGRAM HIPAA AUTHORIZATION FORM

You must complete and sign this Form if you are a **Retired NFL Football Player** or the **Representative Claimant** of a Retired NFL Football Player and want to participate in the Baseline Assessment Program (the "BAP"). This Form authorizes the use and disclosure of "Protected Health Information" as that term is defined in 45 C.F.R. § 160.103, relating to your participation in the BAP. Protected Health Information includes, but is not limited to, information regarding the Retired NFL Football Player's medical care, treatment, physical or mental condition, and medical expenses.

Complete and sign this Authorization and submit it to the BAP Administrator.

The capitalized terms not defined in this form are defined in the Settlement Agreement, which is available at www.nflconcussionsettlement.com or by calling toll free (855) 887-3485.

You should retain a copy of all materials submitted to the BAP Administrator.

| BASELINE ASSESSMENT PROGRAM HIPAA AUTHORIZATION FORM |
|---|

| **I.      RETIRED NFL FOOTBALL PLAYER INFORMATION** |
|---|

| **Settlement Program ID** | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|

| **Retired NFL Football Player Name** | First | | M.I. | Last | | Suffix |
|---|---|---|---|---|---|---|

| **Social Security Number, Taxpayer ID or Foreign ID Number** (if Retired NFL Football Player is not a U.S. Citizen) **of Retired NFL Football Player** (if known) | \|_\|_\|_\| - \|_\|_\| - \|_\|_\|_\|_\| <br> or <br> \|_\|_\|_\|_\|_\|_\|_\|_\|_\|_\| | **Date of Birth of Retired NFL Football Player** | ___/___/___ <br> (Month/Day/Year) |
|---|---|---|---|

| **II.      PARTIES AUTHORIZED TO USE AND DISCLOSE PROTECTED HEALTH INFORMATION** |
|---|

By signing and submitting this Form, I authorize the use and disclosure of all Protected Health Information regarding my (or the Retired NFL Football Player's, if signed by a Representative Claimant) medical care, treatment, physical or mental condition, and medical expenses by the Claims Administrator, Special Master, BAP Administrator, Lien Resolution Administrator, Qualified BAP Providers, Qualified BAP Pharmacy Vendors, Qualified MAF Physicians, Appeals Advisory Panel members, Appeals Advisory Panel Consultants, the Court, Class Counsel, Counsel for the NFL Parties, and the NFL Parties (which, in turn, may share Protected Health Information with the NFL Parties' insurers or reinsurers) in the performance of their functions and duties relating to the BAP under the Settlement Agreement.

| **III.      AUTHORIZATION** |
|---|

By signing below, I acknowledge and understand all of the following:

| 1. | I have the right to revoke this authorization at any time.  If I wish to revoke the authorization, I must do so in writing and must provide my written revocation to the BAP Administrator.  The written revocation must be signed and dated.  The revocation will not apply to any disclosures that already have been made in reliance on this authorization prior to the date upon which the BAP Administrator receives my written revocation. |
|---|---|
| 2. | My authorization of the disclosure of the subject Retired NFL Football Player's Protected Health Information is voluntary, which means I can refuse to sign this Form.  I do not need to sign this Form to obtain health treatment from any medical provider or to enroll in or be eligible for any health plan benefits.  However, I recognize that if I do not sign this Form and submit it to the BAP Administrator, the BAP Administrator may be unable to process the results of my baseline assessment examination for the purposes set forth in the Settlement Agreement and may be unable to provide the information that certain third parties, such as the Claims Administrator, need to process a potential claim for a Monetary Award or BAP Supplemental Benefits, or otherwise perform their rights and obligations under the Settlement Agreement. |

| | **BASELINE ASSESSMENT PROGRAM HIPAA AUTHORIZATION FORM** |
|---|---|
| 3. | Any Protected Health Information or other information released to the Claims Administrator, Special Master, BAP Administrator, Lien Resolution Administrator, Qualified BAP Providers, Qualified BAP Pharmacy Vendors, Qualified MAF Physicians, Appeals Advisory Panel members, Appeals Advisory Panel Consultants, the Court, Class Counsel, Counsel for the NFL Parties, and the NFL Parties (including the NFL Parties' insurers or reinsurers) may be subject to re-disclosure by such person/entity, and may no longer be protected by applicable federal and state privacy laws.  Each of those persons and entities, however, is permitted to use and disclose your information only in accordance with this Form, the Settlement Agreement, a contract executed pursuant to the Settlement Agreement, orders of the Court, and/or applicable law. |
| 4. | My Protected Health Information may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome ("AIDS"), or human immunodeficiency virus ("HIV"), behavioral or mental health services and treatment for alcohol and drug abuse. |
| 5. | This Form is valid from the date of my signature in Section V and expires on December 31, 2032. |
| 6. | I have a right to receive and retain a copy of this Form. |
| 7. | Any photostatic copy of this Form shall have the same authority as the original, and may be substituted in its place. |

## IV.    CONSENT TO PARTICIPATE IN RESEARCH

☐ By checking this box, the Retired NFL Football Player elects to provide his medical records (and, as such, his Protected Health Information) for use in connection with medical research into cognitive impairment and safety and injury prevention with respect to football players pursuant to Section 5.10(a) of the Settlement Agreement.  Any personally identifying information concerning the Retired NFL Football Player will be redacted from medical records or information provided pursuant to this consent in accordance with the standards set forth in 45 C.F.R. § 164.514(a)-(b).

## V.    SIGNATURE

The Retired NFL Football Player or Representative Claimant of the Retired NFL Football Player named in Section I must sign and date this Form below.  **By signing below, I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that all information provided in this HIPAA Authorization Form is true and correct to the best of my knowledge, information and belief.**

| **Signature** | ██████████ | | **Date** | _|_|_/|_|_/|_|_|_|_ (Month/Day/Year) |
|---|---|---|---|---|
| **Printed Name** | First | M.I. | Last | Suffix |
| If you are signing this Form as a Representative Claimant, describe your relationship to the Retired NFL Football Player and your authority to act on his behalf: | | | | |

| **BASELINE ASSESSMENT PROGRAM HIPAA AUTHORIZATION FORM** | |
|---|---|
| **VI.        HOW TO SUBMIT THIS FORM** | |
| You may submit this Form in one of three ways: | |
| **By U.S. Mail:** | NFL Class Action Settlement<br>BAP Administrator<br>P.O. Box 53407<br>New Orleans, LA 70153 |
| **By Delivery** | NFL Class Action Settlement<br>c/o Garretson Resolution Group<br>935 Gravier St., Suite 1400<br>New Orleans, LA 70112 |



# CONCUSSION SETTLEMENT

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## MONETARY AWARD CLAIM PACKAGE HIPAA AUTHORIZATION FORM

You must complete and sign this Form if you are a **Retired NFL Football Player** or the **Representative Claimant** of a Retired NFL Football Player and want to apply for a Monetary Award. This Form authorizes the use and disclosure of "Protected Health Information" as that term is defined in 45 C.F.R. § 160.103, relating to the processing of your claim in the NFL Concussion Settlement Program. Protected Health Information includes, but is not limited to, information regarding the Retired NFL Football Player's medical care, treatment, physical or mental condition, and medical expenses.

## I.    RETIRED NFL FOOTBALL PLAYER INFORMATION

| Settlement Program ID | | \| \| \| \| \| \| \| \| \| \| \| |
|---|---|---|

| **Player Name** | First | M.I. | Last | Suffix |
|---|---|---|---|---|

| **Social Security Number, Taxpayer ID or Foreign ID Number** (if Retired NFL Football Player is not a U.S. Citizen) **of Retired NFL Football Player** (if known) | \|_\|_\|_\| - \|_\|_\| - \|_\|_\|_\|_\| <br> or <br> \|_\|_\|_\|_\|_\|_\|_\|_\|_\|_\|_\|_\| |
|---|---|

| **Date of Birth of Retired NFL Football Player** | \|_\|_\|/\|_\|_\|/\|_\|_\|_\|_\| <br> (Month/Day/Year) |
|---|---|

## II.    ENTITIES AUTHORIZED TO USE AND DISCLOSE PROTECTED HEALTH INFORMATION

By signing and submitting this Form, I authorize the use and disclosure of all Protected Health Information regarding my (or the Retired NFL Football Player's, if signed by a Representative Claimant) medical care, treatment, physical or mental condition, and medical expenses relating to my claim in the *In re: National Football League Players' Concussion Injury Litigation* Settlement program, as follows: (1) by the Claims Administrator, Special Masters, BAP Administrator, Lien Resolution Administrator, designated Qualified BAP Providers, Qualified BAP Pharmacy Vendors, Qualified MAF Physicians, Appeals Advisory Panel members, Appeals Advisory Panel Consultants, the Court, Class Counsel, Counsel for the NFL Parties and the NFL Parties (which, in turn, may share the Protected Health Information with the NFL Parties' insurers or reinsurers) for use and/or disclosure with one another in the performance of their functions and duties pursuant to the Settlement Agreement; (2) by the Lien Resolution Administrator for use and/or disclosure to the holders of any liens, claims, or rights of subrogation, indemnity, reimbursement, conditional or other payments, or interests of any type, including all Governmental Payors (such as the Medicare Program, any state Medicaid Program, the Department of Veterans Affairs, Tricare, Indian Health Services, and their respective contractors), Medicare Part C or Part D Programs, private health care providers, health plans, and health insurers, and any contractors or recovery agents of the foregoing persons and entities (collectively, "Lienholders"), for the purpose of identifying and resolving any potential Liens in connection with any Monetary Award that I may receive; and (3) by the Lienholders for disclosure to the Lien Resolution Administrator and Claims Administrator for the purpose of identifying and resolving any potential Liens in connection with any Monetary Award that I may receive.

## MONETARY AWARD CLAIM PACKAGE HIPAA AUTHORIZATION FORM

### III.   AUTHORIZATION

By signing below, I acknowledge and understand all of the following:

| | |
|---|---|
| 1. | I have the right to revoke this authorization at any time. If I wish to revoke the authorization, I must do so in writing and must provide my written revocation to the Claims Administrator. The written revocation must be signed and dated. The revocation will not apply to any disclosures that already have been made in reliance on this authorization prior to the date upon which the Claims Administrator receives my written revocation. |
| 2. | My authorization of the disclosure of the subject Retired NFL Football Player's Protected Health Information is voluntary, which means I can refuse to sign this Form. I do not need to sign this Form to obtain health treatment from any medical provider or to enroll in or be eligible for any health plan benefits. However, I recognize that if I do not sign this Form and submit it to the Claims Administrator, my Claim Package will be incomplete under the terms of the Settlement Agreement and will not be processed. |
| 3. | Any Protected Health Information or other information released to the Claims Administrator, Special Masters, BAP Administrator, Lien Resolution Administrator, Qualified BAP Providers, Qualified BAP Pharmacy Vendors, Qualified MAF Physicians, Appeals Advisory Panel members, Appeals Advisory Panel Consultants, the Court, Class Counsel, Counsel for the NFL Parties and the NFL Parties (including the NFL Parties' insurers or reinsurers) may be subject to re-disclosure by such person/entity, and may no longer be protected by applicable federal and state privacy laws. Each of those persons and entities, however, is permitted to use and disclose your information only in accordance with this Form, the Settlement Agreement, a contract executed pursuant to the Settlement Agreement, orders of the Court, and/or applicable law. |
| 4. | My Protected Health Information may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome ("AIDS"), or human immunodeficiency virus ("HIV"), behavioral or mental health services and treatment for alcohol and drug abuse. |
| 5. | This Form is valid from the date of my signature in Section IV until the date that the Claims Administrator performs the last act to process the claim for a Monetary Award that I submitted with this Form. |
| 6. | I have a right to receive and retain a copy of this Form. |
| 7. | Any photostatic copy of this Form shall have the same authority as the original, and may be substituted in its place. |

### IV.   SIGNATURE

The Retired NFL Football Player or Representative Claimant of the Retired NFL Football Player named in Section I must sign and date this Form below. **By signing below, I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that all information provided in this HIPAA Authorization Form is true and correct to the best of my knowledge, information and belief.**

| Signature | ███████████ | | Date | |   |   |/|   |   |/|   |   |   |   | |
|---|---|---|---|---|
| | | | | (Month/Day/Year) |
| **Printed Name** | First | M.I. | Last | Suffix |

If you are signing this Form as a Representative Claimant, describe your relationship to the Retired NFL Football Player and your authority to act on his behalf:

| MONETARY AWARD CLAIM PACKAGE HIPAA AUTHORIZATION FORM | |
|---|---|
| **V.     HOW TO SUBMIT THIS FORM** | |
| You may submit this Form in one of two ways: | |
| **By U.S. Mail:** | NFL Class Action Settlement<br>Claims Administrator<br>P.O. Box 25369<br>Richmond, VA 23260 |
| **By Delivery:** | NFL Class Action Settlement<br>c/o BrownGreer PLC<br>250 Rocketts Way<br>Richmond, VA 23231 |

 **C**ONCUSSION **S**ETTLEMENT

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## REQUEST FOR CHANGE IN REPRESENTATION STATUS

Use this form to update your representation status in the NFL Concussion Settlement Program.  You can use this form to notify the Claims Administrator that you have changed lawyers, added representation when you previously were unrepresented, or removed representation and will proceed as unrepresented.

### I.  SETTLEMENT CLASS MEMBER INFORMATION

| Settlement Program ID: | | | |
|---|---|---|---|
| **Name:** | First | M.I. | Last |

### II.  CHANGE FROM ONE LAWYER TO ANOTHER LAWYER

Complete this Section if you have been represented by a lawyer and are notifying the Claims Administrator of the change to your being represented by a different lawyer.  Only one lawyer can represent each Settlement Class Member.

| **Prior Lawyer:** | Law Firm Name | | | |
|---|---|---|---|---|
| | Lawyer First Name | M.I. | Lawyer Last Name | Suffix |

| **New Lawyer:** | Law Firm Name | | | |
|---|---|---|---|---|
| | Lawyer First Name | M.I. | Lawyer Last Name | Suffix |
| | Street | | | Suite |
| | City | | State/Province | |
| | Postal Code | | Country | |
| | Email | | Telephone | |

### III.  REMOVE REPRESENTATION BY CURRENT LAWYER

Complete this Section if you have been represented by a lawyer and are notifying the Claims Administrator of your removal of representation by that lawyer.

| **Prior Lawyer:** | Law Firm Name | | | |
|---|---|---|---|---|
| | Lawyer First Name | M.I. | Lawyer Last Name | Suffix |

## IV.  ADD REPRESENTATION FOR LAWYER

Complete this Section if you have been unrepresented and are notifying the Claims Administrator of your representation by a lawyer.

| New Lawyer: | Law Firm Name | | | |
| | Lawyer First Name | M.I. | Lawyer Last Name | Suffix |
| | Street | | | Suite |
| | City | | State/Province | |
| | Postal Code | | Country | |
| | Email | | Telephone | |

## V.  SIGNATURE

I ask the Claims Administrator to change my representation status as set forth above.

| Class Member Signature: | ■■■■■■■■■■ | Date: | __/__/__ (Month/Day/Year) |
| Name: | First Name | Last Name | M.I |

Submit this form using one of the methods listed below.  If you have portal access, you can also upload a completed copy of this form to your file.

| By Email: | ClaimsAdministrator@NFLConcussionSettlement.com |
| By U.S. Mail: | NFL Concussion Settlement<br>Claims Administrator<br>P.O. Box 25369<br>Richmond, VA 23260 |
| By Delivery: | NFL Concussion Settlement<br>c/o BrownGreer PLC<br>250 Rocketts Way<br>Richmond, VA 23231 |