# Exhibit I



FRAZER PLC
ATTORNEYS AT LAW
6 1 5.647.6464
FRAZER.LAW

I BURTON HILLS BOULEVARD
SUITE 215
NASHVILLE, TENNESSEE 37215

August 10, 2017

*Via E-mail (cseeger@seegerweiss.com)*
*& U.S. First Class Mail*
Mr. Chris Seeger
Seeger Weiss
77 Water Street
New York, NY 10005

RE: *IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION* – U.S. District Court Eastern District of Pennsylvania; Case No.: 2:12-md-02323

Chris,

It has been awhile. Attached are Objections to the Interrogatories you served on Wes Farrell, Ricky Patel, and Farrell & Patel, Attorneys at Law. If you are amenable to a call or meeting to discuss, I would welcome that opportunity.

Cordially,

/s/ T. Roe Frazer II

T. Roe Frazer II


# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br><br>Plaintiffs, v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### OBJECTIONS OF WESLEY FARRELL, RICKY K. PATEL, AND FARRELL & PATEL, ATTORNEYS AT LAW, TO CO-LEAD CLASS COUNSEL'S INTERROGATORIES

Interrogatory recipients Wesley Farrell, Ricky K. Patel, and Farrell & Patel, Attorneys at Law ("Recipients"), by and through counsel, hereby serve the following Objections to Co-Lead Class Counsel's interrogatories as follows:

### DEFINITIONS

1. "Recipients" mean Wesley Farrell, Ricky K. Patel, and Farrell & Patel, Attorneys at Law, and their present and former directors, officers, employees, contractors, agents, consultants, and affiliates and their attorneys, or other persons acting for or on behalf of any of them.

2.  "Current Litigation" means the ongoing litigation titled *In Re: National Football League Players' Concussion Injury Litigation*. Specifically, *Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated v. National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.*, Civ. A. No. 14-00029-AB.

3.  "Order" means the July 19, 2017, Notice and Order the Honorable Anita Brody of the United States District Court for the Eastern District of Pennsylvania issued concerning the alleged deceptive practices that target Settlement Class Members.

**GENERAL OBJECTIONS**

Recipients reserve all proper objections to the materiality, relevance, and/or admissibility of the subject matter of the responses provided to Co-Lead Class Counsel. All responses and answers herein are made with the express reservation of the general objections set forth below as well as the objections listed in the individual responses.

A. Recipients object generally and entirely to Co-Lead Class Counsel's interrogatories on the grounds that issuing interrogatories to non-parties is prohibited under the Federal Rules of Civil Procedure. *Taggart v. Wells Fargo Home Mort., Inc.*, No. 10-CV-00843, 2012 WL 4462633 at *2 (E.D. Pa. Sept. 27, 2012) ("interrogatories served on nonparties are [a] nullity'). Non-party discovery "must be conducted by subpoena pursuant to Fed. R. Civ. P. 45, not the rules governing discovery of parties." *Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001). Recipients are not parties in the Current Litigation and are thus not proper subjects of Rule 33 interrogatories.

B. Recipients object generally and entirely to Co-Lead Class Counsel's interrogatories on the grounds that the Order does not authorize Co-Lead Class Counsel to issue interrogatories to non-parties or non-class members. On its face, the Order limits discovery to Settlement Class Members. Co-Lead Counsel's interpretation of the Order to expand discovery to

non-parties does not comport with Federal Rules of Civil Procedure 26 and 33, which, as mentioned, limit the scope of discovery to parties only. While Rule 26 authorizes district courts to "limit" discovery, nothing in the Rules permits a Court to authorize Rule 33 discovery to non-parties. A non-party discovery request must be in the form of a Rule 45 non-party subpoena.

C. Recipients object generally to Co-Lead Class Counsel's definitions and instructions to the extent they impose obligations that exceed the requirements of the Federal Rules of Civil Procedure.

D. Recipients object generally to Co-Lead Class Counsel's interrogatories to the extent they do not conform to the requirements of Rules 26 and 33 of the Federal Rules of Civil Procedure.

E. Recipients object generally to Co-Lead Class Counsel's interrogatories to the extent they seek information unrelated to non-privileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case.

F. Recipients object generally to Co-Lead Class Counsel's interrogatories to the extent they seek confidential communications with counsel or information or documents created or prepared in anticipation of litigation or for trial on the grounds that such information and/or documents are protected by the attorney-client privilege and/or the work product doctrine.

G. Recipients object generally to Co-Lead Class Counsel's interrogatories on grounds that the United States District Court for the Eastern District of Pennsylvania lacks personal jurisdiction over Recipients. There is no pending action against Recipients in Pennsylvania, and Recipients are domiciled and/or principally located outside the State of Pennsylvania.

H. Recipients object to Co-Lead Class Counsel's use of the word "Respondent" to the extent that it implies Recipients being parties in the Current Litigation.

I. The Current Litigation is in a post-judgment status, with any and all non-party discovery foreclosed by the posture of the action. There will be no trial in the Current Litigation. Rule 26 initial disclosures have not been made by Co-Lead Counsel as to the subject matter sought by the Interrogatories in question.

J. The subject Interrogatories are not proportional to the cost and expense that would be incurred by the Recipients and the alleged benefit, if any, to Co-Lead Counsel. Said cost and expense outweighs any alleged benefit.

K. The subject Interrogatories would result in collateral discovery issues, costs, and expenses, including as to Co-Lead Counsel and the Plaintiff's Steering Committee members.

L. Recipients reserve the right to file a motion for protective order in the event these objections and/or responses are deemed to be insufficient as to the manner of objection.

**SPECIFIC RESPONSES AND OBJECTIONS**

**Interrogatory No 1.**

Identify every Retired NFL Football Player with whom You have entered into any agreement related in any way to the Settlement and state the nature of each agreement into which You entered with each Retired NFL Football Player. Include the date that each agreement was signed by the Retired NFL Football Player or on his behalf, the fee arrangement (*i.e.*, the contingent fee percentage or other monies You are to be paid) and, if applicable, the date on which the Retired NFL Football Player discharged You. Additionally, to the extent that any Retired NFL Football Player entering into an agreement with You, also entered into an agreement(s) with a third party in connection with the Settlement, whether You were directly involved in that agreement or not, identify that third party (including, but not limited to, Fred Willis, Case Strategies Group (formerly known as NFL Case Consulting, LLC) ("CSG"), other claims services providers, lenders or others), the nature of that agreement, the fee arrangement thereunder and the date on which that agreement was signed by the Retired NFL Football Player or on his behalf. In lieu of responding to this Interrogatory, You may produce to the undersigned copies of all agreements concerning which information is requested.

**ANSWER: Recipients object to this interrogatory as it seeks information**

4

protected by the attorney-client privilege and/or attorney work-product doctrine. The identity of Recipients' clients, past or present, is subject to the attorney-client privilege. The nature of, particulars in, and the fee agreements themselves are subject to the attorney-client privilege. Recipients restate and incorporate by reference the above-stated general objections as if fully stated herein.

**Interrogatory No 2.**

Identify every Retired NFL Football Player referred for, sent to, or scheduled for any type of Medical Services, by You, anyone working on Your behalf, or working in conjunction with You in any way, and the date(s) the Medical Services were rendered and the name and location of the medical provider who rendered these Medical Services.

**ANSWER:** Recipients object to this interrogatory as it seeks information obtained in the anticipation of litigation and protected by the work product doctrine. The identity of Recipients' clients, past or present, is subject to the attorney-client privilege. Additionally, the requested medical information is privileged under the patient-physician relationship as well as applicable heath care privacy laws, state and federal. Recipients further object to this interrogatory and incorporate by reference the above-mentioned general objections as if fully stated herein.

**Interrogatory No 3.**

Identify every Retired NFL Football Player for whom You, or anyone working on Your behalf, or working in conjunction with You in any way, have been involved in the payment, directly or through others, for a Retired NFL Football Player's travel and related expenses (whether on a non-recourse or recourse basis) in connection with obtaining any Medical Services to assist the Retired NFL Football Player in any way in participating in the Settlement.

**ANSWER:** Recipients object to this interrogatory as it seeks information protected by the attorney-client privilege and work product doctrine. The identity of Recipients' clients, past or present, is subject to the attorney-client privilege, as well as matters involving expenses incurred by Recipients in their representation of said clients. Recipients further object to this interrogatory and restate and incorporate by reference the above-mentioned

5

general objections as if fully stated herein.

**Interrogatory No 4.**

Identify every individual and entity with whom You, anyone working on Your behalf, or working in conjunction with You in any way, have worked or Communicated in connection with any Retired NFL Football Player's obtaining any Medical Services to assist the Retired NFL Football Player in any way in participating in the Settlement, including, but not limited to, Fred Willis, medical providers, claims services providers, lenders or others. For each such individual and/or entity, explain the details of the relationship and identify each Retired NFL Football Player involved.

> **ANSWER: Recipients object to this interrogatory as it seeks information protected by the attorney-client privilege and work product doctrine. The identity of Recipients' clients, past or present, is subject to the attorney-client privilege. Additionally, the requested medical information is privileged under the patient-physician relationship as well as applicable heath care privacy laws, state and federal. Recipients further object to this interrogatory and incorporate by reference the above-mentioned general objections as if fully stated herein.**

**Interrogatory No 5.**

Identify every individual and entity, including but not limited to CSG and Fred Willis, with whom You, anyone working on Your behalf, or working in conjunction with You in any way, have any financial relationship or understanding, whether recourse or non-recourse, whether in writing or verbal, related to any Retired NFL Football Player's participation in the Settlement. For each such individual and entity, explain the details of the relationship and identify each Retired NFL Football Player involved. Identify any document related to the relationship.

6

**ANSWER:** Recipients object to this interrogatory to the extent it seeks information beyond the scope of the Order. Recipients object to this interrogatory as it seeks information protected by the attorney-client privilege and work product doctrine. Additionally, the requested medical information is privileged under the patient-physician relationship as well as applicable heath care privacy laws, state and federal. Recipients further object to this interrogatory and incorporate by reference the above-mentioned general objections as if fully stated herein.

**Interrogatory No. 6.**

Identify every individual and entity from whom You have obtained the contact information for any Retired NFL Football Player, including their home or cellular telephone numbers, home or business addresses, and email addresses.

**ANSWER:** Recipients object to this interrogatory as it seeks information protected by the attorney-client privilege and work product doctrine. Recipients further object to this interrogatory on grounds that it exceeds the scope of the Order and incorporate by reference the above-mentioned general objections as if fully stated herein.

**Interrogatory No. 7.**

Identify every individual and entity to whom You have provided any contact information for any Retired NFL Football Player.

**ANSWER:** Recipients object to this interrogatory as it seeks information protected by the attorney-client privilege and work product doctrine. Recipients further object to this interrogatory on grounds that it exceeds the scope of the Order and is unreasonably overbroad. The identity of Recipients' clients, past or present, is subject to the attorney-client privilege. Recipients incorporate by reference the above-mentioned general objections as if fully stated herein.

**Interrogatory No. 8.**

Identify every person or entity (including, but not limited to CSG and Fred Willis) with whom You have entered into any agreement, whether written or verbal, related to the Settlement, including but not limited to the referral of Retired NFL Football Players for legal representation, Settlement benefits claims services, Medical Services, or any other services or

7

provisions of monies, related to the Settlement, or the suggestion to Retired NFL Football Players that they contact individuals or entities in connection with the provision of any representation, services or monies related to the Settlement, and state the nature of each agreement.

> **ANSWER:** Recipients object to this interrogatory as it seeks information protected by the attorney-client privilege and work product doctrine. Recipients further object to this interrogatory on grounds that it exceeds the scope of the Order and is unreasonably overbroad. The identity of Recipients' clients, past or present, is subject to the attorney-client privilege. Recipients incorporate by reference the above-mentioned general objections as if fully stated herein.

**Interrogatory No. 9.**

Identify every individual and entity with whom You, anyone working on Your behalf, or working in conjunction with You in any way, Communicated related to the Solicitation of Retired NFL Football Players.

> **ANSWER:** Recipients object to this interrogatory as it seeks information protected by the attorney-client privilege and work product doctrine. Recipients further object to this interrogatory on grounds that it exceeds the scope of the Order and is unreasonably overbroad. The identity of Recipients' clients, past or present, is subject to the attorney-client privilege. Recipients incorporate by reference the above-mentioned general objections as if fully stated herein.

T. Roe Frazer II
Frazer PLC
I Burton Hills Boulevard, Suite 215
Nashville, TN 37215
Phone: (615) 647-0990
Fax: (866) 314-2466
roe@frazer.law

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2017, the foregoing was served via e-mail and US First Class Mail, postage prepaid to:

Christopher A. Seeger, Esq.
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
cseeger@seegerweiss.com

T. Roe Frazer II