UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>    Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>    Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### CO-LEAD CLASS COUNSEL'S RESPONSE TO "RESPECTFUL REQUEST" TO APPOINT THE MAGISTRATE JUDGE TO DETERMINE ALLOCATION OF COMMON BENEFIT FUND

Co-Lead Class Counsel respectfully submit this brief response to the "respectful request" filed on August 31, 2017 by attorney Nicole V. DeVanon of the firm of Girardi Keese (ECF No. 8330) ("Request"), seeking appointment of Magistrate Judge Strawbridge to determine "proper allocation" of the common benefit fund. The Court should deny the Request.

The Request does not make clear on whose behalf it is filed. It is also not clear what the Request means in making the disjointed averment that "all of the parties to the litigation have relations." ECF No. 8330, at 1. Plainly, they do not.

At any rate, the Court should reject the Request for several reasons. *First*, it is well out of time. The briefing of the common benefit fee petition (ECF No. 7151) closed months ago. There is no explanation offered as why this "respectful request" is being made now.

*Second*, in its April 4, 2017 Order (ECF No. 7446), the Court already delineated the handling of fee issues, tasking Magistrate Judge Strawbridge with the preparation of a Report and Recommendation concerning the individual attorney petitions for assertions of liens, but reserving to itself the adjudication of "Co-Lead Class Counsel's Petition for Award of Attorneys' Fees (ECF No. 7151), any objections to that Petition, and all similar filings related to fees associated with the Settlement Class as a whole." Stated simply, the Court has already spoken to the Request and stated that *it* will decide common benefit fee petition issues.

*Third*, the Request lacks a persuasive justification for the Court to undo its April 4th Order and turn every fee-related matter over to the Magistrate Judge. It states that "[a] lot of work has gone into the case before and after the class action approval," and that "[i]t would be best if the person who is placed in charge of evaluating legal fee issues is familiar with the work done both before and after the class action was approved." ECF No. 8330, at 1-2. This is unconvincing for two reasons. The first is that no firm is owed compensation out of the Attorneys' Fees Qualified Settlement Fund merely because it performed work, irrespective of how much work it performed or how far back in time services were rendered. The salient question is whether any work inured to the *common benefit* of the Class. The second reason is that the Request offers no explanation as to why this Court should cede common benefit fee allocation responsibility to the Magistrate Judge. No one is more familiar with the entire history of this litigation and better suited to make allocation determinations as to common benefit work than this District Judge – who has presided

over and lived with this multidistrict litigation for well over five years now and thus is well acquainted with every twist and turn in it, and knows which firm did what.

To the extent that the Court directed the Magistrate Judge to address individual attorneys' lien petitions in the first instance, the reason for that distinct treatment should be fairly obvious. No one can be certain how much work individual attorneys or firms performed for individual Class Member clients to justify the percentage liens they claim. Consequently, there may be a need for separate factual development concerning some or many firms' asserted individual liens. It is simply misguided to lump together the adjudication of the common benefit fee and individual lien petitions.

For all these reasons, the Court should deny the Request.


Date:  September 5, 2017

Respectfully submitted,

/s/ Christopher A. Seeger
Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
cseeger@seegerweiss.com
Telephone:  (212) 584-0700
**Co-Lead Class Counsel**

Sol Weiss
ANAPOL WEISS
One Logan Square
130 N. 18th St. Ste. 1600
Philadelphia, PA 19103
Telephone:  (215) 735-1130
sweiss@anapolweiss.com
**Co-Lead Class Counsel**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's ECF system on September 5, 2017.

/s/ Christopher A. Seeger
Christopher A. Seeger
