# Exhibit A

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB <br><br> MDL No. 2323 <br><br> **Hon Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, <br><br>                Plaintiffs, <br><br>   v. <br><br> National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., <br><br>                Defendants. | No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**SUR-REPPLY IN OPPOSITION TO CO-LEAD CLASS COUNSEL'S MOTION TO COMPEL CASE STRATEGIES GROUP, IT STRATEGIES GROUP, CRAIG SIENEMA, JAMES MCCABE, LIBERTY SETTLEMENT SOLUTIONS, LLC, LIBERTY CONTINGENT RECEIVABLES, LLC, LIBERTY SETTLEMENT FUNDING, JMMHCS HOLDINGS, LLC, AND MARC HERMES TO RESPOND TO IMPROPER NONPARTY DISCOVERY**

Nonparties Case Strategies Group ("CSG"), IT Strategies Group, Liberty Settlement Solutions, LLC, Liberty Contingent Receivables, LLC, Liberty Settlement Funding, JMMHCS Holdings, LLC, Craig Sienema, James McCabe, and Marc Hermes, (collectively "Respondents") respectfully submit this Sur-Reply in Opposition to Co-Lead Class Counsel's ("Class Counsel")

Motion to Compel (the "Motion") [ECF No. 8319] and Class Counsel's Reply in Support of the Motion (the "Reply.") [ECF No. 8351.]

During the August 30, 2017 hearing, when asked by the Court "what do you need from these people before a hearing," Class Counsel emphatically protested that it "need[s] to know who these players are, so that [Class Counsel] can contact them." (Hearing Tr. 23:14-17, a copy of which is attached hereto as Exhibit '1.') Yet Class Counsel's recent Reply admits that it already possessed the names and information for *seventy-nine* class members currently under contract with CSG.[1] Class Counsel told the Court on August 30 that it did not know who CSG's clients were, but the Reply makes clear that Class Counsel had that that information as early as August 14, 2017, well before filing the Motion to Compel. *See* Reply at 5-6 n. 4 *and* Seeger Decl. at Exs. E through I. Class Counsel's Reply undermines its case for compelling production of information from CSG.

Knowing the identity of seventy-nine Class Members, Class Counsel had no need for the extraordinary powers it requested from the Court.[2] CSG has 92 current clients and has repeatedly offered to provide Class Counsel with its full client list upon the execution of a simple protective order. As such, the positions taken in Class Counsel's current reply are both disingenuous and objectively burdensome under Rule 45(d)(1)because prior to filing the Motion

---

[1] Class Counsel's Reply shows it has been provided with ninety-one names from three law firms representing CSG's clients. (Reply at 5-6 n.4.) Those discovery responses are over inclusive, as only seventy-nine of CSG's ninety-two clients have retained those firms as their individual counsel. Nevertheless, Class Counsel still possessed over 85.8% of CSG's client list *before* filing the Motion to Compel. And as previously explained, CSG has proposed production of the names to Class Counsel in any event, contingent on the routine agreement to a protective order. Rather than agree to a protective order, however, Class Cousel instead persists with burdening the Court with its Motion.

[2] It bears note that Class Counsel's attempts to distinguish the cases relied upon by Respondents are unfounded. Class Counsel again omits or elides inconvenient portions of the cited opinions which directly contradict its positions. For example, Class Counsel omits from its citation of *Thompson v. Gonzales* that the court in that case held that "the Court's power to order non-party discovery, if any, is *derived exclusively from Rule 45*." *Thompson v. Gonzales*, No. 1:15-CV-301-LJO-EPG, 2016 WL 5404436, at *8 (E.D. Cal. Sept. 27, 2016) (emphasis added). Class Counsel again fails to cite any case in which a nonparty has been ordered to submit to party discovery – regardless of its status in relation to ongoing litigation.

to Compel against Respondents, Class Counsel was already fully equipped to contact the vast majority of CSG's clients well in advance of the September 19, 2017 hearing. But instead, Class Counsel continues to burden the Court and the parties with a Motion seeking enforcement of extraordinarily broad discovery requests from nonparty Respondents, without so much as a mention of the information it already possessed. Under these circumstances, Class Counsel's Motion should be denied and this Court, as required by the Federal Rules, must impose an appropriate sanction on Class Counsel for failure to comply with the applicable Rules of Civil Procedure and seeking to compel nonparties to respond to improper discovery. *See* Fed. R. Civ. P. 45(d)(1); *XTO Energy, Inc. v. ATD, LLC*, No. CIV 14-1021 JB/SCY, 2016 WL 1730171, at \*26, 31-32 (D.N.M. Apr. 1, 2016) (holding that failure to comply with the subpoena rules to nonparties rendered discovery propounded on those third parties burdensome and noting that "[R]ule 45 requires the Court to impose sanctions when a subpoena imposes an undue burden on the responding party…."); *Jiangmen Kinwai Furniture Decoration Co. Ltd v. IHFC Properties, LLC*, No. 1:14-CV-689, 2015 WL 12911773, at \*1 (M.D.N.C. Oct. 27, 2015), *reconsideration denied,* No. 1:14CV689, 2017 WL 3600413 (M.D.N.C. Aug. 18, 2017) (awarding sanctions under Rule 45(d)(1) for subpoenas issued for non-relevant testimony and noting Rule 45(d)(1) "requires" issuance of appropriate sanctions where a party has failed to take reasonable steps to avoid undue burden.").

This Court should be wary of Class Counsel's Motion to Compel given the extraordinary relief sought, as well as Class Counsel's omissions and misrepresentations in its Motion to Compel. Yet, the Court should deny the Motion to Compel for the simple reason that Respondents are all nonparties, *see U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009), and discovery sought from nonparties must proceed by issuance subpoenas under Rule

45.  *See, e.g., Shipes v. Amurcon Corp.*, No. 10-14943, 2012 WL 1183686 (E.D. Mich. Apr. 9, 2012) (holding that a court order permitting discovery from a nonparty did not enable litigant to "circumvent the Federal Rules," and avoid service of a subpoena).  Federal Rules of Civil Procedure 33, 34, and 45 are explicit and clear on this point and do not provide for the exercise of the judicial discretion Class Counsel requests.  Because the Federal Rules of Civil Procedure carry the force of law, *see Moravian School Advisory Board of St. Thomas v. Rawlins*, 70 F.3d 270, 274 (3d Cir. 1995), Class Counsel's failure to follow the procedures provided by the Rules is reason enough to deny Class Counsel's Motion to Compel.[3]

Respectfully submitted,

Dated: September 5, 2017     By:  /s/ Richard L. Scheff

    Richard L. Scheff (PA ID No. 35213)
    Peter Breslauer (PA ID No. 66641)
    David F. Herman (PA ID No. 318518)
    **MONTGOMERY MCCRACKEN**
      **WALKER & RHOADS LLP**
    123 South Broad Street, 24th Floor
    Philadelphia, PA  19109
    Phone:  215.772.7502
    Email:  rscheff@mmwr.com
    *Counsel for Respondents*

---

[3] Class Counsel also asserts that it "strains credulity for CSG's counsel to insist that CSG's employees did not suggest that any of its clients retain counsel but, rather, waited for the Class Members to inquire about representation…." (Reply at 6.)  But Class Counsel ignores that CSG has already produced its contract with its clients, which describes the wide range of services to its clients, including "If requested, assist Client in understanding choices available for retaining legal counsel, depending on the personal priorities of the Client." [ECF 7812-3.]  Providing advice on potential representation counsel, including remaining represented by Class Counsel, was part and parcel of the document forming the relationship between CSG and its Class Members.  Nothing strains credulity that CSG's clients would voluntarily choose retain individual counsel to represent their interests in this matter.  And, given recent sworn declarations filed with this Court, [ECF No. 8309-1], alleging that Class Counsel entered into verbal and undisclosed agreements with the Claims Administrator as to the proper interpretation of the Settlement Agreement, such individual representation may prove to be a wise move by Class Members.

# Exhibit 1

```
                    UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF PENNSYLVANIA


IN RE: NATIONAL FOOTBALL LEAGUE  )   12-MDL-2323-AB
PLAYERS' CONCUSSION INJURY       )
LITIGATION                       )
                                 )
_____)
                                 )
Kevin Turner and Shawn Wooden,   )   Philadelphia, PA
on behalf of themselves and      )   August 30, 2017
others similarly situated,       )   10:25 a.m.
                                 )
         Plaintiffs,             )
                                 )
      vs.                        )
                                 )
National Football League and     )
NFL Properties, LLC,             )
successor-in-interest to         )
NFL Properties, Inc.,            )
                                 )
         Defendants.             )
_____)


               TRANSCRIPT OF TELEPHONE CONFERENCE
             BEFORE THE HONORABLE ANITA B. BRODY
                 UNITED STATES DISTRICT JUDGE


APPEARANCES:


For Kevin Turner,        TERRIANNE BENEDETTO, ESQUIRE
et al:                   CHRISTOPHER A. SEEGER, ESQUIRE
                         SEEGER WEISS, LLP
                         1515 Market Street
                         Suite 1380
                         Philadelphia, PA  19102


For RD Legal Entities    DAVID WILLINGHAM, ESQUIRE
and Roni Dersovitz:      MICHAEL ROTH, ESQUIRE
                         JEFFREY M. HAMMER, ESQUIRE
                         BOIES SCHILLER & FLEXNER
                         725 S. Figueroa Street
                         31st Floor
                         Los Angeles, CA 90017
```

APPEARANCES:   Continued

| | |
|---|---|
| For Marvin Jones, et al: | STEVEN C. MARKS, ESQUIRE<br>PODHURST ORSECK, PA<br>Sun Trust International Center<br>One Southeast 3rd Avenue<br>Miami, FLORIDA   33130 |
| For National Football League: | DOUGLAS M. BURNS, ESQUIRE<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP<br>1285 Avenue of the Americas<br>New York, NY   10019 |
| For Justice Funds and CSG: | RICHARD L. SCHEFF, ESQUIRE<br>MONTGOMERY MCCRACKEN<br>123 South Broad Street<br>Avenue of the Arts<br>Philadelphia, PA   19109 |
| Audio Operator: | CHRIS KUREK |
| Transcribed by: | DIANA DOMAN TRANSCRIBING, LLC<br>P.O. Box 129<br>Gibbsboro, New Jersey   08026<br>Office:   (856) 435-7172<br>Fax:       (856) 435-7124<br>Email:   dianadoman@comcast.net |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

Case 2:12-md-02323-AB   Document 8355-1   Filed 09/05/17   Page 9 of 9
Benedetto - Argument                                    23

```
 1   valid subpoena, which we agreed to accept service of.  We also
 2   agreed, as opposed to producing the nine people for deposition,
 3   to produce an individual from CSG to testify in the nature of a
 4   30(b)(6) deposition, who could cover, you know, what we would
 5   hope would be all of the subject areas that class counsel was
 6   interested in.  And depending on the answers provided and
 7   further meet and confers with class counsel, we would consider
 8   whether or not to present other people for deposition.
 9             But, again, that was all conditioned on receiving
10   valid subpoenas.  Class counsel did not accept that suggestion.
11   We've not gotten subpoenas.  As a result they filed their motion
12   to compel.  As I said, we've not yet filed our response papers,
13   but we will be doing so today.
14             THE COURT:  Okay.  Ms. Benedetto, what do you need
15   from these people before a hearing?
16             MS. BENEDETTO:  First of all, I need to know who these
17   players are, so that I can contact them.  This -- the way this
18   remediation process went -- went forward, we never agreed that
19   the remediation process would be sufficient for us to satisfy
20   ourselves that the class members truly understood what exactly
21   they were getting for giving up a percentage of their potential
22   future monetary award by signing up with CSG.
23             And after the remedia -- and the reason why we didn't
24   weigh in on what they were purporting to disclose to these class
25   members in the remediation process, was because we didn't agree
```