**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| _____ | : | |
| IN RE: NATIONAL FOOTBALL | : | No. 2:12-md-02323-AB |
| LEAGUE PLAYERS' CONCUSSION | : | |
| INJURY LITIGATION | : | MDL No. 2323 |
| _____ | : | |
| | : | **Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, | : | |
| _on behalf of themselves and_ | : | |
| _others similarly situated,_ | : | |
| Plaintiffs, | : | Civ. Action No. 14-00029-AB |
| | : | |
| v. | : | |
| | : | |
| National Football League and | : | |
| NFL Properties, LLC, | : | |
| successor-in-interest to | : | |
| NFL Properties, Inc., | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ALL ACTIONS | : | |
| _____ | | |

**ORDER REGARDING PAYMENT OF ATTORNEYS' FEES AND EXPENSES**
**FROM CLAIMS ON FUNDING REQUEST NO. 6 DATED JULY 10, 2017**

Pursuant to the Court's continuing and exclusive jurisdiction under Article XXVII of the
Amended Class Action Settlement Agreement filed on February 13, 2015 (the "Settlement
Agreement"), and the May 8, 2015 Amended Final Approval Order and Judgment, **IT IS
HEREBY ORDERED** as follows:

1.      _Defined Terms._  The capitalized terms used in this Order that are defined in the
Settlement Agreement have the same meanings given to them in the Settlement Agreement.
Additional capitalized terms are defined in this Order.

2.      _Relevant Settlement Agreement Provisions._  To ensure there are sufficient funds
in the Monetary Award Fund to pay all final Monetary Awards, Derivative Claimant Awards,
and costs and expenses, Section 23.3(b)(i) of the Settlement Agreement requires the Claims
Administrator to submit a monthly funding request to the Parties in this manner:

1

> [O]n or before the 10th day of each month, the Claims Administrator shall
> provide in writing to the NFL Parties and Co-Lead Class Counsel a monthly
> funding request identifying the monetary amount necessary to pay all final and
> accrued Monetary Awards, Derivative Claimant Awards and the costs and
> expenses paid out of the Monetary Award Fund, . . . and any additional amount
> necessary to maintain the Monetary Award Fund targeted reserve, . . . after all
> final and accrued Monetary Awards, Derivative Claimant Awards and costs and
> expenses are paid.

Section 23.3(b)(iii) gives the Parties an opportunity to object to a funding request:

> Within ten (10) days after receipt of the written monthly funding request, the NFL
> Parties and Co-Lead Class Counsel shall each notify the Claims Administrator in
> writing of any objection to any aspect of the funding request.

Section 23.3 (b)(iii)(1) sets the deadline by which the NFL will pay funds into the
Monetary Award Fund:

> [T]he NFL Parties will pay, or cause to be paid, the additional amounts beyond
> the undisputed portion of the monthly funding request within the longer of thirty
> (30) days of receiving the written monthly funding request or ten (10) days after
> resolution of the objection.

Section 23.3(b)(iv) sets the time within which the Claims Administrator will instruct the
Trustee to pay Monetary Awards and Derivative Claimant Awards on a monthly funding
request:

> Within ten (10) days after transfer of funds into the Monetary Award Fund . . . ,
> the Claims Administrator shall cause payment to be issued on all applicable final
> and accrued Monetary Awards, Derivative Claimant Awards and costs and
> expenses paid out of the Monetary Award Fund.

**3.**     ***Scope of this Order.***   This Order applies to the Monetary Award payments
reflected in the Claims Administrator's Funding Request No. 6 dated July 10, 2017 ("Covered
Payments") and to the six attorneys or law firms representing Settlement Class Members
identified in Funding Request No. 6 ("Covered Attorneys").

**4.**     ***Handling of Attorneys' Fees and Expenses Related to Monetary Awards on
Funding Request No. 6.***

> (a) Within seven days after the date of this Order, the Covered Attorneys shall
> provide the Claims Administrator with a statement of:  (1) the Covered Attorney's
> contingency fee percentage applicable to any Covered Payment; (2) the amount of
> his or her expenses relating to any Covered Payment; (3) verification that such
> fees and expenses are reasonable; and (4) an executed certification pursuant to 28

U.S.C. §1746 that the information provided to the Claims Administrator is true and accurate.

(b) The Covered Attorneys shall retain the fees and expenses applicable to each Covered Payment, as determined in accordance with the information provided under Paragraph 4(a) of this Order, or as modified by the Court, in escrow and shall not withdraw, distribute or otherwise release custody and control of those funds until further order of Court, and shall ensure that the balance of such Covered Payments is promptly paid to the applicable Settlement Class Member.

5.    ***Exclusive Retained Jurisdiction.***  This Court retains continuing and exclusive jurisdiction over the interpretation, implementation, and enforcement of this Order.

SO ORDERED this ___7TH ___day of September, 2017.

**s/Anita B. Brody**
_____

**Anita B. Brody**
**United States District Court Judge**

Copies **VIA ECF** on _____ to:            Copies **MAILED** on _____ to: