# Exhibit G




**Howard & Associates**
**Attorneys at Law, P.A.**
*Dr. Tim Howard, J.D., Ph.D., Senior Partner**
*Florida Supreme Court Certified Mediator*

**Tallahassee Office:**
2120 Killarney Way, Suite 125
Tallahassee, Florida 32309
Ph: (850) 298-4455; Fax (850) 216-2537
Tim@howardjustice.com

**Fort Lauderdale Office:**
101 NE Third Ave., Suite 1500
Fort Lauderdale, Florida 33301
(954) 332-3633
www.howardjustice.com

**Jacksonville Office:**
Riverplace Tower, 21st Floor
1301 Riverplace Boulevard
Jacksonville Florida 32210
(850) 298-4455

**Cambridge Office:**
8 Museum Way
Suite 2408
Cambridge, Massachusetts 02141
(857) 277-0990

August 25, 2017

Christopher A. Seeger, Esq.
TerriAnne Benedetto, Esq.
SeegerWeis, LLP
77 Water Street, New York, NY 10005
(212) 584-0700 or (215) 564-2300
(212) 584-0799 (f)
tbenedetto@seegerweis.com

Re: August 10, 2017 Discovery Request to Howard & Associates.

Dear Mr. Seeger:

In response to your discovery request, please find the attached Answers to Interrogatories. Please note that in general, this firm's contingency fees range from 12.5% to 20% plus costs, in an effort to maximize the return for its Retired NFL Player clients. In a similar effort to maximize recoveries for Retired NFL Player clients, this firm either directly pays for travel and Medical Services, or has taken over the obligations from any third-party contracts and reduces the fee by the law firm for any amount the law firm has to pay above the actual costs and Florida Bar approved charges, including the third-party charges. This firm wishes to thank you for your efforts at ensuring that the NFL Concussion Settlement fees and costs to Retired NFL Players are reasonable, and in maximizing the medical and economic recovery for Retired NFL Players.

Sincerely yours,

P. Tim Howard, J.D., Ph.D.
Howard & Associates
2120 Killarney Way, Suite 125
Tallahassee, FL 32309
(850) 298-4455
tim@howardjustice.com

cc: file

*Admitted to practice in Florida, the District of Columbia, Northern, Middle, and Southern United States District Courts of Florida, the United States Court of Appeals for the 11th Circuit, and the United States Supreme Court. Ph.D, Northeastern University, Law, Policy & Society. Former Visiting Health Law, Bioethics, and Human Rights Scholar and Constitutional Law, Media & Politics and Judicial Process Instructor at Boston University. Former Director of and Professor with Northeastern University's Law & Policy Doctorate Program. President of Cambridge Graduate University International.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION

No. 2:12-md-02323-AB

MDL No. 2323

**Hon. Anita B. Brody**

Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

National Football League and NFL Properties, LLC, Successor-in-interest to NFL Properties, Inc.,

Defendants.

CIVIL ACTION NO: 14-cv-0029

**RESPONSES TO INTERROGATORIS DIRECTED TO RESPONDENTS TIMOTHY HOWARD, J.D., PH.D., AND HOWARD & ASSOCIATES, P.A.**

Pursuant to the Court's Order dated July 19, 2017 (ECF No. 8037), and the August 10, 2017 Interrogatories Directed to Respondent, Timothy Howard, J.D., Ph.D., and Howard & Associates, P.A., the Respondents provide the following Responses to Interrogatories.

**Interrogatory No. 1.**

Identify every Retired NFL Football Player with whom You have entered into any agreement related in any way to the Settlement and state the nature of each agreement into which You entered with each Retired NFL Football Player. Include the date that each agreement was signed by the Retired NFL Football Player or on his behalf, the fee arrangement (i.e., the contingent fee percentage or other monies You are to be paid) and, if applicable, the date on which the Retired NFL Football Player discharged You. Additionally, to the extent that any Retired NFL Football Player entered into an agreement with You, also entered into an agreement(s) with a third-party in connection with the Settlement, whether You were directly involved in that agreement or not, identify that third party (including, but not limited to, Cambridge Capital Group, LLC, other lenders, claims services providers, or others), the nature of that agreement, the fee arrangement thereunder and the date on which that agreement was signed by the Retired NFL Football Player

or on his behalf. In lieu of responding to this Interrogatory, You may produce to the undersigned copies of all agreement concerning which information is requested.

**Response:** The law firm has not received client authorization to release confidential attorney-client communications, or work product documents, or information that is or may be confidential or otherwise protected by any right of privacy, to another law firm. Moreover, the discovery requests do not comply with Federal Rule of Civil Procedure 45, which governs the discovery of information from non-parties such as this law firm, including a valid subpoena in accordance with Rule 45(a)-(c). The request seeks information that is not relevant to any party's claim or defense in this litigation, and thus it is outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). To the extent that the request is overbroad and unduly burdensome that it seeks information that the burden and expense will far outweigh the likely benefit, the request is inappropriate.

Upon receipt of authorization from clients, and compliance with Rule 45 and Rule 26, and verification that the request is not overbroad and unduly burdensome, the law firm can provide a list of Retired NFL Football Players with whom the law firm has entered into any agreements, including the date, the contingency fee arrangement, and the date of discharge, if applicable. The law firm can also provide agreement(s) with third-parties that are found in the respective files, and the date the agreement(s) was entered into.

In general, the contingency fees entered into by this law firm with its Retired NFL Football Player clients range from 12.5% to 20.0%, plus costs. In general, some co-counsel referral contracts, which contracts did not originate with this law firm and are a minority of the client contracts, are 25%, plus costs.

In general, the law firm has paid for any and all travel and Medical Services, and bought-out any contracts that clients may have entered into with third-parties, in order to ensure that the clients do not have to pay equity advances charges for those costs.

For costs advanced by the law firm, only Florida Bar authorized charges are applied for law firm advanced travel or Medical Services costs, and any amounts above those costs are taken from the law firm's fee.

**Interrogatory No 2.**

Identify every Retired NFL Football Player referred for, sent to, or scheduled for any type of Medical Services, by You, anyone working on Your behalf, or working in conjunction with You in any way, and the date(s) Medical Services were rendered and the name and location of the medical provider who rendered those Medical Services.

**Response:** *See* Response to Interrogatory No. 1. The law firm has not received client authorization to release confidential attorney-client communications, or work product documents, or information that is or may be confidential or otherwise protected by any right of privacy, to another law firm. Moreover, the discovery requests do not comply with Federal Rule of Civil Procedure 45, which governs the discovery of information from non-parties such as this law firm, including a valid subpoena in accordance with Rule 45(a)-(c). The request seeks

information that is not relevant to any party's claim or defense in this litigation, and thus it is outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). To the extent that the request is overbroad and unduly burdensome that it seeks information that the burden and expense will far outweigh the likely benefit, the request is inappropriate.

Upon receipt of authorization from clients, and compliance with Rule 45 and Rule 26, and verification that the request is not overbroad and unduly burdensome, the law firm can provide a list which also includes the Medical Services, dates, name and location of the Medical Services provider.

In general, the law firm has referred its clients to a board-certified neurologist and/or a psychologist for preliminary testing and screening. The law firm is sending its clients to a MAFS qualified neurologist and board-certified neuropsychologist for final client testing, clinical review, clinical assessment, and final reports for the MAFS qualified neurologist client file submission to the NFL Concussion Settlement Claims Center.

**Interrogatory No. 3.**

Identify every Retired NFL Football Player for whom You, or anyone working on Your behalf, or working in conjunction with You in any way, have been involved in the payment, directly, or through others, for a Retired NFL Football Player's travel and related expenses (whether on a non-recourse or recourse basis) in connection with obtaining any Medical Services to assist the Retired NFL Football Player in any way in participating in the Settlement.

**Response:** *See* Responses to Interrogatories No. 1 through No. 2. The law firm has not received client authorization to release confidential attorney-client communications, or work product documents, or information that is or may be confidential or otherwise protected by any right of privacy, to another law firm. Moreover, the discovery requests do not comply with Federal Rule of Civil Procedure 45, which governs the discovery of information from non-parties such as this law firm, including a valid subpoena in accordance with Rule 45(a)-(c). The request seeks information that is not relevant to any party's claim or defense in this litigation, and thus it is outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). To the extent that the request is overbroad and unduly burdensome that it seeks information that the burden and expense will far outweigh the likely benefit, the request is inappropriate.

Upon receipt of authorization from clients, and compliance with Rule 45 and Rule 26, and verification that the request is not overbroad and unduly burdensome, the law firm can verify that in general, it has either directly paid for any and all travel and Medical Services, or bought out any contracts that clients may have entered into with third-parties with the law firm reducing its fees for any amounts above Florida Bar approved costs, in order to ensure that the clients do not have to pay equity advances charges for those costs. For costs advanced by the law firm, or for those third-party contracts bought out by the law firm, only Florida Bar authorized charges are applied.

**Interrogatory No. 4.**

Identify every Retired NFL Football Player for whom You, or anyone working on Your behalf, or working in conjunction with You in any way, have worked or Communicated in connection with any Retired NFL Football Player's obtaining any Medical Services to assist the Retired NFL Football Player in any way in participating in the Settlement, including, but not limited to, medical providers, claims services providers, lenders or others. For each such individual and/or entity, explain the details of the relationship and identify each Retired NFL Football Player involved.

**Response:** *See* Responses to Interrogatories No. 1 through No. 3. The law firm has not received client authorization to release confidential attorney-client communications, or work product documents, or information that is or may be confidential or otherwise protected by any right of privacy, to another law firm. Moreover, the discovery requests do not comply with Federal Rule of Civil Procedure 45, which governs the discovery of information from non-parties such as this law firm, including a valid subpoena in accordance with Rule 45(a)-(c). The request seeks information that is not relevant to any party's claim or defense in this litigation, and thus it is outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). To the extent that the request is overbroad and unduly burdensome that it seeks information that the burden and expense will far outweigh the likely benefit, the request is inappropriate.

Upon receipt of authorization from clients, and compliance with Rule 45 and Rule 26, and verification that the request is not overbroad and unduly burdensome, the law firm can provide a list which includes anyone in connection with obtaining Medical Services to assist the Retired NFL Football Player, and identify the relationship.

In general, the law firm has clerical and paralegal staff assigned to coordinate and schedule travel and Medical Services for each client, as all clients receive a preliminary testing by a neuropsychologist and neurologist, and will receive final testing from an NFL-MAFS qualified neurologist and board-certified neuropsychologist in compliance with the NFL Concussion Settlement standards.

**Interrogatory No. 5.**

Identify every individual and entity, with whom You, anyone working on Your behalf, or working in conjunction with You in any way, have any financial relationship or understanding, whether recourse or non-recourse, whether in writing or verbal, related to any Retired NFL Player's participation in the Settlement. For each such individual or entity, explain the details of the relationship and identify each Retired NFL Football Player involved. Identify any document related to the relationship.

**Response**: *See* Response to Interrogatories No. 1 through No. 4. The law firm has not received client authorization to release confidential attorney-client communications, or work product documents, or information that is or may be confidential or otherwise protected by any right of privacy, to another law firm. Moreover, the discovery requests do not comply with Federal Rule of Civil Procedure 45, which governs the discovery of information from non-parties such as this

law firm, including a valid subpoena in accordance with Rule 45(a)-(c). The request seeks information that is not relevant to any party's claim or defense in this litigation, and thus it is outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). To the extent that the request is overbroad and unduly burdensome that it seeks information that the burden and expense will far outweigh the likely benefit, the request is inappropriate.

Upon receipt of authorization from clients, and compliance with Rule 45 and Rule 26, and verification that the request is not overbroad and unduly burdensome, the law firm can provide a list that includes information concerning co-counsel on some cases, and co-counsel has a financial relationship or understanding, whether recourse or non-recourse, whether in writing or verbal, related to any Retired NFL Football Player's participation in the Settlement, and these will be listed on the document, including the contingency fee division.

In general, the law firm advises all clients not to take equity advances on their claims in any fashion due to being very expensive. Some clients deal with third-party equity advance sources regardless of the advice from the law firm.

**Interrogatory No. 6.**

Identify every individual or entity for whom You have obtained the contact information for any Retired NFL Football Player, including their home or cellular telephone numbers, home or business addresses, and email addresses.

**Response**: *See* Response to Interrogatories No. 1 through No. 5. The law firm has not received client authorization to release confidential attorney-client communications, or work product documents, or information that is or may be confidential or otherwise protected by any right of privacy, to another law firm. Moreover, the discovery requests do not comply with Federal Rule of Civil Procedure 45, which governs the discovery of information from non-parties such as this law firm, including a valid subpoena in accordance with Rule 45(a)-(c). The request seeks information that is not relevant to any party's claim or defense in this litigation, and thus it is outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). To the extent that the request is overbroad and unduly burdensome that it seeks information that the burden and expense will far outweigh the likely benefit, the request is inappropriate.

Upon receipt of authorization from clients, and compliance with Rule 45 and Rule 26, and verification that the request is not overbroad and unduly burdensome, other than the law firm referrals previously referenced, Retired NFL Football Players on the list have sent their fellow Retired NFL Players to the law firm.

In general, the law firm obtains client information from the client after the client was referred to the law firm by a colleague or friend. The senior partner with the law firm is a former player, and continues to volunteer as a football coach, as he has done for the past 20 years, and these resulted in the initial and continuing referrals to the law firm.

**Interrogatory No. 7.**

Identify every individual and entity to whom You have provided any contact information for any Retired NFL Football Players.

**Response**: *See* Response to Interrogatories No. 1 through No. 6. The law firm has not received client authorization to release confidential attorney-client communications, or work product documents, or information that is or may be confidential or otherwise protected by any right of privacy, to another law firm. Moreover, the discovery requests do not comply with Federal Rule of Civil Procedure 45, which governs the discovery of information from non-parties such as this law firm, including a valid subpoena in accordance with Rule 45(a)-(c). The request seeks information that is not relevant to any party's claim or defense in this litigation, and thus it is outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). To the extent that the request is overbroad and unduly burdensome that it seeks information that the burden and expense will far outweigh the likely benefit, the request is inappropriate.

Upon receipt of authorization from clients, and compliance with Rule 45 and Rule 26, and verification that the request is not overbroad and unduly burdensome, the law firm can provide a list of any individual or entity that the law firm has provided contact information for any Retired NFL Football Player.

In general, the Medical Service providers are the only individuals or entities, other than the NFL Concussion Claims Center, that has been provided contact information for any Retired NFL Football Player.

**Interrogatory No. 8.**

Identify every person or entity with whom You have entered into any agreement, whether written or verbal, related to the Settlement, including but not limited to the referral of Retired NFL Football Players for loans or provisions of money under other terms, for legal or other representation, for Settlement benefits claims services, for Medical Services, or any other services or related to the Settlement, or the suggestion to Retired NFL Football Players that they contact individuals or entities in connection with the provision of any representation, services or monies related to the Settlement, and state the nature of each agreement.

**Response**: *See* Response to Interrogatories No. 1 through No. 7. The law firm has not received client authorization to release confidential attorney-client communications, or work product documents, or information that is or may be confidential or otherwise protected by any right of privacy, to another law firm. Moreover, the discovery requests do not comply with Federal Rule of Civil Procedure 45, which governs the discovery of information from non-parties such as this law firm, including a valid subpoena in accordance with Rule 45(a)-(c). The request seeks information that is not relevant to any party's claim or defense in this litigation, and thus it is outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). To the extent that the request is overbroad and unduly burdensome that it seeks information that the burden and expense will far outweigh the likely benefit, the request is inappropriate.

Upon receipt of authorization from clients, and compliance with Rule 45 and Rule 26, and verification that the request is not overbroad and unduly burdensome, the law firm can provide a list of co-counsel agreements and agreements with third-parties that are found in the file.

In general, there is no other person or entity with whom the law firm has entered into any agreement related to the Settlement concerning referrals for loans, referrals for Settlement benefits claims services, etc. The law firm does have expert agreements with Medical Service providers, prior contracts with Medical Service and travel third-party companies that the law firm purchased out for the clients, and hotel contracts for player travel.

As part of its efforts to maximize the recovery for Retired NFL Players, the law firm has directly paid for travel and Medical Services for clients and has taken steps to ensure that clients are not being charged for equity advances by third-parties for these costs, and if previous contracts exist, has bought out those contracts, and is taking any third-party charges above the Florida Bar approved costs out of the law firm's final fee, to ensure that there are no charges to its clients.

**Interrogatory No. 9.**

Identify every individual and entity with whom You, anyone working on Your behalf, or working in conjunction with You in any way, Communicated related to the Settlement or the Solicitation of Retired NFL Football Players.

**Response:** See Response to Interrogatories No. 1 through No. 8. The law firm has not received client authorization to release confidential attorney-client communications, or work product documents, or information that is or may be confidential or otherwise protected by any right of privacy, to another law firm. Moreover, the discovery requests do not comply with Federal Rule of Civil Procedure 45, which governs the discovery of information from non-parties such as this Law firm, including a valid subpoena in accordance with Rule 45(a)-(c). The request seeks information that is not relevant to any party's claim or defense in this litigation, and thus it is outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). To the extent that the request is overbroad and unduly burdensome that it seeks information that the burden and expense will far outweigh the likely benefit, the request is inappropriate.

Upon receipt of authorization from clients, and compliance with Rule 45 and Rule 26, and verification that the request is not overbroad and unduly burdensome, the law firm can provide further details as found in the list.

In general, once a client is confirmed or a potential client inquires, law firm staff will explain the representation agreement, statement of client rights, HIPPA form, letter to confirm representation counsel, need for medical records, Settlement standards, and the process for qualifying under the Settlement.

The law firm objects to the term "solicitations" as vague and ambiguous, despite the definition provided. However, regardless of how defined, solicitation does not take place. As a former player, and volunteer football coach for the past 20 years, clients come from friends or colleagues that send the client or potential client to the law firm.

Dated: August 25, 2017

Respectfully submitted,

*/s/Tim Howard*
Tim Howard, J.D., Ph.D
Florida Bar No.: 655325
**HOWARD & ASSOCIATES, P.A.**
2120 Killarney Way, Suite 125
Tallahassee, FL 32309
Telephone: (850) 298-4455
Fax: (850) 216-2537
tim@howardjustice.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy off the foregoing has been provided via U.S. Mail to Christopher A. Seeger, Seeger Weiss LLP, 77 Water Street, New York, NY, 10005, and by Electronic Mail to tbenedetto@seegerweis.com on this 25th day of August, 2017.

/s/Tim Howard
Tim Howard, Esq.