Case 2:12-md-02323-AB   Document 8376   Filed 09/14/17   Page 1 of 3

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Hon. Anita B. Brody |

## ORDER

This case involves a variety of complex issues concerning attorney's fees. By Order dated August 23, 2017, the Court proposed to appoint an expert to assist it with consideration of these issues and specifically proposed appointing Professor William B. Rubenstein as that expert; that Order gave all parties an opportunity to show cause why the Court should not undertake these steps. Several parties have (1) asked for clarification of the expert's role; (2) argued against appointment of an expert or for delay in the appointment; (3) suggested alternative (or no) experts; and/or (4) raised questions about Professor Rubenstein's potential conflicts.[1]  Having carefully considered those responses to the Order to Show Cause, the Court has decided to proceed with the appointment of Professor Rubenstein.

---

[1] Professor Rubenstein's c.v. reflects a prior involvement in this matter, as noted in several filings made in response to the Court's order to show cause.  *See* ECF No. 8350; 8364; 8372.   In connection with this proposed appointment, Professor Rubenstein explained to the Court that the Anapol Weiss law firm paid him to attend and speak at a meeting of plaintiffs' lawyers – including those who did and did not end up on the PSC – that was held on February 21, 2012, but

1

Among others, three sets of fee issues now before the Court include the following: (1) in some MDL cases of similar structure, other federal courts have capped the percentage that any lawyer may receive from his or her client's recovery;[2] (2) Class Counsel in this case seeks a "set-aside" of 5% from each of the plaintiffs' recoveries "for the purpose of reimbursing counsel for future common benefit work and expenses in conjunction with implementation of the Settlement" (ECF No. 7151 at 2); and (3) Class Counsel has filed a motion seeking an award of $112.5 million in attorney's fees and costs, which the NFL has agreed to pay in addition to the class's direct relief.

The Court has asked Professor Rubenstein to provide his expert opinion (1) on whether the Court has the authority to and should order a cap on the percentage that any class member in this case would be obligated to pay his attorney and if so, what that cap should be and how that cap should be implemented and (2) on the reasonableness of requiring class members to contribute a portion of their recoveries to a common benefit fund, whether 5% is an appropriate portion, and whether this process will result in any counsel being over-compensated (e.g., double-dipping); the Court itself will decide (3) the reasonableness of Class Counsel's request for $112.5 million and has not asked Professor Rubenstein to address this request directly in his report.

The Court has asked Professor Rubenstein to endeavor to submit a written report on these issues no later than December 1, 2017.  All parties will have an opportunity to respond to

---

that he has had no involvement in the matter since that date.  As noted below, the parties will, in due course, have an opportunity to pursue any concerns that Professor Rubenstein's attendance at this meeting biased his opinions.

[2] In re Vioxx Products Liability Litigation, 574 F. Supp. 2d 606, 607 (E.D. La. 2008), on reconsideration in part, 650 F. Supp. 2d 549 (E.D. La. 2009) (capping contingent fee arrangements for all plaintiffs' attorneys at 32% plus reasonable costs).

Professor Rubenstein's report in writing and, pursuant to the provisions of FRE 706(b)(2), any party may depose Professor Rubenstein about his opinion after his report is submitted. In responding to Professor Rubenstein's report, parties may raise concerns about how alleged conflicts render Professor Rubenstein's opinions unreliable and the Court will consider those arguments in that context.

Accordingly, **AND NOW,** this ___14th__ day of September, 2017, pursuant to Federal Rule of Evidence 706, it is **ORDERED** that Professor William B. Rubenstein is appointed as an expert witness on attorneys' fees. Professor Rubenstein is entitled to reasonable compensation for his time, for the time of his research assistants, and for his costs, which, according to FRE 706(c), shall be paid by the parties as a cost in an amount to be determined by the Court.

s/Anita B. Brody

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:           Copies **MAILED** on _____ to: