**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>         Plaintiffs,<br><br>  v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>         Defendants. | No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF NONPARTIES CASE STRATEGIES GROUP, IT STRATEGIES GROUP, CRAIG SIENEMA, JAMES MCCABE,  LIBERTY SETTLEMENT SOLUTIONS, LLC, LIBERTY CONTINGENT RECEIVABLES, LLC, LIBERTY SETTLEMENT FUNDING, JMMHCS HOLDINGS, LLC, AND MARC HERMES TO CERTIFY QUESTIONS FOR <u>INTERLOCUTORY REVIEW AND FOR STAY</u>**

## TABLE OF CONTENTS

**Page**

I.     FACTUAL BACKGROUND ................................................................................ 2

      A.     Class Counsel's initial Motion for Injunction ..................................... 2

      B.     The Court's July 19, 2017 Order, Class Counsel's improper discovery requests to Movants, and the Court's September 12, 2017 Order ................. 2

II.     LEGAL STANDARD ...................................................................................... 3

III.     THE COURT SHOULD CERTIFY ITS SEPTEMBER 12, 2017 ORDER FOR IMMEDIATE APPEAL ............................................................................ 5

      A.     Ordering a nonparty to respond to discovery absent subpoenas in violation of Rule 45 presents a controlling question of law ............................ 6

      B.     Ordering a nonparty to respond to discovery absent a subpoena in violation of Rule 45 is against the weight of black letter law, including mandatory authority from the Third Circuit and Congressional Intent, and therefore there exists a substantial ground for a difference of opinion ............................................................................................... 7

      C.     Interlocutory review of the Court's decision to order nonparties to respond to discovery in violation of Federal Rule of Civil Procedure 45 would materially advance the litigation ................................................. 11

IV.     THE COURT SHOULD STAY DISCOVERY PENDING RESOLUTION OF THESE QUESTIONS BY THE THIRD CIRCUIT ........................................... 11

V.     CONCLUSION ............................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aurelius Capital Master, Ltd. v. Tousa Inc.*,
No. 08-61317-CIV, 2009 WL 6453077 (S.D. Fla. Feb. 6, 2009) ....................................4, 5, 9

*In re Avandia Marketing, Sales Practices and Product Liability Litig.*,
MDL No. 1871, 2017 WL 772866 (E.D. Pa. Feb. 28, 2017)....................................................3

*Bechtel Corp. v. Local 215, Laborers' Int'l Union of North America*, *AFL-CIO*,
544 F.2d 1207 (3rd Cir. 1976) ...............................................................................................11

*Bradburn Parent Teacher Store, Inc. v. 3M*,
2005 WL 1819969 (E.D. Pa. 2005) ..........................................................................................4

*Canister Co. v. Leahy*,
182 F.2d 510 (3d Cir. 1950)......................................................................................................8

*DRFP, LLC v. Republica Bolivariana de Venezuela*,
945 F. Supp. 2d 890 (S.D. Ohio 2013) ......................................................................................4

*U.S. ex rel. Eisenstein v. City of New York*,
556 U.S. 928 (2009)...................................................................................................................6

*Facenda v. N.F.L. Films, Inc.*,
No. 06-3128, 2007 WL 1575409 (E.D. Pa. May 24, 2007).....................................................12

*Fisher v. Marubeni Cotton Corp.*,
526 F.2d 1338 (8th Cir. 1975) ..................................................................................................7

*G. Heileman Brewing Co. v. Joseph Oat Corp.*,
871 F.2d 648 (7th Cir. 1989) ....................................................................................................9

*Henriquez-Disla v. Allstate Property and Cas. Ins. Co.*,
No. 13-284, 2014 WL 3887750 (E.D. Pa. Aug. 7, 2014) .......................................................12

*Highland Tank & Mfg. Co. v. PS Int'l, Inc.*,
227 F.R.D. 374 (W.D. Pa. 2005) ..............................................................................................7

*Hill v. Dodson*,
No. 1:12 CV135 LMB, 2013 WL 5355157 (E.D. Mo. Sept. 24, 2013) ...................................7

*Katz v. Carte Blanche Corp.*,
496 F.2d 747 (3rd Cir. 1974) ............................................................................................4, 5, 6

*Lanis v. North American Co.*,
    299 U.S. 248 (1936)............................................................................................11

*McFarlane v. Gillis*,
    No. 01-cv-1657, 2007 WL 4373065 (E.D. Pa. Dec. 13, 2007).................................12

*McFarlin v. Conseco Servs.*,
    LLC, 381 F.3d 1251 (11th Cir. 2004)......................................................................4

*Moravian School Advisory Board of St. Thomas v. Rawlins*,
    70 F.3d 270 (3d Cir. 1995)..............................................................................6, 8, 9

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*,
    1:05-md-01720-MKB-JO (E.D.N.Y. December 3, 2013, December 6, 2013)...........8

*In re Sealed Case*,
    141 F.3d 337 (D.C. Cir. 1998)..........................................................................7, 10

*Shipes v. Amurcon Corp.*,
    No. CIV.A. 10-14943, 2012 WL 1183686 (E.D. Mich. Apr. 9, 2012).....................7

*Taggart v. Wells Fargo Home Mortg., Inc.*,
    No. 10-CV-00843, 2012 WL 4462633 (E.D. Pa. Sept. 27, 2012).........................6, 7

*Thompson v. Gonzales*,
    No. 1:15-CV-301-LJO-EPG, 2016 WL 5404436 (E.D. Cal. Sept. 27, 2016).............7

*In re Trasylol Prod. Liab. Litig. - MDL-1928*,
    No. 08-MD-01928, 2010 WL 2541892 (S.D. Fla. June 22, 2010).......................4, 6

*In re Visa Check/Mastermoney Antitrust Litig.*,
    No. CV-96-5238 (JG), 2006 WL 1025588 (E.D.N.Y. Mar. 31, 2006)....................8

*Winston & Strawn, LLP v. McLean*,
    843 F.3d 503 (D.C. Cir. 2016)..............................................................................8

**Statutes**

28 U.S.C. § 1292(b) ...................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 1 .................................................................................................8

Fed. R. Civ. P. 23(d) ........................................................................................3, 8

Fed. R. Civ. P. 34(c) ........................................................................................7, 8

Fed. R. Civ. P. 45 ........................................................................................ *passim*

Nonparties Case Strategies Group, IT Strategies Group, Craig Sienema, James McCabe, Liberty Settlement Solutions, LLC, Liberty Contingent Receivables, LLC, Liberty Settlement Funding, LLC, JMMHCS Holdings, LLC, and Marc Hermes ("Movants") respectfully submit this Memorandum of Law in support of their Motion to Certify Questions for Immediate Appeal and for Stay.

Movants are all Florida citizens, located in south Florida, and nonparties to this case.  By Order filed September 12, 2017 [ECF No. 8366 or the "Order"], this Court ordered Movants to provide Class Counsel with: (1) a list of all Retired NFL Players with whom Movants communicated; (2) a list of all Retired NFL Players with whom Movants entered into agreements related to the Settlement; and (3) copies of all agreements related to the Settlement entered into by Movants and a Retired NFL Player.  The Court's Order, which was filed after extensive briefing by Class Counsel and Movants, does not include any discussion or citation to legal authority to compel discovery from Movants in the absence of a subpoena. As explained below, the Order is in direct contravention of the procedural protections afforded to nonparties under Rule 45 of the Federal Rules of Civil Procedure.

During the August 30, 2017 hearing on the underlying Motion to Compel [ECF No. 8319], the Court advised Movants that "if you don't think [the Court] ha[s] the authority [to order discovery sought by Class Counsel in its Motion to Compel], appeal it."  [ECF No. 8363, Tr. 27:3-4.]  Acting on the Court's express advice, Movants now respectfully request that the Court amend and certify its September 12, 2017 Order for immediate appeal under 28 U.S.C. § 1292(b).  Whether the Court has the authority to order discovery from nonparties absent a subpoena and in contravention of Federal Rule of Civil Procedure 45 presents a controlling question of law to which there is a substantial difference of opinion, resolution of which would

completely resolve the dispute before the Court.

## I.   FACTUAL BACKGROUND

### A.   Class Counsel's initial Motion for Injunction

On March 27, 2017, Class Counsel filed a Motion for Injunction against CSG (operating under its former name NFL Case Consulting, LLC) seeking to enjoin it from making alleged misrepresentations when marketing its claims management service.  [ECF No. 7347.]  The Motion for Injunction was based upon anonymous, inadmissible hearsay that was either demonstrably false or impossible to verify.  [*Id.*]  After filing that motion in March, Class Counsel has entirely failed to present the Court with any admissible evidence to support its discovery requests from Movants.  Ultimately, Class Counsel voluntarily withdrew the motion two months later, on June 6, 2017, without any resolution or Court intervention.  [ECF No. 7779.]

### B.   The Court's July 19, 2017 Order, Class Counsel's improper discovery requests to Movants, and the Court's September 12, 2017 Order

On July 19, 2017, the Court issued a Notice and Order providing notice of an upcoming hearing and permitting Class Counsel to "conduct discovery on an expedited basis, including interrogatories, document requests, and depositions."  [ECF No. 8037, at 2.]  Purporting to act pursuant to the July 19, 2017 Order, on July 26, 2017, Class Counsel sent a letter to Movants' counsel containing interrogatories, document requests, and demands for at least nine separate depositions.  Each discovery request began with the statement, "Pursuant to the Court's Order dated July 19, 2017 [ECF No. 8037], Co-Lead Class Counsel hereby serve the following Requests for Production of Documents and Interrogatories . . . ."  Class Counsel's discovery requests were not accompanied by subpoenas addressed to Movants, and Class Counsel has

steadfastly refused to comply with Rule 45's requirement to conduct discovery of nonparties via subpoenas.

In several meet-and-confer sessions with Class Counsel, and during the telephonic hearing held on August 30, 2017 to address Class Counsel's pending Motions to Compel several nonparties to produce documents absent a subpoena, Movants – all nonparties to this case – consistently premised their participation in any discovery upon the service of valid subpoenas under Federal Rule of Civil Procedure 45. Despite the plain text of that rule, Class Counsel has consistently refused to proceed according to the procedure required by Federal Rules. Indeed, without a single citation of legal authority supporting its position, Class Counsel has entirely refused to serve subpoenas on Movants, and has instead simply repeated their unsupported generalization that the Court can order any discovery of any person under the authority of the All Writs Act, Federal Rule of Civil Procedure 23(d), or the MDL statute. The Court's Order, however, makes no reference to these purported sources of authority. [ECF No. 8366.] Rather, the Order offers no discussion or citation in support of discovery from nonparties absent service of a subpoena pursuant to Rule 45.

## II.    **LEGAL STANDARD**

In relevant part, 28 U.S.C. § 1292(b) provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

As such, "a district court may certify an order for interlocutory review if (1) the order involves a 'controlling question of law;' (2) there is a 'substantial ground for difference of opinion' as to the question; and (3) interlocutory appeal may 'materially advance the ultimate termination of the

litigation.'" *In re Avandia Marketing, Sales Practices and Product Liability Litig.*, MDL No. 1871, 2017 WL 772866, at *7 (E.D. Pa. Feb. 28, 2017) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3rd Cir. 1974) (en banc)).

A "controlling question of law" includes not only "every order which, if erroneous, would be reversible error on final appeal," but also questions that are "serious to the conduct of the litigation, either practically or legally." *Katz*, 496 F.2d at 755; *see also In re Trasylol Prod. Liab. Litig. - MDL-1928*, No. 08-MD-01928, 2010 WL 2541892, at *2 (S.D. Fla. June 22, 2010) ("A question of law is controlling if its resolution will 'determine the outcome or even the future course of the litigation.'" (citations omitted)). The requirement is satisfied where "the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *McFarlin v. Conseco Servs.*, LLC, 381 F.3d 1251, 1259 (11th Cir. 2004). "[R]esolution of the issue need not be determinative of any claim on the merits, and a possible reversal of the relevant order need not terminate the litigation." *Bradburn Parent Teacher Store, Inc. v. 3M*, 2005 WL 1819969, at *3 (E.D. Pa. 2005) (citing *Katz*, 496 F.2d at 755).

A substantial ground for difference of opinion exists where there is "genuine doubt" that the Court has applied the correct legal standard in the order at issue. *Id.* at *4; *see also Aurelius Capital Master, Ltd. v. Tousa Inc.*, No. 08-61317-CIV, 2009 WL 6453077, at *15 (S.D. Fla. Feb. 6, 2009) (a substantial ground for difference of opinion is present when "at least two courts interpret the relevant legal principle differently."). "To satisfy this element of the analysis, a movant must normally demonstrate that at least two courts interpret the relevant legal principle differently." *Id.* at *15; *see also DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 918 (S.D. Ohio 2013) (noting that the second 1292(b) element can be satisfied by

demonstrating "a difference of opinion exists within the controlling circuit.").

Finally, section 1292(b) requires that the appeal "materially advance the ultimate termination of the litigation." *Katz*, 496 F.2d at 754.   "Several factors are pertinent in determining whether an immediate appeal would materially advance the ultimate termination of the litigation, including:  (1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties." *UnitedHealth Grp. Inc. v. Macelree Harvey, Ltd.*, No. 16-1026, 2016 WL 5239675, at *3 (E.D. Pa. Sept. 21, 2016) (quoting *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 387 (M.D. Pa. 2007)).  Certification may be appropriate where the case is "early in its life-cycle" and "[s]ubstantial discovery has not yet occurred."  *Id.*, at *4.

The September 12, 2017 Order meets each of these requirements as set forth below.

## III.     THE COURT SHOULD CERTIFY ITS SEPTEMBER 12, 2017 ORDER FOR IMMEDIATE APPEAL

Immediate appeal of the Order is appropriate under 28 U.S.C. § 1292(b) because ordering a nonparty to participate in discovery absent a subpoena represents a controlling question of law, on which numerous courts have reached conclusions contrary to the Order.  Further, an expeditious determination of this issue by the Court of Appeals would effectively terminate litigation of the discovery requests propounded on Movants, as well as others, in this Court. Indeed, the Court itself recognized the appropriateness of an immediate appeal when, during the August 30, 2017 hearing, the Court advised counsel for Movants that "if you don't think [the Court] ha[s] the authority, appeal it."  [ECF No. 8363, Tr. 27:3-4.]  In seeking certification of the Order, Movants seek no more than the appeal the Court advised Movants to take.  And as shown below, the Order satisfies each of the requirements under section 1292(b).

**A.**     **Ordering a nonparty to respond to discovery absent subpoenas in violation of Rule 45 presents a controlling question of law**

The question of whether the Court – in this case an MDL class action court – can order a nonparty to respond to discovery requests in the absence of a subpoena is clearly a controlling question of law.  The question of whether the Court exceeded the bounds of the Federal Rules of Civil Procedure, or any other jurisdictional authority, when it entered the Order is a pure legal question which, if erroneously decided, would be reversible error.  *See, e.g., Moravian School Advisory Board of St. Thomas v. Rawlins*, 70 F.3d 270, 274 (3d Cir. 1995) (court committed reversible error by refusing to follow the Federal Rules).  This alone is enough to determine that a particular question represents a "controlling question of law."  *See Katz*, 496 F.2d at 755.  Further, as many judges have recognized, improper party-style discovery requests served on nonparties "are nullity."  *Taggart v. Wells Fargo Home Mortg., Inc.*, No. 10-CV-00843, 2012 WL 4462633, at *2 (E.D. Pa. Sept. 27, 2012) (Stengel, J.) (citing *Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001) ("Discovery of non-parties must be conducted by subpoena pursuant to Fed.R.Civ.P. 45, not the rules governing discovery of parties.").  Whether Movants must respond to the discovery requests here is precisely the type of purely legal question that merits review under section 1292(b).  Indeed, such a determination will determine the "future course" of this dispute between Class Counsel and Movants. *See in re Trasylol*, 2010 WL 2541892, at *2.

The Third Circuit need not refer to any facts to determine this legal question.  Under Supreme Court precedent, Movants are all considered nonparties.  *See U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009) ("A 'party' to litigation is '[o]ne by or against whom a lawsuit is brought.'" (quoting BLACK'S LAW DICTIONARY 1154 (8th ed. 2004)).  As such, whether Rule 45 governs the procedures for ordering discovery from nonparties, or whether the

Order can appropriately require nonparties to respond to discovery requests absent a subpoena, constitutes a controlling question of law.

      **B.**    **<u>Ordering a nonparty to respond to discovery absent a subpoena in violation of Rule 45 is against the weight of black letter law, including mandatory authority from the Third Circuit and Congressional Intent, and therefore there exists a substantial ground for a difference of opinion</u>**

Reasonable jurists would disagree with the Court's decision to order a nonparty to respond to respond to discovery absent a subpoena, in a forum far from the nonparty's home, in violation of Rule of Civil Procedure 45.  Indeed, courts throughout the country have repeatedly held that "[d]iscovery of nonparties must be conducted by subpoena pursuant to FRCP 45." *Taggart*, 2012 WL 4462633, at *2  *see also In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("Rule 34(c) explicitly makes the subpoena process of Rule 45 the route to compelling production of documents from nonparties."); *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1341 (8th Cir. 1975) ("If the person is a non-party, production of documents can be compelled only by a subpoena duces tecum issued under Rule 45(d)(1)."); *Thompson v. Gonzales*, No. 1:15-CV-301-LJO-EPG, 2016 WL 5404436, at *8 (E.D. Cal. Sept. 27, 2016) ("the Court's power to order non-party discovery, if any, is derived exclusively from Rule 45."); *Hill v. Dodson*, No. 1:12 CV135 LMB, 2013 WL 5355157, at *2 (E.D. Mo. Sept. 24, 2013) ("[I]f plaintiff seeks to obtain documents from nonparties, he must comply with the provisions of Rule 45."); *Shipes v. Amurcon Corp.*, No. CIV.A. 10-14943, 2012 WL 1183686, at *1 (E.D. Mich. Apr. 9, 2012) (collecting cases, denying a motion to compel, and holding that a judicial order "does not give Plaintiffs the right to circumvent the Federal Rules.  Plaintiffs must file a subpoena for discovery from a non-party…."); *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 379 (W.D. Pa. 2005) ("Rule 45 is the *only* discovery method whereby information may be obtained from a nonparty to the suit." (emphasis added)).

This uniform case law, rejecting any attempt to compel discovery from nonparties absent a subpoena, is not surprising in light of the plain text of the Federal Rules of Civil Procedure. For example, Rule 34(c) expressly premises the production of documents from nonparties on the service of a subpoena pursuant to Rule 45.  Fed. R. Civ. P. 34(c).  And as the advisory committee notes of Rule 45 make clear, "[s]ubpoenas are essential to obtain discovery from nonparties." Fed. R. Civ. P. 45, 2013 advisory committee note.  The Federal Rules are binding upon litigants and the Court alike, Fed. R. Civ. P. 1, and nowhere contemplate discretion to order a nonparty to produce documents absent following the procedures of Rule 45.  *Moravian*, 70 F.3d at 274 (Federal Rules of Civil Procedure is "equally as binding" as "constitutional or statutory provisions" (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988))); *Canister Co. v. Leahy*, 182 F.2d 510, 514 (3d Cir. 1950) ("The Rules are rules of procedure. They must be adhered to."); *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 506 (D.C. Cir. 2016) (Federal Rules of Civil Procedure are binding, and a court has no discretion to disregard the rules).

Class Counsel has never cited a single case affirming the ability of a litigant to obtain discovery from nonparties without service of a subpoena.  In the absence of any case law supporting its position, it is therefore not surprising that Class Counsel instead has attempted to avoid the Federal Rules by resorting to vague citations to the Court's purported authority under the All Writs Act, 28 U.S.C. § 1651, Federal Rule of Civil Procedure 23(d), and the MDL statute, 28 U.S.C. § 1407.  But there is nothing in those provisions that authorizes circumvention of Rule 45's requirement that nonparties receive subpoenas.  Indeed, the cases cited by Class Counsel recognize this.  As Movants briefed the Court in opposing the Motion to Compel, *In re Visa Check/Mastermoney Antitrust Litig.*, No. CV-96-5238 (JG), 2006 WL 1025588 (E.D.N.Y. Mar. 31, 2006), and *In re Payment Card Interchange Fee and Merchant Discount Antitrust*

*Litig.*, 1:05-md-01720-MKB-JO, (E.D.N.Y. December 3, 2013, December 6, 2013), were class action and multidistrict litigation that proceeded with discovery against nonparties according to the subpoena requirements of Rule 45.  Indeed, in those cases, the parties and Judge Gleeson jointly agreed that "appropriate discovery" from Class Counsel to nonparty claims management and claims purchasing entities came *in the form of subpoenas*.

Here, the Order directly conflicts with the overwhelming majority of case law requiring nonparties to receive subpoenas – not discovery requests or an order from a court in another federal district.  Substantial grounds for a difference of opinion can exist with as few as two contrary opinions.  *Aurelius Capital*, 2009 WL 6453077, at *15.  Here, Movants have previously identified *seven* judicial opinions which are directly at odds with the Court's Order.[1]  No federal court has considered this issue and taken a position consistent with the Court's Order.  As such, here there are clear and substantial grounds for a difference of opinion on the question of whether a Court may order a nonparty to respond to discovery requests absent a subpoena. There is, at best, a genuine doubt as to whether the Court's Order is in conflict with other case law. Yet a substantial difference of opinion is present not only in the case law – there are also grounds for a substantial difference of opinion reflected in the plain text of the Federal Rules of Civil Procedure.

The Third Circuit and others have repeatedly cautioned that a Court commits reversible error by exercising its authority in any way that contravenes the procedures required under the Federal Rules.  *Moravian*, 70 F.3d at 274 (court committed reversible error by refusing to follow the Federal Rules); *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 652 (7th Cir. 1989) (en banc) (a court's inherent powers "should be exercised in a manner that is in harmony

---

[1] Should the Court require it, Movants can easily – and will – identify numerous additional citations to support this proposition that other courts recognize as settled black letter law.

with the Federal Rules of Civil Procedure," and "where the rules directly mandate a specific procedure to the exclusion of others, inherent authority is proscribed" (internal citations omitted)).

In ordering discovery to be produced by Movants, the Court's Order did not address this case law, the plain text of the Federal Rules of Civil Procedure, and the protections under the Rules for nonparties. The opinion of the D.C. Circuit in *In re Sealed Case*, 141 F.3d 337 (D.C. Cir. 1998), is instructive. There, the D.C. Circuit was asked to review a district court's decision to transfer enforcement of a subpoena to a district far more familiar with the case, but done in direct contravention of the Federal Rules in effect at that time. While the D.C. Circuit recognized the significant procedural efficiencies in transferring the case, the D.C. Circuit ultimately granted a Writ of Mandamus, reversed the district court, and recognized, that "Congress in the Rules has clearly been ready to sacrifice some efficiency in return for territorial protection for nonparties." *Id.*, at 341. Those territorial protections are equally applicable here.

Congress has determined that any motion to quash or enforce a subpoena be heard in the court where compliance is required. Fed. R. Civ. P. 45(d)(3) & 45(g). This territorial protection would require this matter to be heard, in the first instance, in the district where Movants reside – the Southern District of Florida. Yet the Court's Order runs in direct contravention of the territorial protections required under the Federal Rules. Congress, not the Court, has already determined the procedure through which discovery is obtained from nonparties – including the procedure for challenging and enforcing such discovery demands. Congress, not the Court, has already determined that it is the court where compliance is required – not this Court – is the court where such challenges are heard. The inherent conflict between the Court's Order and the underlying Rules and case law is grounds enough for a determination that a substantial difference

-10-

of opinion exists as to whether the Court can properly order Movants to respond to discovery absent the protections of Rule 45.

      **C.**    **Interlocutory review of the Court's decision to order nonparties to respond to discovery in violation of Federal Rule of Civil Procedure 45 would materially advance the litigation.**

Interlocutory review of the Court's September 12, 2017 Order satisfies the final 1292(b) requirement because it would curtail needless discovery into irrelevant and improper subjects, and materially advance the termination of this tangential litigation.  An immediate appeal may "materially advance the ultimate termination of the litigation" when there is a possibility that "the need for trial would be eliminated," or "discovery could be conducted more expeditiously and at less expense to the parties."  *UnitedHealth*, 2016 WL 5239675, at *4.  Application of the Third Circuit's precedents, as well as the Federal Rules of Civil Procedure, will fully terminate the dispute between Class Counsel and Movants.  And, interlocutory review would have the additional benefit of conclusively resolving identical issues presented to the Court by many other nonparties. [*See, e.g.*, ECF Nos. 8301, 8371.]  These significant benefits are sufficient to "materially advance the ultimate termination" of this matter.

**IV.**    **THE COURT SHOULD STAY DISCOVERY PENDING RESOLUTION OF THESE QUESTIONS BY THE THIRD CIRCUIT**

To preserve judicial economy, and in the interest of ensuring a just resolution, this Court has the discretion to stay discovery pending resolution of this question by the Third Circuit.  The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants."  *Lanis v. North American Co.,* 299 U.S. 248, 254 (1936); *see also Bechtel Corp. v. Local 215, Laborers' Int'l Union of North America*, *AFL-CIO,* 544 F.2d 1207, 1215 (3rd Cir. 1976).  District courts routinely stay cases pending resolution of interlocutory appeals.

-11-

*See*, *e.g.*, *UnitedHealth*, 2016 WL 5239675, at *3; *Henriquez-Disla v. Allstate Property and Cas. Ins. Co.,* No. 13-284, 2014 WL 3887750, at *6 (E.D. Pa. Aug. 7, 2014); *Facenda v. N.F.L. Films, Inc.,* No. 06-3128, 2007 WL 1575409 at *3 (E.D. Pa. May 24, 2007); *McFarlane v. Gillis*, No. 01-cv-1657, 2007 WL 4373065 at *6 (E.D. Pa. Dec. 13, 2007).

Here, to the extent that the Court certifies its September 12, 2017 opinion, but refuses to issue a stay, Movants will be forced to participate in discovery – together with its attendant expenses – without having the benefit of the procedural and geographical protections they are entitled to under the Federal Rules of Civil Procedure.  A stay avoids the significant potential for wasted resources, and ensures that Movants are provided with the rights and privileges guaranteed under the Federal Rules and confirmed by significant case law in this district and many others.

**V.**      **CONCLUSION**

As the Third Circuit has recognized, the Federal Rules of Civil Procedure "must be adhered to." *Canister Co.*, 182 F.2d at 514.  The Court's Order does not explain, or otherwise justify, its significant departure from: (1) the plain text of Rule 45; (2) the overwhelming case law interpreting Rule 45 to require subpoenas to be served on nonparties; and (3) the Congressional intent to provide nonparties with specific procedural and geographical protections. The incongruity between on the one hand, this Court, and other courts and Congress, is precisely the type of pure legal controversy which is aided by an immediate appeal to the Third Circuit under section 1292(b).  As such, and as the Court expressly invited during the August 30, 2017 hearing, the Court should certify its September 12, 2017 Order for immediate appeal under section 1292(b).

-12-

Respectfully submitted,

Dated: September 15, 2017          By: /s/ Richard L. Scheff

Richard L. Scheff
Peter Breslauer
David F. Herman
**MONTGOMERY MCCRACKEN**
  **WALKER & RHOADS LLP**
123 South Broad Street, 24th Floor
Philadelphia, PA  19109
Phone:  215.772.7502
Email:  rscheff@mmwr.com
*Counsel for Movants*

-13-