UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No: 2:12-md-2323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br>                 Plaintiffs,<br>   v.<br>National Football League and NFL Properties, LLC, Successor-in-interest to NFL Properties, Inc.,<br>                 Defendants. | CIVIL ACTION NO: 14-cv-0029 |

**TIMOTHY HOWARD, J.D., PH.D., AND HOWARD & ASSOCIATES, P.A., MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO COMPEL**

Pursuant to the Court's Order dated July 19, 2017 (ECF No. 8037), the August 10, 2017 Interrogatories Directed to Respondent, Timothy Howard, J.D., Ph.D., and Howard & Associates, P.A., and the September 12, 2017 Motion to Compel, the Respondents provide the following Memorandum of Law in Opposition to Motion to Compel.

**TABLE OF CONTENTS**

**PAGE**

I.    INTRODUCTION ................................................................................................. 1
II.   BACKGROUND .................................................................................................. 2
      A.   Class Counsel's Improper Attempt to Obtain Non-Party Discovery ............ 2
III.  THE COURT SHOULD DENY THE MOTION TO COMPEL NON-PARTY
      DISCOVERY ....................................................................................................... 3
      A.   The Federal Rules of Civil Procedure Do Not Authorize the Discovery
           Sought by Class Counsel ............................................................................. 3
      B.   The Motion to Compel Should Be Denied Based on Respondents'
           Remaining Objections ................................................................................. 5
IV.   CONCLUSION. .................................................................................................... 6

**TABLE OF AUTHORITIES**

**PAGE(S)**

**Cases**

*Bank of Nova Scotia v. United States,*
    487 U.S. 250 (1988) ...................................................................................................5

*Barry v. Medtronic, Inc.,*
    No.16-47, 2016 WL 1056783 (E.D. Pa. Mar. 17, 2016)...............................................5

*Blazek v. Capital Recovery Assocs., Inc.,*
    222 F.R.D. 360 (E.D. Wisc. 2004) ..............................................................................4

*CFPB, et al. v. RD Legal Funding, LLC, et al.,*
    No. 1:17-cv-890-LAP (S.D.N.Y.).......................................................................8, 9, 10

*Ellis v. Cambra,*
    No. 1:02CV-05646AWI-SMSPC, 2008 WL 860523 (E.D. Cal. Mar. 27, 2008)........ 6

*Harco Nat'l Ins. Co. v. Sleegers Eng'g, Inc.,*
    No. 06-CY-11314, 2014 WL 5421237 (E.D. Mich. Oct. 22, 2014) ........................... 3

*Highland Tank & Mfg. Co. v. PS Int'l, Inc.,*
    227 F.R.D. 374 (W.D. Pa. 2005) .................................................................................4

*Hupp v. San Diego Cty.,*
    No. 12CV0492 GPC RBB, 2014 WL 2480586 (S.D. Cal. June 3, 2014).................. 6

*In re Domestic Drywall Antitrust Litig.,*
    300 F.R.D. 234 (E.D. Pa. 2014)..................................................................................5

*In re Payment Card Interchange Fee & Merchant Disc. Antitrust Litig.,*
    No. 05-MD-1720 (JG), 2014 WL 4966072 (E.D.N.Y. Oct. 3, 2014)..........................5

*In re Visa Check/Mastermoney Antitrust Litig.,*
    No. CV-96-5238 (JG), 2006 WL 1025588 (E.D.N.Y. Mar. 31, 2006) .......................5

*Ledcke v. Pa. Dep't of Corr.*,
　1:12-CV-1580, 2013 WL 163 2573 (M.D. Pa. Apr. 16, 2013)..........................................................4

*Marjam Supply Co. of Florida, LLC v. Pliteq, Inc.*,
　No. 17-MC-102, 2017 WL 3334065 (E.D. Pa. Aug. 4, 2017) .......................................................... 4

*Myers v. Andzel*,
　No. CIV 06-14420 RWS, 2007 WL 3256879 (S.D.N.Y. Oct. 15, 2007) ...............................3,4

*Sonnino v. Univ. of Kan. Hosp. Auth.*,
　221 F.R.D. 661 (D. Kan. 2004)..........................................................................................................6

*Taggart v. Wells Fargo Home Mortg., Inc.*,
　No. 10-cv-00843, 2012 WL 4462633 (E.D. Pa. Sept. 27, 2012)............................................1, 3

## **Statutes**

28 U.S.C. § 1407 .................................................................................................................................5

28 U.S.C. § 1651.................................................................................................................................. 5

## **Other Authorities**

Fed. R. Civ. P. 23(d).............................................................................................................................. 5

Fed. R. Civ. P. 26(b)(l) ......................................................................................................................... 6

Fed. R. Civ. P. 33(a)(l)......................................................................................................................... 1

Fed. R. Civ. P. 34(c) ............................................................................................................................. 1

Fed. R. Civ. P. 45 .................................................................................................................................3
Fed. R. Civ. P. 45(d)(1)........................................................................................................................4

## I. INTRODUCTION

The Motion to Compel filed by Co-Lead Class Counsel ("Class Counsel") is an improper attempt to avoid its own failure to comply with the basic rules governing non-party discovery. Neither Howard & Associates, P.A., nor Timothy Howard, J.D., Ph.D., (collectively, "Respondents") are parties to this action, and "[d]iscovery of non-parties must be conducted by subpoena pursuant to [Federal Rule of Civil Procedure] 45." *Taggart v. Wells Fargo Home Mortg., Inc.*, No. 10-cv-00843, 2012 WL 4462633, at *2 (E.D. Pa. Sept. 27, 2012).

Indeed, the Federal Rules of Civil Procedure are explicit: documents may only be obtained from a non-party pursuant to Rule 45, and "interrogatories served on nonparties are nullity." *Taggart,* 2012 WL 4462633, at *2; *see also* Fed. R. Civ. P. 33(a)(l) (interrogatories are served only on parties); Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). Rather than follow the Rules of Civil Procedure and issue subpoenas for the documents it seeks, Class Counsel served Requests for Production of Documents *and* Interrogatories on Respondents and insisted it was not bound by Rule 45 and the other rules governing non-party discovery.

Class Counsel fails to provide any justification for propounding non-party discovery that does not comply with Rule 45, and instead resorts to misrepresenting the record. Initially, Class Counsel claims that Respondents "refused to respond to the discovery" (Motion at l), when in fact Respondents timely served a nine-page response that addressed each request.  Class Counsel also claims that Respondent(s) "takes the position that this Court does not possess the authority to order the discovery" (Motion at 1-2), when in fact Respondents acknowledge that this Court (like any trial court) has broad discretion to manage discovery. Such discovery must comply with the Federal Rules of Civil Procedure, however, and neither this Court's July 19, 2017 Order nor any authority on which Class Counsel relies in any way relieves Class Counsel of its obligations under Rule 45.

1

Accordingly, the Court should deny the Motion.

The Court should also deny the Motion to Compel based on the remaining objections asserted in Respondents' Responses, which Class Counsel failed to address. Even if it had, Class Counsel cannot justify the expansive discovery it seeks from non-parties, given that the purported basis for the discovery—counsel for retired NFL Players has incorrectly communicated aspects of the settlement to its clients—is wrong, as a matter of law, and does not require the far-reaching discovery sought by Class Counsel, and Respondents have already agreed to any appropriate corrective disclosure to its clients.

For these reasons, and as further explained below, Respondents respectfully request that the Court deny Class Counsel's Motion to Compel.

## II.  BACKGROUND

### A.  *Representing Several Hundred Retired NFL Player Clients That Have Not Waived Attorney-Client Communication and Work Product Privilege; No Ownership or Control of Independent Private Investment Fund*

Respondents are non-parties that represent several hundred retired NFL Player clients, and have confidential attorney-client work product and communications with clients that have only been waived by one former client, John Doe. Respondents have no ownership, control or management of the Cambridge Capital companies.[1]

Undersigned has reached out to Class Counsel to address both the discovery issues and any corrective disclosures that may be needed, and plan to meet and/or confer after the hearing on September 19, 2017.

---

[1] Undersigned is solely one of approximately 20 investors into Cambridge Capital companies. In order to more fully inform Class Counsel, Respondents have provided the Dissolution of the Companies at issue, which took place on May 3, 2017, long before this matter arose, as a result of selling these companies to another group several months prior to May 3, 2017. Cambridge Capital companies have their own management and owner, with Mr. Addys Walker as the managing partner, and independent counsel for the Cambridge Companies, Martin Black, Esq., that is representing Cambridge Capital companies, and that company and their counsel will be representing and responding on behalf of Cambridge Capital companies.

As provided in responses to discovery, undersigned contingency fees for retired NFL Players generally range from 12.5% to 20% plus costs, with some referral fees with other law firms at 25% plus costs.  Many of the retired NFL Player clients have chosen, against advice of counsel, to receive advances on their claims from companies, such as Fast Track, Preferred Capital Funding, Esquire Bank, Universal Funding, RGC Funding, LLC, etc., and were not encouraged to participate with Cambridge Capital, a new and small investment company.  Out of approximately 2,300 clients, approximately 1% have any involvement with Cambridge Capital companies, and if a client so chooses to be involved with Cambridge Capital companies, a Notice of Express Waiver and Conflicts Disclosure was provided and executed by the client, which details were also provided in responses to discovery.

### B. *Class Counsel's Improper Attempt to Obtain Non-Party Discovery*

On August 10, 2017, without prior notice, Class Counsel served a single document entitled Requests for Production of Documents and Interrogatories to Respondents seeking virtually every document in the client files, including client communications which are patently privileged and confidential information.  Contrary to Class Counsel's assertion that Respondents "refused to respond to the discovery requests," (Mot. at 1), Respondents served a Response to the discovery on August 25, 2017, providing non-privileged information, while objecting to each discovery request on numerous grounds, including Class Counsel's failure to comply with Federal Rule of Civil Procedure 45.

## III. THE COURT SHOULD DENY THE MOTION TO COMPEL NON-PARTY DISCOVERY

### A. *The Federal Rules of Civil Procedure Do Not Authorize the Discovery Sought by Class Counsel*

"Discovery of non-parties must be conducted by subpoena pursuant to [Federal Rule of Civil Procedure] 45." *Taggart,* 2012 WL 4462633, at *2; *see also Myers v. Andzel,* No. CIV 06- 14420 RWS, 2007 WL 3256879, at *1 (S.D.N.Y. Oct. 15, 2007) (same) (quoting *Lehman v. Kornblau,* 206 F.R.D. 345,346 (E.D.N.Y. 2001); *accord Harco Nat'l Ins. Co. v. Sleegers Eng'g , Inc.,* No. 06-C V- 11314, 2014 WL 5421237, at *4 (E.D. Mich. Oct. 22, 2014 ) ("Federal Rule Civil Procedure 45

3

establishes the rules for discovery directed to individuals and entities that are not parties to the underlying suit through the use of a subpoena."); *Highland Tank & Mfg. Co. v. PS Int'l, Inc.,* 227 F.R.D. 374, 379 (W.D. Pa. 2005) ("Rule 45 is the only discovery method whereby information may be obtained from a nonparty to the suit."); *Blazek v. Capital Recovery Assocs., Inc.,* 222 F.R.D. 360, 361 (E.D. Wisc. 2004) ("the party seeking such discovery must utilize a subpoena to compel . . . discovery" of documents from a non-party); *see also Marjam Supply Co. of Florida, LLC v. Pliteq, Inc.,* No. 17-MC-102, 2017 WL 3334065, at *2 (E.D. Pa. Aug. 4, 2017) ("Rule 45 of the Federal Rules of Civil Procedure establishes the rules for subpoenas served upon individuals and entities that are not parties to the underlying lawsuit."). Rule 45 imposes an affirmative obligation on an attorney taking third-party discovery to "take reasonable steps to avoid imposing undue burden and expense on a person subject to [a Rule 45 subpoena]." Fed. R. Civ. P. 45(d)(l).

Despite the clear authority on this point, Class Counsel made no attempt to comply with Rule 45, and instead served Respondents with the Requests for Production of Documents and Interrogatories. Even after Respondents notified Class Counsel that any non-party discovery must be sought by subpoena under Rule 45, Class Counsel still refused to remedy the problem. The Court should therefore deny Class Counsel's Motion to Compel based on its failure to comply with Rule 45. *See Highland Tank & Mfg.,* 227 F.R.D. 374,379 (W.D. Pa. 2005) (denying motion to compel where party did not serve subpoena and thus "has not complied with the first step of seeking discovery from a non-party"). In addition, the Motion to Compel should be denied as to the Interrogatories because-- even if Class Counsel had served a valid subpoena-Rule 45 does not authorize non-party interrogatories. *See Myers,* 2007 WL 3256879, at *1 ("[I]nterrogatories may only be served upon parties to an action."); *Ledcke v. Pa. Dep't of Corr.,* 1:12-CV-1580, 2013 WL 1632573, at *2 (M.D. Pa. Apr. 16, 2013) (denying motion to compel because "'the federal rules provide that interrogatories may only be served upon parties to the lawsuit'") (quoting *Ward v. Empire Vision Ctrs., Inc.,* 262 F.R.D. 256, 261 (W.D.N.Y. 2009) and citing Fed. R. Civ. P. 33)).

Class Counsel provides no authority that relieves it of Rule 45's requirements.[2] Class Counsel purports to have propounded the discovery pursuant to the Court's July 19, 2017 Order, but the Order merely authorizes certain third-party discovery-- it does not suspend the requirements of Rule 45, nor could it. *See Bank of Nova Scotia v. United States,* 487 U.S. 250, 255 (1988) (stating that a Federal Rule of Civil Procedure is "as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions"). Class Counsel also claims that Respondents "subjected themselves to this Court's jurisdiction by entering into independent attorney-client authority to represent agreements with Retired NFL Player clients, which does not make Respondents a party to this action. Likewise, none of the statutory authorities Class Counsel cites authorize non-party discovery outside of Rule 45, *see* 28 U.S.C. § 1407, Fed. R. Civ. P. 23(d), 28 U.S.C. § 1651, and none of the cases Class Counsel cites mentions discovery, let alone authorizes a party to seek discovery from a non-party through some method outside of Rule 45. *See In re Visa Check/Mastermoney Antitrust Litig.,* No. CV-96-5238 (JG), 2006 WL 1025588, at *4 (E.D.N.Y. Mar. 31, 2006); *In re Payment Card Interchange Fee & Merchant Disc. Antitrust Litig.,* No. 05-MD-1720 (JG), 2014 WL 4966072, at *31 (E.D.N.Y. Oct. 3, 2014).

There is no justification for Class Counsel's failure to comply with Rule 45, and its Motion should be denied for this reason alone.

### B. The Motion to Compel Should Be Denied Based on Respondents' Remaining Objections, Including Attorney-Client Confidentiality

Respondents responded and objected to each request on numerous grounds in addition to

---

[2] The burden such discovery imposes is especially excessive considering that Respondents are a non-party. *See Barry v. Medtronic, Inc.,* No. 16-47, 2016 WL 1056783, at *l (E.D. Pa. Mar. 17, 2016) (noting that "party seeking discovery [from non-party] must take reasonable steps to avoid imposing undue burden or expense on" non-party); *In re Domestic Drywall Antitrust Litig.,* 300 F.R.D. 234, 240 (E.D. Pa. 2014) ("[T]he standards for non-party discovery require a stronger showing of relevance than for party discovery.").

Class Counsel's failure to comply with Rule 45. *(See generally* Seeger Decl., Ex. F.) Class Counsel did not meet and confer with Respondents regarding these objections and does not contend—let alone attempt to explain in its Motion—that these objections are unjustified. "If the moving party fails to address an objection in its motion to compel, the objecting party need not raise it, and the objection will stand." *Sonnino v. Univ. of Kan. Hosp. Auth.,* 221 F.R.D. 661, 671 n.37 (D. Kan. 2004); *accord Hupp v. San Diego Cty.,* No. 12CV0492 GPC RBB, 2014 WL 2480586, at *5 (S.D. Cal. June 3, 2014); *Ellis v. Cambra,* No. 1:02CV-05646AWI-SMSPC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). Accordingly, the Court should deny the Motion to Compel with prejudice in light of the remaining objections Respondents assert.

Class Counsel should work with Respondents and address Respondents' objections because it has no legitimate basis to justify its exceedingly broad discovery requests. For example, Class Counsel's requests--which seek virtually all information in Respondents' possession that relates to their work product privilege and attorney-client privileged communications, would impose a burden and expense on Respondents that far outweigh any benefit. See Fed. R. Civ. P. 26(b)(1). The justification for the discovery Class Counsel seeks is based exclusively on one John Doe, former client that has waived his attorney-client privilege. All the other clients were given this option and chose not to waive their attorney-client privileges.

**IV.   CONCLUSION**

For the reasons stated above, Respondents respectfully request that this Honorable Court deny Class Counsel's Motion to Compel.

Dated:  September 18, 2017          Respectfully submitted,

    */s/Tim Howard*
Tim Howard, J.D., Ph.D.
Florida Bar No.: 655325
**HOWARD & ASSOCIATES, P.A**.
2120 Killarney Way, Suite 125
Tallahassee, FL 32309
Telephone: (850) 298-4455
Fax: (850) 216-2537
tim@howardjustice.com

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided via U.S. Mail to Christopher A. Seeger, Seeger Weiss LLP, 77 Water Street, New York, NY, 10005, and by Electronic Mail to tbenedetto@seegerweis.com on this 18th day of September, 2017.

                                                */s/Tim Howard*
                                                Tim Howard, J.D., Ph.D.