## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No: 2:12-md-2323-AB |
| | MDL No. 2323 |
| | **Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated, | CIVIL ACTION NO: 14-cv-0029 |
| Plaintiffs, | |
| v. | |
| National Football League and NFL Properties, LLC, Successor-in-interest to NFL Properties, Inc., | |
| Defendants. | |

## NOTICE OF FILING A COURTESY COPY OF RESPONSE IN OPPOSITION BY CAMBRIDGE CAPITAL GROUP, LLC; PHILIP TIMOTHY HOWARD, J.D., PH.D.; GAIL MILON; AND JEFF KAHN TO CLASS COUNSEL'S MOTION TO COMPEL DISCOVERY RESPONSES

1. On September 19, 2017, Staff Counsel, Jaakan A. Williams, Esq., received a hand-delivered courtesy copy of Response in Opposition By Cambridge Capital Group, LLC; Philip Timothy Howard, J.D., PH.D.; Gail Milon; And Jeff Kahn To Class Counsel's Motion To Compel Discovery Responses from Martin Black, Attorney for Cambridge Capital Group, LLC.

2. Staff counsel, Jaakan A. Williams, Esq., using the undersigned's Pacer account, electronically filed a copy of the above-referenced Response by Attorney Martin Black, Esq., counsel for Cambridge Capital Group, LLC, through the online PACER filing system. *See* Attachment "A."

3. Attorney Martin Black, Esq., is counsel of record for Cambridge Capital Group, LLC, Gail Milon, and Jeff Kahn in this matter. The undersigned does not represent Cambridge Capital Group, LLC.

4.  The undersigned is informed that Attorney Martin Black has forwarded the above-referenced Response to Class Counsel's Motion to Compel Discovery via FedEx to class counsel Chris A. Seeger, Seeger Weiss LLP, this 19th day of September, 2017.

Dated:  September 19, 2017               Respectfully submitted,

                                         /s/Jaakan A. Williams
                                         Tim Howard, J.D., Ph.D.
                                         Florida Bar No.: 655325
                                         Jaakan A. Williams, Esq.
                                         Florida Bar No.: 73964
                                         **HOWARD & ASSOCIATES, P.A.**
                                         2120 Killarney Way, Suite 125
                                         Tallahassee, FL 32309
                                         Telephone: (850) 298-4455
                                         Fax: (850) 216-2537
                                         tim@howardjustice.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided via U.S. Mail to Christopher A. Seeger, Seeger Weiss LLP, 77 Water Street, New York, NY, 10005, and by Electronic Mail to tbenedetto@seegerweis.com on this 19th day of September, 2017.

                                         /s/Tim Howard
                                         Tim Howard, J.D., Ph.D.

# ATTACHMENT "A"

## Responses and Replies

2:12-md-02323-AB MDL-2323 IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION

APPEAL,MDL-2323,SM

Attachment "A"

### United States District Court

### Eastern District of Pennsylvania

## Notice of Electronic Filing

The following transaction was entered by HOWARD, PHILLIP on 9/19/2017 at 10:31 AM EDT and filed on 9/19/2017

| | |
|---|---|
| **Case Name:** | MDL-2323 IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION |
| **Case Number:** | 2:12-md-02323-AB |
| **Filer:** | PLAINTIFF(S) |
| **Document Number:** | 8389 |

**Docket Text:**
**Memorandum In Opposition re [8371] MOTION to Compel** *CO-LEAD CLASS COUNSEL'S: (1) MOTION TO COMPEL CORRECTIVE DISCLOSURES BY PHILLIP TIMOTHY HOWARD, ESQUIRE (A/K/A DR. TIM HOWARD, J.D., PH.D.) AND HOWARD & ASSOCIATES, P.A.; (2) MOTION TO COMPEL MR. HOWARD, HOWARD & ASSOCIATES, P Response in Opposition by Cambridge Capital Group filed by PLAINTIFF(S). (HOWARD, PHILLIP)*

*2:12-md-02323-AB Notice has been electronically mailed to:*

A. ELIZABETH BALAKHANI    ebalakhani@gdldlaw.com

AHMED S. DIAB    adiab@thegomezfirm.com, lstevens@thegomezfirm.com, michelle@thegomezfirm.com

ALAN B. MORRISON    abmorrison@law.gwu.edu

ALLAN BERGER    aberger@allan-berger.com

ANDREW SCHERMERHORN    ajs@klamannlaw.com

ANDREW J. GEIGER    ageiger@allan-berger.com, aberger@allan-berger.com

ANDREW P. BELL    abell@lockslaw.com, amartinez@lockslaw.com

ANNE MCGINNESS KEARSE    akearse@motleyrice.com, lranaldo@motleyrice.com, lwalker@motleyrice.com, ncummings@motleyrice.com, nfl@motleyrice.com

ANOUSH HAKIMI    anoush@topnfllawyer.com, jon@topnfllawyer.com, peter@topnfllawyer.com

ANTHONY TARRICONE    atarricone@kreindler.com, clicitra@kreindler.com, ekatinborland@kreindler.com

ANTHONY G. BUZBEE    tbuzbee@txattorneys.com, ledelacruz@txattorneys.com

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA

MARTIN L. BLACK, ATTORNEY AT LAW, LLC
FLORIDA BAR No. 178990
4909 N. MONROE STREET
TALLAHASSEE, FLORIDA 32303
TELEPHONE: (850) 354-8008
E-MAIL: mbmblack8@gmail.com.

Attorney for Non-Parties:
CAMBRIDGE CAPITAL GROUP, LLC.,
GAIL MILON, TIMOTHY HOWARD, J.D., PHD.,
AND JEFF KAHN

| | |
|---|---|
| IN RE; NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Case No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>The Honorable Anita B. Brody |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated, | |
| Plaintiffs, | |
| v. | |
| National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., | |
| Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**RESPONSE IN OPPOSITION BY CAMBRIDGE CAPITAL GROUP, LLC; PHILLIP TIMOTHY HOWARD, J.D., P.H.D.; GAIL MILON; AND JEFF KAHN TO CLASS COUNSEL'S MOTION TO COMPEL DISCOVERY RESPONSES**

# TABLE OF CONTENTS

PAGE

I.      INTRODUCTION ........................................................................................................1

II.     BACKGROUND ........................................................................................................2

       A.      The Assignment and Sale Agreements ........................................................2

       B.      Class Counsel's Improper Attempt to Obtain Non-Party Discovery .......................3

III.    THE COURT SHOULD DENY THE MOTION TO COMPEL NON-PARTY DISCOVERY ........................................................................................................4

       A.      The Federal Rules of Civil Procedure Do Not Authorize the Discovery Sought by Class Counsel ........................................................................................................4

       B.      The Motion to Compel Should Be Denied Based on Cambridge Capital Group LLC's Remaining Objections ........................................................................................................6

IV.     CAMBRIDGE CAPITAL GROUP LLC SHOULD BE AWARDED ATTORNEYS FEES AND COSTS ........................................................................................................8

V.      CONCLUSION ........................................................................................................9

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Bank of Nova Scotia v. United States,*
    487 U.S. 250 (1988) .................................................................................................5

*Blazek v. Capital Recovery Assocs., Inc.,*
    222 F.R.D. 360 (E.D. Wisc. 2004) .........................................................................4

*CFPB, et al. v. RD Legal Funding, LLC, et al.,*
    No. 1:17-cv-890-LAP (S.D.N.Y.) ..........................................................................6

*Ellis v. Cambra,*
    No. 1:02CV-05646AWI-SMSPC, 2008 WL 860523 (E.D. Cal. Mar. 27, 2008) ......................6

*Harco Nat'l Ins. Co. v. Sleegers Eng'g, Inc.,*
    No. 06-CV-11314, 2014 WL 5421237 (E.D. Mich. Oct. 22, 2014) ...........................4

*Highland Tank & Mfg. Co. v. PS Int'l, Inc.,*
    227 F.R.D. 374 (W.D. Pa. 2005) .......................................................................4,5

*Hupp v. San Diego Cty.,*
    No. 12CV0492 GPC RBB, 2014 WL 2480586 (S.D. Cal. June 3, 2014) ...................6

*ImagePoint, Inc. v. JPMorgan Chase Bank, Nat'l Ass'n,*
    27 F. Supp. 3d 494, 508-10 (S.D.N.Y. 2014 .........................................................7

*In re Payment Card Interch6nge Fee & Merchant Disc. Antitrust Litig.,*
    No. 05-MD-1720 (JG), 2014 WL 4966072 (E.D.N.Y. Oct. 3, 2014) ........................6

*In re Visa Check/Mastermoney Antitrust Litig.,*
    No. CV-96-5238 (JG), 2006 WL 1025588 (E.D.N.Y. Mar. 31, 2006) .......................6

*Ledcke v. Pa. Dep't of Corr.*,
  1:12-CV-1580, 2013 WL 1632573 (M.D. Pa. Apr. 16, 2013) .................................................5

*Marjam Supply Co. of Florida, LLC v. Pliteq, Inc.*,
  No. 17-MC-102, 2017 WL 3334065 (E.D. Pa. Aug. 4, 2017)...........................................4

*Myers v. Andzel*,
  No. CIV 06–14420 RWS, 2007 WL 3256879 (S.D.N.Y. Oct. 15, 2007) ..............................4,5
  6

*Sonnino v. Univ. of Kan. Hosp. Auth.*,
  221 F.R.D. 661 (D. Kan. 2004) .............................................................................................6

*Taggart v. Wells Fargo Home Mortg., Inc.*,
  No. 10-cv-00843, 2012 WL 4462633 (E.D. Pa. Sept. 27, 2012) .....................................1, 4

## Statutes

28 U.S.C. § 1407..................................................................................................................7

28 U.S.C. § 1651..................................................................................................................7

N.Y. U.C.C. Law § 9-109 cmt. 1 ........................................................................................7

N.Y. U.C.C. Law § 9-408(a)................................................................................................7

N.Y. U.C.C. Law § 9-408, cmt. 2 .......................................................................................7

N.Y. U.C.C. Law § 9-408, cmt. 4 .......................................................................................7

## Other Authorities

Fed. R. Civ. P. 23(d)............................................................................................................6

Fed. R. Civ. P. 26(b)(1) .......................................................................................................7

Fed. R. Civ. P. 33(a)(1)........................................................................................................1

Fed. R. Civ. P. 34(c) ............................................................................................................1

Fed. R. Civ. P. 45.........................................................................................................*passim*

Fed. R. Civ. P. 45(d)(1) ............................................................................................................8

## I.   INTRODUCTION

The Motion to Compel filed by Co-Lead Class Counsel ("Class Counsel") is an improper attempt to sidestep its own failure to comply with the basic rules governing non-party discovery. Cambridge Capital Group, LLC; Phillip Timothy Howard, J.D., P.H.D.; Gail Milon; and Jeff Kahn (collectively, "CAMBRIDGE CAPITAL GROUP LLC") are not parties to this action, and "[discovery of non- parties must be conducted by subpoena pursuant to Federal Rule of Civil Procedure 45." *Taggart v. Wells Fargo Home Mortg., Inc.*, No. 10-cv-00843, 2012 WL 4462633, at *2 (E.D. Pa. Sept. 27, 2012).

Indeed, the Federal Rules of Civil Procedure are explicit: documents may only be obtained from a non-party pursuant to Rule 45, and "interrogatories served on nonparties are nullity." *Taggart*, 2012 WL 4462633, at *2; *see also* Fed. R. Civ. P. 33(a)(1) (interrogatories are served only on parties); Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). Rather than follow the Rules of Civil Procedure and issue subpoenas for the documents it seeks, Class Counsel served Requests for Production of Documents *and* Interrogatories on CAMBRIDGE CAPITAL GROUP LLC, and insisted he was not bound by Rule 45 and the other rules governing non-party discovery.

Class Counsel, however, fails to provide any justification for propounding non-party discovery that does not comply with Rule 45, and instead resorts to misrepresenting the record. Initially, Class Counsel claims that CAMBRIDGE CAPITAL GROUP LLC "refused to respond to the discovery" (Motion at 1), when in fact CAMBRIDGE CAPITAL GROUP LLC timely served a response that addressed each request. (*See* Response by CAMBRIDGE CAPITAL GROUP LLC to Attorney Seeger's Request at page 5 of Document 8371-10, filed

**1**

by of Attorney Seeger with this court on September 12, 2017 Class Counsel also claims that CAMBRIDGE CAPITAL GROUP LLC "takes the position that this Court does not possess the authority to order the discovery" (Motion at 1-2), when in fact CAMBRIDGE CAPITAL GROUP LLC acknowledges that this Court (like any trial court) has broad discretion to manage discovery. Such discovery must comply with the Federal Rules of Civil Procedure, however, and neither this Court's July 19, 2017 Order nor any authority on which Class Counsel relies in any way relieves Class Counsel of its obligations under Rule 45. Accordingly, the Court should deny the Motion.

The Court should also deny the Motion to Compel based on the remaining objections asserted in CAMBRIDGE CAPITAL GROUP LLC's Response, which Class Counsel altogether failed to address. Even if it had, Class Counsel cannot justify the expansive discovery it seeks from non-parties, especially given that the purported basis for the discovery, that allegations in a separate lawsuit that the assignment of settlement proceeds from this action are barred by the Class Action Settlement Agreement, which CAMBRIDGE CAPITAL GROUP LLC, contends is wrong, as a matter of law, and does not require the far-reaching discovery sought by Class Counsel.

For these reasons, and as further explained below, CAMBRIDGE CAPITAL GROUP LLC, respectfully requests that the Court deny Class Counsel's Motion to Compel.

## II.    BACKGROUND

### A.    *The Assignment and Sale Agreements*

Over a period of several years CAMBRIDGE CAPITAL GROUP LLC  entered into Assignment and Sale Agreements ("Agreements") with several former NFL players, whereby CAMBRIDGE CAPITAL GROUP LLC paid the players a substantial amount of money in

2

exchange for portions of the future settlement proceeds to which they are entitled

Each transaction was documented in a manner to ensure that the seller understood

its terms and knowingly entered into the Agreement:

- The terms describe the deal in plain language and reflect the sale of a portion of
  the settlement award in exchange for an immediate lump sum cash payment.

  - Each seller represented and warranted that he "has the unrestricted right to assign
    the" proceeds to CAMBRIDGE CAPITAL GROUP LLC; "has the legal capacity to
    execute and perform" the Agreement; and is "under no contractual or other restrictions
    or obligations which are or might be inconsistent with the execution of this Agreement
    or the sale and assignment of the" proceeds.

- Each agreement advised the seller—in bold print—to seek advice of legal counsel,
  and the seller's lawyer (if represented), acknowledged receipt of a Notice of
  Assignment of the award and agreed to hold in escrow for disbursement to
  CAMBRIDGE CAPITAL GROUP LLC any funds that are subject to the agreement.

To date, CAMBRIDGE CAPITAL GROUP LLC has not received any of the proceeds it

purchased under the Agreements.

## B.    Class Counsel's Improper Attempt to Obtain Non-Party Discovery

On August 10, 2017, without prior notice, Class Counsel served a single document

entitled Requests for Production of Documents and Interrogatories not only on CAMBRIDGE

CAPITAL GROUP LLC—the party to the Agreements—but on CAMBRIDGE CAPITAL

GROUP, LLC; Phillip Timothy Howard, J.D., P.H.D.; Gail Milon; and Jeff Kahn, seeking

virtually every document related to the Agreements, including patently privileged and

confidential information.

Contrary to Class Counsel's assertion that CAMBRIDGE CAPITAL GROUP LLC

"refused to respond to the discovery requests", CAMBRIDGE CAPITAL GROUP, LLC;

Phillip Timothy Howard, J.D., P.H.D.; Gail Milon; and Jeff Kahn CAMBRIDGE CAPITAL

GROUP LLC served a Response to the request for discovery on August 25, 2017, objecting to

3

each discovery request on numerous grounds, including Class Counsel's failure to comply with Federal Rule of Civil Procedure 45. The transmittal letter accompanying CAMBRIDGE CAPITAL GROUP LLC's (collectively) Response further explained and provided legal authority for the Response, and invited Class Counsel to provide any authority it believed authorized the discovery requests. Class Counsel responded to the letter and response by filing a Motion to Compel.

## III. THE COURT SHOULD DENY THE MOTION TO COMPEL NON-PARTY DISCOVERY

### A. The Federal Rules of Civil Procedure Do Not Authorize the Discovery Sought by Class Counsel

"Discovery of non-parties must be conducted by subpoena pursuant to Federal Rule of Civil Procedure 45." *Taggart*, 2012 WL 4462633, at *2; *see also Myers v. Andzel*, No. CIV 06–14420 RWS, 2007 WL 3256879, at *1 (S.D.N.Y. Oct. 15, 2007) (same) (quoting *Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001)); *accord Harco Nat'l Ins. Co. v. Sleegers Eng'g, Inc.*, No. 06-CV-11314, 2014 WL 5421237, at *4 (E.D. Mich. Oct. 22, 2014) ("Federal Rule Civil Procedure 45 establishes the rules for discovery directed to individuals and entities that are not parties to the underlying suit through the use of a subpoena."); *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 379 (W.D. Pa. 2005) ("Rule 45 is the only discovery method whereby information may be obtained from a nonparty to the suit."); *Blazek v. Capital Recovery Assocs., Inc.*, 222 F.R.D. 360, 361 (E.D. Wisc. 2004) ("the party seeking such discovery must utilize a subpoena to compel . . . discovery" of documents from a non-party); *see also Marjam Supply Co. of Florida, LLC v. Pliteq, Inc.*, No. 17-MC-102, 2017 WL 3334065, at *2 (E.D. Pa. Aug. 4, 2017) ("Rule 45 of the Federal Rules of Civil

Procedure establishes the rules for subpoenas served upon individuals and entities that are not parties to the underlying lawsuit.")

Despite the clear authority on this point, Class Counsel made no attempt to comply with Rule 45, and instead served CAMBRIDGE CAPITAL GROUP LLC with the Requests for Production of Documents and Interrogatories. Even after counsel for CAMBRIDGE CAPITAL GROUP LLC notified Class Counsel that any non-party discovery must be sought by subpoena under Rule 45, Class Counsel still refused to remedy the problem. The Court should therefore deny Class Counsel's Motion to Compel based on its failure to comply with Rule 45. *See Highland Tank & Mfg.*, 227 F.R.D. 374, 379 (W.D. Pa.2005) (denying motion to compel where party did not serve subpoena and thus "has not complied with the first step of seeking discovery from a non-party"). In addition, the Motion to Compel should be denied as to the Interrogatories because, even if Class Counsel had served a valid subpoena, Rule 45 does not authorize non-party interrogatories. *See Myers*, 2007 WL 3256879, at *1 ("Interrogatories may only be served upon parties to an action."); *Ledcke v. Pa. Dep't of Corr.*, 1:12-CV-1580, 2013 WL 1632573, at *2 (M.D. Pa. Apr. 16, 2013) (denying motion to compel because "'the federal rules provide that interrogatories may only be served upon parties to the lawsuit'") (quoting *Ward v. Empire Vision Ctrs., Inc.*, 262 F.R.D. 256, 261 (W.D.N.Y. 2009) and citing Fed. R. Civ. P. 33)).

Class Counsel provides no authority that relieves it of Rule 45's requirements. Class Counsel purports to have propounded the discovery pursuant to the Court's July 19, 2017 Order, but the Order merely authorizes certain third-party discovery—it does not suspend the requirements of Rule 45, nor could it. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988) (stating that a Federal Rule of Civil Procedure is "as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions"). Class Counsel also claims that

5

CAMBRIDGE CAPITAL GROUP LLC "subjected themselves to this Court's jurisdiction by entering into" the Agreements and "step[ping] into Class Members' shoes" but this bald assertion finds no support in the law, which Class Counsel does not provide, or the terms of the Agreements, which make CAMBRIDGE CAPITAL GROUP LLC only an assignee for the limited purpose of receiving settlement proceeds, not a party to this action. Likewise, none of the statutory authorities Class Counsel cites authorizes non-party discovery outside of Rule 45, *see* 28 U.S.C. § 1407, Fed. R. Civ. P. 23(d), 28 U.S.C. § 1651, and none of the cases Class Counsel cites mentions discovery, let alone authorizes a party to seek discovery from a non-party through some method outside of Rule 45. *See In re Visa Check/Mastermoney Antitrust Litig.*, No. CV-96-5238 (JG), 2006 WL 1025588, at *4 (E.D.N.Y. Mar. 31, 2006); *In re Payment Card Interchange Fee & Merchant Disc. Antitrust Litig.*, No. 05-MD-1720 (JG), 2014 WL 4966072, at *31 (E.D.N.Y. Oct. 3, 2014).

There is no justification for Class Counsel's failure to comply with Rule 45, and its Motion should be denied for this reason alone.

**B.    *The Motion to Compel Should Be Denied Based on CAMBRIDGE CAPITAL GROUP LLC's Remaining Objections***

CAMBRIDGE CAPITAL GROUP LLC (collectively) responded and objected to each request on numerous grounds, in addition to Class Counsel's failure to comply with Rule 45. And Class Counsel does not contend, let alone attempt to explain in its Motion, that these objections are unjustified. "If the moving party fails to address an objection in its motion to compel, the objecting party need not raise it, and the objection will stand." *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 671 n.37 (D. Kan. 2004); *accord Hupp v. San Diego Cty.*, No. 12CV0492 GPC RBB, 2014 WL 2480586, at *5 (S.D. Cal. June 3, 2014); *Ellis v. Cambra*, No. 1:02CV-05646AWI-SMSPC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

6

Accordingly, the Court should deny the Motion to Compel with prejudice in light of the remaining objections CAMBRIDGE CAPITAL GROUP LLC asserts. Class Counsel did not respond to CAMBRIDGE CAPITAL GROUP LLC's objections because it has no legitimate basis to justify its exceedingly broad discovery requests. For example, Class Counsel's requests, which seek virtually all information in CAMBRIDGE CAPITAL GROUP LLC's possession that relates to the Agreements, would impose a burden and expense on CAMBRIDGE CAPITAL GROUP LLC (collectively) that far outweigh any benefit. *See* Fed. R. Civ. P. 26(b)(1). The justification for the discovery Class Counsel seeks is based exclusively on a complaint filed by the Consumer Financial Protection Bureau ("CFPB") and New York Attorney General, which has not even survived a pending motion to dismiss, in the Southern District of New York. *CFPB, et al. v. RD Legal Funding, LLC, et al.*, No. 1:17-cv-890-LAP (S.D.N.Y.)

This distinction between the underlying *claims* and the *settlement proceeds* is consistent with the Uniform Commercial Code ("UCC") as adopted by New York, which renders unenforceable contractual provisions that prohibit the assignment of payment intangibles, such as the settlement proceeds here. Specifically, N.Y. U.C.C. Law § 9-408(a) "makes ineffective any attempt to restrict the assignment of a general intangible," *id.* at § 9-408, cmt. 2, including "payment intangibles" such as the settlement proceeds, *id.* at § 9-408, cmt. 4 (Section 9-408(a) applies to the "sale of . . . payment intangibles"); *id.* at § 9-109 cmt. 15 "Once a claim arising in tort has been settled and reduced to a contractual obligation to pay, the right to payment becomes a payment intangible and ceases to be a claim arising in tort.". The UCC thus categorically renders ineffective anti-assignment clauses pertaining to payment intangibles, like the proceeds of the settlement agreement that were sold and assigned to CAMBRIDGE CAPITAL GROUP LLC (collectively). *Cf. ImagePoint, Inc. v. JPMorgan Chase Bank, Nat'l*

7

*Ass'n*, 27 F. Supp. 3d 494, 508-10 (S.D.N.Y. 2014) (finding contractual anti-assignment clauses invalid under Section 9-406(d)).

Considering that the Agreements and Settlement Agreement are sufficient to address the allegation that serves as the purported rationale for Class Counsel's discovery, whether Section30.1 prohibits the Agreements, the broad discovery Class Counsel seeks imposes on CAMBRIDGE CAPITAL GROUP LLC (collectively) is a burden and expense that far outweigh its benefit. Indeed, given that the Claims Administrator has indicated it will not honor assignments, and thus any payment will be distributed to the seller or his attorney, the Court should altogether refrain from adjudicating whether the Agreements are prohibited under the Settlement Agreement. Each seller may elect to either voluntarily comply with the terms of the Agreement and turn over the funds to CAMBRIDGE CAPITAL GROUP LLC, or decline to do so, in which case CAMBRIDGE CAPITAL GROUP LLC will seek to enforce the terms of the contract under the arbitration provision in each Agreement. Adjudicating the enforceability of the Agreements in this forum, with no Complaint addressing their enforceability and without subject matter or personal jurisdiction being asserted over the dispute, would disregard the arbitration terms to which each seller agreed would govern any dispute; potentially grant sellers a windfall; and violate CAMBRIDGE CAPITAL GROUP LLC's due process rights by depriving it of its property interests without a meaningful opportunity to be heard.

IV. **CAMBRIDGE CAPITAL GROUP, LLC; Phillip Timothy Howard, J.D., P.H.D.; Gail Milon; and Jeff Kahn SHOULD BE AWARDED ITS ATTORNEYS FEES AND COSTS**

Rule 45 imposes an affirmative obligation on an attorney taking third-party discovery to "take reasonable steps to avoid imposing undue burden and expense on a person subject to [a Rule 45 subpoena]." Fed. R. Civ. P. 45(d)(1). When an attorney seeking third-party

8

discovery deliberately fails to do so, the "court *must* enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees." *Id.* (emphasis added). Here, where Class Counsel has obstinately refused to comply with the most basic requirements of issuing a subpoena under Rule 45, and instead has forced third non-parties to incur legal expense, costs and inconvenience by responding and legally insisting that Class Counsel comply with the Federal Rules of Civil Procedure prior to providing discovery, sanctions are warranted. Even in this Motion, Class Counsel requests that the Court *reward* its failure to comply with Rule 45 by authorizing in advance of its issuance, 48-hour compliance with any future subpoena (an unreasonably short time period that would in and of itself violate Rule 45). Such abusive conduct is the absolute opposite of what is affirmatively required by Rule 45 and is sanctionable.

## V.     CONCLUSION

For the reasons stated above, non-parties Cambridge Capital Group, LLC; Phillip Timothy Howard, J.D., P.H.D.; Gail Milon; and Jeff Kahn respectfully request that the Court deny Class Counsel's Motion to Compel and impose attorney fees and costs.

Dated this 18th day of September, 2017.

Respectfully submitted,

*/s/ Martin L. Black*
MARTIN L. BLACK, ESQUIRE
FBN 178990
4909 N. Monroe Street
Tallahassee, FL 32303
850-543-8008 Telephone
mbmblack8@gmail.com

9