IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION LITIGATION <br> _____ <br><br> THIS DOCUMENT RELATES TO: <br> ALL ACTIONS | § § § § § § § § § | No. 12-md-2323 (AB) <br><br> MDL No. 2323 |

**First Supplement in Support of the Alexander Objector's Objections to and in Opposition to Co-Lead Class Counsel's Petition for an Award of Attorneys' Fees Reimbursement of Costs and Expenses, Adoption of a set-Aside of Each Monetary Award and Derivative Claimant Award, and Case Contribution Awards for Class Representatives**

The Alexander Objectors file this their First Supplement in Support of their Objections to and Opposition to Co-Lead Class Counsel's Petition for an Award of Attorneys' Fees, Reimbursement of Costs and Expenses, Adoption of a Set-Aside of Each Monetary Award and Derivative Claimant Award, and Case Contribution Awards for Class Representatives [ECF 7151] as follows:

### A. SUMMARY

Two in seven months of claims processing. That is the number of former NFL Players' claims reported as approved in the latest (June 15, 2017) Joint Status Report. The number does not approach the numbers forecast and does not suggest the trajectory of claims to be paid that Co-Lead Class Counsel promised as a justification for its fee request. Even this modest passage of time proving (a) Co-Lead Class Counsel's demand for fees before the payment of a single claim was premature; (b) Co-Lead Class Counsel's assurance that its prognostications about the number of claims that would be approved is, so far, hollow; (c) Co-Lead Counsel will receive an unconscionable windfall if the fee petition is not delayed to establish

a reasonable track record of claims paid.

## B. ARGUMENT

1. On March 27, 2017, the Alexander Objectors filed their Objections to and their Opposition to Co-Lead Class Counsel's Petition for an Award of Attorneys' Fees, Reimbursement of Costs and Expenses, Adoption of a Set-Aside of Each Monetary Award and Derivative Claimant Award, and Case Contribution Awards for Class Representatives [ECF 7151]. *See* ECF 7354 and 7355.

2. The Alexander Objectors argued, in part, that Co-Lead Class Counsel's methodology—constructive common fund—rests upon a guess about the potential participation and qualification of class members. The Alexander Objectors further pointed out that Co-Lead Class Counsel's rush to submit its fee petition before a single NFL player is paid a dime is a departure from common benefit cases. *See, e.g., In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico*, 2:10-md-02179, ECF 21849 (October 28, 2016) (reflecting *Deepwater Horizon* counsel waited four years and until 9 billion in Settlement benefits were paid to present their common benefit fees). Therefore, the petition for fees is premature. *See* ECF 7355, pp. 6-10, 21- 27, 38 – 40.

3. Co-Lead Class Counsel then filed a reply—a seventy-five page document with thirteen additional exhibits—in an attempt to bolster its fee-petition evidence. ECF 7464.

4. The Alexander Objectors objected to the new evidence and submitted responsive evidence illustrating further the analytical gap in Co-Lead Class Counsel's methodology attempting to quantify the size of the fund using "settlement definitions" of conditions not recognized in the medical community; improperly based upon data that is not analogous to the settlement diagnoses; and, thus, without a reliable basis predict how many Class Members will be approved with a "qualifying diagnosis" on the settlement categories. ECF 7533, pp. 1-6.

5. Claims processing began on March 23, 2017 and registration is now closed.

6. The Court received the most recent Joint Status Report on June 15, 2017. ECF 7827.  As to registrations, the Parties disclosed that, as of June 5, 2017, 14,507 people submitted registration forms, including 12,082 Retired NFL Football Players, 546 Representative Claimants and 1,879 Derivative Claimants. *See id.*, p. 3.  As to claims processed, the administrator has authorized payment of only two (2) out of the 869 total claims made. *See* ECF 7827-1, p. 9.  More specifically, on May 26, 2017, the BAP Administrator authorized—subject to lien resolution and <u>other holdbacks</u>[1]—the first payment for a qualifying diagnosis: $5 million for a diagnosis of ALS. *Id*.  Then, on June 5, 2017, the BAP Administrator authorized, again subject to <u>certain holdbacks</u>, the second payment for a qualifying diagnosis: $4 million for a diagnosis of CTE. *Id*.  Thus, still not a dime paid according to this report.

7. When compared, for example, to the NFL data submitted to Special Master Golkin, the present track record—2 claims approved but no money paid—is wildly out of step with the 665 claims forecast to be *paid* in year 1 for a total of $242 million dollars. *See* Report of NFL Parties submitted by Perry Golkin, submitted September 12, 2014, ECF 6168.

8. It is no wonder that the NFL Parties felt so comfortable agreeing to an **uncapped** fund, with a modest reserve, on unrecognized and thus unattainable settlement diagnosis criteria to most of the Class Members. And, it is no surprise that the NFL Parties created a **capped** fund for attorneys' fees which Co-Lead Class

---

[1] The report does not make entirely clear what "holdbacks" prevented the payment of these claims.  However, in light of the use of the term "lien resolution" in conjunction with the term "holdback," it is unlikely that the report is referencing the Settlement "holdbacks of Article IX or Article XI, as they are lien resolution holdbacks.  Thus, it is possible – but unknowable to the Class Members – that that the Claims Administrator is unilaterally holding back under Article XXI for future attorneys' fees.

3

Counsel has attempted to exhaust with its first petition for fees, in advance of any Settlement distribution.

### C.  CONCLUSION

Since June 15, the BAP Administrator has not filed any further status reports. Thus, in addition to the previously filed argument and evidence outlined above, the Alexander Objectors rely upon ECF 7827, the Joint Status Report, in support of their Objections to and their Opposition to Co-Lead Class Counsel's Petition for an Award of Attorneys' Fees, Reimbursement of Costs and Expenses, Adoption of a Set-Aside of Each Monetary Award and Derivative Claimant Award, and Case Contribution Awards for Class Representatives.  The June 15, 2017 report is further evidence that Co-Lead Class Counsel's guess about the size of the fund is both premature and without reliable foundation.  The Court should deny the fee petition without prejudice to be resubmitted after the Claims Administrator has established a track record of actual payments to these injured, former NFL Players and their families.

Date:  September 20, 2017  Respectfully Submitted,

  */s/ Lance H. Lubel*
Mickey Washington  Lance H. Lubel
Texas State Bar No.: 24039233  Texas State Bar No.: 12651125
WASHINGTON & ASSOCIATES, PLLC  Adam Voyles
2019 Wichita Street  Texas State Bar No.: 24003121
Houston, Texas 77004  Justin R. Goodman
Telephone: (713) 225-1838  Texas State Bar No.: 24036660
Facsimile: (713) 225-1866  LUBEL VOYLES LLP
Email: mw@mickeywashington.com  675 Bering Dr., Suite 850
  Houston, TX 77057
James Carlos Canady  Telephone: (713) 284-5200
Texas State Bar No.: 24034357  Facsimile: (713) 284-5250
THE CANADY LAW FIRM  Email: lance@lubelvoyles.com
5020 Montrose Blvd., Suite 701  adam@lubelvoyles.com
Houston, TX 77006  jgoodman@lubelvoyles.com

Telephone: (832) 977-9136
Facsimile: (832) 714-0314
Email: ccanady@canadylawfirm.com

Attorneys for Melvin Aldridge, Trevor Cobb, Jerry W. Davis, Michael Dumas, Corris Ervin, Robert Evans, Anthony Guillory, Wilmer K. Hicks, Jr., Richard Johnson, Ryan McCoy, Emanuel McNeil, Robert Pollard, Frankie Smith, Tyrone Smith, James A. Young Sr., and Baldwin Malcom Frank

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's ECF system on September 20, 2017.

*/s/ Lance H. Lubel*
Lance H. Lubel