IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION LITIGATION | § § § § § § § § § | No. 12-md-2323 (AB) <br><br> MDL No. 2323 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

**Memorandum in Support of The Alexander Objector's
Motion to Compel Compliance with Case Management Order No. 5**

In tandem with the Court's September 11, 2017 Order (ECF No. 8367) directing Co-Lead Class Counsel to submit certain information to assist the Court in allocating attorney fees and expenses, the Alexander Objectors ask the Court to compel all plaintiffs' counsel who intend to seek attorneys' fees and expense reimbursements to file the Quarterly Reports contemplated by CMO 5, together with the underlying Summary Time and Expense Report Forms. In support of their motion, the Alexander Objectors respectfully show the following.

### I. Summary of the Argument

Five years ago, the Court established a fee and expense protocol that, *inter alia*, set forth compensable categories of fees and expenses, required contemporaneously record-keeping, and quarterly reports ("Summary Time and Expense Reporting Form") submitted to the Court. *See* ECF 3710, CMO 5. The purpose of such a protocol, if not apparent on its face, was specifically articulated by the Court. ECF 3710, p. `1 (to "guide the payment of fees and expenses to attorneys performing common-benefit work" and "help ensure this matter is efficiently prosecuted for the benefit of former-player plaintiffs without unnecessary duplication or undue costs or fees). Now, the Court is faced with Co-Lead Class

1

Counsel's request for millions in fees and expenses[1] and, because Co-Lead Class Counsel has failed to file a single Summary Time and Expense Report Form in support of that requires, the Court has no basis upon which to ensure Co-Lead Class Counsel did, in fact, efficiently prosecute this matter for the benefit of former-player plaintiffs without unnecessary duplication or undue costs or fees.

CMO 5 was designed to ensure there would be integrity in the attorneys' fee process for the protection of the former players. Co-Lead Class Counsel has offered no reason to abandon that goal. Therefore, in addition to the submission requested by the Court on September 11, 2017 (ECF 8367), the Alexander Objectors ask the Court to compel all counsel who intend to seek fees and expense reimbursement to file the Quarterly Reports contemplated by CMO 5 for September and December, 2012, as well as the four Quarterly Reports for 2013, 2014, 2015, 2016, and 2017, together with the underling Summary Time and Expense Report Forms.

## II. Argument

A. The Court Ordered fee and expense details to be submitted every quarter beginning September, 2012.

    1. <u>CMO 5 is detailed and mandatory.</u>

The Court entered CMO 5 on September 10, 2012. In that ten-page Order, the Court ORDERED that:

- Counsel shall submit time and expenses reports on a quarterly basis (quarters ending June 30, September 30, December 31, and March 31, ECF 3710, p. 2;

- Counsel are required to "maintain contemporaneous and detailed time and expenses records" on the Summary Time and Expense Report Form in Excel format per the attachment to the Order, *id*.; and

---

[1] Class Counsel and the seventy-five attorneys they have designated to assist them seek $112.5 million in attorneys' fees and reimbursement of costs and out-of-pocket expenses (almost $107,000,000 of which is the attorneys' fee request) plus an immediate "hold back" of 5%, (the maximum allowed under the Settlement), of every award under this Settlement to pay their future fees.

2

- Counsel's monthly time or expense report "shall be considered as representing to the Court, under oath, that the time and expenses submitted "meet the criteria" set forth in the Order, *id*.

2. <u>The CMO 5 fee and expense criteria</u>

CMO 5 ordered, with respect to attorneys' fees, that counsel segregate attorneys' fees hours into the following compensable categories:

- Pleadings, Motions, Briefs & Legal Research
- Preparing & Responding to Discovery Requests
- Factual Research and Analysis
- Document Analysis
- Depositions (including preparation)
- Officially-Called Meetings of Counsel
- Common Benefit Case Management
- Court Appearances
- Trial Preparation & Trial
- Appeals
- Settlement

*Id*., p. 3. And, the Court ordered counsel to use the following form for its submissions:

Attachment A

[Table: Summary Time Report form for NFL Players' Concussion Injury Litigation, MDL No. 2323, with columns for Timekeeper Name, Professional Status, Current Hourly Rate, Pleadings/Motions/Briefs & Legal Research, Preparing & Responding to Discovery Requests, Factual Research and Analysis, Document Analysis, Depositions (including Preparation), Officially-Called Meetings of Counsel, Common Benefit Case Management, Court Appearances, Trial Preparation & Trial, Appeals, Settlement, Current Time Reported (Hours x Hourly Rate), Cumulative Time Reported (Hours x Hourly Rate). All entries show 0.00. Professional Status key: P-Partner, A-Associate, OC-Of Counsel, PL-Paralegal, LC-Law Clerk.]

*Id.*, Attachment A.

The Court also specifically itemized those time categories that were **noncompensable**:

- Time billed for activities prior to the [1/27/12] formation of this MDL;

- Read and review time for persons not overseeing or directly participating in a project;

- Time spent creating and compiling the time and expense reports outlined in these Time and Expense Reporting Guidelines[2];

- Time related to litigation the claims of individual clients;

- Clerical time, including time spent preparing hearing or meeting notebooks, copying, filing, making travel arrangements or calendaring dates;

- Time billed by multiple people in the same firm, unless justified by the

---

[2] Despite this directive, Class Counsel Dianne Nast submitted a request for fees describing as services provided at $800 per hour, time entries for, among other services, precisely this noncompensable service: "drafting and administering Case Management Order No. 5 re: Submission of Plaintiffs' Time and Expense Reports, including quarterly collection of reports." *See* Declaration of Class Counsel Dianne M. Nast (ECF NO. 7151-9, p. 2).

4

> work that has been assigned to the firm in relation to the particular task;
> - Time that was not authorized by the PEC;
> - Time entries that are incomplete or provide insufficient detail;
> - Time that is duplicative or excessive in relation to the work assigned;
> - Time spent attending bar association and similar meetings;

*Id.*, pp. 3-4.

CMO 5 ordered, with respect to expenses, that counsel segregate expenses into the following compensable categories:

- Assessments
- Commercial Copies
- Computerized Research
- Court Reporters/Transcripts
- Expert Services
- Facsimile
- Filing & Service Fees
- In-House Copies
- Long Distance Telephone
- Postage/Express Delivery
- Travel/Meals/Lodging
- Miscellaneous (Describe)

*Id.*, pp. 4-5. And, by CMO 5, the Court ordered counsel to "keep receipts for all expenses," largely because the Order limited the reimbursement of, *e.g.* travel expenses (first-class travel is not allowed); hotel (no dry cleaning or movies); and meals (no alcohol). The Order also required counsel to use the following form for its submissions:

5

Attachment A

| EXPENSE REPORT | | |
|---|---|---|
| Category | Current Expenses | Cumulative Expenses |
| Assessments | | - |
| Commercial Copies | | - |
| Computerized Research (Westlaw, Lexis, etc.) | | - |
| Court Reporters/Transcripts | | - |
| Expert Services | | - |
| Facsimile | | - |
| Filing & Service Fees | | - |
| In-House Copies | | - |
| Long Distance Telephone | | - |
| Postage/Express Delivery | | - |
| Travel/Meals/Lodging | | - |
| Miscellaneous (Describe) | | - |
| | | - |
| | | - |
| | | - |
| **TOTAL EXPENSES:** | - | - |

Enter additional pertinent information regarding your Time and/or Expenses here:

| RECAP OF CUMULATIVE TOTALS | |
|---|---|
| TOTAL CUMULATIVE HOURS TO DATE | - |
| TOTAL CUMULATIVE FEES TO DATE | $ - |
| TOTAL CUMULATIVE EXPENSES TO DATE | $ - |
| TOTAL CUMULATIVE FEES AND EXPENSES TO DATE | $ - |

Of equal importance, the Court ordered that certain expenses were **non-compensable**:

- Expenses billed for activities prior to the [1/27/12] formation of this MDL;
- Case-specific expenses;
- Membership dues, seminars, group meetings and related costs
- Duplicative expenses
- Undocumented expenses;
- Expenses related to paying overtime wages; and
- Expenses related to non-compensable time.

*Id.*, pp. 6-7.

The Court appointed Alan B. Winikur to serve as an auditor "for periodic review of time and expense reports." *Id.*, p. 9. The Court also directed that all reports be submitted to "Diane Brown (dbrown@rodanast.com), with copies to

6

Dianne M. Nast (dnast@rodanast.com), who, acting under the direction and supervision of the PEC, shall maintain, periodically compile and submit such records to the auditor appointed by this Order for review." *Id*., p. 7.

CMO 5 directed counsel to submit the first report on October 31, 2012, covering time and expense entries "from the inception of the case through September 30, 2012." (ECF 3710, CMO 5, p. 7). The Court gave Co-Lead Class Counsel two extensions on the deadline to submit the initial reports. *See* ECF 4135 and 4143. But, the Court has never vacated CMO 5.

B. Before awarding fees or holding back any funds from Class Members to pay fees, the Court should enforce its Order for fee and expense data--**contemporaneously maintained--**under CMO 5.

Through CMO 5, the Court established a record-keeping protocol. The Court entered that Order because Co-Lead Class Counsel told the Court that it was necessary to bring integrity to the process:

> Entry now of an Order establishing a protocol governing permissible common benefit time and expenses invested in this matter and requiring periodic reporting by plaintiffs' counsel conducting such common-benefit work *will help ensure only reasonable and necessary fees and costs inuring to the benefit of all plaintiffs are incurred*. Establishing such guidelines early in the course of this litigation, even prior to the establishment of a Common Benefit Fund, if any, will help ensure that staffing levels for common-benefit work are appropriate and common-benefit time and expenses are reasonable, and will reduce the risk of later conflict over fees and expenses. *See Manual for Complex Litigation (Fourth)* §§14.212, 14.213 (2011). Further, imposing record-keeping procedures and requiring the submission of periodic reports "encourages lawyers to maintain records adequate for the Court's purposes," and facilitates Court review of later-submitted fee petitions, if any. *See id.* §§ 14.212–214.

ECF 3698, p. 3, ¶ 8 (emphasis supplied).

Co-Lead Class Counsel was correct at that time. Detailed records maintained in accordance with a protocol established early in an MDL are appropriate where a Court must approve spending other people's money. *See e.g. In Re Diet Drugs*, 582 F.3d 524, 533 (3d Cir. 2009) (setting forth a fee protocol that required time and

7

expense records be submitted to an auditor who then reviewed those records for compliance with Court-established criteria resulting in common benefit counsel's submission of "verified copies of time records which were maintained contemporaneously . . . throughout the litigation" resulting in a thirty-volume compendium [ ] of fee presentations" ).  The former NFL players and their families deserve no less.

Since the entry of CMO 5, Co-Lead Class Counsel should have submitted more than twenty reports.  Other than a single document, five years of filings in this cause give no evidence that Co-Lead Class Counsel ever complied with CMO 5.  The one exception:  Class Counsel Dianne M. Nast seeks a fee for, in part, "drafting and administering Case Management Order No. 5 re: Submission of Plaintiffs' Time and Expense Reports, including quarterly collection of reports." *See* Declaration of Class Counsel Dianne M. Nast, ECF NO. 7151-9.  Billing for the service, albeit forbidden by CMO 5, implies that the reports have been compiled and submitted.  However, auditor Winikur has not filed a single report.  Auditor Winikur has not submitted a single bill.

In short, the Court has now ordered Co-Lead Class Counsel to provide a "detailed submission as a proposal for the allocation of lawyers' fees."  ECF 8367.  Co-Lead Class Counsel was already required to maintain such detailed records from which a proposal should be generated.  The Alexander Objectors ask the Court to compel Co-Lead Class Counsel—and all other counsel who intend to seek attorneys' fees and expense reimbursements—to file the Monthly and/or Quarterly Reports contemplated by CMO 5, together with the underlying Summary Time and Expense Report Forms, as well any reports or audits prepared by or for Diane Brown, Dianne M. Nast, or Alan B. Winikur or the firm Zelnick, Mann and Winikur PC pursuant to CMO 5.

| | |
|---|---|
| Date: September 20, 2017 | Respectfully Submitted, |
| | */s/ Lance H. Lubel* |
| Mickey Washington | Lance H. Lubel |
| Texas State Bar No.: 24039233 | Texas State Bar No.: 12651125 |
| WASHINGTON & ASSOCIATES, PLLC | Adam Voyles |
| 2019 Wichita Street | Texas State Bar No.: 24003121 |
| Houston, Texas 77004 | Justin R. Goodman |
| Telephone: (713) 225-1838 | Texas State Bar No.: 24036660 |
| Facsimile: (713) 225-1866 | LUBEL VOYLES LLP |
| Email: mw@mickeywashington.com | 675 Bering Dr., Suite 850 |
| | Houston, TX 77057 |
| James Carlos Canady | Telephone: (713) 284-5200 |
| Texas State Bar No.: 24034357 | Facsimile: (713) 284-5250 |
| THE CANADY LAW FIRM | Email: lance@lubelvoyles.com |
| 5020 Montrose Blvd., Suite 701 | adam@lubelvoyles.com |
| Houston, TX 77006 | jgoodman@lubelvoyles.com |
| Telephone: (832) 977-9136 | |
| Facsimile: (832) 714-0314 | |
| Email: ccanady@canadylawfirm.com | |

Attorneys for Melvin Aldridge, Trevor Cobb, Jerry W. Davis, Michael Dumas, Corris Ervin, Robert Evans, Anthony Guillory, Wilmer K. Hicks, Jr., Richard Johnson, Ryan McCoy, Emanuel McNeil, Robert Pollard, Frankie Smith, Tyrone Smith, James A. Young Sr., and Baldwin Malcom Frank

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's ECF system on September 20, 2017.

*/s/ Lance H. Lubel*
Lance H. Lubel

9