# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No.:2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>REGINALD SUTTON,<br>           PLAINTIFF,<br>Case No. 2:12-cv-00601-AB | |

## NOTICE OF ATTORNEY'S LIEN

Pursuant to rules of procedure, and the executed Retainer Agreement dated January 31, 2012, Petitioners, Gene Locks, Esquire, Michael B. Leh, Esquire, and David D. Langfitt, Esquire, of LOCKS LAW FIRM, attorneys for the Plaintiff in the above-entitled action, hereby notify this Court and all parties that they have a lien in this case for reasonable attorney's fees, plus expenses, as set forth in the accompanying Petition to Establish Attorney's Lien.

                                                    Respectfully submitted,

                                                    **LOCKS LAW FIRM**

Dated: July 21, 2017        By: _____
                                                  Gene Locks, Esquire (PA ID No. 12969)
                                                  Michael B. Leh, Esquire (PA ID No. 42962)
                                                  David D. Langfitt, Esquire (PA ID No. 66588)
                                                  THE CURTIS CENTER
                                                  601 Walnut Street, Suite 720 East
                                                  Philadelphia, PA 19106
                                                  (215) 893-0100

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : : : : | No.:2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>REGINALD SUTTON,<br>                   PLAINTIFF,<br>Case No. 2:12-cv-00601-AB | : : : : | |

## PETITION TO ESTABLISH ATTORNEY'S LIEN

NOW, comes, Petitioners, Gene Locks, Esquire, Michael B. Leh, Esquire, and David D. Langfitt, Esquire, of LOCKS LAW FIRM, pursuant to rules of procedure, and the executed Retainer Agreement dated January 31, 2012, and states as follows:

(1) Petitioners are attorneys at law admitted to practice before any court in the State of Pennsylvania, and files this petition to establish their lien for attorney's fees as set forth hereinafter;

(2) On or about January 31, 2012, Petitioners were retained and employed by Plaintiff, Reginald Sutton, pursuant to a Retainer Agreement, to pursue a claim for injuries and damages on Plaintiff's behalf in the NFL Concussion MDL against the NFL and any other responsible parties for any football-related injuries. A copy of the Retainer Agreement, dated January 31, 2012, is attached as Exhibit A.

(3) The Retainer Agreement contains the following terms:

 a. "4. The parties acknowledge and agree that the CLIENT retain the Attorneys on a contingency fee basis, and that CLIENT shall pay Attorneys a fee for their services in any civil action authorized by the CLIENT in an amount equal to 33.33% (thirty-three and one-third) of the gross proceeds of recovery by the CLIENT, whether by settlement, judgment, or otherwise."

 b. "5. In the event the Attorneys recover attorneys' fees for the CLIENT, or are awarded attorneys' fees, the attorneys' fees recovered shall be applied against the amounts to which the Attorneys would be entitled under this Agreement. If any attorneys' fee award exceeds the amount of the contingent fee under this Agreement, the Attorneys shall be entitled to the higher of the attorneys' fee award or the contingency fee."

 c. "6. The CLIENT understands and agrees that the filing of an action or suit on his behalf will require the expenditure of funds for litigation expenses and costs, such as filing fees, discovery expenses, witness fees, and transcripts. The Attorneys and the CLIENT agree that the Attorneys will initially pay and thus advance all such litigation costs and expenses on the CLIENT's behalf, and that in the event of a recovery or award, the CLIENT will reimburse the Attorneys for such expenses and costs out of CLIENT's recovery or award."

 d. "7. The CLIENT and Attorneys agree that the CLIENT's responsibility for the payment of attorneys' fees to the Attorneys is limited to the contingent fee provided in paragraph four (4) and that those sums shall be derived from the CLIENT's recovery of an award, whether by judgment or settlement."

(4) From the date Petitioners were authorized to proceed on behalf of Plaintiff, Petitioners have actively and diligently applied themselves to the investigation, preparation, and pursuit of Plaintiff's claims, and have taken all steps necessary to prosecute those claims, document Plaintiff's diagnoses, retrieve medical records, and continue to pursue the best interests of Plaintiff in this matter.

(5) After investigation and preparation, Petitioners filed the instant action on behalf of Plaintiff. On July 11, 2012, Petitioners filed a Short Form Complaint on behalf of Plaintiff. A copy of the Short-Form Complaint is attached as Exhibit B.

(6) The specific services performed required expenses incurred by Petitioners.

(7) Plaintiff has recently discharged Petitioners as his attorneys in this matter, and he is now being represented by a new attorney in this action.

(8) Petitioners were not terminated by Plaintiff for cause, and the termination was not due to any malfeasance or other improper action on the part of Petitioners.

(9) Petitioners claim the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiff in this action.

WHEREFORE, Petitioners pray:

(1) That their attorney's lien for fees and expenses be determined and established;

(2) That the Court order that Petitioners be entitled to enforce their attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

(3) For such other and further relief as this Court deems just.

|  |  | Respectfully submitted, |
|---|---|---|
|  |  | **LOCKS LAW FIRM** |
| Dated: July 21, 2017 | By: | _/s/ Gene Locks_ |

Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : | No.:2:12-md-02323-AB MDL No. 2323 |
| THIS DOCUMENT RELATES TO: REGINALD SUTTON, PLAINTIFF, Case No. 2:12-cv-00601-AB | : : : : : : | |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Notice of Attorney's Lien was filed via the Electronic Case Filing System in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the litigation.

Respectfully submitted,

LOCKS LAW FIRM

Dated: July 21, 2017     By: _____
Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

# EXHIBIT A

RETAINER AGREEMENT

FILE COPY

Client Name: REGINALD SUTTON

Address: P.O. Box 784625

City: Winter Garden    State: FL    Zip Code: 34778

Home Telephone: (407) 487-0980    Office Telephone: _____

Cell Phone: (407) 487-0980    Email: _____

Date of Birth: 02/16/1965    Social Security: _____

## RETAINER AGREEMENT

The CLIENT, Reginald Sutton, and the LOCKS LAW FIRM, 601 Walnut Street, Suite 720 East, Philadelphia, PA 19106, their associates, partners and co-counsel (hereinafter collectively "Attorneys"), in consideration of the mutual promises contained herein, for the purposes of providing legal services to the CLIENT, agree as follows:

1. The CLIENT hereby retains and employs the Attorneys to represent him in the investigation and prosecution by civil action, any and all claims CLIENT may have arising out of his participation as a player in games, practices, or training sponsored or approved by the National Football League, any one or more of the member teams of the National Football League, and/or the National Football League Players' Association, as those claims relate to head injuries, concussions, and/or brain trauma of any kind.

2. Any such action or suit is subject to the investigation by the Attorneys of the facts of the claim and the applicable law. This agreement does not include appeals and/or ancillary proceedings.

3. The CLIENT understands that after investigating the claims, if the Attorneys decide that in their best judgment no case should be filed, the Attorneys may withdraw as counsel and have no further obligation to the CLIENT under this Retainer Agreement.

4. The parties acknowledge and agree that the CLIENT retains the Attorneys on a contingency fee basis, and that CLIENT shall pay Attorneys a fee for their services in any civil action authorized by the CLIENT in an amount equal to 33.33 % (thirty-three and one-third) of the gross proceeds of recovery by the CLIENT, whether by settlement, judgment, or otherwise.

5. In the event the Attorneys recover attorneys' fees for the CLIENT, or are awarded attorneys' fees, the attorneys' fees recovered shall be applied against the amounts to which the Attorneys would be entitled under this Agreement. If any attorneys' fee award exceeds the amount of the contingent fee under this Agreement, the Attorneys shall be entitled to the higher of the attorneys' fee award or the contingency fee.

6. The CLIENT understands and agrees that the filing of an action or suit on his behalf will require the expenditure of funds for litigation expenses and costs, such as filing fees, discovery expenses, witness fees, and transcripts. The Attorneys and the CLIENT agree that the Attorneys will initially pay and thus advance all such litigation costs and expenses on the CLIENT's behalf, and that in the event of a recovery or award, the CLIENT will reimburse the Attorneys for such expenses and costs out of CLIENT's recovery or award.

7. The CLIENT and Attorneys agree that the CLIENT's responsibility for the payment of attorneys' fees to the Attorneys is limited to the contingent fee provided in paragraph four (4) and that those sums shall be derived from the CLIENT's recovery of an award, whether by judgment or settlement.

8. The CLIENT shall keep the Attorneys informed at all times of all current addresses, telephone numbers, and e-mail address(es).

9. The CLIENT understands that there have been no representations or promises made as to the outcome of the case or any phase of the case.

10. The CLIENT agrees not to discuss and/or negotiate any settlement and/or accept any settlement regarding the subject matter of the case with any defendant and/or potential defendant, without first consulting the Attorneys.

**ACCEPTED AND AGREED**:

CLIENT: *Reginald E. Sutton* Dated: 1/31/2012
REGINALD SUTTON

ATTORNEYS:

By: *[signature]* Dated: 2/2/12
Locks Law Firm

# EXHIBIT B

Case 2:12-md-02323-AB   Document 8428   Filed 09/27/17   Page 12 of 18
Case 2:12-cv-00601-AB   Document 53   Filed 07/27/17   Page 12 of 18
Case 2:12-cv-00601-AB   Document 28   Filed 07/11/12   Page 1 of 7

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | MDL No. 2323 |
| This relates to:<br><br>Plaintiffs' Master Administrative Long-Form Complaint and (if applicable) Britt Hager, et al. v. NFL, No. USDC, EDPA, No. 12-cv-00601<br><br>REGINALD SUTTON | SHORT FORM COMPLAINT<br><br>IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br>JURY TRIAL DEMANDED |

## SHORT FORM COMPLAINT

1. Plaintiff, **REGINALD SUTTON**, brings this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2. Plaintiff is filing this short form complaint as required by this Court's Case Management Order No. 2, filed April 26, 2012.

3. Plaintiff, incorporates by reference the allegations (as designated below) of the Master Administrative Long-Form Complaint, as may be amended, as if fully set forth at length in this Short Form Complaint.

4. NOT APPLICABLE

5. Plaintiff, **REGINALD SUTTON**, is a resident and citizen of Winter Garden, Florida and claims damages as set forth below.

6. NOT APPLICABLE

7. On information and belief, the Plaintiff sustained repetitive, traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices. On information and belief, Plaintiff suffers from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff sustained during NFL games and/or practices. On information and belief, the Plaintiff's symptoms arise from injuries that are latent and have developed and continue to develop over time.

8. The original complaint by Plaintiff(s) in this matter was filed in United States District Court, Eastern District of Pennsylvania.

9. Plaintiff claims damages as a result of [check all that apply]:

   _X_ Injury to Herself/Himself

   _X_ Injury to the Person Represented

   ___ Wrongful Death

   ___ Survivorship Action

   _X_ Economic Loss

   ___ Loss of Services

   ___ Loss of Consortium

- 2 -

Case 2:12-md-02323-AB Document 8428 Filed 09/27/17 Page 14 of 18
Case 2:12-cv-00601-AB Document 53 Filed 07/27/17 Page 14 of 18
Case 2:12-cv-00601-AB Document 28 Filed 07/11/12 Page 3 of 7

10.     NOT APPLICABLE

11.     _X_ Plaintiff, reserves the right to object to federal jurisdiction.

## DEFENDANTS

12.     Plaintiff brings this case against the following Defendants in this action [check all that apply]:

    _X_ National Football League

    _X_ NFL Properties, LLC

    ___ Riddell, Inc.

    ___ All American Sports, Inc. (d/b/a Riddell Sports Group, Inc.)

    ___ Riddell Sports Group, Inc.

    ___ Easton-Bell Sports, Inc.

    ___ Easton-Bell Sports, LLC

    ___ EB Sports Corporation

    ___ RBG Holdings Corporation

13.     NOT APPLICABLE

14.     NOT APPLICABLE

15. Plaintiff played in  X  the National Football League ("NFL") and/or in _____ the American Football League ("AFL") during 1986-88 for the following teams:

New Orleans Saints

## CAUSES OF ACTION

16. Plaintiff herein adopts by reference the following Counts of the Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

 X  Count I (Action for Declaratory Relief – Liability (Against the NFL))

 X  Count II (Medical Monitoring (Against the NFL))

 ___ Count III (Wrongful Death and Survival Actions (Against the NFL))

 X  Count IV (Fraudulent Concealment (Against the NFL))

 X  Count V (Fraud (Against the NFL))

 X  Count VI (Negligent Misrepresentation (Against the NFL))

 X  Count VII (Negligence Pre-1968 (Against the NFL))

 X  Count VIII (Negligence Post-1968 (Against the NFL))

 X  Count IX (Negligence 1987-1993 (Against the NFL))

 X  Count X (Negligence Post-1994 (Against the NFL))

 X  Count XI (Loss of Consortium (Against the NFL))

- 4 -

Case 2:12-md-02323-AB Document 8428 Filed 09/27/17 Page 16 of 18
Case 2:12-cv-00601-AB Document 53 Filed 07/27/17 Page 16 of 18
Case 2:12-cv-00601-AB Document 28 Filed 07/11/12 Page 5 of 7

__X__ Count XII (Negligent Hiring (Against the NFL))

__X__ Count XIII (Negligent Retention (Against the NFL))

___ Count XIV (Strict Liability for Design Defect (Against the Riddell Defendants))

___ Count XV (Strict Liability for Manufacturing Defect (Against the Riddell Defendants))

___ Count XVI (Failure to Warn (Against the Riddell Defendants))

___ Count XVII (Negligence (Against the Riddell Defendants))

__X__ Count XVIII (Civil Conspiracy/Fraudulent Concealment (Against All Defendants))

17. Plaintiff asserts the following additional causes of action [write in or attach]:

_____

_____

_____

_____

_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for judgment as follows:

- 5 -

Case 2:12-md-02323-AB Document 8428 Filed 09/27/17 Page 17 of 18
Case 2:12-cv-00601-AB Document 53 Filed 07/27/17 Page 17 of 18
Case 2:12-cv-00601-AB Document 28 Filed 07/11/12 Page 6 of 7

A. An award of compensatory damages, the amount of which will be determined at trial;

B. For punitive and exemplary damages as applicable;

C. For all applicable statutory damages of the state whose laws will govern this action;

D. For medical monitoring, whether denominated as damages or in the form of equitable relief;

E. For an award of attorneys' fees and costs;

F. An award of prejudgment interest and costs of suit; and

G. An award of such other and further relief as the Court deems just and proper.

## JURY DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff(s) hereby demand(s) a trial by jury.

RESPECTFULLY SUBMITTED:

/s/ *Gene Locks*

Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
215-893-0100 (tel.)
215-893-3444 (fax)
glocks@lockslaw.com
mleh@lockslaw.com
dlangfitt@lockslaw.com

and

Case 2:12-md-02323-AB Document 8428 Filed 09/27/17 Page 18 of 18
Case 2:12-cv-00601-AB Document 53 Filed 07/27/17 Page 18 of 18
Case 2:12-cv-00601-AB Document 28 Filed 07/11/12 Page 7 of 7

Craig R. Mitnick, Esquire
Managing Partner
Mitnick Law Offices
Thirty-Five Kings Highway East,
Haddonfield, New Jersey 08033
856.427.9000 (tel.)
F. 856.427.0360 (fax)
craig@crmtrust.com

*Attorneys for Plaintiffs*