# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : | No.:2:12-md-02323-AB |
| | : | MDL No. 2323 |
| | : | |
| | : | |
| _____ | : | |
| | : | |
| THIS DOCUMENT RELATES TO: ZACHARY VALENTINE,            PLAINTIFF, Case No. 2:12-cv-02490-AB | : : : : | |

## NOTICE OF ATTORNEY'S LIEN

Pursuant to rules of procedure, and the executed Retainer Agreement dated April 19, 2012, Petitioners, Gene Locks, Esquire, Michael B. Leh, Esquire, and David D. Langfitt, Esquire, of LOCKS LAW FIRM, attorneys for the Plaintiff in the above-entitled action, hereby notify this Court and all parties that they have a lien in this case for reasonable attorney's fees, plus expenses, as set forth in the accompanying Petition to Establish Attorney's Lien.

Respectfully submitted,

**LOCKS LAW FIRM**

Dated: July 21, 2017                    By: _____

Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE | : | No.:2:12-md-02323-AB |
| PLAYERS' CONCUSSION | : | |
| INJURY LITIGATION | : | MDL No. 2323 |
| | : | |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ZACHARY VALENTINE, | : | |
| PLAINTIFF, | : | |
| Case No. 2:12-cv-02490-AB | : | |

## PETITION TO ESTABLISH ATTORNEY'S LIEN

NOW, comes, Petitioners, Gene Locks, Esquire, Michael B. Leh, Esquire, and David D. Langfitt, Esquire, of LOCKS LAW FIRM, pursuant to rules of procedure, and the executed Retainer Agreement dated April 19, 2012, and states as follows:

(1) Petitioners are attorneys at law admitted to practice before any court in the State of Pennsylvania, and files this petition to establish their lien for attorney's fees as set forth hereinafter;

(2) On or about April 19, 2012, Petitioners were retained and employed by Plaintiff, Zachary Valentine, pursuant to a Retainer Agreement, to pursue a claim for injuries and damages on Plaintiff's behalf in the NFL Concussion MDL against the NFL and any other responsible parties for any football-related injuries. A copy of the Retainer Agreement, dated April 19, 2012, is attached as Exhibit A.

(3) The Retainer Agreement contains the following terms:

a. "4. The parties acknowledge and agree that the CLIENT retain the Attorneys on a contingency fee basis, and that CLIENT shall pay Attorneys a fee for their services in any civil action authorized by the CLIENT in an amount equal to 33.33% (thirty-three and one-third) of the gross proceeds of recovery by the CLIENT, whether by settlement, judgment, or otherwise."

b. "5. In the event the Attorneys recover attorneys' fees for the CLIENT, or are awarded attorneys' fees, the attorneys' fees recovered shall be applied against the amounts to which the Attorneys would be entitled under this Agreement. If any attorneys' fee award exceeds the amount of the contingent fee under this Agreement, the Attorneys shall be entitled to the higher of the attorneys' fee award or the contingency fee."

c. "6. The CLIENT understands and agrees that the filing of an action or suit on his behalf will require the expenditure of funds for litigation expenses and costs, such as filing fees, discovery expenses, witness fees, and transcripts. The Attorneys and the CLIENT agree that the Attorneys will initially pay and thus advance all such litigation costs and expenses on the CLIENT's behalf, and that in the event of a recovery or award, the CLIENT will reimburse the Attorneys for such expenses and costs out of CLIENT's recovery or award."

d. "7. The CLIENT and Attorneys agree that the CLIENT's responsibility for the payment of attorneys' fees to the Attorneys is limited to the contingent fee provided in paragraph four (4) and that those sums shall be derived from the CLIENT's recovery of an award, whether by judgment or settlement."

(4) From the date Petitioners were authorized to proceed on behalf of Plaintiff, Petitioners have actively and diligently applied themselves to the investigation, preparation, and pursuit of Plaintiff's claims, and have taken all steps necessary to prosecute those claims, document Plaintiff's diagnoses, retrieve medical records, and continue to pursue the best interests of Plaintiff in this matter.

(5) After investigation and preparation, Petitioners filed the instant action on behalf of Plaintiff. On July 12, 2012, Petitioners filed a Short Form Complaint on behalf of Plaintiff. A copy of the Short-Form Complaint is attached as Exhibit B.

(6) The specific services performed required expenses incurred by Petitioners.

(7) Plaintiff has recently discharged Petitioners as his attorneys in this matter, and he is now being represented by a new attorney in this action.

(8) Petitioners were not terminated by Plaintiff for cause, and the termination was not due to any malfeasance or other improper action on the part of Petitioners.

(9) Petitioners claim the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiff in this action.

WHEREFORE, Petitioners pray:

(1) That their attorney's lien for fees and expenses be determined and established;

(2) That the Court order that Petitioners be entitled to enforce their attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

(3) For such other and further relief as this Court deems just.

Respectfully submitted,

**LOCKS LAW FIRM**

Dated: July 21, 2017      By:

Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE | : | No.:2:12-md-02323-AB |
| PLAYERS' CONCUSSION | : | |
| INJURY LITIGATION | : | MDL No. 2323 |
| | : | |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ZACHARY VALENTINE, | : | |
| PLAINTIFF, | : | |
| Case No. 2:12-cv-02490-AB | : | |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Notice of Attorney's Lien was filed via the Electronic Case Filing System in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the litigation.

Respectfully submitted,

LOCKS LAW FIRM

Dated: July 21, 2017                    By: _____

Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
THE CURTIS CENTER
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

# EXHIBIT A

# RETAINER AGREEMENT

Client Name: _Zachary Valentine_

Spouse Name: _____

Address: _P.O. Box 241_

City: _Swedesboro_     State: _N J_    Zip Code: _08085_

Home Telephone: _856-467-0415_    Office Telephone: _856-853-0123 x 2495_

Cell Phone: _609 876-0269_    Email: _zvalentineptl@comcast.net_

Date of Birth: _5/29/57_    Social Security: _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_

## RETAINER AGREEMENT

The CLIENT, _____, and, _____, (spouse), and the LOCKS LAW

FIRM, 601 Walnut Street, Suite 720 East, Philadelphia, PA 19106, their associates, partners and co-

counsel, including HARRY HIMES, ESQUIRE (hereinafter collectively "Attorneys"), in consideration

of the mutual promises contained herein, for the purposes of providing legal services to the CLIENT,

agree as follows:

1.    The CLIENT hereby retains and employs the Attorneys to represent him in the investigation

and prosecution by civil action, any and all claims CLIENT may have arising out of his participation as

a player in games, practices, or training sponsored or approved by the National Football League, any

one or more of the member teams of the National Football League, and/or the National Football League

Players' Association, as those claims relate to head injuries, concussions, and/or brain trauma of any

kind.

2.    Any such action or suit is subject to the investigation by the Attorneys of the facts of the

claim and the applicable law. This agreement does not include appeals and/or ancillary proceedings.

The CLIENT understands that after investigating the claims, if the Attorneys decide that in their best judgment no case should be filed, the Attorneys may withdraw as counsel and have no further obligation to the CLIENT under this Retainer Agreement.

4.      The parties acknowledge and agree that the CLIENT retains the Attorneys on a contingency fee basis, and that CLIENT shall pay Attorneys a fee for their services in any civil action authorized by the CLIENT in an amount equal to 33.33 % (thirty-three and one-third) of the gross proceeds of recovery by the CLIENT, whether by settlement, judgment, or otherwise.

5.      In the event the Attorneys recover attorneys' fees for the CLIENT, or are awarded attorneys' fees, the attorneys' fees recovered shall be applied against the amounts to which the Attorneys would be entitled under this Agreement. If any attorneys' fee award exceeds the amount of the contingent fee under this Agreement, the Attorneys shall be entitled to the higher of the attorneys' fee award or the contingency fee.

6.      The CLIENT understands and agrees that the filing of an action or suit on his behalf will require the expenditure of funds for litigation expenses and costs, such as filing fees, discovery expenses, witness fees, and transcripts. The Attorneys and the CLIENT agree that the Attorneys will initially pay and thus advance all such litigation costs and expenses on the CLIENT's behalf, and that in the event of a recovery or award, the CLIENT will reimburse the Attorneys for such expenses and costs out of CLIENT's recovery or award.

7.      The CLIENT and Attorneys agree that the CLIENT's responsibility for the payment of attorneys' fees to the Attorneys is limited to the contingent fee provided in paragraph four (4) and that those sums shall be derived from the CLIENT's recovery of an award, whether by judgment or settlement.

8.      The CLIENT shall keep the Attorneys informed at all times of all current addresses, telephone numbers, and e-mail address(es).

The CLIENT understands that there have been no representations or promises made as to the outcome of the case or any phase of the case.

10.      The CLIENT agrees not to discuss and/or negotiate any settlement and/or accept any settlement regarding the subject matter of the case with any defendant, potential defendant, and/or the Department of Justice, without first consulting the Attorneys.

**ACCEPTED AND AGREED**:

CLIENT: _____       Dated: _____

CLIENT: _____ (spouse)      Dated: _____

ATTORNEYS:

By: _____            Dated:   4|5|12
Locks Law Firm

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | MDL No. 2323 |
| _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |
| **This relates to:** | **SHORT FORM COMPLAINT** |
| **Plaintiffs' Master Administrative Long-Form Complaint and Brad Culpepper, et al. v. NFL, USDC, EDPA, No. 12-cv-2490** | **IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION** |
| **ZACHARY VALENTINE** | |
| | **JURY TRIAL DEMANDED** |

## SHORT FORM COMPLAINT

1.     Plaintiff, **ZACHARY VALENTINE**, brings this civil action as a related action in

the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION

INJURY LITIGATION, MDL No. 2323.

2.     Plaintiff is filing this short form complaint as required by this Court's Case

Management Order No. 2, filed April 26, 2012.

3.     Plaintiff, incorporates by reference the allegations (as designated below) of the

Master Administrative Long-Form Complaint, as may be amended, as if fully set forth at length

in this Short Form Complaint.

4.     NOT APPLICABLE

-1-

5.    Plaintiff, **ZACHARY VALENTINE,** is a resident and citizen of Swedesboro, New Jersey and claims damages as set forth below.

6.    NOT APPLICABLE

7.    On information and belief, the Plaintiff sustained repetitive, traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices. On information and belief, Plaintiff suffers from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff sustained during NFL games and/or practices. On information and belief, the Plaintiff's symptoms arise from injuries that are latent and have developed and continue to develop over time.

8.    The original complaint by Plaintiff(s) in this matter was filed in United States District Court, Eastern District of Pennsylvania.

9.    Plaintiff claims damages as a result of [check all that apply]:

   _X_    Injury to Herself/Himself

   _X_    Injury to the Person Represented

   ___    Wrongful Death

   ___    Survivorship Action

   _X_    Economic Loss

   ___    Loss of Services

   ___    Loss of Consortium

10.    NOT APPLICABLE

11.    _X_ Plaintiff, reserves the right to object to federal jurisdiction.


## **DEFENDANTS**

12.    Plaintiff brings this case against the following Defendants in this action [check all

       that apply]:

       _X_    National Football League

       _X_    NFL Properties, LLC

       __     Riddell, Inc.

       __     All American Sports, Inc. (d/b/a Riddell Sports Group, Inc.)

       __     Riddell Sports Group, Inc.

       __     Easton-Bell Sports, Inc.

       __     Easton-Bell Sports, LLC

       __     EB Sports Corporation

       __     RBG Holdings Corporation

13.    NOT APPLICABLE

14.    NOT APPLICABLE

15.    Plaintiff played in  X the National Football League ("NFL") and/or in   the

       American Football League ("AFL") during 1979-87 for the following

       teams:

       Pittsburgh Steelers
       Philadelphia Eagles

## CAUSES OF ACTION

16.    Plaintiff herein adopts by reference the following Counts of the Master

       Administrative Long-Form Complaint, along with the factual allegations

       incorporated by reference in those Counts [check all that apply]:

       _X_    Count I (Action for Declaratory Relief – Liability (Against the NFL))

       _X_    Count II (Medical Monitoring (Against the NFL))

       __     Count III (Wrongful Death and Survival Actions (Against the NFL))

       _X_    Count IV (Fraudulent Concealment (Against the NFL))

       _X_    Count V (Fraud (Against the NFL))

       _X_    Count VI (Negligent Misrepresentation (Against the NFL))

       _X_    Count VII (Negligence Pre-1968 (Against the NFL))

       _X_    Count VIII (Negligence Post-1968 (Against the NFL))

       _X_    Count IX (Negligence 1987-1993 (Against the NFL))

   _X_   Count X (Negligence Post-1994 (Against the NFL))

   _X_   Count XI (Loss of Consortium (Against the NFL))

   _X_   Count XII (Negligent Hiring (Against the NFL))

   _X_   Count XIII (Negligent Retention (Against the NFL))

   __   Count XIV (Strict Liability for Design Defect (Against the Riddell Defendants))

   __   Count XV (Strict Liability for Manufacturing Defect (Against the Riddell Defendants))

   __   Count XVI (Failure to Warn (Against the Riddell Defendants))

   __   Count XVII (Negligence (Against the Riddell Defendants))

   _X_   Count XVIII (Civil Conspiracy/Fraudulent Concealment (Against All Defendants))

17.    Plaintiff asserts the following additional causes of action [write in or attach]:

_____

_____

_____

_____

_____

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, prays for judgment as follows:

A.  An award of compensatory damages, the amount of which will be determined at trial;

B.  For punitive and exemplary damages as applicable;

C.  For all applicable statutory damages of the state whose laws will govern this action;

D.  For medical monitoring, whether denominated as damages or in the form of equitable relief;

E.  For an award of attorneys' fees and costs;

F.  An award of prejudgment interest and costs of suit; and

G.  An award of such other and further relief as the Court deems just and proper.

## JURY DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff(s) hereby demand(s) a trial by jury.

RESPECTFULLY SUBMITTED:

_____ /s/ *Gene Locks* _____
Gene Locks, Esquire (PA ID No. 12969)
Michael B. Leh, Esquire (PA ID No. 42962)
David D. Langfitt, Esquire (PA ID No. 66588)
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
215-893-0100 (tel.)
215-893-3444 (fax)
glocks@lockslaw.com
mleh@lockslaw.com
dlangfitt@lockslaw.com

*Attorneys for Plaintiffs*