# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| Kevin Turner and Swan Wooden, *on behalf of themselves and others similarly situated*, Plaintiffs<br><br>v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.<br>Defendants. | Civ. Action No.: 14-cv-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Hon. Anita B. Brody |

**STATEMENT OF CO-LEAD CLASS COUNSEL IN SUPPORT OF THE OPPOSITION BY THE NFL PARTIES TO SETTLEMENT CLASS MEMBER YVONNE SAGAPOLUTELE'S MOTION TO <u>MODIFY THE AMENDED FINAL ORDER AND JUDGMENT</u>**

Co-Lead Class Counsel respectfully submits this statement of the reasons for their support of the Opposition by the NFL Parties (Dkt. No. 8430) to Settlement Class Member Yvonne Sagapolutele's Motion to Modify the Amended Final Order and Judgment (Dkt. No. 8263).

Ms. Sagapolutele seeks to challenge the Court-directed changes to the Settlement Agreement expanding the Qualifying Diagnosis of Death with CTE and the Court-approved notice. Importantly, the amendments to the Settlement Agreement *expanded* the benefits to the Settlement

Class and, as in the case of the Qualifying Diagnosis of Death with CTE, included deceased Retired NFL Football Players who would not otherwise be eligible for Monetary Awards.  The original Settlement Agreement limited the Qualifying Diagnosis to those who died *prior* to Preliminary Approval.  With the amendment, the Qualifying Diagnosis of Death with CTE was expanded to include Retired NFL Football Players who died with CTE between Preliminary and Final Approval of the Settlement Agreement. It is well settled that additional notice to a class is necessary only when amendments to a settlement agreement are "materially adverse" to the class.  *See e.g. In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 175 n.10, 182 (3d Cir. 2013).

Moreover, Ms. Sagapolutele's argument that there was insufficient notice without further supplemental notice is not correct.  The Short- and Long-Form notices distributed to the Settlement Class Members made clear that an award of Death with CTE would *not* be available to all Retired NFL Football Players diagnosed with CTE.  Rather, only "certain" cases of CTE would be compensated—namely, cases where, the Retired NFL Player died prior to Preliminary Approval "died prior to **July 7, 2014** [Preliminary Approval] and received a diagnosis of Death with CTE" by a board-certified neuropathologist.  Further, the amendments to the Settlement Agreement were published through many channels during the extensive outreach undertaken, including the redlined version of the Settlement Agreement that was made public on the Court's docket. Importantly, when addressing similar arguments in opposition to final approval of the Amended Settlement Agreement, the Court made clear that the original notice was adequate and notification of the amendments to Class Members was not required.  *In re National Football League Players' Concussion Injury Litig.*, 307 F.R.D. 351, 386 (E.D.Pa. 2015).  As the Court made clear "these changes improved the deal for Class Members without providing any concessions to the NFL Parties, an additional round of notice for Class Members is unnecessary."  *Id.*

Dated: September 28, 2017

Respectfully submitted,


___/s/ Christopher A. Seeger_____
Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

*Co-Lead Class Counsel*

___/s/ Sol Weiss_____
Sol Weiss
ANAPOL WEISS
One Logan Square,
130 N 18th St., Suite 1600
Philadelphia, PA 19103
Phone:  (215) 735-1130
Fax: (215) 735-2024

*Co-Lead Class Counsel*