# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Case No. 2:12-MD-02323-AB |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, | MDL No. 2323 |
| Plaintiffs, | Hon. Anita B. Brody |
| v. | |
| National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc., | |
| Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**MEMORANDUM OF LAW OF THE CONSUMER FINANCIAL PROTECTION BUREAU AND THE PEOPLE OF THE STATE OF NEW YORK ON WHETHER THE NFL CONCUSSION LITIGATION SETTLEMENT AGREEMENT FORBIDS ASSIGNMENTS OF SETTLEMENT BENEFITS**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii
    I.     Introduction.................................................................................................................. 1
    II.    Background ................................................................................................................. 1
    III.   The NFL settlement agreement prohibits assignments of settlement benefits. ............ 3
    IV.   Conclusion .................................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Cases**

*CFPB v. RD Legal Funding, LLC*, No. 1:17-cv-890-LAP (S.D.N.Y. filed Feb. 7, 2017) .... passim

*Collins v. Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16 (2d Cir. 1995) .................................. 4

*Coregis Ins. Co. v. Amer. Health Found., Inc.*, 241 F.3d 123 (2d. Cir. 2001) ............................... 4

*India.com, Inc. v. Dalal*, 412 F.3d 315 (2d Cir. 2005) .................................................................... 6

*Johnson v. Augsbury Org., Inc.*, 167 A.D.2d 783 (N.Y. App. Div. 1990) ..................................... 6

*SEC v. Credit Bancorp., Ltd.*, 297 F.3d 127 (2d Cir. 2002) ........................................................... 6

*Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 966 F. Supp. 2d 270 (S.D.N.Y. 2013) .......... 6

*Sullivan v. Int'l Fid. Ins. Co.*, 465 N.Y.S.2d 235 (N.Y. App. Div. 1983) ..................................... 3

**State Statutes**

N.Y. U.C.C. Law § 9-109 ............................................................................................................... 7

N.Y. U.C.C. Law § 9-408 ............................................................................................................... 7

**Other Authorities**

53 C.J.S. Liens § 3 (2017)............................................................................................................... 5

NFL Concussion Settlement Website, Frequently Asked Question 5.31, *available at*
    https://nflconcussionsettlement.com/Un-Secure/FAQDetails.aspx?q=67#67 .......................... 4

## I. Introduction

The Consumer Financial Protection Bureau ("Bureau") and the People of the State of New York ("NYAG") respectfully submit this memorandum of law pursuant to the Order issued by this Court on September 27, 2017[1] and the Order issued on September 8, 2017 by Judge Loretta A. Preska in the action pending in the Southern District of New York, *CFPB v. RD Legal Funding, LLC*, No. 1:17-cv-890-LAP (S.D.N.Y. filed Feb. 7, 2017) ("CFPB Action").[2] This memorandum addresses the question identified in this Court's September 27 order: "whether the *NFL Concussion Litigation* settlement agreement forbids assignments of settlement benefits."[3]

The plain language of the settlement agreement clearly prohibits assignments of settlement benefits. Consistent with the plain language, the Claims Administrator's written policies interpreting the settlement prohibit assignments of settlement benefits. Accordingly, the Bureau and the NYAG respectfully submit that the Court should conclude the settlement agreement forbids assignments of settlement benefits.

## II. Background

On February 7, 2017, the Bureau and the NYAG brought a civil enforcement action against RD Legal Funding, LLC, RD Legal Finance, LLC, RD Legal Funding Partners, LP, and the companies' owner and founder, Roni Dersovitz (collectively, "RD Legal").[4] The complaint in that action alleges that RD Legal advances funds to consumers who are entitled to receive monetary compensation under a settlement fund or judgment, including former National Football

---

[1] Order at 1, ECF No. 8409.

[2] Order at 4, ECF No. 59.

[3] Order at 1, ECF No. 8409.

[4] CFPB Action, Compl., ECF No. 1.

League ("NFL") players and emergency first responders to the September 11th attack.[5] RD Legal mischaracterizes these transactions as "assignments," falsely claims that it can expedite funding and "cut through red tape;" misrepresents when consumers will receive funds; and collects on contracts that are void under state laws on which no payment is due.[6] Under New York law, RD Legal's transactions are loans at usurious interest rates.[7] The Bureau and the NYAG allege that RD Legal's transactions violate state and federal consumer financial laws and other state laws.[8]

Co-Lead Class Counsel in this litigation before Your Honor sought leave to file an amicus curiae memorandum in the CFPB Action in order to dispute RD Legal's assertion (raised in a motion to dismiss the complaint) that assignments of settlement awards are permitted under the settlement. In the alternative, Co-Lead Class Counsel requested that this discrete issue be referred to Your Honor.[9] Judge Preska then referred to this Court "the question of whether the *NFL Concussion Litigation* settlement agreement forbids assignments of settlement benefits."[10] This Court's Order issued on September 27, 2017 directed the parties to address that question.[11]

---

[5] *Id.* at ¶¶ 1, 2.

[6] *Id.* at ¶ 6.

[7] *Id*. at ¶ 7.

[8] *Id.* at ¶ 8.

[9] CFPB Action, Letter at 3, ECF No. 45.

[10] *Id.*, Order at 4, ECF No. 59.

[11] Order, ECF No. 8409.

**III.     The NFL settlement agreement prohibits assignments of settlement benefits.**

The settlement agreement approved by this Court on April 22, 2015 establishing the NFL settlement fund clearly and in no uncertain terms prohibits assignments of proceeds from the fund. Article XXX of the settlement agreement provides as follows:

> Section 30.1 <u>No Assignment of Claims</u>. Neither the Settlement Class nor any Class or Subclass Representative or Settlement Class Member has assigned, will assign, or will attempt to assign, to any person or entity other than the NFL Parties any rights or claims relating to the subject matter of the Class Action Complaint. Any such assignment, or attempt to assign, to any person or entity other than the NFL Parties any rights or claims relating to the subject matter of the Class Action Complaint will be void, invalid, and of no force and effect and the Claims Administrator shall not recognize any such action.[12]

The settlement agreement provides that it "will be interpreted and enforced in accordance with the laws of the State of New York,"[13] and, under New York law, the agreement's anti-assignment provision is valid and effective.[14] In short, the settlement agreement contains clear and legally enforceable language precluding assignments of rights and claims, and thus any assignment clauses of class members' rights and claims—such as those assignment clauses found in RD Legal's contracts[15]— are void, invalid, and of no force and effect.

The written policies of the NFL concussion settlement program and the Claims Administrator, Orran Brown, confirm this understanding. The official settlement program website indicates that the Claims Administrator will not recognize "the assignment of any rights

---

[12] Settlement Agreement, ECF No. 6481-1.

[13] *Id.* § 27.1(a).

[14] *See, e.g.*, *Sullivan v. Int'l Fid. Ins. Co.*, 465 N.Y.S.2d 235, 237 (N.Y. App. Div. 1983) ("[I]t has been consistently held that assignments made in contravention of a prohibition clause in a contract are void if the contract contains clear, definite and appropriate language declaring the invalidity of such assignments.").

[15] *See, e.g.,* Co-Lead Class Counsel's Mot. to Compel Disc. Resps., Exhibit B-1, ECF No. 8301-9.

to receive a Monetary Award or a Derivative Claimant Award, or any portion of an Award, in exchange for a cash advance."[16] The Claims Administrator reported the same to the Court on September 19, 2017.[17]

RD Legal argues that the phrase "rights or claims relating to the subject matter of the Class Action Complaint" should be construed narrowly to prohibit only assignments of rights and claims in the complaint—i.e., class members' legal claims—not rights and claims under the settlement agreement, i.e., class members' monetary awards.[18] RD Legal is wrong for several reasons. First, RD Legal's argument ignores the meaning of the phrase "relating to," which is commonly interpreted to have a broad scope.[19] Under the ordinary meaning of the phrase "relating to," a class member's right or claim to settlement proceeds resulting from the order in the matter plainly is related to the subject matter of the complaint.

Second, if interpreted as RD Legal suggests, the anti-assignment provision would make little sense. The complaint does not provide any of the parties "rights"; only the settlement agreement does that. Similarly, under RD Legal's reading, the stipulation that "the Claims

---

[16] NFL Concussion Settlement Website, Frequently Asked Question 5.31, *available at* https://nflconcussionsettlement.com/Un-Secure/FAQDetails.aspx?q=67#67.

[17] Transcript of Hearing on Sept. 19, 2017 at 40:18-19.

[18] *See* RD Legal's Opp. to Mot. to Compel Disc. Resps. at 9, ECF No. 8335 ("Opp. to Mot. to Compel"); *see also* CFPB Action, Defs.' Mot. to Dismiss at 33, ECF No. 30. Citations refer to pages of the original document, not the ECF pagination.

[19] *See, e.g.*, *Coregis Ins. Co. v. Amer. Health Found., Inc.*, 241 F.3d 123, 128–29 (2d. Cir. 2001) ("The term 'related to' is typically defined more broadly."); *Collins v. Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir 1995) (discussing that, in the context of arbitration clauses, the phrase "'arising out of or relating to th[e] agreement,' is the paradigm of a broad clause").

Administrator shall not recognize" assignments would be meaningless.[20] The Claims Administrator does not have the authority to adjudicate class members' legal claims; only a court does. The natural reading of the provision's plain language is that it prohibits exactly what RD Legal's contracts purport to achieve: the assignment of rights that arise under the agreement to resolve the case.

RD Legal maintains that the settling parties were required to use the phrase "the subject matter of this Settlement Agreement" in the anti-assignment provision to prohibit class members from assigning their right to settlement proceeds and that references to this phrase elsewhere in the agreement "confirm[] that the parties *deliberately* chose to limit the anti-assignment clause to personal injury *claims*—not future settlement *proceeds*."[21] This argument erroneously implies that the parties must use this one and only magical phrase to refer to settlement proceeds even though this phrase does not exclusively refer to settlement proceeds in the other instances.[22] Furthermore, RD's argument also fails to address why the phrase "rights or claims relating to the subject matter of the Class Action Complaint"—the actual wording of the anti-assignment provision—should not be interpreted to include settlement proceeds. Reading the anti-assignment provision to cover settlement proceeds is compelled by the ordinary meaning and context of the provision and is consistent with the Claims Administrator's understanding of the provision.

---

[20] Settlement Agreement § 30.1, ECF No. 6481-1.

[21] *See* Opp. to Mot. to Compel at 9, ECF No. 8335; *see also* CFPB Action, Defs.' Reply in Support of Defs.' Mot. to Dismiss at 6, ECF No. 37.

[22] RD Legal cited three instances when "the subject matter of the Settlement Agreement" is used: §§ 13.5, 25.5, and 30.3. Opp. to Mot. to Compel at 9, ECF No. 8335

RD Legal also erroneously argues that references to liens in other provisions of the settlement agreement must mean that the settlement proceeds are assignable.[23] RD Legal's argument conflates two distinct legal concepts, liens and assignments. A lien differs from an assignment in critical ways.[24] A lien is a "security interest in property"[25] and conveys "nothing more than a right or claim against property interest."[26] On the other hand, an assignment involves a "transfer of a right, interest, or claim from one person to another" and allows the assignee to stand in the shoes of the assignor.[27] References to liens in the settlement agreement thus are not inconsistent with its prohibition of assignments.[28]

RD Legal wrongly contends that the use of the word "assigns" in the Amended Final Order and Judgment in the NFL class action means that "certain assignments are permitted."[29] But this language does not help RD: the NFL agreement permits assignments only as long as they do not involve rights or claims relating to the subject matter of the NFL complaint.[30] For example, the agreement would provide the NFL the ability to assign *its liabilities* arising from the settlement. References to "assigns" do not contradict the anti-assignment provision.

---

[23] *See* Opp. to Mot. to Compel at 9, ECF No. 8335; *see also* CFPB Action, Defs.' Mot. to Dismiss at 33–34, ECF No. 30.

[24] *See, e.g.*, 53 C.J.S. Liens § 3 (2017) ("The term 'lien' has similarities to, but is distinguishable from, terms and concepts such as . . . assignment.").

[25] *SEC v. Credit Bancorp., Ltd.*, 297 F.3d 127, 138 (2d Cir. 2002).

[26] *Johnson v. Augsbury Org., Inc.*, 167 A.D.2d 783, 784 (N.Y. App. Div. 1990).

[27] *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 966 F. Supp. 2d 270, 279 (S.D.N.Y. 2013) (citations and internal quotation marks omitted).

[28] *See India.com, Inc. v. Dalal*, 412 F.3d 315, 323 (2d Cir. 2005).

[29] *See* Opp. to Mot. to Compel at 10, ECF No. 8335; *see also* CFPB Action, Defs.' Mot. to Dismiss at 33–34, ECF No. 30.

[30] *See* Settlement Agreement § 30.1, ECF No. 6481-1.

Finally, in a last-ditch effort,[31] RD Legal asserts that the New York Uniform Commercial Code ("UCC") applies to the settlement agreement and that UCC § 9-408(a), "categorically" prohibits anti-assignment provisions of payment intangibles, which, RD Legal claims includes class members' settlement proceeds.[32] This too is wrong. As a threshold matter, this settlement agreement simply falls outside the scope of Article 9 of the UCC. Under § 9-109, Article 9 only applies to:

(1) a transaction, regardless of its form, that creates a security interest in personal property or fixtures by contract;
(2) an agricultural lien;
(3) a sale of accounts, chattel paper, payment intangibles, or promissory notes;
(4) a consignment;
(5) a security interest arising under § 2-401, 2-505, 2-711(3), or 2-A-508(5), as provided in § 9-110;
(6) a security interest arising under § 4-210 or 5-118; and
(7) a security interest in a cooperative interest.[33]

The settlement agreement does not grant the NFL or class members a security interest. It is not an agricultural lien, a sale of accounts, or a consignment. Thus, Article 9 does not govern the settlement agreement and does not render the anti-assignment provision ineffective. Even if Article 9 were to apply, RD Legal's proposition that § 9-408(a) makes ineffective the anti-assignment provision is an incomplete reading of the law. Section 9-408(d)(1) specifically does not apply to settlement payments for personal physical injuries.[34]

---

[31] RD Legal did not present this argument in its brief in support of its motion to dismiss to the complaint or in its reply brief in the CFPB Action. This argument was raised for the first time in its brief to this Court in opposition to Co-Lead Class Counsel's motion to compel discovery responses.

[32] *See* Opp. to Mot. to Compel at 10, ECF No. 8335.

[33] N.Y. U.C.C. Law § 9-109(a).

[34] N.Y. U.C.C. Law § 9-408(d)(1).

7

**IV.     Conclusion**

For the reasons set forth above, the Court should find that the settlement agreement prohibits assignments of settlement proceeds.

Dated: September 29, 2017            Respectfully submitted,

| | |
|---|---|
| ANTHONY ALEXIS<br>*Enforcement Director*<br>JEFFREY PAUL EHRLICH<br>*Deputy Enforcement Director*<br>JOHN C. WELLS<br>*Assistant Litigation Deputy*<br><br>*/s/Benjamin Z. Konop*<br>BENJAMIN Z. KONOP (OH 0073458)<br>HAI BINH T. NGUYEN (CA 313503)<br>*Enforcement Attorneys*<br>Consumer Financial Protection Bureau<br>1700 G Street, NW<br>Washington, D.C. 20552<br>Telephone (Konop): 202-435-7261<br>Telephone (Nguyen): 202-435-7251<br>Facsimile: 202-435-7722<br>E-mail: Benjamin.Konop@cfpb.gov<br>E-mail: HaiBinh.Nguyen@cfpb.gov<br><br>Attorneys for<br>Consumer Financial Protection Bureau | ERIC T. SCHNEIDERMAN<br>*Attorney General of the State of New York*<br><br>JANE M. AZIA (NY 1539600)<br>*Bureau Chief, Consumer Frauds and*<br>*Protection Bureau*<br>MELVIN L. GOLDBERG (NY 1828284)<br>*Assistant Attorney General*<br>120 Broadway<br>New York, N.Y. 10271<br>Telephone (Azia): 212-416-8727<br>Telephone (Goldberg): 212-416-8296<br>Facsimile: 212-416-6003<br>E-mail: Jane.Azia@ag.ny.gov<br>E-mail: Melvin.Goldberg@ag.ny.gov<br><br>Attorneys for<br>State of New York |

## **CERTIFICATE OF SERVICE**

I certify that on September 29, 2017, I filed the foregoing document with the Court's ECF system.

> */s/ Benjamin Z. Konop*
> BENJAMIN Z. KONOP (OH 0073458)
> Consumer Financial Protection Bureau
> 1700 G Street, NW
> Washington, D.C. 20552
> Telephone: 202-435-7261
> Facsimile: 202-435-7722
> E-mail: Benjamin.konop@cfpb.gov
>
> Attorney for
> Consumer Financial Protection Bureau