IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>               Plaintiffs,<br><br>  v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>               Defendants. | ORAL ARGUMENT REQUESTED<br><br><br>No. 14-00029-AB |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**REPLY IN SUPPORT OF MOTION OF NONPARTIES CASE STRATEGIES GROUP, IT STRATEGIES GROUP, CRAIG SIENEMA, JAMES MCCABE, LIBERTY SETTLEMENT SOLUTIONS, LLC, LIBERTY CONTINGENT RECEIVABLES, LLC, LIBERTY SETTLEMENT FUNDING, JMMHCS HOLDINGS, LLC, AND MARC HERMES TO CERTIFY QUESTIONS FOR IMMEDIATE APPEAL AND FOR STAY**

For months, Co-Lead Class Counsel has sought from the Court the ability to ignore the Federal Rules of Civil Procedure and obtain discovery from any individual or entity, across the nation, regardless of their status as a nonparty to this litigation, without any showing of relevance, need, or that Class Counsel does not already possess the information sought. Class Counsel's Orwellian discovery requests ask this Court to do what no court should – rewrite the

Federal Rules of Civil Procedure in the name expediency for a party. Despite these clear principles, on September 12, 2017 the Court acceded to part of Class Counsel's overbroad requests, and ordered Movants to engage in limited discovery despite the absence of a subpoena.

By ordering Movants to produce certain documents absent a subpoena, the Court's September 12, 2017 Order was contrary to the plain text of Federal Rule of Civil Procedure 45, and Movants have sought to have the Court certify that order pursuant to the Court's invitation that Movants take an appeal. Class Counsel has opposed this request based upon purported notions of "fundamental fairness." (Opp'n at 2.) Fundamental fairness is precisely what Movants seek in the form of adherence to the Federal Rules of Civil Procedure.

Indeed, despite months of letters, meet and confers, extensive motion practice – and *Movants' longstanding offers to accept a subpoena and produce discovery* – Class Counsel has failed to present this Court with a single case that supports their position that Rule 45 does not apply, or that this Court is free to permit unlimited discovery from nonparties outside the framework of the Federal Rules. This total lack of case law should inform the Court's decision as to whether to grant Movants' request to certify the September 12, 2017 Order.

Class Counsel continues to waste the Court's and Movants' time and resources pursuing information from Movants which it could have obtained months ago had it chosen to follow the Federal Rules and served a subpoena on Movants. Indeed, Class Counsel could properly serve a subpoena on Movants tomorrow and the procedural issue of whether Movant is subject to discovery requests would be essentially resolved. Class Counsel's continued refusal to do so colors their entire opposition to certification of the September 12, 2017 Order for immediate appeal.

This Court should reject Class Counsel's legally unsupported "fairness" arguments, and

certify this limited issue for an immediate appeal to the Third Circuit – just as the Court invited Movants to take during the August 30 hearing.

### I. THE REQUIREMENTS FOR CERTIFICATION FOR IMMEDIATE APPEAL ARE MET IN FULL.

Class Counsel's Opposition to the Motion to Certify is more concerned with advancing a biased narrative about Movants than seriously challenging the legal elements supporting certification the Court's September 12 order.  Rather than grapple with the legal issues head-on, Class Counsel continues to omit key portions of opinions which directly undermine its positions, and continues to misrepresent the import of the few cases it does cite to the Court.  Yet these tactics change nothing – certification is appropriate because an order compelling nonparties to this case to produce documents absent a subpoena presents a controlling question of law for which there is substantial grounds for a difference of opinion, and for which an immediate appeal would materially advance the ultimate termination of the litigation.

#### A. Class Counsel's cited cases are inapposite and Class Counsel has failed to point the Court to *any* legal support for its positions.

Rather than acknowledge that it seeks discovery from nonparties to this case – which would lead to the straightforward conclusion that subpoenas are required – Class Counsel attempts to recast the issue confronting the Court as one in which Movants can somehow be served with party discovery on grounds that they are transformed from nonparties into something else because they are not disinterested.  Specifically, Class Counsel  argues that the extensive case law presented by Movants is rendered inapplicable because Movants are not "true *disinterested* nonparties to the litigation." (Opp'n at 6.)  But there is nothing in those opinions, or indeed the text of any Federal Rule of Civil Procedure, that requires nonparties to be "disinterested" in order to retain their status and rights as a nonparty. To the contrary, many of the cases cited by Movants refused to enforce party discovery requests propounded upon former

executives who signed earlier discovery responses in the case, *e.g. Taggart v. Wells Fargo Home Mortg. Inc.*, 2012 WL 4462633 (E.D. Pa. Sept. 27, 2012), or were prior defendants themselves in the action, *e.g. Lehman v. Kornlau*, 206 F.R.D. 345 (E.D.N.Y. 2001) – that is, nonparties who are far from *disinterested*. Yet in each of those cases, the Court determined that a nonparty, which must be served with a subpoena, is what the term says: someone *not a party to the case*. This is, of course, in complete accord with case law from the Supreme Court case law and Black's Law Dictionary which Class Counsel has never attempted to rebut. *See U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009) ("A 'party' to litigation is '[o]ne by or against whom a lawsuit is brought.'" (quoting BLACK'S LAW DICTIONARY 1154 (8th ed. 2004)).[1]

Class Counsel's failure to find any cases even remotely similar to the factual circumstances here should cause the Court considerable pause. As the Court noted on during the August 30, 2017 hearing, a class action judge typically "think[s] that everything's before you, and usually you're right." Hr'g Tr. at 12:20-22. While the Court's initial reaction may have been to order Movants to produce discovery absent a subpoena, upon reflection on the relevant case law, and Class Counsel's complete failure to provide the Court with even a single case[2]

---

[1] Class Counsel's footnote citations to cases involving a 'super-contacts' theory actually stand for the relatively mundane and inapplicable proposition that a party to a case may not use others to circumvent a valid court order entered against that party. For example, in *ABI Jaodi and Azar Trading Corp. v. Cigna Worldwide Ins. Co.*, Judge Diamond was confronted with parties to a final order engaging in a purposeful scheme to circumvent that order through the use of non-named individuals and entities working to further the parties' interests. 2016 WL 3959078 at *2-5 ("AJA then retained others to aid its efforts [to circumvent the 2001 injunction against AJA]: 1) Respondent Martin Kenny […] and 2) Respondent Samuel Lohman…."). Under the circumstances in *ABI*, it makes perfect sense for a court to maintain that it possesses jurisdiction over individuals retained by a party to the case for the purpose of circumventing a valid court order. Yet that case, and those like it, has no applicability to the matter *sub judice*.

[2] Class Counsel's renewed citation to *McWilliams v. Advanced Recovery Sys., Inc.* continues to ignore the facts of that case – specifically that relief (not discovery) was ordered against attorneys who filed entries of appearance in that case and voluntarily submitted themselves to the jurisdiction of that court. *McWilliams v. Advanced Recovery Sys., Inc.*, 176 F. Supp. 3d 635, 638-39 (S.D. Miss. 2016). Additionally, Class Counsel's citation to a hearing transcript in the *In re Payment Card* case is highly misleading. Indeed, Class Counsel again elides a key portion of that transcript – where the litigant's attorney (Mr. Krob) had previously volunteered to provide the information to class counsel in that case. Indeed, in a portion of the transcript attached to Mr. Seeger's Certification, but entirely omitted from the Opposition, class counsel in that case pointed the Court to a transcript of a previous hearing in

which supports their position, Movants believe that the Court will recognize the controlling questions of law which the Third Circuit could promptly answer via an immediate appeal.

**B.     Movants have demonstrated why certification for immediate appeal meets the required elements of Section 1292(b).**

Class Counsel offers no real rebuttal to the extensive case law cited by Movants, which demonstrated that certification of the Court's Order for immediate appeal is both beneficial and meets the requisite criteria under 28 U.S.C. § 1292(b).  The Court's Order presents a clear controlling question of law because "if erroneous, [the Court's Order] would be reversible error on final appeal," and is "serious to the conduct of the litigation, either practically or legally.  *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3rd Cir. 1974) (en banc).  Again, the Third Circuit has already determined as a matter of law that a court commits reversible error by refusing to follow a controlling Federal Rule of Civil Procedure.  *Moravian School Advisory Board of St. Thomas v. Rawlins*, 70 F.3d 270, 274 (3d Cir. 1995).  Given that holding, as well as the plethora of other cases cited by Movants to the same effect, there is a "genuine doubt" as to whether the Court applied the correct legal standard in ordering nonparty Movants to engage in discovery absent a subpoena.  *Bradburn Parent Teacher Store, Inc. v. 3M*, 2005 WL 1819969, at *4 (E.D. Pa. 2005).  Finally, an immediate appeal will "materially advance the ultimate termination of the litigation," *Katz*, 496 F.2d at 754, because a ruling by the Third Circuit upholding the bare

---

which Mr. Krob stated "we can provide them the information about what is provided to merchants who signed up for the MRP, or who ask to sign up or inquire about the MRP."  (Seeger Decl., Ex. B at 15:24-16:1.)

Class Counsel's repeated misleading citations to, and mischaracterization of, cases like *McWilliams* and *Visa Check* is exasperating.   Particularly vexing is Class Counsel's repeated obfuscation of language which explicitly supports Movants positions or notes the legality of Movant's business.  Class Counsel's continued elision of these passages demonstrates it desire to keep such information and reasoning from the Court.

Yet even without Class Counsel's elisions, in each case cited by Class Counsel, the court did not order any non-party to engage in party discovery.  That alone should be determinative of this issue.  If this proposition were as straightforward as Class Counsel presents it to the Court, one would expect a wealth of case law to support their positions.  The dearth of such case law is highly informative.

requirements of the Federal Rules will finally end this dispute – along with many more currently pending before the Court – and streamline any further discovery Class Counsel wishes to obtain from non-parties, including Movants.

For these reasons, certification of the Court's September 12, 2017 Order for immediate appeal is both appropriate and warranted.

### C. A stay is warranted.

Again Class Counsel offers no legal reasoning for opposing the stay requested by Movants, nor does Class Counsel rebut any of the case law cited by Movants. Rather Class Counsel asserts that Movants are not entitled to a stay because Movants have not capitulated to their discovery requests. Class Counsel is wrong, yet again, both factually and legally. First, Movants have repeatedly offered to provide significant discovery to Class Counsel upon receipt of a valid subpoena. Movants have made this offer for months, but Class Counsel has repeatedly rejected this offer and receive discovery pursuant to the Federal Rules. Indeed, this dispute would be ended tomorrow if Class Counsel dropped their requests for unlimited and unchecked discovery from nonparties like Movants and instead served valid subpoenas. But Class Counsel continues entrenching itself deeper into positions with no support in the law, and continues to argue against Movants being treated as the Federal Rules require. A stay pending any resolution of an appeal – including the period in which the Third Circuit decides whether to grant an immediate appeal – is warranted as a matter of course and a matter of preserving the *status quo ante*.

## II. CONCLUSION

Movants' position that the rules applicable to all other litigants apply to them is not an extraordinary request. Yet Class Counsel continues to assert baseless all-or-nothing positions, forcing Movants to choose between protecting their rights under the Federal Rules, or complete

capitulation to unauthorized discovery.  Indeed, Class Counsel has already admitted that they already possess the information sought from Movants – Class Counsel just wants the ability to depose non-parties (and impose on those persons the attendant costs) rather than seek identical information from their client class members.  Because Movants are entitled to the same protections as all other litigants under the Federal Rules of Civil Procedure, Movants respectfully request that this Court certify its September 12, 2017 for immediate appeal pursuant to 28 U.S.C. § 1292(b).

          Respectfully submitted,

Dated: October 6, 2017      By:  /s/ Richard L. Scheff

      Richard L. Scheff
      Peter Breslauer
      David F. Herman
      **MONTGOMERY MCCRACKEN**
        **WALKER & RHOADS LLP**
      123 South Broad Street, 24th Floor
      Philadelphia, PA  19109
      Phone:  215.772.7502
      Email:  rscheff@mmwr.com
      *Counsel for Movants*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing Reply in Support of Motion Certify Questions for Immediate Appeal And for Stay was served on all counsel of record via the Court's ECF System on October 6, 2017.

/s/ Richard L. Scheff
Richard L. Scheff.