# AGREEMENT FOR LEGAL SERVICES

Nathaniel "Nate" Lewis
_____, ("Client") and the law firms of John D. Giddens, P.A. and Philip W. Thomas, P.A. ("the attorneys") agree as follows:

1) Client employ(s) John D. Giddens, P.A. and Philip W. Thomas, P.A. as his/her attorneys at law to represent Client in connection with the investigation and subsequent handling of any claims for damages or compensation of Client resulting from Client's claims against the NFL or related entities (the "claims") arising out of one or more incidents which occurred because of your career as an NFL player.

2) John D. Giddens, P.A. and Philip W. Thomas, P.A. is authorized to investigate the claims and all the circumstances surrounding the claims, and to take any actions John D. Giddens, P.A. and Philip W. Thomas, P.A. decides is appropriate to recover damages or compensation related to the claims, including filing a suit in any court of competent jurisdiction for the recovery thereof, against any person or entity John D. Giddens, P.A. and Philip W. Thomas, P.A. feels to be legally responsible to the Client for any damages. Client further grants John D. Giddens, P.A. and Philip W. Thomas, P.A. power of attorney to sign Client's name to any and all documents they deem appropriate in their representation in this matter

3) Client agrees John D. Giddens, P.A. and Philip W. Thomas, P.A. may withdraw from representing the Client at any time after John D. Giddens, P.A. and Philip W. Thomas, P.A. performs its initial investigation into the claim. The decision to withdraw as counsel will be John D. Giddens, P.A. and Philip W. Thomas, P.A.'s option at any time it wishes to exercise that option. Client will be free to employ any other attorney and will owe John D. Giddens Law Firm no fees or expenses. John D. Giddens, P.A. and Philip W. Thomas, P.A. will, upon withdrawal, have no other obligations to pursue the claim in any manner or take any actions or advise or represent Client.

4) In the event any settlement or judgment is obtained related to the claims, Client agrees that John D. Giddens, P.A. and Philip W. Thomas, P.A. will receive thirty three and one third percent (33-1/3%) of any settlement reached prior to the filing of a lawsuit in the case. If a lawsuit if filed and a settlement or judgment is reached, John D. Giddens, P.A. and Philip W. Thomas, P.A. will receive forty percent (40%) of any settlement or judgment. The attorney's fees are calculated from the total settlement. John D. Giddens, P.A. and Philip W. Thomas, P.A. reasonably incurred out-of-pocket expenses will first be deducted from any proceeds after the fees are determined and before disbursement is made. Expenses shall include any interest and administrative expenses actually incurred by the law firms in the funding of your case expenses.

5) Should John D. Giddens, P.A. and Philip W. Thomas, P.A. be unsuccessful in obtaining a recovery for Client, Client owes no fee and will not be obligated to reimburse John D. Giddens, P.A. and Philip W. Thomas, P.A. for out-of-pocket expenses.

6) Client agrees to keep John D. Giddens, P.A. and Philip W. Thomas, P.A. advised of Client=s most current address and telephone number, and to be available on reasonable notice for consultations, depositions, trials and any other matters in which Client's presence or assistance are needed.

7) We understand that current law and regulations regarding Medicare, Medicaid or private health insurance plans may require all parties involved in this matter (client, law firm, defendant, and any insurance companies) to compromise, settle or execute a release of Health Care Providers' separate claim for reimbursement/lien for past and future payments prior to distributing any verdict or settlement proceeds. We agree that the law firm may take all steps in this matter deemed advisable for handling our claim, including hiring separate experts/case workers who assist with resolving any Health Care Providers' reimbursement claims or liens for past and/or future injury-related medical care. The expense of any such service shall be treated as a case expense and deducted from the net recovery and shall not be paid out of the law firm's contingent fee in this matter.

8) By this agreement, Client gives John D. Giddens, P.A. and Philip W. Thomas, P.A. a lien on the Claim to secure John D. Giddens, P.A. and Philip W. Thomas, P.A.'s fees and expenses. In the event Client, at any time, chooses to discharge John D. Giddens, P.A. and Philip W. Thomas, P.A. as Client's attorney, Client will immediately reimburse John D. Giddens, P.A. and Philip W. Thomas, P.A. for all advanced expenses incurred by John D. Giddens, P.A. and Philip W. Thomas, P.A. through the date of termination. In addition John D. Giddens, P.A. and Philip W. Thomas, P.A. will be paid from any proceeds from the Claims, fees equal to the greater of: (a) the time spent on the Claims by employees of John D. Giddens, P.A. and Philip W. Thomas, P.A. multiplied by the regular hourly billing rates of those employees or (b) fees calculated by John D. Giddens, P.A. and Philip W. Thomas, P.A. on a quantum merit basis.

Signed this the 8th day of May, 2012.

*Nathaniel Lewis*
Nathaniel Lewis (May 8, 2012)

_____        _____
JOHN D. GIDDENS LAW FIRM               CLIENT

                                       3374 Brooksong Way, Dacula, GA 30019
                                       _____
                                       ADDRESS

                                       nathaniel158466@aol.com
                                       _____