UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>      Plaintiffs,<br><br>      v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>      Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**CO-LEAD CLASS COUNSEL'S MEMORANDUM IN SUPPORT OF
MOTION TO (1) DIRECT CLAIMS ADMINISTRATOR TO WITHHOLD ANY
PORTIONS OF CLASS MEMBER MONETARY AWARDS PURPORTEDLY OWED
TO CERTAIN THIRD-PARTY LENDERS AND CLAIMS SERVICES PROVIDERS,
AND (2) DIRECT DISCLOSURE TO CLAIMS ADMINISTRATOR OF EXISTENCE OF
CLASS MEMBER AGREEMENTS WITH ALL THIRD PARTIES**

I.  **INTRODUCTION**

As this Court is aware, there is currently one submission pending before it that relates to a third-party lender (a so-called asset purchaser) and two other submissions that were just adjudicated related to another third-party lender, a law firm, and a claims services provider. Besides the possibility that the matters either pending or just resolved by the Court may arise again

with respect other third-party entities, there is the possibility that other matters relating to third parties' dealings with Class Members relating to their settlement compensation will continue to arise.

While these matters have (or had) been pending, and before this Court has had the opportunity to pass on the purported entitlement of these third parties to portions of Class Members' monetary awards, the Claims Administrator is continuing to process claims and pay monetary awards. Co-Lead Class Counsel ("Class Counsel") fears that, as monetary awards are paid to Class Members, individually-retained counsel will be constrained to distribute portions of those monetary awards to these third parties, pursuant to agreements between the third parties and Class Members and acknowledgements of same that counsel have signed.

Specifically, as to third-party lender RD Legal Funding, LLC and related entities and persons (collectively, "RD Legal"), this Court has been asked by the Honorable Loretta A. Preska, who is presiding over *Consumer Financial Protection Bureau v. RD Legal Funding*, No. 17-cv-00890 (LAP) (S.D.N.Y.) (the "CFPB Action"), to determine whether the Settlement Agreement [ECF No. 6481-1] in this case prohibits assignments of monetary awards. That briefing was concluded on October 13, 2017. *See* ECF Nos. 8409, 8434, 8435, 8438, 8457-59. This Court's determination as to the legality of Class Members' putative assignments of portions of their monetary awards to RD Legal will also affect the numerous other lenders who have packaged their loans to Class Members as asset purchases and assignments of portions of their monetary awards.[1]

---

[1] Class Counsel has received information that some of these lenders/asset purchasers, in anticipation of or out of concern that the Court may void their assignments, have undertaken to replace those agreements couched as assignments with conventional loan agreements. It remains to be seen as to what representations these entities made to Class Members to persuade them to execute new agreements and the terms of same.

Additionally, the lender affiliated with the law firm of Howard and Associates, P.A., namely, Cambridge Capital Group, LLC and related entities and persons ("Cambridge"), which, like RD Legal, entered into assignment agreements with Class Members, took the position that this Court does not have the authority to order it to respond to discovery requests because it is a third party. ECF No. 8389.[2] The motion to compel as against Cambridge [ECF No. 8371] was granted on October 19, 2017 [ECF No. 8466] and the Court ordered it to respond to the discovery requests by November 3, 2017. Should Cambridge continue to refuse to respond to the discovery requests, Class Counsel will be forced to pursue appropriate measures in this Court to force its compliance.

Finally, claims services provider Case Strategies Group and related entities and persons ("CSG") (formerly NFL Case Consulting, LLC) had filed a motion requesting that the Court certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b) [ECF No. 8381], the question of whether, in connection with its Order of September 12, 2017 [ECF No. 8366], this Court possesses the authority to order CSG to respond to discovery requests absent a Rule 45 subpoena because it is a non-party. The Court denied CSG's motion on October 17, 2017. *See* ECF No. 8461. Should CSG fail to comply with the Court's Order of September 12, 2017, Class Counsel will similarly be forced to pursue appropriate measures in this Court against CSG. At any rate, it is likely that issues related to CSG and its alleged entitlement to portions of Class Members' monetary awards will not be resolved in short order.

Accordingly, for the reasons set forth herein, Class Counsel requests that this Court issue an order directing (1) the Claims Administrator to withhold any portions of Class Member

---

[2] RD Legal also had taken a similar position. *See* ECF No. 8341. This Court denied Class Counsel's motion to compel filed against RD Legal, reasoning that Class Counsel knew the affected Class Member's identities and possessed copies of the agreements.

monetary awards purportedly owed to certain third parties; and (2) individually-retained counsel and pro se Class Members to disclose to the Claims Administrator the existence and the terms of any and all Class Member agreements with third parties.

Class Counsel sets forth below the list of the two claims services providers and those lenders as to which the proposed order submitted with this Motion should apply. The list includes those lenders as to which evidence was presented at the September 19, 2017 hearing regarding loans packaged as assignments. It also includes those entities upon which discovery requests were propounded but which have either refused to respond at all, or refused to provide the funding terms. Once the Court determines the entities' entitlement to monies, and the extent of same, Class Counsel expects to propose procedures to release the withheld monies.

As to the other lenders of which Class Counsel is aware, Class Counsel has either not yet propounded discovery requests or not yet received responses from some lenders. As such, the financing terms are not currently known. Therefore, Class Counsel has not included those entities in the list of those for which the withholding of funds is proposed to be ordered at this time. Class Counsel anticipates a supplementation of this motion and proposed order as additional evidence becomes available.

## II.   FACTS

Class Counsel presented to this Court at the hearing held on September 19, 2017 [ECF Nos. 8393, 8410-11], the results of the discovery conducted thus far in accordance with the Court's July 19, 2017 Order [ECF No. 8037]. As a result of these discovery efforts, Class Counsel has learned, as relayed to the Court, that over nine hundred (and possibly over 1,000) Class Members have contracted away portions of their potential future monetary awards to certain third parties, possibly under less-than-transparent circumstances or via assignments that are prohibited under

the Settlement Agreement (for the reasons laid out in recent briefing).  It has also become apparent through this discovery process and related motion practice that many of these third parties maintain that they and their agreements with Class Members are beyond this Court's jurisdiction.

Although Class Counsel strenuously disputes these third parties' jurisdictional objections, as these issues are being briefed and the Court is considering the aforementioned submissions, Class Members are steadily receiving payouts of monetary awards.  *Cf.* ECF No. 8440-1, at ¶ 3 (noting that, as October 4, 2017, over $154 million in awards had been approved and nearly $68 million already distributed).  Indeed, Class Counsel has been advised by the Claims Administrator that three Class Members who have agreements with third-party lenders already have been paid their monetary awards and that four additional Class Members for whom the Claims Administrator already has issued Notices of Monetary Awards have each identified a third-party lender to which they purportedly owe a portion of their monetary award based upon a contract.  *See* Declaration of Orran L. Brown, Sr., dated Oct. 23, 2017 ("Brown Decl."), at ¶ 3.  As such, it is likely that those lenders also were paid or shortly will be paid pursuant to whatever terms their agreements with Class Members provided.

It is beyond genuine dispute that this Court has control over the res that is the Monetary Award Fund and the Settlement Trust Account, out of which the monetary awards are paid once a Notice of Monetary Award Claim Determination is made and no appeal is filed or any appeal is resolved in favor of the Class Member receiving a monetary award.  In order to prevent Class Members from surrendering portions of their monetary awards before a determination is made as to the third parties' legal entitlement to any portion of the awards, Class Counsel seeks an order directing the Claims Administrator to withhold such portions of the monetary awards as to the amounts allegedly owed to the claims services providers and certain of the lenders.

In addition, although the Claim Form does request that the Class Member list any known liens and lienholders, the Class Member might not (for any number of reasons, including a lack of understanding) list the lender(s) or claims services provider with whom the Class Member has an agreement.  Because most, if not all, of those Class Members who have contracted with a lender or claims services provider also have retained individual counsel and many of those counsel have been asked to sign an "acknowledgement" of the third-party contract, Class Counsel also requests that the Court order individually-retained counsel, or Class Members themselves if they do not have individual counsel, to disclose the existence of those agreements to the Claims Administrator in order to facilitate the calculation of the amounts to be withheld and to collect data on the other lenders.[3]

Class Counsel is aware of only two claims services providers, CSG and Legacy Pro Sports, LLC ("LPS"),[4] and has provided the list of Class Members who contracted with LPS to the Claims Administrator.  Although Class Counsel is not certain of the identities of all of the Class Members

---

[3] *See*, *e.g.*, ECF No. 8301-9, at 17-18 (Notice of Assignment and acknowledgement by individually-retained law firm as to RD Legal agreement with Class Member and acknowledging that Class Member "assigned $425,166.66 of his interest"); ECF No. 8371-25, at 3-4 (attorney Tim Howard's acknowledgement of receipt of "Pre-Settlement Finance Agreement dated April 1, 2017 between our client [redacted] and Cambridge Capital Partners, LP" and agreeing that "so long as I represent the client, the funds due to CCP will be paid directly through my office and will not, under any circumstances be given to the client"); ECF No. 7812-3, at 5 (CSG's agreement, providing that "Client hereby authorizes and instructs any attorney or attorneys that Client retains … to pay Consultant …directly from the Claim(s) settlement, award, and/or judgment proceeds, without the further approval of Client, in the amount of 10% of the Claim Award plus all reasonable fees, medical and travel expenses"); ECF No. 7812-19 (Kagan Law Firm's "Authority to Consult with Legacy Pro Sports" under which Class Member "unconditionally and irrevocably authorize(s) the Kagan Law Firm to pay Legacy Pro Sports, LLC, its compensation due from the client, directly out of the client's settlement proceeds received by the law firm").

[4] Concussion Case Management, a claims service provider that had been sent discovery requests, represented that although the company conducted some solicitations, ultimately it entered into no contracts with Class Members.

who have contracted with CSG, his office has provided to the Claims Administrator the names of the law firms identified by CSG as those to which it referred Class Members. Some of those law firms have confirmed their clients' contracts with CSG; others have not. Whether these claims services providers are entitled to the percentages of the Class Members' monetary awards for which they contracted will be the subject of a future motion.

In contrast, although his office has identified and propounded discovery requests upon many lenders/funders, Class Counsel does not know the complete universe of lenders/funders that have advanced monies to Class Members and purchased portions of their future monetary awards in the form of assignments.[5] Besides not knowing with certainty the identity of each and every potential lender and claims services provider that may stand to receive a share of Class Members' monetary awards, Class Counsel lacks information as to the specific funding arrangements related to each Class Member's future monetary award. Therefore, requiring Class Members and individually-retained counsel to disclose to the Claims Administrator any and all such entities and the specific monetary arrangement is the optimal means to ensure that all such arrangements are brought to the Claims Administrator's attention for purposes of withholding funds and reporting to the Court and Class Counsel. Furthermore, imposing such a requirement will not be unduly burdensome.

At this juncture, Class Counsel requests that the Court direct the escrowing of the funds allegedly owed to the following lenders and claims services providers (listed in alphabetical order):

---

[5] To date, Class Members have identified twenty-seven lenders to the Claims Administrator. Brown Decl. at ¶ 4. In addition to those, through the discovery process, Class Counsel also has received evidence that additional lenders may have provided advances to Class Members in connection with asset purchases, or otherwise provided monies to third parties, as a result of which they claim a purported right to part of a Class Member's potential future monetary award. Class Counsel recognizes that there may be others.

**Lenders**

- Atlas Legal Funding, LLC[6]
- Cambridge Capital Group, LLC[7]
- Cash4Cases, Inc.
- Global Financial Credit, LLC
- HMR Funding, LLC[8]
- Justice Funds/Justicefunds, LLC
- Ludus Capital, LLC
- Peachtree Funding Northeast, LLC/Settlement Funding, LLC[9]
- Pravati Legal Funding/ Pravati Capital, LLC
- RD Legal Funding, LLC[10]
- Thrivest Specialty Funding, LLC
- Top Notch Funding/Top Notch Lawsuit Loans/Top Notch Funding II, LLC
- Walker Preston Capital Holdings, LLC

**Claims Services Providers**

- Case Strategies Group (formerly NFL Case Consulting, LLC)
- Legacy Pro Sports, LLC

Recognizing that there likely are lenders who entered into standard loan contracts with Class Members at reasonable rates, and that they provided a needed service to certain Class Members who may have been in dire financial straits, Class Counsel is not seeking to have monies withheld as to all lenders. Instead, at this juncture, while Class Counsel continues with the

---

[6] The related entities also included are Atlas Legal Funding I, L.P., and Atlas Legal Funding II, L.P.

[7] The related entities also included are Cambridge Capital Group Equity Option Opportunities, L.P., and Cambridge Capital Partners, L.P.

[8] The related entities also included are HMRF Fund I, LLC and HMRF Fund II, LLC.

[9] The related entities also included are Peachtree Settlement Funding, LLC, Peachtree Originations, LLC, Peachtree Financial Solutions, LLC, Peach Holdings, LLC, PeachHI, LLC, Orchard Acquisition Co. LLC, JGWPT Holdings, LLC, JGWPT Holdings, Inc., J.G. Wentworth, LLC, J.G. Wentworth S.S.C. Limited Partnership, J.G. Wentworth Structured Settlement Funding II, LLC, and Structures Receivables Finance #4, LLC.

[10] The related entities also included are RD Legal Finance, LLC, and RD Legal Funding Partners, LP.

discovery process, Class Counsel requests the withholding of funds related only to the claims services providers and to specific lenders as to which Class Counsel possesses evidence that they packaged the loans as impermissible assignments. Also included in the list are lenders who were sent discovery requests but refused to provide the terms of the loans. Class Counsel has endeavored, on the one hand, to protect Class Members from potentially unscrupulous third parties who, once they obtain a portion of the Class Members' award, will be difficult to seek disgorgement from, while, on the other hand, not unduly burdening above-board businesses from obtaining money that is rightfully owed to them.

## III.  ARGUMENT

This Court has expressly acknowledged its fiduciary duty to protect the interests of Class Members, ECF No. 8037, at 3, a principle deeply ensconced in caselaw.[11] Under Federal Rule of Civil Procedure 23(d), a district court may impose conditions on the parties and their counsel in a class action. Fed. R. Civ. P. 23(d)(1)(C) ("[i]n conducting an action under this rule, the court may issue orders that … impose conditions on the representative parties or intervenors"). "Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981); *see*, *e.g.*, *Allied Sanitation, Inc. v. Waste Mgmt. Holdings, Inc.*, 97 F. Supp. 2d 320, 330 (E.D.N.Y. 2000) (noting "the broad reach of

---

[11] *E.g.*, *Silber v. Mabon*, 957 F.2d 697, 701 (9th Cir. 1992) ("[T]he courts have a duty to protect the interests of absent class members."); *In re Lucent Techs., Inc., Secs. Litig.*, 307 F. Supp. 2d 633, 641 (D.N.J. 2004) ("A court is obliged to protect class members'[] interests[.]"); *Valente v. Pepsico, Inc.*, 89 F.R.D. 352, 357 (D. Del. 1981) (noting "the Court's special duty to protect the interests of absent class members in administering a settlement"); *Tolmasoff v. Gen. Motors, LLC*, No. 16-11747, 2016 WL 3548219, at *10 (E.D. Mich. June 30, 2016) ("The court must protect the interests of absent class members, and Rule 23(d) gives the judge broad administrative powers to do so, reflecting the equity origins of class actions.") (citation, internal quotation marks, and emphasis omitted).

the supervisory powers granted to the courts under Rule 23(d)"); *Peil v. Nat'l Semiconductor Corp.*, 86 F.R.D. 357, 366 (E.D. Pa. 1980) ("the Court may intervene, if appropriate, pursuant to its inherent power to protect the class members"); *duPont v. Wyly*, 61 F.R.D. 615, 623 (D. Del. 1973) (noting "the broad powers of supervision conferred upon the Court by Rule 23(d)"); *see, e.g.*, *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 JG, 2014 WL 4966072, at *1 (E.D.N.Y. Oct. 3, 2014) (court's "clear" authority and "strong" obligation to safeguard absent class members permitted it to permanently enjoin third-party claims filing companies from filing claims if they knowingly made material false or misleading statements in order to solicit business).

Moreover, it has long been held that a federal court has inherent power to perform relief and that "equitable remedies are a special blend of what is necessary, what is fair, and what is workable." *Lemon v. Kurtzman*, 411 U.S. 192, 200 (1973); *see generally Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946) ("Power is . . . resident in the District Court . . . to do equity[.] . . . In addition, the court may go beyond the matters immediately underlying its equitable jurisdiction and decide whatever other issues and give whatever other relief may be necessary under the circumstances.") (citation and internal quotation marks omitted). For instance, where entitlement to funds is in dispute or where there is a need to preserve funds pending further order, courts can direct that funds be placed in escrow. *See Am. Trucking Assocs., Inc. v. Cray*, 483 U.S. 1306, 1310 (1987) (ordering escrow of disputed tax revenues pending adjudication on constitutionality of tax); *Zebrowski v. Hanna*, 973 F.2d 1001, 1004-05 (1st Cir. 1992) (district court had inherent authority to order mortgage payments placed into escrow).

Pursuant to Article XXVII of the Settlement Agreement, as amended, this Court has "continuing and exclusive jurisdiction over the Parties and their counsel, all Settlement Class

Members … [and] Claims Administrator," among others, and "the Parties, including each Settlement Class Member, are hereby deemed to have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of, or relating to, this Settlement Agreement." ECF No. 6481-1, at 95. Pursuant to Article XXVI of the Settlement Agreement, on September 7, 2017, related to Funding Request No. 7, this Court ordered the Claims Administrator to withhold attorney's fees and expenses until further Order of this Court, and to distribute the remaining funds. *See* ECF No. 8358, at ¶ 4(c).

Accordingly, Class Counsel respectfully requests that the funds purportedly owed to these certain third parties be treated similarly for all funding requests going forward. As set forth in the proposed order being submitted with this Motion, Class Counsel proposes a procedure similar to that set forth in the Court's Order of September 7, 2017. This would ensure that the Claims Administrator is aware of all third parties that lay claim to a portion of Class Members' monetary awards, and the percentage of the monetary award to which the third party claims entitlement, so that the Claims Administrator can calculate the amount to hold back from distribution to the Class Member as to those certain third parties listed herein and on the proposed order, and so that he can track these arrangements and amounts as to other third parties.

In this way, Class Members' undisputed portions of their monetary awards are not withheld from them pending resolution of these third parties' alleged entitlements to portions of the monetary awards. Withholding disputed portions further avoids the risk of having to track down and attempt to disgorge monies from these third parties after a distribution, should the Court determine that they are not entitled to some or all of the monies they claim.

## IV.   CONCLUSION

For the reasons stated above, the Court should enter the proposed order directing that the Claims Administrator withhold those portions of Monetary Awards and Derivative Claimant

11

Awards that are putatively owed to certain third-party lenders and the claims services providers pending the Court's determination of those third parties' rights, if any, to those portions of the awards.

Dated:  October 23, 2017  Respectfully submitted,

<u>/s/ Christopher A. Seeger</u>
Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
cseeger@seegerweiss.com

***Co-Lead Class Counsel***