IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE; NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, _____ **Second Amended Master Administrative Long-Form Complaint Against Riddell Defendants and (if applicable)** <u>Vernon Maxwell, et al.</u> **v. National Football League [et al.], No.** <u>2:12-cv-01023-AB</u> | No. 2:12-md-02323 – AB<br><br>MDL NO. 2323<br><br>**SHORT FORM COMPLAINT**<br><br>**IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION**<br><br>**JURY TRIAL DEMANDED** |

_____

## SHORT FORM COMPLAINT AGAINST RIDDELL DEFENDANTS

1. Plaintiff(s) <u>Stephen Reese</u> (and, if applicable (Plaintiff's Spouse) Marilyn W. Reese bring(s) this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2. Plaintiff(s) are filing this Short Form Complaint against Riddell Defendants as required by this Court's Case Management Order ECF No. 7709, filed May 18, 2017.

3. Plaintiff (and, if applicable, Plaintiff's Spouse) continue to maintain claims against Riddell Defendants after a Class Action Settlement was entered into between the NFL Defendants and certain Plaintiffs.

4. Plaintiff (and, if applicable, Plaintiff's Spouse) incorporate by reference the allegations (as designated below) of the Second Amended Master Administrative Long-Form Complaint Against Riddell Defendants, as is fully set forth at length in this Short Form

Complaint.  However, Plaintiff denies that there is federal subject matter jurisdiction over this action.

      5.      Plaintiff is filing this case in a representative capacity as the _____of _____ having been duly appointed as the_____ by the Court of _____.

      6.      Plaintiff, <u>Stephen Reese</u> is a resident and citizen of <u>Georgia</u> and claims damages as set forth below.

      7.      Plaintiff's Spouse, <u>Marilyn W. Reese_____</u>, is a resident and citizen of <u>Georgia_____</u>, and claims damages as a result of loss of consortium proximately caused by the harm suffered by her Plaintiff husband.

      8.      Upon information and belief, the Plaintiff sustained repetitive, traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices. Upon information and belief, Plaintiff suffers from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff sustained during NFL games and/or practices. Upon information and belief, the Plaintiff's symptoms arise from injuries that are latent and have developed and continue to develop over time.

      9.      The original complaint by Plaintiffs in this matter was filed in the Superior Court of the State of California, County of Los Angeles on <u>July 19, 2011</u>.  If the case is remanded, it should be remanded to the Superior Court of the State of California, County of Los Angeles.

      10.      Plaintiffs claim damages as a result of [check all that apply]:

      ☒ Injury to Herself/Himself

☐ Injury to the Person Represented

☐ Wrongful Death

☐ Survivorship Action

☒ Economic Loss

11. Plaintiff (and Plaintiff's Spouse) bring this case against the following Defendants in this action [check all that apply]:

☒ Riddell, Inc.

☒ Riddell Sports Group, Inc.

☒ All American Sports Corp.

☒ BRG Sports, Inc., f/k/a Easton-Bell Sports, Inc.

☒ BRG Sports, LLC f/k/a Easton Bell Sports, LLC

☒ EB Sports Corp.

☒ BRG Sports Holdings Corp., f/k/a RBG Holdings Corp.

12. The Plaintiff wore one or more helmets designed and/or manufactured by the Riddell Defendants during one or more years Plaintiff played in the NFL and/or AFL.

13. Plaintiff played in ☒ the National Football League ("NFL") and/or in ☐ the American Football League ("AFL") during the following period of time <u>1974 - 1978</u> for the following teams:

<u>New York Jets, Tampa Bay Buccaneers, Minnesota Vikings, Cleveland Browns</u>.

14. Plaintiff retired from playing professional football after the <u>1978</u> season.

**CAUSES OF ACTION**

15.      Plaintiffs herein adopt by reference the following Counts of the Second Amended Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

- ☒ Count I (Negligence)
- ☐ Count II (Negligent Marketing)
- ☐ Count III (Negligent Misrepresentation)
- ☐ Count IV (Fraud)
- ☒ Count V (Strict Liability/Design Defect)
- ☒ Count VI (Failure to Warn)
- ☐ Count VII (Breach of Implied Warranty)
- ☐ Count VIII (Civil Conspiracy)
- ☐ Count IX (Fraudulent Concealment)
- ☐ Count X (Wrongful Death)
- ☐ Count XI (Survival Action)
- ☒ Count XII (Loss of Consortium)
- ☒ Count XIII (Punitive Damages under All Claims)
- ☐ Count XIV (Declaratory Relief: Punitive Damages)

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff (and, if applicable Plaintiff's Spouse) pray for judgment as follows:

A.  An award of compensatory damages, the amount of which will be determined at trial;

B.  An award of economic damages in the form of medical expenses, out of pocket expenses, lost earnings and other economic damages in an amount to be determined at trial;

C.  For punitive and exemplary damages as applicable;

D.  For all applicable statutory damages of the state whose laws will govern this action;

E.  For loss of consortium as applicable;

F.  For declaratory relief as applicable;

G.  For an award of attorneys' fees and costs;

H.  An award of prejudgment interest and costs of suit; and

I.  An award of such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: October 25, 2017                                 Respectfully submitted,

                                                        GOLDBERG, PERSKY & WHITE, P.C.


                                          By:   /s/  Jason E. Luckasevic
                                                Jason E. Luckasevic, Esquire
                                                jluckasevic@gpwlaw.com
                                                PA I.D. #85557
                                                Jason T. Shipp, Esquire
                                                jshipp@gpwlaw.com
                                                PA I.D. #87471
                                                Diana Nickerson Jacobs, Esquire
                                                djacobs@gpwlaw.com
                                                PA I.D. #73733

                                                11 Stanwix Street, Suite 1800
                                                Pittsburgh, PA  15222
                                                (412) 471-3980 (phone)
                                                (412) 471-8308 (facsimile)

                                                *Counsel for Plaintiff or Plaintiffs*