# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO:<br><br>Tyler Seau, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League, Inc., et al.,<br><br>Defendants | No. 13-cv-01531-AB |

### NFL DEFENDANTS' OPPOSITION TO SEAU PLAINTIFFS' MOTION FOR EXTENSION OF PAGE LIMITS (ECF No. 8465)

The National Football League, Inc. and NFL Properties LLC (together, the "NFL Defendants") respectfully submit this opposition to the Seau Plaintiffs' October 18, 2017 motion for extension of the page limits for their oppositions to the NFL Defendants' September 25, 2017 motions to dismiss the Second Amended Master Administrative Long-Form Complaint ("Second Amended Complaint").  (*See* ECF Nos. 8403, 8404.)

The Seau Plaintiffs have provided no justification for dramatically expanding the existing page limits already ordered by the Court and applicable to all Opt Out Plaintiffs, including the Seau Plaintiffs.

On July 18, 2017, the Court entered a Scheduling Order (*see* ECF No. 8030 (the "July Order")) that directed that "to the extent that the NFL Parties' motions [to dismiss the Second Amended Complaint] address any claims unique to a given Opt Out Plaintiff's Short

Form Complaint, Counsel for such Opt Out Plaintiff(s) may file a supplemental brief not to exceed ten (10) pages that opposes that argument on or before November 24, 2017." (*Id.* ¶ 4.) The July Order therefore specifically contemplates that Opt Out Plaintiffs might require separate briefing on claims unique to them and sets the clear parameters for that briefing. The Seau Plaintiffs' motion fails to provide any basis for treating them differently from all other Opt Out Plaintiffs subject to the Court's July Order, all of whom are afforded ten pages to address their unique issues.

*First*, the Seau Plaintiffs argue that they have "unique claims" and "unique arguments." (Mot. at 1, ECF No. 8465.) But the July Order does not contemplate that every Opt Out Plaintiff may submit their own versions of the arguments common to all Opt Out Plaintiffs. That is the function of consolidated briefing. To the contrary, the July Order only provides for supplemental briefing concerning a given Opt Out Plaintiff's unique *claims* set forth in their Short Form Complaint. (July Order ¶ 4.)

In any event, the NFL Defendants' motions to dismiss the Second Amended Complaint contain very limited argument directed at the allegedly "unique" allegations in the Seau Plaintiffs' Short Form Complaint. (*See* Mem. of Law of Defs. Nat'l Football League & NFL Properties LLC In Support of Mot. to Dismiss Pls.' Second Am. Compl. on Preemption Grounds at n.14, ECF No. 8403-1 (addressing Seau Plaintiffs' allegation that they are not signatories to any collective bargaining agreement); *id.* pp. 31–32 (addressing "independent" wrongful death claims under California or any other state's law); Mem. of Law of Defs. Nat'l Football League & NFL Properties LLC In Support of Mot. to Dismiss Pls.' Second Am. Compl. For Failure to State a Claim at n.16, ECF No. 8404-1.) The Seau Plaintiffs fail to explain why

ten pages is insufficient to respond to these limited references, much less why they require *fifty pages* to do so (as Seau Plaintiffs appear to be requesting two *separate* twenty-five page briefs).

*Second*, the Seau Plaintiffs complain that their "independent statutory claims under California law" for wrongful death "are unlikely to be fully addressed by the general opposition briefs filed by Lead Counsel for all Opt Out Plaintiffs" (Mot. at 1). But the Seau Plaintiffs are free to coordinate with Lead Counsel on Behalf of Opt Out Plaintiffs to ensure that the joint briefs (which may be up to fifty pages each) take their arguments into consideration. To allow the Seau Plaintiffs to file fifty pages of additional briefing on their own behalf would undermine completely the purpose for consolidating all Opt Out Plaintiffs' claims into a single complaint and consolidating initial motion practice directed at that complaint. The purpose of consolidated briefing is to streamline the threshold legal issues for the Court's consideration without burdening the NFL Defendants by requiring individual responses to multiple individual briefs and without inundating the Court with numerous individual briefs and responses. Recognizing this, the Court adopted a reasonable mechanism to allow individual Opt Out Plaintiffs ten pages within which to respond to any arguments made by NFL Defendants concerning "unique claims" in Opt Out Plaintiffs' Short Form Complaints, while contemplating that the omnibus oppositions submitted by Lead Counsel on Behalf of Opt Out Plaintiffs would consolidate arguments on behalf of all Opt Out Plaintiffs. The Seau Plaintiffs have provided no justification from departing from this Court-ordered procedure and treating them differently from the rest of the Opt Out Plaintiffs. Allowing Seau Plaintiffs to file two twenty-five page opposition briefs would defeat the purpose of coordinating briefing in the first place, leaving the NFL Defendants to respond to—and the Court to review and consider—an exponentially larger volume of briefing than the Court and the parties intended.

For all these reasons, the Seau Plaintiffs' motion should be denied.[1]

Dated:  October 27, 2017

Respectfully submitted,

PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP

*/s/ Brad S. Karp*
Brad S. Karp
Bruce Birenboim
Lynn B. Bayard
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone:  (212) 373-3000
Email:  bkarp@paulweiss.com

PEPPER HAMILTON LLP
Sean P. Fahey
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2700
Telephone:  (215) 981-4000
Email: faheys@pepperlaw.com

*Attorneys for Defendants National Football League, Inc. and NFL Properties LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served electronically via the Court's electronic filing system on the 27th day of October, 2017, upon all counsel of record.


/s/ Brad S. Karp

---

[1] In the event that the Court grants the Seau Plaintiffs' motion, the NFL Defendants reserve the right to request additional time and additional pages within which to respond to the Seau Plaintiffs' oppositions in addition to the oppositions filed by lead counsel on behalf of all Opt Out Plaintiffs and any oppositions filed by other individual Opt Out Plaintiffs.