# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB <br><br> MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, <br><br> Plaintiffs, <br><br> vs. <br><br> National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., <br><br> Defendants. | **Hon. Anita B. Brody** <br><br> Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS | |

**COUNTER-DECLARATION OF JAMES T. CAPRETZ IN RESPONSE TO PROPOSED ALLOCATION OF COMMON BENEFIT ATTORNEY'S FEES, PAYMENT OF COMMON BENEFIT EXPENSES, AND PAYMENT OF <u>CASE CONTRIBUTION AWARDS TO CLASS REPRESENTATIVES</u>**

I, James T. Capretz, submit this declaration pursuant to 28 U.S.C. § 1746, based upon my personal knowledge of the matters set forth herein:

1.  I am an attorney licensed to practice law in all courts in the State of California. I was admitted to the California bar in 1969. I am admitted to several federal district courts and federal appellate courts throughout the United States. I am also admitted to practice in the state of Louisiana and before the U.S Supreme Court. I was retained to represent plaintiff class members Preston and Katherine Jones.

2.  I am the principal of Capretz & Associates, a boutique consumer oriented law firm located in Newport Beach, California with a national practice that emphasizes complex civil and multidistrict litigation in its practice and is experienced in class action proceedings. In the 1992 matter of <u>Bowling vs. Pfizer,</u> Case No. C-1-91-256, in Federal District Court in Cincinnati, Ohio, I was appointed and still serve as Special Counsel for the class. The case resulted in a seminal worldwide class action settlement with the Pfizer pharmaceutical company for a value over $300 million dollars to pay claims arising from defective prosthetic heart valves. In 2000, I was appointed co-lead counsel in the Minnesota based MDL No. 1396 <u>In Re St. Jude Medical Inc., Silzone Heart Valve Product Liability Litigation</u>. This was a class action on behalf of medical patients wearing a prosthetic heart valve known as a St. Jude Silzone valve. The class was certified by federal judge John Tunheim. Viable individual claims have been settled through this date over a period of years of litigation. Also, I served as Co-Lead counsel in the San Diego class action known as <u>Shames vs. The City of San Diego</u>, Case No. GIC831539. This case was on behalf of the residents of San Diego who were overcharged for certain sewer taxes; the city settled for $40 million dollars. I also have served as a State Liaison Counsel in the MDL proceedings known as <u>In Re Propulsid Products Liability Litigation</u>, MDL No. 1355, before Judge Eldon E. Fallon in New Orleans, Louisiana and on the Plaintiffs' Steering Committee in the matter of <u>In Re Medtronic Inc., Sprint Fildelis Leads Product Liability Litigation</u>, MDL No. 1905, in the United District Court, District of Minnesota. I also was selected to assist the Plaintiffs Steering Committee <u>In re Avandia Marketing, Sales, Billing Practices and Products Liability Litigation</u> MDL No. 1871. I was recently co-lead counsel in the cell phone tax class action matter of <u>Carla Villa and Vanessa Garza vs. City of Chula Vista</u> which case was settled for a value of close to ten million dollars and the settlement was found to be fair, adequate and

reasonable by the court on December 12, 2013. Other class actions or complex litigation cases in which I have been involved include, but are not necessary limited to: <u>In Re Microsoft Corp. Windows Operating Systems Antitrust Litigation</u>, MDL No. 1332 (Maryland); <u>In Re Warfarin Sodium Antitrust Litigation</u>, MDL No. 1232 (Delaware); <u>Allec v. Cross Country Bank</u>, OCSC Class Action No. 802894 (California); <u>In Re Rezulin Product Liability Litigation</u>, MDL No. 1348 (New York); <u>In Re diet Drugs</u>, MDL No. 1203 (Pennsylvania); <u>In Re Silicone Gel Breast Implants Products Liability Litigation</u> MDL No. 926 (Alabama); and, <u>In Re Synthroid Marketing Litigation</u>, MDL No. 1182 (Illinois).

3.      My firm represents class members Preston Jones and Katherine Jones (the "Jones Objectors"), who successfully objected to the initial June 25, 2014 proposed settlement based on its failure to award any settlement benefit credit for seasons played in the NFL Europe leagues. Preston Jones is an NFL retired player who played most of his NFL career in Europe. Katherine Jones is his spouse. The Jones Objectors subsequently filed a fee petition pursuant to the briefing schedule earlier set by this Court (ECF Nos. 7364, 7555).

4.      This Court more recently on October 11, 2017 ordered that "any counter-declaration in response to the Declaration of Christopher A. Seeger in Support of Proposed Allocation of Common Benefit Attorneys' Fees, Payment of Common Benefit Expenses, and Payment of Case Contribution Awards to Class Representatives (ECF No. 8447)" (the "Seeger Declaration") must be submitted by October 27, 2017.  ECF No. 8448. It is not immediately clear that the October 10, 2017 Seeger Declaration has anything to do with the pending common benefit fee requests of objectors, as the Court had asked Mr. Seeger to propose a fee allocation among Class Counsel only (ECF No. 8367), and indeed his declaration ostensibly addresses only allocations among non-objecting Class Counsel pursuant to the fee petition filed by Co-Lead

Class Counsel (Seeger Decl., p. 3, ¶ 5), which inevitably did not include any objectors. But at the same time, Mr. Seeger incongruously titled his declaration to refer more broadly to fees for "common benefit attorneys" rather than Class Counsel, and it apparently seeks to entirely exhaust the Attorneys' Fees Qualified Settlement Fund created by the Settlement for benefits rendered to the Class by counsel—despite earlier briefing in which Mr. Seeger suggested the Court set aside a portion of the Fund for appropriate allocation among Objectors (ECF No. 7151-1 at p. 70; ECF No. 7151-2 at p. 30, ¶ 100)—and his declaration references objectors in passing (Seeger Decl., p. 13, ¶ 16).

5. The matter of fee awards for successful objections to the original proposed settlement has been briefed by my firm and others. With respect to the treatment of NFL Europe-league players and their families, the preliminarily approved June 25, 2014 proposed settlement offered by Class Counsel and the NFL Parties (ECF Nos. 6073, 6084) did not credit any NFL European league season play toward qualification for settlement benefits. Under the original proposed settlement, retired players who played only in Europe were denied 97.5% of benefits of the settlement, no matter how many years they played. ECF No. 6087, June 25, 2014 proposed settlement, p. 9, §2.1(kk). The Jones Objectors and several others filed briefs or letters opposing the original proposed settlement specifically due to its extraordinarily poor treatment of Europe league players. Co-Lead Class Counsel filed substantial briefs *against* improving the settlement for NFL Europe-league players and their families.

6. The Court declined to approve the June 25, 2014 proposed settlement on enumerated grounds in its Order of February 2, 2015 (ECF No. 6479). The first bullet point in the Court's Order called upon Class Counsel and counsel for the NFL to fix the Europe-league omission and instructed the parties that "[t]he settlement should provide for some Eligible

4

Seasons credit for play in the World League of American Football, the NFL Europe League, and the NFL Europa League." This gave rise eleven days later (ECF No. 6481-1) to what would become the final improved Settlement.  See ECF No. 6509, 4/22/15 Order at p. 4 & n. 1; p. 12 ("[O]n February 13, 2015, the Parties amended the Settlement, making it more favorable to the Class.").

7. In its approval of the final Settlement, this Court expressly noted that the final Settlement includes an amendment that enhances benefits for retired NFL players who played in NFL-Europe leagues, in response to "concerns raised by several Objectors." ECF No. 6509, 4/22/15 Order at p. 104, n.76 (listing Objectors Morey, Slack, Duff, Jones, and Zeno). The final Settlement confers a half-season benefits credit for each season a retired player played in Europe. *Id*. at pp. 103-04. Co-Lead Class Counsel's own proffered expert has calculated the value to the Class of this amendment at $41 million (ECF No. 7464-12 at p. 7). It makes little sense for Mr. Seeger to claim fees (much less with multipliers) for Class Counsels' efforts at *opposing* enhanced benefits for NFL Europe-league retired players and their families, and then further to claim the value of those ultimately achieved benefits as a prominent component of the final Settlement for which he seeks credit.

8. Again, it may be that the Seeger Declaration is simply not relevant to the pending issue of attorney fees for the Europe-league settlement improvements, as he declares himself to be addressing only an allocation of funds among "the firms who submitted declarations in support of [Class Counsel's] Petition for an Award of Attorney's Fees" (Seeger Decl., p. 3, ¶ 5), and does not reference or acknowledge the improved Europe-league benefits in the final Settlement. But as the Seeger Declaration now apparently seeks to allocate precisely all of the reportedly available $114,206,652.28 in the Attorneys' Fees Qualified Settlement Fund and

5

Escrow Account (see Exhibit to Seeger Decl.), without addressing the NFL Europe-league improvements originated by certain objectors and previously recognized by this Court, I submit this invited counter-declaration as counsel to the Jones Objectors in an abundance of caution.

I swear under penalty of perjury that the foregoing is true and correct.   Executed this 27th day of October 2017.

                                            */s/ James T. Capretz*
                                            James T. Capretz