# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB |
| | MDL No. 2323 |
| | **Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated, | Civ. Action No. 14-00029-AB |
| Plaintiffs, | |
| v. | |
| National Football League and NFL Properties LLC, Successor-in-interest to NFL Properties, Inc., | |
| Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### LEGACY PRO SPORTS, LLC AND BRANDON SILER'S RESPONSE IN OPPOSITION TO CO-LEAD CLASS COUNSEL'S REQUESTED RELIEF IN ITS <u>MOTION FILED ON OCTOBER 23, 2017</u>

Legacy Pro Sports, LLC and Brandon Siler (collectively "Legacy"), respectfully submit this Response in Opposition to Co-Lead Class Counsel's Motion To (1) Direct Claims Administrator To Withhold Any Portions Of Class Member Monetary Awards Purportedly Owed To Certain Third-Party-Lenders And Claims Servicers Providers, And (2) Direct Disclosure To Claims Administrator Of Existence Of Class Member Agreements With All Third Parties (the "Motion") [DE 8470], filed on October 23, 2017, and state:

## I. INTRODUCTION

Co-Lead Class Counsel ("Class Counsel") filed the Motion essentially seeking injunctive relief as to Legacy without following procedures required by the principles of due process and the Federal Rules of Procedure; Class Counsel seeks prevention of an unidentified purported future harm, but states it will file a separate motion sometime in the future articulating a reason for its requested relief regarding the claims service providers, including Legacy.  Furthermore, the Court previously entertained a proffer by Class Counsel regarding this dispute and informed the parties and non-parties, including Class Counsel and Legacy, that it would advise if the Court wanted to hear more or otherwise proceed.  Apparently, Class Counsel has become impatient and is improperly asking the Court to rule now without providing those involved an opportunity to be heard or to otherwise defend themselves.  This Court should outright reject and deny Class Counsel's improper request for relief.

## II. RELEVANT PROCEDURAL POSTURE

On July 19, 2017, the Court indicated concern about deceptive practices targeting Settlement Class Members, and determined that an exploratory hearing was necessary. [DE 8037]. Accordingly, a hearing was held on September 19, 2017, (the "Hearing"), in which only Class Counsel was afforded the opportunity to speak and present evidence. [DE 8370]. Thereafter, the Court was to determine whether a subsequent hearing was necessary.  [*See* DE 8370; 8393]. *See also* Hearing Transcript ("H. Tr.") 5:1-6 attached as Exhibit A ("The hearing is exploratory in nature and it is designed to allow me to determine whether it should be -- whether I should pursue further action.  Therefore, there will be no cross examination or rebuttal.  We are here simply to allow [Class Counsel] to raise allegations for the court's further consideration.").

At the Hearing, Class Counsel updated the Court of the status of its discovery efforts and examples of what had been disclosed thus far regarding third parties and Settlement Class Members. Specifically as to Legacy, Class Counsel explained that Legacy was responsive to discovery, and did not assert that Legacy ever provided any loans to any Class Members. [H. Tr. 25:22-30:7]. As of the date of the Motion and this opposition, the Court has not indicated a need for further briefing, motion practice, or a hearing.

Without an order or subsequent Court instruction, Class Counsel took it upon themselves to file the Motion requesting the claims administrator to withhold money in escrow as to both the Third-Party Lenders and Claims Services Providers, and direct disclosure of class member agreements. This requested relief was not limited to the allegations against the Third-Party Lenders who Class Counsel claim are providing loans under false designation as an "assignment of rights," but also included Claims Servicers Providers, namely Legacy, despite failing to articulate an actual allegation of wrongdoing against Legacy. Basically Class Counsel is asking the Court to rule now, adverse to Legacy, and then later Class Counsel will file a motion setting forth the basis for such relief. Class Counsel's improper tactic is outrageous and should not be condoned.

The Motion smacks of a request for injunctive relief. However, as to Legacy, the Motion fails to set out a basis which would warrant such relief, and Legacy therefore opposes the Motion. Legacy respectfully requests that this Court deny the Motion.

### III. ARGUMENT

Class Counsel alleges in conclusory fashion that a potential for future harm exists and requests an equitable remedy in the form of directions to the claims administer and third parties, ostensibly to protect the interest of the Class Members. "Besides the possibility that the matters

either pending or just resolved by the Court may arise again with respect to other third-party entities, there is the possibility that other matters relating to third parties' dealings with Class Members relating to their settlement compensation will continue to arise." [DE 8470 at pp. 1-2]. Class Counsel also reports that it "fears that, as monetary awards are paid to Class Members, individually-retained counsel will be constrained to distribute portions of those monetary awards to these third parties and Class Members and acknowledgments of same that counsel have signed." [DE 8470 at p 2].

There is no possible interpretation of the Motion other than as Class Counsel's request for injunctive relief. Generally, injunctive relief is designed to protect against future harm.

> Injunctive relief is designed to meet a real threat of a future wrong or a contemporary wrong of a nature likely to continue or recur. Whether interlocutory or final, injunctive relief is ordinarily preventive or protective in character and restrains actions that have not yet been taken. It is generally not intended to redress, or punish for, past wrongs.

42 AM. JUR. 2D Injunctions § 2 (2008). However, Class Counsel fails to establish entitlement to a preliminary injunction within its Motion, even construing every allegation in the Motion as true.

"A primary purpose of a preliminary injunction is maintenance of the status quo until a decision on the merits of a case is rendered." *EUSA Pharma (US), Inc. v. Innocoll Pharm. Ltd.*, 594 F. Supp. 2d 570, 578 (E.D. Pa. 2009) (Brody, J.) (citing *Acierno v. New Castle County*, 40 F.3d 645, 647 (3d Cir. 1994)). "'Status quo' refers to the last, peaceable, noncontested status of the parties." *Id*. (citing *Kos Pharms., Inc. v. Andrx Corp*., 369 F.3d 700, 708 (3d Cir. 2004)). In evaluating plaintiff's Motion for a Preliminary Injunction, the court must consider four factors:

> (1) the likelihood that the plaintiff will prevail on the merits at the final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest.

*Villanova Univ. v. Villanova Alumni Educ. Found., Inc.*, 123 F. Supp. 2d 293, 301 (E.D. Pa. 2000) (Brody, J.) (citing *Merchant & Evans, Inc. v. Roosevelt Building Products Company, Inc*., 963 F.2d 628, 632 (3rd Cir. 1992)).

Importantly, in order to obtain injunctive relief, a plaintiff must articulate and demonstrate, among other things, irreparable injury that would result by the denial of injunctive relief.  *Rossi v. P&G*, 597 F. App'x 69, 71 (3d Cir. 2015) (affirming district court's denial of a request for an injunction where plaintiff did not even "attempt to identify any harm"); *see also Lindsay v. City of Phila.*, 844 F. Supp. 229, 236 (E.D. Pa. 1994) (Brody, J.) ("In the absence of a more clearly defined . . . claim, I cannot find a reasonable likelihood that the plaintiff would succeed upon such a claim").  Furthermore, alleged potential harm which is remote and hypothetical is fatal to a request for injunctive relief.  *See Acierno v. New Castle Cnty.*, 40 F.3d 645, 655 (3d Cir. 1994) (noting that an injunction may not be used to eliminate the possibility of remote future injury); *see also Adams v. Freedom Forge Corp.*, 204 F.3d 475, 490 (3d Cir. 2000) ("injunctions will not be issued merely to allay the fears and apprehensions or to soothe the anxieties of the parties") (internal citations omitted)).  The threat of future harm must be more than a remote possibility.  *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983).  Class Counsel does not raise anything more than a mere possibility of potential harm that it will explain as it pertains to Legacy in a motion to be filed someday in the future.

By promising to file another motion about Legacy in the future, the Motion admittedly fails to articulate any basis for the relief it is requesting as to Legacy.  Class Counsel specifically acknowledges that there is no allegation or basis for such relief in the Motion with regard to Legacy, and haphazardly reports that "[w]hether these claims servicers providers are entitled to the percentages of the Class Members' monetary award which they contracted **will be the subject**

**of a future motion**." [DE 8470, at p. 7] (emphasis added).  Without alleging anything other than a purported, unspecified, and unsupported fear of what could possibly happen, Class Counsel fails miserably to establish a basis for an injunction with regard to Legacy.  Thus, the allegations do not support a claim for the relief requested.

The Motion purports that the only entities Class Counsel is seeking application of its proposed order is limited to: (1) lenders in which evidence was submitted at the Hearing regarding loans packaged as assignments; and (2) entities upon which discovery was propounded but not provided [DE 8470 at p. 4] and claims that it "requests the withholding of funds related only to the claims services providers and to specific lenders as to which Class Counsel possess evidence that they packaged the loans as impermissible assignments." [DE 8470 at p. 9].  However, this is in direct contradiction of the presentation made by Class Counsel at the Hearing as to Legacy, as Class Counsel acknowledged that Legacy neither provided Class Members with loans (packaged as assignments or otherwise) and that Legacy fully cooperated with production of the requested discovery.  ("The first entity, Legacy Pro Sports, they were -- it was founded by a retired player, Mr. Brandon Siler and a college friend of his, Mr. Ryan Sherry.  They actually did respond to the discovery requests.  They provided thousands of pages of documents, emails, text messages, other documents, and Mr. Siler and Mr. Sherry also gave their depositions." H. Tr. 26:25-27:6).  As Legacy is not in either category the Motion claims to be directed at, and because Class Counsel acknowledges that a separate future motion directed at Legacy still needs to be filed, the Motion should be denied.

IV.     **CONCLUSION**

For the foregoing reasons, Legacy requests that the Court deny Class Counsel the relief requested in the Motion, particularly any relief regarding Legacy Pro Sports, LLC and Brandon Siler.

To be clear, the Motion should be denied and in the event Class Counsel in the future files a Motion pertaining to Legacy purporting to set forth a basis for any adverse relief, Legacy intends to defend itself and should be afforded to do so by filing opposition papers and defending itself at an evidentiary hearing, just like any other civil litigant is entitled to do in the United States.

Dated: October 31, 2017.

    Respectfully submitted,

By: *Jeff M. Ostrow*
JEFF M. OSTROW
DAVID L. FERGUSON
**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
*ostrow@kolawyers.com*
*ferguson@kolawyers.com*
*Attorneys for Legacy Pro Sports, LLC*
*and Brandon Siler*