# EXHIBIT B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Case No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>The Honorable Anita B. Brody |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                  Plaintiffs,<br><br>        v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                  Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**RESPONSE OF WALKER PRESTON CAPITAL HOLDINGS, LLC
SUBMITTED FOR THE LIMITED PURPOSE OF OPPOSING ON
JURISDICTIONAL GROUNDS CO-LEAD CLASS COUNSEL'S MOTION
TO (1) DIRECT CLAIMS ADMINISTRATOR TO WITHHOLD ANY PORTIONS
OF CLASS MEMBER MONETARY AWARDS PURPORTEDLY OWED TO CERTAIN
THIRD-PARTY LENDERS AND CLAIMS SERVICES PROVIDERS, AND (2) DIRECT
DISCLOSURE TO CLAIMS ADMINISTRATOR OF EXISTENCE OF CLASS
MEMBER AGREEMENTS WITH ALL THIRD PARTIES (ECF NO. 8470)**

Proposed Intervenor, Walker Preston Capital Holdings, LLC ("Walker Preston"), submits

this response for the limited purpose of addressing this Court's jurisdiction to entertain co-lead

class counsel's motion seeking an order that would, in part, direct the Claims Administrator to

withhold any portions of class member monetary awards purportedly owed by class members to

certain third-party lenders, including Walker Preston (the "Motion to Withhold Funds").

(ECF No. 8470). As discussed herein, the Motion to Withhold Funds should be denied due to the absence of both subject matter and personal jurisdiction.

## I.    INTRODUCTION

Walker Preston appreciates this Court's concern over deceptive practices targeting Settlement Class Members. (ECF No. 8037). Walker Preston further appreciates this Court's concern and responsibility for managing this class action litigation, pursuant to Federal Rule of Civil Procedure 23. Those concerns, however, cannot displace the jurisdictional requisites that apply to all federal court cases.

In moving for an order that would, in part, direct the Claims Administrator to withhold funds owed ultimately to Walker Preston and other third parties (ECF No. 8470), co-lead class counsel has failed to establish both this Court's subject matter jurisdiction over the purported dispute and personal jurisdiction over Walker Preston.

As an initial matter, there is no "case or controversy," as required, to invoke this Court's subject matter jurisdiction. Stated simply, co-lead class counsel has no constitutional standing to pursue the relief sought via the instant motion for several equally availing reasons. First, there is no "concrete and particularized" injury. Second, co-lead class counsel has made no showing of a causal connection between any purported injury and Walker Preston's conduct. Third, the remedy sought via the Motion to Withhold Funds will not redress the purported injury.

Despite co-lead class counsel's assertion to the contrary, Federal Rule of Civil Procedure 23(d) does not create jurisdiction. The All Writs Act also fails to provide subject matter jurisdiction, even though the relief co-lead class counsel seeks is injunctive in nature. Finally, there is no basis for supplemental jurisdiction to be granted as any potential "case or controversy" would not be related to the action presently before the Court.

Personal jurisdiction is also absent. Walker Preston has no contact with the Commonwealth of Pennsylvania and it would offend traditional notions of fairness and justice to force it to defend itself in said venue. Moreover, personal jurisdiction over Walker Preston is lacking because Walker Preston was not properly served with the Motion to Withhold Funds or any other summons to appear before this Court.

## II.    ARGUMENT

As the moving party, the burden was on co-lead class counsel to come forward with facts establishing both this Court's subject matter and personal jurisdiction. *See Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc.*, 269 F. Supp. 2d 547 (D.N.J. 2003) (citing *Mellon Bank (East) P.S.F.S. v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)) (personal jurisdiction); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, No. 11-7732, 2016 U.S. Dist. LEXIS 129304, at *7-8 (E.D. Pa. Sept. 21, 2016) (subject matter jurisdiction).

Co-lead class counsel attempts to satisfy its substantial burden of establishing this Court's jurisdiction through a single, non-committal, vague, broad-brush statement that "over nine hundred (and possibly over 1,000) Class Members have contracted away portions of their potential future monetary awards to certain third parties, possibly under less-than-transparent circumstances or via assignments that are prohibited under the Settlement Agreement (for the reasons laid out in recent briefing)." (ECF 8470-1 at 4). This lone statement speaks volumes about what co-lead class counsel does not know, and it falls far short of establishing this Court's jurisdiction.

As an initial matter, the statement is riddled with ambiguity-creating modifiers such as "over," "possibly," "potential," and "possibly under less-than-transparent." It does not actually allege that any person did anything wrong or that others suffered any injury.  It does not allege the existence of any actual dispute.  It does not allege any legal or factual basis for its purported

3

authority to create such a dispute on behalf of Walker Preston customers who have not retained or otherwise authorized co-lead class counsel to do so.  It does not explain how any such hypothetical dispute impacts the authority of this Court, or even try to explain how the relief it seeks will address such an issue.  And finally, it certainly does not allege any facts suggesting that Walker Preston was "possibly less-than-transparent."  Co-lead class counsel's broad-brush approach cannot serve as a basis for establishing jurisdiction.

Likewise, co-lead class counsel fails to come forward with any facts to meet its burden to establish that this Court has personal jurisdiction.  Walker Preston has not done, and does not do, business within the Commonwealth of Pennsylvania. (Declaration of Patrick Preese ¶ 5). Co-lead class counsel, despite asking this Court to decide as-of-yet-nonexistent contract disputes between Walker Preston and its customers, has not pled a single fact suggesting that Walker Preston is subject to personal jurisdiction here.

> **A.** **The Court Lacks Subject Matter Jurisdiction To Decide The Motion to Withhold Funds**
>
> > **1.** **There Is No Article III "Case or Controversy" as Required for this Court to Have Subject Matter Jurisdiction**

A threshold concern for all federal courts is the presence, or absence, of constitutional standing.  The Supreme Court has held repeatedly that "'[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies'" in Article III of the United States Constitution. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (quoting *Raines v. Byrd*, 521 U.S. 811, 821 (1997)); *see also  Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003) (subject matter jurisdiction is a non-waivable issue, and "courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt").

The "irreducible constitutional minimum" of standing consists of three elements:

> The plaintiff must have (1) suffered an injury in fact, (2) that is
> fairly traceable to the challenged conduct of the defendant, and (3)
> that is likely to be redressed by a favorable judicial decision.

*Spokeo, Inc.*, 136 S.Ct. at 1547. Co-lead class counsel, "as the party invoking federal jurisdiction,

bears the burden of establishing these elements." *Id.* To do so, it must "clearly … allege facts

demonstrating" each element. *Id.* "That a suit may be a class action … adds nothing to the

question of standing" and in no way lessens or excuses these requirements. *Id.* at n.6.  As

discussed below, co-lead class counsel does not even attempt to allege facts sufficient to

demonstrate each element of constitutional standing regarding purported disputes between

unnamed financial entities and unnamed class members.

*First*, co-lead class counsel has presented no facts suggesting any legally cognizable

injury to a Walker Preston customer. "To establish injury in fact, a plaintiff must show that he or

she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and

'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc.* 136 S.Ct. at 1548 (*quoting*

*Lujan*, 504 U.S. at 560)). This first element of injury in fact "'is often determinative. '" *Knick v.*

*Twp. of Scott*, 862 F.3d 310, 318 (3d Cir. 2017) (quoting *Toll Bros. v. Twp. of Readington*, 555

F.3d 131, 138 (3d Cir. 2009)). Even when a sufficient injury is alleged, it must also be "fairly

traceable to the challenged action[ ] and redressable by a favorable ruling in accordance with the

remaining two elements of standing." *Id.* (quotation omitted).

The Motion to Withhold Funds references no "concrete and particularized" injury

suffered by a single class member. Despite co-lead class counsel's contention that "possibly over

a 1,000" class members have contracted away a portion of their monetary awards (ECF No.

8470-1 at 4), co-lead class counsel fails to submit a single affidavit from a class member alleging

a dispute with, or injury caused by, Walker Preston or any other non-party.

5

Likewise, co-lead class counsel does not allege, much less provide evidence, that a class member disputes a contractual obligation to Walker Preston. It also does not allege that Walker Preston misled anyone, much less with the specificity that Federal Rule of Civil Procedure 9(b) requires. Notwithstanding co-lead class counsel's best efforts to interfere with Walker Preston's contracts, it cannot create such a controversy out of thin air.

Nor can co-lead class counsel manufacture such a controversy itself. Rule 23 does not grant class counsel a general power of attorney over all class members. Agency requires consent and control by the principal. *See Wilcox v. Pepsico, Inc.*, 174 F. Supp. 2d 265, 267 (E.D. Pa. 2001). There is not one shred of evidence that a class member has engaged co-lead class counsel to address a concern regarding a Walker Preston contract. As a result, co-lead class counsel has no authority to create the kind of controversy between Walker Preston and a class member that Article III requires.

Tellingly, the Motion to Withhold Funds is brought by *co-lead class counsel*, not by any class member. *See Spokeo, Inc.*, 136 S. Ct. at 1549 (instructing courts to consider "whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts"). And, at best, co-lead class counsel, not any class member, offers only insufficient "conjectural and hypothetical" allusions to injury—co-lead class counsel does not articulate any specific allegations of harm or misconduct. *Lujan*, 504 U.S. at 560. As the Third Circuit has cautioned, these "[g]eneralized grievances will not suffice" to create an injury for purposes of establishing a "case or controversy." *Knick*, 862 F.3d at 317.

*Second*, co-lead class counsel alleges no facts that could connect a purported injury sustained by a class member to Walker Preston's conduct. Even if some injury could be traced to

the conduct of some third party—a showing co-lead class counsel also has failed to make—it would not be sufficient for this Court to enjoin contractually required payments to Walker Preston. For Article III standing to exist, there must be a *causal* connection between an injury and Walker Preston's conduct. Here, there is none.

*Third*, co-lead class counsel makes no attempt to establish that any purported injury will "likely" be redressed by a favorable decision on its Motion to Withhold Funds. Co-lead class counsel seeks an order directing the Claims Administrator to withhold *from class members* that portion of any settlement funds class members owe to third-party lenders. Co-lead class counsel ignores that once the remaining funds are dispensed to class members, the repayment obligation of the class member to the third-party lender likely will be triggered. Thus, the only thing that will be achieved by granting the relief requested by the Motion to Withhold Funds, as it is currently drafted, will be a reduction in settlement amounts realized by class members.[1]

Because there is no allegation of injury, and because co-lead class counsel's requested relief (withholding from class members amounts owed to third parties) would not redress co-lead class counsel's perceived injury, any opinion this Court might render on the matter risks being an improper advisory opinion. *Constitution Party v. Cortes*, 712 F. Supp. 2d 387, 397-98 (E.D. Pa. 2010). That is because any opinion addressing co-lead class counsel's claim for *why* a portion of the funds should be withheld would be advisory; it "would be based on a hypothetical set of facts, without sufficient information to support findings." *Id.* (citing *PSA, LLC v. Gonzales*, 271 F. App'x 218, 220 (3d Cir. 2008)). Accordingly, without a "case or controversy," co-lead class counsel lacks constitutional standing to support its Motion to Withhold Funds.

---

[1] In fact, by withholding such amounts, it is likely that co-lead class counsel will actually create disputes between class members and third parties where previously there are none.

7

### 2.     Neither Rule 23 nor the All Writs Act Vests this Court with Subject Matter Jurisdiction

Co-lead class counsel seeks safe harbor within Rule 23 arguing that, "[u]nder Federal Rule of Civil Procedure 23(d), a district court may impose conditions on the parties and their counsel in a class action." (ECF No. 8470-1 at 9). Co-lead class counsel argues further that this Court has the inherent power to fashion equitable remedies—in essence arguing that this Court should enjoin the Claims Administrator from fulfilling its duties. (*Id.* at 10).  Neither Rule 23 nor this Court's power to fashion equitable relief under the All Writs Act or otherwise extends this Court's limited jurisdiction to confer subject matter jurisdiction upon this Court.

The Federal Rules of Civil Procedure do not create federal jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 368–70 & n.7 (1978). The Federal Rules of Civil Procedure also cannot create Article III standing. *Spokeo, Inc.*, 136 S. Ct. at 1547 n.6. Despite co-lead class counsel's mistaken reliance on Federal Rule of Civil Procedure 23(d), it is only a procedural rule; it is not a grant of subject matter jurisdiction. *Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842 (11th Cir. 1995).

As explained in *Cobell v. Kempthorne*, 455 F.3d 317, 323-25 (D.C. Cir. 2006), the court's authority under Rule 23(d) extends to procedural matters, not substantive orders. "Rule 23's advisory committee notes, though describing the rule's list of permissible subjects for notice as 'non-exhaustive,' nowhere suggest that the rule authorizes substantive, as opposed to procedural, notice. Fed.R.Civ.P. 23 advisory committee's note (1966 amendment); *see also* Fed.R.Civ.P. 23(d)(5) [now, Fed.R.Civ.P. 23(d)(1)(e)] (authorizing orders "dealing with similar procedural matters")." *Id.* at 324. In reversing the district court, the *Cobell* court held that, "[b]ecause the . . . order [appealed from] seeks to protect substantive rights and inflicts substantive harm . . . , it falls outside Rule 23(d)(2)'s scope." *Id.* at 325.

8

In *Allapattah Services v. Exxon Corp.*, No. 91-986, 2004 U.S. Dist. LEXIS 27978, at *19-20 (S.D. Fla. Sept. 28, 2004), a federal district court correctly ruled that it lacked jurisdiction based on similarly vague claims of wrongdoing by claims servicing agencies in the context of that court's administration of a class action settlement. *Allapattah* involved a class action lawsuit by gas station owners against a petrol corporation. Plaintiff class members (*i.e.*, not class counsel) sought an injunction to enjoin two non-parties from engaging in the allegedly false and misleading solicitation of class members and charging them 25 percent of each class member's recovery in return for services that were already available through the class administrator. Following the Eleventh Circuit's decision in *In re Infant Formula Antitrust Litigation*, the *Allapattah* court held that Rule 23 did not confer jurisdiction on the court to enjoin the two non-parties from their solicitation conduct—even though there were allegations of misconduct against the non-parties. *Allapattah Servs.*, 2004 U.S. Dist. LEXIS 27978, at *19-20 (citing *Infant Formal Antitrust Litig.* 72 F.3d at 842-43).

The *Allapattah* court went on to also hold that the All Writs Act, 28 U.S.C.S. § 1651(a), did not create subject matter jurisdiction. Further to that ruling, the magistrate judge held that there was nothing to indicate that the solicitations made by the non-parties would interfere with the court's ability to give relief to class members. *Id.* at *28. Moreover, the gas station "owners had not shown any irreparable harm stemming from the denial of the [] injunctions[;] the damages, if any, to class members, would be strictly monetary damages" and thus could be adequately addressed without the need for preemptive injunctive relief. *Id.* at *27-28.

In adopting the Report and Recommendation of the magistrate judge in *Allapattah*, the district court judge correctly recognized that the court lacked jurisdiction over such potential disputes that were not the subject of the Rule 23 class action.  It also correctly noted that any

9

aggrieved class members could bring a separate lawsuit in an appropriate court of proper

jurisdiction should any such dispute arise:

> Moreover, class members are free to enter into a contract with one of these non-party claims assistance companies in order to assist them in filing claims. **If the class members develop a problem with any of these companies, the class members have an adequate remedy at law available to them - they may seek relief against these companies by filing their own lawsuits.** As the All Writs Act does not create subject matter jurisdiction where there is none and there are no orders which this Court must enforce that are threatened by the non-party claims assistance companies, Magistrate Simonton was correct in finding that subject matter jurisdiction does not exist in this case.

*Allapattah Servs. v. Exxon Corp.*, No. 91-986, 2004 U.S. Dist. LEXIS 27979, at *15-16 (S.D.

Fla. Dec. 2004) (emphasis added) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 154

L. Ed. 2d 368, 123 S. Ct. 366 (2002)).

The facts of this case present an even less tenable justification for exercising jurisdiction

over contracts with non-parties. In *Allapattah*, the claims servicers at issue at least were acting as

advocates for class members in the court-administrated settlement distribution process.  In

contrast, here, there is no argument that Walker Preston has inserted itself into any similarly

active role in this litigation.

The Second Circuit likewise has held that the All Writs Act cannot be used to create

jurisdiction where none exists otherwise. In *Association for Retarded Citizens of Connecticut*

*Inc. v. Thorne*, 30 F.3d 367 (2d Cir. 1994), the Second Circuit held that the All Writs Act

provides no basis for extending the terms of a negotiated settlement, like the one entered into in

this case, to non-parties:

> Because the terms of the consent decree were **voluntarily assumed rather than legally imposed**, there is no basis for extending the negotiated outcome to a nonparty. While a district court has authority to enforce a judicially-approved consent decree against the parties to it, a district court that enforces the decree against a nonparty acts beyond its jurisdiction and thus beyond the scope of the All Writs Act.

*Id.* at 370 (emphasis added).

At base, co-lead class counsel asks this Court for an unprecedented order vastly expanding a district court's authority to resolve (potential) ancillary disputes merely because they could involve class members. The cases that co-lead class counsel cites do not support any such expansion. (*See* ECF No. 8470-1 at 9-10). Collectively, they stand for the unremarkable proposition that, pursuant to Rule 23(d), the court is empowered to protect class members by issuing orders governing class representatives and counsel. *See, e.g., Gulf Oil Co. v. Bernard,* 452 U.S. 89, 100 (1981) ("Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties."). Indeed, the primary focus of these cases is to protect class members *from abuses by class counsel,* and there can be no reasonable dispute that class counsel submit themselves and their conduct to the court adjudicating the class action. None of the cases cited by co-lead class counsel concerning the broad powers possessed by courts to manage class actions specifically address the issue of subject matter jurisdiction over non-parties in a situation like the one at bar.

The same holds true for the case cited by co-lead class counsel that is closest to being on point. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.,* No. 05-MD-1720 JG, 2014 WL 4966072 (E.D.N.Y. Oct. 3, 2014). First and foremost, *In re Payment,* like *Allapattah* above, involved claim servicers who voluntarily interjected themselves into a court-administered settlement distribution process as retained agents for class members. *Id.* The court expressly found that it could exercise jurisdiction over those claim servicers precisely because such claim servicers, like lawyers, subject themselves to the Court's jurisdiction by acting as agents for class members. *See id.* at *31 (holding that the court "'has ultimate control over

communications among the parties, third parties, or their agents and class members on the subject matter of the litigation to ensure the integrity of the proceedings and the protection of the class'") (quoting Manual for Complex Litigation (4th) § 21.33).

Here, there is no allegation, let alone evidence, that Walker Preston, has acted as an agent for any class member in any capacity, much less as an advocate as part of the Court's claims administration process. Nor has it done anything like the claims servicers in *In re Payment* to interfere with either the claim settlement process or any class member's entitlement to settlement payments. Instead, co-lead class counsel alleges only that the non-parties as a group have entered into agreements with certain individual class members which are triggered only after the settlement proceeds promised in this case are received.  No order from this Court is needed to ensure that class members receive the settlement proceeds to which they are entitled under the terms of the settlement agreement entered into in this case. If any class member believes that they should not be required to honor a funding arrangement with a third party, the proper course is for that class member to seek resolution in a forum of proper jurisdiction. It is not for this Court to enter an unprecedented and unconstitutional injunction prohibiting payments under unspecified contracts to unspecified third parties with no active involvement on this case, particularly given co-lead class counsel's failure to produce any actual evidence of wrongdoing.

In all, co-lead class counsel offers nothing to permit the Court to exercise jurisdiction over non-parties in a case where subject matter jurisdiction is absent.

### 3.   The Court Does Not Have Supplemental Jurisdiction over the Alleged Issues in the Motion to Withhold Funds

Neither can co-lead class counsel invoke the Court's supplemental jurisdictional authority to rule on the Motion to Withhold Funds. Supplemental jurisdiction under § 1367(a) applies only to "claims." As noted *supra*, however, there is no "claim" or controversy between the class

members and Walker Preston, let alone between co-lead class counsel and Walker Preston. "There can be no jurisdiction where there is no claim." *In re Baycol Prods. Litig.*, MDL No. 1431, 2004 U.S. Dist. LEXIS 32412, at *9-10 (D. Minn. May 4, 2004). Even though some *potential* future disputes between class members and third-parties like Walker Preston *may* be derived from the present action, the fact that a party "may have derivative rights does not establish jurisdiction[.]" *Id.* at *10. Accordingly, co-lead class counsel cannot rely on supplemental jurisdiction to vest the Court with authority to rule on the Motion to Withhold Funds.

### B.   The Court Does Not Have Personal Jurisdiction Over Walker Preston

The issue of personal jurisdiction is governed by the familiar "minimum contacts" test enunciated in *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1945). *See De James v. Magnificence Carriers, Inc.*, 654 F.2d 280, 283 (3d Cir. 1981). Under *International Shoe*, the exercise of personal jurisdiction is permissible if: (1) the entity has "minimum contacts" with the territory of the forum, and (2) the assertion of jurisdiction over the entity comports with "'traditional notions of fair play and substantial justice.'" *Int'l Shoe*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 61 S. Ct. 339 (1940)).

In this case, co-lead class counsel makes no attempt to demonstrate that personal jurisdiction over Walker Preston exists. In fact, Walker Preston has no contacts with the Commonwealth of Pennsylvania; it does not operate or market in Pennsylvania. To hail Walker Preston into federal court in Pennsylvania to defend its contractual interests would offend traditional notions of fairness and justice. Accordingly, no personal jurisdiction over Walker Preston can exist.

Moreover, co-lead class counsel failed to properly serve Walker Preston with the Motion to Withhold Funds. Under Federal Rule of Civil Procedure 4(k)(1)(A), service in this case is

governed by the laws and rules of the Commonwealth of Pennsylvania. Co-lead class counsel's emailing of the motion papers to certain counsel for Walker Preston, as was done in this case, is not effective service. Instead, co-lead class counsel should have served an agent of Walker Preston. *See* 1 Pa. Code §§ 402 & 424.[2]

## III.   CONCLUSION

For all the foregoing reasons, Walker Preston respectfully requests that this Court deny co-lead class counsel's motion seeking an order that would, in part, direct the Claims Administrator to withhold any portions of class member monetary awards purportedly owed by class members to certain third-party lenders (including funders and so-called asset purchasers) and claims services providers.

Dated: November 16, 2017                    Respectfully submitted,

By: */s/ Lee M. Epstein*
Lee M. Epstein
Weisbrod Matteis & Copley PLLC
Two Logan Square, Suite 1925
100 N. 18th Street
Philadelphia, PA 19103
T: (215) 883-7422
lepstein@wmclaw.com

---

[2] Notably, however, even if service was effectuated properly, this Court still would not have personal jurisdiction over Walker Preston for the reasons detailed above. Walker Preston does not waive the improper service but rather highlights that even if this defect was cured, it would not change this Court's ability to affect Walker Preston's contractual rights.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Case No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>The Honorable Anita B. Brody |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>            Plaintiffs,<br><br>     v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>            Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### [PROPOSED] ORDER

AND NOW, this ___ day of _____, 2017, upon consideration of Walker Preston Capital Holdings, LLC's Response for the Limited Purpose of Opposing on Jurisdictional Grounds Co-Lead Class Counsel's Motion to (1) Direct Claims Administrator to Withhold any Portions of Class Member Monetary Awards Purportedly Owed to Certain Third-Party Lenders and Claims Services Providers, and (2) Direct Disclosure to Claims Administrator of Existence of Class Member Agreements with All Third Parties,

IT IS ORDERED that Co-Lead Class Counsel's Motion (ECF No. 8470) is DENIED.

 

                        _____
                        Anita B. Brody
                        United States District Judge