UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Case No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>The Honorable Anita B. Brody |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                        Plaintiffs,<br><br>                        v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                        Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**MEMORANDUM OF WALKER PRESTON CAPITAL HOLDINGS, LLC
IN SUPPORT OF ITS MOTION TO INTERVENE FOR THE LIMITED PURPOSE
OF OPPOSING ON JURISDICTIONAL GROUNDS CO-LEAD CLASS COUNSEL'S
MOTION TO (1) DIRECT CLAIMS ADMINISTRATOR TO WITHHOLD ANY
PORTIONS OF CLASS MEMBER MONETARY AWARDS PURPORTEDLY OWED
TO CERTAIN THIRD-PARTY LENDERS AND CLAIMS SERVICES PROVIDERS,
AND (2) DIRECT DISCLOSURE TO CLAIMS ADMINISTRATOR OF EXISTENCE OF
<u>CLASS MEMBER AGREEMENTS WITH ALL THIRD PARTIES (ECF NO. 8470)</u>**

Proposed Intervenor, Walker Preston Capital Holdings, LLC ("Walker Preston") moves, pursuant to Federal Rule of Civil Procedure 24(a), to intervene in this matter for the limited purpose of opposing on jurisdictional grounds co-lead class counsel's motion seeking, in part, an Order directing the Claims Administrator to withhold any portions of class member monetary awards purportedly owed by class members to certain third-party lenders (including funders and

so-called asset purchasers) and claims services providers (the "Motion to Withhold Funds"). (ECF No. 8470).

## I. INTRODUCTION[1]

Walker Preston seeks to intervene in the present action as of right for the limited purpose of opposing the Motion to Withhold Funds on jurisdictional grounds. (ECF No. 8470). This Motion satisfies the elements of intervention as of right under Federal Rule of Civil Procedure 24(a). By granting this limited intervention, the Court will both allow Walker Preston to protect interests that are not adequately represented by any other party to this action and also be assured of being fully apprised of all pertinent facts and its jurisdictional authority (or lack thereof) before ruling on the Motion to Withhold Funds.

## II. ARGUMENT

Federal Rule of Civil Procedure 24(a)(2) governs intervention as of right and provides as follows:

> On timely motion, the court must permit anyone to intervene who: * * * (2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). A non-party is permitted to intervene as of right if it establishes four elements: "first, a timely application for leave to intervene; second, a sufficient interest in the litigation; third, a threat that the interest will be impaired or affected, as a practical matter, by the

---

[1] Walker Preston files this Motion out of an abundance of caution to the extent this Court's prior order (ECF No. 8879) designating Thrivest as an objector did not extend the "objector" status to all third parties seeking to address co-lead class counsel's Motion to Withhold Funds. Nothing in this Motion or Walker Preston's proposed response to the Motion to Withhold Funds should be interpreted as waiving Walker Preston's objection to personal jurisdiction. Walker Preston is not waiving its personal jurisdiction defense, including its improper service defense, as Walker Preston is moving to intervene for the limited purpose of addressing this Court's subject matter and personal jurisdiction. *See Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 744 n.4 (N.D. Ill. 2016).

disposition of the action; and fourth, inadequate representation of the prospective intervenor's interest by existing parties to the litigation." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998); *see also Mountain Top Condo. Ass'n v. Dave Stabbert Builder, Inc.*, 72 F.3d 361, 365-66 (3d Cir. 1995). Each of these requirements is satisfied here.

### A. This Motion to Intervene Is Timely

The Motion to Withhold Funds was filed on October 23, 2017. (ECF No. 8470). By Order dated November 2, 2017, this Court directed that any response to the Motion to Withhold Funds be filed on or before November 16, 2017. (ECF No. 8879). There was no reason for Walker Preston to seek to intervene to challenge the Court's jurisdiction prior to co-lead class counsel filing the Motion to Withhold Funds. Accordingly, this motion to intervene as of right is timely.

### B. Walker Preston Has a Sufficient Interest in this Litigation

To justify intervention as of right, "the applicant must have an interest 'relating to the property or transaction which is the subject of the action' that is 'significantly protectable.'" *Kleissler*, 157 F.3d at 969 (quoting *Donaldson v. United States*, 400 U.S. 517, 531(1971)). While a mere economic interest may be insufficient to support the right to intervene, an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund. *Mountain Top Condo. Ass'n*, 72 F.3d at 366-67 (citing *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 53-54 (5th Cir. 1970) (holding that a law firm could intervene in a former client's action to protect its interest in its contingency fee); *Hardy-Latham v. Wellons*, 415 F.2d 674 (4th Cir. 1968) (holding that finders who supplied a broker with the name of a seller were allowed to intervene in the broker's case against the seller for a broker's fee because "they claim an interest in both the transaction and the fund which are the subject of the main action, and if the entire amount were paid directly to [the broker] their ability to collect their proper share would as a

3

practical matter be impaired"); *United States v. Eilberg*, 89 F.R.D. 473 (E.D. Pa. 1980) (holding that two attorneys who claimed an interest in the same funds sought by the United States in a suit against a Congressman were entitled to intervene "whether their claim sounded in contract or tort, in law or equity"); *see generally* Wright & Miller, supra, § 1908, at 272-74).

Here, co-lead class counsel seeks an order that would, in part, direct the Claims Administrator to withhold funds from Walker Preston and others. Those funds are owed under contracts separately negotiated by and between Walker Preston and members of the class. The potential effect of this litigation, specifically co-lead class counsel's Motion to Withhold Funds, on the funds owed under those contracts and Walker Preston's contract rights, warrants intervention. *See Kleissler*, 157 F.3d at 969 (discussing cases).

### C. Walker Preston's Interests Will Be Impaired by the Disposition of Co-Lead Class Counsel's Motion to Withhold Funds

As further explained in Walker Preston's proposed response, co-lead class counsel, through its Motion to Withhold Funds, asks the Court to withhold amounts due, under contract, to third parties like Walker Preston.  Court-ordered withholding of amounts contractually due to third parties like Walker Preston will inevitably lead to disputes between the third parties and class members; the class members will not receive the full amount they are due from the Claims Administrator and, in turn, it is unlikely that Walker Preston or other third parties will either. Although Walker Preston is not currently a party to the action, and thus the Court does not have authority to issue orders affecting Walker Preston's rights or interests, co-lead class counsel seeks to impinge on Walker Preston's right to recover under Walker Preston's separate, unrelated contracts with certain class members. Co-lead class counsel in effect improperly seeks to enjoin certain class members from paying Walker Preston.

### D. The Existing Parties Cannot Adequately Represent Walker Preston's Interests

No present party to this litigation has an interest or reason to properly represent Walker Preston's interests or to advocate on behalf of Walker Preston. The NFL defendants have no incentive or interest to advocate for Walker Preston or other third parties.  And, co-lead class counsel is propounding the Motion to Withhold Funds which runs directly counter to Walker Preston's interests.  While certain class members may have an incentive to oppose the Motion to Withhold Funds to prevent the creation of future disputes between the class members and third-parties, it appears that those class members' interests have been overlooked.  Accordingly, Walker Preston should be granted its requested limited intervention to challenge on jurisdictional grounds the Motion to Withhold Funds and, thereby, protect its interests.

### III. CONCLUSION

For all the foregoing reasons, Walker Preston respectfully requests that this Court grant its motion to intervene as of right under Federal Rule of Civil Procedure 24(a), and simultaneously treat as filed Walker Preston's response to co-lead class counsel's motion seeking an order (1) directing the Claims Administrator to withhold any portions of class member monetary awards purportedly owed by class members to certain third-party lenders (including funders and so-called asset purchasers), and claims services providers; and (2) directing all individually-retained counsel and class members themselves, if they have not retained individual counsel, to disclose to the Claims Administrator the existence of and terms of class member agreements with all third-party lenders and claims services providers.

Dated: November 16, 2017               Respectfully submitted,

By: */s/ Lee M. Epstein*
Lee M. Epstein
Weisbrod Matteis & Copley PLLC
Two Logan Square, Suite 1925

100 N. 18th Street  
Philadelphia, PA 19103  
T: (215) 883-7422  
lepstein@wmclaw.com