**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**RESPONSE OF NONPARTY CASE STRATEGIES GROUP IN OPPOSITION TO CO-LEAD CLASS COUNSEL'S MOTION TO (1) DIRECT CLAIMS ADMINISTRATOR TO WITHHOLD ANY PORTIONS OF CLASS MEMBER MONETARY AWARDS PURPORTEDLY OWED TO CERTAIN THIRD-PARTY LENDING AND CLAIMS SERVICE PROVIDERS, AND (2) DIRECT DISCLOSURE TO CLAIMS ADMINISTRATOR OF THE EXISTENCE OF CLASS MEMBER AGREEMENTS WITH ALL THIRD PARTIES**

I.      **INTRODUCTION**[1]

Continuing it's campaign of pursuing relief from parties over whom this Court does not have jurisdiction and which is not available under the Federal Rules of Civil Procedure, Co-Lead Class Counsel ("Class Counsel") now seeks an order requiring the Claims Administrator to withhold monetary payments from some, but not all, third-party lenders and claims service providers.  [ECF No. 8470.]  Specifically, on October 23, 2017, Class Counsel singled out fifteen nonparty lenders and claims service providers and requested that the Court require the Claims Administrator to withhold any payments due and owing to those entities regardless of whether there is any actual dispute over those payments from the Class Members or their chosen attorneys.  *Id*.

Class Counsel's Motion is factually, procedurally, and legally deficient, and supported by nothing more than Class Counsel's subjective beliefs.  Indeed, the Motion seeks to place into escrow funds which may eventually be owed to third parties based upon Class Counsel's unsupported assertion that placing those funds into escrow "avoids the risk of having to track down and attempt to disgorge monies from these third parties after a distribution, should the Court determine that they are not entitled to some or all of the monies they claim."  (Mot. at 11.) But such speculative relief ignores the requirements of Article III standing and improperly seeks injunctive relief under circumstances where such relief is unavailable.  Worse still, the requested relief manufactures disputes between third parties, Class Members, and their attorneys where

---

[1] As is set forth below, CSG has not consented to the jurisdiction of this Court and files this Opposition solely for the purposes of addressing limited jurisdictional and procedural defects with the Motion.  By filing this Opposition, CSG does not consent to the jurisdiction of this Court, and fully intends to remain a nonparty to this litigation – as it has always been.  Finally, CSG has never been properly served by Class Counsel with a copy of their Motion, despite the Motion's attempt to affect contractual rights of Justice Funds and its clients. This defect alone should suffice to require denial of Class Counsel's Motion.

none exist, and effectively rewrites the contracts of nonparties – all without providing any admissible evidence of wrongdoing.

Class Counsel attempts to have the Court invoke its equitable powers to do what the law otherwise counsels against.  The Court should reject Class Counsel's arguments and deny the Motion.

### A.      Case Strategies Group

As the Court is well aware, Case Strategies Group ("CSG") provides claims assistance services to Class Members and their families looking for assistance in navigating a claims administration process which has been described by Class Members and their families as a "gimmick," a "complicated claims process," and which Class Counsel readily admits is neither perfect nor "working as well as [he] would like." Rick Maese, *Ten Months After NFL concussion settlement, most players haven't seen a dime*, WASHINGTON POST, Nov. 10, 2017.  As one Class Member's wife makes clear in that article, "[t]he people in this lawsuit, they're brain-damaged, […] [i]f you don't have an advocate […] how are you supposed to do this?"  *Id.*  CSG is just such an advocate for its clients, providing Class Members with assistance throughout all aspects of the claims process in return for a percentage of any future monetary return.

As other courts have expressly noted, the type of claims management services which CSG provides to its clients "can provide a valuable service to class members who seek assistance in filing their claims," and represent "a natural and welcome feature of the settlement landscape." *In re Visa Check/Mastermoney Antitrust Litig.*, No. CV-96-5238 (JG), 2006 WL 1025588, at *4 (E.D.N.Y. Mar. 31, 2006).  Yet despite these valuable services to Class Members, Class Counsel again seeks relief against CSG in the Motion.  The Motion fails to identify any reason for seeking such relief from CSG beyond the nature of the services CSG provides to Class Members

and CSG's willingness to protect the procedural guarantees provided to all litigants under the Federal Rules of Civil Procedure.

Previously, at the Court's September 19, 2017 hearing, Class Counsel mentioned CSG as an entity which "stand[s] to make million[s] of dollars from what is basically little effort." (Hr'g Tr. at 26:9-10).  However, despite possessing the identities of CSG's clients *for months*, a fact which Class Counsel openly admitted at the hearing, the Motion offers no new or compelling information about CSG conduct beyond CSG's well-founded opposition to Class Counsel's improper discovery requests which unquestionably violated the Federal Rule of Civil Procedure. (Mot. at 3.)   Nevertheless, aside from Class Counsel's paternalistic comments and beliefs, CSG's clients are satisfied with the valuable services CSG provides to them and their families in an otherwise complex settlement.

## II.   ARGUMENT

Class Counsel continues to ignore that this Court, like all other federal district courts, is a court of limited jurisdiction. Class Counsel's Motion seeks to adjudicate issues which have yet to ripen against nonparties over whom this Court lacks jurisdiction.  Each of these reasons presents an independent basis for denying the Motion.  Yet even if the Court were to consider the substance of the Motion despite these jurisdictional issues – and it should not – the Motion should also be denied because it effectively seeks injunctive relief without even attempting to make the required evidentiary showings needed to obtain such relief.[2]

---

[2] In the interest of preserving judicial economy, and as expressly permitted by Fed. R. Civ. P. 10(c), nonparty CSG incorporates and adopts by reference as if set forth fully herein section II.A of Walker Preston Capital Holdings, LLC's Opposition to the Motion [ECF No. 8932-2 at 3-13], and sections III and IV of Thrivest's Opposition to the Motion [ECF No. *pending*].

### A.      The Motion presses unripe claims against nonparty CSG in violation of Article III's justiciability requirement.

Class Counsel seeks to litigate claims against funders and claims management services which are not yet ripe. This it cannot do.  Under Article III, the Court's judicial power is limited solely to actual cases and controversies.  U.S. Const. art. III, § 2, cl. 1.  Under this Constitutional requirement, a federal court may not decide cases which are not yet ripe. *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 327 (3d Cir. 2014) ("A plaintiff must establish a justiciable case or controversy with respect to each form of relief he or she seeks […] [a]nd in order to be justiciable, a claim must be ripe for review.")  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998); *see also Alpart v. Gen. Land Partners, Inc.*, 574 F. Supp. 2d 491, 498 (E.D. Pa. 2008) (Brody, J.) (same) (citing *Pryor v. Nat'l Collegiate Athletic Ass'n,* 288 F.3d 548, 561 (3d Cir.2002)).

The ripeness inquiry "reflects a judgment that the disadvantages of a premature review that may prove too abstract or unnecessary ordinarily outweigh the additional costs of—even repetitive—[later] litigation." *Ohio Forestry Ass'n, Inc. v. Sierra Club,* 523 U.S. 726, 735, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998).  "A declaratory judgment granted in the absence of a concrete set of facts would itself be a 'contingency,' and applying it to actual controversies which subsequently arise would be an exercise in futility." *Armstrong World Indus., Inc. by Wolfson v. Adams*, 961 F.2d 405, 412 (3d Cir. 1992).  Where a plaintiff brings a claim prematurely, courts should abstain "until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1068 (E.D. Pa. 2017) (quoting *Pittsburgh Mack Sales &*

*Serv., Inc. v. Int'l Union of Operating Eng'rs, Local Union No. 66*, 580 F.3d 185, 190 (3d Cir. 2009)).

As Class Counsel openly admits in its Motion, the purported controversy is based solely on Class Counsel's subjective "fears that, as monetary awards are paid to Class Members, individually-retained counsel will be constrained to distribute portions of those monetary awards to these third parties…."  (Mot. at 2.)  Additionally, for reasons entirely unstated, Class Counsel also speculates that it "will be difficult to seek disgorgement from" the subjects of the motion. (Mot. at 9.)   Finally, Class Counsel highlights the mere risk that it will be required to "track down and attempt to disgorge monies from these third parties after a distribution, should the Court determine that they are not entitled to some or all of the monies they claim."  (Mot. at 11.) Of course, Class Counsel omits to mention why it believes such tasks will present any additional difficulties beyond those facing all other litigants seeking similar relief.

Even more problematic is that Class Counsel's entire argument is based upon the presumption that these contracts will eventually be invalidated – a faulty premise given that Courts have noted that litigation funding and claims management services are "a natural and welcome feature of the settlement landscape."  *In re Visa Check*, 2006 WL 1025588, at *4.  Such speculation as to potential future harm is plainly not enough to create a justiciable and ripe claim, regardless of the equitable principles invoked by Class Counsel.  *See Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 162–63 (3d Cir. 2013) (declining to invoke the court's equitable powers to "in a way that would impermissibly expand federal judicial power in violation of Article III.")  Accordingly, the Court should reject Class Counsel's motion out of hand because,

at its core, it seeks relief based upon imagined harm, caused by contingent on future events, some or all of which may never occur.[3]

   **B.**   **The Court continues to lack jurisdiction to adjudicate matters involving nonparties, including Case Strategies Group.**

   This Court lacks jurisdiction – both personal and subject matter – to adjudicate any claim against CSG.  As the Supreme Court recently recognized, "[a] court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case."  *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017).  CSG, along with many of the entities against whom Class Counsel seeks relief are nonparties to this case over whom the Court lacks jurisdiction.  *See U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009) ("A 'party' to litigation is '[o]ne by or against whom a lawsuit is brought.'" (quoting BLACK'S LAW DICTIONARY 1154 (8th ed. 2004)).  Class Counsel has never refuted this conclusion.  Additionally, the actual parties to this litigation, their attorneys, and this Court cannot *create* subject matter jurisdiction where it otherwise does not exist.  *Erie Ins.*, 722 F.3d at 162 (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982)); *see also Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151 (3d Cir.2009) (noting a court must determine that it possesses subject

---

[3] It should not be lost on the Court that Class Counsel is attempting to manufacture a contractual dispute where none exists between the actual parties to that contract, or their agents.  All of CSG's clients are represented by counsel of their choosing who is ethically obligated to represent and protect their interests.  To date, none of these attorneys have raised any issue on behalf of their clients related to the claims management services provided by CSG or the fees charged for those services.  Each of CSG's clients had the opportunity to walk away from their contracts with CSG without penalty during the pendency of these issues.  Despite this opportunity each of CSG's current clients affirmatively chose to continue their relationship with CSG.  Finally, none of the actual parties to these contracts are challenging the enforceability of the underlying contracts, or whether CSG is entitled to be paid according to the terms of the contract.  Rather, it is Class Counsel who has intentionally chosen to disrupt this otherwise amicable contractual relationship between represented Class Members and their claims servicer.

matter jurisdiction regardless of the arguments of the parties).  Jurisdiction must exist independent of the arguments, and agreements, of the parties.

Despite this case law, Class Counsel points the Court to Article XXVII of the Settlement Agreement to argue for a withholding procedure applicable to nonparties similar to one the Court entered regarding the withholding of attorney's fees.  (Mot. at 10-11.)  While the Court has jurisdiction over the attorneys practicing before it, nonparties are fundamentally different.  The Settlement Agreement cannot create jurisdiction over either nonparties or potential controversies involving nonparties, where such jurisdiction does not otherwise exist.  *Cf. Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 29, 33 (2002) (holding the All Writs Act, 28 U.S.C. § 1651, does not create independent jurisdiction for courts, but rather jurisdiction must exist independent of a court's invocation of the Act).  Finally, Class Counsel makes no attempt to establish that this Court has either diversity or federal question jurisdiction over any potential dispute with third parties beyond the cursory reference to the Settlement Agreement.  Yet as both the Supreme Court and the Third Circuit make clear, the parties cannot draft agreements which independently create jurisdiction where it otherwise does not exist.  Without jurisdiction to hear any potential future underlying contractual dispute between Class Members and CSG, the Court should deny Class Counsel's Motion seeking to withhold proceeds subject to those potential future disputes.

**C.      The appropriate procedural vehicle to preserve the *status quo ante* against nonparties is to file a complaint seeking injunctive relief – a standard which Class Counsel cannot possibly satisfy.**

Regardless of the terminology used in the Motion, there can be no substantive debate that Class Counsel is effectively seeking injunctive relief – enjoining the Claims Administrator from paying Class Members the full value of their claims and enjoining Class Members from complying with the terms of their valid and lawful contracts.  A court grants injunctive relief

where "an action it takes is directed to a party, enforceable by contempt, and designed to protect some or all of the substantive relief sought by a complaint in more than a temporary fashion." *In re Deepwater Horizon*, 793 F.3d 479, 491 (5th Cir. 2015); *see also Santana Prod., Inc. v. Compression Polymers, Inc.*, 8 F.3d 152, 154 (3d Cir. 1993) (adopting identical three-part test for determining if an order is injunctive such that it satisfies 28 U.S.C. 1292(a)(1)).  As the Third Circuit has repeatedly recognized, a primary goal of injunctive relief "is to maintain the status quo, defined as the last, peaceable, noncontested status of the parties." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 197 (3d Cir.1990).  Yet despite meeting the textbook definition of an injunction, and seeking a remedy to which injunctive relief is principally targeted, Class Counsel has refused to classify the Motion as an injunction.  This is not mere semantics: Class Counsel has avoided filing a motion for injunctive relief in order to evade possibly meet the prerequisite showings required before a court may enter grant an injunction.

As this Court is well aware, a party seeking the extraordinary remedy of preliminary injunctive relief must demonstrate:

(1)  a substantial likelihood of success on the merits;

(2)  that it will suffer irreparable harm if the injunction is denied;

(3)  that granting preliminary relief will not result in even greater harm to the nonmoving party; and

(4)  that the public interest favors such relief.

*Kos Pharms. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir.2004).  While the failure to demonstrate any element is makes injunctive relief inappropriate, *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999), the majority of factors actively counsel against granting injunctive relief.

First, Class Counsel has failed to present the Court with any admissible record evidence which could support the likelihood of success on the merits of the relief sough.  For example,

during the September 19, 2017 hearing Class Counsel could only point to their objection that CSG "stand[s] to make million[s] of dollars from what is basically little effort." (Hr'g Tr. at 26:9-10.)  And, the Motion makes clear that the fifteen identified third parties are only "potentially unscrupulous." (Mot. at 9.)  Absent any additional information, such a showing does not demonstrate the likelihood of success on any potential claim – especially given the presumption of legality and recognized "value" of such litigation funding options and claims management service agreements acknowledged by other courts.  *See, e.g., In re Visa Check*, 2006 WL 1025588, at *4.

Next, Class Counsel cannot demonstrate any irreparable harm that would result from the failure to grant the Motion and place into escrow the contested funds.  "A preliminary injunction is not appropriate if damages would be an adequate remedy."  *ASI Bus. Sols., Inc. v. Otsuka Am. Pharm., Inc.*, 233 F. Supp. 3d 432, 437 (E.D. Pa. 2017) (citing *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)).  "Establishing a risk of irreparable harm is not enough," *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987), and "injunctions will not be issued merely to allay the fears and apprehensions or to soothe the anxieties of the parties."  *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 358-59 (3d Cir. 1980). Here, Class Counsel fully admits in the Motion that the relief sought is entirely economic in nature, and any harm can be redressed at a later time. The Motion frankly admits that is that such relief may only be potentially "difficult" to obtain. (Mot. at 9.)  Further, the Motion is said to be designed to "avoi[d] the *risk* of having to track down and attempt to disgorge monies from these third parties after a distribution." (emphasis added) (Mot. at  11.)  But risk of harm is plainly not enough.  *ECRI*, 809 F.2d at 226.  Where, as here, any potential harm can be "redressed by a legal or an equitable remedy following a trial," – and there is no showing that the parties Class

Counsel seeks to enjoin cannot be identified or located – irreparable harm cannot be demonstrated as a matter of law.  *See Ace Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 731 (3d Cir. 2009) (citing *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir.1989)).

Finally, as to the public's interest, generally, it is in the public interest to "uphold enforceable contracts."  *See, e.g., TMFS Holdings, LLC v. Capace*, No. 17-2063-JAR-GLR, 2017 WL 495983, at *4 (D. Kan. Feb. 7, 2017).

## III.   CONCLUSION

Class Counsel continues its efforts to expand the scope of the Court's jurisdiction beyond the breaking point in the name of efficiency and equity.  But equity cannot be used to circumvent the bedrock Constitutional requirements of justiciability, as well as the rules and protections applicable to all litigants.  The Motion fails to demonstrate that any claim against CSG is ripe and justiciable.  The Motion effectively seeks injunctive relief fails to satisfy the requirements for such relief.  And, the Motion entirely fails to set forth an admissible evidentiary basis for any of the relief requested.  Given these numerous failures, the Court should deny the Motion.

Respectfully submitted,

Dated: November 16, 2017          By: /s/ Richard L. Scheff

Richard L. Scheff
Peter Breslauer
David F. Herman
**MONTGOMERY MCCRACKEN
  WALKER & RHOADS LLP**
123 South Broad Street, 24th Floor
Philadelphia, PA  19109
Phone:  215.772.7502
Email:  rscheff@mmwr.com
*Counsel for Case Strategies Group*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the forgoing Opposition to Class Counsel's Motion was served on all counsel of record via the Court's ECF System on November 16, 2017.


/s/ Richard L. Scheff
Richard L. Scheff.