**REED SMITH LLP**
Mark S. Melodia (PA ID: 53515)
Nipun J. Patel (PA ID: 208130)
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel. (215) 851-8100
Fax. (215) 851-1420

2017 NOV 16  P 10: 28

USDC-EDPA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Case No: 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>The Honorable Anita B. Brody |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**MEMORANDUM OF PEACHTREE FUNDING NORTHEAST, LLC AND RELATED ENTITIES IN RESPONSE TO CO-LEAD CLASS COUNSEL'S MOTION TO (1) DIRECT CLAIMS ADMINISTRATOR TO WITHHOLD ANY PORTIONS OF CLASS MEMBER MONETARY AWARDS PURPORTEDLY OWED TO CERTAIN THIRD-PARTY LENDERS AND CLAIMS SERVICES PROVIDERS, AND (2) DIRECT DISCLOSURES TO CLAIMS ADMINISTRATOR OF EXISTENCE OF CLASS MEMBER AGREEMENTS WITH ALL THIRD PARTIES**

Non-party Respondents/Objectors Peachtree Funding Northeast, LLC, Settlement Funding, LLC, Peachtree Settlement Funding, LLC, Peachtree Originations, LLC, Peachtree Financial Solutions, LLC, Peach Holdings, LLC, PeachHI, LLC, Orchard Acquisition Co., LLC, JGWPT Holdings, LLC, JGWPT Holdings, Inc., J.G. Wentworth, LLC, J.G. Wentworth S.S.C. Limited Partnership, J.G. Wentworth Structured Settlement Funding II, LLC, and Structured Receivables Finance #4, LLC (collectively, "Respondents") respectfully submit this Memorandum of Law in response to Co-Lead Class Counsel's Motion to (1) Direct Claims Administrator to Withhold Any Portions of Class Member Monetary Awards Purportedly Owed to Certain Third-Party Lenders and Claims Services Providers, and (2) Direct Disclosure to Claims Administrator of Existence of Class Member Agreements with All Third Parties (the "Motion"). *See* ECF No. 8470.

Respondents are not parties to this action, and were not properly served with process or joined. Accordingly, Respondents appear specially, without waiver of any jurisdictional challenges or other arguments, strictly to object to the relief sought in Class Counsel's Motion.

## I. BACKGROUND

### A. Peachtree Is A Bona Fide Purchaser For Value Of Certain Assignments Executed Among Former NFL Players and Ludus Capital, An Unaffiliated Entity

Respondents' business, includes, among other things, litigation and settlement funding. In May of 2015, Peachtree Funding Northeast, LLC ("Peachtree") purchased certain rights to future payments that were the subject of Assignment, Sale, Springing Assignment and Equitable Lien Agreements (the "Assignments") by and between Ludus Capital, LLC ("Ludus")—a company unaffiliated with Respondents—and approximately twenty-eight (28) sellers who were potential members of the putative class of plaintiffs in this Multidistrict Litigation. The Assignments were all executed and funded in 2014—prior to the Court's approval of a settlement

in this matter—and range in dollar amount from $18,375.00 to $153,000—a fraction of each players' estimated settlement proceeds.

In connection with each Assignment, counsel for each respective player independently certified, *inter alia*, that they: (a) had "reviewed this [Assignment] contract and explained its terms to [their] client including the annualized rate of return applicable [t]hereto," and (b) did not have any objection to the Assignment. The Assignments themselves were also documented in plain language to allow players to understand their terms and knowingly enter into same:

- The terms describe the deal in plain language and reflect the sale of a portion of the settlement award in exchange for an immediate lump sum cash payment;

- Each seller represented and warranted that he had the "full power and authority to enter into the Agreement and sell the Property to" Ludus and was "of sound mind and not acting under duress;"

- Each seller represented that they had "not relied on any representations or statements made by [Ludus], its agents or attorneys," and in fact "sought and received independent tax, financial and legal advice with respect to this transaction from [their] own attorneys, accountants, financial and tax advisors."

- Where applicable, the seller's spouse also signed the Assignment and consented to and approved the transaction;

- Each Assignment advised each player multiple times—in bold, all caps, print—to seek advice of legal counsel; and

- Each Assignment provided the seller a right to cancel the agreement within five days.

Importantly, Peachtree and the Respondents *did not*: (a) solicit or recruit any NFL players to enter into the Assignments; (b) negotiate the Assignments with any NFL players; (c) solicit/negotiate the Assignments with any NFL players' representatives or counsel; or (d) communicate directly with any NFL players following the purchase of the Assignments. In short, Peachtree is simply a good-faith subsequent purchaser of the legally valid Assignments for

value—and did not have any notice of any of the alleged improprieties (none of which have actually been proven as to the Assignments purchased by Peachtree) that Class Counsel generally claims occurred when Class Members assigned their future monetary awards to third-party lenders.

Although not an issue before the Court, Peachtree notes that there is thus zero legal basis to set aside its interest in the Assignments, which are clearly valid and enforceable under New York law, even assuming *arguendo* that any of the players could raise competency based challenges. *See, e.g., Matter of LeBovici*, 655 N.Y.S.2d 305, 307-08 (N.Y. Gen. Term. 1997) ("it is clear that title held by a bona fide purchaser for value without notice of any possible incompetency cannot be disturbed") (citing *Goldberg v. McCord*, 166 N.E. 793 (N.Y. 1929) ("An insane person, before office found, may convey a good title; his deed is not void, but voidable . . . and it is not even voidable as against bona fide purchasers for value without notice of the incompetency.")).

### B. Respondents Cooperated With Co-Lead Class Counsel's Information Requests Served Pursuant To The Court's July 19, 2017 Order

On July 25, 2017, Co-Lead Class Counsel served Respondents with a copy of this Court's July 19, 2017 Notice & Order (Doc. No. 8037) and various written discovery requests, as well as a request for the deposition of a corporate designee. After meeting and conferring with Co-Lead Class Counsel about their demands, it was agreed that any deposition of Respondents would be held in abeyance in light of the Court's desire to focus on discovery into the nature of any direct communications and/or solicitations with retired NFL players following the Court's final approval of a settlement in this matter on January 7, 2017. In lieu of a formal response to the written discovery requests, and without waiver of any objections, Respondents also provided Co-Lead Counsel with: (a) information on the 2014 dates of underlying funding provided to players

who had entered into Assignments that were purchased by Peachtree; and (b) information on counsel who represented those players as part of those pre-settlement funding transactions.[1]

Against this backdrop, Respondents oppose Co-Lead Class Counsel's Motion.

## II. ARGUMENT

As a threshold matter, for the reasons set forth above, there is no legal basis for impairing or voiding Peachtree's rights and title with respect to the Assignments under New York law. Peachtree is a bona fide subsequent purchaser of the Assignments for value and Co-Lead Class Counsel has offered no evidentiary or legal basis to alter that conclusion. For this reason alone, Co-Lead Class Counsel's Motion should be denied.

Moreover, the Court is without jurisdiction to enter Co-Lead Class Counsel's Proposed Order requesting that this Court direct the Claims Administrator to withhold settlement funds due to members of the class. For efficiency purposes, Respondents specifically adopt and incorporate herein by reference the jurisdictional and authority arguments set forth in the Briefing of RD Legal filed on November 8, 2017 (ECF No. 8910), Thrivest filed on November 16, 2017, and Walker Preston Holdings, LLC filed on November 16, 2017 (ECF No. 8932), and all other non-parties who are contesting the relief sought in the Motion on subject matter jurisdiction grounds and on the grounds that the relief sought seeks the authority of Co-Lead Class Counsel.

As noted by a number of the responding non-parties, Federal Rule of Civil Procedure 23(d) simply does not confer upon courts the authority to grant the substantive relief sought in the Motion. *See Allapattah Services v. Exxon Corp.*, No. 91-986, 2004 U.S. Dist. LEXIS 27979,

---

[1] At this Court's September 19, 2017 hearing to address discovery that had been conducted by Co-Lead Class Counsel following the July 19th Notice & Order, it was represented Peachtree had not responded to discovery. *See* (September 19, 2017 Hearing, N.T. at p. 22). That statement was, at best, incorrect.

at *13–15 (S.D. Fla. Dec. 14, 2004) (holding that the district court does not have jurisdiction under Rule 23(d) or the All Writs Act to enjoin non-parties from engaging in allegedly misleading solicitation practices directed at individual class members); *see also Cobell v. Kempthorne*, 455 F.3d 317, 324-25 (D.C. Cir. 2006) (district court order seeking to protect substantive rights of potential class members by requiring defendant to attest to disputed facts was improper under Rule 23(d)).

### III.   CONCLUSION

For the foregoing reasons, as well as those set forth in the briefing incorporated herein, Respondents, respectfully requests that this Court deny Co-Lead Class Counsel's Motion.

Respectfully submitted,

**REED SMITH LLP**

*s/ Mark S. Melodia*
Mark S. Melodia (PA ID: 53515)
Nipun J. Patel (PA ID: 208130)
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel. (215) 851-8100
Fax. (215) 851-1420

Dated: November 16, 2017

*Attorneys for Non-Parties Peachtree Funding Northeast, LLC, Settlement Funding, LLC, Peachtree Settlement Funding, LLC, Peachtree Originations, LLC, Peachtree Financial Solutions, LLC, Peach Holdings, LLC, PeachHI, LLC, Orchard Acquisition Co., LLC, JGWPT Holdings, LLC, JGWPT Holdings, Inc., J.G. Wentworth, LLC, J.G. Wentworth S.S.C. Limited Partnership, J.G. Wentworth Structured Settlement Funding II, LLC, and Structured Receivables Finance #4, LLC*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing Memorandum in Opposition to Co-Lead Class Counsel's Motion was electronically served this 16th day of November 2017 on the following counsel:

Christopher A. Seeger, Esq.
Seeger Weiss, LLP
77 Water Street
New York, New York 10005
cseeger@seegerweiss.com
Co-Lead Class Counsel

Peter Buckley
Mark J. Fanelli
Fox Rothschild LLP
2000 Market Street
Philadelphia, PA 19103-3222
*Counsel for Thrivest*

Raul J. Sloezen, Esq.
Law Offices of Raul J. Sloezen, Esq.
130 Sycamore Road
Clifton, New Jersey 07012
rjsloesen@outlook.com
*Counsel for Atlas entities*

James Kim
Ballard Spahr LLP
919 Third A venue, 3 7th Floor
New York, NY 10022
kirnj@ballardspahr.com
*Counsel of Record in CFPB v. Top Notch II, LLC, e.t. al.*

William P. Bray
Bray & Long, PLLC
2820 Selwyn A venue, Suite 400
Charlotte, North Carolina 28209
wbray@braylong.com
*Counsel for Global Financial Credit, LLC*

Case 2:12-md-02323-AB   Document 8939   Filed 11/16/17   Page 8 of 8

Cash4Cases, Inc.
228 Park A venue South
New York, NY 10003
Martin L. Black
4909 N. Monroe Street
Tallahassee, FL 32303
mbmblack8@gmail.com
*Counsel for Cambridge entities*


Lee Epstein
WEISBROD MATTEIS & COPLEY PLLC
Two Logan Square
100 North 18th Street, Suite 1925
Philadelphia, PA  19103
*Counsel for Walker Preston*

                                                             *s/ Nipun J. Patel*
                                                             Nipun J. Patel