**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB |
| | MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,* | Hon. Anita B. Brody |
| Plaintiffs, | |
| vs. | |
| National Football League and NFL Properties LLC, successor-in-interest to NFL Properties Inc., | |
| Defendants. | |

THIS DOCUMENT RELATES TO:
ALL ACTIONS

## MOTION OF CASH4CASES, INC., ATLAS LEGAL FUNDING, LLC, ATLAS LEGAL FUNDING I, LP, ATLAS LEGAL FUNDING II, LP AND ATLAS LEGAL FUNDING III, LP TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING ON JURISDICTIONAL GROUNDS CO-LEAD CLASS COUNSEL'S MOTION TO (1) DIRECT CLAIMS ADMINISTRATOR TO WITHHOLD ANY PORTIONS OF CLASS MEMBER MONETARY AWARDS PURPORTEDLY OWED TO CERTAIN THIRD-PARTY LENDERS AND CLAIMS SERVICES PROVIDERS AND (2) DIRECT DISCLOSURE TO THE CLAIMS ADMINISTRATOR OF EXISTENCE OF CLASS MEMBER AGREEMENTS WITH ALL THIRD PARTIES

Proposed Intervenors Cash4Cases, Inc. ("C4C"), Atlas Legal Funding, LLC, ("ALF") Atlas Legal Funding I, LP, ("Atlas I") Atlas Legal Funding II, LP ("Atlas II") and Atlas Legal Funding III, LP, ("Atlas III") (collectively, "ALF", "Atlas I", "Atlas II" and "Atlas III" are referred to as "Atlas"), pursuant to Federal Rule of Civil Procedure 24(a) and (b), move to intervene for the limited purpose of opposing on jurisdictional grounds Co-Lead Class Counsel's

Motion to (1) Direct Claims Administrator to Withhold Any Portions of Class Member Monetary Awards Purportedly Owed to Certain Third-Party-Lenders and Claims Servicers Providers, and (2) Direct Disclosure to the Claims Administrator of Existence of Class Member Agreements with All Third Parties  (ECF No. 8470), filed October 23, 2017 ("Co-Lead Class Counsel's Motion").

C4C and Atlas request that the Court accept the proposed Memorandum of Law in Opposition to Co-Lead Class Counsel's Motion, attached hereto with its Proposed Order and the supporting Declaration of Raul J. Sloezen, Esq. as Exhibit A (collectively, the "Memorandum of Law in Opposition").

The reasons supporting this Motion to Intervene are set forth in the accompanying Memorandum of Law in Support of the Motion to Intervene.

C4C and Atlas are permitted to intervene in this matter as of right pursuant to Federal Rule of Civil Procedure 24(a) for the limited purpose of challenging this Court's jurisdiction because C4C and Atlas have a direct interest in the subject matter of Co-Lead Class Counsel's Motion and no other party adequately represents their interests.

In the event that the Court does not grant C4C and Atlas intervention as of right, this Court has the authority to permit C4C and Atlas to intervene pursuant to Rule 24(b) so that C4C and Atlas may properly advise the Court of the relevant facts and jurisdictional issues regarding Co-Lead Class Counsel's Motion.

As discussed more fully in the Memorandum of Law in Opposition,  subject matter jurisdiction and personal jurisdiction are lacking and the requested relief against C4C and Atlas should be denied.

In the event that the Court does not grant C4C and Atlas the right to intervene for

the limited purpose of challenging subject matter and personal jurisdiction, C4C and Atlas nonetheless request that the Court accept the Memorandum of Law in Opposition.

/s/ Bridget C. Giroud

Marissa Parker, Esquire
Bridget C. Giroud, Esquire
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103-7018
T: 215.564.8000
F: 215.584.8120
MParker@stradley.com; BGiroud@Stradley.com
*Attorneys for Cash4Cases, Inc., Atlas Legal
Funding, LLC, Atlas Legal Funding I, LP,
Atlas Legal Funding II, LP and Atlas Legal
Funding III, LP*

Of Counsel
Raul J. Sloezen, Esquire (pro hac vice motion forthcoming)
LAW OFFICES OF RAUL J. SLOEZEN
130 Sycamore Road
Clifton, NJ 07012
T: 973.928.6821
F: 201.606.8203
Rjsloezen@gmail.com

Dated: November 16, 2017

## CERTIFICATION OF SERVICE

I, Bridget C. Giroud, hereby certify that a true and correct copy of the foregoing Motion to Intervene, along with the supporting documents, was served via electronic mail on:

Christopher Seeger, Esq.
Seeger Weiss, LLP
77 Water Street
New York, NY 10005

Dated: November 16, 2017

Bridget C. Giroud
Bridget C. Giroud

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : | |
| | : | No. 2:12-md-02323-AB |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,* | : : | |
| Plaintiffs, | : | MDL No. 2323 |
| vs. | : | |
| National Football League and NFL Properties LLC, successor-in-interest to NFL Properties Inc. | : : : | Hon. Anita B. Brody |
| Defendants. | : : : : : | |

THIS DOCUMENTS RELATES TO:
ALL ACTIONS

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CASH4CASES, INC., ATLAS LEGAL FUNDING, LLC, ATLAS LEGAL FUNDING I, LP,  ATLAS LEGAL FUNDING II, LP AND ATLAS LEGAL FUNDING III, LP TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING ON JURISDICTIONAL GROUNDS CO-LEAD CLASS COUNSEL'S MOTION TO (1) DIRECT  CLAIMS ADMINISTRATOR TO WITHHOLD ANY PORTIONS OF CLASS MEMBER MONETARY AWARDS PURPORTEDLY OWED TO CERTAIN THIRD-PARTY LENDERS AND CLAIMS SERVICES PROVIDERS, AND (2) DIRECT DISCLOSURE TO THE CLAIMS ADMINISTRATOR OF EXISTENCE OF CLASS MEMBER AGREEMENTS WITH ALL THIRD PARTIES**

## I.    INTRODUCTION

Cash4Cases, Inc. ("C4C"), Atlas Legal Funding, LLC, ("ALF") Atlas Legal Funding I, LP, ("Atlas I") Atlas Legal Funding II, LP ("Atlas II") and Atlas Legal Funding III,

LP, ("Atlas III") (collectively, "ALF", "Atlas I", "Atlas II" and "Atlas III" are referred to as "Atlas"),  move to intervene for the limited purpose of opposing on jurisdictional grounds Co-Lead Class Counsel's Motion to (1) Direct Claims Administrator to Withhold Any Portions of Class Member Monetary Awards Purportedly Owed to Certain Third-Party-Lenders and Claims Servicers Providers, and (2) Direct Disclosure to the Claims Administrator of Existence of Class Member Agreements with All Third Parties (ECF No. 8470), filed October 23, 2017 (the "Motion"). C4C and Atlas request that the Court accept the proposed Memorandum of Law in Opposition to the Motion, attached to the Motion to Intervene as Exhibit A with Proposed Order and supporting Declaration of Raul J. Sloezen, Esq.

C4C and Atlas are litigation finance companies who have contracts with certain Class Members (the "Contracts"). None of the Attorney Acknowledgements of the Contracts are signed by the Co-Lead Class Counsel, Christopher A. Seeger, Esq., and/or Seeger Weiss, LLP (collectively, "Seeger" and/or "Co-Lead Class Counsel"). However, although Seeger is not a party to any of the C4C or Atlas Contracts, several contracts were acknowledged by Class Counsel, Locks Law Firm.

The Motion by Seeger references C4C, Atlas and several other entities. (collectively, the "Non-Party Companies"). The Court should be aware that another related entity, Atlas III, has contracts with Class Members, but Co-Lead Class Counsel did not include Atlas III in the Motion nor in the prior discovery demands upon Atlas. However, in response to the discovery demands made on ALF, Atlas I and Atlas II, Atlas provided information to Seeger regarding the four (4) open contracts between Class Members and Atlas III.

Neither C4C nor Atlas are parties to the NFL Players' Litigation. Seeger has not sought to amend the pleadings to assert claims against C4C or Atlas. Seeger has not established

- 2 -

that this Court has jurisdiction over C4C or Atlas. Seeger's Motion is ostensibly filed on behalf of all Class Members, and improperly seeks to assert jurisdiction over C4C and Atlas and their contracts with the Class Members, in violation of the arbitration provisions in the Contracts. Seeger has failed to properly subject C4C and Atlas to the jurisdiction of this Court. Seeger is also improperly seeking injunctive relief against C4C and Atlas by requesting an order that not only seeks to prohibit the Claims Administrator from paying C4C and/or Atlas, but also seeks to restrain the Class Members and their attorneys from paying C4C and Atlas. Neither C4C nor Atlas waive any jurisdictional arguments related to their contracts.

C4C and Atlas join in the Motion to Intervene filed by Walker Preston Capital Holdings, LLC and assert additional arguments in support of intervention.

## II.      C4C AND ATLAS ARE ENTITLED TO INTERVENTION AS OF RIGHT

The Motion seeks to affect the rights of C4C and the Atlas without either of them being actual litigants. In order to protect the rights of C4C and Atlas, it is necessary for them to intervene in this matter.

The Federal Rules of Civil Procedure address the issue of when a non-party to a litigation may intervene. Specifically, Rule 24(a)(2), INTERVENTION OF RIGHT, states:

> On timely motion, the court must permit anyone to intervene who: (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In order to be granted the right to intervene as of right, the Third Circuit requires proof of four elements from the applicant seeking intervention: 1) a timely application for leave to intervene; 2) a sufficient interest in the litigation; 3) a threat that the interest will be impaired

or affected, as a practical matter, by the disposition of the action; and 4) inadequate representation of the prospective intervenor's interest by existing parties to the litigation. *Kleissler v. U.S. Forest Serv.* 157 F.3d 964, 969 (3rd Cir. 1998); *see also Mountain Top Condo. Ass'n. v. Dave Stabbert Master Builder, Inc.,* 72 F.3d 361, 365–66 (3d Cir.1995); *Development Fin. Corp. v. Alpha Hous. & Health Care, Inc.,* 54 F.3d 156, 161–62 (3d Cir.1995)

Here, C4C and Atlas satisfy all of those requirements.

### 1.    C4C and Atlas' Motion to Intervene is Timely

The Motion was filed by Co-Lead Class Counsel on October 23, 2017.    The response to the Motion was originally due November 6, 2017. By permission of the Court, that date was extended to November 16, 2017. (ECF No. 8879).

This is the first opportunity for C4C and Atlas to intervene in this matter because no prior action in the litigation sought to affect their rights. Therefore, the motion to intervene is timely.

### 2.    C4C and Atlas have a sufficient interest in the litigation

In *Mountain Top Condo, supra,* the Third Circuit addressed the issue of a sufficient interest in the litigation as follows:

> Rule 24(a)(2) requires the intervenor to demonstrate "an interest relating to the property or transaction which is the subject of the action ..." Fed.R.Civ.P. 24(a)(2). While the precise nature of the interest required to intervene as of right has eluded precise and authoritative definition, *Harris*, 820 F.2d at 596;  3B *Moore's Federal Practice*, ¶ 24.07 [2], at 24–57 (2d ed. 1982); 7C Wright, Miller & Kane, *Federal Practice & Procedure* § 1908, at 263 (1986), some general guidelines have emerged. According to the Supreme Court, an intervenor's interest must be one that is "significantly protectable." *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). In defining the contours of a "significantly protectable" legal interest under Rule 24(a)(2), we have held that, " 'the interest must be a legal interest as distinguished from interests of a general and indefinite character.' * * * The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to

intervene." *Harris*, 820 F.2d at 601 (citations omitted). This interest is recognized as one belonging to or being owned by the proposed intervenor. *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1185 (3d Cir.1994) (quoting *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir.1984)). We must therefore determine whether the proposed intervenors are real parties in interest. *Harris*, 820 F.2d at 596–598.

In the present case, C4C and Atlas are real parties in interest. Representative contracts for C4C (**Exhibit 1**), Atlas I **(Exhibit 2),** Atlas II **(Exhibit 3)** and Atlas III **(Exhibit 4)** are attached to the Declaration of Raul J. Sloezen, Esq. included in Exhibit A to the Motion to Intervene.  All four of the contracts establish that C4C and Atlas have claims to the proceeds from the NFL Case.

In *Mountain Top, supra*, the Third Circuit went on to say:

While a mere economic interest may be insufficient to support the right to intervene, an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund. *See, e.g.*, *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 53–54 (5th Cir.1970) (holding that a law firm could intervene in a former client's action to protect its interest in its contingency fee); *Hardy–Latham v. Wellons*, 415 F.2d 674 (4th Cir.1968) (holding that finders who supplied a broker with the name of a seller were allowed to intervene in the broker's case against the seller for a broker's fee because "[t]hey claim an interest in both the transaction and the fund which are the subject of the main action, and if the entire amount were paid directly to [the broker] their ability to collect their proper share would as a practical matter be impaired"); *United States v. Eilberg*, 89 F.R.D. 473 (E.D.Pa.1980) (holding that two attorneys who claimed an interest in the same funds sought by the United States in a suit against a Congressman were entitled to intervene "whether their claim sounded in contract or tort, in law or equity."); *Peterson v. United States*, 41 F.R.D. 131 (D.Minn.1966) (holding that the trust remaindermen had a sufficient interest to intervene in an action by the trust executors for a tax refund); *see generally*, Wright & Miller, *supra*, § 1908, at 272–74 (and cases cited therein) (" 'Interests in property are the most elementary type of right that Rule 24(a) is designed to protect,' and many of the cases in which a sufficient interest has been found under amended Rule 24(a)(2) have been cases in which

there is a readily identifiable interest in land, funds, or some other
form of property."). Thus, when a particular fund is at issue, an
applicant claims an interest in the very property that is the subject
matter of the suit.

Clearly, C4C and Atlas have a right to the specific fund, as evidenced by the
Contracts.

### 3.     C4C and Atlas' Interests will be Impaired by the Disposition of Co-Lead Counsel's Motion to Withhold Funds

In the present case, neither C4C nor Atlas have been served with a complaint
seeking to determine the validity of their contracts with the Class Members. Despite that fact,
Seeger is seeking to have this Court: 1) determine the validity of those contracts; 2) direct the
Claims Administrator pay the Class Member; 3) withhold C4C and Atlas' funds, in violation of
their contracts; and 4) restrain attorneys for the Class Members from paying C4C and Atlas.

If Co-Lead Class Counsel is successful in the Motion, and any other possible
application to determine the legality of the Contracts, this will lead to disputes with the Class
Members with whom they have contracts. Furthermore, the Motion seeks to have the Claims
Administrator withhold only that amount of monies that are due when he is to issue payment to
the Class Member.

Limiting the amount being withheld by the Claims Administrator effectively
limits the amount available to pay C4C and Atlas. If monies are withheld, the more time that
passes, the more the amount due C4C and Atlas will increase.

Despite the fact that Seeger filed the  Motion seeking to affect C4C and Atlas'
rights, Seeger never established jurisdiction over either C4C or Atlas. The Court should not
countenance such actions.

- 6 -

4.   **The Existing Parties Cannot Adequately Represent the Interests of C4C and/or Atlas**

It does not appear that any of the existing parties to the case, i.e., Class Members or NFL Entities, will adequately protect C4C or Atlas' interests. Co-Lead Class Counsel is seeking to nullify C4C and Atlas' interests. To date, none of the Class Members have apparently filed any opposition to the Motion, so they seemingly are not going to protect C4C or Atlas' interests. On November 13, 2017, the attorney for the NFL, Bruce Birenboim, Esq. submitted a letter to the Court stating that they do not believe that the proceeds are assignable. (ECF No. 8913). As a result, there are no existing parties to the litigation that will adequately protect the interests of C4C and Atlas. Accordingly, it is necessary that C4C and Atlas be permitted to intervene pursuant to Federal Rules of Civil Procedure, Rule 24(a)(2) to protect their interests.

**III.   C4C AND ATLAS HAVE VALID GROUNDS FOR GRANTING PERMISSIVE INTERVENTION UNDER RULE 24(B)**

1.   **C4C and Atlas' Motion Satisfies the Requirements of Rule 24(b)(1)(B).**

Rule 24(b)(l)(B) provides that "on timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(l)(B). "The requirements for permissive intervention are: (1) an independent basis of subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *In re Linerboard Antitrust Litig.*, 333 F. Supp. 2d 333, 338-339 (E.D. Pa. 2004) (citing *EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998); *see also Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) *cert denied* 506 U.S. 868). These requirements, however, are interpreted flexibly when, as here, a non-party seeks intervention for the limited purpose of modifying an order. *Id.* at 339. In that situation, the proposed intervenor "need not demonstrate

- 7 -

an independent basis of subject matter jurisdiction . . . [as such] intervenors do not ask the district court to exercise jurisdiction over an additional claim on the merits[.]" *Id.* (internal quotations and citations omitted).  In fact, courts will allow for intervention even where the party seeking intervention arguably does not share a "claim or defense" with the suit as discussed in Rule 24(b)(l)(B). *Jessup v. Luther*, 227 F.3d 993, 998 (7th Cir. 2000).

This motion for limited intervention satisfies each of the elements of Rule 24(b)(l)(B). As set forth above, this motion for limited intervention is timely. C4C and Atlas seek intervention for the limited purpose of addressing this Court's jurisdiction to withhold funds under agreements that are not at issue in this action. In fact, all of the relevant Contracts require dispute resolution in arbitration before the American Arbitration Association., which is the appropriate forum. C4C and Atlas have an interest in this action.

Co-Lead Counsel has not established jurisdiction over C4C and Atlas. This Court does not have jurisdiction over C4C nor Atlas. The Court does not have subject matter jurisdiction over the Contracts. The Court should permit C4C and Atlas to intervene only for the purpose of addressing the disbursement of the settlement proceeds.

## IV.     INTERVENTION IS NECESSARY IN THE EVENT OF AN APPEAL

In the event that the Court grants the Motion and/or determines the legality of the Contracts, as suggested in the July 19, 2017 Order (ECF No. 8037), it may be necessary for C4C and Atlas to appeal such a decision. As a general rule, only parties to a civil action are permitted to appeal from a final judgment. *See Marino v. Ortiz,* 484 U.S. 301, 304 (1988) (per curiam). The Supreme Court has described this rule as "well settled." *Id.* History confirms the accuracy of that description. *See, e.g., Karcher v. May,* 484 U.S. 72, 77 (1987); *United States ex rel. Louisiana v. Jack,* 244 U.S. 397, 402 (1917); *Ex parte Leaf Tobacco Bd. of Trade,* 222 U.S. 578, 581 (1911)

- 8 -

(per curiam); *Ex parte Cockcroft,* 104 U.S. (14 Otto) 578, 578–79 (1881); *Ex parte Cutting,* 94

U.S. (4 Otto) 14, 20–21 (1876); *Dopp v. HTP Corp.,* 947 F.2d 506, 512 (1st Cir.1991).

        In *U.S. ex rel. Eisenstein v. City of New York, New York,* 556 U.S. 928 (2009) the

U.S. Supreme Court stated:

> The Court has further indicated that intervention is the requisite
> method for a nonparty to become a party to a lawsuit. *See Marino*
> *v. Ortiz,* 484 U.S. 301, 304, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988)
> *(per curiam)* (holding that "when [a] nonparty has an interest that
> is affected by the trial court's judgment ... the better practice is for
> such a nonparty *to seek intervention* for purposes of appeal"
> because "only parties to a lawsuit, or those that properly become
> parties, may appeal an adverse judgment" (internal quotation
> marks omitted; emphasis added)).

        For purposes of the "only a party may appeal" rule, the term "party" includes not

only those who are parties in the case when judgment is entered, but also those who properly

become parties (as, say, by intervention). *See Marino,* 484 U.S. at 304. The term sometimes

encompasses those who "have acted or been recognized as parties," but by some oversight were

not formally made parties. *Ex parte Cutting,* 94 U.S. at 20–21; *see also Sangre De Cristo*

*Community Mental Health Serv. v. United States (In re Vargas),* 723 F.2d 1461, 1464 (10th

Cir.1983). Finally, the term also extends, in limited circumstances, to those who were parties "to

some earlier judgment called into question by the appeal." *Dopp,* 947 F.2d at 512.

        If the Court does grant the relief sought in the Motion, and possibly rules on the

legality of the Contracts, C4C and Atlas should be permitted to intervene for the purposes of

being able to appeal such a decision.

## V.   FILING A MOTION TO INTERVENE DOES NOT WAIVE THE JURISDICTIONAL ISSUE

Intervention does not waive the jurisdictional arguments of C4C and/or Atlas. The requirement of personal jurisdiction, like other individual rights, can be waived as a result of a party's actions. *Bel–Ray Company, Inc. v. Chemrite (Pty) Ltd.,* 181 F.3d 435 (3d Cir.1999) (quoting *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). Generally, "where a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter." *Bel–Ray,* 181 F.3d at 443. However, the mere participation in or filing of a motion does not necessarily amount to a waiver of the defense of lack of personal jurisdiction. *Marquest Medical Products, Inc. v. EMDE Corporation,* 496 F.Supp. 1242, 1245 (D.Colo.1980) (citing *Altman v. Liberty Equities Corp.,* 322 F.Supp. 377, 379 (S.D.N.Y.1971)).

If this Court makes a determination about the legality of the Contracts without the participation of C4C and Atlas, without permitting either to intervene, it is possible that neither C4C nor Atlas will be allowed to appeal such a decision. Mere participation in the proceedings below will not suffice to confer standing upon a nonparty. *Microsystems Software, Inc. v. Scandinavia Online AB,* 226 F.3d 35 (1st Cir. 2000).

Here, the Court has already stated in the Order dated 7/19/2017, that the "Court will address the legality of any agreements entered into by Settlement Class Members as a result of these solicitations and may grant any relief the Court deems proper." (ECF No. 8037 at 2.)

A legal settlement agreement is a contract. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 381–382 (1994). It goes without saying that a contract cannot bind a nonparty. *E.E.O.C. v. Waffle,* 534 U.S. 279, 292 (2002). Neither C4C nor Atlas are parties to the

- 10 -

NFL Settlement Agreement. The NFL Settlement Agreement is not binding on C4C or Atlas. Despite that fact, it appears that Co-Lead Class Counsel is attempting to assert jurisdiction over C4C and Atlas and bind them to the terms of the NFL Settlement Agreement. Co-Lead Class Counsel should not be permitted to do so.

## VI.    CONCLUSION

Based upon the foregoing, it is respectfully requested that the Court permit C4C and Atlas to intervene in this matter to oppose on jurisdictional grounds Co-Lead Class Counsel's Motion to (1) Direct Claims Administrator to Withhold Any Portions of Class Member Monetary Awards Purportedly Owed to Certain Third-Party-Lenders and Claims Servicers Providers, and (2) Direct Disclosure to the Claims Administrator of Existence of Class Member Agreements with All Third Parties (ECF No. 8470), filed October 23, 2017.  C4C and Atlas further request that the Court accept the proposed Memorandum of Law in Opposition, attached to the Motion to Intervene as Exhibit A with its Proposed Order and supporting Declaration of Raul J. Sloezen, Esq. This request is authorized pursuant to both Rule 24(a) and/or Rule 24(b).

/s/ Bridget C. Giroud
Marissa Parker, Esquire
Bridget C. Giroud, Esquire
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103-7018
T: 215.564.8000
F: 215.584.8120
MParker@stradley.com; BGiroud@stradley.com
*Attorneys for Cash4Cases, Inc., Atlas Legal*
*Funding, LLC, Atlas Legal Funding I, LP,*
*Atlas Legal Funding II, LP and Atlas Legal*
*Funding III, LP*

- 11 -

Of Counsel
Raul J. Sloezen, Esquire (pro hac vice motion forthcoming)
LAW OFFICES OF RAUL J. SLOEZEN
130 Sycamore Road
Clifton, NJ 07012
T: 973.928.6821
F: 201.606.8203
Rjsloezen@gmail.com

Dated: November 16, 2017

# 3169420 v. 2

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | :    No. 2:12-md-02323-AB<br>:<br>:    MDL No. 2323<br>: |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,* | :    Hon. Anita B. Brody<br>:<br>: |
| Plaintiffs, | :<br>: |
| vs. | :<br>: |
| National Football League and NFL Properties LLC, successor-in-interest to NFL Properties Inc., | :<br>:<br>: |
| Defendants. | |

THIS DOCUMENT RELATES TO:
ALL ACTIONS

## ORDER

AND NOW, this _____ day of _____, 2017, upon consideration of the Motion of Cash4Cases, Inc., Atlas Legal Funding LLC, Atlas Legal Funding I, LP, Atlas Legal Funding II, LP and Atlas Legal Funding III, LP to Intervene for the Limited Purpose of Opposing on Jurisdictional Grounds Co-Lead Class Counsel's Motion to (1) Direct Claims Administrator to Withhold Any Portions of Class Member Monetary Awards Purportedly Owed to Certain Third-Party Lenders and Claims Services Providers and (2) Direct Disclosure to the Claims Administrator of Existence of Class Member Agreements With All Third Parties (the "Motion to Intervene"), any opposition thereto, and any arguments thereon, the Motion to Intervene is GRANTED.

It is further ORDERED that, pursuant to Federal Rule of Civil Procedure 24:

1. Cash4Cases Inc., Atlas Legal Funding LLC, Atlas Legal Funding I, LP, Atlas Legal Funding II, LP and Atlas Legal Funding III, LP are permitted to intervene in this action for the limited purpose of opposing on jurisdictional grounds Co-Lead Class Counsel's Motion to (1) Direct Claims Administrator to Withhold Any Portions of Class Member Monetary Awards Purportedly Owed to Certain Third-Party Lenders and Claims Services Providers and (2) Direct Disclosure to Claims Administrator of Existence of Class Member Agreements With All Third Parties (ECF No. 8470), filed October 23, 2017; and

2. The Court will accept the Memorandum of Law in Opposition, attached to the Motion to Intervene as Exhibit A with its Proposed Order and the supporting Declaration of Raul J. Sloezen, Esq., and deem it filed as of the date of this Order.

_____
Anita B. Brody
United States District Judge

# 3169408  v. 2

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : <br> : <br> :   No. 2:12-md-02323-AB <br> : <br> :   MDL No. 2323 <br> Kevin Turner and Shawn Wooden, *on behalf* : <br> *of themselves and others similarly situated,*   :   Hon. Anita B. Brody <br> : <br>                     Plaintiffs,   : <br>           vs.   : <br> : <br> National Football League and NFL   : <br> Properties LLC, successor-in-interest to NFL <br> Properties Inc., <br>   <br>                 Defendants. |

THIS DOCUMENT RELATES TO:
ALL ACTIONS

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2017, upon consideration of Co-

Lead Class Counsel's Motion to (1) Direct Claims Administrator to Withhold Any Portions of

Class Member Monetary Awards Purportedly Owed to Certain Third-Party Lenders and Claims

Services Providers and (2) Direct Disclosure to the Claims Administrator of Existence of Class

Member Agreements With All Third Parties (the "Co-Lead Class Counsel's Motion"), any

opposition thereto, and any arguments thereon, Co-Lead Class Counsel's Motion is DENIED.

 

 

                                     _____
                                     Anita B. Brody
                                     United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : | No. 2:12-md-02323-AB |
| | : : | MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,* | : : : | Hon. Anita B. Brody |
| Plaintiffs, | : : : | |
| vs. | : : : | |
| National Football League and NFL Properties LLC, successor-in-interest to NFL Properties Inc., | : | |
| Defendants. | | |

THIS DOCUMENT RELATES TO:
ALL ACTIONS

## MEMORANDUM OF CASH4CASES, INC., ATLAS LEGAL FUNDING, LLC, ATLAS LEGAL FUNDING I, LP, ATLAS LEGAL FUNDING II, LP AND ATLAS LEGAL FUNDING III, LP IN OPPOSITION TO CO-LEAD COUNSEL'S MOTION TO (1) DIRECT THE CLAIMS ADMINISTRATOR TO WITHHOLD ANY PORTIONS OF CLASS MEMBER MONETARY AWARDS PURPORTEDLY OWED TO CERTAIN THIRD-PARTY LENDERS AND CLAIMS SERVICE PROVIDERS, AND (2) DIRECT DISCLOSURE TO CLAIMS ADMINISTRATOR OF THE EXISTENCE OF CLASS MEMBER AGREEMENTS WITH ALL THIRD PARTIES

### I.    INTRODUCTION

Proposed Intervenors Cash4Cases, Inc. ("C4C"), Atlas Legal Funding, LLC, ("ALF") Atlas Legal Funding I, LP, ("Atlas I") Atlas Legal Funding II, LP ("Atlas II") and Atlas Legal Funding III, LP, ("Atlas III") (collectively, "ALF", Atlas I", "Atlas II" and "Atlas III" are referred to as "Atlas"), join in the opposition filed by Thrivest Specialty Funding, LLC

("Thrivest"), Legacy Pro Sports, LLC and Brandon Siler (collectively "Legacy"), RD Legal Funding, LLC, RD Legal Finance, LLC, RD Legal Funding Partners, LP and Roni Dersovitz (collectively the "RD Entities") and Walker Preston Holdings, LLC ("Walker Preston") who are referred to in the Motion filed by Co-Lead Class Counsel, Christopher A. Seeger, Esq., and/or Seeger Weiss, LLP. (collectively "Seeger" and/or "Co-Lead Class Counsel"). The Motion filed Seeger seeks to (1) Direct Claims Administrator to Withhold Any Portions of Class Member Monetary Awards Purportedly Owed to Certain Third-Party-Lenders and Claims Servicers Providers, and (2) Direct Disclosure To Claims Administrator of Existence of Class Member Agreements with All Third Parties (the "Motion") (ECF No. 8470) filed October 23, 2017 and state that:

C4C and Atlas are litigation finance companies who have contracts with certain Class Members (respectively, the "C4C Contracts" and the "Atlas Contracts", collectively the "Contracts"). The Motion by Seeger references C4C, Atlas and several other entities (collectively the "Non-Party Funding Companies"). The Court should be aware that Atlas III was not named in the Motion papers, but is related to the other Atlas Companies, and has contracts with four (4) Class Members. For reasons unknown to Atlas, Atlas III was not included in the motion.

None of the Attorney Acknowledgements of the Contracts are signed by Seeger. Seeger is not a party to any of the C4C or Atlas Contracts. However, some of the Atlas contracts were acknowledged by the Locks Law Firm, which is the law firm of Class Counsel, Gene Locks, Esq.

Neither C4C nor Atlas are parties to the NFL Players' Litigation. Seeger has not sought to amend the pleadings to assert claims against C4C nor Atlas. Seeger has not established

that this Court has personal jurisdiction over C4C nor Atlas or that this Court has subject matter over the alleged dispute.

Even assuming that Seeger could establish personal jurisdiction over C4C and Atlas and subject matter jurisdiction over some dispute, by contract, any dispute and/or controversy related to the C4C and Atlas Contracts must be determined before the American Arbitration Association.

## II.    THE C4C AND ATLAS CONTRACTS

### A.    The C4C Contracts

C4C has seven (7) open contracts with various Class Members. C4C is a New Jersey corporation located in New York, New York. The Class Members with whom C4C has open contracts were residents of North Carolina, California, Florida, Illinois and Texas at the time they signed the C4C Contracts.

Pursuant to ¶6 of the Contract, the Class Member irrevocably directed their attorney to pay C4C upon receipt of the proceeds.

The C4C Contracts contain a New York choice of law and choose a venue of the American Arbitration Association ("AAA") in New York. (See ¶24 of the C4C Contract) The Contract further states that "¶25 Enforcement of the Agreement. Plaintiffs who are non-residents [of New York]: **Any controversy or claim arising out of or relating to this Agreement, including without limitation, the interpretation, validity, enforceability or breach thereof, shall be settled by final, binding arbitration administered by the American Arbitration Association (AAA)"(emphasis added).**

### B.    The Atlas Contracts

- 3 -

Atlas has thirteen (13) open contracts with various Class Members. None of the contracts are with residents of Pennsylvania. It should be noted that three (3) of the Atlas Contracts are acknowledged by one of the Class Counsel, the Locks Law Firm.

The Atlas Entities' contracts addressed the issues of choice of law, venue and enforcement of the contracts. Atlas had 2 contracts that contained substantially the same language regarding the choice of law, venue and enforcement. The Atlas contracts are similar to the C4C Contracts, in that they state that disputes arising out of the Contract shall be resolved by the American Arbitration Association.(§ 8.3.1 Dispute Resolution).

## III.    THE CURRENT MOTION FOR INJUNCTIVE RELIEF

Without calling it an injunction, the relief sought by Seeger seeks an injunction against C4C and Atlas. The Proposed Court Order submitted by Seeger seeks to restrain the Claims Administrator from distributing monies to the third party funding companies, including C4C and Atlas. The Order also seeks to restrain the Class Members' attorneys from paying C4C and Atlas.

In the Court's Order dated 7/19/2017, the Court ruled that **"The Court will address the legality of any agreements entered into by the Settlement Class Members as a result of these solicitations and may grant any relief the Court deems proper." (emphasis added)** (ECF No. 8037) Despite that Court Order, Mr. Seeger admits that he determined that some contracts were acceptable and that he was not seeking to withhold monies from those lenders but was seeking to withhold monies from other "lenders", including C4C and Atlas.

Specifically, Mr. Seeger states in his Memorandum, the following:

> Recognizing that there likely are lenders who entered into standard loan contracts with Class Members at reasonable rates, and that they provided a needed service to certain Class Members who may

- 4 -

have been in dire financial straits, Class Counsel is not seeking to have monies withheld as to all lenders.[1]

## IV.    ARGUMENT

A.    **In order for Seeger to Obtain an Order affecting the rights of C4C and Atlas Seeger Must Establish that the Court has Subject Matter Jurisdiction and Personal Jurisdiction**

The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties. *Stoll v. Gottlieb*, 305 U.S. 165, 171–172, 59 S.Ct. 134, 137–138, 83 L.Ed. 104 (1938); *Thompson v. Whitman*, 18 Wall. 457, 465, 21 L.Ed. 897 (1874)

1.    **The Court Lacks Subject Matter Jurisdiction To Decide The Motion To Withhold Funds**

(i)    **There Is no Article III "Case or Controversy" as Required for this Court to Have Subject Matter Jurisdiction**

As set forth in the submission by Walker Preston, the threshold concern for all federal courts is the presence, or absence, of constitutional standing. Standing is an essential and unchanging part of the case-or-controversy requirement of Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The standing requirement, as governed by Article III of the Constitution, permits federal courts to adjudicate only cases or controversies. Constitutional standing entails three requisite elements.

---

[1] It should be noted that, up until May 26, 2016, Mr. Seeger was Director of Esquire Financial Holdings, Inc. and Esquire Bank. (**Exhibit 5** – Seeger Executive Profile and Biography). Esquire Bank is affiliated with Law Cash, "The Nation's Premier Pre-Settlement Funding Company". (See **Exhibit 6** – Internet Advertisement by Law Cash regarding Esquire Bank doing Attorney Funding.) Included in the Law Cash advertisement is the representation that "Attorneys and law firms can apply here for their clients". LawCash's website advertises that they do "NFL concussion" cases. (See **Exhibit 7**) Whether the Court should investigate whether Esquire and/or Law Cash are the entities referred to by Seeger is an issue for the court as Class counsel's fiduciary duty is to the class as a whole and it includes reporting potential conflict issues. *Rodriguez v. West Publishing, Corp.*, 563 F.3d 948 (10th Cir. 2009)

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally
> protected interest which is (a) concrete and particularized, and (b) "actual or
> imminent, not 'conjectural' or 'hypothetical,' " Second, there must be a causal
> connection between the injury and the conduct complained of—the injury has to
> be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e]
> result [of] the independent action of some third party not before the court." Third,
> it must be "likely," as opposed to merely "speculative," that the injury will be
> "redressed by a favorable decision."

*Id.* (quotations and citations omitted; emphasis in original); *Knick v. Twp. of Scott*, 862 F.3d 310,

317 (3d Cir. 2017) ("'[T]he irreducible constitutional minimum of standing contains three

elements': injury in fact, causation, and redressability.") (quoting *Lujan*). As the Third Circuit

has held, the first element of injury in fact "'is often determinative. '" *Id.* at 318 (quoting *Toll

Bros. v. Twp. of Readington*, 555 F.3d 131, 138 (3d Cir. 2009). Even when a sufficient injury is

alleged, it must also be "fairly traceable to the challenged action[ ] and redressable by a

favorable ruling in accordance with the remaining two elements of standing." *Id.* (quotation

omitted). Co-lead class counsel's motion fails to satisfy any of these three requisite elements.

First, here there is no indication of an injury to the Class Members. Co-Lead Class

Counsel has not attached a statement from any Class Members claiming that have suffered an

injury. Furthermore, this Motion To Withhold Funds is brought by Co-Lead Class Counsel, not

by any class member. Co-Lead Class Counsel states that he has "endeavored on the one hand, to

protect Class Members from potentially unscrupulous third parties who, once they obtain a

portion of the Class Members' award, will be difficult to seek disgorgement from, while on the

other hand, not unduly burdening above-board businesses from obtaining money that is rightfully

owed to them. " (ECF No. 8470-1, page 9) t articulate any specific allegations of harm or

misconduct. *Lujan*, 504 U.S. at 560. As the Third Circuit has cautioned, these "[g]eneralized

grievances will not suffice" to create an injury for purposes of establishing a "case or controversy." *Knick*, 862 F.3d at 317.

Second, the Motion To Withhold Funds fails to causally connect any purported injury to the actions of C4C and Atlas. For Article III standing to exist, there must be a *causal* connection between an injury and C4C and Atlas'. Co-Lead Class Counsel has not alleged any, nor could he.

Third, co-lead class counsel makes no attempt to establish that any purported injury will "likely" be redressed by a favorable decision on its Motion To Withhold Funds. Quite the reverse. In the event that Co-lead class counsel obtains the order directing that the Claims Administrator and the individual Class Member Attorneys from not pay any portion of the proceeds to third-party funding companies, but pay the Class Member, the obligation to pay C4C and Atlas will be triggered. As a result, the Co-Lead Class Counsel will certainly require C4C and Atlas to invoke the arbitration provisions of their contracts.

Because Co-Lead Class Counsel fails to allege an injury and the requested relief (withholding from class members amounts owed to third-parties) would not redress co-lead class counsel's unsubstantiated injury, any opinion this Court might render on the matter risks being an improper advisory opinion. *Constitution Party v. Cortes*, 712 F. Supp. 2d 387, 397-398 (E.D. Pa. 2010). That is because any opinion addressing co-lead class counsel's claim for why a portion of the funds should be withheld would be advisory; it "would be based on a hypothetical set of facts, without sufficient information to support findings." *Id.* (citing PSA, LLC v. Gonzales, 271 Fed. Appx. 218, 220 (3d Cir. 2008)). As a result, without a "case or controversy," there is no constitutional standing for co-lead class counsel's Motion To Withhold Funds from C4C and Atlas.

     **(ii)**     **Seeger's Motion Does Not Satisfy the Criteria to Obtain This Injunctive Relief**

Without a case or controversy, Co-Lead Class Counsel cannot establish the basis for a preliminary injunction. The Order seeks to restrain both the Claims Administrator and the individual attorneys for the Class Members from paying C4C and Atlas, thus, preventing C4C and Atlas from receiving their monies. Neither C4C nor Atlas are parties to the case. C4C and Atlas have sought to intervene solely for the purpose of opposing the relief here not for substantive relief.

There is a "general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." *See Banks v. Good,* 2011 WL 2437061 (E.D.Pa. 2011); *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.,* 96 F.3d 1390, 1394 (Fed.Cir.1996) (citing *Scott v. Donald,* 165 U.S. 107, 117 (1897) ("The decree is also objectionable because it enjoins persons not parties to the suit.")). Indeed, courts have refused to issue injunctions against non-parties. *See U.S. Commodity Futures Trading Comm'n v. Amaranth Advisors, LLC,* 523 F.Supp.2d 328, 334–35 (S.D.N.Y.2007) (the court denied the defendant's motion for a preliminary injunction against the Federal Energy Regulatory Commission because it was not a party to the suit and it was not an "officer, agent, servant, employee, or attorney" of any party). To be bound by an injunction, a "non-party must have constructively had his day in court." *Harris County, Tex. v. CarMax Auto Superstores Inc.,* 177 F.3d 306, 314 (5th Cir.1999) ("the relevant inquiry is ... whether [the non-party] had such a key role in the corporation's participation in the injunction proceedings that it can be fairly said that he has had his day in court in relation to the validity of the injunction.") (citation omitted) (emphasis in original).

According to Seeger's Memorandum, the relief sought is being done in "order to prevent Class Members from surrendering portions of their monetary awards before a

determination is made as to the third parties' legal entitlement to any portion of the awards…"
(ECF No. 8470-1, page 5)

First, what stands out about this application is that Seeger, as Co-Lead Class
Counsel, is requesting this relief, ostensibly on behalf of Class Members who have entered into
these contracts. Is Seeger suggesting that he is representing all of the Class Members regarding
every contract?

Federal Rule of Civil Procedure 65 empowers courts to grant preliminary
injunctions to enjoin harmful conduct. See *ASI Business Solutions, Inc. v. Otsuka America
Pharmaceutical, Inc.,* 233 F.Supp.3d 432 (E.D. Pa. 2017), see also Fed. R. Civ. P. 65(a). The
Third Circuit has observed that four factors govern a district court's decision whether to issue a
preliminary injunction: (1) whether the movant has shown a reasonable probability of success on
the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether
granting preliminary relief will result in even greater harm to the nonmoving party; and (4)
whether granting the preliminary relief will be in the public interest. Allegheny Energy, Inc. v.
DQE, Inc., 171 F.3d 153, 158 (3d Cir. 1999) (quoting ACLU v. Black Horse Pike Reg'l Bd. of
Educ., 84 F.3d 1471, 1477 n.2 (3d Cir. 1996) (en banc)). "The burden lies with the plaintiff to
establish every element in its favor," P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal
Superstore, LLC, 428 F.3d 504, 508 (3d Cir. 2005), and, "[a]bsent a showing of irreparable
harm, a plaintiff is not entitled to injunctive relief, even if the other three elements are found,"
Ferring Pharm., Inc. v. Watson Pharm., Inc., 765 F.3d 205, 219 (3d Cir. 2014).

### (a)   Movant has not shown Reasonable Probability of Success on the Merits

The Supreme Court has characterized injunctive relief as "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Nowhere in the motion by Seeger has he satisfied this burden. In the "Facts" portion of the motion, Seeger states "In order to prevent Class Members from surrendering portions of their monetary awards before a determination is made as to the third parties legal entitlement to any portion of the awards, Class Counsel seeks an order directing the Claims Administrator to withhold such portions of the monetary awards as to the amounts allegedly owed to the claims services providers and certain of the lenders."  How can there be a "clear showing that the plaintiff is entitled to such relief" if there is no determination as to C4C and Atlas entitlement to the proceeds?

In the memorandum, Seeger states that "where entitlement to funds is in dispute or where there is a need to preserve funds pending further order, courts can direct that funds be placed in escrow. *See Am. Trucking Assocs., Inc. v. Cray,* 483 U.S. 1306, 1310 (1987)." Mr. Seeger argues that entitlement to the funds is in dispute. If that is the case, then the appropriate forum to resolve that dispute is in arbitration, as per the C4C and Atlas Contracts. (That issue shall be addressed shortly.)

While claiming that there is a dispute, Mr. Seeger does not establish that he will succeed on the merits. It should be noted that none of the Class Members have submitted papers in support of this motion, so it is unclear who will be successful on the merits. If Mr. Seeger's argument is that NFL Settlement Agreement prohibits the assignment of the proceeds of the settlement, he has not established the basis for success against C4C or Atlas, on the merits, based

upon the terms of the NFL Settlement Agreement. Neither C4C nor Atlas are addressing the issue of assignability here.

Seeger must establish that the terms of the NFL Settlement Agreement, as interpreted by him, will be applied to C4C and Atlas. It is clear that a legal settlement agreement is a contract. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 381–382 (1994). It goes without saying that a contract cannot bind a nonparty. *E.E.O.C. v. Waffle*, 534 U.S. 279, 292 (2002). Neither C4C nor Atlas are parties to the NFL Settlement Agreement. This court cannot bind either C4C and Atlas by the agreement.

Although the Court has had Co-Lead Class Counsel and RD submit briefs on the issue of assignability, neither C4C nor Atlas were part of those proceedings and did not have the opportunity to address those legal issues. The Court cannot impose those findings on C4C and Atlas.

### (b). Seeger has not demonstrated that Movant will be Ireparably harmed by Denial of the Relief

A preliminary injunction is not appropriate if damages would be an adequate remedy. *See Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.,* 847 F.2d 100, 102 (3d Cir. 1988*)*. Furthermore, "[e]stablishing a risk of irreparable harm is not enough" to warrant the issuance of a preliminary injunction. ECRI v. McGraw–Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987); see also Cont'l Grp., Inc. v. Amoco Chems. Corp., 614 F.2d 351, 358– 59 (3d Cir. 1980) Instead, "[a] plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.' " ECRI, 809 F.2d at 226 (quoting Cont'l Grp., Inc., 614 F.2d at 359). "The 'requisite feared injury or harm must be irreparable—not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.' " Id. (quoting Glasco v. Hills, 558 F.2d 179, 181 (3d Cir. 1977)). Additionally, "where the relief ordered by the

- 11 -

preliminary injunction is mandatory and will alter the status quo, the party seeking the injunction must meet a higher standard of showing irreparable harm in the absence of an injunction." *Bennington Foods LLC v. St. Croix Renaissance, Grp., LLP*, 528 F.3d 176, 179 (3d Cir. 2008).

To demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797 (3rd Cir. 1989) The preliminary injunction must be the only way of protecting the plaintiff from harm. *See e.g., Weinberger v. Romero–Barcelo*, 456 U.S. 305, 312, 102 S.Ct. 1798, 1803, 72 L.Ed.2d 91 (1982); *Continental Group, Inc. v. Amoco Chemicals Corp.*,614 F.2d 351, 356 and n. 9 (3d Cir.1980).

The Third Circuit, in *Arthur Treacher's Franshisee Litigation, 689 F.2d 1137 (3rd Cir. 1982)* stated that

> While we recognize that "the traditional function of equity has been to arrive at a 'nice adjustment and reconciliation' between (...) competing claims;" Weinberger v. Romero-Barcelo, —- U.S. —-, —-, 102 S.Ct. 1798, 1803, 72 L.Ed.2d 91 (1982), we have never upheld an injunction where the claimed injury constituted a loss of money, a loss capable of recoupment in a proper action at law. See, e.g. Glasco v. Hills, 558 F.2d 179 (3d Cir. 1977); A. O. Smith Corp. v. F.T.C., 530 F.2d 515 (3d Cir. 1976)

What is the irreparable harm here? That C4C and Atlas will receive "excess" payment from the Class Member's portion of the settlement? If that is the case, then the Class Member's recourse is to pursue a claim in arbitration.

### (c) Whether granting preliminary relief will result in even greater harm to the nonmoving party

Presumably, Seeger disputes the legality of those contracts and seeks to withhold payments to C4C and Atlas because Seeger alleges that they are in violation of the NFL Settlement Agreement. Whether granting injunctive relief would result in greater harm than

denying relief requires an examination of the terms of the proposed injunction, the respective positions of the parties, and some well-educated speculation on the possible effects of the injunction. *See McCahon v. Pennsylvania Turnpike Com'n,* 491 F.Supp.2d 522 (M.D. Pa. 2007); *Novartis Consumer Health, Inc. v. Johnson & Johnson–Merck Consumer Pharms. Co.,* 290 F.3d 578, 596–97 (3d Cir.2002); *Pittsburgh Newspaper Printing Pressmen's Union No. 9 v. Pittsburgh Press Co.,* 479 F.2d 607, 609–10 (3d Cir.1973). If the potential harms to others exceed the potential benefits to the moving party, injunctive relief should generally be denied. *See Novartis Consumer Health,* 290 F.3d at 596–97. Essentially, the question is whether the injunction would do more harm than good.

The requested relief will harm C4C and Atlas by withholding their monies and permitting the disbursement of proceeds to the Class Member. By withholding the amount due at the time of disbursement, C4C and Atlas will be deprived of the correct amount due pursuant to the contracts, thus improperly limiting their recovery.

### (d) Is Seeger Prohibited from Seeking this Relief because of Unclean Hands

Seeger is asking this court to invoke it's equitable powers to prohibit the payments being issued to C4C and Atlas.  (ECF No. 8470-1, page 10) The United States Supreme Court has remarked that the unclean hands doctrine is a "self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief[.]" *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.,* 324 U.S. 806, 814 (1945); see also *Terraciano v. Com., Dept. of Transp., Bureau of Driver Licensing,* 562 Pa. 60, 753 A.2d 233, 237–38 (2000) ("The doctrine of unclean hands requires that one seeking equity act fairly and without fraud or deceit as to the controversy in issue."); *Ingram v. Kasey's Assocs.,* 340 S.C. 98 (2000) (holding that a party will have unclean hands

where the party behaves "unfairly in a matter that is the subject of the litigation to the prejudice of the defendant")

Seeger admits in the motion that he has decided that there are certain funding companies that should be paid, but some should not, including C4C and Atlas. Specifically, Seeger claims that "there are lenders who entered into standard loan contracts with Class Members at reasonable rates… Class Counsel is not seeking to have monies withheld as to all lenders." (ECF No. 8470-1, page 8.) The question is why Seeger is not subjecting certain funding companies to the scrutiny of the court when the court specifically stated that it would review *all* such contracts?

Such an action flies in the face of this Court's Order dated July 19, 2917, which said that "**The Court will address the legality of any agreements entered into by the Settlement Class Members as a result of these solicitations and may grant any relief the Court deems proper.**" (emphasis added) (ECF No. 8037)

It is possible that there is some improper purpose behind this request. As noted above, up until May 26, 2016, Mr. Seeger was the Director of Esquire Financial Holdings and Esquire Bank. **(See Exhibit 5)** Esquire Bank is affiliated with Law Cash. **(See Exhibit 6)** LawCash advertises that it funds NFL Concussion cases. **(See Exhibit 7)**

Which companies has Mr. Seeger decided are not subject to the scrutiny of this Court? Were those companies Esquire and/or LawCash? At this point it is unclear which contracts Mr. Seeger is claiming should not be subject to the scrutiny of the Court, however, he is clearly not acting fairly since he unilaterally decided that some contracts are valid and some are not. His unclean hands prohibit the granting the equity sought by Mr. Seeger.

**2.      Co-Lead Class Counsel Has not Established that the Court Has Personal Jurisdiction over C4C and Atlas**

C4C and Atlas dispute that Seeger has obtained personal jurisdiction over C4C and Atlas. C4C and Atlas are not making a Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(6) because Co-Lead Class Counsel has not filed a complaint against them. Although no complaint has been filed against C4C and Atlas, Seeger must still establish that the Court has personal jurisdiction over C4C and Atlas by showing that C4C and Atlas have minimum contacts with the forum. *See International Shoe & Co. v. Washington,* 326 U.S. 310 (1945). Under *International Shoe*, the exercise of personal jurisdiction is permissible if: (1) the entity has "minimum contacts" with the territory of the forum, and (2) the assertion of jurisdiction over the entity comports with "'traditional notions of fair play and substantial justice. '" *Int'l Shoe*, 326 U.S. at 316 (quoting Milliken v. Meyer, 311 U.S. 457, 463, 85 L. Ed. 278, 61 S. Ct. 339 (1940)).

As evidenced by the C4C Contract **(Exhibit 1)** and Atlas Contracts **(Exhibits 2, 3 and 4)** attached to the Declaration of Raul J. Sloezen, Esq., C4C is a New Jersey Corporation which is located in New York. The C4C Contracts with the Class Members who signed the contracts were all located outside of Pennsylvania. The Atlas Contracts also establish that Atlas I, II and III are New Jersey Limited Partnerships. At the time that the Class Members signed the contracts, Atlas was located in New Jersey and no Class Members were located in Pennsylvania.

When a "party" challenges a court's personal jurisdiction, the plaintiff must then establish its existence. *O'Connor v. Sandy Lane Hotel Co.,* 292 F.3d 361 (3rd Cir. 2002). In order to establish jurisdiction, the plaintiff, here Co-Lead Class Counsel, must present "competent

evidence", such as sworn affidavits, to support its jurisdictional allegations. *Action Mfg. Co. v. Simon Wrecking Co.,* 375 F.Supp.2d 411 (E.D.Pa. 2005)

Seeger has not established that either C4C or Atlas has had sufficient contacts with the Commonwealth of Pennsylvania to warrant exercising jurisdiction over C4C and Atlas.

Federal Rule of Civil Procedure 12(b)(5) enables a court to dismiss a case for "insufficient of service of process." FED. R. CIV. P. 12(b)(5). *See Moody v. National Electronic Warranty,* 2012 WL 4981993 (W.D.Pa. 2012) The United States Supreme Court has instructed that "before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987). When an objection to proper service of process is made, it has been noted "that the party making the service has the burden of demonstrating its validity." *Sampath v. Concurrent Technologies Corp.,* 227 F .R.D. 339, 402 (W.D.Pa.2005) (citing *Suegart v. U.S. Customs Service,* 180 F.R.D. 276, 278 (E.D.Pa.1998) (internal quotations omitted); *see also Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476 (3d Cir.1993).

Although there is no summons and complaint filed against C4C and Atlas, Seeger is still seeking relief against them and served them with the Motion for a Preliminary Injunction via email on counsel and Federal Express. The Co-Lead Class Counsel has not included C4C or Atlas in this litigation but wishes to affect their property rights via a motion. C4C nor Atlas have been properly served with service of process. The Motion for a Preliminary Injunction should be denied on the basis of lack of personal jurisdiction.

### A.   There is no General Personal Jurisdiction

A court's ability to exercise general personal jurisdiction over a defendant turns on whether the plaintiff can demonstrate that the defendant maintained continuous and systematic contacts with and carried on a substantial portion of its business within the forum state. *D'Jamoos v. Pilatus Aircraft Ltd.,* 566 F.3d 94, 107-108 (3rd Cir. 2009) These contacts must be "significantly more than mere minimum contacts" – the plaintiff must show that the defendant's contacts with the state were so "central to the conduct of its business" that jurisdiction may be fairly exercised even over claims not arising from those contacts. *Provident Nat'l Bank v. Cal.Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437-38 (3rd Cir. 1987) It cannot be said that the few contracts are continuous and systematic contacts with the Pennsylvania.

### 3.   In the event that the Court grants the relief requested by Seeger, C4C and Atlas Reserve their right to pursue any dispute in Arbitration

The C4C Contracts all contain arbitration clauses which state that "¶25 Any controversy or claim arising out of or relating to this Agreement, including without limitation, the interpretation, validity, enforceability or breach thereof, shall be settled by final, binding arbitration administered by the American Arbitration Association (AAA) in accordance with the Commercial Arbitration Rules"

The language of the 2 versions of the Atlas Contracts also have arbitration clauses. Both Contracts state: "I agree that any disputes that may arise out of this Agreement shall be construed and interpreted under the laws of the State of New Jersey" The 1st Arbitration Clause then states that "All disputes which may arise between the parties hereto out of, in relation to or in connection with this Agreement shall be settled by arbitration in accordance with the New Jersey Arbitration Act."

The 2nd Arbitration Clause states: "Should a dispute between the Parties hereto out of in relation to or in connection with this Agreement become the subject of arbitration between the parties the arbitration shall be settled in accordance with the New Jersey Arbitration Act." Both Atlas contracts then state: "The Client hereby waives their right to seek relief for any dispute in a court of law or equity."

As of the filing of these papers, there is no dispute. The Co-Lead Class Counsel is seeking to withhold payments to C4C and Atlas. No Class Members have filed anything stating that they will not pay C4C or Atlas. However, in the event that the Court's Order is granted, this will create a controversy among the parties because the Class Members will be prevented from paying C4C and Atlas. In accordance with the language of the C4C and Atlas Contracts, any such dispute must be determined before the American Arbitration Association, in New York for C4C and New Jersey for Atlas.

The Federal Arbitration Act (FAA) directs courts to place arbitration agreements on equal footing with other contracts, but it does not require parties to arbitrate when they have not agreed to do so. *E.E.O.C. v. Waffle*, 534 U.S. 279, 292 (2002). Thus, the C4C and Atlas Contracts must be placed on an equal footing with the NFL Settlement Agreement.

In *KPMG LLP v. Cocchi,* 565 U.S. 18 (2011) the U.S. Supreme Court reasserted the strength of an arbitration clause

> The Federal Arbitration Act reflects an "emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 631, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (noting that "questions of arbitrability [must] ... be addressed with a healthy regard for the federal policy favoring arbitration"). This policy, as contained within the Act, "requires courts to enforce the bargain of the parties to arbitrate," *Dean Witter, supra,* at 217, 105 S.Ct. 1238, and "cannot possibly

- 18 -

require the disregard of state law permitting arbitration by or against nonparties to the written arbitration agreement," *Arthur Andersen LLP v. Carlisle,* 556 U.S. 624, 630, n. 5, 129 S.Ct. 1896, 173 L.Ed.2d 832 (2009) (emphasis deleted). Both parties agree that whether the claims in the complaint are arbitrable turns on the question whether they must be deemed direct or derivative under Delaware law. That question of state law is not at issue here. What is at issue is the Court of Appeal's apparent refusal to compel arbitration on any of the four claims based solely on a finding that two of them, the claim of negligent misrepresentation and the alleged violation of the FDUTPA, were nonarbitrable.

[4] In *Dean Witter,* the Court noted that the Act "provides that written agreements to arbitrate controversies arising out of an existing contract 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in **\*22** equity for the revocation of any contract.' " 470 U.S., at 218, 105 S.Ct. 1238 (quoting 9 U.S.C. § 2). The Court found that by its terms, "the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts **\*\*26** *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." 470 U.S., at 218, 105 S.Ct. 1238 (emphasis in original). Thus, when a complaint contains both arbitrable and nonarbitrable claims, the Act requires courts to "compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." *Id.,* at 217, 105 S.Ct. 1238. To implement this holding, courts must examine a complaint with care to assess whether any individual claim must be arbitrated. The failure to do so is subject to immediate review. See *Southland Corp. v. Keating,* 465 U.S. 1, 6–7, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984).

As noted in *KPMG,* courts should "compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, **even where the result would be the possibly inefficient maintenance or separate proceedings in different forums.**" *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213 (1985) **(emphasis added).**

- 19 -

Thus, in the event that the Court withholds payment to C4C and Atlas, they both will be permitted to assert their claims in arbitration, even if that results in multiple proceedings in multiple forums.

## V.    **CONCLUSION**

Based upon the foregoing, it is respectfully requested that the Court deny the Motion by Co-Lead Class Counsel seeking an order directing the Claims Administrator and the individual Class Members Attorneys to withhold payment to companies like C4C and Atlas.

/s/ Bridget C. Giroud
Marissa Parker, Esquire
Bridget C. Giroud, Esquire
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103-7018
T: 215.564.8000
F: 215.584.8120
MParker@stradley.com; BGiroud@Stradley.com
*Attorneys for Cash4Cases, Inc., Atlas Legal
Funding, LLC, Atlas Legal Funding I, LP,
Atlas Legal Funding II, LP and Atlas Legal
Funding III, LP*

Of Counsel
Raul J. Sloezen, Esquire (pro hac vice motion forthcoming)
LAW OFFICES OF RAUL J. SLOEZEN
130 Sycamore Road
Clifton, NJ 07012
T: 973.928.6821
F: 201.606.8203
Rjsloezen@gmail.com

Dated: November 16, 2017

- 20 -

# 3170193 v. 1

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : No. 2:12-md-02323-AB : : MDL No. 2323 : Hon. Anita B. Brody |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,* | : : |
| Plaintiffs, | : : |
| vs. | : : |
| National Football League and NFL Properties LLC, successor-in-interest to NFL Properties Inc., | : : |
| Defendants. | : |

THIS DOCUMENT RELATES TO:
ALL ACTIONS

## DECLARATION OF RAUL J. SLOEZEN, ESQ.

I, Raul J. Sloezen, Esq., hereby declare and state as follows:

1. I am the New York and New Jersey attorney for the Proposed Intervenors, Cash4Cases, Inc. ("C4C"), Atlas Legal Funding, LLC, ("ALF") Atlas Legal Funding I, LP, ("Atlas I") Atlas Legal Funding II, LP ("Atlas II") and Atlas Legal Funding III, LP, ("Atlas III") (collectively, "ALF", Atlas I", "Atlas II" and "Atlas III" are referred to as "Atlas"). I have personal knowledge or information of the facts set forth in this Declaration.

2. This Declaration is submitted in opposition to Co-Lead Counsel's Motion to (1) Direct Claims Administrator to Withhold Any Portions of Class Member Monetary Awards Purportedly Owed to Certain Third-Party Lenders and Claims Services Providers, and (2)

Direct Disclosure to Claims Administrator of Existence of Class Member Agreements with All Third Parties, dated October 23, 2017 (ECF No. 8470).

3.  I will be submitting an application for *pro hac vice* in order to appear in this matter on behalf of C4C and Atlas.

4.  The following attached Exhibits to the Motion are true and accurate copies of the documents contained in the file maintained by my office on behalf of C4C and Atlas:

> **Exhibit 1 – C4C Contract with Anthony Collins and Trudy Collins, acknowledged by Jason Luckasevic, Esq., of the law firm of Goldberg, Persky & White, P.C. dated 12/6/2016;**

> **Exhibit 2 – Atlas I Contract with Council Rudolph, Jr., acknowledged by Jason Luckasevic, Esq., of the law firm of Goldberg, Persky & White, P.C. dated 9/19/2016;**

> **Exhibit 3 – Atlas II Contract with Cleveland Crosby, acknowledged by Jason Luckasevic, Esq., of the law firm of Goldberg, Persky & White, P.C. dated 2/12/2016;**

> **Exhibit 4 – Atlas III Contract with Tony Walker, acknowledged by David Langfitt, Esq. of the Locks Law Firm dated 6/14/2016;**

> **Exhibit 5 – Executive Profile of Christopher A. Seeger, Esq.;**

> **Exhibit 6 – LawCash internet advertisement for Esquire Bank;**

> **Exhibit 7 – LawCash internet advertisement to fund NFL concussion cases.**

5.  Exhibits 1-4 are representative of the C4C and Atlas contracts with Class Members.

6.  I have reviewed all of the outstanding contracts between C4C and Class Members.

7. Currently, there are seven (7) open C4C Contracts with seven (7) Class Members. None of the Class Members resided in Pennsylvania at the time they signed the C4C Contracts.

8. The C4C Contracts indicate that C4C is a New Jersey corporation doing business in New York.

9. I have also reviewed all of the outstanding contracts between Atlas and the Class Members.

10. Currently, there are eighteen (18) open Atlas contracts with thirteen (13) Class Members.

11. None of those Class Members resided in Pennsylvania at the time that they signed the Atlas Contracts.

12. ALF is a New Jersey Limited Liability Company.

13. Atlas I, Atlas II and Atlas III are New Jersey Limited Partnerships. At the time that Atlas and Class Members entered into the Atlas Contracts, Atlas was located in New Jersey. Atlas is now located in New York City.


I, Raul J. Sloezen, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on this 16th day of November, 2017.

Raul J. Sloezen, Esq.

# 3170182 v. 1

# EXHIBIT 1

12-07-16 16:26 FROM- PEOPLES FINANCIAL        919-832-8809          1-885  P0002/0012 F-616

## PURCHASE AND SALE AGREEMENT

THIS PURCHASE AND SALE AGREEMENT (hereinafter referred to as the "Agreement") is entered into 12/06/2016 by and between Anthony Collins, SSN            , DOB        ), Trudy Collins, SSN
        DOB         who reside at            0, his/her agents, successors-in-interest, heirs, executors, representatives, successors and assigns (hereinafter referred to collectively as "Seller") and Cash4Cases, Inc., its representatives, successors and assigns (hereinafter referred to as "Purchaser"), a New Jersey corporation with offices a 228 Park Ave S, New York, NY 10003.

### SCHEDULE "A"

#### Disclosure Statement

| | | |
|---|---|---|
| 1. | Total Amount to be advanced to Seller (the "Purchase Price") | $28,750.00 |
| 2. | Itemized Fees: | |
| | Processing | $0.00 |
| | Origination | $3,750.00 |
| 3. | Net Amount to Seller | $25,000.00 |
| 4. | Monthly Fee | N/A |
| 5. | Annualized Percentage Fee | N/A |
| 6. | Total amount to be repaid by Seller to Cash4Cases, Inc. (the "Purchaser's Share"): | |
| | | $48,875.00 |
| 7. | Minimum Required Payment Amount | $48,875.00 |

## GENERAL TERMS

1. By entering into this Agreement, Seller hereby unconditionally and irrevocably grants, assigns, transfers, and conveys all or a portion of the Seller's portion of the Proceeds recovered with respect to the following claim to recover monetary damages: *Anthony Collins v. NATIONAL FOOTBALL LEAGUE and NFL PROPERTIES, LLC, successor-in-interest to NFL PROPERTIES, INC. ET AL and/or ANY RELATED ACTIONS* (hereinafter the "Claim"), including any and all claims related in any way to the Claim. The total recovery from the Claim is referred to as the "Proceeds". The Seller's portion of the Proceeds from the Claim, after payment of attorney's fees and costs and recognized senior liens specifically related to the Claim, is referred to as the "Net Proceeds".

2. Seller understands that by entering into this Agreement, Seller is selling to Purchaser a portion of the potential Proceeds of the Claim, and that this is a non-recourse sale of contingent proceeds and NOT a loan.

3. By entering into this Agreement, Seller grants Cash4Cases, Inc. a lien and security interest in the Proceeds of the Claim and assigns the Net Proceeds of such Claim to Cash4Cases, Inc.

4. Seller is represented in the Claim by Jason Luckasevic, Esq. on behalf of Goldberg, Persky, White P.C. whose address is 11 Stanwix St, Suite 1800  Pittsburgh PA 15222 (hereinafter referred to as "Attorney");

### I. FUNDING AND REPAYMENT TERMS

5. Purchaser shall pay the sum of **$28,750.00** (the "Purchase Price") to Seller. Seller understands, agrees and directs that the following amounts shall be withheld and disbursed from the Purchase Price on the Seller's behalf, as follows:

12-07-16 16:27 FROM- PEOPLES FINANCIAL          919-832-8809          T-885  P0003/0012 F-616

    a. **Net Amount:** Purchaser shall disburse to Seller the net amount of $25,000.00 per the Seller Funding Instructions,

    b. **Origination Fee:** $3,750.00 shall be disbursed on behalf of Seller, to the agent of Seller for services rendered to Seller in connection with this transaction, and

    c. **Prior Lien:** $0.00 shall be disbursed to Cash4Cases to pay off a prior lien.

6. The Seller irrevocably directs his/her Attorney to pay Purchaser the Purchaser's Share prior to Seller receiving any payment from the Proceeds and/or Net Proceeds in accordance with this Agreement.

    a. In the event of a recovery from the Claim, Purchaser's Share shall be paid to Purchaser within seven (7) days of the receipt of the Proceeds by Seller's Attorney.

    b. If Proceeds are received in a lump sum or multiple payments, Purchaser's right to receive full payment of its Share shall be in priority and senior to Seller's right to receive any portion of the Proceeds.

    c. If the Proceeds are insufficient to pay Purchaser's Share, then Purchaser's Share will be limited to the Net Proceeds.

    d. If Seller recovers no money from the Claim, Seller owes nothing to Purchaser.

7. Seller may repurchase Purchaser's Share of the Proceeds at any time for an amount in cash equal to the Purchaser's Share shown on Schedule "A".

8. **No Champerty:** The parties to this Agreement acknowledge (i) the Purchaser is in no way acquiring the Seller's right to sue, (ii) the Purchase Price received by Seller from Purchaser will be used for immediate economic and personal necessities or other purposes that Seller deems important, (iii) the Seller or other class representative has already made the claim and/or started the lawsuit, (iv) Seller and Purchaser acknowledge Purchaser will in no way be involved in or influence the decisions Seller and/or the Attorney make in connection with the Claim and that the right to make those decisions remains solely with Seller and Seller's Attorney.

9. Seller is not presently, nor intends to be, a party to any action or proceeding for relief under any federal or state bankruptcy or insolvency law or appointment of a trustee or receiver for all or any portion of Seller's assets. In the event Seller commences or has commenced against it, any case, or other proceeding, pursuant to any bankruptcy, insolvency or similar law prior to full payment of Purchaser's Share, Seller shall cause Purchaser's Share to be categorized as an asset of Purchaser and not of Seller. In no event shall Seller permit Purchaser's Share to be described as a debt obligation of Seller in any such proceeding, except as may be required by law.

## II. SELLER'S AFFIRMATIONS AND DUTIES

10. Seller hereby revokes any prior rights and relinquishes any further rights to sell, assign, pledge or transfer any rights in Proceeds of the Claim other than to Purchaser.

11. Seller acknowledges that Seller may not solicit or accept funding or advances against the Claim from any other source or funding company unless and until Cash4Cases, Inc. is first paid in full.

12. Seller hereby represents and warrants that:

    a. Seller is (i) of legal age;(ii) mentally competent; and (iii) of sound mind,

    b. Seller has been advised by Purchaser to discuss this matter and to review this Agreement with an attorney prior to signing this Agreement and that Seller has either received such counsel or expressly waived it,

    c. Seller has not made any false representations, frauds or deceptions nor failed to disclose the terms of this Agreement from any creditor,

Anthony Collins
12/06/2016

Page 1 of 10

Seller's Initials: _____

12-07-16 16:27 FROM- PEOPLES FINANCIAL        919-832-8809           T-886   P0004/0012 F-616

d. Seller is not indebted to any present or former spouse, or parent of Seller's child(ren), and is not in violation of any child care, alimony or support obligations,

e. Seller has never been convicted of a felony or any crime involving dishonesty,

f. Seller's injuries which gave rise to the Claim were solely as a result of the incident giving rise to the Claim and Seller knows of no other prior or subsequent injury, medical history, medical treatment or condition which would reduce the amounts of Proceeds.

g. Seller shall not cause a termination, cancellation or acceleration of any contract or agreement by which Seller or Seller's assets are or may be affected,

h. Seller shall not give any party other than Purchaser and Attorney the right to create any lien, charge, security interest or encumbrance in the Claim and/or Proceeds,

i. Seller shall not grant a present or future right to any other party to make a claim against Seller or Seller's assets, the Claim and/or the Proceeds.

j. Seller hereby waives any defense to payment of sums due and promises not to seek to avoid payment of any money due to Purchaser under this Agreement.

k. Seller shall not to do anything that would/could violate any terms of Agreement.

13. Seller has no notice or knowledge of any liens placed upon the Claim or Proceeds except as disclosed in Exhibit "B" Schedule of Prior Liens, attached hereto. Seller promises not to create or permit any liens against Proceeds except those that may be necessary to the prosecution of Claim and/or any necessary medical expenses, treatments, and related equipment after date of this Agreement.

14. Seller has a continuing duty to:

a. Deliver or cause to be delivered any and all notices, instructions or communications regarding the Claim or this Agreement, to the Purchaser,

b. Cooperate with Purchaser regarding all matters described in this Agreement,

c. Notify the Purchaser of any verdict, award, settlement, discontinuance or termination regarding the Claim,

d. Immediately notify Purchaser of commencement of any lawsuit or proceeding which may affect Purchaser's rights and provide Purchaser with copies of all notices and other writings related to such proceeding,

e. Vigorously pursue the Claim and in no event withdraw, discontinue or end the Claim prior to any verdict, award or settlement,

f. Execute and deliver to Purchaser at Seller's sole expense any and all documentation reasonably requested by Purchaser that could assist Purchaser in enforcing its rights described in this Agreement.

15. Seller has provided Purchaser with an executed (i) Irrevocable Payment Authorization And Letter Of Instruction, (ii) Affidavit of Witness, and (iii) Attorney Acknowledgement and Agreement.

a. If Seller terminates Attorney and/or retains a new Attorney with respect to the Claim, Seller shall immediately notify Purchaser in writing and include the name, address, and telephone number of the new attorney(s) of record. Seller shall immediately notify new attorney(s) of this Agreement. Within thirty (30) days of retaining such attorneys Seller shall cause new attorneys to execute a new Attorney Acknowledgement.

b. If Seller fails to obtain a new Attorney Acknowledgement, Purchaser shall have the right to maintain and enforce its rights under the Agreement.

c. In the event that the Seller and/or their Attorney fail to provide updates and/or information regarding the Claim to Purchaser, Purchaser shall be entitled to notify the Defendant's Attorney and/or Insurance Company about Purchaser's interest in the Proceeds from the Claim.

16. Seller agrees to indemnify Purchaser for any and all claims, losses, liabilities, obligations, damages, penalties, judgments, suits, causes of action, and related costs and expenses of any nature (including attorney's fees) suffered by Purchaser, by reason of any misrepresentation, breach of warranty, or

Anthony Collins                          Page 2 of 10                    Seller's Initials: AC
12/06/2016

12-07-16 16:28 FROM- PEOPLES FINANCIAL     919-832-8809          T-885  P0005/0012 F-616

failure to perform any covenant by Seller or Attorney contained herein or any document, instrument or other item delivered to Purchaser in connection with this Agreement.

17. This Agreement has been properly executed by the Seller and represents the Seller's legal, valid and binding obligation, enforceable in accordance with its terms and inures to the benefit of the parties hereto and their respective successors-in-interest, heirs, executors, representatives, successors and assigns.

### III. MISCELLANEOUS

18. Purchaser and any party to whom Purchaser assigns this Agreement may assign its right, title, and interest in and to this Agreement and Purchaser's Share of Proceeds without Seller's approval. Furthermore:

   a. If Purchaser assigns its rights to a third party, Purchaser shall not be responsible to Seller and Seller may look solely to such third party for performance of this Agreement.

   b. Upon request of Purchaser or assignee of Purchaser, Seller shall execute and deliver any such documents as either party reasonably requires for performance of this Agreement.

Without limitation of the foregoing, Seller acknowledges and agrees that that (a) all of Purchaser's right, title and interest under the Agreement, including the right to all payments due thereunder, may be assigned by Purchaser to a third party (together with its successors, assigns and affiliates, "Successor Purchaser") and (b) from and after receipt of notice from Successor Purchaser of any such assignment, (i) all instructions, notices, waivers or demands hereunder shall thereafter be effective only if signed in writing by Successor Purchaser and (ii) Seller and Seller's Attorney shall cause all payments due under the Agreement and hereunder to paid solely to Successor Purchaser pursuant to Successor Purchaser's written instructions. Seller and Seller's Attorney may rely on the accuracy and authority of any notice, demand or written instruction delivered by Successor Purchaser hereunder without further inquiry or investigation.

19. In no event shall Seller be permitted to assign its rights in this Agreement.

20. All payments notices or communications shall be sent to address set forth below (or at such other addresses and/or manner as may be provided hereunder):

   a. Seller: Anthony Collins __

   b. Purchaser: Cash4Cases, Inc., 228 Park Ave S, New York, NY 10003; Fax Number 1-877-573-5578; Telephone Number 1-800-555-4356

   c. Seller will notify Purchaser of address change in writing, stating Seller's new address and telephone number within three (3) days by certified mail, return receipt requested.

21. This Agreement, the Irrevocable Payment Authorization and Letter of Instruction, Affidavit of Witness, and Attorney Acknowledgement constitute the entire agreement between parties and there are no representations, warranties, covenants or obligations except as set forth herein. This Agreement supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral between the parties hereto relating to any transaction contemplated by this Agreement. In the event Seller has received prior funding from Purchaser, this Agreement does not supersede the amounts due pursuant to any prior funding agreement between Seller and Purchaser, unless specifically set forth herein, and the terms and payoff schedule of such prior agreement are incorporated herein. This Agreement may be executed in separate counterparts. A signature transmitted by fax shall be effective with the same force and effect as the original signature.

22. In no event shall the fee agreement between Seller and the Attorney be changed in any way that could reduce the amount of the Proceeds payable to Purchaser under this Agreement.

23. If Seller has made a material misstatement, or committed a fraudulent or criminal act either in connection with this transaction or in a matter that would adversely and significantly impact the Claim, Purchaser has the right to file for a Declaratory Judgment to determine whether such statement or act was

12-07-16 16:29 FROM- PEOPLES FINANCIAL     919-832-8809          T-855  P0006/0012 F-616

fraudulent. In the event that a court and/or arbitrator determines that Purchaser was fraudulently induced into entering into this Agreement, Purchaser shall be entitled to recover the amount of the Purchase Price, plus legal interest rate from the date of this Agreement, plus attorneys' fees and costs.

## IV. ENFORCEMENT OF THE AGREEMENT

24. The laws of the State of New York, without regard to its conflict of laws rules, control the validity, interpretation and enforceability of this Agreement. If any provisions of this Agreement shall be declared unenforceable, void or invalid by a court of competent jurisdiction, such void or invalid provisions shall not in any way impair the whole Agreement, the remaining provisions shall remain in full force and effect. If a Court/Arbitrator determines this Agreement constitutes a loan, Seller shall pay to Purchaser the amount of the Purchase Price plus the highest legal interest rate pursuant to New York Law.

25. **Plaintiffs who are Non-New York residents:** Any controversy or claim arising out of or relating to this Agreement, including without limitation the interpretation, validity, enforceability or breach thereof, shall be settled by final, binding arbitration administered by the American Arbitration Association (AAA) in accordance with Commercial Arbitration Rules. The arbitrator shall be selected in accordance with the Rules and Regulations of the AAA. The place of arbitration shall be New York, NY. The arbitrator shall award to the prevailing party, if any, "costs and fees" associated with the Arbitration. The award shall be in writing, signed by the arbitrator, and shall include a statement regarding the reasons for disposition of any claim. In the event that Purchaser is required to file a Complaint to Compel arbitration, Seller, its assigns, successors, and/or agents, and Purchaser, and its assigns, successors and/or agents, consent to jurisdiction in the Courts of the State of New York, New York County.

26. SELLER HEREBY WAIVES THE RIGHT TO CONSOLIDATE, OR HAVE HANDLED AS A CLASS ACTION, ANY PROCEEDINGS, CONTROVERSIES, ARBITRATIONS OR DISPUTES OF ANY NATURE INVOLVING ANY PERSON OR ENTITY WHO IS NOT A PARTY TO THIS AGREEMENT.

27. Seller has been advised and understands that the cost of entering into this Agreement is expensive and should only be done as a last resort, that the Purchaser is taking a significant risk and may make a substantial profit, and that other sources of funding including loans may be available to Seller at more favorable terms.

28. Seller has had a full and complete opportunity to consult with an attorney and/or other advisors before entering into this Agreement. This Agreement and its terms have been fully explained to Seller, and all questions that Seller might have about this transaction have been fully explained in the language Seller understands best.

29. Seller may rescind this Agreement within five (5) business days following the Seller's receipt of funds from Purchaser, without penalty or further obligation provided that Seller must provide written notice of rescission and return the full amount of disbursed funds to the Purchaser simultaneously with the rescission. Seller may accomplish such requirements by (a) making personal delivery to Purchaser's offices of Purchaser's un-deposited (or un-cashed) check or (b) mailing a notice of cancellation and include in the mailing a return of the disbursed funds in the form of the Purchaser's check, a registered certified or bank check or money order by insured, registered or certified United States mail postmarked within five (5) business days of receiving funds from Purchaser in exact amount of Purchase Price, at the Purchaser's address: 228 Park Ave S, New York, NY 10003.

30. This Agreement shall be deemed to have been negotiated and drafted by both parties of equal bargaining position; its provisions shall be interpreted in accordance with the plain meaning of the words used and shall not be construed strictly in favor of, or against, either party. No waiver by Seller or Purchaser of any default with respect to any provision, condition or requirement under this Agreement shall be deemed to be a waiver of any other provision, condition or requirement under this Agreement, nor shall

12-07-16 16:29 FROM- PEOPLES FINANCIAL      919-832-8809        1-885  P0007/0012 F-616

any failure, delay, or omission by Seller or Purchaser to exercise any right under this Agreement in any manner prevent either Seller or Purchaser from exercising that right at a later date. In the event of any legal action or proceeding to interpret or enforce this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and expenses incurred therein from the other party.

RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECIEVE FUNDING. SEE PARAGRAPH 29 ABOVE.

DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACE. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT.

IN WITNESS WHEREOF, the parties have executed this Agreement.

Purchaser      CASH4CASES, INC.

By:                                                     Date: 12.7.16

Seller:        _____       Date: 12-7-16
               Anthony Collins

Seller:        _____       Date: 12-7-16
               Trudy Collins

Seller:        _____       _____
               Anthony Collins                Ron Peoples, As Durable Power
                                              of Attorney for Anthony Collins

Seller:        _____       _____
               Trudy Collins                  Ron Peoples, As Durable Power
                                              of Attorney for Anthony Collins

Ron Peoples, as Durable Power of Attorney for Anthony Collins

On this 7th day of December, 2016 Anthony Collins, _____ Trudy Collins, who reside at _____, personally appeared before me and is known to me to be the person/people described in and who executed the foregoing instrument and acknowledged that he/she/they executed the same as his/her/their free act and deed.

Notary Public: _____

My Commission Expires: 9/20/2018

County of: Wake

State of: North Carolina

[Notary Seal: ZEREIDA NOGUERAS NOTARY MY COMMISSION EXPIRES 9/20/2018 PUBLIC WAKE COUNTY NC]

Anthony Collins
12/06/2016

Page 5 of 10

Seller's Initials: AC

12-07-16 16:50 FROM-  PEOPLES FINANCIAL        919-832-8809        T-885  P0008/0012 F-616

Anthony Collins

12/06/2016

Jason Luckasevic, Esq.
Goldberg, Persky, White P.C.
11 Stanwix St, Suite 1800
Pittsburgh, PA 15222

Re: Irrevocable Payment Authorization and Letter of Instruction

### IRREVOCABLE PAYMENT AUTHORIZATION AND LETTER OF INSTRUCTION

I, Anthony Collins hereby acknowledge I am legally bound by the Purchase and Sale Agreement dated 12/06/2016 by and between myself ("Seller") and Cash4Cases, Inc. ("Purchaser"), the terms and conditions of which are incorporated herein by reference (the "Agreement"),

I hereby authorize and direct you, my attorney, Goldberg, Persky, White P.C.
and/or any substituted attorney to honor and follow my irrevocable instructions listed below:

1.  Within twenty (20) days of receipt of any proceeds, and prior to any distribution to me, pay the full amount due Purchaser per the Agreement;

2.  Timely notify Purchaser in writing upon receipt of the proceeds;

3.  Upon request of Purchaser, disclose the gross settlement amount and disbursements from my Claim;

4.  Upon request of Purchaser, provide Purchaser with the status of my Claim; and

5.  Immediately notify the Purchaser if there is commencement of any lawsuit or proceeding which may affect the Purchaser's rights.

This Authorization and Agreement is irrevocable, binding and may only be amended by the mutual written agreement of Purchaser and myself.

This Document is executed and entered into as of 12/06/2016

Seller: _____           Date: 12-7-16
        Anthony Collins

Seller: _____           _____
        Anthony Collins                      Ron Peoples, As Durable Power
                                             of Attorney for Anthony Collins

Seller: _____           _____
        Trudy Collins                        Ron Peoples, As Durable Power
                                             of Attorney for Anthony Collins

On this ___ day of December, 2016 Anthony Collins            Trudy Collins, SSN            who reside at
I                                         personally appeared before me and is known to me to be the person/people described
in and who executed the foregoing instrument and acknowledged that he/she/they executed the same as/for his/her/their free act and
deed.

Notary Public: _____

My Commission Expires: _____

County of: _____

State of: _____

Anthony Collins                          Page 6 of 10                      Seller's Initials: _____
12/06/2016

12-07-16 16:31 FROM- PEOPLES FINANCIAL        919-852-8809            T-885  P0009/0012 F-816

## ATTORNEY ACKNOWLEDGMENT AND AGREEMENT

I, Jason Luckasevic, Esq. on behalf of Goldberg, Persky & White, P.C. acknowledge that I represent Anthony Collins ("Seller") in connection with the Claim described in the Contingent Proceeds Sale Agreement dated December 6, 2016 by and between Anthony Collins, and Cash 4 Cases, Inc., the terms and conditions of which are incorporated herein by reference ("Agreement").

I acknowledge receipt of the attached Agreement and the Irrevocable Payment Authorization and Letter of Instruction ("Authorization") from my Client and agree to abide by and honor the terms of both.

I acknowledge that my Client has entered into a Contingent Proceeds Sale Agreement with Purchaser wherein my client unconditionally and irrevocably sold all or a portion of the Proceeds recovered with respect to the Claim referenced in the Agreement.

I agree that I will not pay any portion of the Proceeds to Seller or on Seller's behalf (other than attorney's fees, costs and expenses) until Purchaser is paid in accordance with the Agreement. Further, prior to any disbursement to Seller, I will contact Purchaser to ascertain the amount due Purchaser and I will pay such amount to Purchaser in accordance with the Agreement and the Authorization.

In the event any third-party(ies) are responsible for distribution of the Proceeds, I agree to notify the third-party of Purchaser's lien, and to instruct such third party to abide by the terms of the Agreement.

I agree to: (i) inform Purchaser of the status of the Claim when requested; (ii) timely notify Purchaser if there is an agreement to settle the Claim; (iii) timely notify the Purchaser when any Proceeds are recovered with respect to the Claim; (iv) immediately notify Purchaser if my firm ceases to represent Client in the Claim, and (v) timely notify the Purchaser if there is commencement of any lawsuit or proceeding which may affect the Purchaser's rights

I represent that: (i) I do not have any knowledge or notice of any liens upon and/or assignments, transfers or conveyances of any portion of the Proceeds except as set forth in Exhibit "C"; (ii) the case is pending in active status and there are no dispositive or adverse motions pending; (iii) liability and damages are contested with respect to Claim;(iv) there are no assurances Seller will prevail in connection with Claim and (v) there is substantial uncertainty as to the amount, if any, that may be recovered from the Claim.

I affirm that I am the attorney of record for Anthony Collins and have reviewed and explained the terms of the contract to Seller, including the annualized rate of return applied to calculate the amount to be repaid by the Seller (Purchaser's Share)

Your Client: Anthony Collins

Attorney Signature

Print Name: JASON E. LUCKASEVIC

Date: 12/8/2016

On this 8 day of December, 2016, Jason Luckasevic, Esq. of Goldberg, Persky, White P.C. personally appeared before me and is known to me to be the person/people described in and who executed the foregoing instrument and acknowledged that he/she/they executed the same as his/her/their free act and deed.

Notary Public:

My Commission Expires:

County of: Allegheny

State of: Pennsylvania

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Linda A. Bartosh, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires June 19, 2020
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Anthony Collins
12/06/2016

Page 7 of 10

Seller's Initials: AC

12-07-16 16:31 FROM- PEOPLES FINANCIAL       919-832-8809            1-885 P0010/0012 F-616

## AFFIDAVIT OF WITNESS

State of North Carolina

County of Wake

The undersigned,

Residing at/with an office at _____

_____, deposes and says that: the Purchase and Sale Agreement and Irrevocable Payment Authorization and Letter of Instruction (the "Agreement") between Cash4Cases, Inc. and Anthony Collins dated 12/06/2016 was signed in my presence by Anthony Collins. The undersigned witnessed the execution of said Agreement on the_____ day of April 2016, at _____, ddress where Agreement was signed).

At the time the Agreement was signed, Anthony Collins declared his intent to sign the same and acknowledged to the undersigned the terms and conditions thereof. At the time the Agreement was signed, Anthony Collins was at least 18 years of age, and was of sound mind, memory and understanding, under no constraint, duress, fraud or undue influence, and in no respect incompetent to enter into a binding contract. Anthony Collins was able to read, write and converse in the English language, and was not suffering from any defect of sight, hearing or speech, or from any other physical or mental impairment which would affect his capacity to enter into a contract.

I am acquainted with Anthony Collins in that I am the client's _____friend_____ _____ (relationship to Client). I make this affidavit at his request. I attest that I have no financial or other beneficial interest in making this affirmation and will in no way benefit from Anthony Collins entering into the Purchase and Sale Agreement referenced herein.

The Agreement was executed by Anthony Collins and witnessed by me under the supervision/presence of a Notary Public.

I swear and affirm that the statements set forth herein are true and correct.

Witness Name:

Subscribed and sworn to before me this ___7th___ day of December 2016

Notary Public: Zereida Noguerus

My commission expires on: 9/22/2018

Anthony Collins
12/06/2016

Page 8 of 10

Seller's Initials: AC

12-07-'16 16:32 FROM- PEOPLES FINANCIAL        919-832-8809          1-885  P001/0012 F-616

## EXHIBIT B
## SCHEDULE OF PRIOR LIENS

IMPORTANT:  Please list any and all existing liens.  If no liens exist, please check "No Liens Exist".

NO LIENS EXIST   ☑

LIENS EXIST      ☐      Please list liens below:

| NAME | TYPE | AMOUNT | DATE |
|------|------|--------|------|

Attorney Initials _____

Anthony Collins
12/06/2016

Seller's Initials: AC

# EXHIBIT 2

**ATLAS LEGAL FUNDING I, L.P.**
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462   (Fax) 201-293-4470

---

**ATLAS LEGAL FUNDING I, L.P.**
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462   (Fax) 201-293-4470

FACSIMILE TRANSMITTAL COVER SHEET

| To: | Jason Luckasevic, Esq. | From: | The Funding Department |
|---|---|---|---|
| Fax: | 412-471-8308 | Pages: | 11 (including cover page) |
| Phone: | 412-471-3980 | Date: | 9/19/2016 |
| Re: | Council Rudolph, Jr. | cc: | Council Rudolph, Jr. |

Attached are the documents that we require to be reviewed and executed regarding the Non-Recourse Advance for which Council Rudolph, Jr. has been approved.

\*\*\*Please note that page 10 requires an attorney's signature and all outlined items below must be executed and faxed or e-mailed to our office prior to funding\*\*\*

1. Funding Agreement - requires an attorney's signature and Client's signature on page 8 and Client's initials on all pages;
2. Prior Funding – requires Client to check one of the boxes and provide information on prior fundings if any exist (page 7);
3. Irrevocable Client Directive - requires notarization, requires Client's signature and initials (page 9);
4. Attorney Acknowledgment - requires attorney's signature AND Client's initials (page 10);
5. Distribution Form - requires Client's signature and initials (page 11);

**\*\*\* PLEASE BE ADVISED THAT WE MUST RECEIVE PROOF OF IDENTIFICATION (I.E. DRIVER'S LICENSE, PASSPORT, ETC.) PRIOR TO FUNDS BEING DISBURSED TO YOUR CLIENT\*\*\***

Please e-mail or fax copies of all executed documents and proof of identification to:

VIA E-MAIL: FUNDING@ATLASLEGALFUNDING.COM

VIA FAX: 201-293-4470 ATTENTION: FUNDING DEPARTMENT

YOU MUST FORWARD ALL ORIGINAL DOCUMENTS TO:

Atlas Legal Funding I, L.P.
Attn: Funding Department
700 Plaza Drive
Secaucus, New Jersey 07094

ATLAS LEGAL FUNDING I, L.P. SHALL NOT BE BOUND BY THIS AGREEMENT UNTIL IT IS FULLY EXECUTED BY YOUR CLIENT TOGETHER WITH THE ATTORNEY ACKNOWLEDGMENT AND MAY CANCEL THIS TRANSACTION WITHOUT LIABILITY AT ANY TIME PRIOR TO THE ACTUAL ISSUANCE OF A FUNDING CHECK.

If you have any questions or concerns, please contact our Funding Department at 201-293-4462, ext. 200.

Thank you for your cooperation.

Atlas Legal Funding I, L.P.

1 of 11                                      (CLIENT INITIALS)

### ATLAS LEGAL FUNDING I, L.P.
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

#### FUNDING AGREEMENT

THIS FUNDING AGREEMENT is entered into on **September 19, 2016**, between Atlas Legal Funding I, L.P. having its principal place of business at 700 Plaza Drive, Secaucus, New Jersey 07094 (hereinafter referred to as "ALF" or "Atlas Legal Funding") and **Council Rudolph, Jr.** residing at _____ hereinafter referred to as "I" or "Client"; together with ALF, the "Parties").

#### RECITALS

**WHEREAS** Client represents to ALF that Client is currently engaged in a pending legal claim and/or lawsuit or will be engaged in a legal claim and/or lawsuit.

**WHEREAS** Client has requested that ALF purchase the contingent right (or a portion thereof) to the proceeds of Client's legal claim or lawsuit to meet Client's immediate economic needs and ALF has agreed to purchase such contingent right to proceeds (or a portion thereof) from Client's legal claim or lawsuit for Client's life needs only.

**NOW THEREFORE**, in consideration of the above recitals and the mutual covenants contained herein, and intending to be legally bound hereby, ALF and Client agree as follows:

### SECTION 1
### FULL DISCLOSURE

1.1.   Non-Recourse Funding. Non-Recourse Funding shall mean a transaction in which ALF purchases and Client assigns the contingent right to receive an amount of the potential proceeds (hereinafter as that term is defined in Section 2.4) of a settlement, judgment, award and/or verdict obtained in the Client's legal claim or lawsuit to ALF.

1.2.   Transaction Terms. I have requested ALF to purchase the contingent right (or a portion thereof) to the proceeds for the sum indicated below, at the instant such proceeds come into being.

| | |
|---|---|
| Principal Amount Advanced to Client: | **$30,000.00** |
| Application Fee: | **$750.00** |
| Origination Fee: | **$4,500.00** |
| **Total Amount Funded:** | **$35,250.00 ("Purchase Price")** |

1.3.   Lawsuit Terms. I have a claim for which I have filed or have started the process of filing a complaint that may entitle me to proceeds resulting from a settlement, judgment, award or verdict. The matter is, or will be, captioned **Rudolph, Jr., v National Football League & NFL Properties LLC, et al**, stemming from an incident occurring on or about N/A and is, or will be, filed in the USDC-Eastern District of PA, State of **Pennsylvania**, with claim or docket number(s): **2:12-md-02323-AB** or any other related actions which shall include, without limitation, any lawsuits or claims in which I am asserting my legal rights, whether it is against the defendant(s) named in the lawsuit, or others, and shall include any claims based upon my original claim or lawsuit (hereinafter collectively referred to as the "Lawsuit").

### SECTION 2
### FUNDING AND REPAYMENT TERMS

2.1   Consideration. In consideration for the receipt of the sum of **THIRTY THOUSAND AND 00/100 DOLLARS ($30,000.00)** from ALF, I am selling and assigning to ALF all my right title and interest in, to and under an interest equal to the Purchase Price (as defined in Section 1.2 above), together with the accrued use fee (as that term is defined in Section 2.2), compounded monthly in six month increments (as detailed in Section 2.3 herein), and other fees or costs, from the proceeds of my Lawsuit to ALF.  **IF I DO NOT RECOVER ANY PROCEEDS FROM MY LAWSUIT, I WILL NOT BE OBLIGATED UNDER THIS AGREEMENT TO REPAY ATLAS LEGAL FUNDING THE AMOUNTS ADVANCED INCLUDING THE ACCRUED USE FEE, COMPOUNDED MONTHLY AND OTHER FEES OR COSTS EXCEPT AS SET FORTH IN SECTION 6 BELOW.**

**(CLIENT INITIALS)**

**ATLAS LEGAL FUNDING I, L.P.**
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462   (Fax) 201-293-4470

2.2   Use Fee.  The use fee shall be a charge in an amount equal to **2.50%** compounded monthly on the Purchase Price which is **$35,250.00**. I will pay this use fee on the outstanding amount, as detailed in Section 2.3 herein, until I satisfy my obligation(s) under this agreement.

2.3   Repayment Schedule.  ALF has calculated the total dollar amount to be repaid by you, for thirty-six months, including all fees with monthly compounding.

| Date of Payment | Amount Due | APR |
|---|---|---|
| **On or before 3/19/2017** | **$40,879.19** | |
| **After 3/19/2017 and on or before 9/19/2017** | **$47,407.33** | **58.02%** |
| **After 9/19/2017 and on or before 3/19/2018** | **$54,977.97** | |
| **After 3/19/2018 and on or before 9/19/2018** | **$63,757.59** | **45.78%** |
| **After 9/19/2018 and on or before 3/19/2019** | **$73,939.26** | |
| **After 3/19/2019 and on or before 9/19/2019** | **$85,746.87**\*\* | **41.92%** |

\*\* After this date please contact ALF for the current amount due.

2.4   Proceeds.  The term "proceeds" shall include any money paid as a consequence of the Lawsuit. If the proceeds received are insufficient to pay the full amount due to ALF, then ALF's recovery will be limited to the proceeds of the lawsuit settlement, judgment or otherwise.

2.5   Distribution.  I hereby direct the Principal Amount Advanced to me to be distributed as follows:

   **$30,000.00**    payable to **Council Rudolph, Jr.**

   In addition to all amounts disbursed to Client or on Client's behalf, the Purchase Price includes an Application Fee of **$750.00** and an Origination Fee of **$4,500.00**. The Origination Fee is payable to **Simba Capital Inc.**. ALF is receiving no part of the Origination Fee. I understand that both the Origination Fee and the Application Fee are part of my obligation to ALF despite not being distributed to me.

2.6   Waiver.  I hereby waive any defense to payment of the sums due hereunder and represent and warrant that I will not seek to avoid payment of any money due to ALF under this Agreement.

2.7   Understandings.  I understand that the payment instructions set forth herein and in the Irrevocable Client Directive, incorporated by reference, are irrevocable, are not subject to modification except by ALF or any successor in interest and only by written notice.  In the event of a conflict between the terms of this Agreement and the Irrevocable Client Directive, this Agreement shall govern.

2.8   Compliance.  I agree, if requested by Atlas Legal Funding, to fully cooperate and adjust for clerical errors on any or all Funding Documents if deemed necessary or desirable in the reasonable discretion of Atlas Legal Funding to enable Atlas Legal Funding to sell, convey, seek guaranty or market said advance to any entity. Additionally, I agree that if a Funding Document is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Non-Recourse cash advances or Litigation Funding, or otherwise contains any errors or omissions, the undersigned shall upon request, within five (5) business days from the date of mailing said requests by Atlas Legal Funding, execute, acknowledge, initial, and deliver to Atlas Legal Funding any documentation Atlas Legal Funding deems necessary to replace or correct the lost, misplaced, misstated, inaccurate or otherwise missing Funding Document. If the undersigned fails or refuses to execute, acknowledge, initial, and/or deliver a Funding Document to Atlas Legal Funding within time frame specified herein after being requested to do so by Atlas Legal Funding, the undersigned agrees to indemnify Atlas Legal Funding for any and all loss or damage which Atlas Legal Funding sustains by reason of the undersigned's failure or refusal to cooperate, including but not limited to attorney's fees and costs incurred by Atlas Legal Funding. The undersigned also understands and acknowledges that Atlas Legal Funding may in its discretion pursue equitable relief against the undersigned for the undersigned's failure to cooperate or comply with the terms of this agreement, and Atlas Legal Funding may recover from the undersigned its costs, including reasonable attorney's fees, incurred in doing so.

_____ (CLIENT INITIALS)

**ATLAS LEGAL FUNDING I, L.P.**
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

## SECTION 3
### SECURITY INTEREST

3.1     Security Interest. I hereby grant ALF a Lien and Security Interest in the proceeds of the Lawsuit. The amount due shall be withheld from any proceeds obtained as a result of the Lawsuit and after my attorney fees (including the expenses charged by my attorney for costs) and payment of only those liens that have priority by law, paid immediately upon collection to ALF. I will not receive any money from the proceeds of the Lawsuit until ALF has been paid in full. This shall also apply to any structured settlement of my Lawsuit. I acknowledge that my receipt or use of any proceeds prior to the full re-payment to ALF shall constitute an illegal conversion and may well be a crime.

3.2     Independent Obligation. In the event that the sale and assignment of my interest in the proceeds of the Lawsuit are not permitted by law, then I agree to pay ALF all of the funds due under this Agreement immediately upon the payment of the Lawsuit proceeds as a separate and independent obligation.

3.3     Knowledge. I hereby agree that I will not knowingly create additional liens against the proceeds without satisfaction of my lien with ALF or the prior written consent of ALF. I specifically promise not to create any liens against the proceeds of the case as a result of any fundings or advances that I might receive after the date of this agreement similar in nature to ALF.

3.4     Understandings. I understand that I am not assigning my cause of action to ALF, but rather the contingent right to an amount of the potential proceeds of my Lawsuit

3.5     Attorney's Fees. If any action or other proceeding is brought for enforcement of this Agreement or because of an alleged dispute, breach, default, or misrepresentation in connection with this Agreement, the prevailing Party shall be entitled to attorney's fees and other costs incurred in that action or proceeding, whether or not a lawsuit is filed, in addition to any other relief to which it or they may be entitled.

3.6     **CLIENT'S RIGHT TO MAKE DECISIONS. ALF SHALL HAVE NO RIGHT TO AND WILL NOT MAKE ANY DECISIONS WITH RESPECT TO THE CONDUCT OF THE UNDERLYING CIVIL ACTION OR CLAIM OR ANY SETTLEMENT OR RESOLUTION THEREOF AND THAT THE RIGHT TO MAKE THOSE DECISIONS REMAINS SOLELY WITH CLIENT AND CLIENT'S ATTORNEY IN THE CIVIL ACTION OR CLAIM.**

## SECTION 4
### RIGHT OF CANCELLATION

4.1     **CLIENT'S RIGHT TO CANCELLATION. CLIENT MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE (5) BUSINESS DAYS OF RECEIPT OF FUNDING FROM ALF.**

4.2     Cancellation. In order for the cancellation to be effective, I understand that I must notify ALF in writing and return the exact amount advanced to me by ALF. I may do this by making personal delivery or via mail by insured, registered or certified US mail postmarked within FIVE (5) BUSINESS DAYS of receipt of funds from ALF to ALF's principal place of business listed above: (A) the undeposited (or un-cashed) check provided to me by ALF; (B) a Certified or Bank check in the exact amount advanced to me by ALF; or (C) a Money Order in the exact amount advanced to me by ALF.

## SECTION 5
### CREDIT AND INFORMATION RELEASE

5.1     ALF may obtain a consumer credit report and/or other financial and credit information as part of the proposed transaction.

5.2     I hereby authorize any credit reporting agency, information service bureau, institution, attorney, or insurance company contacted by ALF or its agents, to furnish a credit report, other financial, credit or legal information, information concerning liens and judgments against me and other information requested as part of the proposed transaction until I have completely satisfied my obligations under the agreement.

5.3     I understand that this authorization is valid for purposes of verifying information given pursuant to business negotiations, or any other lawful purpose covered under the Fair Credit Reporting Act (FCRA). Upon written request, ALF will provide credit reports they obtained, if any, and, if so, the name and address of the credit reporting agency that provided it. I certify

4 of 11

_CW_  (CLIENT INITIALS)

## ATLAS LEGAL FUNDING I, L.P.
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

the information provided to Atlas Legal Funding in the application and underwriting process is true, accurate and complete. I also authorize Atlas Legal Funding to report this transaction and matters related to it to any of the above entities.

5.4    Additionally, I direct and authorize my attorney and any subsequent attorney(s) to cooperate and release to Atlas Legal Funding, or its affiliates any and all information and documents pertaining to my current legal claim or lawsuit, including pleadings, discovery, investigation, contracts, medical records/reports, depositions, and all other information in the file not protected by the attorney-client privilege, the work product doctrine, or other applicable evidentiary privileges or protections.

## SECTION 6
## ACCURACY OF INFORMATION

6.1    <u>Representations and Warranties of Client</u>. If I made a material misstatement, misrepresentation or omission of material fact in my application or in connection with my Lawsuit, or committed a fraudulent or criminal act either in connection with the transaction, or in a matter that would adversely and significantly impact my Lawsuit (unless disclosed to ALF prior to funding) then I will be liable to ALF for all sums advanced, together with outstanding fees and charges without regard to the outcome of my Lawsuit.

6.2    <u>Additional Representations and Warranties of Client</u>. I represent and warrant as follows:

6.2.1    I have full power and authority to enter into this Agreement and do not require the consent of any third party, except as shall be required by law, rule or regulation. I have not entered into this Agreement for the purpose of evading creditors. I am of sound mind and not acting under duress.

6.2.2    I am not indebted to any present or former spouse for support, maintenance or similar obligations, nor am I indebted to any child, or the guardian of any child, for any child support or similar payments and the proceeds of the Lawsuit are not subject to any lien by any governmental agency to which payment for such benefits would be owed.

6.2.3    I have paid all Federal, state and local taxes due through and including the date hereof or have made adequate provisions for such payments.

6.2.4    Other than those listed in Section 8.10, there are no pending bankruptcies, outstanding or unsatisfied judgments, or other judgments, levies, claims or liens (including, but not limited to, such liens for Medicare, Medicaid, Welfare, State Aid, State health, etc.) and that there are no pending criminal allegation(s) or charge(s) against me except as disclosed below.

Other Liens:_____    Pending Criminal Allegations:_____

6.2.5    The Statements in this Agreement and any and all other documents executed and delivered in connection herewith are true, accurate and complete as of the date hereof and I have made no material omissions or misrepresentations in this Agreement or the documents executed and delivered in connection herewith and that neither this agreement nor the documents executed and delivered in connection herewith and made a part hereof contain any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements herein and therein incomplete or materially misleading.

6.2.6    I have not relied on representations or statements made by ALF, its agents or attorneys, and I have sought and received independent tax, financial and legal advice with this transaction.

6.2.7    I intend this transaction to be and agree that this transaction is a purchase and sale.

## SECTION 7
## NOTIFICATIONS

7.1    <u>Change of Address/Contact Numbers</u>. I will receive any notices re ' ' ' the address I have first listed above. My contact number is (617) 619-9909 and my alternative contact number is _____ My E-mail address is _____. If I move or my contact information changes, I will notify ALF and provide my new contact information in writing within forty-eight (48) hours of the change.

5 of 11

_____ (CLIENT INITIALS)

**ATLAS LEGAL FUNDING I, L.P.**
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462     (Fax) 201-293-4470

7.2    Cooperation. I have instructed my attorney to cooperate with ALF and to give ALF periodic updates of the status of my case as ALF may request. If I change attorneys I will notify ALF within **forty-eight (48)** hours of the change and provide ALF with the name, address, and phone number of my new attorney.

7.3    Notices. Any notices required under this Agreement or given in connection with this Agreement, shall be in writing (except as set forth in Section 4 above which notification shall be made in the manner required therein) and shall be given to the appropriate party by personal delivery or by certified mail, postage prepaid, or by recognized overnight delivery service to the addresses listed on the first page of this Agreement.

## SECTION 8
## MISCELLANEOUS

8.1    Governing Law & Venue. I agree that any disputes that may arise out of this Agreement shall be construed and interpreted under the laws of the State of New Jersey. Venue for any dispute arising from the Agreement shall lie in Newark, New Jersey, and the Parties agree that any Federal lawsuits arising from this Agreement shall be filed and maintained in the United States District Court for the District of New Jersey in Newark, New Jersey. **The Parties understand that the "choice of law", forum, and venue clauses contained herein are critical in nature and are essential to the Agreement.**

8.2    **NO CONSOLIDATION OR CLASS ACTION.    I HEREBY EXPRESSLY WAIVE THE RIGHT TO CONSOLIDATE, OR TO HAVE HANDLED AS A CLASS ACTION, ANY PROCEEDINGS, CONTROVERSIES, ARBITRATIONS OR DISPUTES OF ANY NATURE INVOLVING ANY PERSON OR ENTITY WHO IS NOT A PARTY TO THIS AGREEMENT.**

8.3    Dispute Resolution.

   8.3.1    Should a dispute between the Parties hereto out of in relation to or in connection with this Agreement become the subject of arbitration between the parties the arbitration shall be settled in accordance with the New Jersey Arbitration Act. The Parties agree that that the arbitration will be conducted pursuant to the Consumer Rules of the American Arbitration Association. The Client hereby waives their right to seek relief for any dispute in a court of law or equity. The decision of such arbitration shall be binding on both Parties and a judgment on an award rendered shall be entered pursuant to this Section.

   8.3.2    Exclusive jurisdiction over entry of judgment on any arbitration award rendered pursuant to this Section or over any dispute, action or suit arising therefrom shall be in any court of appropriate subject matter jurisdiction located in New Jersey, and the Parties by this Agreement expressly subject themselves to the personal jurisdiction of said court for the entry of any such judgment and for the resolution of any dispute, action, or suit arising in connection with the entry of such judgment.

   8.3.3    If it is determined by the arbitrators that one Party was in default hereof or instituted (or defended) such arbitration proceeding not in good faith or without a reasonable basis in law or fact (the "Defaulting Party"), the Defaulting Party shall bear the costs of the arbitration proceeding and pay to the other Party the reasonable attorney's fees and costs incurred, which amounts shall be separately determined by the arbitrators in such proceeding and become part of the amount of the arbitration award, payable by the Defaulting Party to the other Party.

8.4    Entire Agreement. This Agreement constitutes the entire agreement between the Parties and there are no representations, warranties, covenants, or obligations except as set forth herein. This Agreement may only be modified in writing. This Agreement supersedes all prior and contemporaneous agreements, understandings, negotiations, or discussions, written or oral, of the Parties, relating to or arising from any transaction contemplated by the Agreement. This Agreement shall be binding on, and inure to the benefit of, the Parties hereto and their successors and assigns.

8.5    Disbursement. In the event of a dispute as to the amount owed to ALF when the Lawsuit is resolved, it is expressly understood that my attorney may not disburse any funds to me, or on my behalf, except for attorney's fees and/or disbursements incurred by my attorney in connection with the Lawsuit. I hereby make the foregoing irrevocable direction to my attorney, or his successors.

6 of 11

_____ (CLIENT INITIALS)

**ATLAS LEGAL FUNDING I, L.P.**
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462   (Fax) 201-293-4470

8.6    <u>Enforceability</u>. If any provision of this Agreement shall be deemed invalid or unenforceable, it shall not affect the validity or enforceability of any other provision hereof.

8.7    <u>Assignment</u>. ALF, its assigns and/or successors, may sell, transfer, convey or assign its security interest created hereunder, one or more times, in whole or in part. Upon sale, transfer, conveyance or assignment, ALF, its assigns and/or successors may provide notification of such sale, transfer, conveyance or assignment. Failure to provide any prior notice of sale, transfer, conveyance or assignment, shall not be construed as a waiver of any rights hereunder.

8.8    <u>Champerty</u>. Certain jurisdictions prohibit "Champerty". Champerty makes it illegal to acquire someone else's right to sue. I understand and acknowledge that ALF is NOT acquiring my right to sue, that I have started or intend to file a lawsuit that a lawsuit or potential lawsuit absolutely belongs to me and no one else and that ALF will NOT be involved in decisions made by me and my attorney regarding a lawsuit or potential lawsuit. This is an investment and not a loan, but should a court of competent jurisdiction construe it to be the latter, I agree that interest shall accrue at the maximum rate permitted by the state.

8.9    <u>Counterparts</u>. This Agreement may be executed in separate counterparts. A signature transmitted by Facsimile shall be effective with the same force and effect as an original document.

8.10    <u>Prior Fundings Disclosure</u>. Any and all prior receipt of funds of a similar nature are disclosed below, you **must** check the appropriate box:

➡    ☐    I have NOT received any funds of a similar nature to that of Atlas Legal Funding prior to receiving funds from Atlas Legal Funding.

**OR**

➡    ☐    I have received funds of a similar nature to that of Atlas Legal Funding prior to receiving funds from Atlas Legal Funding as listed below.

Company(s): _____ Date of Funding(s): _____ Amount(s): _____

SIGNATURE PAGE TO FOLLOW

7 of 11

    _(CLIENT INITIALS)_

**ATLAS LEGAL FUNDING I, L.P.**
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462   (Fax) 201-293-4470

I hereby accept the terms and conditions of this Agreement, and grant ALF a Security Interest and Lien as per the terms hereof, and assign the proceeds of my lawsuit to the extent specified in this Agreement as of the date first above written.

I AM AWARE THAT I MAY NOT ACCEPT ANY FUNDS OR ADVANCES AGAINST MY LAWSUIT FROM ANY OTHER FUNDING COMPANY UNLESS I FIRST REPAY ALF IN FULL, AND SATISFY THE LIEN AND SECURITY INTEREST UNLESS PERMISSION TO DO SO IS GRANTED IN WRITING BY ALF.

I UNDERSTAND THAT NO FUNDS FROM MY PORTION OF THE SETTLEMENT, COLLECTION, JUDGMENT, COMPROMISE OR ANY OTHER COLLECTION RESULTING FROM THIS CASE WILL BE DISBURSED TO ME WITHOUT FIRST SATISFYING ATLAS LEGAL FUNDING'S LIEN.

**DO NOT SIGN THIS AGREEMENT BEFORE YOU HAVE READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES.  YOU ARE ENTITLED TO A COMPLETELY EXECUTED COPY OF THIS CONTRACT.  BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY.**

| | | | |
|---|---|---|---|
| Client Signature | Council Rudolph, Jr. Client Name | Date of Birth | Social Security Number |

Myrtle Ann Rudolph, as Durable Power of Attorney for Council Rudolph, Jr.
Client Signature                Client Name

State of __FLORIDA__ County of _____ ) s.s.
                                                    COUNCIL AND MYRTLE
On this 24 day of _SEPT._, 20 16 before me personally came _RUDOLPH_, (each) known to me, and known to me by the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

_Alexandra Lavelanet_
Notary Public

ALEXANDRA LAVELANET
Notary Public, State of Florida
Commission# FF 961042
My comm. expires Feb. 16, 2020

8 of 11

_CLL_ (CLIENT INITIALS)

## ATLAS LEGAL FUNDING I, L.P.
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

### IRREVOCABLE CLIENT DIRECTIVE

| | |
|---|---|
| Date: | 9/19/2016 |
| Name: | Goldberg, Persky & White |
| Attn: | Jason Luckasevic, Esq. |
| Address: | 11 Stanwix St., Suite 1800 |
| City, State, Zip: | Pittsburgh, PA 15222-1312 |

RE:    Irrevocable Client Directive:    Council Rudolph, Jr.
       Matter Name:                 Rudolph, Jr., v National Football League & NFL Properties LLC, et al
       Docket/Index Number(s):      2:12-md-02323-AB

Dear Mr. Luckasevic, Esq.:

    This letter along with copies of the executed Funding Agreement, confirm that Council Rudolph, Jr. (hereinafter referred to as "I" or "Client") am irrevocably granting a lien and security interest in the proceeds from any settlement of my pending case (as described therein) to "Atlas Legal Funding I, L.P." (hereinafter referred to as "ALF" or "Atlas Legal Funding"). <u>By executing this letter I hereby instruct you as my attorney to act in accordance with the terms and conditions contained in this Irrevocable Client Directive;</u>

1.   In order to satisfy my obligations to ALF, I instruct you upon receipt of the settlement check and/or settlement proceeds, to deposit same (whether payable to me individually, or to me jointly with your law firm) into your escrow/attorney trust account immediately.

2.   Before disbursing any settlement or judgment proceeds from my claim, please have your office contact ALF at 1-201-293-4462 to confirm the amount due under the terms of my Funding Agreement. **PLEASE BE ADVISED THAT YOU MAY NOT DISBURSE ANY FUNDS FROM MY PORTION OF THE SETTLEMENT, COLLECTION, JUDGMENT, COMPROMISE OR ANY OTHER COLLECTION RESULTING FROM THIS CASE WITHOUT FIRST SATISFYING ATLAS LEGAL FUNDING'S LIEN.**

3.   Upon disbursing any settlement or judgment proceeds from my claim, before any proceeds are distributed to me, please deduct and forward all amounts payable to ALF via mail to: Atlas Legal Funding I, L.P., 700 Plaza Drive, Secaucus, NJ 07094.

4.   Upon request, disclose to ALF the gross settlement amount from my claim (for ALF internal purposes only).

5.   Promptly notify ALF if there are any other assignments or liens (of any kind whatsoever) on this claim now or in the future including without limitation federal, state or local tax liens, liens for child support, bankruptcy, outstanding or unsatisfied judgments, or other judgments, levies, claims or liens (including but not limited to such things as Medicare, Medicaid, Welfare, State Aid, State health, etc.)

6.   If in the future, you are no longer representing me in this claim, promptly notify ATLAS LEGAL FUNDING within forty-eight (48) hours.

7.   Cooperate with ATLAS LEGAL FUNDING by providing, upon request, any information regarding my claim (including periodic updates) and the defendant(s) to ATLAS LEGAL FUNDING that does not violate the attorney/client privilege.

Very truly yours,

_[signature]_
Client Signature

                              Council Rudolph, Jr.
                              Client Name

_[signature]_
Client Signature

                              <u>Myrtle Ann Rudolph, as Durable Power of Attorney for Council Rudolph, Jr.</u>
                              Client Name

State of _FLORIDA_      County of _HILLSBOROUGH_ ) s.s.

On the _24_ day of _SEPT_ 20 _16_, before me personally came _Council + Myrtle RUDOLPH_ (each) known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

ALEXANDRA LAVELANET
Notary Public, State of Florida
Commission# FF 961042
My comm. expires Feb. 16, 2020

_[signature]_
Notary Public

_[initials]_ (CLIENT INITIALS)

9\10

## ATLAS LEGAL FUNDING I, L.P.
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

### ATTORNEY ACKNOWLEDGMENT

As an attorney for **Council Rudolph, Jr.**, with Goldberg, Persky & White, P.C. ("the Firm"), I acknowledge receipt of an Irrevocable Client Directive, individually and as an authorized representative of the Firm. I understand that this Irrevocable Client Directive is a material part of the Funding Agreement dated 9/26/2016 entered into between Atlas Legal Funding I, L.P. (hereinafter referred to as "ALF" or "Atlas Legal Funding") having its principal place of business at 700 Plaza Drive, Secaucus, New Jersey 07094 and **Council Rudolph, Jr.** residing at _____ hereinafter referred to as "Client"; together with ALF, the "Parties"). At the request of the Client, I make the following representations on behalf of the Firm and myself:

1.  I acknowledge that I have reviewed the Funding Agreement and all costs and fees.
2.  I acknowledge that the Firm is being paid with respect to this matter on a contingency fee basis per a written fee agreement.
3.  I acknowledge that all proceeds from this matter will be disbursed via the Firm's trust account or a settlement fund established to receive the proceeds from this matter from the defendant on behalf of the Client.
4.  I acknowledge that my Client Council Rudolph, Jr. has agreed to grant Atlas Legal Funding a lien and security interest against the proceeds of his/her/their case as a consequence of executing the Funding Agreement with Atlas Legal Funding.
5.  I acknowledge that pursuant to the Funding Agreement, my Client has agreed to sell and assign a portion of their proceeds to Atlas Legal Funding.
6.  I acknowledge that I will follow all the terms and conditions contained in the Irrevocable Client Directive so long as they do not conflict with our legal and ethical representation of the Client.
7.  I acknowledge the lien on behalf of ALF and I am not aware of any other lien(s) attached to this case that are the result of a funding similar in nature to that of Atlas Legal Funding.
8.  I acknowledge that the Client has agreed not to create or obtain any other liens resulting from a funding similar in nature to that of Atlas Legal Funding unless Atlas Legal Funding's lien is satisfied in full.
9.  I have not provided a letter of protection to a third party except as follows:
    a. _____
    b. _____
    c. _____
10. By way of Council Rudolph, Jr.'s execution of the Funding Agreement, prior to making any distribution to my Client from the settlement check, and/or settlement proceeds, I will contact Atlas Legal Funding to ascertain the total amount due to Atlas Legal Funding per the terms of the Funding Agreement and will not remit any funds or a portion thereof to my Client or on my Client's behalf, other than attorney's fees and costs, until Atlas Legal Funding's lien is satisfied in full.
11. I understand that making a check or accompanying letter to the effect of a release of claim or "in full satisfaction", absent a written confirmation that ALF will accept a lesser sum, may not have a legal effect and that you may be authorized to deposit said check without prejudice to your rights to collect payment in full.
12. Council Rudolph, Jr.'s case is still pending, in active status, and is part of In Re: National Football League Players Concussion Injury Litigation Class Action.
13. I make no guarantee that my client will be successful or will recover sufficiently to satisfy ALF's lien in whole or in part.
14. If in the future, I am no longer representing Client in this claim, I shall promptly notify ATLAS LEGAL FUNDING.

I acknowledge the Firm is counsel of record in the case captioned **Rudolph v. National Football League & NFL Properties, LLC**, et al., with claim or docket number: 2:12-md-02323-AB. I further certify that the Firm has received a copy of and reviewed the Funding Agreement prepared in connection with the case and explained certain of the material terms to the Client.

ATTORNEY SIGNATURE: _____   DATE: 9/26/2016

PRINT ATTORNEY NAME: JASON E. LUCKASEVIC

10 of 11

_____ (CLIENT INITIALS)

## ATLAS LEGAL FUNDING I, L.P.
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462   (Fax) 201-293-4470

### DISTRIBUTION FORM & SURVEY

Client Name(s):      Council Rudolph, Jr.
Matter Caption:      Rudolph, Jr., v National Football League & NFL Properties LLC, et al
Docket Number(s):    2:12-md-02323-AB

Indicate below the delivery method of funds by checking the appropriate box and filling in the information requested:

[ ]  **CHECK**: (please check one box)
I would like my funds delivered:

OR

[ ]  **Express Delivery Service**: Requires a signature and a physical address, NOT a P.O. Box. The undersigned agrees to pay a delivery fee of $45.00, which will be deducted from the Client's advance proceeds. No Weekend Delivery.

[✓]  U.S. Postal Mail (FREE):

DELIVER CHECK TO ADDRESS: (complete information below)

_____
**Street Address**          **City**          **State**      **Zip Code**

PHONE NUMBER. _____   ATTENTION: _Council Rudolph, Jr._

[ ]  **WIRE**:
I would like my proceeds wired to my Account or Attorney's Trust Account. In selecting this option, the undersigned agrees to the wiring fees of $45.00, which will be deducted from the Client's advance proceeds. Requests for wires must be completed by 2:00 pm EST to be executed the same day. (Atlas Legal Funding I, L.P. is not responsible for the length of time your financial institution takes to process the wire)
Please provide the following information AND A COPY OF A VOIDED CHECK:

BANK NAME: _____
BANK CITY & STATE: _____
BANK ABA OR ROUTING # (9 DIGITS): _____
NAME(S) ON ACCOUNT: _____
ADDRESS ON ACCOUNT: _____
ACCOUNT NUMBER: _____
ACCOUNT TYPE: _____
SPECIAL INSTRUCTIONS: _____

**Survey.** Please take a moment to write a short statement telling us how we have helped you in your time of need.

_____

By signing below, I agree to the terms of the Distribution Form and understand that I am responsible for the information that I have provided on this form and that Atlas Legal Funding is not responsible for any problems in delivery or transfer of funds, so long as it follows my instructions.

_____   _9-24-16_     Council Rudolph, Jr.
**Client Signature**           **Date**          **Client Name**

_Myrtle Ann Rudolph_  _9-24-16_   Myrtle Ann Rudolph, as Durable Power of Attorney for Council Rudolph, Jr.
**Client Signature**           **Date**          **Client Name**

11 of 11

_CR_ **(CLIENT INITIALS)**

# EXHIBIT 3

## ATLAS LEGAL FUNDING II, L.P.
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

### FACSIMILE TRANSMITTAL COVER SHEET

| | | | |
|---|---|---|---|
| To: | Jason Luckasevic, Esq. | From: | The Funding Department |
| Fax: | 412-471-8308 | Pages: | 10 (including cover page) |
| Phone: | 412-471-3980 | Date: | 2/12/2016 |
| Re: | Cleveland Crosby V2 | cc: | Cleveland Crosby |

Attached are the documents that we require to be reviewed and executed regarding the Non-Recourse Advance for which Cleveland Crosby has been approved.

***Please note that page 9 requires an attorney's signature and all outlined items below must be executed and faxed or e-mailed to our office prior to funding***

1. Funding Agreement - requires notarization and Client's signature on page 7 and Client's initials on all pages (pages 2 - 7);
2. Prior Funding – requires Client to check one of the boxes and provide information on prior fundings if any exist (page 7);
3. Irrevocable Client Directive - requires notarization, requires Client's signature and initials (page 8);
4. Attorney Acknowledgment - requires attorney's signature AND Client's initials (page 9);
5. Distribution Form - requires Client's signature and initials (page 10);

### *** PLEASE BE ADVISED THAT WE MUST RECEIVE PROOF OF IDENTIFICATION (I.E. DRIVER'S LICENSE, PASSPORT, ETC.) PRIOR TO FUNDS BEING DISBURSED TO YOUR CLIENT***

#### Please e-mail or fax copies of all executed documents and proof of identification to:

VIA E-MAIL: FUNDING@ATLASLEGALFUNDING.COM

VIA FAX: 201-293-4470 ATTENTION: FUNDING DEPARTMENT

#### YOU MUST FORWARD ALL ORIGINAL DOCUMENTS TO:

Atlas Legal Funding II, L.P.
Attn: Funding Department
700 Plaza Drive
Secaucus, New Jersey 07094

**ATLAS LEGAL FUNDING II, L.P. SHALL NOT BE BOUND BY THIS AGREEMENT UNTIL IT IS FULLY EXECUTED BY YOUR CLIENT TOGETHER WITH THE ATTORNEY ACKNOWLEDGMENT AND MAY CANCEL THIS TRANSACTION WITHOUT LIABILITY AT ANY TIME PRIOR TO THE ACTUAL ISSUANCE OF A FUNDING CHECK.**

If you have any questions or concerns, please contact our Funding Department at 201-293-4462, ext. 200.

Thank you for your cooperation,

Atlas Legal Funding II, L.P.

1 of 10

CC

(CLIENT INITIALS)

## ATLAS LEGAL FUNDING II, L.P.
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

### FUNDING AGREEMENT

THIS FUNDING AGREEMENT is entered into on **February 12, 2016**, between **Atlas Legal Funding II, L.P.** having its principal place of business at 700 Plaza Drive, Secaucus, New Jersey 07094 (hereinafter referred to as "ALF" or "Atlas Legal Funding") and **Cleveland Crosby** residing _____, ( (hereinafter referred to as "I" or "Client"; together with ALF, the "Parties").

### RECITALS

**WHEREAS** Client represents to ALF that Client is currently engaged in a pending legal claim and/or lawsuit or will be engaged in a legal claim and/or lawsuit.

**WHEREAS** Client has requested that ALF purchase the contingent right (or a portion thereof) to the proceeds of Client's legal claim or lawsuit to meet Client's immediate economic needs and ALF has agreed to purchase such contingent right to proceeds (or a portion thereof) from Client's legal claim or lawsuit for Client's life needs only.

**NOW THEREFORE**, in consideration of the above recitals and the mutual covenants contained herein, and intending to be legally bound hereby, ALF and Client agree as follows:

### SECTION 1
### FULL DISCLOSURE

1.1.    Non-Recourse Funding.  Non-Recourse Funding shall mean a transaction in which ALF purchases and Client assigns the contingent right to receive an amount of the potential proceeds (hereinafter as that term is defined in Section 2.4) of a settlement, judgment, award and/or verdict obtained in the Client's legal claim or lawsuit to ALF.

1.2.    Transaction Terms.  I have requested ALF to purchase the contingent right (or a portion thereof) to the proceeds for the sum indicated below, at the instant such proceeds come into being.

| | |
|---|---|
| Principal Amount Advanced to Client: | $5,000.00 |
| Application Fee: | $250.00 |
| Origination Fee: | $1,000.00 |
| **Total Amount Funded:** | **$6,250.00 ("Purchase Price")** |

1.3.    Lawsuit Terms.  I have a claim for which I have filed or have started the process of filing a complaint that may entitle me to proceeds resulting from a settlement, judgment, award or verdict. The matter is, or will be, captioned **Crosby v. National Football League & NFL Properties LLC, et al**, stemming from an incident occurring on or about N/A and is, or will be, filed in the USDC-District of PA, State of Pennsylvania, with claim or docket # **2:12-md-02323-AB** or any other related actions which shall include, without limitation, any lawsuits or claims in which I am asserting my legal rights, whether it is against the defendant(s) named in the lawsuit, or others, and shall include any claims based upon my original claim or lawsuit (hereinafter collectively referred to as the "Lawsuit").

### SECTION 2
### FUNDING AND REPAYMENT TERMS

2.1    Consideration.  In consideration for the receipt of the sum of **FIVE THOUSAND AND 00/100 DOLLARS ($5,000.00)** from ALF, I am selling and assigning to ALF all my right title and interest in, to and under an interest equal to the Purchase Price (as defined in Section 1.2 above), together with the accrued use fee (as that term is defined in Section 2.2), compounded monthly in six month increments (as detailed in Section 2.3 herein), and other fees or costs, from the proceeds of my Lawsuit to ALF. **IF I DO NOT RECOVER ANY PROCEEDS FROM MY LAWSUIT, I WILL NOT BE OBLIGATED UNDER THIS AGREEMENT TO REPAY ATLAS LEGAL FUNDING THE AMOUNTS ADVANCED INCLUDING THE ACCRUED USE FEE, COMPOUNDED MONTHLY AND OTHER FEES OR COSTS EXCEPT AS SET FORTH IN SECTION 6 BELOW.**

2 of 10

 (CLIENT INITIALS)

## ATLAS LEGAL FUNDING II, L.P.
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

2.2   Use Fee.  The use fee shall be a charge in an amount equal to **2.75%** compounded monthly on the Purchase Price which is $6,250.00. I will pay this use fee on the outstanding amount, as detailed in Section 2.3 herein, until I satisfy my obligation(s) under this agreement.

2.3   Repayment Schedule. ALF has calculated the total dollar amount to be repaid by you, for thirty-six months, including all fees with monthly compounding.

| Date of Payment | Amount Due |
| --- | --- |
| **On or before 8/12/2016** | **$7,354.80** |
| **After 8/12/2016 and on or before 2/12/2017** | **$8,654.90** |
| **After 2/12/2017 and on or before 8/12/2017** | **$10,184.81** |
| **After 8/12/2017 and on or before 2/12/2018** | **$11,985.16** |
| **After 2/12/2018 and on or before 8/12/2018** | **$14,103.76** |
| **After 8/12/2018 and on or before 2/12/2019** | **$16,596.86\*\*** |

\*\* After this date please contact ALF for the current amount due.

2.4   Proceeds. The term "proceeds" shall include any money paid as a consequence of the Lawsuit. If the proceeds received are insufficient to pay the full amount due to ALF, then ALF's recovery will be limited to the proceeds of the lawsuit settlement, judgment or otherwise.

2.5   Distribution. I hereby direct the Principal Amount Advanced to me to be distributed as follows:

$5,000.00     payable to Cleveland Crosby

In addition to all amounts disbursed to Client or on Client's behalf, the Purchase Price includes an Application Fee of $250.00 and an Origination Fee of $1,000.00. The Origination Fee is payable to Simba Capital Inc. ALF is receiving no part of the Origination Fee. I understand that both the Origination Fee and the Application Fee are part of my obligation to ALF despite not being distributed to me.

2.6   Waiver. I hereby waive any defense to payment of the sums due hereunder and represent and warrant that I will not seek to avoid payment of any money due to ALF under this Agreement.

2.7   Understandings. I understand that the payment instructions set forth herein and in the Irrevocable Client Directive, incorporated by reference, are irrevocable, not subject to modification except by ALF or any successor in interest and only by written notice. In the event of a conflict between the terms of this Agreement and the Irrevocable Client Directive, this Agreement shall govern.

2.8   Compliance. I agree, if requested by Atlas Legal Funding, to fully cooperate and adjust for clerical errors on any or all Funding Documents if deemed necessary or desirable in the reasonable discretion of Atlas Legal Funding to enable Atlas Legal Funding to sell, convey, seek guaranty or market said advance to any entity. Additionally, I agree that if a Funding Document is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Non-Recourse cash advances or Litigation Funding, or otherwise contains any errors or omissions, the undersigned shall upon request, within five (5) business days from the date of mailing said requests by Atlas Legal Funding, execute, acknowledge, initial, and deliver to Atlas Legal Funding any documentation Atlas Legal Funding deems necessary to replace or correct the lost, misplaced, misstated, inaccurate or otherwise missing Funding Document. If the undersigned fails or refuses to execute, acknowledge, initial, and/or deliver a Funding Document to Atlas Legal Funding within time frame specified herein after being requested to do so by Atlas Legal Funding, the undersigned agrees to indemnify Atlas Legal Funding for any and all loss or damage which Atlas Legal Funding sustains by reason of the undersigned's failure or refusal to cooperate, including but not limited to attorney's fees and costs incurred by Atlas Legal Funding. The undersigned also understands and acknowledges that Atlas Legal Funding may in its discretion pursue equitable relief against the undersigned for the undersigned's failure to cooperate or comply with the terms of this agreement, and Atlas Legal Funding may recover from the undersigned its costs, including reasonable attorney's fees, incurred in doing so.

3 of 10

 (CLIENT INITIALS)

## ATLAS LEGAL FUNDING II, L.P.
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462     (Fax) 201-293-4470

### SECTION 3
### SECURITY INTEREST

3.1    <u>Security Interest</u>. I hereby grant ALF a Lien and Security Interest in the proceeds of the Lawsuit. The amount due shall be withheld from any proceeds obtained as a result of the Lawsuit and after my attorney fees (including the expenses charged by my attorney for costs) and payment of only those liens that have priority by law, paid immediately upon collection to ALF. I will not receive any money from the proceeds of the Lawsuit until ALF has been paid in full. This shall also apply to any structured settlement of my Lawsuit. I acknowledge that my receipt or use of any proceeds prior to the full re-payment to ALF shall constitute an illegal conversion and may well be a crime.

3.2    <u>Independent Obligation</u>. In the event that the sale and assignment of my interest in the proceeds of the Lawsuit are not permitted by law, then I agree to pay ALF all of the funds due under this Agreement immediately upon the payment of the Lawsuit proceeds as a separate and independent obligation.

3.3    <u>Knowledge</u>. I hereby agree that I will not knowingly create additional liens against the proceeds without satisfaction of my lien with ALF or the prior written consent of ALF. I specifically promise not to create any liens against the proceeds of the case as a result of any fundings or advances that I might receive after the date of this agreement similar in nature to ALF.

3.4    <u>Understandings</u>. I understand that I am not assigning my cause of action to ALF, but rather the contingent right to an amount of the potential proceeds of my Lawsuit

3.5    <u>Attorney's Fees</u>. If any action or other proceeding is brought for enforcement of this Agreement or because of an alleged dispute, breach, default, or misrepresentation in connection with this Agreement, the prevailing Party shall be entitled to attorney's fees and other costs incurred in that action or proceeding, whether or not a lawsuit is filed, in addition to any other relief to which it or they may be entitled.

3.6    **CLIENT'S RIGHT TO MAKE DECISIONS. ALF SHALL HAVE NO RIGHT TO AND WILL NOT MAKE ANY DECISIONS WITH RESPECT TO THE CONDUCT OF THE UNDERLYING CIVIL ACTION OR CLAIM OR ANY SETTLEMENT OR RESOLUTION THEREOF AND THAT THE RIGHT TO MAKE THOSE DECISIONS REMAINS SOLELY WITH CLIENT AND CLIENT'S ATTORNEY IN THE CIVIL ACTION OR CLAIM.**

### SECTION 4
### RIGHT OF CANCELLATION

4.1    **CLIENT'S RIGHT TO CANCELLATION. CLIENT MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE (5) BUSINESS DAYS OF RECEIPT OF FUNDING FROM ALF.**

4.2    <u>Cancellation</u>. In order for the cancellation to be effective, I understand that I must notify ALF in writing and return the exact amount advanced to me by ALF. I may do this by making personal delivery or via mail by insured, registered or certified US mail postmarked within FIVE (5) BUSINESS DAYS of receipt of funds from ALF to ALF's principal place of business listed above: (A) the undeposited (or un-cashed) check provided to me by ALF; (B) a Certified or Bank check in the exact amount advanced to me by ALF; or (C) a Money Order in the exact amount advanced to me by ALF.

### SECTION 5
### CREDIT AND INFORMATION RELEASE

5.1    ALF may obtain a consumer credit report and/or other financial and credit information as part of the proposed transaction.

5.2    I hereby authorize any credit reporting agency, information service bureau, institution, attorney, or insurance company contacted by ALF or its agents, to furnish a credit report, other financial, credit or legal information, information concerning liens and judgments against me and other information requested as part of the proposed transaction until I have completely satisfied my obligations under the agreement.

5.3    I understand that this authorization is valid for purposes of verifying information given pursuant to business negotiations, or any other lawful purpose covered under the Fair Credit Reporting Act (FCRA). Upon written request, ALF will provide credit reports they obtained, if any, and, if so, the name and address of the credit reporting agency that provided it. I certify

(CLIENT INITIALS)

## ATLAS LEGAL FUNDING II, L.P.
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462     (Fax) 201-293-4470

the information provided to Atlas Legal Funding in the application and underwriting process is true, accurate and complete. I also authorize Atlas Legal Funding to report this transaction and matters related to it to any of the above entities.

5.4    Additionally, I direct and authorize my attorney and any subsequent attorney(s) to cooperate and release to Atlas Legal Funding, or its affiliates any and all information and documents pertaining to my current legal claim or lawsuit, including pleadings, discovery, investigation, contracts, medical records/reports, depositions, and all other information in the file not protected by the attorney-client privilege, the work product doctrine, or other applicable evidentiary privileges or protections.

### SECTION 6
### ACCURACY OF INFORMATION

6.1    Representations and Warranties of Client. If I made a material misstatement, misrepresentation or omission of material fact in my application or in connection with my Lawsuit, or committed a fraudulent or criminal act either in connection with the transaction, or in a matter that would adversely and significantly impact my Lawsuit (unless disclosed to ALF prior to funding) then I will be liable to ALF for all sums advanced, together with outstanding fees and charges without regard to the outcome of my Lawsuit.

6.2    Additional Representations and Warranties of Client. I represent and warrant as follows:

6.2.1    I have full power and authority to enter into this Agreement and do not require the consent of any third party, except as shall be required by law, rule or regulation. I have not entered into this Agreement for the purpose of evading creditors. I am of sound mind and not acting under duress.

6.2.2    I am not indebted to any present or former spouse for support, maintenance or similar obligations, nor am I indebted to any child, or the guardian of any child, for any child support or similar payments and the proceeds of the Lawsuit are not subject to any lien by any governmental agency to which payment for such benefits would be owed.

6.2.3    I have paid all Federal, state and local taxes due through and including the date hereof or have made adequate provisions for such payments.

6.2.4    **Other than those listed in Section 8.10, there are no pending bankruptcies, outstanding or unsatisfied judgments, or other judgments, levies, claims or liens (including, but not limited to, such liens for Medicare, Medicaid, Welfare, State Aid, State health, etc.) and that there are no pending criminal allegation(s) or charge(s) against me except as disclosed below.**

Other Liens:_____     Pending Criminal Allegations:_____

_____

6.2.5    The Statements in this Agreement and any and all other documents executed and delivered in connection herewith are true, accurate and complete as of the date hereof and I have made no material omissions or misrepresentations in this Agreement or the documents executed and delivered in connection herewith and that neither this agreement nor the documents executed and delivered in connection herewith and made a part hereof contain any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements herein and therein incomplete or materially misleading.

6.2.6    I have not relied on representations or statements made by ALF, its agents or attorneys, and I have sought and received independent tax, financial and legal advice with this transaction.

6.2.7    I intend this transaction to be and agree that this transaction is a purchase and sale.

### SECTION 7
### NOTIFICATIONS

7.1    Change of Address/Contact Numbers. I will receive any notices required at the address I have first listed above. My contact number is ? _____ my alternative contact number is _____ My E-mail address is _____. If I move or my contact information changes, I will notify ALF and provide my new contact information in writing within forty-eight (48) hours of the change.

(CLIENT INITIALS)

**ATLAS LEGAL FUNDING II, L.P.**
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

7.2    Cooperation. I have instructed my attorney to cooperate with ALF and to give ALF periodic updates of the status of my case as ALF may request. If I change attorneys I will notify ALF within **forty-eight (48) hours** of the change and provide ALF with the name, address, and phone number of my new attorney.

7.3    Notices. Any notices required under this Agreement or given in connection with this Agreement, shall be in writing (except as set forth in Section 4 above which notification shall be made in the manner required therein) and shall be given to the appropriate party by personal delivery or by certified mail, postage prepaid, or by recognized overnight delivery service to the addresses listed on the first page of this Agreement.

### SECTION 8
### MISCELLANEOUS

8.1    Governing Law & Venue. I agree that any disputes that may arise out of this Agreement shall be construed and interpreted under the laws of the State of New Jersey. Venue for any dispute arising from the Agreement shall lie in Newark, New Jersey, and the Parties agree that any Federal lawsuits arising from this Agreement shall be filed and maintained in the United States District Court for the District of New Jersey in Newark, New Jersey. **The Parties understand that the "choice of law", forum, and venue clauses contained herein are critical in nature and are essential to the Agreement.**

8.2    **NO CONSOLIDATION OR CLASS ACTION.    I HEREBY EXPRESSLY WAIVE THE RIGHT TO CONSOLIDATE, OR TO HAVE HANDLED AS A CLASS ACTION, ANY PROCEEDINGS, CONTROVERSIES, ARBITRATIONS OR DISPUTES OF ANY NATURE INVOLVING ANY PERSON OR ENTITY WHO IS NOT A PARTY TO THIS AGREEMENT.**

8.3    Dispute Resolution.

8.3.1    All disputes which may arise between the parties hereto out of, in relation to or in connection with this Agreement shall be settled by arbitration in accordance with the New Jersey Arbitration Act. The Parties agree that that the arbitration will be conducted pursuant to the Consumer Rules of the American Arbitration Association. The Client hereby waives their right to seek relief for any dispute in a court of law or equity. The decision of such arbitration shall be binding on both Parties and a judgment on an award rendered shall be entered pursuant to this Section.

8.3.2    Exclusive jurisdiction over entry of judgment on any arbitration award rendered pursuant to this Section or over any dispute, action or suit arising therefrom shall be in any court of appropriate subject matter jurisdiction located in New Jersey, and the Parties by this Agreement expressly subject themselves to the personal jurisdiction of said court for the entry of any such judgment and for the resolution of any dispute, action, or suit arising in connection with the entry of such judgment.

8.3.3    If it is determined by the arbitrators that one Party was in default hereof or instituted (or defended) such arbitration proceeding not in good faith or without a reasonable basis in law or fact (the "Defaulting Party"), the Defaulting Party shall bear the costs of the arbitration proceeding and pay to the other Party the reasonable attorney's fees and costs incurred, which amounts shall be separately determined by the arbitrators in such proceeding and become part of the amount of the arbitration award, payable by the Defaulting Party to the other Party.

8.4    Entire Agreement. This Agreement constitutes the entire agreement between the Parties and there are no representations, warranties, covenants, or obligations except as set forth herein. This Agreement may only be modified in writing. This Agreement supersedes all prior and contemporaneous agreements, understandings, negotiations, or discussions, written or oral, of the Parties, relating to or arising from any transaction contemplated by the Agreement. This Agreement shall be binding on, and inure to the benefit of, the Parties hereto and their successors and assigns.

8.5    Disbursement. In the event of a dispute as to the amount owed to ALF when the Lawsuit is resolved, it is expressly understood that my attorney shall not disburse any funds to me, or on my behalf, except for attorney's fees and/or disbursements incurred by my attorney in connection with the Lawsuit. I hereby make the foregoing irrevocable direction to my attorney, or his successors.

8.6    Enforceability. If any provision of this Agreement shall be deemed invalid or unenforceable, it shall not affect the validity or enforceability of any other provision hereof.

 (CLIENT INITIALS)

**ATLAS LEGAL FUNDING II, L.P.**
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

8.7    Assignment.   ALF, its assigns and/or successors, may sell, transfer, convey or assign its security interest created hereunder, one or more times, in whole or in part.  Upon sale, transfer, conveyance or assignment, ALF, its assigns and/or successors may provide notification of such sale, transfer, conveyance or assignment.  Failure to provide any prior notice of sale, transfer, conveyance or assignment, shall not be construed as a waiver of any rights hereunder.

8.8    Champerty.   Certain jurisdictions prohibit "Champerty".  Champerty makes it illegal to acquire someone else's right to sue.  I understand and acknowledge that ALF is NOT acquiring my right to sue, that I have started or intend to file a lawsuit that a lawsuit or potential lawsuit absolutely belongs to me and no one else and that ALF will NOT be involved in decisions made by me and my attorney regarding a lawsuit or potential lawsuit.  This is an investment and not a loan, but should a court of competent jurisdiction construe it to be the latter, I agree that interest shall accrue at the maximum rate permitted by the state.

8.9    Counterparts.   This Agreement may be executed in separate counterparts.  A signature transmitted by Facsimile shall be effective with the same force and effect as an original signature.

8.10   Prior Fundings Disclosure.   Any and all prior receipt of funds of a similar nature are disclosed below, you **must** check the appropriate box:

➡    ☑  I have **NOT** received any funds of a similar nature to that of Atlas Legal Funding prior to receiving funds from Atlas Legal Funding.

**OR**

➡    ☐  I have received funds of a similar nature to that of Atlas Legal Funding prior to receiving funds from Atlas Legal Funding as listed below.

Company(s): _____   Date of Funding(s): _____   Amount(s): _____

I hereby accept the terms and conditions of this Agreement, and grant ALF a Security Interest and Lien as per the terms hereof, and assign the proceeds of my lawsuit to the extent specified in this Agreement as of the date first above written.
I AM AWARE THAT I MAY NOT ACCEPT ANY FUNDS OR ADVANCES AGAINST MY LAWSUIT FROM ANY OTHER FUNDING COMPANY UNLESS I FIRST REPAY ALF IN FULL, AND SATISFY THE LIEN AND SECURITY INTEREST UNLESS PERMISSION TO DO SO IS GRANTED IN WRITING BY ALF.
I UNDERSTAND THAT NO FUNDS FROM MY PORTION OF THE SETTLEMENT, COLLECTION, JUDGMENT, COMPROMISE OR ANY OTHER COLLECTION RESULTING FROM THIS CASE WILL BE DISBURSED TO ME WITHOUT FIRST SATISFYING ATLAS LEGAL FUNDING'S LIEN.
DO NOT SIGN THIS AGREEMENT BEFORE YOU HAVE READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES.  YOU ARE ENTITLED TO A COMPLETELY EXECUTED COPY OF THIS CONTRACT.  BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY.

Client Signature _____   Cleveland Crosby            Date of Birth _____   Social Security Number _____
                                  **Client Name**

Client Signature _____   Angelia Crosby, as Durable Power of Attorney for Cleveland Crosby
                                  **Client Name**

State of _TEXAS_   County of _Brazoria_  ) s.s.

On this 12 day of ____ 20__ before me personally came _CLEVLAND CROSBY_, (each) known to me, and known to me by the individual(s) _____ in and who executed the within document and duly acknowledged to me that he/she executed the same.

X _____   Notary Public

11/19/2019

7 of 10

CC   (CLIENT INITIALS)

## ATLAS LEGAL FUNDING II, L.P.

700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462   (Fax) 201-293-4470

### IRREVOCABLE CLIENT DIRECTIVE

Date:          2/12/2016
Name:          Goldberg, Persky & White, P.C.
Attn:          Jason Luckasevic, Esq.
Address:       1030 5th Avenue
City, State, Zip:  Pittsburgh, PA 15219

RE:   Irrevocable Client Directive:   Cleveland Crosby
      Matter Name:                    Crosby v. National Football League & NFL Properties LLC, et al
      Docket/Index No.:               2:12-md-02323-AB

Dear Mr. Luckasevic, Esq.:

   This letter along with copies of the executed Funding Agreement, confirm that Cleveland Crosby (hereinafter referred to as "I" or "Client") am irrevocably granting a lien and security interest in the proceeds from any settlement of my pending case (as described therein) to "Atlas Legal Funding II, L.P." (hereinafter referred to as "ALF" or "Atlas Legal Funding"). **By executing this letter I hereby instruct you as my attorney to act in accordance with the terms and conditions contained in this Irrevocable Client Directive:**

1. In order to satisfy my obligations to ALF, I instruct you upon receipt of the settlement check and/or settlement proceeds, to deposit same (whether payable to me individually, or to me jointly with your law firm) into your escrow/attorney trust account immediately.

2. Before disbursing any settlement or judgment proceeds from my claim, please have your office contact ALF at 1-201-293-4462 to confirm the amount due under the terms of my Funding Agreement. **PLEASE BE ADVISED THAT YOU MAY NOT DISBURSE ANY FUNDS FROM MY PORTION OF THE SETTLEMENT, COLLECTION, JUDGMENT, COMPROMISE OR ANY OTHER COLLECTION RESULTING FROM THIS CASE WITHOUT FIRST SATISFYING ATLAS LEGAL FUNDING'S LIEN.**

3. Upon disbursing any settlement or judgment proceeds from my claim, before any proceeds are distributed to me, please deduct and forward all amounts payable to ALF via mail to: Atlas Legal Funding II, L.P., 700 Plaza Drive, Secaucus, NJ 07094.

4. Upon request, disclose to ALF the gross settlement amount from my claim (for ALF internal purposes only).

5. Promptly notify ALF if there are any other assignments or liens (of any kind whatsoever) on this claim now or in the future including without limitation federal, state or local tax liens, liens for child support, bankruptcy, outstanding or unsatisfied judgments, or other judgments, levies, claims or liens (including but not limited to such things as Medicare, Medicaid, Welfare, State Aid, State health, etc.)

6. If in the future, you are no longer representing me in this claim, promptly notify ATLAS LEGAL FUNDING within forty-eight (48) hours.

7. Cooperate with ATLAS LEGAL FUNDING by providing, upon request, any information regarding my claim (including periodic updates) and the defendant(s) to ATLAS LEGAL FUNDING that does not violate the attorney/client privilege.

Very truly yours,

_____          Cleveland Crosby
Client Signature                 Client Name

_____          Angelia Crosby, as Durable Power of Attorney for Cleveland Crosby
Client Signature                 Client Name

State of TEXAS          County of Brazoria          ) s.s.

On the ____ day of _____ before me personally came CLEVELAND CROSBY
(each) known to me, who proven to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he executed the same.

X _____
                                 Notary Public

8 of 10

_____ (CLIENT INITIALS)

## ATTORNEY ACKNOWLEDGMENT

As an attorney for **Cleveland Crosby**, with **Goldberg, Persky & White, P.C.** ("the Firm"), I acknowledge receipt of an Irrevocable Client Directive, individually and as an authorized representative of the Firm. I understand that this Irrevocable Client Directive is a material part of the Funding Agreement dated 2/12/2016 entered into between Atlas Legal Funding I, L.P. (hereinafter referred to as "ALF" or "Atlas Legal Funding") having its principal place of business at 700 Plaza Drive, Secaucus, New Jersey 07094 and **Cleveland Crosby** residing a ⸻ , ereinafter referred to as "Client"; together with ALF, the "Parties"). At the request of the Client, I make the following representations on behalf of the Firm and myself:

1. I acknowledge that I have reviewed the Funding Agreement and all costs and fees.
2. I acknowledge that the Firm is being paid with respect to this matter on a contingency fee basis per a written fee agreement.
3. I acknowledge that all proceeds from this matter will be disbursed via the Firm's trust account or a settlement fund established to receive the proceeds from this matter from the defendant on behalf of the Client.
4. I acknowledge that my Client **Cleveland Crosby** has agreed to grant Atlas Legal Funding a lien and security interest against the proceeds of his/her/their case as a consequence of executing the Funding Agreement with Atlas Legal Funding.
5. I acknowledge that pursuant to the Funding Agreement, my Client has agreed to sell and assign a portion of their proceeds to Atlas Legal Funding.
6. I acknowledge that I will follow all the terms and conditions contained in the Irrevocable Client Directive so long as they do not conflict with our legal and ethical representation of the Client.
7. I acknowledge the lien on behalf of ALF and I am not aware of any other lien(s) attached to this case that are the result of a funding similar in nature to that of Atlas Legal Funding.
8. I acknowledge that the Client has agreed not to create or obtain any other liens resulting from a funding similar in nature to that of Atlas Legal Funding unless Atlas Legal Funding's lien is satisfied in full.
9. I have not provided a letter of protection to a third party except as follows:
   a. _____
   b. _____
   c. _____
10. **By way of Cleveland Crosby's execution of the Funding Agreement, prior to making any distribution to my Client from the settlement check, and/or settlement proceeds, I will contact Atlas Legal Funding to ascertain the total amount due to Atlas Legal Funding per the terms of the Funding Agreement and will not remit any funds or a portion thereof to my Client or on my Client's behalf, other than attorney's fees and costs, until Atlas Legal Funding's lien is satisfied in full.**
11. I understand that making a check or accompanying letter to the effect of a release of claim or "in full satisfaction", absent a written confirmation that ALF will accept a lesser sum, may not have a legal effect and that you may be authorized to deposit said check without prejudice to your rights to collect payment in full.
12. Cleveland Crosby's case is still pending, in active status, and is part of In Re: National Football League Players Concussion Injury Litigation Class Action.
13. I make no guarantee that my client will be successful or will recover sufficiently to satisfy ALF's lien in whole or in part.
14. If in the future, I am no longer representing Client in this claim, I shall promptly notify ATLAS LEGAL FUNDING.

I acknowledge the Firm is counsel of record in the case captioned Crosby v. National Football League & NFL Properties, LLC, et al., with claim or docket number: 2:12-md-02323-AB. I further certify that the Firm has received a copy of and reviewed the Funding Agreement prepared in connection with the case and explained certain of the material terms to the Client.

ATTORNEY SIGNATURE: _____     DATE: 2-15-16

PRINT ATTORNEY NAME: _____ Jason E. Luckasevic _____

9 of 10

CC (CLIENT INITIALS)

# ATLAS LEGAL FUNDING II, L.P.

700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

## DISTRIBUTION FORM & SURVEY

| | |
|---|---|
| Client Name(s): | **Cleveland Crosby** |
| Matter Caption: | **Crosby v. National Football League & NFL Properties LLC, et al** |
| Docket Number(s): | **2:12-md-02323-AB** |

Indicate below the delivery method of funds by **checking the appropriate box** and filling in the information requested:

☐ **CHECK:** (please check one box)
I would like my funds delivered:

**OR**

☐ **Express Delivery Service:** Requires a signature and a physical address, NOT a P.O. Box. The undersigned agrees to pay a **delivery fee of $45.00**, which will be deducted from the Client's advance proceeds. **No Weekend Delivery.**

☐ **U.S. Postal Mail** (FREE);

DELIVER CHECK TO ADDRESS: (complete information below)

| **Street Address** | **City** | **State** | **Zip Code** |
|---|---|---|---|

PHONE NUMBER: _____    ATTENTION: _____

☑ **WIRE:**
I would like my proceeds wired to my Account or Attorney's Trust Account. In selecting this option, the undersigned agrees to the wiring fees of **$45.00**, which will be deducted from the Client's advance proceeds. Requests for wires must be completed by 2:00 pm EST to be executed the same day. (Atlas Legal Funding II, L.P. is not responsible for the length of time your financial institution takes to process the wire)
Please provide the following information **AND A COPY OF A VOIDED CHECK:**
BANK NAME: _Wells Fargo_
BANK CITY & STATE: _Pearland Texas_
BANK ABA OR ROUTING # (9 DIGITS): _____
NAME(S) ON ACCOUNT: _Angelia L Crosby Alderman_
ADDRESS ON ACCOUNT: _____
ACCOUNT NUMBER: _____
ACCOUNT TYPE: _Checking_
SPECIAL INSTRUCTIONS: _____

**Survey.** Please take a moment to write a short statement telling us how we have helped you in your time of need.
_You have help in a significant way also with respect_

By signing below, I agree to the terms of the Distribution Form and understand that I am responsible for the information that I have provided on this form and that Atlas Legal Funding is not responsible for any problems in delivery or transfer of funds, so long as it follows my instructions.

_____   2-12-16     Cleveland Crosby
Client Signature        Date        Client Name

_____   2/12/16     Angella Crosby, as Durable Power of Attorney for Cleveland Crosby
Client Signature        Date        Client Name

10 of 10

_CC_ (CLIENT INITIALS)

# EXHIBIT 4

**ATLAS LEGAL FUNDING III, L.P.**
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

## FUNDING AGREEMENT

THIS FUNDING AGREEMENT is entered into on June 14, 2016, between Atlas Legal Funding III, L.P. having its principal place of business at 700 Plaza Drive, Secaucus, New Jersey 07094 (hereinafter referred to as "ALF" or "Atlas Legal Funding") and Tony Walker residing                                    (hereinafter referred to as "I" or "Client"; together with ALF, the "Parties").

## RECITALS

WHEREAS Client represents to ALF that Client is currently engaged in a pending legal claim and/or lawsuit or will be engaged in a legal claim and/or lawsuit.

WHEREAS Client has requested that ALF purchase the contingent right (or a portion thereof) to the proceeds of Client's legal claim or lawsuit to meet Client's immediate economic needs and ALF has agreed to purchase such contingent right to proceeds (or a portion thereof) from Client's legal claim or lawsuit for Client's life needs only.

NOW THEREFORE, in consideration of the above recitals and the mutual covenants contained herein, and intending to be legally bound hereby, ALF and Client agree as follows:

## SECTION 1
## FULL DISCLOSURE

1.1.    Non-Recourse Funding.  Non-Recourse Funding shall mean a transaction in which ALF purchases and Client assigns the contingent right to receive an amount of the potential proceeds (hereinafter as that term is defined in Section 2.4) of a settlement, judgment, award and/or verdict obtained in the Client's legal claim or lawsuit to ALF.

1.2.    Transaction Terms.  I have requested ALF to purchase the contingent right (or a portion thereof) to the proceeds the sum indicated below, at the instant such proceeds come into being.

| | |
|---|---|
| Principal Amount Advanced to Client: | **$25,000.00** |
| Application Fee: | **$500.00** |
| **Total Amount Funded:** | **$25,500.00 ("Purchase Price")** |

1.3.    Lawsuit Terms.  I have a claim for which I have filed or have started the process of filing a complaint that may entitle me to proceeds resulting from a settlement, judgment, award or verdict.  The matter is, or will be, captioned Walker v National Football League & NFL Properties LLC, et al, stemming from an incident occurring on or about  N/A and is, or will be, filed in the USDC- Eastern District of PA, State of Pennsylvania, with claim or docket number(s): 2:12-MD-02323-AB or any other related actions which shall include, without limitation, any lawsuits or claims in which I am asserting my legal rights, whether it is against the defendant(s) named in the lawsuit, or others, and shall include any claims based upon my original claim or lawsuit (hereinafter collectively referred to as the "Lawsuit").

## SECTION 2
## FUNDING AND REPAYMENT TERMS

2.1    Consideration.  In consideration for the receipt of the sum of TWENTY-FIVE THOUSAND AND 00/100 DOLLARS ($25,000.00) from ALF, I am selling and assigning to ALF all my right title and interest in, to and under an interest equal to the Purchase Price (as defined in Section 1.2 above), together with the accrued use fee (as that term is defined in Section 2.2), compounded monthly in six month increments (as detailed in Section 2.3 herein), and other fees or costs, from the proceeds of my Lawsuit to ALF.  IF I DO NOT RECOVER ANY PROCEEDS FROM MY LAWSUIT, I WILL NOT BE OBLIGATED UNDER THIS AGREEMENT TO REPAY ATLAS LEGAL FUNDING THE AMOUNTS ADVANCED INCLUDING THE ACCRUED USE FEE, COMPOUNDED MONTHLY AND OTHER FEES OR COSTS EXCEPT AS SET FORTH IN SECTION 6 BELOW.

(CLIENT INITIALS)

**ATLAS LEGAL FUNDING III, L.P.**
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

2.2    <u>Use Fee</u>.  The use fee shall be a charge in an amount equal to **1.99%** compounded monthly on the Purchase Price which is **$25,500.00**. I will pay this use fee on the outstanding amount, as detailed in Section 2.3 herein, until I satisfy my obligation(s) under this agreement.

2.3    <u>Repayment Schedule</u>.  ALF has calculated the total dollar amount to be repaid by you, for thirty-six months, including all fees with monthly compounding.

| Date of Payment | Amount Due |
| --- | --- |
| **On or before 12/14/2016** | **$28,700.25** |
| **After 12/14/2016 and on or before 6/14/2017** | **$32,302.14** |
| **After 6/14/2017 and on or before 12/14/2017** | **$36,356.06** |
| **After 12/14/2017 and on or before 6/14/2018** | **$40,918.75** |
| **After 6/14/2018 and on or before 12/14/2018** | **$46,054.06** |
| **After 12/14/2018 and on or before 6/14/2019** | **$51,833.85\*\*** |

**\*\* After this date contract ALF for the current amount due.**

2.4    <u>Proceeds</u>.  The term "proceeds" shall include any money paid as a consequence of the Lawsuit.  If the proceeds received are insufficient to pay the full amount due to ALF, then ALF's recovery will be limited to the proceeds of the lawsuit settlement, judgment or otherwise.

2.5    <u>Distribution</u>.  I hereby direct the Principal Amount Advanced to me to be distributed as follows:

**$25,000.00       payable to Tony Walker**

In addition to all amounts disbursed to Client or on Client's behalf, the Purchase Price includes an Application Fee of $500.00. I understand that the Application Fee is part of my obligation to ALF despite not being distributed to me.

2.6    <u>Waiver</u>.  I hereby waive any defense to payment of the sums due hereunder and represent and warrant that I will not seek to avoid payment of any money due to ALF under this Agreement.

2.7    <u>Understandings</u>.  I understand that the payment instructions set forth herein and in the Irrevocable Client Directive, incorporated by reference, are irrevocable, not subject to modification except by ALF or any successor in interest and only by written notice.  In the event of a conflict between the terms of this Agreement and the Irrevocable Client Directive, this Agreement shall govern.

2.8    <u>Compliance</u>.  I agree, if requested by Atlas Legal Funding, to fully cooperate and adjust for clerical errors on any or all Funding Documents if deemed necessary or desirable in the reasonable discretion of Atlas Legal Funding to enable Atlas Legal Funding to sell, convey, seek guaranty or market said advance to any entity.  Additionally, I agree that if a Funding Document is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Non-Recourse cash advances or Litigation Funding, or otherwise contains any errors or omissions, the undersigned shall upon request, within five (5) business days from the date of mailing said requests by Atlas Legal Funding, execute, acknowledge, initial, and deliver to Atlas Legal Funding any documentation Atlas Legal Funding deems necessary to replace or correct the lost, misplaced, misstated, inaccurate or otherwise missing Funding Document.  If the undersigned fails or refuses to execute, acknowledge, initial, and/or deliver a Funding Document to Atlas Legal Funding within time frame specified herein after being requested to do so by Atlas Legal Funding, the undersigned agrees to indemnify Atlas Legal Funding for any and all loss or damage which Atlas Legal Funding sustains by reason of the undersigned's failure or refusal to cooperate, including but not limited to attorney's fees and costs incurred by Atlas Legal Funding.  The undersigned also understands and acknowledges that Atlas Legal Funding may in its discretion pursue equitable relief against the undersigned for the undersigned's failure to cooperate or comply with the terms of this agreement, and Atlas Legal Funding may recover from the undersigned its costs, including reasonable attorney's fees, incurred in doing so.

3 of 10

**(CLIENT INITIALS)**

**ATLAS LEGAL FUNDING III, L.P.**
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

## SECTION 3
## SECURITY INTEREST

3.1    Security Interest.  I hereby grant ALF a Lien and Security Interest in the proceeds of the Lawsuit.  The amount due shall be withheld from any proceeds obtained as a result of the Lawsuit and after my attorney fees (including the expenses charged by my attorney for costs) and payment of only those liens that have priority by law, paid immediately upon collection to ALF.  I will not receive any money from the proceeds of the Lawsuit until ALF has been paid in full.  This shall also apply to any structured settlement of my Lawsuit.  I acknowledge that my receipt or use of any proceeds prior to the full re-payment to ALF shall constitute an illegal conversion and may well be a crime.

3.2    Independent Obligation.  In the event that the sale and assignment of my interest in the proceeds of the Lawsuit are not permitted by law, then I agree to pay ALF all of the funds due under this Agreement immediately upon the payment of the Lawsuit proceeds as a separate and independent obligation.

3.3    Knowledge.  I hereby agree that I will not knowingly create additional liens against the proceeds without satisfaction of my lien with ALF or the prior written consent of ALF.  I specifically promise not to create any liens against the proceeds of the case as a result of any fundings or advances that I might receive after the date of this agreement similar in nature to ALF.

3.4    Understandings.  I understand that I am not assigning my cause of action to ALF, but rather the contingent right to an amount of the potential proceeds of my Lawsuit

3.5    Attorney's Fees.  If any action or other proceeding is brought for enforcement of this Agreement or because of an alleged dispute, breach, default, or misrepresentation in connection with this Agreement, the prevailing Party shall be entitled to attorney's fees and other costs incurred in that action or proceeding, whether or not a lawsuit is filed, in addition to any other relief to which it or they may be entitled.

3.6    **CLIENT'S RIGHT TO MAKE DECISIONS.  ALF SHALL HAVE NO RIGHT TO AND WILL NOT MAKE ANY DECISIONS WITH RESPECT TO THE CONDUCT OF THE UNDERLYING CIVIL ACTION OR CLAIM OR ANY SETTLEMENT OR RESOLUTION THEREOF AND THAT THE RIGHT TO MAKE THOSE DECISIONS REMAINS SOLELY WITH CLIENT AND CLIENT'S ATTORNEY IN THE CIVIL ACTION OR CLAIM.**

## SECTION 4
## RIGHT OF CANCELLATION

4.1    **CLIENT'S RIGHT TO CANCELLATION.  CLIENT MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE (5) BUSINESS DAYS OF RECEIPT OF FUNDING FROM ALF.**

4.2    Cancellation.  In order for the cancellation to be effective, I understand that I must notify ALF in writing and return the exact amount advanced to me by ALF.  I may do this by making personal delivery or via mail by insured, registered or certified US mail postmarked within **FIVE (5) BUSINESS DAYS** of receipt of funds from ALF to ALF's principal place of business listed above: (A) the undeposited (or un-cashed) check provided to me by ALF; (B) a Certified or Bank check in the exact amount advanced to me by ALF; or (C) a Money Order in the exact amount advanced to me by ALF.

## SECTION 5
## CREDIT AND INFORMATION RELEASE

5.1    ALF may obtain a consumer credit report and/or other financial and credit information as part of the proposed transaction.

5.2    I hereby authorize any credit reporting agency, information service bureau, institution, attorney, or insurance company contacted by ALF or its agents, to furnish a credit report, other financial, credit or legal information, information concerning liens and judgments against me and other information requested as part of the proposed transaction until I have completely satisfied my obligations under the agreement.

5.3    I understand that this authorization is valid for purposes of verifying information given pursuant to business negotiations, or any other lawful purpose covered under the Fair Credit Reporting Act (FCRA).  Upon written request, ALF will provide credit reports they obtained, if any, and, if so, the name and address of the credit reporting agency that provided it.  I certify

_____ (CLIENT INITIALS)

## ATLAS LEGAL FUNDING III, L.P.
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

the information provided to Atlas Legal Funding in the application and underwriting process is true, accurate and complete. I also authorize Atlas Legal Funding to report this transaction and matters related to it to any of the above entities.

5.4      Additionally, I direct and authorize my attorney and any subsequent attorney(s) to cooperate and release to Atlas Legal Funding, or its affiliates any and all information and documents pertaining to my current legal claim or lawsuit, including pleadings, discovery, investigation, contracts, medical records/reports, depositions, and all other information in the file not protected by the attorney-client privilege, the work product doctrine, or other applicable evidentiary privileges or protections.

### SECTION 6
### ACCURACY OF INFORMATION

6.1      <u>Representations and Warranties of Client</u>. If I made a material misstatement, misrepresentation or omission of material fact in my application or in connection with my Lawsuit, or committed a fraudulent or criminal act either in connection with the transaction, or in a matter that would adversely and significantly impact my Lawsuit (unless disclosed to ALF prior to funding) then I will be liable to ALF for all sums advanced, together with outstanding fees and charges without regard to the outcome of my Lawsuit.

6.2      <u>Additional Representations and Warranties of Client</u>. I represent and warrant as follows:

     6.2.1      I have full power and authority to enter into this Agreement and do not require the consent of any third party, except as shall be required by law, rule or regulation. I have not entered into this Agreement for the purpose of evading creditors. I am of sound mind and not acting under duress.

     6.2.2      I am not indebted to any present or former spouse for support, maintenance or similar obligations, nor am I indebted to any child, or the guardian of any child, for any child support or similar payments and the proceeds of the Lawsuit are not subject to any lien by any governmental agency to which payment for such benefits would be owed.

     6.2.3      I have paid all Federal, state and local taxes due through and including the date hereof or have made adequate provisions for such payments.

     6.2.4      **Other than those listed in Section 8.10**, there are no pending bankruptcies, outstanding or unsatisfied judgments, or other judgments, levies, claims or liens (including, but not limited to, such liens for Medicare, Medicaid, Welfare, State Aid, State health, etc.) and that there are no pending criminal allegation(s) or charge(s) against me **except as disclosed below.**

     Other Liens: _____NONE_____      Pending Criminal Allegations: _____NONE_____

     6.2.5      The Statements in this Agreement and any and all other documents executed and delivered in connection herewith are true, accurate and complete as of the date hereof and I have made no material omissions or misrepresentations in this Agreement or the documents executed and delivered in connection herewith and that neither this agreement nor the documents executed and delivered in connection herewith and made a part hereof contain any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements herein and therein incomplete or materially misleading.

     6.2.6      I have not relied on representations or statements made by ALF, its agents or attorneys, and I have sought and received independent tax, financial and legal advice with this transaction.

     6.2.7      I intend this transaction to be and agree that this transaction is a purchase and sale.

### SECTION 7
### NOTIFICATIONS

7.1      <u>Change of ___ Contact Numbers</u>. I will receive any notices required at the address I have first listed above. My contact number is ___ d my alternative contact number is ___. My E-mail address is ___. If I move or my contact information changes, I will not___ ___ provide my new contact information in writing within forty-eight (48) hours of the change.

5 of 10

_____ (CLIENT INITIALS)

**ATLAS LEGAL FUNDING III, L.P.**
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

7.2    Cooperation.  I have instructed my attorney to cooperate with ALF and to give ALF periodic updates of the status of my case as ALF may request.  If I change attorneys I will notify ALF within forty-eight (48) hours of the change and provide ALF with the name, address, and phone number of my new attorney.

7.3    Notices.  Any notices required under this Agreement or given in connection with this Agreement, shall be in writing (except as set forth in Section 4 above which notification shall be made in the manner required therein) and shall be given to the appropriate party by personal delivery or by certified mail, postage prepaid, or by recognized overnight delivery service to the addresses listed on the first page of this Agreement.

**SECTION 8**
**MISCELLANEOUS**

8.1    Governing Law & Venue.  I agree that any disputes that may arise out of this Agreement shall be construed and interpreted under the laws of the State of New Jersey.  Venue for any dispute arising from the Agreement shall lie in Newark, New Jersey, and the Parties agree that any Federal lawsuits arising from this Agreement shall be filed and maintained in the United States District Court for the District of New Jersey in Newark, New Jersey.  **The Parties understand that the "choice of law", forum, and venue clauses contained herein are critical in nature and are essential to the Agreement.**

8.2    **NO CONSOLIDATION OR CLASS ACTION.   I HEREBY EXPRESSLY WAIVE THE RIGHT TO CONSOLIDATE, OR TO HAVE HANDLED AS A CLASS ACTION, ANY PROCEEDINGS, CONTROVERSIES, ARBITRATIONS OR DISPUTES OF ANY NATURE INVOLVING ANY PERSON OR ENTITY WHO IS NOT A PARTY TO THIS AGREEMENT.**

8.3    Dispute Resolution.

8.3.1    All disputes which may arise between the parties hereto out of, in relation to or in connection with this Agreement shall be settled by arbitration in accordance with the New Jersey Arbitration Act.  The Parties agree that that the arbitration will be conducted pursuant to the Consumer Rules of the American Arbitration Association.  The Client hereby waives their right to seek relief for any dispute in a court of law or equity.  The decision of such arbitration shall be binding on both Parties and a judgment on an award rendered shall be entered pursuant to this Section.

8.3.2    Exclusive jurisdiction over entry of judgment on any arbitration award rendered  pursuant to this Section or over any dispute, action or suit arising therefrom shall be in any court of appropriate subject matter jurisdiction located in New Jersey, and the Parties by this Agreement expressly subject themselves to the personal jurisdiction of said court for the entry of any such judgment and for the resolution of any dispute, action, or suit arising in connection with the entry of such judgment.

8.3.3    If it is determined by the arbitrators that one Party was in default hereof or instituted (or defended) such arbitration proceeding not in good faith or without a reasonable basis in law or fact (the "Defaulting Party"), the Defaulting Party shall bear the costs of the arbitration proceeding and pay to the other Party the reasonable attorney's fees and costs incurred, which amounts shall be separately determined by the arbitrators in such proceeding and become part of the amount of the arbitration award, payable by the Defaulting Party to the other Party.

8.4    Entire Agreement.  This Agreement constitutes the entire agreement between the Parties and there are no representations, warranties, covenants, or obligations except as set forth herein.  This Agreement may only be modified in writing.  This Agreement supersedes all prior and contemporaneous agreements, understandings, negotiations, or discussions, written or oral, of the Parties, relating to or arising from any transaction contemplated by the Agreement.  This Agreement shall be binding on, and inure to the benefit of, the Parties hereto and their successors and assigns.

8.5    Disbursement.  In the event of a dispute as to the amount owed to ALF when the Lawsuit is resolved, it is expressly understood that my attorney shall not disburse any funds to me, or on my behalf, except for attorney's fees and/or disbursements incurred by my attorney in connection with the Lawsuit.  I hereby make the foregoing irrevocable direction to my attorney, or his successors.

8.6    Enforceability.  If any provision of this Agreement shall be deemed invalid or unenforceable, it shall not affect the validity or enforceability of any other provision hereof.

6 of 10

_____ (CLIENT INITIALS)

**ATLAS LEGAL FUNDING III, L.P.**
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462   (Fax) 201-293-4470

8.7     Assignment. ALF, its assigns and/or successors, may sell, transfer, convey or assign its security interest created hereunder, one or more times, in whole or in part. Upon sale, transfer, conveyance or assignment, ALF, its assigns and/or successors may provide notification of such sale, transfer, conveyance or assignment. Failure to provide any prior notice of sale, transfer, conveyance or assignment, shall not be construed as a waiver of any rights hereunder.

8.8     Champerty. Certain jurisdictions prohibit "Champerty". Champerty makes it illegal to acquire someone else's right to sue. I understand and acknowledge that ALF is **NOT** acquiring my right to sue, that I have started or intend to file a lawsuit that a lawsuit or potential lawsuit absolutely belongs to me and no one else and that ALF will NOT be involved in decisions made by me and my attorney regarding a lawsuit or potential lawsuit. This is an investment and not a loan, but should a court of competent jurisdiction construe it to be the latter, I agree that interest shall accrue at the maximum rate permitted by the state.

8.9     Counterparts. This Agreement may be executed in separate counterparts. A signature transmitted by Facsimile shall be effective with the same force and effect as an original signature.

8.10    Prior Fundings Disclosure. Any and all prior receipt of funds of a similar nature are disclosed below, you must check the appropriate box:

➡️  ☑ I have **NOT** received any funds of a similar nature to that of Atlas Legal Funding prior to receiving funds from Atlas Legal Funding.

**OR**

➡️  ☐ I have received funds of a similar nature to that of Atlas Legal Funding prior to receiving funds from Atlas Legal Funding as listed below.

Company(s): _____    Date of Funding(s): _____    Amount(s): _____

I hereby accept the terms and conditions of this Agreement, and grant ALF a Security Interest and Lien as per the terms hereof, and assign the proceeds of my lawsuit to the extent specified in this Agreement as of the date first above written.
**I AM AWARE THAT I MAY NOT ACCEPT ANY FUNDS OR ADVANCES AGAINST MY LAWSUIT FROM ANY OTHER FUNDING COMPANY UNLESS I FIRST REPAY ALF IN FULL, AND SATISFY THE LIEN AND SECURITY INTEREST UNLESS PERMISSION TO DO SO IS GRANTED IN WRITING BY ALF.**
**I UNDERSTAND THAT NO FUNDS FROM MY PORTION OF THE SETTLEMENT, COLLECTION, JUDGMENT, COMPROMISE OR ANY OTHER COLLECTION RESULTING FROM THIS CASE WILL BE DISBURSED TO ME WITHOUT FIRST SATISFYING ATLAS LEGAL FUNDING'S LIEN.**
**DO NOT SIGN THIS AGREEMENT BEFORE YOU HAVE READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES.   YOU ARE ENTITLED TO A COMPLETELY EXECUTED COPY OF THIS CONTRACT.   BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY.**

_Tony Walker_                          Tony Walker                  _____      _____
Client Signature                       Client Name                  Date of Birth             Social Security Number

_____                David D. Langfitt, Esq.,as Durable Power of Attorney for Tony Walker
Client Signature                       Client Name

State of Pennsylvania County of Philadelphia _____ ) s.s.

On this 15th day of June _____, 20 16, before me personally came David Langfitt _____, (each) known to me, and known to me by the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JANET E LEWIS
Notary Public
CITY OF PHILADELPHIA, PHILADELPHIA CNTY
My Commission Expires May 9, 2018

7 of 10

_Janet E Lewis_
Notary Public

_JW_ (CLIENT INITIALS)

## ATLAS LEGAL FUNDING III, L.P.
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

### IRREVOCABLE CLIENT DIRECTIVE

Date:                 6/14/2016
Name:                 **Locks Law Firm**
Attn:                 **David D. Langfitt, Esq.**
Address:              **The Curtis Center, 601 Walnut St., Suite 720 East**
City, State, Zip:     **Philadelphia, PA 19106**

RE:    Irrevocable Client Directive:    **Tony Walker**
       Matter Name:                     **Walker v National Football League & NFL Properties LLC, et al**
       Docket/Index Number(s):          **2:12-MD-02323-AB**

Dear Mr. Langfitt, Esq.;

This letter along with copies of the executed Funding Agreement, confirm that **Tony Walker** (hereinafter referred to as "I" or "Client") am irrevocably granting a lien and security interest in the proceeds from any settlement of my pending case (as described therein) to "Atlas Legal Funding III, L.P." (hereinafter referred to as "ALF" or "Atlas Legal Funding").  **By executing this letter I hereby instruct you as my attorney to act in accordance with the terms and conditions contained in this Irrevocable Client Directive:**

1.   In order to satisfy my obligations to ALF, I instruct you upon receipt of the settlement check and/or settlement proceeds, to deposit same (whether payable to me individually, or to me jointly with your law firm) into your escrow/attorney trust account immediately.
2.   Before disbursing any settlement or judgment proceeds from my claim, please have your office contact ALF at 1-201-293-4462 to confirm the amount due under the terms of my Funding Agreement.  **PLEASE BE ADVISED THAT YOU MAY NOT DISBURSE ANY FUNDS FROM MY PORTION OF THE SETTLEMENT, COLLECTION, JUDGMENT, COMPROMISE OR ANY OTHER COLLECTION RESULTING FROM THIS CASE WITHOUT FIRST SATISFYING ATLAS LEGAL FUNDING'S LIEN.**
3.   Upon disbursing any settlement or judgment proceeds from my claim, before any proceeds are distributed to me, please deduct and forward all amounts payable to ALF via mail to: **Atlas Legal Funding III, L.P., 700 Plaza Drive, Secaucus, NJ 07094.**
4.   Upon request, disclose to ALF the gross settlement amount from my claim (for ALF internal purposes only).
5.   Promptly notify ALF if there are any other assignments or liens (of any kind whatsoever) on this claim now or in the future including without limitation federal, state or local tax liens, liens for child support, bankruptcy, outstanding or unsatisfied judgments, or other judgments, levies, claims or liens (including but not limited to such things as Medicare, Medicaid, Welfare, State Aid, State health, etc.)
6.   If in the future, you are no longer representing me in this claim, promptly notify ATLAS LEGAL FUNDING within forty-eight (48) hours.
7.   Cooperate with ATLAS LEGAL FUNDING by providing, upon request, any information regarding my claim (including periodic updates) and the defendant(s) to ATLAS LEGAL FUNDING that does not violate the attorney/client privilege.

Very truly yours,

_Tony Walker_ (signature)
**Client Signature**          Tony Walker
                              **Client Name**

_(signature)_
**Client Signature**          David D. Langfitt, Esq.,as Durable Power of Attorney for Tony Walker
                              **Client Name**

State of Pennsylvania          County of Philadelphia          ) s.s.

On the 15ᵗʰ day of June 20 16, before me personally came David Langf
(each) known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

_Janet E_ (signature)
                              Notary Public

                                                        _(signature)_ (CLIENT INITIALS)

COMMONWEA...

NOTARIAL SEAL
JANET E LEWIS
Notary Public
CITY OF PHILADELPHIA, PHILADELPHIA CNTY
My Commission Expires May 9, 2018

8 of 10

## ATLAS LEGAL FUNDING III, L.P.
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

### ATTORNEY ACKNOWLEDGMENT

As an attorney for Tony Walker, with Locks Law Firm ("the Firm"), I acknowledge receipt of the Irrevocable Client Directive, individually and as an authorized representative of the Firm.  I understand that this Irrevocable Client Directive is a material part of the Funding Agreement dated 6/14/2016 entered into between Atlas Legal Funding III, L.P. (hereinafter referred to as "ALF" or "Atlas Legal Funding") having its principal place of business at 700 Plaza Drive, Secaucus, New Jersey 07094 and Tony Walker residing a _____ mafter referred to as "Client"; together with ALF, the "Parties") and I will comply with the conditions contained therein.  To give further assurances to Atlas Legal Funding, I make the following representations on behalf of the Firm and myself:

1.  I acknowledge that I have reviewed the Funding Agreement and all costs and fees.
2.  I acknowledge that the Firm is being paid with respect to this matter on a contingency fee basis per a written fee agreement.
3.  I acknowledge that all proceeds from this matter will be disbursed via the Firm's trust account or a settlement fund established to receive the proceeds from this matter from the defendant on behalf of the Client.
4.  I acknowledge that my Client Tony Walker granted Atlas Legal Funding a lien and security interest against the proceeds of his/her/their case as a consequence of executing the Funding Agreement with Atlas Legal Funding.
5.  I acknowledge that pursuant to the Funding Agreement, my Client has sold and assigned a portion of their proceeds to Atlas Legal Funding.
6.  I acknowledge that I will follow all the terms and conditions contained in the Irrevocable Client Directive and will honor the terms of your Funding Agreement.
7.  I am not aware of any other lien(s) attached to this case that are the result of a funding similar in nature to that of Atlas Legal Funding.
8.  I acknowledge that the Funding Agreement prohibits my Client from creating or obtaining any other liens resulting from a funding similar in nature to that of Atlas Legal Funding unless Atlas Legal Funding's lien is satisfied in full.
9.  I have not provided a letter of protection to a third party except as follows:
    a. _____
    b. _____
    c. _____
10. **Prior to making any distribution to my Client from the settlement check, and/or settlement proceeds, I will contact Atlas Legal Funding to ascertain the total amount due to Atlas Legal Funding and will not remit any funds or a portion thereof to my Client or on my Client's behalf, other than attorney's fees and costs, until Atlas Legal Funding's lien is satisfied in full.**
11. I understand that making a check or accompanying letter to the effect of a release of claim or "in full satisfaction", absent a written confirmation that ALF will accept a lesser sum, will not have a legal effect and that you are authorized to deposit said check without prejudice to your rights to collect payment in full.
12. Tony Walker's case is still pending, in active status, and is part of In Re: National Football League Players Concussion Injury Litigation Class Action.
13. I represent that this case is being vigorously defended as to both liability and damages and make no guarantee that my client will be successful or will recover sufficiently to satisfy ALF's lien in whole or in part.
14. If in the future, I am no longer representing Client in this claim, I shall promptly notify ATLAS LEGAL FUNDING within **forty-eight (48) hours.**

I acknowledge I am the attorney of record in the case captioned Walker v National Football League & NFL Properties LLC, et al, with claim or docket number(s): 2:12-MD-02323-AB.  I further certify that I have received a copy of and reviewed the Funding Agreement prepared in connection with the case and explained the material terms to my client.

ATTORNEY SIGNATURE: _____     DATE: 8/15/16

PRINT ATTORNEY NAME: _DAVID D GINSBTTT_____

9 of 10

_TW_ (CLIENT INITIALS)

**ATLAS LEGAL FUNDING III, L.P.**
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462    (Fax) 201-293-4470

**DISTRIBUTION FORM & SURVEY**

Client Name(s):   Tony Walker
Matter Caption:   Walker v National Football League & NFL Properties LLC, et al
Docket Number(s):   2:12-MD-02323-AB

Indicate below the delivery method of funds by <u>checking the appropriate box</u> and filling in the information requested:

☐ **CHECK**: (please check one box)
I would like my funds delivered:

☐ **Express Delivery Service**: Requires a signature and a physical address, NOT a P.O. Box. The undersigned agrees to pay a **delivery fee of $45.00**, which will be deducted from the Client's advance proceeds. **No Weekend Delivery.**

**OR**

☐ **U.S. Postal Mail** (FREE);

DELIVER CHECK TO ADDRESS: (complete information below)

| Street Address | City | State | Zip Code |
|---|---|---|---|

PHONE NUMBER: _____    ATTENTION: _____

**WIRE:**
I would like my proceeds wired to my Account or Attorney's Trust Account. In selecting this option, the undersigned agrees to the **wiring fees of $45.00**, which will be deducted from the Client's advance proceeds. Requests for wires must be completed by 2:00 pm EST to be executed the same day. (Atlas Legal Funding III, L.P. is not responsible for the length of time your financial institution takes to process the wire)

Please provide the following information **AND A COPY OF A VOIDED CHECK:**

BANK NAME: ___CHASE___
BANK CITY & STATE: ___INDIANAPOLIS    INDIANA___
BANK ABA OR ROUTING # (9 DIGITS): _____
NAME(S) ON ACCOUNT: ___TONY M. WALKER___
ADDRESS ON ACCOUNT: _____
ACCOUNT NUMBER: _____
ACCOUNT TYPE: ___CHECKING___
SPECIAL INSTRUCTIONS: _____

**Survey.** Please take a moment to write a short statement telling us how we have helped you in your time of need.

By signing below, I agree to the terms of the Distribution Form and understand that I am responsible for the information that I have provided on this form and that Atlas Legal Funding is not responsible for any problems in delivery or transfer of funds, so long as it follows my instructions.

_____  6/15/16
Client Signature     Date

Tony Walker
Client Name

_____  6/15/16
Client Signature     Date

David D. Langfitt, Esq., as Durable Power of Attorney for Tony Walker
Client Name
10 of 10

_TW_ (CLIENT INITIALS)

# EXHIBIT 5

10/27/2017                          Christopher A. Seeger: Executive Profile & Biography - Bloomberg

Professional Services
**Company Overview of Seeger Weiss LLP**

**Snapshot**                                     Peo|

Overview   **Board Members**   **Committees**

**Executive Profile**

# Christopher A. Seeger

Partner, Seeger Weiss LLP

| Age | Total Calculated Compensation | This person is connected to **0** Board Member in **0** organization across **3** different industries. |
|-----|-------------------------------|--------------------------------------------------------------------------------------------------------|
| -- | -- | |

**Background**

Mr. Christopher A. Seeger is a Partner at Seeger Weiss LLP. Mr. Seeger was appointed to leadership positions in numerous state and federal actions involving pharmaceuticals, including: Vioxx, Zyprexa, Rezulin, PPA and Ephedra. Mr. Seeger served as a Director of Esquire Financial Holdings, Inc. and Esquire Bank until May 26, 2016. He is a founding member of Seeger Weiss LLP. Mr. Seeger is admitted to practice law in state courts in both New York and New Jersey as well ...

Read Full Background

**Corporate Headquarters**
One William Street
New York, New York 10004

United States

Phone: 212-584-0700
Fax: --

**Board Members Memberships**

There is no Board Members Memberships data available.

**Education**
**Unknown/Other Education**
The City University of New York

**LLB**
Benjamin N. Cardozo School of Law

**Other Affiliations**

The City University of New York
Benjamin N. Cardozo School of Law
Esquire Bank, National Association
Esquire Financial Holdings, Inc.

**Annual Compensation**

There is no Annual Compensation data available.

**Stocks Options**

There is no Stock Options data available.

**Total Compensation**

There is no Total Compensation data available.

**Request Profile Update**

\

## From Around the Web

**Angelina Jolie's New Go-To Travel Shoe Is Surprisingly Affordab**
Vogue | Everlane

**Take the power of Bloomberg with you.**

Install Bloomberg for Chrome

**What Tiger Woods' Ex-Wife Looks Like Now Left Us With No Worus**
Hyperactivz

**She Had No Idea Why The Crowd Started Cheering**
Journalistate

**Liberal Waitress Gets Table Full of Republicans, Then She Looks at the Bill**
LifeDaily.com

**Bill Gates and Wife Live In A House That Goes Beyond Human Imagination**
Credit Tips Today

**What Happened To Jenna Jameson? We Can't Look Away... The New Look Is Mesmerizing**
Kiwi Report

# EXHIBIT 6

1.800.LAW.CASH (1.800.529.2274)          Select Language   ▾


The Nation's Premier Pre-Settlement Funding Company

For Plaintiffs    For Attorneys    About Us    Contact Us     APPLY NOW

APPLY NOW

## Esquire Bank Attorney Funding

We are now offering lawyers and law firms pre-settlement funding. With our pre-settlement funding program, we typically take a look at a lead case or a group of cases to be collateralized. We are going to look at three things while analyzing those cases. We are going to look at the liability, the damages, and the insurance coverage associated with those cases. We are going to come up with how much we feel those cases are ultimately worth and advance the requesting attorney a percentage of the future potential fees. The benefits of this program are clear. There are no upfront payments. There are no monthly payments. In fact, you don't have to pay us back until the case is settled. It is important for contingency fee attorneys because there will be no repayment obligation until you have success. Attorneys and law firms can apply here for their clients. You can also contact LawCash, or reach us at 1-800-529-2274 for more information.

Back to Video Gallery

Home    For Plaintiffs    For Attorneys    About Us    Contact Us





1-800-LAWCASH (529-2274)

Copyright LawCash 2017. All Rights Reserved.

**Disclaimer:** Please note that pre- and post-settlement litigation financing advances are not traditional loans. Pre- and post-settlement litigation financing advances fall into the category of funding known as "non-recourse funding." Repayment of litigation financing advances is contingent on winning or settling the lawsuit.

# EXHIBIT 7

1.800.LAW.CASH (1.800.529.2274)                                    Select Language    ▼


The Nation's Premier Pre-Settlement Funding Company

For Plaintiffs    For Attorneys    About Us    Contact Us        APPLY NOW

APPLY NOW

# Lawsuit funding to maximize recovery for plaintiffs

We are here to help you recover and live comfortably while waiting for your lawsuit to resolve. LawCash® provides lawsuit funding, surgical financing, and settled case funding for plaintiffs.

## PRE-SETTLEMENT FUNDING

Our advances help plaintiffs pay their bills. Pre-settlement funding levels the playing field against large defendants and insurance companies. The injured can then fully recover, as they deserve to do.

## CASE TYPES

Helping those with personal-injury lawsuits and other types of claims recover. LawCash provides lawsuit advances in a variety of negligence cases, including motor vehicle accidents, Jones Act, products liability, wrongful imprisonment, police brutality, NFL concussion, and medical malpractice lawsuits, among many others.

## SURGERY FUNDING

Lawsuit surgery funding helps plaintiffs get the care they need without settling too soon. Often, accident victims and other injured plaintiffs need medical care but cannot afford it. Surgery funding advances can make the difference.

## SETTLED CASE FUNDING

When your case settles but you still have to wait months or more to receive payment. Settled case funding bridges the gap between resolution and recovery. This service is necessary because often there is a long time between settlement and payment.

## PLAINTIFF FAQ

Everything you need to know about lawsuit funding.  If you are a lawsuit plaintiff looking for a lawsuit funding advance while your claim resolves, you may have many questions and concerns. If you have already received funding from us, you may have additional questions.

## PLAINTIFF TESTIMONIALS

We are proud to help see that justice gets done. Testimonials from plaintiffs helped by lawsuit funding show the need for our service, which enables those who would otherwise be left behind to secure a full and fair recovery.

## PLAINTIFF FORMS

LawCash lawsuit application forms for new and existing clients in need of funding. Click here if you are frustrated by the process and your injuries and bills are piling up. Current clients in need of additional advances as well as new clients will find all the information they need to get started.

## Get Started

Apply Now for a Lawsuit Funding Advance

**\*Full Name**

First

Last

**\*Phone Number**

**\*Email**

**\*Contact Me By**

◯ Email

◯ Phone

**\*State**

Alabama

**\*Type of Case/What Happened**

**\*Description of Injuries**

**\*Name of Law Firm**

Submit

## Litigation Financing

Error loading this resource



 



1-800-LAWCASH (529-2274)

Copyright LawCash 2017. All Rights Reserved.

**Disclaimer:** Please note that pre- and post-settlement litigation financing advances are not traditional loans. Pre- and post-settlement litigation financing advances fall into the category of funding known as "non-recourse funding." Repayment of litigation financing advances is contingent on winning or settling the lawsuit.