UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Case No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>The Honorable Anita B. Brody |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>      Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**"NON- PARTY/OBJECTOR", CAMBRIDGE CAPITAL GROUP, LLC, RESPONSE AND OPPOSITION TO THE COURT'S JURISDICTION TO ENTERTAIN CO-LEAD CLASS COUNSEL'S MOTION TO (1) DIRECT CLAIMS ADMINISTRATOR TO WITHHOLD ANY PORTIONS OF CLASS MEMBER MONETARY AWARDS PURPORTEDLY OWED TO CERTAIN THIRD-PARTY LENDERS AND CLAIMS SERVICES PROVIDERS, AND (2) DIRECT DISCLOSURE TO CLAIMS ADMINISTRATOR OF EXISTENCE OF CLASS MEMBER AGREEMENTS WITH ALL THIRD PARTIES**

MARTIN L. BLACK, ATTORNEY AT LAW, LLC
4909 N. Monroe Street
Tallahassee, Florida 32303
(850)354-8008
mbmblack8@gmail.com.
Attorney for Non-Party/ Objector
Cambridge Capital Group, LLC

1

I.      INTRODUCTION

Non-Party/ Objector, Cambridge Capital Group, LLC ("Cambridge Capital), submits this response in opposition for the limited purpose of challenging this Court's jurisdiction to entertain Co-lead class counsel's motion seeking an order that would, in part, direct the Claims Administrator to withhold any portions of class member monetary awards purportedly owed by class members to certain third-party lenders, including Cambridge Capital.

It is the position of Cambridge Capital that Co-lead Counsel's Motion to the Court To Direct the Claims Administrator to Withhold Funds and (2) Direct Disclosure to the Claims' Administrator of existence of Class Members Agreements with all third parties, should be denied due to the absence of both subject matter and personal jurisdiction.

The Court's concern over deceptive practices targeting Settlement Class Members and the Court's concern and responsibility for managing this class action litigation, pursuant to Federal Rule of Civil Procedure 23, cannot displace the jurisdictional prerequisites that apply to all federal court cases.

In moving for an order that would, in part, direct the Claims Administrator to withhold funds from Cambridge Capital and other third-parties, Co-lead class counsel has failed to establish both this Court's subject matter jurisdiction over the purported dispute and personal jurisdiction over Cambridge Capital and the other named *Non-Party* lenders outlined in its' Motion.

As an initial matter, there is no "case or controversy" required to invoke this Court's subject matter jurisdiction. Stated simply, Co-lead class counsel has no constitutional standing to pursue the relief sought via the instant motion. Standing is lacking for several equally prevailing

2

reasons. First, there is no "concrete and particularized" injury. Second, co-lead class counsel has made no factual showing of a causal connection between any purported injury and Cambridge Capital conduct. Third, the remedy sought via the motion will not redress any presupposed injury.

Even if there was a "case or controversy" (which there is not), this Court does not have subject matter jurisdiction over the dispute. Despite Co-lead class counsel's assertion to the contrary, Federal Rule of Civil Procedure 23(d) does not create jurisdiction. The All Writs Act also fails to provide subject matter jurisdiction, even though the relief Co-lead class counsel seeks is injunctive in nature. Finally, there is no basis for supplemental jurisdiction to be granted as any potential "case or controversy" would not be related to the action presently before the Court.

Personal jurisdiction is also absent. Cambridge Capital has had no contact with the Commonwealth of Pennsylvania and it would offend traditional notions of fairness and justice to force it to defend itself in said venue. Moreover, personal jurisdiction over Cambridge Capital is lacking because Cambridge Capital is a Non- Party to this litigation and was not properly served with the Motion To Withhold Funds and (2) Direct Disclosure to the Claims' Administrator of existence of Class Members Agreements with all third parties, or any other summons to appear and plead before this Court.

## II.  FACTS

As the moving party, the burden was on Co-lead class counsel to come forward with facts establishing both this Court's subject matter and personal jurisdiction. *See Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc.*, 269 F. Supp. 2d 547 (D.N.J. 2003) (citing *Mellon Bank (East) P.S.F.S. v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)) (personal jurisdiction); *GBForefront, L.P. v.*

*Forefront Mgmt. Group, LLC*, No. 11-7732, 2016 U.S. Dist. LEXIS 129304, at *7-8 (E.D. Pa. Sept. 21, 2016) (subject matter jurisdiction). In that regard, the facts offered by Co-lead class counsel are more notable for what they fail to state than for what they do.

While Co-lead class counsel states that "over nine hundred (and possibly over 1,000) Class Members have contracted away portions of their potential future monetary awards to certain third parties, possibly under less-than-transparent circumstances or via assignments that are prohibited under the Settlement Agreement (for the reasons laid out in recent briefing)" (ECF 8470-1 at 4), Co-lead class counsel offers no evidence of any concrete injury sustained by any class member caused by Cambridge Capital or any other Non-party named in the instant motion before the Court. Co-lead counsel also fails to offer any fact or even argument showing how the requested relief will redress any purported injury. Absent a clear articulation of these facts, this court's subject matter jurisdiction cannot be established.

Additionally, Co-lead class counsel has failed to present the Court with facts necessary to establish this Court's personal jurisdiction. Cambridge Capital has not done and does not do, any business within the Commonwealth of Pennsylvania. None of the class members with whom it has contracted are residents of Pennsylvania. In all, Cambridge Capital has no contacts with this forum, let alone the minimum contacts that is necessary to establish personal jurisdiction.

### III. ARGUMENT

#### A. The Court Lacks Subject Matter Jurisdiction To Decide The Motion To Withhold Funds

##### 1. There Is no Article III "Case or Controversy" as Required for this Court to Have Subject Matter Jurisdiction

A threshold concern for all federal courts is the presence, or absence, of constitutional standing. Standing is a "core component" and "an essential and unchanging part of the case-or-

4

controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The standing requirement, as governed by Article III of the Constitution, permits federal courts to adjudicate only cases or controversies. Constitutional standing entails three requisite elements.

> First, the plaintiff must have suffered an **"injury in fact"**—an **invasion** of a **legally protected interest** which is (a) **concrete** and **particularized**, and (b) **"actual or imminent, not 'conjectural' or 'hypothetical,'** " Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Id.* (quotations and citations omitted; emphasis in original); *Knick v. Twp. of Scott*, 862 F.3d 310, 317 (3d Cir. 2017) ("'[T]he irreducible constitutional minimum of standing contains three elements': injury in fact, causation, and redressability.") (quoting *Lujan*). As the Third Circuit has held, the first element of injury in fact "'is often determinative.'" *Id.* at 318 (quoting *Toll Bros. v. Twp. of Readington*, 555 F.3d 131, 138 (3d Cir. 2009). Even when a sufficient injury is alleged, it must also be "fairly traceable to the challenged action[ ] and redressable by a favorable ruling in accordance with the remaining two elements of standing." *Id.* (quotation omitted). Co-lead class counsel's motion fails to satisfy any of these three requisite elements.

First and foremost, the instant motion is devoid of any mention of any injury suffered by any plaintiff class member. There is no allegation of a "concrete and particularized" injury suffered by a single class member or even a class representative. Despite co-lead class counsel's contention that "possibly over a 1,000" class members have contracted away a portion of their monetary awards (ECF No. 8470-1 at 4), Co-lead class counsel fails to submit a single affidavit from a class member alleging injury with the instant motion.

5

Tellingly, the Motion To Withhold Funds is brought by *Co-lead class counsel*, not by any class member. And, at best, Co-lead class counsel, not any class member, offers only insufficient "conjectural and hypothetical" allusions to injury – Co-lead class counsel does not articulate any specific allegations of harm or misconduct. *Lujan*, 504 U.S. at 560. As the Third Circuit has cautioned, these "[g]eneralized grievances will not suffice" to create an injury for purposes of establishing a "case or controversy." *Knick*, 862 F.3d at 317.

Second, the Motion To Withhold Funds fails to causally connect any purported injury to Cambridge Capital's conduct. Even if some injury could be traced to the conduct of some third-party—a showing Co-lead class counsel has not deigned to make—it would not be sufficient. For Article III standing to exist, there must be a *causal* connection between an injury and Cambridge Capital's conduct, and no such conduct has been presented to the Court.

Third, Co-lead class counsel makes no attempt to establish that any purported injury will "likely" be redressed by a favorable decision on its Motion To Withhold Funds. Co-lead class counsel seeks an order directing the Claims Administrator to withhold *from class members* that portion of any settlement funds class members owe to third-party lenders. Co-lead class counsel ignores that once the remaining funds are dispensed to class members that the repayment obligation of the class member to the Non-party lender will be triggered against the class member in the State in which the contractual obligation was initiate. Thus, the only thing that will be achieved by granting the relief unlawfully requested by Co-counsel's Motion To Withhold Funds, will be a reduction in settlement amounts realized by class members and the

6

real probability of the class members having to engage in litigation regarding the contractual agreements executed.[1]

Because there is no allegation of injury, and because Co-lead class counsel's requested relief (withholding from class members amounts owed to third-parties) would not redress co-lead class counsel's perceived injury, any opinion this Court might render on the matter risks being an improper advisory opinion. *Constitution Party v. Cortes*, 712 F. Supp. 2d 387, 397-398 (E.D. Pa. 2010). That is because any opinion addressing Co-lead class counsel's claim for *why* a portion of the funds should be withheld would be advisory; it "would be based on a hypothetical set of facts, without sufficient information to support findings." *Id.* (citing PSA, LLC v. Gonzales, 271 Fed. Appx. 218, 220 (3d Cir. 2008)). Accordingly, without a "case or controversy," Co-lead class counsel lacks constitutional standing to support its Motion To Withhold Funds and (2) Direct Disclosure to the Claims' Administrator of existence of Class Members Agreements with all third parties

### 2. Neither Rule 23 nor the All Writs Act Vests this Court with Subject Matter Jurisdiction.

Co-lead class counsel seeks safe harbor within Rule 23 arguing that, "[u]nder Federal Rule of Civil Procedure 23(d), a district court may impose conditions on the parties and their counsel in a class action." (ECF No. 8470-1 at 9). Co-lead class counsel argues further that this Court has the inherent power to fashion equitable remedies – in essence arguing that this Court should enjoin the Claims Administrator from fulfilling its duties. (*Id.* at 10). Neither Rule 23 nor this Court's power to fashion equitable relief, under the All Writs Act or otherwise, extends this Court's limited jurisdiction to confer subject matter jurisdiction upon this court.

---

[1] In fact, by withholding such amounts, it is likely that co-lead class counsel will actually create disputes between class members and third-parties where previously there are none.

7

The Federal Rules of Civil Procedure do not create federal jurisdiction, *see Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 368–70 & n.7 (1978). Despite co-lead class counsel's mistaken reliance on Federal Rule of Civil Procedure 23(d), it is only a procedural rule; it is not a grant of subject matter jurisdiction. *Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842 (11th Cir. 1995).

In *Allapattah Services v. Exxon Corp.*, No. 91-986, 2004 U.S. Dist. LEXIS 27978, at *19-20 (S.D. Fla. Sept. 28, 2004), the court addressed jurisdictional issues highly analogous to those raised in this case. *Allapattah* involved a class action lawsuit by gas station owners against a petrol corporation. Plaintiff class members sought an injunction to enjoin two non-parties from engaging in the allegedly false and misleading solicitation of class members and charging them 25 percent of each class member's recovery in return for services that were already available through the class administrator. Following the Eleventh Circuit's decision in *In re Infant Formula Antitrust Litigation*, the *Allapattah* court held that Rule 23 did not confer jurisdiction on the court to enjoin the two non-parties from their solicitation conduct – even though there were allegations of misconduct against the non-parties. *Allapattah Servs.*, 2004 U.S. Dist. LEXIS 27978, at *19-20 (citing *Infant Formal Antitrust Litig.* 72 F.3d at 842-43).

The *Allapattah* court went on to also hold that the All Writs Act, 28 U.S.C.S. § 1651(a), did not create subject matter jurisdiction. Further to that ruling, the magistrate judge held that there was nothing to indicate that the solicitations made by the non-parties would interfere with the court's ability to give relief to class members. *Id.* at *28. Moreover, the gas station "owners had not shown any irreparable harm stemming from the denial of the [] injunctions[;] the damages, if any, to class members, would be strictly monetary damages" and thus could be adequately addressed without the need for preemptive injunctive relief. *Id.* at *27-28.

In adopting the Report and Recommendation of the magistrate judge in *Allapattah*, the district court judge reasoned as follows:

> Moreover, class members are free to enter into a contract with one of these non-party claims assistance companies in order to assist them in filing claims. **If the class members develop a problem with any of these companies, the class members have an adequate remedy at law available to them – they may seek relief against these companies by filing their own lawsuits.** As the All Writs Act does not create subject matter jurisdiction where there is none and there are no orders which this Court must enforce that are threatened by the non-party claims assistance companies, Magistrate Simonton was correct in finding that subject matter jurisdiction does not exist in this case.

*Allapattah Servs. v. Exxon Corp.*, No. 91-986, 2004 U.S. Dist. LEXIS 27979, at *15-16 (S.D. Fla. Dec. 2004) (emphasis added) (citing *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 154 L. Ed. 2d 368, 123 S. Ct. 366 (2002)).

The Second Circuit likewise has held that the All Writs Act cannot be used to create jurisdiction where there is none. In *Association for Retarded Citizens of Connecticut Inc. v. Thorne*, 30 F.3d 367 (2d Cir. 1994), the Second Circuit held that the All Writs Act provides no basis for extending the terms of a negotiated settlement, like the one entered into in this case, to non-parties:

> Because the terms of the consent decree were voluntarily assumed rather than legally imposed, there is no basis for extending the negotiated outcome to a nonparty. While a district court has authority to enforce a judicially-approved consent decree against the parties to it, a district court that enforces the decree against a nonparty acts beyond its jurisdiction and thus beyond the scope of the All Writs Act.

*Id.* at 370.

The cases relied upon by co-lead class counsel do not support the exercise of subject matter jurisdiction in this case. (*See* ECF No. 8470-1 at 9-10). Collectively, they stand for the unremarkable proposition that, pursuant to Rule 23(d), this court is empowered to protect class members by issuing orders governing class representatives

9

and counsel. *See, e.g., Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981) ("Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties."). Nothing in the cases cited by Co-lead class counsel permits the court to exercise jurisdiction in a case where subject matter is absent.

### 3. The Court Does Not Have Supplemental Jurisdiction over the Alleged Issues in the Motion To Withhold Funds.

Neither can co-lead class counsel invoke the Court's supplemental jurisdictional authority to rule on the Motion To Withhold Funds. Supplemental jurisdiction under § 1367(a) applies only to "claims." As noted *supra*, however, there is no alleged injury in fact between the class members and Cambridge Capital, or between Co-lead class counsel and Cambridge Capital. "There can be no jurisdiction where there is no claim." *In re Baycol Prods. Litig.*, MDL No. 1431, 2004 U.S. Dist. LEXIS 32412, at *9-10 (D. Minn. May 4, 2004). Even though some potential future disputes between class members and Non- parties like Cambridge Capital *may* be derived from the present action, the fact that a party "may have derivative rights does not establish jurisdiction[.]" *Id.* at *10. Accordingly, Co-lead class counsel cannot rely on supplemental jurisdiction to vest the Court with authority to rule on the Motion To Withhold Funds and (2) Direct Disclosure to the Claims' Administrator of existence of Class Members Agreements with all third parties

### B.     The Court Does Not Have Personal Jurisdiction Over Cambridge Capital.

The issue of personal jurisdiction is governed by the familiar "minimum contacts" test enunciated in *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1945). *See De James v. Magnificence Carriers, Inc.*, 654 F.2d 280, 283 (3d Cir. 1981).

Under *International Shoe*, the exercise of personal jurisdiction is permissible if: (1) the entity has "minimum contacts" with the territory of the forum, and (2) the assertion of jurisdiction over the entity comports with "'traditional notions of fair play and substantial justice.'" *Int'l Shoe*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 61 S. Ct. 339 (1940)).

In this case, Co-lead class counsel makes no attempt to demonstrate that personal jurisdiction over Cambridge Capital exists. In fact, Cambridge Capital has no contacts with the Commonwealth of Pennsylvania: it does not operate or market in Pennsylvania, its contracts are not governed by Pennsylvania law, and the class members with whom Cambridge Capital contracted are not based in Pennsylvania. To require Cambridge Capital to appear in Pennsylvania federal courts to defend States' contractual rights that are in no way connected to Pennsylvania would offend traditional notions of fairness and justice. Accordingly, no personal jurisdiction over Cambridge Capital with regards to Co-lead counsel's Motion To Withhold Funds and (2) Direct Disclosure to the Claims' Administrator of existence of Class Members Agreements with all third parties, can exist.

Moreover, co-lead class counsel failed to properly serve Cambridge Capital with the Motion To Withhold Funds and (2) Direct Disclosure to the Claims' Administrator of existence of Class Members Agreements with all third parties. Under Federal Rule of Civil Procedure 4(k)(1)(A), service in this case is governed by the laws and rules of the Commonwealth of Pennsylvania. Co-lead class counsel's emailing and direct mailing of the motion papers to counsel for Cambridge Capital, as was done in this instance and previously, is not effective service.

**CONCLUSION**

For all the foregoing reasons, Cambridge Capital respectfully requests that this Court deny Co-lead class counsel's motion seeking an order that would, in part, direct the Claims Administrator to withhold any portions of class member monetary awards purportedly owed by class members to certain Non-party lenders (including funders and so-called asset purchasers) and claims services providers and (2) Direct Disclosure to the Claims' Administrator of existence of Class Members Agreements with all third parties.

Dated: November 16, 2017                    Respectfully submitted,

*Martin L. Black*
MARTIN L. BLACK, ATTORNEY AT LAW, LLC
4909 N. Monroe Street
Tallahassee, Florida 32303
(850)354-8008
mbmblack8@gmail.com.
Attorney for Non-Party/ Objector
Cambridge Capital Group, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been provided to Christopher A. Seeger, Seeger Weiss LLP, 77 Water Street, New York, NY, 10005, by Electronic Mail to cseeger@seegerweiss.com, this 16th day of November, 2017.

*Martin L. Black*
MARTIN L. BLACK