**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>        Plaintiffs,<br><br>            v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>        Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**OPPOSITION OF CO-LEAD CLASS COUNSEL TO THE MOTION FOR RECONSIDERATION BY X1LAW OF ITS MOTION TO DETERMINE PROPER ADMINISTRATION OF CLAIMS UNDER THE SETTLEMENT AGREEMENT**

        Co-Lead Class Counsel respectfully submits that the Motion by X1Law, P.A. and Loren & Kean Law (collectively, "X1Law" or "Movants") on behalf of certain clients for Reconsideration of Their Motion to Determine Proper Administration of Claims Under the Settlement Agreement (ECF No. 8923) should be denied.  The Court made clear when disposing of Movant's initial motion that "movants must follow the proper appeals process. Movants' attempt to circumvent those processes by directly petitioning the Court is improper."  ECF No. 8882.

Co-Lead Class Counsel recognizes and shares the general desire of Retired NFL Football Players and their families to expedite the full and fair adjudication of their claims.  Indeed, since before the Effective Date, Class Counsel has been working with the Court and its Administrators to develop processes that assure that very result—all within the framework of the Settlement and for the benefit of all Class Members.  Ultimately, however, as this Court already determined, Movants' concerns should be addressed within that orderly framework. Nothing in Movants' Motion warrants reconsideration of this Court's earlier Order in that regard.

## BACKGROUND

X1Law filed a Motion to Determine Proper Administration of Claims Under the Settlement Agreement and Incorporated Memorandum of Law (ECF No. 8267) challenging the fact that the Claims Administrator, under the supervision of the Court and Special Masters, and at the direction of the Parties, created policies and procedures to implement the Settlement Program's claims process consistent with the Settlement Agreement.  X1Law sought to bypass these procedures before there was any decision on the Claim Packages it filed for its clients.  In response, Co-Lead Class Counsel explained that the Settlement Program has a very clear process for raising appeals that begins following the merits assessment of a Claim Package, and that none of X1 Law's clients had yet received such a decision.

On November 3, 2017, the Court disposed of the X1Law motion and instructed that any such motion was premature unless and until a settlement class member exhausted the claims process:

> Movants must proceed through the Claims Administration process, and if the claims are denied, movants must follow the proper appeals process. Movants' attempt to circumvent those processes by directly petitioning the Court is improper.

ECF No. 8882.

Notwithstanding the unequivocal direction by the Court that "Movants must proceed through the Claims Administration process," Movants persist in their demand that their clients need not follow the process. However, there is nothing offered by Movants to justify their renewed effort for special treatment. Rather, they attach in support of their motion three documents: a recent news article about the NFL Concussion Settlement, an email from the Claims Administrator requesting raw scores from neuropsychological testing, and a letter to Your Honor that appeared on a sports blog and was signed by certain retired players and family members, including what appears to be at least one of X1Law's clients among the signatories.

Movants offer nothing new in support of their Motion to warrant revisiting any of the issues already raised and rejected by the Court, and nothing to justify the renewed effort to have their clients' claims heard out-of-step from the claims administration process. Indeed, the news article that Movants rely upon includes an admonition from Kenneth Feinberg that the claims in this Settlement will require time and a deliberate claims administrative process to ensure proper resolution:

> Kenneth Feinberg, the attorney who has administered high-profile compensation funds such as those for victims of the Sept. 11 attacks and the BP Deepwater Horizon disaster, said victims and their families are rarely satisfied with the compensation process . . . ."
>
> Feinberg said in this NFL case the complexities of determining which players are eligible for compensation make the delays "understandable."
>
> "It's not like 9/11, where there is a death," said Feinberg, who is not involved with the concussion litigation. "Here there is a requirement where there needs to be a careful review of medical records, and it's not all long-term traumatic injury or death. It's long-term, gradual harm. And how you diagnose that brain injury can be problematic and time-consuming."

While Movants may choose to ignore the advice of Mr. Feinberg, they may not refuse to heed the direction of the Court: to ensure the orderly administration of the Settlement, Movants must proceed through the claims process before reaching the Court with these issues.  They offer nothing to justify reconsideration of the Court's sound decision.

## ARGUMENT

A motion for reconsideration is reserved to very limited and exceptional circumstances: "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).  Accordingly, a motion for reconsideration is appropriate only when the movant establishes: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  Due to the importance of finality of decisions, motions for reconsideration "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." *Calhoun v. Mann*, 2009 WL 159276, at *1 (E.D. Pa. Jan. 22, 2009) (citations and internal quotations omitted); *see also Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (holding that reconsideration is not permitted to allow the movant a "second bite at the apple").

Movants' instant Motion offers no legal basis for the Court to depart from its earlier ruling. The mere rehashing of earlier arguments provides no basis for reconsideration.  *See Lazaridis v. Wehmer*, 591 F.3d 666, 679 (3d Cir. 2010) (finding that the district court did not err in denying movant's motion for reconsideration on the basis that he advanced the same arguments that were in his complaint and motions); *see also Sonders v. PNC Bank, N.A.*, 2003 WL 22310301, at *1

(E.D. Pa. Oct. 9, 2003) ("A motion for reconsideration is not properly grounded on a request that a court reconsider repetitive arguments that have been fully examined by the court.") (citing *Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 398 (E.D. Pa. 2002)).  Ultimately, the Court's earlier determination was sound.  The Settlement's framework is straightforward—challenges to any claims determination must arise out of the decision on the claim.  Out-of-order challenges, devoid of specific context and in preference to some claimants rather than others, benefit no one and risk prejudice to many.

Ultimately, Movants' new Motion remains premature and only reargues what the Court has already rejected.

## CONCLUSION

For all of the foregoing reasons, the Motion for Reconsideration should be denied.

Dated: November 27, 2017

Respectfully submitted,


 */s/ Christopher A. Seeger*
Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Sol Weiss
ANAPOL WEISS
130 North 18th St., Ste 1600
Philadelphia, PA 19103
Phone: (215) 735-1130
Fax: (215) 875-7701
sweiss@anapolweiss.com

*Co-Lead Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all counsel of record via the Court's ECF system on November 27, 2017.

/s/ Christopher A. Seeger
Christopher A. Seeger