# Exhibit A (Redacted)



**CASH4CASES, INC.**
228 Park Ave South, New York, NY 10003
PHONE: 1-800-555-4356 · FAX: 877-573-5578
www.cash4cases.com

FundingDate: 11/23/2016

VIA FACSIMILE:
David Eichholz, Esq.
The Eichholz Law Firm, P.C.
530 Stephenson Avenue Ste 200
Savannah, GA  31405

Re: ▮▮▮▮▮▮▮▮ *'S, NATIONAL FOOTBALL LEAGUE and NFL PROPERTIES, LLC, successor-in-interest to NFL PROPERTIES, INC. ET AL and/or ANY RELATED ACTIONS*

Dear David Eichholz, Esq.:

Please find the Purchase and Sale Agreement, Irrevocable Payment Authorization and Letter of Instruction, and Attorney Acknowledgment and Agreement for your client, ▮▮▮▮▮▮▮▮ in the amount of $36,406.00 in accordance with the contract with Cash4Cases, Inc. **Please read the following instructions carefully to avoid any delays.** If you have any questions, please do not hesitate to contact our office for assistance.

**Attorney Instructions**
- ☐ Sign the Attorney Acknowledgement
- ☐ Complete and initial lien information on Exhibit B.
- ☐ Fax back entire contract with a **legible copy** of your client's photo ID.
  We will return a fully executed copy of the documents to your office.

**Client Instructions**
- ☐ Verify your name and address is correct.
- ☐ Initial ALL pages and **notarize** your signature in THREE places
- ☐ Specify how you want the funds to be paid (See "Seller Funding Instructions" form).
- ☐ Fax back entire contract **with a clear copy of your photo ID.**

**In the space below, please let us know how Cash4Cases, Inc. has helped you:**

[blank box]

Thank you for your assistance in the matter. Should you have any questions, please feel free to call our office.

Very truly yours,


The Cash4Cases Team


I                                                        Seller's Initials _____

NOVA_00068

## PURCHASE AND SALE AGREEMENT

**THIS PURCHASE AND SALE AGREEMENT** (hereinafter referred to as the "Agreement") is entered into 11/23/2016 by and between ▮▮▮▮ SSN ▮▮▮▮ DOB ▮▮▮▮ who resides at ▮▮▮▮ his/her agents, successors-in-interest, heirs, executors, representatives, successors and assigns (hereinafter referred to collectively as "Seller") and Cash4Cases, Inc., its representatives, successors and assigns (hereinafter referred to as "Purchaser"), a New Jersey corporation with offices at 228 Park Avenue South, New York, NY 10003.

### Disclosure Statement

| | | |
|---|---|---|
| 1. | Total Amount to be advanced to Seller (the "Purchase Price") | $36,406.00 |
| 2. | Itemized Fees: | |
| | Processing | $250.00 |
| | Origination | $4,716.00 |
| 3. | Payoff to The Legal Funding Group, LLC | $11,440.00 |
| 4. | Net Amount to Seller | $20,000.00 |
| 5. | Monthly Fee | 2.99% |
| 6. | Annualized Percentage Fee (based on monthly compounding) | 42.41% |

7. Total amount to be repaid by Seller to Cash4Cases, Inc (the "Purchaser's Share"):*

| If at 6 months | 5/23/2017 | $43,445.36 |
|---|---|---|
| If at 12 months | 11/23/2017 | $51,845.84 |
| If at 18 Months | 5/23/2018 | $61,870.59 |
| If at 24 months | 11/23/2018 | $73,833.69 |
| If at 30 months | 5/23/2019 | $88,109.95 |
| If at 36 months | 11/23/2019 | $105,146.63 |

8. Minimum Required Payment Amount     $43,445.36

*Please see Exhibit "A" for the exact Purchaser's Share on dates other than those shown above. Purchaser's Share continues to increase until paid in full. Please contact Purchaser for an extended schedule.

### GENERAL TERMS

1. By entering into this Agreement, Seller hereby unconditionally and irrevocably grants, assigns, transfers, and conveys all or a portion of the Seller's portion of the Proceeds recovered with respect to the following claim to recover monetary damages: Date of Incident: on or about 11/5/2016, ▮▮▮▮ VS. NATIONAL FOOTBALL LEAGUE and NFL PROPERTIES, LLC, successor-in-interest to NFL PROPERTIES, INC. ET AL and/or ANY RELATED ACTIONS (hereinafter the "Claim"), including any and all claims related in any way to the Claim. The total recovery from the Claim is referred to as the "Proceeds". The Seller's portion of the Proceeds from the Claim, after payment of attorney's fees and costs and recognized prior liens, specifically related to the Claim, is referred to as the "Net Proceeds".

2. Seller understands that by entering into this Agreement, Seller is selling to Purchaser a portion of the potential Proceeds of the Claim, and that this is a non-recourse sale of contingent proceeds and NOT a loan.

2     Seller's Initials _____

3. By entering into this Agreement, Seller grants Cash4Cases, Inc. a lien and security interest in the Proceeds of the Claim and assigns the Proceeds of such Claim to Cash4Cases, Inc.

4. Seller is represented in the Claim by David Eichholz, Esq. on behalf of The Eichholz Law Firm, P.C., whose address is 530 Stephenson Avenue Ste 200m Savannah, GA 31405(hereinafter referred to as "Attorney");

## I. FUNDING AND REPAYMENT TERMS

5. Purchaser shall pay the sum of **$36,406.00** (the "Purchase Price") to Seller. Seller understands, agrees and directs that the following amounts shall be withheld and disbursed from the Purchase Price on the Seller's behalf, as follows:

    a. **Net Amount**: Purchaser shall disburse to Seller the net amount of **$20,000.00** per the Seller Funding Instructions,

    b. **Payoff Amount:** Purchaser shall disburse to Payoff to The Legal Funding Group, LLC **$11,440.00**

    c. **Origination Fee**: **$4,716.00**

    d. **Processing Fee**: **$250.00** shall be disbursed to Cash4Cases, Inc. for administration and underwriting services in connection with this transaction.

6. The Seller irrevocably directs his/her Attorney to pay Purchaser the Purchaser's Share prior to Seller receiving any payment from the Proceeds and/or Net Proceeds in accordance with Exhibit "A", Schedule of Purchaser's Share, attached hereto.

    a. In the event of a recovery from the Claim, Purchaser's Share shall be paid to Purchaser within seven (7) days of the receipt of the Proceeds by Seller's Attorney.

    b. If Proceeds are received in a lump sum or multiple payments, Purchaser's right to receive full payment of its Share shall be in priority and senior to Seller's right to receive any portion of the Proceeds.

    c. If the Proceeds are insufficient to pay Purchaser's Share, then Purchaser's Share will be limited to the Net Proceeds.

    d. If Seller recovers no money from the Claim, Seller owes nothing to Purchaser.

7. Seller may repurchase Purchaser's Share of the Proceeds at any time for an amount in cash equal to the Purchaser's Share in accordance with Exhibit "A".

8. No Champerty: The parties to this Agreement acknowledge (i) the Purchaser is in no way acquiring the Seller's right to sue, (ii) the Purchase Price received by Seller from Purchaser will be used for immediate economic and personal necessities or other purposes that Seller deems important, (iii) the Seller has already made the claim and/or started the lawsuit and that lawsuit belongs exclusively to the Seller, (iv) Seller and Purchaser acknowledge Purchaser will in no way be involved in or influence the decisions Seller and/or the Attorney make in connection with the Claim and that the right to make those decisions remains solely with Seller and Seller's Attorney.

9. Seller is not presently, nor intends to be, a party to any action or proceeding for relief under any federal or state bankruptcy or insolvency law or appointment of a trustee or receiver for all or any portion of Seller's assets. In the event Seller commences or has commenced against it, any case, or other proceeding, pursuant to any bankruptcy, insolvency or similar law prior to full payment of Purchaser's Share, Seller shall cause Purchaser's Share to be categorized as an asset of Purchaser and not of Seller. In no event shall Seller permit Purchaser's Share to be described as a debt obligation of Seller in any such proceeding.

## II. SELLER'S AFFIRMATIONS AND DUTIES

10. Seller hereby revokes any prior rights and relinquishes any further rights to sell, assign or transfer any rights in Proceeds of the Claim other than to Purchaser.
11. **Seller acknowledges that Seller may not solicit or accept funding or advances against the Claim from any other source or funding company unless and until Cash4Cases, Inc. is first paid in full.**
12. Seller hereby represents and warrants that:
    a. The Claim has not yet settled,
    b. Seller is (i) of legal age; (ii) mentally competent; and (iii) of sound mind,
    c. Seller has been advised by Purchaser to discuss this matter and to review this Agreement with an attorney prior to signing this Agreement and that Seller has either received such counsel or expressly waived it,
    d. Seller has not made any false representations, frauds or deceptions nor failed to disclose the terms of this Agreement from any creditor,
    e. Seller is not indebted to any present or former spouse, or parent of Seller's child(ren), and is not in violation of any child care, alimony or support obligations,
    f. Seller has never been convicted of a felony or any crime involving dishonesty,
    g. Seller's injuries which gave rise to the Claim were solely as a result of the incident giving rise to the Claim and Seller knows of no other prior or subsequent injury, medical history, medical treatment or condition which would reduce the amounts of Proceeds.
    h. Seller shall not cause a termination, cancellation or acceleration of any contract or agreement by which Seller or Seller's assets are or may be affected,
    i. Seller shall not give any party other than Purchaser and Attorney the right to create any lien, charge, security interest or encumbrance in the Claim and/or Proceeds,
    j. With the Exception of the prior lien on Page 12 of this Agreement (to be paid off in full by this advance), Seller shall not grant a present or future right to any other party to make a claim against Seller or Seller's assets, the Claim and/or the Proceeds.
    k. Seller hereby waives any defense to payment of sums due and promises not to seek to avoid payment of any money due to Purchaser under this Agreement.
    l. Seller shall not to do anything that would/could violate any terms of Agreement.
13. Seller has no notice or knowledge of any liens placed upon the Claim or Proceeds except as disclosed in Exhibit "B" Schedule of Prior Liens, attached hereto. Seller promises not to create or permit any liens against Proceeds except those that may be necessary to the prosecution of Claim and/or any necessary medical expenses, treatments, and related equipment after date of this Agreement.
14. Seller has a continuing duty to:
    a. Deliver or cause to be delivered any and all notices, instructions or communications regarding the Claim or this Agreement, to the Purchaser,
    b. Cooperate with Purchaser regarding all matters described in this Agreement,
    c. Notify the Purchaser of any verdict, award, settlement, discontinuance or termination regarding the Claim,
    d. Immediately notify Purchaser of commencement of any lawsuit or proceeding which may affect Purchaser's rights and provide Purchaser with copies of all notices and other writings related to such proceeding,
    e. Vigorously pursue the Claim and in no event withdraw, discontinue or end the Claim prior to any verdict, award or settlement,
    f. Execute and deliver to Purchaser at Seller's sole expense any and all documentation requested by Purchaser that could assist Purchaser in enforcing its rights described in this Agreement.
15. Seller has provided Purchaser with an executed Irrevocable Payment Authorization And Letter Of Instruction and Attorney Acknowledgement and Agreement.

    a. If Seller terminates Attorney and/or retains a new Attorney with respect to the Claim, Seller shall immediately notify Purchaser in writing and include the name, address, and telephone number of the new attorney(s) of record. Seller shall immediately notify new attorney(s) of this Agreement. Within thirty (30) days of retaining such attorneys Seller shall cause new attorneys to execute a new Attorney Acknowledgement.
    b. If Seller fails to obtain a new Attorney Acknowledgement, Purchaser shall notify new attorneys of its rights under this Agreement and shall enforce the terms of this Agreement.
    c. In the event that the Seller and/or their Attorney fails to provide updates and/or information regarding the Claim, Purchaser shall be entitled to notify the Defendant's Attorney and/or Insurance Company about Purchaser's interest in the Proceeds from the Claim.

16. Seller agrees to indemnify Purchaser for any and all claims, losses, liabilities, obligations, damages, penalties, judgments, suits, causes of action, and related costs and expenses of any nature (including attorney's fees) suffered by Purchaser, by reason of any misrepresentation, breach of warranty, or failure to perform any covenant by Seller or Attorney contained herein or any document, instrument or other item delivered to Purchaser in connection with this Agreement.

17. This Agreement has been properly executed by the Seller and represents the Seller's legal, valid and binding obligation, enforceable in accordance with its terms and inures to the benefit of the parties hereto and their respective successors-in-interest, heirs, executors, representatives, successors and assigns.

### III. MISCELLANEOUS

18. Purchaser and any party to whom Purchaser assigns this Agreement may assign its right, title, and interest in and to this Agreement and Purchaser's Share of Proceeds without notice to Seller or Seller's approval. Furthermore:
    a. If Purchaser assigns its rights to a third party, Purchaser shall not be responsible to Seller and Seller may look solely to such third party for performance of this Agreement.
    b. Upon request of Purchaser or assignee of Purchaser, Seller shall execute and deliver any such documents as either party requires for performance of this Agreement.

Without limitation of the foregoing, Seller acknowledges and agrees that that (a) all of Purchaser's right, title and interest under the Agreement, including the right to all payments due thereunder, may be assigned by Purchaser to a third party (together with its successors, assigns and affiliates, "Successor Purchaser") and (b) from and after receipt of notice from Successor Purchaser of any such assignment, (i) all instructions, notices, waivers or demands hereunder shall thereafter be effective only if signed in writing by Successor Purchaser and (ii) Seller and Seller's Attorney shall cause all payments due under the Agreement and hereunder to paid solely to Successor Purchaser pursuant to Successor Purchaser's written instructions. Seller and Seller's Attorney may rely on the accuracy and authority of any notice, demand or written instruction delivered by Successor Purchaser hereunder without further inquiry or investigation.

19. In no event shall Seller be permitted to assign its rights in this Agreement.

20. All payments notices or communications shall be sent to address set forth below (or at such other addresses and/or manner as may be provided hereunder):
    a. Seller: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
    b. Purchaser: Cash4Cases, Inc,, 228 Park Avenue South, New York, NY 10003; Telephone Number 800-555-4356; Fax Number 877-573-5578
    c. Seller will notify Purchaser of address change in writing, stating Seller's new address and telephone number within three (3) days by certified mail, return receipt requested.

21. This Agreement, the Irrevocable Payment Authorization and Attorney Acknowledgement constitute the entire agreement between parties and there are no representations, warranties, covenants or obligations except as set forth herein. This Agreement supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral between the parties hereto relating to any transaction contemplated by this Agreement. In the event Seller has received prior funding from Purchaser, this Agreement does not supersede the amounts due pursuant to any prior funding agreement between Seller

NOVA_00072

and Purchaser, unless specifically set forth herein, and the terms and payoff schedule of such prior agreement are incorporated herein. This Agreement may be executed in separate counterparts. A Signature transmitted by fax shall be effective with the same force and effect as the original signature.

22. In no event shall the fee agreement between Seller and the Attorney be changed in any way that could reduce the amount of the Proceeds payable to Purchaser under this Agreement.

23. If Seller has made a material misstatement, or committed a fraudulent or criminal act either in connection with this transaction or in a matter that would adversely and significantly impact the Claim, Purchaser has the right to file for a Declaratory Judgment to determine whether such statement or act was fraudulent. In the event that a court and/or arbitrator determines that Purchaser was fraudulently induced into entering into this Agreement, Purchaser shall be entitled to recover the amount of the Purchase Price, plus legal interest rate from the date of this Agreement, plus attorneys fees and costs.

## IV. ENFORCEMENT OF THE AGREEMENT

24. The laws of the State of New York, without regard to its conflict of laws rules, control the validity, interpretation and enforceability of this Agreement. If any provisions of this Agreement shall be declared unenforceable, void or invalid by a court of competent jurisdiction, such void or invalid provisions shall not in any way impair the whole Agreement, the remaining provisions shall remain in full force and effect. If a Court/Arbitrator determines this Agreement constitutes a loan, Seller shall pay to Purchaser the amount of the Purchase Price plus the highest legal interest rate pursuant to New York Law.

25. **Plaintiffs who are Non-New York residents:** Any controversy or claim arising out of or relating to this Agreement, including without limitation the interpretation, validity, enforceability or breach thereof, shall be settled by final, binding arbitration administered by the American Arbitration Association (AAA) in accordance with Commercial Arbitration Rules. The arbitrator shall be selected in accordance with the Rules and Regulations of the AAA. The place of arbitration shall be New York, NY. The arbitrator shall award to the prevailing party, if any, "costs and fees" associated with the Arbitration. The award shall be in writing, signed by the arbitrator, and shall include a statement regarding the reasons for disposition of any claim. In the event that Purchaser is required to file a Complaint to Compel arbitration, Seller, its assigns, successors, and/or agents, and Purchaser, and its assigns, successors and/or agents, consent to jurisdiction in the Courts of the State of New York, New York County.

26. SELLER HEREBY WAIVES THE RIGHT TO CONSOLIDATE, OR HAVE HANDLED AS A CLASS ACTION, ANY PROCEEDINGS, CONTROVERSIES, ARBITRATIONS OR DISPUTES OF ANY NATURE INVOLVING ANY PERSON OR ENTITY WHO IS NOT A PARTY TO THIS AGREEMENT.

27. Seller has been advised and understands that the cost of entering into this Agreement is expensive and should only be done as a last resort, that the Purchaser is taking a significant risk and may make a substantial profit, and that other sources of funding including loans may be available at more favorable terms.

28. Seller has had a full and complete opportunity to consult with an attorney and/or other advisors before entering into this Agreement. This Agreement and its terms have been fully explained to Seller, and all questions that Seller might have about this transaction have been fully explained in the language Seller understands best.

29. Seller may rescind this Agreement within five (5) business days following the Seller's receipt of funds from Purchaser, without penalty or further obligation provided that Seller must provide written notice of rescission and return the full amount of disbursed funds to the Purchaser simultaneously with the rescission. Seller may accomplish such requirements by (a) making personal delivery to Purchaser's offices of the un-deposited (or un-cashed) check that Purchaser gave to Seller or (b) mailing a notice of cancellation and include in the mailing a return of the disbursed funds in the form of the Purchaser's check, a registered certified or bank check or money order by insured, registered or certified United States mail postmarked within five (5) business days of receiving funds from Purchaser in exact amount of Purchase Price, at the Purchaser's address: 228 Park Avenue South, New York, NY 10003.

30. This Agreement shall be deemed to have been negotiated and drafted by both parties of equal bargaining position; its provisions shall be interpreted in accordance with the plain meaning of the words used and shall not be construed strictly in favor of, or against, either party. No waiver by Seller or Purchaser of any default with respect to any provision, condition or requirement under this Agreement shall be deemed to be a waiver of any other provision, condition or requirement under this Agreement, nor shall any failure, delay, or omission by Seller or Purchaser to exercise any right under this Agreement in any manner prevent either Seller or Purchaser from exercising that right at a later date. In the event of any legal action or proceeding to interpret or enforce this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and expenses incurred therein from the other party.

**RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE BUSINESS DAYS FROM THE DATE YOU RECIEVE FUNDING. SEE PARAGRAPH 29 ABOVE.**

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACE. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT.**

IN WITNESS WHEREOF, the parties have executed this Agreement.

Purchaser    Cash4Cases, Inc.

By: _____    Date: _____

Seller: _____    Date: _____

Seller: _____    As Durable Power of Attorney for _____

On this _____ day of November, 2016 _____ SSN _____ who resides at _____ personally appeared before me and is known to me to be the person/people described in and who executed the foregoing instrument and acknowledged that he/she/they executed the same as his/her/their free act and deed.

Notary Public: _____

My Commission Expires: _____

County of: _____

State of: _____

7                                                              Seller's Initials _____

**EXHIBIT "A"**
**SCHEDULE OF PURCHASER'S SHARE**

| On or before: 5/23/2017 | Month 6 | $43,445.36 |
|---|---|---|
| On or before: 6/23/2017 | Month 7 | $44,744.38 |
| On or before: 7/23/2017 | Month 8 | $46,082.24 |
| On or before: 8/23/2017 | Month 9 | $47,460.10 |
| On or before: 9/23/2017 | Month 10 | $48,879.16 |
| On or before: 10/23/2017 | Month 11 | $50,340.65 |
| On or before: 11/23/2017 | Month 12 | $51,845.84 |
| On or before: 12/23/2017 | Month 13 | $53,396.03 |
| On or before: 1/23/2018 | Month 14 | $54,992.57 |
| On or before: 2/23/2018 | Month 15 | $56,636.85 |
| On or before: 3/23/2018 | Month 16 | $58,330.29 |
| On or before: 4/23/2018 | Month 17 | $60,074.37 |
| On or before: 5/23/2018 | Month 18 | $61,870.59 |
| On or before: 6/23/2018 | Month 19 | $63,720.52 |
| On or before: 7/23/2018 | Month 20 | $65,625.76 |
| On or before: 8/23/2018 | Month 21 | $67,587.97 |
| On or before: 9/23/2018 | Month 22 | $69,608.85 |
| On or before: 10/23/2018 | Month 23 | $71,690.15 |

*After the dates shown above, Seller's payment obligation continues to increase until paid in full. Please contact Cash4Cases, Inc. for an extended schedule of Purchaser's Share amounts.

Seller: _____                    Date: _____

8                                             Seller's Initials _____



11/23/2016

David Eichholz, Esq.
The Eichholz Law Firm, P.C.
530 Stephenson Avenue Ste 200
Savannah, GA  31405

Re: Irrevocable Payment Authorization and Letter of Instruction

### IRREVOCABLE PAYMENT AUTHORIZATION AND LETTER OF INSTRUCTION

I, ▇▇▇▇▇▇▇▇▇▇ hereby acknowledge I am legally bound by the Purchase and Sale Agreement dated 11/23/2016 by and between myself ("Seller") and Cash4Cases, Inc. ("Purchaser"), the terms and conditions of which are incorporated herein by reference (the "Agreement"),

I hereby authorize and direct you, my attorney, David Eichholz, Esq., and/or any substituted attorney to honor and follow my irrevocable instructions listed below;

1. Before disbursement to me of any settlement proceeds, pay the full amount due Purchaser per the Agreement as set forth in Exhibit "A";
2. Immediately notify Purchaser in writing of any verdict, award, settlement, discontinuance or ending with respect to the Claim;
3. Upon request of Purchaser, disclose the gross settlement amount and disbursements from my Claim;
4. Upon request of Purchaser, provide Purchaser with the status of my Claim.

This Authorization and Agreement is irrevocable, binding and may only be amended by the mutual written agreement of Purchaser and myself.

This Document is executed and entered into as of 11/23/2016.

Seller: ▇▇▇▇▇▇▇▇▇▇_____     Date:_____

On this _____ day of November, 2016 ▇▇▇▇▇▇ SSN ▇▇▇▇▇▇ who resides at ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ personally appeared before me and is known to me to be the person/people described in and who executed the foregoing instrument and acknowledged that he/she/they executed the same as his/her/their free act and deed.

Notary Public: _____

My Commission Expires: _____

County of: _____

State of: _____

9                                                    Seller's Initials _____

## ATTORNEY ACKNOWLEDGMENT AND AGREEMENT

I, David Eichholz, Esq., on behalf of The Eichholz Law Firm, P.C. hereby acknowledge that I represent ▬▬ ("Seller") as his/her attorney in connection with the Claim described in the Contingent Proceeds Sale Agreement dated 11/23/2016 by and between ▬▬ and Cash4Cases, Inc. ("Purchaser"), the terms and conditions of which are incorporated herein by reference ("Agreement").

I acknowledge receipt of the attached Agreement and the Irrevocable Payment Authorization and Letter of Instruction ("Authorization") from my Client and agree to abide by and honor the terms of both.

I acknowledge that my Client has entered into a Contingent Proceeds Sale Agreement with Purchaser wherein my client unconditionally and irrevocably sold all or a portion of the Proceeds recovered with respect to the Claim referenced in the Agreement.

I agree that I will not pay any portion of the Proceeds to Seller or on Seller's behalf (other than attorney's fees, costs and expenses) until Purchaser is paid in accordance with the Agreement. Further, prior to any disbursement to Seller, I will contact Purchaser to ascertain the amount due Purchaser and I will pay such amount to Purchaser in accordance with the Agreement and the Authorization.

In the event any third-party(ies) are responsible for distribution of the Proceeds, I agree to notify the third-party of Purchaser's lien, and to instruct such third party to abide by the terms of the Agreement.

I agree to: (i) inform Purchaser of the status of the Claim when requested; (ii) timely notify Purchaser if there is an agreement to settle the Claim; (iii) timely notify the Purchaser when any Proceeds are recovered with respect to the Claim; (iv) immediately notify Purchaser if my firm ceases to represent Client in the Claim, and (v) timely notify the Purchaser if there is commencement of any lawsuit or proceeding which may affect the Purchaser's rights

I represent that: (i) I do not have any knowledge or notice of any liens upon and/or assignments, transfers or conveyances of any portion of the Proceeds except as set forth in Exhibit "C"; (ii) the case is pending in active status and there are no dispositive or adverse motions pending; (iii) liability and damages are contested with respect to Claim;(iv) there are no assurances Seller will prevail in connection with Claim and (v) there is substantial uncertainty as to the amount, if any, that may be recovered from the Claim.

I affirm that I am the attorney of record for ▬▬ and have reviewed and explained the terms of the contract to Seller, including the annualized rate of return applied to calculate the amount to be repaid by the Seller (Purchaser's Share)

The Eichholz Law Firm, P.C.

Your Client: ▬▬

_____     _____
Attorney Signature                 Date

_____
Print Name


On this _____ day of November, 2016, David Eichholz, Esq., on behalf of The Eichholz Law Firm, P.C. personally appeared before me and is known to me to be the person/people described in and who executed the foregoing instrument and acknowledged that he/she/they executed the same as his/her/their free act and deed.

Notary Public: _____

My Commission Expires: _____

County of: _____

State of: _____

10                                              Seller's Initials _____

## AFFIDAVIT OF WITNESS

State of _____

County of _____

The undersigned,

Residing at/with an office at _____
_____, deposes and says that: the Purchase and Sale Agreement and Irrevocable Payment Authorization and Letter of Instruction (the "Agreement") between Cash4Cases, Inc. and ▓▓▓▓ dated November 23, 2016 was signed in my presence ▓▓▓▓ The undersigned witnessed the execution of said Agreement on the _____ day of November 2016, at _____ _____ (address where Agreement was signed).

At the time the Agreement was signed, ▓▓▓▓ declared his intent to sign the same and acknowledged to the undersigned the terms and conditions thereof. At the time the Agreement was signed ▓▓▓▓ was at least 18 years of age, and was of sound mind, memory and understanding, under no constraint, duress, fraud or undue influence, and in no respect incompetent to enter into a binding contract ▓▓▓▓ was able to read, write and converse in the English language, and was not suffering from any defect of sight, hearing or speech, or from any other physical or mental impairment which would affect his capacity to enter into a contract.

I am acquainted with ▓▓▓▓ in that I am the client's _____
(*relationship to Client*). I make this affidavit at his request. I attest that I have no financial or other beneficial interest in making this affirmation and will in no way benefit from ▓▓▓▓ entering into the Purchase and Sale Agreement referenced herein.

The Agreement was executed by ▓▓▓▓ and witnessed by me under the supervision/presence of a Notary Public.

I swear and affirm that the statements set forth herein are true and correct.

_____

Witness Name:

Subscribed and sworn to before me this _____ day of November 2016

_____

Notary Public:

My commission expires on:

11                                              Seller's Initials _____

**EXHIBIT B**
**SCHEDULE OF PRIOR LIENS**

PLEASE LIST ANY AND ALL EXISTING LIENS.  IF NO LIENS EXIST, PLEASE CHECK "NO LIENS EXIST".

**NO LIENS EXIST**  ☐
**LIENS EXIST**  ☐     If yes, please list liens below:

| NAME | TYPE | AMOUNT | DATE |
|---|---|---|---|
| The Legal Funding Group, LLC | | $11,440.00 | |

**Attorney Initials** _____

12                                                Seller's Initials _____

NOVA_00079

## FUNDING INSTRUCTION SHEET

I, ███████ shall not sell any portion of the proceeds of my claim to any other funding or lending entity.

Purchase Price ..................................................................................... $36,406.00
Origination Fee .................................................................................... $4,716.00
Processing Fee ..................................................................................... $250.00
Net Amount Received by Me ............................................................... $20,000.00
Payoff to The Legal Funding Group, LLC ........................................... $11,440.00

Signature: _____                Date: _____
           Seller

**Must be received by 3PM EST for next day delivery.**

*Please Check Desired Option:*

### OPTION 1: CHECK TO ATTORNEY ADDRESS

    ☐ 1) Route to the Attorney
       U.S. Mail             Allow 2-4 Days                    $0

    ☐ 2) Next Day Delivery     FEDEX (No weekend delivery)       $30.00

### OPTION 2: CHECK TO CLIENT ADDRESS

    ☐ 1) Route to the Client
       U.S. Mail             Allow 2-4 Days                    $0

    ☐ 2) Next Day Delivery     FEDEX (No weekend delivery)       $30.00

    I will collect funds in the state of _____

    ** Valid Photo ID Required – Expiration Date _____