# Exhibit B
# (Redacted)



JUSTICEFUNDS SHALL NOT BE BOUND BY THE PURCHASE & SALE, ASSIGNMENT & EQUITABLE LIEN AGREEMENT UNTIL IT IS FULLY EXECUTED BY YOUR CLIENT TOGETHER WITH THE ATTORNEY ACKNOWLEDGMENT, AND JUSTICEFUNDS MAY CANCEL THIS TRANSACTION WITHOUT LIABILITY AT ANY TIME PRIOR TO PROVIDING FUNDING.

## PURCHASE & SALE, ASSIGNMENT & EQUITABLE LIEN AGREEMENT

**This is not a loan. This is a purchase and sale of property rights.**

THIS PURCHASE & SALE, ASSIGNMENT & EQUITABLE LIEN AGREEMENT (this "Agreement") is entered into on December __, 2016, by and between Justicefunds LLC, having its principal place of business at 800 East Broward Blvd., Suite 403, Fort Lauderdale, FL 33301 ("Justicefunds") and [Client Name], whose contact information is set forth below (hereinafter "Client," "I," "me," "my," "you," or variations thereof).

| Client Address: | Date of Birth: ▓▓▓▓<br>NFL ID #: |
|---|---|
| Social Security No.: ▓▓▓▓ | Email: ▓▓▓▓<br>Mobile Phone: ▓▓▓▓ |

## Background

Client has a pending claim for which Client may be entitled to receive proceeds as a member of the settlement class in the case known as *In re: National Football League Players' Concussion Injury Litigation*, No. 2:12-md-02323 (the "Case"), and Client has requested that Justicefunds purchase a portion of the proceeds of such pending claim to meet Client's immediate economic needs in exchange for the total funded amount set forth in this Agreement. Client has agreed to pay a brokerage fee, an underwriting fee and a legal expense fee, in each case, as set forth in this Agreement which will be deducted from the total funded amount.

The total funded amount is comprised of the proceeds payable to the client plus the additional amounts paid on behalf of the Client in respect of the brokerage fee, the underwriting fee and the legal expense fee, origination fee, and wire transfer fees. This amount will be further reduced by any amounts need to pay off any prior funding.

NOVA_00002



NOW THEREFORE, in consideration of the above recitals, and the representations, warranties, covenants and agreements contained herein, Justicefunds and Client agree as follows:

Agreement

### SECTION 1.
### CLAIM AND DISCLOSURE STATEMENT

1.1.    Claim.  I have a claim for which I may be entitled to receive proceeds as a member of the settlement class in the Case, which was filed in the U.S. District Court for the Eastern District of Pennsylvania, along with any other related actions including, without limitation, any lawsuits or claims in which I may assert my legal rights, whether it is against the Defendants named in the lawsuit, or others, and includes any and all claims based upon my original claim (hereinafter collectively referred to as the "Claim"), if I receive a qualifying diagnosis resulting from personal injuries I sustained while playing professional football.

1.2.    Disclosure Statement.  I have requested that Justicefunds purchase a portion of the Proceeds (as defined below) for the total funded amount as indicated below (the "Total Funded Amount"). I will receive the Client proceeds indicated below (the "Client Proceeds"), subject to any reductions in respect of prior fundings in accordance Section 10.15 below.  Any fees due to the broker, originator, or justice funds will be paid directly to such parties out of the total funded amount.

As set forth in greater detail in Section 2.3:

(x)  if and when the Claim is paid, Justicefunds will be entitled to a portion of the Proceeds equal to the Total Funded Amount plus the Service Fee (as defined below);

(y)  if the Claim is denied or otherwise not paid, Justicefunds is not entitled to receive any amount in respect of such Claim or the transactions contemplated hereby; and

(z)  if the Proceeds I receive are insufficient to pay the full amount due to Justicefunds, then the amount payable to Justicefunds hereunder will be limited to the Proceeds I receive.

NOVA_00003

| Amount To Be Advanced To Client | |
|---|---|
| Total Funded Amount: | $29,410.00 |
| Origination Fee | $1,000.00 |
| Processing Fee | $1,500.00 |
| Brokerage Fee: Top Notch **Funding** | $1,875.00 |
| Wire Transfer Fee: | $35.00 |
| | |
| Client Proceeds: | $25,000.00 |

| Portion of the Proceeds Payable to Justice Funds | |
|---|---|
| If the Claim is denied, | $0 |
| If the Claim is paid prior to the six month anniversary of this Agreement | $[Total Funded Amount plus 13%] |
| If the Claim is paid on or after to the six month anniversary of this Agreement and prior to the one year anniversary of this Agreement | $[Total Funded Amount plus 26%] |
| If the Claim is paid on or after to one year anniversary of this Agreement and prior to the 18 month anniversary of this Agreement | $[Total Funded Amount plus 39%] |
| If the Claim is paid on or after to 18 month anniversary of this Agreement and prior to the two year anniversary of this Agreement | $[ Total Funded Amount plus 52%] |
| On or after the two year anniversary | $[Total Funded Amount 65%], with an additional 13% of the Total Funded Amount will be due on each 6 month anniversary of this Agreement |

| Amount of Proceeds Payable to Justice Funds | |
|---|---|
| If the Claim is denied, | $0.00 |
| If the Claim is paid prior to the six month anniversary of this Agreement | $33,233.30 |



| | |
|---|---|
| If the Claim is paid on or after to the six month anniversary of this Agreement and prior to the one year anniversary of this Agreement | $37,056.60 |
| If the Claim is paid on or after to one year anniversary of this Agreement and prior to the 18 month anniversary of this Agreement | $40,879.90 |
| If the Claim is paid on or after to 18 month anniversary of this Agreement and prior to the two year anniversary of this Agreement | $44,703.20 |
| On or after the two year anniversary of this Agreement and prior to the 30 month anniversary of this Agreement | $48,526.50 |

1.3.   Handling Fee. I hereby instruct Justicefunds to send the amount due to me as follows (please select only one payment method, and check the box next to the option you choose):

| (√) | Payment Method: | When: | Fee: | If you selected ACH or Wire Transfer[1]: |
|---|---|---|---|---|
| (X) | Wire Transfer | Thursdays | $35.00 | Name of Bank ███ |
| ( ) | Postal Service | 4 - 8 Days | $15.00 | Name on Account ██████ |
| | | | | Acct # ████ |
| | | | | Routing # ████ |

1.4.   Certain Defined Terms. The following terms have the following meanings when used in this Agreement.

1.4.1   "Proceeds" means any and all amounts paid from any settlement, judgment, award, compromise, verdict and/or other disposition of the Claim.

---

[1] Wire Transfer request will be processed on the Thursday after the request is received. Justicefunds is not responsible for any hold placed on the funds, or any fees charged by the receiving bank.

1.4.2   "Purchased Proceeds" means all right, title and interest in and to the proceeds of the Claim, up to an amount equal to the Total Funded Amount plus the Purchase Service Fee, determined in accordance with this Agreement.

1.4.3   "Service Fee" means an amount equal to thirteen percent (13%) of the Total Funded Amount and such amount shall be increased on each six-month anniversary of this Agreement by an amount equal to an additional thirteen percent (13%) of Total Funded Amount.

## SECTION 2

## SALE AND ASSIGNMENT AGREEMENT AND REPAYMENT TERMS

2.1.   Immediate Assignment . To the extent permitted by applicable law, I hereby sell and assign to Justicefunds and Justicefunds hereby purchases from me, all of my right, title and interest in and to the Purchased Proceeds, payable from the Proceeds.

2.2.   Springing Sale and Assignment. To the extent that a current assignment of the Purchased Proceeds or any portion thereof is impermissible under applicable law, then Section 2.1 shall be deemed null and void, and in such event, I hereby agree and do sell and assign to Justicefunds and Justicefunds hereby purchases from me, all of my right, title and interest in and to the Purchased Proceeds at the instant such proceeds come into being by virtue of any settlement, judgment, award, compromise, verdict and/or other disposition of the Claim. Furthermore, in such event, to the fullest extent permitted by law, I hereby grant to Justicefunds an equitable lien in, to and upon my right to the Proceeds to secure Justicefunds' receipt of the benefits and bargain it is making under the terms of this Agreement.

2.3.   Delivery of the Purchased Proceeds.  I agree and acknowledge the following:

2.3.1   The transaction contemplated hereby is non-recourse to me. The Purchased Proceeds shall be paid only from the Proceeds, and shall be paid only to the extent that there are available Proceeds. I will not owe Justicefunds anything if there are no Proceeds, unless I have violated any material term of this agreement or I have committed fraud against Justicefunds.

NOVA_00006

2.3.2    The Purchased Proceeds will be paid to Justicefunds by my attorney out of the Proceeds and will be deducted directly from the Proceeds and paid immediately to Justicefunds prior to any payment to me with respect to the Claim. I understand that I will not receive any money or payment from the Proceeds until Justicefunds has been paid its Purchased Proceeds in full.

2.3.3    Justicefunds shall be immediately paid from any money collected as a result of the Claim; the only disbursements that may be deducted prior to paying Justicefunds are statutory liens (the "Permitted Liens"). Automatically upon receipt, all Proceeds (minus any amounts paid for Permitted Liens) will be held in trust for Justicefunds until Justicefunds has been fully paid its Purchased Proceeds. In case of a dispute regarding this Agreement, my attorney will continue to hold the Proceeds in trust (minus any amounts paid for Permitted Liens) until the dispute is ultimately resolved.

2.3.4    If the Proceeds of the Claim are not enough to pay the full amount due to Justicefunds, then Justicefunds shall be entitled to receive 100% of the Proceeds of the Claim.

2.3.5    My receipt or use of any Proceeds of the Claim prior to the full payment to Justicefunds of its Purchased Proceeds may constitute an illegal conversion and may be a crime.

2.4.    Waiver.  If I succeed on my Claim, I hereby waive any defense to payment of the amount due under this Agreement and represent and warrant that I will not seek to avoid payment of any amount due to Justicefunds under this Agreement.

2.5.    Understandings.  I understand that the payment instructions set forth herein and in the Irrevocable Client Directive attached hereto and incorporated herein by reference, are irrevocable, and not subject to modification except by Justicefunds or any successor in interest and only by written notice. In the event of a conflict between the terms of this Agreement and the Irrevocable Client Directive, this Agreement shall govern.

2.6.    Compliance.  I agree, if requested by Justicefunds, to adjust for clerical errors this Agreement and any or all documents contemplated hereby in order to enable Justicefunds to sell, convey, seek guaranty or market the Purchased Proceeds. Additionally, I agree that if this Agreement or any document contemplated hereby is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the purchase of the Purchased



Proceeds, or otherwise contains any errors or omissions, I shall upon request, within five (5) days from the date of such request, execute, acknowledge, initial, and deliver to Justicefunds any documentation Justicefunds deems necessary to replace or correct the lost, misplaced, misstated, inaccurate or otherwise missing agreement or document. If I fail or refuse to execute, acknowledge, initial, and/or deliver any such agreement or document to Justicefunds within the time frame specified herein, I agree to indemnify Justicefunds for any and all loss or damage which Justicefunds sustains by reason of my failure or refusal to cooperate, including but not limited to attorneys' fees and costs incurred by Justicefunds. I also understand and acknowledge that Justicefunds may in its discretion pursue equitable relief against me for my failure to cooperate or comply with the terms of this Agreement, and Justicefunds may recover from me its costs, including reasonable attorneys' fees, incurred in doing so.

2.7. No Transfer of the Claim. I understand that I am not assigning my cause of action to Justicefunds, but rather a contingent right to a portion of the Proceeds, in accordance with the terms of this Agreement.

2.8. CLIENT'S RIGHT TO MAKE DECISIONS. JUSTICEFUNDS HAS NO RIGHT OR OBLIGATION TO ADVISE, DIRECT OR INSTRUCT ME OR MY ATTORNEY IN HOW TO GO FORWARD WITH THE CLAIM. JUSTICEFUNDS WILL NOT BE INVOLVED IN ANY WAY IN THE CLAIM OR THE RESOLUTION THEREOF. JUSTICEFUNDS HAS NO OBLIGATIONS OR DUTIES CONCERNING THE CLAIMS OR THE RESOLUTION THEREOF. THE RIGHT TO MAKE THOSE DECISIONS REMAINS SOLELY WITH CLIENT AND CLIENT'S ATTORNEY.

SECTION 3

CLOSING

3.1. Closing. Justicefunds will pay me the amount due to client at the closing, which shall be the date that is five (5) business days after (or such earlier date as Justicefunds determines in its sole and absolute discretion): (a) the satisfaction (or waiver by Justicefunds, in its sole and absolute discretion) of all the conditions precedent set forth in Section 4 below; (b) Justicefunds' satisfaction that the representations made by me are truthful and complete in all respects, and (c) delivery to Justicefunds of all documents that Justicefunds requests,



including, without limitation, the fully executed Agreement, Irrevocable Client Directive and Acknowledgement of Counsel.

## SECTION 4

### CONDITIONS PRECEDENT

4.1.   Conditions Precedent.   Notwithstanding anything to the contrary contained herein, the obligations of the respective parties are subject to and conditional upon the satisfaction of the following conditions: (a) receipt by Justicefunds of searches that Justicefunds may require, in its sole and absolute discretion, which may include state and local UCC searches, federal and state tax lien searches and bankruptcy searches, (b) receipt by Justicefunds of the fully executed Agreement, Irrevocable Client Directive and Acknowledgment of Counsel, and (c) any other condition that Justicefunds requires in writing.

## SECTION 5

### LIEN AND SECURITY INTEREST

5.1.   Lien and Security Interest.   In consideration of my receipt of the amount due to client from Justicefunds and by signing this Agreement, I hereby grant Justicefunds a lien and security interest in the Proceeds (the "Collateral"). Justicefunds shall have all rights and remedies of a secured party under the Uniform Commercial Code. I authorize Justicefunds to file one or more UCC financing statements regarding their security interest and lien in the Collateral and I agree to take all other steps reasonably required by Justicefunds to perfect and maintain the perfection of Justicefunds' security interest.

5.2.   Calculation of the Purchased Proceeds.   The amount due to Justicefunds under this Agreement shall be calculated based on the date I receive any Proceeds, and shall be withheld and set aside from any such Proceeds and paid immediately upon collection to Justicefunds. I will not receive any money from the Proceeds until Justicefunds has been paid in full. This shall also apply to any structured settlement of the Claim. I hereby agree that the instructions set forth in this Agreement are irrevocable. I acknowledge that my receipt or use of any Proceeds prior to the full repayment to Justicefunds shall constitute an illegal conversion and may be a crime. In the event that there is a dispute as to the amount due to Justicefunds at the time that any Proceeds are received, I agree that the

NOVA_00009

Proceeds will not be disbursed to me or to any other party on my behalf until the dispute is resolved. I hereby irrevocably authorize Justicefunds at any time, and from time to time, to file any financing statements (and amendments) that Justicefunds deems necessary to protect its lien and security interest.

      5.4.   Independent Obligation/No Additional Liens. I hereby agree that I have not created and will not create additional liens against the Proceeds without satisfaction of my lien with Justicefunds. I specifically promise not to create any liens against the Proceeds as a result of any funding agreements or advances that I might receive after the date of this Agreement similar in nature to Justicefunds.

---

### SECTION 6

### RIGHT OF CANCELLATION

      6.1.   CLIENT'S RIGHT TO CANCELLATION. CLIENT MAY CANCEL THIS AGREEMENT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE (5) BUSINESS DAYS OF RECEIPT OF FUNDS FROM JUSTICEFUNDS.

      6.2.   Cancellation. In order for the cancellation to be effective, I understand that I must notify Justicefunds in writing and return the exact amount paid to me by Justicefunds. I may do this by making personal delivery or via mail by insured, registered or certified US mail postmarked within FIVE (5) BUSINESS DAYS of receipt of funds from Justicefunds to Justicefunds' principal place of business listed above: (A) the undeposited (or un-cashed) check provided to me by Justicefunds; (B) a certified or bank check in the exact amount advanced to me by Justicefunds; or (C) a money order in the exact amount advanced to me by Justicefunds.

---

### SECTION 7

### CREDIT AND INFORMATION RELEASE

      7.1.   Credit Report. Justicefunds may obtain a consumer credit report and/or other financial and credit information as part of the proposed transaction.

7.2.    Credit Report Authorization.  I hereby authorize any credit reporting agency, information service bureau, institution, attorney, or insurance company contacted by Justicefunds or its agents, to furnish a credit report, other financial, credit or legal information, information concerning liens and judgments against me and other information requested as part of the proposed transaction until I have completely satisfied my obligations under this Agreement.

7.3.    Credit Reporting Agencies.  I understand that this authorization is valid for purposes of verifying information given pursuant to business negotiations, or any other lawful purpose covered under the Fair Credit Reporting Act (FCRA). Upon written request, Justicefunds will provide the credit reports obtained, if any, and, if so, the name and address of the credit reporting agency that provided it. I certify the information provided to Justicefunds in the application and underwriting process is true, accurate and complete. I also authorize Justicefunds to report this transaction and matters related to it to any of the above entities.

7.4.    Attorney Authorization.  I direct and authorize my attorney and any subsequent attorney(s) to cooperate and release to Justicefunds and its affiliates any and all information and documents pertaining to the Claim or lawsuit, including pleadings, discovery, investigation, contracts, medical records/reports, depositions, and all other information in the file not protected by the attorney-client privilege, the work product doctrine, or other applicable evidentiary privileges or protections.

## SECTION 8
## REPRESENTATIONS AND WARRANTIES OF CLIENT

8.1.    Liability for Representations and Warranties of Client.  If I made an intentional misstatement, misrepresentation or omission of a material fact in my application or in connection with the Claim, or committed a fraudulent or criminal act either in connection with the transaction contemplated hereby or the Claim, or in a matter that would adversely impact the Claim, then I will be liable to Justicefunds for the Total Funded Amount and the Service Fee up to the date the intentional misstatement, misrepresentation or omission of a material fact was discovered, as well as any other outstanding fees and charges, without regard to the outcome of the Claim.

8.2.    Representations and Warranties of Client. I represent, warrant and covenant to Justicefunds as follows:

8.2.1    Residence. I presently reside at the address set forth in the introductory paragraph hereto and I have not resided anywhere else in the past five (5) years, except as represented in writing by me to Justicefunds. I will notify Justicefunds in writing within 72 hours if I move my residence.

8.2.2    Authority. I have full power and authority to enter into this Agreement and do not require the consent of any third party, including any present or former spouse, except as shall be required by law, rule or regulation. I am of sound mind and not acting under duress.

8.2.3    No Other Obligations. I am not indebted to any present or former spouse for support, maintenance or similar obligations, nor am I indebted to any child, or the guardian of any child, for any child support or similar payments. I have never received Aid to Families with Dependent Children, food stamp benefits or low income energy assistance benefits, and the Proceeds are not subject to any lien by any governmental agency to which payment for such benefits would be owed.

8.2.4    Taxes. I have paid all Federal, state and local taxes due through and including the date hereof or have made adequate provisions for such payments.

8.2.5    Creditors. I have not entered into this Agreement for the purpose of evading creditors.

8.2.6    Liens. Except as disclosed below, there are no pending bankruptcies, outstanding or unsatisfied judgments, or other judgments, levies, claims or liens (including, but not limited to, such liens for Medicare, Medicaid, Welfare, State Aid, State health, etc.), there no lawsuits, actions or cases pending or threatened against me (and I know of no basis for any claim against me) and there are no pending criminal allegation(s) or charge(s) against me:

Other Liens:                                    Lawsuits and/or Criminal Allegations:

NONE                                            NONE

NOVA_00012

8.2.7   No Omissions or Misrepresentations. The statements in this Agreement and any and all other documents executed and delivered in connection herewith are true, accurate and complete, and I have made no omissions or misrepresentations in this Agreement or the documents executed and delivered in connection herewith, and neither this Agreement nor the documents executed and delivered in connection herewith and made a part hereof contain any untrue statement of a fact or omit to state any fact necessary in order to make the statements herein and therein incomplete or misleading.

8.2.8   Non-Reliance. I have not relied on representations or statements made by Justicefunds, its agents or attorneys, and I have sought and received independent tax, financial and legal advice with this transaction.

8.2.9   Purchase and Sale. I intend this transaction to be a purchase and sale that includes a rate of return on investment. I agree that this transaction is NOT A LOAN in any form.

8.2.10   No Assignment. To protect Justicefunds against the possibility of disputes with third parties, I will not hereafter sell, assign or grant any interest in or to the Proceeds to anyone nor permit the attachment of any lien in, to or upon the Proceeds. Any assignment, sale, conveyance, hypothecation, encumbrance, security interest or lien, or attempt to do any of the foregoing by me without Justicefunds' express written permission in violation of this Section 8.2.10 shall be wholly void and of no effect.

8.2.11   High Risk; Acceptance. I have been advised that I should not accept any funding from Justicefunds if I have any other alternative to meet my immediate economic necessities. I agree that Justicefunds is taking a substantial economic risk and a bona fide risk of loss in entering into this Agreement and purchasing the Purchased Proceeds. Because Justicefunds is taking such a high risk, I understand that Justicefunds may make a large profit. However, Justicefunds will be paid only from the proceeds, and will not seek money from me directly in the event that I do not receive any Proceeds, except as otherwise set forth in this Agreement. This Agreement will not become effective until it is signed by Justicefunds. Justicefunds may accept or reject this Agreement, in its sole and absolute discretion, for any reason or no reason at all.

NOVA_00013

8.2.12 <u>Legal Counsel</u>. I am represented by an attorney in the Claim and for the purposes of this Agreement. I have received legal advice from that attorney in connection with this Agreement. I understand that Justicefunds is not involved with my legal decisions. I have instructed my attorney to diligently pursue the Claim; cooperate with Justicefunds during the pendency of the Claim; and provide Justicefunds with periodic updates regarding the status of the Claim. I will notify Justicefunds if I drop the Claim, settle the Claim and/or receive any Proceeds. I will not change the fee agreement between me and my attorney in any way that would reduce the amount of Justicefunds' interest in the Proceeds. I further promise to notify Justicefunds in writing within 48 hours if I terminate the services of my attorney, or if my attorney determines not to proceed with the Claim. If new counsel is retained to represent me in this Claim, I will notify Justicefunds within 48 hours of the new counsel being retained, and will direct my new counsel to comply with the terms of this Agreement by me and my Counsel executing a new Irrevocable Client Directive and Acknowledgement of Counsel.

8.2.13 <u>Treatment of Amount due to Client; Treatment in Bankruptcy</u>. I will not treat the amount due to client as a loan under any circumstances (including for tax purposes). If I commence, or have commenced against me, any case or other proceeding pursuant to any bankruptcy, insolvency or similar law prior to payment to Justicefunds of the amount due, I will cause the amount due to be described as an asset of Justicefunds (and not as my debt obligation) in any documents, agreements and instruments prepared or filed in connection with such proceeding.

8.2.14 <u>Power of Attorney</u>. I hereby designate and appoint my attorney and my attorney's firm, as my true and lawful agent and attorney-in-fact for the collection of any payments due to Justicefunds under this Agreement, and to do all acts and things necessary to fulfill my obligations under this Agreement.

## SECTION 9

## NOTIFICATIONS

9.1. <u>Change of Address/Contact Numbers</u>. I will receive any notices required under this Agreement at the address I have first listed above. If I move or my contact information changes, I will notify Justicefunds and provide my new contact information in writing within forty-eight (48) hours of the change.

9.2.    Notices. Any notices required under this Agreement or given in connection with this Agreement, shall be in writing and shall be given to the appropriate party by personal delivery or by certified mail, postage prepaid, or by recognized overnight delivery service to the addresses listed on the first page of this Agreement.

## SECTION 10

## MISCELLANEOUS

10.1.    Assignment. Justicefunds, its assigns and/or successors, may sell, transfer, convey or assign its security interest created hereunder, one or more times, in whole or in part. Upon sale, transfer, conveyance or assignment, Justicefunds, its assigns and/or successors shall provide notification of such sale, transfer, conveyance or assignment within seven (7) days after the sale, transfer, conveyance, or assignment to my attorney under section 6.2.11.

10.2.    Attorneys' Fees. If Justicefunds brings any action or other proceeding for enforcement of this Agreement or because of an alleged breach, default, or misrepresentation by you, Justicefunds shall be entitled to attorneys' fees and other costs incurred in that action or proceeding, whether or not a lawsuit is filed, in addition to any other relief to which Justicefunds may be entitled.

10.3.    Champerty. Certain jurisdictions prohibit "Champerty". Champerty makes it illegal to acquire someone else's right to sue. I understand and acknowledge that Justicefunds is NOT acquiring my right to sue, that I have filed a lawsuit, that the lawsuit absolutely belongs to me and no one else, and that Justicefunds will NOT be involved in decisions made by me and my attorney regarding that lawsuit. This Agreement constitutes an investment, not a loan; should a court of competent jurisdiction construe it to be the latter, I agree that interest shall accrue on the Total Funded Amount at the maximum rate permitted by law.

10.4.    Changes in Law. If there is ever a change in any law, rule or regulation applicable to Justicefunds' business or this Agreement that renders any terms of this Agreement unlawful or unenforceable, I will meet with Justicefunds immediately to modify or amend the affected term or terms of this Agreement, and I hereby agree that I will none-the-less be liable for, and will pay to Justicefunds, the amount due to Justicefunds.

10.5.   Cooperation.  I agree to cooperate fully with Justicefunds to accomplish, secure, or further any purpose of this Agreement, including to execute, acknowledge and deliver such other documents (including instrument of assignment, financing statement, continuation statement) and take such other actions necessary, appropriate or reasonably requested by Justicefunds.

10.6.   Counterparts.  This Agreement may be executed in separate counterparts. A signature transmitted by facsimile or email shall be effective with the same force and effect as an original signature.

10.7.   Disbursement.  In the event of a dispute as to the amount owed to Justicefunds when the Claim is resolved, it is expressly understood that my attorney shall not disburse funds to me, or on my behalf that constitute the sum Justicefunds is owed under this Agreement. That sum shall be retained by my attorney in an escrow account until the dispute is fully and finally resolved. I hereby make the foregoing irrevocable direction to my attorney and my attorney's successors.

10.8.   Enforceability.  If any provision of this Agreement shall be deemed invalid or unenforceable, it shall not affect the validity or enforceability of any other provision hereof.

10.9.   Entire Agreement.  This Agreement constitutes the entire agreement between the parties and there are no representations, warranties, covenants, or obligations except as set forth herein. This Agreement may only be modified in writing. This Agreement supersedes all prior and contemporaneous agreements, understandings, negotiations, or discussions, written or oral, of the parties, relating to or arising from any transaction contemplated by this Agreement. This Agreement shall be binding on, and inure to the benefit of, the parties hereto and their successors and assigns. This means that in the event of my death, my estate, executors, personal representatives, and heirs will be bound by the terms of this Agreement. This means that if you die, the appropriate sum from the Proceeds will first be used to pay Justicefunds under this Agreement before the Claim proceeds are distributed to your heirs.

10.10.  Events of Default.  I agree that any breach by me of my representations, warranties, covenants, agreements and/or obligations under this Agreement will constitute an event of default, and in the event of a default, Justicefunds will be entitled to all rights, powers and remedies at law, in equity and under this Agreement. I further agree that Justicefunds may contact and advise my attorney and any other third party, including the Federal

District Court for the Eastern District of Pennsylvania and the Claims Administrator, once appointed, about Justicefunds' lien and security interest in the proceeds. I further agree that Justicefunds may direct my attorney and such other third party that Justicefunds shall be included as the payee on the proceeds. I hereby release Justicefunds from any and all liability resulting from any actions described above.

10.11.   Governing Law and Venue.  I agree that any disputes that may arise out of this Agreement shall be construed and interpreted under the laws of the State of Florida. Venue for any dispute arising from the Agreement shall be in Broward County, Florida, and the parties agree that any Federal lawsuits arising from this Agreement shall be filed and maintained in the United States District Court for the Southern District of Florida in Broward County, Florida. The parties understand that the "choice of law," forum and venue clauses contained herein are critical in nature and are essential to the Agreement.

10.12.   No Brokers. I represent and warrant that I have not used any broker in connection with this Agreement other than [Name] ("Broker"), who is representing me pursuant to a separate broker agreement. I acknowledge and agree that Justicefunds may pay to Broker any fees due under such broker agreement ("Broker Fee"), and the amount of such payment shall be included in the Total Funded Amount. I agree to indemnify Justicefunds for any and all loss or damage which Justicefunds sustains by reason of my use of any broker, including but not limited to attorneys' fees and costs incurred by Justicefunds.

10.13.   NO CONSOLIDATION OR CLASS ACTION. I HEREBY EXPRESSLY WAIVE THE RIGHT TO CONSOLIDATE, OR TO HAVE HANDLED AS A CLASS ACTION, ANY PROCEEDINGS, CONTROVERSIES, ARBITRATIONS OR DISPUTES OF ANY NATURE INVOLVING ANY PERSON OR ENTITY WHO IS NOT A PARTY TO THIS AGREEMENT.

10.14.   OPT-OUT WAIVER. I REPRESENT AND WARRANT THAT I HAVE NOT OPTED-OUT OR OBJECTED TO THE PROPOSED SETTLEMENT OF THE CASE, CURRENTLY PENDING IN AND NOT YET FINALLY APPROVED BY THE FEDERAL APPELLATE COURTS.

10.15.   Prior Funding Agreements. Any and all prior receipt of funds of a similar nature are disclosed below. You must check the appropriate box:



☒   I have NOT received any funds from any person in a transaction of a nature similar to that contemplated by this Agreement.

OR

☐   I have received funds in a transaction of a nature similar to that contemplated by this Agreement prior to receiving funds from Justicefunds as listed below. I acknowledge and agree that Justicefunds may (but shall not be obligated to): (i) pay to such persons the aggregate amount due under such other agreements (collectively, the "Payoff Amount"); and (ii) to deduct the Payoff Amount from the Total Funded Amount

| Name of Other Party | Date of Funding: | Funding Amount | Payoff Amount: |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

NOVA_00018

## SIGNATURE PAGE

I HEREBY ACCEPT THE TERMS AND CONDITIONS OF THIS AGREEMENT, AND GRANT JUSTICEFUNDS A SECURITY INTEREST AND LIEN AS PER THE TERMS HEREOF, AND ASSIGN A PORTION OF THE PROCEEDS OF THE CLAIM TO THE EXTENT SPECIFIED IN THIS AGREEMENT, AS OF THE DATE FIRST ABOVE WRITTEN. I AM AWARE THAT I MAY NOT ACCEPT ANY FUNDS OR ADVANCES AGAINST THE CLAIM FROM ANY OTHER FUNDING COMPANY UNLESS I FIRST REPAY JUSTICEFUNDS IN FULL, AND SATISFY THE LIEN AND SECURITY INTEREST. I UNDERSTAND THAT NO FUNDS FROM MY PORTION OF THE PROCEEDS RESULTING FROM THE CLAIM WILL BE DISBURSED TO ME WITHOUT FIRST SATISFYING JUSTICEFUNDS' LIEN.

DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS AGREEMENT. BEFORE YOU SIGN THIS AGREEMENT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY. DEPENDING ON THE CIRCUMSTANCES, YOU MAY WANT TO CONSULT A TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL PROFESSIONAL. YOU ACKNOWLEDGE THAT YOUR ATTORNEY IN THE CLAIM HAS PROVIDED NO TAX, PUBLIC OR PRIVATE BENEFIT PLANNING, OR FINANCIAL ADVICE REGARDING THIS TRANSACTION.

Client Signatu

Print Name: _

JUSTICEFUNDS LLC

By: _____

Print Name: _____

Date: _____ 2 - 2 - 2017 _____

NOVA_00019



### CONSENT OF SPOUSE

**(if applicable)**

THE UNDERSIGNED SPOUSE OF THE CLIENT NAMED HEREIN HEREBY CONSENTS TO AND APPROVES THE TERMS AND CONDITIONS OF THIS AGREEMENT TO THE EXTENT REQUIRED BY LAW AND ACKNOWLEDGES HAVING FULLY READ THIS AGREEMENT AND FULLY UNDERSTANDING ITS TERMS.

Spouse Signature:

Print Name:

NOVA_00020

## IRREVOCABLE CLIENT DIRECTIVE

This Irrevocable Client Directive, along with the executed Purchase & Sale, Assignment & Equitable Lien Agreement (the "Purchase Agreement"), confirms that [Client Name] (hereinafter referred to as "I" or "Client") has granted to Justicefunds LLC (hereinafter "Justicefunds") an Irrevocable lien and security interest in and to a portion of the proceeds recovered from any settlement, judgment, award, compromise, verdict and/or other disposition of the Claim (defined in the Purchase Agreement).

By executing this Irrevocable Client Directive, I hereby instruct you as my attorney to act in accordance with the terms and conditions contained in the Funding Agreement and this Irrevocable Client Directive:

1.  In order to satisfy my obligations to Justicefunds, I instruct you upon receipt of the proceeds, to deposit the same (whether payable to me individually, or to me jointly with your law firm) into your escrow/attorney trust account immediately.

2.  Before disbursing any proceeds, please have your office call Justicefunds at 561.317.9807 to confirm the amount due to Justicefunds under the terms of the Purchase Agreement.

3.  PLEASE BE ADVISED THAT YOU MAY NOT DISBURSE ANY FUNDS FROM MY PORTION OF THE PROCEEDS RESULTING FROM THE CLAIM WITHOUT FIRST SATISFYING JUSTICEFUNDS' LIEN.

4.  Upon disbursing any proceeds from the Claim, before any proceeds are distributed to me, please deduct and forward all amounts payable to Justicefunds:

    via mail to: Justicefunds, Attn: Cliff Berry, Controller, 800 East Broward Blvd., Suite 403, Fort Lauderdale, FL 33301, or

    by wire transfer of immediately available funds, in accordance with wire transfer instructions set forth below:

| | |
|---|---|
| Bank Name: | Wells Fargo Bank, N.A |
| Bank Address: | 420 Montgomery, San Francisco, CA 94104 |
| Bank Routing/ABA #: | 121000248 |
| Account Number: | 4899453138 |
| Account Title: | Justicefunds LLC |

5.  Upon request by Justicefunds, disclose to Justicefunds the amount of proceeds resulting from the Claim.

6.  Notify Justicefunds within forty-eight (48) hours if there are any other assignments or liens of any kind whatsoever on the Claim, now or in the future, including without limitation federal, state or local tax liens, liens for child support, bankruptcy, outstanding or unsatisfied judgments, or other judgments, levies, claims or liens (including but not limited to such things as Medicare, Medicaid, Welfare, State Aid, State health, etc.)

7.  If you are no longer representing me in the Claim, notify Justicefunds within forty-eight (48) hours.

8.  Cooperate with Justicefunds by providing, upon request, any information regarding the Claim and the defendant(s) to Justicefunds that does not violate the attorney/client privilege.

Very truly yours,

Client Signature:

Print Name: _____

NOVA_00022

## ATTORNEY ACKNOWLEDGMENT

I hereby acknowledge receipt of this Irrevocable Client Directive and the Purchase & Sale, Assignment & Equitable Lien Agreement (the "Purchase Agreement"). Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in a Purchase Agreement. I understand that this Irrevocable Client Directive is a material part of the Purchase Agreement, and I will comply with the conditions contained herein and therein.

I acknowledge that: (i) I have reviewed the Purchase Agreement and all costs and fees have been disclosed including the method to calculate the amount to be paid by Client; (ii) I have discussed the Purchase Agreement with Client and to the best of my belief Client understand the terms and provisions of the Purchase Agreement, (iv) I am being paid with respect to this matter on a contingency fee basis per a written fee agreement; (iii) all proceeds from the Claim will be disbursed via the firm's trust account or a settlement fund established to receive the proceeds from the Claim on behalf of Client; (v) I am following the written instructions of Client with regard to the Purchase Agreement; (vi) Client granted Justicefunds a lien and security interest against the proceeds of the Claim as a consequence of executing the Purchase Agreement; (vii) pursuant to the Purchase Agreement, Client has sold and assigned a portion of Client's proceeds to Justicefunds; (viii) I will follow all the terms and conditions contained in this Irrevocable Client Directive and will honor the terms of the Purchase Agreement; (ix) I am not aware of any other liens attached to the Claim that are the result of a funding agreement similar in nature to that of Justicefunds; (x) the Purchase Agreement prohibits Client from creating or obtaining any other liens resulting from an agreement similar in nature to that of Justicefunds, unless Justicefunds' lien is satisfied in full; (xi) prior to making any distribution to Client of any proceeds, I will contact Justicefunds to ascertain the total amount due to Justicefunds; (xii) I will not remit any proceeds to Client or on Client's behalf, until I have set aside in escrow the sum to which Justicefunds is entitled or the sum to which Justicefunds claims it is entitled in full satisfaction of its lien; (xiii) under the foregoing circumstances, if I shall make a check or accompanying letter to the effect of a release of claim or "in full satisfaction," absent a written confirmation that Justicefunds will accept a lesser sum, I acknowledge and agree said check or letter will not have a legal effect, and Justicefunds is authorized to deposit said check without prejudice to Justicefunds' rights to collect payment in full; (xiv) the Claim is still pending and in active status; and (xv) if I am no longer representing Client in the Claim, I will notify JUSTICEFUNDS within forty-eight (48) hours.

NOVA_00023



Name of Law Firm:

Attorney Signature: _____

Print Name: _____

Date: _____