UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>      Plaintiffs,<br><br>      v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>      Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**[REVISED PROPOSED] ORDER**

AND NOW, this _____ day of _____, 2017, upon consideration of Co-Lead Class Counsel's Motion to (1) Direct Claims Administrator to Withhold Any Portions of Class Member Monetary Awards Purportedly Owed to Certain Third-Party Lenders and Claims Services Providers, and (2) Direct Disclosure to the Claims Administrator of Existence of Class Member Agreements with All Third Parties,

IT IS ORDERED that Co-Lead Class Counsel's Motion be, and hereby is, GRANTED, and it is further ORDERED as follows:

1. This Order applies to the Monetary Award payments and Derivative Claimant Award payments reflected in the Claims Administrator's Funding Request No. 10, which has yet to issue, and to any future Monetary Award payments and Derivative Claimant Award payments made in accordance with the Class Action Settlement Agreement, as amended (ECF No. 6481-1) that this Court finally approved on April 22, 2015 ("Covered Payments").

2. Within ten days after the date of a request from the Claims Administrator, a Class Member's individually-retained attorney, or, if there is no individually-retained attorney, Class Members themselves, shall provide the Claims Administrator with the following:

   a. a statement of every lender/funder/asset purchaser and claims services provider asserting, by virtue of a direct contract with the Class Member or otherwise, that a portion of the Covered Payment is owed to that entity or person;

   b. a statement of the terms of each contract (and superseded contract), including the date of the contract, whether termed as an assignment or asset purchase, the percentage or amount of the Covered Payment (including any purported expenses) allegedly owed to that entity or person, and the amount(s) paid or advanced to, or for the benefit of, the Class Member and the date(s) of such payment(s), or in the alternative, copies of the contract(s) themselves, may be provided; and

   c. an affidavit or a declaration pursuant to 28 U.S.C. § 1746, attesting that the information provided to the Claims Administrator is true and accurate.

3. The Claims Administrator shall withhold, until further order of this Court, the portion(s) of each Covered Payment corresponding to monies allegedly owed to any third party listed below from the Class Member's Covered Payment and promptly distribute the balance (subject to any other withheld amounts pertaining to governmental liens or attorneys' fees and expenses addressed in this Court's Order of September 7, 2017 (ECF No. 8358)) to the individually-retained attorney or, if the Class Member is not individually represented by counsel, directly to the Class Member.

4. The withholding of funds required by this Order applies to the following third-party lenders and claims services providers:

### **Lenders**

- Atlas Legal Funding, LLC[1]
- Cambridge Capital Group, LLC[2]
- Cash4Cases, Inc.
- Global Financial Credit, LLC
- HMR Funding, LLC[3]
- Justice Funds/Justicefunds, LLC
- Ludus Capital, LLC
- Peachtree Funding Northeast, LLC/Settlement Funding, LLC[4]
- Pravati Legal Funding/ Pravati Capital, LLC
- RD Legal Funding, LLC[5]
- Thrivest Specialty Funding, LLC
- Top Notch Funding/Top Notch Lawsuit Loans/Top Notch Funding II, LLC
- Walker Preston Capital Holdings, LLC

### **Claims Services Providers**

- Case Strategies Group (formerly NFL Case Consulting, LLC)
- Legacy Pro Sports, LLC

5. As to any required statement from an individually-retained attorney or Class Member that identifies any other third-party lenders or claims services providers, aside from those

---

[1] The related entities also included are Atlas Legal Funding I, L.P., Atlas Legal Funding II, L.P. and Atlas Legal Funding III, L.P.

[2] The related entities also included are Cambridge Capital Group Equity Option Opportunities, L.P., and Cambridge Capital Partners, L.P.

[3] The related entities also included are HMRF Fund I, LLC and HMRF Fund II, LLC.

[4] The related entities also included are Peachtree Settlement Funding, LLC, Peachtree Originations, LLC, Peachtree Financial Solutions, LLC, Peach Holdings, LLC, PeachHI, LLC, Orchard Acquisition Co. LLC, JGWPT Holdings, LLC, JGWPT Holdings, Inc., J.G. Wentworth, LLC, J.G. Wentworth S.S.C. Limited Partnership, J.G. Wentworth Structured Settlement Funding II, LLC, and Structures Receivables Finance #4, LLC.

[5] The related entities also included are RD Legal Finance, LLC, and RD Legal Funding Partners, LP.

listed above, the Claims Administrator shall maintain that information for Class Counsel and for possible future reporting of same to the Court.

6. This Court will determine at a later date whether and to what degree any interest that may have accrued under the terms of the third party agreement, during the time the funds are withheld, should be paid to the third parties.

7. Individually-retained attorneys shall ensure that the balance of each Covered Payment is promptly paid to their respective Class Member clients for the clients' benefit and shall not deduct or pay any amounts from such balance related to any above-listed third party's claim to a portion of the Covered Payment, irrespective of whether the individually-retained attorney signed an acknowledgement of, or any document purportedly recognizing, the third party's claim to any portion of the Covered Payment.  The withholding by the Claims Administrator of the monies allegedly owed to a third party or parties shall satisfy any obligation that an individually-retained attorney may have to facilitate payment to a third party.

8. This Court shall retain continuing and exclusive jurisdiction over the interpretation, implementation, and enforcement of this Order.

_____
Anita B. Brody
United States District Judge