**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION** | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| **THIS DOCUMENT RELATES TO:**<br><br>**Plaintiffs' Second Amended Master Administrative Long-Form Complaint Against Riddell Defendants and**<br><br>**Seau et al. v. National Football League et al., No. 13-cv-01531-AB** | **SHORT FORM COMPLAINT**<br><br>**IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION**<br><br>**JURY TRIAL DEMANDED** |

**OPT OUT PLAINTIFF SHORT FORM COMPLAINT AGAINST RIDDELL DEFENDANTS**

**1.** Plaintiffs Tyler Seau, Sydney Seau, Jake Seau, Gina Seau as guardian ad litem for [redacted] Seau, a minor, and Bette Hoffman, as trustee of the Tiaina B. Seau, Jr. 2002 Trust, bring this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

**2.** Plaintiffs are filing this Short Form Complaint against the Riddell Defendants as required by this Court's Case Management Order filed October 12, 2017, ECF No. 8451.

**3.** Plaintiffs continue to maintain claims against the Riddell Defendants after a Class Action Settlement was entered into between the NFL Defendants and certain Plaintiffs.

**4.** Plaintiffs incorporate by reference the allegations (as designated below) of the Second Amended Master Administrative Long-Form Complaint Against the Riddell Defendants, as may be amended, as if fully set forth at length in this Short Form Complaint.

**5.** Plaintiff Gina Seau is filing this case in a representative capacity as the guardian ad litem of [redacted] Seau, a minor, having been duly appointed as guardian ad litem by the

Superior Court of California, County of San Diego. A copy of the order appointing Gina Seau capacity as the guardian ad litem of [redacted] Seau is annexed hereto. Plaintiff Bette Hoffman is filing this case in a representative capacity as the trustee of the Tiaina B. Seau, Jr. 2002 Trust. A copy of the Declaration of Bette Hoffman In Support of the Complaint Commencing the Survival Action pursuant to California Code of Civil Procedure § 377.32 is annexed hereto.

**6.** Plaintiffs Tyler Seau, Sydney Seau, Jake Seau, Gina Seau as guardian ad litem for [redacted] Seau, a minor, and Bette Hoffman, as trustee of the Tiaina B. Seau, Jr. 2002 Trust, are residents and citizens of San Diego County, California and claim damages as set forth below.

**7.** Not Applicable.

**8.** Upon information and belief, the Plaintiffs' decedent, Tiaina B. Seau, Jr. ("Junior Seau"), sustained repetitive, traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices. On information and belief, decedent suffered from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the decedent sustained during NFL games and/or practices. On information and belief, the decedent's symptoms arose from injuries that were latent and developed over time.

**9.** The original complaint by Plaintiffs in this matter was filed in the Superior Court of California, County of San Diego. If the case is remanded, it should be remanded to the Superior Court of California, County of San Diego.

**10.** Plaintiffs claim damages as a result of [check all that apply]:

____ Injury to Herself/Himself

__x__ Injury to the Person Represented

__x__ Wrongful Death

__x__ Survivorship Action

__x__ Economic Loss

__x__ Loss of Services

__x__ Loss of Consortium

**11.** Not applicable.

**12.** Plaintiffs reserve the right to object to federal jurisdiction.

## DEFENDANTS

**13.** Plaintiffs bring this case against the following Defendants in this action:

__x__ Riddell, Inc.

__x__ Riddell Sports Group, Inc.

__x__ All American Sports Group, Inc.

__x__ BRG Sports, Inc., f/k/a Easton-Bell Sports, Inc.

__x__ BRG Sports, LLC f/k/a Easton-Bell Sports, LLC

__x__ EB Sports Corp.

__x__ BRG Sports Holdings Corp., f/k/a BRG Holdings Corp.

**14.** Decedent Junior Seau wore one or more helmets designed and/or manufactured by the Riddell Defendants during one or more years Decedent played in the NFL.

**15.** Decedent Junior Seau played in the National Football League ("NFL") during 1990-2009 for the following teams: the San Diego Chargers (1990-2002), the Miami Dolphins (2003-2005), and the New England Patriots (2006-2009).

**16.** Decedent Junior Seau retired from playing professional football after the 2009 season.

## CAUSES OF ACTION

**17.** Plaintiffs herein adopt by reference the following Counts of the Second Amended Master Administrative Long-Form Complaint Against the Riddell Defendants, along with the factual allegations incorporated by reference in those Counts:

__x__ Count I (Declaratory Relief)

__x__ Count II (Negligence)

__x__ Count III (Negligent Marketing)

    __x__ Count V (Negligent Misrepresentation)

__x__ Count VI (Negligent Hiring)

__x__ Count VII (Negligent Retention/Supervision)

__x__ Count VIII (Fraud)

__x__ Count VIII (Strict Liability/Design Defect)

__x__ Count VIII (Failure to Warn)

__x__ Count VIII (Breach of Implied Warranty)

__x__ Count IX (Civil Conspiracy)

__x__ Count X (Fraudulent Concealment)

__x__ Count XI (Wrongful Death)

__x__ Count XII (Survival Action)

____ Count XIII (Loss of Consortium)

__x__ Count XIV (Punitive Damages under All Claims)

__x__ Count XV (Declaratory Relief: Punitive Damages (Against all Defendants)

**18.** Plaintiffs assert the following additional causes of action:

__x__ See Attachment A to Plaintiffs' Short Form Complaint

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

A. An award of compensatory damages, the amount of which will be determined at trial;

B. An award of economic damages in the form of medical expenses, out of pocket expenses, lost earnings, and other economic damages in an amount to be determined at trial;

C. For punitive and exemplary damages as applicable;

D. For all applicable statutory damages of the state whose laws will govern this action;

E. For an award of attorneys' fees and costs;

F. An award of prejudgment interest and costs of suit; and

G. An award of such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury.

Dated: December 1, 2017

RESPECTFULLY SUBMITTED:

s/ Steven M. Strauss
Steven M. Strauss

COOLEY LLP
STEVEN M. STRAUSS (SBN 99153)
(SMS@COOLEY.COM)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP
DAVID S. CASEY, JR. (SBN 060768)
(dcasey@cglaw.com)
FREDERICK SCHENK (SBN 086392)
(fschenk@cglaw.com)
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

*Attorneys for Plaintiffs*

**ATTACHMENT A TO PLAINTIFFS' SHORT FORM COMPLAINT**

**Additional Allegation Pertaining to All Causes of Action**

Plaintiffs Tyler Seau, Sydney Seau, Jake Seau, Gina Seau as guardian ad litem for [redacted] Seau, a minor, and Bette Hoffman, as trustee of the Tiaina B. Seau, Jr. 2002 Trust are not signatories to any Collective Bargaining Agreement.

**Additional Allegation Pertaining to Count XI (Wrongful Death): Damages for Loss of Comfort and Society**

Plaintiffs Tyler Seau, Sydney Seau, Jake Seau, and Gina Seau as guardian ad litem for [redacted] Seau, a minor, claim all forms of economic and noneconomic damages arising from the wrongful death of Junior Seau as authorized by statutory and common law. In addition to the claims for relief described in Plaintiffs' Short Form Complaint against the Riddell Defendants, *Seau et al. v. National Football League et al.*, No. 13-cv-01531-AB, Plaintiffs claim noneconomic damages for loss of comfort, society, and protection caused by the wrongful death of decedent Junior Seau.

Under California law, plaintiffs in a wrongful death action may recover such damages as may be just under all the circumstances of the case. *See, e.g.*, *Mendoza v. City of West Covina*, 206 Cal. App. 4th 702, 720 (2012); CAL. CODE CIV. PROC. § 377.61. This includes damages for "the monetary equivalent of loss of comfort, society, and protection" resulting from the loss of the decedent. *Soto v. BorgWarner Morse TEC Inc.*, 239 Cal. App. 4th 165, 198–99 (2015), *reh'g denied* (Aug. 5, 2015), *as modified* (Aug. 20, 2015), *review denied* (Oct. 28, 2015) (quoting *Mendoza*, 206 Cal. App. 4th at 720); *see also Rufo v. Simpson*, 86 Cal. App. 4th 573, 614 (2001) (affirming loss of comfort and society award of $8.5 million to the parents of the decedent). Accordingly, Plaintiffs assert damages for the "monetary equivalent" of the loss "comfort, society, and protection" caused by the death of Junior Seau. *See, e.g.*, *Soto*, 239 Cal. App. 4th at 198–99.

155163131 v2

COOLEY LLP
STEVEN M. STRAUSS (99153) (SMS@COOLEY.COM)
4401 Eastgate Mall San Diego, CA 92121-1909
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP
DAVID S. CASEY, JR. (060768) (dcasey@cglaw.com)
FREDERICK SCHENK (086392) (fschenk@cglaw.com)
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

Attorneys for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF SAN DIEGO

CENTRAL DIVISION

| | |
|---|---|
| TYLER SEAU, an individual; SYDNEY SEAU, an individual; JAKE SEAU, a minor, and ████ SEAU, a minor, by and through their Guardian ad Litem Gina Seau; and BETTE HOFFMAN as trustee of the Tiaina B. Seau, Jr. 2002 Trust.<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE; NFL PROPERTIES LLC; RIDDELL, INC.; ALL AMERICAN SPORTS CORP.; RIDDELL SPORTS GROUP, INC.; EASTON-BELL SPORTS, INC.; EASTON-BELL SPORTS, LLC; EB SPORTS CORP.; AND RBG HOLDINGS CORP.<br><br>Defendants. | Case No.<br><br>Declaration of Bette Hoffman In Support of Complaint Commencing Survival Action by Bette Hoffman on Behalf of the TIAINA B. SEAU, JR., 2002 TRUST |

I, Bette Hoffman, hereby declare as follows:

1. I am a plaintiff in the above entitled action. I have personal knowledge of the facts set forth below, and if called as a witness to testify, I could and would competently testify thereto.

2. The decedent, Tiaina B. Seau, Jr., died on May 2, 2012 in San Diego County, California. A true and correct copy of his death certificate is attached.

3. No proceeding is now pending in California for the administration of the decedent's estate.

4. I am the presently serving sole trustee of the TIAINA B. SEAU, JR., 2002 TRUST, also known as the TIAINA B. SEAU TRUST, dated October 18, 2002. The trust is in full force and effect.

5. As sole trustee, I am authorized to commence litigation with respect any property of the trust. Therefore, I am authorized to act on behalf of the decedent's successors in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding.

6. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 18 2012 at San Diego, California.

Bette Hoffman

779963/SD

CIV-010

ATTORNEY (Name, State Bar number, and address):
Cooley LLP — Steven M. Strauss (99153), 4401 Eastgate Mall, San Diego CA 92121
Casey Gerry Schenk Francavilla Blatt & Penfield — David Casey (060768), 110 Laurel Street, San Diego CA 92101
TELEPHONE NO.: 858550-6000 FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): TYLER SEAU, et al.

FOR COURT USE ONLY

F I L E D
Clerk of the Superior Court
JAN 2 2 2013
By: K. HILL, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

PLAINTIFF/PETITIONER: TYLER SEAU et al.

DEFENDANT/RESPONDENT: NATIONAL FOOTBALL LEAGUE, et al.

**APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL**
☑ EX PARTE

CASE NUMBER: 37-2013-00031265-CU-PO-CTL

Via fax

***NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.***

1. Applicant (name): Gina Seau is
   a. ☑ the parent of (name): [redacted] Seau
   b. ☐ the guardian of (name):
   c. ☐ the conservator of (name):
   d. ☐ a party to the suit.
   e. ☐ the minor to be represented (if the minor is 14 years of age or older).
   f. ☐ another interested person (specify capacity):

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   Gina Seau
   [redacted]
   San Diego, CA 92130

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   [redacted] Seau
   [redacted]
   San Diego, CA 92130

4. The person to be represented is:
   a. ☑ a minor (date of birth): [redacted]00
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☑ the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
   [redacted] Seau is a minor and requires the appointment of a Guardian ad Litem to commence and litigate a wrongful death case relating to his father's death.

   ☐ Continued on Attachment 5a.

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010 [Rev. January 1, 2008]

APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL

Code of Civil Procedure, § 372 et seq.

CIV-010

| PLAINTIFF/PETITIONER: TYLER SEAU et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: NATIONAL FOOTBALL LEAGUE, et al. | 37-2013-00031265-CU-PO-CTL |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

   c. ☑ the person named in item 3 has no guardian or conservator of his or her estate.

   d. ☑ the appointment of a guardian ad litem is necessary for the following reasons *(specify)*:

   [redacted] Seau is a minor and requires the appointment of a Guardian ad Litem to commence and litigate a wrongful death case relating to his father's death.

   ☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
   a. ☑ related *(state relationship)*: Mother
   b. ☐ not related *(specify capacity)*:

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed)*:

   ☐ Continued on Attachment 7.

Steven M. Strauss
(TYPE OR PRINT NAME)

▶ [signature: Steven M. Strauss]
(SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1-22-13

Gina Seau
(TYPE OR PRINT NAME)

▶ [signature: Gina M. Seau]
(SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date: 1-22-13

Gina Seau
(TYPE OR PRINT NAME)

▶ [signature: Gina M. Seau]
(SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name)*: Gina Seau
is hereby appointed as the guardian ad litem for *(name)*: [redacted] Seau
for the reasons set forth in item 5 of the application.

Date: JAN 22 2013

ROBERT J. TRENTACOSTA
JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT