IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Anthony Bryant**,<br><br>   Plaintiffs,<br><br>v.<br><br>RIDDELL, INC., a corporation; RIDDELL SPORTS GROUP, INC., a corporation; ALL AMERICAN SPORTS, a corporation, d/b/a RIDDELL/ALL AMERICAN; BRG SPORTS, INC., a corporation, f/k/a EASTON-BELL SPORTS, INC.; EASTON-BELL SPORTS, LLC, a corporation; EB SPORTS, a corporation; RBG HOLDINGS, a corporation; and FENWAY PARTNERS, LLC, a private equity firm; (collectively, "RIDDELL DEFENDANTS"),<br><br>   Defendants. | ECF Document<br><br>No. 1:16-cv-04760<br><br>Judge Ronald A. Guzman |

<u>MOTION TO REMAND</u>

  Plaintiff, moves this Court for the entry of an Order, pursuant to 28 U.S.C. §1447(c), remanding this case to the Circuit Court of Cook County. In support Plaintiffs state:

  1. On March 11, 2016, Plaintiffs filed this product liability/fraud/conspiracy action in the Circuit Court of Cook County, Illinois.

  2. On March 30, 2016, Defendant, Riddell, Inc., was served. On April 25, 2016, the remaining Defendants were served.

3. On April 28, 2016, the product liability Defendants filed Notice of Removal, claiming Federal Question Jurisdiction by way of a Collective Bargaining Agreement between the NFL and the NFL Players' Union.

4. According to Defendants' Notice of Removal, "section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C § 185, controls and completely preempts all the plaintiff s claims because they are each inextricably intertwined with and require interpretation of collective bargaining agreements (CBAs) "

5. Plaintiffs move to Remand, as Riddell's contention has no rational basis in fact or law.

6. Because Plaintiffs' state law claims are not preempted, no federal question jurisdiction exists.

WHEREFORE, Plaintiffs respectfully requests this Court enter an Order, pursuant to 28 U.S.C. §1447(c), remanding this case to the Circuit Court of Cook County, Illinois.

Respectfully submitted,

*Ron A. Cohen*

Ron A. Cohen
33 N. Dearborn Street
Suite 1500
Chicago, Illinois 60602
312-332-5000
312-346-1145 (direct)
312-332-4663 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Anthony Bryant**,<br><br>    Plaintiffs,<br><br>    v.<br><br>RIDDELL, INC., a corporation; RIDDELL SPORTS GROUP, INC., a corporation; ALL AMERICAN SPORTS, a corporation, d/b/a RIDDELL/ALL AMERICAN; BRG SPORTS, INC., a corporation, f/k/a EASTON-BELL SPORTS, INC.; EASTON-BELL SPORTS, LLC, a corporation; EB SPORTS, a corporation; RBG HOLDINGS, a corporation; and FENWAY PARTNERS, LLC, a private equity firm; (collectively, "RIDDELL DEFENDANTS"),<br><br>    Defendants. | ECF Document<br><br>No. 1:16-cv-04760<br><br>Judge Ronald A. Guzman |

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ..................................................................................................................... I

STATEMENT OF FACTS ........................................................................................................ I

ARGUMENT ............................................................................................................................. 2

I.     Riddell's Removal Notice Improperly Frames The Court's Inquiry ................................ 3

II.    This Case Should Be Remanded For Lack of Subject-Matter Jurisdiction ..................... 4

       A.   Riddell Has Failed to Meet Its Burden to Affirmatively Demonstrate That
            a Federal Question Exists .................................................................................... 4

       B.   "Complete" Preemption Under the LMRA Differs From Defensive Preemption;
            Only Complete Preemption Confers Removal Jurisdiction ................................. 5

       C.   Riddell Neither Attempts To Nor Could Meet The Jurisdictional Burden ............ 6

III.   Riddell Must Pay The Fees And Costs For This Improvident Removal. ........................ 8

IV.    CONCLUSION ................................................................................................................. 8

TABLE OF AUTHORITIES

CASES                                                                                                                    PAGE(S)

*Allis-Chalmers Corp. v. Lueck,*
471 U.S. 202 (1985)..................................................................................................................5

*Appert v. Morgan Stanley Dean Witter, Inc.,*
673 F.3d 609 (7th Cir. 2012) ...................................................................................................5

*Bar J Sand & Gravel, Inc. v. W. Mobile New Mexico, Inc.,*
No. CIV. 05-800JBWPL, 2005 (D.N.M. Sept. 29, 2005)..................................................3

*Caterpillar, Inc. v. Williams,*
482 U.S. 386 (1987)......................................................................................................... 3, 4, 5

*Cox v. Aurora Fast Freight, Inc.,*
No. 89 C 7579, 1990 WL 43383 (N.D. Ill. Mar. 30, 1990)..............................................4

*Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health & Welfare Fund,*
538 F.3d 594 (7th Cir. 2008) ...................................................................................................7

*Horton v. Cigna Individual Financial Services, Co.,*
825 F. Supp. 852 (N.D. Ill. 1993) ..........................................................................................2

*In re Amoco Petroleum Additives Co.,*
964 F.2d 706 (7th Cir. 1992)............................................................................................. 5, 6

*In re Shell Oil Co.,*
966 F.2d 1130 (7th Cir. 1992) ...............................................................................................3

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
511 U.S. 375 (1994) ..................................................................................................................4

*Lingle v. Norge Div. of Magic Chef, Inc.,*
486 U.S. 399 (1988)......................................................................................................... 2, 5, 6

*Livadas v. Bradshaw,*
512 U.S. 107 (1994) ..................................................................................................................6

*People of the State of Ill. v. Kerr-McGee Chem. Corp.,*
677 F.2d 571 (7th Cir. 1982)...................................................................................................5

*Powers v. Cottrell Inc.,*
728 F.3d 509 (6th Cir. 2013) ..................................................................................................8

*Speciale v. Seybold,*
147 F.3d 612 (7th Cir. 1998) ...................................................................................................5

*Stemmons v. Toyota Tsusha America, Inc.,*
802 F. Supp. 195 (N.D. Ill. 1992) ............................................................................................3

*Stringer v. National Football League,*
474 F.Supp.2d 894 (S.D. Ohio 2007)................................................................................. 2, 7

*Teamsters v. Lucas Flour Co.,*
369 U.S. 95 (1962) ..................................................................................................................6

*Webb v. Frawley,*
No. 15-c-6406, 2016 WL 1223260 (N.D. Ill. Mar. 24, 2016)..............................................5

INTRODUCTION

Plaintiff moves this Honorable Court for an Order remanding his case to the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. § 1447(c) because the Federal Courts lack subject-matter jurisdiction. Riddell[1] flagrantly abuses the removal process: it has conceded elsewhere that no federal question could exist where (as here) it has been sued without an NFL co-defendant. Nevertheless, it is in this very posture-relying upon sham-Federal- Question Jurisdiction-that it lifts the case into District Court, and hopes to ensnare it in the Federal system *just* long enough to have it shipped off to the NFL Multidistrict Litigation. The law compels otherwise. While § 301 of the Labor Management Relations Act preempts state- law claims "inextricably intertwined" with disputed CBA terms (that might frustrate federal law), the jurisdictional basis is necessarily nonsensical where Riddell lacks any nexus to a CBA whatsoever. The Court should police its jurisdiction and issue a prompt remand Order, granting attorney fees under the statute.

### The Facts And Claims Asserted In The Complaint

This Court's jurisdictional analysis does not require a lengthy presentation of Plaintiff's Complaint, which plainly: 1) arises from common law; and 2) could not be re-cast as a §301 claim based upon Riddell's breach of the NFL's CBA, because Riddell is a stranger to that contract.

---

[1] Plaintiffs use "Riddell" to refer to Defendants.

1

Plaintiffs' Complaint arises solely from state law, and alleges that a helmet manufacturer, Riddell, hid and falsified information and other risks inherent in the game of football. Riddell's concealment of these risks aided Riddell's bottom line. Plaintiff sues Riddell for these acts and for placing defective helmets with inadequate/fraudulent warning labels into the stream of commerce.

Plaintiff has sued Riddell and only Riddell (of Rosemont, Illinois) in a Complaint filed in Cook County Circuit Court. Riddell, undeterred by its prior concession, (in litigation premised on identical CBA defenses) nonetheless removed his case. *See Stringer v. National Football League,* 474 F. Supp. 2d 894, 914 (S.D. Ohio 2007) ("the Riddell Defendants concede that, standing alone, Plaintiff s claims against them would not be preempted.")

## ARGUMENT

"A case must be remanded to state court...if the sole basis of federal jurisdiction is a preemption defense, and the court finds preemption insufficient to confer federal question jurisdiction." *Horton v. Cigna Individual Financial Services, Co.,* 825 F. Supp. 852, 854 (N.D. Ill. 1993). If a plaintiff can prove all the elements of his state-law claim without an interpretation of the CBA, then the claim exists independently of the Collective Bargaining Agreement. *Lingle v. Norge Div. Of Magic Chef, Inc.,* 486 U.S. 399, 409-10 (1988). Here, none of the allegations in

---

[2] Chronic Traumatic Encephalopathy ("CTE") is a degenerative brain disease found exclusively in those subjected to repetitive head trauma. 20

2

Plaintiff's Complaint require interpretation of a CBA that existed between non-parties to this case. In fact, these allegations do not even require *looking* at a CBA.

The District Court must "jealously guard" its jurisdiction against abuse by parties who may not comprehend the constitutional importance of federal jurisdiction. *In re Shell Oil Co.,* 966 F.2d 1130, 1133 (7th Cir. 1992); *Slemmons* v. *Toyota Tsusha America, Inc.,* 802 F. Supp. 195, 197 (N.D. Ill. 1992). Accordingly, when a defendant removes a case to Federal Court, this Court must "remain vigilant to ensure the presence of jurisdiction even though the parties may disregard the subject (or, worse, try to sneak one by the judge)." *Shell,* 966 F.2d at 1133.

I. <u>Riddell's Removal Notice Improperly Frame's The Court's Inquiry</u>

Riddell invites error with respect to its proposed starting point for the preemption analysis. Its notice relies exclusively on a sideshow of extrinsic and irrelevant matters. This is not merely a distraction, but also improper. The Court must remain vigilant against phantom jurisdiction and correct for this error.

Before commencing the substantive preemption analysis, it is important to define the scope of the inquiry. In ruling on a Motion to Remand, the Court limits its inquiry to the facts alleged in the complaint; a defendant may not "attempt to create the prerequisites to removal by ignoring the set of facts presented by the [plaintiffs], along with their legal characterization of those facts, and arguing that there are different facts that [plaintiff] might have alleged that would have constituted a federal claim." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 397 (1987). Stated differently, a defendant may not "attempt[] to justify removal on the basis of facts not alleged in the complaint." *See also Bar J Sand & Gravel, Inc. v. W. Mobile New Mexico, Inc.,* No. Civ. 05-800JBWPL, 2005 WL 3663689, at *10 (D.N.M. Sept. 29, 2005) (rejecting attempt

3

to "manufacture grounds for removal" under the LMRA by relying on facts other than "those . . . actually alleged in the Complaint"); *Cox v. Aurora Fast Freight, Inc.,* No. 89 C 7579, 1990 WL 43383, at *5 (N.D. Ill. Mar. 30, 1990) (rejecting LMRA-based removal for similar reason). Riddell ignores *Caterpillar* in its Removal Notice, undoubtedly due to its violation of the clear prohibition against reliance on facts outside of the complaint in an attempt to manufacture removal under the LMRA.

Instead, its Notice pegs almost the entirety of its argument for jurisdiction to matters outside of Plaintiff's Complaint, specifically the NFL's labor agreement and conduct. This includes extended citations to a previous complaint, filed in a foreign jurisdiction, and voluntarily dismissed prior to the filing of an answer or removal at the consent of the parties. It also includes extended discussion of Plaintiff's settlement with non-party NFL, and more generalized references to the NFL Concussion MDL. The abandoned and un-adjudicated prior complaint and references to the NFL MDL have no bearing on whether Plaintiff "can assert rights *independent* of" the CBA in the *operative* Complaint. *Cate1pillar,* 482 U.S. at 396. Similarly, collateral matters such as her pending membership in the NFL settlement class lack any nexus to his current Complaint. Without these cloaks, Riddell's bald case for Federal Question jurisdiction becomes much more visible.

II. This Case Should Be Remanded For Lack Of Subject-Matter Jurisdiction

    A. Riddell Has Failed to Meet Its Burden to Affirmatively Demonstrate That A Federal Question Exists.

The burden of establishing the existence of federal jurisdiction falls upon the party seeking to invoke it. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Riddell cannot demonstrate the existence of a federal question. "When an action is removed to federal court and a defendant invokes federal subject matter jurisdiction, the defendant bears the

4

burden of showing that the federal court has subject matter jurisdiction." *Webb v. Frawley,* No. 15-c-6406, 2016 WL 1223260 at *1 (N.D. Ill. Mar. 24, 2016) *(citing Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 617 (7th Cir. 2012) ("[t]he party invoking federal jurisdiction bears the burden of demonstrating its existence")). The "propriety of removal is to be strictly construed against removal, with all doubts resolved in favor of remand." *People of the State of Ill. v. Kerr-McGee Chem. Corp.,* 677 F.2d 571, 576 (7th Cir.1982).

      B.    "Complete" Preemption Under The LMRA Differs From Defensive Preemption; Only Complete Preemption Confers Removal Jurisdiction.

It is long settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law. *Speciale v. Seybold*, 147 F.3d 612, 614 (7th Cir. 1998). Accordingly, a case against an in-state defendant such as Riddell cannot be removed unless the face of the complaint shows claims properly based on federal law. *Caterpillar,* 482 U.S. at 396. The LMRA is an exceptional statute, as Judge Easterbrook explained quite clearly:

> Whether this case comes within the subject-matter jurisdiction of the federal courts depends on a doctrine misleadingly known as "complete preemption." When federal law occupies a field, state rules are preempted. But preemption is just a defense, and federal defenses to claims based on state law are adjudicated in state court. There is no general right of federal-defense removal.

*In re Amoco Petroleum Additives Co.,* 964 F.2d 706, 709 (7th Cir. 1992) *(emphasis added).*

Congress enacted § 301 of the LMRA to protect the interest of interpretive uniformity and arbitration of labor disputes "founded directly on rights created by collective bargaining-agreement", and claims whose resolution is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract"-that is, claims which require[] the interpretation of a collective bargaining agreement." *Caterpillar,* 482 U.S. at 395, *Allis- Chalmers Corp. v. Lueck,* 471 U.S. at 202; see also *Lingle v. Norge Div of Magic Chef, Inc.,* 486

5

U.S. 399, 408 (1988). The LMRA seeks to confine the collectively bargained-for remedies of labor parties to the arbitral fora that the parties selected.

In other words, this statute seeks to preserve the collectively bargained-for remedies agreed upon by labor parties (e.g., unions, employees, employer corporations, and trade associations) in their negotiations. For this reason, courts developed the "complete preemption" doctrine. But the Supreme Court has clarified that preemption is required only when the policies animating § 301 would be frustrated, so that not "every dispute tangentially involving a provision of a [CBA]" is preempted, *Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 103 (1962), *Livadas v. Bradshaw,* 512 U.S. 107, 122-23 (1994). The Court "stressed that it is the legal character of the claim, as 'independent' of rights under the [CBA] that decides whether a state cause of action can go forward." *Livadas,* 512 U.S. at 123-24 (citations omitted). Just because a state-law claim might "require addressing precisely the same set of facts" as a claim preempted as to another set of defendants, it is not preempted "as long as [it] can be resolved without interpreting the agreement itself{.]" *Lingle,* 486 U.S. at 408.

C. Riddell Neither Attempts To Nor Could Meet The Jurisdictional Burden.

Nowhere in its removal notice is an explanation for how or why the NFL's conduct and its CBA render the claims "inextricably intertwined." Riddell baldly asserts that the duties alleged in Plaintiff s Complaint arise from the CBA. But it never proves it. Because, it cannot. Absent such allegations, the law limits Riddell to (an unavailing) LMRA *defense.* It does not permit what Judge Easterbrook admonished as "federal-defense removal." *Amoco,* at 964 F.3d at 709. Riddell treats its affirmative burden as a mere inconvenience on the way to shipping the Complaint out of town.

Two-stepping from its concession in the *Stringer* case (in which it agreed such claims could not be preempted without the NFL as a co-defendant) Riddell claims the NFL's CBA is "inextricably intertwined" with Plaintiff's claims. But it never bothers to demonstrate where or how the Complaint states a federal claim under the CBA or where a bona fide interpretive dispute exists. This hardly surprises, given that the Plaintiff could never sue Riddell based on a contractual breach of labor rights (for breach of the NFL's CBA). Riddell never demonstrates how the CBA ever implicates Riddell; because, the NFL-NFLPA CBA neither enters nor dictates a product manufacturer's rights, duties or obligations.

Riddell only argues that defenses-such as its common-plan with the (non-party) NFL, or comparative *fault- might* implicate the CBA. D.E. 1 at 10. These defenses do not give rise to jurisdiction. *See Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health* & *Welfare Fund,* 538 F.3d 594, 601 (7th Cir. 2008) ("nor do we pass judgment on any potential conflict, sometimes called defensive preemption argument ... 'Conflict preemption, unlike complete preemption, actually is a true preemption doctrine and is an issue left to the state court in this case, since conflict preemption does not provide an independent basis for federal jurisdiction/removal.'") *(Emphasis added).*

None of the duties from which the Plaintiff alleges his claims to flow could *ever* arise from the labor document that Riddell gained no benefit from, has no party or third-party status in, and did not negotiate. While Riddell may proffer the (losing) argument of LMRA- preemption as an affirmative defense, it has literally no basis-as it has itself conceded *(Stringer, infra)-to* levy this jurisdictional claim when a standing alone and without a co-defendant in privity to the CBA.

So far-fetched is the instant, Defendants' proposition, little precedent exists where a

product liability Defendant removes a case based upon perceived Federal Question Jurisdiction. In one of the rare instances where a defendant did so (only to be remanded by the District Court), the Sixth Circuit articulated the absurdity of the request and awarded attorney's fees to the plaintiff:

> Section 301 preempts state law claims that are substantially dependent upon analysis of a CBA, but it does not reach claims that only tangentially involve CBA provisions. By its very terms, this provision confers federal subject matter jurisdiction only over suits for violations of contracts. Here, Plaintiffs' claims are not dependent upon analysis of a CBA. Defendant's duties to Plaintiffs arise under state law (products liability, negligence and breach of warranty), not under a CBA. Plaintiffs' rights are created by state law, not by a CBA. The proof required to establish Plaintiffs' state law claims does not involve a CBA, and this is not an action for violation of a contract. Moreover, Defendant Cottrell is not a party to the CBA at issue and, thus, is not bound or restricted by it and has no rights or obligations thereunder. Its duties exist independent of the CBA and are duties owed to members of the public as a matter of state law.

*Powers v. Cottrell Inc.,* 728 F.3d 509, 513 (6th Cir. 2013).

The same analysis applies here, compelling the same result. There is simply no jurisdictional basis for this action in federal court, requiring only one result: remand.

### III.   Riddell Must Pay The Fees And Costs For This Improvident Removal.

An order remanding a case may require payment of just costs and actual expenses, including attorneys' fees incurred as a result of removal. 28 U.S.C. § 1447(c). These fees and costs are discretionary. But here, Riddell has acted improvidently and indiscriminately. It has failed to present any jurisdictional issue at all, and has treated the federal statute the way a basketball player treats his or her "fouls to give." Fees are warranted.

### IV.   CONCLUSION

WHEREFORE Plaintiff seeks a prompt Order remanding this case back to Cook County Circuit Court, and an award of fees and costs.

Respectfully submitted,

*<u>Ron A. Cohen</u>*

Ron A. Cohen
33 N. Dearborn Street
Suite 1500
Chicago, Illinois 60602
312-332-5000
312-346-1145 (direct)
312-332-4663 (facsimile)