# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323(AB)<br><br>MDL No. 2323 |
| **Second Amended Master Administrative Long-Form Complaint Against Riddell Defendants and (if applicable) <u>Adams</u>, et al. v. National Football League [et al.], No. <u>2:13-cv-07661-AB</u>**<br><br>**This Short Form Complaint relates to <u>Plaintiff Terri Adams as Personal Representative of the Estate of Julius Adams</u>** | **SHORT FORM COMPLAINT**<br><br>**IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION**<br><br>**JURY TRIAL DEMANDED** |

## <u>SHORT FORM COMPLAINT AGAINST RIDDELL DEFENDANTS</u>

1. Plaintiff <u>Terri Adams, as the Personal Representative of the Estate of Julius Adams</u> bring this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2. Plaintiff(s) are filing this Short Form Complaint against Riddell Defendants as required by this Court's Case Management Order filed <u>October 24</u>, 2017.

3. Plaintiff and Plaintiff's Spouse continue to maintain claims against Riddell Defendants after a Class Action Settlement was entered into between the NFL Defendants and certain Plaintiffs.

4. Plaintiff and Plaintiff's Spouse incorporate by reference the allegations (as designated below) of the Second Amended Master Administrative Long-Form Complaint Against Riddell Defendants, as is fully set forth at length in this Short Form Complaint.

5. Plaintiff is filing this case in a representative capacity as the Personal Representative of the Estate of Julius Adams having been duly appointed as the Personal Representative by the Probate Court, County of Richland, South Carolina. Copies of the Letters of Administration/Letters Testamentary for a wrongful death claim are annexed hereto if such Letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.

6. Plaintiff Estate of Julius Adams is a resident and citizen of Irmo, South Carolina and claims damages as set forth below.

7. Plaintiff's Spouse Terri Adams is a resident and citizen of Irmo, South Carolina and claims damages as a result of loss of consortium proximately caused by the harm suffered by her Plaintiff husband.

8. Upon information and belief, the Plaintiff sustained repetitive, traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices. Upon information and belief, Plaintiff suffers from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff sustained during NFL games and/or practices. Upon information and belief, the Plaintiff's symptoms arise from injuries that are latent and have developed and continue to develop over time.

9. The original complaint by Plaintiffs in this matter was filed in Southern District of New York. If the case is remanded, it should be remanded to Southern District of New York

10. Plaintiffs claim damages as a result of [check all that apply]:

☐ Injury to Herself/Himself

☒ Injury to the Person Represented

☒ Wrongful Death

&boxtimes; Survivorship Action

&boxtimes; Economic Loss

&boxtimes; Loss of Services

&boxtimes; Loss of Consortium

11. [Fill in if applicable] As a result of the injuries to Plaintiff, Plaintiff's Spouse suffers from a loss of consortium, including the following injuries:

&boxtimes; Loss of marital services;

&boxtimes; Loss of companionship, affection or society;

&boxtimes; Loss of support; and

&boxtimes; Monetary losses in the form of unreimbursed costs expended for the health care and personal care of Plaintiff.

12. [Check if applicable]  &boxtimes;Plaintiff reserves the right to object to federal jurisdiction.

13. Plaintiff and Plaintiff's Spouse bring this case against the following Defendants in this action [check all that apply]:

&boxtimes; Riddell, Inc.

&boxtimes; All American Sports Corp.

&boxtimes; Riddell Sports Group, Inc.

&boxtimes; BRG Sports, Inc.

&boxtimes; BRG Sports Holdings Corp.

&boxtimes; Easton-Bell Sports, LLC

&boxtimes; EB Sports Corp.

☒ BRG Sports, LLC

14. [Check if applicable] ☒ The Plaintiff's Decedent wore one or more helmets designed and/or manufactured by the Riddell Defendants during one or more years Plaintiff played in the NFL and/or AFL.

15. Plaintiff's Decedent played in [check if applicable] ☒ the National Football League ("NFL") and/or in [check if applicable] ☐ the American Football League ("AFL") during the following period of time <u>1998-2005</u> for the following teams: <u>New England Patriots, Chicago Bears, Tampa Bay Buccaneers.</u>

16. Plaintiff's Decedent retired from playing professional football after the <u>2005</u> season.

## CAUSES OF ACTION

17. Plaintiffs herein adopt by reference the following Counts of the Second Amended Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

☒ Count I (Negligence)

☒ Count II (Negligent Marketing)

☒ Count III (Negligent Misrepresentation)

☒ Count IV (Fraud)

☒ Count V (Strict Liability/Design Defect)

☒ Count VI (Failure to Warn)

☒ Count VII (Breach of Implied Warranty)

- ☒ Count VIII (Civil Conspiracy)

- ☒ Count IX (Fraudulent Concealment)

- ☒ Count X (Wrongful Death)

- ☒ Count XI (Survival Action)

- ☒ Count XII (Loss of Consortium)

- ☒ Count XIII (Punitive Damages under All Claims)

- ☒ Count XIV (Declaratory Relief: Punitive Damages)

18. Plaintiffs assert the following additional causes of action [write in or attach]:

_____

_____

_____

_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff's Estate and Plaintiff's Spouse pray for judgment as follows:

A. An award of compensatory damages, the amount of which will be determined at trial;

B. An award of economic damages in the form of medical expenses, out of pocket expenses, lost earnings and other economic damages in an amount to be determined at trial;

C. For punitive and exemplary damages as applicable;

D. For all applicable statutory damages of the state whose laws will govern this action;

E. For loss of consortium as applicable;

    F.      For declaratory relief as applicable;

    G.      For an award of attorneys' fees and costs;

    H.      An award of prejudgment interest and costs of suit; and

    I.      An award of such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: December 4, 2017
       New York, NY

Respectfully Submitted,

By:   /s/ Wendy R. Fleishman
       Wendy R. Fleishman

Lieff Cabraser Heimann & Bernstein
Wendy R. Fleishman
250 Hudson Street
8th Floor
New York, New York 10013
Telephone: (212) 355-9000
Facsimile: (212) 355-9592
wfleishman@lchb.com

STATE OF SOUTH CAROLINA                                          PROBATE COURT
COUNTY OF RICHLAND

IN THE MATTER OF: JULIUS THOMAS ADAMS JR.

CASE NUMBER:     2017 ES40 01306

### CERTIFICATE OF APPOINTMENT AS PERSONAL REPRESENTATIVE

This is to certify that

**TERRI HARRISON RICE**

is the duly qualified **PERSONAL REPRESENTATIVE**

in the above matter and that this appointment, having been executed on the 10th day of August, 2017, is now in full force and effect, including authorization to receive all monies, income, principal, interest and dividends of and belonging to said estate.

**RESTRICTIONS:**

**The Personal Representative is appointed only to pursue the estate litigation. The Personal Representative is not authorized to receive proceeds on behalf of the Estate. The issue of bond will be addressed at such time when any proceeds and/or awards are issued to the estate.**

Executed this 10th day of August, 2017.

Amy W. McCulloch
Richland County Probate Judge

Do not accept a copy of this
certificate without the raised
seal of the Probate Court.

FORM #141PC (1/91)
SCPC 1-305, 3-103, 5-304, 5-421, 7-201