# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323(AB) <br><br> MDL No. 2323 |
| **Second Amended Master Administrative Long-Form Complaint Against Riddell Defendants and (if applicable) <u>Andrews</u>, et al. v. National Football League [et al.], No. <u>2:12-cv-04632-AB</u>** <br><br> **This is a Short Form Complaint related to Plaintiff <u>Clayton W. Skinner as Personal Representative of the Estate of Larry Roberts</u>** | SHORT FORM COMPLAINT <br><br> IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION <br><br> **JURY TRIAL DEMANDED** |

## <u>SHORT FORM COMPLAINT AGAINST RIDDELL DEFENDANTS</u>

1. Plaintiff <u>Clayton W. Skinner as Personal Representative of the Estate of Larry Roberts</u> brings this civil action as a related action in the matter entitled IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, MDL No. 2323.

2. Plaintiff is filing this Short Form Complaint against Riddell Defendants as required by this Court's Case Management Order, filed <u>October 24</u>, 2017.

3. Plaintiff's Decedent and Plaintiff continue to maintain claims against Riddell Defendants after a Class Action Settlement was entered into between the NFL Defendants and certain Plaintiffs.

4. Plaintiff's Decedent and Plaintiff incorporate by reference the allegations (as designated below) of the Second Amended Master Administrative Long-Form Complaint Against Riddell Defendants, as is fully set forth at length in this Short Form Complaint.

1467838.1

5. [Fill in if applicable] Plaintiff is filing this case in a representative capacity as the <u>Personal Representative of the Estate of Larry Roberts</u>, having been duly appointed as the <u>Administrator</u> by <u>the Probate Court of Douglas County, Georgia</u>. (Cross out sentence below if not applicable.) Copies of the Letters of Administration/Letters Testamentary for a wrongful death claim are annexed hereto if such Letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.

6. Plaintiff's Decedent <u>Larry Roberts</u> was a resident and citizen of <u>Douglas, Georgia</u> and claims damages as set forth below.

7. Plaintiff is a is a resident and citizen of <u>Atlanta, Georgia</u> ~~and claims damages as a result of loss of consortium proximately caused by the harm suffered by her Plaintiff husband~~.

8. The Plaintiff's Decedent sustained repetitive, traumatic sub-concussive and/or concussive head impacts during NFL games and/or practices. Upon information and belief, Plaintiff's Decedent suffered from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff's Decedent sustained during NFL games and/or practices. Upon information and belief, the Plaintiff's Decedent's symptoms arose from injuries that are latent and developed over time.

9. The original complaint by Plaintiffs in this matter was filed in the <u>Southern District of New York</u> If the case is remanded, it should be remanded to the <u>Southern District of New York</u>.

10. Plaintiff claims damages as a result of [check all that apply]:

☐ Injury to Herself/Himself

☒ Injury to the Person Represented

☒ Wrongful Death

☒ Survivorship Action

☒ Economic Loss

☐ Loss of Services

☐ Loss of Consortium

11. [Fill in if applicable] As a result of the injuries to Plaintiff, Plaintiff's Spouse suffers from a loss of consortium, including the following injuries:

☐ Loss of marital services;

☐ Loss of companionship, affection or society;

☐ Loss of support; and

☐ Monetary losses in the form of unreimbursed costs expended for the health care and personal care of Plaintiff.

12. [Check if applicable]  ☒Plaintiff reserves the right to object to federal jurisdiction.

13. Plaintiff's Decedent and Plaintiff bring this case against the following Defendants in this action [check all that apply]:

☒ Riddell, Inc.

☒ All American Sports Corp.

☒ Riddell Sports Group, Inc.

☒ BRG Sports, Inc.

☒ BRG Sports Holdings Corp.

☒ Easton-Bell Sports, LLC

☒ EB Sports Corp.

&boxtimes;     BRG Sports, LLC

14. [Check if applicable] &boxtimes; The Plaintiff's Decedent wore one or more helmets designed and/or manufactured by the Riddell Defendants during one or more years Plaintiff's Decedent played in the NFL and/or AFL.

15. Plaintiff's Decedent played in [check if applicable] &boxtimes; the National Football League ("NFL") and/or in [check if applicable] ☐ the American Football League ("AFL") during the following period of time <u>1986-1993</u> for the following teams: <u>San Francisco 49ers</u>.

16. Plaintiff's Decedent retired from playing professional football after the <u>1993</u> season.

## CAUSES OF ACTION

17. Plaintiffs herein adopt by reference the following Counts of the Second Amended Master Administrative Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

&boxtimes;     Count I (Negligence)

&boxtimes;     Count II (Negligent Marketing)

&boxtimes;     Count III (Negligent Misrepresentation)

&boxtimes;     Count IV (Fraud)

&boxtimes;     Count V (Strict Liability/Design Defect)

&boxtimes;     Count VI (Failure to Warn)

&boxtimes;     Count VII (Breach of Implied Warranty)

&boxtimes;     Count VIII (Civil Conspiracy)

☒ Count IX (Fraudulent Concealment)

☒ Count X (Wrongful Death)

☒ Count XI (Survival Action)

☐ Count XII (Loss of Consortium)

☒ Count XIII (Punitive Damages under All Claims)

☒ Count XIV (Declaratory Relief: Punitive Damages)

18. Plaintiffs assert the following additional causes of action [write in or attach]:

_____

_____

_____

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff's Estate and Plaintiff pray for judgment as follows:

A. An award of compensatory damages, the amount of which will be determined at trial;

B. An award of economic damages in the form of medical expenses, out of pocket expenses, lost earnings and other economic damages in an amount to be determined at trial;

C. For punitive and exemplary damages as applicable;

D. For all applicable statutory damages of the state whose laws will govern this action;

E. ~~For loss of consortium as applicable;~~

F. For declaratory relief as applicable;

G. For an award of attorneys' fees and costs;

H. An award of prejudgment interest and costs of suit; and

I. An award of such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: December 4, 2017
New York, NY

Respectfully Submitted,

By: /s/ Wendy R. Fleishman
     Wendy R. Fleishman

Lieff Cabraser Heimann & Bernstein, LLP
Wendy R. Fleishman (WF3017)
Adam Weintraub
250 Hudson Street
8th Floor
New York, New York 10013
Telephone: (212) 355-9000
Facsimile: (212) 355-9592
wfleishman@lchb.com
aweintraub@lchb.com

Kenneth R. Byrd
Andrew R. Kaufman
Lieff Cabraser Heimann & Bernstein, LLP
One Nashville Place
150 Fourth Avenue, North, Suite 1650
Nashville, TN 37219
Telephone: (615) 373-9000
Facsimile: (615) 313-9965
kbyrd@lchb.com
akaufman@lchb.com

*Attorneys for Plaintiff*

IN THE PROBATE COURT OF DOUGLAS COUNTY
STATE OF GEORGIA

IN RE: ESTATE OF )
)
LARRY ROBERTS, ) ESTATE NO. 17E0144
DECEASED )

## LETTERS OF ADMINISTRATION
*[Bond Waived and/or Certain Powers Granted at Time of Appointment]*

At a regular term of Probate Court, this Court granted an order allowing **CLAYTON W. SKINNER** to qualify as Administrator of the above named Decedent, who was domiciled in this County at the time of his death or was domiciled in another state but owned property in this County at the time of his death, and that upon so doing, Letters of Administration be issued to such Personal Representative.

THEREFORE, the said Administrator, having taken the oath of office and complied with all necessary prerequisites of the law, is legally authorized to discharge all the duties and exercise all powers of Personal Representative, according to Georgia law. In addition this Court:

*[Initial all which apply]*

_HS_ (a) **POWERS GRANTED:** Grants to the Administrator(s) all of the powers contained in O.C.G.A. § 53-12-261.

_HS_ (b) **REPORTS WAIVED:** Grants to the Administrator(s) the specific power to serve without making and filing inventory, and without filing any annual or other returns or reports to any court; but the fiduciary(ies) shall furnish to the heirs, at least annually, a statement of receipts and disbursements.

_HS_ (c) **BOND WAIVED:** Waives the specific requirement to post bond.

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate Court of said County and the seal of this office this _5_ day of _July_, 20_17_.

_____
Judge of the Probate Court

**State of Georgia**
**County of Douglas**

I, Brooke Landers, duly qualified and acting Deputy Clerk for the Court of Probate, Douglas County, Georgia do hereby certify that the within and foregoing copy is a true and correct copy of record on file in this office.

This _5th_ day of _July_, 20_17_.

_____
Deputy Clerk of Probate Court Douglas County