# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No 12-md-2323-AB <br><br> MDL No. 2323 |
| THIS DOCUMENT RELATES TO 2:12-cv-01023-AB, 2:12-cv-1024-AB, 2:12-cv-01025-AB, 2:12-cv-03533-AB, 2:12-cv-03534-AB, 2:12-cv-03535-AB, 2:12-cv-3776-AB, 2:12-cv-04087-AB, 2:12-cv-04574-AB, 2:12-cv-04575-AB, 2:12-cv-04576-AB, 2:12-cv-05372-AB, 2:12-cv-07214-AB, 2:13-cv-04231-AB, 2:13-cv-05200-AB, 2:13-cv-07628-AB and 2:14-cv-02064-AB | |

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO REMAND
## RIDDELL ACTIONS FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiffs that are represented by undersigned counsel, identified in Exhibit A to Plaintiffs' Motion, pursuant to this Court's Order of October 24, 2017 (ECF No.8472), move this court to remand their actions against the Riddell Defendants[1] ("Riddell Actions") because this Court lacks subject matter jurisdiction over said actions. Hence, this Court should remand these actions to the Superior Court of the State of California, Los Angeles County.

### INTRODUCTION

Plaintiffs herein originally brought their claims against, *inter alia*, the Riddell Defendants in 10 Complaints filed in the Superior Court of California, Los Angeles County, from 2011 to

---

[1] Namely, Riddell, Inc., All American Sports Corporation, Riddell Sports Group, Inc., Easton-Bell Sports Group, Inc., Easton-Bell Sports, Inc., EB Sports Corp., and RBG Holdings Corp.

2014.[2]  Co-Defendant the National Football League ("the NFL") subsequently removed these actions to the United States District Court for the Central District of California.  The sole basis for the NFL's removal of these actions was pursuant to federal question jurisdiction under 28 U.S.C. § 1331, with the NFL claiming that the claims against it were preempted by § 301 of the Labor Management Relations Act (29 U.S.C. § 185), and that federal jurisdiction was proper over the other claims in Plaintiffs' actions against it, including those against Riddell, pursuant to the supplemental jurisdiction provisions of 28 U.S.C. § 1367(a).  *See*, *e.g*., October 11, 2014 Notice of Removal of Civil Action Under 28 U.S.C. § 1441, *Maxwell v. National Football League, et al,* No. CV 11-08394 (C.D. Cal.), attached as Exhibit A.  The Riddell Defendants joined in and consented to these removals.  *See*, *e.g*., October 14, 2011, Notice of Consent to and Joinder in Removal to the United States Court for the Central District of California Under 28 U.S.C. § 1441, *Maxwell v. National Football League, et al,* No. CV 11-08394 (C.D. Cal.),

---

[2] Specifically, *Maxwell v. National Football League, et al,* filed July 19, 2011, docketed in this Court after transfer by the JPMDL at No. 2:12-cv-01023-AB, *Pear v. National Football League, et al,* filed August 3, 2011, docketed in this Court at No. 2:12-cv-01025-AB, *Barnes v. National Football League, et al.,* filed October 11, 2011, docketed in this Court at No. 12-cv-1024-AB, *Henderson v. National Football League, et al*, filed May 3, 2012, docketed in this Court at No. 2:12-cv-03534-AB, *Monk v. National Football League*, et al, filed May 3, 2012, docketed in this Court at No. 2:12-cv-03533-AB, *Kuechenberg v. National Football League, et al*, filed May 4, 2012, docketed in this Court at No. 2:12-cv-03535-AB, *Rademacher v. National Football League, et al*, filed March 9, 2012, docketed in this Court at No. 2:12-cv-3776-AB, *Morton v. National Football League, et al*, filed May 21, 2012, docketed in this Court at No. 2:12-cv-04087-AB, *Cunningham v. National Football League, et al*, filed May 18, 2012, docketed in this Court at No. 2:12-cv-04574-AB, *Kapp v. National Football League, et al*, filed May 31, 2012, docketed in this Court at No. 2:12-cv-04575-AB, *Bauman v. National Football League, et al*, filed May 31, 2012, docketed in this Court at No. 2:12-cv-04576-AB, *Bailey v. National Football League, et al*, filed July 26, 2012, docketed in this Court at No. 2:12-cv-05372-AB, *Sweet v. National Football League, et al*, filed October 25, 2012, docketed in this Court at 2:12-cv-07214-AB, *Duckworth v. National Football League, et al*, filed May 28, 2013, docketed in this Court at 2:13-cv-04231-AB, *Caldwell v. National Football League, et al*, filed July 5, 2013, docketed in this Court at No. 2:13-cv-05200-AB, *Hudson v. National Football League, et al*, filed November 1, 2013, docketed in this Court at No. 2:13-cv-07628-AB and *Jani v. National Football League, et al*, filed February 14, 2014, docketed in this Court at 2:14-cv-02064-AB.

attached as Exhibit B.  These actions were later transferred to this Court as part of MDL 2323 by the Judicial Panel on Multidistrict Litigation.

The only stated basis for federal jurisdiction over the Plaintiffs' claims against Riddell at the time of removal was supplemental jurisdiction pursuant to 28 U.S.C. § 1367, because these claims were joined in Plaintiffs' original filings with their claims against the NFL, and the NFL claimed federal question jurisdiction over Plaintiffs' claims against it.  *See* Exhibits A and B, *supra*.  This Court's Amended Final Order and Judgment dated May 8, 2015, ECF No. 6534, *inter alia*, dismissed Plaintiffs' claims against the NFL.  Therefore, as discussed *infra*, this Court no longer has supplemental jurisdiction over Plaintiffs claims.  Hence, this Court should remand these actions to the Superior Court of the State of California, Los Angeles County.

**ARGUMENT**

**A.     This Court lacks supplemental jurisdiction over the Riddell Actions and hence this Court should remand these actions to the Superior Court of the State of California, Los Angeles County.**

A federal court presented with a substantial question as to the existence of subject matter jurisdiction must resolve that question before proceeding further in relation to an action.

> The initial inquiry in any suit filed in federal court must be whether the federal court possesses subject-matter jurisdiction." *Rice v. Rice Foundation,* 610 F.2d 471, 474 (7th Cir.1979). *See also Leroy v. Great Western United Corp.,* 443 U.S. 173, 180 (1979) (subject-matter jurisdiction is "fundamentally preliminary" issue).

*Com. of Pa., Dep't of Pub. Welfare v. Markiewicz*, 930 F.2d 262, 266 (3d Cir. 1991).  *See also, e.g.*, *Douglas v. Ashcroft*, 374 F.3d 230, 234 (3d Cir. 2004) ("each court must first satisfy itself of its own jurisdiction").  Indeed, "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'"  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83,

94-95 (1998), quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382 (1884). Moreover, "the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). Further, a party asserting federal subject matter jurisdiction has the burden of proving that jurisdiction exists. *See Freidrich v. Davis*, 767 F.3d 374, 377 (3d Cir. 2014)

The only original articulated basis for this Court's subject matter jurisdiction over Plaintiffs' claims against the Riddell Defendant is supplemental jurisdiction pursuant to 28 U.S.C. § 1367, because these claims were joined in Plaintiffs' original filings with their claims against the NFL, and the NFL claimed federal question jurisdiction over Plaintiffs' claims against it. *See* Exhibits A and B, *supra*. However, the Third Circuit has explained the three prerequisites to supplemental jurisdiction under section 1367:

> "The federal claim must have substance sufficient to confer subject matter jurisdiction on the court." [*United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725 (1966)] The state and federal claims must derive from a common nucleus of operative facts, and the claims must be such that they would ordinarily be expected to be tried in one judicial proceeding. *See id.*

*MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1102 (3d. Cir. 1995).

The Riddell Defendants repeatedly stated in their Brief in Support of their Motion to Sever that Plaintiffs claims against it had been misjoined because a common nucleus of operative facts were lacking in Plaintiffs' claims against them and expressly stated, *e.g.*, that "Plaintiffs' claims will involve vastly different questions of fact and law". Brief in Support of Riddell Defendants' Motion to Sever, ECF No. 3593-1, at 12. Moreover, Riddell complained of, *e.g.*, "layer[s] of distinct legal issues" in relation to Plaintiffs' claims against them. *Id.* at 22. Having previously argued so vociferously for severance, the Riddell Defendants cannot now argue that Plaintiffs' claims against them, along with their claims against the NFL, derive from a common

nucleus of operative facts, nor can they be heard to argue that the claims against them are such that they would ordinarily be expected to be tried in one judicial proceeding.  Hence, the Riddell Defendants have conceded that two of the three requirements of this Court's exercise of supplemental jurisdiction over Plaintiffs' claims against them do not exist in the Riddell Actions.

Moreover, this Court's reasoning in its now-vacated December 1, 2015 Order severing Plaintiffs' claims against Riddell from their claims against the NFL (and from one another) is in accord with the proposition that Plaintiffs' state law claims against Riddell and the purportedly federal question claims against the NFL lack a common nucleus of operative facts and would not ordinarily be expected to be tried in one judicial proceeding.  *See* December 1, 2015 Order, ECF No. 6706.  Therein, this Court stated:

> Severance is appropriate to promote the efficient administration of justice in the resolution of these claims because, for example, the plaintiffs may have played for different teams, used different Riddell helmets at different times, and suffer from different symptoms and injuries. Moreover, certain Riddell Defendants may not have been in existence at the time some plaintiffs played in the NFL. *See In re Asbestos Prods. Liability Litig.*, MDL No. 875, Nos. 01-00162, 08-71147, 2009 WL 959539, at *1 (E.D. Pa. Apr. 6, 2009) ("We note that claims of different plaintiffs which involve common legal issues, but totally different alleged facts, may not be grouped into a single action . . ."); *In re Diet Drugs*, 325 F. Supp. 2d at 541 (severing claims where the plaintiffs suffered injuries as a result of consuming two drugs produced by Wyeth because their claims did not "arise out of the same transaction . . . or series of transactions")

*Id.* at n. 2.

The federal removal statute, 28 U.S.C. § 1441, provides in part:

> **(c) Joinder of Federal law claims and State law claims.--(1)** If a civil action includes—
>
> > **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
> >
> > **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be

>removable without the inclusion of the claim described in subparagraph (B).

**(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and ***shall remand the severed claims to the State court from which the action was removed***. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

(emphasis added).

Hence, Plaintiffs' claims against Riddell are not within the original or supplemental jurisdiction of this Court. *See supra.* This Court has dismissed Plaintiffs' claims against the NFL. Therefore, this Court should remand all the Riddell Actions to the Superior Court of the State of California, Los Angeles County.

## CONCLUSION

Because federal subject matter does not exist over the Riddell Actions, this Court should remand these actions to the Superior Court of the State of California, Los Angeles County.

Dated: December 4, 2017                                    Respectfully Submitted,


By: /s/ *Jason E. Luckasevic*
GOLDBERG, PERSKY & WHITE, P.C.
Jason E. Luckasevic, Esquire
PA ID #No. 85557
Jason T. Shipp, Esquire
PA ID #No. 87471
11 Stanwix Street, Suite 1800
Pittsburgh, PA 15222
Telephone: (412) 471-3980
Facsimile: (412) 471-8308

GIRARDI KEESE
Thomas Girardi, Esquire
Christopher Aumais, Esquire
Nicole Devanon, Esquire
1126 Wilshire Boulevard
Los Angeles, California 90017

Telephone: (213) 977-0211
Facsimile: (213) 481-1554

RUSSOMANNO & BORRELLO, P.A.
Herman J. Russomanno, Esquire
Robert J. Borrello, Esquire
150 West Flagler Street - PH 2800
Miami, FL 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served upon all counsel of record via the **CM/ECF system,** this 4th day of December, 2017.

/s/ *Jason E. Luckasevic*
Jason E. Luckasevic, Esquire

Counsel for Plaintiff