# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 - AB<br><br>MDL No. 2323 |
| --------------------------------------------------------<br><br>**Plaintiff's Memorandum of Law in Support of Motion to Remand Against Riddell Defendants**<br><br>**Duerson v. National Football League [et al.],** No. 2:12-cv-04631-AB | PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND<br><br>IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO REMAND

TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES..................................................................................................ii

INTRODUCTION..................................................................................................................1

STATEMENT OF FACTS.....................................................................................................1

ARGUMENT..........................................................................................................................2

I.   Riddell Has Failed to Meet its Burden to Affirmatively
     Demonstrate That a Federal Question Exists.................................................................2

     A.   There Exists No Relationship Between the
          CBAs and Defendants............................................................................................3

     B.   The Pending Claims Do Not Require CBA Interpretation.....................................4

CONCLUSION.......................................................................................................................6

## TABLE OF AUTHORITIES

**CASES**                                                                            **PAGE(S)**

*Allis-Chalmers Corp. v. Lueck*,
  471 U.S. 202 (1985)..................................................................................................3

*Baum v. Keystone Mercy Health Plan*,
  826 F. Supp. 2d 718 (2011)......................................................................................2

*Caterpillar, Inc. v. Williams*,
  482 U.S. 386 (1987)...............................................................................................2, 3

*In re Bentz Metal Prods. Co.*,
  253 F.3d 283 (7th Cir. 2001)....................................................................................4

*Lingle v. Norge Div. of Magic Chef, Inc.*,
  486 U.S. 399 (1988)...............................................................................................2, 3

*Livadas v. Bradshaw*,
  512 U.S. 107 (1994)..................................................................................................3

*Ohio Nat'l Life Assur. Corp v. Davis*,
  12 F. Supp. 3d 876 (N.D. Ill. 2014)..........................................................................4

*Stringer v. National Football League,*
  474 F. Supp. 2d 894 (S.D. Ohio 2007).....................................................................2

*Teamsters v. Lucas Flour Co.*,
  369 U.S. 95 (1962)....................................................................................................3

*Wigod v. Wells Fargo Bank, N.A.*,
  673 F.3d 547 (7th Cir. 2012)....................................................................................5

**Statutes**
28 U.S.C. § 1447(c)......................................................................................................1

**INTRODUCTION**

Plaintiff, TREGG DUERSON, Personal Representative of the Estate of DAVID R. DUERSON, deceased, by and through his attorneys, CORBOY & DEMETRIO P.C., moves this Court for the entry of an Order, pursuant to 28 U.S.C. § 1447(c), remanding this case to the Circuit Court of Cook County, Illinois.

The NFL removed Plaintiff's Wrongful Death causes of action from the Circuit Court of Cook County, Illinois. Now, the Estate has settled with the NFL Defendants. Mr. Duerson's case against Riddell should be remanded as it does not raise a federal question. While § 301 of the Labor Management Relations Act preempts state-law claims "inextricably intertwined" with disputed CBA terms (that might frustrate federal law), the jurisdictional basis is necessarily nonexistent where Riddell lacks any nexus to a CBA negotiated between the NFL and its player's union.

A parallel case, *Oliver v. Riddell Inc., et al.*, recently written by Judge Ronald A. Guzman of the Northern District of Illinois, provides ample justification for remanding such a case to state court. This Honorable Court should police its jurisdiction and issue a prompt remand Order.

**STATEMENT OF FACTS**

David Duerson's death was a result of repeated blows to the head sustained in the game of football, which had caused "CTE" (Chronic Traumatic Encephalopathy, a degenerative brain disease found exclusively in those subjected to repetitive head trauma.) (Exhibit A, pp. 1, ¶ 3). Immediately prior to David Duerson's death, he expressed a desire for his brain to be studied post-mortem, as he believed there was "something going on" in his brain. (Exhibit A, pp. 1, ¶ 2). A study of his brain was subsequently conducted by Boston University, resulting in evidence that David Duerson had, in fact, suffered from CTE. (Exhibit A, pp. 1, ¶ 3).

Plaintiff's Complaint against Riddell arises solely from state law, and alleges that a helmet manufacturer, Riddell, hid and falsified information regarding CTE and other risks inherent in the game of football. David Duerson's CTE-related death was caused by the helmet manufacturer's fraudulent concealment, misrepresentations and failures to warn of the real long-term risks of playing the game of football while wearing a plastic football helmet.

Now pending before this Court is a case in which the Estate of David Duerson has sued Riddell, and only Riddell (of Rosemont, Illinois) in a Complaint filed originally in Cook County Circuit Court. Riddell's prior concessions, (in litigation premised on identical CBA defenses) speaks volumes. *See Stringer v. National Football League*, 474 F. Supp. 2d 894, 914 (S.D. Ohio 2007) ("the Riddell Defendants concede that, standing alone, Plaintiff's claims against them would not be preempted.")

## ARGUMENT

This Court is charged with beginning its analysis with a strong presumption in favor of remand. *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 378 (1994). A purported preemption defense is ordinarily insufficient for removal to federal court. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 398 (1987). If a plaintiff can prove all the elements of his state-law claim without an interpretation of the CBA, then the claim exists independently of the Collective Bargaining Agreement. *Lingle v. Norge Div. Of Magic Chef, Inc.*, 486 U.S. 399, 409-10 (1988). Here, none of the allegations in Mr. Duerson's Complaint require interpretation of a CBA that existed during only a few years of David Duerson's NFL career. Of course, his claims against Riddell does not require interpretation of an agreement between non-parties to this case. In fact, these allegations do not even require *looking* at a CBA. Additionally, all doubts regarding

the existence of federal jurisdiction should be resolved in favor of remand. *Baum v. Keystone Mercy Health Plan*, 826 F. Supp. 2d 718, 720 (2011).

I. **Riddell Has Failed to Meet its Burden to Affirmatively Demonstrate That a Federal Question Exists**.

Congress enacted § 301 of the LMRA to protect the interest of interpretive uniformity and arbitration of labor disputes "founded directly on rights created by collective bargaining-agreement", and claims whose resolution is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract"—that is, claims which require[] the interpretation of a collective bargaining agreement." *Caterpillar,* 482 U.S. at 395. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. at 202 (1985); see also *Lingle v. Norge Div of Magic Chef, Inc.*, 486 U.S. 399, 408 (1988). The LMRA seeks to confine the collectively bargained-for remedies of labor parties to the arbitral fora that the parties selected.

In other words, this statute seeks to preserve the collectively bargained-for remedies agreed upon by labor parties (e.g., unions, employees, employer corporations, and trade associations) in their negotiations. For this reason, courts developed the "complete preemption" doctrine. But the Supreme Court has clarified that preemption is required only when the policies animating § 301 would be frustrated, so that not "every dispute tangentially involving a provision of a [CBA]" is preempted, *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103 (1962), *Livadas v. Bradshaw*, 512 U.S. 107, 122-23 (1994). The Court "stressed that it is the legal character of the claim, as 'independent' of rights under the [CBA] that decides whether a state cause of action can go forward." *Livadas*, 512 U.S. at 123-24. Just because a state-law claim might "require addressing precisely the same set of facts" as a claim preempted as to another set of defendants, it is not preempted "as long as [it] can be resolved without interpreting the

agreement itself[.]" *Lingle*, 486 U.S. at 408.  Riddell has failed to establish that, standing alone, there exists any relationship between them and the CBAs.

### A.     There Exists No Relationship Between the Non-Existent CBAs and Riddell.

Plaintiff alleged, and the NFL conceded in prior motion practice in the Northern District of Illinois, that at the time of Dave Duerson's three documented NFL concussions (i.e., 1988, 1990, and 1992) the NFL was operating outside of a Collective Bargaining Agreement (i.e., 1987 - 1993).  Neither the 1982 Collective Bargaining Agreement (that expired prior to Duerson's diagnosed concussions) nor the 1993 Collective Bargaining Agreement (that was negotiated subsequent to Duerson's improperly managed concussions) needs to be consulted, reviewed, or interpreted in order to determine the merit of the Wrongful Death claims brought by his Estate. Because neither an expired 1982 CBA nor the unripe 1993 CBA governs the relationship between the parties now at issue in this case, this Court lacks subject matter jurisdiction and must remand the case to state court.

Even if non-existent CBA terms somehow could or would need to be consulted, Riddell cannot benefit from Federal Question jurisdiction in a case where the NFL has been dismissed. On July 10, 2016, Judge Ronald A. Guzman delivered an order remanding a similar wrongful death CTE case, *Oliver v. Riddell Inc., et al.*, to Cook County Circuit Court (attached hereto as Exhibit B) and discusses the absent connection between Riddell and the CBAs:

> "At its core, this case is a state law products liability action with a litany of related state law torts, none of which stem from rights created by the CBAs. The thrust of Defendants' arguments seems to be that because the CBAs shape the scope of *some* of the NFL's duties, then the CBAs also (somehow) shape the scope of duties owed by helmet manufacturers to NFL players. But Defendants are admittedly not parties to the CBAs, and the NFL has not been named as a defendant in this case. These considerations alone strongly counsel against a finding of LMRA preemption."
> \*
> \*
> \*

> "At bottom, Plaintiff's complaint centers on the duties and obligations of a third party helmet manufacturer – not the NFL and its players – and Defendants have failed to provide a sufficient basis to find otherwise. Accordingly, the Court finds that the *rights asserted in the complaint are neither created nor governed by the CBAs*." (Emphasis added.)

(Exhibit B, p. 4-5).

As there exists no relationship between Defendants in this case and any relevant Collective Bargaining Agreement, there is no basis for the case to remain in Federal Court.

### B. Mr. Duerson's Claims Do Not Require CBA Interpretation

Determining whether a claim is preempted by LMRA requires analysis on a case-by-case basis. *In re Bentz Metal Prods. Co.*, 253 F.3d 283, 289 (7th Cir. 2001). As there exists no relationship between CBAs and Mr. Duerson's claims, the attempt to apply CBA analysis to Mr. Duerson's claims come up short. In Judge Guzman's order regarding *Oliver*, he applies potential analysis to the conspiracy claim asserted in that case, identical to the assertion in Mr. Duerson's case:

> "Consider Plaintiff's conspiracy claim: she will have to show that Defendants and the NFL conspired "to accomplish, through concerted action, an illegal act." *Ohio Nat'l Life Assur. Corp v. Davis*, 12 F. Supp. 3d 876, 886 (N.D. Ill. 2014). The "illegal act" in this instance, as alleged in the complaint, is the establishment of sham research committees (funded by both the NFL and Defendants), which in turn created sham studies that grossly inflated the effectiveness of Riddell helmets at mitigating certain kinds of head trauma...It is difficult to see how or why the CBAs would play a role in this analysis. To be sure, the CBAs contain many provisions pertaining to the NFL's duty to monitor player health and equipment, but the relevant question is not whether the NFL lived up to its standard of care under the CBAs. *Rather, the issues are (1) whether Defendants manufactured a dangerous product, as defined by Illinois law, and (2) whether Defendants and the NFL agreed to work together to hide those dangers. Put differently: either Riddell helmets were dangerously defective, or they were not; and either Riddell and the NFL agreed to hide those dangers by funding/conducting sham studies, or they did not. A jury would not even need to glance at the CBAs to determine these facts.*" (Emphasis added).

(Exhibit B, p. 6-7).

5

Within the potential conspiracy and fraudulent concealment/omission claims analysis Judge Guzman further explains the disconnect between the CBAs and the duty analysis:

> "At one point in their notice of removal, Defendants suggest that the conspiracy claim will necessarily turn on whether the NFL had a duty to warn its players of the dangers of Riddell helmets, (*see* Notice of Removal at 12), but this argument clouds the issues. Whether the NFL had a duty to warn its players of faulty equipment is separate and apart from the factual question of whether of whether the NFL worked with Defendants to fabricate scientific evidence. The only way that the CBAs would be relevant in this sense would be to determine the NFL's motive for engaging in the conspiracy in the first instance, which would require an interpretation of the CBAs. The two issues are therefore not intertwined."
>
> \*
> \*
> \*
>
> "To succeed on this claim, Plaintiff must show the following: (1) duty to disclose the truth owed by the defendant to the plaintiff; (2) a false statement (or omission) of material fact made by the defendant; (3) the defendant's knowledge of its falsity; (4) intent to conceal its falsity in order to induce the plaintiff to act; (5) action by the plaintiff in reliance upon those statements; and (6) damages. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 571 (7th Cir. 2012)...It is difficult to see why interpretation of the CBAs would be required to resolve this claim. Defendants suggest that the CBAs would be need to determine the requisite duty of care. But for who? Surely not Defendants since, as discussed above, they are not parties to the CBAs and nothing in the CBAs modifies or controls Defendants' common law duties as a manufacturer. Whether the NFL had certain duties of disclosure or care is (again) simply irrelevant because the NFL's conduct does not compose any part of Plaintiff's fraudulent concealment claim."

(Exhibit B, p. 7-8).

Even the case-by-case attempts to draw a connection show that there is, in fact, no connection to be drawn between Mr. Duerson's claims and CBAs that did not exist for the majority of his NFL career.

## **CONCLUSION**

WHEREFORE, Tregg Duerson respectfully requests that this Court issue an Order remanding this case back to Cook County Circuit Court, for trial on the merits.

            Respectfully submitted,

            */s/ William T. Gibbs*
            William T. Gibbs

Thomas A. Demetrio
William T. Gibbs
Corboy & Demetrio, P.C.
Attorneys for Plaintiffs
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
I.D. No. 02329