# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br>Plaintiffs,<br>vs.<br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties Inc.<br>Defendants. | MDL No. 2323<br><br>Hon. Anita B. Brody |

THIS DOCUMENTS RELATES TO:
ALL ACTIONS

**SUR-REPLY BRIEF IN FURTHER OPPOSITION TO CO-LEAD CLASS COUNSEL'S MOTION TO (1) DIRECT CLAIMS ADMINISTRATOR TO WITHHOLD ANY PORTIONS OF CLASS MEMBER MONETARY AWARDS PURPORTEDLY OWED TO CERTAIN THIRD-PARTY LENDERS AND CLAIMS SERVICES PROVIDERS AND (2) DIRECT DISCLOSURE TO THE CLAIMS ADMINISTRATOR OF EXISTENCE OF CLASS MEMBER AGREEMENTS WITH ALL THIRD PARTIES**

Proposed Intervenors Atlas Legal Funding, LLC, ("ALF"), Atlas Legal Funding I, LP, ("Atlas I") Atlas Legal Funding II, LP ("Atlas II") and Atlas Legal Funding III, LP ("Atlas III") (collectively, "Atlas") and Cash4Cases, Inc. ("C4C"), by and through their attorneys, submit this sur-reply to address certain factual issues raised by the Reply Declaration of Christopher A. Seeger in Further Support of Motion[1] to (1) Direct Claims Administrator to Withhold Any Portions of Class Member Monetary Awards Purportedly Owed to Certain Third-Party Lenders and Claims Services Providers, and (2) Direct Disclosure to the Claims Administrator of Existence of Class Member Agreements With All Third Parties (ECF No. 9113-1) ("Reply Declaration").

---

[1] Co-Lead Class Counsel's Motion (ECF No. 8470) shall be referred to herein as "Motion to Withhold."

> Specifically, in paragraph 11 of the Reply Declaration, Mr. Seeger states:
>
> 11. Law Cash was not included among those on the list provided by the Claims Administrator. Further, I am not aware as to whether it has a business affiliation with Esquire, other than, perhaps, some common ownership. Because, however, Cash4Cases and the Atlas entities have raised the issue, we have propounded discovery requests upon Law Cash, which has responded that it did not provide any funds to Class Members. If we receive information that Law Cash has entered into assignment agreements with Class Members, we will seek to have Law Cash included in the Motion to Direct.

Statements in this paragraph are called into question by: (1) documents produced by Atlas to Mr. Seeger in discovery, (2) publicly-available records demonstrating the close and overlapping relationship between LawCash and Esquire, and (3) publicly-available records regarding other funding operations that operate "dba LawCash" and share LawCash's physical office address.

First, a response by LawCash "that it did not provide any funds to Class members" appears to be incorrect because LawCash purchased one of Atlas II's NFL funding agreements. In response to Mr. Seeger's discovery demands, Atlas II provided Mr. Seeger's office with a closed, paid off, contract for Timothy Meamber, Bates # ATLAS NFL 001147-00158. *See* Meamber contract attached hereto as Exhibit 8.  This contract is closed because on January 16, 2015, *Atlas II was bought out of the contract by LawCash*. Enclosed is a copy of check #154135 from "LawCash Disbursement Acct" 26 Court Street, Suite 1104, Brooklyn, New York 11242. *See* LawCash check attached hereto as Exhibit 9.  Since the check came from LawCash, clearly LawCash has provided funds to Class Members.  This conclusion is further supported by Law Cash's website advertising funding for NFL Concussion cases.  *See* Ex. 7 to Atlas and C4C Opp. (ECF No. 8940).  Accordingly, and consistent with Mr. Seeger's commitment to add LawCash to the Motion to Withhold upon receipt of "information that Law Cash has entered into assignment

agreements with Class Members," (Reply Decl. ¶ 11), C4C and Atlas surmise that it would be appropriate for Mr. Seeger to include LawCash in the pending Motion to Withhold.

<u>Second</u>, while Mr. Seeger declared that he is "not aware as to whether [LawCash] has a business affiliation with Esquire, other than, perhaps, some common ownership," the public domain shows significant ties between Esquire Bank and Law Cash, especially during the time Mr. Seeger was a Director at Esquire Financial Holdings, Inc., and Esquire Bank, despite Mr. Seeger's protestations to the contrary.  *See* Esquire Bank letter from Board of Directors to Shareholders dated September 4, 2012, congratulating Board Member Christopher Seeger, attached hereto as Exhibit 10, *and* Mr. Seeger's Executive Profile as of Oct. 27, 2017, listing him as a Director of Esquire Bank until May 26, 2016 (ECF No. 8940 at 89); *compare* Mr. Seeger's statement that he "was never a Director of Esquire Bank," (Reply Dec. ¶ 4, n. 1).  For example:

- LawCash's literature is replete with references to Dennis Shields, the Chief Executive Officer of LawCash and names him as "a founding organizer and the Executive Chairman of the Board of Esquire Bank." *See* LawCash web printout attached hereto as Exhibit 11.

- Esquire Bank's website identifies Mr. Shields as the "Executive Chairman of the Board and [] a founding organizer of Esquire Bank. . . . Since its inception in 2000, Mr. Shields has served as Chief Executive Officer of Plaintiff Funding Corp. (dba LawCash)." *See* Esquire Bank web printout attached hereto as Exhibit 12.

- Esquire Bank's website identifies Selig A. Zises as a member of the Board of Directors and a founding organizer of Esquire Bank.  (*Id.*)  Mr. Zises' Executive Profile, he represents that he has been Chairman of Plaintiff Funding Corp., (dba LawCash) since 2000, as well as a founding organizer of Esquire Bank and Director at Esquire Bank and Esquire Financial Holdings since 2009.  *See* Executive Profile attached hereto Exhibit 13.

Indeed, it appears Mr. Shields was at the ground floor of both Esquire and LawCash. This fact was promoted in an article dated of LawCash's wesbite dated November 15, 2010, which states "The founders of LawCash, a Brooklyn lender, won a charter from New York in

- 3 -

2006 to establish Esquire Bank, the first American bank to specialize in the business of financing lawyers and plaintiffs." *See* Article at 4, attached hereto as Exhibit 14.

The recent and ongoing business activity between Esquire Bank and LawCash is evidenced by a statement by Esquire in a Prospectus filed with the SEC:

> In 2016, Esquire Bank made a $500,000 loan to a third-party borrower the proceeds of which were used to lend additional monies to a limited liability company controlled by Plaintiff Funding Holding, Inc. (DBA LawCash). Mr. Zises, a director of the Company, and Mr. Shields, an executive officer and a director of the Company, are each principal stockholders of LawCash, and Mr. Shields is the Chief Executive Officer of LawCash. The loan was made in the ordinary course of business, on substantially the same terms, including interest rates and collateral, as those prevailing at the time for comparable transactions with others, and in the opinion of management does not involve more than a normal risk of collectability, nor does it present other unfavorable features. The loan was approved by the Directors Loan Committee and Corporate Governance Committee, without participation or vote of Messrs. Shields or Zises. As of March 31, 2017, the loan was being paid as agreed.

*See* Esquire Prospectus at p. 106, attached hereto as Exhibit 15.

Third, Mr. Seeger states that "we have propounded discovery requests upon Law Cash," but as illustrated by the public records quoted above, LawCash sometimes serves as a "dba" for other entities, calling into question who exactly Mr. Seeger propounded discovery upon and who responded.   Indeed, as confirmed by the NYS Department of State, there are several litigation funding entities that share the same physical office address as "LawCash", i.e., 26 Court Street, Suite 1104, Brooklyn, New York 11242:

- Plaintiff Funding Holding, Inc.
- Plaintiff Holding V, LLC
- LawCash I, LLC
- Plaintiff Funding Corporation

*See* NYS Department of State information attached hereto as Exhibit 16.  Even more curiously, Plaintiff Funding Corporation, who listed Dennis Shields as Chief Executive Officer in its February 9, 2000 filing, has been inactive as "merged out" since October 27, 2006.  (*Id.*)  Yet, as noted above, Esquire Bank lists Mr. Shields as the Chief Executive Officer of Plaintiff Funding Corp. (dba LawCash).  Thus, the full extent, nature and terms of funding agreements that may have been provided by LawCash (in its name or another) to Class members remains an open question. Similarly, there is no indication in the record as to whether LawCash designates its funding agreements as assignments or loans.

In conclusion, all of these facts raise questions about the role that LawCash may have in funding agreements for Class members.  Accordingly, C4C and Atlas respectfully request that the Court consider the factual issues raised herein and deny the relief sought by Co-Lead Class Counsel in the Motion to Withhold.

Respectfully submitted,

/s/ Bridget C. Giroud
Marissa Parker, Esquire
Bridget C. Giroud, Esquire
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103-7018
T: 215.564.8000
F: 215.584.8120
MParker@stradley.com; BGiroud@Stradley.com
*Attorneys for Cash4Cases, Inc., Atlas Legal Funding, LLC, Atlas Legal Funding I, LP, Atlas Legal Funding II, LP and Atlas Legal Funding III, LP*

Raul J. Sloezen, Esquire (*admitted pro hac vice*)
LAW OFFICES OF RAUL J. SLOEZEN
130 Sycamore Road
Clifton, NJ 07012
T: 973.928.6821
F: 201.606.8203

Dated: December 7, 2017        Rjsloezen@gmail.com

# 3412630