UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br><br>Hon. Anita B. Brody<br><br>JURY TRIAL DEMANDED |
| THIS DOCUMENT RELATES TO:<br>2:12-md-02323-AB (as applicable)<br>12-cv-4634 (*only to Ted Johnson v. NFL et al*) | |

**OPT-OUT PLAINTIFF TED JOHNSON'S SUPPLEMENTARY OPPOSITION MEMORANDUM TO DEFENDANTS' 12(b)6 MOTIONS**

Plaintiff Ted Johnson incorporates opt-out counsel's memoranda, but files this Supplemental Opposition to Defendants' respective motions (D.E. 8403 and D.E. 8404):

**OVERVIEW**

Defendants hold a losing hand with respect to both motions, and rely on a flawed tautology: as they put it, (1) only those claims alleging Defendants to have breached duties to NFL players state plausible claims for relief, the alleged wider-spread, purposeful conduct be-dammed; therefore (2) *all* claims are preempted because those within the umbrella of "1" are the *only* duties, and those duties are created or covered by the CBA. This misses the mark of Mr. Johnson's action: (1) as Defendants concede (D.E. 8404, pp. 18-19) *all* conduct foreseeably creating danger creates a legal duty to those within that zone of danger (here, *only* as applied to the general public); and (2) as Defendants also concede (D.E. 8403, pp. 39-40) claims alleged as to "every person in society" are *not* preempted. Ted Johnson brings expressly, and only, claims based rooted in his being a member of the general public, based upon Defendants' specific, alleged conduct (grant money to youth-football and non-NFL football scientific studies, etc.)

He alleges chronic brain damage from decades of exposure to repetitive blows to the head. *See* D.E. 8027 (Johnson Short Form Compl.), ¶¶ 6,7. Defendants NFL and NFLP recognized chronic brain damage as a natural (if not likely) consequence of *football*. They hid this from the world and engaged *de facto* defense-experts to tell *the world* (a) that football was safe (when they knew otherwise) and (b) that protective equipment worked (when they knew it did not.) This sums up his case; it is neither about workplace safety, nor bad NFL medicine. Nor—and most fundamentally—is it about *NFL football*; it applies to *all football*. Johnson's Complaint invokes only those legal relationships that Defendants NFL and NFLP created when they disseminated false information and concealed other information to anyone considering put on shoulder pads and a helmet, or their parents. None of these expressly or impliedly borrows the obligations of a labor contract between (and only mentioning *one* of) the two defendants on the one hand, and its union on the other.

But there is an even more central problem with Defendants' approach: their preemption motion is procedurally deficient. Defendants never explain whether they present a substantive or jurisdictional preemption motion. Do they travel under Rule 12(b)(6) or Rule 12(b)(1)? They can't have it both ways. The respective strictures clash with each other. Either disposition will require evidence (and discovery) and is therefore premature, or, Defendants may not present or rely on the CBA whatsoever.

In other words, if Defendants' Motion travels under Rule 12(b)(6), the Court must find that the face of Johnson's Complaint *actually raises their CBA* in order to consider it without reversible error. On the other hand, if Defendants are raising this as "jurisdictional" or "complete" preemption, and invite the Court to travel beyond the complaint and to assess its *essence*, then the

remand/12(b)(1) standards apply and this motion becomes premature: Plaintiff would first need to receive jurisdictional discovery.

The Defendants have done neither, which means they cannot possibly have met their burden under any Rule 12 sub-part. For the moment, the four corners of the Complaint control, which assert state common law claims based on duties to the general public; they are properly before the Court under 28 U.S.C. §1367(a), which permits supplemental jurisdiction over Johnson's claims as an opt-out to a settlement class. Mr. Johnson sues as a member of the general public, injured when within a zone of danger. Such claims are impossible to preempt. Therefore, the Court should deny both motions.

**DEFENDANTS IGNORE THE LEGAL STANDARD GOVERNING THEIR PREEMPTION MOTION.**

Defendants' Motion to Dismiss on Preemption Grounds (D.E. 8403) vaults past the relevant legal standards. In contrast to the other postures through which Defendants might defend with the LMRA (remand, Rule 12(b)(1)), or Rule 56), here, the court may only consider those extrinsic documents such as the CBA "if plaintiff's claims are based on the document." *Pension Benefit Guaranty Corporation v. White Consolidated Industries, Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993). As extrinsic evidence outside the complaint, the NFL"s attempt to insinuate factual matter" by presenting their CBA at the pleadings stage is improper. See *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings."); *Gray v. Keystone Steel & Wire Co.*, No. 08-1197, 2009 WL 187895, at *1 (C.D. Ill. Jan. 21, 2009) (refusing to "consider the excerpts of the CBA" where complaint itself did not expressly "refer to the CBA").

In other words, here, and in contrast to *Maxwell* or *Duerson*, the Court may not venture beyond the pleadings and into the essence of a claim; this is simply not the proper analysis.

Moreover, a finding of preemption, does not even automatically entail dismissal of a state claim. For instance, a preempted state law claim that partially "depend[s] for its resolution" on the interpretation of a CBA provision means that "federal law would govern the interpretation of the agreement, but the separate state-law analysis would not thereby be preempted." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 n.12 (1988). Alternatively, a wholly preempted claim may still be "treated as a § 301 claim," *Int'l Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 863 (1987); *accord United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 372 (1990); *Bartholomew v. AGL Res., Inc.*, 361 F.3d 1333, 1342 (11th Cir. 2004). It is a separate question whether such a claim would then be covered by an arbitration provision in the CBA. *See Bartholomew*, 361 F.3d at 1342.

### AS DEFENDANTS AGREE, FORESEEABILITY CAN GIVE RISE TO NEGLIGENCE-DUTIES

It is also axiomatic that the Court must assume as true and construe in favor of the non-movant all plausible allegations within the Complaint. *E.g.*, D.E. 8404, p. 10. Thus, merely stating that "no such wide-ranging duty [to the general public] exists" (D.E. 8404, p. 20 n.12) does not suffice to argue that Mr. Johnson has failed to state a claim. Although he defers to the forthcoming briefing on the substantive elements of each claim, Mr. Johnson notes that in each instance, he alleges that the Defendants created danger to the world: they published articles to scientifically legitimize dangerous conduct; they sought to get little kids (like Mr. Johnson) playing youth football; they funneled money to national equipment-safety groups; and they worked with Riddell in presenting junk-science and junk-products supposedly designed to protect the general public.

### CONCLUSION

Where does Johnson's Complaint—particularly in light of what he edited in his Short Form Complaint—<u>root its allegations</u> from Defendant NFL's CBA? It never does. At best, either: (a)

Defendants' motion on preemption should be denied without prejudice so that they can refile under the proper sub-part of the rule (12(b)(1)) and also so that Mr. Johnson can receive the necessary jurisdictional discovery to respond; or (b) Defendants' purported "preemption motion" must convert to a Rule 56 motion, and should be denied without prejudice pending future discovery. *See, e.g. Stringer v. NFL*, 474 F.Supp. 2d 894, 908-913 (S.D. Ohio 2007) (granting *summary judgment* over *some* claims based upon purported LMRA preemption, but permitting the identically-alleged claim against the identical defendants.) Defendants can't have it both ways.

WHEREFORE the Court should deny both of Defendants' motions.

Respectfully submitted,

/s/ Bradford R. Sohn

Bradford R. Sohn, Esquire
(FL 98788)
THE BRAD SOHN LAW FIRM, PLLC
2600 S. Douglas Road, Suite 1007
Coral Gables, Florida 33134
(786) 708.9750
Brad@Sohn.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will provide electronic notice to all counsel of record.

/s/ Bradford R. Sohn

Bradford R. Sohn, Esquire
*Counsel for Plaintiffs*