

## FUNDING AGREEMENT

THIS FUNDING AGREEMENT is entered into on June 14, 2016, between Atlas Legal Funding III, L.P. having its principal place of business at 700 Plaza Drive, Secaucus, New Jersey 07094 (hereinafter referred to as "▮▮▮" or "▮▮▮ Funding") and ▮▮▮ residing ▮▮▮ (hereinafter referred to as "I" or "Client"; together with ALF, the "Parties").

### RECITALS

WHEREAS Client represents to ALF that Client is currently engaged in a pending legal claim and/or lawsuit or will be engaged in a legal claim and/or lawsuit.

WHEREAS Client has requested that ALF purchase the contingent right (or a portion thereof) to the proceeds of Client's legal claim or lawsuit to meet Client's immediate economic needs and ALF has agreed to purchase such contingent right to proceeds (or a portion thereof) from Client's legal claim or lawsuit for Client's life needs only.

NOW THEREFORE, in consideration of the above recitals and the mutual covenants contained herein, and intending to be legally bound hereby, ALF and Client agree as follows:

### SECTION 1
### FULL DISCLOSURE

1.1. **Non-Recourse Funding.** Non-Recourse Funding shall mean a transaction in which ALF purchases and Client assigns the contingent right to receive an amount of the potential proceeds (hereinafter as that term is defined in Section 2.4) of a settlement, judgment, award and/or verdict obtained in the Client's legal claim or lawsuit to ALF.

1.2. **Transaction Terms.** I have requested ALF to purchase the contingent right (or a portion thereof) to the proceeds for the sum indicated below, at the instant such proceeds come into being.

| | |
|---|---|
| Principal Amount Advanced to Client: | $25,000.00 |
| Application Fee: | $500.00 |
| Total Amount Funded: | $25,500.00 ("Purchase Price") |

1.3. **Lawsuit Terms.** I have a claim for which I have filed or have started the process of filing a complaint that may entitle me to proceeds resulting from a settlement, judgment, award or verdict. The matter is, or will be, captioned ▮▮▮ v National Football League & NFL Properties LLC, et al, stemming from an incident occurring on or about N/A and is, or will be, filed in the USDC- Eastern District of PA, State of Pennsylvania, with claim or docket number(s): 2:12-MD-02323-AB or any other related actions which shall include, without limitation, any lawsuits or claims in which I am asserting my legal rights, whether it is against the defendant(s) named in the lawsuit, or others, and shall include any claims based upon my original claim or lawsuit (hereinafter collectively referred to as the "Lawsuit").

### SECTION 2
### FUNDING AND REPAYMENT TERMS

2.1 **Consideration.** In consideration for the receipt of the sum of TWENTY-FIVE THOUSAND AND 00/100 DOLLARS ($25,000.00) from ALF, I am selling and assigning to ALF all my right title and interest in, to and under an interest equal to the Purchase Price (as defined in Section 1.2 above), together with the accrued use fee (as that term is defined in Section 2.2), compounded monthly in six month increments (as detailed in Section 2.3 herein), and other fees or costs, from the proceeds of my Lawsuit to ALF. IF I DO NOT RECOVER ANY PROCEEDS FROM MY LAWSUIT, I WILL NOT BE OBLIGATED UNDER THIS AGREEMENT TO REPAY ATLAS LEGAL FUNDING THE AMOUNTS ADVANCED INCLUDING THE ACCRUED USE FEE, COMPOUNDED MONTHLY AND OTHER FEES OR COSTS EXCEPT AS SET FORTH IN SECTION 6 BELOW.

 (CLIENT INITIALS)



2.2 Use Fee. The use fee shall be a charge in an amount equal to 1.99% compounded monthly on the Purchase Price which is $25,500.00. I will pay this use fee on the outstanding amount, as detailed in Section 2.3 herein, until I satisfy my obligation(s) under this agreement.

2.3 Repayment Schedule. ALF has calculated the total dollar amount to be repaid by you, for thirty-six months, including all fees with monthly compounding.

| Date of Payment | Amount Due |
|---|---|
| On or before 12/14/2016 | $28,700.25 |
| After 12/14/2016 and on or before 6/14/2017 | $32,302.14 |
| After 6/14/2017 and on or before 12/14/2017 | $36,356.06 |
| After 12/14/2017 and on or before 6/14/2018 | $40,918.75 |
| After 6/14/2018 and on or before 12/14/2018 | $46,054.06 |
| After 12/14/2018 and on or before 6/14/2019 | $51,833.85** |

** After this date contract ALF for the current amount due.

2.4 Proceeds. The term "proceeds" shall include any money paid as a consequence of the Lawsuit. If the proceeds received are insufficient to pay the full amount due to ALF, then ALF's recovery will be limited to the proceeds of the lawsuit settlement, judgment or otherwise.

2.5 Distribution. I hereby direct the Principal Amount Advanced to me to be distributed as follows:

$25,000.00   payable to ▇▇▇▇▇▇

In addition to all amounts disbursed to Client or on Client's behalf, the Purchase Price includes an Application Fee of $500.00. I understand that the Application Fee is part of my obligation to ALF despite not being distributed to me.

2.6 Waiver. I hereby waive any defense to payment of the sums due hereunder and represent and warrant that I will not seek to avoid payment of any money due to ALF under this Agreement.

2.7 Understandings. I understand that the payment instructions set forth herein and in the Irrevocable Client Directive, incorporated by reference, are irrevocable, not subject to modification except by ALF or any successor in interest and only by written notice. In the event of a conflict between the terms of this Agreement and the Irrevocable Client Directive, this Agreement shall govern.

2.8 Compliance. I agree, if requested by Atlas Legal Funding, to fully cooperate and adjust for clerical errors on any or all Funding Documents if deemed necessary or desirable in the reasonable discretion of Atlas Legal Funding to enable Atlas Legal Funding to sell, convey, seek guaranty or market said advance to any entity. Additionally, I agree that if a Funding Document is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Non-Recourse cash advances or Litigation Funding, or otherwise contains any errors or omissions, the undersigned shall upon request, within five (5) business days from the date of mailing said requests by Atlas Legal Funding, execute, acknowledge, initial, and deliver to Atlas Legal Funding any documentation Atlas Legal Funding deems necessary to replace or correct the lost, misplaced, misstated, inaccurate or otherwise missing Funding Document. If the undersigned fails or refuses to execute, acknowledge, initial, and/or deliver a Funding Document to Atlas Legal Funding within time frame specified herein after being requested to do so by Atlas Legal Funding, the undersigned agrees to indemnify Atlas Legal Funding for any and all loss or damage which Atlas Legal Funding sustains by reason of the undersigned's failure or refusal to cooperate, including but not limited to attorney's fees and costs incurred by Atlas Legal Funding. The undersigned also understands and acknowledges that Atlas Legal Funding may in its discretion pursue equitable relief against the undersigned for the undersigned's failure to cooperate or comply with the terms of this agreement, and Atlas Legal Funding may recover from the undersigned its costs, including reasonable attorney's fees, incurred in doing so.

 (CLIENT INITIALS)



## SECTION 3
## SECURITY INTEREST

3.1 <u>Security Interest</u>. I hereby grant ALF a Lien and Security Interest in the proceeds of the Lawsuit. The amount due shall be withheld from any proceeds obtained as a result of the Lawsuit and after my attorney fees (including the expenses charged by my attorney for costs) and payment of only those liens that have priority by law, paid immediately upon collection to ALF. I will not receive any money from the proceeds of the Lawsuit until ALF has been paid in full. This shall also apply to any structured settlement of my Lawsuit. I acknowledge that my receipt or use of any proceeds prior to the full re-payment to ALF shall constitute an illegal conversion and may well be a crime.

3.2 <u>Independent Obligation</u>. In the event that the sale and assignment of my interest in the proceeds of the Lawsuit are not permitted by law, then I agree to pay ALF all of the funds due under this Agreement immediately upon the payment of the Lawsuit proceeds as a separate and independent obligation.

3.3 <u>Knowledge</u>. I hereby agree that I will not knowingly create additional liens against the proceeds without satisfaction of my lien with ALF or the prior written consent of ALF. I specifically promise not to create any liens against the proceeds of the case as a result of any fundings or advances that I might receive after the date of this agreement similar in nature to ALF.

3.4 <u>Understandings</u>. I understand that I am not assigning my cause of action to ALF, but rather the contingent right to an amount of the potential proceeds of my Lawsuit

3.5 <u>Attorney's Fees</u>. If any action or other proceeding is brought for enforcement of this Agreement or because of an alleged dispute, breach, default, or misrepresentation in connection with this Agreement, the prevailing Party shall be entitled to attorney's fees and other costs incurred in that action or proceeding, whether or not a lawsuit is filed, in addition to any other relief to which it or they may be entitled.

3.6 <u>CLIENT'S RIGHT TO MAKE DECISIONS</u>. ALF SHALL HAVE NO RIGHT TO AND WILL NOT MAKE ANY DECISIONS WITH RESPECT TO THE CONDUCT OF THE UNDERLYING CIVIL ACTION OR CLAIM OR ANY SETTLEMENT OR RESOLUTION THEREOF AND THAT THE RIGHT TO MAKE THOSE DECISIONS REMAINS SOLELY WITH CLIENT AND CLIENT'S ATTORNEY IN THE CIVIL ACTION OR CLAIM.

## SECTION 4
## RIGHT OF CANCELLATION

4.1 <u>CLIENT'S RIGHT TO CANCELLATION</u>. CLIENT MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE (5) BUSINESS DAYS OF RECEIPT OF FUNDING FROM ALF.

4.2 <u>Cancellation</u>. In order for the cancellation to be effective, I understand that I must notify ALF in writing and return the exact amount advanced to me by ALF. I may do this by making personal delivery or via mail by insured, registered or certified US mail postmarked within FIVE (5) BUSINESS DAYS of receipt of funds from ALF to ALF's principal place of business listed above: (A) the undeposited (or un-cashed) check provided to me by ALF; (B) a Certified or Bank check in the exact amount advanced to me by ALF; or (C) a Money Order in the exact amount advanced to me by ALF.

## SECTION 5
## CREDIT AND INFORMATION RELEASE

5.1 ALF may obtain a consumer credit report and/or other financial and credit information as part of the proposed transaction.

5.2 I hereby authorize any credit reporting agency, information service bureau, institution, attorney, or insurance company contacted by ALF or its agents, to furnish a credit report, other financial, credit or legal information, information concerning liens and judgments against me and other information requested as part of the proposed transaction until I have completely satisfied my obligations under the agreement.

5.3 I understand that this authorization is valid for purposes of verifying information given pursuant to business negotiations, or any other lawful purpose covered under the Fair Credit Reporting Act (FCRA). Upon written request, ALF will provide credit reports they obtained, if any, and, if so, the name and address of the credit reporting agency that provided it. I certify

4 of 10

_____ (CLIENT INITIALS)



the information provided to Atlas Legal Funding in the application and underwriting process is true, accurate and complete. I also authorize Atlas Legal Funding to report this transaction and matters related to it to any of the above entities.

5.4 Additionally, I direct and authorize my attorney and any subsequent attorney(s) to cooperate and release to Atlas Legal Funding, or its affiliates any and all information and documents pertaining to my current legal claim or lawsuit, including pleadings, discovery, investigation, contracts, medical records/reports, depositions, and all other information in the file not protected by the attorney-client privilege, the work product doctrine, or other applicable evidentiary privileges or protections.

## SECTION 6
## ACCURACY OF INFORMATION

6.1 <u>Representations and Warranties of Client</u>. If I made a material misstatement, misrepresentation or omission of material fact in my application or in connection with my Lawsuit, or committed a fraudulent or criminal act either in connection with the transaction, or in a matter that would adversely and significantly impact my Lawsuit (unless disclosed to ALF prior to funding) then I will be liable to ALF for all sums advanced, together with outstanding fees and charges without regard to the outcome of my Lawsuit.

6.2 <u>Additional Representations and Warranties of Client</u>. I represent and warrant as follows:

6.2.1 I have full power and authority to enter into this Agreement and do not require the consent of any third party, except as shall be required by law, rule or regulation. I have not entered into this Agreement for the purpose of evading creditors. I am of sound mind and not acting under duress.

6.2.2 I am not indebted to any present or former spouse for support, maintenance or similar obligations, nor am I indebted to any child, or the guardian of any child, for any child support or similar payments and the proceeds of the Lawsuit are not subject to any lien by any governmental agency to which payment for such benefits would be owed.

6.2.3 I have paid all Federal, state and local taxes due through and including the date hereof or have made adequate provisions for such payments.

6.2.4 Other than those listed in Section 8.10, there are no pending bankruptcies, outstanding or unsatisfied judgments, or other judgments, levies, claims or liens (including, but not limited to, such liens for Medicare, Medicaid, Welfare, State Aid, State health, etc.) and that there are no pending criminal allegation(s) or charge(s) against me except as disclosed below.

Other Liens: _NONE_    Pending Criminal Allegations: _NONE_

6.2.5 The Statements in this Agreement and any and all other documents executed and delivered in connection herewith are true, accurate and complete as of the date hereof and I have made no material omissions or misrepresentations in this Agreement or the documents executed and delivered in connection herewith and that neither this agreement nor the documents executed and delivered in connection herewith and made a part hereof contain any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements herein and therein incomplete or materially misleading.

6.2.6 I have not relied on representations or statements made by ALF, its agents or attorneys, and I have sought and received independent tax, financial and legal advice with this transaction.

6.2.7 I intend this transaction to be and agree that this transaction is a purchase and sale.

## SECTION 7
## NOTIFICATIONS

7.1 <u>Change of Contact Numbers</u>. I will receive any notices required at the address I have first listed above. My contact number is _____ and my alternative contact number is _____ My E-mail address is _____. If I move or my contact information changes, I will notify ALF and provide my new contact information in writing within forty-eight (48) hours of the change.

5 of 10

_____ (CLIENT INITIALS)

**ATLAS LEGAL FUNDING III, L.P.**
700 Plaza Drive, Secaucus, NJ 07094
(Phone) 201-293-4462 (Fax) 201-293-4470

7.2 Cooperation. I have instructed my attorney to cooperate with ALF and to give ALF periodic updates of the status of my case as ALF may request. If I change attorneys I will notify ALF within forty-eight (48) hours of the change and provide ALF with the name, address, and phone number of my new attorney.

7.3 Notices. Any notices required under this Agreement or given in connection with this Agreement, shall be in writing (except as set forth in Section 4 above which notification shall be made in the manner required therein) and shall be given to the appropriate party by personal delivery or by certified mail, postage prepaid, or by recognized overnight delivery service to the addresses listed on the first page of this Agreement.

## SECTION 8
## MISCELLANEOUS

8.1 Governing Law & Venue. I agree that any disputes that may arise out of this Agreement shall be construed and interpreted under the laws of the State of New Jersey. Venue for any dispute arising from the Agreement shall lie in Newark, New Jersey, and the Parties agree that any Federal lawsuits arising from this Agreement shall be filed and maintained in the United States District Court for the District of New Jersey in Newark, New Jersey. The Parties understand that the "choice of law", forum, and venue clauses contained herein are critical in nature and are essential to the Agreement.

8.2 NO CONSOLIDATION OR CLASS ACTION. I HEREBY EXPRESSLY WAIVE THE RIGHT TO CONSOLIDATE, OR TO HAVE HANDLED AS A CLASS ACTION, ANY PROCEEDINGS, CONTROVERSIES, ARBITRATIONS OR DISPUTES OF ANY NATURE INVOLVING ANY PERSON OR ENTITY WHO IS NOT A PARTY TO THIS AGREEMENT.

8.3 Dispute Resolution.

    8.3.1 All disputes which may arise between the parties hereto out of, in relation to or in connection with this Agreement shall be settled by arbitration in accordance with the New Jersey Arbitration Act. The Parties agree that that the arbitration will be conducted pursuant to the Consumer Rules of the American Arbitration Association. The Client hereby waives their right to seek relief for any dispute in a court of law or equity. The decision of such arbitration shall be binding on both Parties and a judgment on an award rendered shall be entered pursuant to this Section.

    8.3.2 Exclusive jurisdiction over entry of judgment on any arbitration award rendered pursuant to this Section or over any dispute, action or suit arising therefrom shall be in any court of appropriate subject matter jurisdiction located in New Jersey, and the Parties by this Agreement expressly subject themselves to the personal jurisdiction of said court for the entry of any such judgment and for the resolution of any dispute, action, or suit arising in connection with the entry of such judgment.

    8.3.3 If it is determined by the arbitrators that one Party was in default hereof or instituted (or defended) such arbitration proceeding not in good faith or without a reasonable basis in law or fact (the "Defaulting Party"), the Defaulting Party shall bear the costs of the arbitration proceeding and pay to the other Party the reasonable attorney's fees and costs incurred, which amounts shall be separately determined by the arbitrators in such proceeding and become part of the amount of the arbitration award, payable by the Defaulting Party to the other Party.

8.4 Entire Agreement. This Agreement constitutes the entire agreement between the Parties and there are no representations, warranties, covenants, or obligations except as set forth herein. This Agreement may only be modified in writing. This Agreement supersedes all prior and contemporaneous agreements, understandings, negotiations, or discussions, written or oral, of the Parties, relating to or arising from any transaction contemplated by the Agreement. This Agreement shall be binding on, and inure to the benefit of, the Parties hereto and their successors and assigns.

8.5 Disbursement. In the event of a dispute as to the amount owed to ALF when the Lawsuit is resolved, it is expressly understood that my attorney shall not disburse any funds to me, or on my behalf, except for attorney's fees and/or disbursements incurred by my attorney in connection with the Lawsuit. I hereby make the foregoing irrevocable direction to my attorney, or his successors.

8.6 Enforceability. If any provision of this Agreement shall be deemed invalid or unenforceable, it shall not affect the validity or enforceability of any other provision hereof.

_____ (CLIENT INITIALS)



8.7 **Assignment.** ALF, its assigns and/or successors, may sell, transfer, convey or assign its security interest created hereunder, one or more times, in whole or in part. Upon sale, transfer, conveyance or assignment, ALF, its assigns and/or successors may provide notification of such sale, transfer, conveyance or assignment. Failure to provide any prior notice of sale, transfer, conveyance or assignment, shall not be construed as a waiver of any rights hereunder.

8.8 **Champerty.** Certain jurisdictions prohibit "Champerty". Champerty makes it illegal to acquire someone else's right to sue. I understand and acknowledge that ALF is NOT acquiring my right to sue, that I have started or intend to file a lawsuit that a lawsuit or potential lawsuit absolutely belongs to me and no one else and that ALF will NOT be involved in decisions made by me and my attorney regarding a lawsuit or potential lawsuit. This is an investment and not a loan, but should a court of competent jurisdiction construe it to be the latter, I agree that interest shall accrue at the maximum rate permitted by the state.

8.9 **Counterparts.** This Agreement may be executed in separate counterparts. A signature transmitted by Facsimile shall be effective with the same force and effect as an original signature.

8.10 **Prior Fundings Disclosure.** Any and all prior receipt of funds of a similar nature are disclosed below, you must check the appropriate box:

☑ I have NOT received any funds of a similar nature to that of Atlas Legal Funding prior to receiving funds from Atlas Legal Funding.

OR

☐ I have received funds of a similar nature to that of Atlas Legal Funding prior to receiving funds from Atlas Legal Funding as listed below.

Company(s): _____ Date of Funding(s): _____ Amount(s): _____

I hereby accept the terms and conditions of this Agreement, and grant ALF a Security Interest and Lien as per the terms hereof, and assign the proceeds of my lawsuit to the extent specified in this Agreement as of the date first above written.
I AM AWARE THAT I MAY NOT ACCEPT ANY FUNDS OR ADVANCES AGAINST MY LAWSUIT FROM ANY OTHER FUNDING COMPANY UNLESS I FIRST REPAY ALF IN FULL, AND SATISFY THE LIEN AND SECURITY INTEREST UNLESS PERMISSION TO DO SO IS GRANTED IN WRITING BY ALF.
I UNDERSTAND THAT NO FUNDS FROM MY PORTION OF THE SETTLEMENT, COLLECTION, JUDGMENT, COMPROMISE OR ANY OTHER COLLECTION RESULTING FROM THIS CASE WILL BE DISBURSED TO ME WITHOUT FIRST SATISFYING ATLAS LEGAL FUNDING'S LIEN.
DO NOT SIGN THIS AGREEMENT BEFORE YOU HAVE READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY EXECUTED COPY OF THIS CONTRACT. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF AN ATTORNEY.

_____   _____   _____   _____
Client Signature                    Client Name                    Date of Birth                    Social Security Number

_____   David D. Langfitt, Esq., as Durable Power of Attorney for _____
Client Signature                                Client Name

State of Pennsylvania County of Philadelphia ) s.s.

On this 15th day of June, 2016, before me personally came David Langfitt, (each) known to me, and known to me by the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JANET E LEWIS
Notary Public
CITY OF PHILADELPHIA, PHILADELPHIA CNTY
My Commission Expires May 9, 2018

_Janet E _____ Notary Public

7 of 10

(CLIENT INITIALS)



## IRREVOCABLE CLIENT DIRECTIVE

Date: 6/14/2016
Name: Locks Law Firm
Attn: David D. Langfitt, Esq.
Address: The Curtis Center, 601 Walnut St., Suite 720 East
City, State, Zip: Philadelphia, PA 19106

RE: Irrevocable Client Directive:
Matter Name: National Football League & NFL Properties LLC, et al
Docket/Index Number(s): 2:12-MD-02323-AB

Dear Mr. Langfitt, Esq.:

This letter along with copies of the executed Funding Agreement, confirm that ▇▇▇▇ (hereinafter referred to as "I" or "Client") am irrevocably granting a lien and security interest in the proceeds from any settlement of my pending case (as described therein) to "Atlas Legal Funding III, L.P." (hereinafter referred to as "ALF" or "Atlas Legal Funding"). By executing this letter I hereby instruct you as my attorney to act in accordance with the terms and conditions contained in this Irrevocable Client Directive:

1. In order to satisfy my obligations to ALF, I instruct you upon receipt of the settlement check and/or settlement proceeds, to deposit same (whether payable to me individually, or to me jointly with your law firm) into your escrow/attorney trust account immediately.
2. Before disbursing any settlement or judgment proceeds from my claim, please have your office contact ALF at 1-201-293-4462 to confirm the amount due under the terms of my Funding Agreement. PLEASE BE ADVISED THAT YOU MAY NOT DISBURSE ANY FUNDS FROM MY PORTION OF THE SETTLEMENT, COLLECTION, JUDGMENT, COMPROMISE OR ANY OTHER COLLECTION RESULTING FROM THIS CASE WITHOUT FIRST SATISFYING ATLAS LEGAL FUNDING'S LIEN.
3. Upon disbursing any settlement or judgment proceeds from my claim, before any proceeds are distributed to me, please deduct and forward all amounts payable to ALF via mail to: Atlas Legal Funding III, L.P., 700 Plaza Drive, Secaucus, NJ 07094.
4. Upon request, disclose to ALF the gross settlement amount from my claim (for ALF internal purposes only).
5. Promptly notify ALF if there are any other assignments or liens (of any kind whatsoever) on this claim now or in the future including without limitation federal, state or local tax liens, liens for child support, bankruptcy, outstanding or unsatisfied judgments, or other judgments, levies, claims or liens (including but not limited to such things as Medicare, Medicaid, Welfare, State Aid, State health, etc.)
6. If in the future, you are no longer representing me in this claim, promptly notify ATLAS LEGAL FUNDING within forty-eight (48) hours.
7. Cooperate with ATLAS LEGAL FUNDING by providing, upon request, any information regarding my claim (including periodic updates) and the defendant(s) to ATLAS LEGAL FUNDING that does not violate the attorney/client privilege.

Very truly yours,

_____     _____
Client Signature                    Client Name

_____     David D. Langfitt, Esq., as Durable Power of Attorney for ▇▇▇
Client Signature                    Client Name

State of Pennsylvania   County of Philadelphia   ) s.s.

On the 15th day of June 20 16, before me personally came David Langf
(each) known to me, and known to me to be the individual(s) described in and who executed the within document and duly acknowledged to me that he/she executed the same.

_Janet E_ [signature]
Notary Public

NOTARIAL SEAL
JANET E LEWIS
Notary Public
CITY OF PHILADELPHIA, PHILADELPHIA CNTY
My Commission Expires May 9, 2018

8 of 10

▇▇▇ (CLIENT INITIALS)



### ATTORNEY ACKNOWLEDGMENT

As an attorney for ▮▮▮▮▮, with Locks Law Firm ("the Firm"), I acknowledge receipt of the Irrevocable Client Directive, individually and as an authorized representative of the Firm. I understand that this Irrevocable Client Directive is a material part of the Funding Agreement dated 6/14/2016 entered into between Atlas Legal Funding III, L.P. (hereinafter referred to as "ALF" or "Atlas Legal Funding") having its principal place of business at 700 Plaza Drive, Secaucus, New Jersey 07094 and Tony Walker residing a ▮▮▮▮▮ inafter referred to as "Client"; together with ALF, the "Parties") and I will comply with the conditions contained therein. To give further assurances to Atlas Legal Funding, I make the following representations on behalf of the Firm and myself:

1. I acknowledge that I have reviewed the Funding Agreement and all costs and fees.
2. I acknowledge that the Firm is being paid with respect to this matter on a contingency fee basis per a written fee agreement.
3. I acknowledge that all proceeds from this matter will be disbursed via the Firm's trust account or a settlement fund established to receive the proceeds from this matter from the defendant on behalf of the Client.
4. I acknowledge that my Client ▮▮▮▮▮ granted Atlas Legal Funding a lien and security interest against the proceeds of his/her/their case as a consequence of executing the Funding Agreement with Atlas Legal Funding.
5. I acknowledge that pursuant to the Funding Agreement, my Client has sold and assigned a portion of their proceeds to Atlas Legal Funding.
6. I acknowledge that I will follow all the terms and conditions contained in the Irrevocable Client Directive and will honor the terms of your Funding Agreement.
7. I am not aware of any other lien(s) attached to this case that are the result of a funding similar in nature to that of Atlas Legal Funding.
8. I acknowledge that the Funding Agreement prohibits my Client from creating or obtaining any other liens resulting from a funding similar in nature to that of Atlas Legal Funding unless Atlas Legal Funding's lien is satisfied in full.
9. I have not provided a letter of protection to a third party except as follows:
   a. _____
   b. _____
   c. _____
10. Prior to making any distribution to my Client from the settlement check, and/or settlement proceeds, I will contact Atlas Legal Funding to ascertain the total amount due to Atlas Legal Funding and will not remit any funds or a portion thereof to my Client or on my Client's behalf, other than attorney's fees and costs, until Atlas Legal Funding's lien is satisfied in full.
11. I understand that making a check or accompanying letter to the effect of a release of claim or "in full satisfaction", absent a written confirmation that ALF will accept a lesser sum, will not have a legal effect and that you are authorized to deposit said check without prejudice to your rights to collect payment in full.
12. ▮▮▮▮▮ case is still pending, in active status, and is part of In Re: National Football League Players Concussion Injury Litigation Class Action.
13. I represent that this case is being vigorously defended as to both liability and damages and make no guarantee that my client will be successful or will recover sufficiently to satisfy ALF's lien in whole or in part.
14. If in the future, I am no longer representing Client in this claim, I shall promptly notify ATLAS LEGAL FUNDING within forty-eight (48) hours.

I acknowledge I am the attorney of record in the case captioned ▮▮▮▮▮ v National Football League & NFL Properties LLC, et al, with claim or docket number(s): 2:12-MD-02323-AB. I further certify that I have received a copy of and reviewed the Funding Agreement prepared in connection with the case and explained the material terms to my client.

ATTORNEY SIGNATURE: _____     DATE: 6/15/16

PRINT ATTORNEY NAME: DAVID D LANGFITT

9 of 10



(CLIENT INITIALS)

## DISTRIBUTION FORM & SURVEY

Client Name(s): █████
Matter Caption: ████ National Football League & NFL Properties LLC, et al
Docket Number(s): 2:12-MD-02323-AB

Indicate below the delivery method of funds by **checking the appropriate box** and filling in the information requested:

☐ **CHECK:** (please check one box)
I would like my funds delivered:

☐ Express Delivery Service: Requires a signature and a physical address, NOT a P.O. Box. The undersigned agrees to pay a delivery fee of $45.00, which will be deducted from the Client's advance proceeds. No Weekend Delivery.

**OR**

☐ U.S. Postal Mail (FREE);

DELIVER CHECK TO ADDRESS: (complete information below)

| Street Address | City | State | Zip Code |

PHONE NUMBER: _____ ATTENTION: _____

☒ **WIRE:**
I would like my proceeds wired to my Account or Attorney's Trust Account. In selecting this option, the undersigned agrees to the wiring fees of $45.00, which will be deducted from the Client's advance proceeds. Requests for wires must be completed by 2:00 pm EST to be executed the same day. (Atlas Legal Funding III, L.P. is not responsible for the length of time your financial institution takes to process the wire)

Please provide the following information AND A COPY OF A VOIDED CHECK:

BANK NAME: _CHASE_
BANK CITY & STATE: _INDIANAPOLIS   INDIANA_
BANK ABA OR ROUTING # (9 DIGITS): _____
NAME(S) ON ACCOUNT: ████
ADDRESS ON ACCOUNT: _____
ACCOUNT NUMBER: _____
ACCOUNT TYPE: _CHECKING_
SPECIAL INSTRUCTIONS: _____

**Survey.** Please take a moment to write a short statement telling us how we have helped you in your time of need.

By signing below, I agree to the terms of the Distribution Form and understand that I am responsible for the information that I have provided on this form and that Atlas Legal Funding is not responsible for any problems in delivery or transfer of funds, so long as it follows my instructions.

████ / 5/16
Client Signature   Date      Client Name

████ / 6/15/16
Client Signature   Date      David D. Langfitt, Esq., as Durable Power of Attorney for ████
                             Client Name
                             10 of 10

████ (CLIENT INITIALS)