-1-

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**MOTION OF THE LOCKS LAW FIRM FOR RECONSIDERATION
OF THE COURT'S ORDER DATED DECEMBER 11
DENYING PLAINTIFFS THE OPPORTUNITY
<u>TO DEPOSE COURT-APPOINTED EXPERT WILLIAM RUBINSTEIN</u>**

Class Counsel the Locks Law Firm, respectfully submits this Motion for Reconsideration of the Court's Order dated December 11, 2017 (ECF No. 9527) that, in part, withdrew the Court's prior Order of September 14, 2017 (ECF No. 8376) that allowed interested parties the opportunity to depose Professor William Rubinstein under Federal Rule of Evidence 706(b)(2).

The grounds for this Motion, which are more fully set forth in the attached Memorandum, are as follows:

-2-

1. The September 14 Order stated that interested parties would have an opportunity to depose Professor Rubinstein.

2. Professor Rubinstein's commendable and comprehensive expert report supports a greater need for discovery, not a lesser need.

3. Professor Rubinstein's recommendation of a 15% cap on individual contingency fees relies on assumptions and methodological decisions that include (without limitation) the likely size of the total recovery for the class, the nature and scope of the work undertaken, the risk assumed by lawyers for individual clients, and the relationship between common benefit fees and individual contingency contracts in an uncapped settlement.

4. Professor Rubinstein identified the grounds for his recommendation, but also made clear the flaws in many of his assumptions.

5. Class counsel respectfully requests the opportunity to probe the basis for these assumptions and determine whether and how Professor Rubinstein's recommendations would change if his assumptions, in whole or in part, were shown to be incorrect.

The Locks Law Firm, therefore, respectfully requests that the Court reconsider its decision and grant Class Counsel the opportunity to take a deposition of Professor Rubinstein pursuant to Federal Rule of Evidence 706(b)(2) before being required to respond in writing to his expert report.

Respectfully submitted,

/s/ Gene Locks
Gene Locks
David D. Langfitt
LOCKS LAW FIRM
The Curtis Center
Suite 720 East
601 Walnut Street
Philadelphia, PA 19106

Phone: (215) 893-3423
Fax: (215) 893-3444
Email: glocks@lockslaw.com
dlangfitt@lockslaw.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**MEMORANDUM IN SUPPORT OF MOTION OF THE LOCKS LAW FIRM FOR RECONSIDERATION OF THE COURT'S ORDER DATED DECEMBER 11 DENYING PLAINTIFFS THE OPPORTUNITY TO DEPOSE COURT-APPOINTED EXPERT WILLIAM RUBINSTEIN**

Class Counsel the Locks Law Firm respectfully submits this Memorandum in support of its Motion for Reconsideration of the Court's Order dated December 11, 2017 (ECF No. 9527) that, in part, withdrew its prior Order of September 14, 2017 (ECF No. 8376) that allowed interested parties the opportunity to depose Professor William Rubinstein and ordered that those who took the deposition shall pay for the deposition at a cost to be determined by the Court.

-2-

In its September 14, 2017 Order appointing Professor Rubinstein as an expert, the Court specifically stated that interested parties would have an opportunity to depose Professor Rubinstein pursuant to Federal Rule of Evidence 706(b)(2). In its December 11 order, however, the Court withdrew that opportunity based on the conclusion that "Professor Rubinstein's 47-page report is sufficiently comprehensive and detailed."

Locks Law Firm respectfully submits that the 47-page comprehensive report supports a greater, not lesser, need for a deposition. For example, Professor Rubinstein supports his recommendation of a 15% cap on individual contingency fees with a series of assumptions and methodological decisions that include (without limitation) the likely size of the total recovery for the class, the nature and scope of the work undertaken, the risk assumed by lawyers for individual clients, and the relationship between common benefit fees and individual contingency contracts in an uncapped settlement. Professor Rubinstein is to be commended for identifying the grounds for his recommendation. But in doing so, he has made clear that there are basic flaws in many of his assumptions. Class Counsel respectfully requests the opportunity the Court's September 14 Order granted; that is, to probe the basis for Professor Rubinstein's assumptions and whether his recommendation would change if the assumptions, in whole or in part, were shown to be incorrect.

Locks Law Firm also points out, with the greatest respect and deference, that the Court must surely have expected Professor Rubinstein to produce a comprehensive and detailed report when the Court first appointed him and granted a deposition. The Court's decision to grant interested parties the opportunity to explore his recommendations and assumptions surely was not based on the expectation that Professor Rubinstein would produce cursory work.

-3-

The Locks Law Firm therefore respectfully requests that the Court reconsider its Order of December 11 and grant Class Counsel the opportunity to take a deposition of Professor Rubinstein pursuant to Federal Rule of Evidence 706(b)(2) before being required to respond in writing to his expert report.

                                            Respectfully submitted,

Dated: December 19, 2017

                                            /s/ Gene Locks
Gene Locks
David D. Langfitt
LOCKS LAW FIRM
The Curtis Center
Suite 720 East
601 Walnut Street
Philadelphia, PA 19106
Phone: (215) 893-3423
Fax: (215) 893-3444
Email: glocks@lockslaw.com
dlangfitt@lockslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing Motion for Reconsideration of the Court's Order dated December 11, 2017 was served via the Electronic Filing System to all counsel of record in Case No. 2:12-md-02323-AB, MDL No. 2323.

DATE: December 19, 2017

/s/ Gene Locks
Gene Locks, Class Counsel