UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2: 12-md-2323 (AB)<br><br>MDL No. 2323 |
| **Kevin Turner and Shawn Wooden,** *on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>National Football League, et al.,<br><br>Defendants. | Civil Action No.: 14-00029-AB |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | |

## CO-LEAD CLASS COUNSEL ANAPOL WEISS' RESPONSE TO PROFESSOR WILLIAM B. RUBENSTEIN'S EXPERT REPORT

Anapol Weiss supports Professor Rubenstein's methodology capping individual contingent fee awards in conjunction with his suggestions that the common benefit fee allocation appropriately recognizes the work of those plaintiff lawyers who were actively and effectively involved in the establishment of the frame work for this Class settlement before the Preliminary Approval on July 7, 2014. During that time plaintiff lawyers were at the greatest risk for non-payment. Subsequent Common benefit time should have a lesser multiplier. We also concur with Professor Rubenstein's opinion that there should also be an equalization of the hourly rate

1

across all the law firms applying for common benefit fees[1]. Such reduces the tension between lawyers and their individual clients and would equalize the legal fee paid by each class member. This solution also reduces the tension between lawyers who represent clients under a contingent fee agreement and those who do not have many clients but who were given common benefit assignments while other lawyers who were ready and able to work were not. Any other methodology might inadvertently reward lawyers who signed up clients after Preliminary Approval while penalizing plaintiff lawyers who started this litigation. For these reasons, we also agree with Professor Rubenstein that tiered individual fee contracts based on the date of retention creates a disparity in the legal fees paid by some class members. Anapol concurs that there is no need for a 5% set-aside of class members' recoveries. However, in light of the fact that the term of this settlement will extend payments through 2078, a set aside of 1% of the recoveries which is then reasonably invested should yield sufficient funds to pay for the administration of this settlement over the next six decades.

In reviewing other matters and conclusions reached by Professor Rubenstein, we provide these pertinent comments to the factual assumptions which predicate his opinions:

Professor Rubenstein assumes the present value of the settlement was $720,500,000 and that $106,817,220.62 represents the requested common benefit fee, which equals 14.83%. Under his analysis a combined fee of 30% is appropriate and where the common benefit fee is 14.83% the contingent fee would roughly be 15%. In Exhibit C to his Report, Professor Rubenstein calculates the present value of the settlement based upon the NFL's actuarial analysis of the net present value of the MAF as $537,000,000, and the PSC's estimate of $519,400,000 each

---

[1] Anapol Weiss notes that Professor Rubenstein met with Plaintiffs' counsel during a preliminary organizational meeting in 2011 to simply provide some views regarding the propriety of pursuing this case as a class action. No other interactions or communications or services were furnished by Professor Rubenstein after that meeting.

determined when the MAF fund was capped. The funds however are uncapped and the estimates for claims administration and the BAP program expenses seem low. If the present value reaches a billion dollars the percentage of the common benefit fee would drop to 9.36%, a figure closer to the 9.67% common benefit fee set out in Class Counsel's common benefit fee petition. Under Rubenstein's methodology a less than 10% overall common benefit fee would allow plaintiff lawyers with fee contracts a 20% fee. It also appears that common benefit time devoted to the BAP and other tasks not associated with the MAF were not analyzed separately. This time benefits the class as a whole, but not necessarily MAF recipients. Doing this might also justify a higher contingent fee under Professor Rubenstein's methodology.

|  |  |
|---|---|
| Dated: January 3, 2018 | RESPECTFULLY SUBMITTED,<br><br>/s/ Sol H. Weiss<br>Sol H. Weiss, Esquire (I.D. 15925)<br>Larry E. Coben, Esquire (I.D. 17523)<br>**ANAPOL WEISS**<br>One Logan Square, 130 N 18th St<br>Suite 1600<br>Philadelphia, Pennsylvania 19103<br>(215) 735-1130 Telephone<br>sweiss@anapolweiss.com<br>***Co-Lead Class Counsel*** |