Case 2:12-md-02323-AB   Document 9551-1   Filed 01/03/18   Page 1 of 3

DAVID D. DICKEY
RALPH L. GONZALEZ
HEATHER N. BARNES
C. STEVEN YERRID



THE YERRID LAW FIRM
TRIAL LAWYERS

BOARD CERTIFIED CIVIL
TRIAL LAWYER
ALSO ADMITTED
IN VIRGINIA
ALSO ADMITTED IN
WASHINGTON, D.C.

October 12, 2017

VIA U.S. MAIL AND
E-MAIL – OBROWN@BROWNGREER.COM

Orran Brown, Esquire
BrownGreer PLC
250 Rocketts Way
Richmond, Virginia 23231

Re:   NFL Players' Concussion Injury Litigation; United States District
      Court, Eastern District of Pennsylvania; No. 2:12-md-02323-AB

Dear Orran:

I wrote you on September 20, 2017, advising you we had filed some 139 Claims Packages on behalf of seriously injured retired players. Of that number, some 71 claims had been filed by our group before June 30, 2017. As we explained, some 33 of those 71 claims have been pending review well beyond the established deadlines under the Amended Settlement Agreement. You may remember we spoke about these issues after the hearing on September 19 and you expressed a willingness to review these matters so we could advise the players we represent of what is ahead. Since September 20, even more of the Claims Packages submitted by our group have passed beyond the prescribed deadlines and many more claims are about to cross that threshold as well. Unfortunately, there has been no response to my written request of September 20, 2017.

However, we did receive your Declarations of September 28 and October 4, 2017. It appears there have been 67 calls with Co-Lead Class Counsel and Counsel for the NFL Parties to define the policies and procedures employed by Brown Greer. Regrettably, we have been privy to nothing that would explain why so many claims filed by our group have not been timely addressed. Not one of our clients has received a penny in this process that is working so "perfectly" according to Mr. Seeger. "Nor has there been reference to any policies or procedures "amending" the 45 day deadlines under the Amended Settlement Agreement at the Claims Administrator Level or the AAP.

In the absence of any response or information addressing our specific concerns, we are again requesting the status of the 71 Claim Packages we submitted before June 30, 2017. For ease of reference, a list of the players who submitted those claims is attached hereto. Please understand it has been more than 100 days since June 30, 2017, and many of those claims were submitted well before that date. As noted in more detail below, at least 33 of those packages have been either deferred or remain unresolved well beyond the established processing dates.

BANK OF AMERICA PLAZA, STE 3910
101 EAST KENNEDY BOULEVARD
TAMPA, FLORIDA 33602-5192
T: 813.222.8222 F: 813.222.8224



EXHIBIT
1

Orran Brown, Esquire
October 12, 2017

**27 of 71 Claims Remain Before the Claims Administrator Well Beyond the Deadline:** 50 of the 71 Claim Packages submitted by the players before June 30 have not been sent to the AAP. Of that 50, 12 have been audited and 11 received a deficiency notice. Accordingly, some 27 claims are still in pending with the Claims Administrator. It was our understanding Brown Greer had 45 days under Paragraph 8.4 to make a determination. More than twice that time has elapsed with no determination being made nor even an explanation about the status of the pending and overdue claims.

**6 of 21 Claims Remain Before the AAP Beyond the Deadline:** 21 of the 71 claims we submitted before June 30 have been forwarded to the AAP. However, 15 of those claims sent to the AAP were audited. 6 claims have received no response and remain pending. The AAP likewise has 45 days to make a determination. Assuming each package was at the Claims Administrator for 45 days and we allow for another 45 days at the AAP, those six claims have also been pending without any action, well beyond the prescribed deadlines.

Please understand our calculations are using June 30 as a submission date. In many cases, the Claims Packages have been sitting in some kind of limbo for much longer than the numbers described above. For instance, one claim now sitting at the AAP was submitted on May 19, 2017. Accounting for timely processing at the Claims Administrator level, this claim has been pending before the AAP for some 110 days. The deadline is 45 days. In my last correspondence, I understood your willingness to review the status of these claims. Again, I have received no response. Nearly half of the claims we submitted before June 30 appear to neglected or deferred from consideration beyond the deadline dates. We need to understand the reason why so many of those claims remain pending well beyond the deadline for action.

My September 20, 2017, correspondence also advised you that only 2 claims of the 139 Claims Packages submitted by our group received a monetary award. Both of those claims were subsequently challenged and sent for auditing. Your Declaration of October 4, 2017, however, specifies that 104 monetary awards have been issued and some $67,802,846.00 has been paid to players. We have obtained information from firms in Florida, Texas, Connecticut and California. The law firms representing these players are not Class Counsel. Although a <u>very</u> few players represented by these firms have received a notice of a monetary award, from the information we received <u>no player represented by non-Class Counsel has been paid</u>. Why not?

Finally, there is a pending fee conflict between Class Counsel and lawyers representing players who are not Class Counsel. Because it appears Class Counsel are helping to write the rules for outside claims like those submitted by this firm, we need more information to understand the process. Accordingly, of the $67,802,846.00, you reported was paid to players, (1) how much of this amount was paid to Class Members who are not represented by Class Counsel, (2) how much of this was paid to Class Members who submitted claims packages after May 14, 2017, and (3) and how much of this was paid to Class Plaintiffs versus Class Members.

The apparent fee conflict between Class Counsel and Non-Class Counsel has raised other concerns because non-Class Counsel have had no role in the establishment of the policies governing the processing of these claims. We read your September 28 Declaration in response to the Motion filed by X1Law, in particular the argument made by X1Law that the Claims

Orran Brown, Esquire
October 12, 2017

Administrator effectively amended the Settlement Agreement to include the requirement the Third Party Affidavit must be dated on or before the date of the Qualifying Diagnosis. The pleadings we filed with the Court addressed that issue as well.

As part of these 67 calls, your Declaration in Paragraph 13(b) states this requirement was "reviewed with the Parties" to conclude "information obtained after the date could not have been considered in reaching the proper diagnosis." Appreciate our concern about this new requirement and its rationale because the affidavit is supposed to be a "corroborating" affidavit. Most people would generally understand that to corroborate is to strengthen or add weight to a matter already set forth. Corroborating material should not be seen as a condition precedent as the "corroborating" affidavit appears to have become. We represent players who had extensive neuropsychological testing either before or about the same time these cases began in 2012. These players could have submitted claims well before now but for the fact this corroborating affidavit was transformed into a condition precedent.

Accordingly, we are requesting that you provide us with the date, the participants and any minutes or other record where that issue was discussed and decided.

If you have any questions, please do not hesitate to contact me at my office. We appreciate your cooperation in this regard.

Sincerely,

*C. Steven Yerrid*

C. Steven Yerrid

Enclosure