UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br>　　　　　　　　　Defendants. | **Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

### CLASS COUNSEL PODHURST ORSECK, P.A.'S RESPONSE TO THE EXPERT REPORT OF PROFESSOR WILLIAM B. RUBENSTEIN

Pursuant to the Court's Order (ECF No. 9527), Class Counsel Podhurst Orseck, P.A. ("Podhurst") respectfully submits this response to the Expert Report of Professor William B. Rubenstein, which was publicly filed on December 11, 2017 (ECF No. 9526) ("Report").

Professor Rubenstein's Report presents a thorough analysis of the applicable legal authorities and is clearly the product of considerable effort. Yet, in several crucial respects, the Report's legal analysis is untethered to the unique facts of this action and premised on inaccurate assumptions. Specifically, as our colleagues have correctly explained, the Report erred in treating the common-benefit fee as a tax against the recovery of class members (ECF Nos. 9545

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 Miami 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346 ｜ www.podhurst.com

at 3-5; 9549 at 1-3; 9552 at 1-3); erred in relying on outdated actuarial estimates to calculate the common-benefit fee's percentage of the total settlement value (ECF Nos. 9545 at 6-7; 9552 at 3-5); and inaccurately assumed that the Monetary Award process requires minimal time and expense expenditures (ECF Nos. 9545 at 7-9; 9552 at 6-8).[1]  These significant flaws in the Report undermine its central recommendation to set a presumptive 15% cap on all contingent fee contracts.

The Report's recommendation is also difficult to square with Third Circuit precedent, which cautions that "*the courts should be loathe to intrude into a contractual relationship between an attorney and client*," cogently reasoning that

> [w]here . . . the lawyer and client have entered into a contractual fee agreement prior to the litigation, the considerations stressed above argue in favor of *deference to the parties' contractual arrangement*. The strong judicial reluctance to enforce the terms of a judicially fashioned bargain upon the parties now presses in favor of honoring the express terms of the fee agreement. The equities are also altered. If the client has entered the contract freely and advisedly, his claim of unfairness is reduced in force. The risk of unfairness to the attorney, in contrast, is sharply increased.  For *it cannot be said that the attorney is receiving more than he bargained for at the outset of litigation*. He may well have relied upon the fee contracts in deciding to undertake the litigation at the outset. Unduly close review of the allocation of risks in a contract entered into before the outcome of the litigation was known or knowable might also discourage the prosecution of risky, but meritorious lawsuits.

*Dunn v. H.K. Porter*, 602 F.2d 1105, 1111-12 (3d Cir. 1979) (emphasis added).  Notwithstanding this precedent, the Report relies on contingency fee percentages in post-Effective Date contracts

---

[1] The Report contains a number of additional inaccurate assumptions, including its pure speculation that law firms representing hundreds of players should be able to provide services less expensively due to economies of scale and that clients of such firms will "likely get less individualized attention." (ECF No. 9526, ¶ 40.) This speculation finds no support in the actual experience of numerous firms representing hundreds of players, including Class Counsel, which have hired additional personnel to address the extraordinary demands of this litigation.  Many, if not all, of these assumption errors could have been avoided had Professor Rubenstein reached out to Class Counsel to investigate the Report's factual underpinnings.

2

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 Miami 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346     www.podhurst.com

to arrive at a reasonable fee percentage for contracts that *pre-date* preliminary approval of the settlement.  (ECF No. 9526, ¶ 36.)  This analysis is precisely the type of "[u]nduly close review of the allocation of risks in a contract entered into before the outcome of the litigation was known or knowable" that the *Dunn* court cautioned might "discourage the prosecution of risky, but meritorious lawsuits."  602 F.2d at1112.

Podhurst Orseck has proactively reduced the contingency fee percentage in its retainer agreements in this action to 25%.  Even under the Report's flawed framework in which the common-benefit fee percentage is added to the contractual percentage, the total fee paid by Podhurst's clients will not exceed 36% of the value of the settlement, using an updated actuarial estimate based on actual participation rates (ECF No. 9552-1 at 8 (estimating that common-benefit fee percentage is 10.9% of updated settlement value)).  This total fee is already below the percentage that clients agreed to pay, and is in line with the range that courts have deemed reasonable in other mass-tort and class settlements.  *See, e.g., In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, No. MDL 1203, 2011 WL 722217, at *2 (E.D. Pa. Feb. 25, 2011); *In re Zyprexa Prod. Liab. Litig.*, 424 F. Supp. 2d 488, 496 (E.D.N.Y. 2006); *Martens v. Smith Barney, Inc.*, No. 96-CIV-3779, 2003 WL 21543506, at *8 & n.3 (S.D.N.Y. July 9, 2003).

For these reasons and those articulated in our colleagues' responses, the Court should reject the Report's recommendation to set an across-the-board, presumptive 15% cap on all contingent fee contracts, regardless of when they were entered into.[2]

---

[2] As there appears to be no dispute regarding the common-benefit expenses recoverable by Class Counsel, which total almost $6 million and were advanced several years ago, the resolution of disputed fee issues should not delay the payment of such expenses to Class Counsel from the Attorneys' Fees Qualified Settlement Fund.

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 Miami 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346    www.podhurst.com

Dated: January 3, 2018                              Respectfully submitted,

                                      **PODHURST ORSECK, P.A.**
                                      SunTrust International Center
                                      One S.E. 3rd Ave, Suite 2300
                                      Miami, FL 33131
                                      Telephone: (305) 358-2800
                                      Fax: (305) 358-2382

By:   /s/ Steven C. Marks
        STEVEN C. MARKS
        Fla. Bar. No. 516414
        Email: smarks@podhurst.com
        STEPHEN F. ROSENTHAL
        Fla. Bar No. 0131458
        Email: srosenthal@podhurst.com
        RICARDO M. MARTÍNEZ-CID
        Fla. Bar No. 383988
        Email: rmcid@podhurst.com
        MATTHEW P. WEINSHALL
        Fla. Bar No. 84783
        Email: mweinshall@podhurst.com

*Attorneys for Plaintiffs*

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 Miami 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346   www.podhurst.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2018, I caused the foregoing Notice of Change of Address, to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the above-captioned matter.

By:   /s/ Steven C. Marks
       STEVEN C. MARKS

Podhurst Orseck, P.A.

SunTrust International Center, One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 Miami 305.358.2800 Fax 305.358.2382 • Ft. Lauderdale 954.463.4346    www.podhurst.com