# EXHIBIT C

### Response of the NFL Parties in Opposition to the
### Appeal of Claim Determination Filed by Ronald Holmes

The appeal of Claimant Jeffrey Holmes ignores the crystal clear language of the Settlement Agreement and should be rejected.

**Background**

Retired NFL Football Player Ronald Holmes ("Holmes") died on October 27, 2011. (July 11, 2017 Letter from Sol Weiss to BrownGreer (the "Appeal Letter") at 1.) Although Claimant's submission does not state a cause of death, public reports state that Holmes "had been battling diabetes and coronary issues."[1] According to Claimant, Holmes did not receive a diagnosis of dementia or Alzheimer's Disease during his lifetime. (Appeal Letter at 1.)

Claimant Jeffrey Holmes is the administrator of Holmes' estate and a Representative Claimant for the purposes of the Settlement program. He submitted a Monetary Award claim for a Qualifying Diagnosis of Death with CTE. Pursuant to Section 6.3(f) of the Settlement Agreement:

> A Qualifying Diagnosis of Death with CTE shall be made only for Retired NFL Football Players who died prior to the [April 22, 2015] Final Approval Date, through a post-mortem diagnosis made by a board-certified neuropathologist *prior to the [April 22, 2015] Final Approval Date* . . . .

*Id.* (emphasis added); *see also* Settlement Agreement Injury Definitions for "Death with CTE" (stating same limitation).

Here, Claimant relies on a post-mortem diagnosis of CTE made on August 4, 2015—over three months *after* the Final Approval Date and nearly four years after Holmes' death. Under the clear definition contained in the Settlement Agreement, the Claims Administrator properly denied the claim.

**Claimant's Appeal Arguments Do Not Alter the Underlying Deficiency**

Conceding that he missed the clear definitional deadline set forth in the Settlement Agreement, Claimant advances two arguments in support of his appeal. Neither changes the fundamental fact that his claim does not meet the clear requirements of Section 6.3(f) of the Settlement Agreement and the related definition of the "Death with CTE" Qualifying Diagnosis.

---

[1] *See* Bob Condotta, *Former Huskies Defensive Line Star Ron Holmes Dies*, Seattle Times (last updated Oct. 28, 2011), *available at* http://www.seattletimes.com/sports/uw-huskies/former-huskies-defensive-line-star-ron-holmes-dies/.

*First*, Claimant argues that he "should not be penalized" because he learned too late that the Medical Examiner of Holmes' body had preserved brain tissue that could be studied for a post-mortem CTE diagnosis. (Appeal Letter at 2.) Claimant argues that he is entitled to an equitable remedy because his counsel initially received incorrect information from the Medical Examiner, and Claimant otherwise may have complied with the Settlement terms. The Settlement Agreement does not provide for any such relief. The Parties did not agree to any exception—equitable or otherwise—for non-compliance with the requirements of Section 6.3(f) and the definition of "Death with CTE."[2]

Nonetheless, Claimant cites case law concerning the "excusable neglect" standard for missing an appellate deadline under Federal Rule of Appellate Procedure 4(a)(5) (citing *Ragguette*) and for reopening judgments within one year under Federal Rule of Civil Procedure 60(b)(1) (citing *Pioneer*, *Avon*, and *Mays*). (Appeal Letter at 2.) These holdings are wholly inapposite to compliance with the terms of this judicially-approved Settlement Agreement. Here, amendment of the terms of the Settlement Agreement requires written agreement of the Parties. *See* Settlement Agreement § 30.6 ("This Settlement Agreement will not be subject to any change, modification, amendment, or addition without the express written consent of Class Counsel and Counsel for the NFL Parties, on behalf of all Parties to this Settlement Agreement, and upon Court approval.").

Moreover, federal courts do not maintain the power to alter the terms of a Settlement Agreement, such as the definition of a Qualifying Diagnosis for Death with CTE. *See, e.g.*, *Sullivan* v. *DB Investments, Inc.*, 667 F.3d 273, 312 (3d Cir. 2011) (finding that it is "well established" that settlement agreements are "creatures of private contract law" and that a district court cannot modify their terms (internal citations omitted)); *Ehrheart* v. *Verizon Wireless*, 609 F.3d 590, 593 (3d Cir. 2010) (holding that a "district court is not a party to the settlement, nor may it modify the terms of a voluntary settlement agreement between parties" because Rule 23 "does not vest [in the district court the] broad powers to intrude upon the parties' bargain"); *In re Diet Drugs Prods. Liability Litig.*, 553 F. Supp. 2d 442, 490 (E.D. Pa. 2008) ("The Supreme Court has stated: 'Rule 23(e) wisely requires court approval of the terms of any settlement of a class action, but ... does not authorize the court to require the parties to accept a settlement to which they have not agreed.' . . . We have no power to modify any terms and force acceptance on the parties to the agreement" (internal citations omitted)).

Here, the Settlement's definition of "Death with CTE" was heavily negotiated, as this Court is well aware. It withstood the scrutiny of this Court and the Third Circuit

---

[2] Claimant also does not provide sufficient information to determine whether he could have complied with the Settlement terms despite the initial miscommunication with the Medical Examiner. Claimant states that the Medical Examiner informed the family in "April 2015" that brain tissue slides existed. (*See* Appeal Letter at 1.) This vague assertion does not provide information on whether that communication occurred before or after the April 22, 2015 deadline for a diagnosis. Regardless, the family waited two months—until June 2015—to send the slides for examination by a neuropathologist. (*Id.*)

2

Court of Appeals, and should be enforced according to its terms, which Claimant does not meet.

*Second*, Claimant argues that his Death with CTE claim in the Settlement program should be "equitably tolled" because any wrongful death claim he otherwise could have filed in litigation purportedly would have been tolled under Washington state law. (Appeal Letter at 2.) Claimant's argument misses the point entirely. The issue is not whether the statute of limitations had run on his claim. Rather, the issue is whether Claimant meets the requirements of the negotiated Settlement Agreement. He does not.

Claimant cites to Section 6.2(b) of the Settlement Agreement, which concerns the viability of claims by Representative Claimants of retired players who died prior to January 1, 2006. Again, Settlement Class Members who did not opt out of the Settlement Class must comply with the written terms of the Settlement Agreement as negotiated and judicially approved. Claimants cannot ask the Court to rewrite the terms. Moreover, Claimant's reliance on Section 6.2(b) of the Settlement Agreement is misplaced; even if Holmes had died prior to 2006, as opposed to in October 2011, Claimant still would have needed to receive a CTE diagnosis by April 22, 2015 in order to recover on a claim for the Qualifying Diagnosis of Death with CTE.

**Conclusion**

For the reasons set forth above, BrownGreer issued the proper claim determination with respect to Claimant's submission. Holmes did not receive a diagnosis of dementia or Alzheimer's during his lifetime, and Claimant did not receive a post-mortem diagnosis of CTE for Holmes prior to the April 22, 2015 deadline, as the Settlement Agreement requires. In short, Claimant did not comply with the requirements for a valid Qualifying Diagnosis of Death with CTE. The terms of the Settlement Agreement are clear on the issue raised on appeal and require denial.

Dated: August 21, 2017

Respectfully submitted,

PAUL, WEISS, RIFKIND,
 WHARTON & GARRISON LLP

*/s/ Brad S. Karp*
Brad S. Karp
Bruce Birenboim
Lynn B. Bayard
Douglas M. Burns
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: bkarp@paulweiss.com

*ATTORNEYS FOR THE
NATIONAL FOOTBALL LEAGUE
AND NFL PROPERTIES LLC*