# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>THOSE FILING MOTIONS TO REMAND,<br>AS SHOWN IN ATTACHMENT A | **Hon. Anita B. Brody** |

## RIDDELL'S CONSOLIDATED BRIEF IN OPPOSITION
## TO VARIOUS MOVANTS' MOTIONS TO REMAND

# TABLE OF CONTENTS

TAB

INTRODUCTION ........................................................................................................1

BACKGROUND .........................................................................................................5

A.     Shortly after the JPML coordinated this litigation before this Court, the plaintiffs
       moved for a master-complaint process, and have twice since amended that master
       complaint—each time, they asserted that this Court had jurisdiction over these
       claims against Riddell on the basis of purported CAFA jurisdiction, as well as
       individually where there is diversity of citizenship. .........................................5

B.     After years in this MDL litigation, some movants now seek "remand," arguing
       the Court lacks subject-matter jurisdiction over their claims, despite the plaintiffs'
       collective affirmative assertions that such jurisdiction existed........................8

ARGUMENT..............................................................................................................17

I.     The Court has jurisdiction based on the plaintiffs' affirmative assertion of federal
       subject-matter jurisdiction under CAFA's mass-action provision..................19

II.    The Court has federal subject matter jurisdiction based on the issue of preemption
       under LMRA section 301, as shown in Riddell's motion to dismiss on this ground.
       ...........................................................................................................................20

III.   The Court likewise has subject-matter jurisdiction by virtue of continuing
       supplemental jurisdiction, which is properly exercised here, including to advance
       the same principles of economy, efficiency, and fairness, as the plaintiffs
       themselves urged...............................................................................................23

IV.    The movants ignore that some of them filed original actions in federal court,
       asserting federal subject-matter jurisdictions, while scores more of these movants
       never filed any original action anywhere, and there is therefore nowhere to
       "remand" their improper and non-existent actions. .........................................29

V.     The movants further ignore their own allegations with respect to diversity
       jurisdiction, and that when plaintiffs' actions are viewed properly as individual
       actions, there is likely federal jurisdiction based on diversity. .......................31

CONCLUSION...........................................................................................................33

# TABLE OF AUTHORITIES

Cases

*Allis-Chalmers Corp. v. Lueck*
 471 U.S. 202 (1985)..................................................................................... 2, 21, 22

*Anderson v. Aon Corp.*
 614 F.3d 361 (7th Cir. 2010) ....................................................................... 24

*Antol v. Esposto*
 100 F.3d 1111 (3d Cir. 1996)....................................................................... 21

*Beidleman v. Stroh Brewery Co.*
 182 F.3d 225 (3d Cir. 1999)......................................................................... 21

*Bullard v. Burlington N. Santa Fe Ry. Co.*
 535 F.3d 759 (7th Cir. 2008) ....................................................................... 19

*Carnegie-Mellon Univ. v. Cohill*
 484 U.S. 343 (1988)...................................................................................... 24

*Cooper v. R.J. Reynolds Tobacco Co.*
 586 F. Supp. 2d 1312 (M.D. Fla. 2008)....................................................... 20

*Diaz v. Ameriquest Mortg. Co.*
 No. 05-cv-7097, 2014 WL 26265, at *2 (N.D. Ill. Jan. 2, 2014)................ 26

*Gonzalez v. First NLC Fin. Servs.*
 2009 U.S. Dist. LEXIS 131518 (C.D. Cal. Aug. 12, 2009)........................ 19

*Harrell v. 20th Century Ins. Co.*
 934 F2d 203 (9th Cir. 1991) ........................................................................ 24

*In re Aredia & Zometa Prods. Liab. Litig.*
 Case No. 3:06-md-1760, 2010 WL 5387695, at *2 (M.D. Tenn. Dec. 22, 2010) ................... 26

*In re Bank of Am. Home Affordable Modification Program Contract Litig.*
 No. 1:10-md-02193, 2014 WL 5310106, at *1 (D. Mass. Aug. 19, 2014).............. 26

*In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.*
 128 F. Supp. 2d 1196 (S.D. Ind. 2001) ........................................................ 26

*In re Holiday Magic Sec. & Antitrust Litig.*
 433 F. Supp. 1125 (J.P.M.L. 1977).............................................................. 26

*In re Maxim Integrated Prods., Inc.*
 No. 12-945, 2015 WL 1757779 (W.D. Pa. Apr. 17, 2015)......................... 26

*In re Patenaude*
 210 F.3d 135 (3d Cir. 2000).......................................................................... 26

*MCI Telecommunications Corp. v. Teleconcepts, Inc.*
 71 F.3d 1086 (3d Cir. 2008).......................................................................... 28

*Newport Ltd. v. Sears, Roebuck & Co.*
 941 F.2d 302 (5th Cir. 1991) ........................................................................ 27

*Nishimoto v. Federman-Bachrach & Assocs.*
 903 F.2d 709 (9th Cir. 1990) ........................................................................ 24

*Parsley Petroleum Co. v. Dresser Indus.*
 972 F.3d 580 (5th Cir. 1992) ........................................................................ 27

*Proctor v. Vishay Intertech., Inc.*
 584 F.3d 1225 (9th Cir. 2009) ...................................................................... 23

*United Steel v. Shell Oil Co.*
    602 F.3d 1087 (9th Cir. 2010) ................................................................................. 20
*Williams v. Costco Wholesale Corp.*
    471 F.3d 975 (9th Cir. 2006) ........................................................................... 19, 31

Statutes

28 U.S.C. § 1331 ................................................................................................................... 5
28 U.S.C. § 1332 ......................................................................................................... passim
28 U.S.C. § 1367 .............................................................................................................. 9, 24
28 U.S.C. § 1407 .......................................................................................................... 25, 26
28 U.S.C. § 1441 ................................................................................................................ 28
29 U.S.C. § 185 .............................................................................................................. 9, 21
LMRA Section 301 ..................................................................................................... passim

## INTRODUCTION

For the past six years, the plaintiffs in this multidistrict litigation (MDL) have been proceeding under the umbrella of a master complaint that controlled their claims and superseded their original complaints transferred here. Since then, they have twice amended their master complaint, including just months ago. Each time, they asserted that this Court has federal subject-matter jurisdiction over their claims—including their claims against Riddell—on multiple bases, including under the Class Action Fairness Act's mass-action provision, as well as based on diversity jurisdiction as to their claims individually (where applicable).

Despite litigating in this forum since 2012 under these master complaints, certain plaintiffs and other individuals who have never previously sued Riddell now move—largely, en masse—to "remand" their actions to various state courts, asserting that contrary to their master-complaint statements, this Court lacks subject-matter jurisdiction. These remand motions are filed by only three sets of counsel, and while the three groups of motions differ somewhat, they each suffer from numerous flaws. The Court should deny them all for numerous reasons.

First, none of the motions acknowledge the plaintiffs' own jurisdiction allegations in the master complaints since the inception of this MDL. The movants should not be heard to invoke this Court's jurisdiction in one breathe, and then years later, renounce that jurisdiction.

Second, some of the movants address the effect of preemption under section 301 of the Labor Management Relations Act (LMRA) based on the applicable collective bargaining agreements (CBA) governing their NFL playing careers. Yet none of them acknowledge that issue is being currently briefed at the same time. More importantly, none of the movants address

preemption specifically with respect to the plaintiffs' claims as asserted in the current operative complaint against Riddell, as must be done under the required "case by case" analysis.[1]

As Riddell has shown in its contemporaneous briefing (per the Court's October 24, 2017 Order), the plaintiffs have not only inextricably intertwined their claims against Riddell with numerous CBA provisions, they also have inexplicably intertwined their claims against Riddell with the NFL by asserting that Riddell and the NFL acted as co-conspirators in an alleged 60-year conspiracy of fraud and malfeasance. As a result, their claims require dismissal. The parties' preemption briefing will resolve that issue. But in the meantime, this Court has jurisdiction over these claims based on LMRA section 301 preemption.

Third, only one set of movants address yet another basis for jurisdiction—supplemental jurisdiction—arguing that because most of the plaintiffs' claims against the NFL have been dismissed, there is no longer a federal claim as to which the claims against Riddell could be supplemental. Their argument, however, ignores both facts and law, and instead advocates a manifest injustice to Riddell.

For example, their argument ignores that some of these same movants opted out of the NFL settlement and therefore have not dismissed their claims against the NFL. In addition, the movants ignore that their claims have not been severed in any form, neither in terms of their claims against the NFL from their claims against Riddell, nor in terms of each individual plaintiffs' claims against Riddell. They further ignore that the plaintiffs have pled their claims under one master complaint, invoking CAFA mass-action jurisdiction, and asserting that these claims can all be tried jointly (which they cannot, but that is nonetheless what the plaintiffs assert and what matters for CAFA jurisdiction). And they ignore the law holding that even where a federal claim supporting

---

[1] *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985).

supplemental jurisdiction is dismissed, the court may nonetheless continue to exercise supplemental jurisdiction where it serves the interests of economy, efficiency, fairness, and other considerations to do so. That is exactly the case here, given that this litigation has been pending in this jurisdiction for years, the Court is well familiar with these cases, the Court and the parties have expended considerable resources in litigating in this venue, and litigation will continue in this MDL in any event as 265 plaintiffs who filed SAMAC-SFCs have *not* moved for remand.[2] Indeed, the movants themselves are on record stating that continued litigation in this venue serves these interests. In short, the movants' argument against supplemental jurisdiction lacks any merit.

Fourth, the movants' filings are rife with errors, inconsistencies, misstatements, and other improprieties that render it impossible for the Court to rule on them. For example, one set of movants comprises 592 plaintiffs.[3] Yet they have filed a less than six-page brief in support of remand, in which they don't address any of the movants individually. Instead, they lump them all together by their improperly mass-filed original complaints. Among these 592 movants are:

- Dozens of plaintiffs who failed to file amended short-form complaints (SAMAC-SFCs) against Riddell by the Court's December 4, 2017 deadline, and therefore have abandoned their claims;

- Individuals who filed a complaint or SFC against Riddell but later withdrew it;

- Individuals who filed multiple original complaints both in state *and* federal courts;

- Individuals who originally filed *only* in federal court, yet seek "remand" to state court, and in doing so, ask for remand to different states' courts in different filings;

---

[2] This number does not include two former players—Malik Boyd and Rashard Cook— who are listed on a motion to correct filings (ECF No. 9498) as having moved to remand, but did not.
[3] (Pls.' Br. in Supp. of Mot. to Remand Riddell Actions for Lack of Subject Matter Juris, ECF No. 9410.)

- Individuals who request remand to different courts (both state and federal) in different filings filed by the same counsel; and

- Individuals who never filed any complaint anywhere against Riddell, among other anomalies, inconsistencies, and improprieties.

These types of improprieties pervade the movants' filings, yet they ignore them. The movants' failure to acknowledge—much less, address—the multitude of fundamental flaws in their filings precludes any hope of remand. But it also leads to yet another reason why remand is improper.

Fifth, remand cannot precede an individualized analysis as to each individual's claim, including the required severance of the plaintiffs' claims from each other. Indeed, since 2012, the plaintiffs have expressly acknowledged the need to consider their actions on an individual basis when by asserting in each of their now twice-amended master complaints that "the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(l) over the claims of *individual Plaintiffs* who are citizens of a state different from the states of citizenship of all Defendants they name in their Short-Form Complaints."[4] In other words, a jurisdiction analysis requires 1) severance, and 2) an individualized, plaintiff-by-plaintiff inquiry examining the relationships between each plaintiff and whichever defendants may remain in the cases at the time. In this manner, the movants' motions are not only woefully deficient, but entirely premature.

The Court will soon have before it the full briefing on preemption, both with respect to the NFL and Riddell. It also will have the full briefing on dismissal on other grounds. In other words, much is left to be decided. But one thing is certain now—the plaintiffs themselves invoked this

---

[4] (Pls.' Master Admin. Long-Form Compl. (MAC) ¶ 25, ECF No. 83; Pls.' Am. Master Admin. Long-Form Compl. (AMAC) ¶ 25, ECF No. 2642; Pls.' Second Master Admin. Long-Form Compl. (SAMAC) ¶ 17, ECF No. 8927 (emphasis added).)

Court's jurisdiction, and they have failed to show they can now disavow it, or that the Court should decline to exercise any of its multiple, independent bases for federal jurisdiction.

The movants' requests ignore both the factual realities of the posture of this litigation, as well as the law. For myriad reasons, the Court should deny the various movants' motions to remand.

## BACKGROUND

**A.      Shortly after the JPML coordinated this litigation before this Court, the plaintiffs moved for a master-complaint process, and have twice since amended that master complaint—each time, they asserted that this Court had jurisdiction over these claims against Riddell on the basis of purported CAFA jurisdiction, as well as individually where there is diversity of citizenship.**

Shortly following the JPML's creation of this MDL for coordinated pretrial proceedings, the plaintiffs—by their Court-approved leadership—moved and were granted leave to file a master complaint which, along with individual short-form complaints, would supersede all their individual original complaints filed in or transferred from the transferor courts.[5] Among the plaintiffs' leadership on their Executive Committee was (and is) Thomas V. Girardi, who is co-counsel for the vast majority of the movants currently seeking remand.[6]

Per CMO-2, the plaintiffs filed their master complaint (MAC) in June 2012.[7] In that complaint, the plaintiffs affirmatively asserted multiple grounds for this Court's subject-matter jurisdiction.

First, the plaintiffs asserted the Court has jurisdiction under the "mass action" provision of the Class Action Fairness Act, 28 U.S.C. § 1331(d)(11) (CAFA).[8] In particular, the plaintiffs asserted that this Court has "original jurisdiction" because "there are one hundred (100) or more

---

[5] (Case Mgmt. Order No. 2, ECF No. 64; Case Mgmt. Order No. 4, ECF No. 98.)
[6] (Case Mgmt. Order No. 2, at 1.)
[7] (MAC, ECF No. 83.)
[8] (*Id.* ¶ 25.)

persons whose individual claims are being brought herein and the amount in controversy for each Plaintiff exceeds $75,000.00 dollars, exclusive of costs, interest, and attorneys' fees," and the "overall amount in controversy exceeds $5,000,000, exclusive of interest, costs, and attorney's fees."[9] In addition, they asserted that their claims can all "be tried jointly in that they involve common questions of law and fact."[10]

Second, the plaintiffs added that in "addition, the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1)  over the claims of individual Plaintiffs who are citizens of a state different from the states of citizenship of all Defendants they name in their Short-Form Complaints."[11] In other words, according to the plaintiffs, in addition to jurisdiction under CAFA, jurisdiction would need to be evaluated separately and individually as to each individual plaintiff.

Approximately one month after filing their MAC, the plaintiffs moved to amend that master complaint, and, in July 2012, they filed their amended master complaint (AMAC).[12] This amendment made certain changes, including to drop certain claims against Riddell—specifically, the civil conspiracy and fraudulent concealment claims.[13] However, the jurisdiction allegations remained unchanged, with the plaintiffs continuing to assert the identical grounds for this Court's jurisdiction based on both CAFA as well as diversity jurisdiction as to the actions individually.[14] As with the MAC before it, the AMAC superseded the plaintiffs' original, transferred complaints, and (along with their short-form complaints) became the operative and controlling pleading as to their claims.[15]

---

[9] (*Id.*)
[10] (*Id.*)
[11] (*Id.*)
[12] (AMAC, ECF No. 2642.)
[13] (*Compare* MAC ¶¶ 422–25 (asserting counts of civil conspiracy and fraudulent concealment against all defendants), ECF No. 83, *with* AMAC ¶¶ 422–25 (asserting counts of civil conspiracy and fraudulent conspiracy against the NFL only), ECF No. 2642.)
[14] (AMAC ¶ 25, ECF No. 2642.)
[15] (AMAC, ECF No. 2642.)

The AMAC remained the operative and controlling complaint for the next five years, during which time the Court undertook extensive activities in this litigation. The Court heard and considered numerous motions, including Riddell's and the NFL's motions to dismiss, and Riddell's motion to sever, on which the Court heard oral argument in April 2013.[16]

In early 2017, following the approval and implementation of the NFL's class-action settlement (to which Riddell is not a party), the plaintiffs asked for leave to amend their master complaint yet again. They represented to the Court that the proposed amendment was merely to supplement their prior allegations found in the AMAC.[17] Riddell opposed the motion, pointing out that the proposed amendment did far more than the plaintiffs disclosed.[18] Over Riddell's objection, the plaintiffs obtained leave to file their second amended master complaint (SAMAC), which they did in November 2017.[19]

As the Riddell defendants showed in their opposition to the motion for leave to file the SAMAC,[20] as well in their motions to dismiss filed contemporaneously herewith, the SAMAC presents a drastically different set of allegations against Riddell. Whereas the AMAC asserted against Riddell only garden-variety product liability claims based primarily on alleged failure to warn, the SAMAC alleges primarily a sweeping (and far-fetched) 60-year conspiracy between Riddell and the NFL (and its related entities and others), and alleges throughout that the NFL and Riddell are jointly liable as co-conspirators and joint tortfeasors on theories of conspiracy, fraud, fraudulent concealment, and misrepresentations.[21]

---

[16] (NFL's and NFL Properties' Mot. to Dismiss the Am. Master Long-Form Compl. on Preemption Grounds, ECF No. 3589; NFL's and NFL Properties' Mot. to Dismiss the Master Am. Class Action Compl. on Preemption Grounds, ECF No. 3590; Riddell Defs.' Mot. to Sever, ECF No. 3593; Tr. of Oral Args. held on Apr. 9, 2013, ECF No. 4754.)

[17] (Pls.' Mot. for Leave to File Second Am. Master Admin. Compl. Against the Riddell Defs., ECF No. 7762.)

[18] (Riddell's Memo. of Law in Opp'n to the Pls.' Mot. for Leave to File Second Am. Master Admin. Compl. and Am. Short Form Compl. Template Against the Riddell Defs. (Opp'n. to Mot. to Am.), ECF No. 7849.)

[19] (SAMAC, ECF No. 8927.)

[20] (Opp'n to Mot. to Am., ECF No. 7849.)

[21] (*Generally* SAMAC, ECF No. 8927.)

While the plaintiffs' SAMAC presented dramatic changes from their prior master complaints, the jurisdiction allegations remained unchanged. As in the AMAC and the MAC before it, the SAMAC once again asserted that this Court has "original jurisdiction pursuant to 28 U.S.C. § 1332(d)(11) "—i.e., CAFA's mass-action provision—and because (according to the plaintiffs) their "claims can be tried jointly in that they involve common questions of law and fact."[22] And yet again, they asserted the additional basis that "the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(l)  over the claims of individual Plaintiffs who are citizens of a state different from the states of citizenship of all Defendants they name in their Short-Form Complaints."[23]

Despite their collective, affirmative assertion of federal subject-matter jurisdiction on multiple grounds in each of their complaints, the plaintiffs included in their template short-form complaint a "check box" provision by which a plaintiff could purportedly reserve "the right to object to federal jurisdiction."[24]

**B.   After years in this MDL litigation, some movants now seek "remand," arguing the Court lacks subject-matter jurisdiction over their claims, despite the plaintiffs' collective affirmative assertions that such jurisdiction existed.**

Following an organizational conference in May 2017, the Court ordered that any plaintiffs who wished to seek remand to their respective transferor courts must so move by December 4, 2017.[25] A total of 679[26] movants[27] filed for remand by that deadline; across them, they are represented by only three sets of counsel:

---

[22] (*Id.* ¶ 17.)

[23] (*Id.*)

[24] (Short Form Compl. ¶ 11, ECF No. 92-1; Short Form Compl. Against Riddell Defs. ¶ 12, ECF No. 7762-3.)

[25] (Order ¶ 6, ECF No. 8472.)

[26] This leaves at least 265 plaintiffs who have not moved to remand.

[27] Riddell refers to those filing motions to remand as "movants" because not all of them are properly considered plaintiffs, as they have failed to take the necessary and required steps to present valid claims under either the law, the Court's orders, or both. For example, there are many among the movants who never filed an original complaint in any jurisdiction, and who appeared for the first time only in a short-form complaint filed on or around the Court's

- Movants represented by Plaintiffs' Executive Committee member Tom Girardi's firm Girardi|Keese, along with the Goldberg, Persky & White and the Russomanno & Borrello firms, filed one joint motion on behalf of 592 plaintiffs (Girardi movants);[28]

- Attorney Ron A. Cohen filed individual motions to remand on behalf of 81 movants (Cohen movants);[29] and

- Movants represented by the law firm of Corboy & Demetrio filed individual motions to remand on behalf of another 8 plaintiffs (Corboy movants).[30]

**The Girardi movants:** The Girardi movants assert that they filed in state court originally, and the NFL removed on the basis of federal-question jurisdiction under the doctrine of complete preemption under section 301 of the Labor Management Relations Act[31] as to the claims against the NFL, with supplemental jurisdiction over any other claims, including those against Riddell.[32] According to the Girardi movants, the "only stated basis for federal jurisdiction over the Plaintiffs' claims against Riddell at the time of removal was supplemental jurisdiction pursuant to 28 U.S.C. § 1367," but because the Court "dismissed Plaintiffs' claims against the NFL" by virtue of the settlement and release, "this Court no longer has supplemental jurisdiction over Plaintiffs' claims."[33] They therefore seek remand to California state court,[34] as opposed to remand to the actual transferor court.

---

December 4, 2017 deadline. As Riddell explains in its contemporaneously filed motion to dismiss, such claims are invalid, those individuals are not properly considered "plaintiffs," and their actions—such as they are—must be dismissed or stricken.

[28] (Pls.' Mot. to Remand Riddell Actions for Lack of Subject Matter Jurisdiction, ECF No. 9389; Pls.' Br. in Supp. of Mot. to Remand Riddell Actions for Lack of Subject Matter Jurisdiction (Girardi Br.), ECF No. 9410.)

[29] Cohen filed individual remand motions for 79 former players. (ECF Nos. 9144, 9147, 9150, 9153, 9154, 9162, 9165, 9168, 9171, 9172, 9177, 9180, 9183, 9186, 9189, 9192, 9195, 9198, 9201, 9204, 9207, 9210, 9213, 9216, 9219, 9222, 9225, 9228, 9231, 9234, 9237, 9240, 9243, 9246, 9249, 9252, 9255, 9258, 9261, 9264, 9267, 9270, 9276, 9279, 9282, 9285, 9288, 9291, 9294, 9297, 9300, 9303, 9306, 9309, 9312, 9315, 9318, 9321, 9324, 9327, 9330, 9333, 9336, 9339, 9342, 9345, 9348, 9351, 9354, 9357, 9360, 9363, 9364, 9367, 9370, 9375, 9378, 9382 & 9385.) He filed one motion correcting these remand motions on December 4, 2017 on behalf of 80 former players. (ECF No. 9498). These 80 former players included two former players (Malik Boyd and Rashard Cook) who did *not* file an individual remand motion, and omitted another (Johnny Thomas) who did. Additionally, two former players (Matthew Dorsett and Terrelle Smith) were included in the joint motion to remand filed by Girardi|Keese.

[30] (ECF Nos. 9433, 9452, 9472, 9486, 9488, 9490, 9493 & 9496.)

[31] 29 U.S.C. § 185.

[32] (*Generally* Girardi Br., ECF No. 9410.)

[33] (*Id.* at 2–3.)

[34] (*Id.*)

The Girardi movants don't mention the plaintiffs' oft-repeated affirmative assertion of multiple bases for federal jurisdiction in their MAC, their AMAC, and most recently in their SAMAC. In addition, while the Girardi movants assert in global fashion that the Court has dismissed their claims against the NFL by virtue of the settlement,[35] they don't mention that at least three of them[36] opted out of the NFL settlement and, in addition to pursuing Riddell, continue to pursue claims against the NFL, including by recently filing SFCs against the NFL.[37]

Across the 592 Girardi movants, there are other anomalies and improprieties as well. For example, 86 of them failed to file a SAMAC-SFC by the Court's December 4, 2017 deadline for doing so.[38] Multiple Girardi movants filed more than one complaint, often in different jurisdictions, including in both state *and* federal court.[39] Other plaintiffs filed multiple complaints—*both* in federal court.[40] Another Girardi movant purporting to seek remand actually dismissed his claims against Riddell.[41] The Girardi movants' counsel—Girardi|Keese, Goldberg, Persky & White, and Russomanno & Borrello—also withdrew as counsel for another 42 of them.[42]

---

[35] (*Id.*)

[36] Plaintiffs Shante Carver, Tony Dorsett, and Bert Deems May have all opted out of the NFL settlement. *See* NFL Concussion Settlement: Timely Opt Out Requests Containing All Information Required by Section 14.2(a) or Otherwise Approved by the Court (updated Nov. 6, 2017), https://www.nflconcussionsettlement.com/Documents.aspx. However, they appear on the Girardi movants' "Exhibit A to Motion to Remand" as among those plaintiffs seeking remand. (ECF No. 9389-1.)

[37] (ECF Nos. 7947, 7948 & 7949.)

[38] (Order ¶ 2 ("The individual Plaintiffs who wish to proceed with their claims against any of the Riddell Defendants must each file an individual Short Form Complaint ('SFC-Riddell') on both the 2:12-md-2323 docket and the applicable underlying docket for the given action on or before December 4, 2017."), ECF No. 8472.)

[39] (*E.g.*, *Pear, et al. v. Nat'l Football League, et al.*, No. 2:12-cv-01025-AB, ECF No. 1 & *Andrews, et al. v. Nat'l Football League, et al.*, No. 2:12-cv-04632-AB, ECF Nos. 1, 56 (showing that movant Calvin Williams filed original complaints in both state court in California (*Pear*) and in federal court in New York (*Andrews*)); *Monk, et al. v. Nat'l Football League, et al.*, No. 2:12-cv-03533-AB, ECF No. 1 & *Wallace, et al. v. Nat'l Football League, et al.*, No. 2:12-cv-00336-AB, ECF No. 1 (showing that movant Jeffrey L. Walker filed original complaints both in state court in California (*Monk*) and in federal court in Pennsylvania (*Wallace*)).)

[40] (*E.g.*, *Wallace, et al. v. Nat'l Football League, et al.*, No. 2:12-cv-00336-AB, ECF No. 1 & *Wallace v. Nat'l Football League, et al.*, No. 2:12-cv-03715-AB, ECF No. 1 (showing that movant Steve Wallace filed complaints in both this Court and the Northern District of Georgia).)

[41] (Notice of Voluntary Dismissal without Prejudice (dismissing the claims of Timothy Barnett and his wife, Chelonda Barnett, against all defendants), ECF No. 6618.)

[42] (*E.g.*, Notice of Withdrawal of Appearance (David Williams), ECF No. 6813; Notice of Withdrawal of Appearance (Eric Curry), ECF No. 6662; Notice of Withdrawal of Appearance (Matthew Dorsett), ECF No. 6920.)

This is just a sampling of the irregularities and inconsistencies across the Girardi movants and their filings.

**The Cohen movants:** The Cohen movants, meanwhile, presented an even more dizzying array of confusing, contradictory, and simply erroneous submissions across their 81[43] remand attempts, which they improperly filed along with proposed SAMAC-SFCs.[44] For example, Cohen movant Aaron Rouse filed a motion to remand styled as an action pending in the Northern District of Illinois against only the Riddell defendants.[45] In it, he asserted that he originally filed "this product liability/fraud/conspiracy action in the Circuit Court of Cook County, Illinois,"[46] which is untrue—Rouse never filed *any* original complaint against Riddell (or the NFL), much less one as described in Cook County, Illinois.

Rouse further asserted that Riddell supposedly removed his (non-existent) Cook County, Illinois action on the basis of federal-question jurisdiction by virtue of preemption under LMRA section 301,[47] which is similarly untrue; since Rouse never filed an original state court action, there was nothing for Riddell to remove, on any ground. Nonetheless, Rouse has argued that because his "state law claims are not preempted, no federal question jurisdiction exists," and his action should be remanded to Cook County, Illinois.[48] Again, however, he has no such action and no such claims.

---

[43] *See supra* n. 29.

[44] The vast majority of those SAMAC-SFCs (those listed in Appendix 3 to Riddell's motion to dismiss) are improper as they violate this Court's order, have never been served under Rule 4, and would be barred under any statute of limitations, as explained in Riddell's concurrently filed motion to dismiss. Thus, the SAMAC-SFCs and the motions to remand for those movants listed in Appendix 3 should be stricken. Moreover, there is no transferor court for those claims and nowhere to which to remand them.

[45] (Mot. to Remand, ECF No. 9367.)

[46] (*Id.* ¶ 1.)

[47] (*Id.* ¶¶ 3–4.)

[48] (*Id.* ¶ 6 & at 2.)

Along with his motion, Rouse's supporting brief argued further that Riddell supposedly "flagrantly abuse[d] the removal process" in removing his case from Cook County, Illinois to the Northern District of Illinois, and that "it is in this very posture—relying upon sham-Federal-Question-Jurisdiction—that [Riddell] lifts the case into District Court, and hopes to ensnare it in the Federal system *just* long enough to have it shipped off to the NFL Multidistrict Litigation.[49] Rouse asserted this even though 1) he never filed any action in Cook County, Illinois, 2) Riddell never removed his (non-existent) action from there to the Northern District of Illinois on any basis, and 3) no action involving Rouse as a plaintiff was ever transferred into this MDL from the Northern District of Illinois. Nonetheless, Rouse's brief discusses at length a supposed removal notice that Riddell filed[50]—when no such removal notice exists. Rouse's entire motion to remand and supporting brief are based on a total and complete fabrication—a fabrication that repeats itself across the other Cohen movants' remand filings.[51]

Further confusing matters are the Cohen movants' SAMAC-SFCs that they filed simultaneous with their remand motions. For example, Rouse filed a SAMAC-SFC on December 4, 2017, immediately before filing his remand motion.[52] In his SAMAC-SFC, Rouse asserts that he filed an original complaint "in the Superior Court of the State of California"[53]—*not* in Cook County, Illinois, as he asserted in his remand motion. Moreover, Rouse asserts that he filed this California original complaint "on 11/30/17,"[54] when, in fact, no such action was ever filed in California, much less on that only very recent date. Nonetheless, in his SAMAC-SFC, Rouse asserts that if "the case is remanded, it should be remanded to the Superior Court of the State of

---

[49] (*Id.* at 7 (emphasis in original).)
[50] (*Generally id.* at 3–14.)
[51] (*E.g.*, ECF Nos. 9153, 9186 & 9306 (remand motions for movants Darryl Blackstock, Daniel Fells, and Ed Reed).)
[52] (SAMAC-SFC, ECF No. 9366.)
[53] (*Id.* ¶ 8.)
[54] (*Id.*)

California, County of Los Angeles"[55]—again, not to Cook County, Illinois, as he requested in his remand motion.

Despite his numerous conflicting and simply wrong statements, Rouse never filed *any* original complaint that was transferred into this MDL—not in Cook County, Illinois; not in Los Angeles, California; not anywhere. In fact, the first time Rouse filed anything attempting to assert claims against Riddell was by his motion to remand and his SAMAC-SFC, both filed on December 4, 2017.

Rouse is not alone. He is but one example. Across the 81 Cohen movants, dozens more repeated the same misstatements and errors as Rouse.[56]

Shortly after filing their scores of incorrect remand motions and SAMAC-SFCs, the Cohen movants—80 of them—jointly filed a "Motion to Correct Filings,"[57] styled as brought by "Terry Allen, et al." versus the Riddell defendants only, yet containing no individual case number for the supposed *Allen* matter, as required by CMO-1.[58] The lack of an individual case number is not surprising, since there is no such action of "*Terry Allen et al. v. Riddell, Inc., et al.*" in this MDL. Indeed, before December 2017, movant Terry Allen had never appeared in *any* complaint attempting to sue Riddell. Rather, before his December 2017 filings, Terry Allen appeared only in the 2012 complaint styled as *Akbar v. National Football League, Inc.*[59] And adding further confusion, the *Akbar* complaint was originally filed *in this Court*, by Plaintiff's Executive

---

[55] (*Id.*)
[56] (*E.g.*, ECF Nos. 9149 & 9150 (movant Damien Anderson's SFC and remand motion, respectively, incorrectly asserting he filed an original complaint both in Cook County, Illinois, and in Los Angeles, California, when he filed neither, and incorrectly asserting that Riddell removed those actions into federal court, when it did not); ECF Nos. 9233 & 9234 (same as to movant Jeremy Horne); ECF Nos. 9260 & 9261 (same as to movant Kevin Kasper).)
[57] (Mot. to Correct Filings, ECF No. 9498.)
[58] (Case Management Order 1, ¶ 10, ECF No. 4.)
[59] (Compl., No. 2:12-cv-02606-AB, ECF No. 1.)

Committee member Sol Weiss of Anapol Schwartz.[60] And Allen shortly thereafter filed a SFC (albeit, only in the master docket), pursuing claims only against the NFL, and not Riddell.[61]

Nonetheless, the "Motion to Correct Filings" indicated that Terry Allen and his fellow Cohen movants had incorrectly styled their filings as in the Northern District of Illinois, instead of the Eastern District of Pennsylvania, and asked the Court to correct their incorrect filings.[62] The Cohen movants' said nothing about their conflicting assertions of where they supposedly filed state-court complaints (Cook County or Los Angeles County). Nor did they acknowledge that the overwhelming majority of them had, in fact, never filed *any* complaint *anywhere* against *any* Riddell defendant. Nor did it acknowledge that their assertions that Riddell had removed their (non-existent) state-court actions to federal court were simply false.

Several days later, again under the non-existent *Terry Allen* matter, the Cohen movants jointly filed a "Corrected Motion to Remand" on behalf of all of them.[63] This "Corrected" motion yet again sought remand to "the Circuit Court of Cook County, Illinois," and again argued that federal jurisdiction is lacking under LMRA section 301.[64] This "Corrected" motion didn't address any of the individual players on an individual basis, and instead in an addendum chart simply listed the former players as to whom it was supposed to apply.[65] Nor—despite its being presented supposedly "to correct the factual statements in the prior individual motions"—did the "Corrected" joint remand motion actually correct any of the numerous misstatements from the individual Cohen movants' prior filings. Shortly after filing their "Corrected Motion to Remand," the Cohen

---

[60] (*Id.*)

[61] (SFC, ECF No. 856.)

[62] (Mot. to Correct Filings 2 & ¶ 3, ECF No. 9498.)

[63] (Corrected Mot. to Remand, ECF No. 9514.)

[64] (*Generally id.*)

[65] Again, on the "second corrected motion," Cohen listed 80 former players, including former players for whom Cohen did not file an individual remand motion (Malik Boyd and Rashard Cook) and did not include one former player for whom he did (Johnny Thomas).

movants filed an identical such "corrected" motion under the non-existent *Terry Allen* matter, with no explanation as to why.[66]

In addition to these serial miscues and misstatements, as with the Girardi movants, the Cohen movants' filings exhibit numerous other errors on an individual level as well. For example, 42 of them (like Terry Allen) filed original complaints and SFCs exclusively in NFL-only cases (i.e., in which there were no Riddell defendants named), and filed SAMAC-SFCs naming Riddell for the first time only in December 2017.[67] As another example, one such Cohen movant who previously only sued the NFL in this MDL, Adam Schreiber, attempted to file suit in 2016 against Riddell in Cook County, Illinois,[68] but in June 2017, the court there dismissed his action as untimely and barred by the statute of limitations (which dismissal the court there confirmed on January 12, 2018, in denying Schreiber's motion to reconsider). Despite that dismissal, and despite his never previously having sued Riddell in any form in this MDL, Schreiber filed a SAMAC-SFC here on December 4, 2017.[69]

In addition, 32 Cohen movants improperly filed SAMAC-SFCs naming Riddell in December 2017, even though they never previously filed *any* complaints (original or SFC) against any defendant in this MDL.[70] As Riddell shows by its contemporaneous motion to dismiss, the Court should strike or dismiss these actions with prejudice.

---

[66] (Corrected Mot. to Remand, ECF No. 9520.)

[67] Terry Allen, Anthony Bryant, Daniel Clark, Cosey Coleman, Rashard Cook, Earl C. Dotson, Michael Flanagan, Robert Hunter Goodwin, James Scottie Graham, Roderick Green, Alfred Gross, Michael Hamby, Greg Hanoian, Marques Harris, Carlos E. Jenkins, Robert Jenkins, Leander Jordan, Abner Junkin, Ed King, Sammy Knight, Jeremy Leman, Seth McKinney, Freddie Mitchell, Ryan Neufeld, Anton Palepoi, Jayice Pearson, Zach Piller, Derrick Rodgers, Derek Ross, Craig Sauer, Paul Smith, Adam Schreiber, Derek Stanley, Barry Stokes, Frederick Thomas, Jeffrey B. Thomason, Tyson Thompson, Kyle Turley, Courtney Van Buren, Ross Verba, Dante Wesley, & Jerry Wilson.

[68] Adding to the confusion, Schreiber was represented in his Cook County filing not by Ron Cohen, but instead by the Corboy & Demetrio firm.

[69] (SAMAC-SFC, ECF No. 9369.)

[70] (*E.g.*, ECF Nos. 9302, 9377 & 9381 (SFCs of movants William Reagor, Ronald Singleton, and Ebenezer Ekuban, respectively).)

Two other Cohen movants originally filed complaints in federal court in the Eastern District of Louisiana, but have sought remand to state court—and to two *different* courts, no less.[71] Another Cohen movant filed SFCs in two different cases: in one, seeking remand to Los Angeles County state court; and in the other, to the Southern District of New York.[72]

Moreover, there is even conflicting overlap across the Girardi and Cohen plaintiffs. For example, Mathew Dorsett and Terrelle Smith each filed *two* motions to remand—one with the Girardi movants and one with the Cohen movants.[73] As members of the Girardi movants, Dorsett and Smith asked for remand to Los Angeles County, California. Yet as members of the Cohen movants, they both sought remand to Cook County, Illinois.[74, 75]

**The Corboy movants:**   The limited number of Corboy movants don't exhibit the same scope of inconsistencies, inaccuracies, and misstatements as their co-movants, but they are nonetheless problematic. The Corboy movants each filed an original complaint in Cook County, Illinois, against both the NFL and Riddell, which actions the NFL timely and properly removed based on LMRA section 301 preemption. In moving to remand, they all assert the same argument—because they each have settled with and dismissed the NFL, the Riddell defendants cannot rely on LMRA section 301 preemption, and therefore there is no basis for continued federal jurisdiction with respect to the claims against Riddell.[76]

---

[71] (ECF Nos. 9164 & 9165 (movant Dexter Carter's SFC, seeking remand to Los Angeles County Superior Court, and his Motion to Remand, seeking remand to Cook County state court, respectively); ECF Nos. 9236 & 9237 (same as to movant Maurice Hurst).)

[72] (ECF Nos. 9215 & 9121 (movant Troy Hambreck-Grant's SFCs, the former seeking remand to Los Angeles County state court and the latter to the Southern District of New York).)

[73] (ECF Nos. 9389 & 9177 (movant Matthew Dorsett's motions to remand, the former filed by Girardi and the latter filed by Cohen); ECF Nos. 9389 & 9327 (same as to movant Terrelle Smith).)

[74] (*Id.*)

[75] These are far from the only anomalies, inconsistencies, and improprieties across the universe of players moving to remand; there are far more examples not only of those errors referred to above, as well as to many others.

[76] (*E.g.*, Pl.'s Mem. of Law in Supp. of Mot. to Remand, ECF No. 9433.)

However, like their Girardi and Cohen counterparts, the Corboy movants' remand motions ignore numerous facts. For example, they ignore the affirmative jurisdiction allegations in the MAC, AMAC, and now the SAMAC that assert federal jurisdiction based on both CAFA and individual diversity. They ignore that their claims against Riddell were removed originally based on supplemental jurisdiction, and that the Court has continued to exercise that supplemental jurisdiction since 2012. They likewise ignore their own arguments to this Court urging it to keep these cases based on the very same principles—e.g., economy, efficiency, and fairness—that support continued exercise of supplemental jurisdiction.

In addition, the Corboy movants assert that each of their complaints "against Riddell arises solely from state law, and alleges that a helmet manufacturer, Riddell, hid and falsified information regarding CTE and other risks inherent in the game of football," and that they have "sued Riddell, and <u>only</u> Riddell."[77] Yet they ignore that their original complaints have been superseded by the SAMAC, with its pervasive allegations of a sweeping conspiracy and fraud jointly committed by the NFL and Riddell.

In addition, like their Girardi and Cohen counterparts, there are improprieties within the Corboy movants as well. For example, two of them (Cornell and DeLeone) named Riddell in an original complaint, but never filed a SAMAC-SFC pursuant to CMO-4, thereby abandoning their claims. In other words, for those movants, there are no claims left to remand.

## ARGUMENT

The movants all present their motions in overly simplistic, inaccurate, and incomplete fashion, asking the Court to resolve—in generic fashion—the significant and impactful issue of continuing jurisdiction to resolve hundreds of claims the JPML sent here in 2012. They pay no

---

[77] (*E.g.*, Pl.'s Mem. of Law in Supp. of Mot. to Remand 2, ECF No. 9433 (emphasis in original).)

attention to the necessarily individualized nature of jurisdiction analyses, despite their affirmative assertion of this Court's jurisdiction as to their actions individually. They ignore the multitude of procedural improprieties among their mass filings, such as the fact that many of them are not properly plaintiffs in this litigation and have no actions to remand whatsoever. And they ignore numerous key legal bases on which the Court continues to have jurisdiction over their actions (to the extent they had any actions in the first place or continue to have any actions to pursue).

The movants' filings are flawed on multiple grounds. But beyond those grounds individually, the movants' remand request is entirely premature, given that the Court has yet to resolve the dispositive motions practice that is currently underway—including the issue of LMRA section 301 preemption, which by itself provides sufficient basis for federal jurisdiction with respect to the claims against Riddell. At a minimum, this Court has supplemental jurisdiction to resolve those motions, and it should exercise that jurisdiction as to those issues and more, as explained below.

After resolving these motions and determining which (if any) plaintiffs remain and which (if any) claims against which Riddell defendants remain, the Court may then need to consider a renewed motion to sever. Indeed, the plaintiffs themselves highlighted the need for severance by asserting that, in addition to CAFA jurisdiction, the Court additionally has jurisdiction "over the claims of individual plaintiffs" where there is diversity of citizenship between a plaintiff and the remaining defendants—which would require severance to determine.[78] The movants ignore these jurisdiction allegations, along with key facts and applicable law.

The Court has multiple grounds for jurisdiction, as discussed more below. For all these reasons, the Court should deny the movants' motions.

---

[78] (*E.g.*, MAC ¶ 25, ECF No. 83; AMAC ¶ 25, ECF No. 2642; SAMAC ¶ 17, ECF No. 8927.)

I. **The Court has jurisdiction based on the plaintiffs' affirmative assertion of federal subject-matter jurisdiction under CAFA's mass-action provision.**

When an amended complaint filed after removal reveals jurisdiction on another basis from that on which the case was removed, such as diversity of citizenship, the district court has no discretion to remand, even when the claim upon which the case was removed is eliminated.[79] That is exactly the case here.

In arguing a lack of jurisdiction, the Girardi, Cohen, and Corboy movants all ignore the undeniable fact that in 2012, the plaintiffs moved to amend and supersede their original complaints with a master complaint in which they expressly asserted that the Court has jurisdiction over their claims on the basis of CAFA's mass-action provision.[80] The movants further ignore that each subsequent iteration of that master complaint—including the AMAC and most recently the SAMAC—has contained that exact same jurisdiction allegation.[81] The plaintiffs' across-the-board failure to acknowledge—much less, to address—the impact of their invocation of CAFA jurisdiction should dispense with their remand motions entirely. It likewise should bar them from attempting to address this issue in their reply briefs.

To be clear, Riddell has already maintained that these actions are improperly joined, and that they cannot be tried jointly, and it may well renew its previous motion, which was denied as moot. But that is not the point. Indeed, as several courts have recognized, for purposes of invoking CAFA jurisdiction it "does not matter whether a trial covering 100 or more plaintiffs actually ensues; the statutory question is whether one has been proposed."[82] The point is that by their

---

[79] *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006); *see also Gonzalez v. First NLC Fin. Servs.*, 2009 U.S. Dist. LEXIS 131518 (C.D. Cal. Aug. 12, 2009) ("[W]hen a case is removed on the basis of federal question jurisdiction, and the federal claim is eliminated, the district court has discretion to remand the case unless the amended pleading shows diversity jurisdiction.").

[80] (MAC ¶ 25, ECF No. 83.)

[81] (AMAC ¶ 25, ECF No. 2642 & SAMAC ¶ 17, ECF No. 8927.)

[82] *Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 761 (7th Cir. 2008); *see also Visendi v. Bank of America, N.A.*, 733 F.3d 863 (9th Cir. 2013); *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F. Supp. 2d 1312, 1320–22 (M.D. Fla.

affirmative actions in amending their complaints with master complaints to include their CAFA allegation, the plaintiffs invoked this Court's jurisdiction. Thus, while Riddell may again move to sever the plaintiffs' claims, as it is entitled to do under this Court's scheduling order,[83] a joint trial is nonetheless what the plaintiffs themselves affirmatively proposed. And in doing so, they invoked federal jurisdiction.

The MAC, the AMAC, and now the SAMAC are their complaints, crafted with the intent that they would follow the plaintiffs back once these coordinated proceedings are concluded (unless their actions are earlier dismissed). That the movants haven't even attempted to address the impact of these controlling jurisdictional allegations tells the Court all it needs to deny these motions outright. Moreover, given that it is the plaintiffs who assert federal jurisdiction under CAFA, the movants fail to explain why it is Riddell's burden to affirmatively show federal jurisdiction, as the Corboy plaintiffs argue.[84] It is not.

The movants have failed to explain why they believe they may now disavow the jurisdiction allegations under which this litigation has proceeded since 2012. They cannot. The jurisdiction allegations in the controlling master complaints dispenses with the movants' arguments entirely.

## II.    The Court has federal subject matter jurisdiction based on the issue of preemption under LMRA section 301, as shown in Riddell's motion to dismiss on this ground.

The Court also has jurisdiction based on LMRA section 301 preemption with respect to the claims against Riddell. LMRA section 301 provides for not merely a defense, but federal jurisdiction based on complete preemption of a plaintiff's claims that are substantially dependent

---

2008) (finding that district court had removal jurisdiction based on CAFA even if cases are not ultimately tried together); *United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1089 (9th Cir. 2010) (holding that where a district court has subject-matter jurisdiction under CAFA, subsequent denial of class certification does not divest district court jurisdiction).

[83] (Order ¶ 9, ECF No. 8472.)

[84] (Pl.'s Mem. of Law in Supp. of Mot. to Remand 3, ECF No. 9433.)

on, inextricably intertwined with, or require interpretation of a collective bargaining agreement (CBA).[85] Indeed, that was the basis on which the NFL removed originally, and it applies equally with respect to Riddell. This is especially true in light of the amended allegations and claims in the SAMAC, which not only inextricably intertwine the claims against Riddell with the operative CBAs, but also inextricably intertwine Riddell with the NFL as supposed co-conspirators and joint tortfeasors, jointly liable for everything from the helmets provided to players to the warnings and information they received to the medical care they received.[86]

Riddell addresses this preemption issue at length in its contemporaneously filed motion to dismiss, per the Court's May 18, 2017 order,[87] and therefore adopt them by this reference and will not reiterate those arguments here. But the point is that LMRA section 301 preemption provides another basis for federal jurisdiction—one which would have to be resolved *before* proceeding to evaluate any remaining bases for jurisdiction. Indeed, should the Court determine that the plaintiffs' SAMAC claims are all preempted, the result will be dismissal. Only to the extent there are any claims that survive preemption would it be necessary to consider other grounds for continued jurisdiction.

The Girardi movants don't address jurisdiction based on preemption under LMRA section 301 with respect to Riddell. Meanwhile, the Cohen and Corboy movants' attempts to do so miss the mark.

The Cohen movants' arguments, including as shown above, are confused, muddled, and nonsensical, given that they premise their entire argument on attacking removal notices that

---

[85] 29 U.S.C. § 185(a) (codifying section 301(a)); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 220 (1985); *Beidleman v. Stroh Brewery Co.*, 182 F.3d 225, 231–32 (3d Cir. 1999); *Antol v. Esposto*, 100 F.3d 1111, 1117 (3d Cir. 1996).
[86] (*See generally* SAMAC, ECF No. 8927.)
[87] (Order ¶ 7 (providing that Riddell may file "a motion for dismissal on preemption grounds"), ECF No. 7709; *see also* Order ¶ 3 (same), ECF No. 8472.)

Riddell never filed.[88] The problem seems to stem from the fact that the Cohen movants simply copied their motions almost verbatim from an entirely separate case not in this MDL.[89] Regardless, the Cohen movants fail to address either the issue of preemption with respect to the current operative claims as asserted in the SAMAC, or Riddell's pending preemption arguments with respect to those claims. Lacking the necessary case-by-case analysis,[90] the Cohen movants' arguments are worthless.

The Corboy movants suffer from the same flaw, as they wholly fail to address Riddell's preemption arguments with respect to either the SAMAC or as Riddell has presented them in its contemporaneously filed motion to dismiss. For example, the Corboy plaintiffs rely heavily on the *Oliver* ruling from the Northern District of Illinois, calling it a "parallel case."[91] On its face, the cases are not parallel, since, unlike here, the NFL was never a named defendant in *Oliver*. And as Riddell further explains in its motion to dismiss, these cases are significantly different, involving different allegations and claims, which thereby precludes the Corboy movants proposed knee-jerk application here of the result in *Oliver*. Again, the Supreme Court's admonishment that LMRA section 301 requires a "case by case" analysis rejects the Corboy movants' arguments.[92]

To the extent the plaintiffs have attempted—or may attempt—to argue that Riddell cannot assert LMRA section 301 preemption as a basis for federal jurisdiction because it was not asserted in the original removal papers,[93] such an argument fails. As the Girardi movants acknowledge, for

---

[88] (*E.g.*, *generally* Mot. to Remand, ECF No. 9367.)

[89] *See* Mot. to Remand, *Oliver v. Riddell, Inc., et al.*, No. 1:16-cv-4760 (E.D. Ill. May 5, 2016), ECF No. 20.

[90] *Allis-Chalmers Corp.*, 471 U.S. at 220.

[91] (Pl.'s Mem. of Law in Supp. of Mot. to Remand 1 & 4–6, ECF No. 9433.)

[92] *Allis-Chalmers Corp.*, 471 U.S. at 220.

[93] (*See e.g.*, Pls.' Br. in Supp. of Mot to Remand Riddell Actions for Lack of Subject Matter Jurisdiction 2 (referring to LMRA section 301 preemption as the "sole basis for the NFL's removal" and "the only stated basis for federal jurisdiction over the Plaintiffs' claims against Riddell at the time of removal was supplemental jurisdiction"), ECF No. 9410.) Such an argument could only be made, if at all, by those plaintiffs who actually filed an original action that was later removed, and not by the numerous players who never filed any original action or who filed their original action in federal court.

example, the NFL removed the original actions, not Riddell.[94] Riddell only needed to consent—it was not required to assert any separate bases for removal jurisdiction.[95] Nonetheless, as the Girardi movants' appended filings show, Riddell reserved "the right to assert any proper basis to make any arguments and maintain any positions regarding the continued exercise of and additional bases for federal jurisdiction over any or all of this matter, once removed."[96]

LMRA section 301 preemption provides federal jurisdiction. In addition to the fact that there is federal jurisdiction with respect to the claims against Riddell based on preemption, remand would further be inappropriate as it would risk varied and inconsistent rulings on this key issue. For these reasons, the Court should deny remand given the issue of LMRA section 301 preemption.

**III.    The Court likewise has subject-matter jurisdiction by virtue of continuing supplemental jurisdiction, which is properly exercised here, including to advance the same principles of economy, efficiency, and fairness, as the plaintiffs themselves urged.**

The Girardi movants are the only ones to address supplemental jurisdiction, arguing that because the "Court's Amended Final Order and Judgment dated May 8, 2015 . . . dismissed Plaintiffs' claims against the NFL," the Court "no longer has supplemental jurisdiction over Plaintiffs' claims."[97] On its face, this argument is unavailable to those opt-out plaintiffs who claims against the NFL were not dismissed. But more significantly, as to all movants, this argument is legally incorrect.

As numerous courts have held, when a claim arising under federal law that existed at the time of removal is subsequently dismissed, the federal court can exercise supplemental jurisdiction

---

[94] (*Id.* at 2.)

[95] *See Proctor v. Vishay Intertech., Inc.*, 584 F.3d 1225 (9th Cir. 2009) (explaining that a non-removing co-defendant need only consent to removal).

[96] (Ex. B at 3 ¶ 3, ECF No. 9389-4.)

[97] (Pls.' Br. in Supp. of Mot. to Remand Riddell Actions for Lack of Subject Matter Jurisdiction 3, ECF No. 9410.)

to continue to adjudicate the remaining state-law claims.[98] In other words, remand of claims over which a court exercised supplemental jurisdiction upon removal is not compelled by resolution of the claim that originally supported removal.[99] Thus, even putting aside the plaintiffs' affirmative assertion of CAFA mass-action jurisdiction, as well as federal jurisdiction based on LMRA section 301 preemption, the Court still has grounds for continuing federal jurisdiction on the basis of supplemental jurisdiction. Even with respect to those of them who dismissed their claims against the NFL, the movants' categorical assertion that the Court "no longer has supplemental jurisdiction" is simply not correct.

In deciding whether to retain supplemental jurisdiction over state-law claims after the federal question claims have been dismissed, in addition to the other statutory factors in section 1367(c), courts should consider the common law values of economy, convenience, fairness, and comity.[100] While the Girardi movants ignore them, these factors nonetheless weigh in favor of continued exercise of supplemental jurisdiction here.

Primarily, notions of fairness support continued exercise of supplemental jurisdiction. Over its initial objections, but at the plaintiffs' urging,[101] Riddell was included in this MDL back when there were relatively few plaintiffs with claims against it. Riddell initially opposed being sent to an MDL because it had pending motions that should have been resolved first, and because it is well known that an MDL can often spawn more litigation and more claims against a defendant—

---

[98] *E.g.*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990).

[99] *Anderson v. Aon Corp.*, 614 F.3d 361, 364 (7th Cir. 2010) ("[I]f there is federal jurisdiction on the date a suit is removed . . . the final resolution of the claim that supported the suit's presence in federal court does not necessitate remand."); *see also* 28 U.S.C. § 1367(c)  (providing that district courts may continue "to exercise supplemental jurisdiction over a claim even where "the district court has dismissed all claims over which it has original jurisdiction").

[100] *Carnegie-Mellon Univ.*, 484 U.S. at 350; *see also Harrell v. 20th Century Ins. Co.*, 934 F2d 203, 205 (9th Cir. 1991) (stating that "the district court's decision to remand remains discretionary and is dependent upon what will best accommodate the values of economy, convenience, fairness, and comity").

[101] The NFL moved for section 1407 transfer and coordination, and the plaintiffs supported the NFL's motion.

24

which is what happened.[102] Nonetheless, Riddell was included in the coordination and transfer

order and sent to this MDL, where it has been an active litigant—and has been actively litigated

against—since its inception in early 2012.

In urging for section 1407 transfer and coordination before this Court, the plaintiffs told

the JPML that argued that coordination of these actions—including the actions against Riddell—

"before the Honorable Anita B. Brody in the United States District Court for the Eastern District

of Pennsylvania" would "promote judicial economy and effective resolution of these matters."[103]

Having gotten what they wanted with this MDL, the movants should not be heard to disavow their

prior statements.

After this MDL's creation, the plaintiffs continued to advocate for the efficiency, fairness,

and economy of continuing with this litigation here. Indeed, the Court again need look no further

than the plaintiffs themselves, who wrote in late 2012 of the "obvious benefits in efficiency,

fairness, and promotion of judicial economy by litigating these cases before this Court."[104]

The JPML created this MDL with the plaintiffs' urging. They should not now be able to

push Riddell out of it prematurely and before there have even been any decisions on preliminary

motion practice and other benefits from the pre-trial coordination the JPML ordered. Only once

---

[102] (*See* Transfer Order 1, ECF No. 1.)

[103] (*Maxwell & Pear* Pls.' Mem. in Supp. of the NFL's Mot. for Transfer & Coord., MDL 2323, ECF No. 19, at 3; *also* Pls.', Banes, et al., Resp. to Def. Nat'l Football Leagues' [sic] Mot. for Transfer & Coord. or Consol. Pursuant to 28 U.S.C. § 1407 & New Matter, MDL 2323, ECF No. 18, ¶ 4 (J.P.M.L.) ("Transfer of these cases for coordination or consolidation by the Judicial Panel may well be more convenient and/or efficient for the Court and the parties.").)

[104] (Mem. of Pls. in Opp'n to Riddell Defs.' Mot. to Sever 1, ECF No. 4137.) It is unclear to what the plaintiffs then were arguing, as they immediately thereafter added: "The relief sought by Riddell – simultaneous litigation of identical pre-trial issues in dozens of courts in hundreds of individual actions all over the country – is so unwieldy and prejudicial that this Court should deny the Riddell Defendants' Motion outright." (*Id.* at 1–2.) At no point did Riddell in its motion to sever argue that the cases should be de-coordinated for pre-trial proceedings. Riddell's motion merely showed that the plaintiffs' mass-filed claims were misjoined, requiring severance *within this MDL.* In other words, once severed, the individual actions could and should remain coordinated in this MDL. The plaintiffs misconstrued Riddell's motion and mischaracterized its position.

the MDL fulfills its section 1407 purpose and role, and only to the extent any plaintiffs' claims remain, would remand be appropriate.[105]

Continued exercise of supplemental jurisdiction for pre-trial proceedings also comports with the principles of MDL coordination in the first place. Indeed, a transferee court considering remand should consider "whether the case will benefit from further coordinated proceedings as part of the MDL."[106] Once cases like the actions against Riddell are transferred and consolidated under section 1407, remand to the transferor courts is usually inappropriate if continued consolidation will eliminate duplicative discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel, and the judiciary.[107] Everyone involved—the parties, their counsel, and the Court—will benefit from continued coordination of pre-trial proceedings and the resulting conservation of resources. Meanwhile, remand is proper only when all that remains to be done is merely case-specific, and there is "no efficiency or other benefit to be gained from MDL proceedings."[108] That is not the case here, as much remains to be done in these coordinated pre-trial proceedings, including the most immediate issue of resolving the ongoing coordinated motions practice with respect to both the NFL and Riddell.[109]

---

[105] Riddell maintains its position *against* any *Lexecon* waiver, and that the Court should, at the conclusion of coordinated pretrial proceedings, suggest remand to the district from which these actions were transferred, unless they have been previously terminated. 28 U.S.C. § 1407(a).

[106] *In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001); *see also In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977) (discussing when and how transferee judge should file suggestion of remand).

[107] *E.g.*, *In re Aredia & Zometa Prods. Liab. Litig.*, Case No. 3:06-md-1760, 2010 WL 5387695, at *2 (M.D. Tenn. Dec. 22, 2010).

[108] *In re Bank of Am. Home Affordable Modification Program Contract Litig.*, No. 1:10-md-02193, 2014 WL 5310106, at *1 (D. Mass. Aug. 19, 2014) (citations omitted); *see also In re Maxim Integrated Prods., Inc.*, No. 12-945, 2015 WL 1757779 (W.D. Pa. Apr. 17, 2015) (denying motion for suggestion of remand because the case was not trial-ready).

[109] *See, e.g.*, *In re Patenaude*, 210 F.3d 135,144 (3d Cir. 2000) (recognizing that pre-trial proceedings in an MDL include coordinated dispositive motions, such as summary judgment); *Diaz v. Ameriquest Mortg. Co.*, No. 05-cv-7097, 2014 WL 26265, at *2 (N.D. Ill. Jan. 2, 2014) (denying a motion for suggestion of remand where coordinated summary judgment was incomplete).

Additionally, other relevant factors weigh in favor of continued exercise of supplemental jurisdiction (even after the preemption issues are resolved, and to the extent any claims remain), such as the stage of the litigation at the time federal-question claims are dismissed, the amount of judicial resources invested by the district court, the district court's familiarity with the case, the novelty or complexity of the state-law claims, and prejudice to the parties.[110] Indeed, after numerous formal and informal hearings, nearly 10,000 docket entries, and significant motions filed and heard since 2012, this Court is well familiar with this litigation and has invested significant judicial resources—including in particular with respect to the preemption issues and the Court's familiarity with the NFL's CBAs with which the plaintiffs' claims against Riddell are intertwined. Should any of the individual plaintiffs' claims survive preemption, there is nothing particularly novel or complex about them. Rather, they are the type of claims that are often coordinated for MDL treatment.

In addition, the movants also ignore that remand would not dispose of all claims against Riddell in this MDL. There are approximately 265, possibly more, plaintiffs who have *not* sought remand, as to whom litigation would continue in this MDL even were other remanded. Declining to exercise supplemental jurisdiction would therefore only lead to duplicative actions both here and possibly multiple other venues, leading to judicial inefficiency, threatening inconsistent rulings, and unfairly prejudicing defendants whom the plaintiffs brought into this litigation and into this MDL and who have been litigating here since 2012.

---

[110] *See, e.g.*, *Newport Ltd. v. Sears, Roebuck & Co.*, 941 F.2d 302, 308 (5th Cir. 1991) (holding that the district court abused its discretion in remanding state-law claims because those claims presented no novel or especially unusual questions and the litigation in federal court had proceeded for four years and produced twenty-three volumes and thousands of pages of record, resulted in the preparation of a pretrial order exceeding two-hundred pages, over a hundred depositions, and nearly two-hundred-thousand pages of discovery production); *Parsley Petroleum Co. v. Dresser Indus.*, 972 F.3d 580, 587 (5th Cir. 1992) (finding that factors weighed in favor of relinquishing jurisdiction since, among other things, the case was only nine months old, discovery had not been completed, the district court did not have substantial familiarity with case, and the remaining state law issues were "difficult ones").

The Girardi movants' arguments against supplemental jurisdiction miss the mark, largely because they fail to address the issue from the standpoint of a *continuing* exercise of such jurisdiction, and instead erroneously address it from the standpoint of an *initial* exercise of supplemental jurisdiction.[111] For example, the *MCI Telecommunications Corp. v. Teleconcepts, Inc.*[112] case they cite addressed only whether the district court initially had supplemental jurisdiction over certain claims based on federal-question jurisdiction over others. That court was not addressing the question—as the movants present it—of whether a court can or should continue to exercise supplemental jurisdiction once a federal-question claim has been dismissed. The plaintiffs' lone cited case on supplemental jurisdiction, along with their discussion and attempted application of that case here, are misplaced and irrelevant.

The movants likewise misplace their reliance on 28 U.S.C. § 1441(c),[113] which deals only with treatment and disposition of joined federal and state claims upon removal and requires only that, after removal, the court sever and remand only those claims that were "not within original or supplemental jurisdiction of the district court . . . ."[114] That code section is plainly inapplicable. First, these actions are far beyond the removal stage. Second, the movants' position is not that the claims against Riddell were never within the Court's supplemental jurisdiction. Rather, they have argued only that once the claims against the NFL were dismissed by virtue of the NFL settlement, "this Court *no longer has supplemental jurisdiction* over Plaintiffs' claims" against Riddell.[115] Section 1441(c) does not apply. As with their cited case law, the movants' cited code provision is irrelevant.

---

[111] (Pls.' Br. in Supp. of Mot. to Remand Riddell Actions for Lack of Subject Matter Juris. 3–4, ECF No. 9410.)
[112] 71 F.3d 1086 (3d Cir. 2008).
[113] (Pls.' Br. in Supp. of Mot. to Remand Riddell Actions for Lack of Subject Matter Juris. 5, ECF No. 9410.)
[114] 28 U.S.C. § 1441(c)(1)(b) & (c)(2).
[115] (Pls.' Br. in Supp. of Mot. to Remand Riddell Actions for Lack of Subject Matter Juris. 3 (emphasis added), ECF No. 9410.)

Retreating from their oft-repeated jurisdiction allegations in their master complaints, as well as their submissions to the JPML and their oppositions to Riddell's severance filings, the Girardi movants now seem to embrace Riddell's severance positions.[116] Indeed, they even cite to the Court's later-vacated ruling that granted Riddell's severance motion.[117] Far from supporting the movants' jurisdiction arguments, the Court's initial ruling on Riddell's severance motion merely shows that the plaintiffs' claims indeed require severance *from each other*.[118] But that has nothing to do with whether the Court can or should continue to exercise supplemental jurisdiction over those claims. Moreover, as shown below, severance would only provide additional bases for this Court's continued exercise of jurisdiction over these actions.

## IV. The movants ignore that some of them filed original actions in federal court, asserting federal subject-matter jurisdictions, while scores more of these movants never filed any original action anywhere, and there is therefore nowhere to "remand" their improper and non-existent actions.

In addition to numerous other facts and issues the movants ignore, they fail to address that while they all seek remand to state court, many among them filed their claims *in federal court*. In total, 63 of the movants filed at least one complaint in federal court—and therefore necessarily asserted federal jurisdiction as to their claims—although 54 of them later dismissed their federal complaints.[119] Of those 9 who did not dismiss their federal complaints, five filed two complaints each—one in federal court and one in state court.[120] The remaining four movants filed their

---

[116] (*Id.* at 5.)

[117] (*Id.*)

[118] (Order, ECF No. 6706.)

[119] *Allen, et al. v. Nat'l Football League, et al.*, No. 13-cv-6102 (S.D.N.Y.) (2 movants); *Andrews, et al. v. Nat'l Football League, et al.*, No. 12-cv-5633 (S.D.N.Y.) (1 movant); *Baggs, et al. v. Nat'l Football League, et al.*, No. 13-cv-5691 (S.D.N.Y.) (2 movants); *Bukich, et al. v. Nat'l Football League, et al.*, No. 2:16-cv-00863-AB (E.D. Pa.) (dismissed) (1 movant); *Gay, et al. v. Nat'l Football League, et al.*, No. 2:12-cv-01876 (E.D. La.) (1 movant); *Hughes, et al. v. Nat'l Football League, et al.*, No. 2:12-cv-00459-JCZ-SS (E.D. La.) (1 movant); *Simpson, et al. v. Nat'l Football League, et al.*, No. 2:12-cv-01827 (E.D. La.) (1 movant); *Wallace, et al. v. Nat'l Football League, et al.*, No. 2:12-cv-00336-AB (E.D. Pa.) (dismissed) (52 movants); *Williams, et al. v. Nat'l Football League, et al.*, No. 2:13-cv-00164-JTM-KWR (E.D. La.) (1 movant); (Short Form Compl. (ECF No. 6140) (dismissed) (1 movant).)

[120] *Gay, et al. v. Nat'l Football League, et al.*, No. 2:12-cv-01876 (E.D. La.) & *Kuechenberg v. Nat'l Football League, et al.*, Los Angeles County Super. Ct., No. LC097144 (Cal.) (Kenneth Davidson); *Allen, et al. v. Nat'l Football*

29

complaints *only* in federal court.[121] These four movants nonetheless argue that the Court should remand their claims to state court—where they never filed and from which their claims were never removed.

Similarly, there are scores of movants seeking "remand" who never filed *any* original action whatsoever, and who never entered into this MDL through any proper channel.[122] Instead, they have attempted to sneak in a side door by filing only a SAMAC-SFC, and now hope to ride a remand wave back to a jurisdiction where they never filed a lawsuit. For those movants who never properly filed an original complaint, and instead filed only a SAMAC-SFC, the recourse now is not "remand." The only available recourse is that their improper SAMAC-SFCs be stricken, as Riddell explains in its contemporaneously filed motion to dismiss.

The movants don't acknowledge—much less, address—these (and numerous other) irregularities and improprieties. This is largely, if not entirely, because the movants wholly fail to present themselves individually, as they should, and instead treat themselves as one indistinguishable mass, which they clearly are not. Regardless of why the movants have chosen to address such a key issue in such an improper manner, the fact remains that their failure to address their circumstances properly on an individual basis—player by player, complaint by complaint, SFC by SFC—renders their vague and generic remand motions essentially worthless. If nothing

---

*League, et al.*, No. 13-cv-6102 (S.D.N.Y.) & *Sweet, et al. v. Nat'l Football League, et al.*, Los Angeles County Super. Ct. No. BC494568 (Cal.) (Robert Farmer); *Baggs, et al. v. Nat'l Football League, et al.*, No. 13-cv-5691 (S.D.N.Y.) & *Maxwell, et al. v. Nat'l Football League, et al.*, Los Angeles County Super. Ct., No. BC465842 (Cal.) (Reginald Rogers); *Andrews, et al. v. Nat'l Football League, et al.*, No. 12-cv-5633 (S.D.N.Y.) & *Pear, et al. v. Nat'l Football League, et al.*, Los Angeles County Super. Ct., No. LC094453 (Cal.) (Calvin Williams); *Williams, et al. v. Nat'l Football League, et al.*, No. 2:13-cv-00164-JTM-KWR (E.D.L.A.) & *Hudson, et al. v. Nat'l Football League, et al.*, Los Angeles County Super. Ct., No. BC526603 (Cal.) (Roydell Williams).

[121] *Allen, et al. v. Nat'l Football League, et al.*, No. 13-cv-6102 (S.D.N.Y.) (Troy Hambreck-Grant); *Baggs, et al. v. Nat'l Football League, et al.*, No. 13-cv-5691 (S.D.N.Y.) (Mark Washington); *Hughes, et al. v. Nat'l Football League, et al.*, No. 2:12-cv-00459-JCZ-SS (E.D. La.) (Maurice Hurst); *Simpson, et al. v. Nat'l Football League, et al.*, No. 2:12-cv-01827 (E.D. La.) (Dexter Carter).

[122] (ECF Nos. 9142, 9149, 9152, 9155, 9158, 9173, 9182, 9185, 9191, 9194, 9206, 9209, 9224, 9230, 9233, 9248, 9251, 9260, 9263, 9272, 9281, 9287, 9299, 9302, 9305, 9308, 9317, 9353, 9362, 9381, 9366 & 9377.)

else, the motions are entirely premature, as much more would need to be resolved to determine, for example, whether there is also diversity jurisdiction as to individual plaintiffs' actions, as discussed immediately below.

**V.     The movants further ignore their own allegations with respect to diversity jurisdiction, and that when plaintiffs' actions are viewed properly as individual actions, there is likely federal jurisdiction based on diversity.**

The plaintiffs' master complaints have all asserted that "the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1)  over the claims of individual Plaintiffs who are citizens of a state different from the states of citizenship of all Defendants they name in their Short-Form Complaints."[123] The plaintiffs' jurisdiction assertion is consistent with case law holding that when an amended complaint filed after removal reveals jurisdiction on another basis, like diversity of citizenship, the district court has no discretion to remand, even when the claim upon which the case was removed is eliminated.[124]

Numerous other bases exist for continued federal jurisdiction, as explained above. But beyond those, the plaintiffs could never properly seek remand unless and until two major issues were resolved. First, Riddell's contemporaneously filed motions to dismiss on preemption and other grounds would need to be decided (including to dispense with actions improperly filed only by a SAMAC-SFC and other improprieties), to determine which claims by which plaintiffs against which defendants remain. Second, as the plaintiffs themselves suggest, plaintiffs would need to be considered individually, for purposes of evaluating diversity jurisdiction. Only after the Court determines which (if any) claims against which defendants survive dismissal could the parties and the Court properly evaluate the question of diversity jurisdiction as presented by the plaintiffs' longstanding jurisdictional statement.

---

[123] (MAC ¶ 25, ECF No. 83; AMAC ¶ 25, ECF No. 2642; SAMAC ¶ 17, ECF No. 8927.)
[124] *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006).

For example, Girardi plaintiff Donald Frank purports to reside in North Carolina.[125] He is a settlement class member, and therefore has dismissed his claims against the NFL.[126] None of the Riddell defendants is either incorporated or maintains its principal place of business in North Carolina. Therefore, to the extent Donald Frank's claims were to survive dismissal, there would be diversity jurisdiction under 28 U.S.C. § 1332 given the parties' citizenship and his assertion that "the amount in controversy for each Plaintiff exceeds $75,000.00 dollars . . . ."[127] The same goes for Girardi movants Larry Foster, who resides in Louisiana,[128] Alvin Garrett (Alabama),[129] Willie Germany (Maryland),[130] David Gibson (Florida),[131] Rueben Gibson (Georgia),[132] and many, many more—they are all diverse from all Riddell defendants, thereby providing an additional basis for continued federal jurisdiction.

As with so many other issues, the movants ignore diversity jurisdiction—despite their affirmative allegations as to it in their master complaints. The Court need not address this issue now, as there are numerous other bases for continued federal jurisdiction, and there are several motions that would need to be addressed first. But this issue shows that, among other reasons, the movants' motion to remand is woefully premature, and in addition to myriad other reasons, the Court should deny it.

---

[125] (SAMAC-SFC ¶ 6, ECF No. 8667)
[126] *See* NFL Concussion Settlement: Timely Opt Out Requests Containing All Information Required by Section 14.2(a) or Otherwise Approved by the Court (updated Nov. 6, 2017), https://www.nflconcussionsettlement.com/Documents.aspx.
[127] (SAMAC-SFC ¶ 6, ECF No. 8927); *see also* 28 U.S.C. § 1332(a)(1) .
[128] (SAMAC-SFC ¶ 6, ECF No. 8666.)
[129] (SAMAC-SFC ¶ 6, *Cunningham, et al. v. Nat'l Football League, et al.,* No. 2:12-cv-04574-AB, ECF No. 32.)
[130] (SAMAC-SFC ¶ 6, *Kapp, et al. v. Nat'l Football League, et al.*, No. 2:12-cv-04575-AB, ECF No. 93.)
[131] (SAMAC-SFC ¶ 6, ECF No. 8668.)
[132] (SAMAC-SFC ¶ 6, *Sweet, et al. v. Nat'l Football League, et al.*, No. 2:12-cv-07214-AB, ECF No. 127.)

## CONCLUSION

For the foregoing reasons, Riddell respectfully requests the Court to deny the various movants' motions to remand.

Dated: January 19, 2018

Respectfully submitted,

*/s/ Paul G. Cereghini*
Paul G. Cereghini
Thomas C. Howard
BOWMAN AND BROOKE LLP
2901 N. Central Avenue, Suite 1600
Phoenix, AZ  85012
Telephone: (602) 643-2300
Facsimile: (602) 248-0947
paul.cereghini@bowmanandbrooke.com
thomas.howard@bowmanandbrooke.com

Robert L. Wise
Eden M. Darrell
BOWMAN AND BROOKE LLP
901 East Byrd Street, Suite 1650
Richmond, VA  23219
Telephone: (804) 649-8200
Facsimile: (804) 649-1762
rob.wise@bowmanandbrooke.com
eden.darrell@bowmanandbrooke.com

Thomas P. Wagner
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
2000 Market Street, Suite 2300
Philadelphia, PA  19103
Telephone: (215) 575-4562
Facsimile: (215) 575-0856
tpwagner@mdwcg.com

Attorneys for Defendants

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on January 19, 2018, the foregoing Riddell's Consolidated

Brief in Opposition to Various Movants' Motions to Remand was electronically filed and served

via ECF on all counsel of record registered to receive service via the Court's CM/ECF system.

    /s/ Paul G. Cereghini