UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO: INDIVIDUALS, SHORT-FORM COMPLAINTS, AND MOTIONS TO REMAND IDENTIFIED IN EXHIBITS 1 AND 2 TO THE BRIEF IN SUPPORT | Hon. Anita B. Brody |

### RIDDELL DEFENDANTS'[1] BRIEF IN SUPPORT OF MOTION TO STRIKE THE SHORT-FORM COMPLAINTS AND MOTIONS TO REMAND OF THOSE ASSERTING CLAIMS FOR THE FIRST TIME AGAINST THE RIDDELL DEFENDANTS

Eighty-five individuals filed short-form complaints (SAMAC-SFCs) in this MDL in December 2017 against the Riddell defendants even though those individuals have no pending actions against any Riddell defendant in this MDL or anywhere else.[2] All but ten of these individuals also filed motions to remand their claims against the Riddell defendants, even though they have no valid pending claims against a Riddell defendant.[3] These individuals' filings are in

---

[1] For convenience only, "the Riddell defendants" refers collectively to the following defendants: Riddell, Inc., All American Sports Corporation, Riddell Sports Group, Inc., BRG Sports, Inc. (f/k/a Easton-Bell Sports, Inc.), BRG Sports, LLC (f/k/a Easton-Bell Sports, LLC), EB Sports Corp., and BRG Sports Holdings Corp. (f/k/a RBG Holdings Corp.). The plaintiffs have amended the case style to reflect the new entity names for the entities previously known as Easton-Bell Sports, Inc. and Easton-Bell Sports, LLC. The plaintiffs also, in what appears to be a typographical error, refer to the "formerly known as" entity for BRG Sports Holdings Corp. as "BRG Holdings Corp." The former entity name was actually RBG Holdings Corp. Riddell has no objection to amending the case style to reflect the new entity names identified in this footnote.

[2] These individuals are listed on Exhibit 1 to this motion. One of these plaintiffs, Randy Hymes, previously filed a short-form complaint naming Riddell in 2014. (ECF No. 6140.) However, that SFC was improper, as he never filed an underlying complaint in a transferor court, and he subsequently dismissed his claims. (*See* Notice of Voluntary Dismissal, Sept. 5, 2014, ECF No. 6158.) Therefore, he is included on the list of plaintiffs filing claims against Riddell defendants for the first time in SAMAC-SFCs, and like the other plaintiffs, his SAMAC-SFC should be stricken, and to the extent there is anything to dismiss, his claim should be dismissed.

[3] The 75 individuals who filed SAMAC-SFCs even though they have no pending claims against a Riddell defendant and who moved to remand are listed on Exhibit 2.

violation of this Court's orders and improper under the law governing transfer of actions to MDLs. Thus, their filings should be stricken.

On October 24, 2017, this Court issued an order providing that "individual Plaintiffs who wish to *proceed with their claims* against any of the Riddell Defendants must each file [SAMAC-SFCs] . . . on both the [master] docket and the applicable underlying docket for the given action on or before December 4, 2017."[4] The Court's order allowed plaintiffs who already had pending claims in this MDL to file amended short-form complaints with respect to the plaintiffs' second amended master administrative complaint (SAMAC).

The Court's order, on its face, pertained to existing plaintiffs only, and did not allow the assertion of claims against the Riddell defendants for the first time after this MDL has been pending for more than five years. The SAMAC-SFCs of these filers are in violation of the Court's case management order, and should be stricken as improper for this reason alone.[5]

Moreover, a transfer of any action to this MDL must be made by the JPML.[6] Thirty-nine of the 85 claimants have no pending claims in this MDL against any defendant. In other words, they were not part of any case against the NFL in this MDL. These 39 claimants cannot join this MDL for the first time by filing a SAMAC-SFC. Their SAMAC-SFCs should be stricken for this reason as well.

---

[4] (Order ¶ 2 (emphasis added), ECF No. 8472.)
[5] (*See* Order ¶ 2, ECF No. 8472); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006) (affirming MDL district court's dismissal of claims of plaintiffs who did not comply with case management order); *Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 284 F.R.D. 238, 243 (E.D. Pa. 2012) ("The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." (citations omitted)).
[6] *See* 28 U.S.C. §1407(a) ("transfers shall be made by the judicial panel on multidistrict litigation"); *see also* (Order ¶ 2 (requiring SAMAC-SFC filers to file "on both the [master] docket and the applicable underlying docket for the given action"), ECF No. 8472.) And most of these plaintiffs are moving to remand to a different venue and none have asserted grounds for venue here.

Because the attempt to assert claims against the Riddell defendants is improper, the motions to remand filed by 75 of these individuals is also improper. Moreover, for the 33 of those moving to remand who never filed a complaint in any court against any defendant,[7] there is nothing to remand and nowhere to which to remand their claims.

For these reasons, the Riddell defendants respectfully request the Court strike the SAMAC-SFCs for individuals listed on Exhibit 1, strike the motions to remand for those listed on Exhibit 2, and to the extent there is anything to dismiss, that the Court dismiss their claims against the Riddell defendants.

Dated: January 19, 2018                     Respectfully submitted,

*/s/ Paul G. Cereghini*_____
Paul G. Cereghini
Thomas C. Howard
BOWMAN AND BROOKE LLP
2901 N. Central Avenue, Suite 1600
Phoenix, AZ  85012
Telephone:  (602) 643-2300
Facsimile:  (602) 248-0947
paul.cereghini@bowmanandbrooke.com
thomas.howard@bowmanandbrooke.com

Robert L. Wise
Eden M. Darrell
BOWMAN AND BROOKE LLP
901 East Byrd Street, Suite 1650
Richmond, VA  23219
Telephone:  (804) 649-8200
Facsimile:  (804) 649-1762
rob.wise@bowmanandbrooke.com
eden.darrell@bowmanandbrooke.com

. . .

. . .

---

[7] Some plaintiffs filed complaints against the NFL.

3

Thomas P. Wagner
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
2000 Market Street, Suite 2300
Philadelphia, PA  19103
Telephone: (215) 575-4562
Facsimile: (215) 575-0856
tpwagner@mdwcg.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 19, 2018, the foregoing Riddell Defendants' Brief in Support of Motion to Strike the Short-Form Complaints and Motions to Remand of Those Asserting Claims for the First Time Against the Riddell Defendants was electronically filed and served via ECF on all counsel of record registered to receive service via the Court's CM/ECF system.

                                                          /s/ Paul G. Cereghini