UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>      Plaintiffs,<br><br>      v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>      Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**[PROPOSED] ORDER**

AND NOW, this _____ day of _____, 2018, upon consideration of Co-Lead Class Counsel's Motion for an Order (1) prohibiting the Cambridge Entities[1] from seeking repayment of

---

[1] The "Cambridge Entities" or "Cambridge" include the following: Cambridge Capital Group, LLC; Cambridge Capital Advisors LLC; Cambridge Capital Partners, LP; Cambridge Capital Group Equity Option Opportunities, LP; Cambridge Capital Holdings; Cambridge Capital Funding, Inc.; Your Case, LLC; and their present and former directors, officers, partners, employees, contractors, agents, consultants, affiliates, successors and assigns, including, but not limited to Addys Walker, Gail Milon, and Phillip T. ("Tim") Howard.

advances to Class Members related to assignment agreements through means other than those identified in the Court's December 8, 2017 Explanation and Order [ECF No. 9517] ("Explanation and Order") and from spreading misinformation concerning the Explanation and Order; (2) requiring corrective disclosures; (3) compelling production by the Cambridge Entities of all documents relating to Class Members' retirement funds being held by them and accountings as to such funds; and (4) directing the Cambridge Entities to return to Class Members their retirement funds held as collateral related to assignment agreements, along with earnings and interest thereon ("Motion"),

    IT IS ORDERED that Co-Lead Class Counsel's Motion be, and hereby is, GRANTED, and it is further ORDERED as follows:

    1.    The Cambridge Entities shall forthwith cease and desist from spreading misinformation that this Court's Explanation and Order – which held that any putative agreements assigning Class Members' monetary awards under the Settlement that this Court approved on April 22, 2015 [ECF Nos. 6481-1, 6509] are void, invalid and of no force and effect – permits the Cambridge Entities or any other Third-Party Funders to seek repayment forthwith from the Class Members to whom funds were advanced.

    2.    The Cambridge Entities shall forthwith cease and desist from misrepresenting the specific circumstances the Court set forth under which repayment of monies advanced by Third-Party Funders to Class Members could be recouped *from the Claims Administrator*.  To be clear, the Explanation and Order allows a Third-Party Funder to recoup monies advanced pursuant to purported assignment agreements (without interest) only if both of the following occurs:

        a.    The Third-Party Funder signs a waiver accepting rescission of the assignment agreement; and

      b. The Class Member is awarded a monetary award from which the Claims Administrator would be capable of withholding the amount of the advanced funds for repayment to the Third-Party Funder by the Claims Administrator.

3. The Cambridge Entities shall produce to Class Counsel within ___ days of the date of this Order, any and all documents related to retirement monies that Cambridge has received from Class Members.

4. The Cambridge Entities shall produce to Class Counsel, to each involved Class Member, and to the Court, under seal, the accounting of the retirement funds provided to Cambridge by each Class Member, within ___ days of the date of this Order.

5. Within ___ days of the date of this Order, the Cambridge Entities shall return to each Class Member all retirement funds to the extent an agreement deems the retirement funds to be held as collateral for advances under assignment agreements. The retirement funds to be returned shall include earnings and interest, and no deduction or offset shall be taken for monies advanced pursuant to the void assignment agreements. At least ___ days in advance thereof, Cambridge shall provide the Class Members with the option to have the retirement monies transferred as an Individual Retirement Account rollover directly to another financial institution.

6. As a corrective disclosure, Co-Lead Class Counsel shall provide a copy of this Order to each Class Member involved who can be identified from the documents to be produced by Cambridge in accordance with paragraph 3.

                                              _____
                                                Anita B. Brody
                                                United States District Judge