UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY
LITIGATION                                                                                          MDL No. 2323


**TRANSFER ORDER**


**Before the Panel:**[*] Plaintiff in the action listed on Schedule A (*Hernandez*) moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to MDL No. 2323. The NFL defendants[1] and the Riddell defendants[2] oppose the motion to vacate.

The actions in MDL No. 2323 involve allegations that the NFL defendants are liable for injuries sustained while plaintiffs were playing professional football, including damages resulting from the permanent long-term effects of concussions. In general, plaintiffs allege that the NFL defendants failed to warn and protect NFL players against the long-term brain injury risks associated with football-related concussions and to regulate the sport so as to minimize the risk of such long-term injuries. *See In re: Nat'l Football League Players' Concussion Injury Litig.*, 842 F. Supp. 2d 1378 (J.P.M.L. 2012). Many plaintiffs also allege that Riddell is liable in connection with the sale and manufacturing of football helmets. In opposing inclusion of her action in MDL No. 2323, plaintiff argues, *inter alia*, that her action is unique, and that the procedural posture of MDL No. 2323 weighs against centralization. She also asks the Panel to delay hearing her motion to vacate in order to allow the transferor court to rule on her pending remand motion.

After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2323, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the MDL No. 2323 actions, the *Hernandez* action involves allegations that defendants are liable for, *inter alia*, failing to warn and protect players from the long-term risk of concussions, which plaintiff alleges resulted in the decedent suffering from Chronic Traumatic Encephalopathy (CTE).

---

[*] Judge Lewis A. Kaplan and Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] National Football League, National Football League Foundation, and NFL Properties LLC.

[2] Riddell, Inc.; All American Sports Corp.; BRG Sports Holding Corp.; BRG Sports, Inc.; BRG Sports, LLC; EB Sports Corp.; and Riddell Sports Group, Inc.

-2-

Plaintiff alleges *Hernandez* is unique because (1) she is not a member of the settlement class in MDL No. 2323; (2) she brings an independent, non-derivative claim for loss of consortium; and (3) this case does not concern an alleged NFL-football-related injury because plaintiff's claims are based on defendants' conduct over the entirety of the decedent's life. We find these arguments unpersuasive. Defendants dispute whether plaintiff is a settlement class member, and the issue will require interpretation of the MDL No. 2323 settlement agreement—a task most properly suited to the transferee court, which approved the settlement. Additionally, the Panel has held that the presence of "differing legal theories is not significant where, as here, the actions still arise from a common factual core." *In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014). Plaintiff asserts that her consortium claim is unique, but her claim, like those in MDL No. 2323, is based on theories of negligence and fraud, and rests upon allegations very similar to those made by MDL plaintiffs. Though plaintiff's allegations include a period longer than the decedent's time playing professional football, they cover the period he played in the NFL. She alleges the decedent played in the NFL from 2010 through the 2012-2013 season and subsequently was diagnosed with CTE allegedly caused by "repetitive subclinical and clinical blows to the head" while playing football. *Hernandez* Compl. at ¶ 348. Furthermore, plaintiff's allegations of a long-running conspiracy among the Riddell and NFL defendants to conceal the link between repetitive head trauma and chronic brain damage are mirrored in the Second Amended Master Administrative Long-Form Complaints recently filed in MDL No. 2323. *Hernandez*, therefore, shares questions of fact with the MDL No. 2323 actions, and discovery will overlap concerning defendants' knowledge regarding the alleged link between repetitive head trauma and chronic brain damage and their participation in the Mild Traumatic Brain Injuries Committee.

Plaintiff argues that MDL No. 2323 is now focused on the class settlement rather than on what plaintiff characterizes as few pending opt-out actions. But there are dozens of opt-out actions still pending in the transferee court, and they are no further advanced than *Hernandez*. The MDL parties currently are briefing motions to dismiss and motions for remand to state court. These motions concern the same jurisdictional issues involved in the remand motion pending in *Hernandez*, specifically, whether plaintiffs' claims will require interpretation of collective bargaining agreements between the NFL and its players and, relatedly, whether their claims are preempted by Section 301 of the Labor Management Relations Act. Transfer will encourage consistent rulings on these issues and lead to the just and efficient conduct of the actions.

Finally, the Panel consistently has rejected jurisdictional challenges as a basis for delay or vacatur, as plaintiff can present her jurisdictional arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-3-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Anita B. Brody for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

| Charles R. Breyer | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY
LITIGATION**  MDL No. 2323

## SCHEDULE A

<u>District of Massachusetts</u>

HERNANDEZ v. NATIONAL FOOTBALL LEAGUE, ET AL., C.A. No. 1:17-12244