UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION <br><br> ---------------------------------------------------------- <br><br> **Plaintiffs' Reply to Riddell Defendants' Motion to Strike the Short-Form Complaints and Motions to Remand** | No. 2:12-md-02323 - AB <br><br> MDL No. 2323 <br><br> Hon. Anita B. Brody <br><br> **PLAINTIFFS' REPLY TO RIDDELL DEFENDANTS' MOTION TO THE SHORT-FORM COMPLAINT AND MOTIONS TO REMAND** <br><br> IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFFS' RESPONSE BRIEF TO RIDDELL DEFENDANTS' MOTION TO STRIKE THE SHORT-FORM COMPLAINT AND MOTIONS TO REMAND

Plaintiffs, WAYNE and GARLAND RADLOFF, by and through their attorneys, CORBOY & DEMETRIO, P.C., respectfully submit this reply to Riddell Defendants' Motion to Strike Short Form Complaints and Motions to Remand. In support, Plaintiffs state:

This Honorable Court's Order, issued on October 24, 2017, stated that "individual Plaintiffs who wish to proceed with their claims against any of the Riddell Defendants must each file an individual Short Form Complaint." (*See* ECF No. 8472.) Defendants now move to strike certain Plaintiffs' Short-Form Complaints. (*See* ECF No. 9573.) Defendants assert that the October 24, 2017 Order was implicitly limited to only those Plaintiffs who had previously named Riddell as Defendants in prior pleadings. The language in the Order was not that narrow.

Defendants claim that the purpose of a motion to strike is to "clean up the pleadings, streamline the litigation, and avoid unnecessary forays into immaterial matters." *Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 284 F.R.D. 238, 243 (E.D. Pa. 2012). However, the

entirety of individual Plaintiffs' claims are not "immaterial matters" subject to being stricken. Furthermore, a motion to strike is generally viewed with disfavor and should be used sparingly. *Weed v. Ally Fin. Inc.*, No. 11-2808, 2012 U.S. Dist. LEXIS 89713 (E.D. Pa. 2012).

According to the plain language of the Court's October 24, 2017 Order, Plaintiffs in the above captioned case who "wish[ed] to proceed" with claims against Riddell were to file individual Short-Form Complaints. Defendants now move to strike. These Plaintiffs desired to preserve their ability to pursue a claim against Riddell Defendants and did not want, in any way, to be precluded.

In an effort to comply with the Court's Order, these Plaintiffs filed Short-Form Complaints against Defendants. (*See* ECF No. 8472.) Certainly, these Plaintiffs could file separate complaints, should the Court order them to do so. Until then, striking these Short-Form Complaints is not appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter an Order denying Defendants' Motion to Strike the Short-Form Complaints and Motions to Remand.

Respectfully submitted,

*/s/ William T. Gibbs*

Thomas A. Demetrio
William T. Gibbs
Corboy & Demetrio, P.C.
Attorneys for Plaintiffs
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
I.D. No. 02329

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 2, 2018, the foregoing Motion to Strike the Short-Form Complaints and Motions to Remand of Those Asserting Claims for the First Time Against the Riddell Defendants was electronically filed and served via ECF on all counsel of records registered to receive service via the Court's CM/ECF system.

*/s/ William T. Gibbs*