# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>      Plaintiffs,<br><br>      v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>      Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## CO-LEAD CLASS COUNSEL'S RESPONSE TO MOTION OF CRAIG R. MITNICK TO COMPEL NEGOTIATIONS <u>RESPECTING PETITION FOR AWARD OF COMMON BENEFIT FEES</u>

Co-Lead Class Counsel ("Class Counsel") respectfully submits this response to the January 26, 2018 motion of Craig R. Mitnick for an order compelling all common benefit fee award claimants to engage in negotiations (ECF No. 9577).

Class Counsel does not question Mr. Mitnick's sincerity – notwithstanding his shifts in position[1] – in proposing that an effort be made at a possible amicable resolution of the common benefit petition, but the Court should reject the suggestion of compulsory negotiations at this late stage for several reasons.

*First*, the timing of the motion and the near certainty of delay are problematic. Forced negotiations at this juncture would only further hold up the adjudication of the fee petition given the huge chasm between Class Counsel's recommendations and fee claimants' positions (as discussed below). In this respect, Mr. Mitnick does not explain why he waited until now to ask the Court to order negotiations. Class Counsel submitted his proposed fee allocation back on October 10, 2017 (ECF No. 8447); the deadline for responses thereto was October 27, 2017 (ECF No. 8448); and Class Counsel filed his omnibus reply on November 17, 2017 (ECF No. 8934). It is rather late – almost one year after Class Counsel filed his fee petition and long after the completion of briefing on both the underlying fee petition itself and the recommended fee allocations – to suddenly order rival fee claimants to the bargaining table.

---

[1] Mr. Mitnick initially filed a counter-declaration, taking issue with Class Counsel's proposed allocation of common benefit fees to him (ECF No. 8653), but soon thereafter withdrew his objection (ECF No. 8917). In that withdrawal, he urged those disputing Class Counsel's recommended allocation to "give food for thought" to his withdrawal, "given the substantial work primarily done by [Class Counsel] and his firm and the benefit it has had on the class of retired players and all attorneys involved" (*id.*). It appears that Mr. Mitnick now believes that Class Counsel should forego his recommendations and, instead, bargain with the numerous fee claimants.

Moreover, even if a consensus could be achieved as to a proposed *allocation* of common benefit fees (which is unduly optimistic, for the reasons explained below), the Court would still need to rule on the threshold objections to the petition for an award of common benefit fees and reimbursement of expenses from the Attorneys' Fees QSF, as well as address the objections to the requested set-aside from monetary awards.  Thus, putting aside that the motion sidesteps the fact that it is up to *the Court* to make a determination on the issues of (a) what total in common benefit fees will be awarded, (b) the allocation of those fees among the firms, and (c) the requested holdback, negotiations will not obviate the need for an adjudication of the fee petition.

*Second*, negotiations are not likely to be productive.  Many claimant firms have taken positions that are so wildly at odds with Class Counsel's allocation recommendations – and even with each other – that talks would have little prospect of bearing fruit.  The claimant firms include both counsel for a number of objectors and counsel who performed some measure of common benefit work but who objected to Class Counsel's recommended fee allocation.  Most claimant firms have views concerning their contributions to the result achieved for the Class that sharply diverge from Class Counsel's and in many cases from each other's – and some disputed Class Counsel's contributions.  Class Counsel has no desire to rehash those disputes in this brief response.  Rather, the salient point here is that there are simply too many fee claimants, most of whom are poles apart, either as to their very entitlement to fees or as to the value of their contributions, for negotiations to be worthwhile at this point.

*Third*, given its timing, the motion wrongly upends the process.  The Court requested that Class Counsel make a recommended allocation, afforded other firms the opportunity to weigh in with counter-declarations, and allowed Class Counsel to file an omnibus reply (ECF Nos. 8367, 8448, 8900).  The motion undermines that Court-ordered process and the work done thus far by

essentially suggesting that everything done to date be set aside in favor of the faint hope of hammering out a deal through haggling. The integrity of the process, though, needs to be maintained and respected, and at some point the fee petition has to receive a judicial resolution. For that to happen, the lawyers need to stop quibbling, whether on paper or at the bargaining table. This MDL has been pending since 2012, and much common benefit work has been performed – above all by Class Counsel's firm. Moreover, the fee petition is already well down the path to a ruling, and enough has been said and done in connection with it. The Court has already concluded as much, at least implicitly, in denying certain firms' motions to file sur-replies to Class Counsel's fee allocation reply declaration (ECF No. 9508).

Now that the Court has received Professor Rubenstein's Report and reply in support thereof (which address the interrelated set-aside issue) – as well as, respectively, responses and sur-replies thereto – it is appropriate that the fee proceedings finally come to a close inasmuch as firms that have performed common benefit work since the inception of the MDL have yet to be paid a dime.

For all of these reasons, the Court should deny the motion.[2]

Date: February 6, 2018

        Respectfully submitted,

        */s/ Christopher A. Seeger*
        Christopher A. Seeger
        SEEGER WEISS LLP
        77 Water Street
        New York, NY 10005
        Telephone: (212) 584-0700
        cseeger@seegerweiss.com
        ***CO-LEAD CLASS COUNSEL***

---

[2] In the alternative, if the Court is at all inclined to direct the claimant firms to enter into formal talks, such negotiations should be kept on a very short tether in order to avoid discussions from dragging out and unduly prolonging the resolution of the fee petition.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's ECF system on February 6, 2018.

*/s/ Christopher A. Seeger*
Christopher A. Seeger