UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO: INDIVIDUALS, SHORT-FORM COMPLAINTS, AND MOTIONS TO REMAND IDENTIFIED IN EXHIBITS 1 AND 2 TO THE BRIEF IN SUPPORT, AND EXHIBIT A TO THIS REPLY | Hon. Anita B. Brody |

**REPLY IN SUPPORT OF MOTION TO STRIKE THE SHORT-FORM COMPLAINTS AND MOTIONS TO REMAND OF THOSE ASSERTING CLAIMS FOR THE FIRST TIME AGAINST THE RIDDELL DEFENDANTS[1]**

In moving to strike the second amended short-form complaints (SAMAC-SFCs) and motions to remand, Riddell showed that 85 individuals were attempting to violate the Court's October 24, 2017 order as well as rules governing this multidistrict litigation (MDL) and transfer of actions by attempting to initiate claims against Riddell for the first time through SAMAC-SFCs. In response, many of those individuals[2]—represented by two plaintiffs' firms[3]—now argue that

---

[1] For convenience only, "the Riddell defendants" and "Riddell" refers collectively to the following defendants: Riddell, Inc., All American Sports Corporation, Riddell Sports Group, Inc., BRG Sports, Inc. (f/k/a Easton-Bell Sports, Inc.), BRG Sports, LLC (f/k/a Easton-Bell Sports, LLC), EB Sports Corp., and BRG Sports Holdings Corp. (f/k/a RBG Holdings Corp.). The plaintiffs have amended the case style to reflect the new entity names for the entities previously known as Easton-Bell Sports, Inc. and Easton-Bell Sports, LLC. The plaintiffs also, in what appears to be a typographical error, refer to the "formerly known as" entity for BRG Sports Holdings Corp. as "BRG Holdings Corp." The former entity name was actually RBG Holdings Corp. Riddell has no objection to amending the case style to reflect the new entity names identified in this footnote.

[2] Nine individuals did not oppose the Riddell defendants' motion to strike: David Boyd, Hurles Scales, Carl Eller, Albert Dixon, George Edward Cumby, Eddie Lee, Byron Williams, Todd McMillon (represented by Rose Law Group PC), and Benjamin Utecht (represented by Guardian Law Group, LLC). The Court therefore should summarily grant Riddell's motions as to them. E.D. Pa. Civ. R. 7.1 (c) (providing that uncontested motions generally should be granted); *see also New Jersey v. RRI Energy Mid-Atl. Power Holdings, LLC*, No. 07-CV-5298, 2010 WL 3958777, at *11 (E.D. Pa. Sept. 30, 2010) (granting as unopposed under Local Rule 7.1(c) portions of motion to strike affirmative defenses to which the plaintiffs failed to respond).

[3] Corboy & Demetrio, P.C., on behalf of Wayne and Garland Radloff (Gibbs individuals) (ECF No. 9593), and Ron Cohen, on behalf of 75 individuals (Cohen individuals) (ECF No. 9594).

the Court's order should be interpreted to allow their filings. In so doing, however, they ignore the law, the procedural history of this MDL, and even the plaintiffs' leadership's own filings and positions, which are binding on them.

The law and facts show that Riddell's motions are well taken, and that these individuals have no valid basis to assert claims for the first time by filing SAMAC-SFCs or for moving to remand. These individuals' curt oppositions lack merit and fail to show how the SAMAC-SFCs are procedurally proper. Indeed, they are not.

First, the oppositions fail to demonstrate that this Court's October 24 order requiring SAMAC-SFCs by a certain date after the SAMAC filing allowed anyone to join in the claims against Riddell for the first time. The plain language of the order is inconsistent with that interpretation. Second, given that the plaintiffs never requested leave to add new parties, and the Court never granted that relief, the order requiring filings in support of the SAMAC—on which those opposing the motion to strike rely upon as authority for their filings—could not allow relief that was never granted or even requested. Third, the oppositions fail to explain how individuals attempting to join this MDL for the first time, and who have no pending complaints against Riddell anywhere, can circumvent federal statutes that provide the proper mechanisms for transfer of actions into this MDL.

The Court should quickly dispense with the arguments of those attempting to bring claims against Riddell for the first time, and grant the motion to strike.

# ARGUMENT

**I.    The argument that the Court's October 24, 2017 order allowed individuals who never previously asserted claims against Riddell to assert them for the first time through SAMAC-SFCs not only finds no support in that order, but is contrary to the procedural history of this MDL, as well as the rules governing it.**

Both the Gibbs and Cohen individuals rest their oppositions solely on essentially the same argument—that the Court's October 24, 2017 order providing dates certain for the "individual plaintiffs who wish to proceed with their claims against any of the Riddell Defendants" to file SAMAC-SFCs allowed individuals who had *never* asserted a claim against any Riddell defendant to do so for the first time simply by filing a SAMAC-SFC.[4]  They are incorrect for several reasons.

First, the plain language of the Court's order was that "individual *Plaintiffs* who wish *to proceed* with *their claims* against any of the Riddell defendants *must*" file SAMAC-SFCs by the December 4, 2017 deadline.[5]  By its clear content, this language was not an open invitation for all comers to sue Riddell. Rather, it was a mandate that those individuals who had previously asserted claims against Riddell and who wished to proceed with "their claims" must file a SAMAC-SFC by the December 4, 2017 deadline, with the clear implication that their failure to do so would subject their claims to dismissal.[6]

Second, Riddell's interpretation of this Court's order—which was entered after the Court granted the plaintiffs leave to file their SAMAC—is further shown accurate—and the Gibbs and Cohen individuals' interpretation is further rejected—by the history of the SAMAC. In particular, in moving for leave to file the SAMAC and SAMAC-SFCs, the plaintiffs' leadership stated their intention was "to secure the rights of all plaintiffs who continue to maintain claims against Riddell

---

[4] (*Generally* ECF Nos. 9593, 9594.)
[5] (ECF No. 8472 ¶ 2 (emphasis added).)
[6] (*Id.*); *see also, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006) (affirming MDL district court's dismissal of claims of plaintiffs who did not comply with case management order).

Defendants after the Class Action Settlement was entered into with the NFL Defendants . . . ."[7] They further wrote "Plaintiffs continue to have claims they wish to pursue against" the Riddell defendants.[8] The MDL plaintiffs' own plain language confirms that their amendment was only ever intended to allow those individuals who were already plaintiffs with claims asserted against Riddell to "continue" to pursue those claims. The motion for leave never sought to allow individuals with no existing claims against Riddell to initiate such claims for the first time.

The MDL plaintiffs' brief in support of their motion for leave further evinced the narrow intent of their proposed amendment. For example, in arguing for their amendment, the plaintiffs asserted that "Plaintiffs wish to bring forth pleadings that adequately and specifically address their individual claims against Riddell Defendants," and they characterized their proposed amendment as merely an effort to "reconcile the Plaintiffs' allegations, claims, and theories of recovery against Riddell Defendants that remain centralized in this MDL . . . ."[9] They further argued they would be merely "supplementing the previous Amended Complaint's claims by providing additional *factual support* about the conduct being alleged and by describing the harm caused to each individual Plaintiff."[10]

In short, the MDL plaintiffs presented their motion to amend as a mere supplementation of facts by those who were already pursuing existing claims against Riddell. Nowhere in either their motion or their supporting brief did they mention anything about allowing plaintiffs in this MDL who had never previously asserted claims against Riddell to do so by filing a SAMAC-SFC. And there was absolutely nothing mentioned in either their motion or their brief about allowing individuals who were *never* plaintiffs in this litigation whatsoever to join it merely by filing a

---

[7] (ECF No. 7762 at 1.)
[8] (*Id.* ¶ 4.)
[9] (ECF No. 7762-1 at 2.)
[10] (*Id.* at 5.)

SAMAC-SFC. If the plaintiffs intended by their motion to amend to allow new individuals to assert claims against Riddell, then they needed to both request that relief and show how it would comport with Rule 15 and the standard governing amendments. They did neither.

Thus, the Court's October 24, 2017 order requiring those plaintiffs who wished to proceed with their claims against Riddell to file SAMAC-SFCs by December 4, 2017 was clearly limited to those with pending claims against Riddell. In other words, the Court did not grant any relief through its October 24 order not requested by the plaintiffs' motion for leave to file the SAMAC, or the Court's order granting leave to file the SAMAC.[11]

Moreover, there is no plausible argument that the Court's October 24 order allowed filing of SAMAC-SFCs by individuals who were not part of this MDL, as 34 of the Cohen individuals[12] have done here. The order required existing Riddell plaintiffs who wished to proceed with claims against Riddell to file SAMAC-SFCs "on both the 2:12-md-2323 docket and the applicable underlying docket for the given action."[13] These 34 individuals have never been part of this MDL and they have no underlying dockets. Thus, the Court's order could not be interpreted to allow individuals such as these to join the MDL merely by filing a SAMAC-SFC, because those individuals would be incapable of even complying with the order.

Third, for the 34 individuals who are attempting to join this MDL through SAMAC-SFCs, their filings should be stricken for the additional reason that they have not followed the proper statutory procedure for joining this MDL, and they fail to even address this issue in their oppositions. Transfers to this MDL must be made by the Judicial Panel on Multidistrict Litigation

---

[11] (October 12, 2017 Order, ECF No. 8451.)
[12] This number refers to the individuals who are attempting to join the MDL through their SAMAC-SFCs and who opposed the Riddell defendants' motion to strike. (*See* Ex. A.)
[13] (Order ¶ 2, ECF No. 8472.)

(JPML).[14] Even potential tag-along actions brought in the transferee court must request assignment of the actions to the Section 1407 transferee judge in accordance with JPML rules.[15] There is no procedure under the federal rules for allowing new individuals to join this MDL through SAMAC-SFCs. The Cohen opposition fails to show otherwise or to explain how individuals with no pending action in any court, no underlying complaint, and no service or summons, can join this MDL simply by filing SAMAC-SFCs on this Court's docket. Indeed, they cannot.

For these reasons, the SAMAC-SFCs of those individuals listed on Exhibit A to this reply brief should be stricken.

II. **The oppositions include confusing assertions that are entirely irrelevant to their arguments.**

The Cohen opposition also makes confusing statements that are irrelevant to whether their filings are procedurally proper. For example, the opposition states that the former players "are members of the class that reached a class settlement with the National Football League," and that the "Riddell Defendants were not released parties" under the terms of the settlement.[16] This point is entirely irrelevant to whether they can file claims against Riddell for the first time by filing SAMAC-SFCs in this MDL. Riddell is not the subject of a class action by these MDL plaintiffs. The fact that these are NFL players who are members of the NFL class action has no bearing on whether they have previously asserted claims against Riddell or whether they should be permitted to sue Riddell for the first time through a SAMAC-SFC.

---

[14] 28 U.S.C. §1407(a).
[15] JMPL R. 7.2(a).
[16] (ECF No. 9594 ¶¶ 2, 4.)

**III.   Those moving to remand concede that their motions to remand are improper by withdrawing them, and fail to explain how withdrawal saves their improper SAMAC-SFCs.**

The Cohen opposition also asserts that "certain Plaintiffs hereby withdraw the Motion to Remand filed on their behalf."[17] In withdrawing the motions to remand filed by the individuals attempting to sue Riddell for the first time, Cohen argues that the motion to strike their motions to remand is now "moot." Indeed, there is no need to strike these motions to remand[18] if the Cohen plaintiffs are now withdrawing those motions.

The Cohen plaintiffs don't explain, however, how withdrawing the motions to remand allows the procedurally improper SAMAC-SFCs. Rather, the withdrawal further demonstrates the impropriety of the filings, as it implicitly recognizes—as Riddell explained—that there is nowhere to remand their claims against Riddell because they have no underlying actions and no pending claims against Riddell in the first place.

## CONCLUSION

In short, those attempting to bring claims against Riddell for the first time through procedurally improper filings have failed to show why their filings should not be stricken. Therefore, the Court should do just that.

---

[17] (*Id.* ¶ 14.)
[18] These are identified on Exhibit 2 to the Riddell defendants' motion to strike. (ECF No. 9573-3.)

Dated: February 9, 2018                  Respectfully submitted,

*/s/ Paul G. Cereghini*
Paul G. Cereghini
Thomas C. Howard
BOWMAN AND BROOKE LLP
2901 N. Central Avenue, Suite 1600
Phoenix, AZ  85012
Telephone: (602) 643-2300
Facsimile: (602) 248-0947
paul.cereghini@bowmanandbrooke.com
thomas.howard@bowmanandbrooke.com

Robert L. Wise
Eden M. Darrell
BOWMAN AND BROOKE LLP
901 East Byrd Street, Suite 1650
Richmond, VA  23219
Telephone: (804) 649-8200
Facsimile: (804) 649-1762
rob.wise@bowmanandbrooke.com
eden.darrell@bowmanandbrooke.com

Thomas P. Wagner
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
2000 Market Street, Suite 2300
Philadelphia, PA  19103
Telephone: (215) 575-4562
Facsimile: (215) 575-0856
tpwagner@mdwcg.com

*Attorneys for the Riddell Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 9, 2018, the foregoing Reply in Support of Motion to Strike the Short-Form Complaints and Motions to Remand of Those Asserting Claims for the First Time Against the Riddell Defendants was electronically filed and served via ECF on all counsel of record registered to receive service via the Court's CM/ECF system.

_/s/ Paul G. Cereghini_
