## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION <br><br> _____ <br><br> THIS DOCUMENT RELATES TO 2:12-cv-01023-AB, 2:12-cv-1024-AB, 2:12-cv-01025-AB, 2:12-cv-03533-AB, 2:12-cv-03534-AB, 2:12-cv-03535-AB, 2:12-cv-3776-AB, 2:12-cv-04087-AB, 2:12-cv-04574-AB, 2:12-cv-04575-AB, 2:12-cv-04576-AB, 2:12-cv-05372-AB, 2:12-cv-07214-AB, 2:13-cv-04231-AB, 2:13-cv-05200-AB, 2:13-cv-07628-AB and 2:14-cv-02064-AB <br><br> _____ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    No 12-md-2323-AB <br><br> MDL No. 2323 |

## PLAINTIFFS' REPLY TO RIDDELL'S CONSOLIDATED
## BRIEF IN OPPOSITION TO VARIOUS MOVANTS' MOTIONS TO REMAND

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

ARGUMENT ........................................................................................................................3

      A.      Moving Plaintiffs have denied, not invoked, federal subject matter jurisdiction over their claims while the Riddell Defendants waived asserting CAFA jurisdiction as well as failed to demonstrate its existence. ......................................3

          1.    The Riddell Defendants waived invoking CAFA as a basis of this Court's subject matter jurisdiction. ...............................................................................................4

          2.   The Riddell Defendants failed to even attempt to demonstrate the existence of CAFA jurisdiction.................................................................................................6

      B.      The Riddell Defendants cannot now invoke LMRA jurisdiction as giving this Court subject matter jurisdiction over Plaintiffs' claims against them because such invocation has been waived. ..................................................................................6

      C.      This Court has never had supplemental jurisdiction over Plaintiffs' claims. ..........7

      D.      All of moving Plaintiffs represented by undersigned counsel filed their claims against the Riddell Defendants in the Superior Court of the State of California, Los Angeles County, hence remand is proper. ........................................................8

      E.      The Riddell Defendants waived asserting diversity jurisdiction as well as failed to demonstrate its existence. ......................................................................................9

CONCLUSION....................................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Akins v. Radiator Specialty Co.,* 2006 U.S. Dist. LEXIS 71076, (W.D. Pa.2006) ........................ 5

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) ................................................................................ 3

*ARCO Envtl. Remediation, L.L.C. v. Department of Health and Envtl Quality of the State of*

    *Montana,* 213 F.3d 1108 (9th Cir.2000) ..................................................................................... 5

*Beach v. KDI Corp.*, 490 F.2d 1312 (3d Cir. 1974) ....................................................................... 4

*Briarpatch Ltd. v. Pate,* 81 F.Supp.2d 509 (S.D.N.Y.2000) ......................................................... 5

*Burnette v. Godshall*, 828 F. Supp. 1439 (N.D. Cal 1993) ........................................................... 6

*Clark v. Ameritas Investment Corp.*, 408 F.Supp.2d 819 (D.Neb. 2005) ..................................... 6

*Costa v. Verizon New Jersey, Inc.*, 936 F. Supp.2d 455 (D.N.J. 2013) ........................................ 6

*Edwards v. Prudential Ins. Co. of Am.*, 213 F. Supp. 2d 1376 (S.D. Fla. 2002) ........................... 5

*Ervast v. Flexible Prods. Co.*, 346 F.3d 1007 (11th Cir. 2003) ..................................................... 5

*Freidrich v. Davis*, 767 F.3d 374 (3d Cir. 2014) ........................................................................... 5

Goffney v. Bank of America, N.A., 897 F. Supp.2d 520 (S.D. Tex. 2012) ..................................... 6

Lamson v. Firestone Tire and Rubber Co., 724 F. Supp. 511 (N.D. Ohio 1989) .......................... 6

*MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086 (3d. Cir. 1995) .................. 7

*Miller v. Soule*, 221 F. 493 (E.D.Pa. 1915) ................................................................................... 4

*O'Halloran v. University of Washington*,  856 F.2d 1375 (9th Cir. 1988) .................................... 5

*Oliver v. Riddell,* No. 1:16-cv-04760, 2016 WL 7336412 (N.D. Ill July 19, 2016) ..................... 6

*Piacentile v. Thorpe*, Civil Action No. 12-CV-7156-ES-SCM, 2013 WL 11066484 (D.N.J.

    August 30, 2013) ......................................................................................................................... 5

*Pullman Co. v. Jenkins*, 305 U.S. 534 (1939) ............................................................................... 6

*Spillers v. Tillman,* 959 F.Supp. 364 (S.D.Miss.1997) .................................................................. 6

*Stein v. Sprint Communications Co.,* 968 F.Supp. 371 (N.D.Ill.1997)................................... 6

*Stringer v. National Football* League, 474 F.Supp.2d 894 (S.D. Ohio 2007)........................ 6

*USX Corp. v. Adriatic Ins. Co*., 345 F.3d 190 (3d Cir. 2003)............................................... 5

*Wood v. Crane*, 764 F.3d 316 (4th Cir. 2014) ....................................................................... 5

*Wright v. Combined Ins. Co. of America,* 959 F.Supp. 356 (N.D.Miss.1997) .................. 6

**Statutes**

28 U.S.C. § 1331(d)(11) ................................................................................................. 2

28 U.S.C. § 1332 ........................................................................................................... 9

28 U.S.C. § 1367(a) ...................................................................................................... 1

28 U.S.C. § 1441(c) ...................................................................................................... 8

28 U.S.C. § 1446(b) ...................................................................................................... 6

29 U.S.C. § 185............................................................................................................. 2

Plaintiffs represented by undersigned counsel ("Moving Plaintiffs"), identified in an

amended list[1] attached herein as Exhibit A, pursuant to this Court's Order of October 24, 2017

(ECF No.8472), reply to Riddell's Consolidated Brief in Opposition to Various Movants'

Motions to Remand.  Because the Riddell Defendants have failed to meet their burden of

showing that this Court has subject matter jurisdiction over these actions ("Riddell actions"), and

indeed have waived asserting most of the purported bases they mention, this Court should

remand these actions to the Superior Court of the State of California, Los Angeles County.

## INTRODUCTION

As previously described, Plaintiffs herein originally brought their claims against, *inter*

*alia*, the Riddell Defendants in ten Complaints filed in the Superior Court of California, Los

Angeles County, from 2011 to 2014.  Plaintiffs moved for remand, stating that the sole

articulated basis[2] by the NFL and the Riddell Defendants for the removal of these Riddell actions

and purported jurisdiction of this Court over them, 28 U.S.C. § 1367(a), does not exist.

---

[1] Undersigned counsel inadvertently attached an outdated list of the Moving Plaintiffs they represent to their Motion for Remand (ECF No. 9389).  This amendment addresses most of the concerns voiced by the Riddell Defendants on page 10 of its Consolidated Response (ECF No. 9572).  As far as Riddell's other concerns voiced therein, Moving Plaintiffs acknowledge that Shante Carver, Tony Dorsett and Bert Deems May opted out of the NFL Settlement.  ECF No. 9572 at n.36.  However, Moving Plaintiffs believe that based on their argument in Section C, *infra*, this Court has never had supplemental jurisdiction over the Riddell actions and the claims of these three Moving Plaintiffs against the Riddell Defendants should be remanded to state court.  Riddell also complains that Moving Plaintiff Jeffrey L. Walker filed original complaints in state court (*Monk, et al. v. NFL,* No. 2:12-cv-03533-AB) and in federal court (*Wallace, et al. v. NFL*, No. 2:12-cv-00336-AB).  ECF No. 9572 at n.39.  However, as the Riddell Defendants ought to know, the *Wallace* action was voluntarily dismissed in May of 2012. ECF No. 2 of that action.  Finally, Riddell states undersigned counsel filed Withdrawals of Appearances for Eric Curry and David Williams.  ECF No. 9572 at n.42.  However, undersigned counsel has since refiled Notices of Appearances for both of these Moving Plaintiffs.  *See* ECF No. 9723 and 9724.
[2] *See*, *e.g.*, Notice of Removal of Civil Action Under 28 U.S.C. § 1441 Notice of Consent to and Joinder in Removal, *Maxwell v. National Football League, et al,* No. CV 11-08394 (C.D. Cal.), attached as Exhibits A and B to Plaintiffs' Brief in Support of Motion to Remand (ECF No. 9410).

Riddell responded by arguing that (1) this Court has jurisdiction based on the Plaintiffs'
affirmative assertion of federal subject-matter jurisdiction under the Class Action Fairness Act's
("CAFA") mass-action provision, 28 U.S.C. § 1331(d)(11), (2) this Court has federal subject
matter jurisdiction based on the issue of preemption under § 301 of the Labor Management
Relations Act ("LMRA"), 29 U.S.C. § 185, (3) this Court has subject-matter jurisdiction by virtue
of supplemental jurisdiction,  (4) some Plaintiffs filed original actions in federal court asserting
federal subject-matter jurisdiction, while others never filed any action against the Riddell
Defendants, and there is therefore nowhere to remand, and (5) viewing Plaintiffs' actions as
individual actions, there is likely federal jurisdiction based on diversity.  However, it is Moving
Plaintiffs' position that (1) Moving Plaintiffs have denied, not invoked, federal subject matter
jurisdiction over their claims while the Riddell Defendants waived asserting CAFA jurisdiction
and failed to even attempt to demonstrate its existence, (2) the Riddell Defendants cannot now
invoke LMRA jurisdiction as giving this Court subject matter jurisdiction over Plaintiffs' claims
against them because such invocation has been waived, (3) this Court lacks supplemental
jurisdiction over Plaintiffs' claims, (4) all of Moving Plaintiffs represented by undersigned
counsel filed their claims against the Riddell Defendants in the Superior Court of the State of
California, Los Angeles County, hence remand is proper, and (5) the Riddell Defendants not
only waived asserting diversity jurisdiction, they failed to demonstrate its existence.  Hence,
Moving Plaintiffs' Motion to Remand should be granted.

**ARGUMENT**

**A.     Moving Plaintiffs have denied, not invoked, federal subject matter jurisdiction over their claims while the Riddell Defendants waived asserting CAFA jurisdiction as well as failed to demonstrate its existence.**

The Riddell Defendants make much of the fact that the Master Administrative Complaint ("MAC") (ECF No. 83), the Amended Master Administrative Complaint ("AMAC") (ECF NO. 2642), and the Second Amended Master Administrative Complaint against the Riddell Defendants ("SAMAC-Riddell") (ECF No. 8927), filed by Co-Lead Class Counsel, all contain language that assert federal subject matter jurisdiction over these actions pursuant to the "mass action" language of CAFA.[3]   However, pursuant to Case Management Order ("CMO") No. 4:

> All allegations, claims, theories of recovery and/or prayers for relief contained in complaints by individual plaintiffs in cases that have been coordinated and/or consolidated in this Multi-District Litigation ("MDL"), as well as complaints that are filed by individual plaintiffs in cases that are coordinated and/or consolidated in this MDL after the date of this Order, are deemed to be amended, restated and superseded by the allegations, claims, theories of recovery and/or prayers for relief contained in the Master Individual Personal Injury Complaint ***together with the individual plaintiff's Short Form Complaint*** to be filed pursuant to Case Management Order ("CMO") No. 2 (Docket No. 64). The Master Individual Personal Injury Complaint, together with the individual plaintiff's Short Form Complaint, shall remain the controlling pleading if that individual plaintiff's action is not terminated during the course of MDL pretrial proceedings, and, if applicable, is transferred or remanded back to the court from which it was transferred.

ECF No. 98 at 1-2 (emphasis added).

---

[3] Throughout their Brief in Opposition, the Riddell Defendants refer to the length of time Plaintiffs' claims have been pending against them in this Court.  Of course, this is utterly irrelevant in relation to a court determining whether federal subject matter jurisdiction exists over an action:

> The objection that a federal court lacks subject-matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. Rule 12(h)(3) instructs: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

Each of the Moving Plaintiffs herein filed a Short Form Complaint ("SFC") pursuant to CMO No. 2. Each Moving Plaintiff further expressly reserved the right to object to federal subject matter jurisdiction. *See*, *e.g.*, SFC of Vernon Maxwell, ECF No. 1218, attached as Exhibit B, at ¶ 11. Moreover, on October 24, 2017, this Court directed Plaintiffs like Movants herein pursuing claims against the Riddell Defendants to file SFCs against them by December 4, 2017. ECF No. 8472. Each of the Moving Plaintiffs herein did so and each expressly denied that there is federal subject matter jurisdiction over their action. *See*, *e.g.*, SFC of Vernon Maxwell, ECF No.8512, attached as Exhibit C, at ¶ 4.[4] Hence, contrary to Riddell's argument, Moving Plaintiffs have never consented to, let alone endorsed, federal subject matter jurisdiction over their actions.

Of course, even if somehow the assertions of Co-Lead Class Counsel in the MAC AMAC, and SAMAC-Riddell, made contrary to the interests of Moving Plaintiffs, could somehow be attributed to them despite their repeated and clear statements to the contrary, "[i]t is settled . . . that jurisdiction of a federal court cannot be created by consent of the parties." *Beach v. KDI Corp.*, 490 F.2d 1312, 1318 (3d Cir. 1974). Indeed, "jurisdictional facts must have a pleading as well as an actual existence." *Miller v. Soule*, 221 F. 493, 496 (E.D.Pa. 1915). The Riddell Defendants waived pleading CAFA jurisdiction and have not even attempted to demonstrate its existence over the Riddell actions.

1.      **The Riddell Defendants waived invoking CAFA as a basis of this Court's subject matter jurisdiction.**

---

[4] Moving Plaintiffs note that they also filed a Motion to Remand on January 18, 2016 (ECF No. 6717), further indicating their opposition to federal subject matter jurisdiction over the Riddell Actions. Riddell did not file an opposition to said Motion, and so did not articulate any new purported basis for the subject matter jurisdiction of this Court. This Court later denied Moving Plaintiffs' Motion to Remand, without prejudice, as moot. ECF No. 6742.

As Moving Plaintiffs have previously noted, a party asserting federal subject matter jurisdiction has the burden of proving that jurisdiction exists. *See Freidrich v. Davis*, 767 F.3d 374, 377 (3d Cir. 2014). Again, the Riddell Defendants assert for the first time in its Brief in Opposition filed last month that CAFA is a basis for this Court's federal subject matter jurisdiction. However, the Riddell Defendants only had the thirty-day window in which the Notices of Removal of the Riddell actions had to be filed to assert CAFA jurisdiction:

> Defendant asserts for the first time in his opposition to remand that this Court has Federal question jurisdiction. Defendant has acknowledged not raising this issue in his notice of removal. In addition, at oral argument defense counsel admitted that their primary argument for jurisdiction is diversity, not Federal question. ***The Court need not consider the merits of the Federal question argument, however, because the argument was waived when it was not raised within the thirty-day window.*** *See, e.g., Akins v. Radiator Specialty Co.*, 2006 U.S. Dist. LEXIS 71076, *4–5 (W.D. Pa.2006) (citing *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205–206 n. 11 (3d Cir. 2003)); *ARCO Envtl. Remediation, L.L.C. v. Department of Health and Envtl Quality of the State of Montana*, 213 F.3d 1108, 1117 (9th Cir.2000) ("The Notice of Removal 'cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.' ") (quoting *O'Halloran v. University of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988)); 16–107 Moore's Federal Practice—Civil § 107.30 ("A notice of removal may be freely amended within the 30–day period in which the notice must be filed. Further amendment may be permitted after the 30–day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction.").

*Piacentile v. Thorpe*, Civil Action No. 12-CV-7156-ES-SCM, 2013 WL 11066484 at *3 (D.N.J. August 30, 2013) (emphasis added).[5] Hence, this Court should reject the Riddell Defendants'

---

[5]*See also Wood v. Crane*, 764 F.3d 316, 322-23 (4th Cir. 2014) (holding defendant could not amend its notice of removal to include a claim that its production of gaskets was covered by the federal contractor defense after the expiration of the thirty-day period for filing a notice of removal); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 n.4 (11th Cir. 2003) (noting that the requirements for diversity jurisdiction were present in the case but holding that jurisdiction could not be sustained on that basis because the defendant "had the burden to plead this basis in its notice of removal, and it did not."); *Edwards v. Prudential Ins. Co. of Am.*, 213 F. Supp. 2d 1376, 1380 n.6 (S.D. Fla. 2002) (noting that diversity jurisdiction was likely present but holding that "the Court shall not investigate the issue on its own [because] it is quite clear that the burden of establishing removal jurisdiction rests squarely on the shoulders of the removing party.") *Briarpatch Ltd. v. Pate*, 81 F.Supp.2d 509, 516–17 (S.D.N.Y.2000) (stating "[f]ailure to assert

argument concerning CAFA as a basis for this Court's subject matter jurisdiction over the

Riddell actions because the Riddell waived any such argument years ago.

      2.      **The Riddell Defendants failed to even attempt to demonstrate the existence of CAFA jurisdiction.**

The removability of an action is determined from the plaintiff's pleadings at the time of

removal.[6]  Even if they had not waived asserting this Court's purported CAFA jurisdiction, the

Riddell Defendants have failed to address how any of the  Complaints Moving Plaintiffs filed in

the Superior Court of the State of California, Los Angeles County, from 2011 to 2014 show a

basis at the time of removal for this Court's CAFA jurisdiction over the Riddell actions.  Having

utterly failed to address or demonstrate CAFA jurisdiction at the time of removal, and having

waived any such argument, this Court should reject Riddell's CAFA argument.

**B.**      **The Riddell Defendants cannot now invoke LMRA jurisdiction as giving this Court subject matter jurisdiction over Plaintiffs' claims against them because such invocation has been waived.**

The Riddell Defendants also assert for the first time in its Brief in Opposition to

Plaintiffs' Motion to Remand that this Court has LMRA jurisdiction over these actions because

---

federal question jurisdiction as a basis for removal is a substantive defect" which defendant may not cure by amendment after expiration of thirty-day time limit of § 1446(b)); *Stein v. Sprint Communications Co.,* 968 F.Supp. 371, 374 (N.D.Ill.1997) (stating "a defendant may not amend its notice of removal after the 30–day limit in § 1446(b) to remedy a substantive defect in the petition"); *Wright v. Combined Ins. Co. of America,* 959 F.Supp. 356, 359 (N.D.Miss.1997) (stating "[i]f a defendant seeks to amend the notice of removal at any time [after the thirty-day period], he may only do so to clarify the jurisdictional grounds for removal, which were unartfully stated in the original notice. He may not allege new jurisdictional grounds for removal."); *Spillers v. Tillman,* 959 F.Supp. 364, 372 (S.D.Miss.1997) (stating "Although a defendant is free to amend a notice of removal within the 30–day period set forth in 28 U.S.C. § 1446(b), once the 30–day period has expired, amendment is not available to cure a substantive defect in removal proceedings.").

[6] *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537-538 (1939); Costa v. Verizon New Jersey, Inc., 936 F. Supp.2d 455, 458 (D.N.J. 2013); Goffney v. Bank of America, N.A., 897 F. Supp.2d 520, 524 (S.D. Tex. 2012); Clark v. Ameritas Investment Corp., 408 F.Supp.2d 819, 823 (D.Neb. 2005); Burnette v. Godshall, 828 F. Supp. 1439, 1444 (N.D. Cal 1993), *aff'd*, 72 F.3d 766; Lamson v. Firestone Tire and Rubber Co., 724 F. Supp. 511, 512-513 (N.D. Ohio 1989).

the claims *against them* are preempted.  This is a new basis for removal jurisdiction and should have been identified in the Riddell Defendants' Consent to the Notice of Removal.  It was not. Hence, based on Moving Plaintiffs' waiver argument, *supra* at A.1., this Court need not consider the Riddell Defendants' assertion that the LMRA provides a basis for subject matter jurisdiction over the Riddell actions.[7]

**C.      This Court has never had supplemental jurisdiction over Plaintiffs' claims.**

Incredibly, the Riddell Defendants make no attempt to show that this Court ever had supplemental jurisdiction over Moving Plaintiffs' Riddell actions.  They merely make arguments that this Court should in its discretion not remand the Riddell actions based on supplemental jurisdiction they *assume* this Court has.  However, it was their burden to *show* that supplemental jurisdiction exists.

As previously briefed by Moving Plaintiffs,[8] the Third Circuit has expressly required that state claims (in this case the claims against Riddell) and purported federal claims (the claims against the NFL) must derive from a common nucleus of operative facts, and the claims must be such that they would ordinarily be expected to be tried in one judicial proceeding.  *See MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1102 (3d. Cir. 1995).  In addition to failing to show how Moving Plaintiffs' claims against them derive from a common nucleus of operative facts with the NFL claims or that the claims against them and the NFL would

---

[7] Even if the Riddell Defendants had not waived this argument, their claim that collective bargaining agreements between the NFL and former NFL players preempt product liability claims against them is manifestly implausible.  *See* October 31, 2012 Memorandum of Plaintiffs in Opposition to Riddell Defendants' Motion to Dismiss based on LMRA § 301 Preemption. (ECF No. 4133).  Moving Defendants incorporate this Memorandum by reference.  Indeed, at least two federal courts have rejected Riddell's similar if not identical LMRA preemption argument.  *See Stringer v. National Football* League, 474 F.Supp.2d 894 (S.D. Ohio 2007); *Oliver v. Riddell,* No. 1:16-cv-04760, 2016 WL 7336412 (N.D. Ill July 19, 2016).

[8] ECF No. 9410 at 4-5.

ordinarily be expected to be tried in one judicial proceeding, as Moving Plaintiffs have

previously briefed, Riddell has made a number of statements in its pleadings that contradict such

notions.  Having failed to even try to show that supplemental jurisdiction ever existed over the

Riddell actions, Riddell instead relies on a discretionary analysis of what a court should consider

in relation to remanding actions where supplemental jurisdiction actually existed.

There never having been supplemental jurisdiction over the Riddell actions, this Court's

decision is mandated by statute:

> **(c) Joinder of Federal law claims and State law claims.--(1)** If a civil action
> includes—
>
>> **(A)** a claim arising under the Constitution, laws, or treaties of the
>> United States (within the meaning of section 1331 of this title), and
>>
>> **(B)** a claim not within the original or supplemental jurisdiction of
>> the district court or a claim that has been made nonremovable by
>> statute, the entire action may be removed if the action would be
>> removable without the inclusion of the claim described in
>> subparagraph (B).
>
> **(2)** Upon removal of an action described in paragraph (1), the district court shall
> sever from the action all claims described in paragraph (1)(B) and ***shall remand
> the severed claims to the State court from which the action was removed***. Only
> defendants against whom a claim described in paragraph (1)(A) has been asserted
> are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c) (emphasis added).

Moving Plaintiffs' claims against the Riddell Defendants were never in the original or

supplemental jurisdiction of this Court.  Hence, this Court should remand the Riddell Actions.

**D.      All of moving Plaintiffs represented by undersigned counsel filed their claims
against the Riddell Defendants in the Superior Court of the State of California, Los
Angeles County, hence remand is proper.**

The Riddell Defendants assert that some Plaintiffs who filed motions to remand had filed

original actions in federal court asserting federal subject matter jurisdictions and that some never

filed any action against the Riddell Defendants.  Hence, for these parties, the Riddell Defendants

assert there is nowhere to remand actions.  However, all of current Moving Plaintiffs represented

by undersigned counsel filed their claims in the Superior Court of the State of California, Los

Angeles County.  Hence, this assertion by the Riddell Defendants is irrelevant in relation to

Moving Plaintiffs' Motion to Remand.

**E.      The Riddell Defendants waived asserting diversity jurisdiction as well as failed to demonstrate its existence.**

The Riddell Defendants also failed to assert that this Court has diversity jurisdiction

pursuant to 28 U.S.C. § 1332 over this action until it filed its Brief in Opposition to the instant

Motion to Remand.  As discussed, *supra* at A.1., the Riddell Defendants have therefore waived

asserting this Court's diversity jurisdiction over the Riddell actions.

Even if this Court were to consider the substantive merit of Riddell's argument in relation

to purported diversity jurisdiction, the Riddell Defendants have made no effort to show that

diversity jurisdiction existed over the removed Riddell actions ***at the time the case was removed***.

*See supra* at A.2.  Instead, the Riddell Defendants ask this Court to speculate in relation to

whether there would be diversity jurisdiction if all of Moving Plaintiffs' actions had been filed as

individual actions.  Such a speculative approach advocated by the Riddell Defendants in

determining whether federal jurisdiction exists is, at best, unsupported by case law or statute—

indeed the Riddell Defendants cite neither in support of a "what if" analysis.  This Court cannot

consider the merits of whether it has subject matter jurisdiction by looking at fictitious pleadings.

Since the Riddell Defendants have failed to demonstrate that diversity jurisdiction existed over

Moving Plaintiffs' Riddell actions at the time the case was removed, this Court should reject

their diversity argument.

## CONCLUSION

Because federal subject matter jurisdiction does not exist over the Riddell Actions, this Court should remand these actions to the Superior Court of the State of California, Los Angeles County.

Dated:  February 13, 2018                                    Respectfully Submitted,


                                                             By: /s/ *Jason E. Luckasevic*
                                                             GOLDBERG, PERSKY & WHITE, P.C.
                                                             Jason E. Luckasevic, Esquire
                                                             PA ID #No. 85557
                                                             Jason T. Shipp, Esquire
                                                             PA ID #No. 87471
                                                             11 Stanwix Street, Suite 1800
                                                             Pittsburgh, PA 15222
                                                             Telephone: (412) 471-3980
                                                             Facsimile: (412) 471-8308

                                                             GIRARDI KEESE
                                                             Thomas Girardi, Esquire
                                                             Christopher Aumais, Esquire
                                                             Nicole Devanon, Esquire
                                                             1126 Wilshire Boulevard
                                                             Los Angeles, California 90017
                                                             Telephone:  (213) 977-0211
                                                             Facsimile:  (213) 481-1554

                                                             RUSSOMANNO & BORRELLO, P.A.
                                                             Herman J. Russomanno, Esquire
                                                             Robert J. Borrello, Esquire
                                                             150 West Flagler Street - PH 2800
                                                             Miami, FL 33130
                                                             Telephone: (305) 373-2101
                                                             Facsimile: (305) 373-2103

                                                             *Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing is being served upon all counsel of record via the **CM/ECF system,** this 13th day of February, 2018.

_/s/ Jason E. Luckasevic_____

Jason E. Luckasevic, Esquire

Counsel for Plaintiff
