#02329    WTG/mtd    2/13/18                                                    2012S-1000

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323 - AB |
| | MDL No. 2323 |
| | Hon. Anita B. Brody |
| -------------------------------------------------------- | |
| | **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO REMAND** |
| **Plaintiffs' Reply Brief in Support of Motion to Remand** | **IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION** |
| | **JURY TRIAL DEMANDED** |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO REMAND**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………………...ii

INTRODUCTION……………………………………………………………………………......1

BACKGROUND………………………………………………………………………………....2

      A.  Tregg Duerson………………………………………………………………………....2

      B.  Malinda DeLeone……………………………………………………………………...2

      C.  Brittany Blue…………………………………………………………………………...3

      D.  Robert "Bobby" Douglass……………………………………………………………...3

      E.  John J. Cornell…………………………………………………………………………3

      F.  Gerald B. Sullivan……………………………………………………………………...4

      G.  Bruce W. Herron……………………………………………………………………....4

      H.  Raymond D. Austin……………………………………………………………………4

ARGUMENT……………………………………………………………………………………...5

    I.    Federal Courts Must Constantly Review their Subject Matter Jurisdiction……..…………………………………………………………………...5

    II.    This Court Lacks Subject Matter Jurisdiction as Plaintiffs' Claims Do Not Raise a Federal Question…………………………………………………………………….6

    III.    Supplemental Jurisdiction Does Not Allow Riddell to Invoke Federal Jurisdiction. ……………………………………………..…………………...…..8

    IV.    Defendants' Reliance on Diversity Jurisdiction as a Basis for Federal Jurisdiction is Over-Reaching……………………………………………………………….....9

    V.    Mr. Cornell and Ms. DeLeone Have Not Abandoned Their Claims Against Defendants……………………………………………………………………..…9

CONCLUSION…………………………………………………………………………………..10

...

## **TABLE OF AUTHORITIES**

**Cases**

*Brown v. Phila. House. Auth.*
  350 F.3d. 338 (3d Cir. 2003)……………………………………………………………………5

*Caterpillar Inc. v. Williams*
  482 U.S. 386 (1987)……………………………………………………………………………8

*Commonwealth v. TAP Pharm. Prods.*
  415 F.Supp. 2d 516 (E.D. Pa. 2005)……………………………………………………………5

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Manufacturing*
  545 U.S. 308 (2005)…………………………………………………………………………....6

*Guckin v. Nagle*
  259 F.Supp. 2d 406, 409 (E.D. Pa. 2003)………………………………………………………5

*Int'l Fin. Corp. v. Kaiser Grp. Int'l Inc. (In re Kaiser Grp. Int'l Inc.)*
  399 F.3d 558 (3d Cir. 2005)……………………………………………………………………5

**Statutes**

28 U.S.C. § 1331………………………………………………………………………………..6

28 U.S.C. § 1332…………………………………………………………………………...…..9

28 U.S.C. § 1367………………………………………………………………………………1, 8

LMRA § 301……………………………………………………………………………….1, 6, 7

**INTRODUCTION**

These Plaintiffs filed claims against the Riddell Defendants in the Circuit Court of Cook County, Illinois. The case was removed *by the NFL* to the United States District Court for the Eastern District of Pennsylvania, multidistrict litigation (MDL), based upon perceived Federal Question Jurisdiction pursuant to Section 301 of the Labor Management Relations Act.

These Plaintiffs' claims *against the NFL* have now been settled and dismissed. Plaintiffs have moved to remand their state-based claims against the Riddell Defendants to state court. Defendants oppose Remand, cobbling together disingenuous arguments as to why they believe the federal court system can exert jurisdiction over these claims.

Defendants' arguments fail.

First, these Plaintiffs never invoked this Court's jurisdiction as Defendants conclusively assert. But, even if they had not consistently advocated against federal jurisdiction, subject matter jurisdiction cannot be waived or precluded by timing.

Second, these Plaintiffs' claims against the Riddell Defendants bear absolutely no relation to any Collective Bargaining Agreements between the now-dismissed NFL nor the NFL Players' Union. Plaintiffs' claims are completely unrelated to the CBAs; these claims are based entirely upon the concepts of Illinois tort law. Defendants' attempt to blanket LMRA §301 preemption over these claims that do not involve the NFL or CBAs must be rebuked.

Third, Defendants' reliance on supplemental jurisdiction overlooks the compelling reasons why this court would *not* have supplemental jurisdiction, as described in 28 U.S.C. §1367(c).

Fourth, the Riddell defendants' blanket argument that individualized analysis may reveal diversity jurisdiction falls flat. Riddell, Inc. resides in Illinois, as do many of the instant Plaintiffs. Diversity jurisdiction does not exist.

Finally, Defendants make blatantly false assertions regarding particular Plaintiffs, DeLeone and Cornell, which further demonstrate that Defendants are simply grasping at straws to stay in federal court.

## BACKGROUND

Eight Plaintiffs filed Motions to Remand and accompanying briefs on December 5, 2017. Additionally, all eight of these Plaintiffs filed Short Form Complaints, in accordance with the October 24, 2017 Case Management Order (*See* ECF No. 8472).

### TREGG DUERSON

Plaintiff, Tregg Duerson, is the son of deceased former professional football player, Dave Duerson. Dave Duerson's death resulted from "CTE" (Chronic Traumatic Encephalopathy), a degenerative brain disease, following a career in which he sustained numerous concussions and blows to the head in the game of football. (Plaintiff Duerson's Motion to Remand Exhibit A, pp. 1 ¶ 3). After a neuro-pathological review of his brain at Boston University, it was confirmed that Dave Duerson did, in fact, have CTE. (Plaintiff Duerson's Motion to Remand Exhibit A, pp. 1 ¶ 3). Tregg Duerson filed his original Complaint against Defendants in the Circuit Court of Cook County on February 23, 2012. (Plaintiff Duerson's Motion to Remand Exhibit A).

### MALINDA DeLEONE

Plaintiff, Malinda DeLeone, is the wife of deceased former professional football player Thomas D. DeLeone. During his football career Mr. DeLeone sustained numerous concussive and sub-concussive blows to the head. (Plaintiff DeLeone's Motion to Remand Exhibit A, pp. 1-

2 ¶ 3). Due to the repetitive head trauma, Mr. DeLeone developed "CTE". (Plaintiff DeLeone's Motion to Remand Exhibit A, pp. 1-2 ¶ 3). Mr. DeLeone filed his original Complaint against Defendants in the Circuit Court of Cook County on June 3, 2013. (Plaintiff DeLeone's Motion to Remand Exhibit A). Sadly, Mr. DeLeone passed away in 2016, while his case was pending. His wife, Malinda DeLeone was substituted as Plaintiff thereafter. (*See* ECF No. 6906-2).

**BRITTANY BLUE**

Plaintiff, Brittany Blue, is the daughter of former professional football player Forrest Blue. During his football career Mr. Blue sustained numerous concussive and sub-concussive blows to the head. (Plaintiff Blue's Motion to Remand Exhibit A, pp. 2 ¶ 1). Due to the repetitive head trauma, Mr. Blue developed CTE. (Plaintiff Blue's Motion to Remand Exhibit A, pp. 2 ¶ 1). After conducting a neuro-pathological review of Mr. Blue's brain at Boston University, it was determined that Mr. Blue did, in fact, suffer from CTE. (Plaintiff Blue's Motion to Remand Exhibit A, pp. 2 ¶ 2). Ms. Blue filed her original Complaint against Defendant in the Circuit Court of Cook County on July 15, 2013. (Plaintiff Blue's Motion to Remand Exhibit A).

**ROBERT "BOBBY" DOUGLASS**

Plaintiff, Robert "Bobby" Douglass, sustained numerous concussions due to repetitive blows to the head during his professional football career. (Plaintiff Douglass's Motion to Remand Exhibit A, pp. 2 ¶ 3). As a result of these injuries, Mr. Douglass has developed or is at an increased risk of developing CTE and/or other cognitive deficits. (Plaintiff Douglass's Motion to Remand Exhibit A, pp. 2 ¶ 3). Mr. Douglass filed his original Complaint against Defendants in the Circuit Court of Cook County on November 3, 2013. (Plaintiff Douglass's Motion to Remand Exhibit A). Mr. Douglass is a resident of Illinois.

**JOHN J. CORNELL**

Plaintiff, John J. Cornell, sustained numerous concussions due to repetitive blows to the head during his professional football career. (Plaintiff Cornell's Motion to Remand Exhibit A, pp. 2 ¶ 6). As a result of these injuries, Mr. Cornell has developed or is at an increased risk of developing CTE and/or other cognitive deficits. (Plaintiff Cornell's Motion to Remand Exhibit A, pp. 2 ¶ 6). Mr. Cornell filed his original Complaint against Defendants in the Circuit Court of Cook County on November 3, 2013. (Plaintiff Cornell's Motion to Remand Exhibit A).  Mr. Cornell is a resident of Illinois.

**GERALD B. SULLIVAN**

Plaintiff, Gerald B. Sullivan, has sustained numerous concussive and sub-concussive blows to the head during his professional football career. (Plaintiff Sullivan's Motion to Remand Exhibit A, pp. 2 ¶ 3). As a result of these injuries, Mr. Sullivan has developed or is at an increased risk of developing CTE and/or other cognitive deficits. (Plaintiff Sullivan's Motion to Remand Exhibit A, pp. 2 ¶ 3). Mr. Sullivan filed his original Complaint against Defendants in the Circuit Court of Cook County on November 16, 2012. (Plaintiff Sullivan's Motion to Remand Exhibit A).  Mr. Sullivan is a resident of Illinois.

**BRUCE W. HERRON**

Plaintiff, Bruce W. Herron, has sustained numerous concussive and sub-concussive blows to the head during his professional football career. (Plaintiff Herron's Motion to Remand Exhibit A, pp. 2 ¶ 6). As a result of these injuries, Mr. Herron has developed or is at an increased risk of developing CTE and/or other cognitive deficits. (Plaintiff Herron's Motion to Remand Exhibit A, pp. 2 ¶ 6). Mr. Herron filed his original Complaint against Defendants in the Circuit

Court of Cook County on November 16, 2012. (Plaintiff Herron's Motion to Remand Exhibit A). Mr. Herron is a resident of Illinois.

**RAYMOND D. AUSTIN**

Plaintiff, Raymond D. Austin, has sustained numerous concussive and sub-concussive blows to the head during his professional football career. (Plaintiff Austin's Motion to Remand Exhibit A, pp. 3 ¶ 9). As a result of these injuries, Mr. Austin has developed or is at an increased risk of developing CTE and/or other cognitive deficits. (Plaintiff Austin's Motion to Remand Exhibit A, pp. 3 ¶ 9). Mr. Austin filed his original Complaint against Defendants in the Circuit Court of Cook County on November 16, 2012. (Plaintiff Austin's Motion to Remand Exhibit A).

## ARGUMENT

**I.  Federal Courts Must Constantly Review their Subject Matter Jurisdiction.**

Defendants revolve much of their argument around the fact that the MDL litigation, in general, began in 2012. But, the start of the litigation has no bearing on if or even when issues regarding subject matter jurisdiction may arise. Subject matter jurisdiction is non-waivable. *Brown v. Phila. House. Auth.*, 350 F.3d. 338, 346 (3d Cir. 2003). In fact, it is well-settled that subject matter jurisdiction may be challenged at any point before a final judgment. *Int'l Fin. Corp. v. Kaiser Grp. Int'l Inc. (In re Kaiser Grp. Int'l Inc.)*, 399 F.3d 558, 565 (3d Cir. 2005). Defendants' continued focus on the fact that this litigation began in 2012 is irrelevant as to the assertion that this court <u>now</u> lacks jurisdiction over these claims.

A Federal Court must consistently examine that it has the power to make pretrial determinations. *Commonwealth v. TAP Pharm. Prods.* 415 F.Supp. 2d 516 (E.D. Pa. 2005). All doubts should be resolved in favor of remand. *Guckin v. Nagle*, 259 F.Supp. 2d 406, 409 (E.D. Pa. 2003).

Grasping at straws, the Riddell Defendants argue that Plaintiffs have invoked CAFA jurisdiction. Yet, out of the other side of their mouths, they argue that Plaintiffs' claims cannot be tried jointly. Their assertions are confusing and contradictory. While Defendants would like to rely on the invocation of CAFA as grounds for federal jurisdiction, their opposition to Plaintiffs joining claims under CAFA undermines their own argument.

All eight Plaintiffs in this action filed their original Complaints, individually, in state court.[1] Any assertion by Defendants that Plaintiffs invoked or asserted federal jurisdiction is simply untrue.

## II. This Court Lacks Subject Matter Jurisdiction as Plaintiffs' Claims Do Not Raise a Federal Question.

The claims brought by Plaintiffs do not require any interpretation of CBA provisions. There exists no danger of conflicting with federal law as the CBA between a third party (i.e., NFL) and a Players Union is of no moment. Any arguments regarding LMRA §301 preemption are inappropriate. To determine whether a state-based claim raises a federal question under 28 U.S.C. § 1331, the issues must significantly "turn on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Manufacturing*, 545 U.S. 308, 312 (2005). The claims raised by Plaintiffs do not even *relate* to federal questions, let alone significantly "turn on substantial questions of federal law."

The first step in determining whether a federal question has arisen is to assess "whether the state-law claim *necessarily* raises a stated federal issue, actually disputed and *substantial*." *Grable*, 545 U.S. at 314. (Emphasis added). Even if one was to entertain the thought that the CBAs are

---

[1] Upon the NFL's removal, Plaintiffs argued *against* federal jurisdiction. For example, on April 18, 2012, Plaintiff Tregg Duerson filed a Motion to Remand his case to state court in the District Court for the Northern District of Illinois. (Plaintiff Duerson's Motion to Remand in Northern District of Illinois, hereto attached as Exhibit A). The motion was ultimately denied.

6

related in any possible way to Plaintiffs' claims against Riddell, the lack of *substantial* importance of the CBAs in relation to the claims precludes Defendants to rely on that in keeping the case in federal court.

The entirety of Defendants argument attempts to connect the NFL CBAs with the tortious claims against Riddell, when simply, there is no connection to be made. Judge Guzman's July 10, 2016 Order remanding the *Oliver* case plainly discusses the absent connection:

> "At bottom, Plaintiff's complaint centers on the duties and obligations of a third party helmet manufacturer - not the NFL and its players - and Defendants have failed to provide a sufficient basis to find otherwise. Accordingly, the Court finds that the rights asserted in the complaint are neither created nor governed by the CBAs."

(Plaintiffs' Motion to Remand Exhibit B, p. 5).

Furthermore, Judge Guzman makes clear that the claims in *Oliver*, the same claims asserted by these Plaintiffs, are not intertwined with CBAs, as Defendants contend:

> "Rather, the issues are (1) whether Defendants manufactured a dangerous product, as defined by Illinois law, and (2) whether Defendants and the NFL agreed to work together to hide those dangers. Put differently: either Riddell helmets were dangerously defective, or they were not; and either Riddell and the NFL agreed to hide those dangers by funding/conducting sham studies, or they did not. A jury would not even need to glance at the CBAs to determine these facts."

(Plaintiffs' Motion to Remand Exhibit B, p. 7).

Defendants' attempts to dissociate the *Oliver* case from the current claims are overreaching. The *Oliver* case concerned state-based tort actions against Riddell, in the same vain as the current Plaintiffs' claims. The further assertion that *Oliver* and these Plaintiffs' claims are wildly different, since the NFL was not named as a Defendant in *Oliver*, is unavailing.

The Defendants involved in the current litigation no longer include the NFL. None of the current claims brought by Plaintiffs have any relation to CBAs. With no relation to CBAs, LMRA §301 preemption does not exist.

7

**III.     Supplemental Jurisdiction Does Not Allow Riddell to Invoke Federal Jurisdiction.**

Defendants contend that the Court may continue to exercise supplemental jurisdiction over these claims. However, in this case, such an assertion of judicial resources does not make sense. Pursuant to 28 U.S.C. §1367(c), there are many reasons why a district court would decline to exercise supplemental jurisdiction over a claim.

According to 28 U.S.C. §1367(c)(1), "the district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the claim raises a novel or complex issue of State law." Plaintiffs' claims are centered around the manufacturing and labeling of a dangerous helmet by the Defendants, as defined by Illinois law, and the Defendants' agreement to work together with the NFL to conceal the latent brain damage that their product creates. These claims are based clearly in Illinois tort law. The significance of state tort law regarding Plaintiffs' claims outweighs any potential benefit to being in federal court. Additionally, 28 U.S.C. §1367(c)(4) gives a district court discretion to decline jurisdiction based on exceptional circumstances in which there are compelling reasons to do so. Not only are there issues of state law in this case, there are also additional reasons why a district court would decline jurisdiction.

The factors that Defendants rely on to sustain their argument of supplemental jurisdiction weigh against a finding of federal jurisdiction. Most plainly, the comity and fairness factors do not weigh in favor of federal jurisdiction. It has been well-established that the plaintiff is the "master of the claim." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As Plaintiffs originally filed these claims against Defendants in state court and their claims are based in state tort law, out of fairness and comity, their claims should be remanded. While Defendants addressed the reasons why a court might retain supplemental jurisdiction, they fail to address the reasons to decline such jurisdiction as set out in §1367(c).

Defendants contend that Plaintiffs are "ignoring the law" in moving to remand when supplemental jurisdiction is involved, however it is Defendants who have ignored the various compelling reasons why a District Court would decline to exercise such supplemental jurisdiction.

Defendants also claim that some Plaintiffs had opted out of the settlement with the NFL, thus maintaining their claims against the NFL. None of the instant Plaintiffs opted out, so this argument is factually inaccurate in addition to being meritless.

**IV.     Defendants' Reliance on Diversity Jurisdiction as a Basis for Federal Jurisdiction is Over-Reaching.**

Defendants claim that there may be federal jurisdiction due to diverse parties under 28 U.S.C. § 1332. The plaintiffs referred to in Defendants' brief that "may" provide for diversity jurisdiction are not these Plaintiffs. In fact, many of the eight Plaintiffs here reside in Illinois, where Riddell is residing.

**V.     Mr. Cornell and Ms. DeLeone Have Not Abandoned Their Claims Against Defendants.**

Defendants claim that Plaintiffs Cornell and DeLeone did not file Short Form Complaints in accordance with the October 24, 2017 Case Management Order, however this is blatantly false. On December 1, 2017 John Cornell filed a Short Form Complaint. (*See* ECF No. 9141). Three days later, on December 4, 2017, Malinda DeLeone filed a Short Form Complaint. (*See* ECF No. 9402).

Mr. Cornell and Ms. DeLeone did not abandon their claims. Not only did they both name Defendants in their original Complaints, but they also filed Short Form Complaints. Mr. Cornell and Ms. DeLeone still have valid claims against Defendants.

## CONCLUSION

WHEREFORE, Plaintiffs, TREGG DUERSON, MALINDA DeLEONE, BRITTANY BLUE, ROBERT "BOBBY" DOUGLASS, JOHN J. CORNELL, GERALD B. SULLIVAN, BRUCE W. HERRON, AND RAYMOND D. AUSTIN, respectfully request that this Court issue an Order remanding their cases back to Cook County Circuit Court, for trials on the merits.

                            Respectfully submitted,

                            /s/William T. Gibbs
                            William T. Gibbs

Thomas A. Demetrio
William T. Gibbs
Corboy & Demetrio, P.C.
Attorneys for Plaintiffs
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
I.D. No. 02329

**CERTIFICATE OF SERVICE**

On February 13, 2018, I electronically filed a copy of the foregoing document through the CM/ECF system for the United States District Court for the Eastern District of Pennsylvania, which will send a notice of electronic filing to all counsel of record and make it available for viewing and downloading from the CM/ECF system.

                                            /s/William T. Gibbs
                                            William T. Gibbs

William T. Gibbs
Corboy & Demetrio, P.C.
Attorney for Plaintiffs
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
I.D. No. 02329
Primary E-Mail: ccfiling@corboydemetrio.com