# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB <br><br> MDL No. 2323 |
| THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS | **Hon. Anita B. Brody** |

## ORDER

On January 26, 2018, Co-Lead Counsel filed a motion (ECF No. 9578) to prevent Third-Party Funder Cambridge Entities[1] from violating the Court's December 8, 2017 Explanation and Order (ECF No. 9517). In the motion, Co-Lead Counsel alleges that Cambridge Entities entered into purported assignments of monetary awards with approximately thirty Class Members. Dec. Christopher A. Seeger, ECF No. 9578-2 at 2. Co-Lead Counsel also alleges that Cambridge Entities manages the retirement accounts of at least some of those thirty Class Members, investing the money in its own lending operations. *See* E-mail from Don Warner, ECF No. 9578-2, Ex. B at 1.

---

[1] "Cambridge Entities" includes the following: Cambridge Capital Group, LLC; Cambridge Capital Advisors LLC; Cambridge Capital Partners, LP; Cambridge Capital Group Equity Option Opportunities, LP; Cambridge Capital Holdings; Cambridge Capital Funding, Inc.; Your Case, LLC; and their present and former directors, officers, partners, employees, contractors, agents, consultants, affiliates, successors and assigns, including, but not limited to Addys Walker, Gail Milon, and Phillip T. ("Tim") Howard.

Cambridge Entities has allegedly threatened to violate the Court's Explanation and Order by telling Class Members that they immediately owe Cambridge Entities the money advanced to the Class Members in exchange for the purported assignment of their monetary awards. Also, Cambridge Entities has allegedly threatened to take control of Class Members' retirement accounts as collateral for the money it allegedly purports it is owed under the assignment agreements.

Co-Lead Class Counsel moves for remedies against Cambridge Entities to prevent these alleged violations.[2] Based on Co-lead Counsel's motion (ECF No. 9578), the Court will take the following actions:

1. Before making a final determination on Co-Lead Counsel's requests, the Court will hold a **HEARING** on Co-Lead Counsel's motion on **April 2, 2018 at 10:00 a.m.** in Courtroom 7B on the 7th Floor of the U.S. Courthouse, 601 Market St., Philadelphia, PA.

2. To ensure that Class Members' rights under the Settlement Agreement—and reinforced in the Explanation and Order—are not violated before a decision is reached at or after the Hearing, it is **ORDERED**[3] that Cambridge Entities must "stand still" until resolution of Co-Lead Counsel's motion, meaning that:

---

[2] The Court reiterates that Class Members that qualify to receive monetary awards are, by definition, cognitively impaired.

[3] The Court has authority to issue this Order under the All Writs Act. *See* 28 U.S.C. § 1651(a). Under the All Writs Act, federal courts have the authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Id*. The Court has continuing jurisdiction over Settlement Class Members. *In re Nat. Football League Players' Concussion Injury Litig.*, 307 F.R.D. 351, 426 (E.D. Pa. 2015) ("The Court retains continuing and exclusive jurisdiction over this action including jurisdiction over . . . all Settlement Class Members . . . ."). Furthermore, the All Writs Act can be used to "effectuate and prevent the frustration of orders [a court] has previously issued." *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977); *see also In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 369 F.3d 293, 297 (3d Cir.

- Cambridge Entities must neither move nor take ownership of the retirement assets of any Class Member.

- Cambridge Entities must refrain from contacting Class Members. If Class Members contact Cambridge Entities, it must refer those Class Members to Co-Lead Counsel until this issue is resolved.

3. Co-Lead Counsel's request for production by Cambridge Entities of all documents relating to Class Members' retirement funds being held by them and accountings to such funds is **GRANTED**. **On or before March 2, 2018** Cambridge Entities must produce:

- All documents related to retirement monies that Cambridge Entities has received from Class Members; and

- The complete accounting of all retirement funds provided to Cambridge Entities by each Class Member. Co-Lead Counsel will then provide each involved Class Member his own accounting, and will provide to the Court, under seal, all accounting documents.

Co-Lead Counsel is directed to ensure that Cambridge Entities is served with this Order.[4]

---

2004) (holding that the All Writs Act authorizes a district court to enjoin state court proceedings that interfere with a judicially approved settlement). Therefore, the Court here can act to prevent Cambridge Entities from violating the previously issued Explanation and Order. *Accord In re Visa Check/Mastermoney Antitrust Litig.*, No. CV-96-5238 (JG), 2006 WL 1025588, at *5 (E.D.N.Y. Mar. 31, 2006) (exercising jurisdiction over a third party to effectuate a settlement agreement).

[4] Of course, Co-Lead Counsel will also give notice and explanation of this Order to Class Members that have agreements with Cambridge Entities.

2/20/2018                                        s/Anita B. Brody

_____                          _____
DATE                                              ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:          Copies **MAILED** on _____ to: