UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>THOSE FILING MOTIONS TO REMAND, AS SHOWN IN THE REVISED ATTACHMENT A IN SUPPORT OF RIDDELL'S CONSOLIDATED BRIEF IN OPPOSITION TO VARIOUS MOVANTS' MOTIONS TO REMAND | Hon. Anita B. Brody |

**RIDDELL DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY TO PLAINTIFFS' REPLIES (ECF NOS. 9726 & 9727) TO RIDDELL'S CONSOLIDATED BRIEF IN OPPOSITION TO VARIOUS MOVANTS' MOTIONS TO REMAND**

Pursuant to Local Rule of Civil Procedure 7.1(c) and this Court's policies and procedures with respect to surreplies, the Riddell defendants[1] move for leave to file a surreply to the Girardi movants' Reply to Riddell's Consolidated Brief in Opposition to Various Movants' Motions to Remand (ECF No. 9726), and the Cohen movants' Response of Certain Plaintiffs to Riddell Defendants' Opposition to Motions to Remand (ECF No. 9727). A copy of Riddell's proposed surreply is attached as Exhibit 1.

---

[1] For convenience only, "Riddell" or "Riddell defendants" refers collectively to the defendants Riddell, Inc., All American Sports Corporation, Riddell Sports Group, Inc., BRG Sports, Inc. (f/k/a Easton-Bell Sports, Inc.), BRG Sports, LLC (f/k/a Easton-Bell Sports, LLC), EB Sports Corp., and BRG Sports Holdings Corp. (f/k/a RBG Holdings Corp.), without waiver of their position that these are separate entities whom the plaintiffs have improperly lumped together and refer to as one entity.

1

The Riddell defendants are not seeking to re-argue points already raised in their prior response (ECF No. 9572). Rather, their proposed surreply addresses changed facts presented by the movants' replies and rebuts entirely new—and incorrect—arguments the Girardi movants raise for the first time in their reply brief, and which were therefore not covered by Riddell's original response. In particular, Riddell's surreply addresses three points.

*First*, after Riddell pointed out numerous improprieties with respect to many of the movants, such as that many of them never filed a short-form complaint, an underlying original complaint naming Riddell, or any original complaint, and some of them abandoned their claims by not filing SAMAC-SFCs, 170 movants—including *all* the Cohen movants—have now withdrawn their motions to remand. (ECF No. 9726 at 1 & n.1; ECF No. 9727 ¶ 7.)

*Second*, in their reply, the Girardi movants argue for the first time that this Court "has *never had* supplemental jurisdiction over" the claims against the Riddell defendants. (ECF No. 9726 at 7 (emphasis added).) This is contrary to what the Girardi movants argued in their opening brief. Indeed, in moving to remand, they acknowledged that supplemental jurisdiction was asserted over any claims against both the NFL and Riddell not covered by LMRA section 301 preemption when these cases were originally removed, but argued that because many of the Girardi plaintiffs had settled with and released their claims against the NFL, "this Court *no longer has supplemental jurisdiction* over Plaintiffs' claims" with respect to those plaintiffs. (ECF No. 9389-3 at 3 (emphasis added).) The Girardi plaintiffs' current position that this Court "has never had supplemental jurisdiction over" the claims against the Riddell defendants is entirely new and flatly contradicts what they previously argued. It is also entirely incorrect, both factually and legally, as shown in the attached proposed surreply.

*Third*, the Girardi movants also assert for the first time in their reply that the Riddell defendants waived several of their arguments in opposing remand. (*Generally* ECF No. 9726.) In addition to being entirely new, this argument is likewise both factually and legally incorrect, as shown in the proposed surreply.

For these reasons, the Riddell defendants respectfully request leave to file the surreply attached as Exhibit 1.

Dated: February 26, 2018

Respectfully Submitted,

*/s/ Paul G. Cereghini*_____
Paul G. Cereghini
Thomas C. Howard
BOWMAN AND BROOKE LLP
2901 N. Central Avenue
Suite 1600
Phoenix, AZ 85012
Telephone: (602) 643-2300
Facsimile: (602) 248-0947
paul.cereghini@bowmanandbrooke.com
thomas.howard@bowmanandbrooke.com

Robert L. Wise
Eden M. Darrell
BOWMAN AND BROOKE LLP
901 E. Byrd Street, Suite 1650
Richmond, VA 23219
Telephone: (804) 649-8200
Facsimile: (804) 649-1762
rob.wise@bowmanandbrooke.com
eden.darrell@bowmanandbrooke.com

Thomas P. Wagner
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Telephone: (215) 575-4562
Facsimile: (215) 575-0856
tpwagner@mdwcg.com

*Attorneys for Defendants Riddell, Inc., All American Sports Corporation, Riddell Sports Group, Inc., BRG Sports, Inc. (f/k/a Easton-Bell Sports, Inc.), BRG Sports, LLC (f/k/a Easton-Bell Sports, LLC), EB Sports Corp., and BRG Sports Holdings Corp. (f/k/a RBG Holdings Corp.).*

5

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 26, 2018, the foregoing was electronically filed and served via ECF on all counsel of record registered to receive service via the Court's CM/ECF system.

                                            /s/ Paul G. Cereghini