IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Hon. Anita B. Brody |

**SETTLEMENT IMPLEMENTATION DETERMINATION**

The Settlement Agreement compensates Class Members for head injuries suffered while playing in the National Football League. Class Members can receive Monetary Awards for specific diagnoses that are related to head trauma. To receive a maximum Monetary Award for a specific cognitive deficit, a Class Member Player must have played at least five "Eligible Seasons."[1] Conversely, if a Player played less than five seasons, then the amount of the Monetary Award is offset for each Eligible Season under five. This offset is based upon the rationale that the number of Eligible Seasons serves as a proxy for the number of concussive hits suffered by a Player. Therefore, Players with more Eligible Seasons likely suffered more hits to the head and are accordingly entitled to a larger award.

The Claims Administrator is in charge of determining how many Eligible Seasons a Player has accrued. Section 2.1(kk) of the Settlement Agreement grants a Player an Eligible Season if he was on a Club's "Active List" "on the date of three (3) or more regular season or

---

[1] There are other factors that may limit a Player's Monetary Award.

1

postseason games." The Claims Administrator interpreted "on the date of" to require that a Player must have been on the Active List at the *time* of the game to get Eligible Season Credit. Therefore, when a Club reduced its 53-Player Active List to its 45-Player Active List on the day of a game, the eight players made "Inactive" that day, but who practiced with the team all week, would not receive game credit towards an Eligible Season. The Claims Administrator applied this interpretation to the claims of three Class Members to withhold Eligible Season credit for weeks that the Players were moved from Active to Inactive on game day. Those players appealed the Claims Administrator's decision.

On December 5, 2017, in response to those appeals, Special Master Wendell Pritchett issued a Ruling that Players moved from their Club's 53-Player Active List to its Inactive List on the day of a game accrue that game toward the Players' Eligible Seasons because those Players were on the Active List "on the date of" the game. ECF No. 9513. The Ruling interpreted the Settlement Agreement and therefore was a conclusion of law. The National Football League and NFL Properties LLC (the "NFL Parties") objected to Special Master Pritchett's decision.

The Court reviews de novo any objections to conclusions of law from its Special Masters. *See* ECF No. 6871 at 4-5 (appointing the Special Masters and defining their roles). "The decision of the Court will be final and binding." Settlement Agreement § 9.8.

Based on a review of the Special Master's Ruling, a review of the NFL Parties' objection, and a review of the oppositions to the NFL Parties' objection, including oppositions filed by Co-Lead Class Counsel and two individual Class Members,[2] I approve and adopt the conclusions in Special Master Pritchett's Ruling. Accordingly, the NFL Parties' objection is **DENIED**.

---

[2] The filings reviewed by the Court are attached to this Settlement Implementation Determination. They have been redacted to remove identifying Player information.

2/28/2018 s/Anita B. Brody

_____ _____

DATE ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to: Copies **MAILED** on _____ to: