## **RESPONSE TO NFL'S APPEAL OF SPECIAL MASTER RULING**

JR Wyatt Law submits this response in support of (a) the Special Master's December 4, 2017 Ruling, (b) Co-Lead Class Counsel Seeger Weiss' application, and (c) ▮ request that his 2006 season be considered an Eligible Season, as that term is defined in the Settlement Agreement.[1]

### *A. Let's Draw On The Right Side Of The Line*

The NFL's argument that eliminating ▮ right to a recovery is 'fair line drawing' is belied by his, and many other players' reality.



▮ played 3 seasons in the NFL; however, none of these seasons is currently considered an Eligible Season, effectively depriving him of an award. The only season relevant to this application is ▮ 2006 season.

In 2006, ▮ played in 2 games. For an additional 12 games, ▮ practiced for the entire week, but was deactivated a few hours before kick-off. Exhibit A. Despite not being active to play in 12 games, ▮ was physically present with the team on the date of each of these games. ▮ was eligible to play on the date of each of these games (*i.e.*, he was not on IR, suspended or otherwise ineligible to play). Finally, ▮ was under contract for the entire 2006 season. Exhibit B.

While ▮ is not eligible for one the larger awards, the NFL's 'fair line drawing' would deny him any monetary award. ▮ would not even be entitled to a baseline

---

[1] To the extent this response is publicly filed, JR Wyatt Law respectfully requests that it be redacted to exclude client information.

examination. Similar to ▉, many of the players effected by Special Master's Ruling are at the bottom of the recovery spectrum. Many are also unrepresented. There is nothing fair about drawing lines that deny men such as ▉ a substantive recovery under the Settlement.

### B. *The Plain Meaning Of The Settlement Agreement Is Clear*

▉ was a member of the ▉ roster on the date of 14 games in 2006 and each game should count toward an Eligible Season. It is unclear what textual basis exists to support the NFL's argument that a player must be active during a game. Specifically, the Settlement Agreement in 2 places requires only that a player be active on the **date of the game**:

- Section 2.1(kk) requires that ▉ be active "on the date of three ... games" *without reference to a requirement that he be active for the game.*

- Section 2.1(a) requires a player to be active "on a particular game day" *and again fails to require that he be on the 45-Man Roster.*

The Special Master correctly found that the NFL's interpretation of 'day' and 'date' is inconsistent with how these words are generally used and as is provided in Section 2.1 of the Settlement. See *Date*, Black's Law Dictionary (10th Ed. 2014)(defining 'date' as 'the day when an event happened or will happen' ...for example active on game day); Settlement Agreement §2.1(defining 'day' as a 'calendar day').

The Special Master also argues compellingly that the NFL's interpretation would require splitting a given day into separate parts. Effectively, the NFL requests that the Court split a day between pre-game and in-game periods to achieve its desired result. This type of day-splitting is awkward, unwieldy and not favored by the law. See In re Puglisi, 230 F. 188, 189 (E.D. Pa. 1916); Garelick v. Rosen, 8 N.E.2d 279, 281 (N.Y. 1937) ("[I]n the absence of an express limitation, the law does not take notice of a fraction of a day."); 2 WILLIAM

BLACKSTONE, COMMENTARIES *141 ("In the space of a day all the twenty-four hours are usually reckoned; the law generally rejecting all fractions of a day, in order to avoid disputes.").

The NFL could have drafted the Settlement to narrowly define which roster or what part of a day qualifies for the purposes of Section 2.1(a) eligibility, for example:

- Section 2.1(a): 'Active List' means all players physically present, eligible and under contract to play for a Member Club ~~on a particular game day~~ *during a game* within any applicable roster or squad limits.

- Section 2.1(kk): 'Eligible Season' means a season in which a Retired NFL Football Player ... was on a Member Club's Active List ~~on the date~~ *during* ~~of~~ three (3) or more regular or post season games."

The Agreement is simply not drafted this way; and clever construction arguments notwithstanding, the NFL should not be allowed to re-write these Sections after-the-fact.

### C. *The Concussion Protocols And The Intersection Between Sections 2.1(a) And 2.1(kk) Of The Settlement*

The NFL's plain meaning and construction arguments ignore its own concussion protocols and how Sections 2.1(a) and (kk) are intended to intersect.

The Section 2.1(a) definition of Active List includes players "present, **eligible** and under contract to play for a Member Club on a particular game day". A player under concussion protocol is obviously and utterly **ineligible** to play in a game until cleared by appropriate medical personnel. Because a player under concussion protocol is not eligible to play, he is excluded from the Active List no matter what squad, roster or team he plays on.

Denying a player game credit toward an Eligible Season because he is excluded from the Active List due to a head injury would undermine the Settlement; accordingly, a savings clause was drafted into Section 2.1(kk). While players on the Active List receive credit

toward an Eligible Season, so do players who are inactive or on injured reserve *due to a head injury*:

> 1. The first mechanism for a player to qualify for an Eligible Season is to be on the "*Active List* on the date of three (3) or more regular season or postseason games."
>
>    ➢ A player under concussion protocol can't qualify under this provision because he is ineligible to play in games; and thus, excluded from the Active List.
>
> 2. The second mechanism for a player to qualify for an Eligible Season is to be on the "Active List on the date of one (1) or more ... games and then spen[d] at least two .... games on a Member Club's *injured reserve list or inactive list due to a concussion or head injury*."
>
>    ➢ Because of the clause *due to a concussion or head injury* in Section 2.1(kk), a player with a head injury gains credit toward an Eligible Season despite being excluded from the Active List and being ineligible to play.

This is the simple and clear interpretation of the relevant sections of the Agreement, providing each word and clause meaning and effect.

**D. *Construction Does Not Support The NFL's Requested Re-Write Of The Agreement***

The NFL's construction arguments are strained, circular and unable to withstand critical review.

*No Part Of The Settlement Is Rendered Meaningless By The Special Master's Ruling*

The Special Master's Ruling does not render any part of the Settlement meaningless. The Special Master determined situations exist where a player will only receive credit for a game because his deactivation was *due to a concussion or head injury.*

For example, the NFL admits in Paragraph 11 of the Fiore Affidavit that players were not always placed on the inactive list on game day:

> "From 1993 through the 2000 NFL season, Member Clubs placed four players on the Inactive List **on the Friday** of a game week and another four players on the Inactive List on game day. For certain earlier NFL seasons, such as from 1988 through 1992, Member Clubs places players on the Inactive List **on the business day prior to the game.**"

A player placed on the inactive list on the Friday before a game will not receive credit for that week's game, *unless deactivated because of a head injury.* Let's compare 2 situations for clarity:

1. It is week 1 of the 1999 season. Player A is placed on the inactive list on the Friday before a Sunday game because of his poor play. As provided in Section 2.1(kk), Player A **does not** receive credit for the week 1 game because he was deactivated before the date of the game.

<em><u>Versus</u></em>

2. It is week 1 of the 1999 season. Player B is placed on the inactive list on the Friday before the Sunday game because of a head injury. Player B **does** receive credit for the week 1 game. Under Section 2.1(kk), Player B only receives credit because he was deactivated *due to a concussion or head injury.*

As the Special Master determined, a player can be placed on the injured reserve list in the middle of the week. This player will not receive credit for the upcoming game unless he was placed on the injured reserve *due to a concussion or head injury.* Let's again compare 2 situations for clarity:

1. It is week 1 of the 2010 season. Player C is placed on the injured reserve list on the Friday before a Sunday game because of an ankle injury. Player C **does not** receive credit for the week 1 game because he was deactivated before the date of the game.

<em><u>Versus</u></em>

2. It is week 1 of the 2010 season. Player D is placed on the injured reserve list on the Friday before the Sunday game because of a head injury. Player D **does** receive credit for the week 1 game. Player D

only receives credit because he was deactivated *due to a concussion or head injury.*

As there are situations in which the clause: *due to a concussion or head injury* is given effect, the NFL's argument that this text requires the Court to change the plain meaning of the Settlement is without foundation.

*Inclusion of The Word 'Eligible' Does Not Support The NFL's Argument*

The NFL's argument concerning the word *eligible* is a red herring. The use of the word *eligible* has nothing to do with either the 53 or 45-man roster.

A simple interpretation of *eligible* within Section 2.1(a) excludes players from the Active List that violated team/league rules and are suspended from play.[2]

Sections 17.11 and 17.12 of the NFL Bylaws provide as follows:

**"Suspended Players**

**17.11**     A club or the Commissioner may suspend a player for violation of this Constitution and Bylaws, his NFL Player Contract, or the rules and regulations of the League or the club. During the period of suspension, a player shall not be entitled to compensation and shall be *ineligible* to play with any club."

-and-

**"Ineligible Players**

**17.12**     The Commissioner may, on application of a club or on his own motion, declare *ineligible* a player who violates his contract, is guilty of conduct detrimental to the best interests of professional football, or who violates this Constitution and Bylaws or the rules and regulations of his club. Any *ineligible* player shall not be entitled to play for any club in the League until he shall have been reinstated by the Commissioner."

---

[2] There may well be many reasons a player might be ineligible to play on a given Sunday in addition to being under concussion protocol or suspended from play.

Examples of reasons a player might be suspended include: a) betting on football; b) drug violations; c) violent or illegal activities; d) violation of in-game rules; e) violation of fairness rules; or f) violation of team rules.

Let's compare 2 situations for clarity:

1. Player E deflates footballs and the Commissioner suspends him for the next game. Player E is **ineligible** to play on the next 'game day within any applicable roster or squad limits," and will be excluded from the Active List. There is no reason to give Player E credit for this game as he can't play due to his own misconduct.

<em>Versus</em>

2. Player F has not violated any rules and arrives at the game on Sunday ready to play. Regardless of whether he actually does play, Player F is **eligible** to play on that game day.

Perhaps more to the point, the NFL's argument that eligible means *eligible to play in the game* again requires that this Court re-write the text of the Settlement. There is no basis to add language to an agreement, where, as here, there is a sensible reading that gives each and every word in the agreement meaning.

*Absurd/Unfair Result*

The NFL's interpretation creates a substantial inconsistency within the Settlement. Practice squad members – who don't play on game day – are eligible for ½ seasons. Players on the 53-man roster – who are more actively involved on a team and were exposed to more head-related injuries then practice squad players – are denied any recovery by the NFL's interpretation. An interpretation that is unfair on its face and creates such a blatant inconsistency should not be countenanced.

## E. Conclusion

As is provided in Co-Lead Class Counsel Seeger Weiss' application and the Special Master's Ruling, and for the reason stated herein, ▓▓▓ respectfully requests that his 2006 season be considered an Eligible Season as that term is defined Settlement.

Dated:   New York, New York
        February 6, 2018

                                        **JR WYATT LAW, PLLC**

                                        Justin R. Wyatt
                                        *Attorneys for* ▓▓▓
                                        415 Madison Avenue, 18th Floor
                                        New York, New York 10017
                                        Telephone: (212) 557-2776
                                        Facsimile: (646) 349-2776
                                        Email: justin@jrwyattlaw.com

Exhibit "A"

## Transactions



**Position:**
**College:**
**Current Club:**
**Current Status:**

| Date | Start Club | Result Club | Potential Club | Initial Status | Result Status | Description | Comments |
|---|---|---|---|---|---|---|---|
| 8/28/2008 | | | | Waivers/No Rec. | Free Agent | Terminated Via Waivers, all contracts | 🗐 |
| 8/27/2008 | | | | Active | Waivers/No Rec. | Waived, No Recall | |
| 2/11/2008 | | | | R/PUP | Active | Activated, from Reserve | |
| 8/27/2007 | | | | Active/PUP | R/PUP | Reserve/Physically Unable to Perform | |
| 7/30/2007 | | | | Active | Active/PUP | Declared Physically Unable to Perform | |
| 2/5/2007 | | | | R/Injured | Active | Activated, from Reserve | |
| 12/19/2006 | | | | Inactive | R/Injured | Reserve/Injured | |
| 12/17/2006 | | | | Active | Inactive | De-Activated | |
| 12/13/2006 | | | | Inactive | Active | Activated, from Inactive | |
| 12/10/2006 | | | | Active | Inactive | De-Activated | |
| 12/6/2006 | | | | Inactive | Active | Activated, from Inactive | |
| 11/30/2006 | | | | Active | Inactive | De-Activated | |
| 11/15/2006 | | | | Inactive | Active | Activated, from Inactive | |
| 11/12/2006 | | | | Active | Inactive | De-Activated | |
| 11/8/2006 | | | | Inactive | Active | Activated, from Inactive | |
| 11/5/2006 | | | | Active | Inactive | De-Activated | |
| 11/1/2006 | | | | Inactive | Active | Activated, from Inactive | |
| 10/29/2006 | | | | Active | Inactive | De-Activated | |
| 10/18/2006 | | | | Inactive | Active | Activated, from Inactive | |
| 10/15/2006 | | | | Active | Inactive | De-Activated | |
| 10/11/2006 | | | | Inactive | Active | Activated, from Inactive | |
| 10/9/2006 | | | | Active | Inactive | De-Activated | |
| 10/4/2006 | | | | Inactive | Active | Activated, from Inactive | |
| 10/1/2006 | | | | Active | Inactive | De-Activated | |
| 9/27/2006 | | | | Inactive | Active | Activated, from Inactive | |
| 9/24/2006 | | | | Active | Inactive | De-Activated | |
| 9/20/2006 | | | | Inactive | Active | Activated, from Inactive | |
| 9/17/2006 | | | | Active | Inactive | De-Activated | |
| 9/13/2006 | | | | Inactive | Active | Activated, from Inactive | |
| 9/10/2006 | | | | Active | Inactive | De-Activated | |
| 3/13/2006 | | | | Active | Active | Option Exercised | 🗐 |
| 2/14/2006 | | | | R/Injured | Active | Activated, from Reserve | |
| 8/30/2005 | | | | Active | R/Injured | Reserve/Injured | |
| 8/1/2005 | | | | R/Drft; Unsign | Active | Selection List Signing | 🗐 |
| 4/23/2005 | | | | | R/Drft; Unsign | Reserve/Selection List | 🗐 |

Exhibit "B"

Exhibit B

STATE OF OKLAHOMA       :
                        : SS
COUNTY OF PONTOTOC      :

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

I, ▮▮▮▮ being duly sworn according to the law, do hereby depose and say the following:

1. ▮▮▮▮ is a former NFL football player currently institutionalized for concussion-related conditions. ▮▮▮▮ played 3 seasons in the NFL; however, none of these seasons is currently considered an Eligible Season, effectively depriving him of an award. The only season relevant to this challenge is ▮▮▮▮ 2006 season with the ▮▮▮▮.

2. In 2006, ▮▮▮▮ played in two games. For an additional 12 games, he practiced the entire week, but was deactivated for the game a few hours before kick-off. Specifically, a few hours before a game, NFL teams must reduce their 53-Man Roster to a 45-Man Roster. Only players on the 45-Man Roster are eligible to play in a game. ▮▮▮▮ was on the 53-Man Roster for 14 games, but only on the 45-Man Roster for 2 games.

3. Despite not being active to playing 12 games, ▮▮▮▮ was physically present with the team on the date of each of these games. ▮▮▮▮ was eligible to play on the date of each of these games (i.e., he was not on IR, suspended or otherwise ineligible to play). Finally, ▮▮▮▮ was under contract for the entire 2006 season.

I declare under penalty of perjury pursuant to the laws of the State of Oklahoma and the United States of America that the foregoing is true and correct.

Dated: 11·15·17

Sworn and signed before me this
5 day of November, 2017.

BOBBY JOE TRAIL
Notary Public, State of Oklahoma
Commission # 14006486
My Commission Expires July 24, 2018