IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO:<br><br>Adrian L. Robinson, Sr. and Terri J. Robinson as Personal Representatives and Co-Administrators of the Estate of Adrian Lynn Robinson, Jr., DECEASED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE, et al.<br><br>Defendants. | No. 2:17-cv-2736-AB |
| A.H. by her guardian, SHAYANNA JENKINS HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE, et al.<br><br>Defendants. | No. 2:18-cv-00464-AB |

**NOTICE**

On February 16, 2018, the Court received a letter (attached) from counsel for Plaintiffs in the actions *Robinson v. National Football League*, No. 17-2736 and *Hernandez v. National Football League*, No. 18-464. On February 26, 2018, the NFL Parties responded, also via letter to the Court (attached). Because these letters were not filed on ECF, the Court will not consider their contents.

3/6/18
DATE

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:            Copies **MAILED** on _____ to:

**THE BRAD SOHN LAW FIRM, PLLC**

Bradford Rothwell Sohn, Esq.
Brad@Sohn.com

February 16, 2017

*via e-mail only*

    RE:    *Robinson v. Nat'l Football League, et al*, No. 2:17-cv-2736-AB ("*Robinson*");
             *Hernandez v. Nat'l Football League, et al*, No. 2:18-cv-464-AB ("*Hernandez*"); and
             *Burnett v. Riddell, Inc., et al*, No. 2:18-cv-551-AB ("*Burnett*")

Hon. Judge Anita B. Brody
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 7613
Philadelphia, PA 19106

Dear Judge Brody,

        As you may know, I am counsel for the *Robinson* and *Hernandez* Plaintiffs. In addition, counsel for the *Burnett* Plaintiffs asked me to include their common concerns within this letter. On behalf of *all* of these clients and counsel (including my own co-counsel), I write in hopes of scheduling either a *de facto* Rule 16 conference for post-settlement (*e.g.*, non-opt-out) litigants, or, simply in hopes of gaining any further insights from the Court in whatever form it prefers, and with particular attention to those briefing and SFC-filing scheduling orders created last year, and at a time when the only opt-out litigants were "in play."

        Those prior CMOs, governing procedure and scheduling, simply did not account for the possibility of new, *non-opt-out* actions; and, of course, subsequently that possibility materialized. In the meantime, various deadlines lapsed prior to these actions being consolidated into the MDL.[1] The time for SFC (opt-out and Riddell-related) filings, for example, ran literally before the *Burnett* and *Hernandez* complaints had even been filed in their respective state and federal transferor courts.

---

[1] This issue is particularly confusing with respect to the *Robinson* litigation. Uniquely, *Robinson* became part of the MDL over last summer, in July, but questions remained until October regarding its "related" status. Pending in *Robinson* is Plaintiffs' Motion to Remand, now fully briefed, but not referenced in the Court's Order dated July 18, 2017. D.E. 8030, at ¶ 6-14. That remand analysis—as no one disputes—relates to the removed, state-court pleading; it does not relate to the SAMAC, which only control with respect to *Robinson* if the Court determines that federal jurisdiction exits. Unable to receive clarification and agreement (from Defendants) on these issues, the *Robinsons* filed provisional SFCs as attachments to their remand briefing, intended to be operative, if and when the Court determined it had jurisdiction. In the meantime, however, the Defendants have confusingly included the *Robinson*-related argument within their opt-out/SAMAC Rule 12 briefing. This particularly confuses matters, as the Robinsons lacked notice and opportunity to respond to this briefing, which premised on a non-yet operative pleading. Thus, it would seem to be unripe, and improperly before the Court, until and unless it denies remand.

THE BRAD SOHN LAW FIRM, PLLC
2600 Douglas Road, Suite 1007 Coral Gables, Florida 33134
TELEPHONE (786) 708-9750 FAX (305) 397-0650

**THE BRAD SOHN LAW FIRM, PLLC**

Bradford Rothwell Sohn, Esq.
Brad@Sohn.com

      Nevertheless, various Defendants have referenced non-opt-out Plaintiffs within their *opt-out-related* Rule 12 reply briefing presently before the Court. *See* D.E. 9965, at 10, n.1 (seeking the dismissal of *Hernandez* prior to the filing of an SFC or remand motion); *see also id.*, at 41, n. 18 (seeking dismissal of the *Robinson* action.)

      Their having done so poses a challenge: how can we be heard on behalf of our clients, in light of the procedures in place not created for potential future litigants? Can the Defendants properly seek dismissal—particularly due to the lapsed SFC filing deadline—in light of this situation? How does the Court prefer that we advocate for our clients, particularly where the Plaintiffs'-side SAMAC briefing has been presented by Ms. Fleishman, whose role does not extend into these non-opt-out cases?

      We recognize that the Court's time is a precious resource and do not seek to waste it, nor to disrupt the procedures set forth for opt-out litigants. Nevertheless, we simply do not know how best to approach this. If the Court wishes that we address these issues with the Defendants, we are happy to revisit doing so, though—speaking on behalf of myself and my clients referenced in this letter—I have attempted this already, and without much traction. I am therefore respectfully asking the Court either to address this matter as it sees fit, or alternatively, to request that the collective do so; part of our problem, and the genesis of this letter, at least as relates to my own clients, has been an inability to understand the Defendants' respective positions on this unusual circumstance-beyond simply reading vague reference to these cases in the separate, Rule 12 briefing. Thus, Court's words—in whatever form—would seem to be quite beneficial in this regard.

      Regards and thank you for your consideration,

*/s/ Bradford R. Sohn*

Bradford R. Sohn

BRS/brs
cc: Counsel of Record

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K GARRISON (1946-1991)
RANDOLPH E PAUL (1946-1956)
SIMON H RIFKIND (1950-1995)
LOUIS S WEISS (1927-1950)
JOHN F WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER
212-373-3165

WRITER'S DIRECT FACSIMILE
212-492-0165

WRITER'S DIRECT E-MAIL ADDRESS
bbirenboim@paulweiss.com

UNIT 3601 OFFICE TOWER A BEIJING FORTUNE PLAZA
NO 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR HONG KONG CLUB BUILDING
3A CHATER ROAD CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU TOKYO 100-0011 JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO DOMINION CENTRE
77 KING STREET WEST SUITE 3100
PO BOX 226
TORONTO ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET NW
WASHINGTON DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE SUITE 200
POST OFFICE BOX 32
WILMINGTON DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W ABBOTT
EDWARD T ACKERMAN
JACOB A ADLERSTEIN
ALLAN J ARFFA
ROBERT A ATKINS
DAVID J BALL
SCOTT A BARSHAY
PAUL M BASTA
JOHN F BAUGHMAN
J STEVEN BAUGHMAN
LYNN B BAYARD
CRAIG A BENSON
MITCHELL L BERG
MARK S BERGMAN
DAVID M BERNICK
JOSEPH J BIAL
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JESSICA S CAREY
JEANETTE K CHAN
GEOFFREY R CHEPIGA
ELLEN N CHING
WILLIAM A CLAREMAN
LEWIS R CLAYTON
YAHONNES CLEARY
JAY COHEN
KELLEY A CORNISH
CHRISTOPHER J CUMMINGS
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
ALICE BELISLE EATON
ANDREW J EHRLICH
GREGORY A EZRING
LESLIE GORDON FAGEN
ROSS A FIELDSTON
BRAD J FINKELSTEIN
BRIAN P FINNEGAN
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
ANDREW J FORMAN*
HARRIS B FREIDUS
MANUEL S FREY
ANDREW L GAINES
KENNETH A GALLO
MICHAEL E GERTZMAN
ADAM M GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
ROBERTO J GONZALEZ*
CATHERINE L GOODALL
ERIC GOODISON
CHARLES H GOOGE JR
ANDREW G GORDON
BRIAN S GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A GUTENPLAN
ALAN S HALPERIN
JUSTIN G HAMILL
CLAUDIA HAMMERMAN
BRIAN S HERMANN
MICHELE HIRSHMAN
MICHAEL S HONG
DAVID S HUNTINGTON
AMRAN HUSSEIN
LORETTA A IPPOLITO
JAREN JANGHORBANI
BRIAN M JANSON
JEH C JOHNSON

MEREDITH J KANE
JONATHAN S KANTER
BRAD S KARP
PATRICK N KARSNITZ
JOHN C KENNEDY
BRIAN KIM
KYLE J KIMPLER
DAVID K KLEIN
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
GREGORY F LAUFER
BRIAN C LAVIN
XIAOYU GREG LIU
JEFFREY D MARELL
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH R McCOLM
ALVARO MEMBRILLERA
MARK F MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B O BRIEN
ALEX YOUNG K OH
BRAD R OKUN
KELLEY D PARKER
LINDSAY B PARKS
VALERIE E RADWANER
CARL L REISNER
LORIN L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
JACQUELINE P RUBIN
CHARLES F RICK RULE*
RAPHAEL M RUSSO
ELIZABETH M SACKSTEDER
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JOHN M SCOTT
DAVID R SICULAR
MOSES SILVERMAN
AUDRA J SOLOWAY
SCOTT M SONTAG
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
RICHARD C TARLOWE
MONICA K THURMOND
DANIEL J TOAL
LIZA M VELAZQUEZ
RAMY J WAHBEH
LAWRENCE G WEE
THEODORE V WELLS JR
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
MARK B WLAZLO
JULIA MASON WOOD
JENNIFER H WU
BETTY YAP*
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
TAURIE M ZEITZER
T ROBERT ZOCHOWSKI JR

*NOT ADMITTED TO THE NEW YORK BAR

February 26, 2018

By Email

Honorable Anita B. Brody
United States District Court
Eastern District of Pennsylvania
James A. Byrne Courthouse
601 Market Street, Room 7613
Philadelphia, PA 19106

   *Robinson v. Nat'l Football League, et al.*, No. 17-cv-2736-AB ("*Robinson*")
   *Hernandez v. Nat'l Football League, et al.*, No. 18-cv-464-AB ("*Hernandez*")

Dear Judge Brody:

   On behalf of the NFL Defendants, we write in response to the February 16, 2018 letter from Brad Sohn regarding the above-referenced litigations, which are part of *In re: Nat'l Football League Players' Concussion Injury Litig.*, No. 12-md-2323-AB (E.D. Pa.) ("MDL 2323"). For the reasons below, the NFL Defendants respectfully submit that there is no need, as Mr. Sohn requests, for separate treatment of, or briefing for, the *Robinson* and *Hernandez* cases.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Anita B. Brody                                                                 2

The *Robinson* and *Hernandez* cases assert the same substantive claims as the other concussion cases consolidated in this MDL proceeding and should be dismissed for the same reasons discussed in the NFL Defendants' pending motions to dismiss the July 11, 2017 Second Amended Master Administrative Long-Form Complaint ("SAC"). Moreover, as is the case with other plaintiffs whose putative claims are pending before the Court (Tracy Scroggins and Rose Stabler), there are also additional reasons to dismiss *Hernandez* at the outset because, as discussed below, Plaintiff is a Settlement Class Member whose claims were released as part of the Class Action Settlement.

Regarding *Robinson*, plaintiffs' motion to remand raises the same preemption issues as the other MDL cases in which remand has been sought, and remand should be denied in *Robinson* for the same reasons it should be denied in these other cases. (*See* Kansas City Chiefs Football Club & Arizona Cardinals Football Club's Joint Opp. to Pls.' Mots. to Remand, ECF No. 8405.) Moreover, pursuant to this Court's April 12, 2017 Order (ECF No. 7477), and as explained in the NFL Defendants' recent motion to dismiss briefing (ECF No. 8403-1 at 6 n.4; ECF No. 8404-1 at 6 n.4), assuming *Robinson* is not remanded, the *Robinson* plaintiffs' claims have been superseded by the SAC, notwithstanding the fact that *Robinson* was filed subsequent to the April 12 Order. (*See* Order 1 n.1 & ¶ 6, April 12, 2017, ECF No. 7477 (providing that complaints by all "non-Settlement Class Member plaintiffs with pending claims" in MDL 2323 are superseded by SAC, *including* complaints "coordinated and/or consolidated in this MDL after [April 12, 2017]"; *see also* Order 1 n.1 & ¶ 2, July 18, 2017, ECF No. 8030 (same).) Accordingly, the *Robinson* plaintiffs' claims should be dismissed for the same reasons that the SAC should be dismissed. (*See generally* ECF No. 8403-1, 8404-1, 9665, 9664.)[1]

Regarding *Hernandez*, plaintiff is a Settlement Class Member who has released the very claims she now improperly purports to assert. (*See* ECF No. 9664 at 35–37; *see also* Mem. in Supp. NFL Defs.' Mot. Stay § I, *Hernandez v. Nat'l Football League, et al.*, No. 17-cv-12244, ECF No. 10 (D. Mass. Nov. 15, 2017); NFL Defs.' Reply Mem. in Supp. Mot. Stay, *Hernandez*, No. 17-cv-12244 (D. Mass. Dec. 11, 2017), ECF No. 37.) The NFL Defendants respectfully submit that the Court should decide this threshold question, which falls under this Court's exclusive jurisdiction to interpret and enforce the Settlement Agreement (*see* Am. Final Order & J. ¶ 17, ECF No. 6534), before addressing any other issues in *Hernandez*, including remand.[2] As noted in the NFL

---

[1] As explained in the NFL Defendants' recently filed reply briefs in support of their motions to dismiss, to the extent that the *Robinson* plaintiffs assert claims against National Football League Foundation, not named in the SAC, those claims are preempted and insufficiently pleaded and thus should be dismissed. (*See* ECF No. 9665 at 32 n.19; ECF No. 9664 at 22–23.)

[2] Indeed, this Court's exclusive jurisdiction to resolve this issue was one of the grounds cited by the Judicial Panel on Multidistrict Litigation in support of its decision to transfer *Hernandez* to MDL 2323. (*See* Transfer Order, *In re Nat'l Football League*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Anita B. Brody 3

Defendants' reply brief on their pending motion to dismiss for failure to state a claim (*see* ECF No. 9664 at 37 n.33), the NFL Defendants are prepared to file a separate motion to dismiss *Hernandez* on this basis if the Court prefers. In addition to the dispositive issue of plaintiff's status as a Settlement Class Member, the claims in *Hernandez* also are subject to dismissal for the same reasons set forth in the NFL Defendants' motions to dismiss the SAC. (*See* ECF No. 9665 at 1 n.1; ECF No. 9664 at 1 n.1.) The NFL Defendants would also be happy to brief those issues further if the Court prefers.

Respectfully submitted,

Bruce Birenboim /cg.

Bruce Birenboim

cc: Bradford R. Sohn, Esq.
Wendy R. Fleishman, Esq.

---

*Concussion Injury Litig.*, MDL 2323 (J.P.M.L. Feb. 1, 2018), ECF No. 704.) Although Hernandez filed a remand motion prior to transfer, the NFL Defendants respectfully submit that the Court should decide the Settlement Class Member issue prior to adjudicating remand.