## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,* Plaintiffs, | |
| v. | |
| National Football League and NFL Properties, LLC, Successor-in-interest to NFL Properties, Inc., Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## ORDER

Pursuant to the Courts continuing jurisdiction over this action as set out in the Courts

Amended Final Order and Judgment (Doc. No. 6534, paragraph 17), it is hereby **ORDERED**

that the attached rules governing Attorney's Liens are **ADOPTED.**

BY THE COURT:

David R. Strawbridge, USMJ
Date: March 6, 2018

Approved.

Anita B. Brody, J.
Date: March 6, 2018

# NFL CONCUSSION SETTLEMENT

IN RE NATIONAL FOOTBALL LEAGUE PLAYERS CONCUSSION INJURY LITIGATION
No. 2:12-md-02323 (E.D. Pa.)

# RULES GOVERNING ATTORNEYS' LIENS

# TABLE OF CONTENTS

**Page**

**TITLE I:  GENERAL**...................................................................................................1

    Rule 1.   Purpose of These Rules ....................................................................1
    Rule 2.   Court Approval of These Rules.........................................................1
    Rule 3.   Definitions Used in These Rules.......................................................1
    Rule 4.   Referral to Magistrate Judge ............................................................3
    Rule 5.   How Things are Submitted and Served Under These Rules ............3
    Rule 6.   How to Count Time Periods and the Date Something
             is Submitted Under These Rules .......................................................3

**TITLE II:  ASSERTION AND SUBMISSION OF ATTORNEYS' LIENS** ........................4

    Rule 7.   Required Notice of Attorney's Lien Filed in the Court ...................4
    Rule 8.   Required Proof for an Attorney's Lien and Notice to the Settlement
             Class Member...................................................................................4
    Rule 9.   Attorney's Liens by an Attorney Currently Representing the Settlement
             Class Member...................................................................................5
    Rule 10. Resolution of Dispute Over Attorney's Lien ...................................5

**TITLE III:  DISPUTE RESOLUTION PROCESS**.................................................................5

    Rule 11. Attempts to Reach an Agreement......................................................5
    Rule 12. Agreement to Consent Jurisdiction .................................................5
    Rule 13. Issues in Dispute..............................................................................5
    Rule 14. Statement of Dispute .......................................................................6
    Rule 15. Response Memorandum....................................................................7
    Rule 16. Timing of Document Submissions...................................................7
    Rule 17. Record of Dispute............................................................................8
    Rule 18. Appointment of Counsel ..................................................................8
    Rule 19. Hearing............................................................................................8
    Rule 20. Hearing Procedure...........................................................................9
    Rule 21. Withdrawal of Dispute .....................................................................9
    Rule 22. Magistrate Judge Report and Recommendation..............................10
    Rule 23. Final Decision of the Court ..............................................................10
    Rule 24. Change of Address ...........................................................................10
    Rule 25. Exclusive Retained Jurisdiction ......................................................10
    Rule 26. Implementation of These Rules........................................................10

## EXHIBITS

Exhibit A:  Notice, Consent, and Reference of an Attorney's Lien Dispute to a Magistrate
           Judge for a Final Decision
Exhibit B:  Statement of Fees and Expenses
Exhibit C:  Schedule of Document Submissions
Exhibit D:  Hearing Schedule
Exhibit E:  Withdrawal of Dispute

NFL CONCUSSION SETTLEMENT

## RULES GOVERNING ATTORNEYS' LIENS

### TITLE I:   GENERAL

**Rule 1.   Purpose of These Rules.**  These Rules govern the process for asserting Attorneys' Liens and resolving Disputes as to whether the attorney lienholder's fees and/or costs, if any, may be awarded from the affected Settlement Class Member's Award.  The resolution of the Dispute will necessarily take into account and resolve the extent of any other attorney's fees and/or costs to be awarded from the Settlement Class Member's Award.

**Rule 2.   Court Approval of These Rules.**  The Court has approved these Rules pursuant to its continuing and exclusive jurisdiction under Article XXVII of the Settlement Agreement and Paragraph 17 of the Court's May 8, 2015 Amended Final Approval Order and Judgment (ECF No. 6534).  The Court may amend these Rules at any time.

**Rule 3.   Definitions Used in These Rules.**  All capitalized terms used in these Rules will have the meanings given to them in the Settlement Agreement.  In addition:

(a) "Attorney's Lien" means a Lien asserted by any person or entity for attorney's fees and/or costs for work in connection with representing Settlement Class Members in the NFL concussion litigation and/or in the Settlement Program.  The fees and/or costs sought by an attorney lienholder must not include tasks undertaken for the Settlement Class as a class, or for tasks performed by an attorney that replicate such common benefit tasks, or for any other tasks performed for the common benefit of the Settlement Class Members.  The payment of these common benefit fees and/or costs are addressed through Article XXI of the Settlement Agreement and as addressed in the Court's April 22, 2015 Opinion under the heading "Attorney's Fees." (ECF No. 6509).

(b) "Award" means a Monetary Award, Supplemental Monetary Award, or a Derivative Claimant Award.

(c) "Court" is defined in the Settlement Agreement in Section 2.1(x).

(d) "Dispute" means any disagreement between the Parties over an Attorney's Lien as to the reasonableness and amount of the fees and/or costs sought by the attorney lienholder(s) and any other matter relating to attorney's fees and costs the Court determines are necessary to ensure that the rights of the Parties are protected.

(e) "District Judge" means the Honorable Anita B. Brody, U.S.D.J., or any successor judge.

(f) "Hearing Schedule" is served by the Claims Administrator to the Parties establishing the time and place of the hearing and the hearing procedures, as described in Rules 19 and 20.

(g) "Magistrate Judge" means the Honorable David Strawbridge, U.S.M.J., appointed by the District Judge in the April 4, 2017 Order to handle all Attorney's Lien Disputes (ECF No. 7446) or any other United States Magistrate Judge for the Eastern District of Pennsylvania appointed by subsequent order of the District Judge for this purpose.

NFL CONCUSSION SETTLEMENT

(h) "Notice of Lien" is a notice issued by the Claims Administrator to the Settlement Class Member and the attorney lienholder providing notice of an Attorney's Lien assertion and copies of the required proof, and giving the Settlement Class Member at least 20 days to consent to or dispute the Lien.

(i) "Notice of Duty to Resolve Lien Dispute" is a notice issued by the Claims Administrator to the Settlement Class Member who disputes or fails to consent to an Attorney's Lien and the attorney lienholder explaining that the Claims Administrator will withhold enough money to pay the Lien, to the extent funds are available, until the Dispute is resolved by agreement or the Court.

(j) "Party or Parties to the Dispute" means the current attorney on behalf of a represented Settlement Class Member or an unrepresented Settlement Class Member on his or her own behalf, and any attorney lienholder(s), hereinafter referred to as "Party" or "Parties." The Claims Administrator is not a Party to the Dispute.

(k) "Record" is the compilation of information provided by the Claims Administrator to the Magistrate Judge for his consideration when resolving a Dispute, as described in Rule 17.

(l) "Report and Recommendation" is the Magistrate Judge's recommendation to the District Judge for resolution of the Dispute, as described in Rule 22.

(m)"Response Memorandum" is the information submitted to the Claims Administrator by each Party in response to the Statement(s) of Dispute from other Parties, as described in Rule 15.

(n) "Settlement Class Member" ("SCM") means a Retired NFL Football Player, the Representative Claimant of a deceased or incompetent Retired NFL Football Player, or a Derivative Claimant.

(o) "Settlement Program" means the program for benefits for SCMs established under the Settlement Agreement.

(p) "Schedule of Document Submissions" is the schedule issued by the Claims Administrator to the Parties setting the deadlines for the submission of the Parties' Statements of Dispute and Response Memoranda, as described in Rule 16.

(q) "Statement of Dispute" is the information about the Dispute submitted by the Parties to the Claims Administrator, as described in Rule 14.

(r) "Statement of Fees and Expenses" is the form that an SCM's attorney must sign and return to the Claims Administrator pursuant to the Court's September 7, 2017 Order (ECF No. 8358) and Rule 14 verifying his or her attorney's fees and/or costs, that he or she has thoroughly explained those fees and/or costs to the SCM, and confirming the SCM does not dispute those fees and/or costs.

2



(s) "Withdrawal of Lien Dispute" is a form that must be submitted by all Parties to the Dispute to withdraw from the dispute process and that sets forth the specific agreement for the disbursement of the withheld funds, as described in Rule 21.

**Rule 4.    Referral to Magistrate Judge.** The District Judge has referred all Attorneys' Lien Disputes to the Honorable David Strawbridge, U.S.M.J., pursuant to the Court's April 4, 2017 Order (ECF No. 7446) and as authorized under 28 U.S.C. § 636(b)(3). The Court will issue a final decision in accordance with these Rules.

**Rule 5.    How Things are Submitted and Served Under These Rules.** Where these Rules require service to the Claims Administrator, such service shall be by one of the following methods:

(a) Email to ClaimsAdministrator@NFLConcussionSettlement.com, by a secured and encrypted method and include "ATTN: NFL Liens" in the subject line;

(b) Facsimile to (804) 521-7299, ATTN: NFL Liens;

(c) Mail to NFL Concussion Settlement, Claims Administrator, P.O. Box 25369, Richmond, VA 23260, ATTN: NFL Liens; or

(d) Delivery by overnight carrier to NFL Concussion Settlement, c/o BrownGreer PLC, 250 Rocketts Way, Richmond, VA 23231, ATTN: NFL Liens.

**Rule 6.    How to Count Time Periods and the Date Something is Submitted Under These Rules.**

(a) How to Count Time Periods: Any time period set by these Rules will be computed as follows, which is based on Rule 6 of the Federal Rules of Civil Procedure:

   (1) Do not count the day that starts the running of any period of time. The first day of the period is the day after this trigger day.

   (2) Count every day, including Saturdays, Sundays, and legal holidays.

   (3) Count the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

   (4) Legal holidays are New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day, and any other day declared a holiday by the President of the United States or the United States Congress.

   (5) An additional three days will be added to any time period specified by these Rules for an action or submission where the acting or responding party was served by mail with the Notice or submission requiring action or response rather than by service on a Portal or delivery.



(b) How to Mark the Date Something is Submitted: Any document submitted by email or facsimile will be considered submitted on the date emailed or faxed at the local time of the submitting Party. Documents submitted by mail will be considered submitted on the postmark date. Documents submitted by overnight delivery will be considered submitted on the date delivered to the carrier.

## TITLE II: ASSERTION AND SUBMISSION OF ATTORNEY'S LIEN

**Rule 7.     Required Notice of Attorney's Lien Filed in the Court.** If an attorney wants to assert an Attorney's Lien, or otherwise present a claim against a SCM in any way related to a SCM's Award, he or she must file a notice, but notice only, of Attorney's Lien in the United States District Court for the Eastern District of Pennsylvania, Case No.: 2:12-md-02323-AB. An Attorney's Lien filed with any other court is not binding on the Claims Administrator or effective in the Settlement Program and will not be considered by the Court.

**Rule 8.     Required Proof for an Attorney's Lien and Notice to the Settlement Class Member.** An attorney who asserts an Attorney's Lien is required to provide the following information to the Claims Administrator:

(a) Proof of Attorney's Lien: The Claims Administrator will require an attorney lienholder to submit such information as is necessary to establish the existence of the asserted Attorney's Lien. That documentation must include:

(1) Information to identify the Retired NFL Football Player or Derivative Claimant against whom the Attorney's Lien is alleged (such as the SCM's full name, Social Security Number, Taxpayer Identification Number, Foreign Identification Number, or Settlement Program ID);

(2) The amount of the asserted Attorney's Lien;

(3) The notice of Attorney's Lien filed in the United States District Court for the Eastern District of Pennsylvania, Case No.: 2:12-md-02323-AB as required by Rule 7;

(4) A copy of the attorney's retainer agreement signed by the SCM; and

(5) The dollar amount of the attorney's costs if the attorney is seeking reimbursement of costs in addition to fees.

(b) The Claims Administrator will review the information and send the lienholder an email or letter to acknowledge receipt of the assertion, confirm the lienholder's contact information, and inform the lienholder if it needs further information or documentation about the Lien.

(c) To honor the Lien, the Claims Administrator must receive complete claimant-identifying information and documentary proof before it begins processing the Award.

(d) Notice to the SCM: If the Claims Administrator receives adequate proof of the Attorney's Lien and the affected SCM submits a Claim Package or Derivative Claim Package, the

4



Claims Administrator will issue a Notice of Lien to the SCM and the attorney lienholder before it issues any payment to the SCM. The SCM's Notice of Lien shall include copies of the proof of the Attorney's Lien and provide the SCM with at least 20 days to consent to or dispute the Attorney's Lien.

**Rule 9.    Attorney's Lien by an Attorney Currently Representing the Settlement Class Members.** An SCM's current attorney who believes that other competing Lien payments, including but not limited to those for medical expenses and services, other attorney's fees and/or costs, child support, unpaid taxes, and judgment debts, may interfere with recovery of his or her attorney's fees and/or costs must assert a Lien in accordance with Rules 5, 7, and 8 to protect his or her interests.

**Rule 10.    Resolution of Dispute Over Attorney's Lien.** If the SCM fails to consent to or disputes the Attorney's Lien, the Claims Administrator shall withhold an appropriate amount sufficient to pay the Attorney's Lien as well as the fees and/or costs of any current attorney, to the extent funds are available, and issue a Notice of Duty to Resolve Lien Dispute to the SCM and the attorney lienholder. The Notice advises that the Claims Administrator is not a Party to the Dispute and does not have a decision-making role in how the Dispute will be resolved. It also explains that the Claims Administrator will withhold adequate funds to pay the Lien, to the extent funds are available, until the Dispute is resolved.

The Claims Administrator shall refer the Dispute to the Honorable David Strawbridge, U.S.M.J., or another United States Magistrate Judge for the Eastern District of Pennsylvania. If consent is given pursuant to Rule 12, the Magistrate Judge will issue a final decision in accordance with these Rules and as authorized by 28 U.S.C. § 636(c). Otherwise, the Magistrate Judge will prepare a Report and Recommendation in accordance with these Rules and pursuant to the Court's April 4, 2017 Order (ECF No. 7446) and as authorized by 28 U.S.C. § 636(b)(3).

The Claims Administrator shall disburse the withheld funds in accordance with the Court's final decision.

## TITLE III:  DISPUTE RESOLUTION PROCESS

**Rule 11.    Attempts to Reach an Agreement.** The Parties must make reasonable efforts to resolve the Dispute by agreement before and during the dispute resolution process.

**Rule 12.  Agreement to Consent Jurisdiction.** Pursuant to 28 U.S.C. § 636(c), the Parties may consent to have the Magistrate Judge enter a final order as to the resolution of a Dispute by signing and returning to the Claims Administrator the Notice, Consent, and Reference of an Attorney's Lien Dispute to a Magistrate Judge for a Final Decision (Exhibit A). If such consent is given, Rule 22 will no longer apply and the Magistrate Judge's determination will become the final decision of the Court as described in Rule 23.

**Rule 13.  Issues in Dispute.** The issues in dispute will be limited to those originally raised by the Parties in the Statements of Dispute (see Rule 14) absent some extraordinary circumstance.



**Rule 14.  Statement of Dispute.**

(a) Each attorney lienholder and the current attorney, if the SCM is represented, must serve
the Claims Administrator with a Statement of Dispute including:

    (1) A statement of all issues in dispute;

    (2) A chronology of the tasks performed by the attorney, the date each task was
performed, and the time spent on each task;

    (3) A list of costs with a brief explanation of the purpose of incurring these costs and the
date the costs were incurred;

    (4) The relief sought;

    (5) A summary of the attempts to reach an agreement with the opposing Party;

    (6) Any exhibits; and

    (7) A statement signed by the submitting Party declaring under penalty of perjury
pursuant to 28 U.S.C. § 1746 that the information submitted in the Statement of
Dispute is true and accurate to the best of that Party's knowledge and that the
submitting Party understands that false statements made in connection with this
process may result in fines, sanctions, and/or any other remedy available by law.  The
statement may be signed by a current attorney on behalf of the SCM.  The signature
may be an original wet ink signature, a PDF or other electronic image of an actual
signature, or an electronic signature.

(b) The current attorney must also include with the Statement of Dispute a copy of his or her
retainer agreement signed by the SCM, any modifications to that agreement, and a signed
copy of the Statement of Fees and Expenses (Exhibit B).

(c) If the SCM is not represented by a lawyer in this process, he or she must serve the Claims
Administrator with a Statement of Dispute that:

    (1) Explains his or her best understanding of the issues;

    (2) Provides a summary of the attempts to reach an agreement with the attorney
lienholder;

    (3) Includes any information that he or she believes would be useful to the Magistrate
Judge about the work performed, any suggested resolution, and any documents or
exhibits he or she wants the Magistrate Judge to consider; and

    (4) Includes a statement signed by the submitting Party declaring under penalty of perjury
pursuant to 28 U.S.C. § 1746 that the information submitted in the Statement of
Dispute is true and accurate to the best of that Party's knowledge and that the
submitting Party understands that false statements made in connection with this



process may result in fines, sanctions, and/or any other remedy available by law. The signature may be an original wet ink signature, a PDF or other electronic image of an actual signature, or an electronic signature.

**Rule 15.  Response Memorandum.**  Each Party may serve the Claims Administrator with a Response Memorandum to the opposing Party's Statement of Dispute.  Each Response Memorandum must contain a statement signed by the submitting Party declaring under penalty of perjury pursuant to 28 U.S.C. § 1746 that the information submitted in the Response Memorandum is true and accurate to the best of that Party's knowledge and that the submitting Party understands that false statements made in connection with this process may result in fines, sanctions, and/or any other remedy available by law.  The statement may be signed by a current attorney on behalf of the SCM.  The signature may be an original wet ink signature, a PDF or other electronic image of an actual signature, or an electronic signature.

If a Party fails to submit a Statement of Dispute, the opposing Party may not submit a Response Memorandum unless requested by the Magistrate Judge.  After a Response Memorandum has been submitted, a Party may not provide any further submissions unless requested by the Magistrate Judge. Any request for a hearing must be made in the Response Memorandum.

**Rule 16.  Timing of Document Submissions.**  The Claims Administrator will serve the Parties with a Schedule of Document Submissions (Exhibit C) as determined by the Magistrate Judge.

(a) Statement of Dispute:  Each Party must submit a Statement of Dispute within 30 days after the date of the Schedule of Document Submissions.  The Claims Administrator will serve each Party with the opposing Party's Statement of Dispute.

(b) Response Memorandum:  Each Party may submit a Response Memorandum within 15 days after the date the Claims Administrator serves the Statements of Dispute on the Parties.  The Claims Administrator will serve each Party with the opposing Party's Response Memorandum.

(c) The Record:  Within 20 days after the date the Claims Administrator serves the Response Memoranda on the Parties, the Claims Administrator will provide the complete Record to the Magistrate Judge, along with a statement of the amount of any Award funds withheld pending resolution of the Dispute.

(d) Exclusions from the Record:  Any documents received after the Claims Administrator provides the Record to the Magistrate Judge will be excluded from the Record, unless directed otherwise by the Magistrate Judge.

(e) Extensions of Time:  Extensions of deadlines are discouraged.  Upon written request of a Party and a showing of good cause, however, the Magistrate Judge may exercise discretion to extend or modify any submission deadline established by these Rules. Before any such request is presented to the Magistrate Judge, the Parties must confer and advise the Magistrate Judge of any opposition to the request.  The Magistrate Judge will issue a notice of any extension or modification of a submission deadline.  The Claims Administrator will serve the notice on the Parties.

NFL  CONCUSSION SETTLEMENT

**Rule 17.  Record of Dispute.**

(a) The Record to be considered by the Magistrate Judge will consist of:

    (1) A copy of the Notice of Monetary Award Claim Determination or Notice of Derivative Claimant Award Determination;

    (2) The Notice of Lien to the SCM with the attachments (a copy of the attorney lienholder's retainer agreement signed by the SCM, a copy of the notice of Attorney's Lien filed in the Court, and the amount of any costs provided by the attorney lienholder);

    (3) The SCM's response, if any, to the Notice of Lien that he or she disputes the Lien;

    (4) If the SCM is represented, a copy of the current attorney's retainer agreement signed by the SCM and a signed copy of the Statement of Fees and Expenses as provided in Rule 14;

    (5) The Statements of Dispute from each Party as provided in Rule 14;

    (6) The Response Memoranda from each Party as provided in Rule 15; and

    (7) Any additional evidence produced by either Party in response to a request of the Magistrate Judge.

(b) The Claims Administrator will assemble the complete Record and provide it to the Magistrate Judge, along with a statement of the amount of the Award withheld pending resolution of the Dispute.

      **Rule 18.  Appointment of Counsel.**  The Magistrate Judge has the discretion to appoint counsel for any unrepresented SCM pursuant to the Court's January 8, 2018 Order (ECF No. 9561). An unrepresented SCM must serve the Claims Administrator with a written request showing good cause for appointment of counsel.  The Claims Administrator will present the request to the Magistrate Judge and inform the SCM of the determination.

**Rule 19.  Hearing.**

(a) Hearing Request:  Any Party may request a hearing with the Magistrate Judge, provided that such request is submitted in its Response Memorandum, as is required by Rule 15. The Magistrate Judge in his own discretion may order a hearing, if he determines that such proceeding would aid him in the resolution of the Dispute.  The Magistrate Judge will determine if such hearing will be in-person, by video conference, or by telephone.

(b) Hearing Schedule:  If the Magistrate Judge determines a hearing is necessary, the Claims Administrator will serve a Hearing Schedule (Exhibit D) on the Parties.  The hearing will be scheduled promptly, but no sooner than 20 days after the date of the Hearing Schedule. No provision of this Schedule will be modified except upon written request for modification within 14 days of the date of this Schedule.  Thereafter, this Schedule may be modified only



upon a showing of good cause that the deadline cannot reasonably be met despite the diligence of the Party seeking modification.

(c) Telephonic or Video Conference Access for Hearing: The Claims Administrator will make the necessary arrangements for telephone or video conference access if the Magistrate Judge orders a hearing.

(d) Accommodations: If a Party needs special accommodations for this process, that Party must make the necessary arrangements for those accommodations.

**Rule 20. Hearing Procedure.** If the Magistrate Judge orders a hearing, the following procedure will apply.

(a) Testimony Under Oath or Affirmation: Hearing testimony must be submitted under oath or affirmation administered by the Magistrate Judge or by any duly qualified person. All information presented at the hearing is provided in accordance with the certification submitted with the Response Memorandum.

(b) Audio Recording of Hearing: The hearing proceedings will be audio-recorded. The recording will be available through the Clerk's Office at the United States District Court for the Eastern District of Pennsylvania. Pursuant to 28 U.S.C § 753(b), the Parties may listen to the recording at the Clerk's Office during normal business hours without charge. The Parties may also order a transcript of the proceedings at their own expense.

(c) Evidence: The evidence that the Magistrate Judge may consider is limited to the Record, oral arguments and testimony, and any additional documentation properly presented during the hearing.

(d) Participation: All Parties and their counsel, if any, must participate in the hearing. Failure to participate without prior approval from the Magistrate Judge will result in the Magistrate Judge issuing a decision based on the Record at the time of the hearing, together with any other evidence presented at the hearing.

(e) Advocates: The Parties may, but are not required to, be represented by a lawyer. An SCM who does not have a lawyer for the hearing may, with the Magistrate Judge's permission, be represented by a non-attorney advocate.

**Rule 21. Withdrawal of Dispute.** If the Parties reach an agreement at any time before the Magistrate Judge issues a decision, and each Party serves a signed Withdrawal of Lien Dispute ("Withdrawal") (Exhibit E) on the Claims Administrator, the process will end. The Withdrawal may be signed by a current attorney on behalf of the SCM. The signature may be an original wet ink signature, a PDF or other electronic image of an actual signature, or an electronic signature. The Claims Administrator will pay the withheld portion of the Award to the SCM or to the current attorney (if the SCM is represented) and any attorney lienholder(s) as agreed to and stated in the Withdrawal, and according to the provisions of the Settlement Agreement and all relevant Court orders.

9



**Rule 22.  Magistrate Judge Report and Recommendation.**

(a) Issuance:  The Magistrate Judge will issue a Report and Recommendation after consideration of the Record and any evidence properly submitted during a hearing.

(b) Content:  The Report and Recommendation will be in writing and will set forth a recommended disposition of the Dispute.

(c) Service:  The Claims Administrator will serve the Report and Recommendation on the Parties.

(d) Objections to Report and Recommendation:  In accordance with Fed. R. Civ. P. 72(b)(2), the Parties will have 14 days from the date the Claims Administrator serves the Report and Recommendation to file specific written objections with the District Judge.  The Claims Administrator will serve copies of the written objections on the Parties.  The Parties will have 14 days from the date the Claims Administrator serves any objections to file a written response to the opposing Party's objections.  The Claims Administrator will serve copies of any responses to the objections on the Parties.

**Rule 23.  Final Decision of the Court.**  Except where Rule 12 may apply, the District Judge will, in accordance with Fed. R. Civ. P. 72(b)(3), enter a final decision after consideration of the Report and Recommendation from the Magistrate Judge and any objections from the Parties.  Where Rule 12 does apply, the Magistrate Judge will issue the final decision of the Court.

Upon issuance of the final decision by the Court, the Record will be transferred to the Claims Administrator.  The Claims Administrator will serve copies of the final decision on the Parties.  Any Party may appeal the final decision.

Within 7 days after the date of the final decision, the Court may exercise discretion to modify or correct the final decision if there was a mathematical error or an obvious material mistake in computing the amount to be paid to the attorney lienholder and/or the SCM.

After any timely appeals are resolved, the Claims Administrator will disburse the withheld funds in accordance with the final decision and the provisions of the Settlement Agreement and Court orders regarding implementation.

**Rule 24.  Change of Address.**  If a Party changes its mailing address, email address, or phone number at any time during this process, the burden will be on that Party to notify the Claims Administrator and the opposing Party immediately.  The Claims Administrator will keep all addresses on file, and the Parties may rely on these addresses until the Claims Administrator notifies them of a change.

**Rule 25.  Exclusive Retained Jurisdiction.**  The Court retains continuing and exclusive jurisdiction over the interpretation, implementation, and enforcement of these Rules.

**Rule 26.  Implementation of these Rules.**  The Claims Administrator has discretion to develop and maintain internal policies and procedures it deems necessary to implement these Rules.



# NFL CONCUSSION SETTLEMENT

IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION
No. 2:12-md-02323 (E.D. Pa.)

| | |
|---|---|
| **NOTICE, CONSENT, AND REFERENCE OF AN ATTORNEY'S LIEN DISPUTE TO A MAGISTRATE JUDGE FOR A FINAL DECISION** | |
| **I.    PARTIES TO THE DISPUTE** | |
| Dispute: | Settlement Class Member v. Attorney Lienholder |
| Case No.: | XXXXX |

**II.    NOTICE OF A MAGISTRATE JUDGE'S AVAILABILITY**

A United States Magistrate Judge of this Court is available to conduct all proceedings and enter a final decision dispositive of each Dispute.  A Magistrate Judge may exercise this authority to resolve a Dispute over an Attorney's Lien only if all Parties voluntarily consent.

**III.    CONSENT**

Both Parties to the Dispute may consent to have the Dispute referred to a Magistrate Judge for entry of a final decision, or either Party may withhold consent without adverse substantive consequences.  The name of any Party withholding consent will not be revealed to a Magistrate Judge who may otherwise be involved with your case.

If either Party does not consent to have the Dispute referred to a Magistrate Judge for final disposition, the District Judge will enter a final decision resolving the Dispute after consideration of the Report and Recommendation from the Magistrate Judge and any objections from the Parties.

**IV.    CERTIFICATION**

Both the Settlement Class Member or his or her attorney, if represented, and attorney lienholder must submit a signed copy of this form to the Claims Administrator to allow a Magistrate Judge to enter a final order resolving the Dispute. The statement may be signed by a current attorney on behalf of the Settlement Class Member.  The signature may be an original wet ink signature, a PDF or other electronic image of an actual signature, or an electronic signature.

**By signing below, the following Party consents to have a United States Magistrate Judge conduct any and all proceedings and enter a final decision as to the <u>Notice of Attorney's Lien (ECF No.         ).</u>**

| Signature | | Date | |
|---|---|---|---|
| **Printed Name** | First                                    M.I.   Last | | |
| **Law Firm** | | | |

**EXHIBIT A**

# NFL CONCUSSION SETTLEMENT

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS CONCUSSION INJURY LITIGATION*
*No. 2:12-md-02323 (E.D. Pa.)*

## STATEMENT OF ATTORNEY FEES AND EXPENSES

This Statement of Attorney Fees and Expenses ("Statement") is required pursuant to the Court's 9/7/17 Orders. An attorney from each law firm subject to Funding Requests after the 9/7/17 Orders must complete one Statement for each Settlement Class Member the firm represents within 10 days after the Claims Administrator's request.

Submit the Statement(s) to the Claims Administrator by email to the assigned Law Firm Contact.

### I.   SETTLEMENT CLASS MEMBER INFORMATION

| Settlement Program ID | | | | |
|---|---|---|---|---|
| **Name** | First | | M.I. | Last |
| **Settlement Class Member Type** | | | | |
| **Primary Counsel** | | | | |

### II.   ATTORNEY FEES AND EXPENSES

| | | |
|---|---|---|
| **A.** | **Contingency Fee Percentage**<br><u>Note</u>: As ordered by the Court, the Claims Administrator must subtract 5% of the Award for Common Benefit Fees, which will reduce your percentage by 5% of the Award. When you list your fee percentage on this form, list your full fee percentage. We will then make the applicable 5% adjustment. If your law firm is under a flat fee or hourly fee arrangement with this Settlement Class Member, indicate the total amount of fees incurred. | |
| **B.** | **Amount of Expenses** | |

### III.   VERIFICATION OF REASONABLENESS OF FEES AND EXPENSES

By signing below, I verify that my fees and expenses in connection with my representation of the Settlement Class Member in *In re: National Football League Players' Concussion Injury Litigation,* No. 2:12-md-2323 (E.D. Pa.) are reasonable, that I have thoroughly explained my fees and expenses to the Settlement Class Member, and that he or she does not dispute my fees or expenses.

### IV.   CERTIFICATION

**By signing below, I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that all information provided in this Statement of Attorney Fees and Expenses is true and correct to the best of my knowledge, information and belief.**

| Signature | | | Date | |
|---|---|---|---|---|
| **Printed Name** | First | M.I. | Last | |
| **Law Firm** | | | | |

**EXHIBIT B**



## ATTORNEY'S LIEN DISPUTE RESOLUTION PROCESS
## SCHEDULE OF DOCUMENT SUBMISSIONS

DISPUTE: Settlement Class Member v. Attorney Lienholder
CASE NO: XXXXXX

In accordance with Rule 16 of the Rules Governing Attorneys' Liens (the "Rules"), each Party must comply with the following Schedule of Document Submissions:

1. Statement of Dispute:  Within 30 days of the date of this Schedule or by Month Day, 2018:

   (a) Each attorney lienholder and the current attorney, if the Settlement Class Member is represented, must serve the Claims Administrator with a Statement of Dispute including:

      (1) A statement of all issues in dispute;

      (2) A chronology of the tasks performed by the attorney, the date each task was performed, and the time spent on each task;

      (3) A list of costs with a brief explanation of the purpose of incurring these costs and the date the costs were incurred;

      (4) The relief sought;

      (5) A summary of the attempts to reach an agreement with the opposing Party;

      (6) Any exhibits; and

      (7) A statement signed by the submitting Party declaring under penalty of perjury pursuant to 28 U.S.C. § 1746 that the information submitted in the Statement of Dispute is true and accurate to the best of that Party's knowledge and that the submitting Party understands that false statements made in connection with this process may result in fines, sanctions, and/or any other remedy available by law.  The statement may be signed by a current attorney on behalf of the Settlement Class Member.  The signature may be an original wet ink signature, a PDF or other electronic image of an actual signature, or an electronic signature.

   (b) The Settlement Class Member's current attorney must also include with the Statement of Dispute:

      (1) A copy of his or her retainer agreement signed by the Settlement Class Member and any modifications to that agreement; and

      (2) A signed copy of the Statement of Fees and Expenses.

**EXHIBIT C**

(c) If the Settlement Class Member is not represented, he or she must serve the Claims Administrator with a Statement of Dispute that:

    (1) Explains his or her best understanding of the issues;

    (2) Provides a summary of the attempts to reach an agreement with the attorney lienholder;

    (3) Includes any information that he or she thinks would be useful to the Magistrate Judge about the work performed, any suggested resolution, and any documents or exhibits he or she wants the Magistrate Judge to consider; and

    (4) Includes a statement signed by the submitting Party declaring under penalty of perjury pursuant to 28 U.S.C. § 1746 that the information submitted in the Statement of Dispute is true and accurate to the best of that Party's knowledge and that the submitting Party understands that false statements made in connection with this process may result in fines, sanctions, and/or any other remedy available by law. The signature may be an original wet ink signature, a PDF or other electronic image of an actual signature, or an electronic signature.

2. Response Memorandum: Within 15 days after the Claims Administrator serves the Statements of Dispute on the Parties, each Party may serve the Claims Administrator with a Response Memorandum to the opposing Party's Statement of Dispute. Each Response Memorandum must contain a statement signed by the submitting Party declaring under penalty of perjury pursuant to 28 U.S.C. § 1746 that the information submitted in the Response Memorandum is true and accurate to the best of that Party's knowledge and that the submitting Party understands that false statements made in connection with this process may result in fines, sanctions, and/or any other remedy available by law. The statement may be signed by a current attorney on behalf of the Settlement Class Member. The signature may be an original wet ink signature, a PDF or other electronic image of an actual signature, or an electronic signature.

If a Party fails to submit a Statement of Dispute, the opposing Party may not submit a Response Memorandum unless requested by the Magistrate Judge. After a Response Memorandum has been submitted, a Party may not provide any further submissions unless requested by the Magistrate Judge.

Any request for a hearing must be made in the Response Memorandum.

3. Extensions of deadlines are discouraged. A request for a modification or extension of a submission deadline must be made in writing with a showing of good cause. Before any such request is presented to the Magistrate Judge, the Parties must confer and advise the Magistrate Judge of any opposition to the request.

4. Statements of Dispute, Response Memoranda, extension requests, and other submissions must be served on the Claims Administrator in accordance with Rules 5 and 6.

/s/ Magistrate Judge David R. Strawbridge

Issue Date: Month Day, 2018



## ATTORNEY'S LIEN DISPUTE RESOLUTION PROCESS
## HEARING SCHEDULE

DISPUTE: Settlement Class Member v. Attorney Lienholder
CASE NO: XXXXXX

Based on the hearing request in the [Party's Name] Response Memorandum, on Month Day, 2018, it is ORDERED:

1. This Dispute will be decided after a [in-person OR telephonic OR video] hearing on Month Day, 2018, at 00:00 a.m./p.m. Eastern Time.

2. The hearing will be conducted at [Court's address and Courtroom No. OR by telephone conference at the following number: 1-xxx-xxx-xxxx, Participant Code: xxxxxxx OR by video conference _____].

3. The hearing will be audio-recorded. The recording will be made available to the Parties to listen to or to transcribe at their own expense.

4. All Parties and their counsel, if any, must participate in the hearing. Failure to participate without prior approval from the Magistrate Judge will result in the Magistrate Judge issuing a decision based on the Record at the time of the hearing, together with any other evidence presented at the hearing.

5. If the Parties consent to the jurisdiction of the Magistrate Judge to issue a final decision, the Magistrate Judge's final decision will issue after consideration of the Record and any evidence properly submitted during the hearing. The Claims Administrator will serve copies of the final decision on the Parties.

6. If the Parties do not consent to the jurisdiction of the Magistrate Judge:

   (a) The Magistrate Judge will issue a Report and Recommendation after consideration of the Record and any evidence properly submitted during the hearing. The Claims Administrator will serve the Report and Recommendation on the Parties.

   (b) The Parties will have 14 days from the date the Claims Administrator serves the Report and Recommendation to file specific written objections with the District Judge. The Claims Administrator will serve copies of the written objections on the Parties. The Parties will have 14 days from the date the Claims Administrator serves any objections to file a written response to the opposing Party's objections. The Claims Administrator will serve copies of any responses to the objections on the Parties.

   (c) The District Judge will enter a final decision after consideration of the Report and Recommendation from the Magistrate Judge and any objections from the Parties. The Claims Administrator will serve copies of the final decision on the Parties.

7. After any timely appeals are concluded, the Claims Administrator will disburse the withheld funds in accordance with the final decision and the provisions of the Settlement Agreement and Court orders regarding implementation.

**EXHIBIT D**

8.  No provision of this Schedule will be modified except upon written request for modification within 14 days of the date of this Schedule.  Thereafter, this Schedule may be modified only upon a showing of good cause that the deadline cannot reasonably be met despite the diligence of the Party seeking modification.

/s/ Magistrate Judge David R. Strawbridge

Issue Date: Month Day, 2018

# NFL CONCUSSION SETTLEMENT

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## WITHDRAWAL OF ATTORNEY'S LIEN DISPUTE

### I.   SETTLEMENT CLASS MEMBER INFORMATION

| | | | |
|---|---|---|---|
| **Name** | First | M.I. | Last |
| **Settlement Class Member Type** | | | |
| **Primary Counsel** | | | |
| **Address** | Street | | |
| | City | State | Zip |
| **Email Address** | | | |

### II.   LIENHOLDER INFORMATION (#1)

| | | | |
|---|---|---|---|
| **Name** | Full Name or Law Firm Name | | |
| **Address** | Street | | |
| | City | State | Zip |
| **Email Address** | | | |

### III.   LIENHOLDER INFORMATION (#2) (IF APPLICABLE)

| | | | |
|---|---|---|---|
| **Name** | Full Name or Law Firm Name | | |
| **Address** | Street | | |
| | City | State | Zip |
| **Email Address** | | | |

**EXHIBIT E**

| **IV.    SUMMARY OF DISPUTE RESOLUTION** | |
|---|---|
| **Agreed Amount to be Paid to Settlement Class Member** | |
| **Agreed Amount to be Paid to Attorney Lienholder #1** | |
| **Agreed Amount to be Paid to Attorney Lienholder #2** | |

Note:  It is understood that the Claims Administrator will pay the Parties these amounts according to the provisions of the Settlement Agreement and Court orders regarding settlement interpretation.

| **V.    HOW TO SERVE THIS REQUEST ON THE CLAIMS ADMINISTRATOR** | |
|---|---|
| **By Email:** | ClaimsAdministrator@NFLConcussionSettlement.com |
| **By Mail:** | NFL Concussion Settlement<br>Claims Administrator<br>P.O. Box 25369<br>Richmond, VA  23260<br>ATTN:  NFL Liens |
| **By Delivery:** | NFL Concussion Settlement<br>c/o BrownGreer PLC<br>250 Rocketts Way<br>Richmond, VA  23231<br>ATTN:  NFL Liens |

## VI.    HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

**Settlement Class Member:**

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance.  If you are unrepresented and have any questions or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com.  If you are a lawyer, call or email your designated Firm Contact for assistance.  For more information about the Settlement Program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.

**Lienholder:**

Contact us at 1-855-877-3485 or email ClaimsAdministrator@NFLConcussionSettlement.com.  For more information about the Settlement Program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.

## VII.    SIGNATURE

Both the Settlement Class Member or his or her attorney, if represented, and attorney lienholder(s) must submit a signed copy of this Withdrawal to the Claims Administrator.   By signing this Withdrawal, each party certifies the following:

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the information provided in this Withdrawal is true and accurate to the best of that Party's knowledge and that the submitting Party understands that false statements made in connection with this process may result in fines, sanctions, and/or other remedy available by law.

I certify that I have/will serve a copy of this signed Withdrawal on the Claims Administrator.

By submitting this Withdrawal, I consent to the payment of Settlement Payment funds according to the terms in Section III.

| Signature | | Date | |
|---|---|---|---|
| **Printed Name** | First | Middle Initial | Last |
| **Law Firm** | | | |