# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE; NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Case No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>The Honorable Anita B. Brody |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>       Plaintiffs,<br><br>   v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>       Defendants. | **MEMORANDUM OF LAW OF RD LEGAL FUNDING, LLC, RD LEGAL FINANCE, LLC, RD LEGAL FUNDING PARTNERS, LP, AND RONI DERSOVITZ IN SUPPORT OF MOTION FOR STAY PENDING APPEAL** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

BROTMAN LAW
ELLEN C. BROTMAN, ESQ.
150 North Radnor Chester Road
 Suite F200
Radnor, Pennsylvania 19087
Telephone:  (610) 977-2412
Facsimile:  (610) 977-0043

BOIES SCHILLER FLEXNER LLP
DAVID K. WILLINGHAM (*pro hac vice*)
 dwillingham@bsfllp.com
MICHAEL D. ROTH (*pro hac vice*)
 mroth@bsfllp.com
JEFFREY M. HAMMER (*pro hac vice*)
 jhammer@bsfllp.com
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for RD LEGAL FUNDING, LLC; RD LEGAL FINANCE, LLC; RD LEGAL FUNDING PARTNERS, LP; and RONI DERSOVITZ

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ...................................................................................................1
II. BACKGROUND ....................................................................................................3
    A. The Referral Order and Co-Lead Class Counsel's Request to Escrow Funds ..........................................................................................................3
    B. The Court's December 8 Order..............................................................3
    C. The Court's February 20 Order..............................................................4
    D. The Special Masters' Rules Governing Assignment of Claims.............5
III. THE COURT SHOULD STAY ITS ORDERS PENDING APPEAL .................5
    A. A Stay Should Be Issued Pursuant to Rule 62(d) Without Requiring the Posting of a Bond......................................................................................5
    B. The Court Lacked Jurisdiction to Order the Claims Administrator to Disburse Settlement Proceeds that Are the Subject of this Appeal ........9
IV. CONCLUSION.....................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Diet Drugs*,
    582 F.3d 524 (3d Cir. 2009)..................................................................................................7

*Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*,
    636 F.2d 755 (D.C. Cir. 1980) ..............................................................................................7

*Griggs v. Provident Consumer Disc. Co.*,
    459 U.S. 56 (1982)......................................................................................................2, 9, 10

*HCB Contractors v. Rouse & Assocs.*,
    168 F.R.D. 508 (E.D. Pa. 1995)............................................................................................7

*Hebert v. Exxon Corp.*,
    953 F.2d 936 (5th Cir. 1992) ................................................................................................6

*Munoz v. City of Philadelphia*,
    537 F. Supp. 2d 749 (E.D. Pa. 2008) .................................................................................7, 8

*Obermayer, Rebmann, Maxwell & Hippel v. West*,
    No. 16-1376, 2018 WL 1074310 (3d Cir. Feb. 27, 2018) ..................................................3, 4

*Red Ball Interior Demolition Corp. v. Palmadessa*,
    947 F. Supp. 116 (S.D.N.Y. 1996)...................................................................................9, 10

*Supinski v. United Parcel Serv., Inc.*,
    No. 3:06-CV-00793, 2012 WL 2905458 (M.D. Pa. July 16, 2012) .......................................5

*Thornhill, LLC v. NVR, Inc.*,
    No. 3:05CV36, 2006 WL 3717917 (N.D. W. Va. Dec. 14, 2006) .......................................10

*In re Trans World Airlines, Inc.*,
    18 F.3d 208 (3d Cir. 1994)................................................................................................6, 7

*Venen v. Sweet*,
    758 F.2d 117 (3d Cir. 1985)..................................................................................................9

**Other Authorities**

Fed. R. Civ. Proc. 62................................................................................................................6

Fed. R. Civ. Proc. 62(c) ...........................................................................................................6

Fed. R. Civ. Proc. 62(d) ................................................................................................. *passim*

N.Y. C.P.L.R. § 5001(a) ..................................................................................................................8

11 Wright & Miller, Fed. Prac. & Proc. Civ. § 2905 (3d ed. Apr. 2017) .........................................6

**I.      INTRODUCTION**

RD Legal Funding Partners, LP, RD Legal Finance, LLC ("FINCO"), RD Legal Funding, LLC, and Roni Dersovitz (collectively, "RD Legal") submit this memorandum of law in support of their motion for stay of this Court's orders issued on December 8, 2017 (ECF No. 9517) ("December 8 Order") and February 20, 2018 (ECF No. 9749) ("February 20 Order") (collectively, the "Orders") pending their appeals of those Orders. To prevent the distribution of a limited amount of the settlement proceeds due to the NFL Players who contracted with FINCO—and thus the dissipation of funds that are subject to the agreements at issue on appeal—RD Legal respectfully asks that the Court issue a ruling on an expedited basis.

RD Legal is entitled to a stay as a matter of right pursuant to Federal Rule of Civil Procedure 62(d). Although a supersedeas bond is usually required under Rule 62(d), under the unique circumstances of this case—where all of the money at issue is being held in the NFL settlement fund—no bond should be required because the Claims Administrator, not RD Legal, controls the settlement proceeds at issue and, even with a stay in place, there is *no risk* that funds will not be available to the seven NFL Players who contracted with FINCO following the outcome of the appeals. A supersedeas bond is not necessary to preserve the status quo or protect the NFL Players who contracted with RD Legal—to the contrary, it would upset the status quo by requiring RD Legal to post a bond to secure the payment of funds that are already being held for distribution by the Claims Administrator (*i.e.*, providing twice the amount needed) with no corresponding benefit to the players—and thus the Court should dispense with the bond requirement and stay the Orders.

A stay will also ensure that settlement proceeds are available for RD Legal pending the outcome of the appeals, and that in the event the appeals are successful, RD Legal will not have

to initiate separate actions in order to recover already disbursed settlement proceeds.  Indeed, in the absence of a stay, disbursement of the proceeds by the Claims Administrator will likely result in further dissipation of the funds by the NFL Players themselves, thereby potentially rendering any attempt by RD Legal to recover funds in a future action an exercise in futility.  RD Legal is entitled to some amount of the proceeds from the settlement fund regardless of whether the Orders are affirmed on appeal (in which case RD Legal is entitled to a distribution of funds under rescission principles) or reversed (in which case RD Legal is entitled to the amounts purchased under the Assignment Agreements).  A stay will ensure those funds are not dissipated.

A stay should be entered for the additional reason that the Court lacked jurisdiction to issue the February 20 Order.  The filing of the Notice of Appeal with respect to the December 8 Order divested the Court of jurisdiction over "those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), *i.e.*, the validity of agreements to assign settlement proceeds and the distribution of funds subject to such agreements.  The Court's February 20 Order—which directed the Claims Administrator to "pay directly to the Settlement Class Member any and all Monetary Awards in cases where there has been found an improper assignment of any right or claim pursuant to" the settlement agreement—directly implicates aspects of the case on appeal (*i.e.*, whether "there has been found an improper assignment").  A stay would preserve the status quo while the Third Circuit determines whether the December 8 Order was correctly decided, and whether the Court lacked jurisdiction to issue the February 20 Order.

The relief RD Legal seeks is consistent with Co-Lead Class Counsel's prior request that the Court order the funds subject to assignment agreements be held in escrow pending the outcome of the dispute—a request RD Legal did not oppose and on which the Court has yet to

rule. As with Co-Lead Class Counsel, RD Legal merely seeks to maintain the status quo. For these reasons and as further explained below, the Court should stay the Orders pending the outcome of the appeals.

## II. BACKGROUND

### A. *The Referral Order and Co-Lead Class Counsel's Request to Escrow Funds*

On September 8, 2017, the Honorable Loretta A. Preska entered an Order in the action captioned *CFPB, et al. v. RD Legal Funding, LLC, et al.*, No. 1:17-cv-890-LAP (S.D.N.Y.), which referred to this Court "the question of whether the NFL Concussion Litigation settlement agreement [the ("Settlement Agreement")] forbids assignments of settlement benefits" (the "Referral Order").

On October 23, 2017, after the referred issue had been fully briefed, Co-Lead Class Counsel filed a motion seeking, among other things, an order directing the Claims Administrator to hold in escrow any portions of monetary awards that are the subject of assignment agreements with third parties, such as RD Legal, pending a "determination of those third parties' rights." (ECF Nos. 8470-0, 8470-1.) The Court still has not ruled on Co-Lead Class Counsel's request, which RD Legal did not oppose. (ECF No. 8910 at 13.)

### B. *The Court's December 8 Order*

On December 8, 2017, this Court issued an "Explanation and Order" with respect to the Referral Order and held that, "under the Settlement Agreement, Class Members are prohibited from assigning or attempting to assign any monetary claims," and that "any such purported assignment is void, invalid and of no force and effect."[1] (ECF No. 9517 at 4.) The December 8

---

[1] Although RD Legal disagrees with the Court's ultimate conclusions, the Court's threshold determination that the Assignment Agreements are assignments under New York law—and not loans—is correct, as the Third Circuit recently affirmed. In *Obermayer, Rebmann, Maxwell &*

3

Order instructed the Claims Administrator "to inquire of every Class Member" and obtain a "verified response" "as to whether that Class Member has made an assignment or attempt to assign." (*Id.* at 5.)  The Order further states that "if the Third-Party Funder is willing to accept rescission and execute a valid waiver relinquishing any claims or rights under the entire agreement creating the assignment or attempted assignment, then the Claims Administrator will be authorized to withhold—from the Class Member's monetary award—the amount already paid to the Class Member under the agreement and return it to the Third-Party Funder." (*Id.*)  The Order states that "[f]urther instructions to the Claims Administrator will follow." (*Id.*)

On January 4, 2018, RD Legal filed a timely Notice of Appeal of the December 8 Order. (ECF No. 9559.)

### C. *The Court's February 20 Order*

On February 20, 2018, more than six weeks after RD Legal filed its Notice of Appeal with respect to the December 8 Order, the Court issued an order directing "that the Claims Administrator pay directly to the Settlement Class Member any and all Monetary Awards in cases *where there has been found an improper assignment* of any right or claim pursuant to Section 30.1 to the Settlement Agreement." (ECF No. 9749 (emphasis added).)  The Court issued the February 20 Order *sua sponte* and without any notice to the parties or an opportunity to be heard.  Under the Court's Orders, should a funding company not agree to waive its claims

---

*Hippel v. West*, No. 16-1376, 2018 WL 1074310, at *2 (3d Cir. Feb. 27, 2018), the court held that the non-recourse purchase of proceeds derived from litigation was a true sale and not a loan. "[A] transaction that neither guarantees the lender an absolute right to repayment nor provides it with security for the debt is not a loan, and as a result, cannot be subject to New York's usury laws." *Id.*  The same is true of RD Legal's purchase of settlement proceeds under the Assignment Agreements.  That conclusion dictates that RD Legal are not "covered persons" under the Consumer Financial Protection Act, and that the CFPB does not have jurisdiction over the RD Legal transactions.

4

and foreclose pursuit of its rights under the assignment agreements, the Claims Administrator has been ordered to pay all funds subject to those agreements directly to the NFL Players.

On March 5, 2018, RD Legal filed a timely Notice of Appeal of the February 20 Order. (ECF No. 9755.)

### D. *The Special Masters' Rules Governing Assignment of Claims*

In the interim, the Special Masters appointed by the Court in July 2016 (ECF No. 6871), have published "Rules Governing Assignment of Claims" (the "Assignment Rules"). https://www.nflconcussionsettlement.com/SettlementPgmRules.aspx. The Assignment Rules purport to effectuate the Court's December 8 Order by implementing a procedure for the Special Masters to determine whether a "transaction is an assignment of rights or claims prohibited by Section 30.1 of the Settlement Agreement and the Court's [December 8 Order]." *Id.* at 1. In the event a transaction is determined to be an assignment and not a loan, and thus prohibited under the December 8 Order, the Assignment Rules provide a mechanism to (a) pay the settlement proceeds directly to the NFL Players (as directed in the February 20 Order) or, (b) if a third-party funder waives certain rights, to rescind the assignment and refund the funding advances and pay the remainder to the players. *Id.* at 3.

### III. THE COURT SHOULD STAY ITS ORDERS PENDING APPEAL

#### A. *A Stay Should Be Issued Pursuant to Rule 62(d) Without Requiring the Posting of a Bond*

Federal Rule of Civil Procedure 62(d) states that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . ." Fed. R. Civ. P. 62(d). "The stay provisions of Rule 62(d) are 'automatic.'" *Supinski v. United Parcel Serv., Inc.*, No. 3:06-CV-00793, 2012 WL 2905458, at *6 (M.D. Pa. July 16, 2012) (quoting *Becker v. United States,* 451 U.S. 1306,

5

1308 (1981)); *see also* 11 Wright & Miller, Fed. Prac. & Proc. Civ. § 2905 (3d ed. Apr. 2017) ("The stay issues as a matter of right in cases within Rule 62(d).").

### 1. Rule 62(d) Applies to the Court's December 8 and February 20 Orders

Some courts restrict the applicability of the automatic stay provisions in Rule 62(d) to appeals of money judgments. *See, e.g.*, *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992). Those courts consider that stays of a judgment for injunctive relief must be requested under Rule 62(c), and thus—even though it is not expressly stated in Rule 62—stays of judgments for money must be brought under Rule 62(d). *Id.* Where, as here, there is essentially a judgment or order for declaratory relief, the inquiry turns on "whether the judgment involved is monetary or nonmonetary," and where a declaratory judgment involves the "pay[ment] [of] a specific sum of money," the automatic stay provisions of Rule 62(d) apply. *Id.*

> We find no support for the proposition that a judgment for money is not entitled to an automatic stay pursuant to Rule 62(d) simply because it takes the form of a declaratory judgment. . . . *The applicability of Rule 62(d) turns not on that distinction, but on whether the judgment involved is monetary or nonmonetary,* so long as the judgment is not otherwise excepted under Rule 62(a). Here, the district court's declaratory judgment binds Albany to pay a specific sum of money. Accordingly, both the language of Rule 62(d) and its underlying rationale entitle Albany to an automatic stay pending appeal in this case.

*Id.* (emphasis added).

In *In re Trans World Airlines, Inc.*, 18 F.3d 208 (3d Cir. 1994), the Third Circuit considered the applicability of Rule 62(d) to a declaratory judgment ordering the immediate disbursement to Trans World Airlines of $8.36 million deposited in the bankruptcy court's registry account. *Id.* at 213. Relying on *Hebert* and its progeny, the Third Circuit concluded that the disbursement order was a money judgment for purposes of Rule 62(d). *Id.* at 213-14 ("[The]

6

court's judgment is best understood as money judgment for stay purposes when it resolves ultimate issue in dispute of who . . . should recover a sum certain of money.") (citing *In re Miranne*, 94 B.R. 413, 415 (E.D. La.), *aff'd*, 861 F.2d 1278 (5th Cir. 1988)).

Similarly, here, there can be no doubt that the combined effect of the Court's December 8 and February 20 Orders is the equivalent of a money judgment ordering the immediate disbursement of funds: (1) the December 8 Order finds RD Legal's assignment contracts void and unenforceable, and (2) the February 20 Order directs the Claims Administrator to disburse the settlement proceeds directly to a Settlement Class Member "*where there has been found an improper assignment*." (ECF Nos. 9517, 9749 (emphasis added).) *In re Trans World Airlines* is thus directly on point: The Court's Orders are a judgment directing the disbursement of funds in dispute, and are thus a money judgment subject to the automatic stay provisions of Rule 62(d).

### 2. The Court Should Order a Stay Without Requiring a Bond

While ordinarily the appellant must post a supersedeas bond under Rule 62(d) in order to obtain a stay as a matter of right, "courts may forego that requirement when there are other means to secure the judgment creditor's interests." *In re Diet Drugs*, 582 F.3d 524, 552 (3d Cir. 2009) (citations omitted). "The purpose of requiring the posting of a supersedeas bond is 'to preserve the status quo during the pendency of an appeal,'" *HCB Contractors v. Rouse & Assocs.*, 168 F.R.D. 508, 511-12 (E.D. Pa. 1995) (quoting *Schreiber v. Kellogg*, 839 F. Supp. 1157, 1159 (E.D. Pa. 1993)), and if the status quo can be maintained without posting a bond, it should not be required. *See also, e.g.*, *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980) (explaining district court has discretion to forego bond requirement, where the bond will not serve to further its purpose "to secure the appellee from loss" during the pendency of the appeal). Accordingly, in *Munoz v. City of Philadelphia*,

537 F. Supp. 2d 749 (E.D. Pa. 2008), the court stayed execution on a judgment against the City of Philadelphia and the Philadelphia Redevelopment Authority without the filing of a supersedeas bond because "there is no basis to think that prompt payment will not take place should the judgment be sustained on appeal." *Id.* at 752.

Here, no supersedeas bond should be required because the disputed funds are being held by the Claims Administrator and thus the seven NFL Players who contracted with RD Legal face absolutely no risk that funds will be unavailable for distribution in the event the Court's Orders are affirmed on appeal. Rather than preserve the status quo by securing the NFL Players' recovery, requiring a bond would *upset* it by forcing RD Legal to post a bond for funds already being held by a neutral third party and which under no circumstance would RD Legal be responsible for paying directly.

A stay will also ensure that funds are not dissipated during the pendency of the appeals. RD Legal paid seven Class Members $1.6 million under the terms of the Assignment Agreements in 2015 and 2016, for the right to purchase $3,430,400.45 of the $11,470,000.00 recovery anticipated to those seven individuals. In the event the seven Assignment Agreements are unenforceable, RD Legal has a claim to the $1.6 million, plus interest, under rescission principles. *See* N.Y. C.P.L.R. § 5001(a). In the event the Assignment Agreements are enforceable, RD Legal is entitled to the $3.43 million in settlement proceeds that are subject to the Assignment Agreements. Under either scenario, a stay will ensure that funds are available to distribute to RD Legal and, depending on the outcome, the NFL Players. Indeed, in the absence of a stay, it appears that the Claims Administrator will follow the Special Masters' Assignment

Rules and dissipate the $1.6 – $3.43 million to which RD Legal has a claim.[2]  *See* https://www.nflconcussionsettlement.com/SettlementPgmRules.aspx.  Accordingly, a stay will also ensure that RD Legal is not required to initiate separate proceedings against the NFL Players to secure their interest in the advanced and purchased funds.  A stay without a bond will thus benefit RD Legal *and* the players, and will harm no one.

> **B.    The Court Lacked Jurisdiction to Order the Claims Administrator to Disburse Settlement Proceeds that Are the Subject of this Appeal**

The Court should issue a stay for the additional reason that, after the Notice of Appeal was filed as to the December 8 Order, the Court lacked jurisdiction to issue the February 20 Order directing the Claims Administrator to "pay directly to the Settlement Class Member any and all Monetary Awards in cases where there has been found an improper assignment of any right or claim pursuant to Section 30.1 to the Settlement Agreement."  (ECF No. 9749.)

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  "'Divest' means what it says—the power to act, in all but a limited number of circumstances,[3] has been taken away and placed elsewhere."  *Venen v. Sweet*, 758 F.2d 117, 120-21 (3d Cir. 1985); *see also Red Ball Interior Demolition Corp. v. Palmadessa*, 947 F. Supp. 116 (S.D.N.Y. 1996) ("*Red Ball*").

---

[2] The Chairman of BrownGreer, PLC, which is the court-appointed Claims Administrator, has advised undersigned counsel Michael Roth that, notwithstanding the pending appeal of the issue of the validity of the assignment agreements, payments to the NFL Players will be made unless a stay is imposed.

[3] The *Venen* court listed examples of such limited circumstances—none of which remotely apply here—and then stated: "Although we do not suggest that these are the only circumstances in which a district court retains power to act, we reiterate that the instances in which such power is retained are limited."  758 F.2d at 120 n.2.

In *Red Ball* the district court entered an order denying the plaintiff's motion to revise the release provision in a settlement agreement over which the court retained jurisdiction to enforce. 947 F. Supp. at 119. The plaintiff filed a notice of appeal of the district court's order, and the defendants subsequently filed a motion asking the district court to, among other things, enter an order releasing defendants under the terms of the settlement agreement. *Id.* at 120. The district court held that the "notice of appeal deprives this Court of jurisdiction to enter a release on the terms proposed by Defendants" because, to do so, "it would be necessary to address issues of the proper interpretation of the release provisions of the Settlement Agreement. These are the very issues to be resolved in the Plaintiffs' appeal of the June 25 Order, and thus may not be considered during the pendency of that appeal." *Id.* at 121. *See also Thornhill, LLC v. NVR, Inc.*, No. 3:05CV36, 2006 WL 3717917, at *2 (N.D.W. Va. Dec. 14, 2006) (holding the court lacked jurisdiction to enforce a settlement agreement because doing so would require the court to address issues raised on appeal).

Here, following the appeal of the Court's December 8 Order, it was divested of jurisdiction over "those aspects of the case involved in the appeal," *Griggs*, 459 U.S. at 58, *i.e.*, the effect of the Settlement Agreement on the Assignment Agreements and any corresponding determination regarding the distribution of funds that are subject to the Assignment Agreements. The Court thus lacked jurisdiction to issue the February 20 Order directing the Claims Administrator to disburse the funds at issue in this appeal. Indeed, the February 20 Order directing the disbursement of funds "where there has been found an improper assignment of any right or claim pursuant to" (ECF No. 9749) deals with the exact issue (*i.e.*, the finding of an improper assignment between RD Legal and the seven former NFL Players) that is on appeal. The Court had no jurisdiction to issue the February 20 Order, or any other order, implementing

10

its December 8 Order that has been appealed. Accordingly, in addition to staying the Orders under Rule 62(d), the Court should stay its Orders until the Third Circuit has determined whether the Court acted within its jurisdiction and there is a final determination of whether the assignments were proper or improper.

## IV.  CONCLUSION

For the reasons above, RD Legal respectfully requests that the Court stay its Orders during the pendency of the appeals. In the alternative, if the Court denies the motion for a stay, RD Legal requests the Court order a temporary stay pending RD Legal's application for a stay to the Third Circuit.

Dated this 7th day of March, 2018.        Respectfully submitted,

                                                            /s/ Michael D. Roth
                                          BOIES SCHILLER FLEXNER LLP
                                          MICHAEL D. ROTH

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing Memorandum of Law in Support of Motion for Stay Pending Appeal was served electronically via the Court's electronic filing system on the date below upon all counsel of record in this matter.

Dated:  March 7, 2018

BROTMAN LAW
ELLEN C. BROTMAN, ESQ.
150 North Radnor Chester Road
  Suite F200
Radnor, Pennsylvania 19087
Telephone: (610) 977-2412
Facsimile: (610) 977-0043

Respectfully submitted,

s/Michael D. Roth
BOIES SCHILLER FLEXNER LLP
DAVID K. WILLINGHAM
MICHAEL D. ROTH
JEFFREY M. HAMMER
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for RD LEGAL FUNDING, LLC; RD LEGAL FINANCE, LLC; RD LEGAL FUNDINGPARTNERS, LP; and RONI DERSOVITZ