IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., <br><br> Defendants. | No. 2:12-md-02323-AB <br><br> MDL No. 2323 <br><br> Hon. Anita B. Brody, U.S.D.J. |

### NOTICE OF SUBSEQUENT AUTHORITY
### RELATING TO CLASS COUNSEL'S MOTION TO WITHHOLD (DKT. 8470)

Objector Thrivest Specialty Funding, LLC ("Thrivest") hereby provides notice to the Court of a subsequently decided judicial opinion from the United States Court of Appeals for the Third Circuit that is relevant to and supports Thrivest's opposition to Class Counsel's "Motion to Withhold Portions of Class Members Monetary Awards Purportedly Owed to Certain Third-Party Lenders" (the "Motion to Withhold," Dkt. 8470).

Class Counsel's Motion to Withhold operates from the premise that specialty finance companies, like Thrivest, structured their non-recourse advances to Class Members as assignments so they could charge rates that state usury laws would have prohibited if the transactions were structured as loans. In Obermayer, Rebmann, Maxwell & Hippel v. West, et al., No, 16-1376, 2018 WL 1074310, *1 (3d Cir., Feb. 27, 2018) (copy enclosed as "Exhibit A"), the Third Circuit reviewed a non-recourse purchase of future litigation proceeds similar to the transactions at issue

in Class Counsel's Motion to Withhold.  Focusing on substance, not form, the Court explained: "a transaction that neither guarantees the lender an absolute right to repayment nor provides it with security for the debt is not a loan, and as a result, cannot be subject to New York's usury laws." Id. at *2.  Accordingly, the Third Circuit rejected an argument, in West, that the purchase agreements were unenforceable because they are usurious.  See id.

Although not a precedential decision, the Third Circuit's reasoning is supported by case law and relevant here.  **First,** it demonstrates the flaw in Class Counsel's premise.  Even if structured as a loan, Thrivest's non-recourse advance would not have been subject to usury laws because, if Thrivest's Class Member customers do not recover from the settlement of this action, they are not obligated to repay Thrivest any money—there is no "absolute right to repayment." Thus, the Court should reject Class Counsel's suggestion that Thrivest packaged its transactions as assignments, rather than as loans, to avoid regulatory oversight—a conclusion that is inconsistent with the law and with Thrivest's reasonable rates.  **Second,** implicit in the Third Circuit's reasoning is a recognition that higher rates are justified where repayment is not guaranteed and recourse is limited.  As such, it is unfair to compare Thrivest's rates (which are among the lowest for non-recourse transactions and lower even than some recourse lenders) with those charged by lenders whose loans must be repaid in full regardless of whether a Class Member's claim is approved and even if the settlement proceeds are insufficient to satisfy the obligation.

Thrivest respectfully requests that the Court consider this new authority as it reviews Class Counsel's pending Motion to Withhold.

Respectfully submitted,

Peter C. Buckley, Esquire
Mark J. Fanelli, Esquire
Attorney ID Nos. 93123, 321283
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania 19103-3222
Tel:     (215) 299-2854
Fax:    (215) 299-2150
pbuckley@foxrothschild.com

*Attorneys for Thrivest Specialty Funding, LLC*

Dated: March 8, 2018

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY
LITIGATION

Kevin Turner and Shawn Wooden,
*on behalf of themselves and others
similarly situated*,

        Plaintiffs,

        v.

National Football League and
NFL Properties LLC, successor-in-interest to
NFL Properties, Inc.,

        Defendants.

No. 2:12-md-02323-AB

MDL No. 2323

Hon. Anita B. Brody, U.S.D.J.

## CERTIFICATE OF SERVICE

    I hereby certify that on this date, I served a true and correct copy of the foregoing Notice of Subsequent Authority on all counsel of record via the Court's ECF system.  I further hereby certify that on this date, I served a true and correct copy of the foregoing on the following interested parties via e-mail:

Raul J. Sloezen, Esq.
Law Offices of Raul J. Sloezen, Esq.
130 Sycamore Road
Clifton, New Jersey 07012
rjsloesen@outlook.com
*Counsel for Atlas entities*

Pravati Legal Funding/Pravati Capital
4400 N. Scottsdale Rd
#9277
Scottsdale, AZ 85251
William P. Bray
Bray & Long, PLLC
2820 Selwyn Avenue, Suite 400

James Kim
Ballard Spahr LLP
919 Third Avenue, 37th Floor
New York, NY 10022
kimj@ballardspahr.com
*Counsel of Record in CFPB v. Top Notch II,
LLC, e.t. al. (S.D.N.Y. 1:17-cv-07114-GHW)*

Top Notch Funding/Top Notch Lawsuit Loans
c/o The Company Corporation
251 Little Falls Drive
Wilmington, DE 19808

| | |
|---|---|
| Charlotte, North Carolina 28209<br>wbray@braylong.com<br>*Counsel for Global Financial Credit, LLC* | John "Jack" M. Robb, III<br>LeClairRyan<br>919 East Main Street<br>24$_{th}$ Floor<br>Richmond, VA 23219<br>john.robb@leclairryan.com<br>*Counsel for HMR Funding entities* |
| Cash4Cases, Inc.<br>228 Park Avenue South<br>New York, NY 10003<br>Martin L. Black<br>4909 N. Monroe Street<br>Tallahassee, FL 32303<br>mbmblack8@gmail.com<br>*Counsel for Cambridge entities* | Mark S. Melodia<br>Nipun J. Patel<br>Reed Smith LLP<br>Three Logan Square<br>Suite 3100<br>1717 Arch Street<br>Philadelphia, PA 19103<br>mmelodia@reedsmith.com<br>npatel@reedsmith.com<br>*Counsel for Peachtree entities* |

Dated:  March 8, 2018                             */c/ Peter C. Buckley*                        _____