

2000 Market Street
20th Floor
Philadelphia, PA 19103-3222
Tel (215) 299-2000  Fax (215) 299-2150
www.foxrothschild.com

PETER C. BUCKLEY
Direct No:  215.299.2854
Email: PBuckley@FoxRothschild.com

March 9, 2018

**VIA HAND DELIVERY AND ECF**

The Honorable Anita B. Brody
United States District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 7613
Philadelphia, Pennsylvania 19106-1751

      Re:    *In Re: National Football League Players' Concussion Injury Litigation*
              **No. 2:12-md-023230-AB**

Dear Judge Brody:

This firm represents non-party Thrivest Specialty Funding, LLC ("Thrivest").  The Court previously recognized Thrivest as an Objector for the limited purpose of opposing Class Counsel's Motion to Withhold Portions of Class Members Monetary Awards Purportedly Owed to Certain Third-Party Lenders (the "Motion to Withhold," Dkt. 8470).

Class Counsel's Motion to Withhold remains pending on the docket, and the Clerk of Court confirmed that the motion has not yet been marked decided.  Nevertheless, on the basis of the Court's December 8, 2017 Explanation and Order (the "Explanation and Order," Dkt. 9517)—which addressed a certified question from the Southern District of New York in *CFPB, et al. v. RD Legal Funding, LLC, et al.*, No. 17-cv-00890 (S.D.N.Y. Sept. 8, 2017) (the "New York Action")—the Claims Administrator has begun to take action directed toward the substantive rights of non-parties such as Thrivest by issuing "Notices of Assignment Review Determination" and requesting "Waivers Relinquishing Rights Under Attempted Assignment."

In response to the Claims Administrator's actions, I write to request a conference with the Court to clarify the intended scope of the Court's Explanation and Order and, to the extent the Court intended it to apply to Thrivest or to dispose of the Motion to Withhold, to request clarification

A Pennsylvania Limited Liability Partnership

California  Colorado  Connecticut  Delaware  District of Columbia  Florida  Illinois
Minnesota  Nevada  New Jersey  New York  Pennsylvania  Texas  Washington



*In Re: National Football League Players' Concussion Injury Litigation*
No. 2:12-md-02323-AB
March 9, 2018
Page 2

both with respect to Thrivest's appellate rights and the Claims Administrator's implementation of the Court's directives.

At the threshold, Thrivest seeks clarification regarding the intended scope of the Court's Explanation and Order. Thrivest is not a party to the New York Action, and thus did not participate in the briefing leading up to the Court's response to the certified question. For that reason, and because Thrivest did participate in the briefing on Class Counsel's as-yet-undecided Motion to Withhold, it was not clear that the Explanation and Order applied to Thrivest or that Thrivest could appeal that decision. Thrivest has been waiting for the Court to decide Class Counsel's Motion to Withhold, however, the Claims Administrator is proceeding as though the Court has already ruled on that motion or, at least, as though the Court's Explanation and Order was intended to impact Thrivest's substantive rights. This uncertainty requires clarification.

To the extent that the Court intended its Explanation and Order to affect Thrivest's substantive rights, Thrivest seeks clarification so that it may object to adjudication of its rights without notice and an opportunity to be heard and for the reasons articulated in its Opposition to Class Counsel's Motion to Withhold—most notably, the absence of jurisdiction under Rule 23(d) and the Federal Arbitration Act.

Without waiver of these objections, to the extent that the Court has vested the Claims Administrator with authority to proceed, Thrivest seeks clarification with respect to several aspects of the Claims Administrator's implementation of the Court's Explanation and Order.

**First,** to the extent that the Court has found assignment agreements void necessitating rescission, the Claims Administrator has implemented a process that is contrary to law. Under New York law, which governs the Settlement Agreement, rescission is an equitable remedy to "place the parties where they were before the vitiated contract was made." *See 11 S. Laundry, Inc. v. MCD Assets, LLC*, 927 N.Y.S.2d 143, 2013 N.Y. Slip Op., at *6 (N.Y. Gen. Term Apr. 18, 2013). As such, even where a contract is void *ab initio*, New York law requires the payment of 9% statutory interest to ensure that no party "be placed in a better position after rescission than when the contract was executed." *See Id.* at *6; *see also* CPLR § 5004 (articulating statutory interest rate in New York as 9% annum). Thus, by purporting to require Thrivest and others to accept return of principal without imposing statutory interest, the Claims Administrator is implementing a process that is contrary to New York law.

**Second,** the Claims Administrator's forms are vague and likely to lead to confusion in the event that a third party funder chooses to participate in the process. By way of example, the form asks for "the total amount of money that the Third-Party Funder has already paid to the Class Member."



*In Re: National Football League Players' Concussion Injury Litigation*
No. 2:12-md-02323-AB
March 9, 2018
Page 3

*See* "Waiver Relinquishing Rights Under Attempted Assignment." In many cases, Thrivest and other third-party funders paid off tax liens, judgments or other obligations on behalf of Class Members in connection with their funding transactions.[1] In the event that a third-party funder agrees to participate in this process, it should obtain return not only of funds paid "to the Class Member" but also of funds paid "for or on behalf of the Class Member." These and other ambiguities require clarification.[2]

**Third**, pursuant to the Court's Explanation and Order, but without any notice or opportunity for Thrivest and others similarly situated to be heard, the Claims Administrator has promulgated "Rules Governing Assignment of Claims." These rules outline an assignment review process wherein the Claims Administrator will decide whether to void a third-party funder's transaction. Disregarding fundamental due process considerations, the Claims Administrator's "Rules" set forth a process that not only deprives the third-party funder of an opportunity to be heard, but also fails even to provide the funder with notice.[3] Allowing this process to proceed without modification will only result in further legal wrangling and disruption.

In view of the importance of these issues to all concerned including the Class Members, the time-sensitivity of the situation, and the fact that clarity can best be achieved through dialogue not further motion practice, Thrivest respectfully requests that the Court schedule a conference to discuss these concerns and to provide the requested clarity.

---

[1] Without access to non-recourse funding such as that provided by Thrivest, many Class Members would have already faced foreclosure or bankruptcy as a result of these obligations.

[2] The "Rules" do not account for the possibility that a Class Member may not recover or may recover less than the amount previously advanced by the third-party funder through the claims administration process. In view of the number of awards subject to appeal, this is a legitimate concern (and one that highlights the benefit provided by Thrivest's non-recourse agreements).

[3] Perhaps recognizing the limits of its jurisdictional reach, the Claims Administrator purports to rely on the Class Member to notify the third-party funder of the Claims Administrator's decision.



*In Re: National Football League Players' Concussion Injury Litigation*
No. 2:12-md-02323-AB
March 9, 2018
Page 4

I have copied Class Counsel and those associated with these issues on this correspondence, which will also be filed via ECF.

Respectfully submitted,

Peter C. Buckley

cc:     Christopher A. Seeger, Esquire       (via ECF)

        Mark J. Fanelli, Esquire             (via ECF)
        David K. Willingham, Esquire         (via electronic mail)
        Michael D. Roth, Esquire             (via electronic mail)
        Jeffrey M. Hammer, Esquire           (via electronic mail)
        Ellen C. Brotman, Esquire            (via electronic mail)
        Richard Scheff, Esquire              (via electronic mail)
        Mark S. Melodia, Esquire             (via electronic mail)
        Nipun J. Patel, Esquire              (via electronic mail)
        Raul J. Sloezen, Esquire             (via electronic mail)
        Martin L. Black, Esquire             (via electronic mail)
        William P. Bray, Esquire             (via electronic mail)
        John "Jack" M. Robb III, Esquire     (via electronic mail)
        Ricardo A. Reyes, Esquire            (via electronic mail)
        James Kim, Esquire                   (via electronic mail)
        Jeff Ostrow, Esquire                 (via electronic mail)