UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>    Plaintiffs,<br><br>    v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>    Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**CO-LEAD CLASS COUNSEL'S RESPONSE TO NOTICE OF
SUBSEQUENT AUTHORITY BY THRIVEST SPECIALTY FUNDING, LLC,
<u>RELATING TO CLASS COUNSEL'S MOTION TO WITHHOLD</u>**

In its Notice of Subsequent Authority Relating to Class Counsel's Motion to Withhold (Dkt. 8470) [ECF No. 9762], Thrivest Specialty Funding, LLC ("Thrivest") requests that this Court consider a recent, unpublished opinion by the Third Circuit, *Obermayer, Rebmann, Maxwell & Hippel v. West*, No. 16-1376, 2018 WL 1074310 (3d Cir. Feb. 27, 2018). Thrivest's suggestion ignores two salient points: (1) the Court's Explanation and Order of December 8, 2017 [ECF No. 9517] already decided Class Counsel's Motion to Direct Claims Administrator to Withhold [ECF

No. 8470] ("Motion to Withhold") as to Third-Party Funders, like Thrivest, which purported to enter into assignment agreements with Class Members; and (2) *Obermayer* is inapposite.

1. **As to Third-Party Funders, Such as Thrivest, the Motion to Withhold Is Already Moot.** Although it did not specifically reference the Motion to Withhold in its Explanation and Order, the Court cited Section 30.1 (No Assignment of Claims) of the Settlement Agreement [ECF No. 6481-1] and held that "under the Settlement Agreement, Class Members are prohibited from assigning or attempting to assign any monetary claims, and any such purported assignment is void, invalid and of no force and effect." ECF No. 9517, at 4. This fundamental fact, taken directly from the Settlement Agreement, was the basis for Class Counsel's having brought the Motion to Withhold as related to Third-Party Funders.

The Court further held that "[a] Third-Party Funder that failed to perform proper due diligence before deciding to enter into such an agreement is prohibited from now reaping the benefit of the contract. *Id.* Thus, as to Third-Party Funders, Class Counsel's Motion to Withhold, filed on October 23, 2017, is now moot.[1]

2. **Thrivest's Subsequent Authority Is Inapposite.** The Third Circuit in *Obermeyer* affirmed the district court's determination that because the assignment agreements were non-recourse, they were not loans, and because they were not loans, the usury laws did not apply. That holding does nothing to further Thrivest's position. Even if Thrivest's rates are, as it contends in its Notice, "among the lowest for non-recourse transactions and lower even than some recourse lenders," ECF No. 9762, at 2, that is of no moment. That Class Counsel noted in the briefing his belief that the instruments were packaged as assignments in order to avoid usury laws, was simply by way of background. Even if that were not the reason that the advances of funds were so

---

[1] The Motion remains outstanding as to claims services providers.

2

structured, that would not in any way alter the outcome here, for whether state law prohibits the putative assignments is immaterial.  *Assignments are expressly prohibited by the very terms of the Settlement Agreement itself.*  The Court enforced the Settlement Agreement that it had previously finally approved in an opinion that was affirmed by the Third Circuit.  *Obermeyer* does not address the issue this Court already decided and thus lends no support for the position of Thrivest and other Third-Party Funders that their assignment agreements are enforceable.

Dated:  March 14, 2018                                        Respectfully submitted,


/s/ Christopher A. Seeger
Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

***Co-Lead Class Counsel***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I served a true and correct copy of the foregoing Co-Lead Class Counsel's Response to Notice of Subsequent Authority on all counsel of record via the Court's ECF system. I further hereby certify that on this date, I served a true and correct copy of the foregoing on the following interested parties via e-mail, where available, and otherwise, via Federal Express, overnight delivery:

Bridget C. Giroud
Marissa Parker
Stradley Ronon Steven & Young LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
MParker@stradley.com;
BGiroud@Stradley.com
*Counsel for Atlas entities and Cash4Cases, Inc.*

James Kim
Ballard Spahr LLP
919 Third Avenue, 37th Floor
New York, NY 10022
kimj@ballardspahr.com
*Counsel of Record for Top Notch in CFPB v. Top Notch II, LLC, e.t. al. (S.D.N.Y. 1:17-cv-07114-GHW)*

Raul J. Sloezen, Esq.
Law Offices of Raul J. Sloezen, Esq.
130 Sycamore Road
Clifton, New Jersey 07012
rjsloesen@outlook.com
*Counsel for Atlas entities and Cash4Cases, Inc.*

Lowell Wayne Finson
Finson Law Firm
126 Westwind Mall
Marina del Rey, CA 90292
lowell@finsonlawfirm.com
*Counsel for Pravati entities*

Top Notch Funding/Top Notch Lawsuit Loans
c/o The Company Corporation
251 Little Falls Drive
Wilmington, DE 19808

William P. Bray
Bray & Long, PLLC
2820 Selwyn Avenue, Suite 400
Charlotte, North Carolina 28209
wbray@braylong.com
*Counsel for Global Financial Credit, LLC*

Kenneth Stout
LeClairRyan
919 East Main Street
24th Floor
Richmond, VA 23219
Kenneth.stout@leclairryan.com
*Counsel for HMR Funding entities*

| | |
|---|---|
| Martin L. Black<br>4909 N. Monroe Street<br>Tallahassee, FL 32303<br>mbmblack8@gmail.com<br>*Counsel (former) for Cambridge entities* | Mark S. Melodia<br>Nipun J. Patel<br>Reed Smith LLP<br>Three Logan Square<br>Suite 3100<br>1717 Arch Street<br>Philadelphia, PA 19103<br>mmelodia@reedsmith.com<br>npatel@reedsmith.com<br>*Counsel for Peachtree entities* |
| Dated: March 14, 2018 | */c/* Christopher A. Seeger<br>Christopher A. Seeger |