# SeegerWeiss LLP

March 15, 2018

**Via ECF**
Honorable Anita B. Brody
United States District Judge
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

      Re:   *In re National Football League Players' Concussion Injury Litigation*,
              No. 12-md-2323-AB
              Cambridge Entities' Productions in Response to Order, dated February 20, 2018

Dear Judge Brody:

      Co-Lead Class Counsel ("Class Counsel") respectfully submits this Status Report to provide the Court with the purported "accounting" documents that were produced by the Cambridge Entities, under seal, as per the Court's Order, dated February 20, 2018 (ECF No. 9750). In accordance with the Court's Order, I provided each Class Member with a copy of the "accounting" that the Cambridge Entities produced for him. All of the "accountings" are being submitted to the Court, under seal, as Exhibit A hereto, in further compliance with the Court's Order.

      The Cambridge Entities represent that the documents they produced are unaudited accounting documents of all funds (not just retirement funds) provided to Cambridge Entities by Class Members. *See* cover letter from Gail Milon, dated March 1, 2018, attached as Exhibit B. These documents pertain to ten Class Members and involve a total of approximately $3.755 million.

      In addition to the "accounting" documents, the Cambridge Entities also produced a separate file for each of the ten Class Members, comprising a total of approximately 600 pages, which my office has now bates-stamped and reviewed. The types of documents include the following:

1) Notice of Express Waiver of Conflict and Liability regarding Howard & Associates;
2) NFL Player Second Career Savings Plan Distribution Application for Players Only;
3) Payment Summary from NFL Players Second Career Savings Plan to Millennium for the Benefit of a Class Member;
4) Millennium Trust Company ("Millennium") Deposit Form;
5) Millennium 60-Day Asset Rollover Request;
6) Millennium Private Placement Purchase/Sale/Exchange Direction;
7) Millennium Asset Assignment;
8) Millennium Self Directed IRA Adoption Agreement;
9) Millennium Waiver of Right of Revocation;
10) Millennium Confirmation of Purchase; and
11) Cambridge Capital Partners L.P.'s and Cambridge Capital Group Equity Option Opportunities L.P.'s Subscription Agreement and Power of Attorney.

Honorable Anita B. Brody
March 15, 2018
Page 2

I have not attached these documents, but stand ready to provide them to the Court, either under seal or in redacted format, depending on the Court's preference.

Upon review of the documents, I had numerous questions and also identified additional documents that undoubtedly exist that were not produced and which I believe are necessary to fully understand the nature of the investments made by the Class Members, and who controls the funds. *See* the letter I sent to Ms. Milon, dated March 7, 2018 (in redacted form to protect the Class Members' identities), a copy of which is attached as Exhibit C. In that letter, I also took issue with the characterization by the Cambridge Entities of the documents they produced as genuine "accountings." In my view, they are not. I asked Ms. Milon to respond to my letter by Wednesday, March 14, 2018.

On March 13, 2018, Ms. Milon sent me an email, a copy of which is attached as Exhibit D. Ms. Milon states that she needs until March 26, 2018 to gather and provide to me the information and documents requested in my March 7 letter. She also states that she has not been able to retain legal counsel for the Cambridge Entities and requests a postponement of the April 2, 2018 hearing until such time as she is able to obtain legal counsel for the Cambridge Entities.

The Cambridge Entities have known since at least March 2, 2018 that Martin L. Black desired to terminate the attorney-client relationship with them. *See* attached email from Ms. Milon, dated March 5, 2018, attached as Exhibit E. According to Mr. Black, he made the Cambridge Entities aware of his desire to terminate the relationship as of February 21, 2018. *See* email exchange with Mr. Black, dated February 21, 2018, attached as Exhibit F. Indeed, as this Court is likely aware, Mr. Black has been attempting to withdraw his appearance since February 12, 2018. *See* email exchange between myself and Mr. Black, dated February 12, 2018, with attached Notice of Withdrawal, which Mr. Black represents, via the Certificate of Service, he sent to the Court, attached as Exhibit G. Therefore, if the Court is inclined to grant Ms. Milon's request for a continuance, we respectfully request that a continuance be short, given that the Cambridge Entities have already had ample time to retain new counsel.

I thank the Court for its consideration of this submission.

Respectfully,

 */s/ Christopher A. Seeger*
Christopher A. Seeger
*Co-Lead Class Counsel*

Encls. (Attached Exhibits)

55 Challenger Road • Ridgefield Park, NJ 07660 • T: 212.584.0700 F: 212.584.0799 • seegerweiss.com

**CERTIFICATE OF SERVICE**

    It is hereby certified that a true and correct copy of the foregoing Status Report, along with the accompanying exhibits, was served electronically via the Court's electronic filing system on the date below upon all counsel of record in this matter. True and correct copies of the foregoing were served via Federal Express, overnight delivery, and via email, upon the Cambridge Entities, which are not on the ECF service list for this MDL. The Cambridge Entities are being served at 2120 Killarney Way, Suite 120, Tallahassee, FL 32309, and via the email address for Managing Vice President of Cambridge Capital Group, Gail Milon.

Dated: March 15, 2018

                                                    */s/ Christopher A. Seeger*
                                                    Christopher A. Seeger