## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : No. 2:12-md-02323-AB :<br>: MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to<br>NFL Properties, Inc.,<br><br>Defendants. | : Hon. Anita B. Brody : : : : : : : : : : : : : |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : : : |

## MEMORANDUM OF LAW OF CLASS MEMBER ANDREW STEWART OPPOSING RD LEGAL'S MOTION FOR STAY PENDING APPEAL

### I.    INTRODUCTION

Andrew Stewart ("Mr. Stewart") is scheduled to receive a payment from the Settlement Fund no later than April 12, 2018.  He is also one of the retired players who entered into a now voided assignment agreement with RD Legal. Because he is scheduled to receive his payment within three weeks from today,

he is directly and imminently affected by the Court's pending ruling on RD Legal's motion for stay of the December 8, 2017 and February 20, 2018 Orders.

Mr. Stewart is sick. He is suffering from Parkinson's disease and has stage four throat cancer. Because of the Parkinson's disease, he is eligible for a Monetary Award. Because of the cancer, he may not live to see a payment made if the stay is granted.

Seeking to bring its motion for a stay under the ambit of Rule 62(d), RD Legal spends much energy arguing that the Court's Orders are the equivalent of a money judgment. But there it stops. RD Legal fails to show, *or even attempts to show*, that it is entitled to a stay under a four factor test that must be applied to a Rule 62(d) motion for a stay. *See Botman Int'l, B.V. v. Int'l Produce Imps., Inc.,* 2006 U.S. Dist. LEXIS (E.D. Pa., Jan. 31, 2006)(applying four factor test in analyzing motion to stay disbursement of escrowed funds). Having failed to show that each factor supports the issuance of a stay, RD Legal's motion is doomed.

RD Legal's argument that this Court had no jurisdiction to issue the February 20 Order is equally unavailing. The purpose of a Rule 62(d) stay motion is to prevent a prevailing plaintiff from executing on a money judgment. Until a stay is ordered, this Court absolutely has the jurisdiction to enforce the execution of a judgment. *See Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc.* 198 F.3d 391, 394 (3d Cir. 1999). If that were not the rule, there would be no need for a defendant to seek a stay of execution of a judgment after

filing an appeal.  Because no stay has yet been issued (nor should one be), the Court had the jurisdiction to issue its February 20 Order.

This Court issued its Orders to ensure that eligible retired NFL players received their badly needed payments from the settlement of this litigation as soon as possible.  A stay will materially interfere with that mission.  Moreover, RD Legal structured its purported assignment agreement to profit from any delay in payment of Mr. Stewart's Monetary Award.  The longer the time to resolve the appeal, the more money RD Legal can take from Mr. Stewart if it prevails.  By contrast, RD Legal has not tendered a bond so Mr. Stewart will not even get the benefit of accrued interest if RD Legal's appeal is *unsuccessful*, which is likely.  A stay will not preserve the status quo; rather, it would be another bad deal for Mr. Stewart and his brethren.

As more fully discussed below, the Court should now deny RD Legal's motion for a stay pending appeal.

## II.   THE COURT SHOULD NOT STAY ITS ORDERS PENDING APPEAL

### A.   Mr. Stewart Is Directly Affected By the Outcome of the Stay Motion.

Mr. Stewart is one of at least seven retired NFL players who entered into an assignment agreement with RD Legal.  (*See* ECF 8301-9 & ECF 8435.)  The Court voided these agreements in its December 8 Order and the Claims Administrator has confirmed that Mr. Stewart's agreement with RD Legal constituted a Prohibited Assignment.

Mr. Stewart is eligible to receive a Monetary Award because he is suffering from Parkinson's disease.  On top of the Parkinson's disease, he has throat cancer.  He needs his Monetary Award to be paid *now*, plain and simple.  A stay will substantially and adversely affect Mr. Stewart because the Claims Administrator will not be able to release the payment until the appeal is decided. A delay in payment undermines the Settlement Agreement and the purpose of the Court's Orders, which is to make sure that an eligible, sick and suffering retired player like Mr. Stewart receives a prompt payment of the Monetary Award.

Moreover, RD Legal will actually *profit* from a delay because it can lay claim to increasing amounts of Mr. Stewart's Monetary Award for each month the appeal is pending.  *See* ECF 8301-9.  Basically, the assignment agreement provides that RD Legal expects repayment of a specified lump sum when Mr. Stewart receives his award. RD Legal, however, also agreed to "pay" Mr. Stewart additional amounts of money depending on when it received the funds from Mr. Stewart.   This could have the effect of substantially reducing the amount Mr. Stewart would owe to RD Legal, depending on when he receives his Monetary Award.  The amount RD Legal is supposed to "pay" to Mr. Stewart, however, declines materially (by thousands of dollars) each month.  So a stay pending appeal can only benefit RD Legal while harming Mr. Stewart.

In other words, if the stay is granted and RD Legal prevails on appeal (no matter how unlikely that may be), it will be able to extract from Mr. Stewart

more money than if this Court had upheld the validity of the assignment

agreement and Mr. Stewart were obligated to repay RD Legal three weeks from

now when he is scheduled to receive his Monetary Award.  On the other hand, if

RD Legal's appeal fails, then Mr. Stewart will have been deprived of the use of

money for a significant period of time without receiving any compensatory

interest from a bond.  In short, Mr. Stewart suffers a loss regardless of the

outcome of the appeal if a stay is granted.  This hidden byproduct of a stay is

entirely unfair to Mr. Stewart.

Mr. Stewart's interest in the outcome of the stay motion is therefore

tangible and immediate.

### B. RD Legal Has Not Established that it is Entitled to a Stay Under the Four Factor Test This Court Must Apply.

Missing from RD Legal's brief is any discussion of the "four factors that a

court *must assess* when determining whether a defendant is entitled" to a stay

under Rule 62(d).  *Botman Int'l, B.V. v. Int'l Produce Imps., Inc.,* 2006 U.S. Dist.

LEXIS 3856, at *9 (E.D. Pa., Jan. 31, 2006)(Surrick, J.)(emphasis added).  Those

factors are: (1) whether the moving party has made a strong showing that it is

likely to succeed on the merits; (2) whether the moving party will be irreparably

injured absent a stay; (3) whether issuance of the stay will substantially injure

the other parties interested in the proceedings; and (4) where the public interest

lies.  *Id.  See also Bank of N.S. v. Pemberton,* 964 F.Supp. 189, 190

(1997)(adopting four factor test); *Susquenita Sch. Dist. v. Raelee S. by & Through*

*Heidi S.*, 96 F.3d 78, 80 (3d Cir. 1996)(noting four factor test applicable to Rule 62(d) request for stay).

RD Legal's motion focuses on whether the Orders qualify as a money judgment for purposes of a Rule 62(d) motion for a stay.  But even if the Orders are the equivalent of a money judgment, there is nothing "automatic" about granting a stay, a point made clear in *Botman Int'l*.  In *Botman Int'l,* the plaintiff sought an order authorizing payment of escrowed funds in partial satisfaction of a judgment.  Certain of the defendants filed a Rule 62(d) motion for a stay pending their appeal to the Third Circuit.  Judge Surrick analyzed the motion using the four factors a court "must assess" in determining whether to grant the stay and concluded that the defendants had failed to show that any of the factors supported a stay of execution of the judgment.  *Id.* at *9-11.

The escrowed funds in *Botman Int'l* are analogous to the funds held by the Claims Administrator in this case.  *Botman Int'l* is therefore directly on point – the four factor test must be applied to RD Legal's motion for a stay under Rule 62(d).  Nevertheless, RD Legal's motion does not address these factors.  Among other omissions, RD Legal failed to make any showing (let alone a "strong showing") that its "linguistic backflips" will convince the Third Circuit to overturn this Court's ruling that the assignment agreements are "void, invalid and of no force and effect."  (*See* December 8 Order at fn. 6 & p. 5.)

By contrast, issuing a stay will substantially and negatively impact Mr. Stewart for three reasons.  First, he will not receive his Award until after the

appeal process is complete even though his award his been approved and he needs the money now.  Second, as discussed above, if RD Legal prevails on the appeal, Mr. Stewart will owe much more to RD Legal than otherwise would be the case.  Third, if RD Legal's appeal fails, which is likely, Mr. Stewart will still be harmed because there is no bond and no provision for paying interest to Mr. Stewart to compensate him for the delay in receiving his award.

RD Legal has also made no showing that it will be irreparably injured absent a stay. *See Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989)(potential loss of money only does not support finding of irreparable injury).  Finally, RD Legal has also failed to address how a stay would be in the public interest.

In sum, RD Legal's motion for stay pending appeal is unsupported and must be denied.[1]

---

[1] *Supinski v United Parcel Serv. Inc.,* 2012 U.S. Dist. LEXIS 98292 (M.D. Pa. July 16, 2012), which is cited by RD Legal, does not salvage its stay motion.  The *Supinski* court ruled that a Rule 62(d) stay is automatic *if* the party seeking a stay files a supersedeas bond. RD Legal has *not* filed a bond, so *Supinski* is distinguishable.  Moreover, in *Taylor v. Chevrolet Motor Div.,* 1998 U.S. Dist. LEXIS 12977, at *2-3 (E.D. Pa. Aug. 21, 1998)(Waldman, J.), the court applied the four factor test to a stay motion under Rule 62(d) *even though* the defendant tendered a bond.  So even if, hypothetically, RD Legal had filed a bond, *Supinski* would not be controlling.  Because there is no bond here and in light of *Taylor* and *Botman, Int'l,* this Court should not hesitate to apply the four factor test and deny the stay motion.

**C.**     **The Court Had Jurisdiction to Issue the February 20 Order.**

It is well established that a district court retains authority to enter orders to "aid in the execution of a judgment that has not been superseded." *Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n*, 895 F.2d 711, 713 (11th Cir. 1990); *United States v. Burton,* 543 F.3d 950, 952 (7th Cir. 2008)(district court may issue orders in aid of execution of judgment that that has not been stayed).  In *Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc.* 198 F.3d 391, 394 (3d Cir. 1999), the Court of Appeals for the Third Circuit acknowledged the variety of exceptions to the general rule stated in *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) that the filing of an appeal divests a district court of jurisdiction over those aspects of the case on appeal.  The *Herre Bros.* court specifically cited *Showtime/The Movie Channel* for its holding that among those *Griggs* exceptions was the district court's authority to aid in the execution of a judgment that was not superseded.  198 F.3d at 394. *See also Printing & Paper Trades Auxilliary Workers v. Cuneo East,* 72 F.R.D. 588, 590 at fn. 1 (E.D. Pa. 1976)( "Despite the appeals, we retain jurisdiction over this motion as one 'in aid of execution of a judgment that has not been superseded. . . . .' 9 Moore's Fed.Prac. P203.11.")(Becker, J.).  This exception makes perfect sense because a defendant cannot prevent execution of a monetary unless it first obtains a stay from the district court.  If it were otherwise, there would be no need for stay motions under Rule 62(d).

In the present context, the Court's February 20 Order aided the administration of the Settlement Agreement and its December 8 Order by

facilitating payment of the money due to Mr. Stewart and his fellow retired NFL players.  It was well within this Court's jurisdiction to do so and thus this Court should deny RD Legal's motion for a stay.

## III.    CONCLUSION

For the reasons stated above, this Court should deny RD Legal's motion for a stay of the Orders of December 8, 2017 and February 20, 2018 pending appeal.[2]

Respectfully submitted,

Dated: March 21, 2017

*/s/ Michael H. Rosenthal*
Michael H. Rosenthal (ID No. 48231)
Rosenthal Lurie & Broudy LLC
102 Pickering Way, STE 310
Exton, PA 19341
Tel. (215) 496.9404
Fax (215) 600.1728
Michael@RLBlawgroup.com
*Attorneys for Andrew Stewart*

---

[2] If the Court were to grant the stay, it should limit the amount withheld by the Claims Administrator from Mr. Stewart's award to only the amount that would be due to RD Legal under the terms of the assignment agreement as of the date of the stay motion.  As discussed above, *supra* at p. 4-5, this Court should not permit RD Legal to profit by the delay inherent in any appeal.  Moreover, the Court should require RD Legal to post a bond to pay the interest that should accrue on payments withheld from Mr. Stewart (and other retired players) during the pendency of the appeal in the (likely) event that the Third Circuit rejects RD Legal's arguments and affirms the decision of this Court.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on March 21, 2018 on all counsel of record by the Court's ECF system.


*/s/ Michael H. Rosenthal*
Michael H. Rosenthal