UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>    Plaintiffs,<br><br>    v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>    Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**CO-LEAD CLASS COUNSEL'S OPPOSITION TO MOTION OF
RD LEGAL FUNDING, LLC, RD LEGAL FINANCE, LLC,
RD LEGAL FUNDING PARTNERS, LP AND RONI DERSOVITZ
<u>FOR STAY PENDING APPEAL</u>**

Despite the clear language in the Settlement Agreement, a number of Third-Party Funders have induced Class Members desperately short of funds to enter into private agreements that purport to assign interests in Settlement proceeds. As this Court is well aware, such assignments are forbidden by the terms of the Settlement Agreement. This Court recognized the prohibition on assignments in the Explanation and Order of December 8, 2017 [ECF No. 9517], which RD Legal

Funding, LLC, RD Legal Finance, LLC, RD Legal Funding Partners, LP and Roni Dersovitz (collectively, "RD Legal") appeal and now seek to stay.

Because of the vulnerability of Class Members, Co-Lead Class Counsel ("Class Counsel") have tried to do two things. *First*, Class Counsel has tried to ensure that sources of credit are available at non-extortionary rates so that Class Members have access to finance for emergencies arising before Settlement payments are received. *Second*, and in furtherance of this first objective, Class Counsel considered agreeing to a stay with RD Legal, if such an agreement resulted in a material benefit to Class Members. Thus, upon the filing of the Motion for Stay Pending Appeal [ECF No. 9761] ("Motion for Stay"), seeking to stay application of the Court's Explanation and Order of December 8, 2017 [ECF No. 9517] and Order of February 20, 2018 [ECF No. 9749], Class Counsel engaged in discussions to see if the best interests of the Class could be advanced. Class Counsel and RD Legal, however, were unable to reach mutually-agreeable terms.

Let us now be unequivocal. Class Counsel believes that RD Legal seeks to violate a critical provision of the Settlement Agreement. Class Counsel opposes the Motion for Stay and joins in the Memorandum of Law of Class Member Andrew Stewart Opposing RD Legal's Motion for Stay Pending Appeal [ECF No. 9790] ("Stewart Opposition"), which reflects, in a concrete and specific way how a stay could affect Class Members. Like Mr. Stewart, Class Counsel recognizes RD Legal's utter failure to engage in the four-factor analysis that a Court must undertake in determining whether a stay is appropriate:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Anderson v. City of Philadelphia*, No. 86-7571, 1987 WL 17743, at *2 (E.D. Pa. Sept. 29, 1987); (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *accord Fontroy v. Beard*, No. 02-2949,

2007 WL 1810690, at *1 (E.D. Pa. June 21, 2007).  Indeed, the four-factor analysis is required where, as here, the moving party does not propose to post a supersedeas bond under Fed. R. Civ. P. 62(d).  *Borrell v. Bloomsburg Univ.*, No. 3:CV-12-2123, 2016 WL 3595794, at *2 (M.D. Pa. July 5, 2016) (citing cases).

RD Legal is unable to meet any of these factors, as discussed in the Stewart Opposition.  Most notably, as to the first factor, the Settlement Agreement itself, the very instrument that creates the potential for a monetary award, and which is at the centerpiece of RD Legal's Assignment and Sales Agreements, prohibits assignments.  *See* Settlement Agreement [ECF No. 6481-1], Section 30.1 (No Assignment of Claims), which provides that "under the Settlement Agreement, Class Members are prohibited from assigning or attempting to assign any monetary claims, and any such purported assignment is void, invalid and of no force and effect."

RD Legal's Assignment and Sales Agreement provides:

> Whereas, per the Settlement Agreement, amended and filed February 13, 2015, along with the Amended Final Court Order and Judgment, dated May 08, 2015, the Monetary Award Fund to be overseen by Special Masters Wendell Pritchett and Jo-Ann M. Verrier and Claims Administrator BrownGreer, PLC is to be set-up for claimants who are deemed to have proved they have a Qualifying Diagnosis based on the requirements as set forth in the Settlement Agreement, from which an award is anticipated to be received by you in the amount of $2,470,000.00 (the "Award") based upon your qualified medical diagnosis indicating Parkinson's Disease and prior to any Offsets and/or set-asides being applied.

ECF No. 8301-9, at 22-23.  The agreement further provides that the "Property Amount" that RD Legal allegedly purchased is based upon that Award, as defined therein.

As such, RD Legal cannot credibly claim that it is likely to succeed on the merits in terms of the probability that the Third Circuit would reverse this Court's holding in the Explanation and Order of December 8, 2017 that "[t]o the extent that any Class Member has entered into an agreement that assigned or attempted to assign any monetary claims, that agreement is void,

invalid and of no force and effect." ECF No. 9517, at 5. This Court acted to enforce the terms of the Settlement Agreement that it already had finally approved, in an opinion that was affirmed by the Third Circuit.

The remaining factors also militate against a stay. RD Legal cannot credibly demonstrate irreparable harm because, should it prevail on appeal, it can seek repayment from the Class Members out of any monetary award sums that the Claims Administrator disburses during the pendency of its appeal. *See*, *e.g.*, *Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994) ("temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury"). Moreover, the balance of hardships plainly favors the affected Class Members, who suffer from neurocognitive impairments and are in financial straits. Finally, given the makeup of this nationwide Class and the need to maintain the orderly implementation of the Settlement, the public interest would not be served by staying the Court's Orders, in which the Court held the putative assignments invalid based on the clear language of the Settlement Agreement and enjoined their enforcement. Accordingly, the Court should deny a stay.

Dated:  March 21, 2018                                       Respectfully submitted,

                                                             */s/ Christopher A. Seeger*
                                                             Christopher A. Seeger
                                                             SEEGER WEISS LLP
                                                             55 Challenger Road, 6th Floor
                                                             Ridgefield Park, NJ 07660
                                                             Phone: (212) 584-0700
                                                             Fax: (212) 584-0799
                                                             cseeger@seegerweiss.com

                                                             **Co-Lead Class Counsel**

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, I served a true and correct copy of the foregoing on all counsel of record via the Court's ECF system.

Dated: March 21, 2018                                     /s/ Christopher A. Seeger
                                                                                 Christopher A. Seeger