UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION,

All Affected Player-Claimants,

Plaintiffs,

vs.

NATIONAL FOOTBALL LEAGUE, et.al,

Defendants.

Case No. 2:12-md-02323-AB
MDL No. 2323

Hon. Anita B. Brody

### FORMER NFL PLAYER-CLAIMANTS' MOTION TO PROHIBIT EX PARTE INTERVIEWS WITH THEIR TREATING PHYSICIANS

A group of former NFL player-claimants represented by the undersigned Neurocognitive Football Lawyers Lawyers, LLC moves to prohibit the Claims Administrator from making ex parte interviews of their treating physicians in violation of the Health Insurance Portability and Accountability Act ["HIPAA"] and the Privacy Clause at Article I, Section 23 of the Florida Constitution and state the following:

1. Pursuant to the terms of the Amended Settlement Agreement ["ASA"], board-certified neurologists in Florida have made Qualifying Diagnoses for a group of retired NFL Football Players based on their clinical examinations; their past medical history; and their objective diagnostic tests, including MRI brain scans and neuropsychological assessments.

1

2. An attorney representing two board-certified neurologists in Tampa, Florida has notified the undersigned that the Claims Administrator engaged in ex parte interviews with his physician-clients about the evaluation and treatment of some former NFL players who are participating in the concussion settlement.

3. Upon information and belief, the Claims Administrator has been acting outside the scope and purpose of the ASA by questioning these treating neurologists about specific patients without the consent of those patients and without providing signed HIPPA authorization forms from the patients ahead of time.

4. Upon information and belief, the Claims Administrator has been demanding confidential medical information which was not contemplated under the Amended Settlement Agreement ["ASA"].

5. Upon information and belief, the Claims Administrator has been violating Rule 10 of the Claims Audit Rules which were propounded after the effective date of the ASA by demanding that treating physicians produce confidential medical information in less than the 90-day timeframe provided by that rule.

6. The former players have not authorized any ex parte interviews with their treating physicians.

7. The former players have not authorized any disclosure of their private medical information from their treating physicians which falls outside the scope of the ASA.

8. In multi-district litigation, one federal court expressed serious concerns about the practice of conducting ex parte interviews of a patient's treating physicians in violation of HIPAA. In Re: Vioxx Products Liability Litigation, 230 F.R.D. 470, 473

(E.D.La. 2005) ("Given the unique position of the prescribing physicians in this multidistrict litigation, this Court determines that this case would be most efficiently and fairly managed by disallowing unilateral interviews of prescribing physicians by any party).

9. Beyond the HIPAA protections, Article I, Section 23 of the Florida Constitution states: "Every natural person has the right to be let alone and free from governmental intrusion into the person's private life except as otherwise provided herein."

10. This state constitutional right is not preempted by HIPAA.

11. Where a state constitution provides a greater privacy protection to the patient, the state constitution takes precedence over HIPAA. 42 U.S.C. § 1320d-7(a)(2)(B) (2016).

12. "Because the Federal Health Insurance Portability and Accountability Act's privacy rule is viewed as a floor of privacy protections for individuals, state laws may provide greater or more stringent protections. In those instances where state law is determined to be more stringent because it imposes enhanced or more detailed protections, the state law is not preempted by HIPAA." West Va. Dept. of Health & Human Res. v. E.H., 778 S.E.2d 728, 730 (W.Va. App. Ct. 2015); accord, Weaver v. Myers, 229 So.3d 1118, 1125-26 (Fla. 2017); Cohan v. Ahabe, 322 P.2d 948, 955-58 (Haw. 2014).

13. At least one federal court has recognized the bar of state-law privilege to ex parte interviews with a patient's treating physicians. Parker v. Upsher-Smith Laboratories, Inc., 2009 U.S.Dist. LEXIS 126565, * 14-15 (D.Nev. 2009).

14. The Claims Administrator's attempts to conduct ex parte interviews with Florida treating physicians violates the players' privacy protections afforded both by HIPAA, and by the Florida Constitution. Weaver v. Myers, 229 So. 3d 1118, 1138-39 (Fla. 2017) (where the Florida Supreme Court held ex parte interviews of physicians during investigations are unconstitutional).

15. Beyond the expressed privacy concerns and as a matter of public policy, these ex parte interviews and demands interfere with the physicians' ongoing medical practices and will have a chilling effect on the willingness of these treating neurologists and others to participate in the claims process in the future.

**WHEREFORE,** the affected Player-Claimants, by the undersigned Neurocognitive Football Lawyers Lawyers, LLC, request that the Court enter an Order:

a. prohibiting all ex parte interviews of their treating physicians by the Claims Administrator;

b. excluding any and all information obtained from prior unauthorized ex parte interviews from use by the Claims Administrator during the claims process;

c. limiting the Claims Administrator's requests for medical information to the information contemplated by the ASA;

d. requiring the Claims Administrator to notify the former NFL player-claimants of requests for additional medical information from their treating physicians, so that they have meaningful due process, i.e. an opportunity to object and to be heard; and

e. enforcing the 90-day deadline in Rule 10 of the Claim Audit Rules for treating physicians to respond to properly-authorized requests for medical information as foreseen by the ASA.

Respectfully submitted,


_/s/ James Holliday_
James Holliday, Esquire
Theodore "Ted" Karatinos, Esquire
Holliday Karatinos Law Firm, PLLC
18920 North Dale Mabry Hwy, Suite 101
Lutz, Florida 33548
(813) 868-1887 telephone
(813) 909-8535 telefax
jimholliday@helpinginjuredpeople.com
Florida Bar No. 0045284


_/s/ C. Steven Yerrid_
C. Steven Yerrid, Esquire
Ralph Gonzalez, Esquire
Heather N. Barnes, Esquire
The Yerrid Law Firm,
101 East Kennedy Blvd., Suite 3910
Tampa, Florida 33602
(813) 222-8222 telephone
(813) 222-8224 telefax
hbarnes@yerridlaw.com
cjameson@yerridlaw.com
kodell@yerridlaw.com
Florida Bar No. 207594
Florida Bar No. 564140
Florida Bar No. 85522


_/s/ Thomas Parnell_
Thomas Parnell, Esq
Gibbs & Parnell, P.A.
722 East Fletcher Ave
Tampa, Florida 33612
(813) 975-4444 telephone
(813) 975-4445 telefax
Florida Bar No. 441988

_/s/ Jeffrey Murphy_
Jeffrey Murphy, Esq.
Jeffrey D. Murphy, P.A.
511 W. Bay Street, Suite 352
Tampa, Florida 33606

5

(813) 443-5553 telephone
(813) 436-5190 telefax
Florida Bar No. 860808

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2018, I caused the foregoing Motion to be electronically filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, and that the filing is available for downloading and viewing from the electronic court filing system by counsel for all parties and via electronic mail with Perry Golkin, Esq., pgolkin@ppcenterprises.com, Jo-Ann M. Verrier, Esq., jverrier@law.upenn.edu, Wendell Pritchett, Esq., Pritchett@law.upenn.edu, and Jennifer Goodwin, jgoodwin@browngreer.com.

/s/ *James Holliday*
James Holliday, Esquire
Holliday Karatinos Law Firm, PLLC