UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, Successor-in-interest to NFL Properties, Inc.,<br><br>Defendants.<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Civ. Action No. 14-00029-AB |

## JOINDER IN REQUEST FOR A HEARING TO CORRECT FUNDAMENTAL IMPLEMENTATION FAILURES IN CLAIMS PROCESSING

The Locks Law Firm filed a motion on March 20, 2018 (Doc. 9786) (the "Locks Motion") seeking various relief including a Hearing on several failures in Claims Processing.

Hausfeld on behalf of its Pre-Effective Date Diagnosis clients joins in the request for a hearing to inform the Court of the failures, so they can be corrected. Hausfeld has filed Section 6.4(b) Pre-Effective Diagnosis Date claims for 41 retired players. Our experience in the Claims Process shows that the terms of the Settlement Agreement are not being faithfully applied, similar to that described in the Locks Memo at pages 6-7 (a-n) (identifying 14 failures). In

addition to the 14 failures identified in the Locks Memo, the Claims Administrator has also made up a "new rule," for Pre-Effective Diagnosis Date claims that:

> A board certified neurologist who examines and evaluates a retired player, and reviews his records, may *not* rely on the medical record of another doctor (i.e., an internist) to establish a date of diagnosis prior to the board certified neurologist's first visit with the retired player.

This "new rule" is not part of the Settlement Agreement. Specifically it is not written down in §6.3 (Qualifying Diagnoses) nor in Exhibit 1 (Injury Definitions). Like the other "new rules" that the Claims Administrator has set up (*see* Doc. 9786 at 15-17), no class member *ever received notice of this rule prior to approval of the Settlement by this Court*. The deleterious effect of this rule is that many retired players who can prove a Qualifying Diagnosis and are entitled to an Award, will receive an Award for *hundreds of thousands of dollars less* than would be the case if prior medical records could be relied upon by the diagnosing physicians to set the date of diagnosis. This is particularly problematic for the older retired players filing pre-effective date diagnosis claims because they were never on notice that their earlier medical records (for example from 2000-2010) could not be relied on to establish a diagnosis date; and because due to their older age, their awards are already severely discounted.

We respectfully request that the Court hold a hearing to address these fundamental implementation failures in Claims Administration, and correct these failures on a retroactive basis.

DATED: <u>March 26, 2018</u>                                  Respectfully submitted,


    */s/ Richard S. Lewis*
Richard S. Lewis
Jeannine M. Kenney
HAUSFELD LLP
1700 K Street, N.W., Ste. 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeld.com
jkenney@hausfeld.com