# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>THOSE FILING MOTIONS TO REMAND, AS SHOWN IN THE REVISED ATTACHMENT A IN SUPPORT OF RIDDELL'S CONSOLIDATED BRIEF IN OPPOSITION TO VARIOUS MOVANTS' MOTIONS TO REMAND | **Hon. Anita B. Brody** |

## RIDDELL DEFENDANTS'[1] SURREPLY TO PLAINTIFFS' REPLIES (ECF NOS. 9726 & 9727) TO RIDDELL'S CONSOLIDATED BRIEF IN OPPOSITION TO VARIOUS MOVANTS' MOTIONS TO REMAND

The Girardi and Cohen replies presented significant changes to the remand inquiry. In response to the Riddell defendants' showing of various improprieties, inconsistencies, and irregularities with respect to many of the Girardi and Cohen movants, their reply was to withdraw their motions to remand or, with respect to the Girardi movants, to make new and incorrect arguments. Their changes only reinforce the lack of merit with their remand motions.

In particular, 89 Girardi movants withdrew their request for remand. (ECF No. 9726 at 1 n.1.) As for the Cohen movants, all 81 withdrew their motions and no longer seek remand. (ECF No. 9727 ("These certain Plaintiffs hereby withdraw the Motions to Remand filed on their behalf

---

[1] For convenience only, "Riddell" or "Riddell defendants" refers collectively to the defendants Riddell, Inc., All American Sports Corporation, Riddell Sports Group, Inc., BRG Sports, Inc. (f/k/a Easton-Bell Sports, Inc.), BRG Sports, LLC (f/k/a Easton-Bell Sports, LLC), EB Sports Corp., and BRG Sports Holdings Corp. (f/k/a RBG Holdings Corp.), without waiver of their position that these are separate entities whom the plaintiffs have improperly lumped together and refer to as one entity.

in this litigation.").) In all, 170 of the original movants now no longer seek remand, with remand being sought now only by those represented by two sets of plaintiffs' counsel—the Corboy group and the Girardi group, as shown in Riddell's revised Attachment A.[2]

In addition to the reduction in the number of movants seeking remand, the Girardi movants' reply also asserted two entirely new arguments, neither of which is legally or factually supported.

I.    **The Girardi movants' new assertion that this "Court has never had supplemental jurisdiction" is directly contrary to what they argued and acknowledged previously, as well as patently untrue.**

In moving for remand, the Girardi movants originally argued that across their ten matters, the "only stated basis for federal jurisdiction over the Plaintiffs' claims against Riddell at the time of removal was supplemental jurisdiction pursuant to 28 U.S.C. § 1367, because these claims were joined in Plaintiffs' original filings with their claims against the NFL, and the NFL claimed federal question jurisdiction over Plaintiffs' claims against it."[3] They argued, however, that because certain of the Girardi plaintiffs settled and dismissed their claims against the NFL, "this Court *no longer has supplemental jurisdiction* over Plaintiffs' claims."[4]

In response, Riddell explained that the Girardi movants' arguments were incorrect, among other reasons, because they attempted to rely "on 28 U.S.C. section 1441(c), which deals only with treatment and disposition of joined federal and state claims upon removal and requires only that, after removal, the court sever and remand only those claims that were 'not within original or

---

[2] The Girardi movants' new list also includes 13 new individuals who did not timely move to remand by the Court's December 4, 2017 deadline. (ECF No. 9726-1.) In addition, some of the new individuals exhibit the same improprieties Riddell pointed out in their earlier response. For example, 3 of these 13 new individuals never filed an original complaint naming Riddell and never filed an SFC naming Riddell, and only named Riddell for the first time in a SAMAC-SFC. Beyond their untimeliness and the improprieties and irregularities as mentioned, these 13 new individuals' requests for remand fail for the same reasons as the earlier Girardi movants.
[3] (ECF No. 9389-3 at 3.)
[4] (*Id.* (emphasis added).)

2

supplemental jurisdiction of the district court . . . .'"[5] As Riddell showed, the Girardi movants misplaced their reliance on this code section because "these actions are far beyond the removal stage," and because "the movants' position is not that the claims against Riddell were never within the Court's supplemental jurisdiction" but instead that "'this Court no longer has supplemental jurisdiction over Plaintiffs' claims' against Riddell."[6]

On reply, however, the Girardi movants now assert that the Court "has *never had supplemental jurisdiction*" over the claims against the Riddell defendants.[7] This new argument is both factually and legally wrong. Indeed, courts have already determined that there is supplemental jurisdiction over the claims against the Riddell defendants in this litigation.

The first of the Girardi movants' cases were *Maxwell v. National Football League*,[8] *Pear v. National Football League*,[9] and *Barnes v. National Football League*,[10] filed in 2011 in state court in California. As the Girardi movants originally acknowledged, the NFL removed these actions "pursuant to federal question jurisdiction under 28 U.S.C. § 1331, with the NFL claiming that the claims against it were preempted by § 301 of the Labor Management Relations Act" (LMRA), and on the basis "that federal jurisdiction was proper over the other claims in Plaintiffs' actions against it, including those against Riddell, pursuant to the supplemental jurisdiction provisions of 28 U.S.C. § 1367(a)."[11]

The *Maxwell*, *Pear*, and *Barnes* plaintiffs moved to remand. The transferor court deemed *Maxwell*, *Pear*, and *Barnes* to be related cases and decided the remand motions in all three cases together. The transferor court denied remand after finding that at least one claim in each of these

---

[5] (ECF No. 9572 at 28.)
[6] (*Id.* (citing ECF No. 9410).)
[7] (ECF No. 9726 at 1 & n.1, 7, 8 (emphasis added).)
[8] No. BC465842, Los Angeles Cty. Super. Ct., Cal. (July 19, 2011).
[9] No. LC094453, Los Angeles Cty. Super. Ct., Cal. (Aug. 3, 2011).
[10] No. BC468483, Los Angeles Cty. Super. Ct., Cal. (Aug. 26, 2011).
[11] (ECF No. 9389-3 at 2.)

actions was subject to the doctrine of complete preemption, thereby providing federal jurisdiction.[12] The transferor court also concluded that it could "exercise *supplemental jurisdiction* over the remaining claims"—including the claims against the Riddell defendants—"pursuant to 28 U.S.C. § 1367," which it did.[13] The JPML shortly thereafter created this MDL and transferred *Maxwell*, *Pear*, and *Barnes* into it.[14]

The remaining Girardi-movant cases[15] followed a similar, albeit streamlined path. As with *Maxwell*, *Pear*, and *Barnes*, the NFL removed the remaining cases on the basis of LMRA section 301 preemption and asserted supplemental jurisdiction under 28 U.S.C. section 1367 as to any remaining claims not subject to preemption—including the claims against Riddell. Since they had already failed in seeking remand in *Maxwell*, *Pear*, and *Barnes*, the plaintiffs in the remaining cases did not challenge removal or seek remand, nor did they contest transfer of their cases into this MDL.[16]

This factual record soundly refutes the Girardi movants' assertion that this "Court has never had supplemental jurisdiction over Plaintiffs' claims" against Riddell.[17] Their claims against Riddell have been pending and adjudicated at length in federal court and in this MDL for—in most cases—six years *on the basis for supplemental jurisdiction*. Indeed, the transferor court's order exercising supplemental jurisdiction in *Maxwell*, *Pear*, and *Barnes* carried over on transfer here

---

[12] *Maxwell*, Case No. 2:11-cv-08394-R-MAN, C.D. Cal. (Dec. 8, 2011 Order) (ECF No. 58); *Pear*, Case No. 2:11-cv-08395-R-MAN, C.D. Cal. (Dec. 8, 2011 Order) ECF No. 61); *Barnes*, Case No. 2:1-cv-08396-R-MAN, C.D. Cal. (Dec. 8, 2011 Order) (ECF No. 58).

[13] *Id.* (emphasis added).

[14] (Transfer Order, ECF No. 1.)

[15] (*See* 9389-3 at 2 n.2 (identifying all the Girardi movants' original actions which were removed and transferred here).)

[16] *E.g.*, Stipulation to Stay, *Jani v. Nat'l Football League*, No. 2:14-cv-02077, at 1 (C.D. Cal. Mar. 21, 2014), ECF No. 16; Stipulation to Stay, *Monk v. Nat'l Football League*, No. 2:12-cv-04759, at 3 (C.D. Cal. June 5, 2012), ECF No. 16.

[17] (ECF No. 9726 at 7.)

and remains controlling under the "law of the case" doctrine.[18] And the same holding applies to the remaining cases, since the original complaints and the circumstances in those other cases are indistinguishable from the original trio—which is why the later plaintiffs simply stipulated to the transfer of those later cases to this MDL.[19]

Once the Girardi movants' erroneous new assertion that this Court never had supplemental jurisdiction is discarded, their legal arguments based on this illusory premise collapse—such as their argument that remand is "mandated" by 28 U.S.C. section 1441 because the "claims against the Riddell Defendants were never in the . . . supplemental jurisdiction of this Court."[20] Because, as the transferee court held, there *was* supplemental jurisdiction as to the claims against Riddell, 28 U.S.C. section 1441(c) remains irrelevant.[21]

II.    **The Girardi movants' new assertion that Riddell has waived various bases for continued exercise of jurisdiction lacks any merit.**

The MDL plaintiffs themselves—including the Girardi movants—asserted federal jurisdiction multiple times over the past six years, including CAFA mass-action jurisdiction, as well as diversity jurisdiction.[22] Moreover, as Riddell has consistently maintained since 2011[23] the claims against it—including the most recent iteration of those claims in the SAMAC—are preempted under LMRA section 301, as shown in Riddell's pending motion to dismiss.[24]

---

[18] *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 440–41 (3d Cir. 2009) (observing that, barring extraordinary circumstances, an MDL transferee court is bound by and must follow the non-discovery rulings of the transferor court, consistent with the "law of the case" doctrine).
[19] (*E.g.*, *Monk v. Nat'l Football League*, Stipulation to Stay the Case; [Proposed] Order (ECF No. 16), 2:12-cv-04759-R-MAN (C.D. Cal. June 5, 2012).)
[20] (*See* ECF No. 9726 at 12 (arguing that a claim that is not within the supplemental jurisdiction of the court must be remanded under 28 U.S.C. section 1441(c)).)
[21] Just as it was irrelevant when the Girardi movants attempted to rely on it in their opening brief, as Riddell showed. (ECF No. 9572 at 28.)
[22] (ECF Nos. 83 ¶ 25, 2642 ¶ 25, & 8927 ¶ 17.)
[23] (*E.g.*, ECF No. 3592.)
[24] (*E.g.*, ECF No. 9575-1.)

In seeking remand, the Girardi movants ignored these multiple alternative bases for continuing federal jurisdiction. Their newly raised waiver argument in their reply misses the mark for several reasons.

*First*, the Girardi movants wholly misplace their reliance on their cited law.[25] Their cases all address the limited circumstance of whether, outside of the initial 30-day window for removal but before the district court has determined whether the case was properly removed, a party can amend its notice to assert different grounds for removal.[26] As such, these cases are wholly irrelevant. Riddell is not seeking to "amend" a notice of removal or to cure a defect in removal—there was no defect in removal to cure. The Girardi movants' actions were already long ago properly removed, the transferor court held there was supplemental jurisdiction, and these cases were all transferred here on the basis of federal jurisdiction, both original and supplemental.

In short, the issue here is not about whether the exercise of federal jurisdiction was originally proper, as that issue was long ago decided. The issue now is whether the Court can and should *continue* to exercise jurisdiction over the claims against Riddell. None of the Girardi movants' cited case law addresses this issue, and none of it supports purported waiver here.

*Second*, the Girardi movants' new waiver argument ignores that where, as here, "a case has been *properly* removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice."[27] Moreover, where an amended complaint filed post-removal evinces "an independent basis" for federal jurisdiction—such as diversity or under CAFA—a district court has a "virtually unflagging obligation" to exercise jurisdiction.[28]

---

[25] (ECF No. 9276 at 5.)
[26] (*Id.* (citing cases).)
[27] *Snider v. Sterling Airways, Inc.*, No. 12-CV-3054, 2013 WL 159813, at *5 (E.D. Pa. Jan. 15, 2013) (then-Chief Judge Joyner) (quoting *Williams v. Costco Wholesale Corp.,* 471 F.3d 975, 976 (9th Cir. 2006)).
[28] *Williams*, 471 F.3d at 977.

6

The Girardi movants' argument appears to be that even though these cases were already removed and have been pending in federal court since as far back as 2011, Riddell needed to file a notice of removal or supplemental notice of removal to assert additional bases for the continued exercise of federal jurisdiction as they later arose. Such a proposition is, as one court put it, "nonsensical."[29] Again, the issue at hand is not removal. The issue now is the continued exercise of federal jurisdiction over cases which were already properly removed and over which this Court has continued to exercise jurisdiction for many years.

*Third*, the Girardi movants' new waiver argument that Riddell has "made no effort to show that diversity jurisdiction existed over the removed Riddell actions **at the time the case was removed**"[30] is flawed on even further grounds. They don't explain how Riddell waived the ability to rely on diversity jurisdiction—that *the plaintiffs themselves* affirmatively asserted.[31] Instead, they label the prospect of federal diversity jurisdiction with respect to their actions individually as Riddell's purportedly "speculative approach . . . unsupported by case law or statute." Yet, this is and long has been *their* approach, as found in the MDL plaintiffs' thrice-asserted jurisdictional allegations in their master complaints.

Examining whether diversity jurisdiction lies after dismissal of a party is also fully legally supported. Contrary to the Girardi movants' assertion that diversity jurisdiction had to exist "at the time the case was removed,"[32] the Third Circuit has acknowledged that while "'the jurisdiction of the court depends upon the state of things at the time of the action brought,' this time-of-filing rule is subject to a few discrete exceptions."[33] One such exception is when an alleged "jurisdictional

---

[29] *Id.* ("Indeed, the idea of filing a notice of removal in a case that is already pending in federal court, having been properly removed, is nonsensical.").
[30] (ECF No. 9726 at 9 (emphasis in original).)
[31] (ECF Nos. 83 ¶ 25, 2642 ¶ 25, & 8927 ¶ 17.)
[32] (ECF No. 9726 at 9.)
[33] *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150 (3d Cir. 2017), *as amended* (Apr. 19, 2017) (quoting *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004); internal citation omitted).

defect is 'cured by the dismissal of the party that had destroyed diversity.'"[34] That is the case here, given the dismissal of the NFL, following the Girardi movants' settlement with it. The law does not support any "waiver" given the facts supporting diversity jurisdiction that arose only post-removal.

In addition, in arguing in their reply that Riddell was required "to show that diversity jurisdiction existed over the removed Riddell actions *at the time the case was* removed,"[35] the Girardi movants appear to confuse two concepts. The parties' *citizenship* for purposes of diversity analysis is measured as of when the action is filed, such that post-filing changes *in citizenship* are not properly considered.[36] However, changes in *the parties* themselves—including by reason of parties being dismissed, dropped, or severed—that occur post-removal *are* properly taken into account and can support the continued exercise of federal jurisdiction.[37] The issue here is the latter.

The Supreme Court has long recognized that Rule 21 further provides an exception to the principle that the "existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed,"[38] allowing courts to drop parties or sever actions "at any time."[39] The Girardi movants' actions are improperly joined and—if allowed to proceed—must be severed,[40] after which there would be complete diversity with respect to the Girardi movants who are diverse from the Riddell defendants, and who have settled with and dismissed their claims against the NFL

---

[34] *Id.* (quoting *Grupo Dataflux*, 541 U.S. at 572). Riddell maintains there is no jurisdictional defect. The discussion of potential diversity jurisdiction is intended only to establish yet another basis for continued federal jurisdiction.
[35] (ECF No. 9726 at 9.)
[36] *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 n.9 (3d Cir. 2015).
[37] *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 152 (3d Cir. 2009) ("But the time-of-filing rule admits exceptions in cases where the parties change, in contrast to cases in which the circumstances attendant to those parties change.")
[38] *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989)
[39] Fed. R. Civ. P. 21.
[40] *See* Fed. R. Civ. P. 21.

individually.[41] This is hardly "speculative," as the Girardi movants argue.[42] Rather, it is fact, as Riddell has shown with numerous examples.[43]

* * * * * * * * *

After Riddell rebutted the movants' motions to remand and showed there are multiple independent bases for the Court to continue to exercise jurisdiction over the Riddell matters, the Cohen and Girardi movants completely changed tack in their replies. The Cohen movants have abandoned remand altogether. Meanwhile, the Girardi movants switched to arguing for the first time that there was never supplemental jurisdiction—when there indisputably and undeniably was and has been for over six years—along with asserting waiver where there was none. That these movants would feel the need to change their positions so drastically on reply only reinforces the lack of merit in these remand motions in the first place.

Dated: March 27, 2018                                    Respectfully submitted,

                                                         /s/ Paul G. Cereghini
                                                         Paul G. Cereghini
                                                         Thomas C. Howard
                                                         BOWMAN AND BROOKE LLP
                                                         2901 N. Central Avenue, Suite 1600
                                                         Phoenix, AZ  85012
                                                         Telephone: (602) 643-2300
                                                         Facsimile: (602) 248-0947
                                                         paul.cereghini@bowmanandbrooke.com
                                                         thomas.howard@bowmanandbrooke.com

                                                         Robert L. Wise
                                                         Eden M. Darrell
                                                         BOWMAN AND BROOKE LLP
                                                         901 East Byrd Street, Suite 1650
                                                         Richmond, VA  23219
                                                         Telephone: (804) 649-8200
                                                         Facsimile: (804) 649-1762

---

[41] See Grupo Dataflux, 541 U.S. at 573 (recognizing that a "postsettlement dismissal of the diversity-destroying defendant cured" any alleged lack of jurisdiction and provided "complete diversity between the remaining parties").
[42] (ECF No. 9726 at 9.)
[43] (E.g., ECF No. 9572 at 32 (showing examples of Girardi movants who are diverse from all the Riddell defendants).)

rob.wise@bowmanandbrooke.com
eden.darrell@bowmanandbrooke.com

Thomas P. Wagner
MARSHALL DENNEHEY
WARNER
COLEMAN & GOGGIN
2000 Market Street, Suite 2300
Philadelphia, PA  19103
Telephone: (215) 575-4562
Facsimile: (215) 575-0856
tpwagner@mdwcg.com

*Attorneys for Defendants Attorneys for Defendants Riddell, Inc., All American Sports Corporation, Riddell Sports Group, Inc., BRG Sports, Inc. (f/k/a Easton-Bell Sports, Inc.), BRG Sports, LLC (f/k/a Easton-Bell Sports, LLC), EB Sports Corp., and BRG Sports Holdings Corp. (f/k/a RBG Holdings Corp.).*

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 27, 2018, the foregoing Riddell Defendants' Surreply to Plaintiffs' Replies to Riddell's Consolidated Brief in Opposition to Various Movants' Motions to Remand was electronically filed and served via ECF on all counsel of record registered to receive service via the Court's CM/ECF system.

_/s/ Paul G. Cereghini_