**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE RETIRED PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB <br><br> MDL NO. 2323 |
| THIS DOCUMENT APPLIES TO ALL PLAINTIFFS | Hon. Anita B. Brody |

**JOINDER IN REQUEST FOR A HEARING TO CORRECT FUNDAMENTAL IMPLEMENTATION FAILURES IN CLAIM PROCESSING**

The Locks Law firm filed a motion on March 20, 2018 (Dkt 9786) (the "Locks motion") seeking various relief including a hearing for several players in claims processing in connection with the NFL Amended Settlement Agreement ("Settlement Agreement").

Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") joins in the motion on behalf of pre-affective diagnoses clients as well as post effective date clients and respectfully request a hearing to inform the Court of the failures and confusion, so that they can be corrected.

LCHB has filed section 6.4(b) pre-affective diagnosis date claims for certain retired players as well as post effective diagnosis date claims for certain retired players whose doctors have reported that the retired players carry the qualified diagnoses required under the Settlement Agreement.  Our experience in the claims process shows that the terms of the settlement agreement are not being faithfully applied, similar to that described in the Locks' memo at pages 6-7(a)(n) (identifying 14 failures).

In addition to the 14 failures identified in the Locks' memo having to do with the pre-effective date claimants, the claims administrator has also made a "new rule" for pre-affective diagnosis date claims.  For example, despite that the pre-affective diagnosis date claim requires the supporting opinion of a board certified physician who is a board certified neurologist, or neuro-psychiatrist, the claims administrator now requires several additional and previously unmentioned additional steps.  The Claims Administrator has sought to interview the physicians who examined the claimant, without adequate HIPPAs. The Claims Administrator has required the submission of five (5) years of medical records and employment records prior to the date the claim was filed, which is otherwise not required under the Settlement Agreement.  There is nothing in the Settlement Agreement that calls for that production.  In addition, the Claims Administrator and the NFL have required neuropsychological testing for pre-effective date

claims, when there is no requirement for that testing under the Amended Settlement Agreement. The Claims Administrator has requested reports from the NFL disability process that similarly are not required under the Amended Settlement Agreement. Importantly, players have a strong basis to believe the disability process in the NFL is a biased NFL-funded system. The players would have never agreed to this Settlement if they knew the NFL-funded doctors in the NFL disability system would have some say in whether the claims brought in this litigation are awarded or not. These new rules and requirements are not part of the Amended Settlement Agreement. Specifically it is not written down in section 6.3 (qualifying diagnosis) nor in Exhibit 1 (injury definitions).

Like the other "new rules" that the Claims Administrator has set-up (see Dkt 9786 at 15-17), no class member ever received notice of any of these rules prior approval of the settlement by this Court. The deleterious effect of these new rules and requirements is that many retired players who can prove a qualifying diagnosis and are entitled to an award will not receive an award because materials requested may not exist; many retired players who can prove a qualifying diagnosis may be denied because they did not have a certain testing done by non-physicians such as neuropsychologists; and, in other cases, many awards are woefully delayed at every stage as the Claims Administrator requires additional steps that were never part of the settlement.

The problems are continuous and ever-growing. This is particularly problematic for the older retired players filing pre-affective date diagnosis claims because they were never on notice that their earlier medical records (for example through 2010) cannot be relied upon to establish a diagnosis date; and because due to their older age there was already severely discounted; and especially problematic for younger players who are frustrated in attempting to meet these

requirements.  Further, at the hearing where the settlement was first explained, the Claims Administrator suggested no attorney was required to process a player's claim.  It has become increasingly clear that the opposite is true.  The claims process is filled with previously undisclosed or earlier undescribed new rules, obstacles and blocks that only counsel can assist clients to maneuver.

We respectfully request that the Court hold a hearing to address these fundamental implementation problems.

Dated:  March 28, 2018               Respectfully Submitted,

By:     */s/ Wendy R. Fleishman*
          Wendy R. Fleishman

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street
8th Floor
New York, New York 10013
Telephone: (212) 355-9000
Facsimile:  (212) 355-9592
wfleishman@lchb.com

Kenneth Byrd
Andrew R. Kaufman
Lieff Cabraser Heimann & Bernstein, LLP
222 2nd Avenue South
Suite 1640
Nashville, TN 37201
Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965
kbyrd@lchb.com
akaufman@lchb.com

*Attorneys for Claimants*

## **CERTIFICATE OF SERVICE**

      It is hereby certified that a true copy of the foregoing document was served electronically via the Court's electronic filing system on the 28th day of March, 2018, upon all counsel of record.


Dated: March 28, 2018                                /s/ *Wendy R. Fleishman*
                                                                          Wendy R. Fleishman

1530769.2