UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, Successor-in-interest to NFL Properties, Inc.,<br><br>Defendants.<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Civ. Action No. 14-00029-AB |

### **JOINDER OF CASEY GERRY IN MOTION BY THE LOCKS LAW FIRM FOR APPPOINTMENT OF ADMINISTRATIVE CLASS COUNSEL AND FOR A HEARING**

The Locks Law Firm filed a Motion on March 20, 2018 (Doc. 9786) seeking various relief including a hearing on failures with respect to Claims Processing. Casey, Gerry, Schenk, Francavilla, Blatt & Penfield, LLP ("Casey Gerry"), joins in

-1

the request on behalf of its clients for an appointment of administrative class counsel and for a hearing to correct failures in Settlement implementation.

Casey Gerry was one of the law firms appointed by this Court to serve on the Plaintiffs' steering committee. The implementation of the Settlement shows that the terms of the Settlement Agreement are not being applied properly and are often applied in a way that prejudices the Class and benefits the NFL. We concur with the list set forth in the filed Memorandum of the Locks Law Firm (Doc. 9786) at pages 6-7.

In addition, on information and belief, there may be other amendments and rules created by the NFL and others of which the Class is not aware and for which the Class never received notice. Any new amendment or rule that may adversely affect player claims, particularly in the context of pre-effective date claims subject to the less stringent review standard of Section 6.4(b), should be subject to the review and consideration of all Class Counsel who actually represent retired players and have submitted pre-effective date claims on their behalf. Such new rules also should be reviewed by the Court as well, possibly in the context of an hearing, to determine whether the new amendment or rule prejudices player/claimants and benefits the NFL.

the request on behalf of its clients for an appointment of administrative class counsel and for a hearing to correct failures in Settlement implementation.

Casey Gerry was one of the law firms appointed by this Court to serve on the Plaintiffs' steering committee. The implementation of the Settlement shows that the terms of the Settlement Agreement are not being applied properly and are often applied in a way that prejudices the Class and benefits the NFL. We concur with the list set forth in the filed Memorandum of the Locks Law Firm (Doc. 9786) at pages 6-7.

In addition, on information and belief, there may be other amendments and rules created by the NFL and others of which the Class is not aware and for which the Class never received notice. Any new amendment or rule that may adversely affect player claims, particularly in the context of pre-effective date claims subject to the less stringent review standard of Section 6.4(b), should be subject to the review and consideration of all Class Counsel who actually represent retired players and have submitted pre-effective date claims on their behalf. Such new rules also should be reviewed by the Court as well, possibly in the context of an hearing, to determine whether the new amendment or rule prejudices player/claimants and benefits the NFL.

Casey Gerry respectfully requests that the Court appoint Administrative Class Counsel and hold a hearing on implementation failures to correct, among other things, failures identified in the Locks Law Firm Memorandum.

Dated: March 28, 2018.

    Respectfully submitted,

    CASEY, GERRY, SCHENK, FRANCAVILLA, BLATT & PENFIELD, LLP

    /s/ *Frederick Schenk*
    Frederick Schenk
    California Bar No. 086392
    110 Laurel Street
    San Diego, CA 92101
    Ph: (619) 238-1811
    Fax: (619) 544-9232
    fschenk@cglaw.com