UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**JOINDER IN MOTION OF CLASS COUNSEL THE LOCKS LAW FIRM FOR
APPOINTMENT OF ADMINISTRATIVE CLASS COUNSEL**

Class Counsel Podhurst Orseck, P.A. ("Podhurst") joins its Co-Class Counsel, the Locks Law Firm, in respectfully requesting that the Court appoint a committee represented by, among others, the Locks Law Firm to serve as administrative class counsel with respect to the Settlement, and that the Court hold a hearing to address issues concerning implementation and administration of the Settlement. The Settlement promised ailing Class Members a fair, simple, and streamlined MAF claims process, as well as an efficient and responsive BAP system. Unfortunately, these promises have been broken, primarily because of the NFL's refusal to honor its obligation to implement the Settlement "in good faith."  *See* Class Action Settlement

Agreement, § 30.11. As explained in detail in the Locks Law Firm's motion (ECF No. 9786), appointing administrative class counsel is necessary to provide a structural safeguard to fulfill the bedrock promises and objectives of the Settlement.[1]

From the outset, Podhurst has played a meaningful and constructive role in both this litigation and the Settlement, a fact recognized by Co-Lead Class Counsel Seeger Weiss. We have served on both the Plaintiffs' Executive Committee and the Plaintiffs' Steering Committee, negotiated key terms of the Settlement, and were appointed Class Counsel in connection with the Settlement. In addition, through our individual representation of hundreds of Class members, we have extensive experience with the BAP and the MAF claims process, and remain devoted to the fair and faithful implementation of the Settlement.[2]

We share the specific concerns highlighted by the Locks Law Firm in its motion. (ECF No. 9786 at 6-7.) Our direct experience with the claims process confirms the persistence of the problems the Locks Law Firm identified. Of the 18 claims that we have submitted, only 2 claims—for Parkinson's disease and Death with CTE—have been paid, while numerous claims pending for 8-10 months have been delayed due to inexplicable audits, appeals, and notices requesting additional documents or re-testing arising primarily from de facto, unapproved

---

[1] Such an appointment is well within this Court's discretion, given its explicit retention of "continuing and exclusive jurisdiction to interpret, implement, administer and enforce the Settlement Agreement, and to implement and complete the claims administration and distribution process." (ECF No. 6534, ¶ 17.)

[2] Indeed, both Podhurst and the Locks Law Firm, as Class Counsel, have a continuing duty, mandated in the Settlement, "to act in the best interest of the Settlement Class as a whole, with respect to promoting, supporting, and effectuating, as fair, adequate, and reasonable, the approval, *implementation*, and *administration* of the settlement embodied in the Settlement Agreement." Class Action Settlement Agreement, § 28.1 (emphasis added).

amendments to the Settlement.[3]  This is not the fair, simple, and streamlined claims process that the players were promised or the Court approved.

Further, as documented in the joinder notice submitted by Zimmerman Reed, the BAP system is plagued by similar delays and problems.  (ECF No. 9820 at 6-9.)  Players usually must wait months for an appointment and often much longer to eventually receive a report following the appointment.  This is not the efficient, responsive program that the players were promised or the Court approved.

As detailed in the Locks Law Firm's motion, many of the escalating problems in the implementation of the Settlement are attributable to the NFL's obstinate, unreasonable litigation tactics.  To remedy these problems with the implementation of the Settlement and to prevent further delays in delivering benefits to those in need, a committee should be appointed to serve as administrative class counsel.  In addition, the independence of the Claims Administrator needs to be safeguarded from what appears to be too much influence exerted by the NFL.  In response to these and other concerns that Podhurst and the Locks Law Firm expressed many months ago, Co-Lead Class Counsel Seeger Weiss made some effort to update Class Counsel as to certain issues.  However, the persistence of implementation problems and extended delays demonstrates that enhanced structural protection is unquestionably needed.  Firms with extensive experience directly dealing with players and interacting with the claims process should be appointed to a committee to ensure that the Settlement is fairly and faithfully implemented.

---

[3] The Court's Amended Final Order and Judgment provides: "Without further approval from the Court, and without the express written consent of Class Counsel and Counsel for the NFL Parties, the Settlement Agreement is not subject to any change, modification, amendment, or addition." (ECF No. 6534, ¶ 18.)  The Court has not approved, nor has Class Counsel given express written consent to, any change, modification, amendment, or addition to the Settlement since its final approval.  Thus any change, modification, amendment, or addition reflected in the implementation of the Settlement is null and void.

Dated: March 29, 2018                   Respectfully submitted,

                                                **PODHURST ORSECK, P.A.**
                                                SunTrust International Center
                                                One S.E. 3rd Ave, Suite 2300
                                                Miami, FL 33131
                                                Telephone: (305) 358-2800
                                                Fax: (305) 358-2382

By:   /s/ Steven C. Marks
        STEVEN C. MARKS
        Fla. Bar. No. 516414
        Email: smarks@podhurst.com
        STEPHEN F. ROSENTHAL
        Fla. Bar No. 0131458
        Email: srosenthal@podhurst.com
        RICARDO M. MARTÍNEZ-CID
        Fla. Bar No. 383988
        Email: rmcid@podhurst.com
        MATTHEW P. WEINSHALL
        Fla. Bar No. 84783
        Email: mweinshall@podhurst.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2018, I caused the foregoing document to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel and parties.

                                                */s/ Steven C. Marks*
                                                Steven C. Marks, Esq.