UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE NATIONAL FOOTBALL PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, Successor-in-interest to NFL Properties, Inc.,<br><br>Defendants | Civ. Action No. 14 – 00029 – AB |
| THIS DOCUMENT RELATES TO<br><br>All Actions |  |

**JOINDER OF KREINDLER & KREINDLER, LLP IN THE
MOTION BY THE LOCKS LAW FIRM FOR APPOINTMENT OF
ADMINISTRATIVE CLASS COUNSEL, AND FOR A HEARING**

On March 20, 2017, the Locks Law Firm filed a motion (Doc. No. 9786) seeking appointment of administrative class counsel, and a hearing, to address failures in the claims process established by the Settlement in this case. Kreindler & Kriendler, LLP, a member of the Plaintiff's Steering Committee appointed by the Court, joins the Locks Law Firm in respectfully requesting (1) that the Court appoint a committee, including among others the Locks Law Firm, to serve as

1

administrative class counsel for the Settlement, and (2) that the Court hold a hearing to address issues relating to the administration and implementation of the Settlement.

The Settlement was supposed to provide suffering retired NFL Players with an efficient, straightforward and most importantly fair claims process and BAP program. Sadly, the actual implementation of both the claims process and the BAP program have been riddled with delays and increasingly onerous requirements that are not part of the Settlement Agreement. As set forth more fully in the Locks Law Firm's motion (Doc. No. 9786), appointment of a committee of administrative class counsel is necessary to provide the safeguards necessary to ensure that the goals of the Settlement and promises made to the class members are achieved.

In addition to playing an important role as one of the heads of the communications committee within the Plaintiff's Steering Committee, which was responsible for the carefully constructed public relations campaign that helped bring the NFL to the negotiating table, Kreindler & Kreindler LLP represents over 190 individual class members.

In our role as counsel for many individual players and families, we have gained experience with the BAP and MAF claims process. Our experience has confirmed the concerns highlighted by the Locks Law Firm in its motion. (Doc. No. 9786, at p. 6-7). While we have received payment in 4 of the 9 claims we have submitted, multiple claims submitted have been subjected to delays, audits, and requirements to provide additional (and sometimes entirely unrelated) medical records, none of which were are aspects of the claims process set forth in the Settlement Agreement agreed to by the class members. (Doc. No. 6534). In addition, none of these new requirements have been subject to Court approval as required by the Settlement Agreement. (*Id.*, at ¶ 18).

In addition, as addressed in more detail by Zimmerman Reed's joinder notice in the Locks Law Firm's Motion (Doc. No. 9820, at p. 6-9), the BAP process has been plagued by long delays

in obtaining examination appointments and reports from those examinations.  Even when players obtain appointments, some dismissive providers give class members skeptical, almost adversarial examinations that do not do justice to what is envisioned by the settlement.

Not only are the claims process and BAP not the responsive and streamlined programs to which the class members agreed, but the ongoing problems outlined above and in the Locks Law Firms' Motion are causing the retired players to lose faith that the administration of the settlement is free of the undue influence of the NFL.

A committee should be appointed to serve as administrative class counsel to address the entrenched problems with implementation of the settlement and prevent additional delays in class members obtaining the benefits to which they are entitled.  In addition, the Court should take the steps necessary to ensure the independence of the Claims Administrator and physicians involved in the settlement process from undue influence exerted by the NFL.

KREINDLER & KREINDLER, LLP

  /s/ Anthony Tarricone
Anthony Tarricone (MA BBO# 492480)
855 Boylston Street
Boston, MA 02116
 (617) 424-9100
atarricone@kreindler.com

AND

Noah H. Kushlefsky (6272)
KREINDLER & KREINDLER, LLP
750 Third Avenue
New York, New York 10017
(212) 687-8181
nkushlefsky@kreindler.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2018, I caused the foregoing document to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel and parties.

*/s/ Anthony Tarricone*