UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, On behalf of themselves and others similarly Situated, | : : : | Civ. Action No. 14-00029-AB- |
| Plaintiffs, | : | |
| v. | : | |
| National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., | : : : | |
| Defendants. | : | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : | |

**<u>JOINDER OF BERKOWITZ AND HANNA LLC IN MOTION OF THE LOCKS LAW FIRM FOR APPOINTMENT OF ADMINISTRATIVE COUNSEL AND FOR A HEARING</u>**

Berkowitz and Hanna LLC hereby joins Class Counsel, The Locks Law Firm, in respectfully requesting that the Court appoint The Locks Law Firm as Administrative Counsel to implement the Settlement Agreement in a manner consistent with their fiduciary duty to the plaintiff Class, and a Hearing to seek Court Intervention regarding the processing of claims, for the reasons stated therein and in its Memorandum dated March 20, 2018 (ECF. 9786).

As stated in The Locks Law Firm's Memorandum, the Settlement Agreement is in

danger of failing in its execution. Appointing Administrative Class Counsel is necessary to provide a structural safeguard to ensure the terms of the Amended Settlement Agreement are being followed and adhered to especially since Seeger Weiss has failed miserably in protecting the rights of the players. Seeger Weiss has allowed the NFL to re-litigate the class action through the settlement process and insist on extreme standards that are not part of the settlement agreement as a way to temper and delay the number and size of awards given to the players. Simultaneously, Seeger Weiss has represented to this Court and the media how smoothly the settlement program is progressing while knowing full well that not a single plaintiffs' counsel shares their view. In fact, the overwhelming view by plaintiffs' counsel is that the program has been a colossal failure fraught with intentional roadblocks and delays that has plaintiffs' counsel and its players up in arms.

Berkowitz and Hanna LLC concurs with the list set forth in the filed Memorandum of The Locks Law Firm (ECF. 9786) at pages 6-7, since we have faced similar obstacles throughout the claims process. Berkowitz and Hanna LLC represents a substantial number of Retired NFL player and have already filed more than 80 pre-effective qualifying diagnoses claims for monetary awards and numerous post-effective qualifying diagnoses claims made by MAF and BAP providers for monetary awards. Of the 100 claims we have submitted, one claim has been approved, and more than half of our claims have been delayed due to inexplicable audits, notices requesting additional documents and/or denials. The implementation of the claims process has revealed that there are new requirements and

amendments to the plain language of the Amended Settlement Agreement that parties were never made aware of and the terms of the Amended Settlement Agreement are not being applied properly and in good faith.

For instance, the "audit procedures" used by BrownGreer are not being utilized in accordance with terms of the Amended Settlement Agreement and are unfairly delaying the processing of claims. When we contacted BrownGreer to discuss why almost every claim we submitted for a monetary award was selected for an audit, we were told by the Audit Review Panel that there are guidelines that they follow when selecting claims for audits. When we asked what these guidelines were, we were told by the Audit Review Panel that the guidelines are confidential. This is extremely troubling since the claims commission is supposed to be independent and transparent; not an agent the NFL. The implementation of the audit process shows that the NFL and BrownGreer have deviated from the Amended Settlement Agreement and created new amendments and rules without knowledge and/or consent of Class Co-Counsel, Sub-Class Counsel, and the players and in contravention of the terms of the Amendment Settlement Agreement. The new "amendments" to the Amendment Settlement Agreement and the lack of transparency have caused unnecessary and inexcusable delays in the claims process.

Berkowitz and Hanna LLC expressed concerns over the claims process to Co-Lead Class Counsel Seeger Weiss beginning over a year ago but our requests have fallen on deaf ears. When it became obvious early in the claims process that the settlement agreement was

3

not being adhered to by the Claims Commission, we contacted Seeger Weiss and requested that they hold a meeting for plaintiffs' counsel so we could share with Seeger Weiss the many problems and delays counsel throughout the country were facing during the claims process. However, Chris Seeger of Seeger Weiss failed and/or refused to meet with plaintiffs' counsel that are representing thousands of players. Instead, despite his knowledge of the universal unhappiness of how the settlement program is progressing, Attorney Seeger continues to represent to the Court and the media how successful and smoothly the settlement program is progressing. Such disingenuous statements are causing grave concerns among players and plaintiffs' counsel regarding Seeger Weiss' efforts to properly advocate on behalf of the players. Oppositely, The Locks Law Firm, who, like our firm, represents a substantial number of players and is much more familiar than Chris Seeger (who represents very few players) regarding the unfairness that the settlement program has brought upon the players and is much more responsive to plaintiffs' counsel when contacted regarding the unfairness of the execution of the settlement program. Therefore, it is clear that The Locks Law Firm is in a much better position than Seeger Weiss to advocate on behalf of the players and should be appointed Administrative Class Counsel to oversee the claims process and ensure that the terms of the Amended Settlement Agreement are being fairly applied.

      As stated above, Seeger Weiss has portrayed to the media that the claims process has been running smoothly. However, the program is in danger of imploding which makes it quite troubling that Seeger Weiss would represent to the Court and the media the complete

opposite. It was represented to the Retired NFL Players that the program would be a fair, simple and streamlined claims process. Unfortunately, these promises have been broken as the claims process has been filled with inexcusable delays, secretive guidelines and new requirements that are not in accordance with the terms of the Amended Settlement Agreement. The class will be better served with an Administrative Class Counsel actively who will stand up for the rights of the players and make sure that the original settlement agreement is adhered to so that the players can receive the compensation they are so rightfully entitled to.

Undersigned counsel respectfully requests that the Court appoint The Locks Law Firm as Administrative Class Counsel and hold a hearing to address the processing of claims process and the failures, among other things, identified in The Locks Law Firm Memorandum.

Dated: April 3, 2018.

Respectfully Submitted By:

THE PETITIONER,

/s/ Russell J. Berkowitz, Esq.
Russell J. Berkowitz, Esq.
Kelly E. Ferraro, Esq.
Berkowitz and Hanna LLC
733 Summer Street, 2nd Floor
Stamford, Connecticut 06901
Tel.: (203) 324-7909; Fax: (203) 324-5067
Connecticut Bar No. 438109

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Notice of Attorney's Lien to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for the CM/ECF in the litigation.

Dated: April 3, 2018

        THE PETITIONER,

        /s/ Russell J. Berkowitz, Esq.
        Russell J. Berkowitz, Esq.
        Kelly E. Ferraro, Esq.
        Berkowitz and Hanna LLC
        733 Summer Street, 2nd Floor
        Stamford, Connecticut 06901
        Tel.: (203) 324-7909; Fax: (203) 324-5067
        Connecticut Bar No. 438109