UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>    Plaintiffs,<br><br>    v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>    Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**RESPONSE OF CO-LEAD CLASS COUNSEL, CHRISTOPHER A. SEEGER, TO ANAPOL WEISS' MOTION TO COMPEL
THE CLAIMS ADMINISTRATOR TO REIMBURSE ALL CLASS COUNSEL OUT OF THE "ATTORNEYS' FEES QUALIFIED SETTLEMENT FUND" THE MONIES EACH CLASS ATTORNEY CONTRIBUTED TO THE COMMON BENEFIT EXPENSES AND
FOR THE ENTRY OF AN ORDER ESTABLISHING THE
<u>"EDUCATION FUND" PER THE SETTLEMENT AGREEMENT</u>**

Co-Lead Class Counsel, Christopher A. Seeger, hereby responds to the Motion of Anapol Weiss to Compel the Claims Administrator to Reimburse All Class Counsel Out of the "Attorneys' Fees Qualified Settlement Fund" ("The Fund") the Monies Each Class Attorney Contributed to the Common Benefit Expenses (as Submitted for Reimbursement) and for Entry

of an Order Establishing the "Education Fund" per the Settlement Agreement, filed on March 22, 2018 [ECF No. 9807] ("Anapol Motion"), in which the Locks Law Firm belatedly joined on April 3, 2018 [ECF No. 9848] ("Locks Joinder").  For the reasons set forth below, Anapol Weiss' first request was rendered moot today, and, as to its second request, the timing is less than optimal.

*First*, before addressing the underlying requests of the Anapol Motion, it should be pointed out that the Proposed Order submitted with the motion would have the "*Settlement Administrator*" "provide notice to all Class Counsel who have incurred common benefit expenses," and direct that "[a]ll approved common benefit expenses will be paid by the *Settlement Administrator*" and that those persons tasked with implementing the Education Fund "be obliged to provide annual accounting to the *Settlement Administrator*."  ECF No. 9807-2 (emphasis added).  There is no such person or entity as the "Settlement Administrator" in this case.  Among others, there are a Claims Administrator (BrownGreer PLC), a BAP Administrator (Garretson Resolution Group), and a Fund Administrator for the Attorneys' Fees Qualified Settlement Fund ("AFQSF") (Garretson Resolution Group).

It is Garretson Resolution Group that would implement, as directed by the Court, the payment of funds to reimburse counsel for common benefit expenses from the AFQSF.  The AFQSF funds are being held in the escrow account in the custody of PNC Bank, N.A.  *See* ECF No. 7246.[1]

---

[1] The Anapol Motion does reference the March 7, 2017 Order [ECF No. 7246] and the appointment of Garretson Resolution Group as the "Fund Administrator" for the AFQSF, *see* ECF No. 9807, at ¶2. As such, the repeated references to a "Settlement Administrator" are puzzling.

Additionally, in accordance with the Settlement Trust Agreement, *signed by both Sol Weiss (and presumably read by him)* and Christopher A. Seeger as Co-Lead Class Counsel, during the term of the Special Masters, it is they who would direct payment of monies from the Education Fund. Indeed, the Settlement Trust Agreement provides as follows in pertinent part:

> (a) During the term of the Trust, the Trustee shall, or shall cause the Paying Agent to, make payments from time to time as follows:
>
> (i) *Education Trust Funds*. The Special Master (or, after the expiration of the term of the Special Master and any extensions thereof in accordance with the Settlement Agreement, the Claims Administrator), where authorized by the Settlement Agreement as certified in the Notice for Withdrawal Form (as such term is defined below), may direct the Trustee to disburse, or cause to be disbursed, funds from the Education Trust Account, by submitting a notice in the form attached hereto as Exhibit A (a "Notice for Withdrawal Form") to the Trustee …

Settlement Trust Agreement, § 4(a)(i). The Trust Accounts pursuant to the Settlement Trust Agreement are the Monetary Award Trust Account, the BAP Trust Account and the Education Trust Account; and those are being held by Citibank, as Trustee. Again, nothing in the Settlement Trust Agreement created a "Settlement Administrator," and authority over the Education Fund will not even rest with the Claims Administrator until the expiration of the terms of the Special Masters.

*Second*, with respect to Anapol Weiss' substantive request for payment of common benefit expenses, that request has now been rendered moot. The Court's Memorandum and Order, dated April 5, 2018, granted Co-Lead Class Counsel's request for reimbursement of common benefit expenses contained in the Fee Petition, filed on February 13, 2017, and awarded to Class Counsel the amount of $5,682,779.38 in costs for common benefit work [ECF Nos.

9860, 9861]. For the record, it is noteworthy that,[2] as per the Fee Petition, Seeger Weiss incurred $1,498,690.99 in unreimbursed common benefit expenses up to that point, as compared to $1,031,971.55 for Anapol Weiss,[3] and $639,160.00 for the Locks Law Firm. *See* ECF No. 7151-2, at 29 [¶96], 43; ECF No. 7151-10, at 5 [¶7], 9; ECF No. 7151-7, at 6 [¶23], 11. At any rate, the Court has now awarded common benefit expenses to Class Counsel. So, that aspect of the Anapol Motion is moot.

*Third*, with regard to the Education Fund,[4] while it is certainly an important part of the Settlement, it is simply not as vital as getting monetary awards paid as quickly as possible to those Class Members who are presently suffering with the compensable Qualifying Diagnoses. The Special Masters have been working tirelessly to that end, including having to deal with issues relating to appeals, establishing protocols and contending with those who would seek to commit fraud.

---

[2] Additionally, it is also worth noting that, unlike almost all of the other firms seeking reimbursement of common benefit expenses, Seeger Weiss also has incurred significant additional unreimbursed expenses in connection with the implementation phase of the Settlement during 2017 and the first quarter of 2018, and continues to incur common benefit expenses, as well as unreimbursed fees, related to implementation.

[3] Without explanation, Anapol Weiss repeatedly refers to some inaccuracy in the amount of common benefit expenses submitted to this Court for reimbursement. *See* ECF No. 9807 at 2 n.1 and 9807-1, at 2 n.1 ("While these expenses were previously documented in a pleading submitted by co-lead counsel as totaling $5,682,779.30, that amount is slightly inaccurate and must be supplemented."). *See also* ECF No. 9807-2, at 1-2 (suggesting supplementation of those expenses with an amended cost statement is necessary). The Court has now awarded common benefit expenses based upon what was submitted by Class Counsel, including Anapol Weiss, over a year ago. It is troubling that Anapol Weiss is now seeking to submit an amended cost statement to change, likely seeking to increase, the amount of common benefit expenses it allegedly spent.

[4] Both the Anapol Motion and the Locks Joinder refer to "establishing" the Education Fund. The Education Fund has already been funded by the NFL Parties – the monies are in the Education Trust Account. In accordance with the Class Action Settlement Agreement and the Settlement Trust Agreement, the NFL Parties paid the $10,000,000 within 30 days of the Effective Date. *See* Settlement Agreement § 23.3(a); Settlement Trust Agreement § 2(a).

In light of the key role that the Special Masters will play in approving the disbursement of funds in connection with the Education Fund, as referenced above, it is clear that they would need to spend significant time reviewing the materials submitted in connection with requests for disbursement.  Even before that stage, it is likely that they will be intimately involved in setting up the protocols and targeted initiatives which would be paid for with monies from the Education Fund.  These responsibilities, necessarily, would take time away from the tasks that the Special Masters have been performing related to getting Class Members paid.  We expect that the Special Masters will have more time in the not too distant future to devote to the implementation of the Education Fund because the Claims process is already becoming more streamlined and monetary awards have been paid at a greater rate of late.

That said, should the Court and the Special Masters determine that now is the appropriate time to begin to roll out the benefits of the Education Fund, Seeger Weiss stands ready to lead that undertaking.

Dated:  April 5, 2018                                   Respectfully submitted,


/s/ Christopher A. Seeger
Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

*Co-Lead Class Counsel*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing response was served electronically via the Court's electronic filing system on the date below upon all counsel of record in this matter.

Dated: April 5, 2018

/s/ Christopher A. Seeger
Christopher A. Seeger
