## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### NOTICE OF AND PETITION FOR ATTORNEY'S FEE LIEN

Pursuant to Rules of Procedure, and the executed Retainer Agreement dated May 13, 2016, Petitioner STECKLER GRESHAM COCHRAN PLLC, attorneys for Plaintiff Ray Jacobs, in the above-entitled action, hereby notify this Court and all parties that they have an attorneys' fee lien in this case for reasonable and agreed upon attorney's fees, plus expenses, as set forth in the accompanying Petition to Establish Attorney's Fee Lien.

### PETITION TO ESTABLISH ATTORNEY'S LIEN

NOW comes Petitioner STECKLER GRESHAM COCHRAN PLLC, pursuant to rules of procedure, and the executed Retainer Agreement dated May 13, 2016, and states as follows:

(1) Petitioners are attorneys at law and file this petition to establish their lien for attorney's fees as set forth hereinafter;

(2) On or about May 13, 2016, Petitioners were retained and employed by Plaintiff Ray Jacobs, pursuant to a Retainer Agreement, to pursue a claim for injuries and damages on Plaintiff's behalf in the NFL Concussion Settlement MDL against the NFL and any other responsible parties for any football-related injuries. A copy of the Retainer Agreement, dated May 13, 2016, is attached as Exhibit A.

(3) The Retainer Agreement contains the following terms:

   a. "The undersigned "Client", [Ray Jacobs], agrees to retain Bruce W. Steckler, R. Dean Gresham, and Stuart L. Cochran, "Attorneys" for any claims Client may have against the National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc. in connection with the National Football League Concussion Litigation (*In re National Football League Players' Concussion Injury Litigation*) or the settlement thereof, or against any other person or entity for injuries or damages sustained by Client as a result of playing in the National Football League (the "Claims")."

   b. "Attorneys agree to handle such Claims on the following basis:

      - For any gross proceeds obtained on behalf of Client, Client shall pay and hereby assigns Attorneys 30% of gross proceeds.

      - **No fee shall be owed by Client to Attorneys if no recovery is obtained.**

      The term "gross proceeds" shall include the total fair market value of all monies and/or property recovered."

   c. "In addition to legal services, the Attorneys will advance on Client's behalf reasonable expenses necessary and appropriate to developing Client's Claim. **These expenses are to be repaid by Client from Client's share of the recovery at the end of the case. But if there is no recovery, the Client will not be responsible for repayment of such expenses.** The Attorneys are authorized to incur those expenses they deem reasonable and necessary to accomplish a satisfactory resolution of the Claims and shall advance those expenses as incurred. Said expenses may include, but may not be limited to, medical testing for the Client, investigation, travel and lodging, expert witness fees, consultant fees, and expenses relating to making a Claim against the settlement fund. **Attorneys will make their reasonable best efforts to minimize expenses such that Client's share of the**

      **recovery is not unduly diminished."** Attorneys agreed that in no event shall their recovery of attorneys fees and expenses exceed 50% of Client's total recovery.

    d. "Client can terminate this Agreement with or without good cause. If Client terminates this Agreement for good cause, no Attorneys' fee is owed, but Attorneys will have a lien for expenses and costs advanced on Client's behalf. If Client terminates this Agreement *without* good cause or retains other attorneys in place of Attorneys, Clients are obligated to immediately repay Attorneys all disbursements incurred or advanced by Attorneys, and Attorneys shall be due the 30% of gross proceeds due Attorneys at the conclusion of the case."

    e. "Client will keep Attorneys reasonably advised of Client's whereabouts, cooperate in case preparation and be present on reasonable notice for any necessary appearances. Attorneys agree to keep Client reasonably informed of the progress of Client's Claims."

(4) From the date Petitioners were authorized to proceed on behalf of Plaintiff, Petitioners have actively and diligently applied themselves to the investigation, preparation, and pursuit of Plaintiff's claims, and have taken all steps necessary to prosecute those claims, including scheduling and coordinating a neuropsychiatry evaluation, retrieving the resulting medical records, registering Plaintiff in the Settlement Program and the BAP program, and continuing to pursue the best interests of Plaintiff in this matter.

(5) The specific services performed required expenses incurred by Petitioners. To date, Petitioners have incurred $4,544.57 in expenses, as evidenced by Exhibit B.

(6) Plaintiff discharged Petitioners as his attorneys in this matter, after all expenses were incurred, and he is now being represented by a new attorney in this action.

(7) Petitioners were first made aware of the potential change in representation through an email from the Claims Administrator on February 7, 2018. Plaintiff did not make any prior contact with Petitioners or confirm this change in representation until March 7, 2018.

(8) Petitioners were not terminated by Plaintiff for cause, and the termination was not due to any malfeasance or other improper action on the part of Petitioners.

(9) Petitioners claim the right to have a lien for attorney's fees and expenses established and

enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiff in this action.

WHEREFORE, Petitioners pray:

(1) That their attorney's lien for fees and expenses be determined and established;

(2) That the Court order that Petitioners be entitled to enforce their attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

(3) For such other and further relief as this Court deems just.

Dated: April 6, 2018        Respectfully submitted,

**STECKLER GRESHAM COCHRAN, PLLC**

*/s/ Dean Gresham*
Bruce W. Steckler (TX SBN 00785039)
bruce@stecklerlaw.com
Stuart Cochran (TX SBN 24027936)
stuart@stecklerlaw.com
Dean Gresham (TX SBN 24027215)
dean@stecklerlaw.com
12720 Hillcrest Rd., Suite 1045
Dallas, Texas 75230
Telephone: (972) 387-4040
Facsimile: (972) 387-4041

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Notice of and Petition for Attorney's Fee Lien* was served on all counsel of record via the Court's ECF system on April 6, 2018.

/s/ *Dean Gresham*
Dean Gresham