# Law Offices of Raul J. Sloezen, Esquire
Member of New York and New Jersey Bars

| **New Jersey Office** | **New York Office** |
|---|---|
| 18 Hasbrouck Ave   Emerson, New Jersey 07630 | 475 Tuckahoe Road, Suite 207   Yonkers, New York  10710 |
| Telephone: (973) 928-6821   Fax: (201) 606-8203 | Telephone: (646) 278-4146   Facsimile: (646) 277-1154 |
| Cellular: (201) 658-6483   Email: rjsloezen@gmail.com | *Please Reply to the New Jersey Office* |

April 10, 2018

Via ECF
United States District Judge
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

     Re:    In re: National Football League Players' Concussion Injury Litigation: No. 2:12-md-02323-AB, Discussion of Atlas Legal Funding Entities at April 2, 2018 Hearing

Dear Judge Brody,

I am the attorney for Atlas Legal Funding LLC, Atlas Legal Funding I, LP, Atlas Legal Funding II, and Atlas Legal Funding III LP, (the "Atlas Entities"). As Your Honor is aware, on April 2, 2018, Your Honor conducted a hearing regarding the Cambridge Entities (the "Hearing"). I recently had the opportunity to review the transcript of the hearing and felt that it was important for the Atlas Entities to clarify two issues that were raised during the hearing.

The first issue relates to the law firm of Howard & Associates, P.A. ("Howard") According to the statements made by TerriAnn Benedetto, Esq., of Seeger Weiss, LLC, Howard has 88 contracts with various litigation funding companies, including 26 with the Cambridge Entities and the balance of the contracts distributed among the Atlas Entities, Global Financial and Beacon. However, none of the current or past contracts owned by any of the Atlas Entities were entered into with Class Members represented by Howard. [1]

The second issue relates to the waiver that was submitted to the Claims Administrator, Brown Greer, PLC. As the Court is aware, the RD Legal Entities filed a Motion for a Stay pending appeal, which, if granted, may have allowed us to try to resolve the dispute. However, because the Court denied the motion for a stay on the same day that the Waiver was due, i.e., March 26, 2018, Atlas was required to submit the Waiver to the Claims Administrator.

Because we were hopeful that the stay might be granted, which might have allowed for the parties to try to resolve the dispute, rather than filing for Arbitration, as specified in the Atlas Contract, on behalf of my client, Atlas Legal Funding III, LP, I submitted the Waiver and a cover

---

[1] In one instance, a Class Member was represented by another attorney at the time he entered into a Contract with an Atlas Entity and subsequently changed his representation to Howard. However, Howard did not sign the acknowledgement of that contract and Atlas was paid off from that contract by another funding company.

- 2 -

letter by the deadline of March 26, 2018. The cover letter submitted with the Waiver explicitly stated that, by doing so, the Atlas Entities were not creating any precedential effect as to any other contracts owned by the Atlas Entities and the Atlas Entities reserved our rights on appeal and/or to pursue arbitration. As a result, I submit this letter to confirm that the submitted Waiver only bound the Atlas Entities with respect to the two contracts entered into with that specific Class Member. If Your Honor has any questions, please feel free to contact me. Thank you.

                        Respectfully,

                        Raul J. Sloezen, Esq.

RJS/jks

Cc:    Bridget Giroud, Esq.
        Marissa Parker, Esq.
        TerriAnne Benedetto, Esq.
        Peter Buckley, Esq.
        Mike Roth, Esq.
        Lee Epstein, Esq.