PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON   (1946-1991)
RANDOLPH E. PAUL    (1946-1956)
SIMON H. RIFKIND    (1950-1995)
LOUIS S. WEISS      (1927-1950)
JOHN F. WHARTON     (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3165

WRITER'S DIRECT FACSIMILE

(212) 492-0165

WRITER'S DIRECT E-MAIL ADDRESS

bbirenboim@paulweiss.com

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

April 19, 2018

<u>Via ECF</u>

Honorable Anita B. Brody
Senior United States District Judge
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

*In re: Nat'l Football League Retired Players' Concussion Litig., No. 12-md-2323-AB*

Dear Judge Brody:

      On behalf of the NFL Defendants, we respectfully respond to the April 17, 2018 letter from Lead Counsel for Opt-Out Plaintiffs, Wendy R. Fleishman (the "Letter", attached), regarding the April 16, 2018 oral argument on the NFL Defendants' pending motion to dismiss the Opt-Out Plaintiffs' Second Amended Master Administrative Long-Form Complaint on preemption grounds.

      As an initial matter, Ms. Fleishman's unsolicited letter to chambers was improperly submitted in violation of Your Honor's Policies and Procedures and should be disregarded for that reason alone. (*See* Judge Anita B. Brody, Policies and Procedures, at 1 (restricting correspondence by letter to "urgent administrative matters" and providing that "[a]ll other matters should be addressed by motion").) Aside from this procedural deficiency, the Letter also is substantively inaccurate, so we are compelled to correct the record.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Anita B. Brody                                                                                                                                                                                      2

*First*, the Letter lists five cases purportedly "involving health and safety related claims in the football context where courts . . . found there was no preemption." These are precisely the cases that I referenced during argument when Your Honor asked about football-related cases finding no preemption. But as I explained, there are "no cases that I am aware of that deal with *concussions and health and safety* that did not find preemption." (Audio File of Hearing Held on April 16, 2018 at 18:17, 28:45; ECF No. 9887.) None of the cases cited in the Letter concerned concussions and health and safety issues. As I mentioned at argument, one of the cases involved a penalty flag thrown by a referee into a player's eye, and two involved conditions at training facilities. *See Brown* v. *Nat'l Football League*, 291 F. Supp. 2d 372 (S.D.N.Y. 2002) (involving thrown penalty flag); *Bentley* v. *Cleveland Browns Football Co.*, 2011-Ohio-3390, 958 N.E.2d 585, 590 (Ohio Ct. App. 2011) (staph infection at team facility); *Jurevicius* v. *Cleveland Browns Football Co., LLC*, No. 09-cv-1803, 2010 WL 8461220 (N.D. Ohio Mar. 31, 2010) (same; *see also* NFL Defs.' Reply Mem. of Law at 16 n.9, ECF No. 9665 (distinguishing *Brown*, *Jurevicius*)).[1]

I did not understand the Court to be asking about plainly irrelevant cases relating to equipment or bearing no connection to concussions, which round out Ms. Fleishman's remaining cases. *See Green* v. *Pro Football, Inc.*, 31 F. Supp. 3d 716, 727 (D. Md. 2014) (preemption of intentional battery and conspiracy claims involving an illegal bounty program); *Oliver* v. *Riddell*, No. 16-cv-4760, 2016 WL 7336412 (N.D. Ill. Jul. 19, 2016) (no preemption because complaint concerned "duties and obligations of a third party helmet manufacturer—*not the NFL and its players*" (emphasis added)); *Stringer* v. *Nat'l Football League*, 474 F. Supp. 2d 894 (S.D. Ohio 2007) (equipment-related claim not preempted but wrongful death claim relating to health and safety preempted); NFL Defs.' Reply Mem. of Law at 10, ECF No. 9665 (distinguishing *Green* and *Oliver*); NFL Defs.' Mem. of Law at 42–43 n.16, ECF No. 8403-1 (discussing *Stringer* equipment-related issues).[2]

By contrast, *every case* that has dealt with concussions or neurocognitive injuries in football—as the claims at issue here do—or other similar health and safety issues involving the NFL or its Member Clubs, has found preemption because of the need to interpret the terms of the Collective Bargaining Agreements in order to resolve plaintiffs' claims. *See, e.g., Ballard* v. *Nat'l Football League Players Ass'n*, 123 F. Supp. 3d 1161 (E.D. Mo. 2015); *Smith* v. *Nat'l Football League Players' Ass'n*, No. 14-

---

[1] Ms. Fleishman did not cite *Bentley* in her brief, but it is distinguishable for the same reasons as *Jurevicius*. *See Bentley*, 958 N.E.2d at 589 (describing allegations in *Jurevicius* as "identical).

[2] Regarding the claims against NFL Properties LLC ("NFLP"), as fully explained in the NFL Defendants' moving brief, it is impossible to examine whether NFLP owed any duty without determining how any alleged duties related to protecting players or relating to playing equipment are allocated among the NFL and its Member Clubs, which requires interpretation of the relevant provisions of the CBA. (*See* NFL Defs.' Mem. of Law at 41–42, ECF No. 8403-1.) In any event, there is no claim properly stated against NFLP because there are no non-conclusory allegations relating to NFLP specifically that would support the existence of any alleged duty. (*Id.*; *see also* NFL Defs.' Mem. of Law In Supp. of Mot. to Dismiss for Failure to State a Claim at 33–34, ECF No. 8404-1.)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Anita B. Brody											3

cv-1559, 2014 WL 6776306 (E.D. Mo. 2014); *Dent v. Nat'l Football League*, No. C 14-02324, 2014 WL 7205048 (N.D. Cal. Dec. 17, 2014); *Duerson v. Nat'l Football League*, No. 12-cv-2513, 2012 WL 1658353 (N.D. Ill. May 11, 2012); *Maxwell v. Nat'l Football League*, No. 11-CV-08394, Order (C.D. Cal. Dec. 8, 2011), ECF No. 58; *see also Williams v. Nat'l Football League*, 582 F.3d 863, 881–82 (8th Cir. 2009); *Givens v. Tenn. Football, Inc.*, 684 F. Supp. 2d 985, 989–92 (M.D. Tenn. 2010); *Stringer v. Nat'l Football League*, 474 F. Supp. 2d 894, 908–11 (S.D. Ohio 2007); *Sherwin v. Indianapolis Colts, Inc.*, 752 F. Supp. 1172, 1178–79 (N.D.N.Y. 1990); *Jeffers v. D'Allessandro*, 681 S.E.2d 405, 412 (N.C. Ct. App. 2009).

*Second*, contrary to Ms. Fleishman's assertions, I never suggested "that there was no CBA at issue" in *Kline v. Security Guards, Inc.*, 386 F.3d 246 (3d Cir. 2004). (*See* Letter at 2.) To the contrary, I explained that in *Kline*, there were no CBA *provisions* addressing eavesdropping or surveillance that would have been relevant to the invasion of privacy and wiretap-related statutory claims asserted in that case, and so resolution of those claims turned on the facts, not on interpretation of the CBA. (*See* Audio File of Hearing Held on April 16, 2018 at 13:38, 51:21, ECF No. 9887 ("all the *Kline* case says is that there is nothing in the collective bargaining agreement that speaks to the issue of whether you can have eavesdropping devices all over and in that case where the claims were [for] violation of the wiretap act and the surveillance act and things like that, the court said we don't need to look at anything in the collective bargaining agreement to determine if there is a violation").) Here, as in the cases cited above and as explained in the NFL Defendants' briefs, where the claims concern the NFL's alleged duties to protect players and inform them about health and safety issues relating to concussions, resolution of those claims is substantially dependent on, and requires interpretation of, numerous CBA provisions. Nothing in *Kline* (or *Trans Penn Wax v. McCandless*, 50 F.3d 217 (3d Cir. 1995), for that matter) is to the contrary. (*See* NFL Defs.' Reply Mem. of Law at 6, ECF No. 9665 (addressing *Kline*).)

For the reasons stated above, at oral argument, and in the NFL Defendants' briefs, Opt-Out Plaintiffs' claims are preempted by Section 301 of the Labor Management Relations Act and should be dismissed in their entirety.

Respectfully submitted,

*/s/ Bruce Birenboim*

Bruce Birenboim

cc:	Wendy R. Fleishman, Esq.

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing document was served electronically via the Court's electronic filing system on the 19th day of April, 2018, upon all counsel of record.

Dated: April 19, 2018             /s/ Bruce Birenboim
                                                    Bruce Birenboim