# EXHIBIT 1

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
t  212.355.9500
f  212.355.9592

April 17, 2018

Wendy R. Fleishman
Partner
wfleishman@lchb.com

**VIA ELECTRONIC MAIL**

The Honorable Anita B. Brody
United States District Court
Eastern District of Pennsylvania
601 Market Street, Room 7613
Philadelphia, PA 19106

      RE:    *In Re National Football League Retired Players' Concussion Litigation, No. 12-md-2323(AB), MDL 2323*

Dear Judge Brody:

      We represent the Opt-Out Plaintiffs in this matter and write to follow-up on two discrete issues from yesterday's oral argument on preemption.

      *First*, for the Court's convenience, below are the full citations of the cases we cited involving health and safety related claims in the football context where courts, in various procedural postures, found there was no preemption.  The cases are:

    1.    *Oliver v. Riddell*, 2016 WL 7336412 (N.D. Ill. Jul. 19, 2016) (involving claims against equipment manufacturer);

    2.    *Green v. Pro Football, Inc.*, 31 F. Supp. 3d 716 (D. Md. 2014) (bounty program in which players were financially incentivized to injure opposing teams' players);[1]

    3.    *Stringer v. Nat'l Football League*, 474 F. Supp. 2d 894 (S.D. Ohio 2007) (claim involving equipment safety not preempted in case involving heat-related injuries; other claims preempted on distinguishable bases);

---

[1] *Green* also identified additional earlier cases where courts did not find football-related claims to be preempted.

Honorable Anita B. Brody
April 17, 2018
Page 2

    4.    *Bentley v. Cleveland Browns Football Co.*, 194 Ohio App. 3d 826 (Ohio Ct. App. 2011) and *Jurevicius v. Cleveland Browns Football Co.*, LLC, No. 1:09 CV 1803, 2010 WL 8461220 (N.D. OH. Mar. 31, 2010) (involving staph infections incurred by players after being induced to be treated at facilities whose quality the club misrepresented); and

    5.    *Brown v. Nat'l Football League*, 219 F. Supp. 2d 372 (S.D.N.Y. 2002) (involving a player's injury on the football field that ended his playing career).

*Second*, NFL counsel suggested, perhaps only rhetorically but nevertheless incorrectly, that there was no CBA at issue in *Kline v. Security Guards, Inc.*, 386 F.3d 246 (3d Cir. 2004) (finding no preemption of employees' state statutory and common-law privacy-related claims). *Kline* involved typical preemption analysis and a CBA between a bargaining unit of the United Steel Workers of America and the employer: defendants "insist that this claim is completely preempted by § 301 of the LMRA because the justifiable expectation of [employee] Appellants cannot be determined without reference to [employer's] bargained-for management rights to direct the supervision of employees. We regard this argument as foreclosed by our decision in *Trans Penn Wax*." *Id.* at 257 (quoting *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217 (3d Cir. 1995)).

The Opt Out Plaintiffs respectfully submit that the Third Circuit's analytic framework of LMRA preemption, as informed by the football-related cases cited in this letter, compel the conclusion that there is no preemption of the players' claims. We are available to answer any questions that the Court may have.

                                        Respectfully submitted,

                                        Wendy R. Fleishman

WRF/wp
1543425.1