UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>          Plaintiffs,<br><br>          v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>          Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**RESPONSE OF CO-LEAD CLASS COUNSEL TO**
**MOTION FOR THE APPOINTMENT OF SPECIAL INVESTIGATOR**

Co-Lead Class Counsel respectfully submits this response to the Motion of the National Football League and NFL Properties LLC ("NFL") for the Appointment of a Special Investigator [ECF No. 9880]. Given that the Claims Administrator seen evidence of misconduct on the part of certain medical professionals and law firms, Co-Lead Class Counsel does not object to the appointment of a Special Investigator to assist the Special Masters and the Claims Administrator in effectuating their duties under the Settlement Agreement to conduct audits of Claim Packages.

As the Court is aware, the Settlement Agreement provides robust anti-fraud and audit measures to ensure the integrity of the Settlement Program through its 65 year duration. By design,

the Claims Administrator is charged with determining whether or not there has been a misrepresentation, omission, or concealment of a material fact made in connection with a claim. *See*, *e.g.*, Settlement Agreement § 10.3(g)-(i) [ECF No. 6481-1, at 61-62]. If the Claims Administrator determines that there has been such a misrepresentation, omission, or concealment, the Claims Administrator refers the claim with recommendations to the Special Masters for review and findings, including whether there was intentional misconduct. *Id.* § 10.3(i).

The NFL purports to support its request for a Special Investigator with rhetorical rejoinders suggesting that the Settlement Program is beset by fraud, and the current process is failing. Co-Lead Class Counsel does not agree. The contemplated audit process conducted by and through the Claims Administrator, with ultimate determinations on the existence of fraud (or not) to be made by the Special Master, has worked. As of April 26, 2018, approximately 15% of claims have a pending Notice of Audit (which includes the mandatory audit of 10% of all Claims Packages that receive a Notice of Monetary Award). Less than 16% of claims are currently the subject of an Adverse Report from the Claims Administrator.

Further, as the Claims Administrator noted in his Declaration on Settlement Implementation (ECF No. 9882-1), "[n]ot every claim we examine in Audit needs a lengthy investigation; we have looked at a total of 128 potentially suspicious Monetary Award claims and concluded they did not need to be formally audited to determine if there was a misrepresentation, omission, or concealment." *Id.* at ¶ 41. Accordingly, the audit process has determined that many of the claims subjected to audit should proceed to a review on the merits. Moreover, even as to

those claims that the Claims Administrator referred to the Special Masters on the basis that they may be based on material misrepresentations, there have been no findings of fraud.[1]

Because the audit process is working, Co-Lead Class Counsel believes that any appointment by the Court of an individual—or Special Investigator in the parlance of the NFL—to supplement the role of the Claims Administrator and Special Masters should work within the structure set forth in the Settlement Agreement. A Special Investigator could be a valuable source of information for the Special Masters and the Claims Administrator to use in making the determinations and findings for which they are responsible, and free up valuable resources so that other claims can be more efficiently reviewed on their merits.

The NFL proposes that a Special Investigator will, among other things, "make recommendations regarding appropriate remedies and sanctions" and "determine whether the parties acted intentionally." NFL Mem., at 17, 19. A Special Investigator should be empowered to investigate claims under audit or the parties involved with such claims; however, a Special Investigator should not be permitted to render any adjudication, determination, or formal findings concerning such claims. Rather, his or her role should be purely investigatory—in other words, to provide information to the Claims Administrator and Special Masters to fulfill their duties.[2]

---

[1] Despite the NFL's outsized refrain, even with regard to the Hoover Audit, the Special Master did not make a fraud finding on any claim. *See* Findings and Remedies of the Special Master Pursuant to Section 10.3(i) regarding the Hoover Audit, ECF No. 9507, at 3 (affirming Claims' Administrator's finding regarding misrepresentation, omissions, or concealment, but not finding intent, and permitting Class Members to pursue further testing in support of Claims). Further, some of the anecdotal facts recited by the NFL as concerning simply do not establish fraud. For example, the fact that a player may have "travelled long distances to be evaluated" by a medical professional is not, in and of itself, an indicator of a misrepresentation or fraud—or even an uncommon practice among legitimate firms in similar contexts. NFL Mem., at 3.

[2] The NFL also requests that a Special Investigator be given the authority to engage in *ex parte* communications with the Court, the Special Masters, the Claims Administrator, Co-Lead Class Counsel, and the NFL. NFL Mem., at 20. Permissible *ex parte* communications should be limited to those with the Court, Special Master, or Claims Administrator. The Settling Parties

To the extent that the NFL is proposing a reallocation of the duties and responsibilities assigned to the Special Masters and the Claims Administrator under the Settlement Agreement, Co-Lead Class Counsel requests a hearing on the scope of the authority of a Special Investigator.

Although there has been some evidence of questionable conduct in a minority of the claims evaluated to date, the audit process has worked as designed, and segregated out those claims that raise concern. But even then, the audit process has determined that many of the claims that were under audit should proceed to a review on the merits. Accordingly, Co-Lead Class Counsel submits that an exaggerated response to the NFL's assertions may do more harm than good to the integrity of the Settlement and the processing of legitimate claims.

Date: April 27, 2018

Respectfully submitted,

*/s/ Christopher A. Seeger*
Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
cseeger@seegerweiss.com
Telephone:  (212) 584-0700

***CO-LEAD CLASS COUNSEL***

---

should not be permitted to communicate *ex parte* with a Special Investigator.  His or her communications with the Parties should be made only through the Court, the Special Masters, or the Claims Administrator.

## **CERTIFICATE OF SERVICE**

I, Christopher A. Seeger, hereby certify that a true and correct copy of the foregoing response was served electronically via the Court's electronic filing system on the date below upon all counsel of record in this matter.

Dated: April 27, 2018                                         Respectfully submitted,

                                                              */s/ Christopher A. Seeger*
                                                              Christopher A. Seeger
                                                              SEEGER WEISS LLP
                                                              55 Challenger Road, 6th Fl
                                                              Ridgefield Park, New Jersey 07660
                                                              Phone: (212) 584-0700
                                                              Fax: (212) 584-0799

                                                              *Co-Lead Class Counsel*