UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>        Plaintiffs,<br><br>        v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>        Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**RESPONSE TO NFL PARTIES' MOTION SEEKING APPOINTMENT
OF SPECIAL INVESTIGATOR**

      Class Counsel, Podhurst Orseck, P.A., hereby responds to the NFL Parties' motion seeking the appointment of a Special Investigator. (ECF No. 9880.)  We are submitting this response because Co-Lead Class Counsel, Seeger Weiss, has only objected to certain aspects of the NFL's request. (ECF No. 9917.)  We believe it incumbent upon us to share with the Court another perspective on this issue.  In our view, however well motivated the NFL Parties' proposal may be, we are concerned that the appointment of a roving investigator with broad police powers would be

an overreaction which risks intimidating class members, chilling doctors' participation in the settlement program, and delaying the processing of legitimate applications for benefits.

Of course, there should be no tolerance for fraud, but the settlement already has established procedures to guard against it. And there is no indication that existing safeguards are not working. The Claims Administrator recently reported on the "system-wide processes to detect and prevent fraud" that it has implemented. (ECF No. 9882-1 at 31.) Nowhere in that comprehensive submission, or in its related filing (ECF No. 9870 at 8-16), does the Claims Administrator suggest that it believes the audit processes and additional anti-fraud measures are inadequate, or require the assistance of a Special Investigator. Although the NFL notes that "[t]he Claims Administrator has advised that it has no objection to the appointment of a Special Investigator" (ECF No. 9880-1 at 16 n.1), that is not the same thing as the Claims Administrator advocating for such assistance.

Nor have the Special Masters appointed by this Court publicly advocated for the appointment of a Special Investigator that, under the NFL's request, would serve as a separate special master under Fed. R. Civ. P. 53. The absence of such a request for assistance from the Special Masters is particularly significant, considering they already have the authority to investigate fraud in connection with the settlement. Rule 22 of the Rules Governing the Audit of Claims specifically provides that "the Special Master may at any time direct any Party to the Audit Proceeding, the Claims Administrator and any other person or entity whose participation or response is deemed necessary to submit additional memoranda or material." And the settlement itself authorizes the Special Masters to investigate whether any misrepresentation, omission, or concealment of material fact in connection with a claim resulted from intentional misconduct. *See* Settlement Agreement, § 10.3(i).

As the Claims Administrator and Special Masters already have the investigative power that the NFL seeks to vest in a separate Rule 53-conferred authority, the NFL is effectively arguing that the Claims Administrator and Special Masters are not up to the task.  Yet the NFL has not presented any evidence that the Claims Administrator and Special Masters lack the resources or willingness to utilize their authority to investigate fraud in the settlement.  Instead, the NFL has identified a few cases of suspected fraud from more than 2,000 claims submitted.  That evidence does not justify making such a radical change to the administrative structure of the settlement, particularly at this relatively early stage in its 65-year lifespan.  Before burdening the settlement with another bottleneck, and class members, doctors and attorneys with unjustified and potentially cumbersome investigations, the NFL must be required to demonstrate that the audit process and Special Masters are incapable of rooting out fraud in the settlement.  The NFL has not come close to making such a showing.  Instead, the NFL has jumped the gun with an entirely one-sided and unbounded request that will almost certainly result in additional delays and unduly discourage class members and physicians from participating in the settlement.

For the foregoing reasons, the NFL's motion should be denied.

DATED:  April 27, 2018                    Respectfully submitted,

                                                       **PODHURST ORSECK, P.A.**
SunTrust International Center
One S.E. 3rd Ave, Suite 2300
Miami, FL 33131
Telephone: (305) 358-2800
Fax: (305) 358-2382


By:  /s/ Steven C. Marks
STEVEN C. MARKS
Fla. Bar. No. 516414
Email: smarks@podhurst.com
STEPHEN F. ROSENTHAL
Fla. Bar No. 0131458
Email: srosenthal@podhurst.com
RICARDO M. MARTÍNEZ-CID
Fla. Bar No. 383988
Email: rmcid@podhurst.com
MATTHEW P. WEINSHALL
Fla. Bar No. 84783
Email: mweinshall@podhurst.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2018, I caused the foregoing document to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel and parties.

                                                     /s/ Steven C. Marks
                                                     Steven C. Marks, Esq.