**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                    Plaintiffs,<br>    v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                  Defendants. | **Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

## ORDER

Pursuant to the Courts continuing jurisdiction over this action as set out in the Court's

Amended Final Order and Judgment (Doc. No. 6534, paragraph 17), it is hereby **ORDERED**

that the attached rules governing Petitions for Deviation from the Fee Cap are **ADOPTED.**

BY THE COURT:

David R. Strawbridge, USMJ

Date: MAY 2, 2018

Approved.

Anita B. Brody, J.

Date: may 3, 2018

# NFL CONCUSSION SETTLEMENT

IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION
No. 2:12-md-02323 (E.D. Pa.)

# RULES GOVERNING PETITIONS FOR DEVIATION FROM THE FEE CAP

## TABLE OF CONTENTS

**Page**

**TITLE I:  GENERAL**.................................................................................................1

    Rule 1.  Purpose of These Rules............................................................................1
    Rule 2.  Court Approval of These Rules.................................................................1
    Rule 3.  Definitions Used in These Rules................................................................1
    Rule 4.  Referral to Magistrate Judge ....................................................................2
    Rule 5.  How Things are Submitted and Served Under These Rules...........................2
    Rule 6.  How to Count Time Periods and the Date Something
             is Submitted Under These Rules .........................................................3

**TITLE II:  SUBMISSION OF PETITION FOR DEVIATION** ...........................................3

    Rule 7.  Presumptive Fee Cap..............................................................................3
    Rule 8.  Claims Administrator Communications with Represented SCMs...................4
    Rule 9.  Petitions for Deviation Must be Filed in the Court .........................................4
    Rule 10. Filing Deadline for a Petition for Deviation.................................................4
    Rule 11. Requirements for a Petition for Deviation ..................................................4
    Rule 12. Referral of Petition for Deviation...............................................................5

**TITLE III:  RESOLUTION OF PETITION FOR DEVIATION** .........................................5

    Rule 13. Agreement to Consent Jurisdiction ..........................................................5
    Rule 14. Timing of Document Submissions.............................................................5
    Rule 15. Memorandum in Support ........................................................................6
    Rule 16. Response Memorandum .........................................................................8
    Rule 17. Reply Memorandum...............................................................................9
    Rule 18. Record of Proceedings ..........................................................................9
    Rule 19. Appointment of Counsel .......................................................................10
    Rule 20. Hearing..............................................................................................10
    Rule 21. Hearing Procedure...............................................................................10
    Rule 22. Magistrate Judge Report and Recommendation.......................................11
    Rule 23. Final Decision of the Court ....................................................................11
    Rule 24. Change of Address ..............................................................................12
    Rule 25. Exclusive Retained Jurisdiction .............................................................12
    Rule 26. Implementation of These Rules..............................................................12

## EXHIBITS

Exhibit A:  Notice, Consent, and Reference of Petition for Deviation to a Magistrate
              Judge for a Final Decision

Exhibit B:  Hearing Schedule

NFL CONCUSSION SETTLEMENT

## RULES GOVERNING PETITIONS FOR DEVIATION FROM THE FEE CAP

### TITLE I:   GENERAL

**Rule 1.    Purpose of These Rules.**  These Rules govern the process for submitting a Petition seeking an upward or downward deviation from the presumptive Individually Retained Plaintiffs' Attorney ("IRPA") fee cap as set forth in the Court's April 5, 2018 Order regarding a cap on attorneys' fees (ECF No. 9863) and the process to resolve the Petition.

**Rule 2.    Court Approval of These Rules.**  The Court has approved these Rules pursuant to its continuing and exclusive jurisdiction under Article XXVII of the Settlement Agreement and Paragraph 17 of the Court's May 8, 2015 Amended Final Approval Order and Judgment (ECF No. 6534).  The Court may amend these Rules at any time.

**Rule 3.    Definitions Used in These Rules.**  All capitalized terms used in these Rules will have the meanings given to them in the Settlement Agreement.  In addition:

(a) "Award" means a Monetary Award, Supplemental Monetary Award, or a Derivative Claimant Award.

(b) "Court" is defined in the Settlement Agreement in Section 2.1(x).

(c) "District Judge" means the Honorable Anita B. Brody, U.S.D.J., or any successor judge.

(d) "Hearing Schedule" is served by the Claims Administrator on the Parties establishing the time and place of the hearing and the hearing procedures, as described in Rules 20 and 21.

(e) "Individually Retained Plaintiffs' Attorney" ("IRPA") means any attorney who is or was individually retained by a Settlement Class Member and performed work in connection with representing the Settlement Class Member in the NFL concussion litigation and/or Settlement Program.

(f) "Magistrate Judge" means the Honorable David Strawbridge, U.S.M.J., appointed by the District Judge in the April 5, 2018 Order regarding a cap on attorneys' fees for Individually Retained Plaintiffs' Attorneys (ECF No. 9863) to resolve all Petitions for Deviation or any other United States Magistrate Judge for the Eastern District of Pennsylvania appointed by subsequent order of the District Judge for this purpose.

(g) Memorandum in Support" is the information served on the Claims Administrator by the Petitioner in support of the Petition for Deviation, as described in Rule 15.

(h) "Party or Parties" means the Settlement Class Member ("SCM") or IRPA presenting or opposing a Petition for Deviation.  Either Party may be represented by counsel. The Claims Administrator is not a Party to the proceedings.

1



(i) "Petition for Deviation" or "Petition" means a petition filed in the United States District Court for the Eastern District of Pennsylvania, Case No.: 2:12-md-02323-AB, seeking a deviation from the presumptive cap on attorneys' fees set forth in the Court's April 5, 2018 Order and Memorandum (ECF Nos. 9863 and 9862, respectively) due to exceptional or unique circumstances.

(j) "Petitioner" means either an SCM or an IRPA who files the Petition for Deviation.

(k) "Record" is the compilation of information provided by the Claims Administrator to the Magistrate Judge for his consideration when resolving a Petition, as described in Rule 18.

(l) "Report and Recommendation" is the Magistrate Judge's recommendation to the District Judge for ruling on the Petition for Deviation, as described in Rule 22.

(m)"Respondent" means either an SCM or an IRPA who responds to the Petition for Deviation.

(n) "Response Memorandum" is the information submitted to the Claims Administrator by the Respondent, as described in Rule 16.

(o) "Reply Memorandum" is the information submitted to the Claims Administrator by the Petitioner, as described in Rule 17.

(p) "Settlement Class Member" ("SCM") means a Retired NFL Football Player, the Representative Claimant of a deceased or incompetent Retired NFL Football Player, or a Derivative Claimant.

(q) "Settlement Program" means the program for benefits for SCMs established under the Settlement Agreement.

**Rule 4.    Referral to Magistrate Judge.**  The District Judge has referred all Petitions for Deviation to the Honorable David Strawbridge, U.S.M.J., pursuant to the Court's April 5, 2018 Order (ECF No. 9863) and as authorized under 28 U.S.C. § 636(b)(3).  The Court will issue a final decision in accordance with these Rules.

**Rule 5.    How Things are Submitted and Served Under These Rules.**  Where these Rules require service to the Claims Administrator, such service shall be by one of the following methods:

(a) Email to ClaimsAdministrator@NFLConcussionSettlement.com, by a secured and encrypted method and include "Petition for Deviation" in the subject line;

(b) Facsimile to (804) 521-7299, ATTN: Petition for Deviation;

2



(c) Mail to NFL Concussion Settlement, Claims Administrator, P.O. Box 25369, Richmond, VA 23260, ATTN: Petition for Deviation; or

(d) Delivery by overnight carrier to NFL Concussion Settlement, c/o BrownGreer PLC, 250 Rocketts Way, Richmond, VA 23231, ATTN: Petition for Deviation.

**Rule 6. How to Count Time Periods and the Date Something is Submitted Under These Rules.**

(a) How to Count Time Periods: Any time period set by these Rules will be computed as follows, which is based on Rule 6 of the Federal Rules of Civil Procedure:

(1) Do not count the day that starts the running of any period of time. The first day of the period is the day after this trigger day.

(2) Count every day, including Saturdays, Sundays, and legal holidays.

(3) Count the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

(4) Legal holidays are New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day, and any other day declared a holiday by the President of the United States or the United States Congress.

(5) An additional three days will be added to any time period specified by these Rules for an action or submission where the acting or responding Party was served by mail with the Notice or submission requiring action or response rather than by service on a Portal or delivery.

(b) How to Mark the Date Something is Submitted: Any document submitted by email or facsimile will be considered submitted on the date emailed or faxed at the local time of the submitting Party. Documents submitted by mail will be considered submitted on the postmark date. Documents submitted by overnight delivery will be considered submitted on the date delivered to the carrier.

### TITLE II: SUBMISSION OF PETITION FOR DEVIATION

**Rule 7. Presumptive Fee Cap.** Fees to IRPAs are capped at 22% subject to any holdback for common benefit fees, plus reasonable costs unless the contractually-agreed upon amount is less than 22%, in which case the fee cap is the contractual amount, subject to any holdback for common benefit fees, plus reasonable costs as set forth in the Court's April 5, 2018 Order and Memorandum imposing a cap on IRPAs' attorneys' fees (ECF Nos. 9863 and 9862, respectively).



**Rule 8.    Claims Administrator Communications with Represented SCMs.**  The Claims Administrator may communicate directly with represented SCMs in this process where necessary to ensure an understanding of and compliance with these Rules.  An SCM's current IRPA must provide the SCM's current email address, mailing address, and phone number to the Claims Administrator upon request.

**Rule 9.    Petitions for Deviation Must be Filed in the Court.**  If an SCM or an IRPA seeks a departure from the fee cap, he or she must file a Petition for Deviation in the United States District Court for the Eastern District of Pennsylvania, Case No.:  2:12-md-02323-AB.  A Petition for Deviation served on the Claims Administrator or filed with any other court is not effective in the Settlement Program and will not be considered by the Court.

If the IRPA no longer represents the SCM at the time the Petition for Deviation is filed, the Petition must be filed in the Court along with a Notice of Attorney's Lien as required by Rule 7 of the Rules Governing Attorneys' Liens (ECF No. 9760).

**Rule 10.  Filing Deadline for a Petition for Deviation.**  A Petition for Deviation can be filed by either an IRPA or an SCM.

(a) SCMs and IRPAs who currently represent the SCM must file a Petition for Deviation no later than (1) 40 days after the date of the Notice of Monetary Award Claim Determination or Notice of Derivative Claimant Award Determination, or (2) 10 days after issuance of the Post-Appeal Notice of Monetary Award Claim Determination or any post-appeal Notice of Derivative Claimant Award Determination, whichever is later.

(b) IRPAs who no longer represent the SCM at the time the Petition for Deviation is filed must file such Petition no later than 10 days after the filing of a Notice of Attorney's Lien in the Court.  The Court will not consider any Petition for Deviation from an IRPA that no longer represents the SCM if the attorney has not asserted an Attorney's Lien in the Settlement Program pursuant to the Rules Governing Attorneys' Liens (ECF No. 9760).

(c) If the deadlines in Rule 10(a)-(b) have passed when these Rules are issued, a Petitioner will have 30 days from the date of the order adopting these Rules to file a Petition for Deviation.

**Rule 11.  Requirements for a Petition for Deviation.** The Petition must include:

(a) The extent of the deviation sought;

(b) A brief statement of the exceptional or unique circumstances for which the Court should allow a deviation from the presumptive fee cap;

(c) The payment terms in the original contingency fee agreement as understood by the Petitioner; and

4



(d) A statement declaring under penalty of perjury that the Petitioner has informed the Respondent, or his or her attorney, if represented, that the Petition for Deviation is being filed with the Court and that the Petitioner has served the Respondent with a copy of the Petition for Deviation.

Personal information such as Social Security Number, Taxpayer Identification Number, Foreign Identification Number, or Settlement Program ID **must not** be included in the Petition, pursuant to the Local Rules of Civil Procedure for the Eastern District of Pennsylvania, Rule 5.1.3.

The Claims Administrator will inform the Petitioner if it requires further identifying information or documentation to support the Petition for Deviation.

**Rule 12.  Referral of Petition for Deviation.**  If and when an SCM becomes eligible for an Award, the Claims Administrator shall:

(a) Withhold an appropriate amount, to the extent funds are available, sufficient to pay:

(1)  The full fee amount sought under the Petition for Deviation if an upward deviation is sought; or

(2) The lower of the amount specified in the fee contract signed by the SCM and the attorney or 22% of the Award, if a downward deviation is sought;

(3) Plus reasonable costs.

(b) Refer the Petition to the Magistrate Judge.  If consent is given pursuant to Rule 13, the Magistrate Judge will issue a final decision in accordance with these Rules and as authorized by 28 U.S.C. § 636(c).  Otherwise, the Magistrate Judge will prepare a Report and Recommendation in accordance with these Rules and pursuant to the Court's April 4, 2017 Order (ECF No. 7446) and as authorized by 28 U.S.C. § 636(b)(3) and the District Judge will enter a final decision deciding the Petition for Deviation.

The Claims Administrator shall disburse the withheld funds in accordance with the Court's final decision and any other orders regarding settlement implementation.

## TITLE III:  RESOLUTION OF PETITION FOR DEVIATION

**Rule 13.  Agreement to Consent Jurisdiction.**  Pursuant to 28 U.S.C. § 636(c), the Parties may consent to have the Magistrate Judge enter a final order granting or denying the Petition for Deviation by signing and returning to the Claims Administrator the Notice, Consent, and Reference of a Petition for Deviation to a Magistrate Judge for a Final Decision (Exhibit A). If such consent is given, Rule 22 will no longer apply, and the Magistrate Judge's determination will become the final decision of the Court as described in Rule 23.

**Rule 14.  Timing of Document Submissions.**



(a) Memorandum in Support:  Within 30 days after the date of the Petition for Deviation, the Petitioner must submit to the Claims Administrator a Memorandum in Support of the Petition for Deviation, as provided in Rule 15.  The Claims Administrator will serve the Respondent with the Memorandum in Support.

(b) Response Memorandum:  The Respondent must submit to the Claims Administrator a Response Memorandum, as provided in Rule 16, within 30 days after the date the Claims Administrator serves the Memorandum in Support.  The Claims Administrator will serve the Petitioner with the Response Memorandum.  Any request for a hearing must be made in the Response Memorandum.

(c) Reply Memorandum:  The Petitioner may submit to the Claims Administrator a Reply Memorandum, as provided in Rule 17, within 20 days after the date the Claims Administrator serves the Response Memorandum.  Any request for a hearing must be made in the Reply Memorandum.  If the Petitioner decides not to submit a Reply Memorandum but wishes to request a hearing, the hearing request must be made within 20 days after the date the Claims Administrator serves the Response Memorandum.

(d) The Record:  Within 30 days after the date of a Response Memorandum or a Reply Memorandum, whichever is later, the Claims Administrator will provide the Record to the Magistrate Judge, as described in Rule 18, along with a statement of the amount of the Award funds withheld pending determination of the Petition for Deviation.

(e) Exclusions from the Record:  Any documents received after the Claims Administrator provides the Record to the Magistrate Judge will not be considered by the Court, unless directed otherwise by the Magistrate Judge.

(f) Extensions of Time:  Extensions of deadlines are discouraged.  Upon written request to the Claims Administrator and a showing of good cause, however, the Magistrate Judge may exercise discretion to extend or modify any submission deadline established by these Rules.  Before any such request is presented to the Magistrate Judge, the Parties must confer and advise the Magistrate Judge of any opposition to the request.  The Magistrate Judge will issue a notice of any extension or modification of a submission deadline.  The Claims Administrator will serve the notice on the Parties.

**Rule 15.  Memorandum in Support.**  The Petitioner must serve the Claims Administrator with a Memorandum in Support of the Petition for Deviation.

(a) If the Petitioner is an attorney, his or her Memorandum in Support shall include:

(1) A copy of the attorney's retainer agreement signed by the SCM and any modifications to that agreement;

(2) The extent of the deviation sought;

6



(3) A chronology of the tasks performed by the attorney, the date each task was performed, and the time spent on each task;

(4) A list of costs with a brief explanation of the purpose of incurring these costs and the date the costs were incurred;

(5) A statement of the total number of clients that he or she has represented in the Settlement Program;

(6) Any exhibits; and

(7) A statement signed by the Petitioner declaring under penalty of perjury pursuant to 28 U.S.C. § 1746 that the information submitted in the Memorandum in Support is true and accurate to the best of that Party's knowledge and that the Petitioner understands that false statements made in connection with this process may result in fines, sanctions, and/or any other remedy available by law. The signature may be an original wet ink signature, a PDF or other electronic image of an actual signature, or an electronic signature.

(b) The Court will not consider fees and/or costs for tasks undertaken for the Settlement Class as a class, or for tasks performed by an attorney that replicate such common benefit tasks, or for any other tasks performed for the common benefit of the Settlement Class Members. The payment of these common benefit fees and/or costs are addressed through Article XXI of the Settlement Agreement and as addressed in the Court's April 22, 2015 Opinion under the heading "Attorney's Fees." (ECF No. 6509).

(c) If the Petitioner is an SCM, his or her Memorandum in Support shall include:

(1) The retainer agreement with the attorney Respondent, and any modifications to that agreement, if the SCM has a copy;

(2) The extent of the deviation sought;

(3) Any information the SCM believes would be useful to the Magistrate Judge about the work performed by the attorney Respondent and any details regarding the SCM's interactions with the attorney Respondent;

(4) Any documents or exhibits the SCM wants the Magistrate Judge to consider; and

(5) A statement signed by the Petitioner declaring under penalty of perjury pursuant to 28 U.S.C. § 1746 that the information submitted in the Memorandum in Support is true and accurate to the best of that Party's knowledge and that the Petitioner understands that false statements made in connection with this process may result in fines, sanctions, and/or any other remedy available by law. The

7



signature may be an original wet ink signature, a PDF or other electronic image of an actual signature, or an electronic signature.

**Rule 16.   Response Memorandum.**  The Respondent must serve the Claims Administrator with a Response Memorandum to the Memorandum in Support.  Any request for a hearing must be made in the Response Memorandum.

(a) If the Respondent is an attorney, his or her Response Memorandum shall include:

    (1) A copy of the attorney's retainer agreement signed by the SCM, and any modifications to that agreement, if not provided by the Petitioner;

    (2) A chronology of the tasks performed by the attorney, the date each task was performed, and the time spent on each task;

    (3) A list of costs with a brief explanation of the purpose of incurring these costs and the date the costs were incurred;

    (4) A statement of the total number of clients that he or she has represented in the Settlement Program;

    (5) Any exhibits; and

    (6) A statement signed by the Respondent declaring under penalty of perjury pursuant to 28 U.S.C. § 1746 that the information submitted in the Response Memorandum is true and accurate to the best of that Party's knowledge and that the Respondent understands that false statements made in connection with this process may result in fines, sanctions, and/or any other remedy available by law.  The signature may be an original wet ink signature, a PDF or other electronic image of an actual signature, or an electronic signature.

(b) The Court will not consider fees and/or costs for tasks undertaken for the Settlement Class as a class, or for tasks performed by an attorney that replicate such common benefit tasks, or for any other tasks performed for the common benefit of the Settlement Class Members.  The payment of these common benefit fees and/or costs are addressed through Article XXI of the Settlement Agreement and as addressed in the Court's April 22, 2015 Opinion under the heading "Attorney's Fees." (ECF No. 6509).

(c) If the Respondent is an SCM, his or her Response Memorandum shall include:

    (1) Any information regarding the retainer agreement with the attorney Petitioner, or any modifications to that agreement;

    (2) Any information the SCM believes would be useful to the Magistrate Judge about the work performed by the attorney Petitioner and any details regarding the SCM's interactions with the attorney Petitioner;

8



(3) Any documents or exhibits the SCM wants the Magistrate Judge to consider; and

(4) A statement signed by the Respondent declaring under penalty of perjury pursuant to 28 U.S.C. § 1746 that the information submitted in the Response Memorandum is true and accurate to the best of that Party's knowledge and that the Respondent understands that false statements made in connection with this process may result in fines, sanctions, and/or any other remedy available by law. The signature may be an original wet ink signature, a PDF or other electronic image of an actual signature, or an electronic signature.

**Rule 17. Reply Memorandum.** The Petitioner may serve the Claims Administrator with a Reply Memorandum, which shall be limited to five (5) pages. The Petitioner may not raise new allegations in a Reply Memorandum. He or she may only respond to assertions presented in the Response Memorandum. Any request for a hearing must be made in the Reply Memorandum. If the Petitioner decides not to submit a Reply Memorandum but wishes to request a hearing, the hearing request must be made within 20 days after the date the Claims Administrator serves the Response Memorandum.

The Reply Memorandum must include a statement signed by the Petitioner declaring under penalty of perjury pursuant to 28 U.S.C. § 1746 that the information submitted in the Reply Memorandum is true and accurate to the best of that Party's knowledge and that the Petitioner understands that false statements made in connection with this process may result in fines, sanctions, and/or any other remedy available by law. The signature may be an original wet ink signature, a PDF or other electronic image of an actual signature, or an electronic signature.

**Rule 18. Record of Proceedings.**

(a) The Record to be considered by the Magistrate Judge will consist of:

(1) A copy of the Notice of Monetary Award Claim Determination or Notice of Derivative Claimant Award Determination;

(2) The Petition for Deviation, as provided in Rules 9, 10, and 11;

(3) Memorandum in Support, as provided in Rule 15;

(4) Response Memorandum, as provided in Rule 16;

(5) Reply Memorandum, if any, as provided in Rule 17; and

(6) Any additional evidence produced by either Party in response to a request of the Magistrate Judge.

(b) The Claims Administrator will assemble the complete Record and provide it to the Magistrate Judge, along with a statement of the amount of the Award withheld pending resolution of the Petition.

9



**Rule 19. Appointment of Counsel.** The Magistrate Judge has the discretion to appoint counsel pursuant to the Court's January 8, 2018 Order (ECF No. 9561) for (1) *pro se* SCMs, and (2) SCMs who are unrepresented in these proceedings because the Parties are the SCM and his or her current IRPA. The SCM must serve the Claims Administrator with a written request showing good cause for appointment of counsel. The Claims Administrator will present the request to the Magistrate Judge and inform the SCM of the determination.

**Rule 20. Hearing.**

(a) Hearing Request: Any Party may request a hearing with the Magistrate Judge, provided that such request is submitted in the Response Memorandum or the Reply Memorandum, as required by Rules 16 and 17. The Magistrate Judge in his own discretion may order a hearing, if he determines that such proceeding would aid him in his resolving the Petition. The Magistrate Judge will determine if such hearing will be in-person, by video conference, or by telephone.

(b) Hearing Schedule: If the Magistrate Judge determines a hearing is necessary, the Claims Administrator will serve a Hearing Schedule (Exhibit B) on the Parties. The hearing will be scheduled promptly, but no sooner than 20 days after the date of the Hearing Schedule. No provision of this Schedule will be modified except upon written request for modification within 14 days of the date of this Schedule. Thereafter, this Schedule may be modified only upon a showing of good cause that the deadline cannot reasonably be met despite the diligence of the Party seeking modification.

(c) Telephonic or Video Conference Access for Hearing: The Claims Administrator will make the necessary arrangements for telephone or video conference access if the Magistrate Judge grants a hearing.

(d) Accommodations: If a Party needs special accommodations for this process, that Party must make the necessary arrangements for those accommodations.

**Rule 21. Hearing Procedure.** If the Magistrate Judge grants a hearing, the following procedure will apply.

(a) Testimony Under Oath or Affirmation: Hearing testimony must be submitted under oath or affirmation administered by the Magistrate Judge or by any duly qualified person. All information presented at the hearing is provided in accordance with the certifications submitted with the Memorandum in Support and the Response Memorandum.

(b) Audio Recording of Hearing: The hearing proceedings will be audio-recorded. The recording will be available through the Clerk's Office at the United States District Court for the Eastern District of Pennsylvania. Pursuant to 28 U.S.C § 753(b), the Parties may listen to the recording at the Clerk's Office during normal business hours without charge. The Parties may also order a transcript of the proceedings at their own expense.

10



(c) Evidence: The evidence that the Magistrate Judge may consider is limited to the Record, oral arguments and testimony, and any additional documentation properly presented during the hearing.

(d) Participation: All Parties and their counsel, if any, must participate in the hearing. Failure to participate without prior approval from the Magistrate Judge will result in the Magistrate Judge issuing a determination based on the Record at the time of the hearing, together with any other evidence presented at the hearing.

(e) Advocates: The Parties may, but are not required to, be represented by a lawyer. An SCM who does not have a lawyer for the hearing may, with the Magistrate Judge's permission, be represented by a non-attorney advocate.

**Rule 22. Magistrate Judge Report and Recommendation.** Except where Rule 13 may apply,

(a) The Magistrate Judge will issue a Report and Recommendation after consideration of the Record.

(b) The Report and Recommendation will be in writing and will set forth a recommended disposition of the Petition for Deviation.

(c) The Claims Administrator will serve the Report and Recommendation on the Parties.

(d) In accordance with Fed. R. Civ. P. 72(b)(2), the Parties will have 14 days from the date the Claims Administrator serves the Report and Recommendation to file specific written objections with the District Judge. The Claims Administrator will serve copies of the written objections on the Parties. The Parties will have 14 days from the date the Claims Administrator serves any objections to file a written response to the opposing Party's objections. The Claims Administrator will serve copies of any responses to the objections on the Parties.

**Rule 23. Final Decision of the Court.** Except where Rule 13 may apply, the District Judge will, in accordance with Fed. R. Civ. P. 72(b)(3), enter a final decision after consideration of the Report and Recommendation from the Magistrate Judge and any objections from the Parties. Where Rule 13 does apply, the Magistrate Judge will issue the final decision of the Court.

Upon issuance of the final decision by the Court, the Record will be transferred to the Claims Administrator. The Claims Administrator will serve copies of the final decision on the Parties. Any Party may appeal the final decision.

Within seven (7) days after the date of the final decision, the Court may exercise discretion to modify or correct the final decision if there was a mathematical error or an obvious material mistake in computing the amount to be paid to the attorney and/or the SCM.



After any timely appeals are resolved, the Claims Administrator will disburse the withheld funds in accordance with the final decision and the provisions of the Settlement Agreement and Court orders regarding implementation.

**Rule 24.   Change of Address.**  If a Party changes its mailing address, email address, or phone number at any time during this process, the burden will be on that Party to notify the Claims Administrator and the opposing Party immediately.  The Claims Administrator will keep all addresses on file, and the Parties may rely on these addresses until the Claims Administrator notifies them of a change.

**Rule 25.   Exclusive Retained Jurisdiction.**  The Court retains continuing and exclusive jurisdiction over the interpretation, implementation, and enforcement of these Rules.

**Rule 26.   Implementation of these Rules.**  The Claims Administrator has discretion to develop and maintain internal policies and procedures it deems necessary to implement these Rules.

NFL CONCUSSION SETTLEMENT

# NFL CONCUSSION SETTLEMENT

IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION
No. 2:12-md-02323 (E.D. Pa.)

## NOTICE, CONSENT, AND REFERENCE OF PETITION FOR DEVIATION TO A MAGISTRATE JUDGE FOR A FINAL DECISION

### I.   PARTIES TO THE PETITION FOR DEVIATION

| Dispute: | Petitioner Seeking Deviation v. Respondent |
|---|---|
| Case No.: | XXXXX |

### II.   NOTICE OF A MAGISTRATE JUDGE'S AVAILABILITY

A United States Magistrate Judge of this Court is available to conduct all proceedings and enter a final decision dispositive of each Petition.  A Magistrate Judge may exercise this authority to resolve a Petition for Deviation from the fee cap only if all Parties voluntarily consent.

### III.   CONSENT

Both Parties may consent to have the matter referred to a Magistrate Judge for entry of a final decision, or either Party may withhold consent without adverse substantive consequences.  The name of any Party withholding consent will not be revealed to a Magistrate Judge who may otherwise be involved with your case.

If either Party does not consent to have the matter referred to a Magistrate Judge for final disposition, the District Judge will enter a final decision after consideration of the Report and Recommendation from the Magistrate Judge and any objections from the Parties.

### IV.   CERTIFICATION

Both the Petitioner and the Respondent must submit a signed copy of this form to the Claims Administrator to allow a Magistrate Judge to enter a final order resolving the Petition for Deviation.  The signature may be an original wet ink signature, a PDF or other electronic image of an actual signature, or an electronic signature.

**By signing below, the following Party consents to have a United States Magistrate Judge conduct any and all proceedings and enter a final decision as to the Petition for Deviation (ECF No.          ).**

| Signature | | Date | |
|---|---|---|---|
| **Printed Name** | First | M.I. | Last |
| **Law Firm** | | | |

**NFL CONCUSSION SETTLEMENT**
IN RE NATIONAL FOOTBALL LEAGUE PLAYERS CONCUSSION INJURY LITIGATION
No 2:12-md-02323 (E.D. Pa)

## PETITION FOR DEVIATION RESOLUTION PROCESS
## HEARING SCHEDULE

DISPUTE: Petitioner seeking Deviation v. Respondent
CASE NO: XXXXXX

Based on the hearing request in the [Party's Name] [Response or Reply] Memorandum, on Month Day, 2018, it is ORDERED:

1. This Petition for Deviation will be decided after a [in-person OR telephonic OR video] hearing on Month Day, 2018, at 00:00 a.m./p.m. Eastern Time.

2. The hearing will be conducted at [Court's address and Courtroom No. OR by telephone conference at the following number: 1-xxx-xxx-xxxx, Participant Code: xxxxxxx OR by video conference _____].

3. The hearing will be audio-recorded. The recording will be made available to the Parties to listen to or to transcribe at their own expense.

4. All Parties and their counsel, if any, must participate in the hearing. Failure to participate without prior approval from the Magistrate Judge will result in the Magistrate Judge issuing a decision based on the Record at the time of the hearing, together with any other evidence presented at the hearing.

5. If the Parties consent to the jurisdiction of the Magistrate Judge to issue a final decision, the Magistrate Judge's final decision will issue after consideration of the Record and any evidence properly submitted during the hearing. The Claims Administrator will serve copies of the final decision on the Parties.

6. If the Parties do not consent to the jurisdiction of the Magistrate Judge:

   (a) The Magistrate Judge will issue a Report and Recommendation after consideration of the Record and any evidence properly submitted during the hearing. The Claims Administrator will serve the Report and Recommendation on the Parties.

   (b) The Parties will have 14 days from the date the Claims Administrator serves the Report and Recommendation to file specific written objections with the District Judge. The Claims Administrator will serve copies of the written objections on the Parties. The Parties will have 14 days from the date the Claims Administrator serves any objections to file a written response to the opposing Party's objections. The Claims Administrator will serve copies of any responses to the objections on the Parties.

   (c) The District Judge will enter a final decision after consideration of the Report and Recommendation from the Magistrate Judge and any objections from the Parties. The Claims Administrator will serve copies of the final decision on the Parties.

7. After any timely appeals are concluded, the Claims Administrator will disburse the withheld funds in accordance with the final decision and the provisions of the Settlement Agreement and Court orders regarding implementation.

**EXHIBIT B**

8. No provision of this Schedule will be modified except upon written request for modification within 14 days of the date of this Schedule.  Thereafter, this Schedule may be modified only upon a showing of good cause that the deadline cannot reasonably be met despite the diligence of the Party seeking modification.

/s/ Magistrate Judge David R. Strawbridge

Issue Date: Month Day, 2018

**EXHIBIT B**