# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

IN RE: NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY
LITIGATION

---

Kevin Turner and Shawn Wooden,
*on behalf of themselves and others
similarly situated,*

        Plaintiffs,

        v.

National Football League and
NFL Properties LLC, successor-in-interest to
NFL Properties, Inc.,

        Defendants.

No. 2:12-md-02323-AB

MDL No. 2323

Hon. Anita B. Brody, U.S.D.J.

---

## EMERGENCY MOTION FOR LIMITED, EXPEDITED DISCOVERY IN ADVANCE OF PRELIMINARY INJUNCTION HEARING

While reserving its objections to jurisdiction (which will be articulated in a separate filing in advance of the May 9, 2018 hearing on Class Counsel's request for a permanent injunction),[1] non-party Thrivest Specialty Funding, LLC ("Thrivest") hereby seeks an order compelling limited,

---

[1] Thrivest voiced its objections to jurisdiction under Rule 23(d) of the Federal Rules of Civil Procedure, the Federal Arbitration Act, and Article III of the Constitution in its Opposition (Dkt. 8943) to Class Counsel's Motion to Withhold Portions of Class Members' Monetary Awards (the "Motion to Withhold") (Dkt. 8470). To date, the Court has not ruled on those objections or disposed of Class Counsel's Motion to Withhold, which remains pending on the docket. In a March 9, 2018 letter (Dkt. 9674), Thrivest asked the Court to clarify whether its December 8, 2017 Explanation and Order—which did not address any of Thrivest's jurisdictional objections or even reference the Motion to Withhold—was intended to dispose of the Motion to Withhold. The Court did not respond to Thrivest's request for clarification and, today, the Multi-District Clerk once again confirmed that the Motion to Withhold remains marked "pending" in the Court's docket system. Thrivest respectfully renews its request for clarification and requests an order adjudicating Class Counsel's Motion to Withhold.

expedited discovery in the form proposed to address Class Counsel's argument that Thrivest never formed an agreement to arbitrate with Mr. W.[2]

## ARGUMENT

The Court has scheduled an injunction hearing in this multi-district, class action litigation on Class Counsel's request to enjoin Thrivest from proceeding with a pending AAA arbitration (Thrivest v. Mr. W, AAA Case No. 01-18-0001-4765) as well as with future as-yet filed arbitrations.[3] Despite the clear demonstration on the face of the documents that Thrivest and Mr. W agreed to arbitrate, Class Counsel asserts that no arbitration agreement exists. Thrivest sought discovery to refute Class Counsel's position, but Class Counsel responded that Thrivest is not entitled to any discovery on the matter.[4] Unless Class Counsel concedes that Thrivest and Mr. W agreed to arbitrate, the Court should permit the requested limited, expedited discovery so that Thrivest may develop a record for the Court's consideration of this important, threshold issue.

With reference to Granite Rock Co. v. Int'l Bhd. Of Teamsters, 561 U.S. 287, 297 (2010), and Nieto v. 2249 Corp., 2018 WL 1737220, *6 n.3 (S.D.N.Y., Mar. 22, 2018), Class Counsel

---

[2] Class Counsel has taken the position that there is some prohibition against disclosing Mr. W's identity in public filings. To the extent that Mr. W seeks to retain the benefit of the $500,000 Thrivest paid to him in December 2016 without honoring his promises to Thrivest, Thrivest asserts that there is no basis to afford him anonymity. Nevertheless, Thrivest will use the "Mr. W" abbreviation for now.

[3] As a result of Mr. W's refusal to arbitrate, Thrivest filed a Complaint to Compel Arbitration in the United States District Court for the Western District of Pennsylvania on May 1, 2018. See Thrivest v. Mr. W, No. 18-0563 (W.D. Pa.) (the "WDPA Action"). That court has jurisdiction over both Thrivest and Mr. W. Moreover, the WDPA Action is not a class action or multi-district litigation and thus the WDPA Action does not contravene the Class Action Waiver contained in the parties' agreement. This Court should defer resolution of the issues raised by Class Counsel to the WDPA Action.

[4] Thrivest questions whether Class Counsel can properly preclude discovery from Mr. W, as Class Counsel presumably is not engaged to represent Mr. W individually.

asserts that "[t]his Court has already resolved the *formation issue*—it determined that the assignment agreements are void, invalid and of no force and effect, including any arbitration clauses contained therein." See Memorandum of Law at 13 (Dkt. 9924-1) (emphasis added). Class Counsel misconstrues the nature of the "formation issue" in Granite Rock and Nieto, which related not to the *validity* of an agreement, but rather to whether an agreement was ever *formed* in the first instance.

Nieto involved employees who did not speak English and who contested their signatures on the relevant employment agreements. See Nieto, 2018 WL 1737220 at *3, 5 ("the making of an arbitration agreement is a non-arbitrable issue"). Thus, there was "an issue of fact as to the *making of the agreement for arbitration*" itself, which required a trial. See id. at *4, n.3 (emphasis added) (distinguishing "formation issue" raised by plaintiffs in Nieto from challenge to validity of agreement on the whole discussed in Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 72 (2010)).

Likewise, Granite Rock Co. involved formation—not validity—of an agreement. 561 U.S. at 287 (2010). In Granite Rock, there was a labor strike after a collective bargaining agreement had expired. Id. at 293-94. Eventually, the parties agreed to end the strike and return to work under a new collective bargaining agreement that contained not only an arbitration clause and a "no strike" clause, but also an effective date as of the end of the old agreement. Id. at 305-306. There, the parties disagreed over whether there was a collective bargaining agreement—and thus an agreement to arbitrate—in place during the interim period (between the new and the old agreements) such that a claim for damages for breach of the "no strike" clause could "arise under" an existing agreement. Ibid. In short, the Supreme Court said that the ratification dispute must be decided by the Court and not the arbitrator because it turned on whether an agreement had been

5

formed at the time of the strike. See id. at 305 ("If, as Local asserts, the CBA containing the parties' arbitration clause was not ratified, and thus not formed, until August 22, there was no CBA for the July no-strike dispute to "arise under," and thus no valid basis for the Court of Appeals' conclusion that Granite Rock's July 9 claims arose under the CBA and were thus arbitrable along with, by extension, Local's formation date defense to those claims.").

The Sales and Purchase Agreement between Thrivest and Mr. W (the "Agreement") contains a clause designating AAA arbitration as the exclusive method of dispute resolution (the "Arbitration Agreement") as follows:

> Dispute Resolution. Notwithstanding anything to the contrary herein, Buyer and Seller unconditionally agree that any dispute, controversy or claim arising out of, or relating in any way to this purchase and sale Agreement, including without limitation, any dispute concerning the construction, *validity*, interpretation, *enforceability, alleged breach by either party*, and/or any other term set forth in the Agreement *shall be exclusively resolved by binding arbitration* upon Buyer or Seller submitting the dispute to the American Arbitration Association within 30 days of written notice to the other party.

See Agreement at Section 6(z) (Dkt. 9924-2 at 38) (emphasis added). Moreover, the Agreement contains a conspicuous class action waiver (the "Class Action Waiver"):

> *SELLER HEREBY WAIVES THE RIGHT TO CONSOLIDATE UNDER ANY MULTI DISTRICT LITIGATION* OR OTHER CONSOLIDATION, OR *BECOME PART OF A CLASS ACTION*, OR ANY OTHER PROCEEDING, CONTROVERSY, ARBITRATION AND/OR DISPUTE OF ANY NATURE INVOLVING ANY PERSON OR ENTITY WHO IS NOT A PARTY TO THIS AGREEMENT.

See Agreement at Section 6(bb) (Dkt. 9942-2 at 39) (emphasis added). Mr. W signed the Agreement and affixed his initials to the pages containing the Arbitration Agreement and Class Action Waiver.[5] See id. at 38 and 39. Mr. W's attorney (Robert Wood, Esquire) notarized Mr.

---

[5] Mr. W has never challenged his capacity to enter into the Agreement. To confirm Mr. W's ALS diagnosis and capacity to make independent legal and financial decisions, Thrivest sought the opinion of Mr. W's treating neurologist at Ohio State, Kevin Weber, M.D. ("Doctor Weber").

W's signature on the document, attesting that Mr. W "personally appeared ... and acknowledged that he executed the same for the purposes therein contained." See id. at 40.

Thrivest intends to counter Class Counsel's formation argument by demonstrating that Thrivest and Mr. W formed an agreement to arbitrate, which the Supreme Court of the United States has made clear must be analyzed separate and apart from any challenge to the contract on the whole. See Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 69 (2010) ("a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate"). Indeed, "as a matter of substantive federal law, an arbitration provision is severable from the remainder of the contract." See id. (citing Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445 (2006)).

To that end, Thrivest asked that Mr. W submit to a video deposition of no more than two hours[6] to gather evidence for use at the May 9, 2018 hearing, including evidence relating to the formation of an agreement to arbitrate.[7] Thrivest proposed that the deposition take place near Mr.

---

Doctor Weber confirmed Mr. W's ALS diagnosis and his professional opinion that Mr. W's disease "has in no way impaired [Mr. W's] ability to make his own legal, medical, and financial decisions;" moreover, based on a review of Mr. W's medical records, Doctor Weber indicated that Mr. W has never "lacked capacity to make independent legal, medical and financial decisions." See Physician's Statement of Mental Competency (Dkt. 9924-2 at 43). Indeed, just last week, on April 25, 2018, Mr. W—appearing fit and healthy—delivered an eloquent invocation at the memorial service for former Ohio State University football coach Earle Bruce. See Video of Invocation (beginning at 10:08) available at https://www.youtube.com/watch?v=RmbbOf-ct5I. To the extent that Class Counsel asserts that Mr. W lacked capacity to enter into the Agreement or the Arbitration Agreement, Thrivest seeks to include those capacity issues within the scope of the requested deposition of Mr. W.

[6] Assuming cooperation from the witness and counsel, Thrivest believes that it can accomplish the deposition in one hour.

[7] Mr. W resides in Ohio and so it would be inconvenient for him to attend the May 9, 2018 hearing in person. Moreover, Mr. W is beyond the reach of a subpoena that could compel him to attend in person.

7

W's residence in Columbus, Ohio on Friday, May 4, 2018, which had previously been reserved for the emergency hearing in the arbitration and thus was an available date. Class Counsel refused to produce Mr. W and so Thrivest files this motion seeking limited, expedited discovery in advance of the injunction hearing.

Class Counsel challenges the formation of an agreement to arbitrate and thus Mr. W's testimony is critical to a threshold issue that must be addressed at the May 9, 2018 hearing. Thrivest has the right to present evidence at that hearing and the obligation to create a record. The Court has the authority to authorize expedited discovery in advance of a hearing on a preliminary injunction and should do so here—especially considering the limited scope of discovery sought by Thrivest in the proposed order and the importance of the issue raised by Class Counsel regarding the formation of an agreement to arbitrate. See EXL Laboratories, LLC v. Egolf, No. 10-6282, 2010 WL 5000835, *8 (E.D. Pa., Dec. 7, 2010) ("Expedited discovery is particularly appropriate where a plaintiff seeks injunctive relief ... [and], [c]onsidering the pending preliminary injunction hearing, the need for discovery, and the narrow breadth of [the] requests, we will grant [the] expedited discovery."); see also Exclusive Supplements, Inc. v. Abdelgawad, No. 12-1653, 2013 WL 160275, *1 (W.D. Pa., Jan. 15, 2013) (concluding that "wildly divergent factual assertions made by the parties" warranted some discovery in advance of preliminary injunction hearing).

[REMAINDER LEFT BLANK INTENTIONALLY]

Thrivest requests that the Court convene a teleconference as soon as practicable to address this motion to permit time for the requested discovery to proceed if the motion is granted.

Respectfully submitted,

/s/ Peter C. Buckley
Peter C. Buckley, Esquire
Mark J. Fanelli, Esquire
Attorney ID Nos. 93123, 321283
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania 19103-3222
Tel:   (215) 299-2854
Fax:   (215) 299-2150
pbuckley@foxrothschild.com

*Attorneys for Thrivest Specialty Funding, LLC*

Dated: May 3, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I served a true and correct copy of the foregoing

Emergency Motion for Limited, Expedited Discovery on all counsel of record via the Court's

ECF system.  I further hereby certify that on this date, I served a true and correct copy of the

foregoing on the following interested parties via e-mail:

Christopher A. Seeger, Esquire
Seeger Weiss LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
cseeger@seegerweiss.com
*Co-Lead Class Counsel*

TerriAnne A. Benedetto, Esquire
Seeger Weiss LLP
1515 Market Street, Suite 1380
Philadelphia, PA  19102
TBenedetto@seegerweiss.com
*Co-Lead Class Counsel*

Robert C. Wood, Esquire
Wood Law Limited
68 North High Street
Building B, Suite 202
New Albany, OH 43054
rwood@rwoodlaw.com
*Counsel for Mr. W*

May 3, 2018

*/s/ Peter C. Buckley*