UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Case No.: 2:12-cv-02323<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| THRIVEST SPECIALTY FUNDING, LLC,<br>               Petitioner,<br>v.<br>WILLIAM E. WHITE,<br>               Respondent. | Civil Action No.: 2:18-cv-01877 |

## DECLARATION OF JOSEPH R. GENOVESI
### IN SUPPORT OF LETTER OF BRIEF OF THRIVEST SPECIALTY FUNDING, LLC

As provided by 28 U.S.C. § 1746, I, Joseph R. Genovesi, hereby declare that the following is based on my personal knowledge:

1. I am an adult resident of the Commonwealth of Pennsylvania.

2. I am the President of Thrivest Specialty Funding, LLC ("Thrivest" or "Company").

3. As the President of Thrivest, I have substantial knowledge about every aspect of the Company's business activities.

4. I am actively involved in the diligence, negotiation, and execution of contracts on behalf of Thrivest.

5. I am authorized to sign contracts on behalf of Thrivest.

6. As the President of Thrivest, I was involved in the diligence, negotiation, and execution of Thrivest's Sales and Purchase Agreement (the "Agreement") with William E. White ("White"). A true and correct copy of the Agreement is attached hereto as Exhibit A.

7. White was an 11-year veteran of the NFL that was diagnosed with amyotrophic lateral sclerosis ("ALS") in October 2016.

8. Based on White's injuries, age at the time of diagnosis, and years played in the NFL, Thrivest expected that White would receive $3.5 million from the settlement in the NFL Concussion Class Action.

9. To confirm White's diagnosis and capacity to make independent legal and financial decisions, Thrivest sought the opinion of White's treating neurologist at Ohio State, Kevin Weber, M.D. ("Doctor Weber").

10. Doctor Weber signed a Physician's Statement of Mental Competency in connection with the Agreement. A true and correct copy of the Physician's Statement of Mental Competency is attached hereto as Exhibit B.

11. During the course of its diligence, Thrivest discovered that White owed the IRS nearly $200,000 because of unpaid income taxes from 2008, 2011 and 2012—with interest and penalties accruing daily.

12. White failed to disclose his tax obligations to Thrivest on Thrivest's intake form.

13. Initially, White requested an advance that would net him $450,000 after satisfying his obligations to the IRS and transaction fees, but his attorney—Robert Wood, Esquire ("Attorney Wood")—asked Thrivest to cap its advance at $500,000 total.

14. I executed the Agreement electronically on behalf of Thrivest.

15. White signed the Agreement and initialed each page on December 19, 2017.

16. White also executed a Certification in connection with the Agreement. A true and correct copy of the Certification is attached hereto as Exhibit C.

17. Further, White signed a Limited Irrevocable Power of Attorney (the "Limited POA") in connection with the Agreement. A true and correct copy of the Limited POA is attached hereto as Exhibit D.

3

18. Pursuant to the terms of the Agreement, Thrivest advanced $500,000 of White's expected $3.5 million recovery; Thrivest paid $192,253.89 to satisfy White's IRS liens and White received $282,746.11 (the remainder less 5% transaction fees) to use as he saw fit with no financial obligation to Thrivest unless and until he received an award in the NFL Concussion Class Action.

19. I declare under penalty of perjury that the foregoing is true and correct.

_____
Joseph R. Genovesi
President, Thrivest Specialty Funding, LLC

Dated: May 8, 2018