# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-2323-AB <br><br> MDL No. 2323 <br><br> Hon. Anita B. Brody |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., <br><br> Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## MOTION OF CLASS COUNSEL THE LOCKS LAW FIRM FOR LEAVE TO FILE SUR-REPLY TO NFL PARTIES' MOTION SEEKING APPOINTMENT OF SPECIAL INVESTIGATOR

Class Counsel the Locks Law Firm ("LLF") respectfully moves for leave to file a Sur-Reply (attached as Exhibit A) to address a new argument the NFL raised in its Reply (ECF No. 9972) in support of its Motion to Appoint a Special Investigator (ECF No. 9880).

At page 6 of its Reply, the NFL has attacked Class Counsel for opposing the Motion and suggested that Class Counsel's opposition is based, allegedly, on the alleged fact that some of its claims have received adverse audit findings. The accusation is mistaken and based on a selective

reading of the facts. For that reason, LLF respectfully requests an opportunity to respond through the attached Sur-Reply.

It is important, based on the NFL's approach, that the Court understand the full facts underlying the new issue raised by the NFL, which is an attack on LLF's integrity. On that basis, LLF respectfully requests that the Court grant LLF leave to respond to the new accusation. *See Hess Fence & Supply Co. v. U.S. Fid. & Guar. Co.*, No. CIVA 4:04CV2648, 2006 WL 3325445, at *2 (M.D. Pa. Oct. 12, 2006) (granting leave to file a sur-reply "to respond to new arguments in [opponent's] reply brief"). Permitting such a sur-reply will assist the Court to fairly decide the NFL's Motion.

WHEREFORE, Class Counsel the Locks Law Firm respectfully requests that the Court grant the Motion for Leave, enter the proposed Order in the form attached hereto, and deem the Sur-Reply filed and served on all counsel of record in this case via the ECF system.

Dated: May 14, 2018            Respectfully submitted,

/s/ Gene Locks
Gene Locks
David D. Langfitt
LOCKS LAW FIRM
The Curtis Center
Suite 720 East
601 Walnut Street
Philadelphia, PA 19106
Phone: 215-893-3423
Fax: (215) 893-3444
glocks@lockslaw.com
dlangfitt@lockslaw.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-2323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>    Plaintiffs,<br><br>    v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>    Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**SURREPLY OF CLASS COUNSEL THE LOCKS LAW FIRM
IN RESPONSE TO THE NFL'S REPLY IN SUPPORT OF
ITS MOTION FOR A SPECIAL INVESTIGATOR**

    The Locks Law Firm ("LLF") respectfully submits this Surreply in response to untrue and mistaken statements made by the NFL in its Reply in Support of its Motion for a Special Investigator.

    At page 6, the NFL's Reply alleges that LLF's caution about a special investigator is disingenuous, because allegedly some of LLFs claims for retired players have been the subject of adverse audit findings by the Claims Administrator.

1

With zeal, the NFL has sought to audit approximately 700 claims in this case, but not one claim submitted by LLF has been the subject of an adverse audit finding. There were two LLF claims placed in audit last year based on a review of a neuropsychologist, which was one of approximately 75 neuroscience specialists who examined LLF clients. Immediately upon learning of the audit, and after discussing the circumstances with the Claims Administrator, LLF had the two players retested via a BAP certified neuropsychologist. In each case, the player's qualifying diagnosis was re-affirmed by the BAP neuropsychologist and an MAF physician.

The NFL is aware of these facts. It also knows that LLF has obtained more Notices of Monetary Awards than any other firm and has filed the second most claims of any other firm. The NFL is aware that LLF continues to file MAF Claims, BAP Claims, and pre-effective date claims every week, because its clients are being evaluated on a weekly basis through those programs, and more pre-effective date claims are coming to light.

With its Motion and Reply, the NFL seeks to change the entire conversation, not just hire a special investigator. It seeks to persuade the Court that, on the one hand, the entire Settlement process is running perfectly for the players, even though the NFL's appeals, audits and delays have meant that only 11 of nearly 1,000 dementia claims filed to date have been paid.[1] Yet, on the other hand, the NFL argues that the claims process is imperfect for the NFL and requires a special investigator, even though BrownGreer's investigations to date have been effective, have eliminated hundreds of improper or

---

[1] The Settlement program has been operating for nearly 14 months. This unfortunate number shows that the NFL's tactics have succeeded in preventing the vast majority of claims from getting through the claims administration process.

2

suspicious claims, and may form the basis of a referral to law enforcement authorities. Instead of resting on the assurances the BrownGreer[2] investigations warrant, the NFL wants more.

LLF strongly supports efforts to eliminate fraud from the Settlement, but LLF is also concerned that legitimate claims have been delayed and continue to be delayed and denied without a sound reason. LLF remains open-minded about the appointment of an investigator, but believes that the appointment is unnecessary in light of the recent success of the Claim Administrator in addressing suspicious and possibly fraudulent claims.

For all of the foregoing reasons, LLF respectfully requests that the Court either deny or defer ruling on the NFL's Motion unless and until it is clear that BrownGreer requires a special investigator who would report directly to BrownGreer with a clear mandate.

Dated: May 14, 2018                     Respectfully submitted,


                                        /s/ Gene Locks
                                        Gene Locks
                                        David D. Langfitt
                                        LOCKS LAW FIRM
                                        The Curtis Center
                                        Suite 720 East
                                        601 Walnut Street
                                        Philadelphia, PA 19106
                                        Phone: 215-893-3423
                                        Fax: (215) 893-3444
                                        glocks@lockslaw.com
                                        dlangfitt@lockslaw.com

---

[2] BrownGreer has not sought a special investigator and has not joined the NFL's Motion.