## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody**<br><br>Civ. Action No. 14-00029-AB |

Kevin Turner and Shawn Wooden,
*on behalf of themselves and*
*others similarly situated*,

        Plaintiffs,

        v.

National Football League and
NFL Properties LLC,
successor-in-interest to
NFL Properties, Inc.,

        Defendants.

THIS DOCUMENT RELATES TO:
ALL ACTIONS

**OPPOSITION OF CO-LEAD CLASS COUNSEL TO MOTION OF THE LOCKS
LAW FIRM FOR RECONSIDERATION OF THE COURT'S DENIAL OF ITS
MOTION FOR APPOINTMENT AS ADMINISTRATIVE CLASS COUNSEL**

## I.       **INTRODUCTION**

Co-Lead Class Counsel Christopher A. Seeger ("Co-Lead Class Counsel") respectfully submits this opposition to the Motion of the Locks Law Firm ("Locks") for reconsideration of the Court's April 18, 2018 denial (ECF No. 9890) of its motion to be appointed Administrative Class Counsel (ECF No. 9786) ("Motion").   Because Locks' reconsideration motion fails to satisfy the high standard for reconsideration the Court should deny it.

## II.      **DISCUSSION**

Given courts' interest in finality, "motions for reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." *Jarzyna v. Home Properties, L.P.*, 185 F. Supp. 3d 612, 622 (E.D. Pa. 2016) (citation and internal quotation marks omitted).     Indeed, "[m]otions for reconsideration are generally disfavored for a number of important reasons.   One of the reasons is that they tend to waste time on issues that have been, or should have been, decided previously." *Spear v. Fenkell*, No. CV 13-02391, 2015 WL 5582761, at *4 (E.D. Pa. Sept. 21, 2015) (internal citation omitted); *accord Rashid v. Ortiz*, No. CR 08-493, 2016 WL 7626712, at *2 (E.D. Pa. June 20, 2016) ("Reconsideration is disfavored[.]").

Therefore, a motion for reconsideration may not "be used to give a litigant a 'second bite at the apple' as to an argument on which it previously did not succeed." *Romero v. Allstate Ins. Co.*, 1 F. Supp. 3d 319, 429 (E.D. Pa. 2014); *accord U.S. Claims, Inc. v. Flomenhaft & Cannata, LLC*, 519 F. Supp. 2d 515, 526 (E.D. Pa. 2007) (reconsideration motion is not properly "grounded on a request that a court rethink a decision it has already made") (citation and internal quotation marks omitted); *The Ltd., Inc. v. Cigna Ins. Co.*, 228 F. Supp. 2d 574, 582 (E.D. Pa. 2001) (reconsideration motions are "not to be used merely as an opportunity to reargue issues that the

court has already analyzed and determined"), *aff'd*, 29 F. App'x 88 (3d Cir. 2002); *Gen. Elec. Capital Corp. v. Stone*, No. 04-1691, 2005 WL 746420, at \*1 (E.D. Pa. Mar. 29, 2005) ("A motion for reconsideration is not an opportunity for an unsuccessful party to rehash arguments previously considered by the Court.").

Rather, "[t]he purpose of a motion for reconsideration is to correct *manifest* errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (emphasis added). A movant must show either "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *accord Smith v. City of Chester*, 155 F.R.D. 95, 96-97 (E.D. Pa. 1994); *Rashid*, 2016 WL 7626712, at \*2.[1]

Here, Locks points to no manifest error in the Court's April 18 denial of his motion for appointment as "Administrative Class Counsel." Instead, Locks is merely peeved at the result and, in particular, over not having been afforded an opportunity to file a reply in order to present evidence on the issue of third-party funding arrangements. *See* Motion at 6-12. That is unavailing.[2]

---

[1] Thus, there is no basis for reconsideration when a party merely revisits issues already decided by citing different case law under the guise of pointing to manifest error. *See Borough of Lansdale v. PP & L, Inc.*, 503 F. Supp. 2d 730, 734 (E.D. Pa. 2007). Similarly. "[a] litigant that fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one." *Romero*, 1 F. Supp. 3d at 429 (citation and internal quotation marks omitted).

[2] Locks' contention that the matter of his involvement in third-party funding arrangements was an error of law is flatly incorrect. *See* Motion at 3, 5. That issue involved no question of law.

2

Locks focuses on the Court's observation concerning its role in facilitating assignments of Class Members' Monetary Awards to third-party funders, implying that this was the determinative factor in the Court's ruling, which it was not.  Locks' role in facilitating third-party funding arrangements was only *one* of the considerations that bore on the Court's denial of its motion.  *See* ECF No. 9890, at 2.  Even if that were completely disregarded and Locks had never facilitated a single assignment of a client's Monetary Award, Locks simply presented an unconvincing case for being in charge of the implementation of the Settlement.  Co-Lead Class Counsel will not rehash here all of the other points made in opposition to the motion.  Suffice it to say that Co-Lead Class Counsel's 36-page memorandum and 19-page Declaration in opposition to Locks' Motion (ECF Nos. 9885, 9885-1) set forth manifold weaknesses in Locks' motion.

### III.   CONCLUSION

For the foregoing reasons, the Court should reject Locks' attempt to revisit the Court's denial of its motion.

Date:  May 15, 2018

Respectfully submitted,

*/s/ Christopher A. Seeger*
Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
cseeger@seegerweiss.com
Telephone:  (212) 584-0700

***CO-LEAD CLASS COUNSEL***

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record via the

Court's ECF system on May 15, 2018

*/s/ Christopher A. Seeger*
Christopher A. Seeger