

Steven F. Molo
Molo Lamken LLP
430 Park Avenue
New York, NY 10022
T: 212-607-8170
F: 212-607-8161
smolo@mololamken.com
www.mololamken.com

May 16, 2018

BY ECF

The Honorable Anita B. Brody
United States District Court
Eastern District of Pennsylvania
7613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

      Re:    *In re: National Football League Players' Concussion Injury Litigation*,
             Civ. No. 2:12-MD-2323-AB

Dear Judge Brody:

      I am making good on my offer at yesterday's hearing to provide the Court with record citations where the Faneca Objectors argued for the four improvements to the preliminarily-approved settlement that were ultimately accepted by the parties. To be clear, these are benefits that were not in the Revised Settlement as preliminarily approved, but were later added following the fairness hearing and before final approval, after Your Honor suggested that they would "enhance the fairness, reasonableness, and adequacy" of the settlement. Dkt. 6479.

      ***NFL Europe.*** The Faneca Objectors argued that the settlement should provide eligible season credit for NFL Europe in their opposition to preliminary approval, Dkt. 6082 at 28; in their motion for discovery, Dkt. 6169-1 at 6; in their objection, Dkt. 6201 at 34-36; in their supplemental objection, Dkt. 6420 at 10; at the fairness hearing, Dkt. 6463 at 89:5-92:2, Dkt. 6469 at 18-20, 28; and in their post-fairness hearing brief, Dkt. 6455 at 20-22, 30.

      ***BAP Cap.*** The Faneca Objectors argued that the BAP Fund should be uncapped in their opposition to preliminary approval, Dkt. 6082 at 13, 15; in their motion for discovery, Dkt. 6169-1 at 11; in their objection, Dkt. 6201 at 72; in their supplemental objection, Dkt. 6420 at 10; at the fairness hearing, Dkt. 6463 at 108:9-109:10, 113:24-25, Dkt. 6469 at 31, 33; and in their post-fairness hearing brief, Dkt. 6455 at 22, 30. As Your Honor raised the question specifically concerning our BAP objection, I enclose a copy of a slide used at the fairness hearing regarding that point.

      ***Waiver of Appeal Fee in Cases of Financial Hardship.*** The Faneca Objectors challenged the $1,000 appeal fee in their opposition to preliminary approval, Dkt. 6082 at 33-34

The Hon. Anita B. Brody          - 2 -          May 16, 2018

& n.43; in their motion for discovery, Dkt. 6169-1 at 7; in their objection, Dkt. 6201 at 76-77; at the fairness hearing, Dkt. 6463 at 112:13-21, 113:6-13, 114:14-15, Dkt. 6469 at 30, 33; and in their post-fairness hearing brief, Dkt. 6455 at 23, 31.

*Death with CTE.*  The Faneca Objectors argued for increased compensation for Death with CTE in their motion to intervene, Dkt. 6019-1 at 15-18; in their opposition to preliminary approval, Dkt. 6082 at 20-26; in their motion for discovery, Dkt. 6169-1 at 3-5; in their objection, Dkt. 6201 at 21-32; in their supplemental objection, Dkt. 6420 at 9-10; at the fairness hearing, Dkt. 6463 at 72:23-89:4, Dkt. 6469 at 2-17, 28; and in their post-fairness hearing brief, Dkt. 6455 at 2-20, 30.

Obviously, these enhancements would never have happened without Your Honor's suggestion that they be included, but that does not diminish the Faneca Objectors' right to be compensated for their role in identifying the deficiencies and pressing for their correction over the opposition of Co-Lead Class Counsel, who stated that he had "obtain[ed] the best overall deal we could for plaintiffs."  Dkt. 6463 at 39:19-20.  *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009) (holding that objectors entitled to fees where district court addresses settlement deficiencies raised by objectors); *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 288 (7th Cir. 2002) (a court cannot "den[y] a fee to the objectors . . . on the ground that [it] had already decided, without telling anybody," that the settlement was deficient); *Green v. Transitron Elec. Corp.*, 326 F.2d 492, 498-99 (1st Cir. 1964) (similar); *Fraley v. Facebook, Inc.*, No. C 11-1726, 2014 WL 806072, at *2 (N.D. Cal. Feb. 27, 2014) (similar); *Edwards v. Nat'l Milk Producers Fed'n*, No. 11-cv-04766, 2017 WL 4581926, at *1-2 (N.D. Cal. Sept. 13, 2017) (awarding objectors' fees despite recognizing that "Court's own review would likely have resulted in" correction of settlement defect).

As noted in our papers and as I explained at yesterday's hearing, the value of the improvements brought about by the changes addressing the four objections described above is $122.6 million.  *Stop & Shop Supermarket Co. v. SmithKline Beecham Corp.*, No. Civ.A. 03-4578, 2005 WL 1213926, at *16 (E.D. Pa. May 19, 2005), which I mentioned during the hearing, cites to the Class Action Reporter, *Attorney Fee Awards in Common Fund Class Actions*, 24 Class Action Rep. 170, for the proposition that the average multiplier in settlements valued over $100 million is 4.5, which is consistent with the lodestar cross-check multiplier of 4.6 applied in our fee petition (which was filed before class counsel had filed their petition).

Respectfully,

*/s/ Steven F. Molo*

Steven F. Molo

Enclosure
Cc: All Counsel by ECF

33

# Proposed Revisions for a Fair and Adequate Settlement

Lift the cap on the BAP

Extend the BAP to the full term of the Settlement

Eliminate the opt-in requirement

Make it easier to get a qualifying diagnosis

"Even up" the appeal process

**<u>Certificate of Service</u>**

I hereby certify that, on May 16, 2018, the foregoing letter was filed with the Clerk of the Court using the CM/ECF system, which will serve all parties.

<u>*/s/ Steven F. Molo*</u>