```
                  UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF PENNSYLVANIA


   IN RE: NATIONAL FOOTBALL LEAGUE  )   12-MDL-2323-AB
   PLAYERS' CONCUSSION INJURY       )
   LITIGATION                       )
                                    )
   _____)
                                    )
   KEVIN TURNER and SHAWN WOODEN,   )
   on behalf of themselves and      )
   others similarly situated,       )
                                    )
           Plaintiffs,              )
                                    )
       vs.                          )
                                    )
   NATIONAL FOOTBALL LEAGUE and     )
   NFL PROPERTIES, LLC,             )
   successor-in-interest to         )
   NFL Properties, Inc.,            )   Philadelphia, PA
                                    )   May 4, 2018
           Defendants.              )   10:06 a.m.


                  TRANSCRIPT OF TELEPHONE CONFERENCE
               BEFORE THE HONORABLE ANITA B. BRODY
                    UNITED STATES DISTRICT JUDGE


   APPEARANCES:


   For the Plaintiff        CHRISTOPHER SEEGER, ESQUIRE
   Jim Finn, et al.         SEEGER, WEISS, LLP
                            6th Floor
                            55 Challenger Road
                            Ridgefield, NJ   07660


   For Non-Party:           PETER C. BUCKLEY, ESQUIRE
   Thrivest Specialty       FOX ROTHSCHILD, LLP
   Funding, LLC             20th Floor
                            2000 Market Street
                            Philadelphia, PA   19103
```

```
Audio Operator:        JAMES F. G. SCHEIDT



Transcribed by:        DIANA DOMAN TRANSCRIBING, LLC
                       P.O. Box 129
                       Gibbsboro, New Jersey  08026-0129
                       Office:   (856) 435-7172
                       Fax:      (856) 435-7124
                       Email:    dianadoman@comcast.net
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

# I N D E X

ARGUMENT:                                                          PAGE

    By Mr. Buckley                                               3

    By Ms. Seeger                                                6


RULING BY THE COURT:                                               PAGE

  By Judge Brody                                                17

1            (The following was held in open court at 10:06 a.m.)
2                 THE COURT:  Okay, we're going to be --
3                 COURTROOM DEPUTY:  On the record?
4                 THE COURT:  Yes, we are on the record.  I have on
5    the record Mr. Peter Buckley representing -- excuse me,
6    representing Thrivest Specialty Funding in Civil Action Number
7    12-2323, and I have Mr. Seeger on the phone, is that correct,
8    Mr. --
9                 UNIDENTIFIED SPEAKER:  Yes, Your Honor.
10                THE COURT:  All right.  There's a request for an
11   emergency ruling on the part of the Court and I've honored
12   your request, Mr. Buckley --
13                MR. BUCKLEY:  Thank you.
14                THE COURT:  -- so in fact I'm in on a Friday, so I
15   would like to know what you -- would you like to argue to me?
16                MR. BUCKLEY:  Yes, Your Honor, I think our
17   arguments --
18                THE COURT:  One minute because I know you have
19   another call so why don't you -- why don't you tell me why you
20   need -- why you think you need the testimony of this person
21   for -- for the preliminary -- the injunction -- it's a full
22   injunction -- why?
23                MR. BUCKLEY:  Your Honor, the class counsel has
24   raised an issue in his motion for -- for injunction as to the
25   formation of an agreement to arbitrate which I believe is a

1  threshold issue before Your Honor that must be decided, and as
2  I point out in my motion, there's a distinction between the
3  validity of an entire agreement and the validity of the
4  arbitration clause.
5            And the Supreme Court in Rent-A-Center and in
6  Buckeye Check Cashing made clear that an arbitration provision
7  is severable from the remainder of the contract and that a
8  party's challenge to another provision of the contract, for
9  example a challenge to the assignment language in the contract
10 or to the -- you know, contract as a whole on the basis that
11 it violates the settlement agreement does not prevent a Court
12 from enforcing a specific agreement to arbitrate.
13           So it's my belief that unless Mr. Seeger concedes
14 that Mr. W entered into an arbitration agreement with
15 Thrivest, that I need to be able to take some discovery on
16 that issue so that we can present Your Honor with evidence
17 that notwithstanding any dispute over the validity of the
18 transaction under the settlement agreement, that there is a
19 valid and enforceable agreement to arbitrate consistent with
20 the Supreme Court's Rent-A-Center and Buckeye decisions such
21 that that threshold question must be answered first.
22           And, if it is determined that there is an agreement
23 to arbitrate, that any challenge to the validity of the
24 agreement must go before an arbitrator.
25           THE COURT:  All right.  Mr. Seeger, do you wish to

Case 2:12-md-02323-AB   Document 10008   Filed 05/21/18   Page 6 of 9
                Seeger - Argument / Ruling by the Court            6

1  respond?

2           MR. SEEGER:  Yeah, two quick points.  One is the
3  mental state of Mr. W, by the way, Your Honor, who has ALS, is
4  very sick, has nothing to do with the contract that has been
5  deemed by Your Honor void ab initio.  The agreement is gone.
6  There's no issue on the ab-- arbitration.  This is pure
7  harassment.

8           The other part of it is, and it's very suspicious,
9  that Mr. Buckley chose to file a complaint to compel
10 arbitration in a Federal Court that is not -- and it's not
11 Your Honor, who has the MDL, has the settlement agreement,
12 control over the class members, the lawyers and every
13 provision in the settlement.

14          It's harassment.  It's an attempt to go end-run
15 around your order and Mr. White's mental state has nothing to
16 do with a contract that is void.

17          THE COURT:  Okay.

18          MR. SEEGER:  We oppose it.

19          THE COURT:  All right.  I'm making a legal ruling
20 that as far as I'm concerned, the only issue before me is the
21 validity of the order that -- for this -- that hearing that I
22 scheduled -- I think it's the 9th -- that the only issue
23 before me is whether or not I had authority to enjoin the --
24 because that's what the issue -- that's what the hearing's
25 about -- whether I had the authority to enjoin the

1   arbitration.
2            So I think that no evidence is necessary, Mr.
3   Buckley.  You brought it up, I am making a ruling at this
4   point so that you have that in your -- you know, you know
5   where I stand I'll see you on the 9th.
6            MR. BUCKLEY:  May I be heard just shortly, Your
7   Honor?
8            THE COURT:  Well, I already ruled so I don't think
9   the answer --
10           MR. BUCKLEY:  I understand, I just want to clarify
11  something.
12           THE COURT:  All right, sure.
13           MR. BUCKLEY:  I understand then that Mr. Seeger is
14  not going to argue at this hearing that Mr. White didn't sign
15  the documents or that's not his initials at the bottom of that
16  page, but rather that the agreement is invalid under the
17  settlement agreement and therefore that argument, you know,
18  invalidates the entire agreement including the arbitration
19  clause.  And if that is the argument --
20           MR. SEEGER:  Your Honor, I --
21           MR. BUCKLEY:  -- that I'm responding to, then I
22  understand that there's really no reason to address the
23  formation of the arbitration agreement, we're really dealing
24  with a legal argument and we probably don't need his
25  deposition.

1                THE COURT:  All right, Mr. Buckley --

2                MR. BUCKLEY:  But because of what Mr. --

3                THE COURT:  Mr. Buckley, that will be argued on the

4     9th so you can argue on --

5                MR. BUCKLEY:  The other thing I wanted to put on the

6     record, Your Honor, is in our motion -- I believe it was

7     footnote 1, we asked Your Honor to clarify whether the motion

8     to withhold has been decided.

9                THE COURT:  Mr. Buckley, that's my ruling on what

10    you put before me.  My ruling is it's denied.  That's all

11    that's going on today.  If you have any other issues you wish

12    to raise, you'll raise them on the 9th, okay?

13               MR. BUCKLEY:  Thank you, Your Honor.

14               THE COURT:  All right, bye.

15               MR. SEEGER:  Thank you.

16               (Matter concluded, 10:12 a.m.)

17                              * * *

1                    **C E R T I F I C A T I O N**

2

3               I, Diane Gallagher, court approved

4    transcribers, certify that the foregoing is a correct

5    transcript from the official electronic sound recording of the

6    proceedings in the above-entitled matter.

7

8    _____        _____

9    DIANE GALLAGHER                         DATE

10   DIANA DOMAN TRANSCRIBING, LLC