# SEEGERWEISS LLP

May 23, 2018

**By ECF**

Honorable Anita B. Brody
United States District Judge
Eastern District of Pennsylvania
James A. Byrnes United States Courthouse
601 Market Street
Philadelphia, PA  19106

      Re:  **In re National Football League Players' Concussion Injury Litigation**
           **No. 2:12-md-02323-AB**

Dear Judge Brody:

    I respectfully submit this brief response to the letter-brief filed late yesterday by Prof. Tobias Barrington Wolff on behalf of The Locks Law Firm (ECF No. 10016).  The Court should reject this submission on both procedural and substantive grounds.

    *First*, the Court neither solicited nor authorized post-hearing submissions.  As such, this letter-brief was improper.  Indeed, earlier this week, the Court denied the motion of the Anapol Weiss firm for leave to file a post-hearing supplemental memorandum.  ECF No. 10007 (May 21, 2018.)  There is no reason to deny that motion (which at least sought the Court's permission to file a further memorandum) yet allow this unauthorized letter-brief by the Locks Law Firm, which has been presumptuously presented as a fait accompli.

    *Second*, Prof. Wolff's points are not well taken.  He urges the Court to appoint a fee allocation committee, pointing to the *Diet Drugs* litigation as precedent.  That comparison is inapt because, in *Diet Drugs*, the bulk of the common benefit work was not performed by one firm, as was the case here.  Moreover, as a general matter, Prof Wolff's criticism that there has been a "non-transparent, unilateral process" here (ECF No. 10016, at 3) is devoid of merit.  In legions of cases – which we have cited in several earlier filings,[1] and which Prof. Wolff ignores – courts have tasked lead class counsel alone with either making an allocation recommendation or handling the allocation of common benefit fees outright.

---

[1] *See* ECF No. 7151-1, at 69-70 (Feb. 13, 2017); ECF No. 7606, at 19-20 (May 5, 2017); ECF No. 8914, at 9-10 & n.8 (Nov. 9, 2017); ECF No. 8934, at 9-11 (¶¶ 16-17) (Nov. 11, 2017).

Honorable Anita B. Brody
May 23, 2018
Page | 2

Indeed, in the *Volkswagen "Clean Diesel" Litigation* – perhaps the largest consumer class action in U.S. history and whose settlement I was intimately involved in negotiating – the district court delegated the allocation of fees entirely to lead class counsel, and did not require so-called "transparency." *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2017 WL 3175924, at *4 (N.D. Cal. July 21, 2017) (granting $121 million in fees and $4 million in costs in connection with 3.0 liter engine consumer and reseller settlement, "to be allocated by Plaintiffs' Lead Counsel among the PSC firms and additional counsel performing common-benefit work"); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2017 WL 1047834, at *6 (N.D. Cal. Mar. 17, 2017) (earlier awarding $167 million in fees and $8 million in costs in connection with 2.0 liter engine settlement).[2]

Finally, the suggested appointment of a fee committee is really nothing new – let alone good cause that justifies this unsolicited post-hearing filing. Mr. Locks himself urged a committee or consensus approach in response to my allocation recommendations, arguing that it should supplant those recommendations. *See* ECF No. 8709, at 2 (¶ 2.B) (Oct. 27, 2017) ("[T]he Court should order the leadership (all class counsel and possibly the entire Plaintiffs Steering Committee) to shoulder the difficult work of coming up with an allocation that properly recognizes contributions, applies reasonable criteria for doing so, arrives at lodestar figures for each applicant, and applies multipliers that are reasonable (though possibly subject to dispute)."). Appointment of a committee was also suggested by at least one other objector. *See* ECF No. 8725, at 7 n.10 (Oct. 27, 2017) (allocation counter-declaration of Lance H. Lubel). Thus, there is no reason for The Locks Law Firm to be arguing this again at this late date through additional counsel that has suddenly entered an appearance on its behalf.

Respectfully,

*s/ Christopher A. Seeger*
Christopher A. Seeger
*Co-Lead Class Counsel*

cc:   All counsel of record (via ECF)

---

[2] Nor has there been anything "non-transparent" here. In the opening and reply declarations in support of my allocation recommendations, I fully explained the factors that weighed in my analysis and the relative contributions (or lack thereof) of every lawyer or firm seeking an award of common benefit attorneys' fees, and I addressed in detail the criticisms of my recommendations to the Court. *See* ECF No. 8447, at 6-13 (¶¶ 14-16) (Oct. 10, 2017); ECF No. 8934, at 3-45 (¶¶ 3-110) (Nov. 17, 2017).

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the foregoing was served electronically via the Court's electronic filing system on the date below upon all counsel of record in this matter.

Dated: May 23, 2018

                                                */s/ Christopher A. Seeger*
                                                Christopher A. Seeger