## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL | § | |
| LEAGUE PLAYERS' CONCUSSION | § | |
| LITIGATION | § | |
| _____ | § | **No. 12-md-2323 (AB)** |
| | § | |
| | § | **MDL No. 2323** |
| **THIS DOCUMENT RELATES TO:** | § | |
| **ALL ACTIONS** | § | |

### Memorandum in Support of Motion to Stay Enforcement of Attorneys' Fee Allocation Order (ECF 10019) Pending Appeal
### And
### Request for Expedited Consideration

The Alexander Objectors and Lubel Voyles, LLP (hereinafter "Movants") and file this memorandum in support of their Motion to Stay Enforcement of the Court's Attorneys' Fee Allocation Order (ECF 10019) pending appeal of that order and the underlying, related orders awarding common benefit fee (ECF 9860/9861); maintaining a 5% holdback from Class Members' recoveries for future fees (ECF 7151); and the Court's Order/Memorandum Opinion (ECF 9862/9863) presumptively limiting the effective IRPA fee recovery to 17%.

### *I. Introduction*

Yesterday, the Court entered the fourth in a series of orders pertaining to attorneys' fees in this Class Action Settlement. It was an Explanation and Order awarding $85,619,446.79 of common benefit funds "to pay attorneys for their work in obtaining the Settlement in this case." (ECF 10019). The order allocates that sum to 26 law firms and directs that "each of the law firms listed above shall cooperate with the Fund Administrator of the AFQSF to

effectuate this Order."  (ECF 10019, p. 27)

Movants have already filed their motion for new trial (ECF 9926) as to the prior three orders awarding common benefit fees on a percent-of-the-recovery from the AFQSF fund; presumptively capping private fees at 22%; and then imposing a further 5% hold back on every Class Member's recovery for future fees a well as their notice of appeal (ECF9960).   The gravamen of the appeal is the direct impact (both dollars and process) that the fee fight has had and will continue to have on every Class Member.  And, the Court's May 24, 2018 allocation order, that will be added to the appeal, will implement that process.

If the distribution of $85.6 million begins, the "practical difficulties" of undoing that distribution should the Third Circuit believe the award or the allocation should be revisted will create havoc not only for the Court, but also for every law firm that received money and must pay it back – perhaps with interest.  *See In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524, 552 (3d Cir.2009)  Enforcement of the Order should be stayed pursuant to Fed. R. Civ. P. 62.

## II. *Argument*

Federal Rule of Civil Procedure 62 governs stays of proceedings to enforce a judgment such as the Order to distribute  common benefit funds. First, Rule 62(a) provides for an *automatic* fourteen-day stay on the execution or enforcement of judgments such as this one.  Fed. R. Civ. P. 62(a); *see also In re: High Sulfur Content Gasoline Products Liability Litigation*, 517 F. 3d 220, 230-31 (5th Cir. 2008) (holding that the class action "fee allocation procedures" that distributed awarded funds immediately violated the Fed. R. Civ. P. 62(a) automatic stay).

Then, Fed. R. Civ. P. 62(d) authorizes a stay of enforcement pending

appeal.  Fed. R. Civ. P. 62(d); *see also In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524, 552 (3d Cir.2009) (as applied to an attorneys' fee allocation order).  The Court should exercise its discretion under Rule 62 to stay the enforcement of the allocation order pending appeal of that order and the underlying orders.

Federal Courts frequently apply the factors of *Bank of N.S. v. Pemberton* when examining a request for stay:  (1) whether [defendant] has made a strong showing that [it] is likely to succeed on the merits; (2) whether [defendant] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." 964 F.Supp. 189, 190 (D.Vi.1997) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)). These factors are to be applied flexibly; where the last three factors favor a stay, the showing of a case on the merits is lessened.  *See, e.g., Morgan Guar. Trust Co. v. Republic of Palau,* 702 F.Supp. 60, 65 (S.D.N.Y.1988)).

Movants can show all of these factors.  Movants have shown, as outlined in their Motion for New Trial (ECF9926) incorporated by reference, a strong appeal on the merits because the process for awarding and allocating fees in this case was fundamentally flawed for, *inter alia*

(a) use of a percent-of-recovery fee methodology when it begged the question "percentage of what"; the Court gave a "percentage" bonus to Class Counsel though the settlement upon which that percentage was calculated has not been (and cannot yet be) reliably valued for purposes of calculating that percentage;

(b)  providing none of the transparency or rigor that the Third Circuit requires of a class fee award (no discovery; no master; no auditor; no data);

thereby,

(c) depleting the settlement's fee fund to the point that the Court must take money directly from the Class Members' net recovery to ensure that future fees are paid and

(d) compromising Class Member' access to independent representation via an effective and presumptive 17% private fee cap.

The relative interest of the parties and the public also favors this stay. The money is captured in the Court's escrow and, thus, the law firms are not harmed by the temporary stay of the bonus. Nothing in the Settlement Agreement guaranteed any attorney payment at a certain time and, thus, the law firms could not have relied upon payment at any particular time.

The Class Members, however, are greatly harmed by the denial of a stay. First, the Class Members themselves will be paying future Class Counsel fees from their own recoveries once the fee fund is depleted. Currently, the Court's April 5, 2018 Order (ECF 9860) awarded the entire fund to Class Counsel. Therefore, the Court has also put into place a method to withhold 5% from Class Members' recoveries to pay those future fees. If the Court refuses this stay and the Court of Appeals reverses the fee decisions, in whole or in part, there is no guarantee that this Court would be able to recover all of the distributed funds.

Finally, the public's interest unequivocally rests with the Class Members. The Third Circuit recognizes that in class action fee disputes, Class Members are entitled to a transparent process to serve public trust. *See In re Cendant Corp. Litig.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corporation,* 851 F.2d 673, 677–78 (3d Cir.1988)). Allowing an appeal to test the process before giving away Class Member's settlement money is the right thing to do.

Fed.R.Civ.P. 62(d) also vests the district court with discretion to waive any supercedeas bond during appeal. *See, e.g., Arban v. West Pub. Corp.,* 345 F.3d 390, 409 (6th Cir.2003) (discussing the discretion afforded by Fed. R. Civ. P. 62(d)). Where, as here, the entire sum of money at stake in the Court's allocation order is held in an escrow account under the Court's control, the Court should waive any bond requirement under Fed. R. Civ. P. 62(d). *See In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524, 552 (3d Cir.2009) (discussing the likelihood a district court would waive the bond where the money was securely placed in escrow). Stated differently, where the judgment creditor is fully secure without the necessity of a supercedeas bond, it is appropropriate to waive such bond. *See Munoz v. City of Philadelphia,* 537 F.Supp.2d 749 (E.D.Pa.2008) (Bartle, J.). In this case, the judgment creditors do not not need any security beyond the existence of the AFQSF Fund, which is earning substantial interest every day.

Movants ask the Court to stay the enforcement of its allocation Order (ECF 10019) during appeal of that order to the Third Circuit and to waive any supercedeas bond as it is unnecessary to provide security to the judgment creditors.

Date: May 25, 2018                                    Respectfully Submitted,


                                                      */s/ Lance H. Lubel*

Mickey Washington                                     Lance H. Lubel
Texas State Bar No.: 24039233                         Texas State Bar No.: 12651125
WASHINGTON & ASSOCIATES,                              Adam Voyles
PLLC
2019 Wichita Street                                   Texas State Bar No.: 24003121
Houston, Texas 77004                                  LUBEL VOYLES  LLP
Telephone: (713) 225-1838                             675 Bering Dr.., Suite 850

Facsimile: (713) 225-1866
Email: mw@mickeywashington.com

James Carlos Canady
Texas State Bar No.: 24034357
THE CANADY LAW FIRM
5020 Montrose Blvd., Suite 701
Houston, TX 77006
Telephone: (832) 977-9136
Facsimile: (832) 714-0314
Email: ccanady@canadylawfirm.com

Houston, TX 77057
Telephone: (713) 284-5200
Facsimile: (713) 284-5250
Email: lance@lubelvoyles.com
adam@lubelvoyles.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 25, 2018, I filed the foregoing through the Court's CM/ECF system, which will provide electronic notice to all counsel of record and constitutes service on all counsel of record.

*/s/ Lance H. Lubel*
Lance H. Lubel