IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                    Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br>                                    Defendants. | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**THE ESTATE OF KEVIN TURNER'S**
**PETITION FOR DEVIATION FROM THE FEE CAP**

In accordance with this Court's Order dated May 14, 2018 (ECF No. 9984) and consistent with this Court's Orders dated April 5, 2018 (ECF No. 9863) and May 3, 2018 (ECF No. 9956), the Estate of Kevin Turner (the "Petitioner" or "Turner Estate") submits the following Petition for Deviation from the Fee Cap. Counsel for the class represented by Kevin Turner was Podhurst Orseck, P.A. (the "Respondent" or "Podhurst"). On June 9, 2017, Podhurst asserted a 25% Attorney Lien against the Turner Estate Monetary Award, which has resulted in a $1,250,000 holdback for the Podhurst lien by the Claim Administrator.

As required by Rule 11 of the Rules Governing Petitions for Deviation from the Fee Cap (*see* ECF no. 9956), the Petitioner submits as follows:

I. **The Extent of the Deviation Sought.**

The Turner Estate seeks a deviation requiring that no amount of individual attorney's fees or expenses is paid to Podhurst. As demonstrated below, Podhurst already has sought and been awarded $6,048,169 in fees and $771,128 in expenses as class counsel for their common benefit work, which included all of Podhurst's time involving Kevin Turner. (*See* ECF Nos. 10019 and 9860).

II. **A Brief Statement of the Exceptional or Unique Circumstances for which the Court should Allow a Deviation from the Presumptive Fee Cap.**

On January 18, 2012, Kevin Turner retained Podhurst on a contingency fee basis. At that time a motion for consolidation as a MDL was pending, and ultimately on or about January 31, 2012 this MDL was formed. As Kevin Turner later became a Class Representative and Podhurst became a member of Class Counsel, all of the fees and costs generated or incurred by Podhurst from the inception of the representation until the time of Kevin Turner's death were related solely to Podhurst's representation of the Settlement Class and services were performed for the common benefit of the Settlement Class Members.

Kevin Turner died on March 24, 2016 and the Turner Estate declined to retain Podhurst for continued representation. Instead, the Turner Estate is represented by Polsinelli P.C. in this matter on a *pro bono* basis. After the January 7, 2017 Effective Date of the Settlement Agreement, Polsinelli on a *pro bono* fee basis prepared, prosecuted and collected on behalf of the Turner Estate the Monetary Award claim and determination. Podhurst performed no material work of any nature for Kevin Turner separate and distinct from the common-benefit work performed for the Class.

Following the MDL status conference on April 25, 2012 in this matter, the Court approved and appointed a Plaintiffs' Executive Committee ("PEC") which, among others, included attorney Steven C. Marks from Podhurst. Later, upon motion by the PEC, the Court by Case Management Order No. 5 dated September 11, 2012, established a protocol for submission and review of attorneys' fees and expenses for payment of common-benefit work if a Common Benefit Fund later were established. (*See* ECF No. 3710). Under CMO No. 5, attorneys performing common-benefit work were required to submit an initial time and expense report for the period of the inception of this MDL case (January 31, 2012) through September 30, 2012. Thereafter, counsel were required to submit time and expense reports for common-benefit work on a quarterly basis.

On April 22, 2015, this Court granted final approval of the Settlement Agreement. On April 18, 2016, the Third Circuit approved the Settlement Agreement. After Petitions for review were denied by the United States Supreme Court, January 7, 2017 was established as the Effective Date of the Settlement Agreement.

On February 13, 2017 Co-Lead Class Counsel, on behalf of all Class Counsel, filed a fee petition requesting the full $112.5 Million contemplated by the Settlement Agreement. Included in this fee petition was a Declaration of Steven C. Marks ("Marks' Declaration"), in which it was represented (a) that Podhurst performed from inception through July 15, 2016 common-benefit services worth $3,005,744 and (b) that Podhurst incurred costs and expenses totaling $771,128. (*See* ECF No. 7151-8)  With respect to Kevin Turner, the Marks Declaration stated:

> Paragraph 4: . . . "Notably, on January 18, 2012, we were retained by Kevin Turner, a former NFL veteran who had recently been diagnosed with ALS."
>
> Paragraph 10: . . . "Many of our players, including particularly Kevin Turner, wanted to make sure there was public awareness of this problem.

3

> To that end, I am very proud of the work we accomplished together not only to advance the class but also to force changes at all levels of contact sports to make player participation safer."
>
> Paragraph 11: . . . "the two main spokespersons were our clients, Kevin Turner and Shawn Wooden."
>
> Paragraph 12: . . . "I traveled extensively with the class representatives and organized, along with outside consultants, countless interviews and media events."
>
> Paragraph 13: . . . "I traveled to New York and Philadelphia on multiple occasions with Kevin Turner and Shawn Wooden and assisted with the preparation of talking points and primed them for questioning."
>
> Paragraph 23: . . . "Early in the settlement process it became apparent to the Committee that we would need class representatives to serve in what was determined to be two subclasses: symptomatic former players and asymptomatic former players. I was tasked with vetting the background and medical records of hundreds of former players to identify suitable class representatives. This task entailed investigating their backgrounds, interviewing family and friends, and conducting detailed research into their player histories to make sure that they were adequate and proper class representatives."
>
> Paragraph 24: "As the Court is aware, the two class representatives whom the Committee selected were Kevin Turner, for the symptomatic class, and Shawn Wooden . . . Each served in his role with great effectiveness, poise, and distinction. In fact, there was never a serious question raised as to the adequacy of these class representatives. This fact demonstrates the extensive amount and quality of the work my firm did in identifying and getting those two star individuals to serve in those vitally important roles in this litigation."

On April 5, 2018, this Court granted Co-Lead Counsel's petition for attorney fees and expense reimbursement for Class Counsel (ECF No. 9860); however, the Court stated it would address the allocation of fees from the common benefit fund in a separate opinion. The Court previously ordered Co-Lead Class counsel to submit a proposal for the allocation of fees among Class Counsel. (ECF No. 8367). After receiving an allocation proposal from Co-Lead Class counsel and objections from various parties, including Podhurst (*see* ECF No. 8728), the Court

4

convened a hearing on May 15, 2018. This hearing provided an opportunity for any party further to be heard regarding the Court's ultimate allocation of their portion of the class benefit fees. (ECF No. 9970).

At the May 15, 2018 allocation hearing, Co-Lead Class counsel Christopher Seeger stated that everyone would agree that Kevin Turner is the face of this case. Also at this hearing, Steven Marks argued for a higher allocation of common benefit fees to Podhurst than the amount proposed by Co-Lead Class counsel. Prominent in Mr. Marks' arguments were statements about his work with Kevin Turner, one of the Class Representatives. Mr. Marks also acknowledged that the faces of this case were Kevin Turner and Shawn Wooden, and further stated that he (Marks) accompanied them at every event.

On May 24, 2018 this Court issued its Explanation and Order addressing the allocation of funds among Class Counsel. (ECF No. 10019). In this order, among other contributions, the Court recognized that Podhurst was counsel for two Class Representatives in this matter. The Court awarded Podhurst $6,048,169.49 in common-benefit fees, which amounted to a 2.25 multiplier on the Court's downwardly adjusted hourly rate Podhurst lodestar.

The Turner Estate deserves exceptional and unique treatment by the Court to deviate from the presumptive 22% fee cap, due to the fact that all of the time invested and expenses incurred by Podhurst involving Kevin Turner were undertaken to advance the interests of the Settlement Class, and all fees for such time and reimbursement for expenses have been awarded by the Court. Podhurst provided no services and incurred no expense in shepherding the Turner Estate through the claims process of the Settlement Agreement. As it is Podhurst's burden to establish that any fee charged to the Turner Estate is a reasonable fee, it is apparent from the date

range of the engagement that any time spent on individual legal representation, if any, could only be *de minimus*; thus no separate individual additional fee should be awarded to Podhurst.

### III. The Payment Terms of the Original Contingency Fee Agreement as Understood by the Petitioner.

The original and only contingency fee agreement executed by Kevin Turner with Podhurst provided for a contingency fee of 40% of any recovery, plus an additional 5% after institution of any appellate proceedings. No contingency fee agreement or any other fee agreement ever was executed between the Turner Estate and Podhurst.

### IV. A Statement Declaring under Penalty of Perjury that the Petitioner has Informed the Respondent, or his Attorney, if Represented, that the Petition for Deviation is being filed with the Court and that the Petitioner has Served the Respondent with a Copy of the Petition for Deviation.

The Petitioner, through its undersigned counsel, hereby declares under penalty of perjury, that the Respondent, Podhurst, has been informed via ECF filing in this Court, along with a courtesy copy by Federal Express overnight delivery of this Estate of Kevin Turner's Petition for Deviation from the Fee Cap filed in this matter.

Respectfully submitted,

*/s/ R. Montgomery Donaldson*
R. MONTGOMERY DONALDSON   (PA #63400)
ROBERT A. PENZA (admitted *pro hac vice*)
**POLSINELLI PC**
222 Delaware Avenue
Suite 1101
Wilmington, Delaware  19801
(302) 252-0920
(302) 252-0921 (FAX)
rmdonaldson@polsinelli.com
rpenza@polsinelli.com

                                                                  P. JOHN BRADY (admitted *pro hac vice*)
                                                                   **POLSINELLI PC**
                                                                   900 W 48th Place
                                                                   Suite 900
                                                                   Kansas City, Missouri  64112-1895
                                                                   (816) 753-1000
                                                                   (816) 753-1536 (FAX)
                                                                   jbrady@polsinelli.com

Dated: May 29, 2018                      *ATTORNEYS FOR ESTATE OF KEVIN TURNER*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing document was filed electronically with the Clerk of the Court using CM/ECF System on May 29, 2018. The CM/ECF System will serve all counsel of record.

                                      **POLSINELLI PC**

                                      */s/ R. Montgomery Donaldson*
                                      R. MONTGOMERY DONALDSON   (PA #63400)
                                      222 Delaware Avenue
                                      Suite 1101
                                      Wilmington, Delaware  19801
                                      (302) 252-0920

Dated: May 29, 2018                    *Attorney for Estate of P. Kevin Turner*