McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
(973) 993-8100
Attorneys for Non-Parties, Cambridge Capital Group, LLC,
Cambridge Capital Advisors, LLC, Cambridge Capital Partners, LP,
Cambridge Capital Group Equity Option Opportunities, LP,
Cambridge Capital Holdings, Cambridge Capital Funding, Inc.,
Gail Milon and Phillip Timothy Howard

| | |
|---|---|
| **IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION,** | **UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA** |
| **Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,** | **Civil Action No.:  2:12-md-02323-AB** |
| **Plaintiffs,** | **CERTIFICATION OF JOHN P. LEONARD, ESQ.** |
| **vs.** | |
| **National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,** | |
| **Defendants.** | |

I, John P. Leonard, Esq., of full age, certify as follows:

1.       I am an attorney admitted to practice in the State of New Jersey and am a member

of the law firm of McElroy, Deutsch & Mulvaney, LLP, attorneys for Non-Parties, Cambridge

Capital Group, LLC, Cambridge Capital Advisors, LLC, Cambridge Capital Partners, LP,

Cambridge Capital Group Equity Option Opportunities, LP, Cambridge Capital Holdings,

Cambridge Capital Funding, Inc., and Gail Milon (collectively, "Cambridge") and Phillip

Timothy Howard ("Howard").  I am one of the attorneys overseeing this matter on behalf of Cambridge and Howard.

2.      Attached as Exhibit A is a true and accurate copy of correspondence dated May 22, 2018, from Bill Bogan, Jr. of Bogan Public Management Co.

3.      Attached as Exhibit B is a true and accurate copy of the Declaration of Phillip Timothy Howard, dated June 4, 2018.

4.      Attached as Exhibit C is a true and accurate copy of the Declaration of Gail Milon, dated June 4, 2018.

5.      Attached as Exhibit D is a true and accurate copy of electronic correspondence dated October 3, 2017.

6.      Attached as Exhibit E is a true and accurate copy of electronic correspondence dated March 7, 2018.

7.      Attached as Exhibit F is a true and accurate copy of correspondence dated March 27, 2018.

8.      Attached as Exhibit G is a true and accurate copy of electronic correspondence dated March 29, 2018.

I hereby certify that the following statements made by me are true.  I am aware that if any of the foregoing is willfully false, I am subject to punishment.


_____
        /s/ John P. Leonard
        JOHN P. LEONARD


Dated: June 4, 2018

# EXHIBIT A TO THE LEONARD CERTIFICATION – BOGAN LETTER DATED MAY 22, 2018



May 22, 2018

Honorable Anita B. Brody
Eastern District of Pennsylvania
United States District Court

RE:  Audit Status on Cambridge Capital

My audit client, Cambridge Capital requested that I provide you an estimate as to when the
financial audit for the last quarter on 2015and the year 2016 and 2017 would be completed.  At
this time, we expect to complete the audit by July 31, 2018.

Additionally, Cambridge capital has engaged my firm to perform the following agreed upon
procedures.  I have been asked to review all documents related to retirement monies that
Cambridge Entities have received from Class Members (retired NFL Players); regarding the
complete accounting of all retirement funds provided to Cambridge Entities by each Class
Member as well as any other financial activity of these members.

At this time, the above items are being addressed.  As a result, we expect to complete both
activities by July 31,2018.  Please contact me at the information below if you have any questions
and or concerns regarding this matter. Thank you for the opportunity to serve you.

Sincerely,

*Bill Bogan*

Bill Bogan CPA, CGFO, CPFO

*This document is intended only for the use of those addressed in this letter any other
use in prohibited.*

P.O. Box Tallahassee, FL 32317
850.933.4559 ph 850.553.3383 fax
boganpm@comcast.net

# EXHIBIT B TO THE LEONARD CERTIFICATION – DECLARATION OF PHILLIP TIMOTHY HOWARD DATED JUNE 4, 2018

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION,<br><br>Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br><div align="center">Plaintiffs,</div><br><div align="center">vs.</div><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br><div align="center">Defendants.</div> | No.: 2:12-md-02323-AB<br><br>MDL No. 2323 |

**DECLARATION OF PHILLIP TIMOTHY HOWARD, ESQ. IN OPPOSITION TO CO-LEAD COUNSEL'S MOTION FOR SANCTIONS AND OTHER RELIEF
[DOCKET ENTRY No. 9974]**

Pursuant to 28 *U.S.C.* § 1746, I declare as follows:

1.     I have been an attorney at law in the State of Florida for more than 30 years.  I am the managing partner of Howard & Associates, PC, a law firm I founded in 1995 following my nearly 9 years of service as an Assistant Attorney General, Special Counsel for the State Courts Administrator for the Florida Supreme Court, and Senior Attorney for the State of Florida.  My firm is dedicated to the representation of clients seeking justice against tobacco companies and other entities.

2.     My law firm currently represents approximately 250 former NFL players and settlement class members in the above captioned litigation.

3.      While practicing law, I began graduate studies at Northeastern University in Boston, Massachusetts and I received a Ph.D. in Law, Policy and Society therefrom in 2005. In an effort to advance the practice of global engagement though education, an endeavor reflective of Northeastern's educational mission, I became a driving force in the establishment and founding of Cambridge Graduate University International in 2011 ("Cambridge Graduate University").

4.      Cambridge Graduate University is an educational institution which seeks to inform and uplift its graduate students through a cohort-based course of study devoted to the global application of practical leadership and stewardship principles.

5.      After realizing the positive impact of Cambridge Graduate University on its students and their respective communities, my academic colleagues and I began to look for other avenues by which to empower and elevate leaders in underserved communities across the globe.

6.      In early 2015, Cambridge Graduate University explored creating an investment fund to apply those ideals.  Cambridge Capital Group, LLC, was created out of this effort to serve as a small, private investment fund.  To afford stability and profitability to the fund's participants, loan and advance portfolios were added.

7.      As the Court is well aware, third party funding entities and their instruments are commonplace in the mass torts litigation community.  The non-recourse loans and advances they typically make available afford plaintiffs and their families with the ability to endure the often lengthy process of complex litigations until anticipated settlements or awards can be funded and realized.

8.      Although I served as its titular president for a period of time, Cambridge Capital Group and its actions were directed by members of its Global Investment Advisory Team and the

Team's consultant, Donald Reinhard.  With the belief that it was seeking, researching and making sound investments, based upon the representation of Mr. Reinhard, I became Cambridge Capital Group's largest investor.

9.      As Cambridge Capital Group began to make investments, Mr. Reinhard took a more active role in its activities and began to amass certain authority over its operation and dealings.

10.      In February 2017, Mr. Reinhard was discharged and left his position with Cambridge Capital Group when he was charged with certain crimes by the State of Florida arising from his activities with a minor.  My law firm and I fully cooperated with law enforcement authorities in their investigation of Mr. Reinhard's criminal activities.  Perhaps as a result of such cooperation, Mr. Reinhard has since embarked on a tireless campaign to disparage me and impugn my reputation while simultaneously attempting to form a new purported investment fund during his ongoing incarceration.

11.      As Cambridge Capital Group grew, the demands of my legal practice - which included my representation of settlement class members - began to concomitantly increase.  So as to ensure that I was devoting the necessary attention to my professional duties, in August 2017, I sought guidance from the Florida Bar regarding the advisability of continuing in my role with Cambridge Capital Group.  Attached hereto as **Exhibit A** is a true and accurate copy of my August 24, 2017 correspondence to the Florida Bar.

12.      When I received a resulting response from the Florida Bar suggesting that I discontinue my involvement with Cambridge Capital Group, I undertook the necessary steps to formally disassociate myself.  Presently, I hold no position with or equity interest in Cambridge Capital Group.

13.    Unbeknownst to me at the time of his February 2017 departure from Cambridge Capital Group, it appears that Mr. Reinhard - or others at his direction - removed certain original accounting and bookkeeping records concerning its operation, investments and activities. Upon information and belief, the absence of such records has impacted Cambridge Capital Group's ability to accurately account for the status of certain funds and investments.

14.    Appreciating the need to be able to accurately advise investors concerning the nature and size of their investments, Cambridge Capital Group retained an outside management company, Bogan Public Management, and its principal, Bill Bogan, Jr., a Certified Public Accountant (collectively, "Bogan"), to perform a financial audit and review all documents related to retirement monies received by Cambridge Capital from settlement class members. *See* **Exhibit A to Leonard Declaration**.

15.    It is my understanding that Bogan has undertaken significant efforts to discover and account for Cambridge Capital Group's financial activities and that Bogan will be able to produce an accounting by no later than July 31, 2018. *See* **Exhibit A to Leonard Declaration**, *supra*.

16.    Pursuant to the Court's July 19, 2017 Order, Co-Lead Counsel Christopher Seeger propounded a single set of interrogatories upon me and my law firm on August 10, 2017 ("Interrogatories"). The Interrogatories seek certain information concerning retired NFL players and the settlement of the above captioned litigation. On that same date, Mr. Seeger propounded substantially identical interrogatories and attendant requests for the production of documents upon Cambridge Capital Group, me and other individuals.

17.    On August 25, 2017, I provided reasoned objections and substantive responses to each of the Interrogatories directed to me and my law firm. (ECF 8371, Exh. G).

18.    On August 24, 2017, by and through its then-counsel, Martin Black, Esq., Cambridge Capital and individuals - a group to which I was named - responded to the interrogatories and document demands directed to it and raised certain objections concerning the form and nature of the discovery instruments.  (ECF 8371, Ex. H).

19.    Mr. Seeger was dissatisfied with these responses and, as a result, on September 13, 2017, I provided Mr. Seeger with a substantive supplement to my August 25, 2017 Interrogatory responses and invited him to confer so that we could work collaboratively to achieve his presumed discovery goals.  (ECF 8373).

20.    By its February 20, 2018 Order, the Court directed that I produce "[a]ll documents related to retirement monies that [defined Cambridge Entities] has received from Class Members; and [t]he complete accounting of all retirement funds provided to [defined] Cambridge Entities by each Class Member."  (ECF 9750).

21.    As has been previously expressed to Mr. Seeger, I understand that Cambridge Capital Group stands ready to produce any relevant accounting records.  As I am no longer an officer or owner of Cambridge Capital Group, I am not in possession of any such accounting records.

22.    During my time at Cambridge Capital Group, I did not engage in self-help or in any self-help related activities.

23.    In light of the fact that I have complied with the discovery demands propounded upon me by Mr. Seeger to the best of my current ability, I respectfully request that the Motion for Sanctions and other relief sought against me be denied in its entirety.  I stand ready to continue to fully cooperate with Mr. Seeger and to produce any additional relevant information upon my receipt of same.

3599454-1

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the date below.

PHILLIP TIMOTHY HOWARD

DATE:        June _4_, 2018

3599454-1

# EXHIBIT A TO DECLARATION OF PHILLIP TIMOTHY HOWARD DATED JUNE 4, 2018



HOWARD JUSTICE    RECEIVED

**Howard & Associates**
**Attorneys at Law, P.A.**
Dr. Tim Howard, J.D., Ph.D., Senior Partner*
Florida Supreme Court Certified Mediator

AUG 2 8 2017

THE FLORIDA BAR

Tallahassee Office:
2120 Killarney Way, Suite 125
Tallahassee, Florida 32309
Ph (850) 298-4455; Fax (850) 216-2587
Tim@howardjustice.com

Fort Lauderdale Office:
101 NE Third Ave., Suite 1500
Fort Lauderdale, Florida 33301
(954) 332-3633
www.howardjustice.com

Jacksonville Office:
Riverplace Tower, 21st Floor
1301 Riverplace Boulevard
Jacksonville Florida 32210
(850) 298-4455

Cambridge Office:
8 Museum Way
Suite 2408
Cambridge, Massachusetts 02141
(857) 277-0990

August 24, 2017

The Florida Bar
651 East Jefferson Street
Tallahassee, Florida 32399-2300
(850) 561-5845

Re:    Clarity on Compliance with Conflict of Interest Rules Regulating the Florida Bar.

Dear Florida Bar:

This letter is seeking clarity on compliance with the law firm's understanding in managing any potential client conflict of interest. The senior partner in the law firm is an investor in a private investment fund that has offices in a distinct part of the same building, with a distinct address and location. The law firm has over 1,700 clients. A very small number of those clients, approximately 25, have either borrowed from or invested into the private investment fund. In 2015, the law firm researched Rule 4-1.7 and 4-5.7, Attachment A, to ensure compliance with Conflict of Interest regulations.

The law firm does not refer nor suggest that its clients invest in or borrow from any particular private investment fund. Moreover, starting in 2015, the year the law firm first invested into this private investment fund, the law firm has provided a conflict of interest waiver for any of its clients that chooses to invest or borrow from the private investment fund that the senior partner has invested into. This is done in order to ensure that there is full and complete transparency and notice to any client that chooses to invest in this private investment fund. *See* Attachment B, Notice of Express Waiver of Conflict and Liability. Finally, the law firm provides notice of Florida Bar rules and regulations pertaining to letters of protection involving any funding from this private investment company and the priority and obligations to the client. *See* Attachment C, Lien Notice from Lender.

Are there any additional steps that the law firm can or should take to further ensure that it complies with all Florida Bar conflict of interest regulations? Thank you for your review and guidance.

Sincerely yours,

Tim Howard, J.D., Ph.D.
2120 Killarney Way, Suite 125
Tallahassee, FL 32309
(850) 298-4455; tim@howardjustice.com

cc:  file

*Admitted to practice in Florida, the District of Columbia, Northern, Middle, and Southern United States District Courts of Florida, the United States Court of Appeals for the 11th Circuit, and the United States Supreme Court. Ph.D, Northeastern University, Law, Policy & Society. Former Visiting Health Law, Bioethics, and Human Rights Scholar and Constitutional Law, Media & Politics and Judicial Process Instructor at Boston University. Former Director of and Professor with Northeastern University's Law & Policy Doctorate Program. President of Cambridge Graduate University International.

# EXHIBIT C TO THE LEONARD CERTIFICATION – DECLARATION OF GAIL MILON DATED JUNE 4, 2018

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, | UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated, | Civil Action No.: 2:12-md-02323-AB |
| Plaintiffs, | |
| vs. | |
| National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., | |
| Defendants. | |

DECLARATION OF GAIL MILON IN OPPOSITION TO
CO-LEAD COUNSEL'S MOTION FOR SANCTIONS AND OTHER RELIEF
[DOCKET ENTRY No. 9974]

Pursuant to 28 U.S.C. § 1746, I declare as follows:

1.      I am the Managing Vice President of Cambridge Capital Group, LLC

("Cambridge").

2.      Upon information and belief, on August 24, 2017, Martin Black, Esq.

("Black"), then-counsel for the Cambridge Entities, provided a response to the discovery

demands propounded by Class Counsel on the Cambridge Entities.  (ECF 8371, Exh. H).

3.      On March 1, 2018, on behalf of the Cambridge Entities, I produced

numerous accounting documents relative to funds provided to the Cambridge Entities by NFL Retired Players as well as approximately 600 pages including but not limited to payment summaries, documents from Millennium Trust Company ("Millennium"), relevant Subscription Agreement and Power of Attorney documents and files for five (5) NFL Retired Players. (ECF 9778-2).

4.      On March 2, 2018, I produced files for an additional five (5) NFL Retired Players. (ECF 9778-5).

5.      On March 7, 2018, I produced supplemental documents from the file of one of the NFL Retired Players. See Exhibit E to the Leonard Cert.

6.      On March 27, 2018, I wrote to Class Counsel and provided additional information regarding the audit, the non-qualified funds of the NFL Retired Players, Millennium's role with regard to the recordkeeping, and attached the Private Offering Memorandum for Cambridge Capital Partners, LP. See Exhibit F to the Leonard Cert.

7.      On March 29, 2018, I wrote to the Court and Class Counsel to provide additional updates regarding the litigation and compliance with the Court's Order to produce relevant documents and information. Also, I provided background information as to the management of the fund and, in particular, Donald Reinhard's involvement with the fund, the impact of his involvement on the completeness and accuracy of the fund documentation, and resulting difficulty experienced by Cambridge Capital Group, LLC with regard to the re-creation and automation of the fund documentation relative to compliance with the discovery demands. (ECF 9974, Exh. 1). I also produced the following documents: the Limited Partnership Agreement for Cambridge Capital Partners

(CCP), the Limited Partnership Agreement for Cambridge Capital Group (CCGEOO); the Investment Management Services Agreement for CCP; the Investment Management Services Agreement for CCGEOO, the ADV filing with FINRA and Letter to Judge Brody. See Exhibit G to the Leonard Cert.

8.      I have also communicated on several occasions with Class Counsel and the Court regarding the following: clarification as to documents already produced, additional information requested by Class Counsel, updates regarding Cambridge's ongoing compliance with the Order dated February 20, 2018, and the numerous difficulties faced with providing the accounting of the fund given the incomplete and/or inaccurate fund documentation which appears to be the result of previous management practices.

9.      Additionally, with regard to the production of a complete accounting of all retirement funds provided to the Cambridge Entities by the class members as required by the February 20, 2018, Order, I previously communicated to Class Counsel that Cambridge retained an outside Certified Public Accountant, Bill Bogan, Jr. of Bogan Public Management Co., to perform an audit of the fund and provide the accounting requested. Mr. Bogan has indicated that the audit should be completed by July 31, 2018. See Exhibit A to the Leonard Cert. I will forward the accounting documentation upon receipt of same.

10.     Additionally, in an effort to demonstrate Cambridge's good faith efforts to comply with the Court's directives and willingness to provide responsive information, I voluntarily participated in the April 2, 2018, hearing on behalf of Cambridge. (ECF 9850).

11.     I am not aware of any self-help measures undertaken by Cambridge at any time and believe that Cambridge is in compliance with the Court's Order dated December 8, 2017. I have also not undertaken any self-help measures on behalf of Cambridge in that regard.

12.     Furthermore, it is my understanding that Black responded to Class Counsel's inquiries as to whether the Cambridge Entities engaged in self-help and stated that the Cambridge Entities had neither engaged in self-help nor taken ownership over retirement accounts to offset monies the Cambridge Entities had advanced to NFL Retired Players. (ECF 9578, Exhs. E and F).

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the date below.

GAIL MILON

DATE:      June 4, 2018

4

# EXHIBIT D TO THE LEONARD CERTIFICATION – ELECTRONIC CORRESPONDENCE DATED OCTOBER 3, 2017

**From:** Tim Howard <tim@howardjustice.com>
**Date:** October 3, 2017 at 5:25:33 PM EDT
**To:** TerriAnne Benedetto <tbenedetto@seegerweiss.com>, Chris Seeger
<CSeeger@seegerweiss.com>, Jaakan Williams <jaakan@howardjustice.com>
**Subject: Fwd: Fee Agreement Breakdown**

Dear Ms. Benedetto and Mr. Seeger,

Per your discovery request, and provision of non-attorney-client privilege documents, listed
below please find the breakdown of our retainer agreements, and the standard agreements that
we have for each category. If this is sufficient, please let us know. If you need us to copy and
scan each and every one, with names redacted, please let us know that as well, and we will begin
the process.

Thank you for your consideration, and as previously stated, we are ready to provide appropriate
clarifying declarations to our clients when you are ready to discuss.

*Tim Howard*

Professor Tim Howard, J.D., Ph.D.
Howard & Associates, P.A.



Tallahassee, Florida Office:
2120 Killarney Way, Suite 125
Tallahassee, FL 32309
(850) 298-4455 (o)
(850) 216-2537 (f)
Law Firm Website:  www.howardjustice.com
tim@howardjustice.com

1

Fort Lauderdale, Florida Office:
101 NE Third Ave., Ste. 1500
Fort Lauderdale, Florida 33301
(954) 332-3633 (o)

Jacksonville, Florida Office:
Riverplace Tower, Suite 2101
1301 Riverplace Blvd.
Jacksonville, FL  32207

Cambridge, Massachusetts Office:
8 Museum Way, Suite 2407
Cambridge, MA 02141
(617) 373-6076

President, Cambridge Graduate University International
One Broad Street, 14th Floor
Cambridge, Massachusetts  02142
(877) 645-6225 (6GLOBAL)
www.cguiedu.com
president@cguglobal.net
https://www.facebook.com/tim.howard.752861

PLEASE NOTE: This message, including any attachments, may include privileged or confidential information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited. If you are not the intended recipient, please notify the sender by replying to this message and delete it from your system.

---------- Forwarded message ----------
From: **Erin Murphy** <erin@howardjustice.com>
Date: Tue, Oct 3, 2017 at 5:00 PM
Subject: Fee Agreement Breakdown
To: Tim Howard <Tim@howardjustice.com>

Dr Howard,

 Below is a breakdown of our fee agreements :

12.5 - 1 person
15% - 13 people
20% - 209 people
25% - 56 people

I have attached the various fee agreements to this e-mail. If you have any questions please let me know.

--
Erin Murphy, NFL Case Coordinator
Howard and Associates, P.A.



www.howardjustice.com
Email: Erin@howardjustice.com

Tallahassee Office:
2120 Killarney Way, Ste. 125
Tallahassee, Florida 32309
Main Office:  (850) 298-4455
Fax:          (850) 216-2537

Fort Lauderdale Office:
101 NE Third Ave., Ste. 1500
Fort Lauderdale, Florida 33301
Office:       (954) 332-3633

Jacksonville Office:
Riverplace Tower
1301 Riverplace Blvd.
Jacksonville, FL  32207

# EXHIBIT E TO THE LEONARD CERTIFICATION – ELECTRONIC CORRESPONDENCE DATED MARCH 7, 2018

**Nevada office:**

59 Damonte Ranch Parkway

Suite B

Reno, Nevada  89521

**Tallahassee office:**

1400 Village Square Boulevard

Suite 3-268

Tallahassee, Florida  32312

---------- Forwarded message ----------
From: **Cambridge Capital** <info@cambridgecapitalgroup.holdings>
Date: Wed, Mar 7, 2018 at 3:03 PM
Subject: Joe Horn QDRO
To: TBenedetto@seegerweiss.com
Cc: cseeger@seegerweiss.com

Good Afternoon Ms. Benedetto,

Please add the attachment to Joseph Horn's file.

Best Regards,

*Gail Milon, CASL, CLTC*                                    Managing Vice

President                                **Cambridge Capital**

**Group**                          Email: info@cambridgecapitalgroup.holdings



Tallahassee Office:

2120 Killarney Way, Ste. 125

Tallahassee, Florida 32309

Main Office: (850) 298-4455 Ext. 109

Fax: (850) 765-8121

# EXHIBIT F TO THE LEONARD CERTIFICATION –CORRESPONDENCE DATED MARCH 27, 2018



March 27, 2018


Christopher A. Seeger
Seeger Weiss, LLP
55 Challenger Road
Ridgefield Park, NJ 07660

Re:   In re NFL Players' Concussion Injury Litigation, No. 12-md-2323-AB
      Cambridge Entities' Productions in response to District Court's February 20, 2018 Order

Dear Mr. Seeger:

I did not recall giving you a March 26, 2018 date to provide the additional information you requested.

The documents I provided you were from the accountant. If you look in the top left-hand corner of the spreadsheets provided, I received the spreadsheets less than eight (8) hours before I fed-ex the documents to you for a March 2, 2018 delivery. That did not give me enough time to review the documents. It is tax season and obtaining the documents during tax season was a task in itself. In my limited time to review the documents I made the corrections based on my review.

Documented below are the "Un Audited" funds I received from the Class Members:

| | | |
|---|---|---|
| IRA $249,950 | Non-Qualified | $137,000 |
| IRA $343,761.51 | | |
| IRA $ 29,328.82 | Non-Qualified | $ 49,940 |
| IRA $153,247 | | |
| IRA $619,111.95 | Non-Qualified | $160,000 |
| IRA $662,886 | | |
| IRA $ 76,957.44 | | |
| IRA $335,987.52 | | |
| IRA $336,453.14 | Non-Qualified | $ 50,000 |
| IRA $316,059.98 | Non-Qualifies | $ 75,000 |

I requested an audit before providing any information to investors. A forensic audit was later requested. The audit should be finalized in 8 weeks. The auditor is Bill Bogan, Jr. CPA, CGFO, CPFO of Bogan Public Management Company.

**3522 Thomasville Road, Suite 505, Tallahassee, FL 32309**
**850-591-4010    Fax 850-386-6399**
**info@cambridgecapitalgroup.holdings**



Millennium Trust Company is our third-party record keeper.  Qualified funds are forwarded to Millennium Trust to maintain its "qualified status" and subsequently forwarded to Cambridge Capital where the funds are disbursed into investments. Cambridge Capital Accounts are with Bank of America. No investment company have different investment funds for qualified versus non-qualified investments. The funds are "separated" via the record keeping process. That is the service Millennium Trust Company provides to Cambridge.  As stated earlier, Millennium Trust Company is our third-party record keeper. They report the information Cambridge provide them. I have no direct contact person at Millennium Trust Company. Millennium's contact number is 800-258-7878. Your "initial" request was for "qualified funds" invested with Cambridge.  Qualified funds flow through Millennium Trust Company. Non-Qualified funds flow through Bank of America. Due to time constraints, I was not able to separate the non-qualified funds. I called the accountant to get an answer regarding your "Split" question. He will get back with me.

The ten individuals provided are the only Class Members whose retirement funds were invested with Cambridge. The "others" including Donald Brady do not have qualified funds invested with Cambridge.

The funds are invested in litigation advances, travel advances, medical advances, real estate, technology and bridge loans based on my un-audited observation. I will provide a more accurate observation once the audit is finalized.

The Subscription agreement is the Limited Partnership Agreement. I will attach the Private Offering memorandum.

As for the accounting, once the audit is completed, I will provide you will all the financial information I receive. I do not have anything to report until the audit is finalized.

I hope I have answered your questions.  Please do not hesitate to contact me if something was omitted.

In addition, I do not have legal counsel and will not be present for the April 2, 2018 hearing.

Sincerely,

Gail Milon
Managing Vice President

**3522 Thomasville Road, Suite 505, Tallahassee, FL 32309**
**850-591-4010     Fax 850-386-6399**
**info@cambridgecapitalgroup.holdings**

# EXHIBIT G TO THE LEONARD CERTIFICATION – ELECTRONIC CORRESPONDENCE DATED MARCH 29, 2018

Tallahassee, Florida 32312


---------- Forwarded message ----------
From: **Cambridge Capital** <info@cambridgecapitalgroup.holdings>
Date: Fri, Mar 30, 2018 at 2:07 PM
Subject: Re: NFL - Status Report re Cambridge
To: TerriAnne Benedetto <TBenedetto@seegerweiss.com>
Cc: Chris Seeger <CSeeger@seegerweiss.com>


Good Afternoon Mr. Seeger and Ms. Benedetto,

I am requesting a call in number for the hearing scheduled for Monday, April 2, 2018 at 10:00 AM.

Please Advise.

Thank You!


Best Regards,
*Gail Milon, CASL, CLTC*                                              Managing Vice
President                                              **Cambridge Capital**
**Group**                                  Email: info@cambridgecapitalgroup.holdings



Tallahassee Office:

2120 Killarney Way, Ste. 125

Tallahassee, Florida 32309

Main Office: (850) 298-4455 Ext. 109

Fax: (850) 765-8121




On Thu, Mar 29, 2018 at 5:49 PM, Cambridge Capital <info@cambridgecapitalgroup.holdings> wrote:
Good Afternoon Mr. Seeger and Ms. Benedetto,

Attached are the following documents:

1. The Limited Partnership Agreement for Cambridge Capital Partners (CCP)
2. The Limited Partnership Agreement for Cambridge Capital Group (CCGEOO)
3. The Investment Management Services Agreement for CCP
4. The Investment Management Services Agreement for CCGEOO
5. The ADV filing with FINRA
6. Letter to Judge Brody

The Cambridge Private Offering Memorandum was dated March 1, 2015 however, outside of initial funding, the offering began in December of 2015. The auditor is auditing 2015 and 2016. There have been no audited year end financials. That is currently in the works.

Each entity is registered as a single member llc. Although titled limited partnerships, they are single member llcs. That will be confirmed upon completion of the audit.

My apologies for my "misinterpretation" of your request. As you stated: All documents related to retirement monies that Cambridge Entities  "has received from Class Members". The attached documents were not received from Class Members. I forwarded to you what was received from Class Members. I complied with the order based on my understanding.

I faxed the attached letter to Judge Brody this afternoon. The office clerk would not provide me with an e-mail address. Attached is your copy.


Best Regards,

*Gail Milon, CASL, CLTC*                                                    Managing Vice

President                                          **Cambridge Capital**

**Group**

Email: info@cambridgecapitalgroup.holdings



Tallahassee Office:

2120 Killarney Way, Ste. 125

Tallahassee, Florida 32309

Main Office: (850) 298-4455 Ext. 109

Fax: (850) 765-8121




On Wed, Mar 28, 2018 at 3:47 PM, TerriAnne Benedetto <TBenedetto@seegerweiss.com> wrote:

Dear Ms. Milon,

Attached please find a letter from Christopher Seeger.  Please note that you provided the March 26 date in your March 13 email.


Thank you,


TerriAnne Benedetto

Partner

Seeger Weiss LLP

1515 Market Street

Suite 1380

Philadelphia, PA 19102

(t) 215-564-2300

(d) 215-553-7981

(f) 215-851-8029


**From:** Cambridge Capital [mailto:info@cambridgecapitalgroup.holdings]
**Sent:** Tuesday, March 27, 2018 5:34 PM
**To:** TerriAnne Benedetto <TBenedetto@seegerweiss.com>
**Cc:** Chris Seeger <CSeeger@seegerweiss.com>
**Subject:** Re: NFL - Status Report re Cambridge


Good Afternoon Ms. Benedetto,


I was not aware I gave a March 26, 2018 date to respond to Mr. Seeger's questions.


Attached is my response with an additional attachment.

Best Regards,

*Gail Milon, CASL, CLTC*                                          Managing Vice

President                                          **Cambridge Capital**

**Group**                                          Email: info@cambridgecapitalgroup.holdings



Tallahassee Office:

2120 Killarney Way, Ste. 125

Tallahassee, Florida 32309

Main Office: (850) 298-4455 Ext. 109

Fax: (850) 765-8121

On Mon, Mar 26, 2018 at 4:50 PM, TerriAnne Benedetto <TBenedetto@seegerweiss.com>
wrote:

Dear Ms. Milon,

You had indicated that you would gather and provide by today, March 26, 2018, the additional
documents and information that were missing from Cambridge's prior production, as identified

and detailed in Christopher Seeger's March 7, 2018 letter.  We will be reporting to the Court tomorrow as to whether Cambridge responds by today and whether any response provided is sufficient.


The hearing remains scheduled for next Monday, April 2, 2018, at 10AM.


Thank you,


TerriAnne Benedetto

Partner

Seeger Weiss LLP

1515 Market Street

Suite 1380

Philadelphia, PA 19102

(t) 215-564-2300

(d) 215-553-7981

(f) 215-851-8029




**From:** TerriAnne Benedetto
**Sent:** Thursday, March 15, 2018 12:12 PM
**To:** 'info@cambridgecapitalgroup.holdings' <info@cambridgecapitalgroup.holdings>
**Cc:** Chris Seeger <CSeeger@seegerweiss.com>
**Subject:** FW: NFL - Status Report re Cambridge


Dear Ms. Milon,


Attached please find the Status Report with Exhibits that was filed today.  Please note that Exhibit A, which consists of the "accountings" you provided to us was not publicly filed and is

being provided only to the Court (Under Seal).  Also, the letter to you, which appears as Exhibit C, was filed in redacted form to protect the Class Members' identities.  We have relayed to the Court your request for a continuance.  If and when we receive a response from the Court, we will pass that information along to you.  When new counsel have been retained, please let us know.


Thank you,


TerriAnne Benedetto

Partner

Seeger Weiss LLP

1515 Market Street

Suite 1380

Philadelphia, PA 19102

(t) 215-564-2300

(d) 215-553-7981

(f) 215-851-8029