# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **Hon. Anita B. Brody** |

## ORDER

**AND NOW,** this _4th_ day of June, 2018, it is **ORDERED** that:

- The Alexander Objectors' Motion for Reconsideration/New Trial (ECF No. 9926) is **DENIED**.[1]

- The Alexander Objectors' Motion to Stay Enforcement of Attorneys' Fee Allocation Order (ECF No. 10022) is **DENIED**.

       s/Anita B. Brody

       _____
       ANITA B. BRODY, J.

---

[1] The Alexander Objectors bring their motion for "Reconsideration/New Trial" under Federal Rule of Civil Procedure 59(a)(1)(B) and Rule 59(e). Rule 59(a)(1)(B) only applies after a "nonjury trial," and is thus inapplicable. Rule 59(e) requires that the moving party must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The Alexander Objectors fail to meet this burden.

Copies **VIA ECF** on _____ to:		Copies **MAILED** on _____ to: