UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>Plaintiff's Master Administrative Long-Form Complaint and:<br><br>Plaintiff Joshua Gentry | **PETITION TO ESTABLISH ATTORNEY'S LIEN** |

Comes now Petitioner, COHEN & MALAD, LLP, pursuant to an executed Agreement for Legal Services and states as follows:

1. Petitioner is a law firm and undersigned is an attorney at law admitted to practice before the courts of Indiana, and file this Petition to establish a lien for attorney's fees as set forth hereinafter.

2. On or about April 1, 2017, Petitioner, COHEN & MALAD, LLP, was retained and employed by the Plaintiff, Joshua Gentry, pursuant to an agreement for legal services, to pursue a claim for injuries and damages allegedly caused by the National Football League's conduct associated with football-related concussions, head, and brain injuries.

3. The specifics of the agreement for legal services are as follows: If no recovery (by settlement or trial) is obtained, client will not owe a legal fee. If COHEN & MALAD, LLP obtains a settlement or judgment for Client, Client will pay to the Petitioner twenty-five percent (25 %) of the gross recovery plus reimbursement of expenses.

4. When Petitioners entered into contract with Plaintiff, Petitioners entered into the risk and expense of the litigation.

5. From the date the Petitioner was authorized to proceed on behalf of the Plaintiff, the Petitioner has actively and diligently investigated, prepared, and pursued Plaintiff's claims, and has taken all steps necessary to prosecute those claims, including, but not limited to, correspondence and communications with the client, preparation and review of client's factual and legal circumstances, providing client updates, analyzing Plaintiff's medical status and need for medical testing, etc.

6. Petitioner believes that other competing Lien payments, including but not limited to those for medical expenses and services, other attorney's fees and/or costs, child support, unpaid taxes, and judgment debts, may interfere with recovery of his or her attorney's fees and/or costs.

7. Petitioner was not terminated due to any malfeasance or other improper action.

8. Pursuant to this Court's order, however, attorney's fees have been capped at twenty-two percent (22%).

9. The Petitioner claims the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiff in this action.

WHEREFORE, the Petitioner pray:

1. That an attorney's lien be established;
2. That the amount of the lien be determined;
3. That the Court order that Petitioner be entitled to enforce an attorney's lien against the proceeds to be derived from any settlement or judgment in this action;
4. That the Defendant or the Defendant's insurer be prohibited from paying to the Plaintiff any sums of money until said lien has been satisfied; and
5. For such other further relief as this Court deems just.

Dated: June 6, 2018.

>Respectfully submitted,
>
>COHEN & MALAD, LLP
>
>By: /s/ *Daniel S. Chamberlain*
>    Daniel S. Chamberlain
>    State Bar No. 16375-49
>    One Indiana Square, Ste. 1400
>    Indianapolis, IN 46204
>    Tel. (317) 636-6481
>    Fax. (317) 636-293
>    dchamberlain@cohenandmalad.com
>    **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    I hereby certify that I caused the foregoing Notice of Attorney's Lien to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the litigation.

Dated: June 6, 2018.

>/s/ *Daniel S. Chamberlain*
>Daniel S. Chamberlain

## ATTORNEY-CLIENT FEE AGREEMENT

This agreement is entered into on and as of the date set forth below, between Joshua Gentry and Maggie Gentry, 12643 Malcombe Street, Carmel, Indiana 46032, ("**CLIENT**"), and Daniel S. Chamberlain and Cohen & Malad, LLP, One Indiana Square, Suite 1400, Indianapolis, Indiana and Ryan L. Leitch and Riley Bennett Egloff LLP, 141 E. Washington St., Fourth Floor Indianapolis, Indiana (collectively "**ATTORNEYS**").

1. **NFL Case:** CLIENT retain and employ **ATTORNEYS** to represent him and to prosecute a claim pursuant to the National Football League (NFL) class action litigation (hereinafter, NFL CASE) involving traumatic brain injury. It is understood that the NFL CASE is an ongoing, 65 year settlement and that legal representation will continue indefinitely and will cease upon notice from **CLIENT** or **ATTORNEYS**. It is further understood that **ATTORNEYS** will not pursue any claims against the National Collegiate Athletic Association or any helmet manufacturer, including Riddell or any of its subsidiaries.

2. **Attorneys' Fees:** CLIENT agrees to compensate **ATTORNEYS** on a contingency fee basis. **CLIENT** agrees that the amount of **ATTORNEYS'** contingency fee will be: twenty-five percent (25%) of any recovery from or through the NFL CASE. These percentages are applied against the total recovery obtained (i.e. the gross amount) before deducting any amounts for the reimbursement of expenses incurred during your case. The total recovery will include fees and expenses that are awarded by the court or negotiated with the defendants and paid under any applicable contractual or statutory fee shifting provisions. In the event that a settlement provides that payments shall be made to **CLIENT** over time, including structured settlements and annuities, then attorneys' fees will be calculated based upon the present cash value of the entire settlement.

3. **Associate Counsel:** CLIENT acknowledges and agrees to Daniel S. Chamberlain and Cohen & Malad, LLP and Ryan L. Leitch and Riley Bennett Egloff, LLP acting as his counsel and jointly participating in the representation, with Cohen & Malad, LLP appearing or acting as lead counsel as to the submission and handling of any claims in the NFL Case. **CLIENT** further agrees that Daniel S. Chamberlain and Cohen & Malad, LLP and Ryan L. Leitch and Riley Bennett Egloff, LLP may share the attorneys' fees in this case. The total attorneys' fees set forth in ¶ 2, above, will be divided between the two firms as follows: 50% to Daniel S. Chamberlain and Cohen & Malad, LLP; and 50% to Ryan L. Leitch and Riley Bennett Egloff, LLP. The attorneys' fees owed by **CLIENT** to **ATTORNEYS** under this Agreement will not increase because there are two law firms involved in the representation.

4. **Expenses:** In addition to compensation for Attorneys' fees, **CLIENT** agrees that he is responsible for and will reimburse **ATTORNEYS** from the proceeds of any recovery for all expenses incurred, including but not limited to, filing fees, copying, deposition costs, travel expenses (including mileage), fax charges, communication charges, postage, delivery fees, electronic research charges, investigative expenses, costs of obtaining medical records and bills, physician report fees, expert and other consultant fees, including legal and consultant expenses incurred to handle probate or trusts and estates matters ancillary to the litigation, and any other expenses necessary for **ATTORNEYS'** representation during your case, all of which shall be advanced and paid by Cohen & Malad, LLP. If there is no recovery obtained in their case, then **CLIENT** will not be responsible for reimbursing **ATTORNEYS** for any expenses incurred.

5. **Local counsel:** In the event that it becomes necessary for local counsel to be retained in order to prosecute your action, **CLIENT** acknowledges and agrees that **ATTORNEYS** shall be empowered to retain local counsel and agrees that such **ATTORNEYS** may act on behalf of **CLIENT**. In the event that local counsel is retained, local counsel will also assume joint responsibility for the representation of **CLIENT** along with **ATTORNEYS**. The retention and involvement of local counsel in your case will not result in any increase in the amount of attorneys' fees owed under ¶ 2, above. Expenses incurred by local counsel shall be included and reimbursed by **CLIENT** in the same manner as those incurred by **ATTORNEYS** under ¶ 4, above.

6. **Liens and Medical Expenses:** It is expressly understood and agreed by **CLIENT** that he will ultimately be responsible for the payment of any outstanding medical bills, liens, subrogation

claims, or other asserted rights of reimbursement related to his case. Current law and regulations regarding Medicare, Medicaid, private health insurance plans ("healthcare providers"), and other types of insurance coverage and agreements may require the party involved in this matter to compromise, settle, or execute a release of his separate claims, liens or otherwise asserted rights of reimbursement prior to distributing funds from any verdict or settlement proceeds. **CLIENT** hereby authorizes **ATTORNEYS** to take all steps advisable for the handling of these types of claims, including negotiating the resolution of these claims and hiring experts or consultants who may assist with resolving these types of claims and liens. Expenses incurred with negotiating and resolving these types of claims on behalf of **CLIENT** shall be treated as additional case expenses and will be deducted from your net recovery and shall not be paid out of Attorneys' fees in this matter.

7. **Settlement Offers**: **ATTORNEYS** will communicate settlement offers to the **CLIENT** and no settlement will be made without the **CLIENT'S** agreement. In the event that **ATTORNEYS** recommend to **CLIENT** that they accept a settlement offer and **CLIENT** rejects that offer, **ATTORNEYS**, may, at their discretion, require **CLIENT** to advance all future case costs.

8. **Cooperation of Client**: **CLIENT** agrees to: provide **ATTORNEYS** with any changes of address, telephone numbers, or health insurance coverage; to continually update **ATTORNEYS** and their staff as to current medical treatment, outstanding bills and liens; to inform them of any applications made seeking Social Security Disability benefits, state or federal government benefits including Medicare, Medicaid, or other benefit plans providing health or disability benefits; and to inform them of any pending or actual bankruptcy proceedings that have been filed on his behalf. **CLIENT** acknowledges and agrees that he is required to and shall cooperate with all reasonable requests of **ATTORNEYS** in connection with the investigation, preparation, presentation, and litigation of any claim.

9. **Withdrawals**: **CLIENT** understands that **ATTORNEYS** reserve the right, within the requirements of the law and the Rules of Professional Conduct, to withdraw their representation of **CLIENT** if **CLIENT** fails to cooperate in the representation or if, in **ATTORNEYS'** sole discretion and opinion, there is an insufficient legal, factual, or practical basis to continue pursuit of any claim. **ATTORNEYS** may also withdraw, if they determine that the facts are different from those that **CLIENT** has represented to them.  In the event that **ATTORNEYS** withdraw their representation of **CLIENT**, **CLIENT** remains responsible for the fees and expenses incurred by that time.  It is also agreed that **ATTORNEYS** may withdraw should **CLIENT** apply for advanced legal funding.

10. **Termination of our Representation**: In the event that **CLIENT** chooses to terminate **ATTORNEYS'** representation at the time of a pending settlement offer, **CLIENT** agrees that **ATTORNEYS** shall retain a lien and shall be compensated based on the amount of the then pending settlement offer, **ATTORNEYS'** compensation to be calculated consistent with this Agreement.  In the event that **CLIENT** chooses to terminate **ATTORNEYS'** representation prior to the resolution of their case at any other time by hiring a different lawyer, **ATTORNEYS'** efforts up to the point of termination will be compensated on the following basis and the greater amount resulting from the use of the two alternative formulas shall be the compensation due to **ATTORNEYS** for their efforts on **CLIENT'S** case:

    a. The number of hours expended by **ATTORNEYS** under this Agreement (including paralegal time) will be compared with the number of hours expended by **CLIENT'S** new attorneys.  The total attorneys' fees due at the conclusion of the case will be divided between **ATTORNEYS** and **CLIENT'S** new attorneys proportionately; or

    b. The compensation for **ATTORNEYS'** hours spent on the case (including paralegal time) at their standard hourly rates, as follows:  (i) the standard hourly rates for work performed by **ATTORNEYS** range from $350.00 to $500.00 per hour; (ii) the standard hourly rates for work performed by paralegals range from $110.00 to $150.00 per hour.

11. **No result has been guaranteed**: No representation has been made by **ATTORNEYS** to **CLIENT** as to what amount, if any, **CLIENT** may be able to recover in this case and no result has been guaranteed.

12. **General Provisions**:  This Agreement shall be governed by and interpreted in accordance with the laws of the State of Indiana.  Any disputes or claims between the parties shall be brought and maintained in Marion County, Indiana, and **CLIENT** and **ATTORNEYS** mutually consent to

{01262713- }

2

the exclusive jurisdiction and venue of the Marion County, Indiana, Circuit and Superior Courts. This Agreement constitutes the entire and only agreement of the parties.

The undersigned **CLIENT** hereby certifies and acknowledges that each has read and received a copy of this Agreement and understands its provisions.

SIGNED AND ACCEPTED THIS ___14th___ day of ___February___, 2017.

_____  _____
**JOSHUA GENTRY**              **MAGGIE GENTRY**


**DANIEL S. CHAMBERLAIN/**
**COHEN & MALAD, LLP**

By: _____


**RYAN L. LEITCH /**
**RILEY BENNETT EGLOFF LLP**

By: _____

{01262713-}

3