# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>Plaintiff's Master Administrative Long-Form Complaint and:<br><br>Plaintiff David W. McRoberts, Individually and as Personal Representative for the Estate of Robert A. McRoberts, Deceased. | **PETITION TO ESTABLISH ATTORNEY'S LIEN** |

Comes now Petitioner, COHEN & MALAD, LLP, pursuant to an executed Agreement for Legal Services and states as follows:

1. Petitioner is a law firm and undersigned is an attorney at law admitted to practice before the courts of Indiana, and file this Petition to establish a lien for attorney's fees as set forth hereinafter.

2. On or about December 26, 2017, Petitioner, COHEN & MALAD, LLP, was retained and employed by the Plaintiff, David W. McRoberts, pursuant to an agreement for legal services, to pursue a claim for injuries and damages allegedly caused by the National Football League's conduct associated with football-related concussions, head, and brain injuries.

3. The specifics of the agreement for legal services are as follows: If no recovery (by settlement or trial) is obtained, client will not owe a legal fee. If COHEN & MALAD, LLP obtains a settlement or judgment for Client, Client will pay to the Petitioner one third (33 1/3%) of the gross recovery plus reimbursement of expenses.

4. When Petitioners entered into contract with Plaintiff, Petitioners entered into the risk and expense of the litigation.

5. From the date the Petitioner was authorized to proceed on behalf of the Plaintiff, the Petitioner has actively and diligently investigated, prepared, and pursued Plaintiff's claims, and has taken all steps necessary to prosecute those claims, including, but not limited to, correspondence and communications with the client, preparation and review of client's factual and legal circumstances, providing client updates, analyzing Plaintiff's medical status and need for medical testing, etc.

6. Petitioner believes that other competing Lien payments, including but not limited to those for medical expenses and services, other attorney's fees and/or costs, child support, unpaid taxes, and judgment debts, may interfere with recovery of his or her attorney's fees and/or costs.

7. Petitioner was not terminated due to any malfeasance or other improper action.

8. Pursuant to this Court's order, however, attorney's fees have been capped at twenty-two percent (22%).

9. The Petitioner claims the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiff in this action.

WHEREFORE, the Petitioner pray:

1. That an attorney's lien be established;

2. That the amount of the lien be determined;

3. That the Court order that Petitioner be entitled to enforce an attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

4. That the Defendant or the Defendant's insurer be prohibited from paying to the Plaintiff any sums of money until said lien has been satisfied; and

5. For such other further relief as this Court deems just.

Dated: June 6, 2018.

                               Respectfully submitted,

                               COHEN & MALAD, LLP

                    By: */s/ Daniel S. Chamberlain*
                          Daniel S. Chamberlain
                          State Bar No. 16375-49
                          One Indiana Square, Ste. 1400
                          Indianapolis, IN 46204
                          Tel. (317) 636-6481
                          Fax. (317) 636-293
                          dchamberlain@cohenandmalad.com
                          **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that I caused the foregoing Notice of Attorney's Lien to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the litigation.

Dated: June 6, 2018.

                                  */s/ Daniel S. Chamberlain*
                                  Daniel S. Chamberlain

## ATTORNEY-CLIENT FEE AGREEMENT

This agreement is entered into this __26__ day of __December__, 2017, between David McRoberts, (collectively "**CLIENTS**"), and Daniel S. Chamberlain and Cohen & Malad, LLP, One Indiana Square, Suite 1400, Indianapolis, Indiana (collectively "**ATTORNEYS**").

1. **NFL Case:** CLIENTS retain and employ ATTORNEYS to represent them and to prosecute a claim pursuant to the National Football League (NFL) class action litigation (hereinafter, NFL CASE) involving traumatic brain injury. It is understood that the NFL CASE is an ongoing, 65 year settlement and that legal representation will continue indefinitely and will cease upon notice from CLIENTS or ATTORNEYS. It is further understood that ATTORNEYS will not pursue any claims against the National Collegiate Athletic Association or any helmet manufacturer, including Riddell or any of its subsidiaries.

2. **Attorneys' Fees:** CLIENTS agree to compensate ATTORNEYS on a contingency fee basis. CLIENTS agree that the amount of ATTORNEYS' contingency fee will be: thirty-three and one third percent (33 1/3%) of any recovery or forty percent (40%) of any recovery obtained by way of an appeal of the NFL CASE. These percentages are applied against the total recovery obtained (i.e. the gross amount) before deducting any amounts for the reimbursement of expenses incurred during your case. The total recovery will include fees and expenses that are awarded by the court or negotiated with the defendants and paid under any applicable contractual or statutory fee shifting provisions. In the event that a settlement provides that payments shall be made to CLIENTS over time, including structured settlements and annuities, then attorneys' fees will be calculated based upon the present cash value of the entire settlement.

3. **Expenses:** In addition to compensation for Attorneys' fees, CLIENTS agree that they are responsible for and will reimburse ATTORNEYS from the proceeds of any recovery for all expenses incurred, including but not limited to, filing fees, copying, deposition costs, travel expenses (including mileage), fax charges, communication charges, postage, delivery fees, electronic research charges, investigative expenses, costs of obtaining medical records and bills, physician report fees, expert and other consultant fees, including legal and consultant expenses incurred to handle probate or trusts and estates matters ancillary to the litigation, and any other expenses necessary for ATTORNEYS' representation during your case. If there is no recovery obtained in their case, then CLIENTS will not be responsible for reimbursing ATTORNEYS for any expenses incurred.

4. **Local counsel:** In the event that it becomes necessary for local counsel to be retained in order to prosecute your action, CLIENTS acknowledge and agree that ATTORNEYS shall be empowered to retain local counsel and agree that such ATTORNEYS may act on behalf of CLIENTS. In the event that local counsel is retained, local counsel will also assume joint responsibility for the representation of CLIENTS along with ATTORNEYS. The retention and involvement of local counsel in your case will not result in any increase in the amount of attorneys' fees owed under ¶ 2, above. Expenses incurred by local counsel shall be included and reimbursed by CLIENTS in the same manner as those incurred by ATTORNEYS under ¶ 4, above.

5. **Liens and Medical Expenses:** It is expressly understood and agreed by CLIENTS that they will ultimately be responsible for the payment of any outstanding medical bills, liens, subrogation claims, or other asserted rights of reimbursement related to their case. Current law and regulations regarding Medicare, Medicaid, private health insurance plans ("healthcare providers"), and other types of insurance coverage and agreements may require the parties involved in this matter to compromise, settle, or execute a release of their separate claims, liens or otherwise asserted rights of reimbursement prior to distributing funds from any verdict or settlement proceeds. CLIENTS hereby authorize ATTORNEYS to take all steps advisable for the handling of these types of claims, including negotiating the resolution of these claims and hiring experts or consultants who may assist with resolving these types of claims and liens. Expenses incurred with negotiating and resolving these types of claims on behalf of CLIENTS shall be treated as additional case expenses and will be deducted from your net recovery and shall not be paid out of Attorneys' fees in this matter.

6. **Settlement Offers:** ATTORNEYS will communicate settlement offers to the CLIENTS and no settlement will be made without the CLIENTS' agreement. In the event that ATTORNEYS recommend to CLIENTS that they accept a settlement offer and CLIENTS reject that offer, ATTORNEYS, may, at their discretion, require CLIENTS to advance all future case costs.

7. **Cooperation of Client:** CLIENTS agree to: provide ATTORNEYS with any changes of address, telephone numbers, or health insurance coverage; to continually update ATTORNEYS and their staff as to current medical treatment, outstanding bills and liens; to inform them of any applications made seeking Social Security Disability benefits, state or federal government benefits including Medicare, Medicaid, or other benefit plans providing health or disability benefits; and to inform them of any pending or actual bankruptcy proceedings that have been filed on their behalf. CLIENTS acknowledge and agree that they are required to and shall cooperate with all reasonable requests of ATTORNEYS in connection with the investigation, preparation, presentation, and litigation of any claim.

8. **Withdrawals:** CLIENTS understand that ATTORNEYS reserve the right, within the requirements of the law and the Rules of Professional Conduct, to withdraw their representation of CLIENTS if CLIENTS fail to cooperate in the representation or if, in ATTORNEYS' sole discretion and opinion, there is an insufficient legal, factual, or practical basis to continue pursuit of any claim. ATTORNEYS may also withdraw, if they determine that the facts are different from those that CLIENTS have represented to them. In the event that ATTORNEYS withdraw their representation of CLIENTS, CLIENTS remain responsible for the fees and expenses incurred by that time. It is also agreed that ATTORNEYS may withdraw should CLIENTS apply for advanced legal funding.

9. **Termination of our Representation:** In the event that CLIENTS choose to terminate ATTORNEYS' representation at the time of a pending settlement offer, CLIENTS agree that ATTORNEYS shall retain a lien and shall be compensated based on the amount of the then pending settlement offer, ATTORNEYS' compensation to be calculated consistent with this Agreement. In the event that CLIENTS choose to terminate ATTORNEYS' representation prior to the resolution of their case at any other time by hiring a different lawyer, ATTORNEYS' efforts up to the point of termination will be compensated on the following basis and the greater amount resulting from the use of the two alternative formulas shall be the compensation due to ATTORNEYS for their efforts on CLIENTS' case:

a. The number of hours expended by ATTORNEYS under this Agreement (including paralegal time) will be compared with the number of hours expended by CLIENTS' new attorneys. The total attorneys' fees due at the conclusion of the case will be divided between ATTORNEYS and CLIENTS' new attorneys proportionately; or

b. The compensation for ATTORNEYS' hours spent on the case (including paralegal time) at their standard hourly rates, as follows: (i) the standard hourly rates for work performed by ATTORNEYS range from $350.00 to $500.00 per hour; (ii) the standard hourly rates for work performed by paralegals range from $110.00 to $150.00 per hour.

10. **No result has been guaranteed:** No representation has been made by ATTORNEYS to CLIENTS as to what amount, if any, CLIENTS may be able to recover in this case and no result has been guaranteed.

11. **General Provisions:** This Agreement shall be governed by and interpreted in accordance with the laws of the State of Indiana. Any disputes or claims between the parties shall be brought and maintained in Marion County, Indiana, and CLIENTS and ATTORNEYS mutually consent to the exclusive jurisdiction and venue of the Marion County, Indiana, Circuit and Superior Courts. This Agreement constitutes the entire and only agreement of the parties.

The undersigned CLIENTS hereby certify and acknowledge that each has read and received a copy of this Agreement and understands its provisions.

SIGNED AND ACCEPTED THIS 26th day of December, 2017.

COHEN & MALAD, LLP

BY: _____    _____
Daniel S. Chamberlain                                  David McRoberts