UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>Plaintiff's Master Administrative Long-Form Complaint and:<br><br>Plaintiff Arthur Schlichter | **PETITION TO ESTABLISH ATTORNEY'S LIEN** |

    Comes now Petitioner, COHEN & MALAD, LLP, pursuant to an executed Agreement for Legal Services and states as follows:

1. Petitioner is a law firm and undersigned is an attorney at law admitted to practice before the courts of Indiana, and file this Petition to establish a lien for attorney's fees as set forth hereinafter.

2. On or about April 1, 2017, Petitioner, COHEN & MALAD, LLP, was retained and employed by the Plaintiff, Arthur Schlichter, pursuant to an agreement for legal services, to pursue a claim for injuries and damages allegedly caused by the National Football League's conduct associated with football-related concussions, head, and brain injuries.

3. The specifics of the agreement for legal services are as follows: If no recovery (by settlement or trial) is obtained, client will not owe a legal fee. If COHEN & MALAD, LLP obtains a settlement or judgment for Client, Client will pay to the Petitioner forty percent (40%) of the gross recovery plus reimbursement of expenses.

4. When Petitioners entered into contract with Plaintiff, Petitioners entered into the risk and expense of the litigation.

5. From the date the Petitioner was authorized to proceed on behalf of the Plaintiff, the Petitioner has actively and diligently investigated, prepared, and pursued Plaintiff's claims, and has taken all steps necessary to prosecute those claims, including, but not limited to, correspondence and communications with the client, preparation and review of client's factual and legal circumstances, providing client updates, analyzing Plaintiff's medical status and need for medical testing, etc.

6. Petitioner believes that other competing Lien payments, including but not limited to those for medical expenses and services, other attorney's fees and/or costs, child support, unpaid taxes, and judgment debts, may interfere with recovery of his or her attorney's fees and/or costs.

7. Petitioner was not terminated due to any malfeasance or other improper action.

8. Pursuant to this Court's order, however, attorney's fees have been capped at twenty-two percent (22%).

9. The Petitioner claims the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiff in this action.

WHEREFORE, the Petitioner pray:

1. That an attorney's lien be established;

2. That the amount of the lien be determined;

3. That the Court order that Petitioner be entitled to enforce an attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

4. That the Defendant or the Defendant's insurer be prohibited from paying to the Plaintiff any sums of money until said lien has been satisfied; and

5. For such other further relief as this Court deems just.

Dated: June 6, 2018.

                    Respectfully submitted,

                    COHEN & MALAD, LLP

                By: */s/ Daniel S. Chamberlain*
                    Daniel S. Chamberlain
                    State Bar No. 16375-49
                    One Indiana Square, Ste. 1400
                    Indianapolis, IN 46204
                    Tel. (317) 636-6481
                    Fax. (317) 636-293
                    dchamberlain@cohenandmalad.com
                    **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    I hereby certify that I caused the foregoing Notice of Attorney's Lien to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the litigation.

Dated: June 6, 2018.

                    */s/ Daniel S. Chamberlain*
                    Daniel S. Chamberlain

**ATTORNEY/CLIENT CONTRACT**

This agreement is entered into this __13th__ day of __October__, 2014, between Arthur E. Schlichter, **CLIENT**, and Daniel S. Chamberlain of the office of **COHEN & MALAD, LLP** (the "**Attorney**").

1. **CLIENT** retains and employs **Attorneys** in a claim for relief against __NFL + OSU__ and all other responsible parties who may be determined to be legally responsible for injuries and damages suffered by __A.S.__ on or about _____.

2. The fee of **Attorney** shall be contingent upon recovery and shall be __40 %__ of the gross amount of recovery by settlement. If the case is resolved at trial or after a trial, then the fee shall be __40 %__ of the gross amount recovered by settlement or as a result of a verdict/judgment. In the event that an appeal results in this case, the amount of the legal fees will then be subject to renegotiation.

3. If no recovery is made on **CLIENT'S** claim, there will be no attorney's fees owed to **Attorney**.

4. The **Attorney** represents to the **CLIENT** and the **CLIENT** acknowledges that in the presentation, negotiation, prosecution, settlement, trial and appeal of the **CLIENT'S** claim, that it will be necessary to incur certain expenses. These, by way of example and without limitation, include filing court fees, court reporter fees, photographs, physician's report fees, copying costs, travel and lodging when out-of-town travel is necessary, expert witness fees and costs, subpoena fees, police reports, investigation fees, and other miscellaneous expenses. The **Attorney** will pay these expenses and said expenses shall not be considered a loan to the **CLIENT**. However, in the event that recovery is made in this matter, it being recognized that recovery is contingent and uncertain, these expenses will be added to the amount of the **Attorney's'** fees specified in Paragraph 2 of this Agreement and shall be considered additional attorney compensation in this matter. The **CLIENT** agrees that the total amount of **Attorney's** compensation contained in this Agreement shall be deducted from the gross recovery made for the **CLIENT'S** claim. If no recovery is made in this case the **CLIENT** will not be responsible for payment of any of the expenses incurred by the **Attorney** hereunder.

5. **Attorney** shall be empowered to retain local counsel that may be required in the prosecution of any action in this matter and **CLIENT** agrees such attorney may act on behalf of **CLIENT**.

6. **CLIENT** agrees that **Attorney** can execute, on the **CLIENT'S** behalf, all documents necessary including the endorsement of settlement drafts during the term of this contract.

7. No representation has been made as to what amount, if any, **CLIENT** may be able to recover in this case. **CLIENT** understands **Attorney** will investigate **CLIENT'S** claim and, if after so investigating, claim does not appear to them to have merit, then **Attorney** shall have the right to cancel this Agreement. Also, if **Attorney** determines at any time that the claim covered by this Agreement is economically unfeasible, they may cancel this Agreement upon reasonable notice to the **CLIENT**. If this happens, the **CLIENT** will owe the **Attorney** nothing.

8. **CLIENT** hereby appoints the **Attorney** as **CLIENT'S** attorney-in-fact for the sole purpose of signing on **CLIENT'S** behalf any documents necessary to effectuate a resolution of **CLIENT'S** claim, including releases, settlement drafts and settlement agreements. **CLIENT** will be provided by **Attorney** with a copy of any such documents so signed.

We have read this contract, have received a copy of it, and agree to the terms and conditions.

DATED:_____            _____
                                 **Arthur E. Schlichter**

DATED:_____            _____
                                 **Client**

DATED: __10-13-14__              By:_____
                                 Daniel S. Chamberlain
                                 **COHEN & MALAD, LLP**