UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>        Plaintiffs,<br><br>        v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>        Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

## MOTION OF CLASS COUNSEL
## THE LOCKS LAW FIRM FOR RECONSIDERATION
## OF THE COURT'S EXPLANATION AND ORDER (ECF 10019)
## <u>CONCERNING THE ALLOCATION OF COMMON BENEFIT FEES</u>

Class Counsel the Locks Law Firm (LLF) respectfully moves for reconsideration of the Court's Explanation and Order concerning the allocation of common benefit fees (ECF 10019). The grounds for this Motion, which are more fully set forth in the accompanying Memorandum, are:

   1.   LLF respectfully requests that the Court adjust the firm's lodestar multiplier to 2.25 to bring the firm into conformity with other class counsel. LLF's 1.25

multiplier is the result of an erroneous misapplication of the methodology that this Court adopted when it accepted the recommendation of Mr. Seeger.

2. The methodology for calculating multipliers proposed by Mr. Seeger and accepted by the Court relied substantially on the expert opinion of Professor Brian Fitzpatrick of Vanderbilt Law School. Professor Fitzpatrick identified three factors that would govern proposed multipliers. LLF satisfies all three of these factors and has from the beginning of these proceedings. These facts are undisputed.

3. Nonetheless, Professor Fitzpatrick erroneously excluded LLF from two of the three factors in his analysis, thereby erasing the firm's contributions from the outset of the litigation and its role in preserving the viability of the proposed Settlement with its massive client base.

4. This erroneous exclusion is a clear misapplication of the methodology that Professor Fitzpatrick and Mr. Seeger cited for determining lodestar multipliers and that this Court relied on when it accepted Mr. Seeger's proposal.

WHEREFORE, the Locks law Firm respectfully request that the Court reconsider is Explanation and Order (ECF 10019) and enter the Proposed Order, attached hereto, that grants the Motion and a multiplier to the Locks Law Firm of 2.25.

Dated: June 7, 2018                                                      Respectfully submitted,

/s/ Gene Locks
Gene Locks
David D. Langfitt
LOCKS LAW FIRM
The Curtis Center
Suite 720 East
601 Walnut Street
Philadelphia, PA 19106
Phone: 215-893-3423

Fax: (215) 893-3444  
glocks@lockslaw.com  
dlangfitt@lockslaw.com

Tobias Barrington Wolff  
Professor of Law,  
 University of Pennsylvania Law School*  
3501 Sansom Street  
Philadelphia, PA 19104  
Phone: 215-898-7471  
twolff@law.upenn.edu

*For identification purposes only

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br>    Plaintiffs,<br>v.<br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br>    Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### MEMORANDUM IN SUPPORT OF THE MOTION OF CLASS COUNSEL THE LOCKS LAW FIRM FOR RECONSIDERATION OF THE COURT'S EXPLANATION AND <u>ORDER CONCERNING THE ALLOCATION OF COMMON BENEFIT FEES</u>

Class Counsel the Locks Law Firm (LLF) respectfully submits this request for reconsideration of the Court's Explanation and Order concerning the allocation of common benefit fees (ECF 10019).

LLF asks that the Court reconsider just one component of its allocation order: the multiplier applied to LLF's lodestar value. The Court accepted the recommendation of Co-Lead Counsel Chris Seeger that LLF receive a multiplier of only 1.25 on its time, while all other Class Counsel in this MDL received multipliers ranging from 2.25 to 3.5.

LLF respectfully requests that the Court adjust LLF's multiplier to 2.25 to bring the multiplier into conformity with other class counsel and the three factors Mr. Seeger's proffered expert identified, all of which LLF satisfies and has satisfied from the outset of this proceeding.

The basis for this motion is straightforward. In his recommendation, Mr. Seeger set forth a methodology he used to calculate the proposed multipliers and relied substantially on the expert opinion of Professor Brian Fitzpatrick of Vanderbilt Law School, whom he retained for the exercise. Mr. Seeger and Professor Fitzpatrick both identified three factors that would govern the proposed multipliers:

1. Firms that played a leadership role in the proceedings as co-lead counsel, class counsel, or sub-class counsel.
2. Firms that made contributions from the outset of the litigation.
3. Firms that worked directly on settlement negotiations or supported the settlement on appeal or otherwise once it was consummated.

LLF's work on behalf of the class clearly satisfies each of these three factors, as the firm explained in its objection to the proposed allocation (ECF 8709 at 3, 20-22) and reiterated at the May 15 hearing. LLF served as Class Counsel throughout these proceedings (factor 1), and the firm was one of the prime movers of the litigation from its earliest stages, filing some of the first individual and class complaints, arguing for the creation of this MDL, drafting the Master Personal Injury and Class Action complaints, and investing the financial, intellectual, and reputational capital from the beginning that contributed to making these proceedings viable (factor 2). These facts are not disputed. And LLF made invaluable contributions to the viability of the proposed settlement. It worked regularly with over 1,400 individual clients — the largest number of any firm — to ensure that former players understood the risks of proceeding with litigation and the

benefits and tradeoffs of the Settlement so they could make an informed decision about staying in the Settlement rather than opting out or objecting.[1] Whatever sources of disagreement arose between Mr. Seeger and LLF about the role the firm played earlier in the negotiations, there is no dispute that the firm's role in working every day to keep its massive client base invested in the proposed settlement was substantial and essential, as Mr. Seeger admitted at the Court's prompting during the hearing on May 15.[2]

LLF therefore satisfied all three of the factors that Mr. Seeger and Professor Fitzpatrick identified in their methodology for calculating multipliers.

Despite this fact, Professor Fitzpatrick's expert opinion excludes LLF from factor 2 and factor 3, erasing altogether the firm's contributions from the outset of the litigation and its role in preserving the viability of the proposed settlement with the player population. *See* ECF 8447-2 at ¶¶ 7, 8 and 9 and footnote 2. The improper exclusion of LLF from these two categories was then used to justify its lower multiplier. Whether this improper exclusion was a simple error or the product of incomplete information provided to Professor Fitzpatrick, it is in fact an error.

---

[1] Mr. Seeger received immense benefit from LLF serving in the role of Class Counsel. LLF was on the PEC from the beginning, had filed four times more cases than any other firm, and had developed the required medical knowledge far in advance of any other firm. Without LLF's steady support of the Settlement, the number of objectors and opt-outs could have spiraled upward, jeopardizing the Settlement's viability.

[2] As LLF explained in its objections to Mr. Seeger's proposed allocation, the suggestion that Mr. Locks' interview in *Business Week* constituted some kind of breach of confidentiality in the negotiations — the issue cited by the Court as a reason for relying on Mr. Seeger's recommendation — is incorrect. That interview took place more than a month before substantial negotiations between the parties had begun. *See* G. Locks Declaration (ECF 8709 at 18). There was no leak of negotiated information at all. The NFL's objection to the article was based on its sensitivity to unfavorable and truthful public exposure of its litigation risks.

LLF recognizes that the Court has discretion to adopt a range of different approaches in assigning multipliers to a lodestar amount. But when the Court invites Co-Lead Counsel and his expert to propose a methodology and the proposal is then misapplied to LLF on its own terms, it is a clear error of law for the Court to adopt that misapplication. That "clear error of law" warrants reconsideration of the Court's order. *See Simon Wrecking Co. v. AIU Insurance Co.*, 541 F. Supp. 2d 714, 715–716 (E.D. Pa. 2008) (Brody, J.).

To reiterate, LLF seeks reconsideration of only one part of the Court's order: its adoption of the proposed lodestar multiplier of 1.25, which is based on a clear misapplication of the proposed methodology on which the Court relied when making its decision. LLF respectfully requests that the Court recalculate the multiplier figure with a proper recognition of LLF's contributions from the outset of the litigation (factor 2) and the significance of its role in preserving the viability of the proposed settlement with its massive client base (factor 3). LLF suggests that a multiplier of 2.25 — the same multiplier received by class counsel Podhurst Orseck and subclass counsel Arnold Levin — is the appropriate figure once the error in methodology is corrected.

Dated: June 7, 2018            Respectfully submitted,

/s/ Gene Locks
David D. Langfitt
LOCKS LAW FIRM
The Curtis Center
Suite 720 East
601 Walnut Street
Philadelphia, PA 19106
Phone: 215-893-3423
Fax: (215) 893-3444

-4-

glocks@lockslaw.com
dlangfitt@lockslaw.com

Tobias Barrington Wolff
Professor of Law,
University of Pennsylvania Law School*
3501 Sansom Street
P hiladelphia, PA 19104
Phone: 215-898-7471
twolff@law.upenn.edu

*For identification purposes only

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date a true and correct copy of the foregoing Motion for Reconsideration was served on this date via the Electronic Filing System on all counsel of record in Case No. 2:12-md-02323-AB, MDL No. 2323.

DATE: June 7, 2018  /s/ Gene Locks
  Gene Locks, Class Counsel