# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                    Plaintiffs,<br>    v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                    Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>The Taft Law Firm, P.C. v. Walker<br>Petition for Deviation<br>(Doc. No. 10069) | |

## ORDER TO SHOW CAUSE

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                                                                       June 13, 2018

On June 7, 2018, The Taft Law Firm, P.C. ("Taft") filed a Petition for Deviation ("Petition") seeking a fee award above the 22% Fee Cap imposed by the District Court. It appearing that the Petition is untimely filed, Taft is **ORDERED TO SHOW CAUSE** why this Court should not recommend to the District Court that the Petition be dismissed.[1] Taft shall

---

[1] On December 7, 2017, the Claims Administrator issued a Notice of Monetary Award Claim Determination, which notified Taft that its client, Settlement Class Member Walker was entitled to a Monetary Award. Consistent with Article IX of the Settlement Agreement, the NFL Parties appealed the determination. On May 1, 2018, the Claims Administrator issued a Post-Appeal Notice of Monetary Award Claim Determination, advising Taft that the Settlement Class Member had prevailed on appeal.

The District Court referred Petitions for Deviation from the Fee Cap ("Petitions") to this

submit the response to this Order on or before June 25, 2018.

A copy of this response shall be provided to Taft's client. Taft shall submit a certification to this Court precisely setting forth the method used to serve the Petition and Response and clearly articulating the basis for Taft's understanding that this is the most reliable method to ensure that the client will be promptly and fully notified. Taft shall take care to ensure

---

Court. (Doc. No. 9863). The District Court further authorized the promulgation of rules and procedures governing the litigation related to an Individually Retained Plaintiffs' Attorney's ("IRPA") contingent fees. (Doc. No. 9863). On May 3, 2018, Rules Governing Petitions for Deviation from the Fee Cap ("Rules") were adopted by Order signed by the District Court and this Court. (Doc. No. 9956).

Rule 10 of the Rules sets forth filing deadlines for Petitions. (Doc. No. 9956 at 7). Under Rule 10(a)(2), an IRPA is provided "10 days after issuance of the Post-Appeal Notice of Monetary Award Claim Determination" to file. Taft, therefore, had until May 11, 2018, to file a Petition. The Petition, however, was not filed until June 7, 2018. It would, therefore, appear that this petition must be dismissed as untimely filed.

We acknowledge that the Rules were not adopted by the Court until May 3, 2018, meaning that Taft had only 8 days to draft and submit its Petition where future IRPAs will have the full 10 days. But, even if this Court were to determine that the equities weighed in favor of extending the deadline until May 14 (providing the additional two days and adjusting for Rule 6(a)(3)), the Petition would remain untimely filed.

Rule 10(c), which creates an alternate 30 day deadline in certain circumstances, does not apply here. Under this rule, a petition is due "30 days from the date of the order adopting these Rules" *only if* "the deadlines in Rule 10(a)-(b) *have passed* when these Rules are issued." (emphasis added). In this case, the 10 day clock began to run at the time of the issuance of the Rules, but the deadline had not yet passed. The due dates applicable to this petition are clearly calculated by virtue of Rule 10(a)(2), not Rule 10(c). But, either way, this petition would be late. The deadline under Rule 10(c), expired on June 2, 2018, which was a Saturday. In accordance with Rule 6(a)(3), the period is extended until Monday, June 4, 2018. The petition, however, was not filed until June 7 – still three days late.

The deadlines in the Rules must be strictly enforced. Such strict enforcement is necessary to ensure that the Claims Administrator can promptly distribute Monetary Awards to Settlement Class Members. This is all the more necessary where, as here, a Settlement Class Member's current counsel seeks an upward deviation, which on its face would appear to be detrimental to the interest of its client. Nonetheless, it would be unjust to make such a determination without giving Taft the opportunity to address this timeliness issue. Hence, this Order to Show Cause.

that the client's personal data is not included this certification.

                                        BY THE COURT:

                                        /s/ David R. Strawbridge, USMJ
                                        DAVID R. STRAWBRIDGE
                                        UNITED STATES MAGISTRATE JUDGE