# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody**<br><br>Civ. Action No. 14-00029-AB |

Kevin Turner and Shawn Wooden,
*on behalf of themselves and
others similarly situated*,

      Plaintiffs,

        v.

National Football League and
NFL Properties LLC,
successor-in-interest to
NFL Properties, Inc.,

      Defendants.

THIS DOCUMENT RELATES TO:
ALL ACTIONS

## OPPOSITION OF CO-LEAD CLASS COUNSEL TO MOTION OF THE LOCKS LAW FIRM FOR RECONSIDERATION OF THE COURT'S EXPLANATION AND ORDER (ECF 10019) <u>CONCERNING THE ALLOCATION OF COMMON BENEFIT ATTORNEYS' FEES</u>

## I.    **INTRODUCTION**

Co-Lead Class Counsel Christopher A. Seeger ("Co-Lead Class Counsel") respectfully submits this opposition to the Motion of the Locks Law Firm ("Locks") for reconsideration (ECF No. 10073) of the Court's May 24, 2018 Explanation and Order (ECF No. 10019) allocating common benefit attorneys' fees ("Allocation Order").   Because Locks' reconsideration motion fails to satisfy the high standard for reconsideration the Court should deny it.

## II.    **DISCUSSION**

Given courts' interest in finality, "motions for reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." *Jarzyna v. Home Properties, L.P.*, 185 F. Supp. 3d 612, 622 (E.D. Pa. 2016) (citation and internal quotation marks omitted).   Indeed, "[m]otions for reconsideration are generally disfavored for a number of important reasons.   One of the reasons is that they tend to waste time on issues that have been, or should have been, decided previously." *Spear v. Fenkell*, No. CV 13-02391, 2015 WL 5582761, at *4 (E.D. Pa. Sept. 21, 2015) (internal citation omitted); *accord Rashid v. Ortiz*, No. CR 08-493, 2016 WL 7626712, at *2 (E.D. Pa. June 20, 2016) ("Reconsideration is disfavored[.]").

Therefore, a motion for reconsideration may not "be used to give a litigant a 'second bite at the apple' as to an argument on which it previously did not succeed." *Romero v. Allstate Ins. Co.*, 1 F. Supp. 3d 319, 429 (E.D. Pa. 2014);   *accord U.S. Claims, Inc. v. Flomenhaft & Cannata, LLC*, 519 F. Supp. 2d 515, 526 (E.D. Pa. 2007) (reconsideration motion is not properly "grounded on a request that a court rethink a decision it has already made") (citation and internal quotation marks omitted); *The Ltd., Inc. v. Cigna Ins. Co.*, 228 F. Supp. 2d 574, 582 (E.D. Pa. 2001) (reconsideration motions are "not to be used merely as an opportunity to reargue issues that the

court has already analyzed and determined"), *aff'd*, 29 F. App'x 88 (3d Cir. 2002); *Gen. Elec. Capital Corp. v. Stone*, No. 04-1691, 2005 WL 746420, at *1 (E.D. Pa. Mar. 29, 2005) ("A motion for reconsideration is not an opportunity for an unsuccessful party to rehash arguments previously considered by the Court.").

Rather, "[t]he purpose of a motion for reconsideration is to correct *manifest* errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (emphasis added). A movant must show either "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *accord Smith v. City of Chester*, 155 F.R.D. 95, 96-97 (E.D. Pa. 1994); *Rashid*, 2016 WL 7626712, at *2.

Here, Locks points to no manifest error in the Court's Allocation Order. Instead, Locks merely rehashes the arguments that he had fully presented in his counter-declaration to Co-Lead Counsel's recommended allocations (ECF No. 8709) and through separate counsel,[1] at the May 15, 2018 allocation hearing (ECF Nos. 9997, 10015).[2] In short, Locks argues that the undersigned and now the Court did not properly appreciate the value of his work and that he should be paid more. Having heard Mr. Locks' arguments, the Court held in the Allocation Order that:

> Ultimately, I conclude that the Locks firm is entitled to a multiplier for the leadership role they played in this litigation, but their failure to provide meaningful support for other crucial aspects of this process is the basis for the multiplier that I

---

[1] Professor Tobias Wolff, who is not a member of the Locks Firm, rather than Mr. Locks, presented arguments on behalf of Mr. Locks' firm at the May 15, 2018 allocation hearing.

[2] The Court also had the undersigned's written responses to Mr. Locks' arguments in his omnibus reply declaration respecting the matter of fee allocation (ECF No. 8934, at ¶ 96 & n.23) and his response to Professor Wolff's arguments at the May 15 allocation hearing.

have chosen. The firm, however, will be compensated more than $3.8 million for their services – only four other firms will receive a higher payment from the common benefit fund.

Allocation Order, at 16.

The Court made this determination in the sound exercise of its considerable discretion. *E.g.*, *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 342 (3d Cir. 1998) ("In awarding attorneys' fees, the district court has considerable discretion."); *In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 309 (1st Cir. 1995) (fee allocations are reviewed only for abuse of discretion). A second-guessing of the exercise of discretion does not amount to a demonstration of manifest error. *Cf. United States v. Claxton*, 766 F.3d 280, 307 (3d Cir. 2014) ("Under an abuse of discretion standard, we will not second-guess the District Court's determination[.]"); *United States v. Taylor*, 569 F.3d 742, 747 (7th Cir. 2009) ("[W]hen reviewing only for an abuse of discretion, second-guessing the district court is something we will not do. A discretionary decision . . . implies a range of acceptable outcomes. So long as the judge's conclusion was within that range of outcomes, we will defer to his judgment, not substitute our own.") (internal citations omitted).

In short, Locks offers nothing new to warrant the extraordinary relief of the Courts reconsidering of its allocation of common benefit fees to his firm.

### III.         <u>CONCLUSION</u>

For the foregoing reasons, the Court should reject Locks' attempt to revisit the Court's Allocation Order.

Date:  June 20, 2018                                    Respectfully submitted,

*/s/ Christopher A. Seeger*
Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
cseeger@seegerweiss.com
Telephone:  (212) 584-0700

***CO-LEAD CLASS COUNSEL***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing was served on all counsel of record via the

Court's ECF system on June 20, 2018

_/s/ Christopher A. Seeger_
Christopher A. Seeger