# EXHIBIT 3



# NFL CONCUSSION SETTLEMENT
IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION
No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF MONETARY AWARD CLAIM DETERMINATION
**DATE OF NOTICE:** July 20, 2017
**DEADLINE TO APPEAL:** August 21, 2017

### I. SETTLEMENT CLASS MEMBER INFORMATION

| | |
|---|---|
| **Settlement Program ID** | |
| **Name:** | First    M.I.    Last |
| **Settlement Class Member Type** | Retired NFL Football Player |
| **Primary Counsel** | Lieff Cabraser Heimann & Bernstein, LLP |

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your Claim Package and determined that you are entitled to a Monetary Award as shown in Section III. The Attachment at the end of this Notice explains more about how we calculated your Monetary Award.

### III. MONETARY AWARD SUMMARY

| | | |
|---|---|---|
| 1. | **Monetary Award Grid Amount:** This is the starting point for your Monetary Award based on age at the time of the Qualifying Diagnosis as explained in Exhibit A-3 of the Settlement Agreement. The full Monetary Award Grid is available in the Documents tab located under the Information menu of the public website. | |
| 2. | **Deduction for Offsets:** This is a downward adjustment of your Monetary Award for any applicable Offsets as explained in Section 6.7(b)-(e) of the Settlement Agreement. | |
| 3. | **Monetary Award Amount After Offsets:** This is the amount of your Monetary Award after subtracting any applicable deductions for Offsets. | |
| 4. | **Deduction for Potential Derivative Claimant Awards:** One or more Derivative Claimants timely registered with the Settlement Program. Derivative Claim Packages must be submitted within 30 days after the date of this Notice, as explained in Section 8.3(a)(ii) of the Settlement Agreement. The Form for Challenge to Derivative Claimant explains your challenge rights and what will happen to this withheld amount if your claim remains eligible after all appeal rights have expired or been exhausted. | |
| 5. | **Monetary Award Amount After Derivative Claimant Award Deduction:** This is the amount of your Monetary Award after subtracting any applicable deduction for a Potential Derivative Claimant Award. | |



| | | |
|---|---|---|
| 6. | **Five Percent Deduction of Monetary Award for Common Benefit Fees:** Co-Lead Class Counsel filed a motion with the Court on February 13, 2017, asking that 5% of all Monetary Awards be set aside to provide future Common Benefit Fees for attorneys who did work to facilitate the Settlement. The Court has not ruled on that motion. If the Court denies the motion or authorizes a withholding percentage less than the requested 5% and that ruling becomes final, we will return the appropriate funds to you. | |
| 7. | **Deduction for Finalized Liens:** This is the amount deducted from your Monetary Award to satisfy any valid Liens with final reimbursement amounts, as explained in Sections 9.1(c)(ii) and 11.3(c)-(h) of the Settlement Agreement. | |
| 8. | **Deduction of Holdback for Pending Liens:** This is a holdback amount deducted from your Monetary Award for any Liens with unresolved final amounts, as explained in Section 11.3(g)-(h) of the Settlement Agreement. After the Lien Resolution Administrator has finalized these Lien amounts, this holdback will be used to pay them and any excess will be sent to you. | |
| 9. | **Net Payment Amount:** This is the amount payable to you after all deductions listed above. | |

### IV. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the calculation of your Monetary Award as set forth in Rows 1-3 of Section III of this Notice is incorrect, Section 9.5 of the Settlement Agreement allows you to appeal this determination to the Court. You may submit an appeal by clicking the Appeal Monetary Award button on your secure online Portal and following the instructions provided. You must submit evidence to support your appeal. Any written statement may not be more than five single-spaced pages. You must do so on or before the Deadline to Appeal stated at the top of this Notice.

You may not appeal the deductions in Rows 4, 6, 7, or 8 of Section III of this Notice. You may, however, dispute: (1) any Derivative Claimants who have registered and/or submitted a claim based on their relationship to you by submitting a Form for Challenge to Derivative Claimant; and/or (2) your obligation to satisfy certain Liens or the repayment amount of certain Liens that may be associated with your Monetary Award, as described in Section VI below.

If you decide to appeal the Monetary Award calculation, you must pay a fee of $1,000 using the online PayPal option or by check made payable to the NFL Claims Administrator. This fee will be refunded to you if your appeal is successful. If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.
    NFL Concussion Settlement
    Claims Administrator
    P.O. Box 25369
    Richmond, VA  23260

The Court or the Special Master appointed by the Court to oversee the administration of the Settlement Program will decide your appeal based upon a showing by you of clear and convincing evidence. The Court's decision will be final and binding. The Special Master's factual determinations will be final and binding, but you or Co-Lead Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to *de novo* (*i.e.,* a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final except that we may revise the Monetary Award to make necessary adjustments based on any further investigation of the claim, including any audit authorized by Section 10.3 of the Settlement Agreement. We will notify you if the Monetary Award Claim Determination changes prior to payment. Any such change will allow for an appeal of that change only.



| |
|---|
| **V. CO-LEAD CLASS COUNSEL AND NFL PARTIES' RIGHT TO APPEAL THIS DETERMINATION** |
| Section 9.5 of the Settlement Agreement gives Settlement Class Members (as discussed in Section IV above), Co-Lead Class Counsel, and the NFL Parties the right to appeal our determination on entitlement to a Monetary Award and/or the calculation of a Monetary Award.  If any of the foregoing parties chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to each of the foregoing parties and us.<br><br>If an appeal is taken by one of the foregoing parties, any of the other parties may submit a written opposition (not to exceed five single-spaced pages) no later than 30 days after receipt of the Appeals Form.  The party taking the appeal is not permitted to submit a reply.<br><br>Co-Lead Class Counsel may also submit a written statement (not to exceed five single-spaced pages) in response to an appeal no later than 15 days after receipt of the Appeals Form or your written opposition to an NFL appeal, and you and the NFL may each submit a reply to any such submission by Co-Lead Class Counsel. |
| **VI. LIENS** |
| As set forth in Article XI of the Settlement Agreement, the Lien Resolution Administrator, with our assistance, is administering the process to verify and satisfy Liens against your Monetary Award.  If you or the Lien Resolution Administrator identified a Lien asserted against your Monetary Award or a third party asserted a Lien against your Monetary Award and the Lien Resolution Administrator or we have confirmed the validity and final amount of those Lien(s), we are required to deduct from your Monetary Award the Lien amount shown in Section III, Row 7 of this Notice.<br><br>If the final amount needed to resolve a Lien has not yet been determined, Section III, Row 8 of this Notice shows the amount withheld from your Monetary Award as directed by Section 11.3(g)-(h) of the Settlement Agreement.  That holdback amount will be used to pay the final Lien amount(s) and any excess will be paid to you.<br><br>You will receive a notice of each non-medical Lien, along with the assertion documents, and you will be given the opportunity to dispute each non-medical Lien before we pay it.  In general, you also will have the opportunity to dispute Liens of Governmental Payors, Medicare Part C or Part D Programs, and/or private healthcare insurers identified pursuant to Article XI of the Settlement Agreement after the Lien Resolution Administrator has determined the final repayment amount needed to satisfy all such Liens that may be associated with your Monetary Award.  After the Lien Resolution Administrator determines the final repayment amount needed to satisfy any Liens by Governmental Payors, Medicare Part C or Part D Programs, and private healthcare insurers who claim a Lien against your Monetary Award, you will receive the Final Report of Lien Resolution Administrator, which will contain instructions on how to dispute the fact or amount of those Liens if you disagree with them.  If, however, you received a Qualifying Diagnosis of Level 1.5 or Level 2 Neurocognitive Impairment and are or were a beneficiary of a Medicare Part A and/or Part B Program, you will not have a right to dispute the fact or amount of any Medicare Part A and/or Part B Liens that may be asserted against your Monetary Award, as the Lien amounts for those Qualifying Diagnoses were established through a global agreement with CMS, and the Settlement Agreement does not grant you the right to dispute them.<br><br>**If you are receiving Medicare Part A and/or Part B benefits, do not contact Medicare regarding any potential reimbursement obligations against your Monetary Award.**  The Lien Resolution Administrator is working directly with the Centers for Medicare and Medicaid Services Central Office to resolve Medicare Part A and/or Part B reimbursement obligations in connection with this Settlement and contacting Medicare may result in duplicate recovery efforts. |
| **VII. PAYMENT OF THE MONETARY AWARD** |
| We will pay the Monetary Award amount as reflected in this Notice after completion of the processes required by Section 9.3(a) of the Settlement Agreement: (1) the expiration of all appeal deadlines or resolution of filed appeals (Sections 9.7 and 9.8) and (2) claim audits and fraud investigations (Section 10.3).  To the extent this Monetary Award payment reflects a deduction for Derivative Claimant Awards or a deduction or holdback in connection with Liens, as listed in Section III, Rows 7 and 8 of this Notice, and we later determine that you are owed some or all of such deduction and/or holdback, we will make a subsequent payment to you. |



| **VIII. H**OW TO **C**ONTACT **U**S WITH **Q**UESTIONS OR FOR **H**ELP |
|---|
| If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com.  If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement. |



| MONETARY AWARD CALCULATION ATTACHMENT |
|---|
| **SETTLEMENT CLASS MEMBER INFORMATION** |

| **Settlement Program ID** | |
|---|---|
| **Name:** | First        M.I.       Last |
| **Settlement Class Member Type** | Retired NFL Football Player |
| **Primary Counsel** | Lieff Cabraser Heimann & Bernstein, LLP |

### A. MONETARY AWARD GRID AMOUNT

| | FACTOR | FINDING |
|---|---|---|
| 1. | **Qualifying Diagnosis:** Diagnosis supported by Diagnosing Physician Certification Form and medical records. | Level 1.5 Neurocognitive Impairment |
| 2. | **Age at Time of Qualifying Diagnosis:** | 33 |
| 3. | **Monetary Award Grid Amount:** Calculated based on the full Monetary Award Grid. | |

### B. OFFSETS

Section 6.7 of the Settlement Agreement requires that a Monetary Award be adjusted downward for any applicable Offsets. If you are subject to multiple Offsets, they are applied individually and in a serial manner to the Monetary Award. For example, if the Monetary Award before Offsets is $100,000, and there are two 10% Offsets, the Monetary Award will be reduced by a total of 19% [$100,000 – 10% Offset = $90,000; $90,000 – 10% Offset = $81,000].

| | FACTOR | FINDING | OFFSET % | REVISED MONETARY AWARD GRID AMOUNT |
|---|---|---|---|---|
| | **Number of Eligible Seasons:** An Offset applies if the Settlement Class Member had fewer than five Eligible Seasons. | 4.50 | -10.00% | |
| 1. | This Table shows how we calculated your number of Eligible Seasons. Section 6.7(c) of the Settlement Agreement states that each earned Eligible Season and each earned half of an Eligible Season will be added together to reach the total number of Eligible Seasons except that credit cannot be given for more than one Eligible Season per year (with each year defined to include any spring World League of American Football, NFL Europe League, or NFL Europa League season, and the following fall NFL season). | | | |

| | LEAGUE | MEMBER CLUB/TEAM | YEAR | SQUAD TYPE | GAMES | ELIGIBLE SEASONS |
|---|---|---|---|---|---|---|
| a. | | | 2004 | Active List | 8 | 1.00 |
| b. | | | 2006 | Developmental/ Taxi/ Practice | 16 | 0.50 |
| c. | | | 2007 | Developmental/ Taxi/ Practice | 2 | 0.00 |
| d. | | | 2007 | Active List | 5 | 1.00 |
| e. | | | 2008 | Active List | 2 | 0.00 |
| f. | | | 2008 | Developmental/ Taxi/ Practice | 6 | 0.00 |
| g. | | | 2010 | Active List | 4 | 1.00 |

| | | | | | |
|---|---|---|---|---|---|
| h. | | | 2011 | Active List | 16 | 1.00 |
| | **Total Seasons** | | | | | 4.50 |

| | FACTOR | FINDING | OFFSET % | REVISED MONETARY AWARD GRID AMOUNT |
|---|---|---|---|---|
| 2. | **Medically diagnosed Stroke occurring prior to Qualifying Diagnosis:** | No | 0.00% | |
| 3. | **Medically diagnosed Traumatic Brain Injury occurring prior to Qualifying Diagnosis:** | No | 0.00% | |
| 4. | **Non-Participation in Baseline Assessment Program ("BAP"):** An Offset applies if you were a Retired NFL Football Player in Subclass 1 and did not participate in the BAP, unless you have a Qualifying Diagnosis of ALS or received any Qualifying Diagnosis prior to the BAP examination deadline. | No | 0.00% | |
| 5. | **Monetary Award Amount After Offsets:** | | | |

### C. DERIVATIVE CLAIMANT AWARD

Section 6.7(a) of the Settlement Agreement requires that 1% of the Monetary Award Grid Amount after any downward adjustment for Offsets be deducted if there are any valid Derivative Claimant Awards. As explained in Section III, Row 4 of this Notice, we have deducted this amount if any Derivative Claimants have timely registered with the Settlement Program. We also must withhold 1% if no Derivative Claimants have yet registered based on a relationship with the Retired NFL Football Player because they have until August 7, 2017, to do so. We will withhold 1% from this Award until after August 7, 2017, in case any Derivative Claimants register by that time. If there are not any names in the table below, that means no Derivative Claimants have registered yet.

| Derivative Claimant Award: | | |
|---|---|---|
| **DERIVATIVE CLAIMANT NAME** | **PURPORTED RELATIONSHIP TO RETIRED NFL FOOTBALL PLAYER** | **DATE DERIVATIVE CLAIMANT CLAIM PACKAGE RECEIVED/DUE** |
| 1. | | |

### D. DEDUCTION FOR COMMON BENEFIT FEES

**Five Percent Deduction of Monetary Award for Common Benefit Fees:** Co-Lead Class Counsel filed a motion with the Court on February 13, 2017, asking that 5% of all Monetary Awards be set aside to provide future Common Benefit Fees for attorneys who did work to facilitate the Settlement. The Court has not ruled on that motion. If the Court denies the motion or authorizes a withholding percentage less than the requested 5% and that ruling becomes final, we will return the appropriate funds to you.

### E. LIENS

The Settlement Agreement requires that we deduct amounts sufficient to satisfy all valid Liens identified under Article XI prior to paying your Monetary Award.  This Section identifies each Lien asserted against your Monetary Award and shows either the final amount needed to resolve each valid Lien or the current holdback amount needed to satisfy those Liens where the final amount remains pending.  Liens identified under Holdback for Pending Liens are not yet finalized.  Liens identified under Deduction for Finalized Liens are resolved and will be paid to the appropriate lienholder by the Lien Resolution Administrator or the Claims Administrator.

| | | **MEDICAL LIENS** | |
|---|---|---|---|
| 1. | | **PENDING LIENS** | **HOLDBACK FOR PENDING LIENS** |
| | a. | Medicare Parts A-B - Medicare | |
| 2. | | **FINALIZED LIENS** | **DEDUCTION FOR FINALIZED LIENS** |
| | a. | Medicaid - CA | $0.00 |
| 3. | **Total Holdback for Pending Liens plus Deduction for Finalized Liens** | | |
| | | **NON-MEDICAL LIENS** | |
| 4. | | **PENDING LIENS** | **HOLDBACK FOR PENDING LIENS** |
| | a. | | |
| 5. | | **FINALIZED LIENS** | **DEDUCTION FOR FINALIZED LIENS** |
| | a. | | |
| 6. | **Total Holdback for Pending Liens plus Deduction for Finalized Liens** | | $0.00 |
| | | **F.   MONETARY AWARD** | |
| **Net Payment Amount:**  This is your payment amount as adjusted for all applicable Offsets, Derivative Claimant Awards, Common Benefit Fee deductions, and Lien deductions/holdbacks listed above. | | | |