# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Hon. Anita B. Brody |

## ORDER

**AND NOW**, this 2ND day of JULY, 2018, it is **ORDERED** that the Motion for Reconsideration of the Denial of the Locks Law Firm's Motion for Appointment of Administrative Class Counsel (ECF No. 9921) is **DENIED**.[1]

---

[1] In order to prevail on a motion for reconsideration, the moving party must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The Locks Law Firm has not made such a demonstration.

Nevertheless, the Locks Firm argues that the consideration of its role with Third-Party Funders in the Courts ruling was inappropriate and a "clear error of law." The Court does not find this to be a clear error, however, to the extent that the Third-Party Funder issue was a basis for the Court's decision, that basis is withdrawn. But, the Court's ultimate decision does not change because there were many other considerations that led to the denial. *See* ECF No. 9890, at 1-2.

Lastly, the Court has since enlisted the Locks Firm to lead the coordination of Third-Party Funder settlement-implementation issues. To date, the Locks Firm has performed admirably in that role.

s/Anita B. Brody

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                Copies **MAILED** on _____ to: