IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION** | |
| **Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,**<br>        Plaintiffs,<br><br>        v.<br><br>**National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,**<br>        Defendants. | No. 2:12-md-02323-AB<br>MDL No. 2323<br><br>Honorable Antia B. Brody |

**PETITION FOR DEVIATION**

COMES NOW Petitioners—the Mokaram Law Firm, the Stern Law Group, and the Buckley Law Group— Individually Retained Plaintiffs' Attorneys ("IRPA"), and, pursuant to this Court's Order of May 3, 2018 (Dkt. 9956) file this Petition for Deviation and requests an increase in the Presumptive Fee Cap from 22% (as mandated by the Court's Order) to 30% (less than the amount agreed between Petitioners and Respondent, Settlement Class Member Robert Ferguson, in their Power of Attorney and Contract for Employment (the "Contract")).

A. Extent of Deviation Sought

In the Contract, Petitioners agreed to represent Respondent and Respondent agreed to a contingency compensation amount of 33.33% to be payable to Petitioners. Petitioners request that, for the reasons discussed below and to be further detailed in the Memorandum in Support (which will be filed in accordance with Rule 14 of the Rules Governing Petitions for Deviation from the Fee Cap, attached to this Court's Order of May 3, 2018), the fee award to Petitioners be increased

1

from 22% (the Presumptive Fee Cap) to 30% (less than the amount to which Petitioners and Respondent agreed in the Contract).

### B. Brief Statement of Exceptional and Unique Circumstances

In its Memorandum of April 5, 2018 (Dkt. 9862), this Court imposed a fee cap to prevent a "free-rider problem" whereby IRPAs would benefit from the work of Class Counsel even though the IRPA's did not bear the costs. Dkt. 9862 at 4-5. Petitioners have engaged in extensive and significant legal work in connection with Respondent's claim separate and apart from Class Counsel, which is exceptional and unique as compared to most claims presented for payment under the Settlement Agreement. First, Petitioners bore the entire risk for this claim by paying to have Respondent tested pursuant to the MAF program outlined in the Settlement. A small percentage of Retired Players proceed through the MAF (requiring Petitioners to front costs) as compared to the BAP. If Respondent did not satisfy the criteria to qualify under the Settlement Agreement, Petitioners would not be reimbursed for these costs.

Prior to submitting Respondent's claim to the Claims Administrator for consideration, Petitioners performed the following activities for the benefit of Respondent: registered Respondent to ensure eligible to participate in settlement; obtained medical records; ensured Respondent received appropriate number of Eligible Seasons to maximize potential compensation under settlement; sent Respondent for comprehensive neuropsychological evaluation with board certified neuropsychologist; sent Respondent for comprehensive neurological evaluation with an MAF neurologist; thoroughly reviewed medical records to ensure records supported a Qualifying Diagnosis; assisted Respondent in obtaining third-party affidavit to include with claim package; prepared claim package for Respondent; regularly communicated with Respondent throughout process to answer questions and provide updates.

Petitioners' work did not end with obtaining a claims award for Respondent. Petitioners were then faced with the exceptional and unique circumstance of an NFL Appeal. The NFL has only appealed a small percentage of awards entered by the Claims Administrator. As a result of this appeal, Petitioners were required to submit a comprehensive response brief addressing each of the NFL's points to ensure that Respondent's award was upheld. This response required conducting additional research, analysis of the extensive Settlement Agreement, and the examination of relevant neurocognitive literature. As a result of Petitioners' efforts on the appeal, the Special Master rejected the NFL's appeal and affirmed the Claims Administrator's award in total on June 20, 2018.

For these reasons, the "free-rider problem" does not exist in the case of Respondent's claim. Petitioners bore significant costs (both in terms of upfront costs and extensive legal work to prepare the claim and appeal response) in preparing, presenting, and defending Respondent's claim. Petitioners are only requesting an increase in the presumptive fee in accordance with the parties' existing contract (and for an amount less than required by the Contract).

### C. Payment Terms of the Original Contingency Fee Agreement

The Contract included the following contingency fee agreement and payment terms:

> For and in consideration of the legal services to be rendered by the Attorney, and subject to provisions of Paragraphs II and III, below, Client hereby agrees to pay to Attorney:
>
> A. A sum of money equal to:
>
> - 1/3 of all money and property collected if this matter is settled prior to filing a lawsuit;
> - 40%, of all money and property collected on behalf of Client in the event the matter is settled or a judgment is rendered after filing a lawsuit;
> - 45%, of all money and property collected on behalf of Client in the event the matter is settled or a judgment is rendered after the filing of an appeal by any party.

The Client acknowledged that in the event the Attorneys make Case Advances from the Attorneys' funds, the Attorneys are entitled to compensation and therefore, the Client agrees that the Attorneys are authorized to charge simple interest thereon. THE ATTORNEYS' FEES WILL BE COMPUTED BY APPLYING THE PERCENTAGE SET FORTH ABOVE TO THE TOTAL GROSS RECOVERY, AS OPPOSED TO THE NET PAYMENT, PRIOR TO DEDUCTING ANY CASE ADVANCES, MEDICAL EXPENSES, LIENS, FINANCE CHARGES, CASE EXPENSES AND INTEREST TO BE REIMBURSED TO THE ATTORNEYS AS SET FORTH ABOVE. The attorneys' fees will be taken on all money, property, or benefits collected, delivered or obtained on behalf of the Client. In the event the Attorneys do not obtain for the Client a settlement or recovery and the events described herein have not occurred, the Client has no obligation to pay any legal fees, Case Advances, Finance Charges or Interest.

**D. Statement Under Penalty of Perjury that the Respondent Has Been Served**

Petitioners, through their undersigned counsel, hereby declares under penalty of perjury that the Respondent, Robert Ferguson, has been informed that this Petition for Deviation is being filed with the Court via electronic mail, pre-paid First-Class United States mail, and certified United States mail, return receipt requested and has been served with a copy of this Petition for Deviation via electronic mail, pre-paid First-Class United States mail, and certified United States mail, return receipt requested.

                Respectfully submitted,

                THE MOKARAM LAW FIRM

                /s/ Ali Mokaram
                Ali Mokaram
                Texas Bar No. 00794318
                2500 West Loop South, #450
                Houston, Texas 77027
                Telephone: (713) 952-4445
                Telecopier: (713) 952-4525
                E-mail: ali@mokaramlawfirm.com

                Attorneys for Settlement Class Member
                Robert Ferguson

CERTIFICATE OF SERVICE

I, Ali Mokaram, hereby certified that a copy of the foregoing document was filed through the Court ECF system on July 2, 2018, and that such filing was e-mailed, mailed via pre-paid First-Class United States mail, and mailed via certified United States mail, return receipt requested to Robert Ferguson. Such ECF filing also generates a notice of filing that constitutes serves on all counsel of record. I also hereby certify that a copy of the foregoing document was e-mailed to the Claims Administrator at ClaimsAdministrator@NFLConcussionSettlement.com or faxed to (804) 521-7299.

/s/ Ali Mokaram