IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>　　　　　　　Defendants. | No. 2:12-md-02323-AB<br>MDL No. 2323<br><br>Honorable Antia B. Brody |

**PETITION FOR DEVIATION**

COMES NOW Petitioner, the Mokaram Law Firm an Individually Retained Plaintiffs' Attorney ("IRPA"), and, pursuant to this Court's Order of May 3, 2018 (Dkt. 9956) files this Petition for Deviation and requests an increase in the Presumptive Fee Cap from 22% (as mandated by the Court's Order) to 25% (as agreed between Petitioner and Respondent, Settlement Class Member John V. Johnson, in their Contingent Fee Contract and Power of Attorney (the "Contract") dated March 15, 2017).

A. Extent of Deviation Sought

In the Contract, Petitioner agreed to represent Respondent and Respondent agreed to a contingency compensation amount of 25% to be payable to Petitioner. Petitioner requests that, for the reasons discussed below and to be further detailed in the Memorandum in Support (which will be filed in accordance with Rule 14 of the Rules Governing Petitions for Deviation from the Fee Cap, attached to this Court's Order of May 3, 2018), the fee award to Petitioner be increased from

1

22% (the Presumptive Fee Cap) to 25% (the amount to which Petitioner and Respondent agreed in the Contract).

### B. Brief Statement of Exceptional and Unique Circumstances

In its Memorandum of April 5, 2018 (Dkt. 9862), this Court imposed a fee cap to prevent a "free-rider problem" whereby IRPAs would benefit from the work of Class Counsel even though the IRPA's did not bear the costs. Dkt. 9862 at 4-5. Petitioner has engaged in extensive and significant legal work in connection with Respondent's claim separate and apart from Class Counsel, which is exceptional and unique as compared to most claims presented for payment under the Settlement Agreement. First, Petitioner bore the entire risk for this claim by paying to have Respondent tested pursuant to the MAF program outlined in the Settlement. Only a small percentage of Retired Players proceed through the MAF (requiring Petitioner to front costs) as compared to the BAP. If Respondent did not satisfy the criteria to qualify under the Settlement Agreement, Petitioner would not be reimbursed for these costs.

Prior to submitting Respondent's claim to the Claims Administrator for consideration, Petitioner performed the following activities for the benefit of Respondent: registered Respondent to ensure eligible to participate in settlement; obtained medical records; ensured Respondent received appropriate number of Eligible Seasons to maximize potential compensation under settlement; sent Respondent for comprehensive neuropsychological evaluation with board certified neuropsychologist; sent Respondent for comprehensive neurological evaluation with an MAF neurologist; thoroughly reviewed medical records to ensure records supported a Qualifying Diagnosis; assisted Respondent in obtaining third-party affidavit to include with claim package; prepared claim package for Respondent; regularly communicated with Respondent throughout process to answer questions and provide updates.

Petitioner's work did not end with obtaining a claims award for Respondent. Petitioner was next faced with the exceptional and unique circumstance of an NFL Appeal. The NFL has only appealed a small percentage of awards entered by the Claims Administrator. As a result of this appeal, Petitioner was required to submit a comprehensive response brief addressing each of the NFL's points to ensure that Respondent's award was upheld. This response required conducting additional research, analysis of the extensive Settlement Agreement, and the examination of relevant neurocognitive literature. As a result of Petitioner's efforts on the appeal, the Special Master rejected the NFL's appeal and affirmed the Claims Administrator's award in total on June 20, 2018.

For these reasons, the "free-rider problem" does not exist in the case of Respondent's claim. Petitioner bore significant costs (both in terms of upfront costs and extensive legal work to prepare the claim and appeal response) in preparing, presenting, and defending Respondent's claim. Petitioner is only requesting an increase in the presumptive fee in accordance with the parties' existing contract.

### C. Payment Terms of the Original Contingency Fee Agreement

The Contract included the following contingency fee agreement and payment terms:

3. In consideration of the services rendered and to be rendered by The Firm [Petitioner], Client [Respondent] agrees to pay the Firm the following:

   25% of Total Recovery, if settlement is obtained before the lawsuit is filed; or

   25% of Total Recovery, if collection is made after the lawsuit is filed.

   These percentages reflect the most that you will be charged, subject to approval by the MDL Judge. Although these figures may be revised at a future date, they can only be revised to a lower number.

   The term "Total Recovery" means all monies and everything of value (expressed in present cash dollars) recovered, received or obtained on behalf of Client as a result of any settlement or judgment in the Case, including recovery from responsible parties, liability insurance carriers, uninsured- or underinsured motorist carriers and PIP or Med Pay carriers.

4. The Firm's fee will be calculated from the Total Recovery in the Case, before deducting Case expenses, Client's medical expenses due and owing at the conclusion of the Case, and any other valid liens and subrogation claims.

**D. Statement Under Penalty of Perjury that the Respondent Has Been Served**

Petitioner, through its undersigned counsel, hereby declares under penalty of perjury that the Respondent, John V. Johnson, has been informed that this Petition for Deviation is being filed with the Court via electronic mail, pre-paid First-Class United States mail, and certified United States mail, return receipt requested and has been served with a copy of this Petition for Deviation via electronic mail, pre-paid First-Class United States mail, and certified United States mail, return receipt requested.

    Respectfully submitted,

    THE MOKARAM LAW FIRM

    /s/ Ali Mokaram
    Ali Mokaram
    Texas Bar No. 00794318
    2500 West Loop South, #450
    Houston, Texas 77027
    Telephone: (713) 952-4445
    Telecopier: (713) 952-4525
    E-mail: ali@mokaramlawfirm.com

    Attorneys for Settlement Class Member
    John V. Johnson

CERTIFICATE OF SERVICE

      I, Ali Mokaram, hereby certified that a copy of the foregoing document was filed through the Court ECF system on July 2, 2018, and that such filing was e-mailed, mailed via pre-paid First-Class United States mail, and mailed via certified United States mail, return receipt requested to John V. Johnson. Such ECF filing also generates a notice of filing that constitutes serves on all counsel of record. I also hereby certify that a copy of the foregoing document was e-mailed to the Claims Administrator at ClaimsAdministrator@NFLConcussionSettlement.com or faxed to (804) 521-7299.

                                                                  /s/ Ali Mokaram