# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Hon. Anita B. Brody |

## SETTLEMENT IMPLEMENTATION DETERMINATION

Before the Court is an objection from a finding by the Special Master that Appellant, an ex-wife of a Retired NFL Player, is not entitled to a Derivative Claimant Award.

The Court reviews de novo any objections to conclusions of law from its Special Masters. *See* ECF No. 6871 at 4-5 (appointing the Special Masters and defining their roles). "The decision of the Court will be final and binding." Settlement Agreement § 9.8.

A claimant is entitled to a Derivative Claimant Award if she had a relationship with the Retired NFL Football player that would provide "the right under applicable state law to sue independently and derivatively." Settlement Agreement § 7.2. The Retired NFL Player here was diagnosed with Death with CTE. That diagnosis corresponds to a wrongful death suit. Under Texas law, applicable to this case,[1] a wrongful death suit is only available to a spouse married to the deceased at the time of death. *See Malik v. Bhargava*, No. 05-13-00384-CV, 2014 WL 1022358, at *1 (Tex. App. Feb. 19, 2014) (finding no standing for wrongful death by ex-spouse

---

[1] Appellant does not dispute that Texas law applies.

1

when divorce occurred before the time of death). In this case, the divorce occurred in 2012 and the Retired NFL Football Player died in 2013. Therefore, the ex-wife was not a spouse at the time of death and could not bring a suit for wrongful death under Texas law. As applied to the Settlement Agreement, that means that she is not entitled to a Derivative Claimant Award from a Death with CTE diagnosis.

Based on the review of the Special Master's Findings and Remedies (attached), I approve and adopt its conclusions. Accordingly, the Appellant's objection is **DENIED**.

_____  
DATE

_____  
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:           Copies **MAILED** on _____ to:

O:\ABB 2018\L-Z\NFL Derivative Claimant Appeal.docx

2

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| | **Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br>Plaintiffs, | Civ. Action No. 14-00029-AB |
| v. | |
| National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc., Defendants. | |
| APPEAL OF CYNDY FEASEL REGARDING DENIAL OF DERIVATIVE CLAIMANT AWARD | |

**FINDINGS AND REMEDIES OF THE SPECIAL MASTER PURSUANT TO SECTION 9.5 REGARDING THE APPEAL OF A DENIAL OF A DERIVATIVE CLAIMANT AWARD**

**I. INTRODUCTION**

This matter requires the Special Master to rule on whether Appellant – a Derivative Claimant and ex-wife of a Retired NFL Player – has a sufficiently-close relationship with the Player to entitle her to a Derivative Claimant Award under the Settlement Agreement. For the reasons stated below, the Special Master holds that Appellant is not entitled to a Derivative Claimant Award. The determination of the Special Master is final and binding.

## II. STANDARD OF REVIEW

The Special Master must decide an appeal of a Derivative Claimant Award based on a showing by the appellant of clear and convincing evidence that the determination of the Claims Administrator was incorrect. (Order Appointing Special Masters, 5.) "Clear and convincing evidence" is a recognized intermediate standard of proof – more demanding than preponderance of the evidence, but less demanding than proof beyond a reasonable doubt. In re Fosamax Alendronate Sodium Prods. Liab. Litig., 852 F.3d 268, 285-86 (3d Cir. 2017) ("Black's Law Dictionary defines clear and convincing evidence as 'evidence indicating that the thing to be proved is highly probable or reasonably certain.'").

## III. FACTUAL AND PROCEDURAL HISTORY

Cyndy Feasel (hereinafter, "Appellant") married Retired NFL Player Grant Feasel in 1983. (Doc. 133056, at 4.) Mr. Feasel played 11 seasons in the NFL. (*Id.*) Appellant and Mr. Feasel divorced in 2012, and Mr. Feasel died later that same year. (*Id.*)

In February of 2013, Mr. Feasel received a Qualifying Diagnosis of Death with CTE from a Board-Certified Neurologist. (Doc. 53027, at 5-6.) In June of 2017, Mr. Feasel's Representative Claimant – his son Sean Feasel – received a Monetary Award. (Doc. 84453.)

After the Monetary Award was issued, Appellant timely registered as a Derivative Claimant with the Settlement Program. (Doc. 110139.) Sean Feasel challenged Appellant's Derivative Claim. (Doc. 110256.) The Claims Administrator reviewed the Derivative Claim and determined that Appellant was not eligible to receive a Derivative Claimant Award. (Doc. 126552.) The Claims Administrator then rejected Appellant's objection to the initial determination. (Doc. 140716.) Appellant timely appealed this determination to the Special Master, on the grounds that the applicable state law (Texas law) was not applied correctly.[1] (Doc. 133056, at 2.)

## IV. DISCUSSION

Section 7.2 of the Amended Class Action Settlement Agreement (hereinafter, "the Settlement Agreement") sets forth the conditions that a Derivative Claimant must meet to receive a Derivative Claimant Award. Section 7.2(d) requires that the Claims Administrator make the following determination before granting a Derivative Claimant Award:

> [B]ased on a review of the records provided in the Derivative Claim Package and applicable state law…the Derivative Claimant has a relationship with the subject Retired NFL Football Player that properly and legally provides the right under applicable state law to sue independently and derivatively.

---

[1] Pursuant to §9.5 of the Class Action Amended Settlement Agreement, the Claims Administrator's determination as to whether a Settlement Class Member is entitled to a Derivative Claimant Award is appealable to the Special Master based on the good-faith belief that the determination was incorrect.

When the Retired NFL Player's Qualifying Diagnosis is Death with CTE, the relevant state law for determining Derivative Claimant eligibility is the wrongful death law of the applicable state.[2] (Derivative Claimant Review Procedure.)

The Claims Administrator found that Texas was the applicable state law for Appellant's claim.[3] (Doc. 126552.) The Claims Administrator denied Appellant's right to relief because Texas law provides that a wrongful death action is available for the "exclusive benefit of the surviving spouse, children, and parents of the deceased." Tex. Civ. Practice Code § 71-004 (2015).

A spouse only has the right to bring a wrongful death suit under Texas law if they were married to the decedent at the time of death. See, e.g., Apamibola v. City of Hous., 2016 WL 4045480, at *4 (S.D. Tex. July 12, 2016), report and recommendation adopted, No. CV H-15-2566, 2016 WL 4046799 (S.D. Tex. July 27, 2016) ("Plaintiff was not legally married to [Decedent] at the time of his death...therefore, Plaintiff lacks standing to bring any action on [Decedent's] behalf."). Appellant and Mr. Feasel divorced in 2012, prior to Mr. Feasel's death later that year. (Doc. 133056, at 4.) Accordingly, Appellant was not a "surviving spouse" of the deceased, and cannot bring a wrongful death suit under Texas law.

Appellant does not have the right to sue under applicable state law, and thus has not established by clear and convincing evidence that the decision of the Claims Administrator to deny her a Derivative Claimant Award was incorrect.

## V. CONCLUSION

The Special Master denies this appeal, and upholds the decision of the Claims Administrator.

Date: March 24, 2018

Wendell E. Pritchett, Special Master

---

[2] Appellant also asserted a claim for, *inter alia*, loss of consortium. (Doc. 133056, at 4.) Loss of consortium is the relevant state cause of action for analyzing other Qualifying Diagnoses. (Derivative Claimant Review Procedure.) However, it does not apply to Death with CTE, and Mr. Feasel received only a Qualifying Diagnosis of Death with CTE. (Doc. 53027, at 6.) No other causes of action may be considered by the Claims Administrator. (Derivative Claimant Review Procedure; *see also* Settlement Program FAQs, Quest. 171.)

[3] Texas was determined to be applicable state law because Mr. Feasel was a "long-time resident of Texas at the time of his death." (Doc. 110256.) Appellant did not challenge the determination that Texas is the applicable law, appealing only on the grounds that Texas law was improperly applied. (Doc. 133056, at 2.)