## UNITED STATED DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Case No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                              Defendants. | Civ. Action No.: 14-cv-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## MEMORANDUM OF LAW IN OPPOSITION TO
## THRIVEST'S MOTION FOR BOND PENDING APPEAL

### I.     INTRODUCTION

Co-Lead Class Counsel ("Class Counsel") respectfully submits this Memorandum of Law in Opposition to the Motion for Bond Pending Appeal (ECF No. 10114) filed by Third-Party Funder, Thrivest Specialty Funding, LLC ("Thrivest").

Thrivest's demand for the posting of a bond by Class Counsel or Class Member William White is audacious.  Having failed to make an end run around this Court's December 8, 2017 Explanation and Order (ECF No. 9517) by filing an action in another court to compel Mr. White to submit to arbitration,[1] Thrivest now insists that *the prevailing parties* must provide it a financial

---

[1]     *See Thrivest v. White*, No. 18-563-NBF, at ECF No. 3 (W.D. Pa. May 4, 2018), (copy attached hereto as Exhibit A ("Ex. A")), at 3 ("*Plaintiff may be engaging in impermissible forum shopping by bringing its suit in this District*, perhaps in an effort to avoid Judge Brody's unfavorable rulings referenced in its Complaint, … and/or the decision to enter the temporary restraining order enjoining the proceeding.") (emphasis added).

security blanket while it takes its shot at an appeal of the permanent injunction against its misguided arbitration ploy.  Notably, it failed to convince the Third Circuit to expedite that appeal after making pretty much the same arguments that it presents here concerning alleged financial exposure.  The Court should reject this latest maneuver.  Thrivest is entitled to exercise its appellate rights, but not at others' expense.

The underlying reason allegedly necessitating a bond – possible dissipation of a Monetary Award by a Class Member who had entered into a now-void assignment agreement – was already considered by both this Court and the Third Circuit in the context of Thrivest's appeal and in the context of the appeal by RD Legal Funding, LLC; RD Legal Finance, LLC; RD Legal Funding Partners LP; and Roni Dersovitz (collectively referred to as "RD Legal").  This Court and the Third Circuit denied Thrivest's motion to expedite and RD Legal's motion for a stay pending appeal and determined that neither an expedited appeal, nor staying the payments of Class Members' Monetary Awards, was warranted.  So, too, Thrivest's motion for a bond should be denied.

This Court issued its May 22, 2018 Explanation and Order (ECF No. 10011) permanently enjoining Thrivest from seeking to proceed with an arbitration against Mr. White, in accordance with the All Writs Act, 28 U.S.C. § 1651(a), and Thrivest has appealed that determination (ECF No. 10027).  Because the Court proceeded under the All Writs Act, in aid of its jurisdiction, as was necessary "to effectuate and prevent the frustration of orders it has previously issued," namely, the Amended Final Order and Judgment, dated May 8, 2015 (ECF No. 6534) and the December 8, 2017 Explanation and Order (ECF No. 9517), which orders Thrivest would seek to have an arbitrator overturn, it is not appropriate to order Mr. White or Class Counsel to post an appeal bond.  *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977); *see* ECF No. 10011, at 3-4.

II.     **ARGUMENT**

A.     **Both This Court and the Third Circuit Already Have Declined to Act to Prevent or to Reduce the Likelihood of Dissipation of a Monetary Award by a Class Member Who Entered into a Now-Void Assignment Agreement for the Benefit of a Third-Party Funder with an Appeal Pending; Similarly, Possible Dissipation Does Not Necessitate an Appeal Bond**

The backdrop of the instant motion bears noting.  Thrivest was unable to persuade the Third Circuit that it was entitled to an expedited appeal.  The asserted basis for expedition was that the Class Member with whom Thrivest entered into a now-void assignment agreement, Mr. White, might spend his Monetary Award during the pendency of Thrivest's appeal, potentially leaving him unable to repay the monies advanced by Thrivest under the putative assignment in the unlikely event that Thrivest is successful on the merits of its appeal from this Court's Explanation and Order of May 22, 2018 (ECF No. 10011).  *See In re Nat'l Football League Players' Concussion Injury Litig.*, No. 18-2184 (3d Cir. June 13, 2018) (Doc. No. 003112955853) (Appellant Thrivest's Motion to Expedite Appeal, a copy of which is attached hereto, without its exhibits, as Ex. B), at 3, 7 ("there is a serious risk of dissipation that worsens with time"; "the longer this appeal goes on, the more likely it becomes that Thrivest—if successful—will achieve only a pyrrhic victory"); *id*. (3d Cir. June 22, 2018), (Doc. No. 003112964576) (Appellant Thrivest's Reply in Support of its Motion to Expedite Appeal, attached hereto as Ex. C), at 3 ("Thrivest's concerns about dissipation of the TSF Distribution—which White agreed he would hold in trust until paid to Thrivest—support expediting the appeal because that risk only grows as time passes.").

Having failed in that attempt, Thrivest now approaches this Court seeking different relief, but based upon the same reasoning – that Mr. White might spend his Monetary Award proceeds

during the pendency of Thrivest's appeal.[2]  *See* ECF No. 10114-2, at 1 ("Thrivest is wholly unprotected against Mr. White's dissipation of the disputed funds …").  Just as the Third Circuit denied an expedited appeal, this Court should deny Thrivest's request for imposition of bond or alternative security by Mr. White or Class Counsel.

In declining to expedite the appeal in its June 25, 2018 Order, the Third Circuit also determined as follows:

> The issues raised in this appeal are largely identical to those that have been raised in *In re National Football League Players' Concussion Injury Litigation, *RD Legal Funding, LLC; RD Legal Finance, LLC; RD Legal Funding Partners LP; Roni Dersovitz, Appellants*, Nos. 18-1040 and 18-1482, in which briefing already has been completed, and the one issue that is raised only here and not in the other two cases does not warrant expedited consideration. *See Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 129 (2d Cir. 2015) ("[S]everal of our sister circuits have held that the All Writs Act … permits district courts to enjoin arbitrations that threaten to undermine federal judgments.").

*See* Doc. No. 003112965005 (Order, dated June 25, 2018), attached hereto as Ex. D.  Because the Third Circuit has determined that the issues raised in Thrivest's appeal are "largely identical" to those raised by RD Legal, the motion practice in the RD Legal appeal is instructive as to the disposition on Thrivest's request for a bond.  Notably, RD Legal's requests for a stay pending appeal were rejected by this Court and the Third Circuit.

In its opening and reply memoranda filed before this Court, RD Legal had claimed that a stay of this Court's Orders of December 8, 2017 (ECF No. 9517) and February 20, 2018 (ECF No. 9749), was necessary to prevent dissipation of funds by the Class Member with whom RD Legal had entered into a now-void assignment agreement, Andrew Stewart, who was imminently to

---

[2]     Although Thrivest spends three and a half pages of its brief setting forth the Factual and Procedural Background, as to which this Court is already well aware, it neglects to apprise this Court of relevant facts of which it may not be aware – namely, its failed motion for expedited appeal that it filed in the Third Circuit, which that Court denied four days prior to Thrivest's filing of the instant Motion for Bond Pending Appeal.

receive his Monetary Award, as well as dissipation by other Class Members with whom RD Legal had entered into purported assignment arrangements.  *See* ECF No. 9761-1, at 2 ("Indeed, in the absence of a stay, disbursement of the proceeds by the Claims Administrator will likely result in further dissipation of the funds by the NFL Players themselves, thereby potentially rendering any attempt by RD Legal to recover funds in a future action an exercise in futility.")[3]; ECF No. 9811, at 1 ("RD Legal reiterates its request that the Court rule as expeditiously as possible to avoid the dissipation of funds or, if necessary, to permit RD Legal time to seek relief from the Third Circuit Court of Appeals before the ostensible April 12, 2018 distribution date for Andrew Stewart's settlement proceeds.").  This Court rejected RD Legal's arguments and denied RD Legal's request for a stay on March 26, 2018.[4]  ECF No. 9812.

RD Legal advanced the same dissipation argument in the Third Circuit.  *See* Appeal Nos. 18-1040 & 18-1482, at Doc. No. 003112888876, attached hereto as Ex. E, at 5 ("A stay is thus warranted to maintain the status quo and reign in a process that the District Court has hastily implemented and threatens to dissipate the funds in dispute.").  Like this Court, the Third Circuit rejected RD Legal's arguments and denied RD Legal's Emergency Motion for Stay Pending Appeal.  *Id.*, at Doc. No. 003112899393, attached hereto as Ex. F.

The possible dissipation of funds by Mr. White similarly does not necessitate the posting of an appeal bond.

---

[3]     RD Legal's "exercise in futility" argument is akin to Thrivest's "pyrrhic victory" argument.

[4]     Additionally, in support of its request for an appeal bond, Thrivest cites *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), and engages in an analysis of the four-factor test under Fed. R. Civ. P. 62(c) for determining whether *a stay* pending appeal is appropriate.  *See* ECF No. 10114-2, at 6-11.  Inasmuch as the argument failed to support RD Legal's motion for a stay, it should similarly be rejected as concerns Thrivest's motion for an appeal bond.  *See* ECF No. 9811, at 7, 7 n.1.

**B.      Because This Court Enjoined Thrivest from Proceeding with Arbitration Based upon the All Writs Act, an Appeal Bond Is Not Appropriate**

Thrivest begins by acknowledging that "[t]he Third Circuit has not ruled on whether an injunction issued under the All Writs Act is subject to the requirements of Rules 62 or 65" and notes that the "case law in other Circuits is mixed."  ECF No. 10114-2, at 14.[5]   The cases upon which Thrivest relies, wherein other federal circuit courts held that Fed. R. Civ. P. 65(c) had to be satisfied even in the context of a federal court acting pursuant to the All Writs Act, are inapposite. Those cases, which are not binding on this Court to begin with, did not involve a situation, like the one at hand, wherein the federal court was acting to enforce its own prior orders.  Rather, in those cases, the federal courts acting under the auspices of the All Writs Act had yet to decide the underlying issue that was the subject of the injunction.  *See In re Jimmy John's Overtime Litig*., 877 F.3d 756, 766 (7th Cir. 2017) ("At bottom, this argument amounts to nothing more than a fear that the district courts presiding over the franchisee cases might reach a final decision on the merits before this case or, at the very least, make legal determinations that could affect the present litigation."); *Florida Med. Ass'n, Inc. v. U.S. Dep't of Health, Ed., and Welfare*, 601 F.2d 199, 201-202 (5th Cir. 1979) ("the parties had submitted all their evidence on the merits and the court was not prepared to make the usual preliminary assessment of the merits," so, to avoid "mooting the controversy," the court issued injunction).

In contrast to those cases, this Court already determined in its December 8, 2017 Explanation and Order, issued in accordance with its continuing jurisdiction over the

---

[5]      Thrivest's Fed. R. Civ. P. 65 argument is unpersuasive.  ECF No. 10114-2, at 11-13. Indeed, in its motion to expedite the appeal filed in the Third Circuit, Thrivest acknowledged that "[b]ecause the District Court enjoined Thrivest from proceeding with the Arbitration under the All Writs Act and not Rule 65.1 of the Federal Rules, the District Court did not require Class Counsel to post a bond to secure its injunction."  Ex. B, at 8 n.6.

implementation of the Settlement and the Settlement corpus, as per the Amended Final Order and

Judgment, dated May 8, 2015 (ECF No. 6534), at ¶ 17, that the assignment agreements are void.

Thrivest's 19-page memorandum fails to mask that, at bottom, it is seeking to have an arbitrator

overturn this Court's determination that Third-Party Funders' putative purchases of Class

Members' Monetary Awards through assignment agreements are invalid.  It failed, however, to

even appeal the December 8, 2017 Explanation and Order, or the February 20, 2017 Order

administratively implementing the prior Order, as other Third-Party Funders with putative

assignment agreements with Class Members have done.  Having made its litigation choices,[6]

Thrivest is not now entitled to have Mr. White or Class Counsel post an appeal bond.

## III.    CONCLUSION

For the foregoing reasons, the Court should deny Thrivest's motion.

Dated: July 13, 2018

Respectfully submitted,

*/s/Christopher A. Seeger*
Christopher A. Seeger
TerriAnne Benedetto
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Tel: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

*Co-Lead Class Counsel*

---

[6]    Besides those discussed above, another of Thrivest's litigation choices was its decision to reject the rescission option available in accordance with this Court's December 8, 2017 Explanation and Order.

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that a true and correct copy of the foregoing document was served electronically via the Court's electronic filing system upon all counsel of record in this matter.

Dated: July 13, 2018

*/s/Christopher A. Seeger*
Christopher A. Seeger