# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THRIVEST SPECIALTY FUNDING, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WILLIAM E. WHITE, ) <br> ) <br> Defendant. ) | Civil Action No. 18-563 <br> Judge Nora Barry Fischer |

## ORDER OF COURT

AND NOW, this 4th day of May, 2018, upon consideration of the Complaint to Compel Arbitration (Docket No. 1), wherein Plaintiff Thrivest Specialty Funding, LLC, a Delaware limited liability company with its principle place of business in Conshohocken, Pennsylvania seeks to compel Defendant William E. White, a citizen of Dublin, Ohio, to participate in an arbitration proceeding related to an alleged breach of contract by White as to an advance he received from Thrivest on an expected NFL Concussion Settlement, the Civil Cover Sheet filed by Plaintiff wherein this matter is marked as related to *In re Nat'l Football League Players' Concussion Injury Litig.*, 2:12-MD-02323-AB before the Honorable Anita Brody in the U.S. District Court for the Eastern District of Pennsylvania, and the Court taking judicial notice of Judge Brody's decision of May 2, 2018 entering a temporary restraining order enjoining the arbitration proceeding, which she notes was scheduled to commence today, May 4, 2018, in Philadelphia, Pennsylvania and Judge Brody having set a hearing on Wednesday, May 9, 2018 at 11:00 a.m. to determine whether a permanent injunction is appropriate, *see In re Nat'l Football League Players' Concussion Injury Litigation*, 2:12-MD-02323-AB, Docket No. 9925 (E.D. Pa. May 2, 2018),

1

IT IS HEREBY ORDERED that this matter shall be transferred to the U.S. District Court for the Eastern District of Pennsylvania, forthwith.

In this Court's estimation, a transfer of venue is appropriate under either 28 U.S.C. §§ 1404 or 1406. To this end, it appears that the U.S. District Court for the Western District of Pennsylvania is an improper venue for litigation surrounding an arbitration proceeding which was scheduled to take place in Philadelphia between a Plaintiff based in the Eastern District of Pennsylvania and a Defendant residing in the Southern District of Ohio. *See* 28 U.S.C. § 1391(a) ("A civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."). Plaintiff admits that it selected Philadelphia as the venue of the arbitration and pleads that it subsequently requested that venue be moved to Pittsburgh for the arbitration, but such request was apparently not honored as Judge Brody notes that the arbitration was scheduled to commence today in Philadelphia. Accordingly, venue is improper in this District, making the transfer is appropriate. *See* 28 U.S.C. § 1406(a) ("[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

In the alternative, insofar as venue is appropriate here, the Court would exercise its discretion to transfer this matter under 28 U.S.C. § 1404(a) after considering all of the factors in *Jumara v.*

2

*State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995) as a careful weighing of those factors strongly suggest that such a transfer is in the interests of justice. The relevant private interests for consideration include: (1) each party's forum preference; (2) where the claims arose; (3) the convenience of the parties; (4) the convenience of the witnesses; and (5) the location of the books and records. *Id.* The cited public interests include: (1) the enforceability of the judgment; (2) practical considerations of expediting trial and reducing costs; (3) administrative difficulties in the two fora due to court congestion; (4) the local interest in deciding local controversies; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law. *Id.* at 879–80.

With respect to the relevant private interests, the first, second and third factors all strongly counsel the Court to transfer this case while the others remain neutral. *Jumara*, 55 F.3d at 879. In this regard, Plaintiff's forum preference is given little weight as it is not based in Pittsburgh, designated the arbitration to commence in Philadelphia, and has brought suit here against a non-resident Defendant. *See e.g., Washington Frontier League Baseball, LLC v. Frontier Prof'l Baseball, Inc.*, Civ. A. No. 16-1556, 2017 WL 565001, at *2 (W.D. Pa. Feb. 13, 2017) (choice of forum given little weight when Plaintiff voluntarily initiated arbitration in location of transferee venue); *Shaffer v. Graybill*, 68 F. App'x. 374, 377 (3d Cir. 2003) (district court must dismiss or transfer an action to the location of the arbitration). Further, it appears that Plaintiff may be engaging in impermissible forum shopping by bringing its suit in this District, perhaps in an effort to avoid Judge Brody's unfavorable rulings referenced in its Complaint, (*see* Docket No. 1 at ¶¶ 24-29), and/or the decision to enter the temporary restraining order enjoining the proceeding. Although Defendant has yet to appear in this litigation, the Court infers that he prefers a forum in Philadelphia

as he filed the motion to enjoin the arbitration before Judge Brody. *In re Nat'l Football League Players' Concussion Injury Litigation*, 2:12-MD-02323-AB, Docket No. 9924 (E.D. Pa. May 2, 2018). Finally, the parties are already litigating this dispute in the U.S. District Court for the Eastern District of Pennsylvania and it is clearly in the interests of judicial economy for Judge Brody to preside over this matter given her extensive experience with the NFL Concussion Litigation and her issuance of rulings relevant to this dispute. *See e.g.*, *Turner Construction Co. v. Independence Excavating, Inc.*, Civ. A. No. 16-337, 2016 WL 1408120, at *1 (W.D. Pa. Apr. 11, 2016) (active litigation in other district weighs in favor of transfer); *U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.*, 239 F.R.D. 404, 415 (W.D. Pa. 2006) ("Judicial economy is not a principle that operates exclusively to the courts' advantage. Litigants also benefit when the consolidation of related actions results in the most expedited determination of debts and liabilities.").

The relevant public factors favoring the transfer include the second and third factors, which compel this Court to exercise its discretion to transfer the matter. *Jumara*, 55 F.3d at 879-80. Certainly the practical considerations of expediting the hearing on the competing proceedings to enjoin and compel the arbitration favor the transfer because Judge Brody has already scheduled a hearing on the matter next week. *In re Nat'l Football League Players' Concussion Injury Litigation*, 2:12-MD-02323-AB, Docket No. 9925 (E.D. Pa. May 2, 2018). This Court is not so inclined to expedite this case and would stay it pending any rulings by Judge Brody if it was not transferred. *See In re Pittsburgh Corning Corp.*, Civ. A. Nos. 11-1406, 11-1439, 11-1452, 2012 WL 2368388 (W.D. Pa. Jun. 21, 2012). With respect to court congestion, this Court is presently operating with six judicial vacancies (out of ten seats), three of which have been empty for almost five years, while the Eastern District has four vacancies (out of twenty-two seats), lending further support to the Court's

4

decision. *See Administrative Office of U.S. Courts, Current Judicial Vacancies, available at:* http://www.uscourts.gov/judges-judgeships/judicial-vacancies/current-judicial-vacancies (last visited 5/4/18). The remaining public factors are largely neutral as both venues are within the Commonwealth. But, an overall weighing of the *Jumara* factors plainly supports a transfer to the U.S. District Court for the Eastern District of Pennsylvania.

For all of these reasons, this matter will be transferred to the U.S. District Court for the Eastern District of Pennsylvania, forthwith.

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this case CLOSED.

    *s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: counsel of record