# Exhibit B

No. 18-2184

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS'
CONCUSSION INJURY LITIGATION

Appeal from Order No. 10011
of the United States District Court for the Eastern District of Pennsylvania
The Honorable Anita B. Brody, U.S.D.J.
District Court Case No. 12-md-02323, MDL No. 2323

**APPELLANT THRIVEST'S MOTION TO EXPEDITE APPEAL**

**FOX ROTHSCHILD LLP**

Peter C. Buckley, Esquire
Eric E. Reed, Esquire
Mark J. Fanelli, Esquire
Attorney I.D. Nos. 93123, 204692, 321283
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania 19103-3222
Tel: (215) 299-2854
Fax: (215) 299-2150

*Attorneys for Appellant,*
*Thrivest Specialty Funding, LLC*

Dated: June 13, 2018

## **CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Appellant Thrivest Specialty Funding, LLC hereby states that it is not owned by a parent corporation, nor does a publicly traded corporation own ten percent or more of its stock.

Appellant Thrivest Specialty Funding, LLC ("Thrivest") requests an order expediting this appeal and scheduling oral argument as soon as practicable before the Third Circuit. Exceptional cause exists because: (1) the District Court deprived Thrivest of its right to a forum under the Federal Arbitration Act ("FAA") and thus the merits of this time-sensitive dispute have never been heard; (2) expedited consideration benefits all parties in view of the financial consequences associated with the duration of this appeal; (3) there is a serious risk of dissipation that worsens with time; and (4) the issues presented here are a bellwether for Thrivest's 34 other advance transactions and hundreds of transactions with other funders, and so expedited disposition could avoid seriously multiplying the scope and expense of this dispute for all involved.

## STANDARD OF REVIEW

Under Local Appellate Rule 4.1, "[a] party who seeks to expedite a case must file a motion within 14 days after the opening of the case setting forth the exceptional reason that warrants expedition." See L.A.R. 4.1.

## BACKGROUND

An 11-year veteran of the NFL, William White ("White") was diagnosed with amyotrophic lateral sclerosis (ALS) in October 2016. At the time, White owed the IRS nearly $200,000 on account of unpaid income taxes from 2008, 2011 and 2012—with interest and penalties accruing daily. White needed immediate financial assistance. He expected $3.5 million from the NFL Concussion Settlement, but knew he would have to wait; he could not even submit his claim until March 2017 and everyone expected delay. So, like many other putative members of the class on whose behalf Class Counsel negotiated the NFL Concussion Settlement, White sought an advance against his expected recovery to help bridge his financial gap.

There were numerous lenders and funding companies providing advances at the time, but White chose Thrivest. Thrivest offered the lowest rate (19% per annum) for any non-recourse

transaction—meaning that White would have no obligation to repay the advance if his claim was denied and that his other assets need not be tapped in the event of a shortfall. Thrivest clearly disclosed the terms of the arrangement and obtained assurances from White's treating neurologist regarding his diagnosis and capacity to understand the transaction. White's attorney, Robert C. Wood, Esquire ("Attorney Wood"), notarized and acknowledged the documents, and his wife consented. On December 8, 2016, White and Thrivest entered into a Sales and Purchase Agreement (the "Agreement"), which contained an arbitration clause and class action/multi-district litigation waiver. See Agreement (Exhibit A). Thrivest advanced $500,000 of White's expected $3.5 million recovery; White used $192,253.89 to satisfy his IRS liens, and received $282,746.11 (the remainder less transaction fees).

By all indications, White was satisfied with the transaction. He never complained and his attorney provided regular updates on the status of his claim to Thrivest. But, in March 2018, after the Claims Administrator approved White's award, White told Thrivest that he would not honor his promise to transfer the TSF Distribution[1] to Thrivest once he received his award. Instead, White gave Thrivest an ultimatum—either waive its rights under the Agreement by April 12, 2018 and recover only principal, or receive no repayment whatsoever. White purported to justify his "about face" by referencing a decision from the District Court in the NFL Concussion Class Action. The decision—a December 8, 2017 "Explanation and Order" that is currently on appeal to the Third Circuit at Nos. 18-1040 and 18-1482—was a response to a "certified" question from a Court in another case. After answering that question, the District Court purported to invalidate all transactions advancing NFL Concussion Settlement awards structured as assignments, finding

---

[1] White sold a portion of his award, defined in the Agreement as the "TSF Distribution," to Thrivest; the amount of the TSF Distribution varies over time and is set forth on Exhibit B to the Agreement.

4

them contrary to a provision in the NFL Concussion Settlement prohibiting the assignment of "any rights or claims relating to the subject matter of the Class Action Complaint."

The District Court suggested that Thrivest "should" accept White's ultimatum. But Thrivest—a non-party to the NFL Concussion Class Action whose right to the TSF Distribution arises only after White's claim under the Settlement Agreement has been paid and thus extinguished—chose instead to enforce its rights through arbitration as provided for in the Agreement. See Agreement at 6(z). Thrivest commenced an arbitration against White for breach of the Agreement, declaratory judgment and emergency interim relief: Thrivest Specialty Funding, LLC v. White, AAA No. 01-18-0001-4765 (the "Arbitration"). Citing the December 8, 2018 Explanation and Order, White objected to the arbitrator's jurisdiction and so Thrivest filed an action seeking to compel arbitration: Thrivest v. White, No. 18-1877 (E.D. Pa.).[2] In response, Class Counsel sought a temporary and permanent injunction in the NFL Concussion Class Action, seeking to forbid Thrivest from proceeding with the Arbitration and, in essence, to deprive Thrivest of its only available forum.

Shortly before the emergency arbitrator was set to hear Thrivest's application for emergency interim relief, which sought to escrow the TSF Distribution pending resolution of the Arbitration, the District Court entered a temporary injunction. At the hearing on Class Counsel's request for a permanent injunction, Class Counsel conceded the making of an arbitration agreement, but argued that the Court's power under the All Writs Act to enforce the Settlement Agreement in the NFL Concussion Class Action authorized the Court to permanently enjoin the Arbitration. Despite Thrivest's arguments under binding Supreme Court precedent, the District

---

[2] Thrivest v. White remains pending before the District Court. Despite Thrivest's request for an order clarifying application of the Court's injunction to that action or setting an alternative process to adjudicate the Complaint to Compel Arbitration, the District Court has taken no action.

Court agreed. In a May 22, 2018 "Explanation and Order," the District Court enjoined Thrivest from "seeking arbitration regarding the validity of its funding agreement with Settlement Class Member William White." Because of the District Court's rulings, AAA suspended the Arbitration.

## ARGUMENT

Exceptional cause exists. The Third Circuit should expedite this appeal.

**First,** unlike most appeals where there has been a determination on the merits below, the District Court's decision to enjoin Thrivest (a non-party to the NFL Concussion Class Action) from proceeding with the Arbitration has effectively denied Thrivest a forum.[3] Merits of the District Court's decision to ignore the Supreme Court's guidance under the FAA aside, the May 22, 2018 "Explanation and Order" leaves Thrivest without a forum to pursue its claim against White, who does not dispute that Thrivest honored its promise to advance him $500,000 against his expected recovery in December 2016. As between Thrivest and White, only White was a party to the Settlement Agreement in the NFL Concussion Class Action, and only White represented in the Agreement that he had the "unrestricted right to assign the TSF Distribution" to Thrivest. See Agreement at 3(c). Yet, White takes the position that he can keep the $500,000 advance without any obligation to Thrivest, and the District Court's decision has essentially immunized him from recourse and allowed him to treat the TSF Distribution as his own. The deprivation of a forum to be heard on the merits constitutes an exceptional reason to hear this appeal sooner rather than later, considering that if anyone breached the terms of the Settlement Agreement, it was White, not Thrivest.[4]

---

[3] In the Agreement, White and Thrivest agreed to the expedited resolution of disputes on the merits through binding arbitration that was to be concluded within 120 days of the appointment of an arbitrator. See Agreement at 6(z).

[4] In the history of federal jurisprudence, *"there are very few reported cases in which a federal court has enjoined arbitration."* In re Piper Funds, Inc., Institutional Gov't. Income Portfolio Litig., 71 F.3d 298,

**Second**, expedited consideration benefits White.  Under the Agreement, the TSF Distribution continues to accrue until White transfers it to Thrivest in satisfaction of his obligations.  See e.g., Agreement at 1(f), Exhibit B.  If paid by June 30, 2018, the TSF Distribution is $673,901.99.  Id. at Exhibit B.  In the Third Circuit, the average duration of civil cases from filing to disposition is approximately 10 months and 12 days.  See U.S. Court of Appeals for the Third Circuit Practice Guide, Federal Bar Association, 2012, at 25.  If this appeal follows the standard track and experiences the average duration, disposition will not occur until April 2019 at which point the TSF Distribution will be $788,535.65 (if paid before April 30, 2019)—an increase of $114,633.66 during the estimated duration of the appeal.  See Agreement at Exhibit B.  If Thrivest is successful on appeal and subsequently able to enforce its rights through the Arbitration (which will result in further duration risk to White), White will bear significant risk due solely to the duration of the appeal.[5]  An expedited schedule would move up the disposition date and, in the event that Thrivest is successful, accelerate disposition of the Arbitration—potentially saving White a substantial sum if the Agreement is upheld.  The Court of Appeals should expedite this appeal because the standard timeline may have an adverse financial impact on White.

**Third,** the longer this appeal goes on, the more likely it becomes that Thrivest—if successful—will achieve only a pyrrhic victory.  Fortunately, White appears to be in good health considering his ALS diagnosis.  On April 25, 2018, he delivered an eloquent invocation at the memorial service for former Ohio State University football coach Earle Bruce.  See Video of White

---

302-03 (8th Cir. 1995) (emphasis added) (lifting an injunction barring arbitration and reversing the district court because it held that the possibility of receiving an adverse ruling from an arbitrator that might "jeopardize the carefully negotiated class action settlement [is] . . . an insufficient basis upon which to limit a [claimant]'s rights under the FAA.").

[5] Thrivest offered to address this risk by foregoing "going forward accrual of the TSF Distribution if Mr. White would agree to a reasonable escrow arrangement pending the appeal," but White—through Attorney Wood—declined.  See E-Mail Exchange (Exhibit C).

7

Invocation (beginning at 10:08) available at https://www.youtube.com/watch?v=RmbbOf-ct5I. But, the medical expenses associated with ALS are considerable and often require outside help. Indeed, during the hearing on Class Counsel's request for a temporary injunction on the eve of the hearing on Thrivest's application for emergency interim relief, Class Counsel "assure[d]" the District Court that White "does not have" the $750,000 that Thrivest sought to escrow pending disposition of the Arbitration. See Transcript Excerpt 5:22-6:1 (Exhibit B). The serious risk of dissipation of the TSF Distribution—the asset White agreed to hold "in trust for [Thrivest]" until he transferred it to Thrivest pursuant to the Agreement—likewise warrants expedition.[6] See Agreement at 2(c).

**Fourth,** although the injunction here concerns only Thrivest's Arbitration against White, this appeal will be a bellwether for all of Thrivest's 35 advance transactions in the NFL Concussion Class Action as well as the hundreds of other advance transactions with other funders—most of which included arbitration clauses in their standard agreements. Indeed, the District Court's decision to enjoin arbitration under the All Writs Act—despite the Supreme Court's clear guidance where there is an undisputed agreement to arbitrate—could have a far-reaching impact even beyond the NFL Concussion Class Action.[7] It is important that the Third Circuit weigh in as soon

---

[6] Because the District Court enjoined Thrivest from proceeding with the Arbitration under the All Writs Act and not Rule 65.1 of the Federal Rules, the District Court did not require Class Counsel to post a bond to secure its injunction. This further exacerbated the harm inflicted on Thrivest by the District Court's temporary injunction, which the District Court issued on the eve of an arbitration hearing to determine whether to escrow the TSF Distribution pending disposition on the merits.

[7] "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. ***Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.***" Pennsylvania Bureau of Corr. v. United States Marshals Serv., 474 U.S. 34, 43 (1985) (emphasis added). Recently, the Supreme Court of the United States reaffirmed that strength of arbitration agreements versus the Fair Labor Standards Act ("FLSA") in Epic Sys. Corp. v. Lewis—"The parties before us contracted for arbitration. They proceeded to specify the rules that would govern their arbitrations, indicating their intention to use individualized rather than class or collective action procedures.

8

as possible. If other Class Members receive their awards and choose to follow White's example, there will be a "line around the block"—first, at AAA when the funders seek to enforce their agreements; next, before the District Court as Class Counsel seeks to enjoin every arbitration that is filed; and, finally, here as the funders seek relief from the overreaching. This logjam should be avoided for obvious reasons, but also because Thrivest's Agreement—and, presumably, the agreements of many of the other funders—obligates the "Seller," here White, to pay "all costs and expenses incurred by Buyer (including reasonable attorneys' fees) paid to enforce the terms of the Agreement" in the event of breach. See Agreement at 5(d). Once those fees are incurred, no one can "un-ring the bell." The Court of Appeals should expedite this appeal to provide clear guidance on these important issues and avoid the inevitable "pile-up" and attendant expense that will occur as Thrivest and many others await this Court's direction.

For these reasons, Thrivest respectfully requests that the Court of Appeals grant its motion, issue an expedited briefing schedule, and hold oral argument as soon as practicable after the completion of briefing.

## PROPOSED BRIEFING SCHEDULE

Pursuant to L.A.R. 4.1, Thrivest seeks an accelerated briefing schedule as follows:

|                    | **Standard Track** | **Proposed Expedited Track** |
|--------------------|--------------------|------------------------------|
| Brief of Appellant | July 10, 2018      | June 29, 2018                |
| Brief of Appellee  | August 9, 2018     | July 13, 2018                |
| Reply              | August 23, 2018    | July 20, 2018                |

---

And this much ***the Arbitration Act seems to protect pretty absolutely.***" See ___ U.S. ___, 2018 WL 2292444, at *1, 6 (May 21, 2018) (emphasis added).

9

Thrivest also requests oral argument (if this Court determines that one is necessary) as soon as practicable after all briefs are submitted.

## POSITION OF OPPOSING COUNSEL

Pursuant to L.A.R. 4.1, Thrivest conferred with Class Counsel about an expedited briefing schedule.[8] Class Counsel refused to consent to expedited treatment and did not respond to Thrivest's proposed schedule other than to reject it.

Respectfully submitted,

/s/ Peter C. Buckley
Peter C. Buckley, Esquire
Eric E. Reed, Esquire
Mark J. Fanelli, Esquire
Attorney ID Nos. 93123, 204692, 321283
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania 19103-3222
Tel: (215) 299-2854
Fax: (215) 299-2150
pbuckley@foxrothschild.com

*Attorneys for Appellant,
Thrivest Specialty Funding, LLC*

Dated: June 13, 2018

---

[8] On June 8, 2018, counsel for the NFL and NFL Properties (collectively, the "NFL") informed this Court that it would not participate in this appeal. Thrivest included the NFL and Attorney Wood on its correspondence regarding the expedited scheduled, but did not receive a response from either.

10