# Exhibit C

No. 18-2184

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS'
CONCUSSION INJURY LITIGATION

Appeal from Order No. 10011
of the United States District Court for the Eastern District of Pennsylvania
The Honorable Anita B. Brody, U.S.D.J.
District Court Case No. 12-md-02323, MDL No. 2323

**APPELLANT THRIVEST'S REPLY IN SUPPORT
OF ITS MOTION TO EXPEDITE APPEAL**

**FOX ROTHSCHILD LLP**

Peter C. Buckley, Esquire
Eric E. Reed, Esquire
Mark J. Fanelli, Esquire
Attorney I.D. Nos. 93123, 204692, 321283
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania 19103-3222
Tel: (215) 299-2854
Fax: (215) 299-2150

*Attorneys for Appellant,
Thrivest Specialty Funding, LLC*

Dated: June 22, 2018

Appellant Thrivest Specialty Funding, LLC ("Thrivest") submits this Reply Brief in further support of its Motion to Expedite.

## ARGUMENT

Following a familiar pattern, Class Counsel's opposition sidesteps the issue presented and instead attempts to distract the Court with misleading statements, ad hominem attacks, and merits arguments irrelevant to the issue at hand—whether to expedite. The Court should ignore this smokescreen and adopt an expedited schedule.

### A. Class Counsel Concedes Thrivest's Arguments About Harm To White And Dissipation Risk To Thrivest Through His Silence.

At the threshold, it bears noting that Class Counsel did not respond to two of Thrivest's four arguments.

**First,** while noting without support that "Mr. White himself *opposes* expedition," Class Counsel does not dispute that White will incur more than $110,000 in additional obligations to Thrivest during the estimated pendency of this appeal if it follows a standard track. (Opposition at 13, emphasis in original). Class Counsel seems to presume that he will be successful on this appeal and that he will also succeed on RD Legal's appeal; however, the Court must consider Thrivest's pending motion in light of the possibility that Thrivest will ultimately be able to enforce its contract through arbitration. In that case, unless White plans to make himself judgment proof in the interim, there can be no doubt that White will be

negatively impacted by the duration of this appeal. The Court should set an expedited schedule to reduce that risk, about which Class Counsel and White may currently express indifference, but for which they may later express serious concern if the District Court's explanations do not stand.

**Second,** Class Counsel does not walk back his statement that White "does not have" the $750,000 that Thrivest sought to escrow pending disposition of the Arbitration or address Thrivest's concerns about dissipation of the TSF Distribution in any way. Indeed, in what may be the only responsive comment in Class Counsel's opposition, Class Counsel refers to Thrivest's fear of losing its investment as "well-motivated." (Opposition at 8). Thrivest's concerns about dissipation of the TSF Distribution—which White agreed he would hold in trust until paid to Thrivest—support expediting the appeal because that risk only grows as time passes.[1]

Class Counsel's silence on these two important points speaks loudly and demonstrates the validity of Thrivest's concern that the standard track will

---

[1] Class Counsel's suggestion that the Court's denial of RD Legal's motion to stay the District Court's December 8, 2017 Explanation and Order sets a precedent for this motion is unfounded. RD Legal sought to stay enforcement of the District Court's decision, which could have slowed distribution of settlement awards to players as the Court and the Claims Administrator grappled with the impact of a stay on the claims administration process. Thrivest seeks only to move this appeal forward expeditiously, a ruling that will have no impact on the claims administration process other than to provide timely resolution of issues that may moot much of the work being performed in that process with respect to third-party funding agreements.

3

negatively affect both parties to the agreement in a way that could be remedied with an expedited track.

### B. Class Counsel Misstates Thrivest's Opportunity To Be Heard On The Merits And Misunderstands The Nature Of The Bellwether Issue.

Class Counsel responded to Thrivest's other arguments but not head on, instead attempting to obfuscate the scheduling discussion with misstatements, personal attacks, and irrelevant merits arguments about the validity of Thrivest's agreement with White.

#### 1. The District Court enjoined Thrivest from proceeding with the arbitration and its application for emergency interim relief and thus Thrivest has no forum to pursue relief after advancing White $500,000 pursuant to their agreement.

Contrary to Class Counsel's assertion, Thrivest has never had a hearing on the merits of White's failure to honor his promise to transfer the TSF Distribution upon receipt in exchange for Thrivest's $500,000 advance.

Before White ever defaulted, Thrivest objected to Class Counsel's Motion to Withhold (Dkt. 8470), which sought to interfere with third-party funding transactions by withholding the portion of class members' monetary awards payable to third-party funding companies. Thrivest argued that the substantive relief requested was beyond the Court's power to oversee the procedural aspects of a class action settlement under Rule 23(d), that the Federal Arbitration Act prohibited the Court from determining issues that the parties had agreed to arbitrate, and that Class

4

Counsel sought an impermissible advisory opinion in the absence of a case or controversy. Class Counsel asserts that the District Court disposed of the Motion to Withhold through the December 8, 2017 Explanation and Order, but the motion remains pending on the Clerk's docket[2] and there is no reference to Rule 23(d), the FAA, or Article III in the District Court's decision. Moreover, neither Thrivest, nor White are referenced in the "Explanation and Order," and, at the time, Thrivest had not yet commenced the arbitration that is the subject of the injunction being appealed here.

Class Counsel references the Claims Administrator's ruling on the validity of White's "assignment"[3] to Thrivest, but again omits the most important detail. The Claims Administrator did not provide Thrivest with either notice or an opportunity to be heard, rendering his decision at the end of a completely *ex parte* process despite an arbitration agreement between Thrivest and White that reserved issues of validity and enforceability to an arbitrator to decide.

---

[2]  On June 21, 2018, Thrivest confirmed with the Multi-District Clerk that the Motion to Withhold remains pending. As Class Counsel notes, Thrivest asked the District Court whether its December 8, 2017 Explanation and Order was intended to dispose of the Motion to Withhold, but the District Court never responded or provided any clarification.

[3]  Had Thrivest participated in this process, Thrivest would have pointed out, among other things, that the Settlement Agreement does not prohibit "assignments" generally, but rather assignments of "rights or claims relating to the subject matter of the Class Action Complaint," which Class Counsel frequently truncates in a way that removes the precision necessary here.

5

Thrivest's arbitration was not an end-run around the District Court's December 8, 2017 Explanation and Order or February 20, 2018 Order, as Class Counsel suggests. Thrivest's arbitration agreement with White reserves decisions regarding validity and enforceability to an arbitrator. And, the District Court's suggestion—that "if the Third-Party Funder is willing to accept rescission and execute a valid waiver relinquishing any claims or rights under the entire agreement creating the assignment or attempted assignment, then the Claims Administrator will be authorized to withhold—from the Class Member's monetary award—the amount already paid to the Class Member under the Agreement and return it to the Third-Party Funder"—does not address the situation here, where Thrivest declined to accept rescission and its agreement with White directed the resolution of disputes as to validity and enforceability in a different forum.[4] (Explanation and Order at 5, Dkt. 9517). And so, Thrivest appropriately pursued relief for breach of that agreement before the American Arbitration Association.[5]

---

[4]  The District Court's suggestion about what should happen is internally inconsistent. If the agreement is null, void and of no force and effect, then why would the Third-Party Funder need to waive its rights under the agreement to effect a rescission?

[5]  Class Counsel asserts that Thrivest "seeks to disrupt the orderly implementation of the historic Settlement in the NFL Players' Concussion Injury Litigation." (Opposition at 8). Class Counsel's logic is flawed. Thrivest's rights in the TSF Distribution arise only after White's claim is paid by the Claims Administrator, which, pursuant to the Settlement Agreement, can only happen once the claims administration process has concluded.

6

By enjoining Thrivest's arbitration including the emergency hearing on Thrivest's application for an escrow of the disputed funds, the District Court deprived Thrivest of its only forum to pursue relief against White, who, in December 2016, agreed to transfer the TSF Distribution to Thrivest in exchange for $500,000. The District Court and Class Counsel are essentially cutting Thrivest off at every pass, leaving White with a windfall. In the absence of a forum to pursue relief on the merits of this time-sensitive matter, an expedited schedule is warranted.

### 2. This appeal will be an important bellwether on arbitration.

Class Counsel paints this appeal as duplicative of RD Legal's appeal of the District Court's December 8, 2017 Explanation and Order, arguing against Thrivest's characterization of the appeal as an important bellwether for Thrivest's other transactions and those of other funders with arbitration clauses in their agreements. Once again, Class Counsel misses the point. RD Legal's appeal does not involve the arbitration issues. The District Court's "mere injunction against the pursuit of arbitration," as Class Counsel characterizes it, is very important and warrants expedited review so that the Third Circuit might provide its guidance before every other funding transaction with an arbitration clause makes its way through the same tortured procedural history and attendant expense. Indeed, Class Counsel misconstrues the District Court's decision when he suggests that it was issued to effectuate the December 8, 2017 Explanation and Order and the follow up February

7

20, 2018 Order. (Opposition at 2). That is not what the District Court said in its May 22, 2018 Explanation and Order, wherein it made clear that "[h]ere, the Court is effectuating its order granting final approval of the Settlement Agreement." (Explanation and Order at 4). Thus, this appeal is not duplicative of RD Legal's appeal and the important arbitration issues raised here—which will impact numerous other class members currently awaiting an award from the claims administration process—warrant a shorter schedule.

## CONCLUSION

Thrivest respectfully submits that this Court should grant its Motion to Expedite the appeal and schedule oral argument as soon as practicable before the Third Circuit.

> Respectfully submitted,
>
> */s/ Peter C. Buckley*
> Peter C. Buckley, Esquire
> Eric E. Reed, Esquire
> Mark J. Fanelli, Esquire
> Attorney ID Nos. 93123, 204692, 321283
> **FOX ROTHSCHILD LLP**
> 2000 Market Street, 20th Floor
> Philadelphia, Pennsylvania 19103-3222
> Tel: (215) 299-2854
> Fax: (215) 299-2150
> pbuckley@foxrothschild.com
>
> *Attorneys for Appellant,*
> *Thrivest Specialty Funding, LLC*

Dated: June 22, 2018

8

## CERTIFICATE OF SERVICE

I, Peter C. Buckley, Esquire, hereby certify that I electronically filed the foregoing Appellants' Motion Expedite Appeal with the Clerk of the United States Court of Appeals for the Third Circuit via the Court's CM/ECF system on June 22, 2018.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by this Court's CM/ECF system.

/s/ Peter C. Buckley
Peter C. Buckley, Esquire