UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : | Hon. Anita B. Brody |

## ORDER

AND NOW, July 12, 2018, by the authority granted to them by the Court in its April 26, 2018 Order (ECF No. 9913), the Special Masters hereby **DENY** the Motion to Prohibit Ex Parte Interviews with NFL Player-Claimants' Treating Physicians (ECF No. 9815) and **ORDER** the Claims Administrator to maintain audit holds on any claims in audit in which a healthcare provider, lawyer, Retired NFL Football Player, or any other party refuses to provide the information requested by the Claims Administrator until the requested information has been made available.

## DISCUSSION

The Court has referred to the Special Masters for ruling the "Former NFL Player-Claimants' Motion to Prohibit Ex Parte Interviews with Their Treating Physicians" (ECF No. 9815) filed by Neurocognitive Football Lawyers, LLC ("NCFL") on March 26, 2018, to which the Claims Administrator responded on April 9, 2018 (ECF No. 9870). The Yerrid Law Firm filed a Reply to that Response on April 23, 2018 (ECF No. 9910). The Special Masters have the

authority to rule on this Motion pursuant to the Court's April 26, 2018 Order. *See* ECF No. 9913 ("The Court may refer any pending motion related to Settlement implementation to the Master(s).").

NCFL and The Yerrid Law Firm also filed on March 30, 2018, a "(1) Partial Joinder to the Motion Brought by the Locks Law Firm for Appointment of Administrative Counsel, (2) Motion to Review Deprivation of Appeal Rights and (3) Requesting Oral Argument" (ECF No. 9843). The Court denied those motions as moot in its Order on April 18, 2018 (ECF No. 9890) that denied the Motion Brought by the Locks Law Firm for Appointment of Administrative Counsel. In their Partial Joinder, Yerrid and NCFL mentioned a "Motion Requesting the Special Master Review the Fraud Detection Procedures of the Claims Administrator, to Set Aside Unreasonable Audit Notices, and to Direct the Claims Administrator to Provide Important Information to the Class Members," but that Motion was never filed in this docket and is not before the Court or the Special Masters. To any extent the matters presented by NCFL or Yerrid in its Motion to Review Deprivation or Motion Requesting the Special Master Review are outstanding and require a ruling, this decision announces that ruling.

NCFL argue that when doing an audit investigation under Section 10.3 of the Settlement Agreement of submitted Monetary Award claims by Retired NFL Football Players, the Claims Administrator has no authority to seek or obtain information from physicians who examined or treated the Retired NFL Football Players, even those who signed under penalty of perjury the Diagnosing Physician Certification submitted to the Claims Administrator in the player's Claim Package. They challenge the authority of the Claims Administrator to conduct investigations of the bona fides of claims, contending that the process for appeals from claims determinations is

the only appropriate vehicle to test whether a claim is properly payable. They attack the audit process as unconstitutional and as violating rights to privacy.

Those arguments have no merit. The motion by NCFL is denied.

Section 10.3 of the Settlement Agreement directs the Claims Administrator to conduct Audits of Monetary Award claims and those who submit them to avoid payment of claims involving any misrepresentation, omission or concealment of material fact. Sections 10(b), (e) and (f) of the Settlement Agreement authorize the Claims Administrator to gather information to permit it to assess the integrity of claims. The Claims Administrator's Audit investigations occur under the Rules Governing the Audit of Claims adopted by the Special Masters appointed by the Court. The Audit Rules are posted on the public website of the Settlement program.

Audit Rule 10 authorizes the Claims Administrator to require the production of information and documents from persons and entities involved in an Audit investigation and gives those requests the force and effect of a subpoena:

> **Rule 10. Required Information and Records.** The Claims Administrator may require a Settlement Class Member, within 90 days or such other time as necessary and reasonable under the circumstances, to submit to the Claims Administrator such records and information as may be necessary and appropriate to audit the Claim of the Settlement Class Member, including the records and information described in Sections 10.3(e) and 10.3(f) of the Settlement Agreement. The Claims Administrator also may require persons and entities other than the Settlement Class Member to submit such records and information within 90 days or such other time as necessary and reasonable under the circumstances. Any request by the Claims Administrator for records or information in connection with an Audit will have the force and effect of a subpoena under Fed. R. Civ. P. 45 and may be served by any means that will cause the recipient to receive it. The Claims Administrator has the authority to take testimony, issue follow-up requests for information and records, and/or obtain additional materials and information pursuant to Fed. R. Civ. P. 45 as it deems reasonably necessary to complete the Audit. Any request by the Claims Administrator for records or information in connection with an Audit will have the force and effect of a subpoena under Fed. R. Civ. P. 45 and may be served by any means that will

cause the recipient to receive it.

Under Section 10.3(b)(ii) of the Settlement Agreement, the Claims Administrator may deny any claim where the claimant unreasonably fails or refuses to cooperate with an Audit investigation, with no right of appeal from that denial. Audit Rule 11 repeats that authority and makes all claimants responsible for providing the needed information to the Claims Administrator:

> **Rule 11. Denial of Claim for Refusal to Cooperate with an Audit.**
> Pursuant to Section 10.3(b)(ii) of the Settlement Agreement, the Claims Administrator may deny, without right to appeal, the Claim of a Settlement Class Member who refuses to cooperate with an audit, including by unreasonably failing or refusing to obtain and provide the Claims Administrator with all the records and information sought within the time frame specified. Settlement Class Members are considered responsible for obtaining or having sent to the Claims Administrator records and information requested by the Claims Administrator from any healthcare provider or other person whose information the Settlement Class Member submitted in a Claim Package.

As a result, the Claims Administrator is fully empowered—indeed is required—to investigate all facts that bear upon the integrity and reliability of the materials and assertions submitted in a Monetary Award Claim Package. The Claims Administrator is not required to find that a misrepresentation or omission was made with fraudulent intent—a deliberate intent to deceive—but instead whether there is a reasonable basis to conclude that there has been any misrepresentations, omissions or concealments of material facts relating to a claim. To fulfill that duty, the Claims Administrator has clear authority to seek information and documents from healthcare providers, lawyers, claims service providers, Retired NFL Football Players and their families and representatives and other persons and entities as it deems necessary to assess the legitimacy and integrity of the diagnosis asserted.

All processing of a claim is suspended while that claim is the subject of an audit investigation. If a healthcare provider, lawyer, Retired NFL Football Player, or any other party

refuses to provide the information requested—which means that party is not complying with a subpoena—the Claims Administrator is to maintain the hold on the claim and not process it further until the information and documents are provided. If the Claims Administrator determines that the information requested is no longer necessary to the audit investigation, the Claims Administrator has the discretion to remove the hold and resume processing the claim or conclude the audit.

The Claims Administrator also has discretion to determine in any such situation that the claims affected are to be denied, without right of appeal, for an unreasonable refusal to cooperate with an audit investigation.

It is important to note that a Retired NFL Football Player with a claim in audit may at any time be examined by a Qualified BAP Provider (if the player is eligible for the BAP) or a Qualified MAF Physician and, if found to have a Qualifying Diagnosis, withdraw the claim in audit and substitute a new Diagnosing Physician Certification for the Claims Administrator to review in the claims process. A Qualified BAP Provider or Qualified MAF Physician may, in his or her sound clinical judgment, determine the date the player had the conditions constituting a Qualifying Diagnosis under the Settlement Agreement.

_____
Wendell E. Pritchett, Special Master

7/12/18
Date

_____
Jo-Ann M. Verrier, Special Master

7/12/18
Date