IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : : : : : : | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | | |

**STATEMENT OF THE CLAIMS ADMINISTRATOR IN RESPONSE TO THE MOTION BY CLASS MEMBER ANDREW STEWART TO REQUIRE CLAIMS ADMINISTRATOR TO PAY REMAINING AMOUNT OF MONETARY AWARD**

BrownGreer PLC, the Court-appointed Claims Administrator of the Class Action Settlement Agreement of this litigation, submits this Statement in response to the "Motion by Class Member Andrew Stewart to Require Claims Administrator to Pay Remaining Amount of Monetary Award" filed with this Court on June 12, 2018 (Docket No. 18-2323, Document No. 53) (the "Stewart Motion").

### I. BACKGROUND

**A. The Explanation and Order Concerning Assignment of Claims.**

On December 8, 2017, the Court entered an Explanation and Order regarding the assignment of monetary claims to third parties (Document No. 9517) (the "Explanation and Order"). The Explanation and Order applied Section 30.1 of the Settlement Agreement to prohibit Settlement Class Members from assigning or attempting to assign their monetary claims to third parties, making any such agreement void, invalid and of no force and effect and directed

the Claims Administrator not to pay a Settlement Class Member's Monetary Award to any third party holding a purported assignment ("Third-Party Funder"). The Explanation and Order also explained that under the principle of rescission, Class Members should return the amount the Third-Party Funder had paid:

> Accordingly, if the Third-Party Funder is willing to accept rescission and execute a valid waiver relinquishing any claims or rights under the entire agreement creating the assignment or attempted assignment, then the Claims Administrator will be authorized to withhold—from the Class Member's monetary award—the amount already paid to the Class Member under the agreement and return it to the Third-Party Funder.

### B. The Rules Governing Assignment of Claims.

To implement the Explanation and Order, we follow the Rules Governing Assignment of Claims attached as Exhibit A. The Special Masters adopted these Rules in the exercise of their duties under the Court's July 13, 2016 Order (Document 6871). They were posted on the official Settlement website on February 22, 2018.

### C. Implementing the Rescission Provision of the Explanation and Order.

To address the rescission option in the last paragraph of the Explanation and Order, Rule 7 of the Rules Governing Assignment of Claims provides that for any transaction determined to be an assignment prohibited under Section 30.1 of the Settlement Agreement and the Explanation and Order (a "Prohibited Assignment"), if we are aware that a *pro se* Settlement Class Member with a payable Monetary Award has at some time attempted to assign his claim, we send to the Third-Party Funder a Waiver Relinquishing Rights Under Attempted Assignment ("Waiver Form") for it to sign and return to us within 30 days. The Waiver Form requires the Third-Party Funder to (a) indicate the dollar amount advanced to the Settlement Class Member that it has not been repaid and (b) rescind the Prohibited Assignment and relinquish all claims relating to it. If we get a completed Waiver Form from a Third-Party Funder, we then send it to the Settlement Class Member (or his or her lawyer), because it includes an attachment (the

"Class Member Agreement") for the Settlement Class Member to sign to indicate agreement with the dollar amount of the funds advanced that have not been repaid as stated by the Third-Party Funder.  When the Settlement Class Member is represented by a lawyer, we send the Waiver Form to that lawyer, who works with the Third-Party Funder on the amount due and for the funder to sign and complete the form, which the lawyer is to return to us.

### D.  The Payment Process on Prohibited Assignments.

Where there is a Prohibited Assignment, we handle payments on a Monetary Award as follows:

1. **Agreed Rescission:**  If we have a timely, complete Waiver Form signed by the Third-Party Funder as well as a Class Member Agreement signed by the affected Settlement Class Member, we direct the Trustee to pay the Third-Party Funder out of the Monetary Award the amount it is still owed and pay the balance, if any, to the Settlement Class Member.

2. **No Agreed Rescission:**  If we have not received a complete Waiver Form from the Third-Party Funder, we direct the Trustee to pay the full Monetary Award (subject to all payable liens and other applicable deductions) to the Settlement Class Member.

3. **Partial Agreed Rescission:**  If the Third-Party Funder has given us a signed Waiver Form agreeing to rescind the Prohibited Assignment, but for some reason the Settlement Class Member refuses to agree to rescission, we hold the disputed advanced amount in escrow in the Settlement Fund and pay the balance of the Monetary Award, if any, to the Settlement Class Member.

### E.  Events Regarding the Stewart Monetary Award.

Andrew Stewart presents the third scenario above.  He entered into a Prohibited Assignment with RD Legal Funding, LLC ("RD Legal").  We received a timely, complete Waiver Form signed by RD Legal stating it had advanced $343,120.53 to Mr. Stewart it had not been repaid (the "Stewart Advanced Amount").  Mr. Stewart, however, refused to sign the Class Member Agreement, saying he disagreed with the calculation of the Stewart Advanced Amount.  As a result, we withheld the Stewart Advanced Amount from Mr. Stewart's award payment, which was issued on April 4, 2018, and paid the rest of his $700,000 Monetary Award (minus

withholdings for the Common Benefit Fund and his attorney's fees and expenses), or $264,648.10, to him.

In his present Motion, Mr. Stewart asks that we be required to pay RD Legal $253,120 of the $343,120.53 Stewart Advanced Amount, "less the attorney's fees incurred by Mr. Stewart in opposing RD Legal's stay motion," and pay the balance to him in exchange for full rescission of his assignment to RD Legal, or if RD Legal rejects that deal, then pay him the entire $343,120.53 we have withheld.  While he puts the amount he wants if there is rescission at $90,000, we cannot calculate it precisely, because we do not know the amount of attorney's fees he wants reimbursed to him.

## II. **INTERPLEADER NOTICE**

We and the Settlement Fund are innocent holders of the Stewart Withheld Amount.  Though accused by Mr. Stewart repeatedly of "refusing" to pay him what he demands, all we have done is follow the Court's Explanation and Order.  The claims by RD Legal and Mr. Stewart expose the Settlement Fund and the Claims Administrator to the risk of double or multiple liability for the funds in issue, with two adverse parties claiming entitlement to them. The $343,120.53 disputed amount remains in the Court's custody as part of the Settlement Fund, pending the Court's determination of its proper disbursement.  We will follow whatever the Court directs as to the payment of these funds.

> Respectfully submitted,
> **CLAIMS ADMINISTRATOR**
>
> By:  __/s/ Orran L. Brown, Sr._____
>       Orran L. Brown, Sr.
>       Virginia State Bar No.:  25832
>       BrownGreer PLC
>       250 Rocketts Way
>       Richmond, Virginia  23231
>       Telephone:  (804) 521-7201
>       Facsimile:  (804) 521-7299
>       Email:  obrown@browngreer.com

4

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Statement of the Claims Administrator in Response to the Motion by Class Member Andrew Stewart to Require Claims Administrator to Pay Remaining Amount of Monetary Award was filed electronically on this 13th day of July, 2018, and thus was served electronically upon Class Counsel, counsel for the NFL Parties and all counsel of record by the United States District Court for the Eastern District of Pennsylvania's electronic filing system.

    /s/ Orran L. Brown, Sr.
Orran L. Brown, Sr.
Virginia State Bar No.: 25832
BrownGreer PLC
250 Rocketts Way
Richmond, Virginia 23231
Telephone: (804) 521-7201
Facsimile: (804) 521-7299
Email: obrown@browngreer.com