

IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION
No. 2:12-md-02323 (E.D. Pa.)

## RULES GOVERNING ASSIGNMENT OF CLAIMS

# Exhibit A

# TABLE OF CONTENTS

**Page**

**TITLE I:  GENERAL**................................................................................................................1

    Rule 1.   The Purpose of These Rules................................................................1
    Rule 2.   Adoption of These Rules....................................................................1
    Rule 3.   Definitions Used in These Rules ........................................................1

**TITLE II:  ASSIGNMENT REVIEW** ...................................................................................2

    Rule 4.   Third-Party Funder Transactions Subject to Assignment Review ..................2
    Rule 5.   Assignment Review............................................................................2
    Rule 6.   Review Criteria ..................................................................................3

**TITLE III:  PROCESS FOR ASSIGNMENTS** ....................................................................3

    Rule 7.   Waiver Form ......................................................................................3
    Rule 8.   Payment Steps ...................................................................................3

## RULES GOVERNING ASSIGNMENT OF CLAIMS

### TITLE I:  GENERAL

**Rule 1.     The Purpose of These Rules.**  These Rules govern the analysis of transactions involving a Settlement Class Member and a person or entity other than the NFL Parties to determine whether the transaction is an assignment of rights or claims prohibited by Section 30.1 of the Settlement Agreement and the Court's Explanation and Order entered on December 8, 2017 (Document 9517) and the implementation of that Explanation and Order.

**Rule 2.     Adoption of These Rules.**  The Special Masters have adopted these Rules in the exercise of their duties pursuant their appointment by the Court in its July 13, 2016 Order (Document 6871).  The Special Masters may amend these Rules at any time *sua sponte* or after request by the Claims Administrator and such input from Co-Lead Class Counsel, the NFL Parties and the Claims Administrator as the Special Masters deem appropriate.

**Rule 3.     Definitions Used in These Rules.**  All capitalized terms used in these Rules will have the meanings given to them in the Settlement Agreement.  In addition:

(a) "Collateralized Loan" means a Third-Party Funder Transaction determined not to be a Prohibited Assignment.

(b) "Explanation and Order" means the Explanation and Order entered by the Court on December 8, 2017 (Document 9517), regarding the application of Section 30.1 of the Settlement Agreement to monetary claims under the Settlement Agreement.

(c) "Monetary Claims" means a Monetary Award, Supplemental Monetary Award or Derivative Claimant Award in the Settlement Program.

(d) "Notice of Assignment Review Determination" means a notice the Claims Administrator will issue after determining with a Special Master whether a Third-Party Funder Transaction is a Prohibited Assignment or is a Collateralized Loan.

(e) "Prohibited Assignment" means a Third-Party Funder Transaction determined to be an assignment, or attempt to assign, by a Settlement Class Member of Monetary Claims that is void, invalid, and of no force and effect and that shall not be recognized by the Claims Administrator, pursuant to Section 30.1 of the Settlement Agreement and the Explanation and Order.

(f) "Settlement Agreement" means the Amended Class Action Settlement Agreement dated as of June 25, 2014, as amended on February 13, 2015 (the "Settlement Agreement") and approved in the Court's May 8, 2015 Amended Final Approval Order and Judgment (Document 6534).



(g) "Settlement Class Member" means a Retired NFL Football Player (or the Representative Claimant of a deceased or incompetent Retired NFL Football Player), or a Derivative Claimant, which is how this term is defined in the Settlement Agreement.

(h) "Settlement Program" means the program for benefits for Settlement Class Members established under the Settlement Agreement.

(i) "Special Master" and "Special Masters" mean any one or both of the two Special Masters appointed by the Court in its July 13, 2016 Order (Document 6871) or appointed in any subsequent Order of the Court.

(j) "Third-Party Funder" is a person or entity that engaged in a Third-Party Funder Transaction with a Settlement Class Member.

(k) "Third-Party Funder Transaction" is any agreement, contract, document, or arrangement between a Settlement Class Member and a Third-Party Funder involving the actual or potential advance or transfer of funds from the Third-Party Funder to the Settlement Class Member, disclosed to the Claims Administrator before payment of a Monetary Claim to that Settlement Class Member.

(l) "Waiver Form" means the Waiver Relinquishing Rights Under Attempted Assignment contemplated in the Explanation and Order.

## TITLE II:  ASSIGNMENT REVIEW

**Rule 4.     Third-Party Funder Transactions Subject to Assignment Review.**  The Explanation and Order requires the Claims Administrator to ask all Settlement Class Members eligible for payment on a Monetary Claim whether they have assigned or attempted to assign their Monetary Claim.  To receive payment from the Claims Administrator, an eligible Settlement Class Member must complete, sign and submit to the Claims Administrator a Sworn Statement: Status of Assignment of Monetary Claim (SWS-5).  If a Settlement Class Member indicates on this Sworn Statement that he/she has assigned or attempted to assign any settlement benefits from his/her Monetary Claim to a Third-Party Funder or borrowed any funds against his/her Monetary Claim as collateral, the Settlement Class Member must provide to the Claims Administrator all documents relating to that Third-Party Funder Transaction.  The Claims Administrator may require the Settlement Class Member and/or the Third-Party Funder to submit such documents and information as the Claims Administrator deems necessary for its review of a Third-Party Funder Transaction under these Rules, by such deadline as the Claims Administrator sets.

**Rule 5.     Assignment Review.**  The Claims Administrator will review each Third-Party Funder Transaction with a Special Master to determine whether the Third-Party Funder Transaction is a Prohibited Assignment or is a Collateralized Loan and will notify the affected Settlement Class Member of that decision by issuing a Notice of Assignment Review Determination.  If the Settlement Class Member or Third-Party Funder wishes to challenge the decision, it will be presented to the other Special Master for review, along with any argument

NFL CONCUSSION SETTLEMENT

offered by the Settlement Class Member or Third-Party Funder for the Special Master's consideration. The final decision of the Special Master is not appealable to the Court, unless the Special Master or the Court finds that it involves a conclusion of law and that the objecting party has standing to pursue review by the Court.

**Rule 6.    Review Criteria.**  The Claims Administrator and the Special Masters will assess the terms of a Third-Party Funder Transaction to determine whether they reflect the attributes of a Prohibited Assignment under the Explanation and Order. In general, a Third-Party Funder Transaction constitutes a Prohibited Assignment where there is an express assignment of a Monetary Claim. The Claims Administrator and the Special Masters will consider attributes of the transaction to assess the fairness and commercial reasonableness of its terms and whether they reflect the type of transaction the Court found invalid in its Explanation and Order.

## TITLE III:  PROCESS FOR PROHIBITED ASSIGNMENTS

**Rule 7.    Waiver Form.**  On any Prohibited Assignment, the Claims Administrator will issue a Waiver Form for the Third-Party Funder to sign and return within 30 days to (a) indicate the amount advanced to the Settlement Class Member that has not been repaid to the Third-Party Funder and (b) to rescind the Prohibited Assignment and relinquish all claims relating to it. The Claims Administrator will send this Waiver Form to the lawyer for a represented Settlement Class Member and directly to the Third-Party Funder if the Settlement Class Member is not represented by a lawyer. The Waiver Form includes an attachment for the Settlement Class Member to sign and return to the Claims Administrator indicating agreement with the amount of the funds advanced stated by the Third-Party Funder in the Waiver Form.

**Rule 8.    Payment Steps.**  The Claims Administrator will follow these steps to pay a Monetary Claim with a Prohibited Assignment:

> **(a) No Complete Waiver:**  If the Claims Administrator has not received a timely complete Waiver Form signed by the Third-Party Funder, the Claims Administrator will direct the Trustee to pay the Monetary Claim to the Settlement Class Member, subject to all payable liens and other applicable deductions under the Settlement Agreement and any Orders of the Court.

> **(b) Complete Waiver:**  If the Claims Administrator has received a timely complete Waiver Form signed by the Third-Party Funder and the Settlement Class Member agrees with the amount advanced that has not been repaid, the Claims Administrator will direct the Trustee to pay that amount to the Third-Party Funder and pay the balance to the Settlement Class Member, subject to all payable liens and other applicable deductions under the Settlement Agreement and any Orders of the Court. If the Settlement Class Member has not agreed to the amount advanced that has not been repaid, the Claims Administrator and a Special Master will determine the correct amount from the materials submitted.

> **(c) Payment to Settlement Class Members:**  The Claims Administrator will direct the Trustee to pay Monetary Claims with a Prohibited Assignment directly to the Settlement Class Member, whether represented by a lawyer or proceeding *pro se*.



2/22/18