EXHIBIT  1

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><span>Plaintiffs,</span><br><br><span>v.</span><br><br>National Football League and NFL Properties, LLC, *successor-in-interest to NFL Properties, Inc*.,<br><span>Defendants.</span> | No.  14-cv-00029-AB |
| THIS DOCUMENT RELATES TO:<br><br>*Hernandez* v. *National Football League, et al.*<br><br>*Scroggins, et al.* v. *National Football League* | No. 18-cv-00464<br><br><br>No. 16-cv-02058 |

**MEMORANDUM OF LAW IN SUPPORT OF NFL DEFENDANTS'
MOTION TO DISMISS THE COMPLAINTS FILED BY SETTLEMENT CLASS
<u>MEMBERS TRACY SCROGGINS, ROSE STABLER, AND A.H.</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................... 1

BACKGROUND ............................................................................................................. 2

      A.     Settlement Agreement ................................................................................ 2

      B.     Plaintiffs ................................................................................................... 5

             1.    Hernandez ...................................................................................... 5

             2.    Scroggins ....................................................................................... 7

             3.    Stabler .......................................................................................... 8

ARGUMENT .................................................................................................................. 9

I.       PLAINTIFFS' CLAIMS WERE RELEASED UNDER THE SETTLEMENT
         AGREEMENT AND SHOULD BE DISMISSED .................................................... 10

      A.     Hernandez is a Settlement Class Member Who Released Her Claims .......... 10

      B.     Scroggins is a Settlement Class Member Who Released His Claims ........... 13

      C.     Stabler is a Settlement Class Member Who Released Her Claims ............... 16

II.      PLAINTIFFS' CLAIMS ARE BARRED BY CLAIM PRECLUSION AND
         SHOULD BE DISMISSED ...................................................................................... 17

CONCLUSION ............................................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Allen* v. *Wells Fargo, N.A.*,
　No. 14-cv-5283, 2015 WL 5137953 (E.D. Pa. Aug. 27, 2015) ........................................ 8

*Brown* v. *Giuliani*,
　No. 98-cv-7743, 2000 WL 1727581 (S.D.N.Y. Nov. 21, 2000).................................... 16

*Chartener* v. *Provident Mut. Life Ins. Co.*,
　No. CIV.A. 02-8045, 2004 WL 1091027 (E.D. Pa. May 13, 2004) .............................. 18

*United States* v. *Davis*,
　183 F.3d 231 (3d Cir. 1999), *amended*, 197 F.3d 662 (3d Cir. 1999) ............................ 5

*In re Diet Drugs Prods. Liab. Litig.*,
　MDL No. 1203, 2008 WL 732028 (E.D. Pa. Mar. 18, 2008) ........................................ 12

*Dorn* v. *Astra USA*,
　975 F. Supp. 388 (D. Mass. 1997) ................................................................................. 14

*Ferguson* v. *Valero Energy Corp.*,
　454 Fed. Appx. 109 (3d Cir. 2011) ................................................................................ 19

*Hernandez* v. *Nat'l Football League*,
　No. 1782-cv-01279 (Mass. Super. Ct. Oct. 16, 2017) ......................................... 6, 11, 12

*In re: Imprelis Herbicide Mktg., Sales Prac. & Prods. Liab. Litig.*,
　No. 11-md-2284, 2014 WL 6901120 (E.D. Pa. Dec. 5, 2014) .......................... 12, 14, 17

*In re: Imprelis Herbicide Mktg., Sales Prac. & Prods. Liab. Litig.*,
　No. 11-MD-2284, 2015 WL 7575910 (E.D. Pa. Nov. 25, 2015)................................... 10

*Jones* v. *Nat'l Football League*,
　No. 12-cv-01027 (E.D. Pa.) ........................................................................................... 16

*Marmon Coal Co.* v. *Eckman*,
　726 F.3d 387 (3d Cir. 2013).......................................................................................... 17

*United States* v. *McGlothlin*,
　38 F. App'x 713 (3d Cir. 2002)........................................................................................ 5

*McGowan Inv'rs LP* v. *Keefe Bruyette & Woods, Inc.*,
　540 F. Supp. 2d 571 (E.D. Pa. 2008) ........................................................... 10, 12, 14, 17

*Napier* v. *Thirty or More Unidentified Fed. Agents, Emps. or Officers*,
    855 F.2d 1080 (3d Cir. 1988) ........................................................... 19

*In re Nat'l Football League Players Concussion Injury Litig.*,
    821 F.3d 410 (3d Cir. 2016) ......................................................... 3, 15

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*,
    177 F.R.D. 216 (D.N.J. 1997) ............................................... 12, 14, 17

*Pyle* v. *New York Life Ins. Co.*,
    No. 07-cv-00360, 2008 U.S. Dist. LEXIS 21638 (W.D. Pa. Mar. 19, 2008) ........... 17, 18

*Sheppard* v. *Aerospatiale, Aeritalia*,
    165 F.R.D. 449 (E.D. Pa. 1996) ..................................................... 14

*Toscano* v. *Conn. Gen. Life Ins. Co.*,
    288 F. Appx. 36 (3d Cir. 2008) ..................................................... 18

**STATUTES**

28 U.S.C. § 1927 ..................................................................... 19

Labor Management Relations Act § 301 ................................................. 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 11 ................................................................ 18, 19

Fed. R. Evid. 201 ................................................................. 5, 8

Defendants the National Football League ("NFL"), NFL Properties LLC ("NFLP"), and the NFL Foundation f/k/a NFL Charities ("NFLC" and, together with the NFL and NFLP, the "NFL Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the claims filed by Settlement Class Members Tracy Scroggins ("Scroggins") and Rose Stabler ("Stabler") in *Scroggins* v. *NFL*, No. 16-cv-02058, and A.H. ("Hernandez," together with Scroggins and Stabler, the "Plaintiffs") in *Hernandez* v. *National Football League*, No. 18-cv-00464.[1]

## **PRELIMINARY STATEMENT**

Plaintiffs' claims—released under the Class Action Settlement Agreement and dismissed with prejudice under this Court's Final Order and Judgment approving it—are barred by the Settlement Agreement and claim preclusion, and should be dismissed.

Each Plaintiff is a Settlement Class Member who is subject to this Court's continuing and exclusive jurisdiction, and who, through the Court-approved Settlement Agreement and in exchange for valuable consideration, released any claims that "could have been asserted in the Class Action," as well as any claims against the NFL Defendants relating to "head, brain and/or cognitive injury," "concussions and/or subconcussive events," "chronic traumatic encephalopathy" ("CTE"), and loss of consortium. The Settlement's notice program comported with due process and the Federal Rules, and plainly advised Plaintiffs that they would be bound by the Settlement Agreement's terms unless they opted out of the Settlement Class by October 14, 2014; Plaintiffs chose not to do so. Nonetheless, Plaintiffs now assert the very claims that they released in the Settlement. It is well settled

---

[1]   NFLC is a defendant only in *Hernandez* v. *National Football League*.

that Plaintiffs cannot re-litigate claims they voluntarily released, and their claims should therefore be dismissed.

Moreover, the Court's Final Order and Judgment already dismissed with prejudice the claims of all Settlement Class Members, including Plaintiffs.  The Final Order and Judgment expressly dismissed all claims that Settlement Class Members asserted or that they "could have . . . asserted in the Class Action Complaint or in any other Related Lawsuit."  Plaintiffs' claims all fall squarely within the Final Judgment's dismissal because they allege purported head injuries or CTE sustained as a result of NFL play.  Thus, the doctrine of claim preclusion bars Plaintiffs' attempt to re-litigate those claims now.

Accordingly, because Plaintiffs' claims are barred, they fail to state claims upon which this Court may grant relief, and their claims should therefore be dismissed.

## <u>BACKGROUND</u>

### A.    Settlement Agreement

On July 7, 2014, this Court issued an order preliminarily approving the Class Action Settlement between defendants NFL and NFLP, and the proposed Settlement Class, consisting of:

> **[A]ll living NFL Football Players who, prior to the date of the Preliminary Approval and Class Certification Order [July 7, 2014], retired, formally or informally, from playing professional football with the NFL or any Member Club . . . or were formerly on any roster,** including preseason, regular season, or postseason, **of any such Member Club or league and who no longer are under contract to a Member Club and are not seeking active employment as players with any Member Club,** whether signed to a roster or signed to any practice squad, developmental squad, or taxi squad of a Member Club ('Retired NFL Football Player'); . . . [and] [s]pouses, parents, children who are dependents, or any other persons who properly under applicable state law assert the right to sue independently or derivatively by reason of their relationship with a Retired NFL Football Player . . . . ('Derivative Claimants').

(Order ¶¶ 2(a), ECF No. 6084 (emphasis added); *see also* Class Action Settlement Agreement (as amended, the "Settlement Agreement") §§ 1.1, 2.1, ECF No. 6481-1.) Pursuant to the Court's order, defendants NFL and NFLP disseminated notice to the Settlement Class, describing, among other things, the terms of the Settlement Agreement and the deadlines for opting out. (Order ¶ 4, ECF No. 6084.)

After significant briefing and a full fairness hearing, this Court issued its Final Order and Judgment on April 22, 2015 (as amended on May 8, 2015) approving the Settlement Agreement, certifying the Settlement Class, and concluding that the settlement notice program "satisf[ied] the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e) [and] the United States Constitution . . . , and constituted the best notice practicable under the circumstances." (Am. Final Order & J. ¶¶ 2-4, 7, ECF No. 6534.) Following an appeal by certain objectors, the Third Circuit affirmed the Court's Final Order and Judgment, stating unequivocally that "the District Court was right to certify the class and approve the settlement." *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 420 (3d Cir. 2016).

Under the terms of the Settlement approved by this Court and affirmed by the Third Circuit, Settlement Class Members had the right to opt out of the class until October 14, 2014. (Order ¶ 4(g), ECF No. 6084.) Those who did not opt out are bound by the Settlement Agreement's terms and by the Court's Final Order and Judgment. Pursuant to the Settlement Agreement, Settlement Class Members "waive[d] and release[d] . . . the Released Parties . . . from any and all past, present and future claims,"[2] whether "contingent

---

[2] "Released Parties" include the NFL Defendants, because the term, as defined in the Settlement Agreement, expressly applies to the NFL and NFLP, and any of their affiliates, such as NFLC. (*See* Settlement Agreement §§ 2.1(b), 2.1(bbbb), 18.1.)

or non-contingent, known or unknown, suspected or unsuspected, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated," that related in any way to, among other claims, those (i) "arising out of, or relating to, head, brain and/or cognitive injury, as well as any injuries arising out of, or relating to, concussions and/or subconcussive events," (ii) "arising out of, or relating to, CTE," (iii) "arising out of, or relating to, loss of support, services, consortium, companionship, society, or affection, or damage to familial relations," or (iv) that "could have been asserted in the Class Action Complaint or in any Related Lawsuit."  (Settlement Agreement § 18.1(a); *see also* Am. Final Order & J. ¶ 10 ("expressly incorporat[ing]" the Settlement Agreement's release provisions into the Final Order and Judgment), ¶ 18, ECF No. 6534.)

This Court retained "continuing and exclusive jurisdiction" over the Settlement Agreement and Settlement Class Members, including "continuing and exclusive jurisdiction to interpret, implement, administer and enforce the Settlement Agreement." (Am. Final Order & J. ¶ 17, ECF No. 6534; *see also* Settlement Agreement § 27.1 ("Any disputes or controversies arising out of, or related to, the interpretation, implementation, administration, and enforcement of this Settlement Agreement will be made by motion to the Court.  In addition . . . each Settlement Class Member [is] hereby deemed to have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of, or relating to, this Settlement Agreement.").)  Finally, the Court's Final Order and Judgment expressly incorporated the Settlement Agreement's terms and dismissed with prejudice the claims asserted, or that could have been asserted, in the Class Action Complaint and all related lawsuits pending before the Court.  (Am. Final Order & J. ¶ 8, 15-16, ECF No. 6534.)

### B.      Plaintiffs

#### 1.      Hernandez

Hernandez is a Settlement Class Member whose late father, Aaron Hernandez ("Mr. Hernandez"), was a Retired NFL Football Player who played in the NFL from 2010 to 2012 and was released by the New England Patriots in 2013 after his arrest on murder charges.   *See Patriots Release Aaron Hernandez*, ESPN (June 27, 2013), http://www.espn.com/boston/nfl/story/_/id/9424845/aaron-hernandez-released-new-england-patriots; *see also* Order ¶¶ 2(a)(iii), ECF No. 6084 (defining Derivative Claimant Settlement Class Members as persons suing "by reason of their relationship with a Retired NFL Football Player").  Mr. Hernandez was found guilty of first-degree murder in 2015, and he committed suicide while incarcerated in April 2017.   *See* Susan Candiotti, *Aaron Hernandez Guilty of Murder in Death of Odin Lloyd*, CNN (Apr. 16, 2015), http://www.cnn.com/2015/04/15/us/aaron-hernandez-verdict/;   Victor Mather, *Aaron Hernandez Hanged Himself in Prison, Officials Say*, N.Y. Times (Apr. 19, 2017), https://www.nytimes.com/2017/04/19/sports/aaron-hernandez-dead.html?_r=0.[3]      Neither Hernandez nor her father opted out of the Settlement Class.   (*See* NFL Concussion Settlement: Timely Opt Out Requests, ECF No. 6340-1.)

On October 16, 2017, through her guardian, Hernandez filed her action in Massachusetts state court.  On November 14, 2017, the NFL Defendants removed her action

---

[3]   The Court may take judicial notice of the newspaper articles cited in this paragraph where, as here, they concern matters that are "not subject to reasonable dispute" and that are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."  *See United States* v. *McGlothlin*, 38 F. App'x 713, 714 (3d Cir. 2002) (taking judicial notice of Wall Street Journal article, as a source of reasonably indisputable accuracy, to show that bank was a "financial institution" within the meaning of a statute); *United States* v. *Davis*, 183 F.3d 231, 251 (3d Cir. 1999), *amended*, 197 F.3d 662 (3d Cir. 1999) (taking judicial notice of local newspaper article to show that snowstorm occurred on a particular date); *see also* Fed. R. Evid. 201(b).

to the United States District Court for the District of Massachusetts, explaining that Hernandez's claims were preempted by Section 301 of the Labor Management Relations Act ("LMRA") and that federal courts therefore have exclusive jurisdiction over her claims. On November 20, 2017, Hernandez moved to remand her action to state court, and prior to any ruling on Hernandez's motion, the Judicial Panel on Multidistrict Litigation (the "JPML") transferred the action on February 1, 2018 to this Court as part of *In re: National Football League Concussion Injury Litigation*, MDL No. 2323 ("MDL 2323"), holding that *Hernandez* and the actions already pending in MDL 2323 share numerous common questions of law and fact.  *See* Order at 1, MDL 2323 (J.P.M.L. Feb. 1, 2018), ECF No. 704.

Hernandez's complaint alleges claims sounding in negligence and fraud for purported loss of consortium allegedly due to concussions suffered by Mr. Hernandez while playing NFL football, and due to Mr. Hernandez's alleged CTE.  (*See, e.g.*, Compl. pp. 8-9 ("Negligence Summary Table") (the NFL "[u]ndertook a duty to the general public to engage in [the] non-negligent scientific study" of head injuries in football), ¶ 348 (Tort I ¶ (d)) ("Defendants' concealment caused [Mr. Hernandez] to become exposed to repetitive subclinical and clinical blows to the head (or MTBI), which proximately caused [Mr. Hernandez's] CTE."), ¶ 348 (Tort I ¶ (g)) ("As a result of Defendant[s'] conduct, [Mr. Hernandez] suffered damages that prevented him from rendering love, affection, society, and companionship to his daughter [Hernandez]."), ¶ 348 (Tort III ¶ (e)) ("Defendants' breach [of their duty of care to Mr. Hernandez and his family] caused [Mr. Hernandez] to become exposed to repetitive subclinical and clinical blows to the head (or MTBI), which proximately caused [Mr. Hernandez's] CTE."), *Hernandez* v. *Nat'l Football League*, No. 1782-cv-01279 (Mass. Super. Ct. Oct. 16, 2017).)

    2.    *Scroggins*

Tracy Scroggins is a Retired NFL Football Player and Settlement Class Member under the terms of the Settlement, having played NFL football from 1992 to 2001. (Second Am. Compl. ¶ 57, *Scroggins* v. *Nat'l Football League*, No. 16-cv-60644 (Apr. 18, 2016), ECF No. 10; *see also* NFL Concussion Settlement: Timely Opt Out Requests, ECF No. 6340-1.) ████████████████████████████

████████████████████████████

On March 25, 2016, Scroggins nevertheless filed a complaint against the NFL in the United States District Court for the Southern District of Florida (amended on April 1 and April 18, 2016), and on April 29, 2016, the JPML transferred *Scroggins* to MDL 2323 on the ground that it involves questions of fact common to the actions already consolidated in the MDL. *See* Order at 1, MDL 2323 (J.P.M.L. Apr. 29, 2016), ECF No. 647.

Scroggins alleges claims sounding in negligence and fraud for injuries allegedly sustained as a result of concussions suffered during NFL play and Scroggins' purported CTE. (*See* Second Am. Compl. ¶¶ 11-12 ("Although the medical science defining the link between repeated blows to the head and neurological diseases has been established for more than eight decades, the dangers of concussions and sub-concussive blows have been, at best, marginalized. . . .  There can be no doubt that the NFL did in fact create junk science in order to obfuscate the truth."); ¶ 25 ("While the NFL was well aware from its supervisory and management role that NFL players suffering repeated head trauma were more likely to experience Chronic Traumatic Encephalopathy, the Defendant failed to act reasonably by developing appropriate means to identify at risk players and guidelines or rules regarding return-to-play criteria."); ¶ 44 ("The Defendant failed to establish a proper

and adequate methodology to monitor and detect when players suffer concussive or sub-concussive injury in practice or game play. This failure increased the risk of injury that has materialized (referenced above) or will materialize in the future."); ¶ 57 ("TRACY SCROGGINS is currently living and has symptoms consistent with a preliminary diagnosis of CTE as a result of repeated head trauma."), *Scroggins* v. *Nat'l Football League*, No. 16-cv-60644 (Apr. 18, 2016), ECF No. 10.)   Based on this same alleged conduct, Scroggins also purports to assert claims under federal and state Racketeer Influenced and Corrupt Organization ("RICO") statutes.  (*See id.* ¶¶ 94-101.)

3.      *Stabler*

Stabler is a Settlement Class Member whose former spouse, Ken Stabler, was a Retired NFL Football Player who played NFL football from 1970 to 1984, and passed away in 2015.  *See John Branch,* Ken Stabler, a Magnetic N.F.L. Star, Was Sapped of Spirit by C.T.E.,   New   York   Times   (Feb.   3,   2016),   http://www.nytimes.com/2016/02/04/sports/football/ken-stabler-nfl-cte-brain-disease.html;[4] (*see also* Second Am. Compl. ¶ 32, *Scroggins* v. *Nat'l Football League*, No. 16-cv-60644 (Apr. 18, 2016), ECF No. 10; Order ¶¶ 2(a)(iii) (defining Derivative Claimant Settlement Class Members as persons suing "by reason of their relationship with a Retired NFL Football Player"), ECF No. 6084.)  Neither Stabler nor her ex-husband opted out of the Settlement Class.  (*See* NFL Concussion Settlement: Timely Opt Out Requests, ECF No. 6340-1.)  On April 1, 2016, the first amended complaint in *Scroggins* added Stabler as a Plaintiff, and as noted above, on April 29, 2016, the JPML transferred *Scroggins* to MDL 2323.

---

[4]    Where, as here, Stabler cites a news article in her complaint, the Court may take judicial notice of it.  *Allen* v. *Wells Fargo, N.A.*, No. 14-cv-5283, 2015 WL 5137953 at *1 n.2 (E.D. Pa. Aug. 27, 2015) (in deciding a motion to dismiss, "a court may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case"); *see also* Fed. R. Evid. 201.

Stabler's claims sound in negligence and fraud based on injuries her former husband allegedly sustained as a result of concussions suffered during NFL play and his purported CTE.  (*See* Second Am. Compl. ¶¶ 11-12, 25, 44, *Scroggins* v. *Nat'l Football League*, No. 16-cv-60644 (S.D. Fla. Apr. 18, 2016), ECF No. 10; *see also id.* ¶ 32 ("ROSE STABLER, spouse of KENNY STABLER, Pro Football Hall of Fame Quarterback for the Oakland Raiders, lived with his CTE condition and the resulting depression, abuse of alcohol, anger outbursts, memory loss, lack of executive decisionmaking ability, brain malfunction, and the resulting emotional, mental, physical and economic abuse of her for 31 years."); ¶ 62 ("as a spouse [Stabler] received the emotional, mental, physical and economic harm from CTE").)  Based on this same purported conduct, Stabler also brings claims under federal and state RICO statutes.  (*See id.* ¶¶ 94-101.)

\*              \*              \*

For the reasons set forth below, the NFL Defendants respectfully request that this Court dismiss Plaintiffs' claims—all of which are indisputably barred by the Settlement's releases and by this Court's Final Order and Judgment—with prejudice.[5]

## **ARGUMENT**

The Court should dismiss Plaintiffs' claims here because they were released under the terms of the Settlement Agreement and dismissed with prejudice by this Court's Final Order and Judgment.

---

[5]    In the NFL Defendants' Reply Memorandum of Law in Support of Their Motion to Dismiss the Second Amended Master Administrative Complaint for Failure to State a Claim (ECF No. 9664), the NFL Defendants offered to file, upon the Court's request, "a separate motion to dismiss A.H.'s claims as well as the claims of Mr. Scroggins and Ms. Stabler."  (Mem. at 37 n.33, ECF No. 9664.)  On March 6, 2018, this Court issued a Notice stating that it would not consider the NFL Defendants' motions to dismiss insofar as they concerned Hernandez (*see* Notice and Order at 2 (Mar. 6, 2018), ECF No. 9758), and that such a "separate motion" is thus required.

I.     **PLAINTIFFS' CLAIMS WERE RELEASED UNDER THE SETTLEMENT AGREEMENT AND SHOULD BE DISMISSED**

It is well settled that "[a]n individual claim by a person who was a class member in a prior class action suit is barred by a settlement of the class action where the settlement includes a release applicable to his later individual action." *McGowan Inv'rs LP* v. *Keefe Bruyette & Woods, Inc.*, 540 F. Supp. 2d 571, 576 (E.D. Pa. 2008) (Brody, J.); *see also In re: Imprelis Herbicide Mktg., Sales Prac. & Prods. Liab. Litig.*, No. 11-MD-2284, 2015 WL 7575910, at *1-3 (E.D. Pa. Nov. 25, 2015) (granting, *inter alia*, a motion to dismiss where plaintiff was "a class member who is properly bound by the Settlement"). A prior release bars a plaintiff's current claim where it (1) applies to the plaintiff; (2) circumscribes the asserted claims; and (3) is legally enforceable. *McGowan Inv'rs LP*, 540 F. Supp. 2d at 576. That is precisely the case here. Plaintiffs are indisputably Settlement Class Members who could have opted out of the Settlement Class, but did not. The Settlement's release unambiguously bars the football-related CTE claims asserted here, and the Settlement is legally enforceable, as this Court and the Third Circuit have found.

A.     **Hernandez is a Settlement Class Member Who Released Her Claims**

Hernandez falls well within the definition of a Settlement Class Member under the Settlement Agreement, a definition covering (among other things) players who retired as of July 7, 2014, and persons suing based on certain relationships with those players. Hernandez is the daughter of the late Mr. Hernandez, who last played NFL football in 2012 and was released by the New England Patriots in 2013. *See supra* at § B.1. As of July 7, 2014, Mr. Hernandez was incarcerated and awaiting trial on murder charges. *See Aaron Hernandez Denied Bail*, ESPN (June 28, 2013), http://www.espn.com/boston/nfl/story/_/id/9428173/aaron-hernandez-case-judge-denies-hernandez-request-bail;

Aaron Katersky, *Timeline of Aaron Hernandez's Legal Problems*, ABC News (Apr. 19, 2017), http://abcnews.go.com/US/timeline-aaron-hernandezs-legal-problems/story?id=46885159;[6] *see supra* at § B.1.   Thus, Mr. Hernandez was a Settlement Class Member because, as of July 2014, he was not on any NFL roster or, given his incarceration, even able to seek active employment as a player with any Member Club—in fact, nowhere does Hernandez's complaint contest this or allege that her father took any steps whatsoever to obtain employment with any NFL Club after his 2013 release from the Patriots; nor could it, since Aaron Hernandez could not plausibly seek NFL employment from a jail cell.  (*See* Am. Final Order & J. ¶ 2, ECF No. 6534 (defining Settlement Class).)   Moreover, Hernandez is a Settlement Class Member because she filed this action asserting her right to sue by reason of her familial relationship with Mr. Hernandez, making her a Derivative Claimant under the Settlement Agreement.  (*See* Compl. ¶ 347, *Hernandez* v. *Nat'l Football League*, No. 1782-cv-01279 (Mass. Super. Ct. Oct. 16, 2017) ("Plaintiff is the proper party to bring . . . a claim because [she] is the daughter of Aaron Hernandez."); *see also* Am. Final Order & J. ¶ 2, ECF No. 6534 (defining Settlement Class Member "Derivative Claimants" as "Spouses, parents, children who are dependents, or any other persons who properly under applicable state law assert the right to sue independently or derivatively by reason of their relationship with a Retired NFL Football Player or deceased Retired NFL Football Player.").)

Because neither Hernandez nor her father chose to opt out of the Settlement Class, she is bound by the Settlement Agreement, which released, among other claims, "all past, present and future claims" against the NFL Defendants "arising out of, or relating to,

---

[6]    The Court may take judicial notice of this newspaper article.  *See supra* at n.4.

head, brain and/or cognitive injury, as well as any injuries arising out of, or relating to, concussions and/or subconcussive events[,] . . . CTE . . . [or] loss of . . . consortium." (Settlement Agreement § 18.1.)  *Hernandez* seeks exactly this barred relief, asserting claims for purported loss of consortium allegedly sustained as the result of Mr. Hernandez "becom[ing] exposed to repetitive subclinical and clinical blows to the head (or MTBI), which proximately caused [his] CTE."  (Compl. ¶ 348, *Hernandez* v. *Nat'l Football League*, No. 1782-cv-01279 (Mass. Super. Ct. Oct. 16, 2017).)  These claims fall squarely within the broad release provisions contained in the Settlement Agreement and the clear terms of this Court's Final Order and Judgment, "expressly incorporat[ing]" the Settlement Agreement's release provisions.  (Am. Final Order & J. ¶ 10, ECF No. 6534.)  Thus, Hernandez' claims should be dismissed.  *See In re: Imprelis Herbicide Mktg., Sales Prac. & Prods. Liab. Litig.*, No. 11-md-2284, 2014 WL 6901120, at *1-3 (E.D. Pa. Dec. 5, 2014) (dismissing claims of plaintiffs who had released their claims in connection with a class action settlement); *McGowan Inv'rs LP* v. *Keefe Bruyette & Woods, Inc.*, 540 F. Supp. 2d 571, 576 (E.D. Pa. 2008) (Brody, J.) (settlement class member's claim was "barred by a settlement of the class action where the settlement include[d] a release applicable to his later individual action."); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 177 F.R.D. 216, 229 (D.N.J. 1997) ("As part of the Final Order and Judgment, this Court entered a permanent injunction prohibiting class members, or those acting on their behalf, from pursuing separate lawsuits involving claims covered by the Settlement," and the Court therefore "has the power to dismiss actions either brought before the Court or, pursuant to 28 U.S.C. § 1407, transferred to the Court by the MDL Panel for the consolidation of pretrial proceedings."); *see also In re Diet Drugs Prods. Liab. Litig.*, MDL No. 1203, 2008 WL 732028, at *1 n.4, 2-5 (E.D. Pa.

Mar. 18, 2008) (treating defendant's "motion as one to enforce . . . [the] Class Action Settlement Agreement" and dismissing claims brought by settlement class members who failed to opt out of the settlement or who otherwise released their claims).[7]

**B.      Scroggins is a Settlement Class Member Who Released His Claims**

Scroggins is a Settlement Class Member, having retired from NFL football well before July 2014 because, as he concedes in his complaint, his professional playing career spanned only "1992 to 2001."  (Second Am. Compl. ¶ 57, *Scroggins* v. *Nat'l Football League*, No. 16-cv-60644 (Apr. 18, 2016), ECF No. 10); *see also supra* at § B.2.   As a Settlement Class Member, Scroggins had a choice: to opt out of the Settlement or to remain in the Settlement and be bound by its terms.   Scroggins chose the latter and thus released, among other claims, "all past, present and future claims" against the NFL Defendants "arising out of, or relating to, head, brain and/or cognitive injury, as well as any injuries arising out of, or relating to, concussions and/or subconcussive events . . . [or] CTE." (Settlement Agreement § 18.1.)   Yet that is what Scroggins now alleges: claims arising out of a purported "preliminary diagnosis of CTE as a result of repeated head trauma" sustained during NFL play.   (Second Am. Compl. ¶ 57, *Scroggins* v. *Nat'l Football League*, No. 16-cv-60644 (S.D. Fla. Apr. 18, 2016), ECF No. 10.)   His claims therefore fall within the broad release provisions of the Settlement Agreement and the express terms of this Court's Final Order and Judgment "expressly incorporat[ing]" the Settlement Agreement's release

---

[7]      In Hernandez's opposition to the NFL Defendants' motion to stay and for expedited adjudication, filed  in the Massachusetts District Court, Hernandez concedes that her father was not on any roster in July 2014, but misleadingly claims that he "had a contract contended to be binding through the 2014-15 NFL league year" and was thus neither retired as of the relevant date nor a Settlement Class Member.  Pl.'s Opp'n at 14, *Hernandez* v. *Nat'l Football League*, No. 17-cv-12244 (D. Mass. Nov. 20, 2017), ECF No. 20.  But Hernandez omits a crucial fact: the New England Patriots terminated this contract in 2013, when Mr. Hernandez was arrested, incarcerated, and no longer able to play NFL football.  *See supra* at § B.1.  So, in July 2014, Mr. Hernandez was not under contract with any NFL Member Club, he was a Settlement Class Member, and Hernandez's suggestions to the contrary are completely without merit.

provisions, (Am. Final Order & J. ¶ 10, ECF No. 6534), and should therefore be dismissed. *See In re: Imprelis Herbicide Mktg., Sales Prac. & Prods. Liab. Litig.*, 2014 WL 6901120, at *1-3; *McGowan Inv'rs LP*, 540 F. Supp. 2d at 576; *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 177 F.R.D. at 229.

Recognizing that Scroggins' claims, in fact, are released under the Settlement Agreement, the *Scroggins* complaint impermissibly resorts to attacking the Settlement Agreement itself, arguing that the judicially-approved Settlement is the result of "a grave misrepresentation" by the NFL and "violat[es] . . . [Scroggins'] due process rights" because "there is zero coverage for former players living with CTE." (Second Am. Compl. ¶¶ 57, 62, *Scroggins* v. *Nat'l Football League*, No. 16-cv-60644 (S.D. Fla. Apr. 18, 2016), ECF No. 10.) Scroggins also alleges, without any support, that he was "not mentally competent to make a decision about whether to accept or opt out of the NFL MDL Litigation Settlement." *Id.* ¶ 57. These allegations are meritless as a matter of law.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████

Second, Plaintiff grossly mischaracterizes the Settlement Agreement. Far from providing "zero coverage for . . . CTE," the Settlement, as this Court expressly found,

"compensates Retired Players with the neurocognitive symptoms allegedly associated with CTE." (Op. at 83, ECF No. 6509.) The Third Circuit agreed, explaining that "objectors are not correct when they assert that CTE claims are released by the settlement in return for 'nothing,'" and that in fact "the settlement does compensate many of the impairments associated with CTE, though it does not compensate CTE as a diagnosis." *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 443 (3d Cir. 2016).

Third, if Scroggins believed that the notice provided to Settlement Class Members misrepresented the Settlement's treatment of CTE or otherwise failed to comport with due process or the Federal Rules, then he had a full and fair opportunity to object to the notice or to the Settlement Agreement itself, or opt out, as certain Settlement Class Members did. He chose not to do so. In any event, this Court and the Third Circuit have already settled this question, holding that "[t]he content of the Long-Form Notice and Summary Notice satisfy the requirements of Rule 23 and due process." (Op. at 50, ECF No. 6509; Am. Final Order & J. ¶ 4, ECF No. 6534 ("The Court finds that the dissemination of the Settlement Class Notice . . . constituted the best notice practicable under the circumstances."); *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 435-36 (3d Cir. 2016) ("The District Court found that the content of the class notice and its distribution to the class satisfied Rule 23 and due process. . . . We agree.").)

Finally, because the Settlement satisfied due process, Scroggins' conclusory assertion that he was "not mentally competent to make a decision about whether to accept or opt out of the NFL MDL Litigation Settlement" does not release him from the terms of the Settlement Agreement—approved as fair by this Court and affirmed by the Third Circuit— especially where Scroggins was represented by counsel during the opt-out period and has

not claimed this representation was in any way ineffective. *Brown* v. *Giuliani*, No. 98-cv-7743, 2000 WL 1727581, at *3 (S.D.N.Y. Nov. 21, 2000) (holding that an incompetent class member can be adequately represented); *see also Jones* v. *Nat'l Football League*, No. 12-cv-01027 (E.D. Pa.) (naming Scroggins as a represented Plaintiff). Scroggins also does not allege that a court of competent jurisdiction deemed him legally incompetent. As such, Scroggins is bound by his decision not to opt out of the Settlement Class.

### C.    Stabler is a Settlement Class Member Who Released Her Claims

Stabler also falls within the Settlement's definition of Settlement Class Member—namely, as a Derivative Claimant whose claims arise from her status as "a spouse" of Ken Stabler, himself a Retired NFL Football Player (and thus Settlement Class Member) who "ended his 15-year N.F.L. career . . . in 1984" and who passed away in 2015. *John Branch,* Ken Stabler, a Magnetic N.F.L. Star, Was Sapped of Spirit by C.T.E., New York Times (Feb. 3, 2016), http://www.nytimes.com/2016/02/04/sports/football/ken-stabler-nfl-cte-brain-disease.html;[8] (*see also* Second Am. Compl. ¶ 32, *Scroggins* v. *Nat'l Football League*, No. 16-cv-60644 (S.D. Fla. Apr. 18, 2016), ECF No. 10 (incorporating article by reference)); *supra* at § B.3.

Neither Stabler nor her former husband opted out of the Settlement, and they are therefore both bound by its terms, including those releasing "all past, present and future claims" against the NFL Defendants "arising out of, or relating to, head, brain and/or cognitive injury, as well as any injuries arising out of, or relating to, concussions and/or subconcussive events . . . [or] CTE." (Settlement Agreement § 18.1.) Here, Stabler not only alleges that her former husband suffered from CTE, but that her own injuries derive from

---

[8]    As noted above, the Court may take judicial notice of this article because Stabler cites it in her complaint. *See supra* at n.5.

being "a spouse receiv[ing] the emotional, mental, physical and economic harm from CTE." (*See* Second Am. Compl. ¶¶ 32, 62, *Scroggins* v. *Nat'l Football League*, No. 16-cv-60644 (Apr. 18, 2016), ECF No. 10.)  As a result, Stabler's claims are barred by the Settlement Agreement and should be dismissed.  *See In re: Imprelis Herbicide Mktg., Sales Prac. & Prods. Liab. Litig.*, 2014 WL 6901120, at *1-3; *McGowan Inv'rs LP*, 540 F. Supp. 2d at 576; *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 177 F.R.D. at 229.[9]

## II.   PLAINTIFFS' CLAIMS ARE BARRED BY CLAIM PRECLUSION AND SHOULD BE DISMISSED

Plaintiffs' claims against the NFL Defendants are barred by the doctrine of claim preclusion because the Court's Final Order and Judgment that approved the Settlement Agreement dismissed Plaintiffs' claims with prejudice.  (*See* Am. Final Order & J. ¶¶ 10, 15 ECF No. 6534); *see also Pyle* v. *New York Life Ins. Co.*, No. 07-cv-00360, 2008 U.S. Dist. LEXIS 21638, *47 (W.D. Pa. Mar. 19, 2008) ("Because a class member's individual claim merges into the judgment granting relief, thereby extinguishing the class member's individual claim, the doctrine of *res judicata* bars any subsequent claims by a class member already litigated by the court rendering the judgment on the class action settlement.").  Claim preclusion bars a plaintiff's claim where there is (1) a final judgment on the merits on a prior lawsuit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action.  *See Marmon Coal Co.* v. *Eckman*, 726 F.3d 387, 394 (3d Cir. 2013).  Each element is met here.

First, the Court's Final Order and Judgment approving the Settlement Agreement and dismissing all claims—whether asserted or that "could have been asserted in

---

[9]   To the extent Stabler collaterally attacks the Settlement Agreement for failing to include a Qualifying Diagnosis of CTE, her arguments fail for the same reasons Scroggins' identical arguments fail.  *See supra* at § I.B.

17

the Class Action Complaint or any other Related Lawsuit"—indisputably constitutes a final judgment on the merits.  (*See* Settlement Agreement § 18.1; Am. Final Order & J. ¶¶ 10, 19, ECF No. 6534); *see also Toscano* v. *Conn. Gen. Life Ins. Co.*, 288 F. Appx. 36, 38 (3d Cir. 2008) ("Judicially approved settlement agreements are considered final judgments on the merits for purposes of claim preclusion.").   Second, Plaintiffs' actions involve the "same parties or their privies" as those involved in the Class Action Settlement because, as discussed above, Plaintiffs were part of the Settlement Class and did not opt out.  *See supra* at § I.A-C.   Third, Plaintiffs' actions are "subsequent suit[s] based on the same cause of action"—namely, for head injuries or CTE allegedly sustained in connection with NFL play. Accordingly, Plaintiffs' claims should be dismissed pursuant to the doctrine of claim preclusion.  *See Pyle*, 2008 U.S. Dist. LEXIS 21638 at *47; *Chartener* v. *Provident Mut. Life Ins. Co.*, No. CIV.A. 02-8045, 2004 WL 1091027, at *2 (E.D. Pa. May 13, 2004).

## CONCLUSION

For the reasons stated, the NFL Defendants respectfully request that the Court dismiss with prejudice the claims of Scroggins and Stabler in the *Scroggins* action,[10] and Hernandez in the *Hernandez* action.[11]

---

[10]   The NFL Defendants reserve the right to seek sanctions against Scroggins' and Stabler's counsel, including under Rule 11 of the Federal Rules of Civil Procedure.  The NFL and NFLP twice—on March 28, 2016 and April 6, 2016—alerted counsel that their clients asserted released claims and that the NFL would seek sanctions if the claims were not voluntarily dismissed.  Counsel refused to do so, requiring the NFL and NFLP to prepare a series of letters, motions, and briefs, costing considerable time and expense, including in connection with the Judicial Panel on Multidistrict Litigation's transfer of the *Scroggins* action to this Court as part of MDL 2323 and the instant motion to dismiss.

Dated:                                                    Respectfully submitted,

                                                          _____

                                                          Brad S. Karp
                                                          Bruce Birenboim
                                                          Lynn B. Bayard
                                                          PAUL, WEISS, RIFKIND,
                                                          WHARTON & GARRISON LLP
                                                          1285 Avenue of the Americas
                                                          New York, NY 10019-6064
                                                          Main: 212.373.3000
                                                          Fax: 212.757.3990
                                                          bkarp@paulweiss.com
                                                          bbirenboim@paulweiss.com
                                                          lbayard@paulweiss.com

                                                          *Attorneys for the National Football
                                                          League, NFL Properties LLC, and the
                                                          National Football League Foundation*

---

Because counsel asserted legally baseless claims on behalf of Scroggins and Stabler, counsel is subject to sanctions (especially after having been notified of the claims' legal deficiencies by the NFL and NFLP) under Rule 11 for failing to "inquire into both the facts and the law before filing papers with the court," and under this Court's inherent authority, for "show[ing] bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order."  *See Napier* v. *Thirty or More Unidentified Fed. Agents, Emps. or Officers*, 855 F.2d 1080, 1091 (3d Cir. 1988) (Rule 11); *Ferguson* v. *Valero Energy Corp.*, 454 Fed. Appx. 109, 112 (3d Cir. 2011) (court's inherent authority); *see also* 28 U.S.C. § 1927 (attorneys who "multipl[y] the proceedings in any case unreasonably and vexatiously" will be required to pay costs and fees incurred by the defendant in connection with those proceedings).  The NFL Defendants are prepared to brief this issue more fully at the Court's request.

[11]   The NFL Defendants also incorporate and adopt the arguments set forth in their Motion to Dismiss the Second Amended Master Administrative Complaint on Preemption Grounds (ECF Nos. 8403, 9665) and Motion to Dismiss the Second Amended Master Administrative Complaint for Failure to State a Claim (ECF Nos. 8404, 9664) with respect to A.H., who was transferred to MDL 2323 after initial briefing.  (*See* Notice and Order at 2 (Mar. 6, 2018), ECF No. 9758.)