IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., <br><br> Defendants. | No. 2:12-md-02323-AB <br><br> MDL No. 2323 <br><br> Hon. Anita B. Brody, U.S.D.J. |

**REPLY IN SUPPORT OF**
**THRIVEST SPECIALTY FUNDING, INC.'S MOTION FOR BOND PENDING APPEAL**

Thrivest Specialty Funding, LLC ("Thrivest") submits this reply in support of its motion under Fed. R. Civ. P. 62(c) and 65(c), and Fed. R. App. P. 8 to require William White or Class Counsel to post a bond pending Thrivest's appeal of the Court's May 22, 2018 Explanation and Order.

**ARGUMENT**

Despite Class Counsel's disparaging characterization, there is nothing "audacious" about Thrivest seeking to avoid the possibility of receiving no return of even the $500,000 advanced to Mr. White in December 2016, much less the additional payments required under the parties' agreement. Even the Court's December 8, 2017 Explanation and Order recognizes Thrivest's entitlement to a return of principal. Mr. White is currently holding and may dissipate that principal unless the Court acts to secure it. Regardless of the Court's view of Thrivest's transaction with

Mr. White,[1] the Court must recognize the abject inequity of allowing Class Members to revoke their agreements with funding companies altogether yet keep the money. Class Counsel effectively maintains that Class Members such as Mr. White can collectively treat millions of dollars in advances as no-strings-attached money found on the street. That is a glaring example of audacity.

Thrivest respectfully requests that the Court act while it still can to preserve the status quo and protect the disputed funds, so that a remedy may exist should Thrivest eventually receive some recourse against Mr. White. Denying Thrivest's motion would be tantamount to giving Mr. White a six-figure windfall at Thrivest's expense.

Neither RD Legal's unsuccessful motion for a stay of the December 8, 2017 Explanation and Order, nor Thrivest's unsuccessful motion to expedite its appeal is relevant to the bond issue before the Court. RD Legal's motion sought to stay the entire process being implemented with

---

[1] Class Counsel attacked funding companies for misleading Class Members about the terms of their advances and for charging usurious interest rates. Contrary to Class Counsel's baseless characterization of Thrivest in a prior filing as "notorious," Thrivest neither misled Class Members nor charged usurious interest. Its agreement with Mr. White contained a straightforward, Truth-in-Lending-like disclosure on the first page, and its 19% interest rate was well below usury.

Although not applicable because of the non-recourse, contingent nature of White's repayment obligation under the agreement, New York's usury laws provide relevant context for Thrivest's rate. See Obermayer, Rebmann, Maxwell & Hippel v. West, et al., 725 F. App'x 153, 156 (3d Cir. 2018) ("Thus, a transaction that neither guarantees the lender an absolute right to repayment nor provides it with security for the debt is not a loan, and as a result, cannot be subject to New York's usury laws."). In New York, the maximum rate of interest for a transaction that guarantees an absolute right of repayment—i.e., a "loan"—is sixteen percent (16%) per annum. See McKinney's Banking Law §14-a[1]; McKinney's General Obligations Law §5-501[1]. New York recognizes, however, that larger transactions bear more risk and so, for loans or forbearances in the amount of two hundred fifty thousand dollars ($250,000) or more, the civil usury cap does not apply and the only limitation is the 25% per annum limit in the criminal usury statute. See McKinney's General Obligations Law §5-501[6(a)]; McKinney's Penal Law § 190.42. Considering the amount of the advance ($500,000) and the non-recourse, contingent nature of the obligation, Thrivest's 19% per annum rate was more than reasonable.

respect to third party funding companies as a result of the Court's December 8, 2017 Explanation and Order. Thrivest's request for relief is much narrower, limited to one transaction and only to the extent necessary to secure Thrivest's potential recovery including the principal that this Court has already recommended should be repaid. Likewise, the threat of dissipation was only one of the bases upon which Thrivest sought to expedite its appeal and the Third Circuit's decision to proceed on the standard track says nothing about whether a bond or alternate security should be required. Thrivest's motion provides the Court with ample support for the requested relief and there is certainly no prohibition against requiring a bond or other security under the circumstances. If anything, the Third Circuit's denial of the motion to expedite heightens the need for interim security.

The Court's December 8, 2017 Explanation and Order provided third party funding companies like Thrivest with the option to "accept rescission and execute a valid waiver relinquishing any claims or rights under the entire agreement creating the assignment or attempted assignment." (Dkt. 9517, p. 5). However, as RD Legal's recent experience with Class Member Andrew Stewart has illustrated, accepting the Court's proposed resolution does not guarantee payment. This is because the Class Member must also agree to the new terms, and Class Members will not always agree to follow the Court's recommendation.[2] Because the Court cannot force either the Class Member or the funding company to accept a settlement, the Court must allow both sides the freedom to contract and apply the law accordingly. In the present situation, this requires some security pending the final decision of Thrivest's entitlement to recovery from Mr. White. The contrary result—allowing Mr. White unfettered control of the disputed funds and affording

---

[2] Mr. Stewart has argued that he should not be required to repay the portion of his advance used to pay-off a prior funding agreement and that he should be allowed to deduct his legal expenses.

Class Counsel the opportunity to forestall Thrivest's recovery without any financial consequence or security—can only be justified if the Court is prepared to award Mr. White a manifestly unjust windfall.

Thrivest respectfully requests that the Court impose a bond or require alternate security pending the outcome of Thrivest's appeal.

                                                Respectfully submitted,

                                                **FOX ROTHSCHILD LLP**

                                                */s/ Peter C. Buckley*
                                                Peter C. Buckley, Esquire
                                                Eric E. Reed, Esquire
                                                Mark J. Fanelli, Esquire
                                                Attorney I.D. Nos. 93123, 204692, 321283
                                                2000 Market Street, 20th Floor
                                                Philadelphia, Pennsylvania 19103-3222
                                                Tel: (215) 299-2854
                                                Fax: (215) 299-2150

                                                *Attorneys for Thrivest Specialty Funding, LLC*

Dated:  July 19, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., <br><br> Defendants. | No. 2:12-md-02323-AB <br><br> MDL No. 2323 <br><br> Hon. Anita B. Brody, U.S.D.J. |

## **CERTIFICATE OF SERVICE**

I, Peter C. Buckley, filed the foregoing on July 19, 2018 using the Court's ECF system, which will provide notice and a copy to counsel of record.


*/s/ Peter C. Buckley*
Peter C. Buckley, Esquire