# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                        Plaintiffs,<br>   v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                        Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Locks Law Firm v. Smith<br>Attorney's Lien Dispute<br>(Doc. No. 76) | |

## ORDER TO SHOW CAUSE

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                July 23, 2018

      On July 21, 2017, the Locks Law Firm ("Locks") filed a Petition to Establish Attorney's Lien ("Lien") seeking attorney's fees and expenses to be "enforced upon any sums to be derived" from a Monetary Claim to be paid to Settlement Class Member Tony Smith. (Doc. No. 76). It appearing that the Lien failed to set forth a specific dollar amount for the expenses incurred and it further appearing that Locks never provided a specific dollar amount for expenses incurred to the Claims Administrator, Locks is **ORDERED TO SHOW CAUSE** why this Court should not disallow any request for expenses.[1] Locks shall submit

---

[1] On March 19, 2018, the Claims Administrator issued a Notice of Lien to Mr. Smith's current counsel – Berkowitz and Hanna LLC ("Berkowitz"). On March 20, 2018, the Claims Administrator issued a Notice of Monetary Award Claim Determination in regard to Mr. Smith.

1

the response to this Order on or before August 6, 2018.  If Mr. Smith wishes to submit a response, it shall be filed on or before the same date.

BY THE COURT:

/s/ David R. Strawbridge, USMJ  
DAVID R. STRAWBRIDGE  
UNITED STATES MAGISTRATE JUDGE

---

The District Court referred all Petitions for individual attorney's liens to this Court. (Doc. No. 7746).  The District Court further authorized the promulgation of rules and procedures governing the litigation.  On March 6, 2018, Rules Governing Attorneys' Liens ("Rules") were adopted by Order signed by the District Court and this Court.  (Doc. No. 9760).

To present a valid Lien in this litigation, attorneys are required to provide the Claims Administrator with "[t]he dollar amount of the attorney's costs if the attorney is seeking reimbursement of costs in addition to fees."  Rule 8(a)(5).  The precise dollar amount, as well as the other requirements in Rule 8(a) must be submitted to the Claims Administrator "before it begins processing the Award."  Rule 8(c).  Locks has not provided the Claims Administrator with a dollar amount for their costs until long after the Claims Administrator began the process to pay Mr. Smith's Award.

This requirement of notice to the Claims Administrator serves an important purpose. Once a Settlement Class Member is issued an Award, the Claims Administrator is obligated to "withhold an appropriate amount sufficient to pay the Attorney's Lien."  Rule 10.  If the dollar amount of a lienholder's costs have not been presented to the Claims Administrator, the amount of the costs will be released to the Settlement Class Member prematurely.  This Court would be loath to require a Settlement Class Member to return a portion of their Award to pay a lienholder's costs when that lienholder had notice and opportunity, indeed obligation, to inform the Court of the costs incurred prior to the payment to the Settlement Class Member.

We acknowledge that the Rules were not adopted by the Court until March 6, 2018, which was after the initial Lien was filed in this case.  However, Rules were adopted six months ago.  We would expect that a correction would have been submitted at this point.

Strict enforcement of these Rules is necessary to ensure that the Claims Administrator can promptly distribute Monetary Awards to Settlement Class Members.  Nonetheless, it would be unjust to make such a determination without giving Locks the opportunity to address this issue.  Hence, this Order to Show Cause.