# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.<br>　　　　　　　　　　Defendants. | Civ. Action No.: 14-cv-00029-AB |
| THIS DOCUMENT RELATES TO:<br>Settlement Program ID 100005198 | Hon. Anita B. Brody |

**RESPONSE OF THE NATIONAL FOOTBALL LEAGUE AND
NFL PROPERTIES LLC IN OPPOSITION TO MOTION
TO STRIKE NFL PARTIES' OBJECTION TO
<u>POST-APPEAL MONETARY AWARD DETERMINATION</u>**

On July 10, 2018, the National Football League and NFL Properties LLC (collectively, the "NFL Parties") filed with the Claims Administrator an Objection to the Special Master's Decision Concerning the Monetary Award Claim Determination for Settlement Program ID 100005198[1] (the "Objection"), pursuant to Rule 32(a) of the Rules Governing Appeals of Claim Determinations. Instead of submitting a response to the Claims Administrator in opposition to the Objection pursuant to Rule 32(b), Claimant filed a Motion to Strike the NFL's Objection on the Court's docket (the "Motion to Strike," ECF No. 10143). In his Motion to Strike, Claimant argues that the NFL Parties were not permitted to file the Objection and did so in bad faith because the Objection purportedly contests findings of fact. Claimant's argument is meritless.

The NFL Parties respectfully submit this response in opposition to Claimant's Motion to Strike because the Objection was properly filed and raised issues that are properly before the Court. In particular, the Objection demonstrated that the Special Master's decision relied on an erroneous *legal* determination concerning the interpretation of a contractual term—which is subject to *de novo* review by this Court. And, in any event, the Court expressly retained jurisdiction to interpret and implement the Settlement Agreement. As such, the Motion to Strike should be denied.

## ARGUMENT

The NFL Parties' Objection challenged the Special Master's determination that Claimant's Qualifying Diagnosis of Level 1.5 Neurocognitive Impairment—rendered less than three weeks prior to the Effective Date of the Settlement Agreement—was based on evaluation and evidence "generally consistent" with the diagnostic criteria set forth in the Settlement Agreement for diagnoses rendered in the Baseline Assessment Program (the "BAP").

---

[1] To ensure Settlement Class Member confidentiality consistent with the Order Regarding Retention, Exchange, and Confidentiality of Claims Information in NFL Concussion Settlement Program (ECF No. 7324), the NFL Parties shall refer herein to the retired player at issue only as "Claimant."

Rather than refute the substance of the NFL Parties' Objection, which showed that (i) the Special Master's decision was a legal determination, and (ii) that legal determination was erroneous, Claimant's Motion to Strike instead seeks to avoid consideration of the merits altogether by arguing that the Special Master's determination was a finding of fact that may not be reviewed by this Court. But in doing so, Claimant overlooks that the Court expressly retained "continuing and exclusive jurisdiction to interpret, implement, administer and enforce the Settlement Agreement" in accordance with its terms. (Am. Final Order and J. § 17, ECF No. 6534; *see also* Settlement Agreement § 20.1(n).) As such, the Court has the authority to consider and determine the proper interpretation of a material term of the Settlement Agreement.

Moreover, Claimant incorrectly characterizes the Special Master's decision as a finding of fact. As described in the NFL Parties' Objection, the law provides that when the Special Master interprets a term in a settlement agreement solely "according to its terms and without reliance on extrinsic evidence," as the Special Master did here, "its interpretation is a question of law which is subject to plenary review." (*See* NFL Parties' Objection at 5.) The Court's order appointing the Special Masters specifically stated that the Court will review *de novo* any objection to the Special Masters' conclusions of law. (Order Appointing Special Masters at 5, July 13, 2016, ECF No. 6871.) Although the Special Master described its decision as a finding of fact, none of the Parties should be deprived of their bargained-for right to appeal the Special Master's conclusions of law based solely on the Special Master's own (erroneous) characterization of a conclusion of law as a finding of fact.

Finally, Claimant's allegation that the NFL Parties filed their Objection in bad faith is baseless. There is no dispute that Claimant took the full BAP baseline neuropsychological test battery and failed to meet the Settlement Agreement's objective diagnostic criteria for that test

battery to qualify for a Level 1.5 diagnosis under the BAP. Yet, because Claimant's diagnosis occurred prior to the Settlement's Effective Date, rather than in the context of the BAP, the Special Master—at the urging of Claimant's counsel—concluded that, based on the "generally consistent" provision, Claimant was nevertheless entitled to a Qualifying Diagnosis. Claimant offers no justification for that inequitable interpretation and outcome.

If Claimant took the same tests and received the same scores in the BAP, he would not be entitled to a Monetary Award under the judicially-approved impairment and diagnostic criteria supported by numerous experts as based on well-established methods and reasonable criteria. Any such interpretation of "generally consistent" that allows for this result subverts its intended purpose, and prejudices retired players who participate in the free BAP by subjecting them to a more restrictive diagnostic standard on the same set of tests than retired players who pay for their own examinations. That fundamentally unfair result harms the integrity of the Settlement Program and runs contrary to the guiding principle to treat similarly situated class members the same.

For the reasons set forth herein, the NFL Parties respectfully request that the Court deny the Motion to Strike and await full briefing on the Objection for the Court's consideration.

Dated: July 31, 2018

Respectfully submitted,

/s/ Brad S. Karp
PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP
Brad S. Karp
Bruce Birenboim
Lynn B. Bayard
Richard C. Tarlowe
Douglas M. Burns
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
bkarp@paulweiss.com

*Attorneys for Defendants the National Football League and NFL Properties LLC*