IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                   Plaintiffs,<br>v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                   Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Locks Law Firm v. Fuller<br>Attorney's Lien Dispute<br>(Doc. No. 8256) | |

## REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                           July 31, 2018

      Before the Court for Report and Recommendation is a Petition to Establish Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Jeffery Fuller, which was filed on August 14, 2017, by the Locks Law Firm ("Locks"). (Doc. No. 8256). On January 29, 2018, the Claims Administrator issued a Notice of Monetary Award Claim Determination to Mr. Fuller's current counsel – J.R. Wyatt Law ("Wyatt"). On June 22, 2018, Locks and Wyatt (the "Parties") notified the Claims Administrator that they had reached an agreement for the distribution of attorneys' fees and costs, and the Parties were seeking with withdraw the Lien Dispute (the "Withdrawal").

The District Court referred all Petitions for individual attorney's liens to this Court. (Doc. No. 7746). On March 6, 2018, Rules Governing Attorneys' Liens ("Rules") were adopted. (Doc. No. 9760). Accordingly, the Claims Administrator has referred the Lien Dispute and the Withdrawal to this Court for Report and Recommendation.

Upon review of the Withdrawal, we recognized that there were concerns about the timing of the lienholder's assertion of costs.[1] On July 19, 2018, we ordered Locks to show cause why the untimely submitted costs should not be disallowed. On July 25, 2018, the Parties submitted a letter to the Court jointly requesting that we excuse the untimeliness of Locks' submission of costs. We deemed this letter to be a joint response to the order to show cause ("Joint Response") and ordered it to be formally filed on the docket on July 30, 2018. (Doc. No. 10179).

The strict enforcement of the deadlines in the Rules is essential to ensure the efficient administration of the Settlement. It is the case here, however, that the Parties have advised us, and we have confirmed, that the Claims Administrator currently has sufficient funds in reserve to pay the costs requested. We also appreciate that the Settlement Class Member, through counsel, has articulated no objection to Locks' request. We therefore recommend that Locks' untimely submission of the amount of its total costs be excused in this specific case.

Upon review of the Withdrawal, the list of itemized costs submitted by Locks on June 29, 2018, the list of itemized costs submitted by Wyatt on July 9, 2018, and the Joint Response, we conclude that both Locks and Wyatt are entitled to the costs asserted. We further conclude that the fees sought by the Parties are collectively within the percentage allowed under the 22% Fee

---

[1] The precise dollar amount, as well as the other requirements in Rule 8(a) must be submitted to the Claims Administrator "before it begins processing the Award." Rule 8(c). In this case, notice of costs was required to be submitted to the Claims Administrator by January 29, 2018. Such notice was not provided until the Parties submitted their joint request for withdrawal.

Cap imposed by the District Court. (Doc. No. 9863).

Accordingly, we recommend that the Withdrawal be granted and Claims Administrator be ordered to distribute the attorneys' fees and costs as is set forth in the June 22, 2018 Withdrawal submitted by the Parties.

## RECOMMENDATION

**AND NOW**, this 31st day of July, 2018, it is respectfully **RECOMMENDED** that the withdrawal of lien dispute be **GRANTED** and the Claims Administrator be ordered to distribute the attorneys' fees and costs as is set forth in the Withdrawal submitted by the Parties.

The Parties may file objections to this Report and Recommendation. *See* Rule 22(d).

BY THE COURT:

_/s/ David Strawbridge, USMJ_
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE