# RETENTION AGREEMENT

Client Name: *Anthony Smith*

Spouse Name:

Address: ██████████████

City: ████     State: ████   Zip Code: ████

Home Telephone:     Office Telephone:

Cell Phone: ██████     Email: ████████████

Date of Birth: ██████     Social Security: ██████

The CLIENT, *Anthony Smith* (hereinafter the "CLIENT"), and THE LOCKS LAW

FIRM (601 Walnut Street, Suite 720 East, Philadelphia, PA 19106) AND THE LAW OFFICE OF BYRON

CUTHBERT & ASSOCIATES LLC (1143 Cameron Creek, Marietta, GA 30062). (hereinafter "Attorneys"),

in consideration of the mutual promises contained herein, for the purposes of providing legal services to the

CLIENT, agree as follows:

1.      The CLIENT hereby retains and employs the Attorneys to represent him in connection with

any and all claims the CLIENT may have arising out of HIS participation as a player in games, practices, or

training sponsored or approved by the National Football League ("NFL") as those claims relate to head

injuries, concussions, and/or brain trauma of any kind, and the CLIENT retains the attorneys specifically in

connection with the pending litigation captioned *IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS'*

*CONCUSSION INJURY LITIGATION*, No. 2:12-md-02323-AB-MDL No. 2323, Civ. Action No. 14-00029-

AB.

2.      The parties acknowledge and agree that the CLIENT retains the Attorneys on a contingency

fee basis for the claims and/or civil actions filed on the CLIENT'S behalf, and that CLIENT shall pay

Attorneys a fee for their services in an amount equal to 20% (twenty percent) of the gross proceeds of recovery by the CLIENT, if any, whether by settlement, verdict, award, judgment, or otherwise.

3.      The CLIENT and Attorneys agree that the CLIENT'S responsibility for the payment of attorneys' fees to the Attorneys is limited to the contingent fee provided in paragraph two (2) above and that those sums shall be derived from the CLIENT'S recovery, whether by judgment, verdict, award, settlement, or otherwise.  Under no circumstances shall the attorneys charge the CLIENT attorney's fees greater than 20% (twenty percent).

4.      In the event the Attorneys recover attorneys' fees in connection with the CLIENT'S claim and/or civil action, or are awarded attorneys' fees, the attorneys' fees recovered shall be applied against the amounts to which the Attorneys would be entitled under paragraphs two (2) and three (3) of this Agreement. If any attorneys' fee award exceeds the amount of the contingent fee under paragraphs two (2) and three (3) of this Agreement, the Attorneys shall be entitled to the higher of the attorneys' fee award or the contingency fee.

5.      The CLIENT understands and agrees that the claim and/or civil action has and will require the expenditure of funds for litigation expenses and costs, such as medical examinations, travel expenses, filing fees, discovery expenses, witness fees, and transcripts.  The Attorneys and the CLIENT agree that the Attorneys will initially pay and thus advance all such litigation costs and expenses on the CLIENT'S behalf, and that in the event of a recovery or award, the CLIENT will reimburse the Attorneys for such expenses and costs out of CLIENT'S recovery or award.

6.      The CLIENT will have no obligation to reimburse the Attorneys for expenses and costs if the Attorneys fail to recovery an award, verdict, settlement, or judgment on behalf of the CLIENT.

7.      The CLIENT shall keep the Attorneys informed at all times of all current address(es), telephone numbers, and e-mail address(es).

8.      The CLIENT understands that there have been no representations or promises made as to the outcome of any claim, case, or civil action or any phase of any claim, case or civil action.

9.      The CLIENT agrees not to discuss and/or negotiate any settlement and/or accept any settlement regarding the subject matter of any case (that the Attorneys may file on his behalf) with any defendant, and/or potential defendant, without first consulting the Attorneys.

10.     The CLIENT understands and agrees that the attorneys, THE LOCKS LAW FIRM AND THE LAW OFFICE OF BYRON CUTHBERT & ASSOCIATES LLC., will work jointly on the CLIENT'S case and that they will divide the net attorney's fees (set forth in paragraphs two (2) through five (5) above) among themselves.

11.     THE LOCKS LAW FIRM shall be due *70%* of the net attorney's fees recovered or awarded in accordance with the percentages set forth above.  THE LAW OFFICE OF BYRON CUTHBERT & ASSOCIATES LLC. ("CUTHBERT") shall be due *30%* of the net attorney's fees recovered or awarded in accordance with the percentages set forth above.

12.     The CLIENT understands and agrees that the division of net attorneys' fees among the lawyers and law firms shall not in any way increase the total attorneys' fees the CLIENT has agreed to pay pursuant to paragraphs two (2) through five (5) above.

13.     It is understood and agreed that the firms representing the undersigned client shall have the same legal responsibilities to the undersigned client and shall be available to the undersigned client for consultation concerning the case.

14. This agreement may be signed in counterparts, and each signed, and the collective signed counterparts equate to a fully executed agreement.

**ACCEPTED AND AGREED**:

**CLIENT**: _____        Dated: _5-10-16_____

**SPOUSE**: _____        Dated: _____

**ATTORNEYS**:

By: _____        Dated: _____
    LOCKS LAW FIRM
    David D. Langfitt, Esquire

By: _____        Dated: _5/10/2016_____
    LAW OFFICE OF BYRON CUTHBERT
    & ASSOCIATES LLC
    Byron Cuthbert, Esquire

**HIPAA COMPLIANT AUTHORIZATION PURSUANT TO 42 CFR PART 2, SECTION 1320(D)**

Name or specific identification of the person(s), or class of persons, authorized to make the requested disclosure:

_____

_____

_____

Patient Name: _____   AKA: _____

Date of Birth: _____   Social Security Number: _____

Address: _____

      I authorize the disclosure of all protected medical information for the purpose of review and evaluation in connection with legal claim. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information spanning the time period of ___ALL___ to ___ALL___ .
including the following:

!     All medical records, including inpatient, outpatient and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and nurse's/doctor's handwritten notes, and records received by other physicians.

!     All autopsy, laboratory, histology, cytology, pathology, radiology, CT scan, MRI, echocardiogram and cardiac catheterization reports.

!     All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.

!     All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.

!     All billing records including all statements, itemized bills, and insurance records.

Information about substance alcohol/substance abuse and HIV/AIDS may be disclosed as follows: (check all that apply):
____Yes, disclose HIV/AIDS information         OR _X__ No, do NOT disclose HIV/AIDS information.
___Yes, disclose alcohol/substance abuse information OR ___X_____ No do NOT disclose alcohol/substance abuse information.

I authorize you to release the protected health information to:

**LOCKS LAW FIRM**
The Curtis Center, Suite 720 East
601 Walnut Street
PHILADELPHIA, PENNSYLVANIA 19106

This authorization does not apply to psychotherapy notes, psychiatric or psychological records.
I acknowledge the right to revoke this authorization by writing to the Locks Law Firm at the above-referenced address. I understand, however, that any actions already taken in reliance on this authorization cannot be reversed, and my revocation will not affect those actions.
I acknowledge the potential for information disclosed pursuant to this authorization to be subject to redisclosure by the recipient and no longer be protected under 45 CFR 164.508.
I understand that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not I sign the authorization.
Any facsimile or copy of the authorization shall authorize you to release the records herein.
This authorization expires two years from the date below:

Signature: _____   Date: 5-10-16

Relationship to the person who is the subject of the records:

Self: ___X_____     Other: _____
                                  Describe authority