# **RETENTION AGREEMENT**

Client Name: Jeffery Fuller

Spouse Name: Leslie Fuller

Address: ▮▮▮

City: ▮▮▮  State: ▮▮▮  Zip Code: ▮▮▮

Home Telephone: ▮▮▮  Office Telephone:

Cell Phone:  Email: ▮▮▮

Date of Birth: ▮▮▮  Social Security: ▮▮▮

    The CLIENT, JEFFERY FULLER (hereinafter the "CLIENT"), and THE LOCKS LAW FIRM (601 Walnut Street, Suite 720 East, Philadelphia, PA 19106) AND THE LAW OFFICE OF BYRON CUTHBERT & ASSOCIATES LLC (1143 Cameron Creek, Marietta, GA 30062). (hereinafter "Attorneys"), in consideration of the mutual promises contained herein, for the purposes of providing legal services to the CLIENT, agree as follows:

    1. The CLIENT hereby retains and employs the Attorneys to represent him in connection with any and all claims the CLIENT may have arising out of HIS participation as a player in games, practices, or training sponsored or approved by the National Football League ("NFL") as those claims relate to head injuries, concussions, and/or brain trauma of any kind, and the CLIENT retains the attorneys specifically in connection with the pending litigation captioned *IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*, No. 2:12-md-02323-AB-MDL No. 2323, Civ. Action No. 14-00029-AB.

    2. The parties acknowledge and agree that the CLIENT retains the Attorneys on a contingency fee basis for the claims and/or civil actions filed on the CLIENT'S behalf, and that CLIENT shall pay Attorneys a fee for their services in an amount equal to 20% (twenty percent) of the gross proceeds of recovery by the CLIENT, if any, whether by settlement, verdict, award, judgment, or otherwise.

    3. The CLIENT and Attorneys agree that the CLIENT'S responsibility for the payment of attorneys' fees to the Attorneys is limited to the contingent fee provided in paragraph two (2) above and that those sums shall be derived from the CLIENT'S recovery, whether by judgment, verdict, award, settlement, or otherwise. Under no circumstances shall the attorneys charge the CLIENT attorney's fees greater than 20% (twenty percent).

attorneys' fees recovered shall be applied against the amounts to which the Attorneys would be entitled under paragraphs two (2) and three (3) of this Agreement. If any attorneys' fee award exceeds the amount of the contingent fee under paragraphs two (2) and three (3) of this Agreement, the Attorneys shall be entitled to the higher of the attorneys' fee award or the contingency fee.

5. The CLIENT understands and agrees that the claim and/or civil action has and will require the expenditure of funds for litigation expenses and costs, such as medical examinations, travel expenses, filing fees, discovery expenses, witness fees, and transcripts. The Attorneys and the CLIENT agree that the Attorneys will initially pay and thus advance all such litigation costs and expenses on the CLIENT'S behalf, and that in the event of a recovery or award, the CLIENT will reimburse the Attorneys for such expenses and costs out of CLIENT'S recovery or award.

6. The CLIENT will have no obligation to reimburse the Attorneys for expenses and costs if the Attorneys fail to recovery an award, verdict, settlement, or judgment on behalf of the CLIENT.

7. The CLIENT shall keep the Attorneys informed at all times of all current address(es), telephone numbers, and e-mail address(es).

8. The CLIENT understands that there have been no representations or promises made as to the outcome of any claim, case, or civil action or any phase of any claim, case or civil action.

9. The CLIENT agrees not to discuss and/or negotiate any settlement and/or accept any settlement regarding the subject matter of any case (that the Attorneys may file on his behalf) with any defendant, and/or potential defendant, without first consulting the Attorneys.

10. The CLIENT understands and agrees that the attorneys, THE LOCKS LAW FIRM AND THE LAW OFFICE OF BYRON CUTHBERT & ASSOCIATES LLC., will work jointly on the CLIENT'S case and that they will divide the net attorney's fees (set forth in paragraphs two (2) through five (5) above) among themselves.

11. THE LOCKS LAW FIRM shall be due **70%** of the net attorney's fees recovered or awarded in accordance with the percentages set forth above. THE LAW OFFICE OF BYRON CUTHBERT & ASSOCIATES LLC ("CUTHBERT") shall be due **30%** of the net attorney's fees recovered or awarded in accordance with the percentages set forth above.

12. The CLIENT understands and agrees that the division of net attorneys' fees among the lawyers and law firms shall not in any way increase the total attorneys' fees the CLIENT has agreed to pay pursuant to paragraphs two (2) through five (5) above.

13. It is understood and agreed that the firms representing the undersigned client shall have the same legal responsibilities to the undersigned client and shall be available to the undersigned client for consultation concerning the case.

14. This agreement may be signed in counterparts, and each signed, and the collective signed counterparts equate to a fully executed agreement.

**ACCEPTED AND AGREED:**

CLIENT: _____  Dated: 4/11/16

JEFFERY FULLER

SPOUSE: _____ Dated: 4/11/16

**ATTORNEYS:**

By: _____                                           Dated: _____

    LOCKS LAW FIRM
    David D. Langfitt, Esquire


By: _____                                           Dated: _____

    LAW OFFICE OF BYRON CUTHBERT
    & ASSOCIATES LLC
    Byron Cuthbert, Esquire

-4-

ATTORNEYS: