UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB MDL No. 2323 |
| THIS DOCUMENT RELATES TO: Claimant **LeShon Johnson** SSN ▮▮▮▮▮ SPID ▮▮▮▮▮ | Hon. Anita B. Brody |

## PETITION TO ESTABLISH ATTORNEY'S LIEN

Petitioner, Weisberg & Associates, PA, pursuant to an executed Retainer for legal services, comes now and states as follows:

9. Petitioner is an attorney at law admitted to practice before the courts of Florida, and files this Petition to establish a lien for attorney's fees, as set forth hereinafter.

10. On or about June 30, 2016, Petitioner, Weisberg & Associates, PA, was retained and employed by the Claimant pursuant to a Retainer for legal services to pursue a claim for injuries and damages allegedly caused by the National Football League's conduct associated with football related concussions, head, and brain injuries.

11. The specifics of the agreement for legal services are as follows: "In consideration of the services rendered and to be rendered to the Client by the Law Firm, the Client, hereby grants, sells, assigns, and conveys to Firm as its compensation herein, an undivided interest in Clients award/claim as follows: 20% of the award plus expenses and costs... If and only if a recover is obtained in [Client's] claim for damages, [Client] agree[s] to pay in addition to the attorney fee, all out of pocket expenses incurred to investigate and document my case, including, but not limited to investiga[tive] fees, costs, medical reports and opinions."

12. When Petitioner entered into contract with Claimant, Petitioner entered into the risk and expense of the litigation.

13. From the date the Petitioner was authorized to proceed on behalf of the Claimant, the Petitioner has actively and diligently investigated, prepared, and pursued Claimant's claims, and has taken all steps necessary to prosecute those claims, including, but not limited to, correspondence and communications with the client, preparation and review of client's factual and legal circumstances, retaining experts, drafting and providing client updates, analyzing Claimant's medical status and need for medical testing, reviewing prior medical testing, coordinating and paying for medical testing.

14. Thus, Petitioner, in addition to costs and expenses totaling $11,114.18, has earned

his full contingency retainer of 20%.

15. As of the date of this petition, Petitioner, Weisberg & Associates, PA, is the counsel of records for Claimants herein, and has not been terminated for "good cause."

16. The Petitioner claims the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Claimant in this action.

WHEREFORE, the Petitioner prays:

11. That an attorney's lien be established;

12. That the amount of the lien be determined;

13. That the Court order that Petitioner be entitled to enforce an attorney's lien against the proceeds to be derived from any settlement in this action, as a first-priority lienholder, in the face of any other valid lien;

14. That the NFL Concussion Settlement Claims Administrator be prohibited from paying to the Claimant, or any other lienholder any settlement proceeds until said attorney's fees and cost lien has been satisfied; and

15. For such other further relief as this Court deems just.

Dated August 7, 2018

Respectfully submitted,
**WEISBERG & ASSOCIATES,**
**Attorneys at Law**

*[signature]*

Fla. Bar No. 962198
21301 Powerline Rd. #100
Boca Raton, FL 33433
Telephone: (561) 362-7355
Facsimile: (561) 880-6570
LWeisberg@WeisbergLegal.com *Attorney for Individual Class Members*

**CERTIFICATE OF SERVICE**

I CERTIFY that the above has been filed with the Clerk of Court's EF/ECM system, which will provide service to all parties designated to receive service this August 7, 2018.

*[signature]*

Lawrence Weisberg, Esq.



**WEISBERG & ASSOCIATES**
ATTORNEYS AT LAW

LICENSED IN FLORIDA AND THE FEDERAL DISTRICT COURTS OF SOUTHERN, MIDDLE, AND NORTHERN FLORIDA

ITEMIZED STATEMENT OF COSTS

LeShon Johnson

| | |
|---|---|
| Flight: Delta | $895.20 |
| Flight: American Airlines | $1,125.20 |
| Hotel: Ramada Inn | $143.78 |
| Car Rental: Budget | $150.00 |
| Neurology Testing: Dr. Label | $2,500.00 |
| Supplemental: Dr. Label | $250.00 |
| Neurology (Earlier Age Diagnosis): Dr. Hussein | $2,500.00 |
| Vendor: FedEx | $50.00 |
| Neuropsychological Battery: Dr. Hoover | $3,500.00 |
| Total | $11,114.18 |

**WEISBERG & ASSOCIATES**
ATTORNEYS AT LAW

p: (561) 362-7355
e: NFLlitigation@weisberglegal.com

21301 Powerline Rd, Suite 100
Boca Raton, FL 33433

| Date | June 30, 2016 |
|---|---|
| Client Name | LESHON JOHNSON |
| Address | ███████████████████ |
| | ███████████████████ |
| Phone Number | ████████ |
| E-mail | ███████████████ |

# RETAINER

Client hereby appoints and employs Weisberg & Associates, P.A. (lead counsel) with its principal address at 21301 Powerline Road, Suite 100, Boca Raton FL 33433 including its legal affiliates, and Wright & Associates, Pa (co-counsel) as well as other co-counsel arrangements and assigns (hereinafter referred to as "Law Firm"), as Attorneys to investigate the potential for recovery against third parties, including, but not limited to, the National Football League, and any other entities who are or may be legally liable or responsible in whole or in part, for medical monitoring injuries and/or damages incurred by Client as the result of head injuries and concussions sustained while playing in the NFL.

If warranted, Law Firm is hereby authorized to file such lawsuits as it deems necessary or desirable to effectuate or maximize recovery as it pertains to the NFL Concussion Settlement. Law Firm will prosecute the same to judgment, and to negotiate settlement thereof, but it is distinctly understood that no settlement shall be made by the Attorneys without the Client's approval. Law Firm shall handle not only the litigation but shall assist in locating medical professionals (if Client does not already have or have a preference) and reviewing Clients prior medical history, as well as the coordination of the medical evaluations necessary to pursue the above claims.

## ATTORNEY'S FEES, COSTS, AND EXPENSES

In consideration of the services rendered and to be rendered to the Client by the Law Firm, the Client, hereby grants, sells, assigns, and conveys to Firm as its compensation herein, an undivided interest in Clients award/claim as follows: twenty percent (20%) of the award plus expenses and costs.

**WEISBERG & ASSOCIATES**
ATTORNEYS AT LAW

p: (561) 362-7355
e: NFLlitigation@weisberglegal.com

21301 Powerline Rd, Suite 100
Boca Raton, FL 33433

Any recovery may be subject to reduction in the form of a court-ordered assessment. Occasionally in mass personal injury lawsuits such as this, the court may order a common fund assessment on each award recovered by a plaintiff (typically in the range of 2 - 5% of the award, which is used to reimburse other Attorney' costs and time for assistance in developing parts of the case that benefits all plaintiffs (nationwide) participating in the litigation. Such assessments are reviewed and ordered by a judge. We cannot predict at this time whether such an assessment may be made in this case.

If and only if a recovery is obtained in my claim for damages, I agree to pay in addition to the attorney fee, all out of pocket expenses incurred to investigate and document my case, including, but not limited to investigate and fees, costs, medical reports and opinions, deposition expenses, facsimile transmittals, witness fees, filing fees, Xerox charges, trial exhibits and other related out of pocket items. This amount should not exceed $10,000 (ten thousand dollars).

## AUTHORITY OF THE LAW FIRM

Client empowers the Law Firm to take all steps in this matter deemed by them to be advisable for the investigation and handling of Client's claim, including hiring investigators, expert witnesses and/or other Attorneys and filing any legal action necessary. Client understands that this is a sophisticated and complicated case and agrees that co- counsel may be employed at the discretion and expense of the Law Firm and that any Attorney so employed may be designated to appear on Client's behalf to undertake their representation in this matter. The sharing of Attorney's fees will not increase the fees Client will owe. The Client further authorizes the Law Firm to deduct and pay medical expenses of this claim from Client's recovery directly, after calculation of Attorney's contingent fee, to the person or firms to whom the expenses are due. In the event this case settles, the Clients grants a limited power of Attorney to Attorneys for the limited purpose of endorsing any settlement checks for deposit in the firm's escrow account. Client will approve and review a closing statement prior to settlement funds being released from trust account.

The undersigned Client has, before signing this contract, received and read the statement of Client's rights and understands each of the rights set forth therein. The undersigned Client has signed the statement and received a signed copy to refer to while being represented by the undersigned Attorney(s).

This contract may be cancelled by written notification to the Attorney at any time within 3 business days of the date the contract was signed, as shown below, and if cancelled the Client shall not be obligated to pay any fees to the Attorney for the work performed during that time. If the Attorney has expended funds to others in representation of the Client, the Attorney is entitled to be reimbursed for such amounts as the Attorney has reasonably advanced on behalf of the Client.

Larry Weisberg, Esq.
Zachary R. Needell, Law Clerk

**WEISBERG & ASSOCIATES**
ATTORNEYS AT LAW

p: (561) 362-7355
e: NFLlitigation@weisberglegal.com

21301 Powerline Rd, Suite 100
Boca Raton, FL 33433

## CONSOLIDATION, JOINDER, AND AGGREGATION OF CLAIMS

Client understands and agrees that, if the Law Firm considers it to be in the Client's best interest some claims may be brought as part of a consolidation, or joinder of multiple plaintiffs. In addition, claims may be consolidated by court order. Counsel may recommend that some of all of the claims related to the injuries noted above be prosecuted as a class action. Client further understand and agrees that, in cases where the Law Firm considers it to be in the Client's best interest, the Law Firm may simultaneously negotiate the settlements of more than one Client's claims with a defendant or group of defendants. Client understands that, despite any such joint settlement negotiations, Client is free to reject any settlement offer. In some cases, in which more than one Client has a claim against a defendant, an aggregate settlement which seeks, in a particular way, to settle all claims together may be proposed. Special rule on class actions: If Client's case is filed as or becomes a part of a class action, Client's individual right to control settlement decisions may be superseded by the applicable state or federal rules. In such cases, the applicable class action rules may substitute judicial approval of settlements for the Client's individual consent. In a class action, the Attorney's fees and reimbursement of costs will be determined by the court.

## WITHDRAWAL OR TERMINATION

Client and the Law Firm hereby covenant and agree that if withdrawal from representation is for any reason permitted and deemed advisable and appropriate under the applicable Rules of Professional Conduct or any other governing ethical standards, including if the evidence in support of the claims develops in a manner that renders a profitable result for the Client unlikely, the Law Firm shall have the right to withdraw from the case by returning to the Client at his/her last known address all file material to which the Client is entitled along with a letter explaining the reason for the withdrawal. Unless the Law Firm 's decision to withdraw was the result of a breach of contract or culpable conduct on the part of the Client, the Law Firm's decision to terminate representation is without claim or charge to the Client for any unpaid Attorney's fees or unreimbursed expenses. If the Law Firm elects to terminate representation of Client due to Client's breach of contract or other culpable actions Client understand and agrees that, to the extent allowed under applicable law the Law Firm has a claim for expenses of litigation and unpaid Attorney's fees which will become due upon receipt by us or by any successor Attorney of any proceeds for any remaining portion of the personal injury claim. Client understands he/she can terminate the Law Firm's representation of Client at any time by providing written notice to the Law Firm at the address of their principal office. Should Client elect to terminate the Law Firm's representation prior to the full conclusion of the Law Firm's services under this contract Client understands and agrees that the Law Firm has a claim for expenses of litigation and unpaid Attorney's fees which will become due upon receipt by us or by any successor Attorney of any proceeds for any remaining portion of the person all injury settlement.

Larry Weisberg, Esq.
Zachary R. Needell, Law Clerk

Page 4 of 15

**WEISBERG & ASSOCIATES**
ATTORNEYS AT LAW

p: (561) 362-7355
e: NFLlitigation@weisberglegal.com

21301 Powerline Rd, Suite 100
Boca Raton, FL 33433

## CLAIMS RESULTING IN DEATH

If Client's claim will include an attempt to recover damages based on the death of an individual, Client acknowledges that the Law Firm represents the estate of the deceased only for purposes of pursuing the survival claim. The Law Firm is not assuming any responsibility for advising Client in the capacity as personal representative or fiduciary of the estate. Client also understands that the Law Firm may also file a wrongful death claim. Client understands that in acting as representative of all persons entitled to bring a wrongful death claim arising out of the injured party's death and that even though settlement funds may be paid to Client alone. Client is accountable to all the wrongful death beneficiaries who may have valid claims. Client agrees to indemnify the Law Firm for any and all liabilities and expenses the Law Firm might incur as a result of Client's failure to fulfill fiduciary duties to other wrongful death beneficiaries.

## CLIENT ACKNOWLEDGMENT

Client acknowledges that Client has been encouraged by the Law Firm to consult other counsel concerning the negotiation of this fee agreement, that Client has made sufficient investigation and inquiry to determine that this agreement is fair and reasonable to Client, and that this agreement was the product of arm's length negotiation with the Law Firm. Client acknowledges that he/she has asked the Law Firm to represent him/her. Client acknowledges that, to his/her knowledge, no one has received any reward for recommending the Law Firm to Client, with the possible exception of Attorney referral fees permitted by the applicable Rules of Professional Conduct. Client has not been promised any support or reward for signing this employment agreement and assignment contract. Client warrants that he/she is not presently under contractual agreement to any other lawyer with respect to the claims that are the subject of this agreement.

Client acknowledges that they have been properly counseled on both the advantages and disadvantages of independent and Baseline Assessment medical testing. Client has been advised he has the option of taking the test now or in the future.

## DISPUTE RESOLUTION

The parties acknowledge and agree that this agreement is entered into in Florida and subject to Florida law exclusive of its conflict and choice of law provisions. To the extent permitted by applicable Rules of Professional Conduct or any other governing ethical standards, any disputes arising under or relating to the interpretations, enforcement or alleged breach of any legal, fiduciary, or other duties under this agreement and any disputes arising under or relating to the negotiation or formation of this agreement, shall be submitted to binding arbitration. Judgment on any arbitration award may be entered by any court of competent jurisdiction. This includes any derivative claims, inclusive of legal negligence, breach of

Larry Weisberg, Esq.
Zachary R. Needell, Law Clerk

Page 5 of 15

**WEISBERG & ASSOCIATES**
ATTORNEYS AT LAW

p: (561) 362-7355
e: NFLlitigation@weisberglegal.com

21301 Powerline Rd, Suite 100
Boca Raton, FL 33433

fiduciary duty, fraud, duress, misappropriation of funds, or any other claims against the Law Firm, its partners, associates, or other representatives, arising out of the legal services made the basis of this contract.

## AUTHORITY OF THE LAW FIRM

Client empowers the Law Firm to take all steps in this matter deemed by them to be advisable for the investigation and handling of Client's claim, including hiring investigators, expert witnesses and/or other Attorneys and filing any legal action necessary. Client understands that this is a sophisticated and complicated case and agrees that co- counsel may be employed at the discretion and expense of the Law Firm and that any Attorney so employed may be designated to appear on Client's behalf to undertake their representation in this matter. The sharing of Attorney's fees will not increase the fees Client will owe. The Client further authorizes the Law Firm to deduct and pay medical expenses of this claim from Client's recovery directly, after calculation of Attorney's contingent fee, to the person or firms to whom the expenses are due. In the event this case settles, the Clients grants a limited power of Attorney to Attorneys for the limited purpose of endorsing any settlement checks for deposit in the firm's escrow account. Client will approve and review a closing statement prior to settlement funds being released from trust account.

The undersigned Client has, before signing this contract, received and read the statement of Client's rights and understands each of the rights set forth therein. The undersigned Client has signed the statement and received a signed copy to refer to while being represented by the undersigned Attorney(s).

This contract may be cancelled by written notification to the Attorney at any time within 3 business days of the date the contract was signed, as shown below, and if cancelled the Client shall not be obligated to pay any fees to the Attorney for the work performed during that time. If the Attorney has expended funds to others in representation of the Client, the Attorney is entitled to be reimbursed for such amounts as the Attorney has reasonably advanced on behalf of the Client.

## CONSOLIDATION, JOINDER, AND AGGREGATION OF CLAIMS

Client understands and agrees that, if the Law Firm considers it to be in the Client's best interest some claims may be brought as part of a consolidation, or joinder of multiple plaintiffs. In addition, claims may be consolidated by court order. Counsel may recommend that some of all of the claims related to the injuries noted above be prosecuted as a class action. Client further understand and agrees that, in cases where the Law Firm considers it to be in the Client's best interest, the Law Firm may simultaneously negotiate the settlements of more than one Client's claims with a defendant or group of defendants.

Larry Weisberg, Esq.
Zachary R. Needell, Law Clerk

Page 6 of 15

**WEISBERG & ASSOCIATES**
ATTORNEYS AT LAW

p: (561) 362-7355
e: NFLlitigation@weisberglegal.com

21301 Powerline Rd, Suite 100
Boca Raton, FL 33433

Client understands that, despite any such joint settlement negotiations, Client is free to reject any settlement offer. In some cases, in which more than one Client has a claim against a defendant, an aggregate settlement which seeks, in a particular way, to settle all claims together may be proposed. Special rule on class actions: If Client's case is filed as or becomes a part of a class action, Client's individual right to control settlement decisions may be superseded by the applicable state or federal rules. In such cases, the applicable class action rules may substitute judicial approval of settlements for the Client's individual consent. In a class action, the Attorney's fees and reimbursement of costs will be determined by the court.

## WITHDRAWAL OR TERMINATION

Client and the Law Firm hereby covenant and agree that if withdrawal from representation is for any reason permitted and deemed advisable and appropriate under the applicable Rules of Professional Conduct or any other governing ethical standards, including if the evidence in support of the claims develops in a manner that renders a profitable result for the Client unlikely, the Law Firm shall have the right to withdraw from the case by returning to the Client at his/her last known address all file material to which the Client is entitled along with a letter explaining the reason for the withdrawal. Unless the Law Firm 's decision to withdraw was the result of a breach of contract or culpable conduct on the part of the Client, the Law Firm's decision to terminate representation is without claim or charge to the Client for any unpaid Attorney's fees or unreimbursed expenses. If the Law Firm elects to terminate representation of Client due to Client's breach of contract or other culpable actions Client understand and agrees that, to the extent allowed under applicable law the Law Firm has a claim for expenses of litigation and unpaid Attorney's fees which will become due upon receipt by us or by any successor Attorney of any proceeds for any remaining portion of the personal injury claim. Client understands he/she can terminate the Law Firm's representation of Client at any time by providing written notice to the Law Firm at the address of their principal office. Should Client elect to terminate the Law Firm's representation prior to the full conclusion of the Law Firm's services under this contract Client understands and agrees that the Law Firm has a claim for expenses of litigation and unpaid Attorney's fees which will become due upon receipt by us or by any successor Attorney of any proceeds for any remaining portion of the person all injury settlement.

## CLAIMS RESULTING IN DEATH

If Client's claim will include an attempt to recover damages based on the death of an individual, Client acknowledges that the Law Firm represents the estate of the deceased only for purposes of pursuing the survival claim. The Law Firm is not assuming any responsibility for advising Client in the capacity as personal representative or fiduciary of the estate. Client also understands that the Law Firm may also file

Larry Weisberg, Esq.
Zachary R. Needell, Law Clerk

Page 7 of 15

**WEISBERG & ASSOCIATES**
ATTORNEYS AT LAW

p: (561) 362-7355
e: NFLlitigation@weisberglegal.com

21301 Powerline Rd, Suite 100
Boca Raton, FL 33433

a wrongful death claim. Client understands that in acting as representative of all persons entitled to bring a wrongful death claim arising out of the injured party's death and that even though settlement funds may be paid to Client alone. Client is accountable to all the wrongful death beneficiaries who may have valid claims. Client agrees to indemnify the Law Firm for any and all liabilities and expenses the Law Firm might incur as a result of Client's failure to fulfill fiduciary duties to other wrongful death beneficiaries.

## CLIENT ACKNOWLEDGMENT

Client acknowledges that Client has been encouraged by the Law Firm to consult other counsel concerning the negotiation of this fee agreement, that Client has made sufficient investigation and inquiry to determine that this agreement is fair and reasonable to Client, and that this agreement was the product of arm's length negotiation with the Law Firm. Client acknowledges that he/she has asked the Law Firm to represent him/her. Client acknowledges that, to his/her knowledge, no one has received any reward for recommending the Law Firm to Client, with the possible exception of Attorney referral fees permitted by the applicable Rules of Professional Conduct. Client has not been promised any support or reward for signing this employment agreement and assignment contract. Client warrants that he/she is not presently under contractual agreement to any other lawyer with respect to the claims that are the subject of this agreement.

Client acknowledges that they have been properly counseled on both the advantages and disadvantages of independent and Baseline Assessment medical testing. Client has been advised he has the option of taking the test now or in the future.

## DISPUTE RESOLUTION

The parties acknowledge and agree that this agreement is entered into in Florida and subject to Florida law exclusive of its conflict and choice of law provisions. To the extent permitted by applicable Rules of Professional Conduct or any other governing ethical standards, any disputes arising under or relating to the interpretations, enforcement or alleged breach of any legal, fiduciary, or other duties under this agreement and any disputes arising under or relating to the negotiation or formation of this agreement, shall be submitted to binding arbitration. Judgment on any arbitration award may be entered by any court of competent jurisdiction. This includes any derivative claims, inclusive of legal negligence, breach of fiduciary duty, fraud, duress, misappropriation of funds, or any other claims against the Law Firm, its partners, associates, or other representatives, arising out of the legal services made the basis of this contract.

## SEVERABILITY



p: (561) 362-7355  
e: NFLlitigation@weisberglegal.com

21301 Powerline Rd, Suite 100  
Boca Raton, FL 33433

If any part of this Agreement shall for any reason be found unenforceable, the parties agree that it shall be modified as closely as possible to the original term while still being enforceable and all other provisions of this Agreement shall remain valid and enforceable.

Client acknowledges that he/she has read the above and understands this contract and agreement. Client acknowledges that he/she understands that he/she has a right to obtain a copy of this contract.

*Lawrence Weisberg*  
Firm Representative Signature

**LESHON JOHNSON**  
Client Printed Name

**Larry Weisberg**  
Firm Representative Name

Spouse Signature (if applicable loss of consortium case)

7-1-16  
Date

p: (561) 362-7355
e: NFLlitigation@weisberglegal.com

**WEISBERG & ASSOCIATES**
ATTORNEYS AT LAW

21301 Powerline Rd, Suite 100
Boca Raton, FL 33433

# STATEMENT OF CLIENT'S RIGHTS

Before you, the prospective client, arrange a contingency fee agreement with a lawyer, you should understand this Statement of your rights as a client. This Statement is not a part of the actual contract between you and your lawyer, but as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer, you may talk with other lawyers.

2. Any contingency fee contract must be in writing and you have three (3) business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within three (3) business days of signing the contract. If you withdraw from the contract within the first three (3) business days you do not owe the lawyer a fee, although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the three-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training and experience. If you ask, the lawyer should tell you specifically about his or her actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingency fee contract with you, a lawyer must advise you whether he or she intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, he or she should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least one lawyer from each law firm must sign the contingency fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract which includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions

Larry Weisberg, Esq.
Zachary R. Needell, Law Clerk

Page 10 of 15

**WEISBERG & ASSOCIATES**
ATTORNEYS AT LAW

p: (561) 362-7355
e: NFLlitigation@weisberglegal.com

21301 Powerline Rd, Suite 100
Boca Raton, FL 33433

about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money which you might have to pay to your lawyer for costs, and liability you might have for attorneys' fees to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement, you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept an offer.

Client Signature

Larry Weisberg, Esq.
Zachary R. Needell, Law Clerk

Page 11 of 15

**WEISBERG & ASSOCIATES**
ATTORNEYS AT LAW

p: (561) 362-7355
e: NFLlitigation@weisberglegal.com

21301 Powerline Rd, Suite 100
Boca Raton, FL 33433

# STATEMENT OF UNDERSTANDING

I, __LESHON JOHNSON__ do hereby certify to the following:

1. My counsel has explained to me the different avenues for diagnosis, including the Baseline Assessment Program (BAP).

2. My counsel has offered to explain the intricacies of the NFL Concussion Settlement and has done so to the extent that I have requested.

3. Counsel has stated the following as it pertains to testing of any kind, whether through the BAP or through independent testing:

    i. I am aware that counsel and medical personnel are independent from each other and thus there must be no attempt to influence medical personnel as it pertains to any medical decisions or diagnoses.

    ii. I must complete all neurological and neuropsychological testing with complete honesty, effort, and without embellishment.

    iii. All informational related to the exams themselves is considered confidential and must not be published or discussed in detail with anyone other than my doctor or my counsel.

    iv. I am not allowed to receive, nor will counsel provide, any assistance on any part of the exam other than through discussing the published information in the NFL Concussion Settlement Agreement.

4. I am aware that I must disclose all relevant medical history and information to my counsel and the appropriate physicians.

By signing below, I acknowledge that the above has been explained to me in full.



Client Signature