#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                        Plaintiffs,<br>     v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                                        Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Weisberg & Associates, PA v. Minor<br>Attorney Lien Dispute<br>(Doc. No. 7886) | |

### EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                                        August 16, 2018

  Before the Court is a Petition to Establish Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Travis Minor, which was filed on July 5, 2017, by Weisberg & Associates, PA ("Weisberg") (Doc. No. 7886). On May 29, 2018 the Claims Administrator issued a Notice of Duty to Resolve to Weisberg and Mr. Minor. The Brad Sohn Law Firm, PLLC ("Sohn"), represented Mr. Minor in negotiations with Weisberg.

  The District Court referred all Petitions for individual attorney's liens to this Court. (Doc. No. 7746). On March 6, 2018, Rules Governing Attorneys' Liens ("Rules") were adopted. (Doc. No. 9760). Pursuant to Rule 12, the Mr. Minor and Weisberg (the "Parties") were advised

of their right to consent to have the Magistrate Judge issue a final Order to resolve this Dispute. On August 14, 2018, the Court was notified that the Parties' have consented to jurisdiction by a Magistrate Judge. (Doc. No. 10221). Accordingly, this Opinion will serve as the final decision of the Court.

On August 14, 2018, pursuant to Rule 21, the Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal"). The signed agreement indicates that Mr. Minor has already wired payment to Weisberg. In exchange, Weisberg agreed to a "full and final release of any and all rights to any portion of Mr. Minor's Award now or in the future." We have reviewed the Award issued and compared it to the fees to be paid Weisberg under this agreement. We have concluded that the amount agreed is within the percentage allowed under the 22% Presumptive Fee Cap imposed by the District Court. (Doc. No. 9863).

Accordingly, we recommend that the Withdrawal be granted and Claims Administrator be ordered to distribute the funds to Mr. Minor as is set forth in the Withdrawal. Specifically, the Claims Administrator is directed to release to Mr. Minor those funds that had been held back to pay Individually Retained Attorney's Fees to Weisberg.[1]

## CONCLUSION

**AND NOW**, this 16th day of August, 2018, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and

2. The Claims Administrator is **ORDERED** to disburse the withheld funds in

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid directly to Mr. Minor, pursuant to the agreed terms in the Withdrawal.

accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE