## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                          Plaintiffs,<br><br>       v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                         Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Locks Law Firm v. Smith<br>Attorney's Lien Dispute<br>(Doc. No. 8233) | |

## REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                    August 16, 2018

Before the Court for Report and Recommendation is a Petition to Establish Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Tony Smith, which was filed on August 8, 2017, by the Locks Law Firm ("Locks").  (Doc. No. 8233).  On March 20, 2018, the Claims Administrator issued a Notice of Monetary Award Claim Determination to Mr. Smith's current counsel – Berkowitz and Hanna LLC ("Berkowitz").  On June 18, 2018, Locks and Berkowitz (the "Parties") notified the Claims Administrator that they had reached an agreement for the distribution of attorneys' fees and costs, and the Parties were seeking with withdraw the Lien Dispute (the

"Withdrawal").

The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746). On March 6, 2018, Rules Governing Attorneys' Liens ("Rules") were adopted. (Doc. No. 9760). Accordingly, the Claims Administrator has referred the Lien Dispute and the Withdrawal for Report and Recommendation.

Upon review of the Withdrawal, we recognized that there were concerns about the timing of the lienholder's assertion of costs.[1] On July 24, 2018, we ordered Locks to show cause why the untimely submitted costs should not be disallowed. On August 3, 2018, Locks withdrew its request for reimbursement of costs. (Doc No. 10190).

Upon review of the Withdrawal, the list of itemized costs submitted by Locks on June 29, 2018 and withdrawn on August 3, 2018, and the list of itemized costs submitted by Berkowitz on June 26, 2018, we conclude that Berkowitz is entitled to the costs asserted. We further conclude that the fees sought by the Parties are collectively within the percentage allowed under the 22% Presumptive Fee Cap imposed by the District Court. (Doc. No. 9863).

Accordingly, we recommend that the Withdrawal be granted and Claims Administrator be ordered to distribute the attorneys' fees and costs to Berkowitz and the attorneys' fees to Locks as is set forth in the June 18, 2018 Withdrawal submitted by the Parties.

## RECOMMENDATION

**AND NOW**, this   16th   day of August, 2018, it is respectfully **RECOMMENDED** that the withdrawal of lien dispute be **GRANTED** and the Claims Administrator be ordered to

---

[1] The precise dollar amount, as well as the other requirements in Rule 8(a) must be submitted to the Claims Administrator "before it begins processing the Award." Rule 8(c). In this case, notice of costs was required to be submitted to the Claims Administrator by January 29, 2018. Such notice was not provided until the Parties submitted their joint request for withdrawal.

distribute the attorneys' fees and costs as is set forth above.

The Parties may file objections to this Report and Recommendation.  *See* Rule 22(d).


BY THE COURT:


/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE