# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS. | Hon. Anita B. Brody |

## SETTLEMENT IMPLEMENTATION DETERMINATION

Before the Court is an objection from a finding by the Special Master that Appellant, a Representative Claimant of a Retired NFL Player, is not entitled to a Death with CTE Monetary Award.

The Court reviews de novo any objections to conclusions of law from its Special Masters. *See* ECF No. 6871 at 4-5 (appointing the Special Masters and defining their roles). "The decision of the Court will be final and binding." Settlement Agreement § 9.8.

Appellant obtained a Death with CTE diagnosis for the Retired Football Player over a year past the deadline imposed by the definition of Death with CTE in the Settlement Agreement. In light of the Court's previous ruling in a very similar case, see June 28, 2018 Explanation and Order, ECF No. 10108, and based on a review of the Special Master's Findings (attached), I approve and adopt the Special Master's conclusions. Accordingly, the Appellant's objection is **DENIED**.

1

<u>8/20/18</u>
DATE

<u>         Anita B. Brody        </u>
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:        Copies **MAILED** on _____ to:

O:\ABB 2018\L-Z\NFL Bironas Objection Determination.docx

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO: APPEAL OF LARRY BIRONAS REGARDING DENIAL OF MONETARY AWARD | **Hon. Anita B. Brody** |

### FINDINGS OF THE SPECIAL MASTER
### PURSUANT TO SECTION 9.5 REGARDING A DENIAL OF MONETARY AWARD BY THE SETTLEMENT CLAIMS ADMINISTRATOR

### I. INTRODUCTION

This matter requires the Special Master to determine whether ongoing litigation over a decedent NFL Player's estate legally precluded his Representative Claimant from timely obtaining a Qualifying Diagnosis of Death with CTE under the deadline imposed by §6.3(f) of the Settlement Agreement. Additionally, if the litigation did not present actual legal impossibility, the Special Master must determine whether the Claimant's good-faith inadvertence or mistake justifies equitable relief from the deadline.

For the reasons stated below, the Special Master affirms the decision of the Settlement Claims Administrator. The determination of the Special Master is final and binding.

### II. STANDARD OF REVIEW

The Special Masters must decide an appeal of a Denial of Monetary Award based on a showing by the appellant of clear and convincing evidence that the determination of the Claims Administrator was incorrect. (Order Appointing Special Masters, 5.) "Clear and convincing evidence" is a recognized intermediate standard of proof—more demanding than preponderance of the evidence, but less demanding than proof beyond a reasonable doubt. In re Fosamax Alendronate Sodium Prods. Liab. Litig., 852 F.3d 268, 285-86 (3d Cir. 2017) ("Black's Law Dictionary defines clear and convincing evidence as 'evidence indicating that the thing to be proved is highly probable or reasonably certain.'").

### III. FACTUAL AND PROCEDURAL HISTORY

James Robert D. "Rob" Bironas (hereinafter, "decedent"), a Retired NFL Player, died on September 20, 2014. (Doc. 144915, at 1.) According to his Representative Claimant – his father Larry Bironas (hereinafter, "Appellant") – the decedent's wife, Rachel Bradshaw Bironas, immediately tried to claim decedent's estate upon death, resulting in a litigation contesting the estate. (*Id.*)

This litigation was partially settled on July 9, 2015, with Rachel waiving "any rights she may have" in the disposition of decedent's remains. (*Id.*, at 36.) According to Appellant, the right to make such arrangements was challenged by Rachel until the final settlement on the estate was reached on December 21, 2015. (Doc. 155817; Doc. 144915, at 89.) Appellant contends that no direction could be taken "on any element" of decedent's estate until the final settlement date. (Doc. 155817.)

Appellant thereafter finalized arrangements to send decedent's body to Boston University on March 31, 2016. (Doc. 144915, at 103.) On July 12, 2016, decedent received a diagnosis consistent with a Qualifying Diagnosis of Death with CTE under the Settlement Agreement. (*Id.*, at 107.)

The Settlement Claims Administrator denied a Monetary Award for the Appellant. (Doc. 136736.) The Claims Administrator found that because the decedent died between July 7, 2014 and the Final Approval Date of the Settlement Agreement (April 22, 2015), his diagnosis of Death with CTE was subject to the deadline imposed by §6.3(f) of the Settlement Agreement. (*Id.*, at 1.) Section 6.3(f) states that "a Retired NFL Football Player who died between July 7, 2014 and the Final Approval Date shall have until 270 days from his date of death to obtain such a post-mortem diagnosis."

The Claims Administrator found that because the decedent passed away on September 20, 2014, he needed to obtain a diagnosis of Death with CTE by June 17, 2015. Accordingly, the diagnosis of Death with CTE in this case was made over a year past the settlement-imposed deadline.

Appellant timely appealed the determination of the Claims Administrator to the Special Master, pursuant to §9.5 of the Settlement Agreement.

### IV. DISCUSSION

#### 1. Appellant's Claim for Relief

Appellant seeks a reversal of the Claims Administrator's Denial of a Monetary Award on grounds that he is entitled to relief from the 270-day deadline for obtaining a Qualifying Diagnosis imposed by §6.3(f) of the Settlement Agreement. Pursuant to Fed. R. Civ. P. 6(b)(1),

"[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if the party failed to act because of excusable neglect."[1]

Appellant contends that his inability to meet the Death with CTE diagnosis deadline was caused by legal impossibility. He claims that after decedent's passing, his wife tried to claim his estate, resulting in litigation over the estate that was not finalized by settlement until several months after the §6.3(f) deadline had passed. (Doc. 144915, at 1.) According to Appellant, no one had the legal authority to release decedent's brain tissue for CTE testing during the course of the litigation. (*Id.*) It was thus legally impossible for Appellant to obtain a Death with CTE diagnosis until a settlement was reached on the estate and decedent's wife had waived the right to control disposition of his remains (Doc. 144915; Doc. 155817.)

The estate was settled on December 21 2015, and Appellant was able to obtain a Death with CTE diagnosis from the decedent's brain tissue on July 12, 2016, exactly 204 days after settlement of the estate. (Doc. 144915.) Accordingly, if the beginning of the 270-day requirement was tolled until the finalized settlement of decedent's estate, then Appellant would be in compliance with the deadline imposed by §6.3(f).

The Court must inquire as to whether into whether the litigation surrounding decedent's estate constitutes "excusable neglect" sufficient to toll the Death with CTE diagnosis deadline until settlement of the estate.

### 2. Excusable Neglect

"Excusable neglect" under Rule 6(b) is a "somewhat elastic concept" not limited solely to circumstances beyond the control of the movant. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993). Though all relevant circumstances should be considered, the Supreme Court in Pioneer specifically emphasized four factors in evaluating whether "excusable neglect" justifies equitable relief:

(1) The reason for the delay and whether it was in the reasonable control of the movant;
(2) The length of the delay and its potential impact on judicial proceedings;
(3) Whether the movant acted in good faith;
(4) The likelihood of prejudice to the non-movant.

In re Cendant Corp. Prides Litig., 234 F.3d 166, 170 (3d Cir. 2000) (citing Pioneer, 507 U.S. at 395).

---

[1] The Court retains "the 'ultimate responsibility' for the protection of class members" in a settlement, and may extend a deadline under its equitable powers upon a showing of "good cause." In re: Cendant Corp. PRIDES Litig., 233 F.3d 188, 194-95 (3d Cir. 2000). In courts of this Circuit, the discretionary use of equitable powers with respect to "late claims in class actions" are "frequently analyzed…under the rubric…of 'excusable neglect'." In re Orthopedic Bone Screw Prods. Liab. Litig., 246 F.3d 315, 321 (3d Cir. 2001).

Because the first factor – the reason for the delay – is not sufficiently justified in this case, this Court need not discuss the remaining excusable-neglect factors.

### 3. The Reason for the Delay and the Reasonable Control of the Movant

While not always dispositive, the first factor is critical; if the reason for the delay is not compelling, a court may still find no excusable neglect even if other factors weigh in favor of the movant. Weinstock v. Cleary, Gottlieb, Steen & Hamilton, 16 F.3d 501, 503 (2d Cir. 1994) (holding that in the absence of an adequate reason for delay, the fact that all other factors favored the movant was insufficient to grant movant's request for excusable neglect). "Inadvertence, ignorance of the rules, or mistakes construing the rules" do not typically suffice to justify the delay for the purposes of excusable neglect. Pioneer, 507 U.S. at 392.

Appellant argues that his non-adherence to the Death with CTE diagnosis deadline should be excused because of the legal impossibility of sending decedent's body for CTE testing during the litigation over his estate. However, Appellant appends to his brief a pair of documents executed in February of 2009. The first document appoints Appellant as Durable Power of Attorney for Health Care for decedent, and the second is an Advance Directive that grants Appellant the power to "control the disposition of [decedent's] remains upon death." (Doc. 144915, at 11-21.)

The NFL Parties argue that – even if the Special Master were inclined to extend the Death with CTE Diagnosis deadline under circumstances amounting to legal impossibility – these documents prove that it was *not* legally impossible for Appellant to send decedent's brain tissue out for testing, because under state law, the Appellant the legal right to make unilateral decisions related to the disposition of decedent's body. (Doc. 150903, at 3-4.) Appellant and Class Counsel respond by noting that decedent was married soon after the execution of these documents.

However, Tennessee state law grants in a designated durable power-of-attorney for health care the prioritized right to make decisions relating to "the right to control the disposition of the decedent's remains" over the surviving spouse of the decedent. Tenn. Code Ann. §62-5-703. The statute vests that right "in the following persons in the order named[:]

(1) An attorney in fact designated in a durable power of attorney for health care who is *acting pursuant to §34-6-204*;

(2) The surviving spouse."

*Id.* (emphasis added).

Section 34-6-204 of the Tennessee Annotated Code – referenced in the emphasized provision of §62-5-703(1) – clarifies that a durable power of attorney for health care "*has priority over any other person* to act for the principal in all matters of health care decisions," including those made "after the death of the principal" (emphasis added). Section 34-6-

204(b)(2) specifically lists authorizing an autopsy as one such decision which the durable power of attorney has priority to make over all other persons.

Moreover, Tennessee case law on §62-5-703 clarifies that the right to make decisions under the statute belongs solely to whichever person has the highest priority under the statute, and that no one else has standing to contest that person's decision. See In re Estate of Love, No. W2014-02507-COA-R3-CV, 2015 WL 5511318 (Tenn. Ct. App. Sep. 18, 2015) (holding that the decedent's adoptive father had no standing to contest the inscription on decedent's headstone, because Tenn. Code Ann. §62-5-703 granted the surviving spouse the sole right to control the headstone as part of the disposition of remains).

Appellant – as the designated power of attorney for health care – had the unilateral right under Tennessee law to control disposition of decedent's remains, and decedent's wife had no standing to stop him from conducting diagnostic testing. Accordingly, there was no legal impossibility that prevented Appellant from conducting the testing soon after decedent's passing, and thereby timely meeting the 270-day deadline imposed by the Settlement Agreement.

### 4. Inadvertence / Mistake as Grounds for Excusable Neglect

A good-faith misunderstanding about the law can, in some circumstances, be allowed to fall under the "elastic concept" of excusable neglect. Iannace v. Rogers, No. CIV. 03-5973(JBS), 2006 WL 2038492, at *4 (D.N.J. July 18, 2006) ("While it would have been ideal for the Petitioner to have more effectively researched the issue...[a] mistaken reading of such legal terms by a *pro se* layperson is understandable within the scope of" the four Pioneer factors.). However, such relief is subject to the Court's discretion.

This Court has previously reviewed appeals seeking relief from the Death with CTE diagnosis deadline under the "excusable neglect" standard. In one such appeal, the Court denied relief to a Representative Claimant who made several concerted attempts to acquire a sample of the Player's brain tissue to send off for CTE testing, but missed the §6.3(f) deadline by three months due to a mistake by a third-party Medical Examiner.

By comparison, Appellant's non-adherence to §6.3(f) was the result of his own mistake – a misinterpretation of Tennessee law governing durable power of attorney for health care – not the mistake of a third party. Additionally, Appellant missed the applicable settlement deadline by over a year, as opposed to only three months in the prior case.

Accordingly, Appellant has not established that his mistake constitutes a sufficient excuse to warrant relief from the Settlement Agreement deadline for obtaining a diagnosis of Death with CTE.

## V. CONCLUSION

The Special Master denies this appeal, and upholds the decision of the Claims Administrator.

Date: May 12, 2018

Wendell E. Pritchett, Special Master