# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **Hon. Anita B. Brody** |

# ORDER

**AND NOW**, this _21st__ day of August, 2018, it is **ORDERED** that Thrivest's Motion for Bond Pending Appeal (ECF No. 10114) is **DENIED**.[1]

s/Anita B. Brody

_____
ANITA B. BRODY, J.

---

[1] Thrivest moves for a bond under Federal Rule of Civil Procedure 62(c). But, Rule 62(c) relates to applications for *stays* of injunctions. The Rule states: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). The reference to "terms for bond" allows a court to require a bond from the party applying for the stay. For example, a court may grant a stay on the condition that the party seeking the stay post a bond. *See, e.g.*, *Motorola Credit Corp. v. Uzan*, 275 F. Supp. 2d 519, 525 (S.D.N.Y. 2003) (granting defendants' request for a temporary stay of a judgment only if defendants posted a bond). Rule 62(c) does not support Thrivest's request for a bond.

Thrivest also moves for a bond under Rule 65, which requires some form of security when a court issues a preliminary injunction or a temporary restraining order. Here, the Court issued a permanent injunction. *See* May 22, 2018 Explanation and Order 6, ECF No. 10011 ("Thrivest is permanently enjoined from seeking arbitration against Mr. White regarding the validity of the funding agreement."). Rule 65 is inapplicable.

2

Copies **VIA ECF** on _____ to:                                   Copies **MAILED** on _____ to:

2

Copies **VIA ECF** on _____ to:                                   Copies **MAILED** on _____ to: