**THE BRAD SOHN LAW FIRM, PLLC**

Bradford Rothwell Sohn, Esq.
Brad@Sohn.com

September 6, 2018

*via e-mail only*

    RE:    *Robinson v. Nat'l Football League, et al*, No. 2:17-cv-2736-AB ("*Robinson*");
              *Hernandez v. Nat'l Football League, et al*, No. 2:18-cv-00464-AB ("*Hernandez*")

Hon. Judge Anita B. Brody
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 7613
Philadelphia, PA 19106

Dear Judge Brody,

      I write to inform the Court of recent supplemental authority that bears directly on the central issue in these actions thus far: whether the claims in the above actions are preempted under Section 301 of the Labor Management Relations Act (29 U.S.C. § 185.) As the Ninth Circuit held today, there was no such preemption with regard to negligence claims or fraud claims in a class action brought by NFL players who alleged the NFL negligently and fraudulently caused injuries relating to various prescription medications. Nor did the 9th Circuit believe those claims should be properly dismissed for failure to comply with the grievance procedures within the applicable collective bargaining agreement. *See Dent v. Nat'l Football League*, No. 15-15143 (9th Cir. Sept. 6, 2018) (opinion attached as Exhibit "A".) In short, the identical arguments advanced by Defendants here were rejected by the 9th Circuit today.

      As the Court is aware, my clients, the *Robinson* and *Hernandez* Plaintiffs, have each moved for remand, in July of 2017 and July of 2018, respectively. The *Robinson* Motion has been fully briefed since last November and awaits disposition. The *Hernandez* Motion will be fully briefed by approximately November.

      We believe this opinion is highly persuasive and speaks directly to Defendants' arguments for preemption made in these cases. Specifically, the *Dent* Court rejected the same arguments made here: (1) that provisions within applicable CBAs regarding players' rights to medical care preempted state negligence claims (Ex. "A", pp. 14-17, 19); (2) that establishing causation also provided a basis for preemption (*see id.*, p. 17); (3) that negligent hiring and retention claims were preempted (*see id.*, pp. 21-22); (4) that negligent misrepresentations required the Court to construe the CBAs (*see id.*, p. 24); (5) that the scope of common law duties were shaped by CBAs (*see id*, pp. 24, 26); (6) that any duty to disclose (for fraud purposes) stemmed from the CBA (*see id.*, pp. 27-28); and (7) that consortium claims were preempted.

THE BRAD SOHN LAW FIRM, PLLC

Bradford Rothwell Sohn, Esq.
Brad@Sohn.com

      We believe that this detailed opinion supports our view that both actions must be remanded, and that discovery must commence at once. The longer the delay, the greater the risk Plaintiffs face with respect to document purging and witnesses dying. Of course, we remain willing to discuss these points and any others with the Court, as it sees fit.

      Regards,

      Bradford R. Sohn

BRS/brs

cc: Benjamin Andreozzi, Esq.; Jose Baez, Esq.; Linda Kenney Baden, Esq.; Ronald Sullivan, Esq.; Brad Karp, Esq.; Claudia Hammerman, Esq.; Douglas Burns, Esq.; Caitlin Grusauskas, Esq.; Paul Cereghini, Esq.