**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON   (1946-1991)
RANDOLPH E. PAUL    (1946-1956)
SIMON H. RIFKIND    (1950-1995)
LOUIS S. WEISS      (1927-1950)
JOHN F. WHARTON     (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3165

WRITER'S DIRECT FACSIMILE

(212) 492-0165

WRITER'S DIRECT E-MAIL ADDRESS

bbirenboim@paulweiss.com

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

September 13, 2018

**Via ECF**

Hon. Anita B. Brody
Senior United States District Judge
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

    *Robinson v. Nat'l Football League, et al.*, No. 2:17-cv-2736-AB
    *Hernandez v. Nat'l Football League, et al.*, No. 2:18-cv-00464-AB

Dear Judge Brody:

    The NFL Defendants submit this response to the plaintiffs' September 6, 2018 letter regarding the Ninth Circuit's recent opinion in *Dent* v. *Nat'l Football League*, No. 15-15143 (9th Cir. Sept. 6, 2018) ("*Dent*"). That decision is readily distinguishable and does not support remand of plaintiffs' claims.[1]

    The central question in *Dent* was whether § 301 of the Labor Management Relations Act ("LMRA") preempts claims premised on the alleged violation of state and federal *statutes* governing the direct distribution of controlled substances. Accepting the plaintiffs' allegations of *illegal* conduct by the NFL itself as true at the motion to dismiss

---

[1] Irrespective of *Dent* or labor law preemption more generally, the *Hernandez* action should be dismissed, as a threshold matter, because plaintiff is a Settlement Class Member who released her claims, as explained in the NFL Defendants' recently filed motion in that case. *See* NFL Defs.' Mot. to Dismiss Settlement Class Members Tracy Scroggins, Rose Stabler, and A.H. Br., ECF No. 10228-1, at 10–13.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Anita B. Brody                                                                                                                       2

stage, the court found no preemption: "[U]nder the plaintiffs' negligence per se theory, whether the NFL breached its duty to handle drugs with reasonable care can be determined by comparing the conduct of the NFL to the requirements of the statutes at issue" without any need for CBA interpretation. *Dent* at 16–17 (citing the various statutes alleged to have been violated as cited in plaintiffs' complaint).

Unlike in *Dent*, plaintiffs' claims here are not grounded in non-negotiable statutory rights. Instead, plaintiffs allege negligence and fraud claims that, as we have demonstrated, require CBA interpretation to determine, among other things, whether the NFL assumed a duty of care regarding player health and safety, the scope of that duty (if any) in light of the contractual assignment of duties to Clubs and their medical personnel, whether the NFL acted reasonably or negligently in light of any duty, and whether plaintiffs were justified in relying on the NFL's alleged statements or omissions. Indeed, this critical distinction is aptly illustrated by a case cited in *Dent*, *Williams* v. *NFL*, 582 F.3d 863, 869 (8th Cir. 2009). *Williams* held that the players' *statutory* claims were not preempted because they could be resolved without reference to the CBA. But the Eighth Circuit also held that the players' common law claims—including, for example, the NFL's alleged failure to provide adequate health and safety warnings to players concerning the same underlying conduct—*were preempted* because they required "examining the parties' legal relationship and expectations as established by the CBA. . . ." *Dent* at 18.

*Dent's* core holding concerning claims premised on non-negotiable statutory obligations therefore provides no basis to depart from cases like *Williams* and the numerous other court decisions that have consistently found common law health and safety claims to be preempted because of the need for CBA interpretation. As these numerous cases show, the elements of plaintiffs' common law negligence and fraud claims here plainly require CBA interpretation and are accordingly preempted by the LMRA. *See Robinson* Remand Opp. ("Remand Opp."), ECF No. 8406, at 17–30; *see also* NFL Defs.' Mot. to Dismiss on Preemption Grounds Br. ("Mot. to Dismiss"), ECF No. 8403-1, at 21–37.[2] And because (at a minimum) plaintiffs' negligence and fraud claims are plainly preempted, their remand motions must be denied on that basis alone. *See Williams* v. *Chrysler Corp.*, 163 F.3d 183, 185 (3d Cir. 1998) ("The district court had federal question jurisdiction under . . . section 301 of LMRA . . . [and] supplemental jurisdiction over the state contract claims under 28 U.S.C. § 1367."); *Boogaard* v. *Nat'l Hockey League*, 891 F.3d 289, 294 (7th Cir. 2018), *reh'g denied* (June 25, 2018) ("[E]ven if [complete preemption under LMRA] created federal question jurisdiction over only some of the claims in the complaint, the district court had supplemental jurisdiction over the rest.").

---

[2]  As explained in the NFL Defendants' opening and reply briefs in support of their motion to dismiss the Second Amended Master Administrative Complaint ("SAMAC") in the opt-out litigations on preemption grounds, that complaint supersedes the claims of the *Robinson* and *Hernandez* plaintiffs and thus their claims should be dismissed for the reasons set forth in the NFL Defendants' briefs. *See* Mot. to Dismiss at 6 n.4; NFL Defs.' Preemption Reply Br. at 1 n.1. Thus, the NFL Defendants have cited its briefs moving to dismiss the SAMAC herein.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Anita B. Brody                                                                                                  3

With respect to plaintiffs' arguments about the other aspects of *Dent*, plaintiffs ignore that the decision turned not only on considerations unique to the controlled substances context, but also on unique aspects of California law, *see, e.g.*, *Dent* at 25, and vague and implausible allegations of direct misconduct by the NFL taken independent of the teams, *id.* at 22–23 (noting complaint provided "very little detail" but distinguishing a "pleading problem" from "a preemption problem"). And in all events, we respectfully submit that *Dent* is an out-of-circuit decision that was wrongly decided, out of step with the weight of authority, and should not be followed. For example, the *Dent* court found that the plaintiffs' negligent hiring and retention claims were not preempted on the ground that the applicable CBA provisions "relate to the *team's* obligations, not the NFL's." *Id.* at 22. But, as other courts have held, assessment of the NFL's duties and the applicable standard of care regarding such issues cannot possibly be resolved without interpretation of the CBA provisions assigning responsibility for such "obligations" to other parties, including not only the teams, but the doctors and players themselves. *See, e.g.*, *Ballard* v. *Nat'l Football League Players Ass'n*, 123 F. Supp. 3d 1161 (E.D. Mo. 2015); *Smith* v. *Nat'l Football League Players' Ass'n*, No. 14-cv-1559, 2014 WL 6776306 (E.D. Mo. 2014); *Duerson* v. *Nat'l Football League*, No. 12-cv-2513, 2012 WL 1658353 (N.D. Ill. May 11, 2012); *Maxwell* v. *Nat'l Football League*, No. 11-CV-08394, Order (C.D. Cal. Dec. 8, 2011), ECF No. 58; *see also Givens* v. *Tenn. Football, Inc.*, 684 F. Supp. 2d 985, 989–92 (M.D. Tenn. 2010); *Stringer* v. *Nat'l Football League*, 474 F. Supp. 2d 894, 908–11 (S.D. Ohio 2007); *Sherwin* v. *Indianapolis Colts, Inc.*, 752 F. Supp. 1172, 1178–79 (N.D.N.Y. 1990); *Jeffers* v. *D'Allessandro*, 681 S.E.2d 405, 412 (N.C. Ct. App. 2009).

Similarly, in declining to find preemption of plaintiffs' negligent misrepresentation claims, the *Dent* court itself noted a conflict with decisions outside the Ninth Circuit. *Dent* at 25 ("We acknowledge that two of our sister circuits have held misrepresentation claims by NFL players preempted because determining whether players' reliance was reasonable would require interpreting the CBAs."). We submit that the court's effort to dismiss those cases is not persuasive and, indeed, is in direct conflict with the substantial body of case law finding preemption of the very same kind of health and safety claims alleged here. *See* Remand Opp. at 23–26; Mot. to Dismiss at 28–31.

\*      \*      \*

As explained in the NFL Defendants' opposition to the *Robinson* motion to remand and motion to dismiss the SAMAC on preemption grounds, and at the April 16, 2018 oral argument on the motion to dismiss, Plaintiffs' claims are preempted by Section 301 of the Labor Management Relations Act. *Dent* does not alter that conclusion.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Anita B. Brody 4

                                              Respectfully submitted,

                                              */s/ Bruce Birenboim*

                                              Bruce Birenboim

cc:      Bradford R. Sohn, Esq.