UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | MDL No. 2323 Case No. 12-md-2323-AB |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,* | Civil Action No. 14-cv-00029-AB |
| Plaintiffs, | |
| v. | |
| National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc. | |
| Defendants. | |

THIS DOCUMENT RELATES TO:

ALL ACTIONS

**OBJECTION TO FIRST VERIFIED PETITION OF CO-LEAD COUNSEL CHRISTOPHER A. SEEGER FOR AN AWARD OF POST-EFFECTIVE DATE COMMON BENEFIT ATTORNEYS' FEES AND COSTS**

On July 10, 2018, Christopher Seeger filed his First Verified Petition of Co-Lead Class Counsel Christopher A. Seeger for an Award of Post-Effective Date Common Benefit Attorneys' Fees and Costs ("First Post-Effective Date Request"). Seeger's request excludes Zimmerman Reed's submitted common benefit time and expenses from

January 7, 2017 ("Effective Date") to September 13, 2017.  Zimmerman Reed wrote to Seeger requesting an explanation for his decision not to include Zimmerman Reed's submitted time and expenses in his first post-Effective Date fee request.  Seeger never responded to Zimmerman Reed's request.  Zimmerman Reed now objects to Seeger's first request for post-Effective Date common benefit attorneys' fees and costs and asks the Court to include Zimmerman Reed's uncompensated post-Effective Date time.

## BACKGROUND

On September 15, 2017, pursuant to Seeger Weiss's request, Zimmerman Reed submitted its common benefit time and expense report totaling $128,209.50 for work performed from June 16, 2016 to September 13, 2017.  Zimmerman Reed's report included a significant amount of post-Effective Date time, totaling $65,990.16[1] in attorney's fees.  Zimmerman Reed performed its post-Effective Date work on behalf of the common benefit of the Class as the Co-Chair of the Ethics Committee, and its time includes efforts to prevent the spread of misinformation and remedy confusion amongst Class Members about the Settlement and its benefits.  Zimmerman Reed took the initial lead on this effort, collecting information about bad actors who misrepresented the Settlement and exploited Class Members, and sending cease-and-desist letters to entities, legal or otherwise, who sent misleading mailers or made other misleading communications to Class Members.  Zimmerman Reed pursued these measures on behalf of all Class Members, and specifically sought approval from Chris Seeger and Sol Weiss

---

[1] This amount reflects the reasonable hourly rates determined by the Court in its fee Order.  *See* Explanation and Order, at n.4, ECF 10019.

before taking action.   As Zimmerman Reed pointed out in its objection to Seeger's Declaration in Support of Proposed Allocation of Common Benefit Fund Fees ("Proposed Pre-Effective Date Common Benefit Allocation"), Seeger sought compensation for himself for similar activities, specifically "combat[ing] the dissemination of misinformation to class members and other forms of exploitation of class members."   *See* Counter-Declaration of Charles S. Zimmerman In Response to Proposed Allocation of Common Benefit Attorney's Fees ("Zimmerman Counter-Declaration") at ¶ 33, ECF 8722.

In the Zimmerman Counter Declaration, Zimmerman Reed requested the post-Effective Date time it provided to Seeger in September 2017 be included in Seeger's first post-Effective Date request for attorneys' fees.   *Id.* at ¶ 36.   However, on July 10, 2018, Seeger submitted his First Post-Effective Date Request and did not include any of Zimmerman Reed's post-Effective Date time.   *See* First Post-Effective Date Request, ECF 10128.   Seeger did not provide an explanation for excluding it.

On July 19, 2018, Zimmerman Reed wrote to Seeger Weiss and requested that he amend his First Post-Effective Date Request to include Zimmerman Reed's post-Effective Date time, or explain his decision to exclude it.   Seeger, to date, has not responded to Zimmerman Reed's letter.

On August 3, 2018, Seeger Weiss responded to a separate objection submitted by the Alexander Objectors, and maintained his position that the first post-Effective Date common benefit attorneys' fees and expenses should be distributed as he originally requested.   *See* Co-Lead Class Counsel's Reply to the Alexander Objectors' Objections

to First Verified Petition for an Award of Post-Effective Date Common Benefit Attorneys' Fees and Costs, ECF 10191.   In his Response, Seeger argued that the Alexander Objectors were the only entity to take issue with his first post-Effective date proposal, despite Zimmerman Reed's request to him that he include Zimmerman Reed's time.

Therefore, it being clear Seeger Weiss will not hear Zimmerman Reed's request or request the Court to include Zimmerman Reed's post-Effective Date lodestar, Zimmerman Reed objects to Seeger's First Post-Effective Date Request and asks the Court include Zimmerman Reed's time totaling $65,990.16.

## ARGUMENT

Zimmerman Reed objects to Seeger Weiss's decision not to request compensation for Zimmerman Reed's post-Effective Date time.   Zimmerman Reed requests the Court approve its requested fee, adjusted according to the Court's reasonable hourly billing rates, of $65,990.16.   Zimmerman Reed's request should be granted for three reasons.

*First*, Seeger Weiss previously proposed that Zimmerman Reed be compensated through the common benefit fund for its Ethics Committee efforts.   In his Proposed Pre-Effective Date Common Benefit Allocation, Seeger recommended Zimmerman Reed receive the full amount of its lodestar submitted prior to June 16, 2016, which included time billed for work done on behalf of the Ethics Committee.   *See* Proposed Pre-Effective Date Common Benefit Allocation, at ¶¶ 15(x), 17, ECF 8447.   Seeger also specifically listed the type of work Zimmerman Reed undertook on the Ethics Committee as compensable through the common benefit, stating that efforts to "combat the

4

dissemination of misinformation to class members and other forms of exploitation of class members" deserved compensation. *Id.* at ¶ 33. The Court later agreed, and compensated Zimmerman Reed for its Ethics Committee work performed before June 16, 2016. *See* Explanation and Order, ECF 10019.

Seeger has not explained why Zimmerman Reed's efforts on behalf of the Ethics Committee were previously compensable through the common benefit fund but were not compensable after the Effective Date. Because Zimmerman Reed was compensated for pre-Effective Date Ethics Committee work that is substantially similar to its post-Effective Date Ethics Committee work, the Court should grant Zimmerman Reed's request.

*Second*, Zimmerman Reed's post-Effective Date time and expenses were undertaken on behalf of the Class and for the common benefit, and therefore, are appropriate for compensation through the post-Effective Date common benefit fund. As Zimmerman Reed described in its Counter Declaration, its post-Effective Date time reflects efforts to combat the dissemination of misinformation to class members. Zimmerman Counter Declaration, at ¶¶ 33-36. Zimmerman Reed gathered information and communications from law firms on the Plaintiffs' Steering Committee and the Plaintiffs' Executive Committee, including information on 244 former NFL players who received potentially misleading letters, emails, phone calls, or other communications. In part, these communications included statements from certain firms purportedly promising players a diagnosis through the Settlement. In fact, many of the bad actors Zimmerman Reed identified were later involved in potentially fraudulent or suspicious claims or were

otherwise accused of exploiting class members, including some with cognitive deficiencies. Zimmerman Reed led the effort to draft cease-and-desist letters to entities and law firms that misled players about the Settlement or Class Members' representation status. The majority of the information Zimmerman Reed collected, reviewed, and analyzed did not involve or relate to *any* of its individually retained clients. As such, Zimmerman Reed's efforts were not made for its own benefit, but rather, to protect the class as a whole.

Zimmerman Reed's efforts were not only authorized by Seeger Weiss, but Zimmerman Reed kept Seeger and Sol Weiss apprised of its progress and efforts, including sending the information it compiled and drafts of cease-and-desist letters. Seeger approved this type of work by authorizing the creation of the Ethics Committee and recognized the necessity of an effort to promote accurate information about the Settlement to Class Members.

Zimmerman Reed vigorously pursued its duty as Co-Chair of the Ethics Committee even after the Effective Date. From January 7, 2017 to September 13, 2017, Zimmerman Reed spent significant time, almost 100 hours, correcting misleading information and gathering information on bad actors, as Seeger requested upon forming the Ethics Committee. Zimmerman Reed deserves compensation for those efforts.

*Third*, and finally, Seeger Weiss's First Post-Effective Date Request shows that Zimmerman Reed's time is compensable as common benefit. In his First Post-Effective Date Request, Seeger proposes compensating his firm for time spent performing work similar to that which Zimmerman Reed seeks compensation here. Seeger Weiss lists

activities it believes are compensable through common benefit fees, including "Efforts to Protect Class Member from Third-Party Profiteers." *See* First Post-Effective Date Request, at 10.  Seeger describes his work:

> As Co-Lead Class Counsel, Seeger Weiss was particularly concerned that profiteers might confuse or unduly influence Class Members, who might be more susceptible to deceptive tactics by reason of neurocognitive impairments, other ailments, age, financial distress, or some combination of all of these factors.

*Id.* at 10-11.  Seeger also requests compensation for "fielded calls from Class Member and their family members concerning the potentially misleading third-party solicitations and deceptive practices . . . ." *Id.* at 10.

Seeger's work related to third-party funders is substantially similar to the type of effort Zimmerman Reed undertook as Co-Chair of the Ethics Committee.  In the case of third party funders, entities took advantage of Class Members by offering money upfront but later taking substantial amounts from the Class Members' Monetary Awards.  Likewise, the bad actors Zimmerman Reed sought to expose promised players Qualifying Diagnoses, misinformed Class Members about the Settlement, or actively sought to encourage Class Members to fire their attorneys, without cause.  Seeger Weiss may not be concerned about Class Members unnecessarily firing their attorneys, and, undoubtedly, Class Members have the right to terminate their attorneys at any time.  However, when Class Members are terminating attorneys because of false or exaggerated promises of other entities, Class Members are put in jeopardy and, just as with third party funders, this particular Class is vulnerable to exaggerated promises.

Ultimately, Seeger seeks compensation for his work preventing misleading and exploitative actions of third party entities, and Zimmerman Reed was authorized by Seeger to do the same.  Seeger has not explained why his actions deserve common benefit compensation, but Zimmerman Reed's do not.  Because both efforts were made on behalf of the Class, both are compensable.

## CONCLUSION

Zimmerman Reed requests the Court include its post-Effective Date common benefit time, totaling $65,990.16, in the first post-Effective Date distribution of attorneys' fees for Zimmerman Reed's efforts as the Co-Chair of the Ethics Committee.

Dated:  September 18, 2018

Respectfully submitted,

ZIMMERMAN REED LLP

s/ Charles S. Zimmerman
Charles S. Zimmerman – MN #120054
J. Gordon Rudd, Jr. – MN #222082
Brian C. Gudmundson – MN #336695
Michael J. Laird - MN #0398436
1100 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
Telephone:  (612) 341-0400
Facsimile:  (612) 341-0844
Email: Charles.Zimmerman@zimmreed.com
       Gordon.Rudd@zimmreed.com
       Brian.Gudmundson@zimmreed.com
       Michael.Laird@zimmreed.com

ATTORNEYS FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of Zimmerman Reed LLP's Objection to First Verified Petition of Co-Lead Class Counsel Christopher A. Seeger for an Award of Post-Effective Date Common Benefit Attorneys' Fees and Costs was filed electronically with the Clerk of Court using the CM/ECF System on September 18, 2018.  The CM/ECF System will serve all counsel of record.

Dated:  September 18, 2018            ZIMMERMAN REED LLP

                                       s/ Charles S. Zimmerman
                                       Charles S. Zimmerman – MN #120054
                                       J. Gordon Rudd, Jr. – MN #222082
                                       Brian C. Gudmundson – MN #336695
                                       Michael J. Laird - MN #0398436
                                       1100 IDS Center, 80 South Eighth Street
                                       Minneapolis, MN 55402
                                       Telephone:  (612) 341-0400
                                       Facsimile:  (612) 341-0844
                                       Email: Charles.Zimmerman@zimmreed.com
                                                         Gordon.Rudd@zimmreed.com
                                                         Brian.Gudmundson@zimmreed.com
                                                         Michael.Laird@zimmreed.com

                                       ATTORNEYS FOR PLAINTIFFS