**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**DECLARATION OF CHRISTOPHER A. SEEGER IN RESPONSE TO THE OBJECTION OF ZIMMERMAN REED TO FIRST VERIFIED PETITION FOR AWARD OF POST-EFFECTIVE DATE <u>COMMON BENEFIT ATTORNEYS' FEES AND COSTS</u>**

CHRISTOPHER A. SEEGER declares, pursuant to 28 U.S.C. § 1746, based upon his personal knowledge, information and belief, the following:

1. I submit this response to the Objection to First Verified Petition of Co-Lead Counsel Christopher A. Seeger for an Award of Post-Effective Date Common Benefit Attorneys' Fees and Costs, filed by Zimmerman Reed LLP (ECF No. 10261) ("Zimmerman Objection").

2. As an initial matter, the Zimmerman Objection is nearly two months late. The First Verified Petition of Co-Lead Counsel Christopher A. Seeger for an Award of Post-Effective Date Common Benefit Attorneys' Fees and Costs (ECF No. 10128) ("First Post-Effective Date Petition") was filed on July 10, 2018. Under this Court's Local Rules, any response to the First Post-Effective Date Petition was due on or before July 24, 2018.

3. Even if the Zimmerman Objection were timely, the work for which Zimmerman Reed seeks compensation is not common benefit work. In preparation for the Proposed Allocation of Common Benefit Attorneys' Fees, Payment of Common Benefit Expenses, and Payment of Case Contribution Awards to Class Representatives, in September 2017, I requested from firms on both the Plaintiffs' Executive Committee ("PEC") and Plaintiffs' Steering Committee ("PSC") that they submit to me any time that they believed reflected common benefit work performed subsequent to the filing of the Petition for an Award of Attorneys' Fees, Reimbursement of Costs and Expenses, Adoption of a Set-Aside of Five Percent of Each Monetary Award and Derivative Claimant Award, and Case Contribution Awards for Class Representatives (ECF No. 7151) ("Initial Fee Petition"), so that I could present to the Court the continuing common benefit work I was overseeing as part of the implementation of the Settlement.

4. Zimmerman Reed submitted time for work that it had performed subsequent to its submission of time in connection with the Initial Fee Petition that it believed was for the common benefit of the Class. After reviewing that time, however, I did not believe that Zimmerman Reed's additional work was common benefit work and I did not

include it with on-going common benefit time that I presented to the Court alongside the Proposed Allocation.  *See* ECF No. 8447. ¶ 21.

5. To begin with, I had not requested that Zimmerman Reed undertake any further work for the common benefit after the Effective Date.

6. The work for which Zimmerman Reed now requests compensation as common benefit work is primarily related to the "poaching" of clients from one firm by another.[1]  This kind of work has two interests potentially in play: those of the firm losing a client and those of the client who, for whatever reason, decides to seek new representation.  Work to advance the interests of any firm losing clients is not being performed for the common benefit of the Class.  Only work that serves the interest of the clients may be for the common benefit.  If the client sought new representation because he was unhappy with the prior firm's lack of responsiveness or other perceived inadequacy, the work to dissuade the client from switching representation would not be common benefit work.  If, however, the client's decision to retain a new firm was based upon misrepresentations (e.g., touting relationships with physicians to assure the client would be able to obtain a Qualifying Diagnosis, or representing that they could "teach" clients to appear as though they were impaired, even if they were not) by the new firm, that could be common benefit work if it focuses on the client and his or her circumstances.

---

[1] Zimmerman Reed also submitted time that it had spent coordinating with other firms to respond to the briefing surrounding the contingent fee agreement between Kevin Turner and his former law firm.  Zimmerman Reed no longer appears to be seeking payment for this work as being for the common benefit of the Class.

7. Shortly after the Settlement Agreement was approved, there were widespread misrepresentations by some firms seeking to sign-up players, even those who already had counsel. By early 2017, Co-Lead Class Counsel began seeking this Court's intervention to address the wide array of unfair and deceptive practices aimed at Settlement Class Members, including Retired NFL Football Players with neurocognitive impairments. *E.g.*, ECF Nos. 7175, 7347, 7625, 7811. By July 2017, the Court was addressing such deceptive practices, including by holding a hearing and directing that a corrective notice be sent to all members of the Settlement Class. *E.g.*, ECF Nos. 7814, 8037.

8. Zimmerman Reed was involved in the early efforts to investigate the "poaching" of clients, and it submitted time up to July 15, 2016 related to these early efforts as part of the Initial Fee Petition. I ultimately submitted such work as common benefit work with the Initial Fee Petition. This work was useful in identifying the firms that were engaging in widespread efforts to secure clients after the final approval of the Settlement and the type of misrepresentations some of these firms were making in the course of their solicitations.

9. The work that Zimmerman Reed continued to undertake on the matter of "poaching," however, changed over time. After the Effective Date of the Settlement, it appeared to me that the work Zimmerman Reed was undertaking was no longer for the common benefit of the Class. Rather than seeking primarily to protect the interests of Settlement Class Members, the work Zimmerman Reed continued to dedicate to the problem of "poaching" became focused instead on the interests of the firms, like its own and other PEC and PSC members, who were losing clients to the "poachers." Indeed, none of

this work contributed to the efforts by Co-Lead Class Counsel to address deceptive solicitations to the Settlement Class. Instead, such work was primarily, if not exclusively, serving the interests of the firms who had lost clients.

10. Nothing in the Zimmerman Objection leads me to change my opinion about whether this work qualified as common benefit time and thus to reconsider my decision.

11. Accordingly, the Court should overrule the untimely Zimmerman Objection.

12. I declare under penalty of perjury that the foregoing is true and correct.

Date:  Executed on September 27, 2018

*/s/ Christopher A. Seeger*
Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
cseeger@seegerweiss.com
Telephone:  (212) 584-0700

***CO-LEAD CLASS COUNSEL***

## **CERTIFICATE OF SERVICE**

I, Christopher A. Seeger, hereby certify that a true and correct copy of the foregoing was served electronically via the Court's electronic filing system on the date below upon all counsel of record in this matter.

Dated: September 27, 2018     Respectfully submitted,

*/s/ Christopher A. Seeger*
Christopher A. Seeger