# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>National Football League and NFL Properties, LLC, *successor-in-interest to NFL Properties, Inc*.,<br><br>                    Defendants. | No.  14-cv-00029-AB |
| THIS DOCUMENT RELATES TO:<br><br>*Lewis* v. *Kansas City Chiefs Football Club, LLC* | No. 14-cv-01995-AB |

## MEMORANDUM OF LAW IN OPPOSITION TO SETTLEMENT CLASS MEMBER CYNTHIA PHILLIPS' MOTION TO INTERVENE

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT.................................................................................1

BACKGROUND ....................................................................................................2

    A.    Filing, Removal, and Transfer of the *Lewis* Action ..........................2

    B.    Class Settlement Agreement in MDL 2323 ......................................4

    C.    Post-Class Settlement Developments in the *Lewis* Action ..............6

    D.    Phillips Moves to Intervene ...........................................................7

ARGUMENT .........................................................................................................8

I.    THE COURT SHOULD DENY PHILLIPS' INTERVENTION MOTION AS MOOT......................................................................................................9

II.    THE COURT SHOULD DENY INTERVENTION BECAUSE PHILLIPS DOES NOT STATE A COGNIZABLE CLAIM FOR RELIEF...............................11

    A.    Phillips Is a Settlement Class Member Who Released Her Claim Against the Chiefs. ......................................................................11

    B.    Phillips' Claim Is Barred by Claim Preclusion. .............................15

III.    THE COURT SHOULD DENY PHILLIPS' MOTION TO INTERVENE AS UNTIMELY .................................................................................................17

CONCLUSION ...................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*United States* v. *Alcan Aluminum, Inc.*,
   25 F.3d 1174 (3d Cir. 1994) ........................................................................... 19

*Brody By and Through Sugzdinis* v. *Spang*,
   957 F.2d 1108 (3d Cir. 1992) ............................................................................ 9

*In re Budeprion XL Mktg. & Sales Litig.*,
   No. 09-md-2107, 2012 WL 4322012 (E.D. Pa. Sept. 21, 2012) ......................... 9

*Chartener* v. *Provident Mut. Life Ins. Co.*,
   No. 02-cv-8045, 2004 WL 1091027 (E.D. Pa. May 13, 2004) ........................ 17

*Choike* v. *Slippery Rock Univ. of Penn. of State Sys. of Higher Educ.*,
   297 F. App'x 138 (3d Cir. 2008) .......................................................... 17, 18, 19

*City of Bridgeport* v. *U.S. Dep't of Army*,
   No. 09-cv-0532, 2009 WL 3254475 (D. Conn. Oct. 6, 2009) ........................... 8

*Culbreath* v. *Dukakis*,
   630 F.2d 15 (1st Cir. 1980) ............................................................................. 19

*In re Diet Drugs Prods. Liab. Litig.*,
   MDL No. 1203, 2008 WL 732028 (E.D. Pa. Mar. 18, 2008) .......................... 13

*Dukes* v. *Wal-Mart Stores, Inc.*,
   No. 01-cv-02252, 2016 WL 4269093 (N.D. Cal. Aug. 15, 2016) ................... 10

*Durkin* v. *Shields*,
   No. 92-cv-1003, 1997 WL 808651 (S.D. Ca. June 5, 1997) ............................ 17

*E.E.O.C.* v. *Victoria's Secret Stores, Inc.*,
   No. 02-cv-6715, 2003 WL 21282193 (E.D. Pa. Jan. 13, 2003) ...................... 11

*In re Fine Paper Antitrust Litig.*,
   695 F.2d 494 (3d Cir. 1982) ............................................................................ 19

*Grochocinski* v. *Mayer Brown Rowe & Maw, LLP*,
   719 F.3d 785 (7th Cir. 2013) ........................................................................... 18

*Homesite Ins. Co. of the Midwest* v. *Robards*,
   No. 13-cv-515, 2014 WL 359823 (E.D. Tenn. Feb. 3, 2014) .......................... 10

*In re Imprelis Herbicide Mktg., Sales Pracs. & Prods. Liab. Litig.*,
   11-md-02884, 2014 WL 6901120 (E.D. Pa. Dec. 5, 2014) ........................................... 13

*In re: Imprelis Herbicide Mktg., Sales Pracs. & Prods. Liab. Litig.*,
   No. 11-md-2284, 2015 WL 7575910 (E.D. Pa. Nov. 25, 2015) ..................................... 11

*In re Imprelis Herbicide Mktg., Sales Pracs. & Prods. Liab. Litig.*,
   Nos. 11-md-2884, 11-cv-7599, 2014 WL 348593 (E.D. Pa. Jan. 31, 2014) ................. 15

*In re Irish Bank Resolution Corp. Ltd.*,
   No. 13-12159, 2014 WL 1884916 (Bankr. D. Del. May 12, 2014) ............................... 10

*Land* v. *Del. River Basin Comm'n*,
   No. 16-cv-00897, 2017 WL 63948 (M.D. Pa. Jan. 5, 2017) .......................................... 11

*Lawrence Music, Inc.* v. *Samick Music Corp.*,
   227 F.R.D. 262 (W.D. Pa. 2005) ................................................................................... 19

*Marmon Coal Co.* v. *Dir., Office of Workers' Comp. Programs*,
   726 F.3d 387 (3d Cir. 2013) .......................................................................................... 16

*McGowan Inv'rs LP* v. *Keefe Bruyette & Woods, Inc.*,
   540 F. Supp. 2d 571 (E.D. Pa. 2008) (Brody, J.) ................................................ 11, 12, 13

*Mountain Top Condo. Ass'n* v. *Dave Stabbert Master Builder, Inc.*,
   72 F.3d 361 (3d Cir. 1995) ............................................................................................ 19

*Mut. Produce, Inc.* v. *Penn Cent. Transp. Co.*,
   119 F.R.D. 619 (D. Mass. 1988) ................................................................................... 10

*In re Nat'l Football League Players Concussion Injury Litig.*,
   821 F.3d 410 (3d Cir. 2016) .................................................................................. 4, 13, 14

*In re PaineWebber Ltd. P'ships Litig.*,
   147 F.3d 132 (2d Cir. 1998) .......................................................................................... 15

*In re Processed Egg Prods. Antitrust Litig.*,
   130 F. Supp. 3d 945 (E.D. Pa. 2015) ............................................................................ 15

*In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*,
   177 F.R.D. 216 (D.N.J. 1997) ....................................................................................... 13

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
   164 F.R.D. 362 (S.D.N.Y. 1996) ................................................................................... 15

*Pyle* v. *N.Y. Life Ins. Co.*,
   No. 07-cv-00360, 2008 U.S. Dist. LEXIS 21638 (W.D. Pa. Mar. 19,
   2008) ........................................................................................................................ 16, 17

*Reagan* v. *Fox Navigation, LLC*,
    No. 02-cv-627, 2005 WL 2001177 (D. Conn. Aug. 17, 2005) ........................ 10

*Commonwealth of Pa.* v. *Rizzo*,
    530 F.2d 501 (3d Cir. 1976) ...................................................................... 19

*Robertshaw* v. *Pudles*,
    No. 11-cv-7533, 2014 WL 1788850 (E.D. Pa. 2014) .................................... 19

*In re Safeguard Scis.*,
    220 F.R.D. 43 (E.D. Pa. 2004) .............................................................. 17, 19

*Sch. Dist. of Phila.* v. *Pa. Milk Mktg. Bd.*,
    160 F.R.D. 66 (E.D. Pa.1995) ...................................................................... 11

*Sokaogon Chippewa Cmty.* v. *Babbitt*,
    214 F.3d 941 (7th Cir. 2000) ........................................................................ 18

*State Nat'l Ins. Co.* v. *Cty. of Camden*,
    824 F.3d 399 (3d Cir. 2016) ........................................................................... 9

*Suquenita Sch. Dist.* v. *G.W. ex rel. A.P.*,
    No. 10-cv-1897, 2012 WL 1268219 (M.D. Pa. Apr. 13, 2012) ...................... 17

*Surety Adm'rs, Inc.* v. *Samara*,
    No. 04-cv-05177, 2006 WL 1737390 (E.D. Pa. June 20, 2006) .................... 11

*Toscano* v. *Conn. Gen. Life Ins. Co.*,
    288 F. App'x 36 (3d Cir. 2008) ................................................................... 16

*In re WorldCom, Inc. Secs. Litig.*,
    No. 02-cv-3288, 2005 WL 1048073 (S.D.N.Y. May 5, 2005) ...................... 15

## OTHER AUTHORITIES

Charles A. Wright et al., 7C Fed. Prac. & Proc. Civ. § 1916 (3d ed.) ................... 18

8 Moore's Fed. Prac. § 41.34[4][b] (Matthew Bender 3d ed.)................................ 9

Fed. R. Civ. P. 24 ...................................................................................... passim

Fed. R. Civ. P. 41 ...................................................................................... 7, 8

Defendant the Kansas City Chiefs Football Club, Inc. (the "Chiefs") respectfully submits this memorandum of law in opposition to Settlement Class Member Cynthia Phillips' ("Phillips'") motion to intervene in *Lewis* v. *Kansas City Chiefs Football Club, LLC*, No. 14-cv-01995-AB pursuant to Fed. R. Civ. P. 24(b).

## PRELIMINARY STATEMENT

Phillips' improper motion to intervene—filed more than four years after *Lewis* was filed—should be denied for three independent reasons.

First, the actions of all former NFL players in *Lewis*, including Phillips' ex-husband's, were voluntarily dismissed with prejudice on September 21, 2018, and thus, there is no longer any action into which Phillips may intervene. Where an action is voluntarily dismissed while a motion to intervene is pending, the motion must be denied as moot.

Second, even if there *were* a pending action in which to intervene—and there is not—Phillips' motion would fail for an additional, dispositive reason: she has no cognizable claim against the Chiefs. Specifically, Phillips is a Derivative Claimant and Settlement Class Member who, through the Court-approved Class Settlement Agreement in *In re: NFL Players' Concussion Injury Litigation*, 12-md-2323 ("MDL 2323"), released any claims against the Chiefs relating to "head, brain and/or cognitive injury," "concussions and/or subconcussive events," "chronic traumatic encephalopathy" ("CTE"), and loss of consortium. The Class Settlement's notice program, which comported with due process and the Federal Rules, plainly advised Phillips that she would be bound by the Class Settlement Agreement's terms unless she opted out of the Settlement Class by October 14, 2014. Phillips did not do so. Nonetheless, through her motion, she now seeks to assert the very claim that she released in the Class Settlement. It is well settled that Phillips cannot litigate a claim she voluntarily released, and thus any intervention would be futile and her motion should be denied.

Relatedly, the Court's April 2015 Final Order and Judgment expressly dismissed all claims that Settlement Class Members, including Phillips, asserted or that they "could have . . . asserted in the Class Action Complaint or in any other Related Lawsuit." Phillips' claim—a claim for loss of consortium arising from her ex-husband's alleged NFL-related head injuries—was, in fact, "asserted in the Class Action Complaint" and thus falls squarely within the Final Judgment's dismissal. The doctrine of claim preclusion therefore bars Phillips' attempt to re-litigate that claim now.

Third, Phillips' motion to intervene should be denied on the independent ground that her motion is untimely, and the intervention would "unduly delay [and] prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Phillips' years-long delay in filing her motion—despite widespread, high-profile media coverage of her ex-husband's action and the MDL—renders the instant motion untimely. Moreover, Phillips' ex-husband's action (like that of all NFL football players in *Lewis*) has been dismissed, and reopening it after the parties have reached a mutual settlement and voluntary dismissal would substantially and unjustifiably prejudice the original parties' rights.

For these reasons, this Court should exercise its broad discretion and deny Phillips' motion.

## **BACKGROUND**

### A. **Filing, Removal, and Transfer of the *Lewis* Action**

On December 5, 2013, the *Lewis* Plaintiffs—certain former NFL football players and their spouses, including Phillips' ex-husband Joseph Phillips—filed this action in Missouri state court, seeking damages allegedly caused by head impacts sustained during NFL football play. This filing was covered extensively by the media, including major national

news outlets, and some of that coverage specifically identified Joseph Phillips *by name*.[1]

Despite the widespread coverage of her ex-husband's lawsuit, Phillips did not attempt to

intervene in the *Lewis* action at this time.

On January 2, 2014, the Chiefs removed *Lewis* to the United States District

Court for the Western District of Missouri on the ground that Section 301 of the Labor

Management and Relations Act preempted the *Lewis* Plaintiffs' claims.   (*See* Notice of

Removal, *Lewis*, No. 14-cv-00004 (W.D. Mo.), ECF No. 1.)  On January 21, 2014, the *Lewis*

Plaintiffs moved to remand, and on April 3, 2014, before any ruling on the remand motion

was issued, the Judicial Panel on Multidistrict Litigation transferred the action to this Court

for consolidation with MDL 2323.[2]  (*See* Transfer Order*, Lewis*, No. 14-cv-00004 (W.D. Mo.

Apr. 3, 2014), ECF No. 42.)

---

[1]   *See, e.g.*, Declaration of Caitlin E. Grusauskas ("Grusauskas Decl."), Ex. 1, Peter Barzilai, "Ex-Kansas City Chiefs Sue Team over Concussion Damage," *USA Today* (Dec. 3, 2013), https://www.usatoday.com/story/sports/nfl/chiefs/2013/12/03/kansas-city-chiefs-concussion-lawsuit/3859149/; Grusauskas Decl., Ex. 2, Ken Belson, "Five Former N.F.L. Players Sue the Chiefs over Head Injuries," *New York Times* (Dec. 3, 2013), https://www.nytimes.com/2013/12/04/sports/football/five-former-nfl-players-sue-the-kansas-city-chiefs-over-head-injuries.html; Grusauskas Decl., Ex. 3, Darren Heitner, "Five Former Kansas City Chiefs Players File Concussion Lawsuit Against Team," *Forbes* (Dec. 3, 2013), https://www.forbes.com/sites/darrenheitner/2013/12/03/five-former-kansas-city-chiefs-players-file-concussion-lawsuit-against-team/#4fee323719a6; Grusauskas Decl., Ex. 4, Associated Press, "Nine Ex-Chiefs Join Suit vs. Team," *ESPN* (Dec. 23, 2013), http://www.espn.com/nfl/story/_/id/10185951/nine-former-kansas-city-chiefs-join-brain-injury-lawsuit.  The claims of Phillips' ex-husband were also discussed in great detail in an episode of HBO's Real Sports program, airing in early 2008, which followed the stories of certain wives and ex-wives of retired players.  Phillips "featured prominently" in that program.  *See* Grusauskas Decl., Ex. 5, A.J. Daulerio, "Has Troubled Joe Phillips Resurfaced Online?," *Deadspin* (May 14, 2008), https://deadspin.com/390416/has-troubled-joe-phillips-resurfaced-online.

[2]   Following transfer, the *Lewis* Plaintiffs filed a renewed motion to remand (Mot. to Remand, ECF No. 6660), and the Court stayed briefing on that motion pending coordination of *Lewis* with the hundreds of other actions pending in the MDL.

### B.     Class Settlement Agreement in MDL 2323

On July 7, 2014, this Court issued an order preliminarily approving the Class

Settlement between the NFL and NFL Properties LLC (collectively, "the NFL Parties"), and

the proposed Settlement Class, consisting of:

> All living NFL Football Players who, prior to the date of the Preliminary
> Approval and Class Certification Order [July 7, 2014], retired, formally or
> informally, from playing professional football with the NFL or any Member
> Club . . . ("Retired NFL Football Player"); . . . [and] *[s]pouses, parents,
> children who are dependents, or any other persons who properly under
> applicable state law assert the right to sue independently or derivatively by
> reason of their relationship with a Retired NFL Football Player . . . .*
> ("Derivative Claimants").

(Order ¶¶ 2(a), ECF No. 6084 (emphasis added); *see also* Class Action Settlement Agreement

(as amended, the "Class Settlement Agreement") §§ 1.1, 2.1, ECF No. 6481-1.)  Pursuant to

the Court's order, the NFL Parties disseminated notice to the Settlement Class, describing,

among other things, the terms of the Class Settlement Agreement and the deadlines for opting

out.  (Order ¶ 4, ECF No. 6084.)

After significant briefing and a full fairness hearing, this Court issued its Final

Order and Judgment on April 22, 2015 (as amended on May 8, 2015) approving the Class

Settlement Agreement, certifying the Settlement Class, and concluding that the settlement

notice program "satisf[ied] the requirements of Federal Rules of Civil Procedure 23(c)(2)(B)

and 23(e) [and] the United States Constitution . . . , and constituted the best notice practicable

under the circumstances."  (Am. Final Order & J. ¶¶ 2-4, 7, ECF No. 6534.)  Following an

appeal by certain objectors, the Third Circuit affirmed the Court's Final Order and Judgment,

stating unequivocally that "the District Court was right to certify the class and approve the

settlement."  *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 420

(3d Cir. 2016).

4

Under the terms of the Class Settlement approved by this Court and affirmed by the Third Circuit, Settlement Class Members had the right to opt out of the class until October 14, 2014.  (Order ¶ 4(g), ECF No. 6084.)  Those who did not opt out are bound by the Class Settlement Agreement's terms and the Court's Final Order and Judgment.  Pursuant to the Class Settlement Agreement, Settlement Class Members "waive[d] and release[d] . . . the Released Parties . . . from any and all past, present and future claims," whether "contingent or non-contingent, known or unknown, suspected or unsuspected, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated," that related in any way to, among others, claims (i) "arising out of, or relating to, head, brain and/or cognitive injury, as well as any injuries arising out of, or relating to, concussions and/or subconcussive events," (ii) "arising out of, or relating to, CTE," (iii) "arising out of, or relating to, loss of support, services, consortium, companionship, society, or affection, or damage to familial relations," or (iv) that were or "could have been asserted in the Class Action Complaint or in any Related Lawsuit."  (Class Settlement Agreement § 18.1(a); *see also* Am. Final Order & J. ¶ 10 ("expressly incorporat[ing]" the Class Settlement Agreement's release provisions into the Final Order and Judgment), ¶ 18, ECF No. 6534.)  The "Released Parties" expressly include "each of the Member Clubs" (*e.g.*, the Chiefs), among other entities.  (Class Settlement Agreement § 2.1(bbbb).)

This Court retained "continuing and exclusive jurisdiction" over the Class Settlement Agreement and Settlement Class Members, including "continuing and exclusive jurisdiction to interpret, implement, administer and enforce the Settlement Agreement."  (Am. Final Order & J. ¶ 17, ECF No. 6534; *see also* Class Settlement Agreement § 27.1 ("Any disputes or controversies arising out of, or related to, the interpretation, implementation,

administration, and enforcement of this Settlement Agreement will be made by motion to the Court.  In addition . . . each Settlement Class Member [is] hereby deemed to have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of, or relating to, this Settlement Agreement.").)  The Court's Final Order and Judgment also expressly incorporated the Class Settlement Agreement's terms and dismissed with prejudice the claims asserted, or that could have been asserted, in the Class Action Complaint and all related lawsuits pending before the Court.  (Am. Final Order & J. ¶ 8, 15-16, ECF No. 6534.)

The landmark Class Settlement and its approval received substantial media coverage, including in Phillips' local newspaper (Phillips states she lives in Washington County, Pennsylvania), as well as in mainstream national outlets.  *See* Grusauskas Decl., Ex. 6, "Judge OKs 65-year Deal over NFL Concussions; Could Cost $1 Billion," *Observer-Reporter* (Apr. 22, 2015), https://observer-reporter.com/sports/pro_sports/judge-oks--year-deal-over-nfl-concussions-couldcost/article_9b656bd1-e6d2-5479-9be8-2451895e9ae3.html; *see also* Grusauskas Decl., Ex. 7, "Lawyer Asks Judge to OK NFL Concussion Deal," *Observer-Reporter* (Nov. 19, 2014), https://observer-reporter.com/sports/pro_sports/lawyer-asks-judge-to-ok-nfl-concussiondeal/article_4b242526-daef-561a-b2e4-22a8d923b40d.html;  Grusauskas  Decl., Ex. 8, "Judge Approves Deal in N.F.L. Concussion Suit," *New York Times* (Apr. 22, 2015), https://www.nytimes.com/2015/04/23/sports/football/nfl-concussion-settlement-is-given-final-approval.html.

### C.    Post-Class Settlement Developments in the *Lewis* Action

The *Lewis* Plaintiffs—including Phillips' ex-husband—submitted timely requests to opt out of the Class Settlement.  (*See* NFL Concussion Settlement:  Opt Out Report,

Ex. 1 at 5, (Nov. 3, 2014), ECF No. 6340-1 (listing timely opt outs).)  Following approval of

the Class Settlement, the Court issued orders coordinating all opt-out actions pending in MDL

2323, including *Lewis*.  (ECF Nos. 7477, 8030.)  Pursuant to those orders, the *Lewis* Plaintiffs

filed a renewed motion to remand on July 13, 2017 and submitted Short Form Complaints on

July 27, 2017.  (ECF No. 7966, ECF Nos. 8137–8154.)  The remand motion was fully briefed,

and oral argument was held on April 16, 2018.  Following confidential settlement discussions,

on September 21, 2018, the each of the former NFL players in *Lewis* (including Phillips' ex-

husband) and the Chiefs filed a signed stipulation of dismissal with prejudice pursuant to Rule

41(a)(1)(ii) of the Federal Rules of Civil Procedure, dismissing each of their actions, effective

immediately, without the need for any judicial intervention or court order.[3]  (ECF No. 10265;

Joint Stipulation & Order, *Lewis*, ECF No. 67.)

> ### D.    Phillips Moves to Intervene

On August 30, 2018, Phillips filed the instant motion to intervene in the *Lewis*

action pursuant to Rule 24(b) of the Federal Rules of Civil Procedure—nearly five years after

*Lewis* was filed and four years after the Class Settlement was reached.  (*See* Interv. Mot. at

1.)  Phillips is a Settlement Class Member whose former spouse, Joseph Phillips, was a Retired

NFL Football Player who played professional football from 1992 to 1998.  (*See* Interv. Mem.

at 2; Order ¶ 2(a)(iii) (defining Derivative Claimant Settlement Class Members as persons

suing "by reason of their relationship with a Retired NFL Football Player"), ECF No. 6084.)

Phillips asserts that she was married to Joseph Phillips during his NFL career, and that the two

---

[3]    On PACER, Plaintiff Anita Martin remains listed as a party in *Lewis* as a result of a prior order consolidating
her separate action with *Lewis*.  Nonetheless, she is not party to the *Lewis* complaint and still maintains a
separate action in MDL 2323, *Martin* v. *Kansas City Chiefs Football Club, Inc.*, 14-cv-3381.
Contemporaneously with the filing of the instant opposition, the Chiefs are moving to dismiss Martin's
purported claims on the ground that she, like Phillips, is a Settlement Class Member.

divorced in 2000.  (Interv. Mem. at 2, 5.)  Although the deadline for opting out of the Class

Settlement was October 14, 2014, Phillips chose not to submit an opt out request.  (*See* Opt

Out Report Submitted by the Claims Administrator, Ex. 1, ECF No. 6340-1.)

On August 30, 2018—nearly five years after *Lewis* was filed, four years after

the Class Settlement was reached, and more than three years after the opt-out deadline

passed—Phillips filed the instant motion seeking to intervene in *Lewis* pursuant to Rule 24(b)

of the Federal Rules of Civil Procedure.  Phillips seeks intervention in *Lewis* in order to assert

a claim for loss of consortium arising from the injuries her ex-husband allegedly sustained

while playing professional football.  (Interv. Mem. at 1–3.)  Phillips claims that she was

"deprived of the services, support, maintenance, guidance, companionship and comfort[] of

Mr. Phillips," "deprived of the earnings of Mr. Phillips," and "was required to spend money

for medical care and household care for the treatment of Mr. Phillips" as a result of her ex-

husband's alleged injuries.  (Interv. Mem. at 3.)  Phillips' motion does not attach a proposed

complaint containing allegations specific to her claim; instead, she attaches the complaint filed

by her ex-husband in 2013, which does not even mention Phillips.  (Interv. Mot., Ex. A.)

\*          \*          \*

For the reasons set forth below, the Chiefs respectfully request that this Court

deny Phillips' motion to intervene.

## ARGUMENT

Once a case has been voluntarily dismissed pursuant to Rule 41(a)(1)(i) of the

Federal Rules of Civil Procedure, any pending motions to intervene are mooted and should be

denied.  *City of Bridgeport* v. *U.S. Dep't of Army*, No. 09-cv-0532, 2009 WL 3254475, at \*1

(D. Conn. Oct. 6, 2009) (denying as moot motion to intervene filed prior to notice of voluntary

dismissal).  Further, pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, the

decision to permit or deny intervention is left to the sound discretion of the Court, taking into account "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[4]  Fed. R. Civ. Proc. 24(b)(3); *see also* Fed. R. Civ. Proc. R. 24(b)(1). The movant bears the burden of showing that the requirements of intervention are met.  *See In re Budeprion XL Mktg. & Sales Litig.*, No. 09-md-2107, 2012 WL 4322012, at *5 (E.D. Pa. Sept. 21, 2012) ("Whether to allow permissive  intervention is left to the discretion of the trial court with the burden resting on the entity seeking to intervene.").  Here, the Court should deny Phillips' motion to intervene because (i) Phillips' motion is moot; (ii) the claim on which Phillips seeks to intervene is not cognizable, and (iii) Phillips otherwise fails to meet the requirements of intervention under Rule 24.

## I.        THE COURT SHOULD DENY PHILLIPS' INTERVENTION MOTION AS MOOT.

Phillips' motion to intervene should be denied as moot because—now that the actions of all former NFL players in *Lewis* (including the action of her ex-husband) have been dismissed pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure—there is no longer any action pending in which Phillips could intervene.

The law is clear that "[a] stipulation [under Rule 41(a)(1)(ii)] filed during the pendency of a motion to intervene is effective to dismiss the action."  8 Moore's Fed. Prac. § 41.34[4][b] (Matthew Bender 3d ed.) (citations omitted); *see also State Nat'l Ins. Co.* v. *Cty. of Camden*, 824 F.3d 399, 407 (3d Cir. 2016) (voluntary stipulations of dismissal under Rule 41(a)(1)(ii) are "immediately self-executing").  Thus, Phillips' ex-husband's September 21,

---

[4]    Appellate courts are particularly deferential to the Court's exercise of discretion in this area; indeed, the Third Circuit has expressly stated that it is "reluctant to intrude into the highly discretionary decision of whether to grant permissive intervention." *Brody By and Through Sugzdinis* v. *Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992).

2018 self-executing stipulation of voluntary dismissal dismissed his action immediately and automatically upon filing, leaving no action in which Phillips could intervene.  Courts have routinely held that when a case is voluntarily dismissed prior to resolution of a motion to intervene, that motion is moot and must be denied.  *See, e.g.*, *In re Irish Bank Resolution Corp. Ltd.*, No. 13-12159, 2014 WL 1884916, at *3 (Bankr. D. Del. May 12, 2014) (rejecting putative intervenor's challenge to parties' voluntary dismissal of case, reasoning that "courts have held that as the parties stipulated to dismissal there is 'no case or controversy' pending in which the potential intervenor can intervene"); *Dukes* v. *Wal-Mart Stores, Inc.*, No. 01-cv-02252, 2016 WL 4269093, at *1, 3 (N.D. Cal. Aug. 15, 2016) (denying intervention motion as moot because action "automatically terminated upon the filing" of stipulation of voluntary dismissal); *Homesite Ins. Co. of the Midwest* v. *Robards*, No. 13-cv-515, 2014 WL 359823, at *2–3 (E.D. Tenn. Feb. 3, 2014) (denying motion to intervene as moot on ground that voluntary dismissal divested court of jurisdiction to decide motion); *Reagan* v. *Fox Navigation, LLC*, No. 02-cv-627, 2005 WL 2001177, at *1–2 (D. Conn. Aug. 17, 2005) (denying motion to intervene because case had been settled and voluntarily dismissed, stating "courts have ruled that once the parties have filed a Rule 41(a)(1)(ii) stipulation of dismissal, there is no longer a pending case or controversy into which a non-party may intervene"); *Mut. Produce, Inc.* v. *Penn Cent. Transp. Co.*, 119 F.R.D. 619, 620–21 (D. Mass. 1988) (holding that "stipulations of dismissal were effective when filed, there is no action in which to intervene and the motions to intervene are moot").  So, too, here.  As a result of the parties' voluntary dismissal of their actions in *Lewis*, Phillips' motion is moot and should be denied for that reason alone.

## II.      THE COURT SHOULD DENY INTERVENTION BECAUSE PHILLIPS DOES NOT STATE A COGNIZABLE CLAIM FOR RELIEF.

Phillips' motion should be denied on the independent ground that intervention would be futile because Phillips cannot state a cognizable claim for relief.  It is well settled that a "motion to intervene will . . . be denied where the proposed complaint-in-intervention fails on its face to state a cognizable claim." *E.E.O.C.* v. *Victoria's Secret Stores, Inc.*, No. 02-cv-6715, 2003 WL 21282193, at *1 (E.D. Pa. Jan. 13, 2003).  Phillips' loss of consortium claim fails on its face because (1) Phillips is a Settlement Class Member who released her claim under the Settlement, and (2) this Court's Final Order and Judgment approving the Class Settlement Agreement bars Phillips' claim under the doctrine of claim preclusion.[5]

### A.      Phillips Is a Settlement Class Member Who Released Her Claim Against the Chiefs.

It is well settled that "[a]n individual claim by a person who was a class member in a prior class action suit is barred by a settlement of the class action where the settlement includes a release applicable to his later individual action." *McGowan Inv'rs LP* v. *Keefe Bruyette & Woods, Inc.*, 540 F. Supp. 2d 571, 576 (E.D. Pa. 2008) (Brody, J.); *see also In re: Imprelis Herbicide Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 11-md-2284,

---

[5]   Phillips also fails to state a cognizable claim in the most literal sense because she fails to attach a proposed pleading that "sets out the claim or defense for which intervention is sought," as required by Rule 24(c) of the Federal Rules of Civil Procedure.  Instead, Phillips has attached her ex-husband's 2013 complaint, which contains no specific allegations concerning Phillips' marriage or purported damages and, indeed, does not mention her at all.  This failure "in and of itself warrants a denial of the motion." *Land* v. *Del. River Basin Comm'n*, No. 16-cv-00897, 2017 WL 63948, at *4 n.2 (M.D. Pa. Jan. 5, 2017) (denying motion to intervene where intervenor failed to attach a pleading); *see* Fed. R. Civ. P. Rule 24(c) (A putative intervenor must include with her motion to intervene "a pleading that sets out the claim or defense for which intervention is sought."); *Surety Adm'rs, Inc.* v. *Samara*, No. 04-cv-05177, 2006 WL 1737390, at *3 (E.D. Pa. June 20, 2006) (denying motion to intervene in part because motion failed to include a pleading and noting that courts in the Third Circuit "have denied motions to intervene when an applicant fails to meet the procedural requirements of Rule 24(c)," including by failing to attach the required pleading); *Sch. Dist. of Phila.* v. *Pa. Milk Mktg. Bd.*, 160 F.R.D. 66, 67 (E.D. Pa.1995) (denying motion to intervene because applicant failed to attach pleading as required by Rule 24(c)).

2015 WL 7575910, at *1-3 (E.D. Pa. Nov. 25, 2015) (granting, *inter alia*, a motion to dismiss where plaintiff was "a class member who is properly bound by the Settlement").  A prior release bars a plaintiff's current claim where it (1) applies to the plaintiff; (2) circumscribes the asserted claims; and (3) is legally enforceable.  *McGowan Inv'rs LP*, 540 F. Supp. 2d at 576.  That is precisely the case here.

First, Phillips is plainly a Settlement Class Member bound by the terms of the Settlement, including its release.  Settlement Class Members include "Derivative Claimants," defined as all "[s]pouses, parents, children who are dependents, or any other persons who properly under applicable state law assert the right to sue independently or derivatively by reason of their relationship with a Retired NFL Football Player."  (Order ¶¶ 2(a)(iii), ECF No. 6084; Class Settlement Agreement §§ 1.1, 2.1.)  Phillips falls squarely within this definition, as she seeks to assert a loss of consortium claim for damages purportedly arising out of injuries sustained by her ex-husband, himself a Retired NFL Football Player, during his NFL career. (Interv. Mem. at 3.)  As a Settlement Class Member, Phillips could have opted out of the Settlement Class, but did not, and thus is bound by the terms of the Class Settlement, including its release.

Second, the Class Settlement's release unambiguously bars the loss of consortium claim based on football-related head injuries that Phillips seeks to assert here.  The release covers (i) "all past, present and future claims" against the Chiefs "arising out of, or relating to, head, brain and/or cognitive injury, as well as any injuries arising out of, or relating to, concussions and/or subconcussive events . . . [or] CTE," and (ii) claims "arising out of, or relating to, loss of support, services, consortium, companionship, society, or affection, or damage to familial relations."  (Class Settlement Agreement § 18.1; *see also* Class Settlement

Agreement § 2.1(bbbb) (defining "Released Parties").)  Phillips not only asserts that her ex-husband suffered from "head injuries" (including, upon information and belief, CTE), but also that her own damages are the result of being deprived of her ex-husband's services, companionship, and earnings due to those injuries.  (*See* Interv. Mem. at 1-2.)  There is therefore no question that the release "circumscribes [Phillips'] asserted claim[]." *McGowan Inv'rs LP*, 540 F. Supp. 2d at 576 (settlement class member's claim was "barred by a settlement of the class action where the settlement include[d] a release applicable to his later individual action."); *see also In re Imprelis Herbicide Mktg., Sales Pracs. & Prods. Liab. Litig.*, 11-md-02884, 2014 WL 6901120, at *1-3 (E.D. Pa. Dec. 5, 2014) (dismissing claims of plaintiffs who had released their claims in connection with a class action settlement); *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 177 F.R.D. 216, 229 (D.N.J. 1997) ("As part of the Final Order and Judgment, this Court entered a permanent injunction prohibiting class members, or those acting on their behalf, from pursuing separate lawsuits involving claims covered by the Settlement," and the Court therefore "has the power to dismiss actions either brought before the Court or, pursuant to 28 U.S.C. § 1407, transferred to the Court by the MDL Panel."); *In re Diet Drugs Prods. Liab. Litig.*, MDL No. 1203, 2008 WL 732028, at *1 n.4, 2-5 (E.D. Pa. Mar. 18, 2008) (treating defendant's "motion as one to enforce . . . [the] Class Action Settlement" and dismissing claims brought by settlement class members who failed to opt out of the settlement or who otherwise released their claims).

Third, the Class Settlement is legally enforceable, as this Court and the Third Circuit conclusively have held.  (*See* Am. Final Order & J., ECF No. 6534 (approving Settlement)); *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d at 420 ("[T]he District Court was right to certify the class and approve the settlement.").

Phillips had ample opportunity to exclude herself from the Class Settlement if she wished to litigate against the Chiefs.  The Class Settlement notice program—explaining the terms of the Settlement and the procedure and deadline for opting out—was adequate and satisfied the requirements of due process, as both this Court and the Third Circuit held.  (Am. Final Order & J. ¶¶ 2-4, 7, ECF No. 6534) ("The Court finds that the dissemination of the Settlement Class Notice . . . constituted the best notice practicable under the circumstances."); *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d at 435–36 ("The District Court found that the content of the class notice and its distribution to the class satisfied Rule 23 and due process. . . .  We agree.").)  The notice distributed under the program warned, in no uncertain terms, that "[u]nless you exclude yourself (opt out) from the Settlement . . . , you cannot sue the NFL Parties, the Member Clubs, or related individuals and entities."  (*See* Long-Form Notice at 15, ECF No. 6093-1; *see also* Short-Form Notice at 1, ECF No. 6093-2 ("If you want to keep your right to sue the NFL, you must exclude yourself from the Class by October 14, 2014.").)[6]

Phillips is now bound by her failure to opt out of the Class Settlement.  To hold otherwise would prejudice the settling parties by undermining the Settlement's finality and rewriting its terms—which were the subject of careful negotiations and a bargained-for exchange—and would deprive the Released Parties, including the Chiefs, of the benefit of

---

[6]   It makes no difference that, as a result of her ex-husband's decision to opt out, Phillips may receive no award under the Class Settlement.  The Class Settlement reflects a bargained-for exchange in which the parties agreed that a Derivative Claimant's right to recover would be entirely dependent on the actions and recovery of the relevant Retired NFL Football Player.  Under the terms of the Class Settlement, a Derivative Claimant cannot recover in a number of situations, including, for example, where the Retired NFL Player opts out of the Settlement, fails to timely register for benefits under the Settlement, or fails to file a complete claims package as required by the Settlement.  If Phillips did not want her putative loss of consortium claim to be contingent on her ex-husband's action in this way, it was Phillips' responsibility to opt out of the Class Settlement.

their bargain.  Indeed, courts have repeatedly strictly enforced the terms of such agreements—

including opt-out deadlines—for precisely this reason; to grant exceptions from bargained-for

deadlines and procedures would prejudice defendants and "would undermine the finality of

judgments entered [in class actions] and . . . discourage settlement of such actions."  *In re*

*Prudential Sec. Inc. Ltd. P'ships Litig.*, 164 F.R.D. 362, 371–72 (S.D.N.Y. 1996); *see also In*

*re Imprelis Herbicide Mktg., Sales Pracs. & Prods. Liab. Litig.*, Nos. 11-md-2884, 11-cv-

7599, 2014 WL 348593, at *3–4 (E.D. Pa. Jan. 31, 2014) (denying request to extend opt-out

deadline in light of prejudice to defendant, including among other factors "the potential for

future requests from similarly situated class members"); *In re WorldCom, Inc. Secs. Litig.*,

No. 02-cv-3288, 2005 WL 1048073, at *6 (S.D.N.Y. May 5, 2005) (finding that defendants

would suffer "considerable prejudice . . . if the deadline for the opt out period is not

enforced"); *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998) ("Opt-

out deadlines ensure that parties to a class action can rely on the membership of a class

becoming fixed by a specified date and that such members will be bound by the resulting

outcome of the legal proceedings.").[7]

### B.    Phillips' Claim Is Barred by Claim Preclusion.

This Court's Final Order and Judgment also bars Phillips' claim against the

Chiefs under the doctrine of claim preclusion because it dismissed all Settlement Class

Members' claims with prejudice.  (*See* Am. Final Order & J. ¶¶ 10, 15, ECF No. 6534); *see*

---

[7]    This prejudice is especially acute where, as here, "the settlements had special provisions that permitted the
defendants to terminate the settlements based on the number of opt-outs, so even a single additional opt-out
would impair the bargained-for value of the settlements."  *In re Processed Egg Prods. Antitrust Litig.*, 130
F. Supp. 3d 945, 954 (E.D. Pa. 2015); (Class Settlement Agmt. § 16.1 ("[T]he NFL Parties will have the
absolute and unconditional right, in their sole good faith discretion, to unilaterally terminate and render null
and void this Class Action Settlement and Settlement Agreement for any reason whatsoever following notice
of Opt Outs and prior to the Fairness Hearing.").

*also Pyle* v. *N.Y. Life Ins. Co.*, No. 07-cv-00360, 2008 U.S. Dist. LEXIS 21638, *47 (W.D. Pa. Mar. 19, 2008) ("Because a class member's individual claim merges into the judgment granting relief, thereby extinguishing the class member's individual claim, the doctrine of *res judicata* bars any subsequent claims by a class member already litigated by the court rendering the judgment on the class action settlement.").  Claim preclusion bars a plaintiff's claim where there is (1) a final judgment on the merits on a lawsuit; (2) involving the same parties or their privies; and (3) a separate suit is based on the same cause of action.  *See Marmon Coal Co.* v. *Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013).  Each element is met here.

First, the Court's Final Order and Judgment approving the Settlement Agreement and dismissing all claims—whether asserted or that "could have been asserted in the Class Action Complaint or any other Related Lawsuit"—indisputably constitutes a final judgment on the merits.  (*See* Settlement Agreement § 18.1; Am. Final Order & J. ¶¶ 10, 19, ECF No. 6534); *see also Toscano* v. *Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) ("Judicially approved settlement agreements are considered final judgments on the merits for purposes of claim preclusion.").  Second, Phillips' putative claim in intervention would involve the "same parties or their privies" as those in the Class Action Settlement because, as discussed above, Phillips was a member of the Settlement Class and did not opt out, and the Settlement covered the NFL and all other "Released Parties," including the Chiefs.  Third, Phillips' intervention would constitute a separate "suit based on the same cause of action" asserted (and settled) by the Settlement Class—namely, loss of consortium arising from head injuries or CTE allegedly sustained in connection with NFL play.  The Court should thus deny Phillips' motion to intervene because the claim she seeks to assert is barred pursuant

to the doctrine of claim preclusion.  *See Pyle*, 2008 U.S. Dist. LEXIS 21638 at *47; *Chartener* v. *Provident Mut. Life Ins. Co.*, No. 02-cv-8045, 2004 WL 1091027, at *2 (E.D. Pa. May 13, 2004); *see also Durkin* v. *Shields*, No. 92-cv-1003, 1997 WL 808651, at *8–11 (S.D. Ca.  June 5, 1997) (holding that issue preclusion barred argument that derivative shareholder claims were released without adequate consideration where the settlement had already been approved as fair).

## III.   THE COURT SHOULD DENY PHILLIPS' MOTION TO INTERVENE AS UNTIMELY

An intervention motion must be "timely," Fed. R. Civ. P. 24(b), taking into account "the totality of the circumstances" including "(1) the stage of the proceedings when the movant seeks to intervene; (2) the possible prejudice caused to other parties by delay; and (3) the reason for delay."  *In re Safeguard Scis.*, 220 F.R.D. 43, 46–47 (E.D. Pa. 2004).  Here, these factors all weigh against Phillips, thus providing yet another basis on which this Court should deny her motion to intervene.

First, because all former NFL players' actions in *Lewis* (including Phillips' ex-husband's) have been dismissed following a confidential settlement, the stage of proceedings in *Lewis* is as advanced as possible.  Allowing a brand new party like Phillips to intervene in the now-dismissed action of her ex-husband—and with the stated intention of "precluding any settlement of this matter without [Phillips'] consent" (Interv. Mot. at 7)—would disrupt the *Lewis* Plaintiffs and Chiefs' settlement, thus causing considerable prejudice.  *See Choike* v. *Slippery Rock Univ. of Penn. of State Sys. of Higher Educ.*, 297 F. App'x 138, 141 (3d Cir. 2008) (affirming denial of motion to intervene in part due to fact that parties had reached settlement and out of "concern[] that allowing the intervention would 'derail' the settlement"); *Suquenita Sch. Dist.* v. *G.W. ex rel. A.P.*, No. 10-cv-1897, 2012 WL 1268219 (M.D. Pa. Apr.

17

13, 2012) (denying motion to intervene because, among other things, case had settled prior to resolution of motion, reasoning that "the prejudice to the parties in permitting the intervention is obvious: the parties will be forced to reopen and attempt to renegotiate a settlement"); *see also Grochocinski* v. *Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 798 (7th Cir. 2013) (denying motion to intervene as untimely where case had reached final judgment prior to any merits discovery); *Sokaogon Chippewa Cmty.* v. *Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000) (Rule 24's timeliness requirement "prevent[s] a tardy intervenor from derailing a lawsuit within sight of the terminal"); Charles A. Wright et al., 7C Fed. Prac. & Proc. Civ. § 1916 (3d ed.) ("There is considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant" and accordingly, motions for intervention following judgment "ordinarily fail to meet this exacting standard and are denied.").

Further, Phillips has failed to "convincingly explain [her] reason for the delay." *Choike*, 297 Fed. App'x 138 at 141.  It is uncontested that Phillips brings the instant motion more than *four* years after her ex-husband filed the lawsuit into which she now seeks to intervene and more than *three* years after this Court approved the Class Settlement Agreement and ordered that notice be distributed to all Settlement Class Members, including Phillips. Phillips' claim—that she only "just recently became aware of the [*Lewis*] action" because she has minimal contact with her ex-husband, has no family in Missouri, and lives in Pennsylvania—cannot be squared with the significant nationwide media attention paid both to the *Lewis* action specifically and to the Class Settlement, the judicially approved Class Settlement notice program, and the January 2007 HBO "Real Sports" episode featuring her and her ex-husband's struggles. *See supra at* Background § A; (Interv. Mem. at 6).  Under

these circumstances, Phillips at the very least had constructive notice of her ex-husband's action (and of the MDL, of which that action was a part), and her lack of diligence in pursuing her claim renders the instant motion untimely.[8]   *See Choike*, 297 Fed. App'x 138, 142 (affirming denial of intervention motion because intervenor "knew or should have known of the risk to their rights" much earlier, and underlying lawsuit "created some publicity"); *Robertshaw* v. *Pudles*, No. 11-cv-7533, 2014 WL 1788850, at *3 (E.D. Pa. 2014) (motion to intervene untimely because proposed intervenor "*should have known* that its rights were at risk" (emphasis added)); *Culbreath* v. *Dukakis*, 630 F.2d 15, 20–21, 25 (1st Cir. 1980) (affirming denial of intervention motion where proposed intervenors should have known of their interest in the suit in part because of newspaper articles publicizing it); *Commonwealth of Pa.* v. *Rizzo*, 530 F.2d 501, 507 (3d Cir. 1976) (affirming denial of post-settlement intervention motion as untimely where intervenors could not reasonably claim they were unaware of the action due to "continuous and extensive media coverage"); *see also In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982) (noting that where motion to intervene was filed after settlement, the timeliness factor weighed heavily against intervention).[9]

---

[8]   The timeliness of an intervention motion is "measured from the point at which the applicant knew, or should have known, of the risk to its rights," *In re Safeguard Scis.*, 220 F.R.D. 43, 47 (E.D. Pa. 2004); *Lawrence Music, Inc.* v. *Samick Music Corp.*, 227 F.R.D. 262, 263 (W.D. Pa. 2005), and here, the "risk to [Phillips'] rights" dates back to the filing of her ex-husband's action because Phillips' claim, as one for loss of consortium, succeeds or fails based on the merits of the claims of her ex-husband.

[9]   Phillips cites to *United States* v. *Alcan Aluminum, Inc.*, 25 F.3d 1174 (3d Cir. 1994) and *Mountain Top Condo. Ass'n* v. *Dave Stabbert Master Builder, Inc.*, 72 F.3d 361 (3d Cir. 1995) in support of her argument that her motion is timely, but neither case supports her.  In both cases, the court permitted intervention because of assurances and inducements made by the parties that caused the putative intervenors to abstain from protecting their interests.  *See Alcan Aluminum*, 25 F.3d at 1182 (intervenors "refrained from taking earlier action, in part, because of assurances given by the [plaintiff]," and "timeliness should not prevent intervention where an existing party induces the applicant to refrain from intervening"); *Mountain Top Condominium Ass'n*, 72 F.3d at 370 (condominium owners were induced not to intervene earlier because association had previously assured them that disputed amount would be returned).  Here, by contrast, Phillips has not claimed—nor could she—that the parties induced her to refrain from intervening.

Because Phillips has not justified her multi-year delay in moving to intervene, her motion should be dismissed.

## **CONCLUSION**

For the reasons stated, the Chiefs respectfully request that the Court deny Phillips' motion to intervene in *Lewis* v. *Kansas City Chiefs Football Club, Inc*.

Dated: September 27, 2018

Respectfully submitted,

/s/ Brad S. Karp
Brad S. Karp
Bruce Birenboim
Lynn B. Bayard
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Main: 212.373.3000
Fax: 212.757.3990
bkarp@paulweiss.com
bbirenboim@paulweiss.com
lbayard@paulweiss.com

*Attorneys for the Kansas City Chiefs*
*Football Club, LLC*