## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*     Plaintiffs, | |
| v. | |
| National Football League and NFL Properties, LLC, Successor-in-interest to NFL Properties, Inc.,     Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## ORDER

Pursuant to the Court's continuing jurisdiction over this action as set out in the Court's Amended Final Order and Judgment (Doc. No. 6534, paragraph 17), it is hereby **ORDERED** that the attached Amended Rules Governing Attorneys' Liens are **ADOPTED**.

BY THE COURT:

David R. Strawbridge, USMJ

Date: October 2, 2018

Approved.

Anita B. Brody, J.

Date: October 3, 2018

# NFL CONCUSSION SETTLEMENT

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

# AMENDED RULES GOVERNING ATTORNEYS' LIENS

**TABLE OF CONTENTS**

**Page**

**TITLE I:  GENERAL**......................................................................................................1

     Rule 1.  Purpose of These Rules ....................................................................1
     Rule 2.  Court Approval of These Rules........................................................1
     Rule 3.  Definitions Used in These Rules......................................................1
     Rule 4.  Referral to Magistrate Judge ...........................................................3
     Rule 5.  How Things are Submitted and Served Under These Rules ............3
     Rule 6.  How to Count Time Periods and the Date Something
               is Submitted Under These Rules ......................................................3

**TITLE II:  ASSERTION AND SUBMISSION OF ATTORNEYS' LIENS** ........................4

     Rule 7.   Required Notice of Attorney's Lien Filed in the Court ...................4
     Rule 8.   Required Proof for an Attorney's Lien .............................................4
     Rule 9.   Attorney's Lien by Attorney Currently Representing the Settlement
               Class Member.................................................................................5
     Rule 10. Notice of Lien to Settlement Class Member and Attorney Lienholder.........5
     Rule 11. Notice of Duty to Resolve Lien Dispute to Settlement Class Member
               and Attorney Lienholder..................................................................5
     Rule 12. Resolution of Disputes Over Attorneys' Liens ................................5
     Rule 13. Resolution of Petition for Deviation in the Attorney's Lien Dispute Process...6

**TITLE III:  DISPUTE RESOLUTION PROCESS** ...........................................................6

     Rule 14. Attempts to Reach an Agreement...................................................6
     Rule 15. Agreement to Consent Jurisdiction ................................................6
     Rule 16. Issues in Dispute...........................................................................6
     Rule 17. Statement of Dispute .....................................................................6
     Rule 18. Response Memorandum ..................................................................7
     Rule 19. Schedule of Document Submissions ..............................................8
     Rule 20. Dispute Record .............................................................................9
     Rule 21. Appointment of Counsel ...............................................................9
     Rule 22. Hearing ........................................................................................9
     Rule 23. Hearing Procedure......................................................................10
     Rule 24. Withdrawal of Attorney's Lien Dispute .......................................11
     Rule 25. Magistrate Judge Report and Recommendation............................12
     Rule 26. Final Decision of the Court ..........................................................12
     Rule 27. Change of Address ......................................................................13
     Rule 28. Exclusive Retained Jurisdiction ...................................................13
     Rule 29. Implementation of These Amended Rules .....................................13

**EXHIBITS**

     Exhibit A: Notice, Consent, and Reference of an Attorney's Lien Dispute to a Magistrate
                Judge for a Final Decision Notice of Lien

     Exhibit B: Statement of Fees and Costs

     Exhibit C: Withdrawal of Attorney's Lien Dispute

NFL CONCUSSION SETTLEMENT

## AMENDED RULES GOVERNING ATTORNEYS' LIENS

### TITLE I:   GENERAL

**Rule 1.   Purpose of These Rules.**  These Rules govern the process for asserting Attorneys' Liens and resolving Disputes as to whether the Attorney Lienholder's fees and/or costs, if any, may be awarded from the affected Settlement Class Member's Award.  The resolution of the Dispute will necessarily take into account and resolve the extent of any other attorney's fees and/or costs to be awarded from the Settlement Class Member's Award.

**Rule 2.   Court Approval of These Rules.**  The Court has approved these Amended Rules pursuant to its continuing and exclusive jurisdiction under Article XXVII of the Settlement Agreement and Paragraph 17 of the Court's May 8, 2015 Amended Final Approval Order and Judgment (ECF No. 6534).  The Court may amend these Rules at any time.

**Rule 3.   Definitions Used in These Rules.**  All capitalized terms used in these Rules will have the meanings given to them in the Settlement Agreement.  In addition:

(a) "Attorney's Lien" means a Lien asserted for attorneys'/law firm's fees and/or costs for work in connection with representing a Settlement Class Member in the NFL concussion litigation and/or in the Settlement Program.  The fees and/or costs sought by an Attorney Lienholder must not include tasks undertaken for the Settlement Class as a class, or for tasks that replicate such common benefit tasks, or for any other tasks performed for the common benefit of Settlement Class Members.  The common benefit fees and/or costs are addressed through Article XXI of the Settlement Agreement and as addressed in the Court's April 22, 2015 Opinion under the heading "Attorney's Fees" (ECF No. 6509).

(b) "Attorney Lienholder" means the attorney/law firm that asserted an Attorney's Lien with the Settlement Program.

(c)  "Award" means a Monetary Award, Supplemental Monetary Award, or a Derivative Claimant Award.

(d) "Claim Package" is defined in the Settlement Agreement in Section 8.2(a).

(e) "Court" is defined in the Settlement Agreement in Section 2.1(x).

(f) "Derivative Claim Package" is defined in the Settlement Agreement in Section 8.2(b).

(g) "Dispute" means any disagreement between the Parties over an Attorney's Lien as to the reasonableness and amount of the fees and/or costs sought by the Attorney Lienholder(s) and any other matter relating to attorney's fees and costs the Court determines are necessary to ensure that the rights of the Parties are protected.

(h) "Dispute Record" is the compilation of information provided by the Claims Administrator to the Magistrate Judge for his consideration when resolving a Dispute, as described in Rule 20.

(i) "District Judge" means the Honorable Anita B. Brody, U.S.D.J., or any successor judge.



(j) "Hearing Schedule" establishes the date, time, and place of the hearing, as described in Rule 22. The Claims Administrator will serve the Hearing Schedule on the Parties.

(k) "Magistrate Judge" means the Honorable David Strawbridge, U.S.M.J., appointed by the District Judge in the April 4, 2017 Order to handle all Attorney's Lien Disputes (ECF No. 7446) or any other United States Magistrate Judge for the Eastern District of Pennsylvania appointed by subsequent order of the District Judge for this purpose.

(l) "Notice of Duty to Resolve Lien Dispute" is a notice issued by the Claims Administrator to the Settlement Class Member who disputes or fails to consent to an Attorney's Lien and to the Attorney Lienholder, as described in Rule 11.

(m) "Notice of Lien" is a notice issued by the Claims Administrator to the Settlement Class Member and the Attorney Lienholder providing notice of an Attorney's Lien assertion with copies of the required proof, as described in Rule 10.

(n) "Notice of Lien Payment" is a Notice issued by the Claims Administrator to the Settlement Class Member after it has issued payment for an Attorney's Lien, as described in Rule 12.

(o) "Party or Parties to the Dispute" means the current attorney on behalf of a represented Settlement Class Member or an unrepresented Settlement Class Member on his or her own behalf, and any Attorney Lienholder(s), hereinafter referred to as "Party" or "Parties." The Claims Administrator is not a Party to the Dispute.

(p) "Presumptive Fee Cap" means the presumptive cap on attorney's fees imposed by the Court's April 5, 2018 Opinion and Order (ECF Nos. 9862 and 9863), which capped attorneys' fees at 22% plus reasonable costs, less the amount (not to exceed 5% of the total Award) that the Court determines must be paid into the Attorneys' Fees Qualified Settlement Fund pursuant to the Court's June 27, 2018 Order Regarding Withholdings for Common Benefit Fund (ECF No. 10104).

(q) "Report and Recommendation" is the Magistrate Judge's recommendation to the District Judge for resolution of the Dispute, as described in Rule 25.

(r) "Response Memorandum" is the information submitted to the Claims Administrator by each Party in response to the Statement(s) of Dispute from other Parties, as described in Rule 18.

(s) "Schedule of Document Submissions" is the schedule issued by the Claims Administrator to the Parties setting the deadlines for the submission of the Parties' Statements of Dispute and Response Memoranda, as described in Rule 19.

(t) "Settlement Class Member" ("SCM") means a Retired NFL Football Player, the Representative Claimant of a deceased or incompetent Retired NFL Football Player, or a Derivative Claimant.



(u) "Settlement Program" means the program for benefits for SCMs established under the Settlement Agreement.

(v) "Statement of Dispute" is the information about the Dispute submitted by the Parties to the Claims Administrator, as described in Rule 17.

(w) "Statement of Fees and Costs" is the form that an SCM's attorney must sign and return to the Claims Administrator pursuant to the Court's June 27, 2018 Order (ECF No. 10103) and Rule 17(b) verifying his or her law firm's fees and/or costs for work in connection with representing the SCM in the NFL concussion litigation and/or in the Settlement Program.

(x) "Withdrawal of Attorney's Lien Dispute" ("Withdrawal") is a form that must be submitted by all Parties to the Dispute to withdraw from the dispute process, as described in Rule 24.

(y) "Withdrawal Record" is the compilation of information provided by the Claims Administrator to the Magistrate Judge for his consideration when resolving a Dispute, as described in Rule 24(b).

**Rule 4.    Referral to Magistrate Judge.**  The District Judge has referred all Attorney's Lien Disputes to the Honorable David Strawbridge, U.S.M.J., pursuant to the Court's April 4, 2017 Order (ECF No. 7446) and as authorized under 28 U.S.C. § 636(b)(3).  The Court will issue a final decision in accordance with these Rules.

**Rule 5.    How Things are Submitted and Served Under These Rules.**  Where these Rules require service to the Claims Administrator, such service shall be by one of the following methods:

(a) Email to ClaimsAdministrator@NFLConcussionSettlement.com, by a secured and encrypted method and include "ATTN: NFL Liens" in the subject line;

(b) Facsimile to (804) 521-7299, ATTN: NFL Liens;

(c) Mail to NFL Concussion Settlement, Claims Administrator, P.O. Box 25369, Richmond, VA  23260, ATTN: NFL Liens; or

(d) Delivery by overnight carrier to NFL Concussion Settlement, c/o BrownGreer PLC, 250 Rocketts Way, Richmond, VA  23231, ATTN: NFL Liens.

**Rule 6.    How to Count Time Periods and the Date Something is Submitted Under These Rules.**

(a) How to Count Time Periods:  Any time period set by these Rules will be computed as follows, which is based on Rule 6 of the Federal Rules of Civil Procedure:

   (1) Do not count the day that starts the running of any period of time.  The first day of the period is the day after this trigger day.

   (2) Count every day, including Saturdays, Sundays, and legal holidays.



(3) Count the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

(4) Legal holidays are New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day, and any other day declared a holiday by the President of the United States or the United States Congress.

(5) An additional three days will be added to any time period specified by these Rules for an action or submission where the acting or responding party was served by mail with the Notice or submission requiring action or response rather than by service on a Portal or delivery.

(b) How to Mark the Date Something is Submitted:  Any document submitted by email or facsimile will be considered submitted on the date emailed or faxed at the local time of the submitting Party.  Documents submitted by mail will be considered submitted on the postmark date.  Documents submitted by overnight delivery will be considered submitted on the date delivered to the carrier.

## TITLE II:  ASSERTION AND SUBMISSION OF ATTORNEYS' LIENS

**Rule 7.    Required Notice of Attorney's Lien Filed in the Court.**  If an attorney wants to assert an Attorney's Lien, or otherwise present a claim against an SCM in any way related to a SCM's Award, he or she must file a notice, but notice only, of Attorney's Lien in the United States District Court for the Eastern District of Pennsylvania, Case No.:  2:12-md-02323-AB.  An Attorney's Lien filed with any other court is not binding on the Claims Administrator or effective in the Settlement Program and will not be considered by the Court.

**Personal information such as Social Security Number, Taxpayer Identification Number, or Foreign Identification Number MUST NOT be included in the notice of lien filed with the Court, pursuant to the Local Rules of Civil Procedure for the Eastern District of Pennsylvania, Rule 5.1.3.**

**Rule 8.    Required Proof for an Attorney's Lien.**

(a) Proof of Attorney's Lien.  The Attorney Lienholder must submit the following information and documentation to the Claims Administrator:

(1) Information to identify the Retired NFL Football Player or Derivative Claimant against whom the Attorney's Lien is alleged (such as the SCM's full name, Social Security Number, Taxpayer Identification Number, Foreign Identification Number, Date of Birth, and/or Settlement Program ID);

(2) The amount of the asserted Attorney's Lien;

(3) The notice of Attorney's Lien filed in the United States District Court for the Eastern District of Pennsylvania, Case No.: 2:12-md-02323-AB as required by Rule 7;

4



(4) A copy of the attorney's retainer agreement signed by the SCM; and

(5) The dollar amount of the attorney's costs if the attorney is seeking reimbursement of costs in addition to fees.

(b) An Attorney Lienholder must submit all of the required proof as set forth in Rule 8(a), before the Claims Administrator begins processing the Award. Failure to comply with Rule 8(a)(1)-(4) before the Claims Administrator begins processing the Award will result in the waiver of the Attorney Lienholder's right to assert an Attorney's Lien against the Award. Failure to comply with Rule 8(a)(5) before the Claims Administrator begins processing the Award will result in the waiver of the Attorney Lienholder's right to seek reimbursement of any costs incurred during representation of the SCM.

(c) The Claims Administrator will review the information and send the Attorney Lienholder an email or letter to acknowledge receipt of the assertion, confirm the Attorney Lienholder's contact information, and inform the Attorney Lienholder if it needs to submit further information or documentation about the Lien.

**Rule 9.    Attorney's Lien by an Attorney Currently Representing the Settlement Class Member.** An SCM's current attorney who believes that other competing Lien payments, including but not limited to those for medical expenses and services, child support, unpaid taxes, and judgment debts, may interfere with recovery of his or her attorney's fees and/or costs must assert a Lien in accordance with Rules 5, 7, and 8 to protect his or her interests.

**Rule 10.    Notice of Lien to Settlement Class Member and Attorney Lienholder.** The Claims Administrator will issue a Notice of Lien to the SCM and the Attorney Lienholder after the Claims Administrator receives both the required proof for the Lien (as set forth in Rule 8) and a Claim Package or Derivative Claim Package. The SCM's Notice of Lien will include copies of the proof of the Attorney's Lien and provide the SCM with at least 20 days to consent to or dispute the Attorney's Lien.

**Rule 11.    Notice of Duty to Resolve Lien Dispute to Settlement Class Member and Attorney Lienholder.** If the SCM disputes or fails to consent to the Attorney's Lien within 20 days after the Claims Administrator issues a Notice of Lien, the Claims Administrator will take no further action on the Lien until the SCM becomes eligible for an Award. If and when the SCM becomes eligible for an Award, the Claims Administrator will issue a Notice of Duty to Resolve Lien Dispute to the SCM and the Attorney Lienholder. The Notice advises that the Claims Administrator is not a Party to the Dispute and does not have a decision-making role in how the Dispute will be resolved. The Claims Administrator will withhold adequate funds to pay the Lien, as well as the fees and/or costs of any current attorney, in accordance with the Presumptive Fee Cap, to the extent funds are available, until the Dispute is resolved.

**Rule 12.    Resolution of Disputes Over Attorneys' Liens.** The Claims Administrator will refer the Dispute to the Honorable David Strawbridge, U.S.M.J., or another United States Magistrate Judge for the Eastern District of Pennsylvania. If consent to Magistrate Judge jurisdiction is given pursuant to Rule 15, the Magistrate Judge will issue a final decision resolving the Dispute or ruling on Withdrawals of Attorney's Lien Dispute in accordance with these Rules and as authorized by 28 U.S.C. § 636(c). Otherwise, the Magistrate Judge will prepare a Report and Recommendation in

5



accordance with these Rules and pursuant to the Court's April 4, 2017 Order (ECF No. 7446) and as authorized by 28 U.S.C. § 636(b)(3).

The Claims Administrator will disburse the withheld funds in accordance with the Court's final decision, the provisions of the Settlement Agreement, and Court orders regarding implementation. The Claims Administrator will issue a Notice of Lien Payment to the SCM.

      **Rule 13.   Resolution of Petition for Deviation in the Attorney's Lien Dispute Process.**  If a Party to an Attorney's Lien Dispute timely filed a Petition for Deviation in accordance with Rule 10 of the Rules Governing Petitions for Deviation from the Fee Cap (ECF No. 9956 or any Amended Rules Governing Petitions for Deviation from the Fee Cap as approved by the Court), the Petition will be resolved in the Attorney's Lien dispute resolution process. The timing of and requirements for document submissions are governed by the Schedule of Document Submissions issued by the Claims Administrator for the Attorney's Lien Dispute. The Claims Administrator will include the Petition for Deviation in the Record for the Attorney's Lien Dispute to be considered by the Magistrate Judge.

<h2 align="center">TITLE III:  DISPUTE RESOLUTION PROCESS</h2>

      **Rule 14.   Attempts to Reach an Agreement.**  The Parties must make reasonable efforts to resolve the Dispute by agreement before and during the dispute resolution process.

      **Rule 15.   Agreement to Consent Jurisdiction.**  Pursuant to 28 U.S.C. § 636(c), the Parties may consent to have the Magistrate Judge enter a final order as to the resolution of a Dispute by signing and returning to the Claims Administrator the Notice, Consent, and Reference of an Attorney's Lien Dispute to a Magistrate Judge for a Final Decision (Exhibit A).  If such consent is given by all Parties, Rule 25 will no longer apply, and the Magistrate Judge's determination will become the final decision of the Court as described in Rule 26.

      **Rule 16.   Issues in Dispute.**  The issues in dispute will be limited to those originally raised by the Parties in the Statements of Dispute, as described in Rule 17, absent some extraordinary circumstance.

      **Rule 17.   Statement of Dispute.**

(a) Each Attorney Lienholder and the current attorney, if the SCM is represented, must serve the Claims Administrator with a Statement of Dispute including:

    (1) A statement of all issues in dispute;

    (2) A chronology of the tasks performed by the attorney, the date each task was performed, and the time spent on each task;

    (3) A list of costs with a brief explanation of the purpose of incurring these costs and the date the costs were incurred;

    (4) The relief sought;

    (5) A summary of the attempts to reach an agreement with the opposing Party;

6



(6) Any exhibits; and

(7) A statement signed by the submitting Party declaring under penalty of perjury pursuant to 28 U.S.C. § 1746 that the information submitted in the Statement of Dispute is true and accurate to the best of that Party's knowledge and that the submitting Party understands that false statements made in connection with this process may result in fines, sanctions, and/or any other remedy available by law. The statement may be signed by a current attorney on behalf of the SCM. The signature may be an original wet ink signature, a PDF or other electronic image of an actual signature, or an electronic signature.

(b) The current attorney must also include with the Statement of Dispute a copy of his or her retainer agreement signed by the SCM, any modifications to that agreement, and a signed copy of the Statement of Fees and Costs (Exhibit B). Failure of an SCM's current attorney to provide the dollar amount of its costs on the Statement will result in waiver of the attorney's right to seek reimbursement of any costs incurred during representation of the SCM in the NFL concussion litigation or the Settlement Program.

(c) If the SCM is not represented by a lawyer in this process, he or she must serve the Claims Administrator with a Statement of Dispute that:

(1) Explains his or her best understanding of the issues;

(2) Provides a summary of the attempts to reach an agreement with the Attorney Lienholder;

(3) Includes any information the SCM believes would be useful to the Magistrate Judge about the work performed, any suggested resolution, and any documents or exhibits he or she wants the Magistrate Judge to consider; and

(4) Includes a statement signed by the SCM declaring under penalty of perjury pursuant to 28 U.S.C. § 1746 that the information submitted in the Statement of Dispute is true and accurate to the best of the SCM's knowledge and that the SCM understands that false statements made in connection with this process may result in fines, sanctions, and/or any other remedy available by law. The signature may be an original wet ink signature, a PDF or other electronic image of an actual signature, or an electronic signature.

**Rule 18. Response Memorandum.** Each Party may serve the Claims Administrator with a Response Memorandum to the opposing Party's Statement of Dispute. Any request for a hearing must be made in the Response Memorandum. After a Response Memorandum has been submitted, a Party may not provide any further submissions unless requested by or approved by the Magistrate Judge. Any Party's request to include supplemental submissions in the Dispute Record must be made in writing to the Claims Administrator.

Each Response Memorandum must contain a statement signed by the submitting Party declaring under penalty of perjury pursuant to 28 U.S.C. § 1746 that the information submitted in the Response Memorandum is true and accurate to the best of that Party's knowledge and that the submitting Party



understands that false statements made in connection with this process may result in fines, sanctions, and/or any other remedy available by law.  The statement may be signed by a current attorney on behalf of the SCM.  The signature may be an original wet ink signature, a PDF or other electronic image of an actual signature, or an electronic signature.

If a Party fails to submit a Statement of Dispute, the opposing Party may not submit a Response Memorandum unless requested by the Magistrate Judge.  However, the opposing Party may submit a request for a hearing within 15 days after the date the Claims Administrator serves that Party's Statement of Dispute.

**Rule 19.  Schedule of Document Submissions.**  The Claims Administrator will serve the Parties with a Schedule of Document Submissions as determined by the Magistrate Judge.

(a) Statement of Dispute:  Each Party must submit a Statement of Dispute within 30 days after the date of the Schedule of Document Submissions.  The Claims Administrator will serve each Party with the opposing Party's Statement of Dispute.

(b) Response Memorandum:  Each Party may submit a Response Memorandum within 15 days after the date the Claims Administrator serves the Statements of Dispute on the Parties.  The Claims Administrator will serve each Party with the opposing Party's Response Memorandum.

(c) Additional Evidence or Information:  The Magistrate Judge in his own discretion may request additional evidence or information from a Party or the Claims Administrator if he determines such evidence would aid him in the resolution of the Dispute.

(d) The Dispute Record:  Within 20 days after the date the Claims Administrator serves the Response Memoranda on the Parties, the Claims Administrator will provide the complete Dispute Record to the Magistrate Judge, along with a statement of the amount of any Award funds withheld pending resolution of the Dispute.

(e) Exclusions from the Dispute Record:  Any documents received after the Claims Administrator provides the Dispute Record to the Magistrate Judge will be excluded from the Dispute Record, unless directed otherwise by the Magistrate Judge.

(f) Extensions of Time:  Extensions of deadlines are discouraged and should not be filed on the Court's docket.  Upon a Party's written request to the Claims Administrator and a showing of good cause, however, the Magistrate Judge may exercise discretion to extend or modify any submission deadline established by these Rules.  Before the Claims Administrator presents any such request to the Magistrate Judge, the Parties must confer and include a statement of any opposition to the request in the written submission.  The Magistrate Judge will advise the Claims Administrator of any extension or modification of a submission deadline.  The Claims Administrator will notify the Parties.

8



**Rule 20.   Dispute Record.**

(a) The Dispute Record to be considered by the Magistrate Judge will consist of:

    (1) A copy of the Notice of Monetary Award Claim Determination or Notice of Derivative Claimant Award Determination;

    (2) The Notice of Lien to the SCM with the attachments (a copy of the Attorney Lienholder's retainer agreement signed by the SCM, a copy of the notice of Attorney's Lien filed in the Court, and the amount of any costs provided by the Attorney Lienholder);

    (3) The SCM's response, if any, to the Notice of Lien that he or she disputes the Lien;

    (4) If the SCM is represented, a copy of the current attorney's retainer agreement signed by the SCM and a signed copy of the Statement of Fees and Costs as provided in Rule 17(b);

    (5) The Statements of Dispute from each Party as provided in Rule 17;

    (6) The Response Memoranda from each Party as provided in Rule 18; and

    (7) Any additional evidence produced by either Party or the Claims Administrator in response to a request of the Magistrate Judge pursuant to Rule 19(c).

(b) The Claims Administrator will assemble the complete Dispute Record and provide it to the Magistrate Judge, along with a statement of the amount of the Award withheld pending resolution of the Dispute.

**Rule 21.   Appointment of Counsel.** The Magistrate Judge has the discretion to appoint counsel for any unrepresented SCM pursuant to the Court's January 8, 2018 Order (ECF No. 9561). An unrepresented SCM must serve the Claims Administrator with a written request showing good cause for appointment of counsel. The Claims Administrator will present the request to the Magistrate Judge and inform the SCM of the determination.

**Rule 22.   Hearing.**

(a) Hearing Request: Any Party may request a hearing with the Magistrate Judge in accordance with Rule 18. The Magistrate Judge in his own discretion may order a hearing, if he determines that such proceeding would aid him in the resolution of the Dispute. The Magistrate Judge will determine if such hearing will be in-person, by video conference, or by telephone.

(b) Hearing Schedule: If the Magistrate Judge determines a hearing is necessary, the Claims Administrator will serve a Hearing Schedule on the Parties. The hearing will be scheduled promptly, but no sooner than 20 days after the date of the Hearing Schedule. No provision of the Schedule will be modified except upon written request for modification within 14 days of the date of the Schedule. Thereafter, the Schedule may be modified only upon a

9



showing of good cause that the deadline cannot reasonably be met despite the diligence of the Party seeking modification. Any requests for modification must be submitted to the Claims Administrator and should not be filed on the Court's docket. The Claims Administrator will submit the request to the Magistrate Judge and notify the Parties of the determination.

(c) Telephonic or Video Conference Access for Hearing: The Claims Administrator will make the necessary arrangements for telephone or video conference access if the Magistrate Judge orders a hearing.

(d) Accommodations: If a Party needs special accommodations for this process, that Party must make the necessary arrangements for those accommodations.

**Rule 23.  Hearing Procedure.**  If the Magistrate Judge orders a hearing, the following procedure will apply.

(a) Evidence: The evidence that the Magistrate Judge may consider is limited to the Dispute Record, testimony, and any additional documentation properly presented during the hearing.

(b) Testimony Under Oath or Affirmation: Hearing testimony must be submitted under oath or affirmation administered by the Magistrate Judge or by any duly qualified person. If a Party wants to present live testimony of anyone other than a Party, he or she must submit a written request to the Claims Administrator no later than three (3) business days before the hearing that includes:

(1) The individual's name and relationship to the requesting Party;

(2) The nature and scope of the testimony to be provided;

(3) The length of time the testimony will take; and

(4) Whether the essence of the testimony could be presented in any other manner.

The Claims Administrator will present the request to the Magistrate Judge and inform the Parties of the determination.

All information presented at the hearing is provided in accordance with the certifications submitted with the Statement of Dispute and/or the Response Memorandum.

(c) Audio Recording of Hearing: The hearing proceedings will be audio-recorded. The recording will be available through the Clerk's Office at the United States District Court for the Eastern District of Pennsylvania. Pursuant to 28 U.S.C § 753(b), the Parties may listen to the recording at the Clerk's Office during normal business hours without charge. The Parties may also order a transcript of the proceedings at their own expense.

(d) Participation: All Parties and their counsel, if any, must participate in the hearing. Failure to participate without prior approval from the Magistrate Judge will result in the

10



Magistrate Judge issuing a decision based on the Dispute Record at the time of the hearing, together with any other evidence presented at the hearing.

(e) Advocates:  The Parties may, but are not required to, be represented by a lawyer.  An SCM who does not have a lawyer for the hearing may, with the Magistrate Judge's permission, be represented by a non-attorney advocate.

**Rule 24.  Withdrawal of Attorney's Lien Dispute.**  If the Parties reach an agreement at any time before the Magistrate Judge issues a Report and Recommendation or a final decision, and each Party serves a signed Withdrawal of Attorney's Lien Dispute ("Withdrawal") (Exhibit C) on the Claims Administrator, the dispute process will be stayed, and the Claims Administrator will submit the Withdrawal Record to the Magistrate Judge.

(a) Requirements for the Submission of a Withdrawal.  The Parties must submit the Withdrawal to the Claims Administrator.  The Withdrawal must include:

(1) A statement of the allocation of the attorneys' fees between the Parties that is consistent with the Presumptive Fee Cap (unless a Petition for Deviation upward is timely filed);

(2) A statement of costs from the current attorney for the SCM, if represented, with an itemized list of those costs including a brief explanation of the purpose of incurring the costs;

(3) A statement of the Attorney Lienholder's costs, if costs were asserted as part of the Lien, with an itemized list of those costs including a brief explanation of the purpose of incurring the costs;

(4) If the SCM is represented in the Program, a statement of how each Party will allocate responsibility for the 5% deduction for common benefit fees, and a statement allocating any potential future refund of common benefit fees between the Parties; and

(5) The signature of the Party submitting the Withdrawal.  The Withdrawal may be signed by a current attorney on behalf of the SCM.  The signature may be an original wet ink signature, a PDF or other electronic image of an actual signature, or an electronic signature.

(b)  Upon receipt of documentation that complies with Rule 24(a), the Claims Administrator will submit the Withdrawal Record to the Magistrate Judge.  The Withdrawal Record will include:

(1) A copy of the Notice of Monetary Award Claim Determination or Notice of Derivative Claimant Award Determination;

(2) The Notice of Lien to the SCM with the attachments (a copy of the Attorney Lienholder's retainer agreement signed by the SCM, a copy of the notice of Attorney's Lien filed in the Court, and the amount of any costs provided by the Attorney Lienholder);

11



(3) The SCM's response, if any, to the Notice of Lien that he or she disputes the Lien;

(4) If the SCM is represented, a copy of the current attorney's retainer agreement signed by the SCM and a signed copy of the Statement of Fees and Costs as provided in Rule 17(b); and

(5) The signed Withdrawals of Attorney's Lien Dispute.

(c) Upon receipt of the Withdrawal Record, the Magistrate Judge will enter a Report and Recommendation or a final decision consistent with Rule 12. The District Judge will enter a final decision if required by Rule 26. The Claims Administrator will pay the withheld portion of the Award to the SCM or to the current attorney (if the SCM is represented) and any Attorney Lienholder(s) in accordance with the final decision, and according to the provisions of the Settlement Agreement and all relevant Court orders.

**Rule 25.  Magistrate Judge Report and Recommendation.**

(a) Issuance: The Magistrate Judge will issue a Report and Recommendation after consideration of the Dispute Record or the Withdrawal Record, and any evidence properly submitted during a hearing, if any.

(b) Content: The Report and Recommendation will be in writing and will set forth a recommended disposition of the Dispute.

(c) Service: The Claims Administrator will serve the Report and Recommendation on the Parties.

(d) Objections to Report and Recommendation: In accordance with Fed. R. Civ. P. 72(b)(2), the Parties will have 14 days from the date the Claims Administrator serves the Report and Recommendation to file specific written objections with the District Judge. The Claims Administrator will serve copies of the written objections on the Parties. The Parties will have 14 days from the date the Claims Administrator serves any objections to file a written response to the opposing Party's objections. The Claims Administrator will serve copies of any responses to the objections on the Parties.

**Rule 26.  Final Decision of the Court.**  Except where Rule 15 may apply, the District Judge will, in accordance with Fed. R. Civ. P. 72(b)(3), enter a final decision after consideration of the Report and Recommendation from the Magistrate Judge and any objections from the Parties. Where Rule 15 does apply, the Magistrate Judge will issue the final decision of the Court.

Upon issuance of the final decision by the Court, the Dispute Record or the Withdrawal Record will be transferred to the Claims Administrator. The Claims Administrator will serve copies of the final decision on the Parties. Any Party may appeal the final decision.

Within seven (7) days after the date of the final decision, the Court may exercise discretion to modify or correct the final decision if there was a mathematical error or an obvious material mistake in computing the amount to be paid to the Attorney Lienholder and/or the SCM.



After any timely appeals are resolved, the Claims Administrator will disburse the withheld funds in accordance with the final decision, the provisions of the Settlement Agreement, and Court orders regarding implementation.

**Rule 27.   Change of Address.**   If a Party changes its mailing address, email address, or phone number at any time during this process, the burden will be on that Party to notify the Claims Administrator and the opposing Party immediately.   The Claims Administrator will keep all addresses on file, and the Parties may rely on these addresses until the Claims Administrator notifies them of a change.

**Rule 28.   Exclusive Retained Jurisdiction.**   The Court retains continuing and exclusive jurisdiction over the interpretation, implementation, and enforcement of these Rules.

**Rule 29.   Implementation of These Amended Rules.**   The Claims Administrator has discretion to develop and maintain internal policies and procedures it deems necessary to implement these Rules.



# NFL CONCUSSION SETTLEMENT

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2:12-md-02323 (E.D. Pa.)

## NOTICE, CONSENT, AND REFERENCE OF AN ATTORNEY'S LIEN DISPUTE TO A MAGISTRATE JUDGE FOR A FINAL DECISION

### I.   PARTIES TO THE DISPUTE

| | |
|---|---|
| Dispute: | [Settlement Class Member v. Attorney Lienholder] |
| Lien ID: | [XXXXX] |

### II.   NOTICE OF A MAGISTRATE JUDGE'S AVAILABILITY

A United States Magistrate Judge of this Court is available to conduct all proceedings and enter a final decision dispositive of each Dispute.  A Magistrate Judge may exercise this authority to resolve a Dispute over an Attorney's Lien only if all Parties voluntarily consent.

### III.   CONSENT

Both Parties to the Dispute may consent to have the Dispute referred to a Magistrate Judge for entry of a final decision, or either Party may withhold consent without adverse substantive consequences.  The name of any Party withholding consent will not be revealed to a Magistrate Judge who may otherwise be involved with your Dispute.

If either Party does not consent to have the Dispute referred to a Magistrate Judge for final disposition, the District Judge will enter a final decision resolving the Dispute after consideration of the Report and Recommendation from the Magistrate Judge and any objections from the Parties.

### IV.   HOW TO SERVE THIS CONSENT ON THE CLAIMS ADMINISTRATOR

If you wish to consent to have the Magistrate Judge enter a final order as to the resolution of this Attorney's Lien Dispute, send the signed form to the Claims Administrator in one of these ways:

| | |
|---|---|
| **By Email:** | ClaimsAdministrator@NFLConcussionSettlement.com |
| **By Facsimile:** | (804) 521-7299; ATTN:  NFL Liens |
| **By Mail:** | NFL Concussion Settlement<br>Claims Administrator<br>P.O. Box 25369<br>Richmond, VA  23260<br>ATTN:  NFL Liens |
| **By Delivery:** | NFL Concussion Settlement<br>c/o BrownGreer PLC<br>250 Rocketts Way<br>Richmond, VA  23231<br>ATTN:  NFL Liens |

EXHIBIT A

| V. | HOW TO CONTACT US WITH QUESTIONS OR FOR HELP |
|---|---|

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance.  If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com.  If you are a lawyer, call or email your designated Firm Contact for assistance.  For more information about the Settlement Program, visit the official website at www.NFLConcussionSettlement.com where you can read or download the Amended Rules Governing Attorneys' Liens, Frequently Asked Questions, and the complete Settlement Agreement.

| VI. | CERTIFICATION |
|---|---|

Both the Settlement Class Member or his or her attorney, if represented, and the Attorney Lienholder must submit a signed copy of this form to the Claims Administrator to allow a Magistrate Judge to enter a final order resolving the Dispute.  The statement may be signed by a current attorney on behalf of the Settlement Class Member.  The signature may be an original wet ink signature, a PDF or other electronic image of an actual signature, or an electronic signature.

**By signing below, the following Party consents to have a United States Magistrate Judge conduct any and all proceedings and enter a final decision as to the Notice of Attorney's Lien (ECF No. _____).**

| Signature | | | Date | |
|---|---|---|---|---|
| Printed Name | First | M.I. | Last . | |
| Law Firm | | | | |

EXHIBIT A

# NFL CONCUSSION SETTLEMENT

IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION
No: 2:12-md-02323 (E.D. Pa.)

## STATEMENT OF ATTORNEY'S FEES AND COSTS

### REQUEST DATE: [DATE]

### DEADLINE TO RESPOND:  [REQUEST DATE + 10]

This Statement of Attorney's Fees and Costs ("Statement") is required pursuant to the Amended Rules Governing Attorneys' Liens adopted by the District Court (Doc. No.XXXXX).  An attorney from each law firm representing a Settlement Class Member who is a Party to an Attorney's Lien Dispute must complete a Statement within 10 days after the Claims Administrator's request.

Submit the Statement to the Claims Administrator by email to ClaimsAdministrator@NFLConcussionSettlement.com and include ATTN:  NFL Liens in the subject line.

## I.   SETTLEMENT CLASS MEMBER INFORMATION

| Settlement Program ID | | | | |
|---|---|---|---|---|
| **Name** | First | | M.I. | Last |
| **Settlement Class Member Type** | | | | |
| **Primary Counsel** | | | | |

## II.   ATTORNEY'S FEES AND COSTS

| | | |
|---|---|---|
| **A.** | **Contingency Fee Percentage**<br>Fees to all Individually Retained Plaintiffs' Attorneys ("IRPAs") are capped at 22% of the Award plus reasonable costs unless the contingency fee contract reflects a lower rate or you filed a Petition for Deviation (Doc. No. 9863).  The Claims Administrator will deduct 5% of the Award for Common Benefit Fees and deposit it into the Attorneys' Fees Qualified Settlement Fund, which reduces the IRPAs' percentage to 17% (Doc. No. 10104). When you list your fee percentage on this Statement, list your full fee percentage.  We will then make the applicable 5% adjustment.  If your law firm is under a flat fee or hourly fee arrangement with the affected Settlement Class Member, indicate the total amount of fees incurred. | |
| **B.** | **Amount of Costs**<br>If you do not provide the dollar amount of your costs on this Statement, we will not withhold any funds to reimburse you for those costs, and you waive the right to seek reimbursement of those costs from the Settlement Class Member (Doc. No. XXXXX, Rule 17(b) and Doc. No. 10103). | |

**EXHIBIT B**

| III.   CERTIFICATION | | |
|---|---|---|
| By signing below, I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that all information provided in this Statement of Attorney's Fees and Costs is true and correct to the best of my knowledge, information and belief. | | |
| **Signature** | | **Date** |
| **Printed Name** | First                                      M.I.   Last | |
| **Law Firm** | | |

**EXHIBIT B**

# NFL CONCUSSION SETTLEMENT

IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION
No. 2:12-md-02323 (E.D. Pa.)

## WITHDRAWAL OF ATTORNEY'S LIEN DISPUTE

This Withdrawal Form ("Withdrawal") must be submitted to the Claims Administrator if the Parties to an Attorney's Lien Dispute reach an agreement resolving the Dispute at any time before the Magistrate Judge issues a Report and Recommendation or a final decision.  Each Party to a Dispute must submit a Withdrawal that includes:

1. The agreed amount or percentage allocation of the Monetary Award funds withheld for attorneys' fees to be paid to each Party;

2. Any costs of the current attorney as reflected in the Statement of Fees and Costs with an itemized list of those costs including a brief explanation of the purpose of incurring the costs and the date the costs were incurred;

3. Any costs of the attorney lienholder(s) as set forth in the Lien assertion(s) with an itemized list of those costs including a brief explanation of the purpose of incurring the costs and the date the costs were incurred;

4. If the Settlement Class Member is represented in the Program, the allocation of responsibility for the 5% deduction for Common Benefit Fees among the Parties, and the allocation of a refund, if any, of the 5% deduction for Common Benefit Fees among the Parties.

The Withdrawal must be approved by the Court.

## I.   SETTLEMENT CLASS MEMBER INFORMATION

| Name | First | | M.I. | Last | | |
|---|---|---|---|---|---|---|
| **Settlement Class Member Type** | | | | | | |
| **Primary Counsel** | | | | | | |
| **Address** | Street | | | | | |
| | City | | | State | | Zip |
| **Email Address** | | | | | | |

## II.   ATTORNEY LIENHOLDER INFORMATION (#1)

| Name | Full Name or Law Firm Name | | | | |
|---|---|---|---|---|---|
| **Address** | Street | | | | |
| | City | | State | | Zip |
| **Email Address** | | | | | |

**EXHIBIT C**

| III. | ATTORNEY LIENHOLDER INFORMATION (#2) (IF APPLICABLE) | | |
|------|------|------|------|
| **Name** | Full Name or Law Firm Name | | |
| **Address** | Street | | |
| | City | State | Zip |
| **Email Address** | | | |

| IV. | SUMMARY OF DISPUTE RESOLUTION | |
|------|------|------|

The Parties to the Dispute must complete the boxes below to reflect the amounts to be distributed to the Settlement Class Member or his or her attorney (if represented) and to the Attorney Lienholder(s). The total fees cannot exceed the Presumptive Fee Cap unless the Court granted a Petition for Deviation.

| | Amount or Percentage of Fees | Amount of Reasonable Costs** |
|------|------|------|
| **To be Paid to Settlement Class Member or his or her Attorney** | | |
| **To be Paid to Attorney Lienholder #1** | | |
| **To be Paid to Attorney Lienholder #2** | | |

**\*\* Costs for the current attorney or Attorney Lienholder(s) must have been provided to the Claims Administrator in the Statement of Fees and Costs and the Lien assertion(s), respectively. Each attorney must attach to this Withdrawal an itemized list of costs with a brief description of each cost and the date each cost was incurred.**

**EXHIBIT C**

The Claims Administrator is obligated to pay 5% of all Awards into the Attorneys' Fees Qualified Settlement Fund pending further order of the Court.  If and only if the Settlement Class Member is represented in the Program, explain how the Parties wish to distribute those funds or a portion thereof, if they are refunded by the Court at a future date.

| | |
|---|---|
| **Agreed Percentage of 5% Deduction to be Allocated to Settlement Class Member's Attorney** | |
| **Agreed Percentage of 5% Deduction to be Allocated to Attorney Lienholder #1** | |
| **Agreed Percentage of 5% Deduction to be Allocated to Attorney Lienholder #2** | |
| **Agreed Percentage of any Refund of 5% to be Paid to Settlement Class Member's Attorney** | |
| **Agreed Percentage of any Refund of 5% to be Paid to Attorney Lienholder #1** | |
| **Agreed Percentage of any Refund of 5% to be Paid to Attorney Lienholder #2** | |

Note:  It is understood that the Claims Administrator will pay the Parties these amounts according to the provisions of the Settlement Agreement and Court orders regarding settlement implementation.

## V.  HOW TO SERVE THIS WITHDRAWAL ON THE CLAIMS ADMINISTRATOR

| | |
|---|---|
| **By Email** | ClaimsAdministrator@NFLConcussionSettlement.com |
| **By Facsimile** | (804) 521-7299; ATTN:  NFL Liens |
| **By Mail** | NFL Concussion Settlement<br>Claims Administrator<br>P.O. Box 25369<br>Richmond, VA  23260<br>ATTN:  NFL Liens |
| **By Delivery** | NFL Concussion Settlement<br>c/o BrownGreer PLC<br>250 Rocketts Way<br>Richmond, VA  23231<br>ATTN:  NFL Liens |

www.NFLConcussionSettlement.com

**EXHIBIT C**

| VI. | HOW TO CONTACT US WITH QUESTIONS OR FOR HELP |
|---|---|

**Settlement Class Member:**  If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance.  If you are unrepresented and have any questions or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com.  If you are a lawyer, call or email your designated Firm Contact for assistance.  For more information about the Settlement Program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.

**Lienholder:**  Contact us at 1-855-877-3485 or email ClaimsAdministrator@NFLConcussionSettlement.com.  For more information about the Settlement Program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.

| VII. | SIGNATURE |
|---|---|

Both the Settlement Class Member or his or her attorney, if represented, and Attorney Lienholder(s) must submit a signed copy of this Withdrawal to the Claims Administrator.  By signing this Withdrawal, each Party certifies the following:

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the information provided in this Withdrawal is true and accurate to the best of my knowledge and that I understand that false statements made in connection with this process may result in fines, sanctions, and/or other remedy available by law.

I certify that I have/will serve a copy of this signed Withdrawal on the Claims Administrator.

By submitting this Withdrawal, I consent to the payment of the withheld funds according to the terms in Section IV.

| Signature | | Date | |
|---|---|---|---|
| **Printed Name** | First | Middle Initial | Last |
| **Law Firm** | | | |

EXHIBIT C