UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>Plaintiff's Master Administrative Long-Form Complaint and:<br><br>Plaintiff Everett Gay | **PETITION TO ESTABLISH ATTORNEY'S LIEN** |

  Comes now Petitioners, Attorney David Buckley, PLLC, The Mokaram Law Firm, Stern Law Group and Larry P. McDougal, pursuant to an executed Agreement for Legal Services come now and states as follows:

1. Petitioners are attorneys at law admitted to practice before the courts of Texas, and files this Petition to establish a lien for attorney's fees as set forth hereinafter.

2. On or about June 4, 2014, Petitioners, Attorney David Buckley, PLLC, The Mokaram Law Firm, Stern Law Group and Larry P. McDougal, were retained and employed by the Plaintiff, Everett Gay, pursuant to an agreement for legal services, to pursue a claim for injuries and damages allegedly caused by the National Football League's conduct associated with football-related concussions, head, and brain injuries.

3. The specifics of the agreement for legal services are as follows: If no recovery (by settlement or trial) is obtained, client will not owe a legal fee. If Attorney David Buckley,

    PLLC, The Mokaram Law Firm, Stern Law Group and Larry P. McDougal obtains a settlement or judgment for Client, Client will pay to the Petitioners forty percent (40%) of the gross recovery plus reimbursement of expenses.

4. When Petitioners entered into contract with Plaintiff, Petitioners entered into the risk and expense of the litigation.

5. From the date the Petitioner was authorized to proceed on behalf of the Plaintiff, the Petitioner has actively and diligently investigated, prepared, and pursued Plaintiff's claims, and has taken all steps necessary to prosecute those claims, including, but not limited to, correspondence and communications with the client, preparation and review of client's factual and legal circumstances, providing client updates, analyzing Plaintiff's medical status and need for medical testing, etc.

6. Petitioner believes that other competing lien payments, including but not limited to those for medical expenses and services, other attorney's fees and/or costs, child support, unpaid taxes, and judgment debts, may interfere with recovery of Petitioners' attorney's fees and/or costs.

7. Petitioners were not terminated due to any malfeasance or other improper action.

8. The Petitioners claim the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiff in this action.

WHEREFORE, the Petitioners pray:

1. That an attorney's lien be established;
2. That the amount of the lien be determined;

3. That the Court order that Petitioner be entitled to enforce an attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

4. That the Defendant or the Defendant's insurer be prohibited from paying to the Plaintiff any sums of money until said lien has been satisfied; and

5. For such other further relief as this Court deems just.

Dated:  October 9, 2018.

    Respectfully submitted,

    ATTORNEY DAVID BUCKLEY, PLLC

By:  */s/ David Buckley*
    David Buckley
    State Bar No. 24078281
    FED ID No. 1465981
    1811 Bering Drive Ste. 300
    Houston, TX 77057
    Tel. (713)719-9312
    Fax. (713)719-9307
    david@thebuckleylawgroup.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Petition to Establish Attorney's Lien to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the litigation.

Dated: October 9, 2018

    */s/ David Buckley*
    David Buckley