IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br>                    Plaintiffs,<br>       v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                    Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Zimmerman Reed LLP v. Walker<br>Attorney's Lien Dispute<br>(Doc. No. 6982) | |

## REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                        October 10, 2018

      Before the Court for Report and Recommendation is a Petition to Establish Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Sylvia Walker, which was filed on November 17, 2016, by Zimmerman Reed LLP ("Zimmerman"). (Doc. No. 6982). On December 7, 2017, the Claims Administrator issued a Notice of Monetary Award Claim Determination to Ms. Walker's current counsel – Robert A. Stein, Esq. ("Stein"). On September 21, 2018, Zimmerman and Stein (the "Parties") notified the Claims Administrator that they had reached an agreement for the distribution of attorneys' fees and costs, and the Parties were seeking with withdraw the Lien

Dispute (the "Withdrawal").

The District Court referred all Petitions for individual attorney's liens to this Court. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018, and amended on October 3, 2018. (Doc. Nos. 9760 and 10283). Accordingly, the Claims Administrator has referred the Lien Dispute and the Withdrawal to this Court for Report and Recommendation.

We have reviewed the Withdrawal and conclude that the costs asserted by Stein are reasonable. We further conclude that the fees sought by the Parties are collectively within the percentage allowed under the 22% Fee Cap imposed by the District Court. (Doc. No. 9863).

Accordingly, we recommend that the Withdrawal be granted and Claims Administrator be ordered to distribute the attorneys' fees and costs as is set forth in the Withdrawal submitted by the Parties.[1]

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. If any portion of those funds is later released, the Claims Administrator will ensure that it is paid pursuant to the agreed terms in the Withdrawal.

## RECOMMENDATION

**AND NOW**, this   10th   day of October, 2018, it is respectfully **RECOMMENDED** that the withdrawal of lien dispute be **GRANTED** and the Claims Administrator be ordered to distribute the attorneys' fees and costs as is set forth in the Withdrawal submitted by the Parties.

The Parties may file objections to this Report and Recommendation.  *See* Rule 25(d).


BY THE COURT:


/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE