IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                Plaintiffs,<br>v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                               Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Anapol Weiss v. Scoggins<br>Attorney's Lien Dispute<br>(Doc. No. 8110) | |

## EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                        October 16, 2018

      Before the Court is a Petition to Establish Attorney's Lien ("Lien") seeking attorney's fees from any Monetary Award to be paid to Representative Claimant, Eran Scoggins ("Scoggins"), which was filed on July 25, 2017, by Anapol Weiss ("Anapol"). (Doc. No. 8110). On October 10, 2018, during an unrecorded telephone conference, Scoggins expressed some confusion about the funds currently being held back from the Award to pay attorney's fees. We are concerned that this confusion may have come from Anapol's statement that it was seeking only 17% of the Award, and not the full 22% permitted under the presumptive fee cap established by the District Court's April 5, 2018 Order and Memorandum. (Doc Nos. 9863 and 9862, respectively). This Order will clarify what sums have been held back from Scoggins'

Award, what funds will need to continue to be held back, and how the distribution of these funds will be addressed through this Attorney's Lien dispute process.

In this litigation, two different sets of attorneys worked to achieve Settlement Class Members' Awards – Class Counsel and Individually Retained Plaintiff's Attorneys ("IRPAs"). In some cases, including this one, the IRPA is also a member of the team of attorneys designated as Class Counsel. Class Counsel is paid through the Attorneys' Fees Qualified Settlement Fund (the "ASQSF"), which was funded primarily through a payment by the NFL Parties. But Class Counsel has requested that 5% of all Awards be withheld to pay Class Counsel for work that will be performed in implementing the Settlement Agreement for the common benefit of all Settlement Class Members (the "5% Holdback Request"). This request is presently pending before the District Court.

Until the District Court rules on the 5% Holdback Request, 5% of all Awards are placed in the AFQSF. The District Court will determine what amount, if any, of the 5% Holdback Request will be paid to Class Counsel. The remaining funds will be released. It is left to us to determine what portion of these released funds will be payable to Anapol, as IRPA and Lienholder, and what portion may be released to Scoggins, as Representative Claimant.

As to the fees to be paid to Anapol, the District Court has concluded that IRPA fees may not exceed 22%. (Doc. No. 9863 at 1). The District Court has further concluded that any amount of the 5% Holdback Request that is designated to go to Class Counsel must be deducted from the fee of each IRPA. (Doc. No. 9862 at 8, n.5).[1]

At present 22% of Scoggins' Award is being withheld to pay the fees for Class Counsel

---

[1] In instances where no IRPA is seeking payment from a Settlement Class Member, the 5% Holdback will be withheld from the Settlement Class Member's Award.

and Anapol.[2] To resolve the Lien, we must determine the total amount of fees due to Anapol, including a determination of how to disburse any portion of the 5% Holdback Request not distributed to Class Counsel after the District Court rules on the 5% Holdback Request.

Anapol has not been clear about the amount that it is seeking. It appears from the pleadings that the firm is seeking the full amount available under the fee cap (22% less the amount of the 5% Holdback that may be distributed to Class Counsel). *See* Response to Statement of Dispute at 3 (stating Anapol is seeking the "fee as established by the Court"). But in these same pleadings, Anapol stated that it was seeking "17% of the Monetary Award." *See* Statement of Dispute at 4. The use of 17% as a shorthand for the 22% presumptive fee cap is inaccurate.[3] If Anapol is indeed seeking only 17% in fees, we would be required to reduce the immediate IRPA fee to a maximum of 12%, subject to the release of additional funds following the District Court's determination on the 5% Holdback Request.

If Anapol is seeking 22% of the Award, with a reduction for any further disbursements to be paid to Class Counsel, it must say so. Accordingly, it is hereby **ORDERED** that Anapol shall clarify its position in a written communication to the Court and Scoggins **by October 19, 2018.**

---

[2] Because the Lien originally sought 23% of the total Award, the Claims Administrator withheld that amount. (Doc. No. 8110 at 5). When the fee cap was imposed, the Lien was reduced to 22%. As a result, 1% of the Award was released to Scoggins as part of a Lien refund payment on July 2, 2018.

[3] Anapol's Lien recognized this two-step analysis, stating that the Lien was for "23% of an award for payment of attorneys['] fees which includes the 5% hold back for future work on settlement implementation." (Doc. No. 8110 at 5). We do not understand why Anapol has chosen to characterize the Lien differently following the establishment of the presumptive fee cap.

BY THE COURT:

_____
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE