# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | MDL No. 2323 |
| THIS DOCUMENT RELATES TO: | **Hon. Anita B. Brody** |
| *A.H., a minor, by her guardian and parent Shayanna Jenkins Hernandez v. National Football League, et al.* | No. 2:18-cv-00464-AB |

## RIDDELL'S[1] OPPOSITION AND JOINDER IN THE NFL DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND INCORPORATED MEMORANDUM OF LAW

Riddell joins in the NFL defendants'[2] opposition to the plaintiff's motion to remand, as well as the NFL defendants' September 13, 2018 letter explaining why the supplemental authority the plaintiff cited is unhelpful.[3] In short, for the reasons addressed in the NFL defendants' opposition, federal-question jurisdiction exists here because section 301 of the Labor Management

---

[1] For convenience only, "Riddell" refers collectively to the following defendants: Riddell, Inc., All American Sports Corporation, Riddell Sports Group, Inc., BRG Sports, Inc. (f/k/a Easton-Bell Sports, Inc.), BRG Sports, LLC (f/k/a Easton-Bell Sports, LLC), EB Sports Corp., and BRG Sports Holdings Corp. (f/k/a RBG Holdings Corp.).

[2] The "NFL defendants" refers to the National Football League, the National Football League Foundation, and NFL Properties, LLC.

[3] The plaintiff's September 6, 2018 letter addressed the Ninth Circuit's recent decision in *Dent v. National Football League*, No. 15-15143 (9th Cir. Sept. 6, 2018), as supplemental authority purportedly in support of remand. (Sohn Letter, Sept. 2, 2018, ECF No. 10250.) The NFL defendants responded by their September 13, 2018 letter, which explained how *Dent* is inapplicable here because, among other reasons, *Dent* included claims based on alleged violation of federal and state statutes rather than common law negligence and fraud claims. (Birenboim Letter, Sept. 13, 2018, ECF No. 10257.) The Riddell defendants join in the NFL's arguments in their letter.

Relations Act (LMRA), 29 U.S.C. section 185, controls and preempts the plaintiff's claims against the NFL defendants. There is supplemental jurisdiction over any remaining claims—including claims against Riddell—as noted in the NFL's removal filings. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348 (1988); *see also* 28 U.S.C. § 1367; *Duerson v Nat'l Football League, Inc*., No. 12 C 2513, 2012 WL 1658353, at *6 (N.D. Ill. May 11, 2012); (NFL's Notice of Removal, No. 17-cv-12244, (D. Mass. Nov. 14, 2017), ECF No. 1-2).[4]

For those reasons, Riddell respectfully requests that the Court deny the plaintiff's motion to remand.

Dated: October 16, 2018                    Respectfully submitted,

                                            */s/ Paul G. Cereghini*
                                            Paul G. Cereghini
                                            Thomas C. Howard
                                            BOWMAN AND BROOKE LLP
                                            2901 N. Central Avenue, Suite 1600
                                            Phoenix, AZ  85012
                                            Telephone: (602) 643-2300
                                            Facsimile: (602) 248-0947
                                            paul.cereghini@bowmanandbrooke.com
                                            thomas.howard@bowmanandbrooke.com

                                            Robert L. Wise
                                            Eden M. Darrell
                                            BOWMAN AND BROOKE LLP
                                            901 East Byrd Street, Suite 1650
                                            Richmond, VA  23219
                                            Telephone: (804) 649-8200
                                            Facsimile: (804) 649-1762

---

[4] Once the Court denies Hernandez's remand motion, her action would join the rest of the MDL plaintiffs as superseded by the Second Amended Master Administrative Long-Form Complaint against the Riddell Defendants (SAMAC-Riddell), ECF No. 8927, along with her accompanying short-form complaint. Were Hernandez's claims against the NFL defendants dismissed or otherwise disposed of, there would remain multiple bases for continuing subject-matter jurisdiction with respect to the claims against the Riddell defendants, which bases Riddell has addressed in opposing remand sought by other MDL plaintiffs. (Riddell's Consol. Br. in Opp'n to Various Movants' Motions to Remand, ECF No. 9572.) Riddell reserves the right to assert any or all of those bases with respect to plaintiff Hernandez's claims as well, if and when necessary.

rob.wise@bowmanandbrooke.com
eden.darrell@bowmanandbrooke.com

Thomas P. Wagner
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
2000 Market Street, Suite 2300
Philadelphia, PA  19103
Telephone: (215) 575-4562
Facsimile: (215) 575-0856
tpwagner@mdwcg.com

Attorneys for Defendants

CERTIFICATE OF SERVICE

The undersigned certifies that on October 16, 2018, the foregoing Riddell's Opposition and Joinder in the NFL Defendants' Opposition to Plaintiff's Motion to Remand and Incorporated Memorandum of Law was electronically filed and served via ECF on all counsel of record registered to receive service via the Court's CM/ECF system.

 /s/ Paul G. Cereghini