**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                Plaintiffs,<br>   v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Hausfeld LLP v. Irvin<br>Attorney's Lien Dispute<br>(Doc. No. 7413) | |

## EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                              November 26, 2018

      Before the Court is a Petition to Establish Attorney's Lien ("Lien") seeking attorneys' fees and costs from any Monetary Claim to be paid to Settlement Class Member Darrell Irvin, which was filed on March 30, 2017, by Hausfeld LLP ("Hausfeld"). (Doc. No. 7413). On December 18, 2017, the Claims Administrator issued a Notice of Lien to Mr. Irvin's current counsel – Mitnick Law Office LLC ("Mitnick"). On April 16, 2018, the Claims Administrator issued a Post-Appeal Notice of Monetary Award Claim Determination.

      The District Court referred all Petitions for individual attorneys' liens to this Court. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018, and

amended on October 3, 2018. (Doc. Nos. 9760 and 10283). Pursuant to Rule 12, Mitnick and Hausfeld (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this Dispute. On November 20, 2018, the Court was notified that the Parties' have consented to jurisdiction by a Magistrate Judge. (Doc. No. 10344). Accordingly, this Opinion will serve as the final decision of the Court.

On November 13, 2018, pursuant to Rule 24, the Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal"). The signed agreement clearly indicates the percentage of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future. Upon review of the Withdrawal, the contingency fee agreement, the list of itemized costs submitted by Hausfeld, and in consideration of the Presumptive Fee Cap imposed by the District Court (Doc. No. 9863), we conclude that Hausfeld is entitled to the costs asserted. We further conclude that the attorneys' fees to be paid to each firm are reasonable, and collectively within the percentage allowed under the 22% Presumptive Fee Cap.

Accordingly, we conclude that the Withdrawal shall be granted, and Claims Administrator is ordered to distribute the attorneys' fees and costs to Hausfeld and the attorneys' fees to Mitnick, as was set forth in the Withdrawal.[1]

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

**AND NOW**, this 26th day of November , 2018, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and

2. The Claims Administrator is **ORDERED** to disburse the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE