## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br><br>                              Plaintiffs,<br><br>                  v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                              Defendants. | Civ. Action No.:  14-cv-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## ORDER APPOINTING SPECIAL INVESTIGATOR

- On November 13, 2017, this Court ordered that "an investigator will be appointed . . . as needed, to look into possible fraudulent claims" (ECF No. 8926).

- By motion dated April 13, 2018, the National Football League and NFL Properties LLC (together, the "NFL Parties") moved for the appointment of a Special Investigator, pursuant to Federal Rule of Civil Procedure 53, to assist the Court, the Special Masters and the Claims Administrator in investigating the submission of possibly fraudulent claims to the NFL Concussion Settlement Program (ECF No. 9880).

- On July 18, 2018, this Court issued a Notice stating that the Court would defer decision on the NFL Parties' motion until such time that the Claims Administrator or the Special

1

Masters alerted the Court that a Special Investigator was necessary to faithfully implement the Settlement Agreement (ECF No. 10144).

- On September 12, 2018, following a request by the Special Masters for the appointment of a Special Investigator, this Court granted the NFL Parties' motion and stated that the Court would appoint a Special Investigator to serve under the direction of the Special Masters (ECF No. 10255).

- After consultation with the Parties and careful evaluation of the matter at hand, the Court appoints the Honorable Lawrence F. Stengel (Ret.) as Special Investigator in *In re National Football League Players' Concussion Injury Litigation* (Case No. 12-md-2323). The Court gave the Parties notice and the opportunity to be heard regarding the appointment of Judge Stengel ("Special Investigator") pursuant to Fed. R. Civ. P. 53(a)(1)(A) and (C). The Parties have consented to the Court's appointment of Judge Stengel.

- Pursuant to Fed. R. Civ. P. 53(b)(3)(A), Judge Stengel has filed an affidavit stating that no grounds exist for disqualification. The affidavit is attached to this Order.

- The appointment of an independent, Court-appointed Special Investigator is appropriate to ensure the integrity of the NFL Concussion Settlement Program for the benefit of the Parties and the public, to ensure the efficient processing of valid claims, and to facilitate the imposition of appropriate sanctions if wrongdoing is found. At the same time, the Court recognizes that appointing a Special Investigator has the potential to chill participation in the claims process by Settlement Class Members, physicians, and attorneys. Taking these considerations into account, the Special Investigator's authority and scope of work is delineated as set forth below.

2

## I.   GENERAL AUTHORITY OF THE SPECIAL INVESTIGATOR

o   Under Rule 53 and at the direction of the Special Masters, the Special Investigator has the authority to conduct investigations and make recommendations to the Special Masters, in order to assist them in faithfully implementing the Settlement Agreement, and specifically Section 10.3(i) of that Agreement.[1]

o   The Special Investigator serves under the authority of the Court, at the direction of the Special Masters.

o   To carry out investigations at the direction of the Special Masters, the Special Investigator is authorized to exercise the full authority permitted under Rule 53, including, but not limited to, the power to issue subpoenas, compel and take testimony under oath and/or conduct any additional discovery pursuant to Rule 45.

o   The Special Investigator must file any reports, recommendations or other materials directly with the Special Masters unless otherwise directed by the Court.

## II.   AUTHORIZATION TO CONDUCT INVESTIGATIONS

o   The Special Investigator's work will focus on the role of attorneys or healthcare professionals involved in the submission of potentially fraudulent claims for which the Qualifying Diagnosis was rendered prior to the Effective Date (hereinafter referred to as "matters within the scope of investigation").

o   Investigation into a certain matter will only be authorized at the discretion of the Special Masters.

---

[1] This provision gives the Special Masters the authority to review and investigate potentially fraudulent claims, and to recommend appropriate remedies and sanctions.

o **Authorization to Investigate Matters Within the Scope of Investigation:** The Special Masters may authorize the Special Investigator to investigate matters within the scope of investigation either by the Special Masters' own initiative or upon consideration of any request of Co-Lead Class Counsel, Counsel for the NFL Parties, and/or the Claims Administrator.

o **Authorization to Investigate Matters Outside the Scope of Investigation:** Under certain circumstances, where the integrity of the Settlement Agreement may be impugned, the Special Masters may authorize the Special Investigator to investigate matters outside the scope of investigation.

- The Special Masters may authorize the Special Investigator to investigate claims in which the Qualifying Diagnosis was rendered by a current Qualified MAF Physician and/or BAP Provider upon a request and initial showing by Co-Lead Class Counsel, Counsel for the NFL Parties, and/or the Claims Administrator that the Physician or Provider made an intentional misrepresentation, omission, or concealment.

- The Special Masters may authorize the Special Investigator to investigate an individual Settlement Class Member for actions impugning the integrity of the Settlement Agreement (e.g., recruiting others to engage in fraud; submitting a fraudulent claim) upon a request and a good cause showing by Co-Lead Class Counsel, Counsel for the NFL Parties, and/or the Claims Administrator.

o **Review of the Special Masters' Authorizations of Investigations:** If Co-Lead Class Counsel or Counsel for the NFL Parties objects to the Special Masters' decision on whether to authorize an investigation of a certain matter, the party may request that the

4

Special Masters convene an informal conversation with the Court to resolve the objection.

### III.   COMMUNICATIONS WITH PARTIES AND THE COURT

o   The Special Investigator will perform his duties independent of the Parties and will report directly to, and take direction from, the Special Masters and the Court.

o   The Special Investigator must provide a confidential status update to the Special Masters at least monthly, and to the Court on at least a quarterly basis.

o   The Special Investigator is authorized to work in consultation with the Claims Administrator and accordingly is authorized to communicate ex parte with the Claims Administrator.

o   If the Special Investigator deems ex parte communication with any of the Parties to be necessary in the investigation of a given matter, he will consult with the Special Masters before engaging in such communication.

### IV.   SPECIAL INVESTIGATOR FEES

o   Pursuant to Fed. R. Civ. P. 53(a)(3), the Court has considered the fairness of imposing the expenses associated with the Special Investigator on the Parties, and has taken steps to ensure that there will not be unreasonable expense or delay associated with this procedure.

o   Pursuant to Fed. R. Civ. P. 53(g), the Special Investigator's compensation will be a fixed hourly rate to be approved by the Court, after consultation with Counsel for the NFL Parties and Co-Lead Class Counsel, in addition to reasonable out-of-pocket costs and expenses incurred as a result of the performance of his responsibilities.

o   The Court may alter the basis and terms of compensation with the consent of Counsel for the NFL Parties and Co-Lead Class Counsel.

o   The Special Investigator must submit actual fees (based on the Court-approved hourly rate) and expenses incurred to the Court, Special Masters, Counsel for the NFL Parties and Co-Lead Class Counsel on a monthly basis, and must describe with reasonable specificity the work performed.

o   Upon approval by the Special Masters, these fees and expenses shall be paid out of the Monetary Award Fund.[2]

## V.   SUPPORTING INVESTIGATORS

o   The Special Investigator may retain an investigative firm and/or other staffing ("Supporting Investigators") to provide investigative support, after consultation with the Special Masters and Counsel for the NFL Parties and Co-Lead Class Counsel.

o   The Court must be informed of the entities and individuals serving under the auspices of this order.

o   The Special Investigator may negotiate appropriate and reasonable fees for Supporting Investigators, subject to the approval of the Special Masters after consultation with Counsel for the NFL Parties and Co-Lead Class Counsel.  All such fees and reasonable out-of-pocket costs and expenses shall be paid out of the Monetary Award Fund.

## VI.   OTHER TERMS

o   The term of the Special Investigator is one year from the date of this Order, subject to appropriate extensions of the term by the Court.

---

[2] The Special Investigator's compensation will not affect the amount of funds available to compensate Settlement Class Members because the Monetary Award Fund is uncapped.

o The Special Investigator and any Supporting Investigators have immunity in the performance of work conducted pursuant to this Order, except with respect to any willful misconduct. No person or entity has the right to institute any action against the Special Investigator or any Supporting Investigators for any matter covered by this immunity, except with respect to willful misconduct.

o This Court retains continuing and exclusive jurisdiction over the interpretation, implementation, and enforcement of this Order.

And now, this _16_ day of December, 2018, pursuant to Federal Rule of Civil Procedure 53 and in accordance with the Order of September 12, 2018 granting the request for appointment of a Special Investigator in this matter, **IT IS ORDERED** that the Honorable Lawrence Stengel (Ret.), former Chief Judge for the United States District Court for the Eastern District of Pennsylvania, is appointed Special Investigator, according to the terms outlined above.

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:            Copies **MAILED** on ____ to:

O:\ABB 2018\L-Z\NFL Special Investigator Order_ FINAL.docx

7

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **Hon. Anita B. Brody** |

## SPECIAL MASTER AFFIDAVIT

Judge Lawrence F. Stengel, being duly sworn, deposes and states as follows:

1. I understand that the Honorable Anita B. Brody (U.S.D.C., E.D. Pa.) intends to appoint me as a special investigator in the case of *In Re: National Football League Players' Concussion Injury Litigation*, Civil Action No. 2:12-md-02323-AB.

2. I am submitting this Affidavit in accordance with Federal Rule of Civil Procedure 53(b)(3)(A).

3. I have familiarized myself with the issues and parties involved in the case.

4. I hereby confirm that I do not have a relationship to any of the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455.

Lawrence F. Stengel

Sworn before me and subscribed in my presence this 6th of December, 2018.

Notary Public

Commonwealth of Pennsylvania - Notary Seal
Mary Yvonne Crouse, Notary Public
Lancaster County
My commission expires April 13, 2022
Commission number 1322875