**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>           Plaintiffs,<br> v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>           Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Anapol Weiss v. Scoggins<br>Attorney's Lien Dispute<br>(Doc. No. 8110) | |

**EXPLANATION AND ORDER**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE          December   14, 2018

  Before the Court is a Petition to Establish Attorney's Lien ("Lien") seeking attorney's fees from any Monetary Award to be paid to Representative Claimant, Eran Scoggins ("Scoggins"), which was filed on July 25, 2017, by Anapol Weiss ("Anapol").  (Doc. No. 8110).  On July 26, 2017, the Claims Administrator issued a Notice of Lien to Scoggins.  On June 13, 2017, the Claims Administrator issued a Notice of Monetary Award Claim Determination.

  The District Court referred all Petitions for individual attorney's liens to this Court.  (Doc. No. 7746).  Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018.  (Doc. Nos. 9760 and 10283).  Pursuant to Rule 12, Scoggins and Anapol (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a

final Order to resolve this Dispute.  On September 17, 2018, the Court was notified that the Parties' have consented to jurisdiction by a Magistrate Judge.  (Doc. No. 10259).  Accordingly, this Opinion will serve as the final decision of the Court.

Following a Settlement Conference presided over by Magistrate Judge Thomas J. Rueter, this Attorney Lien Dispute has been resolved to the satisfaction of the Parties and a Withdrawal of Lien Dispute ("Withdrawal") has been submitted to this Court.  Having reviewed the Record, we are also satisfied that the Withdrawal is a reasonable resolution of this matter.

Accordingly, we conclude that the Withdrawal shall be granted, and the Claims Administrator is ordered to distribute the funds to Scoggins and Anapol as was set forth in the Withdrawal.[1]

**AND NOW**, this 14th    day of  December , 2018, it is **ORDERED** that:

1.  The Withdrawal of Attorney's Lien Dispute is **GRANTED**; and

2.  The Claims Administrator is **ORDERED** to disburse the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court.  The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.