IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>　　　　　　　　　Defendants. | Civil Action No. 12-1623 |
| THIS DOCUMENT RELATES TO:<br><br>Locks Law Firm v. Steven Hamilton Attorney's Lien Dispute<br>(Doc. No. 8423) | |

## REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                December 14, 2018

  Before the Court for Report and Recommendation is a Petition to Establish Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Steven Hamilton, which was filed at Civil Action No. 12-1623, Doc. No. 78, on July 21, 2017 by Locks Law Firm ("Locks"). (Doc. No. 8423). On March 30, 2018, the Claims Administrator issued a Notice of Lien to Mr. Hamilton's current counsel, Berkowitz and Hanna LLC ("Berkowitz"). On September 25, 2018, the Claims Administrator issued a Notice of Monetary Award Claim Determination.

  The District Court referred all Petitions for individual attorney's liens to this Court. (Doc.

No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283). Accordingly, the Claims Administrator has referred the Lien Dispute and the Withdrawal to this Court for Report and Recommendation.

On November 29, 2018, pursuant to Rule 24, the Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal"). The signed agreement clearly indicates the percentage of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future. Upon review of the Withdrawal, the contingency fee agreement, the list of itemized costs submitted by Berkowitz, and in consideration of the Presumptive Fee Cap imposed by the District Court (Doc. No. 9863), we conclude that Berkowitz is entitled to the costs asserted. We further conclude that the fees to be paid to each firm are reasonable and collectively within the percentage allowed under the 22% Presumptive Fee Cap.

Accordingly, we conclude that the Withdrawal is granted and the Claims Administrator is ordered to distribute the attorneys' fees and costs to Berkowitz and the attorneys' fees to Locks, as was set forth in the Withdrawal.[1]

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

## RECOMMENDATION

**AND NOW**, this 14th day of December, 2018, it is respectfully **RECOMMENDED** that the withdrawal of lien dispute be **GRANTED** and the Claims Administrator be ordered to distribute the attorneys' fees and costs as is set forth in the Withdrawal submitted by the Parties.

The Parties may file objections to this Report and Recommendation.  *See* Rule 25(d).

BY THE COURT:


/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE