UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Case No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>   Plaintiffs,<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>   Defendants. | **Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**NOTICE OF JOINDER AND JOINT MOTION FOR CLARIFICATION AND REQUEST TO PARTICIPATE ON A LIMITED BASIS**

X1Law, P.A. and Cohen & Malad, LLP join Podhurst Orseck, P.A.'s Motion (the "Motion") for Clarification and for Leave to Participate in the January 10, 2019 Hearing (ECF No. 10364), and file their own Joint Motion for Clarification and Request to Participate on a Limited Basis, and in support states as follows:

1. X1Law and Cohen & Malad join Podhurst Orseck's Motion to the extent the Motion and relief requested applies to each firm's client respectively.

2. X1Law and Cohen & Malad further respectfully seek clarification concerning the scope of who was provided notice, included in the process and permitted to brief the issues regarding the "generally consistent" standard (the "Generally Consistent Standard") provided

under the Settlement Agreement. As indicated by Podhurst Orseck, the record transmitted by the Claims Administrator to the Court in connection with the Court's Order (ECF No. 10361) setting the January 10, 2019 hearing on the NFL Parties' appeal of the Special Master's denial of the NFL's objection to the Special Master's determination that certain diagnoses made outside the Baseline Assessment Program were supported by medical evidence "generally consistent" with the criteria set forth in the Settlement Agreement (the "NFL's Appeal") did not include Podhurst Orseck's brief.

3. X1Law and Cohen & Malad both represent numerous Retired NFL players whose Claims are affected by the manner in which the Generally Consistent Standard is applied to their Claims by the AAP and Claims Administrator. For example, X1Law represents Settlement Class member 100016955 who received a Notice of Monetary Award based on a diagnosis made by a Qualified MAF Physician, which was confirmed by the Claims Administrator, appealed by the NFL and affirmed on appeal by the Special Master. The NFL and/or Claims Administrator framed the issue as whether the AAP is required to review all claims regarding medical issues, rather than as challenging the Generally Consistent Standard. However, at the center is how the AAP is instructed regarding what Generally Consistent means and the proper application of the Generally Consistent Standard.

4. The same is true for X1Law Settlement Class members 100009449 and 100016518, who were both diagnosed by a Qualified MAF Physician and whose claims were approved by the claims Administrator, appealed by the NFL and reversed in favor of the NFL because the AAP strictly applies Generally Consistent as if it meant "the same as" the BAP. The instructions to the AAP regarding what Generally Consistent means and how it is applied significantly affect the Class.

5.  In addition, the Generally Consistent Standard is not limited solely to post-effective date MAF Claims. Any determination regarding the application or definition of the Generally Consistent Standard will affect all Claimants who received a Qualifying Diagnosis other than through the BAP. As such, pre-effective date claims are similarly affected by any determination of what Generally Consistent means and how it is applied. Simply stating that Generally Consistent means that something is more alike than not alike not only fails to account for the nuances and complexity of dementia in any meaningful way, but also creates a wholly subjective standard regarding the analysis by which criteria is determined to be alike (or not alike).

6.  X1Law first addressed the meaning and application of the Generally Consistent Standard on August 15, 2017 in its Motion to Determine Proper Administration of Claims Under the Settlement Agreement and Incorporated Memorandum of Law [ECF No. 8267] (the "8/15/17 Motion"). *See* ECF No. 8267, ¶¶ 13, 14, 18 and 29-33. However, unlike Podhurst Orseck, neither X1Law or Cohen & Malad was provided notice of the NFL's Appeal regarding the Generally Consistent Standard or allowed to participate in the process or brief the issue despite having filed and briefed the 8/15/17 Motion.

7.  The changes to the Generally Consistent Standard proposed by the NFL amount to an amendment to the Settlement Agreement that alters material rights, and any such amendment requires specific notice requirements and an opportunity to be heard[1] as provided by the Federal

---

1 *See In re Diet Drugs, Sales Practices & Prods. Liab. Litig.* MDL 1203, 226 F.Supp.2d 498 (E.D. Pa. March 15, 2005) ("Reasonable notice combined with an opportunity to be heard and withdraw from the class satisfy the due process requirements of the Fifth Amendment. … In addition, in a settlement class maintained under Rule 23(b)(3), class notice must meet the requirements of both Federal Rules of Civil Procedure 23(c)(2) and 23(e). Under Rule 23(c)(2), notice to the class must be "the best practicable notice under the circumstances, including individual notice to all members who can be identified through reasonable effort. The Rule also requires that the notice indicate an opportunity to opt out, that the judgment will bind all class members who do not opt out and that any member who does not opt out may appear through counsel. Rule 23(e) requires that notice of a proposed settlement must inform class members: (1) of the nature of the pending litigation; (2) of the settlement's general terms; (3) that complete information is available from the court files; and (4) that any class member may appear and be heard at the Fairness Hearing [citations omitted]"). *See also In re Diet Drugs Prods. Liability Litig.,* No. 99–20593, 2010 WL 2735414, at *6 (E.D.Pa. July 2, 2010) (in MDL where notice of Tenth Amendment to Settlement Agreement and opportunity

Rules and applicable law.  By requiring pre-existing corroborating documentary evidence and reading "generally consistent with" to mean "exactly the same as" BAP requirements, the AAP member has significantly narrowed, and for some class members eliminated, a path to qualify for a Monetary Award.  By creating additional proof standards affected Class Members will lose their ability to prove a Claim.

8. Moreover, this exact issue was raised in *In re Deepwater Horizon*, 858 F.3d 298 (5th Cir. 2017) (attached as Exhibit B).  In BP, the claims administrator was charged with administering claims relative to the BP oil spill.  Pursuant to the settlement agreement, each claimant had the right to choose its own post-spill compensation period, as long as it was a consecutive three-month period in 2010.  *See id.* at 301.  The claims administrator was to use this post-spill compensation period and subtract it from the same pre-spill period to arrive at the amount of damages owed to each claimant.  *Id.*  An issue arose, however, because not all financial documents submitted showed income and expenses that occurred during the same months.  *Id.*  Rather, sometimes income was received or expenses were incurred outside of the three-measuring months, and this resulted in the claimed damages being inflated.  *Id.*

9. The Court held that the claims administrator's actions to "move, smooth, or otherwise reallocate revenue" and ensure that "damages are awarded to those who have suffered real losses" was improper:

> This may well be a fairer alternative.  But it cannot be implemented, because it is inconsistent with the plain text of the Settlement Agreement.

*See id.* at 303.

---

to object was provided to class, Court approved amendment as fair, adequate and reasonable); *In re Baby Prods. Antitrust Litig.,* 708 F.3d 163, 175 n. 10, 182 (3d Cir.2013) (held, among other things, that "supplemental notice should be provided to the class if the settlement is materially altered on remand").

10. Allowing the NFL, AAP or Claims Administrator to rewrite or implement the Settlement Agreement without seeking or gaining the approval of the Claimants, in a manner which was "not the agreement that the parties entered into" is the same issue addressed by the BP Court. Accordingly, the Court should refuse to "re-write the settlement agreement." *Id.* at 304.

11. X1Law and Cohen & Malad respectfully seek leave to participate in the hearing on a limited basis, and if appropriate, to address how any case-specific, factual issues relating to the Affected Settlement Class Members may bear materially on arguments raised by NFL or Co- Lead Class Counsel or by the Court's questions. Since any determinations regarding the Generally Consistent Standard are so broad in reach and will affect Retired NFL Players who are being represented in their individual claims by X1Law and Cohen & Malad, and the evaluation of their fact-bound diagnoses are directly implicated by the NFL's Appeal, X1Law should be permitted the opportunity to appear and be granted leave to address the above issues at the hearing.

WHEREFORE, X1Law and Cohen & Malad respectfully request that the Court clarify the issues raised above and that each firm be granted leave to participate, as appropriate, for a limited purpose at the January 10, 2019 hearing.

Dated: January 7, 2019

                      Respectfully Submitted,

Attorneys for Plaintiffs/Movants

| Patrick J. Tighe | |
|---|---|
| Attorneys for Plaintiffs | LOREN & KEAN LAW |
| X1LAW, P.A.f/k/a Patrick J. Tighe, P.A. | 7111 Fairway Drive, Suite 302 |
| 721 US Highway 1, Ste 121 | Palm Beach Gardens, FL 33418 |
| North Palm Beach, FL 33408 | Phone: 561-615-5701 |
| Phone: 561-537-3319 | Fax: 561-615-5708 |
| Fax: 561-537-7193 | mstjacques@lorenkeanlaw.com |
| Pat@X1LAW.com | Florida Bar No. 0783471 |
| Florida Bar No. 568155 | |

                                                *s/ Michael St. Jacques*
                                                Michael G. St. Jacques, II

                                                COHEN & MALAD, LLP
                                                One Indiana Square, Suite 1400
                                                Indianapolis, Indiana 46204
                                                Daniel S. Chamberlain, Esq.
                                                Phone: 317-636-6481
                                                Fax: 317-636-2593
                                                dchamberlain@cohenandmalad.com
                                                Indiana Attorney No. 16375-49

                                                *s/ Daniel Chamberlain*
                                                Daniel S. Chamberlain

## **CERTIFICATE OF SERVICE**

     I hereby certify that on January 7, 2019, the foregoing document was electronically filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, and that the filing is available for downloading and viewing from the electronic court filing system by counsel for all parties.

                                                **LOREN & KEAN LAW**

                                                ***s/ Michael St. Jacques***
                                                **MICHAEL G. ST. JACQUES, II**