IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br>                                Plaintiffs,<br>            v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                                Defendants. | **Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**EXPLANATION AND ORDER**

On April 5, 2018, I issued a Memorandum Opinion approving a common fund to be used to pay Class Counsel for securing and implementing the Settlement Agreement. ECF No. 9860.[1] I have already allocated payment to Class Counsel for their work in securing the Settlement Agreement. ECF No. 10019. On July 10, 2018, Class Counsel filed a petition seeking payment for class benefit work done between January 7, 2017 (the Effective Date of the Settlement) and May 24, 2018. ECF 10128 (the "First Verified Petition").[2] For the reasons set forth below, I

---

[1] The Settlement Agreement allowed for a reduction of individual Awards by up to 5% to pay implementation fees to Class Counsel. In my April 5, 2018 opinion, I indicated that I believed a determination of the need for additional funds was premature at this time. In an abundance of caution, I have instructed the Claims Administrator to hold 5% of all Awards in reserve. I will revisit Class Counsel's request for additional funds to be paid from that holdback at a later date.

[2] This Petition was submitted at my request. *See* ECF 10019 at 25.

1

grant the petition in part, allocating $9,381,961.06 of common benefit fund to pay attorney fees and expenses in this first phase of implementation of the Settlement Agreement.

**I.      Discussion**

This case began as an aggregation of lawsuits brought by former Players against the NFL Parties for head injuries sustained while playing NFL football.  The Settlement was secured through negotiations that were supported by a creative legal framework that survived rigorous appellate challenge.  The details of the work performed by class counsel to secure this Settlement Agreement are set forth more fully in my prior opinions.

Class Counsel's First Verified Petition relates to work performed in the implementation of the Settlement Agreement from January 7, 2017 through May 24, 2018.  As was expected, implementation efforts have been time-intensive.  Class Counsel's Petition provides an excellent summary of the work that has been essential for the success of this Settlement Agreement, and it will not be restated in full here.  Instead, I will briefly describe the work performed by each law firm seeking payment.

The objector urges me to delay in paying Class Benefit attorneys for the work they have performed.  They suggest that the amount of work performed in this first year of implementation is unexpected.  The objector is wrong.  As I already have already explained, the Parties knew that the bulk of the work to implement the settlement would occur in the early years of the 65 year agreement.  ECF No. 9860 at 17-18.  In addition to that substantial work, Class Counsel have been called upon to represent the class in clashes with predatory lenders and in ensuring that instances of fraud against the fund are properly reviewed and resolved.  I was fully aware of this when I asked Co-lead Class Counsel to submit this fee petition.  Class Counsel's representation of the Class has been invaluable.  Payment for these services is appropriate at this time.

*Calculation of the Fee*

Class Counsel's fees are based on a straight loadstar calculation, using the billing rates that I previously determined were reasonable. ECF No. 10019 at 7, n. 4 (listing rates); 25 (ordering counsel to use these rates in future fee petitions). The rates are blended rates for partners, of counsel, associates, staff attorneys and contract attorneys, and paralegals.[3]

Early in this litigation, the Plaintiffs' Executive and Steering Committees established protocol's for time and expense reporting, which I approved in Case Management Order #5 ("CMO-5"). ECF No. 3710. I have asked Co-Lead Class Counsel to review the bills submitted by each law firm prior to its submission for reasonableness and for their compliance with CMO-5. Co-Lead Class Counsel worked with each of the other law firms that submitted Common Benefit time and expenses for work done from the Effective Date through May 24, 2018. After the submissions were reviewed and necessary revisions made, the itemized statements were submitted to me for *in camera* review.

I have determined that the time submitted was for work done in advancing the benefit of the class, the work was done with appropriate efficiency, and the fee request submitted was reasonable. In some minor instances, I have determined that, pursuant to Case Management Order #5, certain time was submitted in error. I have adjusted the submitted time accordingly, as is noted below.

---

[3] The approved billing rates are as follows: $758.35 (for partners); $692.50 (for attorneys who are of counsel); $486.67 (for associates); $537.50 (for contract attorneys); and $260.00 (for paralegals).

*The Firm-by-firm Fee Requests*

I will address each firm in Co-Lead Class Counsel's fee petition in alphabetical order, setting out the amount of the requested allocation and a brief description of any adjustment that I determined was necessary.

**1. Anapol Weiss.**

Anapol Weiss has submitted a request for $104,424.80 in fees[4] and $161,310.17 in expenses. The firm performed a wide range of services for the Class in this time period. Primarily, the firm aided in the selection of doctors for the Physician Networks necessary for the implementation of the Settlement Agreement and worked on certain matters relating to interpretation of the Settlement Agreement. In review of the itemized bill submitted, I identified some entries that were not properly included under the restrictions defined by CMO-5, which appear to have been included in error.

I conclude that the firm is entitled to payment for 134.6 hours of work performed by partners for a total of $102,073.91. I also approve the request for $161,310.17 in expenses.

**2. The Brad Sohn Law Firm**

Brad Sohn has submitted a request for $29,120.64 in fees.[5] Mr. Sohn worked with Seeger Weiss litigating the definition of "eligible season" in the Settlement Agreement. I have reviewed the itemized bill submitted and found the entries consistent with the rigors set forth in CMO-5.

I approve the request for $29,120.64 in fees.

---

[4] The request was based on 137.7 hours of work performed by partners at the firm.

[5] The request was based on 38.4 hours of work performed by partners at the firm.

3. **Levin Sedran & Berman**.

Levin Sedran & Berman has submitted a request for $55,587.05 in fees[6] and $406.87 in expenses. The firm worked with Seeger Weiss in the litigation related to third-party funders. In review of the itemized bill submitted, I identified some entries that were not properly included under the restrictions defined by CMO-5, which appear to have been included in error.

I conclude that the firm is entitled to payment for 62 hours of work performed by partners and 2.3 hours of work performed by an attorney who is of counsel for a total of $48,610.45. I also approve the request for $406.87 in expenses.

4. **Locks Law Firm.**

The Locks Law Firm has submitted a request for $508,094.50 in fees.[7] The firm performed a wide range of services for the class in this time period. Primarily, the firm aided in the selection of doctors for the Physician Networks necessary for the implementation of the Settlement Agreement, worked on certain matters relating to interpretation of the Settlement Agreement, and matters relating to third-party funders. In review of the itemized bill submitted, I identified some entries that were not properly included under the restrictions defined by CMO-5, which appear to have been included in error.

I conclude that the firm is entitled to payment for 662.5 hours of work performed by partners for a total of $502,406.88.

---

[6] The request was based on 71 hours of work performed by partners at the firm and 2.3 hours of work performed by an attorney who is of counsel.

[7] The request was based on 670 hours of work performed by partners at the firm.

### 5. NastLaw.

NastLaw has submitted a request for $49,251.77 in fees[8] and $1,422.74 in expenses. The firm provided assistance in early phase implementation protocols and aided in the drafting of certain responses. I have reviewed the itemized bill submitted and found the entries consistent with the rigors set forth in CMO-5.

I approve the request for $49,251.77 in fees and $1,422.74 in expenses

### 6. Podhurst Orseck.

Podhurst Orseck has submitted a request for $173,313.42 in fees[9] and $18,062.98 in expenses. The firm worked performed a wide range of services for the class in this time period. Primarily, the firm aided in the selection of doctors for the Physician Networks necessary for the implementation of the Settlement Agreement, worked on issued related to the NFL's request for a Special Investigator, and worked on certain matters relating to Settlement Agreement interpretation. In review of the itemized bill submitted, I identified some entries that were not properly included under the restrictions defined by CMO-5, which appear to have been included in error.

I conclude that the firm is entitled to payment for 185.3 hours of work performed by partners and 9.1 hours of work performed by associates and 90.7 hours performed by paralegals for a total of $171,417.54. I also approve the request for $18,062.98 in expenses.

---

[8] The request was based on 37.8 hours of work performed by partners at the firm and 42.3 hours of work performed by associates.

[9] The request was based on 187.8 hours of work performed by partners at the firm and 9.1 hours of work performed by associates and 90.7 hours performed by paralegals.

### 7. Professor Samuel Issacharoff.

Professor Issacharoff has submitted a request for $27,528.10 in fees.[10] The professor remains a key advocate for the Class, providing guidance on legal issues as the Settlement is implemented and drafting appellate pleadings. I have reviewed the itemized bill submitted and found the entries consistent with the rigors set forth in CMO-5.

I approve the request for $27,528.10.

### 8. Seeger Weiss

Seeger Weiss has submitted a request for $7,611,859.69 in fees[11] and $745,041.28 in expenses. As Co-Lead Class Counsel, Seeger Weiss has provided essential services to the Class providing a central firm to efficiently perform the work necessary for the implementation of this complex Settlement Agreement. In this fee request, Co-Lead Class Counsel has provided a detailed list of the services performed to date, which include:

- Establishment of the Registration and Claims Processes;
- Selection of the Appeals Advisory Panel Members and Consultants;
- Selection of Qualified BAP Providers and MAF Physicians and maintenance of the network;
- Review and Support of the Claims Process on behalf of the Class Members;
- Review and Support of the Appeals Process on behalf of the Class Members;

---

[10] Professor Issacharoff has submitted itemized bills for 36.3 hours of work, which was billed at the blended rate that I have approved for services performed by partners.

[11] The request was based on 6,438.1 hours of work performed by partners, 2,246.2 hours of work performed by attorneys who are of counsel, 1,112.3 hours of work performed by associates and 2,433.5 hours performed by paralegals.

- Review and Support of the BAP Process and work to ensure that the Supplemental Benefits under the BAP are provided;

- Support of Class Members and Individually Retained Plaintiff's Lawyers who represent Class Members; and

- Efforts to protect the Class Members against Third Party Funders and other improper practices.

The successful implementation of the settlement agreement to date is a credit to the work done by the attorneys at Seeger Weiss.

In review of the itemized bill submitted, I identified some entries that were not properly included under the restrictions defined by CMO-5, which appear to have been included in error. I conclude that the firm is entitled to payment for 6,410.4 hours of work performed by partners, 2,235.0 hours of work performed by attorneys who are of counsel, 1,016.1 hours of work performed by associates and 2,391.3 hours performed by paralegals for a total of $7,525,307.73. I also approve the request for $745,041.28 in expenses.

### III. Conclusion

For these reasons, I allocate $9,381,961.06 of common benefit funds to pay attorneys for their work in obtaining the Settlement in this case. I will hold in reserve the additional funds to pay for fees incurred in implementing the Settlement Agreement.

And now, this __15th__ day of January, 2019, it is **ORDERED** that the Fund Administrator for the Attorneys' Fees Qualified Settlement Fund ("AFQSF") shall pay each of the firms listed below the amounts, as set forth below, from the AFQSF:

| Firm | Amount |
|---|---|
| Anapol Weiss | $263,384.08 |
| Brad Sohn Law Firm | $29,120.64 |
| Levin Sedran & Berman | $49,017.32 |
| Locks Law Firm | $502,406.88 |
| NastLaw | $50,674.51 |
| Podhurst Orseck | $189,480.52 |
| Professor Issacharoff | $27,528.10 |
| Seeger Weiss | $8,270,349.01 |

It is further **ORDERED** that each of the law firms listed above shall cooperate with the Fund Administrator of the AFQSF to effectuate this Order.

                s/Anita B. Brody

                ANITA B. BRODY, J.

COPIES VIA ECF on 1/16/2019