IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                    Defendants. | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO:<br>Lien ID 664 | |

**OBJECTIONS BY THE ESTATE OF KEVIN TURNER TO
THE REPORT AND RECOMMENDATION OF MAGISTRATE STRAWBRIDGE**

Pursuant to Rule 22 of the *Rules Governing Attorneys' Liens* (ECF No. 9760) ("Rules"), Paul Raymond Turner, personal representative of the estate of Kevin Turner (the "Turner Estate"), submits these Objections to the January 7, 2019 Report and Recommendation ("R&R") of Magistrate Strawbridge (Doc. No. 10368)[1] addressing the lien dispute between the Turner Estate and Podhurst Orseck, P.A. ("Podhurst").

---

[1] A copy of the January 7, 2019 Report and Recommendation (Doc. No. 10368) is attached as **Exhibit A**.

## SPECIFIC OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS

The Turner Estate submits the following specific objections as more fully explained below:

The evidence Podhurst submitted to Magistrate Strawbridge was insufficient to support the amount of the fee award decision and, thus, the conclusion in the R&R to award Podhurst 15.5% ($775,000) of the Kevin Turner Monetary Award as its fee was arbitrary, capricious, based upon conjecture, contrary to Lien Rule 17 and Deviation Rule 14, and contrary to District Court and Third Circuit precedent.

Pursuant to Fed. R. Civ. P. 72(b)(3), the Court's review is *de novo*; *see also Hartley v. Pocono Mount. Reg. Police Dep't*, 2007 WL 906180 *1 (M.D. Pa. Mar. 22, 2007) (discussing court's review standard).

## INTRODUCTION

Having already received over $6 million in Court-approved fees as Class Counsel, Podhurst has sought an additional 22% of Kevin Turner's Monetary Award.[2] To support this disputed request, Podhurst submitted its Contingent Fee Agreement ("CFA") and initially a schedule of 18.25 hours of vaguely described tasks that Podhurst argues, but does not prove, it provided for Kevin Turner's individual benefit. While Magistrate Strawbridge properly rejected Podhurst's argument that it is entitled to enforcement of its CFA up to the 22% presumptive cap set by this Court, and although we agree Magistrate Strawbridge applied the correct legal analysis in an effort to determine a reasonable fee, the amount of the award of 15.5% reflected in the R&R is not supported by the evidence in the record.

---

[2] Reduced by the 5% hold back, the total Podhurst has sought is $850,000.

2