UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Case No. 12-md-2323 (AB) <br><br> MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, <br><br> Plaintiffs, <br><br> National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., <br><br> Defendants. | **Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### X1LAW, P.A.'S MOTION REQUESTING THAT THE COURT RECONSIDER ITS ORDER [ECF NO. 10370]

X1Law, P.A., on behalf of its clients who are Retired NFL Players and Claimants affected by the Order ("Movants"), respectfully submits this Motion Requesting that the Court Reconsider its Order (the "Motion for Reconsideration") [ECF No. 10370], and states the following in support:

**Nature of this Motion for Reconsideration**

1. On January 9, 2019, the Court entered an Order [ECF No. 10370] (the "Order") indicating that the NFL withdrew its appeal "with regard to the 'generally consistent' standard in connection with a Qualified MAF Physician's diagnosis departing from the BAP diagnostic criteria" and cancelled the hearing on the NFL's objection set for Thursday, January 10, 2019. *See* ECF No. 10370.

2. On the same day, the Court entered another order [ECF No. 10371] denying two Motions for Clarification and Leave to Participate [ECF Nos. 10364 and 10365] as moot due to the NFL Parties' withdrawal of their appeal. *See* ECF No. 10371. The undersigned counsel filed one of the motions requesting to be heard to illustrate the powerful impact any change to the "generally consistent" standard will have on the Settlement Agreement. *See* ECF No. 10365.

3. In addition, the Court apparently *sua sponte* ordered that the Claims Administrator However, there are certain facts and circumstances that the Court was likely not aware when the Order was entered which weigh heavily on the fair administration of justice, impact Class Members and which should impact the Court's analysis.

**Legal Standard**

4. Movants acknowledge that the Order is not a judgment or final order, and requests that the Court take up the Motion to Reconsider under the standard of Federal Rule of Civil Procedure 59(e). Rule 59(e) provides that a party may file a motion within ten days of the entry of a judgment requesting that the court alter or amend the judgment. Fed. R. Civ. P. 59(e). "A proper Rule 59(e) motion must be based on either an intervening change in controlling law, the availability of new or previously unavailable evidence, or the need to correct clear error or prevent manifest injustice." *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Movants request that the Court consider the facts and prevent manifest injustice as grounds to support the Motion for Reconsideration.

5. In the alternative, Movants request that the Court grant relief under the broad reach of Rule 60(b)(6), which allows the Court to grant relief *sua sponte* for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Specifically, to prevent amendment of the Settlement Agreement without proper notice to the Class and opportunity to be

heard.

### **Basis for Granting Relief Requested**

6. First, the hearing was supposed to be limited to the eight SPIDs, who have awards that were objected to. The scope of the argument was that a doctor who is a BAP and an MAF had to follow the BAP standard if the BAP testing protocol resulted in the patient not receiving a qualifying diagnosis. In other words, the MAF doctor who was not hired as a BAP doctor would be prohibited from using the generally consistent standard to give the patient a qualifying diagnosis as an MAF. However, the Court's ruling has a much broader reach affecting the generally consistent standard involving all MAF doctors, not just the ones who are both BAP and MAF doctors or just the eight SPIDs.

7. In addition, the Generally Consistent Standard is not limited solely to post-effective date MAF Claims. Any determination regarding the application or definition of the Generally Consistent Standard will affect all Claimants who received a Qualifying Diagnosis other than through the BAP. As such, pre-effective date claims are similarly affected by any determination of what Generally Consistent means and how it is applied. Simply stating that Generally Consistent means that something is more alike than not alike not only fails to account for the nuances and complexity of dementia in any meaningful way, but also creates a wholly subjective standard regarding the analysis by which criteria is determined to be alike (or not alike).

8. Changes to the Generally Consistent Standard as proposed in the Order to be made by the Claims Administrator amount to an amendment to the Settlement Agreement that alters material rights, and any such amendment requires specific notice requirements and an opportunity

to be heard[1] as provided by the Federal Rules and applicable law. Requiring pre-existing corroborating documentary evidence and reading "generally consistent with" to mean "exactly the same as" BAP requirements significantly narrowes, and for some class members, eliminates a path to qualify for a Monetary Award. By creating additional proof standards affected Class Members will lose their ability to prove a Claim. Moreover, this exact issue was raised in *In re Deepwater Horizon*, 858 F.3d 298 (5th Cir. 2017) (attached as Exhibit B). In BP, the claims administrator was charged with administering claims relative to the BP oil spill. Pursuant to the settlement agreement, each claimant had the right to choose its own post-spill compensation period, as long as it was a consecutive three-month period in 2010. *See id.* at 301. The claims administrator was to use this post-spill compensation period and subtract it from the same pre-spill period to arrive at the amount of damages owed to each claimant. *Id.* An issue arose, however, because not all financial documents submitted showed income and expenses that occurred during the same months. *Id.* Rather, sometimes income was received or expenses were incurred outside of the three-measuring months, and this resulted in the claimed damages being inflated. *Id.* The Court held that the claims administrator's actions to "move, smooth, or otherwise reallocate revenue" and ensure that "damages are awarded to those who have suffered real losses" was improper:

---

[1] *See In re Diet Drugs, Sales Practices & Prods. Liab. Litig.* MDL 1203, 226 F.Supp.2d 498 (E.D. Pa. March 15, 2005) ("Reasonable notice combined with an opportunity to be heard and withdraw from the class satisfy the due process requirements of the Fifth Amendment. … In addition, in a settlement class maintained under Rule 23(b)(3), class notice must meet the requirements of both Federal Rules of Civil Procedure 23(c)(2) and 23(e). Under Rule 23(c)(2), notice to the class must be "the best practicable notice under the circumstances, including individual notice to all members who can be identified through reasonable effort. The Rule also requires that the notice indicate an opportunity to opt out, that the judgment will bind all class members who do not opt out and that any member who does not opt out may appear through counsel. Rule 23(e) requires that notice of a proposed settlement must inform class members: (1) of the nature of the pending litigation; (2) of the settlement's general terms; (3) that complete information is available from the court files; and (4) that any class member may appear and be heard at the Fairness Hearing [citations omitted]"). *See also In re Diet Drugs Prods. Liability Litig.,* No. 99–20593, 2010 WL 2735414, at *6 (E.D.Pa. July 2, 2010) (in MDL where notice of Tenth Amendment to Settlement Agreement and opportunity to object was provided to class, Court approved amendment as fair, adequate and reasonable); *In re Baby Prods. Antitrust Litig.,* 708 F.3d 163, 175 n. 10, 182 (3d Cir.2013) (held, among other things, that "supplemental notice should be provided to the class if the settlement is materially altered on remand").

This may well be a fairer alternative. But it cannot be implemented, because it is inconsistent with the plain text of the Settlement Agreement.

*See id.* at 303.

9. Allowing the NFL, AAP or Claims Administrator to rewrite or implement the Settlement Agreement without seeking or gaining the approval of the Claimants, in a manner which was "not the agreement that the parties entered into" is the same issue addressed by the BP Court. Accordingly, the Court should refuse to "re-write the settlement agreement." *Id.* at 304.

10. Movants respectfully request that the Court reconsider its Order since any determinations regarding the Generally Consistent Standard are so broad in reach and will affect Retired NFL Players who are being represented in their individual claims by IRPAs.

Dated: January 22, 2019

Respectfully Submitted,

| | |
|---|---|
| Attorneys for Plaintiffs/Movants<br>Patrick J. Tighe<br>X1LAW, P.A. f/k/a Patrick J. Tighe, P.A.<br>721 US Highway 1, Ste 121<br>North Palm Beach, FL 33408<br>Phone: 561-537-3319<br>Fax: 561-537-7193<br>Pat@X1LAW.com<br>Florida Bar No. 568155 | Attorneys for Plaintiffs/Movants<br>MGS LAW, P.A.<br>601 Heritage Drive, Suite 141<br>Jupiter, FL  33458<br>Phone: 561-620-5460<br>michael@mgs2law.com<br>Florida Bar No. 0783471<br><br>*s/ Michael St. Jacques*<br>Michael G. St. Jacques, II |

### CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2019, the foregoing document was electronically filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, and that the filing is available for downloading and viewing from the electronic court filing system by counsel for all parties.

**MGS LAW, P.A.**

*s/ Michael St. Jacques*

                                        **MICHAEL G. ST. JACQUES, II**