UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>         Plaintiffs,<br><br>              v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>         Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**CO-LEAD CLASS COUNSEL'S REPLY TO THE ALEXANDER OBJECTORS' OPPOSITION TO THE SECOND VERIFIED PETITION FOR AN AWARD OF <u>POST-EFFECTIVE DATE COMMON BENEFIT ATTORNEYS' FEES AND COSTS</u>**

As with the First Verified Petition of Co-Lead Class Counsel for an Award of Post-Effective Date Common Benefit Attorneys' Fees and Costs ("First Post-Effective Date Fee Petition"), the sole objections to the Second Verified Petition of Co-Lead Class Counsel for an Award of Post-Effective Date Common Benefit Attorneys' Fees and Costs (ECF No. 10374)

1

("Second Post-Effective Date Fee Petition") were those filed by the so-called Alexander Objectors and their counsel, Lance H. Lubel (ECF No. 10403) ("Objections").  The Objections are the latest chapter in the Alexander Objectors' continuing campaign to thwart the compensation of those counsel who secured and defended the Settlement, and who have labored to implement a settlement that has already resulted in over $615 million in payable Notices of Monetary Award,[1] and which may be unparalleled in its scope and complexity.

In their new Objections, the Alexander Objectors recycle earlier arguments, including those made in opposition to the now-approved First Post-Effective Date Fee Petition.[2]  For example, the Alexander Objectors reargue that the hourly rates set by the Court are "facially unreasonable," that Case Management Order No. 5 (ECF No. 3710) is not being followed in the course of the post-Effective Date fee petitions, and that the Court's review of time records *in camera* is improper.  Objections at 5-7.  Co-Lead Class Counsel has already addressed each of these arguments (ECF No. 10191 at 2-6), and in recently granting the First Post-Effective Date Fee Petition (ECF No. 10378), the Court implicitly rejected them.

One other argument of the Alexander Objectors, which the Court squarely rejected and which the Alexander Objectors nonetheless continue to assert, is that the post-Effective Date work undertaken by Co-Lead Class Counsel and other Class Counsel is somehow unexpected or improper.  That contention demonstrates a fundamental misconception of the complexities of implementing a settlement of this scale and scope.  Notably, the Court already addressed this

---

[1]  *See* www.nflconcussionsettlement.com (last accessed Feb. 4, 2019).

[2]  The Alexander Objectors state at the outset of their Argument that they "incorporate by reference the arguments and authorities set forth in the Alexander Objectors' Opposition to Co-Lead Class Counsel's First Verified Petition of Post-Effective Date Common Benefit Attorneys' Fees and Costs (*See* ECF 10165)."  Objections at 5 n.4.

2

argument in granting the First Post-Effective Date Fee Petition a week before the instant Objections were filed:

> The [Alexander] objector[s] [are] wrong.  As I already have already explained, the Parties knew that the bulk of the work to implement the settlement would occur in the early years of the 65 year agreement.  ECF No. 9860 at 17-18.  In addition to that substantial work, Class Counsel have been called upon to represent the class in clashes with predatory lenders and in ensuring that instances of fraud against the fund are properly reviewed and resolved.  I was fully aware of this when I asked Co-lead Class Counsel to submit this fee petition.  Class Counsel's representation of the Class has been invaluable.  Payment for these services is appropriate at this time.

ECF No. 10378 at 2.

The Court's findings, based on review of the time records, have continuing force.  Yet the Alexander Objectors completely ignore the Court's findings.  The services for which the Second Post-Effective Date Fee Petition requests compensation reflect the six months of work that continued subsequent to the time period covered by the First Post-Effective Date Fee Petition.  The regular work of oversight and implementation continues to take place alongside matters that have heretofore required hundreds of hours of time but much of that work will not continue indefinitely.

First, the involvement of other Class Counsel in implementation-related work has decreased substantially since the First Post-Effective Date Fee Petition.  For example, Anapol Weiss and Nast Law claimed no common benefit work for the May 25 to November 30, 2018 period and, with the exception of the Locks Law Firm, each of the other Class Counsel performed less common benefit work on an average, monthly basis than it had under the First Post-Effective Date Fee Petition.

Second, there was significant common benefit work performed that should sharply diminish going forward.  Taking the prominent example that the Court pointed to – the ongoing

work related to clashes with predatory lenders – was eminently justified in order to protect vulnerable Class Members and it has not been "unrestrained."

During the period covered by the First Post-Effective Date Fee Petition, Co-Lead Class Counsel was engaged in discovery and briefing before this Court regarding the agreements to assign prospective Monetary Awards that third-party funders entered into with Retired NFL Football Players which disguised what were, in reality, advances at usurious interest rates. That work led to the Court declaring all assignments "void, invalid and of no force and effect." ECF No. 9517 at 5.  Co-Lead Class Counsel dedicated just over 600 partner hours to the extensive briefing of additional appeals taken by third-party funders who entered into prohibited assignment agreements with Retired NFL Football Players as well as other work related uniquely to other lenders (such as Cambridge Capital).[3]  As to those funders who did not enter into the Third-Party Funding Resolution Protocol (*see infra*) and pressed appeals of the Court's December 8, 2017 Explanation and Order (ECF No. 9517), and the subsequent orders related to the assignments issue (ECF Nos. 9749, 10011, 10124), those appeals should be resolved shortly, following oral argument before the Third Circuit on January 23, 2019.

Meanwhile, also during the May 25 to November 30, 2018 period, the Court directed Class Counsel Gene Locks of The Locks Law Firm to take the lead in negotiating a global resolution with over 20 different funders that would present an alternative to the rescission option that the Court had afforded in its December 8, 2017 Explanation and Order and would avoid potential

---

[3] The briefing of the first such appeals (taken by RD Legal Finance, LLC and affiliates (ECF Nos. 9558, 9755), including related stay motions before this Court and the Third Circuit (*e.g.*, ECF No. 9761), was covered by the First Post-Effective Date Fee Petition, while the briefing of the appeals taken by Thrivest Specialty Funding (ECF Nos. 10027, 10141; ECF No. 14 in *Thrivest Specialty Funding, LLC v. White*, No. 2-18-cv-01877) and Atlas Legal Funding, LLC and affiliates (ECF No. 9794), including related motion practice (*e.g.*, ECF No. 10114), is covered by the instant petition.

future litigation, and perhaps lead to dismissals of appeals.[4]  *See* ECF No. 9517 at 5.  Mr. Locks personally dedicated over 450 hours to these Court-directed efforts, which ultimately yielded the Third Party Funding Resolution Protocol.  That time reflects the vast majority of the work submitted by his firm in the Second Post-Effective Date Fee Petition.

In short, between (a) the completion of briefing and argument of Third Circuit appeals and (b) the negotiation of the Third Party Funding Resolution Protocol, most of the "heavy lifting" related to these third-party funder matters is now done and the amount of future common benefit work relating to them should markedly dwindle.

Nor is that the only area where the level of common benefit work should markedly decrease going forward.  Co-Lead Class Counsel's work during the period of time covered by the instant petition on the launch of the BAP Supplemental Benefits program, as well as his firm's work on the dispute centering on the "generally consistent" standard applicable to MAF physicians' diagnoses and the discretion of the Special Masters to consult with a member of the AAP when deciding appeals, are responsibilities that will not continue indefinitely into the future, but which had heretofore required hundreds of partner and counsel hours.

Simply put, there is no merit to the Alexander Objectors' assertion that Co-Lead Class Counsel is "burning through" or "[p]rematurely draining" the Attorneys' Fees Qualified Settlement Fund (Objections at 2-3).  Now that a number of issues have been (or shortly will be) confronted and resolved, future common benefit fee petitions should be for significantly lower amounts.  As with the First Post-Effective Date Fee Petition, the Court's review of time records

---

[4] In fact, one third-party funder, Walker Preston Capital Holdings, LLC, withdrew its Third Circuit appeal following its agreement to participate in the Third Party Funding Resolution Protocol.  ECF No. 10317.

for the May 25 to November 30, 2018 period covered by the instant petition will show that the work reflected therein was proper and the time expended reasonable.

## CONCLUSION

Based on the foregoing, the Court should overrule the Alexander Objectors' Objections and grant the Second Post-Effective Date Fee Petition.

Date:  February 4, 2019

                                                        Respectfully submitted,

                                                        */s/ Christopher A. Seeger*
                                                        Christopher A. Seeger
                                                        SEEGER WEISS LLP
                                                        55 Challenger Road, 6th Floor
                                                        Ridgefield Park, NJ  07660
                                                        cseeger@seegerweiss.com
                                                        Telephone:  (212) 584-0700

                                                        ***CO-LEAD CLASS COUNSEL***

## CERTIFICATE OF SERVICE

I, Christopher A. Seeger, hereby certify that a true and correct copy of the foregoing was served electronically via the Court's electronic filing system on the date below upon all counsel of record in this matter.

Dated: February 4, 2019                                      Respectfully submitted,

                                                             */s/ Christopher A. Seeger*
                                                             Christopher A. Seeger