UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>           Plaintiffs,<br><br>                v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>           Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**OPPOSITION OF THE NFL PARTIES TO X1LAW, P.A.'S MOTION
REQUESTING THAT THE COURT RECONSIDER ITS ORDER [ECF NO. 10370]**

**I.      Introduction**

The National Football League and NFL Properties LLC (collectively, the "NFL Parties") respectfully submit this opposition to X1LAW, P.A.'s ("X1LAW") motion for reconsideration (ECF No. 10400) of the Court's January 9, 2019 Order (ECF No. 10370) (the "Order"). The Court should deny X1LAW's motion because it requests reconsideration of issues that are entirely outside the scope of the Order and otherwise fails to satisfy the high standard required for reconsideration.

## II.   Background

The Order explained that the NFL withdrew its appeal relating to the Special Master's October 18, 2018 decision regarding the interpretation of the "generally consistent" standard, cancelled the hearing regarding the appeal set for January 10, 2019, and lifted the stay of payment with respect to the underlying claims at issue in the appeal. (ECF No. 10370 at 1.) The Order further provided that, in reviewing materials submitted by the Parties, "the Court reviewed a number of reports and certifications submitted by Qualified MAF Physicians that failed to set forth the doctor's analysis as to why the diagnosis of Level 1.5 Neurocognitive Impairment (i.e., early dementia) or Level 2 Neurocognitive Impairment (i.e., moderate dementia) was 'generally consistent' with the BAP diagnostic criteria." (*Id.*) Accordingly, the Court directed the Claims Administrator to make an administrative clarification to the Rules Governing Qualified MAF Physicians which "should require that Qualified MAF Physicians who make a Qualifying Diagnosis of Level 1.5 Neurocognitive Impairment or Level 2 Neurocognitive Impairment by deviating from the BAP testing protocols or diagnostic criteria provide a written description in their reports as to why, in such doctor's medical judgment, the evaluation and evidence is 'generally consistent' with the BAP diagnostic criteria." (*Id.* 1–2.)

X1LAW's reconsideration motion does not engage with the actual directive set forth in the Order at all. Instead, X1LAW wants to debate the merits of the issues raised in the NFL Parties' withdrawn appeal concerning the meaning, interpretation and application of the "generally consistent" standard. Because these issues were not addressed by the Order, X1LAW's request for reconsideration is meritless.

## III.   Legal Standard

X1LAW submits its motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) or, in the alternative, Rule 60(b)(6). (ECF No. 10400 ¶¶ 4–5; *see also Dayoub* v.

2

*Penn-Del Directory Co.*, 90 F. Supp. 2d 636, 637 (E.D. Pa. 2000) ("The usual vehicle for a motion for reconsideration is Federal Rule of Civil Procedure 59(e) or 60(b).").) Both Rule 59(e) and Rule 60(b)(6) motions are procedurally proper only in response to a final order or judgment. *See, e.g.*, *Dayoub*, 90 F. Supp. 2d at 637 ("neither Rule 59(e) nor 60(b) applies because the order [defendant] seeks to have reconsidered is not a final judgment or order but rather an interlocutory decision"). Federal district courts may, however, "reconsider interlocutory orders when it is consonant with justice to do so." *Goldenberg Dev. Corp.* v. *Reliance Ins. Co. of Ill.*, No. 00-cv-3055, 2001 WL 872782, at *1 (E.D. Pa. June 26, 2001).

Reconsideration motions are generally disfavored and are not properly "grounded on a request that a court rethink a decision it has already made." *U.S. Claims, Inc.* v. *Flomenhaft & Cannata, LLC*, 519 F. Supp. 2d 515, 526 (E.D. Pa. 2007); *see also Spear* v. *Fenkell*, No. 13-cv-02391, 2015 WL 5582761, at *4 (E.D. Pa. Sept. 21, 2015) ("[m]otions for reconsideration are generally disfavored for a number of important reasons," including because "they tend to waste time on issues that have been, or should have been, decided previously"); *The Ltd., Inc.* v. *Cigna Ins. Co.*, 228 F. Supp. 2d 574, 582 (E.D. Pa. 2001) (reconsideration motions are "not to be used merely as an opportunity to reargue issues that the court has already analyzed and determined").

**IV.   Argument**

As a preliminary matter, X1LAW's motion—styled as a motion pursuant to Federal Rule of Civil Procedure 59(e) or 60(b)(6)—is procedurally improper. Neither Rule 59(e) nor Rule 60(b) apply here because the Order is not final, as X1LAW concedes. *See Dayoub*, 90 F. Supp. 2d at 637; ECF No. 10400 ¶ 4 ("Movants acknowledge that the Order is not a judgment or final order"). While this Court retains the inherent authority to reconsider the Order, X1LAW has utterly failed to demonstrate that such reconsideration is appropriate, as set forth below.

The Order instructs the Claims Administrator to make a straightforward administrative clarification. In particular, it directs the Claims Administrator to clarify that the Rules Governing Qualified MAF Physicians require Qualified MAF Physicians, where applicable, to explain in their reports why Qualifying Diagnoses rendered on the basis of testing and evidence that deviate from the BAP testing protocols or diagnostic criteria are nonetheless "generally consistent" with those criteria. (ECF No. 10370 at 1–2.) Pursuant to the Court's "continuing and exclusive jurisdiction to interpret, implement, administer and enforce the Settlement," (Am. Final Order and J. § 17, ECF No. 6534), the Court has the unquestionable authority to require this administrative clarification to the Rules Governing Qualified MAF Physicians. Nothing in X1LAW's motion shows otherwise.

The Order does not address the substance of the issues raised by the NFL Parties' appeal—concerning the proper interpretation and application of the "generally consistent" standard—and the specific clarification requested by the Court has no effect whatsoever on the meaning of that standard. Accordingly, X1LAW's suggestion that the Order has improperly amended the Settlement Agreement is misguided—no provision of the Settlement Agreement has been modified or even addressed by the Order. X1LAW's desire to litigate issues that have been withdrawn—and issues that the Court did not address in the Order—cannot possibly provide a basis to reconsider the Order.

## V.     Conclusion

For the foregoing reasons, the Court should deny X1LAW's motion for reconsideration of the January 9, 2019 Order.

Dated:  February 5, 2019

Respectfully submitted,

PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP

<u>/s/ Brad S. Karp</u>
Brad S. Karp
Bruce Birenboim
Claudia Hammerman
Lynn B. Bayard
Richard C. Tarlowe
Douglas M. Burns
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email:  bkarp@paulweiss.com

*ATTORNEYS FOR THE*
*NATIONAL FOOTBALL LEAGUE*
*AND NFL PROPERTIES LLC*

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true copy of the foregoing document was served electronically via the Court's electronic filing system on the 5th day of February, 2019, upon all counsel of record.


Dated: February 5, 2019                                /s/ Brad S. Karp
                                                                               Brad S. Karp