**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |

Kevin Turner and Shawn Wooden, on behalf
of themselves and others similarly situated,

                      Plaintiffs,

     v.

National Football League and NFL Properties, LLC,
successor-in-interest to NFL Properties, Inc.,

                    Defendants.

THIS DOCUMENT RELATES TO:

Zimmerman Reed LLP v. Sampleton
Attorney Lien Dispute
(Doc. No. 7133)

**FILED**

**FEB 0 5 2019**

KATE BARKMAN, Clerk
By_____Dep Clerk

## EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                   February 5ᵗʰ, 2019

       Before the Court is a Petition to Establish Attorney's Lien ("Lien") seeking attorney's fees

and costs from any Monetary Claim to be paid to Settlement Class Member Lawrence Sampleton

("Sampleton"), which was filed on February 9, 2017 by Zimmerman Reed LLP ("Zimmerman").

(Doc. No. 7133). On July 7, 2017, the Claims Administrator issued a Notice of Lien to Mr.

Sampleton's current counsel, Berkowitz and Hanna LLC ("Berkowitz"). On October 15, 2018,

the Claims Administrator issued a Notice of Monetary Award Claim Determination.

       The District Court referred all Petitions for individual attorney's liens to this Court. (Doc.

No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and

amended on October 3, 2018. (Doc. Nos. 9760 and 10283). Pursuant to Rule 12, Berkowitz and

Zimmerman (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this Dispute. On January 25, 2019, the Court was notified that the Parties' have consented to jurisdiction by a Magistrate Judge. (Doc. No. 10405). Accordingly, this Opinion will serve as the final decision of the Court concerning this dispute.

On January 24, 2019, pursuant to Rule 24, the Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal"). The signed agreement clearly indicates the percentage of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future. Upon review of the Withdrawal and the circumstance that a negotiated agreement was reached by informed and clearly interested counsel, we find that the agreement reached here was reasonable. In light of the Zimmerman contingency fee agreement and the lists of itemized costs submitted by both firms, we conclude that each firm is entitled to the costs asserted and that the fees to be paid to each firm are reasonable and collectively within the percentage allowed under the 22% Presumptive Fee Cap imposed by the District Court. (Doc. No. 9863).

Accordingly, we conclude that the Withdrawal shall be granted. The Claims Administrator is ordered to distribute the attorneys' fees and costs to Zimmerman and to Berkowitz as was set forth in the Withdrawal.[1]

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

**AND NOW**, this 5th day of February, 2019, it is **ORDERED** that:

1.      The Withdrawal of the Lien Dispute is **GRANTED**; and

2.      The Claims Administrator is **ORDERED** to disburse the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

3