# EXHIBIT B

| | |
|---|---|
| **From:** | Robert Penza |
| **Sent:** | Wednesday, November 14, 2018 9:13 AM |
| **To:** | 'MATT P. WEINSHALL'; Gina Palacio; NFL Claims Administrator; STEVEN C. MARKS; STEPHEN F. ROSENTHAL |
| **Cc:** | Jessica M. Holder; Jack Brady; Benton Keatley |
| **Subject:** | RE: Lien ID 664:  Paul R. Turner v. Podhurst Orseck, P.A. |

Dear Claims Administrator,

On behalf of the Turner Estate, I OBJECT to Podhurst's unilateral request for you to transmit the document attached to their email to Magistrate Judge Strawbridge. It is our position that it would be improper for the Claims Administrator to transmit this late submission to the Magistrate Judge, and I request your reply confirmation that the NFL Claims Administrator has NOT submitted this document to Magistrate Judge Strawbridge.

Podhurst's referred authority, Rule 18, does not apply in the Turner Estate lien dispute, where the Rule 22 Hearing occurred and was completed on October 3, 2018, and the Rule 20 Dispute Record was closed on October 3, 2018. Rule 18 is only intended to apply for requested additional submissions, after the Response Memorandum has been submitted and BEFORE the Dispute Record is provided to the Magistrate Judge.

Rule 19(e) specifically requires the NFL Claims Administrator to EXCLUDE from the Dispute Record any documents received by the Claims Administrator, such as what Podhurst attached below, AFTER the Dispute Record has been provided to the Magistrate Judge.

In addition, this document is submitted by five (5) other attorneys who are not a Rule 3(b) defined Attorney Lienholder in this Lien Dispute action. Thus, they have no standing under the Amended Rules Governing Attorneys' Liens, as non-parties, to submit anything in this Lien Dispute involving the Turner Estate. Accordingly, if despite my objection, this improper document is submitted to the Magistrate Judge, we reserve our right to seek sanctions and fees along with any response we file to this requested submission.

The Turner Estate expects the Magistrate Judge to conclude and issue his Rule 25 Report and Recommendation, without delay or interruption, which has been under submission since October 3, 2018. Any delay caused by Podhurst and the other nonparties seeking to interfere with these Lien Dispute proceedings, will cause substantial prejudice to the Turner Estate by further delaying distribution of the remaining $850,000 amount of the Turner Estate's monetary award withheld by the Claims Administrator now for over one year, as a result of Podhurst's Attorneys' Lien, and outrageously excessive individual fee request.

Please confirm that Podhurst's and the nonparties' "request" for the NFL Claims Administrator to transmit their document to the Magistrate Judge has not occurred and will be Denied, so I am informed as to how to proceed.

Bob


**Robert Penza**

*Shareholder*

rpenza@polsinelli.com

**302.252.0945**

222 Delaware Avenue, Suite 1101
Wilmington, DE 19801

.



Polsinelli PC, Polsinelli LLP in California

---

**From:** MATT P. WEINSHALL [mailto:MWeinshall@PODHURST.com]
**Sent:** Tuesday, November 13, 2018 9:16 PM
**To:** Gina Palacio; NFL Claims Administrator; STEVEN C. MARKS; STEPHEN F. ROSENTHAL
**Cc:** Jessica M. Holder; Robert Penza
**Subject:** RE: Lien ID 664: Paul R. Turner v. Podhurst Orseck, P.A.

Dear Claims Administrator,

In connection with the above-referenced lien dispute, please find attached Podhurst Orseck's supplemental submission, pursuant to Rule 18 of the Amended Rules Governing Attorneys' Liens.  Please transmit the document to Magistrate Judge Strawbridge for inclusion in the Dispute Record.  Thank you.

Sincerely,

**Matthew P. Weinshall**
**Podhurst Orseck P.A**.
SunTrust International Center
One S.E. 3rd Ave., Suite 2300
Miami, FL 33131
Office: (305) 358-2800
Fax: (305) 358-2382
Email: mweinshall@podhurst.com