# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO:<br><br>Lien ID 664 | |

## ESTATE OF KEVIN TURNER'S
## PARTIAL MOTION TO STRIKE RESPONSE OF PODHURST ORSECK, P.A.

Pursuant to Local Rule 72.1 and Rule 22 of the *Rules Governing Attorneys' Liens* (ECF Doc. No. 9760) ("Rules"), Paul Raymond Turner, personal representative of the Estate of Kevin Turner ("Estate"), moves to strike, in part, the Response of Podhurst Orseck P.A. to the Estate's Objections (ECF Doc. No. 10420, the "Response"), and states:

1.  Podhurst Orseck P.A. ("Podhurst") submitted its purported Notice of Joinder ("Notice") to the Claims Administrator on November 13, 2018, asking that it be included in the dispute record before Magistrate Judge Strawbridge. *See* Email from M. Weinshall to Claims Administrator (Nov. 13, 2018) (attached as **Exhibit A**).

1

2. The Estate objected to the inclusion of the Notice in the dispute record on November 14, 2018. Email from R. Penza to Claims Administrator (Nov. 14, 2018) (attached as **Exhibit B**).

3. The next day, the Claims Administrator informed the parties that Magistrate Judge Strawbridge had refused to accept the Notice. *See* Email from Claims Administrator to Counsel (Nov. 15, 2018) (attached as **Exhibit C**).

4. Accordingly, the Notice was not part of the dispute record before Magistrate Judge Strawbridge, and should be stricken from the Response. *See* E.D. Pa. L.R. 72.1(IV)(c); Response at 12 & Ex. A.

5. Pursuant to Rule 22 of the Rules that govern this lien dispute (ECF Doc. No. 9760), Podhurst had until January 22, 2019 to submit any objections to Magistrate Judge Strawbridge's Report and Recommendation ("R&R"), which the Claims Administrator served on January 7, 2019.[1]

6. Podhurst did not submit any objections to the R&R by that deadline.

7. Accordingly, Podhurst's request that the Court reject the R&R's recommendation to tax Podhurst with the entirety of the 5% holdback should be stricken as an untimely objection. *See* Response at 17-18.

WHEREFORE, for the foregoing reasons and those stated in the accompanying brief in support of this Motion, the Estate respectfully requests that this Court strike from Podhurst's Response, and decline to consider (i) the Notice of Joinder cited in the Response at page 12 and attached as Exhibit A and (ii) the request to reject Magistrate Judge Strawbridge's

---

[1] The deadline accounts for the Martin Luther King, Jr. holiday, which fell on January 21, 2019.

recommendation that Podhurst be taxed with the entirety of the 5% holdback, and for such further relief as the Court deems just and proper.

Dated: February 14, 2019

Respectfully submitted,

*/s/R. Montgomery Donaldson*
R. Montgomery Donaldson (PA 63400)
Robert A. Penza (admitted *pro hac vice*)
**POLSINELLI PC**
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
rmdonaldson@polsinelli.com
rpenza@polsinelli.com

**ATTORNEYS FOR ESTATE OF KEVIN TURNER**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court this 14th day of February, 2019 to all counsel of record.

*R. Montgomery Donaldson*

Attorney for Estate of Kevin Turner