IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO:<br><br>Lien ID 664 | |

### ESTATE OF KEVIN TURNER'S BRIEF IN SUPPORT OF
### PARTIAL MOTION TO STRIKE RESPONSE OF PODHURST ORSECK, P.A.

Paul Raymond Turner, personal representative of the Estate of Kevin Turner ("Estate") submits this brief in support of the Estate's Partial Motion to Strike the Response of Podhurst Orseck, P.A. to the Estate's Objections (ECF Doc. No. 10420, the "Response").

*First*, the Court should strike from the Response Podhurst's purported Notice of Joinder ("Notice")[1] because Magistrate Judge Strawbridge declined to include the Notice in the record of this dispute and because Podhurst has not attempted to meet this Court's standard for considering new evidence here, and could not do so in any event. *See* E.D. Pa. L.R. 72.1(IV)(c). Podhurst

---

[1] *See* Response at 12 & Ex. A.

1

attempted to insert the Notice into the dispute record several weeks after Magistrate Judge Strawbridge held a hearing on this lien dispute.  *See* Mot., Ex. A.  The Estate objected to including Podhurst's submission in the dispute record, and Magistrate Judge Strawbridge promptly rejected the Notice.  *See* Mot., Exs. B-C.

As the Notice was not a part of the dispute record before Magistrate Judge Strawbridge, it cannot be considered here unless "the interest of justice requires" the Court to consider it.  E.D. Pa. L.R. 72.1(IV)(c).[2]  Podhurst does not even acknowledge that Magistrate Judge Strawbridge rejected its submission below, let alone attempt to show that the interest of justice requires this Court to consider that same submission now.  Nor could it, as Podhurst had ample opportunity to present the arguments made in the Notice to Magistrate Judge Strawbridge—both in briefing and during the hearing.[3]  Accordingly, the Court should strike the Notice from the Response.  *See, e.g.*, *Solid Waste Servs., Inc. v. United States*, 2016 WL 687182, at *1 & n.1 (E.D. Pa. Feb. 19, 2016) (citing Local Rule 72.1(IV)(c) in declining to consider argument not presented to magistrate judge); *Ricciardi v. Ameriquest Mortg. Co.*, CIV.A.03-2995, 2004 WL 1427121, at *1 (E.D. Pa. June 24, 2004) (declining to consider argument that plaintiff had had ample opportunity to present to magistrate judge), *aff'd*, 164 F. App'x 221 (3d Cir. 2006); *cf. Total*

---

[2] Local Rule 72.1(IV)(c) provides:

> All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge.

[3] The Notice suggests that it was only during the hearing that Podhurst (and other counsel who co-signed the Notice) learned that "whether counsel . . . should have . . . kept detailed time record for work on individual cases" was an issue in dispute.  Notice at 1.  To the contrary, even if the text of the Rules had not notified Podhurst that it must state the tasks performed for Kevin Turner's individual benefit alone—identifying the attorney involved, the date, and the time (Rules 3(a), 14(a))—the Estate's Statement of Dispute and Response to Podhurst's Statement of Dispute made that issue sufficiently plain to Podhurst that it prepared and admitted at the hearing an exhibit that attempts to reconstruct that information.

*E&P USA, Inc. v. Marubeni Oil & Gas (USA), Inc.*, CV H-16-2671, 2018 WL 4042612, at *1, n.1 (S.D. Tex. Aug. 24, 2018) (district court granting motion to strike evidence not submitted to magistrate judge).

*Second*, the Court should likewise strike Podhurst's request that the Court reject Magistrate Judge Strawbridge's recommendation to tax Podhurst with the entirety of the 5% holdback. *See* Response at 17-18. Rule 22 provides that, in accordance with Fed. R. Civ. P. 72(b)(2), any objections to the Magistrate Judge's Report and Recommendation ("R&R") were to be made within 14 days after the Claims Administrator served the R&R, that is, by January 22, 2018. Mot. ¶ 5. Podhurst did not timely object to Magistrate Judge Strawbridge's recommendation, and its request should be stricken as improperly made in a response brief. To the extent that its request is construed as an objection to Magistrate Judge Strawbridge's recommendation, it is untimely, *see id.*, such that the Court could grant the request only if it determined that Magistrate Judge Strawbridge clearly erred in apportioning the holdback. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) ("We have held generally that failing to timely object to an R & R in a civil proceeding may result in forfeiture of *de novo* review at the district court level . . . .") (citing *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Ricci v. Apfel*, 159 F. Supp. 2d 12, 16 n.4 (E.D. Pa. 2001) ("To accept a report and recommendation to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.").[4]

For the foregoing reasons, the Estate respectfully requests that the Court grant the Motion and strike Podhurst's response, in part, as stated therein.

---

[4] For the same reasons, to the extent that Podhurst's citation to the Notice could be construed as an implicit objection to Magistrate Judge Strawbridge's exclusion of it, that objection would likewise be untimely and should be stricken from the Response accordingly.

|  |  |
|---|---|
| Dated: February 14, 2019 | Respectfully submitted, |

*/s/ R. Montgomery Donaldson*
R. Montgomery Donaldson (PA 63400)
Robert A. Penza (admitted *pro hac vice*)
**POLSINELLI PC**
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
rmdonaldson@polsinelli.com
rpenza@polsinelli.com

**ATTORNEYS FOR ESTATE OF KEVIN TURNER**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court this 14th day of February, 2019 to all counsel of record.

*R. Montgomery Donaldson*

Attorney for Estate of Kevin Turner