# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Case No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>        Plaintiffs,<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>        Defendants. | **Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### RESPONSE TO OBJECTIONS TO X1LAW, P.A.'S MOTION REQUESTING THAT THE COURT RECONSIDER ITS ORDER [ECF NO. 10370]

X1Law, P.A., on behalf of its clients who are Retired NFL Players and Claimants affected by the Order ("Movants"), respectfully submits this Response to the Objections filed by the NFL and Co-Lead Class Counsel to X1Law, P.A.'s Motion Requesting that the Court Reconsider its Order (the "Motion for Reconsideration") [ECF No. 10370], and states the following in support:

**The relief requested is squarely within the direction set forth in the Order.**

1. This Court has authority to reconsider its own order entered on January 9, 2019 [ECF No. 10370] (the "Order"), especially under these circumstances where the Order is aimed at ensuring the proper implementation of the Settlement Agreement but actually imposes requirements not contained in the Settlement Agreement. Movants requested that the Court

reconsider its ruling to prevent manifest injustice. Specifically, the Order presumes that the "generally consistent" standard is a deviation from the BAP standard and directs the Claims Administrator to create additional new requirements to qualify under the "generally consistent" standard that do not exist within the Settlement Agreement. Any change creating additional criteria that must be met under the "generally consistent" standard further exposes Diagnosing Physicians to attack by the NFL and AAP.

2. Moreover, the Order is more than an administrative clarification to the existing Rules Governing Qualified MAF Physicians. The Order directs the Claims Administrator to impose additional requirements on MAF Physicians that subject their diagnosis to attack and strict interpretation under the BAP standard, which benefits the NFL and hurts the Retired NFL Players. Whether something is "generally consistent" from a medical perspective is outside the Claims Administrator's scope of expertise and is necessarily a matter of medical judgment.

3. The Claims Administrator is not qualified to construct rules dictating how a board-certified neurologist identify the basis for his or her diagnosis. In addition, as indicated by Co-Lead Class Counsel Mr. Seeger "the diagnosing physician is in the best position to assess whether his or her diagnosis is "generally consistent" with the BAP standard… ."

4. Further, asserting that a "clarification" is necessary demonstrates that the reading in support of the "clarification" identifies the term "generally consistent" as ambiguous. If there is ambiguity an evidentiary hearing is required to determine the intent of the parties. If the term is not ambiguous, no clarification is required. Any change to the "generally consistent" standard will affect the entire class.

**The Order allows the continued assault on the "generally consistent" standard.**

5. Movants respectfully requested reconsideration to prevent manifest injustice. The

NFL has rigorously attacked the generally consistent standard since the implementation of the Settlement Agreement. The Order directing the Claims Administrator to develop new rules regarding how the generally consistent standard must be reported by MAF Physicians opens up a new opportunity for the NFL to rewrite the standard. Any rules would have to be opened up for comment by the parties, which allows the NFL a new process by which to undermine the Settlement Agreement as written.

6. Days after the NFL's withdrawal of its appeal it made the same arguments attacking the "general consistent" standard in an appeal of one of Movants claims before the Special Master. Directing the Claims Administrator to implement additional requirements to "generally consistent" only provides the NFL another chance to eliminate the standard.

7. Movants respectfully request that the Court reconsider its Order.

Dated: February 14, 2019

Respectfully Submitted,

Attorneys for Plaintiffs/Movants
Patrick J. Tighe
X1LAW, P.A. f/k/a Patrick J. Tighe, P.A.
721 US Highway 1, Ste 121
North Palm Beach, FL 33408
Phone: 561-537-3319
Fax: 561-537-7193
Pat@X1LAW.com
Florida Bar No. 568155

Attorneys for Plaintiffs/Movants
MGS LAW, P.A.
601 Heritage Drive, Suite 141
Jupiter, FL 33458
Phone: 561-620-5460
michael@mgs2law.com
Florida Bar No. 0783471

*s/ Michael St. Jacques*
Michael G. St. Jacques, II

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2019, the foregoing document was electronically filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, and that the filing is available for downloading and viewing from the electronic court filing system by counsel for all parties.

**MGS LAW, P.A.**

*s/ Michael St. Jacques*
**MICHAEL G. ST. JACQUES, II**