# EXHIBIT

# 3



Home ▾          Information ▾     Registration     Claim Package   Notices          BAP          MAF Physician
                                                                                                List

                                                                                     My Account : Log Off

<< Back                          **Claimant Event Details**

### Settlement Class Member Information

Settlement Program ID: 900003916                    Name:

            Address:                     SCM Type: Retired NFL Football Player

                                         Status: Notice of Claim Package Deficiency Issued

### Claimant Events

| Description | Notice Date | Response Deadline | |
|---|---|---|---|
| Notice of Registration Determination | 03/23/2017 | | Notice |
| Notice of Preliminary Review for Level 1 5 and 2 Claims | 08/24/2017 | 12/22/2017 | View |

 # CONCUSSION SETTLEMENT

*IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION*
No. 2.12-md-02323 (E.D. Pa.)

## NOTICE OF PRELIMINARY REVIEW
### DATE OF NOTICE: August 24, 2017
### RESPONSE DEADLINE: December 22, 2017

## I. SETTLEMENT CLASS MEMBER INFORMATION

| Settlement Program ID | 900003916 | | |
|---|---|---|---|
| **Name:** First | | M.I. | Last |

| **Settlement Class Member Type** | Retired NFL Football Player |
|---|---|
| **Primary Counsel** | X1Law, PA |

## II. WHY AM I RECEIVING THIS NOTICE?

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your claim as mandated by Section 8.4 of the Settlement Agreement. The table below shows the result of that review.

Exhibit A-1 to the Settlement Agreement requires that Qualifying Diagnoses of Level 1.5 and 2 Neurocognitive Impairment made outside of the Baseline Assessment Program ("BAP") be "generally consistent" with the BAP requirements for Level 1.5 and 2 Diagnoses. Your claim is based on such a Qualifying Diagnosis made before the Effective Date of the Settlement. In this Notice, we point out medical records and supporting evidence that are not present in your file but that you may wish to provide before we assess your claim. However, if you prefer to have us review your Claim Package as submitted or do not have such records and supporting evidence, you can let us know by following the instructions described in Section III of this Notice. This Notice also may show certain items that must be addressed before we can review your claim under the "generally consistent" standard. The third column in the table labeled "Do I Have to Respond?" indicates whether you have to submit the requested information or document (marked with Yes) before we can send you a determination on your claim. You have the option to submit the materials or information marked with a No in the third column.

| | Issue | How to Address this Item | Do I Have to Respond? |
|---|---|---|---|
| 1. | You did not submit any medical records from the physician who signed the Diagnosing Physician Certification Form and examined the Retired NFL Football Player. | Click the Respond to Deficiency button, go to Section 3 for Medical Records, click on the Upload Medical Records button and follow the instructions to upload medical records reflecting the Qualifying Diagnosis. Make sure the records are from the same physician who signed the Diagnosing Physician Certification Form. If the wrong physician signed the Diagnosing Physician Certification Form, go to Section 2 for the Diagnosing Physician Certification Form, click on the Upload Diagnosing Physician Certification Form button and follow the instructions to upload a new Diagnosing Physician Certification Form signed by the diagnosing physician reflected in the medical records. | Yes |

| | | | |
|---|---|---|---|
| 2. | Your medical records did not show any neuropsychological testing for evidence of cognitive decline from a previous level of performance in the required number and type of cognitive domains (complex attention, executive function, learning and memory, language, and perceptual-spatial). | Click the Respond to Deficiency button, go to Section 3 for Medical Records, click on the Upload Medical Records button and follow the instructions to upload medical records reflecting the Qualifying Diagnosis. For a Qualifying Diagnosis of Level 1.5 Neurocognitive Impairment or Level 2 Neurocognitive Impairment, the diagnosis must meet the criteria set forth in Settlement Agreement Exhibit 1, subsections 1(a)(i)-(iv) or 2(a)(i)-(iv), for diagnoses through the BAP and must otherwise be based on evaluation and evidence generally consistent with the diagnostic criteria set forth in those subsections for diagnoses made outside of the BAP. The medical records must include evidence that these diagnostic criteria were followed. | No |
| 3. | Your medical records indicate that the diagnosing physician did not consider documentary evidence of functional impairment for a Qualifying Diagnosis of Level 1.5 or 2 Neurocognitive Impairment. The Settlement Agreement requires that pre-Effective Date Qualifying Diagnoses of Level 1.5 or 2 Neurocognitive Impairment be based on evidence and evaluation generally consistent with Exhibit A-1, subsections 1(a)(iii) and 2(a) (iii). These sections contemplate that the Retired NFL Football Player's functional impairment be corroborated by documentary evidence, such as medical records or employment records from before the date of the Qualifying Diagnosis, the sufficiency of which will be determined by the physician making the Qualifying Diagnosis. If no such corroborating documentary evidence exists, the Settlement Agreement contemplates that functional impairment be corroborated by a sworn statement from a person familiar with the Retired NFL Football Player's condition (other than the player or his family members). | Click the Respond to Deficiency button, go to Section 3 for Medical Records, click on the Upload Medical Records button and follow the instructions to upload medical records reflecting the Qualifying Diagnosis that show that the diagnosing physician considered documentary evidence of functional impairment. Make sure you also submit that evidence with your response. If you need to submit a third-party sworn affidavit from a person familiar with the Retired NFL Football Player's condition, go to https://www.nflconcussionsettlement.com/Forms.aspx to download a copy of this affidavit. | No |

| | | | |
|---|---|---|---|
| 4. | Settlement Agreement Exhibit A-1 requires that the Retired NFL Football Player exhibit functional impairment generally consistent with the criteria set forth in the National Alzheimer's Coordinating Center's Clinical Dementia Rating (CDR) scale Category 1.0 (for Level 1.5 Neurocognitive Impairment) or Category 2.0 (for Level 2 Neurocognitive Impairment) in the areas of Community Affairs, Home & Hobbies, and Personal Care.  Your medical records do not indicate that the diagnosing physician evaluated functional impairment in the area of Community Affairs. | Click the Respond to Deficiency button, go to Section 3 for Medical Records, click on the Upload Medical Records button and follow the instructions to upload medical records reflecting the Qualifying Diagnosis. For a Qualifying Diagnosis of Level 1.5 Neurocognitive Impairment or Level 2 Neurocognitive Impairment, the diagnosis must meet the criteria set forth in Settlement Agreement Exhibit 1 (subsections 1(a)(i)-(iv) or 2(a)(i)-(iv)) for diagnoses through the BAP, or must otherwise be based on evaluation and evidence generally consistent with the diagnostic criteria set forth in those subsections for diagnoses made outside of the BAP. The medical records must include evidence that these diagnostic criteria were followed. If the medical records you provide modify the date of the Qualifying Diagnosis, you must submit a new Diagnosing Physician Certification Form and update the Claim Form to reflect that new date. | No |
| 5. | Settlement Agreement Exhibit A-1 requires that the Retired NFL Football Player exhibit functional impairment generally consistent with the criteria set forth in the National Alzheimer's Coordinating Center's Clinical Dementia Rating (CDR) scale Category 1.0 (for Level 1.5 Neurocognitive Impairment) or Category 2.0 (for Level 2 Neurocognitive Impairment) in the areas of Community Affairs, Home & Hobbies, and Personal Care.  Your medical records do not indicate that the diagnosing physician evaluated functional impairment in the area of Personal Care. | Click the Respond to Deficiency button, go to Section 3 for Medical Records, click on the Upload Medical Records button and follow the instructions to upload medical records reflecting the Qualifying Diagnosis. For a Qualifying Diagnosis of Level 1.5 Neurocognitive Impairment or Level 2 Neurocognitive Impairment, the diagnosis must meet the criteria set forth in Settlement Agreement Exhibit 1 (subsections 1(a)(i)-(iv) or 2(a)(i)-(iv)) for diagnoses through the BAP, or must otherwise be based on evaluation and evidence generally consistent with the diagnostic criteria set forth in those subsections for diagnoses made outside of the BAP. The medical records must include evidence that these diagnostic criteria were followed. If the medical records you provide modify the date of the Qualifying Diagnosis, you must submit a new Diagnosing Physician Certification Form and update the Claim Form to reflect that new date. | No |

## III. HOW TO RESPOND TO THIS NOTICE

For any items shown in Section II with a Yes in the "Do I Have to Respond?" column, you need to send us the information or documents to cure the issue on or before the Response Deadline stated at the top of the Notice.  If you have any items in Section II with a No, you may send us the requested information or documents, or elect instead to have us review the Claim Package without those materials.   If you have both Yes and No items in Section II, you must respond to all Yes items before we can send you a determination on your claim, but you have the option whether to respond to any No items.

If you are submitting any new documents or information, you may do so using your secure online portal by clicking the Respond to Notice of Preliminary Review button, which will take you to the Claim Package submission screens that you used to submit the claim to us.  After you have finished supplementing records to your Claim Package or uploading new documents, click the Submit Claim Package for Review button at the bottom of the screen. We will review the Claim Package again using the new information or documents.

If all items in Section II have a No in the "Do I Have to Respond?" column and you want us to review your Claim Package as submitted without the additional materials, you can click the Review My Claim as Submitted button on your secure online portal and we will do that.  The Review My Claim as Submitted button will not be available to you if there are any Yes items in Section II, which means you must supplement your Claim Package as described above to cure those items before we will continue reviewing your Claim Package.

You have 120 days to respond to this Notice and/or provide the requested information or documents.  We will wait the full 120 days to re-review your Claim Package unless you (1) click the Submit Claim Package for Review button to confirm that you have finished responding, or (2) click the Review My Claim as Submitted button if it is available.  If you do not take action on or before the Response Deadline, we will assess your Claim Package based on the materials you already provided.

## IV. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance.  If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com.  If you are a lawyer, call or email your designated Firm Contact for assistance.  For more information about the Settlement Program visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.