# EXHIBIT 8



# NFL CONCUSSION SETTLEMENT

IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION
No. 2:12-md-02323 (E.D. Pa.)

## NOTICE OF DENIAL OF MONETARY AWARD CLAIM
DATE OF NOTICE: **June 5, 2018**
DEADLINE TO APPEAL: **July 5, 2018**

### I. SETTLEMENT CLASS MEMBER INFORMATION

| | |
|---|---|
| Settlement Program ID | 900003916 |
| Name | First / M.I. / Last |
| Settlement Class Member Type | Retired NFL Football Player |
| Lawyer | X1Law, PA |

### II. EXPLANATION OF CLAIM DETERMINATION

This Notice is an official communication from the Claims Administrator for the NFL Concussion Settlement Program. We reviewed your Claim Package and determined that you are not entitled to a Monetary Award because:

1. A member of the Appeals Advisory Panel reviewed your Qualifying Diagnosis based on principles generally consistent with the diagnostic criteria set forth in Exhibit A-1 (Injury Definitions), as set forth in Section 6.4(b) of the Settlement Agreement, and determined that the Retired NFL Football Player does not have the Qualifying Diagnosis indicated on the Diagnosing Physician Certification Form. The Appeals Advisory Panel member provided this explanation: It is not clear from the documentation that a severe decline in cognition is present. The chief complaint addressed by the diagnosing physician was headache; Dr. Morariu's clinical diagnosis was "mild cognitive impairment. The only documentation regarding cognition is an MMSE, on which the player obtained a normal score (missing only 1 of 30 items), and a clock-drawing test on which (based on MoCA clock scoring algorithm) he scored 2 of 3 points. The player reported current employment as a driver for a delivery company. This contradicts an inability to function normally in Community Affairs as would be required to assign a CDR score of 1 in that domain. There is no documentation of input from a knowledgeable informant, which is required for general consistency with published methods for CDR scoring. The electrophysiologic and vascular tests ordered and conducted by Dr. Morariu are not consistent with the methods for dementia diagnosis addressed in the American Academy of Neurology practice parameter for diagnosis of dementia (Knopman et al, 2001).

### III. YOUR RIGHT TO APPEAL THIS DETERMINATION

If you have a good faith belief that the decision to deny your Monetary Award claim is incorrect, you may appeal this determination to the Court under Section 9.5 of the Settlement Agreement. To do so, click the Appeal Denied Claim button on your secure online portal and follow the instructions provided. You must submit supporting evidence to support your appeal. Any written statement may not be more than 10 double-spaced pages. You must do so on or before the Deadline to Appeal stated at the top of this Notice.

If you decide to appeal, the Settlement Agreement requires you to pay an Appeal Fee of $1,000, which you can do using the online PayPal option or by check made payable to the NFL Claims Administrator. This fee will be refunded if your appeal is successful. If you are unable to pay the $1,000 fee, you may make a hardship request to us to waive the fee and will have to submit financial information showing a sufficient hardship.

If paying the $1,000 Appeal Fee by check, mail the check to the address below.
    NFL Concussion Settlement
    Claims Administrator
    P.O. Box 25369
    Richmond, VA 23260

The Special Master appointed by the Court will decide your appeal based upon a showing by you of clear and convincing evidence. The Special Master's factual determinations will be final and binding, but you or Co-Lead Class Counsel or the NFL Parties may object to any of the Special Master's conclusions of law, which will then be subject to de novo (*i.e.*, a new) review by the Court.

If an appeal is not submitted on or before the deadline stated at the top of this Notice, the determination in this Notice will become final.

### IV. CO-LEAD CLASS COUNSEL'S RIGHT TO APPEAL THIS DETERMINATION

Section 9.5 of the Settlement Agreement also gives Co-Lead Class Counsel the right to challenge our decision to deny your Monetary Award claim. If Co-Lead Class Counsel chooses to appeal, it must do so by the Deadline to Appeal stated at the top of this Notice and must provide a written copy of its Appeals Form and any supporting evidence to you, the NFL Parties, and us.

If an appeal is taken by you or Co-Lead Class Counsel, the NFL Parties may submit a written opposition (not to exceed 10 double-spaced pages) no later than 30 days after receipt of the Appeals Form. The party taking the appeal is not permitted to submit a reply.

Co-Lead Class Counsel may also submit a written statement (not to exceed 10 double-spaced pages) in response to your appeal no later than 15 days after receipt of the Appeals Form, and you and the NFL Parties may each submit a reply to any such submission by Co-Lead Class Counsel.

### V. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

If you are represented by a lawyer, consult with your lawyer if you have questions or need assistance. If you are unrepresented and have any questions about this Notice or need help, contact us at 1-855-887-3485 or send an email to ClaimsAdministrator@NFLConcussionSettlement.com. If you are a lawyer, call or email your designated Firm Contact for assistance. For more information about the Settlement program, visit the official website at www.NFLConcussionSettlement.com to read the Frequently Asked Questions or download a copy of the complete Settlement Agreement.

