UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO:<br><br>**PAUL R. TURNER**<br>as **PERSONAL REPRESENTATIVE**<br>of the **ESTATE OF KEVIN TURNER**<br><br>v.<br><br>**PODHURST ORSECK, P.A.**<br><br>LIEN ID: 664 | |

RESPONSE IN OPPOSITION TO
THE ESTATE OF KEVIN TURNER'S MOTION TO STRIKE RESPONSE OF
PODHURST ORSECK, P.A.

Podhurst Orseck, P.A. ("Podhurst") responds in opposition to the motion of the Estate of Kevin Turner ("Estate") (ECF No. 10426) to strike parts of Podhurst's response to the Estate's Objections to Magistrate Judge Strawbridge's Report and Recommendation concerning the fee dispute between Podhurst and the Estate.

The Estate's hairsplitting motion, seeking to excise specific lines from Podhurst's response, is emblematic of its unreasonable approach to this fee dispute. After repeatedly insisting—incorrectly—that Podhurst was not entitled to any fee under its contingency fee agreement ("CFA"), and then retreating in its Objection, based on a misreading of the applicable law, rules, and record, to a request for a dramatic cut to the already reduced fee the Special Master

recommended, the Estate's current motion yet again relies on a misunderstanding of applicable law in seeking to strike certain parts of Podhurst's response. The Notice of Joinder referenced in Podhurst's response and Podhurst's arguments concerning the Magistrate Judge's ruling on the 5% holdback—the two issues targeted in the Estate's motion—are properly before the Court as it reviews the Estate's misguided Objection. For the reasons that follow, the Estate's motion to strike should be denied.

## The Notice Of Joinder Is Properly Before The Court

The Notice of Joinder referenced in Podhurst's response is a statement signed by many of the leading firms representing Settlement Class Members that confirms a fact raised repeatedly in both Plaintiffs' Statement of Dispute (at 11) and at the hearing held before the Magistrate Judge in this lien dispute (10/3/18 Hr'g Tr. at 54, 103)—that it is and was the prevailing practice among Plaintiffs' firms, including Podhurst, not to maintain contemporaneous time records of the work performed on behalf of individual clients when working on a contingency basis. The Notice, moreover, was submitted to the Magistrate Judge before the Report and Recommendation was issued, even though the Magistrate Judge ultimately chose to not include it in the Dispute Record, as reflected in Exhibits A, B, and C to the Estate's Motion.[1]

Thus, the Notice, and more importantly, the ultimate fact it confirms concerning the reasonable explanation for the absence of contemporaneous time records, were not new arguments raised in response to the Estate's Objection. Rather, the evidence and arguments were squarely presented to the Magistrate Judge, who likewise acknowledged the central point of the Notice—

---

[1] The Estate relies heavily on the Amended Rules Governing Attorneys' Liens to argue that the Notice should be disregarded, but the Rules expressly permit parties to "request to include supplemental submissions in the Dispute Record" through a writing submitted to the Claims Administrator, just as Podhurst did. *See* Rule 18 of the Amended Rules Governing Attorneys' Liens.

that individually retained plaintiffs' attorneys "may not have prepared contemporaneous billing records given the terms of the CFA." (ECF No. 10368 at 19 n.10.) The cases that the Estate cites, all of which involve attempts to raise brand new issues in objections that were never presented to a magistrate judge, are therefore inapplicable. The Notice itself and the fact it confirms were all presented to the Magistrate Judge and thus should be considered by the Court.

### Podhurst's Argument On The 5% Holdback Is Properly Before The Court

The Estate also seeks to evade Podhurst's argument challenging the Report and Recommendation's mistaken treatment of the 5% holdback—that the holdback should have been proportionally allocated among the Estate and Podhurst, not charged solely to Podhurst. The Estate claims that the Court may not consider this argument because Podhurst did not file an objection to the Report and Recommendation. Again, however, the Estate's position is unavailing.

At a minimum, Podhurst's argument that the Report and Recommendation reduced its fee too much through the 5% holdback directly relates and responds to the Estate's contention that Podhurst's recommended fee is too high. Even if, contrary to the Magistrate Judge's extensive analysis, the Estate prevailed on its claim that the Report and Recommendation overvalued Podhurst's work, any reduction in Podhurst's fee would need to be offset by the mistaken amount of the 5% holdback charged to Podhurst.

As a matter of Third Circuit law, moreover, the Estate is simply wrong to claim that it was necessary for Podhurst to file an objection for the Court to consider and correct the Report and Recommendation's mistaken treatment of the 5% holdback. In fact, one of the cases the Estate cites—*Henderson v. Carlson*, 812 F.2d 874 (3d Cir. 1987)—rejects an inflexible waiver rule, holding that "the **better practice** is for the district judge to afford some level of review to dispositive legal issues raised by the report," even "in the absence of objections." *Id.* at 878

(emphasis added). Thus, regardless of the argument's responsiveness to the Estate's initial Objection, the Court may consider it.

Even though Podhurst retains its belief that its services to Mr. Turner merit a fee higher than the 15.5% the Magistrate Judge ultimately recommended, Podhurst chose to not file an objection, in the hope of bringing this protracted collateral litigation to a conclusion. Now that the Estate has prolonged the litigation and invited the Court's *de novo* review of the Report and Recommendation, however, there is no sound reason for the Court to ignore the clear mistake with respect to the 5% holdback, an issue that has broad consequences extending beyond this single fee dispute. The Local Rules contemplate such a circumstance where it would be unjust if the Court did not correct the issue. *See* E.D. Pa. Local R. 72.1(IV)(c) (allowing new issue not presented to the magistrate judge to be raised with district court if "the interest of justice requires it").[2]

For the foregoing reasons, the Estate's motion to strike should be denied.

---

[2] Of course, Podhurst cannot be faulted for failing to present the 5% holdback issue to the Magistrate Judge, and the Estate does not contend otherwise, because it is an issue that only arose from the Report and Recommendation itself.

4

DATED:  February 28, 2019                    Respectfully submitted,

                                                                              PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Ave, Suite 2300
Miami, FL 33131
Telephone: (305) 358-2800
Fax: (305) 358-2382

By: */s/ Steven C. Marks*
STEVEN C. MARKS
Fla. Bar. No. 516414
Email: smarks@podhurst.com
STEPHEN F. ROSENTHAL
Fla. Bar No. 131458
Email: srosenthal@podhurst.com
MATTHEW P. WEINSHALL
Fla. Bar No. 84783
Email: mweinshall@podhurst.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2019, I caused the foregoing document to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel and parties.

                                                                              */s/ Steven C. Marks*
                                                                              Steven C. Marks, Esq.