**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                              Plaintiffs,<br>         v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                                              Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Mokaram Law Firm v. Kelvin Smith<br>Attorney Lien Dispute<br>(Doc. No. 7872) | |

**EXPLANATION AND ORDER**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                                    March 11, 2019

      Before the Court is a Petition to Establish Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Kelvin Smith ("Smith"), which was filed on July 5, 2017 by Mokaram & Associates, PC ("Mokaram"). (Doc. No. 7872). On August 10, 2018, the Claims Administrator issued a Notice of Lien to Mr. Smith's current counsel, Banafsheh, Danesh & Javid, PC ("BD&J"). On August 13, 2018, the Claims Administrator issued a Notice of Monetary Award Claim Determination.

      The District Court referred all Petitions for individual attorney's liens to this Court. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283). Pursuant to Rule 12, Mokaram and

BD&J (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this Dispute and subsequently consented to jurisdiction by a Magistrate Judge.  Accordingly, this Opinion will serve as the final decision of the Court concerning this dispute.

On November 16, 2018, pursuant to Rule 24, the Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal").  The signed agreement clearly indicates the percentage of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future.  Upon review of the Withdrawal and the circumstance that a negotiated agreement was reached by informed and clearly interested counsel, we find that the agreement reached here was reasonable.  In light of the contingency fee agreement and the lists of itemized costs submitted by both firms, we conclude that each firm is entitled to the costs asserted and that the fees to be paid to each firm are reasonable and collectively within the percentage allowed under the 22% Presumptive Fee Cap imposed by the District Court.  (Doc. No. 9863).

Accordingly, we conclude that the Withdrawal shall be granted.  The Claims Administrator is ordered to distribute the attorneys' fees and costs to Mokaram and to BD&J as was set forth in the Withdrawal.[1]

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court.  The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

**AND NOW**, this 11th day of March, 2019, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and

2. The Claims Administrator is **ORDERED** to disburse the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE