# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | Case No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>     Plaintiffs,<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>     Defendants. | **Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## REPLY TO CLAIMS ADMINISTRATOR'S RESPONSE TO RETIRED NFL PLAYERS' MOTION TO STOP MULTIPLE AUDITS OF SETTLEMENT CLASS MEMBERS THAT VIOLATE THE SETTLEMENT AGREEMENT

      Retired NFL Players Identified by their SCM Program ID's in their Motion (collectively "Movants") file this Reply to the Claims Administrator's Response (the "Response") [ECF No. 10488] to the Motion for Court Intervention to Stop Multiple Audits of Settlement Class Members that Violate the Settlement Agreement and incorporated Memorandum of Law (the "Motion"), and in support state as follows:

**The Settlement Agreement does not allow for the Claims Administrator to conduct multiple audits of the same Claim, and the Claims Administrator's Response fails to cite anything that provides such authority.**

The Claims Administrator's[1] twenty-seven page Response can be summarized by the fact that it fails to identify a single sentence in the Settlement Agreement or Rules Governing the Audit of Claims (the "Audit Rules") that permits multiple audits of the same Claim. No such authority exists or was provided to the Claims Administrator.

The Response contains numerous pages explaining the process and, in doing so, cites many rules and sections of the Settlement Agreement in an attempt to must support for its misapplication of the clear terms and conditions contained in the Settlement Agreement and Audit Rules. However, not one term of the Settlement Agreement or Audit Rules provides authority for multiple audits. The Response sometimes postures as though there is support, citing a ruling by the Special Master or an Audit Rule, but there is none.

While lacking authority, the Response contains numerous misstatements of fact regarding X1Law that were not corrected by the Claims Administrator's Amended Response. The Response (and Amended Response) further misstates the relief requested by Movants and paints advocacy as dissention - attempts to "circumvent established processes." These are all distractions from the heart of the issue – the Claims Administrator's application of the Settlement Agreement and Audit Rules that allows it to conduct multiple audits are not "mere processes" of administering Claims to follow blind. Multiple audits of the same Claim is a substantive change to the Settlement Agreement and eliminates Movants due process rights.

Movants filed a timely Motion for Extension of Time to file their Reply to address the inaccurate statements in the Claims Administrator's twenty-eight page Response and Amended

---

[1] The defined terms in this Motion have the same meaning as the defined terms in the Settlement Agreement.

Response in detail. As of the deadline to file a Reply no extension has been granted.

**Movants only request that the Settlement Agreement be followed.**

Movants requested the following relief from the Court: "that the Court require that the Settlement Agreement be enforced according to its terms and enter an order directing the Claims Administrator to release Movants' Claims from Audit and precluding the Claims Administrator from conducting multiple Audits of the same Claim."

**Section 10.3(h) explains what happens when an audit ends.**

The Claims Administrator repeatedly states by supposition, conjecture and unsupported assertion that it has authority to do things that are not provided for under the Settlement Agreement but fails to cite to the language that provides such authority. Moreover, in all 28 pages of the Response, the Claims Administrator failed to address Section 10.3(h):

> (h) If, upon completion of an audit, the Claims Administrator determines that there has not been a misrepresentation, omission, or concealment of a material fact made in connection with the claim, the process of issuing a Monetary Award or Derivative Claimant Award, subject to appeal, will proceed.

*See* Settlement Agreement, ECF No. 6481-1, p. 61.

On page 21 of the Response, the Claims Administrator cites the Motion implying that Movants took an unsupported position: "When the Claims Administrator concludes an audit of a claim without making a determination of fraud, the audit process ... is over" and "[t]he process of issuing a Monetary Award is not subject to a second audit of the claim, or a re-audit of the same records and information . . .." Contrary to the implication, Movants paraphrase Section 10.3(h) which states exactly what happens at the end of an Audit.

**Inaccurate Facts Regarding X1Law**

X1Law requires additional time to flesh out all of the inaccuracies alleged in the Response. However, X1Law briefly points out that it did not "change the claims" or provide new information or attempt to bamboozle the Claims Administrator. X1Law contacted the Claims administrator and was discussing these very issues, which were not clear, in July and August of 2017 as demonstrated in the Declarations of Claims Administrator in September 2017. X1Law followed the direction of the Claims Administrator. *See* Declaration of Orran L. Brown, Sr., ECF No. 8432-1, p. 3.

**Conclusion**

The Claims Administrator is not allowed to conduct multiple audits. It has other powers to investigate fraud and take measure to protect the process but it cannot apply the Settlement Agreement in a manner which eliminates due process rights.

Dated:  March 21, 2019

Respectfully Submitted,

Patrick J. Tighe
Attorneys for Plaintiffs/Movants
X1LAW, P.A.f/k/a Patrick J. Tighe, P.A.
721 US Highway 1, Ste 121
North Palm Beach, FL 33408
Phone: 561-537-3319
Fax: 561-537-7193
Pat@X1LAW.com
Florida Bar No. 568155

Attorneys for Plaintiffs/Movants
MGS LAW, P.A.
601 Heritage Drive, Suite 141
Jupiter, FL  33458
Phone: 561-620-5460
michael@mgs2law.com
Florida Bar No. 0783471

*s/ Michael St. Jacques*
Michael G. St. Jacques, II

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2019, the foregoing document was electronically filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, and that the filing is available for downloading and viewing from the electronic court filing system by counsel for all parties.

**MGS LAW, P.A.**

*s/ Michael St. Jacques*
**MICHAEL G. ST. JACQUES, II**