IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                    Plaintiffs,<br>    v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                                   Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Attorney David Buckley, PLLC v. Earl Cochran<br>Attorney Lien Dispute<br>(Doc. No. 10287) | |

**EXPLANATION AND ORDER**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                            March 22, 2019

      Before the Court is a Petition to Establish Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Earl Cochran ("Cochran"), which was filed on October 9, 2018 by Attorney David Buckley, PLLC ("Buckley"). (Doc. No. 10287). On November 6, 2018, the Claims Administrator issued a Notice of Lien to Cochran. On October 12, 2018, the Claims Administrator issued a Notice of Monetary Award Claim Determination.

      The District Court referred all Petitions for individual attorney's liens to this Court. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283). Pursuant to Rule 12, Cochran and

Buckley (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this Dispute. On January 16, 2019, the Court was notified that the Parties consented to jurisdiction by a Magistrate Judge. (Doc. No. 10379). Accordingly, this Opinion will serve as the final decision of the Court concerning this dispute.

On January 7, 2019, pursuant to Rule 24, the Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal"). The signed agreement clearly indicates the portion of the Award currently withheld for attorneys fees and costs that Buckley will receive and what will be released to Cochran, as well as the parties' agreement as to how to disburse any portion of the 5% holdback that may be released in the future. Upon review of the Withdrawal and the circumstance that a negotiated agreement was reached by informed and clearly interested parties, we find that the agreement reached here was reasonable. In light of the Buckley contingency fee agreement and the lists of itemized costs submitted by Buckley, which has been the subject of negotiation between the parties, we conclude that Buckley is entitled to the costs agreed upon and that the fees to be paid to Buckley are reasonable and within the percentage allowed under the 22% Presumptive Fee Cap imposed by the District Court. (Doc. No. 9863).

Accordingly, we conclude that the Withdrawal shall be granted. The Claims Administrator is ordered to distribute the attorneys' fees and costs to Buckley and Cochran as was set forth in the Withdrawal.[1]

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

**AND NOW**, this  22nd     day of  March, 2019, it is **ORDERED** that:

1.	The Withdrawal of the Lien Dispute is **GRANTED**; and

2.	The Claims Administrator is **ORDERED** to disburse the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.


BY THE COURT:


/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE