**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>　　　　　　　　　　　　　　　Plaintiffs,<br>　　v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>　　　　　　　　　　　　　　　Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Pope McGlamry, P.C. v. Verron Haynes<br>Attorney Lien Dispute<br>(Doc. No. 7257) | |

**EXPLANATION AND ORDER**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE　　　　　　　　　　　　　　　　　　　April 2, 2019

　　　　Before the Court is a Petition to Establish Attorney's Lien ("Lien") seeking attorneys' fees and costs from any Monetary Claim to be paid to Settlement Class Member Verron Haynes, which was filed on March 7, 2017 by Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C., now Pope McGlamry, P.C. ("Pope"). (Doc. No. 7257). On March 15, 2018, the Claims Administrator issued a Notice of Lien to Mr. Haynes. On November 20, 2018, the Claims Administrator issued a Post-Appeal Notice of Monetary Award Claim Determination.

　　　　The District Court referred all Petitions for individual attorney's liens to this Court. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283). Pursuant to Rule 12, Mr. Haynes and Pope (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a

final Order to resolve this Dispute. On January 17, 2019, the Court was notified that the Parties consented to jurisdiction by a Magistrate Judge. (Doc. No. 10380). Accordingly, this Opinion will serve as the final decision of the Court concerning this dispute.

Following settlement discussions presided over by Magistrate Judge Timothy R. Rice, this Attorney Lien Dispute has been resolved to the satisfaction of the Parties. On March 19, 2019, pursuant to Rule 24, the Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal"). The signed agreement clearly indicates the portion of the Award currently withheld for counsel fees that Pope will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future. Upon review of the Record and the Withdrawal, and given the circumstance that a negotiated agreement was reached by informed and clearly interested parties with the involvement of Judge Rice, we find that the agreement reached here was reasonable. In light of the contingency fee agreement, we conclude that the fees to be paid to Pope are reasonable and within the percentage allowed under the 22% Presumptive Fee Cap imposed by the District Court. (Doc. No. 9863).

Accordingly, we conclude that the Withdrawal shall be granted. The Claims Administrator is ordered to distribute the attorneys' fees to Pope and the balance to Mr. Haynes as was set forth in the Withdrawal.[1]

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

**AND NOW**, this 2nd     day of April, 2019, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and

2. The Claims Administrator is **ORDERED** to disburse the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE