# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                              Plaintiffs,<br>     v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                              Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Podhurst Orseck, P.A. v. Jeff Herrod<br>Attorney Lien Dispute<br>(Doc. No. 7064) | |

## EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                April 4, 2019

      Before the Court is a Notice of Attorney's Lien ("Lien") seeking attorneys' fees and costs from any Monetary Claim to be paid to Settlement Class Member Jeff Herrod, which was filed on January 6, 2017 by Podhurst Orseck, P.A. ("Podhurst"). (Doc. No. 7064). On October 18, 2018, the Claims Administrator issued a Notice of Lien to Mr. Herrod's current counsel, Neurocognitive Football Lawyers, PLLC ("Neurocognitive Lawyers"). On January 16, 2019, the Claims Administrator issued a Notice of Monetary Award Claim Determination.

      The District Court referred all Petitions for individual attorney's liens to this Court. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283). Pursuant to Rule 12, Podhurst and

Neurocognitive Lawyers (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this Dispute. On March 7, 2019, the Court was notified that the Parties consented to jurisdiction by a Magistrate Judge. (Doc. No. 10512). Accordingly, this Opinion will serve as the final decision of the Court concerning this dispute.

In separate submissions of March 21 and 22, 2019, and pursuant to Rule 24, the Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal"). The signed agreement clearly indicates the portion of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future. Upon review of the Withdrawal and the circumstance that a negotiated agreement was reached by informed and clearly interested counsel, we find that the agreement reached here was reasonable. In light of the contingency fee agreements and the list of itemized costs submitted by Neurocognitive Lawyers, we conclude that Neurocognitive Lawyers is entitled to the costs asserted and that the fees to be paid to each firm are reasonable and collectively within the percentage allowed under the 22% Presumptive Fee Cap imposed by the District Court. (Doc. No. 9863).

Accordingly, we conclude that the Withdrawal shall be granted. The Claims Administrator is ordered to distribute the attorneys' fees and costs to Podhurst and Neurocognitive Lawers as was set forth in the Withdrawal.[1]

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

**AND NOW**, this 4th      day of April, 2019, it is **ORDERED** that:

1.	The Withdrawal of the Lien Dispute is **GRANTED**; and

2.	The Claims Administrator is **ORDERED** to disburse the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:


 /s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE