IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Hon. Anita B. Brody |

**ORDER PURSUANT TO SETTLEMENT IMPLEMENTATION DETERMINATION**

Before this Court is an objection from a finding by the Special Master that the Special Master is not required to consult with a member of the Appeals Advisory Panel (AAP) and/or an Appeals Advisory Panel Consultant (AAPC)[1] when reviewing claims that "turn on technical, medical grounds."[2] The NFL Parties have objected to this decision by the Special Master, and ask this Court to reverse the Special Master's decision on 17 claim appeals.[3] Specifically, the

---

[1] The AAP consists of five board-certified neurologists, board-certified neurosurgeons, and/or other board-certified physicians agreed to and jointly recommended by Co-Lead Class Counsel and Counsel for the NFL Parties, and appointed by the Court. Settlement § 2.1(g). The AAPCs are three neuropsychologists meeting certain professional qualifications and agreed to and jointly recommended by Co-Lead Class Counsel and Counsel for the NFL Parties, and appointed by the Court. Settlement § 2.1(h).

[2] The Special Master's decision was in response to a June 28, 2018 letter sent by the NFL Parties to the Special Masters. The letter argued that "[t]he intent of the Settlement Agreement was that the Court (or the Special Master when designated for appeals) would consult with AAPs and AAPCs on medical issues when reviewing claim appeal determinations." NFL's Letter at 1-2.

[3] The NFL Parties appeal with respect to the claims of SPIDs 100000070, 100002497, 100002712, 100003221, 100004486, 100004715, 100004758, 100005721, 100006765, 100008030, 100008258, 100009422, 100013190, 100016955, 250002398, 950000043, and 950003710. The NFL also objected to five of these claims on the ground that the Special Master mis-applied the "generally consistent" standard for Qualifying Diagnoses made by MAF Physicians. Four of these objections have been withdrawn. *See* ECF No. 10370.

NFL Parties argue that it was an abuse of discretion for the Special Master not to consult a member of AAP and/or an AAPC when deciding these 17 claim appeals.

The Court reviews de novo any objections to conclusions of law from its Special Masters. *See* ECF No. 6871 at 4-5 (appointing the Special Masters and defining their roles). "The decision of the Court will be final and binding." Settlement Agreement § 9.8.

In my decision, I am bound by the terms of the NFL Concussion Class Action Settlement Agreement ("Settlement"). The Settlement, discussing appeals of claim determinations, states:

> The Court will make a determination based upon a showing by the appellant of clear and convincing evidence. The Court may be assisted, in its discretion, by any member of the Appeals Advisory Panel and/or an Appeals Advisory Panel Consultant. The decision of the Court will be final and binding.

Settlement Agreement § 9.8. The Settlement Agreement thus unambiguously states that deciding whether to consult a member of the AAP and/or an AAPC is within the complete discretion of the Special Masters.[4] If the parties wished for compulsory AAP or AAPC review of certain claim appeals, they could have put this in writing.[5] Because the parties did not include this in the Settlement, but rather left the decision whether to consult a member of the AAP and/or an AAPC within the discretion of the Court and the Special Masters, I may only disturb the Special Master's decision on AAP consultation if it was an abuse of discretion.

"An abuse of discretion occurs only where the district court's decision is 'arbitrary, fanciful, or clearly unreasonable'—in short, where 'no reasonable person would adopt the district

---

[4] To the extent that the NFL Parties continue to argue that it was the parties' intent when negotiating the Settlement that this Court's discretion to consult a member of the AAP and/or an AAPC would not be unfettered, this is irrelevant because the Settlement language is unambiguous. *See Greenfield v. Philles Records, Inc.*, 780 N.E.2d 166, 170 (N.Y. 2002) ("Extrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous.").

[5] Indeed, the Settlement Agreement unambiguously states that a member of the AAP must review certain Qualifying Diagnoses made prior to the effective date. Settlement Agreement § 6.4.

court's view." *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010) (quoting *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009)). I find that the Special Master did not abuse his discretion in deciding the claims subject to this objection. The decision to not consult an AAP member and/or an AAPC was within the range of reasonable choices available to the Special Master. It was not "arbitrary, fanciful, or clearly unreasonable" for the Special Master to decide that he was capable of reviewing these claim appeals, including technical medical evidence, without outside assistance.

In the process of considering this objection, the Court conducted a careful and thorough review of the seventeen claims at issue, including the submissions of the neuropsychologists and neurologists who examined each Settlement Class Member and the third-party affidavits addressing Settlement Class Members' functional impairment. The Court has determined that the claims subject to this appeal which are based on Qualifying Diagnoses by MAF Physicians would benefit from application of the revised Rules Governing Qualified MAF Physicians, adopted on April 11, 2019. *See* ECF No. 10527. These claims will be remanded to the Claims Administrator for application of the revised Rules. The Claims Administrator, with the approval of the Special Masters, is to determine the proper next steps for each claim pursuant to the revised procedures.

AND NOW**,** this \_\_\_\_ day of April, 2019, it is **ORDERED** that:

- The NFL Parties' objection is **DENIED**. Based on a review of the Special Master's Ruling, a review of the NFL Parties' objection, and a review of the oppositions to the NFL Parties' objection, including oppositions filed by Co-Lead Class Counsel and by individual Class Members, I approve and adopt the conclusions in Special Master Pritchett's Ruling.

- The claims for the following Settlement Class Members are **REMANDED** to the Claims Administrator: SPID 100000070, SPID 100004758, SPID 100009422, SPID 100013190, SPID 100005721, SPID 100008030, SPID 100008258, SPID 100002712, SPID 100016955, SPID 250002398, SPID 100002497, SPID 100003221, SPID 100004486, SPID 950000043.

- The Claims Administrator is ordered to pay the claims for the following Settlement Class Members, which arose from BAP diagnoses and are not subject to the revised Rules Governing Qualified MAF Physicians: SPID 100006765, SPID 950003710.

- The Court reserves decision on the claim submitted by SPID 100004715, pending results of an inquiry by the Special Investigator.

    s/Anita B. Brody

    _____
    ANITA B. BRODY, J.

4/12/2019

Copies VIA ECF   4/12/2019