IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| ADRIAN L. ROBINSON, SR., et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE, et al.,<br><br>  Defendants. | No. 17-cv-2736-AB |

**PARTIES' JOINT PROPOSED
DISCOVERY PLAN UNDER RULE 26(f)**

Defendants National Football League, the National Football League Foundation, and NFL Properties LLC (collectively, the "NFL Defendants"); Defendants Riddell, Inc., Riddell Sports Group, Inc., All American Sports Corp., BRG Sports, Inc., BRG Sports, LLC, EB Sports Corp., and BRG Sports Holdings Corp. (collectively, "Riddell Defendants"); and Plaintiffs respectfully submit the following joint proposed discovery plan under Rule 26(f) of the Federal Rules of Civil Procedure.

**I.      Rule 26(a) Disclosures**

Counsel anticipate completing the self-executing disclosures on _____, as required by Rule 26(a).

**Plaintiffs' Position:** Plaintiffs, subject to and without waiving arguments that federal jurisdiction does not exist, disagree that a stay of discovery is appropriate. At a minimum, permitting initial written and non-party discovery would come at little detriment to the Defendants and would go a long way to mitigate the prejudicial impact of delays on Plaintiffs. Indeed, as we pointed out after filing our motion to remand, there is a substantial concern that documents are being lost and purged already in the case of many non-parties. This is not a problem that will go away or lessen with time.

Further, motions to stay are generally disfavored. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). As this District has recognized, stays are "rarely appropriate when the pending motion will not dispose of the entire case." *Keystone Coke Co. v. Pasquale*, No. 97-cv-6074, 1999 WL 46622 at *2 (E.D. Pa. Jan. 7, 1999). Exactly so here: either the case will continue in state court and can advance toward a conclusion with discovery already ongoing, or it will remain (in whole or in part) here. There is no colorable argument that Defendants NFLP, NFLC, and Riddell enjoy preemption. Thus, under any circumstance, this discovery will be important. "Had the drafters of the Federal Rules of Civil Procedure wanted an automatic stay of discovery pending a [dispositive motion], they could have so provided." *See, e.g., Coca-Cola Bottling Co. of Lehigh Valley v. Grol*, No. 92-7601, 1993 WL 13139559 at *2 (E.D. Pa. Mar. 8, 1993). Defendants, who bear the burden on such an issue, cannot show that such a stay "is unlikely to significantly expedite the litigation, and may actually slow it down ..." *See Cohn v. Taco Bell Corporation,* 147 F.R.D. 154, 161–162 (N.D. Ill. 1993) (denying motion to stay discovery where the stay would prolong discovery, the success of the motion to dismiss was speculative, and the motion to dismiss would not dispose of the entire case even if successful). *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996). Plaintiffs took care only to advance claims only against Defendants that did not enjoy the LMRA-preemption defense that the Defendants have nonetheless attempted.

Accordingly, and subject to and without waiving any jurisdictional arguments, Plaintiffs respectfully submit that the Rule 26(a)(1)(A)-(D) initial disclosures should be exchanged as the rule requires (*see* 26(c)), within 14 days after the Rule 26(f) conference. *Further, Plaintiffs believe it is appropriate and request to immediately begin issuing non-party subpoenas and preliminary written discovery to the Defendants.*

**NFL Defendants' Position**: The NFL Defendants respectfully submit that Rule 26(a) Disclosures are premature at this stage given: (i) the Court's current stay of discovery (*see* CMO #1 ¶ 13, ECF No. 4; Order ¶ 19, ECF No. 7477); (ii) Plaintiffs' pending motion to remand (*see* ECF Nos. 7945, 8406, 8947; *see also* Order, ECF No. 8450); and (iii) the NFL Defendants' intent to file a motion (or motions) to dismiss Plaintiffs' claims at the appropriate juncture.[1]

---

[1] Although the NFL Defendants' briefing in support of their motion to dismiss the claims of opt-out litigants argued that Plaintiffs' claims also should be dismissed for the reasons set forth therein (*see* ECF Nos. 8403-1 at 6 n.4, 8404-1 at 6 n.4, 9664 at 1 n.1, 9665 at 32 n.19), the Court held that it would not consider those arguments because Plaintiffs did not have the opportunity to respond to them. (Order at 1, Mar. 6, 2018, ECF No. 9758.) As such, to the extent that Plaintiffs' motion to remand is not granted, the NFL Defendants anticipate filing a motion (or motions) to dismiss Plaintiffs' complaint in this matter (the "Complaint") on

**Plaintiffs offer no compelling reason to depart from this Court's longstanding practice since the inception of this multidistrict litigation of staying discovery during initial motion practice. Indeed, there is none. To the extent that Plaintiffs' claims are not remanded, the NFL Defendants anticipate filing a motion (or motions) to dismiss Plaintiffs' claims on preemption grounds and for failure to state a claim. Engaging in discovery during the pendency of those dispositive motions would be a waste of resources for the parties as well as the third parties Plaintiffs say they intend to subpoena. Furthermore, the NFL Defendants believe Plaintiffs' conclusory and unsupported assertion that documents are being lost or purged is without merit.**

**Notwithstanding this position, if the Court wishes for the parties to proceed, the NFL Defendants respectfully submit that the parties complete their 26(a) initial disclosures by May 17, 2019.**

**<u>Riddell Defendants' Position</u>: Like the NFL Defendants, and for the same reasons as the NFL Defendants have explained, the Riddell defendants submit that Rule 26(a) disclosures are premature. Discovery is currently stayed and the plaintiffs' motion to remand has been fully briefed. Additionally, it is Riddell's position that the plaintiffs' claims should be dismissed for the reasons discussed in Riddell's pending motions to dismiss (ECF Nos. 9575, 9574.)[2]**

II.  **Discovery Subjects**

   A.   Counsel agree that unless otherwise stipulated by the parties or ordered by the court, discovery shall proceed in accordance with the Federal Rules of Civil Procedure. This includes the amendments to the Federal Rules regarding electronic discovery effective December 1, 2006. If the parties agree to modifications to this default position, please list:

---

**the grounds that (i) Plaintiffs' claims are preempted under Section 301 of the Labor Management Relations Act ("LMRA"), and (ii) Plaintiffs' Complaint fails to state a claim.**

[2]  **It is the Riddell Defendants' position that their pending motions to dismiss apply to the claims of the Robinson plaintiffs. However, to the extent that the Court finds that it will not consider the currently pending motions to dismiss with respect to the Robinson plaintiffs—as the Court found with respect to the NFL (ECF No. 9758)—the Riddell defendants anticipate filing motions to dismiss on the grounds that (i) the plaintiffs' claims are preempted under Section 301 of the Labor Management Relations Act ("LMRA"), and (ii) the plaintiffs' Complaint fails to state a claim.**

3

**Plaintiffs' Position**:  Plaintiffs allege a very lengthy conspiracy in significant detail, and not simply amongst these named Defendants, but also, with a number of other private persons and outside entities.  A description of every discovery effort Plaintiffs plan to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued.  Plaintiffs note that due to the evolving nature of discovery on their conspiracy claim, there is a high likelihood that enlarged time will be necessary.  Further, Plaintiffs will likely seek a discovery plan in conformance with Pennsylvania discovery rules (as opposed to the federal rules), should this Court grant her pending remand motion.

**Defendants' Position**:  Defendants respectfully submit that any discovery would be premature at this stage given (i) the Court's current stay of discovery; (ii) Plaintiffs' pending motion to remand; (iii) Defendants' intent to file motions to dismiss Plaintiffs' claims at the appropriate juncture;[3] and (iv) the complexity of this litigation.  Notwithstanding this position, Defendants propose, at minimum, the modifications to the Federal Rules of Civil Procedure, and local rules, concerning discovery described below.

       1.      Document Requests

**Plaintiffs' Position**:   Plaintiffs maintain their position that no federal jurisdiction exists over this action.  Subject to and without waiving these arguments, Plaintiffs will serve requests for production or inspection within the discovery period in accordance with the Federal Rules of Civil Procedure and Local Rules.

**Defendants' Position**:  Without prejudice to Defendants' contention that discovery is premature, Defendants propose that:  (i) Defendants, and the Plaintiffs (in aggregate), each should be limited to 25 requests for production of documents, including subparts; and (ii) to the extent future circumstances warrant additional requests for the production of documents, Defendants reserve their rights to obtain leave of the Court or to stipulate to such additional requests for the production of documents. Defendants propose that Plaintiffs, who are all represented by the same counsel, be required to prepare a single master set of document requests, served on behalf of all Plaintiffs.

---

[3] **The Riddell Defendants' "intent" to file depends on whether the Court finds that it will not consider the currently pending motions with respect to the Robinson plaintiffs. For simplicity in this joint Rule 26 plan, the Riddell defendants will not continue to include this footnote wherever this plan refers to the Defendants' intent to file further motions to dismiss.**

2. Interrogatories

Parties' Position: Subject to the below, the parties agree that Plaintiffs will be treated as a single party for purposes of the 25-interrogatory limit under Federal Rule of Civil Procedure 33(a). As explained below, the parties disagree on whether Plaintiffs should be permitted to serve 25 interrogatories total, or 25 interrogatories on each individual Defendant entity.

**Plaintiffs' Position: Plaintiffs maintain that neither diversity nor federal question jurisdiction exists over this action. To the extent that Plaintiffs can proceed with discovery just it would have occurred, had this action not been improvidently removed, Plaintiffs will serve written interrogatories within the discovery period in accordance with the Federal Rules of Civil Procedure and Local Rules. The number of interrogatories served upon each Defendant will be limited to twenty-five (25), absent stipulation or leave of court. Requests to exceed the limits set forth in Rule 33 of the Federal Rules must be made and approved by the court within the discovery period in accordance with the Federal Rules of Civil Procedure and Local Rules.**

**Defendants' Position: Without prejudice to Defendants' contention that discovery is premature, Defendants propose that: (i) Defendants, and the Plaintiffs (in aggregate), each should be limited to 25 interrogatories, including discrete subparts, as provided in Rule 33(a) of the Federal Rules of Civil Procedure, and that contention interrogatories should be included in the 25 interrogatory limit; and (ii) to the extent future circumstances warrant additional interrogatories, Defendants reserve their rights to obtain leave of the Court or to stipulate to such additional interrogatories. Defendants propose that Plaintiffs, who are all represented by the same counsel, be required to prepare a single master set of interrogatories, served on behalf of all Plaintiffs.**

3. Requests for Admission

**Plaintiffs' Position: Plaintiffs maintain that neither diversity nor federal question jurisdiction exists over this action. To the extent that Plaintiffs can proceed with discovery just would have been the case, had this action not been improvidently removed, Plaintiff will serve requests for admission within the discovery period, in accordance with the Federal Rules of Civil Procedure and Local Rules. Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2), without prejudice to any conflicting Pennsylvania procedural rules, which Plaintiff maintain control this action.**

**Defendants' Position: Without prejudice to Defendants' contention that discovery is premature, Defendants propose that: (i) Defendants, and the Plaintiffs (in aggregate), each should be limited to 50 requests for admission; and (ii) to the extent future circumstances warrant additional requests for admission,**

**Defendants reserve their rights to obtain leave of the Court or to stipulate to such additional requests for admission. Defendants propose that Plaintiffs, who are all represented by the same counsel, be required to prepare a single master set of requests for admission, served on behalf of all Plaintiffs.**

      4.      Depositions

<u>Parties' Position</u>: To the extent this matter proceeds before this Court, without prejudice to Plaintiffs' contention that no federal jurisdiction exists and Defendants' contention that discovery is premature at this stage, the parties propose that fact witness depositions will be taken within the discovery period in accordance with the Federal Rules of Civil Procedure and Local Rules. Each fact witness deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court. The parties also propose that: (i) the total number of depositions, including third-party witnesses (excluding expert witnesses), should be determined at a future date; and (ii) the number and length of expert depositions will be determined after disclosure of such experts by the parties. To the extent this matter proceeds in state court, the parties reserve all rights to pursue discovery in accordance with applicable rules.

      5.      Supplementation

<u>Parties' Position</u>: The parties' duty to supplement their disclosures and discovery responses will be ongoing and shall be made within a reasonable time after additional information becomes known, in accordance with the Federal Rules of Civil Procedure, and in no event later than 30 days before the discovery cutoff.

      6.      Privileged Designations

**<u>Plaintiffs' Position</u>: Plaintiffs disagree with Defendants' position but appreciate that privilege designations in this case raise numerous complex issues that are best addressed cooperatively, and with additional time. Because a reasonable compromise as to the scope, nature, breadth, and time-period of privilege logs may be possible, Plaintiffs ask that the Court defer on this issue for at least 60 days following the Rule 16 conference, during which time, the parties will work to reach further consensus on various discovery matters.**

**<u>Defendants' Position</u>: Defendants propose that privileged documents created on or after the commencement of the first concussion-related litigation, *Maxwell, et al.* v. *National Football League, et al.*, BC465842 (Ca. Super. Ct.), on July 19, 2011 need not be listed on a privilege log. Defendants are willing to meet and confer with Plaintiffs at an appropriate time in an effort to resolve this issue without burdening the Court, but they respectfully submit that it is premature to meet and confer at this juncture in light of Plaintiffs' pending motion to remand and Defendants' anticipated motions to dismiss Plaintiffs' claims.**

7. Production Formats

**Plaintiffs' Position**:   **With respect to Plaintiffs' position(s) on privilege logs,** *see* **Plaintiffs' Position No. 6. Related, and with specific attention to ESI, document-production format, and other issues that will need to be addressed irrespective of forum, Plaintiffs propose that the parties report back to the Court with proposed solutions within 60 days.**

**Defendants' Position**:   **Defendants are willing to meet and confer with Plaintiffs at an appropriate time concerning the format and scope of privilege logs and the production format of documents, including electronically stored information, but they respectfully submit that it is premature to meet and confer at this juncture in light of Plaintiffs' pending motion to remand and Defendants' anticipated motions to dismiss Plaintiffs' claims.**

B. Counsel agree that the subjects for discovery include:

**Plaintiffs' Position: Plaintiffs maintain that neither diversity nor federal question jurisdiction exists.  To the extent that Plaintiffs can proceed with discovery just as would had this action not been improvidently removed, based on information presently available (e.g., reserving all rights to pursue additional discovery), will need discovery on the following subjects from Defendants and third parties:**

- **Defendants' knowledge of single and repetitive head-trauma's link to neurodegenerative disease and/or pathology;**
- **Defendants' knowledge of contact-sports' association with neurodegenerative disease and/or pathology;**
- **Defendants' public statements on football's actual or possible neurological risks;**
- **Defendants' investigations of risk-mitigation (related to head injury);**
- **Consensus and knowledge regarding head-trauma's link to neurodegenerative disease and/or pathology;**
- **Consensus and knowledge regarding contact-sports' association with neurodegenerative disease and/or pathology;**
- **Defendants' investigations of and/or knowledge of**
- **Defendants' engagement(s) of outside individuals (*inter alia* David Viano) and organizations with respect to risk-mitigation (*inter alia* NOCSAE, Biokinetics Ltd.; Riddell, Inc.);**
- **Defendants' knowledge of NFL Disability claims related to concussion and/or head-injury and/or MTBI;**
- **Defendants' youth-marketing efforts;**

- **Defendants' respective roles in funding studies related to head-injury and protective equipment;**
- **Defendants' agreements to indemnify non-parties participating in research and/or product development and/or football safety and/or football-equipment safety on their individual or collective behalf; and**
- **Defendants' lobbying efforts.**

**NFL Defendants' Position**: Without prejudice to the NFL Defendants' contention that discovery is premature, the NFL Defendants, at a minimum, and with full reservation of their rights to seek additional discovery, will need discovery on the following subjects from Plaintiffs and third parties:

- **History of Adrian Robinson's football participation at all levels of play;**
- **Medical history (including head injuries) of Adrian Robinson;**
- **Medical histories of Adrian Robinson's genetically-related family members;**
- **Causes, symptoms, and risk factors for Adrian Robinson's alleged injuries;**
- **Adrian Robinson' and Plaintiffs' understanding or knowledge of Adrian Robinson's alleged injuries;**
- **Any risks of playing football and Adrian Robinson's and Plaintiffs' understanding or knowledge of those risks;**
- **Adrian Robinson's understanding of tackling methodologies;**
- **Return to play decisions and guidelines in athletic participation;**
- **Adrian Robinson's knowledge of NFL Defendants' public statements alleged in the Complaint;**
- **Medical and scientific studies relating to the issues alleged in the Complaint;**
- **Amateur football rules relating to the issues alleged in the Complaint;**
- **Adrian Robinson's and Plaintiffs' purported reliance on alleged conduct of the NFL Defendants;**
- **Workers compensation claims filed by or on behalf of Adrian Robinson;**
- **Plaintiffs' relationship with Adrian Robinson;**
- **Damages**

**Riddell Defendants' Position**: Without prejudice to the Riddell defendants' contention that discovery is premature, the Riddell Defendants, at a minimum, and with full reservation of their rights to seek additional discovery, will need discovery on the following subjects from Plaintiffs and third parties in addition to those subjects identified by the NFL above:

- **Football helmets and associated components (face guards, additional padding, chin straps, etc.) worn by Robinson at all levels of play;**
- **Reconditioning, modifications and/or repairs of football helmets worn at all levels of play;**
- **Head injury histories of Robinson, including circumstances surrounding those head injuries;**
- **Symptoms of Robinson's alleged injuries;**
- **Robinson's knowledge and exposure to warnings, instructions, advertisements and other information concerning football equipment at all levels of play;**
- **Robinson's knowledge regarding risks of head injuries and conditions allegedly caused by head injuries;**
- **Robinson's purported reliance on alleged conduct of the NFL and Riddell;**
- **Workers compensation claims;**
- **Plaintiffs' benefits claims;**
- **Plaintiffs' claims pursuant to the NFL MDL Settlement;**
- **Plaintiffs' residency from time of play in the NFL to present;**
- **Robinson's education and employment history;**
- **Robinson's alcohol and drug use history;**
- **Robinson's family history before, during and after playing in the NFL;**

    C.    Counsel anticipate that the following depositions will be necessary (identify parties if known at this point):

**Plaintiffs' Position**: **Plaintiff intends to depose a number of individuals, the list of which may expand or contract based upon emerging information. Plaintiff may also depose Corporate Representative(s) of Defendants, who have knowledge of the issues raised in the Complaint. Plaintiff reserves the right to name additional individuals to be deposed as they are revealed through discovery. Plaintiffs anticipates depositions to establish (or refute) the Complaint's allegations being substantial in number and respectfully suggests that a presumptive cap—at least at present—would not aid the parties or the Court.**

**Defendants' Position**: **Defendants respectfully submit that the total number of depositions, including third-party witnesses (excluding expert witnesses), should be determined at a future date. Defendants similarly feel that a determination of deponents is premature at this time given the pendency of Plaintiffs' motion to remand and Defendants' anticipated motions to dismiss Plaintiffs' claims. Notwithstanding this position, at minimum, counsel for Defendants anticipate taking the depositions of all Plaintiffs, and a significant**

**number of third-party deponents, including any treating physicians of Adrian Robinson.**

### III.   Pretrial Timetable

A.   The Court will enter the default scheduling order, a copy of which is attached as Attachment B, unless the parties request an alternate discovery schedule. The parties request a close of discovery date of _____.

B.   Counsel may set forth below an alternative proposed scheduling order if agreed to by all parties.  Counsel should use dates certain rather than contingent dates; if a date is difficult to specify, counsel should estimate it to the best of their ability.

Parties' Position:  Subject to the below, and without prejudice to Plaintiffs' contention that no federal jurisdiction exists and Defendants' contention that discovery is premature at this stage, the parties agree that, to the extent discovery proceeds, the Court should set a close of discovery date for no earlier than November 14, 2021.

**Plaintiffs' Position: Subject to all prior reservations regarding federal subject-matter jurisdiction, discovery should begin immediately, at least in limited fashion. Plaintiff anticipates a need for substantial discovery in proportion to the far-reaching (in time and substance) nature of the alleged conduct by Defendants and alleged co-conspirators and/or agents.** *See In re NCAA***, No. 05-17-00951 (Tx. 2018.) As such, it will take considerable time and there seems little practical benefit to delaying it.**

**Plaintiffs further propose:**

- **In accordance with Fed. R. Civ. P. 26(a)(2)(C), Fed. R. Civ. P. 26(a)(2) expert disclosure will be due as noted here:  January 14, 2021. Defendants' expert disclosures will be due as noted here: March 1, 2021;**

- **Motions for summary judgment and all other potentially dispositive motions will be filed no later than 60 days after the close of expert discovery;**

- **The parties appear for a final pretrial conference on or after the later of 30 days from the close of expert discovery or 30 days after rulings on dispositive/summary judgment motions, if any;**

- **The parties agree to a trial date on or after 30 days from the Final Pretrial Conference; and**

- **Plaintiff will commence all discovery in time for it to be completed on or before November 14, 2021.**

**Defendants' Position**: Defendants respectfully submit that it is premature to enter a scheduling order given: (i) the Court's current stay of discovery; (ii) Plaintiffs' pending motion to remand; (iii) Defendants' intent to file motions to dismiss Plaintiffs' claims at the appropriate juncture; and (iv) the complexity of this litigation.

Notwithstanding this position, Defendants request that if the Court proceeds with issuing a scheduling order, given all of the uncertainties noted above, it only set a close of discovery date for no earlier than November 14, 2021 and that the other dates be revisited after the pending issues are resolved, including any bifurcation of fact and/or expert discovery.

IV.   **Alternative Dispute Resolution**

   A.   type of ADR, settlement conference etc.

   B.   timing of ADR

   C.   unless otherwise recommended, a settlement conference will be scheduled upon the close of all discovery.

**Plaintiffs' Position**: Plaintiffs have complied with the Court's Order (D.E. 14) and have made a demand to resolve the case. Plaintiffs would consider ADR, to the extent productive.

**Defendants' Position**: Defendants respectfully submit that ADR is premature at this time, and that a settlement conference should be scheduled upon the close of all discovery.

V.   **Other Pretrial Issues**

   (e.g. protective orders, etc.)

   A.   Protective Order

   Parties' Position: Subject to the below, the parties agree in principle that it is appropriate to submit a Proposed Protective Order for the Court's consideration and agree they will meet and confer to do so. The parties further agree that initial disclosures need not be covered by the Proposed Protective Order.

**Plaintiffs' Position**: Plaintiffs respectfully seek to meet and confer on this issue with the intent of providing a submission to the Court within 60 days. In their view, the claims are not 301-preempted, and discovery should commence at once (as discussed above) to minimize the prejudicial impact of removal. Along those lines, Plaintiffs wish to exchange initial disclosures and begin discovery promptly. Nevertheless, because Plaintiffs recognize that some aspects of discovery could arguably implicate trade secrets, protected health information, and/or highly commercially sensitive information, they are accordingly prepared to agree to an appropriately narrow Stipulation and Proposed Protective Order covering these topics (only), which would serve a continued benefit to this case (should it ultimately proceed here or in state court.) Nevertheless, Plaintiffs do not believe such an Order should encompass initial disclosures. The timing and scope of any such order appear to be an issues where the parties would benefit from the further instruction of the Court.

**Defendants' Position**: Defendants are willing to meet and confer with Plaintiffs at an appropriate time concerning the entry of an appropriate protective order, but they respectfully submit that it is premature to meet and confer at this juncture in light of Plaintiffs' pending motion to remand and Defendants' anticipated motions to dismiss Plaintiffs' claims.

Defendants further submit that a protective order, if one is entered in this case, should protect confidential information beyond simply "trade secrets, protected health information, and/or highly commercially sensitive information."

B.   Special Master or Magistrate Judge

**Plaintiffs' Position**: As has been ultimately necessary in other similar litigations, Plaintiffs respectfully recommend that the Court appoint a special master on discovery to ease the Court's burden.

**Defendants' Position**: Defendants respectfully submit that it is premature to make a determination as to whether or not to appoint a magistrate judge to oversee discovery given: (i) the Court's current stay of discovery; (ii) Plaintiffs' pending motion to remand; (iii) Defendants' intent to file motions to dismiss Plaintiffs' claims at the appropriate juncture; and (iv) the complexity of this litigation. In any event, the NFL Defendants have no objection to the appointment of a magistrate judge to oversee discovery if and when it proceeds.

C.   Pending Motions

Parties' Position:  On July 12, 2017, Plaintiffs filed a Motion for Remand which has been fully briefed, as of November 2017. The parties request that the Court should schedule oral argument on this motion at a future date and time in June or July of

2019, particularly to address their respective positions on distinct allegations, the particular collective bargaining agreement, and new case law.

Respectfully Submitted,

/s/ Bradford R. Sohn
Bradford R. Sohn, admitted *pro hac vice*
THE BRAD SOHN LAW FIRM, PLLC
1600 Ponce DeLeon Boulevard, Suite 1205
Coral Gables, FL 33134
brad@sohn.com

/s/ Brad S. Karp
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Brad S. Karp
Bruce Birenboim
Lynn B. Bayard
Claudia Hammerman
1285 Avenue of the Americas
New York, NY 10019-6064
Tel:    (212) 373-3000
Email:  bkarp@paulweiss.com

PEPPER HAMILTON LLP
Sean P. Fahey
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Tel:    (215) 981-4000

*Attorneys for Defendants the National Football League, NFL Properties LLC, and the National Football League Foundation*

/s/ Paul G. Cereghini
Paul G. Cereghini
Thomas C. Howard
BOWMAN AND BROOKE LLP
2901 N. Central Avenue, Suite 1600
Phoenix, AZ 85012
Telephone: (602) 643-2300
Facsimile: (602) 248-0947
paul.cereghini@bowmanandbrooke.com
thomas.howard@bowmanandbrooke.com

Robert L. Wise
Eden M. Darrell
BOWMAN AND BROOKE LLP
901 East Byrd Street, Suite 1650
Richmond, VA 23219
Telephone: (804) 649-8200
Facsimile: (804) 649-1762
rob.wise@bowmanandbrooke.com
eden.darrell@bowmanandbrooke.com

Thomas P. Wagner
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Telephone: (215) 575-4562
Facsimile: (215) 575-0856
tpwagner@mdwcg.com

*Attorneys for Riddell, Inc.; All American Sports Corporation; Riddell Sports Group, Inc.; BRG Sports, Inc.; BRG Sports, LLC; EB Sports Corp., and BRG Sports Holdings Corp.*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing document was served electronically via the Court's electronic filing system on the 12th day of April, 2019, upon all counsel of record.


Dated: April 12, 2019             /s/ Brad S. Karp
                                                           Brad S. Karp