# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                        Plaintiffs,<br>     v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                                        Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Robins Cloud LLP v. Eric Downing<br>Attorney Lien Dispute<br>(Doc. No. 10106) | |

## EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                        April 16, 2019

      Before the Court is a Petition to Establish Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Eric Downing ("Mr. Downing"), which was filed on June 28, 2018 by Robins Cloud, LLP ("Robins Cloud"). (Doc. No. 10106). On July 24, 2018, the Claims Administrator issued a Notice of Lien to Mr. Downing's current counsel, Pro Athlete Law Firm, P.A. ("Pro Athlete"). Pro Athlete disputed that lien in a July 25, 2018 submission. It asserted that Robins Cloud provided no value to Mr. Downing where the firm had to withdraw the monetary claim it filed on Mr. Downing's behalf because of an adverse audit report regarding the validity of neuropsychological reports

prepared by one of the doctors to whom Robins Cloud referred Mr. Downing.[1]  The Claims Administrator ultimately issued a Notice of Monetary Award Claim Determination on December 19, 2018 based upon the claim re-filed by Pro Athlete.

The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge.  (Doc. No. 7746).  Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018.  (Doc. Nos. 9760 and 10283).  Pursuant to Rule 12, Robins Cloud and Pro Athlete  (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this Dispute.  On March 8, 2019, I was notified that the Parties consented to jurisdiction by a Magistrate Judge.  (Doc. No. 10487).  Accordingly, this Opinion will serve as the final decision of the Court concerning this dispute.

In separate submissions of February 11 and 20, 2019, and pursuant to Rule 24, the Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") reflecting that they have resolved their dispute concerning Robins Cloud's lien.  The signed agreement clearly indicates the percentage of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future.  The parties also provided to the Court an itemized list of the costs incurred by each firm, which were also payable to the firms from Mr. Downing's award pursuant to his fee agreement with each firm.

Upon review of the Withdrawal and the circumstance that a negotiated agreement was reached by informed and clearly interested counsel, we find that the Withdrawal agreement reached here was reasonable.  In light of the contingency fee agreements, we conclude that the fees to be paid to each firm as agreed upon are reasonable and collectively within the

---

[1]  The Robins Cloud firm ultimately was not implicated in any irregularity with respect to this provider.

percentage allowed under the 22% Presumptive Fee Cap imposed by the District Court. (Doc. No. 9863). We also conclude, based upon our review, that each party to the dispute is entitled to the itemized costs asserted in the Withdrawal.

Accordingly, we conclude that the Withdrawal shall be granted. The Claims Administrator is ordered to distribute the attorneys' fees and costs to Robins Cloud and Pro Athlete, and to refund the specified balance to Mr. Downing, as was set forth in the Withdrawal.[2]

**AND NOW**, this 16th day of April, 2019, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and

2. The Claims Administrator is **ORDERED** to disburse the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

[2] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.