**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                           Plaintiffs,<br>     v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                                           Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Locks Law Firm v. Reginald Berry<br>Attorney Lien Dispute<br>(Doc. No. 8420) | |

**EXPLANATION AND ORDER**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                April 16, 2019

      Before the Court is a Petition to Establish Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Reginald Berry ("Mr. Berry"), which was filed on July 21, 2017 by Locks Law Firm ("Locks"). (Doc. No. 8420). On October 10, 2017, the Claims Administrator issued a Notice of Lien to Mr. Berry's current counsel, Berkowitz and Hanna LLC ("Berkowitz"). On February 19, 2019, the Claims Administrator issued a Post-Appeal Notice of Monetary Award Claim Determination.

      The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283). Pursuant to Rule 12, Locks

and Berkowitz (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this Dispute. On April 10, 2019, I was notified that the Parties consented to jurisdiction by a Magistrate Judge. (Doc. No. 10526). Accordingly, this Opinion will serve as the final decision of the Court concerning this dispute.

In separate submissions of March 29, 2019, and pursuant to Rule 24, the Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") reflecting that they have resolved their dispute concerning Locks's lien. The signed agreement clearly indicates the percentage of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future. Berkowitz also provided to the Court an itemized list of the costs it incurred.

Upon review of the Withdrawal and the circumstance that a negotiated agreement was reached by informed and clearly interested counsel, we find that the Withdrawal agreement reached here was reasonable. In light of the contingency fee agreements and the lists of itemized costs submitted by Berkowitz, we conclude that Berkowitz is entitled to the costs asserted and that the fees to be paid to each firm as agreed upon are reasonable and collectively within the percentage allowed under the 22% Presumptive Fee Cap imposed by the District Court. (Doc. No. 9863).

Accordingly, the Withdrawal is accepted. The Claims Administrator is ordered to distribute the attorneys' fees to Locks and the attorneys' fees and costs to Berkowitz, as set forth in the Withdrawal.[1]

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the

**AND NOW**, this 16th   day of April, 2019, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and

2. The Claims Administrator is **ORDERED** to disburse the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:


 /s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

Withdrawal.