# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br>　　　　　　　　　　　Plaintiffs,<br>　　v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>　　　　　　　　　　　Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>McCorvey Law, LLC v. Dexter Carter<br>Attorney Lien Dispute<br>(Doc. No. 7213) | |

## ORDER

AND NOW, this 24th    day of April, 2019, following upon the letter addressed to me by Derriel C. McCorvey, Esquire on behalf of McCorvey Law, LLC and filed on April 23, 2019 as a Motion for Reconsideration (Doc. 10571), and upon consideration of this district's standard for reconsideration of an Order of the Court,[1] **IT IS HEREBY ORDERED THAT** the motion is

---

[1] Rule 7.1(g) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania permits a party to file a motion for reconsideration. The purpose of such a motion is "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). "Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Accordingly, the Court will reconsider an issue only when there has been an intervening change in the controlling law, when new evidence has become available, or when there is a need to correct a clear error or prevent manifest injustice. *See, e.g., Burger King Corp. v. New England Hood & Duct Cleaning Co.*, No. CIV. A. 98-3610, 2000 WL 133756, *2 (E.D. Pa. Feb. 4, 2000).

1

**DENIED**.[2]

---

[2] This filing seeks reconsideration of the Court's Amended Order filed on April 22, 2019 (Doc. 10570) to the extent that it denied McCorvey Law's request for reimbursement of costs incurred during its representation of the settlement class member.  The letter identifies a purported "error" in the Court's order concerning McCorvey's compliance with Lien Rule 8(a)(5) as it relates to McCorvey's eligibility for reimbursement of costs from the former client's award.

Lien Rule 8(a), adopted on March 6, 2018, required McCorvey, as an attorney lienholder, to submit to the Claims Administrator particular proof to establish an attorney's lien.  The information and documentation specified in the Rule included "[t]he dollar amount of the attorney's costs if the attorney is seeking reimbursement of costs in addition to fees." Rule 8(a)(5).  This is to ensure that the Claims Administrator withholds funds sufficient to reimburse the costs that are later deemed reasonable by the Court.  Rule 8(c) of the Lien Rules adopted on March 6, 2018 (subsequently amended) further provided that, "[t]o honor the Lien, the Claims Administrator must receive complete claimant-identifying information and documentary proof before it begins processing the Award."  We emphasized the importance of this requirement of notice to the Claims Administrator in Orders entered in other disputes.  *See, e.g.,* Doc. 10156 (filed July 24, 2018) (noting "important purpose" served by this requirement because of the Claims Administrator's obligation to "withhold an appropriate amount sufficient to pay the Attorney's Lien").  As we have said before, we "would be loath to require a Settlement Class Member to return a portion of their Award to pay a lienholder's costs when that lienholder had notice and opportunity, indeed obligation, to inform [the Claims Administrator] of the costs incurred prior to the payment to the Settlement Class Member."  *Id.* at 2 n.1.

We accept that McCorvey Law legitimately incurred the $350.00 expense on July 12, 2012.  We also accept that it claimed this amount of costs and provided documentation of this expense to the Claims Administrator with its Statement of Dispute on December 13, 2018.  But it did so too late.  The salient fact here is that McCorvey did not indicate to the Claims Administrator *the dollar amount of the firm's costs* when it filed its Notice of Lien and Petition to Establish Attorney's Lien on February 27, 2017.  *See* Doc. Nos. 7213 and 7213-1.  It did not do so when the Lien Rules went into effect on March 6, 2018.  It did not do so in response to the Claims Administrator's communication to the parties about the lien, the February 13, 2018 Notice of Lien, which indicated that McCorvey sought only "33 1/3% of any Monetary Award" and did not suggest that the lien also encompassed McCorvey's costs.

In light of these circumstances and pursuant to Lien Rule 8(a) (effective March 6, 2018), the Claims Administrator did not withhold any funds for that purpose when it processed Mr. Carter's award on March 13, 2018.  Rather, it withheld only 17% of the award for attorneys' fees (with an additional 5% of the award deposited into the Attorneys' Fees Qualified Settlement Fund pending further order of the Court) and the $6,250.00 amount that was identified by the Lorentz Law Firm for its costs.

We do not disagree with McCorvey that its costs were reasonably incurred and were reimbursable under the fee agreement.  We cannot, however, order that the Claims Administrator

**IT IS SO ORDERED.**

BY THE COURT:


 /s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

provide him that reimbursement from Mr. Carter's award where McCorvey failed to give timely notice to the Claims Administrator of the amount of costs sought and where the funds, accordingly, have already been disbursed to Mr. Carter.  These circumstances do not provide a basis to alter the Order entered on April 22, 2019 (Doc. 10570).