UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**STECKLER GRESHAM COCHRAN PLLC'S MOTION TO RELEASE THE 5% HOLDBACK AND REQUEST FOR EXPEDITED HEARINGS**

Steckler Gresham Cochran PLLC on behalf of its clients, and all others similarly situated with Parkinson's, Alzheimer's, ALS, or Death with CTE, moves to release the 5% settlement committee holdback and requests expedited hearings on this matter and states as follows:

**1. Basis for 5% Holdback Release Request**

The Class Action Settlement Agreement, as amended (ECF No. 6481-1) ("Settlement") became effective on December 12, 2016, with the goal to provide settlement benefits to over twenty-thousand retired National Football League Players that make up the Class. Pet. for Atty Fees and Decl. of Co-Lead Counsel, 1. As a result, "[a]ll valid claims under the Settlement, *without*

*limitation*, will be paid in full through the 65-year life of the Settlement Program." *Frequently Asked Questions, What are the benefits of the Settlement?*, NFL Concussion Settlement, https://www.nflconcussionsettlement.com/FAQ.aspx?FaqTypeID=1#1 (emphasis added).

However, on February 13, 2017, Class Counsel petitioned this Court "for an award of attorneys' fees and reimbursement of costs and litigation expenses *for their work* up to date in this litigation" in the form of a 5% holdback. Pet. for Atty Fees and Decl. of Co-Lead Counsel, 2. Class Counsel justified this request by arguing that it must "accomplish numerous tasks" on behalf of the claimants in order to successfully acquire the funds the claimants are entitled to. *See id.* at 3.  In the case of clients with Parkinson's, Alzheimer's, ALS, or Death with CTE, no such "numerous tasks" are required, and there is no continuing justification for the holdback.

When Class Counsel is not involved in the processing of a claim (by objecting to or supporting the claim), Class Counsel does not perform "numerous tasks" on behalf of the claimant. In fact, Class Counsel performs no tasks at all.  Awarding 5% of the claim to Class Counsel for doing nothing is unjust, particularly when Class Counsel has already been paid.  Class Counsel has not assumed any of the risks of representation or the significant costs and time associated with individual counsel's representation of each individual player and his individualized claim.  This is inherently unfair, is not proportionate to the work done by Class Counsel as to each individualized claim, and would frustrate the benefit of the bargain upon which the player and individual counsel's agreement was struck.

2. **The 5% Holdback Should Not Apply to Claimants with More Severe Injuries Because These Claimants Require Little Work by the Class Counsel.**

Class Counsel is NOT required to do any work for the claimants with more severe injuries given the settlement criteria.  Additionally, these are the individuals who need the money most, and the 5% holdback should not apply to them.  Diagnoses and claims for Levels 1.5 and 2

Neurocognitive Impairment require intensive documentation, time, and money. It is these claims on which Class Counsel performs some work in analyzing, objecting to, or filing documents in support of the claims.

To the contrary, for Alzheimer's Disease, Parkinson's Disease, Death with CTE, and ALS, little is required by Class Counsel. Essentially, only a diagnosis is required for ALS, Alzheimer's, Parkinson's, and CTE, and these claims are subject to far less scrutiny by Class Counsel than claims for Levels 1.5 and 2. Thus, even if the 5% holdback could be justified in the cases of claimants with Level 1.5 and Level 2 Neurocognitive Impairment, any such rationale is not applicable to individuals with ALS, Alzheimer's, Parkinson's, or CTE. Of course, these individuals and their families are the ones who would benefit most from the monetary award for their medical expenses and daily struggles. Class Counsel requests this holdback amount to be reimbursed "for costs and litigation expenses for their work." Pet. for Atty Fees and Decl. of Co-Lead Counsel, 2. But when very little or no work is required, as is the case in ALS, Alzheimer's, Parkinson's and CTE claimants, it does not make sense for Class Counsel to be granted this windfall.

3. **Expedited Hearing Requested**

It is imperative for this 5% holdback issue to be resolved in order for the claimants to receive the money they are entitled to under the Settlement. Class Members are entitled to the benefit of the reasonable and individualized bargain they reached with their individual counsel. While this issue is lingers, the individuals who are in most need of the funds are unable to obtain all they are entitled. An expedited hearing is therefore "reasonable in light of the relevant circumstances." *See Gimaex Holding, Inc. v. Spartan Motors USA, Inc.*, No. 1:15-cv-00515-RGA,

2015 WL 9437530, *5 (D. Del. Dec. 22, 2015). To allow this Court to settle the issue in a quick manner that ensures justice for the claimants, an expedited hearing is necessary.

Dated: April 25, 2019

Respectfully submitted,

/s/ *Dean Gresham*
Dean Gresham (TX Bar No. 24027215)
Bruce W. Steckler (TX Bar No. 00785039)
Stuart Cochran (TX State Bar No. 24027936)
**STECKLER GRESHAM COCHRAN, PLLC**
12720 Hillcrest Rd., Suite 1045
Dallas, Texas 75230
Telephone: (972) 387-4040
Facsimile: (972) 387-4041
dean@stecklerlaw.com
bruce@stecklerlaw.com
stuart@stecklerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Motion to Release the 5% Holdback and Request for Expedited Hearings* was served on all counsel of record via the Court's ECF system on April 25, 2019.

/s/ *Dean Gresham*
Dean Gresham