UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB <br><br> MDL No. 2323 <br><br> **Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, <br><br>    Plaintiffs, <br><br>    v. <br><br> National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., <br><br>    Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**CO-LEAD CLASS COUNSEL'S MEMORANDUM IN OPPOSITION
TO STECKLER GRESHAM COCHRAN PLLC'S MOTION TO RELEASE
<u>THE 5% HOLDBACK AND REQUEST FOR EXPEDITED HEARING</u>**

I. **INTRODUCTION**

During the course of the Settlement's implementation, this Court has dealt with countless filings of one sort or another. Some of them have manifested a profound unfamiliarity with the Settlement's terms, the extensive work entailed in launching and maintaining its effectuation, or both. The motion presented by the law firm of Steckler Gresham Cochran PLLC ("Steckler Gresham") (ECF No. 10581) is the latest instance of such a filing.

Asserting that "when Class Counsel is not involved in the processing of a claim (by objecting to or supporting the claim), Class Counsel does not perform 'numerous tasks' on behalf of the claimant," Steckler Gresham, "on behalf of its clients, and all others similarly situated with Parkinson's, Alzheimer's, ALS, or Death with CTE," seeks to compel the return to class members who have qualified for Monetary Awards[1] on the basis of such Qualifying Diagnoses ("QDs"), of the five-percent holdback that the Court adopted provisionally on all such awards. ECF No. 10581 at 1-3. The Court adopted the provisional holdback as a precaution pending its adjudication of Co-Lead Class Counsel's petition for the adoption, in accordance with the terms of the Settlement (ECF No. 6481-1 at 82 (§ 21.1)), of a five-percent set-aside for the purpose of maintaining sufficient funds to compensate common benefit work performed over the course of the Settlement's 65-year lifespan. ECF No. 9860 at 2, 8-9, 17-18, 19-20; ECF No. 9862 at 8 n.5; ECF No. 10019 at 4 n.2. Presumably, although it does clearly state it in its papers, Steckler Gresham also seeks to have the Monetary Awards of these same categories of class members excluded prospectively from the provisional holdback.

---

[1] "Monetary Awards" refers collectively to both Monetary Awards under Article VI of the Settlement and Derivative Claimant Awards under Article VII. *See* ECF No. 6481-1 at 35-43.

The Court should deny the motion for two reasons. *First*, the motion is really nothing more than a partial objection to the petition for a set-aside. As such, it is woefully out of time. The briefing of the holdback request closed with the filing of Co-Lead Class Counsel's reply papers in April 2017. Steckler Gresham offers no explanation as to why it has waited until now to argue for a carve-out from the holdback request for Monetary Awards based on QDs of Parkinson's Disease, Alzheimer's Disease, Amyotrophic Lateral Sclerosis ("ALS"), or Death with CTE.

*Second*, the motion is devoid of merit. Its fundamental underpinning is that those whose awards are based on these QDs have not benefitted from implementation-related common benefit work. That is simply not so. Co-Lead Class Counsel's firm has often assisted class members diagnosed with the very ailments that Steckler Gresham implies are black-and-white conditions that render their Monetary Award claims open-and-shut matters. At any rate, *all* class members receiving Monetary Awards have benefitted from the wide-ranging settlement implementation work, even if they have not required individual assistance with their claims.

Finally, there is no need for the Court to expedite a hearing on Steckler Gresham's motion. The conclusory assertion that the categories of class members on whose behalf the motion is brought face financial hardship is unconvincing. All class members who have been approved for Monetary Awards subject to the provisional set-aside presumably face some hardship. Where the affected class members have received 95 percent of their awards (less any individual attorneys' fees), however, there is no reason for the Court to move to the head of the line an untimely motion that quarrels only about the remaining 5 percent.

## II. ARGUMENT

### A. The Motion Is Untimely

At bottom, the motion is a partial objection to Co-Lead Class Counsel's set-aside application. It argues for an exemption from the holdback for those whose Monetary Awards are based on a QD of Parkinson's Disease, Alzheimer's Disease, ALS, or Death with CTE, maintaining that such class members do not benefit from implementation-phase common benefit work.

Co-Lead Class Counsel's set-aside request, however, was presented on February 13, 2017. ECF Nos. 7151 at 2, 7151-1 at 70-75, 7151-2 at 31-35 (¶¶ 101-19). The briefing in connection with that request closed with the filing of Co-Lead Class Counsel's reply papers on April 10, 2017. ECF Nos. 7464 at 29-47, 7464-1 at 4-11 (¶¶ 14-38) (reply papers further addressing set-aside request). Steckler Gresham offers no explanation as to why it waited until now to argue for a carve-out for the aforementioned categories of class members.

No doubt, Steckler Gresham could have presented its partial objection during the ample time that the Court allotted for briefing of the common benefit fee petition and requested set-aside. *See* ECF No. 7261 at 1 (Order setting Mar. 27, 2017 deadline for filing of objections). A substantial number of class members managed to file objections to the requested set-aside on time (or with leave of Court in the case of one objection that was two days late due to a clerical error). *See* ECF Nos. 7205, 7299, 7344, 7346, 7351, 7353, 7359, 7360, 7367, 7371, 7373, 7375, 7401-1. In fact, some of these objections raised arguments nearly identical to that now made by Steckler Gresham – namely, that those who do not benefit from the post-Effective Date work of Class Counsel by reason of the nature of their QD should not be subject to a holdback. *See* ECF No. 7464 at 45-47 (citing and addressing objections, including from class members with pre-Effective

3

Date QDs of ALS and Alzheimer's Disease). In this respect, Steckler Gresham does not present anything materially new. Nor, at a bare minimum, has Steckler Gresham explained why it did not seek the requested exemption promptly after the Court adopted a provisional set-aside.

Because Steckler Gresham presented its partial objection to the holdback request long past the time for doing so and long after the Court imposed a provisional set-aside, the Court should deny the motion for this reason alone.

### B. There Is No Merit to the Fundamental Premise of Steckler Gresham's Motion

Putting aside that Steckler Gresham's motion is long out of time, the entire premise of it is unfounded. Steckler Gresham argues that "very little or no work" from Class Counsel has been required in the case of those whose Monetary Awards are based on a QD of Parkinson's Disease, Alzheimer's Disease, ALS, or Death with CTE and that, as such, "it does not make sense for Class Counsel to be granted [a] windfall." ECF No. 10581 at 3. That contention is unavailing.

To begin with, it is simply not true that class members have required no assistance from Class Counsel. On a number of occasions they have. Co-Lead Class Counsel's firm's assistance to such individuals has made a material difference in numerous claims. In one instance, his firm's efforts resulted in an increase in the class member's Monetary Award of more than $500,000, while in another instance Co-Lead Class Counsel's efforts resulted in the approval of a claim that had been previously denied. Declaration of Christopher A. Seeger, dated May 3, 2019, at ¶¶ 3-4.

At any rate, it is fair and reasonable that all class members receiving Monetary Awards contribute to the compensation of implementation-phase common benefit work. Steckler Gresham's motion ignores the sundry efforts that were necessary to get the Settlement up and running and maintain it for all class members, irrespective of how allegedly straightforward certain class members' Monetary Award claims may be.

Extensive labors have gone into the establishment of Settlement registration and the claims processes. These include selection and replacement of Appeals Advisory Panel ("AAP") members, AAP Consultants, and the MAF and BAP physician networks, as well as the sundry other tasks and litigation of numerous issues and disputes related to the Settlement's effectuation. These have been recounted in previous filings.[2] Without all of this common benefit work, not even those class members who allegedly have clear-cut QDs of Parkinson's Disease, Alzheimer's Disease, ALS, or Death with CTE could reap the Settlement's benefits. Indeed, the AAP must evaluate QDs rendered prior to the Settlement's January 7, 2017 Effective Date in order to determine whether they are truly a QD in accordance with the Settlement's terms. ECF No. 6481-1 at 37-38 (§ 6.4).

Put simply, without the creation and maintenance of the Settlement's implementation structure, *no* class member could benefit from the Settlement. There is no reasonable justification to relieve particular class members from the provisional holdback merely because they have not required *individual* assistance with their Monetary Award claims from Class Counsel. Besides, the asserted lack of benefit to the aforementioned categories of class members presupposes that they will not need to avail themselves of the appeals process, which could well require assistance from Class Counsel.

### C. The Court Need Not Expedite the Adjudication of This Motion

Steckler Gresham asserts that it is "imperative" that the Court expedite a hearing on its motion because, unless the issue is quickly resolved, "the individuals who are in most need of . . .

---

[2] ECF No. 7464-1 at 5-11 (¶¶ 16-38) (Supp. Decl. of Christopher A. Seeger); ECF Nos. 10128 at 2-17 (first implementation-phase common benefit fee petition); ECF No. 10374 at 2-15 (second implementation-phase common benefit fee petition).

5

funds are unable to obtain all they are entitled." ECF No. 10581 at 3. That conclusory argument is unpersuasive. All class members who have had a provisional holdback from their Monetary Awards presumably face some measure of hardship.

In any event, what is left unsaid in the motion is that the class members on whose behalf the motion was filed *have* received 95 percent of their awards to date (minus any attorneys' fees and reimbursement of advanced costs paid to their individual counsel). The Monetary Awards of those with the QDs at issue were in all likelihood quite substantial. *See* ECF No. 6481-1 at 122 (Ex. A-3) (Monetary Award Grid). Given that, it strains credulity that the need for a refund of the remaining five percent provisionally withheld from their awards requires this Court's urgent consideration. There is no reason for the Court to give immediate attention to a motion that could have been presented quite some time ago, especially where the motion's entire basis is not materially distinguishable from objections that *were* timely raised.

### III.  CONCLUSION

For the foregoing reasons, the Court should deny the motion.

Date:  May 3, 2019

>Respectfully submitted,
>
>*/s/ Christopher A. Seeger*
>Christopher A. Seeger
>SEEGER WEISS LLP
>55 Challenger Road, 6th Floor
>Ridgefield Park, NJ  07660
>Telephone:  (212) 584-0700
>cseeger@seegerweiss.com
>
>***CO-LEAD CLASS COUNSEL***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's ECF system on May 3, 2019.

*/s/ Christopher A. Seeger*
Christopher A. Seeger