UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody**<br><br>Civ. Action No. 14-00029-AB |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**DECLARATION OF CHRISTOPHER A. SEEGER IN OPPOSITION
TO STECKLER GRESHAM COCHRAN PLLC'S MOTION TO RELEASE
THE 5% HOLDBACK AND REQUEST FOR EXPEDITED HEARING**

CHRISTOPHER A. SEEGER declares, pursuant to 28 U.S.C. § 1746, based upon his personal knowledge, the following:

1. I am a founding member of the law firm of Seeger Weiss LLP and was appointed by the Court in 2012 as a member of the Plaintiffs' Executive Committee and thereafter to serve as Plaintiffs' Co-Lead Counsel (ECF Nos. 64, 72). I was the principal negotiator and architect of the Class Action Settlement dated June 25, 2014, between the Class Plaintiffs and Defendants National Football League and NFL Properties LLC (ECF No. 6073-2), which was preliminarily

approved on July 7, 2014 (ECF No. 6084, ¶ 3(b)), amended as of February 13, 2015 (ECF No. 6481-1), and finally approved on April 22, 2015 (ECF Nos. 6509-10). Upon these approvals, I was appointed to serve and later confirmed to serve as Co-Lead Class Counsel.

2. I make this Declaration in opposition to the motion filed on April 25, 2019 by Steckler Gresham Cochran PLLC (ECF No. 10581), "on behalf of its clients, and all others similarly situated with Parkinson's, Alzheimer's, ALS, or Death with CTE," seeking to compel the return to class members who have qualified for Monetary Awards[1] on the basis of Qualifying Diagnoses ("QDs") of those ailments, of the five-percent holdback that the Court adopted provisionally on all Monetary Awards.

3. Contrary to movants' suggestion that little or no work of Class Counsel has been required on behalf of class members whose Monetary Award claims are based on the aforementioned QDs, my office has assisted such class members on a number of occasions – in particular, class members with such QDs who do not have individual counsel. Simply because their claims may be more straightforward than dementia-based claims does not mean that many of those Retired NFL Football Players require any less assistance in preparing their claim package for submission.

4. Indeed, my partner Michael L. Rosenberg has personally assisted such individuals during the course of the Settlement's implementation and has received letters from those individuals, thanking him for his assistance. In one such instance, his efforts on behalf of the class member resulted in an increase of the Monetary Award by more than $500,000. In another

---

[1] "Monetary Awards" refers collectively to both Monetary Awards under Article VI of the Settlement and Derivative Claimant Awards under Article VII. See ECF No. 6481-1 at 35-43.

instance, his efforts resulted in an award of more than $42,000 for a Retired NFL Football Player whose Parkinson's Disease-based claim had originally been denied.

5. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of May, 2019.

<i>/s/ Christopher A. Seeger</i><br>
CHRISTOPHER A. SEEGER<br>
Co-Lead Class Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's ECF system on May 3, 2019.

                                               */s/ Christopher A. Seeger*
                                               Christopher A. Seeger