UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY
LITIGATION

Kevin Turner and Shawn Wooden,
on behalf of themselves and
others similarly situated,

        Plaintiffs,

        v.

National Football League and
NFL Properties LLC,
successor-in-interest to
NFL Properties, Inc.,

        Defendants.

No. 2:12-md-023023-AB

MDL No. 2323

Hon. Anita Brody

THIS DOCUMENT RELATES TO:
ALL ACTIONS

## MOTION FOR RULING ON AND ELIMINATION OF
## 5% HOLD-BACK ON MONETARY AWARDS

    Cummings, McClorey, Davis, & Acho, P.L.C. ("CMDA") by James R. Acho, requests that this Court issue a final ruling on the 5% hold-back from Monetary Awards received by players who received a Qualifying Diagnosis prior to the Effective Date and seek a ruling eliminating the 5% hold-back from Monetary Awards and state as follows:

    1.    CMDA and its Class Member clients entered into individual contingency fee agreements for the filing of individual Monetary Award claims under the NFL Concussion Settlement Agreement.

    2.    These contingency fee agreements represent a small percentage (15% to 20%—even lower than the 22% cap on IRPAs ordered by this Court (**ECF No. 9863**)) of the Monetary

Awards inasmuch as CMDA was not involved in negotiating the settlement. In almost all cases, however, CMDA assisted class members in not only obtaining a Qualifying Diagnosis but also with the claims process including registration and the submissions of Monetary Award claims and appeals through the Claims Administrator.

3. On April 2, 2018, in addition to $106,817,220.62 in attorneys' fees and $5,682,779.38 in costs awarded to Class Counsel, this Court also ordered a 5% holdback of all Monetary Awards to fund past and future implementation (as opposed to securing the settlement) of the settlement by Class Counsel, but ultimately reserved final judgment on the 5% hold-back request. **(ECF No. 9860; ECF No. 9861).**

4. This Court expressed its intent to address the issue once more data regarding the scope of implementation work is available, "ideally in one year." **(ECF No. 9860; ECF No. 9861).**

5. In accordance with that Memorandum, the Claims Administrator has continued to hold-back 5% of each Monetary Award, including Movants' Monetary Awards.

6. It has been over one year since this Court's Memorandum regarding the 5% hold-back. Thus, this Court should rule on the 5% hold-back and eliminate it.

7. The 5% hold-back of all Monetary Awards to fund implementation of the settlement by Class Counsel is inappropriate in this case.

8. William B. Rubenstein, expert witness on attorneys' fees, recommended that this Court not order a 5% set-aside of Class Members' Monetary Awards on the basis that the history and text of the settlement agreements do not support the conclusion that Class Counsel's attorneys' fees compensate them only for securing the settlement and not implementing it. **(ECF No. 9526 at 2, 34-46).** Moreover, Rubenstein's conclusion was based on the fact that case law provides that class counsel attorney fees regularly compensate for both settlement and implementation efforts.

*Id.* Rubenstein's instead recommended a staggering of Class Counsel's aggregate fee over time. *Id.* This Court should adopt this recommendation.

9. Moreover, the 5% hold-back has placed a hardship CMDA and its clients, leaving CMDA with a much smaller fee than what was negotiated—despite the significant time and resources CMDA spent assisting class members in obtaining Qualifying Diagnoses and navigating the Monetary Award claims and appeals process.

10. In light of the fact that Class Counsel has already been significantly compensated by the attorney fee award, the 5% hold-back unfairly allocates a portion of the compensation for the work completed by CMDA on behalf of class members in obtaining Qualifying Diagnoses and navigating the claims and appeals process to Class Counsel, who did not complete that work.

11. The 5% hold-back also interferes with the intent of CMDA and its clients in entering into contingency fee agreements, which courts regularly uphold. See *McKenzie Const. Inc. v. Maynard*, 758 F.2d 97, 101 (3rd Cir. 1985)("courts should be reluctant to disturb contingent fee arrangements freely entered into by knowledgeable and competent parties").

WHEREFORE, CMDA requests that this Court eliminate the 5% hold-back on monetary awards and order the Claims Administrator to distribute the amounts held back from each of its clients Monetary Awards.

                                                                    Respectfully Submitted,

                                                                    /s/ James R. Acho
                                                                    Cummings, McClorey, Davis & Acho, P.L.C.
                                                                    17436 College Parkway
                                                                    Livonia, MI 48152
                                                                    (734) 261-2400
                                                                    jacho@cmda-law.com

Dated: June 4, 2019

STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE<br>PLAYERS' CONCUSSION INJURY<br>LITIGATION<br><br>Kevin Turner and Shawn Wooden,<br>on behalf of themselves and<br>others similarly situated,<br><br>   Plaintiffs,<br><br>    v.<br><br>National Football League and<br>NFL Properties LLC,<br>successor-in-interest to<br>NFL Properties, Inc.,<br><br>   Defendants. | No. 2:12-md-023023-AB<br><br>MDL No. 2323<br><br>Hon. Anita Brody |

**THIS DOCUMENT RELATES TO:**
**ALL ACTIONS**

**BRIEF IN SUPPORT OF MOTION FOR RULING ON AND**
**ELIMINATION OF 5% HOLD-BACK ON MONETARY AWARDS**

# ARGUMENT

**I. This Court Should Rule on the 5% Hold-Back From Monetary Awards.**

CMDA and its clients entered into individual contingency fee agreements for the filing of individual monetary award claims under the NFL Concussion settlement. The contingency fee agreements represent a small percentage (15% to 20%—even lower than the 22% cap on IRPAs ordered by this Court (**ECF No. 9863**)) of the Monetary Awards inasmuch as CMDA was not involved in negotiating the settlement. In most cases, however, CMDA assisted class members in not only obtaining a Qualifying Diagnosis but also with the claims process regarding registration and the submissions of Monetary Award claims and appeals through the Claims Administrator.

On April 2, 2018, in addition to $106,817,220.62 in attorneys' fees and $5,682,779.38 in costs awarded to Class Counsel, this Court also ordered a 5% holdback of all Monetary Awards to fund past and future implementation (as opposed to securing) of the settlement by Class Counsel, but ultimately reserved final judgment on the 5% hold-back request. **(ECF No. 9860).** This Court expressed its intent to address the issue once more data regarding the scope of implementation work is available, "ideally in one year." **(ECF No. 9860).**

In accordance with that memorandum, the Claims Administrator has continued to hold back 5% of each monetary award, including Class Members' monetary awards. But it has been over one year since this Court's Memorandum regarding the 5% holdback. Thus, this Court should rule on the 5% hold-back to eliminate the 5% hold-back out of Monetary Awards.

**II. This Court Should Eliminate the 5% Hold-Back from Monetary Awards.**

A 5% holdback in addition to the attorney fees already awarded to Class Counsel is inappropriate. Expert Witness on attorneys' fees William B. Rubenstein recommended that this Court not order a 5% set-aside of class members' monetary awards on the basis that the history

and text of the settlement agreements do not support the conclusion that Class Counsel's attorneys' fees will pay them only for securing the settlement and not implementing it. **(ECF No. 9526 at 2, 34-46).**

Moreover, Rubenstein's conclusion was based on the fact that case law provides that class counsel fees ordinarily compensate both settlement and implementation efforts. *Id.* Rubenstein instead recommended a staggering of Class Counsel's aggregate fee over time. *Id.* CMDA incorporates Rubenstein's reasoning for rejecting a 5% hold-back herein by reference. On these bases, this Court should eliminate the 5% hold-back from Monetary Awards.

The 5% hold-back also unfairly penalizes individual counsel while awarding Class Counsel for work it did not do. The 5% hold-back left CMDA with an even smaller fee than the small fee (smaller than the 22% cap ordered by this Court) that was negotiated between CMDA and its clients—despite the significant time and resources CMDA spent assisting Movants in obtaining Qualifying Diagnoses and navigating the claims and appeals process. Class Counsel has already been significantly compensated for their work, the 5% hold-back unfairly allocates a portion of the compensation of the work completed by CMDA.

Finally, the 5% hold-back also interferes with the intent of CMDA and its clients in entering into contingency fee agreements, which should be upheld. See ***McKenzie Const. Inc. v. Maynard***, 758 F.2d 97, 101 (3rd Cir. 1985)("courts should be reluctant to disturb contingent fee arrangements freely entered into by knowledgeable and competent parties"); ***Mitzel v. Westinghouse Elec. Corp.***, 72 F.3d 414, 416 (3rd Cir. 1995)("courts will uphold contingency fee agreements voluntarily entered into by the parties as long as they are not excessive and do not take 'inequitable advantage of the payer'"). The contingency fee arrangements in this case of 15% to 20% were

voluntarily entered into do not take inequitable advantage of CMDA's clients. They should be upheld.

## CONCLUSION AND RELIEF REQUESTED

The Court should issue a final ruling on the 5% hold-back from Monetary Awards and should eliminate the 5% hold-back because it is inappropriate in this case and because it unfairly compensates Class Counsel while penalizing individual counsel and their clients.

Respectfully Submitted,

/s/ James R. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
jacho@cmda-law.com

Dated: June 4, 2019

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY
LITIGATION

No. 2:12-md-023023-AB

Kevin Turner and Shawn Wooden,
on behalf of themselves and
others similarly situated,

MDL No. 2323

Hon. Anita Brody

    Plaintiffs,

      v.

National Football League and
NFL Properties LLC,
successor-in-interest to
NFL Properties, Inc.,

    Defendants.

**THIS DOCUMENT RELATES TO:
ALL ACTIONS**

## CERTIFICATE OF SERVICE

  I, James R. Acho, hereby certify that true and correct copies of the foregoing Motion for Ruling on and Elimination of 5% Hold-Back on Monetary Awards and Brief In Support were served via the District Court's Electronic Filing System on all counsel of record.

           Respectfully Submitted,

          /s/ James R. Acho
          Cummings, McClorey, Davis & Acho, P.L.C.
          17436 College Parkway
          Livonia, MI 48152
          (734) 261-2400
          jacho@cmda-law.com

Dated: June 4, 2019