#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><div align="right">Plaintiffs,</div><div align="center">v.</div>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<div align="right">Defendants.</div> | |
| THIS DOCUMENT RELATES TO:<br><br>Hausfeld LLP v. Allan Clark<br>Attorney Lien Dispute<br>(Doc. No. 7414) | |

### EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                              June 6th, 2019

      Before the Court is a Petition to Establish Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Allan Clark ("Mr. Clark"), which was filed on March 30, 2017 by Hausfeld LLP ("Hausfeld"). (Doc. No. 7414). On January 18, 2019, the Claims Administrator issued a Notice of Lien to Mr. Clark's current counsel, Mitnick Law Office ("Mitnick"). The Claims Administrator also issued a Notice of Monetary Award Claim Determination on January 24, 2019 based upon the claim filed by Mitnick.

      The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283). Pursuant to Rule 12,

Hausfeld and Mitnick (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this Dispute. The Parties have consented to jurisdiction by a Magistrate Judge. (Doc. No. 10594). Accordingly, this Opinion will serve as the final decision of the Court concerning this dispute.

In separate submissions of May 21 and 23, 2019, and pursuant to Rule 24, the Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") reflecting that they have resolved their dispute concerning Hausfeld's lien. The signed agreement clearly indicates the portion of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future. Hausfeld also provided to the Court an itemized list of the costs it incurred, which are also payable from Mr. Clark's award pursuant to his fee agreement with that firm.

Upon review of the Withdrawal and the circumstance that a negotiated agreement was reached by informed and clearly interested counsel, we find that the Withdrawal agreement reached here was reasonable. In light of the contingency fee agreements, we conclude that the fees to be paid to each firm as agreed upon are reasonable and collectively within the percentage allowed under the 22% Presumptive Fee Cap imposed by the District Court. (Doc. No. 9863). We also conclude, based upon our review, that Hausfeld is entitled to the itemized costs asserted in the Withdrawal.

Accordingly, we conclude that the Withdrawal shall be granted. The Claims Administrator is ordered to distribute the withheld funds for attorneys' fees and costs to Hausfeld and Mitnick, with the remainder to Mr. Clark, as was set forth in the Withdrawal.[1]

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund,

**AND NOW**, this 6th day of June, 2019, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and

2. The Claims Administrator is **ORDERED** to disburse the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

 /s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.