IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>SPID No. 950006982 | **Hon. Anita B. Brody** |

## SETTLEMENT IMPLEMENTATION DETERMINATION

Before this Court is an objection from a finding by the Special Master that Appellant, a Representative Claimant for a Retired Player who died prior to the Settlement's Effective Date, is not entitled to a claim award.

The Court reviews de novo any objections to conclusions of law from its Special Masters. *See* ECF No. 6871 at 4-5 (appointing the Special Masters and defining their roles). "The decision of the Court will be final and binding." Settlement Agreement § 9.8.

Appellant objects to two conclusions of law made by the Special Master.[1] First, Appellant objects to the Special Master's decision to deny the claim because it did not include a diagnosis of Alzheimer's disease made while the Retired Player was living. Appellant argues that because the claim package included evidence of the Retired Player's "progressive cognitive impairments, including memory problems, progressively worsening over time," the claim

---

[1] To the extent Appellant also objects to the Special Master's factual determination that no diagnosis of Alzheimer's was made while the Retired Player was living, this factual determination was final.

package included sufficient evidence that the Retired Player suffered from Alzheimer's while the Retired Player was living.

However, this evidence is insufficient to meet the Settlement Agreement's definition of a Qualifying Diagnosis of Alzheimer's Disease. For Retired Players who died prior to the Settlement's Effective Date, the Settlement Agreement requires "a diagnosis of Major Neurocognitive Disorder due to probable Alzheimer's Disease . . . or a diagnosis of Alzheimer's Disease, *made while the Retired NFL Football Player was living* . . . ." Settlement Agreement, Ex. 1 § 3(b) (emphasis added). Without an actual diagnosis of Alzheimer's Disease made during the Retired Player's lifetime, evidence of potential symptoms of Alzheimer's Disease while the Retired Player was living do not amount to a Qualifying Diagnosis. Thus, the Special Master did not err.

Appellant's second objection is that the Claims Administrator should have exercised its discretion to excuse Appellant from certain documentation requirements. Specifically, Appellant appears to argue that the Claims Administrator should have excused two requirements: the requirement to submit medical records showing a diagnosis of Alzheimer's during the Retired Player's lifetime, and the requirement to submit a Diagnosing Physician Certification Form showing a Qualifying Diagnosis of Alzheimer's.[2]

"An abuse of discretion occurs only where the district court's decision is 'arbitrary, fanciful, or clearly unreasonable'—in short, where 'no reasonable person would adopt the district court's view." *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010) (quoting *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009)). I find that the Claims Administrator did not abuse its discretion in deciding not to excuse Appellant from these two requirements.

---

[2] The only Diagnosing Physician Certification Form submitted by Appellant indicates a Qualifying Diagnosis of CTE.

Based on a review of the Special Master's Ruling, a review of the Appellant's objection, and a review of the NFL's opposition to the Appellant's objection, I approve and adopt the conclusions in Special Master Pritchett's Ruling. Accordingly, the Appellant's objection is **DENIED**.

June 13, 2019                                     /s/ Judge Anita B. Brody
                                                  ANITA B. BRODY, J.

Copies VIA ECF 6.13.19