## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>SPID No. 950010239 | **Hon. Anita B. Brody** |

### SETTLEMENT IMPLEMENTATION DETERMINATION

Before this Court is an objection from a finding by the Special Master that Appellant, a Representative Claimant for a Retired Player who died prior to the Settlement's Effective Date, was not entitled to a claim award for Parkinson's Disease.[1]

The Court reviews de novo any objections to conclusions of law from its Special Masters. *See* ECF No. 6871 at 4-5 (appointing the Special Masters and defining their roles). "The decision of the Court will be final and binding." Settlement Agreement § 9.8.

Appellant argues that the Special Master erred by applying the wrong evidentiary standard to his review of Appellant's claim.[2] Specifically, Appellant argues that the Special Master applied a "conclusive and convincing evidence" standard of review to Appellant's claim

---

[1] The Claims Administrator determined that Appellant was eligible for a monetary award based on a Qualifying Diagnosis of Level 2 Neurocognitive Impairment. Appellant appealed this determination, arguing that she should instead be found eligible for a monetary award based on a Qualifying Diagnosis of Parkinson's Disease.

[2] To the extent Appellant also objects to the Special Master's factual determination that no diagnosis of Parkinson's was made while the Retired Player was living, this factual determination was final.

appeal, instead of the "clear and convincing evidence" standard required by Section 9.8 of the Settlement Agreement.

Appellant's argument arises out of a statement in a report written by a member of the Appeals Advisory Panel ("AAP") and relied upon by the Special Master. The AAP report included the finding that no medical professional made a "conclusive and convincing diagnosis of Parkinson's disease while [the Retired Player] was living." However, the Special Master's decision denying the appeal stated that "Appellant did not show **clear and convincing** evidence of error in the Claims Administrator's decision." Therefore, the Special Master applied the correct standard of review.

Based on a review of the Special Master's Ruling, a review of the Appellant's objection, and a review of the NFL's opposition to the Appellant's objection, I approve and adopt the conclusions in Special Master Pritchett's Ruling. Accordingly, the Appellant's objection is **DENIED**.

June 13, 2019                                   /s/ Anita B. Brody
                                                ANITA B. BRODY, J.


Copies VIA ECF 6.13.19