## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>SPID No. 100002282 | **Hon. Anita B. Brody** |

## **SETTLEMENT IMPLEMENTATION DETERMINATION**

Before this Court is the NFL Parties' objection from a finding by the Special Master that a Retired Player was entitled to a monetary award for a Qualifying Diagnosis of Level 2 Neurocognitive Impairment.

The Court reviews de novo any objections to conclusions of law from its Special Masters. *See* ECF No. 6871 at 4-5 (appointing the Special Masters and defining their roles). "The decision of the Court will be final and binding." Settlement Agreement § 9.8.

In my decision, I am bound by the terms of the NFL Concussion Class Action Settlement Agreement ("Settlement"). The Settlement, discussing appeals of claim determinations, states:

> The Court will make a determination based upon a showing by the appellant of clear and convincing evidence. The Court may be assisted, in its discretion, by any member of the Appeals Advisory Panel and/or an Appeals Advisory Panel Consultant. The decision of the Court will be final and binding.

Settlement Agreement § 9.8. The Settlement Agreement thus unambiguously states that deciding whether to consult a member of the Appeals Advisory Panel ("AAP") and/or an Appeals Advisory Panel Consultant ("AAPC") is within the complete discretion of the Special Masters. Because the parties left the decision whether to consult a member of the AAP and/or an AAPC

within the discretion of the Court and the Special Masters, I may only disturb the Special Master's decision on AAP or AAPC consultation if it was an abuse of discretion. *See* ECF No. 10528.

"An abuse of discretion occurs only where the district court's decision is 'arbitrary, fanciful, or clearly unreasonable'—in short, where 'no reasonable person would adopt the district court's view." *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010) (quoting *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009)).

I find that the Special Master did not abuse his discretion in declining to consult the AAPC when deciding the appeal subject to this objection. Because the Retired Player sought a diagnosis through the Baseline Assessment Program ("BAP"), and because the two Qualified BAP Providers (one neurologist and one neuropsychologist) did not agree on his Qualifying Diagnosis, the Retired Player's claim was sent to a member of the AAP. The AAP member, a neurologist, determined that the Retired Player demonstrated a Qualifying Diagnosis of Level 2 Neurocognitive Impairment. The NFL Parties argue that it was an abuse of discretion for the Special Master to rely on the opinion of the AAP member (a neurologist) without also seeking the advice of an AAPC (a neuropsychologist). However, it was well within the range of reasonable choices available to the Special Master to decide that he was capable of reviewing the claim appeal, including the issue of the performance validity measures, without additional input from an AAPC neuropsychologist.[1]

---

[1] Indeed, the Settlement Agreement, by allowing an AAP *neurologist* to review a claim package when two qualified BAP Providers (a neurologist and a neuropsychologist) disagree about the Qualifying Diagnosis, specifically endorses the principle that a neurologist is capable of reviewing and evaluating the work of a neuropsychologist, including the administration of performance validity measures. *See* Settlement Agreement § 5.13.

Based on a review of the Special Master's Ruling, a review of the NFL Parties' objection, a review of the Retired Player's opposition to the NFL Parties' objection, and a review of Class Counsel's opposition to the NFL Parties' objection,[2] I approve and adopt the conclusions in Special Master Pritchett's Ruling.  Accordingly, the NFL Parties' objection is **DENIED**.  The NFL Parties' request for a stay of payment is **DENIED** as moot. The Claims Administrator is directed to pay the monetary award subject to this objection.

June 13, 2019                                     /s/ Anita B. Brody
                                                                  ANITA B. BRODY, J.

Copies VIA ECF 6.13.19

---

[2] The Retired Player's opposition to the NFL Parties' objection was filed by Michael L. McGlamry of Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. Class Counsel's opposition was filed by Christopher A. Seeger of Seeger Weiss LLP. The filings reviewed by the Court are attached to this Settlement Implementation Determination. They have been redacted to remove identifying Player information.