Michael L. McGlamry
mmcglamry@pmkm.com

**POPE MCGLAMRY**
ATTORNEYS AT LAW

3391 Peachtree Road, NE, Suite 300
Atlanta, Georgia 30326

**Mailing Address**
P.O. Box 19337
Atlanta, Georgia 31126

404.523.7706
www.popemcglamry.com

May 8, 2019

**VIA EMAIL**

Orran Brown, Esq.
Jennifer Goodwin, Esq.

    RE:    Settlement Class Member ▊▊▊▊ (SPID 100002282) Opposition to NFL Appeal of the Special Master's Decision dated March 19, 2019

Dear Orran and Jennifer:

    Settlement Class Member ▊▊▊▊ (SPID 100002282) respectfully submits this Opposition to the NFL's Appeal ("Appeal") of the Special Master's Decision, attached hereto as Exhibit I, that overruled the NFL's Appeal of Claim Determination and refusal to pay the Monetary Award dated December 19, 2018 (the "Award").

### Procedural Background

    The Award arose from Mr. ▊▊'s BAP evaluation as part of the Settlement Program. Mr. ▊▊ did exactly what the Program requires. After the BAP physicians assigned to Mr. ▊▊ by the Settlement Administrator could not agree on the level of his qualifying diagnosis, an Appeals Advisory Panel Member ("AAP Member") diagnosed Mr. ▊▊ with Level 2.0 Neurocognitive Impairment. The Claims Administrator determined that his Claim was valid and satisfied the criteria for a Qualifying Diagnosis. On that basis, the Claims Administrator issued the Award. The NFL appealed the Award to the Special Master and advanced all of its arguments against the Award, including much of the argument in the "Background" section of its Appeal here, which is a blatant attempt to re-litigate the factual basis for Mr ▊▊'s Award. The Special Master denied the NFL's appeal based on a factual finding that the NFL had not presented clear and convincing evidence that the diagnosis was wrong.

    The Claims Administrator issued a Post-Appeal Notice of Monetary Award in Mr. ▊▊'s favor, but the NFL refused to pay the Award and instead filed this second Appeal. The NFL now contends that the Special Master should have consulted an Appeals Advisory Panel Consultant (an "AAPC") because the Special Master's factual findings are not subject to appeal under Settlement Section 9.8.

**Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C.**
Atlanta | Columbus

This Appeal is wholly improper and should not be considered. First, the NFL did not make any argument in its initial appeal to the Special Master regarding consultation with an AAPC. The single-sentence reference to the AAPC in the "Conclusion" paragraph of the NFL's brief is not sufficient to preserve such an argument for appeal, especially where that argument is merely pretext to seek review of an unreviewable factual determination. Second, the Court has foreclosed this appeal in its recent Order Pursuant to Settlement Implementation Determination dated April 12, 2019 (Dkt. 10528) (the "Order") (attached hereto as Exhibit II), conclusively determining that the Settlement Agreement "unambiguously states that deciding whether to consult a member of the AAP and/or an AAPC is within the complete discretion of the Special Masters." Order at 2. As the purported legal grounds for the NFL's Appeal are foreclosed, its current appeal is nothing more than an attempt to overturn the Special Master's factual findings, which are not subject to appeal.

The true objective and intent of the NFL's Appeal is to deny payment of Mr. ███s Award by means outside the parameters of the Settlement Agreement through the guise of objecting to the lack of re-review by an AAPC. The transparency of this objective is shown by the fact that the purported legal basis for this Appeal is completely foreclosed by the Court's Order. The NFL's Appeal is meritless and must be denied.

## Argument

The NFL's Appeal is another attempt to re-write the Settlement Agreement in the same manner which this Court rejected in its Order. The NFL's Appeal is dated April 8, 2019, four days before the Court issued its Order. Following the Order, however, the NFL neither withdrew its Appeal, nor proffered any argument contending that its Appeal can proceed despite the Order. Despite that the Order forecloses this Appeal, after the Order was issued, the NFL filed a letter with the Court seeking a stay of payment pending this Appeal. Nothing in that letter refutes the findings of the Court in its Order as they apply to this Appeal or even acknowledges the Order. *See* NFL Parties' Letter Request to Judge Brody Seeking Stay of Payment (attached hereto as Exhibit III).

The NFL seeks – again – to re-write the Settlement Agreement so that, at the NFL's request or suggestion, an AAP member or AAPC becomes an auditor over BAP monetary awards. If this were allowed, the NFL would obtain an amendment to the Settlement Agreement via an Objection, over vigorous opposition by the Players. Neither the Settlement Agreement nor the law permits this result.

The Settlement Agreement states:

> The Court will make a determination based upon a showing by the appellant of clear and convincing evidence. The Court may be assisted, *in its discretion*, by any member of the Appeal Advisory Panel and/or an Appeals Advisory Panel Consultant. The decision of the Court will be *final and binding*.

Settlement Agreement, Article IX, § 9.8 (emphasis added). The Court cited this provision in its Order, explaining that it is "bound by the terms" of the Agreement, and because the parties, "left the decision whether to consult a member of the AAP and/or an AAPC within the discretion of the Court and the Special Masters," the Court could only disturb the decision if it was an abuse of discretion. Order at 2. The Court found that the "decision to not consult an AAP member and/or and AAPC was within the range of reasonable choices available to the Special Master." *Id.* at 3. The standard is also found in Rule 22 of the Rules Governing Appeals, which states in pertinent part: "The Special Master may be assisted in any Appeal, *in his discretion*, by any member [of the AAP or AAPC]." (Emphasis added.) The NFL negotiated and agreed to both provisions, and it agreed to Rule 22 in January 2018. If it believed something else was intended, it should have said so in January.

Here, an AAP member made the diagnosis under review, further demonstrating that the Special Master did not abuse its discretion. The NFL's second-level Appeal is not permissible under the Settlement Agreement. The NFL has already appealed Mr. ▇'s Award, and the Special Master affirmed it. In keeping with the intended finality of this process, for appeals referred to the Special Masters, the parties agreed and the Court ordered, under Fed. R. Civ. P. 53(f)(3)(B), that the Special Masters' factual determinations will likewise be final and binding. *See* Rule 31, Rules Governing Appeals of Claim Determinations ("The Special Master's decision on an Appeal is final and binding on the Settlement Class Member(s), the Parties to the Appeal and the Claims Administrator and is not subject to appeal or review by the Court, except that pursuant to Fed. R. Civ. P. 53(f)(4) and the Court's July 13, 2016 Order appointing the Special Masters, the Court will review de novo (that is, anew) any objection to the Special Master's conclusions of law."). Ultimately, the NFL's Appeal attacks the factual determinations made by the Special Master that the diagnosis underlying the Award is correct. This attempt to circumvent the finality provisions of the Agreement should be rejected.

The NFL's motive is not to make certain that only valid claims are paid. Rather, the NFL seeks a new layer of review not within the Settlement Agreement in the hope that the AAP or an AAPC will quash – or at least delay – valid Awards that have been certified by qualified physicians, confirmed by the Claims Administrator, and then scrutinized and affirmed by the Special Master. Again, Mr. ▇'s claim has already been reviewed by an AAP member, in the process of reconciling the differing opinions of the BAP physicians.

The NFL seeks to re-write the Settlement Agreement to require the Special Masters to seek a second opinion from an AAP member or AAPC, in lieu of the Settlement Agreement's express language giving the Special Masters discretion whether to seek such an additional opinion. The Special Master here determined that an additional review was not necessary in evaluating Mr. ▇'s Award, and that determination was reasonable. What the NFL seeks to do contradicts the Settlement Agreement and the terms the Players negotiated. Its proposal would constitute a material re-write of the Agreement by the NFL, via an appeal of a single claim Award. The Settlement Agreement simply does not contemplate the expanded role the NFL seeks for the AAP and AAPC. Such an additional, mandatory level of review could only be implemented via a formal modification of the Agreement, in writing

and signed by the Parties. The plaintiff Players will never consent to such a modification.

Last, and contrary to the NFL's factual assertions, there is no arcane medical issue that requires input from the AAPC to determine the appropriateness of Mr. ▓▓▓'s award. The NFL has shown no reason why the Special Master was not able to assess the evidence properly and determine whether or not the NFL's evidence was clear or convincing. In fact, the NFL itself cannot even say for certain whether the AAP member who made the diagnosis under the protocol established in the Settlement Agreement did or did not consult an AAPC in making that diagnosis. *See* Appeal at 3 ("Upon information and belief, the AAP neurologist reviewed the material without consulting an AAPC neuropsychologist."). The NFL's argument rests entirely upon this assumption. Therefore, the NFL's sole legal basis for this Appeal, which basis has already been rejected by the Court's prior Order, is premised upon an assumption that the NFL could not state as a fact. Furthermore, the factual evidence underlying Mr. ▓▓▓'s Award is substantial and undisputed. The NFL merely attacks Mr. ▓▓▓ for the failures of validity testing which has been shown to have inherent limits on the ability to conclusively determine malingering, especially in the case of severe dementia, as Mr. ▓▓▓ argued in defense of the NFL's first appeal. *See* ▓▓▓'s Opp'n to NFL Appeal of Claim Determination (attached hereto as Exhibit IV). The Special Master reasonably found that the NFL had not shown clear and convincing evidence that the Award was unwarranted. The Court should not countenance the NFL's baseless Appeal, and it should be dismissed.

### Conclusion

For all of the foregoing reasons, Settlement Class Member ▓▓▓ respectfully requests that the Court deny the NFL's Appeal and Order the Claims Administrator to pay the Award on an expedited basis, with interest. Mr. ▓▓▓ also respectfully requests that the Court order the NFL to pay attorney's fees and costs to Mr. ▓▓▓'s counsel, who have been forced to spend time and effort responding to the NFL's unwarranted appeals.

This 8th day of May, 2019.

Respectfully submitted,

Michael L. McGlamry
Counsel for ▓▓▓