UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>  Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>  Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**CLASS COUNSEL'S MEMORANDUM IN RESPONSE
TO MOTION FOR RULING AND ELIMINATION OF
<u>HOLDBACK FROM MONETARY AWARDS</u>**

## I. INTRODUCTION

On the heels of the recent motion filed by the law firm of Steckler Gresham Cochran PLLC ("Steckler Gresham") (ECF No. 10581), the law firm of Cummings, McClorey, Davis, & Acho, P.L.C. ("Cummings McClorey") has filed a similar motion, urging the Court to render a decision on Class Counsel's request for a set-aside from class members' Monetary Awards and arguing against a holdback and for elimination of the current provisional holdback (ECF No. 10654) ("Motion"). With respect to the first part of the requested relief, Class Counsel Christopher A. Seeger ("Class Counsel") defers to the Court's judgment as to when it believes that it has a sufficient record before it to make a formal determination.

As to Cummings McClorey's substantive arguments in opposition to the set-aside itself, they suffer from the same or similar infirmities as did Steckler Gresham's. Its contentions demonstrate that its Motion is really an objection to the February 2017 petition for a set-aside and, as such, is untimely. On their merits, Cummings McClorey's arguments reveal a profound unfamiliarity with the considerable implementation-phase work undertaken by Class Counsel and others and which will continue to be performed for the common benefit of the Settlement Class over the course of many years; give an incomplete picture of the opinions of the Court's appointed expert, Professor William B. Rubenstein; and offer unsupported and unconvincing assertions of client hardship that are, in reality, complaints about the effect of the set-aside on lawyers' pecuniary interests. The Court should deny the Motion.

## II. ARGUMENT

### A. The Timing of a Decision on the Holdback Request Is Entirely up to the Court

Cummings McClorey begins by pointing to the Court's statement in its April 5, 2018 common benefit aggregate award ruling that it hoped to adjudicate the set-aside request "'ideally in one year.'" ECF No. 10654 at 5 (quoting ECF No. 9860 at 2 n.1). The Court's statement, of

course, was aspirational, and the Court did not commit itself to a firm timetable or deadline for a ruling. Class Counsel is not opposed to the issuance of a decision concerning the set-aside request sooner rather than later. At the same time, though, it is up to the Court to determine when it has an adequate evidentiary record to render a formal adjudication of the request. The interests of justice are best served if lawyers do not implore courts to issue rulings.

### B. The Motion Is Untimely

At bottom, Cummings McClorey's substantive attacks on the requested set-aside make plain that the Motion is predominantly an objection to Class Counsel's set-aside application. The set-aside request, however, was presented on February 13, 2017. ECF Nos. 7151 at 2, 7151-1 at 70-75, 7151-2 at 31-35 (¶¶ 101-19). Briefing in connection with the request closed with the filing of Class Counsel's reply papers on April 10, 2017. ECF Nos. 7464 at 29-47, 7464-1 at 4-11 (¶¶ 14-38) (reply papers further addressing set-aside request). No doubt, Cummings McClorey could have presented its arguments during the ample time that the Court allotted for briefing of the common benefit fee petition and requested set-aside. *See* ECF No. 7261 at 1 (Order setting Mar. 27, 2017 deadline for filing of objections). A substantial number of class members managed to file objections to the requested set-aside on time (or with leave of Court in the case of one objection that was two days late due to a clerical error). *See* ECF Nos. 7205, 7299, 7344, 7346, 7351, 7353, 7359, 7360, 7367, 7371, 7373, 7375, 7401-1.

Similarly, the deadline for filing responses to Prof. Rubenstein's report, upon which Cummings McClorey's arguments against the holdback rest in large part (*see* Point C, *infra*), has long since passed. *See* ECF No. 9527 (directing that responses by interested parties to Prof. Rubenstein's report be filed by Jan. 3, 2018). A significant number of responses to Prof. Rubenstein's report (principally directed to his recommended 22 percent cap on Individually

Retained Private Attorney ("IRPA") fees, which the Court ultimately adopted, *see* ECF Nos. 9862-63) were timely filed.  *See* ECF Nos. 9545-57.

In short, Cummings McClorey had ample opportunity to file responses to the petition for a set-aside and in support of Prof. Rubenstein's recommendation concerning Class Counsel's holdback request, but for whatever reason it did not do so.  It does not explain why it waited until now to make its arguments respecting the requested set-aside.  Nor does it present anything that has not already been said before, including the tired argument that the class counsel fees paid by the NFL afford sufficient compensation to Class Counsel and obviate the need for a set-aside from class members' Monetary Awards.  Because Cummings McClorey has presented arguments concerning the merits of the holdback request long past the time for doing so, the Court should reject its arguments as untimely.

**C.   Cummings McClorey's Arguments Against the Set-Aside Request Are Meritless**

In any event, Cummings McClorey's arguments are devoid of merit.  Its contention that the holdback "award[s] Class Counsel for work it did not do" (ECF No. 10654 at 6) is sheer nonsense.  Class Counsel has recounted time and again the extensive efforts that have gone into the Settlement's effectuation, including the very launch of the Settlement program (including adoption of procedures, appointment of officers, and retention of MAF and BAP physicians); litigation of numerous issues and disputes related to the Settlement's implementation (some of them unexpected); and assistance or support provided to numerous class members and their individual counsel, as well as pro se class members.[1]  These sundry labors need not be discussed yet again here.

---

[1] ECF No. 7464-1 at 5-11 (¶¶ 16-38) (Supp. Decl. of Christopher A. Seeger); ECF Nos. 10128 at 2-17 (first implementation-phase common benefit fee petition); ECF No. 10374 at 2-15 (second implementation-phase common benefit fee petition); ECF No. 9552 at 6-9 (Class

Suffice it to say, once again, that it is fair and reasonable that class members receiving Monetary Awards contribute to the compensation of implementation-phase common benefit work, especially given that the Settlement Agreement expressly contemplated the requested set-aside. *See* ECF No. 6481-1 at 82 (§ 21.1). The Motion, like that of Steckler Gresham, simply ignores the multifaceted efforts that have been necessary to get the Settlement up and running and maintain its programs on behalf of the entire Settlement Class, including Cummings McClorey's clients. The suggestion that the $112.5 million paid by the NFL for class counsel fees and costs should also cover effectuation-phase work is specious, especially because the Settlement will span 65 years and there will invariably need to be a succession of counsel performing work on behalf of the Settlement Class over such a long period.

Cummings McClorey's reliance on Prof. Rubenstein's recommendation against the requested set aside fares no better. *See* ECF No. 10654 at 2-3 (¶ 8), 5-6. Class Counsel has explained why Prof. Rubenstein's initial recommendation against the set-aside was not well taken, including because he incorrectly calculated what class attorneys' fees represented as a share of the Settlement's value; overlooked the increased burdens that Class Counsel has faced in the effectuation phase; and assumed that the fees paid by the NFL would also be sufficient to compensate all implementation-phase common benefit work by underestimating the wide-ranging efforts that had gone into securing and defending the Settlement in the first place. *See* ECF No. 9552 at 2-11.

---

Counsel's response to Prof. Rubenstein's expert report); ECF No. 10596 at 5-6 (Class Counsel's mem. in opp. to Steckler Gresham's mot.); ECF No. 10596-1 at 2-3 (¶¶ 3-4) (Decl. of Christopher A. Seeger).

At any rate, Cummings McClorey provides an incomplete picture of Prof. Rubenstein's opinions by disregarding Prof. Rubenstein's reply to the responses to his report. There, Prof. Rubenstein set forth alternative recommendations if the funds in the Attorneys' Fees Qualified Settlement Fund prove inadequate to compensate implementation-phase common benefit work, including an additional fee payment by the NFL and, albeit as a last resort, the adoption of a 2 percent set-aside. *See* ECF No. 9571 at 4-8. The suggestion that Prof. Rubenstein categorically opposed a set-aside is thus inaccurate.

Equally unavailing is Cummings McClorey's conclusory hardship argument. *See* ECF No. 10654 at 3 (¶ 9), 6. The suggestion that, having received 95 percent of their Monetary Awards (minus any attorneys' fees and reimbursement of advanced costs paid to Cummings McClorey), its clients face undue hardship because the remaining 5 percent of their awards has been (or, if the Court adopts a set-aside permanently, will be) withheld from their awards is unconvincing on its face.

More to the point, Cumming McClorey's grumbling that the provisional 5 percent set-aside has effectively reduced its fees below the 22 percent IRPA cap (that is, to 17 percent) reveals that the perceived hardship that Cummings McClorey is *really* concerned about is that to *itself*, not to its clients. As the Court has already found, however, even were it to impose a permanent holdback, the effective reduction of the presumptive fee cap to 17 percent would nonetheless be reasonable given Prof. Rubenstein's calculation that the cap in 7 other aggregate settlements that he examined where courts directly capped IRPA fees averaged 17.95 percent. ECF No. 9862 at 8 n.5; *see* ECF No. 9526 at 93.

Finally, there is no merit to Cummings McClorey's assertion that the holdback interferes with private fee contracts. Those contracts are not a factor to be considered in determining whether

a set-aside is appropriate.  Indeed, the assessments that MDL courts impose for the purpose of having funds available to compensate common benefit work typically are deducted from private attorneys' share of their clients' recoveries.  *E.g.*, *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 553 F. Supp. 2d 442, 457 (E.D. Pa. 2008), *aff'd*, 582 F.3d 524 (3d Cir. 2009); *In re Zyprexa Prods. Liab. Litig.*, 467 F. Supp. 2d 256, 267 (E.D.N.Y. 2006); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, No. MDL 05-1708 DWF/AJB, 2008 WL 682174, at *2 (D. Minn. Mar. 7, 2008).

      Moreover, putting aside that the imposition of a set-aside does not amount to a modification of any private fee contract, such contracts are not absolutely inviolable, as Cummings McClorey inaccurately implies.  "The district courts' supervisory jurisdiction over contingent fee contracts in cases before them is well-established."  *United States v. Overseas Shipholding Grp., Inc.*, 625 F.3d 1, 8 n.4 (1st Cir. 2010) (citation and internal quotation marks omitted).  In this respect, the Third Circuit has long recognized that "[b]ecause courts have a special concern to supervise contingent attorney fee agreements, they are not to be enforced on the same basis as ordinary commercial contracts," *McKenzie Const., Inc. v. Maynard*, 758 F.2d 97, 101 (3d Cir. 1985), and that district courts have the authority to look beyond the face of lawyers' contingent fee agreements and modify or set them aside if necessary.  *E.g.*, *Dunn v. H. K. Porter Co.*, 602 F.2d 1105, 1110 (3d Cir. 1979); *Schlesinger v. Teitelbaum*, 475 F.2d 137, 141 (3d Cir. 1973).

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny the Motion.

Date:  June 14, 2019

              Respectfully submitted,

              <u>*/s/ Christopher A. Seeger*</u>
              Christopher A. Seeger
              SEEGER WEISS LLP
              55 Challenger Road, 6th Floor
              Ridgefield Park, NJ  07660
              Telephone:  (212) 584-0700
              cseeger@seegerweiss.com

              ***CLASS COUNSEL***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's ECF system on June 14, 2019.

*/s/ Christopher A. Seeger*
Christopher A. Seeger