**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                                  Plaintiffs,<br>      v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                                                  Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>John D. Giddens, P.A. v. David Boston<br>Attorney Lien Dispute<br>(Doc. No. 7639) | |

**EXPLANATION AND ORDER**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                     July   11, 2019

Before the Court is a Petition to Establish Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member David Boston ("Mr. Boston"), which was filed on May 17, 2017 by John D. Giddens, P.A. ("Giddens"). (Doc. No. 7639). On March 28, 2018, the Claims Administrator issued a Notice of Lien to Mr. Boston's subsequent counsel, Acosta and Associates, LLC ("Acosta"). On August 10, 2018, however, Mr. Boston retained current counsel, Law Offices of Caroline V. Davis, P.C. ("Davis"). Based upon the claim submitted by Davis on September 22, 2018, the Claims Administrator issued a Notice of Monetary Award Claim Determination to Mr. Boston and Davis on April 18, 2019. That Notice also apprised Davis of the existence of the Giddens lien, which Mr. Boston, through Davis,

proceeded to dispute.[1]

The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283). Pursuant to Rule 12, Giddens and Davis (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this Dispute. The Parties have consented to jurisdiction by a Magistrate Judge. (Doc. No. 10689). Accordingly, this Opinion will serve as the final decision of the Court concerning this dispute.

In separate submissions of June 28, 2019, and pursuant to Rule 24, the Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") reflecting that they have resolved their dispute concerning the Giddens lien. The signed agreement clearly indicates the portion of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future. Davis also provided to the Court an itemized list of the costs it incurred, which are also payable from Mr. Boston's award pursuant to his fee agreement with the firm.

Upon review of the Withdrawal and the circumstance that a negotiated agreement was reached by informed and clearly interested counsel, we find that the Withdrawal agreement reached here was reasonable. In light of the contingency fee agreements, we conclude that the fees to be paid to each firm as agreed upon are reasonable and collectively within the percentage allowed under the 22% Presumptive Fee Cap imposed by the District Court. (Doc. No. 9863). We also conclude, based upon our review, that Davis is entitled to the itemized costs asserted in its Withdrawal.

---

[1] We are unaware of any lien on this claim filed by Acosta.

Accordingly, we conclude that the Withdrawal shall be granted. The Claims Administrator is ordered to distribute the withheld funds for attorneys' fees to Giddens and for attorneys' fees and costs to Davis.[2] The remainder of the currently withheld funds are to be distributed to Mr. Boston.

**AND NOW**, this 11th day of July, 2019, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and

2. The Claims Administrator is **ORDERED** to disburse the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

[2] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.