

# Fox Rothschild LLP
ATTORNEYS AT LAW

2000 Market Street
20th Floor
Philadelphia, PA 19103-3222
Tel (215) 299-2000  Fax (215) 299-2150
www.foxrothschild.com

PETER C. BUCKLEY
Direct No: 215.299.2854
Email: PBuckley@FoxRothschild.com

July 12, 2019

**VIA ECF AND HAND DELIVERY**

The Honorable Anita B. Brody
United States District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 7613
Philadelphia, Pennsylvania 19106-1751

Re:   *In Re: National Football League Players' Concussion Injury Litigation*,
      **No. 12-md-02323 (E.D. Pa.)**

Dear Judge Brody:

I represent Thrivest Specialty Funding, LLC ("Thrivest") and write to request a conference to discuss the Claims Administrator's implementation of the Court's December 8, 2017 Explanation and Order following the Third Circuit's ruling in In re: National Football League Players' Concussion Injury Litigation, 923 F.3d 96 (3d Cir., Apr. 26, 2019). Specifically, Thrivest seeks to discuss changes to the Claims Administrator's "Rules Governing Assignment of Claims" and related processes to conform those processes to the Third Circuit's ruling.

The Third Circuit issued its mandate on May 20, 2019. Subsequently, the Claims Administrator published revised "Rules Governing Assignment of Claims"[1] and filed its Status Report No. 5 (Doc. No. 10652) on May 31, 2019. Neither of the Claims Administrator's post-mandate issuances appear to incorporate the Third Circuit's direction. Indeed, neither document even refers to the Third Circuit's decision.

---

[1] Available at https://www.nflconcussionsettlement.com/Docs/Rules_Governing_Assignment_of_Claims.pdf (last accessed on July 12, 2019).

A Pennsylvania Limited Liability Partnership

California   Colorado   Connecticut   Delaware   District of Columbia   Florida   Illinois
Minnesota   Nevada   New Jersey   New York   Pennsylvania   Texas   Washington



**Fox Rothschild** LLP
ATTORNEYS AT LAW

The Honorable Anita B. Brody
July 12, 2019
Page 2

The revised "Rules Governing Assignment of Claims" still speak in binary terms, separating all funding arrangements into "collateralized loans" or "prohibited assignments." Similarly, Paragraph 18 of the May 31, 2019 Status Report still refers to the Court's December 8, 2017 Explanation and Order as defining whether a funding arrangement is a "Prohibited Assignment" that triggers a Notice of Assignment Review Determination.[2] The Third Circuit made clear, however, that a more nuanced provision-by-provision approach is required.

The Third Circuit partially reversed the Court's December 8, 2017 Explanation and Order, noting—as relevant to Thrivest's concern—"We will reverse to the extent the District Court purported to void the cash advance agreements *in their entirety* and void contractual provisions that went only to a lender's right to receive funds after the player acquired them." 923 F.3d at 113 (emphasis supplied). The Third Circuit's decision requires a provision-by-provision analysis to determine whether a specific term of the agreement is a "true assignment" of rights, which "allow[s] a litigation funding company to step into the shoes of a class member and pursue the class member's rights through the claims process." Id. at 111. It appears that the Claims Administrator is not following this guidance and, instead, is continuing to issue blanket determinations that entire agreements are "prohibited" when it may be that the agreement does not allow the funding company to stand in the shoes of the Class Member in the claims administration process or that any provisions that purport to provide such access should be ignored by the Claims Administrator.

Within this framework, the Third Circuit specifically addressed Thrivest's funding agreement:

> Thrivest's contract gave it only the right to receive settlement funds after the funds are disbursed to a class member, and the District Court's power over the funds and class ends at that point. … Even if the parties had attempted to create a true assignment, we have held that the District Court did not have the authority to void Thrivest's agreement with White *in its entirety*.

Id. at 112-13 (emphasis supplied).

Thrivest is concerned that the Claims Administrator has not incorporated the Third Circuit's ruling into its work, and instead continues to regard all funding agreements as "Prohibited Assignments."

---

[2] The Claims Administrator previously designated Thrivest's funding agreement as a "Prohibited Assignment" under the December 8, 2017 Explanation and Order.



Fox Rothschild LLP
ATTORNEYS AT LAW

The Honorable Anita B. Brody
July 12, 2019
Page 3

This contradicts the Third Circuit's mandate, especially as to Thrivest in that the Third Circuit found that Thrivest did not have the right to stand in a Class Member's shoes and seek payment directly from the Claims Administrator. Thrivest is concerned that the Claims Administrator's current practice could result in the issuance of another Notice of Assignment Review Determination suggesting that Thrivest's Agreement is invalid in its entirety—which not only is contrary to the Third Circuit's ruling, but also may create unrealistic (and legally unsound) expectations in Class Members. The Court has been appropriately concerned about the accuracy of communications to Class Members and the Notice of Assignment Review Determination is no different, especially when a Class Member could view the notice as an invitation to ignore enforceable obligations and when doing so may result in additional financial consequences.

In light of the Third Circuit's ruling, Thrivest respectfully requests that the Court direct the Claims Administrator to revise its "Rules Governing Assignment of Claims" to conform to the provision-by-provision analysis required and to avoid the "all or nothing" nature of the current Notice of Assignment Review Determination.

Thrivest would welcome the opportunity to further explain its concerns and to participate in the Claims Administrator's consideration of the required revisions. Consideration of these issues now may help all parties avoid costly litigation later. To that end, Thrivest respectfully requests a conference with the Court, the Claims Administrator, Class Counsel, and any others who wish to participate in consideration of these issues.

Thank you.

Respectfully submitted,

*Peter C. Buckley* (signature)

Peter C. Buckley

cc: Chambers (via fax)
    All Counsel of Record (via ECF)