**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                             Plaintiffs,<br>   v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                             Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>John D. Giddens, P.A. v. David Boston<br>Attorney Lien Dispute<br>(Doc. No. 7639) | |

**EXPLANATION AND ORDER**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                         July 12, 2019

      On July 11, 2019, the Court entered an Explanation and Order (Doc. No. 10725) regarding the above-referenced attorney lien and ordered the Claims Administrator to disburse the funds that had been withheld from the Monetary Award of Settlement Class Member David Boston ("Mr. Boston") for attorney's fees and costs. As set forth in that filing, our Order addressed Doc. No. 7639, the Petition to Establish Attorney's Lien filed on May 17, 2017 by John D. Giddens, P.A. ("Giddens"), a firm that previously represented Mr. Boston in this litigation. Giddens had perfected that lien on May 19, 2017 by providing to the Claims Administrator: (1) information identifying the retired player; (2) its assertion of the amount of the lien, reflecting the requested fee as a percentage of the net recovery for a fee, plus specific costs; (3) a copy of the notice of

attorney's lien filed on the MDL docket; and (4) a copy of its retainer agreement.[1] In light of the perfected lien, when Mr. Boston's monetary award was determined on April 18, 2019, the Claims Administrator withheld funds sufficient to satisfy the amount of the Giddens lien.

When Mr. Boston's current counsel, Law Offices of Caroline V. Davis, P.C. ("Davis"), learned of the Giddens lien, it advised the Claims Administrator that it disputed the lien. Giddens and Davis consented to jurisdiction by a Magistrate Judge to resolve the lien dispute. (Doc. No. 10689.) Subsequently, however, they reached an agreement concerning their dispute and submitted to the Claims Administrator a Withdrawal of Attorney's Lien Dispute form agreement (the "Withdrawal") pursuant to Rule 24 of the Rules Governing Attorneys' Liens. The Withdrawal indicated the portion of Mr. Boston's Monetary Award that each law firm would receive and set forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future. The Claims Administrator then provided the record to the Court for an adjudication of the lien dispute and an order that would dictate the disbursement of the withheld funds.

Upon our review of the Dispute Record, we prepared the Explanation and Order ("Order") that was signed and docketed on July 11, 2019. We noted that Mr. Boston had also been represented for a time by Acosta and Associates, LLC ("Acosta"). Acosta filed a Notice of Attorney's Lien on the MDL docket on April 26, 2019. *See* Doc. No. 10585. That Notice of Attorney's Lien states that the firm "has a lien in this case for reasonable attorney's fees plus reasonable expenses," and that "[p]roof of Attorney's lien will be submitted to the Claims Administrator." *Id.* The Claims Administrator sent a request for complete proof of the lien to Acosta on May 3, 2019. Acosta failed to respond to that request and provide complete

---

[1] In so doing, Giddens complied with Rule 8(a) of the Rules Governing Attorneys' Liens, adopted on March 6, 2018 and subsequently amended on October 3, 2018. (Doc. Nos. 9760, 10283.)

documentary proof of the lien until July 12, 2019, after entry of the Order but before the process to pay the claim was initiated by the Claims Administrator.

In light of Acosta's Lien for fees and expenses asserted against Mr. Boston's Monetary Award and the cap on attorneys' fees imposed by the Court's April 5, 2018 Opinion and Order (Doc. Nos. 9862 and 9863), we defer for the time being distribution of the withheld funds for attorney's fees and costs. We will revisit the Withdrawal request filed by Giddens and Davis when we have a more complete record.

**AND NOW**, this 12th day of July, 2019, it is **ORDERED** that the Claims Administrator is to suspend any action regarding disbursement of the funds withheld from Mr. Boston's Monetary Award for attorney's fees and costs until further order of the Court.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE