IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION LITIGATION _____ THIS DOCUMENT RELATES TO: ALL ACTIONS | § § § § § § § § § No. 2:12-md-2323 (AB) MDL No. 2323 |

CERTAIN CLASS MEMBERS' OPPOSITION TO CLASS COUNSEL'S THIRD VERIFIED PETITION FOR AN AWARD OF POST-EFFECTIVE DATE COMMON BENEFIT ATTORNEYS' FEES AND COSTS

Pending before the Court in the above referenced matter is Class Counsel Christopher A. Seeger's Third Post-Effective Date Fee Petition (ECF 10767). Class Members Melvin Aldridge, Patrise Alexander, Charlie Anderson, Charles E. Arbuckle, Cassandra Bailey Individually and as the Representative of the Estate of Johnny Bailey, Rod Bernstine, Reatha Brown Individually and as the Representative of the Estate of Aaron Brown, Jr., Curtis Ceasar, Jr., Larry Centers, Trevor Cobb, Darrell Colbert, Elbert Crawford III, Christopher Crooms, Gary Cutsinger, Jerry W. Davis, Tim Denton, Leland C. Douglas, Jr., Michael Dumas, Corris Ervin, Robert Evans, Doak Field, James Francis, Baldwin Malcolm Frank, Murray Garrett, Clyde P. Glosson, Anthony Guillory, Roderick W. Harris, Wilmer K. Hicks, Jr., Patrick Jackson, Fulton Johnson, Richard Johnson, Gary Jones, Eric Kelly, Patsy

Lewis Individually and as the Representative of the Estate of Mark Lewis, Ryan McCoy, Emanuel McNeil, Gerald McNeil, Jerry James Moses, Jr., Anthony E. Newsom, Winslow Oliver, John Owens, Robert Pollard, Derrick Pope, Jimmy Robinson, Thomas Sanders, Todd Scott, Nilo Silvan, Matthew Sinclair, Dwight A. Scales, Richard A. Siler, Frankie Smith, Eric J. Swann, Anthony Toney, Herbert E. Williams, James Williams, Jr., Butch Woolfolk, Keith Woodside, Milton Wynn, and James A. Young, Sr. oppose the Third Petition in its current form and respectfully submit for the Court's consideration the following response in opposition thereto:

## INTRODUCTION

By his Third Petition, Class Counsel seeks another fee/expense distribution (approx. $1.7 million)[1] from what little remains of the $22.8 million set aside by this Court to pay implementation fees/expenses "*through the ... 65-year term*" of the settlement.[2] Collectively, then, and only two and

---

[1] ECF 10767, at 2 (claiming fees of $1,445,488.66 and expenses of $243,788.10).

[2] ECF 10019, at 4, 25 (emphasis added). According to the Court, the $112.5 million fund was "to be used to pay Class Counsel for [i] securing and [ii] implementing" the settlement over the course of the next six decades. *See* ECF 10378, at 1; *see also* ECF 9860, at 2. That fund, opined the Court's appointed expert, Professor William B. Rubenstein, "should be sufficient to fund past, present, *and* future [attorney] work." *See* ECF 9571, at 5 (emphasis added). As such, the Court awarded $85.6 million to Class Counsel "for their work in securing" the settlement (ECF 10019, at 1) and directed that the remainder of the fund ($22.8 million at the time) be held in reserve to pay for implementation. *See* ECF 10019, at 4, 25.

2

a half years into the 65-year term, Class Counsel has, through his three post-effective date fee petitions, requested over 60% ($14.3 million) of the remaining fund.[3] At this pace, and if Class Counsel's petitions are granted, the remaining funds set aside by the Court for implementation will be exhausted at least *60 years* before the end of the settlement's term.

This is significant, of course, because it is contrary to the Court's plan and Professor Rubenstein's recommendation to grow the fund over time,[4] and, more importantly, it is detrimental to the Class. If the fund is exhausted, the Class will bear the burden of future implementation fees and expenses via the five percent (5%) holdback.[5] Such a result was opposed by Professor Rubenstein and the majority of the previously-appointed Co-Class Counsel.[6]

---

[3] *See, e.g.*, ECF 10128 ($9.4 million); ECF 10374 ($3.2 million). The requested fees and expenses are, of course, on top of the $85.6 million awarded Class Counsel "for their work in securing" the settlement (ECF 10019, at 1).

[4] *See* ECF 9526.

[5] Recall, this settlement was sold to the Class, in part, based on the idea that the NFL was separately compensating Class Counsel for their fees and expenses. *See, e.g.,* ECF 6073, at 13, 24, 41 (citing cases recognizing "the value in the defendant agreeing to bear all administrative costs and counsel fees;" claiming "the NFL Parties remain responsible to provide all of the funding for … class attorneys' fees;" and noting that "[u]nlike traditional common fund cases where attorneys' fees are obtained directly from the common fund, the Settlement Class is further benefitted by the separate payment of Class attorneys' fees by the NFL Parties"); ECF 5634-5, at 26 ("Having the NFL Parties pay Class attorneys' fees and reasonable incurred costs separate from the $760 million is another very significant benefit to Settlement Class Members.").

[6] *See, e.g.,* ECF 9526, at 2 ("The Court should not order a 5% set-aside of class members' recoveries").

But, at his current burn rate, Class Counsel will now tap into the estimated $45+ million holdback to pay for "implementation" in approximately two years.[7]

We oppose Class Counsel's Third Petition, and, for the reasons set forth herein, it should be denied at this time.

## ARGUMENT

Class Counsel's Third Petition suffers many of the same flaws as his First and Second Petitions. Accordingly, we incorporate by reference the arguments, authorities, and evidence set forth in the oppositions filed in response to Class Counsel's First and Second Petitions.[8]

As in his prior petitions, Class Counsel again fails to provide any documentation or other data supporting the requested fees ($1,445,488.66) or the alleged expenses ($243,788.10), rendering it is impossible to conduct the required review.[9] While the Third Petition includes a chart summarizing

---

[7] *See* ECF 9526, at 34-35, ¶ 42. On this point, it bears repeating that Professor Rubenstein confirmed (i) there is nothing in the settlement suggesting "the $112.5 million fee award was only meant to fund counsel's work up to the effective date of the settlement;" (ii) there is no support "for the argument that class counsel only do implementation work for extra money;" and (iii) "the $112.5 million magnitude of Class Counsel's aggregate fee request … undercuts the argument that it only funds work securing the settlement, but that counsel must be paid extra to implement it." (ECF 9526, at 33).

[8] *See* ECF 10165; 10403.

[9] *See* Fed. R. Civ. P. 23(h) (authorizing an award of "reasonable attorney fees"); *see also Washington v. Phila. City Ct. of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996) (confirming a reasonable attorney fee is calculated by multiplying the number of hours

4

Class Counsel's common benefit hours,[10] it noticeably omits any evidentiary proof supporting that chart (or the claimed hours or expenses). Moreover, the petition fails to disclose the actual billing rates,[11] the dates or a range of dates for the hours allegedly worked, the identity of the individuals alleged to have performed the service(s), or how the work was divided between partners, "counsel," associates, or paralegals. Indeed, not a single time or expense record has been supplied.[12] For this reason, alone, the Third Petition should be denied.

Moreover, the Third Petition makes clear that Class Counsel's monthly burn rate ($280K+/month), while slightly lower this time, is still

---

reasonably expended on the litigation by a reasonable hourly rate); *Pa. Envtl. Def. Found. v. Canon-McMillan Sch. Dist.*, 152 F.3d 228, 232 (3d Cir. 1998) ("In calculating the second part of the lodestar determination, the time reasonably expended," a district court should "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary").

[10] ECF 10767, at 14.

[11] In support of the Third Petition, Class Counsel again cites the "blended rates" cited by the Court in its May 24, 2018 allocation order. *See* ECF 10767, at 14 n. 8, citing ECF 10019 at 7 n. 4. While it is true the Court's lodestar cross check utilized certain average rates, it is not true that the Court "directed" that those rates be used in connection with a pure lodestar.

[12] Among other things, the petition identifies as work allegedly performed on behalf of the Class as "revisions to the MAF and BAP policies and documentation, monitoring and oversight of the … MAF Physicians and BAP providers, support of Class Members through the Claims Process," *etc*. *See* ECF 10767, at 2. But it includes no detail from which the Court can assess the reasonableness of the fees and expenses requested based on what lawyers or paraprofessional performed what task, when, or at what rate.

approximately three (3) times what Professor Rubenstein concluded would be reasonable to implement the settlement.[13] Class Counsel offers no discussion of any efforts to reduce these fees or expenses, and he still refuses to commit to the nature and extent of future work required or amount of money needed to fund future implementation.[14]

Nor does Class Counsel explain why the daily oversight and maintenance tasks that appear to comprise the majority of the fee/expense application are being performed by partners or "of counsel" at hourly rates close to or exceeding $700/hour, instead of associates and/or paralegals at substantially lower rates.[15] On this point, there are numerous qualified lawyers and paralegals outside of Seeger Weiss who (i) represent former players, (ii) are deeply invested in those players and this litigation, (iii) are intimately familiar with and involved in the settlement and the claims process, and (iv) could provide the services referenced by Class Counsel at substantially reduced rates.

On top of this, it appears Class Counsel is improperly billing the Class, via its applications against the fee fund, for work performed on behalf of

---

[13] *See* ECF 9526, at 43, ¶ 51.

[14] *See* ECF 10767, at 11, n. 7.

[15] ECF 10767, at 14 (claiming the vast majority of time as partner time billed at $758/hour).

individual claimants and/or for work that should be the responsibility of the Claims and/or BAP Administrators (fees/expenses that should be borne by the NFL).  For example, Class Counsel states he regularly assists unrepresented Class Members "in gathering necessary documents, including medical records, and completing their claims packages…" to "assist them through the Claims Process...."[16] We certainly applaud those efforts, as navigating the Claims Process has proven to be a monumental challenge.  At the same time, however, any fees or expenses incurred by Class Counsel for the benefit of an individual Class Member, whether represented or not, should not be charged against the Class as a whole.  Such fees or expenses were not incurred for the "common benefit" of the Class.

Nor should the Class be charged by Class Counsel for fees or expenses that are the responsibility of the Claims and BAP Administrators. Yet, the petition makes clear Class Counsel is attempting to profit from activities that should be (i) performed by the BAP or Claims Administrators and (ii) paid for by the NFL separate and apart from the $112.5 million fee fund.[17]

For all these reasons, too, the Third Petition should be denied.

---

[16] ECF 10767, at 2, 8.

[17] *See* ECF 10767, at 3 (discussing notices and mailings regarding MAF and BAP deadlines).

PRAYER

Class Counsel's Third Post-Effective Date Fee Petition should be denied at this time. Class Counsel should be required to submit detailed time and expense data justifying the requested fee. Additionally, Class Counsel should be ordered to confer with other attorneys currently representing Class Members about performing common benefit services at rates lower than those charged by Seeger Weiss. And, the Court should seek formal proposals from other qualified legal professionals with respect to the performance of the services required to implement the settlement over the remainder of its 65-year term.

Dated: August 8, 2019

Respectfully submitted,

*/s/ Lance H. Lubel*

Charles L. Becker, Esq.
KLINE & SPECTER, PC
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102
Telephone: (215) 772-1000
Facsimile: (215) 772-1359
Email: Chip.Becker@KlineSpecter.com

Mickey L. Washington, Esq.
WASHINGTON & ASSOCIATES PLLC
2019 Wichita Street
Houston, Texas 77004
Telephone: (713) 225-1838
Facsimile: (713) 225-1866
Email: mw@mickeywashington.com

Lance H. Lubel, Esq.
Texas Bar No. 12651125
Adam Q. Voyles
Texas Bar No. 24003121
LUBEL VOYLES LLP
675 Bering Dr., Suite 850
Houston, Texas 77057
Telephone: (713) 284-5200
Facsimile: (713) 284-5250
Email: lance@lubelvoyles.com
Email: adam@lubelvoyles.com

*Attorneys for the Identified Class Members*

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2019, I filed the foregoing through the Court's CM/ECF system, which will provide electronic notice to all counsel of record and constitutes service on all counsel of record.

*/s/ Lance H. Lubel*
Lance H. Lubel