IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : : | No. 2:12-md-02323-AB  MDL No. 2323  Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO:  ALL ACTIONS | : : : : | |

**STATEMENT OF THE CLAIMS ADMINISTRATOR IN RESPONSE TO THE MOTION REQUEST FOR CONFERENCE FILED BY THRIVEST SPECIALTY FUNDING, LLC**

BrownGreer PLC, the Court-appointed Claims Administrator of the Class Action Settlement Agreement of this litigation, submits this Statement in response to the "Motion Request for Conference Filed by Thrivest Specialty Funding, LLC" filed with this Court on July 15, 2019 (Document No. 10736) (the "Thrivest Motion").

### I. BACKGROUND

**A. The Explanation and Order Concerning Assignment of Claims.**

On December 8, 2017, the Court entered an Explanation and Order regarding the assignment of monetary claims to third parties (Document No. 9517) (the "Explanation and Order"). The Explanation and Order applied Section 30.1 of the Settlement Agreement to prohibit Settlement Class Members from assigning or attempting to assign their monetary claims to third parties, making any such agreement void, invalid and of no force and effect and directed the Claims Administrator not to pay a Settlement Class Member's Monetary Award to any third

party holding a purported assignment ("Third-Party Funder").  The Explanation and Order also explained that under the principle of rescission, Class Members should return the amount the Third-Party Funder had paid:

> Accordingly, if the Third-Party Funder is willing to accept rescission and execute a valid waiver relinquishing any claims or rights under the entire agreement creating the assignment or attempted assignment, then the Claims Administrator will be authorized to withhold—from the Class Member's monetary award—the amount already paid to the Class Member under the agreement and return it to the Third-Party Funder.

**B.  The Third Circuit Opinion Concerning Assignment of Claims.**

On April 26, 2019, the United States Court of Appeals for the Third Circuit issued an Opinion that reversed in part and affirmed in part the Explanation and Order (Document 003113222504) (the "Third Circuit Opinion").  Page 34 of the Third Circuit Opinion states:

> We will reverse to the extent the District Court purported to void the cash advance agreements in their entirety and void contractual provisions that went only to a lender's right to receive funds after the player acquired them.  We will affirm as to the District Court's ruling that any true assignments – contractual provisions that permit the lender to seek funds directly from the Claims Administrator – are void.

**C.  The Rules Governing Assignment of Claims.**

To implement the Explanation and Order, as clarified by the Third Circuit Opinion, we follow the Rules Governing Assignment of Claims attached as Exhibit A.  The Special Masters adopted these Rules in the exercise of their duties under the Court's July 13, 2016 Order (Document 6871).  They were posted on the official Settlement website on February 22, 2018 and revised on May 31, 2019.

## II.   THE THRIVEST MOTION

**A.  Thrivest's Requests.**

In the Thrivest Motion, Thrivest asks for a conference to discuss the Claims Administrator's implementation of the Explanation and Order following the Third Circuit Opinion. Thrivest requests further that the Court direct the Claims Administrator to revise the Rules Governing Assignment of Claims and related processes, to conform them to the Third Circuit Opinion.

## B. The Claims Administrator's Response.

The Claims Administrator takes the position that the Third Circuit Opinion does not require us to change our process for resolving Prohibited Assignments, as outlined in the Rules Governing Assignment of Claims. The Third Circuit Opinion says, "We will reverse to the extent the District Court purported to void the cash advance agreements in their entirety and void contractual provisions that went only to a lender's right to receive funds after the player acquired them." The Claims Administrator is not unilaterally voiding cash advance agreements, nor are we communicating to Settlement Class Members or their counsel that they are not bound to honor such agreements. Instead, we are following the instruction in the Explanation and Order that requires us to "inquire of every Class Member, who is eligible for an award, as to whether that Class Member has made an assignment or attempt to assign." To the extent we identify an agreement containing language indicating that the Settlement Class Member is attempting to assign a portion of his/her award, we offer Third-party Funders the option to accept rescission.

1. If the Third-Party Funder accepts rescission, we pay the Third-Party Funder the amount from the Settlement Class Member's monetary award that it already advanced to the Settlement Class Member, minus any amount that the Settlement Class Member has already returned to the Third-Party Funder.

2. If the Third-Party Funder does not accept rescission, we pay the Settlement Class Member's monetary award to the Settlement Class Member without paying any amount for the Third-Party Funder.

Third-Party Funders have the option to pursue, outside of the claims administration process, whatever rights they may continue to have under their cash advance agreements with Settlement Class Members.

### III.  CONCLUSION

The Claims Administrator certainly will attend the conference Thrivest requests if the Court would find it beneficial; however, such a conference does not seem necessary in our view for the reasons stated above. We will continue to follow whatever the Court directs as to the process for handling Prohibited Assignments.

Respectfully submitted,
**CLAIMS ADMINISTRATOR**

By:   /s/ Andrew W. Oxenreiter
     Andrew W. Oxenreiter
     Virginia State Bar No. 73292
     BrownGreer PLC
     250 Rocketts Way
     Richmond, Virginia  23231
     Telephone:  (804) 521-7215
     Facsimile:  (804) 521-7299
     Email:  aoxenreiter@browngreer.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Statement of the Claims Administrator in Response to the Motion Request for Conference Filed by Thrivest Specialty Funding, LLC was filed electronically on this 13th day of August, 2019, and thus was served electronically upon Class Counsel, counsel for the NFL Parties and all counsel of record by the United States District Court for the Eastern District of Pennsylvania's electronic filing system.

   /s/ Andrew W. Oxenreiter
Andrew W. Oxenreiter
Virginia State Bar No. 73292
BrownGreer PLC
250 Rocketts Way
Richmond, Virginia  23231
Telephone:  (804) 521-7215
Facsimile:  (804) 521-7299
Email:  aoxenreiter@browngreer.com