

2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
T: 215.299.2000  F: 215.299.2150
www.foxrothschild.com

PETER C. BUCKLEY
Direct No: 215.299.2854
Email: PBuckley@FoxRothschild.com

August 15, 2019

**VIA ECF AND FAX (215-580-2356)**

The Honorable Anita B. Brody
United States District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 7613
Philadelphia, Pennsylvania 19106-1751

Re: *In Re: National Football League Players' Concussion Injury Litigation*, No. 12-md-023230 (E.D. Pa.)

Dear Judge Brody:

I represent Thrivest Specialty Funding, LLC and write in response to the Claims Administrator's Statement (Dkt. 10801) regarding Thrivest's request for a conference concerning the "Rules Governing Assignment of Claims" (Dkt. 10736). The requested conference is important not only because the Assignment Rules and related procedures are inconsistent with the Third Circuit's decision, but also because those inconsistencies appear to be leading class members to make risky choices based on a misunderstanding of their legal obligations.

The Third Circuit's decision made clear that "the District Court went beyond its authority when it purported to void the cash advance agreements ***in their entirety***." In re: National Football League Players' Concussion Injury Litigation, 923 F.3d 96, 111 (3d Cir., Apr. 26, 2019) (emphasis added). In so ruling, the Third Circuit explained that "true assignments contained within the cash advance agreements—that is, ***contractual provisions*** that allowed the lender to step into the shoes of the player and seek funds directly from the settlement fund"—must be reviewed on a provision by provision basis. Id. at 110 (emphasis added). Indeed, the Court of Appeals said, "the [District] Court had the option of invalidating only the ***assignment portions*** of the agreements containing true assignments and directing the Claims Administrator not to recognize and true assignments." Id. at 111 (emphasis added). In this way, the Third Circuit rejected the previous "all or nothing" paradigm where a transaction was either enforceable or else void, and allowed the District Court

A Pennsylvania Limited Liability Partnership

California    Colorado    Delaware    District of Columbia    Florida    Georgia    Illinois    Minnesota
Nevada    New Jersey    New York    North Carolina    Pennsylvania    South Carolina    Texas    Washington



August 15, 2019
Page 2

to invalidate (and to instruct the Claims Administrator not to honor) only the portions of agreements containing true assignments. Id. at 111.

Contrary to the Third Circuit's mandate, the Claims Administrator continues to make determinations on a macro (transaction) level, deciding that an entire transaction is either a void "Prohibited Assignment" or an enforceable "Collateralized Loan". See Assignment Rule 5 ("The Claims Administrator will review each Third-Party Funder Transaction with a Special Master to determine whether the Third-Party Funder Transaction is a Prohibited Assignment or is a Collateralized Loan"). In reaching this binary determination, the Claims Administrator considers criteria such as "the fairness and commercial reasonableness of the [agreement's] terms and whether they reflect the type of transaction the Court found invalid in its Explanation and Order." Id. at Rule 6. Such criteria have nothing to do with whether a contractual provision is a "true assignment," as the Third Circuit defined that concept, and Court of Appeals made clear that a more nuanced approach is required. See 923 F.3d at 111 ("there are portions of the cash advance agreements that may be enforceable even after any true assignments are voided"). In this way, the Assignment Rules—which have not been meaningfully revised since the Third Circuit ruled—clearly depart from the Third Circuit's mandate.

In turn, this flawed process results in misleading communications to class members that wrongfully suggest that Thrivest's agreements are unenforceable in their entirety. For example, the "Notice of Assignment Review Determination" states:

> The Claims Administrator and the Special Master appointed by the Court in its July 13, 2016 Order (Document 6871) have reviewed the documents you submitted related to the attempted assignment or loan secured by your monetary claim, as shown in Section III below. We have determined that ***this transaction*** is an assignment that is prohibited by Section 30.1 of the Settlement Agreement and the Explanation and Order.[1] (emphasis added).

And, by pairing that communication—which carries the Court's imprimatur—with a "Waiver Relinquishing Rights Under Attempted Assignment," the Claims Administrator is improperly

---

[1] The Third Circuit said that true assignments are those that "allow[] the lender to step into the shoes of the player and seek funds directly from the settlement fund." Id. at 110. After examining Thrivest's agreement, the Court of Appeals noted, "Thrivest's contract gave it only the right to receive settlement funds after the funds are disbursed to a class member." Id. at 112. Juxtaposed against one another, these two statements make clear that Thrivest's agreement does not contain a true assignment.



August 15, 2019
Page 3

suggesting that Thrivest cannot enforce its Agreement outside of the claims administration process and must choose rescission or getting nothing in return for its advance. What's more, the Claims Administrator continues to refer to the December 8, 2017 Explanation and Order without referencing the Third Circuit's decision or the fact that it vacated, in part, that order. In combination, this approach has led class members to believe that they are immune from Thrivest's claims in arbitration—resulting in significant financial obligations under the agreement as time passes without payment and Thrivest incurs legal fees and expenses to enforce its rights.

The Claims Administrator asserts that it is not "communicating to Settlement Class Members or their counsel that they are not bound to honor such agreements," but Thrivest's experience in arbitration suggests that is exactly the message that class members receive. In one pending arbitration, a class member wrote:

> Even though it is [class member's] position that his Purchase and Sale Agreement is invalid, he fully acknowledges that he rightfully owes Thrivest $108,703.72 representing the principle [sic] dollar amount paid to [class member] by Thrivest ..., *if and only if*, Thrivest decided to accept "Rescission" as set forth by the District Court. [Class member's] position rests in part on the fact that neither the District Court, nor the Settlement Claim Administrator has changed any of their positions or policies regarding the prohibition of assignment agreements." (emphasis in original).

In another, counsel argued: "We are simply trying to have the matter resolved by the District Court, a district court who's already ruled *that this agreement was void* ... we would like to be in front of a judge that's already ruled that this is void." (emphasis added). These statements reflect a misunderstanding of the Third Circuit's ruling and precisely demonstrate Thrivest's concern. The Assignment Rules and related communications only perpetuate and further ingrain the disconnect.

Ultimately, the arbitrators will determine whether Thrivest can enforce its agreements; however, in the interim, class members who have received these communications are making important decisions about whether to honor their promises, how quickly to proceed with arbitration, and if they should pay undisputed obligations to avoid additional interest accruing. They are filing appeals and refusing to abide by interim awards, all of which further protracts the disputes and causes additional legal fees and expenses—which the agreement allows Thrivest to recover. These real financial consequences cry out for corrective action.

It is important that class members have an accurate understanding of their rights and obligations. Thrivest has a legitimate concern, as documented above, that the Assignment Rules and related



August 15, 2019
Page 4

communications are misleading class members into believing that Thrivest's agreement is void and that they can ignore their obligations without consequences. For this reason, and because the Third Circuit's decision requires changes to the Claims Administrator's process, Thrivest respectfully requests a conference with the Court and the Claims Administrator as soon as possible.

Respectfully,

Peter C. Buckley

cc: All counsel of record via ECF