UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

### REPLY TO OBJECTIONS TO THE THIRD VERIFIED PETITION OF CLASS COUNSEL CHRISTOPHER A. SEEGER FOR AN AWARD OF <u>POST-EFFECTIVE DATE COMMON BENEFIT ATTORNEYS' FEES AND COSTS</u>

As with the two previous petitions for implementation-phase common benefit awards of fees and reimbursement of expenses, the only objections to the Third Verified Petition of Class Counsel Christopher A. Seeger ("Class Counsel") for an Award of Post-Effective Date Common Benefit Attorneys' Fees and Costs (ECF No. 10767) ("Third Post-Effective Date Petition") were

those filed by the so-called Aldridge Objectors (previously known as the Alexander Objectors) and their counsel ("Objectors") (ECF No. 10792) ("Objections"). To the extent that Objectors incorporate their arguments in opposition to the earlier implementation-phase petitions (Objections at 4), Class Counsel likewise incorporates his responses to their earlier objections that were set forth in his respective replies in further support of those petitions (ECF Nos. 10191, 10416).

Objectors again open with an alarmist assertion that Class Counsel is "burn[ing]" through the AFQSF and that it will soon be depleted. *See* Objections at 4-5. Their complaints about the amounts sought in the implementation-phase petitions presented to date stubbornly ignore the reality that much of the considerable work needed to get an unprecedented settlement of such as this fully up and running in its first two years was "startup" in nature and will not need to be repeated or will be performed on a lesser scale going forward. Class Counsel has already addressed how the common benefit work performed by his firm and others – especially with respect to third-party funders and other entities – should considerably decrease going forward. *See* ECF No. 10416 at 2-5; *see also* ECF No 10191 at 3.

In fact, Class Counsel recently pointed out that the principal focus of his firm's efforts has now shifted from development and implementation of the Settlement program to oversight and maintenance of it. ECF No. 10767 at 10. Moreover, the second and third implementation-phase petitions have confirmed the anticipated downward trajectory in the common benefit work being performed, and the trajectory's course will likely continue to steepen. *Compare* ECF No. 10128 at 19 (first implementation phase petition, requesting c. $9.49 million in fees and expenses for 17-month period Jan. 7, 2017-May 24, 2018 – or $3.35 million if prorated over 6-month periods) *with* ECF Nos. 10374 at 16 (second petition, requesting c. $2.9 million in fees and expenses for 6-month

period May 25, 2018-Nov. 30, 2018) and 10767 at 2, 15 (third petition, requesting c. $1.69 million in fees and expenses for 6-month period Dec. 1, 2019-May 31, 2019).

Objectors' agitation about the diminution of the AFQSF underscores that the driving force behind their opposition is their steadfast resistance to the prospect of the Court permanently adopting a holdback. *See* Objections at 3 (arguing that a holdback would be "detrimental" to the class). The matter of a set-aside, however, is a red herring. Whether sufficient funds will remain in the AFQSF down the road is immaterial, if not irrelevant, to the question of whether work *was* performed and expenses *were* incurred on behalf of the class during the six-month period ending May 31, 2019 and should be compensated and reimbursed, respectively. Moreover, as noted above, the overall common benefit work is steadily diminishing, which belies any notion that Class Counsel is recklessly (if not deliberately) draining the AFQSF so as to justify the need for a holdback.

That aside, Objectors' ongoing condemnation of a holdback is unavailing for two reasons. *First*, the Settlement itself expressly contemplated a set-aside request. *See* ECF No. 6481-1 at 82 (SA § 21.1). *Second*, although Prof. Rubenstein initially recommended against a set-aside (ECF No. 9526 at 34-48 [¶¶ 42-56]), when he was presented with rebuttal evidence by Class Counsel – showing the extensive effectuation-phase work performed (a good deal of it involving unanticipated disputes with third-party entities) (ECF Nos. 9552 [at 6-11], 9552-1 at 2-3 [¶¶ 2-7]) – he opined that a 2 percent holdback could be imposed if the remaining funds in the AFQSF proved insufficient (ECF No. 9571 at 4-8 [¶¶ 7-11]). Therefore, putting aside the sheer irony in their relying on Prof. Rubenstein's report (Objections at 2-3),[1] it is inaccurate for Objectors to

---

[1] Earlier, Objectors attacked Prof. Rubenstein's report by accusing him of a conflict of interest. *See* ECF No. 9554 at 9-10. They renewed that attack in the brief that they filed just last week with the Third Circuit, asserting that Prof. Rubenstein had an "undisputed conflict" and that

3

cherry-pick his submissions by ignoring his reply and pointing only to his original, less-informed view that the $112.5 million in class counsel fees paid by the NFL should be sufficient to compensate implementation-phase work over the Settlement's 65-year term.

No more availing is Objectors' repeated argument that the hours underlying the petition are undocumented or unsupported. Objections at 4-5. Once again, as a general matter, Objectors have no right to pore over Class Counsel's time records. *See Cassese v. Williams*, 503 F. App'x 55, 58 (2d Cir. 2012) (unpublished) ("[W]e are aware of no authority holding that class counsel must open its books to objectors for inspection by virtue of filing a fee motion."); *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 2016 WL 5338012, at *18 (objectors "ha[d] no right to see Class Counsel's fee and expense records"). As with earlier fee requests, those records will be furnished to the Court upon its request for *in camera* review.

Equally without merit are Objectors' attacks on the billing rates employed. *Se*e Objections at 5. Contrary to their assertion that the rates are not disclosed, the petition specifically identifies the rates employed for each category of timekeeper. ECF No. 10767 at 14 & n.8. Their contention that "it is not true that the Court 'directed' that those rates be used in connection with a pure lodestar" is incorrect. *See* Objections at 5 n.11. In its May 24, 2018 Explanation and Order allocating the aggregate common benefit fee award, the Court expressly directed that, for implementation-phase fee petitions, "Class Counsel should adopt the blended billing rates used in the present allocation." ECF No. 10019 at 25; *see id.* at 7 n.4 (setting forth rates Court employed).

---

this Court had "failed to address or acknowledge . . . its impact on his ability to impartially advise the Court." Opening Brief of Appellants, Melvin Aldridge, *et al.*, at 18-19, *In re Nat'l Football League Players' Concussion Injury Litig.*, No. 18-2012 (3d Cir. filed Aug. 12, 2019) (Doc. No. 003113317346). Evidently, Objectors believe that Prof. Rubenstein had a fatal conflict when it came to his opining on the capping of IRPA fees but not on the requested holdback.

Objectors' complaints that Class Counsel seeks to be compensated for rendering assistance to class members that should come from the Claims and BAP Administrators and that he should be staffing implementation efforts with more junior lawyers or with paraprofessionals (Objections at 6-7) are uninformed second-guessing of judgments concerning which professional or office is best equipped to assist class members or to handle particular matters. Their complaints even show a lack of common sense in that it cannot be the Claims Administrator's responsibility to help put a class member's claim package together or to assist him in presenting his administrative appeal or in opposing the NFL's appeal.

The gratuitous suggestion that Class Counsel has been working inefficiently and that there are lawyers and paralegals at other firms who could be performing the same work at less cost fares no better. *See* Objections at 6. Those unnamed firms would not have the same breadth of familiarity with the Settlement program as does Class Counsel's firm. Moreover, unlike the case with Class Counsel, who at the outset renounced IPRA fees, the Court would lack assurance that other firms would not prioritize their individual clients' needs and concerns over those of other class members or the class as a whole for the simple reason that the bulk of their compensation in this litigation will come out of their clients' Monetary Awards.

Finally, Objectors maintain that assistance provided to individual class members (and presumably their counsel) cannot be characterized as common benefit work. They illogically believe that only work that simultaneously benefits *all* 20,500+ members of the class can genuinely be treated as being for its "common" benefit. *See* Objections at 6-7. Objectors offer no support for that contention or explain how such work ought to be compensated. Apparently, in their view, services to the many class members who are not Class Counsel's clients should be rendered free of charge, even where class members reach out to Class Counsel for help because their own IRPAs

fail to return their calls.  Objectors' argument concerning work performed on behalf of individual class members is bereft of merit.

## CONCLUSION

For the foregoing reasons, the Court should overrule the Objections and grant the Third Post-Effective Date Petition.

Date:  August 19, 2019

                                              Respectfully submitted,

                                              */s/ Christopher A. Seeger*
                                              Christopher A. Seeger
                                              SEEGER WEISS LLP
                                              55 Challenger Road, 6th Floor
                                              Ridgefield Park, NJ  07660
                                              cseeger@seegerweiss.com
                                              Telephone:  (212) 584-0700

                                              ***CLASS COUNSEL***