### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>SPID No. 100007094 | **Hon. Anita B. Brody** |

### SETTLEMENT IMPLEMENTATION DETERMINATION

Before this Court is an objection by the NFL Parties from a finding by the Special Master that a Retired NFL Football Player ("Claimant") was entitled to a claim award for a Qualifying Diagnosis of Alzheimer's Disease, with a "date of qualifying diagnosis" of October 24, 2012.

The Court reviews de novo any objections to conclusions of law from its Special Masters. *See* ECF No. 6871 at 4-5 (appointing the Special Masters and defining their roles). "The decision of the Court will be final and binding." Settlement Agreement § 9.8.

In October 2018, the Claimant sought a Qualifying Diagnosis from a Qualified MAF Physician. The Qualified MAF Physician made a diagnosis of Alzheimer's Disease. He also reviewed the Claimant's medical records from 2012 and 2013, which showed symptoms of dementia and cognitive decline, but which did not identify those symptoms as the onset of Alzheimer's Disease. The MAF Physician determined, based on a review of these medical records, that the Claimant first developed Alzheimer's disease in 2012. Accordingly, the MAF Physician found that the date of the diagnosis was October 24, 2012. The NFL parties do not dispute that the Claimant was properly diagnosed with Alzheimer's disease in 2018. Instead,

1

they object to the Claims Administrator allowing the MAF Physician to determine that the "date of diagnosis" was in 2012.

Specifically, the NFL argues that the Settlement Agreement requires that the date of a Qualifying Diagnosis be the date the diagnosing physician examines the Retired Player. This is incorrect. The Settlement's injury definitions, including that for Alzheimer's, do not state that a diagnosing physician can only give the date of diagnosis as the date that the physician personally examines the Retired Player. Rather, the injury definition for Alzheimer's Disease merely states that living Retired NFL Football Players seeking compensation for a Qualifying Diagnosis of Alzheimer's Disease must have "a diagnosis while living of the specific disease of Alzheimer's Disease." Settlement Agreement Exh. A-1 at 4.

Additionally, the Settlement requires that a Diagnosing Physician Certification contain "the Qualifying Diagnosis being made consistent with the criteria in Exhibit 1 (Injury Definitions)" and "the date of diagnosis." Settlement Agreement § 2.1(gg). If the date of diagnosis was always to be the date of the examination, the Settlement would say this, and would require a Diagnosing Physician Certification to include only the "date of the examination." Instead, by requiring the "date of diagnosis," the Settlement language implies that the "date of diagnosis" is not necessarily the "date of the examination."

Recognizing this, the Special Masters promulgated a Frequently Asked Question ("FAQ") which allows a physician, under limited circumstances, to conclude that the date of diagnosis was at some point prior to the date of the examination. Specially FAQ 99 states, in relevant part:

> (b) General Rule for the other Qualifying Diagnoses: The date of a Qualifying Diagnosis other than Death with CTE is when the diagnosing physician has enough information and materials, including test results, to be able to render a medically sound and reliable judgment about the Player's condition, the way a physician

2

normally does in his or her clinical practice. In some cases, using sound medical judgment, a physician may conclude that a Qualifying Diagnosis existed at some prior point in time.

(c) *Are there other cases when the Qualifying Diagnosis might be before the date the physician personally examines the Player?* Maybe. The unique facts and circumstances of a particular claim may allow the diagnosis date to be before the date the diagnosing physician personally examined the Player. Here are the rules:

...

(5) *Sound clinical medical judgment*: Also, the physician making a diagnosis may conclude, in the exercise of his or her sound medical judgment, that he or she has enough information from personal examination, medical records from other healthcare providers, medical history, corroborating evidence from non-family members and other information that medical specialists rely on in their clinical practices, to form a sound medical judgment that the Player's Qualifying Diagnosis conditions existed at a date earlier than the date of a personal examination of the Player by the physician making the diagnosis and signing the Diagnosing Physician Certification Form. The Settlement Class Member is best served by having the doctor who made an earlier diagnosis sign the Diagnosing Physician Certification Form. But there may be situations where the diagnosing physician can pinpoint an earlier date that is based on sound clinical judgment and best medical practices.

This FAQ is a sensible and reasonable interpretation of the Settlement: it recognizes that there may be infrequent situations in which a Retired NFL Player's past symptoms were not recognized as a Qualifying Diagnosis at the time but now can be identified by a physician as the onset of a Qualifying Diagnosis. In that case, the Retired NFL Player should not be penalized for their previous doctor's failure to identify a Qualifying Diagnosis, or for their early symptoms manifesting in an unusual way. Instead, these Retired Players should be compensated based on the date their diagnosis actually began.[1]

---

[1] The NFL Parties also argue that because the Claimant does not meet the requirements of Settlement Agreement § 8.2(a)(iii), the date of diagnosis can only be the date of the 2018 examination. Settlement Agreement § 8.2(a)(iii) concerns the requirements for when a Retired NFL Player received a Qualifying Diagnosis prior to the Settlement's Effective Date, and the doctor who made that diagnosis is no longer available to submit a Diagnosing Physician Certification. It is not relevant to the claim at issue here, and does not alter the Settlement's Injury Definitions.

3

Of course, a diagnosing physician may only determine that the date of diagnosis was at some point before the date of the examination when he or she bases that determination on medical records and other information normally relied on by physicians. There must be sufficient evidence from which the diagnosing physician may be confident, based on his or her sound clinical judgment, of the proper date of diagnosis. Because these requirements were satisfied in this case, the Claims Administrator properly accepted the MAF Physician's date of diagnosis.

The NFL Parties also argue that the Special Master abused his discretion in failing to consult with a member of the Appeals Advisory Panel ("AAP") when deciding the NFL Parties' appeal. The Settlement states that when deciding claim appeals, the Special Master "may be assisted, in its discretion by any member of the Appeals Advisory Panel and/or an Appeals Advisory Panel Consultant." Settlement Agreement § 9.8. The Settlement Agreement thus unambiguously states that deciding whether to consult a member of the Appeals Advisory Panel ("AAP") and/or an Appeals Advisory Panel Consultant ("AAPC") is within the complete discretion of the Special Masters. Because the parties left the decision whether to consult a member of the AAP and/or an AAPC within the discretion of the Court and the Special Masters, I may only disturb the Special Master's decision on AAP or AAPC consultation if it was an abuse of discretion. *See* ECF No. 10528.

"An abuse of discretion occurs only where the district court's decision is 'arbitrary, fanciful, or clearly unreasonable'—in short, where 'no reasonable person would adopt the district court's view." *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010) (quoting *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009)).

I find that the Special Master did not abuse his discretion in declining to consult an AAP member when deciding the appeal subject to this objection. It was well within the range of

4

reasonable choices available to the Special Master to decide that he was capable of reviewing the claim appeal, including the MAF Physician's determination of the date of the diagnosis, without additional input from an AAP member.

Based on a review of the Special Master's Ruling, a review of the NFL Parties' objection, and a review of NFL's oppositions to the objection filed by the Claimant's attorney and by Class Counsel,[2] I approve and adopt the conclusions in Special Master Pritchett's Ruling. Accordingly, the NFL Parties' objection is **DENIED**.

August 20, 2019

_____
ANITA B. BRODY, J.

Copies VIA ECF

---

[2] The filings reviewed by the Court are attached to this Settlement Implementation Determination. They have been redacted to remove identifying Player information.

5