PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373 3000

LLOYD K GARRISON (1946-1991)
RANDOLPH E PAUL (1946 1956)
SIMON H RIFKIND (1950-1995)
LOUIS S WEISS (1927-1950)
JOHN F WHARTON (1927-1977)

WRITER S DIRECT DIAL NUMBER

212-373-3165
WRITER S DIRECT FACSIMILE

212-492-0165
WRITER S DIRECT E MAIL ADDRESS

bbirenboim@paulweiss.com

UNIT 5201 FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020 CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU UNITED KINGDOM
TELEPHONE 44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA KU TOKYO 100-0011 JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
PO BOX 226
TORONTO ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W ABBOTT
EDWARD T ACKERMAN
JACOB A ADLERSTEIN
JUST'N ANDERSON
ALLAN J ARFFA
ROBERT A ATKINS
DAVID J BALL
SCOTT A BARSHAY
PAUL M BASTA
JOHN F BAUGHMAN
J STEVEN BAUGHMAN
LYNN B BAYARD
CRAIG A BENSON
MITCHELL L BERG
MARK S BERGMAN
DAVID M BERNICK
JOSEPH J BIAL
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
ROBERT BRITTON
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL⁺
JESSICA S CAREY
DAVID CARMONA
GEOFFREY R CHEPIGA
ELLEN N CHING
WILLIAM A CLAREMAN
LEWIS R CLAYTON
YAHONNES CLEARY
JAY COHEN
KELLEY A CORNISH
CHRISTOPHER J CUMMINGS
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
ALICE BELISLE EATON
ANDREW J EHRLICH
GREGORY A EZRING
ROSS A FIELDSTON
BRAD J FINKELSTEIN
BRIAN P FINNEGAN
ROBERTO FINZI
PETER E FISCH
HARRIS FISCHMAN
MARTIN FLUMENBAUM
ANDREW J FOLEY
ANDREW J FORMAN*
HARRIS B FREIDUS
CHRISTOPHER D FREY
MANUEL S FREY
ANDREW L GAINES
KENNETH A GALLO
MICHAEL E GERTZMAN
ADAM M GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B GOLDSTEIN
ROBERTO J GONZALEZ*
CATHERINE L GOODALL
ERIC GOODISON
CHARLES H GOOGE, JR
ANDREW G GORDON
BRIAN S GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A GUTENPLAN
ALAN S HALPERIN
CLAUDIA HAMMERMAN
BRIAN S HERMANN
MICHELE HIRSHMAN
DAVID S HUNTINGTON
AMRAN HUSSEIN
LORETTA A IPPOLITO
JAREN JANGHORBANI
BRIAN M JANSON
JEH C JOHNSON
MEREDITH J KANE
JONATHAN S KANTER
BRAD S KARP

PATRICK N KARSNITZ
JOHN C KENNEDY
BRIAN KIM
KYLE J KIMPLER
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K LAKHDHIR
JOHN E LANGE
GREGORY F LAUFER
BRIAN C LAVIN
XIAOYU GREG LIU
LORETTA E LYNCH
JEFFREY D MARELL
MARCO V MASOTTI
DAVID W MAYO
ELIZABETH R MCCOLM
JEAN M MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B O'BRIEN
ALEX YOUNG K OH
BRAD R OKUN
KELLEY D PARKER
LINDSAY B PARKS
VALERIE E RADWANER
JEFFREY J RECHER
CARL L REISNER
LORIN L REISNER
JEANNIE S RHEE⁺
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P RUBIN
CHARLES F "RICK RULE*
RAPHAEL M RUSSO
ELIZABETH M SACKSTEDER
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JOHN M SCOTT
BRIAN SCRIVANI
KANNON K SHANMUGAM*
DAVID R SICULAR
AUDRA J SOLOWAY
SCOTT M SONTAG
SARAH STASNY
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
RICHARD C TARLOWE
MONICA K THURMOND
DANIEL J TOAL
CONRAD VAN LOGGERENBERG
LIZA M VELAZQUEZ
MICHAEL VOGEL
RAMY J WAHBEH
LAWRENCE G WEE
THEODORE V WELLS JR
LINDSEY L WIERSMA
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
MARK B WLAZLO
JULIA TARVER MASON WOOD
JENNIFER H WU
BETTY YAP*
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
TAURIE M ZEITZER
T ROBERT ZOCHOWSKI JR

NOT ADMITTED TO THE NEW YORK BAR

September 3, 2019

**By Email**

Honorable Anita B. Brody
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 7613
Philadelphia, PA 19106

*In re: Nat'l Football League Players' Concussion Injury Litig., No. 12-md-2323-AB*

Dear Judge Brody:

The NFL Parties respectfully submit this letter in response to Claimant A.G.'s August 22, 2019 Rule 60(b) motion (the "Motion") (Doc. No. 10817). As set forth below, this Court should summarily deny the Motion because it lacks jurisdiction over this matter given Claimant A.G.'s pending appeal in the Third Circuit of this Court's July 2 Order. Given this posture, the proper procedure under the governing rules—to the extent Claimant A.G. wants to persist with this futile exercise—is clear: Claimant A.G. must ask this Court for an indicative ruling that his 60(b) Motion has likely merit, in which case the Third Circuit may remand the matter. And, putting aside the procedural infirmities of this Motion, Claimant A.G. is wholly unable to raise any legitimate ground for this Court to

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Anita B. Brody                                                                 2

revisit its July 2 Order.  Rather, this entire exercise is meritless and a waste of judicial and party resources.

As an initial (and dispositive) matter, this Court lacks jurisdiction over Claimant's Rule 60(b) Motion.  As the Court is aware, its July 2 Order rejected Claimant's objection to the Special Master's finding that he is not entitled to a claim award, which objection wrongly argued that the "generally consistent" standard does not apply to pre-Effective Date claims. (July 2, 2019 Order, Doc. No. 10712.)  Claimant then filed a Notice of Appeal on July 29, 2019, which the Third Circuit docketed on August 6, 2019, thereby divesting this Court of jurisdiction with respect to the claim.  (*See* Notice of Appeal, Doc. No. 10772); *Venen* v. *Sweet*, 758 F.2d 117, 120 (3d Cir. 1985) ("[T]he timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case").  That appeal remains pending in the Third Circuit.[1]  Claimant has also filed a pending motion with the Third Circuit for limited remand to permit this Court to hear his Rule 60(b) Motion, thus conceding that this Court lacks jurisdiction over his Rule 60(b) Motion.  *See* Fed. R. Civ. P. 62.1, Advisory Committee Notes ("After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand.").

Given that this Court lacks jurisdiction over this Motion, the Federal Rules of Civil Procedure are clear as to how Claimant must proceed.  Specifically, pursuant to Federal Rule of Civil Procedure 62.1, Claimant must file a motion for an indicative ruling that this Court would grant the Rule 60(b) Motion if the Third Circuit remanded the case or that the Motion raises a substantial issue.  *See Ray* v. *Pinnacle Health Hosps., Inc.*, 416 F. App'x 157, 160-161, (3d Cir. 2010); *see also* Fed. R. Civ. P. 62.1(a); Fed. R. App. P. 12.1(b) ("*If* the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings. . . .") (emphasis added).  To date, Claimant has made no such Rule 62.1 motion and his appeal has not been remanded.  Thus, the Court should summarily deny his Rule 60(b) motion for lack of jurisdiction.  *See In re Whoolery*, 754 F. App'x 120, 121 (3d Cir. 2018).

In any event, a request for an indicative ruling here would be futile because the putative Rule 60(b) Motion is meritless and would waste judicial and party resources.  Although Claimant's Motion is styled as a motion made pursuant to Rule 60(b), Claimant actually now purports to dispute the Special Master's findings of fact—specifically, that his current diagnosis did not qualify under the "generally consistent" standard—which

---

[1]   On August 6, 2019, the Clerk of Court for the Third Circuit issued an order requiring the parties to file briefs addressing the Third Circuit's authority to review this Court's July 2 Order.  On August 20, 2019, the parties submitted responses: Claimant argued that the Third Circuit possesses jurisdiction over his appeal, while both the NFL Parties and Class Counsel argued that Appellant's appeal did not present an important question warranting review under the collateral order doctrine—the only route to appellate review available to Claimant.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Anita B. Brody                                                                                      3

became final and non-appealable as of the Special Master's October 11, 2018 opinion. (*See* Order Appointing Special Maters at 5 ("[t]he parties agree that the decision of the Master(s) findings will be final and biding"), Doc. No. 6871); *see also* Fed. R. Civ. P. 53(f)(3)(B) (authorizing parties to stipulate, with court approval, that the findings of a special master will be final); (SPID 260006736, Doc. No. 187641 (October 10, 2018, Special Master Decision)). Indeed, Claimant recognized that these findings of fact were binding and not reviewable by this Court when he decided not to contest them in his underlying objection to the Special Master's determination filed with this Court. Instead, Claimant's objection was that the Special Master committed legal error by applying the "generally consistent" standard to his pre-Effective Date claim—a legal argument that he appears to have entirely abandoned, admitting that this Court's July 2 Order is correct. (*See* Rule 60(b) Motion at 8 ("Diagnoses made by board-certified neurologists Pre-Effective Date, need only be 'generally consistent' with the diagnostic criteria set forth under the Settlement Agreement.").)[2]

Left with no viable legal appeal and an unassailable final ruling on the facts, Claimant resorts to asserting a "mistake" under Rule 60(b)(1). *See* Fed. R. Civ. P. 60(b)(1). To that end, Claimant claims that this Court's July 2 Order acknowledged that "there is some unknown action that took place by the NFL, the Claims Administrator or the AAP, that led to the district court being provided incorrect information." (*See* Rule 60(b) Motion, at 13 (citing the Court's July 2 Order, where the Court stated that it "is troubled by the events leading to this objection").) Notwithstanding Claimant's contrived reading, the Court's July 2 Order has not identified a Rule 60(b)(1) mistake that warrants reversal. *See, e.g., Flynn* v. *Best Buy Auto Sales*, 218 F.R.D. 94, 97 n.3 (E.D. Pa. 2003) (explaining that "Rule 60(a) deals with clerical mistakes of the court, jury, clerk or parties"). Rather, it is clearly referring to the events described in the preceding paragraph—namely, that Claimant was not told at an earlier time that his claim was wrongly approved. Alternatively, Claimant relies on Rule 60(b)(2), "newly discovered evidence," and Rule 60(b)(6), "any other reason that justifies relief." Claimant's Motion, however, identifies neither new evidence nor any other reason that would justify relief from this Court's order.

Finally, Claimant overstates the purported "manifest injustice" and "extreme" hardship imposed on him by the valid and proper claim denial. (*See* Rule 60(b) Motion, at 12.) Contrary to his protestations that delay in receiving a diagnosis could "potentially reduce his award drastically as the awards are reduced based on age of the claimant" (*id.*), Claimant is just 37 years old. The maximum Monetary Award for a Level

---

[2]   While Claimant does not purport to base his Rule 60(b) Motion on legal error, and indeed now appears to concede the legal ruling he once assailed, the Third Circuit is clear that Rule 60(b) is not available for legal error. *Jaye* v. *Oak Knoll Vill. Condo. Owners Ass'n, Inc.*, 2019 WL 3492464, at *1 (3d Cir. Aug. 1, 2019) (stating that "legal error, without more does not warrant relief under [Rule 60(b)") (quoting *United States* v. *Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003)); *see also* Moore's Federal Practice – Civil § 60.41 n.59 (explaining that the "Third Circuit does not permit request for reconsideration of decision on legal issues to be transformed into claim that there is 'mistake' under Rule 60(b)(1).").

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Anita B. Brody 4

1.5 Qualifying Diagnosis on the Monetary Award Grid is available to a Retired NFL Football Player under age 45. (*See* Settlement Agreement, Ex. 3.) In other words, Claimant has nearly *eight years* to receive a Qualifying Diagnosis that would provide him with the equivalent compensation that he purports to have been wrongfully denied by the Special Master. Moreover, Claimant is eligible to participate in the free Baseline Assessment Program ("BAP") where a Level 1.5 Qualifying Diagnosis is available if he meets the Settlement's diagnostic criteria. Simply put, Claimant's continued fight—now tallying two objections filed with this Court, a frivolous appeal filed in the Third Circuit, and a meritless Rule 60(b) Motion—are a waste of party and judicial resources when Claimant has known since October 2018 that he could simply make a BAP appointment.

For the reasons set forth above, the NFL Parties respectfully submit that this Court lacks jurisdiction to hear the Rule 60(b) Motion and it should summarily deny the Motion pursuant to Rule 62.1(a). Should the Court find it necessary to receive briefing on Claimant's Rule 60(b) Motion, the NFL Parties reserve all rights to respond to that Motion in full upon the direction of this Court and a reasonable briefing schedule.

Respectfully submitted,

Bruce Birenboim

cc: Brad S. Karp, Esq.
Wendy R. Fleishman, Esq.
Chris Seeger, Esq.