**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                  Plaintiffs,<br>    v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                                 Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>John D. Giddens, P.A. v. David Boston<br>Attorney Lien Dispute<br>(Doc. No. 7639)<br><br>    AND<br><br>Acosta and Associates, LLC v. David Boston<br>Attorney Lien Dispute<br>(Doc. No. 10585) | |

**EXPLANATION AND ORDER**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                September 5, 2019

      Before the Court are two Petitions to Establish Attorney's Lien ("Liens") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member David Boston ("Mr. Boston").[1] The first of these liens was filed on May 17, 2017 by John D. Giddens,

---

[1] In an earlier Explanation and Order entered on July 11, 2019, we addressed only the Lien filed by John D. Giddens, P.A. *See* Doc. No. 10725. Prior to the initiation of the payment process, however, Acosta and Associates, LLC sought to submit its proof of a lien it had filed on the MDL docket on April 26, 2019. Upon learning of this development on July 12, 2019, we issued another

P.A. ("Giddens").  (Doc. No. 7639).  On March 28, 2018, the Claims Administrator issued a Notice of Lien to Mr. Boston's subsequent counsel, Acosta and Associates, LLC ("Acosta").  On August 10, 2018, however, Mr. Boston retained current counsel, Law Offices of Caroline V. Davis, P.C. ("Davis").  Based upon the claim submitted by Davis on September 22, 2018, the Claims Administrator issued a Notice of Monetary Award Claim Determination to Mr. Boston and Davis on April 18, 2019.  That Notice also apprised Davis of the existence of the Giddens lien, which Mr. Boston, through Davis, proceeded to dispute.  Shortly thereafter, on April 26, 2019, Acosta filed the second lien that is before us.  (Doc. No. 10585).  The Claims Administrator issued a Notice of this lien to Davis on July 12, 2019.

The District Court has referred all Petitions for individual attorney's liens to this Magistrate Judge.  (Doc. No. 7746).  Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018.  (Doc. Nos. 9760 and 10283).  Pursuant to Rule 12, Giddens, Acosta, and Davis (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this Dispute.  The Parties have consented to jurisdiction by a Magistrate Judge.  (Doc. No. 10823).  Accordingly, this Opinion will serve as the final decision of the Court concerning this dispute.

In separate submissions of August 28, 2019, and pursuant to Rule 24, the Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") reflecting that they have resolved their dispute concerning the Giddens and Acosta liens.  The signed agreement clearly indicates the portion of the Award that each law firm will receive and sets forth an agreement as to how to

---

Explanation and Order directing the Claims Administrator to suspend any action regarding disbursement of the withheld funds "until further order of the Court."  *See* Doc. No. 10735.  This Explanation and Order addresses the situation that was unresolved in July.

disburse any portion of the 5% holdback that may be released in the future. Davis also provided to the Court an itemized list of the costs it incurred, which are also payable from Mr. Boston's award pursuant to his fee agreement with the firm.

Upon review of the Withdrawal and the circumstance that a negotiated agreement was reached by informed and clearly interested counsel, we find that the Withdrawal agreement reached here was reasonable. In light of the contingency fee agreements, we conclude that the fees to be paid to each firm as agreed upon are reasonable and collectively within the percentage allowed under the 22% Presumptive Fee Cap imposed by the District Court. (Doc. No. 9863). We also conclude, based upon our review, that Davis is entitled to the itemized costs asserted in its Withdrawal.

Accordingly, we conclude that the Withdrawal shall be granted. The Claims Administrator is ordered to distribute to Giddens and Acosta the appropriate withheld funds for attorneys' fees and to distribute to Davis the sums agreed upon for attorneys' fees and costs.[2] The remainder of the withheld funds are to be distributed to Mr. Boston.[3]

---

[2] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

[3] The withdrawal form submitted by the parties overstated by $0.10 the amount of remaining funds to be distributed to Mr. Boston.

**AND NOW**, this 5TH day of September, 2019, it is **ORDERED** that:

1. The Explanation and Order of July 11, 2019 (Doc. 10725) is **VACATED**;

2. The Withdrawal of the Lien Dispute is **GRANTED**; and

3. The Claims Administrator is **ORDERED** to disburse the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE