**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                Plaintiffs,<br>    v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                                Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Zimmerman Reed LLP v. Floyd Turner, Jr.<br>Attorney Lien Dispute<br>(Doc. No. 7269) | |

## REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                    September 6, 2019

      Before the Court for Report and Recommendation is a Notice of Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Floyd Turner, Jr., which was filed on March 10, 2017 by Zimmerman Reed LLP ("Zimmerman"). (Doc. No. 7269). On March 15, 2018, the Claims Administrator issued a Notice of Lien to Mr. Turner's current counsel, Dolan Dobrinsky Rosenblum, LLP ("Dolan"). On March 16, 2018, the Claims Administrator issued a Notice of Monetary Award Claim Determination.

      The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283). Accordingly, the Claims

Administrator has referred the Lien Dispute and the Withdrawal to this Court for Report and Recommendation.

The Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") pursuant to Rule 24 on August 15, 2019. The agreement clearly indicates the percentage of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future. The agreement was negotiated by law firms that were informed and concerned about their own interest. Upon review of the Withdrawal and the contingency fee agreements, and in consideration of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to each firm is reasonable, does not exceed the percentage for which the parties contracted, and that the collective fees are within the percentage allowed under the 22% Presumptive Fee Cap. Accordingly, we conclude that the Withdrawal should be granted and that the Claims Administrator should be ordered to distribute the attorneys' fees to Zimmerman and Dolan as set forth in the Withdrawal.[1] We also have reviewed the lists of itemized costs submitted by each firm and the provisions of their fee agreement that provide for reimbursement of costs. We conclude that each firm is entitled to the costs asserted.

All currently withheld funds that are presently designated for Mr. Turner[2] or which may become due to him at a future date (e.g., upon any release in the future of the 5% holdback funds) should remain with the Claims Administrator until the resolution of all other lien obligations.

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

[2] Following payment of the attorneys fees and costs as set forth in the Withdrawal, there will remain a balance designated for Mr. Turner.

## RECOMMENDATION

**AND NOW**, this 6th day of September, 2019, it is respectfully **RECOMMENDED** that the withdrawal of lien dispute be **GRANTED** and the Claims Administrator be ordered to distribute the withheld funds for attorneys' fees and costs as is set forth in the Withdrawal submitted by the Parties and in accordance with the provisions of the Settlement Agreement and all Court Orders regarding implementation and relating to liens other than attorney liens.

The Parties may file objections to this Report and Recommendation. *See* Rule 25(d).

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                           Plaintiffs,<br>     v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                           Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Zimmerman Reed v. Floyd Turner, Jr.<br>Attorney Lien Dispute<br>(Doc. No. 7269) | |

**ORDER**

      **AND NOW**, this _____ day of _____, 2019, upon consideration of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge (ECF No. _____), and no objection having been docketed, it is **ORDERED** that:

      1.     The Report and Recommendation is **ADOPTED**;

      2.     The Withdrawal of the Lien Dispute is **GRANTED**; and

      3.     The Claims Administrator is **ORDERED** to disburse the withheld funds for attorneys' fees and costs in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation. It is **FURTHER ORDERED** that the Claims Administrator is to retain any remaining portion of these withheld funds not designated

for attorneys' fees or costs pending resolution of other, non-attorney liens against Mr. Turner's recovery.

BY THE COURT:

_____

ANITA B. BRODY, J.