# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                      Plaintiffs,<br>     v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                                      Defendants. | |
| THIS DOCUMENT RELATES TO:<br>McCorvey Law, LLC v. Carl Simpson<br>Attorney Lien Dispute<br>(Doc. No. 6823)<br><br>    AND<br><br>Locks Law Firm v. Carl Simpson<br>Attorney Lien Dispute<br>(Doc. No. 10700) | |

## EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                        September 6, 2019

      Before the Court are two Petitions to Establish Attorney's Lien ("Liens") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Carl Simpson ("Mr. Simpson"). Following an appeal by the NFL of an initial determination, on June 24, 2019, the Claims Administrator issued a Post-Appeal Notice of Monetary Award Claim Determination that was favorable to Mr. Simpson.

      The first of the attorney liens on this award was filed on May 6, 2016 by McCorvey Law, LLC ("McCorvey") (Doc. No. 6823). The Claims Administrator issued to Mr. Simpson's

subsequent counsel, Locks Law Firm ("Locks"), a Notice concerning that lien on July 10, 2017. Within a short time after his award was determined, however, Mr. Simpson obtained new counsel, Langfitt Garner PLLC ("Langfitt"). Accordingly, Locks, which had filed the successful claim and appeal on Mr. Simpson's behalf, filed a lien on June 28, 2019. (Doc. 10700.) The Claims Administrator issued to Langfitt a Notice concerning the Locks lien on July 9, 2019.

The District Court has referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283). Pursuant to Rule 12, McCorvey, Locks, and Langfitt (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this dispute. The Parties have consented to jurisdiction by a Magistrate Judge. (Doc. No. 10768.) Accordingly, this Opinion will serve as the final decision of the Court concerning this attorney lien dispute.

In separate submissions of August 21 and 22, 2019, and pursuant to Rule 24, the Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") reflecting that they have resolved their dispute concerning the McCorvey and Locks liens. The signed agreement indicates the portion of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future.[1]

Upon review of the Withdrawal and the circumstance that a negotiated agreement was reached by informed and clearly interested counsel, we find that the Withdrawal agreement

---

[1] Upon inquiry from the Claims Administrator at the request of the Court, Langfitt also clarified a response on the Withdrawal form at § IV(A) that was somewhat ambiguous concerning the recipient of remaining withheld funds following the disbursement of funds to satisfy the two attorney liens. Langfitt confirmed, consistent with a position taken in its Statement of Dispute, that the remainder should be directed to Mr. Simpson.

reached here was reasonable.  In light of the contingency fee agreements, we conclude that the fees to be paid to each firm as agreed upon are reasonable and collectively within the percentage allowed under the 22% Presumptive Fee Cap imposed by the District Court.  (Doc. No. 9863).

Locks also seeks as part of its lien reimbursement for expenses and costs it incurred, which are also payable from Mr. Simpson's award pursuant to his fee agreement with the firm.  It provided to the Claims Administrator an itemized list of the costs it incurred for which it sought payment from Mr. Simpson's award.  Upon inquiry from the Claims Administrator at the request of the Court on September 5, 2019, Locks acknowledged that two items listed as expenses, totaling $4,000.00, had been included in error.   Based upon our review, the remaining expenses listed are recoverable under the contingency fee agreement and we conclude that Locks is entitled to the itemized costs asserted in its Withdrawal less $4,000.00.

Accordingly, we conclude that the Withdrawal shall be granted.  The Claims Administrator is to distribute to McCorvey and Locks the withheld funds for attorneys' fees in accordance with the Parties' agreement.  It also is to disburse to Locks the withheld funds for the costs it incurred, less the $4,000 that was included in error.  The remainder of the currently withheld funds are to be distributed to Mr. Simpson, pursuant to the Withdrawal and the clarifications made by Locks and Langfitt in their e-mail responses to the Claims Administrator on September 5, 2019.[2]

---

[2] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court.  The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

**AND NOW**, this 6th day of September, 2019, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**, except as modified by this decision; and

2. The Claims Administrator is **ORDERED** to disburse the withheld funds, in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

/s/ David R Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE