**Lieff**
**Cabraser**
**Heimann &**
**Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
t  212.355.9500
f  212.355.9592

September 9, 2019

Wendy R. Fleishman
Partner
wfleishman@lchb.com

**VIA E-MAIL**

**CHAMBERS_OF_JUDGE_ANITA_B_BRODY@PAED.USCOURTS.GOV**

Hon. Anita B. Brody
U.S. District Court
Eastern District of Pennsylvania
601 Market St., Rm 7613
Philadelphia, PA 19106

        RE:    *In re: Nat'l Football League Players' Concussion Injury Litig.,*
                *No. 12-md-2323-AB*

Dear Judge Brody:

      I write in reply to Mr. Birenboim's letter of September 3, 2019.

      First, the NFL is absolutely correct that the Gordon claim is not before Your Honor at this time.  The filing of the direct appeal removed the case from the jurisdiction of Your Honor's Court and is now fully before the Third Circuit.  If the Third Circuit agrees, that jurisdiction is appropriate before it, then, the Third Circuit may remand it to Your Honor to look at the Rule 60 Motion.

      However, since the Rule 60 Motion is filed but not yet available for consideration, Plaintiff respectfully requests that the Court not consider the issues raised by Mr. Birenboim's letter or the Motion.  Rule 60 requires leave of the appellate court to consider the Motion.  Therefore, that leave is required before the Court may consider the motion.

      Plaintiff will follow-up with a Federal Rule of Civil Procedure Rule 62.1 Motion, as recommended by the NFL.

      For clarification purposes, Mr. Gordon never took the position that his claim need not be generally consistent with the requirements of the settlement.  He took the position that the neuropsychological tests required by the BAP were not required, since the BAP did not even exist at the time he was tested.  However, in all three letters to the Special Master and Your Honor, Mr. Gordon explained that he did submit to neuropsychological testing long before the BAP requirements were established and that both the neuropsychologist and the board certified, world renowned head trauma neurologist found that Mr. Gordon's findings and significantly deteriorated brain health were consistent with the outcomes called for under the settlement.

Hon. Anita Brody
September 9, 2019
Page 2

      The underlying facts are that Mr. Gordon had a high IQ and was a graduate of Stanford University before he played professional football for nine years as a defensive end. He suffered multiple concussions. His doctors described brain imaging depicting brain hemorrhaging. And, the testing conducted demonstrated a significant drop in his test scores, demonstrating severe deficits in auditory and sensory memory, processing speed causing significantly diminished executive functioning.

      We greatly appreciate the Court's patience and attention to this very serious matter and respectfully request that this Court defer attention to the Rule 60 Motion until such time as the Third Circuit makes a determination.

Respectfully submitted,

Wendy R. Fleishman

cc:    Brad Karp
        Bruce Birenboim
        Chris Seeger

WRF/wp

1835054.2