IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Hon. Anita B. Brody |

September 27, 2019                                                                                  Anita B. Brody, J.

## NOTICE

In light of the concern expressed in a recent mandamus petition filed on September 19, 2019,[1] the Court issues the following clarification regarding the legal status of third-party funder agreements:

1.  On December 8, 2017, the Court issued an Explanation and Order ("Assignment Order") providing that under Section 30.1 of the Settlement Agreement, any agreement entered into by a Class Member "that assigned or attempted to assign any monetary claims . . . is void, invalid and of no force and effect." Assignment Order at 5, ECF No. 9517.

2.  On April 26, 2019, the Third Circuit affirmed the Assignment Order in part and reversed the Assignment Order in part. *In re Nat'l Football League Players' Concussion Injury*

---

[1] *See* Petition for Writ of Mandamus, *In re: Thrivest Specialty Funding, LLC*, No. 19-3149 (3d Cir. 2019).

1

*Litig.*, 923 F.3d 96 (3d Cir. 2019).  The Third Circuit affirmed that "any true assignments contained within [third-party] cash advance agreements—that is, contractual provisions that allowed the lender to step into the shoes of the player and seek funds directly from the settlement fund—were void *ab initio*." *Id.* at 110.  The Third Circuit reversed the Assignment Order to the extent that it "void[ed] the agreements in their entirety." *Id.* at 111.

3.  The Third Circuit "express[ed] no opinion as to the ultimate enforceability of any of the cash advance agreements," but held that any such determination must occur "outside of the NFL claims administration context." *Id.* at 112.  The Third Circuit "in no way suggest[ed] that an[y] individual agreement is enforceable," *id.* at 113, and "presume[d] that the full array of standard contract defenses will also apply in any subsequent litigation regarding these agreements. . . . [S]ome of the class members are cognitively impaired, and it is possible that some of them lacked the capacity to contract at the time they entered into the agreements," *id.* at 112.  Further, "[t]here may also be issues of unconscionability, fraud, or usury based on the high effective interest rates in the agreements." *Id.*

4.  The import of the Third Circuit decision is clear: the Court has the authority to prohibit the Claims Administrator from paying third-party funders directly from the Settlement Fund, but the overall enforceability of any third-party funder agreements must be litigated or arbitrated outside of the claims administration context.  The Court and Claims Administrator have followed the Third Circuit's holding.

5.  To avoid any possibility for confusion, the Court directs the Claims Administrator to review its guidance and rules regarding third-party funder agreements and propose a streamlined and concise version that is more user-friendly.

                                                                     s/Anita B. Brody

                                                                      _____

                                                                      ANITA B. BRODY, J.

Copies **VIA ECF:  9/27/2019**