**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                            Plaintiffs,<br>       v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                                            Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>John D. Giddens, P.A. v. Tobiath Myles<br>Attorney Lien Dispute<br>(Doc. No. 7163) | |

**REPORT AND RECOMMENDATION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                        September 30, 2019

   Before the Court for Report and Recommendation is a Notice of Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Tobiath Myles, which was filed on February 21, 2017 by John D. Giddens, P.A. ("Giddens"). (Doc. No. 7163). Mr. Myles subsequently obtained new counsel, Howard and Associates, P.A. ("Howard"), which registered him in the settlement on February 24, 2017. On April 3, 2018, Mr. Myles consented to the association of Shenaq PC ("Shenaq") as additional counsel with Howard, to share the fee on any recovery. Shenaq then submitted Mr. Myles's claim form on March 25, 2019.

   On March 29, 2019, the Claims Administrator issued a Notice of Lien to Shenaq

concerning the Giddens lien.[1]   On June 27, 2019, the Claims Administrator issued a Notice of Monetary Award Claim Determination.

The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge.  (Doc. No. 7746).  Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018.  (Doc. Nos. 9760 and 10283).  In accordance with these rules, the Claims Administrator has referred the Lien Dispute and the Withdrawal to this Court for Report and Recommendation.

Giddens and Shenaq submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") pursuant to Rule 24 on September 17, 2019.  The agreement clearly indicates the percentage of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future.  The agreement was negotiated by law firms that were informed and concerned about their own interest.  Upon review of the Withdrawal and the contingency fee agreements, and in consideration of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to each firm is reasonable, does not exceed the percentage for which the parties contracted, and that the collective fees are within the percentage allowed under the 22% Presumptive Fee Cap.  Accordingly, we conclude that the Withdrawal should be granted and that the Claims Administrator should be ordered to distribute the attorneys' fees to Giddens and Shenaq as set forth in the Withdrawal.[2]  We also

---

[1] Howard has not filed a lien concerning Mr. Myles's award.  This dispute between Mr. Myles and his former counsel, Giddens, is being handled on Mr. Myles's behalf entirely by Shenaq.

[2] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court.  The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

have reviewed the lists of itemized costs submitted by Shenaq and the provision of the fee agreement Mr. Myles entered into with Howard, Shenaq's associate counsel, providing for reimbursement of costs expended by counsel.  We conclude that Shenaq is entitled to the costs asserted.

## RECOMMENDATION

**AND NOW**, this 30th   day of September, 2019, it is respectfully **RECOMMENDED** that the withdrawal of lien dispute be **GRANTED** and the Claims Administrator be ordered to distribute the attorneys' fees and costs as is set forth in the Withdrawal submitted by the Parties and in accordance with the provisions of the Settlement Agreement and all Court Orders regarding implementation.  The remainder of the currently withheld funds should be distributed to Mr. Myles.

The Parties may file objections to this Report and Recommendation.  *See* Rule 25(d).


BY THE COURT:


 /s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                       Plaintiffs,<br><br>     v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                                       Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>John D. Giddens, P.A. v. Tobiath Myles<br>Attorney Lien Dispute<br>(Doc. No. 7163) | |

**ORDER**

**AND NOW**, this _____ day of _____, 2019, upon consideration of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge (ECF No. _____), and no objection having been docketed, it is **ORDERED** that:

1. The Report and Recommendation is **ADOPTED**;

2. The Withdrawal of the Lien Dispute is **GRANTED**; and

3. The Claims Administrator is **ORDERED** to disburse the withheld funds for attorneys' fees and costs in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

_____

ANITA B. BRODY, J.