# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                        Plaintiffs,<br><br>         v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                                        Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Locks Law Firm v. Frank Hartley<br>Attorney Lien Dispute<br>(Doc. No. 8124) | |

## EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                       October 1, 2019

      Before the Court is a Petition to Establish Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Frank Hartley ("Mr. Hartley"). Following an appeal by the NFL of an initial determination, on August 1, 2019 the Claims Administrator issued a Notice of Monetary Award Claim Determination that was favorable to Mr. Hartley. The attorney lien on this award was filed on October 24, 2017 by Locks Law Firm ("Locks"). (Doc. 8124.) The Claims Administrator issued to current counsel, Neurocognitive Football Lawyers, PLLC ("Neurocognitive"), a Notice concerning the Locks lien on October 27, 2017. Neurocognitive, with co-counsel Holliday Karatinos Law Firm, PLLC, formally disputed the lien with the Claims Administrator November 10, 2017. Those two firms also jointly filed

their own Notice of Attorney's Lien to give notice to all parties of their lien in the case for attorney's fees and costs. (Doc. 10389.)

The District Court has referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283). Pursuant to Rule 12, Locks and Neurocognitive (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this dispute. The Parties have consented to jurisdiction by a Magistrate Judge. (Doc. No. 10842). Accordingly, this Opinion will serve as the final decision of the Court concerning this attorney lien dispute.

In separate submissions of September 18 and 19, 2019, and pursuant to Rule 24, the Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") reflecting that they have resolved their dispute concerning the Locks lien. The signed agreement indicates the portion of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future.

Upon review of the Withdrawal and the circumstance that a negotiated agreement was reached by informed and clearly interested counsel, we find that the Withdrawal agreement reached here was reasonable. In light of the contingency fee agreements, we conclude that the fees to be paid to each firm as agreed upon are reasonable and collectively within the percentage allowed under the 22% Presumptive Fee Cap imposed by the District Court. (Doc. No. 9863).

Neurocognitive also seeks as part of its lien reimbursement for expenses and costs it incurred, which are also payable from Mr. Hartley's award pursuant to his fee agreement with the firm. It provided to the Claims Administrator an itemized list of the costs it incurred for which it

sought payment from the award.  Based upon our review, the expenses listed in the Withdrawal are recoverable under the contingency fee agreement and we conclude that Locks is entitled to the itemized costs asserted in its Withdrawal.[1]

Accordingly, we conclude that the Withdrawal shall be granted.  The Claims Administrator is to distribute to Locks and Neurocognitive the withheld funds for attorneys' fees in accordance with the Parties' agreement.  It also is to disburse to Neurocognitive the amount indicated in the Withdrawal for the costs it incurred.

**AND NOW**, this 1st day of October, 2019, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and

2. The Claims Administrator is **ORDERED** to disburse the withheld funds, in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

[1] This figure is $3,000.00 less than the amount asserted for costs in the Notice of Lien, as Locks revised its list of expenses for which it sought reimbursement.  Accordingly, the additional $3,000.00 that had been withheld from Mr. Rolle's award to satisfy the Locks lien shall be released to him.