**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                        Plaintiffs,<br>        v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                                        Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Zimmerman Reed LLP v. William Russell<br>Attorney Lien Dispute<br>(Doc. No. 9738) | |

## EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                     October  2, 2019

Before the Court is a Notice of Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member William Russell, which was filed on February 19, 2018 by Zimmerman Reed LLP ("Zimmerman"). (Doc. No. 9738). Mr. Russell is currently represented by Shenaq PC ("Shenaq").[1] On June 27, 2018, the Claims Administrator issued a Notice of Lien to Shenaq. On August 29, 2019, the Claims Administrator issued a Follow-Up Notice of Monetary Award Claim Determination.

---

[1] The record before us indicates that Mr. Russell obtained new counsel, Howard and Associates, P.A. ("Howard"), on April 27, 2017. On April 3, 2018, Mr. Russell consented to the association of Shenaq PC ("Shenaq") as additional counsel with Howard, to share the fee on any recovery. Shenaq then submitted Mr. Russell's claim form on June 12, 2018. Howard has not filed a lien and is not a party to this fee dispute involving Zimmerman and Shenaq.

The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283). Pursuant to Rule 12, Zimmerman and Shenaq (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this dispute. The Parties have consented to jurisdiction by a Magistrate Judge. (Doc. No. 10861). Accordingly, this Opinion will serve as the final decision of the Court concerning this attorney lien dispute.

Zimmerman and Shenaq submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") pursuant to Rule 24 on September 26, 2019. The agreement clearly indicates the percentage of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future. The agreement was negotiated by law firms that were informed and concerned about their own interest. Upon review of the Withdrawal and the contingency fee agreements, and in consideration of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to each firm is reasonable, does not exceed the percentage for which the parties contracted, and that the collective fees are within the percentage allowed under the 22% Presumptive Fee Cap. Accordingly, we conclude that the Withdrawal should be granted and that the Claims Administrator should be ordered to distribute the attorneys' fees to Zimmerman and Shenaq as set forth in the Withdrawal.[2] We also have reviewed the lists of itemized costs submitted by Shenaq and the provision of Mr.

---

[2] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

Russell's agreements with Howard and Shenaq that provide for reimbursement of costs.[3]  We conclude that Shenaq is entitled to the costs asserted.  The remainder of the currently withheld funds should be distributed to Mr. Russell.

    **AND NOW**, this 2nd    day of October, 2019, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and

2. The Claims Administrator is **ORDERED** to distribute the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

                                                         BY THE COURT:

                                          /s/ David R. Strawbridge, USMJ
                                          DAVID R. STRAWBRIDGE
                                          UNITED STATES MAGISTRATE JUDGE

---

[3] Mr. Russell's retainer agreement with Howard provided for the recovery of costs advanced.  The agreement also anticipated that Howard would divide fees with other counsel.  Mr. Russell's Consent to Associate Counsel confirmed that he conferred upon Shenaq authority to serve as associate counsel under the terms of his agreement with Howard.  Therefore, we consider the costs advanced by Shenaq to be recoverable from Mr. Russell's award.