**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br>             Plaintiffs,<br> v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>             Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Zimmerman Reed LLP v. Willie P. (Billy) Milner Attorney Lien Dispute<br>(Doc. No. 6971) | |

**EXPLANATION AND ORDER**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE             October  2, 2019

  Before the Court is a Notice of Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Willie P. Milner, also known as Billy Milner, which was filed on November 17, 2016 by Zimmerman Reed LLP ("Zimmerman") after Mr. Milner discharged the firm.  (Doc. No. 6971).  On May 3, 2017, the Claims Administrator issued a Notice of Lien to Mr. Milner's subsequent counsel, Weisberg & Associates ("Weisberg").  On March 19, 2018, Mr. Milner retained Shenaq PC ("Shenaq") and the Law Offices of Luis Cartaya, P.A., which were to assume joint responsibility for representing him in his NFL litigation.[1]  On June 24, 2019, the Claims Administrator issued a Notice of Monetary Award Claim

---

[1] Attorney Cartaya was associated with Weisberg previously.  *See* SCM Response to Notice of

Determination.

The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283). Pursuant to Rule 12, Zimmerman and Shenaq (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this dispute. The Parties have consented to jurisdiction by a Magistrate Judge. (Doc. No. 10853). Accordingly, this Opinion will serve as the final decision of the Court concerning this attorney lien dispute.

Zimmerman and Shenaq submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") pursuant to Rule 24 on September 18, 2019. The agreement clearly indicates the percentage of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future. The agreement was negotiated by law firms that were informed and concerned about their own interest. Upon review of the Withdrawal and the contingency fee agreements, and in consideration of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to each firm is reasonable, does not exceed the percentage for which the parties contracted, and that the collective fees are within the percentage allowed under the 22% Presumptive Fee Cap. Accordingly, we conclude that the Withdrawal should be granted and that the Claims Administrator should be ordered to distribute the attorneys' fees to Zimmerman and Shenaq as set forth in the Withdrawal.[2] We

---

Lien, 5/4/17. At some point, however, he appears to have disassociated himself from the Weisberg firm and paired his own firm with Shenaq to represent Mr. Milner. Weisberg has not filed a lien concerning Mr. Milner's award and is not a party to this fee dispute involving Zimmerman and Shenaq.

[2] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund,

also have reviewed the lists of itemized costs submitted by Shenaq and the provision of its fee agreement that provides for reimbursement of costs. We conclude that Shenaq is entitled to the costs asserted. The remainder of the currently withheld funds should be distributed to Mr. Milner.

**AND NOW**, this 2nd    day of October, 2019, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and
2. The Claims Administrator is **ORDERED** to distribute the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

/s/ David R Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.