## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |

Kevin Turner and Shawn Wooden, on behalf
of themselves and others similarly situated,

                              Plaintiffs,

        v.

National Football League and NFL Properties, LLC,
successor-in-interest to NFL Properties, Inc.,

                              Defendants.

THIS DOCUMENT RELATES TO:
Farrise Law Firm, P.C. v. Cory Fleming
Attorney Lien Dispute
(Doc. No. 8469)

   AND

Robins Clou,d LLP v. Cory Fleming
Attorney Lien Dispute
(Doc. No. 7927)

## EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                      October  31, 2019

      Before the Court are two Petitions to Establish Attorney's Lien ("Lien") seeking attorney's

fees and costs from any Monetary Claim to be paid to Settlement Class Member Cory Fleming

("Mr. Fleming"), which were filed on October 23, 2017 by Farrise Law Firm ("Farrise") (Doc. No.

8469) and on July 10, 2017 by Robins Cloud, LLP ("Robins") (Doc. No. 7927).   The Claims

Administrator issued to Mr. Fleming's current counsel, Smith & Stallworth, P.A. ("Smith"),

Notices of Lien concerning the Farrise lien on March 26, 2018 and the Robins lien on March 30,

2018.  The Claims Administrator issued the Notice of Monetary Award Claim Determination on

August 5, 2019 based upon the claim submitted on Mr. Fleming's behalf by Smith.

The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge.  (Doc. No. 7746).  Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018.  (Doc. Nos. 9760 and 10283).  Pursuant to Rule 12, Farrise, Robins, and Smith (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this Dispute.  The Parties have consented to jurisdiction by a Magistrate Judge.  (Doc. No. 10878.)  Accordingly, this Opinion will serve as the final decision of the Court concerning this dispute.

In separate submissions of October 21, 2019, and pursuant to Rule 24, the Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") reflecting that they have resolved their dispute concerning the Farrise and Robins liens.  The signed agreement clearly indicates the portion of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future.

Upon review of the Withdrawal and the circumstance that a negotiated agreement was reached by informed and clearly interested counsel, we find that the Withdrawal agreement reached here was reasonable.  In light of the contingency fee agreements, we conclude that the fees to be paid to each firm as agreed upon are reasonable and collectively within the percentage allowed under the 22% Presumptive Fee Cap imposed by the District Court.  (Doc. No. 9863).  We also conclude that the costs sought by Robins and Smith are reasonable and are provided for by each firm's agreement with Mr. Fleming.

Accordingly, we conclude that the Withdrawal shall be granted.  The Claims Administrator is to distribute to Robins and Smith the withheld funds for attorneys' fees and costs in accordance with the Parties' agreement.  The Claims Administrator will continue to withhold funds

for attorneys' fees in the amount agreed upon by the Parties for Farrise pending resolution of administrative issues and until further order of the Court.[1]

       **AND NOW**, this 31ˢᵗ   day of October, 2019, it is **ORDERED** that:

1.      The Withdrawal of the Lien Dispute is **GRANTED**; and

2.      The Claims Administrator is **ORDERED** to disburse the withheld funds, less the amount agreed upon by the parties as due to Farrise, in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

                                      BY THE COURT:

                                      /s/ David R. Strawbridge, USMJ
                                      DAVID R. STRAWBRIDGE
                                      UNITED STATES MAGISTRATE JUDGE

---

[1]  Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court.  The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.