# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br>v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Zimmerman Reed LLP v. Robert Young<br>Attorney Lien Dispute<br>(Doc. No. 10447) | |



FILED

NOV 0 8 2019

KATE BARKMAN, Clerk
By_____ Dep. Clerk

## **EXPLANATION AND ORDER**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                           November 7, 2019

Before the Court is a Petition to Establish Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Robert Young ("Mr. Young"). On August 16, 2019 the Claims Administrator issued a Notice of Monetary Award Claim Determination that was favorable to Mr. Young. The attorney lien on this award was filed on February 25, 2019 by Zimmerman Reed LLP ("Zimmerman"). (Doc. 10447.) The Claims Administrator issued to current counsel, Shenaq PC ("Shenaq"), a Notice concerning the Zimmerman lien on February 28, 2019.[1]

---

[1] Mr. Young signed an agreement on March 16, 2018 for Shenaq and the Law Offices of Luis Cartaya, P.A. to assume joint responsibility for representing him in his NFL litigation. It is our understanding that Attorney Cartaya was associated previously with Weisberg & Associates, the

The District Court has referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283). Pursuant to Rule 12, Zimmerman and Shenaq (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this dispute. The Parties have consented to jurisdiction by a Magistrate Judge. (Doc. No. 10879). Accordingly, this Opinion will serve as the final decision of the Court concerning this attorney lien dispute.

In separate submissions of October 22 and 23, 2019, and pursuant to Rule 24, the Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") reflecting that they have resolved their dispute concerning the Zimmerman lien. The signed agreement indicates the portion of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future.

Upon review of the Withdrawal and the circumstance that a negotiated agreement was reached by informed and clearly interested counsel, we find that the Withdrawal agreement reached here was reasonable. In light of the contingency fee agreements, we conclude that the fees to be paid to each firm as agreed upon are reasonable and collectively within the percentage allowed under the 22% Presumptive Fee Cap imposed by the District Court. (Doc. No. 9863).

Accordingly, we conclude that the Withdrawal shall be granted. The Claims Administrator

---

firm that registered Mr. Young in the settlement program in February 2017. At some point, however, Attorney Cartaya appears to have disassociated himself from the Weisberg firm and paired his own firm with Shenaq to represent Mr. Young. Weisberg has not filed a lien concerning Mr. Young's award and is not a party to this fee dispute involving Zimmerman and Shenaq.

is to distribute to Zimmerman and Shenaq the withheld funds for attorneys' fees in accordance with the Parties' agreement.[2] The remainder of the currently withheld funds is to be distributed to Mr. Young.[3]

**AND NOW**, this 7th day of November, 2019, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and

2. The Claims Administrator is **ORDERED** to disburse the withheld funds, in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

*/s/ David R. Strawbridge, USMJ*
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

[2] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

[3] The Claims Administrator withheld a sum from Mr. Young's award based upon the lienholder's and current counsel's assertion that they expended costs that were reimbursable under their fee agreements with their client. Counsel for both parties have confirmed that they are waiving any right to these costs. Therefore, these withheld funds now may be released to Mr. Young.