IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-2323-AB<br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | **Hon. Anita B. Brody** |

## PROTECTIVE ORDER

By Order of December 10, 2018 (ECF No. 10355), the Court appointed the Honorable Lawrence F. Stengel (Ret.) as Special Investigator in this litigation.

As noted in that Order, it was appropriate for the Court to appoint an independent Special Investigator "to ensure the integrity of the NFL Concussion Settlement Program for the benefit of the Parties and the public, to ensure the efficient processing of valid claims, and to facilitate the imposition of appropriate sanctions if wrongdoing is found." (ECF No. 10355 at p.2). The Order authorized the Special Investigator to conduct investigations "focus[ing] on the role of attorneys or healthcare professionals involved in the submission of potentially fraudulent claims for which the Qualifying Diagnosis was rendered prior to the Effective Date." (ECF No. 10355 at p.3). One of the Special Investigator's roles is the investigation of attorneys involved in the submission of potentially fraudulent claims.

The Special Investigator has brought to the Court's attention that law firms from which the Special Investigator has requested information seek to voluntarily disclose documents they believe to be confidential ("Confidential Information") and to cooperate with the Special Investigator. To the extent that the Confidential Information contains communications protected by the attorney-client privilege and/or material protected by the attorney work product doctrine,

the provision by those law firms of the Confidential Information to the Special Investigator on an in camera basis shall not be considered to be a waiver of any protection of the attorney-client privilege, the attorney work product doctrine, and/or any state or federal constitutional rights that such law firms and their attorneys could otherwise assert on behalf of their clients or themselves with respect to any third parties.

This Order does not modify or limit the Special Investigator's authority, nor does it protect producing attorneys from being required to produce information that would otherwise be discoverable under applicable law. Moreover, nothing in this Protective Order limits the rights of the Special Investigator to use the documents or their contents in an investigative report. Prior to the release to the Court, Special Masters, and/or parties of any investigative report that references or includes Confidential Information, the Special Investigator will provide written notification to the law firm(s) or attorney(s) that produced it. If the producing law firm(s) or attorney(s) object to the use of the Confidential Information, they may send written notice to the Special Investigator within five (5) business days. No investigative report that includes the Confidential Information will be released absent a Court ruling on those objections.  To the extent such documents are used or referenced in an investigative report, such use would also not result in the waiver of any attorney client privilege, work product doctrine and/or any state or federal constitutional rights that such law firms and their attorneys could otherwise assert on behalf of their clients or themselves with respect to any third parties.

**AND NOW**, this __5th___ day of December, 2019, **IT IS ORDERED THAT** any law firm wishing to obtain the protections of this Protective Order shall:

(1) provide the Confidential Information to the Special Investigator within ten (10) business days of the date on which such documents are requested by the Special Investigator; and,

(2) clearly designate as such each document produced pursuant to this Protective Order.

s/Anita B. Brody

_____

ANITA B. BRODY, J.

Copies **VIA ECF 12/5/2019**