IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | :    Case No. 2:12-md-2323 (AB)<br>:<br>:    MDL NO. 2323<br>: |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties, LLC, Successor-in-Interest to NFL Properties, Inc.,<br><br>      Defendants. | :    Hon. Anita B. Brody<br>:<br>:<br>:<br>:<br>:<br>:<br>:    PETITION TO<br>:    ESTABLISH<br>:    ATTORNEY'S LIEN<br>:<br>:<br>:<br>:<br>: |

Petitioner, Howard & Associates, Attorneys at Law, P.A., pursuant to Pursuant to Title II, Rule 7 and Rule 8 of the Amended Rules Governing Attorneys' Liens, adopted October 3, 2018, in the above-styled action, and the executed Agreement for Legal Services, states as follows:

    1.    Petitioner's law firm has attorneys admitted to practice before the Courts of Florida and files this Petition to establish a lien for attorney's fees as set forth hereinafter.

2. On or about November 20, 2016, Petitioner was retained and employed by Plaintiff, John Washington, pursuant to an agreement for legal services, to pursue a claim for injuries and damages allegedly caused by the National Football League's conduct associated with football-related concussions, head, and brain injuries.

3. The Retainer Agreement & Power of Attorney ("Agreement"), attached hereto as Exhibit A, states that, "It is agreed and understood that this employment is on a contingency fee basis, and, if no recovery or savings is made, the Client will not be indebted to the Attorneys for an sums whatsoever as attorney's fees and costs."

4. The Agreement also states that "the Client agrees to pay the Attorneys 20% of all gross monies recovered on the Client's behalf in relation to the IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION (No. 2:12-md-02323-AB) Final Settlement Agreement."

5. Since November 20, 2016, Petitioner has provided counsel for any needed matter, such as Social Security Disability, NFL Total and Permanent Disability, neuropsychological treatment, counseling for depression or suicide, family matters, paid costs relating to neuropsychological, Clinical Dementia Rating, neurological, MRI, follow up testing, travel, meals, local transportation, bi-weekly consultation and client updates, MAF and BAP, third-party sworn

affidavits, retaining experts, paying every and all costs, and more.

6. Plaintiff has continued the representation by co-counsel, who has worked with Petitioner on many claims, but has dropped Petitioner, despite the fact that Petitioner has paid all costs pertaining to his claim.

7. Plaintiff dropped Petitioner only after his claim was submitted, he received an award, and he was in the process of receiving payment.

8. Petitioner was not terminated due to any malfeasance or other improper action, but only after the award was given and the claim was being processed for payment.

9. Petitioner claims the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiff in this action.

WHEREFORE, the Petitioner prays:

1. That an attorney's lien be established;

2. That the amount of the lien be determined;

3. That the Court order that Petitioner be entitled to enforce an attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

4. That the Defendant or Defendant's insurer be prohibited from paying to the Plaintiff any sums or money until said lien has been satisfied; and

5.  For such other further relief as this Court deems just.

Dated: December 13, 2019                Respectfully Submitted,


                                        s/ Timothy Howard
                                        Timothy Howard
                                        (#0655325)
                                        Howard & Associates, P.A.
                                        1415 East Piedmont Dr. Suite 5
                                        Tallahassee, Florida 32308
                                        Telephone:      (850) 298-4455
                                        Facsimile:      (850) 216-2537
                                        Tim@HowardJustice.com

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that he has served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the litigation.

Dated December 13, 2019

                                        s/Timothy Howard
                                        Timothy Howard
                                        (#0655325)
                                        Howard & Associates, P.A.
                                        1415 East Piedmont Dr. Suite 5
                                        Tallahassee, Florida 32308
                                        Telephone:      (850) 298-4455
                                        Facsimile:      (850) 216-2537
                                        Tim@HowardJustice.com

4

# EXHIBIT A

# Howard & Associates
# Attorneys at Law, P.A.

Dr. Tim Howard, J.D., Ph.D., Senior Partner*
Florida Supreme Court Certified Mediator

Howard & Associates, P.A.
2120 Killarney Way, Suite 125
Tallahassee, Florida 32309
(850) 298-4455
(850) 216-2537
Tim@howardjustice.com

Cambridge Office
8 Museum Way Ste. 2407
Cambridge, MA 02141
(857) 277-0990
Tim@howardjustice.com

Cambridge Graduate University
One Broadway, 14th Floor
Cambridge, MA 02142
(617) 475-0201
(877) 645-6225 (6-GLOBAL)
president@cguglobal.net

## RETAINER AGREEMENT & POWER OF ATTORNEY

### 1. Scope and Conditions

This document (the "Agreement" hereinafter) is between _JOHN WASHINGTON_ (the "Client" hereinafter) and Howard and Associates, P.A. (the "Attorneys" hereinafter) to represent and potentially file claims and/or lawsuits, on the Client's behalf, in relation to the IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION (No. 2:12-md-02323-AB) Final Settlement Agreement. Representation is limited to: 1) evaluating and potentially filing a claims packet with the claims administrator, on the Client's behalf, and 2) the Attorneys may also pursue, on the Client's behalf, claims against any other person, firm or corporation the Attorneys deem responsible for damages suffered and arising out of the effects of mild traumatic brain injury caused by the concussive and sub-concussive impacts experienced by former National Football League ("NFL" hereinafter) football players. The Attorneys may also pursue claims through filing formal complaints either individually, or as part of a class action, in either state or federal court, or both.[1] The Attorneys make no promise or guarantee regarding the outcome of this matter, and retain sole discretion as to whether to pursue any appeal.

The Attorneys reserve the right to withdraw from representation, upon reasonable notice given to the Client. The Client agrees to abide by the Agreement, and to keep the Attorneys informed of both current developments that relate in any meaningful way to the Client's causes of action, and the Client's current contact information.

### 2. Costs

If the Attorneys advance funds on behalf of the Client, in the representation of the Client, they are entitled to be reimbursed from any recovery for such amounts as they have reasonably advanced on behalf of the Client, as follows:

A. **Common Costs:** Common costs (experts we have retained to build our cases, theories and economic models generally which all clients will benefit from, general travel costs and related expenses

---

[1] Plaintiffs seek to hold the NFL responsible for their injuries under various theories of liability, including that the NFL allegedly breached a duty to NFL football players to warn and protect them from the long-term health problems associated with concussions and that the NFL allegedly concealed and misrepresented the connection between concussions and long-term chronic brain injury.

that all clients benefit from such as attending Multi-District Litigation (MDL) and other hearings, depositions, co-counsel meetings, meetings of NFL Work Groups, Joint Prosecution Groups, and Steering Committee meetings to discuss strategy and presentation generally, expense of scanning/copying documents, faxes, registered mail, postage,, and other costs and expenses related to the cases generally that are not related to a particular claim or case):

    0 - $1,000,000.00    5%

    $1,000,000.00 +    2.5%

*[handwritten: deemed to be part of 20% Total  JW]*

    **B. Particularized Costs:** Particularized costs (medical evaluations, medical records, other medical expenses, court costs, copies, printing, scanning, economic reports, accounting, express mail, certified mail, expert witness fees and expenses, and other expenses relating to a particular claim or case, including costs of investigation and litigation).

    The Client hereby understands that the Client will not have to advance any costs, fees, or retainers for any actions under this Agreement.

    **3.**    **Fees**

    The monetary basis of this retainer will be a percentage of the recovery, generally known as a contingency fee.

    **A. Payments Obtained From the Filing of a Claims Packet:** Under this Agreement, the Client agrees to pay the Attorneys 20% of all gross monies recovered on the Client's behalf in relation to the IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION (No. 2:12-md-02323-AB) Final Settlement Agreement.

    **B. Payments Obtained From the Filing of Civil Suit:** If a civil action is filed or any recovery is made other than as set forth above, the Attorneys shall be entitled to receive, as compensation for their services, 33 1/3% of the gross amount of any such recovery or compensation for loss or damages from any defendant or source of recovery, plus an additional 5% of the gross amount of any recovery after notice of appeal is filed or post-judgment relief or action is required for recovery on the judgment.

    **C. Court Awarded Fee:** It is further agreed and understood that, should the court award any fee in this action, the Attorneys are entitled to the greater of the following:

    1) The fee awarded by the court;

    2) The fee under this Agreement;

    3) The contingent percentage under this Agreement applied to the total recovery plus the court awarded attorney's fees. In other words, the fee arrived at by taking the total attorney's fees awarded by the court, adding to it the judgment or settlement, and applying the contingent percentage for attorney's fees to that sum.

    In the event that an action is settled by periodic payments, the contingent fee percentage of that action will be calculated on the cost of the structured settlement, or, if the cost is unknown, on the present money value of the structured settlement, whichever is less.

In the event that fees are recovered from any adverse party, this Agreement is not to be construed as a limitation on the maximum reasonable fee to be awarded to the Attorneys by the Court. Any fees awarded by the Court and paid by a defendant will be credited against the sums due from the Client, and the Attorneys will retain any excess.

If it is determined that one or more of the responsible parties is a governmental agency and that the recovery and/or attorney's fees are limited by law against the party, it is understood that the attorney's fee, with respect to recovery from that particular party, shall be the amount provided by law.

<u>It is agreed and understood that this employment is on a contingency fee basis, and, if no recovery or savings is made, the Client will not be indebted to the Attorneys for any sums whatsoever as attorney's fees and costs.</u>

<u>The Client hereby authorizes the Attorneys to endorse any checks made payable to the Client to avoid any delay in processing recovery of claims.</u>

### 4. Withdrawal / Discharge

It is agreed and understood that if the Attorneys, in their sole discretion, should at any time not want to proceed further with the prosecution of any claims, then they may withdraw as counsel and they are free from any further obligations under this Agreement.

In the event that the Attorneys are discharged from representation, or withdraw for just cause, the costs incurred or forwarded by the Attorneys on the Client's behalf shall constitute a lien on the Client's claims and any recovery thereon from any source. Compensation for the Attorneys' time devoted to the handling of the Client's claims shall constitute a lien on any recovery on said claims which shall be discharged from any further settlement or judgment on said claims, prior to any disbursement of any proceeds from that settlement or judgment.

### 5. Separate Claim

It is agreed and understood that should the Attorneys be required to file a separate claim in an effort to effect recovery in the Client's claims for damages, and should they be awarded attorneys' fees by the court as a consequence of that claim, said attorneys' fees will be considered separate from the amount of fees the Attorneys are entitled to as set forth above in this agreement.

### 6. Division of Fees

The Client hereby understands that there may be a division of fees between lawyers who are not in the same firm.

The Client hereby understands that the Attorneys, in their sole discretion, shall determine among themselves how to allocate their fees, and the Client hereby authorizes and agrees to the division of the fee in any manner that the Attorneys deem to be fair and reasonable. The Client hereby understands that circumstances may alter the Attorneys' proportionate share of the fees. The Attorneys agree to provide the Client with information concerning their division of fees upon request.

3

The Client further understands and agrees that each law firm assumes joint legal responsibility for representation of the Client and agrees to be available for consultation.

7.  **Cancellation**

This Agreement may be canceled by written notification to the Attorneys at any time within (3) business days of the date the contract was signed, as shown below, and if canceled, the Client shall not be obligated to pay any fees to the Attorneys for the work performed during that time. If the Attorneys have advanced funds to others in representation of the Client, the Attorneys are entitled to be reimbursed for such amounts as they have reasonably advanced on behalf of the Client.

8.  **Signature of the Parties**

I, the Client, hereby agree to employ the Attorneys (Howard & Associates) under the above listed conditions. This contract contains our entire agreement and is not valid unless signed by both parties. I have received a copy.

_____       11-20-16
Client (Signature)                                    Date

_____       11/21/16
Attorney                                                 Date

Employment is accepted on the foregoing terms.

> Tim Howard, J.D., Ph.D.
> Florida Bar No.: 655325
> HOWARD & ASSOCIATES, P.A.
> 2120 Killarney Way, Suite 125
> Tallahassee, Florida 32309
> Office: (850) 298-4455
> Fax:    (850) 216-2537
> Tim@howardjustice.com