# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                            Plaintiffs,<br>    v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                                            Defendants. | |
| THIS DOCUMENT RELATES TO:<br>John D. Giddens, P.A. v. Nathaniel Lewis<br>Attorney Lien Dispute<br>(Doc. No. 8453) | |

## EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                          January 3, 2020

      Before the Court is a Petition to Establish Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Nathaniel Lewis ("Mr. Lewis"), which was filed on October 12, 2017 by John D. Giddens, P.A. ("Giddens"). (Doc. No. 8453). On April 3, 2018, the Claims Administrator issued a Notice of Lien to Mr. Lewis, who was proceeding *pro se*. The Claims Administrator ultimately issued a Notice of Monetary Award Claim Determination on July 29, 2019 based upon the claim filed by the firm with which Giddens had associated for this representation.

      The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283). Pursuant to Rule 12,

Giddens and Mr. Lewis (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this Dispute. The Parties have consented to jurisdiction by a Magistrate Judge. (Doc. No. 10862.) Accordingly, this Opinion will serve as the final decision of the Court concerning this dispute.

Following settlement discussions presided over by Magistrate Judge Timothy R. Rice, this Attorney Lien Dispute has been resolved to the satisfaction of the Parties and a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") has been submitted to this Court. Having reviewed the Record, we are also satisfied that the Withdrawal is a reasonable resolution of this matter.

Accordingly, we conclude that the Withdrawal shall be granted. The Claims Administrator is ordered to distribute the withheld funds for attorneys' fees as was set forth in the Withdrawal.[1]

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

**AND NOW**, this 3rd day of January, 2020, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and

2. The Claims Administrator is **ORDERED** to disburse the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE