# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                 Plaintiffs,<br>v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                 Defendants. | Civil Action No. 12-1623 |
| THIS DOCUMENT RELATES TO:<br><br>John D. Giddens, P.A. v. Jocelyn Borgella<br>Attorney Lien Dispute<br>(ECF No. 7642) | |

## ORDER

AND NOW, this 27th day of January, 2020, upon consideration of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge (ECF No. 10929), it is **ORDERED** that:

1. The Report and Recommendation is **ADOPTED**;

2. The Withdrawal of the Lien Dispute is **GRANTED**; and

3. The Claims Administrator is **ORDERED** to disburse the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

_____
ANITA B. BRODY, J.

O:\ABB 2020\L - Z\NFL - Atty Lien R&R Approval Order re Gidden.docx

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                      Plaintiffs,<br>v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                                      Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>John D. Giddens, P.A. v. Jocelyn Borgella<br>Attorney Lien Dispute<br>(Doc. No. 7642) | |

## REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                    December 19, 2019

      Before the Court for Report and Recommendation is a Notice of Attorney's Lien ("Lien") and a Petition to Establish Attorney's Lien (Doc. No. 7642) seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Jocelyn Borgella, which were filed on May 17, 2017 by John D. Giddens, P.A. ("Giddens"). Mr. Borgella is currently represented by Dolan Dobrinsky Rosenblum, LLP ("Dolan"). On March 28, 2018, the Claims Administrator issued a Notice of Lien to Dolan. On September 19, 2019, the Claims Administrator issued a Notice of Monetary Award Claim Determination.

      The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6,

2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283). In accordance with these rules, the Claims Administrator has referred the Lien Dispute and the Withdrawal to this Court for Report and Recommendation.

Pursuant to Rule 24, Giddens and Dolan submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") dated December 17, 2019. The Withdrawal clearly indicates the percentage of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future. The agreement was negotiated by law firms that were informed and concerned about their own interest. Upon review of the Withdrawal and the contingency fee agreements, and in consideration of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to each firm is reasonable, does not exceed the percentage for which the parties contracted, and that the collective fees are within the percentage allowed under the 22% Presumptive Fee Cap. Accordingly, we conclude that the Withdrawal should be granted and that the Claims Administrator should be ordered to distribute the attorneys' fees to Giddens and Dolan as set forth in the Withdrawal.[1] We also have reviewed the lists of itemized costs submitted by each firm and the provision of the fee agreements Mr. Borgella entered into with the firms that provided for reimbursement of costs expended by counsel. We conclude that Giddens and Dolan are entitled to the costs asserted.

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

2

## RECOMMENDATION

**AND NOW**, this 19th day of December, 2019, it is respectfully **RECOMMENDED** that the withdrawal of lien dispute be **GRANTED** and the Claims Administrator be ordered to distribute the attorneys' fees and costs as is set forth in the Withdrawal submitted by the Parties and in accordance with the provisions of the Settlement Agreement and all Court Orders regarding implementation. The remainder of the currently withheld funds should be distributed to Mr. Borgella.

The Parties may file objections to this Report and Recommendation. *See* Rule 25(d).

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE