**UNITED STATES DIRECT COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE RETIRED PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>THIS DOCUMENT RELATES TO:<br><br>BAGGS et al. v. NATIONAL FOOTBALL LEAGUE, et al.,<br>Civil Action No. 2:13-cv-05309-AB<br><br>THIS MATTER RELATES TO:<br><br>SPID# 260006736 | **Hon. Anita B. Brody** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AN INDICATIVE RULING UNDER FED.R.CIV.P. 62.1**

Plaintiff  SPID #260006736 ("Plaintiff" or "Mr. G.") Mr. G. respectfully moves this Court pursuant to Rule 62.1 of the Federal Rules of Civil Procedure for an indicative ruling that the Court would grant the Rule 60(b) motion and grant and reinstate the Plaintiff's claim under the Settlement Agreement, as his claim was improperly denied by the Special Master and the finding was not disturbed by the Court on review.  Plaintiff's pre-effective date claim test scores and findings were generally consistent with the requirements under the Settlement.  The Claims Administrator approved the award twice, once after an audit.  The AAP then reviewed everything again and found that Mr. G.'s claim Qualifying Diagnosis of 1.5 was generally

consistent with the rigorous requirements of the BAP[1].  The NFL appealed again. The Special

Master consulted with someone on the same AAP panel who previously had approved the award,

and subsequently (and inexplicably) changed the approval to a denial.  The Special Master

granted the NFL's appeal and denied Mr. G.'s claim on October 11, 2018.  Plaintiff appealed to

the District Court.  Then, the Court returned the matter to the Special Master to explain what

occurred.  The Special Master described returning to the same AAP who had granted the award,

who then rejected the claim.  The Special Master acknowledged that the "Claimant has fulfilled

the first requirement by virtue of his own report" (referring to Dr. Lobatz' report and findings

that Mr. G. met the criteria for a Qualifying Diagnosis of 1.5).  But, the Special Master then

---

[1] Mr. G. submitted his pre-effective date claim to the Claims Administrator for a monetary award based on a qualifying diagnosis of 1.5. The Claims Administrator granted the award. The award was then audited and subsequently, the grant of the award was confirmed. The NFL then appealed the determination of the Claims Administrator, contending primarily that despite the Board Certified neurologist's determination of a 1.5 qualifying diagnosis, the neuropsychologist's testing was not consistent with this award. The Claimant's neuropsychologist, Dr. Hopper, found that Mr. G.'s findings were consistent with a 1.5 qualifying diagnosis. The NFL disputed those findings. Then, the Claims Administrator, following an AAP review, once again granted Mr. G.'s award.

Most significantly, under the terms of the Amended Settlement Agreement, the evidence required to submit a Subclass 2 member's claim is proof that a qualifying Board certified neurologist made a diagnosis and determination that the player qualified; which is exactly what occurred here.  Dr. Michael Lobatz, M.D., a highly regarded board certified neurology specialist in Encinitas, CA, who has been practicing for 38 years, is a specialist in traumatic brain injuries and has been Mr. G's physician for several years. Dr. Lobatz graduated from University of Illinois College of Medicine, Chicago in 1977 and specializes in brain neurology. He identified and described Mr. G's brain bleed and evidence of his concussions that he observed on examination, through film images and through examinations over the last few years. Based on his examinations and report, as well as a neuropsychological examination and report made prior to the effective date of the Settlement, Mr. G's claim was made early after the first claims were permitted.

Dr. Lobatz has been interviewed by the Claims Administrator. The claims have been audited and reviewed and approved.  On March 12, 2018, we received a request from the Claims Administrator that the Special Master reviewing the NFL's Appeal of the grant of monetary award to Mr. G wanted to see the records from Dr. Delis.

The Special Master initially affirmed the claim and denied the NFL's appeal. The NFL then again, claimed that the Special Master must review the case with an AAP member and after doing so, for the very first time, Mr. G's claim was improvidently denied.

Mr. G's pre-effective date claim was supported by a report and interview with a world renowned brain trauma expert who has examined Mr. G multiple times and who was previously audited by an AAP member and the claims administrator in connection with this exact claim. The Special Master's denial of the claim as a matter of law was improper because he failed to fairly apply the terms of the Amended Settlement Agreement as it applies to pre-effective date claims.

-2-

found that there was not "evidence of a moderate to severe cognitive decline from a previous level of performance" and that there was no evidence of "functional impairment."  Special Master's Report of Sept. 24, 2018, p 3.  The Special Master disregarded the significant decline demonstrated by Dr. Hopper and found that the records did not include "evidence supporting a 1.0 (Mild) score in the Home & Hobbies category" despite the report and findings of the treating neurologist who specifically detailed the decline he observed as Mr. G.'s treating physician over time. *Id.*   The Special Master's Report indicated a misapplication of the Settlement Agreement, which determination should be overturned as a matter of law.

 Mr. G's claim was rejected by the Special Master for a reason *outside of*, and in fact *prohibited by*, the terms of the Settlement Agreement and contrary to this Court's own determination as to the definition of "generally consistent," FAQ 101; Order of the Hon. Anita B. Brody, 1/9/19 [Dkt. 10370].   In the wake of the denial, Plaintiff timely moved in this Court under Rule 60(b) ("Rule 60(b) Motion") due to mistake, newly discovered evidence and because allowing the determination to stand would bring about a manifest injustice.  Plaintiff also sought an appeal.

Thus, at the direction of the Court, and to ensure the straightforward record, Mr. G. now makes this motion for an indicative ruling.  The underlying relief Mr. G. seeks does not challenge the Settlement Agreement or attempt to alter its terms in any way, but instead—and to the contrary—asks only that the Settlement Agreement be applied as written to Mr. G.'s claim.

**I.**     **Federal Rules of Civil Procedure Rule 62.1 Provides a Vehicle for this Court to Issue an Order Stating the Court would Grant Plaintiff's Motion Upon Remand.**

This Court's Order entered July 2, 2019 [Dkt.10712], denying the appeal from Special Master's finding by that Mr. G. was not entitled to a claim award is the subject of  the Rule 60 motion [Dkt. 10817] that was filed in August, 2019.

The NFL suggested that a Rule 62.1 Motion for an Indicative Ruling is more appropriate after an appeal to the Third Circuit was filed.  Mr. G. incorporates his Rule 60 Motion herein and attaches a copy of his Rule 60(b) Motion and Memorandum as Exhibit A.

By way of a brief summary as relevant to the underlying Motion, however, Plaintiff submits that this Court has jurisdiction to review the determination of the Special Master, *Pittsburgh Metro Area Postal Workers Union, A.F.L.-C.I.O. v. U.S. Postal Service*, 938 F. Supp. 2d 555 (W.D. Pa. 2013). There was an apparent flaw in the record presented to this Court and, as a result. Plaintiff respectfully requests that this Court strictly apply the Settlement Agreement, over which the Court has retained full authority and jurisdiction pursuant to the Amended Settlement Agreement [Dkt. 6481-1].

The relevant portion of Rule 62.1 provides that this Court has the authority to consider Mr. G.'s motion as presented here, after filing a direct appeal:

Rule 62.1. Indicative Ruling on a Motion for Relief that is Barred by a Pending Appeal

(a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

(1) defer considering the motion;

(2) deny the motion; or

(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Here, Plaintiff respectfully seeks the Court to advise the Third Circuit that, if the case were remanded to this Court, this Court would reconsider the facts as presented and grant Plaintiff's Rule 60(b) motion.[2] Rule 62.1 permits precisely this path.  See also Commentary to Rule 62.1:

---

[2] A copy of Plaintiff's Rule 60(b) Motion is attached as Exhibit A.

This new rule adopts for any motion that the district court cannot grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal. After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand. But it can entertain the motion and deny it, defer consideration, or state that it would grant the motion if the court of appeals remands for that purpose or state that the motion raises a substantial issue.

Commentary to Rule 62.1

## II. This Court Has the Authority to Consider the Motion and Assess the Merits of the Rule 60(b) Motion filed.

Plaintiff held this filing in abeyance pending the Court's direction.    In response to this Court's Order of January 27, 2020 [Dkt. 10973], Plaintiff respectfully submits this Motion.  Rule 62.1, promulgated in 2009, codifies the courts' decisions that a district court has the authority to consider a Rule 60(b) motion and assess the merits of the underlying issues presented.  Under Rule 62.1, this Court, among other options, may simply deny the motion for an indicative ruling, or indicate its belief that the arguments in the underlying Rule 60 motion are meritorious.

Accordingly, Plaintiff respectfully submits that this Court has jurisdiction under Rule 62.1 for the limited but important purpose of considering and indicating how it would rule, or its view of, the  Rule 60(b) Motion before it. After consideration of the underlying Motion under Rule 60(b), it is submitted that the Court should provide an indicative ruling that the Court would reconsider and grant Mr. G.'s appeal of the Special Master's determination as a matter of law and reinstate his award that was granted three times, but overturned, upon the NFL's second appeal by the Special Master.

## III.   CONCLUSION

Plaintiff respectfully moves this Court for an indicative ruling pursuant to Rule 62.1.

Dated: February 3, 2020

Respectfully submitted,

By: _____
    Wendy R. Fleishman

Lieff Cabraser Heimann & Bernstein, LLP
Wendy R. Fleishman
Rachel Geman
250 Hudson Street, 8th Floor
New York, New York 10013
Telephone: (212) 355-9000
Facsimile:  (212) 355-9592
wfleishman@lchb.com
rgeman@lchb.com

Lieff Cabraser Heimann & Bernstein, LLP
Kenneth S. Byrd
Andrew R. Kaufman
150 Fourth Avenue, North, Suite 1650
Nashville, TN 37219
Telephone:  (615) 313-9000
Facsimile:   (615) 313-9965
kbyrd@lchb.com
akaufman@lchb.com

-6-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 3, 2020, I filed the foregoing through the Court's

CM/ECF system, which will provide electronic notice to all counsel of record and constitutes

service on all counsel of record.

*/s/ Wendy R. Fleishman*
Wendy R. Fleishman

1920943.1