**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>            Plaintiffs,<br> v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>            Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Pope McGlamry P.C. v. Jevon Langford<br>Attorney Lien Dispute<br>(Doc. No. 7327) | |

## REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE            February  10 , 2020

   Before the Court for Report and Recommendation is a Notice of Attorney's Lien ("Lien") and a Petition to Establish Attorney's Lien (Doc. No. 7327) seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Jevon Langford, which were filed on March 23, 2017 by Pope McGlamry P.C. ("Pope").  Mr. Langford is currently represented by Mokaram Law Firm ("Mokaram").  On November 3, 2017, the Claims Administrator issued a Notice of Lien to Mokaram.  On November 15, 2019, the Claims Administrator issued a Notice of Monetary Award Claim Determination.

   The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746).  Rules Governing Attorneys' Liens ("Rules") were adopted on March 6,

2018 and amended on October 3, 2018.  (Doc. Nos. 9760 and 10283).  In accordance with these rules, the Claims Administrator has referred the Lien Dispute and the Withdrawal to this Court for Report and Recommendation.

Pursuant to Rule 24, Pope and Mokaram submitted identical Withdrawal of Attorney's Lien Dispute forms (the "Withdrawal") dated January 27 and 28, 2020.  The Withdrawal clearly indicates the percentage of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future.  The agreement was negotiated by law firms that were informed and concerned about their own interest.  Upon review of the Withdrawal and the contingency fee agreements, and in consideration of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to each firm is reasonable, does not exceed the percentage for which the parties contracted, and that the collective fees are within the percentage allowed under the 22% Presumptive Fee Cap.  Accordingly, we conclude that the Withdrawal should be granted and that the Claims Administrator should be ordered to distribute the attorneys' fees to Pope and Mokaram as set forth in the Withdrawal.[1]

We also have reviewed the lists of itemized *costs* submitted by each firm and the provision of the fee agreements that Mr. Langford entered into with the firms that provided for reimbursement of costs expended by counsel.  We conclude that Mokaram is entitled to the costs asserted.  Pope, however, did not identify in its lien notice the amount of costs it was asserting, nor

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court.  The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

does it appear that it otherwise advises Mokaram and the Claims Administrator of the amount it sought for costs until the submission of its Withdrawal form in late January 2020. In this respect, Pope did not adhere to Rule 8, which requires that the Lienholder submit to the Claims Administrator "before it begins processing the Award" the precise dollar amount of costs sought. *See* Rule 8(c). Pope did not provide its figures until the lien dispute withdrawal stage, after processing of the award was underway. As we have said in our review of other attorney lien disputes in this settlement, the "strict enforcement of the deadlines in the rules is essential to ensure the efficient administration of the Settlement." *In re Locks Law Firm v. Fuller*, No. 12-md-2323, Doc. 10185, at 2 (Rep. & Recom. July 31, 2018). *See also In re: Cumings, McClorey, Davis & Acho, PLC v. Johnson*, No. 12-md-2323, Doc, 10368, at 85 (Rep. & Recom. Jan. 7, 2019) (same). We do not recommend deviating from that practice.[2]

### RECOMMENDATION

**AND NOW**, this 10th day of February, 2020, it is respectfully **RECOMMENDED** that the withdrawal of lien dispute be **GRANTED** and the Claims Administrator be ordered to distribute the *attorneys' fees* as is set forth in the Withdrawal submitted by the Parties and in accordance with the provisions of the Settlement Agreement and all Court Orders regarding implementation. **IT IS FURTHER RECOMMENDED** that the Claims Administrator be ordered to distribute to Mokaram the full reimbursement it sought for its expenditures of costs and that the

---

[2] We also note that Pope's request for costs included a line item of $362.81 for "NFL Administrative Costs" dating to January 1, 2020. As this cost does not appear to have been incurred on behalf of Mr. Langford individually, we would not have recommended that it be allowed – even if it had been sought in a timely manner.

remainder of the currently withheld funds should be distributed to Mr. Langford.

The Parties may file objections to this Report and Recommendation. *See* Rule 25(d).

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                              Plaintiffs,<br>     v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                              Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Pope McGlamry P.C. v. Jevon Langford<br>Attorney Lien Dispute<br>(Doc. No. 7327) | |

## ORDER

**AND NOW**, this _____ day of _____, 2020, upon consideration of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge (ECF No. _____), and no objection having been docketed, it is **ORDERED** that:

1. The Report and Recommendation is **ADOPTED**;

2. The Withdrawal of the Lien Dispute is **GRANTED**; and

3. The Claims Administrator is **ORDERED** to disburse the withheld funds for attorneys' fees and costs in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

_____
ANITA B. BRODY, J.