UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>SPID No. 260006736 | **Hon. Anita B. Brody** |

## NFL PARTIES' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN INDICIATIVE RULING UNDER FED. R. CIV. P. 62.1

After four months of delay, and only after this Court issued an Order to Show Cause, Claimant SPID No. 260006736 ("Claimant" or "A.G.") now moves this Court pursuant to Rule 62.1 of the Federal Rules of Civil Procedure for an indicative ruling stating that the Court would grant Claimant's misguided August 22, 2019 Rule 60(b) Motion should the Third Circuit remand the matter for that purpose.  Claimant's indicative ruling motion should be denied because A.G.'s Rule 60(b) arguments are devoid of any legitimate ground for this Court to revisit its Settlement Implementation Determination Order issued on July 2, 2019 (the "July 2 Order").  Rather, Claimant's protracted motion practice is meritless and a waste of judicial and party resources.

## PROCEDURAL HISTORY

On October 11, 2018, the Special Master, after consultation with a member of the Appeals Advisory Panel ("AAP"), denied A.G.'s claim as not "generally consistent" with the Qualifying Diagnosis of Level 1.5 Neurocognitive Impairment as defined in the Settlement Agreement.  (*See* SPID 260006736, Doc. No. 187657 (Oct. 11, 2018, Post-Appeal Notice of Denial).)  The Special Master's decision left Claimant free to file a new claim if he were to receive a Qualifying Diagnosis in the future.  Rather than simply make a free BAP appointment, Plaintiff filed an objection with this Court, arguing that the Special Master committed *legal error* when he applied the "generally

consistent" standard to A.G.'s pre-Effective Date diagnosis.  (*See* SPID 260006736, Doc. No. 190582 (November 14, 2018, Objection)).)  On July 2, 2019, the Court denied Claimant's objection and confirmed that "the generally consistent standard applies to all *non-BAP diagnoses* of Level 1.5 or 2 Neurocognitive Impairment."  (Settlement Implementation Determination, Doc. No. 10712 at 3.)

In response, Claimant filed a Notice of Appeal to the Third Circuit on July 29, 2019 with respect to the July 2 Order, which the Third Circuit docketed on August 6, 2019, thereby divesting this Court of jurisdiction with respect to the claim.  (*See* Notice of Appeal, Doc. No. 10772).[1] Claimant also filed a motion with the Third Circuit for limited remand to permit this Court to hear a Rule 60(b) motion he planned to file.  On August 22, 2019, Plaintiff filed his Rule 60(b) Motion in this Court.  (*See* Rule 60(b) Motion, Doc. No. 10817.)  The NFL Parties then filed a September 3, 2019 letter to this Court, explaining that the Court lacked jurisdiction over the Rule 60(b) Motion.  (*See* Letter to Judge Brody, Doc. No. 10828.)  On September 9, 2019, Claimant responded to our letter, agreed that the Court lacked jurisdiction, and informed the Court that he would submit a "follow-up" motion.  (Letter to Judge Brody, Doc. No. 10835 at 1.)  After nearly four months of delay by Claimant, the Court issued a January 27, 2020 Order for Claimant to show cause why the Rule 60(b) Motion should not be denied, noting the lack of any "follow-up" motion.  (*See* Order, Doc. No. 10973.)  On February 3, 2020, Claimant finally filed a Rule 62.1 Motion for an indicative ruling as to his previously filed Rule 60(b) Motion.  (*See* Rule 62.1 Motion, Doc. No. 10985.)  For the reasons below, the NFL Parties oppose Claimant's Rule 62.1 Motion herein.

---

[1]   On August 6, 2019, the Clerk of Court for the Third Circuit issued an order requiring the parties to file briefs addressing the Third Circuit's authority to review this Court's July 2 Order.  On August 20, 2019, the parties submitted responses: Claimant argued that the Third Circuit possesses jurisdiction over his appeal, while both the NFL Parties and Class Counsel argued that Claimant's appeal did not present an important question warranting review under the collateral order doctrine—the only route to appellate review available to Claimant.

**ARGUMENT**

The Court should deny both Claimant's Rule 62.1 Motion and the underlying Rule 60(b) Motion because the Rule 60(b) Motion is meritless and a waste of judicial and party resources. There is not a legitimate, procedurally appropriate argument for Claimant to advance in his Rule 60(b) Motion. A.G.'s objection to the Special Master's decision—the denial of which is the July 2 Order from which A.G. now seeks relief in both the Third Circuit and this Court—was that the Special Master committed legal error by applying the "generally consistent" standard to his pre-Effective Date claim. Notwithstanding this original objection, Claimant's Rule 60(b) Motion has now entirely abandoned his legal argument, admitting that this Court's July 2 Order is correct. (*See* Rule 60(b) Motion at 8 ("Diagnoses made by board-certified neurologists Pre-Effective Date, need only be 'generally consistent' with the diagnostic criteria set forth under the Settlement Agreement.").  Since Claimant concedes the correctness of the Court's July 2 Order, it is nonsensical that he nevertheless seeks relief from that Order.

Even if Claimant had not abandoned his previous legal argument, however, Claimant would still be unable to base his Rule 60(b) Motion on the purported "legal error" he originally raised in his underlying objection to the Special Master's decision. The Third Circuit has repeatedly held that because a Rule 60(b) motion "may not be used as a substitute for an appeal . . . legal error, without more does not warrant relief under [Rule 60(b)]." *Jaye* v. *Oak Knoll Vill. Condo. Owners Ass'n, Inc.*, 2019 WL 3492464, at *1 (3d Cir. Aug. 1, 2019) (quoting *United States* v. *Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003)); *see also* Moore's Federal Practice – Civil § 60.41

n.59 (explaining that the "Third Circuit does not permit request for reconsideration of decision on legal issues to be transformed into claim that there is 'mistake' under Rule 60(b)(1).").

Instead, although Claimant's Motion filed in this Court is styled as a motion made pursuant to Rule 60(b), Claimant actually purports to dispute the Special Master's findings of fact—specifically, that his diagnosis did not qualify under the "generally consistent" standard. More than a third of Claimant's Rule 60(b) memorandum of law recounts aspects of A.G.'s Claim Package, arguing that "[t]hese findings meet the definition of generally consistent"—a factual determination. (*See* Rule 60(b) Motion at 8–11.) And, in his memorandum of law in support of the Rule 62.1 Motion, Claimant explicitly states that he "seeks the Court to advise the Third Circuit that, if the case were remanded to this Court, *this Court would reconsider the facts as presented*." (Rule 62.1 Memorandum, Doc. No. 10985-1 at 4 (emphasis added).) The Special Master's findings of fact, however, became final and non-appealable as of the Special Master's October 11, 2018 opinion. (*See* Order Appointing Special Masters, Doc. No. 6871 at 5 ("[T]he parties agree, pursuant to Fed. R. Civ. P. 53(f)(3)(B), that the factual determinations of the Master(s) will be final and biding.")); *see also* Fed. R. Civ. P. 53(f)(3)(B) (authorizing parties to stipulate, with court approval, that the findings of a special master will be final). Indeed, Claimant implicitly recognized that these findings of fact were binding and not reviewable by this Court when he decided not to contest them in his underlying objection to the Special Master's determination previously filed with this Court.

Accordingly, Claimant is blatantly abusing the Rule 60(b) process. Simply put, A.G. concedes that the holding of the July 2 Order is correct, he is unable to use Rule 60(b) to correct legal error, and he improperly seeks to dispute the Special Master's final and non-appealable findings of fact.

Left with no viable legal appeal and an unassailable final ruling on the facts, Claimant resorts to asserting an unspecified "mistake" under Rule 60(b)(1). *See* Fed. R. Civ. P. 60(b)(1). To that end, Claimant misleadingly claims that this Court's July 2 Order acknowledged that "there is some unknown action that took place by the NFL, the Claims Administrator or the AAP, that led to the district court being provided incorrect information." (*See* Rule 60(b) Motion at 13.) This Court's July 2 Order said nothing of the sort. Rather, the July 2 Order acknowledged that the Court "is troubled by the events leading to this objection." (Settlement Implementation Determination, Doc. No. 10712 at 1.) Far from some contrived "unknown action," the Court's July 2 Order is clearly referring to the events described in the preceding paragraph—namely, that Claimant was not told at an earlier time that his claim was wrongly approved. Setting aside Claimant's manufactured, erroneous reading of the Court's July 2 Order, A.G. has not identified a Rule 60(b)(1) "mistake" that warrants reversal.

As a last ditch effort, A.G. also summarily invokes Rule 60(b)(2) ("newly discovered evidence") and Rule 60(b)(6) ("any other reason that justifies relief") as alternative grounds. Claimant's Motion, however, identifies neither new evidence nor any other reason that would justify relief from this Court's order. Thus, any invocation of Rule 60(b)(2) or Rule 60(b)(6) is entirely misplaced.

Finally, Claimant overstates the purported "manifest injustice" and "extreme" hardship imposed on him by the valid and proper denial of his claim. (*See* Rule 60(b) Motion at 12.) Contrary to his protestations that delay in receiving a diagnosis could "potentially reduce his award drastically as the awards are reduced based on age of the claimant" (*id.*), Claimant is just 38 years old. The maximum Monetary Award for a Level 1.5 Qualifying Diagnosis on the Monetary Award Grid is available to a Retired NFL Football Player under age 45. (*See* Settlement Agreement, Ex.

3.) In other words, Claimant has nearly *seven years* to receive a Qualifying Diagnosis that would provide him with the equivalent compensation that he purports to have been wrongfully denied by the Special Master. Moreover, Claimant is self-inflicting the delay he avers is manifestly unjust. He has wasted the past fourteen months since his claim denial on meritless motions and appeals, and he has left this Court in limbo for the last four months over his egregious delay in filing this "follow-up" Rule 62.1 Motion. Despite such willful delay, Claimant is eligible to participate in the free Baseline Assessment Program ("BAP") where a Level 1.5 Qualifying Diagnosis is available if he meets the Settlement's diagnostic criteria. In sum, Claimant's continued fight—now tallying two objections filed with this Court, a frivolous appeal filed in the Third Circuit, and meritless Rule 60(b) and Rule 62.1 Motions—is a waste of party and judicial resources when Claimant has known since October 2018 that he could simply make a free BAP appointment.

## CONCLUSION

For the reasons set forth above, the NFL Parties respectfully submit that this Court should deny both Claimant's Motion for an indicative ruling pursuant to Rule 62.1 and Claimant's Rule 60(b) Motion. Should the Court find it necessary to receive separate briefing on Claimant's Rule 60(b) Motion—as opposed to the instant response to Claimant's Rule 62.1 Motion—the NFL Parties reserve all rights to respond to that Motion in full upon the direction of this Court and a reasonable briefing schedule.

Dated: February 18, 2020

                        Respectfully submitted,

                        */s/ Brad S. Karp*
                        Brad S. Karp
                        Bruce Birenboim
                        Claudia Hammerman
                        Lynn B. Bayard
                        Douglas M. Burns
                        PAUL, WEISS, RIFKIND, WHARTON
                          & GARRISON LLP
                        1285 Avenue of the Americas
                        New York, NY 10019-6064
                        Main: (212) 373-3000
                        Fax: (212) 757-3990
                        Email:  bkarp@paulweiss.com

                        ATTORNEYS FOR THE
                        NATIONAL FOOTBALL LEAGUE
                        AND NFL PROPERTIES LLC