## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc., <br><br> Defendants. | |
| THIS DOCUMENT RELATES TO: <br><br> Howard and Associates, P.A. v. Tracy Scroggins Attorney Lien Dispute (Doc. Nos. 10920-9, 10920-10) | |

## EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                February   25, 2020

Before the Court is a Notice of Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Tracy Scroggins, who was issued a Post-Appeal Notice of Monetary Award Claim Determination on December 6, 2019. The lien was filed on December 13, 2019 by Howard & Associates, Attorneys at Law, P.A. ("Howard"). (Doc. Nos. 10920-9, 10920-10). Mr. Scroggins is currently represented by Slater Slater Schulman LLP ("Slater"). On December 16, 2019, the Claims Administrator issued to Slater a Notice of this lien.

The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6,

2018 and amended on October 3, 2018.  (Doc. Nos. 9760 and 10283).  Pursuant to Rule 12, Howard and Slater (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this dispute.  The Parties have consented to jurisdiction by a Magistrate Judge.  (Doc. No. 11008).  Accordingly, this Opinion will serve as the final decision of the Court concerning this attorney lien dispute.

The Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") pursuant to Rule 24 on February 12, 2020.  The Withdrawal agreement clearly indicates the portion of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future.  The agreement was negotiated by law firms that were informed and concerned about their own interest.  Upon review of the Withdrawal and the contingency fee agreements, and in consideration of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to each firm is reasonable, does not exceed the percentage for which the parties contracted, and that the collective fees are within the percentage allowed under the 22% Presumptive Fee Cap.  Accordingly, we conclude that the Withdrawal should be granted and that the Claims Administrator should be ordered to distribute the attorneys' fees to the parties as set forth in the Withdrawal.[1]  We also have reviewed the lists of itemized costs submitted by each firm and the provisions of Mr. Scroggins's agreements with the firms that provide for reimbursement of certain costs.  We conclude that each firm is entitled

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court.  The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

2

to the costs asserted.[2]

        **AND NOW**, this 25th  day of February, 2020, it is **ORDERED** that:

1.   The Withdrawal of the Lien Dispute is **GRANTED**; and

2.   The Claims Administrator is **ORDERED** to distribute the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

                     BY THE COURT:


                     /s/ David R. Strawbridge, USMJ
                     DAVID R. STRAWBRIDGE
                     UNITED STATES MAGISTRATE JUDGE

---

[2]  Counsel ultimately agreed to reimbursement of costs in a lower amount than initially asserted. Accordingly, there is a portion of withheld funds that will be refunded directly to Mr. Scroggins.