**UNITED STATES DIRECT COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE RETIRED PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>THIS DOCUMENT RELATES TO:<br><br>BAGGS et al. v. NATIONAL FOOTBALL LEAGUE, et al.,<br>Civil Action No. 2:13-cv-05309-AB<br><br>THIS MATTER RELATES TO:<br><br>SPID# 260006736 | **Hon. Anita B. Brody** |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HIS MOTION FOR AN INDICATIVE RULING PURSUAUNT TO FEDERAL RULE OF CIVIL PROCEDURE 61.2.**

Plaintiff A.G. replies in further support of his Motion for an Indicative Ruling from this Court to Correct a Mistake in the Application of the Settlement Agreement to Plaintiff A.G.'s claim pursuant to Rule 60 of the Federal Rules of Civil Procedure. The Motion applies to this Court's Order of July 2, 2019 approving the Special Master's denial of Plaintiff's claim under the NFL Concussion Settlement (the "Settlement") [DKt.10712].

The NFL backhandedly mischaracterizes what is before this Court and what formed the basis of the appeal.

This Court's July 2, 2019 Order denying the objection to the Special Master's finding is not "correct", as the NFL now claims without any basis. The Order of July 2, 2019, accepted the

Special Master's findings which were not based on clear and convincing evidence in opposition to Mr. G.s' medical evidence. In fact, there was not clear nor convincing evidence presented to the Special Master by the NFL, who objected to and appealed from the Claims Administrator's third approval of Mr. G.'s claim.

The Settlement Agreement approved by this Court calls for the Claims Administrator to review the claim presented. Here the Claims Administrator did just that. He reviewed the claim, he audited the claim under the 10% audit rule, and then the AAP reviewed the claim a third time. The AAP spoke with the board certified neurologist, Dr. Lobatz, who described the brain bleed from the concussions suffered by Mr. G. And, Dr. Lobatz described the severe cognitive decline he witnessed as the treating neurologist for this young man over the course of several years.

The matter required the Special Master to determine whether the appellant, the NFL, had established that the medical support for the Claimant's Qualifying Diagnosis of 1.5 is not "generally consistent" with the diagnostic criteria for Level 1.5 Neurocognitive Impairment in the Settlement Agreement.

According to this Special Master in another Order dated October 24, 2018[1]

> [t]he Special Master must decide an appeal of a Monetary Award based on a showing by appellant of clear and convincing evidence that the determination of the Claims Administrator was incorrect. (Order Appointing Special Masters, 5.) 'Clear and convincing evidence' is a recognized intermediate standard of proof – more demanding than preponderance of the evidence, but less demanding than proof beyond a reasonable doubt. In re Fosamax Alendronate Sodium Prods. Liab. Litig., 852 F.3d 285-286 (3d Cir. 2017)('Black's Law Dictionary defines clear and convincing evidence as 'evidence indicating that the thing to be proved is highly probable or reasonable certain.'")

The Special Master here initially reviewed the materials, and despite the Appeals Advisory Panel ("AAP)'s approval of the data as being sufficient to make the positive finding that Mr. G,'s claim met the generally accepted criteria, the Special Master entered a one sentence

---

[1] See Order of the Special Master dated October 24, 2018, entered in another claim, attached as Exhibit "A."

determination granting the appeal[2]. The Special Master described that the Appeals Advisory Panel approved the Qualifying Diagnosis in spite of an AAP Consultant's recommendation to deny the claim[3]. However, based on the advice of the AAP, Special Master overturned the Monetary Award and granted the appeal, without any explanation as to the flip based on exactly the same advice and same evidence.

Claimant appealed and asked for a reason for the reversal after so many approvals of his claim. This Court ordered the Special Master to explain the reasoning behind the sudden and stark change in the face of no clear nor convincing evidence proffered by the NFL[4]. The Special Master then stated he reviewed the evidence with a member of the AAP, without more. The Court approved this finding. However, there was never any showing of clear nor convincing evidence put forth by the NFL. The NFL asked the Special Master to totally disregard and ignore the diagnosis of a world renowned neurologist who is an expert in brain trauma and cognitive decline; and, to ignore the decline highlighted by the neuropsychologist, who explained a severe decline from a premorbid IQ of 122.

The Special Master did not find one way or the other how the medical evidence submitted by the Claimant did or did not meet the criteria whether there were more or less commonalities in the findings that the differences from the diagnostic criteria for such a Qualifying Diagnosis.

This Court cannot be expected to summarily stamp "approved" upon a determination by the Special Master in favor of the NFL, without an explanation of how the Special Master could possibly have reached his conclusion relying on the same AAP's findings that once approved the Award and then, caused the denial of the Monetary Award. Here, as has been discussed at length

---

[2] Redacted Notice of October 11, 2018, Exhibit B
[3] Redacted Special Master's Order of September 24, 2018, uploaded on October 10, 2018, Exhibit C.
[4] Order of this Court dated July 19, 2018, attached as Exhibit D.

in the Rule 60 and Rule 61.2 motions, the medical evidence submitted by the Claimant is generally consistent with the criteria required for a Qualifying Diagnosis. The Special Master's inexplicable findings should have been overruled by this Court.

The NFL simply waves its hand whisking away the years of medical evidence and moneys spent by Claimant and his wife in building their case. This is not a "free ride" to be easily disregarded as NFL wants this Court to believe.

WHEREFORE, Claimant A.G. respectfully requests that this Court provide Mr. G. an opportunity to demonstrate why the Special Master's Order was not legally sufficient and why this Court should enter an indicative ruling that it would correct what transpired below.

Dated: February 26, 2020

Respectfully submitted,

By: /s/ Wendy R. Fleishman
Wendy R. Fleishman

Lieff Cabraser Heimann & Bernstein, LLP
Wendy R. Fleishman
Rachel Geman
250 Hudson Street, 8th Floor
New York, New York 10013
Telephone: (212) 355-9000
Facsimile: (212) 355-9592
wfleishman@lchb.com
rgeman@lchb.com

Lieff Cabraser Heimann & Bernstein, LLP
Kenneth S. Byrd
Andrew R. Kaufman
150 Fourth Avenue, North, Suite 1650
Nashville, TN 37219
Telephone: (615) 313-9000
Facsimile: (615) 313-9965
kbyrd@lchb.com
akaufman@lchb.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2020, I filed the foregoing through the Court's CM/ECF system, which will provide electronic notice to all counsel of record and constitutes service on all counsel of record.

*/s/ Wendy R. Fleishman*
Wendy R. Fleishman

1932386.2