# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION : | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO: APPEAL OF NFL PARTIES REGARDING GRANT OF MONETARY AWARD TO ▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆ : | Hon. Anita B. Brody |

## INTRODUCTION

This matter requires the Special Master to determine whether the appellant has established by clear and convincing evidence that the medical support for Claimant's Qualifying Diagnosis is not "generally consistent" with the diagnostic criteria for Level 2.0 Neurocognitive Impairment in the Settlement Agreement.

For the reasons stated below, the Special Master grants the appeal of the NFL Parties.

## FACTUAL AND PROCEDURAL BACKGROUND

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ("Claimant") is a Retired NFL Player and Class Member under the Amended Class Action Settlement Agreement ("the Settlement Agreement"). He received a Qualifying Diagnosis of Level 2.0 Neurocognitive Impairment after the Effective Date by an MAF-approved neurologist, ▆▆▆▆▆▆▆▆▆▆ after receiving neuropsychological testing from ▆▆▆▆▆▆▆▆▆▆ (Doc. 171109, at 1.) On March 22, 2018, Claimant received a Notice of Monetary Award Determination from the Settlement Claims Administrator. (Doc. 163129.)

The NFL Parties timely appealed the Claims Administrator's determination. (Doc. 168735.) The Special Master requested review of the medical evidence by the Appeals Advisory Panel ("AAP").

## STANDARD OF REVIEW

The Special Masters must decide an appeal of a Monetary Award based on a showing by the appellant of clear and convincing evidence that the determination of the Claims Administrator was incorrect. (Order Appointing Special Masters, 5.) "Clear and convincing

evidence" is a recognized intermediate standard of proof—more demanding than preponderance of the evidence, but less demanding than proof beyond a reasonable doubt. In re Fosamax Alendronate Sodium Prods. Liab. Litig., 852 F.3d 268, 285-86 (3d Cir. 2017) ("Black's Law Dictionary defines clear and convincing evidence as 'evidence indicating that the thing to be proved is highly probable or reasonably certain.'").

## DISCUSSION

The NFL Parties have established by clear and convincing evidence that the grant of a Monetary Award to Claimant was incorrect. For living Retired NFL Football Players who received a Qualifying Diagnosis outside of the Baseline Assessment Program ("BAP"), the diagnosis must be accompanied by "evaluation and evidence generally consistent with the diagnostic criteria set forth in" the relevant section of Exhibit A-1 of the Settlement Agreement. (Settlement Agreement Ex. A-1, hereinafter "Injury Definitions.") The parties to the Settlement Agreement have defined "generally consistent" to mean that the evidence has more elements or characteristics in common" with the diagnostic criteria than "elements or characteristics that differ" from the criteria. (*See* Settlement Portal, *Frequently Asked Questions*, at FAQ #95.)

Claimant was diagnosed outside of the BAP. Thus, the NFL Parties' appeal can only be granted if there is clear and convincing evidence that the medical support for Claimant's diagnosis of Level 2.0 Neurocognitive Impairment does not have more commonalities with than differences from the diagnostic criteria for such a Qualifying Diagnosis.

There are four diagnostic criteria for a Qualifying Diagnosis of Level 2.0 Neurocognitive Impairment:

(i) Concern of the Retired NFL Football Player, a knowledgeable informant, or the Qualified BAP Provider that there has been a severe decline in cognitive function.

(ii) Evidence of a severe cognitive decline from a previous level of performance, as determined by and in accordance with…standardized neuropsychological testing protocol annexed…to the Settlement Agreement, in two or more cognitive domains (complex attention, executive function, learning and memory, language, perceptual- spatial), provided one of the cognitive domains is (a) executive function, (b) learning and memory, or (c) complex attention.

(iii) [F]unctional impairment generally consistent with the criteria set forth in the National Alzheimer's Coordinating Center's Clinical Dementia Rating (CDR) scale Category 2.0 (Moderate) in the areas of Community Affairs, Home & Hobbies, and Personal Care.

(iv) The cognitive deficits do not occur exclusively in the context of a delirium, acute substance abuse, or as a result of medication side effects.

(Injury Definitions.)

The AAP found that Claimant's medical support for criteria (ii), (iii), and (iv) did not have more commonalities than differences with those criteria. For criterion (ii), the AAP found that there was evidence of a severe cognitive decline in only one domain (learning and memory). (Doc. 178295.) In coming to this conclusion, the AAP noted that the Claimant continues to drive and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*Id.*)

An AAP Consultant found no documentation supporting criterion (iii) – requiring functional impairment according to CDR Category 2.0 – and stated that the Claimant "is functioning at a level much higher than would be expected" for someone with moderate dementia as indicated by Level 2.0 Neurocognitive Impairment. (Doc. 177807.) The AAP also cited a sworn affidavit from the Claimant's friend, who wrote that Claimant has not declined in his personal care. (Doc. 178295.)

The Special Master agrees with the AAP's finding that the medical support for Claimant's Qualifying Diagnosis does not share more commonalities with than differences from the diagnostic criteria for Level 2.0 Neurocognitive Impairment. The Special Master thus holds that the NFL Parties have met their burden of proving that, by clear and convincing evidence, the support for Claimant's Qualifying Diagnosis is not generally consistent with the diagnostic criteria.

## CONCLUSION

For the reasons stated above, the Special Master grants the appeal of the NFL Parties.

Date: October 24, 2018

_Wendell Pritchett_
Wendell E. Pritchett, Special Master