# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO: OBJECTION OF ▇▇▇ REGARDING DENIAL OF MONETARY AWARD | |

## INTRODUCTION

This matter requires the Special Master to determine whether, upon conclusion of an audit and the issuance of a new Monetary Award determination, a party has an additional 30 days to appeal under the Settlement Agreement. Here, the Special Master must also decide whether there is clear and convincing evidence that the grant of a Monetary Award to the claimant was incorrect.

For the reasons stated below, the Special Master grants the appeal of the NFL Parties.

## FACTUAL AND PROCEDURAL HISTORY

▇▇▇ ("Claimant") is a Retired NFL Player and Class Member under the Amended Class Action Settlement Agreement ("the Settlement Agreement"). He received a Qualifying Diagnosis of Level 1.5 Neurocognitive Impairment by a Board Certified Neurologist, Dr. Michael Lobatz, on June 3, 2015, prior to the Effective Date of the Settlement Agreement. (Doc. 153235, Ex. 1, at 40.)[1]

Pursuant to §6.4 of the Settlement Agreement, Claimant's Qualifying Diagnosis was reviewed by the Appeals Advisory Panel ("AAP"). (*Id.*, at 1.) The Appeals Advisory Panel approved the Qualifying Diagnosis in spite of an AAP Consultant's recommendation to deny the claim. (*Id.*, at 2; Doc. 111820, at 2.) According to Claimant's brief, he received a Notice of Monetary Award on July 20, 2017; 32 days later, Claimant's award was the subject of a random

---

[1] The Effective Date of the Settlement Agreement is defined in §2.1(jj) as the day following the deadline for appeals of the Court's approval of the Settlement Agreement, which was January 7, 2017. *See NFL Concussion Settlement Website*, "Basic Information", FAQ #11.

audit by the Claims Administrator, pursuant to §10.3(c) of the Settlement Agreement. (Doc. 116229.)

Claimant's award was formally approved following completion of the audit, and he received a new Notice of Monetary Award on December 4, 2017. (Doc. 145915.) On January 3, 2018, thirty days from Claimant's receipt of this Notice, the NFL Parties appealed. (Doc. 150806.) The Special Master requested that Claimant's case be reviewed by the AAP; at this point, the AAP determined that Mr. Gordon's claim should be denied. (Doc. 172127, at 1-2.) On May 31, 2018, the Special Master granted the NFL Parties' appeal and denied the claim. (Doc. 173671.)

On June 21, 2018, Claimant filed an Objection to the Special Master's ruling. (Doc 179984.) The court remanded the matter to the Special Master for further explanation of the determination. (Doc. 180031.)

## STANDARD OF REVIEW

The Special Masters must decide an appeal of a Monetary Award based on a showing by the appellant of clear and convincing evidence that the determination of the Claims Administrator was incorrect. (Order Appointing Special Masters, 5.) "Clear and convincing evidence" is a recognized intermediate standard of proof—more demanding than preponderance of the evidence, but less demanding than proof beyond a reasonable doubt. In re Fosamax Alendronate Sodium Prods. Liab. Litig., 852 F.3d 268, 285-86 (3d Cir. 2017) ("Black's Law Dictionary defines clear and convincing evidence as 'evidence indicating that the thing to be proved is highly probable or reasonably certain.'").

## DISCUSSION

### A. Whether the NFL Parties Timely Appealed

Claimant argues that the NFL Parties waived their right to an appeal by failing to submit their Appeals Form within thirty days of the initial Notice of Monetary Award Claim Determination, as required by §9.7(a) of the Settlement Agreement. (Doc. 153235, at 2.) As this is a threshold issue that would preclude the Special Master's review of the Claim Determination, this issue must be determined before evaluating the merits of the appeal.

Section 9.7 of the Settlement Agreement requires the submission of an Appeals Form "no later than thirty (30) days after receipt of *a* Notice of Monetary Award Determination" (emphasis added). There is no requirement in the Settlement Agreement that the Appeals Form must be submitted within thirty days of *the first* Notice of Monetary Award Determination. Nor is there any restriction on appeals following a Notice of Monetary Award Determination resulting from the completion of an audit.

Claimant states that he received an initial Notice of Monetary Award Determination on July 20, 2017. (Doc. 153235, at 1.) His claim was then selected as part of the monthly 10% audit of eligible claims as dictated by §10.3 of the Settlement Agreement. Following conclusion of the

audit, Claimant received another Notice of Monetary Award Determination on December 4, 2017. By the express terms of the Settlement Agreement, nothing precludes an appeal from either party within thirty days of such a Notice.

Claimant's Notice of Monetary Award Determination from December 4 explicitly includes a "Deadline to Appeal" of January 3, 2018. (Doc. 145915, at 1.) The NFL Parties filed their Appeals Form on January 3; accordingly, the NFL Parties' appeal was timely by the terms of §9.7 of the Settlement Agreement. (Doc. 150806.)

### B. Whether There is Clear and Convincing Evidence That Claimant Should Have Been Denied a Monetary Award

Based on the advice of the Appeals Advisory Panel, the Special Master concluded that there is clear and convincing evidence that Claimant's diagnosis was not generally consistent with the Qualifying Diagnosis of Level 1.5 Neurocognitive Impairment as defined in the Settlement Agreement. For living Retired NFL Football Players diagnosed prior to the Effective Date, a diagnosis of Level 1.5 Neurocognitive Impairment must be accompanied by "evaluation and evidence generally consistent with the diagnostic criteria set forth in" the relevant section of Exhibit A-1 of the Settlement Agreement. (Settlement Agreement Ex. A-1, hereinafter "Injury Definitions.") Claimant's records do not provide evidence generally consistent with the diagnostic criteria set forth in the Settlement Agreement for Level 1.5 Neurocognitive Impairment.

A Retired NFL Player seeking a Qualifying Diagnosis of Level 1.5 Neurocognitive Impairment must exhibit (1) concern that there has been a severe decline in cognitive function, (2) evidence of a moderate to severe cognitive decline from a previous level of performance, and (3) functional impairment. (*Id.*) Claimant has fulfilled the first requirement by virtue of his own report. However, based on the advice of the AAP, the Special Master concludes that there is clear and convincing evidence that Claimant's records are not generally consistent with requirements (2) and (3).

As noted by the AAP Consultant, Claimant's cognitive assessment does not establish moderate to severe cognitive decline. Claimant's records do not include evidence supporting a 1.0 (Mild) score in the Home & Hobbies category, which requires "definite impairment of function at home; more difficult chores abandoned; [and/or] more complicated hobbies and interests abandoned."

### CONCLUSION

For the foregoing reasons, Special Master grants the appeal of the NFL Parties and denies the grant of a Monetary Award.

Date: September 24, 2018

Wendell E. Pritchett, Special Master