UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| | : | **Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : | |

**ORDER**

AND NOW, this 5 day of March, 2020, under Federal Rule of Civil Procedure 53(a)(1), it is ordered the Professor David Hoffman is appointed as an additional Special Master in *In re National Football League Players' Concussion Injury Litigation,* Case No. 12-md-2323, to implement and administer the Class Action Settlement Agreement (the "Agreement") entered into between the NFL and the NFL Properties LLC (the "NFL Parties") and the Class Representatives and Subclass Representatives, individually and on behalf of the Settlement Class and Subclasses, by and through Class Counsel ("Class Counsel") (jointly, "the Parties").

I. **BACKGROUND**
   a. The Parties have agreed to the appointment of an additional Special Master to oversee the implementation and administration of the Agreement. The Court gave the Parties notice and an opportunity to be heard on the Court's proposal to name

      Professor David Hoffman as a Special Master pursuant to Fed. R. Civ. P. 53(a)(1)(A) and (C). The Parties have consented to the Court's proposal.

b. The Court is satisfied that Professor Hoffman has the requisite experience and qualifications to fulfill the tasks contemplated by the Court under Fed. R. Civ. P. 53.

c. Pursuant to Fed R. Civ. P. 53(b)(3)(A), Professor Hoffman has filed an affidavit stating that no grounds exist for disqualification. The affidavit is attached to this Order.

d. Pursuant to Fed. R. Civ. P. 53(a)(3), the Court has considered the fairness of imposing the expenses associated with the Special Masters on the Parties and has taken steps to ensure that there will not be unreasonable expense in appointing an additional Special Master.

e. Pursuant to Fed. R. Civ. P. 53(g), Professor Hoffman's compensation will be set at the rate of the existing Special Masters (Jo-Ann Verrier and Wendell Pritchett), including an hourly rate and reasonable out-of-pocket costs and expenses incurred as a result of the performance of his responsibilities. His compensation and expenses will be paid out of the uncapped Monetary Award Fund.[1] The Court reserves the right to alter the basis and terms of the Masters' compensation after giving the Parties notice and an opportunity to be heard. The total compensation (excluding costs and expenses) for Special Masters Verrier, Pritchett, and Hoffman will not exceed one million dollars ($1,000,000) over a five-year term, unless otherwise ordered by the Court upon a showing of good cause.

---

[1] The Masters' compensation does not affect the amount of funds available to Settlement Class members because the Settlement Fund is uncapped.

II. **GENERAL DUTIES AND RESPONSIBILITIES**

    a. Professor Hoffman is appointed to perform the same duties, and have the same responsibilities, as Special Masters Verrier and Pritchett have been assigned by Order of this Court on July 13, 2016 (ECF #6871), as well the Order of this Court issued on April 26, 2018 (ECF #9913).

*[signature]*

**Anita B. Brody**
**United States District Court Judge**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : | No. 2:12-md-02323-AB <br><br> MDL No. 2323 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : : | **Hon. Anita B. Brody** |

## SPECIAL MASTER AFFIDAVIT

David Hoffman, being duly sworn, deposes and states as follows:

1. I understand that the Honorable Anita B. Brody (U.S.D.C., E.D. PA) intends to appoint me as a special master in the case of *In Re: National Football League Players Concussion Injury Litigation*, No. 2:12-md-2323-AB.

2. I am submitting this Affidavit in accordance with Federal Rule of Civil Procedure 53(b)(3)(A).

3. I have familiarized myself with the issues and the Parties involved in the case.

4. I hereby confirm that I do not have a relationship to any of the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. Section 455.

*/s/ David Hoffman*

David Hoffman

Sworn to and subscribed before me
this 4th day of March, 2020.

*/s/ Nicole C. Federico*

Notary Public

Commonwealth of Pennsylvania - Notary Seal
NICOLE C. FEDERICO, Notary Public
Philadelphia County
My Commission Expires July 3, 2022
Commission Number 1281422

IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS'
CONCUSSION INJURY LITIGATION

No. 2-12-md-02323-AB
MDL No. 2323

**Conflicts of Interest Procedures for the Special Masters**

1. *The Purpose of this Procedure.* This Procedure implements the Special Masters' obligation regarding conflicts of interest set for in Sections 10.1(e) of the Amended Class Action Settlement Agreement ("Settlement Agreement").

2. *Application.* This procedure applies to David Hoffman, who joins Wendell Pritchett, Jo-Ann Verrier and support staff, if any, assisting them (individually and collectively, the "Special Masters") who must assist in promptly detecting and resolving possible conflicts of interest between the Special Masters, on the one hand, and any Interested Party, on the other hand.

3. *Defined Terms.* All references and any capitalized terms used but not expressly defined in this Procedure have the meanings given to them in the Settlement Agreement. In addition, these capitalized terms have the following meanings:
    a. "Acquaintance" means any person who is not a Family Member or a Household Member of a Special Master and who is known to a Special Master socially, professionally, or through any means other than the Special Masters' work on the Program, including a friend; a neighbor; a relative who is not a Family Member; a boyfriend, girlfriend, or partner who is not a Household Member; or a church or club member. A person known to a Special Master because of the work by a Special Master on the Program (and not otherwise) is not considered an Acquaintance of a Special Master.
    b. "Claim" means a submission of a Claim Package for a Monetary Award, a Supplemental Monetary Award, or a Derivative Claimant Award (however incomplete), a request to schedule a baseline assessment examination, or a request for BAP Supplemental Benefits.
    c. A "Claimant" is any person with a Claim, including a Retired NFL Football Player, a Representative Claimant of a Retired NFL Football Player, and a Derivative Claimant; any Settlement Class Member registering in the Program; and any person asserting a Lien against a Claim.
    d. "Claimant's Counsel" means any lawyer or law firm that represents one or more Claimants.
    e. "Current" or "Currently" means at the present time. As a result, this generally means the time that is contemporaneous with the events or circumstances to which this Procedure is being applied. Whenever this Procedure uses the present tense of a verb, the sentence shall be construed as containing the word "Currently" even if such word does not appear in the sentence.
    f. The "Effective Date" of the Amended Settlement Agreement is January 7, 2017, the date on which all timely filed appeals to the Final Order and Judgment were resolved in favor of the Settlement.

g. An "Entity" is any business, organization, company, corporation, partnership, sole proprietorship, trust, governmental unit, agency or department, or any other form of entity that has an identity separate from its members.
h. A "Family Member" of a Special Master means any person, living or deceased, who has or had a family relationship with a Special Master, as follows:
    i. A "First Degree Family Member" includes a Special Master's: (a) Current spouse or domestic partner (even if separated or estranged); (b) natural and adopted children and stepchildren; (c) former spouse or domestic partner if (1) a Special Master has any Current financial obligation to that person, or (2) a Special Master has had any contact with the former spouse or partner within the previous 365 days; (c) Current fiancé or fiancée; (d) any person who has a child in common with a Special Master, regardless of whether a Special Master and that person have been married or have resided together at that time if (1) a Special Master has any Current financial obligation to such person or child or (2) a Special Master has had any contact with such person within the previous 365 days.
    ii. A "Second Degree Family Member" includes a Special Master's (a) parents; (b) stepparents; (c) brothers, half-brothers and stepbrothers; (d) sisters, half-sisters and stepsisters; and (e) Current (or Current at the time of death of any of the following) mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law and sisters-in-law. Persons who were in-laws in the Past but after a final divorce are not Current in-laws shall not be considered to be Family Members.
    iii. A "Third Degree Family Member" includes a Special Master's (a) grandparents and step-grandparents; (b) great-grandparents; (c) grandchildren and step-grandchildren; (d) great-grandchildren; (e) aunts and uncles, by blood or by marriage; and (f) nieces and nephews, by blood or by marriage.
i. A "Financial Interest" is: (1) any form of legal or equitable interest or type of ownership in any Entity that is an Interested Party to the Program, including stock, partnership share, profits share, or other form of equity interest; (2) any employment, contract or other engagement with an individual or Entity that is an Interested Party to the Program; and (3) any type of monetary payment or hope or expectation of payment of money or receipt of anything of value related in any way to the Program, including cash, bribes, kickbacks, referral fees, fees for services, income, rewards of property or in kind services, bonuses, gratuities, gift certificates, discounts, tickets to events, liquor, food, vacations, entertainment, services, the use of property or facilities, potential employment or business or financial dealings, or any other form of remuneration, financial gain or benefit or other favors or items of value. The following shall not be considered to be a Financial Interest: (1) ownership of a minority portion of stock or bonds in a publicly held company or in a mutual or common investment fund that holds securities; and (2) a Claim in the Program (which is not considered a Financial Interest because it is covered separately in this Procedure).

    j. A "Gift" is anything of value, including transportation, lodging, goods, services, discounts, meals, or entertainment, whether provided in cash, in-kind, by purchase of a ticket, payment in advance, or reimbursement after an expense has been incurred.
    k. A "Household Member" of a Special Master is any person, including a Family Member, who resides with a Special Master Currently or resided with a Special Master at any time during the previous 12 months.
    l. "Immediate" or "Immediately" means within two days after the awareness of the event or fact giving rise to the need for disclosure or reporting under this Procedure.
    m. An "Interested Party" means NFL Parties, Counsel for the NFL Parties, Co-Lead Class Counsel, the Claims Administrator, the BAP Administrator, the Lien Resolution Administrator, any Claimant, any Claimant's Counsel in the Program, Qualified BAP Providers, Qualified BAP Pharmacy Vendors, Qualified MAF Physicians, Appeals Advisory Panel members, Appeals Advisory Panel Consultants, and the Trustee.
    n. A "Lien" is any mortgage, lien, pledge, charge, security interest, or legal encumbrance, of any nature whatsoever, held by any person or entity, where there is a legal obligation to withhold payment of a Monetary Award, Supplemental Monetary Award, Derivative Claimant Award, or some portion thereof, to a Settlement Class Member under applicable federal or state law. This does not include any lien of a Government Payor or Medicare Part C or Part D Program sponsor.
    o. "Past" means any time before the Current time.
    p. "Procedure" means this Conflicts of Interest Procedure.
    q. "Program" means the NFL Concussion Settlement Program.
    r. "Related Entity" is an Entity in which a person: (1) owns any legal or equitable interest (other than a minority portion of stock or bonds in a publicly-held company or ownership in a mutual or common investment fund that holds securities); or (2) is a member, director, officer, trustee, or other active participant in the affairs of the Entity. Ownership by a child or step-child of a Special Master who is under 18 years of age shall be imputed to a Special Master.
    s. "Special Master" or "Special Masters" means Wendell Pritchett and Jo-Ann Verrier, individually and collectively.

4. ***General Principles of Conduct.*** This Procedure reiterates the Special Masters' commitment to perform their duties ethically, honorably, and with the utmost integrity.

5. ***Method of Disclosures by Special Masters.*** Each Special Master shall disclose Immediately and in full to the Court and to Co-Lead Class Counsel and Counsel for the NFL Parties any actual or perceived circumstance that appears to be prohibited as Conflicts of Interest as defined in this Procedure.

6. ***Identification of Family Members, Household Members and Financial Interests.*** Within 90 days of the Effective Date and then no less than annually going forward, each Special Master shall be required to disclose to the Court, and to Co-Lead Class Counsel and Counsel for the NFL Parties, identifying information on the Special Masters' First Degree Family Members, Related Entities, and Household Members. If requested by the Court, Co-Lead Class Counsel or Counsel

for the NFL Parties, at any time, the Special Masters shall disclose: (a) other business relationships; (b) Entities in which a Special Master is involved, including as an officer, director or member; (c) identifying information on other Family Members; and (d) Financial Interests, and thereafter shall update the disclosed information no less than annually.

7. *Implementation of this Procedure.* The Special Masters will review the List of Interested Parties prepared by the Claims, Lien and BAP Administrators, which will include names, business affiliations, and business addresses of the Interested Parties, on a quarterly basis to determine any potential conflicts. The Special Masters will report any potential conflicts Immediately to the Court and to Co-Lead Counsel and Counsel for the NFL Parties upon such review.

8. *Consequences of a Failure to Comply with this Procedure.* A Special Master may be removed at the discretion of the Court for violating this procedure.

9. *Conflicts of Interest.* Special Masters are expected to avoid any actual or perceived conflicts of interest. A conflict of interest arises when a Special Master knows that he or she might be personally or financially affected by a matter in such a way that a reasonable person with knowledge of all relevant facts would question that Special Master's ability to properly perform his or her duties in an impartial and professional manner. With regard to the Current list of Interested Parties:
    a. *Employment Relationships.*
        i. The Special Masters shall not have had employment or served as contractor with any Current Interested Party in the Program. No First Degree Family Member or any Household Member shall be a Current employee or contractor of any Interested Party in the Program. The Special Masters will Immediately report any changes in these relationships to the Court and to Co-Lead Class Counsel and Counsel for the NFL Parties.
        ii. The Special Masters may not have served as a lawyer or advisor to any Interested Party in the Program.
    b. *Claims Filings:*
        i. The Special Masters shall not be Claimants in the Program, nor may they have First Degree Family Members or Household Members who are Claimants in the Program.
        ii. A Special Master shall disclose Immediately to the Court and to Co-Lead Class Counsel and Counsel for the NFL Parties upon discovering that any of the following persons might be Claimants in the Program to avoid any conflict of interest or the appearance of a conflict of interest:
            1. A Second Degree Family Member, or a Third Degree Family Member with whom a Special Master has had any contact within the previous 365 days, who is not a Household Member; or
            2. An Acquaintance.

10. *No Advice on Claims*: A Special Master shall not encourage, discourage, advise, counsel, or otherwise discuss the possible or actual submission of a Claim by any Family Member,

Household Member, or Acquaintance of a Special Master in the Program. Instead, the Special Masters shall refer such persons to the information generally available about the Program and inform the person to seek advice elsewhere.

11. *Financial Interests.* A Special Master shall not have any Financial Interests that present an actual or potential conflict of interest.
    a. Special Masters and the Family Members and Household Members of Special Masters (and any Related Entities of the foregoing) shall not have any Financial Interest of any kind with Interested Parties and shall not request or solicit any Financial Interest from any Interested Party in the Program.
    b. Special Masters shall disclose Immediately to the Court and to Co-Lead Counsel and Counsel for the NFL Parties upon discovering that an Acquaintance has a Financial Interest.
    c. Special Masters and the Family Members and Household Members of a Special Master (and any Related Entities of the foregoing) shall not accept any Gifts from or given on behalf of an Interested Party in the Program, or from or given on behalf of any vendor or other person or Entity involved in the Program.
        i. Meals or non-alcoholic refreshments provided as incident to a working meeting are permitted.
    d. Special Masters and the Family Members and Household Members of a Special Master (and any Related Entities of the foregoing) shall not give any Gifts, either directly or through others, to an Interested Party in the Program or to any vendor or other person or Entity involved in the Program.
    e. A Special Master shall disclose any offer of a Gift to the Court Immediately. In addition, a Special Master shall disclose a receipt of a prohibited Gift to the Court and will arrange to have the Gift be returned Immediately.

12. *Exceptions to this Procedure.* No exceptions are permitted to the Procedure except by explicit approval by the Court, with disclosure to Co-Lead Class Counsel and Counsel for the NFL Parties. Such approval may be granted, for example, where the Court determines that matters that otherwise would raise impartiality concerns are insubstantial such as it would not cause a reasonable person to question the Special Masters' ability to act impartially.

13. *Modification of this Procedure.* The Special Masters, with input of the Co-Lead Class Counsel, Counsel for the NFL Parties, the Claims Administrator, Lien Resolution Administrator, and the BAP Administrator, subject to the approval of the Court, may modify this procedure in the future, if appropriate.

X _____/s/ David A. Hoffman_____ 2/25/20
David Hoffman
Professor of Law