**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><div align="right">Plaintiffs,</div><div align="center">v.</div>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<div align="right">Defendants.</div> | |
| THIS DOCUMENT RELATES TO:<br><br>Pope McGlamry, P.C. v. Robert J. Williams<br>Attorney Lien Dispute<br>(Doc. No. 7065) | |

**REPORT AND RECOMMENDATION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                         March   10  , 2020

      Before the Court for Report and Recommendation is a Notice of Attorney's Lien ("Lien") and a Petition to Establish Attorney's Lien (Doc. No. 7065) seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Robert J. Williams, which was filed on January 8, 2017 by Pope McGlamry, P.C. ("Pope").  Mr. Williams is currently represented by Mokaram Law Firm ("Mokaram").  On February 1, 2018, the Claims Administrator issued a Notice of Lien to Mokaram.  On December 17, 2019, the Claims Administrator issued a Notice of Monetary Award Claim Determination.

      The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge.  (Doc. No. 7746).  Rules Governing Attorneys' Liens ("Rules") were adopted on March 6,

2018 and amended on October 3, 2018.  (Doc. Nos. 9760 and 10283).  In accordance with these rules, the Claims Administrator has referred the Lien Dispute and the Withdrawal to this Court for Report and Recommendation.

Pursuant to Rule 24, Pope and Williams submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") dated February 14, 2020 and March 4, 2020.  The Withdrawal clearly indicates the portion of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future.  The agreement was negotiated by law firms that were informed and concerned about their own interest.  Upon review of the Withdrawal and the contingency fee agreements, and in consideration of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to each firm is reasonable, does not exceed the percentage for which the parties contracted, and that the collective fees are within the percentage allowed under the 22% Presumptive Fee Cap.  Accordingly, we conclude that the Withdrawal should be granted and that the Claims Administrator should be ordered to distribute the attorneys' fees to the parties as set forth in the Withdrawal.[1]  We also have reviewed the itemized costs submitted by each firm and the provision of their fee agreements Mr. Williams entered into with them that provided for reimbursement of costs expended by counsel.   We conclude that Mokaram is entitled to the costs reflected in the Withdrawal.  As to the costs sought by Pope, we conclude that only $24.43 is recoverable and that Pope should not be awarded $362.81 for unspecified "NFL Administrative Fees" that it applied to

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court.  The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

Mr. Williams' cost ledger on February 28, 2020, long after its representation concluded. (Doc. 12 at 5.) We recommend that the portion of the award currently withheld by the Claims Administrator for this cost be refunded to Mr. Williams.

## RECOMMENDATION

**AND NOW**, this 10th day of March, 2020, it is respectfully **RECOMMENDED** that the withdrawal of lien dispute be **GRANTED** and the Claims Administrator be ordered to distribute the attorneys' fees and costs as is set forth in the Withdrawal submitted by the Parties and in accordance with the provisions of the Settlement Agreement and all Court Orders regarding implementation, EXCEPT THAT Pope's recovery of its costs should be reduced by $362.91, which amount should be refunded to Mr. Williams.

The Parties may file objections to this Report and Recommendation. *See* Rule 25(d).

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                      Plaintiffs,<br>       v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                                      Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Pope McGlamry, P.C. v. Robert J. Williams<br>Attorney Lien Dispute<br>(Doc. No. 7065) | |

**ORDER**

**AND NOW**, this _____ day of _____, 2020, upon consideration of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge (ECF No. _____), and no objection having been docketed, it is **ORDERED** that:

1. The Report and Recommendation is **ADOPTED**;

2. The Withdrawal of the Lien Dispute is **GRANTED**; and

3. The Claims Administrator is **ORDERED** to disburse the withheld funds for attorneys' fees and costs in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

_____
ANITA B. BRODY, J.

2