# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                    Plaintiffs,<br>    v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                                   Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Goldberg, Persky & White, P.C. v. Kenneth Davidson<br>Attorney Lien Dispute<br>(Doc. No. 7563) | |

## EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                  April 30, 2020

      Before the Court is a Notice of Attorney's Lien ("Lien") and a Petition to Establish Attorney's Lien (Doc. No. 7563) seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member Kenneth Davidson, who was issued a Notice of Monetary Award Claim Determination on January 31, 2020. The lien was filed on April 27, 2017 by Goldberg, Persky & White, P.C. ("Goldberg"). Mr. Davidson is currently represented by Shenaq PC ("Shenaq"). On June 6, 2018, the Claims Administrator issued to Shenaq a Notice of this lien.

      The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283). Pursuant to Rule 12,

Goldberg and Shenaq (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this dispute.  The Parties have consented to jurisdiction by a Magistrate Judge.  (Doc. No. 11045).  Accordingly, this Opinion will serve as the final decision of the Court concerning this attorney lien dispute.

The Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") pursuant to Rule 24 on March 30, 2020.  The Withdrawal agreement clearly indicates the portion of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future.  The agreement was negotiated by law firms that were informed and concerned about their own interest.  Upon review of the Withdrawal and the contingency fee agreements, and in consideration of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to each firm is reasonable, does not exceed the percentage for which the parties contracted, and that the collective fees are within the percentage allowed under the 22% Presumptive Fee Cap.  Accordingly, we conclude that the Withdrawal should be granted and that the Claims Administrator should be ordered to distribute the attorneys' fees to the parties as set forth in the Withdrawal.[1]  We also have reviewed the lists of itemized costs submitted by each firm and the provisions of Mr. Davidson's agreements with the firms that provide for reimbursement of certain costs.  We conclude that each firm is entitled to the costs asserted.

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court.  The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

**AND NOW**, this 30th day of April, 2020, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and

2. The Claims Administrator is **ORDERED** to distribute the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

                         BY THE COURT:

                         /s/ David R. Strawbridge, USMJ
                         DAVID R. STRAWBRIDGE
                         UNITED STATES MAGISTRATE JUDGE