IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, Plaintiffs, v. National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., Defendants. | No. 2:12-md-02323-AB MDL No. 2323 Hon. Anita B. Brody, U.S.D.J. |

### [Proposed] ORDER

AND NOW, this _____ day of _____, 2020, upon consideration of the Emergency Consent Motion for Direct Payment of Loan Resolution Amount filed by Thrivest Specialty Funding, LLC nka Balanced Bridge Funding LLC ("Thrivest"), it is **ORDERED** that the motion is **GRANTED** as follows:

With the consent of Settlement Class Member Bobby J. Hamilton and to effect Mr. Hamilton's agreed-upon resolution with Thrivest as memorialized in their Payoff Agreement, the Claims Administrator is instructed to direct the Trustee to deduct the Loan Resolution Amount specified in the Payoff Agreement from Mr. Hamilton's Monetary Award and to pay that Loan Resolution Amount directly to Thrivest before paying the remaining balance of Mr. Hamilton's Monetary Award to him.

BY THE COURT:

_____
BRODY, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br>    Plaintiffs,<br><br>    v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br>    Defendants. | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody, U.S.D.J. |

## THRIVEST'S EMERGENCY CONSENT MOTION FOR DIRECT PAYMENT OF LOAN RESOLUTION AMOUNT (BOBBY J. HAMILTON)

With the consent of Settlement Class Member Bobby J. Hamilton and to effect Mr. Hamilton's agreed-upon resolution with Thrivest Specialty Funding, LLC nka Balanced Bridge Funding LLC ("Thrivest") as memorialized in their Payoff Agreement, Thrivest moves the Court to enter an order instructing the Claims Administrator to direct the Trustee to deduct the Loan Resolution Amount specified in the Payoff Agreement from Mr. Hamilton's Monetary Award and to pay that Loan Resolution Amount directly to Thrivest before paying the remaining balance of Mr. Hamilton's Monetary Award to him. Because Mr. Hamilton's Monetary Award is scheduled for payment this month (on or shortly after July 20, 2020), Thrivest respectfully requests that the Court address this consent motion on an emergent basis to allow the Claims Administrator to make the requested payment arrangements in advance of payment of Mr. Hamilton's Monetary Award.

In support of its motion, Thrivest relies upon and incorporates by reference the accompanying memorandum of law.

Respectfully submitted,

/s/ Peter C. Buckley
Peter C. Buckley, Esquire
Eric E. Reed, Esquire
FOX ROTHSCHILD LLP
2000 Market Street—20th Floor
Philadelphia, PA 19103
(215) 299-2854
(215) 299-2150 (facsimile)
Attorneys for Thrivest Specialty Funding, LLC

Dated: July 13, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, Plaintiffs, | No. 2:12-md-02323-AB |
| v. | MDL No. 2323 |
| National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., Defendants. | Hon. Anita B. Brody, U.S.D.J. |

**MEMORANDUM OF LAW IN SUPPORT OF THRIVEST'S EMERGENCY CONSENT MOTION FOR DIRECT PAYMENT OF LOAN RESOLUTION AMOUNT (BOBBY J. HAMILTON)**

Thrivest Specialty Funding, LLC nka Balanced Bridge Funding LLC ("Thrivest") submits this memorandum of law in support of its emergency consent motion for direct payment of loan resolution amount, which seeks an order instructing the Claims Administrator to direct the Trustee to deduct the Loan Resolution Amount specified in Thrivest's Payoff Agreement with Settlement Class Member Bobby J. Hamilton (attached as "Exhibit 1") from Mr. Hamilton's Monetary Award and to pay that Loan Resolution Amount directly to Thrivest before paying the remaining balance of Mr. Hamilton's Monetary Award to him. The requested relief effects a settlement reached between Thrivest and Mr. Hamilton regarding Thrivest's entitlement to payment under its funding agreement with Mr. Hamilton, and reflects a compromise of the amount claimed by Thrivest.

I.      **BACKGROUND AND RELEVANT FACTS**

Under a Non-Recourse Finance Transaction (Sales and Purchase Agreement) dated June 22, 2016 (the "Funding Agreement"), Thrivest paid Mr. Hamilton a $526,785.71 advance against

the proceeds of his potential award in the NFL Concussion Litigation. On June 16, 2020, Mr. Hamilton's attorneys notified Thrivest that Mr. Hamilton had been approved for a Monetary Award and that he expected to be paid by the Trustee in the July 2020 distribution (on or shortly after July 20, 2020).

Shortly after Thrivest commenced arbitration against Mr. Hamilton before the American Arbitration Association, Thrivest and Mr. Hamilton reached a compromise, which they memorialized in the Payoff Agreement. See Payoff Agreement (Exhibit 1). Attorney David Levine represented Mr. Hamilton in the arbitration and with respect to negotiation and documentation of the Payoff Agreement.

Although Thrivest is not a "Participating Funder" as that term is defined in the Rules Governing Third-Party Resolution Protocol, the Payoff Agreement generally tracks the form and substance of the Termination and Release Agreement that has been approved by the Court and honored by the Claims Administrator and through which many Third-Party Funders and Settlement Class Members have effectuated a compromise of their disputes. See Termination and Release Agreement available at https://www.nflconcussionsettlement.com/Docs/termination_release_agreement.pdf (last visited July 12, 2020). Like the Termination and Release Agreement, the Payoff Agreement provides that, in exchange for payment of the Loan Resolution Amount (a discounted payoff of Mr. Hamilton's obligations under the Funding Agreement), Thrivest agrees to release Mr. Hamilton from his obligations under the Funding Agreement and to terminate the Funding Agreement upon such payment. See Payoff Agreement at D2(b), D3 (Exhibit 1). As part of the Payoff Agreement, Mr. Hamilton acknowledged the validity and enforceability of the Funding Agreement. See Payoff Agreement at D4(a) (Exhibit 1).

In recognition that Thrivest agreed to the discounted payoff in exchange for his commitment to pay Thrivest the Loan Resolution Amount "as promptly as possible," Mr. Hamilton has consented to the relief requested herein—namely, direct payment of the Loan Resolution Amount to Thrivest by the Trustee. See Payoff Agreement at D4(b). Prompt payment directly to Thrivest is also in Mr. Hamilton's interest as the Loan Resolution Amount increases on a per diem basis after July 26, 2020. See id. at C1. The consent language in Section D4(b) of the Payoff Agreement tracks closely the language in the Termination and Release Agreement, which has been approved by the Court and used by the Claims Administrator to settle other Funder/Settlement Class Member disputes.

## II.  ARGUMENT

The Court should grant Thrivest's consent motion and instruct the Claims Administrator to facilitate direct payment of the Loan Resolution Amount to Thrivest for three reasons.

**First,** granting Thrivest's motion honors the parties' agreed-upon resolution of their dispute. The Third Circuit recognizes a strong policy in favor of enforcing settlement agreements. See Ehrheart v. Verizon Wireless, 609 F.3d 590, 594 (3d Cir. 2010) (there is a "strong presumption in favor of voluntary settlement agreements"). Similarly, Pennsylvania law (selected in the Funding Agreement) favors agreements that settle legal disputes between parties. See Compu Forms Control Inc. v. Altus Group Inc., 574 A.2d 618, 624 (Pa. Super. 1990). There is a strong judicial policy in favor of voluntarily settling lawsuits because it reduces the burden on the courts and expedites the transfer of money into the hands of a complainant. See Felix v. Giuseppe Kitchens & Baths, Inc., 848 A.2d 943, 946 (Pa. Super. 2004). As part of a bargained-for exchange of consideration involving a discounted payoff of his obligations to Thrivest, Mr. Hamilton agreed to ask the Claims Administrator to pay Thrivest the Loan Resolution Amount directly. This request is consistent with the requests of other Settlement Class Members made through the

3

Resolution Protocol in exchange for discounted payoffs, which the Court and the Claims Administrator have honored. Moreover, Mr. Hamilton's promise to request direct payment to Thrivest helped the parties resolve a pending arbitration, which could have involved an interim award directing the impoundment of his entire Monetary Award. By granting Thrivest's consent motion and honoring Mr. Hamilton's request, the Court would be promoting strong judicial policy in favor of settling disputes—both with respect to Thrivest's dispute with Mr. Hamilton, but also with respect to other potential disputes involving other Settlement Class Members.

**Second,** direct payment of the Loan Resolution Amount by the Trustee to Thrivest is in the best interests of Mr. Hamilton, Thrivest, and the Court. The Payoff Agreement contains a per diem rate if the Loan Resolution Amount is not paid to Thrivest on or before July 26, 2020. With other Settlement Class Members, Thrivest has experienced payment delays of up to ten days following the Settlement Class Member's receipt of funds from the Trustee due to holds placed by the Settlement Class Member's bank because of the size of the deposit. Allowing Thrivest to be paid directly will expedite Thrivest's receipt of funds and minimize the per diem expense to Mr. Hamilton. Of course, direct payment is also in Thrivest's interest in that it avoids the risk of dishonor. The Court and Thrivest recently experienced a cautionary tale in <u>Thrivest Specialty Funding, LLC v. Toby Wright</u>, No. 18-cv-4764. Despite an Interim Award of Emergency Relief from an arbitrator and this Court's Orders confirming that relief and then holding Mr. Wright in contempt for failure to escrow disputed funds, Mr. Wright absconded, transferring the disputed funds in an attempt to avoid his obligations to Thrivest. To date, Mr. Wright has not paid Thrivest, resulting in a series of state court fraudulent transfer actions against those to whom he transferred the proceeds of his Monetary Award. Avoiding another such situation is not only in Thrivest's best interest, but also in the interest of the Court. The matter involving Mr. Wright consumed

Court resources and filled the Court's docket with enforcement actions, which Mr. Wright ignored. Like Thrivest, the Court has reason to avoid creating opportunities for dishonor—and the attendant Court proceedings—by facilitating direct payment of the Loan Resolution Amount to Thrivest.

**Third,** there is no basis to refuse this request from Mr. Hamilton and Thrivest while, at the same time, honoring similar requests from other Settlement Class Members and Third-Party Funders. The Court has adopted a Resolution Protocol that allows Funders and Settlement Class Members to resolve their disputes including with direct payment to the Funder of the agreed-upon "Loan Resolution Amount," but only after the Funder agrees in advance to reduce the interest rate on the agreement to 10% simple interest by executing a Declaration of Consent to Substitution. See Declaration of Consent to Substitution, available at https://www.nflconcussionsettlement.com/Docs/declaration_consent_substitute.pdf (last visited July 12, 2020). There is no legal basis to prefer resolutions reached under the Resolution Protocol to Thrivest's resolution with Mr. Hamilton, as memorialized in the Payoff Agreement. The only real difference is in the rate, and there has been and can be no allegation that Thrivest's rate—the lowest rate charged by any non-recourse funder in the NFL Concussion Class Action—is in any way unenforceable. What's more, the Court has derived its authority to oversee funding arrangements from an anti-assignment of claims provision in the Settlement Agreement, and the Third Circuit specifically found that Thrivest's agreement "gave [Thrivest] only the right to receive settlement funds after the funds are disbursed to a class member"—noting, "the District Court's power over the funds and class ends at that point." In Re: National Football League Players' Concussion Injury Litigation, 923 F.3d 96, 113-13 (3d. Cir. 2019). In other words, Thrivest's agreement did not violate the anti-assignment of claims provision. The Court should enforce the Payoff Agreement and allow direct payment to Thrivest so that funders whose agreements violate

the Settlement Agreement are not afforded better treatment than Thrivest, whose agreement was found by the Third Circuit not to be in violation. Indeed, there can be no justification for enforcing some agreed-upon resolutions, but not others merely because of the amount to which the parties have agreed. The Court should modify the Resolution Protocol to allow enforcement of the Payoff Agreement—and other agreed-upon settlements—so as not to treat funders with agreements that violate the anti-assignment of claims provision better than it does Thrivest.

### III.     CONCLUSION

Thrivest respectfully requests that the Court grant this emergency consent motion to effectuate the parties' settlement allowing direct payment of the Loan Resolution Amount specified in the Payoff Agreement to Thrivest.

Respectfully submitted,

/s/ Peter C. Buckley
Peter C. Buckley, Esquire
Eric E. Reed, Esquire
FOX ROTHSCHILD LLP
2000 Market Street—20th Floor
Philadelphia, PA 19103
(215) 299-2000
(215) 299-2150 (facsimile)
*Attorneys for Thrivest Specialty Funding, LLC*

Dated: July 13, 2020

## CERTIFICATE OF SERVICE

The undersigned certifies that, on July 13, 2020, he filed the foregoing using the ECF system, which will provide notice and a copy to counsel of record.

/s/ Peter C. Buckley
Peter C. Buckley, Esquire
Eric E. Reed, Esquire
FOX ROTHSCHILD LLP
2000 Market Street—20th Floor
Philadelphia, PA 19103
(215) 299-2000
(215) 299-2150 (facsimile)
*Attorneys for Thrivest Specialty Funding, LLC*