**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB MDL No. 2323 |

Kevin Turner and Shawn Wooden, on behalf
of themselves and others similarly situated,

Plaintiffs,

     v.

National Football League and NFL Properties, LLC,
successor-in-interest to NFL Properties, Inc.,

Defendants.

THIS DOCUMENT RELATES TO:

Locks Law Firm v. Kamal Salaam-El
Attorney Lien Dispute
(Doc. No. 10802)

## EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                 July 10, 2020

Before the Court is a Notice of Attorney's Lien ("Lien") and a Petition to Establish Attorney's Lien (Doc. No. 10802) seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member ("SCM") Kamal Salaam-El, who was issued a Notice of Monetary Award Claim Determination on April 8, 2020. The lien was filed on August 13, 2019 by Locks Law Firm ("Locks"). Mr. Salaam-El is currently represented by Langfitt Garner, PLLC ("Langfitt"). On April 1, 2020, the Claims Administrator issued to Langfitt a Notice of this lien.

The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6,

2018 and amended on October 3, 2018.  (Doc. Nos. 9760 and 10283).  Pursuant to Rule 12, Locks and Langfitt (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this dispute.  The Parties have consented to jurisdiction by a Magistrate Judge.  (Doc. No. 11083).  Accordingly, this Opinion will serve as the final decision of the Court concerning this attorney lien dispute.

The Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") pursuant to Rule 24 on June 17, 2020.  The Withdrawal agreement clearly indicates the portion of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future.  The agreement was negotiated by law firms that were informed and concerned about their own interest.  Upon review of the Withdrawal and the contingency fee agreements, and in consideration of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to each firm is reasonable, does not exceed the percentage for which the parties contracted, and that the collective fees are within the percentage allowed under the 22% Presumptive Fee Cap.  Accordingly, we conclude that the Withdrawal should be granted and that the Claims Administrator should be ordered to distribute the attorneys' fees to the Parties as set forth in the Withdrawal.[1]  We also have reviewed the itemized list of costs submitted by each firm and the provision of Mr. Salaam-El's agreement with the firms that provides for reimbursement of certain costs.  We conclude that the firms are entitled

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court.  The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

to the costs asserted.  Funds that were withheld by the Claims Administrator that are not allocated to counsel fee and cost reimbursement will be refunded to Mr. Salaam-El as set out in the Withdrawal.

    **AND NOW**, this 10th  day of July, 2020, it is **ORDERED** that:

1.  The Withdrawal of the Lien Dispute is **GRANTED**; and

2.  The Claims Administrator is **ORDERED** to distribute the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:


 /s/ David R. Strawbridge, USMJ_____
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

3