IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE; NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION, | No. 2:12-md-02323 – AB <br><br> MDL NO. 2323 <br><br> **Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, On behalf of themselves and Others similarly situated, <br><br>    Plaintiffs, <br><br>        v. <br><br> National Football League and NFL Properties LLC, Successor-in-interest to NFL Properties, Inc., <br><br>    Defendants. <br> -------------------------------------------------------------- <br> THIS DOCUMENT RELATES TO: <br> ALL CLIENTS OF GOLDBERG, PERSKY & WHITE, P.C. | |

### GOLDBERG, PERSKY & WHITE, P.C.'s
### SUPPLEMENTAL RESPONSE IN OPPOSITION TO CLASS
### COUNSEL'S PETITION FOR ADOPTION OF A SET-ASIDE FROM
### EACH MONETARY AWARD AND DERIVATIVE CLAIMANT AWARD

Goldberg, Persky and White, P.C. (GPW), by and through undersigned counsel, supplements its response to Class Counsel's Petition for Adoption of a Set-Aside from Each Monetary Award and Derivative Claimant Award, prompted by Class Counsel's filing of his Motion to Supplement his Petition. ECF No. 11127. As the Court is aware, on February 13, 2017, Class Counsel filed a Petition for an Award of Attorneys' Fees, Reimbursement of Case Contribution Awards and Expenses, Adoption of a Set-Aside of Each Monetary Award and Derivative Claimant Award, and Case Contribution Awards for Class Representatives

1

("Common Benefit Petition").  ECF No. 7151.  The Common Benefit Petition requested, *inter alia*, a five-percent holdback or set-aside from Monetary Awards and Derivative Claimant Awards, for the articulated purpose of compensating future common benefit work performed in connection to work related to the NFL Settlement.[1]  Extensive briefing ensued.  Subsequently, in its April 5 and May 24, 2018 and January 16, 2019 attorneys' fees-related rulings, the Court stated that it was deferring a final ruling on the set-aside request to a later date pending further evidentiary development.  ECF No. 9860 at 2, 8-9, 17-20; ECF No. 9862 at 8 n.5; ECF No. 10019 at 4 n.2; ECF No. 10378 at 1 n.1.  Meanwhile, the set-aside has been taxed on Claimants' Awards and been kept in a segregated fund ("Set-Aside Fund").

On July 14, 2020, in his continued pursuit for access to the Set-Aside Fund, Class Counsel filed a Motion to Supplement his Petition for Adoption of a Set-Aside from Each Monetary Award and Derivative Claimant Award, attached to which is the Supplemental Declaration of Christopher A. Seeger in Support of Petition for Adoption of a Set-Aside from Each Monetary Award and Derivative Claimant Award.  *See* ECF No. 11127 at Exhibit A.  Therein, Class Counsel states that there is a little over $13 million in the Attorneys' Fees Qualified Settlement Fund ("AFQSF"), from which he receives his Common Benefit Attorneys' Fees.  *See id.* at ¶ 98.  He also notes that there are four pending Fee Petitions asking the court to approve about $7.2 million for work performed by Class Counsel over the past two years.  *See id.*  Meanwhile, there is currently about $37 million in the Set-Aside Fund.  *Id*. at n. 15.

With this as backdrop, Class Counsel asks this Court effectively to transfer immediately the entire $37 million Set-Aside Fund to the AFQSF for the stated purpose funding of future

---

[1] As this Court knows, the set-aside is deducted from the fees of Claimants' individually retained private attorneys ("IRPA") like undersigned counsel.

Class Counsel Common Benefit fees.  However, it is GPW's position that (1) Class Counsel does not offer this Court any actual financial analysis related to the purported inadequacy of the AFQSF and (2) should the downward trend continue in the number of claims filed and in the amount of Common Benefit fee requests, there is far from exigent need for this Court to consign any part of the Set-Aside Fund to the AFQSF.  Hence, this Court should decline Class Counsel's request to order the appropriation of the Set-Aside Fund.

## ARGUMENT

**A.     Class Counsel does not offer this Court any financial analysis related to the purported inadequacy of the AFQSF.**

Class Counsel baldly states that accruing interest will not be sufficient for the future maintenance of AFQSF.  However, Class Counsel offers no financial formula evidence in relation to this.  Hence, in relation to interest, Class Counsel has again left this Court with nothing consequential to aid it in its present analysis.  Class Counsel states that "compensation of common benefit work and reimbursement of common benefit expenses will well exceed $1 million annually."  Exhibit A to ECF No. 11126 at ¶ 99.  However, despite the continued reduction in the amount of Class Counsel's fee requests and the fact that vastly fewer claims are being filed, *see infra*, Class Counsel offers no predicate for its bald assertion.  Hence, having offered this Court no financial analysis, Class Counsel's baseless assertion should be disregarded by the court.

The amounts of Class Counsel's fee requests have been rapidly falling.  Class Counsel's First Verified Petition for an Award of Post-Effective Date Common Attorneys' Fees and Costs[2], filed May 24, 2018, requested $8,559,179.97 in fees and $926,244.00 in expenses.  The Second

---

[2] ECF No. 10128.

Post-Effective Date Fee Petition[3], filed January 10, 2019, requests a total award of $3,195,634.43 for work performed from May 25, 2018 to November 30, 2018.  The Third Post-Effective Date Fee Petition[4], filed July 25, 2019, requests a total award of $1,689,276.76 for work performed from December 1, 2018 to May 31, 2019; the Fourth Post-Effective Date Fee Petition[5], filed February 5, 2020, requests an award of $1,237,629.81 for work performed from June 1, 2019 to November 30, 2019.  The recent Fifth Post-Effective Date Fee Petition[6], filed July 14, 2020, requests an award of $1,153,544.52 for work performed from December 1, 2019 to May 3, 2020.[7]

Hence, in the last 18 months, the amount of the fee requests as reflected in the Second Petition dropped 64% compared to that of the Fifth Petition.  In the last year, the fee request has dropped 32%, and in the last six months it has dropped 7%.  Hence, on average, Class Counsel fee requests have fallen by an average of 34% every six months.  Should this average rate of reduction continue, Class Counsel fee requests will be halved in less than a year.  Even at half of this rate, Class Counsel fee requests will be halved in less than 2 years.

Just as significant is the precipitous drop in the number of claims filed.  The Claims Administrator filed its first Status Report on April 13, 2018 detailing, *inter alia*, the number of Monetary Award Claim and Derivative Claim Packages ("Claims") received since opening the claims process on March 23, 2017.  *See* Status Report No. 1, ECF No. 9882-1, at 6.  In that year, 2,211 Claims were received.  *Id.* at 6.  The ninth Status Report, filed on July 6, 2020, sets forth

---

[3] ECF No. 10374
[4] ECF No. 10767.
[5] ECF No. 10986.
[6] ECF No. 10126.
[7] GPW notes that class counsel does offer any analysis concerning the sufficiency of the AFQSF if this Court denies its Fee Petitions or grants them but with significantly reduced amounts awarded in relation to the requests.

that a total of 3,627 Claims have been received since the claims process opened, which indicates a 64% increase of Claims in the two-plus years since the first Status Report.  *See* Status Report No. 9, ECF No. 11116, at 2, 19.  The specific rate of increase of Claims submitted during this time is set forth as follows:

(1) As of July 24, 2018, 209 new Claims were filed since the first Status Report.  *See* Status Report No. 2, ECF No. 10163, at 19, 26.

(2) As of November 1, 2018, 153 new Claims were filed since the second Status Report.  *See* Status Report No. 3, ECF No. 10318, at 14, 22.

(3) As of February 15, 2019, 629 new Claims were filed since the third Status Report.  *See* Status Report No. 4, ECF No. 10429, at 1, 12.[8]

(4) As of May 31, 2019, 152 new Claims were filed since the fourth Status Report.  *See* Status Report No. 5, ECF No. 10652, at 1-2, 15.

(5) As of August 30, 2019, 90 new Claims were filed since the fifth Status Report.  *See* Status Report No. 6, ECF No. 10826, at 1, 17.

(6) As of December 11, 2019, 72 new Claims were filed since the sixth Status Report.  *See* Status Report No. 7, ECF No. 10916, at 1, 18.

(7) As of March 27, 2020, 64 new Claims were filed since the seventh Status Report.  *See* Status Report No. 8, ECF No. 11035, at 2, 20.

(8) As of July 6, 2020, 47 new Claims were filed since the eighth Status Report.  *See* Status Report No. 9, ECF No. 11116, at 2, 19.

The filing of claims has been reduced to a trickle—about one claim every four days.  This is a reduction of nearly 70% in a little more than a year.

Activity is trending down.  Class Counsel offers no expert analysis of AFQSF's financial situation, while the expert opinion given to this Court by Professor William B. Rubenstein[9] runs

---

[8] The Claims Administrator attributed the spike in claims to the February 6, 2019 Claim Package submission deadline for pre-Effective date diagnoses, noting that between February 4 and February 6, 2019, 328 new Claims were filed.  *See* ECF No. 10429 at 2.

[9] ECF Nos. 9526 and 9571.

counter to Class Counsel's drive to acquire the $37 million Set-Off Fund for the ASQSF. Class Counsel's Petition should be denied.

**B.      Should the downward trend continue in the number of claims filed and in the amount of Common Benefit fee requests, there is far from exigent need for this Court to consign any part of the Set-Aside fund to the AFQSF.**

Even if Class Counsel is correct that Common Benefit fees will foreseeably be in excess of $1 million a year, it will be several years before there is a need for the AFQSF to be supplemented. Hence, this Court should not grant Class Counsel's Petition

Certainly, Class Counsel has adduced nothing to demonstrate that the AFQSF requires $37 million to meet its responsibilities. Unless there is expert analysis showing what, if any, amount is required for the AFQSF, Class Counsel has no relevant evidence for his financial claims. Hence, his Petition should be denied.

## CONCLUSION

Based on the previously stated reasons, Class Counsel's Petition for Adoption of a Set-Aside from Each Monetary Award and Derivative Claimant Award should be denied.

Dated: July 28, 2020                                    Respectfully submitted,

                                                        GOLDBERG, PERSKY & WHITE, P.C.

                                                        *s/ Jason T. Shipp, Esquire*
                                                        Jason E. Luckasevic, Esquire
                                                        jluckasevic@gpwlaw.com
                                                        PA I.D. #85557
                                                        Jason T. Shipp, Esquire
                                                        PA ID No. 87471
                                                        jshipp@gpwlaw.com
                                                        Diana Nickerson Jacobs, Esquire
                                                        PA ID No. 73733
                                                        djacobs@gpwlaw.com

                                                        11 Stanwix Street, Suite 1800
                                                        Pittsburgh, PA 15222
                                                        (412) 471-3980 (phone)

(412) 471-8308 (facsimile)

*Counsel for Clients of Goldberg, Persky and White P.C.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served upon all counsel of record via the **CM/ECF system,** this 28th day of July, 2020.

/s/ *Jason T. Shipp*
Jason T. Shipp, Esquire

*Counsel for Clients of Goldberg, Persky and White P.C.*