IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION LITIGATION  _____  THIS DOCUMENT RELATES TO: ALL ACTIONS | § § § § § § § § § No. 2:12-md-2323 (AB)  MDL No. 2323 |

**OPPOSITION OF CERTAIN CLASS MEMBERS TO CLASS COUNSEL'S FIFTH VERIFIED PETITION FOR AN AWARD OF POST-EFFECTIVE DATE COMMON BENEFIT ATTORNEYS' FEES AND COSTS**

Pending before the Court in the above referenced matter is Class Counsel Christopher A. Seeger's Fifth Post-Effective Date Fee Petition (ECF 11126). Class Members Melvin Aldridge, *et al.*[1] oppose the Fifth Petition in its current form and respectfully submit for the Court's consideration the following response in opposition thereto:

---

[1] The objecting Class Members include Melvin Aldridge, Patrise Alexander, Charlie Anderson, Charles E. Arbuckle, Cassandra Bailey Individually and as the Representative of the Estate of Johnny Bailey, Rod Bernstine, Reatha Brown Individually and as the Representative of the Estate of Aaron Brown, Jr., Curtis Ceasar, Jr., Larry Centers, Trevor Cobb, Darrell Colbert, Elbert Crawford III, Christopher Crooms, Gary Cutsinger, Jerry W. Davis, Tim Denton, Leland C. Douglas, Jr., Michael Dumas, Corris Ervin, Robert Evans, Doak Field, James Francis, Baldwin Malcom Frank, Murray Garrett, Clyde P. Glosson, Anthony Guillory, Roderick W. Harris, Wilmer K. Hicks, Jr., Patrick Jackson, Fulton Johnson, Richard Johnson, Gary Jones, Eric Kelly, Patsy Lewis Individually and as the Representative of the Estate of Mark Lewis, Ryan McCoy, Emanuel McNeil, Gerald McNeil, Jerry James Moses, Jr., Anthony E. Newsom, Winslow Oliver, John Owens, Robert Pollard, Derrick Pope, Jimmy Robinson, Thomas Sanders, Todd Scott, Nilo Silvan, Matthew Sinclair, Dwight A. Scales, Richard A. Siler, Frankie Smith, Eric J. Swann, Anthony Toney, Herbert E. Williams, James Williams, Jr., Butch Woolfolk, Keith Woodside, Milton Wynn, and James A. Young, Sr.

## INTRODUCTION

By its Fifth Petition, Class Counsel Seeger Weiss seeks another fee and expense distribution ($1.15M)[2] from the $22.8M AFQSF originally set aside by the Court to pay implementation fees and expenses "through the … 65-year term" of the settlement.[3] Collectively, then, and only three and a half years into the settlement's 65-year term, Class Counsel has through its five post-effective date fee petitions requested the Court distribute almost 75% ($16.8M) of the fund.[4] At this pace, the $22.8M+ fund will be exhausted in two to three years, about 60 years before the end of the Settlement's term.

This is contrary to the Court's original plan and the opinion of the Court's appointed expert to grow the fund over time.[5] More importantly, it is detrimental to the Class. If the fund is prematurely exhausted, and it is clearly headed that way, then the Class—the former NFL payers—will bear the burden of future fees and

---

[2] ECF 11126, at 2 (claiming fees of $998,512.99 and expenses of $155,031.53).

[3] ECF 10019, at 4, 25. The $112.5M fund established by the NFL was "to be used to pay Class Counsel for [i] securing and [ii] implementing" the settlement over the course of the next six decades. *See* ECF 10378, at 1; *see also* ECF 9860, at 2. The $112.5M fund, opined the Court's appointed expert, "should be sufficient to fund past, present, and future work." *See* ECF 9571, at 5. Of that amount, the Court awarded $85.6M to Class Counsel "for their work in securing" the settlement (ECF 10019, at 1) and directed that the remainder of the fund ($22.8M at the time) be held in reserve to pay for implementation over the term of the settlement. *See* ECF 10019, at 4, 25.

[4] *See, e.g.*, ECF 10128, at 1 ($9.485M); ECF 10374, at 2 ($3.195M); ECF 10767, at 2 ($1.689M); ECF 10986, at 2 ($1.237M); ECF 11126 ($1.15M).

[5] *See* ECF 9526.

expenses via a holdback, which is already being withheld from their recoveries (and is now the subject of Class Counsel's motion to make the holdback permanent).[6] This is true despite the fact that this settlement was sold to them, in part, based on repeated representations that the NFL was separately compensating Class Counsel for its fees and expenses.[7]

Moreover, the prospect that the former NFL players would bear the burden of administrative fees and expenses was opposed by (i) the majority of the previously-appointed Co-Lead Class Counsel and (ii) Professor Rubenstein.[8] But that is exactly where this is headed.

We oppose Class Counsel's Fifth Petition, and, for the reasons set forth herein, it should be denied at this time.

---

[6] *See* ECF 11127.

[7] ECF 5634-5, at 26.

[8] *See, e.g.,* ECF 9526, at 2 ("The Court should not order a 5% set-aside of class members' recoveries"); ECF 9526, at 34-35, ¶ 42. Professor Rubenstein confirmed: (i) nothing in the settlement suggests "the $112.5 million fee award was only meant to fund counsel's work up to the effective date of the settlement;" (ii) there is no support "for the argument that class counsel only do implementation work for extra money;" and (iii) "the $112.5 million magnitude of Class Counsel's aggregate fee request … undercuts the argument that it only funds work securing the settlement, but that counsel must be paid extra to implement it." (ECF 9526, at 33).

True, Professor Rubenstein supplemented his opinions on this issue. *See* ECF 10809, at 3, citing ECF 9571, at 4-8. But his ultimate conclusion on the propriety of a holdback—whether 5%, 2%, or something else—did not change: "I stand by my conclusion that the NFL's $112.5 million fee and expense payment should be sufficient to fund past, present, and future work, so long as [appropriate] safeguards are put in place." ECF 9571, at 5. And, even with Class Counsel's evidence "showing extensive effectuation-phase work," Professor Rubenstein's 2% figure was offered only as "a last resort." *Id*., at 7.

3

ARGUMENT

Class Counsel's Fifth Petition (ECF 11126) suffers from many of the same flaws as the original fee application (ECF 7151), as well as its First (ECF 10128), Second (ECF 10374), Third (ECF 10767), and Fourth (ECF 10986) Post-Effective Date Petitions. Accordingly, we incorporate by reference the arguments, authorities, and evidence set forth in the oppositions filed in response to those petitions.[9] In addition to the reasons set forth in those prior oppositions, Class Counsel's Fifth Petition should be denied for the following reasons:

1. <u>The Fifth Petition, like the others, contains no plan or "safeguard" for reining in fees and expenses</u>

Class Counsel is still burning through approximately $200,000 per month. While the $1.15M requested is slightly lower that the last petition ($1.237M), Class Counsel's burn rate is still significantly higher than what Professor Rubenstein concluded would be reasonable to implement the settlement.[10] Yet Class Counsel offers no discussion of any efforts to reduce these fees or expenses and refuses to commit to the nature and extent of future work required or the amount of money needed to fund future implementation.[11] For this reason, alone, Class Counsel's

---

[9] *See, e.g.,* ECF 7354-55; ECF 10165; 10403; 10792.

[10] *See* ECF 9526, at 43, ¶ 51.

[11] *See* ECF 10767, at 11, n. 7.

Fifth Petition should be denied.

2.  The Fifth Petition, like the others, lacks transparency

Once again, there is no documentation or other data supporting the requested fees or the alleged expenses, rendering it is impossible to conduct the required review; that is, there is nothing to ensure Class Counsel has efficiently prosecuted this matter for the benefit of the Class without unnecessary duplication or undue costs or fees.  While the Fifth Petition purports to summarize allegedly-completed work and includes a chart of Class Counsel's hours, it noticeably omits—despite CMO 5 [12]—any evidentiary proof supporting the claimed hours or expenses. Moreover, the Fifth Petition, like the others, fails to disclose the actual billing rates, the dates or a range of dates for the hours allegedly worked, the identity of the individuals alleged to have performed the service(s), or how the work was divided between partners, "counsel," associates, or paralegals. Again, not a single time or expense record has been supplied.  Class Counsel's lack of transparency deprives the Class of vital information material to judicial review of its repetitive fee applications.[13]  For this reason, too, the Fifth Petition should be denied.

---

[12] *See* ECF 3710.  CMO 5 was entered by the Court to "guide the payment of fees and expenses to attorneys performing common-benefit work" and to "help ensure this matter is efficiently prosecuted for the benefit of former-player plaintiffs without unnecessary duplication or undue costs or fees"). *Id*. at 1. None of the CMO 5-required data has been submitted.

[13] *See Torres v. SGE Management, L.L.C*., 945 F.3d 347,353 (5th Cir. 2019) (noting that the fee documentation "allegedly submitted to the Fee Committee" was absent from the appellate record and, therefore, the fee award defied appellate review).

3.    <u>The Fifth Petition, like the others, bills excessive rates</u>

The Fifth Petition, like its predecessors, seeks fees based on unreasonable rates. Class Counsel's "blended" billing rates are excessive and should be rejected.[14] Much of what is described in Class Counsel's Fifth Petition is "hands on" administrative work.[15] That being the case, there is no justification for billing those administrative-type services at an effective rate of $600+/hour. And, there is no support for the use of a "blended rate" in a pure loadstar analysis.

Simply put, there is no reason why the daily oversight and maintenance tasks that appear to comprise the majority of time allegedly incurred are being performed by partners or "counsel"/"of counsel" at hourly rates close to or exceeding $700/hour, instead of associates and/or paralegals at substantially lower rates.[16] Again, there are numerous qualified lawyers and paralegals outside of Seeger Weiss who (i) represent former players, (ii) are invested in those players and this litigation, (iii) are intimately familiar with the settlement and the claims process, and (iv) could provide the services referenced by Class Counsel at substantially reduced rates. For

---

[14] ECF 11126, at 12, n. 9 ($758/hr. for partners; $692/hr. for "counsel" or "of counsel;" $486/hr. for associates; $537/hr. for contract lawyers; $260/hr. for paralegals).

[15] *See, e.g.,* ECF 10986, at 5.

[16] ECF 11126, at 13 (claiming 906 hrs. as "partners" time billed at $758/hr.; 350 hrs. as "counsel" time billed at $692/hr.).

this reason, too, the Fifth Petition should be denied.[17]

4. <u>The Fifth Petition, like the others, bills for time and expenses that should be borne by others, not the Class</u>

Setting aside its other flaws, described above, the Fifth Petition spends considerable time describing services the costs of which should be borne by other parties (*i.e.*, the NFL), not the Class. Class Counsel describes services/projects that are primarily the responsibility of the Special Masters, Claims Administrator, and/or the BAP administrator. For example, Class Counsel claims credit for notifying Class Members about changes in the BAP examination rules. Such work could have been completed by the Claims Administrator or the BAP Administrator at no cost or impact to the Class inasmuch as their efforts are funded by the Monetary Award Fund.

Class Counsel also describes work seemingly performed on behalf of individual claimants. Those services do not directly benefit the Class and should not be compensated as such. In fact, CMO 5 expressly prohibits compensation for "time [and] expense on developing or processing a case for an individual client…."[18] Whether the claimants are his "client" or not, time expended on individual cases

---

[17] We submit that two qualified lawyers (making $200,000/year) and a dedicated paralegal (making $60,000/year) could perform the "monitoring and oversight" of the settlement with oversight of Class Counsel, resulting in a significant cost saving to the Class.

[18] ECF 3710, at 3.

should not burden the Class. But it is clearly included in Class Counsel's fee petition.

## PRAYER

Class Counsel's Fifth Post-Effective Date Fee Petition should be denied at this time. As with his prior applications, Class Counsel should be required to submit for review detailed time and expense data justifying the requested fees/expenses. The Class is entitled to see exactly what Class Counsel is charging them for.

Dated: July 28, 2020                    Respectfully submitted,

*/s/ Lance H. Lubel*
Lance H. Lubel, Esq.
Texas Bar No. 12651125
Adam Q. Voyles
Texas Bar No. 24003121
LUBEL VOYLES LLP
675 Bering Drive, Suite 850
Houston, Texas 77057
Telephone: (713) 284-5200
Facsimile: (713) 284-5250
Email: lance@lubelvoyles.com
Email: adam@lubelvoyles.com

*Attorneys for the Identified Class Members*

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2020, I filed the foregoing through the Court's CM/ECF system, which will provide electronic notice to all counsel of record and constitutes service on all counsel of record.

*/s/  Lance  H. Lubel*
Lance H. Lubel