# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Hon. Anita B. Brody<br><br>August 5, 2020 |

## EXPLANATION AND ORDER

Before this Court are two "Emergency Motions for Direct Payment" filed by Thrivest, a non-party litigation funding entity. *See* ECF Nos. 11121 & 11122. Thrivest filed these motions on July 13, 2020. They are the eleventh and twelfth "emergency" or "expedited" motions that Thrivest has filed in connection with the NFL Concussion Litigation.[1]  I **DENY** both Motions

---

[1] Thrivest has repeatedly filed "emergency" or "expedited" motions related to this case:

- Emergency Mot. to Confirm Arbitration Award, *Thrivest v. White*, No. 18-cv-1877 (June 14, 2019) (ECF No. 21);

- Emergency Mot. for Contempt, *Thrivest v. White*, No. 18-cv-1877 (July 9, 2019) (ECF No. 26);

- Emergency Mot. to Shorten the Deadline for White's Responsive Br., *Thrivest v. White*, No. 18-cv-1877 (Aug. 21, 2019) (ECF No. 33);

- Emergency Mot. to Enforce Court's October 31, 2019 Order And For Further Contempt Sanctions, *Thrivest v. White*, No. 18-cv-1877 (Nov. 6, 2019) (ECF No. 54);

- Emergency Mot. to Confirm Arbitration Award, *Thrivest v. Wright*, No. 18-cv-4764 (July 3, 2019) (ECF No. 25);

- Emergency Mot. for Contempt, *Thrivest v. Wright*, No. 18-cv-4764 (Aug. 15, 2019) (ECF No. 36);

because (1) Thrivest failed to demonstrate that emergency relief was appropriate and (2) Thrivest's specific requests for relief are now moot.

## I. Thrivest's Request for Emergency Relief Was Inappropriate.

To start, Thrivest's use of the "emergency motion" mechanism was inappropriate in this context because the only "emergency" in question resulted from Thrivest's own delay.

The availability of emergency relief is a critical feature of our judicial system. When a party files a legitimate request for emergency relief, "the Court drops whatever it is working on to give the motion its full attention." *The York Grp., Inc. v. Pontone*, 2014 WL 1766861, at *1 (W.D. Pa. May 2, 2014) (quoting *Privitera v. Amber Hill Farm, LLC*, 2012 WL 1900559, at *2 (M.D. Fla. May 24, 2012)). But "[e]mergency motions 'are not intended to save the day for parties who have failed to present requests when they should have.'" *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1143 (D. Nev. 2015) (Koppe, M.J.) (citations omitted). The "party seeking emergency relief must demonstrate that it is not at fault in creating the situation that it asserts necessitates resolution of its motion on an expedited schedule." *Id.*

Thrivest has not made that showing. According to its motions, Thrivest learned of the potential monetary awards in question on June 16, 2020. Instead of requesting relief at that point, Thrivest waited almost a month before filing its "emergency" motions on July 13, 2020—

---

- Emergency Mot. to Shorten Deadline for Wright's Responsive Br., No. 18-cv-4764 (Aug. 21, 2019) (ECF No. 39);

- Emergency Mot. for Discovery, *In re: NFL Players' Concussion Injury Litig.*, No. 12-md-2323 (May 3, 2018) (ECF No. 9957);

- Mot. to Expedite Entire Appeal, *In re: NFL Players' Concussion Injury Litig.*, No. 18-2184 (3d Cir. June 13, 2018); *see also* Order Denying Mot. to Expedite Entire Appeal, *In re: NFL Players' Concussion Injury Litig.*, No. 18-2184 (3d Cir. June 25, 2018) (denying motion);

- Expedited Mot. for Stay Pending Appeal, *In re: NFL Players' Concussion Litigation*, No. 18-2184 (3d Cir. Feb. 19, 2019); Order Denying Expedited Mot. for Stay, No. 18-2184 (3d Cir. Mar. 7, 2019) (denying Thrivest's motion).

two days before the Claims Administrator was set to finalize the payment process for the awards in question. Given that it knew of the issue in question for almost a month, Thrivest surely could have avoided the "emergency" it raised by filing an earlier motion. Thrivest gave no explanation for its failure to do so.[2] Accordingly, it failed to show that it was entitled to "emergency relief" on its eleventh-hour motion. *Cf. Cardoza* at 1143 ("When an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright."); *Painter v. Atwood*, 2014 WL 6871750, at *1 (D. Nev. Nov. 25, 2014) ("The failure of the movant to show it was without fault in creating the emergency situation alone justifies denial of the emergency relief sought."); *In re Villareal*, 160 B.R. 786, 787 (Bankr. W.D. Tex. 1993) (rejecting emergency motion where the "emergency was one of [the movant's] own making," adding that "an 'emergency' brought on solely by the dalliance of . . . counsel" does not present grounds for expedited relief (citations and internal quotation marks omitted)).

## II.     Thrivest's Requests Are Now Moot.

Rather than halt the entire payment process as a result of Thrivest's eleventh-hour "emergency" request—which would have delayed payment for all of the Settlement Class Members on the monthly disbursement report—the Claims Administrator went forward with its normal payment processes on July 15, 2020. As a result, both of the monetary awards for which Thrivest requested relief have now been paid. Accordingly, Thrivest's request for specific relief—i.e., direct payment out of these two monetary awards—is now moot.[3]

---

[2] Thrivest apparently entered into "Payoff Agreements" with the Settlement Class Members in question on July 3, 2020, ten days before it filed its emergency motions. Thrivest also never explains why it waited a week-and-a-half after this point to file its July 13, 2020 emergency motions.

[3] Along with its specific request for relief, Thrivest also appears to challenge the Settlement Program's rules regarding third-party funders and ask that these rules be revised.


    s/ANITA B. BRODY, J.  
    ANITA B. BRODY, J.

---

It is far from clear that Thrivest—a non-party—has standing to request changes to rules governing a Settlement to which it is not a party. In either event, this challenge and request from Thrivest would clearly require briefing from other interested parties, including the Claims Administrator and Class Counsel. But Thrivest's delay in filing these emergency motions—and the two-day turnaround that delay imposed—made it impossible to request adequate briefing and argument on this issue. *Cf. Mission Power Engineering Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995) (noting that improper emergency motions—which the court called "hybrid *ex parte*" motions—"detract[] from a fundamental purpose of the adversary system, namely, to give the court the best possible presentation of the merits and demerits of the case on each side. The opposing party can rarely make its best presentation on such short notice."); *Cardoza*, 141 F. Supp. 3d at 1141 ("Such motions . . . depriv[e] the opposing party of a reasonable opportunity to respond, effectively becoming an *ex parte* motion by which the opposing party has 'notice' of [the] filing but no real chance to adequately respond.").