UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**CLASS COUNSEL'S REPLY TO OPPOSITIONS TO
FIFTH VERIFIED PETITION FOR AN AWARD OF
<u>POST-EFFECTIVE DATE COMMON BENEFIT ATTORNEYS' FEES AND COSTS</u>**

As with each of the prior implementation-phase petitions for awards of common benefit attorneys' fees and reimbursement of expenses, counsel for the Aldridge (previously known as the Alexander) Objectors, Lance H. Lubel, has filed objections (ECF No. 11134) ("Lubel Objections") to the Fifth Verified Petition of Class Counsel for an Award of Post-Effective Date Common

Benefit Attorneys' Fees and Costs (ECF No. 11126) ("Fifth Post-Effective Date Fee Petition"), renewing what have become by now habitual complaints.  Given the Third Circuit's affirmance of this Court's January 16, 2019 Order granting the First Verified Petition for Post-Effective Date Common Benefit Attorneys' Fees and Costs (ECF No. 10378),[1] none of those rehashed (and now-refuted) objections warrant discussion.

This time, Lubel is not alone.  After standing silent in response to the first four effectuation-phase fee petitions, David D. Langfitt of Langfitt Garner PLCC – whose prior firm, the Locks Law Firm (Locks"), received nearly $4.9 million in awards of common benefit fees, including for implementation-phase work, and for whom an additional request for nearly $414,000 in implementation-phase common benefit fees is currently pending[2] – now mounts objections to this Fifth Post-Effective Date Fee Petition (ECF No. 11138) ("Langfitt Objections").[3]   Like the Lubel Objections, the Langfitt Objections have been rejected by this Court and the Third Circuit.  More fundamentally, both objections are merely collateral to their procedurally infirm attack on Class Counsel's request to supplement the record in support of the pending set-aside request.  *See*, *e.g.*, Lubel Objections at 2-3; Langfitt Objections *passim*.

---

[1] *See* ECF No. 11075 (Third Circuit's Mandate, affirming Jan. 16, 2019 Order).

[2] *See* ECF No. 10019 at 16, 26; ECF No. 10378 at 5, 9; ECF No. 10374 at 16.

[3] Langfitt's objections were filed principally in response to Class Counsel's motion for leave to file a Supplemental Declaration in support of the outstanding request for adoption of a set-aside from Monetary Awards (ECF No 11127) ("Motion for Leave") and do not appear to have been docketed in response to the Fifth Post-Effective Date Fee Petition.  Nevertheless, Class Counsel addresses Langfitt's objections herein.  Two firms filed out-of-time joinders in Langfitt's Response, although, like that response, they appear to have been docketed only in response to the Motion for Leave and not separately docketed in response to the Fifth Post-Effective Date Fee Petition.  *See* ECF Nos. 11140 (Goldberg, Persky and White, P.C., filed July 29, 2020) and 11141 (Pope McGlamry, Kilpatrick, Morrison & Norwood, P.C., filed July 30, 2020).  These firms had likewise never filed objections to the earlier Post-Effective Date Fee Petitions.

Because there are no objections unique to the Fifth Post-Effective that the Court did not already consider and reject in approving the First Post-Effective Date Fee Petition, these Objections should likewise be rejected.

For example, Lubel recycles his argument that Class Counsel's hurly rates are unreasonable and that the Court's review of time records *in camera* is either improper or insufficient. Lubel Objections at 5-6. Langfitt, too, complains about Class Counsel's billing rates and calls for disclosure of Class Counsel's time records. Langfitt Objections at 2, 8-10. Class Counsel, though, continues to use the blended rates *directed by the Court* (ECF No. 10019 at 7 n.4, 25). Those rates are far below Class Counsel's normal billing rates, which range from $660 to $985 per hour for the attorneys who have performed implementation-phase common benefit work, with the rates for those of counsel and partner rank (who performed the bulk of the work that is the subject of the current petition) ranging from $875 to $985 per hour. As for access to Class Counsel's time records, neither the Aldridge Objectors nor Langfitt have any such right of inspection given that the Court itself has previously reviewed those records and will presumably do so again with respect to the pending fee petitions.[4]

Langfitt's assertion that the Court-prescribed rates exceed Manhattan rates is meritless,[5] and his extrapolation of bloated annual salaries from these rates disingenuous and silly, for anyone

---

[4] *See, e.g.*, *Cassese v. Williams*, 503 F. App'x 55, 58 (2d Cir. 2012) ("[W]e are aware of no authority holding that class counsel must open its books to objectors for inspection by virtue of filing a fee motion."); *In re Whirlpool Corp. Front-loading Washer Prod. Liab. Litig.*, No. 1:08-WP-65000, 2016 WL 5338012, at *17 (N.D. Ohio Sept. 23, 2016) (rejecting objectors' argument that they should have access to class counsel's billing and expense records; "the only requirement is that these documents must be provided to *the Court* for its own review") (italics in original).

[5] *See, e.g.*, *Vista Outdoor Inc. v. Reeves Family Tr.*, No. 16 Civ. 5766 (JSR), 2018 WL 3104631, at *5-6 (S.D.N.Y. May 24, 2018) (hourly rates of $1,165-$1,260 for partners "not excessive in the New York City 'big firm' market"); *Woburn Ret. Sys. v. Salix Pharm., Ltd.*, No. 14-CV-8925 (KMW), 2017 WL 3579892, at *5 (S.D.N.Y. Aug. 18, 2017) (approving class action fee award with partner billing rates of up to $995 per hour); *Genger v. Genger*, No. 14 Civ. 5683

knows (or ought to) the difference between the rates at which firms bill their legal professionals' services and the actual compensation that the timekeepers themselves actually earn. Besides, these are the *same* rates used to compensate others for *their* implementation-phase common benefit work – including the Locks firm for the work of its former partner, Langfitt. Moreover, Class Counsel has already addressed attacks on the Court-prescribed rates and calls for access to his time records at each prior juncture (ECF Nos. 10191 at 2-6, 10416 at 2, 10809 at 4, 11021 at 2-3 & n.3). In granting the First Post-Effective Date Fee Petition (ECF No. 10378), the Court implicitly rejected them by using the very rates it set in its May 2018 allocation ruling after reviewing Class Counsel's time records *in camera*.

Similarly, the Aldridge Objectors reiterate their ongoing assertion that the common benefit work undertaken by Class Counsel in the implementation of the Settlement Program (such as providing assistance to unrepresented Retired NFL Football Players and their families or work on the Education Fund benefit of the Settlement Program) is somehow excessive, unnecessary, or otherwise improper. Lubel Objections at 7. Class Counsel has already addressed these baseless arguments in his prior reply papers (ECF Nos. 10191 at 2-3, 10416 at 3-5, 10809 at 2, 4-5, 11021 at 3-4). In granting the First Post-Effective Date Fee Petition, the Court made clear that during the early years of the Settlement Program such arguments are misplaced: "[the Objector] suggest[s] that the amount of work performed in this first year of implementation is unexpected. The objector is wrong. As I already have already explained, the Parties knew that the bulk of the work to

---

(KBF) (DF), 2017 WL 9771814, at *4 (S.D.N.Y. May 22, 2017) (approving rates of $265.50 and $280 per hour for work performed by paralegals), *report and recommendation adopted,* No. 14-CV-5683 (KBF), 2017 WL 9771807 (May 30, 2017); *Rembert v. Cheverko*, No. 12-CV-9196 (KBF), 2015 WL 6971363, at *1 (S.D.N.Y. Nov. 9, 2015) (approving $620 and $660 per hour for work of experienced associates).

implement the settlement would occur in the early years of the 65[-]year agreement. ECF No. 9860 at 17-18." ECF No. 10378 at 2.  Neither objector offers anything new on this point, only a rehash of tired complaints.

The work of building the Settlement Program is largely completed, but the Settlement continues to demand extensive resources of Class Counsel.  The downward trend following the key building period and the early 2019 deadline for pre-Effective Date claims has begun to level out.  The Settlement, however, demands more than just review for completeness of individual claims.  During the period of time covered by the instant petition, Class Counsel addressed a wide variety of "Open Issues" that have widespread impact on the handling of current and future claims; worked to further refine the BAP Program, including the Supplemental BAP Benefits; engaged in oversight of the audits of players and the closure of the remaining larger audits of third parties (such as law firms and medical professionals); sought and obtained the Court's approval for the use of monies from the Education Fund; and engaged in related negotiations with pertinent institutions to launch the innovATe Program and the Medical Information Research Database.

Moreover, the Settlement Program demands sophisticated lawyering.  For example, the appeals in which Class Counsel submits statements, like many of the "Open Issues" outlined in the Fifth Post-Effective Date Fee Petition, demand a nuanced understanding not only of the terms of the Settlement Agreement, but also the intersection of the medicine of neurocognitive impairment and neurological diseases with the interpretation of the Settlement Agreement and administration of the Settlement.  Uninformed proposals that cheaper lawyers and paralegals be engaged in these undertakings shows little understanding and respect for the breadth and complexity of issues that will need to be addressed over the lifetime of the Settlement to ensure

that Retired NFL Football Players and Representative Claimants continue to receive the benefits to which they are entitled under the terms of the Settlement.

At bottom, Lubel's objections reveal that he is most concerned about is the prospect of the Court permanently adopting *any* holdback from Monetary Awards rather than the propriety of any of the Post-Effective Date fee petitions, including this one.  *See* Lubel Objections at 2-3.  Langfitt, as well as those who filed joinders in the Langfitt Objections, on the other hand, acknowledge (albeit grudgingly) that some holdback is appropriate, but are concerned over the amount of fees they are willing permanently to part with for this necessary work.  That is, as IRPAs, any holdback would be taken from their contingent fees.  Recognizing that the Settlement does require ongoing attention over more than six decades, however, they acknowledge that the continued engagement of Class Counsel is necessary and that *some* holdback must be adopted.

More to the point, the matter of the set-aside request is not at issue in this petition, which seeks payment from the AFQSF (which still has sufficient funds) for common benefit work already performed and expenses already incurred.  Most significantly, this petition seeks payment *out of fees already paid by the NFL*, not out of funds accumulated through implementation of any holdback, provisional or otherwise.  *See* ECF No. 10019 at 25 (Court set aside over $22.8 million from aggregate common benefit fee award for compensation of implementation-phase work).  The Court has not yet ruled on the requested holdback.  Funds have been withheld only provisionally pending a formal decision on Class Counsel's holdback request.  Whether sufficient funds will remain in the AFQSF down the road is immaterial, if not irrelevant, to the question presented by the instant petition:  whether work *was* performed and expenses *were* incurred for the common benefit of the Class during the six-month period ending May 31, 2020 and should be compensated and reimbursed, respectively.

## CONCLUSION

Based on the foregoing, the Court should overrule the objections and grant the Fifth Post-Effective Date Fee Petition.

Date:  August 7, 2020

Respectfully submitted,

*/s/ Christopher A. Seeger*
Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  (212) 584-0700
cseeger@seegerweiss.com

***CLASS COUNSEL***

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's ECF system on August 7, 2020.

                   */s/ Christopher A. Seeger*
                   Christopher A. Seeger