UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB <br><br> MDL No. 2323 <br><br> Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO**:** <br><br> **ALL ACTIONS:** | Civ. Action No. 14-00029-AB |

**SUR-REPLY OF THE LOCKS LAW FIRM IN OPPOSITION TO CLASS COUNSEL'S MOTION TO SUPPLEMENT PETITION FOR ADOPTION OF A 5% SET-ASIDE**

The Locks Law Firm respectfully submits this Sur-reply in support of its Response in Opposition to Class Counsel's Motion for Leave –more precisely, that the Court deny Class Counsel's request for a 5% set-aside. [ECF No. 11127].

As will be demonstrated in more detail below, Class Counsel incorrectly claims in their reply that (1) the arguments raised by Respondents exceed the scope of the motion; (2) that Locks Law Firm waived any objections to the set-aside request; and (3) Respondents objections to the underlying set-aside request are without merit and should be overruled. This is inaccurate. The arguments raised by Respondents neither exceeded the scope of Class Counsel's motion, nor are without merit. Moreover, any objections made were never waived by Locks Law Firm. In fact, Locks has previously addressed this issue twice. *See* Declaration of Gene Locks, filed on October 27, 2017, ECF No. 8709, at pp. 22-30, ¶¶46-83, attached as Exhibit A. *See also*, Sur-Reply of the Locks Law Firm to Report of Professor William B. Rubenstein, filed on January 30, 2018, ECF No. 9579, at pp. 3-5, attached as Exhibit B.

1

**ARGUMENT**

**I.      Locks Law Firm's Opposition to Class Counsel's Motion is Within the Scope**

Class Counsel's motion for leave consists largely of arguments as to why the permanent 5% set-aside should be implemented, a theme that remains clear throughout their motion. Yet, despite this, Class Counsel argues that the oppositions filed should be disregarded because "they exceed the narrow scope of the Motion for Leave," which by their claim, "was simply to supplement the record as to the pending 5% holdback." This argument is disingenuous at best. As noted, Class Counsel's motion for leave is almost entirely based on their argument seeking implementation of the 5% set-aside. Each of the filed oppositions directly address those arguments. If as they suggest, Class Counsel's filing simply supplemented the record as to the 5% holdback application, each of the filed responses, including the Locks Law Firm, similarly supplemented the record in opposition to the holdback.

**II.     Locks Law Firm has Never Waived Objections to the Set-aside Request**

Contrary to Class Counsel's misrepresentations, Locks has neither waived its objection to any set-aside, nor agreed to a 5% holdback. Even if Locks had never raised this objection, Judge Brody specifically deferred ruling on Class Counsel's 5% holdback request. [ECF No. 9860]. Nonetheless, it has always been our position that the holdback should be if at all, no more than 2%, which we have consistently and forcefully argued.

To illustrate, Gene Locks has addressed this issue on two separate occasions. [ECF Nos. 8709 and 9579]. First, on October 27, 2017, in support of Seeger's declaration supporting his proposed allocation of common benefit fees. Specifically, at pages 22-30 in paragraphs 46-83, Gene Locks states that no set-aside is required, and in the unlikely event that it is, it should if at all, be no more than 0.5%. *See* October 27, 2017 Declaration of Gene Locks, attached as Exhibit

A. Second, on January 30, 2018, in support of our sur-reply regarding Professor Rubinstein's recommendation. [ECF No. 9579]. Similar to the first, Gene Locks again argues that no hold-back is necessary. *See* January 30, 2018, Sur-Reply of the Locks Law Firm to Report of Professor William B. Rubenstein, attached as Exhibit B. Clearly, Locks has not "slept on the matter until now." Consequently, the Court should consider our objections as timely and relevant.

### III.     The Objections Raised by Respondents are Necessary and Correct

Class Counsel's last argument and perhaps most egregious, is that Locks or any other counsel representing plaintiffs would have a conflict of interest if involved in the administration due to the number of individual class members they represent. This is a circular argument and wildly inappropriate response to our cost-efficient proposal, which aims to protect class interests.

Class Counsel's entire argument rests on an illusory claim that they are neutral officers and that no one could possibly maintain their role in this litigation. This could not be further from the truth. Class Counsel represented individual claimants in this litigation, although it is unclear whether they still do. The fact that Locks Law Firm and others have been more successful than current Class Counsel in attracting clients and getting claims approved makes us more, not less, qualified than Class Counsel to protect the interests of the Class. Neither the Locks Law Firm, nor any other law firm representing numerous claimants would put the interests of their clients above those of the Class. Counsel for the NFL represents the interests of the NFL in each issue that arises, and Class Counsel is supposed to be representing the interests of the Class members. The interests of the Class are identical to the interests of our clients. Unlike Class Counsel, our motivation would not be to make as much money off the backs of the Class members as possible, but rather to represent their interests.

Moreover, Gene Locks has extensive experience in negotiating many large settlements, including but not limited to MDLs and asbestos bankruptcy trusts.  *See* Declaration of Gene Locks, attached as Exhibit B.  Mr. Locks has served as an overseer and advisor for numerous trusts, including the Manville, Amatex, Celotex, Eagle-Picher, Raytech, UNR and Pacor Trusts; the trusts to which he helped negotiate and for which he has served as an advisor have processed over a million claims with a collective value of well over two billion dollars.  As an overseer and/or advisor to the various trusts that were created, Mr. Locks and other counsel, have served often without payment and in some instances received modest per diem amounts and travel expenses.  The total compensation received by the overseers and/or advisors of each of these Trusts never exceeded $500,000 in any single year.  With that said, any suggestion that any firm would put personal benefit over the interests of the members of the Class is offensive.

Class Counsel claims to have a unique understanding of not only the settlement, but also the intersection of the science of neurocognitive impairment and neurological diseases with the interpretation of the settlement agreement and administration of the settlement.  There is no evidence to date that Class Counsel or his contract lawyers understand the medical science sufficiently to understand the symptoms suffered and adequately protect the interests of former players, especially, without face-to-face contact with the individual players.  If they do, they have not utilized that knowledge in support of the members of the Class.  In fact, Locks Law Firm and others, in many ways, have acquired superior knowledge of the settlement and the claims process through its handling a large number of claims.

## CONCLUSION

The recommendations provided by Professor Rubenstein remain correct. This Court should not deviate from the professional opinion of its own expert now. Consistent with Professor

Rubenstein's recommendations, the Court should reject the 5% set-aside requested by Class Counsel and not adopt a hold-back.  If necessary, and only if required as a last resort, the Court should adopt no more than 1% to be set-aside in escrow for future use, with a strict budget setting forth the services and an annual cap of $500,000. As explained in our original opposition, with the money already in the fund plus a 1% holdback, it is certainly enough to provide $500,000 a year.

                                                  Respectfully submitted,

Dated: August 11, 2020                          */s/* Gene Locks
                                                  Gene Locks
                                                  Heather M. Schneider
                                                  LOCKS LAW FIRM
                                                  The Curtis Center
                                                  Suite 720 East
                                                  601 Walnut Street
                                                  Philadelphia, PA 19106
                                                  Phone: (215) 893-3423
                                                  Fax: (215) 893-3444
                                                  Email: glcoks@lockslaw.com
                                                  hschneider@lockslaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing is being served upon all counsel of record via the **CM/ECF system**, this 11th day of August, 2020.

                                        */s/* Gene Locks
                                        LOCKS LAW FIRM