**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>The Actions Listed Below | Civil Action Nos. 12-cv-2219<br>12-cv-4185<br>13-cv-3891 |

**ORDER**

**AND NOW**, this 11th day of August, 2020, it is **ORDERED** that the following Motions to Withdraw as Counsel by Zimmerman Reed LLP are **DENIED** without prejudice[1]:

- Motion to Withdraw As Attorney for Donald Rolle (ECF 10906 in 12-md-2323; ECF 213 in 12-cv-2219)

- Motion to Withdraw As Attorney for C.R. Roberts and Yvonne Roberts (ECF 11010 in 12-md-2323; ECF 270 in 12-cv-4185)

---

[1] Zimmerman Reed LLP has filed several motions to withdraw from representing various of their clients. In some of the motions, the firm represents that the client(s) retained new counsel, in others, the firm states that the client(s) have told the firm that the client(s) no longer want the firm to represent them, and in one case, the firm represents that it told its client it would withdraw after the client stopped showing up to BAP appointments and stopped responding to the firm's communication efforts.

All of these motions lack sufficient detail. As to the motions stating that the client(s) either retained new counsel or told the firm they no longer wanted representation, Zimmerman Reed must provide some sort of affidavit, declaration or other proof from the client (or the client's new lawyer) in support of its motion. If it is unable to do so, it must explain why it is unable to do so.

As to the client who has stopped responding to the firm's communication efforts, Zimmerman Reed must provide more detail here, as well. For instance, Zimmerman Reed should explain what efforts it has recently made to communicate with this client, and must elaborate on the efforts it took to "properly notify" the client of its intent to withdraw (and ensure that the client received this notification), given the apparent lack of communication that has arisen.

To the extent any of the above may implicate confidential information regarding the attorney-client relationship, Zimmerman Reed may (and should) submit that information under seal.

- Motion to Withdraw as Attorney for Michael Ball, Jr. (ECF 11039 in 12-md-2323; ECF 7 in 13-cv-3891)

- Motion to Withdraw As Attorney for Alfred Anderson and Kimberly Anderson (ECF 11069 in 12-md-2323; ECF 215 in 12-cv-2219)

- Motion to Withdraw As Attorney for Gerald Robinson and Melissa Robinson (ECF 11071 in 12-md-2323; ECF 272 in 12-cv-4185)

                                              _s/ANITA B. BRODY, J.__
                                              ANITA B. BRODY, J.

COPIES VIA ECF 08/11/2020