UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody**<br><br>Civ. Action No. 14-00029-AB |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**CLASS COUNSEL'S RESPONSE TO UNAUTHORIZED SUR-REPLY TO MOTION TO SUPPLEMENT PETITION FOR ADOPTION OF A SET-ASIDE FROM EACH MONETARY AWARD AND DERIVATIVE CLAIMANT AWARD**

On August 11, 2020, the Locks Law Firm ("Locks") filed a purported sur-reply (ECF No. 11157) to Class Counsel's motion for leave to file a supplemental declaration in connection with the pending petition for adoption of a 5% set-aside from Monetary Awards (ECF No. 11127).

Neither the Federal Rules of Civil Procedure nor this District's Local Rules provide for sur-replies. Indeed, "**[**s]urreplies are disfavored because parties are expected to fully and expeditiously address all matters raised in the original motion in their response." *United States v. Brace*, No. 1:17-CV-00006 (BR), 2018 WL 9815248, at *2 (W.D. Pa. Nov. 6, 2018) (citation and internal quotation marks omitted); *accord Waters Techs. Corp. v. Aurora SFC Sys. Inc.*, No. CV 11-708-RGA, 2012 WL 13167829, at *1 (D. Del. Apr. 20, 2012) ("Sur-reply briefs are disfavored."). This Court's Policies and Procedures direct that, save as to summary judgment

motions, "surreply briefs are discouraged and a party must move for leave to file a surreply." http://www.paed.uscourts.gov/documents/procedures/bropol.pdf ("General Motions Practice," § 4) (last visited Aug. 12, 2020). Locks, however, did not move for leave to file its sur-reply – let alone obtain the Court's permission to do so. It deceptively docketed the sur-reply as a "response" to Class Counsel's motion – even though Locks had already filed its response on July 28, 2020 (ECF No. 11136). Either Locks, for all its touted legal acumen, does not have a grasp of fundamental procedural rules, or it chose to circumvent them here.

Class Counsel could easily respond to Locks' points, including the uninformed reference to Class Counsel's "contract lawyers" (ECF No. 11157 at 4) – of whom there are none working on this case. But at some point the briefing of this, like any other motion, must come to a close. Therefore, Class Counsel will not burden the Court with further briefing – especially without the Court's permission – on what was a straightforward and limited motion to update the evidentiary record. The judges of this Court have routinely struck or refused to consider unauthorized sur-replies. *E.g.*, *Adams v. U.S. EEOC*, 932 F. Supp. 660, 663 (E.D. Pa. 1996); *Williams v. CVS Caremark Corp.*, No. 15-5773, 2016 WL 4409190, at *3 (E.D. Pa. Aug. 18, 2016); *Supermedia LLC v. Morley*, No. CV 12-2329, 2013 WL 12249489, at *5 (E.D. Pa. Sept. 5, 2013). The Court should do likewise here in the case of Locks' unauthorized sur-reply. If the Court desires a substantive response to Locks' points, Class Counsel stands ready to submit one.

Dated: August 12, 2020                                    Respectfully submitted,

*/s/ Christopher A. Seeger*
Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
cseeger@seegerweiss.com
(T) 212-584-0700
**Class Counsel**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's ECF system on August 12, 2020.

<i><u>/s/ Christopher A. Seeger</u></i><br>
Christopher A. Seeger