UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>    Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>    Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**CLASS COUNSEL'S SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF PENDING VERIFIED PETITIONS FOR AWARDS OF <u>POST-EFFECTIVE DATE COMMON BENEFIT ATTORNEYS' FEES AND COSTS</u>**

The pending Verified Petitions for Awards of Post-Effective Date Common Benefit Attorneys' Fees and Costs ("Fee Petitions") (ECF Nos. 10374 (Second Fee Petition), 10767 (Third Fee Petition), 10986 (Fourth Fee Petition), 11126 (Fifth Fee Petition)) have been fully briefed and

1

remain ripe for decision. At the close of the September 9, 2020 hearing on the second through fourth petitions (*see* ECF Nos. 81-82 in No. 2:14-cv-00029-AB), the Court requested supplemental briefing from Class Counsel concerning the hourly billing rates used for the timekeepers who have undertaken common benefit in the course of the implementation and oversight of the Settlement.

The billing rates used by Class Counsel in each of the fee petitions were those "blended billing rates" that the Court directed when it allocated the aggregate common benefit award in May 2018, and which it used in in rendering its first implementation-phase common benefit award. *See* ECF Nos. 10019 at 25, 10378 at 3 & n.3.[1] Specifically, the Court directed as follows:

> I ask Co-Lead Class Counsel to submit a petition detailing the fees for the class benefit work that has been performed since the Effective Date of the Settlement Agreement. Going forward, fee petitions for the work done in implementing the settlement should be submitted by Co-Lead Class Counsel as he deems appropriate, but at least every six months. *Class Counsel should adopt the blended billing rates used in the present allocation*. In the future, Class Counsel may petition the Court for an increase in the standard billing rates, if he determines that such increase is necessary. *These implementation fees will be paid on a straight lodestar basis, without the use of a multiplier.*

ECF No. 10019 at 25 (emphases added).

Subsequently, the Court approved the First Fee Petition, thereby rejecting the challenge by counsel for the Aldridge Objectors to use of these billing rates (*see* ECF No. 10165 at 11-13). The Court specifically noted that "Class Counsel's fees [we]re based on a straight loadstar calculation, using the billing rates that I previously determined were reasonable." ECF No. 10378 at 3. In affirming the Court's various fee decisions, including the granting of the First Fee Petition, the Third Circuit noted the Court's adoption of these "blended" billing rates by the Court, and concluded that "the District Court soundly exercised its discretion in its fee awards and procedures

---

[1] The billing rate set by the Court for partners is $758.35; the rate for "counsel" or "of counsel" attorneys is $692.50; the rate for associates is $486.67; the rate for contract attorneys is $537.50; and the rate for paralegals is $260.00. ECF Nos. 10019 at 7 n.4, 10378 at 3 n.3.

employed as part of the proper exercise of this Court's discretion." *In re Nat'l Football League Players' Concussion Injury Litig.*, 814 F. App'x 678, 683 (3d Cir. 2020).

Notwithstanding that the Court itself had prescribed these rates, counsel for the Aldridge Objectors continued to argue at the September 9th hearing that the rates are excessive because they translate to bloated, disproportionate annual salaries for the categories of timekeepers involved. For example, taking the $260/hour "blended" billing rate set by the Court for paralegals, counsel for the Aldridge Objectors treated this *billing* rate as a paralegal's hourly *wage*, and extrapolated a full-time annual salary of $500,000, $136,000 of which would be earned from work on the Settlement if a paralegal worked an average of 10 hours of common benefit work each week. This is the same sort of silly argument recently made by attorney David Langfitt in opposing Class Counsel's recent motion for leave to supplement the record on the pending request for adoption of a five-percent set-aside. *See* ECF No. 11138 at 8-9; *see also* ECF No. 11154 at 13 (Class Counsel's response to Langfitt's argument). Extrapolating illusory bloated annual salaries from billing rates is disingenuous, for anyone who knows (or ought to know) the difference between the rates at which firms bill their legal professionals' services and the wages that the timekeepers themselves actually earn. Class Counsel finds it hard to take this argument seriously unless counsel for the Aldridge Objectors pays *his* associates and paralegals an hourly wage that matches the rate at which he bills their services.

Moreover, the rates set by the Court are consistent with those approved in a plethora of other cases – including many from within this District.[2]  In sum, the rehashed objection to the Court's prescribed blended rates is utterly devoid of merit and should be overruled.

---

[2]  *See, e.g.*, *McDonough v. Toys "R" Us, Inc.*, 80 F. Supp. 3d 626, 657 n.30 (E.D. Pa. 2015) (noting with approval billing rates for attorneys between $315 and $800, and approving Seeger Weiss LLP's regular rates); *Stevens v. SEI Invs. Co.*, No. 18-4205, 2020 WL 996418, at

**CONCLUSION**

Based on the briefing submitted to date as supplemented by the foregoing, Class Counsel respectfully requests that the Court overrule the objections to each of the pending Post-Effective Date Fee Petitions, and grant each of those Petitions.

---

*13 (E.D. Pa. Feb. 28, 2020) ("Class Counsel and support staff are claiming … hourly rates ranging from $250 to $875. These hourly rates are also well within the range of what is reasonable and appropriate in this market."); *Fulton-Green v. Accolade, Inc.*, No. 18-274, 2019 WL 4677954, at *12 (E.D. Pa. Sept. 24, 2019) ("Class Counsel's rates range from $202 [for paralegals] to $975 per hour [for partners]. Courts have considered similar rates reasonable in the past.") (citing cases); *In re Cigna-Am. Specialty Health Admin. Fee Litig.*, No. 2:16-cv-03967-NIQA, 2019 WL 4082946, at *15 (E.D. Pa. Aug. 29, 2019) ("Class Counsel and support staff are claiming . . . hourly rates between $175 and $995. . . . These hourly rates are also well within the range of what is reasonable and appropriate in this market."); *Vista Outdoor Inc. v. Reeves Family Tr.*, No. 16 Civ. 5766 (JSR), 2018 WL 3104631, at *5-6 (S.D.N.Y. May 24, 2018) (partners' hourly rates of $1,165-$1,260 "not excessive in the New York City 'big firm' market"); *Woburn Ret. Sys. v. Salix Pharm., Ltd.*, No. 14-CV-8925 (KMW), 2017 WL 3579892, at *5 (S.D.N.Y. Aug. 18, 2017) (approving class action fee award with partner billing rates of up to $995 per hour); *Genger v. Genger*, No. 14-cv-5683 (KBF) (DF), 2017 WL 9771814, at *4 (S.D.N.Y. May 22, 2017) (approving rates of $265.50 and $280 per hour for work performed by paralegals), *report and recommendation adopted*, No. 14-cv-5683 (KBF), 2017 WL 9771807 (May 30, 2017); *In re Viropharma Inc., Sec. Litig.*, No. 12-2714, 2016 WL 312108, at *18 (E.D. Pa. Jan. 25, 2016) (hourly billing rates of all of plaintiff's counsel ranged from $610 to $925 for partners, $475 to $750 for of counsels, and $350 to $700 for other attorneys); *Rembert v. Cheverko*, No. 12-CV-9196 (KBF), 2015 WL 6971363, at *1 (S.D.N.Y. Nov. 9, 2015) (approving $620 and $660 per hour for work of experienced associates); *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 1871, 2012 WL 6923367, at *10 (E.D. Pa. Oct. 19, 2012) ("According to a 2011 sampling of nationwide billing rates submitted by the Fee Committee, of which this Court takes judicial notice, partners at GSK's Philadelphia-based firm (Pepper Hamilton) bill up to $825 per hour, and partners at other Philadelphia law firms have similar top hourly rates ($900 at Cozen O'Connor, $875 at Duane Morris, $750 at Saul Ewing, and $725 at Fox Rothschild)"); *In re Merck & Co., Inc. Vytorin ERISA Litig.*, No. 08–CV–285 (DMC), 2010 WL 547613, at *13 (D.N.J. Feb. 9, 2010) (approving attorney billing rates in 2010 from $345 - $750 and paraprofessional rates up to $255).

Date:  September 15, 2020                    Respectfully submitted,

*/s/ Christopher A. Seeger*
Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  (212) 584-0700
cseeger@seegerweiss.com

***CLASS COUNSEL***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's ECF system on September 15, 2020.

>*/s/ Christopher A. Seeger*
>Christopher A. Seeger