UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: NATIONAL FOOTBALL LEAGUE
PLAYERS CONCUSSION INJURY LITIGATION

Case No. 2:12-md-02323

REGARDING SETTLEMENT OF CLASS
MEMBER JESSIE SMALL
_____/

**RESPONSE TO OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DISCHAREGE OF ATTORNEY LIEN BY HOWARD & ASSOCIATES, P.A.**

COMES NOW Howard & Associates, Attorneys at Law, P.A., ("Respondent")[1] through undersigned counsel, and provides its Response to Objection to Magistrate Judge's Report and Recommendation (the "Report" ECF Doc. No. 11193), filed by filed by Shenaq, P.C., ("Shenaq").  Clarifying the record, Respondent points out the inaccuracies as follows:

1.      Respondent claims that Respondent "made my husband believe that without [Howard}, Amir wouldn't be there.  And the only reason we had stayed [with Howard] was because of Amir's services."  When the reality is that Mr. Small never testified to anything and the wife was not involved in any

---

[1] The term "Respondent" also includes paralegals and staff, who all work with and for the Respondent law firm in guiding SCM Small's claim and addressing his needs.  The term can also include the benefits of co-counsel brought in by Respondent law firm, such as Shenaq, since the activities are subsumed in a joint venture and the joint and several aspects of the co-counsel relationship.

1

communications with Respondent concerning these matters.

Moreover, Respondent never said the statements with the import being given.  This is classic dissembling.  It is accurate that Howard brought in Shenaq as co-counsel in mid-2018, and "that without [Howard}, Amir wouldn't' be there."  This is self-evident.

More importantly, it is accurate that Howard paid for every testing and every cost related to representing his client from 2016 through to the time of his settlement.  This enhances the significance of the statement, that "Amir wouldn't be there."  Shenaq would not agree to pay for anything.  Thus, "but for" Howard paying for everything, there would have been no Shenaq firm assisting Howard, and no recovery in this case by Mr. Small.

It is false to state that "the only reason we stayed [with Howard] was because of Amir's services."  Mr. Small didn't know Amir nor of his services and would have had no capacity to judge or weigh them from when Amir was brought on as co-counsel in April of 2018 and submitted a claim in June of 2018.  All Shenaq's claims were under an audit for nearly a year.  Thus, until mid-2019, there was no way to judge Shenaq's performance.  The fact that a new claim was submitted in March of 2019, based on testing that Respondent paid for, does not mean that the merits of the claim were validated.

2.  Shenaq claims that $6,085.44 in expenses were erroneously awarded.

There is no dispute that these expenses were advanced for Mr. Small.  There is no dispute that the NFL Concussion Settlement required battery of neuropsychological tests were given.  There is no dispute that the neuropsychological tests were ultimately reviewed by a MAF approved neurologist.  There is no dispute that these tests were reviewed by counsel and part of the analysis of the validity of the claim.  These tests confirmed that Mr. Small was impaired and entitled to recover from the NFL Concussion Claims facility, which tests were validated by the award to Mr. Small.  Thus, these costs were not wasted.  Moreover, $10,939.56 expended for Mr. Small's testing are not being paid and Mr. Small is getting the benefits of those costs for free.

3. Corrections in allegations by Shenaq.  Mr. Small sought funds independently to carry his family until his claim was paid and no particular lender was recommended by Respondent.  All current legal fronts fomented by confidence game operators are settled or in the process of settlement, without Respondent paying anything for damages as Respondent received nothing and only worked to help those around Respondent.  The SEC, which issued a fine for Respondent letting his high school football friend consult, even issued an Order of Non-Disgorgement and has no attachment, because nothing was ever taken or received.

4. The Magistrate properly applied the *McKenzie* factors and understood

that Respondent was the source of all activities related to Mr. Small's claim. "But for" Respondent paying for every aspect of Mr. Small's claim there would have been no recovery to Mr. Small and no Shenaq to assist in the claim.

## Conclusion

The Magistrate's analysis is consistent with the facts, the law, and there is no abuse of discretion in any fashion. The *McKenzie* factors are properly weighed and justice is served.

## Declaration

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and accurate to the best of my knowledge and I understand that false statements made in connection with the process may result in fines, sanctions and/or other remedy at law.

Respectfully submitted,

/s/ Tim Howard
TIMOTHY HOWARD, J.D., PH.D.
Fla. Bar No.: 0655325
Howard & Associates, P.A.
1415 East Piedmont Dr. Suite 5
Tallahassee, Florida 32308
Telephone:  (850) 298-4455
Facsimile:   (850) 216-2537
Tim@HowardJustice.com

## CERTIFICATE OF SERVICE

4

5

      Undersigned counsel hereby certifies that he has served via e-service on counsel of record set forth on the Service List below a true and correct copy of the foregoing this 20th day of October 2020.

                                      <u>/s/ Tim Howard</u>
                                      Timothy Howard, Esq.