# "Exhibit F"

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO:<br>▮▮▮▮▮ (ID:950005876)<br>APPEAL OF DENIAL<br>OF MONETARY AWARD | |

## OBJECTION TO NFL PARTIES' OPPOSITION
## TO APPEAL OF CLAIM DENIAL

First and foremost, please receive this objection with hope and well wishes that you and your loved ones are safe and sound during the current pandemic. I respectfully submit this objection to the NFL Parties' Opposition to Appeal of Claim Denial by ▮▮▮▮▮, submitted for your honor's consideration on April 8, 2020. I object to the opposition statement and request that your honor strikes and or does not consider the NFL parties' opposition while making a final determination on ▮▮▮▮▮s Appeal for the following reasons:

1. The NFL Parties' have failed to conform and apply the rules that govern the appeals process and the settlement terms/injury definitions as evidence in their opposition statement. The Rules Governing Appeals of Claim Determinations, specifically Rule 14. Response of Appelle provides in part that, each appellee (here the NFL) may submit a response setting out its position and arguments on the Appeal… **While exhibits to this submission are permitted an appellee may not refer to or offer any evidence that was not before the claims administrator subject to Rule 23, which covers new evidence.**

2. Here, the NFL Parties' have attempted to circumvent the requirements of Rule 14 and Rule 23 by introducing new evidence which was not submitted to your honor as required by Rule 23. ▮▮▮▮▮ had no access to the documents cited by the NFL Parties' in support of their opposition.

3. In fact, the documents were not referred to on any of the Claims Administrator's three notices of denial of monetary award claim to which ▮▮▮▮ has appealed. Specifically, the NFL Parties' opposition statement cites in support of denial on page one, foot note one, the following:

> "Dr. Suite was terminated from the MAF program in October 2018 for improper practices, including for assigning CDR scores that did not match the players' functional abilities. Moreover, Dr. Suite's frequent diagnosis of Level 2 Neurocognitive Impairment without neuropsychological testing has led to numerous instances of the Special Master denying claims on appeal due to the lack of support for Dr. Suite's conclusion that such testing was medically unnecessary. *See, e.g.*, Post-Appeal Notices of Monetary Award Claim Determinations for SPIDs 100002269 (Doc. No. 218317); 950001369 (Doc. No. 192247); 100009609 (Doc. No. 203564)."

(see doc Id. 223229, foot note 1)

4. The evidence referred to by the NFL Parties' were not cited to or relied on by the claims administrator's denial to which the appeal at hand is at issue. Neither the first, second or third notice of denial indicating the reasons for, include any mention or reference to the evidence the NFL Parties' has referred to and have introduced in support of their opposition to ▮▮▮▮ appeal. The NFL Parties' have circumvented the applicable rules and due process as to the introduction of new evidence.

5. Rule 23 of the Rules Governing Appeals of Claim Determinations has been put in place to safeguard due process, the integrity of the settlement and avoid in part as is the case here, the improper introduction of character evidence/other acts and or habit; routine practice as codified in the applicable federal rules of evidence.

6. Here the record provides that former MAF Physician Dr. Nicholas Suite was not disqualified from participating in the settlement as is the proper disposition when your honor finds that a physician has committed improper practices during his diagnoses of a player. Instead, Dr. Suite was terminated by the claims administrator for unknown reasons as communicated by him. The NFL Parties' allege that Dr. Suite was terminated for "improper practices". The termination of Dr. Suite falls on the personal/professional opinion of whomever had the power to terminate him and not because he was found by the court to have committed the alleged "improper practices".

7. As to Dr. Nicholas Suite, there has been no finding of facts and determination by your honor, as has been done with a number of former MAF Physicians in which they were found to commit improper practices and consequentially disqualified by the court.

8. The NFL Parties' introduction of the new evidence of alleged "improper practices" by the MAF Physician, puts the doctor in a false light and belittles his medical practice.

9. The NFL's reliance on the improper evidence to support their opposition, amounts to a red herring and a reckless disregard to the settlement terms and applicable rules governing the appeals process.

10. I respectfully suggest that your honor does not allow for such conduct of the NFL Parties' to go unnoticed. ▮ prays that the NFL Parties' opposition statement is not considered in deciding the claim at hand and furthermore that their failure to abide by the applicable rules of evidence is addressed in the court's final decision on the appeal at issue.

Pursuant to Rule 21 of the Rules Governing Appeals of Claim Determinations, the undersigned respectfully requests the opportunity to provide an oral argument in support of ▮ ▮ Appeal and Objection before the court.

Dated: April 15, 2020

Respectfully submitted,

By: _____
**Derrick C. Morales, Esq.**
Admitted to Practice Law
in Florida and New York
13499 Biscayne Blvd Suite 107
North Miami, FL 33181
Tel. (786) 440-9383
E-Mail: DCM@dcmoraleslaw.com