UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>          Plaintiffs<br><br>          v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>          Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**SUPPORTING BLACK CLASS MEMBERS' MOTION,
AS INTERESTED PARTIES, FOR LEAVE TO FILE A MEMORANDUM IN SUPPORT
OF THE MOTION FOR RELIEF UNDER
<u>ARTICLE XXVII OF THE SETTLEMENT AGREEMENT</u>**

Black Settlement Class members represented by the undersigned counsel ("Supporting Black Class Members"), who collectively number in the hundreds, respectfully move this Court for leave to file a Memorandum in support of the Motion for Relief Under Article XXVII of the Settlement Agreement or Relief from Judgment by Kevin Henry and Najeh Davenport (ECF No. 11169, hereinafter the "Davenport Motion"). Supporting Black Class Members have sought the consent of the NFL Parties and Class Counsel to this Motion, but, at the time of filing of this Motion, had not received a reply.

1

In support of the Motion, Supporting Black Class Members rely on the Points and Authorities in the accompanying memorandum of law. Supporting Black Class Members' proposed Memorandum in support of the Davenport Motion is attached as Exhibit A to the accompanying memorandum of law.

Dated: November 9, 2020						Respectfully submitted,

	/s/ David D. Langfitt
	David D. Langfitt
	**LANGFITT GARNER PLLC**
	P.O. Box 302
	Gladwyne, PA 9035
	Phone: (610) 787-1706
	david@langfittgarner.com

	Jeannine M. Kenney
	**HAUSFELD LLP**
	325 Chestnut Street, Suite 900
	Philadelphia, PA 19106
	Tel: (215) 985-3270
	Fax: (215) 985-3271
	jkenney@hausfeld.com

	Richard S. Lewis
	**HAUSFELD LLP**
	888 16th Street, NW, Suite 300
	Washington, DC 20006
	Tel: (202) 540-7200
	Fax: (202) 540-7201
	rlewis@hausfeld.com

	Wendy R. Fleishman
	**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
	Tel: 212.355.9500 ext. 6619
	Fax: 212.355.9592
	250 Hudson Street, 8th Floor
	New York, NY 10013
	wfleishman@lchb.com

	Brian Gudmundson
	**ZIMMERMAN REED**
	1110 IDS Center

80 South 8th Street
Minneapolis, MN 55402
Tel: 612-341-0400
Brian.gudmundson@zimmreed.com

*Counsel to Supporting Black Class Members*

Case 2:12-md-02323-AB   Document 11226   Filed 11/09/20   Page 3 of 11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing SUPPORTING BLACK CLASS MEMBERS' MOTION, AS INTERESTED PARTIES, FOR LEAVE TO FILE A MEMORANDUM IN SUPPORT OF THE MOTION FOR RELIEF UNDER ARTICLE XXVII OF THE SETTLEMENT AGREEMENT, the accompanying Memorandum in Support thereof, and all accompanying exhibits thereto were served electronically via the Court's electronic filing system on the 9th day of November 2020 upon all counsel of record.


Dated: November 9, 2020                    */s/ David Langfitt*
                                           David Langfitt

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>        Plaintiffs<br><br>            v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>        Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**SUPPORTING BLACK CLASS MEMBERS'
BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE A MEMORANDUM IN
SUPPORT OF THE MOTION FOR RELIEF
<u>UNDER ARTICLE XXVII OF THE SETTLEMENT AGREEMENT</u>**

Black Settlement Class members represented by the undersigned counsel ("Supporting Black Class Members") respectfully offer this brief in support of their Motion for Leave to File a Memorandum in Support of the Motion for Relief Under Article XXVII of the Settlement Agreement or Relief from Judgment by Kevin Henry and Najeh Davenport (ECF No. 11169, hereinafter the "Davenport Motion"). The proposed Memorandum in Support is attached hereto as Exhibit A.

-1-

## INTRODUCTION

Supporting Black Class members, who collectively number in the hundreds, seek leave to file a short Memorandum in support of the Davenport Motion and Reply Brief. Although Supporting Black Class Members are absent Settlement Class Members and Movants brought the Davenport Motion on behalf of all such Black Class Members (who make up a majority of the Settlement Class), the Supporting Black Class Members wish to offer their view that Black Class Members who have not yet received a Qualifying Diagnosis of Level 1.5 or 2.0 Impairment under the Settlement face discrimination from the presumptive or required application of race norming when neuropsychological tests are scored under the Baseline Assessment Program ("BAP") or the Monetary Award Fund ("MAF") Program.

Further, prior to the deadline to opt out of or object to the Settlement, Black Class Members did not receive notice that the administration of the Settlement would result in the use of race norming in BAP and MAF assessments in a manner that makes it more difficult for Black players to obtain relief under the Settlement by presuming that they have lower cognitive abilities than their White peers.

Although Supporting Black Class Members are absent settlement class members and are thus, in a sense, interested parties rather than *amici curiae*, the standards applicable to motions for leave to file briefs as *amici curiae* are generally applicable to Supporting Black Class Members' Motion for Leave and the Memorandum attached as Exhibit A. Those criteria are: whether the parties seeking leave to file a supporting memoranda have a special interest in the case, their interests are adequately represented in the case, the information they offer is timely and useful, and the petitioner is not partial to the outcome in the case. *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005). As discussed *infra*, Supporting Black

Class Members' proposed Memorandum meets these criteria. The last criterion is inapplicable in the context of this Motion and the procedural posture of this case, in which Supporting Black Class Members are absent Settlement Class Members and the underlying litigation itself has been resolved by the Settlement Agreement. Even if considered to be partial to "the outcome of the case" in that they indisputably have an interest in the outcome of the Davenport Motion, there is no requirement that they be completely disinterested. *Id.*[1]

Unless they are permitted to file the Memorandum, the Supporting Black Class Members have no other means by which to share their views with this Court. This is particularly so given that, as discussed in the proposed Memorandum, the Supporting Black Class Members did not received notice that race norms would be used under the BAP and MAF Programs to assume that they have lower cognitive function than their White peers solely because they are Black. Because they had no opportunity to object to such discriminatory assessments under the Settlement before it was approved, the Court should permit the Supporting Black Class Members to be heard now. *Cf. Granillo v. FCA US LLC,* No. 16-cv-153, 2018 WL 4676057, at *5 (D.N.J. Sept. 28, 2018) (rejecting proposed *amicus* brief of non-class members where class members have the opportunity to file their own objections).

---

[1] Alternatively, the Court may consider Supporting Black Class Members' Motion for Leave as a motion to intervene under Federal Rule of Civil Procedure 24. *Liberty Resources,* 395 F. Supp. 2d at 208. Supporting Black Class Members' individual claims were dismissed and thus are no longer parties to any ongoing litigation in the MDL. A motion to intervene is evaluated using standards consistent with those for *amicus curiae* and may be granted where there is "(1) a timely application for leave to intervene; (2) a sufficient interest in the litigation; (3) a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and (4) inadequate representation of the prospective intervenor's interest by existing parties to the litigation." *Granillo* 2018 WL 4676057, at *8. Supporting Black Class Members' have a claim that has a question of law and fact in common with the Davenport Movants—whether the Settlement Agreement should be interpreted to permit racial discrimination during neuropsychological testing—and the Court has considerable discretion to grant Supporting Black Class Members' motion on that basis. *Liberty Resources,* 395 F. Supp. 2d at 208.

## ARGUMENT

1. **Supporting Black Class Members Have a Special Interest in the Davenport Motion**.

Supporting Black Class Members are all Black. They are all members of the Settlement Class. They number in the hundreds. They have all participated in neuropsychological testing under either the Baseline Assessment Program or the Monetary Award Fund Program. None has qualified for a Level 1.5 or 2.0 monetary award under the Settlement. On information and belief, each has either been subjected to BAP or MAF assessments that have used race norming or is at risk that race norming will be used in future assessments. Consequently, each is a risk of being denied a qualifying diagnosis or monetary award because of their race, if the Court declines to grant the Davenport Motion. Indeed, Supporting Black Class Members' proposed Memorandum provides a specific example in which race norming has already resulted in a Black Class Member being denied a qualifying diagnosis because of his race.

2. **The Interests of Supporting Black Class Members Are Not Adequately Represented by Movants' Counsel or Settlement Class Counsel.**

Although the Davenport Movants propose relief sought by the Supporting Black Class Members, Supporting Black Class Members, who number in the hundreds, are not represented by Movants' counsel nor do they have information regarding Supporting Black Class Members' claims and neuropsychological testing. Supporting Black Class Members also propose that, in the event the Court does not grant the Davenport Motion, that it order specific data collected and disclosed so that the potential discriminatory effects of race norming can be evaluated. The Davenport Motion suggest similar discovery but does not propose sufficient data points necessary to evaluate the discriminatory impact of race norming.

And although court-appointed Settlement Class Counsel represent all Settlement Class Members, Settlement Class Counsel has made arguments adverse to the relief sought by the Davenport Motion and assert that Black Class Members have not been denied relief because of race norming. That is contrary to the arguments provided by the Supporting Black Class Members. *Cf. Granillo*, 2018 WL 4676057, at *9 (noting that, with respect to motion to intervene, presumption that class counsel provided adequate representation is overcome when there is adversity of interest). Settlement Class Counsel thus does not adequately represent the interests of the Supporting Black Class Members and is, in fact, adverse to them, for purposes of the pending Davenport Motion.

3. **Supporting Black Class Members Offer Information and Perspectives that are Timely and Useful**.

Supporting Black Class Members' Motion for Leave is timely. Although there are no clear deadlines for when motions to file third-party briefs in support of another party's brief must be filed, courts in this Circuit are guided by the deadlines under Federal Rule of Appellate Procedure 29, requiring that supporting briefs be filed within seven days of the filing of the principal brief to which a third party responds. *Abu-Jamal v. Horn*, No. CIV. A. 99-5089, 2000 WL 1100784, at *5 (E.D. Pa. Aug. 7, 2000). Here, the Supporting Black Class Members are responding to the Davenport Movant's Reply Brief, filed seven days ago, which provides new information in the Manly Declaration regarding risk of false negatives when race norming is applied to BAP and MAF assessments and other infirmities associated with the use of race norms in the context of a Settlement Agreement that imposes rigid cut-offs for certain Qualifying Diagnoses. Regardless of any particular deadline, the Supporting Black Class Members' proposed Memorandum is modest in length and will not significantly expand the scope of filings related the Davenport motion.

Further, the Supporting Black Class Members' proposed Memorandum provides information that is useful to the Court in resolving the pending Davenport Motion. "Courts have found the participation of an amicus especially proper where the amicus will ensure 'complete and plenary presentation of difficult issues so that the court may reach a proper decision.'" *Liberty Resources*, 395 F. Supp. 2d at 209. The proposed Memorandum provides the perspectives of hundreds of other Black Settlement Class Members regarding their understanding of the Settlement Agreement and the lack of notice of presumptive race norming and their objections to it. The specific example the proposed Memorandum provides shows the discriminatory effects of race-norming, and why the Supporting Black Class Members have grave concerns that past and present race-based discrimination will continue unless the Court grants the Davenport Motion. Courts also grant supporting third-party memoranda when there is an issue of public interest at stake. *Id.* at 209-10. The Supporting Black Class Members have raised issues of serious public concern in the proposed Memorandum; that is, whether Black players, who make up the majority of the Settlement Class, are being excluded from its benefits on the basis of race.

## CONCLUSION

For the foregoing reasons, the Supporting Black Class Members respectfully request that the Court to grant their Motion for Leave to file the Memorandum in support of the Davenport Motion.

Dated: November 9, 2020                  Respectfully submitted,

                                                 /s/ David D. Langfitt
                                                 David D. Langfitt
                                                 **LANGFITT GARNER PLLC**
                                                 P.O. Box 302
                                                 Gladwyne, PA 9035
                                                 Phone: (610) 787-1706

david@langfittgarner.com

Jeannine M. Kenney
**HAUSFELD LLP**
325 Chestnut Street
Suite 900
Philadelphia, PA 19106
Tel: (215) 985-3270
Fax: (215) 985-3271
jkenney@hausfeld.com

Richard S. Lewis
**HAUSFELD LLP**
888 16th Street, NW
Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeld.com

and

Wendy R. Fleishman
wfleishman@lchb.com
t 212.355.9500 ext. 6619
m 917.992.4550
f 212.355.9592
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
www.lieffcabraser.com

and

Brian Gudmundson
Zimmerman Reed
1110 IDS Center
80 South 8th Street
Minneapolis, MN 55402
612-341-0400
Brian.gudmundson@zimmreed.com

*Counsel to Supporting Black Class Members*