**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                           Plaintiffs,<br>           v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                                           Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>John D. Giddens, P.A. v. Archie Reese<br>Attorney Lien Dispute<br>(Doc. No. 7689) | |

**EXPLANATION AND ORDER**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                                November 10, 2020

      Before the Court is a Notice of Attorney's Lien ("Lien") and a Petition to Establish Attorney's Lien (Doc. No. 7689) seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member ("SCM") Archie Reese, who was issued a Notice of Monetary Award Claim Determination on August 17, 2020. The lien was filed on May 18, 2017 by John D. Giddens, P.A. ("Giddens"). Mr. Reese is currently represented by Shenaq, P.C., as associated counsel of Peckham Martin, PLLC ("Peckham") and Wayne E. Farrell, Jr., Attorney at Law. The Claims Administrator issued to Peckham a Notice of this lien on March 28, 2018.

      The District Court referred all Petitions for individual attorney's liens to this Magistrate

Judge. (Doc. No. 7746.) Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283.) Pursuant to Rule 12, Giddens and Shenaq (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this dispute. The Parties have consented to jurisdiction by a Magistrate Judge. (Doc. No. 11219.) Accordingly, this Opinion will serve as the final decision of the Court concerning this attorney lien dispute.

The Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") pursuant to Rule 24 on October 26 and 27, 2020. The Withdrawal agreement clearly indicates the portion of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future. The agreement was negotiated by law firms that were informed and concerned about their own interest. Upon review of the Withdrawal and the contingency fee agreements, and in consideration of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to each firm is reasonable, does not exceed the percentage for which the parties contracted, and that the collective fees are within the percentage allowed under the 22% Presumptive Fee Cap. Accordingly, we conclude that the Withdrawal should be granted and that the Claims Administrator should be ordered to distribute the attorneys' fees to the parties as set forth in the Withdrawal.[1] We also have reviewed the itemized list of costs submitted by Shenaq and the provision of Mr. Reese's

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

agreement with Peckham, with whom Shenaq associated, that provides for reimbursement of certain costs. We conclude that Shenaq is entitled to the costs asserted.

**AND NOW**, this 10th day of November, 2020, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and
2. The Claims Administrator is **ORDERED** to distribute the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

 /s/ David R. Strawbridge, USMJ_____
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE