IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br>Plaintiffs,<br>v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>Defendants. | **Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

## EXPLANATION AND ORDER

Before the Court are three fee petitions from Class Counsel[1] seeking payment for Class benefit work completed between May 25, 2018 and November 30, 2019 to implement the NFL Settlement.

On April 5, 2018, I approved a common fund to be used to pay Class Benefit Attorneys for securing and implementing the Settlement Agreement. Mem., ECF No. 9860 ("Common Fund Mem."). On May 24, 2018, I allocated payment to Class Benefit Attorneys for their work in securing the Settlement Agreement. Explanation & Order, ECF No. 10019 ("Settlement Agreement Attorneys' Fees Order"). I then directed Class Counsel to file fee petitions every six

---

[1] On May 24, 2019, I appointed Christopher A. Seeger of Seeger Weiss sole Class Counsel. Order, ECF No. 10624. I refer to him as Class Counsel throughout. I refer collectively to the firms that completed Class benefit work as Class Benefit Attorneys.

months for Class benefit work resulting from implementing the Settlement. *Id.* at 25. On January 16, 2019 I granted Class Counsel's First Verified Petition seeking payment for Class benefit work done between January 7, 2017 (the Effective Date of the Settlement) and May 24, 2018. Explanation & Order, ECF No. 10378 ("First Verified Petition Order").

Class Counsel submitted the Second Verified Petition on January 10, 2019 (ECF No. 10374), the Third Verified Petition on July 25, 2019 (ECF No. 10767), and the Fourth Verified Petition on February 5, 2020 (ECF No. 10986).

For the reasons set forth below, I grant each petition in part.

## I.     DISCUSSION

This case began as an aggregation of lawsuits brought by Former Players against the NFL Parties for head injuries sustained while playing NFL football. The Settlement was secured through negotiations that were supported by a creative legal framework that survived rigorous appellate challenge. The details of the work performed by Class Benefit Attorneys to secure this Settlement Agreement are set forth more fully in my prior opinions.

Class Counsel's Second, Third, and Fourth Verified Petitions seek payment for work related to implementing the Settlement Agreement from May 25, 2018 (the first date after the end of the billing period in the First Verified Petition) to November 30, 2019. As expected, implementation efforts have been time intensive. Class Counsel's petitions provide excellent summaries of the work that has been essential for the success of this Settlement, and I will not repeat it here.

The objectors urge me to delay in paying Class Benefit Attorneys for the work they have performed. On April 16, 2019, I held a fairness hearing on the Second Verified Petition. On September 9, 2020, I held a subsequent fairness hearing on all three petitions. The objectors were

given an opportunity to be heard at both hearings. The objectors largely repeat the same arguments that were raised in their objections to the First Verified Petition: they suggest that the amount of work performed in the first few years of implementing the Settlement is unexpected. The objectors are wrong.

As I already have already explained, the parties knew that the bulk of the work to implement the Settlement would occur in the early years of the 65-year agreement. Common Fund Mem., ECF No. 9860, at 17-18; First Verified Petition Order, ECF No. 10378, at 2. This is supported by the fact that fees and expenses have already begun to decrease. The First Verified Petition covers roughly the same amount of time as the Second, Third, and Fourth Petitions combined. Yet, the award of $9,381,961.06 that I approved in the First Verified Petition dwarfs the total award of $6,122,541.00 sought in the Second, Third, and Fourth Petitions combined.

Class Benefit Attorneys' representation of the Class has been invaluable. Payment for these services is appropriate at this time.

*Calculation of the Fee*

Class Benefit Attorneys' fees are based on a straight lodestar calculation, using the billing rates that I previously determined were reasonable.[2] Settlement Agreement Attorneys' Fees Order, ECF No. 10019, at 7 n.4 (listing rates); *id.* at 25 (ordering counsel to use these rates in future fee petitions). The rates are blended rates for partners, attorneys who are of counsel, associates, staff attorneys and contract attorneys, and paralegals.[3]

---

[2] I asked Class Counsel and the objectors for supplemental briefing on the reasonableness of the billing rates. After further review, I am persuaded that the billing rates I approved remain reasonable.

[3] The approved hourly billing rates are as follows: $758.35 for partners; $692.50 for attorneys who are of counsel; $486.67 for associates; $537.50 for staff attorneys and contract attorneys; and $260.00 for paralegals.

Early in this litigation, the Plaintiffs' Executive and Steering Committees established protocols for time and expense reporting, which I approved in Case Management Order #5 ("CMO-5"). ECF No. 3710. I have asked Class Counsel to review the bills submitted by each law firm for reasonableness and for compliance with CMO-5. After the submissions were reviewed and necessary revisions were made, the itemized statements were submitted to me for *in camera* review.

From my review, I have determined that the time submitted was for work done in advancing the benefit of the Class, the work was done with appropriate efficiency, and the fee requests submitted were reasonable. In some instances, I have determined that certain non-compensable time was submitted in error or that mathematical errors occurred. I have adjusted the submitted time accordingly, as is noted below.

I will address each petition in turn.

A. **Second Verified Petition**

The Second Verified Petition seeks payment for Class benefit work completed between May 25, 2018 (the first date after the end of the billing period in the First Verified Petition) and November 30, 2018. I will address each firm in Class Counsel's fee petition in alphabetical order, setting out the amount requested and a brief description of any adjustments that I determined were necessary.

1. **Levin Sedran & Berman**

Levin Sedran & Berman submitted a request for $14,102.56 in fees and $55 in expenses.[4] The firm worked with Seeger Weiss on the litigation related to third-party funders. Reviewing

---

[4] The request was based on 13.3 hours of work performed by partners and 5.8 hours of work performed by attorneys who are of counsel.

the itemized bill submitted, I identified some entries that were not properly included under the restrictions defined by CMO-5, which appear to have been included in error.[5] Additionally, I identified a mathematical error that resulted in an incorrect calculation of the total number of hours billed by partners.

I conclude that the firm is entitled to payment for 9.8 hours of work performed by partners and 5.8 hours of work performed by attorneys who are of counsel for a total of $11,448.33 in fees. I also approved the request for $55 in expenses.

2. **Locks Law Firm**

Locks Law Firm submitted a request for $413,755.76 in fees.[6] The firm performed a wide range of services for the Class, including working on matters relating to Settlement Agreement interpretation and third-party funders. I have reviewed the itemized bill submitted and found the entries consistent with the rigors set forth in CMO-5. But I identified a mathematical error that resulted in an incorrect calculation of the total number of hours billed by partners.

I conclude that the firm is entitled to payment for 544.6 hours of work performed by partners for a total of $412,997.41.

3. **Podhurst Orseck**

Podhurst Orseck submitted a request for $45,973.33 in fees and $2,887.99 in expenses.[7] The firm performed a wide range of services for the Class, including working on matters relating to Settlement Agreement interpretation and the NFL's request for a Special Investigator. I have reviewed the itemized bill submitted and found the entries consistent with the rigors set forth in

---

[5] These entries include time spent on matters relating to Cambridge Entities.

[6] The request was based on 545.6 hours of work performed by partners.

[7] The request was based on 59.8 hours of work by partners and 2.4 hours of work by paralegals.

CMO-5. But I identified a mathematical error that resulted in an incorrect calculation of the total number of hours billed by partners.

I conclude that Podhurst Orseck is entitled to payment for 55.7 hours of work by partners and 2.4 hours of work by paralegals for a total of $42,864.10 in fees. I also approve the request for $2,887.99 in expenses.

### 4. Professor Samuel Issacharoff

Professor Issacharoff submitted a request for $17,290.38 in fees.[8] Professor Issacharoff remains a key advocate for the Class, providing guidance on legal issues and drafting appellate pleadings. I have reviewed the itemized bill submitted and found the entries consistent with the rigors set forth in CMO-5.

I conclude that Professor Issacharoff is entitled to payment for 22.8 hours of work for a total of $17,290.38.

### 5. Seeger Weiss

Seeger Weiss has submitted a request for $2,403,922.14 in fees and $297,647.27 in expenses.[9] As Co-Lead Class Counsel during the time period covered by this petition, Seeger Weiss rendered essential services to the Class by providing a central firm to efficiently perform the work necessary to implement this complex Settlement Agreement. In this petition, Class Counsel has provided a detailed list of the services performed to date, which include:

- review and support of the claims process on behalf of the Class members;
- review and support of the appeals process on behalf of the Class members;

---

[8] The request was based on 22.8 hours of work that was billed at the blended rate I approved for services performed by partners.

[9] The request was based on 2,097 hours of work by partners, 543.3 hours of work by attorneys who are of counsel, 681.7 hours of work by associates, and 406.4 hours of work by paralegals.

- review and support of the BAP and MAF processes;

- efforts to appoint additional Appeals Advisory Panel members;

- support of Class members and individually retained plaintiff's lawyers who represent Class members; and

- efforts to protect the Class members against third-party funders and other improper practices.

Reviewing the itemized bill submitted, I identified some entries that were not properly included under the restrictions defined by CMO-5, which appear to have been included in error.[10]

I conclude that Seeger Weiss is entitled to payment for 1,979.9 hours of work by partners, 506.2 hours of work by attorneys who are of counsel, 681.7 hours of work by associates, and 386.9 hours of work by paralegals for a total of $2,284,357.60 in fees. I also approve the request for $297,647.27 in expenses.

### B. Third Verified Petition

The Third Verified Petition seeks payment for Class benefit work completed between December 1, 2018 (the first date after the end of the billing period in the Second Verified Petition) and May 31, 2019. Only Professor Samuel Issacharoff and Seeger Weiss completed Class benefit work during this period. I will address their requests in alphabetical order, setting out the amount requested and a brief description of any adjustments that I determined were necessary.

### 1. Professor Samuel Issacharoff

---

[10] These entries include time spent on clerical work, media inquiries, attorneys' fees, and matters relating to Cambridge Entities. For entries that involved both compensable and non-compensable work, I treated the entire entry as non-compensable work because I could not determine how much time was spent on compensable versus non-compensable work.

Professor Issacharoff submitted a request for $38,145.01 in fees.[11] Professor Issacharoff's request for $677.95 in expenses appears to have been omitted from the petition in error. As discussed above, Professor Issacharoff has provided essential guidance on legal issues and drafted appellate pleadings. I have reviewed the itemized bill submitted and found the entries consistent with the rigors set forth in CMO-5.

I conclude that Professor Issacharoff is entitled to payment for 50.3 hours of work for a total of $38,145.01 in fees. I also approve the request for $677.95 in expenses.

### 2. Seeger Weiss

Seeger Weiss submitted a request for $1,407,343.66 in fees and $243,788.10 in expenses.[12] Seeger Weiss served as Co-Lead Class Counsel for the majority of the period covered by this petition. On May 24, 2019, I appointed Christopher A. Seeger of Seeger Weiss sole Class Counsel. Order, ECF No. 10624. As previously discussed, Seeger Weiss has continued to provide essential services to the Class, including review and support of the claims administration processes, support of Class members and individually retained plaintiff's lawyers, and efforts to protect the Class members against third-party funders and other improper practices. Additionally, during the period covered by this petition, Seeger Weiss also assisted the Class by working to establish the Education Fund. Reviewing the itemized bill submitted, I identified some time entries that were not properly included under the restrictions defined by CMO-5, which appear to have been included in error.[13]

---

[11] The request was based on 50.3 hours of work that was billed at the blended rate I approved for services performed by partners.

[12] The request was based on 1,276.8 hours of work performed by partners, 352.7 hours of work by attorneys who are of counsel, 285.7 hours of work by associates, and 214.6 hours of work by paralegals.

[13] These entries include time spent on clerical work, media inquiries, attorneys' fees, and matters relating to Cambridge Entities. For entries that involved both compensable and non-compensable work, I treated

I conclude that Seeger Weiss is entitled to payment for 1,242.8 hours of work by partners, 344.5 hours of work by attorneys who are of counsel, 285.7 hours of work by associates, and 204.9 hours of work by paralegals for a total of $1,373,359.25 in fees. I also approve the request for $243,788.10 in expenses.

C. **Fourth Verified Petition**

The Fourth Verified Petition seeks payment for Class benefit work completed between June 1, 2019 (the first date after the end of the billing period in the Third Verified Petition) and November 30, 2019. Only Professor Samuel Issacharoff and Seeger Weiss completed Class benefit work during this period. I will address their requests in alphabetical order, setting out the amount requested and a brief description of any adjustments that I determined were necessary.

1. **Professor Samuel Issacharoff**

Professor Issacharoff submitted a request for $3,412.58.[14] As discussed above, the Professor Issacharoff has provided essential guidance on legal issues and drafted appellate pleadings. I have reviewed the itemized bill submitted and found the entries consistent with the rigors set forth in CMO-5.

I conclude that Professor Issacharoff is entitled to payment for 4.5 hours of work for a total of $3,412.58 in fees.

2. **Seeger Weiss**

---

the entire entry as non-compensable work because I could not determine how much time was spent on compensable versus non-compensable work.

[14] The request was based on 4.5 hours of work that was billed at the blended rate I approved for services performed by partners.

Seeger Weiss submitted a request for $1,143,057.62 in fees and $91,159.62 in expenses.[15] During the time period covered by this petition, Christopher A. Seeger of Seeger Weiss served as sole Class Counsel. Order, ECF No. 10624. As discussed above, Seeger Weiss has continued to provide essential services to the Class, including review and support of the claims administration processes, support of Class members and individually retained plaintiff's lawyers, efforts to protect the Class members against third-party funders and other improper practices, and efforts to establish the Education Fund. Reviewing the itemized bill submitted, I identified some time entries that were not properly included under the restrictions defined by CMO-5, which appear to have been included in error.[16]

I conclude that Seeger Weiss is entitled to payment for 917.2 hours of work by partners, 306 hours of work by attorneys who are of counsel, 279.1 hours of work by associates, and 256.8 hours of work by paralegals for a total of $1,110,061.22 in fees. I also approve the request for $91,159.62 in expenses.

## II.     CONCLUSION

For these reasons, I allocate $ 5,930,151.81 of the common fund to pay attorneys for their work in implementing the Settlement from May 25, 2018 to November 30, 2019. I will hold in reserve the additional funds to pay for further fees and expenses incurred in implementing the Settlement Agreement.

And now, this 30th day of November, 2020, it is **ORDERED** that the Second Verified

---

[15] The request was based on 924.8 hours of work performed by partners, 340.9 hours of work by attorneys who are of counsel, 283.1 hours of work by associates, and 261.1 hours of work by paralegals.

[16] These time entries include time spent on media inquiries, attorneys' fees, and matters relating to Cambridge Entities. For entries that involved both compensable and non-compensable work, I treated the entire entry as non-compensable work because I could not determine how much time was spent on compensable versus non-compensable work.

Petition (ECF No. 10374), Third Verified Petition (ECF No. 10767), And Fourth Verified Petition (ECF No. 10986) are **GRANTED IN PART**.

It is **FURTHER ORDERED** the Fund Administrator for the Attorneys' Fees Qualified Settlement Fund ("AFQSF") shall pay each of the firms listed below the amounts set forth below from the AFQSF:

| | |
|---|---|
| Levin Sedran & Berman | $11,503.33 |
| Locks Law Firm | $412,997.41 |
| Podhurst Orseck | $45,752.09 |
| Professor Samuel Issacharoff | $59,525.92 |
| Seeger Weiss | $5,400,373.06 |

                                                                                                            s/ANITA B. BRODY, J.

                                                                                                             ANITA B. BRODY, J.

**COPIES VIA ECF**