**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                             Plaintiffs,<br>     v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                                             Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>David Buckley, PLLC v. Alvin Harper<br>Attorney Lien Dispute<br>(Doc. Nos. 7390 & 7569)<br><br>AND<br><br>Farrise Law Firm v. Alvin Harper<br>Attorney Lien Dispute<br>(Doc. No. 7513) | |

**EXPLANATION AND ORDER**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                    December 11, 2020

Before the Court is a Notice of Attorney's Lien ("Lien") (Doc. No. 7391) with a Petition, as Amended, to Establish Attorney's Lien (Doc. Nos. 7390 & 7569), as well as a separate attorney's Petition to Establish Attorney's Lien (Doc. No. 7513). Both lien filings seek attorney's fees and costs from any Monetary Claim to be paid to the filers' former client, Settlement Class Member ("SCM") Alvin Harper, who was issued a Notice of Monetary Award Claim Determination on August 17, 2020. The first lien was initiated on March 28, 2017 by Attorney

David Buckley, PLLC ("Buckley") and the second on April 19, 2017 by Farrise Law Firm ("Farrise"). Mr. Harper is currently represented by Shenaq, P.C.

The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746.) Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283.) Pursuant to Rule 12, Buckley, Farrise, and Shenaq (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this dispute. The Parties have consented to jurisdiction by a Magistrate Judge. (Doc. No. 11231.) Accordingly, this Opinion will serve as the final decision of the Court concerning this attorney lien dispute.

The Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") pursuant to Rule 24 that they signed between November 6, 2020 and December 2, 2020. The Withdrawal agreement clearly indicates the portion of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future. The agreement was negotiated by law firms that were informed and concerned about their own interest. Upon review of the Withdrawal and the contingency fee agreements, and in consideration of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to each firm is reasonable, does not exceed the percentage for which the parties contracted, and that the collective fees are within the percentage allowed under the 22% Presumptive Fee Cap. Accordingly, we conclude that the Withdrawal should be granted and that the Claims Administrator should be ordered to distribute the attorneys' fees to the parties as set forth in the Withdrawal. The Claims Administrator shall, however, continue to withhold funds for attorneys' fees in the amount agreed upon by the Parties for Farrise pending resolution

of administrative issues and until further order of the Court.[1] The remaining withheld funds not payable to counsel pursuant to the terms of the Withdrawal are to be disbursed to Mr. Harper.

**AND NOW**, this 11th day of December, 2020, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and
2. The Claims Administrator is **ORDERED to** disburse the withheld funds, less the amount agreed upon by the parties as due to Farrise, in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.