13499 Biscayne Boulevard
*North Miami,* Florida 33181
Suite 107
Telephone:(786) 440-9383
Fax: (786) 288-3816

15600 S.W. 288th Street
*Homestead,* Florida 33033
Suite 302
Telephone:(786) 440-9383
Fax: (786) 288-3816

Dcm@dcmoraleslaw.com



*Law Office of*
*Derrick C. Morales, P.A.*

Derrick C. Morales, Esq.
Admitted to Practice in Florida, New York
and The United States District Court for the
Southern District of Florida

December 18, 2020

**VIA ECF**
Hon. Anita B. Brody
Senior United States District Judge
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

    **Re:** Request for Clarification and Relief. (SPID NO. 950005876, Retired Player Roell Preston)

Dear Judge Brody,

    First and foremost, I would like to wish you and your staff a wonderful holiday season. Please see attached the Court's Order dated November 12, 2020 (ECF No. 11228). Said Order regarding NFL retired player Mr. Preston's Objection to the Special Master's ruling was received via the ECF portal, and the undersigned complied with the Court's direction. A notice of filing/compliance with the Order was filed on November 18, 2020 (ECF No. 11234).

2 | P a g e

Approximately three weeks later, on December 9, 2020, the undersigned received via email the purported Order (attached "A") sent on behalf of the Claims Administrator by Ms. Petkauskas. The Order is not reflected in the Court's docket or received via the ECF filing confirmation email.

On December 8, 2020, Ms. Petkauskas emailed the undersigned claiming the "Court" is requesting that Mr. Preston file a conforming brief by December 18, 2020, and in less than 24 hours on December 9, 2020, she sent a subsequent email with the Order in question attached.[1] Notably, only one day before receiving the Order in question, on December 7, 2020, Ms. Petkauskas emailed the undersigned "notifying all interested parties that having not received an amended conforming brief from Mr. Preston by November 30, 2020 the Claims Administrator considers this matter closed." [2]

Notwithstanding this issue, the undersigned has experienced the Claims Administrator's questionable and unethical conduct during the processing of Mr. Preston's claim. Mr. Preston's claim submitted in June 2018, has been subject to the Claims Administrator's three denials to which he filed an appeal in response to each, and the claim was remanded twice by Special Master Pritchett. The unanticipated and highly adversarial processing of Mr. Preston's claim has been extensively briefed in his Objection to the Special Master's conclusion of law.

[Intentionally left blank]

---

[1] Because procedural rulings can end a case prior to its disposition on the merits, counsel is likely to be as concerned about procedural issues as he or she is to be about the substance of the contested claims. *Mathew Zaheri Corp. v. New Motor Vehicle Bd.*, 64 Cal. Rptr. 2d 705, 712 (Cal. Ct. App. 1997) (stating the basic standard for improper ex parte communication and concluding that this standard generally prohibits any ex parte communication between counsel and the trier of fact)

[2] Rule 8.4 (d) Misconduct, American Bar Association [ABA], Center for Professional Responsibility, 2013. It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice. The Claims Administrator's claim that Mr. Preston's "matter is closed" amounts to conduct prejudicial to the administration of justice. The Claim's Administrator does not possess the quasi-judicial power to make such determination.

Expressly, but not limited to the Special Master's May 27, 2020 ruling uploaded into the Settlement Portal before Mr. Preston filed his response to the NFL Parties "evidence"; the deletion of the Special Master's ruling from the Settlement Portal and the re-submission of the same ruling several days later.  To which Ms. Petkauskas offered, via a phone call on June 4, 2020 and subsequent memorandum and email, contradictory explanations regarding Special Master Hoffman making a ruling on Mr. Preston's Appeal without review of his response to the NFL "evidence." [3]

The misrepresentations and unethical conduct by the Claims Administrator's handling of Mr. Preston's claim (and others) have utterly tarnished and discredited the reliance on the Claims Administrator's mandate under the Settlement.[4]  The Claims Administrator, by way of Ms. Pekauskas, has purported to speak on behalf of Special Master Hoffman and now the Court, in a brazen attempt to force Mr. Preston to abandon his legal Objection and forfeit his rights under the Settlement.  Including but not limited to; alleging the Objection was filed after the deadline, by not submitting the Objection to the Court after Mr. Preston complied with the Court's Order, subsequently claiming the "Claims Administrator considers the matter closed," and now imposing that Mr. Preston discard the majority of his legal Objection.[5]

[Intentionally left blank]

---

[3] Bird Lakes Dev. Corp. v. Meruelo, 582 So. 2d 119, 120 n.1 (Fla. Dist. Ct. App. 1991) (reprimanding a trial judge for an ex parte telephone call in which he gave oral instructions "to appellant's counsel as to what the order should contain").

[4] The Court did appoint a special investigator and as reported in the Notice Regarding Special Investigations, the Special Masters have taken the necessary and appropriate steps to remediate the wrongful conduct denying specific claims. Notice, *In re: Nat'l Football League Players' Concussion Injury Litigation* (Regarding Special Investigations) ECF No. 11110  The numerous Claims Administrator Status Reports filed with the Court; do not mention one word of wrongful conduct regarding denial of claims.

[5] The Court has been troubled by events regarding denials, objections, and audits.  To the extent that this Court found disturbing and required the Special Masters and Claims Administrator to provide assurances that such events would not be repeated.  Order, *In re: Nat'l Football League Players' Concussion Injury Litigation* (Settlement Implementation Determination) ECF No. 10712

As to the filing of Mr. Preston's Objection with the Court, the same is a result of the Claims Administrator's manipulation of the Settlement Portal in denying access to upload his Objection on the date it was due.[6]  The Claims Administrator's improper practices have reasonably caused the undersigned to question the authenticity and applicability of the Order in question.[7]

To the extent the Order in question was rightfully executed and should have been filed via ECF, the undersigned respectfully requests a conference with the Court to clarify the matter and or grant Mr. Preston a reasonable amount of time to file a corresponding motion asking for the proper relief regarding the "non-conforming brief" as alleged by the Claims Administrator.

Sincerely,

Derrick L. Morales, Esq.
*Attorney for retired NFL Player*

---

[6] Immediately upon realization that Mr. Preston's filed Objection was not reflecting in his Settlement Portal, the undersigned contacted the Claims Administrator, voicing the concerns and requesting technical assistance.  Ms. Petkauskas responded with the allegation that Mr. Preston's has missed his deadline.  Not until the Court's Order (ECF No. 11228) did the undersign receive instructions from the Claims Administrator (Jennifer Goodwin) to upload the Objection in a Portal section not previously used by the undersigned when uploading all three of Mr. Preston's Appeals.

[7] *Mathew Zaheri Corp. v. New Motor Vehicle Bd.*, 64 Cal. Rptr. 2d 705, 712 (Cal. Ct. App. 1997) (stating the basic standard for improper ex parte communication and concluding that this standard generally prohibits any ex parte communication between counsel and the trier of fact) *Rose v. State*, 601 So. 2d 1181, 1183 (Fla. 1992) (stating that the judicial practice of contacting only one party to prepare an order for a judge to sign gives the appearance of impropriety))