# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| KEVIN TURNER AND SHAWN WOODEN, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL FOOTBALL LEAGUE and NFL PROPERTIES LLC, successor-in-interest to NFL Properties, Inc. <br><br> Defendants. | No. 12-md-2323-AB <br><br> MDL No. 2323 <br><br> Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## EXPLANATION AND ORDER

On April 22, 2015, I entered an order approving the class action settlement in the NFL

MDL (12-md-2323). *In re Nat'l Football League Players' Concussion Inj. Litig.*, 307 F.R.D. 351

(E.D. Pa. 2015). The Settlement Agreement provided for the use of race in evaluating cognitive

impairment. Settlement Agreement, Ex. 2 §§ 3, 4. Although numerous objections were raised,

none objected to the use of race.[1] On April 18, 2016, the Third Circuit, after considering all the

---

[1] As best as I can tell, Henry and Davenport did not file any objections to the Settlement Agreement. Their current counsel, Zuckerman Spaeder, did file objections on behalf of other clients. ECF Nos. 6242, 6453; *see also* Brief of Appellees Jimmie H. Jones, Ricky Ray & Jesse Solomon, *In re Nat'l Football League Players' Concussion Inj. Litig.*, 821 F.3d 410 (3d Cir. 2016) (15-02291).

objections, affirmed the approval of the settlement. *In re Nat'l Football League Players'*
*Concussion Inj. Litig.*, 821 F.3d 410 (3d Cir. 2016).

　　　　Four years later, on August 25, 2020, Henry and Davenport filed a lawsuit challenging as
discriminatory the Settlement Agreement's use of race in evaluating cognitive impairment.
Compl., *Henry v. Nat'l Football League*, No. 20-cv-04165 (E.D. Pa. Aug. 25, 2020), ECF No. 1.
I dismissed the lawsuit as an improper collateral attack on the class action Settlement
Agreement. Order, *Henry*, No. 20-cv-04165 (E.D. Pa. Mar. 8, 2021), ECF No. 40.

　　　　Appreciating that Henry and Davenport, through their counsel Zuckerman Spaeder, had
raised a very important issue—particularly in the context of the 65-year life of the Settlement
Agreement—and that the Settlement Agreement provided for possible adjustment of its terms in
the future,[2] I decided to take the unusual step of attempting to reach some understanding of how
this issue might be amicably resolved outside an adversarial setting.

　　　　With this in mind, I referred the NFL and Class Counsel Seeger Weiss—the original
parties that drafted the Settlement Agreement—to Magistrate Judge David Strawbridge to seek to
address the concerns relating to the race-norming issue. I await a report from Judge Strawbridge
as soon as practicable regarding this mediation, including comment upon the involvement of
individuals beyond the NFL and Class Counsel in this process.

　　　　**AND NOW**, on this 8th day of April, 2021, it is **ORDERED** that the Court **RESERVES**
**DECISION** on Henry and Davenport's Motion to Intervene and to Stay Mediation (ECF No.
11306).

　　　　　　　　　　　　　　　　　　　　　**s/ANITA B. BRODY, J.**
　　　　　　　　　　　　　　　　　　　　　ANITA B. BRODY, J.

**COPIES VIA ECF**

---

[2] Settlement Agreement § 6.6.