UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF PENNSYLVANIA

IN RE: NATIONAL FOOTBALL LEAGUE | No. 2:12-md-02323-AB
PLAYERS' CONCUSSION INJURY | MDL No. 2323
LITIGATION |

## SUPPLEMENT TO MOTION TO DISCIPLINE OR DISMISS SPECIAL MASTERS AND AUDITORS

Undersigned counsel, pursuant to Cannon 3.C (1) of the Code of Judicial Conduct, Rule 53, Federal Rules of Civil Procedure, U.S. Supreme Court precedent, Title IV, Rule 8, Rules Governing the Audit of Claims—Standards of Proof Applicable to Special Master, hereby moves this Court to either discipline or remove the auditors and Special Masters for violation of due process, standards of impartiality and objectivity, and un-refutable evidence of bias and appearance of potential bias in their operations and investigations.  As grounds therefore, undersigned supplements his prior filing and states as follows:

### AUDITORS DETERMINED NO BASIS FOR INVESTIGATION

Auditors correctly determined not to investigate in July of 2018 "because **we received no Monetary Award Claim Packages from any Settlement Class Member represented by Howard & Associates.**"  Audit Report, p. 5 (emphasis added).  They still haven't received a Monetary Award Claim Package from a Settlement Class Member represented by Howard & Associates.  **Auditors cannot point to any communication ever, to or from Howard & Associates on any SCM Monetary Award Claim Package ("MACP") submission**.  Why is there an audit?

### 26 CO-COUNSEL CLAIMS PAID OR RECEIVED AWARDS

From July of 2018 through to sometime after June of 2019, with no investigation pending, the auditor admits that "**21 [Shenaq PC, submitted MACP] have been paid**, all while

1

**represented by Shenaq PC, and <u>based on diagnoses made by doctors that are not any of the doctors mentioned in this Report.</u>**" Audit Report, p. 3 (emphasis added).

### IN-HOUSE ATTORNEY WORK PRODUCT MEDICAL RECORDS NOT USED AS A BASIS OF ANY CLAIM

The auditors <u>know</u> protected in-house attorney work product medical evaluations by Shenaq PC, [termed "historical medical records" by Shenaq PC] were never intended to be part of any submission, not to be used as a basis of any MACP, and were "not" authorized by Howard & Associates. In the words of Shenaq, PC., a key informant source of this biased investigation, **<u>these few inadvertent inclusions by Shenaq, PC, were "'historical medical records' that are 'not used as a basis of any claim.'"</u>** Audit Report, p. 14 (emphasis added). In fact, when the formal audits of these three claims, by these same auditors, were concluded, there was **<u>a finding of compliance</u>** and **<u>no</u> "Report of Adverse Finding in Audit."** *Id* (emphasis added). Nothing has changed.

The <u>"final reports" submitted to the claim facility</u>, prepared by MAF compliant physicians in accordance with known MAF standards, not using protected in-house attorney work product medical evaluations not authorized for submission to the claim facility, <u>are direct evidence of liable and existent communications with the claim facility. These would be "existent" communications that the communicating party would be responsible for—such communications from Howard & Associates do not exist.</u> Shenaq PC's few inadvertent inclusions, specially not "used as the basis of any claim," does not change this fact.

### DOCTORS IN AUDIT REPORT "NOT USED AS A BASIS FOR ANY CLAIM" AND "NOT SUBMITTED BY HOWARD & ASSOCIATES"

The doctors mentioned in the current audit report, were not doctor's medical evaluations used for any "NFL MACP" submission. In-house protected attorney work product medical

2

evaluations not qualified for nor capable of submission for MACP, would appropriately never be used or relied upon for any MACP submission.

### AUDIT REOPENED DESPITE NO COMMUNICATIONS TO OR FROM HOWARD & ASSOCIATES AND NO USE OF PROTECTED IN-HOUSE ATTORNEY WORK PRODUCT MEDICAL EVALUATIONS

Despite <u>clear and unequivocal compliance with the claim facility standards</u> and the claim facility history of <u>paying 21 MACP submitted by co-counsel with medical reports compliant with NFL claims submission standards</u>, with 5 more likely to be paid but put on hold due to this audit, based on compliance with these standards, in June 2019, auditors:

> reopened the investigation to look into medical records [in-house protected attorney client historical record was inadvertently submitted in a few claims by Shenaq, PC., paralegal, without authority from Howard & Associates] submitted by Settlement Class Members who were former clients of Howard & Associates but had switched to different counsel [Shenaq PC] and while that inquiry was ongoing, we obtained additional information [from Shenaq PC's forced charging lien] related to Howard & Associates' practices that necessitated investigating those matters, which led us to the current audit report.

Audit Report, p. 5.  Thus, auditors **admit** that Howard & Associates **never** submitted a MACP, never communicated with the claims facility either to or from, **never** submitted its in-house protected attorney work product medical evaluations from doctors discussed in the Audit Report, and **never** intended nor authorized such submission.  The auditors also **admit** that nearly 78% of authorized final MAF qualified medical evaluations and authorized final MAF claim intended to be submitted and communicated to the claims facility **<u>resulted in a payment or likely payment to the Settlement Class Member.</u>**

### NO BASIS TO OPEN INVESTIGATION AGAINST HOWARD & ASSOCIATES

Opening an investigation when the claims facility **"received no Monetary Award Claim Packages from any Settlement Class Member represented by Howard & Associates,"** <u>**no communications on a Monetary Award Package to or from Howard & Associates in any**</u>

3

**fashion whatsoever**, nor any records for a Monetary Award Package of any type, including its protected in-house attorney client work product medical evaluations, "to or from" Howard & Associates, defies logic.  What is more illogical is to re-open an audit based on toxic narratives from a "bottom feeder" cabal of extortioners, criminals, confidence game operators and legal legerdemain opportunists.

### AUDITS THAT COMPLY WITH LEGAL AND ETHICAL STANDARDS STOP THE SPREAD OF TOXIC NARRATIVES

Audits are not created to facilitate spreading toxic narratives from criminals.  This audit process demonstrates the unbridled bias and harm that failure to comply with the Code of Judicial Conduct, Federal Rules of Evidence, U.S. Supreme Court Standards, and the ethical standards of investigations that all investigators are required by law and ethics to follow. Compliance with these standards stops the spread of toxic narratives.  Compliance with these standards avoids the obvious miscarriage of justice.  The auditors and Special Masters have failed in their compliance with these standards. They have failed in their mission.  Instead they are complicit in spreading a toxic narrative for criminals, extortionists, confidence game operators, and legal legerdemain opportunists.

As stated in the Motion to Discipline or Dismiss the Auditors and Special Masters:

> The auditor and Special Master bias is glaring.  They interpret "non-communication" for "non-filed" claims as "a misrepresentation, omission, or concealment of a material fact made.**"  If one doesn't communicate, doesn't take an action, and doesn't file a claim, one is not communicating.  How can one non-communicate "a misrepresentation, omission, or concealment of a material fact"?**  Is this a violation of thought and intent that doesn't exist in reality but interpolated telepathically?
> Use of in-house attorney work product medical evaluations and education efforts found to be largely accurate, protected under attorney work product privilege, never submitted [or to be used as a basis for any claim submitted] to the NFL Claims, explicitly not for use in any claim submission, not qualified for any claim submission, and in fact never [to be] used [as a basis] in any claim simply cannot be a "misrepresentation, omission, or concealment of a material fact

4

made." That is **unless non-existent *telepathically interpolated evidence* is now the standard applied by the Courts of the United States.**

Motion to Discipline or Dismiss the Auditors and Special Masters, pp. 2-3 (emphasis added). It is time to end the auditor's complicity with criminals, extortionists, confidence game operators and legal legerdemain opportunists. It is time to end the auditor's direct and tacit support of this cabal's spread of toxic narratives solely designed and exploited to cover up their criminal conduct and extortion, both civil and criminal.

WHEREFORE for the forgoing reasons, case law, judicial standards, rules of Federal Civil Procedure, and ethical standards governing investigations, audits and Special Masters, and the indisputable evidence provided herein, the auditors and Special Masters must be disciplined or dismissed by this honorable Court for their bias, both actual and/or the appearance of potential bias.

Respectfully submitted on this 9th Day of April 2021,

/s/Tim Howard
Florida Bar No. 655325
Howard & Associates
1415 E. Piedmont Dr, Suite 5
Tallahassee, Florida 32308
Telephone: (850) 298-4455
E-Mail: tim@howardjustice.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the forgoing was served via e-service through the U.S.D.C., portal on the court and counsel of record on this 9th Day of April, 2021.

/s/ Tim Howard
Attorney