**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br><br>*Connie Joann Baker, et al.* v. *National Football League, et al.* | No. 21-cv-01493 |

**MEMORANDUM OF LAW IN SUPPORT OF NFL PARTIES'
MOTION TO DISMISS THE COMPLAINT FILED BY
<u>SETTLEMENT CLASS MEMBER CONNIE JOANN BAKER</u>**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1
BACKGROUND ............................................................................................................................ 2
    A.    Settlement Agreement ............................................................................................ 2
    B.    Plaintiffs Baker, the Estate of Donnell Baker, and Donnell Baker's Children ................................................................................................................... 4
ARGUMENT .................................................................................................................................. 6
    I.    PLAINTIFFS' CLAIMS WERE RELEASED UNDER THE SETTLEMENT AGREEMENT AND SHOULD BE DISMISSED ................................. 6
    II.    PLAINTIFFS' CLAIMS ARE BARRED BY THE FINAL ORDER AND JUDGMENT AND SHOULD BE DISMISSED ..................................................... 8
CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Chartener* v. *Provident Mut. Life Ins. Co.*,
   No. 02-cv-8045, 2004 WL 1091027 (E.D. Pa. May 13, 2004) ......................................... 9

*Connie Joann Baker, et al.* v. *National Football League, et al.*,
   No. 21-cv-01493 (E.D. Pa.) ......................................................................................... 1, 10

*In re: Imprelis Herbicide Mktg., Sales Pracs. & Prods. Liab. Litig.*,
   No. 11-md-2884, 2015 WL 7575910 (E.D. Pa. Nov. 25, 2015) ........................................ 6

*Marmon Coal Co.* v. *Dir., Office of Workers' Comp. Programs*,
   726 F.3d 387 (3d Cir. 2013) ............................................................................................... 9

*McGowan Inv'rs LP* v. *Keefe Bruyette & Woods, Inc.*,
   540 F. Supp. 2d 571 (E.D. Pa. 2008) (Brody, J.) ......................................................... 6, 7

*In re Nat'l Football League Players Concussion Injury Litig.*,
   821 F.3d 410 (3d Cir. 2016) ............................................................................................ 3, 8

*In re: National Football League Concussion Injury Litigation*,
   MDL No. 2323 ..................................................................................................................... 6

*Pyle* v. *N.Y. Life Ins. Co.*,
   No. 07-cv-00360, 2008 WL 11510607 (W.D. Pa. Mar. 19, 2008) ................................ 8, 9

*Toscano* v. *Conn. Gen. Life Ins. Co.*,
   288 F. Appx. 36 (3d Cir. 2008) .......................................................................................... 9

**OTHER AUTHORITIES**

Am. Final Order & J., ECF No. 6534 ....................................................................................... 8

Federal Rules of Civil Procedure 23(c)(2)(B) ........................................................................... 3

Federal Rules of Civil Procedure 23(e) ..................................................................................... 3

Order ¶ 2(a), ECF No. 6084 ....................................................................................................... 2

Order ¶ 4, ECF No. 6084 ....................................................................................................... 2, 3

Defendants the National Football League and NFL Enterprises LLC (the "NFL Parties") respectfully submit this memorandum of law in support of their motion to dismiss the Complaint filed by Settlement Class Member Connie Joann Baker ("Baker"), individually and on behalf of the Estate of Donnell Baker—Baker's late husband, who was a former professional football player—and the decedent's children (together, the "Plaintiffs"), in *Connie Joann Baker, et al.* v. *National Football League, et al.*, No. 21-cv-01493 (E.D. Pa.) (ECF No. 1).

## PRELIMINARY STATEMENT

Plaintiffs' claims—released under the Class Action Settlement Agreement and dismissed with prejudice under this Court's Final Order and Judgment approving it—are barred by the Settlement Agreement and claim preclusion, and should be dismissed.

Plaintiffs are each Settlement Class Members who are subject to this Court's continuing and exclusive jurisdiction, and who, through the Court-approved Settlement Agreement, released any claims that "could have been asserted in the Class Action," as well as any claims against the NFL Parties and all Released Parties relating to "head, brain and/or cognitive injury," "concussions and/or subconcussive events," "chronic traumatic encephalopathy" ("CTE"), and loss of consortium. The Settlement's notice program comported with due process and the Federal Rules, and plainly advised Plaintiffs that they would be bound by the Settlement Agreement's terms unless they opted out of the Settlement Class, which Plaintiffs did not do. Nonetheless, they now purport to assert the very claims that they released in the Settlement. It is well settled that Plaintiffs cannot re-litigate claims they voluntarily released, and their claims should therefore be dismissed.

Plaintiffs' claims are also barred under the doctrine of claim preclusion. The Final Order and Judgment expressly dismissed all claims that Settlement Class Members,

including Plaintiffs, asserted or that they "could have . . . asserted in the Class Action Complaint or in any other Related Lawsuit." Plaintiffs' purported claims fall squarely within the Final Judgment's dismissal because they allege that Mr. Baker, as a result of playing in the National Football League (the "NFL"), was "knocked unconscious[] and suffered numerous concussions" and experienced "countless sub-conclusive hits," which "[u]pon [Baker's] information and belief," caused his death and symptoms purportedly consistent with CTE. Thus, the doctrine of claim preclusion bars Plaintiffs' attempt to re-litigate their claims now.

Accordingly, because Plaintiffs' claims were released by the Settlement and dismissed by the Final Order and Judgment, they fail to state a claim upon which this Court may grant relief, and their Complaint should therefore be dismissed.

## BACKGROUND

### A. Settlement Agreement

On July 7, 2014, this Court issued an order preliminarily approving the Class Action Settlement between the NFL Parties and the proposed Settlement Class, consisting of:

> All living NFL Football Players who, prior to the date of the Preliminary Approval and Class Certification Order [July 7, 2014], retired, formally or informally, from playing professional football with the NFL or any Member Club . . . ("Retired NFL Football Player"); . . . and [s]pouses, parents, children who are dependents, or any other persons who properly under applicable state law assert the right to sue independently or derivatively by reason of their relationship with a Retired NFL Football Player ('Derivative Claimants').

(Order ¶ 2(a), ECF No. 6084; *see also* Class Action Settlement Agreement (as amended, the "Settlement Agreement") §§ 1.1, 2.1, ECF No. 6481-1.) Pursuant to the Court's order, the NFL Parties disseminated notice to the Settlement Class, describing, among other things, the terms of the Settlement Agreement and the deadlines for opting out. (Order ¶ 4, ECF No. 6084.)

After significant briefing and a full fairness hearing, this Court issued its Final Order and Judgment on April 22, 2015 (as amended on May 8, 2015) approving the Settlement Agreement, certifying the Settlement Class, and concluding that the settlement notice program "satisf[ied] the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e) [and] the United States Constitution . . . , and constituted the best notice practicable under the circumstances." (Am. Final Order & J. ¶¶ 2–4, 7, ECF No. 6534.) Following an appeal by certain objectors, the Third Circuit affirmed the Court's Final Order and Judgment, stating unequivocally that "the District Court was right to certify the class and approve the settlement." *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 420 (3d Cir. 2016).

Under the terms of the Settlement approved by this Court and affirmed by the Third Circuit, Settlement Class Members had the right to opt out of the class until October 14, 2014. (Order ¶ 4(g), ECF No. 6084.) Those who did not opt out are bound by the Settlement Agreement's terms and the Court's Final Order and Judgment. Pursuant to the Settlement Agreement, Settlement Class Members "waive[d] and release[d] . . . the Released Parties . . . from any and all past, present and future claims," whether "contingent or non-contingent, known or unknown, suspected or unsuspected, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated," that related in any way to, among other claims, those (i) "arising out of, or relating to, head, brain and/or cognitive injury, as well as any injuries arising out of, or relating to, concussions and/or subconcussive events," (ii) "arising out of, or relating to, CTE," or (iii) that "could have been asserted in the Class Action Complaint or in any Related Lawsuit." (Settlement Agreement § 18.1(a); Am. Final Order & J. ¶ 11, ECF No. 6534; *see also* Am. Final Order & J. ¶ 10 ("expressly incorporat[ing]" the

3

Settlement Agreement's release provisions into the Final Order and Judgment), ECF No. 6534.) This release included but was not limited to "[c]laims for personal or bodily injury, including . . . wrongful death and/or survival actions." (*Id.*) This Court retained "continuing and exclusive jurisdiction" over the Settlement Agreement and Settlement Class Members, including "continuing and exclusive jurisdiction to interpret, implement, administer and enforce the Settlement Agreement." (Am. Final Order & J. ¶ 17, ECF No. 6534; *see also* Settlement Agreement § 27.1 ("Any disputes or controversies arising out of, or related to, the interpretation, implementation, administration, and enforcement of this Settlement Agreement will be made by motion to the Court. In addition . . . each Settlement Class Member [is] hereby deemed to have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of, or relating to, this Settlement Agreement.").) Finally, the Court's Final Order and Judgment expressly incorporated the Settlement Agreement's terms and dismissed with prejudice the claims asserted, or that could have been asserted, in the Class Action Complaint and all "Related Lawsuits," a term covering all actions, including Plaintiffs' action here, "brought by one or more Releasors against one or more Released Parties pending in the Court." (Settlement Agreement § 2.1(zzz); *see also* Am. Final Order & J. ¶ 8, 15–16, ECF No. 6534.)

  **B.** **Plaintiffs Baker, the Estate of Donnell Baker, and Donnell Baker's Children**

  Baker's deceased spouse, Donnell Baker, was a Retired NFL Football Player who played NFL football from 1994 to 1998. (*See Baker* Compl. ¶¶ 1, 18.) Mr. Baker had two children, D.J.B. and Shayla Danielle Baker. (*See id.* at 1.) Plaintiffs are each Settlement Class Members who did not opt out. The Settlement Agreement defines a Settlement Class Member as "each Retired NFL Football Player, Representative Claimant and/or Derivative

4

Claimant in the Settlement Class." (Settlement Agreement, at § 2.1(jjjj).) Donnell Baker is a Settlement Class Member because he is a Retired NFL Football Player who played NFL football prior to July 7, 2014.[1] (*Id.* at § 2.1(ffff).) Baker, D.J.B., and Shayla Danielle Baker, meanwhile, are Settlement Class Members because they are Derivative Claimants insofar as each is either a spouse or a child of Mr. Baker who "assert the right to sue independently or derivatively by reason of their relationship with" Mr. Baker. (*Id.* at § 2.1(ee).)

On February 5, 2021, Plaintiffs filed their Complaint in the United States District Court for the Southern District of New York.[2] On February 9, 2021, the NFL sent to Baker a letter with a confirmed return receipt that thoroughly explained that Plaintiffs were Settlement Class Members who released their claims, that any relief for Mr. Baker's estate or his family should be sought through the Settlement Program, and that Plaintiffs were prohibited from bringing separate actions. The NFL received no response from Baker. On March 2, 2021, Plaintiffs served the Complaint on the NFL. Plaintiffs have not yet served the Complaint on NFL Enterprises LLC. The Complaint asserted claims for wrongful death, negligence – survival action, and breach of implied contract arising out of the NFL Parties' purported negligence, which allegedly caused Donnell Baker to sustain "numerous concussions" as well as "countless sub-conclusive hits," which "[u]pon [Baker's] information and belief," caused his death and symptoms consistent with CTE. (*See Baker* Compl. ¶¶ 18,

---

[1] In fact, as a matter of record available to this Court, Mr. Baker registered in the Settlement Program in February 2017, prior to his death.

[2] At the same time, Plaintiffs filed substantially similar actions against the NFL and certain Member Clubs in four other federal district courts. (*See* 2:21-cv-01093-SB-MRW (C.D. Cal.); 3:21-cv-00131-HES-PDB (M.D. Fla.); 4:21-cv-00157 (E.D. Mo.); 3:21-cv-00058-RJC-DSC (W.D.N.C.).) In an order dated March 15, 2021, the Case that was filed in the Central District of California was closed by the court after Plaintiffs' Request to Proceed Without Prepayment of Filing Fees was denied. In an order dated March 26, 2021, the Case that was filed in the Western District of North Carolina was also closed by the court after Plaintiffs' motion to proceed in forma pauperis was denied. Plaintiffs have not yet served the complaints for the other two actions on any defendant.

5

21–22.) Plaintiffs alleged that the NFL "tried to downplay the risk" between head trauma in football and neurological diseases, including CTE (*id.* at ¶ 15), that it made "excuses for concussions and head trauma in their sport as far back as 1994" (*id.* at ¶ 11), and that it "did more to ensure that its players . . . were kept in harm's way by downplaying the risk associated with the game" (*id.* at ¶ 16).

On March 16, 2021, the NFL filed a Notice of Potential Tag-Along Action with the Judicial Panel on Multidistrict Litigation (the "Panel"). On March 26, 2021, the Panel transferred the case to this Court as part of *In re: National Football League Concussion Injury Litigation*, MDL No. 2323 ("MDL 2323"), holding that the action shared numerous common questions of law and fact with the actions previously transferred to MDL 2323. *See* Order at *In re: National Football League Players' Concussion Injury Litigation*, MDL 2323 (J.P.M.L. March 26, 2021), ECF No. 734.

## ARGUMENT

The Court should dismiss with prejudice Plaintiffs' claims because they were released under the plain terms of the Settlement Agreement and dismissed with prejudice by this Court's Final Order and Judgment. Either reason constitutes an independent basis for dismissing the Complaint with prejudice.

### I. PLAINTIFFS' CLAIMS WERE RELEASED UNDER THE SETTLEMENT AGREEMENT AND SHOULD BE DISMISSED

It is well settled that a "claim by a person who was a class member in a prior class action suit is barred by a settlement of the class action where the settlement includes a release applicable to his later individual action." *McGowan Inv'rs LP* v. *Keefe Bruyette & Woods, Inc.*, 540 F. Supp. 2d 571, 576 (E.D. Pa. 2008) (Brody, J.); *see also In re: Imprelis Herbicide Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 11-md-2884, 2015 WL 7575910, at

\*1, 3 (E.D. Pa. Nov. 25, 2015) (granting, *inter alia*, a motion to dismiss where plaintiff was "a class member who is properly bound by the Settlement"). A prior release bars a plaintiff's current claim where it (1) applies to the plaintiff; (2) circumscribes the asserted claims; and (3) is legally enforceable. *McGowan Inv'rs LP*, 540 F. Supp. 2d at 576. These elements are readily satisfied here. Plaintiffs are indisputably Settlement Class Members who could have opted out of the Settlement Class, but did not. The Settlement's release unambiguously bars the football-related head injury claims asserted here, and the Settlement is legally enforceable, as this Court and the Third Circuit have found.

First, the release applies to each Plaintiff. The release extends to qualifying claims brought by Settlement Class Members, and each Plaintiff qualifies a Settlement Class Member according to the terms of the Settlement Agreement. (*See* Settlement Agreement, at §§ 1.1 (definition of Settlement Class), 2.1(ee) (definition of "Derivative Claimant" ("means spouses, parents, children who are dependents, or any other persons who properly under applicable state law assert the right to sue independently or derivatively by reason of their relationship with a Retired NFL Football Player or deceased Retired NFL Football Player")), 2.1(ffff) (definition of "Retired NFL Football Players" (players who were on any Member Club or league's roster before July 7, 2014, but who, on or after July 7, 2014, were no longer under contract to a Member Club)), and 2.1(jjjj) (definition of "Settlement Class Member" ("each Retired NFL Football Player, Representative Claimant and/or Derivative Claimant in the Settlement Class; provided, however, that the term Settlement Class Member as used herein with respect to any right or obligation after the Final Approval Date does not include any Opt Outs")).)

Second, the release covers Plaintiffs' claims, which all arise out of Mr. Baker's cognitive condition as a result of playing NFL football. (*See* Settlement Agreement § 18.1(a) (waiving and releasing "all past, present and future claims" (i) "arising out of, or relating to, head, brain and/or cognitive injury, as well as any injuries arising out of, or relating to, concussions and/or subconcussive events," (ii) "arising out of, or relating to, CTE," or (iii) that "could have been asserted in the Class Action Complaint or any other Related Lawsuit").)

Third, the release, which has been approved by this Court and affirmed by the Third Circuit, is legally enforceable. (*See* Am. Final Order & J., ECF No. 6534); *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d at 420. There is no reasonable basis on which to dispute that Plaintiffs' claims were not released under the Settlement Agreement. The Complaint should be dismissed.

## II.  PLAINTIFFS' CLAIMS ARE BARRED BY THE FINAL ORDER AND JUDGMENT AND SHOULD BE DISMISSED

In addition to the Settlement Agreement's release, the Final Order and Judgment bars Plaintiffs' claims against the NFL Parties premised on Mr. Baker's "numerous concussions" and "countless sub-conclusive hits" (*Baker* Compl. ¶ 18), under the doctrine of claim preclusion because the Final Order and Judgment dismissed all Settlement Class Members' claims with prejudice. (*See* Am. Final Order & J. ¶¶ 10, 15, ECF No. 6534); *see also Pyle* v. *N.Y. Life Ins. Co.*, No. 07-cv-00360, 2008 WL 11510607, at *14 (W.D. Pa. Mar. 19, 2008) ("Because a class member's individual claim 'merges into the judgment granting relief,' thereby 'extinguishing' the class member's individual claim, the doctrine of *res judicata* bars any subsequent claims by a class member already litigated by the court rendering the judgment on the class action settlement."). Claim preclusion bars a plaintiff's claim where there is (1) a final judgment on the merits on a lawsuit; (2) involving the same parties or their

8

privies; and (3) a separate suit is based on the same cause of action. *See Marmon Coal Co.* v. *Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013). Each element is met here.

First, the Court's Final Order and Judgment approving the Settlement Agreement and dismissing all claims—whether asserted or that "could have been asserted in the Class Action Complaint or any other Related Lawsuit"—indisputably constitutes a final judgment on the merits. (*See* Settlement Agreement § 18.1; Am. Final Order & J. ¶¶ 10, 19, ECF No. 6534); *see also Toscano* v. *Conn. Gen. Life Ins. Co.*, 288 F. Appx. 36, 38 (3d Cir. 2008) ("Judicially approved settlement agreements are considered final judgments on the merits for purposes of claim preclusion.").

Second, Plaintiffs' Complaint involves the "same parties or their privies" as those involved in the Class Action Settlement because, as discussed above *supra* at 4–5, 7, Plaintiffs were part of the Settlement Class and did not opt out, and the Settlement covered the "NFL Parties (including all persons, entities, subsidiaries, divisions, and business units composed thereby)" as "Released Parties." (Settlement Agreement § 2.1 (bbbb).)

Third, Plaintiffs' Complaint constitutes a separate "suit based on the same cause of action" asserted (and settled) by the Settlement Class—namely, injuries arising out of, or relating to, concussions, subconcussive events, or CTE, allegedly sustained in connection with NFL play. Accordingly, Plaintiffs' claims should be dismissed pursuant to the doctrine of claim preclusion. *See Pyle*, 2008 WL 11510607, at *14; *Chartener* v. *Provident Mut. Life Ins. Co.*, No. 02-cv-8045, 2004 WL 1091027, at *2 (E.D. Pa. May 13, 2004).

**CONCLUSION**

For the reasons stated, the NFL Parties respectfully request that the Court dismiss with prejudice Plaintiffs' Complaint filed in *Connie Joann Baker, et al.* v. *National Football League, et al.*, No. 21-cv-01493 (E.D. Pa.) (ECF No. 1).[3] Plaintiffs may submit a claim to the Settlement Program to the extent that Mr. Baker received a Qualifying Diagnosis prior to his death.

Dated: April 21, 2021

Respectfully submitted,

*/s/ Brad S. Karp*
Brad S. Karp
Bruce Birenboim
Claudia Hammerman
Lynn B. Bayard

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
bkarp@paulweiss.com
Main: 212.373.3000
Fax: 212.757.3990

TROUTMAN PEPPER LLP
Sean P. Fahey
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000

*Attorneys for the National Football League and NFL Enterprises LLC*

---

[3] The NFL Parties respectfully reserve all rights to separately move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.