# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>        Plaintiffs,<br><br>     v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.<br>        Defendants. | Civ. Action No.: 14-cv-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Hon. Anita B. Brody |

**THE NATIONAL FOOTBALL LEAGUE'S AND
NFL PROPERTIES LLC'S OPPOSITION TO MOTION TO
<u>DISCIPLINE OR DISMISS SPECIAL MASTERS AND AUDITORS</u>**

The National Football League and NFL Properties LLC (collectively, the "NFL Parties") respectfully submit this opposition to the Motion to Discipline or Dismiss Special Masters and Auditors (the "Motion") filed by Tim Howard of Howard & Associates.

Mr. Howard's motion is entirely baseless.

Following a multi-year investigation of Mr. Howard and related parties, the Claims Administrator issued an audit report detailing the findings of its investigation, which uncovered widespread fraudulent practices. The Special Masters accepted the referral of that audit report pursuant to Section 10.3 of the Settlement Agreement and the Rules Governing the Audit of Claims. In turn, through the audit process overseen by this Court, Mr. Howard received the opportunity to file a brief addressing the matters raised in the audit notice and provide arguments and any evidence he wishes to the Special Masters before the Special Masters issue an audit decision (*see* Audit Rule 20). Mr. Howard, however, has filed the instant motion to attack the neutral adjudicators themselves. (*See* Order, ECF No. 11335; ECF No. 11324.)[1]

Mr. Howard's transparent effort to deflect attention from his documented misconduct by attempting to discredit the neutral fact-finders and evaluators of his actions lacks any merit. Mr. Howard's public filings acknowledge the serious accusations of fraud levied against him, his firm, and certain associated parties. The NFL Parties will respect the confidentiality of audit

---

[1] In taking this step, Mr. Howard appears to have violated the rights of certain Settlement Class Members under the express terms of this Court's March 2017 Order Regarding Retention, Exchange, and Confidentiality of Claims Information in the NFL Concussion Settlement Program by filing papers that included Confidential Claims Information prohibited from disclosure without Settlement Class Member authorization. Accordingly, this Court swiftly sealed the Motion and ordered Mr. Howard to file a redacted version of the Motion. (Order, ECF No. 11326.) Whether as a result of sloppiness or obstinacy, Mr. Howard filed a second Motion to Discipline or Dismiss Special Masters and Auditors on April 9, 2021 that "still contained unredacted confidential Claims Information," requiring this Court to again seal that motion. (Order, ECF No. 11335; ECF No. 11327.) Later that same day, Mr. Howard filed a supplement to his motions (ECF No. 11329) and a third Motion to Discipline Special Masters (ECF No. 11328), which, yet again, contained Confidential Claims Information (Order, ECF No. 11335). For the third time, this Court sealed the motion. (Order, ECF 11335.) Finally, on April 15, 2021, Mr. Howard filed a fourth Motion to Discipline or Dismiss Special Masters and Auditors. (ECF No. 11337.)

proceedings to which Mr. Howard is entitled (notwithstanding his public filing of this motion), and will not address the substantial evidence amassed to support the audit findings. The NFL Parties, however, respectfully submit that this Court should permit the audit proceedings to continue unimpeded, knowing that Mr. Howard and the other implicated parties are being afforded all of their rights pursuant to Section 10.3 of the Settlement Agreement and the Rules Governing the Audit of Claims, including the potential right to file Rule 33 Objections to a Conclusion of Law in any resulting decision by the Special Masters should they so choose.

As the NFL Parties and this Court have repeatedly stated, there is no place in the Settlement Program for fraudulent conduct—whether such fraudulent conduct ultimately succeeds or not. The Motion, in which Mr. Howard seeks to avoid the potential consequences of his actions, should be summarily dismissed.

Dated: April 21, 2021                                  Respectfully submitted,

/s/ Brad S. Karp
PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP
Brad S. Karp
Bruce Birenboim
Claudia Hammerman
Lynn Bayard
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
bkarp@paulweiss.com

*Attorneys for the National Football League and NFL Properties LLC*

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true copy of the foregoing document was served electronically via the Court's electronic filing system on the 21st day of April, 2021, upon all counsel of record.

Dated:  April 21, 2021                                                                /s/ Brad S. Karp
                                                                                                    Brad S. Karp