UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.<br>Defendants. | Civil Action No.: 14-cv-00029-AB<br><br>Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**CLASS COUNSEL'S RESPONSE TO MOTIONS TO
<u>DISCIPLINE OR DISMISS SPECIAL MASTERS AND AUDITORS</u>**

Class Counsel respectfully submits this brief response to the serial motions (including a "supplemental" motion) to discipline or dismiss the Special Masters and Auditors, filed by Tim Howard (also known as Phillip Timothy Howard) of Howard & Associates ("Howard") (ECF Nos. 11324, 11328-29, 11337) (collectively, "Motions").[1]

The Court is already familiar with Howard from previous actions taken by Class Counsel with respect to the so-called Cambridge Entities that he controlled – specifically, Howard's

---

[1] Howard's violations of the Settlement's confidentiality provisions prompted the Court to order the sealing of his motions and to direct that he file redacted versions. ECF Nos. 11326, 11335. Class Counsel need not address those violations for purposes of this short response.

solicitation of Class Members to "invest" their retirement monies in the Cambridge Entities' investment portfolio. The monies were used to fund the cash advances on Monetary Awards that the Cambridge Entities provided to other Class Members – who, in exchange for the advances, entered into agreements to assign their Monetary Awards to the Cambridge Entities, agreements that contravened the Settlement Agreement's prohibition against assignments. *See* ECF Nos. 9578, 9750, 9850, 9974.[2]

More recently, following a multiyear investigation of Howard and related parties, the Claims Administrator issued an audit report, detailing facts that could support a finding of fraud. The Special Masters accepted the referral of that audit report. Howard was afforded the opportunity to address the matters raised in the audit notice and to submit arguments and evidence to the Special Masters before they issue an audit decision.

In response, Howard fired off the Motions, preemptively accusing the Special Masters and Auditors of bias. The rambling and prolix Motions – replete with unfocused and scattershot

---

[2] Last July, Class Counsel noted that the Securities and Exchange Commission ("SEC") had filed a civil suit against Cambridge Entities and Howard, charging them with defrauding Class Members, and that Howard faced a multicount Florida bar complaint charging him with, among other things, misappropriating client funds. *See* ECF No. 11127-1 at 34 (¶ 76 n.11). Howard subsequently settled the SEC's civil charges by entering into a consent judgment, whereby he agreed, among other things, to pay a civil penalty of over $385,000. *See* Final Judgment as to Defendant Phillip Timothy Howard, *Securities and Exchange Commission v. Cambridge Capital Group Advisors, LLC*, No. 4:19-cv-00420-RH-MJF (N.D. Fla. Oct. 3, 2020) (ECF No 117). In November 2020, the Florida Bar lodged a new disciplinary complaint against Howard, claiming he allowed an unlicensed attorney to perform legal work and paid employees through the unlicensed attorney's front company. *See* Carolina Bolado, "Atty Caught Up in NFL Player Scheme Faces Bar Complaint" (Nov. 4, 2020), available at https://www.law360.com/articles/1325839/atty-caught-up-in-nfl-player-scheme-faces-bar-complaint?copied=1 (last visited Apr. 21, 2021). Even prior to the 2019 and 2020 ethics charges brought against him, Howard had received multiple public reprimands in Florida for ethics violations. *See* Report of the Referee Accepting Consent Judgment at 5-6, *The Florida Bar v. Phillip Timothy Howard*, No. SC06-1099 (Sup. Ct. Fla., Feb. 26, 2007), available at https://www.floridasupremecourt.org/content/download/373639/file/06-1099_ROR.pdf (last visited Apr. 21, 2021).

references to, among other things, the Code of Judicial Conduct and "Title IV" – are misguided and unavailing. They are simply Howard's transparent and meritless effort to deflect attention from his documented misconduct and the serious accusations levied against him by besmirching neutral Settlement Program officials. So as not to jeopardize the confidentiality of the ongoing audit proceedings involving Howard, Class Counsel will not discuss the substantial evidence concerning his conduct. Suffice it to say that the Court should reject Howard's attempt to short-circuit the audit proceedings. Those proceedings are affording Howard all rights pursuant to Section 10.3 of the Settlement Agreement (ECF No. 6481-1 at 59-62) and the Rules Governing the Audit of Claims.[3]

Class Counsel has consistently supported efforts to root out fraudulent conduct by lawyers, medical professionals, and others who seek to game the Settlement Program and exploit vulnerable Class Members. Moreover, as noted above, Class Counsel has taken steps of his own to ferret out such misconduct. Howard is attempting to end run the Settlement Program's carefully erected procedures in order to avoid the consequences of his actions. The Court should rebuff his ploys and deny the Motions.

Dated: April 21, 2021

                Respectfully submitted,

         By: */s/ Christopher A. Seeger*
            Christopher A. Seeger
            SEEGER WEISS LLP
            55 Challenger Road, 6th Floor
            Ridgefield Park, NJ  07660
            Telephone:  (212) 584-0700
            cseeger@seegerweiss.com

            ***CLASS COUNSEL***

---

[3] https://www.nflconcussionsettlement.com/Docs/nfl_rules_governing_the_audit_of_claims.pdf.