UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br>    Plaintiffs,<br><br>        v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br>    Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**PROTECTIVE ORDER GOVERNING MEDIATION**

WHEREAS certain Claimants in the NFL Concussion Settlement Program have alleged that the use of certain demographic normative adjustments to the neuropsychological testing administered by neuropsychologists in the Settlement Program discriminates against Black Retired NFL Football Players (*see, e.g.,* Motion for Relief; 12-md-02323, ECF No. 11169) (the "Motion"), and a class action based on these allegations was filed in this Court against the NFL and NFL Properties LLC (the "NFL Parties") on August 25, 2020 (*see* 2:20-CV-4165, ECF No. 1) (the "§ 1981 Action");

1

WHEREAS Najeh Davenport and Kevin Henry ("Davenport and Henry") were movants as to the Motion and named plaintiffs in the § 1981 Action;

WHEREAS the Court denied the Motion and dismissed the § 1981 Action on March 8, 2021, holding that it was an impermissible collateral attack on the Settlement Agreement, but referred "the NFL and Class Counsel . . . to Magistrate Judge David Strawbridge to seek to address the concerns related to the race-norming issue." (20-CV-4165, ECF No. 40; 12-md-02323, ECF No. 11302) (the "First Mediation Order");

WHEREAS on April 8, 2021, the Court issued a second order regarding mediation (12-md-02323, ECF 11325) (the "Second Mediation Order");

WHEREAS pursuant to the First Mediation Order the NFL Parties and Class Counsel ("the Parties") represent that they are committed to eliminating the use of demographic norms that incorporate or permit adjustment for race in connection with the neuropsychological testing while maintaining diagnostic accuracy in the Program, have engaged multiple expert advisers to address the issues raised by the First Mediation Order, and have met regularly with Magistrate Judge Strawbridge to report progress on addressing the concerns raised by the various filings and the Court since the entry of the First Mediation Order;

WHEREAS at the appropriate time, but before implementation of any new norms, the Court will invite Dr. Jennifer Manly, the expert for Davenport and Henry, to participate and work with the other expert advisers in the mediation and to evaluate and comment on any proposal. If counsel for Davenport and Henry wish to have another expert participate in the mediation, they shall seek the Parties' consent;

WHEREAS this mediation raises some of the same concerns regarding confidentiality that were part of the negotiations of the Settlement Agreement and the implementation of the

Settlement Program contemplated by that Agreement, and because additional parties might participate in this process, it is necessary to bind them to the same confidentiality obligations to which the Parties are bound.

Accordingly, IT IS HEREBY ORDERED THAT:

1.  All information reviewed, developed or exchanged, whether written or oral, in the course of this mediation is to be treated by all participants to the mediation, and other recipients authorized to received such information as described herein, as Confidential Information, both as contemplated by Section 17 of the Settlement Agreement and generally, and shall be maintained as confidential and not disclosed or used for any purpose other than the mediation.

2.  Similarly, some of the information exchanged in the course of the mediation may involve Confidential Claims Information, which is addressed by the Court's March 23, 2017 Order Regarding Retention, Exchange, and Confidentiality of Claims Information in NFL Concussion Settlement Program ("2017 Confidentiality Order").  (12-md-02323, ECF No. 7324.)  The current order is not intended to, and does not, expand the persons who may have access to Confidential Claims Information for the purposes of the 2017 Confidentiality Order.  Any persons otherwise not allowed access to Confidential Claims Information may be provided Confidential Claims Information during the course of the mediation only to the extent necessary and only after personal identifying information has been redacted from the Confidential Claims Information.

3.  In furtherance of this order, when the Court permits Dr. Manly to participate in this mediation, Dr. Manly will be bound by the terms of this order and must affirm her agreement by executing Exhibit A, as attached hereto.  Similarly, information reviewed, developed or exchanged, whether written or oral, shared with or developed by Dr. Manly in the course of this mediation may be shared as needed for her participation in the mediation with counsel for

Davenport and Henry and other consulting experts, subject to the terms of this Order, provided that such counsel and experts affirm their agreement to be bound this Order by executing Exhibit A. Counsel for Davenport and Henry shall provide copies of any executed Exhibit A acknowledgement to Class Counsel and the counsel for the NFL Parties before information is shared or exchanged.

Dated: April 29, 2021           /s/ David R. Strawbridge, USMJ
                                                         DAVID R. STRAWBRIDGE
                                                         UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A – Protective Order Governing Mediation

   I, _____, have read and agree to be bound by the Protective Order Governing Mediation. I shall maintain the confidentiality of all communications and information, whether written or oral, reviewed, developed, and/or exchanged in the course and in furtherance of the mediation. I also agree to subject myself to the jurisdiction and authority of the Court overseeing *In re: National Football League Players' Concussion Injury Litigation*, 2:12-md-2323 to ensure that the Protective Order Governing Mediation is adhered to.

Dated:

7691684.1