UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| KEVIN TURNER AND SHAWN WOODEN, on behalf of themselves and others similarly situated,<br><br>                          Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE and NFL PROPERTIES LLC, successor-in-interest to NFL Properties, Inc.<br>                          Defendants. | No. 12-md-2323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**EXPLANATION AND ORDER**

On August 25, 2020, Zuckerman Spaeder filed a lawsuit on behalf of Settlement Class Members Najeh Davenport and Kevin Henry, alleging that the NFL Concussion Settlement utilizes racially discriminatory norms in the diagnostic process. Compl., *Henry v. Nat'l Football League*, No. 20-cv-04165 (E.D. Pa. Aug. 25, 2021), ECF No. 1. On March 8, 2021, the Court dismissed the lawsuit as a legally improper collateral attack on the Settlement Agreement. Order, *Henry*, No. 20-cv-04165 (E.D. Pa. Mar. 8, 2021), ECF No. 40.

Due to the Court's concern regarding the race-norming issue, the Court referred Class Counsel Seeger Weiss and the NFL—the original parties that drafted the Settlement

Agreement—to mediation with Magistrate Judge David Strawbridge. *Id.*; Order, Mar. 8, 2021, ECF No. 11302. On March 15, 2021, Zuckerman Spaeder, on behalf of Davenport and Henry, moved to intervene and to stay the mediation. Mot. to Intervene & to Stay Mediation, ECF No. 11306. On April 8, 2021, the Court reserved decision on the motion. Order, Apr. 8, 2021, ECF No. 11325.

Under Federal Rule of Civil Procedure 24(b), a court has the discretion to grant permissive intervention, upon timely motion, when the movants have a "claim or defense that shares with the main action a common question of law or fact," and the intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). As the Court has learned from the media, the NFL has committed to eliminating racial norms from the Settlement and replacing them with a new set of norms that "will be applied prospectively and retrospectively."[1] In light of this news, and the Court's understanding that intervention may facilitate the ongoing mediation process, permissive intervention is appropriate at this time. Movants have presented research on the appropriate use of norms, and they may have information that would be useful to the mediation.

**AND NOW**, on this 3rd day of June, 2021, it is **ORDERED** that Movants Kevin Henry and Najeh Davenport's Motion to Intervene and Stay Mediation (ECF No. 11306) is **GRANTED** in part and **DENIED** in part as follows:

- Movants' motion to intervene is **GRANTED** insofar as Movants are permitted to intervene in the race-norming mediation on behalf of themselves.

- Movants' motion to stay the mediation is **DENIED**.

---

[1] *E.g.*, Ken Belson, *N.F.L. Concussion Settlement Will Drop Race-Based Assessment for Payouts*, N.Y. Times (June 2, 2021), https://www.nytimes.com/2021/06/02/sports/ football/nfl-concussion-settlement-race.html.

       s/ANITA B. BRODY, J.

       ANITA B. BRODY, J.

**COPIES VIA ECF**