UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## STECKLER WAYNE COCHRAN PLLC'S RENEWED MOTION TO RELEASE THE 5% HOLDBACK AND REQUEST FOR EXPEDITED HEARINGS

Steckler Wayne Cochran PLLC ("SWC") on behalf of its clients, and all others similarly situated with Parkinson's, Alzheimer's, ALS, or Death with CTE, moves to release the 5% settlement committee holdback and requests expedited hearings on this matter and states as follows:

1. **History of Motion**

Over two years ago, on April 25, 2019, SWC filed their first Motion to Release the 5% Holdback and Request for Expedited Hearings (dkt. 10581). Since then, there have been several similar motions filed by Plaintiffs in this action, yet the Court has not ruled, or shown any

indication that it plans to rule on this issue soon. Any further delay in releasing the 5% holdback only continues to harm the players this settlement was meant to protect.

**2. Basis for 5% Holdback Release Request**

The Class Action Settlement Agreement, as amended (ECF No. 6481-1) ("Settlement") became effective on December 12, 2016—over four years ago—with the goal to provide settlement benefits to over twenty-thousand retired National Football League Players that make up the Class. Pet. for Atty Fees and Decl. of Co-Lead Counsel, 1. As a result, "[a]ll valid claims under the Settlement, *without limitation*, will be paid in full through the 65-year life of the Settlement Program." *Frequently Asked Questions, What are the benefits of the Settlement?*, NFL Concussion Settlement, https://www.nflconcussionsettlement.com/FAQ.aspx?FaqTypeID=1#1 (emphasis added).

However, on February 13, 2017, Class Counsel petitioned this Court "for an award of attorneys' fees and reimbursement of costs and litigation expenses *for their work* up to date in this litigation" in the form of a 5% holdback. Pet. for Atty Fees and Decl. of Co-Lead Counsel, 2. Class Counsel justified this request by arguing that it must "accomplish numerous tasks" on behalf of the claimants in order to successfully acquire the funds the claimants are entitled to. *See id.* at 3. In the case of clients with Parkinson's, Alzheimer's, ALS, or Death with CTE, no such "numerous tasks" are or have been required, and there is no continuing justification for the holdback.

When Class Counsel is not involved in the processing of a claim (by objecting to or supporting the claim), Class Counsel does not perform "numerous tasks" on behalf of the claimant. In fact, Class Counsel performs no tasks at all. Awarding 5% of the claim to Class Counsel for doing nothing is unjust, particularly when Class Counsel has already been paid. Class Counsel

has not assumed any of the risks of representation or the significant costs and time associated with individual counsel's representation of each individual player and his individualized claim. This is inherently unfair, is not proportionate to the work done by Class Counsel as to each individualized claim, and would frustrate the benefit of the bargain upon which the player and individual counsel's agreement was struck.

### 3. The 5% Holdback Should Not Apply to Claimants with More Severe Injuries Because These Claimants Require Little or No Work by the Class Counsel.

Class Counsel is NOT required to do ANY work for the claimants with more severe injuries given the settlement criteria. Additionally, these are the individuals who need the money most, and the 5% holdback should not apply to them. Diagnoses and claims for Levels 1.5 and 2 Neurocognitive Impairment require intensive documentation, time, and money. It is these claims on which Class Counsel may perform some work in analyzing, objecting to, or filing documents in support of the claims.

To the contrary, for Alzheimer's Disease, Parkinson's Disease, Death with CTE, and ALS, little if anything is required by Class Counsel. Essentially, only a diagnosis is required for ALS, Alzheimer's, Parkinson's, and CTE, and these claims are subject to far less scrutiny by Class Counsel than claims for Levels 1.5 and 2. Thus, even if the 5% holdback could be justified in the cases of claimants with Level 1.5 and Level 2 Neurocognitive Impairment, any such rationale is not applicable to individuals with ALS, Alzheimer's, Parkinson's, or CTE. Of course, these individuals and their families are the ones who would benefit most from the monetary award for their medical expenses and daily struggles. Class Counsel requests this holdback amount to be reimbursed "for costs and litigation expenses for their work." Pet. for Atty Fees and Decl. of Co-Lead Counsel, 2. But when very little or no work is required, as is the case in ALS, Alzheimer's,

Parkinson's and CTE claimants, it does not make sense for Class Counsel to be granted this windfall.

4. **Delay in Releasing the 5% Holdback is Harming Clients**

Now more than ever, these players deserve to receive the monetary award that they are rightfully owed. As more time passes, these players are aging and their conditions are worsening, leaving them with more medical expenses and struggles in their everyday lives. COVID-19 is still rampant in this country, and the impairments that these players are facing leave them more susceptible to catching this virus and endangering their health and wellbeing, leaving them with even more medical bills and treatments. And the fact that COVID ground the economy and employment opportunities to a halt has furthered hindered these players' ability to provide for their families, assuming they are able to work at all.

5. **Expedited Hearing Requested**

It is imperative for this 5% holdback issue to be resolved in order for the claimants to receive the money they are entitled to under the Settlement. Class Members are entitled to the benefit of the reasonable and individualized bargain they reached with their individual counsel. While this issue lingers, the individuals who are in most need of the funds are unable to obtain all they are entitled to. With the COVID-19 pandemic still rampant throughout the country, these players are getting older, and are more at risk for complications if they were to be infected with the virus. An expedited hearing is therefore "reasonable in light of the relevant circumstances." *See Gimaex Holding, Inc. v. Spartan Motors USA, Inc.*, No. 1:15-cv-00515-RGA, 2015 WL 9437530, *5 (D. Del. Dec. 22, 2015). To allow this Court to settle the issue in a quick manner that ensures justice for the claimants, an expedited hearing is necessary.

Dated: June 4, 2021.              Respectfully submitted,

/s/ *Bruce W. Steckler*
Bruce W. Steckler (TX Bar No. 00785039)
Stuart Cochran (TX State Bar No. 24027936)
**STECKLER WAYNE COCHRAN, PLLC**
12720 Hillcrest Rd., Suite 1045
Dallas, Texas 75230
Telephone: (972) 387-4040
Facsimile: (972) 387-4041
bruce@swclaw.com
stuart@swclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Renewed Motion to Release the 5% Holdback and Request for Expedited Hearings* was served on all counsel of record via the Court's ECF system on June 4, 2021.

/s/ *Bruce W. Steckler*
Bruce W. Steckler