**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |

Kevin Turner and Shawn Wooden, on behalf
of themselves and others similarly situated,

                                        Plaintiffs,

        v.

National Football League and NFL Properties, LLC,
successor-in-interest to NFL Properties, Inc.,

                                        Defendants.

THIS DOCUMENT RELATES TO:

Locks Law Firm
v.
SPID 100014538 (G.S.)
Attorney Lien Dispute
Case No. 01697

## EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                           June 10, 2021

Before the Court is a Notice of Attorney's Lien ("Lien") and a Petition to Establish

Attorney's Lien seeking attorney's fees and costs from any Monetary Claim to be paid to

Settlement Class Member ("SCM") G.S., who was issued a Notice of Monetary Award Claim

Determination on January 19, 2021.  The lien was filed in August 2020 by Locks Law Firm

("Locks"). The SCM is currently represented by Langfitt Garner PLLC ("Langfitt").

The District Court referred all Petitions for individual attorney's liens to this Magistrate

Judge.  (Doc. No. 7746.)  Rules Governing Attorneys' Liens ("Rules") were adopted on March 6,

2018 and amended on October 3, 2018.  (Doc. Nos. 9760 and 10283.)  Pursuant to Rule 12, Locks

and Langfitt (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this dispute.  The Parties have consented to jurisdiction by a Magistrate Judge.  Accordingly, this Explanation and Order will serve as the final decision of the Court concerning this attorney lien dispute.[1]

The Parties have reached an agreement as to the allocation of the attorney fee in this case and submitted Withdrawal of Attorney's Lien Dispute forms (the "Withdrawal") pursuant to Rule 24 dated May 3, 2021.  The Withdrawal agreement clearly indicates the portion of the Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future.  The agreement was negotiated by law firms that were informed and concerned about their own interest.  Upon review of the Withdrawal and the contingency fee agreements, and in consideration of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to each firm is reasonable, does not exceed the percentage for which the parties contracted, and that the collective fees are within the percentage allowed under the 22% Presumptive Fee Cap.  Accordingly, we conclude that the Withdrawal should be granted and that the Claims Administrator should be ordered to distribute the attorneys' fees to the parties as set forth in the Withdrawal.[2]  We also have reviewed the list of costs submitted by

---

[1]  This decision does not concern the propriety of the Monetary Award to the SCM, which has already been authorized.  Rather, it solely addresses the allocation of the portion of the SCM's Monetary Award that was set aside by the Claims Administrator for fees and costs of the SCM's individually-retained counsel.  It is the SCM's retention of more than one attorney to represent him in this matter, and the filing of an attorney's lien by prior counsel, that has created the need for this judicial determination of the appropriate fee.

[2]  Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court.  The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the

Locks and the provisions of the contingent fee agreement that provides for reimbursement of certain costs.  We conclude that Locks is entitled to the costs asserted.

   **AND NOW**, this 10th  day of June, 2021, it is **ORDERED** that:

1.  The Withdrawal of the Lien Dispute is **GRANTED**; and

2.  The Claims Administrator is **ORDERED** to distribute the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

                              BY THE COURT:


                               /s/ David R. Strawbridge, USMJ____
                              DAVID R. STRAWBRIDGE
                              UNITED STATES MAGISTRATE JUDGE

_____

Withdrawal.