UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody**<br><br>Civ. Action No. 14-00029-AB |
| Kevin Turner and Shawn Wooden,<br>*on behalf of themselves and*<br>*others similarly situated*,<br><br>    Plaintiffs,<br><br>                v.<br><br>National Football League and<br>NFL Properties LLC,<br>successor-in-interest to<br>NFL Properties, Inc.,<br><br>    Defendants. | |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**DECLARATION OF CHRISTOPHER A. SEEGER IN OPPOSITION TO
STECKLER GRESHAM COCHRAN PLLC'S RENEWED MOTION TO RELEASE
THE 5% HOLDBACK AND REQUEST FOR EXPEDITED HEARINGS**

CHRISTOPHER A. SEEGER declares, pursuant to 28 U.S.C. § 1746, the following:

1.  I am a founding member of the law firm of Seeger Weiss LLP and was appointed by the Court in 2012 as a member of the Plaintiffs' Executive Committee and thereafter to serve as Plaintiffs' Co-Lead Counsel (ECF Nos. 64, 72). I was the principal negotiator and architect of the Class Action Settlement dated June 25, 2014, between the Class Plaintiffs and Defendants National Football League and NFL Properties LLC (ECF No. 6073-2), which was preliminarily approved on July 7, 2014 (ECF No. 6084, ¶ 3(b)), amended as of February 13, 2015 (ECF No.

6481-1), and finally approved by the Court on April 22, 2015 (ECF Nos. 6509-10). Upon these approvals, I was appointed to serve and later confirmed to serve as Co-Lead Class Counsel. ECF No. 6534 at 3 (¶ 6). On May 24, 2019, the Court appointed me as sole Class Counsel. ECF No. 10624 at 2.

2. I make this Declaration in opposition to the renewed motion filed by Steckler Gresham Cochran PLLC ("Steckler Gresham") on June 4, 2019 (ECF No. 11372), "on behalf of its clients, and all others similarly situated with Parkinson's, Alzheimer's, ALS, or Death with CTE," seeking to compel the return to class members who have qualified for Monetary Awards[1] on the basis of Qualifying Diagnoses ("QDs") of those ailments, of the five-percent holdback that the Court adopted provisionally on all Monetary Awards. The matters forth herein are based on my personal knowledge.

3. Contrary to Steckler Gresham's suggestion that Class Counsel has done little or no work on behalf of class members whose Monetary Award claims are based on the aforementioned QDs, my office has assisted such class members on a number of occasions – in particular, class members with such QDs who do not have individual counsel. Simply because their claims may appear more straightforward than dementia-based claims does not mean that Retired NFL Football Players with those QDs require no assistance in preparing their claim package for submission, rectifying deficiencies in a claim package and resubmitting it, or pursuing an administrative appeal.

4. Indeed, my partner Michael L. Rosenberg has personally assisted such individuals during the course of the Settlement's implementation and has received letters from those individuals, thanking him for his assistance. In one such instance, his efforts on behalf of the class

---

[1] "Monetary Awards" refers collectively to both Monetary Awards under Article VI of the Settlement and Derivative Claimant Awards under Article VII. See ECF No. 6481-1 at 35-43.

2

member helped establish an earlier diagnosis, resulting in an increase of the class member's Monetary Award by more than $500,000. In another instance, his efforts resulted in an award of more than $42,000 for a Retired NFL Football Player whose Parkinson's Disease-based claim had originally been denied.

5. In fact, my office has provided assistance specifically in the case of class members represented by Steckler Gresham itself. Steckler had two clients whose Monetary Award claims were based on a QD of Parkinson's Disease and that were initially denied, in part, because the firm did not have a properly credentialed physician sign the Diagnosing Physician's Certification ("DPC") for this pre-Effective Date diagnosis. *See* ECF Nos. 6481-1 at 36 (Settlement Agreement § 6.3(d)). After reviewing the files of both claims, including the class members' somewhat complicated medical histories, my office advised Steckler Gresham of this error and suggested professionals in the class member's history of care who might be qualified to sign the DPC. Steckler Gresham then resubmitted the claims with a properly qualified physician's DPC. The class members eventually received Monetary Awards of $3.222 million and $2.297 million, respectively.

6. Furthermore, one of the two class members represented by Steckler Gresham had entered into a prohibited assignment of his Monetary Award. This class member benefitted from the rescission program set up by the Claims Administrator in the wake of my office's successful challenge to such financing instruments as violative of the Settlement Agreement's prohibition on assignments. *See generally* ECF Nos. 6481-1 at 96 (Settlement Agreement § 30.1), 9517 (Dec. 8, 2017 Order, declaring putative agreements to assign Monetary Awards to third-party funders void, as prohibited by the Settlement Agreement); *see also Nat'l Football League Players' Concussion*

*Injury Litig.* 923 F.3d 96, 107-10 (3d Cir. 2019) (upholding this Court's authority to void cash advance agreements packaged as assignments of Monetary Awards).

7. My firm has no contingency fee agreement with individual class members. Moreover, as I previously averred, my firm waived any claim for fees from its individual client class members.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 18th day of June, 2021

*/s/ Christopher A. Seeger*_____
CHRISTOPHER A. SEEGER
*Class Counsel*
