## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### STECKLER WAYNE COCHRAN PLLC'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO RELEASE THE 5% HOLDBACK AND REQUEST FOR EXPEDITED HEARINGS

Steckler Wayne Cochran PLLC ("SWC") on behalf of its clients, and all others similarly situated with Parkinson's, Alzheimer's, ALS, or Death with CTE (collectively, the "Undisputed Diagnoses"), files this Reply in Support of Its Renewed Motion to Release the 5% Holdback on cases of undisputed diagnoses that did not require Class Counsel and Request for Expedited Hearings,[1] and would show the Court as follows:

---

[1] On April 25, 2019, SWC filed its Motion to Release the 5% Holdback and Request for Expedited Hearing. *See* ECF Nos. 10581, 106065.

This Motion is not complex. Within sixty (60) days of the Settlement being approved, and before claims could even be submitted, Class Counsel petitioned the Court for a 5% holdback. At that time, the undersigned firm filed an objection to the holdback suggesting that there was no need for a 5% holdback to Monetary Awards of players who received a Qualifying Diagnosis before the Effective Date.[2] This undoubtedly includes Undisputed Diagnosis—diagnosis made by treating physicians in which Class Counsel did no work. Now, several years have lapsed and claimants with Undisputed Diagnoses are having their settlements withheld without reason by Class Counsel. These are Undisputed Diagnoses—cases paid in which claimants with individual counsel or on their own submitted their diagnoses by treating physicians and Class Counsel did no additional work. Yet, here they are objecting to these players receiving the rest of their settlement. Class Counsel does not have a debilitating injury, medical expenses, nor expenses on these cases. To the contrary, Class Counsel has received $106,817,220.62 in attorneys' fees and $5,682,779.38 in costs were reimbursed.

The primary purpose for a common benefit fund set aside is to eliminate the free rider problem that often follows when counsel organizing the class are not fully compensated for their work and other new counsel reap a windfall because those new counsel received the benefits of that labor that was undercompensated. In those cases where a common benefit is ordered, the common benefit fund is "[o]ne measure used by courts (and parties) to avoid unjust enrichment of persons who benefit from a lawsuit without shouldering those costs, and to fairly compensate those attorneys who coordinate the litigation and shoulder the heaviest burden...." *In re Guidant Corporation Implantable Defibrillators Products Liability Litigation*, MDL No. 05-1708, 2008 WL 682174, at Page 4 (D. Minn. March 7, 2008). With the amount Class Counsel has already been

---

[2] *See* ECF 7353.

compensated, any suggestion that Class Counsel has not been fairly compensated for his role and future roles in this matter is without merit. Because Class Counsel has been compensated, under the circumstances, there is no reason for a 5% set aside on cases of Undisputed Diagnoses.

In this Motion, SWC has a narrow request, asking the Court to release the 5% holdback to the clients Undisputed Diagnoses where there was no administrative work done by Class Counsel. These are cases where the claims were simply submitted and handled by the claimant or their individual counsel. If the settlement was as purported, in the case of clients with Parkinson's, Alzheimer's, ALS, or Death with CTE, Class Counsel should not have done work on any of these cases and there is no continuing justification for the holdback. If Class counsel had to work on every one of those cases, then Class Counsel certainly does not deserve compensation for this work because that would indicate the settlement was inherently flawed. Presumably, that is not the case. Moreover, to date, Class Counsel has presented no evidence to the Court that it did any work on any of the cases regarding Undisputed Diagnoses. Paragraph l(D)(vi) of the April 25, 2015, Order, states the Class Counsel may petition the Court toset aside up to 5% of each award to administer the settlement but this request "is subject to courtapproval, and any petition must include the amount of any set aside and its proposed use." *In re National Football League Players' Concussion Injury Litigation,* 307 F.R.D. 351 (E.D. Pa. 2015). The Set-Aside Provision of the Settlement, Section 21.1 of the Amended Settlement Agreement, also clearly states in relevant part: "Any future petition for a set-aside will describe: (i) the proposed amount; (ii) how the money will be used; and (iii) any other relevant information." Class Counsel has failed to satisfy his burden that he is entitled to the 5% holdback for these cases regarding Undisputed Diagnoses.

By attempting to profit from cases in which no work was performed, Class Counsel is claiming settlement money that belongs to players who are in chronic pain, have incurred lifelong disabilities, and are unable to work for the rest of their lives. These players need this money to survive, provide for their families, and compensate them for their disabilities.

Players with these Undisputed Diagnoses qualified for a monetary award under the Settlement with only their diagnosis from their doctors, in contrast to claims for claims for Levels 1.5 and 2 Neurocognitive Impairment that require intensive documentation, time, and money. The Undisputed Diagnoses require virtually no time, money, or work on behalf of Class Counsel and generally do not even afford Class Counsel the opportunity to perform any work. The reasoning is that the diagnosis for these particular diseases take years to fully develop, require a treating physician's diagnosis and acknowledgment for care. Upon submission, these extensive files are then reviewed by seven (7) independent neurologists. In theory and hopefully in practice, there should have been no need for legal work performed by Class Counsel in analyzing, objecting to, or filing documents in support of the claims for these players with such debilitating illnesses. In addition, most players had individual counsel that performed this work. For that reason, absent supporting evidence, there is no justification at this time that Class Counsel did work on these Undisputed Diagnoses.

None of Class Counsel's fees have been held back. Yet, Class Counsel continues to insist that the players with Undisputed Diagnoses be denied this settlement money. Class Counsel's arguments seem to insinuate that they were not paid enough. Moreover, there is no evidence of work done by Class Counsel for individual players with Undisputed Diagnoses to justify a holdback. Where is the evidence to support the work done for players with Undisputed Diagnoses that submitted diagnoses by treating physicians for these illnesses? SWC's Motion seeks to return

this 5% holdback on cases that simply required a doctor's diagnosis of these Undisputed Diagnoses submitted for compensation, were compensated, and no evidence of work was done by Class Counsel for these players.

Finally, and most incredibly, Class Counsel claims that by pursuing this Motion, the undersigned is seeking its fees. This just demonstrates the level misunderstanding by Class Counsel. This is not about fees of which Class counsel has certainly received its share! This money belongs to the players. It is their compensation. As Class Counsel should know, contingency fees are generally only received after clients are paid. These clients have not been paid this money. But I guess that we now know Class Counsel's interest in the 5%.

This Motion seeks to compensate the players who suffer from a physician diagnosed illness that qualified for their settlement upon mere submission. Why must these players wait anymore for this money? Without explanation or supporting documentation, this is simply an effort by Class Counsel to delay and presumably deny compensation to claimants. There is no basis to support that Class Counsel be compensated for performing little to no work. This Court cannot, in good conscience, allow such a windfall at the expense of these struggling players.

Dated: June 24, 2021.                    Respectfully submitted,

                                         /s/ *Bruce W. Steckler*
                                         Bruce W. Steckler (TX Bar No. 00785039)
                                         Stuart Cochran (TX State Bar No. 24027936)
                                         **STECKLER WAYNE COCHRAN, PLLC**
                                         12720 Hillcrest Rd., Suite 1045
                                         Dallas, Texas 75230
                                         Telephone: (972) 387-4040
                                         Facsimile: (972) 387-4041
                                         bruce@swclaw.com
                                         stuart@swclaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing *Reply in Support of Its Renewed Motion to Release the 5% Holdback and Request for Expedited Hearings* was served on all counsel of record via the Court's ECF system on June 24, 2021.

/s/ *Bruce W. Steckler*
Bruce W. Steckler