# EXHIBIT "A"



# RULES GOVERNING PAYMENT OF CLAIMS INVOLVING THIRD-PARTY FUNDERS

3/19/2020
539954

**TABLE OF CONTENTS**

**Page**

**TITLE I:  GENERAL**....................................................................................................................1

    Rule 1.   The Purpose of These Rules.............................................................................1
    Rule 2.   Adoption of These Rules..................................................................................1
    Rule 3.   Definitions Used in These Rules......................................................................2

**TITLE II:  INFORMATION ON FUNDING AGREEMENTS** ...............................................3

    Rule 4.   Form SWS-5(A): Cases Involving Resolution Protocol .................................3
    Rule 5.   Form SWS-5(B): Cases Not Involving Resolution Protocol ..........................4

**TITLE III: PAYMENT STEPS** ...................................................................................................4

    Rule 6.   Payment Steps Under Form SWS-5(A) ..........................................................4
    Rule 7.   Payment Steps Under Form SWS-5(B)...........................................................5

3/19/2020

## RULES GOVERNING PAYMENT OF CLAIMS INVOLVING THIRD-PARTY FUNDERS

### TITLE I:  GENERAL

**Rule 1.     The Purpose of These Rules.**  These Payment Rules govern the payment of Monetary Claims that involve Third-Party Funder Transactions.   These Rules do not address the enforceability of the underlying agreements between Third-Party Funders and Settlement Class Members.  *See generally In re Nat'l Football League Players' Concussion Injury Litig.*, 923 F.3d 96 (3d Cir. 2019).

Any dispute over the enforceability or validity of a Third-Party Funder Transaction must be litigated or arbitrated in an appropriate forum outside of the claims administration context, subject to "the full array of standard contract defenses" available.  *In re Nat'l Football League*, 923 F.3d at 112-13.  As the Third Circuit has noted, "some of the class members are cognitively impaired, and it is possible that some of them lacked the capacity to contract at the time they entered into [these] agreements. . . .  There may also be issues of unconscionability, fraud, or usury based on the high effective interest rates in the agreements," which may function as "disguised predatory loans."  *Id.* at 112.  However, if an agreement is found to be enforceable, a Settlement Class Member may risk incurring additional expenses by refusing to pay any of the disputed funds while the dispute over enforceability plays out.  These risks may include potential interest obligations and/or the cost of defending a lawsuit.  Settlement Class Members might consider seeking legal advice on their options.

In some instances, these Rules call for the Claims Administrator to pay a Monetary Claim directly to a Settlement Class Member, rather than submitting that payment to the Settlement Class Member's lawyer.  This payment has no bearing whatsoever on the Settlement Class Member's potential legal obligations.  For instance, Settlement Class Members receiving such direct payments may be sued by a Third-Party Funder.  A Settlement Class Member **SHOULD NOT** assume that his/her receipt of direct payment means that his/her lawyer has already paid off all obligations potentially owed to Third-Party Funders.[1]

**Rule 2.     Adoption of These Rules.**  The Special Masters have adopted these Rules in the exercise of their duties pursuant their appointment by the Court in its July 13, 2016 Order (Document 6871).  The Special Masters may amend these Rules at any time *sua sponte* or after request by the Claims Administrator and such input from Class Counsel, the NFL Parties and the Claims Administrator as the Special Masters deem appropriate.  These Rules were amended to their current form on March 19, 2020.

---

[1] Likewise, direct payment to a Settlement Class Member has no bearing on whether the underlying agreement with a given Third-Party Funder is or is not valid or enforceable.



**Rule 3.    Definitions Used in These Rules.**  The capitalized terms used in these Rules are defined as follows:

(a) "Final Decision" means the moment when the window for all potential appeals of a Monetary Award has closed—which can be either the moment the time for filing an initial appeal passes with no appeal filed or the moment any appeals have been resolved.

(b) "Monetary Award" means a Monetary Award, Derivative Claimant Award, or Supplemental Monetary Award, as those terms are defined, respectively, in Sections 2.1(aaa), 2.1(zzzz), and 2.1(ff) of the Settlement Agreement.

(c) "Monetary Claim" means a claim submitted by a Settlement Class Member for a Monetary Award.

(d) "Non-Participating Funder" means a Third-Party Funder who is not participating in the Resolution Protocol.

(e) "Participating Funder" means a Third-Party Funder who is participating in the Resolution Protocol.

(f) "Resolution Amount" means the amount of money—described further in the Resolution Protocol—that a Participating Funder will accept to resolve any claims arising under the original agreement(s) between the Participating Funder and the Settlement Class Member.

(g) "Resolution Protocol" means the process described in the [Rules Governing the Third-Party Funding Resolution Protocol](#).

(h)  "Settlement Agreement" means the Amended Class Action Settlement Agreement dated as of June 25, 2014, as amended on February 13, 2015 (the "Settlement Agreement") and approved in the Court's May 8, 2015 Amended Final Approval Order and Judgment (Document 6534).

(i) "Settlement Class Member" means a Retired NFL Football Player (or the Representative Claimant of a deceased or incompetent Retired NFL Football Player), or a Derivative Claimant, which is how this term is defined in the Settlement Agreement.

(j) "Settlement Program" means the program for benefits for Settlement Class Members established under the Settlement Agreement.

(k) "Special Master" and "Special Masters" mean any Special Master appointed by the Court in its July 13, 2016 Order (Document 6871) or in any subsequent Order of the Court.

(l) "Third-Party Funder" means a person or entity that engaged in a Third-Party Funder Transaction with a Settlement Class Member.

(m) "Third-Party Funder Transaction" means any agreement, contract, document, or arrangement between a Settlement Class Member and a third party under which: (i) the Settlement Class Member borrowed or received funds from a third party prior to receipt of a Monetary Award from the Settlement Program; and (ii) in exchange, either assigned/attempted to assign any rights related to the Settlement Class Member Monetary Award or Monetary Claim. This definition is meant to be construed broadly, so as to cover all potential cash advance agreements where a third-party entity loans or advances funds in exchange for rights to receive payment from the proceeds of any future Monetary Award, or in exchange for rights to "step into the shoes of" the Settlement Class Member and "seek funds directly from" the Settlement Program.

## TITLE II: INFORMATION ON FUNDING AGREEMENTS

Once a Settlement Class Member's Monetary Claim receives a Final Decision, the Claims Administrator will send him/her a form called a "Sworn Statement: Status of Assignment of Monetary Claim" ("Form SWS-5"), which he/she must complete and return. The Settlement Class Member will receive one of two versions of the Form SWS-5—either "Form SWS-5(A)" or "Form SWS-5(B)"— depending on whether or not the Settlement Class Member has been identified by one or more Participating Funders through the Resolution Protocol.[2]

**Rule 4.    Form SWS-5(A): Cases Involving Resolution Protocol.**   Settlement Class Members identified by Participating Funders will receive Form SWS-5(A), which does the following:

(a) <u>Provides Information to Settlement Class Member</u>. The form informs the Settlement Class Member that (i) his/her Monetary Claim has received a Final Decision and (ii) one or more Participating Funders have named the Settlement Class Member as part of the Resolution Protocol.

(b) <u>Asks the Settlement Class Member for Consent</u>. As to each Participating Funder who has identified the Settlement Class Member, the form asks the Settlement Class Member to (i) consent or decline to participate in the Resolution Protocol; and (ii) consent or decline to share information regarding his/her claim status with the Participating Funder.

(c) <u>Asks Settlement Class Member About Third-Party Funder Transactions</u>. The form asks the Settlement Class Member whether he/she has assigned or attempted

---

[2] As explained in Rule 5 of the Resolution Protocol, Third-Party Funders who wish to participate in the Resolution Protocol must provide the Claims Administrator with a "Third-Party Funder Transaction List." This list identifies all Settlement Class Members with whom the Third-Party Funder has entered into a Third-Party Funder Transaction. Whenever a Settlement Class Member's Monetary Claim receives a Final Decision, the Claims Administrator will check to see if the Settlement Class Member has been identified on any Third-Party Funder Transaction Lists. If so, the Claims Administrator will send a Form SWS-5(A) to the Settlement Class Member. If not, Form SWS-5(B) will be sent instead.

3



to assign any settlement benefits from his/her Monetary Claim to any Non-Participating Funders.  If the answer is "yes," the form asks the Settlement Class Member to provide all relevant related documents.

**Rule 5.     Form SWS-5(B): Cases Not Involving Resolution Protocol.**  Settlement Class Members who have not been identified by a Participating Funder will receive Form SWS-5(B), which does the following:

(a)     <u>Provides Information to the Settlement Class Member</u>. The form informs the Settlement Class Member that his/her Monetary Claim has received a Final Decision.

(b)     <u>Asks Settlement Class Member About Third-Party Funder Transactions</u>. The form asks the Settlement Class Member whether he/she has assigned or attempted to assign any settlement benefits from his/her Monetary Claim to any other Non-Participating Funders.  If the answer is "yes," the form asks the Settlement Class Member to provide all relevant related documents.

## TITLE III:  PAYMENT STEPS

The next two Rules explain the payment steps that the Claims Administrator will take, depending on the version and content of the SWS-5 Form involved in a given case.  As explained in Rule 1 above, these Rules sometimes contemplate direct payment to a Settlement Class Member, rather than to his/her lawyer.  **This payment has no bearing whatsoever on the Settlement Class Member's potential legal obligations.  For instance, Settlement Class Members receiving such direct payments might be sued by a Third-Party Funder.  A Settlement Class Member SHOULD NOT assume that his/her receipt of direct payment means that his/her lawyer has already paid off all obligations potentially owed to Third-Party Funders.**

**Rule 6.     Payment Steps Under Form SWS-5(A).**  In cases where Settlement Class Members receive Form SWS-5(A), there are three potential payment outcomes, depending on whether a resolution has been reached through the Resolution Protocol and whether any Non-Participating Funders have been identified by the Settlement Class Member:

(a)     <u>No Resolution Reached in Resolution Protocol</u>.  If the Settlement Class Member fails to reach a resolution through the Resolution Protocol with any Participating Funders—either because the Settlement Class Member declined to consent/participate or failed to timely agree on the Resolution Amount with any of the Participating Funders—the Claims Administrator will direct the Trustee to pay the Monetary Claim to the Settlement Class Member, subject to all payable liens and other applicable deductions under the Settlement Agreement and any Orders of the Court.  This payment will be made directly to the Settlement Class Member, whether represented by a lawyer or proceeding *pro se*.  Once payment has been made, any subsequent disputes between the Settlement Class Member and any Third-Party Funders must be litigated or arbitrated in an appropriate

        forum outside the claims administration process.  *In re Nat'l Football League*, 923 F.3d at 113.

    (b)    <u>Resolution Reached in Resolution Protocol; No Other Funders Identified</u>.  In situations where (1) the Settlement Class Member reaches a timely resolution with all Participating Funders who have identified the Settlement Class Member; and (2) the Settlement Class Member answers "no" to the question described in Rule 4(c) above, the Claims Administrator will direct the Trustee to pay the Resolution Amount(s) to the Participating Funder(s).  Any such payments will be deducted from the Settlement Class Member's Monetary Award.  The Claims Administrator will then direct the Trustee to pay the remaining balance of the Monetary Award to the Settlement Class Member, subject to all payable liens and other applicable deductions under the Settlement Agreement and any Orders of the Court.  If the Settlement Class Member is represented by a lawyer, this payment will be made to that lawyer.  If the Class Member is *pro se*, this payment will be made directly to the Settlement Class Member.

    (c)    <u>Resolution Reached in Resolution Protocol; Other Funders Identified</u>.  In situations where (1) the Settlement Class Member reaches a timely resolution with a Participating Funder, but (2) either fails to reach a resolution with other Participating Funders or answers "yes" and identifies Non-Participating Funders in response to Question 4(c) above, then the Claims Administrator will direct the Trustee to pay the Resolution Amount(s) to the Participating Funder(s) who reached a timely resolution with the Settlement Class Member.  Any such payments will be deducted from the Settlement Class Member's Monetary Award.  The Claims Administrator will then direct the Trustee to pay the remaining balance of the Monetary Award to the Settlement Class Member, subject to all payable liens and other applicable deductions under the Settlement Agreement and any Orders of the Court.  This payment will be made directly to the Settlement Class Member, whether represented by a lawyer or proceeding *pro se*.  Once payment has been made, any subsequent disputes between the Settlement Class Member and any Third-Party Funder must be litigated or arbitrated in an appropriate forum outside of the claims administration process.  *In re Nat'l Football League*, 923 F.3d at 113.

**Rule 7.**    **Payment Steps Under Form SWS-5(B).**  In cases where Settlement Class Members receive Form SWS-5(B), the Claims Administrator will pay Monetary Claims as follows:

    (a)    <u>Third-Party Funders Identified</u>.  If the Settlement Class Member answers "yes" to the question described in Rule 5(b) above, the Claims Administrator will direct the Trustee to pay the Monetary Claim to the Settlement Class Member, subject to all payable liens and other applicable deductions under the Settlement Agreement and any Orders of the Court.  This payment will be made directly to the Settlement Class Member, whether represented by a lawyer or proceeding *pro se*.  Once payment has been made, any subsequent disputes between the Settlement Class Member and any Third-Party Funders must be litigated or arbitrated in an

        appropriate forum outside the claims administration process.  *In re Nat'l Football League*, 923 F.3d at 113.

(b)    <u>No Third-Party Funders Identified</u>.  If the Settlement Class Member answers "no" to the question described in Rule 5(b) above, the Claims Administrator will direct the Trustee to pay the Monetary Claim to the Settlement Class Member, subject to all payable liens and other applicable deductions under the Settlement Agreement and any Orders of the Court.  If the Settlement Class Member is represented by a lawyer, this payment will be made to that lawyer.  If the Class Member is *pro se*, this payment will be made directly to the Settlement Class Member.

6

**NFL** CONCUSSION SETTLEMENT
IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION
No. 2:12-md-02323 (E.D. Pa.)

3/19/2020