# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE:  NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : | No. 2:12-md-02323-AB |
|  | : | MDL No. 2323 |
|  | : | Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO: | : : |  |
| ALL ACTIONS | : : |  |

## DECLARTION OF ORRAN L. BROWN, SR.

## A.  BACKGROUND INFORMATION

1.  ***The Declarant.***  My name is Orran L. Brown, Sr.  I am the Chairman and a founding partner of BrownGreer PLC, located at 250 Rocketts Way, Richmond, Virginia 23231.  I have worked in the mass claims area, including class actions, for over 30 years.  I have extensive experience as a lawyer handling class action proceedings, settlements and notices; as a claims administrator designing and implementing class action settlements, notice plans and notices to claimants and counsel; as a notice administrator; as a trustee or special master involved in multiple claim proceedings; and as an educator on class actions and other complex litigation.

2.  ***General Description of BrownGreer.***  BrownGreer has specialized in notice administration and settlement administration since my partner, Lynn Greer, and I founded the

# ATTAHMENT A

firm in 2002.  We are experts in the legal and administrative aspects of the design, approval and implementation of notice plans, settlement programs and the design, staffing and operation of claims facilities to provide damages payments, medical monitoring, or other benefits for the resolution of multiple claims through class action settlement, bankruptcy reorganization, voluntary agreement, or other aggregation vehicles.  We have played major roles in many of the largest and most complex multiple claim proceedings and multiple claim settlement programs in history, serving as administrators, special masters, trustees, or settlement counsel.

3.　　*Role in this Settlement Program.*  BrownGreer is the Court-appointed Claims Administrator in connection with the class action settlement that this Court approved on April 22, 2015, as amended May 8, 2015.  Two of our duties in administering the Settlement Agreement are:  (1) analyzing claims to detect and prevent fraudulent submissions and payments on fraudulent claims; and (2) determining whether there is a reasonable basis to support a finding that there has been a misrepresentation, omission, or concealment of a material fact in connection with a claim.

## B.  EVENTS GIVING RISE TO THE PRESENT MOTION

4.　　*Purpose of this Declaration.*  I offer this Declaration to verify the facts described in the Memorandum in Support of Motion for Order to Show Cause I am filing on behalf of BrownGreer.

5.　　*Collins & Truett.*  Collins & Truett Attorneys, P.A., which has given us the address of 113 South Monroe Street, Tallahassee, Florida 32301, is counsel to 64 Settlement Class Members who registered with BrownGreer for benefits in the NFL Concussion Settlement Program established by the Class Action Settlement Agreement. We have 11

2

claims for Monetary Awards from the firm.  Collins & Truett assumed representation of eight of those 11 claimants previously presented by other law firms, and has filed three claims itself.  One of the 11 claims, one since has been withdrawn; four have been denied; and six (one of which was paid while being handled by predecessor counsel), are the subject of an Audit investigation by BrownGreer.  The information available to us is that Richard Collins has had three Collins & Truett law firms:  Collins & Truett Attorneys, P.A., a Florida Profit Corporation, formed 7/13/20 and currently active; Collins & Truett, LLC, a Florida Limited Liability Company, formed 3/1/13 and currently active; and Collins & Truett Law Firm, P.A., a Florida Profit Corporation, formed 4/30/20 and dissolved 6/18/20.

6.    *Audit Rules.*  Pursuant to Section 10.3(b) of the Settlement Agreement which directed Class Counsel, the NFL Parties and BrownGreer to "establish and implement procedures to detect and prevent fraudulent submissions to, and payments of fraudulent claims from, the Monetary Award Fund," we developed and agreed upon the procedures for the Audit function in the Rules Governing the Audit of Claims, first adopted by the Court's Special Masters on January 26, 2018. These Rules are available on the Program's public website.

7.    *Origins of the Tim Howard Audit.* In March, April, and August 2017, BrownGreer received tips asserting that Howard & Associates, a law firm run by Tim Howard in Tallahassee, Florida (with offices located a little over four miles from the Collins & Truett offices), recruited various doctors, demanded revisions to medical reports, and, in some cases, altered or forged reports to support inflated diagnoses to submit claims for Monetary Awards.  In August 2017, we began auditing Howard & Associates and submitted an Interim Investigation Report to the Special Masters and Parties detailing the allegations,

as well as next steps in its investigation. We suspended the investigation because we had not yet received any Monetary Award claims submitted by Howard & Associates.

8.     *Continuation of the Tim Howard Audit.* We resumed the analysis in June 2019, however, after Settlement Class Members previously represented by Howard & Associates submitted medical records from time periods when they were Howard & Associates clients.  On November 25, 2020, we issued to the NFL Parties and Class Counsel a Report of Adverse Finding in Audit to the Special Masters under Audit Rule 15, finding that Howard & Associates:

(1) edited and/or drafted medical records with the purpose to affect whether the Settlement Class Members qualify for a Monetary Award;

(2) instructed medical providers, including Qualified MAF Physicians and BAP Providers, to misrepresent material information in medical records for the Settlement Program;

(3) engaged in discussions with numerous healthcare providers about changes to Players' medical reports, and provided instructions to the providers about what the medical reports should include;

(4) directed a physician to omit material facts from the Network Provider Application and communicate untruthful information to become a (now former) Qualified MAF Physician and BAP Provider; and

(5) presented inflated costs for reimbursement in a lien dispute before the Court.

9.     *Connection Between Tim Howard and Collins & Truett.* Richard Collins and Collins & Truett are implicated in the Tim Howard Audit investigation.  Many Settlement Class Members formerly represented by Howard & Associates have switched representation to Collins & Truett.  A paralegal who used to work on Settlement Class Members' claims at Howard & Associates, Neil Bruce Epstein, now works on those claims for Richard Collins at Collins & Truett.

10.     *Proceedings on the Tim Howard Audit.* Under Audit Rule 16, the NFL Parties and Class Counsel have 15 days to tell us whether they agree with referring an

4

Adverse Report to the Special Masters for consideration.  Both agreed on December 10,

2020, and then the NFL Parties submitted their Statement of Position under Audit Rule 17 on

December 29, 2020, arguing that all parties involved in Tim Howard's scheme should be

banned from the Settlement Program or be subject to additional investigation.  On January

22, 2021, the Special Masters accepted referral of the Howard Audit Report under Audit

Rule 18, at which time we sent the Audit Report to Tim Howard, and notified Richard

Collins and his paralegal, Neil Epstein, that the Special Masters had directed us to Audit all

pending Monetary Award claims of any Settlement Class Member that had at any time been

represented by Howard & Associates, which included claims by then being handled by

Collins & Truett.

11.     ***Contact with Richard Collins.***  In February and March 2021, Richard Collins was

asking us why his claims were on Audit hold.  On March 16, 2021, we acknowledged Richard

Collins' correspondence and separately sent questions to him about his relationships with Tim

Howard.  On March 17, 2021, Richard Collins asked to speak with us, to which we replied that it

may make sense to talk after he had a chance to respond to our March 16 questions.  Richard

Collins denied receiving those questions and complained about the Audit delaying his claims,

saying he would obtain from Tim Howard a copy of our Adverse Audit Report.  We re-sent him

our March 16 email with our questions.

12.     ***Initial Answers from Collins & Truett.***  On March 18, 2021, we received

responses to our March 16 questions. Richard Collins acknowledged a "limited" professional

relationship with Tim Howard and co-counsel relationship with him on other cases. Sharon

Delaney, a contractor who works with Collins & Truett and other firms in preparing Monetary

Award claims, denied knowing Tim Howard; Neil Epstein said he worked for Howard until

"early 2020." All three denied any arrangements or agreements with Tim Howard related to the NFL Program.

13.    ***Further Evidence of Connections Between Tim Howard and Collins & Truett.*** In April-May, we continued to try to understand the facts about the Collins & Truett work with Tim Howard and gradually obtained more data from Richard Collins about his employees. On April 15, 2021, we received a package from a confidential source that included documents relating to Tim Howard and Collins & Truett, showing two email addresses at the Collins & Truett firm that seemed to be related to Tim Howard: tim@collinstruett.com and phil@collinstruett.com. Tim Howard's full name is Phillip Timothy Howard.

14.    ***Collins & Truett Servers.*** We have no access to any Collins & Truett email server or any of the firm's servers or computer network. We have not "hacked" any of their emails or servers, or attempted to do anything of the sort.

15.    ***Questions to Collins & Truett About its Tim and Phil Email Addresses and Other Evidence.*** On April 19, 2021, we sent follow-up questions to Richard Collins about Neil Epstein's email addresses, his use of two names at the firm, participants in the video they sent us, more information about the three Collins & Truett firms, a Collins & Truett fax cover sheet bearing the logo of "Howard Justice," who were the persons using the phil and tim email addresses at Collins & Truett, and whether Tim Howard does any business under Collins & Truett.

16.    ***Further Proceedings in the Tim Howard Audit.*** Tim Howard filed with the Special Masters his responses to the Adverse Audit Report under Audit Rule 20, by submiting an initial response in three parts on February 4, 2021, a Supplemental Response in two parts on February 17, 2021, and then a "Final Supplemental Response" on February 22, 2021, which

totaled 36 pages, not including exhibits.  After the NFL Parties replied to these materials on

April 5, 2021, Tim Howard filed on April 6, 2021, a sur-reply, which is not contemplated by the

Audit Rules.

17.     ***Tim Howard Motion to Discipline the Special Masters.***  On April 9, 2021, after

several corrections to remove confidential information, Tim Howard filed with this Court a

"Motion to Discipline or Dismiss Special Masters and Auditors" (Document 11328), arguing that

the auditors and Special Masters violated investigative standards and exhibited bias in their

operations.  That Motion is pending.

18.     ***Decision by the Special Masters Disqualifying Tim Howard.*** On June 22, 2021,

the Special Masters issued their Decision under Audit Rule 27 on Howard & Associates,

disqualifying Howard and his employees from participation in the Settlement Program and

directing BrownGreer to investigate the relationship between Collins & Truett and Howard &

Associates and Collins & Truett's representation of Settlement Class Members.  The Special

Masters also ruled that "Given the apparent connection between Collins & Truett and Tim

Howard, the Claims Administrator shall investigate the relationship between the two firms and

Collins & Truett's current representation of Settlement Class Members in the Program."  On

June 28, 2021, we emailed a copy of that Decision to Richard Collins and Neil Epstein.

19.     ***Delivery of the Collins & Truett Complaint to Our Front Desk.*** On June 21,

2021, two copies of a summons and a pleading called "Complaint for Temporary and

Permanent Injunction" were delivered to the front desk at the offices of BrownGreer in

Richmond, Virginia.  One copy of this document is attached as Ex. 1.  The front desk

receptionist at BrownGreer has not been authorized to accept service of process on behalf of

BrownGreer or Roma Petkauskas.  Service of the Complaint has not been made in any other manner on either BrownGreer or Ms. Petkauskas.

20.     ***First Attempt to Meet and Confer with Richard Collins.***  On June 23, 2021, Roma Petkauskas at BrownGreer emailed Richard Collins asking to speak with him about his Complaint filed in Florida and request his cooperation in addressing his complaints in this Court as the proper forum.  A copy of her email is attached as Ex. 2.  Mr Collins has not responded to her.

21.     ***Second Attempt to Meet and Confer with Richard Collins.***  On June 25, 2021, I emailed Richard Collins, Neil Epstein, and Sharon Delaney a letter (attached as Ex. 3), explaining that the filing in Florida failed to honor this Court's exclusive jurisdiction and violated the Final Order and Judgment of this Court.  I asked Mr. Collins to call me so we could meet and confer on withdrawing his suit and addressing his complaints properly.

22.     ***Email from Sharon Delaney.***  On that same day, June 25, 2021, Sharon Delaney emailed me saying that neither she nor her company, Ohana Management Group, "have anything to do with this injunction lawsuit."  ( copy attached as Ex. 4.)

23.     ***No Response from Richard Collins.***  Richard Collins has not responded in any manner to my June 25 letter.  Instead, his paralegal, Neil Epstein emailed me on June 29, 2021 (attached as Ex. 5), saying, among many other things, "In discussions with Mr. Collins, we are certainly not going to rescind our Complaint for Injunctive Relief . . .." filed in state court in Florida.

I, Orran L. Brown, Sr., declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.  Executed on this 6th day of July, 2021.

 

_____

Orran L. Brown, Sr.

Filing # 128973134 E-Filed 06/17/2021 02:31:25 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

COLLINS & TRUETT ATTORNEYS, P.A.,

     Plaintiffs,

v.

ROMA PETKAUSKAS, in her individual
and official capacity, and BROWNGREER,
PLC, a Virginia for profit corporation,
SPECIAL MASTERS, PERRY GOLKIN,
WENDELLE E. PRITCHETT, JO-ANN M.
VERRIER, LAWRENCE F. STENGEL, and
DAVID HOFFMAN, and HML GROUP
LLC,

     Defendants.

_____/

CASE NO.: 2021-CA-001049

JUDGE: Angela C. Dempsey

## SUMMONS

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**
YOU ARE COMMANDED to serve this summons and a copy of the complaint in this action on defendant:

**Roma Petkauskas**
250 Rocketts Way
Richmond, VA 23231

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney whose name and address is:

**Richard Collins**
Collins & Truett Attorneys, P.A.
113 South Monroe Street
Tallahassee, FL 32301
(850) 765-5798
Dick@CollinsTruett.com
Within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on _____.

                                 **Gwen Marshall**

# EXHIBIT 1



Clerk of Circuit Court

By _____   ·06/17/2021
Deputy Clerk

Civil Division
Leon County Courthouse
301 S. Monroe St. – Tallahassee, Florida 32301
Phone (850) 606-4000 – Fax (850) 606-4179

Filing # 128970716 E-Filed 06/17/2021 02:15:30 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA

COLLINS & TRUETT ATTORNEYS, P.A.,

     Plaintiff,

v.                                            CASE NO.: 2021-CA-001049
                                     JUDGE ANGELA DEMPSEY

ROMA PETKAUSKAS, in her individual
and official capacity, and BROWNGREER,
PLC, a Virginia for profit corporation, SPECIAL
MASTERS, PERRY GOLKIN, WENDELLE E.
PRITCHETT, JO-ANN M. VERRIER, LAWRENCE
F. STENGEL, and DAVID HOFFMAN, and
HML GROUP LLC,

     Defendants.

_____/

## **COMPLAINT FOR TEMPORARY AND PERMANENT INJUNCTION**

**COMES NOW** Plaintiff, COLLINS & TRUETT ATTORNEYS, P.A.,

("COLLINS FIRM") through undersigned counsel, pursuant to Florida Rule of

Professional Conduct 4-1.6,[1] Florida Rule of Civil Procedure 1.610, and

1.280(b)(3), Florida Rules of Evidence § 90.502, Federal Rule of Civil Procedure

45, § 934.21, Florida Statutes, and 18 U.S.C. section 2701(a) (unlawful access to

_____

[1] Defendants are licensed attorneys under the obligations of the Virginia, New
York, and Pennsylvania Bar Rules of Professional Conduct, which have parallel
rules of professional conduct that Defendants are required to protect and are
violating.

stored communications),[2] and hereby requests a Temporary and Permanent Injunction protecting not discoverable attorney work product privilege documents and communication from invasion and use by ROMA PETKAUSKAS, an employee of BROWNGREER, PLC, in her individual and official capacity, from invasion and use by BROWNGREER, PLC, a Virginia for profit corporation, and known tacit approval and participation by SPECIAL MASTERS PERRY GOLKIN, WENDELLE E. RITCHETT, JO-ANN M. VERRIER, SUSAN M. LIN, LAWRENCE F. STENGEL, DAVID HOFFMAN, and HML GROUP, LLC.

Plaintiff did not want to file this injunction, but upon informing Defendants of the violations and requesting an explanation, has received no response from the Defendants as to their violations of protected attorney work product and attorney client communications. As a result, Plaintiff is required to file this Complaint for Temporary and Permanent Injunction in order to protect attorney work product and attorney client communications from illegal acquisition and usage as he is required to do under applicable Florida and Federal statutes and applicable Rules of Professional Conduct. As grounds therefore, COLLINS FIRM states:

---

[2] 18 U.S.C. § 2701(a), provides, Except as provided in subsection (c) of this section whoever—(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished (felony) as provided in subsection (b) of this section.

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, COLLINS FIRM, is a Florida law firm, located at 113 S. Monroe Street, Tallahassee, Florida 32301, with Richard B. Collins as senior partner and former Bar president (TBA, FDLA, ABPLA), having practiced law since 1973.

2.      Defendant, ROMA PETKAUSKAS, is a Virginia lawyer that works for Defendant, BROWNGREER, PLC, a Virginia law firm and for profit company at 250 Rocketts Way, Richmond, Virginia 23231, as an auditor.

3.      Defendants SPECIAL MASTERS are Pennsylvania and New York lawyers, including PERRY GOLKIN, 500 Park Ave 4th FL, New York, NY 10022; WENDELLE E. RITCHETT, University of Pennsylvania Law School, 1901 Walnut Street, Apt. 16C, Philadelphia, PA 10103; JO-ANN M. VERRIER, 3501 Sansom Street, Philadelphia PA 19104; SUSAN M. LIN, Kairys Rudovsky Messing Feinberg & Lin, LLP, The Cast Iron Building, 718 Arch St, Suite 501 South, Philadelphia, PA 19106; Honorable LAWRENCE F. STENGEL, Saxton & Stump, 280 Granite Run Drive, Suite 300, Lancaster, PA 17601, DAVID HOFFMAN, University of Pennsylvania Law School, 3501 Sansom St., Philadelphia, PA 19104; and HML GROUP, LLC, 727 Shropshire Drive, West Chester, PA, 19382, work for the Court and with Defendants Attorney ROMA PETKAUSKAS and BROWNGREER law firm.

3

4.      Defendants Attorney ROMA PETKAUSKAS and BROWNGREER law firm, as supervised and monitored by SPECIAL MASTERS, have apparent access to COLLINS FIRM'S attorney work product emails and email server that is not authorized by the COLLINS FIRM, nor by Federal Rule of Civil Procedure 45; nor Rule 10 of the Rules Governing the Audit of Claims as found in the NFL Concussion Settlement; nor by Rule 1.280(b) and (c), Florida Rules of Civil Procedure; nor by Rule 4-1.6, Florida Rules of Professional Conduct; nor by Florida Rule of Evidence §90.502, and are in violation of § 934.21, Florida Criminal Statutes and Federal Criminal Code 18 U.S.C. § 2701(a).

5.      Pursuant to Florida Rule of Civil Procedure 1.610 and 1.280(b) and (c), Florida Rules of Professional Conduct 4-1.6, Florida Rule of Evidence §90.502, Federal Rule of Civil Procedure 45, § 934.21, Florida Statutes and Federal Criminal Code 18 U.S.C. § 2701(a), COLLINS FIRM is seeking to enjoin Defendants from access to attorney work product and attorney-client communications found in its emails and email server.

6.      Plaintiff has offices in the Second Judicial Circuit in and for Leon County, Florida, its primary office, and is requesting injunctive relief pursuant to Florida Rules of Civil Procedure before the Court in the Second Judicial Circuit in and for Leon County, Florida.  Therefore, jurisdiction is appropriate in this venue.

**FACTS**

7.     Attorney ROMA PETKAUSKAS is a Virginia attorney and auditor for BROWNGREER, PLC, and works under the authority and supervision of the SPECIAL MASTERS and has been tasked with civil audits of NFL Claims pursuant to the Rules Governing the Audit of Claims as found in the NFL Concussion Settlement, and Federal Rule of Civil Procedure 45, on behalf of the Federal Court Judge Honorable Anita Brody in the case of *In Re: National Football League Players' Concussion Injury Litigation*, Case No.: 2:12-md-02323-AB MDL-2323 (E.D. PA.).

8.     As part of attorney ROMA PETKAUSKAS' civil investigative audits, pursuant to Rule 10 of the Rules Governing the Audit of Claims as found in the NFL Concussion Settlement, under the authority of Federal Rule of Civil Procedure 45, subpoena power, she regularly requests answers to information requests to individuals and law firms to determine validity of various NFL Claims submissions.

9.     As part of attorney ROMA PETKAUSKAS' civil investigative process, the Federal Rule of Civil Procedure 45 subpoena questions, discussed in paragraph 14, *supra*, presented by attorney ROMA PETKAUSKAS to the COLLINS FIRM demonstrate criminal violations and an unauthorized breach of protected attorney-client communications and attorney work product privileged documents that has not been sought, requested or waived.

10.     There was no subpoena nor request for access to these privileged and protected matters and records.  Nor was there an opportunity to protect this information by filing a motion to quash or modify the subpoena, and a hearing and ruling by the Court, as is required under Federal Rule of Civil Procedure 45(d)(3)(A)(iii), Protecting a Person Subject to A Subpoena; Enforcement, Quashing or Modifying a Subpoena.

11.     Attorney ROMA PETKAUSKAS submitted questions concerning a non-existent email address that has no recipient and was copied to only non-NFL claims related clients, co-counsel, and staff for the COLLINS FIRM.

12.     Attorney ROMA PETKAUSKAS questions demonstrate an intentional, unauthorized, illegal and criminal security breach of Electronic Communications Service (ECS) undertaken by the auditors, and/or related parties, which violate Federal and Florida privacy laws, Federal Rule of Civil Procedure 45, Florida Rule of Civil Procedure 1.280, Florida Rule of Evidence § 90.502, Florida Rules of Professional Conduct 4-1.6, and criminal statutes, including but not limited to § 934.21, Florida Statutes, and 18 U.S.C. § 2701(a), and the known protections afforded attorney work product and attorney-client communications. Further, the COLLINS FIRM has not and is not waiving any legal rights to privacy or attorney-client privilege and attorney work product, or its rights under Federal Rule of Civil Procedure 45(D)(3)(iii), Florida Rule of Civil Procedure 1.280, or

6

Florida Rule of Evidence § 90.502, or Florida Rules of Professional Conduct 4-1.6, in response to these questions.

13.     Attorney ROMA PETKAUSKAS on April 19, 2021, under the authority of Federal Rule of Civil Procedure 45 subpoena, asked questions about a non-existent email address that was inadvertently used only a few times and never received by any party that had any relation to any NFL claim. Exhibit A, Copy of Attorney ROMA PETKAUSKAS' April 19, 2021, forwarded email to COLLINS FIRM. Note, this April 19, 2021, email from attorney ROMA PEKAUSKAS has been inexplicably removed from COLLINS FIRM server and incoming emails. Fortunately, attorney ROMA PEKAUSKAS' incoming email was forwarded, and a copy is contained in Exhibit A.

14.     Attorney ROMA PETKAUSKAS was specifically asked:

> how this civil investigation is illegally obtaining the aforementioned confidential privileged information. It is impossible for an anonymous tipster (or anyone on Earth) to provide the auditors with the type of protected information that they have presented in their line of questioning, save for the auditors illegally breaching our protected and secure email servers, or a related entity or agent thereof illegally providing the auditors with such information.

Exhibit B, April 22, 2021, Letter to Attorney ROMA PETKAUSKAS.  It is now 51 days since the information was requested, and no response has been given.

15.     Attorney ROMA PETKAUSKAS was informed by the COLLINS FIRM through Richard B. Collins that:

7

When I did use this email address in error, neither the subject matter nor any proposed recipients had anything to do with, or are related to NFL matters. But, by virtue of the fact that you have an awareness of this non-existent email address inadvertently used by me for communications a few times, having nothing to do with NFL matters, we conclude that you now have access to our in-house email servers. The honest thing to do would be to inform us of this intentional security breach. There is no other logical deduction that we can draw from this question #12, except for the fact that you have illegal access to our law firm's outgoing emails.

*Id.* It is now 51 days since the information was requested, and no response has been given.

16.    Attorney ROMA PETKAUSKAS, law firm BROWNGREER, PLC, and SPECIAL MASTERS, as attorneys, and their agents, HML GROUP, LLC, have ongoing illegal access to and use of COLLINS FIRM emails and email servers as an ECS, and is criminal conduct, as found in § 934.21, Florida Statutes, and 18 U.S.C. § 2701(a), Unlawful Access to Stored Communications; Penalties (including felony). The emails and email servers as an ECS, are replete with protected attorney work product and attorney-client privileged communications, and there is no apparent remedy within Rule 10 of the Rules Governing the Audit of Claims, as no party receives notice of these intentional, illegal and criminal breaches.

17.    The SPECIAL MASTERS as attorneys licensed in New York and Pennsylvania, have ongoing oversight and supervision of attorney ROMA PETKAUSKAS and law firm BROWNGREER, PLC, have hired HML GROUP

LLC, with a leadership team of former FBI agents and ties to the FBI, to assist them, and have not instructed them not to invade attorney work product privilege nor attorney client communication privilege documents and correspondence, including emails and email servers of COLLINS FIRM, and other law firms, that necessarily contain protected attorney work product and attorney-client privileged communications. They have failed to supervise to ensure that auditors and investigators do not engage in criminal conduct.

18.    Moreover, upon information and belief, law enforcement is violating their legal and professional obligations "not" to share confidential or protected criminal investigative information that has not received a waiver of protection privileges by COLLINS FIRM in a civil or criminal proceeding, in a civil proceeding with attorney ROMA PETKAUSKUS, and Defendants. Law enforcement is not authorized to share confidential privileged investigative materials obtained from a confidential criminal search warrant with Defendants in a civil context as this is prohibited by law, under 5 U.S.C. § 552a, and as cited above, yet appears to be doing so.

19.    This unbridled, illegal and criminal abuse of discovery by Defendants, as lawyers, and by their agents, such as HML GROUP, LLC, and their receipt of illegal information due to their ties to the FBI, as well as known violations of Federal and Florida Rules of Civil Procedure, Florida and Federal criminal law,

and Florida, Virginia, New York, and Pennsylvania Rules of Professional Conduct, while engaging in direct or tacit support of criminal conduct, cannot be countenanced.

20.    As United States Attorney Robert Jackson observed: "While the prosecutor at his best is one of the most beneficent forces in our society, when he acts from malice or other base motives, he is one of the worst." The base motives of abuse and harassment involved in the auditors and Special Masters' prosecution to deny NFL claims, and criminal conduct in hacking emails and email servers, accomplishing nothing but tarnishing the reputation of Judge Brody's delegation to auditors and Special Masters with whom she has placed her trust, and the needless and trivial-based delay of NFL claims.

## COUNT I
## TEMPORARY AND PERMANENT INJUNCTION

21.    Plaintiff realleges and incorporates paragraphs 1 through 20, as if fully restated herein, and alleges:

22.    It is clear that immediate and irreparable injury, loss and damage from the violations of attorney work product privilege and attorney-client communication privilege is and will continue to take place if a temporary and permanent injunction is not granted.

23.    Attorney work product and attorney-client communications privilege is established in Florida law and discussed in Florida Rule of Civil Procedure

1.280 (b), and protects privileged documents and communications, including but not limited to emails, communications, investigative materials, reports, information gathered by attorneys or employees, memoranda, documents related to potential theories of liability, factual summaries and billing records.

24.    Florida Rule of Civil Procedure 1.610 permits the granting of a temporary and permanent injunction.

25.    No bond is required as there is no potential economic harm to Defendants that would justify the need for a bond, as all that is requested is to not invade protected information, not to engage in illegal and criminal conduct, which as lawyers, the Defendants should and do know that they are not to violate Federal and Florida Rules of Civil Procedure, and illegally and criminally invade protected information.

WHEREFORE COLLINS FIRM hereby requests an injunction staying any further access to or use of emails or email server, and disclosure of the source of this breach so that the COLLINS FIRM can act to protect its attorney work product privilege and attorney client communications privilege documents and communications, including but not limited to:

1.    For general damages and any damage permitted by Florida law to be awarded to the COLLINS FIRM for a breach of its attorney work product privilege and attorney-client communications privilege as found in its ECS and emails;

2.      For attorney's fees and costs in having to bring this action;

3.      For protection of any other Florida law firm, or any other law firm in the United States, from Defendants' breach of law firm attorney work product privileged and attorney-client communications privilege as found in their documents, ECS, and emails, and violations of the Federal and Florida Rules of Civil Procedure, and rights to privacy; and

4.      For such other and further relief as the Court deems just and proper.

Respectfully submitted on this 14th Day of June 2021.

> _/s/ Richard Collins_
> Florida Bar No. 161195
> Collins & Truett Attorneys, P.A.
> 113 S. Monroe Street
> Tallahassee, Florida  32301
> Telephone: (833) 496-8529
> E-Mail: Dick@CollinsTruett.com

# EXHIBIT A

co  nstruett com Ma    Fwd R chard Co  ns   Response to NFL Aud t  nqu ry                                                        6/11/21  3 02 PM

 Gmail                                                                    Dick Collins <dick@collinstruett.com>

## Fwd: Richard Collins - Response to NFL Audit Inquiry

<dick@collinstruett.com>                                              Mon, Apr 19, 2021 at 1:40 PM
To: █████████████████████████████

*Richard B. (Dick) Collins*
Richard B. Collins
Collins & Truett Attorneys, P.A.
1415 East Piedmont Dr.
Tallahassee, Fl 32308
www.CollinsTruett.com
Email: Dick@CollinsTruett.com
(850) 765-5798   Mail Line
(850) 216-2537   FAX



Collins & Truett Attorneys, P.A.



8333 N.W. 53rd Street
Suite 450
Doral, Florida - 33166
(833) 4YOULAW

PLEASE NOTE: This message, including any attachments, may include privileged
or confidential information. Any distribution or use of this communication by
anyone other than the intended recipient(s) is strictly prohibited. If you are
not the intended recipient, please notify the sender by replying to this message and delete
it from your system.

Begin forwarded message:

**From:** Roma Petkauskas <rpetkauskas@browngreer.com>
**Subject: RE: Richard Collins - Response to NFL Audit Inquiry**
**Date:** April 19, 2021 at 12:15:57 PM EDT
**To:** Dick Collins <dick@collinstruett.com>

Mr. Collins:

We have some follow-up questions for you and ask that you respond by **4/29/21.** The "you" in all
questions means each lawyer or representative, employee or agent of a lawyer or law firm involved in the
Monetary Awards you or your firm has submitted.

Your complete, honest responses will help us to move forward with this matter and we thank you in
advance for your cooperation. We appreciate any additional information you can provide to help answer
our questions and provide context surrounding your firm's representation of players in this Program.

As a reminder, Pursuant to Rule 10 of the Rules Governing the Audit of Claims adopted by the Special
Masters appointed by the federal court overseeing this Settlement, any request for information from us
has the force and effect of a subpoena under Rule 45 of the Federal Rules of Civil Procedure. You must
respond to these questions and provide all information and documents requested in detail. If you do not
understand a question for some reason, then contact us and we will explain. The Monetary Award claims
subject to this Audit investigation will be held until complete information and documents are provided.
Objections and incomplete answers can lead to the denial of the claims.

This request is confidential. Except for your own lawyer, you may not discuss this request with any other
parties, including third party witnesses and medical examiners, unless necessary to provide complete
answers. Additionally, pursuant to Audit Rule 9, you must preserve all information and records related to
the claims from the Retired NFL Football Players you represent.

Here are our questions:





12. Who is ▮▮@collinstruett.com?  Provide this individual's name and contact information, as well as his relationship or position with Collins & Truett.

15. Did anyone help you prepare the answers to these questions?  Who was it?  How did they help? Thank you.
Roma

# EXHIBIT B

**COLLINS & TRUETT, P.A.**
ATTORNEYS AT LAW
8333 N.W. 53rd Street
Doral, Florida. 33166
(833) 496-5798 - Dick@CollinsTruett.com

4/22/21

Mrs. Petkauskas,

Thank you for your continued work to ensure the integrity of the NFL Claims process. We will continue to provide prompt and truthful answers to the best of our ability to any and all questions inquiring about non-privileged attorney-client and attorney work product matters. We are formally asking you what specific claim submission from Collins & Truett this general audit pertains to, and what is the concern with that specific claim, or claims? From review of the audit rules, it is clear that audits must be claim-based. Any delay arising from this general audit is causing harm to the retired NFL players that are our clients.

As part of this civil investigative process the questions presented by the auditor clearly demonstrate an unauthorized breach of protected attorney-client communications and attorney work product privileged documents; in so far as your addressing a non-existent email address that has no recipient (See question 12 below), and an email used by a client for his cases (See question 13 below), etc. These questions, et.al., unequivocally demonstrate an illegal security breach undertaken by the auditors, and/or related parties, which violate federal and Florida privacy laws. Further, this law firm has not and is not waiving any legal rights to privacy or attorney-client and attorney work product privileges in response to these questions.

As part of our mutual accountability, this firm respectfully requests similar truthful and accurate information from the auditor as to how this civil investigation is illegally obtaining the aforementioned confidential privileged information. It is impossible for an anonymous tipster (or anyone on Earth) to provide the auditors with the type of protected information that they have presented in their line of questioning, save for the auditors illegally breaching our protected and secure email servers, or a related entity or agent thereof illegally providing the auditors with such information. Note, it is a federal and Florida civil and criminal violation to invade the privacy of these privileged private communications in a civil proceeding. It is also a criminal violation for any criminal investigators to share privileged private communications with a civil investigation. We are requesting to know the source of these very evident civil and criminal violations.



1



**COLLINS & TRUETT, P.A.**
ATTORNEYS AT LAW
8333 N.W. 53rd Street
Doral, Florida. 33166
(833) 496-5798 - Dick@CollinsTruett.com





**COLLINS & TRUETT, P.A.**
ATTORNEYS AT LAW
8333 N.W. 53rd Street
Doral, Florida. 33166
(833) 496-5798 - Dick@CollinsTruett.com





**COLLINS & TRUETT, P.A.**
ATTORNEYS AT LAW
8333 N.W. 53rd Street
Doral, Florida. 33166
(833) 496-5798 - Dick@CollinsTruett.com



4



# COLLINS & TRUETT, P.A.
## ATTORNEYS AT LAW
8333 N.W. 53rd Street
Doral, Florida. 33166
(833) 496-5798 - Dick@CollinsTruett.com





### COLLINS & TRUETT, P.A.
ATTORNEYS AT LAW
8333 N.W. 53rd Street
Doral, Florida. 33166
(833) 496-5798 - Dick@CollinsTruett.com

███████████████████████████████████
███████████████████████████████████
████████████████████████

12.   Who is ██@collinstruett.com?  Provide this individual's name and contact information, as well as his relationship or position with Collins & Truett.

The "██@collinstruett.com" email address you speak of does not exist, nor has it ever existed. There is no ██ at Collins & Truett. In communications with ████████ about the prior referenced cases (see my 3/18/21 response to the auditors, excerpted below), I must have inadvertently typed in ██@collinstruett.com at some point in the past. I am 72 years old, and admittedly have technology challenges. Since I erroneously typed that email in one time it now automatically shows up on my email every time I type the letters "█." Apparently, this non-existent email address ██@collinstruett.com automatically populates in the recipient line now, and I must not have caught it.

As addressed at the beginning of this response, I have observed that I erroneously used this non-existent email address a very few times, and that no one ever received those emails (because ██@collinstruett.com does not exist). When I did use this email address in error, neither the subject matter nor any proposed recipients had anything to do with, or are related to NFL matters. But, by virtue of the fact that you have an awareness of this non-existent email address inadvertently used by me for communications a few times, having nothing to do with NFL matters, we conclude that you now have access to our in-house email servers. The honest thing to do would be to inform us of this intentional security breach. There is no other logical deduction that we can draw from this question #12, except for the fact that you have illegal access to our law firm's outgoing emails. A court of law would assuredly agree. Again, ██@collinstruett.com is a non-existent email address, subsequently with no possible recipients. The only way the auditors would have knowledge to inquire about such a non-existent email address with no possible recipients is that they, related parties, or their agents have illegally gained or transmitted access to our law firm emails. We are looking into the legality of this type of security breach by the NFL Claims Administrator Auditors, the NFL, Special Masters, and/or other related entities and agencies as related to a civil investigation. We are preparing to prosecute and draft requests for discovery.

████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████



COLLINS & TRUETT, P.A.
ATTORNEYS AT LAW
8333 N.W. 53rd Street
Doral, Florida. 33166
(833) 496-5798 - Dick@CollinsTruett.com



# REQUESTS FOR DISCOVERY

## PART 1: INTERROGATORY QUESTIONS

## PART ONE
## INTRODUCTION AND DEFINITIONS

A.  Each interrogatory seeks information available to Defendant, her attorneys or agents, and all persons acting on her behalf. Accordingly, as used herein, the terms "Defendant" or "Defendants" refers without limitation to the ROMA PETKAUSKAS, its attorneys and agents, and persons acting on its behalf.

B.  If information is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, provide sufficient information to determine the identity of the document or oral communication so claimed to be privileged and state the basis for any asserted claim of privilege.

C.  As used herein, "date" means the exact day, month, and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

D.  If you object to part of an interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that interrogatory. If you object to the scope or time period of any interrogatory, state your objection and answer the interrogatory for the scope or time period you believe is appropriate.

E.  The term "you" or "your" includes the Defendant and all agents, representatives or other persons acting or purporting to act on behalf of the Defendant.

F.  The term "person" means any natural person or persons, groups of natural persons acting as individuals, groups of natural persons acting as a collegial capacity (e.g., as a committee, board of directors, etc.), corporations, partnerships, joint ventures, or any other incorporated or unincorporated business, society or other entity.

G.  To "identify" a person means to state that person's full name, title or affiliation, and the person's last known address and telephone number.

H.  To "identify" a "document" means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim or privilege:

    1.  The title or other means of identification of each such document;

    2.  The date of each such document

    3.  The author of each such document;

    4.  The present location of any and all copies of each such document;

    5.  The name and current addresses of any and all persons who have custody or control of each such documents or copies thereof;

    6.  In lieu of the Court identifying any document, it shall be deemed as sufficient compliance with these interrogatories to produce a copy of each such document and to reference said document to the particular interrogatory to which the document is responsive.

I.  The terms used herein "and" as well as "or" shall be construed either disjunctively or conjunctively if necessary to bring the request inclusive rather than exclusive.

## **INTERROGATORIES**

1.      Describe how attorney ROMA PETKAUSKAS received the non-existent email address referenced by attorney ROMA PETKAUSKAS on April 19, 2021, attached as Exhibit A.

2.   Explain why a Federal Rule of Civil Procedure 45 subpoena was not issued requesting access to COLLINS FIRMs emails or email server?

3.   Explain how attorney ROMA PETKAUSKAS has complied with Federal Rule of Civil Procedure 45 in gaining access to this email and COLLINS FIRMs email server and emails without a request or his approval or knowledge, or opportunity to object or modify?

4.   Explain why gaining access to this email and COLLINS FIRMs email server and emails without notice, approval or authority, is not a criminal violation under Florida and Federal law, including but not limited to § 934.21, Florida Statutes, and 18 U.S.C. § 2701(a), Unlawful Access to Stored Communications; Penalties?

5.   Explain why gaining access to this email and COLLINS FIRMs email server and emails without notice, approval or authority, is not a violation of the rules of professional conduct applicable to attorney ROMA PETKAUSKAS and Defendants?

6.  Explain why gaining access to this email and COLLINS FIRMs email server and emails without notice, approval or authority, is not a criminal violation under Florida and Federal law, including but not limited to § 934.21, Florida Statutes, and 18 U.S.C. § 2701(a), Unlawful Access to Stored Communications; Penalties by attorney ROMA PETKAUSKAS and Defendants?

7.  Explain how it is legal for criminal investigators to share confidential protected information found in emails and email servers, only conceivably available from a confidential search warrant as part of a criminal investigation and which cannot be used in a criminal or civil prosecution, with civil investigators?

8.  Describe any other instances of violating attorney work product or attorney-client communication privilege documents in the investigation of any other law firm or NFL client claims.

9.  Describe any other instances of potential criminal conduct in infiltrating or breaching attorney work product or attorney-client communication privilege documents and communication in the investigation of any other law firm or NFL client claims.

10.    Explain any defenses or facts and documents, that are applicable to attorney ROMA PETKAUSKAS, Special Masters, and HML GLOBAL, LLCs defense to the Complaint for Temporary and Permanent Injunction.

11.    Explain the involvement, authority and supervision of Special Masters in reviewing and authorizing the discovery and questions submitted by attorney ROMA PETKAUSAKS to COLLINS FIRM.

12.    Explain the involvement, authority and supervision of Special Masters in reviewing and authorizing the discovery and questions submitted by attorney ROMA PETKAUSAKS or any other auditor or investigator to law firms, consultants and NFL Concussion Settlement claimants.

13.    Explain the interactions of auditors, attorney ROMA PETKAUSKAS, Special Masters, and HML GROUP, LLC with state and federal criminal investigators.

14.     Explain the interactions of auditors, attorney ROMA PETKAUSKAS, Special Masters, and HML GROUP, LLC with state and federal criminal investigators pertaining to the COLLINS FIRM, including but not limited to its emails and email servers.

15.     Provide the name, address and employer of the individual that provided the information pertaining to COLLINS FIRM emails and email server, and what authority that person had to both receive and forward this information.

16.     Explain how the individual provided the information to attorney ROMA PETKAUSKAS pertaining to COLLINS FIRM emails and email server.

**VERIFICATION**

_____
ROMA PETKAUSKAS

STATE OF FLORIDA
COUNTY OF_____

The foregoing instrument was acknowledged before me this _____ day of
_____ , 2021, by ROMA PETKAUSKAS (___) who is personally known to me or
(___) who has produced _____ as identification and who did take an oath.


_____
NOTARY PUBLIC


_____
PRINTED NAME

My Commission Expires: _____

# REQUESTS FOR DISCOVERY

## PART 2: REQUESTS FOR ADMISSIONS

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

| | |
|---|---|
| COLLINS & TRUETT ATTORNEYS, P.A., <br><br> Plaintiffs, <br><br> v. <br><br> ROMA PETKAUSKAS, in her individual and official capacity, and BROWNGREER, PLC, a Virginia for profit corporation, SPECIAL MASTERS, PERRY GOLKIN, WENDELLE E. PRITCHETT, JO-ANN M. VERRIER, LAWRENCE F. STENGEL, and DAVID HOFFMAN, and HML GROUP LLC, <br><br> Defendants. <br> _____ / | CASE NO.: 2021-CA-001049 <br><br> JUDGE: Angela C. Dempsey |

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS

1. Admit attorney ROMA PETKAUSKAS receiving the non-existent email address referenced by attorney AROMA PETKAUSKAS on April 19, 2021, attached as Exhibit A.

2. Admit that a Federal Rule of Civil Procedure 45 subpoena was not issued requesting access to COLLINS FIRM'S emails or email server?

3. Admit that attorney ROMA PETKAUSKAS has not complied with Federal Rule of Civil Procedure 45 in gaining access to this email reference in Exhibit A.

4. Admit that attorney ROMA PETKAUSKAS has received access to COLLINS FIRM'S email server and emails, including but not limited to the emails reference in Exhibit A, without a request or COLLINS FIRM'S approval or knowledge, or opportunity to object or modify?

5.     Admit that access to COLLINS FIRM'S email server and emails without notice,
       approval or authority, is a criminal violation under Florida and Federal law,
       including but not limited to § 934.21, Florida Statutes, and 18 U.S.C. § 2701(a),
       Unlawful Access to Stored Communications; Penalties?

6.     Admit that access to this email referenced in Exhibit A, and COLLINS FIRM'S
       email server and emails without notice, approval or authority, is a violation of the
       rules of professional conduct applicable to attorney ROMA PETKAUSKAS and
       Defendants?

7.     Admit that access to this email referenced in Exhibit A, and COLLINS FIRM'S
       email server and emails without notice, approval or authority is a criminal
       violation under Florida and Federal law, including but not limited to § 934.21,
       Florida Statutes, and 18 U.S.C. § 2701(a), Unlawful Access to Stored
       Communications; Penalties by attorney ROMA PETKAUSKAS and Defendants?

8.     Admit that it is illegal for criminal investigators to share confidential protected
       information found in emails and email servers, only conceivably available from a
       confidential search warrant as part of a criminal investigation and which cannot
       be used in a criminal or civil prosecution, with civil investigators?

9.     Admit that there are other instances of violating attorney work product or
       attorney-client communication privilege documents in the investigation of other
       law firm or NFL client claims.

10.    Admit that the Special Masters and BROWNGREER law firm provide
       supervision and approval of discovery and questions submitted by attorney
       ROMA PETKAUSAKS to COLLINS FIRM.

11.    Admit that the Special Masters and BROWNGREER law firm provide
       supervision and approval of discovery and questions submitted by attorney
       ROMA PETKAUSAKS to law firms investigated by auditors working for
       BROWNGREER or under the supervision and authority of Special Masters.

12.    Admit that attorney ROMA PETKAUSKAS, Special Masters, and HML GROUP,
       LLC interact state and federal criminal investigators.

13.   Admit that attorney ROMA PETKAUSKAS, Special Masters, and HML GROUP, LLC interact with state and/or federal criminal investigators pertaining to the COLLINS FIRM, including but not limited to its emails and email servers.

Respectfully,

By: ___/s/ Richard Collins_____
Richard Collins, J.D.,
Florida Bar No.: 161195
**Collins & Truett Attorneys, P.A.**
113 South Monroe Street
Tallahassee, FL 32301
Office: (850) 765-5798
Fax: (850) 216-2537
Dick@CollinsTruett.com

# REQUESTS FOR DISCOVERY

## PART 2: REQUESTS FOR PRODUCTION

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

| | |
|---|---|
| COLLINS & TRUETT ATTORNEYS, P.A.,<br><br>     Plaintiffs,<br><br>v.<br><br>ROMA PETKAUSKAS, in her individual<br>and official capacity, and BROWNGREER,<br>PLC, a Virginia for profit corporation,<br>SPECIAL MASTERS, PERRY GOLKIN,<br>WENDELLE E. PRITCHETT, JO-ANN M.<br>VERRIER, LAWRENCE F. STENGEL, and<br>DAVID HOFFMAN, and HML GROUP<br>LLC,<br><br>     Defendants. | CASE NO.: 2021-CA-001049<br><br>JUDGE: Angela C. Dempsey |

_____/

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Provide any and all documents pertaining to attorney ROMA PETKAUSKAS receiving the non-existent email address referenced by attorney AROMA PETKAUSKAS on April 19, 2021, attached as Exhibit A.

2. Provide any and all documents, statutes, rules or case law, pertaining to why a Federal Rule of Civil Procedure 45 subpoena was not issued requesting access to COLLINS FIRM'S emails or email server?

3. Provide any and all documents, statutes, rules or case law, that demonstrate attorney ROMA PETKAUSKAS has complied with Federal Rule of Civil Procedure 45 in gaining access to this email and COLLINS FIRM'S email server and emails without a request or his approval or knowledge, or opportunity to object or modify?

4. Provide any and all documents, statutes, rules or case law, that demonstrate gaining access to this email referenced in Exhibit A, and COLLINS FIRM'S email server and emails without notice, approval or authority, is not a criminal violation under Florida and Federal law, including but not limited to § 934.21, Florida Statutes, and 18 U.S.C. § 2701(a), Unlawful Access to Stored Communications; Penalties?

5. Provide any and all documents, statutes, rules or case law, that demonstrate gaining access to this email referenced in Exhibit A, and COLLINS FIRM'S email server and

emails without notice, approval or authority, is not a violation of the rules of professional conduct applicable to attorney ROMA PETKAUSKAS and Defendants?

6. Provide any and all documents, statutes, rules or case law, that demonstrate gaining access to this email referenced in Exhibit A, and COLLINS FIRM'S email server and emails without notice, approval or authority, is not a criminal violation under Florida and Federal law, including but not limited to § 934.21, Florida Statutes, and 18 U.S.C. § 2701(a), Unlawful Access to Stored Communications; Penalties by attorney ROMA PETKAUSKAS and Defendants?

7. Provide any and all documents, statutes, rules or case law, that demonstrate it is legal for criminal investigators to share confidential protected information found in emails and email servers, only conceivably available from a confidential search warrant as part of a criminal investigation and which cannot be used in a criminal or civil prosecution, with civil investigators?

8. Provide any and all documents involving any other instances of violating attorney work product or attorney-client communication privilege documents in the investigation of any other law firm or NFL client claims.

9. Provide any and all documents involving any other instances of potential criminal conduct in infiltrating or breaching attorney work product or attorney-client communication privilege documents and communication in the investigation of any other law firm or NFL client claims.

10. Provide any and all documents that support any defenses or facts and documents, that are applicable to attorney ROMA PETKAUSKAS, Special Masters, and HML GLOBAL, LLC'S defense to the Complaint for Temporary and Permanent Injunction.

11. Provide any and all documents pertaining to the involvement, authority and supervision of Special Masters in reviewing and authorizing the discovery and questions submitted by attorney ROMA PETKAUSAKS to COLLINS FIRM.

12. Provide any and all documents pertaining to the involvement, authority and supervision of Special Masters in reviewing and authorizing the discovery and questions submitted by attorney ROMA PETKAUSAKS or any other auditor or investigator to law firms, consultants and NFL Concussion Settlement claimants.

13. Provide any and all documents pertaining to the interactions of auditors, attorney ROMA PETKAUSKAS, Special Masters, and HML GROUP, LLC with state and federal criminal investigators.

14. Provide any and all documents pertaining to the interactions of auditors, attorney ROMA PETKAUSKAS, Special Masters, and HML GROUP, LLC with state and federal criminal investigators pertaining to the COLLINS FIRM, including but not limited to its emails and email servers.

15. Provide any and all documents pertaining to the person, their address and employer of the individual that provided the information pertaining to COLLINS FIRM emails and email server, and what authority that person had to both receive and forward this information.

16. Provide any and all documents pertaining to how the individual provided the information to attorney ROMA PETKAUSKAS pertaining to COLLINS FIRM emails and email server.

Respectfully,

By:  __/s/ Richard Collins____
Richard Collins, J.D.,
Florida Bar No.: 161195
**Collins & Truett Attorneys, P.A.**
113 South Monroe Street
Tallahassee, FL 32301
Office: (850) 765-5798
Fax: (850) 216-2537
Dick@CollinsTruett.com

# RICHARD COLLINS' AFFIDAVIT

Filing # 128820793 E-Filed 06/15/2021 05:55:18 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA

COLLINS & TRUETT ATTORNEYS, P.A.,

      Plaintiff,

v.                          CASE NO.: 2021-CA-001049
                                JUDGE ANGELA DEMPSEY

ROMA PETKAUSKAS, in her individual
and official capacity, and BOWN & GREER,
PLC, a Virginia for profit corporation, SPECIAL
MASTERS, PERRY GOLKIN, WENDELLE E.
PRITCHETT, JO-ANN M. VERRIER, LAWRENCE
F. STENGEL, and DAVID HOFFMAN, and
HML GROUP LLC,

      Defendants.

_____/

## **NOTICE OF FILING AFFIDAVIT OF RICHARD B. COLLINS IN SUPPORT OF COMPLAINT FOR TEMPORARY AND PERMANENT INJUNCTION**

**COMES NOW** Plaintiff, COLLINS & TRUETT ATTORNEYS, P.A., ("COLLINS

FIRM") through undersigned counsel, pursuant to Florida Rule of Professional Conduct 4-1.6,[1]

Florida Rule of Civil Procedure 1.610, and 1.280(b)(3), Florida Rules of Evidence § 90.502,

Federal Rule of Civil Procedure 45, § 934.21, Florida Statutes, and 18 U.S.C. section 2701(a)

(unlawful access to stored communications), and the Complaint for Temporary and Permanent

Injunction and gives this Notice of Filing the Affidavit of Richard B. Collins, attached hereto, in

support thereof.

---

[1] Defendants are licensed attorneys under the obligations of the Virginia, New York, and Pennsylvania Bar Rules of Professional Conduct, which have parallel rules of professional conduct that Defendants are required to protect and are violating.

Respectfully submitted on this 15th Day of June 2021.

> */s/ Richard Collins*
> Florida Bar No. 161195
> Collins & Truett Attorneys, P.A.
> 8333 N.W. 53rd Street – Suite 450
> Doral, Florida 33166
> Telephone: (833) 496-8529
> E-Mail: Dick@CollinsTruett.com

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA

COLLINS & TRUETT ATTORNEYS, P.A.,

      Plaintiff,

v.                      CASE NO.: 2021-CA-001049
                             JUDGE ANGELA DEMPSEY

ROMA PETKAUSKAS, in her individual
and official capacity, and BOWN & GREER,
PLC, a Virginia for profit corporation, SPECIAL
MASTERS, PERRY GOLKIN, WENDELLE E.
PRITCHETT, JO-ANN M. VERRIER, LAWRENCE
F. STENGEL, and DAVID HOFFMAN, and
HML GROUP LLC,

      Defendants.

_____/

## AFFIDAVIT OF RICHARD B. COLLINS

**STATE OF FLORIDA**
**COUNTY OF LEON**

      I, RICHARD B. COLLINS, who upon being sworn do hereby depose and state:

      1.    My name is RICHARD B. COLLINS and I am over 18 years of age and am competent for all legal purposes.

      2.    I make this Affidavit based upon my own personal knowledge in involvement in the subject matter.

      3.    I am a Florida licensed attorney, having practiced law since 1973, and I am former Tallahassee Bar Association President, former Florida Defense Lawyers Association President, and former American Board of Professional Liability Attorneys President, I am admitted in the

Fifth and Eleventh United States Circuit Courts of Appeals, and the Northern, Middle and Southern Federal District Courts of Florida.

4.      I did not want to file this injunction, but upon informing Defendants of the violations and requesting an explanation, has received no response from the Defendants as to their violations of protected attorney work product and attorney client communications pertaining to the Collins & Truett law firm (COLLINS FIRM). As a result, I am required to file this Complaint for Temporary and Permanent Injunction in order to protect attorney work product and attorney client communications from illegal acquisition and usage as he is required to do under applicable Florida and Federal statutes and applicable Rules of Professional Conduct.

4.      Defendants Attorney ROMA PETKAUSKAS and BROWNGREER law firm, as supervised and monitored by SPECIAL MASTERS as listed in the COMPLAINT FOR TEMPORARY AND PERMANENT INJUNCTION filed for this action on June 11, 2021, have apparent access to COLLINS FIRM'S attorney work product emails and email server that is not authorized by the COLLINS FIRM, nor by Federal Rule of Civil Procedure 45; nor Rule 10 of the Rules Governing the Audit of Claims as found in the NFL Concussion Settlement; nor by Rule 1.280(b) and (c), Florida Rules of Civil Procedure; nor by Rule 4-1.6, Florida Rules of Professional Conduct; nor by Florida Rule of Evidence §90.502, and are in violation of § 934.21, Florida Criminal Statutes and Federal Criminal Code 18 U.S.C. § 2701(a).

5.      Pursuant to Florida Rule of Civil Procedure 1.610 and 1.280(b) and (c), Florida Rules of Professional Conduct 4-1.6, Florida Rule of Evidence §90.502, Federal Rule of Civil Procedure 45, § 934.21, Florida Statutes and Federal Criminal Code 18 U.S.C. § 2701(a),

2

COLLINS FIRM is seeking to enjoin Defendants from illegal access to attorney work product and attorney-client communications found in its emails and email server.

6.      The COLLINS FIRM has offices in the Second Judicial Circuit in and for Leon County, Florida, its primary office, and is requesting injunctive relief pursuant to Florida Rules of Civil Procedure before the Court in the Second Judicial Circuit in and for Leon County, Florida.

7.      Attorney ROMA PETKAUSKAS is a Virginia attorney and auditor for BROWNGREER, PLC. As part of attorney ROMA PETKAUSKAS' civil investigative process, the Federal Rule of Civil Procedure 45 subpoena questions, discussed in paragraph 14, *supra*, presented by attorney ROMA PETKAUSKAS to the COLLINS FIRM demonstrate criminal violations and an unauthorized breach of protected attorney-client communications and attorney work product privileged documents that has not been sought, requested or waived.

8.      There was no subpoena nor request for access to these privileged and protected matters and records. Nor was there an opportunity to protect this information by filing a motion to quash or modify the subpoena, and a hearing and ruling by the Court, as is required under Federal Rule of Civil Procedure 45(d)(3)(A)(iii), Protecting a Person Subject to A Subpoena; Enforcement, Quashing or Modifying a Subpoena.

9.      Attorney ROMA PETKAUSKAS submitted questions concerning a non-existent email address that has no recipient and was copied to only non-NFL claims related clients, co-counsel, and staff for the COLLINS FIRM.

10.     Attorney ROMA PETKAUSKAS questions demonstrate an intentional, unauthorized, illegal and criminal security breach of Electronic Communications Service (ECS) undertaken by the auditors, and/or related parties, which violate Federal and Florida privacy

3

laws, Federal Rule of Civil Procedure 45, Florida Rule of Civil Procedure 1.280, Florida Rule of Evidence § 90.502, Florida Rules of Professional Conduct 4-1.6, and criminal statutes, including but not limited to § 934.21, Florida Statutes, and 18 U.S.C. § 2701(a), and the known protections afforded attorney work product and attorney-client communications. Further, the COLLINS FIRM has not and is not waiving any legal rights to privacy or attorney-client privilege and attorney work product, or its rights under Federal Rule of Civil Procedure 45(D)(3)(iii), Florida Rule of Civil Procedure 1.280, or Florida Rule of Evidence § 90.502, or Florida Rules of Professional Conduct 4-1.6, in response to these questions.

11.     Attorney ROMA PETKAUSKAS on April 19, 2021, under the authority of Federal Rule of Civil Procedure 45 subpoena, asked questions about a non-existent email address that was inadvertently used only a few times and never received by any party that had any relation to any NFL claim. Exhibit A to Complaint, Copy of Attorney ROMA PETKAUSKAS' April 19, 2021, forwarded email to COLLINS FIRM. **It is impossible for ROMA PETKAUSKAS to have any information on this non-existent email other than through an illegal security breach of emails and email servers that all contain attorney work product and attorney-client communication privileged documents.**

12.     Attorney ROMA PETKAUSKAS was specifically asked:·

how this civil investigation is illegally obtaining the aforementioned confidential privileged information. It is impossible for an anonymous tipster (or anyone on Earth) to provide the auditors with the type of protected information that they have presented in their line of questioning, save for the auditors illegally breaching our protected and secure email servers, or a related entity or agent thereof illegally providing the auditors with such information.

Exhibit B to Complaint, April 22, 2021, Letter to Attorney ROMA PETKAUSKAS. It is now 55 days since the information was requested, and no response has been given.

4

13.     Attorney ROMA PETKAUSKAS was informed by the COLLINS FIRM through

Richard B. Collins that:

> When I did use this email address in error, neither the subject matter nor any proposed
> recipients had anything to do with, or are related to NFL matters. But, by virtue of the
> fact that you have an awareness of this non-existent email address inadvertently used by
> me for communications a few times, having nothing to do with NFL matters, we
> conclude that you now have access to our in-house email servers. The honest thing to do
> would be to inform us of this intentional security breach. There is no other logical
> deduction that we can draw from this question #12, except for the fact that you have
> illegal access to our law firm's outgoing emails.

*Id.* It is now 55 days since the information was requested, and no response has been given.

14.     Attorney ROMA PETKAUSKAS, law firm BROWNGREER, PLC, and SPECIAL

MASTERS, as attorneys, and their agents, HML GROUP, LLC, have ongoing illegal access to

and use of COLLINS FIRM emails and email servers as an ECS, and is criminal conduct, as

found in § 934.21, Florida Statutes, and 18 U.S.C. § 2701(a), Unlawful Access to Stored

Communications; Penalties (including felony). The emails and email servers as an ECS, are

replete with protected attorney work product and attorney-client privileged communications,

and there is no apparent remedy within Rule 10 of the Rules Governing the Audit of Claims, as

5

no party receives notice of these intentional, illegal and criminal breaches.

Sworn under the pains and penalty of perjury this 15th Day of June 2021.

FURTHER AFFIANT SAYETH NOT.

_____
RICHARD B. COLLINS

STATE OF _Florida_ )
COUNTY OF _Leon_ )

Subscribed and sworn/affirmed to before me this _15_ day of _June_ , 2021, by
RICHARD B. COLLINS.

_____
NOTARY PUBLIC
My Commission Expires: _2/19/2025_

☐ Personally known to me.
☒ Presented identification as follows: _FDL_

Tamara M. Smith
Notary Public
State of Florida
My Commission Expires 02/19/2025
Commission No. HH 93016

6

# CIRCUIT COURT

# UNIFORM COURT ORDER
## JUNE 15, 2021

Filing # 128765150 E-Filed 06/15/2021 11:21:24 AM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

COLLINS & TRUETT ATTORNEYS, P.A.

      Plaintiff(s),

vs.

ROMA PETKAUSKAS, ET AL,

      CASE NO.: 2021 CA 1049

      Defendant(s).

_____/

## UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

## I. PROJECTED TRIAL DATE

All **COUNTY COURT** Civil cases are designated **STREAMLINED CASES** with a projected trial date of **360 days** from the date of filing of the complaint.

All **CIRCUIT COURT** Civil cases for which the complaint **does not demand trial by jury** are designated **STREAMLINED CASES** with a projected trial date of **360 days** from the date of filing of the complaint.

All **CIRCUIT COURT** Civil cases for which the **complaint demands trial by jury** are **GENERAL CASES** with a projected trial date of **540 days** from the date of filing of the complaint.

A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a *Joint* Notice that the Cause is at Issue **no later than 15 days after the pleadings are closed.** In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for *Streamlined* Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

120 days after filing: Service of Complaints
150 days after filing: Service under any Extension of Time
180 days after filing: Adding New Parties
210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
270 days after filing: Completion of Fact and Expert Discovery
270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for *General* Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

120 days after filing: Service of Complaints
180 days after filing: Service under any Extension of Time
210 days after filing: Adding New Parties
270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
400 days after filing: Completion of Fact and Expert Discovery
450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.

Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including:  an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial *shall* be conducted consistent with Florida Supreme Court and Second Circuit Administrative Order by audio-video technology. Each judge is responsible to establish the process for such audio-video technology hearings by notice of hearing including technology access.

After the conclusion of the COVID-19 Public Health Emergency all hearings other than jury selection and trial *may* be conducted by audio-video technology. Each judge is responsible to establish the process for such audio-video technology hearings by notice of hearing including technology access.

Done and Ordered in Leon County, Florida on June 15, 2021.

ANGELA C. DEMPSEY
Circuit Judge

| | |
|---|---|
| **From:** | rpetkauskas@browngreer.com |
| **To:** | dick@collinstruett.com |
| **Subject:** | Request for a Call |
| **Date:** | Wednesday, June 23, 2021 11:54:25 AM |

Hi Mr. Collins.  Would you have some time for a call to discuss the Complaint you filed? Today or tomorrow would be ideal for me, but I understand you may not have availability, so let me know what might work for you.

Thank you!
Roma

**Roma Petkauskas**
**BROWNGREER PLC**
250 Rocketts Way
Richmond, Virginia 23231
Telephone:  (804) 521-7218
Facsimile: (804) 521-7299
www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

# EXHIBIT 2

| | |
|---|---|
| **From:** | Orran Brown |
| **To:** | Dick@CollinsTruett.com |
| **Cc:** | neil@collinstruett.com; bruce@collinstruett.com; Sharon@CollinsTruett.com; mssdelaney@gmail.com |
| **Subject:** | Collins & Truett Attorneys, PA. v. Roma Petkauskas, et al. |
| **Date:** | Friday, June 25, 2021 3:33:00 PM |
| **Attachments:** | Letter from Orran Brown.pdf |

Please see my attached letter.  Thank you.

**Orran L. Brown, Sr.**
**BROWNGREER** PLC
250 Rocketts Way
Richmond, Virginia 23231
Telephone: (804) 521-7201
Facsimile: (804) 521-7299
www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

# EXHIBIT 3



DIRECT DIAL: (804) 521-7201
OFFICE: (804) 521-7200
FACSIMILE: (804) 521-7299
OBROWN@BROWNGREER.COM

June 25, 2021

***By Electronic Mail to Dick@CollinsTruett.com***

Richard B. Collins, Esquire
Collins & Truett Attorney, P.A.
113 South Monroe Street
Tallahassee, Florida  32301

Re:     ***Collins & Truett Attorneys, PA. v. Roma Petkauskas, et al.***

Dear Mr. Collins:

We are aware that you have filed a Complaint for Temporary and Permanent Injunction in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, against the Special Masters appointed by the federal District Court for the Eastern District of Pennsylvania, Roma Petkauskas, BrownGreer, and others, relating to an on-going audit under the NFL Concussion Settlement.  Though the summons has not been properly served on us, I write in an effort to meet and confer about the matters raised in the Complaint and seek your cooperation on addressing them in the proper manner.

Under Section 27.1 of the NFL Concussion Settlement Agreement and Paragraph 16 of the April 22, 2015 Final Order and Judgment approving that Agreement (Document 6510), the federal District Court for the Eastern District of Pennsylvania in Philadelphia has continuing and exclusive jurisdiction over all Settlement Class Members and any dispute or controversy arising out of or related to the interpretation, implementation, administration, or enforcement of the Settlement Agreement.  In addition, by Order of June 14, 2017 (Document 7825 and Document 7715-2), the Court directed that the Special Masters, the Claims Administrator, the BAP Administrator, the Lien Resolution Administrator, the Appeals Advisor Panel members, the Appeals Advisory Panel Consultants, and all their employees, agents, representatives, owners, and officers have immunity in the performance of tasks in the Settlement Program and no one has any right to file any suit or action against them, except for willful misconduct.

Complaints about how the Settlement is being administered can be raised only before Judge Brody, the supervisory Court with exclusive jurisdiction over such matters, and only by motion in that Court, rather than by lawsuit.  The Court also has ruled in other such situations that Settlement Class Members and their lawyers must exhaust the administrative remedies before bringing a motion to Judge Brody, which you have not done.

Your state court suit is in violation of those federal Orders.  I ask that you cause the suit to be dismissed without prejudice, to avoid being held in contempt.  We are happy to talk with

Richard B Collins, Esquire
June 25, 2021
Page 2

you to explain the foregoing and the status of the audit proceeding in which you and your firm are involved and answer any questions you have.  For example, we have no access to any of your email servers and do not know what your reasonable basis in fact could be for making that allegation and other libelous and unfounded accusations in your Complaint of "criminal conduct."

Please call me at (804) 839-2352 or email me at obrown@browngreer.com to confer on resolving this dispute without the need for further judicial proceedings.  Thank you.

Sincerely,

Orran L. Brown, Sr.

cc:   Neil Bruce Epstein, Esquire (*neil@collinstruett.com; bruce@collinstruett.com*)
      Ms. Sharon Delaney (*Sharon@CollinsTruett.com*; *mssdelaney@gmail.com*)

| From: | Sharon Delaney |
|---|---|
| To: | Orran Brown |
| Cc: | Dick@CollinsTruett.com; neil@collinstruett.com; bruce@collinstruett.com; Sharon@CollinsTruett.com |
| Subject: | Re: Collins & Truett Attorneys, PA. v. Roma Petkauskas, et al. |
| Date: | Friday, June 25, 2021 4:32:02 PM |

M. Brown,

Neither my company, Ohana Management Group nor myself, have anything to do with this injunction lawsuit, nor I am not part of the email breach. Please remove me from all correspondence that relates to this matter.

Thank you and have a new weekend.

On Fri, Jun 25, 2021 at 2:33 PM Orran Brown <OBrown@browngreer.com> wrote:

> Please see my attached letter.  Thank you.
>
>
> **Orran L. Brown, Sr.**
> **BROWNGREER** PLC
> 250 Rocketts Way
> Richmond, Virginia 23231
> Telephone: (804) 521-7201
> Facsimile: (804) 521-7299
> www.browngreer.com
>
> *This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

--



**EXHIBIT 4**

**Sharon Delaney**
803-579-2228

*STRICTLY PERSONAL AND CONFIDENTIAL. This email and its attachments are from Ohana Management Group and may contain agency-client, work product or other privileged, confidential or proprietary information and may be exempt from disclosure under applicable laws. This email and its attachments*

*are for the intended recipient(s). If you are not the intended recipient, any dissemination, disclosure, distribution, or copying of this email or its attachments is strictly prohibited. If you received this email or its attachments in error, please reply indicating so and delete all copies of the email and its attachments.  © 2020 Ohana Management Group. All Rights Reserved.*

| | |
|---|---|
| **From:** | Bruce E |
| **To:** | Orran Brown |
| **Subject:** | Collins & Truett "Special Audit" - Fwd: Special Masters" Decision |
| **Date:** | Tuesday, June 29, 2021 1:15:06 AM |
| **Attachments:** | Signature Block - 08 20 20 b.png |

Mr. Brown,

Thank you for taking the time to draft your letter, sent on Friday, 6/25. Your points are well taken, but misplaced. Your team has undeniably, and illegally either breached our private law firm email servers, or illegally obtained non-NFL emails from our law firm email account. We have incontrovertible evidence of that fact. As you will see in my below response to Mrs. Petkauskas, our Complaint seeking injunctive relief from these illegal breaches has nothing to do with the NFL Concussion Settlement in so far as **a)** our law firm email was definitely hacked by your team, or illegally transmitted to you by a related party, and **b)** we have the Constitutional right request injunctive relief from that activity, and to inquire via Court Order as to who is responsible for this breach by compelling discovery - outside of the NFL Claims Process. Counter to your assertion, our Complaint does not fall within the EDPA's exclusive jurisdiction, and your team is not immune from the repercussions of hacking into a law firm's email server; particularly based upon the impetus of a civil investigation.

Your team has broken the law, our law firm has been victimized by their activity, and we are seeking injunctive relief from this behavior. Nothing to do with the Rules of NFL Concussion Settlement, nor the Eastern District of Pennsylvania.

By virtue of the fact that you stated in your letter to us that your team "did not breach our email" leads me to believe that you may not have thoroughly read our Complaint seeking Injunctive Relief, and nor have you analyzed the enclosed exhibits. Again, we have undeniable evidence that your team hacked our private law firm email servers. And, we have heard that this has and does happen to other law firms at the hands of your team. The problem here is that your team may have been informed so many times that they can do whatever they want in order to uncover potential fraud in the claims process -  even where there is no fraud - that they are convinced they are immune from breaking the law and violating the Constitutional and State rights of others in order to accomplish their goal of uncovering fraud, or to even conjure up fraud when it does not exist. This severe shortcoming of your team wrongly believing they are immune from all conceivable behavior they engage in in order to "protect the integrity of the Claims Process," even if they violate the Constitutional rights of others or engage in illegal activity, falls back on the management and training at BrownGreer.

In discussions with Mr. Collins, we are certainly not going to rescind our Complaint for Injunctive Relief, which was filed in the proper venue (and rightly served) in order to prevent our Constitutional rights to privacy from being criminally violated. In fact, we have every intention of making our lawsuit and the evidence/exhibits contained therein, excruciatingly public; so other law firms who also may have been victimized by this inordinately wrongful behavior by your team - and they are out there - also step forward with their evidence of the same happening to them. This will establish a pattern of practice, which we now know exists. The practice of hacking email accounts by the NFL Claims Administration assuredly rises to the point of "willful misconduct." However, this issue is being raised in a lawsuit that is, by its very nature, separate and apart from the NFL Concussion Settlement.

I sincerely apologize if I am coming on strong, but when my Constitutional rights, and the

# EXHIBIT 5

rights of the good people I work with are wrongfully taken from us at the hands of a civil investigation, I am compelled with every fiber of my being to come on strong, and to fight this injustice to the very end. Mr. Collins feels the same way. And, so would you if your Constitutional rights were being violated with the shear impunity, and false sense of immunity that you have instilled in your team.

I respect you for the good work that you are doing with the Settlement Process, but I draw the line at BrownGreer and the Special Masters undertaking a pattern and practice of engaging in illegal activity in order to root-out non-existant fraud.

I am bringing my response to Mrs. Petkauskas to you directly so you see, in plain sight, the type of illegal activity that your team is engaging in in order to "*detect and prevent*" non-existent fraud, and to conjure up fraud where, in reality, no fraud exists.


**N. Bruce Epstein, J.D.**
**Litigation Specialist - Paralegal**
Collins & Truett Attorneys, P.A.
www.CollinsTruett.com
Email: Bruce@CollinsTruett.com





8333 N.W. 53rd Street - Suite 450
Doral, Florida - 33166
(833) 4YOULAW

PLEASE NOTE: This message, including any attachments, may include privileged or confidential information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited. If you are not the intended recipient, please notify the sender by replying to this message and delete it from your system.

Begin forwarded message:

**From:** Bruce E <bruce@collinstruett.com>
**Subject: Re: Special Masters' Decision**
**Date:** June 28, 2021 at 8:43:48 PM EDT
**To:** Roma Petkauskas <rpetkauskas@browngreer.com>
**Cc:** Sharon Delaney - Ohana Management Group <Mssdelaney@gmail.com>, Dick Collins <Dick@CollinsTruett.com>

Mrs. Petkauskas,

Thank you for this information. If you will examine the NFL Concussion Claims that Collins & Truett, with the assistance of Sharon Delaney, have submitted thus far you will clearly see that each and every claim has been, and will continue to be, in strict adherence to the terms of Settlement, and beyond. And, that none of our submissions contain, nor will ever contain any prior medical records derived from other law firms, as we are emphatically ensuring that all Collins & Truett retired NFL clients are tested, or re-tested by highly qualified and approved MAF and BAP providers, along with the mandate that every player must obtain extensive *bona fide* 3rd party medical records from providers of their choosing before Collins & Truett will ever send them to MAF/BAP providers for testing. In fact, Collins & Truett has had some retired NFL clients whose 3rd party medical records <u>do not</u> indicate signs of post-concussion syndrome, and we inform those players that they do not have a viable claim at this time, and we refrain from sending them for MAF/BAP testing, and refrain from considering filing a Concussion Claim for them.

Once you conclude your ongoing plethora of audit investigations you will readily observe that Collins & Truett, and Sharon Delaney are submitting concussion claims that are exemplary of what the Settlement Rules are set up to facilitate. There will be no denying that.

While working with Howard & Associates I never observed any of the issues that you raise in your audit reports, and I personally have absolutely not partaken in any such activities. While at Howard & Associates, the bulk of my assignments were to work with counsel on their tobacco claims, and other (non-NFL) personal injury claims. As far as my involvement with NFL while acting in the capacity of independent contractor at Howard & Associates was two, and <u>only</u> two tasks: One assignment was to draft a Workers' Compensation complaint against the NFL, which was reviewed by counsel and presented to the Federal Court in Ft. Lauderdale, and the other assignment was to locate and provide MAF qualification forms to Dr. Koberda. (To the best of my knowledge Howard & Associates was sending retired NFL clients to neurologist, Dr. Koberda, before I started working with Howard & Associates in 2016, and that the Concussion Settlement Rules were published in 2017, which stated that qualifying medical reports must be submitted by MAF doctors, so I was tasked with locating and providing Dr. Koberda with the proper forms so he could apply to become MAF certified. This was in 2017, over 4 years ago. Looking back, and learning what I have learned about the Concussion Settlement since 2016, and also what I have learned from Sharon Delaney (that law firms should have absolutely no correspondence with MAF doctors under any circumstances, except for merely facilitating scheduling and paying the bills), I would have known that interfacing with a doctor on that technical issue was not condoned by the Settlement process, and I would not have located and provided those MAF application forms to Dr. Koberda, even though it was tasked to me). Meanwhile, since that time, I have unquestionably learned best practices, and the proper way to proceed with NFL Concussion

Claims, and I adhere to the published and unspoken Rules of the Settlement at all times, as does the Collins & Truett law firm. Again, if you review our current claims, there will be no denying that either.

All being said, to preclude me from partaking in the settlement process is well beyond the scope of "protecting the integrity of the claims process," and we are looking into the legality of your extreme interpretation and extension of the "*detect and prevent*" clause in Rule 6. We feel that your collective activity of attempting to preclude from the Settlement anybody that "touched Howard," based upon the mere fact that a person has worked with Howard & Associates in the past, the degree to which you are exercising this authority is unconstitutional. We are looking into what legal remedies can be brought in the face of this systemic injustice. The methods by which you have chosen to investigate and attempt to preclude certain parties to this audit go beyond unconscionable, and exhibit a high degree of willful misconduct; for example knowingly creating a (false) narrative that Sharon Delaney pretended to be Shockmain Davis' wife, and then investigating her and the law firms that she works with based upon that falsely contrived premise.

If you are attempting to preclude *anyone* that "touched Howard" from the Concussion Settlement, then why isn't the Shenaq law firm also being precluded? They are more tied to Howard & Associates than Collins & Truett can ever hope to be relating to the NFL Concussion Settlement. Your true intentions regarding this unending audit are in serious question. Are you really "protecting the integrity of the Settlement," or do you have other motivations?

Lastly, we do not appreciate the fact that you have unequivocally hacked our law firm email servers. In fact, we have spoken to other law firms who represent other retied NFL players in the Concussion Settlement, and they too have said the same thing; that BrownGreer has hacked their email. You *do* understand that that activity is illegal. Right? (I also know that one of your forthcoming questions to me is now going to be: "What other law firms have I spoken with regarding the Concussion Settlement, and the audit process?" I will save you time and let you know now that I do not recall).

Our recent Complaint seeking injunctive relief from the evidenced email hacking that you apparently, and frequently engage in with impunity is a lawsuit that is completely dis-related to the Concussion Settlement and does not fall under "exclusive jurisdiction" of the EDPA. You hacked our email. Period. The **reason why** you hacked our law firm email has absolutely no bearing on the fact that you hacked our law firm mail servers. This is a question of Constitutional ad State rights, not a question that falls, in any way shape or from, under the NFL Concussion Settlement. Immunity does not apply here. You are not immune from being caught hacking the private email server of a law firm. Nor, are you immune from fabricating evidence in order to create a narrative that provides you with a false basis to preclude highly qualified, honest, and hard-working individuals from partaking the Settlement; i.e., Sharon Delany. Lastly, under the Injunction, at long last, you are now not immune from answering our questions as they relate to your illegally hacking our law firm email server.

Even though you are "not sharing the Special Masters' Decision publicly *at this time*," we are most certainly sharing our Injunctive lawsuit against you, BrownGreer, and the Special Masters as publicly as possible within the upcoming days. We will take this evidence and the lawsuit to the highest court in the land if necessary. You have blatantly violated our Constitutional rights with impunity; under the false pretense that you (think) you are immune

from such illegal behavior. Please think again.

If myself, Collins & Truett law firm, and Sharon Delaney were actually attempting to deceive or defraud the Settlement process, then why would we be fighting so hard to ensure that our legal and Constitutional rights are not violated by your unending audit process? We are all prepared to fight to the death on your over-extension of this egregious ""special audit," because none of us has done anything improper, illegal, our even beyond the pale. None of us have anything to hide from anyone, and we are going above and beyond to ensure that <u>all</u> of our retired NFL clients are well cared for, continually communicated with, and that their claims and potential claims are processed properly through this law firm, and ultimately through the Claims process. Our focus is to legally and ethically act in the best interest of our clients. The excessive length of this "special audit," and your overly extended interpretation of the term "*detect and prevent*" as it pertains to Collins & Truett, also may be effectively violating the rights of our retired NFL clients. We do not take that lightly. If you review <u>all</u> of Collins & Truett's Concussion Claims submitted thus far, and <u>all</u> of the proposed Concussion Claims that we are preparing to submit as times goes by, you will see nothing less than **<u>integrity, proper preparation of claims, proper testing practices and procedures, proper communications with retired NFL clients, proper communications with BrownGreer as the Claims administrators, and 100%+ adherence to the Rules and intentions of the Settlement process.</u>** We give you an open invitation to speak with any one of our retired NFL clients to ask them how we are doing with their Concussion Claims, or potential Concussion Claims. You will find that my statement pertaining to the integrity and efforts we put forth with <u>every</u> retired NFL client, and <u>every</u> claim and potential claim is 100% true.

I ask again, are you attempting to preclude myself, Collins & Truett, and Sharon Delaney from the Claims process for the sake of "protecting the integrity of the Claims process," or do you have another motivation? We will soon find out.

I am available to speak with you at any time, 24/7. Mr. Collins will set a Zoom appointment with you for the end of July, as per your request.

Earnestly,

**N. Bruce Epstein**
**Litigation Specialist - Paralegal**
Collins & Truett Attorneys, P.A.
www.CollinsTruett.com
Email: Bruce@CollinsTruett.com



## Collins & Truett Attorneys, P.A.



8333 N.W. 53rd Street - Suite 450
Doral, Florida - 33166
(833) 4YOULAW

PLEASE NOTE: This message, including any attachments, may include privileged or confidential information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited. If you are not the intended recipient, please notify the sender by replying to this message and delete it from your system.

On Jun 28, 2021, at 4:41 PM, Roma Petkauskas <rpetkauskas@browngreer.com> wrote:

Mr. Epstein: the attached is Special Masters' Decision on the Report of Adverse Finding Regarding Howard & Associates, P.A., and Related Parties.  This Decision is confidential to you as a recipient; it is not being shared publicly at this time.

Let me know if you have any questions.

Thank you.
Roma

**Roma Petkauskas**
**BROWNGREER PLC**
250 Rocketts Way
Richmond, Virginia 23231
Telephone:  (804) 521-7218
Facsimile: (804) 521-7299
www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

<Howard SM Rule 27 Decision.pdf>