**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | ) ) )  No. 2:12-md-2323-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) )  MDL No. 2323 ) ) ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF SPECIAL MASTERS PRITCHETT, VERRIER, AND HOFFMAN'S MOTION TO ENJOIN FLORIDA ACTION PURSUANT TO ALL WRITS ACT**

Special Masters Wendell E. Pritchett, Jo-Ann M. Verrier and David Hoffman ("the Special Masters") hereby respectfully move the Court to enjoin an action filed by Collins & Truett Attorneys, P.A. (a firm that represents class members in this Eastern District of Pennsylvania matter) ("Collins & Truett") on June 17, 2021 in the Circuit Court for the Second Judicial District, in and for Leon County, Florida, which has been removed to the U.S. District Court for the Northern District of Florida, No. 4:21-cv-00286-RH-MAF (the "Florida action"). Because the Florida action seeks an injunction "protecting" certain documents from discovery and use in an audit process expressly approved by this Court, thereby threatening the orderly administration of the NFL Settlement ("the Settlement"), and for additional reasons stated below, the Special Masters hereby respectfully move this Court for an injunction of the Florida action.

**I.    BACKGROUND**

On January 22, 2021, pursuant to the Rules Governing the Audit of Claims, the Special Masters authorized an audit of certain pending Monetary Award claims, including certain claims brought on behalf of current Collins & Truett clients. On June 22, 2021, the Special Masters

ruled that additional investigation of Collins & Truett by the Claims Administrator was warranted. That investigation is ongoing.

Collins & Truett seeks an injunction in the Florida action that purportedly would shield certain documents from use in the ongoing audit process. The crux of the factual allegations in the Florida action is that Collins & Truett's email servers were hacked, attorney-client privileged documents and work product documents were thereby nefariously obtained, and the Special Masters did not properly ensure that no such actions would take place.[1] *See* <u>Exhibit A</u>, Florida Action Complaint. Put another way, the Florida action calls into question the integrity of the Settlement's audit process and the mechanism through which audit materials were obtained by those empowered to administer, oversee and effectuate the Settlement.

## II.     APPLICABLE SETTLEMENT AND ORDER PROVISIONS

Under the provisions of the Settlement Agreement and the Court's April 22, 2015, Final Order and Judgment approving the Settlement, this Court was vested with exclusive jurisdiction and authority over the Parties, their counsel and the Special Masters, as well as the interpretation, implementation, administration, and enforcement of the Settlement Agreement. Section 27.1 of the Settlement Agreement provides in relevant part:

> Pursuant to the Final Order and Judgment, ***the Court will retain continuing and exclusive jurisdiction over the Parties and their counsel,*** all Settlement Class Members**, *the Special Master*,** BAP Administrator, Claims Administrator, Liens Resolution Administrator, Appeals Advisory Panel, Appeals Advisory Panel Consultants, and Trustee with respect to the terms of the Settlement Agreement. ***Any disputes or controversies arising out of, or related to, the interpretation, implementation,***

---

[1] While not germane to the instant matter, the Special Masters unequivocally deny any alleged wrongdoing described in the Florida action complaint.

> *administration, and enforcement of this Settlement Agreement will be made by motion to the Court.*

(emphasis added). Further, Paragraph 16 of the Court's April 22, 2015, Final Order and Judgment approving the Settlement provides much the same authority:

> *The Court retains continuing and exclusive jurisdiction over this action including jurisdiction over the Parties and their counsel*, all Settlement Class Members, *the Special Master*, BAP Administrator, Claims Administrator, Lien Resolution Administrator, Appeals Advisory Panel, Appeals Advisory Panel Consultants, and Trustee. In accordance with the terms of the Settlement Agreement, *the Court retains continuing and exclusive jurisdiction to interpret, implement, administer and enforce the Settlement Agreement, and to implement and complete the claims administration and distribution process*.

(emphasis added). With the filing of the Florida action, the Court's clearly-stated autonomy over the Settlement and key participants in the Settlement process is threatened and its jurisdiction challenged.

## III.    ARGUMENT

### The Court Should Enjoin the Florida Action Pursuant To the Authority Vested in It by the All Writs Act Because the Florida Action Threatens To Undermine the Court's Jurisdiction

The All Writs Act vests this Court with the authority to take necessary action to protect its jurisdiction. 28 U.S.C. § 1651(a) ("[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."). The All Writs Act has routinely been interpreted as barring actions that, if allowed to proceed, would undermine federal court jurisdiction and frustrate orders issued by the federal courts. *See, e.g.*, *Medical Ass'n v. Wellpoint, Inc.*, 756 F.3d 1222, 1233 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1481 (2015) (district court enjoined and held in contempt members of settlement class who renewed claims in another district court, finding that "[f]ederal

3

courts may invoke the authority conferred by the All Writs Act to enjoin parties from prosecuting separate litigation to protect the integrity of a judgment entered in a class action and to avoid relitigation of issues resolved by a class action."); *White v. National Football League*, 41 F.3d 402, 409 (8th Cir. 1994) *cert. denied*, 515 U.S. 1137 (1995) (abrogated on other grounds, *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997)) ("While the All-Writs Act is not an independent grant of jurisdiction, the ability to facilitate the present settlement by enjoining related suits of absent class members is ancillary to jurisdiction over the class action itself."); *In re Managed Care Litig.*, 430 F. Supp. 2d 1336, 1343 (S.D. Fla. 2002) (MDL court enjoined defendant from proceeding with settlement in another federal district court, finding the injunction "necessary from the standpoint of the proper administration of justice" because "the JPML vested in this Court the authority to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims"); *In re Fraser*, 75 F. Supp. 2d 572, 577 (E.D. Tex. 1999) (court properly enjoined further proceedings in federal or state court following settlement and found that purported state law claims were inextricably intertwined with issues previously decided by federal court and therefore were subject to continuing jurisdiction of federal court and violated prohibition against litigation of "related issues in any other court"); *Alabama v. U.S. Army Corps of Eng'rs,* 424 F.3d 1117, 1132 (11th Cir. 2005) ("The All Writs Act confers on courts 'extraordinary powers' that are 'firmly circumscribed.'") (quoting *ITT Cmty. Dev. Corp. v. Barton,* 569 F.2d 1351, 1358 (5th Cir. 1978)).

    Even more critical, complex settlements in their later stages implicate concerns that separate actions related to the matter being settled can frustrate the enormous amount of time and resources that went into the settlement.  *See, e.g.*, *Stewart v. Samsung Elecs. Am., Inc.*, 2011 U.S. Dist. LEXIS 174912, at *8 (D.N.J. Sep. 14, 2011) ("when [] an [All Writs Act] injunction is

granted 'it is typically because a party was deliberately using [another federal court] to circumvent a pending settlement agreement in the enjoining court.'") (quoting *Grider v. Keystone Health Plan*, 500 F.3d 322, 330 (3d Cir. 2007)); *Liles v. Del Campo,* 350 F.3d 742, 746 (8th Cir. 2003) ("Injunctions [under All Writs Act] of related proceedings in other federal courts are appropriate when necessary for adjudication or settlement of a case."). The parallels between settlement negotiations in a complex matter being underway and the mammoth undertaking of presiding over the NFL Settlement are undeniable, and the concerns the *Stewart*, *Liles* and *Grider* courts discussed apply with equal force here.

Here, the Court has ordered that it shall have exclusive jurisdiction over counsel involved in the Settlement, including Collins & Truett, as well as jurisdiction over all matters impacting the Settlement, a category to which the audit at issue in the Florida action undoubtedly belongs. The Third Circuit has affirmed the Court's complete authority over the Settlement process as set forth in the above-cited Order, which incorporates the full Settlement Agreement, and noted the Court's ability to invoke the Act to "enforce its orders." *In Re: National Football League Players' Concussion Injury Litigation,* 923 F.3d 96, 108-09 (3rd Cir. 2019) ("the District Court retained broad jurisdiction to administer the settlement and resolve issues relating to it.").[2]

The Florida action stands as a barrier to this Court's efficient administration of the Settlement, and the Court should invoke the All Writs Act to enjoin it from proceeding further.

---

[2] In addition to the Court's exclusive jurisdiction over all matters concerning the NFL Settlement, Florida courts lack personal jurisdiction over the Special Masters, none of whom is alleged to be a Florida resident and none of whom is alleged to have engaged in any act or omission in, or aimed at, Florida.

## IV.     CONCLUSION

Accordingly, Special Masters Pritchett, Verrier, and Hoffman respectfully request that the Court enjoin the Florida action and issue such other relief as it deems just and appropriate.

Respectfully submitted,

/s/ *Dennis R. Suplee*
Dennis R. Suplee (I.D. No. 03336)
Theresa E. Loscalzo (I.D. No. 52031)
Lee C. Schmeer (I.D. No. 318849)
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103
Telephone: (215) 751-2068
Facsimile: (215) 751-2205
dsuplee@schnader.com
tloscalzo@schnader.com
lschmeer@schnader.com
*Counsel for Wendell E. Pritchett, Jo-Ann M. Verrier, and David Hoffman*

Dated: July 14, 2021