# EXHIBIT A

Filing # 128973134 E-Filed 06/17/2021 02:31:25 PM



IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

COLLINS & TRUETT ATTORNEYS, P.A.,

     Plaintiffs,

v.

ROMA PETKAUSKAS, in her individual
and official capacity, and BROWNGREER,
PLC, a Virginia for profit corporation,
SPECIAL MASTERS, PERRY GOLKIN,
WENDELLE E. PRITCHETT, JO-ANN M.
VERRIER, LAWRENCE F. STENGEL, and
DAVID HOFFMAN, and HML GROUP
LLC,

     Defendants.

CASE NO.: 2021-CA-001049

JUDGE: Angela C. Dempsey

## SUMMONS

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**
YOU ARE COMMANDED to serve this summons and a copy of the complaint in this action on defendant:

**BROWNGREER, PLC**
250 Rocketts Way
Richmond, VA 23231

REGISTERED AGENT:
**Orran L. Brown**
250 Rocketts Way
Richmond, VA 23231

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney whose name and address is:

**Richard Collins**
Collins & Truett Attorneys, P.A.
113 South Monroe Street
Tallahassee, FL 32301
(850) 765-5798
Dick@CollinsTruett.com

Within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on _____.



**Gwen Marshall**
Clerk of Circuit Court

By _Ham Bu_                    ·06/17/2021

Deputy Clerk

Civil Division
Leon County Courthouse
301 S. Monroe St. – Tallahassee, Florida 32301
Phone (850) 606-4000 – Fax (850) 606-4179

Filing # 128970716 E-Filed 06/17/2021 02:15:30 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA

COLLINS & TRUETT ATTORNEYS, P.A.,

     Plaintiff,

v.                                        CASE NO.: 2021-CA-001049
                                     JUDGE ANGELA DEMPSEY

ROMA PETKAUSKAS, in her individual
and official capacity, and BROWNGREER,
PLC, a Virginia for profit corporation, SPECIAL
MASTERS, PERRY GOLKIN, WENDELLE E.
PRITCHETT, JO-ANN M. VERRIER, LAWRENCE
F. STENGEL, and DAVID HOFFMAN, and
HML GROUP LLC,

     Defendants.

_____/

## **COMPLAINT FOR TEMPORARY AND PERMANENT INJUNCTION**

**COMES NOW** Plaintiff, COLLINS & TRUETT ATTORNEYS, P.A.,

("COLLINS FIRM") through undersigned counsel, pursuant to Florida Rule of

Professional Conduct 4-1.6,[1] Florida Rule of Civil Procedure 1.610, and

1.280(b)(3), Florida Rules of Evidence § 90.502, Federal Rule of Civil Procedure

45, § 934.21, Florida Statutes, and 18 U.S.C. section 2701(a) (unlawful access to

---

[1] Defendants are licensed attorneys under the obligations of the Virginia, New York, and Pennsylvania Bar Rules of Professional Conduct, which have parallel rules of professional conduct that Defendants are required to protect and are violating.

stored communications),[2] and hereby requests a Temporary and Permanent Injunction protecting not discoverable attorney work product privilege documents and communication from invasion and use by ROMA PETKAUSKAS, an employee of BROWNGREER, PLC, in her individual and official capacity, from invasion and use by BROWNGREER, PLC, a Virginia for profit corporation, and known tacit approval and participation by SPECIAL MASTERS PERRY GOLKIN, WENDELLE E. RITCHETT, JO-ANN M. VERRIER, SUSAN M. LIN, LAWRENCE F. STENGEL, DAVID HOFFMAN, and HML GROUP, LLC.

Plaintiff did not want to file this injunction, but upon informing Defendants of the violations and requesting an explanation, has received no response from the Defendants as to their violations of protected attorney work product and attorney client communications.  As a result, Plaintiff is required to file this Complaint for Temporary and Permanent Injunction in order to protect attorney work product and attorney client communications from illegal acquisition and usage as he is required to do under applicable Florida and Federal statutes and applicable Rules of Professional Conduct.  As grounds therefore, COLLINS FIRM states:

---

[2] 18 U.S.C. § 2701(a), provides, Except as provided in subsection (c) of this section whoever—(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished (felony) as provided in subsection (b) of this section.

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff, COLLINS FIRM, is a Florida law firm, located at 113 S. Monroe Street, Tallahassee, Florida 32301, with Richard B. Collins as senior partner and former Bar president (TBA, FDLA, ABPLA), having practiced law since 1973.

2.      Defendant, ROMA PETKAUSKAS, is a Virginia lawyer that works for Defendant, BROWNGREER, PLC, a Virginia law firm and for profit company at 250 Rocketts Way, Richmond, Virginia 23231, as an auditor.

3.      Defendants SPECIAL MASTERS are Pennsylvania and New York lawyers, including PERRY GOLKIN, 500 Park Ave 4th FL, New York, NY 10022; WENDELLE E. RITCHETT, University of Pennsylvania Law School, 1901 Walnut Street, Apt. 16C, Philadelphia, PA 10103; JO-ANN M. VERRIER, 3501 Sansom Street, Philadelphia PA 19104; SUSAN M. LIN, Kairys Rudovsky Messing Feinberg & Lin, LLP, The Cast Iron Building, 718 Arch St, Suite 501 South, Philadelphia, PA 19106; Honorable LAWRENCE F. STENGEL, Saxton & Stump, 280 Granite Run Drive, Suite 300, Lancaster, PA 17601, DAVID HOFFMAN, University of Pennsylvania Law School, 3501 Sansom St., Philadelphia, PA 19104; and HML GROUP, LLC, 727 Shropshire Drive, West Chester, PA, 19382, work for the Court and with Defendants Attorney ROMA PETKAUSKAS and BROWNGREER law firm.

3

4.       Defendants Attorney ROMA PETKAUSKAS and BROWNGREER

law firm, as supervised and monitored by SPECIAL MASTERS, have apparent

access to COLLINS FIRM'S attorney work product emails and email server that is

not authorized by the COLLINS FIRM, nor by Federal Rule of Civil Procedure 45;

nor Rule 10 of the Rules Governing the Audit of Claims as found in the NFL

Concussion Settlement; nor by Rule 1.280(b) and (c), Florida Rules of Civil

Procedure; nor by Rule 4-1.6, Florida Rules of Professional Conduct; nor by

Florida Rule of Evidence §90.502, and are in violation of § 934.21, Florida

Criminal Statutes and Federal Criminal Code 18 U.S.C. § 2701(a).

5.       Pursuant to Florida Rule of Civil Procedure 1.610 and 1.280(b) and

(c), Florida Rules of Professional Conduct 4-1.6, Florida Rule of Evidence

§90.502, Federal Rule of Civil Procedure 45, § 934.21, Florida Statutes and

Federal Criminal Code 18 U.S.C. § 2701(a), COLLINS FIRM is seeking to enjoin

Defendants from access to attorney work product and attorney-client

communications found in its emails and email server.

6.       Plaintiff has offices in the Second Judicial Circuit in and for Leon

County, Florida, its primary office, and is requesting injunctive relief pursuant to

Florida Rules of Civil Procedure before the Court in the Second Judicial Circuit in

and for Leon County, Florida.  Therefore, jurisdiction is appropriate in this venue.

**FACTS**

4

7.      Attorney ROMA PETKAUSKAS is a Virginia attorney and auditor for BROWNGREER, PLC, and works under the authority and supervision of the SPECIAL MASTERS and has been tasked with civil audits of NFL Claims pursuant to the Rules Governing the Audit of Claims as found in the NFL Concussion Settlement, and Federal Rule of Civil Procedure 45, on behalf of the Federal Court Judge Honorable Anita Brody in the case of *In Re: National Football League Players' Concussion Injury Litigation*, Case No.: 2:12-md-02323-AB MDL-2323 (E.D. PA.).

8.      As part of attorney ROMA PETKAUSKAS' civil investigative audits, pursuant to Rule 10 of the Rules Governing the Audit of Claims as found in the NFL Concussion Settlement, under the authority of Federal Rule of Civil Procedure 45, subpoena power, she regularly requests answers to information requests to individuals and law firms to determine validity of various NFL Claims submissions.

9.      As part of attorney ROMA PETKAUSKAS' civil investigative process, the Federal Rule of Civil Procedure 45 subpoena questions, discussed in paragraph 14, *supra*, presented by attorney ROMA PETKAUSKAS to the COLLINS FIRM demonstrate criminal violations and an unauthorized breach of protected attorney-client communications and attorney work product privileged documents that has not been sought, requested or waived.

10.    There was no subpoena nor request for access to these privileged and protected matters and records.  Nor was there an opportunity to protect this information by filing a motion to quash or modify the subpoena, and a hearing and ruling by the Court, as is required under Federal Rule of Civil Procedure 45(d)(3)(A)(iii), Protecting a Person Subject to A Subpoena; Enforcement, Quashing or Modifying a Subpoena.

11.    Attorney ROMA PETKAUSKAS submitted questions concerning a non-existent email address that has no recipient and was copied to only non-NFL claims related clients, co-counsel, and staff for the COLLINS FIRM.

12.    Attorney ROMA PETKAUSKAS questions demonstrate an intentional, unauthorized, illegal and criminal security breach of Electronic Communications Service (ECS) undertaken by the auditors, and/or related parties, which violate Federal and Florida privacy laws, Federal Rule of Civil Procedure 45, Florida Rule of Civil Procedure 1.280, Florida Rule of Evidence § 90.502, Florida Rules of Professional Conduct 4-1.6, and criminal statutes, including but not limited to § 934.21, Florida Statutes, and 18 U.S.C. § 2701(a), and the known protections afforded attorney work product and attorney-client communications. Further, the COLLINS FIRM has not and is not waiving any legal rights to privacy or attorney-client privilege and attorney work product, or its rights under Federal Rule of Civil Procedure 45(D)(3)(iii), Florida Rule of Civil Procedure 1.280, or

6

Florida Rule of Evidence § 90.502, or Florida Rules of Professional Conduct 4-1.6, in response to these questions.

13.     Attorney ROMA PETKAUSKAS on April 19, 2021, under the authority of Federal Rule of Civil Procedure 45 subpoena, asked questions about a non-existent email address that was inadvertently used only a few times and never received by any party that had any relation to any NFL claim.  Exhibit A, Copy of Attorney ROMA PETKAUSKAS' April 19, 2021, forwarded email to COLLINS FIRM.  Note, this April 19, 2021, email from attorney ROMA PEKAUSKAS has been inexplicably removed from COLLINS FIRM server and incoming emails. Fortunately, attorney ROMA PEKAUSKAS' incoming email was forwarded, and a copy is contained in Exhibit A.

14.     Attorney ROMA PETKAUSKAS was specifically asked:

> how this civil investigation is illegally obtaining the aforementioned
> confidential privileged information. It is impossible for an anonymous
> tipster (or anyone on Earth) to provide the auditors with the type of
> protected information that they have presented in their line of questioning,
> save for the auditors illegally breaching our protected and secure email
> servers, or a related entity or agent thereof illegally providing the auditors
> with such information.

Exhibit B, April 22, 2021, Letter to Attorney ROMA PETKAUSKAS.  It is now 51 days since the information was requested, and no response has been given.

15.     Attorney ROMA PETKAUSKAS was informed by the COLLINS FIRM through Richard B. Collins that:

7

When I did use this email address in error, neither the subject matter nor any proposed recipients had anything to do with, or are related to NFL matters. <u>But, by virtue of the fact that you have an awareness of this non-existent email address inadvertently used by me for communications a few times, having nothing to do with NFL matters, we conclude that you now have access to our in-house email servers</u>. The honest thing to do would be to inform us of this intentional security breach. There is no other logical deduction that we can draw from this question #12, except for the fact that you have illegal access to our law firm's outgoing emails.

*Id.* It is now 51 days since the information was requested, and no response has been given.

16.    Attorney ROMA PETKAUSKAS, law firm BROWNGREER, PLC, and SPECIAL MASTERS, as attorneys, and their agents, HML GROUP, LLC, have ongoing illegal access to and use of COLLINS FIRM emails and email servers as an ECS, and is criminal conduct, as found in § 934.21, Florida Statutes, and 18 U.S.C. § 2701(a), Unlawful Access to Stored Communications; Penalties (including felony).  The emails and email servers as an ECS, are replete with protected attorney work product and attorney-client privileged communications, and there is no apparent remedy within Rule 10 of the Rules Governing the Audit of Claims, as no party receives notice of these intentional, illegal and criminal breaches.

17.    The SPECIAL MASTERS as attorneys licensed in New York and Pennsylvania, have ongoing oversight and supervision of attorney ROMA PETKAUSKAS and law firm BROWNGREER, PLC, have hired HML GROUP

LLC, with a leadership team of former FBI agents and ties to the FBI, to assist them, and have not instructed them not to invade attorney work product privilege nor attorney client communication privilege documents and correspondence, including emails and email servers of COLLINS FIRM, and other law firms, that necessarily contain protected attorney work product and attorney-client privileged communications. They have failed to supervise to ensure that auditors and investigators do not engage in criminal conduct.

18.     Moreover, upon information and belief, law enforcement is violating their legal and professional obligations "not" to share confidential or protected criminal investigative information that has not received a waiver of protection privileges by COLLINS FIRM in a civil or criminal proceeding, in a civil proceeding with attorney ROMA PETKAUSKUS, and Defendants. Law enforcement is not authorized to share confidential privileged investigative materials obtained from a confidential criminal search warrant with Defendants in a civil context as this is prohibited by law, under 5 U.S.C. § 552a, and as cited above, yet appears to be doing so.

19.     This unbridled, illegal and criminal abuse of discovery by Defendants, as lawyers, and by their agents, such as HML GROUP, LLC, and their receipt of illegal information due to their ties to the FBI, as well as known violations of Federal and Florida Rules of Civil Procedure, Florida and Federal criminal law,

9

and Florida, Virginia, New York, and Pennsylvania Rules of Professional Conduct, while engaging in direct or tacit support of criminal conduct, cannot be countenanced.

20.     As United States Attorney Robert Jackson observed: "While the prosecutor at his best is one of the most beneficent forces in our society, when he acts from malice or other base motives, he is one of the worst." The base motives of abuse and harassment involved in the auditors and Special Masters' prosecution to deny NFL claims, and criminal conduct in hacking emails and email servers, accomplishing nothing but tarnishing the reputation of Judge Brody's delegation to auditors and Special Masters with whom she has placed her trust, and the needless and trivial-based delay of NFL claims.

## COUNT I
## TEMPORARY AND PERMANENT INJUNCTION

21.     Plaintiff realleges and incorporates paragraphs 1 through 20, as if fully restated herein, and alleges:

22.     It is clear that immediate and irreparable injury, loss and damage from the violations of attorney work product privilege and attorney-client communication privilege is and will continue to take place if a temporary and permanent injunction is not granted.

23.     Attorney work product and attorney-client communications privilege is established in Florida law and discussed in Florida Rule of Civil Procedure

10

1.280 (b), and protects privileged documents and communications, including but not limited to emails, communications, investigative materials, reports, information gathered by attorneys or employees, memoranda, documents related to potential theories of liability, factual summaries and billing records.

24.     Florida Rule of Civil Procedure 1.610 permits the granting of a temporary and permanent injunction.

25.     No bond is required as there is no potential economic harm to Defendants that would justify the need for a bond, as all that is requested is to not invade protected information, not to engage in illegal and criminal conduct, which as lawyers, the Defendants should and do know that they are not to violate Federal and Florida Rules of Civil Procedure, and illegally and criminally invade protected information.

WHEREFORE COLLINS FIRM hereby requests an injunction staying any further access to or use of emails or email server, and disclosure of the source of this breach so that the COLLINS FIRM can act to protect its attorney work product privilege and attorney client communications privilege documents and communications, including but not limited to:

1.     For general damages and any damage permitted by Florida law to be awarded to the COLLINS FIRM for a breach of its attorney work product privilege and attorney-client communications privilege as found in its ECS and emails;

2.     For attorney's fees and costs in having to bring this action;

3.     For protection of any other Florida law firm, or any other law firm in the United States, from Defendants' breach of law firm attorney work product privileged and attorney-client communications privilege as found in their documents, ECS, and emails, and violations of the Federal and Florida Rules of Civil Procedure, and rights to privacy; and

4.     For such other and further relief as the Court deems just and proper.

Respectfully submitted on this 14th Day of June 2021.

/s/ Richard Collins
Florida Bar No. 161195
Collins & Truett Attorneys, P.A.
113 S. Monroe Street
Tallahassee, Florida  32301
Telephone: (833) 496-8529
E-Mail: Dick@CollinsTruett.com

# EXHIBIT A

 Gmail

Dick Collins <dick@collinstruett.com>

## Fwd: Richard Collins - Response to NFL Audit Inquiry

<dick@collinstruett.com>                                    Mon, Apr 19, 2021 at 1:40 PM

To: ████████████████

*Richard B. (Dick) Collins*
Richard B. Collins
Collins & Truett Attorneys, P.A.
1415 East Piedmont Dr.
Tallahassee, Fl 32308
www.CollinsTruett.com
Email: Dick@CollinsTruett.com
(850) 765-5798   Mail Line
(850) 216-2537   FAX



Collins & Truett Attorneys, P.A.



8333 N.W. 53rd Street
Suite 450
Doral, Florida – 33166
(833) 4YOULAW

PLEASE NOTE: This message, including any attachments, may include privileged
or confidential information. Any distribution or use of this communication by
anyone other than the intended recipient(s) is strictly prohibited. If you are
not the intended recipient, please notify the sender by replying to this message and delete
it from your system.

Begin forwarded message:

**From:** Roma Petkauskas <rpetkauskas@browngreer.com>
**Subject: RE: Richard Collins - Response to NFL Audit Inquiry**
**Date:** April 19, 2021 at 12:15:57 PM EDT
**To:** Dick Collins <dick@collinstruett.com>

Mr. Collins:

We have some follow-up questions for you and ask that you respond by **4/29/21.** The "you" in all
questions means each lawyer or representative, employee or agent of a lawyer or law firm involved in the
Monetary Awards you or your firm has submitted.

Your complete, honest responses will help us to move forward with this matter and we thank you in
advance for your cooperation. We appreciate any additional information you can provide to help answer
our questions and provide context surrounding your firm's representation of players in this Program.

As a reminder, Pursuant to Rule 10 of the Rules Governing the Audit of Claims adopted by the Special
Masters appointed by the federal court overseeing this Settlement, any request for information from us
has the force and effect of a subpoena under Rule 45 of the Federal Rules of Civil Procedure. You must
respond to these questions and provide all information and documents requested in detail. If you do not
understand a question for some reason, then contact us and we will explain. The Monetary Award claims
subject to this Audit investigation will be held until complete information and documents are provided.
Objections and incomplete answers can lead to the denial of the claims.

This request is confidential. Except for your own lawyer, you may not discuss this request with any other
parties, including third party witnesses and medical examiners, unless necessary to provide complete
answers. Additionally, pursuant to Audit Rule 9, you must preserve all information and records related to
the claims from the Retired NFL Football Players you represent.

Here are our questions:



12.  Who is █████@collinstruett.com?  Provide this individual's name and contact information, as well as his relationship or position with Collins & Truett.

15.  Did anyone help you prepare the answers to these questions?  Who was it?  How did they help?  Thank you.
Roma

# EXHIBIT B

4/22/21

**COLLINS & TRUETT, P.A.**
ATTORNEYS AT LAW
8333 N.W. 53rd Street
Doral, Florida. 33166
(833) 496-5798 - Dick@CollinsTruett.com

Mrs. Petkauskas,

Thank you for your continued work to ensure the integrity of the NFL Claims process. We will continue to provide prompt and truthful answers to the best of our ability to any and all questions inquiring about non-privileged attorney-client and attorney work product matters. We are formally asking you what <u>specific claim submission from Collins & Truett</u> this general audit pertains to, and what is the concern with that specific claim, or claims? From review of the audit rules, it is clear that audits must be claim-based. Any delay arising from this general audit is causing harm to the retired NFL players that are our clients.

As part of this civil investigative process the questions presented by the auditor clearly demonstrate an unauthorized breach of protected attorney-client communications and attorney work product privileged documents; in so far as your addressing a non-existent email address that has no recipient (See question 12 below), and an email used by a client for his cases (See question 13 below), etc. These questions, et.al., unequivocally demonstrate an illegal security breach undertaken by the auditors, and/or related parties, which violate federal and Florida privacy laws. Further, this law firm has not and is not waiving any legal rights to privacy or attorney-client and attorney work product privileges in response to these questions.

As part of our mutual accountability, this firm respectfully requests similar truthful and accurate information from the auditor as to how this civil investigation is illegally obtaining the aforementioned confidential privileged information. It is impossible for an anonymous tipster (or anyone on Earth) to provide the auditors with the type of protected information that they have presented in their line of questioning, save for the auditors illegally breaching our protected and secure email servers, or a related entity or agent thereof illegally providing the auditors with such information. Note, it is a federal and Florida civil and criminal violation to invade the privacy of these privileged private communications in a civil proceeding. It is also a criminal violation for any criminal investigators to share privileged private communications with a civil investigation. We are requesting to know the source of these very evident civil and criminal violations.



**COLLINS & TRUETT, P.A.**
ATTORNEYS AT LAW
8333 N.W. 53rd Street
Doral, Florida. 33166
(833) 496-5798 - Dick@CollinsTruett.com





**COLLINS & TRUETT, P.A.**
ATTORNEYS AT LAW
8333 N.W. 53rd Street
Doral, Florida. 33166
(833) 496-5798 - Dick@CollinsTruett.com





### COLLINS & TRUETT, P.A.
ATTORNEYS AT LAW
8333 N.W. 53rd Street
Doral, Florida. 33166
(833) 496-5798 - Dick@CollinsTruett.com





## COLLINS & TRUETT, P.A.
### ATTORNEYS AT LAW
8333 N.W. 53rd Street
Doral, Florida. 33166
(833) 496-5798 - Dick@CollinsTruett.com





COLLINS & TRUETT, P.A.
ATTORNEYS AT LAW
8333 N.W. 53rd Street
Doral, Florida. 33166
(833) 496-5798 - Dick@CollinsTruett.com

████████████████████████████████████████
████████████████████████████████████████
███████████████████████

12.    Who is ██@collinstruett.com?  Provide this individual's name and contact information, as well as his relationship or position with Collins & Truett.

The "██@collinstruett.com" email address you speak of does not exist, nor has it ever existed. There is no ██ at Collins & Truett. In communications with ████████ about the prior referenced cases (see my 3/18/21 response to the auditors, excerpted below), I must have inadvertently typed in ██@collinstruett.com at some point in the past. I am 72 years old, and admittedly have technology challenges. Since I erroneously typed that email in one time it now automatically shows up on my email every time I type the letters '██." Apparently, this non-existent email address ██@collinstruett.com automatically populates in the recipient line now, and I must not have caught it.

As addressed at the beginning of this response, I have observed that I erroneously used this non-existent email address a very few times, and that no one ever received those emails (because ██@collinstruett.com does not exist). When I did use this email address in error, neither the subject matter nor any proposed recipients had anything to do with, or are related to NFL matters. But, by virtue of the fact that you have an awareness of this non-existent email address inadvertently used by me for communications a few times, having nothing to do with NFL matters, we conclude that you now have access to our in-house email servers. The honest thing to do would be to inform us of this intentional security breach. There is no other logical deduction that we can draw from this question #12, except for the fact that you have illegal access to our law firm's outgoing emails. A court of law would assuredly agree. Again, ██@collinstruett.com is a non-existent email address, subsequently with no possible recipients. The only way the auditors would have knowledge to inquire about such a non-existent email address with no possible recipients is that they, related parties, or their agents have illegally gained or transmitted access to our law firm emails. We are looking into the legality of this type of security breach by the NFL Claims Administrator Auditors, the NFL, Special Masters, and/or other related entities and agencies as related to a civil investigation. We are preparing to prosecute and draft requests for discovery.

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████



## COLLINS & TRUETT, P.A.
ATTORNEYS AT LAW
8333 N.W. 53rd Street
Doral, Florida. 33166
(833) 496-5798 - Dick@CollinsTruett.com

