# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody**<br><br>Civ. Action No. 14-00029-AB |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>            Plaintiffs,<br><br>                    v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>            Defendants. | |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

### DECLARATION OF CHRISTOPHER A. SEEGER IN RESPONSE TO THRIVEST'S MOTION TO AMEND RULES GOVERNING PAYMENT OF CLAIMS INVOLVING THIRD-PARTY FUNDERS

CHRISTOPHER A. SEEGER declares, pursuant to 28 U.S.C. § 1746, the following:

1.  I am a founding member of the law firm of Seeger Weiss LLP and was appointed by the Court in 2012 as a member of the Plaintiffs' Executive Committee and thereafter to serve as Plaintiffs' Co-Lead Counsel (ECF Nos. 64, 72). I was the principal negotiator and architect of the Class Action Settlement dated June 25, 2014, between the Class Plaintiffs and Defendants National Football League and NFL Properties LLC (ECF No. 6073-2), which was preliminarily

approved on July 7, 2014 (ECF No. 6084, ¶ 3(b)), amended as of February 13, 2015 (ECF No. 6481-1), and finally approved by the Court on April 22, 2015 (ECF Nos. 6509-10).  Upon these approvals, I was appointed to serve and later confirmed to serve as Co-Lead Class Counsel.  ECF No. 6534 at 3 (¶ 6).  On May 24, 2019, the Court appointed me as sole Class Counsel.  ECF No. 10624 at 2.

2. I make this Declaration in response to Thrivest's Motion to Amend Rules Governing Payment of Claims Involving Third-Party Funders (ECF No. 11422).  The statements in this Declaration are based on my personal knowledge or my review of files and records maintained by my firm.

3. Soon after the Court entered its December 8, 2017 Order ("Assignment Order") (ECF No. 9517) declaring any funding agreement that was an assignment was void *ab initio* under Section 30.1 of the Settlement Agreement, the Claims Administrator established a process to review funding agreements entered into by Settlement Class Members and determine, in consultation with the Special Masers, whether each funding agreement was a prohibited assignment.  In the case of a prohibited assignment, the Claims Administrator would issue a notice to the Player, advising him of the determination and his rights.  Later, a Resolution Protocol was established, whereby willing funders and Settlement Class Members could resolve any claims for payment of disputed funding agreements, with an appropriate payment being made directly to the funder from the Monetary Award.  *See* https://www.nflconcussionsettlement.com/Docs/third_party_funding_resolution_protocol_rules.pdf (last visited July 16, 2021).  These procedures were codified in the Rules Governing Assignments that were first promulgated, with approval of the Special Masters on February 22, 218, and were amended on May 13, 2019 after the Third Circuit's April 26, 2019 decision regarding the appeals taken by several third-party funders,

including Thrivest. *See In re Nat'l Football League Players' Concussion Injury Litig.*, 923 F.3d 96 (3d Cir. 2019).

4. A striking fact arising from the Claims Administrator's review of funding agreements – there were many such agreements, most of which were prohibited assignments of Monetary Awards – is that the affected Retired NFL Football Players ("Players") were typically represented by individual counsel who either had failed in their basic diligence to review the Settlement Agreement (including the prohibition on assignments under Section 30.1) for their client or were themselves complicit in the purchase of putative assignments of their clients' claims. In either event, such counsel did not seek to void a prohibited funding agreement if the funder pursued collection efforts in arbitration. *See* ECF No. 10652.

5. On September 27, 2019, during the pendency of the Petition for Writ of Mandamus filed by Thrivest,[1] the Court directed that the Claims Administrator review the existing rules and propose "streamlined and concise" Rules. ECF No. 10858. Under the new "streamlined and concise" Rules Governing Payment of Claims Involving Third-Party Funders, which were issued on March 19, 2020, absolutely no review is made of funding agreements by the Claims Administrator, and Players no longer receive the resulting notice of the rights they might enjoy under Section 30.1 of the Settlement Agreement.

---

[1] Thrivest filed that petition on September 20, 2019, asserting that the Court was not in compliance with the Third Circuit's April 26, 2019, requiring individualized review of funding agreements to determine whether they were, in fact, improper assignments. *See In re Thrivest Specialty Funding, LLC*, No. 19-3149 (3d Cir. filed Sept. 20, 2019) (copy filed by Thrivest in this Court at ECF No. 10843-1). Acting as respondents on behalf of the Court, Class Counsel and the Claims Administrator opposed Thrivest's Petition for Writ of Mandamus. Attached hereto as Exhibit A is a true copy of Class Counsel's Answer to Petitioner Thrivest Specialty Funding LLC's Petition for Writ of Mandamus. Attached hereto as Exhibit B is a true copy of the Claims Administrator's Answer to Petitioner Thrivest Specialty Funding LLC's Petition for Writ of Mandamus.

6. Players, however, are still offered some remaining protections under these Rules. Because there is no initial determination made as to the nature of any particular funding agreement, whenever a Player informs the Claims Administrator about the existence of a third-party funding agreement of any kind (and the Resolution Protocol is not pursued), payment of a Monetary Award is made directly to the Player. The Rules make clear, however, in two places – boldly and with capital letters – that such payment in no way reflects the discharge or satisfaction of any obligations a Player may have under his funding agreement. *See* Rule 1 and Title III preamble.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 19th day of July, 2021

*/s/ Christopher A. Seeger*
CHRISTOPHER A. SEEGER
*Class Counsel*
