# No. 19-3149

# United States Court of Appeals For the Third Circuit

IN RE THRIVEST SPECIALTY FUNDING LLC

(Related to *In re: National Football League Players' Concussion Injury Litigation*, Eastern District of Pennsylvania, No. 2:12-md-02323-AB)

**CLAIMS ADMINISTRATOR'S ANSWER TO PETITIONER THRIVEST SPECIALTY FUNDING LLC'S PETITION FOR WRIT OF MANDAMUS**

**BROWNGREER PLC**
Orran L. Brown, Sr.
250 Rocketts Way
Richmond, VA  23231
Tel: (804) 521-7200

*Claims Administrator*

October 11, 2019

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and 3d Cir. L.A.R. 26.1.1, BrownGreer PLC states that (a) it is a privately owned professional limited liability company; (b) it has no parent corporation; and (c) no publicly held corporation owns any stock or other interest in it.

## I. INTRODUCTION

BrownGreer PLC, the Court-appointed Claims Administrator of the Class Action Settlement Agreement in *In re: National Football League Players' Concussion Injury Litigation* ("NFL Settlement"), submits this Answer in response to the Petition for Writ of Mandamus filed by Thrivest Specialty Funding, LLC (Document No. 003113353785) (the "Petition").

## II. STANDARD OF REVIEW

The Claims Administrator adopts the statement of the Standard of Review in Class Counsel's Answer to the Petition.

## III. ANSWER

### A. Thrivest is Not Entitled to Mandamus Relief.

The Claims Administrator adopts the argument of Class Counsel in its Answer to the Petition that Thrivest is not entitled to mandamus relief. Our Answer provides additional consideration for why this extraordinary remedy is not appropriate.

### B. This Court's Decision Regarding the Assignment of Claims.

On April 26, 2019, this Court issued its ruling in *In re Nat'l Football League Players' Concussion Injury Litig.*, 923 F.3d 96 (3d Cir. 2019), affirming in part and reversing in part the Explanation and Order regarding the assignment of monetary claims to third parties entered by the District Court on December 8, 2017 (Document No. 9517) (the "Assignment Order"). The Court affirmed the lower court's holding

1

that any "true assignments – contractual provisions that permit the lender to seek funds directly from the Claims Administrator – are void" under Section 30.1 of the Settlement Agreement. 923 F.3d at 111. It reversed the District Court "to the extent it had purported to void the cash advance agreements in their entirety and void contractual provisions that went only to a lender's right to receive funds after the player acquired them." *Id*. The District Court, its Special Masters and the Claims Administrator have followed this ruling in its entirety.

    C. **The Rules Governing Assignment of Claims**.

The Rules Governing Assignment of Claims attached as **Exhibit A** set the process for our handling of situations involving cash advance agreements between Settlement Class Members and third-party funding companies. The Special Masters adopted these Rules in the exercise of their duties under the District Court's July 13, 2016 Order (Document 6871) appointing them. The Rules were first posted on the official NFL Settlement website on February 22, 2018, and then revised on May 31, 2019.

    D. **The Handling of Assignment Issues Since the Court's Decision**.

The Claims Administrator does not unilaterally void any cash advance agreement. We take no position on whether a cash advance agreement is enforceable, as that issue must be addressed, if at all, outside the claims administration process.

Instead, where there has been a cash advance agreement between a third-party funder and a Settlement Class Member who has a payable Monetary Award, we examine the relevant provisions in the cash advance agreement to determine whether it may include a purported assignment that attempts to permit the third-party funder to seek funds directly from the Claims Administrator. Again, such a clause is void *ab initio* and no third-party funder may force us to have the Trustee of the Settlement Fund pay it directly on the basis of such a provision.

Until now, after that analysis, we continued to offer the Settlement Class Member and the third-party funder the opportunity to resolve their cash advance situation if they would like to do so. Under that service, the third-party funder may elect to rescind the prior cash advance agreement and, if the Settlement Class Member also agrees to this resolution, have the Settlement Fund Trustee pay a sum out of the player's Award in full satisfaction of the debt owed by the player. This service has provided benefits to both third-party funders and Settlement Class Members. In this manner, we have helped third-party funders and Settlement Class Members resolve 24 of these transactions, along with any disputes that may exist about the agreements, all of which have been entirely voluntary decisions by those parties.

### E. **The Present Debate Over this Process.**

After this Court's ruling in April, we updated the NFL Settlement Program forms and notices used in the voluntary resolution process in an effort to remove language that might suggest any position on whether a cash advance agreement is legally enforceable. We also updated the NFL Settlement Program's Frequently Asked Questions for this reason. However, from a Claims Administrator's perspective, we still needed to complete a review of the agreement to determine if the third-party funder (and Settlement Class Member) might want to participate in the voluntary resolution process and to determine who was entitled to payments, and the amounts of those payments, under the terms of the Settlement Agreement and the District Court's directives.

Throughout this process, the only reason that the Claims Administrator reviewed cash advance agreements was to ensure that payments are made to those entitled, and only those entitled, to compensation under the terms of the Settlement Agreement and the guidelines set forth by the District Court pursuant to the Settlement Agreement. Our review complied with the guidance of this Court, as we sought simply to discern whether the agreement may be an assignment, where the funder stepped into the shoes of the player to receive payment. Contrary to Thrivest's characterization (Petition, at 4), we carefully undertook this evaluation not as an assessment of the enforceability of the underlying cash advance agreement,

4

but instead to ensure proper payment processing under the guidelines set forth by the District Court pursuant to the Settlement Agreement.

Thrivest also misunderstands the language of the notice: it simply does not say that the agreement is unenforceable, in whole or in part. The Special Masters and we as the Claims Administrator take no position on the ultimate enforceability of any cash advance agreement. Instead, as this Court has noted, that issue is left up to a court or an arbitrator who may be asked to adjudicate such a defense, among others, if there remains a dispute between the player and the third-party funder.

All notices we have issued since this Court's ruling are intended to comply fully with the Court's holding. The language in our Notices of Assignment Review Determination referencing "assignment[s] that [are] prohibited" is formed from the Settlement Agreement itself to serve our administration of the Settlement and ensure payment only to those entitled to payment. It is not intended as, and indeed we have no authority to present it as, legal opinion.

**F. The District Court's 9/27/19 Notice and What We Are Doing Now.**

On September 27, 2019, the District Court entered a Notice (Document 10858) affirming the propriety of the Claims Administrator's current processes for resolving Third-Party Funder agreements, and directing the Claims Administrator to propose new rules regarding Third-Party Funder agreements that are streamlined, concise and user-friendly. We are currently working with the Special Masters, under

5

the supervision of the District Court, to design and put in place such streamlined and concise rules and processes. We will make every effort in these rules and processes, and any notices or forms we use to implement them, to make it clear that the Claims Administrator takes no position on the ultimate enforceability of any cash advance agreement.

## IV. CONCLUSION

We adopt the articulation of the high showing Thrivest must make to support a request for writ of mandamus in Class Counsel's Answer to the Petition. In light of the circumstances described above and those principles, we respectfully submit there are no grounds to grant the Petition and it should be denied.

Respectfully submitted,

**CLAIMS ADMINISTRATOR**

By:    /s/ Orran L. Brown, Sr.
       Orran L. Brown, Sr.
       Virginia State Bar No. 25832
       BrownGreer PLC
       250 Rocketts Way
       Richmond, Virginia 23231
       Telephone: (804) 521-7200
       Facsimile: (804) 521-7299
       Email: obrown@browngreer.com

Dated: October 11, 2019

## COMBINED CERTIFICATIONS

**Orran L. Brown, Sr. certifies as follows:**

**1.     Certification of Bar Membership**

I am signing this Answer to Petition Thrivest Specialty Funding LLC's Petition for Writ of Mandamus by the Claims Administrator and am a member in good standing of the Bar of the United States Court of Appeals for the Third Circuit.

**2.     Certification of Service**

Pursuant to 3d Cir. L.A.R. 113.4(c), on October 11, 2019, an electronic copy of this Answer was filed with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the Court's CM/ECF system. All participants in this matter are registered CM/ECF users and service will be accomplished by this Court's CM/ECF system.

**3.     Certification of Type-Volume Limitations**, **Typeface Requirements and Typeface Style Requirements.**

This Answer complies with the type-volume limitations prescribed by the Court's September 26, 2019 Order. This Answer is not more than 15 double-spaced pages. This Answer follows the typeface requirements of Fed. R. App. P. 32(a)(5) and the typeface style requirements of Fed. R. App. P. 32(a)(6), in that it has been prepared in a proportionately spaced typeface using a 14 point Times New Roman font.

**4.     3d Cir. L.A.R. 31.1(c) Certifications**

Pursuant to 3d Cir. L.A.R. 31.1(c), before electronically filing this Answer, the electronic file was scanned using System Center Endpoint Protection version 1.303.1433.0 and no virus or worm was detected in the file.

                                                       /s/ Orran L. Brown, Sr.

Dated: October 11, 2019



# Exhibit A

**RULES GOVERNING ASSIGNMENT OF CLAIMS**

5/31/19
539954

## TABLE OF CONTENTS

<u>Page</u>

**TITLE I: GENERAL** ...................................................................................................1

    Rule 1.   The Purpose of These Rules...............................................................................1
    Rule 2.   Adoption of These Rules...................................................................................1
    Rule 3.   Definitions Used in These Rules.......................................................................1

**TITLE II: ASSIGNMENT REVIEW** .......................................................................2

    Rule 4.   Third-Party Funder Transactions Subject to Assignment Review ...................2
    Rule 5.   Assignment Review..........................................................................................2
    Rule 6.   Review Criteria .................................................................................................3

**TITLE III: PROCESS FOR ASSIGNMENTS** ........................................................3

    Rule 7.   Waiver Form .....................................................................................................3
    Rule 8.   Payment Steps ...................................................................................................3

## RULES GOVERNING ASSIGNMENT OF CLAIMS

### TITLE I: GENERAL

**Rule 1.** **The Purpose of These Rules.** These Rules govern the analysis of transactions involving a Settlement Class Member and a person or entity other than the NFL Parties to determine whether the transaction is an assignment of rights or claims prohibited by Section 30.1 of the Settlement Agreement and the Court's Explanation and Order entered on December 8, 2017 (Document 9517) and the implementation of that Explanation and Order.

**Rule 2.** **Adoption of These Rules.** The Special Masters have adopted these Rules in the exercise of their duties pursuant their appointment by the Court in its July 13, 2016 Order (Document 6871). The Special Masters may amend these Rules at any time *sua sponte* or after request by the Claims Administrator and such input from Class Counsel, the NFL Parties and the Claims Administrator as the Special Masters deem appropriate.

**Rule 3.** **Definitions Used in These Rules.** All capitalized terms used in these Rules will have the meanings given to them in the Settlement Agreement. In addition:

(a) "Collateralized Loan" means a Third-Party Funder Transaction determined not to be a Prohibited Assignment.

(b) "Explanation and Order" means the Explanation and Order entered by the Court on December 8, 2017 (Document 9517), regarding the application of Section 30.1 of the Settlement Agreement to monetary claims under the Settlement Agreement.

(c) "Monetary Claims" means a Monetary Award, Supplemental Monetary Award or Derivative Claimant Award in the Settlement Program.

(d) "Notice of Assignment Review Determination" means a notice the Claims Administrator will issue after determining with a Special Master whether a Third-Party Funder Transaction is a Prohibited Assignment or is a Collateralized Loan.

(e) "Prohibited Assignment" means a Third-Party Funder Transaction determined to be an assignment, or attempt to assign, by a Settlement Class Member of Monetary Claims that is void, invalid, and of no force and effect and that shall not be recognized by the Claims Administrator, pursuant to Section 30.1 of the Settlement Agreement and the Explanation and Order.

(f) "Settlement Agreement" means the Amended Class Action Settlement Agreement dated as of June 25, 2014, as amended on February 13, 2015 (the "Settlement Agreement") and approved in the Court's May 8, 2015 Amended Final Approval Order and Judgment (Document 6534).

5/31/19

1



(g) "Settlement Class Member" means a Retired NFL Football Player (or the Representative Claimant of a deceased or incompetent Retired NFL Football Player), or a Derivative Claimant, which is how this term is defined in the Settlement Agreement.

(h) "Settlement Program" means the program for benefits for Settlement Class Members established under the Settlement Agreement.

(i) "Special Master" and "Special Masters" mean any one or both of the two Special Masters appointed by the Court in its July 13, 2016 Order (Document 6871) or appointed in any subsequent Order of the Court.

(j) "Third-Party Funder" is a person or entity that engaged in a Third-Party Funder Transaction with a Settlement Class Member.

(k) "Third-Party Funder Transaction" is any agreement, contract, document, or arrangement between a Settlement Class Member and a Third-Party Funder involving the actual or potential advance or transfer of funds from the Third-Party Funder to the Settlement Class Member, disclosed to the Claims Administrator before payment of a Monetary Claim to that Settlement Class Member.

(l) "Waiver Form" means the Waiver Relinquishing Rights Under Attempted Assignment contemplated in the Explanation and Order.

## TITLE II: ASSIGNMENT REVIEW

**Rule 4. Third-Party Funder Transactions Subject to Assignment Review.** The Explanation and Order requires the Claims Administrator to ask all Settlement Class Members eligible for payment on a Monetary Claim whether they have assigned or attempted to assign their Monetary Claim. To receive payment from the Claims Administrator, an eligible Settlement Class Member must complete, sign and submit to the Claims Administrator a Sworn Statement: Status of Assignment of Monetary Claim (SWS-5). If a Settlement Class Member indicates on this Sworn Statement that he/she has assigned or attempted to assign any settlement benefits from his/her Monetary Claim to a Third-Party Funder or borrowed any funds against his/her Monetary Claim as collateral, the Settlement Class Member must provide to the Claims Administrator all documents relating to that Third-Party Funder Transaction. The Claims Administrator may require the Settlement Class Member and/or the Third-Party Funder to submit such documents and information as the Claims Administrator deems necessary for its review of a Third-Party Funder Transaction under these Rules, by such deadline as the Claims Administrator sets.

**Rule 5. Assignment Review.** The Claims Administrator will review each Third-Party Funder Transaction with a Special Master to determine whether the Third-Party Funder Transaction is a Prohibited Assignment or is a Collateralized Loan and will notify the affected Settlement Class Member of that decision by issuing a Notice of Assignment Review Determination. If the Settlement Class Member or Third-Party Funder wishes to challenge the decision, it will be presented to the other Special Master for review, along with any argument

offered by the Settlement Class Member or Third-Party Funder for the Special Master's consideration. The final decision of the Special Master is not appealable to the Court, unless the Special Master or the Court finds that it involves a conclusion of law and that the objecting party has standing to pursue review by the Court.

**Rule 6.** **Review Criteria.** The Claims Administrator and the Special Masters will assess the terms of a Third-Party Funder Transaction to determine whether they reflect the attributes of a Prohibited Assignment under the Explanation and Order. In general, a Third-Party Funder Transaction constitutes a Prohibited Assignment where there is an express assignment of a Monetary Claim. The Claims Administrator and the Special Masters will consider attributes of the transaction to assess the fairness and commercial reasonableness of its terms and whether they reflect the type of transaction the Court found invalid in its Explanation and Order.

## TITLE III: PROCESS FOR PROHIBITED ASSIGNMENTS

**Rule 7.** **Waiver Form.** On any Prohibited Assignment, the Claims Administrator will issue a Waiver Form for the Third-Party Funder to sign and return within 30 days to (a) indicate the amount advanced to the Settlement Class Member that has not been repaid to the Third-Party Funder and (b) to rescind the Prohibited Assignment and relinquish all claims relating to it. The Claims Administrator will send this Waiver Form to the lawyer for a represented Settlement Class Member and directly to the Third-Party Funder if the Settlement Class Member is not represented by a lawyer. The Waiver Form includes an attachment for the Settlement Class Member to sign and return to the Claims Administrator indicating agreement with the amount of the funds advanced stated by the Third-Party Funder in the Waiver Form.

**Rule 8.** **Payment Steps.** The Claims Administrator will follow these steps to pay a Monetary Claim with a Prohibited Assignment:

(a) **No Complete Waiver:** If the Claims Administrator has not received a timely complete Waiver Form signed by the Third-Party Funder, the Claims Administrator will direct the Trustee to pay the Monetary Claim to the Settlement Class Member, subject to all payable liens and other applicable deductions under the Settlement Agreement and any Orders of the Court.

(b) **Complete Waiver:** If the Claims Administrator has received a timely complete Waiver Form signed by the Third-Party Funder and the Settlement Class Member agrees with the amount advanced that has not been repaid, the Claims Administrator will direct the Trustee to pay that amount to the Third-Party Funder and pay the balance to the Settlement Class Member, subject to all payable liens and other applicable deductions under the Settlement Agreement and any Orders of the Court. If the Settlement Class Member has not agreed to the amount advanced that has not been repaid, the Claims Administrator and a Special Master will determine the correct amount from the materials submitted.

(c) **Payment to Settlement Class Members:** The Claims Administrator will direct the Trustee to pay Monetary Claims with a Prohibited Assignment directly to the Settlement Class Member, whether represented by a lawyer or proceeding *pro se*.

3



5/31/19