IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | : : : : : : : : : : | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | | |

**REPLY BY CLAIMS ADMINISTRATOR TO RESPONSE TO MOTION
FOR ORDER TO SHOW CAUSE**

### I.   INTRODUCTION

BrownGreer PLC, the Court-appointed Claims Administrator of the Settlement Program established under the Class Action Settlement Agreement approved by this Court files this Reply to the Response filed by Richard Collins on July 12, 2021 (Document 11437) to BrownGreer's Motion for Order to Show Cause filed on July 6, 2021 (Document 11429 and Corrected Document 11430). This Reply is necessary to inform the Court of the status of the suit filed by Mr. Collins and to correct factual misstatements and misdirection in his Response.

### II.   DISCUSSION

A.  **Update on the Collins & Truett Action.**

Defendants BrownGreer and Roma Petkauskas (the "BrownGreer Defendants") and Special Masters Wendell E. Pritchett, Jo-Ann M. Verrier, and David Hoffman (the "Special Master Defendants"), filed their separate Notices of Removal on July 12 and 13, 2021, respectively, removing the state court lawsuit filed by Collins & Truett (the "Collins & Truett Action") to the United States District Court for the Northern District of Florida, where it is

pending as Civil Action 4:21-cv-00286 before the Honorable Robert L. Hinkle. On July 13, 2021, the BrownGreer Defendants notified the Clerk of the Judicial Panel on Multidistrict Litigation ("JPML") of the pendency of the Collins & Truett Action as a potential tag-along action to be transferred to MDL 2323 in this Court. On July 16, 2021, the JPML Clerk entered a Conditional Transfer Order sending the action to this Court, with that transfer stayed for seven days to become effective after that time if there is no opposition.

To preserve the status quo and permit the JPML and this Court to act, on July 15, 2021, the BrownGreer Defendants and Special Master Defendants filed a joint motion asking Judge Hinkle to extend the time for all the defendants to answer or otherwise respond to the Collins & Truett Complaint for 30 days. On July 16, 2021, on the court's own motion, Judge Hinkle entered an Order (Exhibit 1 to this Reply) staying all further proceedings in the case and tolling all deadlines in it until 14 days after entry of an order denying transfer or remanding the case to his district.

    B. **The Unsuccessful Effort by Mr. Collins to Obtain an *Ex Parte* Injunction in Florida State Court.**

On July 15, 2021, the BrownGreer Defendants received through the electronic filing system of the Clerk of the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, a copy of an Order Closing Case (attached as Exhibit 2), stating:

> **THIS CAUSE** came before the Court upon the Notice of Removal filed in this matter on July 13, 2021. The Court had previously set a hearing on a Motion for Temporary Injunction. However, the hearing was not properly noticed and the Court no longer has jurisdiction. Therefore, the Court is administratively closing the file. The parties may notify the Court if the federal court relinquishes jurisdiction and the case will be reopened. It is hereby:
>
> **ORDERED AND ADJUDGED** that the Case is **CLOSED.**

That was the first we had heard that Mr. Collins had set a hearing in the state court on a request for an injunction. He had not sent us any notice of such a hearing, even though at 11:52 a.m. on July 15, 2021, the day he planned for his *ex parte* hearing, after he knew we had removed the case to federal court and had asked the JPML to transfer it to this Court, he filed in the Florida state court a "Notice of Hearing" setting an injunction hearing there at 1:30 p.m. that day (Exhibit 3 to this Reply), without telling us or any of the other defendants. The Florida state court found in its Order Closing Case that Mr. Collins' would-be hearing "was not properly noticed."

### C. Mr. Collins' Request for *Ex Parte* Injunction in Federal Court in Florida.

Also on July 15, 2021, Mr. Collins filed in the case before Judge Hinkle a "Motion for Emergency Hearing Temporary Injunction" (Exhibit 4 to this Reply) also asking that court for an *ex parte* injunction against all the persons and entities Mr. Collins is attempting to sue and saying:

> It is noted that Defendants' motive for attempting to remove this matter to the Eastern District of Pennsylvania Court may be two-fold: 1) To intentionally delay proceedings on our Emergency Hearing for Temporary Injunction as to avoid the publicity of their willful and criminal wrongdoings, and 2) To wrongfully bring this matter to a venue that has no original jurisdiction over this matter (tag-along, or not) so as to have these proceedings adjudicated under the known bias of that Court.

(Ex. 4 at p. 2.) We learned of this motion through that court's ECF system. Judge Hinkle's stay Order on July 16, 2021 (Exhibit 1) removed the possibility of an *ex parte* injunction in the federal court in Florida.

### D. What Mr. Collins Says in His Response to Motion for Order to Show Cause.

Mr. Collins' Response rests on three repeated themes:

1. Someone *must have* accessed ("hacked") his email server to be able to know anything about email addresses he or others in his firm use (repeated references in the Collins Response);

3

2. His emails and his suit to enjoin investigating them have "nothing to do with the NFL Concussion Settlement, nor the Eastern District of Pennsylvania" (Collins Response at p. 1);

3. This Court cannot hear and decide his claims because it is biased, has no right to hear his claims, and is not "equipped to adjudicate the matter at issue" (Collins Response at p. 1 and p. 2).

We reply to each of these three in turn.

### E. There Has Been No Hacking of Any Server.

The Special Masters have disqualified Phillip Timothy Howard and all those who worked for him at his firm, Howard and Associates, from any participation in the NFL Concussion Settlement Program. Neil Epstein, who was Tim Howard's paralegal, now works for Richard Collins and Collins & Truett. Tim Howard and Richard Collins collaborate on cases and legal matters together. A number of Retired NFL Football Players formerly represented by Howard and Associates are now represented by Collins & Truett. In our Audit investigation, we are trying to figure out whether the improper practices of Tim Howard regarding the preparation and submission of fraudulent claims for Monetary Awards have been shifted over to Collins & Truett now that Tim Howard and his people have been disqualified. To do that, we have been asking Richard Collins what his relationship is with Tim Howard, whether they collaborate on legal matters, and how much that collaboration has carried over to practices on NFL claims from Howard and Associates to Collins & Truett.

The Declaration of Roma Petkauskas attached to this Reply as Exhibit 5 reviews in detail what we have done to try to get information from Collins & Truett. It also explains how we knew about email addresses at Collins & Truett that appeared to have been created for use by Tim Howard under the cover of the Collins & Truett firm. When a source sent us copies of emails that included phil@collinstruett.com and tim@collinstruett.com email addresses, we were both curious and concerned about what was going on with Tim Howard at Collins & Truett. So

we asked Richard Collins what those email addresses were all about. We knew the copies of emails sent to us had been obtained lawfully.  No one had stolen them or hacked into any server to get them.

Instead, the information that Richard Collins now alleges over and over he is duty bound to protect as work product or attorney-client privileged material was found by a private investigator—working for a third party and not for us or at our request— discarded in a dumpster outside of Mr. Howard's office.  (Petkauskas Declaration, Ex. 5, at Paragraph 8.(d).)  It is well known—especially to a lawyer—that no one has a reasonable expectation of privacy in garbage he has thrown out and left for collection.  *See California v. Greenwood*, 486 U.S. 35, 208 S.Ct. 1625, 100 L.Ed.2d 30 (1988).

On what basis does Mr. Collins rest his repeated allegations that we, the Special Masters, and three other defendants "hacked" his "private law firm email servers"? To explain the tim and phil emails, he has asserted that the email address tim@collinstruett.com is "non-existent." Under oath in Paragraph 9 of his sworn Affidavit he filed with his state court Complaint, Richard Collins said that our questions to him were "concerning a non-existent email address that has no recipient." (Ex. 1 to our Memorandum in Support of Motion for Order to Show Cause, at p. 58 (Document No. 11429-2)).  In Paragraph 11 of that Affidavit, he swore the questions were "about a non-existent email address that was inadvertently used only a few times and never received by any party that had any relation to any NFL claim" (Paragraph 11).  In his Audit answers to us, as he quoted in Paragraph 13 of this Affidavit, he said "you have an awareness of this non-existent email address inadvertently used by me for communications a few times." Regarding the phil@collinstruett.com email address, Mr. Collins agrees it does in fact exist, but asserts it was created for Mr. Howard to use in a matter not related to the Settlement Program.

As for why he thinks someone hacked into his email server, Mr. Collins has only his own speculation. Because we asked about them, he says we have "apparent access." (State Court Affidavit Paragraph 4.) The questions we asked him "demonstrate a security breach." (*Id.* at Paragraph 10.) And in Paragraph 11 of his Affidavit, he provides his only reasoning: "It is impossible for ROMA PETKAUSKAS to have any information on this non-existent email other than through an illegal security breach of emails and email servers."

On that supposition alone, Collins filed suit against the Court's Special Masters, Claims Administrator, and others involved in implementing the Settlement Agreement and safeguarding it from fraud, has repeated the accusation many times, and has asked two courts for an *ex parte* injunction. In his Response here, he back-pedaled a bit on his formerly full-throated charge that we are inside his servers, now saying that we and the Special Masters are "accessories" to someone else doing it (Response p. 4). There is no basis in fact or law for any of these slanderous statements. Paragraph 8.(e) of the Petkauskas Declaration explains our reaction to his original assertion that someone must have penetrated his network security to be able to ask about email addresses people use at his firm:

> In his response [to our Audit questions], Mr. Collins asserted "by virtue of the fact that you have an awareness of this non-existent email address inadvertently used by me for communications a few times, having nothing to do with NFL matters, we conclude that you now have access to our in-house email servers." We were stunned by that outlandish allegation and knew it was fanciful. We assumed that Mr. Collins wrote it in a fit of anger, or was attempting to deter us from doing our Audit job by accusing us of such behavior. We assumed it was just another smokescreen to throw us off track. We wanted full answers from Mr. Collins about his firm's dealings with Tim Howard and Tim Howard's employees without giving him the opportunity to match what he told us to what he thought we already knew, which is a common and necessary approach to any investigation. We also knew that if Mr. Collins really thought someone had penetrated his network security systems and accessed his email or other servers without permission, or even attempted to do so, all he had to do was ask the person responsible for network security at his firm to check their logs to see who had accessed the system and when, which would have confirmed there had been no external penetration. If there had been, those logs would show when it happened and the IP address of the person who did it. We

would like to know now if Mr. Collins even asked his IT personnel that question before filing his lawsuit. The Court would benefit from seeing those Collins & Truett security logs. We never imagined that Mr. Collins would file suit, accusing eight persons and entities of criminal hacking, without first confirming that his server had in fact been hacked. He must not have, because amidst all his accusations, he has not said his server was in fact hacked.

In short, we thought it best not to engage with Mr. Collins on that level and assumed his road rage over us knowing about the email addresses would subside, but clearly it has not.  We urge the Court to direct Mr. Collins to produce his network security logs for the time period he says he was "hacked."

> F. **This Matter Clearly is Within This Court's Exclusive Jurisdiction Over the Settlement Agreement.**

Though his suit arises from an Audit investigation under the Settlement Agreement, and asks for an injunction and damages against this Court's Special Masters who oversee the implementation of the Settlement Agreement and its Audit program to detect and prevent fraud, the Claims Administrator responsible for implementing the Settlement Agreement and its Audit program, and others involved in the Audit process, Mr. Collins argues it has "nothing to do with" the Settlement Agreement, the Audit process, or this Court.  In Paragraph 16 of the April 22, 2015 Final Order and Judgment of the Court approving that Agreement (Document 6510), repeated in Paragraph 17 of the May 8, 2015 Amended Final Order and Judgment (Document 6535), this Court retained continuing and exclusive jurisdiction over all Settlement Class Members and "to interpret, implement, administer and enforce the Settlement Agreement, and to implement and complete the claims administration and distribution process."  On April 18, 2016, the United States Court of Appeals for the Third Circuit affirmed that Final Order and Judgment. *In re Nat'l Football League Players Concussion Injury Litig.*, 2016 WL 1552205 (3d Cir. Apr.

18, 2016); s*ee also* Order Denying Petition for Rehearing *en Banc*, *In re Nat'l Football League Players Concussion Injury Litig.*, Nos. 15-2217, 15-2234 (3d Cir. June 1, 2016).

The questions our Audit team presented to Mr. Collins that started this tempest were part of an Audit investigation under the Settlement Agreement. The investigation is an aspect of implementing the Settlement Agreement. Whether information sought in an Audit investigation is privileged in some way and cannot be used, or the accusation that it was obtained in an improper manner, concern implementing and applying the Audit provisions of the Settlement Agreement and the actions of the appointed administrator of the Settlement Agreement. Whether the Special Masters and administrator can be adjudged liable for damages, despite their qualified judicial immunity ordered by this Court as necessary to implement the Settlement Agreement involves implementing, interpreting, and enforcing the Settlement Agreement and this Court's Orders. The entire point of the Court retaining exclusive jurisdiction over an approved class action settlement is to ensure that it is implemented and interpreted as intended, uniformly for all Class Members, in a single centralized proceeding, by the judge who has the deepest experience and knowledge about the litigation that led to the settlement, the negotiations that produced it, and the evidence at the fairness hearing on why the settlement was fair and equitable to the class and could be implemented in a fair and efficient manner.

G. **There is No Basis for Accusing this Court of Bias.**

Mr. Collins levels this charge against the Court twice in his Response to Motion for Order to Show Cause ("the bias of the purview of the NFL Concussion Settlement" on p. 1, and "biased under the wrongful purview of this Court" on p. 2) and again in his "Motion for Emergency Hearing Temporary Injunction" filed in the Northern District of Florida ("To wrongfully bring this matter to a venue that has no original jurisdiction over this matter (tag-

along, or not) so as to have these proceedings adjudicated under the known bias of that Court" on page 2).

Mr. Collins does not elaborate on what that bias may be, or his grounds for accusing the Court of bias.  It cannot be that every court that retains jurisdiction to oversee implementation of a class action settlement could possibly be seen as "biased" in the settlement's direction.  This Court is a fiduciary to the Settlement Class.  It is as fully equipped as any court to hear and decide work product and attorney-client objections to discovery, and to hold Mr. Collins to the requirement of proving his supposition that someone must have accessed his email server(s) without permission.  As the court that has successfully guided the implementation of the Settlement Agreement for over six years, it is best equipped to do so.

### III.    CONCLUSION

Mr. Collins' efforts to dodge this Court's exclusive jurisdiction already have diverted substantial costs and time from the true task of implementing the Settlement Agreement.  We ask the Court to contain this wasteful litigation.

Respectfully submitted,

**CLAIMS ADMINISTRATOR**

By:   /s/ Orran L. Brown
     Orran L. Brown
     Virginia State Bar No.:  25832
     BrownGreer PLC
     250 Rocketts Way
     Richmond, Virginia 23231
     Telephone: (804) 521-7200
     Facsimile: (804) 521-7299
     Email:  obrown@browngreer.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Reply by Claims Administrator to Response to Motion for Order to Show Cause was served on all counsel of record through the Court's ECF system, by electronic mail, and first-class mail, postage prepaid on this 19th day of July, 2021 upon the following:

| | |
|---|---|
| **Counsel for Plaintiff:** | **Special Master:** |
| Richard B. Collins, Esquire<br>Collins & Truett Attorneys, P.A.<br>113 South Monroe Street<br>Tallahassee, Florida 32301<br><br>By ECF | Perry Golkin:<br>500 Park Avenue, 4th Floor<br>New York, NY 10022<br><br>By First-Class Mail, Postage Prepaid |
| **Counsel for Special Masters Wendell Pritchett, Jo-Ann M. Verrier and David Hoffman:**<br><br>Dennis R. Suplee<br>SCHNADER HARRISON SEGAL & LEWIS LLP<br>1600 Market Street, Suite 3600<br>Philadelphia, PA 19103<br><br>By ECF | **Special Master:**<br><br>Lawrence F. Stengel<br>289 Granite Run Drive, Suite 300<br>Lancaster, PA 17601<br><br>By First-Class Mail, Postage Prepaid |
| **HML Group, LLC**<br>**c/o Vicki Humphreys, Founder and President:**<br>HML Group, LLC<br>727 Shropshire Drive<br>West Chester, PA 19382<br>Email: vicki@hmlgroup.us<br><br>By Electronic Mail | |

/s/ Orran L. Brown
Orran L. Brown
