IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA

COLLINS & TRUETT ATTORNEYS, P.A.,

    Plaintiff,

v.    CASE NO.: 2021-CA-001049
    JUDGE: ANGELA C. DEMPSEY

ROMA PETKAUSKAS, in her individual
and official capacity, and BOWN & GREER,
PLC, a Virginia for profit corporation, SPECIAL
MASTERS, PERRY GOLKIN, WENDELLE E.
PRITCHETT, JO-ANN M. VERRIER, LAWRENCE
F. STENGEL, and DAVID HOFFMAN, and
HML GROUP LLC,

_____/

## NOTICE OF HEARING

Pursuant to Florida Rule of Civil Procedure 1.610, Plaintiffs COLLINS & TRUETT ATTORNEYS, P.A. ("Collins & Truett") have set an EMERGENCY HEARING FOR TEMPORARY INJUNCTION, on July 15, 2021, at 1:30 pm EDT, to enjoin Defendants from any and all illegal access to Collins & Truett email servers, thereby by violating attorney work product privilege, attorney-client communications privilege, Florida Statutes, and 18 U.S.C. Section 2701(a) (unlawful access to stored communications), amongst other Florida and Federal statutes.

The nature of this willful security breach by Defendants rises to the level of causing immediate and irreparable injury, loss, and damage to this law firm, and

# EXHIBIT 3

requires swift judicial enforcement. Defendants are wrongfully attempting to remove this matter to the Eastern District of Pennsylvania Court by way of the Northern District of Florida Court (see our Document #20, Response to Notice of Removal, filed in this Court). It may be noted that Defendants' motive for attempting to remove this matter to the Eastern District of Pennsylvania Court may be two-fold: 1) To intentionally delay proceedings on our Emergency Hearing for Temporary Injunction as to avoid the publicity of their willful wrongdoings, and 2) To wrongfully bring this matter to a venue that has no jurisdiction over this matter (tag-along, or not) so as to have these proceedings adjudicated under the known bias of that Court. If true, these actions on behalf of the Defendants exhibit yet another violation of Plaintiff's civil rights to have the evidenced criminal activity of Defendants truncated.

In accordance with Florida Rule of Civil Procedure 1.610 (1), and Federal Rules of Civil Procedure 65 (b)(1), "A temporary injunction may be granted without written or oral notice to the adverse party only if: (A) it appears from the specific facts shown by affidavit or verified pleading that <u>immediate and irreparable injury, loss, or damage will result to the movant</u> before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing … the reasons why notice should not be required." Plaintiff's request for Emergency Hearing on Temporary Injunction rises to this level of urgency.

If/when the Northern District of Florida Court accepts jurisdiction of this matter, the Emergency Temporary Injunction may be lifted by that Court if the Court sees fit to do so, or to leave the Temporary Injunction in place until the Complaint for Permanent Injunction may be heard.

Emergency Hearing for Temporary Injunction shall be held before the Honorable Angela C. Dempsey, on July 15, at 1:30 pm, via telephonic conference, (605) 313-5412, Conference ID: 288049, unless otherwise directed by this Court.

This 15th day of July 2021.

*/s/ Richard Collins*
Florida Bar No. 161195
Collins & Truett Attorneys, P.A.
113 South Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 765-5798
E-Mail: Dick@CollinsTruett.com