# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### Tallahassee Division

COLLINS & TRUETT ATTORNEYS, P.A.,

     Plaintiff,

v.

ROMA PETKAUSKAS, in her individual
and official capacity, and BROWNGREER,
PLC, a Virginia for profit corporation,
SPECIAL MASTERS, PLERRY GOLKIN,
WNDELLE E. PRITCHETT, JO-ANN M.
VERRIER, LAWRENCE F. STENGEL,
and DAVID HOFFMAN, and HML
GROUP LLC,

     Defendants.

_____/

Case No.: 4:21-CV-286
Leon County
Case No.: 2021-CA-001049

## MOTION FOR EMERGENCY HEARING
## TEMPORARY INJUNCTION

In accordance with Federal Rules of Civil Procedure 65 (b)(1), Plaintiffs

COLLINS & TRUETT ATTORNEYS, P.A. ("Collins & Truett") move to set an

EMERGENCY HEARING FOR TEMPORARY INJUNCTION to enjoin

Defendants from any and all illegal access to Collins & Truett email servers,

thereby by violating attorney work product privilege, attorney-client

communications privilege, Florida Statutes, and 18 U.S.C. Section 2701(a)

(unlawful access to stored communications), amongst other Florida and Federal

statutes.

# EXHIBIT 4

The nature of this willful security breach by Defendants rises to the level of causing immediate and irreparable injury, loss, and damage to this law firm, and requires swift judicial enforcement. Further, Defendants are wrongfully attempting to remove this matter to the Eastern District of Pennsylvania Court by way of the Northern District of Florida Court (see our Document #6, Response to Notice of Removal, filed in this Court – Also See Exhibit A). It is noted that Defendants' motive for attempting to remove this matter to the Eastern District of Pennsylvania Court may be two-fold: 1) To intentionally delay proceedings on our Emergency Hearing for Temporary Injunction as to avoid the publicity of their willful and criminal wrongdoings, and 2) To wrongfully bring this matter to a venue that has no original jurisdiction over this matter (tag-along, or not) so as to have these proceedings adjudicated under the known bias of that Court. If the presumed motivations of Defendants hold true, these actions on behalf of the Defendants exhibit yet another violation of Plaintiff's civil right to have the evidenced criminal activity of Defendants expeditiously truncated.

In accordance with Florida Rule of Civil Procedure 1.610 (1), and Federal Rules of Civil Procedure 65 (b)(1), "A temporary injunction may be granted without written or oral notice to the adverse party only if: (A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss, or damage will result to the movant before the adverse

party can be heard in opposition; and (B) the movant's attorney certifies in writing

… the reasons why notice should not be required." Plaintiff's request for

Emergency Hearing on Temporary Injunction rises to this level of urgency and *ex*

*parte* discernment on behalf of this Court.

If/when the Northern District of Florida Court accepts jurisdiction of this

matter, and an Emergency Order for Temporary Injunction is effectuated, the

Emergency Temporary Injunction may be lifted by this Court if the Court sees fit

to do so, or to leave the Temporary Injunction in place until the Complaint for

Permanent Injunction may be heard.

In accordance with Local Rules for this Court, Rule 7.1(L), Motions –

Emergencies, this Motion for Emergency Hearing for Temporary Injunction

clearly outlines the basis for the emergency (in that immediate and irreparable

injury, loss, and damage to Plaintiff continues to be incurred by the illegal and

unethical violations of Plaintiff's civil rights to privacy, attorney work product, and

attorney-client communications), this Motion is labelled "EMERGENCY," and

Counsel will be "orally advising the Clerk's office that this Emergency Motion has

been filed."


This 15th day of July 2021.

Respectfully,


_/s/ Richard Collins_
Florida Bar No. 161195
Collins & Truett Attorneys, P.A.
113 South Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 765-5798
E-Mail: Dick@CollinsTruett.com

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### Tallahassee Division

COLLINS & TRUETT ATTORNEYS, P.A.,

      Plaintiff,

v.

ROMA PETKAUSKAS, in her individual
and official capacity, and BROWNGREER,
PLC, a Virginia for profit corporation,
SPECIAL MASTERS, PLERRY GOLKIN,
WNDELLE E. PRITCHETT, JO-ANN M.
VERRIER, LAWRENCE F. STENGEL,
and DAVID HOFFMAN, and HML
GROUP LLC,

      Defendants.

_____/

Case No.: 4:21-CV-286
Leon County
Case No.: 2021-CA-001049

## RESPONSE TO NOTICE OF REMOVAL

    In response to Defendants' Notice of Removal, pursuant to 28 U.S.C.

§ 1441(a) and (c), and § 1446 (a) and (b), Plaintiff states as follows:

    1.    Venue for this dispute is properly in Tallahassee, Florida, as Plaintiff law firm has

offices in Tallahassee, Florida, and the attorney work product and attorney client

communications breach of Plaintiff took place from the offices and computer servers of Plaintiff

in Tallahassee, Florida.

    2.    All Defendants, with the exception of two due to their offices not being active

during the summer, have been served.

    3.    Jurisdiction is properly before this Court, as the only issue before the Court is

protecting law firm attorney work product and attorney client communication privilege of this

Tallahassee, Florida law firm, and there is diversity as Defendants are from another state.

1

4.      This is not an issue related to the NFL Class Action Concussion Settlement nor its claims investigation, as all legitimate activities of these civil investigations can proceed in accordance with the law.  Protection from the criminal, ethical, and legal violations at issue are a right that attaches to the law firm, not to any particular legal proceeding, Thus, the issues before the Court are not so related to the NFL claims that they must be transferred to the Eastern District of Pennsylvania as part of the case and controversy pertaining to NFL Concussion brain injury class action and settlement.  Those activities can proceed without any interference by Plaintiff or any court acting to protect attorney work product and attorney client communication privileges.

5.      Contrary to Defendants' irrelevant allegation, Plaintiff is not seeking to avoid scrutiny of any of its NFL claims and has filed 6 claims over the past year in the NFL Concussion Settlement for its clients.  Not a single concern has been raised by the NFL Claims administrator or Defendants as to the specific validity and applicability of any of its NFL Concussion Settlement Claims filings, medical reports, or that of its experts during this past year.

6.      Consistent with the Florida Rules of Professional Responsibility, Plaintiff merely seeks to comply with its professional duties to protect its attorney work product and attorney client communications from breach and use by unauthorized sources.

7.      Plaintiff welcomes a review and ruling by this Court. Please see Exhibit A, Plaintiff's Response in Opposition to Motion for Order to Show Cause detailing the simple and narrowly focused Complaint for Injunction to strictly protect its Attorney Work Product, and Attorney-Client Communication Privileges, filed in the District Court for the Eastern District of Pennsylvania . Also see Exhibit B, Plaintiff's Complaint Seeking Injunctive Relief from the

criminal activity by the Defendants', rightly filed in the Second Judicial Circuit, by and for Leon County, Florida.

Respectfully submitted,

*/s/ Richard Collins*
Richard Collins, J.D.
Florida Bar No.: 161195
Collins & Truett Attorneys, P.A.
113 South Monroe Street
Tallahassee, Florida - 32301
Dick@CollinsTruett.com

**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response to Motion for Order to Show Cause has been served by electronic mail, on this 14th day of July, 2021, upon the following:

| | |
|---|---|
| **Special Masters:** | **HML Group, LLC:** |
| Lawrence F. Stengel | HML Group, LLC |
| 289 Granite Run Drive, Suite 300 | 727 Shropshire Drive |
| Lancaster, PA 17601 | West Chester, PA 19382 |
| Perry Golkin: | **BrownGreer, PLC:** |
| 500 Park Avenue, 4th Floor | |
| New York, NY 10022 | Orran Brown, Sr., and |
| **Counsel for Special Masters Wendell Pritchett, Jo-Ann M. Verrier and David Hoffman:** | Roma Petkauskas |
| | 250 Rockets Way |
| | Richmond, Virginia 23231 |
| Dennis R. Suplee | |
| SCHNADER HARRISON SEGAL & LEWIS LLP | |
| 1600 Market Street, Suite 3600 | */s/ Richard Collins, Esq* |
| Philadelphia, PA 19103 | Richard Collins, Esq. |

Exhibit A

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: NATIONAL FOOTBALL LEAGUE      |      No. 2:12-md-02323-AB
PLAYERS' CONCUSSION INJURY         |      MDL No. 2323
LITIGATION                                 |

## <u>RESPONSE TO MOTION FOR ORDER TO SHOW CAUSE BY BROWNGREER</u>
### (Re: Documents # 11429, and Corrected 11430)

In response to BrownGreer's Motion for Order to Show Cause against the underlying

firm, undersigned counsel clarifies the simplicity of its Florida Court action and the abject non-

involvement with legitimate civil NFL Claims investigations, but solely acting to protect

attorney work product and attorney client privileged communications that have been breached.

Undersigned law firm has the legal and professional ethical obligations to protect attorney work

product and attorney client communication privileges and is required by law and rules of

professional responsibility to do so when our law firm has been the victim of an illegal breach of

our email servers, as perpetrated by, or facilitated by Defendants. The Undersigned also has the

right to have these criminal violations adjudicated free of the bias of the purview of the NFL

Concussion Settlement. We are claiming legal, ethical, and criminal violations that, on their face,

have nothing to do with the Rules of the NFL Concussion Settlement, nor the Eastern District of

Pennsylvania. Our email was hacked by Defendants, and/or by consent for related parties to

illegally hack our private law firm email servers. Simply stated.

The Complaint seeking Injunctive Relief is in no way a ploy to intermeddle with the NFL

Concussion Claims processes. Rather, the named Defendants in our Complaint seeking

Injunctive Relief, rightly filed in the Second Judicial District, in and for Leon County, Florida,

where the law firm is located and where the violation has taken place, is seeking relief from the

<u>crime</u> committed against this law firm by the outright, admitted, and evidenced <u>hacking of our</u>

1

private law firm email server.  In so doing, Defendants are blatantly violating our Constitutional right to privacy, (Florida) State law against illegal wire-tapping and our right to protect attorney work product and attorney-client communication privilege.

This matter has <u>nothing</u> to do with the NFL Concussion Settlement in so far as this law firm properly asserting its rights to prevent the willful criminal conduct that has victimized this law firm, as perpetrated directly, or as accessories, by all of the named Defendants to our Complaint Seeking injunctive Relief, filed in State Court. By demanding our Federal and State rights not to be victimized by the aforementioned criminal conduct of illegal wire-tapping, we emphasize that our Complaint Seeking Injunction <u>not</u> be biased under the wrongful purview of this Court, as our Complaint, on its face, has nothing to do with the NFL Concussion Settlement. <u>Our civil rights have been violated</u>, and in no instance in the Rules of the NFL Concussion Settlement are such unconstitutional criminal violations perpetrated by the NFL Claims Administration and related parties in pursuit of a civil investigation regulated. This court does not have the right, nor is equipped to adjudicate the matter at issue by claiming original jurisdiction. This court does not have original jurisdiction over the abovementioned criminal violations.

Over two months ago, undersigned reasonably and professionally requested in writing that BrownGreer and other Defendants disclose the source of the illegal breach of this law firm's attorney work product and attorney client communication privileges.  These inadvertent communications mistakenly sent to a <u>non-existent</u> in-house email address had nothing to do in any fashion with any NFL claim.  To cover its willful misconduct, BrownGreer choses to hide its illegal activities, and has offered no response to our written inquiries as to how they illegally received such information.

In a failed attempt to obfuscate the basic and simple goals of protecting attorney work product and attorney client communication privilege, BrownGreer's Motion for Order to Show Cause and extensive exhibits now tries to claim that criminally violating these privileges is essential for civil investigations.  That is simply not so.  No court of law would permit this willful misconduct.

BrownGreer claims there is exclusive federal jurisdiction in the United States District Court for the Eastern District of Pennsylvania to adjudicate criminal violations of attorney work product and attorney client communication privileges of this firm or any law firm.  That is false. These foundational rights are the jurisdiction of every attorney in every state and federal court and every attorney can apply to the courts in their respective state to protect and enforce these rights.

What is particularly telling in its Motion for Order to Show Cause, is that BrownGreer admits its willful misconduct in violating foundational legal attorney work product and attorney client communication privileges.

BrownGreer admits that it is, at the very least, willfully complicit in an illegal breach of attorney client work product and communication privileges, for which they were put on notice over two months ago in writing by the Undersigned.  In their current Motion for Order to Show Cause BrownGreer finally admits that there is a "confidential informant" that it willfully works with to perpetrate this legal and professional misconduct.  Consequently, only through filing the disputed state court injunction action to protect its attorney client work product and communication privileges has any information relating to this criminal violation been provided by Defendants.

There can be no "confidential informant" under the sun who has access to our law firm email servers, unless illegally begotten by the Defendants, or by another agency who illegally transmitted this information to Defendants, who are in turn accessories to this crime. Under the law and rules of professional responsibility, undersigned's law firm is entitled to know the details and source of this willful breach of these foundational legal privileges.

WHEREFORE undersigned hereby implores that BrownGreer and the other Defendants, who are engaged in willful criminal misconduct and abuse of their authority granted by the Honorable Judge Brody, be investigated and sanctioned for this misconduct in the proper venue, which is not within the original jurisdiction of this Court. Our Complaint Seeking Injunctive Relief, rightly filed in the Second Judicial Circuit, in and for Leon County, Florida, seeks the immediate termination of this willful criminal misconduct of wire-tapping, in violation of the attorney work product and attorney client communication privileges of this law firm, and that the sources of the current breaches and any others involving this law firm be judicially compelled to be provided to the undersigned by the proper Court. Defendants have acknowledged that they have engaged in these legal, ethical, and criminal violations in pursuit of a civil investigation by admitting to a "confidential informant," and further, after being put on notice that the information at issue was obtained via illegal wire-tapping, have acquiesced to the use of such information in a civil investigation, have thereby unquestionably committed a criminal act directly, or are accessories to a criminal act.

Undersigned also requests, on behalf of any other law firm that may have been subject to such willful misconduct by BrownGreer, in violation of these foundational privileges, that these other law firms be informed of breaches of their attorney work product and attorney client

communication privileges so that they can act as they are required under the law and rules of professional conduct to protect these privileges.

Respectfully submitted,

*/s/ Richard Collins*
Richard Collins, J.D.
Florida Bar No.: 161195
Collins & Truett Attorneys, P.A.
113 South Monroe Street
Tallahassee, Florida - 32301
Dick@CollinsTruett.com

**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response to Motion for Order to Show Cause has been served by electronic mail, on this 14th day of July, 2021, upon the following:

**Special Masters:**

Lawrence F. Stengel
289 Granite Run Drive, Suite 300
Lancaster, PA 17601

Perry Golkin:
500 Park Avenue, 4th Floor
New York, NY 10022

**Counsel for Special Masters Wendell Pritchett, Jo-Ann M. Verrier and David Hoffman:**

Dennis R. Suplee
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103

**HML Group, LLC:**

HML Group, LLC
727 Shropshire Drive
West Chester, PA 19382
**BrownGreer, PLC:**
Orran Brown, Sr., and
Roma Petkauskas
250 Rockets Way
Richmond, Virginia 23231

*/s/ Richard Collins, Esq*
      Richard Collins, Esq.

Exhibit B

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA

COLLINS & TRUETT ATTORNEYS, P.A.,

     Plaintiff,

v.                                CASE NO.:    2021 CA 001049
                                     JUDGE

ROMA PETKAUSKAS, in her individual
and official capacity, and BOWN & GREER,
PLC, a Virginia for profit corporation, SPECIAL
MASTERS, PERRY GOLKIN, WENDELLE E.
PRITCHETT, JO-ANN M. VERRIER, LAWRENCE
F. STENGEL, and DAVID HOFFMAN, and
HML GROUP LLC,

     Defendants.

_____/

## **COMPLAINT FOR TEMPORARY AND PERMANENT INJUNCTION**

**COMES NOW** Plaintiff, COLLINS & TRUETT ATTORNEYS, P.A.,

("COLLINS FIRM") through undersigned counsel, pursuant to Florida Rule of

Professional Conduct 4-1.6,[1] Florida Rule of Civil Procedure 1.610, and

1.280(b)(3), Florida Rules of Evidence § 90.502, Federal Rule of Civil Procedure

45, § 934.21, Florida Statutes, and 18 U.S.C. section 2701(a) (unlawful access to

---

[1] Defendants are licensed attorneys under the obligations of the Virginia, New York, and Pennsylvania Bar Rules of Professional Conduct, which have parallel rules of professional conduct that Defendants are required to protect and are violating.

stored communications),[2] and hereby requests a Temporary and Permanent Injunction protecting not discoverable attorney work product privilege documents and communication from invasion and use by ROMA PETKAUSKAS, an employee of BROWN & GREER, PLC, in her individual and official capacity, from invasion and use by BOWN & GREER, PLC, a Virginia for profit corporation, and known tacit approval and participation by SPECIAL MASTERS PERRY GOLKIN, WENDELLE E. RITCHETT, JO-ANN M. VERRIER, SUSAN M. LIN, LAWRENCE F. STENGEL, DAVID HOFFMAN, and HML GROUP, LLC.

Plaintiff did not want to file this injunction, but upon informing Defendants of the violations and requesting an explanation, has received no response from the Defendants as to their violations of protected attorney work product and attorney client communications.  As a result, Plaintiff is required to file this Complaint for Temporary and Permanent Injunction in order to protect attorney work product and attorney client communications from illegal acquisition and usage as he is required

---

[2]18 U.S.C. § 2701(a), provides, Except as provided in subsection (c) of this section whoever—(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished (felony) as provided in subsection (b) of this section.

to do under applicable Florida and Federal statutes and applicable Rules of
Professional Conduct.  As grounds therefore, COLLINS FIRM states:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, COLLINS FIRM, is a Florida law firm, located at 113 S.
Monroe Street, Tallahassee, Florida 32301, with Richard B. Collins as senior
partner and former Bar president (TBA, FDLA, ABPLA), having practiced law
since 1973.

2.      Defendant, ROMA PETKAUSKAS, is a Virginia lawyer that works
for Defendant, BROWNGREER, PLC, a Virginia law firm and for profit company
at 250 Rockets Way, Richmond, Virginia 23231, as an auditor.

3.      Defendants SPECIAL MASTERS are Pennsylvania and New York
lawyers, including PERRY GOLKIN, 500 Park Ave 4th FL, New York, NY 10022;
WENDELL E. PRITCHETT, University of Pennsylvania Law School, 1901
Walnut Street, Apt. 16C, Philadelphia, PA 101-3; JO-ANN M. VERRIER, 3501
Sansom Street, Philadelphia PA 19104; SUSAN M. LIN, Kairys Rudovsky
Messing Feinberg & Lin, LLP, The Cast Iron Building, 718 Arch St, Suite 501
South, Philadelphia, PA 19106; Honorable LAWRENCE F. STENGEL, Saxton &
Stump, 280 Granite Run Drive, Suite 300, Lancaster, PA 17601, DAVID
HOFFMAN, University of Pennsylvania Law School, 3501 Sansom St.,
Philadelphia, PA 19104; and HML GROUP, LLC, 727 Shropshire Drive, West

Chester, PA, 19382, work for the Court and with Defendants Attorney ROMA

PETKAUSKAS and BROWNGREER law firm.

    4.    Defendants Attorney ROMA PETKAUSKAS and BROWNGREER

law firm, as supervised and monitored by SPECIAL MASTERS, have apparent

access to COLLINS FIRM'S attorney work product emails and email server that is

not authorized by the COLLINS FIRM, nor by Federal Rule of Civil Procedure 45;

nor Rule 10 of the Rules Governing the Audit of Claims as found in the NFL

Concussion Settlement; nor by Rule 1.280(b) and (c), Florida Rules of Civil

Procedure; nor by Rule 4-1.6, Florida Rules of Professional Conduct; nor by

Florida Rule of Evidence §90.502, and are in violation of § 934.21, Florida

Criminal Statutes and Federal Criminal Code 18 U.S.C. § 2701(a).

    5.    Pursuant to Florida Rule of Civil Procedure 1.610 and 1.280(b) and

(c), Florida Rules of Professional Conduct 4-1.6, Florida Rule of Evidence

§90.502, Federal Rule of Civil Procedure 45, § 934.21, Florida Statutes and

Federal Criminal Code 18 U.S.C. § 2701(a), COLLINS FIRM is seeking to enjoin

Defendants from access to attorney work product and attorney-client

communications found in its emails and email server.

    6.    Plaintiff has offices in the Second Judicial Circuit in and for Leon

County, Florida, its primary office, and is requesting injunctive relief pursuant to

Florida Rules of Civil Procedure before the Court in the Second Judicial Circuit in and for Leon County, Florida. Therefore, jurisdiction is appropriate in this venue.

## FACTS

7. Attorney ROMA PETKAUSKAS is a Virginia attorney and auditor for BROWNGREER, PLC, and works under the authority and supervision of the SPECIAL MASTERS and has been tasked with civil audits of NFL Claims pursuant to the Rules Governing the Audit of Claims as found in the NFL Concussion Settlement, and Federal Rule of Civil Procedure 45, on behalf of the Federal Court Judge Honorable Anita Brody in the case of *In Re: National Football League Players' Concussion Injury Litigation*, Case No.: 2:12-md-02323-AB MDL-2323 (E.D. PA.).

8. As part of attorney ROMA PETKAUSKAS' civil investigative audits, pursuant to Rule 10 of the Rules Governing the Audit of Claims as found in the NFL Concussion Settlement, under the authority of Federal Rule of Civil Procedure 45, subpoena power, she regularly requests answers to information requests to individuals and law firms to determine validity of various NFL Claims submissions.

9. As part of attorney ROMA PETKAUSKAS' civil investigative process, the Federal Rule of Civil Procedure 45 subpoena questions, discussed in paragraph 14, *supra*, presented by attorney ROMA PETKAUSKAS to the

COLLINS FIRM demonstrate criminal violations and an unauthorized breach of protected attorney-client communications and attorney work product privileged documents that has not been sought, requested or waived.

10.     There was no subpoena nor request for access to these privileged and protected matters and records.  Nor was there an opportunity to protect this information by filing a motion to quash or modify the subpoena, and a hearing and ruling by the Court, as is required under Federal Rule of Civil Procedure 45(d)(3)(A)(iii), Protecting a Person Subject to A Subpoena; Enforcement, Quashing or Modifying a Subpoena.

11.     Attorney ROMA PETKAUSKAS submitted questions concerning a non-existent email address that has no recipient and was copied to only non-NFL claims related clients, co-counsel, and staff for the COLLINS FIRM.

12.     Attorney ROMA PETKAUSKAS questions demonstrate an intentional, unauthorized, illegal and criminal security breach of Electronic Communications Service (ECS) undertaken by the auditors, and/or related parties, which violate Federal and Florida privacy laws, Federal Rule of Civil Procedure 45, Florida Rule of Civil Procedure 1.280, Florida Rule of Evidence § 90.502, Florida Rules of Professional Conduct 4-1.6, and criminal statutes, including but not limited to § 934.21, Florida Statutes, and 18 U.S.C. § 2701(a), and the known protections afforded attorney work product and attorney-client communications.

Further, the COLLINS FIRM has not and is not waiving any legal rights to privacy or attorney-client privilege and attorney work product, or its rights under Federal Rule of Civil Procedure 45(D)(3)(iii), Florida Rule of Civil Procedure 1.280, or Florida Rule of Evidence § 90.502, or Florida Rules of Professional Conduct 4-1.6, in response to these questions.

13.    Attorney ROMA PETKAUSKAS on April 19, 2021, under the authority of Federal Rule of Civil Procedure 45 subpoena, asked questions about a non-existent email address that was inadvertently used only a few times and never received by any party that had any relation to any NFL claim.  Exhibit A, Copy of Attorney ROMA PETKAUSKAS' April 19, 2021, forwarded email to COLLINS FIRM.  Note, this April 19, 2021, email from attorney ROMA PEKAUSKAS has been inexplicably removed from COLLINS FIRM server and incoming emails. Fortunately, attorney ROMA PEKAUSKAS' incoming email was forwarded, and a copy is contained in Exhibit A.

14.    Attorney ROMA PETKAUSKAS was specifically asked:

how this civil investigation is illegally obtaining the aforementioned confidential privileged information. It is impossible for an anonymous tipster (or anyone on Earth) to provide the auditors with the type of protected information that they have presented in their line of questioning, save for the auditors illegally breaching our protected and secure email servers, or a related entity or agent thereof illegally providing the auditors with such information.

Exhibit B, April 22, 2021, Letter to Attorney ROMA PETKAUSKAS.  It is now
51 days since the information was requested, and no response has been given.

     15.    Attorney ROMA PETKAUSKAS was informed by the COLLINS

FIRM through Richard B. Collins that:

> When I did use this email address in error, neither the subject matter nor
> any proposed recipients had anything to do with, or are related to NFL
> matters. <u>But, by virtue of the fact that you have an awareness of this non-
> existent email address inadvertently used by me for communications a few
> times, having nothing to do with NFL matters, we conclude that you now
> have access to our in-house email servers</u>. The honest thing to do would be
> to inform us of this intentional security breach. There is no other logical
> deduction that we can draw from this question #12, except for the fact that
> you have illegal access to our law firm's outgoing emails.

*Id*.  It is now 51 days since the information was requested, and no response has

been given.

     16.    Attorney ROMA PETKAUSKAS, law firm BROWNGREER, PLC,

and SPECIAL MASTERS, as attorneys, and their agents, HML GROUP, LLC,

have ongoing illegal access to and use of COLLINS FIRM emails and email

servers as an ECS, and is criminal conduct, as found in § 934.21, Florida Statutes,

and 18 U.S.C. § 2701(a), Unlawful Access to Stored Communications; Penalties

(including felony).  The emails and email servers as an ECS, are replete with

protected attorney work product and attorney-client privileged communications,

and there is no apparent remedy within Rule 10 of the Rules Governing the Audit

of Claims, as no party receives notice of these intentional, illegal and criminal breaches.

17.     The SPECIAL MASTERS as attorneys licensed in New York and Pennsylvania, have ongoing oversight and supervision of attorney ROMA PETKAUSKAS and law firm BROWNGREER, PLC, have hired HML GROUP LLC, with a leadership team of former FBI agents and ties to the FBI, to assist them, and have not instructed them not to invade attorney work product privilege nor attorney client communication privilege documents and correspondence, including emails and email servers of COLLINS FIRM, and other law firms, that necessarily contain protected attorney work product and attorney-client privileged communications. They have failed to supervise to ensure that auditors and investigators do not engage in criminal conduct.

18.     Moreover, upon information and belief, law enforcement is violating their legal and professional obligations "not" to share confidential or protected criminal investigative information that has not received a waiver of protection privileges by COLLINS FIRM in a civil or criminal proceeding, in a civil proceeding with attorney ROMA PETKAUSKUS, and Defendants. Law enforcement is not authorized to share confidential privileged investigative materials obtained from a confidential criminal search warrant with Defendants in

a civil context as this is prohibited by law, under 5 U.S.C. § 552a, and as cited above, yet appears to be doing so.

19.     This unbridled, illegal and criminal abuse of discovery by Defendants, as lawyers, and by their agents, such as HML GROUP, LLC, and their receipt of illegal information due to their ties to the FBI, as well as known violations of Federal and Florida Rules of Civil Procedure, Florida and Federal criminal law, and Florida, Virginia, New York, and Pennsylvania Rules of Professional Conduct, while engaging in direct or tacit support of criminal conduct, cannot be countenanced.

20.     As United States Attorney Robert Jackson observed: "While the prosecutor at his best is one of the most beneficent forces in our society, when he acts from malice or other base motives, he is one of the worst." The base motives of abuse and harassment involved in the auditors and Special Masters' prosecution to deny NFL claims, and criminal conduct in hacking emails and email servers, accomplishing nothing but tarnishing the reputation of Judge Brody's delegation to auditors and Special Masters with whom she has placed her trust, and the needless and trivial-based delay of NFL claims.

## COUNT I
## TEMPORARY AND PERMANENT INJUNCTION

21.     Plaintiff realleges and incorporates paragraphs 1 through 20, as if fully restated herein, and alleges:

22.     It is clear that immediate and irreparable injury, loss and damage from the violations of attorney work product privilege and attorney-client communication privilege is and will continue to take place if a temporary and permanent injunction is not granted.

23.     Attorney work product and attorney-client communications privilege is established in Florida law and discussed in Florida Rule of Civil Procedure 1.280 (b), and protects privileged documents and communications, including but not limited to emails, communications, investigative materials, reports, information gathered by attorneys or employees, memoranda, documents related to potential theories of liability, factual summaries and billing records.

24.     Florida Rule of Civil Procedure 1.610 permits the granting of a temporary and permanent injunction.

25.     No bond is required as there is no potential economic harm to Defendants that would justify the need for a bond, as all that is requested is to not invade protected information, not to engage in illegal and criminal conduct, which as lawyers, the Defendants should and do know that they are not to violate Federal and Florida Rules of Civil Procedure, and illegally and criminally invade protected information.

WHEREFORE COLLINS FIRM hereby requests an injunction staying any further access to or use of emails or email server, and disclosure of the source of

this breach so that the COLLINS FIRM can act to protect its attorney work product privilege and attorney client communications privilege documents and communications, including but not limited to:

1.    For general damages and any damage permitted by Florida law to be awarded to the COLLINS FIRM for a breach of its attorney work product privilege and attorney-client communications privilege as found in its ECS and emails;

2.    For attorney's fees and costs in having to bring this action;

3.    For protection of any other Florida law firm, or any other law firm in the United States, from Defendants' breach of law firm attorney work product privileged and attorney-client communications privilege as found in their documents, ECS, and emails, and violations of the Federal and Florida Rules of Civil Procedure, and rights to privacy; and

4.    For such other and further relief as the Court deems just and proper.

Respectfully submitted on this 14th Day of June 2021.

*/s/ Richard Collins*
Florida Bar No. 161195
Collins & Truett Attorneys, P.A.
113 S. Monroe Street
Tallahassee, Florida  32301
Telephone: (833) 496-8529
E-Mail: Dick@CollinsTruett.com

# EXHIBIT A



Dick Collins <dick@collinstruett.com>

## Fwd: Richard Collins - Response to NFL Audit Inquiry

1 message

**Dick Collins** <dick@collinstruett.com>                                        Mon, Apr 19, 2021 at 1:40 PM
To: ████████████████████

*Richard B. (Dick) Collins*
Richard B. Collins
Collins & Truett Attorneys, P.A.
1415 East Piedmont Dr.
Tallahassee, Fl 32308
www.CollinsTruett.com
Email: Dick@CollinsTruett.com
(850) 765-5798   Mail Line
(850) 216-2537   FAX



**Collins & Truett Attorneys, P.A.**



8333 N.W. 53rd Street
Suite 450
Doral, Florida - 33166
(833) 4YOULAW

PLEASE NOTE: This message, including any attachments, may include privileged
or confidential information. Any distribution or use of this communication by
anyone other than the intended recipient(s) is strictly prohibited. If you are
not the intended recipient, please notify the sender by replying to this message and delete
it from your system.

Begin forwarded message:

**From:** Roma Petkauskas <rpetkauskas@browngreer.com>
**Subject: RE: Richard Collins - Response to NFL Audit Inquiry**
**Date:** April 19, 2021 at 12:15:57 PM EDT
**To:** Dick Collins <dick@collinstruett.com>

Mr. Collins:

We have some follow-up questions for you and ask that you respond by **4/29/21.** The "you" in all
questions means each lawyer or representative, employee or agent of a lawyer or law firm involved in the
Monetary Awards you or your firm has submitted.

Your complete, honest responses will help us to move forward with this matter and we thank you in
advance for your cooperation. We appreciate any additional information you can provide to help answer
our questions and provide context surrounding your firm's representation of players in this Program.

As a reminder, Pursuant to Rule 10 of the Rules Governing the Audit of Claims adopted by the Special
Masters appointed by the federal court overseeing this Settlement, any request for information from us
has the force and effect of a subpoena under Rule 45 of the Federal Rules of Civil Procedure. You must
respond to these questions and provide all information and documents requested in detail. If you do not
understand a question for some reason, then contact us and we will explain. The Monetary Award claims
subject to this Audit investigation will be held until complete information and documents are provided.
Objections and incomplete answers can lead to the denial of the claims.

This request is confidential. Except for your own lawyer, you may not discuss this request with any other
parties, including third party witnesses and medical examiners, unless necessary to provide complete
answers. Additionally, pursuant to Audit Rule 9, you must preserve all information and records related to
the claims from the Retired NFL Football Players you represent.

Here are our questions:







12. Who is ███@collinstruett.com?  Provide this individual's name and contact information, as well as his relationship or position with Collins & Truett.

15.  Did anyone help you prepare the answers to these questions?  Who was it?  How did they help?  Thank you.
Roma

# EXHIBIT B



**COLLINS & TRUETT, P.A.**

ATTORNEYS AT LAW

8333 N.W. 53rd Street

Doral, Florida. 33166

(833) 496-5798 - Dick@CollinsTruett.com

4/22/21

Mrs. Petkauskas,

Thank you for your continued work to ensure the integrity of the NFL Claims process. We will continue to provide prompt and truthful answers to the best of our ability to any and all questions inquiring about non-privileged attorney-client and attorney work product matters. We are formally asking you what <u>specific claim submission from Collins & Truett</u> this general audit pertains to, and what is the concern with that specific claim, or claims? From review of the audit rules, it is clear that audits must be claim-based. Any delay arising from this general audit is causing harm to the retired NFL players that are our clients.

As part of this civil investigative process the questions presented by the auditor clearly demonstrate an unauthorized breach of protected attorney-client communications and attorney work product privileged documents; in so far as your addressing a non-existent email address that has no recipient (See question 12 below), and an email used by a client for his cases (See question 13 below), etc. These questions, et.al., unequivocally demonstrate an illegal security breach undertaken by the auditors, and/or related parties, which violate federal and Florida privacy laws. Further, this law firm has not and is not waiving any legal rights to privacy or attorney-client and attorney work product privileges in response to these questions.

As part of our mutual accountability, this firm respectfully requests similar truthful and accurate information from the auditor as to how this civil investigation is illegally obtaining the aforementioned confidential privileged information. It is impossible for an anonymous tipster (or anyone on Earth) to provide the auditors with the type of protected information that they have presented in their line of questioning, save for the auditors illegally breaching our protected and secure email servers, or a related entity or agent thereof illegally providing the auditors with such information. Note, it is a federal and Florida civil and criminal violation to invade the privacy of these privileged private communications in a civil proceeding. It is also a criminal violation for any criminal investigators to share privileged private communications with a civil investigation. We are requesting to know the source of these very evident civil and criminal violations.

1



## COLLINS & TRUETT, P.A.

ATTORNEYS AT LAW

8333 N.W. 53rd Street

Doral, Florida. 33166

(833) 496-5798 - Dick@CollinsTruett.com

COLLINS & TRUETT, P.A.
ATTORNEYS AT LAW
8333 N.W. 53rd Street
Doral, Florida. 33166
(833) 496-5798 - Dick@CollinsTruett.com

# COLLINS & TRUETT, P.A.
## ATTORNEYS AT LAW
8333 N.W. 53rd Street
Doral, Florida. 33166
(833) 496-5798 - Dick@CollinsTruett.com



### COLLINS & TRUETT, P.A.
ATTORNEYS AT LAW
8333 N.W. 53rd Street
Doral, Florida. 33166
(833) 496-5798 - Dick@CollinsTruett.com



**COLLINS & TRUETT, P.A.**
ATTORNEYS AT LAW
8333 N.W. 53rd Street
Doral, Florida. 33166
(833) 496-5798 - Dick@CollinsTruett.com

███████████████████████████████████

███████████████████████████████████

████████████████████████

12.   Who is ███@collinstruett.com?  Provide this individual's name and contact information, as well as his relationship or position with Collins & Truett.

The "███@collinstruett.com" email address you speak of does not exist, nor has it ever existed. There is no ███ at Collins & Truett. In communications with ██████████ about the prior referenced cases (see my 3/18/21 response to the auditors, excerpted below), I must have inadvertently typed in ███@collinstruett.com at some point in the past. I am 72 years old, and admittedly have technology challenges. Since I erroneously typed that email in one time it now automatically shows up on my email every time I type the letters "█." Apparently, this <u>non-existent email address</u> ███@collinstruett.com automatically populates in the recipient line now, and I must not have caught it.

As addressed at the beginning of this response, I have observed that I erroneously used this non-existent email address a very few times, and that no one ever received those emails (because ███@collinstruett.com does not exist). When I did use this email address in error, neither the subject matter nor any proposed recipients had anything to do with, or are related to NFL matters. <u>But, by virtue of the fact that you have an awareness of this non-existent email address inadvertently used by me for communications a few times, having nothing to do with NFL matters, we conclude that you now have access to our in-house email servers</u>. The honest thing to do would be to inform us of this intentional security breach. There is no other logical deduction that we can draw from this question #12, except for the fact that you have illegal access to our law firm's outgoing emails. A court of law would assuredly agree. Again, ███@collinstruett.com is a non-existent email address, subsequently with no possible recipients. The only way the auditors would have knowledge to inquire about such a non-existent email address with no possible recipients is that they, related parties, or their agents have illegally gained or transmitted access to our law firm emails. We are looking into the legality of this type of security breach by the NFL Claims Administrator Auditors, the NFL, Special Masters, and/or other related entities and agencies as related to a civil investigation. We are preparing to prosecute and draft requests for discovery.

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

████████████

6



## COLLINS & TRUETT, P.A.
### ATTORNEYS AT LAW
8333 N.W. 53rd Street
Doral, Florida. 33166
(833) 496-5798 - Dick@CollinsTruett.com