UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |

## SUR-REPLY TO MOTION FOR ORDER TO SHOW CAUSE BY DEFENDANTS

In this Sur-Reply to BrownGreer, Roma Petkauskas, Audit Staff, and Special Masters ("Defendants") Motion for Order to Show Cause against the underlying firm, Defendants have now confirmed either: (1) their fraudulent misrepresentations that there are individuals going through the private dumpster of a law firm in order to cover up their illegal wire-tapping and hacking of the Undersigned's private email server; or (2) their criminal complicity in violating Florida law in trespassing into a private dumpster, which is clearly marked "NO TRESPASSING." The evidence heavily weighs towards the former. In either case, both substantiate criminal liability. The documented approach and tactics that Defendants bring to these investigations has now manifested itself in the form of OVERLY ATTENUATED AND WEAPONIZED AUDITS, which the undersigned will address in federal proceedings. Notwithstanding, the filing of this current Injunction proceeding has nothing to do with the NFL Claims investigations, rules, or the overall settlement. The criminal activity that has befallen the Collins & Truett law firm at the hands of Defendants is the same thing as if ROMA PETKAUSKAS illegally climbed up the side of the Undersigned's, or even the Honorable Judge Brody's home at night, and peered into the bedroom window taking note of what is going on inside of their private residences, in order to use such information for whatever reason in a civil proceeding; particularly to use this information to attempt to harm the reputation and welfare of the inhabitants, with no legally sound basis to do so. The above noted criminal activity falls in

1

the <u>same exact category</u> as: (1) Defendants' hacking the Undersigned's private and legally protected law firm email servers, which directly infringes upon the law firm's Constitutional rights to privacy and violates attorney work product and attorney-client privileges; and/or (2) Defendants illegally entering, or acting in complicity to the illegal entering, of a "NO TRESPASS" private dumpster, thereby violating the same rights as above.  This must cease.

      Our Complaint Seeking Injunctive Relief from the strongly evidenced criminal activity that has befallen this law firm by the arrogant and smug hands of Defendants serves to publicly expose their exhibitions of misplaced, excessive, and illegal assumptions of power and authority, which has in turn resulted here in their outright breaking of the law, and their further calling upon the Judicial Panel on Multidistrict Litigation ("JPML") and the Eastern District of Pennsylvania Federal Court ("EDPA") in order to mislead them into further enabling this criminal behavior; by claiming the false pretense of "exclusive jurisdiction" under the EDPA (to adjudicate a claim of criminal wire-tapping and/or criminal trespass). The Undersigned's Complaint Seeking an Emergency Injunction, requesting relief from Defendants explicit criminal activity, has no place within either judiciary, the JPML, nor EDPA. Notwithstanding, Defendants repeatedly defuse and deflect from the core issue of their criminal liability, and do not honestly address their role in the crimes at issue, but rather present a smokescreen of other issues having nothing to do with our Complaint Seeking an Injunction. In their ongoing flurry of pleadings in the Northern District of Florida ("NDFL"), EDPA, and now in the JPML, Defendants blatantly attempt to convolute the purpose of our Complaint, and masterfully conflate the basis of our Complaint to **look *as if* it appears** <u>to fall under the purview of the NFL Concussion Settlement</u>. It most certainly does not. They broke the law and Undersigned wants it to stop. Period. Consider the following:

First, the likelihood of a "confidential informant" going through the private "NO TRESPASS" dumpster for a law firm "next to their office building" on a daily basis to remove unsanitary trash and go through this biohazardous refuse and sewage to find private papers is beyond remote. Our research indicates that unsanitary biohazardous refuse and sewage of all types, with COVD 19 implications, are placed within this private dumpster. Further, how would this "confidential informant" know when and what to look for in a law firm's private dumpster, which is shared with a multitude of other private businesses located in that same office complex? *See* Exhibit A, photo was taken of the private dumpster at issue; and Exhibit B, photo of contents in private dumpster.  Finally, there is explicit and obvious "NO TRESSPASSING" signage on this private dumpster. *Id.*

All said, it is more likely than not that Defendants are *not* being honest in their "confidential informant" explanation, and they are attempting to *deflect* from their criminal activity of wire-tapping, wire fraud, and law firm email hacking, and/or criminal trespassing. This painfully speaks to the fact that the adjudication of our Complaint Seeking Injunctive Relief from this criminal activity has absolutely no place in the Eastern District of Pennsylvania Court, nor under the purview of the NFL Settlement Rules, nor under the purview of ANY class action settlement rules.

There are no civil class action settlement agreements in history that promote, or even address the State and Federal criminal violations the likes of which has happened here. And yet, Defendants continually keep embellishing and adding to the fabricated story that a "confidential informant" illegally entered a private law firm's dumpster, falsely asserting that this 'story' exonerates them from the liability of their engaging in criminal behavior. This is absolutely, 100%, <u>not</u> a matter to heard under the jurisdiction of the MDL 2323 NFL Concussion Settlement

rules, as the core of the matter <u>has nothing to do with the NFL concussion Settlement audit process.</u> Defendants broke the law, and Undersigned's law firm, its staff and its clients are seeking an Emergency Injunction to estop this criminal activity from occurring to the Collins & Truett law firm, and to legally compel discovery as to how Defendants have an awareness of the few emails that were erroneously sent to a **non-existent internal email address**.

  In response to our demand that attorney work product and attorney-client privileges be respected, and the request that the criminal violations thereof be disclosed, Defendants defiantly project their own manipulative and arrogant distortions onto the undisputed criminal acts, whose undertaking has unequivocally caused harm to the victims of these violations. Rather, Defendants smugly keep silent and continue to hide their (fabricated) source, stating: "We [BrownGreer, Audit Staff, and Special Masters] were stunned by that <u>outlandish</u> allegation and <u>knew</u> it was <u>fanciful</u>." Reply by Claims Administrator, Declaration of Roma Petkauskas, p. 7. Doc. 11441. Seriously, "*knew* it was fanciful"? Breaking into confidential attorney work product and attorney client communications and the concerns this raises are not outlandish and are clearly not fanciful. Just what kind of locked-in mindset are Defendants bringing to these investigations? Mrs. Petkauskas then states, "We [BrownGreer, Audit Staff, and Special Masters] assumed it was just another smokescreen to throw us off track." *Id.* Again, "smokescreen" or "to throw us off track". Smokescreen or off track from what? Where is this manipulation of reality coming from? Mysterious "criminal informants"? Career incentives? There can be no smokescreen to permit violations of attorney work product and attorney client privileges. Protecting these rights is clearly not off track. In fact, the protection of these rights is legally and ethically required of a law firm.

Regardless of Defendants' false claim that Collins & Truett has an IT person to manage IP addresses, potential breaches, network security, or has security logs, a law firm's email servers can still be hacked <u>undetected</u>, especially by parties and agencies related to Defendants, as the evidence indicates has occurred here. Alternatively, concurrently, and just as significantly, if Defendants are being honest about some "confidential informant," illegally trespassing into a law firm's private dumpster to unearth documents that are being used to render harm to Undersigned's official law firm's business, and to his clients, Undersigned demands the legal right to engage in discovery against Defendants, requiring them to come clean and disclose who is engaging in this criminal trespass activity on their behalf. Otherwise, Defendants are knowingly participating in violating § 810.08, Florida Statutes—Trespass in Structure of Conveyance.[1]

Undersigned has observed that this private dumpster at issue specifically states, "NO TRESSPASSING", is not placed on the side of the road for public access, and rather is placed on the premises of a private business office complex. Defendants allege this private law firm dumpster was entered into by some "confidential informant," a story that evidence indicates has been wholly fabricated by Defendants to avoid the criminal liability of their wire-tapping and email hacking activity. However, if true, the "confidential informant" entered the private

---

[1] As outlined in § [810.08](), Florida Statutes, Trespass in Structure or Conveyance occurs when a person, without being authorized, willfully enters or remains in any structure (such as a building or dwelling) or conveyance. The offense can also apply where a person, who was initially authorized to enter the premises, refuses to leave after a warning to depart. To prove the crime at trial, the prosecution must establish the following three elements beyond a reasonable doubt:
1. the defendant willfully entered or remained in the structure/conveyance or having been authorized to enter, willfully refused to depart after being warned by the owner, lessee, or agent of the owner/lessee;
2. The structure or conveyance was in the lawful possession of the person alleging the trespass;
3. The entering in or remaining in the structure or conveyance by the defendant was without the permission, express or implied, of the person alleging the trespass (or his or her agent).
    o [Fla. Std. Jury Instr. (Crim) 13.3]()

dumpster area without permission, express or implied, and proceeded to engage in criminal trespass, that Defendants either consented to and/or are acting in complicity with. Under § 777.04(3), Florida Statutes, Criminal liability applies to the "confidential informant" and those knowingly complicit with the "confidential informant."[2] *See Chambers v. State of Florida*, Case No. 1D15-3135 (Fla. 1st DCA 2016)(prosecution for violating trespass from "dumpster diving" at Goodwill, with remand to determine valuation of theft and witness statements).

      Here, Defendants admit to their known complicity with the criminal acts of the "confidential informant" in their pleadings in this Court, that is if such "confidential informant" actually exists. The NFL auditor and named Defendant, ROMA PETKAUSKAS, under oath states, the "source informed me these emails were disposed of in a dumpster." Reply by Claims Administrator, Declaration of Roma Petkausksa, p. 6. Doc. 11441. Again, the stronger evidence points to Defendants' fabrication of this "confidential informant" story as a ploy to deflect from their actual criminal conduct of illegal wire-tapping. However, giving Defendants the benefit of the doubt, if these documents actually existed in hard copy, and were actually taken from a private dumpster, Mrs. Patkauskas, as representing the Defendants collectively, "agreed that the source would provide us with copies of those emails." *Id.* Defendants then attempt to defend their actions and concerns of criminality by relying on a statement by someone involved with criminal activities to say: "these copies were obtained legally." *Id.* That is false. From the elevated nature of the concern and response, Defendants knew of the potential criminality yet went forward with the enterprise. Attempting to lay blame on some mysterious "confidential

---

[2] Under Florida Statute Section 777.04(3), a "person who agrees, conspires, combines, or confederates with another person or persons to commit any offense commits the offense of criminal conspiracy." At trial, prosecutors must prove that (1) a defendant intended that a particular crime would be committed, and (2) an agreement existed between the defendant and at least one additional person to commit a particular crime.

6

informant" does not absolve their agreement and confederation with the "confidential informant." What mindset and motivation would lead BrownGreer, Audit Staff, and Special Masters down these criminal paths?

Finally, Defendants admit that the emails at issue had **nothing to do with NFL claims as these emails had no NFL claims involvement**. Defendants Orran Brown and Roma Petkauskas both state, "the emails . . . were unrelated to the NFL Concussion Settlement." *Id.*

Most importantly, Collins & Truett is required to know exactly who is breaching its attorney work product and attorney client privilege communications, either by wire-tapping and or criminal trespass, and to discover the who, what, when, where, how and why this happened so as to ensure these foundational privileges of the law firm are protected. **This is the sole purpose of the injunction and discovery requests**. Under the law of Florida and the United States, both the injunction and the answers to discovery need to be provided, and depending on the responses, a criminal investigation to ensue. There is no legitimate nexus to the NFL Concussion Settlement as criminality and violation of attorney work product and attorney-client privileges of a law firm complying with its professional responsibilities are always, *sine qua non*, distinct from any civil class action.

WHEREFORE undersigned hereby requests that Defendants, which are engaged in willful misconduct and abuse of their authority from the Honorable Judge Brody, be investigated for criminal conspiracy, and sanctioned for **willful misconduct** in violating attorney work product and attorney client communication privileges of this law firm, and that the sources of the current breaches and any others involving this law firm be rightfully provided to the Undersigned.

Undersigned also requests, on behalf of any other law firm that may have been subject to such criminal or willful misconduct by Defendants, in violation of these foundational privileges, that these other law firms be informed of breaches of their attorney work product and attorney client communication privileges, so that they can act as they are required under the law and rules of professional conduct to protect these privileges.

Respectfully submitted,

*/s/ Richard Collins*
Richard Collins, J.D.
Florida Bar No.: 161195
Collins & Truett Attorneys, P.A.
113 South Monroe Street
Tallahassee, Florida - 32301
Dick@CollinsTruett.com

***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Sur-Reply to Reply to Response to Motion for Order to Show Cause has been filed with the Eastern District of Pennsylvania via the Court's CM/ECF NextGen System on this 28th day of July, 2021, and that this filing is available for downloading and viewing from this Court's electronic filing system by counsel for the following parties:

**Special Masters:**

Lawrence F. Stengel
289 Granite Run Drive, Suite 300
Lancaster, PA 17601

Perry Golkin:
500 Park Avenue, 4th Floor
New York, NY 10022

**HML Group, LLC:**

HML Group, LLC
727 Shropshire Drive
West Chester, PA 19382
**BrownGreer, PLC:**
Orran Brown, Sr., and
Roma Petkauskas
250 Rockets Way
Richmond, Virginia 23231

8

**Counsel for Special Masters Wendell Pritchett, Jo-Ann M. Verrier and David Hoffman:**

Dennis R. Suplee
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103

                              */s/ Richard Collins, Esq*
                                Richard Collins, Esq.

# EXHIBIT A



# EXHIBIT B

