## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody, U.S.D.J. |

## REPLY IN SUPPORT OF THRIVEST'S MOTION TO AMEND RULES GOVERNING PAYMENT OF CLAIMS INVOLVING THIRD-PARTY FUNDERS (DKT. 11422)

Thrivest Specialty Funding, LLC n/k/a Balanced Bridge Funding LLC ("Thrivest") files this reply brief in support of its motion to amend the Rules Governing Payment of Claims Involving Third-Party Funders (the "Rules") and in response to the opposition filed by Class Counsel.

## ARGUMENT

Rather than addressing the merits of Thrivest's arguments or responding to the specific factual circumstances put forward to support the requested amendments, Class Counsel obfuscates the issues by engaging in speculation, name-calling and a series of "because I say so" arguments that do not apply to Thrivest and are neither grounded in the facts nor consistent with the Third Circuit's clear guidance. This reply addresses Class Counsel's arguments in turn.

**First,** engaging in circular reasoning that begins with a flawed premise, Class Counsel argues that the Court should deny Thrivest's motion because it would "walk back protections afforded to [Players] from prohibited assignments." (Opposition at p. 2). This ignores the entire thrust of Thrivest's motion. If the direct payment of Monetary Awards to Settlement Class Members is intended to protect them from "prohibited assignments," then those Rules should not be applied to Thrivest because the Third Circuit made clear that Thrivest's agreement is <u>not</u> a true assignment prohibited by Section 30.1 of the Settlement Agreement. The Third Circuit explained

that a true assignment is a "contractual provision[] that allow[s] the lender to step into the shoes of the player and seek funds directly from the settlement fund." See Nat'l Football League Players Concussion Inj. Litig., 923 F.3d 96, 110 (3d Cir. 2019).   After reviewing Thrivest's agreement, the Third Circuit concluded that "Thrivest's contract gave it only the right to receive settlement funds after the funds are disbursed to a class member"—i.e., that Thrivest's contract is not a true assignment prohibited by Section 30.1 of the Settlement Agreement.[1]  Id. at 112.   The Rules ordered direct payment to Settlement Class Members following the Court's February 20, 2018 Order targeting "improper assignments," but the Third Circuit subsequently explained that Thrivest's agreement is not an improper assignment.  As such, there is no basis for the Rules to "protect" Settlement Class Members from Thrivest and, as Thrivest's opening brief made clear, such "protection" has led to outcomes that are inefficient, inequitable, and not in the best interests of Settlement Class Members.  Because this "protection" leads to more problems than it solves, the Court should revise the Rules consistent with Thrivest's proposal.

**Second,** without responding to specific arguments in Thrivest's opening brief, Class Counsel flatly asserts that the Rules "comport with all relevant judicial decisions to date." (Opposition at p. 1).  Class Counsel's say-so is the only support for this unfounded assertion and Class Counsel repeatedly mischaracterizes the record to bolster its house of cards.

Class Counsel asserts that the "Third Circuit expressly reserved finding that any particular funding agreement was an assignment" and that "Thrivest finds no aspect of the decision of the

---

[1] Without support, Class Counsel asserts that funding agreements related to this action were usurious. Because Thrivest's agreement does not provide an absolute right to repayment, it is not a loan and thus not subject to the usury laws.  See Obermayer, Rebmann, Maxwell & Hippel v. West, et al., 725 F. App'x 153, 156 (3d Cir. 2018) ("Thus, a transaction that neither guarantees the lender an absolute right to repayment nor provides it with security for the debt is not a loan, and as a result, cannot be subject to New York's usury laws.").  Nevertheless, even if the usury laws did apply, Thrivest's agreement would comply because of the size of the advances involved.

2

Third Circuit to support it." (Opposition at p. 4, 7). These statements are false; in the plain and unmistakable language cited above, the Third Circuit expressly found that Thrivest's agreement was <u>not</u> a prohibited assignment and Thrivest's opening brief specifically cited those aspects of the Third Circuit's decision to show that the Rules violate the Third Circuit's clear guidance.

In yet another example of its attempted sleight of hand, Class Counsel says, "Thrivest, among other third-party lenders whose funding agreements were determined to have been assignments, appealed the Assignment Order (and related decisions), which the Third Circuit largely upheld on April 26, 2019." (Opposition at p. 4). Of course, the Third Circuit reversed the Court's December 8, 2017 Explanation and Order, specifically as it related to Thrivest, "to the extent the [] Court purported to void the cash advance agreements in their entirety and void contractual provisions that went only to a lender's right to receive funds after the player acquired them." <u>See</u> <u>Nat'l Football League Players Concussion Inj. Litig.</u>, 923 F.3d at 113. And so, while the Third Circuit upheld the Court's December 8, 2017 Explanation and Order in part, the part that matters here—whether Thrivest's agreement was a true assignment prohibited by the Settlement Agreement—was specifically and unequivocally reversed.

The Rules are not consistent with the Court's February 20, 2018 Order or with the Third Circuit's decision; Thrivest's agreement is <u>not</u> an "improper assignment" and so the Rules should not divert the flow of funds around the attorneys who would ordinarily receive them simply because the Settlement Class Member has a contract with Thrivest.

**Third,** without any evidence of attorney misconduct in the handling of Monetary Awards, Class Counsel attempts to justify the incongruity in the Rules by arguing that Thrivest's proposed amendments would leave Settlement Class Members "potentially at the mercy of the malfeasance

3

124876847.1

or misfeasance of individual counsel."[2]  (Opposition at p. 6).  Considering the direct evidence of Settlement Class Member malfeasance and misfeasance set forth in Thrivest's motion, this is an ironic boogeyman; however, it is not one that justifies a broad remedy based on the unsubstantiated premise that attorneys representing Settlement Class Members would violate their ethical and legal duties.  Indeed, as relevant here, the Rules were not designed to protect Settlement Class Members from their attorneys; they were designed to comply with the Court's February 20, 2018 Order directed at funders with "improper assignments."  With respect to Thrivest, that reasoning no longer justifies disparate treatment and Class Counsel cannot justify it after-the-fact with unsupported speculation about attorney misconduct.

**Fourth and finally**, Class Counsel suggests that the Court should deny Thrivest relief because the Court has "actively protected the rights of funders when they are successful in arbitration."  (Opposition at p. 5).  This argument misses the point.  Even when the Court has enforced arbitration awards and ordered Settlement Class Members to escrow disputed funds, they have ignored those orders, wasting the disputed funds through reckless spending rather than comply.  Thrivest's proposal—that the Monetary Awards be routed through the attorneys—does not modify any substantive rights, it merely preserves the disputed funds with the Settlement Class Member's attorney until those substantive rights are decided in the appropriate forum.  When the money is already gone, the Court's enforcement of arbitration awards means little.

## <u>CONCLUSION</u>

Thrivest is not requesting special treatment, only that the Settlement Class Members with whom Thrivest contracted be treated the same as Settlement Class Members who did not receive

---

[2] Class Counsel's speculation that the attorneys representing Settlement Class Members "would not seek to void funding agreement[s] if the funder pursued collection efforts in arbitration," (Opposition at p. 3), is belied by the vigorous—if unsuccessful—defense put on by the attorneys representing White and Wright.

4

funding—with the proceeds of their Monetary Award paid to counsel, not to the Settlement Class

Member directly.  This small change will serve to preserve disputed funds, promote sober decision-

making, and avoid inequitable outcomes.  It is also necessary to conform the Rules to this Court's

February 20, 2018 Order and to the Third Circuit's clear mandate.  Thrivest respectfully requests

that the Court enter an Order in the form proposed.

Respectfully submitted,

/s/ Peter C. Buckley
Peter C. Buckley, Esquire
Christopher C. Popper, Esquire
FOX ROTHSCHILD LLP
2000 Market Street—20th Floor
Philadelphia, PA 19103
(215) 299-2854
(215) 299-2150 (facsimile)

*Attorneys for Thrivest Specialty Funding, LLC*
*n/k/a Balanced Bridge Funding, LLC*

July 29, 2021

124876847.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served using the Court's electronic filing system, which will provide notice and a copy to counsel of record.

/s/ Peter C. Buckley
Peter C. Buckley, Esquire
Christopher C. Popper, Esquire
FOX ROTHSCHILD LLP
2000 Market Street—20th Floor
Philadelphia, PA 19103
(215) 299-2854
(215) 299-2150 (facsimile)

*Attorneys for Thrivest Specialty Funding, LLC*
*n/k/a Balanced Bridge Funding, LLC*

July 29, 2021

124876847.1