IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                              Plaintiffs,<br>       v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                              Defendants. | |
| THIS DOCUMENT RELATES TO:<br>Weisberg & Associates<br>v.<br>SPID 100016069 (P.W.)<br>Attorney Lien Dispute<br>Case No. 1314 | |

**EXPLANATION AND ORDER**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                         August 5, 2021

Before the Court is a Petition to Establish Attorney's Lien ("Lien") seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member ("SCM") P.W., which was filed in August 2018 by Weisberg & Associates ("Weisberg"). On August 23, 2018, the Claims Administrator issued a Notice of Lien to P.W., who has been proceeding *pro se*. The Claims Administrator ultimately issued a Notice of Monetary Award Claim Determination on April 22, 2021 based upon the claim filed by P.W. in 2020, subsequent to the termination of Weisberg's representation.

The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746). Rules Governing Attorneys' Liens ("Rules") were adopted on March 6,

2018 and amended on October 3, 2018.  (Doc. Nos. 9760 and 10283).  Pursuant to Rule 12, Weisberg and P.W. (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this Dispute.  The Parties have consented to jurisdiction by a Magistrate Judge. Accordingly, this Opinion will serve as the final decision of the Court concerning this dispute.[1]

The Parties have reached an agreement as to the allocation of the attorney fee in this case and submitted Withdrawal of Attorney's Lien Dispute forms (the "Withdrawal") pursuant to Rule 24 dated July 20, 2021.  The Withdrawal agreement clearly indicates what portion of the funds withheld for counsel fee that each party will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future.  The agreement was negotiated by parties that were informed and concerned about their own interest.  Upon review of the Withdrawal and the contingency fee agreement, and in consideration of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to Weisberg is not unreasonable and that it does not exceed either the percentage for which the parties contracted nor the percentage allowed under the 22% Presumptive Fee Cap.  Accordingly, we conclude that the Withdrawal should be granted and that the Claims Administrator should be ordered to distribute the funds withheld for attorneys' fees to the parties as set forth in the Withdrawal.[2]

---

[1] This decision does not concern the propriety of the Monetary Award to the SCM, which has already been authorized.  Rather, it solely addresses the allocation of the portion of the SCM's Monetary Award that was set aside by the Claims Administrator for fees and costs of the SCM's individually-retained counsel after the filing of an attorney's lien by prior counsel.

[2] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court.  The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

**AND NOW**, this 5th day of August, 2021, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and

2. The Claims Administrator is **ORDERED** to disburse the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE