# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                      Plaintiffs,<br>    v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                                      Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Goldberg, Persky & White, P.C.<br>v.<br>SPID 100000597 (S.B.)<br>Attorney Lien Dispute Case No. 584<br><br>AND<br><br>Locks Law Firm<br>v.<br>SPID 100000597 (S.B.)<br>Attorney Lien Dispute Case No. 1515<br><br>AND<br><br>Langfitt Garner PLLC<br>v.<br>SPID 100000597 (S.B.)<br>Attorney Lien Dispute Case No. 1723 | |

## EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                    September 30, 2021

      Before the Court is a Notice of Attorney's Lien ("Lien") and three Petitions to Establish

Attorneys' Liens seeking attorney's fees and costs from any Monetary Claim to be paid to

Settlement Class Member ("SCM") S.B.[1]  The Claims Administrator first issued a favorable Notice of Monetary Award Claim Determination to S.B. on April 9, 2020.  That award was subject to two liens, the first filed in April 2017 by Goldberg, Persky & White, P.C. ("Goldberg"), and the second filed in July 2019 by Locks Law Firm ("Locks").  At the time of the award, S.B. was represented by Langfitt Garner, PLLC ("Langfitt").

The Claims Administrator issued to S.B., through Langfitt, Notices of the two liens, and the three firms ultimately presented the Court with a resolution of their lien disputes in August 2020.  We approved their Withdrawal and directed the Claims Administrator to distribute the funds withheld for individual attorneys' fees and costs in the manner set forth in the Withdrawal form.

In November 2020, S.B. obtained new counsel, Byron Cuthbert and Associates, LLC ("Cuthbert"), to represent him as to any further claim activity in the Settlement Program. Following this change in representation, in December 2020 Langfitt also filed a lien on any future award to be paid to S.B.

Cuthbert filed a supplemental claim form in January 2021 on S.B.'s behalf based upon a new qualifying diagnosis.  The Claims Administrator issued a Notice of Supplemental Monetary Award Claim Determination on June 28, 2021.  In light of the pending attorney liens,

---

[1] The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746.)  Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018.  (Doc. Nos. 9760 and 10283.)  Pursuant to Rule 12, the parties were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this dispute.  All of the parties involved in this lien dispute have consented to jurisdiction by a Magistrate Judge.  Accordingly, this Opinion will serve as the final decision of the Court concerning this attorney lien dispute.

the Claims Administrator also issued to Goldberg, Locks, Langfitt, and Cuthbert (the "Parties") a Schedule of Document Submissions to enable the Court to resolve the competing liens as they pertained to the funds held back from the Supplemental Award for these contested attorney fees.

The Parties, however, ultimately reached a resolution of the lien dispute without need for that briefing. The Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") pursuant to Rule 24 on August 31 and September 1, 2021. The Withdrawal agreement clearly indicates the portion of the Supplemental Award that each law firm will receive and sets forth an agreement as to how to disburse any portion of the 5% holdback that may be released in the future. The agreement was negotiated by counsel who were informed and concerned about their own interest. Upon review of the Withdrawal and the contingency fee agreements, and in consideration of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to each firm is reasonable, does not exceed the percentage for which the parties contracted, and that the collective fees are within the percentage allowed under the 22% Presumptive Fee Cap. Accordingly, we conclude that the Withdrawal should be granted and that the Claims Administrator should be ordered to distribute the attorneys' fees to the parties as set forth in the Withdrawal.[2] We also have reviewed the itemized list of costs submitted by Cuthbert and the provision of S.B's agreement with that firm that provided for reimbursement of certain costs. We conclude that Cuthbert is entitled to the costs asserted.

---

[2] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

**AND NOW**, this 30th day of September, 2021, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and

2. The Claims Administrator is **ORDERED** to distribute the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

                          BY THE COURT:

                          /s/ David R. Strawbridge, USMJ
                          DAVID R. STRAWBRIDGE
                          UNITED STATES MAGISTRATE JUDGE