**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER

212-373-3316

WRITER'S DIRECT FACSIMILE

212-492-0316

WRITER'S DIRECT E-MAIL ADDRESS

bkarp@paulweiss.com

November 5, 2021

**By ECF**

Honorable Anita B. Brody
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 7613
Philadelphia, PA 19106

*Baker* v. *National Football League Inc./Enterprises (NFL) et al.*, No. 2:21-cv-04588-AB

Dear Judge Brody:

   On behalf of the National Football League (the "NFL") and Los Angeles Rams (the "Rams"), we write to respectfully request that this Court issue an order for Plaintiff Connie Joann Baker to show cause why the above-captioned matter should not be dismissed.

   In February 2021, Plaintiff filed five substantially similar actions against the NFL and certain Member Clubs in federal district courts across the country, and all except this one have been dismissed or closed due to Plaintiff's "failure to prosecute the case and comply with the Court's orders." (Order at 1, No. 3:21-cv-131-HES-PDB (M.D. Fla. July 15, 2021), ECF No. 8 (dismissing action filed in Middle District of Florida after

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Plaintiff failed to attend a court conference held via telephone and failed to respond to an order to show cause why dismissal was not warranted); *see also* Order, 2:21-cv-01093-SB-MRW (C.D. Cal. Mar. 15, 2021), ECF No. 7 (closing case filed in Central District of California after Plaintiff failed to submit a timely response to the court's request for additional details concerning her Request to Proceed Without Prepayment of Filing Fees); Order, 3:21-cv-00058-RJC-DSC (W.D.N.C. Mar. 26, 2021), ECF No. 4 (dismissing action filed in Western District of North Carolina after Plaintiff failed to submit an amended application to proceed in forma pauperis or pay the filing fee).) Indeed, yet another substantially similar action that Plaintiff filed in the Southern District of New York was transferred to this Court on March 18, 2021, and was subsequently dismissed after Plaintiff failed to respond to the NFL's motion to dismiss, or this Court's order to show cause why that action should not be dismissed. (*See In re Nat'l Football League Players' Concussion Inj. Litig.*, No. 12-md-02323-AB (E.D. Pa.), ECF Nos. 11338, 11350, 11366.)

The above-captioned action was transferred to this Court on October 20, 2021, and should be dismissed for the same reasons set forth in the NFL's memorandum in support of its motion to dismiss Plaintiff's other action previously transferred to this Court. (*See* Mot. to Dismiss Br., 12-md-02323-AB, ECF No. 11338.) Plaintiff's claims are indisputably barred by the Settlement Agreement and claim preclusion. (*See id.*)

Specifically, Plaintiff purports to bring her complaint individually and on behalf of the Estate of Donnell Baker, who was a former professional football player who has passed away, and his children (collectively, "Plaintiffs"), but the purported Plaintiffs are all Settlement Class Members who, through the Court-approved Class Action Settlement Agreement, released any claims that "could have been asserted in the Class Action," as well as any claims against the NFL Parties and all Released Parties—including the NFL's Member Clubs—relating to "head, brain and/or cognitive injury," "concussions and/or subconcussive events," "chronic traumatic encephalopathy" ("CTE"), and loss of consortium. (Settlement Agreement § 18.1(a), ECF No. 6481-1.) The Settlement's notice program comported with due process and the Federal Rules, and plainly advised Plaintiffs that they would be bound by the Settlement Agreement's terms unless they opted out of the Settlement Class, which Plaintiffs did not do. Nonetheless, Plaintiffs now purport to assert the very claims that they released in the Settlement. It is well settled that Plaintiffs cannot re-litigate claims they voluntarily released, and their claims should therefore be dismissed.

Moreover, Plaintiffs' claims against the NFL are barred under the doctrine of claim preclusion. The Final Order and Judgment expressly dismissed all claims that Settlement Class Members, including Plaintiffs, asserted or that they "could have . . . asserted in the Class Action Complaint or in any other Related Lawsuit." (Am. Final Order & J. ¶ 11, ECF No. 6534; *see also id.* ¶ 10 ("expressly incorporat[ing]" the Settlement Agreement's release provisions into the Final Order and Judgment).) Plaintiffs' purported claims fall squarely within the Settlement's release and the Final Judgment's dismissal because their claims hinge on the allegations that decedent, as a result of playing in the National Football League, was "knocked unconscious[] and suffered numerous concussions" and experienced "countless sub-concussive hits," which "[u]pon [Plaintiff's]

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

information and belief," caused his death and symptoms purportedly consistent with CTE. (Compl. ¶¶ 19, 22, 28, ECF No. 1.)

Accordingly, and in light of Plaintiff's repeated failure to prosecute her claims and comply with court orders—including those from this Court—Defendants respectfully request that this Court issue an order for Plaintiff Connie Joann Baker to show cause why the above-captioned matter should not be dismissed.

In the alternative, Defendants respectfully request that this Court enter a briefing schedule for their motion to dismiss the complaint filed in the above-captioned action. Specifically, Defendants request until December 3, 2021 to file a motion to dismiss, until December 17, 2021 for Plaintiff to file an opposition, and if Plaintiff does so, until January 7, 2022 for Defendants to file any reply.[1]

Respectfully submitted,

/s/ Brad S. Karp
Brad S. Karp

Enclosure

cc: All counsel of record (via ECF)

Connie Joann Baker (via FedEx)

---

[1] We were informed by Plaintiff that she is represented by Genara Morris. On October 15, 2021, Ms. Morris stated that she does not represent Plaintiff in this matter, but that she would send our contact information to another attorney that may represent Plaintiff. In the three weeks since, we have not been contacted by that attorney. Accordingly, we have been unable to ascertain Plaintiff's position on this briefing schedule.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | **Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO: *BAKER* v. *NATIONAL FOOTBALL LEAGUE INC./ENTERPRISES (NFL) ET AL.* | No. 2:21-cv-4588-AB |

## [PROPOSED] ORDER

**AND NOW**, on this ___th day of _____, 2021, it is **ORDERED** that plaintiff Connie Joann Baker must **SHOW CAUSE** on or before _____ ___, 2021 regarding why her claims were not released by the Class Action Settlement Agreement, are not precluded by the Final Order and Judgment, and should not be dismissed.

_____
ANITA B. BRODY, J.
United States District Judge

Copies **VIA ECF** on _____ to:          Copies **MAILED** on _____ to:

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing document was served electronically via the Court's electronic filing system on the 5th day of November, 2021, upon all counsel of record.


Dated:  November 5, 2021                            /s/ Brad S. Karp
                                                    Brad S. Karp