## RETAINER AGREEMENT

I Reginald Hayward (hereinafter, "Client") hereby retain Douglas R. Grossinger, Esquire as well as other co-counsel arrangements and assigns as may jointly be associated with such counsel (hereinafter referred to collectively as "Representing Attorneys" or "Law Firms"), as attorneys to prosecute for recovery against third parties, including, but not limited to NATIONAL FOOTBALL LEAGUE AND NFL PROPERTIES, LLC, SUCCESSOR IN INTEREST TO NFL PROPERTIES INC., AND AS RELATED TO THE LAWSUIT ENTITLED: In Re National Football League Players' Concussion Litigation, No. 2:12-md-02323-AB, MDL No. 2323, Civ. Action No. 14-00029-AB ("NFL Concussion Litigation").  This serves to supplement the prior signed Retainer Agreement regarding the NFL Concussion Litigation with attorney Douglas R. Grossinger ("Grossinger") of Law Firm of Douglas Grossinger, and adds also as to work on my behalf for recovery against third parties including the National Football League in the NFL Concussion Litigation, titled as In Re National Football League Players' Concussion Litigation, No. 2:12- md-02323-AB, MDL No. 2323, Civ. Action No. 14-00029-AB in the Eastern District of Pennsylvania federal court in Philadelphia.

This representation further includes Representing Attorneys representation of Client involving claims against any other entities who are or may be legally liable or responsible in whole or in part, for medical injuries and/or damages incurred by Client as the result of head injuries and concussions and other injuries sustained while playing in the National Football League ("NFL"), and other football leagues ("NFL and other Football Leagues") involved in the NFL Concussion Litigation, and other litigation matters relating to Client's prior work playing football.

Representing Attorneys are authorized to file legal claims as they deem necessary or desirable to effectuate or maximize recovery for Client herein for the matters above, to prosecute the same to judgment, and to negotiate settlement thereof, and it is distinctly understood that no settlement shall be made by the Representing Attorneys without the Client's approval. Representing Attorneys shall handle not only the above litigation and claims matters, but shall also have the authority on behalf of Client for the opportunity to assist in locating medical professionals and reviewing Client's prior medical history, as well as the coordination of the medical evaluations necessary to pursue the above claims. It is understood that this representation may also include legal representations also of the lead Client's spouse or other family members.

**ATTORNEY'S FEES, COSTS, AND EXPENSES**

In consideration of the services rendered and to be rendered to the Client by the Representing Attorneys, the Client hereby grants, sells, assigns, and conveys to Representing Attorneys as its compensation herein, a contingency fee of 17% for an undivided interest in Client's awards/claim. Such attorneys fee hereunder will be as follows: as of the time of entering into this Agreement, the Court in the NFL Concussion Litigation has set a fee cap of 17% for attorneys representing retired NFL football player parties such as the Representing Attorneys

*RH*

here, along with and an additional 5% to other attorneys including "Class Counsel" involved in developing the Settlement which is called a Common Benefit Fee, plus expenses and costs to be reimbursed to Representing Attorneys. The contingency fee shall be computed on the gross recovery, resulting in a net settlement (or judgment), from which all appropriate costs and disbursements in connection with the institution and prosecution of this claim are deducted. The total legal fee hereunder is 22%, with 17% contingency fee for Representing Attorneys undertaking individual work on behalf of Client, along with the currently set 5% Common Benefit fee which will go to other counsel. If the Common Benefit fee should be lowered below 5%, then Representing Attorneys shall receive this additional percentage.

If a recovery is obtained in my claim for damages, I agree to pay from the award in addition to the attorney fees, all out of pocket expenses incurred by Representing Attorneys to investigate and document my case, including, but not limited to fees and costs for physicians evaluations and testing, physicians' preparations of medical reports and opinions, travel costs and expenses incurred relating to Client's travel to and attendance at physicians' appointments, facsimile transmittals, filing fees, Xerox charges and other related out of pocket items. It is further agreed that Client will reimburse from the award any additional fees and costs that Representing Attorneys may incur that may be interest charges or fees incurred by Representing Attorneys for funding litigation related costs, including the costs of medical testing and physicians evaluations and reports, and travel and expenses relating thereto. If Representing Attorneys utilize funds obtained from a loan or credit line or other financing to pay for the costs and expenses of Client's claims herein, Client agrees that the interest charges and fees related to such financing are an expense of this claim and will be reimbursed to Representing Attorneys prior to payment of Client's settlement or award. In addition, since the Representing Attorneys have been retained by others having the same claim or a similar case, disbursements regarding the liability and/or damages of the defendants may be shared proportionately by all such plaintiffs clients of Representing Attorneys. As such, this will be deemed Disbursements, which will be deducted from the gross settlement prior to the computation of the Attorneys' Fee. Further if there should be any medical or other similar lien placed on Client's Award in this NFL Concussion Litigation, Representing Attorneys shall receive their legal fee as set forth herein initially first based upon the gross Award recovery, and such lien shall not limit the fee payment to Representing Attorneys to be paid initially prior to the application of any lien.

Client understands that he is not automatically entitled to expenditures on his behalf and that such expenditures are at the discretion of the Representing Attorneys.

### AUTHORITY OF THE REPRESENTING ATTORNEYS

Client empowers the Representing Attorneys to take all steps in this matter deemed by them to be advisable for the investigation and handling of Client's claim, including hiring investigators, expert witnesses and/or other Attorneys and filing any legal action necessary. Client understands that this is a sophisticated and complicated case and agrees that additional new co-counsel attorneys may be employed to associate with Representing Attorneys at the discretion of the Representing Attorneys and that any new attorneys so employed may be designated to appear on Client's behalf to undertake their representation in this matter. The Client further authorizes the Representing Attorneys to deduct and pay medical expenses of

*RH*

this claim from Client's recovery directly, after calculation of Representing Attorneys' contingent fee, to the person or firms to whom the expenses are due. In connection with the settlement of the NFL Concussion Litigation, the Client grants a power of attorney to Representing Attorneys for the purpose of endorsing any settlement checks for deposit in the Representing Attorneys escrow accounts. Client will approve and review a closing statement prior to settlement funds being released from trust account.

## CONSOLIDATION, JOINDER, AND AGGREGATION OF CLAIMS

Client understands and agrees that, if the Representing Attorneys considers it to be in the Client's best interest some claims may be brought as part of a consolidation, or joinder of multiple plaintiffs. In addition, claims relevant to Client may be consolidated by court order. Client further understand and agrees that, in cases where the Representing Attorneys consider it to be in the Client's best interest, the Representing Attorneys may simultaneously negotiate the settlements of more than one Client's claims with a defendant or group of defendants. Client understands that, despite any such joint settlement negotiations, Client is free to reject any settlement offer. In some cases, in which more than one Client has a claim against a defendant, an aggregate settlement which seeks, in a particular way, to settle all claims together may be proposed to Client by Representing Attorneys.

In a class action, the Attorney's fees and reimbursement of costs may be determined by the court.

## WITHDRAWAL OR TERMINATION

Client and the Representing Attorneys hereby covenant and agree that if withdrawal from representation is for any reason permitted and deemed advisable and appropriate under the applicable Rules of Professional Conduct or any other governing ethical standards, including if the evidence in support of the claims develops in a manner that renders a profitable result for the Client unlikely, the Representing Attorneys shall have the right to withdraw from the case by returning to the Client at his/her last known address all file materials to which the Client is entitled along with a letter explaining the reason for the withdrawal.

If the Representing Attorneys elects to terminate representation of Client due to Client's breach of contract or other reasonable bases, Client understand and agrees that, to the extent allowed under applicable law the Representing Attorneys have a claim for expenses of litigation and unpaid Attorney's fees which will become due upon receipt by Representing Attorneys or by any successor attorney of any proceeds for any remaining portion of the personal injury claim. Client understands he/she can terminate the Representing Attorneys' representation of Client by providing written notice to the Representing Attorneys. Should Client elect to terminate the Representing Attorneys' representation prior to the full conclusion of the Representing Attorneys' services under this contract, if the Representing Attorneys have expended funds in

representation of the Client including for medical evaluations and testing costs, and physicians reports, and travel expenses for travel of Client to physicians, and administrative costs, the Representing Attorneys are entitled to be reimbursed by Client for such amounts as the Representing Attorneys have reasonably advanced on behalf of the Client, and costs and expenses which Representing Attorneys have incurred. Further, if Client should terminate Representing Attorneys representation herein, it is understood Representing Attorneys shall have all rights under applicable law, legal ethics guidelines, law practice guidelines and from the court in the NFL Concussion Litigation and other applicable litigations for all full attorneys fees and costs and reimbursement that may be due to Representing Attorneys.

## RESULTS NOT GUARANTEED

No attorneys can accurately predict the outcome of any legal matter, accordingly, no representations are made, either expressly or impliedly as to the final outcome for Client of this matter. I further understand that I must promptly report any changes in my residence, telephone number or health or other relevant matters involving this legal matter to the Representing Attorneys.

> **I UNDERSTAND THAT THIS RETAINER AGREEMENT IS A BINDING LEGAL CONTRACT. I EXPRESSLY AGREE THAT I WILL FULLY AND FREELY COOPERATE WITH MY ATTORNEYS IN ALL ASPECTS REQUIRED FOR THE PROSECUTION OF THIS LEGAL MATTER AND THAT I WILL TAKE NO ACTIONS THAT FRUSTRATE OR IMPAIR THE SUCCESS OF THIS ACTION.**

## PARTIES BOUND

This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

## LEGAL CONSTRUCTION

In case any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

## PRIOR AGREEMENTS SUPERSEDED

This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matters.

**DISPUTE RESOLUTION**

The parties acknowledge and agree that this agreement is subject to Pennsylvania law and any other applicable law exclusive of its conflict and choice of law provisions. To the extent permitted by applicable Rules of Professional Conduct or any other governing ethical standards, any disputes arising under or relating to the interpretations, enforcement or alleged breach of any legal, fiduciary, or other duties under this agreement and any disputes arising under or relating to the negotiation or formation of this agreement, shall be submitted to binding arbitration. Judgment on any arbitration award may be entered by any court of competent jurisdiction. This includes any derivative claims, inclusive of legal negligence, breach of fiduciary duty, fraud, duress, misappropriation of funds, or any other claims against the Representing Attorneys, arising out of the legal services made the basis of this contract.

**SEVERABILITY**

If any part of this Agreement shall for any reason be found unenforceable, the parties agree that it shall be modified as closely as possible to the original term while still being enforceable and all other provisions of this Agreement shall remain valid and enforceable.

Client acknowledges that he/she has read all of the above and understands this Agreement. This Agreement is effective as of May 3, 2020.

_____
Client Signature

_____
Attorneys Representative Signature

Reginald Hayward
Client Printed Name

Douglas Grossinger, Esq.
Attorneys Representative Name