## ASSIGNMENT OF PROCEEDS FROM HEAD TRAUMA CLASS ACTION

**THIS ASSIGNMENT OF PROCEEDS FROM HEAD TRAUMA CLASS ACTION** (the "**Assignment**") dated as of May _____, 2021, is made by and between OTIS J. MCDUFFIE ("**Assignor**") c/o Van Horn Law Group, 330 North Andrews Avenue, Suite 450, Fort Lauderdale, FL 33301, and ProAssurance Corporation ("**Assignee**"), c/o Kelley, Fulton & Kaplan, P,L., 1665 Palm Beach Lakes Blvd., Suite 1000, West Palm Beach, FL 33401.

WHEREAS, Assignee obtained Final Judgments (the "Judgments") against McDuffie totaling $450,000.00 arising out of that certain litigation in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida, case number 2002014638CA01 (the "Litigation").

WHEREAS, the Parties desire to satisfy the Judgments, settle and amicably dispose of all claims, causes of action, counterclaims, and any other claims arising out of the Litigation, by and between McDuffie and ProAssurance that exist or may exist.

WHEREAS, Assignor is a retired professional football player who, at one time, played in the National Football League.

WHEREAS, as part of the resolution between Assignor and Assignee, the Assignor has agreed to assign to Assignee and Assignee has agreed to accept the first $50,000.00 to be recovered by Assignor arising out of or from his claim in connection with that certain class action litigation brought in the United States District Court in and for the Eastern District of Pennsylvania styled *In re National Football League Players' Concussion Injury Litigation, Plaintiffs v. National Football League, et al.*, under Case Number 2:12-md-02323-AB (the Class Action").

NOW, THEREFORE, for and in consideration of the covenants contained within the Mutual Release and Settlement Agreement executed contemporaneously herewith, and other good and valuable consideration, and in respect of the mutual premises herein contained, the parties hereto agree as follows:

1. <u>Assignment and Purchase of Claim and Proceeds</u>.

Effective upon his execution of this Assignment of Claim and Proceeds" (the "**Effective Date**"), Assignor irrevocably sells, assigns, transfers and sets over unto Assignee all of Assignor's right, title and interest in, to his claim for and any right receive the first $50,000.00 to be received by Assignor arising out of the Class Action (collectively, the "**Assigned Interests**"), and Assignee hereby purchases and assumes the Assigned Interests from Assignor. This assignment is made and shall be deemed to have been made without any warranty or representation of any kind or description whatsoever, express or implied.

2. <u>Notice to Parties</u>. Assignor hereby authorizes Assignee to give written notice of this Assignment Agreement at any time to any person or entity, including any party to or attorney involved in the Class Action.

3.  **Other Conveyance Instruments/Documents; Further Actions.** Promptly after execution and delivery of this Assignment, at the sole cost and expense of Assignee, Assignor shall execute and deliver to Assignee such other instruments and/or documents as Assignee shall prepare and may reasonably request of Assignor, which instruments and/or documents may be necessary to supplement, facilitate, implement and/or perfect the transfer of the Assigned Interests, and Assignor shall otherwise take all action reasonably requested by Assignee and necessary to supplement, facilitate, implement and/or perfect the transfer of the Assigned Interests.

4.  **Amendment.** None of the terms of this Assignment may be waived, modified or amended, except by a writing executed by Assignor and Assignee.

5.  **Binding Effect.** This Assignment shall be binding upon and inure to the benefit of Assignor and Assignee, as well as each of their respective successors and assigns, and nothing contained herein is intended, nor shall be construed, to give any other person any right, remedy or claim under, to, or in respect of, this Assignment.

6.  **Severability.** Any provision of this Assignment which is prohibited or unenforceable in any jurisdiction shall not invalidate the remaining provisions hereof, and any such prohibition or unenforceability shall not invalidate or render unenforceable such provision in any other jurisdiction.

7.  **Counterparts.** This Assignment may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which taken together shall constitute one and the same agreement. Telecopied facsimile or other electronic transmitted signatures are acceptable as valid signatures with the originally executed documents to be delivered after execution.

8.  **Waiver of Trial by Jury.** THE PARTIES HERETO WAIVE TRIAL BY JURY IN ANY ACTION OR PROCEEDING UNDER THIS ASSIGNMENT AGREEMENT OR RELATING TO THIS ASSIGNMENT OR ANY OF THE DOCUMENTS EXECUTED IN CONNECTION WITH THIS ASSIGNMENT AGREEMENT, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN), OR ACTIONS OF ASSIGNOR OR ASSIGNEE RELATING TO THIS ASSIGNMENT AGREEMENT. THIS PROVISION IS A MATERIAL INDUCEMENT FOR EACH PARTY TO ENTER INTO THIS AGREEMENT.

9.  **Notices.** Any notice required or permitted to be delivered under this Assignment Agreement shall be in writing and shall be deemed given (i) when delivered or refused by hand during regular business hours, (ii) three (3) days after being sent by United States Postal Service, registered or certified mail, postage prepaid, return receipt requested and first class mail, postage prepaid, (iii) the next Business Day if sent by a reputable national overnight express mail service that provides tracing and proof of receipt or refusal of items mailed, or (iv) when sent if sent by facsimile during business hours, addressed to Assignor or Assignee, as the case may be, at the address or addresses or facsimile number set forth below or such other addresses as the parties may designate in a notice similarly sent. Notices shall be delivered as follows:

### If to Assignor:

To the address given in the first paragraph of this Assignment Agreement.

### If to Assignee:

To the address given in the first paragraph of this Assignment Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Assignment Agreement by their respective duly authorized officers as of the date first above written.

**Assignor**

OTIS J. MCDDUFFIE

By: _____
Name: Otis J. McDuffie
Title:

**Assignee**

PROASSURANCE CORPORATION

By: _____
Name: G. Franklin Bishop III
Title: Regional Claims Executive

3