**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| | No. 2:12-md-02323-AB |
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | MDL No. 2323 |
| | Hon. Anita B. Brody, U.S.D.J. |

**SUPPLEMENTAL REPLY IN SUPPORT OF**
**THRIVEST'S MOTION TO AMEND RULES GOVERNING PAYMENT OF CLAIMS**
**INVOLVING THIRD-PARTY FUNDERS (DKT. 11422)**

Thrivest Specialty Funding, LLC n/k/a Balanced Bridge Funding LLC ("Thrivest") files this supplemental reply brief in support of its motion to amend the Rules Governing Payment of Claims Involving Third-Party Funders (the "Rules") following the January 3, 2022 Order from the United States Court of Appeals for the Third Circuit in In re: Thrivest Specialty Funding LLC, No. 21-3238 (Dkt. 11569).

**ARGUMENT**

In its recent Order denying Thrivest's mandamus petition without prejudice, the Third Circuit noted that it "remain[s] fully confident that the District Court will promptly and fairly administer the settlement to ensure that '[g]oing forward, the litigation funding companies will be able to pursue, outside of the claims administration process, whatever rights they may continue to have' to 'enforce the funding agreements' and lay claim to the disbursed settlement funds." See January 3, 2022 Order (Dkt. 11569).  As demonstrated by Thrivest's pending motion and supporting declaration, even where Thrivest has been successful—first, in arbitration and, then, in Court—in enforcing its funding agreement and obtaining injunctive relief directing an escrow of the disbursed settlement funds to which it has laid claim, Thrivest's rights have been impaired by the direct payment of Monetary Awards to Settlement Class Members.  Indeed, once the Claims

Administrator has disbursed the settlement funds to the Settlement Class Member, the Court lacks effective tools to compel an unwilling Settlement Class Member to escrow the disputed funds promptly before dissipating them.  Accordingly, the Settlement Class Member's entitlement to complete control of the funds should be determined before—not after—the funds are paid to the Settlement Class Member.  As the Third Circuit noted, "players [are] not ***automatically entitled to settlement proceeds***."  Id. (emphasis added).

Elimination of direct payments to Settlement Class Members in favor of payment to the attorneys strikes the appropriate balance.  On the one hand, payment to the attorney—as is the practice when funding is not involved—concludes the claims administration process and provides the Settlement Class Member with a degree of control over the Monetary Award.  On the other hand, payment to the attorney "fairly administer[s] the settlement," limiting the Settlement Class Member's control of the Monetary Award by the attorney's obligation to abide lawful orders and allowing Thrivest to actually benefit when injunctive relief is entered to preserve the status quo. This balance has the added advantage of avoiding costly arbitration proceedings and unnecessarily burdening the Court with enforcement proceedings.  For these reasons, and consistent with the Third Circuit's guidance, Thrivest respectfully requests that the Court instruct the Claims Administrator to amend the Rules by entering an Order in the form proposed.

Respectfully submitted,

/s/ Peter C. Buckley
Peter C. Buckley, Esquire
Christopher C. Popper, Esquire
FOX ROTHSCHILD LLP
2000 Market Street—20th Floor
Philadelphia, PA 19103
(215) 299-2854
*Attorneys for Thrivest Specialty Funding, LLC*
*n/k/a Balanced Bridge Funding, LLC*

January 3, 2022

129233663.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served using the Court's electronic filing system, which will provide notice and a copy to counsel of record.

/s/ Peter C. Buckley
Peter C. Buckley, Esquire
Christopher C. Popper, Esquire
FOX ROTHSCHILD LLP
2000 Market Street—20th Floor
Philadelphia, PA 19103
(215) 299-2854
(215) 299-2150 (facsimile)

*Attorneys for Thrivest Specialty Funding, LLC*
*n/k/a Balanced Bridge Funding, LLC*

January 3, 2022

129233663.1