# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

IN RE: NATIONAL FOOTBALL LEAGUE            No. 2:12-md-02323-AB
PLAYERS' CONCUSSION INJURY LITIGATION      MDL No. 2323

Kevin Turner and Shawn Wooden, on behalf
of themselves and others similarly situated,

        Plaintiffs,

v.

National Football League and NFL Properties, LLC,
successor-in-interest to NFL Properties, Inc.,

        Defendants.

THIS DOCUMENT RELATED TO:

Howard and Associates, P.C.
    v.
SPID 100014059 (J.S.)
Attorney Lien Dispute No. 01596

## OBJECTION TO SUPPLEMENTAL REPORT AND RECOMMENDATION

On December 23, 2021, a Supplement Report and Recommendation was issued by United States Magistrate Judge David Strawbridge in the instant matter. On July 13, 2021, Assignee, Larry S. Hyman, as Assignee for the Benefit of Creditors of Assignor, Howard & Associates, Attorneys at Law, P.A., filed a Motion for Order Authorizing the Transition and Assignment of the Estate's Interests in the NFL Concussion Litigation to Goldberg, Persky & White, P.C. (See Exhibit #1). On October 18, 2021, an Order was entered by Circuit Judge John Cooper Ordering that the Assignee is hereby authorized to transition and assign the Assignments Estate's interests in the NFL Concussion Litigation to Goldberg, Persky & White, P.C. pursuant to the terms of the Agreement in the Motion attached as Exhibit #1. (See Exhibit #2, Order of the Circuit Court of

the Second Judicial Circuit in and for Leon County, Florida). Wherefore, the undersigned's only objection to the Supplement Report and Recommendation is that any disbursement of any fees and costs for Howard & Associates be released and disbursed to Goldberg, Persky & White, P.C. and not be held in escrow. The undersigned has no other objections to the December 23, 2021 Supplement Report and Recommendation.

Dated: January 7, 2022        GOLDBERG, PERSKY & WHITE, P.C.

                 By: */s/ Jason E. Luckasevic*
                   Jason E. Luckasevic, Esquire
                   11 Stanwix Street, Suite 1800
                   Pittsburgh, PA 15222
                   Telephone: 412-471-3980
                   Fascimile: 412-471-8308

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing document was served electronically *via* the Court's electronic filing system on this 7th day of January, 2022, upon all counsel of record.

Dated: January 7, 2022

*/s/ Jason E. Luckasevic*

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA
CIVIL DIVISION

In re:

HOWARD & ASSOCIATES,
ATTORNEYS AT LAW, P.A.,

    Assignor,

Case No. 2021-CA-001162

to

LARRY S. HYMAN,

    Assignee.
_____/

## ASSIGNEE'S MOTION FOR ORDER AUTHORIZING THE TRANSITION AND ASSIGNMENT OF THE ASSIGNMENT ESTATE'S INTERESTS IN THE NFL CONCUSSION LITIGATION TO GOLDBERG PERSKY WHITE P.C.

Assignee, Larry S. Hyman ("**Assignee**"), as Assignee for the Benefit of Creditors of Assignor, Howard & Associates, Attorneys at Law, P.A., through undersigned counsel, hereby submits this Motion for Order Authorizing the Transition and Assignment of the Estate's Interests in the NFL Concussion Litigation to Goldberg Persky White P.C. (the "**Motion**") and states the following in support:

### Background

1.    On June 21, 2021, Howard & Associates, Attorneys at Law, P.A. (the "**Assignor**") executed and delivered an assignment for the benefit of creditors to the Assignee (the "**Assignment**"). The Assignee filed a Petition with the Court on June 30, 2021, commencing an assignment for the benefit of creditors proceeding pursuant to Section 727 of the Florida Statutes (the "**Assignment Case**").

Exhibit 1

2. The Assignor is a law firm based in Tallahassee, Florida and is owned by Phillip T. Howard (**"Tim Howard"**), who is the only practicing lawyer at the Assignor's firm. The Assignor specialized in pursuing personal injury claims on a contingency fee basis. Tim Howard is facing disbarment by The Florida Bar.

3. Prior to the filing of the Assignment Case, the Assignor represented clients in three types of cases: (a) approximately 230 claimants to the NFL Concussion Settlement, *In re National Football League Players' Concussion Injury Litigation*, Case No. 2:12-md-02323 (E.D. PA.) (the "**NFL Concussion Litigation**"); (b) claimants involving claims against tobacco companies; and (c) miscellaneous personal injury cases.

4. Virage Capital Management LP ("**Virage**") provided litigation financing to the Assignor and as of the date of the Assignment asserts that it is owed approximately $30 million. As security for the litigation financing, Virage asserts a lien on substantially all assets of the Assignor.

5. Goldberg Persky White P.C. ("**GPW**") is greatly experienced in representing clients in the NFL Concussion Litigation. Accordingly, GPW is well situated to take over the representation of the Assignor's clients in the NFL Concussion Litigation.

6. To that end, the Assignee, GPW, and Virage negotiated the letter agreement (the "**Agreement**"), attached hereto as **Exhibit A** and incorporated herein by reference.

7. In summary, pursuant to the Agreement, the Assignee will transition and assign the Assignment Estate's interest in the Assignor's clients' cases in the NFL Concussion Litigation to GPW. GPW will in good faith transition onto the NFL portal for the clients and pursue their cases under the applicable rules of professionalism and ethics, but GPW may refuse to represent any of Assignor's clients in the NFL Concussion Litigation at its discretion. The Assignor will have no

further involvement in the Assignor's clients' cases in the NFL Concussion Litigation upon the transition.

8. For any cases that GPW agrees to act as counsel, proceeds from recovery will be payable to a collection account to be used exclusively for collection of the amounts under the Agreement, and distributed as follows, on a case-by-case basis:

   a. First, to the client, the client's share of the recovery (either pursuant to the contingency fee agreement or the amount permitted by the court, as may be appropriate), such client share to be reduced by case expenses if and as provided in the client contingency fee agreement;
   b. Second, if case expenses are not to be paid by the client from the client contingency fee agreement, then the remaining recovery proceeds following distributions pursuant to Section 5(a) ("***Proceeds***") that represent reimbursement of case expenses will be distributed to either (1) Virage, if the expenses were incurred by the Assignor and are thus encumbered by a lien in favor of Virage, or (2) GPW, if the expenses were incurred by GPW;
   c. Third, to Assignee, (1) a fee equal to 3% of remaining Proceeds following distributions pursuant to Sections 5(a) and 5(b), plus (2) Assignee's unreimbursed court approved expenses, which may include the fees and costs of Assignee's general case counsel to the extent such counsel expends time or costs relating to the NFL cases. Such fees and expenses will be limited to those which are approved by the Court following notice and opportunity to object directed to GPW; and
   d. Fourth, the remaining amount of Proceeds, 60% to Virage and 40% to GPW.

The above description is a summary and is provided for convenience purposes only. In the event of any conflict between the summary terms and the Agreement, the Agreement controls.

## Relief Requested

9. The Assignee seeks authority to enter into the Agreement and assign the Assignment Estate's interest in the NFL Concussion Litigation to GPW. The assignment will be as-is, where-is, and without representation or warranty of any kind from the Assignee. The proposed assignment, which is subject to each client's consent, is in the best interests of the

Assignment Estate. As a result of the assignment, the clients are assured of being represented by competent counsel well experienced with the NFL Concussion Litigation.

10. Section 727.108 of the Florida Statutes authorizes the Assignee to "sell and assign, in whole or part, such claims or causes of action to another person or entity on the terms that the assignee determines are in the best interest on the estate…" In addition, the Assignee has the authority to sell assets other than in the ordinary course of business on twenty-one days' notice to creditors and parties in interest.

11. "State courts often look to federal bankruptcy law for guidance as to legal issues arising in proceedings involving assignments for the benefit of creditors." *Moecker v. Antoine,* 845 So. 2d 904, 912 n. 10 (Fla. 1st DCA 2003).

12. Section 363(b) of the Bankruptcy Code empowers a trustee to "use, sell or lease other than in the ordinary course of business, property of the estate." A trustee must demonstrate a sound business justification for a sale or use of assets outside the ordinary course of business. *See, e.g., Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F. 2d 1063, 1070 (2d Cir. 1983). A trustee's business judgment is subject to great judicial deference. *See., e.g., In re Continental Airlines, Inc.,* 780 F. 2d 1223 (5th Cir. 1986).

13. In the present case, the proposed assignment is in the best interests of the Assignment Estate and has been proposed in good faith. The Agreement is the product of arms-length negotiations between the Assignee and GPW and will help to ensure that the clients are well represented in the NFL Concussion Litigation. There is a valid business justification for the Agreement, and the Agreement is in the best interest of the Assignment Estate. For these reasons, the Court should authorize the parties to enter into the Agreement.

14. Any proceeds recovered from the NFL Concussion Litigation will be paid to the clients pursuant to their contract with the Assignor, and then in accordance with the Agreement. The portion of the contingency fee paid to the Assignment Estate will be subject to the liens of Virage, who has agreed to carve out funds to pay the Court approved reasonable attorney's fees and expenses of the Assignment Estate, as well as compensation to the Assignee, as outlined in the Agreement.

15. In compliance with the notice requirements of the Rules Regulating The Florida Bar (the "**Florida Bar Rules**"), each current client of the Assignor in the NFL Concussion Litigation will be provided notice of (a) this Assignment Case, (b) each client's right to counsel of their choice, (c) the contractual arrangements for attorneys' fees and costs with the Assignor, which shall be respected, (d) the agreement including the division of fees between GPW and the Assignment Estate, (e) the fact that the client's consent to the substitution of counsel will be presumed if the client does not object within 30 days after being served with notice, which notice will be served by certified mail, return receipt requested, and (f) the procedures to collect the client's files and records (the "**Client Notice**"). The proposed form of the Client Notice is attached hereto as Exhibit B.

16. The Client Notice will further provide that if the client fails to advise the Assignee and GPW of the client's intentions with respect to the representation, GPW will serve as counsel to the client in the NFL Concussion Litigation, subject to complying with any substitution requirements in the NFL Concussion Litigation. Further, GPW will execute all necessary documents with the client regarding the representation, including the division of fees and GPW's legal responsibility to the client for the performance of services in the NFL Concussion Litigation.

5

4814-0127-2814, v. 6

WHEREFORE, the Assignee respectfully requests that the Court grant this Motion and authorize the parties to perform under the Agreement.

Respectfully submitted, this 13th day of July, 2021.

                                        */s/ Edward J. Peterson*
                                        Edward J. Peterson (FBN 0014612)
                                        Stichter, Riedel, Blain & Postler, P.A.
                                        110 E. Madison Street, Suite 200
                                        Tampa, Florida 33602
                                        Telephone: (813) 229-0144
                                        Facsimile: (813) 229-1811
                                        Email: epeterson@srbp.com
                                        Service Email: epeterson.ecf@srbp.com
                                        Counsel for Assignee

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing has been furnished on this 13th day of July, 2021 to all parties receiving electronic noticing through the Court's ePortal system, by email to:

Robert Powell, Esquire
rpowell@moorheadlaw.com

and by U.S. mail to all creditors on the attached matrix.

                                        */s/ Edward J. Peterson*
                                        Edward J. Peterson

Virage SPV 2, LLC
c/o Virage Capital Mgmt.
1700 Post Oak Blvd.
Houston, TX 77056

Ardec Capital Solutions, LLC
155 Mineola Blvd., #101
Mineola, NY 11501

Loan Annex, LLC
P.O. Box 1021
Weston, CT 06883

BWCI Pension Trustees Ltd.
c/o Lance Friedman
2775 NW 49th Ave., #205
Ocala, FL 34482

Securities & Exchange Commission
Miami Regional Office
801 Brickell Ave., #1950
Miami, FL 33131

The Florida Bar
651 E. Jefferson St.
Tallahassee, FL 32399-2300

Regions Bank
1900 Fifth Ave. N.
Birmingham, AL 35203

Grimsley Accounting & Co.
1427 Piedmont Dr. E., #2
Tallahassee, FL 32308

Corey & Charisse Fuller
7066 Shady Grove Way
Tallahassee, FL 32312-8080

Jasminka Ilich-Ernst
2500 Merchants Row Blvd,
Apt. 27
Tallahassee, FL 32311

Jasminka Ilich-Ernst
2500 Merchants Row Blvd,
Apt. 217
Tallahassee, FL 32311

Mehta Consulting, LLC
448 Misty Oaks Run
Casselberry, FL 32707

Timothy Allen
2300 Lincoln Rd., #90
Hattiesburg, MS 39402

Don Reinhard
3700 Brookside Pkwy., Unit 428
Alpharetta, FA 30022

Preferred Capital Funding of Nevada, LLC
211 N. Buffalo Dr.
Las Vegas, NV 89145

The Estate of Jason R. Hall
c/o Sandra A. Fulup
308 Birch Lane
Tallahassee, FL 32301

Leon County Tax Collector
Attn: Doris Maloy
P.O. Box 1835
Tallahassee, FL 32302

Magna Legal Services
Steven Penn Center
1635 Market St., 8th FL
Philadelphia, PA 19103

CIOX Health
c/o North Shore Agency
P.O. Box 9205
Old Bethpage, NY 11804-9005

Office Business Systems, Inc.
2380 Capital Circle N.E.
P.O. Box 3921
Tallahassee, FL 32308

For the Record Reporting, Inc.
1500 Mahan Dr., #140
Tallahassee, FL 32308

Veritext, LLC
2 S. Biscayne Blvd., #2250
Miami, FL 33131

Veritext, LLC
3300 Old Country Rd., #300
Mineola, NY 11505

Dietz Court Reporting
Lexitas Nationwide Reporting
100 Merrick Rd., #320W
Rockville Centre, NY 11570

Levine Kellogg Lehman
Schneider & Grossman LLP
Citigroup Center, 22nd FL
201 S. Biscayne Blvd.
Miami, FL 33131

Advanced Business Systems
1236 N. Monroe St.
Tallahassee, FL 32303

Messer Caparello
P.O. Box 15579
Tallahassee, FL 32308

Legal-eze
3860 W. Commercial Blvd.
Ft. Lauderdale, FL 33309

Guilday Law, P.A.
1983 Centre Pointe Blvd., #200
Tallahassee, FL 32308

United Healthcare Florida
c/o Marcadis Singer, P.A.
5104 Westshore Blvd.
Tampa, FL 33611

McElroy, Deutsch Mulvaney
& Carpenter, LLP
1300 Mount Kemble Ave.
P.O. Box 2075
Morristown, NJ 07962-2075

Mercedes Benz Financial
Services, LLC
36455 Corporate Dr.
Farmington Hills, MI 48331

The Lagoons
c/o Henschel & Beinhaker, P.A.
3475 Sheridan St., #305
Hollywood, FL 33021

Jonathan Beryl Harris
3127 Ponce DeLeon Blvd.
Miami, FL 33134-6716

American Express National Bank
c/o Lisa DiSalle, Esq.
955 Regency Square Blvd., #501
Jacksonville, FL 32225

BMW Financial Services, NA, LLC
P.O. Box 1227
Westwood, NJ 07675-1227

Process Server, Inc.
255 E. Dania Beach Blvd., #219
Dania Beach, FL 33004

The Law Offices of J.B. Harris, P.A.
3127 Ponce DeLeon Blvd.
Miami, FL 33134-6716

BGS Enterprises
1427 Piedmont Dr. E.
Tallahassee, FL 32308

The Lagoons
611 Bunny Dr.
Foster City, CA 94404-2634

J.B. Harris, P.A.
3127 Ponce DeLeon Blvd.
Miami, FL 33134-6716

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA
CIVIL DIVISION

In re:

HOWARD & ASSOCIATES,
ATTORNEYS AT LAW, P.A.,

    Assignor,

to

LARRY S. HYMAN,

    Assignee.
_____/

Case No. 2021-CA-001162

# EXHIBIT A

**ASSIGNEE'S MOTION FOR ORDER AUTHORIZING THE TRANSITION AND ASSIGNMENT OF THE ASSIGNMENT ESTATE'S INTERESTS IN THE NFL CONCUSSION LITIGATION TO GOLDBERG PERSKY WHITE P.C.**



June 29, 2021

<u>VIA EMAIL</u>

**GOLDBERG PERSKY WHITE P.C.**
11 Stanwix Street, Suite 1800
Pittsburgh, PA 15222
Attention:   Bruce Mattock          bmattock@gpwlaw.com
             Jason Luckasevic       jluckasevic@gpwlaw.com

Re:   Handling of NFL Litigation Matters / Howard & Associates, Attorneys at Law P.A.

Dear Jason and Bruce:

As we have discussed, Howard & Associates, Attorneys at Law P.A. ("*H&A*") is a borrower of controlled affiliates of Virage Capital Management LP (collectively, "*Virage*"). H&A has fee agreements with football player clients who hope to participate in the litigation involving the National Football League Players' Concussion Injury Litigation claims and related class action settlement agreement (the "*NFL Litigation*"). Virage, as lender, has a security interest in H&A fees and H&A case expenses from the H&A fee agreements related to the NFL Litigation.

In the immediate term, we expect H&A will be filing with a court in Florida papers to commence an assignment for the benefit of creditors ("*ABC*"). It is our understanding that those proceedings will involve the appointment of an assignee, Larry Hyman (the "*Assignee*"), who will have authority to operate H&A going forward. As part of the ABC process, Virage was asked by Assignee and its counsel (Edward Peterson) to assist in locating other counsel who may be interested in and qualified to take over the cases of the players with H&A fee agreements for the NFL Litigation (the "*H&A Cases*"). That lead to our discussions and your interest in Goldberg Persky White, P.C. ("*GPW*") potentially taking over some or all the H&A Cases.

The purpose of this letter agreement is to confirm the terms upon which GPW would be willing to participate in the process:

1. GPW (and you) will be referenced in a motion filed with the court handling the ABC. The court will be asked to appoint you and GPW as counsel on the H&A Cases.

2. GPW will in good faith transition onto the NFL portal for the H&A Cases' subject players and pursue their cases under the applicable rules of professionalism and ethics. GPW may refuse to represent any players from the H&A Cases at your discretion.

3. None of GPW or its attorneys or affiliates will in any manner be assuming or acting as a guarantor of H&A's debt to Virage.

4. GPW agrees to provide to Virage (and Assignee, as appropriate) on a quarterly basis case updates.

5. For any H&A Case that GPW agrees to act as counsel, GPW agrees that recovery proceeds from the H&A Cases will be distributed as follows, on a case-by-case basis:

    (a) First, to the client, the client's share of the recovery (either pursuant to the contingency fee agreement or the amount permitted by the court, as may be appropriate), such client share to be reduced by case expenses if and as provided in the client contingency fee agreement;

    (b) Second, if case expenses are not to be paid by the client from the client contingency fee agreement, then the remaining recovery proceeds following distributions pursuant to

Section 5(a) ("*Proceeds*") that represent reimbursement of case expenses will be distributed to either (1) Virage, if the expenses were incurred by H&A and are thus encumbered by a lien in favor of Virage, or (2) GPW, if the expenses were incurred by GPW;

(c) Third, to Assignee, (1) a fee equal to 3% of remaining Proceeds following distributions pursuant to Sections 5(a) and 5(b), plus (2) Assignee's unreimbursed court approved expenses, which may include the fees and costs of Assignee's general case counsel to the extent such counsel expends time or costs relating to the NFL cases. Such fees and expenses will be limited to those which are approved by the Court following notice and opportunity to object directed to GPW. This Section 5(c) will not apply if Assignee is no longer involved by court order or otherwise; and

(d) Fourth, the remaining amount of Proceeds, 60% to Virage and 40% to GPW.

6. Before distributing any Proceeds, GPW agrees to deposit Proceeds into an account with PNC Bank, N.A., or other bank acceptable to Virage ("*Bank*"), which account will (a) be used exclusively for collection and receipt of Proceeds and (b) provide Virage with online, view-only access via Bank's treasury management services (such account, the "*Collection Account*"). GPW agrees to open the Collection Account within thirty (30) calendar days following the date of this letter agreement. GPW will not make any distributions of Proceeds until the Collection Account is opened and Virage's view-only access is established. Prior to each distribution of Proceeds, GPW will submit to Virage an accounting of all deposits and proposed distributions in accordance with this letter agreement. GPW agrees not to make any distributions of Proceeds from the Collection Account without the approval of Virage, such approval not to be unreasonably withheld or delayed.

Please countersign where provided below to indicate your agreement with the foregoing.

Sincerely,

Edward Ondarza
Managing Director

Acknowledged and Agreed:

Goldberg, Persky & White, P.C.

By: _____
Name: Bruce E. Mattock
Title: _____

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA
CIVIL DIVISION

In re:

HOWARD & ASSOCIATES,
ATTORNEYS AT LAW, P.A.,

    Assignor,

Case No. 2021-CA-001162

to

LARRY S. HYMAN,

    Assignee.

_____/

**AGREED ORDER ON ASSIGNEE'S MOTION FOR ORDER AUTHORIZING THE TRANSITION AND ASSIGNMENT OF THE ASSIGNMENT ESTATE'S INTERESTS IN THE NFL CONCUSSION LITIGATION TO GOLDBERG PERSKY WHITE P.C.**

THIS CASE came before the Court ~~without a~~ *on 10-7-21 for a* hearing upon the Motion of the assignee, Larry S. Hyman (the "**Assignee**"), for an order approving the transition and assignment of the Assignment Estate's interests in the NFL Concussion Litigation (the "**Motion**")[1] to Goldberg Persky White P.C. ("**Goldberg**"). The Assignee filed a *Notice of Intent to Upload Proposed Orders* (the "**Notice**") which was served on August 27, 2021, upon all interested parties with the legend informing the parties of their opportunity to respond within twenty-one (21) days of the date of service of the Notice and no party filed a response within the time permitted. Further, by submission of this order for entry, the submitting counsel represents that Virage SPV 2, LLC, the largest creditor, consents to its entry. Accordingly, it is

ORDERED that:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning as ascribed to such terms in the Motion.

E-Filed and E-Served
by SB on ___OCT 1 8 2021___

*Exhibit 2*

1. The Motion is granted.

2. The Assignee is hereby authorized to transition and assign the Assignment Estate's interests in the NFL Concussion Litigation to Goldberg pursuant to the terms of the Agreement attached to the Motion as Exhibit A.

DONE AND ORDERED in Tallahassee, Leon County, Florida on this 18th day of October, 2021.

John C. Cooper
Circuit Judge

cc:

Plaintiff's counsel shall serve all interested persons + entities.

Jc