## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>           Plaintiffs,<br>  v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>           Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Goldberg Persky & White<br>v.<br>SPID 100011856 (M.T.P.)<br>Attorney Lien Dispute<br>Case No. 01719 | |

## EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE         January 10, 2022

Before the Court is a Notice of Attorney's Lien ("Lien") and a Petition to Establish Attorney's Lien seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member ("SCM") M.T.P., who was issued a Notice of Monetary Award Claim Determination on October 4, 2021. The lien was filed in December 2020 by Goldberg Persky & White ("Goldberg"). The SCM is currently represented by Langfitt PLLC ("Langfitt").

The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746.) Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283.) Pursuant to Rule 12,

Goldberg and Langfitt (the "Parties") were advised of their right to consent to have the Magistrate

Judge issue a final Order to resolve this dispute.  The Parties have so consented.  Accordingly, this

Explanation and Order will serve as the final decision of the Court concerning this attorney lien

dispute.[1]

On October 22 and 29, 2021, the Parties submitted a Withdrawal of Attorney's Lien

Dispute form pursuant to Rule 24 (the "Withdrawal").  The Withdrawal sets out an agreement that

has been reached as to the portion of Player's Monetary Award that each law firm would receive

as its fee from funds currently available for distribution, as well as how to allocate any portion of

the 5% holdback that may be released in the future.  The agreement was negotiated by law firms

that presumably are informed and concerned about their own interest.

Upon review of the Withdrawal and the contingency fee agreements, and in consideration

of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to each firm is

reasonable, does not exceed the percentage for which the parties contracted, and that the

collective fees are within the percentage allowed under the 22% Presumptive Fee Cap.

Accordingly, we conclude that the Withdrawal will be granted and that the Claims Administrator

is directed to distribute the attorneys' fees to the parties as set forth in the Withdrawal.[2]  We

---

[1]  This decision does not concern the propriety of the Monetary Award to the SCM, which has already been authorized.  Rather, it addresses only the allocation of the portion of the SCM's Monetary Award that was set aside by the Claims Administrator for fees and costs of the SCM's individually-retained counsel.  It is the SCM's retention of more than one attorney to represent him in this matter, and the filing of an attorney's lien by prior counsel, that has created the need for this judicial determination of the appropriate fee.

[2]  Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court.  The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the

also have reviewed the list of costs submitted by the Parties and the provisions of their contingent

fee agreements that provide for reimbursement of certain costs, which we find to be in good order.

We conclude that both Goldberg and Langfitt are entitled to the costs asserted.

**AND NOW**, this 10th day of January, 2022, it is **ORDERED** that:

1.  The Withdrawal of the Lien Dispute is **GRANTED**; and

2.  The Claims Administrator is **ORDERED** to distribute the withheld funds in
    accordance with this decision, the provisions of the Settlement Agreement, and all
    Court Orders regarding implementation.

BY THE COURT:

 /s/ David R. Strawbridge, USMJ____
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

Withdrawal.