UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated, | **Hon. Anita B. Brody** |
| Plaintiffs, | Civ. Action No. 14-00029-AB |
| v. | |
| National Football League and NFL Properties LLC, Successor-in-interest to NFL Properties, Inc., | |
| Defendants. | |

THIS DOCUMENT RELATES TO: ALL CLIENTS OF GPW

### REQUEST FOR FURTHER CLARIFICATION REGARDING THE MOTION TO APPROVE MODIFICATIONS TO THE NFL CONCUSSION SETTLEMENT AGREEMENT PURSUANT TO SECTION 6.6 AS PREVIOUSLY FILED BY GOLDBERG, PERSKY & WHITE, P.C.

Goldberg, Persky & White, P.C. filed a Motion to Join the Motion to Approve the Norming Settlement at *ECF Doc. #11601*.

In said motion at *ECF Doc. #11601*, Goldberg, Persky & White, P.C. (hereinafter "GPW") raised the following concerns to the Norming Settlement.

1.) Class Counsel's being listed as a Released Party on behalf of all Class Members

   (*See Article I at page 7*); and

2.) Denial of Class members rights to appeal a denial regarding retesting eligibility

   (*See Section 2.5*); and

> 3.) Failure to include a time certain for the implementation of the "Long Term Method" (*See Section 3.1*).

The Mediating Parties, which includes Class Counsel, the NFL parties, and the Intervenors, filed a Response to all Comments and Joinders at *ECF Doc. #11630*. The Mediating Parties representation that there are no substantive suggestions made to the Modification of the Settlement Agreement is inaccurate. Furthermore, in its efforts to address GPW's concerns, the Mediating Parties overlooked one issue and addressed the other two issues incompletely. Accordingly, GPW moves for further clarification and/or judicial intervention to address these serious and substantive concerns associated with this pending approval.

The Mediating Parties responded to the above concern No. 2 stating the there is no appeal right by a Class member to a re-scoring by the Claims Administrator. This response does not address the issue of whether the NFL will retain its appeal right in this situation. The only equitable remedy to this scenario is to also specifically state that, like the players, the NFL is not provided with an appeal right to any re-scoring performed by the Claims Administrator which results in a qualifying monetary award claim. Otherwise, if the NFL is afforded a right to appeal a re-scoring of a raced normed player without the player having any appeal right, the NFL gets to challenge a claim that was unfairly and prejudicially treated in the first place without any further recourse for the players. This will also cause an additional and unnecessary delay to the payment processing of claims which should have been awarded and paid timely but for the race norming at issue. It is only fair that in light of the circumstances by which this settlement and norming issue arose that all appeal rights are precluded once a player is re-scored and awarded. This is fair given the fact that the settlement process at issue was unfairly and unjustly applied in the first place by violating the player's Civil Right to be treated fairly without consideration for their race.

In response to the concern No. 3, the Mediating Parties agree that the Long Term method should be implemented as soon as possible, yet no date certain is provided to the retired players who are aging and thus adding years to their life while the criteria is not repaired. As this court knows, each year a player ages results in a reduction to his monetary award. Accordingly, this Honorable Court or the Mediating Parties must toll the ages of all player until the Long Term

Method is created. After all, it is the players who were prejudiced against from the original criteria and should not suffer any further damage or reduction in compensation until this Long Term method is implemented.

Finally, the Medicating Parties did not respond to the No. 1 concern involving this entire "norming" situation, which relates to the substantive concern of Releasing Class Counsel for originally negotiating and agreeing to the race normed terms in the first place. Such a release agreement is unacceptable and serves only to protect any perceived breaches of Class Counsel's fiduciary duties owed to the class members as well as all lawyers. GPW, nor should any lawyer or class member, be bound by a Release of all claims related to Class Counsel for potential or perceived damages caused by Class Counsel's original negotiated settlement that impacted the players and their lawyers while Class Counsel was paid for his original common benefit work in negotiating the original race biased terms, Class Counsel was paid for post settlement common benefit work (including defending the race norming matter along with the NFL parties when it was brought to his attention) and it is anticipated that Class Counsel will also seek recovery for common benefit work related to the Norming Agreement. Permitting Class Counsel to be released as part of this negotiation defeats the entire purpose of this Norming Settlement and deals yet another crippling blow to the former NFL players who have been unfairly treated and prejudiced.

Wherefore, without any hesitation, this firm supports a race neutral testing protocol, however, the above concerns remain unanswered despite the representations made by the Mediating Parties in their filing at *ECF Doc. #11630*.

Dated: February 16, 2022

GOLDBERG, PERSKY & WHITE, P.C.

*/s/ Jason E. Luckasevic*
Jason E. Luckasevic, Esquire
11 Stanwix Street, Suite 1800
Pittsburgh, PA  15222
Telephone:  (412) 471-3980
Facsimile:   (412) 471-8308

## **CERTIFICATE OF SERVICE**

      It is hereby certified that a true copy of the foregoing document was served electronically *via* the Court's electronic filing system on this 16th day of February, 2022, upon all counsel of record.

Dated:  February 16, 2022

                                                                         */s/  Jason E. Luckasevic*