IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                          Plaintiffs<br><br>              v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                          Defendants. | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

## INTERVENORS' RESPONSE TO THE MOTION FOR A FAIRNESS HEARING

Intervenors Kevin Henry and Najeh Davenport, through undersigned Intervenors' Counsel, respond to the Motion for Fairness Hearing filed by the firm of XILAW, PA ("XI"), ECF 11633 (the "Motion"). The Motion is without merit and should be denied, so that the many benefits of the Norming Agreement can finally begin to flow to settlement class members.

The Motion should be denied for essentially three reasons. First, XI has made no showing that the firm represents Black class members (or indeed any specific class member), such that it would have standing to request a hearing. By contrast, the Intervenors are Black class members who sought action in August 2020 and continue to await the full implementation of the agreement reached in October last year. To add insult to injury, the Motion is untimely and has the effect of

delaying the Court's decision on the parties' Motion to Approve the implementation of the Norming Agreement.

Second, the Motion ignores the fact that the underlying Settlement Agreement provides a mechanism, Section 6.6, for proposed modifications to that Agreement. This Court has followed the proper and prudent path in disclosing the proposed modifications and opening them up for class comment. But in a case like this, where the Norming Agreement provides obvious and enormous benefits to large numbers of class members, nothing in Fed. R. Civ. P. 23 requires a hearing in order to make those benefits available. Simply stated, the Norming Agreement is intended to make it *more* likely that any player or player group will qualify for an award. In these circumstances, no hearing is required.[1]

Third, the Motion mistakenly assumes that Class Counsel receives a class-wide release for matters related to race-norming. Putting aside the fact that no claims have been asserted against Class Counsel on this basis (including by these Intervenors), XI is simply wrong: the Norming Agreement contains no class-wide release.

For all of these reasons, Intervenors oppose the request for a hearing, and ask that this Court grant the Motion to Approve Implementation of the Norming Agreement forthwith.

Dated: March 3, 2022                               Respectfully submitted,

                                                   ___/s/ *Cyril V. Smith*_____
                                                   Cyril V. Smith
                                                   Zuckerman Spaeder LLP
                                                   100 E. Pratt Street, Suite 2440
                                                   Baltimore, MD  21202
                                                   (410) 332-0444
                                                   csmith@zuckerman.com

---

[1] Intervenors expect the same would be true with respect to any new norms developed for the players in the future.

Aitan D. Goelman
Zuckerman Spaeder LLP
1800 M Street, 10th Floor
Washington, DC 20036
(202) 778-1800
agoelman@zuckerman.com
emarcus@zuckerman.com

   /s/ *Justin R. Wyatt*
Justin R. Wyatt
JR Wyatt Law PLLC
49 West 37th Street, 7th Floor
New York, New York 10018
(215) 557-2776
justin@jrwyattlaw.com

   /s/ *Edward S. Stone*
Edward S. Stone
Edward Stone Law P.C.
300 Park Avenue, 12th Floor
New York, NY  10022
(203) 504-8425
eddie@edwardstonelaw.com

Attorneys for Intervenors Kevin Henry and Najeh Davenport

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court on the 3rd day of March, 2022, to be served by operation of the Court's electronic filing system which sent notification of such filing via electronic mail to all counsel of record.


Dated: March 3, 2022                                    /s/ *Justin R. Wyatt*
                                                                                     J.R. Wyatt