# EXHIBIT 4

Section 2.5    Automatic Retrospective Rescoring.

(a)    *Automatically Rescored Settlement Claims.* The New Method shall be used to rescore the following Settlement Claims and diagnoses, where such rescoring could potentially result in a Qualifying Diagnosis or a higher Qualifying Diagnosis solely due to a change in the Retired Player's neuropsychological T scores—i.e., the Retired Player otherwise meets the Class Action Settlement Agreement's functional impairment and validity requirements for a more severe Qualifying Diagnosis based on his prior evaluations:

i.    all BAP diagnoses of no impairment or Level 1 Neurocognitive Impairment, where Black Race Norms or Black Race Demographic Estimates were applied to the Retired Player's neuropsychological testing; and

ii.    all BAP and Post-Effective Date MAF approved Level 1.5 Neurocognitive Impairment Settlement Claims or denied Level 1.5 or Level 2 Neurocognitive Impairment Settlement Claims of Retired Players who had Black Race Norms or Black Race Demographic Estimates applied to their neuropsychological testing or whose Settlement Claims were denied or reduced due to a failure to use Black Race Norms or Black Race Demographic Estimates.

(b)    *Determination of Rescoring Eligibility.* The Claims Administrator and BAP Administrator, with guidance from the AAP/AAPLC/AAPC and the Special Masters as necessary, will determine who qualifies for rescoring. To qualify for rescoring, the standard is if the Claims Administrator would have approved a more severe Qualifying Diagnosis had the Retired Player's T scores qualified for that more severe Qualifying Diagnosis. Determinations on who qualifies for rescoring are final and unappealable.

(c)    *Excluded Settlement Claims.* Notwithstanding Section 2.5(a) above, the following categories of Settlement Claims shall not automatically be rescored under this Section 2: (i) Settlement Claims denied for incompleteness; (ii) Settlement Claims denied as a result of audit; (iii) withdrawn Settlement Claims; and (iv) Settlement Claims based on diagnoses rendered by providers who have been disqualified from the Settlement Program. The determination of whether one of the foregoing exclusions applies shall be made by the Claims Administrator, with guidance from the AAP/AAPLC/AAPC and the Special Masters as necessary. Determinations on whether an exclusion under this Section 2.5(c) applies are final and unappealable.

(d)    *Rescoring Process.* AAPCs will conduct the rescoring of the neuropsychological testing of eligible Settlement Claims. The Special Masters will have direct oversight of the rescoring of eligible Retired Players' neuropsychological test results and will provide the Court with periodic status reports regarding their findings.

(e)    *Incomplete Settlement Claim File.* The Claims Administrator and AAP/AAPC/AAPLC shall make reasonable efforts to determine if a particular Settlement Claim file or evaluation file, if incomplete but not denied for incompleteness,

satisfies the criteria set forth in the Class Action Settlement Agreement for a more severe Qualifying Diagnosis once Race Norms and Race Demographic Estimates are removed.

(f) *Settlement Claims Previously Approved for Level 1 or Level 1.5 Neurocognitive Impairment*. When reviewing any Settlement Claim that has already been paid as a Level 1.5 Neurocognitive Impairment Qualifying Diagnosis (whether a MAF Claim or BAP Settlement Claim), or any Settlement Claim from a Retired Player receiving Supplemental Benefits based on a prior Qualifying Diagnosis of Level 1 Neurocognitive Impairment, the AAPC will accept the test results as valid for purposes of performance validity testing and *Slick* criteria assessments.

(g) *Notice of Determination*. For Settlement Claims eligible for rescoring under this Section 2.5, once the Claims Administrator and AAP/AAPLC/AAPC have made their final determination based on the results of the rescoring occurring under this Section 2.5, the Claims Administrator will send the appropriate notice to Retired Players advising them of the determination.

i. For those Retired Players diagnosed with Level 1 Neurocognitive Impairment following rescoring who initially had a BAP diagnosis of no impairment, the BAP Administrator will begin the process of making Supplemental Benefits available to them.

ii. Those Retired Players diagnosed with Level 1.5 or Level 2 Neurocognitive Impairment following rescoring who initially had a BAP diagnosis of no impairment or a Level 1 Neurocognitive Impairment will be advised that they need to file a formal Settlement Claim, which will then be processed by the Claims Administrator. The Retired Player, NFL Parties, and Class Counsel retain the right to appeal any Monetary Award Settlement Claim determination ultimately issued as a result of any such revised diagnosis pursuant to Section 9.5 of the Class Action Settlement Agreement, except for on the grounds that Race Norms or Race Demographic Estimates were not used.

iii. Those Retired Players who went through the BAP originally and receive a "no impairment" determination following rescoring, or whose diagnosis did not change from the original diagnosis following rescoring, will be advised of that determination. Such determination is final and unappealable.

iv. Those Retired Players who were evaluated by a Qualified MAF Physician and do not receive a more severe Qualifying Diagnosis following rescoring will be advised of that determination. Such Retired Players may appeal the determination pursuant to Class Action Settlement Agreement Section 9.5, provided that such appeal (i) is not on the grounds that Race Norms or Race Demographic Estimates were not used, and (ii) does not, if a Retired Player appealed the original Settlement Claim determination, re-raise in the Retired Player's new appeal any issues previously briefed in his prior appeal. The Special Masters, however, will consider any prior appeal and opposition and the arguments (other than Race Norms or Race Demographic Estimate arguments) raised therein in connection with their determination on

the new appeal. For the avoidance of doubt, an argument that the Retired Player's T scores meet the Class Action Settlement Agreement's criteria for a more severe Qualifying Diagnosis as a result of the rescoring will be construed as a new argument that can be raised in any new appeal.

        v. Those Retired Players who initially had a BAP or Post-Effective Date MAF approved Level 1.5 Neurocognitive Impairment Settlement Claim or a denied Level 1.5 or Level 2 Neurocognitive Impairment Settlement Claim who, following rescoring, qualify for a Monetary Award (or an increased Monetary Award), will be advised that they do not need to resubmit a Settlement Claim. The Retired Player, NFL Parties, and Class Counsel retain the right to appeal any Monetary Award Settlement Claim determination or increased Monetary Award Settlement Claim determination ultimately issued as a result of any such revised diagnosis pursuant to Section 9.5 of the Class Action Settlement Agreement, except for on the grounds that Race Norms or Race Demographic Estimates were not used.