# EXHIBIT 5

Section 2.6   Expanded BAP Examinations.

(a)   *Eligibility for Expanded BAP Examinations*.   The NFL Parties will pay for, or cause to be paid, one (1) free BAP examination (including an evaluation by a Qualified BAP Provider neurologist and a Qualified BAP Provider neuropsychologist) (regardless of whether the Retired Player has already had a BAP examination prior to the Settlement Date or is otherwise BAP-eligible) for any Retired Player whose neuropsychological test scores or estimated premorbid intellectual functioning determination included the use of Black Race Norms or Black Race Demographic Estimates, if that Retired Player's Settlement Claim was denied in part because of the insufficiency of his T scores, or if the Retired Player did not file a Settlement Claim because the Qualified BAP Providers or Qualified MAF Physician who examined him did not diagnose him with a Qualifying Diagnosis in part because of the insufficiency of his T scores.  A Retired Player's eligibility for a BAP examination under this Section 2.6 shall be determined by the BAP Administrator, with guidance from the Claims Administrator and Special Masters as necessary, and such determination is final and unappealable.

(b)   *Exclusions*.   Retired Players will not be eligible for a BAP examination under this Section 2.6 if: (i) they had their testing automatically rescored under Section 2.5 ("Automatic Retrospective Rescoring"); (ii) they avail themselves of the rescoring mechanism provided in Section 2.7 ("New Settlement Claim Submissions"); (iii) their Settlement Claims were denied as the result of an audit; or (iv) their Settlement Claims were withdrawn, and would have been denied as the result of an audit had they not been withdrawn.  The determination of whether one of the foregoing exclusions applies shall be made by the BAP Administrator, with guidance from the Claims Administrator, AAP/AAPLC/AAPC, and the Special Masters as necessary.  This determination is final and unappealable.

(c)   *Time Period*.   New BAP examinations conducted under this Section 2.6 must occur within twenty-four (24) months of the Court's order adopting this Agreement.  If an eligible Retired Player contacts the BAP Administrator to make his appointment within the twenty-four (24) month period, he will be deemed to have taken a timely BAP examination.

(d)   *Medically Unnecessary Neuropsychological Testing*.   If a new BAP examination occurring pursuant to this Section 2.6 results in the diagnosing Qualified BAP Provider's reasonable determination that the Retired Player's neuropsychological testing is now medically unnecessary under the Class Action Settlement Agreement's Injury Definitions, a Retired Player can request to have his original test scores rescored, and proceed with the remaining parts of the BAP examination.

(e)   *Date of Diagnosis*.   A diagnosis arising from a new BAP examination occurring pursuant to this Section 2.6 may relate back to the date of an earlier exam that, upon application of the New Method, sufficiently demonstrates that the Retired Player previously met all of the criteria for the new diagnosis, notwithstanding any other timing rules in the Class Action Settlement Agreement.  Any such backdating will be reviewed by an AAP member—and, if the backdating involves rescored prior

neuropsychological testing, an AAPC—and will be subject to the Settlement Program's current requirements for backdated diagnoses.

(f) *"Good Cause" Travel and Deceased Retired Player Exceptions*. If a Retired Player cannot travel for a new BAP examination that is scheduled pursuant to this Section 2.6, subject to a "good cause" standard, or if a Retired Player has died and cannot now be retested, a Special AAP Panel will determine if the Retired Player's rescored test results and Settlement Claim file meets the criteria for a new or more severe Qualifying Diagnosis, on application by the Retired Player and/or his Representative Claimant. The Claims Administrator, with guidance from the Special Masters as necessary, will determine whether the "good cause" standard has been met.

(g) *Notice of Determination*. Once the Qualified BAP Providers have made their final determination based on the results of the additional BAP examinations occurring under this Section 2.6 and submitted the requisite paperwork to the BAP Administrator, the BAP Administrator will send the appropriate notice to Retired Players advising them of the determination.

i. For those Retired Players diagnosed with Level 1 Neurocognitive Impairment, the BAP Administrator will begin the process of making Supplemental Benefits available to them in accordance with the terms of the Class Action Settlement Agreement.

ii. Those Retired Players diagnosed with Level 1.5 Neurocognitive Impairment or Level 2 Neurocognitive Impairment will be advised that they need to file a formal Settlement Claim, which will then be processed by the Claims Administrator. The Retired Player, NFL Parties, and Class Counsel retain the right to appeal any Monetary Award Settlement Claim determination ultimately issued as a result of any such diagnosis pursuant to Section 9.5 of the Class Action Settlement Agreement, except for on the grounds that Race Norms or Race Demographic Estimates were not used.

iii. Those Retired Players who received a "no impairment" determination or whose diagnosis did not change from the original diagnosis will be advised of that determination and that the determination is final and unappealable.

(h) Unless otherwise stated herein, all procedures set forth under the terms of the Class Action Settlement Agreement for BAP examinations shall be followed in the expanded BAP examinations that occur under this Section 2.6.