# EXHIBIT 6

Section 2.7    New Settlement Claim Submissions.

(a)    *Eligibility for New Settlement Claim Submissions.*  Retired Players who received a valid Post-Effective Date neuropsychological evaluation from a neuropsychologist approved to support diagnoses from Qualified MAF Physicians through the MAF program (rather than a Qualified BAP Provider through the BAP) and either (i) did not submit a Settlement Claim because Black Race Norms or Black Race Demographic Estimates were applied to their neuropsychological testing, or (ii) submitted a Settlement Claim that was denied in part because their neuropsychological testing did not qualify them for a Monetary Award as a result of the use of Black Race Norms or Black Race Demographic Estimates may, at their option and expense instead of receiving a BAP examination under Section 2.6, have the neuropsychologist who administered the testing or an AAPC rescore the prior valid Post-Effective Date MAF program neuropsychological testing using the New Method and submit a new MAF Claim using the rescored testing.  If the neuropsychologist who administered the original testing is deceased or is no longer in the Settlement Program, another BAP neuropsychologist or an AAPC may conduct the rescoring.  For the avoidance of doubt, nothing in this Section 2.7 shall be construed to deprive any Class Member of any right afforded to them by the terms of the Class Action Settlement Agreement, or any benefit afforded by the post-implementation rules and FAQs previously established by the Parties with respect to a Class Member's ability to submit a Settlement Claim for Monetary Award and/or the documents or other materials that a Qualified MAF Physician may rely upon for rendering a diagnosis.

(b)    *Evidence of Eligibility.*  The application of Black Race Norms or Black Race Demographic Estimates must be evident on the face of the original neuropsychological testing documents or supported by a statement from the examining or rescoring neuropsychologist demonstrating that Black Race Norms or Black Race Demographic Estimates were used.

(c)    *Exclusions*.  Retired Players will not be eligible to have their testing rescored under this provision if:  (i) their test results were found to be invalid in any final decision; (ii) they had their testing automatically rescored under Section 2.5 ("Automatic Retrospective Rescoring"); (iii) they avail themselves of an expanded BAP examination under Section 2.6 ("Expanded BAP Examinations"); (iv) their Settlement Claims were denied as the result of an audit; (v) their Settlement Claims were withdrawn, and would have been denied as the result of an audit had they not been withdrawn; or (vi) their testing was administered by a clinician who has been disqualified from the Settlement Program. The determination of whether one of the foregoing exclusions applies shall be made by the Claims Administrator, with guidance from the AAP/AAPLC/AAPC, and the Special Masters as necessary.  This determination shall be final and unappealable.

(d)    *AAPC Review*.  An AAPC will review any rescoring that occurs under this Section 2.7.

(e)    *Date of Diagnosis*.  If the diagnosing Qualified MAF Physician determines, and an AAPC agrees, that, upon the application of the New Method, all of the criteria for a Qualifying Diagnosis were met as of the earlier date of the neuropsychological examination, the earlier date of the neuropsychological exam may be

used as the date of the Qualifying Diagnosis, notwithstanding any other timing rules in the Class Action Settlement Agreement or the Settlement Program.  For the avoidance of doubt, if any of the Class Action Settlement Agreement's requirements for the claimed Qualifying Diagnosis were not met until the date of a later evaluation, the date of the later evaluation will be used as the date of the Qualifying Diagnosis.  Any backdating will be subject to the Settlement Program's current requirements for backdated Qualifying Diagnoses.  For the avoidance of doubt, if the Retired Player did not meet the Class Action Settlement Agreement's criteria for a Qualifying Diagnosis as of any date, including as of the date of the later evaluation, the Settlement Claim will be denied.

(f) *Timing*.  New Settlement Claim submissions made pursuant to this Section 2.7 must be made within twenty-four (24) months of the Court's Order approving this Agreement.  New Settlement Claim submissions made pursuant to this Section 2.7 will automatically qualify for the "substantial hardship" exception contemplated by Class Action Settlement Agreement Section 8.3(a)(i), which otherwise requires that diagnoses must be submitted to the Claims Administrator no later than two (2) years after the date of the Qualifying Diagnosis or within two (2) years after the Settlement Class Supplemental Notice is posted on the Settlement Website, whichever is later.

(g) *Deceased Retired Players*.  If a Retired Player has died and cannot now be reevaluated or seek rescoring under this Section 2.7, upon application by the Retired Player's Representative, a Special AAP Panel will determine if the Retired Player's scores and Settlement Claim file supports a new or more severe Qualifying Diagnosis once the New Method is applied.

(h) *Appeal*.  The Retired Player, NFL Parties, and Class Counsel retain the right to appeal any Monetary Award Settlement Claim determination ultimately issued as a result of Settlement Claims submitted under this Section 2.7, pursuant to Section 9.5 of the Class Action Settlement Agreement, except for on the grounds that Race Norms or Race Demographic Estimates were not used.