IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                                      Plaintiffs,<br>     v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                                      Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Neurocognitive Football Lawyers, PLLC<br>v.<br>SPID 100010740 (W.N.M.)<br>Attorney Lien Dispute<br>Case No. 01666<br><br>AND<br><br>Langfitt PLLC<br>v.<br>SPID 100010740 (W.N.M.)<br>Attorney Lien Dispute<br>Case No. 01775 | |

**EXPLANATION AND ORDER**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                      March 10, 2022

      Before the Court is a Notice of Attorney's Lien ("Lien") and two Petitions to Establish Attorneys' Liens seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member SPID No. SPID 100010740, W.N.M. (the "SCM"), who was issued a Notice of Monetary Award Claim Determination on November 19, 2021.  The first lien was filed

in May 2020 by Neurocognitive Football Lawyers, PLLC ("NCFL").  The second was filed in September 2021 by Langfitt PLLC ("Langfitt").  The SCM is currently represented by Reppet Kelly & Vytell, LLC ("Reppert").  The Claims Administrator issued Notices of these liens to the SCM on May 12, 2020 and November 16, 2021.

The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge.  (Doc. No. 7746.)  Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018.  (Doc. Nos. 9760 and 10283.)  Pursuant to Rule 12, NCFL, Langfitt, and Reppert (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this dispute.  The Parties have so consented.  Accordingly, this Explanation and Order will serve as the final decision of the Court concerning this attorney lien dispute.[1]

The Parties submitted a Withdrawal of Attorney's Lien Dispute (the "Withdrawal") pursuant to Rule 24 on February 15, 2022.  The Withdrawal sets out an agreement that has been reached as to the portion of the SCM's Monetary Award that each law firm would receive as its fee from funds currently available for distribution, as well as how to allocate any portion of the 5% holdback that may be released in the future.  The agreement was negotiated by law firms that presumably are informed and concerned about their own interest.

Upon review of the Withdrawal and the contingency fee agreements, and in consideration

---

[1] This decision does not concern the propriety of the Monetary Award to the SCM, which has already been authorized.  Rather, it addresses only the allocation of the portion of the SCM's Monetary Award that was set aside by the Claims Administrator for fees and costs of the SCM's individually-retained counsel.  It is the SCM's retention of more than one attorney to represent him in this matter, and the filing of an attorney's lien by prior counsel, that has created the need for this judicial determination of the appropriate fee.

of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to each firm is reasonable, does not exceed the percentage for which the parties contracted, and that the collective fees are within the percentage allowed under the 22% Presumptive Fee Cap.[2] Accordingly, we conclude that the Withdrawal will be granted and that the Claims Administrator is directed to distribute the attorneys' fees to the parties as set forth in the Withdrawal.[3] We also have reviewed the itemized list of costs submitted by NCFL and Langfitt and the provision of the SCM's agreements with those firms that provided for reimbursement of certain costs, which we find to be in good order. We conclude that NCFL and Langfitt are entitled to the costs asserted.

AND NOW, this 10th day of March, 2022 it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and

---

[2] At our request, the Claims Administrator contacted Reppert to address a provision of its contingent fee agreement that seemed to provide for a different total fee than what was reflected in the Withdrawal proposal. Reppert provided an explanation and forwarded a communication from the SCM confirming that his understanding of the fee was in accordance with the explanation provided by Reppert. With this modification to the written terms of their contingent fee agreement, we can accept the terms in the Withdrawal as to the disposition of the available fee in this case pursuant to the lien negotiations among the three law firms.

[3] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

2.  The Claims Administrator is **ORDERED** to distribute the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

 /s/ David R. Strawbridge, USMJ____
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE
