IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br>v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Goldberg Persky & White, P.C.<br>v.<br>SPID 100009899 (C.M.)<br>Attorney Lien Dispute<br>Case No. 00820 | |

**EXPLANATION AND ORDER**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                         March 10, 2022

     Before the Court is a Notice of Attorney's Lien ("Lien") and a Petition to Establish Attorney's Lien seeking attorney's fees and costs from any Monetary Claim to be paid to SPID 100009899, C.M., (the "SCM"), who was issued a Notice of Monetary Award Claim Determination on October 12, 2021. The lien was filed in August 2017 by Goldberg Persky & White, P.C. ("Goldberg"). The SCM is currently proceeding *pro se*.

     The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746.) Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283.) Pursuant to Rule 12,

Goldberg and the SCM (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this dispute. The Parties have so consented. Accordingly, this Explanation and Order will serve as the final decision of the Court concerning this attorney lien dispute.[1]

On February 1 and 2, 2022, the Parties submitted a Withdrawal of Attorney's Lien Dispute form pursuant to Rule 24 (the "Withdrawal"). The Withdrawal sets out an agreement that has been reached as to the portion of the SCM's Monetary Award that Goldberg would receive as its fee from funds currently available for distribution, as well as how to allocate any portion of the 5% holdback that may be released in the future. The agreement was negotiated by parties that presumably are informed and concerned about their own interest.[2]

Upon review of the Withdrawal and the contingency fee agreement, and in consideration of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to Goldberg is reasonable, does not exceed the percentage for which the parties contracted, and does not

---

[1] This decision does not concern the propriety of the Monetary Award to the SCM, which has already been authorized. Rather, it addresses only the allocation of the portion of the SCM's Monetary Award that was set aside by the Claims Administrator for fees and costs of the SCM's individually-retained counsel. It is the SCM's discharge of an attorney he retained to represent him in this matter, and the filing of an attorney's lien by prior counsel, that has created the need for this judicial determination of the appropriate fee.

[2] The SCM signed this Withdrawal agreement on his own behalf, as he is not currently represented by counsel. We appreciate that he was qualified for a monetary award due to a diagnosis of Alzheimer's Disease dating to August 2020. In light of his presumptive limitations and his *pro se* status, we have given this Withdrawal agreement additional review, including securing information that the SCM's spouse was authorized to receive information on his claim and that she was involved in communications about this lien resolution. Moreover, we accept that the fee that the SCM has agreed be authorized for Goldberg is reasonable in the circumstances of his claim and consistent with the allocation of the fee among contending parties in interest given the efforts made by Goldberg.

exceed the percentage allowed under the 22% Presumptive Fee Cap. Accordingly, we conclude that the Withdrawal will be granted and that the Claims Administrator is directed to distribute the attorneys' fee to Goldberg and refund to the SCM as set forth in the Withdrawal.[3]

**AND NOW**, this 10th day of March, 2022, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and
2. The Claims Administrator is **ORDERED** to distribute the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

[3] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.