UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL FOOTBALL LEAGUE, et. al.<br><br>Defendants,<br><br>THIS DOCUMENT RELATES TO:<br><br>JAMES WILDER | No. 2:12-md-02323-AB<br>MDL No. 2323 |

## PETITION TO ESTABLISH ATTORNEY'S LIEN

Now, comes, the Petitioner, Mark Stallworth and Smith & Stallworth, P.A., pursuant to D.C. Rule Prof. Cond. 1.8(i); and *Redevelopment Land Agency v. Dowdey*, 618 A.2d 153, 159-60 (D.C. 1992), and the Authority to Represent executed by Petitioner and Plaintiff, Wilder, James, who hereby states as follows:

1. The Petitioner is an attorney at law and filed a Notice of Appearance of the Smith and Stallworth, P.A., law firm on behalf of approximately Sixty (60) Claimants/Plaintiffs in the above captioned matter, and now files this Petition to establish a lien for attorney's fees and expenses as set forth hereinafter.

2. Petitioner was retained by the Plaintiff, James Wilder, (the "Client" or the "Plaintiff"), pursuant to a contingent fee agreement, to pursue a claim for injuries and damages against the National Football League (the "NFL"), and any other entities who are or may be

1

legally liable or responsible, in whole or in part, incurred by the Plaintiff as a result of head injuries and concussions sustained while playing in the NFL.

3. The specifics of the fee agreement include, for services rendered, compensation to the Petitioner on a contingent fee basis before all expenses and costs are deducted from the Plaintiff's share of recovery. In the event of no recovery, the Plaintiff shall owe Petitioner nothing for attorney's fees, or for costs or expenses.

4. When Petitioner entered into contract with the Plaintiff, Petitioner entered into the risk and expense of the litigation before any settlement discussions had been held.

5. From the date the Petitioner was authorized to proceed on behalf of the Plaintiff, the Petitioner has actively and diligently applied himself to the investigation, preparation, and pursuit of the Plaintiff's potential claims, and has taken all steps necessary to prosecute said claims, including, but not limited to, correspondence and communication with the Plaintiff; research of the potential preemption issue; preparation and review of Plaintiff's factual and legal circumstances; drafting and providing updates; requesting medical records from all doctors and medical facilities; analyzing Plaintiff's medical status and assessing need for testing; and communications with neurologist and neuropsychologist.

6. On September 28, 2021, in the midst of the Petitioner performing the work outlined in ¶5, Petitioner received notice that Plaintiff is terminating Petitioner as his attorney in this matter.

7. The Petitioner was not terminated by the Plaintiff for cause nor due to any malfeasance or other improper action on the part of the Petitioner.

8. Plaintiff knowingly and voluntarily agreed to the following term when executing the Authority to Represent:

…in the event the client discharges ATTORNEY without cause, CLIENT agrees to pay ATTORNEY twenty-two percent (22%) of the settlement award, notwithstanding the laws of Quantum Meriut and the applicable rules of law.

9. Accordingly, the Petitioner claims the right to have a lien for attorney's fees and established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by the Plaintiff in this action. The Petitioner, at this time, does not impose a lien for any costs expended on Plaintiff's case.

WHEREFORE, the Petitioner prays:

1. That his attorney's lien be determined;

2. That the Court order that the Petitioner be entitled to enforce his attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

3. That the Defendant or the Defendant's insurer be prohibited from paying to the Plaintiff any sums of money until said lien has been satisfied; and

4. For such other and further relief as this Court deems just.

DATED this 16th day of March, 2022.

/s/MARK STALLWORTH
MARK STALLWORTH, ESQUIRE
FLORIDA BAR NUMBER: 0506079
SMITH AND STALLWORTH, P.A.
201 EAST KENNEDY BOULEVARD
SUITE 1475
TAMPA, FLORIDA 33602
TELEPHONE: 813-223-7799
FACSIMILE: 813-223-7711
mworth@smithstallworth.com

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Petition to Establish Attorney's Lien to be served via the Electronic Case Filing (EFC) system in the United States District Court for the

Eastern District of Pennsylvania, on all parties registered for CM/ECF in the litigation.

DATED this 16th day of March, 2022.

/s/MARK STALLWORTH
MARK STALLWORTH, ESQUIRE
FLORIDA BAR NUMBER: 0506079
SMITH AND STALLWORTH, P.A.
201 EAST KENNEDY BOULEVARD
SUITE 1475
TAMPA, FLORIDA 33602
TELEPHONE: 813-223-7799
FACSIMILE: 813-223-7711
mworth@smithstallworth.com