## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION III** | **MDL No. 2323** <br> **2:19-md-02323-AB** |
| **THIS DOCUMENT RELATES TO:** | **No. 2:12-md-02323-AB** <br> **MDL No. 2323** |
| **Dominic Austin, et al v. National Football League, et al** | **Hon. Anita B. Brody** |
| **NATE LEWIS, only** <br> **v. National Football League, et al** <br> **No. 3:12CV461 TSL-MTP** <br> **(Southern District of MS)** | |

## PRO SE PLAINTIFF NATHANIEL (NATE) LEWIS'S RESPONSE TO ORDER REGARDING RIDDELL PLAINTIFFS

*Pro Se* Plaintiff Nathaniel (Nate) Lewis respectfully responds to the Honorable Judge Anita B. Brody's Orders dated March 11, 2022, E.D.P.A. No. 2:12-md-02323-AB, *In Re: National Football League Players' Concussion Injury Litigation,* ECF 11659 and E.D.P.A. No. 2:19-md-02323-AB, In *Re: National Football League Players' Concussion Litigation III*, ECF 22, to show cause as to why players omitted from Exhibit 1 to these Orders should be included in the Riddell Litigation.

On May 8, 2012, Plaintiff was contacted by John Giddens, of John D. Giddens P.A. ("Giddens") and Philip W. Thomas Law Firm ("Thomas") regarding concussion injury litigation. Plaintiff entered into a contingent fee agreement and retained the firms to pursue claims for injuries and damages on Plaintiff's behalf against the NFL and any other responsible parties for any football-related injuries, including Riddell.

1

On July 3, 2012, Plaintiff was part of a Complaint that Giddens and Thomas filed in the United States District Court for The Southern District of Mississippi, Case No.3:12CV461 TSL-MTP that included claims against Riddell (Exhibit A).   On July 24, 2012, the case was transferred to the Eastern District of Pennsylvania and consolidated into the MDL.

On August 6, 2012, Thomas, the additional counsel filed a Short Form Complaint on behalf of Plaintiff and his wife, Sherrie.  (Doc. 3001/Exhibit B)

On January 3, 2017, A "Consent Associates Agreement" was sent informing Plaintiff of a merger creating the "Players First Program" with Ali Mokaram/Mokaram Law Firm P.C. ("Mokaram") based out of Houston, TX serving as co-counsel.  Plaintiff was asked to sign an agreement with the merged counsel which he did (Exhibit C). [1]

On February 6, 2017, Registration for the NFL Concussion Settlement began, and shortly afterward Plaintiff's wife contacted Mr. Giddens to make sure that she and her husband were registered.  They were told that Mokaram would be handling their registration.  Upon calling Mokaram, Mrs. Lewis was told that Giddens would be handling their registration.   This exchange went back and forth several times and Plaintiff feared he would not be registered with each firm stating that the other firm was responsible.

Finally, on March 16, 2017, in desperation, Plaintiff's wife contacted Giddens Law firm and spoke with a paralegal by the name of Lauren to request registration again, explaining the confusion between Giddens and Mokaram as to whom would be registering plaintiff.   After Lauren understood Plaintiff's frustration, she agreed to register Plaintiff.

On March 30, 2012, Plaintiff received a "Notice of Overlapping Representation" from the Claims Administrator after a notice of representation by Mokaram appeared on the Portal on

---

[1] Mr. Giddens and Mr. Thomas also brought in Stern Law Group to create the "Players First Program," but Plaintiff and his wife had no dealings with this firm.

March 17.  After a great deal of being shuffled back and forth between law firms, Plaintiff's wife was told that Mokaram would be handling their claim.  (Exhibit D).

Plaintiff and his wife felt "lost in the shuffle" in their dealings with Mokaram and had difficulty getting answers to their questions.  In September 2017 Ali Mokaram took a call from Mrs. Lewis and had her on what sounded like a speaker phone.   In the course of their conversation, Mr. Mokaram used profanity with Mrs. Lewis and someone in the background could be heard laughing.  Mrs. Lewis felt disrespected and humiliated (Exhibit E).

On September 27, 2017, Plaintiff released both firms to finally put an end to what had become an unhealthy, frustrating, and unprofessional relationship that had caused humiliation, embarrassment and emotional distress to Plaintiff and Plaintiff's wife.

Plaintiff's wife was given access to the claims portal and Plaintiff was able proceed as a *pro se* litigant from that point forward.  Finally, in July 2019, Plaintiff received a Notice of Monetary Award Claim Determination.

Plaintiff heard nothing regarding the Riddell litigation since the short-form complaint was filed in 2012 until recently when Plaintiff's wife saw a social media post about Your Honor's Orders on March 11, 2022.  She recalls inquiring and questioning about Riddell litigation in 2017, while Plaintiff was represented by Mokaram Law Firm. Plaintiff and his wife were never informed of Your Honor's order to file new short form complaints by Mokaram, nor Mr. Giddens who filed the lawsuit with Plaintiff and his wife.  No notice of the October 24, 2017, Order was posted to the portal where Mrs. Lewis managed her husband's claim and communicated with the Claims Administrator (Exhibit F). Plaintiff is cognitively impaired and Plaintiff's wife, who handled all communication and documentation is not versed in the law,

Plaintiff only assumed that he and his wife were still part of the on-going Riddell litigation, since they were never told otherwise.

Plaintiff was unable to comply with the October 24, 2017 Order, due to all that transpired from the onset of Plaintiffs' client-attorney relationship, lack of communication, results obtained, quality of representation and substantiality of work.

After learning of this of this Order, Plaintiff is having to address and continue a new process as a *pro se* litigant due to no fault of his own and many undesirable experiences with attorneys. Plaintiff feels as a previous client of John D. Giddens and Phillip W. Thomas Law Firm, that Mokaram Law Firm that he should have been informed of the Order, but that did not happen, nor did Plaintiff ever feel that the firms considered the needs of Plaintiff and his wife a priority.

Plaintiff and his wife are willing to navigate through the process of the Riddell litigation with guidance just as they did in the NFL settlement claim process.

THEREFORE, Plaintiff respectfully petitions this Court to add his name to "Exhibit 1" and permit his claims against Riddell to proceed. Plaintiff also requests that the Court accept his new short-form complaint attached to this Response as "Exhibit G."

Date: 03/21/2022                         Respectfully Submitted,

                                         /s/ Nathaniel Lewis
                                         Nathaniel (Nate) Lewis
                                         Sherrie LynetteLewis
                                         *Pro Se*
                                         3374 Brooksong Way
                                         Dacula, GA 30019
                                         (770)256-0069
                                         Nathaniel158466@aol.com