IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY
LITIGATION

No. 2:12-md-02323-AB

MDL No. 2323

**BRIEF IN SUPPORT OF MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO
PRESERVE DISTRIBUTIONS TO MITNICK LAW OFFICE, LLC**

I.   **Introduction and Relief Requested**

Balanced Bridge Funding LLC ("Balanced Bridge") holds a $3.2 million arbitration award against Mitnick Law Office, LLC ("Mitnick Law"). That award awaits confirmation in another case that has been pending before the Hon. Petrese Tucker since September 2021. The award resulted from Mitnick Law's breach of a funding agreement by failing to turn over to Balanced Bridge fees earned in the NFL Concussion Litigation. Mitnick Law represents a number of retired NFL players in this action, and referred a number of others to the Locks Law Firm for representation. Due to the Court's March 2, 2022 order to remove race norms and demographic estimates based on race from the NFL Concussion Settlement Program, Mitnick Law stands to receive additional legal fees disbursed through the Settlement Administrator and Locks Law Firm. Those fees represent potentially the only significant source of assets with which to satisfy the anticipated judgment, and should be held pending confirmation.

Based on its conduct leading to the arbitration award and other actions taken to shield assets from Balanced Bridge's collection efforts (which actions have given rise to yet another litigation), there is little reason to believe that Mitnick Law would voluntarily turn over or preserve any fee payments received in order to satisfy the arbitration award. Balanced Bridge therefore requests

that, pending confirmation of the arbitration award as a judgment, the Court enter the proposed order directing the Settlement Administrator and Locks Law Firm to retain for Balanced Bridge's benefit the portions of such payments that represent legal fees.

## II. Factual and Procedural Background

Under a series of funding agreements culminating in a Master Agreement, Balanced Bridge provided Mitnick Law with millions of dollars in monetary advances against Mitnick Law's anticipated attorney's fees earned but not yet received in the NFL Concussion Class Action. After making some payments to Balanced Bridge, Mitnick Law breached the contract by, among other things, failing to pay Balanced Bridge after receiving attorney's fees in the NFL Concussion Class Action. The Master Agreement, a copy of which is attached as Exhibit A, was the last of a series of funding agreements entered into between Balanced Bridge and Mitnick Law. In exchange for Balanced Bridge's advances of funds to Mitnick Law, the Master Agreement obligated Mitnick Law to pay to Balanced Bridge all legal fees earned in the NFL Concussion Litigation.

Mitnick Law breached the Master Agreement by, among other things, failing to pay over to Balanced Bridge the amounts owed. Because the Master Agreement contains an arbitration clause, Balanced Bridge commenced the Arbitration before the AAA, which appointed the Hon. Francis J. Orlando, Jr. (Ret.) to serve as the Arbitrator. Judge Orlando previously served as a trial judge for over 20 years on the New Jersey Superior Court in the Camden Vicinage.

Balanced Bridge and Mitnick Law pursued arbitration before AAA for over a year, including a discovery period with both written discovery and document exchanges. Balanced Bridge and Mitnick Law agreed that the issue of liability, including the validity of the Master Agreement and Mitnick Law's breach, would be appropriate for partial summary judgment, and submitted cross applications for summary judgment on the issue of liability.

On May 27, 2021, Judge Orlando granted Balanced Bridge's application for summary judgment as to liability, determining that the agreements between Balanced Bridge and Mitnick Law are valid and Mitnick Law had admitted breach. *See*, May 27, 2021 Order and Opinion, attached as Exhibit B.

On June 21, 2021 and June 23, 2021, Judge Orlando held a damages hearing in which both parties presented exhibits and witness testimony. Thereafter, the parties submitted post-hearing briefs for Judge Orlando's consideration.

On August 17, 2021, Judge Orlando entered an Interim Award in favor of Balanced Bridge; finding that Mitnick Law had underpaid Balanced Bridge, Judge Orlando assessed damages against Mitnick Law and in favor of Balanced Bridge as follows:

| Year | Amount |
|------|--------|
| 2018 | $753,987.00 |
| 2019 | $454,062.00 |
| 2020 | $171,756.00 |
| 2021 | $99,300.00 |

*See* Interim Award, attached hereto as Exhibit C.

Judge Orlando ordered Mitnick Law to pay these damages at an interest rate of nineteen percent (19%) per annum accruing daily and compounding monthly until the award is satisfied. In addition, Judge Orlando awarded Balanced Bridge recovery of reasonable costs and attorney fees, pursuant to paragraph 9(a) of the Master Agreement, in the amount of $102,605.01. Finally, Judge Orlando ordered Mitnick Law to bear the cost of all AAA fees and Arbitrator fees (which Balanced Bridge had paid), totaling $44,957.00. *Id.* Balanced Bridge had paid the AAA and Arbitrator fees.

6

On September 1, 2021, the Arbitrator entered a Final Award which incorporated the Opinion and Order dated May 27, 2021 and the Interim Award dated August 17, 2021. *See* Final Award, attached hereto as Exhibit D.

On September 13, 2021, Balanced Bridge filed a petition under the Federal Arbitration Act to confirm the arbitration award. The action was assigned case number No: 2:21-cv-04073 and is pending before the Hon. Petrese Tucker. "[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 248 (3d Cir. 2020) (emphasis added). Mitnick Law filed another action seeking to vacate the award, and both cases are assigned to Judge Tucker.

On December 15, 2021, Balanced Bridge filed an action against Mitnick Law, Craig Mitnick, and others arising from fraudulent transfers related to a shore house. The case is pending in the United States District Court for the District of New Jersey under case number 1:21-cv-20512. Balanced Bridge filed the case in the District of New Jersey because the shore house that is the subject of the fraudulent transfers is located in Margate City, New Jersey. Specifically, Balanced Bridge alleges that Mitnick Law purchased the shore house (in the name of the firm) in December 2018 using $320,250 in funds belonging to Balanced Bridge or advanced for business use. In March 2019, Mitnick Law secured a mortgage on the property and, in August 2019, transferred the property to Mr. Mitnick and his wife for a stated price of $25,000. As the initial transaction utilized Balanced Bridge's funds and subsequent transactions occurred while Mitnick Law and the other stated defendants were aware of the obligation to Balanced Bridge, were undertaken to avoid obligations to Balanced Bridge, and bear other indicia of fraud, the transactions are subjects of the fraudulent transfer action.

7

On March 4, 2022, this Court entered an Order granting a motion to remove race norms and demographic estimates based on race from the NFL Concussion Settlement Program. Paragraph 7 of the Order indicates that rescoring and access to expanded evaluations will be implemented on or about April 29, 2022. Many of these changes appear to be automatic in that they do not require additional evaluations or other developments to improve the affected retirees' benefits from the Program. In other words, these changes are likely to increase payouts for affected NFL retirees in the very near term.

As Balanced Bridge understands the matter, a number of NFL retirees represented by Mitnick Law directly, and those referred by Mitnick Law to Locks Law Firm, will likely qualify for these additional payouts. The legal fees accompanying those additional payouts will be a source of recovery for Balanced Bridge, and should be held pending the confirmation of the arbitration award as a judgment.

Mitnick Law even continued to retain fee payments after the arbitrator found Mitnick Law liable to Balanced Bridge. Balanced Bridge has no expectation that Mitnick Law will change course, which only underscores the need for the requested injunctive relief.

III. **Argument**

a. **Applicable Standard**

In considering a request for injunctive relief, the Court considers: "(1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3rd Cir.

2002) (citations omitted). The first two elements are the most critical factors for the court to consider. *Tilden Recreational Vehicles, Inc., v. Belair*, 2019 WL 4200263 *2 (3rd Cir. 2019).

A primary purpose of a preliminary injunction is to preserve the status quo until a decision can be made on the merits. *Acierno v. New Castle County*, 40 F.3d 645, 647 (3d Cir. 1994). This is precisely the purpose of the request here.

### b. Balanced Bridge is Likely to Prevail in the Confirmation Proceeding

Balanced Bridge is likely to prevail in its effort to confirm the arbitration award as a judgment. The summary proceedings that result from a motion to confirm an arbitration award under the Federal Arbitration Act ("FAA") are "not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm." *Teamsters*, 966 F.3d at 252. *See, also PG Publishing Inc. v. Newspaper Guild of Pittsburgh*, 19 F. 4th 308, 313-14 (3d Cir. 2021) ("A court can, within its discretion, decide an FAA motion without conducting a full hearing or taking additional evidence"), *O.R. Sec., Inc. v. Profe'l Planning Assoc., Inc.*, 857 F.2d 742, 745 (11th Cir. 1988) (rejecting contention that an FAA proceeding to vacate an arbitration award should "develop into full scale litigation, with the attendant discovery, motions, and perhaps trial"). A court begins with the presumption that the award is enforceable, and may vacate it only under the "exceedingly narrow circumstances" listed in FAA Section 10(a). *Freeman v. Pittsburgh Glass Works LLC*, 709 F.3d 240, 251 (3d Cir. 2013).

Specifically, the FAA provides in relevant part that a court, absent narrow grounds stated in the statute, "must grant" a timely request for an arbitration award. *Id.* at 251 (citing FAA § 9, 9 U.S.C. §9). Put differently, the Court "may deny confirmation of an arbitration award only where (1) the award was procured through fraud or other undue means; (2) one or both of the

9

arbitrators were partial or corrupt; (3) the arbitrators committed misconduct; or (4) the arbitrators exceeded their power." *Balanced Bridge Funding, LLC v. Harper*, No. CV 20-6525, 2021 WL 3027018, at *1 (E.D. Pa. Feb. 23, 2021) (citing 9 U.S.C. § 10(a), and describing a petitioner's burden for confirming an arbitration award as "very low").

As arbitrator, Judge Orlando had authority and jurisdiction to issue the Final Award. There are no grounds to vacate, further modify, or correct it. *See,* 9 U.S.C. §10(a); *see also, Southco, Inc. v. Reel Precision Mfg. Corp.*, 556 F.Supp.2d 505, 511 (E.D. Pa. 2008) (holding "the Court must affirm the award unless [it is] completely irrational" … which necessitates a showing that the decision "escape[s] the bounds of rationality").

Mitnick Law relies on "arbitrator misconduct" in not disqualifying Fox Rothschild as its opposition to confirming the award. Mitnick Law argued in the arbitration as a "defense" that Fox Rothschild LLP ("Fox Rothschild") had a conflict in representing Balanced Bridge adverse to Mitnick Law due to a prior limited representation of Mitnick Law. Judge Orlando fully considered that issue in the arbitration, and rejected it in a written reasoned opinion that is attached as Exhibit E.[1]

---

[1] Specifically, Judge Orlando rejected Mitnick Law's motion to disqualify because Fox Rothschild's former representation of Mitnick Law is not substantially related to this dispute under Rule of Professional Conduct 1.9, and was limited to: (1) a referral fee dispute with another law firm regarding clients in the NFL Concussion Class Action; and (2) counseling regarding common benefit fees in the NFL Concussion Class Action. The former representation did not extend to Mitnick Law's contract with Balanced Bridge, and ended before the payment to Mitnick Law of any attorney's fees from the NFL Concussion Class Action. The common benefit fees due to Mitnick Law were not at issue in the arbitration because Mitnick Law paid them to Balanced Bridge long before the arbitration commenced, during the period in which it performed under the parties' agreement. Finally, Fox Rothschild had no confidential information regarding Mitnick Law from the prior representation pertinent to the Balanced Bridge dispute. The pertinent documents for the arbitration were those showing the legal fees received by Mitnick Law but not turned over to Balanced Bridge. Fox Rothschild did not have those documents, which required significant discovery efforts in the arbitration. Mitnick Law begrudgingly produced some of those documents in the arbitration after discovery motion practice, and Balanced Bridge obtained other payment documents via third-party subpoena. Though it had no obligation to do so, Fox Rothschild had also taken the additional step of screening the attorneys who had handled the prior Mitnick Law representation from representing Balanced Bridge in the arbitration.

The Final Award is the product of an arbitration proceeding that afforded Mitnick Law a fair opportunity to be heard on Balanced Bridge's claims. The Final Award is a well-reasoned decision issued by a competent and respected arbitrator. The parties had ample time for discovery, the Arbitrator heard the parties on the liability issue and Mitnick Law's challenges to the Master Agreement, and the Arbitrator conducted an evidentiary hearing and considered the parties' written submissions on damages.

Balanced Bridge is more than likely to succeed on its effort to confirm the Final Award as a judgment. This factor weighs in favor of injunctive relief.

c. **Balanced Bridge Will Be Irreparably Harmed Absent the Requested Relief**

Balanced Bridge will suffer irreparable harm absent the requested without injunctive relief. Irreparable harm means harm "such that legal remedies are rendered inadequate. *Anderson v. Davila*, 125 F.3d 148, 163 (3d Cir. 1997). Here, Mitnick Law bought a shore house with funds advanced by Balanced Bridge or with legal fees owed to Balanced Bridge, refused to turn over legal fees received, even after Judge Orland ruled for Balanced Bridge on liability, and repeatedly claims that it lacks any resources to satisfy its obligations. Allowing Mitnick Law to collect the legal fees will irreparably harm Balanced Bridge in that it will empower Mitnick Law to thwart collection efforts and leave Balanced Bridge with no effective remedy. This factor weighs in favor of injunctive relief.

d. **The Balance of Harms Favors the Requested Relief**

Balanced Bridge would be significantly more harmed by the denial of injunctive relief than Mitnick Law would be harmed by the granting of it. While Balanced Bridge would be denied an opportunity to collect on the arbitration award without injunctive relief, granting the relief would only preclude Mitnick Law from taking funds to which it is not entitled in the first place. This

11

factor plainly weighs in Balanced Bridge's favor, particularly in light of Mitnick Law's clear violations of contractual obligations. *See, Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 118-19 (3d Cir. 2010) (stating that where the facts demonstrate that the restriction is necessary to prevent greater irreparable harm from befalling another party, the equities weigh in favor of issuing a preliminary injunction).

Balanced Bridge anticipates that Mitnick Law may claim that holding the legal fees pending confirmation of the arbitration award would impede or prevent the flow of payment to NFL Concussion Class Action plaintiffs, because determinations must be made as to the amount of legal fees owed to each individual. This is not a real issue. The applicable contingency rate can be established by reference to the engagement letters entered into with each individual, and by reference to the Court's orders regarding allowable contingency rates. This case be established well in advance of when funds become available to disburse, and thus should not impede the flow of funds to individual plaintiffs. The balance of harms weighs in favor of injunctive relief.

e. **Public Interest Favors the Requested Relief**

"[T]he public interest favors enforcing valid contracts and making parties live up to their agreements." *MarbleLife, Inc. v. Stone Res., Inc.*, 759 F. Supp. 2d 552, 563 (E.D. Pa. 2010). Enforcing clear and unambiguous contractual agreements is consistent with public policy. *See, e.g., Borough of Ambridge Water Auth. v. J.Z. Columbia*, 328 A.2d 498, 500 (Pa. 1974) ("Fundamental in our law of contracts is the axiom that parties may write their own contracts, and that it is the function of the courts to interpret those contracts and to enforce them as made").

Here, Judge Orlando already ruled that Balanced Bridge is entitled to $3.2 million under the parties' contract. Under the above authorities, significant deference is afforded to Judge

Orlando's determination, as the public interest favors both the enforcement of contracts and the enforcement of arbitration awards. The public interest favors injunctive relief.

## IV. **Conclusion**

For the foregoing reasons, Balanced Bridge respectfully requests that the Court grant the requested temporary and preliminary injunctive relief.

Respectfully submitted,

/s/ Eric E. Reed
Eric E. Reed, Esq.
FOX ROTHSCHILD LLP
ereed@foxrothschild.com
2000 Market Street—20th Floor
Philadelphia, PA 19103
(215) 299-2000
(215) 299-2150 (facsimile)
Attorneys for Balanced Bridge Funding LLC

Date: April 14, 2022

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, on April 14, 2022, he filed the foregoing with the Court using the ECF system, which will provide notice and a copy to counsel of record.

/s/ Eric E. Reed