# Exhibit E

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| Balanced Bridge Funding LLC fka Thrivest Specialty Funding LLC | Case No. 01-20-0005-1630 |
| Claimant | OPINION |
| vs. | |
| Mitnick Law Office, LLC | |
| Respondent | |

**Claimant's Counsel**          Eric C. Reed, Esquire

**Respondent's Counsel**     Craig Mitnick, Esquire

**AAA Director:**                    Matthew Conger, Esquire

**Arbitrator:**                         Hon. Francis J. Orlando, Jr., A.J.S.C., (Retired)

The Claimant, Balanced Bridge Funding LLC fka Thrivest Specialty Funding LLC (Balanced Bridge), filed a Demand for Arbitration contending that the Respondent, Mitnick Law Office LLC (Mitnick Law) breached contractual obligations to disclose and transfer proceeds from the representation of class members in the NFL Concussion Class Action to Balanced Bridge. The law firm of Fox Rothschild LLP represents Balanced Bridge in this action. Mitnick Law moves to disqualify Fox Rothschild as claimant's counsel based upon Fox Rothschild's prior representation of Mitnick Law.

### BACKGROUND

Mitnick Law was retained by over 1,200 retired NFL players in their claims against the National Football League (NFL) for concussion related injuries. The claims asserted by Mitnick Law on behalf of the players are part of the multi-district litigation known as the "NFL Players Concussion Litigation".

Case No. 01-19-0001-2653
OPINION

Balanced Bridge is in the business of investing in settlement claims and lawsuits. Mitnick Law entered into a Master Agreement and several rollover agreements with Balanced Bridge whereby Mitnick Law sold to Balanced Bridge its rights, title and interest to certain of the legal fees which it obtained in the NFL Players Concussion Litigation.

Mitnick Law referred a substantial number of concussion claimants to the Locks law firm for legal representation, while independently representing approximately 250 of the retired players.

Craig Mitnick, Esquire on behalf of Mitnick Law engaged Fox Rothschild in October 2012. Mr. Mitnick met with Mr. Abraham Reich, Esquire of the Fox Rothschild firm. Mr. Reich sent to Mr. Mitnick on October 25, 2012 an engagement letter which described the Scope of the Work as follows:

> Consultation and on-going advice regarding the referral arrangement between you and Gene Locks and his law firm in the IN RE: National Football Players Concussion Injury Litigation. You have not engaged the Firm, nor has the Firm agreed, to represent you regarding any other matter.

The engagement letter attached Fox Rothschild's Standard Terms which became part of the Engagement Agreement. The Standard Terms include the following provision:

> The Firm is a relatively large law firm and represents many other companies and individuals. Thus, during the time that the Firm represents Client in the Engagement, the Firm may also represent other present or future clients in disputes or transactions adverse to Client that are unrelated to the Engagement. Client agrees that the Firm's representation of Client in the Engagement will not disqualify the Firm from opposing Client in other matters that are unrelated to the Engagement, and Client consents to any conflict of interest with respect to those representations. The Firm agrees not to use any proprietary or other confidential information, of a nonpublic nature, concerning Client, acquired by the Firm as a result of the Engagement, to Client's material disadvantage in connection with any matter in which the Firm is opposed to Client.

2

Case No. 01-19-0001-2653
OPINION

Craig Mitnick signed the engagement letter on behalf of Mitnick Law.

In addition to Mr. Reich, Peter Buckley, Esquire of Fox Rothschild represented Mitnick Law. Fox Rothschild's billing records reflect that the firm's representation of Mitnick Law began in October 2012 and that the last billing event occurred in May 2018. An e-mail dated February 21, 2019 from Mr. Reich confirms that Fox Rothschild's representation ended. During the course of its representation of Mitnick Law, Fox Rothschild expanded its representation to advise Mitnick Law regarding its claim for common benefit fees in the NFL Concussion Class Action.

Mitnick Law does not contend that Fox Rothschild represented it in its negotiations with Balanced Bridge regarding the initial Master Agreement or with respect to any of the subsequent roll over agreements. Nor does Mitnick Law contend that Fox Rothschild was providing advice to Balance Bridge regarding the Agreements it negotiated with Mitnick Law. In its Brief, Mitnick Law asserts:

> Not only was Fox Rothchild provided with information from Craig Mitnick, Esquire pertaining to the terms of the transactions between MLO and Balanced Bridge, but that information contained confidential communications pertaining to how MLO viewed the terms of the Agreements (whether true buy-sell transaction or banking transaction, and whether their terms were legal or not) which could dramatically change the transaction amounts if there was ever a dispute. Additionally, Fox Rothchild was provided with and had access to MLO's NFL client lists, some of the clients who may not have been provided to Balanced Bridge initially. Further, another substantial client listing was provided to Fox Rothchild directly by a partner at Lock's law firm, Michael Leh that was not provided to Balanced Bridge due to the fact that was an ongoing work product between MLO and Locks Law Firm. The clients included on this list may in fact go to the core of the dispute between MLO and Balanced Bridge as Balance Bridge is asserting that MLO did not turn over all fees received from their retired player clients and did not make appropriate disclosures regarding clients. Just as importantly, these lists are relevant and material to the representation of Balanced Bridge by Fox Rothchild and to the dispute between MLO and Balanced Bridge, explicitly creating an ethical conflict given Fox Rothchild's representation of Balanced Bridge in the dispute.

3

Case No. 01-19-0001-2653
OPINION

During oral argument Mr. Mitnick asserted that the common benefit fee application was significantly related to Mitnick Law's agreements with Balanced Bridge. Mr. Mitnick contends that Mitnick Law has a substantial obligation to Balanced Bridge and therefore it was critical that it obtain a significant common benefit fee award. Mr. Mitnick argues that this was made known to counsel at Fox Rothschild during their representation of Mitnick Law. He states that he had conversations with his Fox Rothschild's counsel during which he discussed his interpretation of the Balanced Bridge agreements and their enforceability. A billing entry on Fox Rothschild's statement dated April 19, 2018 of professional services provided to Mitnick Law under the heading "RE: Professional Guidance" lists a phone conversation between Mr. Reich and Mr. Mitnick regarding "Background on Fee Dispute/Funders."

Mr. Buckley has provided a "Declaration" in which he states that there is no evidence that Mitnick Law consulted Fox Rothschild about its funding agreement with Balanced Bridge or that Fox Rothschild had any knowledge about whether Mitnick Law received proceeds as counsel for individual claimants.

Mr. Buckley advises that he began to represent Balanced Bridge in October of 2017 regarding advances it provided to class members in the NFL Concussion Class Action. Since then he has acted as Balanced Bridge's outside counsel handling all of its legal matters and enforcement of its agreements. In November of 2019, Mr. Buckley wrote to Mr. Mitnick on behalf of Balanced Bridge. He asked that Mr. Mitnick provide certain information regarding fees either received or expected to be received. Mr. Mitnick, in response, asserted that Fox Rothschild had a conflict and was barred from representing Balanced Bridge against Mitnick Law. There followed communications between Fox Rothschild and Mitnick regarding the conflict issue. When the issue was not resolved Fox Rothschild

4

initiated this Arbitration on behalf of Balanced Bridge. Mitnick Law has now filed this Motion to disqualify Fox Rothschild.

### LEGAL STANDARD

Motions to disqualify opposing counsel are generally not favored. Hamilton v. Merrill Lynch, 645 F. Supp. 60, 61 (E.D. Pa 1986). Courts scrutinize such applications to prevent litigants from using motions to disqualify counsel for tactical reasons.

Rule of Professional Conduct 1.9 sets forth a lawyer's obligations to former clients. The RPC in relevant part states:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person *in the same or a substantially related matter* in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.
>
> ***
>
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
> (1) use information relating to the representation to the disadvantage of the client, or when the information has become generally known; or
> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

(Emphasis added).

The moving party bears the burden of establishing a substantial relationship under Rule 1.9 Com. Ins. Co. v. Graphix Hot Line Inc., 808 F. Supp. 1200, (E.D. Pa 1992). The Court in Graphix developed a three-part test to analyze whether a subsequent representation is substantially related to a prior representation.

5

1. What is the nature and scope of the prior representation at issue?

2. What is the nature of the present lawsuit against the former client?

3. In the course of the prior representation, might the client have disclosed to his attorney confidences which could be relevant to the present action? In particular, could any such confidences be detrimental to the former client in the current litigation?

In this case Fox Rothschild represents Balanced Bridge in its breach of contract claim against Mitnick Law for the firms alleged failure to disclose and transfer fees received through the representation of class members in the concussion class action litigation. Fox Rothschild's prior representation of Mitnick Law centered on Mitnick Law's referral agreement with Lock's law firm and the firm's application for common benefit fees in the concussion class action. The representations on their face are distinct and different. Mitnick Law argues that during Fox Rothschild's representation of it the firm gained access to various client lists of Mitnick Law which could be detrimental to Mitnick Law in this litigation. This argument is without merit. Mitnick Law provided Balanced Bridge with client lists prior to receiving funding. The firm's obligation to Balanced Bridge is based on the dollars advanced and not the number of claims in which the firm will receive a fee. The client lists are relevant only in determining when a legal fee has been received and the amount of the legal fee and would have to be disclosed under the agreements with Balanced Bridge. Next, Mitnick Law asserts that Craig Mitnick had discussions with Fox Rothschild's counsel regarding the interpretation and enforceability of the Balanced Bridge agreements. The record before me does not delineate the full nature and scope of these purported discussions. There is one billing record that suggests that there may have been a conversation regarding Balanced Bridge. Other than this one record and Mr. Mitnick's assertions during oral argument no other evidence regarding the scope of these conversations has been presented. If Mr. Mitnick merely expressed his concerns about the firm's obligation under the funding agreements with Balanced Bridge or potential interpretations of the agreements that would

Case No. 01-19-0001-2653<br>OPINION

not disqualify Fox Rothschild. If, however, Fox Rothschild counseled him on how to interpret the agreements or offered him strategies that may well disqualify the firm.

Inasmuch as the movant bears the burden of establishing a substantial relationship, I am going to deny the application without prejudice based on the record before me. I will permit the Claimant to depose Mr. Reich and Mr. Buckley solely with respect to any conversations and/or communications they had with Craig Mitnick regarding or related to the funding agreements between Balanced Bridge LLC and Mitnick Law. In addition, Mr. Mitnick asserts he has been provided with an incomplete file from Fox Rothschild relating to the firm's representation of Mitnick. Fox Rothschild shall certify that the file provided to Mitnick Law is the complete file and that no portion of the file was removed in any way prior to the file being provided to Mitnick Law.

Dated: October 1, 2020

_____
Francis J. Orlando, Jr., Arbitrator