# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB) |
| | MDL No. 2323 |
| THIS DOCUMENT RELATES TO: | |
| Plaintiffs' Master Administrative Long Form Complaint and | **NOTICE OF ATTORNEY'S LIEN** |
| **GEORGE JAMISON and ARNELLA L. JAMISON,** **P**laintiffs, USDC, EDPA, Docket No. 2:12-cv-01023-AB | |

Attorney Jason E. Luckasevic and Goldberg, Persky & White, P.C., attorneys for Plaintiffs, **George Jamison and Arnella L. Jamison** in the above entitled action, hereby notify this Court and all parties that they have a lien in this case for reasonable contingent attorney's fees plus expenses as set forth in the accompanying Petition to Establish Attorney's Lien relating to Plaintiff**s George Jamison and Arnella L. Jamison.**

Dated:  May 6, 2022                    Respectfully submitted,

                                                       GOLDBERG, PERSKY & WHITE, P.C.


                                                       /s/  *Jason E. Luckasevic*
                                                       Jason E. Luckasevic, Esquire
                                                       PA Bar No. 85557
                                                       11 Stanwix Street, Suite 1800
                                                       Pittsburgh, PA  15222
                                                       Phone:  412-471-3980
                                                       Fax:  412-471-8308
                                                       jluckasevic@gpwlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing *Notice of Attorney's Lien* to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania on all parties registered for CM/ECF in the litigation.

Dated: May 6, 2022

*/s/   Jason E. Luckasevic*
Jason E. Luckasevic, Esquire
PA Bar No. 85557
11 Stanwix Street, Suite 1800
Pittsburgh, PA  15222
Phone:  412-471-3980
Fax:  412-471-8308
jluckasevic@gpwlaw.com

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | ) ) ) | No. 12-md-2323 (AB) |
| | ) ) | MDL No. 2323 |
| THIS DOCUMENT RELATES TO: | ) ) | |
| Plaintiffs' Master Administrative Long Form Complaint and | ) ) ) | **PETITION TO ESTABLISH ATTORNEY'S LIEN** |
| **GEORGE JAMISON and ARNELLA L. JAMISON , Plaintiffs** USDC, EDPA, Docket No. 2:12-cv-01023-AB | ) ) ) ) ) | |
| | ) | |

Now comes the Petitioner, Jason E. Luckasevic, Esquire for Goldberg, Persky & White, P.C., ("GPW") pursuant to an executed retainer agreement, and states:

1.      Petitioners are attorneys at law admitted to practice before the Courts of Pennsylvania, and file this Petition to establish a lien for attorney's fees as set forth hereinafter.

2.      On or about July  7, 2011, Jason E. Luckasevic and GPW were retained and employed by the Plaintiffs, George Jamison and Arnella L. Jamison pursuant to a contingency fee agreement for legal services, to pursue a claim for injuries and damages allegedly caused by the National Football League's conduct associated with football-related concussions, head, and brain injuries.

3.  Mr. Jamison's  contingency fee agreement contains the following terms:

*I agree that the attorney's fees for services rendered shall be forty percent (40%) of*

*the gross amount that is received or collected by reason of any suit or by reason of*

*any settlement, unless a different percentage is required by applicable state law, plus reimbursement of all advanced costs if an action is filed in court or arbitration.*

Furthermore, on September 17, 2014, GPW notified clients that they were reducing the fee to twenty-five (25%) percent.

The agreement also states that *"It is understood the litigation may involve multiple plaintiffs and all costs incurred by my attorneys during this litigation may be pro-rated among each plaintiff."*

Furthermore, the agreement states that *"I understand that all such costs of prosecution that I may owe on any recovery I may receive as a result of this representation will be deducted from my settlement or judgment proceeds."*

Finally, the Retainer Agreement states that *"It is agreed and understood that this employment is upon a contingent fee basis, and if no recovery is made, I will not be indebted to my said attorneys for any sum whatsoever as attorney's fees or costs."*

4.       When Petitioners entered into this contract with Plaintiff, Petitioners through originating the litigation entered into the extreme risk and the entire expected expense of the ligation.

5.       From the date the Petitioner was authorized to proceed on behalf of the Plaintiff, the Petitioner has actively and diligently investigated, prepared, and pursued Plaintiff's claims, and has taken all steps necessary to prosecute those claims including, but not limited to, correspondence and communications with the client, preparation and review of client's factual and legal circumstances, retaining experts, drafting and providing client updates, analyzing

Plaintiff's medical status and need for medical testing, and complying with every step of the Case Management Order and/or settlement agreement.

6.    The Plaintiffs have discharged the Petitioners as his attorneys in this matter, and it is expected that a new attorney will be pursuing representation to the Plaintiff in this action.

7.    Petitioners were not terminated due to any malfeasance or other improper action.

8.    The Petitioners claim the right to have a lien for attorney's contingent fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiff in this action.

WHEREFORE, the Petitioners pray:

(1)    That an attorney's lien be established;

(2)    That the amount of the lien be determined;

(3)    That the Court order that Petitioner be entitled to enforce an attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

(4)    That the Defendant or the Defendant's insurer be prohibited from paying to the Plaintiff and/or his present lawyer any sums of money until said lien has been satisfied; and

(5)    For such other further relief as this Court deems just.

Dated: May 6, 2022                                            Respectfully submitted,

                                                              GOLDBERG, PERSKY & WHITE, P.C.

                                                              /s/  *Jason E. Luckasevic*
                                                              Jason E. Luckasevic, Esquire
                                                              PA Bar No. 85557
                                                              11 Stanwix Street, Suite 1800
                                                              Pittsburgh, PA  15222
                                                              Phone:  412-471-3980
                                                              Fax:  412-471-8308
                                                              jluckasevic@gpwlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing *Petition to Establish Attorney's Fees* to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania on all parties registered for CM/ECF in the litigation.


Dated: May 6, 2022                    */s/   Jason E. Luckasevic*
                                      Jason E. Luckasevic, Esquire
                                      PA Bar No. 85557
                                      11 Stanwix Street, Suite 1800
                                      Pittsburgh, PA  15222
                                      Phone:  412-471-3980
                                      Fax:  412-471-8308
                                      jluckasevic@gpwlaw.com