IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | No. 2:12-md-02323-AB<br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**EXPLANATION AND ORDER**

Before the Court is a fee petition from Class Counsel[1] seeking payment for Class benefit and NFL Settlement implementation work completed between December 1, 2019 and May 31, 2020.

On April 5, 2018, I approved a common fund to be used to pay Class Benefit Attorneys for securing and implementing the Settlement Agreement. Mem., ECF No. 9860 ("Common Fund Mem."). On May 24, 2018, I allocated payment to Class Benefit Attorneys for their work in securing the Settlement Agreement. Explanation & Order, ECF No. 10019 ("Settlement

---

[1] On May 24, 2019, I appointed Christopher A. Seeger of Seeger Weiss sole Class Counsel. Order, ECF No. 10624. I refer to him as Class Counsel throughout. I refer collectively to the firms that completed Class benefit work as Class Benefit Attorneys.

Agreement Attorneys' Fees Order"). I then directed Class Counsel to file fee petitions every six months for Class benefit work resulting from implementing the Settlement. *Id.* at 25. On January 16, 2019, I granted Class Counsel's First Verified Petition seeking payment for Class benefit work completed between January 7, 2017 (the Effective Date of the Settlement) and May 24, 2018. Explanation & Order, ECF No. 10378 ("First Verified Petition Order"). On November 30, 2020, I granted Class Counsel's Second, Third, and Fourth Verified Petition seeking payment for Class benefit work completed between May 25, 2018 and November 30, 2019. Explanation & Order, ECF No. 11240 ("Second Through Fourth Verified Petition Order").

Class Counsel submitted the Fifth Verified Petition on July 14, 2020 (ECF No. 11126). For the reasons set forth below, I will grant Class Counsel's petition in part.

I.   DISCUSSION

This case began as an aggregation of lawsuits brought by Former Players against the NFL Parties for head injuries sustained while playing NFL football. The Settlement was secured through negotiations in which Class Benefit Attorneys played a significant role.

Class Counsel's Fifth Verified Petition seeks payment for work related to implementing the Settlement Agreement from December 1, 2019 (the first date after the close of the period covered by the Fourth Verified Petition) to May 31, 2020. Class Counsel's petition provides an excellent summary of the work that has been essential to the success of this Settlement, and I will not repeat it here.

The objectors urge me to deny Class Counsel's petition. They are concerned that Class Counsel is billing too many hours at rates too high to permit the common fund to survive for the duration of the Settlement. *See* ECF Nos. 11134, 11138, 11140, and 11141. I gave the objectors the opportunity to be heard on the matter of Class Benefit Attorneys' fees and costs prior to

approving the Second through Fourth Fee Petitions, and I rejected their arguments at that time. Second Through Fourth Verified Petition Order, ECF No. 11240, at 2–3. I will not reconsider the same arguments here.[2]

The parties knew that the bulk of the work to implement the Settlement would occur in the early years of the 65-year agreement. Common Fund Mem., ECF No. 9860, at 17–18; First Verified Petition Order, ECF No. 10378, at 2. This is supported by the fact that fees and expenses have consistently decreased between the effective date of the Settlement and the end of the period covered by this Fifth Petition. The First Verified Petition resulted in an award of $9,381,961.06; the Second, Third, and Fourth Petitions resulted in an award of $5,930,151.81. The instant Petition requests post-implementation phase fees for the type of supervision and maintenance work that will continue for the life of the Settlement. Class Counsel's representation of the Class during the relevant period has been invaluable, and payment for these ongoing services is appropriate.

    a. **Calculation of the Fee**

Class Benefit Attorneys' fees are based on a straight lodestar calculation, using the billing rates that I previously determined were reasonable.[3] Settlement Agreement Attorneys' Fees Order, ECF No. 10019, at 7 n.4 (listing rates); *id.* at 25 (ordering counsel to use these rates in future fee petitions). The rates are blended rates for partners, counsel, associates, staff attorneys and contract attorneys, and paralegals.[4]

---

[2] Objectors are also concerned about whether the figures requested in Class Counsel's petition have been verified. I have reviewed Class Counsel's timesheets, as discussed *infra*.

[3] I asked Class Counsel and the objectors for supplemental briefing on the reasonableness of the billing rates. After further review, I am persuaded that the billing rates I approved remain reasonable.

[4] The approved hourly billing rates are as follows: $758.35 for partners; $692.50 for "counsel" or "of counsel" attorneys; $486.67 for associates; $537.50 for contract attorneys; and $260.00 for paralegals.

Early in this litigation, the Plaintiffs' Executive and Steering Committees established protocols for time and expense reporting, which I approved in Case Management Order #5 ("CMO-5"). ECF No. 3710. I have asked Class Counsel to review all bills for reasonableness and for compliance with CMO-5 and have required submission of bills for my own *in camera* review.

From this review, I have determined that the time submitted was for work done in advancing the benefit of the Class, the work was done with appropriate efficiency, and the fee requests submitted were reasonable. Furthermore, Class Counsel noted the Court's determination that some non-compensable time was submitted in error in the Second through Fourth Verified Petitions, and audited the timesheets supporting this Fifth Verified Petition to ensure compliance with CMO-5. I have verified the accuracy of this audit and adjusted the submitted time accordingly, as noted below.

### b. The Fifth Verified Petition

The Fifth Verified Petition seeks payment for Class benefit work completed between June 1, 2019 (the first date after the end of the billing period in the Third Verified Petition) and November 30, 2019. Only Seeger Weiss completed Class benefit work during this period.

Seeger Weiss submitted a request for $998,512.99 in fees and $155,031.53 in expenses.[5] During the time period covered by this petition, Christopher A. Seeger of Seeger Weiss served as sole Class Counsel. Order, ECF No. 10624. As discussed above, Seeger Weiss has continued to provide essential services to the Class, including improvement of the MAF program, improvement of access to the benefits of the BAP Program, support of Class Members through the Claims Process, ongoing support of unrepresented Class Members and of Class Members with

---

[5] The request was based on 906.1 hours of work performed by partners, 350.7 hours of work performed by counsel, 87.3 hours of work by associates, and 100.1 hours of work by paralegals.

individually retained plaintiffs' attorneys ("IRPAs"), and efforts to further establish the Education Fund.

As identified by Class Counsel's self-initiated audit of timesheets for CMO-5 compliance, certain time entries were erroneously included.[6] I have adjusted totals accordingly. I conclude that Seeger Weiss is entitled to payment for 898.8 hours of work by partners, 319.7 hours of work by counsel, 87.3 hours of work by associates, and 47.1 hours of work by paralegals for a total of $957,729.52 in fees. I also approve the request for $155,031.53 in expenses.

## II.    CONCLUSION

For these reasons, I allocate $1,112,761.05 of the common fund to pay Class Counsel for work in implementing the Settlement from December 1, 2019 to May 31, 2020. I will hold in reserve the additional funds to pay for further fees and expenses incurred in implementing the Settlement Agreement.

**AND NOW**, this 20th day of May, 2022, it is **ORDERED** that the Fifth Verified Petition (ECF No. 11126) is **GRANTED IN PART**.

It is **FURTHER ORDERED** the Fund Administrator for the Attorneys' Fees Qualified Settlement Fund ("AFQSF") pay Seeger Weiss $1,112,761.05.

*S/Anita B. Brody*
ANITA B. BRODY, J.
**05-20-2022**

---

[6] These time entries include time spent on clerical work, media work, tasks related to attorneys' fees, and work relating to Cambridge Entities. Class Counsel's audit identified entries that are wholly non-compensable as well as those involving both compensable and non-compensable work and, in the latter case, provided updated compensable time totals. I also identified one additional entry including non-compensable work that was adjusted accordingly.