IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br>Plaintiffs,<br>v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>John D. Giddens, P.A.<br>v.<br>SPID 100002184 (K.O.B.)<br>Attorney Lien Dispute<br>Case No. 00092 | |

**EXPLANATION AND ORDER**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                              June 3, 2022

Before the Court is a Notice of Attorney's Lien ("Lien") and a Petition to Establish Attorney's Lien seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member ("SCM") K.O.B., who was issued a Notice of Monetary Award Claim Determination on July 12, 2021. The lien was filed in January 2017 by John D. Giddens for John D. Giddens P.A. and Philip W. Thomas Law Firm (collectively "Giddens"). The SCM is currently represented by the Law Offices of A. Craig Eiland ("Eiland").

The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746.) Rules Governing Attorneys' Liens ("Rules") were adopted on March 6,

2018 and amended on October 3, 2018.  (Doc. Nos. 9760 and 10283.)  Pursuant to Rule 12, Giddens and Eiland (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this dispute.  The Parties have so consented.  Accordingly, this Explanation and Order will serve as the final decision of the Court concerning this attorney lien dispute.[1]

On May 19 and 20, 2022, the Parties submitted a Withdrawal of Attorney's Lien Dispute form pursuant to Rule 24 (the "Withdrawal").  The Withdrawal sets out an agreement that has been reached as to the portion of Player's Monetary Award that each law firm would receive as its fee from funds currently available for distribution, as well as how to allocate any portion of the 5% holdback that may be released in the future.  The agreement was negotiated by law firms that presumably are informed and concerned about their own interest.

Upon review of the Withdrawal and the contingency fee agreements, and in consideration of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to each firm is reasonable, does not exceed the percentage for which the parties contracted, and that the collective fees are within the percentage allowed under the 22% Presumptive Fee Cap.  Accordingly, we conclude that the Withdrawal will be granted and that the Claims Administrator is directed to distribute the attorneys' fees to the parties as set forth in the Withdrawal.[2]  We

---

[1] This decision does not concern the propriety of the Monetary Award to the SCM, which has already been authorized.  Rather, it addresses only the allocation of the portion of the SCM's Monetary Award that was set aside by the Claims Administrator for fees and costs of the SCM's individually-retained counsel.  It is the SCM's retention of more than one attorney to represent him in this matter, and the filing of an attorney's lien by prior counsel, that has created the need for this judicial determination of the appropriate fee.

[2] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court.  The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the

also have reviewed the list of costs submitted by each firm and the provisions of their contingent fee agreements that provide for reimbursement of certain costs, which appear to be in good order. We conclude that Giddens and Eiland are entitled to the costs asserted.

**AND NOW**, this 3rd day of June, 2022, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and
2. The Claims Administrator is **ORDERED** to distribute the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

Withdrawal.