UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**MARCUS BUCKLEY'S MOTION TO
RELEASE 5% HOLDBACK AND REQUEST FOR EXPEDITED HEARINGS**

Marcus Buckley ("Mr. Buckley"), moves to release the 5% settlement committee holdback for his claim and requests expedited hearings on this matter and states as follows:

1. **History of Motion**

Over two years ago, on April 25, 2019, Mr. Buckley's Counsel filed their first Motion to Release the 5% Holdback and Request for Expedited Hearings (Dkt. 10581). Since then, there have been several similar motions filed by Plaintiffs in this action, yet the Court has not ruled, or shown any indication that it plans to rule on this issue soon. Any further delay in releasing the 5%

holdback only continues to harm the players, including Mr. Buckley, whom this settlement was meant to protect.

2. **Basis for 5% Holdback Release Request**

The Class Action Settlement Agreement, as amended (ECF No. 6481-1) ("Settlement") became effective on December 12, 2016—over four years ago—with the goal to provide settlement benefits to over twenty-thousand retired National Football League Players that make up the Class. Pet. for Atty Fees and Decl. of Co-Lead Counsel, 1. As a result, "[a]ll valid claims under the Settlement, *without limitation*, will be paid in full through the 65-year life of the Settlement Program." *Frequently Asked Questions, What are the benefits of the Settlement?*, NFL Concussion Settlement, https://www.nflconcussionsettlement.com/FAQ.aspx?FaqTypeID=1#1 (emphasis added).

However, on February 13, 2017, Class Counsel petitioned this Court "for an award of attorneys' fees and reimbursement of costs and litigation expenses *for their work* up to date in this litigation" in the form of a 5% holdback. Pet. for Atty Fees and Decl. of Co-Lead Counsel, 2. Class Counsel justified this request by arguing that it must "accomplish numerous tasks" on behalf of the claimants in order to successfully acquire the funds the claimants are entitled to. *See id.* at 3. In the case of Mr. Buckley, there were no such "numerous tasks", and no continuing justification for the holdback. Class Counsel's 5% holdback has set aside $161,100.45 of Mr. Buckley's gross recovery. That is the same amount of fees charged by Mr. Buckley's individual counsel without having assumed any of the risks of representation, and the significant costs and time associated with individual counsel's representation of each individual player and his individualized claim.

Class Counsel is not involved in the processing Mr. Buckley's claim (by objecting to or supporting the claim). Class Counsel did not perform "numerous tasks" on behalf of Mr. Buckley.

In fact, Class Counsel performed no tasks for Mr. Buckley to process his claim. Awarding 5% of Mr. Buckley's claim to Class Counsel for doing nothing is unjust, particularly when Class Counsel was previously paid for their work. Class Counsel has not assumed any significant costs and time associated with Mr. Buckley's representation. This is inherently unfair, is not proportionate to the work done by Class Counsel for Mr. Buckley.

3. **The 5% Holdback Should Not Apply to Mr. Buckley Because No Work was done by Class Counsel.**

Class Counsel did NOT do ANY work for Mr. Buckley. Mr. Buckley was definitively diagnosed with Parkinson's Disease secondary to traumatic brain injury on March 11, 2016. His diagnosis was confirmed various times by multiple medical professionals. Additionally, Mr. Buckley's diagnosis of dementia secondary to traumatic brain injury on March 11, 2016 has continued to be confirmed through the course of his medical treatment. Mr. Buckley has undergone extensive medical treatment since his first documented Parkinson's symptoms on November 12, 2013 and has suffered from the progression of Parkinson's aggressive symptoms for years. Further, Mr. Buckley has been diagnosed with dementia secondary to traumatic brain injury, another progressive disease that will only exacerbate with time. Class Counsel requests this holdback amount to be reimbursed "for costs and litigation expenses for their work." Pet. for Atty Fees and Decl. of Co-Lead Counsel, 2. But no work is required, as is the case with Mr. Buckley's claim, it does not make sense for Class Counsel to be granted this windfall?

4. **Delay in Releasing the 5% Holdback is Harming Clients**

Now more than ever, Mr. Buckley deserves to receive the monetary award that he is rightfully owed. For almost 5 years, Mr. Buckley's claim has been finalized and Class Counsel has held back $161,100.45 rightfully owed to Mr. Buckley. As more time passes, Mr. Buckley is aging and his conditions are worsening, leaving him with more medical expenses and struggles in his

everyday life. Mr. Buckley's symptoms appeared prior to bringing suit, and due to the progressive nature of Parkinson's, have only continued to intensify throughout the duration of this process. Similarly, Mr. Buckley's dementia symptoms have progressed and will continue, along with his Parkinson's symptoms, to aggressively impact all aspects of his life. COVID-19 is still rampant in this country, and the impairments that Mr. Buckley is facing leave him more susceptible to catching this virus and endangering his health and wellbeing, leaving him with even more medical bills and treatments.  The fact that COVID ground the economy and employment opportunities to a halt has furthered hindered Mr. Buckley's ability to provide for his family, assuming he is able to work at all.

5. **Expedited Hearing Requested**

It is imperative for this 5% holdback issue to be resolved in order for Mr. Buckley to receive the money he is entitled to under the Settlement. Class Members are entitled to the benefit of the reasonable and individualized bargain they reached with their individual counsel. While this issue lingers, the individuals who are in most need of the funds are unable to obtain all they are entitled to. With the COVID-19 pandemic still rampant throughout the country, these players are getting older, and are more at risk for complications if they were to be infected with the virus. An expedited hearing is therefore "reasonable in light of the relevant circumstances." *See Gimaex Holding, Inc. v. Spartan Motors USA, Inc.*, No. 1:15-cv-00515-RGA, 2015 WL 9437530, *5 (D. Del. Dec. 22, 2015). To allow this Court to settle the issue in a quick manner that ensures justice for the claimants, an expedited hearing is necessary.

Dated: June 24, 2022.                    Respectfully submitted,

/s/ *Bruce W. Steckler*
Bruce W. Steckler (TX Bar No. 00785039)
**STECKLER WAYNE CHERRY & LOVE, PLLC**
12720 Hillcrest Rd., Suite 1045
Dallas, Texas 75230
Telephone: (972) 387-4040
Facsimile: (972) 387-4041
bruce@swclaw.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Renewed Motion to Release the 5% Holdback and Request for Expedited Hearings* was served on all counsel of record via the Court's ECF system on June 24, 2021.

/s/ *Bruce W. Steckler*
Bruce W. Steckler