# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>      Plaintiffs,<br><br>      v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>      Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**CLASS COUNSEL'S RESPONSE TO MOTION FOR RELEASE OF
HOLDBACK MONIES AND REQUEST FOR EXPEDITED HEARING**

Class member Marcus Buckley ("Mr. Buckley") has filed a motion (ECF No. 11762), seeking the release of the holdback funds withheld by the Claims Administrator from his Monetary Award pursuant to the Court's provisional set-aside order.  Mr. Buckley is represented by the law firm of Steckler Wayne Cherry & Love PLLC (formerly known as Steckler Wayne Cochran PLLC, and prior to that as Steckler Gresham Cochran PLLC) ("the Steckler Firm"), which had previously filed two similar motions on behalf of unspecified clients (*see* ECF Nos. 10581, 11372).  Although the instant motion is purportedly that of Mr. Buckley, the proposed order accompanying the motion oddly refers to the Steckler Firm's motion rather than Mr. Buckley's.  *See* ECF No. 11762-1.

Whatever the case may be, the present motion represents the fifth in a series of motions filed by either the Steckler Firm (which has filed three, including the one now purportedly on behalf of Mr. Buckley), or the law firm of Cummings, McClorey, Davis, & Acho, P.L.C. ("Cummings McClorey").[1]  The five motions have requested one or more of the following:  (i) the categorical elimination of the Court's provisional holdback[2]; (ii) outright denial of Class Counsel's set-aside request; (iii) the exemption of class members with particular Qualifying Diagnoses (such as ALS), from any set-aside; (iv) the release of funds collected pursuant to the provisional holdback; or (v) expedited consideration (whether as to the motion or the disposition of Class Counsel's outstanding set-aside request).  *See* ECF Nos. 10581, 10654, 11372, 11453, 11762.

Mr. Buckley seeks the release only of funds withheld from his individual Monetary Award, not the release of funds withheld from class members' awards in general or from the awards of class members with particular Qualified Diagnoses.  Regardless, Mr. Buckley's motion, like the

---

[1] A third law firm—Goldberg, Persky &White, P.C—filed a joinder to the Steckler Firm's June 2021 renewed motion.  *See* ECF No. 11396.

[2] *See* ECF Nos. 9860 (at 2 & n.1, 8-9, 17-20), 10019 (at 4 n.2, 25), 10378 (at 1 n.1); *see also* ECF Nos. 9862 at 8 n.5, 10103-04.

earlier motions, merely adds to the mountain of filings on set-aside issues. The Court has received a plethora of submissions respecting Class Counsel's holdback request and the Court's provisional set-aside directive. *E.g.*, ECF Nos. 7151 at 2, 7151-1 at 70-75, 7151-2 at 31-35 (¶¶ 101-19)), 7161 at 6-7, 7205 at 5, 7282, 7299, 7344, 7346, 7351, 7355 at 66-67, 7356, 7359, 7370 at 3-4, 7371, 7373, 7401-1, 7464 at 29-47, 7464-1 at 4-11 (¶¶ 14-38), 10581, 10596, 10654, 10675, 11127, 11127-1, 11133, 11135-41, 11154, 11372, 11403, 11453, 11462, 11762. To avoid further burdening the Court by repeating arguments at length, Class Counsel respectfully adopts and refers the Court to his responses to the Steckler Firm's and Cummings McClorey's earlier holdback-related motions, as well as Goldberg Persky's joinder thereto. *See* ECF Nos. 10596, 10675, 11403; *see also* ECF No. 11462 (response to Cummings McClorey's August 2021 renewed motion, adopting earlier responses to holdback-related motions).

In particular, Class Counsel respectfully refers the Court to his earlier responses to misguided (and by now repetitive) arguments that class members for whom Class Counsel has not performed any work directly should not be subject to a holdback from their Monetary Awards. *See* ECF Nos. 10596 at 5-6, 10675 at 4-5, 11403 at 3-6. To date, the Settlement's effectuation has entailed wide-ranging common benefit labors. Among these were construction of the Settlement Program and its procedures from the ground up; vetting, selection, and nomination to the Court for appointment or replacement of various program officials (such as Appeals Advisory Panel members and Appeals Advisory Panel Consultants); vetting and selection of myriad program physicians, maintenance of the BAP and MAF physician networks, and preparation of manuals guiding physicians' work; advocacy on behalf of the class in disputes with the NFL, whether before this Court or in administrative appeals; assistance to and advocacy on behalf of pro se class members; assistance to IRPAs; protection of class members from aggressive targeting by predatory

third-party lenders and claims services providers; and establishment of the Education Fund mandated by Article XII of the Settlement (ECF No. 6481-1 at 68). *See generally* ECF No. 11127-1 at 12-43 (¶¶ 27-93) (Class Counsel's declaration to supplement the evidentiary record concerning the holdback request, discussing multifaceted implementation work and key accomplishments on behalf of the class). *All* class members have benefitted from these efforts, even if many of them did not receive direct assistance with their individual claims. Thus, it is simply untrue that Class Counsel stands to receive a "windfall" at Mr. Buckley's (or any other class member's) expense. *See* ECF No. 11762 at 3. For these reasons, the Court should deny Mr. Buckley's request for release of holdback monies.

As for the procedural aspect of Mr. Buckley's motion, Class Counsel does not oppose Mr. Buckley's request for expedited consideration of his motion (which he has couched as a request for an expedited hearing). Nevertheless, as Class Counsel has stated on earlier occasions, the timing of any resolution—be it on Mr. Buckley's motion, the other holdback-related motions, or the underlying request of Class Counsel for adoption of a set-aside—is a matter committed to the Court's sound judgment and discretion. Two misconceptions, however, need to be cleared up.

*First*, the assumption underlying Mr. Buckley's request for expedited consideration is that, were the Court to promptly grant his motion, the $161,100.45 assertedly withheld from his Monetary Award will thereupon revert to him. *See* ECF No. 11762 at 2, 4-5 (arguing, *inter alia*, that the "[d]elay in [r]eleasing the 5% [h]oldback is [h]arming [c]lients" and that "[i]t is imperative for this 5% holdback issue to be resolved in order for Mr. Buckley to receive the money he is entitled to under the Settlement"). That is correct *only* if the Steckler Firm inappropriately withheld the 5% set-aside from Mr. Buckley's share of his Monetary Award than from its attorney's fees share, in violation of the Settlement and the Court's orders.

3

Any set-aside from a Monetary Award to a class member represented by an IRPA is to be withheld from *the attorney's fees share* of the award, not the class member's share. *See* Settlement Agreement § 21.1, ECF No. 6481-1 at 82 (requiring, *inter alia*, that Class Counsel's holdback request include "the assurance that any 'set-aside' from a Monetary Award or Derivative Claimant Award for a Settlement Class Member represented by his/her individual counsel *will reduce the attorney's fee payable to that counsel* by the amount of the 'set-aside'") (emphasis added); ECF Nos. 7151-1 at 75, 7152-2 at 31 (¶ 103) (Class Counsel's opening papers in support of holdback request, acknowledging that, "[i]n accordance with the Settlement, any set-aside from a Monetary Award or Derivative Claimant Award for Class Members represented by their individual counsel *will reduce the attorneys' fee payable to that counsel* by the amount of the holdback") (emphasis added). This is reflected in the Court's orders. *See* ECF Nos. 10103 at 1 (§ 2.a) (directing that "IRPAs representing Settlement Class Members . . . may release from escrow their actual fees incurred, not to exceed 22% of the Settlement Class Member's Monetary Award amount . . . *minus the precautionary 5% withholding for the Common Benefit Fund*, plus reasonable expenses.") (emphasis added); *see also* ECF No 9862 at 8 n.5 ("Currently, the Claims Administrator is withholding that 5% *from the fee of each IRPA*. Therefore, while the Court's determination remains pending, this practice will continue. The precautionary 5% withholding effectively *lowers the* [22%] *IRPA fee cap to 17%* until further notice.") (emphasis added).

*Second*, Mr. Buckley's contention that the "Class Counsel has held back $161,100.45 rightfully owed to Mr. Buckley" (ECF No 11762 at 3) is likewise incorrect. Class Counsel has not withheld any sums from Monetary Awards and neither possesses nor controls any provisional set-aside funds. It is the Claims Administrator whom the Court directed to effectuate the provisional set-aside, including the handling of interim holdback funds. *See* ECF No. 10104 at 1-2 (§§ 3, 3(b))

(noting that "[t]o date, the Claims Administrator has withheld the 5% Common Benefit Fund Holdback in the Monetary Award Fund," and directing that "[g]oing forward, the Claims Administrator shall release new funds withheld for the 5% Common Benefit Fund Holdback to the AFQSF as part of the monthly disbursement from the Monetary Award Fund").

Dated:  July 8, 2022

        Respectfully submitted,

        */s/ Christopher A. Seeger*
        Christopher A. Seeger
        SEEGER WEISS LLP
        55 Challenger Road, 6th Floor
        Ridgefield Park, NJ  07660
        Telephone:  (212) 584-0700
        cseeger@seegerweiss.com

        ***CLASS COUNSEL***