UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody** |

**EXPLANATION AND ORDER**

Before this Court is a Motion to Amend Rules Governing Payment of Claims Involving Third-Party Funders filed by Balanced Bridge Funding LLC ("Balanced Bridge"), a non-party litigation funding entity formerly known as Thrivest Specialty Funding LLC. ECF No. 11422.

Balanced Bridge seeks amendment to certain Rules Governing Payment of Claims Involving Third-Party Funders ("Payment Rules"). The Payment Rules provide that, in cases where a Class Member either (1) fails to reach a resolution with the funder through the Resolution Protocol, or (2) has entered a funding agreement with an entity not participating in the Resolution Protocol, the Claims Administrator is to disburse the Monetary Claim directly to the Class Member, from whom the funder can then seek repayment.[1] *See* Payment Rules r.6(a), 7(a). In keeping with the Third Circuit's April 26, 2019 decision regarding third-party funder agreements, "any subsequent disputes between the Settlement Class Member and any Third-Party Funders must

---

[1] The Resolution Protocol is an alternative dispute resolution process in which both funder and Class Member participation is voluntary. Rules Governing Third-Party Funding Resolution Protocol r.1, 8. The Protocol resolves funding agreement disputes between participating funders and Class Members, with an appropriate payment going directly to the funder in settlement of the funding agreement. *Id.*

be litigated or arbitrated in an appropriate forum outside the claims administration process." *Id.*; see also *In re Nat'l Football League Players' Concussion Injury Litig.*, 923 F.3d 96, 113 (3d Cir. 2019) ("Going forward, the litigation funding companies will be able to pursue, outside of the claims administration process, whatever rights they may continue to have under their cash advance agreements with class members. . . . Any questions going to the enforceability of the funding agreements will have to be litigated or arbitrated in the appropriate fora.").

Citing two examples of difficulty in collecting from Class Members, Balanced Bridge claims that the Rules are inconsistent with both the Third Circuit's decision and the Court's prior Order of February 20, 2018. Balanced Bridge's proposed solution is to amend the Rules to order the Claims Administrator to pay Monetary Awards directly to Settlement Class Members **only** (1) if the Class Member is *pro se*; or (2) if a tribunal of competent jurisdiction has already found that the Third-Party Funder's agreement constitutes an improper assignment under Section 30.1 of the Settlement Agreement. Balanced Bridge Br. at 13.

This Court has broad authority to administer the Settlement Agreement and to protect the interests of Class Members. *In re Nat'l Football League*, 923 F.3d at 108–09. In its decision, the Third Circuit "express[ed] no opinion as to the ultimate enforceability of **any** of the cash advance agreements." *In re Nat'l Football League*, 923 F.3d at 112 (emphasis added). As such, the Third Circuit did not vindicate Balanced Bridge's rights under their agreement but merely preserved Balanced Bridge's ability to assert those rights on a case-by-case basis. Furthermore, the Third Circuit makes clear that "[Balanced Bridge]'s contract gave it only the right to receive settlement funds after the funds are disbursed to a class member, and the District Court's power over the funds and the class ends at that point." *Id.* The validity of Balanced Bridge's agreements is thus a post-disbursement matter to be considered by another appropriate forum, and there is no prejudice

to Balanced Bridge in requiring it to "pursue . . . whatever rights they may continue to have under their cash advance agreements" in that way. *Id.* at 113.  The Payment Rules, which direct payment of a Monetary Award to the Class Member in cases where the Resolution Protocol does not operate and advise parties of their rights to bring subsequent disputes in the appropriate independent forum, are thus consistent with both the Third Circuit's decision and the Court's February 20, 2018 Order.[2]

**AND NOW**, this **18th day** of **July, 2022**, it is **ORDERED** that the Motion to Amend Rules Governing Payment of Claims Involving Third-Party Funders filed by Thrivest Specialty Funding, LLC n/k/a Balanced Bridge Funding LLC (ECF No. 11422) is **DENIED**.

                                    *S/Anita B. Brody*
                                    ANITA B. BRODY, J.

**VIA ECF**

---

[2] The Court's Order of February 20, 2018 directs the Claims Administrator to "pay directly to the Settlement Class Member any and all Monetary Awards in cases where there has been found an improper assignment of any right or claim pursuant to Section 30.1 of the Settlement Agreement." ECF No. 9749. Although the Order was signed at a time when that determination was made within the Settlement Program, the Order does not specify how or by whom that determination is or should be made. The Third Circuit has since clarified that an independent forum—not the Court nor the Claims Administrator—must determine whether there has been an improper assignment, and that funders must vindicate their rights in an independent forum after disbursement. *In re Nat'l Football League*, 923 F.3d at 112.

    The Payment Rules do not address assignments but merely provide procedures for disbursement and thus function separately from the Court's Order of February 20, 2018. Questions of each party's rights and obligations under a funding agreement are not for this Court to regulate, and the decisions made by independent fora as to the enforceability of an individual funder's agreements are not relevant to the Court's administration of the Settlement.