# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾<br>This relates to:<br><br>Plaintiffs' Master Administrative Long Form Complaint<br><br>**THIS DOCUMENT RELATES TO:**<br><br>**This document relates to:**<br><u>**Nathan Wonsley.,**</u> **Plaintiff**<br>**v. National Football League [et al.],**<br>**No. 12-cv-01024-AB** | **NOTICE OF ATTORNEYS' LIEN** |

Now come the Petitioners, Wayne E. Ferrell, Jr. for the Law Office of Wayne E. Ferrell, Jr., PLLC and Charles H. Peckham and Mary A. Martin for Peckham Martin, PLLC, ("Petitioners") and notify the Court and all parties that they have a lien in this case for reasonable contingent attorneys' fees and expenses and costs as set forth in the following Petition to Establish Attorney's Lien relating to the Plaintiff named in the Caption above, Nathan Wonsley.

Dated: August 5, 2022.

///


///


///

Respectfully submitted,

*/s/ Charles H. Peckham*

By: _____

Charles H. Peckham
Texas Bar No.: 15704900
Federal Bar No.: 15770
cpeckham@pmlaw-us.com
Mary A. Martin
Texas Bar No.: 00797280
mmartin@pmlaw-us.com
PECKHAM MARTIN, PLLC
Two Bering Park
800 Bering Drive, Suite 220
Houston, Texas 77057
Phone: (713) 574-9044
Fax: (713) 493-2255

And

Wayne E. Ferrell, Jr.
Mississippi Bar No.: 5182
LAW OFFICES OF WAYNE FERRELL, JR., PLLC
506 S. President Street
Post Office Box 24448
Jackson, Mississippi 39225-4448
Phone: (610) 696-4700
Fax: (601) 696-7514
wferrell@airlawonline.com

## **CERTIFICATE OF SERVICE**

I hereby further certify that a true and correct copy of the foregoing Petition to Establish Attorneys' Lien has been served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the litigation.

DATED:  August 5, 2022.

*/s/ Charles H. Peckham*

_____
Charles H. Peckham

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB)<br><br>MDL No. 2323 |
| _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br>This relates to:<br><br>Plaintiffs' Master Administrative Long Form Complaint<br><br>**THIS DOCUMENT RELATES TO:**<br><br>**This document relates to:**<br>**<u>Nathan Wonsley.,</u>** Plaintiff<br>**v. National Football League [et al.],**<br>**No. 12-cv-01024-AB** | **PETITION TO ESTABLISH ATTORNEYS' LIEN** |

Now come the Petitioners, Wayne E. Ferrell, Jr. for the Law Office of Wayne E. Ferrell, Jr., PLLC and Charles H. Peckham and Mary A. Martin for Peckham Martin, PLLC, ("Petitioners") pursuant to MS Code §85-7-403 and §85-7-405 and executed employment agreement and state as follows:

## I.
## PARTIES

1. The Law Office of Wayne E. Ferrell, Jr., PLLC, is a Professional Limited Liability Company comprised of lawyers practicing law. It is based in Jackson, Mississippi. Wayne E. Ferrell, Jr. is an attorney admitted to practice before the courts of Mississippi, and files this lien for attorneys' fees as set forth hereinafter.

2. Peckham Martin, PLLC, is a Professional Limited Liability Company comprised of lawyers practicing law. It is based in Houston, Harris County, Texas. Charles H. Peckham and Mary A. Martin are attorneys admitted to practice before the courts of the State of Texas, and file this

petition to establish their lien for attorneys' fees as set forth hereinafter.

3. As Plaintiff in the underlying matter, he has appeared herein.

## II
## UNDERLYING SUIT

4. On or about the 6th day of June 2012, Petitioners were retained and employed by the Plaintiff, pursuant to a contingent fee agreement, to pursue a claim for injuries and damages sustained by him as a former National Football League football player.

## III
## INTERVENORS' CLAIMS

5. The Law Office of Wayne E. Ferrell, Jr., PLLC and Peckham Martin, PLLC's attorneys represented Plaintiff in this matter under a 25% contingency fee agreement. The document was signed by Plaintiff (Ex A).

6. Rule 24 allows that an Intervention as of Right may be filed if the applicant (here The Law Office of Wayne E. Ferrell, Jr., PLLC and Peckham Martin, PLLC) can show that it has an interest in the subject matter of the pending suit and that disposition of the suit may impair its interest.

7. The Law Office of Wayne E. Ferrell, Jr., PLLC and Peckham Martin, PLLC and its counsel worked on the Plaintiff's case and expended funds in advancing Plaintiff's case. Intervenor worked diligently – to extraordinary lengths – in order to pursue the Plaintiff's case as zealous counsel. Counsel has arranged for appropriate medical testing of Plaintiff at counsel's expense, discussed testing results with Plaintiff, ordered medical, workers' compensation and team records for Plaintiff, prepared Affidavits for Plaintiff and emailed and mailed Plaintiff updates on his case.

8. The second paragraph of the fee agreement assigns a vested interest in the value of the gross amount of any recovery in this matter to The Law Office of Wayne E. Ferrell, Jr., PLLC.

Further, The Law Office of Wayne E. Ferrell, Jr., PLLC and Peckham Martin, PLLC have incurred expenses in the case that have, as yet, not been recovered. Further, Plaintiff agreed under the terms of the fee agreement, specifically the fourth paragraph, that The Law Office of Wayne E. Ferrell, Jr., PLLC will in addition to the assigned fees be reimbursed out-of-pocket expenses which in this case includes medical expenses and records gathering expenses.

9. The necessity of the withdrawal of the belowsigned counsel is due to notice from the client that he wishes to terminate the attorney-client relationship. Plaintiff obtained other counsel.

10. Petitioners were not terminated by Plaintiff for cause, and the termination was not due to malfeasance or other improper action on the part of Petitioners.

11. The decision by Plaintiff has resulted in damages to the Intervenors such that even if no recovery occurs in the underlying case, Petitioners claim the right for expenses.

12. Petitioners claim the right to have a lien for attorneys' fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiffs in this action.

WHEREFORE, the petitioners pray:

(1) That their attorneys' lien be determined;

(2) That the amount of the lien be established;

(3) That the Court order that the Petitioners be entitled to enforce their attorneys' lien and expenses against the proceeds to be derived from any settlement or judgment in this action;

(4) That the Defendant or the Defendant's insurer be prohibited from paying to the Plaintiffs any sums of money until said lien has been satisfied;

(5) For such other and further relief as this Court deems just.

Dated: August 5, 2022.

          Respectfully submitted,

          */s/ Charles H. Peckham*

By:       _____

          Charles H. Peckham
          Texas Bar No.: 15704900
          Federal Bar No.: 15770
          cpeckham@pmlaw-us.com
          Mary A. Martin
          Texas Bar No.: 00797280
          mmartin@pmlaw-us.com
          PECKHAM MARTIN, PLLC
          Two Bering Park
          800 Bering Drive, Suite 220
          Houston, Texas 77057
          Phone: (713) 574-9044
          Fax: (713) 493-2255

          And

          Wayne E. Ferrell, Jr.
          Mississippi Bar No.: 5182
          LAW OFFICES OF WAYNE FERRELL, JR., PLLC
          506 S. President Street
          Post Office Box 24448
          Jackson, Mississippi 39225-4448
          Phone: (610) 696-4700
          Fax: (601) 696-7514
          wferrell@airlawonline.com

## **CERTIFICATE OF SERVICE**

    I hereby further certify that a true and correct copy of the foregoing Petition to Establish Attorneys' Lien has been served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the litigation.

DATED:  August 5, 2022.

          */s/ Charles H. Peckham*
          _____
          Charles H. Peckham

## CONTINGENCY FEE CONTRACT AND ASSIGNMENT

I, Nate Wonsley, do hereby employ Wayne E. Ferrell, Jr., Attorney at Law to represent me in my claim against the National Football League and any other person, firm or corporation whose liability may appear, arising out of my claim. Said attorney shall act as my exclusive attorney, with full and complete power to act on my behalf, to negotiate, settle or compromise or file and prosecute appropriate legal proceedings in this matter, it being understood, however, that in no instance shall a settlement be made without my consent.

As his fee for services rendered and to be rendered on my behalf, I do hereby assign unto said attorneys a percentage of all monies which we may receive because of or growing out of the said claim, which shall be determined on the following basis:

25%     if case is settled prior to filing suit;

33 1/3%     if suit is filed

I understand that expenses will include a $ 500.00 file fee for advance payment of supplies, file folders, file maintenance, file storage, etc.

I further agree that, in addition to the above assigned fees, I will reimburse my said attorney all of his actual out-of-pocket expenses directly incurred in investigating and/or litigating this claim; and it is understood that such out-of-pocket expenses and attorney's fees shall be deducted from the proceeds of any recovery, by way of settlement and/or judgment, obtained on our behalf.

It is understood that this is a contingent contract, and that my said attorney may withdraw from his representation of us at any time when, in his sole discretion, it appears that the possibility of recovery is unlikely or insufficient to justify additional cost or difficulty of further prosecution of our claim. However, in the event he does so withdraw, my attorney shall give me notice thereof in writing and shall provide me or any attorney or firm of attorneys of our choosing all documents and materials made and gathered in connection with our claim and shall cancel the assignment to him set forth above.

WITNESS MY SIGNATURE, this the 6 day of June, 2012.

_____
Nate Wonsley

The foregoing contract and assignment is hereby accepted on the terms stated, and I hereby agree to make no charge for services rendered unless a recovery is made in this matter.

_____
WAYNE E. FERRELL, JR.

