UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB) |
| | MDL No. 2323 |
| THIS DOCUMENT RELATES TO: | |
| | **NOTICE OF ATTORNEY'S LIEN** |
| Plaintiffs' Master Administrative Long Form Complaint and | |
| **TROY EDWARDS, Plaintiff,** | |

Attorney John W. Lorentz, and The Lorentz Law Firm, P.A., attorney(s) in the above-entitled action, hereby notify this Court and all parties that they have a lien in this case for reasonable contingent attorney's fees plus reimbursement for legitimate case costs and expenses as set forth in the accompanying Petition to Establish Attorney's Lien relating to Plaintiff, **TROY EDWARDS**

Dated: September 28, 2022

Respectfully Submitted,

THE LORENTZ LAW FIRM, P.A.

/s/ *John W. Lorentz*
John W. Lorentz – 0273764
13110 Henna Ave., N.
Saint Paul, MN 55110
Phone: (651) 483-4400
Fax:    (651) 204-0065
John@LorentzLaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing *Notice of Attorney's Lien* to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania on all parties registered for CM/ECF in the litigation.

Dated: September 28, 2022           /s/  *John W. Lorentz*
                                    John W. Lorentz – 0273764
                                    13110 Henna Ave., N.
                                    Saint Paul, MN  55110
                                    Phone: (651) 483-4400
                                    Fax:    (651) 204-0065
                                    John@LorentzLaw.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB) |
| | MDL No. 2323 |
| THIS DOCUMENT RELATES TO: | **PETITION TO ESTABLISH ATTORNEY'S LIEN** |
| Plaintiffs' Master Administrative Long Form Complaint and | |
| **TROY EDWARDS , Plaintiff** | |

Now comes the Petitioner, John W. Lorentz, Esq., for The Lorentz Law Firm, P.A., ("*Lorentz*") pursuant to a fully executed and binding retainer agreement states:

Petitioner is an attorney at law admitted to practice before the Courts within the State of Minnesota, and files this Petition to establish a lien for attorney's fees as set forth herein.

1. On or about July 16, 2012, solely through the efforts of the Petitioner, Plaintiff Troy Edwards jointly retained and employed the Lorentz Law Firm and Anapol Schwartz n/k/a Anapol Weiss ("*Anapol*") pursuant to a contingency fee agreement ("**CFA**") for legal services, to pursue a claim for injuries and damages allegedly caused by the National Football League's conduct associated with football-related concussions, head, and brain injuries. (See Exhibit #1).

2. The CFA for legal services generally provides that if there is no recovery (by settlement or trial) the client will not owe a legal fee. Alternatively, if Lorentz/Anapol obtains a settlement or judgment for Client, Client will pay a contingent fee to the attorneys. Further, the

Agreement authorized the payment to Lorentz of a referral fee. *"I/We are aware that John Lorentz, Esquire will receive a referral fee out of the total attorney's fee from ANAPOL SCHWARTZ for acting as cooperating counsel. I/We understand that the payment of the cooperating counsel fee does not increase or affect the total contingent fee paid by me/us. I/We do not object to this division of fees."*

3. When Petitioner entered into the contract with Plaintiff, Petitioner equally undertook the risk and expense of the litigation before any settlement discussion had been held. Pursuant to this Agreement, the Petitioner and Anapol, filed a Complaint on or about July 27, 2012 (ECF #2909) in this matter on behalf of the Plaintiff, which is the subject of the instant action.

4. During the course of the class litigation and subsequent to the effective date of the class settlement, Anapol sought to deny Lorentz from participating in counsel fees. On or about July 22, 2019, a settlement agreement ("**Agreement**") was reached between Lorentz and Anapol to resolve these issues.

5. On September 13, 2022, Petitioner was advised by Anapol that Plaintiff had qualified for an Award in the instant matter. Anapol further advised Petitioner that it would not honor the terms of the joint CFA with Plaintiff as it related to Petitioner's referral fees nor would it honor the party's subsequent Agreement to resolve fee-sharing issues by immediately paying the same upon receipt, thereby materially and unilaterally breaching the Agreement. (Exhibit 2)

6. From the date the Petitioner was authorized to proceed on behalf of the Plaintiff, the Petitioner actively and diligently investigated, prepared, and pursued Plaintiff's claims, and has taken all steps necessary to jointly prosecute those claims, including, but not limited to, the preparation and filing of complaints, correspondence and communications with the client, preparation and review of client's factual and legal circumstances, retaining experts, drafting and

providing client updates, analyzing Plaintiff's medical status and need for medical testing, obtaining medical testing through the Baseline Assessment Program, and more.

7. The Petitioner claims the right to have a lien against any attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiff in this action.

**WHEREFORE**, the Petitioner prays:

(1) That an attorney's lien be established;

(2) That the amount of the lien be determined;

(3) That the Court order that Petitioner be entitled to enforce an attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

(4) That the Defendant or the Defendant's insurer be prohibited from paying to the Plaintiff and/or his present lawyer any sums of money until said lien has been satisfied; and

(5) For such other further relief as this Court deems just.

Dated: September 28, 2022                    Respectfully Submitted,

                                             The Lorentz Law Firm, PA

                                             /s/ *John W. Lorentz*
                                             John W. Lorentz – 0273764
                                             13110 Henna Ave., N
                                             Saint Paul, MN  55110
                                             Office:  (651) 483-4400
                                             Fax:     (651) 204-0065

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing *Petition to Establish Attorney's Fees* to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania on all parties registered for CM/ECF in the litigation.


Dated: September 28, 2022                     /s/      *John W. Lorentz*
                                              John W. Lorentz, Esq. (0273764)
                                              13110 Henna Ave., N
                                              Saint Paul, MN  55110
                                              Phone: (651) 483-4400
                                              Fax:    (651) 204-0065

# EXHIBIT 2

# EXHIBIT 1

# CFA

**ANAPOL SCHWARTZ**
1710 Spruce Street
Philadelphia, Pennsylvania 19103

## CONTINGENT FEE AGREEMENT/POWER OF ATTORNEY

This is a binding legal document.  Read it carefully before you sign it and keep a copy for your records.

Date: 7/16/12

I/We, Troy Edwards, hereby hire **Larry Coben, Esquire and Sol H. Weiss, Esquire** of the law firm ANAPOL SCHWARTZ to prosecute a claim against **The National Football League**.  The claimant is Troy Edwards and the cause of action arose **on or after September 30, 2009**.

ANAPOL SCHWARTZ has agreed, at my/our request, to represent me/us for the above specific claim without payment of any retainer or an hourly fee for the investigations and legal work they will perform.  Counsel may not receive any compensation, whatsoever, and may be required to wait a considerable period of time to receive any payment.

I/We hereby agree that, out of whatever sum is obtained by settlement or verdict, the attorney fee shall be one third of the net recovery, reduced proportionally by any common benefit fee received by our lawyers.  From the net balance remaining, I/we agree to pay the expenses of suit, including filing fees, costs to obtain records, deposition costs, investigation fees, cost of witnesses, including expert witnesses and consultants to ensure Medicare/Medicaid compliance and costs for trial.

Pursuant to this agreement, said attorneys shall represent me/us and may institute suit on my/our behalf when, and if, they believe suit should be instituted.

I/We are aware that **John Lorentz, Esquire** will receive a referral fee out of the total attorney's fee from ANAPOL SCHWARTZ for acting as cooperating counsel.  I/We understand that the payment of the cooperating counsel fee does not increase or affect the total contingent fee paid by me/us.  I/We do not object to this division of fees.

I/We acknowledge that my/our attorneys have advised me/us that the relationship of attorney and client is based upon mutual trust and confidence and that they will endeavor to keep me/us advised of important developments in their representation of me/us.  They have further advised me/us that I/we are free to communicate with them and ask them questions from time to time as appropriate.

It is further understood and agreed that, upon notification to me/us (certified, registered or regular U.S. mail), said attorneys may withdraw as counsel in the event of me/our failure to cooperate, if they conclude, in their sole judgment, that the claim cannot be successfully prosecuted by them.  In the event the attorneys withdraw as my/our counsel, they agree that I/we will not be obligated to pay them for any professional services they have rendered.

I/We further agree that the notification to me/us shall be considered to take place upon mailing of said notification to the last address for me/us known to the attorneys in a pre-paid envelope deposited with the U.S. mail.

I/We hereby authorize said attorneys to pay medical bills on my/our behalf directly to the physician(s) or hospital(s) concerned.

I/We further agree that should I/we discharge said attorneys, my attorneys shall be entitled to immediate reimbursement of costs and disbursements and that I/we shall be liable to pay attorneys either a payment of a fee according to the above-agreed percentage of any settlement offers obtained prior to discharge or a payment based upon time actually expended or reasonably estimated at the attorney's prevailing rates for work performed prior to discharge. The obligation to reimburse ANAPOL SCHWARTZ for attorney's fees and costs shall be payable immediately after discharge.

Both client and attorney acknowledge that an attorney is prohibited from revealing confidential information about a client unless the client consents. In that connection, client acknowledges that attorney and client will communicate with each other through the use of cellular telephone and will discuss matters, which may be confidential. The client hereby consents to said communications occurring on cellular phone, even though the client acknowledges that confidential communications between attorney and client may be intercepted by third parties and become public. Notwithstanding said facts, client instructs attorney to communicate with client by way of cellular telephone at any and all times subsequent hereto as desired by attorney.

With regard to e-mail communication, although most courts and the American Bar Association have concluded that e-mail can qualify as confidential communication, there is still a chance that you may be waiving these protections if you use e-mail to communicate with us regarding a legal matter. It is possible that an e-mail message could be intercepted or sent to the wrong person. If you choose to communicate with us via e-mail (and some clients do), you need to understand that you are taking these risks. You should definitely avoid transmitting highly sensitive information by unencrypted e-mail.

I/We hereby acknowledge that a copy of this document has been given to me/us and that I/we have been advised to retain it in my/our possession, and that I/we have read and understood the contents of this document before I/we signed it.

SHOULD NO MONEY BE RECOVERED BY SUIT OR SETTLEMENT, SAID ATTORNEYS ARE TO HAVE NO CLAIM OF ANY KIND AGAINST ME/US FOR ANY PROFESSIONAL SERVICES RENDERED.

_____  _____
Signature                   Signature

                            Troy Edwards
_____  _____
Print Name                  Print Name

                            6835 Foghorn Ln.
_____  _____
Address                     Address

                            Grand Prairie        TX    75054
_____  _____
City, State, Zip            City, State, Zip

Page 2

# EXHIBIT 2

**John Lorentz**

| | |
|---|---|
| **From:** | Weiss, Gabrielle <gweiss@anapolweiss.com> |
| **Sent:** | Tuesday, September 13, 2022 9:19 AM |
| **To:** | John Lorentz |
| **Cc:** | Weiss, Sol |
| **Subject:** | Following Up |

John,

███████████████████████████████████████████████
███

Please be advised that Troy Edwards is eligible for a monetary award. We expect to receive his award within the month. Once we receive the award, we will place any portion of the attorney's fees owed to your firm in escrow ███████
████████████████████████████████████████████

Thanks,

**Gabrielle I. Weiss**
Attorney at Law

**ANAPOLWEISS**

**One Logan Square**
**130 North 18th Street | Suite 1600**
**Philadelphia, PA 19103**
p: **215.383.2736** f: **215.875.7711**
gweiss@anapolweiss.com
www.anapolweiss.com

1