## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br>Plaintiffs,<br>v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Goldberg Persky & White, P.C.<br>(on behalf of Howard & Associates, P.A.)<br>v.<br>SPID 100008089 (A.J.)<br>Attorney Lien Dispute<br>Case No. 01598 | |

## EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                         September 30, 2022

Before the Court is a Notice of Attorney's Lien ("Lien") and a Petition to Establish Attorney's Lien seeking attorney's fees and costs from any Monetary Claim to be paid to SPID 100008089, A.J. (the "SCM"), who was issued a Notice of Monetary Award Claim Determination on May 21, 2020. The lien was filed in December 2019 by Howard & Associates, P.A. ("Howard"). That firm is at the center of an Assignment for the Benefit of Creditors action in state court in Florida, and its interests are now advanced by Goldberg Persky & White, P.C.

("Goldberg").[1]  The SCM is currently represented by Shenaq, P.C. ("Shenaq").

The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge.  (Doc. No. 7746.)  Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018.  (Doc. Nos. 9760 and 10283.)  Pursuant to Rule 12, Goldberg and Shenaq (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this dispute.  The Parties have so consented.  Accordingly, this Explanation and Order will serve as the final decision of the Court concerning this attorney lien dispute.[2]

On July 15, 2022, the Parties submitted to the Claims Administrator a Withdrawal of

---

[1] As we have noted in some of our other decisions and Reports concerning liens asserted by Howard, that firm commenced an action in the Circuit Court of the Second Judicial Circuit (Leon County, Florida) on June 30, 2021 seeking an "Assignment for the Benefit of Creditors" as permitted in Chapter 727 of the Florida Statutes.  The designated Assignee, Larry Hyman, subsequently moved for an order authorizing the transition and assignment of the Assignment Estate's interests in the NFL Concussion Litigation to Goldberg, Persky & White, P.C.  Following a hearing held on October 7, 2021, the Leon County Assignment Court granted the motion and approved the transition of Howard's NFL Concussion Litigation cases to Goldberg.

The Assignee also appeared before the state court on April 7, 2022 and sought approval for the expansion of the role of Goldberg to pursue charging liens in this MDL on behalf of the Assignment estate.  By Order dated May 1, 2022, the Circuit Court of the Thirteenth Judicial Circuit (Hillsborough County, Florida) granted that motion and explicitly expanded the representation by Goldberg "to include representation of the Assignee in the pursuit of fees and costs owed to the Assignment estate under charging liens in the NFL Concussion Litigation."  *See* Order, *In re: Howard & Associates, Attorneys at Law, P.A.*, Case No. 2021-CA-9064, Div. L (May 1, 2022).

[2] This decision does not concern the propriety of the Monetary Award to the SCM, which has already been authorized.  Rather, it addresses only the allocation of the portion of the SCM's Monetary Award that was set aside by the Claims Administrator for fees and costs of the SCM's individually-retained counsel.  It is the SCM's discharge of an attorney he retained to represent him in this matter, and the filing of an attorney's lien by prior counsel, that has created the need for this judicial determination of the appropriate fee.

Attorney's Lien Dispute form pursuant to Rule 24 (the "Withdrawal"). The Withdrawal sets out an agreement that has been reached as to the portion of the SCM's Monetary Award that each firm would receive as its fee from funds currently available for distribution, as well as how to allocate any portion of the 5% holdback that may be released in the future. The agreement was negotiated by parties that presumably are informed and concerned about their own interest.

Upon review of the Withdrawal and the contingency fee agreement, and in consideration of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to the firms is reasonable, does not exceed the percentage for which the parties contracted, and does not exceed the percentage allowed under the 22% Presumptive Fee Cap. Accordingly, the Withdrawal will be granted and the Claims Administrator is directed to distribute the attorneys' fees to the parties as set forth in the Withdrawal.[3] We also have reviewed the provision of the contingent fee agreement with Howard that provided for reimbursement of certain costs and the list of costs submitted by Goldberg, which appears to be in good order.[4] We conclude that

---

[3] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

[4] We are mindful that an audit performed by the Claims Administrator and as described in a Report of the Special Masters found that Howard inflated certain costs and steered clients to particular providers for examinations that may not have been justified. We trust that in this adversarial process, however, the parties are only seeking reimbursement for costs reasonably expended and consistent with the terms of their fee agreement. We note that, as former "associate counsel" of Howard, Shenaq would have particular insight into the validity of the evaluations for which Goldberg, acting on behalf of Howard, now seeks reimbursement, and we trust that Shenaq has agreed to the reimbursement of only those costs that were reasonably incurred by Howard. From our independent review of the record, we have no reason to believe that the examinations for which reimbursement is now sought were tainted by any conduct described in the audit report.

Goldberg is entitled to the costs asserted.

**AND NOW**, this 30th day of September, 2022, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and

2. The Claims Administrator is **ORDERED** to distribute the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE