UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### MARCUS BUCKLEY'S OBJECTION TO SIXTH VERIFIED PETITION OF CLASS COUNSEL CHRISTOPHER A. SEEGER FOR AN AWARD OF POST-EFFECTIVE DATE COMMON BENEFIT ATTORNEYS' FEES AND COSTS

Marcus Buckley ("Mr. Buckley") files this Objection to the Sixth Verified Petition of Class Counsel Christopher A. Seeger for an Award of Post-Effective Date Common Benefit Attorneys' Fees and Costs to the extent that this Petition seeks money from the 5% Holdback and applies to claims in which no work was done and states as follows:

**1. Brief History**

Over two years ago, on April 25, 2019, Mr. Buckley's Counsel filed their first Motion to Release the 5% Holdback and Request for Expedited Hearings (Dkt. 10581). Since then, there

Objection to the Sixth Verified Petition of Class Counsel
Christopher A. Seeger for an Award of Post-Effective
Date Common Benefit Attorneys' Fees and Costs                                                     1

have been several similar motions filed by Plaintiffs in this action, yet the Court has not ruled, or shown any indication that it plans to rule on this issue soon. Mr. Buckley objects to the extent Class Counsel seeks an award of attorneys' fees and costs out of the 5% Holdback in which Class Counsel performed NO WORK.

2. **5% Holdback**

The Class Action Settlement Agreement, as amended (ECF No. 6481-1) ("Settlement") became effective on December 12, 2016—over four years ago—with the goal to provide settlement benefits to over twenty-thousand retired National Football League Players that make up the Class. Pet. for Atty Fees and Decl. of Co-Lead Counsel, 1. As a result, "[a]ll valid claims under the Settlement, *without limitation*, will be paid in full through the 65-year life of the Settlement Program." *Frequently Asked Questions, What are the benefits of the Settlement?*, NFL Concussion Settlement, https://www.nflconcussionsettlement.com/FAQ.aspx?FaqTypeID=1#1 (emphasis added).

However, on February 13, 2017, Class Counsel petitioned this Court "for an award of attorneys' fees and reimbursement of costs and litigation expenses *for their work* up to date in this litigation" in the form of a 5% holdback. Pet. for Atty Fees and Decl. of Co-Lead Counsel, 2. Class Counsel justified this request by arguing that it must "accomplish numerous tasks" on behalf of the claimants to successfully acquire the funds the claimants are entitled to. *See id.* at 3. In the case of Mr. Buckley, there were no such "numerous tasks", and no continuing justification for the holdback. Class Counsel's 5% holdback has set aside $161,100.45 of Mr. Buckley's gross recovery. That is the same amount of fees charged by Mr. Buckley's individual counsel without having assumed any of the risks of representation, and the significant costs and time associated with individual counsel's representation of each individual player and his individualized claim.

Objection to the Sixth Verified Petition of Class Counsel
Christopher A. Seeger for an Award of Post-Effective
Date Common Benefit Attorneys' Fees and Costs                                                                      2

Class Counsel is not involved in the processing Mr. Buckley's claim (by objecting to or supporting the claim). Class Counsel did not perform "numerous tasks" on behalf of Mr. Buckley. In fact, Class Counsel performed no tasks for Mr. Buckley to process his claim. Awarding any fees out of the 5% Holdback to Class Counsel for doing nothing is unjust, particularly when Class Counsel was previously paid for their work. Class Counsel has not assumed any significant costs and time associated with Mr. Buckley's representation. This is inherently unfair, is not proportionate to the work done by Class Counsel for Mr. Buckley.

3. **Class Counsel's Request for Attorneys' Fees and Costs Should Not Come Out of the 5% Holdback Because No Work was done by Class Counsel.**

Class Counsel did NOT do ANY work for Mr. Buckley. Mr. Buckley was definitively diagnosed with Parkinson's Disease secondary to traumatic brain injury on March 11, 2016. His diagnosis was confirmed various times by multiple medical professionals. Additionally, Mr. Buckley's diagnosis of dementia secondary to traumatic brain injury on March 11, 2016 has continued to be confirmed through the course of his medical treatment. Mr. Buckley has undergone extensive medical treatment since his first documented Parkinson's symptoms on November 12, 2013, and has suffered from the progression of Parkinson's aggressive symptoms for years. Further, Mr. Buckley has been diagnosed with dementia secondary to traumatic brain injury, another progressive disease that will only exacerbate with time. Class Counsel requests this holdback amount to be reimbursed "for costs and litigation expenses for their work." Pet. for Atty Fees and Decl. of Co-Lead Counsel, 2. But no work is required, as is the case with Mr. Buckley's claim, it does not make sense for Class Counsel to be granted this windfall? Thus, Mr. Buckley respectfully objects to the extent Class Counsel seeks an award of attorneys' fees and costs out of the 5% Holdback in which Class Counsel performed no work.

Objection to the Sixth Verified Petition of Class Counsel
Christopher A. Seeger for an Award of Post-Effective
Date Common Benefit Attorneys' Fees and Costs                              3

Dated: November 21, 2022.

Respectfully submitted,

/s/ *Bruce W. Steckler*
Bruce W. Steckler (TX Bar No. 00785039)
**STECKLER WAYNE CHERRY & LOVE, PLLC**
12720 Hillcrest Rd., Suite 1045
Dallas, Texas 75230
Telephone: (972) 387-4040
Facsimile: (972) 387-4041
bruce@swclaw.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Objection to the Sixth Verified Petition of Class Counsel Christopher A. Seeger for an Award of Post-Effective Date Common Benefit Attorneys' Fees and Costs* was served on all counsel of record via the Court's ECF system on November 21, 2022.

/s/ *Bruce W. Steckler*
Bruce W. Steckler

Objection to the Sixth Verified Petition of Class Counsel Christopher A. Seeger for an Award of Post-Effective Date Common Benefit Attorneys' Fees and Costs

4