UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody<br><br>Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO**:**<br>**ALL ACTIONS** | |

**RESPONSE OF LOCKS LAW FIRM IN SUPPORT OF THE JOINDER
OF GOLDBERG, PERSKY & WHITE, PC IN THE SIXTH
VERIFIED PETITION OF CLASS COUNSEL FOR
<u>AN AWARD OF COMMON BENEFIT ATTORNEY'S FEES AND COSTS</u>**

On November 14, 2022 Goldberg, Persky & White, PC ("Goldberg Persky") filed a document titled "Joinder of Goldberg, Persky & White P.C. in the Sixth Verified Petition of Class Counsel for an Award of Common Benefit Attorney's Fees and Costs". Although the first sentence of the document does in fact join Class Counsel's Motion, the remainder of the document is a well-presented argument as to why the money resulting from the 5% holdback of attorney's fees earned by IRP lawyers for potential funding of the payment of future Common Benefit attorney's fees and costs should be released and distributed to the attorneys from whose claims the assessment was withheld.

The Locks Law Firm submits this Response in Support of Goldberg Persky's filing and respectfully requests that the holdback of the 5% attorney's fees earned by the IRP lawyers be equitably disbursed, and that the holdback should be if at all, no more than 2% going forward.

As demonstrated in more detail below, Goldberg Persky's makes clear that the pending motions regarding the release of the holdback of the 5% attorney's fees earned by the IRP lawyers are now ripe for decision. (See ECF #11396). Specifically, the continued decrease of Class

1

Counsel's Common Benefit work and availability of sufficient funds calls for this Honorable Court to order equitable disbursement to the IRP lawyers holding contingent contracts for which multiple present motions are pending. (See e.g. ECF # 11396).

## ARGUMENT

1. **Continued Decrease of Common Benefit Work of Class Counsel**

As known, the NFL parties agreed to fund $112.5 million for payment toward the Common Benefit of the settlement. This Honorable Court ordered that $85,619,466.79 be paid out of the original settlement so that there would remain an excess to cover future Common Benefit work. (ECF #10019). Meaning, $26,880,533.30, with increasing interest, would be disbursed for the continued efforts of class counsel to operate the settlement for 65 years commencing in 2017. (ECF #10019 at 4).

It is widely known that the bulk of the work to implement the Settlement would occur in the early years of the 65-year agreement. (Common Fund Mem., ECF No. 9860). This is supported by the continued decrease of fees and expenses between the effective date of the Settlement and the end of the period covered by the Sixth Petition. This is not speculation, as Class Counsel acknowledges that the common benefit time and expenses continue to decrease. *Id.* In fact, unlike the prior five petitions submitted, each of which covered a period of six months, the Sixth Petition covers the largest period to date -23 months and remains the second smallest hourly submission. (ECF #11891 at page 2).

Consistent with this Honorable Court's assessment, there are substantially fewer complications at this stage of the litigation. Moreover, with the end of the BAP nearing, and the unfortunate increase in the number of deaths of former players, the decrease of common benefit work performed and expenses incurred will continue to decline significantly. While it is

anticipated that there will be additional common benefit funds paid as a result of race norming, that amount will sharply decrease over time.

2. **Adequate Surplus of Funds to Survive Life of Settlement Program**

Including the fees requested in the Sixth Verified Petition, there will be $17,924,049.00 paid out of the original balance of $26,880,533.30 from the original $112.5 Million settlement. Leaving a remaining balance of $8,956,484.30 in the AFQSF with growing interest. Based on the consistent downward trend of common benefit work performed, this is more than enough to fund any future fees and expenses. Thus, a release of the holdback of the 5% attorney's fees earned by IRP lawyers will not endanger any future payments to class counsel for common benefit work as it undisputed that the common benefit work of class counsel has significantly decreased and will continue to decrease over time. (ECF #11891 at page 2).

Furthermore, the most recent Claim Status Report noted that as of October 10, 2022, 1,441 Notices of Monetary Awards have been issued, totaling $1,019,509,086. (ECF 11882). To put this into context, of the 1,441 notices of monetary awards issued, the NFL deposited funds and the program paid for 1,383 claims for a total of $925,184,992[1]. Of those 1,383 paid, the Trustee sent $49,549,314 (5% of those Monetary Awards) to the Attorneys' Fees Qualified Settlement Fund, per the Court's June 27, 2018 Order Regarding the Common Benefit Fund (Document 10104). This means that there is roughly $50,000,000 million being held back (5%) holdback of attorney's fees collected by the lawyers representing individual former players, including the Locks Law Firm. (ECF #11811).

Considering the recent Norming Agreement, the number and value of the settled claims for former players will continue to grow as more claims are filed and paid. For instance, as of October

---

[1] Since the last claim report on October 27, 2022, an additional 52 notices of monetary awards have been issued.

3

10, 2022, 2,417 players qualified for an expanded BAP exam, as well as 646 players qualified for automatic retrospective rescoring. Therefore, if the Court feels that maintaining an assessment of 2% rather than eliminating the assessment altogether is appropriate, there is no doubt that there will be sufficient funds to continue the NFL Settlement Program for the remaining 59 years. The continued growth in the number and value of the settled claims, coupled with the decline in common benefit work, supports our continued position that a decrease from 5% to 2% in the holdback of attorney's fees collected by the lawyers representing individual former players is appropriate. (ECF #11157, *see also*, ECF # 9579).

## CONCLUSION

Based on the foregoing, it is appropriate at this time for this Honorable Court to order equitable disbursement to the IRP lawyers holding contingent contracts.

Wherefore, this firm respectfully requests the holdback of the 5% attorney's fees earned by the IRP lawyers be equitably disbursed and that the holdback should be if at all, no more than 2% going forward.

Respectfully submitted,

LOCKS LAW FIRM

Dated: November 22, 2022

/s/ Michael B. Leh
Michael B. Leh, Esquire
Heather M. Schneider, Esquire
The Curtis Center
Suite 720 East
601 Walnut Street
Philadelphia, PA 19106
Phone: (215) 893-3423
Fax: (215) 893-3444
mleh@lockslaw.com
hschneider@lockslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served upon all counsel of record via the **CM/ECF system**, this 22nd day of November, 2022.

                                                    */s/* Michael B. Leh
                                                    LOCKS LAW FIRM