# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>                              Plaintiffs,<br>         v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                              Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Shenaq PC v. SPID 100008517 (R.K.)<br>Attorney Lien Dispute No. 1469<br><br>AND<br><br>Howard and Associates, P.A. v. SPID 100008517<br>Attorney Lien Dispute No. 1646 | |

## EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                              November 23, 2022

      Before the Court is an assertion of Attorney's Liens by Shenaq PC ("Shenaq") and Howard and Associates, P.A. ("Howard")[1] against the Award granted to their former joint client, Settlement Class Member ("SCM") No. 100008517, R.K. ("Player"), in the litigation that became part of this class action, *In re: National Football League Players' Concussion Injury Litigation*,

---

[1] The lien of Howard is now pursued by Goldberg, Persky & White, which was retained by a receiver appointed in Florida state court for the benefit of Howard's creditors.

No. 12-md-2323 (E.D. Pa.).[2] Player first entered into a contingent fee agreement ("CFA") with Howard in April 2017, and that firm later brought in Shenaq as co-counsel. Player is currently represented by lawyers at Pro Athlete Law Firm, P.A. ("Pro"), which he retained on May 22, 2019 during the pendency of a claim filed in April 2019 by Shenaq.

Shenaq filed a Notice of Attorney's Lien in June 2019 "for reasonable attorney's fees plus reasonable expenses" and identified the petitioners as "Shenaq PC and its co-counsel," which it did not name. (Lien Doc. 2a.) Howard filed its own lien in April 2020, seeking reimbursement of costs it expended and recovery of attorney's fees as well. (Lien Doc. 2b.) Pro received notice from the Claims Administrator of Shenaq's lien on June 18, 2019 and of Howard's lien on April 29, 2020.

The Claims Administrator ultimately approved Player for an award and issued a Notice of Monetary Award Claim Determination on July 1, 2020. With the approval of Player's award and the withholding of funds for counsel fee, the lien disputes became ripe for review under the Rules Governing Attorneys' Liens ("Rules"), which were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283.)

**Initial Withdrawal Proposal**

On September 8, 2020, Howard, Shenaq, and Pro (the "Parties") submitted an initial Withdrawal of Attorney's Lien Dispute form pursuant to Rule 24 (the "Initial Withdrawal"), which

---

[2]  The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7746.) Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283.) Pursuant to Rule 12, the Parties were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this dispute. The Parties have so consented. Accordingly, this Explanation and Order will serve as the final decision of the Court concerning this attorney lien dispute.

2

addressed both of the pending liens. The Initial Withdrawal set out an agreement that had been reached as to the portion of Player's Monetary Award that each law firm would receive as its fee from funds available for distribution, as well as how to allocate any portion of the 5% holdback that may be released in the future. While that Withdrawal proposal was pending final court approval, however, the Court learned that a Claims Administrator audit indicated that Howard presented to the Court inflated costs for reimbursement in a lien dispute concerning representation of another SCM. In that case, Howard had sought reimbursement for costs attributable to three providers for which it sought reimbursement here. As a result, the Initial Withdrawal proposal was rejected and the matter was referred back to the Claims Administrator, which issued another schedule of document submissions for the litigation of the liens. *See generally* Doc. Nos. 11291, 11563, 11825.

**Second Withdrawal Proposal**

Guided by the Court's prior action, and with the involvement of new counsel acting on behalf of Howard, the Parties devised a new Withdrawal proposal, which they submitted to the Claims Administrator over the period of October 17-19, 2022. The Second Withdrawal sets out a new agreement that has been reached as to the portion of Player's Monetary Award that would be payable to the appropriate Parties as their fee from funds currently available for distribution, as well as an agreement on how to allocate any portion of the 5% holdback that may be released in the future. The Second Withdrawal also reflects a revised agreement as to the costs incurred by the Parties that will be reimbursed from Player's Award. The Second Withdrawal was negotiated by parties that are presumably concerned about their own interest and, as to Pro, to the interest of Player. The Parties are also presumably well-informed at this point about the positions of the other

Parties concerning allocation of fees and costs that may not have been properly incurred by Howard, given the Court's prior expression of its concerns.[3]

We have carefully considered the Second Withdrawal and the contingency fee agreements. In consideration of those documents and the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fees to be paid to the firms as set out in the October 2022 Withdrawal are reasonable, do not exceed the percentage for which Player contracted, and do not exceed the percentage allowed under the 22% Presumptive Fee Cap. In addition, the costs sought by the firms are reasonable and recoverable under the fee agreements. Accordingly, the Second Withdrawal will be granted and the Claims Administrator is directed to distribute the attorneys' fees and costs to the Parties as set forth in the Withdrawal.[4]

---

[3] To be clear, the costs incurred by Howard that were problematic in the prior proposed resolution are no longer requested by any party. The Court's concerns about fees allocated to Howard have also been addressed.

[4] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund, where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Second Withdrawal.

AND NOW, this 23rd day of November, 2022, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute dated October 17-19, 2022 is **GRANTED**; and

2. The Claims Administrator is **ORDERED** to distribute the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

 /s/ David R. Strawbridge, USMJ\_\_\_\_
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE