# ATTORNEY AUTHORIZATION AND AGREEMENT

**CLIENT: ROBERT L HARRIS**            **AGE: 49 years old**

**DATE OF BIRTH: 6/13/1969**       **SSN:**

**STREET ADDRESS: 8837 Elliott's Court**

**CITY, STATE, ZIP: Orlando, FL 32836**

**PHONE: (407) 615-0994**

**EMAIL: 90r.lee@gmail.com**

**NFL CONCUSSION SETTLEMENT ID#: 100006426**

**Injured person is:**
- ☑ **Adult**: signing agreement for self
- ☐ **Child (19 years of age or younger)**: agreement signed by parent or representative
- ☐ **Deceased**: agreement signed by authorized representative
- ☐ **Disabled adult**: agreement signed by parent or representative

**LEGAL REPRESENTATION:** Client hereby hires Caroline V. Davis, Esquire and the law firm of Duane, Hauck, Davis, Gravatt & Campbell P.C. ("Attorney") to pursue all potential claims for injuries and damages arising out of, or relating in any way to, Client's football and athletic career including, but not limited to, in the litigation commonly known as In Re National Football League Players' Concussion Litigation, MDL 2323, as well as Client's rights and recovery under the Amended Class Action Settlement Agreement filed February 13, 2015 arising therefrom. Client hereby authorizes Attorney to pursue all available sources of recovery as Attorney deems necessary. Client appoints Attorney and/or their designees to do any and all acts which in their judgment may be reasonable and necessary in the handling of my cause of action and/or related claims, the same as though such acts were actually performed by Client, including but not limited to obtaining of medical records of Client or Client's decedent through the submission of medical record releases/authorizations signed by Client, but later completed, filled in, and dated by Attorney.

**COOPERATION:** Client agrees to be available for consultation, investigation, MAF examinations and assessments, and do necessary work as Attorney directs and do nothing to impair the value of the case. Attorney agrees to use her best effort and skill in pursuing this case but does not guarantee a specific result.

**ATTORNEY COMPENSATION:** Client's case will be handled on a contingency fee basis. As compensation for services as client's attorneys, the client agrees to pay to Caroline V. Davis, Esquire whether obtained by suit or compromise, **Twenty-Two Percent (22%)** of the gross proceeds of any and all recovery and/or settlement awards of any kind or nature obtained in the matter of In Re National Football League Players' Concussion Litigation, MDL 2323, or otherwise.

**COMMON BENEFIT FEES:** Client understands that currently a Common Benefit Fee of 5% of all recovery and/or settlement awards in the matter of In Re National Football League Players' Concussion Litigation, MDL 2323 is withheld by the Claims Administrator pursuant to the Settlement Agreement for the purpose of satisfying the Common Benefit Award to be determined by the Court. In the event that any portion of the 5% currently being withheld for the Common Benefit Fees is returned and/or ultimately not required by the Court, then Client agrees that all returned monies will first go to satisfying Attorney's full 22% Contingency Fee and that all additional monies after satisfying Attorney's 22% Contingency fees will be paid to Client.

**CASE EXPENSES & AUTHORIZATION: Attorney will not ask Client for expense money during the handling of the case.** Case costs and expenses will be advanced by Attorney. Examples of typical expenses include court filing fees, investigation, medical examinations and testing, medical records, expert witness fees, etc. If there is a recovery, the parties agree that the Attorney will be reimbursed by the Client, for all sums advanced by the Attorney in connection with Client's case, and all other expenditures reasonable and necessary to investigate and advance Client's case. This does not include ordinary copy, phone or postage which Attorney considers overhead.

**TERMINATION OF THIS AGREEMENT:** If this agreement is terminated before the case is resolved, Client gives Attorney a lien against any subsequent recovery in this case for Attorney's time and expenses. If an offer has been negotiated, Attorney will have a lien upon any subsequent recovery equal to 22% of the offer, or an amount to compensate for time and expenses, whichever is greater. Attorney may withdraw from representation of Client at any time if she determines prosecution of the claim is not practicable. It is expressly understood that Attorney has made no promises of success or guarantees regarding the outcome of the case to Client. Attorney has explained the risks that are a necessary part of litigation. Client fully understands that such risks exist. Attorney may, after further investigation of the merits of this claim, cancel this contract of employment by mailing notice to the Client. In such event, there will be no charge for services rendered or expenses incurred by Attorney

**LIMITED POWER OF ATTORNEY:** Client hereby grants Caroline V. Davis, Esquire a limited power of attorney to execute all documents and papers that the Client would execute relating to the subject matter of the claim or cause of action. Client hereby grants Caroline V. Davis, Esquire a limited power of attorney to endorse the Client's name to any checks or drafts received by Caroline V. Davis, Esquire and the law firm of Duane, Hauck, Davis, Gravatt & Campbell, P.C. in settlement of any and all claims pursued by Caroline V. Davis, Esquire on behalf of Client. Such settlement funds shall be placed in trust for Client's benefit.

**MEDICAL LIENS:** Client understands that current law and regulations regarding Medicare, Medicaid or private health insurance plans (Healthcare Providers) may require all parties involved in this matter (client, law firm, defendant, and any insurance companies) to compromise, settle, or execute a release of Healthcare Provider's separate claim for reimbursement/lien for past and future payments prior to distributing any verdict or settlement proceeds. Client agrees that the Attorney may take all steps in this matter deemed advisable for the handling of your claim, including hiring separate experts/case workers who assist with resolving any Healthcare Providers' reimbursement claims or liens for past and/or future injury-related medical care and who provide guidance regarding government entitlement and needs- based benefits. Client

understands that the expense of any such service shall be treated as a case expense and deducted from client's net recovery and shall not be paid out of the Attorney's contingent fee in this matter.

**LOAN PROHIBITION:** The client understands Attorney cannot make any loans to Client against Client's case based on future proceeds from Client's case. If Client seeks a loan against Client's case from an outside source which involves legal review or assistance by Attorney, Client understands that he is engaging in the legal services of Attorney for matters separate and apart from his or her personal injury case.

**MISCELLANEOUS:** Client has read this agreement (or has had it read to him) and agrees to be bound by these terms. Any modifications in the terms of this agreement shall be typewritten or handwritten in the margin below and initialed by both parties.

**ACKNOWLEDGMENTS:** The client acknowledges that no representations or promises have been made to client as to what amount, if any, Attorney may be able to recover in this case. The Client further acknowledges that client has READ, UNDERSTOOD and AGREED to the terms of the above contract and has not been unduly influenced in ant matter in the execution of this agreement.

*Robert L. Harris* (DocuSigned)      *Caroline V. Davis*

**ROBERT L. HARRIS**      **CAROLINE V. DAVIS, ESQUIRE**

Date: 4/17/2020      Date: 4/17/2020