UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>  Plaintiffs,<br><br>  v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>  Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**CLASS COUNSEL'S OMNIBUS REPLY TO RESPONSES TO
SIXTH VERIFIED PETITION FOR AN AWARD OF
<u>POST-EFFECTIVE DATE COMMON BENEFIT ATTORNEYS' FEES AND COSTS</u>**

None of the responses filed by the three law firms to the Sixth Verified Petition for an Award of Post-Effective Date Common Benefit Attorneys' Fees and Costs (ECF No. 11891) voice any objection to the propriety or value of any of the work or expenses undertaken by Class Counsel for the common benefit of the Settlement Class Members submitted with that Petition. *See* ECF

Nos. 11894, 11904, 11905. Indeed, the law firm of Goldberg, Persky & White ("the Goldberg firm") actually joins in the Sixth Fee Petition (ECF No. 11894), which joinder the Locks Law Firm supports (ECF No. 11905).[1]

The law firm Steckler, Wayne, Cherry & Love ("the Steckler firm"), in contrast, objects to the Sixth Fee Petition only to the extent any related award would be paid not from the Attorney Fee Qualified Settlement Fund ("AFQSF") but, rather, out of the funds that have accumulated from the five percent provisional set-aside that the Court directed back in 2018.[2] ECF No. 11904. The Sixth Fee Petition does not seek any payment out of the provisional set-aside fund. The award of fees and reimbursement of expenses that the Sixth Fee Petition seeks are from the amount that remains in the AFQSF out of the balance of the fees paid by the NFL that the Court earmarked for implementation phase-related common benefit work in its May 24, 2018 common benefit fee allocation ruling. *See* ECF No. 10019 at 25.

Rather than take issue with Class Counsel's work on behalf of the Settlement Class Members, as prior objections had, each of these firms now improperly seeks to raise arguments that are not pertinent to the instant fee and expense reimbursement petition.[3] Specifically, they

---

[1] The Locks Law Firm filed its papers on November 22, 2022, which was one day late. The Sixth Fee Petition was filed on November 6, 2022, and any responses thereto would have been due on or before November 21, 2022. *See* Local Civ. R. 7.1(c).

[2] The Court directed that the holdback of five percent of Monetary Awards be provisionally made pending a determination on Class Counsel's set-aside request. ECF Nos. 9860 at 2, 18 & n.12; 9862 at 8 n.5; 10019 at 4 n.2; 10104 at 1; 10378 at 1 n.1.

[3] The Steckler firm does reiterate what is by now a shopworn objection that its client received no direct assistance in connection with Monetary Award claim. *See* ECF No. 11904 at 3. To the extent that the point it is making is that work must directly and immediately and individually benefit each and every Class member to be considered common benefit work it is meritless for the reasons that Class Counsel has previously articulated. S*ee* ECF Nos. 10596 at 5-6, 11403 at 3-6.

further supplement their objections to the separately pending petition for adoption of a set-aside of five percent of each monetary award, which was presented on February 13, 2017, as part of the then Co-Lead Class Counsel's Petition for and Award of Attorneys' Fees and Reimbursement of Costs. ECF Nos. 7151 at 2, 7151-1 at 70-75, 7151-2 at 31-35 (¶¶ 101-19). Briefing in connection with that request closed with the filing of Co-Lead Class Counsel's reply papers on April 10, 2017. ECF Nos. 7464 at 29-47, 7464-1 at 4-11 (¶¶ 14-38) (reply papers further addressing set-aside request). On July 14, 2020, Class Counsel filed a Motion to Supplement Petition for Adoption of Set-Aside From Each Monetary Award and Derivative Claimant Award. ECF No. 11127. The briefing in connection with that motion closed with the filing of Class Counsel's reply papers on August 7, 2020.[4] ECF No. 11154 (reply papers in support of motion to supplement). Thereafter, on June 4, 2021, the Steckler firm filed the first of a series of papers in support of its ill-conceived Motion to Release the 5% Holdback and for Expedited Hearings (ECF Nos. 11372, 11762), to which Class Counsel responded (ECF Nos. 11403, 11765), and for which briefing, too, has closed.[5]

Because the Court has received a plethora of submissions respecting Class Counsel's holdback request and the Court's provisional set-aside directive, Class Counsel will not further belabor the points already made. Simply put, Class Counsel's holdback request is not at issue here. The Court should therefore disregard any arguments pertaining to it. There are, however, two incorrect assertions in these three firms' responses that warrant correction.

*First*, the Steckler firm's response purports to be on behalf of one of its clients, Class member Marcus Buckley. Pursuant to the Court's directive, however, any funds held back from a

---

[4] The Locks Law Firm and the Goldberg firm each opposed this motion and lodged objections to the holdback request. ECF Nos. 11136, 11140.

[5] The Goldberg firm joined in this motion of the Steckler firm. ECF No. 11396.

Monetary Award to a represented Retired NFL Football Player, like Mr. Buckley, must be held back from the attorneys' fees that may be owed to counsel, such as the Steckler firm, *not* from the award to the Player.  *See* ECF No. 9860 at 18; *see also* ECF No. 9862 at 8 n.5.  If Mr. Buckley is owed money from the set-aside funds, then the Steckler firm has violated the Court's set-aside directive and its client's rights under the Settlement Agreement.

*Second*, the calculations proffered by the Goldberg firm and the Locks Law Firm as to the funds remaining in the AFQSF greatly overestimate the remaining balance in that fund.  Their calculations do not consider or reflect that, besides the Court's May 24, 2018 allocation of $85,619,446.79 in common benefit attorneys' fees and its subsequent implementation-phase fee and expense awards, various substantial payments have been made from the AFQSF that was funded by the NFL's original payment of $112.5 million.  These include the Court's April 12, 2018 award of $5,682,779.38 in common benefit expense reimbursements (ECF No. 9876); incentive awards to the class representatives (*id.* at 19); payment to Dennis Supplee for his work as court-appointed counsel for certain *pro se* Class members seeking to challenge application of statutes of limitations to their claims (ECF No. 9561); the common benefit payment to counsel for the Faneca Objectors in accordance with the settlement of their fee claim on remand from the Third Circuit (ECF No. 11230); tax payments; and associated banking, service, and professional fees.  Once all these payments are taken into consideration, the balance of the AFQSF as of the last report made to Class Counsel is only slightly more than $4 million.

## CONCLUSION

Based on the foregoing and the reasons previously set forth by Class Counsel, the Court should grant the Sixth Post-Effective Date Fee Petition.

Date:  December 1, 2022

Respectfully submitted,

*/s/ Christopher A. Seeger*
Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
cseeger@seegerweiss.com
Telephone:  (212) 584-0700

***CLASS COUNSEL***