# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB) |
| THIS DOCUMENT RELATES TO: | MDL No. 2323 |
| Plaintiffs' Master Administrative Long Form Complaint and | **NOTICE OF ATTORNEY'S LIEN** |
| Joe Kapp, et al. v. National Football League et al. No. 2:12-cv-04575-AB | |
| **MYRON JONES, Plaintiff ONLY** | |

Attorney Jason E. Luckasevic and Goldberg, Persky & White, P.C., attorneys in the above-entitled action, hereby notify this Court and all parties that they have a lien in this case for reasonable contingent attorney's fees plus reimbursement for legitimate case costs and expenses as set forth in the accompanying Petition to Establish Attorney's Lien relating to Plaintiff, **MYRON JONES.**

Dated: January 31, 2023

Respectfully submitted,

GOLDBERG, PERSKY & WHITE, P.C.

/s/ *Jason E. Luckasevic*
Jason E. Luckasevic, Esquire
PA Bar No. 85557
11 Stanwix Street, Suite 1800
Pittsburgh, PA 15222
Phone: 412-471-3980
Fax: 412-471-8308
jluckasevic@gpwlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing *Notice of Attorney's Lien* to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania on all parties registered for CM/ECF in the litigation.


Dated: January 31, 2023                     */s/   Jason E. Luckasevic*
                                                                Jason E. Luckasevic, Esquire
                                                               PA Bar No. 85557
                                                               11 Stanwix Street, Suite 1800
                                                               Pittsburgh, PA  15222
                                                               Phone:  412-471-3980
                                                               Fax:  412-471-8308
                                                               jluckasevic@gpwlaw.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 12-md-2323 (AB) |
| | MDL No. 2323 |
| THIS DOCUMENT RELATES TO: | |
| Plaintiffs' Master Administrative Long Form Complaint and | **PETITION TO ESTABLISH ATTORNEY'S LIEN** |
| **MYRON JONES, Plaintiff** | |

Now comes the Petitioner, Jason E. Luckasevic, Esquire for Goldberg, Persky & White, P.C., ("GPW") pursuant to an executed retainer agreement, and states:

1. Petitioners are attorneys at law admitted to practice before the Courts within the Commonwealth of Pennsylvania, and file this Petition to establish a lien for attorney's fees as set forth hereinafter.

2. On or about June 9, 2021, Elissa D. Miller, the Chapter 7 Trustee for the Bankruptcy Estate of Girardi Keese (the Trustee) filed a Motion for Order Authorizing the Transaction and Assigment of the Estate's Interests in the NFL Concussion Litigation to Goldberg Persky & White P.C. Free and Clear of Liens, Claims and Interests Pursuant to 11. U.S.C. § 363.

3. On or about June 28, 2021, Erika Girardi filed an objection to the Motion. The Motion was set for argument on August 10, 2021 but was withdrawn by Ericka Girardi on August 9, 2021.

4. On August 12, 2021, The Honorable Barry Russell entered an Order in the United States Bankruptcy Court, Central District of California Authorizing the Transition and Assignment of the Estate's Interests in the NFL Concussion Litigation to Goldberg Persky White, P.C. Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. § 363.

5. On or about November 26, 2014, Girardi & Associates were retained and employed by the Plaintiff, Myron Jones, pursuant to a contingency fee agreement for legal services, to pursue a claim for injuries and damages allegedly caused by the National Football League's conduct associated with football-related concussions, head, and brain injuries. (See Exhibit #1).

6. The Petitioners claim the right to have a lien for legitimate attorney's contingent fees during the time of the Girard Keese relationship and reimbursement of all legitimate costs and expenses during the Girardi Keese relationship established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiff in this action.

WHEREFORE, the Petitioners pray:

(1) That an attorney's lien be established;

(2) That the amount of the lien be determined;

(3) That the Court order that Petitioner be entitled to enforce an attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

(4) That the Defendant or the Defendant's insurer be prohibited from paying to the Plaintiff and/or his present lawyer any sums of money until said lien has been satisfied; and

(5) For such other further relief as this Court deems just.

Dated: January 31, 2023                            Respectfully submitted,

                                                          GOLDBERG, PERSKY & WHITE, P.C.

                                                          /s/  *Jason E. Luckasevic*
                                                          Jason E. Luckasevic, Esquire
                                                          PA Bar No. 85557
                                                          11 Stanwix Street, Suite 1800
                                                          Pittsburgh, PA  15222
                                                          Phone:  412-471-3980
                                                          Fax:  412-471-8308
                                                          jluckasevic@gpwlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing *Petition to Establish Attorney's Fees* to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania on all parties registered for CM/ECF in the litigation.

Dated: January 31, 2023                /s/   *Jason E. Luckasevic*
                                      Jason E. Luckasevic, Esquire
                                      PA Bar No. 85557
                                      11 Stanwix Street, Suite 1800
                                      Pittsburgh, PA  15222
                                      Phone:  412-471-3980
                                      Fax:  412-471-8308
                                      jluckasevic@gpwlaw.com



G | K                    GIRARDI | KEESE
                            LAWYERS

November 18, 2014

## NFL HEAD INJURY LITIGATION AMENDED RETAINER AGREEMENT & POWER OF ATTORNEY

      This document (the "Agreement") is the written fee contract that California law requires lawyers to have with their clients.

      **1. Conditions.** This agreement will not take effect until GIRARDI | KEESE ("GK") has received a signed copy of this agreement.

      **2. Scope of Services.** This Agreement is between _Myron D. Jones_ ("Client,") and Girardi and Keese ("Attorneys") to investigate and possibly prosecute causes of action or claims for damages against all entities and/or persons who are or might be defendants in the matter of IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION (No. 2:12-md-02323-AB). The scope of Attorneys' representation is limited to evaluating and potentially pursuing any such claims. Attorneys are authorized to file suit on your behalf at their sole discretion.

No other legal services of any kind are covered by this Agreement. This retention does not include investigating or prosecuting any claim or action against any health care provider. Further, Attorneys will not represent Client on any appeal without specific agreement memorialized in a separate agreement. Attorneys make no promise or guarantee regarding the outcome of this matter.

Attorneys reserve the right to withdraw from representation at their sole discretion upon reasonable notice given to client. In said case Attorneys may cancel this Agreement with Client and said cancellation will release Attorneys from any further action on Client's claim, and will discharge Attorneys from this Agreement. Cancellation will be effected by certified letter mailed to the last address provided by the Client to Attorneys. Client agrees to be truthful with Attorneys, to cooperate, to keep Attorneys informed of developments, to abide by this Agreement and any addendums, and to keep Attorneys informed of Client's current address, telephone number and whereabouts.

1126 WILSHIRE BOULEVARD • LOS ANGELES, CALIFORNIA • 90017-1904
TELEPHONE: 213-977-0211 • FACSIMILE: 213-481-1554



**EXHIBIT "1"**



G | K

November 18, 2014
Page 2 of 10

3. **Services Not Covered By This Agreement.** This Agreement does not cover other related claims, appeals, writs or other legal services that may arise. If additional services are necessary in connection with Your claims and You request that GK perform such services, a separate written fee agreement must be made between GK and You. Such additional services may be required, for example, in bringing any additional complaints against other potential defendants, or in defense of a lawsuit, cross-complaint or other cross demand filed against You in connection with the above-referenced matter.

4. **Client's Duties.** You agree to be truthful with GK, to cooperate, to keep GK informed of developments, to abide by this agreement, and to keep GK advised of Your address, telephone number and whereabouts.

5. **Contingent Fee Agreement:** The monetary basis of this retainer will be a percentage of the recovery, generally known as a contingency fee. Under this Agreement, You agree to pay Attorneys TWENTY-FIVE percent (25%) of all gross monies recovered. This fee covers all legal services through settlement or judgment. Gross recovery refers to the total amounts recovered, including by way of example, compensatory and punitive damages, sanctions, attorney fees and interest. IN THE EVENT OF NO MONETARY RECOVERY, ATTORNEYS SHALL RECEIVE NOTHING FOR THEIR SERVICES. This fee agreement is not set by law and is negotiable between you and Attorneys.

Client agrees that Attorneys also have the discretion to associate with other counsel to assist in prosecuting the Client's cause of action. Any attorney fees recovered by way of settlement or final resolution at arbitration, mediation or trial may be shared with such law firm(s). Such associations will not affect the total attorney fees charged to Client.

By signing this Agreement, Client acknowledges and agrees that the above contingency fee is reasonable considering the time and labor required, the novelty, complexity and difficulty of the legal questions involved, and the requisite skill necessary to perform these legal services properly. Client further acknowledges and understands that this contingent fee, or rate of fee, is customary for legal services of a comparable or similar nature. Client further acknowledges, agrees, and understands that the above contingency fee is reasonable considering the significance of this representation, the amount of



G | K

November 18, 2014
Page 3 of 10

money involved, the subject matter of this litigation, and the responsibility involved in the representation to obtain the desired results. Client further acknowledges, agrees, and understands that the above contingency fee contract is reasonable considering the expertise, reputation, diligence, and ability of the Attorneys performing these legal services.

In the event that Attorneys withdraw or are discharged, they may be permitted by law to recover the reasonable value of their services and any costs or expenses that have been advanced. That recovery could be less or the same as the amount that would have been obtained by Attorneys had they proceeded with your case and received their contingency fee. However, Attorneys agree not to seek reimbursement of costs/expenses or the reasonable value of their services unless you receive a recovery in the underlying matter.

6. **Costs and Other Expenses.** It will be necessary for Attorneys to incur and advance certain costs and expenses for the Client. These costs may include, but are not necessarily limited to, any of the following: filing and service fees; costs for screening and medical exams; reports and records; travel expenses including air fare, meals, and lodging for the Client and Attorneys' employees; fees of accountants, court reporters, or other professionals employed with respect to your case including judicial officers' fees; costs and fees associated with any necessary foreign estate administration procedures; telephone charges; facsimile charges; miscellaneous copying costs and postage. It may be necessary to employ medical and/or technical expert witnesses to examine and report on the facts of the Client's cause of action. The Client agrees that Attorneys have the discretion to employ and pay these expert witnesses. The Client further agrees to reimburse Attorneys from any settlement money received or from payment of any judgment. Upon receipt by Attorneys of the proceeds of any settlement or judgment, Attorneys shall retain the above referenced distribution of attorney fees, then deduct any costs, expenses and expert fees from the Client's portion of the recovery after attorney fees are deducted, and disburse the remainder to Client.

**If no money is recovered in Client's case, Attorneys will not seek costs and expenses advanced by Attorneys in the investigation and/or prosecution of Client's case.**



001KC0002_PRINT_REV_68932_domestic_802/000051/000605



G | K

November 18, 2014
Page 4 of 10

7. **Alternative Dispute Resolution:** It may be beneficial to the case to seek alternative avenues to resolve your claim. You agree that any claim made or lawsuit filed can be made the subject of Alternative Dispute Resolution ("ADR") before a retired Judge or such other person or persons as the Attorneys choose in their discretion. The retired Judge(s) or other persons chosen will decide your case after hearing both sides. That decision will be referred to as a "judgment." You are waiving the right to a jury trial and the right of appeal. Sometimes this is called "binding arbitration." You authorize Attorneys to execute all documents on your behalf to effect conclusion of this matter. You agree to cooperate with Attorneys at all stages of litigation and to keep Attorneys advised of a current mailing address at all times.

8. <u>**Waiver of Potential Conflicts – Multiple Plaintiffs:**</u> Client understands that his/her case may be filed, settled, and/or go to trial with a larger group of tort claimants with similar claims. Client agrees that Attorneys, at Attorneys' election, may combine this Action with other related actions, which are often called Mass Tort or Class Actions. One benefit of Mass Tort or Class Actions is that by litigating multiple related cases together and spreading the cost of litigation across the group of cases, litigation costs for each individual client may be lower than they would be if each individual's case were litigated in isolation. By signing this Agreement, Client does hereby waive any potential or actual conflict between themselves and any other member of a Mass Tort Group or Class. Client gives permission to Attorneys to disclose Client's name, and Client's settlement (offer) amount to other claimants also represented by Attorneys, whose case may be litigated and/or settled at the same time, to the extent that such disclosures may be necessary to comply with applicable rules of legal ethics and professional conduct. Additionally, Client understands that certain expenses, including travel and expert expenses, may be incurred jointly in all cases in a group and authorizes Attorneys to allocate such expenses among all such cases in proportion to the ultimate gross recovery obtained by each client in the group.

Client agrees that Attorneys are authorized to settle this case against any or all of the defendants on a global basis with recovery being made to client out of the global settlement. Attorneys may retain the services of a retired judge(s) to allocate settlement proceeds among the various clients, including yourself. If





G|K

November 18, 2014
Page 5 of 10

client disputes the amount received through the global settlement, client may submit the dispute to said retired judge(s) who would determine the final amount after hearing client's reasons for a different amount. This decision would be final.

9. **Governing Law:** The laws of the State of California shall govern the validity, construction, enforcement, and interpretation of this Agreement. This Agreement contains the entire agreement between Client and Attorneys regarding the matters described herein, and the fees, charges and expenses to be paid relative thereto, and supersedes all prior oral or written agreements. This Agreement may only be amended in writing by Client and Attorneys, and their respective legal representatives, successors, and assigns. This Agreement may be executed in multiple original counterparts, each of which shall be deemed an original, and which together shall constitute the same agreement.

10. **Discharge or Withdrawal.** You may discharge GK at any time, on written notice to GK, and GK will immediately cease to render additional services after receiving such notice. GK will fully cooperate with any successor law firm.

GK may withdraw from its representation of You (i) with Your consent, (ii) on court approval, (iii) if You are in material breach of this Agreement. (iv) if You refuse to cooperate with GK on any material matter or fail to follow GK's reasonable advice on a material matter, (v) for any fact or circumstance out of Your control that would render GK's continuing representation of You unlawful or unethical or (vi) if no court action has been filed, on reasonable notice to You.

In the event GK withdraws under this paragraph or if You discharge GK, GK shall be reimbursed for all documented and reasonable costs incurred by GK in connection with a matter for which GK represented You hereunder in accordance with this Agreement. In addition, out of any recovery You may subsequently obtain for such matter GK commenced prior to termination plus GK shall receive legal fees therefrom for the services GK rendered to the date of termination reflecting the reasonable good faith value of GK's legal services and as GK shall negotiate with the successor law firm (it being understood that in no event shall the aggregate legal fees payable to GK and all other lawyers exceed those percentages set forth above in paragraph 5). The attorney's lien that is set forth below in paragraph 8 shall also apply to any sums due under this paragraph. GK will not be





G | K

November 18, 2014
Page 6 of 10

entitled to any fees or other payment if You discharge GK for good cause, which includes GK's material breach of this Agreement (which breach is not cured after 20 days notice from You to GK) or unlawful or unethical behavior, or if GK withdraws for any reasons not permitted herein.

    **11.**   **Lien.** You hereby grant GK a lien on any and all claims or actions in which GK represent You under this Agreement. GK's lien will be for any sums owing to GK in accordance with this Agreement for any unpaid costs, or attorneys' fees, at the conclusion of GK's services, and acts as security for the payment of such sums. The lien will attach to any recovery You receive, whether by judgment, settlement, arbitration award or otherwise. The lien could delay payments to You if there are any disputes over the amounts to be paid to GK. Before signing this Agreement You may seek the advice of an independent lawyer of Your choice about the lien and all other aspects of this Agreement. Your right to do this is also set out in paragraph 16, below.

    **12.**   **Confidential Information.** You understand that You may receive confidential information, including confidential information from or relating to other parties, in the course of the litigation and that such information is or may be subject to protective orders and/or attorney-client, work-product, joint-prosecution, and other applicable privileges. You agree not to disclose any such confidential information to the detriment of the litigation, except insofar as may be required in any dispute between the You and GK.

    **13.**   **Express Consent to Electronic Communications.** In order to maximize efficiency in this matter, GK intends to use state-of-the-art communications devices to the fullest extent possible (*e.g.*, email, electronic document transfers, mobile devices and facsimile transfers). The use of such devices under current technology may place Your confidences and privileges at risk. However, GK believes the effectiveness involved in use of these devices outweighs the risk of accidental disclosure. By signing this letter, You acknowledge Your consent to the use of these devices.

    **14.**   **Attorney's Authority.** In connection with the claims covered by this Agreement, subject to Your prior approval You hereby give GK the power and authority to execute any and all claims, deposits, orders, and other papers that You could properly execute, and to receive on Your behalf any moneys or other things



GK

November 18, 2014
Page 7 of 10

of value to which You may be entitled because of any judgment recovered or any settlement received.

15.  **Approval Necessary for Settlement.**  GK will not make any settlement or compromise of any nature of any of Your claims without Your prior approval in Your sole discretion. So long as GK represents You in the matter, You agree that You will not make any settlement or compromise of any nature of any of Your claims in the matter without prior notice to and in consultation with GK.

16.  **Disclaimer of Guarantee.**  Nothing in this Agreement and nothing in GK's statements to You will be construed as a promise or guarantee about the outcome of Your matter. GK makes no such promises or guarantees. Any comments about the outcome of Your matter are expressions of opinion only.

17.  **Insurance Disclosure.**  GK does not meet any of the criteria for errors and omissions (malpractice) coverage set forth in Business and Professions Code § 6147.

18.  **Arbitration.**  Although GK does not expect that any dispute will arise, in the unlikely event of any dispute concerning GK's representation, including disputes regarding the amount of fees or the quality of GK's services, You and GK shall first conduct a mediation under the rules of JAMS (Judicial Arbitration and Mediation Service) in Los Angeles, California. The cost of the mediation will be borne equally by both parties to this agreement. If You and GK cannot agree on the mediator, then JAMS shall have the authority to appoint one mediator so the mediation can be held.

If the mediation is unsuccessful then the dispute shall be determined by binding arbitration under the rules of JAMS in Los Angeles, California by one arbitrator, either agreed to between You and GK at the time of any dispute or appointed under the JAMS rules. The cost of the arbitration shall be initially borne equally by both parties. However, upon making a determination of the claims in arbitration, the arbitrator shall have the discretion to order that the costs of the arbitration, including fees and other costs—but not reasonable attorney fees—shall be borne by the losing party. You and GK further agree that all information concerning the facts, substance or result of any such mediation or arbitration shall remain confidential and not be disclosed except to the extent necessary to enforce the arbitration award or as otherwise required by law.



001KC0002_PRINT_REV_68932_domestic_802/000051/000609



G | K

November 18, 2014
Page 8 of 10

    **19. Your Right to Consult with Counsel on This Agreement.** You have the right to consult with counsel other than GK to advise You on this Agreement and any provision in it.

    **20. Informed Consent.** You acknowledge that You had the opportunity to discuss the contents of this Agreement with independent counsel, and that You have read and understand this Agreement.

    **21. Severance.** If any provision contained in this Agreement is held to be invalid, void or illegal by any court of competent jurisdiction, that provision will be deemed severed from the remainder of this Agreement. Such severance will in no way affect, impair or invalidate any other provision contained in this Agreement. If any provision is deemed invalid due to its scope or breadth, such provision will be deemed valid to the extent of the scope or breadth permitted by law.

    **22. Execution by Counterparts and Facsimile.** This Agreement may be executed in counterparts and when You have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and all counterparts taken together will constitute one and the same agreement, which will be binding and effective as to each of You and as to GK. Signatures by facsimile or by email in an electronic document are binding.

    **23. Effective Date.** This Agreement will take effect when You have performed the conditions stated in Paragraph 1, but its effective date will be retroactive to the date GK first performed services. The dates in the signatures lines of this Agreement are for reference only.

Please review this Agreement carefully. If you believe it accurately reflects the understanding we have reached, please sign the original and return to us at 1126 Wilshire Blvd., Los Angeles, CA 90017. Unless other arrangements are made, five years from the date this case is resolved, the file will be destroyed.

NOTE: If you are signing on behalf of another individual (e.g., for your minor child or decedent), please write that individual's name first, then yours (i.e. Bob Smith by Betty Smith). The remaining information should be completed for the individual you are signing for.



G|K

November 18, 2014
Page 9 of 10

Myron D. Jones
Client (Print name)

Nov. 26, 2014
Date

Myron D. Jones
Client (Signature)

20814 Tribune St.
Mailing Address

Chatsworth,     CA     91311
City            State        Zip

818-998-2191
Home Telephone Number

/ 818-625-4171
Work Telephone  /  Mobile Telephone

IronMyron@Yahoo.com
Email Address

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
Social Security Number

Feb. 21, 1968
Date of Birth