BLD-046                                                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2441
_____

IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS
CONCUSSION INJURY LITIGATION

Alain Kashama,

Appellant

*(Pursuant to Rule 12(a), Fed. R. App. P)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-md-02323)
District Judge: Honorable Anita B. Brody
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 8, 2022
Before: AMBRO, KRAUSE, and PORTER, <u>Circuit Judges</u>

(Opinion filed December 28, 2022)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Alain Kashama appeals from an order of the District Court denying his objection to his individual monetary award pursuant to a settlement agreement in this class action. We will affirm.

Kashama was a professional football player who spent a few seasons playing in the National Football League ("NFL"). Like many other players, he incurred serious head injuries. Kashama was a member of a class of plaintiffs who sued the NFL to compensate them for these injuries and resultant chronic conditions. That class of plaintiffs was certified pursuant to Federal Rule of Civil Procedure 23 and the parties reached a negotiated settlement. We affirmed the District Court's certification of the class and approval of the settlement. See In re Nat'l Football League Players Concussion Injury Litig., 821 F.3d 410, 420 (3d Cir. 2016).

Class members were given an opportunity to opt out of the settlement, and those who chose not to opt out are bound by the agreement's terms. See Settlement Agreement § 14.2, ECF No. 6481-1. As part of the settlement, class members agreed to release, among other things: (1) any claims that "could have been asserted in the Class Action" and (2) any claims relating to "head, brain and/or cognitive injury," "concussions and/or subconcussive events," and "CTE" that could have been asserted against the NFL. Id. § 18.1(a). The release provision was expressly incorporated into the District Court's judgment. See Amended Final Order & Judgment ¶ 10, ECF No. 6534.

Under the Settlement Agreement, a class member must take certain steps to receive a monetary award. In brief, the class member must: register to participate in the settlement; undergo neurological and neuropsychological examinations to diagnose that

2

individual's level of neurocognitive impairment; and submit a claim package to the designated Claims Administrator. See generally Settlement Agreement arts. IV, VI, VII. The Claims Administrator then reviews the claim package to determine the amount of the individual monetary award, pursuant to an agreed framework. See id. §§ 6.3, 6.6, 6.7, 9.1. A Special Master oversees the Claims Administrator and provides the District Court with supporting information as needed. See id. § 10.1 A class member may appeal an individual monetary award to the District Court and, on review, the "decision of the [District] Court will be final and binding." Id. § 9.8. We have previously held that the Settlement Agreement's opt-out and claims processes are reasonable. See In re NFL, 821 F.3d at 441.

Here, Kashama did not opt out. He registered to participate, received a diagnosis of neurocognitive impairment at "Level 1.5" under the Settlement Agreement, and submitted a claim package to the designated Claims Administrator, who determined the amount of his monetary award to be just shy of $500,000. Kashama appealed his award and the Special Master affirmed. Kashama objected to the Special Master's decision; the District Court denied his objection. Kashama filed a notice of appeal. Our Clerk alerted Kashama that his appeal was subject to possible dismissal under 28 U.S.C. § 1915 or summary action. Kashama has filed a brief and documents in support of his appeal.

The District Court had continuing jurisdiction after the parties settled because the terms of the Settlement Agreement were expressly incorporated into the judgment. See Amended Final Order & Judgment ¶¶ 8, 17, ECF No. 6534; see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381–82 (1994). The District Court's order

3

denying Kashama's objection to his individual award "finally resolved the particular claim at issue," so it is a final, appealable order under 28 U.S.C. § 1291. In re Diet Drugs Prods. Liab. Litig., 543 F.3d 179, 184 n.10 (3d Cir. 2008). We review an order administering or implementing a class action settlement for abuse of discretion. Id.

Kashama asserts that he is entitled to a greater amount than was awarded to him because of his "special damages" totaling $22.8 million, arguing that his award is not sufficient to cover his lost wages and medical expenses arising from his head injuries. See CA3 ECF No. 13 at 16. These are precisely the kinds of claims that are covered by the Settlement Agreement's release provision, which we have already affirmed. See In re NFL, 821 F.3d at 425, 443–44. Moreover, the documents that Kashama submitted in support of his appeal show that his claim proceeded according to the terms of the Settlement Agreement. While Kashama disagrees specifically with the assessment of his injuries under the claims process, and generally with the thresholds for compensation that were developed under the Settlement Agreement, he does not identify any actions by the District Court that "rest on a clearly erroneous finding of fact, an errant conclusion of law[,] or an improper application of law to fact."[1] In re Diet Drugs, 543 F.3 at 184 n.10 (internal quotation marks and citations omitted).

---

[1] Kashama's documentation makes passing references to racial bias in the structure of the claims process. See, e.g., CA3 ECF No. 13 at 21. However, Kashama has not explained how his claim specifically was affected by racial bias. Moreover, the parties agreed to amend the Settlement Agreement for the express purpose of eliminating the identified "race norming" in March 2022. See Order, ECF No. 11648. Those amendments provide an avenue for recalculating monetary awards affected by racial bias, and Kashama has not alleged that those amendments are inadequate to address his concerns.

Accordingly, Kashama's appeal does not present a substantial question, and we will summarily affirm the District Court's order.[2] See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[2] Kashama's motions are denied.