IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, <br> Plaintiffs, <br> v. <br> National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., <br> Defendants. | No. 2:12-md-02323-AB <br><br> MDL No. 2323 <br><br> Hon. Anita B. Brody, U.S.D.J. |

### [Proposed] ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of the Motion for Direct Payment of Payment Amount filed by Balanced Bridge Funding LLC fka Thrivest Specialty Funding ("Balanced Bridge"), it is **ORDERED** that the motion is **GRANTED** as follows:

To effect Mr. Seals' agreed-upon resolution with Balanced Bridge as memorialized in their Payment Agreement, the Claims Administrator is instructed to direct the Trustee to deduct the Payment Amount specified in the Payment Agreement from Mr. Seals' Monetary Award and to pay that Payment Amount directly to Balanced Bridge before paying the remaining balance of Mr. Seals' Monetary Award to him.

BY THE COURT:

_____
BRODY, J.

143131315.4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, Plaintiffs, v. National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., Defendants. | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody, U.S.D.J. |

## BALANCED BRIDGE'S MOTION FOR DIRECT PAYMENT OF PAYMENT AMOUNT (RAYMOND B. SEALS)

To effect Settlement Class Member Raymond B. Seals' agreed-upon resolution with Balanced Bridge Funding LLC fka Thrivest Specialty Funding ("Balanced Bridge") as memorialized in their Payment Agreement, Balanced Bridge moves the Court to enter an order instructing the Claims Administrator to direct the Trustee to deduct the Payment Amount specified in the Payment Agreement from Mr. Seals' Monetary Award and to pay that Payment Amount directly to Balanced Bridge before paying the remaining balance of Mr. Seals' Monetary Award to him.

In support of its motion, Balanced Bridge relies upon and incorporates by reference the accompanying memorandum of law.

Respectfully submitted,

/s/ Peter C. Buckley
Peter C. Buckley, Esquire
FOX ROTHSCHILD LLP
2000 Market Street—20th Floor
Philadelphia, PA 19103
(215) 299-2854
(215) 299-2150 (facsimile)
*Attorneys for Balanced Bridge Funding LLC*

Dated:  March 6, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br>　　　　Plaintiffs,<br>　　v.<br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br>　　　　Defendants. | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody, U.S.D.J. |

**MEMORANDUM OF LAW IN SUPPORT OF BALANCED BRIDGE'S MOTION FOR DIRECT PAYMENT OF PAYMENT AMOUNT (RAYMOND B. SEALS)**

　　Balanced Bridge Funding LLC fka Thrivest Specialty Funding ("Balanced Bridge") submits this memorandum of law in support of its motion for direct payment, which seeks an order instructing the Claims Administrator to direct the Trustee to deduct the Payment Amount specified in Balanced Bridge's Payment Agreement with Settlement Class Member Raymond B. Seals (attached as "Exhibit 1") from Mr. Seals' Monetary Award and to pay that Payment Amount directly to Balanced Bridge before paying the remaining balance of Mr. Seals' Monetary Award to him.  The requested relief effects a post-award agreement reached between Balanced Bridge and Mr. Seals regarding Balanced Bridge's entitlement to payment under its funding agreement with Mr. Seals.  What's more, if the relief sought here (direct payment of the Payment Amount to Balanced Bridge) is effectuated timely, the agreement will avoid an arbitration that neither Balanced Bridge nor Mr. Seals want.

143131315.4

I.    **BACKGROUND AND RELEVANT FACTS**

Under a Non-Recourse Finance Transaction (Sales and Purchase Agreement) dated June 3, 2016 (the "Funding Agreement," attached as Exhibit A to the Payment Agreement (Ex. 1)), Balanced Bridge paid Mr. Seals a $255,625.38 advance against the proceeds of his potential award in the NFL Concussion Litigation. In December 2022, the Claims Administrator in the NFL Class Action notified Mr. Seals that he had been approved for a $580,590 monetary award in the NFL Class Action (the "Monetary Award"). Neither Mr. Seals nor his attorneys updated Balanced Bridge regarding the status of his claim in the NFL Class Action as required under the Funding Agreement; rather, Balanced Bridge became aware that Mr. Seals had been approved for the Monetary Award through a subpoena to the Claims Administrator. Balanced Bridge expects the Monetary Award will be paid by the Claims Administrator in March 2023.

In an attempt to avoid arbitration by facilitating direct payment of an agreed-upon payment to Balanced Bridge, Balanced Bridge and Mr. Seals reached an agreement, which they memorialized in the Payment Agreement. See Payment Agreement (Exhibit 1).

Although Balanced Bridge is not a "Participating Funder" as that term is defined in the Rules Governing Third-Party Resolution Protocol, the Payment Agreement is derived from the Termination and Release Agreement that has been approved by the Court and honored by the Claims Administrator and through which many Third-Party Funders and Settlement Class Members have effectuated a post-award compromise; provided, however, that the Payment Agreement does not terminate Balanced Bridge's rights vis-à-vis future monetary awards in view of the significance of the current deficiency. See Termination and Release Agreement available at https://www.nflconcussionsettlement.com/Docs/termination_release_agreement.pdf (last visited February 27, 2023). The Payment Agreement provides that, in exchange for payment of the Payment Amount, Balanced Bridge agrees accepted a reduced amount from Mr. Seals'

2

Monetary Award when Mr. Seals' contractual obligations would require that Balanced Bridge receive the entirety of the Monetary Award.  See Payment Agreement at D2(b) (Exhibit 1).  As part of the Payment Agreement, Mr. Seals acknowledged the validity and enforceability of the Funding Agreement.  See Payment Agreement at D3(a) (Exhibit 1).

Mr. Seals has consented to the relief requested herein—namely, direct payment of the Payment Amount to Balanced Bridge by the Trustee.  See Payment Agreement at D3(b). The consent language in Section D3(b) of the Payment Agreement tracks closely the language in the Termination and Release Agreement, which has been approved by the Court and used by the Claims Administrator to effectuate other Funder/Settlement Class Member agreements.

## II. ARGUMENT

The Court should grant Balanced Bridge's motion and instruct the Claims Administrator to facilitate direct payment of the Payment Amount to Balanced Bridge for three reasons.

**First,** granting Balanced Bridge's motion honors the parties' agreement and compromise. The Third Circuit recognizes a strong policy in favor of enforcing settlement agreements.  See Ehrheart v. Verizon Wireless, 609 F.3d 590, 594 (3d Cir. 2010) (there is a "strong presumption in favor of voluntary settlement agreements"). Similarly, Pennsylvania law (selected in the Funding Agreement) favors agreements that settle legal disputes between parties.  See Compu Forms Control Inc. v. Altus Group Inc., 574 A.2d 618, 624 (Pa. Super. 1990).  There is a strong judicial policy in favor of voluntarily settling disputes because it reduces the burden on the courts and expedites the transfer of money into the hands of a complainant.  See Felix v. Giuseppe Kitchens & Baths, Inc., 848 A.2d 943, 946 (Pa. Super. 2004).  As part of a bargained-for exchange of consideration, Mr. Seals agreed to ask the Claims Administrator to pay Balanced Bridge the Payment Amount directly.  This request is consistent with the requests of other Settlement Class Members made through the Resolution Protocol, which the Court and the Claims Administrator

3

have honored.  Moreover, Mr. Seals' promise to request direct payment to Balanced Bridge may help the parties avoid additional arbitration expenses, which Balanced Bridge has already incurred in view of Mr. Seals' earlier refusal to honor his contractual promises.  By granting Balanced Bridge's motion and honoring Mr. Seals' request, the Court would be promoting strong judicial policy in favor of settling disputes—both with respect to Balanced Bridge's relationship with Mr. Seals, but also with respect to other Settlement Class Members.

**Second,** direct payment of the Payment Amount by the Trustee to Balanced Bridge is in the best interests of Mr. Seals, Balanced Bridge, and the Court.  The Payment Agreement benefits Mr. Seals by providing him with a carve-out from the Monetary Award he would not otherwise be able to receive. Of course, direct payment is also in Balanced Bridge's interest in that it expedites Balanced Bridge's receipt of funds and avoids the risk of dishonor.  Previous matters within the NFL Class Action involving Mr. Wright and Mr. Harper consumed Court resources and filled the Court's docket with enforcement actions, which Mr. Wright and Mr. Harper ignored.  For their part, Mr. Wright and Mr. Harper incurred additional liabilities as a result of Balanced Bridge incurring enforcement expenses.  Mr. Seals could face similar enforcement expense liabilities if further arbitration becomes necessary.  Like Balanced Bridge, the Court has reason to avoid creating opportunities for dishonor—and the attendant Court proceedings—by facilitating direct payment of the Payment Amount to Balanced Bridge.

**Third,** there is no basis to refuse this request from Mr. Seals and Balanced Bridge while, at the same time, honoring similar requests from other Settlement Class Members and Third-Party Funders.  The Court has adopted a Resolution Protocol that allows Funders and Settlement Class Members to resolve their disputes including with direct payment to the Funder of the agreed-upon "Loan Resolution Amount," but only after the Funder agrees in advance to reduce the interest rate

on the agreement to 10% simple interest by executing a Declaration of Consent to Substitution. See Declaration of Consent to Substitution, available at https://www.nflconcussionsettlement.com/Docs/declaration_consent_substitute.pdf (last visited February 27, 2023). There is no legal basis to prefer resolutions reached under the Resolution Protocol to Balanced Bridge's resolution with Mr. Seals, as memorialized in the Payment Agreement. The only real difference is in the rate, and there has been and can be no allegation that Balanced Bridge's rate—the lowest rate charged by any non-recourse funder in the NFL Concussion Class Action—is in any way unenforceable. Indeed, Balanced Bridge's agreement has been universally upheld by every arbitrator who has considered it. What's more, the Court has derived its authority to oversee funding arrangements from an anti-assignment of claims provision in the Settlement Agreement, and the Third Circuit specifically found that Balanced Bridge's agreement "gave [Balanced Bridge] only the right to receive settlement funds after the funds are disbursed to a class member"—noting, "the District Court's power over the funds and class ends at that point." In Re: National Football League Players' Concussion Injury Litigation, 923 F.3d 96, 112-13 (3d. Cir. 2019). In other words, Balanced Bridge's agreement did not violate the anti-assignment of claims provision. The Court should enforce the Payment Agreement and allow direct payment to Balanced Bridge so that funders whose agreements violate the Settlement Agreement are not afforded better treatment than Balanced Bridge, whose agreement was found by the Third Circuit not to be in violation. Indeed, there can be no justification for enforcing some agreed-upon resolutions, but not others merely because of the amount of interest to which the parties have agreed.

### III.   CONCLUSION

Balanced Bridge respectfully requests that the Court grant this motion to effectuate the parties' settlement allowing direct payment of the Payment Amount specified in the Payoff Agreement to Balanced Bridge.

Respectfully submitted,

/s/ Peter C. Buckley
Peter C. Buckley, Esquire
FOX ROTHSCHILD LLP
2000 Market Street—20th Floor
Philadelphia, PA 19103
(215) 299-2000
(215) 299-2150 (facsimile)
*Attorneys for Balanced Bridge Funding, LLC*

Dated: March 6, 2023

# EXHIBIT 1

# NFL Concussion Settlement
## In Re National Football League Players' Concussion Injury Litigation
### No. 2:12-md-02323 (E.D. Pa.)

## PAYMENT AGREEMENT

### A. PARTIES

1. <u>Settlement Class Member</u>: Raymond B. Seals

2. <u>Funder</u>: Balanced Bridge Funding LLC fka Thrivest Specialty Funding

3. <u>Covered Parties</u>. The term "Settlement Class Member" includes his/her heirs, agents, guardians, successors, and assigns. The term "Funder" includes all of its representatives, predecessors, successors, affiliates, subsidiaries, owners, officers, directors, employees, agents and insurers. The term "Parties" refers to the Settlement Class Member and the Funder.

### B. THE CONTRACT

1. <u>"Contract" Defined</u>. As used in this Payment Agreement, the term "Contract" means the original agreement between the Funder and Settlement Class Member, which is attached to this Agreement as "Exhibit A."

2. <u>Date(s) of the Contract</u>: June 3, 2016

3. <u>Status</u>. There are two pending actions between the Settlement Class Member and the Funder relating to the Contract: (a) an arbitration captioned <u>Balanced Bridge Funding, LLC v. Seals,</u> AAA Case No. 01-23-0000-2040 (the "Arbitration"); and (b) an action in the United States District Court for the Eastern District of Pennsylvania captioned <u>Balanced Bridge Funding, LLC v. Seals,</u> No. 23-mc-00011 (the "District Court Action") through which the Funder seeks to confirm an Interim Award of Emergency Relief entered in the Arbitration. Funder hereby warrants and represents that it has not assigned or transferred to any third party any claim, demand, or cause of action against the Settlement Class Member.

### C. PAYMENT AMOUNT

1. <u>"Monetary Award" Defined.</u> As used in this Payment Agreement, the term "Monetary Award" means <u>only</u> the Settlement Class Member's monetary award on account of his Level 1.5 qualifying diagnosis dated September 2, 2020 as memorialized in that certain Notice of Monetary Award Claim Determination dated December 22, 2022. As used herein, "Monetary Award" does <u>not</u> refer to any future monetary awards due or paid to the Settlement Class Member on account of any other qualifying diagnoses.

2. <u>"Payment Amount" Defined</u>. As used in this Payment Agreement, the term "Payment Amount" means the amount of money owed by the Settlement Class Member to the Funder from the Settlement Class Member's Monetary Award under this agreed-upon resolution of Funder's rights to proceeds from the Monetary Award.

141642823.2

3. <u>Payment Amount</u>. The Payment Amount is $435,912.74.

4. <u>Resolution</u>. The Claims Administrator may pay the Payment Amount to the Funder as the amount due from the Settlement Class Member to the Funder from the Monetary Award.

## D. CONSIDERATION AND LIMITED RELEASE

1. <u>Payment</u>. The Funder agrees to accept from the Trustee of the Settlement Fund of the NFL Concussion Settlement the Payment Amount as consideration for this Payment Agreement.

2. <u>Limited Release</u>.

(a) Except with respect to the terms and conditions in this Agreement, effective immediately, the Settlement Class Member hereby fully and forever releases, acquits, terminates, and discharges the Funder from any and all claims (express or implied) which relate to the Monetary Award.

(b) Except with respect to the terms and conditions in this Agreement, upon payment of the Payment Amount to the Funder, the Funder hereby fully and forever releases, acquits, terminates, and discharges the Settlement Class Member from any and all claims (express or implied) which relate to the Monetary Award. For the avoidance of doubt, Funder does <u>not</u> release any claims related to future monetary awards due or paid to the Settlement Class Member on account of any other qualifying diagnoses, which monetary awards remain subject to Funder's rights under the Contract. Upon Funder's receipt of the Payment Amount, Funder shall discontinue the Arbitration and the District Court Action.

3. <u>Settlement Class Member</u>. By signing this form, the Settlement Class Member:

(a) Acknowledges the Contract with the Funder and that it is valid and enforceable;

(b) Provides the Claims Administrator with consent to pay the Payment Amount directly to the Funder and deduct the Payment Amount from the Settlement Class Member's Monetary Award;

(c) Agrees to use his best efforts to pay the Funder the Payment Amount as promptly as possible, including (i) by cooperating with any request or application by the Funder to be paid directly by the Claims Administrator, and (ii) wiring the Payment Amount to the Funder as soon as the bank releases any hold on the funds; and

(d) Agrees to hold his Monetary Award, including but not limited to the Payment Amount, in trust for the Funder in a segregated account until the Payment Amount is paid to the Funder.

141642823.2

4. **Entire Agreement.** This Agreement sets forth the entire understanding between the Parties with respect to payment to the Funder of the Settlement Class Member's obligations related to the Monetary Award.

5. **Execution.** This Agreement may be executed and delivered (including by fax or e-mail of a "pdf" or similar image of the executed signature page) in counterparts, each of which when so executed and delivered shall be an original, but both of which together shall constitute one and the same instrument.

E. **SIGNATURE**

**Funder**

Signature: *Joseph Genovesi*

Name: Joseph R. Genovesi, President

Date: 3/2/23

**Settlement Class Member**

Signature: *[signature]*

Name: Raymond B. Seals

Date: 3/3/23

STATE OF _____ ):
                      SS:
COUNTY OF _____ )

On this, the 3 day of March, 2023, before me Raymond Seals, the undersigned officer, personally appeared Raymond B. Seals, known to me (or satisfactorily proven) to be the person whose name subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

Printed Name: Atul Kumar Patel

My Commission Expires: 11/8/2026

> ATULKUMAR PATEL
> Notary Public-State of Florida
> Commission # HH 330557
> My Commission Expires
> November 08, 2026

3

141642823.2

## CERTIFICATE OF SERVICE

The undersigned certifies that, on March 6, 2023, he filed the foregoing using the ECF system, which will provide notice and a copy to counsel of record and by US Mail and email to:

Justin Wyatt, Esquire
J.R. Wyatt Law
49 West 37th Street, 7th Floor
New York, NY 10018, 212-557-2776
justin@jrwyattlaw.com

/s/ Peter C. Buckley
Peter C. Buckley, Esquire
FOX ROTHSCHILD LLP
2000 Market Street—20th Floor
Philadelphia, PA 19103
(215) 299-2000
(215) 299-2150 (facsimile)
*Attorneys for Balanced Bridge Funding, LLC*

143131315.4