UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody**<br><br>Civ. Action No. 14-00029-AB |

**MARCUS BUCKLEY'S MOTION TO ENJOIN THE DISTRIBUTION OF THE 5% HOLDBACK FROM THE ATTORNEYS' FEES QUALIFIED SETTLEMENT FUND**

Marcus Buckley ("Mr. Buckley"), individually and on behalf of all others similarly situated with Parkinson's, Alzheimer's, ALS, or Death with CTE diagnosed before the Class Action Settlement Agreement became effective on December 12, 2016 ("Pre-Settlement Diagnosed Players"), and files this Motion to Enjoin the Distribution of the 5% Holdback from the Attorneys' Fees Qualified Settlement Fund and Request for Expedited Hearings and states as follows:

1. **Brief History**

On February 13, 2017, Co-Lead Class Counsel petitioned the Court to holdback 5% of all Monetary Awards to pay for past and future work implementing the settlement (ECF No. 7151) (the "Petition for Five Percent Holdback"). On March 27, 2017, other Class Members, through their individual counsel, objected to Class Counsel's request for a 5% set-aside from Monetary Awards received by players who received a Qualifying Diagnosis prior to the Effective Date (ECF No. 7353). While Co-Lead Class Counsel's request was still pending, the Claims Administrator

has been withholding 5% of all Monetary Awards for the Common Benefit Fund while awaiting the Court's decision on this issue (the "5% Common Benefit Fund Holdback").

On June 27, 2018, the Court ordered that

a) The Claims Administrator shall release to the Attorneys' Fees Qualified Settlement Fund established in accordance with Section 23.7 of the Settlement Agreement (the "AFQSF") the funds that the Claims Administrator has withheld in the Monetary Award Fund for the 5% Common Benefit Fund Holdback to date, together with any investment earnings attributable to those funds while they were withheld in the Monetary Award Fund, as calculated by the Trustee under the Settlement Trust Agreement.

b) Going forward, the Claims Administrator shall release new funds withheld for the 5% Common Benefit Fund Holdback to the AFQSF as part of the monthly disbursement from the Monetary Award Fund.

On November 7, 2022, Class Counsel filed Sixth Verified Petition for an Award of Post-Effective Date Common Benefit Attorneys' Fees and Costs ("Sixth Verified Petition") (Dkt. 11891). On November 21, 2022, Mr. Buckley filed an Objection to the Sixth Verified Petition, objecting to the extent Class Counsel seeks an award of attorneys' fees and costs out of the 5% Holdback in which Class Counsel performed NO WORK (Dkt. 11904). In Response, on December 1, 2022, Class Counsel stated that the "Sixth Fee Petition does not seek any payment out of the provisional set-aside fund. The award of fees and reimbursement of expenses that the Sixth Fee Petition seeks are from the amount that remains in the AFQSF out of the balance of the fees paid by the NFL that the Court earmarked for implementation phase-related common benefit work in its May 24, 2018, common benefit fee allocation ruling." (Dkt. 11911 at 2). However, the 5% Holdback is in the AFQSF. Thus, Mr. Buckley files this Motion to Enjoin the Distribution of the 5% Holdback from the AFQSF and Request for Expedited Hearings. Mr. Buckley also further requests that the Court release the 5% Holdback from the AFQSF.

### 2. 5% Holdback

The Class Action Settlement Agreement, as amended (ECF No. 6481-1) ("Settlement") became effective on December 12, 2016—over four years ago—with the goal to provide settlement benefits to over twenty-thousand retired National Football League Players that make up the Class. Pet. for Atty Fees and Decl. of Co-Lead Counsel, 1. As a result, "[a]ll valid claims under the Settlement, *without limitation*, will be paid in full through the 65-year life of the Settlement Program." *Frequently Asked Questions, What are the benefits of the Settlement?*, NFL Concussion Settlement, https://www.nflconcussionsettlement.com/FAQ.aspx?FaqTypeID=1#1 (emphasis added).

However, on February 13, 2017, Class Counsel petitioned this Court "for an award of attorneys' fees and reimbursement of costs and litigation expenses *for their work* up to date in this litigation" in the form of a 5% holdback. Pet. for Atty Fees and Decl. of Co-Lead Counsel, 2. Class Counsel justified this request by arguing that it must "accomplish numerous tasks" on behalf of the claimants to successfully acquire the funds the claimants are entitled. *See id.* at 3. In the case of Mr. Buckley, there were no such "numerous tasks", and no continuing justification for the holdback. Class Counsel's 5% holdback has set aside $161,100.45 of Mr. Buckley's gross recovery.

Class Counsel is not involved in the processing of Mr. Buckley's claim (by objecting to or supporting the claim). Class Counsel did not perform "numerous tasks" on behalf of Mr. Buckley. In fact, Class Counsel performed no tasks for Mr. Buckley to process his claim. Awarding any fees out of the 5% Holdback to Class Counsel for doing nothing is unjust, particularly when Class Counsel was previously paid for their work. Class Counsel has not assumed any significant costs

and time associated with Mr. Buckley's representation. This is inherently unfair, is not proportionate to the work done by Class Counsel for Mr. Buckley.

3. **Preliminary Injunction – Legal Standard**

A preliminary injunction is an extraordinary remedy; it "should be granted only in limited circumstances." *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7, 20 (2008). The first two are the "most critical factors: [a movant] must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), as amended (June 26, 2017) (internal quotation marks omitted). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id*.

4. **Likelihood of Success on the Merits and Irreparable Harm**

In demonstrating the likelihood of success on the merits, a plaintiff need not show that it is more likely than not that it will succeed. *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc). Instead, all a plaintiff must show is "a likelihood of success on the merits (that is, a reasonable chance, or probability, of winning) to be granted relief." *Id*. (emphasis in original).

The second factor to consider is whether they have demonstrated that they are likely to suffer irreparable harm in the absence of a preliminary injunction. The Supreme Court's "frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original); *see id*. ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with the characterization of injunctive relief as an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief.").

5. **Pre-Settlement Diagnosed Players Will Suffer Irreparable Harm if Class Counsel's Attorneys' Fees and Costs Are Allowed to Come Out of the 5% Holdback Because No Work was done by Class Counsel.**

Mr. Buckley, along with all other Pre-Settlement Diagnosed Players, are likely to succeed on their claims because Class Counsel did NOT do ANY work for any Pre-Settlement Diagnosed Players. Like any Pre-Settlement Diagnosed Player, Mr. Buckley was definitively diagnosed with Parkinson's Disease secondary to traumatic brain injury on March 11, 2016. His diagnosis was confirmed various times by multiple medical professionals. Additionally, Mr. Buckley's diagnosis of dementia secondary to traumatic brain injury on March 11, 2016, has continued to be confirmed through the course of his medical treatment. Mr. Buckley has undergone extensive medical treatment since his first documented Parkinson's symptoms on November 12, 2013, and has suffered from the progression of Parkinson's aggressive symptoms for years. Further, Mr. Buckley has been diagnosed with dementia secondary to traumatic brain injury, another progressive disease that will only exacerbate with time. Class Counsel requests this holdback amount to be reimbursed "for costs and litigation expenses for their work." Pet. for Atty Fees and Decl. of Co-Lead Counsel, 2. But no work is required, as is the case with Mr. Buckley's claim, it does not make sense for Class Counsel to be granted this windfall? Thus, Mr. Buckley respectfully seeks to enjoin any

distribution of an award of attorneys' fees and costs out of the 5% Holdback in which Class Counsel performed no work.

Furthermore, Mr. Buckley will suffer irreparable harm in the absence of a preliminary injunction. Class Counsel's 5% holdback has set aside $161,100.45 of Mr. Buckley's gross recovery. If Class Counsel is receiving distributions from the AFQSF fund, which includes all of the Pre-Settlement Diagnosed Players' 5% Holdback, those players will have lost part of their recovery that they are justly entitled. It will be very difficult if not impossible to put the toothpaste back in the tube.

Thus, Mr. Buckley files this Motion to Enjoin the Distribution of the 5% Holdback from the AFQSF. Mr. Buckley also requests that the Court release the 5% Holdback from the AFQSF for the claimants with Parkinson's, Alzheimer's, ALS, or Death with CTE diagnosed before the Class Action Settlement Agreement became effective on December 12, 2016 in which no work was done by Class Counsel.

### 6. Expedited Hearing Requested

It is imperative for this 5% holdback issue to be resolved for the claimants to receive the money they are entitled to under the Settlement. Class Members are entitled to the benefit of the reasonable and individualized bargain they reached in settling with Defendants. While this issue lingers, these players are getting older, and are more at risk for complications as they get older and their diseases progress. An expedited hearing is therefore "reasonable in light of the relevant circumstances." *See Gimaex Holding, Inc. v. Spartan Motors USA, Inc.*, No. 1:15-cv-00515-RGA, 2015 WL 9437530, *5 (D. Del. Dec. 22, 2015). To allow this Court to settle the issue in a quick manner that ensures justice for the claimants, an expedited hearing is necessary.

Dated: March 21, 2023.                    Respectfully submitted,

                                          /s/ *Bruce W. Steckler*
                                          Bruce W. Steckler (TX Bar No. 00785039)
                                          **STECKLER WAYNE CHERRY & LOVE, PLLC**
                                          12720 Hillcrest Rd., Suite 1045
                                          Dallas, Texas 75230
                                          Telephone: (972) 387-4040
                                          Facsimile: (972) 387-4041
                                          bruce@swclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Buckley's Renewed Motion to Enjoin the Distribution of the 5% Holdback from the Attorneys' Fee Qualified Settlement Fund and Request for Expedited Hearings* was served on all counsel of record via the Court's ECF system on March 21, 2023.

                                          /s/ *Bruce W. Steckler*
                                          Bruce W. Steckler