UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION § § § § § | | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| CLAIMS FOR SPID 950011814, 950011815, 950011818, 950011819, 950011820, 950011821, 950011822, 950013154, 950013174, 950013176, 950013178, 950013179, 950013223, 950013403, 950013520, 950013523, 950013608, 950013171 | § § § § § § § | |

**CLASS MEMBERS' MOTION TO ALTER OR AMEND THE ORDER THAT THE OBJECTIONS OF THE CLASS MEMBERS ARE DENIED [ECF 12001]**

Pursuant to Federal Rule of Civil Procedure 59(e), Class Members SPID 950011814, 950011815, 950011818, 950011819, 950011820, 950011821, 950011822, 950013154, 950013174, 950013176, 950013178, 950013179, 950013223, 950013403, 950013520, 950013523, 950013608, and 950013171 ("Class Members") bring this motion and respectfully request that the Court alter or amend the Court's Order Denying their Objections [ECF 12001] to correct a clear error of law and prevent manifest injustice by remanding the Class Members' Objections so their claims can be paid or, in the alternative, by providing an explanation for the Court's order.

No exhumation requirement is included in the settlement agreement in this case.

Thus, this Court should alter its order to sustain Class Members' objections because the settlement agreement in this case contains no exhumation requirement.

Although the Court's Order confirms that Class Members' claims cannot be denied based on the date of their CTE diagnoses, the Court's Order allows Class Members' claims to be denied based on the legally erroneous assertion that the board-certified neuropathologist who provided the CTE diagnoses was required to demand that Class Members exhume the Players' bodies so brain tissue from the exhumed bodies could be examined. That exhumation requirement is found nowhere in the Settlement Agreement and imposes an onerous (if not impossible) obligation on Class Members that is contained nowhere in the settlement agreement. Imposing this requirement on Class Members after they chose not to opt out is inconsistent with due process, creates a manifest injustice, and constitutes an abuse of discretion.

The proposed order, attached as Exhibit 1, asks the Court to (1) alter the Court's order such that it remands the Class Members claims to be paid and (2) amend the Court's order to clarify that the Court has sustained Class Members' objection based on the diagnosis date.

The relief sought in this Motion is supported by the Memorandum of Law, attached as Exhibit 2.

WHEREFORE, Class Members respectfully request the Court enter the proposed order altering and amending the Court's Order [ECF 12001] and for any further relief at law or in equity to which they are entitled.

Dated: March 24, 2023

Respectfully Submitted:

/s/  Justin Demerath

**Justin Demerath**
Texas State Bar No. 24034415
**David Campbell**
Texas State Bar No. 24057033
O'HANLON, DEMERATH & CASTILLO
808 West Avenue Austin, TX 78701
Telephone: (512) 494-9949
Facsimile: (512) 494-9919
jdemerath@808west.com
dcampbell@808west.com

**Counsel for Class Members SPID 950011814, 950011815, 950011818, 950011819, 950011820, 950011821, 950011822, 950013154, 950013174, 950013176, 950013178, 950013179, 950013223, 950013403, 950013520, 950013523, 950013608, and 950013171**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this March 24, 2023, I caused the foregoing CLASS MEMBERS' MOTION TO ALTER OR AMEND THE ORDER THAT THE OBJECTIONS OF THE CLASS MEMBERS ARE DENIED [ECF 12001], to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania, on all parties registered for CM/ECF in the above-captioned matter.

By:           */s/ Justin B. Demerath*
             Justin B. Demerath