# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*, <br><br>                    Plaintiffs, <br><br>            v. <br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc., <br><br>                    Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### SEVENTH VERIFIED PETITION OF CLASS COUNSEL CHRISTOPHER A. SEEGER FOR AN AWARD OF POST-EFFECTIVE DATE COMMON BENEFIT ATTORNEYS' FEES AND EXPENSES

Pursuant to the Court's May 24, 2018 Explanation and Order (ECF No. 10019), Class Counsel Christopher A. Seeger ("Class Counsel" or "Seeger Weiss") respectfully submits this Seventh Verified Petition for an Award of Post-Effective Date Common Benefit Attorneys' Fees and Expenses, covering common benefit work performed and expenses incurred during the period May 1, 2022 to October 31, 2022.

Based on the work undertaken during this time period, over 417 hours have been dedicated to the common benefit of the Settlement Class, resulting in a lodestar (calculated using the blended

rates set by the Court, ECF No. 10019 at 7 n.4, which it recently reaffirmed, ECF No. 11240 at 3 & n.2) of $307,627.55, and $84,988.55 in associated expenses have been incurred.[1]

### SUMMARY OF WORK COMPLETED – MAY 1, 2022 TO OCTOBER 31, 2022

Among the ongoing efforts undertaken during the time period relevant to this petition were: supporting players in appeals of Monetary Award Claim Determinations[2]; ensuring that the benefits of the BAP reach the players; support of Class Members throughout the Claims Process, not just on administrative appeals; ongoing assistance to unrepresented Class Members and Class Members' IRPAs; and continuing efforts to effectuate the Education Fund programs approved by the Court, including the innovATe project and the Medical Information Research Database.

As of February 2023, the Claims Administrator has issued nearly $1.1 billion in Notices of Monetary Awards, based on 3,510 Claim Packages, 1,491 Notices of Monetary Awards, and requests of $1,040,914,454 to the NFL for claims that can no longer be appealed. *See* ECF No. 11980 at 4-7 (Claims Administrator Status Report No. 19). As for the BAP, 7,591 of the 7,621 players who have requested a BAP appointment (out of a total of 12,838 players who are BAP-eligible) had attended a total of 14,304 BAP appointments. *See* ECF No. 11981 at 4-5 (¶¶ 8-11) (BAP Administrator Status Report No. 17).

---

[1] As with the prior Sixth Post-Effective Date Fee Petition (ECF No. 11891 at 2 n.4), Class Counsel does not seek in this fee petition compensation of time or reimbursement of expenses related to the work undertaken to eliminate race norming entirely from the Settlement Program, but reserves the right to do so, either out of the Attorneys' Fees Qualified Settlement Fund or from the NFL Parties.

[2] Given the Court's extensive familiarity with the Settlement Agreement and Settlement Program, Class Counsel assumes that it is unnecessary at this point to define the various terms and acronyms related to them, and accordingly adopts by reference the acronyms and shorthand definitions previously used. In addition, "players" as used throughout this petition refers to Retired NFL Football Players, as defined under section 2.1(ffff) of the Settlement, ECF No. 6481-1 at 18.

These successes are not mere happenstance.  Class Counsel has worked in coordination with the Claims and BAP Administrators, the Special Masters, and the Court—and both cooperatively with and, as circumstances have warranted, against the NFL—to facilitate and oversee the Settlement.  Conference calls with both Administrators, the Special Masters, and the NFL continue to be held on an as-needed basis.  More generally, Class Counsel continues to dedicate attorney and paraprofessional resources on a regular basis (in some cases, daily) in the areas described more fully below.

Oversight of the Claims Process and Monetary Award Determinations.

Throughout the relevant period, Class Counsel actively monitored and supported the Claims Process to ensure that Class Members received the benefits that were negotiated on their behalf.  This oversight included requests for, and review of, information from the Claims Administrator.  In that regard, Class Counsel reviewed the determinations rendered by the Claims Administrator or member of the AAP to ensure that they are correctly following the terms of the Settlement Agreement and the Special Masters' precedential decisions.

Relatedly, Class Counsel monitored the procedures followed by the Claims Administrator, including the accuracy of Notices issued in the course of the Claims Process, the process affording Class Members the ability to respond to outside evidence that may be relevant to their claim ("external evidence"), and a more efficient process to address prohibited third-party assignments of claims—all to ensure that all eligible Claims are paid efficiently and in full.  On the matter of third-party funders, during this period, Class Counsel continued to advocate for the protections afforded Settlement Class Members by the Rules Governing Payment of Claims Involving Third-Party Funders, particularly as concerns the requirement that payments subject to such lending agreements be made directly to the Retired Players in the first instance.  On July 22, 2022, one of

3

these funders, Thrivest Specialty Funding, LLC (n/k/a Balanced Bridge Funding LLC) ("Thrivest") appealed the Court's July 18, 2022 denial of Thrivest's motion to Amend those Rules. *See* ECF Nos. 11170 (Explanation and Order) & 11782 (Notice of Appeal).  Class Counsel was finalizing his brief to the Third Circuit in opposition to Thrivest's appeal during the close of the time period covered by this Petition,[3] and recently confirmed availability for oral argument (should the Third Circuit panel that will consider Thrivest's appeal hear argument) on March 31, 2023.

As in the prior implementation periods, Class Counsel has worked to protect Class Members' interests (and will continue to do so) by monitoring the wider operation of the Settlement Program and addressing with the Claims Administrator all manner of issues as they arise.

<u>Appeals of Claims Determinations</u>.

Class Counsel has continued to monitor all Monetary Award determinations to provide guidance to Class Members.  In those cases where an appeal from a determination is taken, either by a Class Member or the NFL, Class Counsel determines whether to file a Statement in support of the Class Member's position.  Through this active engagement, Class Counsel's goal is to make sure that Class Members' entitlement to benefits is not restricted or foreclosed outright by incorrect interpretations of the Settlement Agreement or by meritless appeals taken by the NFL.  Rather, Class Counsel continues to ensure the centrality of the clinical judgment of the diagnosing physician and any examining neuropsychologist in the Claims process.

Whether through submitting Statements in support of a Class Member's appeal or through direct support of unrepresented Class Members and IRPAs, Class Counsel's efforts have helped

---

[3] *See In re Nat'l Football League Players' Concussion Injury Litig.*, No.22-2381 (3d Cir. appellees' br. filed Nov. 9, 2022) (ECF No. 25).

support the Special Masters' decisions regarding, among other things, reaffirming that diagnosing physicians can use their medical judgment to assign a diagnosis date that is earlier than the examination date.

BAP Examinations and Supplemental Benefits.

Beyond its role in helping to maintain the BAP network of Providers, Class Counsel continues to monitor the BAP to ensure that examinations are scheduled expeditiously and appropriate standards are followed.  Moreover, in coordination with the BAP Administrator, Class Counsel has continued to roll out BAP Supplemental Benefits for those players whose BAP examinations yield a diagnosis of Level 1 Neurocognitive Impairment.  These efforts include monitoring initial orientation of such eligible players, initial consultations, and the expansion of covered services to allow each player to receive the care most appropriate to his condition.

In addition, with the recent availability of Expanded BAP Examinations, Class Counsel ensured that these additional examinations were available to as many players as possible, including certain players whose earlier neuropsychological evaluations had questions of validity.  This effort made it possible for over  300 additional Players to be eligible for and schedule Expanded BAP Examinations. .

As of the BAP Administrator's latest Status Report, 261 players had received a Level 1 Neurocognitive Impairment diagnosis and were either in the process of selecting the BAP Provider who will be overseeing their treatment and benefits, or were already receiving their Supplemental Benefits.   ECF No. 11981 at 9 (¶ 21).[4]   These benefits include a range of therapeutics,

_____

[4] Additionally, 230 players had received diagnoses of Level 1.5 Neurocognitive Impairment and 149 players had received diagnoses of Level 2 Neurocognitive Impairment through the BAP. *Id.* at 9-10 (¶ 21).  In each instance, Class Counsel contacts the Settlement Class Member or his individual counsel to make sure that he files a Monetary Award Claim with the

pharmaceuticals, and diagnostic and imaging services, and require additional contracting with BAP Providers as well as with those entities outside of the BAP network of providers, who will provide many of the services.  Class Counsel has also monitored these retention efforts by the BAP Administrator.

Fielding Communications from, and Supporting, Class Members and Individual Counsel.

Class Counsel continues to receive (and address) numerous of telephone calls and emails each month from Class Members and IRPAs.  The inquiries involve all manner of issues concerning the Settlement, including the Claims Process, matters relating to post-Effective Date examinations through the BAP and MAF, liens, and appeals.  Class Counsel's firm handles every inquiry and has assisted numerous Class Members in successfully navigating the Claims Process. His firm has further assisted unrepresented Class Members in gathering necessary documents, including medical records, and completing their claims packages so that their claims can be promptly reviewed and, where qualifying, approved.  Class Counsel also frequently speaks and corresponds with IRPAs concerning, *inter alia*, questions they have about the Claims Process, Appeal Process and Audit Process, the Settlement's FAQs (which guide the Claims Process), and otherwise offering support to ensure that qualifying claims are properly presented and paid.

Education Fund and Medical Research Data.

On March 23, 2020, the Court approved $3.82 million of the $10 million Education Fund to be used (1) to set up the innovATe program through the Korey Stringer Institute at the University of Connecticut ("KSI")  to engage with selected public high school districts to promote safety and injury prevention in football in youth football, including the involvement of  players as

---

Claims Administrator to ensure that he receives appropriate monetary compensation under the Settlement for his Qualifying Diagnosis as soon as possible.

"Ambassadors" with these school districts[5]; (2) to develop, with the expertise of Columbia University's Mailman School of Public Health, the Medical Information Research Database utilizing the medical records generated in the course of the BAP Program (subject to the consent of the examined player)[6]; and (3) for outreach efforts to players to ensure that they have full appreciation of the full scope of benefits available to them outside of the Settlement Program.[7] ECF No. 11033.

Class Counsel has continued to work with KSI in its implementation of the innovATe project, which, to date, has provided funding for the hiring and training of athletic trainers and related services to 7 school districts (comprised of 28 individual high schools with 20,000 students) in economically disadvantaged areas.  Before this funding, these schools were unable to afford athletic trainers.  With respect to the Medical Information Research Database, Class Counsel had ongoing communications with Columbia to ensure that the medical records were accurately and efficiently reviewed and abstracted with the anticipation that this invaluable resource will be available for research later in 2023.

---

[5]   *See* ECF No. 6481-1 at 68 (Settlement Agreement, art. XII).

[6]   *See id*. at 33 (Settlement Agreement § 5.10(a)).

[7]   *See id*. at 68 (Settlement Agreement § 12.1).

## SUMMARY OF HOURS, TOTAL LODESTAR, AND EXPENSES INCURRED

Throughout the time period covered by this petition (May 1, 2022 to October 31, 2022) a total of 417.5. hours were dedicated to work for the common benefit of the Class, for a total lodestar of $307,627.55.  This calculation is based on the blended rates established by the Court,[8] and reflects the following time expended[9]:

| Professional Rank | Total Hours |
|---|---|
| Partners | 351.1 |
| Counsel | 46.2 |
| Associates | 18.2 |
| Paralegals | 2 |
| **TOTAL** | **417.5** |

In addition, Class Counsel incurred $84,988.55 in common benefit expenses.

---

[8]  As directed by the Court, the submitted lodestar reflects the blended rates that the Court prescribed in its May 24, 2018 allocation order.  Accordingly, the billing rate for partners is $758.35; the rate for "counsel" or "of counsel" attorneys is $692.50; the rate for associates is $486.67; the rate for contract attorneys is $537.50; and the rate for paralegals is $260.00.  *See* ECF No. 10019 at 7 n.4; *see also* ECF No. 11240 at 3 & n.2 (reaffirming prescribed rates).

[9]  As with all prior fee petitions, Class Counsel will submit supporting time records and supporting backup for expenses to the Court for *in camera* review.

**CONCLUSION**

WHEREFORE, the undersigned, as Class Counsel, respectfully requests that the Court approve this Seventh Post-Effective Date Fee Petition for Post-Effective Date Attorneys' Fees and Expenses and award $392,616.10—which represents $307,627.55 in common benefit attorneys' fees based on the blended rates established by the Court, and $84,988.55 for reimbursement of common benefit expenses—to be paid from the Attorneys' Fees Qualified Settlement Fund.

Dated:  March 30, 2023

Respectfully submitted,

*/s/ Christopher A. Seeger*
Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  (212) 584-0700
cseeger@seegerweiss.com

*CLASS COUNSEL*

## <u>VERIFICATION</u>

CHRISTOPHER A. SEEGER declares, under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746, that he is the Petitioner in this matter, has read the foregoing Seventh Verified Petition of Class Counsel Christopher A. Seeger for an Award of Post-Effective Date Common Benefit Attorneys' Fees and Expenses, and knows the contents thereof, and that the same are true to his personal knowledge, information, and belief. Executed this 30th day of March 2023.

*/s/ Christopher A. Seeger*
CHRISTOPHER A. SEEGER
