# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>        Plaintiffs,<br><br>        v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>        Defendants. | Civ. Action No. 14-00029-AB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**CLASS COUNSEL'S OPPOSITION TO MOTION TO ENJOIN THE DISTRIBUTION OF THE 5% HOLDBACK FROM THE <u>ATTORNEYS' FEES QUALIFIED SETTLEMENT FUND</u>**

## I. INTRODUCTION AND ARGUMENT

The law firm of Steckler Wayne Cherry & Love, PLLC ("Steckler")—for the second time on behalf of class member Marcus Buckley—has filed what is now Steckler's fourth motion relating to the provisional five-percent holdback that the Court adopted on all Monetary Awards in 2018.[1] The Court adopted that interim holdback—pending further evidentiary development respecting Class Counsel's set-aside request and a formal adjudication of the request, as a precaution—to ensure that there will be sufficient funds to compensate common benefit work performed in connection with the Settlement's implementation over its 65-year lifespan.[2]

In 2019, Steckler moved to compel the return of holdback monies to class members who qualified for Monetary Awards based on QDs[3] of Parkinson's Disease, Alzheimer's Disease, ALS, or Death with CTE. ECF No. 10581 at 1-3; *see* ECF No. 10596 (Class Counsel's opposition). In 2021, Steckler renewed that request, rehashing the same arguments and claiming that Class Counsel had been "doing nothing" for class members with the aforementioned QDs to warrant their Monetary Awards being subject to a set-aside. ECF No. 11372 at 2; *see* ECF No 11403 (Class Counsel's opposition). Last year, Steckler, ostensibly on behalf of Mr. Buckley, filed a motion for release of interim holdback monies. ECF No. 11762; *see* ECF No. 11765 (Class Counsel's opposition).[4]

---

[1] "Monetary Awards" refers collectively to both Monetary Awards under Article VI of the Settlement and Derivative Claimant Awards under Article VII. *See* ECF No. 6481-1 at 35-43.

[2] ECF Nos. 9860 (at 2 & n.1, 8-9, 17-20), 10019 (at 4 n.2, 25), 10378 (at 1 n.1); *see also* ECF Nos. 9862 at 8 n.5, 10103 at 1, 10104 at 1.

[3] Because the Court is well acquainted with the Settlement and they have been defined in numerous prior filings, Class Counsel assumes the Court's familiarity with Settlement-related terms and acronyms, such as QD, AAP, ALS, BAP, CTE, IRPA, and MAF.

[4] As Class Counsel pointed out in his response to it (ECF No. 11765 at 2), although that
(Footnote continued . . .)

All told, at least six motions—and a joinder to one of them—have been filed in connection with either Class Counsel's request for adoption of a set-aside from class members' Monetary Awards[5] or the Court's interim holdback. *See* ECF Nos. 10581, 10654, 11372, 11396, 11453, 11762, 12031.  Four of them (including the instant motion) have come from Steckler (including under its incarnations as Steckler Wayne Cochran PLLC and Steckler Gresham Cochran PLLC), and the others from the law firms of Cummings, McClorey, Davis, & Acho, P.L.C. and Goldberg, Persky &White, P.C.

These various motions have sought (i) the exemption of particular categories of class members from any set-aside; (ii) the elimination of the Court's provisional holdback and release or return of funds collected pursuant to it, at least as to certain categories of class members; (iii) a final ruling on Class Counsel's set-aside request or an expedited hearing on the motion itself; or (iv) some combination of the first three.  *See* ECF No. 11462 at 2.  The motions are in addition to the copious submissions that surrounded Class Counsel's original set-aside request and his July 2020 motion to supplement the evidentiary record concerning the set-aside request.  *E.g.*, ECF Nos. 7161 at 6-7, 7205 at 5, 7282, 7299, 7344, 7346, 7351, 7353, 7355 at 66-67, 7356, 7359, 7370 at 3-4, 7371, 7373, 7401-1, 11127, 11133, 11135-41.  In all, the Court has received a plethora of submissions relating to the holdback request and the provisional set-aside.

Steckler's latest challenge (ECF No. 12031) ("Motion") is more narrowly asserted on behalf of class members who received Monetary Awards based on *pre-Effective Date* QDs of the aforementioned conditions.  It seeks a preliminary injunction to enjoin any distribution of monies collected in the case of such class members and the return of set-aside funds to them.  But while

---

motion was purportedly that of Mr. Buckley, the proposed order accompanying it (ECF No. 11762-1) referred to Steckler's motion rather than Mr. Buckley's.

[5] *See* ECF Nos. 7151 at 2, 7151-1 at 70-75, 7151-2 at 31-35 (¶¶ 101-19).

Steckler's latest motion may be scaled down from its previous attacks, it is no less infirm and misguided. The Court should deny Steckler's preliminary injunction request for three reasons.

*First*, none of the implementation phase-related fee and expense petitions filed by Class Counsel to date, including the two that are now pending— the sixth, filed on November 7, 2022 (ECF No. 11891), and the seventh, filed on March 30, 2023 (ECF No. 12039)—have sought or seek payment out of funds collected from the provisional holdback. *See*, *e.g.*, ECF No. 11911 at 2. All have been paid or (assuming the Court grants, in whole or in part, the two that are now pending) would be paid out of the $22,823,253.33 that the Court earmarked from the aggregate common benefit fee award in May 2018 for payment of implementation-phase common benefit work and expenses. *See* ECF No. 10019 at 25. As of March 3, 2023, $4,065,396.51 of that earmark (including interest earned) remains in the Attorneys' Fees Qualified Settlement Fund ("AFQSF"). Decl. of Christopher A. Seeger, dated Apr. 4, 2023 ("Seeger Decl."), ¶ 8.[6]

That being the case, until the Court's 2018 earmark is nearly, if not completely, depleted, Steckler cannot credibly maintain that Mr. Buckley or similarly situated class members face *imminent* harm. *See*, *e.g.*, *Punnett v. Carter*, 621 F.2d 578, 586 (3d Cir. 1980) ("The moving party on a motion for a preliminary injunction bears the burden of demonstrating an *imminent* threat of irreparable harm.") (emphasis added); *Cerro Metal Prods. v. Marshall*, 620 F.2d 964, 973 & n.22 (3d Cir. 1980) ("To support a preliminary injunction, the moving party must show harm that is both *imminent* and irreparable.") (citing authorities; emphasis added).

---

[6] The two pending implementation-phase petitions request a combined $1,892,469.12 in attorneys' fees and reimbursement of expenses. *See* ECF Nos. 11891 at 11-12 ($1,499,853.02), 12039 at 8-9 ($392,616.10). Assuming that those petitions were granted in full, that would still leave over $2.17 million in the AFQSF from the 2018 earmark.

But even if the tapping of some provisional holdback monies were imminent (which it is not), it would not constitute *irreparable* harm.  As the Third Circuit has long noted, "'a purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement[.]'" *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 255 (3d Cir. 2011) (quoting *Frank's GMC Truck Ctr., Inc. v. GMC,* 847 F.2d 100, 102 (3d Cir. 1988)); *accord Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994) ("[I]n order to warrant a preliminary injunction, the injury created by a failure to issue the requested injunction must be of a peculiar nature, so that compensation in money cannot atone for it[.]") (citations and internal quotation marks omitted); *see also Anderson v. Davila*, 125 F.3d 148, 163 (3d Cir. 1997) (harm is irreparable where "legal remedies are rendered inadequate").  Because "the presence or absence of irreparable harm" is "the *sine qua non* of any preliminary injunction proceeding," *Kobell v. Suburban Lines, Inc.*, 731 F.2d 1076, 1101 n.8 (3d Cir. 1984), Steckler's motion fails for this threshold reason alone.

*Second*, even if Steckler had shown harm that is both imminent and irreparable—which it has not—its motion is predicated on a misconception.  Steckler assumes that if Mr. Buckley's and similarly situated class members' Monetary Awards were exempted from the imposition of the provisional holdback, funds would revert to them.  That is evident from Steckler's complaints about the financial hardship that the set-aside poses to Mr. Buckley.  Motion at 3, 5-6.

That assumption is incorrect.  For class members who, like Mr. Buckley, are represented by IRPAs, the interim holdback is to be withheld from *the IRPA's fee portion* of a Monetary Award—*not* from the class member's share.  See ECF Nos. 10103 at 1 (§ 2.a) (Court's June 27, 2018 Order, directing that "IRPAs representing Settlement Class Members ... may release from escrow their actual fees incurred, not to exceed 22% of the Settlement Class Member's Monetary Award amount ... *minus the precautionary 5% withholding for the Common Benefit Fund*, plus

4

reasonable expenses.") (emphasis added); ECF No 9862 at 8 n.5 (Court's Apr. 5, 2018 Memorandum, noting that "[c]urrently, the Claims Administrator is withholding that 5% *from the fee of each IRPA*. Therefore, while the Court's determination remains pending, this practice will continue. The precautionary 5% withholding effectively *lowers the* [22%] *IRPA fee cap to 17% until further notice*.") (emphasis added).[7] In short, unless Steckler improperly withheld the 5% interim holdback from Mr. Buckley's share of his Monetary Award instead of from its fees, Mr. Buckley faces *no* harm—let alone imminent and irreparable harm.

Consequently, any financial hardship to Mr. Buckley from the provisional holdback could have arisen o*nly* if Steckler inappropriately withheld the 5% set-aside from Mr. Buckley's share of his Monetary Award rather than from its attorney's fees share, in violation of both the Settlement Agreement *and* the Court's orders. That is, any injury to Mr. Buckley (irreparable or otherwise) was not caused by the interim set-aside but, rather, by his lawyers' accounting practices and handling of their client's funds.

*Third*, contrary to its assertion (Motion at 4-5), Steckler has no likelihood of success on the merits. As it has done before, Steckler complains that Class Counsel performed no work directly

---

[7] That is in keeping with the Settlement Agreement, which provides that any permanent set-aside would be paid out of IRPAs' share of Monetary Awards. *See* ECF No. 6481-1 at 82 (Settlement Agreement § 21.1, requiring, *inter alia*, that Class Counsel's holdback request include "the assurance that any 'set-aside' from a Monetary Award or Derivative Claimant Award for a Settlement Class Member represented by his/her individual counsel *will reduce the attorney's fee payable to that counsel* by the amount of the 'set-aside'") (emphasis added); ECF Nos. 7151-1 at 75, 7152-2 at 31 (Decl. of Christopher A. Seeger ¶ 103) (Class Counsel's opening papers in support of holdback request, acknowledging that, "[i]n accordance with the Settlement, any set-aside from a Monetary Award or Derivative Claimant Award for Class Members represented by their individual counsel *will reduce the attorneys' fee payable to that counsel* by the amount of the holdback") (emphasis added). To the extent that Steckler is aware of this, then its motion to enjoin the distribution of interim holdback monies is really about a law firm seeking an increase in its IRPA fees than about feigned concerns for its client or other class members, and Steckler, not Mr. Buckley, is the real party in interest here.

5

in connection with Mr. Buckley's Monetary Award application and that if Class Counsel were to be paid for implementation-phase work out of provisional set-aside funds, he would receive a "windfall." See Motion at 3-5.[8] That objection, however, is predicated on the baseless argument that Class Counsel has done no work benefitting class members such as Mr. Buckley unless they received direct assistance on their individual Monetary Award applications. It manifests the same unfamiliarity with the Settlement Program and obstinate refusal to acknowledge the extensive work entailed in building, launching, and maintaining the Settlement Program that characterized Steckler's earlier motions.[9]

The objection that no holdback should apply to the Monetary Awards of class members with certain pre-Effective Date QDs is one that Class Counsel first rebutted some six years ago. See ECF No. 7464 at 46 (reply brief in support of common benefit fee award and adoption of set-aside, addressing objection to holdback request that class members with pre-Effective Date QDs of ALS and Alzheimer's Disease should not be subject to holdback).[10] But whatever the case as

---

[8] Steckler raised the same objection to Class Counsel's sixth implementation-phase fee petition to the extent that the petition, if granted, would be paid out of provisional set-aside funds (ECF No. 11904 at 3)—which, as Class Counsel pointed out in his reply in support of that petition (ECF No 11911 at 2), it would not.

[9] Steckler's unfamiliarity with the Settlement Program is perhaps illustrated by its statement that the Settlement became effective on December 12, 2016 (Motion at 3)—a date incorrectly referred to as being four years ago—when, in fact, the Settlement became effective on January 7, 2017. The Supreme Court denied two certiorari petitions seeking review of the Third Circuit's decision affirming this Court's final approval of the Settlement on December 12, 2016. *Armstrong v. NFL*, 137 S. Ct. 607 (2016); *Gilchrist v. NFL*, 137 S. Ct. 591 (2016). Accordingly, by its terms, the Settlement became effective on January 7, 2017, following the expiration of the time to seek rehearing of the certiorari denials. See ECF No. 6481-1 at 12-13 (Settlement Agreement § 2.1(jj)) (Effective Date is date "that no future appeal is possible"); Sup. Ct. R. 44(2) (25-day deadline to file petition for rehearing of certiorari denial).

[10] Steckler acknowledges that it had raised a broader objection in 2017 that no class member with any pre-Effective Date QD should be subject to a holdback. Motion at 1; see ECF No. 7353 at 5.

6

to how often and how far back this and similar objections have been raised, it is simply not the case that class members whose Monetary Awards are based on particular QDs (pre-Effective Date or otherwise) have reaped no benefit from implementation-phase common benefit work. *All* class members have been aided by the wide-ranging work that went into (and continues to go into) (i) establishing and maintaining the Settlement Program, and (ii) addressing the many and sundry issues that Class Counsel has confronted. These extensive labors included the establishment of Settlement registration and the claims and appeals processes; selection and replacement of AAP members, AAP Consultants, and physicians in the MAF and BAP networks; and sundry other tasks and litigation of numerous issues and disputes related to the Settlement's effectuation. Those manifold efforts have been recounted in Class Counsel's July 2020 supplemental declaration (ECF No. 11127-1 at 12-44 (¶¶ 27-93)) and numerous other filings.[11]

Absent that work, not even those class members who had pre-Effective Date QDs of certain ailments that Steckler contends are clear-cut could have received the Settlement's benefits. Indeed, the AAP must evaluate QDs rendered prior to the Settlement's Effective Date to determine whether they are truly a QD in accordance with the Settlement Agreement's terms. ECF No. 6481-1 at 37-38 (Settlement Agreement § 6.4). Therefore, it is fair, reasonable, and just that *all* IRPAs (and unrepresented class members receiving Monetary Awards) be equally subject to the Court's

---

[11] *See* ECF Nos. 7464-1 at 5-11 (¶¶ 16-38) (Supp. Decl. of Christopher A. Seeger, addressing initial implementation efforts), 10128 at 2-17 (work and accomplishments summarized in first implementation-phase common benefit fee petition, covering Jan. 7, 2017-May 24, 2018 period), 10374 at 2-15 (same in second implementation-phase fee petition, covering May 25-Nov. 30, 2018 period), 10767 at 2-13 (same in third implementation-phase petition, covering Dec. 1, 2018-May 31, 2019 period), 10986 at 2-11 (same in fourth implementation-phase petition, covering June 1-Nov. 30, 2019 period), 11126 at 3-12 (same in fifth implementation-phase petition, covering Dec. 1, 2019-May 31, 2020 period), 11891 at 3-10 (same in sixth implementation-phase petition, covering June 1, 2020-Apr. 30, 2022 period), 12039 at 2-7 (same in seventh implementation-phase petition, covering May 1-Oct. 31, 2022 period).

interim set-aside. The burden should not fall entirely on the shoulders of some IRPAs (and unrepresented class members), while others get a free ride on the dubious justification that certain types of claims are or were open-and-shut matters or merely because Class Counsel was not called upon to assist on certain class members' individual Monetary Award claims.

Besides, contrary to Steckler's contention, Class Counsel's firm has, in fact, often assisted class members diagnosed with the very sort of ailments that Steckler implies are bright-line conditions requiring no aid from Class Counsel on their Monetary Award claims—including in the case of Mr. Buckley himself and another of Steckler's clients. *See* Seeger Decl. ¶¶ 3-7.

What is more, inasmuch as the other Steckler client eventually obtained his Monetary Award following his appeal of the denial of his claim and a remand by the Special Master, that client availed himself of the administrative appeal process that Class Counsel spent a great deal of time and effort devising and implementing, and by doing so that client ultimately succeeded on his claim. *Id.* ¶ 6. Similarly, Mr. Buckley, who had entered into an assignment of his Monetary Award, benefitted from the rescission program set up by the Claims Administrator in the wake Class Counsel's successful challenge to such predatory financing instruments as violative of the Settlement Agreement's prohibition on assignments. *Id.* ¶ 7; *see* ECF Nos. 6481-1 at 96 (Settlement Agreement § 30.1), 9517 (Court's Dec. 8, 2017 Explanation and Order, declaring putative agreements to assign Monetary Awards to third-party funders void, as prohibited by the Settlement Agreement); *see also In re Nat'l Football League Players' Concussion Injury Litig.* 923 F.3d 96, 107-10 (3d Cir. 2019) (upholding this Court's authority under the Settlement Agreement to void cash advance agreements packaged as assignments of Monetary Awards).

These examples of Steckler's own clients, including Mr. Buckley himself, illustrate the hollowness of Steckler's contention that Class Counsel's implementation-related work provided no benefit to the category of class members on whose behalf it purports to seek relief.

Finally, asserting that the impairments of the class members on whose behalf its motion is purportedly brought stand to worsen, Steckler maintains that an expedited hearing on its motion is "imperative" so that "claimants [can] receive the money they are entitled to under the Settlement." Motion at 6. Class Counsel takes no position on that request. At the same time, though, Class Counsel notes that, like Steckler's argument that Mr. Buckley has suffered financially on account of the provisional set-aside, the contention that he or other represented class members had to relinquish some portion of what they were due under the Settlement is true *only* if Steckler or other IRPAs wrongly had the interim holdback deducted from their clients' share of their Monetary Awards instead of from their fee awards.[12]

## II. CONCLUSION

For the foregoing reasons, the Court should deny the motion.

Dated: April 4, 2023

                                          Respectfully submitted,

                                          */s/ Christopher A. Seeger*
                                          Christopher A. Seeger
                                          SEEGER WEISS LLP
                                          55 Challenger Road, 6th Floor
                                          Ridgefield Park, NJ  07660
                                          Telephone:  (212) 584-0700
                                          cseeger@seegerweiss.com

                                          **CLASS COUNSEL**

---

[12] Besides the foregoing points, Class Counsel respectfully refers the Court to his responses to Steckler's earlier motions, which he adopts and incorporates by reference. *See* ECF Nos. 10596 at 2-6, 11403 at 2-6, 11765 at 2-6.