UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody**<br><br>Civ. Action No. 14-00029-AB |
| Kevin Turner and Shawn Wooden,<br>*on behalf of themselves and*<br>*others similarly situated*,<br><br>        Plaintiffs,<br><br>        v.<br><br>National Football League and<br>NFL Properties LLC,<br>successor-in-interest to<br>NFL Properties, Inc.,<br><br>        Defendants. | |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**DECLARATION OF CHRISTOPHER A. SEEGER IN OPPOSITION TO
MOTION TO ENJOIN THE DISTRIBUTION OF THE 5% HOLDBACK
FROM THE ATTORNEYS' FEES QUALIFIED SETTLEMENT FUND**

CHRISTOPHER A. SEEGER declares, pursuant to 28 U.S.C. § 1746, the following:

1.      I am a founding member of the law firm of Seeger Weiss LLP and was appointed by the Court in 2012 as a member of the Plaintiffs' Executive Committee and thereafter to serve as Plaintiffs' Co-Lead Counsel (ECF Nos. 64, 72).  I was the principal negotiator and architect of the Class Action Settlement dated June 25, 2014, between the Class Plaintiffs and Defendants National Football League and NFL Properties LLC (ECF No. 6073-2), which was preliminarily

approved on July 7, 2014 (ECF No. 6084, ¶ 3(b)), amended as of February 13, 2015 (ECF No. 6481-1), and finally approved by the Court on April 22, 2015 (ECF Nos. 6509-10) ("Settlement"). Upon these approvals, I was appointed to serve and later confirmed to serve as Co-Lead Class Counsel. ECF No. 6534 at 3 (¶ 6). On May 24, 2019, the Court appointed me as sole Class Counsel. ECF No. 10624 at 2. Since the Settlement became effective, I have had regular oversight over its implementation on behalf of the plaintiff settlement class. My responsibilities have entailed frequent communications or discussions with the Special Masters, the Claims and BAP Administrators, individual counsel for represented class members, class members, and counsel for the NFL, and almost daily consultations with attorneys at my firm.

2.  I make this Declaration in opposition to the motion for preliminary injunction filed by Steckler Wayne Cherry & Love, PLLC ("Steckler") on March 22, 2023 (ECF No. 12031), on behalf of class member Marcus Buckley. The motion is filed "individually and on behalf of all others similarly situated with Parkinson's, Alzheimer's, ALS, or Death with CTE diagnosed before the Class Action Settlement Agreement became effective," seeking to enjoin the distribution of provisional holdback monies collected from Monetary Awards[1] received by such individuals and the return of provisional holdback monies to them. The matters forth herein are based on my personal knowledge.

3.  Contrary to Steckler's suggestion that Class Counsel has done little or no work on behalf of class members whose Monetary Award claims are based on pre-Settlement Effective Qualifying Diagnoses of the aforementioned conditions my office has assisted class members having such QDs, whether pre- or post-Effective Date, on a number of occasions—in particular,

---

[1] "Monetary Awards" refers collectively to both Monetary Awards under Article VI of the Settlement and Derivative Claimant Awards under Article VII. *See* ECF No. 6481-1 at 35-43.

class members with such QDs who do not have individual counsel. Simply because their claims may appear more straightforward than dementia-based claims does not mean that Retired NFL Football Players with those QDs require no assistance in preparing their claim package for submission, rectifying deficiencies in a claim package and resubmitting it, or pursuing an administrative appeal.

4. Indeed, my partner Michael L. Rosenberg—who handles day-to-day oversight of the Settlement at my firm, dealing with class members, individual counsel for represented class members, the Special Masters, the Claims and BAP Administrators, or counsel for the NFL—has assisted class members with such QDs during the course of the Settlement's implementation and has received letters from those individuals, thanking him for his assistance. In one such instance, his efforts on behalf of the class member helped establish an earlier diagnosis, resulting in an increase of the class member's Monetary Award of more than $500,000. In another instance, his efforts resulted in an award of more than $42,000 for a Retired NFL Football Player whose Parkinson's Disease-based claim had originally been denied.

5. Moreover, Mr. Rosenberg has provided assistance specifically in the case of class members with pre-Effective Date QDs of Parkinson's Disease represented by Steckler itself. Steckler had two clients, including Mr. Buckley, whose Monetary Award claims were based on a pre-Effective Date QD of Parkinson's Disease and which were initially denied, in part, because the firm did not have a properly credentialed physician sign the Diagnosing Physician's Certification ("DPC") for this pre-Effective Date diagnosis. *See* ECF Nos. 6481-1 at 36 (Settlement Agreement § 6.3(d)). After reviewing the files of both claims, including the class members' somewhat complicated medical histories, Mr. Rosenberg advised Steckler of this error

and suggested professionals in the class members' history of care who might be qualified to sign the DPC. Steckler thereafter resubmitted the claims with a properly qualified physician's DPC.

6. Mr. Buckley eventually received a Monetary Award of $3.222 million and the other Steckler client a $2.297 million Monetary Award. Notably, the latter client's Monetary Award claim was initially denied and Steckler then appealed. The Special Master remanded the claim and it wound up being approved on remand. Thus, the latter client benefitted from the administrative appeal process that Class Counsel spent a great deal of time and effort devising and implementing.

7. Furthermore, Mr. Buckley had entered into an assignment of his Monetary Award. He benefitted from the rescission program set up by the Claims Administrator in the wake of my office's successful challenge to such financing instruments as violative of the Settlement Agreement's prohibition on assignments.

8. As of March 3, 2023, a balance of $4,065,396.51, including interest earned, remained in the Attorney's Fees Qualified Settlement Fund out of the Court's May 24, 2018 earmark of $22,823,253.33 from the aggregate common benefit fee award for the purpose of compensating implementation-phase common benefit work and reimbursement of expenses. That sum does not include monies collected pursuant to the Court's provisional holdback from Monetary Awards.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 4th day of April, 2023

/s/ Christopher A. Seeger
CHRISTOPHER A. SEEGER
*Class Counsel*
