UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>**Hon. Anita B. Brody**<br><br>Civ. Action No. 14-00029-AB |

### MARCUS BUCKLEY'S REPLY IN SUPPORT OF HIS MOTION TO ENJOIN THE DISTRIBUTION OF THE 5% HOLDBACK FROM THE ATTORNEYS' FEES QUALIFIED SETTLEMENT FUND

Marcus Buckley ("Mr. Buckley"), individually and on behalf of all others similarly situated with Parkinson's, Alzheimer's, ALS, or Death with CTE diagnosed before the Class Action Settlement Agreement became effective on December 12, 2016 ("Pre-Settlement Diagnosed Players"), and files this Reply in Support of His Motion to Enjoin the Distribution of the 5% Holdback from the Attorneys' Fees Qualified Settlement Fund and Request for Expedited Hearings and states as follows:

Class Counsel asserts that the Court should deny the preliminary injunction request for three reasons.

First, Class Counsel asserts that Pre-Settlement Diagnosed Players do not face imminent harm because depleting money from the provisional holdback monies has not occurred, and even if "tapping" some provisional holdback monies were imminent, it would not constitute irreparable harm because the injury is "purely economic." This assertion ignores the fact that some of these players have already died from these diseases without receiving their full compensation. Class

Counsel's position also fails to acknowledge the devasting toll diseases like Parkinson's, Alzheimer's, ALS, or Death with CTE have on players These players need this money now to combat these diseases and prolong their lives. Furthermore, these diseases ultimately lead to a shortened life span. Will more of these players already be dead before this money is distributed? By suggesting that the injury is "purely economic" ignores the seriousness of their diseases and the players medical needs.

Second, Class Counsel wants to confuse the issues and make this motion about attorneys' fees. This is not about attorneys' fees. This is about distributing to these players their rightfully owed settlement money so they can better prolong their quality of life as they deal with these devastating diseases. Furthermore, the undersigned counsel agreed to a significantly lower fee than the 17% limitation precisely because these players were pre-diagnosed. It is disingenuous for Class Counsel, who has been handsomely compensated, to now seek a fee on cases in which no work was done, no less to suggest that this is about fees. This Motion is seeking to give these pre-diagnosed players their settlement monies and not have it distributed in the Attorneys Fees Qualified Settlement Fund.

Third, Class Counsel attempts to highlight work performed for Pre-Settlement Diagnosed Players Class Counsel, while conveniently ignoring the common benefit fees previously awarded to Class Counsel. Class Counsel was not involved in the processing of Mr. Buckley's claim (by objecting to or supporting the claim). Class Counsel did NOT perform "numerous tasks" on behalf of Mr. Buckley.  In fact, Class Counsel performed no tasks for Mr. Buckley to process his claim, nor is there evidence that Class Counsel performed any such tasks. Mr. Seeger admits in his Declaration that his office has assisted pre-Settlement Effective Qualifying Diagnoses "in particular, class members with such QDs who do not have individual counsel." Seeger Decl. at

¶ 3. Mr. Buckley, along with all other Pre-Settlement Diagnosed Players, had individual counsel who assisted them in processing their claims. Again, Class Counsel was already previously paid for their work and can seek relief for those cases in which they actually did work for players that do not have individual counsel. Here, Class Counsel has not assumed any significant costs and time associated with Mr. Buckley's representation nor other similarly situated players. To seek such a fee is inherently unfair and not reflective of work done by Class Counsel for Mr. Buckley or other similarly situated players.

Simply put, if no work is performed by Class Counsel and the undersigned attorney performed the work with processing these players' claims, why should Class Counsel be unjustly enriched? Thus, Mr. Buckley respectfully requests that the Court grant his Motion to Enjoin the Distribution of the 5% Holdback from the AFQSF. Mr. Buckley also requests that the Court release the 5% Holdback from the AFQSF for the claimants with Parkinson's, Alzheimer's, ALS, or Death with CTE diagnosed before the Class Action Settlement Agreement became effective on December 12, 2016, in which no work was done by Class Counsel with legal interest.

Dated: April 17, 2023.                                  Respectfully submitted,

/s/ *Bruce W. Steckler*
Bruce W. Steckler (TX Bar No. 00785039)
**STECKLER WAYNE & LOVE, PLLC**
12720 Hillcrest Rd., Suite 1045
Dallas, Texas 75230
Telephone: (972) 387-4040
Facsimile: (972) 387-4041
bruce@swclaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing *Buckley's Reply In Support of Renewed Motion to Enjoin the Distribution of the 5% Holdback from the Attorneys' Fee Qualified Settlement Fund and Request for Expedited Hearings* was served on all counsel of record via the Court's ECF system on April 17, 2023.

                                              /s/ *Bruce W. Steckler*
                                              Bruce W. Steckler