UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-023203-AB<br><br>MDL No.: 2323<br><br>Hon. Anita Brody |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties, LLC and successor-in-interest to NFL Properties, Inc.,<br><br>       Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## CUMMINGS, McCLOREY, DAVIS & ACHO, PLC'S REPLY BRIEF TO CLASS COUNSEL'S RESPONSE TO MOTION FOR RELEASE OF HOLDBACK MONIES AND REQUEST FOR EXPEDITED HEARING

**NOW COMES** the Law Office of Cummings, McClorey, Davis & Acho, PLC ("CMDA") through counsel, James R. Acho, and submits the following in support of its Reply to Class Counsel's Response to Motion for Release of Holdback Monies and Request for Expedited Hearing.

**I.   HISTORY OF THE ISSUE**

In February 2017 Class Counsel petitioned, and this Court awarded, "attorneys' fees and reimbursement of costs and litigation expenses for their work up to date in this litigation" in the form of a 5% holdback.

01788622-1

It is undisputed that CMDA has filed multiple motions to have the 5% hold-back monies released, as have other IRPAs like Stekler, et al. In fact, Class Counsel acknowledges that CMDA has filed such motions; yet nearly four years after CMDA filed its first Motion (**ECF 10654**) and, close to two years after filing it's Renewed Motion (**ECF 11453**), those funds are still being withheld because this Court has yet to make a ruling on the original motion. Instead, however, Class Counsel not only **continues** to tie up 5% of the Monetary Award needed by the class members by opposing the Motion, but Class Counsel's refusal to release the 5% Holdback also ignores the sickest of claimants, and their long-term care costs and further shows a lack of concern for, or understanding of, the very ill individuals who need the money.

## II.   THIS COURT SHOULD RULE ON THE 5% HOLD-BACK FROM MONETARY AWARDS

CMDA and its clients entered into individual contingency fee agreements ("CFA") in order to pursue monetary award claims under the NFL Concussion settlement. The contingency fee agreements represent a small percentage (15% to 20%, which is 2%-7% lower than the 22% cap ordered by this Court (**ECF 9863**)) of the Monetary Awards inasmuch as CMDA was not involved in negotiating the settlement. Instead, CMDA assisted class members in not only the claims process as a whole, but also in obtaining a Qualifying Diagnosis. CMDA also assisted its clients with appeal of any denial through the Claims Administrator.

The findings of Expert Witness William B. Rubenstein are undisputed and, CMDA concurs with the Rubenstein report and on the basis that the history and text of the settlement agreements do not support the conclusion that Class Counsel's attorneys' fees will pay them only for securing the settlement and not implementing it. (ECF 9526 at 2, 34-46). CMDA incorporates Rubenstein's reasoning for rejecting a 5% hold-back herein by reference. On these bases, this Court should eliminate the 5% hold-back from Monetary Awards.

Because CMDA's goal was to help its clients in obtaining Qualifying Diagnoses and navigating the claims and appeals process, CMDA agreed to a lower contingency fee percentage than the 22% cap. Rather, CMDA's ultimate goal was to help its clients obtain compensation for their years of service in the field of professional sports; a profession from which they sustained life-changing injuries that subsequently has resulted in a plethora of ongoing health concerns that require significant treatment at great expense. It was **not** CMDA's goal to "get rich" at the expense of its clients! Awarding Class Counsel for work it did not do, by way of the 5% holdback, unfairly penalizes the IRPAs who put in the time and effort into helping their clients by way of their years of experience and dedication to their clients…just like CMDA.

Further, the 5% hold-back left CMDA an even with a smaller fee than the 22% cap permitted by this Court, inasmuch as CMDA agreed to represent its clients for 15%-20% of any recovery. This means CMDA actually received 10%-15% of any recovery—despite the significant time and resources CMDA spent assisting its clients. Class Counsel did not expend any significant time in the pursuit of the Class Member claims represented by CMDA and, to that end, Class Counsel has been significantly compensated for their work.

On April 2, 2018, in addition to $106,817,220.62 in attorneys' fees and $5,682,779.38 in costs awarded to Class Counsel, this Court also ordered a 5% holdback of all Monetary Awards to fund past and future implementation (as opposed to securing) of the settlement by Class Counsel, but ultimately reserved final judgment on the 5% hold-back request. (**ECF 9860**). This Court expressed its intent to address the issue once more data regarding the scope of implementation work is available, "ideally in one year." (**ECF 9860**).

In accordance with that memorandum, the Claims Administrator has continued to hold back 5% of the Class Members' monetary awards; and, it has been over one year since this Court's

Memorandum regarding the 5% holdback. Thus, this Court should rule on the 5% hold-back to eliminate the 5% hold-back out of Monetary Awards.

Finally, the 5% hold-back also interferes with the intent of CMDA and its clients in entering into contingency fee agreements, which should be upheld. See *McKenzie Const Inc v Maynard*, 758 F2d 97, 101 (3rd Cir 1985) ("courts should be reluctant to disturb contingent fee arrangements freely entered into by knowledgeable and competent parties"); *Mitzel v Westinghouse Elec Corp*, 72 F3d 414, 416 (3rd Cir 1995) ("courts will uphold contingency fee agreements voluntarily entered into by the parties as long as they are not excessive and do not take 'inequitable advantage of the payer' "). The contingency fee arrangements in this case of 15% to 20% were voluntarily entered into do not take inequitable advantage of CMDA's clients. They should be upheld.

The Claims Administrator issued Monetary Awards to 13 of CMDA's 26 Class Member clients. CMDA seeks totals $375,900.45 in hold-back monies.

### III.   CONCLUSION AND RELIEF REQUESTED

The Court should issue a final ruling on the 5% hold-back from Monetary Awards and should eliminate the 5% hold-back because it is inappropriate in this case and because it unfairly compensates Class Counsel while penalizing individual counsel and their clients.

Respectfully Submitted,
CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC

/s/ James R. Acho
JAMES R. ACHO (P62175)
14736 College Parkway
Livonia, MI 48152
(734) 261-2400
Dated: April 25, 2023            jacho@cmda-law.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-023203-AB |
| | MDL No.: 2323 |
| | Hon. Anita Brody |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated, | |
|      Plaintiffs, | |
| v. | |
| National Football League and NFL Properties, LLC and successor-in-interest to NFL Properties, Inc., | |
|      Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2023, I electronically filed *Cummings, McClorey, Davis & Acho, PLC's Reply to Class Counsel's Response to Motion for Release of Holdback Monies and Request for Expedited Hearing* with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/ Annamarie L. Moore
Cummings, McClorey, Davis & Acho, PLC
Legal Assistant to James R. Acho, Esq.
14736 College Parkway
Dated: April 25, 2023                Livonia, MI 48152
(734) 261-2400