# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br>　　　　　　　　　　Plaintiffs,<br>　　　v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>　　　　　　　　　　Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Zimmerman Reed<br>v.<br>SPID No. 950004390 (H.L.D.)<br>Attorney's Lien Dispute<br>Case No. 367<br><br>AND<br><br>Collins & Truett Attorneys, P.A.<br>v.<br>SPID No. 950004390 (H.L.D.)<br>Attorney's Lien Dispute<br>Case No. 1773<br><br>AND<br><br>Goldberg, Persky & White, PC<br>v.<br>SPID No. 950004390 (H.L.D.)<br>Attorney's Lien Dispute<br>Case No. 2080 | |

**<u>SUPPLEMENTAL</u>**
**<u>REPORT AND RECOMMENDATION</u>**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                June 5, 2023

## I.     INTRODUCTION

Pending before the Court are attorney liens filed by several firms seeking attorneys' fees and costs from the Award granted to their mutual former client, settlement class member H.L.D. ("Player"), in the litigation which became this class action, *In re: National Football League Players' Concussion Injury Litigation*, No. 12-md-2323 (E.D. Pa.).  Player is now represented by JR Wyatt Law ("Wyatt").

We filed a Report and Recommendation to the Court on August 4, 2022 with a proposed disposition of liens that had been filed by Zimmerman Reed ("Zimmerman") and Collins & Truett Attorneys, P.A. ("Collins").  (ECF No. 11802.)  Those liens pertained to fees available from a Notice of Monetary Award that was issued on August 27, 2021 when Player was recognized to have established the qualifying diagnosis of Level 1.5 Neurocognitive Impairment.  While our Report concerning the fee dispute was still pending a final adjudication by the Court, Player's claim was re-considered and he was found to meet the requirements for the qualifying diagnosis of Level 2.0 Neurocognitive Impairment.  His new Notice of Monetary Award Claim Determination was issued on June 30, 2022 and reflected that he was entitled to an additional monetary award reflecting the differential from his prior award determination.

During this time, another lienholder also surfaced: Goldberg, Persky & White, P.C. ("Goldberg").  That firm was retained by the assignee for the benefit of the creditors of Howard and Associates ("Howard")[1] and filed a lien in late August 2022, after we had prepared our initial

---

[1] As we have noted in some of our other decisions and Reports concerning liens asserted by Howard, that firm commenced an action in the Circuit Court of the Second Judicial Circuit (Leon County, Florida) on June 30, 2021 seeking an "Assignment for the Benefit of Creditors" as

2

Report and Recommendation concerning allocation of the fees arising from the Level 1.5 award. Goldberg does not purport to inject itself in the dispute among the other three firms about appropriate fee allocations. Rather, as it clarified in the Statement of Dispute it submitted to the Claims Administrator on October 19, 2022, it seeks to recoup the legitimate costs and expenses that Howard advanced when it represented Player between 2016 and 2020, specifically, for the neurological and neuropsychological testing of Player that was conducted in April 2018. (Goldberg Stmt. of Disp. at Ex. B.)

The Claims Administrator provided notice to the other lienholders and to current counsel of Goldberg's position. Each firm had an opportunity to file a Statement of Dispute concerning Goldberg's lien, but none did so. Rather, Wyatt and Zimmerman elected to stand on their existing briefing as to the allocation of fees but also explicitly expressed that they do not have an objection to the reasonable expenses of Goldberg. Collins did not utilize the opportunity to file a new Statement of Dispute nor to respond to the Statement filed by Goldberg.

---

permitted in Chapter 727 of the Florida Statutes. The designated Assignee, Larry Hyman, subsequently moved for an order authorizing the transition and assignment of the Assignment Estate's interests in the NFL Concussion Litigation to Goldberg, Persky & White, P.C. Following a hearing held on October 7, 2021, the Leon County Assignment Court granted the motion and approved the transition of Howard's NFL Concussion Litigation cases to Goldberg.

The Assignee also appeared before the state court on April 7, 2022 and sought approval for the expansion of the role of Goldberg to pursue charging liens in this MDL on behalf of the Assignment estate. By Order dated May 1, 2022, the Circuit Court of the Thirteenth Judicial Circuit (Hillsborough County, Florida) granted that motion and explicitly expanded the representation by Goldberg "to include representation of the Assignee in the pursuit of fees and costs owed to the Assignment estate under charging liens in the NFL Concussion Litigation." *See* Order, *In re: Howard & Associates, Attorneys at Law, P.A.*, Case No. 2021-CA-9064, Div. L (May 1, 2022).

## II.  FACTUAL BACKGROUND

Our previous Report chronicled the various firms that represented Player at different times over a 10-year period.  Although the Howard firm was not a party to the lien dispute that we were addressing in our initial Report, we were aware that Player terminated his first counsel in October 2016 due to his preference to use a local attorney in Texas.  The additional materials before us now, which includes an attorney fee agreement dating to October 26, 2016, reflects that Player jointly engaged Howard, based in Florida, and Cassandra Evans-Jones, an attorney based in Houston.

We had also been aware that it was Howard which formally registered Player in the settlement program on February 24, 2017.  We also knew that Player received a qualifying diagnosis dating to February 20, 2017 by Dr. Randolph W. Evans with a condition that would later be found to qualify him for a monetary award for Level 1.5 Neurocognitive Impairment.  From the information before us now in the Goldberg lien and the new Award, it appears that he underwent his neurological evaluation and neuropsychological testing on April 16, 2018, with the costs for those evaluations and associated transportation expenses advanced by Howard.

At some point, Howard partnered with Shenaq another firm then based in the Houston area, to jointly represent settlement class members in the claims process.  On June 19, 2018, Shenaq submitted a MAF claim on behalf of Player, following which Shenaq became the principal representative for Player with whom the Claims Administrator corresponded.  Our previous Report recounted the difficulties that Player encountered thereafter when his claim went through an audit process and was then denied.  Shenaq filed an appeal on behalf of Player and secured a decision from the Special Masters on May 28, 2020 that remanded the claim for further review.

At some point thereafter, Shenaq withdrew from the representation and Player was left with

Howard as his sole representative. Another notice of audit followed on November 5, 2020, addressed to Howard as counsel for Player, following which Player elected to retain Collins to represent him. Eight months later, with his claim still in audit due to allegations of misconduct by Howard and its use of doctors who were later found to be ineligible to make qualifying diagnoses under the program, Player discharged Collins and then retained Wyatt. As Player had received a qualifying diagnosis from a doctor who had not been implicated in wrongdoing – apparently Dr. Evans – Wyatt was able to successfully advocate for Player's claim to clear the audit process. On August 27, 2021, the Claims Administrator issued to Player its notice of award based upon the qualifying diagnosis of Level 1.5 Neurocognitive Impairment dating to February 20, 2017 and made by Dr. Evans, who carries the designation of "Qualified MAF Provider."

After the award was finalized, the Claims Administrator withheld funds for counsel fees, which it knew to be contested in light of the Zimmerman and Collins liens. The Claims Administrator issued a Schedule of Document Submissions to the parties – Zimmerman, Collins, and Wyatt – as part of the attorneys' liens dispute resolution process. The parties submitted their Statements of Dispute and Response Memoranda in December 2021 and January 2022. The Claims Administrator transferred the Record of Dispute to us and we submitted our Report and Recommendation to Judge Brody on August 4, 2022. As we noted above, during this same time, and following upon what may have included re-scoring of neuropsychological testing pursuant to what became known as the Race Norming Agreement, Player was found eligible on June 30, 2022 for the Level 2.0 Neurocognitive Impairment award. His Notice of Award dates the qualifying diagnosis for that finding to April 16, 2018, which was still during the period of the Howard-Shenaq representation.

### III. DISCUSSION

The only question presented by the most recent lien filed against Player's award, by Goldberg on behalf of Howard, is whether Goldberg may be reimbursed for the costs expended by Howard. Goldberg has represented that those costs date to April 16, 2018, which corresponds with the date of Player's qualifying diagnosis of Level 2.0 Neurocognitive Impairment. At that time Player was represented by Howard and had agreed to a fee agreement under which Howard would advance costs for Player's case and Player would reimburse Howard for these amounts from any recovery he made. Goldberg has represented that the costs incurred were an expert fee for a neurology evaluation ($1,100) and for neuropsychological testing ($4,500), as well as for transportation expenses ($255). The other parties have not challenged the reasonableness of the costs. To be sure, Wyatt, on behalf of Player, has expressed that the firm "has no objection to the reasonable expenses" sought by Goldberg.

We see no basis to question the reasonableness of the particular expenses that Goldberg represents having been advanced by Howard. These expenses fit with the chronology that we understood in terms of the evaluation of Player and the attorneys who would have undertaken that work in 2018: Howard and/or Shenaq, using funds advanced by Howard. Therefore, we will recommend that from the funds set aside from the second monetary award approved for Player, Goldberg be reimbursed for $5,855.00 for costs.

Our new recommendation follows.

## SUPPLEMENTAL RECOMMENDATION

**AND NOW**, this 5th day of June , 2023, in accordance with the Report of August 4, 2022 (ECF 11802) and the Supplemental Report above, it is respectfully **RECOMMENDED** that the Claims Administrator be ordered to designate and release the funds withheld for attorney's fees and costs as follows:

1. Of the funds currently held by the Claims Administrator for payment of a contingent fee pending resolution of this lien dispute, reflecting 17% of H.L.D's two Monetary Awards:

    a. Wyatt shall receive 9/22nds as attorney's fees;

    b. Zimmerman shall receive 7/22nds as attorney's fees;

    c. Collins shall receive 1/22nd as attorney's fees;

    d. The balance of funds currently withheld by the Claims Administrator for payment of a contingent fee pending resolution of this lien dispute shall be released to H.L.D. (5/22nds);[2]

2. Of the funds currently withheld by the Claims Administrator for reimbursement to counsel for costs:

    a. Zimmerman shall receive $589.99 in costs;

---

[2] We describe the apportionment of funds among the various constituencies using a fraction with 22 as the denominator, as 22% represents the maximum portion of Player's Monetary Award that is allocated for counsel fee. In effect, for example, an approved fee of 1/22nd of the available funds for counsel fee would equate to 1% of Player's Monetary Award.

Inasmuch as a 5% portion of Player's Monetary Award is set aside in a separate fund and its distribution will be determined by Court Order at a future date, the actual distribution to counsel and Player at this time reflects a smaller dollar value.

       b.   Goldberg shall receive $5,855.00 in costs; and

       c. Any balance of funds currently withheld by the Claims Administrator for costs shall be released to H.L.D.; and

3.     The 5% holdback funds shall be released by the Claims Administrator to Wyatt, Zimmerman, Collins, and H.L.D. in accordance with future orders of the Court and in the proportion allocated above for the 17% portion.

The Parties may file objections to this Report and Recommendation.  *See* Rule 25(d).

                                                    BY THE COURT:

                                                    /s/ David R. Strawbridge, USMJ
                                                    DAVID R. STRAWBRIDGE
                                                    UNITED STATES MAGISTRATE JUDGE