IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br>                              Plaintiffs,<br>v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                              Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Lieff Cabraser Heimann & Bernstein, LLP<br>v.<br>SPID 100005759 (Q.G.)<br>Attorney Lien Dispute No. 1406<br><br>AND<br><br>Shenaq PC<br>v.<br>SPID 100005759 (Q.G.)<br>Attorney Lien Dispute No. 1932 | |

**<u>REPORT AND RECOMMENDATION</u>**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                          July 10, 2023

      Before the Court for Report and Recommendation is the assertion of Attorney Liens by Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser") and Shenaq PC ("Shenaq") against the Award granted to their mutual former client, Settlement Class Member ("SCM") No. 100005759, Q.G. ("Player"), in the litigation that became part of this class action, *In re: National Football League Players' Concussion Injury Litigation*, No. 12-md-2323 (E.D. Pa.). Player first

entered into a contingent fee agreement ("CFA") with Lieff Cabraser on August 1, 2012. He later engaged Howard and Associates, P.A. ("Howard"), and that firm brought in Shenaq as associate counsel, an arrangement to which Player consented on February 14, 2019. Player is currently represented by Collins & Truett Law Firm, P.A. ("Collins & Truett"), which he retained on November 3, 2020. Records provided to us by the Claims Administrator indicate that Player was registered in the Program by Howard on February 24, 2017 and that his MAF claim form was submitted by Collins & Truett on December 17, 2020.

Lieff Cabraser filed its lien in February 2019, seeking reimbursement of costs it expended and recovery of attorney's fees as well. (Lien Doc. 2b.) Shenaq filed its Notice of Attorney's Lien in December 2021 also seeking "reasonable attorney's fees plus reasonable expenses." (Lien Doc. 2a.) It provided documentation that it was brought in as associate counsel of Howard to represent Player. It also provided documentation of the fee-sharing agreement between Shenaq and Howard, although it appears not to have been in possession of the underlying CFA between Howard and Player.[1] *Id.*

Collins & Truett received notice from the Claims Administrator of Lieff Cabraser's lien on November 14, 2022 and of Shenaq's lien on December 9, 2022. The Claims Administrator ultimately approved Player for an award and issued a Notice of Monetary Award Claim Determination on November 28, 2022. The Award Notice reflected that Player received a Qualifying Diagnosis as of February 18, 2019 by an MAF physician. With the approval of Player's award and the withholding of funds for counsel fee, the lien disputes became ripe for review.

The District Court referred all Petitions for individual attorney's liens to this Magistrate

---

[1] Howard is not a party to this lien dispute.

Judge, *see* Doc. No. 7746, and Rules Governing Attorneys' Liens ("Rules") were adopted on March 6, 2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283). In accordance with Rule 24, Collins & Truett, Shenaq, and Lieff Cabraser (the "Parties") submitted a global Withdrawal of Attorney's Lien Dispute form (the "Withdrawal"), which addressed both of the pending liens. The Withdrawal, which was separately signed by each firm over a period of time from April 5, 2023 to June 13, 2023, set out an agreement that was reached as to the portion of Player's Monetary Award that each law firm would receive as its fee from funds currently available for distribution, as well as how to allocate any portion of the 5% holdback that may be released in the future. The Withdrawal also provided for Lieff Cabraser to be reimbursed for expenses it incurred during its representation of Player. The Withdrawal proposal provided for the bulk of the fee to be allocated to Collins & Truett.

We would ordinarily approve a proposed lien resolution where the parties have reached an agreement as to the division of a fee and reimbursement of costs that were incurred in accordance with valid fee agreements. But this proposal gives us pause, for a reason that might not be apparent to the two lienholders or perhaps even Player.

***The Settlement Implementation Determination of June 15, 2022 as to Collins & Truett***

**A. Background on investigation of Howard & Associates**

In 2017, the Claims Administrator received tips claiming that Howard & Associates, P.A., a law firm based in Florida, recruited various doctors, demanded revisions to medical reports, and, in some cases, altered or forged reports to support inflated diagnoses for clients who were or became SCMs in this Settlement Program. The Claims Administrator began auditing Howard & Associates and submitted an Interim Investigation Report to the Special Masters and the Parties detailing the allegations, as well as next steps in its investigation. The audit investigation was

3

paused for a time but continued until November 2020, following which the Claims Administrator issued a Rule 15 Audit Report.

On June 22, 2021, the Special Masters issued their "Special Masters' Rule 27 Decision on the Report of Adverse Finding Regarding Howard & Associates, P.A., and Related Parties." *See* Special Masters' Rule 27 Decision, *avail. at*: https://www.nflconcussionsettlement.com/Docs/howard_associates_SM.pdf. The Special Masters adopted the factual findings of the Claims Administrator, including the finding that a former Howard & Associates employee was working at another law firm that also represented SCMs, including many who were previous clients of Howard & Associates. (Rule 27 Decision at 4-5.) The Special Masters ultimately disqualified particular employees of the former Howard & Associates law firm from further involvement in the Settlement Program. (*Id.* at 7-8.)

### B.  Judge Brody's review of the Howard disqualifications

One such former Howard & Associates employee objected to the Special Master's decision excluding him from working on behalf of SCMs. At the time of his objection, he was working at Collins & Truett, which apparently sought to grow a practice representing SCMs in this program. His objection was considered by Judge Brody, who issued a Settlement Implementation Determination decision on June 15, 2022. She specifically "cautioned" Attorney Richard Collins that the objector, who was not an attorney, "works under his supervision and cannot engage in the unauthorized and independent practice of law." (Settlement Implementation Decision (June 15, 2022) at 3, citing Fla. Bar Rule 4-5.3(a).) She gave notice to Collins & Truett that it "must show that [the employee's] work on all Settlement Program matters was undertaken with a supervising attorney's direct and active oversight." (*Id.* at 3-4.) Her decision lifted the disqualification of the former employee from involvement in the Settlement Program after September 1, 2022 but

4

explicitly ordered that: "*In all pending and future lien proceedings, Collins & Truett must provide a complete accounting of tasks performed by all attorneys and staff.*" (*Id.* at 4, ¶ 2 (emphasis added).)

### C. Compliance in this lien proceeding

Judge Brody's decision was issued on June 15, 2022, prior to the date at which this lien dispute became ripe. Thereafter, Collins & Truett submitted its Statement of Attorney's Fees and Costs – a document required pursuant to the Lien Rules in any lien dispute – on December 9, 2022. It then submitted its signed Withdrawal of Attorney's Lien Dispute form to the Claims Administrator on March 7, 2023.

Collins & Truett has not provided a submission in this lien matter that reflects any accounting of who was performing what tasks during the period of representation that commenced on November 3, 2020 and continued through the Monetary Award date of November 28, 2022 (and presumably until the present). We note that the paralegal who was the subject of the Determination was under a disqualification by the Special Masters as of June 22, 2021 and that he was not permitted to return to work on Program matters until September 1, 2022. The period of his disqualification falls squarely in the period of representation for which Collins & Truett is seeking approval for its fee. And because Collins & Truett was given notice of the Determination, which issued on June 15, 2022, it should have known that its submission of the Withdrawal dated April 5, 2023 concerning this lien matter would have to be accompanied by "an accounting of tasks performed by all attorneys and staff," pursuant to Judge Brody's Determination decision and order. This accounting is necessary to ensure that the paralegal, given his past role in "perpetuating misinformation to secure a physician's qualification as an MAF physician and BAP provider," is being supervised by an attorney on matters related to the Settlement Program.

In light of the noncompliance of Collins & Truett with the Court's Settlement Implementation Determination and Order of June 15, 2022, we cannot recommend that the lien withdrawal be approved.

## RECOMMENDATION

**AND NOW**, this 10th day of July, 2023, it is respectfully **RECOMMENDED** that the withdrawal of lien dispute be **REJECTED** and the matter be **REMANDED** to the Claims Administrator for further proceedings consistent with the Rules Governing Attorney Lien Disputes.

The Parties may file objections to this Report and Recommendation. *See* Rule 25(d).

BY THE COURT:

 /s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br><p align="center">Plaintiffs,</p><p align="center">v.</p>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<p align="center">Defendants.</p> | |
| THIS DOCUMENT RELATES TO:<br><br>Lieff Cabraser Heimann & Bernstein, LLP<br>v.<br>SPID 100005759 (Q.G.)<br>Attorney Lien Dispute No. 1406<br><br>AND<br><br>Shenaq PC<br>v.<br>SPID 100005759 (Q.G.)<br>Attorney Lien Dispute No. 1932 | |

**ORDER**

**AND NOW**, this _____ day of _____, 2023, upon consideration of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge (ECF No. _____), and any objections thereto, it is **ORDERED** that:

1. The Report and Recommendation is **ADOPTED**;

2. The Withdrawal of the Lien Dispute is **REJECTED**; and

3. The matter is **REMANDED** to the Claims Administrator for further proceedings

consistent with the Rules Governing Attorney Lien Disputes.

                                            BY THE COURT:

                                            _____

                                            ANITA B. BRODY, J.