UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br>**Hon. Anita B. Brody** |
| Kevin Turner and Shawn Wooden, on behalf Of themselves and others similarly situated,<br>                      Plaintiffs,<br>     v.<br>National Football League and NFL Properties, LLC, Successor-in-interest to NFL Properties, Inc,<br>                      Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>DOC. No. 12158<br><br>Magistrate's Rule to Show Cause as Related to: SPID No. 1001915 (R.B.) | |

## RESPONSE TO ORDER TO SHOW CAUSE

Pursuant to the Amended Rules Governing Attorney's Liens, filed by this Court on October 3, 2018, Rule 11, the two (2) law firms that are parties to this Lien Dispute (relating to SCM 1001915, R.B.'s Monetary Award Legal Fees & Costs) did not come to a resolution between the parties, and mutually consented to have the Magistrate Judge issue a Final Order to equitably resolve this dispute.

Counsel for SCM respectfully responds to the two (2) grounds raised in Magistrate Judge Strawbridge's July 7, 2023 (Doc. No.: 12158) Rule to Show Cause, as follows:

### GROUND 1: COMPLAINCE WITH THE JUNE 15, 2022 SETTLEMENT IMPLEMENTATION OF JUDGE BRODY

1

Above and beyond the responsibilities of most, if not all other attorneys and law firms engaged in the process of resolving lien's for this NFL Concussion Settlement, the Undersigned's law firm, Counsel for SCM R.B., has been tasked with an additional and onerous task of providing "a complete accounting of tasks performed by all attorneys and staff in all pending and future lien proceedings," in perpetuity, as ordered by Honorable Judge Brody in a June 15, 2022 Settlement Implementation Determination. This Determination, an effective sanction upon the Collins & Truett law firm, with no termination date, is due to alleged past wrongdoing of an on-again-off-again part-time independent contractor, during his previous job as an intern at another law firm in 2017.

The Undersigned acknowledges Judge Brody's June 15, 2022 Determination, and is committed to abiding by its provisions until potential further notice from the Court. However, admittedly, in the midst of being engaged in the already arduous Lien Resolution process, actively and properly addressing the ongoing and pressing needs of our many other NFL and personal injury clients, scheduling for MAF and BAP testing, and undertaking the very rigorous pace of a normal personal injury Plaintiff's law firm, all with a somewhat limited staff, the Undersigned had sincerely overlooked the mandated completion this unique task handed down to him from Judge Brody.

The Undersigned and our NFL Specialist Consultant collectively promise that we will collectively strive to do better regarding Judge Body's June 15, 2022 Determination, and always incorporate an "accounting of tasks performed by all attorneys, staff" for all "pending and future lien proceedings" going forward. Please see Exhibit 1, Statement from the Undersigned's Senior NFL Claims Specialist, and Exhibit 2, Accounting of tasks performed by all attorneys and staff (pertaining to this Lien Resolution).

## GROUND 2: COMPLIANCE WITH THE LIEN RULES AND THE EXPECTATION UNDER THE PENNSYLVANIA RULES OF PROFESSIONAL CONDUCT

Please see Exhibit 1, pages 1-5.

Admittedly, the Undersigned may have been more assertive with Pope McGlamry ("Pope") than with any other Lienholder that he has encountered. This assertiveness is certainly not the norm for Collins & Truett ("Collins") in their history of confronting Attorney's Lien Disputes, and certainly no evidence of such exists when dealing with Lienholders. The basis for this assertiveness and expressions of disappointment in dealing with the Pope McGlamry law firm on this matter is that we were attempting to strike a balance between our clients utter, and almost uncontrollable rage pertaining to representations set forth in the Pope McGlamry Petition for Lien on R.B.'s (eventual) NFL Concussion Settlement[1], and the role of Counsel in typical Attorney's Lien Disputes. This, concurrently combined with the Undersigned's dismay at the same language in the 2016 Pope McGlamry Petition for Lien that our client took serious issue with:

"The Petitioner was <u>not</u> terminated by the Plaintiff with cause, and the termination was <u>not</u> due to any malfeasance or <u>other improper action</u> (including in-action) on the part of Petitioner." (*Emphasis added*).

It is noteworthy that "improper action" also includes improper in-action by definition.

The statement by the Pope McGlamry law firm lies in stark contrast to the SCM's 2016, and reiterated in 2022, Withdraw from Counsel Letters directed to Pope that clearly state:

"Please cease all work [on my NFL case] . . . I do not believe you have **not done anything to pursue my claim**. (*Emphasis added*).

---

[1] The Pope McGlamry Petition for Lien at issue was filed by the Pope law firm in 2016, and just brought to the SCM's attention by Collins & Truett late in 2022, at the onset of this lien dispute.

3

It is not unreasonable to believe that Pope's Petition for Lien is a genuine and material misrepresentation of the facts, and does not earnestly consider the SCM's clear and forceful Withdraw Letter(s). Upon being informed of the language in Pope's 2016 Petition our client became irate, and honestly so did the Collins firm and their NFL Claims Consultant, noted above. The Undersigned was compelled to address the glaring disparity between the SCM's heartfelt assertion to Pope in 2016, and again in 2022, of feeling very let down and despondent about the NFL Concussion Litigation in general, and about the seemingly brazen Petition for Lien, and our collective dismay at this behavior, that we elected to take an assertive approach when confronting Pope in this Lien Dispute.

The Undersigned formally apologizes to this tribunal, and to Pope if they both feel as if he may have taken an assertive approach in this one instance. Again, this is not the typical demeanor in which the Collins firm, et.al., conduct their affairs. The Undersigned was assuredly taken aback at their client's rage over this situation, all while tempering his own interpretation of this occurrence.

Regarding the Georgia Bar Complaint, the SCM insisted beyond insistence that we convey to Pope, on numerous occasions that he fully intended to file this Complaint with the proper authorities if the Pope firm continued on the path of pursuing this lien on his NFL settlement, and he did not want the Pope law firm to receive one penny for their alleged work on his case over seven years ago. We worked diligently with the SCM to attempt to calm him down, stating that we are compelled to honor his wishes as best as possible. We convinced the SCM to acknowledge that we were going to offer Pope a conservative amount of money to resolve this attorney's lien issue. We did exactly that, but the Pope firm remained confident that they would prevail for much more of a percentage of the "pot" if they continued forth on their path, in light of the disparity between the language in their 2016 Petition and the clear edict of the SCM in his Withdraw Letter(s).

It appears that the Pope McGlalmry's theory of Attorney's Liens in this NFL Litigation may just pan out for them. It must be stated that, even in the subject Ruling by the Magistrate Judge in this matter, that there appears to be a glazing over of any fault on behalf the Pope firm based on the facts presented herein, nor any acknowledgement of the grave disparity between the language in Pope's Petition for Lien as compared to the SCM's clear assertions in his withdraw Letter. In this Ruling there is positively no discussion of the SCM's statement, "I do not believe you have **not done anything to pursue my claim**." Only a statement that the SCM, a *pro se* (at that time), retired NFL player with documented neurological impairment, should have used his words in a "legalistic manner," by implementing the term **with cause** into his 2016 Withdraw Letter to the Pope firm, erstwhile, his Withdraw Letter will not have the impact that it deserves in later proceedings.

Respectfully, if the Undersigned acted in a manner, this one time, that may have edged toward non-compliance with the Lien Rules, or with the Pennsylvania Rules of Professional Conduct, then he very sincerely apologizes, both to this Court and to the Lienholder. We have reviewed these rules in detail, all of them, and we will assuredly be more mindful going forward.

WHEREFORE, the Undersigned, and all staff seek mercy from the Court due to their inadvertent omission by regretfully not submitting, in completion, the aforementioned "accounting" with all of the other Lien Resolution material to the NFL Claims Administrator in a timely manner. And, we seek mercy and understanding of the atypical circumstance that we were placed in in balancing the strong wishes of our client, our dismay at the situation, and our attempt at remaining civil with this Lienholder in the face of the facts presented.

Respectfully submitted on this 27th Day of July, 2023.

*/s/ Richard B. Collins*
Florida Bar No. 161195
Collins & Truett Attorneys, P.A.
113 South Monroe Street

Tallahassee, Florida 32301  
Telephone: (850) 765-5798  
E-Mail: Dick@CollinsTruett.com

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the Court's electronic filing system this 27th Day of July, 2023, to all relevant parties.