From the Desk of Dr. Nola Sharon Delaney

*Sr NFL Claims Specialist for Collins & Truett Attorneys, P.A.*

I am writing this statement to clarify that I, Dr. Nola Sharon Delaney, am the Senior NFL Claims Specialist working on a full-time basis in the capacity of independent contractor consultant for Collins & Truett Attorneys, P.A. I worked from my office in Houston, Texas during the dates in question pertaining to the representation of Mr. Reginald D Brown, and I most recently relocated my office to Austin, Texas.

As the NFL Claims Administrator is fully aware, I have been working with the Collins &Truett law firm in the same capacity for over three years. I perform all of my job duties under the supervision and oversight of Mr. Richard Collins, which are, generally, case management for all of the law firm's many NFL clients. As such, I handle a great deal of the day-to-day hands-on work, claims analysis, and regular communications with the NFL clients and the NFL Claims Administrator.

One of the very important tasks that I undertake with Collins & Truett is reviewing all claims submissions, MAF and BAP evaluations, third-party medical records, and NFL Portal entries in order to ensure that everything is in strict compliance with the Rules of the NFL Concussion Litigation. This is a task that I take very seriously, and I take great pride in having been working with retired NFL players with, but not limited to, the NFL Concussion Litigation since this multi district litigation first began in 2015.

I started out in 2015 as a freelance NFL Consultant, consulting with retired NFL players independently, and committed to learn everything I possibly could about the NFL Concussion Litigation. I then continued on to work successfully as a consultant, in the capacity of NFL Claims Specialist, with other law firms who had NFL clients. Finally, with many years of experience in working closely with retired NFL players, and equal experience with compliance to the Rules of the NFL Concussion Litigation, I decided to work with Collins & Truett on a full-time basis, beginning in early 2020. I strongly admire this law firm's diligence, sincere focus on their NFL clientele, and their genuine understanding and empathy for the plight of so many retired

NFL players who are now suffering with post-concussion syndrome and residual progressive neurological impairment.

Myself, along with Collins & Truett, are honored to be in the position of having the opportunity to assist and guide retired NFL players with this very complex and daunting NFL Concussion Settlement process. And, we are equally proud to say that each and every NFL Concussion Claim has been compiled and submitted to the NFL Claims Administrator by this law firm has been and will continue to be in strict adherence to the Rules of the Settlement.

I have been alerted to a many incorrect assumptions and dates, pertaining to the Retired NFL Football Player, Mr. Reginald D. Brown.

In reference to case: 2:12-md-02323-AB, Document 12158 page 3;

> **In the ensuing years, Player was registered in the settlement program1 and underwent a BAP exam. Yet he did not file a claim for a Monetary Award. In March 2022, however, the Court approved modifications to the original Settlement Agreement that provided that new testing norms would be applied in the evaluation of particular neurocognitive impairments defined in the underlying Settlement Agreement. As a result of these modifications, data from certain BAP exams undertaken previously would be re-scored. A short time later, on April 21, 2022, Player retained Collins & Truett. The firm submitted a claim to the Monetary Award Fund program on Player's behalf on May 25, 2022, and on September 6, 2022, Player was approved for a Monetary Award.**

The player received the NOTICE OF ELIGIBILITY FOR AUTOMATIC RETROSPECTIVE RESCORING PURSUANT TO THE COURT'S ORDER DATED MARCH 4, 2022 on April 29th, 2022, 10 days after he signed a contract with Collins & Truett Attorneys P.A.
Mr. Brown signed a contract and change of representation agreement on April 19th 2022, not April 21st, 2022 as stated in the court document.  Claims Administration was notified May 11th, 2022 with a request to assist in adding player to portal. Change of representation documents and Rescored

Neuropsychological Testing Results were uploaded by claims in the player portal on the same day May 11th 2022, one month after the player signed a contract and change of representation agreement. Claims reached out to me to report the request to add player to portal was completed May 12th 2022.

> **His award was based upon the qualifying diagnosis of Level 1.5 Neurocognitive Impairment, dated as of August 18, 2020, that was attributed to the BAP provider who had previously examined him. Collins & Truett did not arrange for Player to be seen by any specialist for further evaluation or testing.**

It would be more accurate to state that the player was per se at the time of attending his BAP appointment due to the player Terminating with Cause, both law firms, Pope McGlamry firm from 2012, and Law Offices of A. Craig Eiland from 2017.
Whereas Collins & Truett may not have registered the player in a timely manner to be eligible for the NFL Concussion Settlement, or alerted the player of his BAP appointment, it should be notated that neither did the Pope McGlamry law firm. It was the Law Offices of A. Craig Eiland on February 9th 2017, who registered the player in a Timely and Proper manner according to the requirements laid out for the NFL Concussion Settlement by the court, and the player was in per se status at the time for his BAP appointment, due to terminating both law firms with cause. Once The player signed with Collins & Truett Attorneys P.A., there was consistent case management and communication between Mr. Brown and his wife and myself to gather required documentation to be able to successfully submit the players claim. Then continued consistent case management and communication when a NOTICE OF REQUEST FOR ADDITIONAL DOCUMENTS was uploaded by claims in the players portal on July 15th, 2022. Attached is the Claim Package Page showing correct corresponding dates.

> **Player retained Pope McGlamry, a firm based in Atlanta, in December 2011. In 2012, the firm filed suit on his behalf in the Northern District of Georgia and in the Eastern District of Pennsylvania pursuant to the Court's case management order in MDL 2323. The firm kept Player apprised of the status of**

> the litigation and the class-based settlement proposals. One of the firm's attorneys also provided individual counsel to Player in March 2014 concerning whether it would be in his best interest to remain in or to opt out of the proposed settlement.

However in December 2011 till the official opening of the portal in February 2017, Kevin Turner and Shawn Wooden, were the main plaintiffs and "others similarly situated", was a vague inconclusive legal term to reference former retired NFL Class Members and NOT any individualized players, as the specific terms of the lawsuit were not fully defined and according to the Registration Form for the NFL Concussion Settlement Program, which the registration portal didn't open till February 2017, All Settlement Class Members, whether a Retired NFL Football Player, a Representative Claimant, or a Derivative Claimant, must register to be eligible for benefits. Thus meaning, the Pope McGlamry law firm did not successfully register Mr. Brown for him to obtain eligibility for the case, which is the actual FIRST step to start a claim to be eligible as an Settlement Class Member in the NFL Concussion Settlement laid out in the Class Action Settlement in "In re: National Football League Players' Concussion Injury Litigation, No. 2:12-md-2323"

> **In July 2016, however, while the final challenge to the proposed settlement was before the United States Supreme Court, Player sent a letter to Pope McGlamry stating that he no longer wished to be represented by the firm. He indicated that he was going to obtain counsel located closer to where he lived, which was Houston, so that he could obtain testing.**

This paragraph is grossly inaccurate in paraphrasing the actual intent in the letter that was sent the Pope McGlamry law firm on July 27th 2016, by the player;

> **Please be advised that I, Reginald Brown, do not want you to pursue a claim with the NFL under the proposed concussion settlement on my behalf. As of today, please cease all work**

> concerning the matter. I do not believe you have done anything to pursue the claim at this point. I thought that I would have been tested by now. I am going to retain a local lawyer to get me tested. If you have done anything on my behalf, please send me a copy of my file. Also, if you have any expenses on my behalf please send me an itemized list. Thank you for your prompt attention to this matter.

Please note in the above letter, where Mr. Brown requested:

> If you have done anything on my behalf, please send me a copy of my file. Also, if you have any expenses on my behalf please send me an itemized list.

Mr. Brown received zero communication of anything done on his behalf and received zero copies of any work or expenses to support any work done on his individual claim while he was with that law firm.

In the footnotes of the document on page 4 and 5:

> We note that the July 2016 termination letter signed by Player and directed to Pope McGlamry did not attempt to characterize the termination in any legalistic manner. It did not make reference to any deficiency in communication from the firm. Rather, the letter benignly stated: "I do not believe you have done anything to pursue the claim at this point. I thought that I would have been tested by now. I am going to retain a local lawyer to get me [sic] tested."

This statement makes note that the player did not attempt to characterize the termination in an legalistic manner. On September 6, 2022, Mr. Brown was approved for a Monetary Award because it was clearly established that Mr. Brown has neurocognitive impairments as defined in the underlying Settlement Agreement. However, despite the player having neurocognitive impairments, not having any prior legal education and his TOPF Reading Standard Score being Below Average, he still managed to express his extreme frustration and communicated clearly to the Pope McGlamry law firm, that

they did not do anything to further his claim, per quote of his termination letter:

> **I do not believe you have done anything to pursue the claim at this point. I thought that I would have been tested by now.**

Questions about Chronology of Representation on page 13th:

> **The chronology provided by Collins & Truitt reflected that the "first contact with client" and the two "Meeting[s] in person" took place in Spring, Texas as opposed to "in office," as indicated in other entries. Yet as Pope McGlamry noted in its Lienholder Response of February 8, 2023: "Collins is a Florida law firm located in Doral, Florida, approximately 1,200 miles from Spring, Texas.**

We have updated the chronological list to include parties responsible for each task.

Subsequently, I worked with Collins & Truett on amending the accounting of tasks performed by this law firm, including myself, on all work performed on Reginald D. Brown's matter, going back to April 19, 2022, just before Mr. Brown engaged the services of Collins & Truett on April 21, 2022, up through the date of receipt of his Monetary Award Letter, on September 6, 2022. Speaking for myself, I sincerely apologize for not reminding Mr. Collins to include the names of the individuals that worked with Reginald D. Brown and the NFL Claims Administrator during the drafting of the "Chronological List," and one of Mr. Collins' additional tasks on April 20, 2022. Until further notice from the Court, I will ensure that all tasks, and the names of all attorneys and staff are incorporated into subsequent lists during my review of the chronology, and prior to submission to the NFL Claims Administrator while responding to future Attorney's Liens.

_____   __7_/_24_/_2022__
Dr. Nola S. Delaney
Sr. NFL Claims Specialist