IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,<br>                                     Plaintiffs,<br>    v.<br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>                                     Defendants. | |
| THIS DOCUMENT RELATES TO:<br><br>Zimmerman Reed<br>v.<br>SPID 100008243 (S.A.J.)<br>Attorney Lien Dispute<br>Case No. 00204 | |

**EXPLANATION AND ORDER**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                     August 11, 2023

      Before the Court is a Notice of Attorney's Lien ("Lien") and a Petition to Establish Attorney's Lien seeking attorney's fees and costs from any Monetary Claim to be paid to Settlement Class Member SPID 100008243 (S.A.J.) (the "SCM"), who was issued a Notice of Monetary Award Claim Determination on September 20, 2022. The lien was filed in March 2017 by Zimmerman Reed ("Zimmerman"). The SCM is currently represented by Meyers & Flowers, LLC ("Meyers") pursuant to a co-counsel agreement with Acosta and Associates, LLC ("Acosta").

      The District Court referred all Petitions for individual attorney's liens to this Magistrate Judge. (Doc. No. 7446.) Rules Governing Attorneys' Liens ("Rules") were adopted on March 6,

2018 and amended on October 3, 2018. (Doc. Nos. 9760 and 10283.) Pursuant to Rule 12, Zimmerman and Meyers (the "Parties") were advised of their right to consent to have the Magistrate Judge issue a final Order to resolve this dispute. The Parties have so consented. Accordingly, this Explanation and Order will serve as the final decision of the Court concerning this attorney lien dispute.[1]

On July 17, 2023, the Parties submitted a revised Withdrawal of Attorney's Lien Dispute form pursuant to Rule 24 (the "Withdrawal"). The Withdrawal sets out an agreement that has been reached as to the portion of Player's Monetary Award that each law firm would receive as its fee from funds currently available for distribution, as well as how to allocate any portion of the 5% holdback that may be released in the future. The agreement was negotiated by law firms that presumably are informed and concerned about their own interest.

Upon review of the Withdrawal and the contingency fee agreements, and in consideration of the Presumptive Fee Cap (Doc. No. 9863), we conclude that the fee to be paid to each firm is reasonable, does not exceed the percentage for which the parties contracted, and that the collective fees are within the percentage allowed under the 22% Presumptive Fee Cap. Accordingly, we conclude that the Withdrawal will be granted and that the Claims Administrator is directed to distribute the attorneys' fees to the parties as set forth in the Withdrawal.[2] We

---

[1] This decision does not concern the propriety of the Monetary Award to the SCM, which has already been authorized. Rather, it addresses only the allocation of the portion of the SCM's Monetary Award that was set aside by the Claims Administrator for fees and costs of the SCM's individually-retained counsel. It is the SCM's retention of more than one attorney to represent him in this matter, and the filing of an attorney's lien by prior counsel, that has created the need for this judicial determination of the appropriate fee.

[2] Pursuant to the Court's Order Regarding Withholdings for Common Benefit Fund (Doc. No. 10104), 5% of the Award is currently being held in the Attorney's Fees Qualified Settlement Fund,

also have reviewed the list of costs submitted by the Parties and the provisions of their contingent fee agreements that provide for reimbursement of certain costs, which appear to be in good order.[3] We conclude that both firms are entitled to the costs asserted.

    **AND NOW**, this 11th day of August, 2023, it is **ORDERED** that:

1. The Withdrawal of the Lien Dispute is **GRANTED**; and

2. The Claims Administrator is **ORDERED** to distribute the withheld funds in accordance with this decision, the provisions of the Settlement Agreement, and all Court Orders regarding implementation.

BY THE COURT:

/s/ David R. Strawbridge, USMJ<br>
DAVID Rp. STRAWBRIDGE<br>
UNITED STATES MAGISTRATE JUDGE

---

where it must remain until further order of the Court. The Claims Administrator will ensure that if any portion of those funds are later released they will be paid pursuant to the agreed terms in the Withdrawal.

[3] We are mindful of a potential concern regarding one of the costs for which the parties agreed Meyers would be reimbursed. This cost was incurred in May 2017 by Acosta, which is now co-counsel of Meyers, for neuropsychological testing of S.A.J. Subsequent to that examination, the neuropsychologist that Acosta engaged came under the scrutiny of the Claims Administrator and the Special Masters, who had reason to believe that claims relying on the testing he administered to a number of class members may have involved a misrepresentation, omission, or concealment of a material fact. Pursuant to a Statement of Finding entered in September 2018, claims that relied on testing by this neuropsychologist were flagged for particular review. We note that the Special Masters' review did not implicate Acosta in any wrongdoing with regard to this neuropsychologist, and that Acosta incurred this cost before there appears to have been any concerns raised about this provider. We therefore find no basis to preclude Meyers from recovering, on behalf of Acosta, the cost of this neuropsychologist's testing of S.A.J.