# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | ) ) ) |
| | No. 12-md-2323 (AB) |
| THIS DOCUMENT RELATES TO: | ) ) ) |
| | MDL No. 2323 |
| Plaintiffs' Master Administrative Long Form Complaint and | ) ) ) |
| | **NOTICE OF ATTORNEY'S LIEN** |
| **BRANDON LYNCH, Plaintiff** | ) ) ) ) ) |

Attorney Jason E. Luckasevic and Goldberg, Persky & White, P.C., attorneys in the above-entitled action, hereby notify this Court and all parties that they have a lien in this case for legitimate case costs and expenses as set forth in the accompanying Petition to Establish a Cost and Expenses Lien relating to Plaintiff, **BRANDON LYNCH.**

Dated: August 30, 2023

Respectfully submitted,

GOLDBERG, PERSKY & WHITE, P.C.

/s/  *Jason E. Luckasevic*
Jason E. Luckasevic, Esquire
PA Bar No. 85557
11 Stanwix Street, Suite 1800
Pittsburgh, PA  15222
Phone:  412-471-3980
Fax:  412-471-8308
jluckasevic@gpwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing *Notice of Costs and Expenses Lien* to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania on all parties registered for CM/ECF in the litigation.


Dated: August 30, 2023                   */s/   Jason E. Luckasevic*
                                         Jason E. Luckasevic, Esquire
                                         PA Bar No. 85557
                                         11 Stanwix Street, Suite 1800
                                         Pittsburgh, PA  15222
                                         Phone:  412-471-3980
                                         Fax:  412-471-8308
                                         jluckasevic@gpwlaw.com

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | ) ) ) | No. 12-md-2323 (AB) |
| | ) ) | MDL No. 2323 |
| THIS DOCUMENT RELATES TO: | ) ) | |
| Plaintiffs' Master Administrative Long Form Complaint and | ) ) ) | **PETITION TO ESTABLISH ATTORNEY'S LIEN** |
| **BRANDON LYNCH, Plaintiff** | ) ) ) ) ) | |

Now comes the Petitioner, Jason E. Luckasevic, Esquire for Goldberg, Persky & White, P.C., ("GPW") pursuant to an executed retainer agreement, and states:

1.      Petitioners are attorneys at law admitted to practice before the Courts within the Commonwealth of Pennsylvania, and file this Petition to establish a lien for costs and expenses as set forth hereinafter.

2.      On or about March 18, 2021, the Honorable John C. Cooper, Circuit Judge of the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida entered an Order approving the transition and assignment of the Howard & Associates, Attorneys at Law, P.A., NFL Concussion litigation cases to the Assignee, Larry S. Hyman and Goldberg, Persky & White, P.C.

3.      On May 1, 2022, The Honorable Darren D. Farfante entered an Order in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida approving Goldberg, Persky & White's representation to include the pursuit of fees and costs owed to the Assignee, Larry S. Hyman for attorney charging liens.

4.     Shenaq PC, Virage SPV, Howard & Associates, Attorneys at Law, P.A. (the "**Howard Firm**"), and Phillip T. Howard entered into an Amended Multiparty Agreement as of April 15, 2019 (the "**Multiparty Agreement**"), and Shenaq PC and the Howard Firm entered into an Amended and Restated Co-Counsel Agreement dated as of April 15, 2019 (the "**Co-Counsel Agreement**").  The terms thereof provided funding to Shenaq, PC for the costs advanced for MAF testing of the Howard and Shenaq clients as well as a fee sharing arrangement.

5.     On or about August 7, 2017,  Howard & Associates  were retained and employed by the Plaintiff, Brandon Lynch, pursuant to a contingency fee agreement for legal services, to pursue a claim for injuries and damages allegedly caused by the National Football League's conduct associated with football-related concussions, head, and brain injuries.  (See Exhibit #1).

6.     The Petitioners claim the right to have a lien for reimbursement of all legitimate costs and expenses during the Howard/Shenaq relationship established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiff in this action.

WHEREFORE, the Petitioners pray:

(1)   That a costs and expenses lien be established;

(2)   That the amount of the lien be determined;

(3)   That the Defendant or the Defendant's insurer be prohibited from paying to the Plaintiff and/or his present lawyer any sums of money until said lien has been satisfied; and

(4)   For such other further relief as this Court deems just.

Dated: August 30,  2023

Respectfully submitted,

GOLDBERG, PERSKY & WHITE, P.C.

/s/  *Jason E. Luckasevic*

Jason E. Luckasevic, Esquire
PA Bar No. 85557
11 Stanwix Street, Suite 1800
Pittsburgh, PA  15222
Phone:  412-471-3980
Fax:  412-471-8308
jluckasevic@gpwlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing *Petition to Establish Costs and Expenses Lien* to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Eastern District of Pennsylvania on all parties registered for CM/ECF in the litigation.


Dated:  August 30,  2023

/s/   *Jason E. Luckasevic*
Jason E. Luckasevic, Esquire
PA Bar No. 85557
11 Stanwix Street, Suite 1800
Pittsburgh, PA  15222
Phone:  412-471-3980
Fax:  412-471-8308
jluckasevic@gpwlaw.com

# Howard & Associates
# Attorneys at Law, P.A.

Dr. Tim Howard, J.D., Ph.D., Senior Partner*

Florida Supreme Court Certified Mediator

| | | |
|---|---|---|
| Howard & Associates, P.A. | Cambridge Office | Cambridge Graduate University |
| 2120 Killarney Way, Suite 125 | 8 Museum Way Ste. 2407 | One Broadway, 14th Floor |
| Tallahassee, Florida 32309 | Cambridge, MA 02141 | Cambridge, MA 02142 |
| (850) 298-4455 | (857) 277-0990 | (617) 475-0201 |
| (850) 216-2537 | Tim@howardjustice.com | (877) 645-6225 (6-GLOBAL) |
| Tim@howardjustice.com | | president@cguglobal.net |

## RETAINER AGREEMENT & POWER OF ATTORNEY

### 1.    Scope and Conditions

This document (the "Agreement" hereinafter) is between _Brandon Lynch_ (the "Client" hereinafter) and Howard and Associates, P.A. (the "Attorneys" hereinafter) to represent and potentially file claims and/or lawsuits, on the Client's behalf, in relation to the IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION (No. 2:12-md-02323-AB) Final Settlement Agreement. Representation is limited to: 1) evaluating and potentially filing a claims packet with the claims administrator, on the Client's behalf, and 2) the Attorneys may also pursue, on the Client's behalf, claims against any other person, firm or corporation the Attorneys deem responsible for damages suffered and arising out of the effects of mild traumatic brain injury caused by the concussive and sub-concussive impacts experienced by former National Football League ("NFL" hereinafter) football players. The Attorneys may also pursue claims through filing formal complaints either individually, or as part of a class action, in either state or federal court, or both.[1] The Attorneys make no promise or guarantee regarding the outcome of this matter, and retain sole discretion as to whether to pursue any appeal.

The Attorneys reserve the right to withdraw from representation, upon reasonable notice given to the Client. The Client agrees to abide by the Agreement, and to keep the Attorneys informed of both current developments that relate in any meaningful way to the Client's causes of action, and the Client's current contact information.

### 2.    Costs

If the Attorneys advance funds on behalf of the Client, in the representation of the Client, they are entitled to be reimbursed from any recovery for such amounts as they have reasonably advanced on behalf of the Client, as follows:

A. **Common Costs:** Common costs (experts we have retained to build our cases, theories and economic models generally which all clients will benefit from, general travel costs and related expenses

---

[1] Plaintiffs seek to hold the NFL responsible for their injuries under various theories of liability, including that the NFL allegedly breached a duty to NFL football players to warn and protect them from the long-term health problems associated with concussions and that the NFL allegedly concealed and misrepresented the connection between concussions and long-term chronic brain injury.

EXHIBIT 1

that all clients benefit from such as attending Multi-District Litigation (MDL) and other hearings, depositions, co-counsel meetings, meetings of NFL Work Groups, Joint Prosecution Groups, and Steering Committee meetings to discuss strategy and presentation generally, expense of scanning/copying documents, faxes, registered mail, postage,, and other costs and expenses related to the cases generally that are not related to a particular claim or case):

| | |
|---|---|
| 0 - $1,000,000.00 | 5% |
| $1,000,000.00 + | 2.5% |

B. **Particularized Costs:** Particularized costs (medical evaluations, medical records, other medical expenses, court costs, copies, printing, scanning, economic reports, accounting, express mail, certified mail, expert witness fees and expenses, and other expenses relating to a particular claim or case, including costs of investigation and litigation).

The Client hereby understands that the Client will not have to advance any costs, fees, or retainers for any actions under this Agreement.

3.	**Fees**

The monetary basis of this retainer will be a percentage of the recovery, generally known as a contingency fee.

A. **Payments Obtained From the Filing of a Claims Packet:** Under this Agreement, the Client agrees to pay the Attorneys 20% of all gross monies recovered on the Client's behalf in relation to the IN RE NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION (No. 2:12-md-02323-AB) Final Settlement Agreement.

B. **Payments Obtained From the Filing of Civil Suit:** If a civil action is filed or any recovery is made other than as set forth above, the Attorneys shall be entitled to receive, as compensation for their services, 33 1/3% of the gross amount of any such recovery or compensation for loss or damages from any defendant or source of recovery, plus an additional 5% of the gross amount of any recovery after notice of appeal is filed or post-judgment relief or action is required for recovery on the judgment.

C. **Court Awarded Fee:** It is further agreed and understood that, should the court award any fee in this action, the Attorneys are entitled to the greater of the following:

1)	The fee awarded by the court;

2)	The fee under this Agreement;

3)	The contingent percentage under this Agreement applied to the total recovery plus the court awarded attorney's fees. In other words, the fee arrived at by taking the total attorney's fees awarded by the court, adding to it the judgment or settlement, and applying the contingent percentage for attorney's fees to that sum.

In the event that an action is settled by periodic payments, the contingent fee percentage of that action will be calculated on the cost of the structured settlement, or, if the cost is unknown, on the present money value of the structured settlement, whichever is less.

In the event that fees are recovered from any adverse party, this Agreement is not to be construed as a limitation on the maximum reasonable fee to be awarded to the Attorneys by the Court. Any fees awarded by the Court and paid by a defendant will be credited against the sums due from the Client, and the Attorneys will retain any excess.

If it is determined that one or more of the responsible parties is a governmental agency and that the recovery and/or attorney's fees are limited by law against the party, it is understood that the attorney's fee, with respect to recovery from that particular party, shall be the amount provided by law.

It is agreed and understood that this employment is on a contingency fee basis, and, if no recovery or savings is made, the Client will not be indebted to the Attorneys for any sums whatsoever as attorney's fees and costs.

The Client hereby authorizes the Attorneys to endorse any checks made payable to the Client to avoid any delay in processing recovery of claims.

### 4.  Withdrawal / Discharge

It is agreed and understood that if the Attorneys, in their sole discretion, should at any time not want to proceed further with the prosecution of any claims, then they may withdraw as counsel and they are free from any further obligations under this Agreement.

In the event that the Attorneys are discharged from representation, or withdraw for just cause, the costs incurred or forwarded by the Attorneys on the Client's behalf shall constitute a lien on the Client's claims and any recovery thereon from any source. Compensation for the Attorneys' time devoted to the handling of the Client's claims shall constitute a lien on any recovery on said claims which shall be discharged from any further settlement or judgment on said claims, prior to any disbursement of any proceeds from that settlement or judgment.

### 5.  Separate Claim

It is agreed and understood that should the Attorneys be required to file a separate claim in an effort to effect recovery in the Client's claims for damages, and should they be awarded attorneys' fees by the court as a consequence of that claim, said attorneys' fees will be considered separate from the amount of fees the Attorneys are entitled to as set forth above in this agreement.

### 6.  Division of Fees

The Client hereby understands that there may be a division of fees between lawyers who are not in the same firm.

The Client hereby understands that the Attorneys, in their sole discretion, shall determine among themselves how to allocate their fees, and the Client hereby authorizes and agrees to the division of the fee in any manner that the Attorneys deem to be fair and reasonable. The Client hereby understands that circumstances may alter the Attorneys' proportionate share of the fees. The Attorneys agree to provide the Client with information concerning their division of fees upon request.

The Client further understands and agrees that each law firm assumes joint legal responsibility for representation of the Client and agrees to be available for consultation.

### 7.     Cancellation

This Agreement may be canceled by written notification to the Attorneys at any time within (3) business days of the date the contract was signed, as shown below, and if canceled, the Client shall not be obligated to pay any fees to the Attorneys for the work performed during that time. If the Attorneys have advanced funds to others in representation of the Client, the Attorneys are entitled to be reimbursed for such amounts as they have reasonably advanced on behalf of the Client.

### 8.     Signature of the Parties

I, the Client, hereby agree to employ the Attorneys (Howard & Associates) under the above listed conditions. This contract contains our entire agreement and is not valid unless signed by both parties.  I have received a copy.


_____          _____

Client  (Signature)                                      Date


_____          _____

Attorney                                                  Date

Employment is accepted on the foregoing terms.

Tim Howard, J.D., Ph.D.
Florida Bar No.: 655325
HOWARD & ASSOCIATES, P.A.
2120 Killarney Way, Suite 125
Tallahassee, Florida 32309
Office: (850) 298-4455
Fax:    (850) 216-2537
Tim@howardjustice.com

4

## STATEMENT OF CLIENT'S RIGHTS

Before you, the prospective client, arrange a contingency fee agreement with a lawyer, you should understand this Statement of your rights as a client. This Statement is not a part of the actual contract between you and your lawyer, but as a prospective client, you should be aware of these rights:

1.     There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate of percentage as in any other contract. If you do not reach an agreement with one lawyer, you may talk with other lawyers.

2.     Any contingency fee contract must be in writing and you have three (3) business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within three (3) business days of signing the contract. If you withdraw from the contract within the first three (3) days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. But if you lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the three-day period, you may have to pay a fee for work the lawyer has done.

3.     Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training and experience. If you ask, the lawyer should tell you specifically about his or her actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4.     Before signing a contingency fee contract with you, a lawyer must advise you whether he or she intends to handle your case alone or whether other lawyers will be helping with the case. If you lawyer intends to refer the case to other lawyer, he or she should tell you what kind of fee-sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least one lawyer from each law firm must sign the contingency fee contract.

5.     If your lawyer intends to refer a case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interest and is legally responsible for the acts of the other lawyers involved in the case.

6.     You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

7.     You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs, and liability you might have for attorney's fees to the other side.

8.     You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement, you need not pay any money to anyone, including your lawyer. You also have the right to have every law firm working on your case sign the closing statement.

9.      You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10.      You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11.      If at any time, you, the client, believe that your lawyer has charged an excessive or illegal fee, you, the client, have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 1-800-342-8060, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit.

DATE: 8-7-17

PRINT OR TYPE NAME

CLIENT SIGNATURE

DATE: 8-7-17

PRINT OR TYPE NAME

CLIENT SIGNATURE

**ATTORNEY**