IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody** |
| This relates to: | |
| Plaintiffs' Master Administrative Long Form Complaint and (if applicable) | |
| **This document relates to:**<br>**KIWAUKEE THOMAS** | |

## NOTICE OF ATTORNEY'S LIEN

Pursuant to O.C.G.A. § 15-19-14, the Petitioner, Keith P. Ligori, attorney for the Plaintiff in the above-entitled action, hereby notifies this Court and all parties that he has a lien in this case for reasonable attorney's fees, plus expenses, as set forth in the accompanying Petition to Establish Attorney's Lien.

Dated: May 15, 2023

Respectfully submitted,

*[signature]*

KEITH P. LIGORI, ESQUIRE
Ligori & Ligori
1711 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: (813) 254-7119
Facsimile:   (813) 254-7116
Florida Bar Number: 0474710
*Attorneys for Plaintiff*
litserv@callmeonmycell.com
kligori@callmeonmycell.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATATION | No. 2:12-md-02323-AB<br>MDL No. 2323<br>**Hon. Anita B. Brody** |
| This relates to: | |
| Plaintiffs' Master Administrative Long Form Complaint and (if applicable) | |
| **This document relates to:**<br>**KIWAUKEE THOMAS** | |

Now, comes, the Petitioner, Keith P. Ligori for Ligori & Ligori, pursuant to O.C.G.A. § 15-19-14 and executed employment contract section titled "Termination of Agreement," and states as follows:

(1) The Petitioner is an attorney at law admitted to practice before the courts of this state, and files this Petition to establish his lien for attorney's fees as set forth hereinafter.

(2) On or about November 15, 2016, Petitioner was retained and employed by the Plaintiff Kiwaukee S. Thomas, pursuant to a contingent fee agreement, to pursue a claim for injuries

and damages related thereto possibly caused by the National Football League's and all other responsible parties' liability for former and/or retired NFL players' long-term brain injuries and other head injuries and damages associated with football-related concussions, head and brain injuries.

(3) Per Court Order regarding Attorney's Fees, the fee of 17% is due or in the alternative using the "Presumptive Fee Cap".

(4) When Petitioner entered into contract with Plaintiff, he entered into the risk and expense of the litigation before any settlement discussion had been held.

(5) From the date this Petitioner was authorized to proceed on behalf of the Plaintiff, the Petitioner has actively and diligently applied himself to the investigation, preparation, and pursuit of Plaintiff's claims, and has taken all steps necessary to prosecute those claims, including, but not limited to, correspondence and communications with the client, preparing for and holding teleconferences.

(6) The Plaintiff has recently discharged the Petitioner as his attorney in this matter.

(7) The Petitioner was not terminated by the Plaintiff for cause, and the termination was not due to any malfeasance or other improper action on the part of the Petitioner.

(8) The Petitioner claims the right to have a lien for attorney's fees and expenses established and enforced upon any sums to be derived from any settlement or judgment obtained or to be obtained by Plaintiffs in this action.

WHEREFORE, the Petitioner prays;

(1) That his attorney's lien be determined;

(2) That the amount of the lien be established;

(3) That the Court order that the Petitioner be entitled to enforce his attorney's lien against the proceeds to be derived from any settlement or judgment in this action;

(4) That the Defendant or the Defendant's insurer be prohibited from paying to the Plaintiff any sums of money until said lien has been satisfied;

(5) For such other and further relief as this Court deems just.

Dated: May 15, 2023

Respectfully submitted,

KEITH P. LIGORI, ESQUIRE
Ligori & Ligori
1711 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: (813) 254-7119
Facsimile:  (813) 254-7116
Florida Bar Number: 0474710
*Attorneys for Plaintiff*
litserv@callmeonmycell.com
kligori@callmeonmycell.com

# HARD COSTS DUE

| DATE OF INVOICE / PAYMENT | AMOUNT | PAID TO | DESCRIPTION |
|---|---|---|---|
| 11/16/16 | $1,870.00 | Neurology & Physical Therapy Centers of Tampa | Evaluation by Rosanna Garner, MD (neurologist) |
| 11/18/16 | $22.26 | Fed-Ex | Delivery to client (forms & contract to complete/sign |
| 12/7/16 | $2,200.00 | Rose Radiology | MRI Brain (LOP signed by Attorney Ligori) |
| 12/8/16 | $3,500.00 | The Neuropsychiatric Institute | Evaluation by Walter E. Afield, M.D. |
| 1/16/17 | $30.08 | Fed-Ex | Delivery to client |
| 5/10/17 | $500.00 | The Neuropsychiatric Institute | Review/Execute NFL Pre-Effective Date Diagnosing Physician Certification |
| 10/15/18 | $1,000.00 | NFL Concussion Settlement | Appeal fee |
| 1/1/19 | $1,000.00 | NFL Appeal | Filing fees |
| **TOTAL:** | **$10,122.34** | | |

**ADDITIONAL COSTS:**

POSTAGE:         $16.30

INTEREST/TAX:    $412.46


ATTORNEY'S FEES FOR:

REVIEW OF CLIENT'S WORKERS' COMP CASE ON OR ABOUT 6/6/17

NFL CONCUSSION SETTLEMENT
CONTRACT FOR REPRESENTATION

The undersigned client, **Kiwaukee Thomas**, does hereby retain and employ Ligori & Cappy, Attorneys at Law, 217 North Howard Avenue, Suite 102, Tampa, Florida 33606, as his attorney to represent him in his claim against the NFL CONCUSSION SETTLEMENT.

Ligori & Cappy, Attorneys at Law, does hereby accept said employment under the terms and conditions hereunder set forth.

ORDER OF SETTLEMENT

(1)   FEES:

The undersigned client and Ligori & Cappy, Attorneys at Law, agree that as compensation for services, the undersigned client agrees to pay Ligori & Cappy, Attorneys at Law, the greater of the Court awarded attorney fees or from proceeds of recovery, twenty five (25%) percent of monies collected if the case is settled; and thirty percent (30%) of monies collected in the event the NFL or the client files an appeal or asks for a hearing due to the findings by any doctor or post-judgment relief or action is required for recovery of the judgment.

The undersigned client also authorizes Ligori & Cappy, Attorneys at Law, to collect said monies for him on his behalf and disburse the same to him after deducting outstanding bills and attorneys fees and costs as hereinabove stated. It is agreed and understood that this employment is on a contingent fee basis, and if no recovery is made, he will in no way be indebted to his said attorney for any other sums except as outlined above.

In the event the undersigned client agrees to accept an installment or structured settlement of his case, Ligori & Cappy, Attorneys at Law, may agree to accept an installment payment of fees over a designated period of time in the settlement agreement or Ligori & Cappy, Attorneys at Law, shall be paid the percentage fee to which it is entitled based upon the cost of settlement or the present value of the total structured settlement amount, said method of payment of fees to be at the sole discretion of Ligori & Cappy, Attorneys at Law.

*If applicable*, _____% of the attorney's fees will be shared with Attorney _____ for case participation. Attorney _____ office will be assisting in the handling of this case.

(2)   RESOURCES:

It is further agreed by the undersigned client and Ligori & Cappy, Attorneys at Law, that Ligori & Cappy, Attorneys at Law, may use all resources available to them, including but not

limited to, attorney's, secretaries, receptionist, paralegals, investigators, hired experts and, staff to work on the undersigned client's file in order to achieve the best possible results for the client.

It is further agreed by the undersigned client and Ligori & Cappy, Attorneys at Law, that if the attorney deems it necessary, may use outside counsel to assist in the undersigned client's case in order to produce the best possible result for the client.

(3)   COSTS:

The undersigned client does hereby agree to pay or reimburse Ligori & Cappy, Attorneys at Law, for costs as follows:

An administrative fee of $250.00 will be charged in lieu of charges for telephone calls, mileage, storage of client's file for a minimum of seven years, cost of setting up client's file, etc.

**Pre-Litigation**: The client agrees to pay all out of pocket expenses of the firm, if there is a recovery. These expenses may include such things as:

**Investigation**: Initial sign-up, witness statements, insurance search, asset checks, locate investigations, property damage photos, etc.

**Medicals:** Medical records to include but not limited to, copies of medical records and bills, final reports, specialist consultations, re-read of films, photographs or videos of medical procedures, fees paid to physicians and other experts for reports, examinations, etc.

**Additional Expenses:** Photocopies at the rate of $.50 per page, facsimile charges at the rate of $.50 per page and mailing and postage expenses including but not limited to certified mail return receipt, UPS, FedEx, any charges for outsourced paralegal work, courier services, and any other special costs that may be needed in order to achieve the best results, etc.

**Litigation:** The client(s) agree to pay all litigation costs including pre-litigation costs as outlined above as well as, but not limited to;

**Filing:** Clerk of Court filing fee (varies per county/division), cost of issuing summonses, copies obtained from Clerk's file, etc.

**Investigation:** Process service, asset investigations, criminal background investigation, driving records, obtaining witness statements, witness locate, prior accidents, police reports, etc.

**Court Reporters/Videographers:** Court reporter appearances, videographer appearances, transcripts, copies of video depositions, attendance at hearings, hearing transcripts, etc.

**Medicals:** Medical records, copies of films, CD/DVD/photographs of medical procedures, retainers for experts, retainers to experts/treating physicians for depositions/trial appearances, etc.

**Additional Expenses:** Reconstruction specialists, research time, cost analysts, mediation costs, mediation presentation costs, as well as other related expenses and costs incurred which may be necessary depending upon the particular case, etc.

If there are any other cost expenditures that are not listed above, the client gives the Ligori & Cappy, Attorneys at Law, the authority to pay out whatever costs necessary that Ligori & Cappy, Attorneys at Law, or its representatives deem appropriate and necessary to maximize the case results for the client. The client acknowledges and understands that Ligori & Cappy, Attorneys at Law, may have outside specialists to help resolve guardianship, probate/estate issues, Medicare set aside and special needs trusts, and that any costs related to such matters will be a case expense, not part of the Law Firm's fee. The client also acknowledges, understands and agrees that if such costs are incurred, the costs will be paid from the client's net recovery, not the Law Firm's fee.

Ligori & Cappy, Attorneys at Law, charges client at the rate of 10% annually on all hard costs advanced by the firm on behalf of the client's case. These charges are collected upon distribution.

(4)     SETTLEMENT DISTRIBUTION PAYMENT:

At the time of settlement of the undersigned client's case, a Settlement Distribution Agreement will be prepared for the client which will enumerate all fees, costs, medical expenses and any other disbursements from the settlement funds. This Settlement Distribution Agreement will be approved by Ligori & Cappy, Attorneys at Law, and the undersigned client before disbursement is made of the settlement funds. Attorney's fees and costs are deducted from gross settlement prior to any medical bills being paid or any monies paid to client. All medical bills will then be paid pursuant to letters of protection. It will be the client's decision to pay any providers who do not have a signed letter of protection from our office. Client is responsible for and agrees to pay out of the settlement proceeds any and all liens owed including but not limited to: Hillsborough County Healthcare, child support, IRS, Medicaid, Medicare, or any other governmental or state entity that is owed. Client will then receive net settlement proceeds.

This contract may be canceled by written notification to the attorney at any time within three (3) business days of the date the contract was signed, as shown below, and if canceled the client shall not be obligated to pay any fees to the attorney for the work performed during that time. If the attorney has advanced funds to others in representation of the client(s), the attorney is entitled to be reimbursed for such amounts as has been reasonably advanced on behalf of the client.

(5)     MEDICAL TREATMENT/REFERRALS

Since you were injured and needed medical treatment for your injuries, you were able to choose any physician, clinic, doctor's office, specialist, etc. of your preference. The decision as to where you treat is completely your decision and responsibility. However, based on the nature

of the case or injury, Ligori & Cappy, Attorneys at Law, may provide you with names and contact information of physicians, clinics, specialists, etc., that specialize in your specific type of injury, complaints or type of case. You have also been fully advised that Ligori & Cappy, Attorneys at Law, may have a professional relationship with the physician, clinic, doctor's office or specialist that we recommend (i.e. referral services). Should you decide to seek treatment with one of the recommended providers, the decision was solely that of yours after consideration of all of the alternatives, your schedule, your work and home location, the type of injury you have, the type of case you have, etc...

Ligori & Cappy, Attorneys at Law, does subscribe to certain referral services (1-800-Ask-Gary/Physicians Group, Attorney Hotline, All Pro Referral Service, etc.) that are approved and maintained in accordance with the rules of the Florida Bar and a laws of the State of Florida. The client acknowledges and understands that Ligori & Cappy, Attorneys at Law, pays a monthly subscription fee to the referral service by which the client was referred. Some referral services also offer referrals to medical clinics that may or may not be owned and operated by the referral service. If the client was referred by a referral service then the referral service may want the client to treat at their own clinics, but the decision is completely up to the client. The only reason any client would be referred to any doctor is because of the client' schedule, work/home location, or the type of injury the client suffers from and the sufficient doctors located in those areas. When a client is referred to Ligori & Cappy, Attorneys at Law, by a referral service, the client understands that he may be receiving medical treatment by a provider/facility that owns the referral service and a subscription fee to the referral service has been paid. In the event the client was referred by a referral service as outlined above, the client understands that this does not have any bearing on the medical treatment provided, nor the medical provider the client is referred to or the legal services provided by Ligori & Cappy, Attorneys at Law.

Ligori & Cappy, Attorneys at Law's mission statement is to provide the best legal representation with the best customer service and to do everything we can in our power, within the boundaries of our oaths to get the client the best result possible.

(6)     TERMINATION OF AGREEMENT

This agreement may be terminated by either party upon written notice. If the client terminates the agreement within (3) business days from the date it was signed, the client shall not be obligated to pay any fees to the FIRM for work performed during that time.

If the client terminates the agreement after (3) business days from the date the agreement was signed, the client agrees to pay the FIRM a fair and reasonable fee for any legal services provided up to the date of termination. The client agrees that an hourly fee of $500.00 is a reasonable hourly fee for work performed by an attorney and the client agrees that an hourly fee of $100.00 is a reasonable hourly fee for the work performed by a paralegal, legal assistant, or other office personnel who may have performed any type work upon the case, including secretarial functions. If the FIRM are forced to file a charging lien, retaining lien or an independent action to recover its fees or costs, the client agrees as to the reasonableness of the

hourly fees as set forth above, thereby leaving the issue of the amount of time expended upon the case by the FIRM as the sole remaining issue to be decided by the court.

If the FIRM has advanced out-of-pocket expenses to others in representation of the clients, the FIRM is entitled to reimbursement of those amounts by the clients regardless of whether the FIRM was discharged with or without cause.

If FIRM is terminated from representation the Client agrees to pay the Firm all costs expended on this case within 15 days of termination. If the Client does not pay the costs within 15 days upon termination then Client stipulates to a final judgment against them, for all costs and attorney's fees, as calculated by the FIRM attorney and agreed to above, up to date of termination, against the Client.

(7)   CLIENT'S RESPONSIBILITIES

The client agrees to keep the FIRM advised of the client's current address(es) and telephone number(s), to cooperate in the prosecution of the case, to attend depositions and trials as required, and to not discuss any aspect of the case with any person without prior consultation with the FIRM. The client has, before signing this contract, received and read the Statement of Client's Rights authored by the Florida Bar, and understands each of the rights set forth therein. The client has signed that statement and received a signed copy to keep and refer to while being represented by the FIRM.

(8)   SOCIAL NETWORKING SITES

If the client is involved in any type of social networking, including web pages, Facebook.com, MySpace.com, Twitter, etc., client agrees to deactivate any and all accounts immediately. Insurance companies, their investigators and their attorneys may look at these sites for any incriminating information and it could reflect negatively on client during negotiations, or especially during a trial. They are looking for anything that could potentially hurt the case. Photographs posted on any of these websites could give an insurance company or an investigator insight about where client may hang out or what kind of activities client may participate in and they could get surveillance of client that could affect the outcome of this case. If client decides not to remove these accounts, client must notify the attorney immediately. Unfortunately, even if client deactivates account or sets account as "private" and the case goes to trial, the insurance company could ask the Judge to order client to give them complete access to all social networking sites. Therefore, if client decides not to take down these sites or client simply cannot, client understands that any photographs that are posted and what is said online may have a negative impact on the case. All twitter accounts must be deleted, but may be picked back up at the conclusion of the case. If client believes for any reason that Insurance Company or their Lawyers have accessed these web-pages or social networking profiles, client must inform his/her attorney immediately.

(9)     JURISDICTION

The jurisdiction for this contract is Tampa, Hillsborough County Florida and Florida law applies to this contract.

DATED this 15th day of November, 2016

By initialing each section and signing below, I affirm that I have read, understand and completely agree with the entire contract hereinabove.

Ligori & Cappy, Attorneys at Law
217 North Howard Avenue, Suite 102
Tampa, Florida 33606

By: _____     _____
    ATTORNEY

    *[signature]*
    CLIENT

## STATEMENT OF CLIENT'S RIGHTS

Before you, the prospective client, arrange a contingency fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights.

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2. Any contingency fee contract must be in writing and you have three (3) business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within three (3) business days of signing the contract. If you withdraw from the contract within the first three (3) days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. But if your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering the necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for the work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about specific training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least one lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interest and is legally responsible for the acts of other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer

agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money which you might have to pay to your lawyer for costs and the liability you might have for attorney's fees to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement, you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time, you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call (800) 342-8060, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regulating The Florida Bar) be included in your fee contract.

**By signing below, I affirm that I have read and completely understand the entire statement above:**

LIGORI & CAPPY, ATTORNEYS AT LAW

_____         _____
ATTORNEY                                                    CLIENT

Date: _____           Date: 11/15/16