UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br><br>MDL No. 2323<br><br>Hon. Anita B. Brody |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated*,<br><br>                                     Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties LLC, successor-in-interest to NFL Properties, Inc.,<br><br>                                     Defendants. | Civ. Action No.: 14-cv-00029-AB |
| THIS DOCUMENT RELATES TO:<br>Settlement Class Member Vashone L. Adams (SPID 100000064) | Hon. Anita B. Brody |

**RESPONSE OF THE NATIONAL FOOTBALL LEAGUE AND
NFL PROPERTIES LLC IN OPPOSITION TO VASHONE L. ADAMS'
<u>AMENDED MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)</u>**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ........................................................................................................................... 3

        A.      The Settlement Agreement ....................................................................................... 3

        B.      Claimant's Testing And Procedural History ............................................................ 3

ARGUMENT ................................................................................................................................. 6

        A.      The Motion Impermissibly Seeks to Relitigate Issues Already Resolved by this Court and the Third Circuit. ............................................................................. 7

        B.      Claimant's Allegations Do Not Warrant Relief Under Rule 60(b) .......................... 9

CONCLUSION .............................................................................................................................. 9

The National Football League and NFL Properties LLC (collectively, the "NFL Parties") respectfully submit this response in opposition to the Amended Motion for Relief from Judgment (ECF No. 12503, the "Motion") of this Court's Settlement Implementation Determination (ECF No. 12440, the "Order"), filed by Settlement Class Member Vashone L. Adams ("Mr. Adams" or "Claimant") affirming the Special Master's denial of Mr. Adams' claim for a Qualifying Diagnosis Level 2 Neurocognitive Impairment (Sept. 22, 2023 Decision, Doc.ID 289614, the "Special Master's Decision").

## PRELIMINARY STATEMENT

Claimant's Motion—filed right after the Third Circuit affirmed denial of his claim—is yet another attempt to relitigate the proper and final denial of his claim for a Monetary Award under the Settlement Agreement.  As both this Court and the Third Circuit have squarely held, Mr. Adams' various filings constitute impermissible challenges to the Special Master's final and binding factual determinations that Mr. Adams is not entitled to a Monetary Award.  The instant Motion is simply more of the same, and falls far short of meeting the high standard for relief under Rule 60(b) of the Federal Rules of Civil Procedure.

Mr. Adams' claim for Level 2 Neurocognitive Impairment was denied by the Claims Administrator after Mr. Adams' neuropsychologist, Dr. Jane Booth, agreed with the Program's neutral experts that his neuropsychological testing was invalid.  That denial has since been affirmed by the Special Master, this Court, and the Third Circuit.  Specifically, this Court held that the Special Master's determination that Mr. Adams' testing was invalid "is an unreviewable factual finding" and that there was "no error" "implicat[ing] the fairness of processes."  (Order at 3–4.) The Third Circuit affirmed in full, holding that the Special Master's conclusions that Mr. Adams' testing was invalid and the prior resolution of his claims "regarding alleged bias and procedural irregularities" were final and binding factual determinations not subject to review, and would fail

in any event. *In re Nat'l Football League Players' Concussion Inj. Litig.*, No. 24-2684, at 5 (3d Cir. Oct. 31, 2025) (the "Third Circuit Decision").

Undeterred, Mr. Adams filed the instant Motion seeking relief under Rule 60(b). The Motion, however, simply reprises the arguments that this Court and the Third Circuit have already rejected, including that this Court failed to apply the proper standard of review, overlooked factual issues, and ignored procedural irregularities. (Mot. at 2.) Mr. Adams, however, "cannot use Rule 60(b) to reassert arguments that the District Court has already rejected." *Fonzone* v. *Oteri*, No. 23-2261, 2024 WL 837038, at *2 (3d Cir. Feb. 28, 2024). That is especially the case here, where this Court and the Third Circuit have squarely held that the conclusions that Mr. Adams continues to challenge were final and binding factual determinations by the Special Master not subject to review. The Motion should be denied on this independent basis.

In any event, Mr. Adams' allegations are completely baseless. The Court applied the correct standard of review and properly deferred to the Special Master's factual findings. The Special Master already determined, as a factual matter, that there was no bias or procedural irregularity in the processing of Mr. Adams' claim, and this Court and the Third Circuit likewise found no record support for such allegations. (Special Master Decision at 7; Order at 4; Third Circuit Decision at 5.) In fact, in adjudicating Mr. Adams' claim, the Claims Administrator took extra steps to ensure that it had all relevant information before rendering a decision. As this Court observed, this process was not improper, but entirely routine and expressly permitted by the Settlement Agreement. (Order at 4) Mr. Adams' conclusory claims to the contrary fall far short of meeting his high burden under Rule 60(b) to show extraordinary circumstances or any defect in the integrity of the proceedings warranting relief.

For these reasons, and those set forth below, the Motion should be denied.

## BACKGROUND

### A. The Settlement Agreement

The Settlement Agreement provides that "[f]or living Retired NFL Football Players diagnosed outside of the BAP, a diagnosis while living of Level 2 Neurocognitive Impairment, *i.e.*, moderate dementia, [must be] based on evaluation and evidence generally consistent with the diagnostic criteria set forth [for the BAP] in subsection 2(a)(i)-(iv)" of the Injury Definitions. (*See* Settlement Agreement, Ex. 1 § 2(b).) Those Injury Definitions require that a diagnosis of Level 2 Neurocognitive Impairment include "[e]vidence of a severe cognitive decline from a previous level of performance, as determined by and in accordance with the standardized neuropsychological testing protocol." (*Id.*, Ex. 1 §§ 2(a)(ii), 2(b).)

The neuropsychological testing protocol in turn requires that "at least seven performance validity metrics" be administered to each Retired Player. (*Id.*, Ex. 2 § 2.) "[A] Retired NFL Football Player's failure on two or more effort tests may result in the Retired NFL Football Player's test results being subjected to independent review, or result in a need for supplemental testing of the Retired NFL Football Player." (*Id.*) The Settlement Agreement also requires the neuropsychologist to complete the *Slick* Checklist of validity criteria "to determine whether the Retired NFL Football Player's test data is a valid reflection of his optimal level of neurocognitive functioning." (*Id.*)

### B. Claimant's Testing And Procedural History

In June 2022, Claimant submitted a claim for a Qualifying Diagnosis of Level 2 Neurocognitive Impairment, as of April 21, 2020, based on evaluations from a neurologist and neuropsychological testing by Dr. Booth. Dr. Booth initially considered Mr. Adams' performance validity to be "adequate," while noting several failures on performance validity measures and deferring determination concerning certain *Slick* criteria pending a third-party collateral report.

3

(Dec. 19, 2022 Booth Addendum, Doc.ID 274802.) With the benefit of the collateral report, the Appeals Advisory Panel Consultant ("AAPC") then reviewed Mr. Adams' Claim Package, identified five implicated *Slick* criteria in his neuropsychological testing, and concluded that, given the validity concerns, Mr. Adams did not meet the criteria for any Qualifying Diagnosis. (Oct. 31, 2022 AAPC Report, Doc.ID 272522.) Rather than deny the claim on that basis, the Claims Administrator relayed the AAPC's findings to Dr. Booth and invited additional input. (Dec. 7, 2022 Correspondence, Doc.ID 274226.) In response, Dr. Booth submitted an addendum agreeing that all five *Slick* criteria identified by the AAPC were implicated, and concluding that: "Considering the full *Slick* [c]riteria, including the items I had previously deferred to the neurologist, ***the updated interpretation would be invalid***." (Booth Addendum at 2–3 (emphasis added).)

The AAPC reviewed this response and again concluded that Mr. Adams does not meet the "criteria for either Level 1.5 or Level 2 Neurocognitive Impairment." (Jan. 19, 2023 AAPC Report, Doc.ID 276023.) On May 19, 2023, following review by an Appeals Advisory Panel ("AAP") member, the Claims Administrator denied Claimant's claim because his "diagnosis is not generally consistent with the Qualifying Diagnosis of Level 2 Neurocognitive Impairment because of invalid neuropsychological testing results." (May 19, 2023 Denial Notice, Doc.ID 283087 at 2.)

Mr. Adams appealed the denial of his claim on June 6, 2023, arguing that his diagnosis was "generally consistent" with the applicable criteria, and the denial of his claim was the result of "procedural irregularities, abuse of discretion, discrimination, bias and other factors." (*See* Appeal, Doc.ID 283942, at 1.) On September 22, 2023, the Special Master issued the Decision, denying Claimant's appeal. The Special Master determined that "it was not erroneous for the

4

Claims Administrator to adopt the examining neuropsychologist's ultimate, considered, and articulated judgment," and that "Dr. Booth's final report supports the determination that there are quantitative and qualitative reasons to doubt that Mr. Adams' scores represented a valid estimate of his cognitive functioning." (Special Master Decision at 7.) Accordingly, the Special Master concluded that "Mr. Adams has not established an entitlement to an Award," and denied the appeal. (*Id.*) The Special Master also rejected Mr. Adams' allegations of bias with respect to the processing and review of his claim. (*Id.*)

Mr. Adams then filed an objection to the Special Master's Decision. The Court denied the objection, finding that Mr. Adams "did not support his claim for the Qualifying Diagnosis of Level 2 Neurocognitive Impairment with the requisite validated testing." (Order at 5.) Specifically, the Court held that the Special Master's finding that the neuropsychological testing was invalid is an "unreviewable factual finding," that there was "no error" related to the fairness of the processes, and that the Special Master did not commit legal error in denying Claimant's claim. (*Id.* at 3–4.) Mr. Adams subsequently filed a motion for reconsideration of the Order, which the Court denied, concluding that there had been no change in controlling law or any newly available evidence that undermined its previous affirmance of the Special Master's decision. (ECF No. 12456, Denial of Reconsideration at 2.)

On February 26, 2025, Mr. Adams filed an appeal in the Third Circuit challenging the Court's Order and denial of his motion for reconsideration. The Third Circuit found that the "Special Master's conclusions regarding Adams' neuropsychological testing were factual," as were the "findings supporting the rejection of Adams' claims regarding alleged bias and procedural irregularities." (Third Circuit Decision at 5.) The Third Circuit noted the parties' "agree[ment] to be bound by the Special Master's fact findings" and emphasized that "[t]hose findings were

5

'unreviewable . . . by the district court.'" (*Id.* (citation omitted).) It also concluded that the District Court did not abuse its discretion in denying Mr. Adams' motion for reconsideration. (*Id.* at 6.) Accordingly, on October 31, 2025, the Third Circuit affirmed this Court's Order denying Mr. Adams' objection to the Special Master Decision and the denial of his motion for reconsideration.

Just five days after the Third Circuit's decision, Mr. Adams filed his initial Rule 60 motion (ECF No. 12500), which was followed by an amended motion filed on November 23, 2025 (ECF No. 12503). Mr. Adams also filed a motion for a rehearing en banc in the Third Circuit, which was denied.

## **ARGUMENT**

Federal Rule of Civil Procedure 60(b) permits relief from a final judgment on limited, enumerated grounds. Fed. R. Civ. P. 60(b). Specifically, under Rule 60(b)(1), relief may be granted for "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), but the movant must "specifically identify [the] mistake," rather than generally attack the district court's decision. *Folk* v. *Warden Schuylkill FCI*, No. 23-1936, 2023 WL 6617947, at *1 (3d Cir. Oct. 11, 2023). Rule 60(b)(3) allows relief based on "fraud . . ., misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3), which requires a showing that the opposing party's conduct "prevented [the movant] from fully and fairly presenting his case." *Harrison* v. *Harrison*, No. 22-3361, 2023 WL 7017695, at *3 (3d Cir. Oct. 25, 2023). The catch-all provision, Rule 60(b)(6), permits relief in "extraordinary circumstances" where, without relief, "an extreme and unexpected hardship" will result. *Satterfield* v. *Dist. Att'y Phila.*, 872 F.3d 152, 158 (3d Cir. 2017) (quotations and citations omitted). "This strict interpretation is essential to preserve the finality of judgments." *BLOM Bank SAL* v. *Honickman*, 605 U.S. 204, 205 (2025).

The law is well settled that a movant "cannot use Rule 60(b) to reassert arguments that the [d]istrict [c]ourt has already rejected." *Fonzone* v. *Oteri*, No. 23-2261, 2024 WL 837038, at *2

6

(3d Cir. Feb. 28, 2024). A Rule 60(b) motion is not a "substitute for appeal," *Hatchigian* v. *Exelon Corp.*, No. 24-2776, 2025 WL 878963, at *1 (3d Cir. Mar. 21, 2025), nor a "mechanism to seek review of [a] prior decision." *Walsh* v. *United States*, 639 F. App'x 108, 112 (3d Cir. 2016). Rather, the movant bears a "heavy burden," as Rule 60(b) relief is "extraordinary" and "should be granted only where extraordinary justifying circumstances are present." *Bohus* v. *Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (citation omitted).

Mr. Adams has not come close to meeting that burden here. Instead, for the fifth time, Mr. Adams challenges the proper denial of his claim by advancing meritless arguments already rejected by this Court and the Third Circuit. Specifically, Mr. Adams continues to argue that he met the Settlement's criteria for a Monetary Award and complain about purported procedural deficiencies, including the standard of review employed by this Court and unspecified alleged "misrepresentations" and "fraud." (Mot. at 1–2.) These arguments have already been considered and rejected by this Court and the Third Circuit, continue to challenge the final and binding factual determinations of the Special Master, and, in any event, are baseless and plainly insufficient to meet the "heavy burden" Mr. Adams bears to establish relief under Rule 60(b).

### A. The Motion Impermissibly Seeks to Relitigate Issues Already Resolved by this Court and the Third Circuit.

As an initial matter, the Motion should be denied because it is a transparent attempt to impermissibly relitigate issues that have already been considered and decided—repeatedly and conclusively—by this Court and the Third Circuit, both of which have already rejected Mr. Adams' arguments that he is entitled to a Monetary Award and that procedural irregularities affected his claim. Mr. Adams "cannot use Rule 60(b) to reassert arguments that the District Court has already rejected." *Fonzone*, 2024 WL 837038, at *2. Nor can he reassert the same arguments rejected on appeal. *See Walsh* v. *United States*, 639 F. App'x 108, 112 (3d Cir. 2016) ("[The

7

movant] may not use his Rule 60(b)(6) motion as a mechanism to seek review of [the Third Circuit's] prior decision."); *Walsh* v. *United States*, No. 1:05-CV-0818, 2015 WL 1299584, at *2 (M.D. Pa. Mar. 23, 2015), *aff'd*, 639 F. App'x 108 (3d Cir. 2016) (denying Rule 60(b) motion after the Third Circuit affirmed the district court's entry of judgment against movant); *see also Hatchigian,* 2025 WL 878963, at *1 ("Rule 60(b) is not a substitute for appeal.").

That is particularly the case here, where the conclusions that Mr. Adams has repeatedly challenged are the Special Master's final and binding factual determinations, which are not subject to judicial review. Under the Settlement Agreement, the Special Master's factual findings are "final and binding," (Rule 31, Rules Governing Appeals of Claim Determinations) and Claimant's arguments challenge precisely such findings by the Special Master: that Mr. Adams' neuropsychological testing was invalid and that there was no bias or procedural irregularity in the processing of his claim. (Special Master Decision at 7.) This Court affirmed on those grounds, expressly holding that the Special Master's factual determinations were "unreviewable" and that there was "no error" implicating fairness of process. (Order at 3–4; *see also* Denial of Reconsideration at 2 (denying reconsideration because there was no change in circumstance that would undermine the prior Order).) The Third Circuit agreed, holding that the Special Master's conclusions that Mr. Adams' testing was invalid and there was no bias or procedural unfairness were unreviewable factual determinations. (Third Circuit Decision at 5.) Thus, these decisions, squarely and repeatedly holding that the conclusions Mr. Adams continues to challenge are final and binding, foreclose Claimant's instant Motion. Simply put, Rule 60(b) does not provide Mr. Adams a second (or fifth) bite at the apple merely because he is disappointed that his claim was denied and disagrees with that outcome. Accordingly, the Motion should be denied.

8

### B. Claimant's Allegations Do Not Warrant Relief Under Rule 60(b).

Even accepting the Motion's framing, however, Claimant falls far short of meeting Rule 60(b)'s "heavy burden" and identifies no "extraordinary circumstances" warranting relief. *Bohus*, 950 F.2d at 930. Aside from improperly urging the Court to undertake de novo review, he points to no specific "mistake" or judicial error cognizable under Rule 60(b)(1). Rather, his allegations of "procedural injustices" (Mot. at 2) amount to a generalized attack on the Special Master's final and binding factual determinations, as explained above. *See Folk*, 2023 WL 6617947, at *1 (claims that district court's order was "unjust" or "legally flawed" were not sufficiently specific to identify any mistake warranting Rule 60(b)(1) relief). Likewise, Claimant's purported grounds for relief under Rule 60(b)(3) are merely conclusory allegations of "misrepresentation" and "fraud," which are contradicted by the record, and, in any event, fail to make the requisite showing that he was in any way "prevented . . . from fully and fairly presenting his case." *Harrison*, 2023 WL 7017695, at *3. To the contrary, Mr. Adams has availed himself of numerous opportunities to fully and fairly litigate his claim at every stage of the process. And no court has accepted his arguments; every court has soundly rejected them at every stage. Finally, Mr. Adams fails to allege any facts that could remotely satisfy Rule 60(b)(6)'s narrow residual standard, as the record instead confirms the integrity of the processing of Mr. Adams' claim. As this Court held, the claim review process here was "routine" and "expressly contemplated by the Settlement Agreement." (Order at 4.)

### CONCLUSION

For the foregoing reasons, the NFL Parties respectfully request that the Court deny Claimant's Amended Motion for Relief from Judgment under Rule 60(b).

9

Dated: December 10, 2025 Respectfully submitted,

/s/Brad S. Karp
PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP
Brad S. Karp
Lynn Bayard
Tyler B. Myers
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
bkarp@paulweiss.com

*Attorneys for the National Football League and NFL Properties LLC*

**CERTIFICATE OF SERVICE**

    It is hereby certified that a true copy of the foregoing document was served electronically via the Court's electronic filing system on the 10th day of December, 2025, upon all counsel of record and Mr. Adams, who is proceeding *pro se*, by email.

Date: December 10, 2025                                    */s/Brad S. Karp*
                                                                                  Brad S. Karp