**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION** | : | **No. 2:12-md-02323-JDW** <br> **MDL No. 2323** |
| **THIS DOCUMENT RELATES TO** <br> **Settlement Class Member Vashone Adams** | : | |

**ORDER**

**AND NOW**, this 10th day of April, 2026, upon consideration of "Plaintiff's Pro Se Motion to Alter or Amend the Judgment Under Rule F.R.C.P. 59(e) of the Order Denying Rule 60(b) Relief" filed by Settlement Class Member Vashone Adams (ECF No. 12527), and his proposed order, as amended (ECF No. 12529), I note as follows.

1. Federal Rule of Civil Procedure 59(e) requires that any motion to alter or amend a judgment "be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

2. Judge Brody affirmed the administrative denial of Mr. Adams's claim for a monetary award under this settlement in a decision docketed on November 6, 2024. (ECF Nos. 12439, 12440.) On February 19, 2025, she denied his Rule 59 motion for relief from that judgment, (*see* ECF No. 12456), prompting Mr. Adams to file a timely appeal to the Third Circuit Court of Appeals. *See* Case No. 24-2684 (3d Cir.). On October 31, 2025, that

court issued a non-precedential opinion and order. After denying Mr. Adams's petition for rehearing on December 2, 2025, the Court of Appeals issued its mandate on December 10, 2025, certifying that "the judgment of the District Court entered February 19, 2025 … is hereby affirmed." (ECF No. 12510.) Returning to District Court, Mr. Adams then filed a Motion for Relief from Judgment under Rule 60(b). (ECF Nos. 12500, 12503.) I entered an Order on March 19, 2026 denying that motion. (ECF No. 12523.)

3. Mr. Adams filed the present motion, invoking Rule 59(e), on March 31, 2026 – over one year after the district court judgment and several months after the Third Circuit's mandate affirming that decision, which issued on December 10, 2025. This motion was not filed within 28 days of the entry of judgment as required in Rule 59(e).

4. To the extent Mr. Adams seeks reconsideration of my Order denying his request for relief from judgment under Rule 60(b), he fares no better. As the Third Circuit has already reminded Mr. Adams:

> Motions for reconsideration should only be granted if the movant can show: "(1) an intervening change in the controlling law; (2) the availability of new evidence … or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Case No. 24-2684, Non-Prec. Op. at 6 (3d Cir. Oct. 31, 2025). His motion identifies no change in the law, new evidence, or clear error of law.[1] And despite Mr. Adams's continued

---

[1] Mr. Adams refers to a "judicial admission or error" and contends that Judge Brody, in an Order dated April 21, 2022, recognized that the Special Master's denial was

protestations, this record does not reflect any misconduct or fraud by court-appointed expert consultants, the Claims Administrator, or the Special Master.

5. The history of Mr. Adams's claim is, at this point, well-documented, and I will not repeat it all here. The key point of Mr. Adams's dispute appears to be that when the Special Master issued a decision affirming the Claims Administrator, he included a block quote from much of an Addendum that an MAF-approved physician, Dr. Booth, authored. However, the block quote did not, however, include any material from the first page of the Addendum.[2] Mr. Adams infers that the absence of a quote from the first page indicates that the first page was missing. But the Special Master was under no obligation to quote the whole Addendum. The Special Master chose to recount what he found most pertinent, which is what led him to conclude that Dr. Booth's neuropsychological testing was not valid.

6. Mr. Adams continues to object to "unidentified 'phantom' evidence." He has already obtained a ruling on this issue. He invokes Federal Rule Of Evidence 702 and

---

"predicated on the 'AAP's and AAPC's Mistaken Interpretation of Player's Validity.'" (ECF No. 12527 at 10.) Mr. Adams is mistaken. In the Settlement Implementation Determination to which he refers, Judge Brody cited to the title of an objection that Mr. Adams's then-counsel submitted. The title of counsel's submission asserted that there had been a "mistaken interpretation." Judge Brody did not endorse counsel's characterization when she recited the title of the objection that she was considering. What matters is that Judge Brody denied Mr. Adams the relief sought in that objection. (*See* Doc. # 258821.)

[2] If the Court misapprehended his prior arguments, it now understands Mr. Adams to assert that the first page of Dr. Booth's Addendum must have been missing from the record before the Special Master because it was not included in his lengthy block quote. (*See, e.g.,* ECF No. 12527 at 10.)

Federal Rule Of Civil Procedure 26(a)(2)(B), but those rules had no bearing on the Program Consultants' communications with Dr. Booth or the evaluation of his claim for a monetary award under this settlement. A neutral Claims Administrator evaluated Mr. Adams's claim pursuant to the terms of the Settlement Agreement. The rules of evidence and procedure that Mr. Adams relies on didn't apply to that claim process.

7. Neither the claim denial nor the subsequent review process subjected Mr. Adams to a grave miscarriage of justice or deprived him of due process. Neither Rule 59(e) nor Rule 60(b) requires any further consideration or relief from judgment.

Therefore, it is **ORDERED** that "Plaintiff's Pro Se Motion to Alter or Amend the Judgment Under Rule F.R.C.P. 59(e) of the Order Denying Rule 60(b) Relief" (ECF No. 12527) is **DENIED**. Mr. Adams has had multiple bites at the apple to make these arguments before the Special Master, Judge Brody, me, and the Third Circuit. I will not entertain any further challenges from Mr. Adams to the claim decision rendered on May 19, 2023, or to the subsequent decisions upholding the denial of that claim. Mr. Adams is free, of course, to submit a new claim to the Claims Administrator pursuant to program rules, if he has a good-faith basis to do so.

The Clerk of Court shall send this Order to Adams by both email and U.S. Mail at the address he used to file his papers.

**BY THE COURT:**

*/s/ Joshua D. Wolson*

JOSHUA D. WOLSON, J.