

COUNSELORS AT LAW

REPPERT | OATES | VYTELL

110 ALLEN ROAD
SUITE 208
BASKING RIDGE, NEW JERSEY 07920
TELEPHONE:    (908) 605-2120
FACSIMILE:     (908) 605-2121
WWW.ROVFIRM.COM

570 LEXINGTON AVENUE, 8TH FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE:    (212) 490-0988
FACSIMILE:     (212) 490-0287

WRITER'S EMAIL ADDRESS: BOATES@ROVFIRM.COM

July 30, 2026

**Via Email Only**
The Honorable Joshua D. Wolson, U.S.D.J.
US District Court – Eastern District of Pennsylvania
12613 U.S. Courthouse
Courtroom 12-B
601 Market Street
Philadelphia, PA 19106
Chambers_of_Judge_Wolson@paed.uscourts.gov

Re:    Special Master Decision on Audit Proceeding Regarding
Parkinson's Disease Claims
Docket No.:    **2:19-md-02323-JDW**
**MDL No. 2323**
**Request for Extension of Time to File Objections**

Dear Judge Wolson,

We represent Reppert Oates & Vytell, LLC ("ROV" or the "Firm") *pro se* in connection with its objections to the Special Masters' Rule 27 Report dated June 8, 2026 ("Rule 27 Report") in the above referenced matter.  The Rule 27 Report was based on the unsupported conclusions BrownGreer's ("BG" or "Claims Administrator") investigation of unsupported wrongdoing against this Firm.   These incorrect conclusions were contained in BG's Rule 15 Audit Report dated December 12, 2025 ("Rule 15 Report" or the "BG Investigation").  The Special Masters' Rule 27 Report adopted BG's conclusions concerning alleged fraud by this law firm and four other firms.

We request an adjournment of the time in which to file an objection to the Rule 27 Report pursuant to Fed. R. Civ. P. 53(f)(4) and in which to seek information and documents to which BG improperly refused us access.  Such refusal by BG violated the fundamental due process rights of our clients and this Firm.  The Rule 27 Report relied upon conclusory and erroneous allegations against this Firm in BG's Investigation, virtually all of which came from anonymous

The Honorable Joshua D. Wolson, U.S.D.J.
July 30, 2026
Page 2 of 4

sources who have never been disclosed to us.  Accordingly, we were precluded from confronting those anonymous accusers and were improperly denied access to the filings from other law firms involved in and identified in the Rule 27 Report and Investigation.  The Rule 27 Report lumped together our Firm with those four other law firms which it acknowledged ROV was not associated with, yet recommended and imposed the same penalties.[1]

Additionally, the Rule 27 Report references materials not identified in the Rule 15 Report and thus indicates that there were improper ongoing *ex parte* communications between BG and the Special Masters after BG issued its Rule 15 Report.[2]  For example, the Rule 15 Report (p. 70) refers to an assertion that ROV used doctors for treatment or screening that were not board-certified by the ABPN in neurology and then in a footnote lists Dr. Fellus.  No other details are provided, yet, the Rule 27 Report included two full single spaced pages concerning Dr. Fellus (p. 35-36) and states falsely that "as of 2026, Dr. Fellus is not licensed to practice medicine at all." (See p. 35 of the Rule 27 Report). However, Dr. Fellus is licensed to practice medicine in New York.

BG and the Special Masters have acted as finders of fact (absent support and/or evidence) and imposed penalties without any due process in violation of applicable law and the Settlement Agreement. We requested oral argument in our Response to the Special Masters.  However, the Special Masters did not even acknowledge our request. The Special Masters issued their Rule 27 Report without giving our Firm the opportunity for a hearing.  Moreover, that Report appears to have contained information that the Special Masters could only have received via improper *ex parte* communications with BG.

We requested copies of all submissions filed in response to the Rule 15 Report from the firms identified therein.  Federal Rule of Civil Procedure 5(a)(1), together with Rule 5(b)(1), imposes a clear and mandatory obligation that every paper filed after the commencement of an action, or have an investigation governed by the Federal Rule of Civil Procedure, be served on every party through that party's attorney of record. ***The Rules exist to ensure that all counsel of record receive timely notice of filings affecting their clients' rights, and compliance with these***

---

[1] According to the Investigation, the other firms had been under investigation for quite some time.  This Firm initially had five players placed in Audit and after several letters and requests for transparency and demand for a conference with the Special Masters by correspondence dated September 5, 2025 ROV was advised that the firm was being placed in audit as of September 12, 2025.

[2] The Rule 15 Report's only notation concerning Dr. Fellus appears to be that he is not Board Certified.  The Rule 15 Report contains his bio listed in ROV's attached discovery demands as an exhibit that notes among other things that: "Before founding Advanced NeuroCare in 2012 …, Dr. Fellus served as Director of Brain Injury Services at the renowned Kessler Institute for Rehabilitation which was number two in the country for brain injury, where he led the largest brain injury inpatient program in the U.S., and later as Director of Rehabilitation at Meadowlands Hospital Medical Center, where he developed one of the first outpatient neuromodulation centers. He has a subspeciality in brain rehabilitation which very few neurologists hold. .. including nine years as Chief Medical Officer and Scientific Advisor to the International Brain Research Foundation, and …".

The Honorable Joshua D. Wolson, U.S.D.J.
July 30, 2026
Page 3 of 4


***service requirements is essential to preserving the fairness and integrity of the judicial process.***
BG refused to follow this basic principle of jurisprudence.  BG denied our request.[3]

Both the Rule 27 Report and the NFL Parties are alleging that the five law firms named in the Rule 27 Report are interrelated or somehow following the same practices.  Nothing could be further from the truth.  Our clients' claims and our rights are being prejudiced if we cannot see and, where appropriate, distinguish this Firm's practices from those of the other firms. Without access to other firms' submissions to BG, we are unfairly deprived of the opportunity to address how BG and the NFL Parties are drawing conclusions by conflating our Firm's conduct with that of the other law firms. We have a fundamental due process right to rebut arguments premised on a supposed "pattern" of conduct shared by the five law firms.  That fundamental due process right is denied when we only have access to our own submissions to BG while the NFL Parties and BG have access to the submissions by all of the law firms.  Denying this Firm access to the same set of audit-related submissions that have been shared with the NFL and Class Counsel severely compromises our ability to defend our Firm and to protect our clients against   BG's false accusations and violates Federal Rule 5(a)(1) and 5(b)(1). Nothing in the Audit Rules prohibits our having access to these set of audit related submissions, yet the Claims Administrator and Special Masters have wrongfully withheld these documents and apparently continue to exchange information to which we are not privy.

While we dispute that the Audit Rules in the NFL Concussion Litigation are properly adopted and codified on all elements at issue, the Audit Rules under Rule 35 specifically state that the Special Master and the Court will designate in a decision on an Audit Proceeding whether the decision is to be published or unpublished.  The Rule 27 Report was publicly released prior to this Firm's objections and any opportunity to be heard.

This miscarriage of justice is not only injuring this Firm, it also damages the position of the former players/claimants whom this Firm represents.  The law and the Settlement Agreement ("Agreement") do not permit general accusations with regard to fraud.  The law requires that allegations of fraud be based on specific accusations.  The Rule 27 Report lacks any such specific accusations.  It is therefore imperative that the Claims Administrator be directed to identify its sources and to provide this Firm with the opportunity to confront its anonymous accusers before it renders a decision which in effect sentences this Firm and its clients, who are suffering from debilitating diseases, to a binding determination which is adverse to them and will result in irreparable harm to them.

We have the fundamental due process right to confront our anonymous accusers.  BG cannot avoid the Federal Rules of Civil Procedure and proceed pursuant to its own rules.  BG's

---

[3] The Claims Administrator agreed only to provide the response from the Feder Law firm as Mr. Oates was represented by that law firm at the time a claim was made on his behalf in 2021, prior to him joining this firm. BG and its HML representatives have repetitively advised and relied upon the subpoena power of the Federal Rules to demand documents but will not follow these Rules when it requires reciprocal exchanges which are reflective of BG's motives and intentions and further evidence of their complete lack of neutrality.

The Honorable Joshua D. Wolson, U.S.D.J.
July 30, 2026
Page 4 of 4


unsubstantiated statements impugn our character and damage our reputation.  We categorically and emphatically deny them and believe that they may constitute "defamation Per Se".[4]

We respectfully request that the Claims Administrator be directed to provide ROV with: (i) the complete unredacted version of the Rule 15 and Rule 27 Reports including all exhibits; (ii) copies of all written responses and submissions by any law firm identified in the  Rule 27 Report that have been provided to BG, NFL Parties or to Class Counsel and (iii) all other materials, including those submitted *ex parte* by BG (and/or its agents), the NFL Parties or Class Counsel, that were provided to the Special Masters prior to the issuance of the Rule 27 Report or the Rule 15 Report. We further renew our request for a hearing and respectfully ask that the Court compel BG to identify any and all persons who have made allegations of fraud against this Firm or who have made statements supporting or contesting allegations of fraud against this Firm, and to provide such statements to us.

We respectfully request that the date for submission of our Firm's objections be extended until Friday, September 4, 2026.  This request is reasonable in view of the serious nature of the allegations made against this Firm with an unblemished record of over 32 years and the life and death implications of the Rule 27 Report to our clients who are suffering tremendously every day.  We seek fundamental due process under the United States Constitution, applicable common law and the Federal Rules of Civil Procedure.  Thank you very much.

Respectfully Submitted,

Reppert Oates & Vytell, LLC

*s/Bart Oates*

Bart Oates, Esq.

cc:    Devin McLean, Brown Greer (via email dmclean@browngreer.com)
       Michael Rosenberg, Esq. (via email mrosenberg@seegerweiss.com)
       Tyler Myers, Esq. (via email tmyers@paulweiss.com)

BO/kp
Attachment

---

[4] Please see attached letter dated December 24, 2025.