**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION** | **No. 2:12-md-02323-JDW** **MDL No. 2323** |
| **Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,** **Plaintiffs,** **v.** **National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,** **Defendants.** | |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | |

**ORDER**

**AND NOW**, this 3rd day of August, 2026, upon receipt of a letter from Reppert Oates & Vytell, LLC ("ROV") dated July 30, 2026 (ECF No. 12557), I note as follows.

1.      ROV objects to certain findings included in both the Claims Administrator's Rule 15 Audit Report dated December 12, 2025, and the Special Masters' Rule 27 Report dated June 8, 2026. ROV also objects to the audit process that led to each of these reports.

2.      In addition to seeking additional time to object to the Rule 27 Report, ROV seeks materials to support its objections to the Claims Administrator's and Special Masters' findings and asks that I hold a hearing on these issues.

3.    Because the letter requests relief from the Court, I will construe it as a motion. *See* Fed. R. Civ. P. 7(b)(1). To that end, going forward, all parties and their counsel must follow my Policies And Procedures governing what communications are appropriate to submit by letter. I will disregard any letters that go beyond what my Policies And Procedures permit.

4.    Though ROV intends to dispute the Special Masters' factual findings, those findings "are final and binding under the terms of the settlement agreement." *In re Nat'l Football League Players Concussion Inj. Litig.*, No. 24-1910, 2025 WL 1639402, at *2 (3d Cir. June 10, 2025). And my jurisdiction over ROV's forthcoming objections will be "limited to legal issues." *In re Nat'l Football League Players' Concussion Inj. Litig.*, No. 19-2753, 2021 WL 5505402, at *3 (3d Cir. Nov. 24, 2021). Thus, ROV does not need additional materials to support its objections to the Rule 27 Report, which must be limited to alleged legal errors.

5.    Likewise, ROV does not need additional materials to support a challenge to the audit process itself. ROV "obtained the process available to [it] under the settlement agreement, which [it] previously had the opportunity to challenge." *In re Nat'l Football League*, No. 24-1910, 2025 WL 1639402 at *2.

6.    Finally, "[t]he [S]ettlement [A]greement also precludes [ROV] from obtaining an evidentiary hearing on [its] challenge to the audit proceeding." *Id.* Thus, to the extent ROV requests an evidentiary hearing to challenge the Special Masters' factual findings or

the audit process itself, that request is denied. Once briefing is complete, I will determine whether an oral argument on any legal issue(s) is warranted.

Therefore, it is **ORDERED** that ROV's Motion (ECF No. 12557) for additional time to file its objections to the Rule 27 Report and for additional materials and a hearing is **GRANTED IN PART** and **DENIED IN PART** as follows:

1.     The Motion is **GRANTED** with respect to ROV's request for an extension, and ROV (or anyone else who objects to the Rule 27 Report) may file its objections on the docket by September 4, 2026; and

2.     The Motion is **DENIED** in all other respects.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.