**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-AB<br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.<br><br>Defendants. | |
| THIS DOCUMENT RELATES TO:<br>Locks Law Firm PA, LLC | |

**OBJECTIONS OF LOCKS LAW FIRM PA, LLC TO THE SPECIAL MASTERS' JUNE 6, 2026 AUDIT DECISION**

Locks Law Firm PA, LLC
Michael B. Leh
Curtis Building
601 Walnut St, STE 720E
Philadelphia, PA 19106
mleh@lockslaw.com
215.893.0100
Counsel for Locks Law Firm PA, LLC

Dated: September 11, 2026

Locks Law Firm PA, LLC ("LLF") respectfully objects to certain recommendations in the Special Masters' June 8, 2026 Decision on behalf of the numerous Settlement Class Members ("SCM's") currently represented by LLF who will be adversely affected by that decision.

In their decision, the Special Masters made a series of recommendations. Some of those recommendations have been adopted and implemented by the Administrator without waiting for the decision to be final, thereby depriving the affected SCMs and their attorneys of their right to be heard on these issues. Other recommendations have yet to be implemented.

The first recommendation, which has already been implemented, is that all pending claims originally filed by any of law firms that was a subject of the audit be denied., regardless of the individual merits of the claim. Thirty-seven (37) SCMs, seven (7) of them currently represented by this firm[1], have had their claims summarily denied without being substantively reviewed. Each one of these SCMs have been diagnosed with Parkinson's Disease by a participating and qualified MAF neurologist using the Program criteria in place at the time of the diagnosis. There is no evidence that any of the thirty-seven (37) individuals are not suffering from Parkinson's Disease. More significantly, not one of the fifty-seven (57) SCMs represented by the firms that were subject to the audit that, prior to the start of the audit, had Parkinson's Disease claims approved and paid has been shown not to suffer from Parkinson's Disease. LLF objects to the denial of these claims.

The other change made by the Administrator specific to Parkinson's Disease claims - whether filed by one of the law firms that was subject to the audit or involving an SCM who had previously appeared on the portal of any such firm - was presumably implemented in response to

---

[1] The Program IDs of the seven clients represented by LLF are: 100002632, 100003271, 100004713, 10010271, 100012594, 950007919, 100014849

the Special Masters recommendation to "develop and announce measures to ensure diagnostic reliability moving forward".

It is now required that any MAF neurologist examining an SCM who was previously represented by any of the firms subject to the audit be provided with a summary of the audit report prepared by the Administrator, as well as copies of all relevant medical reports and records.

LLF does not object to this requirement.

There is no need to deny the thirty-seven (37) pending claims in light of this additional requirement. Again, there is no evidence whatsoever that any one of these thirty-seven (37) SCMs does not suffer from Parkinson's Disease. With one exception[2], there is no evidence - or even allegation - that any of the MAF neurologists improperly diagnosed Parkinson's Disease or engaged in wrongdoing. Rather, there is only a stated "reason to doubt the diagnoses underlying (the claims)".

Any such doubt can be addressed by simply following the procedure that has already been implemented and providing the diagnosing MAF neurologists with the summary report and all relevant medical records. The neurologists can then apply the criteria currently in place to determine whether to confirm or withdraw their diagnosis of Parkinson's Disease. If a neurologist determines that an additional personal examination of the client is necessary to make that determination, the neurologist should be given the opportunity to conduct one.

LLF does not concede to necessity or propriety of removing Dr. Jacobs from the program, but LLF agrees with having the SCMs who were diagnosed by him seen by another MAF neurologist. In all cases in which the diagnosis of Parkinson's Disease is confirmed,

---

[2] The exception is Dr. Jacobs, who has been removed from the Program. As discussed below, LLF does not contend that claims based upon diagnoses by Dr. Jacobs should be affirmed without further review; those SCMs will necessarily require evaluation by a different MAF neurologist.

whether by the original diagnosing MAF neurologist or by a different MAF neurologist, the date of diagnosis should remain the original date of diagnosis, rather than the date on which the diagnosis is subsequently affirmed. SCM's with valid claims should not be made to suffer simply because the law firm that represented them was the subject of an audit, particularly where their diagnoses have been independently confirmed under the additional procedures implemented by the Administrator.

LLF previously addressed these issues in greater detail in its submission to the Special Masters. LLF respectfully refers the Court to that submission for a more complete discussion of the circumstances surrounding these claims and the reasons why they should not be summarily denied without individualized review.

LLF also objects to the continued withholding of approximately $400,000 in settlement proceeds payable to SPID No. 100014129. SPID No. 100014129's Parkinson's Disease claim was approved and paid in 2025, prior to the audit. A portion of his award was withheld at that time solely because of potential outstanding medical liens. All such liens were resolved in February of 2026 with no payment required, yet the Administrator has declined to release the remaining funds pending final resolution of the audit. SPID No. 100014129's claim was not pending when the audit commenced, nor was the withheld amount subject to further review on the merits. The only impediment to payment of those funds were the liens, and that impediment no longer exists. Accordingly, LLF respectfully submits that SPID No. 100014129's previously approved claim should not be subject to the audit and that the remaining settlement proceeds should be released.

LLF further objects to other present and anticipated consequences of the audit for its clients. LLF represents a substantial number of other Settlement Class Members who, to date, have not filed a claim, but were previously listed on the portals of firms that are subjects of the

audit. The Special Masters' recommendations, and the manner in which those recommendations are implemented, will directly affect each of those clients, notwithstanding that they are now represented by LLF. LLF therefore has a significant interest in ensuring that any audit-related procedures are applied fairly, on an individualized basis, and without unnecessarily delaying or prejudicing the claims of Settlement Class Members whose diagnoses have not been shown to be invalid.

Finally, LLF respectfully requests that it, and other attorneys who currently represent affected Settlement Class Members, be afforded an opportunity to be heard before any further decisions or procedures affecting these claims are adopted or implemented. The attorneys who represent these players and work directly with them and their claims have had little, if any, opportunity to provide input into the decision-making or rule-making process. For too long, their primary means of being heard has been through appeals filed only after decisions affecting their clients have already been made. Class Counsel has had the opportunity to provide input into these matters, but represents relatively few individual players directly. Attorneys who represent affected SCMs should have a meaningful opportunity to be heard before additional measures that may substantially affect their clients' rights and claims are implemented.

Dated: September 11, 2026

Respectfully submitted,

Locks Law Firm PA, LLC

By: __/s/ Michael B. Leh____________________

Michael B. Leh
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
mleh@lockslaw.com
*Counsel for Locks Law Firm PA, LLC*

**CERTIFICATE OF SERVICE**

I, Michael B. Leh, certify that on September 11th, 2026, I caused the foregoing document to be served on the Claims Administrator and counsel for the NFL Parties via ECF notification and email.

Dated: September 11, 2026

By: __/s/ Michael B. Leh____________________

Michael B. Leh
Locks Law Firm PA, LLC
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
mleh@lockslaw.com
*Counsel for Locks Law Firm PA, LLC*