# Exhibit “F”

# DECLARATION OF DOUGLAS R. GROSSINGER, ESQUIRE

I, Douglas R. Grossinger, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney admitted to practice in the Commonwealth of Pennsylvania. I am the principal of the Law Office of Douglas R. Grossinger, and I am a subject of the Audit that is the subject of this Motion. I make this Declaration on personal knowledge and, where indicated, on the records of my office maintained in the ordinary course.
2. I submit this Declaration to place before the Court the procedural history of the Audit as it was communicated to me, and to authenticate the exhibits accompanying the Memorandum of Law.
3. I have reviewed the Court's Order of August 3, 2026, ECF No. 12558. I do not ask the Court to reconsider any factual finding of the Claims Administrator or of the Special Masters, and nothing in this Declaration is offered to dispute any such finding. I request no discovery, no evidentiary hearing, and no additional materials.
4. On or about December 12, 2025, the Claims Administrator issued a Report of Adverse Finding concerning Parkinson's Disease claims submitted through five law firms, including my office. A true and correct copy of the Report is attached as Exhibit H.
5. The recommendations section of the Report recommended censure. The Report did not recommend that I be disqualified from the Settlement Program, that my attorneys' fees be forfeited or disgorged, that future attorney liens be refused, that restitution be ordered, or that the costs of the Audit be apportioned to me.

6. One claim submitted through my office was placed in audit. To my knowledge that audit has not been concluded, and I have received no notice that it has been concluded. The Report states that the relevant audits remain active.

7. I have not been informed, in the Report or otherwise, of any specific statement in any Claim Package submitted through my office that the Claims Administrator determined to be a material misrepresentation, omission, or concealment.

8. On February 3, 2026, I submitted my response to the Report, together with exhibits. A true and correct copy of that response is attached as Exhibit I.

9. My response addressed the findings and the recommendation set out in the Report, because that was the recommendation then before the Special Masters.

10. Audit Rule 17 permits Co-Lead Class Counsel and Counsel for the NFL Parties, within twenty days after the Claims Administrator's referral of an Audit Report, to submit a Statement of Position of up to ten pages, which may include a recommendation that the Special Masters order further relief. Audit Rule 19 provides that the Claims Administrator will furnish the Subject of Investigation, together with the referral notice, copies of the Rule 17 Statements of Position of Class Counsel and the NFL Parties, if any.

11. I was never served with any Statement of Position under Audit Rule 17, and I am not aware that any was filed.

12. I received no communication of any kind, from the Claims Administrator, from Co-Lead Class Counsel, or from Counsel for the NFL Parties, between February 3, 2026 and June 8, 2026, stating or suggesting that permanent disqualification from the Settlement Program, forfeiture or disgorgement of attorneys' fees, refusal of future attorney liens,

restitution, or apportionment of the costs of the Audit was being sought against me or was under consideration.

13. This includes communications of every form. I received no letter, no electronic mail, no notice through the Portal, and no telephone call to that effect. Before March 20, 2026, I had no notice from any source that any of those remedies was in prospect.

14. On or about March 20, 2026, the NFL Parties submitted a filing concerning the Audit. A true and correct copy is attached as Exhibit J.

15. That submission was the first document in this proceeding, of which I am aware, to request that I be permanently disqualified from every aspect of the Settlement Program, that my attorneys' fees be forfeited or disgorged, that future attorney liens be refused, that restitution be ordered, and that the costs of the Audit be apportioned to me.

16. No provision of the Audit Rules afforded me an opportunity to respond to that submission, and no such opportunity was afforded. I was not directed to file any further memorandum, I was not permitted to file a surreply, and no oral argument was held at which I could address the relief the submission requested. Between March 20, 2026 and June 8, 2026, I filed nothing addressed to the merits of that submission because no filing was available to me.

17. On June 8, 2026, the Special Masters issued a Rule 27 Decision. A true and correct copy is attached as Exhibit K. The Decision imposed the remedies the March 20, 2026 submission had requested, including at paragraph 5 my disqualification from further participation in the Program, the prohibition on further claim submissions, the transfer of attorney fees held by the Program, and the refusal to recognize future attorney liens, and

at paragraph 6 the apportionment of the costs of the Audit in equal shares. It was published without redaction.

18. Since the Decision issued, retired players who had retained my office have been separated from my representation. I am no longer able to communicate with them concerning their claims in the Program or to assist them in the Program in any capacity.

19. Attorneys' fees earned for work already performed have been forfeited or withheld, liens have been refused, and costs of the Audit have been apportioned to me.

20. The Decision is a public document. Its findings concerning me are available to anyone who searches my name, including in forums that will not learn of the disposition of this Motion.

21. I have represented retired professional football players in connection with neurodegenerative disease claims for more than eight years, and I have submitted claims through the Settlement Program on their behalf throughout that period.

22. In the course of that work I have consulted with physicians who hold national standing in the diagnosis and treatment of Parkinson's Disease. My work with physicians in this field began before this litigation was filed.

23. Based on the records of my office, before the Audit described in this Declaration every claim submitted through my office on behalf of a Settlement Class Member was approved. No such claim was denied, and no appeal was taken from the disposition of any such claim.

24. Based on those same records, the first substantive denial of a Parkinson's Disease claim submitted through my office occurred in late February 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 11, 2026.

Douglas R. Grossinger, Esquire