**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION** | : | **No. 2:12-md-02323-JDW** |
| | : | **MDL No. 2323** |
| | : | **Hon. Joshua D. Wolson** |
| **v.** | : | |
| **In re Audit of the Law Office of Douglas R. Grossinger** | : | |

**OBJECTIONS OF DOUGLAS R. GROSSINGER AND THE LAW OFFICE OF DOUGLAS R. GROSSINGER TO THE SPECIAL MASTERS' RULE 27 REPORT AND DECISION DATED JUNE 8, 2026**

## I. INTRODUCTION

Douglas R. Grossinger and the Law Office of Douglas R. Grossinger (collectively, "Grossinger"), by and through counsel, Bochetto & Lentz, P.C., object to the Special Masters' Rule 27 Report and Decision dated June 8, 2026 (the "Rule 27 Decision"), and respectfully ask this Court to stay these Objections and all Audit proceedings as to Grossinger pending disposition of the Motion to Vacate and for a Stay of Audit Proceedings filed contemporaneously herewith (the "Motion to Vacate"). While a stay would be appropriate, and Grossinger respectfully submits that the Motion to Vacate ruling would be dispositive of this filing and should therefore be considered first, he files these Objections to preserve the same.

While this Court's policies and procedures do not allow incorporation by reference, Grossinger notes his arguments in the Motion to Vacate are, in part, designed to preserve any and all objections to the Rule 27 Decision at issue in conjunction with the Objections below.

## II. THE RULE 27 DECISION IDENTIFIES NO CONCLUSION OF LAW

Audit Rule 33 preserves *de novo* review of conclusions of law as an exception to finality, "pursuant to Fed. R. Civ. P. 53(f)(4) and the Court's July 13, 2016 Order appointing the Special

Masters." It directs that "[t]he Special Master will identify in each decision any issue the Special Master determines to be a conclusion of law to which a Party to the Audit Proceeding may object and have reviewed by the Court." The Rule 27 Decision contains no such identification. It moves from its analysis, to eight numbered remedies, to signature.

Conclusions of law are reviewed *de novo*. Fed. R. Civ. P. 53(f)(4). Where, as here, the procedure used to impose sanctions raises questions of fair notice, review is plenary. *Martin v. Brown*, 63 F.3d 1252, 1262 (3d Cir. 1995). A master is subject to 28 U.S.C. § 455. Fed. R. Civ. P. 53(a)(2).

Findings resting on a mistaken impression of applicable legal principles are reviewable, even if framed as a fact. *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 n.15 (1982). Where facts pivotal to a governing rule are overlooked or seriously mischaracterized, the error is one of law and is subject to de novo review. *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009).

## III. <u>OBJECTIONS</u>

### A. <u>The requirements of Section 10.3(i) were never satisfied</u>

Section 10.3(i) conditions referral and relief on a completed determination that there has been a misrepresentation, omission, or concealment of a material fact made in connection with a Claim. A fact is material under Audit Rule 12(c) if it "did affect or has any potential to affect" a Settlement Class Member's qualification for an award or its amount. One Grossinger claim was placed in audit. The Audit Report identifies no misrepresentation in that Claim Package. The Claims Administrator states that it was "unable . . . to complete our investigation." Audit Report at 2. An investigation the Claims Administrator concedes is incomplete is not a completed determination.

Section 10.3(i)(f) and Audit Rule 31(h) authorize an audit and/or sanctions only where a firm "is found to have submitted more than one Claim with a misrepresentation, omission or concealment of a material fact." No such finding appears as to Grossinger's claim.

**B. <u>There was no notice of, nor opportunity to respond to, the imposed sanctions</u>**

The Audit Report recommended one sanction against Grossinger—censure. Grossinger answered that recommendation on February 3, 2026. He was never told that any other sanction was under consideration.

Audit Rule 17 gave Co-Lead Class Counsel and the NFL Parties twenty days after referral to file a ten-page Statement of Position, and permitted that Statement to request further relief. Audit Rule 21 permits a Reply Memorandum and does not authorize a request for further relief, and Audit Rule 22 permits additional memoranda only on the Special Masters' direction.

The NFL Parties' March 20, 2026 submission arrived after Grossinger's response, cited neither Rule 17 nor Rule 21, and demanded sanctions well beyond the censure noticed in the Audit Report. It sought permanent disqualification, forfeiture of all earned fees, refusal of future liens, restitution, and a share of the Audit's costs. Due to the procedural posture, it functioned as a motion for those remedies—to which Grossinger was given no opportunity to respond. The Rule 27 Decision imposed NFL's requested sanctions despite this severe prejudice.

The law requires notice of the precise sanctions a tribunal intends to employ. *Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1225 (3d Cir. 1995). A general reference to the remedies available is not notice that a particular remedy is sought. *Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987); *see also In re Tutu Wells Contamination Litig.*, 120 F.3d 368, 379–80 (3d Cir. 1997) (vacating suspensions where the attorneys were not told before

the sanctions hearing that suspension was under consideration); *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1357 (3d Cir. 1990).

To the extent the March 20 submission is treated instead as a reply, the remedies it introduced were raised for the first time in reply. *Cf. Garza v. Citigroup Inc.*, 881 F.3d 277, 284 (3d Cir. 2018) (deeming an issue raised for the first time in a reply brief insufficiently preserved).

Grossinger was entitled to notice that permanent disqualification, forfeiture of every fee he had earned, and restitution were the remedies actually under consideration—but he was never given it, nor given an opportunity to respond.

## C. The non-medical findings do not satisfy the predicates for the remedies imposed

**Importantly, the Audit Report does not find that any Player represented by Grossinger does not have Parkinson's Disease.** Grossinger objects that the findings, as written, do not satisfy the legal predicates the Settlement Agreement requires. Fourteen checks to a physician who treated clients of co-counsel are not a finding that a named Grossinger Claim Package contained a false diagnosis. An invitation to a dinner is not a finding that a named claim omitted a material medical fact. An unwritten co-counsel arrangement is not a finding that any Player lacks Parkinson's Disease. Treating those inferences as the determination Section 10.3(i) requires mischaracterizes facts essential to the inception of Audit procedures.

Audit Rule 28 permits the Special Master to find a misrepresentation intentional only "if the record contains substantial evidence of such intent." Checks, an invitation, an unwritten arrangement, and descriptions of communication habits are related to *nothing* substantive under the Audit. The Audit has not, and can not, conclude that any claimants represented by Grossinger were untruthful or mischaracterizing their ailments. Without such a finding, the Audit cannot stand.

**D. <u>The Special Masters announced a standard for disqualification and departed from it without explanation</u>**

In a prior proceeding in which disqualification was sought, the Special Masters recited their power under Section 10.3(i)(e) and (f) to bar an attorney and declined to exercise it "because we conclude that Mr. Cuthbert's conduct, though wrongful, was not provably malicious." Special Masters' Rule 27 Decision Regarding Byron Cuthbert and Associates, LLC (June 28, 2023) (attached hereto as Exhibit "A."). The conduct found there included pressuring physicians to alter and backdate diagnoses and drafting a medical record under a physician's name. The remedy was censure, imposed after a Rule 17 demand the attorney was permitted to answer. This published decision carries precedential value under Audit Rule 35. Collins & Truett, P.A. was likewise censured rather than barred. See Rule 27 Decision Regarding SPID 100001914 (July 21, 2025), attached hereto as Exhibit "B."

The Rule 27 Decision here neither applies the standard the Special Masters previously announced nor explains the  departure from it. Nothing in it finds that Grossinger's conduct was provably malicious. Indeed, there is no explanation why Grossinger has been subjected to such Draconian measures, which were not sought by the Claims Administrator, and to which other attorneys facing near-identical accusations were not subjected.

**E. <u>The process afforded does not satisfy the Audit Rules</u>**

Audit Rule 10 permits the Claims Administrator to require information "within 90 days or such other time as necessary and reasonable under the circumstances." The Claims Administrator directed one written inquiry to Grossinger, requiring answers by November 25, 2025. Grossinger responded the following day, stating that the request had been referred to counsel and that he would reply when advised. No further request issued. No extension was proposed or denied. No notice was given that the absence of a further answer would bear on the remedies recommended.

The Audit Report issued sixteen days later. Rule 10 gave the Claims Administrator authority to "take testimony, issue follow-up requests for information and records, and/or obtain additional materials." Notably, Grossinger was not asked for an interview, records, or any additional materials.

Grossinger cannot be found not to have cooperated when he was afforded no meaningful opportunity to cooperate. Indeed, it seems that Grossinger's request for counsel was instead treated as a refusal to cooperate, which flies against foundational constitutional principles.

Notably, in the two prior proceedings attached, the record describes nineteen interviews and a sustained written exchange, and a Rule 17 Statement in each. Grossinger was afforded no such rights.

**F. Findings made as to other firms are not determinations as to Grossinger**

The Audit Report's finding that medical records were withheld is not made as to Grossinger, and the Audit Report does not allege that he withheld records. Its allegations concerning the 150-mile exception are likewise directed elsewhere. Grossinger should not be subject to sanctions for conduct not pertaining to him or his firm.

**G. The diagnostic requirement used as the measure of Grossinger's conduct is not in the Settlement Agreement**

The Injury Definitions define a Qualifying Diagnosis of Parkinson's Disease by reference to the ICD-9, the ICD-10, and the DSM-5. These sources expressly do not define any diagnostic criteria. Yet, for reasons unknown, the Audit is in part based on Grossinger's claimants having been diagnosed with criteria that the Claims Administrator and Special Master apparently do not agree with. The tribunal's unlawful adoption of erroneous diagnostic criteria outside of the Settlement Agreement can not serve as a basis for sanctions against Grossinger.

The Rule 27 Decision declares Grossingers' disagreement with the January 2024 and July 2025 rulings (which adopted the erroneous "Gelb" criteria) "irrelevant to this Audit proceeding." Rule 27 Decision at 32 n.50. Beyond that footnote, the Rule 27 Decision does not address the arguments Grossinger raised in his February 3, 2026 response.

Instead, the Rule 27 Decision discounted Grossinger's contrary medical evidence because the physicians were not subject to examination, though the Audit Rules provide for the examination of no one. Audit Rules 23, 24. A proceeding that forbids the testing of evidence cannot treat the absence of testing as a reason to discard it.

The unreliability of the Gelb criteria under Federal Rule of Evidence 702 is developed in the Motion to Vacate but, in any event, cannot be used as justification for sanctions. These criteria are **NOT** part of the Settlement Agreement, nor appropriate under its terms.

## H. Rule 53(a)(2) imports 28 U.S.C. § 455(a), and the appearance standard is not satisfied

Rule 53(a)(2) subjects a Special Master to 28 U.S.C. § 455, and the test under § 455(a) is objective. *Liteky v. United States*, 510 U.S. 540, 548 (1994). An officer who unilaterally adopted the erroneous criteria, then declared departure from them sanctionable, then closed any challenge to those criteria, then decreed that challenge as "irrelevant" to the sanctions based thereon, is **not** objectively neutral. The Special Masters should have recused themselves. Their Rule 27 Decision cannot stand where it is affected by bias under § 455(a).

## I. The fee, lien, and third-party remedies exceed any finding

Fees earned for services already rendered are property. *See Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972) (defining a protected property interest as a "legitimate claim of entitlement" drawn from an independent source). In other words, Grossinger has a property interest in the funds the Special Masters—acting as agents of the government—have unlawfully directed him to return.

This direction is further unlawful given the complete lack of justification to show that (a) a single claimant's payment was premised on false allegations, (b) a single claimant represented by Grossinger does not have Parkinson's as alleged and paid for, and (c) that Grossinger failed to perform the services for which he was paid. Moreover, the funds paid to Grossinger were part and parcel of funds paid to his claimants, and he was paid as their chosen attorney and from the funds they had been awarded. A government taking of those funds, particularly where, as here, no claimant was subject to investigation, is an unlawful taking.

## IV. RESERVATION AND RELIEF REQUESTED

Each ground above is preserved in full. Grossinger does not abandon or narrow any ground by its treatment here, and reserves every legal objection stated in the Motion to Vacate and the declarations filed with it.

Grossinger respectfully requests that this Court stay all Audit proceedings as to Grossinger and enforcement of the Rule 27 Decision pending disposition of the Motion to Vacate, resolve that Motion before reaching these Objections, and, should the Court reach them, reverse the Audit Report and Rule 27 Decision findings against Douglas Grossinger, Esquire, and the Grossinger Law Firm, and vacate all sanctions issued against them.

Dated: September 11, 2026

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

By: *George Bochetto*
George Bochetto, Esq.
Kiersty DeGroote, Esq.
*Attorneys for Douglas R. Grossinger and the Grossinger Law Firm*
(215) 735-3900
gbochetto@bochettoandlentz.com
kdegroote@bochettoandlentz.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION** | : | **No. 2:12-md-02323-JDW** |
| | : | **MDL No. 2323** |
| | : | **Hon. Joshua D. Wolson** |
| **v.** | : | |
| **In re Audit of the Law Office of Douglas R. Grossinger** | : | |

**<u>CERTIFICATE OF SERVICE</u>**

I, George Bochetto, Esquire, hereby certify that on this 11th day of September, 2026, a true and correct copy of the foregoing Objections of Douglas R. Grossinger and the Law Office of Douglas R. Grossinger to the Special Masters' Rule 27 Report and Decision Dated June 8, 2026, together with the exhibits thereto and the proposed form of Order, was filed with the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: September 11, 2026

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

By: *<u>George Bochetto</u>*
George Bochetto, Esq.
Kiersty DeGroote, Esq.
*Attorneys for Douglas R. Grossinger and the Grossinger Law Firm*
(215) 735-3900
gbochetto@bochettoandlentz.com
kdegroote@bochettoandlentz.com