**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION** | **No. 2:12-md-02323-JDW**<br>**MDL No. 2323** |
| **Kevin Turner and Shawn Wooden, on behalf of themselves and others similarly situated,**<br>**Plaintiffs,**<br>**v.**<br>**National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,**<br>**Defendants.** | |
| **THIS DOCUMENT RELATES TO:**<br>**ALL ACTIONS** | |

**ORDER**

**AND NOW**, this 28th day of September, 2026, I note as follows.

1. The Parties agreed to the appointment of Special Masters to oversee the implementation and administration of the Class Action Settlement Agreement (the "Settlement Agreement") in this matter.

2. As set forth in my prior Order, good cause exists to appoint a new Special Master to replace Jo-Ann Verrier upon her retirement at the end of this year. (*See* ECF No. 12564.)

3. On August 24, 2026, I notified the Parties of my intention to appoint Amy Kurland as Ms. Verrier's replacement and provided them an opportunity to object to her appointment. Any objections were due by September 25, 2026.

4. As of the date of this Order, no one has objected to Ms. Kurland's appointment as a Special Master in this case. And the Parties consent to her appointment. (*See* ECF No. 12580.)

5. Ms. Kurland has the requisite experience and qualifications to fulfill the tasks contemplated by Federal Rule of Civil Procedure 53, governing the appointment of special masters.

6. Ms. Kurland has submitted an affidavit stating that no grounds exist for disqualification. Her affidavit is attached to this Order.

7. Pursuant to Fed. R. Civ. P. 53(a)(3), I have considered the fairness of imposing the expenses associated with the Special Masters on the Parties and am satisfied that there will not be unreasonable expense in appointing an additional Special Master during this period of transition.

8. Pursuant to Fed. R. Civ. P. 53(g), Ms. Kurland's compensation will be set at the rate of the existing Special Masters (Ms. Verrier and Professor David Hoffman), including an hourly rate and reasonable out-of-pocket costs and expenses incurred as a

result of the performance of her responsibilities. Her compensation and expenses will be paid out of the uncapped Monetary Award Fund.[1]

Therefore, it is **ORDERED** as follows:

1. Pursuant to Fed. R. Civ. P. 53(a)(1), I appoint Amy Kurland as an additional Special Master in *In re National Football League Players' Concussion Injury Litigation*, Case No. 12-md-2323, to implement and administer the Settlement Agreement.

2. Ms. Kurland is appointed to perform the same duties and will have the same responsibilities as former Special Masters, as set forth in Judge Brody's prior Orders (ECF Nos. 6871 & 9913).

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

[1] I reserve the right to alter the basis and terms of the Special Masters' compensation after giving the Parties notice and an opportunity to be heard. The total compensation (excluding costs and expenses) for Special Masters Hoffman and Kurland will not exceed $1 million over a five-year term, unless I order otherwise upon a showing of good cause.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | No. 2:12-md-02323-JDW<br><br>MDL No. 2323 |
| Kevin Turner and Shawn Wooden, *on behalf of themselves and others similarly situated,*<br>Plaintiffs,<br><br>v.<br><br>National Football League and NFL Properties, LLC, successor-in-interest to NFL Properties, Inc.,<br>Defendants. | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**SPECIAL MASTER AFFIDAVIT**

Amy Kurland, being duly sworn, deposes and states as follows:

1. I understand that the Honorable Joshua D. Wolson (U.S.D.C., E.D. PA) intends to appoint me as a special master in the case of *In Re: National Football League Players Concussion Injury Litigation,* No. 2:12-md-02323-JDW.

2. I am submitting this Affidavit in accordance with Federal Rule of Civil Procedure 53(b)(3)(A).

3. I have familiarized myself with the issues and the Parties involved in the case.

4. I hereby confirm that I do not have a relationship to any of the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. Section 455.

Amy Kurland